## Coleman v. Brown, 90-520 LKK JFM
## Joint Statement Re Discovery Dispute

Plaintiffs move to compel responses to Requests for Production from Defendants' Experts Jacqueline M. Moore, Steve J. Martin, Joel A. Dvoskin, Charles M. Scott, M.D.

**Plaintiffs' Position.**  On Jan. 25, 2013, Plaintiffs served deposition notices with requests for documents and communications from the experts, including notes, invoices, and emails in 22 categories.  Galvan Decl. Exhs. A-D.  Defendants responded on February 8, 2013, and failed to produce any materials from the experts, but instead produced copies of the Attorney General's communications with the experts.  Galvan Dec. Exh. E.  After meeting and conferring, the parties reached an agreement for production of the entire file for each expert no later than 7 days before each experts' scheduled deposition.  The first two productions, however, have fallen far short of what is required.  Plaintiffs' counsel promptly informed Defendants' counsel that the production reflected no search of the experts' records for copies of emails and/or other communications, and that there were major gaps in the production of the experts' invoices.  Galvan Decl. Exhs. J-K.  The parties' completed a meet and confer on February 25, 2013.  Galvan Decl. Exh. L.  Defendants appear not to have asked their experts to search for and produce any of their discoverable email communications.  The only emails that appear to have been produced are those that the experts appear to have incidentally printed for their paper files.  Galvan Decl. ¶ 10.

Communications of this type are discoverable.  Plaintiffs are entitled to receive any communications that the expert made or received in forming the experts' opinions, including communications with each other, with third parties, and with the retaining attorneys.  *See In re Application of the Republic of Ecuador*, 280 F.R.D. 506, 516 (N.D. Cal. 2012), Fed. Rule. Civ. Proc. Rule 26(b)(4)(C).

This matter is urgent.  Dr. Moore, was already deposed on February 21, 2013.  The next two experts, Dr. Dvoskin and Mr. Martin, will be deposed on February 27 and 28, respectively.  The final expert, Dr. Scott, will be deposed on March 8, 2013.

The authority for producing documents in advance of the deposition is this court's order of Jan. 25, 2013, Docket No. 4306.  The searches that counsel directed belatedly on Feb. 12 should have been initiated when counsel received the Jan. 25, 2013 requests.  It is not proper to wait until Plaintiffs "are pushing hard" (McKinney Exh. 2) to start gathering documents.  That is why this motion is needed.

Plaintiffs request an order requiring that Defendants promptly and as soon as possible produce all emails and other communications responsive to Requests for Production Nos. 1-20, and all invoices and/or time records responsive to No. 22, for all four of the defendants' experts. (The parties have already resolved disputes regarding No. 21.)

[743594-1]

**Defendants' Position.** There is no dispute between the parties; Defendants have complied with their obligations under Federal Rule of Civil Procedure 26 and have produced the files of their non-party expert witnesses. Defendants produced the documents underlying the experts' reports to Plaintiffs in advance of the depositions, consistent with the parties' agreement. McKinney Decl., ¶ 2, Ex. 1 (1/12/13 D. Vorous letter.) Contrary to Plaintiffs' contentions, counsel for Defendants followed up and directly asked Drs. Dvoskin, Moore, and Scott, and Mr. Martin to gather both "invoices or any other time sheets" and "communications with the other experts or any Defendants." McKinney Decl., ¶ 3, Ex. 2 (2/12/13 P. McKinney Email). Plaintiffs' unsubstantiated claim that this request was "belated" is false. After directly requesting the categories of documents requested by Plaintiffs, Defendants produced Dr. Moore's file on February 15, 2013, Dr. Dvoskin's file on February 20, 2013, and Mr. Martin's file on February 21, 2013. *Id.* at ¶ 4 & Exs. 3-5. Counsel for Defendants intend to produce Dr. Scott's file on March 1, 2013 as agreed by the parties. *Id.* Defendants are continuing to work with their experts and will produce any additional responsive, non-privileged documents as soon as they are available. *Id.*

As of February 25, 2013, Defendants produced approximately 110,000 pages of discovery responsive to Plaintiffs' document requests attached to their expert deposition notices. McKinney Decl., ¶ 4 & Ex. 5. The production is thorough and more comprehensive than the standard practice for expert depositions where the expert simply brings his file to the deposition. Defendants have been more than cooperative in responding to Plaintiffs' requests despite Plaintiffs' misleading and unprofessional approach to the meet-and-confer process. *See, e.g.,* Galvan Decl., Exs. E & F.

Plaintiffs concede that the experts produced email correspondence (*see* Galvan Decl. ¶ 10), but complain that it is not enough. Plaintiffs' speculation about additional documents that might or might not be in a particular expert's file is a potential line of inquiry at the deposition, but is not the proper subject of a motion to compel. For example, Plaintiffs asked Dr. Moore about exchange of emails between the experts at her deposition, and she testified that she did not send draft reports or other substantive emails to the other experts. McKinney Decl., Ex. 6 at 140:3-141:5.

Plaintiffs cite no authority that would require a party to produce documents in advance of an expert deposition (other than a complete expert report, which Plaintiffs have had since 1/7/13). Plaintiffs cite the Court's January 25, 2013 order which does not speak to this issue; Defendants' responses to the deposition notices were timely served. There is no basis for this motion, as counsel for Defendants informed Plaintiffs' counsel during the purported meet-and-confer on February 25, 2013. McKinney Decl., ¶ 6, Ex. 7. There is also no basis for an order compelling Defendants to produce documents they have already produced or agree to produce. Indeed, even if the Court grants Plaintiffs' motion to compel, there is nothing more for Defendants to do. Plaintiffs are free to explore the documents produced by the experts, as well as any documents Plaintiffs think might exist, at the deposition.

[743594-1]