1  DONALD SPECTER – 083925
   STEVEN FAMA – 099641
2  ALISON HARDY – 135966
   SARA NORMAN – 189536
3  REBEKAH EVENSON – 207825
   PRISON LAW OFFICE
4  1917 Fifth Street
   Berkeley, California  94710-1916
5  Telephone:   (510) 280-2621

6  JON MICHAELSON – 083815
   JEFFREY L. BORNSTEIN – 099358
7  LINDA L. USOZ – 133749
   MEGAN CESARE-EASTMAN – 253845
   K&L GATES LLP
8  4 Embarcadero Center, Suite 1200
   San Francisco, California  94111-5994
   Telephone:   (415) 882-8200

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
LISA ELLS – 243657
ROSEN BIEN GALVAN &
GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California  94104-1823
Telephone:   (415) 433-6830

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
600 Harrison Street, Suite 120
San Francisco, California  94107-1389
Telephone:   (415) 864-8848

9

10  Attorneys for Plaintiffs

11

12          UNITED STATES DISTRICT COURTS

13          EASTERN DISTRICT OF CALIFORNIA

14     AND NORTHERN DISTRICT OF CALIFORNIA

15   UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

     PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

16  RALPH COLEMAN, et al.,

17          Plaintiffs,

18          v.

19  EDMUND G BROWN, JR., et al.,

20          Defendants.

21

22

23  MARCIANO PLATA, et al.,

          Plaintiffs,
24
          v.
25
26  EDMUND G. BROWN, JR., et al.,

27          Defendants.

28

Case No. Civ S 90-0520 LKK-JFM P

**THREE JUDGE COURT**

**DECLARATION OF ERNEST GALVAN IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM DEFENDANTS' EXPERT WITNESSES DR. JACQUELINE M. MOORE, DR. CHARLES SCOTT, DR. JOEL A. DVOSKIN, AND MR. STEVE J. MARTIN**

Judge:   Hon. Magistrate Judge Moulds

Case No. C01-1351 TEH

**THREE JUDGE COURT**

[741468-1]

DECLARATION OF MICHAEL W. BIEN IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE OF COURT TO TAKE THE DEPOSITION OF DR. JOHN BRIM

1   DONALD SPECTER – 083925
    STEVEN FAMA – 099641
2   PRISON LAW OFFICE
    1917 Fifth Street
3   Berkeley, California  94710-1916
    Telephone:   (510) 280-2621
4

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
LISA ELLS – 243657
AARON J. FISCHER – 247391
MARGOT MENDELSON – 268583
KRISTA STONE-MANISTA – 269083
ROSEN BIEN
GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California  94104-1823
Telephone:   (415) 433-6830

JON MICHAELSON – 083815
JEFFREY L. BORNSTEIN – 099358
LINDA L. USOZ – 133749
MEGAN CESARE-EASTMAN – 253845
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, California  94111-5994
Telephone:   (415) 882-8200

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California  94104-4244
Telephone:   (415) 864-8848

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| RALPH COLEMAN, et al., | Case No. Civ S 90-0520 LKK-JFM |
|---|---|
| Plaintiffs, | **DECLARATION OF ERNEST GALVAN IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM DEFENDANTS' EXPERT WITNESSES DR. JACQUELINE M. MOORE, DR. CHARLES SCOTT, DR. JOEL A. DVOSKIN, AND MR. STEVE J. MARTIN** |
| v. | |
| EDMUND G. BROWN, Jr., et al., | |
| Defendants. | |
| | Judge:   Hon. Magistrate Judge Moulds |

[741468-1]

I, Ernest Galvan, declare:

1. I am a an attorney admitted to practice in California, a member of the Bar of this Court and partner of the law firm, Rosen Bien Galvan & Grunfeld LLP, counsel of record for the Plaintiff Class. I have personal knowledge of the matters set forth herein, and if called as a witness I could competently so testify. I make this declaration in support of Plaintiffs' motion to compel production of documents from Defendants' expert witnesses Dr. Jacqueline M. Moore, Dr. Charles Scott, Dr. Joel A. Dvoskin, and Mr. Steve J. Martin.

2. Attached hereto as **Exhibits A-D** are true and correct copies of Plaintiffs' Notices of Deposition Requests for Production of Documents for Defendants' expert witnesses Dr. Charles Scott, Jacqueline M. Moore, Dr. Joel A. Dvoskin, and Mr. Steve J. Martin. My office served these on January 25, 2013, seeking responses within fourteen (14) days pursuant to this Court's order of January 25, 2013, and noticed the depositions for February 15 (Scott), 21 (Moore), 28 (Dvoskin and Martin).

3. Attached hereto as **Exhibit E** is a copy of a letter that I sent to Defendants' counsel on February 11, 2013, after reviewing their initial production of documents, and finding no material from the experts themselves.

4. Attached hereto as **Exhibit F** is a copy of letter I received from Defendants' counsel on February 12, 2013.

5. Attached hereto as **Exhibit G** is a copy of an email chain concluding on February 12, 2013 in which defense counsel agrees to a schedule for production of the expert files.

6. Attached hereto as **Exhibit H** is a February 13, 2013 letter from me to defense counsel regarding Defendants refusal to produce drafts shared between the experts.

7. Attached hereto as **Exhibit I** is a February 14, 2013 letter from defense counsel to me agreeing to product communications between the experts, including drafts other than drafts of their final report.

8. Attached hereto as **Exhibit J** is a February 23, 2013 email from my partner

1   Michael Bien, informing defense counsel regarding gaps in the production of invoices and

2   time records for Dr. Dvoskin.

3          9.      Attached hereto as **Exhibit K** is a February 24, 2013 email from my partner

4   Michael Bien, informing defense counsel of the absence of emails from the documents

5   produced on February 21, 2013 for Dr. Dvoskin's deposition.

6          10.     I have reviewed the documents produced by Defendants for Drs. Moore and

7   Dvoskin, specifically to search for documents responsive to our request for

8   communications among the expert group.  After a diligent search, I have located

9   approximately 15 printouts of emails or email fragments that in no way account for the

10  extensive 18-month period of work of these experts on their joint report.  These printouts

11  do not appear to reflect any search by the experts for responsive emails, but rather an

12  incidental set of emails that they may have printed out during the course of their work.

13         11.     Attached hereto as **Exhibit L** is an email chain between Mr. Bien and

14  defense counsel on February 25, 2013, in which Mr. Bien tries to determine whether

15  defense counsel asked their experts to search their emails for responsive files, and whether

16  they asked Dr. Dvoskin specifically to search for time records.  Defense counsel to this

17  date has not stated whether they have asked their experts to search for such materials, but

18  instead respond with the non-sequitir statement that their experts are not required to create

19  documents to respond to discovery.  (Plaintiffs are not asking them to create documents.)

20         I declare under penalty of perjury under the laws of the United States that the

21  foregoing is true and correct and that this declaration is executed in San Francisco,

22  California on February 26, 2013.

23

24                                          _____

25                                          Ernest Galvan

26

27

28

**EXHIBIT A**

DONALD SPECTER – 083925
STEVEN FAMA – 099641
ALISON HARDY – 135966
SARA NORMAN – 189536
REBEKAH EVENSON – 207825
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
LISA ELLS – 243657
AARON J. FISCHER – 247391
KRISTA STONE-MANISTA – 269083
MARGOT MENDELSON – 268583
ROSEN BIEN GALVAN &
GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
600 Harrison Street, Suite 120
San Francisco, California 94107-1389
Telephone: (415) 864-8848

WARREN E. GEORGE – 053588
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, California 94111-4067
Telephone: (415) 393-2000

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURTS

EASTERN DISTRICT OF CALIFORNIA

AND NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>Defendants. | Case No. Civ S 90-0520 LKK-JFM P<br><br>**THREE JUDGE COURT**<br><br>**PLAINTIFFS' NOTICE OF DEPOSITION OF DEFENDANTS' EXPERT WITNESS CHARLES L. SCOTT AND REQUEST FOR PRODUCTION OF DOCUMENTS** |
| MARCIANO PLATA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>Defendants. | Case No. C01-1351 TEH<br><br>**THREE JUDGE COURT** |

[713759-1]

1  DONALD SPECTER – 083925    MICHAEL W. BIEN – 096891
   STEVEN FAMA – 099641      ERNEST GALVAN – 196065
2  PRISON LAW OFFICE         JANE E. KAHN – 112239
   1917 Fifth Street            LISA ELLS – 243657
3  Berkeley, California  94710-1916  AARON J. FISCHER – 247391
   Telephone:   (510) 280-2621     KRISTA STONE-MANISTA – 269083
4                              MARGOT MENDELSON – 268583
                           ROSEN BIEN GALVAN &
5                             GRUNFELD LLP
                           315 Montgomery Street, Tenth Floor
6                             San Francisco, California  94104-1823
                           Telephone:   (415) 433-6830
7
8  CLAUDIA CENTER – 158255     WARREN E. GEORGE – 053588
   THE LEGAL AID SOCIETY –     BINGHAM McCUTCHEN LLP
9  EMPLOYMENT LAW CENTER   Three Embarcadero Center
   180 Montgomery Street, Suite 600  San Francisco, California  94111-4066
10 San Francisco, California  94104-4244 Telephone:   (415) 393-2000
   Telephone:   (415) 864-8848

11 Attorneys for Plaintiffs

12

13               UNITED STATES DISTRICT COURT

14              EASTERN DISTRICT OF CALIFORNIA

15

16 RALPH COLEMAN, et al.,       Case No. Civ S 90-0520 LKK-JFM

17        Plaintiffs,         **PLAINTIFFS' NOTICE OF
                            DEPOSITION OF DEFENDANTS'
18     v.                 EXPERT WITNESS CHARLES L.
                            SCOTT AND REQUEST FOR
19 EDMUND G. BROWN, Jr., et al.,    PRODUCTION OF DOCUMENTS**

20        Defendants.       Judge:   Lawrence K. Karlton

21

22

23

24

25

26

27

28

PLAINTIFFS' NOTICE OF DEPOSITION OF DEFENDANTS' EXPERT WITNESS CHARLES L. SCOTT AND
REQUEST FOR PRODUCTION OF DOCUMENTS

1  TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD

2         PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30 of the Federal Rules of

3  Civil Procedure, Plaintiffs, by their attorneys, will take the deposition of Defendant's

4  designated expert, Charles L. Scott, at 9:00 a.m. on March 8, 2013 at the law offices of

5  Rosen Bien Galvan & Grunfeld LLP, 315 Montgomery Street, Tenth Floor, San Francisco,

6  CA 94104.  Said deposition, if not completed on the specified date, will continue from

7  day-to-day, excluding Sundays and holidays, until such date as is necessary to complete

8  the deposition.  The deposition shall be recorded by stenographic means and may be

9  videotaped.  At the time of the oral deposition, Plaintiffs will tender reasonable expert

10 witness fees, which Defendants shall have identified prior to the time of deposition,

11 pursuant to Rule 26(b)(4)(C).

12        PLEASE TAKE FURTHER NOTICE that pursuant to the Court's January 25, 2013

13 order that responses to discovery requests propounded in connection with Defendants'

14 motion to terminate shall be served within fourteen (14) days of service of the request,

15 Dr. Scott is required to respond and to produce the documents described in the pages

16 attached hereto within fourteen (14) days of the date of service of this notice.  Documents

17 must be produced to the law offices of Rosen Bien Galvan & Grunfeld LLP, 315

18 Montgomery Street, Tenth Floor, San Francisco, CA 94104.

19        The discovery described herein shall relate to matters and proceedings before the

20 *Coleman*/*Plata* Three Judge Court and the *Coleman* Court.

21                          **DOCUMENT REQUESTS**

22 **I.    DEFINITION**

23        "DOCUMENTS" means all writings, whether fixed in a tangible medium or

24 electronically stored. "DOCUMENTS" includes but is not limited to, all of the following:

25 papers, correspondence, training manuals, forms, envelopes, memoranda, telegrams,

26 cables, notes, messages, reports, studies, press releases, policy statements, employee

27 manuals, comparisons, books, accounts, checks, audio and video recordings and

28 transcriptions thereof, pleadings, testimony, articles, bulletins, pamphlets, brochures,

magazines, questionnaires, surveys, charts, newspapers, calendars, desk calendars, pocket calendars, lists, logs, publications, notices, diagrams, instructions, diaries, minutes of meetings, orders, resolutions, agendas, memorials or notes of oral communications, whether by telephone or face-to-face, contracts, agreements, drafts of proposed contracts or agreements, memoranda of understanding, letters of intent, computer tapes, computer drives or memories, computer diskettes or disks, email, CDs, DVDs, BlackBerrys or other similar handheld devices used to send and receive electronic mail, instant messaging ("IM"), cell phones or any other tangible communication or information is recorded or reproduced together with all notations on any of the foregoing, all originals, file copies or other unique copies of the foregoing and all versions or drafts thereof, whether used or not.

