1 | KAMALA D. HARRIS
Attorney General of California
2 | JONATHAN L. WOLFF
Senior Assistant Attorney General
3 | JAY C. RUSSELL
Supervising Deputy Attorney General
4 | DEBBIE J. VOROUS, SBN 166884
PATRICK R. MCKINNEY, SBN 215227
5 | WILLIAM H. DOWNER, SBN 257644
Deputy Attorneys General
6 |  1300 I Street, Suite 125
P.O. Box 944255
7 | Sacramento, CA 94244-2550
Telephone: (415) 703-3035
8 | Fax: (916) 324-5205
E-mail: Patrick.McKinney@doj.ca.gov
9
*Attorneys for Defendants*

10

IN THE UNITED STATES DISTRICT COURT

11

FOR THE EASTERN DISTRICT OF CALIFORNIA

12

SACRAMENTO DIVISION

13

14

| | |
|---|---|
| 15  **RALPH COLEMAN, et al.,** | 2:90-cv-00520 LKK JFM PC |
| 16                                    Plaintiffs, | **DECLARATION OF PATRICK R. McKINNEY SUPPORTING OPPOSITION TO MOTION TO COMPEL DISCOVERY** |
| 17                v. | |
| 18  **EDMUND G. BROWN JR., et al.,** | |
| 19                                  Defendants. | |
| 20 | |

21

22

23

24

25

26

27

28

1

I, Patrick R. McKinney, declare as follows:

1.     I am a Deputy Attorney General with the Office of the Attorney General, attorneys of record for Defendants in this case, and I am licensed to practice in this Court. I have personal knowledge of the facts stated in this declaration and, if called to testify to those facts, could and would do so competently. I make this declaration in support of Defendants' Opposition to Plaintiffs' motion to compel discovery.

2.     Attached as Exhibit 1 is a true and correct copy of a January 12, 2013 letter from my colleague, Debbie Vorous to Michael Bien. This letter states the parties' agreement that Defendants would produce the documents that underlie the experts' reports.

3.     On February 14, 2013, I sent an email to Defendants' experts requesting that they immediately gather documents, including "Invoices or other time sheets" and "communications with the other experts or any Defendants." A true and correct copy of that email is attached as Exhibit 2.

4.     Defendants produced Dr. Moore's file on February 15, 2013, Dr. Dvoskin's file on February 20, 2013, and Mr. Martin's file on February 21, 2013. True and correct copies of the letters transmitting these documents to counsel for Plaintiffs are attached as Exhibits 3 through 5. As agreed to by the parties, counsel for Defendants intend to produce Dr. Scott's file on Friday, March 1, 2013. Defendants are also continuing to work with their experts and will produce any additional responsive, non-privileged documents as soon as they are available. As of February 25, 2013, Defendants produced approximately 110,000 pages of discovery responsive to Plaintiffs' document requests attached to their expert deposition notices. After receiving Plaintiffs' correspondence on February 25, Dr. Dvoskin reviewed his email messages. Defendants will produce additional responsive, non-privileged documents, if any, in advance of the deposition.

5.     Attached as Exhibit 6 is a true and correct copy of an excerpt from the transcript of the Deposition of Jacqueline Moore, RN, Ph.D, which was taken on February 21, 2013.

6.     Defendants are fully cooperating with Plaintiffs' requested expert discovery, and do not agree that there is a dispute between the parties. Attached as Exhibit 7 is a true and correct

2

1    copy of an email message I sent to Plaintiffs' counsel stating that there was no need to present a

2    motion to the Court on this issue.

3            I declare that the foregoing is true and correct.  Executed this 26th day of February, 2013,

4    at San Francisco, California.

