**Coleman v. Brown, 90-520 LKK JFM**
**Joint Statement Re Discovery Dispute**

Plaintiffs move to compel production of Rules Violation Report (RVR) and Use of Force (UOF) documents and videos.

**Plaintiffs' Position.** Plaintiffs' expert, Eldon Vail, inspected CSP-Corcoran (COR) (2/19), Kern Valley State Prison (KVSP) (2/20), CSP-Los Angeles County (LAC) (2/22), and San Quentin (SQ) (2/26). In Plaintiffs' 2/1/13 Second Request for Inspection (the "Notice") (Fischer Decl. Ex. A) and pre-tour letters (Exs. B & C), Plaintiffs requested documents and videos. Defendants refused to copy, and in some cases even show, requested materials, and have to date produced no copies of those items. *See* Acharya & Cesare-Eastman Decls. The materials requested are of the type that Defendants' expert Steve J. Martin reviewed, both on tours and off-site. Plaintiffs seek an order directing Defendants to *immediately* produce materials requested in the Notice (*July 1, 2012 to the present*) and following the tours to allow Mr. Vail to timely complete his report. The issue is not whether the associate wardens prepared many documents for inspection. They did. The narrow issue concerns items that Defendants would not allow inspected or copied:

**RVR Reporting Data/Logs/Institutional Reports (Notice at 4, Items 7b & 7e)**: These materials were not provided to Mr. Vail at any tour. Defendants' counsel has refused to state whether such data would be produced. Fischer Decl. ¶¶ 7-9. Mr. Martin states in his report that he reviewed "facility RVR reporting data" for the 13 prisons he reviewed (Ex. D at 8-9).

**RVR Packets for Class Members (Notice at 4, Item 7d)**: Mr. Martin states that he reviewed "over 500 RVR packets" (Ex. D at 14). Mr. Vail was not permitted to view any RVR packets at 3 prisons, and just 9 RVR packets at the fourth (KVSP).

**UOF Packets/Videos (Notice at 4, Item 8c)**: Mr. Vail was permitted to review a limited number of UOF-related videos during his tours but could not complete his review in the time allowed and was not provided with all videos requested. At SQ, Defendants denied access to a UOF packet and video on the ground that the officer involved is being investigated for excessive UOF. This is no basis for denial of relevant materials. *See Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1991); *Thomas v. Beutler*, No. 2:10–cv–01300 MCE CKD P., 2012 WL 4845571, at *7 (E.D. Cal. Oct. 10, 2012); *see also* Dkt. No. 2833 (*Coleman* Protective Order). We are unaware of how many other UOF videos and packets were withheld on similar grounds. Defendants stated that 3 COR UOF videos may be produced (Ex. F at 2), but Plaintiffs have received no UOF materials to date. Mr. Martin reviewed over 300 UOF packets (Ex. D at 11).

**Weapon Use Tracking Data**: Based on Mr. Vail's LAC tour, Plaintiffs requested weapon use logs from units with class members, and relating to an officer who reportedly has used weapons with disturbing frequency against class members. *See* Ex. E at 2. Defendants have to date produced no such logs. Mr. Martin, in his deposition, stated that he reviewed data tracking officers' use of weapons, including block guns, at each prison he reviewed. Cesare-Eastman Decl. ¶ 10. Defendants have not produced the limited set of similar data requested by Plaintiffs.

**Other Documents Requested**: As early as possible after the tours, Plaintiffs told Defendants what was missing from their production, and what was needed from the tours (*see* Ex. E), as consistent with the parties' practice on Plaintiffs' previous tours. Fischer Decl. ¶ 11. Defendants have not produced them or committed to a date certain for production. *Id.* ¶ 8, Ex. F.

[748061-2]

**Defendants' Position.**

Defendants have made all documents that were or could have been reviewed by their experts equally available for review by Plaintiffs and their experts. And Defendants have complied with their obligations under Federal Rules of Civil Procedure 26 and 34. On February 19, 20, 22, and 26, 2013, Plaintiffs inspected Corcoran State Prison, Kern Valley State Prison, and CSP Los Angeles and San Quentin. (Decls. Blanco, Curzon, Johnson and Miguel ¶ 2.) During these inspections, Defendants made available all responsive, nonprivileged materials available to Plaintiffs, consistent with Plaintiffs' Second Request for Inspection. (*Id.* at ¶ 3.) Plaintiffs' accusations that Defendants were uncooperative during these inspections are vague and misleading. Their motion must be denied.

Plaintiffs misstate their own inspection request by insisting that they are entitled to a separate production of all materials that they asked to have *made available* for inspection. (Exhibit 1, Defendants' Second Request for Inspection, at 3:28 & 4:19.) Under Plaintiffs' own terms, Defendants were never asked, and had no obligation, to separately assemble and produce these items after the tour ended. (*Id.*) Defendants fully discharged their obligations under Federal Rules 26 and 34 by having all responsive documents ready and available for inspection on the appointed day. (Decls. Blanco, Curzon, Johnson and Miguel ¶¶ 4-6.) Moreover, all of Plaintiffs' copy requests made during the inspections that are responsive and nonprivileged are being produced to Plaintiffs. (Downer Decl. ¶¶ 3-5.) To date, Defendants have produced nearly 6000 pages of documents in connection with all of Plaintiffs's site inspections, approximately 150 pages in connection with the Corcoran and Kern Valley site inspections, and anticipate producing hundreds of pages more. (*Id.* at ¶ 3-4.) Plaintiffs requested *no* documents during the tour at CSP Los Angeles. (*Id.* at ¶ 6.)

RVR Reporting Data/Logs/Institutional Reports
All materials responsive to this request were made available for inspection during every site inspection. (Decls. of Blanco, Curzon, Johnson and Miguel ¶¶ 3-6.) Defendants should not be penalized for Plaintiffs' failure to affirmatively request them during the day they were present at the institution. They had the same opportunity to review all documents that Steve Martin accessed, in addition to the thousands of pages of documents produced in conjunction with Mr. Martin's deposition. (Downer Decl. ¶ 7.) And while Mr. Martin viewed some videos documenting use of force during inspections, he received no copies to review outside. (*Id.* at ¶ 8.)

RVR Packets for Class Members and UOF Packets/Videos
These documents were also made available during the course of the site inspection. (Decls. of Blanco, Curzon, Johnson and Miguel. ¶¶ 3-6.) Plaintiffs chose to not review and request copies when they had a full day at each institution with numerous staff available to assist them. Defendants are also reviewing all UOF videos to ensure that privacy concerns are not violated if relevant, non-privileged materials are produced.

Other Documents including weapons use tracking data
Plaintiffs now demand "weapons use tracking data" from LAC after the tour concluded. This request was never in their inspection notice. (*See generally,* Exhibit 1.) Defendants should not have to produce documents that were not the subject of a request for production of documents made under Rule 34.

[748061-2]