DONALD SPECTER – 083925
STEVEN FAMA – 099641
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

JON MICHAELSON – 083815
JEFFREY L. BORNSTEIN – 099358
LINDA L. USOZ – 133749
MEGAN CESARE-EASTMAN – 253845
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, California 94111-5994
Telephone: (415) 882-8200

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
LISA ELLS – 243657
AARON J. FISCHER – 247391
MARGOT MENDELSON – 268583
KRISTA STONE-MANISTA – 269083
ROSEN BIEN
GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California 94104-4244
Telephone: (415) 864-8848

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EDMUND G. BROWN, Jr., et al.,<br><br>Defendants. | Case No. Civ S 90-0520 LKK-JFM<br><br>**DECLARATION OF MEGAN CESARE-EASTMAN IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF RULE VIOLATION REPORT AND USE OF FORCE MATERIALS** |

[747248-4]

I, Megan Cesare-Eastman, declare:

1. I am an attorney licensed to practice law before all courts in the State of California, and the United States District Court for the Eastern District of California. I am an attorney at K&L Gates LLP in its San Francisco, California office and I, along with other attorneys at K&L Gates LLP and Rosen Bien Galvan & Grunfeld LLP, am an attorney of record for the Plaintiff Class. I make this declaration in support of Plaintiffs' Motion to Compel Production of Rule Violation Report (RVR) and Use of Force (UOF) Documents.

2. I attended Plaintiffs' expert tours of CSP-Corcoran (COR) on February 19, 2013; CSP-Los Angeles County (LAC) on February 22, 2013; and San Quentin State Prison (SQ) on February 26, 2013. While on those tours, there were a number of requests for additional information made, as several documents that had been requested by Plaintiffs in the February 1, 2013 Request for Inspection were missing or incomplete.

3. At the COR tour on February 19, 2013, Defendants provided us with only 10 Use of Force reports, selected by the UOF coordinator, and did not provide Plaintiffs' expert, Eldon Vail, with certain reports that Plaintiffs specifically requested during the tour. We were not provided with any RVR packets. Defendants denied our request for copies of certain RVR and Use of Force materials while we were at the institution. We were not allowed to take copies of Use of Force packets or videos with us, and have not been provided with any requested materials since the tour. Mr. Vail was permitted to view three Use of Force videos, although we were told that more videos from the requested timeframe existed. To date, we have not received copies of any of the Use of Force videos we requested.

4. At the LAC tour on February 22, 2013, we were given a box of Use of Force final reports, but were not given any Use of Force packets, including the underlying documents such as the initial reports, witness statements, and review documents. We were not provided any RVR packets. Defendants denied our request for copies of certain RVR and Use of Force materials while we were at the institution. We were not allowed to take

[747248-4]

1

DECLARATION OF MEGAN CESARE-EASTMAN IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF RULE VIOLATION REPORT AND USE OF FORCE MATERIALS

copies of Use of Force videos with us, and have not been provided with any requested materials since the tour.

5. At the SQ tour on February 26, 2013, we were given approximately 20 RVR packets, at least five of which were duplicates of the same report. These 20 (or 15) packets did not include all of the packets/reports that we requested. We were provided only 4 of the UOF packets we requested. We were not provided any RVR packets. Defendants denied our request for copies of certain RVR and Use of Force materials while we were at the institution. We were not allowed to take copies of Use of Force videos with us, and have not been provided with any requested materials since the tour.

6. During the San Quentin tour, Defendants refused to provide several Use of Force videos and incident packets we requested. We were told that some Use of Force videos and incident packets would not be provided because they had not been reviewed. Defendants' counsel informed me that the videos and incident packets for one case, incident SQP-006-12-11-0276, would not be provided to Plaintiffs because the officer involved is being investigated for using excessive force on prisoners.

7. I am unaware of how many total Use of Force videos and packets were withheld at each of our tours on the ground that officer(s) involved in a Use of Force incident were being investigated for excessive Use of Force against class members or other prisoners.

8. These documents requested by Plaintiffs are clearly within the scope of Plaintiff's Second Request for Inspection, and should have been made available pursuant to the letters sent on February 12 and February 20, 2013. The documents are essential for Plaintiffs' experts to assess the findings of Defendants' expert Steve J. Martin and the claims to Defendants' pleadings, including whether Defendants' reporting and practice as to the disciplinary process and Use of Force are consistent with Defendants' stated policies.

9. The RVR packets and Use of Force packets and videos that have been requested contain complex materials that require time to meaningfully analyze. Mr. Vail

1 could not possibly have reviewed all requested videos and RVR packets on-site during 2 each tour, *even if* Defendants had provided him with access to all such requested materials, 3 which they did not.

4     10.    I attended the deposition of Steve J. Martin at the offices of K&L Gates LLP 5 on February 28, 2013. During his deposition, Mr. Martin stated that he was provided, and 6 analyzed, data maintained by Defendants that track officers' use of weapons, including 7 block guns, at individual institutions.

8     I declare under penalty of perjury under the laws of the United States that the 9 foregoing is true and correct and that this declaration is executed in San Francisco, 10 California on February 28, 2013.

_____
Megan Cesare-Eastman

[747248-4]

3
DECLARATION OF MEGAN CESARE-EASTMAN IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF RULE VIOLATION REPORT AND USE OF FORCE MATERIALS