KAMALA D. HARRIS
Attorney General of California
JAY C. RUSSELL
Supervising Deputy Attorney General
DEBBIE J. VOROUS, State Bar No. 166884
PATRICK R. MCKINNEY, State Bar No. 215228
WILLIAM H. DOWNER, State Bar No. 257644
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone:  (916) 324-2445
 Fax:  (916) 322-5205
 E-mail:  William.Downer@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**EDMUND G. BROWN JR., et al.,**<br><br>Defendants. | 2:90-cv-00520 LKK JFM PC<br><br>**DECLARATION OF WILLIAM DOWNER** |

I, William H. Downer, declare:

1.  I am Deputy Attorney General assigned to represent Defendants in this matter.

2.  I attended the site inspections at California State Prison, Corcoran and Kern Valley State Prison.

3.  I have been managing the production of all documents that Plaintiffs have requested in conjunction with Plaintiffs' site inspections conducted following Defendants' termination motion and I am aware of the number of pages of documents that Defendants have produced to Plaintiffs in connection with the site inspections.

1

Declaration in Support of Joint Discovery Dispute Statement. (2:90-cv-00520 LKK JFM PC)

1    4. To date, I have personally managed the production of nearly 6,000 documents in

2    connection with all of Plaintiffs' site inspections.  Defendants have produced at least 150 pages of

3    documents in connection with the Corcoran and Kern Valley State Prison site inspections.  I have

4    recently (in the last day) received numerous other documents from prisons at Kern Valley,

5    Corcoran, and San Quentin, and anticipate that Defendants will produce hundreds more pages of

6    site inspection-related documents from these institutions to Plaintiffs by March 1, 2013.

7    5. It is my practice to produce all responsive items that I receive from the site inspections

8    that have occurred statewide.  I have thus far made no assertions of privilege concerning

9    documents that I have received to produce to Plaintiffs in conjunction with the site tours.

10    6. I am informed by individuals attending the California State Prison, Los Angeles site

11    inspection on February 22, 2013, and thus believe, that Plaintiffs did not request any documents

12    during that site inspection.

13    7. I am aware of the approximate number of documents produced in conjunction with

14    Defendants' use of force and disciplinary expert Steve Martin.  To date, Defendants have

15    produced more than 4,400 pages of documents to Plaintiffs in connection with Mr. Martin's

16    deposition.

17    8. I am also aware that while Steve Martin viewed some videos with use of force

18    coordinators or in IERC meetings at the institutions he inspected, no copies of videos

19    documenting uses of force were provided to him to remove from the institution.

20    I declare that the foregoing is true and correct.  Executed in Sacramento, California, on

21    February 28, 2013.

22

23    _/s/ William H. Downer_____

24    WILLIAM H. DOWNER

25    CF1997CS0003

26

27

28

2

# EXHIBIT 1

1  DONALD SPECTER – 083925          MICHAEL W. BIEN – 096891
2  STEVEN FAMA – 099641             JANE E. KAHN – 112239
   ALISON HARDY – 135966            ERNEST GALVAN – 196065
3  SARA NORMAN – 189536             LISA ELLS – 243657
   REBEKAH EVENSON – 207825         AARON J. FISCHER – 247391
   PRISON LAW OFFICE                KRISTA STONE-MANISTA – 269083
4  1917 Fifth Street                MARGOT MENDELSON – 268583
   Berkeley, California 94710-1916  ROSEN BIEN GALVAN &
5  Telephone: (510) 280-2621        GRUNFELD LLP
                                    315 Montgomery Street, Tenth Floor
6                                   San Francisco, California 94104-1823
                                    Telephone: (415) 433-6830
7  CLAUDIA CENTER – 158255          WARREN E. GEORGE – 053588
   THE LEGAL AID SOCIETY –          BINGHAM McCUTCHEN LLP
8  EMPLOYMENT LAW CENTER            Three Embarcadero Center
   600 Harrison Street, Suite 120   San Francisco, California 94111-4067
9  San Francisco, California 94107-1389  Telephone: (415) 393-2000
   Telephone: (415) 864-8848
10 Attorneys for Plaintiffs

11

12                 UNITED STATES DISTRICT COURTS

13                 EASTERN DISTRICT OF CALIFORNIA

14            AND NORTHERN DISTRICT OF CALIFORNIA

       UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
15        PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

16

17 RALPH COLEMAN, et al.,                Case No. Civ S 90-0520 LKK-JFM P

18          Plaintiffs,                  **THREE JUDGE COURT**

19      v.                               **PLAINTIFFS' SECOND REQUEST
                                         FOR INSPECTION**
   EDMUND G BROWN, JR., et al.,
20          Defendants.

