DONALD SPECTER – 083925
STEVEN FAMA – 099641
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
LISA ELLS – 243657
AARON J. FISCHER – 247391
MARGOT MENDELSON – 268583
KRISTA STONE-MANISTA – 269083
ROSEN BIEN
GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830

JON MICHAELSON – 083815
JEFFREY L. BORNSTEIN – 099358
LINDA L. USOZ – 133749
MEGAN CESARE-EASTMAN – 253845
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, California 94111-5994
Telephone: (415) 882-8200

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California 94104-4244
Telephone: (415) 864-8848

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>           Plaintiffs,<br><br>      v.<br><br>EDMUND G. BROWN, Jr., et al.,<br><br>           Defendants. | Case No. Civ S 90-0520 LKK-JFM<br><br>**DECLARATION OF ERNEST GALVAN IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ATTENDANCE AT DEPOSITIONS AND IN SUPPORT OF PLAINTIFFS' MOTION FOR PROTECTIVE ORDER** |

[748557-1]

I, Ernest Galvan, declare:

1. I am an attorney admitted to practice law in California, a member of the bar of this Court, and a partner in the law firm of Rosen Bien Galvan & Grunfeld LLP, counsel of record for Plaintiffs. I have personal knowledge of the matters set forth herein, and if called as a witness I could competently so testify. I make this declaration in opposition to Defendants' Motion to Compel Attendance at Depositions and in Support of Plaintiffs' Motion for Protective Order.

2. Attached hereto as **Exhibit A** are a set of "gate clearance" letters dated between January 23, 2013 and February 20, 2013, informing Defendants of the identity of Plaintiffs' testifying experts. Defendants already know the identity of Plaintiffs' experts, and have known them, since January 23, 2013 for Dr. Pablo Stewart, February 4, 2013 for Drs. Kaufman and Haney, February 12, 2013 for Eldon Vail, and February 20, 2013 for Jeanne Woodford. Drs. Haney and Kaufman were expert witnesses in the 1993 trial of this matter. Drs. Haney and Stewart, as well as Ms. Woodford was an expert witness in the 2008 three-judge panel trial. Ms. Woodford has served as Acting Secretary of the CDCR and Warden of San Quentin Prison.

3. On January 28, 2013, I participated in the inspection of Salinas Valley State Prison with Plaintiffs' Expert Dr. Pablo Stewart. During the inspection, Dr. Stewart request copies of documents necessary for his study of mental health care at the facility. Defendants have produced the documents slowly. Some of the requested documents arrived yesterday, February 28, 2013, a full month after the inspection. This has been typical of process for our expert prison inspections. I am informed and believe that Defendants' counsel makes copies for themselves of all documents that we request copies of before they provide them to us. On some occasions when we have asked for explanations of the delays in producing documents, we are told that the documents were copied by the institutions but that they are sitting on the desk of an assistant attorney general awaiting review before they are produced to us.

[748557-1]

1
DECLARATION OF ERNEST GALVAN IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ATTENDANCE AT DEPOSITIONS AND IN SUPPORT OF PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

4. On the January 28, 2013 tour, we were accompanied by a deputy attorney general, an attorney from CDCR's in-house legal team, an attorney and another staffer from the Department of State Hospitals legal team, and an official from CDCR's mental health headquarters leadership. Defendants' staffing on the other tours has been similar.

5. Our expert psychologist and psychiatrists have asked for copies of inmate patient medical and mental health records for review. For the great bulk of the medical records requested, Defendants have refused to print or download copies, but instead have required Plaintiffs to send staff to San Quentin to print the records on a system that can only print one document at time—requiring up to an hour and sometimes more to print even one record. Plaintiffs' counsel has had three to four people at San Quentin for the past several days to get records for our experts. I personally spent 8 hours at San Quentin on February 27, 2013, accessing and printing medical records for review by our experts. At the start of this process, Plaintiffs asked for Defendants' cooperation with more efficient methods of accessing medical records, including providing remote logins to the experts, or downloading records to discs or thumbdrives. Defendants refused all such measures. Defendants send an attorney to monitor our review and printing of the records, and to get a copy of every page that we print.

6. I and my co-counsel have consulted with our experts regarding their capacity to complete their reports in time for our March 15, 2013 filing. The experts are already working at full capacity to meet the deadline. Counsel and staff are also working at full capacity, seven days a week, to meet the deadline. Stopping for depositions of the experts before March 15 is not practical.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct, and that this declaration is executed at San Francisco, California this 1st day of March, 2013.

*/s/ Ernest Galvan*
Ernest Galvan

[748557-1]

2
DECLARATION OF ERNEST GALVAN IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ATTENDANCE AT DEPOSITIONS AND IN SUPPORT OF PLAINTIFFS' MOTION FOR PROTECTIVE ORDER