**Exhibit 1**

1  KAMALA D. HARRIS
   Attorney General of California
2  JONATHAN L. WOLFF
   Senior Assistant Attorney General
3  JAY C. RUSSELL
   Supervising Deputy Attorney General
4  DEBBIE J. VOROUS, SBN 166884
   PATRICK R. MCKINNEY, SBN 215228
5  WILLIAM H. DOWNER, SBN 257644
   Deputy Attorney General
6    1300 I Street, Suite 125
     P.O. Box 944255
7    Sacramento, CA 94244-2550
     Telephone: (916) 324-5345
8    Fax: (916) 324-5205
     E-mail: Debbie.Vorous@doj.ca.gov
9
   Attorneys for Defendants
10

11            IN THE UNITED STATES DISTRICT COURT

12            FOR THE EASTERN DISTRICT OF CALIFORNIA

13                    SACRAMENTO DIVISION

14

15 | RALPH COLEMAN, et al.,            | 2:90-cv-00520 LKK JFM PC
16 |                                   |
17 |                       Plaintiffs, | **NOTICE OF TAKING DEPOSITION OF PLAINTIFFS' EXPERT WITNESSES AND REQUEST FOR PRODUCTION OF DOCUMENTS**
18 |   v.                              |
19 | EDMUND G. BROWN JR., et al.,      |
20 |                       Defendants. |

21

...

28
                              1

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that Defendants will take the depositions upon oral examination pursuant to Rule 30 of the Federal Rules of Civil Procedure of Plaintiffs' expert witnesses at the following dates and times:

| Deponent | Date | Time |
| --- | --- | --- |
| Pablo Stewart, M.D. | March 1, 2013 | 9:00 a.m. |
| Craig Haney | March 1, 2013 | 9:00 a.m. |
| Edward Kaufman, M.D. | March 1, 2013 | 9:00 a.m. |
| Eldon Vail | March 1, 2013 | 9:00 a.m. |

The depositions will take place at the Office of the Attorney General, 1300 I Street, Tenth Floor, Sacramento, California, before a certified shorthand reporter authorized to administer oaths. The depositions shall continue from day to day until completed, will be recorded stenographically, and may be videotaped.

**PLEASE TAKE FURTHER NOTICE**, that the deponents are hereby requested to produce at the depositions the originals of the following described documents, records, and things for the purposes of inspection and/or photocopying.

## DEFINITIONS

The following Definitions apply to each of the following Requests and shall be deemed incorporated therein.

A.  The term "DOCUMENT" means and includes any type of "writing" (as that term is defined in Rule 1001(1) of the Federal Rules of Evidence) and, includes, without limitation, all written materials such as letters, notes, memoranda, reports, studies, minutes, diary entries (including calendar entries indicating dates and participants to any meetings), all drafts, tapes, computer discs, CD-ROM, CD-R, CD-RW, DVD, microfilm, microfiche, or any other form of photographically or electronically, digitally, magnetically impulsed, or otherwise recorded or represented information, image or document storage, including, but not limited to, word processor document resources information (for example, MS Word, Corel WordPerfect), drafts and redlined versions of documents, compound documents (for example, documents where the image is in one

2

file and the text is in another); email and voicemail archives, email and voicemail messages and back-ups; databases; and document management databases. Additionally, "DOCUMENT" or "DOCUMENTS" shall specifically include transcripts of testimony, depositions, or other evidentiary testimony, in any recorded form; notes or records of telephone conversations, conferences or other oral communications and appointment records, time records, ledgers, journals, financial or accounting records, personnel records, annual reports, trial balances, work papers, schedules, photographs, videos, recordings, charts, graphs, transcriptions, tapes, discs, printouts, and other electronic data processing materials. It also includes each copy of a DOCUMENT that is not identical in all respects with or that contains any notation not appearing on any other copy of such DOCUMENT.

B.   The term "COMMUNICATION" shall mean the giving, receiving, transmitting, or exchanging of information including, but not limited to, any and all telephone and in-person conversations by or with any person, talk, gestures, or DOCUMENTS as defined in Paragraph A above which memorialize or refer to any COMMUNICATIONS.

