**Exhibit 2**

KAMALA D. HARRIS
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
JAY C. RUSSELL
Supervising Deputy Attorney General
DEBBIE J. VOROUS, SBN 166884
PATRICK R. MCKINNEY, SBN 215228
WILLIAM H. DOWNER, SBN 257644
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 324-5345
 Fax: (916) 324-5205
 E-mail: Debbie.Vorous@doj.ca.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>                    Plaintiffs,<br><br>    v.<br><br>EDMUND G. BROWN JR., et al.,<br><br>                    Defendants. | 2:90-cv-00520 LKK JFM PC<br><br>**NOTICE OF TAKING DEPOSITION OF PLAINTIFFS' EXPERT WITNESS JEANNE WOODFORD AND REQUEST FOR PRODUCTION OF DOCUMENTS** |

1

Notice of Taking Depo. Of Plaintiffs' Expert Witness (2:90-cv-00520 LKK JFM PC)

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that Defendants will take the deposition upon oral examination pursuant to Rule 30 of the Federal Rules of Civil Procedure of Plaintiffs' expert witness Jeanne Woodford on March 1, 2013 at 9:00 a.m. The deposition will take place at the Office of the Attorney General, 1300 I Street, Tenth Floor, Sacramento, California, before a certified shorthand reporter authorized to administer oaths. The deposition shall continue from day to day until completed, will be recorded stenographically, and may be videotaped.

**PLEASE TAKE FURTHER NOTICE**, that the deponent is hereby requested to produce at the deposition the originals of the following described documents, records, and things for the purposes of inspection and/or photocopying.

**DEFINITIONS**

The following Definitions apply to each of the following Requests and shall be deemed incorporated therein.

A.  The term "DOCUMENT" means and includes any type of "writing" (as that term is defined in Rule 1001(1) of the Federal Rules of Evidence) and, includes, without limitation, all written materials such as letters, notes, memoranda, reports, studies, minutes, diary entries (including calendar entries indicating dates and participants to any meetings), all drafts, tapes, computer discs, CD-ROM, CD-R, CD-RW, DVD, microfilm, microfiche, or any other form of photographically or electronically, digitally, magnetically impulsed, or otherwise recorded or represented information, image or document storage, including, but not limited to, word processor document resources information (for example, MS Word, Corel WordPerfect), drafts and redlined versions of documents, compound documents (for example, documents where the image is in one file and the text is in another); email and voicemail archives, email and voicemail messages and back-ups; databases; and document management databases. Additionally, "DOCUMENT" or "DOCUMENTS" shall specifically include transcripts of testimony, depositions, or other evidentiary testimony, in any recorded form; notes or records of telephone conversations, conferences or other oral communications and appointment records, time records, ledgers, journals, financial or accounting records, personnel records, annual reports, trial balances, work

2

Notice of Taking Depo. Of Plaintiffs' Expert Witness (2:90-cv-00520 LKK JFM PC)

papers, schedules, photographs, videos, recordings, charts, graphs, transcriptions, tapes, discs, printouts, and other electronic data processing materials. It also includes each copy of a DOCUMENT that is not identical in all respects with or that contains any notation not appearing on any other copy of such DOCUMENT.

B. The term "COMMUNICATION" shall mean the giving, receiving, transmitting, or exchanging of information including, but not limited to, any and all telephone and in-person conversations by or with any person, talk, gestures, or DOCUMENTS as defined in Paragraph A above which memorialize or refer to any COMMUNICATIONS.

C. The terms "PERSON" or "PERSONS" as used herein shall mean any natural person, corporation, partnership, association, venture, limited liability company, firm, or other business enterprise or legal entity.

## DOCUMENTS AND/OR TANGIBLE THINGS TO BE PRODUCED

1. The deponent's entire file(s) for this case.

2. All DOCUMENTS and/or evidence reviewed by the deponent in preparation for his/her deposition.

3. A copy of the deponent's curriculum vitae, or resume, and, if not included within the curriculum vitae, a list or each and every article, book, treatise, or other literature authorized by the deponent whether published or not published.

4. All DOCUMENTS (including, but not limited to, depositions, statements, journals, articles, bills, reports, medical records, hospital records and charts and other documentation) or items of evidence given to and/or reviewed by the deponent in this case.

5. All DOCUMENTS that establish the basis for the deponent's expert opinion(s) to be rendered in this case.

6. All DOCUMENTS relating to any COMMUNICATION between the deponent and the *Coleman* Plaintiffs, counsel for the *Coleman* Plaintiffs, agents of counsel for the *Coleman* Plaintiffs, the *Coleman* Plaintiffs' attorneys and their agents, or any other person related to this litigation.

3

Notice of Taking Depo. Of Plaintiffs' Expert Witness (2:90-cv-00520 LKK JFM PC)

7. All DOCUMENTS relating to any COMMUNICATION (including memoranda of oral COMMUNICATIONS) between the deponent and/or his/her office staff and any other PERSON wherein this case mentioned, discussed, and/or referred to.

8. Any and all books, treatises, articles, publications, journals (or journal articles) and/or learned DOCUMENTS of any sort referred to or relied upon by the deponent in forming his/her expert opinions to be rendered in this case.

9. All DOCUMENTS or other items of evidence reviewed but not relied upon by the deponent in forming any opinion in this case.

10. All DOCUMENTS that reflect the amount of compensation paid or to be paid to the deponent for his/her services in this case, including but not limited to, a record of all charges billed, and the total number of hours spent on this matter.

11. Any billing records for services rendered by the deponent or anyone acting at his/her direction or behalf in connection with this case, and the work and consultation thereof, including all time records showing time spent and the expenses incurred.

12. Any and all reports (including drafts) that reflect the deponent's expert opinions and/or review of records in this case.

13. All DOCUMENTS that reflect the number of times the deponent has been retained and/or testified as an expert for the Plaintiffs, as an expert for Plaintiffs' law firm, and/or as an expert for any Defendant in this case.

14. Any and all charts, graphs, exhibits, documents or other items of evidence you intend to submit with any declaration or affidavit submitted in this proceeding or the *Plata/Coleman* Three-Judge Court proceeding.

15. If any of the items described in Nos. 1-14 above are unavailable at the time and place of the deposition, the deponent is requested to identify where such items are located, who has possession of them, and how they may be obtained through the formal process of the Court.

4

Notice of Taking Depo. Of Plaintiffs' Expert Witness (2:90-cv-00520 LKK JFM PC)

Dated: March 1, 2013

KAMALA D. HARRIS
Attorney General of California
JAY C. RUSSELL
Supervising Deputy Attorney General

/s/ (signed for)

PATRICK R. MCKINNEY
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003
20674304.docx

5

Notice of Taking Depo. Of Plaintiffs' Expert Witness (2:90-cv-00520 LKK JFM PC)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name: **Coleman v. Brown, et al.,**
No.: **2:90-cv-00520 LKK JFM PC**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On March 1, 2013, I served the attached:

**NOTICE OF TAKING DEPOSITION OF PLAINTIFFS' EXPERT WITNESS JEANNE WOODFORD AND REQUEST FOR PRODUCTION OF DOCUMENTS**

by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Michael W. Bien, Esq.**
**Rosen Bien Galvan & Grunfeld, LLP**
315 Montgomery Street, 10th Floor
San Francisco, CA 94104

**Donald Specter**
**Prison Law Office**
1917 Fifth Street
Berkeley, CA 94710-1916

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on March 1, 2013, at San Francisco, California.

_____          _____
            L. Santos                                      Signature
            Declarant

CF1997CS0003
20675749.doc