Coleman v. Brown, 90-520 LKK JFM
Joint Statement Seeking Clarification of Order of March 5, 2013

Plaintiffs move for an order clarifying this Court's March 5, 2013 Order (Dkt. No. 4367) directing Defendants to immediately produce *copies* of Use of Force ("UOF") videos.

**Plaintiffs' Position.** By the terms of the Order, the Court required Defendants to produce to Plaintiffs "all documents responsive to Plaintiffs' Second Request for Inspection, Items 7b, 7d, 7e, and 8c for the four prisons inspected by Plaintiffs' expert in the same manner and to the same extent those types and categories of materials were provided to defendant's expert Steve J. Martin for the prisons Mr. Martin inspected." Order at 6. Item 8c, as discussed in the order, includes "Use of Force Reports, *including videos*" (emphasis added).

Defendants are now refusing to produce copies of the UOF videos from the four institutions visited by Plaintiffs' expert, Eldon Vail. Fischer Decl. ¶¶ 5-6. This is despite Defendants' previous agreement to produce at least some UOF videos viewed by Mr. Vail at Corcoran. *See* Order, at 5 fn. 2 ("[D]efense counsel has also informed plaintiffs' counsel that he "anticipated being able to turn over the UOF videos" from Corcoran).[1] Defendants now rely on the language of the Order which requires production of the materials "in the same manner and to the same extent" those materials were provided to Defendants' expert, Mr. Martin. *Id.* The thrust of Defendants' argument is that Mr. Martin, who conducted inspection tours over a nearly one-year period and spent multiple days on such tours (*see* Martin Report, Dkt. No. 4279), claims to have viewed UOF videos at the institutions, and thus Defendants should only be required to provide Mr. Vail with the opportunity to view UOF videos inside a CDCR institution. *Id.*

Such a narrow interpretation of the Order is not supported by the facts. Requiring Plaintiffs' expert, who lives and is currently in Washington State working on his expert report, to return to California to watch the UOF videos is unduly burdensome and would be materially prejudicial to Plaintiffs as they prepare their case in the short time left before their filing deadline. *See e.g. Voth v. Albright*, No. CIV S-04-2103 LKK GGH P, 2006 WL 3001362, *7-8 (E.D. Cal. Oct. 20, 2006) (plaintiffs provided with redacted *copies* of internal reviews relating to complaints against staff, on the grounds that a "blanket and unexamined restriction upon access to information that could prove highly relevant to plaintiff herein is not justifiable.") Defendants' current interpretation is clearly contrary to this Court's previous order requiring them to "cooperate fully in discovery propounded by plaintiffs so that all discovery required to respond to the motion to terminate [is obtained]." (Order filed Jan. 29, 2013 (Doc. No. 4316), at 4.

Defendants' counsel has indicated that they are in possession of responsive videos and are reviewing them. Fischer Decl. ¶ 6. The purpose of this review is not clear, since privacy claims cannot support withholding discovery. *See Thomas v. Beutler,* No. 2:10-cv-01300 MCE CKD P, 2012 WL 4845571, at *7 (E.D. Cal. Oct. 10, 2012). (And an appropriate protective order would address any privacy or security concerns.) The fact that Defendants' counsel already possess copies of relevant videos undermines any argument as to undue burden. Any distinction between discovery of video recordings and documents is illusory. *See* Fed. R. Civ. P. 34. All such materials are discoverable – that is, *copies* must be produced. Defendants offer no basis – other than the implicit intention to create unnecessary burdens and delay – for their position.

---

[1] Rule 34 does not require the responding party to provide copies of documents, but it does require the respondent to make the documents available for inspection *and copying* by the requesting party. *Braun v. Agri-Sys*., F-02-6482 A WILJO, 2006 WL 278592 (E.D. Cal. Feb. 2, 2006). This has not been permitted, even as Defendants' counsel have received copies of responsive UOF videos from the institutions toured by Mr. Vail.

**Defendants' Position.**

Plaintiffs' dissatisfaction with the Court's March 5 order provides no basis for their improper request for reconsideration. Moreover, there is no dispute since Defendants have agreed to make the requested videos available for inspection by Plaintiffs' expert. Defendants have fully complied with the Court's clear order instructing Defendants to produce all "all documents responsive to Plaintiffs' Second Request for Inspection, Items 7b, 7d, 7e, and 8c for the four prisons inspected by Plaintiffs' expert <u>in the same manner and to the same extent those types and categories of materials were provided to defendant's expert Steve J. Martin</u> for the prisons Mr. Martin inspected." (Order at 6, ECF No. 4367).

Steve Martin testified under oath that he was not provided copies of UOF videos, nor did he remove them from CDCR premises. (See Martin Deposition, p. 68:5-15 attached to Downer Declaration, Exhibit 1.) Therefore Defendants' production of UOF videos to Plaintiffs by making them available for to view at a mutually agreed upon CDCR location is consistent with the plain language of the court's order and appropriate, not *narrow* as Plaintiffs' conclude. (See Downer Declaration, Exhibit 2.) Under the Court's order, Defendants are under no obligation to provide *copies* of these videos to Plaintiffs' expert when no such arrangements were made for Mr. Martin.

Plaintiffs' reliance on *Voth v. Albright* (No. CIV S-04-2103 LKK GGH P, 2006 WL 3001362, *7-8 (E.D. Cal. Oct. 20, 2006)) and *Thomas v. Beutler* (No. 2:10-cv-01300 MCE CKD P, 2012 WL 4845571, at *7 (E.D. Cal. Oct. 10, 2012), is misplaced since the courts in both matters were considering disputes that are distinguishable from the one before this court. Specifically, the courts in *Voth* and *Thomas* rejected objections to the production of documents that were based on the assertion of several state privileges protecting the confidentiality of the investigation, complaint histories, and personnel privacy. By contrast, Defendants in this case are complying with the Court's order. Defendants are not objecting or asserting the privileges litigated in *Voth* or *Thomas*. Quite the opposite—Defendants have invited Plaintiffs and their expert to view the UOF videos at a CDCR location. (Exhibit 2.) Thus, while Defendants do have legitimate security, safety, and personnel privacy concerns that support their decision to permit inspection of the videos only on CDCR premises, they have not asserted these privileges to thwart inspection.

As previously discussed, Defendants should not be penalized for Plaintiffs' inability to conduct their inspection of Defendants' facilities and facility records in the time that they requested to be allotted—especially when Defendants have already made these items available for inspection in the manner that they were requested. (*See* Joint Discovery Dispute, ECF No. 4362.)

Defendants will comply with the plain language Court's order by making the UOF videos available for inspection in the same manner they were produced for the expert Steve Martin. They have notified Plaintiffs by e-mail, and in this statement, that <u>all responsive videos are currently available for inspection at a mutually agreed upon CDCR facility</u>. Plaintiffs' counsel's claim that their expert would have to revisit the sites where the videos are ordinarily kept is unfounded.[2] If they choose, they may view these materials in Sacramento or San Quentin State Prison—a two hour flight from Seattle, Washington. Nothing further is—or should be— required.

---

[2] Plaintiffs' complaint that Defendants' counsel reviewed two videos is irrelevant. It is common for counsel to review client materials in the course of litigation.

[752411-1]