KAMALA D. HARRIS
Attorney General of California
JAY C. RUSSELL
Supervising Deputy Attorney General
DEBBIE J. VOROUS, State Bar No. 166884
PATRICK R. MCKINNEY, State Bar No. 215228
WILLIAM H. DOWNER, State Bar No. 257644
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 324-2445
 Fax: (916) 322-5205
 E-mail: William.Downer@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,** | 2:90-cv-00520 LKK JFM PC |
| Plaintiffs, | **DECLARATION OF WILLIAM DOWNER** |
| v. | |
| **EDMUND G. BROWN JR., et al.,** | |
| Defendants. | |

I, William H. Downer, declare:

1. I am Deputy Attorney General assigned to represent Defendants in this matter.

2. A true and correct copy of pages one and sixteen of the transcript of Steve J. Martin's deposition taken on February 28, 2013 is attached as Exhibit 1.

3. A true and correct copy of an e-mail message that I sent to Plaintiffs notifying them that all responsive use of force videos were available for them and their expert to view at a mutually agreed upon California Department of Corrections and Rehabilitation location is attached to this declaration as Exhibit 2.

1

4. I have not represented to Plaintiffs' counsel that their expert would have to return to the institutions at which the use of force videos originated to view them. (*See* Exhibit 2.)

I declare that the foregoing is true and correct. Executed in Sacramento, California, on March 6, 2013.

                                                 */s/ William H. Downer*
                                                 WILLIAM H. DOWNER

CF1997CS0003

2

Declaration in Support of Joint Discovery Dispute Statement. (2:90-cv-00520 LKK JFM PC)

# EXHIBIT 1

## Page 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
---oOo---

RALPH COLEMAN, et al.,         )
                               )
                               )
        Plaintiffs,            )
                               )
    vs.            ) No. Civ S 90-0520 LKK-JFM
                               )
EDMUND G. BROWN, JR., et al., ) Volume I
                               )
                               ) Page 1 - 300
        Defendants.            )
_____)

DEPOSITION OF
STEVE J. MARTIN
THURSDAY, FEBRUARY 28, 2013

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

REPORTED BY:
HOLLY THUMAN, CSR No. 6834, RMR, CRR
--------------------------------------------------------
JAN BROWN & ASSOCIATES
WORLDWIDE DEPOSITION & VIDEOGRAPHY SERVICES
701 Battery Street, 3rd Floor, San Francisco, CA 94111
(415) 981-3498 or (800) 522-7096

## Page 2

```
                    I N D E X
EXAMINATION BY:                            PAGE
MR. BORNSTEIN                                 5
MS. CESARE-EASTMAN                          295
Reporter's Certificate                      300
         EXHIBITS MARKED FOR IDENTIFICATION
NO.           DESCRIPTION                   PAGE
Exhibit 1    Draft document headed "Use of Force   27
             Audit Tool [Steve]" (DEXP 102825
             through -826)
Exhibit 2    Handwritten notes (DEXP 105127 through  59
             -658)
Exhibit 3    Percentage of Use of Force and Non-Use  63
             of Force Incidents Involving Mental
             Health Patients, 2011 June - November
             (DEXP 105486)
Exhibit 4    Email chain, Martin to McKinney,   74
             November 9, 2012 (DEXP 010156)
Exhibit 5    State of California Department of   76
             Corrections and Rehabilitation
             Memorandum, September 12, 2012, to
             Associate Directors - Division of
             Adult Institutions, Wardens (DEXP
             009657 through -658)
Exhibit 6    Coleman Audit Best Practice        122
             Recommendations for Use of Force (DEXP
             105138 through -143)
Exhibit 7    Handwritten notes (DEXP 105146)    207
Exhibit 8    Coleman Review, Round XXV, California  211
             Correctional Health Care Services
             (DRPD 1 00450 through -479)
Exhibit 9    Handwritten notes headed "Telcon   235
             4/13/12" (DEXP 105149 through -150)
(Cont'd)
```

