**Coleman v. Brown, 90-0520 LKK JFM**
**Joint Statement Regarding Discovery Dispute**

Defendants move to compel the deposition of Plaintiffs' expert, Dr. Craig Haney, on or before March 19, 2013, or to exclude his testimony.

**<u>Defendants' Position</u>**

Plaintiffs have offered their expert, Dr. Haney for deposition on either the evening of March 21, 2013, or on March 22, the day Defendants' reply brief is due. During meet-and-confer sessions, Plaintiffs indicated that they would try to make Dr. Haney available the evening of March 20. But offering depositions on these dates effectively prohibits Defendants from cross-examining Dr. Haney and fully responding to Plaintiffs' opposition to Defendants' motion to terminate. And it unfairly violates the Federal Rules of Civil Procedure. Accordingly, Defendants seek to compel Dr. Haney's deposition on or before March 19, 2013. If Dr. Haney's deposition cannot be held in a timely manner, Plaintiffs must be precluded from relying upon Dr. Haney's opinion to support their opposition to Defendants' motion.

Federal Rule of Civil Procedure 26(b)(4)(A) permits the discovery sought by Defendants: "[a] party may depose any person who has been identified as an expert whose opinions maybe presented at trial." Here, investigating Plaintiffs' experts' opinions is critical, given that expert testimony is likely to determine the issues raised in Defendants' motion. The Advisory Committee Notes to Rule 26 squarely address the issue. The Notes discuss instances where, as here, expert testimony is likely to decide the issues in dispute, stating that "a prohibition against discovery of information held by expert witnesses produces in acute form the very evils that discovery has been created to prevent." Fed. R. Civ. P. 26, Notes to Adv. Comm. on 1970 Amendments, 26(b)(4)(A). Expert witness discovery is often critical because, as the Advisory Committee observed, "even with the help of his own experts [the lawyer] frequently can not anticipate the particular approach his adversary's expert will take or the data on which he will base his judgment on the stand." *Id.* In short, the Advisory Committee found that "effective rebuttal requires advance knowledge of the line of testimony of the other side. If the latter is foreclosed by a rule against discovery, then the narrowing of issues and elimination of surprise which discovery normally produces are frustrated." *Id.* Moreover, the Advisory Committee observed that expert witness depositions "have become standard" and are "the norm." *Id.*, Notes to Adv. Comm. on 1993 Amendments, 26(b)(4)(A).

Rule 37 states that a party who fails to provide information may not later rely on that information in support of a motion. Fed. R. Civ. P. 37(c)(1). If discovery is not permitted, a party may be prohibited from supporting or opposing claims or defenses, and pleadings may be stricken. Fed. R. Civ. P. 37(b)(2)(A)(ii)-(iii). Both remedies would be appropriate here if Dr. Haney is not offered for deposition before Defendants' reply brief deadline. Plaintiffs have known about Defendants' March 22, 2013 reply deadline since January 29, 2013. (ECF Dock. No. 4316.) Plaintiffs could have taken steps at that time to ensure all of their experts' availability for deposition. And Plaintiffs have stated that their experts' work will be completed by March 15, 2013. (ECF Dock. No. 4364 at 2.) Not offering Dr. Haney for deposition until Defendants' briefing deadline has all but expired is simply unfair and will significantly harm Defendants' ability to respond to Plaintiffs' opposition. For these reasons, Dr. Haney must be compelled to attend a deposition on or before March 19 or have his testimony stricken.

**Plaintiffs' Position:** The Court should deny Defendants' motion to compel Dr. Haney's deposition on March 19, 2013 or, alternatively, to exclude Dr. Haney's expert report. Dr. Haney is completely unavailable for deposition until March 21, and Defendants will suffer no prejudice from conducting the deposition on that date.

Dr. Haney is not available to be deposed until March 21 because of pre-planned, pre-paid, and court-approved professional commitments he has as an expert in other cases. Just hours after completing his expert report in this case (which has already been produced to Defendants), Dr. Haney flew from California to Pennsylvania on March 12 to conduct court-authorized prison tours and prisoner interviews on March 13, 14, and 15 for a federal capital case; that trial is currently proceeding before a jury. Late on March 15, Dr. Haney will travel to New York City to consult on March 16 and 17 with attorneys in a separate conditions-of-confinement case. On March 18, as part of his work on a capital habeas case, Dr. Haney will travel to Louisiana, where he will conduct pre-scheduled interviews with a prisoner on death row and others on March 19 and 20. His return flight to California does not arrive until late on March 20. These plans have been arranged and all tickets purchased for several weeks or, in some cases, months so as to coincide with the short break in Dr. Haney's teaching duties between the Winter and Spring Quarters at the University of California - Santa Cruz. Fischer Decl. ¶¶ 2-13. Simply put, Dr. Haney cannot be deposed any time before March 21.

No principle of fairness, court order, or rule of civil procedure supports Defendants' motion. Plaintiffs have already produced Dr. Haney's expert report to Defendants, along with all related discoverable materials, providing Defendants with sufficient time to respond to his opinions. *Id.* ¶ 5. The transcript from a March 21 deposition could be completed in advance of Defendants' filing deadline to permit them to incorporate relevant testimony. *Id.* ¶ 16.

Defendants' prejudice arguments ring particularly hollow given Plaintiffs' offers to make Dr. Haney available in a manner more convenient to Defendants. Dr. Haney worked to shuffle his already impossibly busy schedule to be deposed on March 20, 2013; Defendants rejected that offer.[1] *Id.* ¶ 14. Plaintiffs also offered to stipulate to Defendants' filing a supplemental reply brief, allowing Defendants more time to review a March 21 deposition transcript; Defendants again refused. *Id.* And viewed in the larger context of this dispute, Defendants' complaints lack all merit. Defendants secretly collected evidence to support their motion over 18 months. Defendants' motion triggered the PLRA's 90-day stay provision, forcing Plaintiffs to gather and synthesize evidence of system-wide constitutional violations in less than 50 days. Surely, given a day, Defendants can incorporate into their briefing the testimony from a single deposition.

The Court's January 25 and March 6, 2013 orders do not indicate that Defendants are entitled to <u>any</u> depositions of Plaintiffs' experts, let alone specify a particular time at which they must be conducted. Nonetheless, Plaintiffs have made all of their experts, including Dr. Haney, available for deposition prior to Defendants' March 22 deadline for filing their reply brief. Federal Rule of Civil Procedure 26(b)(4)(A), cited by Defendants, is silent regarding the timing of expert depositions, and thus of no help. Defendants reliance on Rule 37(c)(1) to argue that Dr. Haney's report should be excluded is similarly misplaced. Rule 37(c)(1) addresses only the prohibition on using evidence that a party should have, but did not, include as part of required disclosures; Plaintiffs' have already provided Defendants with Dr. Haney's complete report.

---

[1] Though Dr. Haney was capable of returning from his trip early when Plaintiffs offered a March 20 deposition date (earlier this week), his professional obligations required advance notice of any scheduling changes, and he is no longer available that day. Fischer Decl. ¶ 15.