DONALD SPECTER – 083925
STEVEN FAMA – 099641
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

JON MICHAELSON – 083815
JEFFREY L. BORNSTEIN – 099358
LINDA L. USOZ – 133749
MEGAN CESARE-EASTMAN – 253845
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, California 94111-5994
Telephone: (415) 882-8200

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
LISA ELLS – 243657
AARON J. FISCHER – 247391
MARGOT MENDELSON – 268583
KRISTA STONE-MANISTA – 269083
ROSEN BIEN
GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California 94104-4244
Telephone: (415) 864-8848

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>EDMUND G. BROWN, Jr., et al.,<br><br>　　　　Defendants. | Case No. Civ S 90-0520 LKK-JFM<br><br>**DECLARATION OF AARON J. FISCHER IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL** |

1    I, Aaron J. Fischer, declare:

2    1.   I am an attorney admitted to practice law in California, a member of the bar of this Court, and an associate in the law firm of Rosen Bien Galvan & Grunfeld LLP, counsel of record for Plaintiffs. I have personal knowledge of the matters set forth herein, and if called as a witness I could competently so testify. I make this declaration in support of Plaintiffs' Opposition to Defendants' Motion to Compel the Deposition of Craig Haney on March 19, 2013, or to Exclude His Testimony.

2.   Dr. Craig Haney is one of the five experts retained by Plaintiffs to submit expert opinion in support of Plaintiffs' opposition to Defendants' motion to terminate all prospective relief in this matter. Dr. Haney is a Professor of Psychology, Director of the Legal Studies Program, and director of the Graduate Program in Social Psychology at the University of California at Santa Cruz ("UCSC"). Dr. Haney teaches a number of courses at UCSC. Dr. Haney also actively supervises numerous graduate students throughout the year.

3.   In addition to his teaching duties, Dr. Haney serves as an expert witness in numerous civil cases throughout the United States regarding the conditions of confinement in jails and prisons. Dr. Haney also frequently serves as an expert witness in criminal cases, opining on the social histories of persons accused or convicted of capital crimes.

4.   Dr. Haney completed his expert report in support of Plaintiffs' opposition to Defendants' motion to terminate late on the night of March 11, 2013.

5.   On March 12, 2013, Plaintiffs' counsel sent Defendants Dr. Haney's expert report, along with all related discoverable material, via overnight mail.

6.   Within hours of signing his expert declaration, Dr. Haney left California on a pre-scheduled, pre-paid business trip from March 12 to March 20, 2013 that would take him to three separate destinations.

7.   On March 12, 2013, Dr. Haney flew from California to Pennsylvania to conduct prison tours and prisoner interviews on March 13, 14, and 15 for a federal capital case. The trial for this case is currently proceeding before a jury. The tours and prisoner

interviews in Pennsylvania were specifically authorized by the federal court judge presiding in that case.

8. On March 15, 2013, Dr. Haney will travel to New York City to consult on March 16 and 17 with attorneys in a separate case related to conditions of confinement.

9. On March 18, 2013, as part of Dr. Haney's work on a capital habeas case, Dr. Haney will travel to Louisiana, where he will conduct pre-scheduled interviews with a death row prisoner and others on March 19 and 20.

10. Dr. Haney has a pre-paid ticket to return to California on a flight that arrives late on March 20, 2013.

11. Interviews with prisoners and tours of prison facilities required Dr. Haney to obtain pre-approved gate clearances from the relevant correctional facilities that he is visiting during this business trip, as described above.

12. Dr. Haney's work-related travel has been arranged and purchased for several weeks, or, in some cases, months. Dr. Haney scheduled the trip for this specific time period in order to coincide with the extremely short break in his teaching responsibilities between the Winter and Spring Quarters at UCSC.

13. Because of Dr. Haney's travel and professional commitments, he is not available to be deposed by Defendants until March 21, 2013.

14. Attached hereto as **Exhibit A** is true and correct copy of a series of emails between Michael W. Bien, counsel for Plaintiffs in this matter, and Jay Russell, counsel for Defendants, regarding the scheduling of depositions for Plaintiffs' experts, including for Dr. Haney. On March 8, 2013, in an email from Mr. Bien to Mr. Russell, Plaintiffs' counsel informed Defendants that Dr. Haney would not be available for Defendants to take his deposition until March 21, 2013. Counsel for Defendants provided no response for four days. On March 12, 2013, Mr. Russell, in an email to Mr. Bien, expressed concerns regarding the date for Dr. Haney's deposition, and insisted that "Dr. Haney be available for deposition on or before March 19." In response to Mr. Russell's concerns, Plaintiffs' counsel immediately contacted Dr. Haney to determine if he would be able to be available

for deposition earlier than March 21, 2013. Dr. Haney reported that he might be able shift his schedule to return to California for his deposition on March 20, 2013. Thereafter, on March 12, 2013, Plaintiffs' counsel proposed to Defendants that they could take Dr. Haney's deposition on March 20, 2013. Alternatively, Plaintiffs' counsel proposed that Defendants could take Dr. Haney's deposition on March 21, 2013 or a later date, and that Plaintiffs would stipulate to Defendants' filing of a supplemental reply brief in which Defendants could address any issues raised during Dr. Haney's deposition. In an email to Mr. Bien on March 13, 2013, Mr. Russell rejected both of Plaintiffs' counsel's proposals. Instead, Defendants decided to move to compel Dr. Haney's deposition on March 19, 2013, one day earlier than the date Plaintiffs' counsel offered to make Dr. Haney available, or to exclude Dr. Haney's testimony entirely.

15. Though Dr. Haney was capable of returning to California by March 19, 2013 when Plaintiffs offered a March 20, 2013 deposition date, Dr. Haney's professional obligations required advance notice of any scheduling changes. Accordingly, he is no longer available to be deposed on March 20, 2013. The earliest that Dr. Haney can be available for Defendants to take his deposition is now March 21, 2013.

16. From my experience, a rough transcript from a deposition can be made available to attorneys shortly after the completion of the deposition. From my experience, a final transcript from a deposition can be obtained the day following a deposition.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct, and that this declaration is executed at San Francisco, California this 14th day of March, 2013.

/s/ Aaron J. Fischer
Aaron J. Fischer

[756522-1]

3
DECLARATION OF AARON J. FISCHER IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL