DONALD SPECTER – 083925
STEVEN FAMA – 099641
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
AARON J. FISCHER – 247391
MARGOT MENDELSON – 268583
KRISTA STONE-MANISTA – 269083
ROSEN BIEN
GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830

JON MICHAELSON – 083815
JEFFREY L. BORNSTEIN – 099358
LINDA L. USOZ – 133749
MEGAN CESARE-EASTMAN – 253845
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, California 94111-5994
Telephone: (415) 882-8200

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California 94104-4244
Telephone: (415) 864-8848

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | Case No. Civ S 90-0520 LKK-JFM |
| Plaintiffs, | **DECLARATION OF MICHAEL W. BIEN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO TERMINATE** |
| v. | |
| EDMUND G. BROWN, Jr., et al., | Judge: Hon. Lawrence K. Karlton |
| Defendants. | Date: March 27, 2013 |
| | Time: 10:00 a.m. |
| | Crtrm.: 4 |

1    I, Michael W. Bien, declare:

2    I am an attorney admitted to practice law in California, a member of the bar of this

3    Court, and a partner in the law firm of Rosen Bien Galvan & Grunfeld LLP, counsel of

4    record for Plaintiffs. I have personal knowledge of the matters set forth herein, and if

5    called as a witness I could competently so testify. I make this declaration in support of

6    Plaintiffs' Opposition to Defendants' Motion to Terminate.

7    1.    Attached hereto as **Exhibit 1 is** a true and correct copy of the CDCR

8    Offender Information Services Branch Weekly Population Report as of February 27, 2013,

9    which was downloaded by one of our paralegals from CDCR's public website located at

10   http://www.cdcr.ca.gov/Reports_Research/Offender_Information_Services_Branch/Weekl

11   yWed/TPOP1A/TPOP1Ad130227.pdf.  According to the data provided in this Report,

12   CDCR institutions were at 149% of capacity on February 27, 2013.

13   2.    Attached hereto as **Exhibit 2 is** a true and correct copy of a CDCR Report

14   entitled, "EOP Cases Assigned Bus Seats for the Week of February 11, 2013" and a CDCR

15   Report, entitled,  "CCCMS Cases Assigned Bus Seats for the Week of February 11, 2013,"

16   produced by Defendants as DPRD2-000075 to DPRD2-000076.

17   3.    Attached hereto as **Exhibit 3** is a true and correct copy of a January 25, 2013

18   Report analyzing 6 years of suicides in the CDCR.  The report is entitled "CDCR Suicides:

19   Results of Recent Analysis," and is a report by Dr. Robert Canning that was attached to an

20   e-mail by Amy Eargle to Maria Jones on Monday February 11, 2013. This was produced

21   as part of a large group of documents in response to plaintiffs' document request and was

22   not bates-stamped.

23   4.    Attached hereto as **Exhibit 4** is a true and correct copy of the Transcript of

24   the Deposition of Jacqueline Moore, RN, PhD. taken on February 21, 2013 excerpted at

25   162:11 -163:7 and 163:10 –163:13.

26   5.    Attached hereto as **Exhibit 5** is a true and correct copy of the Transcript of

27   the Deposition of Jacqueline Moore, RN, PhD. taken on February 21, 2013 excerpted at

28   166:4 - 168:9.

1     6.     Attached hereto as **Exhibit 6** is a true and correct copy of the Transcript of

2   the Deposition of Jacqueline Moore, RN, PhD. taken on February 21, 2013 excerpted at

3   179:5 - 180:12.

4     7.     Attached hereto as **Exhibit 7** is a true and correct copy of an email produced

5   by Defendants in response to plaintiffs' document request, from James Telander, dated

6   January 30, 2013 with the subject line: MCSP SRE Mentor Program, but was not bates-

7   stamped.

8     8.     Attached hereto as **Exhibit 8** is a true and correct copy of the Pulitzer

9   Bogard Associate Report on CDCR Prison Capacity Planning, dated October 3, 2011,

10   produced by defendants in their electronic discovery as Bates DPRD Email 011437

11   responsive to Plaintiffs' Request for Production 90a.  Defendants have waived any claims

12   of privilege.

13     9.     Attached hereto as **Exhibit 9**, a true and correct copy of the OIG Report on

14   August 2009 Riot at CIM, dated April 22, 2010.  A paralegal in my office downloaded this

15   report from the Office of Inspector General public website at

16   http://www.oig.ca.gov/pages/reports.php.

17     10.     Attached hereto as **Exhibit 10**, a true and correct copy of the OIG Report on

18   CIM Quadrennial and Warden Audit, dated November 20, 2008.  A paralegal in my office

19   downloaded this report from the Office of Inspector General website at

20   http://www.oig.ca.gov/pages/reports.php.

21     11.     Attached hereto as **Exhibit 11**, a true and correct copy of the CCPOA Steve

22   Weiss Letter to CDCR Office of Labor Relations Re Implementation of Pilot Program for

23   ATOM, dated December 16, 2011.  An attorney in my office did at search at the CCPOA

24   public website for information on the ATOM chair pilot program and downloaded the

25   information from http://www.ccpoa.org/files/Dec_MC_AltTreatment1.pdf.

26     12.     Attached hereto as **Exhibit 12**, a true and correct copy of the CCI Group

27   Therapy Schedule, dated February 22, 2013, with bates stamp CCI 2, which was provided

28   to plaintiffs following the expert tour by Craig Haney on February 22, 2013.

1    13.    Attached hereto as **Exhibit 13**, a true and correct copy of the CDCR CCI

2 Weekly Population Summary, dated February 21, 2013, with bates stamp CCI 3.  This

3 document was provided to plaintiffs following the expert tour by Craig Haney on February

4 22, 2013.

5    14.    Attached hereto as **Exhibit 14** is a true and correct copy of the December

6 2012 American Psychiatric Association Position Statement on Segregation of Prisoners

7 with Mental Illness, which was downloaded by me on March 15, 2013, from the APA

8 website, www.psychiatry.org/advocacy--newsroom/position-statements.

9    15.    Attached hereto as **Exhibit 15** is a true and correct copy of the Coleman

10 Program Guides, 2009 Revision, Chapter 8, pages 12-8-1 to 12-8-3.  Chapter 8 concerns

11 treatment in Security Housing Units, or "SHU" units, and the excepted contains the SHU

12 exclusionary criteria adopted for Pelican Bay State Prison by this Court.

13    16.    Attached hereto as **Exhibit 16** is a true and correct copy of a section from the

14 2009 revision to the Coleman Program Guides, from Chapter 5, the section on Mental

15 Health Crisis Beds.  The section concerns so-called "psych and return procedures"

16 designed to ensure that a patient discharging from an MHCB unit is returned to a prison

17 which can provide an appropriate level of care.   The attached exhibit includes pages 12-5-

18 27 to 12-5-28.

