| | |
|---|---|
| DONALD SPECTER – 083925<br>STEVEN FAMA – 099641<br>PRISON LAW OFFICE<br>1917 Fifth Street<br>Berkeley, California 94710-1916<br>Telephone: (510) 280-2621 | MICHAEL W. BIEN – 096891<br>JANE E. KAHN – 112239<br>ERNEST GALVAN – 196065<br>LISA ELLS – 243657<br>AARON J. FISCHER – 247391<br>MARGOT MENDELSON – 268583<br>KRISTA STONE-MANISTA – 269083<br>ROSEN BIEN<br>GALVAN & GRUNFELD LLP<br>315 Montgomery Street, Tenth Floor<br>San Francisco, California 94104-1823<br>Telephone: (415) 433-6830 |
| JON MICHAELSON – 083815<br>JEFFREY L. BORNSTEIN – 099358<br>LINDA L. USOZ – 133749<br>MEGAN CESARE-EASTMAN – 253845<br>K&L GATES LLP<br>4 Embarcadero Center, Suite 1200<br>San Francisco, California 94111-5994<br>Telephone: (415) 882-8200 | CLAUDIA CENTER – 158255<br>THE LEGAL AID SOCIETY –<br>EMPLOYMENT LAW CENTER<br>180 Montgomery Street, Suite 600<br>San Francisco, California 94104-4244<br>Telephone: (415) 864-8848 |

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EDMUND G. BROWN, Jr., et al.,<br><br>Defendants. | Case No. Civ S 90-0520 LKK-JFM<br><br>**PLAINTIFFS' SEPARATE STATEMENT OF RECENT ORDERS FOR PROSPECTIVE RELIEF THAT ARE NECESSARY, NARROWLY DRAWN AND THE LEAST INTRUSIVE MEANS TO CORRECT THE CURRENT AND ONGOING VIOLATIONS**<br><br>Judge: Hon. Lawrence K. Karlton<br>Date: March 27, 2013<br>Time: 10:00 a.m.<br>Crtrm.: 4 |

[756616-1]

Plaintiffs submit concurrently with their Opposition To Defendants' Motion To Terminate Under The PLRA And To Vacate Under Rule 60(b)(5) ("Opp.") this Separate Statement. Defendants did not specify any particular element of prospective relief that they seek to terminate. As demonstrated in the concurrently filed Opposition, life-threatening violations of federal rights are current and ongoing throughout the Defendants' prison mental health system. Even before briefing of the termination motion, the record in this case already included a massive body of evidence demonstrating the necessity, narrowness, and least-intrusive nature of the specific orders that this Court has issued for prospective relief, as well as the orders issued by the Three Judge Court and affirmed by the United States Supreme Court. *Brown v. Plata,* 131 S.Ct. 1910, 1939-1941 (2011).

For the convenience of the Court, this Separate Statement sets forth the orders for prospective relief issued after the three-judge court trial, why they are necessary, narrowly drawn, and the least intrusive means. Plaintiffs do not hereby waive enforcement of orders for prospective relief issued before the three-judge court trial. The affirmed findings of the three-judge court support the conclusion that the prior orders were, if anything, too narrowly drawn, and not sufficiently intrusive, as they were not sufficient to remedy the federal violations. *Plata,* 131 S.Ct. at 1930-1932. In the event that the Court has concerns about the prior orders, Plaintiffs request the opportunity to submit a supplemental brief regarding them.

The orders listed below, although necessary and narrowly drawn and embodying the least intrusive means, have not been sufficient to remedy the current and ongoing violations demonstrated in Plaintiffs' Opposition and the supporting declarations. Additional prospective relief is necessary.

