IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

    Plaintiffs,                No. 2:90-cv-0520 LKK JFM P

    vs.

EDMUND G. BROWN, JR., et al.,      ORDER AND

    Defendants.            ORDER TO SHOW CAUSE

_____/

        On March 15, 2013, plaintiffs filed evidentiary objections to defendants' expert reports and declarations (ECF No. 4405) (Objections). Among a number of serious objections raised by plaintiffs are two that must be addressed before the court proceeds further with defendants' termination motion.

        First, plaintiffs assert that all four of defendants' experts inspected ten California Department of Corrections and Rehabilitation (CDCR) prisons without notice to plaintiffs' counsel, in direct violation of an order issued during the three-judge court proceedings. The order cited by plaintiffs was issued on October 30, 2007, by Magistrate Judge Moulds during the three-judge court proceedings. That order provides in relevant part:

> The court anticipates that the presence of all counsel on all expert inspections will create the "common factual baseline" described by plaintiff concerning the events of each inspection,

1

> thereby reducing the number of preliminary questions that must be explored in depositions and/or at the trial of this matter. *In addition, given the likelihood that defendants' experts will want to talk with members of the plaintiff class . . ., the presence of counsel minimizes potential conflicts arising from these communications.*

Order filed October 30, 2007, at 4 (emphasis added). For that reason, defendants were ordered to provide plaintiffs "with reasonable notice of any scheduled site inspection by a defense expert, and counsel for plaintiffs . . . will be permitted to attend and observe any such inspection." Id. As plaintiffs also note, joint expert tours were conducted prior to trial of this matter. See Coleman v. Wilson, 912 F.Supp. 1282, 1303, n.22 (E.D. Cal. 1995). Given that joint expert tours were conducted in anticipation of the original trial in this action, and ordered by Judge Moulds in connection with plaintiffs' request for additional relief in this matter in the form of a prisoner release order, if nothing else, common sense should have suggested to defendants and their counsel that the October 30, 2007 order applies to litigation-related expert tours in this action.[1]

Second, plaintiffs assert that three of defendants' experts, "with the full knowledge and endorsement" of defendants' counsel, conducted *ex parte* interviews with represented class members which, plaintiffs assert, violates the ethical objections of both the experts and defendants' attorneys. Objections at 6. In a joint report presented by three of defendants' experts, Drs. Dvoskin, Moore, and Scott, the experts represent that their opinions are based on, inter alia, prison site visits that included "confidential and private conversations with inmates." Clinical Evaluation of California's Prison Mental Health Services Delivery System, Ex. 1 to Declaration of Debbie J. Vorous in Support of Motion to Terminate, filed January 7, 2013 (Clinical Report) (ECF No. 4275-5), at 8. It is apparent from the Clinical Report that these defense experts talked with members of the plaintiff class, all of whom are represented by

---

[1] Plaintiffs also point to a report filed by defendants before the three-judge court on August 17, 2012. Therein, defendants represented that it did not "make sense for expert inspections" to begin "until the end of March 2013." Defendants' Response to August 3, 2012 Second Order (ECF No. 4226) at 2.

1  counsel.  See, e.g., Report at 12, 14, 16, 17, 20.  Plaintiffs contend that these interviews violated
2  the professional ethical obligations of both defendants and their attorneys.  See Objections at 5-6.
3  It is not apparent from plaintiffs' motion whether they assert that defense counsel were present at
4  any of the experts' interviews with prisoners.

5  　　　　　The court takes these assertions by plaintiffs' counsel very seriously.  Good cause
6  appearing, defendants will be directed to respond in writing by 12:00 noon on Monday, March
7  25, 2013, to the foregoing objections and to each of the other evidentiary objections raised by
8  plaintiffs' counsel.  Defendants shall also address whether any defense counsel were present
9  during any of the defense experts' interviews with prisoners.  In addition to any other matters to
10 be addressed, defendants shall show cause in writing, if any they have, why their expert reports
11 should not be stricken.  The parties shall be prepared to address these matters at the start of the
12 hearing on March 27, 2013.

13 　　　　　In accordance with the above, IT IS HEREBY ORDERED that defendants shall
14 show cause in writing, if any they have, why their expert reports should not be stricken.  Written
15 response to this order and to all of plaintiffs' evidentiary objections (ECF No. 4226) is due by
16 12:00 noon on Monday, March 25, 2013.  The parties shall be prepared to address these matters
17 at the start of the hearing on March 27, 2013.
18 DATED: March 18, 2013.

　　　　　　　　　　　　　　　　　/s/ Lawrence K. Karlton
　　　　　　　　　　　　　　　　　LAWRENCE K. KARLTON
　　　　　　　　　　　　　　　　　SENIOR JUDGE
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT