| | |
|---|---|
| DONALD SPECTER – 083925<br>STEVEN FAMA – 099641<br>PRISON LAW OFFICE<br>1917 Fifth Street<br>Berkeley, California 94710-1916<br>Telephone: (510) 280-2621 | MICHAEL W. BIEN – 096891<br>JANE E. KAHN – 112239<br>ERNEST GALVAN – 196065<br>THOMAS NOLAN – 169692<br>AARON J. FISCHER – 247391<br>MARGOT MENDELSON – 268583<br>KRISTA STONE-MANISTA – 269083<br>ROSEN BIEN<br>GALVAN & GRUNFELD LLP<br>315 Montgomery Street, Tenth Floor<br>San Francisco, California 94104-1823<br>Telephone: (415) 433-6830 |
| JON MICHAELSON – 083815<br>JEFFREY L. BORNSTEIN – 099358<br>LINDA L. USOZ – 133749<br>MEGAN CESARE-EASTMAN – 253845<br>K&L GATES LLP<br>4 Embarcadero Center, Suite 1200<br>San Francisco, California 94111-5994<br>Telephone: (415) 882-8200 | CLAUDIA CENTER – 158255<br>THE LEGAL AID SOCIETY –<br>EMPLOYMENT LAW CENTER<br>180 Montgomery Street, Suite 600<br>San Francisco, California 94104-4244<br>Telephone: (415) 864-8848 |

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>EDMUND G. BROWN, Jr., et al.,<br><br>    Defendants. | Case No. Civ S 90-0520 LKK-JFM<br><br>**NOTICE OF ERRATA TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO TERMINATE, EVIDENTIARY OBJECTIONS, AND EXHIBITS, AND NOTICE OF FILING OF CORRECTED PLEADINGS** |

[760525-1]

1 TO THE COURTS, TO ALL PARTIES AND TO THEIR RESPECTIVE COUNSELS OF
2 RECORD:

3     PLEASE TAKE NOTICE of the following errata in Plaintiffs' Opposition to
4 Defendants' Motion to Terminate Under the PLRA and to Vacate Under Rule 60(b)(5)
5 (previously filed as Docket No. 4408):

6     1.    At Page 5:17, the citation to "('Bien Decl.') Ex. 89 (Scott Dep. at 137:2-10)"
7 should be changed to read "('Bien Decl.') Ex. 89 (Scott Dep. at 243:20-249:3)".

8     2.    At Page 8:4-5, in order to fix the syntax and ensure clarity, the final sentence
9 of Subsection A should be changed to read as follows: "On this last point, the remediation
10 of poor suicide risk evaluations, Defendants have attempted to mislead this Court,
11 submitting sworn declarations that a program was implemented when Defendants' internal
12 documents prove that, at some institutions, it had not been implemented at all. *See id.*"

13     3.    At Page 13:10, the citation to "Bien Decl. Ex. 83 (Dvoskin Dep. at …
14 294:21-297:13)" should be changed to read "Bien Decl. Ex. 83 (Dvoskin Dep. at …
15 255:14-256:13)."

16     4.    At Page 18:13-17, a comma should be added to fix the syntax as follows:
17 "The sorry truth for both Plaintiffs and Defendants is that the three-judge court found, after
18 a full trial on the merits, that California prisoners have suffered and died needlessly and
19 unnecessarily due to the deliberate indifference of Defendant public officials who
20 overcrowded California's prisons and failed to provide minimally adequate medical and
21 mental health care and safe and appropriate housing."

22     5.    At Page 29:23-28, the sentence should be changed to read as follows:
23 "Defendants, including CDCR Secretary Beard, go even further, disavowing their own
24 studies of the minimum necessary clinical staffing, and this Court's orders, claiming that
25 they provide a "very rich" staffing level  (Bien Decl. Ex. 80 (Beard Dep. at 110:19-
26 113:20), and that their clinicians just have to "step up" and "do more than they usually do."
27 (Bien Decl. Ex. 81 (Belavich Dep. at 146:1-149:21).)"

28     6.    At Page 35:5-10, in order to fix the syntax and ensure clarity, the passage

[760525-1]

1  should be changed read as follows: "Inpatient waitlists still exist. Defendants have tried to
2  disguise the inpatient waitlist problem by redefining how to count the waitlist—
3  specifically, by using the date of acceptance by DSH instead of the date of referral,
4  contrary to Program Guide provisions (Bien Decl. Ex. 106 (Program Guide Section 12-1-
5  16))—and have thus undercounted the number of days that a mentally ill prisoner has been
6  waiting for transfer to psychiatric hospital level care.

7       7.   At page 38:13-15, in order to fix the syntax and ensure clarity, the passage
8  should be changed to read as follows: "Dr. Haney also toured the CCI OHU on February
9  22, 2013. Conditions in this OHU are similarly harsh, with men lying on the floor in
10 barren cells and being placed in cages regardless of their security status."

