KAMALA D. HARRIS
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
JAY C. RUSSELL
Supervising Deputy Attorney General
DEBBIE VOROUS, State Bar No. 166884
PATRICK R. MCKINNEY, State Bar No. 215228
WILLIAM DOWNER, State Bar No. 257644
Deputy Attorneys General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone: (415) 703-3035
 Fax: (415) 703-5843
 E-mail: Patrick.McKinney@doj.ca.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>                    Plaintiffs,<br><br>    v.<br><br>EDMUND G. BROWN JR., et al.,<br><br>                    Defendants. | 2:90-cv-00520 LKK JFM PC<br><br>**REPLY DECLARATION OF DR. MORGAN JENSEN IN SUPPORT OF DEFENDANTS' MOTION TO TERMINATE UNDER THE PRISON LITIGATION REFORM ACT [18 U.S.C. § 3626(b)] AND TO VACATE THE COURT'S JUDGMENT AND ORDERS UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b)(5)** |

I, Dr. Morgan Jensen, declare as follows:

1. I am a Staff Psychologist for Facility A at California Correctional Institute (CCI) in Tehachapi, California. I have been a licensed psychologist since 2011. I submit this declaration in support of the State's Reply Memorandum in support of its motion to terminate under the

1

Decl. of Dr. Morgan Jensen in Supp. Defs.' Reply in Support of Termination Motion
(2:90-cv-00520 LKK JFM PC)

1   Prison Litigation Reform Act and to Vacate the Court's Judgment and Orders under Federal Rule
2   of Civil Procedure 60(b)(5).

3       2.   I began working with the California Department of Corrections and Rehabilitation
4   (CDCR) in October 2009 at North Kern State Prison (NKSP) in Delano, California. Between
5   October 2009 and January 2011, I worked as a registered unlicensed clinician under the
6   supervision of a licensed clinician. I received my license in January 2011 and continued as a
7   Staff Psychologist at NKSP until April 2011. In April 2011, I transferred to CCI and have been
8   working as a Staff Psychologist at CCI since that time.

9       3.   Dr. Craig Haney states in paragraph 239 on page 105 of his Declaration filed March
10  14, 2013, that I "praised the cooperation that [I] said the escort officers now showed." This is a
11  mischaracterization of my statement to the plaintiffs' representatives. I, in no way, indicated that
12  the officers "now show" cooperation. I stated that the officers are cooperative.

13      4.   Dr. Craig Haney states in paragraph 239 on page 106 of his Declaration filed March
14  14, 2013, that I "stated that although the mental health assessments [for rules violation reports
15  (RVRs)] had almost doubled recently, [I] was still the only clinician assigned to do them." This
16  is another mischaracterization of my statements to the plaintiffs' representatives. As I fully
17  explained to the plaintiffs' representatives, the Forms RVR 115-MH mental health evaluations
18  had approximately doubled over the past approximately fourteen months following a memo with
19  an effective date after December 2011, which implemented new requirements for assessments.
20  Specifically, the memo required that specific division offenses that now received a mandatory
21  mental health evaluation for CCCMS and EOP inmates. This has slowly increased the number of
22  inmates who receive mental health assessments following issuance of a RVR. However, upon
23  review of the mental health assessments from July 1, 2012 through February 22, 2013, the
24  average number of assessments per month has stabilized at approximately 16 per month.

25      5.   Dr. Craig Haney states in paragraph 239 on page 106 of his Declaration filed March
26  14, 2013, that I "acknowledged that [I] sometimes cannot get to all of [my] patients without
27  depending on another clinician to help." This is also a mischaracterization of the information that
28  I provided to the plaintiffs' attorneys. I stated that staff at CCI works as a team to provide good

2

clinical care for the inmates. Other staff has occasionally been scheduled for some of the inmates on my caseload without my actually requesting this to occur as part of coordinating care for the inmates within our institution.

      6.    Dr. Craig Haney quotes me in paragraph 239 on page 106 of his Declaration filed March 14, 2013, as stating "We've had to be even more creative and strive harder to get appropriate treatment." At that time, I clarified that staff uses time management so that we can maximize effective use of the clinician's available time.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed in Tehachapi, California on March 20, 2013.

                                               Dr. Morgan Jensen

*(original signature retained by attorney)*

Decl. of Dr. Morgan Jensen in Supp. Defs.' Reply in Support of Termination Motion
(2:90-cv-00520 LKK JFM PC)