KAMALA D. HARRIS
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
JAY C. RUSSELL
Supervising Deputy Attorney General
DEBBIE VOROUS, State Bar No. 166884
PATRICK R. MCKINNEY, State Bar No. 215228
WILLIAM DOWNER, State Bar No. 257644
Deputy Attorneys General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-3035
 Fax: (415) 703-5843
 E-mail: Patrick.McKinney@doj.ca.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| RALPH COLEMAN, et al., | 2:90-cv-00520 LKK JFM PC |
|---|---|
| Plaintiffs, | REPLY DECLARATION OF H. GABELER IN SUPPORT OF DEFENDANTS' MOTION TO TERMINATE UNDER THE PRISON LITIGATION REFORM ACT [18 U.S.C. § 3626(b)] AND TO VACATE THE COURT'S JUDGMENT AND ORDERS UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b)(5) |
| v. | |
| EDMUND G. BROWN, JR., et al., | |
| Defendants. | |

I, H. Gabeler, declare as follows:

1.   I am the acting Director of Nursing (DON) at Salinas Valley State Prison (SVSP). I was previously the Supervising Registered Nurse II (SRN II) over the Emergency Room (ER) at SVSP from November 2008 to January 2011. I submit this declaration in support of the State's Reply Memorandum in support of its motion to terminate under the Prison Litigation Reform Act and to Vacate the Court's Judgment and Orders under Federal Rule of Civil Procedure 60(b)(5).

1

2. While the SRN II over the ER, I was assigned to serve as the Emergency Response Co-coordinator and chair of the EMRRC committee. My responsibilities included, but were not limited to: researching cases for reporting; compiling the written report; chairing the monthly committee meetings; providing training to the ER staff on issues identified at the meetings; and directing and reporting Medical Emergency Response Drills (EMRD).

3. When I first began in this position, I identified areas for improvement for the response times from the time of an incident to the transfer to a medical center for further treatment when indicated. I worked diligently with medical, nursing, and custody personnel to reduce the average time from incident to transfer-out to an average of 30 minutes, while still providing quality evaluation and treatment / stabilization of the patient.

4. In December of 2008, the California Department of Corrections and Rehabilitation (CDCR) implemented a new Emergency Medical Response policy and procedure. All Nursing staff throughout the facility was trained about this. This policy has been the basis for all further training given to staff, as well as for the required reporting to EMRRC and drill practice.

5. Each month during my time as EMRRC Co-coordinator, I prepared the meeting report, as required, to the best of my ability. I reviewed the ER logs regularly for cases for inclusion in the report, which comprised of all:

- Code 3 (medically emergent) transfers
- All suicides and suicide attempts
- All deaths
- Others: those cases in which the institution response was a code 3, but were downgraded to code 2, by either the Doctor or Paramedics, following stabilization and improvement in the patient's condition
- Drill practices

6. The EMRRC was scheduled monthly to comply with the 30-day reporting of all cases. On the rare occasion that the meeting was delayed due to unforeseen circumstances, it was rescheduled and held at the soonest possible date. If all the data required to thoroughly present the case was not available at the time of preparing the report, or if the incident had occurred

2

Decl. H. Gabeler Supp. Defs.' Reply in Support of Termination Motion
(2:90-cv-00520 LKK JFM PC)

1  within just days prior to the report, brief mention was made with the completed report being
2  provided the following month.

3      7.    The purpose of the EMRRC meeting is to review the quality and timeliness of care
4  provided, and adherence to policy and procedure. Attention is paid to areas for improvement and
5  training is assigned and provided. An Action Item list is maintained and completion of training
6  reported at subsequent meetings.

7      8.    A brief summary of each EMRRC meeting along with the action-item list is presented
8  to the Quality Management Committee (QMC) monthly.

9      9.    In January 2011, I took the post as DON (A). The ER SRN II post was then filled by
10 another SRNII. There was a transition time during which training took place in order for this
11 person to master the assignment and produce the report independently. At the end of 2012, this
12 SRN II resigned his supervisory post. The EMRRC work assignment has been delegated to
13 another SRN II (A), who previously worked as an RN in the ER and is knowledgeable about
14 emergency care and related policy and procedure. She is, however, undergoing a transition
15 period of training to master the reporting for the EMRRC meetings.

16     10.    The efficiency and effectiveness of emergency response at Salinas valley remains a
17 high priority of all staff and a particular interest of mine. The effectiveness and efficiency has
18 been observed in riot situations when the working relationship of all staff has demonstrated the
19 ability to provide timely triage and treatment to all patients. During the last Mass Casualty
20 Incident (MCI), personnel from the County of Monterey attended. At a debriefing meeting, the
21 County officials acknowledge the efficiency of SVSP staff in emergency operations and provision
22 of lifesaving care, and expedient patient transport to outside medical facilities.

23     I declare under penalty of perjury under the laws of the State of California and the United
24 States of America that the foregoing is true and correct. Executed in Soledad, California on
25 March __, 2013.

26
27                                      H. GABELER
                                  *(original signature retained by attorney)*

28 CF1997CS0003/31646656.doc

3

Decl. H. Gabeler Supp. Defs.' Reply in Support of Termination Motion
(2:90-cv-00520 LKK JFM PC)