KAMALA D. HARRIS
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
JAY C. RUSSELL
Supervising Deputy Attorney General
DEBBIE VOROUS, State Bar No. 166884
PATRICK R. MCKINNEY, State Bar No. 215228
WILLIAM DOWNER, State Bar No. 257644
Deputy Attorneys General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 703-3035
  Fax:  (415) 703-5843
  E-mail:  Patrick.McKinney@doj.ca.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>                    Plaintiffs,<br><br>v.<br><br>EDMUND G. BROWN JR., et al.,<br><br>                    Defendants. | 2:90-cv-00520 LKK JFM PC<br><br>**REPLY DECLARATION OF RANDOLF GROUNDS IN SUPPORT OF DEFENDANTS' MOTION TO TERMINATE UNDER THE PRISON LITIGATION REFORM ACT [18 U.S.C. § 3626(b)] AND TO VACATE THE COURT'S JUDGMENT AND ORDERS UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b)(5)** |

I, Randolf Grounds, declare as follows:

1. I am the acting Warden at Salinas Valley State Prison (SVSP) in Soledad, California. I submit this declaration in support of the State's Reply Memorandum in support of its motion to terminate under the Prison Litigation Reform Act and to Vacate the Court's Judgment and Orders under Federal Rule of Civil Procedure 60(b)(5).

1

Decl. of Randolf Grounds in Supp. Defs' Reply in Support of Termination Motion
(2:90-cv-00520 LKK JFM PC)

2. I have worked at CDCR since 1991. Prior to my career with CDCR, I worked for 11 years with the Eldorado County Probation Department. In 1991, I started with CDCR as a Correctional Counselor. I promoted to Correctional Counsel II – Specialist in approximately 1995 and again to Correctional Counsel II Supervisor in approximately 1996. In approximately 1999, I came to Headquarters and worked as a Classification Staff Representative. Then, in 2001, I transferred back to the California Correctional Institution (CCI) and worked as the Classification and Parole Representative. While at CCI, in approximately 2003, I promoted to Facility Captain. In approximately 2006, I transferred to SVSP and worked as an Associate Warden. I transferred to California State Prison – Solano in 2008, where I began working as the Chief Deputy Warden. In 2009, I transferred to the Correctional Training Facility in Soledad where I was promoted to Warden. In July 2012, I accepted my current position as Warden over SVSP.

3. In my role as an institution Warden, I am committed to ensuring that the inmates within my custody are treated with respect and have access to adequate health care, including mental health care. I hold my staff to high expectations in meeting these commitments and I communicate my expectations to staff on a continual basis. For example, every morning I hold an Executive Staff meeting where we report on any mental health inmates on 24-hour status or five-day step down status. We daily track any inmates pending Administrative Segregation placement, hunger strike, or any inmates in a holding cell. Each week, I complete what we refer to as a Warden's RAP, which is where I personally meet with both custody and non-custody staff that are in block training. I speak to them about 1) Corrections 101 expectations, 2) assuring excellent delivery of services (medical, mental health, dental, Americans with Disabilities Act, etc) and collaborative teamwork with all disciplines, and 3) the importance of leadership both within the context of the institution and the community. Additionally, I regularly meet with both custody and non-custody staff so that I can consistently communicate my goals and expectations for conduct. My staff is also required to attend regular meetings and trainings regarding the custodial role in facilitating inmate access to health care. I attend Management meetings that are represented by Medical, Mental Health, Dental, and Department of State Hospitals staff.

2

Decl. of Randolf Grounds in Supp. Defs' Reply in Support of Termination Motion
(2:90-cv-00520 LKK JFM PC)

4. Dr. Pablo Stewart states in paragraph 355 on page 125 of his Declaration filed March 14, 2013, which, during an interview with inmates at SVSP, the inmates told him that "when they reported mental health symptoms to custody staff, they were often humiliated and demeaned." As Warden, I would never tolerate any of my staff humiliating or demeaning any inmates. If I were to receive information substantiating that any of my staff had acted in this manner, I would take immediate steps to address this issue. This could include initiating a video tape interview and follow up by investigatory staff interviews, etc. If this immediate Administrative Review of the incident brought further corroborating evidence, the case would be forwarded to the Office of Internal Affairs for further investigation. If substantiated, I would take immediate corrective action, which may include an adverse employment action against the individual or individuals involved and a corrective action plan to prevent a similar incident from occurring.

5. Dr. Pablo Stewart further states in paragraph 308 on page 108 of his Declaration filed March 14, 2013, that, during an interview with two Enhanced Outpatient Program (EOP) inmates at SVSP, the inmates told him that they "feared retaliation from custody staff" for talking with the plaintiffs' attorneys and expert. Dr. Stewart also stated that these inmates "were nervous that talking to us on the tour would lead to their cells [being] searched and 'torn up' by custody staff members." At SVSP, we have clear policies in place that prohibit staff retaliation against any inmates for any reason. Additionally, we have clear local operating policies regarding cell searches, which are conducted in a systematic and organized manner according to policy. Cell searches are not completed as retaliation or to discourage an inmate from speaking with any persons, particularly the inmate's own attorneys. As Warden, I would never tolerate any of my staff retaliating against any inmates for any reasons or conducting searches to discourage inmates from speaking with any persons. If I were to receive information substantiating that any of my staff had acted in this manner, I would take immediate steps to address this issue as laid out in the paragraph above.

6. At SVSP, we also have an inmate appeals system in place through which inmates can bring to our attention any issues that they feel should be addressed. I hold my staff to high

3

Decl. of Randolf Grounds in Supp. Defs' Reply in Support of Termination Motion
(2:90-cv-00520 LKK JFM PC)

expectations regarding the review and processing of every inmate complaint. The inmates at SVSP are aware of this process and utilize it to address any issues that they might have.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed in Soledad, California on March 21, 2013.

_____
Randolf Grounds

*(original signature retained by attorney)*