1  KAMALA D. HARRIS
   Attorney General of California
2  JONATHAN L. WOLFF
   Senior Assistant Attorney General
3  JAY C. RUSSELL
   Supervising Deputy Attorney General
4  DEBBIE VOROUS, State Bar No. 166884
   PATRICK R. MCKINNEY, State Bar No. 215228
5  WILLIAM DOWNER, State Bar No. 257644
   Deputy Attorneys General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-3035
    Fax:  (415) 703-5843
8   E-mail:  Patrick.McKinney@doj.ca.gov

9  *Attorneys for Defendants*

10              IN THE UNITED STATES DISTRICT COURT

11             FOR THE EASTERN DISTRICT OF CALIFORNIA

12                     SACRAMENTO DIVISION

13

14

15  **RALPH COLEMAN, et al.,**                 2:90-cv-00520 LKK JFM PC

16                              Plaintiffs,    **DEFENDANTS' NOTICE OF MOTION
                                               AND MOTION TO EXCLUDE
17         v.                                  TESTIMONY OF DR. CRAIG HANEY
                                               UNDER FEDERAL RULE OF CIVIL
18  **EDMUND G. BROWN JR., et al.,**           PROCEDURE 37; MEMORANDUM OF
                                               POINTS AND AUTHORITIES IN
19                             Defendants.     SUPPORT OF MOTION**

20

21

22

23

24

25

26

27

28

                                              1

## NOTICE OF MOTION AND MOTION

TO THE PARTIES AND ALL COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT as soon as this matter may be heard before the Honorable Lawrence Karlton, Defendants move the Court to exclude the testimony of Dr. Craig Haney. Defendants bring this motion under Federal Rule of Civil Procedure 37.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Joint Statement Regarding Discovery Dispute (ECF No. 4382), all pleadings, exhibits, and papers on file in this action, and any other matters properly before the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

The opinions and testimony of Plaintiffs' expert Dr. Craig Haney should be excluded. Plaintiffs rely extensively on Dr. Haney's opinions in their opposition to Defendants' motion to terminate. Yet Defendants have not received a meaningful opportunity to depose Dr. Haney regarding those opinions. Plaintiffs' failure to make him available for deposition in advance of the deadline for Defendants' reply brief is not only unfair and prejudicial to Defendants' ability to respond to Plaintiffs' opposition, but it is the equivalent of a denial of due process.

### ARGUMENT

Defendants have not received adequate time to depose Plaintiffs' expert Dr. Craig Haney so as to meaningfully respond to Plaintiffs' arguments based on his opinions. Defendants' ability to respond to this key expert witness of Plaintiffs has thus been unfairly and unduly prejudiced. The impact of the prejudice to Defendants is only intensified when considered in context.

Defendants filed their motion to terminate on January 7, 2013. (ECF No. 4275.) Plaintiffs were effectively provided more than two months to oppose the motion, notwithstanding a short suspension of the briefing imposed by the Court. (ECF Nos. 4290, 4316.) During the intervening time, Plaintiffs propounded 99 requests for production of documents in three sets served on January 15, January 29, and January 31. Within 14 days after each request, Defendants

2

Defs.' Notice of Mot. and Mot. to Exclude Testimony of Dr. Haney; MPA in Support
(2:90-cv-00520 LKK JFM PC)

served timely objections and responses.  And through March 2, 2013, Defendants produced hundreds of thousands of pages of documents in response.  The document requests were accompanied by two requests for site inspections of 11 institutions.  Defendants received the expert reports for Plaintiffs' five experts just five and six days before their opposition was due on March 15 – two of which days were weekend days.  Those expert witnesses were then made available for depositions just two and three days before Defendants' reply brief was due on March 22, with the exception of Dr. Haney, who was made available the evening before or the very day Defendants' reply brief was due, despite Plaintiffs' advance knowledge of Defendants' deadline.

After Defendants filed a motion to compel, the Court's issued an order on March 18, 2013, requiring Plaintiffs to produce Dr. Haney for deposition no later than March 22, 2013, and giving Defendants only an additional business day and a half after the weekend to file a supplemental reply brief addressing the testimony.

There is no dispute that Defendants are entitled to cross-examine Dr. Haney about his opinions.  Fed. R. Civ. P. 26(b)(4)(A).  Indeed, "a prohibition against discovery of information held by expert witnesses produces in acute form the very evils that discovery has been created to prevent."  Fed. R. Civ. P. 26, Notes to Adv. Comm. on 1970 Amendments, 26(b)(4)(A).   The time that the Court provided for the deposition to take palce came at the same time that Defendants were attempting to complete their reply briefing under very tight time contstraints. In addition, the schedule would have left no meaningfully way to use any information obtained through cross-examination. The turnaround time for even an expedited transcript, though speedy, makes Defendants' ability to utilize the information impossible.  Without a doubt, the stonewalling effect of Plaintiffs' conduct is one of the evils that the discovery rules were designed to protect.

Plaintiffs' failure to make Dr. Haney available should not be rewarded.  Rule 37 precludes a party who fails to provide information from later relying on that information in support of a motion.  Fed. R. Civ. P. 37(c)(1).  Further, a party who fails to comply with a discovery order may be prohibited from supporting or opposing claims or defenses, and pleadings may be

stricken.  Fed. R. Civ. P. 37(b)(2)(A)(ii)-(iii).  Under Rule 37, Plaintiffs should be precluded from relying on Dr. Haney's opinions and testimony in support of their opposition to Defendants' motion to terminate.

## CONCLUSION

Plaintiffs' failure to make expert witness Dr. Craig Haney available for deposition in advance of Defendants' deadline for responding to Plaintiffs' opposition brief, in which they rely heavily on the expert's opinions, has unfairly prejudiced Defendants.  The prejudice suffered is equivalent to a denial of due process. Accordingly, the opinions and testimony of Dr. Craig Haney should be excluded from the Court's consideration of Defendant's motion to terminate.

Dated:  March 22, 2013

Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
JAY C. RUSSELL
Supervising Deputy Attorney General

/s/ Patrick R. McKinney

PATRICK R. MCKINNEY
Deputy Attorney General
Attorneys for Defendants

4

Defs.' Notice of Mot. and Mot. to Exclude Testimony of Dr. Haney; MPA in Support
(2:90-cv-00520 LKK JFM PC)