**Exhibit 10**

```
 1                UNITED STATES DISTRICT COURTS
 2                EASTERN DISTRICT OF CALIFORNIA
 3
 4
 5   RALPH COLEMAN, et al.,
 6
 7            Plaintiffs,
 8   -vs-                              No. CIV S 90-0520 LLK-JFM
 9   EDMUND G. BROWN, JR, et al.,
10            Defendants.
                                      /
11   _____
12
               DEPOSITION OF TIM BELAVICH, PH.D.
13
14
15
16
17   DATE:            February 22, 2013
18
19   TIME:            9:01 a.m.
20
     LOCATION:        315 Montgomery Street, 10th Floor
21                    San Francisco, CA
22
23   REPORTED BY:     Joanna Broadwell
                      Certified Shorthand Reporter
24                    License No. 10959
25
```

1  Q.  So in your professional opinion, then, there
2  is some circumstance with some patient in crisis for
3  whom you've made -- for whom you have determined
4  professionally that you need to initiate the process
5  for crisis bed referral, there is some set of
6  circumstances wherein you would find it to be
7  clinically appropriate to house that person for four
8  hours in one of these cages?
9       MS. VOROUS:  Objection.  Misstates testimony.
10      THE DEPONENT:  Yes.  Potentially, there is
11 reason you can house this person there for four hours.
12      BY MR. GALVAN
13 Q.  What would that be?
14 A.  I don't know.  You, again, haven't given me
15 the information to make any determination.
16 Q.  Well, it's not your testimony that you, as a
17 clinician, would never put a person in crisis in these
18 cages for four hours, right?
19 A.  That's correct.
20 Q.  There are circumstances in which you, as a
21 clinician, would think it's appropriate to put a person
22 in this cage for four hours in mental health crisis,
23 correct?
24 A.  Well, I don't know for four hours.  Up to four
25 hours.

1    Q.  Yes.  Up to four hours.  And assume he's going
2  to spend the whole four hours.
3        MS. VOROUS:  Objection.  Argumentative.
4        BY MR. GALVAN
5    Q.  But that's your testimony, that as a
6  clinician, it's your opinion that there are
7  circumstances where you would find it appropriate to
8  place a person in mental health crisis in one of these
9  cages for up to four hours, correct?
10   A.  There may be circumstances where placement in
11 this holding cell is more appropriate than any other
12 alternative that is available at the time.
13   Q.  What is this -- why is it that this holding
14 cell would be the only acceptable alternative?  What's
15 lacking in the system to make this the only acceptable
16 alternative?
17   A.  I can't say.
18   Q.  Is it that there aren't enough proper crisis
19 beds, that this becomes the only alternative?  Because
20 if you don't put him in here, you're just going to
21 leave him where he is where he decompensated?
22       MS. VOROUS:  Objection.  Lack of foundation.
23 Argumentative.
24       THE DEPONENT:  I'm not making your connection
25 about crisis beds.

CERTIFICATION OF DEPOSITION OFFICER

I, JOANNA BROADWELL, duly authorized to administer oaths pursuant to Section 2093 (b) of the California Code of Civil Procedure, hereby certify that the witness in the foregoing deposition was by me sworn to testify to the truth, the whole truth, and nothing but the truth in the within-entitled cause; that said deposition was taken at the time and place therein stated; that the testimony of said witness was thereafter transcribed by means of computer-aided transcription; that the foregoing is a full, complete and true record of said testimony; and that the witness was given an opportunity to read and correct said deposition and to subscribe the same.

I further certify that I am not of counsel or attorney for either or any of the parties in the foregoing deposition and caption named, or in any way interested in the outcome of this cause named in said caption.

JOANNA BROADWELL
CSR 10959