IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

    Plaintiffs,                  No. 2:90-cv-0520 LKK JFM P

    vs.

EDMUND G. BROWN, JR., et al.,

    Defendants.               ORDER

                                /

          On March 22, 2013, defendants filed a motion pursuant to Fed. R. Civ. P. 37 to exclude the declaration of plaintiffs' expert, Dr. Craig Haney. Defendants contend that they have not received a "meaningful opportunity to depose Dr. Haney" concerning his opinions and that "Plaintiffs' failure to make him available for deposition in advance of the deadline for Defendants' reply brief is not only unfair and prejudicial to Defendants' ability to respond to Plaintiffs' opposition, but it is the equivalent of a denial of due process." Amended Motion to Exclude Testimony of Dr. Craig Haney, filed March 22, 2013 (ECF No. 4490), at 1.

          Defendants' motion, which implicitly attacks this court's March 18, 2013 order, without seeking reconsideration of it,[1] is without merit. Dr. Haney's expert declaration was filed

---

[1] In the interests of justice, the court will rule on defendants' motion without waiting for a response from plaintiffs. The reasons for this are twofold: first, insofar as possible the state of

1

on March 14, 2013. Expert Declaration of Craig Haney ("Haney Decl.") (ECF No. 4378). In the March 18, 2013 order, this court denied defendants' request to have Dr. Haney made available for deposition by March 19, 2013, but directed plaintiffs to make Dr. Haney available for deposition by no later than March 22, 2013. Order filed March 18, 2013 (ECF No. 4412), at 1. Since March 22, 2013 was the deadline for defendants to file their reply brief, the court authorized defendants to file a supplemental reply based on Dr. Haney's deposition testimony not later than 1:30 p.m. on March 26, 2013. Id.

Defendants have made no showing that plaintiffs did not make Dr. Haney available for deposition pursuant to the court's March 18, 2013 order. Reduced to its essence, defendants' motion is premised solely on their conclusory assertion that even expediting a transcript of the deposition would not leave them sufficient time to use the deposition testimony in a reply brief. See Motion at 3. At most, this might have provided the basis for a request for an additional period of time in which to file the supplemental reply. It is certainly not a basis for striking Dr. Haney's declaration.

Defendants' assertion that plaintiffs' failure to make Dr. Haney available for deposition in advance of the deadline for their reply brief is "equivalent to a violation of due process," is frivolous. First, as explained already, defendants were given additional time to file a supplemental reply brief. Second, on March 22, 2013, defendants filed a ninety-nine page reply brief in support of their motion to terminate this action.[2] ECF No. 4487. The reply brief is accompanied by fifty-five declarations (ECF Nos. 4429-4434, 4435-4484), as well as numerous deposition excerpts and other material (ECF No. 4491, Exhs. 1-13). Eleven of those declarations are responsive to Dr. Haney's declaration. See ECF Nos. 4429 (Fischer Decl.); 4430 (Gipson

---

the record and the evidence properly before the court should be clear in advance of the hearing set for March 27, 2013. Second, the motion at bar revisits matters already resolved by the court in its March 18, 2013 order, see infra, without showing any valid basis for reconsideration of that order.

[2] Defendants' reply brief is as long as plaintiffs' opposition to the motion.

Decl.); 4433 (Sanders Decl.); 4438 (Holland Decl.); 4439 (Walsh Decl.); 4440 (Jensen Decl.); 4458 (Jordan Decl.); 4459 (Cash Decl.); 4480 (Telander Decl.); 4481 (Lizarraga Decl.); and 4482 (Colley Decl.). In addition, in his declaration, Dr. Haney avers that as part of the foundation for his opinion he toured four California prisons and, <u>inter</u> <u>alia</u>, "had numerous conversations with correctional administrators, clinical staff, and line correctional officers, with Defendants' counsel present throughout." Haney Decl. at ¶ 19.

In short, defendants had an opportunity to depose Dr. Haney and an extension of time to incorporate that testimony into a supplemental reply brief. There is no basis for striking his declaration. Accordingly, IT IS HEREBY ORDERED that defendants' March 22, 2013 motion (ECF No. 4490) to exclude the expert declaration of Dr. Craig Haney, is **DENIED**.

DATED:  March 25, 2013.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT