DONALD SPECTER – 083925
WARREN E. GEORGE – 053588
STEVEN FAMA – 099641
ALISON HARDY – 135966
SARA NORMAN – 189536
REBEKAH EVENSON – 207825
KELLY KNAPP - 252013
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California  94710-1916
Telephone:   (510) 280-2621

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
LISA ELLS – 243657
AARON J. FISCHER – 247391
KRISTA STONE-MANISTA – 269083
MARGOT MENDELSON – 268583
ROSEN BIEN GALVAN &
GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California  94104-1823
Telephone:   (415) 433-6830

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
600 Harrison Street, Suite 120
San Francisco, California  94107-1389
Telephone:   (415) 864-8848

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURTS
## EASTERN DISTRICT OF CALIFORNIA
## AND NORTHERN DISTRICT OF CALIFORNIA
### UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
### PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br>　　　　Plaintiffs,<br>　　v.<br>EDMUND G. BROWN, JR., et al.,<br>　　　　Defendants. | Case No. Civ S 90-0520 LKK-JFM P<br><br>**THREE JUDGE COURT**<br><br>**NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS TO OFFICE OF INSPECTOR GENERAL** |
| MARCIANO PLATA, et al.,<br>　　　　Plaintiffs,<br>　　v.<br>EDMUND G. BROWN, JR., et al.,<br>　　　　Defendants. | Case No. C01-1351 TEH<br><br>**THREE JUDGE COURT** |

1 | TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2 |     PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 45, Plaintiffs

3 | have commanded the Office of the Inspector General to produce documents listed in Attachment

4 | A to the Subpoena to Produce Documents, attached hereto as Exhibit 1.

6 | Dated: March 26, 2013                                  Respectfully submitted,

/s/ *Kelly Knapp*
Kelly Knapp
Prison Law Office
Attorneys for Plaintiffs

NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS TO THE OFFICE OF THE INSPECTOR GENERAL

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| Marciano Plata, et. al. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. C01-1351TEH, 90-0052 LKKJFM |
| Edmund G. Brown, et. al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Northern and Eastern Districts of CA ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Office of Inspector General, 3927 Lennane Dr., Suite 220, Sacramento, CA 95834, attn: James Spurling, spurlingj@oig.ca.gov

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Prison Law Office, 1917 5th Street, Berkeley, CA 94710 | Date and Time: 04/16/2013 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 03/26/2013

*CLERK OF COURT*

OR

_____     /s/ Kelly Knapp
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Marciano Plata, et. al. , who issues or requests this subpoena, are:

Kelly Knapp, Prison Law Office, 1917 5th Street, Berkeley, CA 94710, kknapp@prisonlaw.com, (510) 280-2621, on behalf of the Plaintiffs.

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs command the Office of the Inspector General to produce the following documents for inspection and copying.

### Definitions

For the purposes of this request for documents the following definitions shall apply:

1. "COMMUNICATION" means any transmission of information from one person to another, including, without limitation, by personal meeting, telephone, facsimile, instant message, text, or email and expressly includes transmission of information involving Electronically Stored Information.

2. "DEFENDANTS" means the California Department of Corrections and Rehabilitation and its employees, agents, attorneys, and representatives, and the California Officer of the Governor and its employees, agents, attorneys, and representatives.

3. "DOCUMENT" or "DOCUMENTS" as used herein is intended to have the broadest possible meaning and to include anything coming within the definition of "writings" and "recordings" as set forth in Rule 1001(1) of the Federal Rules of Evidence. The term refers to but is not limited to the product of any method of recording information, whether by writing or otherwise, including without limitation: any written, electronic, or computerized files, data or software; memoranda; correspondence; communications; reports; declarations; drafts; summaries; studies, analyses; evaluations; notes or notebooks; indices; logs; books, booklets or binders; pamphlets; calendar or diary entries; ledger entries; press clippings; graphs; tables; charts; drawings; maps; meeting minutes; photographs; transcripts; audio or video recordings or tapes; facsimile transmissions; electronic mail messages; and the like. "DOCUMENT" shall include each copy of any whole or part of a document on which there appears any marking or deletion which does not appear on the original or other copies thereof, together with all drafts or

notes for the preparation of each document. If the original of a document is not available, "DOCUMENT" includes any identical copy of the original.

4. "OIG" means the California Office of the Inspector General and its employees, agents, attorneys, and representatives.

5. "RELATED TO" means referencing, constituting, representing, defining, depicting, concerning, embodying, reflecting, identifying, stating, mentioning, addressing, or pertaining to in any way.

