DONALD SPECTER – 083925
WARREN E. GEORGE – 053588
STEVEN FAMA – 099641
ALISON HARDY – 135966
SARA NORMAN – 189536
REBEKAH EVENSON – 207825
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California  94710-1916
Telephone:    (510) 280-2621

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
LISA ELLS – 243657
AARON J. FISCHER – 247391
KRISTA STONE-MANISTA – 269083
MARGOT MENDELSON – 268583
ROSEN BIEN GALVAN &
GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California  94104-1823
Telephone:    (415) 433-6830

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
600 Harrison Street, Suite 120
San Francisco, California  94107-1389
Telephone:    (415) 864-8848

GEOFFREY T. HOLTZ -- 191370
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, California  94111-4067
Telephone:    (415) 393-2000

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURTS

EASTERN DISTRICT OF CALIFORNIA

AND NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., | Case No. Civ S 90-0520 LKK-JFM P |
| Plaintiffs, | **THREE JUDGE COURT** |
| v. | **NOTICE OF INTENT TO SERVE THIRD-PARTY-SUBPOENA** |
| EDMUND G. BROWN, JR., et al., | |
| Defendants. | |
| MARCIANO PLATA, et al., | |
| Plaintiffs, | Case No. C01-1351 TEH |
| v. | |
| EDMUND G. BROWN, JR., et al., | |
| Defendants. | |

1      TO DEFENDANTS AND THEIR COUNSEL OF RECORD:

2      PLEASE TAKE NOTICE that pursuant to Rule 45 of the federal Rules of Civil

3  Procedure, Plaintiffs intend to serve the two third-party subpoenas attached to this notice

4  as Exhibit A and Exhibit B.

5

6  DATED:  March 29, 2013          Respectfully submitted,

7                        PRISON LAW OFFICE

8                        By:  */s/*

9                            Rebekah Evenson

10                        Attorneys for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

Exhibit A

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of Virginia

| | | |
|---|---|---|
| Ralph Coleman et. al., and Marciano Plata et. al., | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.   2:90-cv-00520 and C-01-1351 |
| Edmund G. Brown, Jr. et. al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| _Defendant_ | ) | Eastern and Northern Districts of Califorı ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   American Correctional Association  206 N. Washington Street - Alexandria, VA 22314

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Prison Law Office, 1917 Fifth Street, Berkeley, CA 94710 | Date and Time: 04/26/2013 9:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

        The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  3/29/13

               _CLERK OF COURT_                            OR    _____
            _Signature of Clerk or Deputy Clerk_                              _Attorney's signature_

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_   Ralph Coleman et. al. and Marciano Plata et. al. _____, who issues or requests this subpoena, are:

Rebekah Evenson, Prison Law Office, 1917 Fifth Street, Berkeley, cA 94710, revenson@prisonlaw.com, 510-280-2621

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:90-cv-00520 and C-01-1351

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

     **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;

     **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

     **(iv)** subjects a person to undue burden.

   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

     **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

     **(i)** expressly make the claim; and

     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**Attachment A**
**Subpoena Duces Tecum to American Correctional Association**

## Requests

1. All COMMUNICATIONS between YOU and CDCR, its agents, representatives, legal counsel, contractors, and employees RELATED TO the accreditation of any prison, from January 1, 2008 to the present.

2. All DOCUMENTS RELATED TO the accreditation of any California prison by the American Correctional Association.

3. All DOCUMENTS RELATED to circumstances in the last ten years where the American Correctional Association granted accreditation to a prison and that prison was subsequently found to be in violation of the constitution by any state or federal court.

4. All DOCUMENTS RELATED TO the paragraphs 11-17 of the Declaration of Kathy Black-Dennis, attached hereto as Exhibit 1.

## Definitions

1. "ACA" refers to the American Correctional Association and its employees, agents, attorneys, and representatives.

2. "COMMUNICATION" means any transmission of information from one person to another, including, without limitation, by personal meeting, telephone, facsimile, instant message, text, or email and expressly includes transmission of information involving Electronically Stored Information.

