KAMALA D. HARRIS
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
JAY C. RUSSELL
Supervising Deputy Attorney General
DEBBIE VOROUS, State Bar No. 166884
PATRICK R. MCKINNEY, State Bar No. 215228
WILLIAM DOWNER, State Bar No. 257644
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 324-5345
 Fax: (916) 324-5205
 E-mail: Debbie.Vorous@doj.ca.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**EDMUND G. BROWN JR., et al.,**<br><br>Defendants. | 2:90-cv-00520 LKK JFM PC<br><br>**DEFENDANTS' EX PARTE REQUEST FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION FOR ENFORCEMENT OF COURT ORDERS AND AFFIRMATIVE RELIEF RELATED TO INPATIENT TREATMENT.** |

1

**INTRODUCTION**

Plaintiffs have moved for broad, new orders concerning the delivery of mental health care to California prison inmates. Their allegations supporting the motion are directed against the Department of State Hospitals, a party that has never before responded to such allegations in this litigation. (Pls.' Mot., ECF No. 4543.) Plaintiffs' motion makes several demands, including orders for intrusive monitoring of Department of State Hospitals programs operating in State correctional facilities and of mental health care for condemned inmates at San Quentin State Prison. Although the motion was originally scheduled for hearing on May 13, 2013, the Court moved the hearing date to May 23, 2013, but maintained the briefing schedule, which requires Defendants to file a response by April 29, 2013. (ECF No. 4557.) On April 15, 2013, Plaintiffs rejected Defendants' request to modify the briefing schedule by thirty days. (*See* Exhibit A.) After the court moved the hearing date, Defendants asked Plaintiffs to modify the briefing schedule to allow Defendants an additional ten days to investigate Plaintiffs' allegations and file a written response on May 9, 2013. Although that request would have had no impact on the motion's hearing date, Plaintiffs rejected it. (*Id.*)

The breadth of the orders sought by Plaintiffs will, if their motion is granted, substantially change this litigation. After being served with the motion and supporting declarations, Defendants immediately began investigating the substance of Plaintiffs' allegations to prepare an adequate and appropriate response. But Defendants cannot complete these investigations and prepare a response within the time given. Accordingly, Defendants request that the Court to extend the opposition deadline by ten days, to May 9, 2013.

Good cause exists to grant this short extension of time. Defendants have begun their investigation of these new allegations, but require additional time to complete a thorough investigation and fairly defend themselves. And Plaintiffs cannot be unfairly prejudiced, because the extension requested will not delay the hearing date or the motion's resolution. Accordingly, the Court should grant Defendants' ex parte request and modify the briefing schedule to allow Defendants to file a response to Plaintiffs' motion on or before May 9, 2013.

///

## PROCEDURAL BACKGROUND

Plaintiffs seek affirmative relief that, if granted, would expand the Court's involvement in the delivery of mental health care to include monitoring of programs administered by the Department of State Hospitals in California prison facilities—although this Court has never found that Department of State Hospitals is providing inadequate care to class members. (*See generally* Pls.' Mot., ECF No. 4543; Pls.' Proposed Order Granting Mot., ECF No. 4543-1; *see also Coleman v. Wilson*, 912 F. Supp. 1282 (E.D. Cal. 1995); *and* Order, ECF No. 1855 [joining the director of the Department of Mental Health to the *Coleman* lawsuit under Fed. R. Civ. P. 21].) The scope of relief requested in Plaintiffs' motion is therefore unprecedented. Specifically, Plaintiffs ask the Court to issue numerous affirmative orders and other relief, including orders compelling Defendants to:

- change laws concerning the housing and mental health treatment of death row inmates;
- provide an "accounting" of current staffing at Salinas Valley and Vacaville Psychiatric Programs;
- exempt the Department of State Hospitals from state hiring protocols and suspend limitations on registry staff and the use of overtime;
- cease using heightened custody statuses for newly admitted inmate-patients in Department of State Hospital programs;
- submit testimony from the directors of Salinas Valley and Vacaville Psychiatric Programs—and the Wardens of the prisons at which these programs are operated—"confirming" that patients are provided clothes and personal hygiene supplies;
- revise CDCR policies, procedures, and practices to expand inpatient psychiatric hospitalization placements;
- submit "evidence of compliance" with orders mandating access to Department of State Hospitals inpatient care;
- draft "reports" on all currently operational Department of State Hospital units

housing *Coleman* class members; and

- notify the Court, Special Master, and Plaintiffs' counsel whenever Defendants plan to open or close a Department of State Hospitals unit housing CDCR inmates.

(Pls.' Proposed Order Granting Mot., ECF No. 4543-1.)

Plaintiffs also request the Court to expand the Special Master's duties to investigate, monitor, and report to the Court on:

- the use of Outpatient Housing Unit and Mental Health Outpatient Housing Unit at San Quentin State Prison;
- physician-to-patient ratios at Department of State Hospitals programs;
- custodial restrictions for newly-admitted Department of State Hospitals patients;
- inpatient discharge and alleged waitlists in Department of State Hospital programs;
- "compliance" with orders mandating access to Department of State Hospital programs;
- newly-activated or temporary Department of State Hospitals or temporary units within the Salinas Valley and Vacaville Psychiatric Programs; and
- inpatient treatment provided at Vacaville Psychiatric Program.

(Pls.' Proposed Order Granting Mot., ECF No. 4543-1.)

