KAMALA D. HARRIS
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
JAY C. RUSSELL
Supervising Deputy Attorney General
DEBBIE VOROUS, State Bar No. 166884
PATRICK R. MCKINNEY, State Bar No. 215228
MANEESH SHARMA, State Bar No. 280084
Deputy Attorneys General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone: (415) 703-5553
 Fax: (415) 703-1234
 E-mail: patrick.mckinney@doj.ca.gov
*Attorneys for Defendants*

Hanson Bridgett LLP
JERROLD C. SCHAEFER, State Bar No. 39374
PAUL B. MELLO, State Bar No. 179755
WALTER R. SCHNEIDER, State Bar No. 173113
SAMANTHA D. WOLFF, State Bar No. 240280
 425 Market Street, 26th Floor
 San Francisco, California 94105
 Telephone:   (415) 777-3200
 Fax:  (415) 541-9366
 E-mail: pmello@hansonbridgett.com

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**EDMUND G. BROWN JR., et al.,**<br><br>Defendants. | 2:90-cv-00520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| **MARCIANO PLATA, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**EDMUND G. BROWN JR., et al.,**<br><br>Defendants. | C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**DECLARATION OF KATHLEEN ALLISON IN SUPPORT OF DEFENDANTS' RESPONSE TO APRIL 11, 2013 ORDER REQUIRING LIST OF PROPOSED POPULATION REDUCTION MEASURES; COURT-ORDERED PLAN** |

I, Kathleen Allison, declare as follows:

1. I am the Deputy Director of the Division of Adult Institutions (DAI), Facilities Support, for the California Department of Corrections and Rehabilitation (CDCR). I submit this declaration in support of the State's response to the April 11, 2013, order requiring a list of proposed population reduction measures.

2. I began working for CDCR in 1987 as a Medical Technical Assistant and promoted to a Senior Medical Technical Assistant in 1993. I became a community resources manager in 1996, where I managed various inmate programs including religion, Arts in Corrections, Inmate/Family Services, and substance abuse programs such as Alcoholics Anonymous. I served one year as the Litigation Coordinator at Avenal State Prison. In 2002, I became a Correctional Health Services Administrator II at the California Substance Abuse and Treatment Facility, with responsibility for health care budgets, contract management, personnel, and disciplinary matters. I also acted as health care manager at that institution, overseeing delivery of health care to inmates. In 2004, I became an Associate Warden, overseeing the custody staff and operations on Level II General Population yards, a Sensitive Needs Yard, and Administrative Segregation units; managing various litigation compliance efforts; and overseeing areas including Business Services, Health Care Access Unit, Case Records and Religious Services. In 2007, I became Chief Deputy Warden, at which time my duties expanded to include oversight of all staff in the institution, with primary coordination of all clinical services and custodial functions of the institution. In 2009, I was appointed Warden and became responsible for the safety and security of all the inmates, staff, and visitors to the institution. Among my duties was coordination with staff in the handling of the care, discipline, custody, and employment of inmates. In November 2011, I was named Associate Director for the Division of Adult Institutions. My duties included providing managerial direction to wardens who reported to me, implementing the Alternative Custody Program, and managerial direction of various community-based programs providing services to offenders and their children. I promoted to Deputy Director in approximately April 2012.

3. Some of my current duties as Deputy Director for the DAI include oversight of the following: inmate case records administration; inmate classification unit; budgeting; statewide

1

Decl. Kathleen Allison Supp. Defs. Response to April 11, 2013 Order

inmate transportation unit; prison bed management; fiscal planning and development; staffing standardization; institutional audits; and policy and procedure standardization. The Policy and Procedure Standardization Unit is primarily responsible for CDCR headquarters review of Coleman compliance for DAI.

Proposition 36 Inmate Reduction Efforts

4. Proposition 36 amended California's "Three Strikes" sentencing law so that a life sentence may only be imposed where the third-strike felony is serious or violent. Proposition 36 allows for resentencing of inmates currently serving a life term where their third strike was not serious or violent, so long as resentencing does not pose an unreasonable public risk.

