DONALD SPECTER – 083925
STEVEN FAMA – 099641
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LORI E. RIFKIN – 244081
AARON J. FISCHER – 247391
MARGOT MENDELSON – 268583
KRISTA STONE-MANISTA – 269083
ROSEN BIEN GALVAN &
GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830

JON MICHAELSON – 083815
JEFFREY L. BORNSTEIN – 099358
LINDA L. USOZ – 133749
MEGAN CESARE-EASTMAN – 253845
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, California 94111-5994
Telephone: (415) 882-8200

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California 94104-4244
Telephone: (415) 864-8848

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EDMUND G. BROWN, Jr., et al., <br><br> Defendants. | Case No. Civ S 90-0520 LKK-JFM <br><br> **[PROPOSED] ORDER RE: HOUSING OF MENTALLY ILL PRISONERS IN SEGREGATION** <br><br> Judge: Hon. Lawrence K. Karlton <br> Date: June 17, 2013 <br> Time: 10:00 am <br> Crtrm.: 4 |

[803894-1]

Plaintiffs' Motion for Enforcement of Court Orders and Affirmative Relief Related to Improper Housing and Treatment of Seriously Mentally Ill Prisoners in Segregation came on for hearing before this Court.  The Court having considered the pleadings and oral argument on the motion, and the entire record in this case, and good cause appearing, Plaintiffs' motion is GRANTED.

The Court finds that Defendants' current policies and practices governing Administrative Segregation Units (ASUs) and Security Housing Units (SHUs) ("segregation units") subject *Coleman* class members to unnecessary and avoidable pain, suffering and increased risk of suicide.  Defendants have failed to remedy the ongoing constitutional violations despite many years of remedial efforts and orders of this Court. Defendants subject class members to harm and serious risk of harm in segregation units based on excessive and unlimited lengths of stay, the misuse of segregation for non-disciplinary reasons, lack of appropriate screening and exclusionary criteria, failure to provide minimally adequate mental health care, and harsh, anti-therapeutic, and unsafe conditions.  Each individual remedial order set forth below is narrowly tailored and is the least intrusive means necessary to ensure members of the *Coleman* class receive access to timely and clinically appropriate mental health treatment and are not placed at unacceptable risk of psychological and physical harm in segregation.

It is hereby ORDERED that:

Defendants shall revise their policies and procedures, including, but not limited to the Program Guides, to comply with this Order.  Defendants shall take any additional steps necessary to implement the requirements of this Order, including, but not limited to, training of custody and clinical staff, obtaining appropriate staffing, and modifying office and treatment space.

**A.     Time Limits for Class Member Lengths of Stay in Segregation Units**

The following time limits for the placement of *Coleman* class members in CDCR segregation units shall apply:

For EOP class members, there shall be a limit of 30 days in segregated housing.

1        For CCCMS class members, there shall be a limit of 60 days in segregated housing.

2        Transfer between one segregation cell (or unit) and another shall not restart the
3   clock in the calculation of class members' length of stay in segregation for purposes of this
4   order.  Likewise, transfer from a segregation unit to a crisis/inpatient placement (such as
5   MHCB, OHU, or DSH) and back to a segregation unit shall not restart the clock in the
6   calculation of a class member's length of stay in segregation for purposes of this order.

7        Effective 30 days from the date of this order, Defendants shall not place, for more
8   than 72 hours, any class member in any segregated housing unit that has not been found
9   capable of providing a minimally adequate mental health treatment program (as defined in
10  Part D.1, below).

11       Defendants shall provide monthly reports, prepared and signed by the Warden of
12  each prison, identifying each case in which a class member's segregation placement
13  exceeds applicable time limits, the reason for the continued placement, and what steps
14  Defendants are taking to promptly transfer the class member to an appropriate placement
15  and to remedy the barrier that caused the violation of the time limit.

**B.     Removal of Class Members Placed in Segregation for Non-Disciplinary Reasons**

18       No *Coleman* class member shall be placed in segregation units based on concerns
19  about their safety or SNY status, or because they are a victim of an assault.  Defendants
20  shall submit, within 30 days, their plan to provide such class members a safe and
21  appropriate alternative placement where they will not be subject to the harsh and restrictive
22  conditions of existing CDCR segregation units and can receive appropriate mental health
23  care.

24       No *Coleman* class member shall be placed in segregation units due to "lack of beds"
25  in the system or while awaiting transfer to another CDCR prison or program.  Defendants
26  shall submit to the Special Master, within 30 days, their plan to provide class members
27  awaiting transfer to an appropriate bed a placement where they will not be subject to the
28  harsh and restrictive conditions of existing CDCR segregation units and can receive

appropriate mental health care.

