DONALD SPECTER – 083925
STEVEN FAMA – 099641
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LORI E. RIFKIN – 244081
AARON J. FISCHER – 247391
MARGOT MENDELSON – 268583
KRISTA STONE-MANISTA – 269083
ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830

JON MICHAELSON – 083815
JEFFREY L. BORNSTEIN – 099358
LINDA L. USOZ – 133749
MEGAN CESARE-EASTMAN – 253845
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, California 94111-5994
Telephone: (415) 882-8200

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY – EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California 94104-4244
Telephone: (415) 864-8848

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EDMUND G. BROWN, Jr., et al.,<br><br>Defendants. | Case No. Civ S 90-0520 LKK-JFM<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' RESPONSE TO MAY 7 ORDER GRANTING PLAINTIFFS' APPLICATION TO EXCEED PAGE LIMIT AND DEFENDANTS' REQUEST FOR SCHEDULING ORDER**<br><br>Judge: Hon. Lawrence K. Karlton |

[811942-1]

1

PLS.' OPPOSITION TO DEFS.' RESPONSE TO MAY 7 ORDER GRANTING PLS.' APPLICATION TO EXCEED PAGE LIMIT AND DEFS.' REQUEST FOR SCHEDULING ORDER

Citing to no law or authority, and in violation of the Federal Rules of Civil Procedure and the Local Rules, Defendants seek to delay yet again critical life-saving remedial orders requested by plaintiffs in properly filed and noticed motions for affirmative relief (Docket Nos. 4543 & 4580). *See* Defs.' Response to Order Granting Pls.' App. to Exceed Page Limit and Request for Scheduling Order, Docket No. 4585, May 7, 2013 ("Defs.' Response"). Defendants, who filed a Motion to Terminate this entire case with no warning to Plaintiffs or the Court and who opposed Plaintiffs' request for discovery, also now seek to require Plaintiffs to provide them with *advance* formal notice of future filings on discrete topics about which discovery has already been conducted. *Id.* at 1:16-17. And instead of filing their Opposition to Plaintiffs' Motion as directed by this Court in its specific scheduling order of April 25, 2013 (Docket No. 4564) and in its standing rules of practice, Defendants now wish to postpone filing any opposition until after: (1) all of Plaintiffs' Motions for enforcement and affirmative relief have been filed; *and* (2) they have had a period of 60 days to conduct "discovery," for which they show no cause and about which they have provided no detail; *and* they have had an additional 14 days in which to prepare a response. *Id.* at 1:17-23. This preposterous "proposal" is baseless and only further demonstrates Defendants' total lack of interest in identifying and remedying the constitutional harms at issue.

With respect to the specific deadline that Defendants seek to avoid with their scheduling "proposal," this Court has already granted Defendants a requested extension of time in which to file their Response to Plaintiffs' April 11, 2013 Motion, for relief regarding access to and the provision of inpatient care. Order, Docket No. 4564, Apr. 25, 2013. Thus, Defendants, who represented to the Court that a modest extension of ten days was all that was required (see Docket No. 4563), now seek an effective extension of more than two months for the same opposition. Defendants also represented that the extension they sought just a few weeks ago would not prejudice Plaintiffs because it would "not delay the hearing date or the motion's resolution." *Id.* at 2:24-25. Defendants now seek to delay resolution of the Motion by several months with absolutely no consideration of the

[811942-1]

1

PLS.' OPPOSITION TO DEFS.' RESPONSE TO MAY 7 ORDER GRANTING PLS.' APPLICATION TO EXCEED PAGE LIMIT AND DEFS.' REQUEST FOR SCHEDULING ORDER

serious prejudice to Plaintiffs that this will cause.

More generally, Defendants' pretended surprise about the Motions for enforcement of Court orders and for affirmative relief now being filed by Plaintiffs is groundless. Plaintiffs have given clear notice to Defendants and this Court of their intention to seek further relief from this Court, drawing upon this Court's findings and the evidence obtained during discovery on Defendants' termination motion, which showed clear and ongoing constitutional harms. *See* Corrected Pls' Opp. to Defs.' Motion to Terminate, Docket No. 4422, Mar. 19, 2013, at 4:1-3. Plaintiffs also provided specific notice to Defendants more than a week ago, during meetings with the Court's Special Master, of their intention to file a specific motion with respect to Defendants' segregated housing units, and have repeatedly, over many years, repeated their strong objections to Defendants' use of cages and segregation practices and policies. *See* Decl. of Jane Kahn in Support of Pls.' Opposition to Defs.' Response, filed herewith, ¶ 2. Defendants simply seek by this "proposal" to delay and limit Plaintiffs' ability to protect their clients from ongoing constitutional violations. Plaintiffs' two pending motions are organized into specific topics—inpatient psychiatric hospitalization and segregation—and are designed to permit this Court to address particular areas of concern in a focused manner. There is no reason that Defendants should not be required to respond to each in compliance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Plaintiffs have, from time to time, been required to file motions for affirmative relief to protect the rights of the plaintiff class. Defendants can expect motions for affirmative relief in the future when they fail to address ongoing and persistent failures to remedy constitutional violations that have been well known to defendant officials. This Court, the Special Master and expert testimony and discovery in the Termination proceeding identified major deficiencies and ongoing constitutional violations in several areas. In each area, it is also well known to defendants what measures they could and should take to remedy the violations to avoid the necessity of additional Court orders.

Defendants' "proposal" is additionally meritless in that it seeks discovery of some

[811942-1]

2

PLS.' OPPOSITION TO DEFS.' RESPONSE TO MAY 7 ORDER GRANTING PLS.' APPLICATION TO EXCEED PAGE LIMIT AND DEFS.' REQUEST FOR SCHEDULING ORDER

undefined type and nature, stretching over a longer period of time than that provided to Plaintiffs to conduct discovery regarding Defendants' termination motion. Plaintiffs' pending Motions rely upon evidence already filed with this Court during the termination proceedings—including upon Defendants' own declarations filed on Reply—and upon information and data provided by Defendants themselves. Defendants, who possess and control all relevant information and state employees, have failed to identify any basis for a delay for "discovery" or even what possible discovery they seek.

Defendants' "proposal" should be rejected, and to the extent this Court considers Defendants to have moved for an *additional* extension for filing their Opposition to the pending Motion for Enforcement of Court Orders and Affirmative Relief Related to Inpatient Treatment, due tomorrow, and to postpone the May 23rd hearing date, this Court should deny the motion.

DATED: May 8, 2013          Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP


By: */s/ Michael W. Bien*
    Michael W. Bien

Attorneys for Plaintiffs

[811942-1]

3

PLS.' OPPOSITION TO DEFS.' RESPONSE TO MAY 7 ORDER GRANTING PLS.' APPLICATION TO EXCEED PAGE LIMIT AND DEFS.' REQUEST FOR SCHEDULING ORDER