KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
JAY C. RUSSELL
Supervising Deputy Attorney General
DEBBIE J. VOROUS, State Bar No. 166884
PATRICK R. MCKINNEY, State Bar No. 215228
WILLIAM DOWNER, State Bar No. 257644
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 324-5345
 Fax: (916) 324-5205
 E-mail: Debbie.Vorous@doj.ca.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,** | 2:90-cv-00520 LKK JFM PC |
| Plaintiffs, | **OBJECTIONS TO EVIDENCE OFFERED TO SUPPORT PLAINTIFFS' MOTION FOR ENFORCEMENT OF COURT ORDERS AND AFFIRMATIVE RELIEF RELATED TO INPATIENT TREATMENT** |
| v. | |
| **EDMUND G. BROWN JR., et al.,** | |
| Defendants. | |

## INTRODUCTION

The Court should exclude three of Plaintiffs' witnesses from testifying as experts in support of their motion for enforcement of court orders and affirmative relief related to inpatient treatment. Drs. Badeaux and Brim are unqualified to testify as experts in psychiatric inpatient hospital staffing or administration. Ms. Woodford is likewise unqualified to testify as an expert in mental health or health care administration. Further, significant portions of Dr. Badeaux's declaration and Plaintiffs' motion have either no evidentiary support or rely on evidence that is

1

inadmissible. The Court should strike such statements and evidence, and it should not consider them when ruling on Plaintiffs' motion for affirmative relief.

## DISCUSSION

**I.   DRS. BADEAUX AND BRIM ARE NOT QUALIFIED TO GIVE EXPERT OPINION TESTIMONY REGARDING THE SUFFICIENCY OF SALINAS VALLEY PSYCHIATRIC PROGRAM (SVPP) STAFFING OR ADMINISTRATION.**

To testify as an expert, an individual must have proper qualifications of knowledge, skill, experience, training, or education. Fed. R. Evid. 702. This requirement is meant to help "ensure, as a condition of admissibility, that proffered expert testimony rests on a sufficiently trustworthy foundation." *Crowe v. Marchand*, 506. F.3d 13, 17 (1st Cir. 2008) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993)). Experts need not be "blue-ribbon practitioners' with optimal qualifications." *U.S. v. Vargas*, 471 F.3d 255, 262 (1st Cir. 2006). But they need to have particularized training or knowledge in the area that they intend to provide expert testimony about. *Avila v. Willis Envtl. Remediation Trust*, 633 F.3d 828, 839 (9th Cir. 2011).

In their motion, Plaintiffs rely on the opinions of Drs. Badeaux and Brim to support their contention that the Salinas Valley Psychiatric Program is inadequately staffed. (Pls.' Mot. 11-16; Badeaux Decl. ¶¶ 4, 6, 7, 9, 12, 26; Brim Dep. 24:19-25:22; 35:22-36:5; 42:16-20.) But Drs. Badeaux and Brim lack any specialized knowledge in the area of hospital staffing, utilization management, or comparatively relevant field in hospital administration. Dr. Badeaux's resume shows that he has no experience in designing, managing or administering a staffing plan for a hospital. (Badeaux Decl. Ex. A.) Likewise, Dr. Brim lacks any discernible training or experience in the fields of mental health inpatient staffing or health care administration that qualifies him as an expert in staffing or managing a psychiatric inpatient facility. (Brim Dep. 1-133.)

Despite the lack of training or experience in hospital administration or staffing, Drs. Badeaux and Brim freely opine about issues beyond their expertise. (*See* Badeaux Decl. ¶¶ 4, 6, 7, 9, 12, 26; Brim Dep. 24:19-25:22; 35:22-36:5; 42:16-20.) These opinions lack a proper foundation under Rule 702 and for that reason the Court should exclude them and strike references to these opinions in Plaintiffs' motion. *Avila*, 633 F.3d at 839.

///

2

Evidentiary Objections to Plaintiffs' Motion for Affirmative Relief Related to Inpatient Treatment  (2:90-cv-00520 LKK JFM P)

II. **MS. WOODFORD IS NOT QUALIFIED TO OPINE AS A MENTAL HEALTH EXPERT.**

Defendants have established that Plaintiffs' "expert" Jeanne Woodford has no specialized training, experience, or education in the field of mental health care. (See Defs.' Evid. Objs. to Pls.' Expert Reports at 1:17-2:14, ECF No. 4486.) Accordingly, Ms. Woodford's testimony should also be excluded. *Avila*, 633 F.3d at 839.

