KAMALA D. HARRIS
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
JAY C. RUSSELL
Supervising Deputy Attorney General
DEBBIE VOROUS, State Bar No. 166884
PATRICK R. MCKINNEY, State Bar No. 215228
WILLIAM DOWNER, State Bar No. 257644
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 324-5345
 Fax: (916) 324-5205
 E-mail: Debbie.Vorous@doj.ca.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**EDMUND G. BROWN JR., et al.,**<br><br>Defendants. | 2:90-cv-00520 LKK JFM PC<br><br>**DEFENDANTS' EX PARTE REQUEST FOR A FORTY-FIVE DAY EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION FOR ENFORCEMENT OF COURT ORDERS AND AFFIRMATIVE RELIEF RE: IMPROPER HOUSING AND TREATMENT OF SERIOUSLY MENTALLY ILL PRISONERS IN SEGREGATION** |

1

## INTRODUCTION

Plaintiffs have moved for broad, new orders that concern the conditions of confinement within California's segregation units. Plaintiffs' motion makes several demands for orders that go beyond the delivery of mental health services to inmates in California's prisons, and that would dramatically change the State's security requirements relating to segregation units—including Death Row—and radically impact the State's inmate custody and classification process.

The breadth of the orders sought by Plaintiffs will, if their motion is granted, substantially change how the State operates the prison system from a security perspective, specifically its Secured Housing Units. Further, Plaintiffs request significant changes to court-ordered program guide requirements and bed plans. After being served with the motion and supporting declarations, Defendants immediately began investigating the substance of Plaintiffs' allegations, including their request to change the conditions of confinement in the segregation units. Defendants also started the process of seeking expert advice and inspecting the units. But Defendants cannot complete these investigations, inspect the units, and prepare a response within the time presently set by court rules.

In addition, the Court has set a trial for June 19, 2013 on Plaintiffs' motion seeking affirmative relief against the Department of State Hospitals, and Plaintiffs have indicated that they intend to file yet another motion within the next week seeking affirmative relief related to the use of force and rules violation process within the prisons, both which significantly impact Defendants ability to thoroughly investigate, seek expert advice, and prepare a response within the time presently set by court rules. Accordingly, Defendants request that the Court extend the time that Defendants have to respond to Plaintiffs' motion on segregation units by forty-five days from June 3, 2013, to July 18, 2013.

Good cause exists to grant this extension of time. Defendants have begun their investigation of these new allegations, but require additional time to complete a thorough investigation, seek expert advice, and fairly defend themselves. Moreover, the upcoming hearing and Plaintiffs' anticipated motion place additional constraints on Defendants' ability to prepare an

2

Defs.' Ex Parte Req. for Ext. of Time to Resp. to Pls.' Mot. For Enf. Ct. Ord. & Aff. Relief Reg. Segregated Housing
(2:90-cv-00520 LKK JFM PC)

adequate response to the pending motion. And Plaintiffs will not be not unfairly prejudiced by the requested extension. Accordingly, the Court should grant Defendants' ex parte request and modify the briefing schedule to allow Defendants to file a response to Plaintiffs' motion on or before July 18, 2013.

**PROCEDURAL BACKGROUND**

Plaintiffs seek new injunctive orders that, if granted, would expand the Court's involvement in the delivery of mental health care, implicate existing court orders and approved bed plans, and significantly expand the Court's role to include oversight of conditions of confinement throughout the State's prison—a role well beyond the scope of this case. Plaintiffs' motion relies primarily on the declaration of Craig Haney, an expert in conditions of confinement. (Haney Decl. Supp. Pls.' Mot., ECF No. 4581 ¶ 2.) Plaintiffs retained Dr. Haney to oppose Defendants' motion to terminate filed on January 7, 2013. (*Id.* ¶ 4.) But during site visits to Mule Creek State Prison, California Institution for Men, California State Prison, Corcoran, and California Correctional Institution in February 2013, Dr. Haney also evaluated the "conditions of confinement that prevail throughout the State's prison system" and the "impacts of the continued overcrowding in nearly all CDCR institutions." (*Id.* ¶¶ 4–6.) Plaintiffs now use the evidence obtained during agreed-upon site visits to evaluate mental health care to demand orders related to segregation units in all CDCR prisons. (*Id.* ¶¶ 25–29.)

