1  DONALD SPECTER – 083925
STEVEN FAMA – 099641
2  PRISON LAW OFFICE
1917 Fifth Street
3  Berkeley, California  94710-1916
Telephone:    (510) 280-2621
4
5
6
7
8  JON MICHAELSON – 083815
JEFFREY L. BORNSTEIN – 099358
9  LINDA L. USOZ – 133749
MEGAN CESARE-EASTMAN – 253845
10 K&L GATES LLP
4 Embarcadero Center, Suite 1200
11 San Francisco, California  94111-5994
Telephone:    (415) 882-8200
12
13 Attorneys for Plaintiffs

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LORI E. RIFKIN – 244081
AARON J. FISCHER – 247391
MARGOT MENDELSON – 268583
KRISTA STONE-MANISTA – 269083
ROSEN BIEN GALVAN &
GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California  94104-1823
Telephone:    (415) 433-6830

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California  94104-4244
Telephone:    (415) 864-8848

14            UNITED STATES DISTRICT COURT

15            EASTERN DISTRICT OF CALIFORNIA

16

17 RALPH COLEMAN, et al.,

18            Plaintiffs,

19       v.

20 EDMUND G. BROWN, Jr., et al.,

21            Defendants.

22

23

24

Case No. Civ S 90-0520 LKK-JFM

**[PROPOSED] ORDER GRANTING
MOTION FOR ENFORCEMENT OF
COURT ORDERS AND
AFFIRMATIVE RELIEF RELATED
TO USE OF FORCE AND
DISCIPLINARY MEASURES**

Judge:   Hon. Lawrence K. Karlton
Date:    July 8, 2013
Time:    10:00 a.m.
Crtrm.:  4

25

26

27

28

[834052-1]

1    Plaintiffs' Motion for Enforcement of Court Orders and Affirmative Relief Related

2  to Use of Force and Disciplinary Measures came on for hearing before this Court on July

3  8, 2013.  The Court having considered the pleadings and oral argument on the motion, and

4  the entire record in this case, and good cause appearing, Plaintiffs' motion is GRANTED.

5  The Court finds that constitutional violations persist such that Defendants cause *Coleman*

6  class members grave physical and psychological harm by engaging in a pattern and

7  practice of using unnecessary and excessive force against class members, and imposing

8  inappropriate and disproportionate punitive discipline on class members.   Each individual

9  remedial order set forth below is narrowly tailored and is the least intrusive means

10  necessary to ensure members of the *Coleman* plaintiff class protection from these

11  violations of their rights.  In light thereof, it is hereby ORDERED THAT:

12
13  1.  Revision of Use of Force Policies and Procedures:  Defendants shall revise their use

14       of force policies to minimize the potential for excessive use of force against

15       prisoners with mental illness.  Defendants shall also revise their procedures and

16       practices to enforce the restriction of "immediate" uses of force to those enumerated

17       in Departmental policy:  "inmate behavior that constitutes an imminent threat to

18       institution/facility security or the safety of persons."  These policy and procedure

19       changes must also include the following enumerated restrictions and guidelines for

20       using force against prisoners with mental illness:

21           a.  Prohibition on using OC spray and expandable batons against inmates with
22               mental illness in housing units, holding cages, mental health crisis bed units,
                EOP units, and inpatient hospitalization units, except when circumstances
23               call for extreme measures to protect staff or inmates.

24           b.  Prohibition on using corporeal punishment on class members who commit
25               minor violations which do not present an imminent threat to institution
                security or the safety of persons.  Examples include, but are not limited to,
26               inmates who fail to give up a food tray, fail to close the food slot in a cell
                door, or who kick a cell door.

27           c.  Prohibition on administration of OC spray through the use of crowd-size
28               canisters or grenades.  Cessation of provision of OC spray and expandable

batons to all line officers as part of routine weapons issue.  Any OC canisters or expandable batons that are issued must be based on an officer's assignment to a particular post, and as determined by the security needs of a particular unit.

d.  OC canisters must have a wand attachment, and be weighed before and after each use in order to monitor and regulate the amount of chemical spray being used against inmates.  Defendants must promulgate clear guidelines regarding the amount of OC spray to be dispensed, the distance from which it should be dispensed, and required waiting periods between subsequent applications.

e.  Expandable batons must be restricted to defensive (rather than offensive) use, and limited to use in situations involving the safety of the officer or in which there is risk of death or serious bodily harm to staff or another inmate.

f.  Required enumeration of specific reasons for using a spit mask on a prisoner subsequent to the application of OC spray, and strict reporting and investigation any time a spit mask is so used.

g.  Provision of handheld cameras to every security station which is to be used whenever possible during "immediate" or emergency uses of force, and any subsequent uses of force.  Specific officers in each shift should be designated to be responsible for video recording uses of force occurring on the unit.

