1  KAMALA D. HARRIS
   Attorney General of the State of California
2  JONATHAN L. WOLFF
   Senior Assistant Attorney General
3  JAY C. RUSSELL
   Supervising Deputy Attorney General
4  DEBBIE VOROUS - 166884
   PATRICK McKINNEY - 215228
5  Deputy Attorneys General
   455 Golden Gate Avenue, Suite 11000
6  San Francisco, CA  94102-7004
   Telephone:  (415) 703-5500
7  Facsimile:  (415) 703-5843
   Email:   Patrick.McKinney@doj.ca.gov
8
   Attorneys for Defendants
9

   HANSON BRIDGETT LLP
   JERROLD C. SCHAEFER - 39374
   PAUL B. MELLO - 179755
   WALTER R. SCHNEIDER - 173113
   SAMANTHA D. WOLFF -  240280
   425 Market Street, 26th Floor
   San Francisco, California 94105
   Telephone:     (415) 777--3200
   Facsimile:     (415) 541-9366
   pmello@hansonbridgett.com

10                    **UNITED STATES DISTRICT COURT**

11              **EASTERN DISTRICT OF CALIFORNIA**

12        **AND THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 13  RALPH COLEMAN, et. al., | CASE NO. 2:90-cv-00520 LKK JFM P |
| 14         Plaintiffs, | |
| 15      v. | |
| 16  EDMUND G. BROWN, JR., et al., | |
| 17         Defendants. | |
| 18  MARCIANO PLATA, et al., | CASE NO. C01-1351 TEH |
| 19         Plaintiffs, | |
| 20      v. | |
| 21  EDMUND G. BROWN, JR., et al., | |
| 22         Defendants. | |
| 23 | |
| 24  JOHN ARMSTRONG, et al., | C94-2307 CW |
| 25         Plaintiffs, | **DECLARATION OF DIANA TOCHE, DDS., IN SUPPORT OF DEFENDANTS' REPLY TO THE RECEIVER'S 23rd TRI-ANNUAL REPORT** |
| 26      v. | |
| 27  EDMUND G. BROWN, JR., et al., | |
| 28         Defendants. | |

5189797.2

1    I, Diana Toche, DDS., declare as follows:

2    1.    I am the Acting Undersecretary of Administration and Offender Services for the

3    California Department of Corrections and Rehabilitation (CDCR). Previously, I served as the

4    Acting Director of the Division of Health Care Services for CDCR.  Some of my current duties as

5    Acting Undersecretary of Administration and Offender Services include oversight of the

6    following: Division of Correctional Health Care Services, Division of Enterprise Information

7    Services, Office of Labor Relations, Division of Facility Planning, Construction and management,

8    Division of Administrative services, Division of Internal Oversight and Research, Office of Court

9    Compliance, and Internal Affairs.  I am competent to testify to the matters set forth in this

10    declaration, and if called upon to do so, I would and could so testify.  I submit this declaration in

11    support of Defendants' Response to the Receiver's 23rd Tri-Annual Report to the Court.

**Access to Providers and Information**

13    2.    Upon reviewing the *Plata* court experts' reports regarding their inspections of

14    various CDCR institutions, I had sought to reach out to the Chief Executive Officers of those

15    inspected institutions to obtain information regarding certain alleged deficiencies identified by the

16    court experts.  In fact, the CEO at the Richard J. Donovan Correctional Facility contacted me to

17    inform me that the experts' reports contained inaccuracies and that she wished to submit

18    information to clarify and identify those inaccuracies.

19    3.    As a result, on April 9, 2013, CDCR's general counsel, Benjamin Rice, reached out

20    to the Receiver's attorney, Jared Goldman, to inform him that CDCR may solicit a review of the

21    experts' report and response from the CEOs at the inspected institutions.  In response, Mr.

22    Goldman informed Mr. Rice that no one at CDCR was authorized to speak with "employees

23    within the Receiver's chain of command" regarding *Plata* or the court experts' reports.  Attached

24    as Exhibit A is a true and correct copy of Mr. Goldman's email response to Mr. Rice's request.

25    4.    This response by the Receiver's counsel was disappointing because based on

26    unsolicited information I have received from the CEO at Richard J. Donovan and other facilities, I

27    believe that the doctors and chief medical executives who work in the prisons would disagree with

28    certain aspects of the experts' reports.  I believe that the medical executives under the Receiver

2

1  would conclude that the care delivered in the State's prisons is not only adequate but compares

2  favorably with medical care available in the community.

3      5.      Notwithstanding the fact that I believe the care being provided in the State's

4  prisons exceeds constitutional minima, Defendants continue to work collaboratively with the

5  Receiver and the Legislature to improve and sustain the quality of care being provided.  The areas

6  in which there have been disagreements are relatively few.

7              **Richard J. Donovan Correctional Facility Mission Change**

8      6.      The Richard J. Donovan Correctional Facility underwent a significant mission

9  change in August 2012 when it ceased to be a reception center and converted those beds into a

10  Level III Sensitive Needs Yard.  It is CDCR's standard practice to monitor any drastic changes,

11  such as a mission change, and provide support to the extent that any changes would impact aspects

12  of the system under CDCR's control.   The Receiver's internal dashboard showed poor

13  performance at Richard J. Donovan, but there is no indication that the Receiver took action to

14  address significant impacts to medical care.

15                              **Valley Fever**

16      7.      It is disappointing that the Receiver's 23rd Report omits from its discussion of

17  Valley Fever any acknowledgement that the Receiver can and should take immediate steps to

18  reduce unnecessary morbidity and mortality by training medical providers in the cocci-endemic

19  region.  Timely diagnosis of cocci-related illness, appropriate treatment, and training of medical

20  staff are all within the exclusive control of the Receiver.  It is therefore troubling that the Receiver

21  fails to account for any role the medical providers play in the alleged preventable deaths that result

22  from Valley Fever.  At a minimum, the Receiver should identify and address training as a means

23  of mitigating the impact of Valley Fever.

24                              **Staffing**

25      8.      The Receiver has implemented a new staffing model that has been rolled out to all

26  of the institutions.  It is my understanding, based on meetings with the Receiver's staff that they

27  are evaluating the impact of the new staffing model and will report on the model later this year.

28                         **Delegations of Authority**

3

Decl. Toche Supp. Defs.' Resp. to Receiver's 23rd Report
Case No. C01-1351 TEH

9.      The Receiver has mischaracterized the exchange of draft delegations of authority back to the State, implying CDCR has been dilatory in its response.  This is not true.  Ten draft delegations of authority have been drafted by the Receiver from January 14, 2013 to March 26, 2013 and provided to the State.  The parties have been working together amicably exchanging information on an agreed-upon schedule.

10.     With respect to CDCR's assumption of control over the Health Care Access Units, the Report is misleading in that it states that only "one corrective action plan has been received [by the Receiver] out of the 17 institutions (November through February) that were required to complete them."  (Report at 46.)  This statement is technically accurate but misleading because I was not informed until mid-May that the information reported in the monthly Access Quality Reports (which include the same elements required in a corrective action plan) was insufficient. The delegation pertaining to Health Care Access Units did not contain an instruction for submitting Access Quality Reports corrective action plans, and CDCR was therefore unaware of this obligation.  Once I was notified in mid-May that the Access Quality Reports were insufficient to meet the Receiver's requirement, direction was promptly issued to each institution to implement a process to ensure the completion of a corrective action plan when necessary.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed in Sacramento, California on June 14, 2013.


_____/s/_____
DIANA TOCHE, DDS.
*Original signature retained by Attorney*

4