# EXHIBIT A

1

2

3

4

5

6

7              IN THE UNITED STATES DISTRICT COURT

8          FOR THE EASTERN DISTRICT OF CALIFORNIA

9    RALPH COLEMAN,

10            Plaintiff,                    No. CIV S-90-0520 LKK JFM P

11       vs.

12   ARNOLD SCHWARZENEGGER, et al.,

13            Defendant.                    MODIFIED PROTECTIVE ORDER

14   _____/

15        In accordance with the order filed concurrently herewith and good cause appearing, IT IS

16   ORDERED THAT the protective order entered in this case on July 29, 1992 (the "Protective

17   Order") is hereby modified in the following manner:

18            IT IS ORDERED THAT the following provisions shall apply to all State of

19   California Department of Health Services' ("DHS") records which identify any patient or inmate

20   and which are obtained in this action by counsel for plaintiffs:

21            1. This order covers all documents and information obtained in this action by

22   plaintiffs' counsel which identifies a patient or inmate other than the named plaintiffs in this

23   action.

24            2. All such documents and information obtained in this action by plaintiffs'

25   counsel shall be regarded as confidential and subject to this Protective Order. Such material is

26   hereinafter referred to as "confidential material."

1      3. The confidential material may be disclosed only to the following persons:

2          a. Counsel of record for plaintiffs in this action;

3          b. Paralegal, stenographic, clerical and secretarial

4      personnel employed by counsel of record for plaintiffs;

5          c. Court personnel and stenographic reporters engaged in

6      such proceedings that are incidental to preparation for the trial in

7      this action;

8          d. Any outside expert or consultant retained by plaintiffs'

9      counsel for purposes of this action;

10          e. Witnesses to whom the confidential material may be

11      disclosed during a deposition taken in this matter or otherwise

12      during the preparation for trial and trial, provided that the witness

13      may not leave the deposition with copies of any of the confidential

14      material, and shall be informed of and agree to be bound by the

15      terms of this order;

16          f. Individuals as described in subparts (a) through (e),

17      above, in Davey v. Gomez, et al. (No. 2:94-cv-00151

18      WBS-JFM-P), in the United States District Court for the Eastern

19      District of California, who agree to be bound by the terms of this

20      Order;

21          g. Individuals as described in subparts (a) through (e),

22      above, in Clark, et al. v. California et al. (C96-146 FMS), and in

23      Armstrong, et al. v. Schwarzenegger, et al. (C94-2307 CW),

24      currently pending in the United States District Court for the

25      Northern District of California, who agree to be bound by the terms

26      of this Order; and

2

1          h. Individuals as described in subparts (a) through (e),

2    above, in Hecker, et al. v. Schwarzenegger, et al. (No.

3    2:05-cv-02441 LKK-JFM), currently pending in the United States

4    District Court for the Eastern District of California, who agree to

5    be bound by the terms of this Order.

6          4. Each person to whom disclosure of confidential material is made shall, prior to

7    the time of disclosure, be provided by the person furnishing such confidential material a copy of

8    this Order, and shall agree on the record or in writing that they have read this Protective Order

9    and understand and agree to be bound by its provisions. Such persons must also consent to be

10    subject to the jurisdiction of the United States District Court for the Eastern District of California

11    with respect to any proceeding relating to enforcement of this Order, including, without

12    limitation, any proceeding for contempt. Unless such agreement is made on the record, such as in

13    court or during a deposition, the person making the disclosure shall retain the original of an

14    executed written agreement until termination of this litigation, or until otherwise ordered by the

15    Court. A copy of each such agreement will be furnished to defendants' counsel upon order of the

16    Court.

17          5. At the conclusion of the trial and any appeal, or upon other termination of this

18    litigation, all confidential material obtained by counsel for plaintiffs, and all copies of such

19    material, in possession of counsel for plaintiffs shall be returned to counsel for the defendants.

20          6. All confidential material obtained by counsel for plaintiffs shall be used solely

21    in connection with this litigation or in connection with the following cases:

22          a. Clark, et al. v. California et al. (C96-146 FMS) or Armstrong, et al. v.

23    Schwarzenegger, et al. (C94-2307CW), currently pending in the United States

24    District Court for the Northern District of California;

25          b. Davey v. Gomez, et al. (No. 2:94-cv-00151 WBS-JFM-P), or Hecker,

26    et al. v. Schwarzenegger, et al. (No. 2:05-cv-02441 LKK-JFM), currently pending

1    in the United States District Court for the Eastern District of California; or for

2    related appellate proceedings and not for any other purpose, including any other

3    litigation.

