
KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
JAY C. RUSSELL, State Bar No. 122626
Supervising Deputy Attorney General
DEBBIE J. VOROUS, State Bar No. 166884
PATRICK R. MCKINNEY, State Bar No. 215228
WILLIAM DOWNER, State Bar No. 257644
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 324-5345
 Fax: (916) 324-5205
 E-mail: Debbie.Vorous@doj.ca.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EDMUND G. BROWN JR., et al., <br><br> Defendants. | 2:90-cv-00520 LKK JFM PC <br><br> **DEFENDANTS' MOTION IN LIMINE TO BAR EXPERT TESTIMONY BY JEANNE WOODFORD** <br><br> Date: June 19, 2013 <br> Time: 10:15 a.m. <br> Courtroom: 4 <br> Judge: The Honorable Lawrence K. Karlton |

**NOTICE OF MOTION AND MOTION**

TO PLAINTIFF RALPH COLEMAN AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that Defendants Edmund G. Brown Jr., et al., move this Court for an in limine order barring Jeanne Woodford from testifying as an expert witness about Salinas Valley Psychiatric Program's patient orientation process. This motion is based on this notice, the

1

points and authorities, the Court's file in this case, the declarations and exhibits filed in support of Defendants' motion, and any further argument presented to the Court regarding this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

At the hearing on Plaintiffs' motion for affirmative relief related to inpatient care, Plaintiffs may seek to elicit testimony from Jeanne Woodford regarding Salinas Valley Psychiatric Program's patient orientation program. The Court should bar such expert testimony because Plaintiffs failed to provide Defendants with a written report regarding Ms. Woodford's expert opinions about the Salinas Valley Psychiatric Program orientation process.

### II. ARGUMENT

Federal Rules of Civil Procedure 26(a)(2)(A) & (B) require parties to disclose expert witnesses and accompany such disclosures with "a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case . . .." Because Plaintiffs have retained Ms. Woodford to provide expert testimony at this hearing, they were required to provide a written report that includes (1) a complete statement of her opinions and the basis for those opinions before the hearing, (2) the facts or data she considered in forming them, (3) exhibits used to summarize or support her opinions, (4) a statement of her qualifications. Fed. R. Evid. 26(a)(2)(B)(i-iv).

Plaintiffs provided none of these things in connection with Ms. Woodford's opinions regarding the Salinas Valley Psychiatric Program orientation process. Plaintiffs' failure to produce such a report harms Defendants because without such disclosures, counsel's ability to adequately confront and cross-examine Ms. Woodford's opinions is materially impaired. Specifically, the lack of a report prevents counsel from preparing an adequate cross-examination or inquiry into: (1) the foundation of her opinions; (2) qualifications supporting her expert designation; (3) the facts or data she used to form her opinions; or (4) the exhibits she plans to use in support of her testimony. Indeed, if Defendants had the opportunity to review these materials, it is likely that they would be able to establish that Ms. Woodford has no expertise concerning the patient orientation program, and that her testimony should be barred. For these reasons, the Court

2

Defs. Mt. In Limine to Bar Expert Testimony by J. Woodford
(2:90-cv-00520 LKK JFM PC)

should prohibit Plaintiffs from eliciting expert testimony from Ms. Woodford regarding Salinas Valley Psychiatric Program orientation process.

## CONCLUSION

Plaintiffs failed to file a written report in connection with Ms. Woodford's expert testimony regarding the Salinas Valley Psychiatric Program orientation process, as required under Federal Rule of Civil Procedure 26. Because no report has been produced, Defendants' ability to scrutinize and test her opinions in court has been compromised. For these reasons, the Court should exclude Ms. Wooford's testimony regarding the Salinas Valley Psychiatric Program patient orientation process.

Dated: June 19, 2013

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
JAY C. RUSSELL
Supervising Deputy Attorney General

*/s/ Debbie J. Vorous*

DEBBIE J. VOROUS
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003

3

Defs. Mt. In Limine to Bar Expert Testimony by J. Woodford
(2:90-cv-00520 LKK JFM PC)