| | |
|---|---|
| 1 | KAMALA D. HARRIS |
| | Attorney General of California |
| 2 | JONATHAN L. WOLFF |
| | Senior Assistant Attorney General |
| 3 | JAY C. RUSSELL |
| | Supervising Deputy Attorney General |
| 4 | DEBBIE VOROUS, State Bar No. 166884 |
| | PATRICK R. MCKINNEY, State Bar No. 215228 |
| 5 | MANEESH SHARMA, State Bar No. 280084 |
| | Deputy Attorneys General |
| 6 | 455 Golden Gate Avenue, Suite 11000 |
| | San Francisco, CA  94102-7004 |
| 7 | Telephone:  (415) 703-5553 |
| | Fax:  (415) 703-1234 |
| 8 | E-mail:  patrick.mckinney@doj.ca.gov |

1   KAMALA D. HARRIS
    Attorney General of California
2   JONATHAN L. WOLFF
    Senior Assistant Attorney General
3   JAY C. RUSSELL
    Supervising Deputy Attorney General
4   DEBBIE VOROUS, State Bar No. 166884
    PATRICK R. MCKINNEY, State Bar No. 215228
5   MANEESH SHARMA, State Bar No. 280084
    Deputy Attorneys General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
7    Telephone:  (415) 703-5553
     Fax:  (415) 703-1234
8    E-mail:  patrick.mckinney@doj.ca.gov

    Hanson Bridgett LLP
    JERROLD C. SCHAEFER, State Bar No. 39374
    PAUL B. MELLO, State Bar No. 179755
    WALTER R. SCHNEIDER, State Bar No. 173113
    SAMANTHA D. WOLFF, State Bar No. 240280
     425 Market Street, 26th Floor
     San Francisco, California 94105
     Telephone:   (415) 777-3200
     Fax:  (415) 541-9366
     E-mail: pmello@hansonbridgett.com

Attorneys for Defendants

9

10              IN THE UNITED STATES DISTRICT COURTS

11            FOR THE EASTERN DISTRICT OF CALIFORNIA

12          AND THE NORTHERN DISTRICT OF CALIFORNIA

13     UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

14         PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | | |
|---|---|---|
| 15 | **RALPH COLEMAN, et al.,** | 2:90-cv-00520 LKK JFM P |
| 16 | | |
| 17 | Plaintiffs, | **THREE-JUDGE COURT** |
| 18 | v. | |
| 19 | **EDMUND G. BROWN JR., et al.,** | |
| 20 | Defendants. | |
| 21 | | |
| 22 | **MARCIANO PLATA, et al.,** | C01-1351 TEH |
| 23 | Plaintiffs, | **THREE-JUDGE COURT** |
| 24 | v. | |
| 25 | **EDMUND G. BROWN JR., et al.,** | **DEFENDANTS' STATUS REPORT IN RESPONSE TO JUNE 30, 2011, APRIL 11, 2013, AND JUNE 20, 2013 ORDERS** |
| 26 | Defendants. | |

27

28

1   The State submits this status report on the state prison population as required by the

2   Court's June 30, 2011, April 11, 2013, and June 20, 2013 orders.  Exhibit A sets forth the current

3   design bed capacity, population, and population as a percentage of design bed capacity for each

4   state prison and for all state prisons combined.[1]  Exhibit A shows that as of June 26, 2013,

5   118,989 inmates were housed in the State's 33 adult institutions, which amounts to 149.2% of

6   design bed capacity.[2]  Defendants have successfully reduced the population in the State's 33

7   institutions by 25,119 inmates since October 2011 when the State implemented public safety

8   realignment under Assembly Bill 109, and by 43,072 inmates since November 2006 when

9   Plaintiffs moved to convene this Court.  (*See* Defs.' Oct. 14, 2011 report, ECF 2407-1/4099-1 &

10  Decl. J. Beard Supp. Defs' Mot. Vacate or Modify Pop. Reduction Order ¶ 3, ECF 2544/4346.)

11  **COURT-ORDERED AMENDED POPULATION REDUCTION PLAN**

12  In its June 20, 2013 Order Requiring Defendants to Implement Amended Plan, the Court

13  ordered Defendants to "submit reports every two weeks that include all the information that we

14  have previously ordered given in the monthly reports as well as the specific steps defendants have

15  taken toward implementing each measure in the Amended Plan, and the status of the development

16  of the Low-Risk List."  (ECF 2659/4662 at 49.)

