# Exhibit 1

OFFICE OF THE SECRETARY
P.O. Box 942883
Sacramento, CA 94283-0001



June 21, 2013


The Honorable Darrell Steinberg          The Honorable John A. Pérez
President Pro Tempore                     Speaker of the Assembly
State Capitol Building                    State Capitol Building
Sacramento, CA 95814                      Sacramento, CA 95814

Re: Court Order to Further Reduce the Prison Population

Dear President Pro Tempore Steinberg and Speaker Pérez:

In April, the federal court in California's prison population case ordered the defendants, including myself, to submit a plan to further reduce the prison population by approximately 9,000 inmates by the end of the year. In May, defendants complied with the court's directive by submitting a plan, which included several population-reduction measures that would require legislative approval to implement. These measures would increase prison credits, expand medical parole, establish a new parole process for elderly inmates, and grant funding to lease additional prison capacity. The measures are described in greater detail in the court-ordered submission, which I am enclosing for your review.

Defendants advised the court that we would draft language for the legislative measures in the court-ordered plan, and would submit that language to the Legislature for its consideration. I am now enclosing this draft language for the Legislature's consideration.

Sincerely,

JEFFREY A. BEARD, Ph.D.
Secretary

Enclosure

## Legislative Language to Implement Measures in
## Court-Ordered Prison Population-Reduction Plan
## June 2013

## I.    ALLOW MINIMUM CUSTODY INMATES TO EARN 2-FOR-1 CREDIT.

Amendment #1

Amend Penal Code section 2933.3 to read:

2933.3(a) Notwithstanding any other law, any inmate assigned to a conservation camp by the Department of Corrections and Rehabilitation, who is eligible to earn one day of credit for every one day of incarceration pursuant to Section 2933 shall instead earn two days of credit for every one day of service. The enhanced credit authorized pursuant to this subdivision shall only apply to those prisoners eligible after January 1, 2003.

(b) Notwithstanding any other law, any inmate who has completed training for assignment to a conservation camp or to a correctional institution as an inmate firefighter or who is assigned to a correctional institution as an inmate firefighter and who is eligible to earn one day of credit for every one day of incarceration pursuant to Section 2933 shall instead earn two days of credit for every one day served in that assignment or after completing that training.

(c) In addition to credits granted pursuant to subdivision (a) or (b), inmates who have successfully completed training for firefighter assignments shall receive a credit reduction from his or her term of confinement pursuant to regulations adopted by the secretary.

(d) The credits authorized in subdivisions (b) and (c) shall only apply to inmates who are eligible after July 1, 2009.

(e) Notwithstanding any other provision of law, any inmate assigned to a minimum custody facility by the Department of Corrections and Rehabilitation who is eligible to earn one day of credit for every one day of incarceration pursuant to Section 2933, other than an inmate currently serving time for a serious felony, shall instead earn two days of credit for every one day of service. The enhanced credit authorized pursuant to this subdivision shall not apply retroactively. Parolees released under this subdivision shall, for the period of time during which the parolee would have remained in custody under the credit system in place prior to the enactment of this subdivision, be supervised by state parole and if parole is revoked during this period, shall serve any custody imposed in state prison. At the conclusion of this period of time, any remaining period of supervision shall be transferred to the county if required under section 3451. If supervision is revoked after the conclusion of this period, any custody imposed shall be served in county jail.

## II.   CHANGE CREDIT-EARNING LIMIT FOR NON-VIOLENT SECOND-STRIKE OFFENDERS FROM 20% TO 34%; AND
## III.  ALLOW NON-VIOLENT SECOND-STRIKE OFFENDERS TO EARN MILESTONE COMPLETION CREDITS

Amendment #2

Amend Penal Code section 667 to read:

667(a)(1)  In compliance with subdivision (b) of Section 1385, any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively.

(2)  This subdivision shall not be applied when the punishment imposed under other provisions of law would result in a longer term of imprisonment. There is no requirement of prior incarceration or commitment for this subdivision to apply.

(3)  The Legislature may increase the length of the enhancement of sentence provided in this subdivision by a statute passed by majority vote of each house thereof.

(4)  As used in this subdivision, "serious felony" means a serious felony listed in subdivision (c) of Section 1192.7.

(5) This subdivision shall not apply to a person convicted of selling, furnishing, administering, or giving, or offering to sell, furnish, administer, or give to a minor any methamphetamine-related drug or any precursors of methamphetamine unless the prior conviction was for a serious felony described in subparagraph (24) of subdivision (c) of Section 1192.7.

(b) It is the intent of the Legislature in enacting subdivisions (b) to (i), inclusive, to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of one or more serious and/or violent felony offenses.

(c) Notwithstanding any other law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior serious and/or violent felony convictions as defined in subdivision (d), the court shall adhere to each of the following:

(1) There shall not be an aggregate term limitation for purposes of consecutive sentencing for any subsequent felony conviction.

(2) Probation for the current offense shall not be granted, nor shall execution or imposition of the sentence be suspended for any prior offense.

(3) The length of time between the prior serious and/or violent felony conviction and the current felony conviction shall not affect the imposition of sentence.

(4) There shall not be a commitment to any other facility other than the state prison. Diversion shall not be granted nor shall the defendant be eligible for commitment to the California Rehabilitation Center as provided in Article 2 (commencing with Section 3050) of Chapter 1 of Division 3 of the Welfare and Institutions Code.

(5) Except as provided in paragraph (6), The the total amount of credits awarded pursuant to Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 shall not exceed one-fifth of the total term of imprisonment imposed and shall not accrue until the defendant is physically placed in the state prison.

(6) Notwithstanding paragraph (5) or any other provision of law, the total amount of credits awarded pursuant to Article 2.5 (commending with Section 2930) of Chapter 7 of Title 1 of Part 3 to an inmate sentenced pursuant to paragraph (1) of subdivision (e) for a non-violent felony may total, but shall not exceed 34 percent of the total term of imprisonment imposed and shall not accrue until the defendant is physically placed in state prison. The enhanced credit authorized pursuant to this subdivision shall not apply retroactively. Any inmate whose credit is calculated pursuant to this paragraph shall, for the period of time during which the inmate would have remained in custody under the credit system in place prior to the enactment of this subdivision, be supervised by state parole and if parole is revoked during this period, shall serve any custody time imposed in state prison. At the conclusion of this period of time, any remaining period of supervision shall be transferred to the county if required under section 3451. If supervision is revoked after the conclusion of this period, any custody imposed shall be served in county jail.

(7) If there is a current conviction for more than one felony count not committed on the same occasion, and not arising from the same set of operative facts, the court shall sentence the defendant consecutively on each count pursuant to subdivision (e).

(7) (8) If there is a current conviction for more than one serious or violent felony as described in paragraph (6), the court shall impose the sentence for each conviction consecutive to the sentence for any other conviction for which the defendant may be consecutively sentenced in the manner prescribed by law.

(8)(9) Any sentence imposed pursuant to subdivision (e) will be imposed consecutive to any other sentence which the defendant is already serving, unless otherwise provided by law.

(d) Notwithstanding any other law and for the purposes of subdivisions (b) to (i), inclusive, a prior conviction of a serious and/or violent felony shall be defined as:

(1) Any offense defined in subdivision (c) of Section 667.5 as a violent felony or any offense defined in subdivision (c) of Section 1192.7 as a serious felony in this state. The determination of whether a prior conviction is a prior felony conviction for purposes of subdivisions (b) to (i), inclusive, shall be made upon the date of that prior conviction and is not affected by the sentence imposed unless the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor. None of the following dispositions shall affect the determination that a prior conviction is a prior felony for purposes of subdivisions (b) to (i), inclusive:

(A) The suspension of imposition of judgment or sentence.

(B) The stay of execution of sentence.

3

(C) The commitment to the State Department of Health Services as a mentally disordered sex offender following a conviction of a felony.

(D) The commitment to the California Rehabilitation Center or any other facility whose function is rehabilitative diversion from the state prison.

(2) A prior conviction in another jurisdiction for an offense that, if committed in California, is punishable by imprisonment in the state prison shall constitute a prior conviction of a particular serious and/or violent felony if the prior conviction in the other jurisdiction is for an offense that includes all of the elements of a particular violent felony as defined in subdivision (c) of Section 667.5 or serious felony as defined in subdivision (c) of Section 1192.7.

(3) A prior juvenile adjudication shall constitute a prior serious and/or violent felony conviction for purposes of sentence enhancement if:

(A) The juvenile was 16 years of age or older at the time he or she committed the prior offense.

(B) The prior offense is listed in subdivision (b) of Section 707 of the Welfare and Institutions Code or described in paragraph (1) or (2) as a serious and/or violent felony.

(C) The juvenile was found to be a fit and proper subject to be dealt with under the juvenile court law.