## II.    DOCUMENTS REQUESTED

**DOCUMENT REQUEST 1:**

Produce the entire file containing all of your work produced, prepared, and/or created in forming your opinions in this matter, including and not limited to any DOCUMENTS that are or contain or refer to any notes, summaries, research materials, and reports.

**DOCUMENT REQUEST 2:**

Produce any and all DOCUMENTS that are or contain or refer to drafts of any reports prepared in this matter that were shared between you and other experts.

**DOCUMENT REQUEST 3:**

Produce any and all DOCUMENTS relating to any communication (*i.e.*, letters, handwritten notes of conversations, faxes, emails, text messages, etc.) between you and other experts relating to the preparation of your report in this matter.

**DOCUMENT REQUEST 4:**

Produce any and all DOCUMENTS that were provided to you by counsel for Defendants; agents of counsel for defendants; or defendants' attorneys and their agents, and that relate to your compensation, or that identify facts or data that were provided to you or that you considered in forming your opinions, or that identify assumptions that were

1  provided to you or that you relied on in forming your opinions.

2  **DOCUMENT REQUEST 5:**

3      Produce any and all DOCUMENTS containing any communications (*i.e.*, letters,

4  handwritten notes of conversations, faxes, emails, text messages, etc.) between you and

5  counsel for defendants; agents of counsel for defendants; or defendants' attorneys and their

6  agents that relate to your compensation, or that identify facts or data that were provided to

7  you or that you considered in forming your opinions, or that identify assumptions that were

8  provided to you or that you relied on in forming your opinions.

9  **DOCUMENT REQUEST 6:**

10     Produce any and all DOCUMENTS that were provided to you by any official,

11  employee, or agent of defendants or any California state agency or any other person related

12  to this litigation.

13  **DOCUMENT REQUEST 7:**

14     Produce any and all DOCUMENTS containing any communications (*i.e.*, letters,

15  handwritten notes of conversations, faxes, emails, text messages, etc.) between you and

16  any official, employee, or agent of defendants or any California state agency or any other

17  person related to this litigation.

18  **DOCUMENT REQUEST 8:**

19     Produce any and all DOCUMENTS, publications, reports, notes, or other items of

20  evidence which were reviewed, examined, considered, used or relied upon by you in

21  forming your expert opinions in this matter.

22  **DOCUMENT REQUEST 9:**

23     Produce any and all DOCUMENTS or other items of evidence reviewed but not

24  relied upon by you in forming any opinion in this matter.

25  **DOCUMENT REQUEST 10:**

26     Produce any and all DOCUMENTS or other items of evidence that demonstrate that

27  screening is routinely completed within a reasonable period of time and that California

28  Department of Corrections and Rehabilitation (CDCR) prisoners who are identified as

[713759-1]

1 | seriously mentally ill receive services at the appropriate level of care.

2 | **DOCUMENT REQUEST 11:**

3 |     Produce any and all DOCUMENTS or other items of evidence that demonstrate that

4 | an "extremely low number" of CDCR prisoners who require mental health services are

5 | unidentified or required a higher level of care.

6 | **DOCUMENT REQUEST 12:**

7 |     Produce any and all DOCUMENTS or other items of evidence that demonstrate that

8 | CDCR prisoners who require mental health services receive timely access to adequate

9 | care.

10 | **DOCUMENT REQUEST 13:**

11 |     Produce any and all DOCUMENTS or other items of evidence that demonstrate that

12 | there is adequate mental health staffing at CDCR institutions.

13 | **DOCUMENT REQUEST 14:**

14 |     Produce any and all DOCUMENTS or other items of evidence that demonstrate that

15 | CDCR's Suicide Prevention Program is effective in identifying, treating, and supervising

16 | prisoners at risk of suicide, or in preventing prisoner suicides.

17 | **DOCUMENT REQUEST 15:**

18 |     Produce any and all DOCUMENTS or other items of evidence that demonstrate

19 | CDCR's efforts to reduce the size of the Administrative Segregation Unit population,

20 | including among prisoners at the CCCMS or EOP levels of care.

21 | **DOCUMENT REQUEST 16:**

22 |     Produce any and all DOCUMENTS or other items of evidence that demonstrate that

23 | there is proper administration of psychotropic medication to mentally ill CDCR prisoners.

24 | **DOCUMENT REQUEST 17:**

25 |     Produce any and all DOCUMENTS or other items of evidence that demonstrate that

26 | CDCR maintains an adequate medical and mental health record system and has completed

27 | adequate staff training on such system.

28 |

[713759-1]

PLAINTIFFS' NOTICE OF DEPOSITION OF DEFENDANTS' EXPERT WITNESS CHARLES L. SCOTT AND
REQUEST FOR PRODUCTION OF DOCUMENTS

**DOCUMENT REQUEST 18:**

Produce any and all charts, graphs, exhibits, DOCUMENTS or other items of evidence you intend or may intend to use as demonstrative evidence if called to testify before the court on this matter.

**DOCUMENT REQUEST 19:**

Produce any and all reports, studies, publications, or other DOCUMENTS in your possession, custody, or control, which you authored or contributed to, that relate to the provision of mental health care in jails, prisons, and/or mental health facilities.

**DOCUMENT REQUEST 20:**

Produce any and all reports, studies, publications, or other DOCUMENTS in your possession, custody, or control, which you did not author or contribute to, that relate to the provision of mental health care in jails, prisons, and/or mental health facilities.

**DOCUMENT REQUEST 21:**

Produce any and all transcripts of any deposition or trial testimony you have given in any previous litigation that relates to the provision of mental health care in jails, prisons, and/or mental health facilities.

**DOCUMENT REQUEST 22:**

Produce any and all records that reflect your time and effort on this matter, including but not limited to invoices, hourly or daily charges, time sheets, and ledgers.


DATED:  January 25, 2013                ROSEN BIEN GALVAN & GRUNFELD LLP


By:  _Aaron J. Fischer_ _____
                                        Aaron J. Fischer

                                        Attorneys for Plaintiffs

**EXHIBIT B**

1   DONALD SPECTER – 083925            MICHAEL W. BIEN – 096891
    STEVEN FAMA – 099641              JANE E. KAHN – 112239
2   ALISON HARDY – 135966             ERNEST GALVAN – 196065
    SARA NORMAN – 189536              LISA ELLS – 243657
3   REBEKAH EVENSON – 207825          AARON J. FISCHER – 247391
    PRISON LAW OFFICE                 KRISTA STONE-MANISTA – 269083
4   1917 Fifth Street                 MARGOT MENDELSON – 268583
    Berkeley, California  94710-1916  ROSEN BIEN GALVAN &
5   Telephone:   (510) 280-2621       GRUNFELD LLP
                                      315 Montgomery Street, Tenth Floor
6                                     San Francisco, California  94104-1823
                                      Telephone:   (415) 433-6830
7   CLAUDIA CENTER – 158255           WARREN E. GEORGE – 053588
    THE LEGAL AID SOCIETY –           BINGHAM McCUTCHEN LLP
8   EMPLOYMENT LAW CENTER             Three Embarcadero Center
    600 Harrison Street, Suite 120    San Francisco, California  94111-4067
9   San Francisco, California  94107-1389   Telephone:   (415) 393-2000
    Telephone:   (415) 864-8848
10  Attorneys for Plaintiffs

11

12              UNITED STATES DISTRICT COURTS

13              EASTERN DISTRICT OF CALIFORNIA

14          AND NORTHERN DISTRICT OF CALIFORNIA

        UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
15        PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

16

17  RALPH COLEMAN, et al.,              Case No. Civ S 90-0520 LKK-JFM P

18          Plaintiffs,                 **THREE JUDGE COURT**

19      v.                              **PLAINTIFFS' NOTICE OF
                                        DEPOSITION OF DEFENDANTS'
    EDMUND G. BROWN, JR., et al.,       EXPERT WITNESS JACQUELINE M.
20                                      MOORE AND REQUEST FOR
            Defendants.                 PRODUCTION OF DOCUMENTS**
21

22

23  MARCIANO PLATA, et al.,            Case No. C01-1351 TEH

24          Plaintiffs,                **THREE JUDGE COURT**

25      v.

    EDMUND G. BROWN, JR., et al.,
26          Defendants.

27

28

[713758-1]

DONALD SPECTER – 083925
STEVEN FAMA – 099641
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone:   (510) 280-2621

MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
JANE E. KAHN – 112239
LISA ELLS – 243657
AARON J. FISCHER – 247391
KRISTA STONE-MANISTA – 269083
MARGOT MENDELSON – 268583
ROSEN BIEN GALVAN &
GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone:   (415) 433-6830

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California 94104-4244
Telephone:   (415) 864-8848

WARREN E. GEORGE – 053588
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, California 94111-4066
Telephone:   (415) 393-2000

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EDMUND G. BROWN, Jr., et al.,<br><br>Defendants. | Case No. Civ S 90-0520 LKK-JFM<br><br>**PLAINTIFFS' NOTICE OF DEPOSITION OF DEFENDANTS' EXPERT WITNESS JACQUELINE M. MOORE AND REQUEST FOR PRODUCTION OF DOCUMENTS**<br><br>Judge:   Lawrence K. Karlton |

[713758-1]

1   TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD

2        PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30 of the Federal Rules of

3   Civil Procedure, Plaintiffs, by their attorneys, will take the deposition of Defendant's

4   designated expert, Jacqueline M. Moore, at 9:00 a.m. on March 5, 2013 at the law offices

5   of Rosen Bien Galvan & Grunfeld LLP, 315 Montgomery Street, Tenth Floor, San

6   Francisco, CA 94104.  Said deposition, if not completed on the specified date, will

7   continue from day-to-day, excluding Sundays and holidays, until such date as is necessary

8   to complete the deposition.  The deposition shall be recorded by stenographic means and

9   may be videotaped.  At the time of the oral deposition, Plaintiffs will tender reasonable

10  expert witness fees, which Defendants shall have identified prior to the time of deposition,

11  pursuant to Rule 26(b)(4)(C).

12       PLEASE TAKE FURTHER NOTICE that pursuant to the Court's January 25, 2013

13  order that responses to discovery requests propounded in connection with Defendants'

14  motion to terminate shall be served within fourteen (14) days of service of the request,

15  Dr. Moore is required to respond and to produce the documents described in the pages

16  attached hereto within fourteen (14) days of the date of service of this notice.  Documents

17  must be produced to the law offices of Rosen Bien Galvan & Grunfeld LLP, 315

18  Montgomery Street, Tenth Floor, San Francisco, CA 94104.

19       The discovery described herein shall relate to matters and proceedings before the

20  *Coleman/Plata* Three Judge Court and the *Coleman* Court.

21                    **DOCUMENT REQUESTS**

22  **I.    DEFINITION**

23       "DOCUMENTS" means all writings, whether fixed in a tangible medium or

24  electronically stored.  "DOCUMENTS" includes but is not limited to, all of the following:

25  papers, correspondence, training manuals, forms, envelopes, memoranda, telegrams,

26  cables, notes, messages, reports, studies, press releases, policy statements, employee

27  manuals, comparisons, books, accounts, checks, audio and video recordings and

28  transcriptions thereof, pleadings, testimony, articles, bulletins, pamphlets, brochures,

1

magazines, questionnaires, surveys, charts, newspapers, calendars, desk calendars, pocket

calendars, lists, logs, publications, notices, diagrams, instructions, diaries, minutes of

meetings, orders, resolutions, agendas, memorials or notes of oral communications,

whether by telephone or face-to-face, contracts, agreements, drafts of proposed contracts

or agreements, memoranda of understanding, letters of intent, computer tapes, computer

drives or memories, computer diskettes or disks, email, CDs, DVDs, BlackBerrys or other

similar handheld devices used to send and receive electronic mail, instant messaging

("IM"), cell phones or any other tangible communication or information is recorded or

reproduced together with all notations on any of the foregoing, all originals, file copies or

other unique copies of the foregoing and all versions or drafts thereof, whether used or not.

## II.    DOCUMENTS REQUESTED

### DOCUMENT REQUEST 1:

Produce the entire file containing all of your work produced, prepared, and/or

created in forming your opinions in this matter, including and not limited to any

DOCUMENTS that are or contain or refer to any notes, summaries, research materials, and

reports.

### DOCUMENT REQUEST 2:

Produce any and all DOCUMENTS that are or contain or refer to drafts of any

reports prepared in this matter that were shared between you and other experts.

### DOCUMENT REQUEST 3:

Produce any and all DOCUMENTS relating to any communication (*i.e.*, letters,

handwritten notes of conversations, faxes, emails, text messages, etc.) between you and

other experts relating to the preparation of your report in this matter.