5

6                                                            _/s/ Patrick R. McKinney_
                                                             Patrick R. McKinney
7                                                            Deputy Attorney General

8    CF1997CS0003

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Decl. Supp. Opp'n to Mot. to Compel  (2:90-cv-00520 LKK JFM PC)

**Exhibit 1**



*KAMALA D. HARRIS*
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*

1300 I STREET, SUITE 125
P.O. BOX 944255
SACRAMENTO, CA 94244-2550

Public:  (916) 445-9555
Telephone:  (916) 324-5345
Facsimile:  (916) 324-5205
E-Mail:  Debbie.Vorous@doj.ca.gov

January 12, 2013

VIA E-MAIL

Michael W. Bien, Esq.
Rosen Bien, Galvan & Grunfeld, LLP
315 Montgomery Street, 10th Floor
San Francisco, CA 94104

RE:    *Coleman v. Brown, et al.,*
       U.S. District Court, Eastern District of California, Case No. 2:90-cv-00520 LKK JFM P

Dear Michael:

    We have received and reviewed your January 9, 2013 letter relating to proposed discovery related to Defendants' motion to terminate under the Prison Litigation Reform Act. In your letter, you state Plaintiffs plan to begin expert site inspections, written discovery, and expert and fact witness discovery immediately, despite the Court's January 9, 2013 order requesting briefing on whether the Court is precluded by the three-judge court's population reduction order from hearing Defendants' motion to terminate this action. Defendants agree that appropriate discovery can start while the Court's decision is pending.

    To that end, Defendants agree to make available for deposition the declarants and experts who provided evidence in support of Defendants' motion to terminate. Defendants will also produce the documents that underlie the declarations and the experts' reports. Defendants will contact the experts and declarants to obtain available deposition dates. In addition, Defendants would consider a mutual agreement that, to the extent possible, all depositions of experts residing out of state occur in either Sacramento or San Francisco and that, to potentially reduce the actual deposition time, the parties make a good faith effort to produce the documents underlying the experts' preparation of their reports a week before the deposition date.

    Defendants object to the expert site inspections and other written discovery referenced in your letter. The discovery you have outlined would be unduly burdensome and time consuming. Moreover, it would be entirely unnecessary given the substantial amount of evidence that Defendants produce to Plaintiffs each month and the comprehensive monitoring conducted by the special master. Your depositions of our experts and declarants, together with the related document productions, special master reports, and extensive materials provided to you every

Michael Bien
January 12, 2013
Page 2

month will provide more than is needed to evaluate and respond to Defendants' motion. Nevertheless, we are open to discussing with you limited expert site inspections.

You also ask Defendants to agree to deadlines for commenting on the Special Master's Twenty-Fifth Round Monitoring Report and any other draft reports issued by the Special Master in the first six months of 2013. Specifically, you propose a deadline of January 16, 2013, for responding to the monitoring report and six days for any future reports. Defendants cannot submit their comments to the monitoring report by January 16, 2013, but are willing to further consider and discuss this request next week.

I suggest that we set a telephone conference to discuss scheduling the deposition dates. Thank you for your anticipated courtesy in coordinating this discovery. I look forward to hearing from you soon.

Sincerely,

/s/ Debbie J. Vorous

DEBBIE J. VOROUS
Deputy Attorney General

For    KAMALA D. HARRIS
Attorney General

DJV:

CF1997CS0003

**Exhibit 2**

**Patrick McKinney**

| | |
|---|---|
| **From:** | Patrick McKinney |
| **Sent:** | Tuesday, February 12, 2013 10:58 AM |
| **To:** | Joel Dvoskin; Steve Martin; Jacquelinemoore888@yahoo.com; 'Charles Scott'; 'David Spagnolo'; 'Jackie Moore' |
| **Cc:** | Debbie Vorous (Debbie.Vorous@doj.ca.gov) |
| **Subject:** | Coleman - Documents for Deposition |

I have been in contact with some of you already, but Plaintiffs are pushing hard to receive the following documents as soon as possible:

- All notes from the site visits and review of the documents.
- Invoices or other time sheets (we are also collecting)
- Communications with the other experts or any Defendants.
- Transcripts of prior testimony, to the extent they are in your possession and can be located after a reasonable search.

I know Steve is gathering up documents and sending them to me, and I would appreciate it if the rest of you would gather these documents and send to me as soon as you can (and in Dr. Scott's case, these should be brought to tomorrow's prep session unless they are ready now).