21 _____
   MARCIANO PLATA, et al.,               Case No. C01-1351 TEH
22
            Plaintiffs,                  **THREE JUDGE COURT**
23
        v.
24 EDMUND G. BROWN, JR., et al.,
            Defendants.
25 _____

26 PROPOUNDING PARTIES:   PLAINTIFFS RALPH COLEMAN, et al.

27 RESPONDING PARTIES:    DEFENDANTS EDMUND G. BROWN JR., et al.

28 REQUEST NUMBER:        TWO

[719966-2]

DONALD SPECTER – 083925
STEVEN FAMA – 099641
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone:   (510) 280-2621

MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
JANE E. KAHN – 112239
LISA ELLS – 243657
AARON J. FISCHER – 247391
KRISTA STONE-MANISTA – 269083
MARGOT MENDELSON – 268583
ROSEN BIEN GALVAN &
GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone:   (415) 433-6830

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California 94104-4244
Telephone:   (415) 864-8848

WARREN E. GEORGE – 053588
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, California 94111-4066
Telephone:   (415) 393-2000

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | Case No. Civ S 90-0520 LKK-JFM |
| Plaintiffs, | **PLAINTIFFS' SECOND REQUEST FOR INSPECTION** |
| v. | Judge:  Lawrence K. Karlton |
| EDMUND G. BROWN, Jr., et al., | |
| Defendants. | |

PROPOUNDING PARTIES:  PLAINTIFFS RALPH COLEMAN, et al.

RESPONDING PARTIES:   DEFENDANTS EDMUND G. BROWN JR., et al.

REQUEST NUMBER:        TWO

[719966-2]

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure Rule

3  34, Plaintiffs Ralph Coleman et al. submit the following Request for Inspection to

4  Defendants Edmund G. Brown Jr., et al. (combined, the "Defendants") for plaintiffs and

5  plaintiffs' experts to inspect Central California Women's Facility, California State Prison-

6  Corcoran, Kern Valley State Prison, California State Prison-Lancaster, San Quentin State

7  Prison, and Deuel Vocational Institution.

8      The discovery described herein shall relate to matters and proceedings before the

9  *Coleman/Plata* Three Judge Court and the *Coleman* Court.

10                          **DEFINITIONS**

11      Unless otherwise indicated, the following definitions and terms shall apply to these

12  Requests for Inspection:

13      1.    The term "ALL" means any and all.

14      2.    The term "ANY" means each and every.

15      3.    The term "CDCR" refers to the California Department of Corrections and

16  Rehabilitation, its agents, employees and anyone acting on its behalf.

17      4.    The term "CONFER WITH" means to interview, formally or informally,

18  CDCR personnel with whom plaintiffs' experts and plaintiffs' counsel meet and/or

19  encounter during the course of the inspection.

20      5.    The term "CLASS MEMBER" means any prisoner who is a member of the

21  plaintiff class under *Coleman v. Brown*.

22      6.    The terms "INSPECT" or "INSPECTIONS" means to physically walk

23  through and observe CDCR prison facilities, including, but not limited to, all areas in

24  which California state prisoners sleep, eat, bathe, exercise, and receive medical and mental

25  health attention, and areas in which such prisoners are received at the prison and/or

26  processed for release from the prison.  The term further means to review any records,

27  including, but not limited to logbooks, relating to class members' movement within the

28  prison and to off-site medical care providers and/or relating to class members' access to

[719966-2]

1  medical or mental health care.

2  **INSTRUCTIONS**

3      1.      At each of the prisons to be INSPECTED, plaintiffs' experts request an

4  interview with the prison's Warden, Associate Warden for Health Care and the prison's

5  highest ranking medical and mental health officers, including, when applicable, the Mental

6  Health Program Manager, Chief Psychiatrist, and Chief Psychologist, preferably at the

7  beginning of the inspection. Plaintiffs' counsel anticipate that the initial interview will

8  take approximately 30-60 minutes.