C.   The terms "PERSON" or "PERSONS" as used herein shall mean any natural person, corporation, partnership, association, venture, limited liability company, firm, or other business enterprise or legal entity.

**DOCUMENTS AND/OR TANGIBLE THINGS TO BE PRODUCED**

1.   The deponent's entire file(s) for this case.

2.   All DOCUMENTS and/or evidence reviewed by the deponent in preparation for his/her deposition.

3.   A copy of the deponent's curriculum vitae, or resume, and, if not included within the curriculum vitae, a list or each and every article, book, treatise, or other literature authorized by the deponent whether published or not published.

4.   All DOCUMENTS (including, but not limited to, depositions, statements, journals, articles, bills, reports, medical records, hospital records and charts and other documentation) or items of evidence given to and/or reviewed by the deponent in this case.

3

5. All DOCUMENTS that establish the basis for the deponent's expert opinion(s) to be rendered in this case.

6. All DOCUMENTS relating to any COMMUNICATION between the deponent and the *Coleman* Plaintiffs, counsel for the *Coleman* Plaintiffs, agents of counsel for the *Coleman* Plaintiffs, the *Coleman* Plaintiffs' attorneys and their agents, or any other person related to this litigation.

7. All DOCUMENTS relating to any COMMUNICATION (including memoranda of oral COMMUNICATIONS) between the deponent and/or his/her office staff and any other PERSON wherein this case mentioned, discussed, and/or referred to.

8. Any and all books, treatises, articles, publications, journals (or journal articles) and/or learned DOCUMENTS of any sort referred to or relied upon by the deponent in forming his/her expert opinions to be rendered in this case.

9. All DOCUMENTS or other items of evidence reviewed but not relied upon by the deponent in forming any opinion in this case.

10. All DOCUMENTS that reflect the amount of compensation paid or to be paid to the deponent for his/her services in this case, including but not limited to, a record of all charges billed, and the total number of hours spent on this matter.

11. Any billing records for services rendered by the deponent or anyone acting at his/her direction or behalf in connection with this case, and the work and consultation thereof, including all time records showing time spent and the expenses incurred.

12. Any and all reports (including drafts) that reflect the deponent's expert opinions and/or review of records in this case.

13. All DOCUMENTS that reflect the number of times the deponent has been retained and/or testified as an expert for the Plaintiffs, as an expert for Plaintiffs' law firm, and/or as an expert for any Defendant in this case.

14. Any and all charts, graphs, exhibits, documents or other items of evidence you intend to submit with any declaration or affidavit submitted in this proceeding or the *Plata/Coleman* Three-Judge Court proceeding.

4

15. If any of the items described in Nos. 1-14 above are unavailable at the time and place of the deposition, the deponent is requested to identify where such items are located, who has possession of them, and how they may be obtained through the formal process of the Court.

Dated: February 15, 2013

KAMALA D. HARRIS
Attorney General of California
JAY C. RUSSELL
Supervising Deputy Attorney General

PATRICK R. MCKINNEY
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003
20668266.docx

5

## DECLARATION OF SERVICE BY MESSENGER

Case Name:   Coleman v. Brown, et al.,

No.:   2:90-cv-00520 LKK JFM PC

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is: 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004.

On February 15, 2013, I caused the attached

1. Documents Bates labeled DEXP 102022 – DEXP 103090 responsive to Plaintiffs' requests for production of documents attached to Plaintiffs' Notice of Deposition of Jacqueline M. Moore

2. Defendants' Notice of Taking Deposition of Plaintiffs' Expert Witnesses and Request for Production of Documents

to be delivered by **Ace Attorney Service** by placing a true copy thereof for delivery to the following person(s) at the address(es) as follows:

**Ernest Galvan, Esq.**
**Rosen Bien Galvan & Grunfeld LLP**
315 Montgomery Street, 10th Floor
San Francisco, CA 94104

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on February 15, 2013, at San Francisco, California.

_____T. Oakes_____          _____
       Declarant                          Signature

CF1997CS0003
20672451.doc.