## Page 3

```
Exhibit 10   December 2011 Richard J. Donovan    243
             Correctional Facility document,
             Operation Plan No. 66 (DEXP 105439
             through -448)
Exhibit 11   Handwritten notes headed "RVR 3/28/12"  246
             (DEXP 105489 through -490)
Exhibit 12   Rules Violation Report, 12-25-11,   250
             R.J.D.C.F. (DEXP 105497 through -505)
Exhibit 13   2/15/12 email, McKinney to Dvoskin and  267
             others (DEXP 000013)
Exhibit 14   Email chain, 12/12/2011, McKinney to  270
             Martin (DEXP 009583 through -584)
Exhibit 15   March 17, 2011 State of California  281
             Memorandum, Hunnicutt to Neotti (DEXP
             105453 through -454)
Exhibit 16   May 12, 2011 State of California   282
             Memorandum, Hunnicutt to Neotti (DEXP
             105455 through -456)
Exhibit 17   July 18, 2011 State of California   283
             memorandum, Hunnicutt to Paramo (DEXP
             105457 through -459)
Exhibit 18   October 9, 2011 State of California  283
             Memorandum, Hunnicutt to Paramo (DEXP
             105460 through -461)
Exhibit 19   October 9, 2011 State of California  285
             Memorandum, Hunnicutt to Paramo (DEXP
             105462 through -463)
Exhibit 20   Handwritten notes headed "RJD Cont'd  287
             3/28/12" (DEXP 105464 through -465)
Exhibit 21   Rules Violation Report, sent up on  291
             January 23, 2012 (DEXP 105506 through
             -507)
Exhibit 22   Rules Violation Report: Mental Health  294
             Assessment Request - CDCR 115-MH
             Supplemental Information Form for
             Hearing Officer, 12/22/11 (DEXP
             105512)
```

## Page 4

```
                        --oOo--
         Deposition of STEVE J. MARTIN, taken by the
Plaintiffs, at K&L GATES LLP, Four Embarcadero Center,
Suite 1200, San Francisco, California 94111, commencing
at 9:27 a.m., on THURSDAY, FEBRUARY 28, 2013, before me,
HOLLY THUMAN, CSR, RMR, CRR.
                        --oOo--
                     APPEARANCES
FOR THE PLAINTIFFS:
    K&L GATES LLP
    Four Embarcadero Center, Suite 1200
    San Francisco, California 94111
    415.249.1059
    By:  JEFFREY BORNSTEIN, Attorney at Law
         jeff.bornstein@klgates.com
         MEGAN F. CESARE-EASTMAN, Attorney at Law
         megan.cesare-eastman@klgates.com
         RANJINI ACHARYA, Attorney at Law
    ROSEN BIEN GALVAN & GRUNFELD LLP
    315 Montgomery Street, Tenth Floor
    San Francisco, California 94104-1823
    By:  MICHAEL W. BIEN, Attorney at Law
         415.433.6830
         (Present when indicated.)

FOR DEFENDANTS:
    ATTORNEY GENERAL OF CALIFORNIA
    455 Golden Gate Avenue, Suite 11000
    San Francisco, California 94102-7004
    By:  PATRICK RICHARD McKINNEY II
         Deputy Attorney General
         415.703.3035
         Patrick.McKinney@doj.ca.gov
ALSO PRESENT:  ELDON VAIL
```

significant?

A. Right.

Q. And how is that defined?

A. I mean, precisely, I don't know. I'd have to go to the regs and the LOPs.

Q. All right. And so there were 113 of those. Right?

A. Yes.

Q. And approximately 69 -- well, it says, not approximately, 69 were mental health, and 44 were non-mental health. Right?

A. Yes.

Q. And so again, the majority of those, non-use of force, as you define it, meaning some force but not significant, more than the majority.

A. Yes.

Q. Right? I should -- I should have done better in math, and I could have given you a percentage, and maybe I will in a little while.

MR. McKINNEY: We'll stipulate to the math.

MR. BORNSTEIN: Q. What it says up at the top is, of the use-of-force incidents, 65 percent occurred with mental health inmate/patients. Right?

A. Yes.

Q. That's what it says.

65

A. Yes.

Q. And it says, for the non-use-of-force incidents, 61 percent occurred with mental health incidents. Right?

A. Correct.

Q. Okay. So those are -- and we -- you don't find that to be disproportionate given the population of mental health inmates in the system?

MR. McKINNEY: Objection. Assumes facts, vague as to time, argumentative.

THE WITNESS: Well, I don't know what -- how you're using the term "disproportionate."