19    17.    Attached hereto as **Exhibit 17** is a true and correct copy of a section from the

20 2009 revision to the Coleman Program Guides, from Chapter 6, the section on the

21 Department of Mental Health Programs, now called Department of State Hospitals.  The

22 section concerns so-called "psych and return procedures" designed to ensure that a patient

23 discharging from a DMH unit is returned to a prison which can provide an appropriate

24 EOP level of care.   The attached exhibit includes page 12-6-13.

25    18.    Attached hereto as **Exhibit 18** is a true and correct copy of the MCSP 25th

26 Round Management Report, which was created by mental health managers at Mule Creek

27 State Prison in connection with the Special Master's 25th round monitoring visit to the

28 institution in the summer of 2012.  This report covers the period from December 1, 2011 to

DECLARATION OF MICHAEL W. BIEN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO TERMINATE

1    May 31, 2012 and the report was produced by defendants in response to plaintiffs'

2    document request and was given the following bates stamp range by the defendants:

3    DRPD 1 00358-00374.

4          19.    Attached hereto as **Exhibit 19** is a true and correct copy of the California

5    Institute for Men (CIM) 25th Round Management Report, which was created by mental

6    health managers at CIM in connection with the Special Master's 25th round monitoring

7    visit to the institution on April 25, 2012. This report covers the period from October 1,

8    2011 to March 31, 2012.  The document has been bates-stamped DRPD 1 00095-1 00115

9    by the defendants.

10         20.    Attached hereto as **Exhibit 20**, a true and correct copy of the COR 25th

11   Round Management Report, which was created by mental health managers at COR in

12   connection with the Special Master's 25th round monitoring visit to the institution on

13   August 20-23, 2012.  This report covers the period from January 1, 2012 to June 30, 2012.

14   The document has been bates-stamped DRPD 1 00199-1 00217 by the defendants.

15         21.    Attached hereto as **Exhibit 21**, a true and correct copy of the CCI 25th

16   Round Management Report, which was created by mental health managers at CCI in

17   connection with the Special Master's 25th round monitoring visit to the institution on July

18   30, 2012 to August 1, 2012. This report covers the period from December 1, 2011 to May

19   31, 2012.  The document has been bates-stamped DRPD 1 00045-1 00056 by the

20   defendants.

21         22.    Attached hereto as **Exhibit 22** is a true and correct copy of an article by Dr.

22   Heriberto G. Sánchez, PhD. California Men's Colony, CDCR, in the Journal of

23   Correctional Health Care entitled "Suicide Prevention in ASU: What is Missing?"  The

24   article is dated February 2013.

25         23.    Attached hereto as **Exhibit 23** is a true and correct copy of the Encl 3:

26   HCPOP Mental Health Population by Institution, date January 18, 2013, excerpted from

27   Defendants' January Coleman Monthly Data, which is provided to plaintiffs via their FTP

28   site.  These monthly statistical packages are routinely provided every month in the course

[755607-1]

4

1   of this case by defendants to plaintiffs and the Special Master.  This document was

2   uploaded to an FTP site used by the parties to facilitate document transfers by defendants

3   and downloaded by a paralegal in my office.

4        24.    Attached hereto as **Exhibit 24** is a true and correct copy of the CDCR OISB

5   Weekly Population Report as of April 18, 2012, which was downloaded by one of our

6   paralegals from CDCR's public website located at

7   http://www.cdcr.ca.gov/Reports_Research/Offender_Information_Services_Branch/Weekl

8   yWed/TPOP1A/TPOP1Ad130227.pdf.

9        25.    Attached hereto as **Exhibit 25** is a true and correct copy of the Encl 3:

10  HCPOP Combined Mental Health Population Per Institution, dated August 8, 2008,

11  excerpted from Defendants' August 2008 Coleman Monthly Data Report which is

12  provided to Plaintiffs via their FTP site.  These monthly statistical packages are routinely

13  provided every month in the course of this case by defendants to plaintiffs and the Special

14  Master.  This document was uploaded to an FTP site used by the parties to facilitate

15  document transfers by defendants and downloaded by a paralegal in my office.

16       26.    Attached hereto as **Exhibit 26** is a true and correct copy of the CCWF 25th

17  Management Report, which was created by mental health managers at CCWF in

18  connection with the Special Master's 25th round monitoring visit to the institution on May

19  16, 2012.  This report covers the period from October 1, 2011 to March 31, 2012.  The

20  document has been bates-stamped DRPD 1 00057-1 00078 by the defendants.

21       27.    Attached hereto as **Exhibit 27** is a true and correct copy of the Moore

22  February 21, 2013 Deposition Transcript, 180:6 - 181:12

23       28.    Attached hereto as **Exhibit 28** is a true and correct copy of the June 18, 2012

24  e-mail from Robert Canning to Lindsay Hayes with the statement, "Obviously when your

25  report landed it was not roundly applauded and in fact was buried," produced by Mr.

26  Hayes on February 5, 2013 in response to Plaintiffs' February 4, 2013 Deposition Notice

27  and Subpoena.

28

[755607-1]

DECLARATION OF MICHAEL W. BIEN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO TERMINATE

1      29.    Attached hereto as **Exhibit 29** is a true and correct copy of the Excerpts from

2  Defendants' Coleman Trial Exhibit X.1338, California Department of Corrections, Final

3  Report, Mental Health Services Delivery System Study, February 16, 1993, by Western

4  Consortium for Public Health in association with Scarlett Carp and Associates, Inc. ["The

5  Scarlett Carp Report"], Executive Summary, at i and vi and page 10.

6      30.    Attached hereto as **Exhibit 30** is a true and correct copy of two letters, dated

7  January 23, 2013 and February 12, 2013 to Department of State Hospitals Salinas Valley

8  Psychiatric Program (SVPP) Executive Director Charles DeSilva, from each of the

9  psychiatrists then working in the Salinas Valley Psychiatric Program.  These letters were

10  authenticated and are Exhibits 1 and 2 to the Deposition of John Brim in this case.

11      31.    Attached hereto as **Exhibit 31** is a true and correct copy of the document

12  dated January 23, 2013 entitled "DSH Monthly Staffing and Staffing Vacancies Report for

13  all DSH Facilities."  The report includes staffing and vacancy data for various Department

14  of State Hospitals Programs as of January 1, 2013, and it was emailed to the parties in the

15  Coleman case by Debbie Vorous, counsel for CDCR, on February 15, 2013.  A true and

16  correct copy of Ms. Vorous's cover e-mail attaching the document is also included in the

17  attached exhibit.

18      32.    Attached hereto as **Exhibit 32** is a true and correct copy of enclosure 2 to the

19  Coleman Monthly Statistical Package, which was provided to plaintiffs and is dated March

20  1, 2013.  These monthly statistical packages are routinely provided every month in the

21  course of this case by defendants to plaintiffs and the Special Master.  This document was

22  uploaded to an FTP site used by the parties to facilitate document transfers by defendants

23  and downloaded by a paralegal in my office.  Exhibit 2 is entitled "Mental Health

24  Institution Vacancy Summary By Institution and By Classification," and contains data

25  about staffing vacancies in the CDCR, system-wide and at each specific institution.  The

26  data in the report reflects staffing as of January 2013.