| Date | Docket | Subject | Description | Statement |
|---|---|---|---|---|
| 11/27/2012 | 4265 | Inpatient Access | Stipulated Order to Return 20 ASH Beds to Service as Acute Psychiatric Program Beds After Temporary Use as MHCB Beds | Remains necessary due to demand and waitlists for acute inpatient beds. Narrowly drawn and least intrusive based on Defendants' measurements of bed need. *See* Opp. Sections IV.E.1, IV.F, IV.K. |
| 8/30/2012 | 4232 | Quality Improvement | Order Adopting Special Master's Recommendation For Six-Month Period of Consultation with Defendants To Review and Assess Quality Assurance Process. | The quality assurance process is necessary to address current and ongoing violations in all elements of the mental health system. The consultation process ordered is narrowly tailored and least intrusive because it allows Defendants to develop the self-monitoring capability needed to end this litigation. |
| 7/13/2012 | 4214 | Inpatient Access | Order Directing Parties to Confer Every 60 Days Through 2012 Re: Sustainable Process for Inpatient Referrals | Expired 12/31/2012 by its own terms. |

| Date | Docket | Subject | Description | Statement |
|---|---|---|---|---|
| 6/15/2012 | 4199 | MH Beds/ Program Space/ MHCBs | Order Partially Granting Defendants' Ex Parte Request to Modify Orders Relating to Long-Term Mental Health Bed Plan; Directing Defendants to Work with Special Master On Elements of Plan Concerning Mental Health Crisis Beds; Alternative Placements, EOP ASU Bed Needs; Requiring 30-Days Notice to Special Master Before Decommissioning of Currently Operating Temporary Mental Health Programs; Denying Request to Reduce Number of Intermediate Inpatient Beds at ASH from 256 to 206 | The bulk of this order approves Defendants' reduction of some construction projects in light of new population projects, and approves Defendants' requests for delays. The provisions regarding crisis beds, alternative placements, and EOP ASU, and inpatient beds are necessary in light of ongoing demand and delays in access to these beds. *See* Opp. Section IV.E, F, H. These measures are narrowly drawn and least intrusive in that they only require Defendants to develop plans to address these needs. |
| 12/15/2011 | 4134 | Inpatient Access | Order Directing Parties to Confer Every 45 Days Through 7/13/2012 Re: Sustainable Process for Inpatient Referrals | Expired 12/31/2012 by its own terms. |
| 12/5/2011 | 4125 | Suicide Prevention | Order Approving Defendants' Amended Plan to Furnish Suicide Resistant Beds in All Mental Health Crisis Bed Units. | Remains necessary to address ongoing failures in suicide prevention. *See* Opp. Section IV. G. Narrowly drawn to meet the need for beds in crisis cells using Defendants preferred vendor and cost options. |

[756616-1]

| Date | Docket | Subject | Description | Statement |
|---|---|---|---|---|
| 11/17/2011 | 4120 | Inpatient Access | Stipulated Order Waiving State Law and Regulations for Operation of Temporary Inpatient Beds at CMF L-Wing | Remains necessary due to demand and waitlists for acute inpatient beds. Narrowly drawn and least intrusive based on Defendants' representations that they lacked capacity to open these beds under normal licensing requirements. *See* Opp. Sections IV.E.1, IV.F, IV.K. If Defendants can now license the beds, this relief is no longer necessary and can be terminated. |
| 8/15/2011 | 4069 | Inpatient Access | Order Directing Defendants to Work with Special Master During 90 Day Period To Develop Inpatient Wait List Plan. | Expired 12/14/2011 by its own terms. |
| 7/22/2011 | 4045 | Inpatient Access | Order Approving Parts of Defendants' Plan Re: Intermediate Care Facility and Acute Inpatient Wait List, Setting Evidentiary Hearing | Implementation of plan for care of persons awaiting inpatient treatment remains necessary due to demand and waitlists for inpatient beds. Narrowly drawn and least intrusive means based on Defendants' estimation of steps that are practicable and consistent with custodial operating needs. *See* Opp. Sections IV.E.1, IV.F, IV.K. |

[756616-1]

4
Plaintiffs' Separate Statement

| Date | Docket | Subject | Description | Statement |
|---|---|---|---|---|
| 7/21/2011 | 4044 | Suicide Prevention | Order Approving Defendants' Amended Plan to Furnish Suicide Resistant Beds in All Mental Health Crisis Bed Units. | Remains necessary to address ongoing failures in suicide prevention.  *See* Opp. Section IV. G. Narrowly drawn to meet the need for beds in crisis cells using Defendants preferred vendor and cost options. |
| 11/18/2010 | 3954 | Suicide Prevention | Order Approving Defendants August 2010 Suicide Prevention Plan, Directing Defendants to Consult with Special Master Experts Regarding OHU Practices, Directing Defendants to Submit Plan To Improve Clinical Competency for Suicide Risk Evaluations, Directing Defendants to Implement Their Plan to Identify High Acute Suicide Risk Inmates | The suicide prevention measures are necessary because of CDCR's current and ongoing high rate of suicides and of foreseeable and preventable suicides. *See* Opp. Section IV.G.  The Court approved Defendants' own narrowly drawn and least intrusive means to remedy the violations, after declining more intrusive forms of relief recommended by the Special Master. *See* Docket No. 3836. The deadline setting provisions concern events that have already occurred, and are thus no longer prospective relief. |