11      8.   At page 40:1-4, in order to ensure complete factual accuracy, the first
12 complete sentence on the page should be changed to read as follows: "Dr. John Brim, an
13 SVPP psychiatrist who testified on March 1, 2013, confirmed that patients at SVPP are
14 receiving approximately one hour a day of group treatment—less than what they received
15 in the past; the SVPP program is designed to provide 20 to 35 hours of treatment each
16 week.  (Bien Decl. Ex. 82 (Brim Dep. at 91:6-92:18).)"

17      9.   At page 45:14-15, "Ex. 88 (Moore Dep. at 116:18-118:5)" should be
18 changed to read "Bien Decl. … Ex. 88 (Moore Dep. at 196:8-197:2, 258:13-259:15)."

19      10.  At page 62:7-9, in order to fix the syntax and ensure clarity, the passage
20 should be changed to read as follows: "All experts – the Special Master's experts,
21 Plaintiffs' experts and Defendants' experts – that have looked at the setting, quantity, and
22 quality of mental health treatment for class members in segregation have identified
23 significant deficiencies."

24      11.  At page 70:22-23, "Bien Decl. Ex. 83 (Dvoskin Dep. at 211:24-212:14)
25 (describing records as 'hard to read' because so many of them are handwritten)" should be
26 changed to read "Bien Decl. Ex. 83 (Dvoskin Dep. at 211:24-212:14) (describing records
27 as 'difficult to read' because so many of them are handwritten)."

28      12.  At Page 82:13-14, in order to fix the syntax and ensure clarity, the passage

[760525-1]

2
NOTICE OF ERRATA TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO TERMINATE,
EVIDENTIARY OBJECTIONS, AND EXHIBITS, AND NOTICE OF FILING OF CORRECTED PLEADINGS

1  should be changed to read as follows: "All experts who have reviewed Defendants'
2  practices agree that Defendants persist in using force and punishment against mentally ill
3  prisoners while neglecting to account for and to address their clinical needs."
4
5      PLEASE TAKE FURTHER NOTICE of the following errata in Plaintiffs'
6  Evidentiary Objections to Defendants' Expert Reports and Declarations (previously filed
7  as Docket No. 4405):
8      1.    At Page 1:11-13, in order to ensure clarity, the passage should be changed to
9  read as follows: "Defendants also submitted declarations by five senior CDCR officials,
10 each of whom swore under oath to their personal knowledge and preparation to testify to
11 the matters contained therein."
12     2.    At Page 11:14, the citation to "(Dvoskin Dep. at . . . 294:21-297:13)" should
13 be changed to read "(Dvoskin Dep. at . . . 255:14-256:13)."
14     3.    At Page 16:24-25, "(*see* Dvoskin Dep. at 275:25-276:14)" should be changed
15 to read "(*see* Dvoskin Dep. at 223:10-225:10)."
16     4.    At Page 29:16-17, in order to fix the syntax and ensure clarity, the passage
17 should be changed to read as follows: "This sort of funneling testimony from one without
18 personal knowledge of the underlying facts is not permissible from a lay witness pursuant
19 to Federal Rule of Evidence 602."
20
21     PLEASE TAKE FURTHER NOTICE that certain portions of the deposition
22 transcripts of Tim Belavich (Exhibit 81), Dr. John Brim (Exhibit 82), Joel Dvoskin
23 (Exhibit 83), Steve J. Martin (Exhibit 86), Chris Meyer (Exhibit 87), Jacqueline Moore
24 (Exhibit 88), and Charles Scott (Exhibit 89) that were cited in Plaintiffs' Opposition to
25 Defendants' Motion to Terminate Under the PLRA and to Vacate Under Rule 60(b)(5)
26 were inadvertently omitted from their respective exhibits attached to the Declaration of
27
28

[760525-1]

3

NOTICE OF ERRATA TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO TERMINATE,
EVIDENTIARY OBJECTIONS, AND EXHIBITS, AND NOTICE OF FILING OF CORRECTED PLEADINGS

Michael W. Bien (Docket No. 4399).[1]  Each of these exhibits is contained in the previously filed Docket No. 4403 (Exhibits 81-90).

As consistent with the above, Plaintiffs are concurrently filing (1) a corrected Plaintiffs' Opposition to Defendants' Motion to Terminate Under the PLRA and to Vacate Under Rule 60(b)(5) to replace the pleading filed at Docket No. 4408; (2) a corrected Plaintiffs' Evidentiary Objections to Defendants' Expert Reports and Declarations to replace the pleading filed at Docket No. 4405; (3) an updated, complete version of Exhibits 81, 82, 83, 86, 87, 88, and 89 (cited deposition transcript pages from the depositions of Belavich, Brim, Dvoskin, Martin, Meyer, Moore, and Scott, respectively) that were previously filed at Docket No. 4403 (Exhibits 81-90 to the Declaration of Michael W. Bien (Docket No. 4399)).  Plaintiffs file these amended pleadings in order to ensure a complete and accurate record of the proceedings on this matter.

DATED: March 19, 2013            Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Michael W. Bien*
    Michael W. Bien

Attorneys for Plaintiffs

---

[1] On March 15, 2013, Plaintiffs lodged with the Court the complete transcripts of all depositions taken and cited in Plaintiffs' Opposition brief.