6. "YOU," "YOUR," and "YOURSELF" means the Office of the Inspector General and its agents, representatives, legal counsel, contractors, and employees.

## Instructions

1. YOU are required to furnish all DOCUMENTS in YOUR possession, custody, or control, including those DOCUMENTS that are in YOUR possession, custody, or control in the normal course of YOUR employment obligations, and those in the possession, custody or control of your (1) employer; (2) consultants; (3) attorneys; (4) representatives; (5) agents; or (6) any other person acting or purporting to act on YOUR behalf or at YOUR direction, whether doing so directly or at the direction of YOUR subordinates. Possession, custody, or control includes DOCUMENTS stored in electronic form by third party service providers but accessible to YOU, including but not limited to email accounts, FTP servers, portable storage media such as USB drives, cloud storage services such as Dropbox or SharePoint, and online workspaces such as WebEx.Each request herein constitutes a request for DOCUMENTS in their entirety, with all enclosures and attachments, and without abbreviation, redaction, or expurgation.

2. YOU shall produce any and all drafts and copies of each DOCUMENT that are responsive to any request, including but not limited to copies containing handwritten notes, markings, stamps, or interlineations.

3. YOU shall produce all responsive DOCUMENTS as they have been kept in the ordinary course of business.

4. Responsive DOCUMENTS should be produced in a form consistent with the Federal Rules of Civil Procedure, including producing the DOCUMENTS in a form or forms in which they are ordinarily maintained or in a reasonably usable form or forms.

5. If YOU object to a portion or an aspect of a request, state the grounds for your objection with specificity and respond to the remainder of the DOCUMENT request. If any DOCUMENTS, or portion thereof, are withheld because YOU claim that such information is protected under the attorney-client privilege, work product doctrine, or other privilege or doctrine, YOU are required to provide a privilege log setting forth the specific basis for the claim of privilege or protection and for each DOCUMENT provide the following:

    a. the subject matter of the DOCUMENT;

    b. the title, heading or caption of the DOCUMENT, if any;

    c. the date appearing on the DOCUMENT or, if no date appears thereon, the date or approximate date on which the DOCUMENT was prepared;

    d. the type of DOCUMENT (e.g., whether it is a letter, memorandum, MINUTES of meeting, etc.) and the number of pages of which it consists;

    e. the identity of the person who signed the DOCUMENT or, if it was not signed, the person who prepared it;

    f. the identity of each person to whom the DOCUMENT was addressed and the identity of each person to whom a copy thereof was sent; and

    g. the identity of each person who has custody of a copy of each such DOCUMENT.

6. If YOU claim that a portion of a DOCUMENT is protected from disclosure for any reason, produce such DOCUMENT with redaction of only the portion claimed to be protected. When such redactions for privilege or protection are made, YOU shall place a legend similar to "REDACTION – PRIVILEGE" on the copy of the DOCUMENT produced. All redactions shall also be included on the privilege log described in Instruction #5.

7. If any DOCUMENT called for by these requests has been destroyed, lost, discarded, or is otherwise no longer in your possession, custody, or control, identify such

DOCUMENT as completely as possible, and specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing disposal, and the person disposing of the DOCUMENT.

### Requests

**Request for Production No. 1:** All COMMUNICATIONS between the OIG and DEFENDANTS RELATED TO Defendants' Motion to Vacate or Modify Population Reduction Order, January 7, 2013, including but not limited to any COMMUNICATIONS RELATED TO the Declaration of Robert A. Barton in Support thereof.

**Request for Production No. 2:** All DOCUMENTS RELATED TO Defendants' Motion to Vacate or Modify Population Reduction Order, January 7, 2013, including but not limited to any drafts, edits, comments, or suggestions RELATED TO the Declaration of Robert A. Barton in Support thereof.

**Request for Production No. 3:** All DOCUMENTS, including but not limited to COMMUNICATIONS with DEFENDANTS, RELATED TO any motion, brief, or Order in the *Plata* case, from January 1, 2011 to the present.

**Request for Production No. 4:** All COMMUNICATIONS between the OIG and DEFENDANTS RELATED TO the Health Care Evaluations prepared by the *Plata* Court Medical Experts, including but not limited to the Experts' submissions at Dkt Nos. 2570, 2571, and 2572 in the above captioned case.

**Request for Production No. 5:** All DOCUMENTS RELATED TO the Health Care Evaluations prepared by the *Plata* Court Medical Experts, including but not limited to DOCUMENTS RELATED TO the Experts' submissions at Dkt Nos. 2570, 2571, and 2572 in the above captioned case.

4