3. "DOCUMENT" or "DOCUMENTS" as used herein is intended to have the broadest possible meaning and to include anything coming within the definition of "writings" and "recordings" as set forth in Rule 1001(1) of the Federal Rules of Evidence. The term refers to but is not limited to the product of any method of recording information, whether by writing or otherwise, including without limitation: any written, electronic, or computerized files, data

or software; memoranda; declaration drafts; correspondence; communications; reports; summaries; studies, analyses; evaluations; notes or notebooks; indices; logs; books, booklets or binders; pamphlets; calendar or diary entries; ledger entries; press clippings; graphs; tables; charts; drawings; maps; meeting minutes; photographs; transcripts; audio or video recordings or tapes; facsimile transmissions; electronic mail messages; and the like. "DOCUMENT" shall include each copy of any whole or part of a document on which there appears any marking or deletion which does not appear on the original or other copies thereof, together with all drafts or notes for the preparation of each document.  If the original of a document is not available, "DOCUMENT" includes any identical copy of the original.

5.      "RELATED TO" means referencing, constituting, representing, defining, depicting, concerning, embodying, reflecting, identifying, stating, mentioning, addressing, or pertaining to in any way.

6.      "YOU," "YOUR," and "YOURSELF" means the American Correctional Association, and its agents, representatives, legal counsel, contractors, and employees.

## Instructions

1.      YOU are required to furnish all DOCUMENTS in YOUR possession, custody, or control, including those DOCUMENTS that are in YOUR possession, custody, or control in the normal course of YOUR employment obligations, and those in the possession, custody or control of your (1) employer; (2) consultants; (3) attorneys; (4) representatives; (5) agents; or (6) any other person acting or purporting to act on YOUR behalf or at YOUR direction, whether doing so directly or at the direction of YOUR subordinates. Possession, custody, or control includes DOCUMENTS stored in electronic form by third party service providers but accessible to YOU, including but not limited to email accounts, FTP servers, portable storage media such as USB drives, cloud storage services such as Dropbox or SharePoint, and online workspaces such as WebEx.  Each request herein constitutes a request for DOCUMENTS in

their entirety, with all enclosures and attachments, and without abbreviation, redaction, or expurgation.

2.      YOU shall produce any and all drafts and copies of each DOCUMENT that are responsive to any request, including but not limited to copies containing handwritten notes, markings, stamps, or interlineations.

3.      YOU shall produce all responsive DOCUMENTS as they have been kept in the ordinary course of business.

4.      Responsive DOCUMENTS should be produced in a form consistent with the Federal Rules of Civil Procedure, including producing the DOCUMENTS in a form or forms in which they are ordinarily maintained or in a reasonably usable form or forms.

5.      If YOU object to a portion or an aspect of a request, state the grounds for your objection with specificity and respond to the remainder of the DOCUMENT request. If any DOCUMENTS, or portion thereof, are withheld because YOU claim that such information is protected under the attorney-client privilege, work product doctrine, or other privilege or doctrine, YOU are required to provide a privilege log setting forth the specific basis for the claim of privilege or protection and for each DOCUMENT provide the following:

a.      the subject matter of the DOCUMENT;

b.       the title, heading or caption of the DOCUMENT, if any;

c.      the date appearing on the DOCUMENT or, if no date appears thereon, the date or approximate date on which the DOCUMENT was prepared;

d.      the type of DOCUMENT (e.g., whether it is a letter, memorandum, MINUTES of meeting, etc.) and the number of pages of which it consists;

e.      the identity of the person who signed the DOCUMENT or, if it was not signed, the person who prepared it;

f.    the identity of each person to whom the DOCUMENT was addressed and the identity of each person to whom a copy thereof was sent; and

g.    the identity of each person who has custody of a copy of each such DOCUMENT.

6.    If YOU claim that a portion of a DOCUMENT is protected from disclosure for any reason, produce such DOCUMENT with redaction of only the portion claimed to be protected. When such redactions for privilege or protection are made, YOU shall place a legend similar to "REDACTION – PRIVILEGE" on the copy of the DOCUMENT produced. All redactions shall also be included on the privilege log described in Instruction #5.