In support of their motion, Plaintiffs submit testimony and exhibits from their counsel, an expert witness, and the deposition testimony of a part-time registry physician—all previously submitted in opposition to Defendants' motion to terminate this litigation. (Pls.' Mot., ECF No. 4543.) Plaintiffs also offer testimony from Dr. Joel Badeaux, who recently quit as a Department of State Hospitals staff psychiatrist. (Badeaux Decl. Supp. Pls.' Mot., ECF No. 4544.)

Dr. Badeaux criticizes the quality of care provided in State Hospital programs, specifically claiming that clinical staff shortages have adversely impacted Department of State Hospital programs, that officials inaccurately described staffing at the Salinas Valley Psychiatric Program (SVPP), that conditions at SVPP are unsafe, and that SVPP inmates have been denied personal hygiene supplies and clothing. (*Id.*) None of the allegations concerning patient care have been made before against the Department of State Hospitals in Plaintiffs' complaint or any motion.

4

*See Coleman v. Wilson*, 912 F. Supp. 1282 (E.D. Cal. 1995).  (*See also* Order, ECF No. 1855.)

Plaintiffs' motion requests extensive, intrusive, and unprecedented relief against a party that has never been found in this litigation to have provided inadequate care to class members. Given the scope of the relief sought and the significant changes in this litigation that will arise with any ordered relief, Defendants must be provided the opportunity to investigate thoroughly the details and accuracy of Plaintiffs' assertions, and be given a fair opportunity to assess the facts and prepare an appropriate defense.

## DISCUSSION

The Court may extend the time to act upon a showing of good cause.  Fed. R. Civ. P. 6(b)(1)(A); *accord* L.R. 144; *and* Fed. R. Civ. P. 16(b) (permitting modification of a schedule for good cause).  Under Rule 16(b), even without a formal motion, "the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."  Fed. R. Civ. P. 16(b) advisory committee's notes to 1983 amendment.

### A. Good Cause Exists to Grant Defendants an Additional Ten Days to Respond to Plaintiffs' Motion.

The allegations asserted by Plaintiffs against the Department of State Hospitals concerning patient care are new and unprecedented.  Accordingly, Defendants must be allowed the chance to thoroughly investigate and defend against them.  Upon receiving Plaintiffs' motion and supporting filings, Defendants began investigating the allegations in the Badeaux, Galvan, and Rifkin declarations and exhibits.  (Gaither Decl. ¶¶ 3-5.)  This included interviewing Department of State Hospital staff, compiling and reviewing data regarding staffing, program activities, patient medical records, and reviewing other relevant events that bear on the issues raised in Plaintiffs' motion.  (Gaither Decl. ¶ 6.)  But it will take at least ten additional days for Defendants to complete these investigations, particularly while minimizing disruption to the ongoing care that Defendants provide to inmates.  (Gaither Decl. ¶ 8.)  Nevertheless, these interviews are necessary and will occupy substantial Department of State Hospitals staff and attorney time.  (Gaither Decl. ¶ 7.)  Under these circumstances, Defendants cannot complete their

investigation and prepare an adequate response within the fourteen days allotted under the current briefing schedule. (Gaither Decl. ¶ 8.)

Moreover, Defendants' need to investigate Plaintiffs' allegations is especially critical because of the substantial, wide-ranging, and intrusive relief sought in Plaintiffs' motion. The Department of State Hospitals has never been found to have provided constitutionally inadequate mental health care to class members. Nor have Plaintiffs filed or served a complaint or motion that accuses it of such violations. It would be fundamentally unfair to deprive Defendants a full opportunity to investigate and assess these new allegations asserted by Plaintiffs in their motion.

The additional time requested may provide Defendants sufficient time to investigate Plaintiffs' allegations and respond to Plaintiffs' allegations and arguments. Defendants have asked for no more time than is absolutely necessary to adequately respond to Plaintiffs' motion, and do not seek additional time to harass Plaintiffs or needlessly delay resolution of this motion.

**B.  Plaintiffs Will Not Be Prejudiced if Defendants Are Granted Additional Time to Respond to Plaintiffs' Motion.**

Defendants' requested extension will not unfairly prejudice Plaintiffs. The additional time will not delay the hearing date. Plaintiffs' counsel ostensibly refused to stipulate to Defendants' modification request because they believed class members would be harmed if the affirmative relief they seek is delayed. But Defendants' request to modify the briefing schedule will not delay the resolution of Plaintiffs' motion because Defendants are not seeking to move the hearing date of May 23, 2013.

In addition, modifying the briefing schedule will not afford Defendants any unfair strategic advantage. Rather, it will allow Defendants to prepare a more thorough and informed response. And Plaintiffs will have an opportunity to reply to the factual assertions and legal arguments advanced in Defendants' responsive filing even if Defendants' request for additional time is granted.

**CONCLUSION**

Plaintiffs have raised new questions of law and fact against a party that has never been found in this litigation to have provided inadequate care to class member. These issues require

careful and deliberate consideration by the Court that in turn necessitates a fully investigated and briefed response by Defendants.  Giving Defendants additional time to investigate and respond to Plaintiffs' motion preserves Defendants' right to a fair opportunity to respond to the allegations Plaintiffs assert and poses no risk of unfair prejudice to Plaintiffs' interest in having a prompt and deliberate resolution of the motion.  For all of these reasons, good cause warrants a grant of additional time for Defendants to investigate and respond to Plaintiffs' motion.

Dated:  April 23, 2013                    Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
JAY C. RUSSELL
Supervising Deputy Attorney General

*/S/ DEBBIE J. VOROUS*

DEBBIE J. VOROUS
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003