5. In his declaration, at page 10, lines one through four, Plaintiff's expert James Austin suggests that CDCR expedite the release of all inmates in the Proposition 36 class and ignore state law requiring inmates to petition the superior court for resentencing. Such a release is entirely outside of CDCR's control. California law requires the inmates, not the state, to file petitions seeking resentencing.

6. CDCR has made every effort to inform and encourage eligible inmates to petition the superior court for resentencing pursuant to Proposition 36. Specifically, CDCR has posted information in all prisons with addresses for the courts and county public defenders. CDCR has provided to the county public defenders and district attorneys lists of all eligible offenders under Proposition 36.

7. Likewise, CDCR has provided the State Administrative Office of the Courts an estimate of the likely number of eligible cases to assist the courts in planning their calendars. CDCR is working closely with the superior courts, the district attorneys, and criminal defense attorneys to expedite the production of records that will be used in resentencing hearings. I review regular reports from the field tracking record requests for Proposition 36 eligible inmates. As of April 22, 2013, CDCR has turned over records requested for 2077 inmates for Proposition 36 resentencing purposes.

8. I have reviewed regular reports regarding the case status of the Proposition 36 inmate class. As of April 22, 2013, 377 inmates have been released as a result of Proposition 36

Decl. Kathleen Allison Supp. Defs. Response to April 11, 2013 Order

resentencing. Another 224 inmates currently have out-to-court dates scheduled for resentencing proceedings. CDCR expects that resentencing will reduce the prison population by approximately 900 inmates by December 2013.

9. Mr. Austin estimates that, of the 2800 eligible inmates, approximately 2200 inmates will ultimately receive a release from CDCR via resentencing. However, this estimation is purely speculative. For instance, in Los Angeles County, where more than one third of the eligible Proposition 36 inmates will be re-sentenced, the courts have opted to process the petitions unopposed by the district attorney first. The denial rate from Los Angeles County will likely go up over time as the contested cases are brought before the courts.

10. Accepting Mr. Austin's plan – to release all the eligible Proposition 36 inmates without waiting for them to seek a resentencing hearing – would pose a serious risk to public safety. Under current law, the courts may undertake a public safety assessment at the time of resentencing. Public safety risks are best illustrated by the criminal behaviors engaged in by Proposition 36 eligible inmates while in custody. Eligible inmates participate in prison violence, including assaults, batteries, and threats towards staff and other inmates. Eligible inmates participate in drug trafficking and gang behavior. One such inmate committed a murder while in prison. The county declined to prosecute and the inmate is being held in the Segregated Housing Unit (SHU). In fact, based on my review, there are currently 113 inmates housed in a SHU within CDCR that are Proposition 36 eligible, indicating that they have committed a violation of Title 15 while serving their sentence.

11. Implementing Mr. Austin's plan to unilaterally release all Proposition 36 eligible inmates would also take time. CDCR would have to seek legislative approval to release over two thousand inmates while avoiding the superior courts. The legislature may be resistant to overriding a voter approved initiative. To amend the statute, the legislature would require a two thirds vote. Article I, Section 28(f)(5) of the California Constitution would also need to be amended in light of victim's rights laws prohibiting the early release of inmates for population reduction measures. Such an amendment would require a two thirds vote of the legislature. In order for CDCR to properly screen inmates to be released pursuant to Proposition 36, CDCR will

3

Decl. Kathleen Allison Supp. Defs. Response to April 11, 2013 Order

have to ask the Board of Parole Hearings to evaluate inmates on a case by case basis with an eye to public safety risks.  Such efforts to amend the law and to create a Board of Parole Hearing process would likely take as long as or longer than the current Proposition 36 process.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.  Executed in Sacramento, California on April 29, 2013.

*/s/ Kathleen Allison*
Kathleen Allison
Deputy Director of the Division of Adult Institutions

***(original signature retained by attorney)***

4

Decl. Kathleen Allison Supp. Defs. Response to April 11, 2013 Order