### C. Appropriate Screening and Segregation Exclusion for Class Members at Heightened Risk of Serious Harm

No prisoner discharging from an inpatient (DSH) or crisis level of care (MHCB/OHU) setting shall be placed in a segregation setting absent a written clinical determination that the individual's mental health will not be put at risk by the placement in a segregation unit following discharge, agreed to by clinicians at the discharging program and by clinicians at the receiving institution. Defendants shall further submit, within 30 days, a revised screening protocol to replace the Administrative Segregation Unit (ASU) 31-item questionnaire that Defendants have found to be inadequate, and to implement the revised screening protocol as soon as possible and in consultation with the Special Master and Plaintiffs' counsel. Defendants shall include in their revised screening protocol a mental health history file review to identify prisoners' prior segregation placements that resulted in MHCB/DSH placements, self-harm, suicide attempts, or other signs of decompensation. For those prisoners who are found to have a "likelihood of decompensation if placed or retained in ASU" (*Coleman* Program Guide 12-7-2), Defendants shall provide a chrono and/or identifier code that will prevent the ASU placement, clearly flag an "ASU exclusion," and identify appropriate alternative placements for such inmate-patients.

Defendants shall, within 30 days, develop and submit to the Special Master a plan to immediately identify all prisoners confined in any CDCR SHU that are at risk of psychological harm or exacerbation of current mental illness if retained in the SHU. These exclusion criteria should substantially follow the criteria applied to the Pelican Bay SHU exclusion, as set forth by the court in *Madrid v. Gomez*.

Defendants shall, within 60 days and in consultation with the Special Master and Plaintiffs, conduct a comprehensive assessment (*i.e.*, a "sweep") of prisoners currently in SHU, in ASU, or on Death Row who have been housed in such placements for more than 90 days, to determine if their mental status puts them at too great a risk of harm to remain

in their current setting or if referral for mental health evaluation and treatment is necessary.

### D. Adequate Access to Treatment, Elimination of Unduly Harsh Conditions, and Sufficient Safety Measures in Segregation

#### 1. Provision of Appropriate Mental Health Treatment in Segregation

Defendants shall file with the Court a plan to address the treatment space deficiencies in their EOP ASU hubs and PSU's as well as a treatment schedule and participation data for all EOPs in ASU and PSU's within 30 days for review by the Special Master and recommendations for further action.

The Special Master shall provide a report to the Court that identifies which segregated housing units are capable of providing a minimally adequate mental health treatment program, and thus which units may house *Coleman* class members for more than 72 hours.

Effective 30 days from the date of this order, Defendants shall not place, for more than 72 hours, class members in any segregated housing unit that has not been found capable of providing a minimally adequate mental health treatment program based on their level of care.

A minimally adequate mental health treatment program in segregated housing shall, at a minimum, include the following:

For any segregated unit housing EOP prisoners: (1) sufficient mental health and custody staffing; (2) adequate confidential treatment space; (3) provision of at least the Program Guide minimum treatment for EOP prisoners (*i.e.*, 10 hours per week); and (4) provision of at least 10 hours of other out-of-cell time (*e.g.*, for exercise) per week.

For any segregated unit housing CCCMS prisoners: (1) sufficient mental health and custody staffing; (2) adequate confidential treatment space; (3) provision of clinically indicated treatment hours (including group therapy); and (4) provision of at least 10 hours of other out-of-cell time (*e.g.*, for exercise) per week.

### 2. Elimination of Unduly Harsh and Dangerous Conditions for Mentally Ill Prisoners in Segregation

Defendants shall promptly implement a policy that prohibits the blanket practice of indiscriminate strip searches for all mentally ill prisoners housed in segregation units. The use of strip searches on mentally ill prisoners housed in segregation shall be permitted only where there is a specific, individualized determination, based on clinical and security input, that such a procedure is required.

Defendants shall, within 30 days, implement a policy prohibiting the use of "therapeutic treatment modules" for group or individual mental health treatment and the use of caged holding cells outside CTC's and in housing units for holding mentally ill prisoners identified as at risk of self-harm or suicide or awaiting clinical evaluation or treatment. Defendants shall, in consultation with the Special Master and Plaintiffs, devise appropriate alternatives to the use of "therapeutic treatment modules" and holding cages that are not anti-therapeutic, are humane, and are appropriate to meet the individual clinical and security needs of mentally ill prisoners.

### 3. Provision of Sufficient Safety Measures to Address High Suicide Risk in Segregation

Defendants shall implement a policy and procedure to provide staggered welfare checks (through personal observation by a staff member) at least every thirty minutes to *all* prisoners placed in any segregation unit for the duration of such placements.

**IT IS SO ORDERED.**

DATED: _____, 2013

_____
LAWRENCE K. KARLTON
Senior United States District Judge