Woodford has previously admitted that she has no specialized training or knowledge in the area of mental health care. (Woodford Decl. ¶ 2, ECF No. 4380; McKinney Decl. Ex. 8 [Woodford Dep.] at 15:12, 121:10.) Ms. Woodford has never been trained to conduct mental health assessments or screenings, has no formal mental health educations, and holds no advanced degrees. (Woodford Dep. at 111:6-8 [admitting no training in mental health care assessments or settings]; Woodford Decl. ¶¶ 2 & 4.) And Plaintiffs have adduced no evidence that Woodford has specialized knowledge training or experience that qualifies her to offer an opinion on the adequacy of the specialized care program at San Quentin.

Still, Plaintiffs rely on Woodford's unqualified opinions to support their motion despite her lack of any specialized training, knowledge, or experience related to mental health care or mental health care systems. (Pls. Mot. 8:9-17 [regarding the adequacy of staffing for the Specialized Care Program], n.3 [regarding the adequacy of mental health screening for condemned inmates at San Quentin State Prison], and 10:5-14 [regarding the justification for excluding condemned inmates from intermediate care facilities], ECF No. 4545.) Woodford's testimony lacks foundation under Rule 702 and should be excluded and stricken from Plaintiffs' motion.

III. **PORTIONS OF DR. BADEAUX'S DECLARATION ARE SPECULATIVE, CONTAIN HEARSAY, LACK FOUNDATION, ARE INHERENTLY UNRELIABLE OR OTHERWISE VIOLATE THE RULES OF EVIDENCE AND SHOULD BE DISREGARDED BY THIS COURT.**

Unless qualified as an expert, a lay witness may only testify to matters of which he has personal knowledge—knowledge acquired through personal observation or sensory perception. Fed. R. Evid. 602. Further, a non-expert's opinions must be limited to inferences which are rationally based on the witness's perception, and must be helpful to a "clear understanding of the witness' testimony or the determination of a fact in issue." Fed. R. Evid. 701. *See also United States v. Neal*, 36 F.3d 1190, 1206 (1st Cir. 1994) ("Personal knowledge can include inferences

3

and opinions, so long as they are grounded in personal observation and experience"). Dr. Badeaux's declaration is replete with opinions and matters of which he has no demonstrable personal knowledge. The Court should exclude all portions of Dr. Badeaux's testimony that lack such foundation or are otherwise inadmissible or inherently unreliable under the Federal Rules of Evidence.

### A. The Court Should Exclude Dr. Badeaux's Unfounded Opinions that Salinas Valley Has Insufficient Psychiatry Staff.

In his declaration, Dr. Badeaux concludes that there was a "shortage of psychiatrists" during the seven months he was employed at Salinas Valley. (Badeaux Decl. ¶¶ 4 & 6.) But he gives no testimony that plausibly supports his opinion that SVPP had insufficient psychiatry staff to meet patient need—nor could he, given that he lacks the expertise to testify about the number of psychiatry staff needed at a psychiatric inpatient facility. (*See*, supra, pp. 1-2.) Rather, Dr. Badeaux bases his opinion upon a vague comparison of his caseloads at Napa State Hospital and Salinas Valley, hearsay from unidentified declarants, and his own perceptions regarding his inability to deliver care to his patients. (*Id*. at ¶¶ 3-5 & 8.) His subjective and personal observations, however, do not support an inference that the entire Salinas Valley program has insufficient psychiatry staff to meet patient needs.

Further, Dr. Badeaux's recitations of statements from unidentified colleagues—which he offers to prove the truth of his claim that staffing needs were not increased to meet increased patient demand—are inadmissible hearsay. Fed. R. Evid. 802 & 802. And even if those statements are offered as party admissions under Rule 801(d)(2), they should still be excluded as inherently untrustworthy hearsay because the declarants are anonymous and their relationship with Defendants and the provenance of their statements cannot be verified by cross-examination. Fed. R. Evid. 801(d)(2). At most, Dr. Badeaux's declaration establishes that there has been recent turnover at Salinas Valley, and that he decided to leave his position because he believed he could not deliver suitable care. But these personal reflections do not factually establish that there was a staffing shortage at Salinas Valley. Dr. Badeaux's opinion lacks proper foundation, is inherently unreliable, and should be excluded.

4

### B. The Court Should Exclude Dr. Badeaux's Unfounded Opinions that Salinas Valley Has Insufficient Nursing Staff and Medical Technical Assistants (MTA).