The injunctions demanded by Plaintiffs are extraordinary and unprecedented in this litigation. Specifically, Plaintiffs ask the Court to issue orders compelling Defendants to:

- arbitrarily and severely limit the time that *Coleman* class members may be housed in segregation units;
- provide monthly reports, prepared and signed by the Warden of each prison, on class member's segregation placement status;
- stop placing class members in segregation units as a means to keep them safe;
- revise policies and procedures for inmates with suspended Security Housing Unit terms who are being discharged from inpatient care;

3

- revise court-ordered screening procedures for inmates placed into segregation units;
- apply the Pelican Bay State Prison Security Housing Unit exclusion order to all Security Housing Units throughout the state;
- conduct a "sweep" of *all* inmates in segregation units—including Death Row—to determine if they should remain in segregation;
- overhaul the court-approved bed plans;
- stop using court-approved Therapeutic Treatment Modules for inmates in segregation units; and
- conduct thirty-minute welfare checks for all inmates placed in segregation units for the duration of their placements.

(Pls.' Proposed Order Granting Mot., ECF No. 4580–1.)

To support their motion, Plaintiffs submit testimony and exhibits from their counsel and expert witnesses on, among other things, lengths of stay in segregation units, court-ordered and approved program guide requirements, treatment modalities, and bed plans. (*See* Pls.' Mot., ECF No. 4580.) Plaintiffs also offer new testimony from Dr. Haney. (Haney Decl. Supp. Pls.' Mot., ECF No. 4581.) Dr. Haney now opines that that the Pelican Bay Exclusion Order should be applied in all Security Housing Units in CDCR's system. (*Id.* ¶¶ 25 & 26.) Dr. Haney also supports Plaintiffs' demand that security requirements in segregation units be dramatically changed, and their demand that certain inmates can no longer be housed in these units, despite any concerns for the security and safety of these and other inmates. (*Id.* ¶¶ 27–29.) In sum, Dr. Haney is providing expert advice on conditions of confinement in a case involving adequate mental health care in CDCR's prisons.

Plaintiffs seek extensive, intrusive, and extraordinary orders relating to segregation units—relief that extends beyond *Coleman* class members and the scope of this case. Given the breadth of Plaintiffs' demands and the significant changes in this litigation that will arise with any ordered relief, Defendants must be provided the opportunity to investigate thoroughly the details

4

and accuracy of Plaintiffs' assertions, be allowed time to seek expert advice regarding the Security Housing Units, and be given a fair opportunity to prepare an appropriate defense. But Defendants cannot complete these investigations, inspect the units, and prepare a response within the time presently set by court rules. In addition, the difficulty in meeting this deadline is compounded by the upcoming trial set for June 19, 2013, on Plaintiffs' motion seeking affirmative relief against the Department of State Hospitals, and the preparation of a defense to Plaintiffs' motion seeking affirmative relief related to the use of force and rules violation process within the prisons.

## DISCUSSION

The Court may extend the time to act upon a showing of good cause. Fed. R. Civ. P. 6(b)(1)(A); *accord* L.R. 144; *and* Fed. R. Civ. P. 16(b) (permitting modification of a schedule for good cause). Under Rule 16(b), even without a formal motion, "the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16(b) advisory committee's notes to 1983 amendment.

### A. Good Cause Exists to Grant Defendants Additional Time to Respond to Plaintiffs' Motion.

Plaintiffs' claims against CDCR would expand the Court's involvement in the delivery of mental health care, implicate existing court orders and approved bed plans, and significantly expand the Court's role to include oversight of conditions of confinement throughout the State's prisons. Accordingly, Defendants must be allowed the chance to thoroughly investigate and defend the claims against them. Upon receiving Plaintiffs' motion and supporting filings, Defendants began investigating the allegations in the Haney and Kahn declarations and exhibits. (Allison Decl. ¶¶ 3 & 4.) This included interviewing prison staff, compiling and reviewing data regarding placements and mental health treatment of class members in segregation units, and reviewing other relevant events that bear on the issues raised by Plaintiffs' motion. (*Id.* ¶ 5.) In addition, Defendants started the process of seeking expert advice and inspecting the conditions of

5

Defs.' Ex Parte Req. for Ext. of Time to Resp. to Pls.' Mot. For Enf. Ct. Ord. & Aff. Relief Reg. Segregated Housing
(2:90-cv-00520 LKK JFM PC)

confinement in the Security Housing Units. But it will take at least forty-five additional days for Defendants to complete these investigations and obtain expert testimony on the conditions of confinement in the Security Housing Units, particularly while minimizing disruption to the ongoing care that Defendants provide to inmates. (*Id.* ¶ 6.) Under these circumstances, Defendants cannot complete their investigation and prepare an adequate response within the one-month time period allotted under the current briefing schedule. (*Id.* ¶ 7.)