2.  <u>Revision of Use of Force Investigation Policies and Procedures</u>:

a.  Defendants shall expand mandatory investigations for use of force events to include the following categories:  those uses of force which result in 1) unexplained injuries; 2) impact strikes to lethal target areas (head, eyes, throat, spine or groin) regardless of the seriousness of the injury; 3) incomplete or conflicting reports;  4) application of non-lethal weaponry that exceeds what would normally be expected for the type of force reported; or 5) allegations by inmates of excessive use of force.

b.  Defendants shall also create a unit of trained and dedicated investigators, outside the institutional chain of command, to review uses of force.  This investigative unit report shall their findings, including whether uses of force were found to be unreasonable or excessive, and recommend disciplinary measures where appropriate, to CDCR headquarters and, for those uses of force involving *Coleman* class members, to the Special Master.

3.  <u>Modification of RVR Process to Include Mental Health Diversion</u>:  Defendants shall revise their policies and procedures to provide for the possibility of a mental health diversion or mitigation prior to the issuance of an RVR.

[834052-1]

[PROPOSED] ORDER GRANTING MOTION FOR ENFORCEMENT OF COURT ORDERS AND AFFIRMATIVE RELIEF RELATED TO USE OF FORCE AND DISCIPLINARY MEASURES

4. <u>Revision of RVR Policies and Procedures</u>:  Defendants shall, in coordination with the Special Master, revise and restructure their system for administering discipline to ensure meaningful mental health input and consideration.  These policy and procedure changes shall include:

   a.  Formal procedures to generate productive communication between custody and mental health staff.

   b.   Revision of forms to ensure meaningful mental health input and consideration.

   c.  A new protocol for the provision of a staff assistant to ensure that this is actually a meaningful and effective accommodation, including a prohibition of the assignment of a staff assistant who is in a direct reporting line to the hearing officer or who was involved in or who investigated the incident giving rise to the RVR.  The category of staff assistant should also be expanded to include mental health staff.

5. <u>Provision of Training</u>: Defendants must provide training for all custody staff regarding changes to policies and procedures concerning use of force and the RVR process outlined above, and education about mental illness generally, including identification of symptoms of mental illness, communication with persons in mental health crisis, and ways in which mental illness may affect inmates' behavior and ability to comply with rules and regulations.  Defendants must provide training for all custody and mental health staff on de-escalation methods for resolving situations without use of force.  Defendants must develop criteria for training and assigning custody staff to mental health treatment units in order to ensure that they have the appropriate capacity to supervise prisoners with serious mental illness.  Defendants must provide additional training and supervision of hearing officers.

6. <u>End the Use of Management Status</u>:  Defendants shall cease using any kind of informal, ad hoc, or local procedure of "Management Status" and shall comply with formal disciplinary procedures or devise appropriate process and regulations for use of "Management Status" as a disciplinary process, to be reviewed and approved by the Special Master.

[834052-1]

3

[PROPOSED] ORDER GRANTING MOTION FOR ENFORCEMENT OF COURT ORDERS AND AFFIRMATIVE RELIEF RELATED TO USE OF FORCE AND DISCIPLINARY MEASURES

7. <u>Monitoring by Special Master</u>:  The Special Master shall undertake a comprehensive review of use of force and discipline against MHSDS inmates.  The Special Master is authorized to hire, at his discretion, one or more experts on custodial use of force and discipline related to inmates with mental illness.  As part of his review, the Special Master shall investigate and make recommendations to the Court concerning Defendants' practice of referring inmates to classification for SHU consideration and to the District Attorney for potential criminal charges, even when the hearing officer has determined that mental illness contributed to or caused the offending behavior.

8. <u>Implementation of Meaningful Tracking and Quality Assurance Systems</u>: Defendants shall work with the Special Master to develop and implement meaningful tracking and quality assurance systems regarding use of force against MHSDS inmates and consideration of mental health in the disciplinary process

The Court finds that these orders are necessary to correct ongoing constitutional violations in the delivery of adequate mental health care to plaintiff class members and these orders extend no further than necessary to correct these violations.  In light of this Court's prior orders, Defendants' continued use of excessive and disproportionate force and inappropriate and disproportionate disciplinary measures against class members, the grave harm these practices inflict upon class members, and the need for further orders to enforce the remedy in this case, these orders are narrowly drawn and the least intrusive means to remedy the violations in this case.

DATED: _____ , 2013

_____
Lawrence K. Karlton
Senior Judge of the United States District Court

[PROPOSED] ORDER GRANTING MOTION FOR ENFORCEMENT OF COURT ORDERS AND AFFIRMATIVE RELIEF RELATED TO USE OF FORCE AND DISCIPLINARY MEASURES