4    7. Any documents filed with the Court that reveal confidential material shall be

5    filed under seal, labeled with cover sheet bearing the case name and number and the statement:

6    "This document is subject to a protective order issued by the Court and shall not be copied or

7    examined except in compliance with that order." Documents so labeled shall be kept by the

8    Clerk of this Court under seal and shall be made available only to the Court or counsel. Upon

9    failure of the filing party to so file a document under seal, any party may request that the Court

10    place the filing under seal.

11    8. Nothing in this Order shall preclude a party from showing or disclosing to any

12    person not listed in paragraph 3 of this Order, deposition transcripts, pleadings or briefs

13    containing confidential material if the document containing such material has been masked or

14    deleted so that no disclosure of confidential material occurs.

15    9. With the exception of documents contained in the confidential portions of

16    patients' or inmates' central files, all documents produced under this Protective Order may be

17    reviewed in a complete and unredacted form. The location of the file review shall be determined

18    on a case-by-case basis. After such review, plaintiffs' attorneys may request copies of those

19    documents they find relevant to their conduct of this litigation.

20    10. DHS may review the documents in the confidential portions of patients' or

21    inmates' central files, and may review the other confidential material produced for initial review

22    in complete and unredacted form, for the purpose of determining if there is any information

23    which DHS contends should not further be disclosed because to do so would endanger the safety

24    and security of an institution, or of any persons, including present or former patients, inmates or

25    staff. If DHS determines that there are any documents containing such information, DHS may

26    redact such information prior to providing copies to plaintiffs' attorneys of the remaining portions

1    of the documents and shall properly notify plaintiffs' attorneys of the nature of the redacted

2    information. If, in the judgment of plaintiffs' attorneys, such information as has been redacted is

3    necessary for the conduct of this litigation, such documents will be expeditiously presented to the

4    Court for in camera review to determine whether and to what extent they must be produced.

5    Insofar as the court determines that any such information is subject to exclusion from production,

6    the attorneys for plaintiffs and their legal assistants and consultants shall not disclose the

7    information to any person for any purpose.

8         11.  Attorneys for plaintiffs and their legal assistants and consultants shall not

9    make copies of the confidential material obtained by them except as necessary for purposes of

10   this litigation. Counsel for plaintiffs will maintain control over all copies obtained by them. All

11   confidential material obtained by counsel for plaintiffs shall be kept in locked file cabinets. Only

12   attorneys for plaintiffs and their legal assistants shall have access to these file cabinets or to the

13   keys to these file cabinets. Counsel for plaintiffs shall maintain a record of all persons to whom

14   they have afforded access to confidential material. Upon order of the Court, DHS may inspect

15   the record.

16        12.  Each person who has been afforded access to confidential material shall not

17   disclose or discuss the confidential material, including the identification, the location, or mental

18   health status of a patient or inmate, to or with any person except as is necessary to this case, and

19   then only in accordance with paragraphs 3 and 4 of this Order.

20        13.  Confidential material respecting one patient or inmate shall not be disclosed

21   to or discussed with any other patient or inmate or former patient or inmate.

22        14.  Plaintiffs' counsel shall consult with a mental health professional to determine

23   the necessity of having a mental health professional present at a file review conducted in the

24   presence of a patient.

25   /////

26   /////

5

1    15. If a patient, or a class member, or other inmate or parolee, objects in writing

2  to the disclosure of his or her confidential material, such material may not thereafter be disclosed

3  unless the patient, inmate or parolee withdraws his or her objection, or the Court so orders.

4    16. The foregoing provisions of this Order, with the exception of paragraph 7, do

5  not apply to DHS, its employees or representatives, or its consultants. Nothing in this Protective

6  Order is intended to prevent officials or employees of the State of California or other authorized

7  government officials from having access to confidential material to which they would have

8  access in the normal course of their official duties.

9    17. The provisions of this Protective Order are without prejudice to the right of

10  any party: (a) to apply to the Court for a further protective order relating to any confidential

11  material or relating to discovery in this litigation; (b) to apply to the Court for an order removing

12  the confidential material designation from any documents; (c) to object to a discovery request;

13  (d) to apply to the Court for an order compelling production of documents or modification of this

14  Order or for any order permitting disclosure of confidential material beyond the terms of this

15  Order.

16    18. The provisions of this order shall remain in full force and effect until further

17  order of this Court.

18    IT IS SO ORDERED.

19  DATED: January 11, 2007.

20

21

22                    UNITED STATES MAGISTRATE JUDGE

23  /coleman.modpo2

24

25

26

6