17  **I.   MEASURES IN THE COURT'S AMENDED PLAN.**

18  **A.  New Construction.**

19  On June 25, 2013, CDCR dedicated the California Health Care Facility in Stockton.

20  (Decl. Jeffrey Beard Supp. Status Report ¶ 2.)  Defendants will admit patients to the facility

21  beginning July 22, 2013.  (*Id.*)  Defendants also continue to follow the activation schedule for the

22  California Health Care Facility and the DeWitt Nelson Correctional Annex submitted to the Court

23  as Exhibit 2 to the May 2, 2013 Declaration of Secretary Beard.  (ECF 2603-2/4566-2.)

---

24  [1] Although Exhibit A reports design capacity and actual population in the aggregate and
    by institution, Defendants note that the Supreme Court recognized that the Court's order affords

25  "the State flexibility to accommodate differences between institutions" and there is "no
    requirement that every facility comply with the 137.5% limit."  *Brown v. Plata*, 563 U.S. ___,

26  131 S. Ct 1910, 1940-41 (2011).

27  [2] The data in Exhibit A is taken from CDCR's June 24, 2013 weekly population report,
    available on CDCR's Web site at http://www.cdcr.ca.gov/Reports_ Research/Offender_

28  Information_ Services_Branch/Population_ Reports.html.

1

Defendants' July 3, 2013 Status Report in Response to June 30, 2011, April 11, 2013, & June 20, 2013 Orders
Case Nos. 2:90-cv-00520 LKK JFM P & C01-1351 TEH

**B.   Expand Fire Camp Capacity.**

This measure has been accomplished.  The budget for fiscal year 2013-14 includes an increase of $15.4 million to fund the participation of 3,800 state prison inmates in fire camps. (*See* http://www.ebudget.ca.gov/ 2013-14/pdf/Revised/BudgetSummary/ CorrectionsandRehabilitation.pdf.)  The Blueprint contemplated reducing fire camp capacity to 2,500 inmates by June 27, 2013 but, due to the budget increase and CDCR's efforts to screen and evaluate additional inmates for fire camp eligibility, CDCR currently houses 3,919 inmates in fire camps.  (Beard Decl. ¶ 3.)  CDCR will continue to house at least 3,800 inmates in fire camps consistent with the Court's Amended Plan.  (*Id.*)

**C.   Change State Law to Increase Prison Credits.**

Defendants submitted draft statutory language to the Legislature for the measures in the court-ordered plan that Defendants lacked authority to enact, including a number of proposed amendments that would increase prison credits.  (Beard Decl. ¶ 4, Ex. 1.)  On June 20, 2013, the Court directed Defendants to implement credits retroactively, but permitted Defendants to make any or all of three substitutions: (1) "revise the expanded good time credit program such that it does not result in the release of violent offenders, so long as the revision results in the release of at least the same number of prisoners as would the expanded good time program"; (2) "substitute for any group of prisoners who are eligible for release under the Amended Plan a different group consisting of no less than the same number of prisoners pursuant to the Low-Risk List", and (3) "with this Court's approval, substitute any group of prisoners from the [court-ordered population-reduction list] for any groups contained in a measure listed in the Amended Plan, should defendants conclude by objective standards that they are no greater risk than the prisoners for whom they are to be substituted."  (ECF 2659/4662 at 49-50.)  Defendants are assessing the Court's order to implement credits retroactively, as well as potential alternative measures to achieve the same level of reductions.  (Beard Decl. ¶ 5.)