(D) The juvenile was adjudged a ward of the juvenile court within the meaning of Section 602 of the Welfare and Institutions Code because the person committed an offense listed in subdivision (b) of Section 707 of the Welfare and Institutions Code.

(e) For purposes of subdivisions (b) to (i), inclusive, and in addition to any other enhancement or punishment provisions which may apply, the following shall apply where a defendant has one or more prior serious and/or violent felony convictions:

(1) If a defendant has one prior serious and/or violent felony conviction as defined in subdivision (d) that has been pled and proved, the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction.

(2) (A) Except as provided in subparagraph (C), if a defendant has two or more prior serious and/or violent felony convictions as defined in subdivision (d) that have been pled and proved, the term for the current felony conviction shall be an indeterminate term of life imprisonment with a minimum term of the indeterminate sentence calculated as the greatest of:

(i) Three times the term otherwise provided as punishment for each current felony conviction subsequent to the two or more prior serious and/or violent felony convictions.

(ii) Imprisonment in the state prison for 25 years.

(iii) The term determined by the court pursuant to Section 1170 for the underlying conviction, including any enhancement applicable under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2, or any period prescribed by Section 190 or 3046.

(B) The indeterminate term described in subparagraph (A) shall be served consecutive to any other term of imprisonment for which a consecutive term may be imposed by law. Any other

4

term imposed subsequent to any indeterminate term described in subparagraph (A) shall not be merged therein but shall commence at the time the person would otherwise have been released from prison.

(C) If a defendant has two or more prior serious and/or violent felony convictions as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7 that have been pled and proved, and the current offense is not a serious or violent felony as defined in subdivision (d), the defendant shall be sentenced pursuant to paragraph (1) of subdivision (e) unless the prosecution pleads and proves any of the following:

(i) The current offense is a controlled substance charge, in which an allegation under Section 11370.4 or 11379.8 of the Health and Safety Code was admitted or found true.

(ii) The current offense is a felony sex offense, defined in subdivision (d) of Section 261.5 or Section 262, or any felony offense that results in mandatory registration as a sex offender pursuant to subdivision (c) of Section 290 except for violations of Sections 266 and 285, paragraph (1) of subdivision (b) and subdivision (e) of Section 286, paragraph (1) of subdivision (b) and subdivision (e) of Section 288a, Section 311.11, and Section 314.

(iii) During the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person.

(iv) The defendant suffered a prior serious and/or violent felony conviction, as defined in subdivision (d) of this section, for any of the following felonies:

(I) A "sexually violent offense" as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code.

(II) Oral copulation with a child who is under 14 years of age, and who is more than 10 years younger than he or she as defined by Section 288a, sodomy with another person who is under 14 years of age and more than 10 years younger than he or she as defined by Section 286, or sexual penetration with another person who is under 14 years of age, and who is more than 10 years younger than he or she, as defined by Section 289.

(III) A lewd or lascivious act involving a child under 14 years of age, in violation of Section 288.

(IV) Any homicide offense, including any attempted homicide offense, defined in Sections 187 to 191.5, inclusive.

(V) Solicitation to commit murder as defined in Section 653f.

(VI) Assault with a machine gun on a peace officer or firefighter, as defined in paragraph (3) of subdivision (d) of Section 245.

(VII) Possession of a weapon of mass destruction, as defined in paragraph (1) of subdivision (a) of Section 11418.

(VIII) Any serious and/or violent felony offense punishable in California by life imprisonment or death.

(f) (1) Notwithstanding any other law, subdivisions (b) to (i), inclusive, shall be applied in every case in which a defendant has one or more prior serious and/or violent felony convictions as defined in subdivision (d). The prosecuting attorney shall plead and prove each prior serious and/or violent felony conviction except as provided in paragraph (2).

(2) The prosecuting attorney may move to dismiss or strike a prior serious and/or violent felony conviction allegation in the furtherance of justice pursuant to Section 1385, or if there is insufficient evidence to prove the prior serious and/or violent felony conviction. If upon the satisfaction of the court that there is insufficient evidence to prove the prior serious and/or violent felony conviction, the court may dismiss or strike the allegation. Nothing in this section shall be read to alter a court's authority under Section 1385.

(g) Prior serious and/or violent felony convictions shall not be used in plea bargaining as defined in subdivision (b) of Section 1192.7. The prosecution shall plead and prove all known prior felony serious and/or violent convictions and shall not enter into any agreement to strike or seek the dismissal of any prior serious and/or violent felony conviction allegation except as provided in paragraph (2) of subdivision (f).

(h) All references to existing statutes in subdivisions (c) to (g), inclusive, are to statutes as they existed on November 7, 2012.

(i) If any provision of subdivisions (b) to (h), inclusive, or the application thereof to any person or circumstance is held invalid, that invalidity shall not affect other provisions or applications of those subdivisions which can be given effect without the invalid provision or application, and to this end the provisions of those subdivisions are severable.

(j) The provisions of this section shall not be amended by the Legislature except by statute passed in each house by rollcall vote entered in the journal, two-thirds of the membership concurring, or by a statute that becomes effective only when approved by the electors.

*(Amended November 6, 2012, by initiative Proposition 36, Sec. 2. Note: This section was added on June 8, 1982, by initiative Prop. 8.)*

Amendment #3

Amend Penal Code section 1170.12 to read:

1170.12(a) Notwithstanding any other provision of law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior serious and/or violent felony convictions, as defined in subdivision (b), the court shall adhere to each of the following:

(1) There shall not be an aggregate term limitation for purposes of consecutive sentencing for any subsequent felony conviction.

(2) Probation for the current offense shall not be granted, nor shall execution or imposition of the sentence be suspended for any prior offense.

(3) The length of time between the prior serious and/or violent felony conviction and the current felony conviction shall not affect the imposition of sentence.

(4) There shall not be a commitment to any other facility other than the state prison. Diversion shall not be granted nor shall the defendant be eligible for commitment to the California Rehabilitation Center as provided in Article 2 (commencing with Section 3050) of Chapter 1 of Division 3 of the Welfare and Institutions Code.

(5) Except as provided in paragraph (6), Tthe total amount of credits awarded pursuant to Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 shall not exceed one-fifth of the total term of imprisonment imposed and shall not accrue until the defendant is physically placed in the state prison.

(6) Notwithstanding paragraph (5) or any other provision of law, the total amount of credits awarded pursuant to Article 2.5 (commending with Section 2930) of Chapter 7 of Title 1 of Part 3 to an inmate sentenced pursuant to paragraph (1) of subdivision (c) for a non-violent felony may total, but shall not exceed 34 percent of the total term of imprisonment imposed and shall not accrue until the defendant is physically placed in state prison. The enhanced credit authorized pursuant to this subdivision shall not apply retroactively. Any inmate whose credit is calculated pursuant to this paragraph shall, for the period of time during which the inmate would have remained in custody under the credit system in place prior to the enactment of this subdivision, be supervised by state parole and if parole is revoked during this period, shall serve any custody time imposed in state prison. At the conclusion of this period of time, any remaining period of supervision shall be transferred to the county if required under section 3451. If supervision is revoked after the conclusion of this period, any custody imposed shall be served in county jail.

(7) If there is a current conviction for more than one felony count not committed on the same occasion, and not arising from the same set of operative facts, the court shall sentence the defendant consecutively on each count pursuant to this section.

(7) (8) If there is a current conviction for more than one serious or violent felony as described in subdivision (b), the court shall impose the sentence for each conviction consecutive to the sentence for any other conviction for which the defendant may be consecutively sentenced in the manner prescribed by law.

(b) Notwithstanding any other provision of law and for the purposes of this section, a prior serious and/or violent conviction of a felony shall be defined as:

(1) Any offense defined in subdivision (c) of Section 667.5 as a violent felony or any offense defined in subdivision (c) of Section 1192.7 as a serious felony in this state. The determination of whether a prior conviction is a prior serious and/or violent felony conviction for purposes of this section shall be made upon the date of that prior conviction and is not affected by the sentence imposed unless the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor. None of the following dispositions shall affect the determination that a prior serious and/or violent conviction is a serious and/or violent felony for purposes of this section:

(A) The suspension of imposition of judgment or sentence.

(B) The stay of execution of sentence.

7

(C) The commitment to the State Department of Health Services as a mentally disordered sex offender following a conviction of a felony.

(D) The commitment to the California Rehabilitation Center or any other facility whose function is rehabilitative diversion from the state prison.

(2) A prior conviction in another jurisdiction for an offense that, if committed in California, is punishable by imprisonment in the state prison shall constitute a prior conviction of a particular serious and/or violent felony if the prior conviction in the other jurisdiction is for an offense that includes all of the elements of the particular violent felony as defined in subdivision (c) of Section 667.5 or serious felony as defined in subdivision (c) of Section 1192.7.