### DOCUMENT REQUEST 4:

Produce any and all DOCUMENTS that were provided to you by counsel for

Defendants; agents of counsel for defendants; or defendants' attorneys and their agents,

and that relate to your compensation, or that identify facts or data that were provided to

you or that you considered in forming your opinions, or that identify assumptions that were

1 | provided to you or that you relied on in forming your opinions.

2 | **DOCUMENT REQUEST 5:**

3 | Produce any and all DOCUMENTS containing any communications (*i.e.*, letters,

4 | handwritten notes of conversations, faxes, emails, text messages, etc.) between you and

5 | counsel for defendants; agents of counsel for defendants; or defendants' attorneys and their

6 | agents that relate to your compensation, or that identify facts or data that were provided to

7 | you or that you considered in forming your opinions, or that identify assumptions that were

8 | provided to you or that you relied on in forming your opinions.

9 | **DOCUMENT REQUEST 6:**

10 | Produce any and all DOCUMENTS that were provided to you by any official,

11 | employee, or agent of defendants or any California state agency or any other person related

12 | to this litigation.

13 | **DOCUMENT REQUEST 7:**

14 | Produce any and all DOCUMENTS containing any communications (*i.e.*, letters,

15 | handwritten notes of conversations, faxes, emails, text messages, etc.) between you and

16 | any official, employee, or agent of defendants or any California state agency or any other

17 | person related to this litigation.

18 | **DOCUMENT REQUEST 8:**

19 | Produce any and all DOCUMENTS, publications, reports, notes, or other items of

20 | evidence which were reviewed, examined, considered, used or relied upon by you in

21 | forming your expert opinions in this matter.

22 | **DOCUMENT REQUEST 9:**

23 | Produce any and all DOCUMENTS or other items of evidence reviewed but not

24 | relied upon by you in forming any opinion in this matter.

25 | **DOCUMENT REQUEST 10:**

26 | Produce any and all DOCUMENTS or other items of evidence that demonstrate that

27 | screening is routinely completed within a reasonable period of time and that California

28 | Department of Corrections and Rehabilitation (CDCR) prisoners who are identified as

[713758-1]

3

PLAINTIFFS' NOTICE OF DEPOSITION OF DEFENDANTS' EXPERT WITNESS JACQUELINE M. MOORE
AND REQUEST FOR PRODUCTION OF DOCUMENTS

1  seriously mentally ill receive services at the appropriate level of care.

2  **DOCUMENT REQUEST 11:**

3      Produce any and all DOCUMENTS or other items of evidence that demonstrate that

4  an "extremely low number" of CDCR prisoners who require mental health services are

5  unidentified or required a higher level of care.

6  **DOCUMENT REQUEST 12:**

7      Produce any and all DOCUMENTS or other items of evidence that demonstrate that

8  CDCR prisoners who require mental health services receive timely access to adequate

9  care.

10  **DOCUMENT REQUEST 13:**

11      Produce any and all DOCUMENTS or other items of evidence that demonstrate that

12  there is adequate mental health staffing at CDCR institutions.

13  **DOCUMENT REQUEST 14:**

14      Produce any and all DOCUMENTS or other items of evidence that demonstrate that

15  CDCR's Suicide Prevention Program is effective in identifying, treating, and supervising

16  prisoners at risk of suicide, and in preventing prisoner suicides.

17  **DOCUMENT REQUEST 15:**

18      Produce any and all DOCUMENTS or other items of evidence that demonstrate

19  CDCR's efforts to reduce the size of the Administrative Segregation Unit population,

20  including among prisoners at the CCCMS or EOP levels of care.

21  **DOCUMENT REQUEST 16:**

22      Produce any and all DOCUMENTS or other items of evidence that demonstrate that

23  there is proper administration of psychotropic medication to mentally ill CDCR prisoners.

24  **DOCUMENT REQUEST 17:**

25      Produce any and all DOCUMENTS or other items of evidence that demonstrate that

26  CDCR maintains an adequate medical and mental health record system and has completed

27  adequate staff training on such system.

28

[713758-1]

PLAINTIFFS' NOTICE OF DEPOSITION OF DEFENDANTS' EXPERT WITNESS JACQUELINE M. MOORE
AND REQUEST FOR PRODUCTION OF DOCUMENTS

1  **DOCUMENT REQUEST 18:**

2         Produce any and all charts, graphs, exhibits, DOCUMENTS or other items of

3  evidence you intend or may intend to use as demonstrative evidence if called to testify

4  before the court on this matter.

5  **DOCUMENT REQUEST 19:**

6         Produce any and all reports, studies, publications, or other DOCUMENTS in your

7  possession, custody, or control, which you authored or contributed to, that relate to the

8  provision of mental health care in jails, prisons, and/or mental health facilities.

9  **DOCUMENT REQUEST 20:**

10        Produce any and all reports, studies, publications, or other DOCUMENTS in your

11 possession, custody, or control, which you did not author or contribute to, that relate to the

12 provision of mental health care in jails, prisons, and/or mental health facilities.

13 **DOCUMENT REQUEST 21:**

14        Produce any and all transcripts of any deposition or trial testimony you have given

15 in any previous litigation that relates to the provision of mental health care in jails, prisons,

16 and/or mental health facilities.

17 **DOCUMENT REQUEST 22:**

18        Produce any and all records that reflect your time and effort on this matter,

19 including but not limited to invoices, hourly or daily charges, time sheets, and ledgers.

20

21 DATED:  January 25, 2013                    ROSEN BIEN GALVAN & GRUNFELD LLP

22

23                                       By:  *Aaron J. Fischer*

24                                            Aaron J. Fischer

25                                       Attorneys for Plaintiffs

26

27

28

**EXHIBIT C**

1    DONALD SPECTER – 083925
     STEVEN FAMA – 099641
2    ALISON HARDY – 135966
     SARA NORMAN – 189536
3    REBEKAH EVENSON – 207825
     PRISON LAW OFFICE
4    1917 Fifth Street
     Berkeley, California  94710-1916
5    Telephone:   (510) 280-2621

6

7    CLAUDIA CENTER – 158255
     THE LEGAL AID SOCIETY –
8    EMPLOYMENT LAW CENTER
     600 Harrison Street, Suite 120
9    San Francisco, California  94107-1389
     Telephone:   (415) 864-8848

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
LISA ELLS – 243657
AARON J. FISCHER – 247391
KRISTA STONE-MANISTA – 269083
MARGOT MENDELSON – 268583
ROSEN BIEN GALVAN &
GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California  94104-1823
Telephone:   (415) 433-6830

WARREN E. GEORGE – 053588
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, California  94111-4067
Telephone:   (415) 393-2000

10   Attorneys for Plaintiffs

11

12                  UNITED STATES DISTRICT COURTS

13                  EASTERN DISTRICT OF CALIFORNIA

14             AND NORTHERN DISTRICT OF CALIFORNIA

15      UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

16        PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

17   RALPH COLEMAN, et al.,              Case No. Civ S 90-0520 LKK-JFM P

18             Plaintiffs,              **THREE JUDGE COURT**

19        v.                           **PLAINTIFFS' NOTICE OF
                                       DEPOSITION OF DEFENDANTS'**
     EDMUND G. BROWN, JR., et al.,      **EXPERT WITNESS JOEL A.**
20                                      **DVOSKIN AND REQUEST FOR**
             Defendants.               **PRODUCTION OF DOCUMENTS**
21

22

23   MARCIANO PLATA, et al.,            Case No. C01-1351 TEH

24             Plaintiffs,             **THREE JUDGE COURT**

25        v.

     EDMUND G. BROWN, JR., et al.,
26             Defendants.

27

28

[711986-4]

DONALD SPECTER – 083925
STEVEN FAMA – 099641
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California  94710-1916
Telephone:   (510) 280-2621

MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
JANE E. KAHN – 112239
LISA ELLS – 243657
AARON J. FISCHER – 247391
KRISTA STONE-MANISTA – 269083
MARGOT MENDELSON – 268583
ROSEN BIEN GALVAN &
GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California  94104-1823
Telephone:   (415) 433-6830

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California  94104-4244
Telephone:   (415) 864-8848

WARREN E. GEORGE – 053588
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, California  94111-4066
Telephone:   (415) 393-2000

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>EDMUND G. BROWN, Jr., et al.,<br><br>    Defendants. | Case No. Civ S 90-0520 LKK-JFM<br><br>**PLAINTIFFS' NOTICE OF DEPOSITION OF DEFENDANTS' EXPERT WITNESS JOEL A. DVOSKIN AND REQUEST FOR PRODUCTION OF DOCUMENTS**<br><br>Judge:   Lawrence K. Karlton |

[711986-4]

1  TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD

2        PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30 of the Federal Rules of

3  Civil Procedure, Plaintiffs, by their attorneys, will take the deposition of Defendant's

4  designated expert, Joel A. Dvoskin, at 9:00 a.m. on February 27, 2013 at the law offices of

5  Rosen Bien Galvan & Grunfeld LLP, 315 Montgomery Street, Tenth Floor, San Francisco,

6  CA 94104.  Said deposition, if not completed on the specified date, will continue from

7  day-to-day, excluding Sundays and holidays, until such date as is necessary to complete

8  the deposition.  The deposition shall be recorded by stenographic means and may be

9  videotaped.  At the time of the oral deposition, Plaintiffs will tender reasonable expert

10 witness fees, which Defendants shall have identified prior to the time of deposition,

11 pursuant to Rule 26(b)(4)(C).

12       PLEASE TAKE FURTHER NOTICE that pursuant to the Court's January 25, 2013

13 order that responses to discovery requests propounded in connection with Defendants'

14 motion to terminate shall be served within fourteen (14) days of service of the request,

15 Dr. Dvoskin is required to respond and to produce the documents described in the pages

16 attached hereto within fourteen (14) days of the date of service of this notice.  Documents

17 must be produced to the law offices of Rosen Bien Galvan & Grunfeld LLP, 315

18 Montgomery Street, Tenth Floor, San Francisco, CA 94104.

19       The discovery described herein shall relate to matters and proceedings before the

20 *Coleman/Plata* Three Judge Court and the *Coleman* Court.

21                          **DOCUMENT REQUESTS**

22 **I.    DEFINITION**

23       "DOCUMENTS" means all writings, whether fixed in a tangible medium or

24 electronically stored.  "DOCUMENTS" includes but is not limited to, all of the following:

25 papers, correspondence, training manuals, forms, envelopes, memoranda, telegrams,

26 cables, notes, messages, reports, studies, press releases, policy statements, employee

27 manuals, comparisons, books, accounts, checks, audio and video recordings and

28 transcriptions thereof, pleadings, testimony, articles, bulletins, pamphlets, brochures,

[711986-4]

1

1  magazines, questionnaires, surveys, charts, newspapers, calendars, desk calendars, pocket

2  calendars, lists, logs, publications, notices, diagrams, instructions, diaries, minutes of

3  meetings, orders, resolutions, agendas, memorials or notes of oral communications,

4  whether by telephone or face-to-face, contracts, agreements, drafts of proposed contracts

5  or agreements, memoranda of understanding, letters of intent, computer tapes, computer

6  drives or memories, computer diskettes or disks, email, CDs, DVDs, BlackBerrys or other

7  similar handheld devices used to send and receive electronic mail, instant messaging

8  ("IM"), cell phones or any other tangible communication or information is recorded or

9  reproduced together with all notations on any of the foregoing, all originals, file copies or

10 other unique copies of the foregoing and all versions or drafts thereof, whether used or not.

## II.    DOCUMENTS REQUESTED

**<u>DOCUMENT REQUEST 1</u>:**

        Produce the entire file containing all of your work produced, prepared, and/or
created in forming your opinions in this matter, including and not limited to any
DOCUMENTS that are or contain or refer to any notes, summaries, research materials, and
reports.

**<u>DOCUMENT REQUEST 2</u>:**

        Produce any and all DOCUMENTS that are or contain or refer to drafts of any
reports prepared in this matter that were shared between you and other experts.

**<u>DOCUMENT REQUEST 3</u>:**

        Produce any and all DOCUMENTS relating to any communication (*i.e.*, letters,
handwritten notes of conversations, faxes, emails, text messages, etc.) between you and
other experts relating to the preparation of your report in this matter.

**<u>DOCUMENT REQUEST 4</u>:**

        Produce any and all DOCUMENTS that were provided to you by counsel for
Defendants; agents of counsel for defendants; or defendants' attorneys and their agents,
and that relate to your compensation, or that identify facts or data that were provided to
you or that you considered in forming your opinions, or that identify assumptions that were

1  provided to you or that you relied on in forming your opinions.