Please call me or Debbie if you have any questions.  Thanks

Patrick R. McKinney II
Deputy Attorney General
Direct: (415) 703-3035

1

**Exhibit 3**

KAMALA D. HARRIS
*Attorney General*



*State of California*
*DEPARTMENT OF JUSTICE*

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public: (415) 703-5500
Telephone: (415) 703-3035
Facsimile: (415) 703-5843
E-Mail: Patrick.McKinney@doj.ca.gov

February 15, 2013

*Via Hand Delivery*

Ernest Galvan, Esq.
Rosen Bien Galvan & Grunfeld LLP
315 Montgomery Street, 10th Floor
San Francisco, CA 94104

RE:    *Coleman v. Brown*, U.S.D.C., E.D. Cal., Case No. 2:90-cv-00520 LKK JFM PC

Dear Mr. Galvan:

Enclosed please find the following:

(1) Documents Bates labeled DEXP 102022 – DEXP 103090 responsive to Plaintiffs' requests for production of documents attached to Plaintiffs' Notice of Deposition of Jacqueline M. Moore.

(2) Defendants' Notice of Taking Deposition of Plaintiffs' Expert Witnesses and Request for Production of Documents.

Given the compressed timeframes for reviewing and producing these documents, Defendants may inadvertently produce items that contain privileged attorney-client communications or are non-responsive to your request. Defendants do not waive any privilege under law and reserve the right to object to the admissibility of any such document even if such documents are inadvertently produced. We ask that you also immediately return any item containing attorney-client communications or confidential personnel information.

Very truly yours,

PATRICK R. MCKINNEY
Deputy Attorney General

For    KAMALA D. HARRIS
Attorney General

cc:    Debbie J. Vorous

**Exhibit 4**



*KAMALA D. HARRIS*
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public: (415) 703-5500
Telephone: (415) 703-3035
Facsimile: (415) 703-5843
E-Mail: Patrick.McKinney@doj.ca.gov

February 20, 2013

*Via Hand Delivery*

Ernest Galvan, Esq.
Rosen Bien Galvan & Grunfeld LLP
315 Montgomery Street, 10th Floor
San Francisco, CA 94104

RE:  *Coleman v. Brown*, U.S.D.C., E.D. Cal., Case No. 2:90-cv-00520 LKK JFM PC

Dear Mr. Galvan:

      Enclosed please find a CD with Documents Bates labeled DEXP 103091 – DEXP 105117 responsive to Plaintiffs' requests for production of documents attached to Plaintiffs' Notice of Deposition of Joel A. Dvoskin.

      Given the compressed timeframes for reviewing and producing these documents, Defendants may inadvertently produce items that contain privileged attorney-client communications or are non-responsive to your request. Defendants do not waive any privilege under law and reserve the right to object to the admissibility of any such document even if such documents are inadvertently produced. We ask that you also immediately return any item containing attorney-client communications or confidential personnel information.

                      Very truly yours,

                      PATRICK R. MCKINNEY
                      Deputy Attorney General

           For    KAMALA D. HARRIS
                Attorney General

cc:    Debbie J. Vorous

CF1997CS0003
20672955.docx

## DECLARATION OF SERVICE BY MESSENGER

Case Name:   **Coleman v. Brown, et al.,**
No.:   **2:90-cv-00520 LKK JFM PC**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is: 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004.

On <u>February 20, 2013</u>, I caused the attached:

**Letter in response to Plaintiffs' Requests for Production of Documents
attached to Plaintiffs' Notice of Deposition of Joel A. Dvoskin
(CDs included with Documents Bates labeled DEXP 103091 – DEXP 105117)**

to be personally served by **ACE Attorney Service, Inc.** by placing a true copy thereof for delivery to the following person(s) at the address(es) as follows:

**Ernest Galvan, Esq.
Rosen Bien Galvan & Grunfeld LLP
315 Montgomery Street, 10th Floor
San Francisco, CA 94104**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on February 20, 2013, at San Francisco, California.

| L. Santos | |
| --- | --- |
| Declarant | Signature |

CF1997CS0003
20673217.doc

# Exhibit 5



**KAMALA D. HARRIS**
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public: (415) 703-5500
Telephone: (415) 703-3035
Facsimile: (415) 703-5843
E-Mail: Patrick.McKinney@doj.ca.gov

February 21, 2013

*Via Hand Delivery*

Ernest Galvan, Esq.
Rosen Bien Galvan & Grunfeld LLP
315 Montgomery Street, 10th Floor
San Francisco, CA 94104

RE:   *Coleman v. Brown*, U.S.D.C., E.D. Cal., Case No. 2:90-cv-00520 LKK JFM PC

Dear Mr. Galvan:

Enclosed please find a CD with Documents Bates labeled DEXP 105118 – DEXP 109519 responsive to Plaintiffs' requests for production of documents attached to Plaintiffs' Notice of Deposition of Steve J. Martin.