9      2.      In order to help to maximize efficiency and to reduce the burden on staff on

10  the day(s) of each tour, please provide the following information prior to or at the start of

11  each tour:

12      a.      List of all class members currently housed in an MHCB (including

13  date of placement);

14      b.      List of all EOP prisoners currently housed in an ASU (including date

15  of placement);

16      c.      List of all CCCMS prisoners currently housed in an ASU (including

17  date of placement);

18      d.      List of all class members at the institution referred for and awaiting a

19  higher level of care placement or transfer to a higher level of care program (i.e., EOP,

20  EOP-SNY, EOP ASU Hub, MHCB, PSU, DSH-acute or ICF), the location where they are

21  currently housed, and the date the referral was made;

22      e.      List of overflow and alternative mental health housing locations at the

23  institution;

24      f.      List of all class members currently housed in an overflow or

25  alternative mental health housing location (*i.e.*, alternative housing log);

26      g.      List (with locations) of all segregated housing units (ASU, SHU,

27  PSU) including overflow units; and

28      h.      Schedule of IDTT and other mental health treatment activities for the

[719966-2]

1  date(s) of the tour.

2       3.     During the INSPECTIONS, plaintiffs' counsel and plaintiffs' experts will

3  CONFER WITH the CDCR staff at the prison, including but not limited to the correctional

4  staff, administrative staff, and medical and mental health staff, regarding access of the

5  CLASS MEMBERS to mental health care, and as to issues of housing, programming,

6  exercise, and activities for CLASS MEMBERS.

7       4.     During the INSPECTIONS, plaintiffs' counsel and plaintiffs' experts may

8  CONFER WITH CLASS MEMBERS at the prison regarding their access to medical care

9  and to mental health care, and as to issues of housing, programming, exercise, and

10  activities for CLASS MEMBERS.

11       5.     If, during the INSPECTION, the plaintiffs' experts conclude that they

12  require a private setting to CONFER WITH certain CDCR staff or CLASS MEMBER(S),

13  defendants will provide an area where plaintiffs' experts can CONFER WITH the staff

14  member or CLASS MEMBER(S), in the presence of only plaintiffs', defendants' counsel,

15  and the Receiver's representative.

16       6.     During the INSPECTIONS, plaintiffs' counsel and plaintiffs' experts may

17  take photographs of certain areas of the prison relating to housing, programming, exercise,

18  and activities for CLASS MEMBERS, as well as office and treatment space used by staff

19  responsible for the delivery of care to CLASS MEMBERS. Plaintiffs' counsel and

20  plaintiffs' experts will accommodate reasonable security requests regarding the procedures

21  for the taking of photographs.

22       7.     During the INSPECTIONS at California State Prison-Corcoran, Kern Valley

23  State Prison, California State Prison-Lancaster, and San Quentin State Prison, plaintiffs'

24  counsel and plaintiffs' experts may review documents and activities relating to disciplinary

25  (RVR) proceedings, including for CLASS MEMBERS. For INSPECTIONS at these

26  institutions, plaintiffs' counsel and plaintiffs' experts may observe RVR hearings and

27  related proceedings, and may CONFER WITH RVR Hearing Officers and RVR

28  Coordinators. Please prepare to make available to plaintiffs' experts, prior to or at the start

[719966-2]

of these tours, the following, for the period from July 1, 2012 to the present:

        a.    Schedule of RVR hearings at the institution for the date(s) of the tour;

        b.    Logs of RVR and 115-MH RVR mental health assessment requests (for review of sample);

        c.    Logs of outcomes from RVRs where a mental health assessment was requested (for review of sample);

        d.    Full packets of RVRs involving CLASS MEMBERS (for review of sample);

        e.    Local Operating Procedures and Training Materials on RVR mental health assessment procedures;

        f.    Institutional Reports and monthly data on Rule Violation Reports (RVRs), with breakdown by CCCMS, EOP, MHCB, and non-MHSDS prisoners; and

        g.    Local Operating Procedures for the Security Housing Unit (SHU) (CSP-Corcoran only).

    8.    During the INSPECTIONS at California State Prison-Corcoran, Kern Valley State Prison, California State Prison-Lancaster, and San Quentin State Prison, plaintiffs' counsel and plaintiffs' experts may review documents and materials relating to use of force. For INSPECTIONS at these institutions, plaintiffs' counsel and plaintiffs' experts may CONFER WITH Use of Force Coordinators. Please prepare to make available to plaintiffs' experts, prior to or at the start of these tours, the following, for the period from July 1, 2012 to the present:

        a.    Logs of Use of Force and Non-Use of Force Incidents (for review of sample);

        b.    Institutional Reports on Use of Force, with breakdown by CCCMS, EOP, MHCB, and non-MHSDS prisoners;

        c.    Use of Force Reports, including videos, involving Institution Review Process (for review of sample);

        d.    OIG Use of Force Reports; and

1            e.      Local Operating Procedures and training materials on cuffing,

2 shackling, treatment modules, or holding cells.