MR. BORNSTEIN: Q. I'm being very simple. There's 26 percent of the prison population is considered mental health caseload. Right? And -- but yet, 65 percent of the use-of-force incidents, in this particular institution at least, involved mental health patients or inmates?

A. If you're using that in a strictly definitional, neutral way, certainly. It's disproportionate.

Q. Okay. So doesn't that raise issues for you?

MR. McKINNEY: Objection. Argumentative.

THE WITNESS: It's something that, in my -- in my work, I certainly inform myself of. Is it

66

determinative? Not at all. Is it unusual? Not at all.

But when you're looking at use of force, what you're looking at is, out of how many of that 147 were those righteous use of force? I mean, they are what they are. If an inmate resists an order or gets in a fight and force is necessary, that's what drives the numbers.

MR. BORNSTEIN: Q. I understand what you're saying. It is what it is. And if an inmate refuses an order and you got to use force, then that's what it is. Right?

But wouldn't you agree that people that have some sort of mental health issues might have a harder time complying with orders than others?

A. Absolutely.

Q. So isn't that something that should be taken into consideration, then, before force is used?

A. Absolutely, if it's a calculated and planned.

Q. So then part of what I understood your methodology is, usually, is you like to dig in the dirt and get to the bottom of it. Did you get to the bottom of it in this case?

A. Yes. In calculated and planned uses of force involving MH, they abide by their regs of exhaustion and consultation and so forth.

67

Q. Did you look at the videos of those calculated use-of-force incidents so you could see for yourself what those interactions look like?

A. In some instances, I did.

Q. How many videos did you look at?

A. I don't know. I'd have to go back through my notes.

Q. More than ten?

A. Yes, I think.

Q. In all the institutions?

A. No.

Q. Did they send the videos to you?

A. No.

Q. So you looked at them on site?

A. Yes. Yes.

Q. Okay. Did you see instances in which there seemed to be a cursory sort of, well, we're sending a mental health person in, nope, he won't comply, and then they come back. Did you see that?

MR. McKINNEY: Objection.

MR. BORNSTEIN: Q. Did you see that in some of the videos?

MR. McKINNEY: Objection. Argumentative, compound, vague and ambiguous.

THE WITNESS: Not that particular thing, I

68

# EXHIBIT 2

| | |
|---|---|
| **From:** | William Downer |
| **To:** | Aaron Fischer |
| **Cc:** | katherine.tebrock@cdcr.ca.gov; heather.mccray@cdcr.ca.gov; Schwartz, Jennifer@CDCR; Patrick McKinney; Debbie Vorous (Debbie.Vorous@doj.ca.gov); Jay Russell; Maneesh Sharma |
| **Subject:** | FW: Protective Order [IWOV-DMS.FID25914] |
| **Date:** | Tuesday, March 05, 2013 4:41:00 PM |
| **Attachments:** | MARTIN STEVE - Vol I - CONFIDANT TO PROTECTIVE ORDER_(COND) 17.pdf |

Aaron,

Your proposed changes are unacceptable. Defendants have explicitly stated that use of the materials covered under protective order must be limited to the termination motions litigated in *Coleman* and before the Three-judge panel. Your changes expand their use into cases—*Clark*, *Armstrong*, and *Plata*—that are not the subject of discovery proceedings related to termination motions.

In addition, the Court's ruling on your motion to compel changes the contours of what must be made available from the LAC, KVSP, Corcoran, and San Quentin site inspections. The order denied Plaintiffs' untimely, informal request for weapon tracking data. Moreover, the order only requires that Defendants provide your expert with access to use of force and RVR materials in the same manner and extent that they were provided to Steve Martin. Since Steve Martin only viewed the UOF videos on-site (*see attached* Martin Depo. 68:5-15), Defendants will make UOF videos available for your expert to view at a mutually agreed upon CDCR location.

Please reconsider your changes to the proposed protective order so Defendants can provide you the materials without risk of publicly disclosing confidential information. Please also give us a preferred CDCR location, date, and time to make the UOF videos available for your expert to view.