27      33.    Attached hereto as **Exhibit 33** is a true and correct copy of an excerpt from

28  enclosure 2 to the Coleman Monthly Statistical Package, which was provided to plaintiffs

dated July 3, 2012.  These monthly statistical packages are routinely provided every month in the course of this case by defendants to plaintiffs and the Special Master.  The monthly documents are uploaded to an FTP site used by the parties to facilitate document transfers by defendants and then downloaded by a paralegal in my office.  Exhibit 2 is entitled "Mental Health Institution Vacancy Summary By Institution and By Classification," and contains data about staffing vacancies in the CDCR, system-wide and at each specific institution.  The data in the report reflects staffing at Salinas Valley State Prison as of May 2012.

34.    Attached hereto as **Exhibit 34** is a true and correct copy of an excerpt from enclosure 2 to the Coleman Monthly Statistical Package, which was provided to plaintiffs dated April 2, 2012.  These monthly statistical packages are routinely provided every month in the course of this case by defendants to plaintiffs and the Special Master.  The monthly documents are always uploaded to an FTP site used by the parties to facilitate document transfers by defendants and then downloaded by a paralegal in my office.  Exhibit 2 is entitled "Mental Health Institution Vacancy Summary By Institution and By Classification," and contains data about staffing vacancies in the CDCR, system-wide and at each specific institution.  The data in the report reflects staffing at CSP-Sacramento as of February 2012.

35.    Attached hereto as **Exhibit 35** is a true and correct copy of an excerpt from enclosure 2 to the Coleman Monthly Statistical Package, which was provided to plaintiffs dated July 3, 2012.  These monthly statistical packages are routinely provided every month in the course of this case by defendants to plaintiffs and the Special Master.  The monthly documents are always uploaded to an FTP site used by the parties to facilitate document transfers by defendants and then downloaded by a paralegal in my office.  Exhibit 2 is entitled "Mental Health Institution Vacancy Summary By Institution and By Classification," and contains data about staffing vacancies in the CDCR, system-wide and at each specific institution.  The data in the report reflects staffing at CSP-Los Angeles County as of May 2012.

36.    Attached hereto as **Exhibit 36** is a true and correct copy of an excerpt from enclosure 2 to the Coleman Monthly Statistical Package, which was provided to plaintiffs dated May 2, 2012.  These monthly statistical packages are routinely provided every month in the course of this case by defendants to plaintiffs and the Special Master.  The monthly documents are always uploaded to an FTP site used by the parties to facilitate document transfers by defendants and then downloaded by a paralegal in my office.  Exhibit 2 is entitled "Mental Health Institution Vacancy Summary By Institution and By Classification," and contains data about staffing vacancies in the CDCR, system-wide and at each specific institution.  The data in the report reflects staffing at RJ Donovan Correctional Institution as of March, 2012.

37.    Attached hereto as **Exhibit 37** is a true and correct copy of an excerpt from enclosure 2 to the Coleman Monthly Statistical Package, which was provided to plaintiffs dated July 3, 2012.  These monthly statistical packages are routinely provided every month in the course of this case by defendants to plaintiffs and the Special Master.  The monthly documents are uploaded to an FTP site used by the parties to facilitate document transfers by defendants and then downloaded by a paralegal in my office.  Exhibit 2 is entitled "Mental Health Institution Vacancy Summary by Institution and by Classification," and contains data about staffing vacancies in the CDCR, system-wide and at each specific institution.  The data in the report reflects staffing at San Quentin State Prison as of May 2012.

38.    Attached hereto as **Exhibit 38** is a true and correct copy of an excerpt from enclosure 2 to the Coleman Monthly Statistical Package, which was provided to plaintiffs dated August 3, 2012.  These monthly statistical packages are routinely provided every month in the course of this case by defendants to plaintiffs and the Special Master.  The monthly documents are uploaded to an FTP site used by the parties to facilitate document transfers by defendants and then downloaded by a paralegal in my office.  Exhibit 2 is entitled "Mental Health Institution Vacancy Summary By Institution And By Classification," and contains data about staffing vacancies in the CDCR, system-wide and

DECLARATION OF MICHAEL W. BIEN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO TERMINATE

1  at each specific institution.  The data in the report reflects staffing at Salinas Valley State

2  Prison as of June 2012.

3        39.    Attached hereto as **Exhibit 39** is a true and correct copy of a page produced

4  by defendants following the expert inspection on January 29, 2013 at CSP-Sacramento by

5  Dr. Pablo Stewart.  The page was produced by defendants following the tour after Dr.

6  Stewart asked for information about current clinical staffing at the institution during the

7  tour.  Defendant bates-stamped the documents they produced and this page of the post-tour

8  documents was bates stamped SAC 115 and was produced in an e-mail to plaintiffs'

9  counsel from William Downer.

10        40.    Attached hereto as **Exhibit 40** is a true and correct copy of the Mental Health

11  Manager's Report created by mental health managers at CSP-Sacramento in connection

12  with the Special Master's 25th round monitoring visit to the institution in the summer of

13  2012.  This report covers the period from December 1, 2011 to May 31, 2012 and the

14  report was produced by defendants in response to plaintiffs' document request and was

15  given the following bates stamp range by the defendants: DRPD 1 00450-00479.

16        41.    Attached hereto as **Exhibit 41** is a true and correct copy of a page produced

17  by defendants following the expert inspection at CSP-Sacramento by Dr. Pablo Stewart on

18  January 29, 2013.  The page was produced by defendants following the tour after Dr.

19  Stewart asked for information about current EOP treatment hours at the institution during

20  the tour.  Defendant bates-stamped the documents they produced and this page of the post-

21  tour documents was bates stamped SAC 31 and was produced in an e-mail to plaintiffs'

22  counsel from William Downer.

23        42.    Attached hereto as **Exhibit 42** is a true and correct copy of the Mental Health

24  Manager's Report created by mental health managers at CSP-Los Angeles County in

25  connection with the Special Master's 25th round monitoring visit to the institution in June

26  of 2012.  This report covers the period from October 1, 2011 to March 31, 2012 and the

27  report was produced by defendants in response to plaintiffs' document request and was

28  given the following bates stamp range by the defendants:  1 00338-00357.

[755607-1]

DECLARATION OF MICHAEL W. BIEN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO TERMINATE

43.     Attached hereto as **Exhibit 43** is a true and correct copy of a page produced by defendants following the expert inspection at CSP-Los Angeles County by Dr. Pablo Stewart on January 31, 2013 and February 1, 2013.  The page was produced by defendants following the tour after Dr. Stewart asked for information about current EOP treatment hours at the institution during the tour.  Defendant bates-stamped the documents they produced and this page of the post-tour documents was bates stamped LAC 146 and this document was produced in an e-mail to plaintiffs' counsel from William Downer, counsel for the state defendants.

44.     Attached hereto as **Exhibit 44** is a true and correct copy of the Mental Health Manager's Report created by mental health managers at Salinas Valley State Prison in connection with the Special Master's 25th round monitoring visit to the institution in the summer of 2012.  This report covers the period from December 1, 2011 to May 31, 2012 and the report was produced by defendants in response to plaintiffs' document request and was not given a bates stamp range by the defendants.

45.     Attached hereto as **Exhibit 45** s a true and correct copy of the Mental Health Manager's Report created by mental health managers at San Quentin State Prison in connection with the Special Master's 25th round monitoring visit to the institution in the summer of 2012.  This report covers the period from December 1, 2011 to May 31, 2012 and the report was produced by defendants in response to plaintiffs' document request and was given the following bates stamp range by the defendants: DRPD 1 00533-00545.