[756616-1]

| Date | Docket | Subject | Description | Statement |
|---|---|---|---|---|
| 10/22/2010 | 3945 | Inpatient Access | Second Order Re Activation of Temporary Inpatient Beds at SVSP Units C5 and C6 | Affirmed as necessary, narrowly drawn, and least intrusive by Ninth Circuit. *Coleman v. Brown,* 428 Fed. App'x. 743, 744-45 (9th Cir. 2011). Operation of C5/C6 Units remain necessary due to demand and waitlists for inpatient beds. *See* Opp. Sections IV.E.1, IV.F., IV.K. |
| 10/5/2010 | 3929 | Inpatient Access | First Order Re Activation of Temporary Inpatient Beds at SVSP Units C5 and C6 | Affirmed as necessary, narrowly drawn, and least intrusive by Ninth Circuit. *Coleman v. Brown,* 428 Fed. App'x. 743, 744-45 (9th Cir. 2011). Operation of C5/C6 Units remain necessary due to demand and waitlists for inpatient beds. *See* Opp. Sections IV.E.1, IV.F., IV.K. |
| 6/21/2010 | 3866 | MH Beds/ Program Space/ MHCBs | Stipulated Order Regarding Deadlines for EOP-Dual Diagnosis Beds and EOP-SNY Beds at SATF, and waiving state substance abuse treatment licensing requirements. | For deadlines that have already passed, this Order is no longer prospective relief. Defendants have represented that the waivers are necessary to operate the program. |

| Date | Docket | Subject | Description | Statement |
|---|---|---|---|---|
| 6/21/2010 | 3865 | MH Beds/ Program Space/ MHCBs | Stipulated Order Regarding Deadlines for EOP projects at SOL and RJD. | For deadlines that have already passed, this Order is no longer prospective relief. Defendants have represented that the waivers are necessary to operate the program. |
| 6/15/2010 | 3856 | MH Beds/ Program Space/ MHCBs | Order Setting Deadlines Regarding EOP Project at Former Stark Juvenile Justice Facility. | The deadlines in this order have already passed. It is no longer prospective relief. |
| 4/14/2010 | 3836 | Suicide Prevention | Order Declining to Adopt Special Master's Suicide Prevention Recommendations, and Ordering Defendants to Review Their Suicide Prevention Policies, and Directing DMH to Confer With Special Master Concerning Post-Suicide Reviews | The deadlines in this order have already passed. It is no longer prospective relief. |

| Date | Docket | Subject | Description | Statement |
|---|---|---|---|---|
| 3/31/2010 | 3831 | Inpatient Access | Order Directing Special Master Monitoring of Referral and Transfer to Inpatient Care, Development of Sustainable Process. | Portion of Order regarding Special Master monitoring of inpatient referrals, transfers and waitlist remains necessary, narrowly drawn, and least intrusive due to demand and waitlists for inpatient care, and newly emerging information re short-staffing of inpatient care, and pressure to discharge patients from care. *See* Section IV.F.  Special Master monitoring is not "prospective relief" under the PLRA.  *United States v. Territory of the Virgin Islands*, 280 F.R.D. 232, 234 n.5 (D.V.I. 2012); *Carruthers v. Jenne*, 209 F. Supp. 2d 1294 (S.D. Fla. 2002). |
| 2/25/2010 | 3811 | MH Beds/ Program Space/ MHCBs | EOP-Dual Diagnosis Beds and EOP-SNY Beds at SATF | Conversions are complete.  This order is no longer prospective relief. |