7.    If any DOCUMENT called for by these requests has been destroyed, lost, discarded, or is otherwise no longer in your possession, custody, or control, identify such DOCUMENT as completely as possible, and specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing disposal, and the person disposing of the DOCUMENT.

Exhibit 1

1  KAMALA D. HARRIS
   Attorney General of the State of California
2  JONATHAN L. WOLFF
   Senior Assistant Attorney General
3  JAY C. RUSSELL
   Supervising Deputy Attorney General
4  DEBBIE VOROUS - 166884
   PATRICK McKINNEY - 215228
5  Deputy Attorneys General
   455 Golden Gate Avenue, Suite 11000
6  San Francisco, CA  94102-7004
   Telephone: (415) 703-5500
7  Facsimile: (415) 703-5843
   Email:  Patrick.McKinney@doj.ca.gov
8
9  Attorneys for Defendants

   HANSON BRIDGETT LLP
   JERROLD C. SCHAEFER - 39374
   PAUL B. MELLO - 179755
   WALTER R. SCHNEIDER - 173113
   SAMANTHA D. WOLFF -  240280
   MEGAN OLIVER THOMPSON - 256654
   PAUL B. GRUWELL - 252474
   425 Market Street, 26th Floor
   San Francisco, California 94105
   Telephone:   (415) 777--3200
   Facsimile:   (415) 541-9366
   pmello@hansonbridgett.com

10                **UNITED STATES DISTRICT COURT**

11                **EASTERN DISTRICT OF CALIFORNIA**

12            **AND THE NORTHERN DISTRICT OF CALIFORNIA**

13    **UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES**

14       **PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE**

| | |
|---|---|
| 15  RALPH COLEMAN, et. al., | CASE NO. 2:90-cv-00520 LKK JFM P |
| 16        Plaintiffs, | **DECLARATION OF KATHY BLACK-DENNIS IN SUPPORT OF DEFENDANTS' OPPOSITION TO** |
| 17        v. | **PLAINTIFFS' SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS'** |
| 18  EDMUND G. BROWN, JR., et al., | **MOTION TO VACATE** |
| 19        Defendants. | **THREE-JUDGE COURT** |
| 20 | |
| 21  MARCIANO PLATA, et al., | |
| 22        Plaintiffs, | |
| 23        v. | CASE NO. C01-1351 TEH |
| 24  EDMUND G. BROWN, JR., et al., | |
| 25        Defendants. | **THREE-JUDGE COURT** |

26

27  / / /

28  / / /

5032538.1

1        I, Kathy Black-Dennis, declare as follows,

2        1.        I am competent to testify to the matters set forth in this declaration and if

3    called upon, I would and could so testify.  I submit this declaration in support of

4    Defendants' Opposition to Plaintiffs' Supplemental Brief in Opposition to Defendants'

5    Motion to Vacate.

6        2.        I have worked in the correctional field for 35 years.  In my current role as

7    Director of Standards and Accreditation for the American Correctional Association (ACA),

8    I am responsible for the oversight and management of the Standards and Accreditation

9    Department, which develops and promulgates new standards, revises existing standards,

10   coordinates the accreditation process for all correctional components of the criminal

11   justice system, conducts semi-annual accreditation hearings, provides technical

12   assistance to correctional agencies, and trains consultants who are involved in the

13   accreditation process.  I am familiar with the contract to review California Department of

14   Corrections and Rehabilitation (CDCR) facilities for compliance with ACA standards and

15   am also familiar with the work done by California officials to prepare CDCR facilities to

16   meet the strict standards set forth by the ACA.

17       3.        The ACA is a national non-profit, tax-exempt organization a primary focus

18   of which is to champion the cause of corrections and correctional effectiveness.  The

19   ACA develops standards applicable to correctional facilities and operates a voluntary

20   accreditation program for correctional facilities across the country.  A copy of the Agency

21   Manual of Accreditation Policy and Procedure describing ACA's accreditation process is

22   attached hereto as Exhibit A (and can be obtained on the internet at

23   http://aca.org/standards/pdfs/AccreditationPolicyProcedure.pdf).