Dr. Badeaux opines that there are shortages of Medical Technical Assistants and Registered Nurses at Salinas Valley. (Badeaux Decl. ¶¶ 10-12.) But again, Dr. Badeaux provides no personal observations that support this claim. And Dr. Badeaux lacks the expertise necessary to opine whether Salinas Valley employed nurses or Medical Technical Assistants (a combined correctional/medical position) to meet patient needs. (*Supra*, pp. 1-2.) Instead, Dr. Badeaux relies on anecdotal accounts of challenges he experienced when he requested a Medical Technical Assistant to escort an inmate to a treatment room for a confidential contact. (*Id.* at ¶¶ 10-11.) Such anecdotal evidence is unreliable because it is vague and eludes verification. Dr. Badeaux also provides no testimony that establishes the frequency with which purported correctional staff and nurses were unavailable, whether confidentiality was required for every patient contact he conducted at a cell front, or whether his experience was shared by colleagues. (*Id.* at ¶¶ 10-12.) Indeed, Dr. Badeaux provides no verifiable details to plausibly assert that Salinas Valley had insufficient correctional staff or nurses to meet patient needs. Yet in three perfunctory paragraphs, he opines that the entire Salinas Valley program suffers these shortages. Because Dr. Badeaux's opinions are unsupported by verifiable independent evidence, his testimony should be excluded.

### C. Exhibit E to Dr. Badeaux's Declaration is Inadmissible Hearsay, Lacks Foundation, and Has Marginal Probative Value.

The Court should strike Exhibit E and paragraphs 19-21 of Dr. Badeaux's declaration because the survey contained in Exhibit E and Dr. Badeaux's description of the survey are inadmissible hearsay, lack foundation, and their probative value is substantially outweighed by the risk of unduly prejudicing Defendants. Exhibit E is hearsay because the survey is purportedly compiled using out-of-court assertions from declarants, and Dr. Badeaux offers these aggregated assertions to prove the truth of his assertions that Salinas Valley is unsafe, that the quality of care is poor, and that staff morale is low (*see* Badeaux Decl. ¶¶ 19-21 and Ex. E). Fed. R. Evid. 801 & 802. Moreover, Plaintiffs' use of the survey in Badeaux's declaration is not admissible under any

5

hearsay exception. Plaintiffs provide no foundation that Exhibit E is a public document or a record of regularly conducted business activity, or is otherwise reliable despite the fact that it is hearsay. Accordingly, the Court should strike or exclude Exhibit E and all portions of Dr. Badeaux's declaration that reference it.

In addition, this Court should exclude Exhibit E because its probative value is substantially outweighed by the danger that considering it will unfairly prejudice Defendants. *See* Fed. R. Evid. 402. Here, Plaintiffs failed to provide any factual foundation that establishes that the exhibit is a reliable depiction of actual conditions at Salinas Valley. For instance, neither Dr. Badeaux's declaration not the exhibit explains which employees received the survey, precisely who responded, or how the survey questions were worded. Accordingly, it is impossible to verify whether the survey provides a reliable and unbiased account of Salinas Valley staff sentiment. Moreover, given the anonymity built into the survey, the declarants whose answers supply the survey data are not susceptible to have their assertions or opinions verified through cross-examination. These inherent flaws substantially undermine any probative value that the survey may have to establish the truth of Dr. Badeaux's assertions, and enhances the risk that the survey will improperly amplify the weight and credibility of Dr. Badeaux's assertions in paragraphs 18-21. For these reasons too, the Court should exclude Exhibit E and Dr. Badeaux's description of Exhibit E in paragraphs 19-21 of his declaration.

**D. Dr. Badeaux's Conclusion that Salinas Valley's Custodial Policy Interferes with Patient Care Lacks Foundation.**

Dr. Badeaux concludes that custodial policies for inmates admitted to Salinas Valley interfered with necessary care. (Badeaux Decl. ¶¶ 24-28.) But this conclusion also lacks foundation. Dr. Badeaux provides no testimony showing that: (1) custodial practices prevented him or other psychiatrists from providing necessary care; (2) he requested, but for custodial reasons, was denied access to his patients; or (3) any of his patients were denied access to necessary mental health care simply because of their custody status. Instead Dr. Badeaux relies entirely on speculation and unverifiable statements. (*See Id*. ¶ 26.) For this reason, the Court

6

Evidentiary Objections to Plaintiffs' Motion for Affirmative Relief Related to Inpatient Treatment (2:90-cv-00520 LKK JFM P)

should exclude or disregard Dr. Badeaux's opinion that custodial policies interfered with the delivery of care.

### E. The Court Should Exclude Dr. Badeaux's Description of an Email's Content in Paragraph 29 of His Declaration under Fed. R. Evid. 1002 Because Plaintiffs Failed to Submit the Email On Which He Relies.