Defendants' ability to investigate Plaintiffs' broadly-stated allegations and retain expert advice is particularly critical given the intrusive new injunctive orders they seek. Plaintiffs seek orders that would dramatically change how CDCR currently operates it segregation units, including its ability to provide appropriate mental health treatment to dangerous and violent felons, and that would significantly impact the State's current bed planning process and legislatively approved blue print. And Plaintiffs have neither filed nor served a complaint that adds conditions of confinement claims to this proceeding. It would be fundamentally unfair to deprive Defendants the opportunity to fully investigate and assess these new allegations asserted by Plaintiffs in their motion.

Moreover, both the upcoming hearing—which will require significant preparation and at least one deposition over the next two weeks—and Plaintiffs' next motion—which also will likely require a response in short order, significantly impact Defendants' ability to thoroughly investigate, seek expert advice, and prepare a response within the time presently set by court rules. Accordingly, Defendants request that the Court extend the time that Defendants have to respond to Plaintiffs' motion on segregation units from June 3, 2013, to July 18, 2013.

The additional time requested should provide Defendants sufficient time to investigate Plaintiffs' allegations, seek expert advice, and respond to Plaintiffs' allegations and arguments. Defendants have asked for no more time than is absolutely necessary to adequately respond to Plaintiffs' motion, and do not seek additional time to harass Plaintiffs or needlessly delay resolution of this motion.

6

Defs.' Ex Parte Req. for Ext. of Time to Resp. to Pls.' Mot. For Enf. Ct. Ord. & Aff. Relief Reg. Segregated Housing
(2:90-cv-00520 LKK JFM PC)

**B. Plaintiffs Will Not Be Prejudiced if Defendants Are Granted Additional Time to Respond to Plaintiffs' Motion.**

Defendants' requested extension will not unfairly prejudice Plaintiffs. Dr. Haney's opinion on the conditions of confinement for prisoners in segregation units is primarily based on his opinion, ostensibly formed following his visits to four prisons, regarding the risk of psychological harm to inmates placed in segregation units. Dr. Haney makes no reference to imminent harm caused by current housing procedures. (*See* Haney Decl. Supp. Pls. Mot., ECF No. 4581.) No prejudice will arise if Defendants are allowed additional time to respond to Plaintiffs' motion.

In addition, modifying the briefing schedule will not give Defendants any unfair strategic advantage. Rather, it will allow Defendants to prepare a more thorough and informed response. Plaintiffs have had the evidence to present their motion on conditions of confinement for at least three months—since their experts' site visits in February 2013—if not longer. And for some requests, such as revisions to the 2006 Program Guide, Plaintiffs contend their concerns now are the same as then. Moreover, Plaintiffs will have an opportunity to reply to the factual assertions and legal arguments advanced in Defendants' responsive filing—both via their reply brief and at the trial of this matter—even if Defendants' request for additional time is granted.

## CONCLUSION

Plaintiffs demand new injunctive orders that, if granted, would dramatically expand the oversight of conditions of confinement throughout the State's prison system and potentially eliminate the discretion of prison officials over matters of prison security. These issues require careful and deliberate consideration by the Court. That consideration, in turn, requires Defendants' fully-investigated and briefed response. Allowing Defendants additional time to investigate and respond to Plaintiffs' motion preserves Defendants' right to a fair opportunity to respond to Plaintiffs' allegations and poses no risk of unfair prejudice to Plaintiffs' interest in

7

having the matter promptly resolved. For all of these reasons, good cause warrants providing Defendants additional time to investigate and respond to Plaintiffs' motion.

Dated: May 23, 2013                                   Respectfully Submitted,

                                                      KAMALA D. HARRIS
                                                      Attorney General of California
                                                      JAY C. RUSSELL
                                                      Supervising Deputy Attorney General

                                                      /S/ DEBBIE J. VOROUS

                                                      DEBBIE J. VOROUS
                                                      Deputy Attorney General
                                                      *Attorneys for Defendants*

CF1997CS0003

8

Defs.' Ex Parte Req. for Ext. of Time to Resp. to Pls.' Mot. For Enf. Ct. Ord. & Aff. Relief Reg. Segregated Housing
(2:90-cv-00520 LKK JFM PC)

# CERTIFICATE OF SERVICE

Case Name:  **Coleman v. Brown, et al.,**     No.   **2:90-cv-00520 LKK JFM PC**

I hereby certify that on May 23, 2013, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' EX PARTE REQUEST FOR A FORTY-FIVE DAY EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION FOR ENFORCEMENT OF COURT ORDERS AND AFFIRMATIVE RELIEF RE: IMPROPER HOUSING AND TREATMENT OF SERIOUSLY MENTALLY ILL PRISONERS IN SEGREGATION**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on May 23, 2013, at Sacramento, California.

|  Lametric Lewis  |  /s/ Lametric Lewis  |
|:---:|:---:|
| Declarant | Signature |

31695732.doc