2

Defendants' July 3, 2013 Status Report in Response to June 30, 2011, April 11, 2013, & June 20, 2013 Orders
Case Nos. 2:90-cv-00520 LKK JFM P & C01-1351 TEH

**D.   Change State Law to Expand Criteria for Medical Parole.**

On June 21, 2013, Defendants submitted draft legislative language to the Legislature to amend section 3550 of the Penal Code to expand criteria for medical parole.  (Beard Decl. ¶ 4, Ex. 1 at 12-14.)  Following the Court's June 20th Order, waiving all state and local laws and regulations that prevented Defendants from implementing the Court's Amended Plan, Defendants have worked with the Receiver to obtain a list of potentially eligible candidates for medical parole under the expanded criteria.  (*Id.* at ¶ 6.)  Defendants are working with the Receiver's Office and the Board of Parole Hearings to develop a schedule and process for implementing this measure for eligible inmates.  (*Id.*)

**E.   Change State Law to Modify Parole for Low-Risk Elderly Inmates.**

On June 21, 2013, Defendants submitted draft legislative language to the Legislature that would establish a parole process for low-risk elderly inmates.  (Beard Decl. ¶ 4, Ex. 1 at 14-15.)  Following the Court's June 20th Order, Defendants are working to identify potentially eligible candidates for elderly parole.  (*Id.* at ¶ 6.)  Defendants are also working with the Board of Parole Hearings to develop a process for implementing this measure.  (*Id.*)

**F.   Obtain an Appropriation from the Legislature to Slow the Rate of Returning Inmates to California as Called for in the Blueprint.**

On June 20, 2013, Defendants requested that the Legislature appropriate from the General Fund up to $150 million for the 2013-14 fiscal year, and up to $300 million for the 2014-15 fiscal year to implement this measure.  (Beard Decl. ¶ 4, Ex. 1 at 29.)  Defendants housed 8,961 inmates in other states as of June 26, 2013, and endorsed and sent inmates for participation in the out-of-state program prior to June 30, 2013.  (*Id.* at ¶ 7.)  Defendants continue to implement this measure and, as with other measures, are assessing the need for waivers of additional state laws.  (*Id.*)

**G.   Obtain a Legislative Appropriation of Funds to Contract with Counties with Available Jail Capacity.**

The Court did not credit Defendants with any population reduction resulting from this measure based on the understanding that it would not achieve any specific population reduction by December 31, 2013.  (ECF 2659/4662 at 29.)  In the court-ordered plan, Defendants estimated

3

1   "that the prison population could be reduced by approximately 1,600 inmates by December 31,

2   2013" by increasing use of contacted jail capacity.  (ECF 2609/4572 at 6 & 33.)  On June 21,

3   2013, Defendants submitted draft legislative language to the Legislature to amend section 2910 of

4   the Penal Code to contact for up to 1,600 jail beds from counties with available capacity.  (Beard

5   Decl. ¶ 4, Ex. 1 at 29-30.)  Defendants are continuing to pursue the viability of this option.  (*Id.* at

6   ¶ 8.)

7           **H.  Court-Ordered Waiver of Additional State Laws**

8           Defendants are currently assessing which additional state laws will need to be waived to

9   accomplish the measures in the court-ordered amended plan.  In accordance with the Court's June

10  20th Order, Defendants will submit these additional laws to the Court on or before July 10th.  (*See*

11  June 20, 2013 Order, ECF 2659/4662 at 44.)

12  **II.    DEVELOPMENT OF LOW RISK LIST**

13          As required by the Court's April 11 and June 20, 2013 orders, Defendants are continuing

14  "to develop a system to identify prisoners who are unlikely to reoffend or who might otherwise be

15  candidates for early release."  (June 20, 2013 Order, ECF 2659/4662 at 41; Beard Decl. ¶ 9.)

16  Dated:  July 3, 2013                              HANSON BRIDGETT LLP

17                                                    By: */s/ Paul B. Mello*
18                                                        PAUL B. MELLO
                                                          *Attorneys for Defendants*

19  Dated:  July 3, 2013                              KAMALA D. HARRIS
                                                      Attorney General of California
20
                                                      By: */s/ Patrick R. McKinney*
21                                                        PATRICK R. MCKINNEY
                                                          Deputy Attorney General
22                                                        *Attorneys for Defendants*

23  SF2007200670
    20707624.docx

24

25

26

27

28

                                          4