(3) A prior juvenile adjudication shall constitute a prior serious and/or violent felony conviction for the purposes of sentence enhancement if:

(A) The juvenile was sixteen years of age or older at the time he or she committed the prior offense, and

(B) The prior offense is

(i) listed in subdivision (b) of Section 707 of the Welfare and Institutions Code, or

(ii) listed in this subdivision as a serious and/or violent felony, and

(C) The juvenile was found to be a fit and proper subject to be dealt with under the juvenile court law, and

(D) The juvenile was adjudged a ward of the juvenile court within the meaning of Section 602 of the Welfare and Institutions Code because the person committed an offense listed in subdivision (b) of Section 707 of the Welfare and Institutions Code.

(c) For purposes of this section, and in addition to any other enhancements or punishment provisions which may apply, the following shall apply where a defendant has one or more prior serious and/or violent felony convictions:

(1) If a defendant has one prior serious and/or violent felony conviction as defined in subdivision (b) that has been pled and proved, the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction.

(2) (A) Except as provided in subparagraph (C), if a defendant has two or more prior serious and/or violent felony convictions, as defined in subdivision (b), that have been pled and proved, the term for the current felony conviction shall be an indeterminate term of life imprisonment with a minimum term of the indeterminate sentence calculated as the greatest of:

(i) three times the term otherwise provided as punishment for each current felony conviction subsequent to the two or more prior serious and/or violent felony convictions, or

(ii) twenty-five years or

8

(iii) the term determined by the court pursuant to Section 1170 for the underlying conviction, including any enhancement applicable under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2, or any period prescribed by Section 190 or 3046.

(B) The indeterminate term described in subparagraph (A) of paragraph (2) of this subdivision shall be served consecutive to any other term of imprisonment for which a consecutive term may be imposed by law. Any other term imposed subsequent to any indeterminate term described in subparagraph (A) of paragraph (2) of this subdivision shall not be merged therein but shall commence at the time the person would otherwise have been released from prison.

(C) If a defendant has two or more prior serious and/or violent felony convictions as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7 that have been pled and proved, and the current offense is not a felony described in paragraph (1) of subdivision (b) of this section, the defendant shall be sentenced pursuant to paragraph (1) of subdivision (c) of this section, unless the prosecution pleads and proves any of the following:

(i) The current offense is a controlled substance charge, in which an allegation under Section 11370.4 or 11379.8 of the Health and Safety Code was admitted or found true.

(ii) The current offense is a felony sex offense, defined in subdivision (d) of Section 261.5 or Section 262, or any felony offense that results in mandatory registration as a sex offender pursuant to subdivision (c) of Section 290 except for violations of Sections 266 and 285, paragraph (1) of subdivision (b) and subdivision (e) of Section 286, paragraph (1) of subdivision (b) and subdivision (e) of Section 288a, Section 314, and Section 311.11.

(iii) During the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person.

(iv) The defendant suffered a prior conviction, as defined in subdivision (b) of this section, for any of the following serious and/or violent felonies:

(I) A "sexually violent offense" as defined by subdivision (b) of Section 6600 of the Welfare and Institutions Code.

(II) Oral copulation with a child who is under 14 years of age, and who is more than 10 years younger than he or she as defined by Section 288a, sodomy with another person who is under 14 years of age and more than 10 years younger than he or she as defined by Section 286 or sexual penetration with another person who is under 14 years of age, and who is more than 10 years younger than he or she, as defined by Section 289.

(III) A lewd or lascivious act involving a child under 14 years of age, in violation of Section 288.

(IV) Any homicide offense, including any attempted homicide offense, defined in Sections 187 to 191.5, inclusive.

(V) Solicitation to commit murder as defined in Section 653f.

(VI) Assault with a machine gun on a peace officer or firefighter, as defined in paragraph (3) of subdivision (d) of Section 245.

9

(VII) Possession of a weapon of mass destruction, as defined in paragraph (1) of subdivision (a) of Section 11418.

(VIII) Any serious and/or violent felony offense punishable in California by life imprisonment or death.

(d) (1) Notwithstanding any other provision of law, this section shall be applied in every case in which a defendant has one or more prior serious and/or violent felony convictions as defined in this section. The prosecuting attorney shall plead and prove each prior serious and/or violent felony conviction except as provided in paragraph (2).

(2) The prosecuting attorney may move to dismiss or strike a prior serious and/or violent felony conviction allegation in the furtherance of justice pursuant to Section 1385, or if there is insufficient evidence to prove the prior serious and/or violent conviction. If upon the satisfaction of the court that there is insufficient evidence to prove the prior serious and/or violent felony conviction, the court may dismiss or strike the allegation. Nothing in this section shall be read to alter a court's authority under Section 1385.

(e) Prior serious and/or violent felony convictions shall not be used in plea bargaining, as defined in subdivision (b) of Section 1192.7. The prosecution shall plead and prove all known prior serious and/or violent felony convictions and shall not enter into any agreement to strike or seek the dismissal of any prior serious and/or violent felony conviction allegation except as provided in paragraph (2) of subdivision (d).

(f) If any provision of subdivisions (a) to (e), inclusive, or of Section 1170.126, or the application thereof to any person or circumstance is held invalid, that invalidity shall not affect other provisions or applications of those subdivisions which can be given effect without the invalid provision or application, and to this end the provisions of those subdivisions are severable.

(g) The provisions of this section shall not be amended by the Legislature except by statute passed in each house by rollcall vote entered in the journal, two-thirds of the membership concurring, or by a statute that becomes effective only when approved by the electors.

*(Amended November 6, 2012, by initiative Proposition 36, Sec. 4. Note: This section was added on Nov. 8, 1994, by initiative Prop. 184.)*

Amendment #4

Amend Penal Code section 2933.05 to read:

2933.05(a)  In addition to any credit awarded pursuant to Section 2933, the department may also award a prisoner program credit reductions from his or her term of confinement as provided in this section. Within 90 days of the enactment of this section, the secretary shall promulgate regulations that provide for credit reductions for inmates who successfully complete specific program performance objectives for approved rehabilitative programming ranging from credit reduction of not less than one week to credit reduction of no more than six eight weeks for each performance milestone. Regulations promulgated pursuant to this subdivision shall specify the credit reductions applicable to distinct objectives in a schedule of graduated program performance objectives concluding with the successful completion of an in-prison rehabilitation

10

program. Commencing upon the promulgation of those regulations, the department shall thereafter calculate and award credit reductions authorized by this section. However, a prisoner may not have his or her term of imprisonment reduced more than ~~six~~ eight weeks for credits awarded pursuant to this section during any 12-month period of continuous confinement.

(b) Program credit is a privilege, not a right. Prisoners shall have a reasonable opportunity to participate in program credit qualifying assignments in a manner consistent with institutional security and available resources. Assignments made to program credit qualifying programs shall be made in accordance with the prisoner's case plan, when available.

(c) As used in this section, "approved rehabilitation programming" shall include, but is not limited to, academic programs, vocational programs, vocational training, and core programs such as anger management and social life skills, and substance abuse programs.

(d) Credits awarded pursuant to this section may be forfeited pursuant to the provisions of Section 2932. Inmates shall not be eligible for program credits that result in an inmate overdue for release.

(e) The following prisoners shall not be eligible for program credits pursuant to this section:

 (1) Any person serving a term of imprisonment for an offense specified in subdivision (c) of Section 667.5.

(2) Any person sentenced to state prison pursuant to subdivision (c)(2) of Section 1170.12 or ~~subdivisions (b) to (i), inclusive,~~ sentenced to state prison pursuant to subdivision (e)(2) of Section 667.

(3) Any person required to register as a sex offender pursuant to Chapter 5.5 (commencing with Section 290) of Title 9 of Part 1.

(4) Any person serving a term of imprisonment as a result of a violation of parole without a new term.

(f) Any inmate convicted of a non-violent felony sentenced pursuant to Section 667 or 1170.12, whose release is expedited under this section shall, for the period of time during which the inmate would have remained in custody under the credit system in place prior to the enactment of this paragraph, be supervised by state parole and if parole is revoked during this period, shall serve any custody time imposed in state prison. At the conclusion of this period of time, any remaining period of supervision shall be transferred to the county as required under section 3451, and if supervision is revoked, any custody imposed shall be served in county jail.

## IV.    EXPAND CRITERIA FOR MEDICAL PAROLE

Amendment #5

Amend Penal Code section 3550 to read:

3550(a) Notwithstanding any other provision of law, except as provided in subdivision (b), any prisoner who the head physician of the institution where the prisoner is located determines, as provided in this section, <u>suffers from a significant and permanent condition, disease, or syndrome resulting in the prisoner suffering severe physical or cognitive debilitation or incapacitation</u> ~~is permanently medically incapacitated with a medical condition that renders him or her permanently unable to perform activities of basic daily living, and results in the prisoner requiring 24 hour care, and that incapacitation did not exist at the time of sentencing,~~ shall be granted medical parole if the Board of Parole Hearings determines that the conditions under which the prisoner would be released would not reasonably pose a threat to public safety.