2  **DOCUMENT REQUEST 5:**

3      Produce any and all DOCUMENTS containing any communications (*i.e.*, letters,

4  handwritten notes of conversations, faxes, emails, text messages, etc.) between you and

5  counsel for defendants; agents of counsel for defendants; or defendants' attorneys and their

6  agents that relate to your compensation, or that identify facts or data that were provided to

7  you or that you considered in forming your opinions, or that identify assumptions that were

8  provided to you or that you relied on in forming your opinions.

9  **DOCUMENT REQUEST 6:**

10      Produce any and all DOCUMENTS that were provided to you by any official,

11  employee, or agent of defendants or any California state agency or any other person related

12  to this litigation.

13  **DOCUMENT REQUEST 7:**

14      Produce any and all DOCUMENTS containing any communications (*i.e.*, letters,

15  handwritten notes of conversations, faxes, emails, text messages, etc.) between you and

16  any official, employee, or agent of defendants or any California state agency or any other

17  person related to this litigation.

18  **DOCUMENT REQUEST 8:**

19      Produce any and all DOCUMENTS, publications, reports, notes, or other items of

20  evidence which were reviewed, examined, considered, used or relied upon by you in

21  forming your expert opinions in this matter.

22  **DOCUMENT REQUEST 9:**

23      Produce any and all DOCUMENTS or other items of evidence reviewed but not

24  relied upon by you in forming any opinion in this matter.

25  **DOCUMENT REQUEST 10:**

26      Produce any and all DOCUMENTS or other items of evidence that demonstrate that

27  screening is routinely completed within a reasonable period of time and that California

28  Department of Corrections and Rehabilitation (CDCR) prisoners who are identified as

1 seriously mentally ill receive services at the appropriate level of care.

2 **DOCUMENT REQUEST 11:**

3      Produce any and all DOCUMENTS or other items of evidence that demonstrate that

4 an "extremely low number" of CDCR prisoners who require mental health services are

5 unidentified or required a higher level of care.

6 **DOCUMENT REQUEST 12:**

7      Produce any and all DOCUMENTS or other items of evidence that demonstrate that

8 CDCR prisoners who require mental health services receive timely access to adequate

9 care.

10 **DOCUMENT REQUEST 13:**

11      Produce any and all DOCUMENTS or other items of evidence that demonstrate that

12 there is adequate mental health staffing at CDCR institutions.

13 **DOCUMENT REQUEST 14:**

14      Produce any and all DOCUMENTS or other items of evidence that demonstrate that

15 CDCR's Suicide Prevention Program is effective in identifying, treating, and supervising

16 prisoners at risk of suicide, or in preventing prisoner suicides.

17 **DOCUMENT REQUEST 15:**

18      Produce any and all DOCUMENTS or other items of evidence that demonstrate

19 CDCR's efforts to reduce the size of the Administrative Segregation Unit population,

20 including among prisoners at the CCCMS or EOP levels of care.

21 **DOCUMENT REQUEST 16:**

22      Produce any and all DOCUMENTS or other items of evidence that demonstrate that

23 there is proper administration of psychotropic medication to mentally ill CDCR prisoners.

24 **DOCUMENT REQUEST 17:**

25      Produce any and all DOCUMENTS or other items of evidence that demonstrate that

26 CDCR maintains an adequate medical and mental health record system and has completed

27 adequate staff training on such system.

28

**DOCUMENT REQUEST 18:**

Produce any and all charts, graphs, exhibits, DOCUMENTS or other items of evidence you intend or may intend to use as demonstrative evidence if called to testify before the court on this matter.

**DOCUMENT REQUEST 19:**

Produce any and all reports, studies, publications, or other DOCUMENTS in your possession, custody, or control, which you authored or contributed to, that relate to the provision of mental health care in jails, prisons, and/or mental health facilities.

**DOCUMENT REQUEST 20:**

Produce any and all reports, studies, publications, or other DOCUMENTS in your possession, custody, or control, which you did not author or contribute to, that relate to the provision of mental health care in jails, prisons, and/or mental health facilities.

**DOCUMENT REQUEST 21:**

Produce any and all transcripts of any deposition or trial testimony you have given in any previous litigation that relates to the provision of mental health care in jails, prisons, and/or mental health facilities.

**DOCUMENT REQUEST 22:**

Produce any and all records that reflect your time and effort on this matter, including but not limited to invoices, hourly or daily charges, time sheets, and ledgers.

DATED: January 25, 2013                ROSEN BIEN GALVAN & GRUNFELD LLP

By: *Aaron J. Fischer*
Aaron J. Fischer

Attorneys for Plaintiffs

[711986-4]

**EXHIBIT D**

1  DONALD SPECTER – 083925
   STEVEN FAMA – 099641
2  ALISON HARDY – 135966
   SARA NORMAN – 189536
3  REBEKAH EVENSON – 207825
   PRISON LAW OFFICE
4  1917 Fifth Street
   Berkeley, California  94710-1916
5  Telephone:  (510) 280-2621

6

   MICHAEL W. BIEN – 096891
   JANE E. KAHN – 112239
   ERNEST GALVAN – 196065
   LISA ELLS – 243657
   AARON J. FISCHER – 247391
   KRISTA STONE-MANISTA – 269083
   MARGOT MENDELSON – 268583
   ROSEN BIEN GALVAN &
   GRUNFELD LLP
   315 Montgomery Street, Tenth Floor
   San Francisco, California  94104-1823
   Telephone:  (415) 433-6830

7  CLAUDIA CENTER – 158255
   THE LEGAL AID SOCIETY –
8  EMPLOYMENT LAW CENTER
   600 Harrison Street, Suite 120
9  San Francisco, California  94107-1389
   Telephone:  (415) 864-8848

   WARREN E. GEORGE – 053588
   BINGHAM McCUTCHEN LLP
   Three Embarcadero Center
   San Francisco, California  94111-4067
   Telephone:  (415) 393-2000

10 Attorneys for Plaintiffs

11

12                  UNITED STATES DISTRICT COURTS

13                 EASTERN DISTRICT OF CALIFORNIA

14            AND NORTHERN DISTRICT OF CALIFORNIA

    UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

15      PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

16

| 17 | RALPH COLEMAN, et al., | Case No. Civ S 90-0520 LKK-JFM P |
|----|----|----|
| 18 | Plaintiffs, | **THREE JUDGE COURT** |
| 19 | v. | **PLAINTIFFS' NOTICE OF** |
| 20 | EDMUND G. BROWN, JR., et al., | **DEPOSITION OF DEFENDANTS'** |
|    | Defendants. | **EXPERT WITNESS STEVE J.** |
| 21 |  | **MARTIN AND REQUEST FOR** |
| 22 |  | **PRODUCTION OF DOCUMENTS** |
| 23 | MARCIANO PLATA, et al., | Case No. C01-1351 TEH |
| 24 | Plaintiffs, | **THREE JUDGE COURT** |
| 25 | v. |  |
| 26 | EDMUND G. BROWN, JR., et al., |  |
|    | Defendants. |  |

27

28

[717228-1]

---

PLAINTIFFS' NOTICE OF DEPOSITION OF DEFENDANTS' EXPERT WITNESS STEVE J. MARTIN AND
REQUEST FOR PRODUCTION OF DOCUMENTS

1  DONALD SPECTER – 083925
   STEVEN FAMA – 099641
2  PRISON LAW OFFICE
   1917 Fifth Street
3  Berkeley, California 94710-1916
   Telephone:   (510) 280-2621
4

5

6

7

8  CLAUDIA CENTER – 158255
   THE LEGAL AID SOCIETY –
9  EMPLOYMENT LAW CENTER
   180 Montgomery Street, Suite 600
10 San Francisco, California 94104-4244
   Telephone:   (415) 864-8848

MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
JANE E. KAHN – 112239
LISA ELLS – 243657
AARON J. FISCHER – 247391
KRISTA STONE-MANISTA – 269083
MARGOT MENDELSON – 268583
ROSEN BIEN GALVAN &
GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone:   (415) 433-6830

WARREN E. GEORGE – 053588
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, California 94111-4066
Telephone:   (415) 393-2000

11 Attorneys for Plaintiffs

12

13              UNITED STATES DISTRICT COURT

14              EASTERN DISTRICT OF CALIFORNIA

15

16 RALPH COLEMAN, et al.,

17            Plaintiffs,

18      v.

19 EDMUND G. BROWN, Jr., et al.,

20            Defendants.

Case No. Civ S 90-0520 LKK-JFM

**PLAINTIFFS' NOTICE OF
DEPOSITION OF DEFENDANTS'
EXPERT WITNESS STEVE J.
MARTIN AND REQUEST FOR
PRODUCTION OF DOCUMENTS**

Judge:   Lawrence K. Karlton

21

22

23

24

25

26

27

28

[717228-1]

1   TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD

2          PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30 of the Federal Rules of

3   Civil Procedure, Plaintiffs, by their attorneys, will take the deposition of Defendant's

4   designated expert, Steve J. Martin, at 9:00 a.m. on March 20, 2013 at the law offices of

5   Rosen Bien Galvan & Grunfeld LLP, 315 Montgomery Street, Tenth Floor, San Francisco,

6   CA 94104.  Said deposition, if not completed on the specified date, will continue from

7   day-to-day, excluding Sundays and holidays, until such date as is necessary to complete

8   the deposition.  The deposition shall be recorded by stenographic means and may be

9   videotaped.  At the time of the oral deposition, Plaintiffs will tender reasonable expert

10  witness fees, which Defendants shall have identified prior to the time of deposition,

11  pursuant to Rule 26(b)(4)(C).

12         PLEASE TAKE FURTHER NOTICE that pursuant to the Court's January 25, 2013

13  order that responses to discovery requests propounded in connection with Defendants'

14  motion to terminate shall be served within fourteen (14) days of service of the request,

15  Mr. Martin is required to respond and to produce the documents described in the pages

16  attached hereto within fourteen (14) days of the date of service of this notice.  Documents

17  must be produced to the law offices of Rosen Bien Galvan & Grunfeld LLP, 315

18  Montgomery Street, Tenth Floor, San Francisco, CA 94104.

19         The discovery described herein shall relate to matters and proceedings before the

20  *Coleman/Plata* Three Judge Court and the *Coleman* Court.

21                              **DOCUMENT REQUESTS**

22  **I.    DEFINITION**

23         "DOCUMENTS" means all writings, whether fixed in a tangible medium or

24  electronically stored.  "DOCUMENTS" includes but is not limited to, all of the following:

25  papers, correspondence, training manuals, forms, envelopes, memoranda, telegrams,

26  cables, notes, messages, reports, studies, press releases, policy statements, employee

27  manuals, comparisons, books, accounts, checks, audio and video recordings and

28  transcriptions thereof, pleadings, testimony, articles, bulletins, pamphlets, brochures,

1

magazines, questionnaires, surveys, charts, newspapers, calendars, desk calendars, pocket

calendars, lists, logs, publications, notices, diagrams, instructions, diaries, minutes of

meetings, orders, resolutions, agendas, memorials or notes of oral communications,

whether by telephone or face-to-face, contracts, agreements, drafts of proposed contracts

or agreements, memoranda of understanding, letters of intent, computer tapes, computer

drives or memories, computer diskettes or disks, email, CDs, DVDs, Blackberrys or other

similar handheld devices used to send and receive electronic mail, instant messaging

("IM"), cell phones or any other tangible communication or information is recorded or

reproduced together with all notations on any of the foregoing, all originals, file copies or

other unique copies of the foregoing and all versions or drafts thereof, whether used or not.

## II.    DOCUMENTS REQUESTED

**DOCUMENT REQUEST 1:**

Produce the entire file containing all of your work produced, prepared, and/or

created in forming your opinions in this matter, including and not limited to any

DOCUMENTS that are or contain or refer to any notes, summaries, research materials, and

reports.

**DOCUMENT REQUEST 2:**

Produce any and all DOCUMENTS that are or contain or refer to drafts of any

reports prepared in this matter that were shared between you and other experts.

**DOCUMENT REQUEST 3:**

Produce any and all DOCUMENTS relating to any communication (*i.e.*, letters,

handwritten notes of conversations, faxes, emails, text messages, etc.) between you and

other experts relating to the preparation of your report in this matter.

**DOCUMENT REQUEST 4:**

Produce any and all DOCUMENTS that were provided to you by counsel for

Defendants; agents of counsel for defendants; or defendants' attorneys and their agents,

and that relate to your compensation, or that identify facts or data that were provided to

you or that you considered in forming your opinions, or that identify assumptions that were

[717228-1]

1  provided to you or that you relied on in forming your opinions.