Given the compressed timeframes for reviewing and producing these documents, Defendants may inadvertently produce items that contain privileged attorney-client communications or are non-responsive to your request. Defendants do not waive any privilege under law and reserve the right to object to the admissibility of any such document even if such documents are inadvertently produced. We ask that you also immediately return any item containing attorney-client communications or confidential personnel information.

Very truly yours,

PATRICK R. MCKINNEY
Deputy Attorney General

For   KAMALA D. HARRIS
Attorney General

cc:   Debbie J. Vorous

CF1997CS0003
20673318.docx

## DECLARATION OF SERVICE BY MESSENGER

Case Name:   **Coleman v. Brown, et al.,**
No.:   **2:90-cv-00520 LKK JFM PC**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is: 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004.

On <u>February 21, 2013</u>, I caused the attached:

**Letter in response to Plaintiffs' Requests for Production of Documents attached to Plaintiffs' Notice of Deposition of Steve J. Martin**
(included CD with Bates No. DEXP 105118 – DEXP 109519)

to be personally served by **ACE Attorney Service, Inc.** by placing a true copy thereof for delivery to the following person at the address as follows:

**Ernest Galvan, Esq.**
**Rosen Bien Galvan & Grunfeld LLP**
**315 Montgomery Street, 10th Floor**
**San Francisco, CA 94104**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on February 21, 2013, at San Francisco, California.

|  |  |
|---|---|
| L. Santos | |
| Declarant | Signature |

CF1997CS0003
30673465.doc

**Exhibit 6**

Jacqueline Moore, R.N., Ph.D.                          February 21, 2013

Page 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA


RALPH COLEMAN, ET AL.,                    )
                                          )
                    Plaintiffs,           )
                                          ) CASE NO.:
             vs.                          ) S 90-0520 LKK-JFM
                                          )
EDMUND G. BROWN, JR., ET AL.,             )
                                          )
                    Defendants.           )
_____     )



DEPOSITION OF

JACQUELINE MOORE, RN, PH.D.

THURSDAY, FEBRUARY 21, 2013,  8:50 A.M.

SAN FRANCISCO, CALIFORNIA




REPORTED BY:  MEGAN F. ALVAREZ, RPR, CSR NO. 12470

THORSNES LITIGATION SERVICES, LLC

Jacqueline Moore, R.N., Ph.D.                                    February 21, 2013

1    A.  We did a sample of the institutions.  It was
2  never our intent to visit every single institution.
3    Q.  Did you ever ask to see any data from the
4  other institutions?
5    A.  No.
6    Q.  Prior to the final visits at CMC and SATF, you
7  had already made your conclusion that CDCR had not acted
8  with systemic deliberate indifference?
9    A.  I did, yes.
10    Q.  Did anybody go to Pelican Bay --
11    A.  Yes.
12    Q.  -- from the consultants team?
13    A.  Yes.
14    Q.  Who went?
15    A.  Joel Dvoskin.
16    Q.  Only Joel Dvoskin?
17    A.  Yes.
18    Q.  Was it your understanding that Dr. Dvoskin,
19  Dr. Scott had reached the same conclusion as to
20  constitutional care as of the August 21st meeting?
21    A.  Yes.
22    Q.  Did anyone ever question as to the necessity
23  of going to these other institutions?
24    A.  I'm not aware.  I don't recall.
25    Q.  Do you recall whose idea it was to go to the