3         9.      Plaintiffs' experts may review CLASS MEMBERS' unit health records and

4 central files.

5        10.      As part of the INSPECTIONS, plaintiffs may request to conduct confidential

6 interviews with five to ten CLASS MEMBERS and review their health records. If so,

7 plaintiffs' counsel will notify defendants at least three days prior to each INSPECTION,

8 and provide the names and CDCR numbers of each CLASS MEMBER at that time. These

9 CLASS MEMBER interviews will be conducted only by plaintiffs' counsel and plaintiffs'

10 experts.

11 **REQUESTS FOR INSPECTION**

12         1.      On February 8, 2013, from 8:00 a.m. to approximately 5:00 p.m., plaintiffs'

13 counsel and plaintiffs' experts request to INSPECT Central California Women's Facility

14 (CCWF).

15         2.      On February 19, 2013, from 8:00 a.m. to approximately 5:00 p.m., plaintiffs'

16 counsel and plaintiffs' experts request to INSPECT California State Prison-Corcoran

17 (COR).

18         3.      On February 20, 2013, from 8:00 a.m. to approximately 5:00 p.m., plaintiffs'

19 counsel and plaintiffs' experts request to INSPECT Kern Valley State Prison (KVSP).

20         4.      On February 21, 2013, from 8:00 a.m. to approximately 5:00 p.m., plaintiffs'

21 counsel and plaintiffs' experts request to INSPECT California State Prison-Lancaster

22 (LAC).

23         5.      On February 26, 2013, from 8:00 a.m. to approximately 5:00 p.m., plaintiffs'

24 counsel and plaintiffs' experts request to INSPECT San Quentin State Prison (SQ).

25 / / /

26 / / /

27 / / /

28 / / /

[719966-2]

PLAINTIFFS' SECOND REQUEST FOR INSPECTION

6.    On February 26, 2013, from 8:00 a.m. to approximately 5:00 p.m., plaintiffs' counsel and plaintiffs' experts request to INSPECT Deuel Vocational Institution (DVI).

DATED:  February 1, 2013                    Respectfully submitted,

                                            ROSEN BIEN GALVAN & GRUNFELD LLP

                                            By: *Aaron J. Fischer*
                                                Aaron J. Fischer

                                            Attorneys for Plaintiffs

[719966-2]

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of California. My business address is 315 Montgomery Street, Tenth Floor, San Francisco, CA 94104-1823.

On February 1, 2013, I served true copies of the following document(s) described as:

### PLAINTIFFS' SECOND REQUEST FOR INSPECTION

on the interested parties in this action as follows:

**VIA MAIL**
Debbie Vorous
Deputy Attorney General
State of California Department of Justice
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Rosen Bien Galvan & Grunfeld LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**AND TO:**

**VIA MESSENGER**
Paul B. Mello, Esq.
Hanson & Bridgett LLP
425 Market Street, 26th Floor
San Francisco, CA 94105

**VIA MESSENGER**
Jay C. Russell
Supervising Deputy Attorney General
State of California Department of Justice
455 Golden Gate, Suite 11000
San Francisco, CA 94102-7004

**BY MESSENGER SERVICE:** I provided such document(s) to a professional messenger service for service on the date indicated above. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

1         I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of

2    the bar of this Court at whose direction the service was made.

3         Executed on February 1, 2013, at San Francisco, California.

4

5    _____

    Karen Stilber

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF MESSENGER**

I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in the service list.  (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age.  I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on (date):_____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:_____

_____            _____
(NAME OF DECLARANT)                              (SIGNATURE OF DECLARANT)

1  KAMALA D. HARRIS, State Bar No. 146672
   Attorney General of California
2  JAY C. RUSSELL, State Bar No. 122626
   Supervising Deputy Attorney General
3  DEBBIE J. VOROUS, SBN 166884
   PATRICK R. MCKINNEY, SBN 215228
4  WILLIAM DOWNER, SBN 257644
   Deputy Attorneys General
5    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
6    Telephone: (415) 703-3035
     Fax: (415) 703-5843
7    E-mail: Patrick.McKinney@doj.ca.gov

8  *Attorneys for Defendants*

9              IN THE UNITED STATES DISTRICT COURT

10            FOR THE EASTERN DISTRICT OF CALIFORNIA

11                  SACRAMENTO DIVISION

12

13

   **RALPH COLEMAN, et al.,**                 2:90-cv-00520 LKK JFM PC
14
                              Plaintiffs,      **DEFENDANTS' RESPONSES TO**
15                                             **PLAINTIFFS' SECOND REQUEST FOR**
                                               **INSPECTION**
16            v.
                                               Judge:  Lawrence K. Karlton
17 **EDMUND G. BROWN JR., et al.,**

18                            Defendants.

19

20 **PROPOUNDING PARTY:**      **Plaintiffs** R. Coleman, et al.