William H. Downer
Deputy Attorney General
California Department of Justice
Office of the Attorney General, Correctional Law Section
Office:  916 324-2445
Fax:  916-324-5205

---

**From:** Aaron Fischer [mailto:AFischer@rbgg.com]
**Sent:** Tuesday, March 05, 2013 2:11 PM
**To:** William Downer
**Cc:** 'heather.mccray@cdcr.ca.gov'; 'katherine.tebrock@cdcr.ca.gov'; 'Schwartz, Jennifer@CDCR'; Debbie Vorous; Jay Russell; Patrick McKinney; 'Megan F. Cesare-Eastman'; 'Bornstein, Jeffrey L. (Jeffrey.Bornstein@klgates.com) (Jeffrey.Bornstein@klgates.com)'; Coleman Team - RBG Only
**Subject:** RE: Protective Order [IWOV-DMS.FID25914]

Sonny,

Please find Plaintiffs' revisions to the protective order (in redline, as requested). Let me know if you have any questions. Defendants have my permission to e-sign my name to the current version (with redline changes Accepted) and file with the court. If any further revisions are proposed,

please provide for review.

We look forward to receiving these materials. I trust that Defendants will honor their agreement to produce the weapons use tracking data responsive to Plaintiffs' very limited request on that topic.

Thank you for all your efforts and cooperation moving forward.

-Aaron


Aaron J. Fischer, Esq.
ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Tel: (415) 433-6830
Fax: (415) 433-7104
afischer@rbgg.com
www.rbgg.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.

IRS CIRCULAR 230 NOTICE: As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

---

**From:** William Downer [mailto:William.Downer@doj.ca.gov]
**Sent:** Tuesday, March 05, 2013 11:41 AM
**To:** Aaron Fischer
**Cc:** 'heather.mccray@cdcr.ca.gov'; 'katherine.tebrock@cdcr.ca.gov'; 'Schwartz, Jennifer@CDCR'; Debbie Vorous; Jay Russell; Patrick McKinney
**Subject:** RE: Protective Order [IWOV-DMS.FID25914]

Yes. The word version is attached. Please use the tracked changes function to record your proposed revisions.

William H. Downer
Deputy Attorney General
California Department of Justice
Office of the Attorney General, Correctional Law Section
Office: 916 324-2445
Fax: 916-324-5205

---

**From:** Aaron Fischer [mailto:AFischer@rbgg.com]
**Sent:** Tuesday, March 05, 2013 11:31 AM

**To:** William Downer
**Cc:** 'heather.mccray@cdcr.ca.gov'; 'katherine.tebrock@cdcr.ca.gov'; 'Schwartz, Jennifer@CDCR'; Debbie Vorous; Jay Russell; Patrick McKinney; Coleman Team - RBG Only; 'Bornstein, Jeffrey L. (Jeffrey.Bornstein@klgates.com) (Jeffrey.Bornstein@klgates.com)'; 'Megan F. Cesare-Eastman'
**Subject:** RE: Protective Order [IWOV-DMS.FID25914]

Sonny,

Thank you. Can you please send me a WORD version so that Plaintiffs may propose some final revisions to the protective order?

-Aaron

Aaron J. Fischer, Esq.
ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Tel: (415) 433-6830
Fax: (415) 433-7104
afischer@rbgg.com
www.rbgg.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.

IRS CIRCULAR 230 NOTICE:  As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

---

**From:** William Downer [mailto:William.Downer@doj.ca.gov]
**Sent:** Tuesday, March 05, 2013 11:19 AM
**To:** Aaron Fischer
**Cc:** heather.mccray@cdcr.ca.gov; katherine.tebrock@cdcr.ca.gov; Schwartz, Jennifer@CDCR; Debbie Vorous; Jay Russell; Patrick McKinney
**Subject:** Protective Order

Aaron,

Consistent with our discussions yesterday, I have bifurcated our the protective order to designate all use of force packets and videos and records bearing identifying information of CDCR personnel as confidential and subject to the protective order, and the remaining records will be covered if they contain personal, security, or personnel information.  See paragraphs 5-7.

I have not changed the limitations in paragraph 12 because there is no termination litigation in ongoing in *Plata*, and the items that will be produced aren't relevant to

*Plata*.

Please contact me if you have any questions.

Sincerely,

William H. Downer
Deputy Attorney General
California Department of Justice
Office of the Attorney General, Correctional Law Section
Office:  916 324-2445
Fax:  916-324-5205

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.