46.     Attached hereto as **Exhibit 46** is a true and correct copy of the Mental Health Manager's Report created by mental health managers at RJ Donovan in connection with the Special Master's 25th round monitoring visit to the institution in the summer of 2012. This report covers the period from January 1, 2011 to June 30, 2012 and the report was produced by defendants in response to plaintiffs' document request and was given the following bates stamp range by the defendants:  DRPD 1 00431-00449

47.     Attached hereto as **Exhibit 47** is a true and correct copy of documents produced by defendants following the expert inspection at RJD by Dr. Pablo Stewart on

10

DECLARATION OF MICHAEL W. BIEN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO TERMINATE

[755607-1]

1   February 12, 2013. These documents were produced by defendants following the tour

2   after Dr. Stewart asked for information about medication management at the institution

3   during the tour. Defendant bates-stamped the documents they produced and these post-

4   tour documents were bates stamped RJD 53 and 54 by defendants and were produced in an

5   e-mail to plaintiffs' counsel from William Downer.

6        48.    Attached hereto as **Exhibit 48** is another page from the document production

7   following the February 12, 2013 inspection tour at RJD by Dr. Stewart. This document

8   was in the same e-mail from Mr. Downer and was bates stamped RJD 55.

9        49.    Attached hereto as **Exhibit 49** is a true and correct copy of a true and correct

10  copy of an internal CDCR report entitled "Annual Report of Quality Improvement Plans in

11  Suicide Reports for 2010." It is an internal Annual CDCR report on suicides and suicide

12  prevention efforts in the CDCR for the calendar year 2010. It appears to have been

13  prepared by Dr. Robert Canning and it was produced by defendants in response to

14  plaintiffs document request to defendants' expert, Dr. Dvoskin. It was given the bates

15  stamp marking DEXP 103750-103778 by the defendants.

16       50.    Attached hereto as **Exhibit 50** is a true and correct copy of a report by

17  CDCR consultant Lindsay Hayes dated August 16, 2011. Mr. Hayes produced documents

18  on February 5, 2013 in response to Plaintiffs' February 4, 2013 Deposition Notice and

19  Subpoena. It is a report to CDCR official outlining various findings and recommendations

20  for reducing the rate of suicides within CDCR based upon his analysis of suicides in the

21  calendar year 2010, his inspections of three prisons, and his review of current CDCR

22  policies and practices for suicide prevention, training and emergency response.

23       51.    Attached hereto as **Exhibit 51**, a true and correct copy of an email from

24  defendants producing a variety of documents including a series of charts that summarize

25  the number of prisoners in alternative housing placements at many different CDCR

26  institutions during the last seven months of 2012. The email was sent by counsel for

27  defendants, Jay Russell, on February 20, 2013. In the email, Mr. Russell explains that "as

28  we agreed [at a meet and confer on Friday February 15, 2013] defendants will produce in

1    native format all responsive charts and other documents that cannot be practically viewed

2    in PDF or hard-copy form."  Among the PDF format documents produced as attachments

3    to the e-mail was a multi-page document called "Summary of Cases in Alternative

4    Housing, May 18, 2012 – December 27, 2012."

5        52.    Attached hereto as **Exhibit 52** are true and correct copies of documents

6    produced by defendants following the inspection tour by plaintiffs' expert Dr. Stewart at

7    Salinas Valley State Prison on January 28, 2013.  During the tour, Dr. Stewart asked for, or

8    plaintiffs' counsel asked on his behalf for copies of Welfare Check Logs from the

9    Enhanced Outpatient Program (EOP) Administrative Segregation Unit on Facility D,

10   Buildings 1 and 2.  Attached hereto as Exhibit 52 are true and correct copies of those logs,

11   which were produced by defendants in an email from William Downer following the tour

12   and to which defendants gave the bates numbers SVSP 23-28.

13       53.    Attached hereto as **Exhibit 53** are true and correct copies of documents

14   produced by defendants following the inspection tour by plaintiffs' expert Dr. Stewart at

15   Salinas Valley State Prison on January 28, 2013.  During the tour, Dr. Stewart asked for, or

16   plaintiffs' counsel asked on his behalf for copies of Welfare Check Logs from the Stand-

17   Alone Administrative Segregation Unit at the prison.  Attached are true and correct copies

18   of those logs, which were produced by defendants in an email from William Downer

19   following the tour and to which defendants gave the bates numbers SVSP 29-44.

20       54.    Attached hereto as **Exhibit 54** is a true and correct copy of a document

21   produced by defendants following the inspection tour by plaintiffs' expert Dr. Stewart at

22   CSP-Sacramento on January 29, 2013.  During the tour, Dr. Stewart asked for, or

23   plaintiffs' counsel asked on his behalf for copies of Welfare Check Logs from the Facility

24   A, Building 5 EOP Administrative Segregation Unit at the prison.  Attached is a true and

25   correct copies of the one-page log in the unit at the time of the tour, which were produced

26   by defendants in an email from William Downer following the tour and to which

27   defendants gave the bates number Bates No. SAC 32.

28

[755607-1]

55.     Attached hereto as **Exhibit 55** are true and correct copies of documents produced by defendants following the inspection tour by plaintiffs' expert Dr. Stewart at CSP-Sacramento on January 29, 2013.  During the tour, Dr. Stewart asked for, or plaintiffs' counsel asked on his behalf for copies of Welfare Check Logs from the B-Facility, Building 4 Administrative Segregation Unit at the prison.  Attached are true and correct copies of those logs, which were produced by defendants in an email from William Downer following the tour and to which defendants assigned the bates numbers SAC 40-86.

56.     Attached hereto as **Exhibit 56** are true and correct copies of documents produced by defendants following the inspection tour by plaintiffs' expert Dr. Stewart at CSP-Los Angeles County on January 31, 2013 and February 1, 2013.  During the tour, Dr. Stewart asked, or plaintiffs' counsel asked on his behalf, for copies of Welfare Check Logs from the Building A-4 EOP Administrative Segregation Unit at the prison.  Attached are true and correct copies of those logs, which were produced by defendants in an email from William Downer following the tour and to which defendants assigned the bates numbers LAC 43-97.

57.     Attached hereto as **Exhibit 57** are true and correct copies of documents produced by defendants following the inspection tour by plaintiffs' expert Dr. Stewart at CSP-Los Angeles County on January 31, 2013 and February 1, 2013.  During the tour, Dr. Stewart asked, or plaintiffs' counsel asked on his behalf, for copies of Welfare Check Logs from the CSP-Los Angeles County Building A-5 CCCMS Administrative Segregation Unit at the prison.  Attached are true and correct copies of those logs, which were produced by defendants in an email from William Downer following the tour and to which defendants assigned the bates numbers LAC 31-41.