| Date | Docket | Subject | Description | Statement |
|---|---|---|---|---|
| 1/27/2010 | 3787 | Inpatient Access | Order Extending Deadline For Use of Atascadero State Hospital Beds, and Setting 5-Working Day Deadline for Clinical Updates Requested by DMH (now DSH). | The deadline to fill the ASH beds has passed.  The order setting a 5-working deadline for clinical updates remains necessary. Late clinical updates impair Defendants' ability to free up scarce high-custody beds for inpatient care.  Docket No. 3787 at 5.  These beds remain in high demand.  *See* Opp. Section IV.E.1, F.  The relief is narrowly drawn and least intrusive means to address the need of DSH for information from CDCR to allow referrals to take place. |

| Date | Docket | Subject | Description | Statement |
|---|---|---|---|---|
| 1/4/2010 | 3761 | MH Beds/ Program Space/ MHCBs | Order Approving Consolidated Care Center plan, DeWitt Conversion, Modification of SVSP EOP Projects, Denying Approval of Stark Conversion, Requiring Monthly Activation Schedule Updates to Special Master | The approved construction plans remain necessary, narrowly drawn, and the least restrictive means, according to Defendants representations. *See* III.C.  Special Master monitoring is not "prospective relief" under the PLRA. *United States v. Territory of the Virgin Islands*, 280 F.R.D. 232, 234 n.5 (D.V.I. 2012); *Carruthers v. Jenne*, 209 F. Supp. 2d 1294 (S.D. Fla. 2002). |
| 12/11/2009 | 3748 | MH Beds/ Program Space/ MHCBs | Order Waiving State Licensing Requirements for 20-Bed MHOHU at CSP Sacramento | Remains necessary due to demand and waitlists for acute inpatient beds. Narrowly drawn and least intrusive based on Defendants' representations that they lacked capacity to open these beds under normal licensing requirements. *See* Opp. Sections IV.E.1, IV.F., IV.K.  If Defendants can now license the beds, this relief is no longer necessary and can be terminated. |

| Date | Docket | Subject | Description | Statement |
|---|---|---|---|---|
| 11/2/2009 | 3720 | Inpatient Access | Order Approving Pilot Project to Review of Patients In High-Custody Inpatient Beds at Salinas Valley State Prison for Possible Transfer to Lower Custody Beds at Atascadero State Hospital | Expired by its own terms on 12/31/09 (extended by subsequent orders to 2/26/2010). |
| 9/24/2009 | 3686 | MH Beds/ Program Space/ MHCBs | Order Setting Deadline for Activation Reports and Requiring Notice of Impediments to Special Master | Provisions setting deadlines that have already expired are no longer prospective relief.  Special Master monitoring is not "prospective relief" under the PLRA. *United States v. Territory of the Virgin Islands*, 280 F.R.D. 232, 234 n.5 (D.V.I. 2012); *Carruthers v. Jenne*, 209 F. Supp. 2d 1294 (S.D. Fla. 2002). |
| 6/18/2009 | 3613 | MH Beds/ Program Space/ MHCBs; Inpatient Access | Order Approving Defendants' Activation Schedules, Requiring Completion of Staffing Plan, Setting Schedule for Admissions to DMH Beds at ASH, Requiring Training Plan for Custody Staff at SVPP DMH Units | The deadlines in this order have already passed.  It is no longer prospective relief. |

| Date | Docket | Subject | Description | Statement |
|---|---|---|---|---|
| 3/31/2009 | 3556 | MH Beds/ Program Space/ MHCBs; Inpatient Access | Order Setting Deadlines for 50-Bed MHCB at CMC, 64-Bed Intermediate Inpatient Facility at SVSP, Requiring Detailed Activation Schedules for Construction Projects, Requiring Attendance of DMH Head at Special Master Meetings As Needed, Requiring CDCR and DMH to Conduct Unmet Needs Assessment for Inpatient Care | The deadlines in this order have already passed. It is no longer prospective relief. Orders regarding the appointment and authority of a Special Master are not "prospective relief" under the PLRA. *United States v. Territory of the Virgin Islands*, 280 F.R.D. 232, 234 n.5 (D.V.I. 2012); *Carruthers v. Jenne*, 209 F. Supp. 2d 1294 (S.D. Fla. 2002). |

DATED: March 15, 2013

Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Ernest Galvan*
    Ernest Galvan

Attorneys for Plaintiffs