24       4.        ACA standards are the national benchmark for the effective operation of

25   correctional facilities throughout the United States.  These standards address services,

26   programs and operations essential to good correctional management, including

27   administrative and fiscal controls, staff training and development, physical plant, safety

28   and emergency procedures, sanitation, food service, rules and discipline, and health

5032538.1

1   care.  Standards reflect practical, up-to-date policies and procedures that safeguard the

2   life, health and safety of staff and offenders.

3        5.      ACA establishes standards through its Standards Committee, which

4   continually revises the standards based on changing practices, current case law and

5   agency experiences.  Those standards approved by the committee reflect a consensus of

6   the views of corrections professionals, architects, doctors and legal experts.

7        6.      ACA's current Standards for Adult Correctional Institutions (4th edition) is

8   the set of standards against which CDCR facilities were judged during their accreditation

9   reviews.  Relevant portions of ACA's 2012 Standards Supplement are attached hereto as

10  Exhibit B.

11       7.      Standards promulgated by the ACA are used by lawyers, judges, county

12  administrators, academia and advocacy groups throughout the country as a tool to

13  ensure the basic constitutional rights of the offender, while serving to protect staff and the

14  public at large.

15       8.      ACA Standards are classified into two categories: mandatory and non-

16  mandatory.  To be awarded accreditation, an applicant correctional facility must be found

17  upon inspection to comply with 100% of the mandatory standards and at least 95% of the

18  non-mandatory standards applicable to the facility.

19       9.      Health care is a significant focus of ACA's Standards for Adult Correctional

20  Institutions.  In fact, roughly half of the mandatory standards address heath care, and

21  approximately 120 of the 530 total standards deal with health care related issues.

22       10.     The ACA also evaluates conditions of confinement and quality of life in

23  making decisions on awarding accreditation.  Our standards address the impact of

24  population and population density on an institution's ability to maintain an appropriate

25  correctional environment.

26       11.      While ACA maintains that single-celling is preferable, double-celling

27  (housing two offenders in the same cell) is a common practice in many states and also in

28  facilities under the jurisdiction of the Federal Bureau of Prisons.  There has been an

1  evolution in thinking on this issue, which has also impacted ACA's standards.  During the

2  1980s and 1990s, single-celling was the industry standard and was reflected in ACA's

3  standards.  Since that time, however, ACA has eliminated the requirement for single-

4  celling from its standards and no longer mandates that a prison system or individual

5  prison stay at or below its stated "design capacity" or "rated capacity" in order to receive

6  accreditation.  One reason for this is that states differ greatly in how they define their

7  "rated capacity" or design capacity."  In fact, double-celling has become an acceptable

8  practice throughout the nation.  Double-celling will not, by itself, prevent an institution

9  from receiving ACA accreditation.

10       12.    Individual states use differing terminology to set out their correctional

11  facilities' operational capacity.  In fact, there is great variance between states on what

12  they call their "design" or "rated" capacity.  I am familiar with CDCR's current policy that

13  an institution's "design capacity" is based upon housing one inmate per cell.  I am

14  unaware of any other state that uses California's current methodology of determining

15  design capacity on the basis of housing one inmate per cell.  It is customary for states

16  and the Federal Bureau of Prisons to house above what, under California policy, would

17  be considered their "design capacity" by double-celling inmates.

18       13.    State correctional facilities and the Federal Bureau of Prisons can safely

19  and effectively operate facilities with more than one inmate per cell.  Housing inmates in

20  such a way does not, in and of itself, preclude accreditation by the ACA.

21       14.    ACA was aware of the class action litigation against the California

22  Department of Corrections and Rehabilitation (CDCR) when it began its accreditation

23  inspections of California correctional facilities.  As a consequence of that awareness, we

24  selected our most experienced auditors to review California's prisons.