Rule 1002 of the Federal Rules of Evidence requires a party to introduce the original writing or a copy of the original writing to prove the content of that writing. Testimony describing the writing is not admissible. Here, Dr. Badeaux's alleges that he received an email from a source identified only as "SVPP administration", which instructed psychiatrists to discharge three patients per unit each week. (*Id.* ¶ 29.) Badeaux's description of the email is inadmissible under Rule 1002 because Plaintiffs failed to introduce the original email to prove the contents of the writing, and they have introduced no evidence showing that Badeaux's characterization of the email's contents should be admitted as an exception to Rule 1002. Accordingly, the Court should strike or exclude Dr. Badeaux's description of this document.

Likewise, the Court should disregard Dr. Badeaux's allegation that an unidentified program assistant confirmed the "expectation" that psychiatrists should discharge three patients per unit each week. (*Id.*) This statement is hearsay because it is an out-of-court statement that Badeaux offers to prove his contention that Salinas Valley promoted an expectation that staff psychiatrists should discharge three patients per unit per week. Fed. R. Evid. 801 & 802. Moreover, Dr. Badeaux's repetition of an unidentified "program assistant's" statement should not be admitted as a statement by a party opponent, under Rule 801(d)(2), because it is inherently unreliable. Dr. Badeaux failed to identify the "program assistant" that purportedly confirmed this expectation prevents the Court and Defendants from ascertaining whether the declarant actually exists, was a DSH employee or agent, or whether the declarant even made such a statement. *Id.* Moreover, the declarant's anonymity thwarts any verification of Dr. Badeaux's allegation because the declarant is not susceptible to cross-examination. For these reasons, the Court should strike or exclude paragraph 29 of Dr. Badeaux's declaration.

/ / /

/ / /

### F. The Court Should Exclude or Strike Dr. Badeaux's Unfounded Speculation in Paragraph 31.

Dr. Badeaux's asserts that the DaSilva and Radtkey-Gaither declarations "appear" to have included an absent psychiatrist in their description of Salinas Valley's psychiatric staffing. (*See* Badeaux Decl. ¶ 31.) But this assertion is inadmissible under Rule 602 because Dr. Badeaux simultaneously concedes that he lacks personal knowledge of whether DaSilva or Radtkey-Gaither actually included an absent staff member in their calculations by qualifying his speculation with the word "appear". (*Id.*) And Dr. Badeaux gives no other evidence that supports an inference that he has personal knowledge regarding how DaSilva and Radtkey-Gaither calculated the number of psychiatrists employed at Salinas Valley. Dr. Badeaux is therefore incapable of providing admissible testimony on the matter under Rule 602. Accordingly, the Court should strike or exclude this statement.

### IV. Portions of Plaintiffs' Motion Are Irrelevant or Lack Admissible Evidentiary Support and Should Be Stricken or Disregarded by the Court.

The following portions of Plaintiffs' motion are not based on admissible evidence, and therefore the Court should exclude or disregard them.

1. Plaintiffs claim that the "only rationale Defendants have ever offered in support of the denial of DSH inpatient care to death row inmates is their reading of Section 3600(b)(4) of the California Penal Code, which they claim "prohibits the transfer" of death row inmates to ICF care." (Pls.' Mot. 9.) This claim lacks evidentiary support and is false. Defendants have established a "Specialized Care for the Condemned" designed to address the needs of condemned inmates that exhibit the need for intermediate level mental health care and have argued that this program supplants any perceived need to transfer condemned inmates to a DSH program operated at the California Medical facility. (Defs.' Opp'n 25.)

2. Plaintiffs attribute "staffing shortages at DSH programs to a statewide hiring freeze and limitations on registry workers." (Pls. Mot. 12.) But the evidence Plaintiffs cite does not show that a hiring freeze or limitation on registry hours have impacted the DSH staffing. Rather, the materials cited only show that limitations on registry staff impacted CDCR mental health staffing

8

at Salinas Valley State Prison and California State Prison, Sacramento.  (*Id.*)  This entire paragraph is irrelevant to the question of whether DSH—a separate State entity—has sufficient staff to meet the mental health needs of inmates admitted to programs at Salinas Valley or Vacaville.  Accordingly the Court should strike or disregard it.

## CONCLUSION

Plaintiffs failed to show that Drs. Badeaux and Brim have the expertise to give expert opinions concerning psychiatric inpatient hospital staffing or administration, or that Ms. Woodford is qualified to give an expert opinion regarding mental health care.  Accordingly the Court should exclude their testimony.  And the Court should exclude all portions of Plaintiffs' motion and Dr. Badeaux's declaration that are inadmissible or lack evidentiary foundation, as described above.

Dated:  May 9, 2013

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
JAY C. RUSSELL
Supervising Deputy Attorney General

*/s/ William Downer*

WILLIAM DOWNER
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003

9

Evidentiary Objections to Plaintiffs' Motion for Affirmative Relief Related to Inpatient Treatment  (2:90-cv-00520
LKK JFM P)