(b) Subdivision (a) shall not apply to any prisoner sentenced to death or life in prison without possibility of parole or to any inmate who is serving a sentence for which parole, pursuant to subdivision (a), is prohibited by any initiative statute. The provisions of this section shall not be construed to alter or diminish the rights conferred under the Victim's Bill of Rights Act of 2008: Marsy's Law.

(c) When a physician employed by the Department of Corrections and Rehabilitation who is the primary care provider for an inmate identifies an inmate that he or she believes meets the medical criteria for medical parole specified in subdivision (a) the primary care physician shall recommend to the head physician of the institution where the prisoner is located that the prisoner be referred to the Board of Parole Hearings for consideration for medical parole. Within 30 days of receiving that recommendation, if the head physician of the institution concurs in the recommendation of the primary care physician, he or she shall refer the matter to the Board of Parole Hearings using a standardized form and format developed by the department, and if the head physician of the institution does not concur in the recommendation, he or she shall provide the primary care physician with a written explanation of the reasons for denying the referral.

(d) Notwithstanding any other provisions of this section, the prisoner or his or her family member or designee may independently request consideration for medical parole by contacting the head physician at the prison or the department. Within 30 days of receiving the request, the head physician of the institution shall, in consultation with the prisoner's primary care physician, make a determination regarding whether the prisoner meets the criteria for medical parole as specified in subdivision (a) and, if the head physician of the institution determines that the prisoner satisfies the criteria set forth in subdivision (a), he or she shall refer the matter to the Board of Parole Hearings using a standardized form and format developed by the department. If the head physician of the institution does not concur in the recommendation, he or she shall provide the prisoner or his or her family member or designee with a written explanation of the reasons for denying the application.

(e) The Department of Corrections and Rehabilitation shall complete parole plans for inmates referred to the Board of Parole Hearings for medical parole consideration. The parole plans shall include, but not be limited to, the inmate's plan for residency and medical care.

(f) Notwithstanding any other law, medical parole hearings shall be conducted by two-person panels consisting of at least one commissioner. In the event of a tie vote, the matter shall be referred to the full board for a decision. Medical parole hearings may be heard in absentia.

(g) Upon receiving a recommendation from the head physician of the institution where a prisoner is located for the prisoner to be granted medical parole pursuant to subdivision (c) or (d), the board, as specified in subdivision (f), shall make an independent judgment regarding whether the conditions under which the inmate would be released pose a reasonable threat to public safety, and make written findings related thereto.

(h) Notwithstanding any other provision of law, the board or the Division of Adult Parole Operations shall have the authority to impose any reasonable conditions on prisoners subject to medical parole supervision pursuant to subdivision (a), including, but not limited to, the requirement that the parolee submit to electronic monitoring. As a further condition of medical parole, pursuant to subdivision (a), the parolee may be required to submit to an examination by a physician selected by the board for the purpose of diagnosing the parolee's current medical condition. In the event such an examination takes place, a report of the examination and diagnosis shall be submitted to the board by the examining physician. If the board determines, based on that medical examination, that the person's medical condition has improved to the extent that the person no longer qualifies for medical parole, the board shall return the person to the custody of the department.

(1) Notwithstanding any other provision of law establishing maximum periods for parole, a prisoner sentenced to a determinate term who is placed on medical parole supervision prior to the earliest possible release date and who remains eligible for medical parole, shall remain on medical parole, pursuant to subdivision (a), until that earliest possible release date, at which time the parolee shall commence serving that period of parole provided by, and under the provisions of, Chapter 8 (commencing with Section 3000) of Title 1.

(2) Notwithstanding any other provisions of law establishing maximum periods for parole, a prisoner sentenced to an indeterminate term who is placed on medical parole supervision prior to the prisoner's minimum eligible parole date, and who remains eligible for medical parole, shall remain on medical parole pursuant to subdivision (a) until that minimum eligible parole date, at which time the parolee shall be eligible for parole consideration under all other provisions of Chapter 8 (commencing with Section 3000) of Title 1. <u>Parole suitability hearings for prisoners who are on medical parole may be heard in absentia.</u>

(i) The Department of Corrections and Rehabilitation shall, at the time a prisoner is placed on medical parole supervision pursuant to subdivision (a), ensure that the prisoner has applied for any federal entitlement programs for which the prisoner is eligible, and has in his or her possession a discharge medical summary, full medical records, parole medications, and all property belonging to the prisoner that was under the control of the department. Any additional

13

records shall be sent to the prisoner's forwarding address after release to health care-related parole supervision.

(j) The provisions for medical parole set forth in this title shall not affect an inmate's eligibility for any other form of parole or release provided by law.

## V.    MODIFY PAROLE FOR LOW-RISK ELDERLY INMATES

Amendment #6

Add Penal Code section_____ to read:

(a) Notwithstanding any other provision of law, except as provided in subdivision (b), any prisoner who has served at least 25 years and is at least 60 years old, shall be paroled on the basis of advanced age and the length of time served unless the Board of Parole Hearings determines that the prisoner would still pose an unreasonable threat to public safety.

(b) Subdivision (a) shall not apply to any prisoner sentenced to death or life in prison without possibility of parole or to any prisoner who is serving a sentence for which parole, pursuant to subdivision (a), is prohibited by any initiative statute. The provisions of this section shall not be construed to alter or diminish the rights conferred under the Victim's Bill of Rights Act of 2008: Marsy's Law.

(c) The Department of Corrections and Rehabilitation shall complete parole plans for prisoners referred to the Board of Parole Hearings for parole consideration under subdivision (a).

(d) Notwithstanding any other law, parole hearings held under this section shall be conducted by two-person panels consisting of at least one commissioner. In the event of a tie vote, the matter shall be referred to the full Board for a decision.

(e) Notwithstanding any other provision of law, the Board or the Division of Adult Parole Operations shall have the authority to impose any reasonable conditions on prisoners subject to parole supervision pursuant to subdivision (a).

(f) The Department of Corrections and Rehabilitation shall, at the time a prisoner is placed on parole supervision pursuant to subdivision (a), ensure that the prisoner has applied for any federal entitlement programs for which the prisoner is eligible, and has in his or her possession a discharge medical summary, full medical records, parole medications, and all property belonging to the prisoner that was under the control of the department.

(g) The provisions for parole set forth in this section shall not affect a prisoner's earlier eligibility for any other form of parole or release provided by law, and shall not lengthen the prison term of any prisoner serving a determinate sentence or interfere with any prisoner's credit earning capacity.

(h) Notwithstanding any other provision of law, the Board shall schedule the next hearing one, two, or three years after any hearing at which elderly parole is denied. The Board shall select the earliest hearing at which there is a reasonable likelihood that the prisoner will be found suitable for parole. For any prisoner serving an indeterminate life term who is eligible for parole consideration under both this section and section 3041, the scheduling of parole hearings shall be governed by this section.

(i) The Board shall promulgate regulations as needed to implement the provisions of this section.

Amendment #7

Amend Penal Code section 1170 to read:

Section operative until January 1, 2014. See, also, section operative January 1, 2014. 1170(a)(1) The Legislature finds and declares that the purpose of imprisonment for crime is punishment. This purpose is best served by terms proportionate to the seriousness of the offense with provision for uniformity in the sentences of offenders committing the same offense under similar circumstances. The Legislature further finds and declares that the elimination of disparity and the provision of uniformity of sentences can best be achieved by determinate sentences fixed by statute in proportion to the seriousness of the offense as determined by the Legislature to be imposed by the court with specified discretion.

(2) Notwithstanding paragraph (1), the Legislature further finds and declares that programs should be available for inmates, including, but not limited to, educational programs, that are designed to prepare nonviolent felony offenders for successful reentry into the community. The Legislature encourages the development of policies and programs designed to educate and rehabilitate nonviolent felony offenders. In implementing this section, the Department of Corrections and Rehabilitation is encouraged to give priority enrollment in programs to promote successful return to the community to an inmate with a short remaining term of commitment and a release date that would allow him or her adequate time to complete the program.