2  **DOCUMENT REQUEST 5:**

3      Produce any and all DOCUMENTS containing any communications (*i.e.*, letters,

4  handwritten notes of conversations, faxes, emails, text messages, etc.) between you and

5  counsel for defendants; agents of counsel for defendants; or defendants' attorneys and their

6  agents that relate to your compensation, or that identify facts or data that were provided to

7  you or that you considered in forming your opinions, or that identify assumptions that were

8  provided to you or that you relied on in forming your opinions.

9  **DOCUMENT REQUEST 6:**

10      Produce any and all DOCUMENTS that were provided to you by any official,

11  employee, or agent of defendants or any California state agency or any other person related

12  to this litigation.

13  **DOCUMENT REQUEST 7:**

14      Produce any and all DOCUMENTS containing any communications (*i.e.*, letters,

15  handwritten notes of conversations, faxes, emails, text messages, etc.) between you and

16  any official, employee, or agent of defendants or any California state agency or any other

17  person related to this litigation.

18  **DOCUMENT REQUEST 8:**

19      Produce any and all DOCUMENTS, publications, reports, notes, or other items of

20  evidence which were reviewed, examined, considered, used or relied upon by you in

21  forming your expert opinions in this matter.

22  **DOCUMENT REQUEST 9:**

23      Produce any and all DOCUMENTS or other items of evidence reviewed but not

24  relied upon by you in forming any opinion in this matter.

25  **DOCUMENT REQUEST 10:**

26      Produce any and all DOCUMENTS or other items of evidence that demonstrate that

27  screening is routinely completed within a reasonable period of time and that California

28  Department of Corrections and Rehabilitation (CDCR) prisoners who are identified as

3

1 | seriously mentally ill receive services at the appropriate level of care.

2 | **DOCUMENT REQUEST 11:**

3 |       Produce any and all DOCUMENTS or other items of evidence that demonstrate that

4 | an "extremely low number" of CDCR prisoners who require mental health services are

5 | unidentified or required a higher level of care.

6 | **DOCUMENT REQUEST 12:**

7 |       Produce any and all DOCUMENTS or other items of evidence that demonstrate that

8 | CDCR prisoners who require mental health services receive timely access to adequate

9 | care.

10 | **DOCUMENT REQUEST 13:**

11 |       Produce any and all DOCUMENTS or other items of evidence that demonstrate that

12 | there is adequate mental health staffing at CDCR institutions.

13 | **DOCUMENT REQUEST 14:**

14 |       Produce any and all DOCUMENTS or other items of evidence that demonstrate that

15 | CDCR's Suicide Prevention Program is effective in identifying, treating, and supervising

16 | prisoners at risk of suicide, or in preventing prisoner suicides.

17 | **DOCUMENT REQUEST 15:**

18 |       Produce any and all DOCUMENTS or other items of evidence that demonstrate

19 | CDCR's efforts to reduce the size of the Administrative Segregation Unit population,

20 | including among prisoners at the CCCMS or EOP levels of care.

21 | **DOCUMENT REQUEST 16:**

22 |       Produce any and all DOCUMENTS or other items of evidence that demonstrate that

23 | there is proper administration of psychotropic medication to mentally ill CDCR prisoners.

24 | **DOCUMENT REQUEST 17:**

25 |       Produce any and all DOCUMENTS or other items of evidence that demonstrate that

26 | CDCR maintains an adequate medical and mental health record system and has completed

27 | adequate staff training on such system.

28 |

[717228-1]

**DOCUMENT REQUEST 18:**

Produce any and all charts, graphs, exhibits, DOCUMENTS or other items of evidence you intend or may intend to use as demonstrative evidence if called to testify before the court on this matter.

**DOCUMENT REQUEST 19:**

Produce any and all reports, studies, publications, or other DOCUMENTS in your possession, custody, or control, which you authored or contributed to, that relate to the provision of mental health care in jails, prisons, and/or mental health facilities.

**DOCUMENT REQUEST 20:**

Produce any and all reports, studies, publications, or other DOCUMENTS in your possession, custody, or control, which you did not author or contribute to, that relate to the provision of mental health care in jails, prisons, and/or mental health facilities.

**DOCUMENT REQUEST 21:**

Produce any and all transcripts of any deposition or trial testimony you have given in any previous litigation that relates to the provision of mental health care in jails, prisons, and/or mental health facilities.

**DOCUMENT REQUEST 22:**

Produce any and all records that reflect your time and effort on this matter, including but not limited to invoices, hourly or daily charges, time sheets, and ledgers.

DATED:  January 25, 2013          ROSEN BIEN GALVAN & GRUNFELD LLP


By:  *Aaron J. Fischer*
     Aaron J. Fischer

     Attorneys for Plaintiffs

[717228-1]

**EXHIBIT E**



**ROSEN BIEN**
**GALVAN & GRUNFELD LLP**

315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
T: (415) 433-6830 ▪ F: (415) 433-7104
www.rbgg.com

Ernest Galvan
Email: egalvan@rbgg.com

February 11, 2013

Debbie J. Vorous                          Patrick R. McKinney
Deputy Attorney General                   Deputy Attorney General
P.O. Box 944255                           455 Golden Gate Avenue. Suite 11000
Sacramento, CA 94244-2550                 San Francisco, CA 94102-7004
Debbie.Vorous@doj.ca.gov                  E-mail: Patrick.McKinney@doj.ca.gov

> Re:   *Coleman v. Brown,* Discovery Responses Received Feb. 8, 2013
>       Our File No. 0498-3

Dear Ms. Vorous and Mr. McKinney:

This letter is to confirm and follow-up on my meet and confer with Mr. McKinney today regarding your responses to the Requests for Production of Documents from your expert consultants, Steve J. Martin, Joel A. Dvoskin, Charles L. Scott, M.D., and Jacqueline M. Moore, received on February 8, 2013.

The lack of production is very prejudicial to our ability to depose Dr. Scott. As a psychiatrist, Dr. Scott presumably focused on medication issues. Many of the scrambled printouts of spreadsheets discussed below appear to track medication issues. As produced they are completely unusable. You have breached our agreement that material be provided for Dr. Scott's deposition timely. You first stated it would be produced on February 6. Then it moved to February 8. Then it was produced in unusable form. We are no longer able therefore to accommodate Dr. Scott's preference for a February 15, 2013. Please inform us as soon as possible if his other available dates.

(1)     Lack of Production of Documents From The Experts

The documents requests were directed to the files of the expert consultants themselves. Preliminary review of your document production shows that there are no documents from the experts. Mr. McKinney confirmed on the telephone that you produced no documents from the expert's files, and would not say whether you even asked the experts to collect documents. Instead, Mr. McKinney states that you produced

Meet and Confer Letter
February 11, 2013
Page 2

documents from the email files of Mr. McKinney, Ms. Vorous, and another member of the Attorney General's office.

This is not responsive to our document production request. Preliminary review of the material shows that there are no notes made by the experts either from their thirteen prison tours, or from their extensive review of CDCR documents and data. In addition, production in this manner has made it all but impossible to determine which material in this undifferentiated pile pertains to which expert. While there may be some clues in the documents based on numerous cover emails interspersed with the documents, it would take far longer than the time available to make even a rough reconstruction of which material pertained to which expert.

The manner of production has aggravated this problem. Rather than producing the emails and attachments in the manner they are kept in the ordinary course of business under Rule 34(b)(2)(E)(i), you have produced them printed out to PDFs, with attachments sometimes adjoining and sometimes not. *See Covad Communications v. Revonet,* 254 F.R.D. 147 (D.D.C. 2008). Where the attachments are not adjoining, there is no information in this production to show which documents related to which emails, so that even if time were available to sort the emails by expert or topic, there is no way to tell which documents were attached to which emails, and thus sent to which experts, and with what cover email instructions.

I asked Mr. McKinney to remedy this problem by producing the emails as Outlook archive files (.pst files) so that email-attachment relationships would be preserved. Mr. McKinney informed me that this is impossible because the Attorney General's office only recently switched to Outlook, and used the Groupwise email system prior to Fall 2012. Mr. McKinney stated that the Groupwise software is no longer available, that the Groupwise email files are also no longer available. Mr. McKinney stated that the only available archive of emails consists of printouts that each individual attorney general may have made.

It is very surprising that the Attorney General's office would choose to destroy the electronic archive of emails with experts in the *Coleman* litigation. The Attorney General's office is certainly aware that this matter is in contested litigation, and should be aware of its duties to preserve evidence in usable form. It is apparent from the documents produced that members of the Attorney General's office were in charge of coordinating the work of CDCR's experts in this matter, and were the conduit of a tremendous amount of data to the experts. It is also apparent from the chronology that in Fall 2012, the Attorney General's office was busy preparing the contested motions for termination in this matter. It is shocking to learn that at the same moment the Attorney

Meet and Confer Letter
February 11, 2013
Page 3

General's office would choose to destroy the electronic format copies of the critical information provided to these experts, in complete disregard of the obligation to preserve such material for discovery.

      This destruction of emails by the Attorney General's office makes it all the more imperative that the discovery responses be collected directly from the experts. I presume that the expert consultants have not destroyed their email files, and can produce their correspondence with the Attorney General's office in usable electronic form. I asked Mr. McKinney whether any efforts have been made to gather material from the experts pursuant to our January 25, 2013 document requests. Mr. McKinney would not confirm that any such efforts have been made.

      (2)     Printouts of Excel Spreadsheets of MHTS.net Data

      Approximately 20,000 pages of the production consist of printouts from spreadsheets that are not formatted, and probably cannot be formatted, for printing, due to the width of the data. The result is that the data contained therein cannot be used, as the data makes no sense without adjacency of the columns. It is clear that these spreadsheets were never meant to be used in paper form, but were meant for the experts to review in a native spreadsheet program. Mr. McKinney confirmed that they were created in Excel. I asked that they be produced promptly in native form. Mr. McKinney refused, stating that Aaron Fischer of my office had agreed to non-native production. I checked with Mr. Fischer and confirmed that there is no such agreement. Excel spreadsheets must be produced in usable form. *Williams v. Sprint/United Management Co.,* 230 F.R.D. 640 (D. Kan. 2005).

      (3)     Transcripts of Prior Testimony  (Request No. 21 In All Four Sets)

      You have objected only, and stated that none will be produced on the grounds that such material is equally available to Plaintiffs. To the extent that any of the experts have such material in their possession, it is not equally available to us and must be produced.

      (4)     Invoices, Time Sheets, Ledgers (Request No. 22 in All Four Sets)

      We have diligently searched for these and found none. Even using the inadequate method of producing the attorneys' files instead of the experts, these should have been produced.

      As it was clear in the meet and confer with Mr. McKinney that there would be no movement on these issues, I have prepared Plaintiffs' half of a Joint Statement, for filing

Meet and Confer Letter
February 11, 2013
Page 4


first thing tomorrow morning.  Please provide me with your part of the Joint Statement as soon as possible.  In addition, please provide additional deposition dates for Dr. Scott.


                                        Sincerely,

                                        ROSEN BIEN
                                        GALVAN & GRUNFELD LLP

                                        */s/ Ernest Galvan*

                                By:  Ernest Galvan

EG:eg

**EXHIBIT F**

*KAMALA D. HARRIS*
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public: (415) 703-5500
Telephone: (415) 703-3035
Facsimile: (415) 703-5843
E-Mail: Patrick.McKinney@doj.ca.gov

February 12, 2013

*Via Email*

Ernest Galvan
Rosen Bien Galvan & Grunfeld LLP
315 Montgomery Street, 10th Floor
San Francisco, CA 94104

RE:   *Coleman v. Brown*, U.S.D.C., E.D. Cal., Case No. 2:90-cv-00520 LKK JFM PC

Mr. Galvan:

Defendants have fully cooperated with responding to the discovery propounded by Plaintiffs, and have produced the documents underlying the experts' reports, consistent with the parties' agreement. Your letter of February 11 mischaracterizes our brief discussion in numerous respects, and ignores the parties' agreement regarding expert discovery. Since Defendants have produced all documents underlying the experts' reports and have agreed to produce the experts' notes and invoices, there is no dispute.

Dr. Charles Scott remains available for deposition in Sacramento on February 15, which is the only date he is available in February. We are willing to request dates in March for Dr. Scott's deposition, but note that Plaintiffs have had the expert report since January 7, and all documents underlying the expert report since Friday, February 8, 2013. In light of Defendants' complete document production and the extensive materials provided to you every month, your claim of prejudice is unsupported, and should Plaintiffs choose not to depose Dr. Scott as scheduled, they do so at their own risk. We encourage you to engage in a meaningful meet-and-confer on these issues rather than the perfunctory, combative call and letter writing campaign of yesterday.