Page 138

1  other institutions?
2    A.  No.  I'm sorry.  I don't.
3    Q.  Do you recall who was involved in that
4  meeting, that discussion?
5    A.  It would have been the consultants and
6  Patrick McKinney, but I don't recall the specific
7  conversation.  I just know we were going to go.  It was
8  a telephone call.
9    Q.  You -- incidentally, you said earlier that you
10  didn't draft any portion of the report, correct?
11    A.  I didn't write it.
12    Q.  Instead, you provided notes?
13    A.  I provided notes.  I provided exit notes.  I
14  provided notes that day.  I mean, I wrote notes.  I have
15  notes with me.
16    Q.  What did you provide to the other consultants
17  who did write the report?
18    A.  This is a summary of my notes.  I had written
19  a draft report, which I have not used.  I had that draft
20  report.  From that draft report, I had notes.
21    Since that time, I don't use that draft report
22  because there were errors in that draft report and I
23  threw it away.
24    Q.  What kind of errors were in the draft report?
25    A.  Sometimes I had facilities mixed up.

Page 139

1  Sometimes I had things on there about the cost of
2  medications or things that really weren't relevant.
3    Q.  Did you send those drafts to Dr. Dvoskin or
4  Dr. Scott?
5    A.  No.
6    Q.  No?
7    A.  No.  I just used it at that meeting.
8    Q.  So what -- how did Dr. Dvoskin and Dr. Scott
9  know what your findings were for the writing of this
10  report?
11    A.  They took notes at this meeting, they took
12  notes at the exit conferences, and verbally very
13  conferred with me.
14    Q.  Did you ever provide anything in writing to
15  them?
16    A.  Just e-mails that would say yes, this section
17  is good, or yes, I agree with this.
18    Q.  Did you send any memos or attachments with
19  your notes or with short sections?
20    A.  No.
21    Q.  Did they ever call you with follow-up
22  questions as to what you saw at the institutions?
23    A.  Joel may have once.
24    Q.  Did Dr. Scott ever call you with follow-up
25  questions?

Page 140

1    A.  No.
2    Q.  So they relied on your report at the
3  August 21st meeting and your comments during the exit
4  interviews?
5    A.  Correct.
6    Q.  I want to turn to page 16 of the joint report,
7  bottom of the page titled "Enhanced Outpatient Program."
8    Now, you looked at the enhanced outpatient
9  program in the course of your tours?
10    A.  Yes.
11    Q.  On page 17 at the bottom, subsection E,
12  there's a recommendation in the report that "CDCR should
13  continue to increase the quantity of groups that are
14  offered."
15    Do you agree with this opinion?
16    A.  Yes.
17    Q.  What was the basis for this recommendation?
18    A.  In not all facilities did they have the
19  adequate number of groups.
20    Q.  Do you recall what facilities there was not an
21  adequate number of groups?
22    A.  Not without going through my notes.
23    Q.  Do you recall about how many institutions you
24  found not having an adequate number of groups?
25    A.  No.

Page 141

36 (Pages 138 to 141)

# Exhibit 7

**Patrick McKinney**

| | |
|---|---|
| **From:** | Patrick McKinney |
| **Sent:** | Monday, February 25, 2013 7:48 PM |
| **To:** | Michael W. Bien; Debbie Vorous; Jay Russell |
| **Cc:** | Coleman Team - RBG Only; Bornstein, Jeffrey L. (jeffrey.bornstein@klgates.com); Michaelson, Jon |
| **Subject:** | RE: Coleman Termination: Dvoskin and Expert document productions [IWOV-DMS.FID25914] |

Michael:

There is no issue to present to the Court. What we made clear-both to you and more than 10 days ago to Mr. Galvan when he raised this identical issue-is that Defendants asked their experts to gather all documents exchanged between them, Defendants withheld no documents on that basis, and that Defendants produced the experts' files to Plaintiffs.

Moreover, we are aware of no obligation that would require us to instruct our experts to create documents to respond to a document request attached to an expert deposition notice. If you have such authority, please present it to us so that we may consider it. Otherwise, Defendants' response remains that all documents responsive to your request for billing records have been produced. During the deposition, you are free to inquire about Dr. Dvoskin's work on this matter, but we are not going to instruct any of our experts to generate a document that does not otherwise exist.