21 **RESPONDING PARTY:**       **Defendants** Edmund G. Brown Jr., et al.

22 **SET NO:**                 Two

23 //

24 //

25 //

26

27

28
                                    1

1

**GENERAL OBJECTIONS**

2       1.      Defendants object to Plaintiffs' Definition 4, which defines "CONFER WITH" to

3    mean "to interview, formally or informally, CDCR personnel with whom plaintiffs' experts and

4    plaintiffs' counsel meet and/or encounter during the course of the inspection." Defendants object

5    to this definition on the grounds that Inspections under Rule 34 of the Federal Rules of Civil

6    Procedure do not include interviews of persons. Defendants also object to this definition on the

7    grounds that the term "interview, formally or informally" is vague and ambiguous. Defendants

8    also object to this definition on the grounds that is overbroad, burdensome, and seeks information

9    not relevant to the subject matter this action to the extent that it purports to permit Plaintiffs'

10   experts and Plaintiffs' counsel to interview CDCR personnel on subjects not related to mental

11   health care and the present termination motion.

12      2.      Defendants object to Plaintiffs' Definition 6, which defines "INSPECT" or

13   "INSPECTIONS" to include walking through and observing "all areas in which California state

14   prisoners sleep, eat, bathe, exercise, and receive medical and mental health attention, and areas in

15   which...prisoners are received from the prison and/or processed for release from the prison" and

16   reviewing "any records, including, but not limited to logbooks, relating to class members'

17   movement within the prison and to off-site medical care providers and/or relating to class

18   members' access to medical or mental health care." Defendants object to this definition on the

19   ground that it is overbroad and not relevant to the claims or defenses of any party to the extent

20   that it includes areas of prison facilities and records of movement within the prisons that are

21   unrelated to this matter and the present motion to terminate. Inspections under Rule 34 of the

22   Federal Rules of Civil Procedure are limited to what is "relevant to the subject matter involved in

23   the action." Fed. R. Civ. Pro. 26(b)(1). Defendants also object to this definition on the grounds

24   that it calls for the inspection of prison areas, and the reviewing of records, related to medical care

25   or issues related to the three-judge panel proceeding, which are not relevant to the subject matter

26   of this proceeding. Defendants also object to this definition on the grounds that the term "any

27   records" is overbroad, vague and ambiguous. Defendants additionally object to the term "any

28   records" to the extent it includes records privileged by the attorney-client privilege, the attorney

2

1    work product doctrine, or the privacy rights of non-class member inmates. Defendants may

2    refuse to allow Plaintiffs' experts and counsel to review records that are irrelevant, contain

3    privileged material or could violate the privacy rights of non-class members.

4         3.    Defendants object to Plaintiffs' Instruction 1, which states that at each prison,

5    "plaintiffs' experts request an interview with the prison's Warden, Associate Warden for Health

6    Care and the prison's highest ranking medical and mental health officers, including, when

7    applicable, the Mental Health Program Manager, Chief Psychiatrist, and Chief Psychologist,

8    preferably at the beginning of the inspection." Defendants object to this instruction to the extent

9    that it requires Defendants to arrange, ahead of the time of the inspection, formal or informal

10   interviews with the designated officials. Defendants also object to and will not produce the

11   "highest ranking medical care officers" because interviews with these officials are not relevant to

12   the subject matter of this case and the present motion to terminate. Defendants further object to

13   this instruction to the extent that the medical personnel Plaintiffs seek to interview are, by order

14   of the *Plata* court, under the control and direction of the Receiver, not Defendants.

15   Notwithstanding these objections, if the Warden, Associate Warden for Health Care, and

16   requested mental health officials are, in the ordinary course of business, present during an

17   inspection and reasonably available to meet with plaintiffs' experts at some point during a

18   schedule site inspection, such meetings will be permitted.

19        4.    Defendants object to Plaintiffs' Instruction 3, which states that "(d)uring the

20   INSPECTIONS, plaintiffs' counsel and plaintiffs' experts will confer with the CDCR staff at the

21   prison, including but not limited to the correctional staff, administrative staff, and medical and

22   mental health staff, regarding access of the CLASS MEMBERS to mental health care, and as to

23   issues of housing, programming, exercise and activities for CLASS MEMBERS." Defendants

24   object to this instruction on the ground that it is overbroad, vague, and ambiguous with respect to

25   the phrase "housing, programming, exercise and activities for CLASS MEMBERS." Defendants

26   also object to this instruction on the grounds that it is not relevant to the subject matter of this

27   case to the extent Plaintiffs seek to confer with medical personnel. Defendants also object to this

28

3

1  instruction to the extent that the medical personnel Plaintiffs seek to interview are, by order of the

2  *Plata* court, under the control and direction of the Receiver, not Defendants.