58.     Attached hereto as **Exhibit 58** are true and correct copies of documents produced by defendants following the inspection tour by plaintiffs' expert Dr. Stewart at CSP-Los Angeles County on January 31, 2013 and February 1, 2013.  During the tour, Dr. Stewart asked, or plaintiffs' counsel asked on his behalf, for copies of Welfare Check Logs

1  from the Stand-Alone Administrative Segregation Unit at the prison.  Attached are true and

2  correct copies of those logs, which were produced by defendants in an email from William

3  Downer following the tour and to which defendants assigned the bates numbers LAC 1-28.

4        59.    Attached hereto as **Exhibit 59** is a true and correct copy of documents

5  produced by defendants on the morning of the expert inspection at RJD by Dr. Pablo

6  Stewart on February 12, 2013.  The document was handed  to plaintiffs' counsel and to Dr.

7  Stewart at the morning meeting with institutional staff members and it reflects the places at

8  the institution where alternative placements for suicide watch are conducted.

9        60.    Attached hereto as **Exhibit 60** are true and correct copies of documents

10  produced by defendants following the inspection tour by plaintiffs' expert Dr. Stewart at

11  San Quentin State Prison on February 26, 2013.  During the tour, Dr. Stewart asked, or

12  plaintiffs' counsel asked on his behalf, for copies of Welfare Check Logs from the Carson

13  EOP Administrative Segregation Unit at the prison.  Attached are true and correct copies

14  of those logs, which were produced by defendants in an email from William Downer

15  following the tour and to which defendants assigned the bates numbers SQ 606-735.

16        61.    Attached hereto as **Exhibit 61**, a true and correct copy of  E-mails Regarding

17  SRE Mentor Training Program at CSP-Sacramento.  These emails are Exhibits 12 and 13

18  to the Beard Deposition.  These emails include a series of e-mails from Shama Chaiken,

19  the Chief of the Mental Health Programs at CSP-Sacramento, to her superiors in

20  Sacramento about the status of suicide risk assessment mentoring and training at the

21  institution and about the upcoming tour at the institution by the plaintiffs' expert and were

22  produced in response to plaintiffs' document requests, without bates numbers.

23        62.    Attached hereto as **Exhibit 62**, a true and correct copy of the E-mail dated

24  February 4, 2013 from Rachel Chen to Kathleen O'Meara Regarding suicide risk

25  evaluation training at San Quentin, dated February 4, 2013 and an excel spreadsheet

26  showing that 33 out of 61 individuals being trained have not completed the training

27  process.  These emails were portions of a large transmission of electronic discovery from

28  defendants and were not bates stamped.  The attached spreadsheet shows that only about

[755607-1]

DECLARATION OF MICHAEL W. BIEN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO TERMINATE

1  half of the clinicians who needed to be trained in the new SRE mentoring program at the

2  institution had been trained.

3      63.    Attached hereto as **Exhibit 63** are true and correct copies of notes produced

4  by the defendants in this case in response to a request for documents relevant to the

5  preparation of the opinion of defendants' expert Dr. Scott.  These pages of Dr. Scott's

6  notes were bates stamped DEXP 110940-110941.

7      64.    Attached hereto as **Exhibit 64** is a true and correct copy of the American

8  Correctional Association's (ACA) Wellness Check Standards, 4-4257, which are published

9  in the Standards for Adult Correctional Institutions, Fourth Edition, American Correctional

10 Association, January 2003, at p. 71.

11     65.    Attached hereto as **Exhibit 65**, a true and correct copy of the Monthly Report

12 on Licensure of Intermediate Care Treatment Programs at the California Department of

13 State Hospitals – Vacaville and California Department of State Hospitals – Salinas Valley

14 dated February 1, 2013, which was produced by Defendants to the Special Master and

15 Plaintiffs via email on February 15, 2013 from Debbie Vorous, counsel for Defendants.

16 This report is provided to Plaintiffs every month and reports on the patient census and

17 waitlist for the DSH units located in DSH-Vacaville and DSH-Salinas Valley. A true and

18 correct copy of the e-mail is also attached hereto.

19     66.    Attached hereto as **Exhibit 66** is a true and correct copy of the Summary of

20 Inter-Institutional Mental Health Crisis Bed Referrals and Transfers for January 2013, as

21 excerpted from Defendants' January 2013 Coleman Monthly Data Report, which was

22 provided to plaintiffs and is dated March 1, 2013.  These monthly reports are routinely

23 provided every month in the course of this case by defendants to plaintiffs and the Special

24 Master.  The monthly documents are uploaded to an FTP site used by the parties to

25 facilitate document transfers by defendants and then downloaded by a paralegal in my

26 office.  This is the same report used to create the chart which was Plaintiffs' Exhibit 76

27 admitted in the 2008 overcrowding trial.  A comparison of the data in Exhibit 66 and

28 Exhibit 76 shows that in August 2008, clinicians referred 322 patients to HCPOP for

DECLARATION OF MICHAEL W. BIEN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO TERMINATE

1  assistance in finding an available mental health crisis bed, and of those 322 patients, 135

2  were actually placed into an MHCB by HCPOP, while in January of 2013, clinicians

3  referred 332 patients to HCPOP for placement assistance and of those 332, 155 were

4  actually placed into an MHCB by HCPOP.

5      67.    Attached hereto as **Exhibit 67** are true and correct copies of excerpts from

6  the Moore February 21, 2013 Deposition Transcript, 180-181

7      68.    Attached hereto as **Exhibit 68** are true and correct copies of excerpts from

8  the Brim March 1, 2013 Deposition Transcript; 18-35, 38, 53-65, 77-79, 88-98

9      69.    Attached hereto as **Exhibit 69** are true and correct copies of excerpts from

10  the Dvoskin February 27, 2013 Deposition Transcript, 177-178.

11      70.    Attached hereto as **Exhibit 70** are true and correct copies of excerpts from

12  the Beard March 5, 2013 Deposition Transcript, 169-174.

13      71.    Attached hereto as **Exhibit 71**, a true and correct copy of an email, dated

14  March 4, 2013, sent by Deputy Special Master Jones to counsel for plaintiffs and

15  defendants and CDCR officials, entitled "Sustainable Process, APP Waitlist."  Deputy

16  Special Master Jones states that  on February 28, 2013, the APP waitlist was 32, with 4

17  additional prisoners waiting for acceptance.

18      72.    Attached hereto as **Exhibit 72**, a true and correct copy of a chart created

19  under my supervision and the supervision of other attorneys in my office by my paralegal

20  Abigail Haney.  The chart was created from Enclosure 9 from the Coleman Monthly

21  Statistical Reports for each month from January 2011 through January 2013.  Enclosure 9

22  is a document that reports the total number of EOP bus seats request for transferring

23  prisoners into EOP programs, and the EOP bus seats provided for transfers to an available

24  EOP beds.  True and correct copies of the underlying data from the statistical reports are

25  provided as part of this Exhibit.