25       15.    ACA sent 3 experienced auditors to review each CDCR facility.  Combined,

26  the team has 180 years of experience evaluating, reviewing, and judging compliance with

27  ACA standards.

28       16.    ACA has reviewed the following CDCR facilities for ACA accreditation:

5032538.1

1  California State Prison - Solano, Central California Women's Facility, and California State

2  Prison – Sacramento.  Each of these facilities was able to meet accreditation standards

3  even after considering the population density at those facilities, and each institution has

4  received accreditation from ACA.  Attached as Exhibit C are the final reports reflecting

5  the review for each prison and also the final certificates of accreditation from ACA.

6      17.    The current prison population and capacity has not been a bar to finding

7  that the facilities are capable of functioning appropriately and safely.  Additionally, ACA's

8  initial audit results for two other California prisons indicate that it is likely that those

9  facilities will be accredited in the future.

10

11      I declare under penalty of perjury that the foregoing is true and correct.  Executed

12  in Alexandria, VA on March 18, 2013.

13

14

15

16                    _Kathy Black-Dennis_

17      _____

18                    Kathy Black-Dennis

19

20

21

22

23

24

25

26

27

28

5032538.1

5

Exhibit B

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Virginia

| | | |
|---|---|---|
| Ralph Coleman et. al., and Marciano Plata et. al., | ) | |
| *Plaintiff* | ) | |
| | ) | Civil Action No.    2:90-cv-00520 LKK JFM and |
| v. | ) | C-01-1351 TEH |
| | ) | |
| Edmund G. Brown, Jr., et. al. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Northern and Eastern District of California   ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Kathy Black-Dennis

☒ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  Bingham McCutchen, LLP• 2020 K Street NW • Washington, DC 20006-1806 | Date and Time: 5/29/2013 |
|---|---|

The deposition will be recorded by this method:   Stenographically and videotape

☒ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Attachment A

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  3/29/13

|  |  |
|---|---|
| *CLERK OF COURT* | OR  *[signature]* |
| Signature of Clerk or Deputy Clerk | Attorney's signature |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    Ralph Coleman and Marciano Plata, et. al.
, who issues or requests this subpoena, are:

Rebekah Evenson, PRISON LAW OFFICE,  1917 Fifth Street, Berkeley, CA 94710-1916
Telephone (510) 280-2621, email: revenson@prisonlaw.com

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.        2:90-cv-00520 LKK JFM (E.D. Cal.) and C-01-1351 THE (N.D. Cal.)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

      This subpoena for *(name of individual and title, if any)*   Kathy Black Dennis

was received by me on *(date)*           .

    ☐ I served the subpoena by delivering a copy to the named individual as follows:

                                          on *(date)*        ; or

    ☐ I returned the subpoena unexecuted because:                            .

    Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

    $                   .

My fees are $            for travel and $        for services, for a total of $         .

    I declare under penalty of perjury that this information is true.

Date:                                                   
                                        *Server's signature*

                                        *Printed name and title*

                                        *Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the

subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information;
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed

information under a claim that it is privileged or subject to protection as trial-preparation material must:

   **(i)** expressly make the claim; and

   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**ATTACHMENT A**
**Deposition Subpoena – Kathy Black-Dennis**

### Document Requests

1.      All COMMUNICATIONS between YOU and CDCR, its employees, agents,

attorneys and representatives RELATED TO the accreditation of any prison, from January 1,

2008 to the present.


2.      All DOCUMENTS RELATED TO the accreditation of any California prison by the

American Correctional Association.


3.      All DOCUMENTS RELATED to circumstances in the last ten years where the

American Correctional Association granted accreditation to a prison and that prison was

subsequently found to be in violation of the constitution by any state or federal court.


4.      All DOCUMENTS RELATED TO the paragraphs 11-17 of YOUR March 18, 2013

Declaration, attached hereto as Exhibit 1.

### Definitions

1.      "ACA" refers to the American Correctional Association and its employees, agents,

attorneys, and representatives.

2.      "COMMUNICATION" means any transmission of information from one person to

another, including, without limitation, by personal meeting, telephone, facsimile, instant

message, text, or email and expressly includes transmission of information involving

Electronically Stored Information.