(3) In any case in which the punishment prescribed by statute for a person convicted of a public offense is a term of imprisonment in the state prison of any specification of three time periods, the court shall sentence the defendant to one of the terms of imprisonment specified unless the convicted person is given any other disposition provided by law, including a fine, jail, probation, or the suspension of imposition or execution of sentence or is sentenced pursuant to subdivision (b) of Section 1168 because he or she had committed his or her crime prior to July 1, 1977. In sentencing the convicted person, the court shall apply the sentencing rules of the Judicial Council. The court, unless it determines that there are circumstances in mitigation of the punishment prescribed, shall also impose any other term that it is required by law to impose as an additional term. Nothing in this article shall affect any provision of law that imposes the death penalty, that authorizes or restricts the granting of probation or suspending the execution or imposition of sentence, or expressly provides for imprisonment in the state prison for life, except as provided in paragraph (2) of subdivision (d). In any case in which the amount of preimprisonment credit under Section 2900.5 or any other provision of law is equal to or exceeds any sentence imposed pursuant to this chapter, the entire sentence shall be deemed to have been

15

served and the defendant shall not be actually delivered to the custody of the secretary. The court shall advise the defendant that he or she shall serve a period of parole and order the defendant to report to the parole office closest to the defendant's last legal residence, unless the in-custody credits equal the total sentence, including both confinement time and the period of parole. The sentence shall be deemed a separate prior prison term under Section 667.5, and a copy of the judgment and other necessary documentation shall be forwarded to the secretary.

(b) When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court. At least four days prior to the time set for imposition of judgment, either party or the victim, or the family of the victim if the victim is deceased, may submit a statement in aggravation or mitigation. In determining the appropriate term, the court may consider the record in the case, the probation officer's report, other reports, including reports received pursuant to Section 1203.03, and statements in aggravation or mitigation submitted by the prosecution, the defendant, or the victim, or the family of the victim if the victim is deceased, and any further evidence introduced at the sentencing hearing. The court shall select the term which, in the court's discretion, best serves the interests of justice. The court shall set forth on the record the reasons for imposing the term selected and the court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law. A term of imprisonment shall not be specified if imposition of sentence is suspended.

(c) The court shall state the reasons for its sentence choice on the record at the time of sentencing. The court shall also inform the defendant that as part of the sentence after expiration of the term he or she may be on parole for a period as provided in Section 3000.

(d)(1) When a defendant subject to this section or subdivision (b) of Section 1168 has been sentenced to be imprisoned in the state prison and has been committed to the custody of the secretary, the court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary or the Board of Parole Hearings, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence. The court resentencing under this subdivision shall apply the sentencing rules of the Judicial Council so as to eliminate disparity of sentences and to promote uniformity of sentencing. Credit shall be given for time served.

(2)(A)(i) When a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole has served at least 15 years of that sentence, the defendant may submit to the sentencing court a petition for recall and resentencing.

(ii) Notwithstanding clause (i), this paragraph shall not apply to defendants sentenced to life without parole for an offense where the defendant tortured, as described in Section 206, his or her victim or the victim was a public safety official, including any law enforcement personnel mentioned in Chapter 4.5 (commencing with Section 830) of Title 3, or any firefighter as described in Section 245.1, as well as any other officer in any segment of law enforcement who is employed by the federal government, the state, or any of its political subdivisions.

16

(B) The defendant shall file the original petition with the sentencing court. A copy of the petition shall be served on the agency that prosecuted the case. The petition shall include the defendant's statement that he or she was under 18 years of age at the time of the crime and was sentenced to life in prison without the possibility of parole, the defendant's statement describing his or her remorse and work towards rehabilitation, and the defendant's statement that one of the following is true:

(i) The defendant was convicted pursuant to felony murder or aiding and abetting murder provisions of law.

(ii) The defendant does not have juvenile felony adjudications for assault or other felony crimes with a significant potential for personal harm to victims prior to the offense for which the sentence is being considered for recall.

(iii) The defendant committed the offense with at least one adult codefendant.

(iv) The defendant has performed acts that tend to indicate rehabilitation or the potential for rehabilitation, including, but not limited to, availing himself or herself of rehabilitative, educational, or vocational programs, if those programs have been available at his or her classification level and facility, using self-study for self-improvement, or showing evidence of remorse.

(C) If any of the information required in subparagraph (B) is missing from the petition, or if proof of service on the prosecuting agency is not provided, the court shall return the petition to the defendant and advise the defendant that the matter cannot be considered without the missing information.

(D) A reply to the petition, if any, shall be filed with the court within 60 days of the date on which the prosecuting agency was served with the petition, unless a continuance is granted for good cause.

(E) If the court finds by a preponderance of the evidence that the statements in the petition are true, the court shall hold a hearing to consider whether to recall the sentence and commitment previously ordered and to resentence the defendant in the same manner as if the defendant had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence. Victims, or victim family members if the victim is deceased, shall retain the rights to participate in the hearing.

(F) The factors that the court may consider when determining whether to recall and resentence include, but are not limited to, the following:

(i) The defendant was convicted pursuant to felony murder or aiding and abetting murder provisions of law.

(ii) The defendant does not have juvenile felony adjudications for assault or other felony crimes with a significant potential for personal harm to victims prior to the offense for which the sentence is being considered for recall.

(iii) The defendant committed the offense with at least one adult codefendant.

(iv) Prior to the offense for which the sentence is being considered for recall, the defendant had insufficient adult support or supervision and had suffered from psychological or physical trauma, or significant stress.

(v) The defendant suffers from cognitive limitations due to mental illness, developmental disabilities, or other factors that did not constitute a defense, but influenced the defendant's involvement in the offense.

(vi) The defendant has performed acts that tend to indicate rehabilitation or the potential for rehabilitation, including, but not limited to, availing himself or herself of rehabilitative, educational, or vocational programs, if those programs have been available at his or her classification level and facility, using self-study for self-improvement, or showing evidence of remorse.

(vii) The defendant has maintained family ties or connections with others through letter writing, calls, or visits, or has eliminated contact with individuals outside of prison who are currently involved with crime.

(viii) The defendant has had no disciplinary actions for violent activities in the last five years in which the defendant was determined to be the aggressor.

(G) The court shall have the discretion to recall the sentence and commitment previously ordered and to resentence the defendant in the same manner as if the defendant had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence. The discretion of the court shall be exercised in consideration of the criteria in subparagraph (B). Victims, or victim family members if the victim is deceased, shall be notified of the resentencing hearing and shall retain their rights to participate in the hearing.

(H) If the sentence is not recalled, the defendant may submit another petition for recall and resentencing to the sentencing court when the defendant has been committed to the custody of the department for at least 20 years. If recall and resentencing is not granted under that petition, the defendant may file another petition after having served 24 years. The final petition may be submitted, and the response to that petition shall be determined, during the 25th year of the defendant's sentence.

(I) In addition to the criteria in subparagraph (F), the court may consider any other criteria that the court deems relevant to its decision, so long as the court identifies them on the record, provides a statement of reasons for adopting them, and states why the defendant does or does not satisfy the criteria.

(J) This subdivision shall have retroactive application.

(e)(1) Notwithstanding any other law and consistent with paragraph (1) of subdivision (a), if the secretary or the Board of Parole Hearings or both determine that a prisoner satisfies the criteria set forth in paragraph (2), the secretary or the board may recommend to the court that the prisoner's sentence be recalled.

(2) The court shall have the discretion to resentence or recall if the court finds that the facts described in subparagraphs (A) and (B) or subparagraphs (B) and (C) exist:

(A) The prisoner is terminally ill with an incurable condition caused by an illness or disease that would produce death within six months, as determined by a physician employed by the department.

(B) The conditions under which the prisoner would be released or receive treatment do not pose a threat to public safety.

(C) The prisoner is permanently medically incapacitated with a medical condition that renders him or her permanently unable to perform activities of basic daily living, and results in the prisoner requiring 24-hour total care, including, but not limited to, coma, persistent vegetative state, brain death, ventilator-dependency, loss of control of muscular or neurological function, and that incapacitation did not exist at the time of the original sentencing.
The Board of Parole Hearings shall make findings pursuant to this subdivision before making a recommendation for resentence or recall to the court. This subdivision does not apply to a prisoner sentenced to death or a term of life without the possibility of parole.

(3) Within 10 days of receipt of a positive recommendation by the secretary or the board, the court shall hold a hearing to consider whether the prisoner's sentence should be recalled.

(4) Any physician employed by the department who determines that a prisoner has six months or less to live shall notify the chief medical officer of the prognosis. If the chief medical officer concurs with the prognosis, he or she shall notify the warden. Within 48 hours of receiving notification, the warden or the warden's representative shall notify the prisoner of the recall and resentencing procedures, and shall arrange for the prisoner to designate a family member or other outside agent to be notified as to the prisoner's medical condition and prognosis, and as to the recall and resentencing procedures. If the inmate is deemed mentally unfit, the warden or the warden's representative shall contact the inmate's emergency contact and provide the information described in paragraph (2).

(5) The warden or the warden's representative shall provide the prisoner and his or her family member, agent, or emergency contact, as described in paragraph (4), updated information throughout the recall and resentencing process with regard to the prisoner's medical condition and the status of the prisoner's recall and resentencing proceedings.