Defendants Produced All Documents Underlying The Expert Reports

As confirmed in the January 12, 2013 letter from Debbie Vorous to Michael Bien, to expedite discovery, the parties agreed to produce the documents that underlie the declarations and the experts' reports. Plaintiffs served their expert discovery requests on January 25, and Defendants produced the entire file consisting of nearly 102,000 pages in *14 days.*

The standard practice is for experts to produce documents at the deposition, and it is unusual for a party to receive notes or any other part of an expert's file in advance of a

February 12, 2013
Page 2

deposition.  In the spirit of cooperation, Defendants agreed to produce all of the factual information provided to the experts in advance of the depositions, although they were under no obligation to do so.  Your letter cites no authority to the contrary.  If you have any such authority, please provide it to us immediately so that we may consider it.

Moreover, because the vast majority of the documents were sent to all of the experts, as reflected in the transmittal emails, the parties agreed to produce these documents from the Attorney General's files.  These documents were produced as they were kept in the ordinary course of business.  While we believe it is self-evident based on the transmittals, if you would like assistance in determining which documents were provided to a particular expert, please let us know.

Plaintiffs Never Proposed a Particular Form of Document Production

Until I received your call yesterday, Plaintiffs never requested that documents be produced in a particular format or that Defendants produce native files of any type.  Your demands that files be produced in a "native" format implies that the parties are to provide each other computer access.  There is no logical or legal basis for such a "production," and absent agreement, there is no requirement that documents be produced in a particular format.  The case you cited in your letter, *Covad Communications v. Revonet*, 254 F.R.D. 147 (D.D.C. 2008), emphasized the need to discuss in advance the form of document production.  Plaintiffs failed to meet this requirement, and Defendants' production of documents in electronic format was reasonable.  It would have been equally reasonable for Defendants to produce paper copies of the responsive documents.  During our call, I did not refuse to produce anything, but did inform you that there was no agreement between the parties on this issue.  We are certainly willing to discuss producing the Excel spreadsheets in Excel format.  Although we do not see any need, Defendants also have no objection if Plaintiffs would like to retain a vendor to explore the time and expense associated with producing other types of documents in a particular format.

No Native Email Files Have Been Destroyed

Your assertion that the "electronic archive of emails" or other native files have been destroyed is baseless and inconsistent with our discussion.  All I told you was that there was no agreement between the parties to produce the documents in any particular format or to produce native files of any type.  When you requested Outlook PST files, I told you that there were no such files before the Fall of 2012 for the obvious reason that our office was not using Outlook.  This is not an issue in any event since Defendants have already produced the documents that underlie the experts' reports.

Defendants Have No Objection to Asking the Experts to Produce Transcripts of Prior Testimony

Although we did not discuss it, Defendants have no objection to requesting that the experts make available transcripts of prior testimony, to the extent they are in the possession of the expert and can be located after a reasonable search.

February 12, 2013
Page 3


<u>Defendants Have Agreed to Produce the Experts' Notes and Invoices</u>

     With respect to the experts' notes and invoices, Defendants have not refused to produce them.  Indeed, as I told you, those documents are being collected and will be produced.  If they are available, these documents will be produced before the deposition date.  Your statements to the contrary are again false.

     Defendants are under no obligation to produce documents in advance of an expert deposition, and your letter cites nothing to the contrary.  In short, Plaintiffs have been provided every document on which each expert relied to form his or her opinion and on each relied to prepare his or her expert report.  The document production to date is thorough and complete, and Defendants remain willing to discuss any issues you have with the production.  Accordingly, your request to approach the Court is premature.  Please contact me to discuss.

            Very truly yours,


            */s/ Patrick R. McKinney*


            PATRICK R. MCKINNEY
            Deputy Attorney General


     For    KAMALA D. HARRIS
            Attorney General


PRM:


cc:    Debbie J. Vorous

CF1997CS0003
20671128.docx

**EXHIBIT G**

**Ernest Galvan**

| | |
|---|---|
| **From:** | Patrick McKinney <Patrick.McKinney@doj.ca.gov> |
| **Sent:** | Tuesday, February 12, 2013 4:39 PM |
| **To:** | Ernest Galvan; Debbie Vorous |
| **Cc:** | Jay Russell; Coleman Team - RBG Only |
| **Subject:** | RE: Coleman--Meet and Confer Letter and Draft Plaintiffs Section of Joint Statement [IWOV-DMS.FID25914] |

We agree to the proposed schedule for production and depositions of Drs. Moore and Dvoskin and Mr. Martin, and will notify you if there is a reason why a document cannot be produced on this timeline.  We have also agreed to produce the Excel spreadsheets, and do not have a specific objection to similarly producing other types of documents, but ask that you identify documents Plaintiffs request to receive in a native format if a document is produced in some other format.

With respect to Dr. Scott's deposition, it is our position that there is no reason why this deposition should not go forward on Friday, particularly since Plaintiffs have had the report for more than a month.  Moreover, the negotiation regarding the production for the expert depositions is memorialized in Ms. Vorous' January 12 letter to Mr. Bien, and Defendants produced documents consistent with that agreement.  We also note that, at the time Dr. Scott's deposition was scheduled, counsel for Defendants informed Plaintiffs that February 15 was the only date in February Dr. Scott was available.  We are checking with Dr. Scott about his availability during the first week of March and will get back to you.

Patrick

---

**From:** Ernest Galvan [mailto:EGalvan@rbgg.com]
**Sent:** Tuesday, February 12, 2013 3:53 PM
**To:** Patrick McKinney; Debbie Vorous
**Cc:** Jay Russell; Coleman Team - RBG Only
**Subject:** RE: Coleman--Meet and Confer Letter and Draft Plaintiffs Section of Joint Statement [IWOV-DMS.FID25914]

Counsel:

Thank you for that clarification.  Based on your email below, I ask that you please confirm that you are agreeing to the following:

1. Production Schedule:
   a.  Moore, Depo Date 2/21; Produce No Later Than 2/15
   b.  Martin, Depo Date 2/28; Produce No Later Than 2/21
   c.  Dvoskin, Depo Date 2/29; Produce No Later Than 2/22
2. Production Format
   a.  Documents to be produced in usable form, for example, if experts received documents as spreadsheets, we will receive the active electronic spreadsheet just as the expert received it.

Regarding Dr. Scott, I cannot accept your proposal to send everything in his file other than the invoices tomorrow.  Please identify other dates for Dr. Scott.  Also, you keep repeating that Dr. Scott's deposition is in Sacramento.  It was noticed for my office, and we have not agreed to move it.  We may be open to having it in Sacramento if it is scheduled at a later date.  If that date has to be in the first week of March, we can approach the court for leave to take it out of time.

(For the record, we did not decide yesterday we wanted something different.  It is the January 25 requests a written that I am trying to enforce.)

Ernest Galvan

ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
egalvan@rbgg.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.
IRS CIRCULAR 230 NOTICE:  As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

**From:** Patrick McKinney [mailto:Patrick.McKinney@doj.ca.gov]
**Sent:** Tuesday, February 12, 2013 3:25 PM
**To:** Ernest Galvan; Debbie Vorous
**Cc:** Jay Russell; Coleman Team - RBG Only
**Subject:** RE: Coleman--Meet and Confer Letter and Draft Plaintiffs Section of Joint Statement [IWOV-DMS.FID25914]

We strongly disagree with your characterizations of the document production and this purported meet-and-confer.  Defendants produced all of the factual documents underlying the reports, which was consistent of our understanding of the parties' agreements until Plaintiffs decided they wanted something different yesterday.

Nevertheless, we have asked all of the experts to gather documents and provide them to us immediately so that we can produce them in advance of the depositions.  We note that your schedule calls for production of documents from Dr. Moore on Thursday.  She is in Colorado, and we intend to produce the documents as quickly as possible.  The proposed schedule should not be a problem for Mr. Martin and Dr. Dvoskin.

Your schedule does not address Dr. Scott's deposition.  Based on our agreements, and assuming that the invoices are produced today and other parts of the file tomorrow, we see no reason why this deposition should not go forward in Sacramento on Friday, February 15.

Please confirm this is the case, and that there is no present need for you to approach the Court with issues that are not ripe since the depositions have not yet occurred.  - Patrick

**From:** Ernest Galvan [mailto:EGalvan@rbgg.com]
**Sent:** Tuesday, February 12, 2013 2:57 PM
**To:** Patrick McKinney; Debbie Vorous
**Cc:** Jay Russell; Coleman Team - RBG Only
**Subject:** RE: Coleman--Meet and Confer Letter and Draft Plaintiffs Section of Joint Statement [IWOV-DMS.FID25914]

Counsel:

My part of the joint statement is completely changed to reflect what happened today in our meet and confer.  So a redline would show you that nearly every word is changed—not much use to that.  Attached is a version with a couple of typos corrected from what I sent you at 1:54.  I will send the exhibits shortly.

The reason I am moving quickly on this is that we have four expert depositions come up in very rapid sequence. I asked you at 12:01 to commit to a clear timeline for the rest of the expert productions, and I heard nothing. Having already lost this weekend and two days of this week addressing problems with your production, we simply cannot afford to keep messing around. We need a definite schedule either from you or from Judge Moulds.

I am meeting and conferring in good faith. However, you appear to want to just go around the bush forever on the same issues. My clients need me to focus on the merits. So let us get these procedural things done promptly among ourselves if possible, and submit disputes to the Court promptly. I'll ask again now: Do you commit to the schedule for production I sent in the email at 12:01 pm?

Ernest Galvan

ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
egalvan@rbgg.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.
IRS CIRCULAR 230 NOTICE: As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

**From:** Patrick McKinney [mailto:Patrick.McKinney@doj.ca.gov]
**Sent:** Tuesday, February 12, 2013 2:50 PM
**To:** Ernest Galvan; Debbie Vorous
**Cc:** Jay Russell; Coleman Team - RBG Only; Patrick McKinney
**Subject:** RE: Coleman--Meet and Confer Letter and Draft Plaintiffs Section of Joint Statement [IWOV-DMS.FID25914]

Mr. Galvan:

I don't understand why you are refusing to meet-and-confer in good faith, and instead insist on repeatedly threatening to prematurely file documents with the Court. As I have repeatedly told you, we are working on gathering the notes and other materials you requested, and will produce them as soon as they are available. For Dr. Scott, we will produce his invoices this afternoon and make a good faith effort to produce the remaining parts of his file tomorrow. We are also working on the Excel files, and will have them as soon as they are available, which will in all likelihood be tomorrow morning.

There continues to be no dispute with respect to these issues or any reason for you to delay Dr. Scott's deposition. But if you insist on prematurely running to the Court, please send me a redline of your joint statement so I can tell what you have changed. Please also provide the emails you propose to submit to the Court so we can make sure the record is complete.

Thanks, Patrick

**From:** Ernest Galvan [mailto:EGalvan@rbgg.com]
**Sent:** Tuesday, February 12, 2013 1:54 PM
**To:** Patrick McKinney; Debbie Vorous
**Cc:** Jay Russell; Coleman Team - RBG Only
**Subject:** RE: Coleman--Meet and Confer Letter and Draft Plaintiffs Section of Joint Statement [IWOV-DMS.FID25914]

Having heard nothing from you, I have revised the Joint Statement to ask Judge Moulds to order the proposed production schedule and to address Dr. Scott's deposition date. Please note in addition that Dr. Scott's deposition was noticed for San Francisco, not Sacramento. As we have told you consistently, we are only able to consider accommodating requests for a deposition in Sacramento if we have documents in time to prepare. If that issue is resolved, we can revisit location.

I will file this Joint Statement this afternoon. Please inform me if you have any changes to your part of the Statement.


Ernest Galvan

ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
egalvan@rbgg.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.
IRS CIRCULAR 230 NOTICE: As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

---

**From:** Ernest Galvan
**Sent:** Tuesday, February 12, 2013 12:01 PM
**To:** 'Patrick McKinney'; Debbie Vorous
**Cc:** Jay Russell; Coleman Team - RBG Only
**Subject:** RE: Coleman--Meet and Confer Letter and Draft Plaintiffs Section of Joint Statement [IWOV-DMS.FID25914]


Counsel:

It is simply not true that you have produced any part of Dr. Scott's file. Please identify even one single document that you have collected from Dr. Scott. You have not even confirmed that you have made any effort to collect material from Dr. Scott. Please confirm that you will secure Dr. Scott's file for production to us by end of business today.

All of this material for all four experts was due on February 8. It is incredible that on this short litigation schedule you would pettifog Judge Mould's order to allow yourself to hold documents back until the start of the deposition, when we have made every effort to give you timely notice of requests to produce under Judge Mould's order.

We can't let this become a problem for all of the expert deponents. Again, to narrow the issues for Judge Moulds, please confirm the following for each of the experts:

   (1)   Confirm that you have asked them to gather their files and sent them to you for production to us.
   (2)   Confirm that each expert's file will be produced to us at least 7 days before the deposition, as stated below:
        a.   Moore, Depo Date 2/21; Produce No Later Than 2/14
        b.   Martin, Depo Date 2/28; Produce No Later Than 2/21
        c.   Dvoskin, Depo Date 2/29; Produce No Later Than 2/22
   The no later than dates for production above are set at 7 days, consistent with Ms. Vorous representations in her 1/12/13 letter, and in Mr. Bien's confirming email of 1/13/13.