Patrick

---

**From:** Michael W. Bien [MBien@rbgg.com]
**Sent:** Monday, February 25, 2013 6:31 PM
**To:** Patrick McKinney; Debbie Vorous; Jay Russell
**Cc:** Coleman Team - RBG Only; Bornstein, Jeffrey L. (jeffrey.bornstein@klgates.com); Michaelson, Jon
**Subject:** RE: Coleman Termination: Dvoskin and Expert document productions [IWOV-DMS.FID25914]

Pat

You have made clear that defendants are refusing to have their experts search their own records for emails and other communications concerning their work for CDCR. We will bring the issue to Judge Moulds as soon as possible.

I will repeat my point about missing time and billing records by copying my email of this afternoon again. If you don't have any bill from Dr. Dvoskin for the missing time frames described below, Dr. Dvoskin is still obligated to produce his own time records and billing information. He has not done so.

"We are still missing any records for Dr. Dvoskin's work for the following periods: July 2011 to September 2011. (If he worked for free, he still needs to produce his records).
Thank you for producing new documents showing statements and billing for the period from May through September 2012. As you know, Dr. Dvoskin did substantial work including prison inspections and report writing in the period from October 2012 through January 2013. He has even filed "comments" for defendants in February 2013. Assuming that Dr. Dvoskin has not already billed you for this missing time, please ask him to prepare statements sufficient to show his time worked and billing through December 31, 2012 and then be prepared to provide documents and a good estimate of his time and expenses in 2013. DEXP 103091-103101 is a contract. I am aware of that document, but thanks for pointing it out. "

The meet and confer is complete. You can save the trouble of a motion by simply asking Dr. Dvoskin (and the other experts) to produce the missing information about the time they worked on the case, whether or not it has

been billed, and to perform an appropriate search of their computer files for all communications with anyone concerning their work on this matter.


Michael Bien

ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
mbien@rbgg.com
www.rbgg.com

CONFIDENTIALITY NOTICE The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.

IRS CIRCULAR 230 NOTICE: As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

---

**From:** Patrick McKinney [mailto:Patrick.McKinney@doj.ca.gov]
**Sent:** Monday, February 25, 2013 5:50 PM
**To:** Michael W. Bien; Debbie Vorous; Jay Russell
**Cc:** Coleman Team - RBG Only; Bornstein, Jeffrey L. (jeffrey.bornstein@klgates.com); Michaelson, Jon
**Subject:** RE: Coleman Termination: Dvoskin and Expert document productions [IWOV-DMS.FID25914]

Michael, please see the contract, which was referenced in my email below, before you start making false accusations. Despite your comments, it appears you were not aware of the contract since it plainly states that work commenced on 9/1/11.

Defendants have complied with Rule 26 and have produced Dr. Dvoskin's file. Attached is a copy of my February 14 letter which, contrary to what you say below, specifically addresses Plaintiffs' request for "documents that were shared between the responding experts and the other experts."
You are free to inquire about it at the deposition if you have questions about what he produced. Moreover, Dr. Dvoskin is under no obligation to create documents in advance of the deposition, which is what you appear to suggest in your email. Again, you are free to ask him about the details of his work, together with his bills, whether paid, due, or in the process of being created.

Patrick

---

**From:** Michael W. Bien [mailto:MBien@rbgg.com]
**Sent:** Monday, February 25, 2013 5:24 PM
**To:** Patrick McKinney; Debbie Vorous; Jay Russell
**Cc:** Coleman Team - RBG Only; Bornstein, Jeffrey L. (Jeffrey.Bornstein@klgates.com); Michaelson, Jon
**Subject:** RE: Coleman Termination: Dvoskin and Expert document productions [IWOV-DMS.FID25914]

Patrick

Your response is incorrect and demonstrates defendants' failure to comply with Rule 26 and your obligations to produce the experts' own documents, records, emails and notes.

2

Billing records, time spent and monies paid:

We are still missing any records for Dr. Dvoskin's work for the following periods: July 2011 to September 2011. (If he worked for free, he still needs to produce his records).
Thank you for producing new documents showing statements and billing for the period from May through September 2012. As you know, Dr. Dvoskin did substantial work including prison inspections and report writing in the period from October 2012 through January 2013. He has even filed "comments" for defendants in February 2013. Assuming that Dr. Dvoskin has not already billed you for this missing time, please ask him to prepare statements sufficient to show his time worked and billing through December 31, 2012 and then be prepared to provide documents and a good estimate of his time and expenses in 2013. DEXP 103091-103101 is a contract. I am aware of that document, but thanks for pointing it out.