3       5.     Defendants object to Plaintiffs' Instruction 4, which states that "(d)uring the

4  INSPECTIONS, plaintiffs' counsel and plaintiffs' experts may CONFER WITH CLASS

5  MEMBERS at the prison regarding their access to medical care and to mental health care, and as

6  to issues of housing, programming, exercise and activities for CLASS MEMBERS." Defendants

7  object to this instruction on the grounds that it is overbroad and unduly burdensome to the extent

8  that it does not identify the name and CDCR number of the inmates with whom Plaintiffs'

9  counsel seeks to confer. Without this information, Defendants cannot confirm prior to each

10  inspection whether an inmate with whom Plaintiffs' counsel and their experts seek to confer is

11  actually a class member. Furthermore, Defendants may not be able to determine class

12  membership for individual inmates at the time of the inspection. Any conversations Plaintiffs'

13  counsel and experts may have with non-class members are irrelevant to the claim or defense of

14  any party. Defendants also object to this instruction on the grounds that it seeks information that

15  is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence related

16  to the subject matter of this case to the extent Plaintiffs seek to confer with inmates regarding

17  access to medical care.

18       6.     Defendants object to Plaintiffs' Instruction 5, which states that "if, during the

19  INSPECTION, the plaintiffs' experts conclude that they require a private setting to CONFER

20  WITH certain CDCR staff or CLASS MEMBERS, defendants will provide an area where

21  plaintiffs' experts can CONFER WITH the staff member or CLASS MEMBERS, in the presence

22  of only plaintiffs', defendants' counsel, and the Receiver's representative." Defendants object to

23  this instruction on the ground that is vague and ambiguous as to time and place. The instruction

24  does not define at which prisons, parts of prisons, or specific locations Plaintiffs counsel and

25  experts may wish to access private rooms. Neither does it define at what point during the

26  inspections Plaintiffs may seek to access such rooms. Defendants also object to this instruction

27  on the ground that it is unduly burdensome, in that asks Defendants to make available at each

28  facility, without any advance notice, one or more private settings that Plaintiffs may access from a

4

1   variety of unknown locations within the institution. To facilitate reserving rooms for the

2   requested meetings, Plaintiffs counsel must tell Defendants where and when they want them.

3   Without specific prior notice as to time and place, Defendants may not be able to make the

4   requested private settings available on demand during the inspections. Defendants also object to

5   this instruction on the grounds that it is overbroad and unduly burdensome to the extent that it

6   does not identify the name and CDCR number of the inmates with whom Plaintiffs' counsel seeks

7   to confer. Without this information, Defendants cannot confirm prior to each inspection whether

8   an inmate with whom Plaintiffs' counsel and their experts seek to confer is actually a class

9   member.

10          7.      Defendants object to Plaintiffs' Instruction 6, which states that "(d)uring the

11  INSPECTIONS, plaintiffs' counsel and plaintiffs' experts may take photographs of certain areas

12  of the prison relating to housing, programming, exercise, and activities for CLASS MEMBERS,

13  as well as office and treatment space used by staff responsible for the delivery of care to CLASS

14  MEMBERS," and "(p)laintiffs' counsel and plaintiffs' experts will accommodate reasonable

15  security requests regarding the procedures for the taking of photographs." Defendants object this

16  request on the grounds that the terms "certain areas of the prison relating to housing,

17  programming, exercise, and activities," "office and treatment space used by staff responsible for

18  the delivery of care," and "accommodate reasonable security requests" are vague and ambiguous.