26      73.    Attached hereto as **Exhibit 73** is a true and correct copy of two charts

27  prepared by my paralegal Abigail Haney under my supervision and the supervision of

28  other attorneys in my office that analyzes data provided by the Department of State

[755607-1]

16

DECLARATION OF MICHAEL W. BIEN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO TERMINATE

1    Hospitals every month to the parties in the Coleman case.  The data package is called the

2    "DSH Bed Utilization Report."  Because the DSH report contains the names of patients, it

3    is confidential and the report is filed under seal in this court and emailed to Plaintiffs after

4    it is filed with the court.  The DSH Report, which is the underlying documents containing

5    the relevant data, are attached to the Kahn Confidential Declaration filed under seal as

6    Exhibits 43 and 44 to that Declaration.  **Ex. 73** summarizes data concerning transfers to the

7    Salinas Valley Psychiatric Program (SVPP), an intermediate inpatient program, and to a

8    variety of acute and intermediate inpatient care programs at the Vacaville Psychiatric

9    Program (VPP) for the months of December 2012 and January 2013, and includes the total

10   length of a prisoner on the waiting lists' wait from the time of referral until they are

11   actually placed into a bed.   Plaintiffs have repeatedly raised our concerns with defendants,

12   that their method of tracking and reporting program guide compliance with transfer

13   timelines to DSH program is inaccurate because it does not track the entire period from the

14   decision to refer a patient, to their actual arrival at the inpatient program and placement

15   into the bed. *See* Exhibit 106 attached hereto, which is a copy of the program guide

16   transfer timeline that reflects the relevant time period for tracking timeline.

17         74.    Attached hereto as **Exhibit 74** is a true and correct copy of a document

18   created by the Healthcare Placement Oversight Program, also known as "HCPOP" which

19   is a summary of the total number of prisoners placed in Outpatient Housing Units between

20   May and December of 2012.  This document was Exhibit 13 to Rick Johnson's Deposition

21   and is authenticated therein by Mr. Johnson who recently retired as Chief of HCPOP.  The

22   document was produced pursuant to the deposition notice for Mr. Johnson's Deposition.

23         75.    Attached hereto as **Exhibit 75** is a true and correct copy of a chart that was a

24   trial exhibit (Plaintiffs' Trial Exhibit P-263) in the three-judge court overcrowding trial in

25   August 2008.  The Chart is entitled "MHCB Unmet Need, Nov 2006 - Aug 2008."  The

26   data source for the trial exhibit is the CDCR's Monthly Summary of Inter-institutional

27   Mental Health Crisis Bed Referrals and Transfers prepared by HCPOP and provided to

28   plaintiffs as part of the Coleman Monthly Data Report.  These monthly data packages are

17

1  routinely provided every month in the course of this case by defendants to plaintiffs and

2  the Special Master and are uploaded to an FTP site used by the parties to facilitate

3  document transfers by defendants and then downloaded by a paralegal in my office.

4        76.    Attached hereto as **Exhibit 76**, a true and correct copy of the Enclosure 20:

5  January 2013 Monthly Data re Inter-institutional transfers, excerpted from Defendants'

6  January 2013 Coleman Monthly Data Report provided to the Special Master and Plaintiffs.

7  These monthly data packages are routinely provided every month in the course of this case

8  by defendants to plaintiffs and the Special Master and are uploaded to an FTP site used by

9  the parties to facilitate document transfers by defendants and then downloaded by a

10  paralegal in my office.

11        77.    Attached hereto as **Exhibit 77** is a true and correct copy of an excerpt from

12  the 2009 Revision to the Coleman MHSDS Program Guides, from Chapter 7

13  (Administrative Segregation) at page 12-7-11.  The section covers a requirement that

14  individuals with mental health concerns must be excluded from the newer stand-alone

15  ASU, and dictates that any class members inadvertently placed in one of those units must

16  be transferred out within 24 hours.

17        78.    Attached hereto as **Exhibit 78** is a true and correct copy of an email

18  produced by defendants in this case dated January 27, 2012 from Eric Monthei, the chief

19  of mental health at San Quentin who is responsible for the Specialized Care Program for

20  the Condemned, to officials in CDCR headquarters.  The e-mail attaches a memorandum

21  from January 25, 2012 from Dr. Monthei Regarding the Specialized Care Program entitled

22  "Specialized Care for the Condemned: CTC Expansion."  This document was produced in

23  response to plaintiffs' document request and was not given a bates stamp range by the

24  defendants.

25        79.    Attached hereto as **Exhibit 79** is a true and correct copy of the Mitchell

26  Pleadings: Docket 160 to 160-7, filed on 3/5/13 in Case 2:08-cv-01196-JAM-EFB.

27

28

1      80.    Attached hereto as **Exhibit 80**, is a true and correct copy of excerpts from

2  the transcript of the deposition of Jeffrey A. Beard taken Tuesday, March 5, 2013 in

3  Sacramento, California and lodged with this Court on March 15, 2013.

4      81.    Attached hereto as **Exhibit 81**, is a true and correct copy of excerpts from

5  the transcript of the deposition of Tim Belavich, taken February 22, 2013 in San Francisco,

6  California and lodged with this Court on March 15, 2013.

7      82.    Attached hereto as **Exhibit 82**, is a true and correct copy of excerpts from

8  the transcript of the deposition of John Brim taken March 1, 2013 in San Francisco,

9  California and lodged with this Court on March 15, 2013.

10     83.    Attached hereto as **Exhibit 83**, is a true and correct copy of excerpts from

11  the transcript of the deposition of Joel Dvoskin taken February 27, 2013 in San Francisco,

12  California and lodged with this Court on March 15, 2013.

13     84.    Attached hereto as **Exhibit 84**, is a true and correct copy of excerpts from

14  the transcript of deposition of Lindsay M. Hayes taken February 18, 2013 in Boston,

15  Massachusetts and lodged with this Court on March 15, 2013.

16     85.    Attached hereto as **Exhibit 85**, is a true and correct copy of excerpts from

17  the transcript of the deposition of Richard Johnson taken February 25, 2013 in San

18  Francisco, California and lodged with this Court on March 15, 2013.

19     86.    Attached hereto as **Exhibit 86**, is a true and correct copy of excerpts from

20  the transcript of the deposition of Steve J. Martin taken February 28, 2013 in San

21  Francisco, California and lodged with this Court on March 15, 2013.

22     87.    Attached hereto as **Exhibit 87**, is a true and correct copy of excerpts from

23  the transcript of the deposition of Christopher Richard Meyer taken February 27, 2013 in

24  San Francisco, California and lodged with this Court on March 15, 2013.

25     88.    Attached hereto as **Exhibit 88**, is a true and correct copy of excerpts from

26  the transcript of the deposition of Jacqueline Moore taken February 21, 2013 in San

27  Francisco, California and lodged with this Court on March 15, 2013.

28

89.     Attached hereto as **Exhibit 89**, is a true and correct copy of excerpts from the transcript of the deposition of Charles Scott taken March 8, 2013 in Davis, California and lodged with this Court on March 15, 2013.

90.     Attached hereto as **Exhibit 90**, is a true and correct copy of excerpts from the transcript of the deposition of Diana Toche taken February 22, 2013 in San Francisco, California and lodged with this Court on March 15, 2013.

91.     Attached hereto as **Exhibit 91** is a true and correct copy of the Expert contracts/agreements for Dvoskin, Scott, and Martin which were produced by defendants to plaintiffs as DEXP 103091, DEXP 109511, DEXP 102002-4.