3.      "DOCUMENT" or "DOCUMENTS" as used herein is intended to have the broadest

possible meaning and to include anything coming within the definition of "writings" and

"recordings" as set forth in Rule 1001(1) of the Federal Rules of Evidence. The term refers to but is not limited to the product of any method of recording information, whether by writing or otherwise, including without limitation: any written, electronic, or computerized files, data or software; memoranda; declaration drafts; correspondence; communications; reports; summaries; studies, analyses; evaluations; notes or notebooks; indices; logs; books, booklets or binders; pamphlets; calendar or diary entries; ledger entries; press clippings; graphs; tables; charts; drawings; maps; meeting minutes; photographs; transcripts; audio or video recordings or tapes; facsimile transmissions; electronic mail messages; and the like. "DOCUMENT" shall include each copy of any whole or part of a document on which there appears any marking or deletion which does not appear on the original or other copies thereof, together with all drafts or notes for the preparation of each document.  If the original of a document is not available, "DOCUMENT" includes any identical copy of the original.

5.      "RELATED TO" means referencing, constituting, representing, defining, depicting, concerning, embodying, reflecting, identifying, stating, mentioning, addressing, or pertaining to in any way.

6.      "YOU," "YOUR," and "YOURSELF" means you personally, and your agents, representatives, legal counsel, contractors, and employees.

**Instructions**

1.      YOU are required to furnish all DOCUMENTS in YOUR possession, custody, or control, including those DOCUMENTS that are in YOUR possession, custody, or control in the normal course of YOUR employment obligations, and those in the possession, custody or control of your (1) employer; (2) consultants; (3) attorneys; (4) representatives; (5) agents; or (6) any other person acting or purporting to act on YOUR behalf or at YOUR direction, whether doing so directly or at the direction of YOUR subordinates. Possession, custody, or control includes DOCUMENTS stored in electronic form by third party service providers but

accessible to YOU, including but not limited to email accounts, FTP servers, portable storage media such as USB drives, cloud storage services such as Dropbox or SharePoint, and online workspaces such as WebEx. Each request herein constitutes a request for DOCUMENTS in their entirety, with all enclosures and attachments, and without abbreviation, redaction, or expurgation.

2.      YOU shall produce any and all drafts and copies of each DOCUMENT that are responsive to any request, including but not limited to copies containing handwritten notes, markings, stamps, or interlineations.

3.      YOU shall produce all responsive DOCUMENTS as they have been kept in the ordinary course of business.

4.      Responsive DOCUMENTS should be produced in a form consistent with the Federal Rules of Civil Procedure, including producing the DOCUMENTS in a form or forms in which they are ordinarily maintained or in a reasonably usable form or forms.

5.      If YOU object to a portion or an aspect of a request, state the grounds for your objection with specificity and respond to the remainder of the DOCUMENT request. If any DOCUMENTS, or portion thereof, are withheld because YOU claim that such information is protected under the attorney-client privilege, work product doctrine, or other privilege or doctrine, YOU are required to provide a privilege log setting forth the specific basis for the claim of privilege or protection and for each DOCUMENT provide the following:

a.      the subject matter of the DOCUMENT;

b.       the title, heading or caption of the DOCUMENT, if any;

c.      the date appearing on the DOCUMENT or, if no date appears thereon, the date or approximate date on which the DOCUMENT was prepared;

d.      the type of DOCUMENT (e.g., whether it is a letter, memorandum, MINUTES of

meeting, etc.) and the number of pages of which it consists;

      e.     the identity of the person who signed the DOCUMENT or, if it was not signed, the person who prepared it;

      f.     the identity of each person to whom the DOCUMENT was addressed and the identity of each person to whom a copy thereof was sent; and

      g.     the identity of each person who has custody of a copy of each such DOCUMENT.

6.     If YOU claim that a portion of a DOCUMENT is protected from disclosure for any reason, produce such DOCUMENT with redaction of only the portion claimed to be protected. When such redactions for privilege or protection are made, YOU shall place a legend similar to "REDACTION – PRIVILEGE" on the copy of the DOCUMENT produced. All redactions shall also be included on the privilege log described in Instruction #5.