(6) Notwithstanding any other provisions of this section, the prisoner or his or her family member or designee may independently request consideration for recall and resentencing by

19

contacting the chief medical officer at the prison or the secretary. Upon receipt of the request, the chief medical officer and the warden or the warden's representative shall follow the procedures described in paragraph (4). If the secretary determines that the prisoner satisfies the criteria set forth in paragraph (2), the secretary or board may recommend to the court that the prisoner's sentence be recalled. The secretary shall submit a recommendation for release within 30 days in the case of inmates sentenced to determinate terms and, in the case of inmates sentenced to indeterminate terms, the secretary shall make a recommendation to the Board of Parole Hearings with respect to the inmates who have applied under this section. The board shall consider this information and make an independent judgment pursuant to paragraph (2) and make findings related thereto before rejecting the request or making a recommendation to the court. This action shall be taken at the next lawfully noticed board meeting.

(7) Any recommendation for recall submitted to the court by the secretary or the Board of Parole Hearings shall include one or more medical evaluations, a postrelease plan, and findings pursuant to paragraph (2).

(8) If possible, the matter shall be heard before the same judge of the court who sentenced the prisoner.

(9) If the court grants the recall and resentencing application, the prisoner shall be released by the department within 48 hours of receipt of the court's order, unless a longer time period is agreed to by the inmate. At the time of release, the warden or the warden's representative shall ensure that the prisoner has each of the following in his or her possession: a discharge medical summary, full medical records, state identification, parole medications, and all property belonging to the prisoner. After discharge, any additional records shall be sent to the prisoner's forwarding address.

(10) The secretary shall issue a directive to medical and correctional staff employed by the department that details the guidelines and procedures for initiating a recall and resentencing procedure. The directive shall clearly state that any prisoner who is given a prognosis of six months or less to live is eligible for recall and resentencing consideration, and that recall and resentencing procedures shall be initiated upon that prognosis.

(f) Notwithstanding any other law and consistent with paragraph (1) of subdivision (a), any prisoner who has served at least 25 years of a determinate sentence and is at least 60 years old shall be eligible for parole as provided in Section ___xx___.

(g̶f̶) Notwithstanding any other provision of this section, for purposes of paragraph (3) of subdivision (h), any allegation that a defendant is eligible for state prison due to a prior or current conviction, sentence enhancement, or because he or she is required to register as a sex offender shall not be subject to dismissal pursuant to Section 1385.

(h̶g̶) A sentence to state prison for a determinate term for which only one term is specified, is a sentence to state prison under this section.

20

(i̶h̶)(1) Except as provided in paragraph (3), a felony punishable pursuant to this subdivision where the term is not specified in the underlying offense shall be punishable by a term of imprisonment in a county jail for 16 months, or two or three years.

(2) Except as provided in paragraph (3), a felony punishable pursuant to this subdivision shall be punishable by imprisonment in a county jail for the term described in the underlying offense.

(3) Notwithstanding paragraphs (1) and (2), where the defendant (A) has a prior or current felony conviction for a serious felony described in subdivision (c) of Section 1192.7 or a prior or current conviction for a violent felony described in subdivision (c) of Section 667.5, (B) has a prior felony conviction in another jurisdiction for an offense that has all the elements of a serious felony described in subdivision (c) of Section 1192.7 or a violent felony described in subdivision (c) of Section 667.5, (C) is required to register as a sex offender pursuant to Chapter 5.5 (commencing with Section 290) of Title 9 of Part 1, or (D) is convicted of a crime and as part of the sentence an enhancement pursuant to Section 186.11 is imposed, an executed sentence for a felony punishable pursuant to this subdivision shall be served in state prison.

(4) Nothing in this subdivision shall be construed to prevent other dispositions authorized by law, including pretrial diversion, deferred entry of judgment, or an order granting probation pursuant to Section 1203.1.

(5) The court, when imposing a sentence pursuant to paragraph (1) or (2) of this subdivision, may commit the defendant to county jail as follows:

(A) For a full term in custody as determined in accordance with the applicable sentencing law.

(B)(i) For a term as determined in accordance with the applicable sentencing law, but suspend execution of a concluding portion of the term selected in the court's discretion, during which time the defendant shall be supervised by the county probation officer in accordance with the terms, conditions, and procedures generally applicable to persons placed on probation, for the remaining unserved portion of the sentence imposed by the court. The period of supervision shall be mandatory, and may not be earlier terminated except by court order. Any proceeding to revoke or modify mandatory supervision under this subparagraph shall be conducted pursuant to either subdivisions (a) and (b) of Section 1203.2 or Section 1203.3. During the period when the defendant is under such supervision, unless in actual custody related to the sentence imposed by the court, the defendant shall be entitled to only actual time credit against the term of imprisonment imposed by the court. Any time period which is suspended because a person has absconded shall not be credited toward the period of supervision.

(ii) The portion of a defendant's sentenced term during which time he or she is supervised by the county probation officer pursuant to this subparagraph shall be known as mandatory supervision.

(6) The sentencing changes made by the act that added this subdivision shall be applied prospectively to any person sentenced on or after October 1, 2011.

(j̶i̶) This section shall remain in effect only until January 1, 2014, and as of that date is repealed, unless a later enacted statute, that is enacted before that date, deletes or extends that date.

Amendment #8

Amend Penal Code section 1170 to read:

Section operative January 1, 2014. See, also, section operative until January 1, 2014. 1170(a)(1) The Legislature finds and declares that the purpose of imprisonment for crime is punishment. This purpose is best served by terms proportionate to the seriousness of the offense with provision for uniformity in the sentences of offenders committing the same offense under similar circumstances. The Legislature further finds and declares that the elimination of disparity and the provision of uniformity of sentences can best be achieved by determinate sentences fixed by statute in proportion to the seriousness of the offense as determined by the Legislature to be imposed by the court with specified discretion.

(2) Notwithstanding paragraph (1), the Legislature further finds and declares that programs should be available for inmates, including, but not limited to, educational programs, that are designed to prepare nonviolent felony offenders for successful reentry into the community. The Legislature encourages the development of policies and programs designed to educate and rehabilitate nonviolent felony offenders. In implementing this section, the Department of Corrections and Rehabilitation is encouraged to give priority enrollment in programs to promote successful return to the community to an inmate with a short remaining term of commitment and a release date that would allow him or her adequate time to complete the program.

(3) In any case in which the punishment prescribed by statute for a person convicted of a public offense is a term of imprisonment in the state prison of any specification of three time periods, the court shall sentence the defendant to one of the terms of imprisonment specified unless the convicted person is given any other disposition provided by law, including a fine, jail, probation, or the suspension of imposition or execution of sentence or is sentenced pursuant to subdivision (b) of Section 1168 because he or she had committed his or her crime prior to July 1, 1977. In sentencing the convicted person, the court shall apply the sentencing rules of the Judicial Council. The court, unless it determines that there are circumstances in mitigation of the punishment prescribed, shall also impose any other term that it is required by law to impose as an additional term. Nothing in this article shall affect any provision of law that imposes the death penalty, that authorizes or restricts the granting of probation or suspending the execution or imposition of sentence, or expressly provides for imprisonment in the state prison for life, except as provided in paragraph (2) of subdivision (d). In any case in which the amount of preimprisonment credit under Section 2900.5 or any other provision of law is equal to or exceeds any sentence imposed pursuant to this chapter, the entire sentence shall be deemed to have been served and the defendant shall not be actually delivered to the custody of the secretary. The court shall advise the defendant that he or she shall serve a period of parole and order the defendant to report to the parole office closest to the defendant's last legal residence, unless the in-custody credits equal the total sentence, including both confinement time and the period of parole. The sentence shall be deemed a separate prior prison term under Section 667.5, and a copy of the judgment and other necessary documentation shall be forwarded to the secretary.

22

(b) When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall order imposition of the middle term, unless there are circumstances in aggravation or mitigation of the crime. At least four days prior to the time set for imposition of judgment, either party or the victim, or the family of the victim if the victim is deceased, may submit a statement in aggravation or mitigation to dispute facts in the record or the probation officer's report, or to present additional facts. In determining whether there are circumstances that justify imposition of the upper or lower term, the court may consider the record in the case, the probation officer's report, other reports, including reports received pursuant to Section 1203.03, and statements in aggravation or mitigation submitted by the prosecution, the defendant, or the victim, or the family of the victim if the victim is deceased, and any further evidence introduced at the sentencing hearing. The court shall set forth on the record the facts and reasons for imposing the upper or lower term. The court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law. A term of imprisonment shall not be specified if imposition of sentence is suspended.

(c) The court shall state the reasons for its sentence choice on the record at the time of sentencing. The court shall also inform the defendant that as part of the sentence after expiration of the term he or she may be on parole for a period as provided in Section 3000.