Ernest Galvan

ROSEN BIEN GALVAN & GRUNFELD LLP

315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
egalvan@rbgg.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.
IRS CIRCULAR 230 NOTICE:  As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

**From:** Patrick McKinney [mailto:Patrick.McKinney@doj.ca.gov]
**Sent:** Tuesday, February 12, 2013 11:03 AM
**To:** Ernest Galvan; Debbie Vorous
**Cc:** Jay Russell; Coleman Team - RBG Only; Patrick McKinney
**Subject:** RE: Coleman--Meet and Confer Letter and Draft Plaintiffs Section of Joint Statement [IWOV-DMS.FID25914]

Mr Galvan:

Your request is unreasonable and misstates the Court's order, which states: "Responses to discovery requests propounded in connection with defendants' motion to terminate this action shall be served within fourteen days of service of the request."  Defendants complied with the order in full when they served their responses to all of the deposition notices by hand on February 8.  To facilitate the depositions, and as the parties expressly agreed, Defendants also produced the documents underlying the expert reports.  This was not required by any order of the Court or any other authority.  Moreover, whatever agreements you may have made in the past in this litigation have no application now.

As previously stated, Defendants agree to produce the rest of Dr. Scott's file, and will make every effort to do so as soon as it is available.  Since Defendants will have produced more than everything you need to take an expert deposition including Dr. Scott's report, which has been in evidence since January 7, there is no basis for your threat to file a motion.  Dr. Scott remains available on Friday, February 15 in Sacramento, and you may choose to not go forward with Dr. Scott's deposition at your own risk.

Thanks, Patrick

**From:** Ernest Galvan [mailto:EGalvan@rbgg.com]
**Sent:** Tuesday, February 12, 2013 10:14 AM
**To:** Patrick McKinney; Debbie Vorous
**Cc:** Jay Russell; Coleman Team - RBG Only
**Subject:** RE: Coleman--Meet and Confer Letter and Draft Plaintiffs Section of Joint Statement [IWOV-DMS.FID25914]

Mr. McKinney:

Thank you for your letter.  You keep repeating that there is no authority for producing the documents we requested before the deposition.  The authority is Judge Mould's order, that says documents requests are to be responded to in 14 days.  We sent you a document request on January 25, 2013, that specifically referred to the 14-day order.  You did not produce the expert's files timely.  It is irrelevant whether your personal practice is to wait until the day of the deposition.  That has never been the practice in his litigation—where both parties have requested documents in advance of expert depositions, and produced them.

There was no agreement to excuse from producing the expert's file. And there is no burden to do so. You simply ask the expert for his file.

There is a simple way to way to preserve Dr. Scott's Feb. 15 deposition date. He is in Davis. Please tell him to take his file and send it to us so that it is in our office by 5 pm. If it is more convenient for you, I will send a messenger to pick it up. Please advise immediately whether you can do this, so that I can arrange the messenger to go to Davis. If you cannot confirm this by 11 am, then he will have to provide another date. If he cannot provide another date, then we will move to exclude his opinions, as you have not complied with discovery.

Ernest Galvan

ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
egalvan@rbgg.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.
IRS CIRCULAR 230 NOTICE:  As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

**From:** Patrick McKinney [mailto:Patrick.McKinney@doj.ca.gov]
**Sent:** Tuesday, February 12, 2013 9:50 AM
**To:** Ernest Galvan; Debbie Vorous
**Cc:** Jay Russell; Patrick McKinney
**Subject:** RE: Coleman--Meet and Confer Letter and Draft Plaintiffs Section of Joint Statement [IWOV-DMS.FID25914]

Mr. Galvan, please see the attached correspondence. As the letter states, we disagree that there is a legitimate dispute, or that any meet-and-confer was concluded or even started in good faith. Nevertheless, we have also attached Defendants' section of the Joint Statement (with the other attached exhibit) if Plaintiffs insist on prematurely approaching the Court.

Patrick

Patrick R. McKinney II
Deputy Attorney General
Direct: (415) 703-3035

**From:** Ernest Galvan [mailto:EGalvan@rbgg.com]
**Sent:** Monday, February 11, 2013 6:18 PM
**To:** Debbie Vorous; Patrick McKinney
**Cc:** Coleman Team - RBG Only
**Subject:** Coleman--Meet and Confer Letter and Draft Plaintiffs Section of Joint Statement [IWOV-DMS.FID25914]

Counsel—

Attached is a letter on the meet and confer that Mr. McKinney and I concluded today.  As there was no movement on the issue, and I have heard nothing since then, I have drafted Plaintiffs' position for a Joint Statement to file tomorrow  morning.  Please provide me with your section as soon as possible.


Ernest Galvan

ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
egalvan@rbgg.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.
IRS CIRCULAR 230 NOTICE:  As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.


CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**EXHIBIT H**



**ROSEN BIEN**
**GALVAN & GRUNFELD** LLP

315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
T: (415) 433-6830 ▪ F: (415) 433-7104
www.rbgg.com

Ernest Galvan
Direct Phone: (415) 296-2293
Email: egalvan@rbgg.com

February 13, 2013

<u>VIA ELECTRONIC MAIL ONLY</u>

Debbie J. Vorous                              Patrick R. McKinney
Deputy Attorney General                      Deputy Attorney General
P.O. Box 944255                              455 Golden Gate Avenue. Suite 11000
Sacramento, CA 94244-2550                    San Francisco, CA 94102-7004
Debbie.Vorous@doj.ca.gov                     E-mail: Patrick.McKinney@doj.ca.gov

> Re:    Coleman v. Brown
>        Response to Request for Documents No. 2 of Requests for Documents from
>        Dvoskin, Moore, Scott and Martin
>        <u>Our File No. 0489-3</u>

Dear Counsel:

This letter is to initiate a meet and confer regarding your response to Request No.
2 in the Requests for Documents from Drs. Dvoskin, Scott and Moore, and Mr. Martin,
served on January 25, 2013, and responded to on February 8, 2013. The request and your
response are reproduced below for reference.

### DOCUMENT REQUEST 2:

Produce any and all DOCUMENTS that are or contain or refer to drafts of
any reports prepared in this matter that were shared between you and other
experts.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Defendants incorporate by reference the above General Objections as
though fully stated in this response. Defendants also object to this request
on the grounds it seeks drafts of expert witness reports or disclosures which
are not discoverable under Rule 26(b)(4)(b) of the Federal Rules of Civil
Procedure. Defendants also object to this request to the extent it seeks

Meet and Confer Letter
February 13, 2013
Page 2

documents protected by the attorney-client privilege or attorney work product doctrine, or non-discoverable communications between Defendants' attorneys and expert witnesses under Rule 26(b)(4)(c) of the Federal Rules of Civil Procedure.

Your objection regarding attorney-expert communication is not well taken, as the request is for documents that were shared between the responding expert and the other experts, not communications between the attorneys to the experts. Please note when the experts communicate with each other, copying an attorney does not make the communication protected from discovery. *In re Application of the Republic of Ecuador,* 280 F.R.D. 506, 515 (N.D. Cal. 2012)

While drafts of the expert reports or disclosures required under Rule 26(a)(2) are protected from disclosure, that protection does not apply to the material sought here. Assuming for the sake of simplicity that the joint report of three experts, Drs. Dvoskin, Moore and Scott, that you filed with the Vorous Declaration (Docket No. 4275-5) is covered by Rule 26(a)(2), then the protection would apply only to drafts of that report. Your decision, however, to provide no separate report for each expert, but rather to have them sign one report has complicated matters.

Rule 26(b)(4) does not protect communications among your experts. As the Advisory Committee Notes to the 2010 amendments state: "[I]nquiry about communications the expert had with anyone other than the party's counsel about the opinions expressed is unaffected by the rule." *See also, In re Application of the Republic of Ecuador,* 280 F.R.D. 506, 516 (N.D. Cal. 2012). Documents in the experts' files that are notes or memoranda exchanged among them are not protected from disclosure. *Id.* at 513. In order to qualify for protection as draft reports, any material "must also be drafts of reports ultimately submitted" in this litigation. *Id.* at 514.

Our Request No. 2 is directed at drafts of any reports shared between the experts. In order to narrow any possible dispute regarding work product protection we can agree to exclude from production unless further discovery shows that we have a substantial need for it any document constituting a draft of the report you actually submitted in the litigation, Docket No. 4275-5. Drafts of any other reports or memoranda shared among your experts, however, should be produced.

We have a substantial need for such material because you have chosen to have three experts from three different disciplines sign one report. The report states broad overall opinions. We are entitled to discover the basis for these broad opinions, including information the experts received from the co-signers of the report.

Meet and Confer Letter
February 13, 2013
Page 3


In light of the foregoing, please collect from your experts and promptly produce all communications and drafts they shared amongst themselves, apart from the actual drafts of the report submitted as Docket No. 4275-5.  Please ensure that you include the individual separate reports that you directed them to prepare in your email of July 20, 2012, DEXP 00021-22, as well as the completed "audit tools" referred to in the same email.  Neither the separate reports nor the completed audit tools were submitted as part of the report at Docket No. 4275-5.  Therefore drafts of these documents are not covered by work product protection under Rule 26(b)(4).  *In re Application of the Republic of Ecuador,* 280 F.R.D. at 513-14.

Please produce this information on the schedule agreed upon during our meet and confer of February 12, 2013 for production of expert materials.



Sincerely,

ROSEN BIEN
GALVAN & GRUNFELD LLP

*/s/ Ernest Galvan*

By:  Ernest Galvan

EG:eg

**EXHIBIT I**



**KAMALA D. HARRIS**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public: (415) 703-5500
Telephone: (415) 703-3035
Facsimile: (415) 703-5843
E-Mail: Patrick.McKinney@doj.ca.gov

February 14, 2013

*Via Email*

Ernest Galvan, Esq.
Rosen Bien Galvan & Grunfeld LLP
315 Montgomery Street, 10th Floor
San Francisco, CA 94104

RE:    *Coleman v. Brown*, U.S.D.C., E.D. Cal., Case No. 2:90-cv-00520 LKK JFM PC

Dear Mr. Galvan:

We write to continue the meet-and-confer on three issues related to the upcoming expert depositions:

Deposition of Charles Scott

Dr. Scott is available for deposition on March 8 in Sacramento. Please advise immediately whether Plaintiffs still intend to take his deposition.

Plaintiffs' Requests for Transcripts

We asked the experts to collect and send to us their transcripts of prior testimony. Drs. Moore and Scott responded that they have no documents responsive to this request.

Dr. Dvoskin responded that he has voluminous documents responsive to this request, and it would be unduly burdensome to gather these documents because they are contained within individual case files located in a cold storage space. Dr. Dvoskin wants to be responsive to this request, and asks that Plaintiffs specifically identify by case any prior testimony that they believe they need. Accordingly, we ask Plaintiffs to immediately identify the testimony they believe they need by case name and number so that Dr. Dvoskin may attempt to gather and produce the transcripts.

Plaintiffs will of course be able to ask the deponents questions about their prior testimony at the depositions.

Ernest Galvan, Esq.
February 14, 2013
Page 2


<u>Plaintiffs' Request No. 2</u>

Thank you for your letter of February 13 requesting to meet-and-confer with respect to Plaintiffs' Request No. 2 in the Requests for Production directed to Drs. Dvoskin, Moore, and Scott, and Mr. Martin. Request No. 2, which seeks "any and all DOCUMENTS that are or contain <u>or refer</u> to drafts of any reports prepared in this matter that were shared between you and other experts," appears to request documents that would be protected by a number of applicable privileges.

Nevertheless, to the extent Plaintiffs are agreeing to narrow the request to "documents that were shared between the responding experts and the other experts," other than drafts of the final report, Defendants are not withholding documents on that basis. Again, Plaintiffs will have the opportunity to question the deponents about the July 20, 2012 email referred to in your February 13 letter and any other document that was shared—or Plaintiffs believe may have been shared—among the experts.

Very truly yours,

*/s/ Patrick R. McKinney*

PATRICK R. MCKINNEY
Deputy Attorney General

For    KAMALA D. HARRIS
Attorney General


PRM:

cc:    Debbie J. Vorous

CF1997CS0003
20671932.docx

**EXHIBIT J**

**Ernest Galvan**

| | |
|---|---|
| **From:** | Michael W. Bien <MBien@rbgg.com> |
| **Sent:** | Saturday, February 23, 2013 3:59 PM |
| **To:** | Patrick McKinney; Debbie Vorous |
| **Cc:** | Coleman Team - RBG Only |
| **Subject:** | Coleman Termination:  Dvoskin [IWOV-DMS.FID25914] |

Pat

Dexp 105114-117 are invoices.  They are clearly incomplete.  Work started in July 2011 and continued through the present.  These only cover 10-12/2011 and 2-5/2012.  So we are missing at least 3 months in 2011,  7 months in 2012 and 2 months in 2013.