Dr. Dvoskin's own records of communications and emails:

I don't understand your response. The February 14th letter you reference does not say anything about the experts' searching for their own communications.
Have you asked Dr. Dvoskin or any of the experts to perform a search of their own emails? None have been produced to date (only from the AG's office). Dr. Dvoskin's communications are not privileged or work product. Your search will only result in communications with your office. We are missing the experts' communications with each other, with other CDCR officials (Toche, Belavich, Beard, etc.) and with others they may have consulted with other than each other. Please have these searches performed now for all of the experts and produce the documents by tomorrow. Include Ms. Moore.

Your game playing only further damages your experts' credibility.


Michael Bien

ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
mbien@rbgg.com
www.rbgg.com

CONFIDENTIALITY NOTICE The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.

IRS CIRCULAR 230 NOTICE: As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

**From:** Patrick McKinney [mailto:Patrick.McKinney@doj.ca.gov]
**Sent:** Monday, February 25, 2013 3:46 PM
**To:** Michael W. Bien; Debbie Vorous; Jay Russell
**Subject:** RE: Coleman Termination: Dvoskin and Expert document productions [IWOV-DMS.FID25914]

Michael, we have reviewed your request below and in your email on Saturday. Dr. Dvoskin has produced his file, and we disagree with your characterizations of the production. Moreover, the issue raised in your Sunday email was addressed in my February 14 letter to Mr. Galvan.

With respect to your request for invoices, all invoices for work completed through May 4, 2012 were produced. The production also includes other documents responsive to your request (for example, DEXP 103091-103101). We reviewed our files and two invoices for work completed through September 30, 2012 were inadvertently not produced. Those documents, which are Bates labeled DEXP 109520-109523, are attached. We are not aware of any other documents that are responsive to this request.

Patrick

---

**From:** Michael W. Bien [mailto:MBien@rbgg.com]
**Sent:** Sunday, February 24, 2013 2:09 PM
**To:** Patrick McKinney; Debbie Vorous; Jay Russell
**Cc:** Coleman Team - RBG Only; Bornstein, Jeffrey L. (Jeffrey.Bornstein@klgates.com); Michaelson, Jon; Cesare-Eastman, Megan F.
**Subject:** Coleman Termination: Dvoskin and Expert document productions [IWOV-DMS.FID25914]
**Importance:** High

In addition to the missing invoices and billing records, it does not appear that Dr. Dvoskin complied with the request to search his own records for copies of emails and/or other communications concerning his work for Defendants. The production of emails to date originated from the AG's office and not from Dr. Dvoskin, Dr. Scott, Mr. Martin or Ms. Moore.

Please produce Dr. Dvoskin's own emails and communications, which are now late, by Monday at 5 p.m.

Thank you.

**From:** Michael W. Bien
**Sent:** Saturday, February 23, 2013 3:59 PM
**To:** Patrick McKinney; Debbie Vorous
**Cc:** Coleman Team - RBG Only
**Subject:** Coleman Termination: Dvoskin [IWOV-DMS.FID25914]

Pat

Dexp 105114-117 are invoices. They are clearly incomplete. Work started in July 2011 and continued through the present. These only cover 10-12/2011 and 2-5/2012. So we are missing at least 3 months in 2011, 7 months in 2012 and 2 months in 2013.

Please promptly (Monday close of business) produce additional invoices plus any other evidence of the numbers of hours worked by Dr. Dvoskin, as well as all payments, including for work in 2013.

Thanks!

Michael Bien

ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
mbien@rbgg.com
www.rbgg.com

4

CONFIDENTIALITY NOTICE The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.

IRS CIRCULAR 230 NOTICE: As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.


Michael Bien

ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
mbien@rbgg.com
www.rbgg.com

CONFIDENTIALITY NOTICE The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.

IRS CIRCULAR 230 NOTICE: As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.