19          8.      Defendants object to Plaintiffs' Instruction 7, which states that "[d]uring the

20  INSPECTIONS at California State Prison-Corcoran, Kern Valley State Prison, California State

21  Prison-Lancaster, and San Quentin State Prison, plaintiffs' counsel and … experts may review

22  documents and activities relating to disciplinary (RVR) proceedings, including for CLASS

23  MEMBERS…[and] plaintiffs' counsel and…experts may observe RVR hearings and related

24  proceedings, and may CONFER WITH RVR Hearing Officers and RVR Coordinators," and

25  requires Defendants to "make available prior to or at the start of these tours…the following, for

26  the period from July 2012 to the present:…c. Logs of outcomes from RVRs where a mental

27  health assessment was requested (for review of sample); d. Full packets of RVRs involving

28  CLASS MEMBERS (for review of sample); e. Local Operating Procedures and Training material

5

1    on RVR mental health assessment procedures; f. Institutional Reports and monthly data on Rule

2    Violation Reports (RVRs), with breakdown by CCCMS, EOP, MHCB, and non-MHSDS

3    prisoners." Defendants object to this instruction on the grounds that it seeks information that it is

4    not relevant or reasonably calculated to lead to the discovery of admissible evidence to the subject

5    matter of this case or the present motion to terminate to the extent it seeks to allow plaintiffs'

6    counsel and experts to review or observe RVR logs, documents, activities, or hearings that do not

7    involve *Coleman* class members. Defendants also object to this instruction on the grounds that is

8    unduly burdensome to the extent it requires the production of documents prior to, or on start of, a

9    specific site inspection. Defendants also object to this instruction to the extent it seeks documents

10   in Plaintiffs' possession or equally available to Plaintiffs, and therefore is unduly burdensome.

11   Defendants also object to this instruction on the grounds that Plaintiffs' use of the phrase "[f]ull

12   packets" is vague and ambiguous. Without waiving the foregoing objections, Defendants agree to

13   produce relevant, non-privileged documents that are responsive to this request at mutually

14   agreeable time and date, to the extent they exist, can be located after a reasonable search, and are

15   not already in Plaintiffs' possession.

16        9.    Defendants object to Plaintiffs' Instruction 8, which states that "make

17   available…prior to or at the start of these tours…the following, for the period from July 2012 to

18   the present:…b. Institutional Reports on Use of Force, with breakdown by CCCMS, EOP,

19   MHCB, and non-MHSDS prisoners;…d. OIG Use of Force Reports; e. Local Operating

20   Procedures and training material on cuffing, shackling, treatment modules, or holding cells."

21   Defendants object to this instruction on the grounds that it seeks information that it is not relevant

22   or reasonably calculated to lead to the discovery of admissible evidence to the subject matter of

23   this case or the present motion to terminate to the extent it seeks documents that do not involve

24   *Coleman* class members. Defendants also object to this instruction on the grounds that is unduly

25   burdensome to the extent it requires the production of documents prior to, or on start of, a specific

26   site inspection. Defendants also object to this instruction on the grounds that it is duplicative of

27   Plaintiffs Request for Production to Defendants' Expert Witness Steve J. Martin and it therefore,

28   unduly burdensome and harassing. Defendants also object to this instruction to the extent it

6

1    seeks documents in Plaintiffs' possession or equally available to Plaintiffs, and therefore is

2    unduly burdensome. Without waiving the foregoing objections, Defendant agree to make

3    available for review relevant, non-privileged documents that are responsive to this request to the

4    extent they exist, are kept in the ordinary course of business, and are readily accessible.

5        10.    Defendants object to Plaintiffs' Instruction 9, which states that "(p)laintiffs' experts

6    may review CLASS MEMBERS' unit health records and central files." Defendants object to this

7    instruction on the ground that is vague, ambiguous, overly broad and unduly burdensome.

8    Federal Rule of Civil Procedure 34(b)(1 )(A) requires a requesting party to "describe with

9    reasonable particularity each item or category of items to be inspected." These instructions,

10    however, fail to identify which records Plaintiffs' counsel intends to review at each institution, or

11    even any criteria by which Plaintiffs' counsel plan to decide which records to review. In addition,

12    it is unreasonable and burdensome to expect records personnel to recover an unspecified number

13    of inmate health records without advance notice as to how many or which records Plaintiffs'

14    counsel will request. Defendants also note that, without knowing in advance which inmates'

15    records Plaintiffs' counsel intend to request, Defendants cannot guarantee that all requested

16    records will be available for review on the dates of the inspections. Defendants also object to this

17    request to the extent that the review is not limited to issues related to this matter or the

18    termination motion. Defendants also object to this instruction on the grounds that it does not seek

19    information relevant to the subject matter of this case to the extent it includes the review of

20    central files. Defendants also object to this instruction on the grounds it seeks information

21    covered by the official information privilege. Without waiving the foregoing objections,

22    Defendant agree to make available for review relevant, non-privileged documents that are

23    responsive to this request to the extent they exist, are kept in the ordinary course of business, and

24    are readily accessible.