92.     Attached hereto as **Exhibit 92** is a true and correct copy of the Compendium of suicide recommendations, which is attached to a series of emails from Michael Morrison, Health Care Specialist, Statewide Mental Health Program to Diana Toche and Ben Rice and others on January 27, 2013.  These emails and the attached Compendium were produced by defendants electronically in response to plaintiffs request for production of documents.

93.     Attached hereto as **Exhibit 93** is a true and correct copy of the defendants' Monthly Activation Schedule Report for February 2013, dated February 25, 2013.  This document was received by my office from defendants as an attachment to an email dated March 1, 2013 from Debbie Vorous, counsel for the CDCR, to Special Master Lopes and various parties to the Coleman Litigation.  A true and correct copy of the e-mail is also attached hereto.

94.     Attached hereto as **Exhibit 94** is a true and correct copy of the Capital Outlay Budget Change Proposal, Budget Year 2012-13.  This document was filed with the Court in the case and is Docket No. 4331-2, which is authenticate as an exhibit to the Declaration of Steve Fama.

95.     Attached hereto as **Exhibit 95** is a true and correct copy of a section from Chapter 5 of the 2009 revision to the Coleman Program Guides, the section on Mental Health Crisis Beds.  The section concerns Referral and Transfer to MHCBs, 12-5-3 to 12-

5-7, and sets forth the procedures for contacting HCPOP if there are no available MHCBs and lists the alternative placements by "preferred locations." This excerpt was made Exhibit 2 to the Transcript of the Johnson Deposition taken on February 25, 2013.

96.     Attached hereto as **Exhibit 96** is a true and correct copy of the Statewide SPR FIT Teleconference/Webinar docs, dated Feb 2011, which were produced electronically by defendants in response to a document request by plaintiffs as DPRD2-27-000008-9.

97.     Attached hereto as **Exhibit 97** is a true and correct copy of the Division of Correctional Health Care Services (DCHCS) Suicide Prevention and Response-Focused Improvement Team ("SPR FIT") Meeting Agenda, dated January 28, 2013, which is an agenda for a meeting that took place on the agencies' Elk Grove Campus. This is an agenda that was produced electronically by defendants in response to plaintiffs' document requests. Item 1 and 2 of the agenda under a heading "ongoing items" is (1)"update on proposal for new ASU screening tool" and (2) "Changes to referral criteria for RC screening (from [] suicide review)."

98.     Attached hereto as **Exhibit 98** is a true and correct copy of the Cover email from Dr. Canning, dated October 10, 2012 and entitled, "Draft of new ASU screener – comments requested," and (Draft) Proposal for new ASU Screening Measure, both of which was produced electronically by defendants in response to plaintiffs' document requests, without bates numbers.

99.     Attached hereto as **Exhibit 99** is a true and correct copy of the email chain re (Draft) Proposal for new ASU Screening Measure, from 10/10/12 at 9:32 a.m. through 10-11-12 2::42 p.m., which was produced electronically by defendants in response to plaintiffs' document requests.

100.     Attached hereto as **Exhibit 100** is a true and correct copy of  a section from the 2009 revision to the Coleman Program Guides, from Chapter 2, Reception Center Mental Health Assessment, 12-2-1, which highlights the importance of reception center screening to identify prisoners who may require more in-depth clinical evaluations.

101.    Attached hereto as **Exhibit 101** is a true and correct copy of a section from the 2009 revision to the Coleman Program Guides, from Chapter 7, Administrative Segregation,  PG 12-7-2 to 12-7-6, which discusses the importance of screenings, including the screening questionnaire completed within 72 hours after placement in the ASU for prisoners who are not on the mental health caseload to assess the need for a mental health referral, "utilizing the 31-question mental health screening questionnaire also used in the Reception Centers." 12-7-6.

102.    Attached hereto as **Exhibit 102** is a true and correct copy of a photograph provided by the defendants and bearing the bates-stamp RJD 3.  This is a photograph that was taken on the inspection tour of RJ Donovan Correctional Institution on February 12, 2013 by plaintiffs' expert Dr. Pablo Stewart.

103.    Attached hereto as **Exhibit 103** is a true and correct copy of the December 16, 2011 Memo from Jeffrey Beard to Benjamin Rice re Assessment of Need for a higher LOC and CDCR's sustainable self-monitoring process (Coleman case), which was produced by Defendants with documents associated with the Deposition of Secretary Beard.  **Ex. 103** was authenticated as Exhibit 9 to the Deposition of Secretary Beard on March 5, 2013.

104.    Attached hereto as **Exhibit 104** is a true and correct copy of emails dated from January 23, 2013 from Kathleen O,Meara to Chief of Mental Health at CMF and the Northern Region Senior Psychologist Specialist about the status of the SRE Mentor Program at CMF.  These emails were produced electronically by defendants in response to plaintiffs' request for documents as DPRDEmail1000029.

105.    Attached hereto as **Exhibit 105** is a true and correct copy of an e-mail from my associate Krista Stone-Manista to the Special Master and Defendants dated December 10, 2012, attaching my letter regarding a November 2012 SVPP suicide and DHS and SVPP staffing shortages.  Also attached is a true and correct copy of my November 10, 2012 letter and attachments.  On December 14, 2012, I attended a meeting with my co-counsel and representatives of Defendant CDCR, Diana Toche, Tim Belavich, Nathan

DECLARATION OF MICHAEL W. BIEN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO TERMINATE

1   Stanley, Rick Johnson, Judy Burleson, Kathy O'Meara, and in-house counsel, Ben Rice

2   and Katherine Tebrok, the Deputy Attorneys General Debbie Vorous and William Donner,

3   representatives from DSH, Cindy Rodriguez and Sterling Price, the Special Master and

4   representatives from his Team, in Sacramento, in a conference room in the Federal Court

5   House. One subject on the agenda was my letter of December 10, 2012, where I had

6   raised questions for the third time in 2012. about reports of inadequate staffing levels at

7   DSH facilities, but especially at SVPP, which had experienced its first suicide in late

8   November 2012. Ms. Rodriguez reported that SVPP "Staffing is full per licensing

9   standards. We have at least the minimum day-to-day, through registry." Ms. Rodriguez

10   repeated that she had "confirmation of full staffing," stating that they used registry and

11   overtime. Jane Kahn and I pointed out that, once again, the monthly staffing documents

12   filed with the Court by DSH showed large vacancies and very limited or no use of

13   contractors. Defendants had told us earlier in 2012 that the massive vacancies reported to

14   the Court were "inaccurate." Ms. Rodriguez said that "I review different reports than what

15   plaintiffs get." Ms. Vorous said she would look in to the problem with the reporting of

16   staffing numbers. I also asked about the suicide and Ms. Rodriguez said that "on that day,

17   there was full staffing."

18       106. Attached hereto as **Exhibit 106** is a true and correct copy of section 12-1-16,

19   the transfer timeline chart from the 2009 revision of the Coleman Program Guides. The

20   Program Guides in this section define transfer timelines to DSH inpatient programs from

21   the date a prisoner is referred to the program, not from the date of acceptance, which is the

22   date now employed by the defendants in tracking their compliance with these

23   requirements.