7.     If any DOCUMENT called for by these requests has been destroyed, lost, discarded, or is otherwise no longer in your possession, custody, or control, identify such DOCUMENT as completely as possible, and specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing disposal, and the person disposing of the DOCUMENT.

Exhibit 1

KAMALA D. HARRIS
Attorney General of the State of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
JAY C. RUSSELL
Supervising Deputy Attorney General
DEBBIE VOROUS - 166884
PATRICK McKINNEY - 215228
Deputy Attorneys General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-7004
Telephone: (415) 703-5500
Facsimile: (415) 703-5843
Email:   Patrick.McKinney@doj.ca.gov

Attorneys for Defendants

HANSON BRIDGETT LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179755
WALTER R. SCHNEIDER - 173113
SAMANTHA D. WOLFF -  240280
MEGAN OLIVER THOMPSON - 256654
PAUL B. GRUWELL - 252474
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:   (415) 777--3200
Facsimile:   (415) 541-9366
pmello@hansonbridgett.com

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# AND THE NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

# PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| RALPH COLEMAN, et. al., | CASE NO. 2:90-cv-00520 LKK JFM P |
|---|---|
| Plaintiffs, | **DECLARATION OF KATHY BLACK-DENNIS IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO VACATE** |
| v. | |
| EDMUND G. BROWN, JR., et al., | |
| Defendants. | **THREE-JUDGE COURT** |
| MARCIANO PLATA, et al., | |
| Plaintiffs, | |
| v. | |
| EDMUND G. BROWN, JR., et al., | CASE NO. C01-1351 TEH |
| Defendants. | **THREE-JUDGE COURT** |

/ / /

/ / /

5032538.1

1       I, Kathy Black-Dennis, declare as follows,

2       1.     I am competent to testify to the matters set forth in this declaration and if

3 called upon, I would and could so testify.  I submit this declaration in support of

4 Defendants' Opposition to Plaintiffs' Supplemental Brief in Opposition to Defendants'

5 Motion to Vacate.

6       2.     I have worked in the correctional field for 35 years.  In my current role as

7 Director of Standards and Accreditation for the American Correctional Association (ACA),

8 I am responsible for the oversight and management of the Standards and Accreditation

9 Department, which develops and promulgates new standards, revises existing standards,

10 coordinates the accreditation process for all correctional components of the criminal

11 justice system, conducts semi-annual accreditation hearings, provides technical

12 assistance to correctional agencies, and trains consultants who are involved in the

13 accreditation process.  I am familiar with the contract to review California Department of

14 Corrections and Rehabilitation (CDCR) facilities for compliance with ACA standards and

15 am also familiar with the work done by California officials to prepare CDCR facilities to

16 meet the strict standards set forth by the ACA.

17       3.     The ACA is a national non-profit, tax-exempt organization a primary focus

18 of which is to champion the cause of corrections and correctional effectiveness.  The

19 ACA develops standards applicable to correctional facilities and operates a voluntary

20 accreditation program for correctional facilities across the country.  A copy of the Agency

21 Manual of Accreditation Policy and Procedure describing ACA's accreditation process is

22 attached hereto as Exhibit A (and can be obtained on the internet at

23 http://aca.org/standards/pdfs/AccreditationPolicyProcedure.pdf).

24       4.     ACA standards are the national benchmark for the effective operation of

25 correctional facilities throughout the United States.  These standards address services,

26 programs and operations essential to good correctional management, including

27 administrative and fiscal controls, staff training and development, physical plant, safety

28 and emergency procedures, sanitation, food service, rules and discipline, and health

5032538.1

1   care.  Standards reflect practical, up-to-date policies and procedures that safeguard the

2   life, health and safety of staff and offenders.

3       5.      ACA establishes standards through its Standards Committee, which

4   continually revises the standards based on changing practices, current case law and

5   agency experiences.  Those standards approved by the committee reflect a consensus of

6   the views of corrections professionals, architects, doctors and legal experts.