(d)(1) When a defendant subject to this section or subdivision (b) of Section 1168 has been sentenced to be imprisoned in the state prison and has been committed to the custody of the secretary, the court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary or the Board of Parole Hearings, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence. The court resentencing under this subdivision shall apply the sentencing rules of the Judicial Council so as to eliminate disparity of sentences and to promote uniformity of sentencing. Credit shall be given for time served.

(2)(A)(i) When a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole has served at least 15 years of that sentence, the defendant may submit to the sentencing court a petition for recall and resentencing.

(ii) Notwithstanding clause (i), this paragraph shall not apply to defendants sentenced to life without parole for an offense where the defendant tortured, as described in Section 206, his or her victim or the victim was a public safety official, including any law enforcement personnel mentioned in Chapter 4.5 (commencing with Section 830) of Title 3, or any firefighter as described in Section 245.1, as well as any other officer in any segment of law enforcement who is employed by the federal government, the state, or any of its political subdivisions.

(B) The defendant shall file the original petition with the sentencing court. A copy of the petition shall be served on the agency that prosecuted the case. The petition shall include the defendant's statement that he or she was under 18 years of age at the time of the crime and was sentenced to life in prison without the possibility of parole, the defendant's statement describing his or her

remorse and work towards rehabilitation, and the defendant's statement that one of the following is true:

(i) The defendant was convicted pursuant to felony murder or aiding and abetting murder provisions of law.

(ii) The defendant does not have juvenile felony adjudications for assault or other felony crimes with a significant potential for personal harm to victims prior to the offense for which the sentence is being considered for recall.

(iii) The defendant committed the offense with at least one adult codefendant.

(iv) The defendant has performed acts that tend to indicate rehabilitation or the potential for rehabilitation, including, but not limited to, availing himself or herself of rehabilitative, educational, or vocational programs, if those programs have been available at his or her classification level and facility, using self-study for self-improvement, or showing evidence of remorse.

(C) If any of the information required in subparagraph (B) is missing from the petition, or if proof of service on the prosecuting agency is not provided, the court shall return the petition to the defendant and advise the defendant that the matter cannot be considered without the missing information.

(D) A reply to the petition, if any, shall be filed with the court within 60 days of the date on which the prosecuting agency was served with the petition, unless a continuance is granted for good cause.

(E) If the court finds by a preponderance of the evidence that the statements in the petition are true, the court shall hold a hearing to consider whether to recall the sentence and commitment previously ordered and to resentence the defendant in the same manner as if the defendant had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence. Victims, or victim family members if the victim is deceased, shall retain the rights to participate in the hearing.

(F) The factors that the court may consider when determining whether to recall and resentence include, but are not limited to, the following:

(i) The defendant was convicted pursuant to felony murder or aiding and abetting murder provisions of law.

(ii) The defendant does not have juvenile felony adjudications for assault or other felony crimes with a significant potential for personal harm to victims prior to the offense for which the sentence is being considered for recall.

(iii) The defendant committed the offense with at least one adult codefendant.

24

(iv) Prior to the offense for which the sentence is being considered for recall, the defendant had insufficient adult support or supervision and had suffered from psychological or physical trauma, or significant stress.

(v) The defendant suffers from cognitive limitations due to mental illness, developmental disabilities, or other factors that did not constitute a defense, but influenced the defendant's involvement in the offense.

(vi) The defendant has performed acts that tend to indicate rehabilitation or the potential for rehabilitation, including, but not limited to, availing himself or herself of rehabilitative, educational, or vocational programs, if those programs have been available at his or her classification level and facility, using self-study for self-improvement, or showing evidence of remorse.

(vii) The defendant has maintained family ties or connections with others through letter writing, calls, or visits, or has eliminated contact with individuals outside of prison who are currently involved with crime.

(viii) The defendant has had no disciplinary actions for violent activities in the last five years in which the defendant was determined to be the aggressor.

(G) The court shall have the discretion to recall the sentence and commitment previously ordered and to resentence the defendant in the same manner as if the defendant had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence. The discretion of the court shall be exercised in consideration of the criteria in subparagraph (B). Victims, or victim family members if the victim is deceased, shall be notified of the resentencing hearing and shall retain their rights to participate in the hearing.

(H) If the sentence is not recalled, the defendant may submit another petition for recall and resentencing to the sentencing court when the defendant has been committed to the custody of the department for at least 20 years. If recall and resentencing is not granted under that petition, the defendant may file another petition after having served 24 years. The final petition may be submitted, and the response to that petition shall be determined, during the 25th year of the defendant's sentence.

(I) In addition to the criteria in subparagraph (F), the court may consider any other criteria that the court deems relevant to its decision, so long as the court identifies them on the record, provides a statement of reasons for adopting them, and states why the defendant does or does not satisfy the criteria.

(J) This subdivision shall have retroactive application.

(e)(1) Notwithstanding any other law and consistent with paragraph (1) of subdivision (a), if the secretary or the Board of Parole Hearings or both determine that a prisoner satisfies the criteria set forth in paragraph (2), the secretary or the board may recommend to the court that the prisoner's sentence be recalled.

25

(2) The court shall have the discretion to resentence or recall if the court finds that the facts described in subparagraphs (A) and (B) or subparagraphs (B) and (C) exist:

(A) The prisoner is terminally ill with an incurable condition caused by an illness or disease that would produce death within six months, as determined by a physician employed by the department.

(B) The conditions under which the prisoner would be released or receive treatment do not pose a threat to public safety.

(C) The prisoner is permanently medically incapacitated with a medical condition that renders him or her permanently unable to perform activities of basic daily living, and results in the prisoner requiring 24-hour total care, including, but not limited to, coma, persistent vegetative state, brain death, ventilator-dependency, loss of control of muscular or neurological function, and that incapacitation did not exist at the time of the original sentencing.
The Board of Parole Hearings shall make findings pursuant to this subdivision before making a recommendation for resentence or recall to the court. This subdivision does not apply to a prisoner sentenced to death or a term of life without the possibility of parole.

(3) Within 10 days of receipt of a positive recommendation by the secretary or the board, the court shall hold a hearing to consider whether the prisoner's sentence should be recalled.

(4) Any physician employed by the department who determines that a prisoner has six months or less to live shall notify the chief medical officer of the prognosis. If the chief medical officer concurs with the prognosis, he or she shall notify the warden. Within 48 hours of receiving notification, the warden or the warden's representative shall notify the prisoner of the recall and resentencing procedures, and shall arrange for the prisoner to designate a family member or other outside agent to be notified as to the prisoner's medical condition and prognosis, and as to the recall and resentencing procedures. If the inmate is deemed mentally unfit, the warden or the warden's representative shall contact the inmate's emergency contact and provide the information described in paragraph (2).

(5) The warden or the warden's representative shall provide the prisoner and his or her family member, agent, or emergency contact, as described in paragraph (4), updated information throughout the recall and resentencing process with regard to the prisoner's medical condition and the status of the prisoner's recall and resentencing proceedings.

(6) Notwithstanding any other provisions of this section, the prisoner or his or her family member or designee may independently request consideration for recall and resentencing by contacting the chief medical officer at the prison or the secretary. Upon receipt of the request, the chief medical officer and the warden or the warden's representative shall follow the procedures described in paragraph (4). If the secretary determines that the prisoner satisfies the criteria set forth in paragraph (2), the secretary or board may recommend to the court that the prisoner's sentence be recalled. The secretary shall submit a recommendation for release within 30 days in the case of inmates sentenced to determinate terms and, in the case of inmates sentenced to indeterminate terms, the secretary shall make a recommendation to the Board of Parole Hearings

with respect to the inmates who have applied under this section. The board shall consider this information and make an independent judgment pursuant to paragraph (2) and make findings related thereto before rejecting the request or making a recommendation to the court. This action shall be taken at the next lawfully noticed board meeting.

(7) Any recommendation for recall submitted to the court by the secretary or the Board of Parole Hearings shall include one or more medical evaluations, a postrelease plan, and findings pursuant to paragraph (2).

(8) If possible, the matter shall be heard before the same judge of the court who sentenced the prisoner.

(9) If the court grants the recall and resentencing application, the prisoner shall be released by the department within 48 hours of receipt of the court's order, unless a longer time period is agreed to by the inmate. At the time of release, the warden or the warden's representative shall ensure that the prisoner has each of the following in his or her possession: a discharge medical summary, full medical records, state identification, parole medications, and all property belonging to the prisoner. After discharge, any additional records shall be sent to the prisoner's forwarding address.

(10) The secretary shall issue a directive to medical and correctional staff employed by the department that details the guidelines and procedures for initiating a recall and resentencing procedure. The directive shall clearly state that any prisoner who is given a prognosis of six months or less to live is eligible for recall and resentencing consideration, and that recall and resentencing procedures shall be initiated upon that prognosis.