Please promptly (Monday close of business)  produce additional invoices plus any other evidence of the numbers of hours worked by Dr. Dvoskin, as well as all payments, including for work in 2013.

Thanks!


Michael Bien

ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
mbien@rbgg.com
www.rbgg.com

CONFIDENTIALITY NOTICE The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.

IRS CIRCULAR 230 NOTICE:  As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

**EXHIBIT K**
1

**Ernest Galvan**

| | |
|---|---|
| **From:** | Michael W. Bien <MBien@rbgg.com> |
| **Sent:** | Sunday, February 24, 2013 2:08 PM |
| **To:** | Patrick McKinney; Debbie Vorous; Jay Russell |
| **Cc:** | Coleman Team - RBG Only; Bornstein, Jeffrey L. (Jeffrey.Bornstein@klgates.com); Michaelson, Jon; Cesare-Eastman, Megan F. |
| **Subject:** | Coleman Termination:  Dvoskin and Expert document productions [IWOV-DMS.FID25914] |
| **Importance:** | High |

In addition to the  missing invoices and billing records, it does not appear that Dr. Dvoskin complied with the request to search his own records for copies of emails and/or other communications concerning his work for Defendants.  The production of emails to date originated from the AG's office and not from Dr. Dvoskin, Dr. Scott,  Mr. Martin or Ms. Moore.

Please produce Dr. Dvoskin's own emails and communications, which are now late,  by Monday at 5 p.m.

Thank you.

Michael Bien

ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
mbien@rbgg.com
www.rbgg.com

CONFIDENTIALITY NOTICE The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.

IRS CIRCULAR 230 NOTICE:  As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

**EXHIBIT L**

**Ernest Galvan**

| | |
|---|---|
| **From:** | Michael W. Bien |
| **Sent:** | Monday, February 25, 2013 7:54 PM |
| **To:** | 'Patrick McKinney'; Debbie Vorous; Jay Russell |
| **Cc:** | Coleman Team - RBG Only; Bornstein, Jeffrey L. (jeffrey.bornstein@klgates.com); Michaelson, Jon |
| **Subject:** | RE: Coleman Termination:  Dvoskin and Expert document productions [IWOV-DMS.FID25914] |

Patrick

You have not asked for all communications they had with the AG, with CDCR officials, with other persons.  Nor is it clear from the production that they understood your request to include emails between them or with the AG, CDCR, etc.

My request for billing records and records of time worked may be complete from your office (I assume you have looked at given us what you have) but it is not complete from Dr. Dvoskin.  An expert is required to produce records of time worked on a case.  Do you assume that Dr. Dvoskin keeps no such records?

Michael Bien

ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
mbien@rbgg.com
www.rbgg.com

CONFIDENTIALITY NOTICE The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.

IRS CIRCULAR 230 NOTICE:  As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

**From:** Patrick McKinney [mailto:Patrick.McKinney@doj.ca.gov]
**Sent:** Monday, February 25, 2013 7:48 PM
**To:** Michael W. Bien; Debbie Vorous; Jay Russell
**Cc:** Coleman Team - RBG Only; Bornstein, Jeffrey L. (jeffrey.bornstein@klgates.com); Michaelson, Jon
**Subject:** RE: Coleman Termination: Dvoskin and Expert document productions [IWOV-DMS.FID25914]

Michael:

There is no issue to present to the Court.  What we made clear-both to you and more than 10 days ago to Mr. Galvan when he raised this identical issue-is that Defendants asked their experts to gather all documents exchanged between them, Defendants withheld no documents on that basis, and that Defendants produced the experts' files to Plaintiffs.

Moreover, we are aware of no obligation that would require us to instruct our experts to create documents to respond to a document request attached to an expert deposition notice.  If you have such authority, please present it to us so that

we may consider it.  Otherwise, Defendants' response remains that all documents responsive to your request for billing records have been produced.  During the deposition, you are free to inquire about Dr. Dvoskin's work on this matter, but we are not going to instruct any of our experts to generate a document that does not otherwise exist.

Patrick

---

**From:** Michael W. Bien [MBien@rbgg.com]
**Sent:** Monday, February 25, 2013 6:31 PM
**To:** Patrick McKinney; Debbie Vorous; Jay Russell
**Cc:** Coleman Team - RBG Only; Bornstein, Jeffrey L. (jeffrey.bornstein@klgates.com); Michaelson, Jon
**Subject:** RE: Coleman Termination: Dvoskin and Expert document productions [IWOV-DMS.FID25914]

Pat

You have made clear that defendants are refusing to have their experts search their own records for emails and other communications concerning their work for CDCR.  We will bring the issue to Judge Moulds as soon as possible.

I will repeat my point about missing time and billing records by copying my email of this afternoon again.  If you don't have any bill from Dr. Dvoskin for the missing time frames described below, Dr. Dvoskin is still obligated to produce his own time records and billing information.  He has not done so.

"We are still missing any records for Dr. Dvoskin's work for the following periods:  July 2011 to September 2011.  (If he worked for free, he still needs to produce his records).
Thank you for producing new documents showing statements and billing for the period from May through September 2012.  As you know, Dr. Dvoskin did substantial work including prison inspections and report writing in the period from October 2012 through January 2013.  He has even filed "comments" for defendants in February 2013.  Assuming that Dr. Dvoskin has not already billed you for this missing time, please ask him to prepare statements sufficient  to show his time worked and billing through December 31, 2012 and then be prepared to provide documents and a good estimate of his time and expenses in 2013.  DEXP 103091-103101 is a contract.  I am aware of that document, but thanks for pointing it out. "

The meet and confer is complete.  You can save the trouble of a motion by simply asking Dr. Dvoskin (and the other experts) to produce the missing information about the time they worked on the case, whether or not it has been billed, and to perform an appropriate search of their computer files for all communications with anyone concerning their work on this matter.


Michael Bien

ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
mbien@rbgg.com
www.rbgg.com

CONFIDENTIALITY NOTICE The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.

IRS CIRCULAR 230 NOTICE:  As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

**From:** Patrick McKinney [mailto:Patrick.McKinney@doj.ca.gov]
**Sent:** Monday, February 25, 2013 5:50 PM
**To:** Michael W. Bien; Debbie Vorous; Jay Russell
**Cc:** Coleman Team - RBG Only; Bornstein, Jeffrey L. (jeffrey.bornstein@klgates.com); Michaelson, Jon
**Subject:** RE: Coleman Termination: Dvoskin and Expert document productions [IWOV-DMS.FID25914]

Michael, please see the contract, which was referenced in my email below, before you start making false accusations.  Despite your comments, it appears you were not aware of the contract since it plainly states that work commenced on 9/1/11.

Defendants have complied with Rule 26 and have produced Dr. Dvoskin's file.  Attached is a copy of my February 14 letter which, contrary to what you say below, specifically addresses Plaintiffs' request for "documents that were shared between the responding experts and the other experts."
You are free to inquire about it at the deposition if you have questions about what he produced.  Moreover, Dr. Dvoskin is under no obligation to create documents in advance of the deposition, which is what you appear to suggest in your email.  Again, you are free to ask him about the details of his work, together with his bills, whether paid, due, or in the process of being created.

Patrick

**From:** Michael W. Bien [mailto:MBien@rbgg.com]
**Sent:** Monday, February 25, 2013 5:24 PM
**To:** Patrick McKinney; Debbie Vorous; Jay Russell
**Cc:** Coleman Team - RBG Only; Bornstein, Jeffrey L. (Jeffrey.Bornstein@klgates.com); Michaelson, Jon
**Subject:** RE: Coleman Termination: Dvoskin and Expert document productions [IWOV-DMS.FID25914]

Patrick

Your response is incorrect and demonstrates defendants' failure to comply with Rule 26 and your obligations to produce the experts' own documents, records, emails and notes.
Billing records, time spent and monies paid:

We are still missing any records for Dr. Dvoskin's work for the following periods:  July 2011 to September 2011.  (If he worked for free, he still needs to produce his records).
Thank you for producing new documents showing statements and billing for the period from May through September 2012.  As you know, Dr. Dvoskin did substantial work including prison inspections and report writing in the period from October 2012 through January 2013.  He has even filed "comments" for defendants in February 2013.  Assuming that Dr. Dvoskin has not already billed you for this missing time, please ask him to prepare statements sufficient  to show his time worked and billing through December 31, 2012 and then be prepared to provide documents and a good estimate of his time and expenses in 2013.  DEXP 103091-103101 is a contract.  I am aware of that document, but thanks for pointing it out.

Dr. Dvoskin's own records of communications and emails:

I don't understand your response.  The February 14th letter you reference does not say anything about the experts' searching for their own communications.
Have you asked Dr. Dvoskin or any of the experts to perform a search of their own emails?  None have been produced to date (only from the AG's office).  Dr. Dvoskin's communications are not privileged or work

product.  Your search will only result in communications with your office.  We are missing the experts' communications with each other, with other CDCR officials (Toche, Belavich, Beard, etc.) and with others they may have consulted with other than each other.  Please have these  searches performed now for all of the experts and produce the documents by tomorrow.  Include Ms. Moore.

Your game playing only further damages your experts' credibility.


Michael Bien

ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
mbien@rbgg.com
www.rbgg.com

CONFIDENTIALITY NOTICE The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.

IRS CIRCULAR 230 NOTICE:  As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

**From:** Patrick McKinney [mailto:Patrick.McKinney@doj.ca.gov]
**Sent:** Monday, February 25, 2013 3:46 PM
**To:** Michael W. Bien; Debbie Vorous; Jay Russell
**Subject:** RE: Coleman Termination: Dvoskin and Expert document productions [IWOV-DMS.FID25914]

Michael, we have reviewed your request below and in your email on Saturday.  Dr. Dvoskin has produced his file, and we disagree with your characterizations of the production.  Moreover, the issue raised in your Sunday email was addressed in my February 14 letter to Mr. Galvan.

With respect to your request for invoices, all invoices for work completed through May 4, 2012 were produced.  The production also includes other documents responsive to your request (for example, DEXP 103091-103101).  We reviewed our files and two invoices for work completed through September 30, 2012 were inadvertently not produced.  Those documents, which are Bates labeled DEXP 109520-109523, are attached.  We are not aware of any other documents that are responsive to this request.


Patrick

**From:** Michael W. Bien [mailto:MBien@rbgg.com]
**Sent:** Sunday, February 24, 2013 2:09 PM
**To:** Patrick McKinney; Debbie Vorous; Jay Russell
**Cc:** Coleman Team - RBG Only; Bornstein, Jeffrey L. (Jeffrey.Bornstein@klgates.com); Michaelson, Jon; Cesare-Eastman, Megan F.
**Subject:** Coleman Termination: Dvoskin and Expert document productions [IWOV-DMS.FID25914]
**Importance:** High

In addition to the  missing invoices and billing records, it does not appear that Dr. Dvoskin complied with the request to search his own records for copies of emails and/or other communications concerning his work for Defendants.  The production of emails to date originated from the AG's office and not from Dr. Dvoskin, Dr. Scott,  Mr. Martin or Ms. Moore.

Please produce Dr. Dvoskin's own emails and communications, which are now late,  by Monday at 5 p.m.

Thank you.


 **From:** Michael W. Bien
**Sent:** Saturday, February 23, 2013 3:59 PM
**To:** Patrick McKinney; Debbie Vorous
**Cc:** Coleman Team - RBG Only
**Subject:** Coleman Termination: Dvoskin [IWOV-DMS.FID25914]


Pat

Dexp 105114-117 are invoices.  They are clearly incomplete.  Work started in July 2011 and continued through the present.  These only cover 10-12/2011 and 2-5/2012.  So we are missing at least 3 months in 2011,  7 months in 2012 and 2 months in 2013.

Please promptly (Monday close of business)  produce additional invoices plus any other evidence of the numbers of hours worked by Dr. Dvoskin, as well as all payments, including for work in 2013.

Thanks!


Michael Bien

ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
mbien@rbgg.com
www.rbgg.com

CONFIDENTIALITY NOTICE The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.

IRS CIRCULAR 230 NOTICE:  As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.


Michael Bien

ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
(415) 433-6830 (telephone)

(415) 433-7104 (fax)
mbien@rbgg.com
www.rbgg.com

CONFIDENTIALITY NOTICE The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.

IRS CIRCULAR 230 NOTICE:  As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.