25        11.    Defendants object to Plaintiffs' Instruction 10, which states that "(a)s part of the

26    INSPECTIONS, plaintiffs may request to conduct confidential interviews with five to ten class

27    MEMBERS and review their health records. If so, plaintiffs' counsel will notify defendants at

28    least three days prior to each INSPECTION, and provide the names and CDCR numbers of each

7

1   class member at that time." Defendants object to this request on the ground that it is unduly

2   burdensome, in that three days notice does not permit sufficient time for Defendants to make

3   specific inmates available for confidential interviews. Defendants must undertake significant

4   administrative efforts to make individual inmates available for individual, private, confidential

5   interviews. With only three days notice, Defendants may not be able to make specific inmates

6   available for such interviews during these inspections.  Defendants also object to this instruction

7   on the grounds that it does not seek information relevant to the subject matter of this case to the

8   extent it includes the review of *Coleman* class members' non-mental health medical care.

9   **REQUEST FOR INSPECTION NO. 1:**

10          On February 8, 2013, from 8:00a.m. to approximately 5:00 p.m., plaintiffs' counsel and

11  plaintiffs' experts request to INSPECT Central California Women's Facility (CCWF).

12  **RESPONSE TO REQUEST FOR INSPECTION NO. 1:**

13          Defendants incorporate by reference the above General Objections as though fully stated

14  in this response.  Subject to and without waiving the foregoing objections, Defendants will allow

15  this inspection to take place.

16  **REQUEST FOR INSPECTION NO. 2:**

17          On February 19, 2013, from 8:00 a.m. to approximately 5:00 p.m., plaintiffs' counsel and

18  plaintiffs' experts request to INSPECT California State Prison-Corcoran (COR).

19  **RESPONSE TO REQUEST FOR INSPECTION NO. 2:**

20          Defendants incorporate by reference the above General Objections as though fully stated

21  in this response.  Subject to and without waiving the foregoing objections, Defendants will allow

22  this inspection to take place.

23  **REQUEST FOR INSPECTION NO. 3:**

24          On February 20, 2013, from 8:00 a.m. to approximately 5:00 p.m., plaintiffs' counsel and

25  plaintiffs' experts request to INSPECT Kern Valley State Prison (KVSP).

26  **RESPONSE TO REQUEST FOR INSPECTION NO. 3:**

27          Defendants incorporate by reference the above General Objections as though fully stated

28  in this response.  Subject to and without waiving the foregoing objections, Defendants will allow

8

1  this inspection to take place.

2  **REQUEST FOR INSPECTION NO. 4:**

3      On February 21, 2013, from 8:00 a.m. to approximately 5:00 p.m., plaintiffs' counsel and

4  plaintiffs' experts request to INSPECT California State Prison-Lancaster (LAC).

5  **RESPONSE TO REQUEST FOR INSPECTION NO. 4:**

6      Defendants incorporate by reference the above General Objections as though fully stated

7  in this response. Subject to and without waiving the foregoing objections, Defendants will allow

8  this inspection to take place.

9  **REQUEST FOR INSPECTION NO. 5:**

10      On February 26, 2013, from 8:00 a.m. to approximately 5:00 p.m., plaintiffs' counsel and

11  plaintiffs' experts request to INSPECT San Quentin State Prison (SQ).

12  **RESPONSE TO REQUEST FOR INSPECTION NO. 5:**

13      Defendants incorporate by reference the above General Objections as though fully stated

14  in this response. Subject to and without waiving the foregoing objections, Defendants will allow

15  this inspection to take place.

16  **REQUEST FOR INSPECTION NO. 6:**

17      On February 26, 2013, from 8:00a.m. to approximately 5:00p.m., plaintiffs' counsel and

18  plaintiffs' experts request to INSPECT Deuel Vocational Institution (DVI).

19  **RESPONSE TO REQUEST FOR INSPECTION NO. 6:**

20      Defendants incorporate by reference the above General Objections as though fully stated

21  in this response. Subject to and without waiving the foregoing objections, Defendants will allow

22  this inspection to take place.

23

24

25

26

27

28

9

1     Dated:  February 15, 2013                 Respectfully submitted,

2                                           KAMALA D. HARRIS

3                                           Attorney General of California
                                          JAY C. RUSSELL

4                                           Supervising Deputy Attorney General

5

6                                           DEBBIE J. VOROUS

7                                           Deputy Attorney General
                                          *Attorneys for Defendants*

8     CF1997CS0003
      20668660.doc

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defs. Obj. and Resp. to Pls.' Req. Insp., Set 2                    (2:90-cv-00520 LKK JFM PC)