24       107. Attached hereto as **Exhibit 107**, a true and correct copy of Exhibit 8 to the

25   Deposition taken of John Brim on March 1, 2013, which is a document entitled "DSH

26   Number of Seclusion Episodes by Month and Facility per 1,000 patient day, 2012, " which

27   was downloaded from the DHS public website http://www.dsh.ca.gov on February 28,

28   2013 by one of my staff.

108.   Attached hereto as **Exhibit 108** is a true and correct copy of Exhibit 18 to the Deposition taken of John Brim on March 1, 2013, which is a document entitled " DSH Actual Cost Savings Achieved FY 2011-12,"  which was downloaded from the DHS public website http://www.dsh.ca.gov on February 28, 2013 by one of my staff.

109.   Attached hereto as **Exhibit 109 is** a true and correct copy of the Sacramento Bee Article entitled "*Gov.  Jerry Brown says Federal Prison Oversight a Waste of Money*."  The article is dated March 12, 2013.  The article was downloaded by a paralegal in my office from the Sacramento Bee public website at www.Sacbee.com.

110.   Attached hereto as **Exhibit 110** is a true and correct copy of a document produced by defendants in the course of electronic discovery relating to their experts work for the department.  It is a document entitled "Coleman Audit Best Practice Recommendations for Use of Force," and it was Exhibit 6 to the Deposition of Steven Martin on February 28, 2013 and it is authenticated in that deposition.

111.   Attached hereto as **Exhibit 111** is a true and correct copy of Exhibit 1 to the Brim Deposition, which is the January 23, 2013 Letter from the SVPP Psychiatrists to Silva, which is authenticated in that deposition.

112.   Attached hereto as **Exhibit 112** is a true and correct copy of Exhibit 2 to the Brim Deposition, which is the February 12, 2013 Letter from the SVPP Psychiatrist to Silva, which is authenticated in that deposition.

113.   Attached hereto as **Exhibit 113** is a true and correct copy of the Hayes-CDCR Agreement: Suicide Expert Consultant Services for CDCR's Suicide Prevention Program, which is an excerpt (pages 1-5) of Exhibit 3 to the Deposition of Lindsay Hayes, taken on February 18, 2013, and was authenticated at that time.

114.   Attached hereto as **Exhibit 114** is a true and correct copy of an Office of Inspector General Report Entitled "Initial Report on Use of Force within the California Department of Corrections and Rehabilitation and which is dated November 2011."  It is a public report that was downloaded in PDF format by a paralegal in my office from the

DECLARATION OF MICHAEL W. BIEN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO TERMINATE

1   website of the Office of the Inspector General at for the CDCR at

2   http://www.oig.ca.gov/pages/reports.php.

3        115.   Attached hereto as **Exhibit 115** is a true and correct copy of a chart that was

4   created at the request of Dr. Stewart under my supervision and the supervision of other

5   attorneys in my firm, by a paralegal in my firm, Marc Shinn-Krantz, using Microsoft

6   Excel.  The chart appears in the Declaration of Dr. Pablo Stewart in paragraph 204.  The

7   chart is based on data concerning the number of prisoners in alternative housing

8   placements at many different CDCR institutions during the last seven months of 2012.

9   Attached as part of Exhibit 115, behind the chart created by Mr. Shinn-Krantz, is a true

10  and correct copy of an email from defendants producing a variety of different alternative

11  housing data and documents in both native and PDF formats.   The email was sent by

12  counsel for defendants Jay Russell on February 20, 2013.  A true and correct copy of this

13  e-mail is attached as part of Exhibit 115.  In the email, Mr. Russell explains that "as we

14  agreed [at a meet and confer on Friday February 15, 2013] defendants will produce in

15  native format all responsive charts and other documents that cannot be practically viewed

16  in PDF or hard-copy form."  Among the PDF format documents produced as attachments

17  to the e-mail was a multi-page document called "Summary of Cases in Alternative

18  Housing, May 18, 2012 – December 27, 2012."  A true and correct copy of the document

19  is attached as part of Exhibit 115 behind the e-mail from Mr. Russell.  Mr. Shinn-Krantz

20  used this document to create the chart (using Microsoft Excel's graphing features)

21  graphing and summarizing the data onto a single chart.  This chart is the first page of the

22  documents attached hereto as Exhibit 115 and the chart that appears in paragraph 204 of

23  Dr. Stewart's Declaration.

24       116.   Attached hereto as **Exhibit 116** is a true and correct copy of an email chain

25  regarding "LOS Data" sent from Chris Yi, CDCR to Laura Ceballos, Tim Belavich,

26  Debbie Vorous, with copies to various other individuals.  Pages 2 and 3 of the emails

27  include a discussion between Defendants and their attorney, Debbie Vorous, about how to

28

25

DECLARATION OF MICHAEL W. BIEN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO TERMINATE

1  report the data so that "it will look better." These emails were produced by defendants

2  electronically in response to plaintiffs' request for production and were not bates stamped.

3      117.    Attached hereto as **Exhibit 117** is a true and correct copy of Exhibit 3 to the

4  Deposition of Jacqueline Moore, RN, PhD., taken on February 21, 2013, which was

5  authenticated in her deposition as a page from her notes taken during her prison tours and

6  meetings with Defendants.

7      118.    Attached hereto as **Exhibit 118** is a true and correct copy of Exhibit 13 to the

8  Deposition of Joel Dvoskin, M.D., taken on February 27, 2013, which was authenticated in

9  his deposition as a page from his notes taken during his prison tours and meetings with

10  Defendants.

11      119.    Attached hereto as **Exhibit 119** is a true and correct copy of Exhibit 14 to the

12  Deposition of Jacqueline Moore, RN, PhD., taken on February 21, 2013, which was

13  authenticated in her deposition as a page from her notes taken during her prison tours and

14  meetings with Defendants.

15      120.    Attached hereto as **Exhibit 120** is a true and correct copy of Exhibit 21 to the

16  Deposition of Charles Scott, M.D., taken on March 8, 2013, which was authenticated in his

17  deposition as a page from his notes taken during his prison tours and meetings with

18  Defendants.

19      121.    Attached hereto as **Exhibit 121** is a true and correct copy of Exhibit 6 to the

20  Deposition of Joel Dvoskin, M.D., taken on February 27, 2013, which was authenticated in

21  his deposition as a page from his notes taken during his prison tours and meetings with

22  Defendants.

23      122.    Attached hereto as **Exhibit 122** is an email from Dr. Dvoskin to Dr. Moore

24  and Dr, Scott, with copies to defense attorneys Debbie Vorous and Patrick McKinney,

25  dated December 10, 2012, produced by defendants in response to plaintiffs' request for

26  document production as DEXP 103070.

27      123.    Attached hereto as **Exhibit 123** is the Executive Summary to "The

28  Blueprint" The Future of California Corrections, downloaded from the CDCR public

[755607-1]

1  website by staff in our office at: http://www.cdcr.ca.gove/2012plan/docs/plan/exec-

2  summary.pdf.

3

4       I declare under penalty of perjury under the laws of the United States and the State

5  of California that the foregoing is true and correct, and that this declaration is executed at

6  San Francisco, California this 15th day of March, 2013.

7

8  _____

9  Michael W. Bien

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[755607-1]

DECLARATION OF MICHAEL W. BIEN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO TERMINATE