7       6.      ACA's current Standards for Adult Correctional Institutions (4th edition) is

8   the set of standards against which CDCR facilities were judged during their accreditation

9   reviews.  Relevant portions of ACA's 2012 Standards Supplement are attached hereto as

10  Exhibit B.

11      7.      Standards promulgated by the ACA are used by lawyers, judges, county

12  administrators, academia and advocacy groups throughout the country as a tool to

13  ensure the basic constitutional rights of the offender, while serving to protect staff and the

14  public at large.

15      8.      ACA Standards are classified into two categories: mandatory and non-

16  mandatory.  To be awarded accreditation, an applicant correctional facility must be found

17  upon inspection to comply with 100% of the mandatory standards and at least 95% of the

18  non-mandatory standards applicable to the facility.

19      9.      Health care is a significant focus of ACA's Standards for Adult Correctional

20  Institutions.  In fact, roughly half of the mandatory standards address heath care, and

21  approximately 120 of the 530 total standards deal with health care related issues.

22      10.     The ACA also evaluates conditions of confinement and quality of life in

23  making decisions on awarding accreditation.  Our standards address the impact of

24  population and population density on an institution's ability to maintain an appropriate

25  correctional environment.

26      11.      While ACA maintains that single-celling is preferable, double-celling

27  (housing two offenders in the same cell) is a common practice in many states and also in

28  facilities under the jurisdiction of the Federal Bureau of Prisons.  There has been an

5032538.1

3

1   evolution in thinking on this issue, which has also impacted ACA's standards.  During the

2   1980s and 1990s, single-celling was the industry standard and was reflected in ACA's

3   standards.  Since that time, however, ACA has eliminated the requirement for single-

4   celling from its standards and no longer mandates that a prison system or individual

5   prison stay at or below its stated "design capacity" or "rated capacity" in order to receive

6   accreditation.  One reason for this is that states differ greatly in how they define their

7   "rated capacity" or design capacity."  In fact, double-celling has become an acceptable

8   practice throughout the nation.  Double-celling will not, by itself, prevent an institution

9   from receiving ACA accreditation.

10          12.     Individual states use differing terminology to set out their correctional

11   facilities' operational capacity.  In fact, there is great variance between states on what

12   they call their "design" or "rated" capacity.  I am familiar with CDCR's current policy that

13   an institution's "design capacity" is based upon housing one inmate per cell.  I am

14   unaware of any other state that uses California's current methodology of determining

15   design capacity on the basis of housing one inmate per cell.  It is customary for states

16   and the Federal Bureau of Prisons to house above what, under California policy, would

17   be considered their "design capacity" by double-celling inmates.

18          13.     State correctional facilities and the Federal Bureau of Prisons can safely

19   and effectively operate facilities with more than one inmate per cell.  Housing inmates in

20   such a way does not, in and of itself, preclude accreditation by the ACA.

21          14.     ACA was aware of the class action litigation against the California

22   Department of Corrections and Rehabilitation (CDCR) when it began its accreditation

23   inspections of California correctional facilities.  As a consequence of that awareness, we

24   selected our most experienced auditors to review California's prisons.

25          15.     ACA sent 3 experienced auditors to review each CDCR facility.  Combined,

26   the team has 180 years of experience evaluating, reviewing, and judging compliance with

27   ACA standards.

28          16.     ACA has reviewed the following CDCR facilities for ACA accreditation:

1 | California State Prison - Solano, Central California Women's Facility, and California State
2 | Prison – Sacramento.  Each of these facilities was able to meet accreditation standards
3 | even after considering the population density at those facilities, and each institution has
4 | received accreditation from ACA.  Attached as Exhibit C are the final reports reflecting
5 | the review for each prison and also the final certificates of accreditation from ACA.

6 |      17.    The current prison population and capacity has not been a bar to finding
7 | that the facilities are capable of functioning appropriately and safely.  Additionally, ACA's
8 | initial audit results for two other California prisons indicate that it is likely that those
9 | facilities will be accredited in the future.

11 |      I declare under penalty of perjury that the foregoing is true and correct.  Executed
12 | in Alexandria, VA on March 18, 2013.

Kathy Black-Dennis

_____

Kathy Black-Dennis

5032538.1

5