<u>(f) Notwithstanding any other law and consistent with paragraph (1) of subdivision (a), any prisoner who has served at least 25 years of a determinate sentence and is at least 60 years old shall be eligible for parole as provided in Section ___xx___.</u>

(g~f~) Notwithstanding any other provision of this section, for purposes of paragraph (3) of subdivision (h), any allegation that a defendant is eligible for state prison due to a prior or current conviction, sentence enhancement, or because he or she is required to register as a sex offender shall not be subject to dismissal pursuant to Section 1385.

(h~g~) A sentence to state prison for a determinate term for which only one term is specified, is a sentence to state prison under this section.

(i~h~)(1) Except as provided in paragraph (3), a felony punishable pursuant to this subdivision where the term is not specified in the underlying offense shall be punishable by a term of imprisonment in a county jail for 16 months, or two or three years.

(2) Except as provided in paragraph (3), a felony punishable pursuant to this subdivision shall be punishable by imprisonment in a county jail for the term described in the underlying offense.

(3) Notwithstanding paragraphs (1) and (2), where the defendant (A) has a prior or current felony conviction for a serious felony described in subdivision (c) of Section 1192.7 or a prior or

current conviction for a violent felony described in subdivision (c) of Section 667.5, (B) has a prior felony conviction in another jurisdiction for an offense that has all the elements of a serious felony described in subdivision (c) of Section 1192.7 or a violent felony described in subdivision (c) of Section 667.5, (C) is required to register as a sex offender pursuant to Chapter 5.5 (commencing with Section 290) of Title 9 of Part 1, or (D) is convicted of a crime and as part of the sentence an enhancement pursuant to Section 186.11 is imposed, an executed sentence for a felony punishable pursuant to this subdivision shall be served in state prison.

(4) Nothing in this subdivision shall be construed to prevent other dispositions authorized by law, including pretrial diversion, deferred entry of judgment, or an order granting probation pursuant to Section 1203.1.

(5) The court, when imposing a sentence pursuant to paragraph (1) or (2) of this subdivision, may commit the defendant to county jail as follows:

(A) For a full term in custody as determined in accordance with the applicable sentencing law.

(B)(i) For a term as determined in accordance with the applicable sentencing law, but suspend execution of a concluding portion of the term selected in the court's discretion, during which time the defendant shall be supervised by the county probation officer in accordance with the terms, conditions, and procedures generally applicable to persons placed on probation, for the remaining unserved portion of the sentence imposed by the court. The period of supervision shall be mandatory, and may not be earlier terminated except by court order. Any proceeding to revoke or modify mandatory supervision under this subparagraph shall be conducted pursuant to either subdivisions (a) and (b) of Section 1203.2 or Section 1203.3. During the period when the defendant is under such supervision, unless in actual custody related to the sentence imposed by the court, the defendant shall be entitled to only actual time credit against the term of imprisonment imposed by the court. Any time period which is suspended because a person has absconded shall not be credited toward the period of supervision.

(ii) The portion of a defendant's sentenced term during which time he or she is supervised by the county probation officer pursuant to this subparagraph shall be known as mandatory supervision.

(6) The sentencing changes made by the act that added this subdivision shall be applied prospectively to any person sentenced on or after October 1, 2011.

(j̶i̶) This section shall become operative on January 1, 2014.


Amendment #9

Amend Penal Code section 3046 to read:

3046(a) No prisoner imprisoned under a life sentence may be paroled until he or she has served the greater of the following:

(1) A term of at least seven calendar years.

(2) A term as established pursuant to any other provision of law that establishes a minimum term or minimum period of confinement under a life sentence before eligibility for parole.

(b) If two or more life sentences are ordered to run consecutively to each other pursuant to Section 669, no prisoner so imprisoned may be paroled until he or she has served the term specified in subdivision (a) on each of the life sentences that are ordered to run consecutively.

(c) Notwithstanding subdivisions (a) and (b), any prisoner who has served at least 25 years of an indeterminate life sentence and is at least 60 years old shall be eligible for parole as provided in Section ____xx____.

(d̶e) The Board of Prison Terms shall, in considering a parole for a prisoner, consider all statements and recommendations which may have been submitted by the judge, district attorney, and sheriff, pursuant to Section 1203.01, or in response to notices given under Section 3042, and recommendations of other persons interested in the granting or denying of the parole. The board shall enter on its order granting or denying parole to these prisoners, the fact that the statements and recommendations have been considered by it.

## VI.  APPROPRIATION TO SLOW RATE OF RETURNING OUT-OF-STATE INMATES, LEASE AVAILABLE COUNTY JAIL CAPACITY, AND LEASE IN-STATE PRIVATE PRISON CAPACITY

Amendment #10

Sec. X

To carry out the provisions of this measure, and also as necessary to augment the funds provided in Item 5225-006-0001, Budget Act of 2013, to slow down the rate of return of prisoners being housed out-of-state, there is hereby appropriated from the General Fund up to $150,000,000.00 for the 2013-14 fiscal year and $300,000,000.00 for the 2014-15 fiscal year to the California Department of Corrections and Rehabilitation.

## VII.  AUTHORIZATION TO LEASE AVAILABLE COUNTY JAIL CAPACITY

Amendment #11

Amend Penal Code section 2910 to read:

2910(a) The D̶i̶r̶e̶c̶t̶o̶r̶ ̶o̶f̶ ̶C̶o̶r̶r̶e̶c̶t̶i̶o̶n̶s̶ Secretary of the Department of Corrections and Rehabilitation may enter into an agreement with a city, county, or city and county, to permit transfer of prisoners in the custody of the D̶i̶r̶e̶c̶t̶o̶r̶ ̶o̶f̶ ̶C̶o̶r̶r̶e̶c̶t̶i̶o̶n̶s̶ Secretary of the Department of Corrections and Rehabilitation to a jail or other adult correctional facility of the city, county, or

city and county, if the sheriff or corresponding official having jurisdiction over the facility has
consented thereto. The agreement shall provide for contributions to the city, county, or city and
county toward payment of costs incurred with reference to such transferred prisoners.

(b) For purposes of entering into agreements under subdivision (a) for up to 1,600 inmates, the
Secretary is authorized to waive any process, regulation, requirement or third party approval that
is required under the statutes contained in the California Government Code, the California Public
Contract Code, and the California Penal Code that relate to entering into such agreements.

(c) When an agreement entered into pursuant to subdivision (a) or (b) is in effect with respect to
a particular local facility, the ~~Director of Corrections~~ Secretary of the Department of Corrections
and Rehabilitation may transfer prisoners whose terms of imprisonment have been fixed and
parole violators to the facility.
~~(c)~~(d) Prisoners so transferred to a local facility may, with approval of the ~~Director of
Corrections~~ Secretary of the Department of Corrections and Rehabilitation, participate in
programs of the facility, including work furlough rehabilitation programs.

~~(d)~~(e) Prisoners transferred to such facilities are subject to the rules and regulations of the facility
in which they are confined, but remain under the legal custody of the Department of Corrections
and Rehabilitation and shall be subject at any time, pursuant to the rules and regulations of the
~~Director of Corrections~~ Secretary of the Department of Corrections and Rehabilitation, to be
detained in the county jail upon the exercise of a state parole or correctional officer's peace
officer powers as specified in Section 830.5, with the consent of the sheriff or corresponding
official having jurisdiction over the facility.

~~(e)~~(f) The ~~Director of Corrections~~ Secretary of the Department of Corrections and Rehabilitation,
to the extent possible, shall select city, county, or city and county facilities in areas where
medical, food, and other support services are available from nearby existing prison facilities.

~~(f)~~(g) The ~~Director of Corrections~~ Secretary of the Department of Corrections and Rehabilitation,
with the approval of the Department of General Services, may enter into an agreement to lease
state property for a period not in excess of 20 years to be used as the site for a facility operated
by a city, county, or city and county authorized by this section.

~~(g)~~(h) No agreement may be entered into under this section unless the cost per inmate in the
facility is no greater than the average costs of keeping an inmate in a comparable facility of the
department, as determined by the ~~director~~ Secretary.


# VIII.  AUTHORIZATION TO LEASE IN-STATE PRIVATE PRISON CAPACITY

Amendment #12


Add Penal Code section ___xx_____ to read:

___xxx___. The Secretary of the Department of Corrections and Rehabilitation may enter into
one or more agreements, not to exceed five years, to obtain secure housing capacity within the

state for up to 2,500 inmates. These agreements may be entered into with private entities and may be in the form of a lease or an operating agreement. The Secretary may procure and enter these agreements on terms and conditions he or she deems necessary and appropriate and is authorized to waive any process, regulation, or requirement or third party approval that is required under the statutes contained in the California Government Code, the California Public Contract Code, and the California Penal Code that relate to procurement and implementation of these agreements; provided however, that no such agreement shall contain terms, either directly or indirectly, that involve the repayment of any debt issuance or other financing and, consistent with state law, shall provide that payment of such agreement is subject to appropriation.