KAMALA D. HARRIS
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
JAY C. RUSSELL
Supervising Deputy Attorney General
DEBBIE VOROUS, State Bar No. 166884
PATRICK R. MCKINNEY, State Bar No. 215228
MANEESH SHARMA, State Bar No. 280084
Deputy Attorneys General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-5553
 Fax: (415) 703-1234
 E-mail: patrick.mckinney@doj.ca.gov
*Attorneys for Defendants*

Hanson Bridgett LLP
JERROLD C. SCHAEFER, State Bar No. 39374
PAUL B. MELLO, State Bar No. 179755
WALTER R. SCHNEIDER, State Bar No. 173113
SAMANTHA D. WOLFF, State Bar No. 240280
 425 Market Street, 26th Floor
 San Francisco, California 94105
 Telephone: (415) 777-3200
 Fax: (415) 541-9366
 E-mail: pmello@hansonbridgett.com

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**EDMUND G. BROWN JR., et al.,**<br><br>Defendants. | 2:90-cv-00520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| **MARCIANO PLATA, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**EDMUND G. BROWN JR., et al.,**<br><br>Defendants. | C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**DEFENDANTS' REQUEST FOR CLARIFICATION REGARDING THE STATE LAWS WAIVED BY THE COURT'S JUNE 20 ORDER** |

In its June 20, 2013 order, the Court expressly waived, among other laws, "Penal Code sections 1170, 2900, and 2901, *and any other local or state laws and regulations* requiring that persons convicted of a felony be housed in a state prison until the end of the term of sentence." (ECF 2659/4662 at 44, emphasis added.) In addition, the Court expressly waived numerous other laws it listed in an appendix that would impede implementation of the amended court-ordered plan. (*Id*.) Finally, the Court made clear that "[t]o the extent that any other state or local laws or regulations impede the immediate implementation of the Amended Plan, *we waive those as well*[.]" (*Id*., emphasis added.) The Court then directed Defendants to provide the Court with a list of such laws and regulations within 20 days of the order. In accordance with the Court's directive, Defendants now identify the following laws that bar Defendants from implementing the measures in the amended court-ordered plan for confirmation from the Court that they have been waived.[1]

### A. Waiver of the Constitutional and State Law Restrictions on Spending State Money.

As the Court noted in Appendix A to the June 20 order, Defendants cited the need for a legislative appropriation to slow the return of inmates housed in the out-of-state program. (June 20, 2013 Order Appx. A, ECF 2659/4662.) In fact, the state constitution restricts the expenditure of state funds without legislative appropriation. (*See* Cal. Const. Art. XVI, section 7.) Expenditure authority would also be needed to implement the elderly and medical parole measures in the court-ordered amended plan. (*See* July 13, 2013 Status Report, ECF 2672/4670.) Finally, although the Court did not credit Defendants with any population reduction resulting from the measure to obtain a contract with counties with available jail capacity, Defendants are continuing to pursue the viability of this option. (*Id.*) Expenditure authority would also be needed for Defendants to obtain these contracts with local jails. (*Id.*) Defendants have requested the necessary appropriation from the Legislature for these measures (*see id.* at 3), but the Court

---

[1] Clarification is necessary because Defendants have serious questions about whether they can take certain actions necessary to implement the measures in the amended plan without violating their official duties or without incurring liability for expending state funds without a legislative appropriation.

must clarify that the following provisions of the California Constitution and state law have also been waived to allow immediate implementation of these measures:

- Article XVI, section 7 of the California Constitution ("Money may be drawn from the Treasury only through an appropriation made by law and upon a Controller's duly drawn warrant");

- Cal. Gov't Code § 13324 ("any person who incurs any expenditures in excess of the allotments or other provisions of the fiscal year budget . . . is liable both personally and on his official bond for the amount of excess expenditures"); and

- Section 32 of the California Budget Act of 2013, which forbids any expenditure in excess to those provided in the budget act, and declares void any indebtedness in violation of this provision.  This section further provides that state officials who incur expenditures in excess of the allotments in the budget are personally liable for any excess.

**B.   Clarification of Additional State Constitutional and State Law Provisions For Immediate Implementation of the Amended Court-Ordered Plan.**

The measures in the court-ordered amended plan that would increase prison credits and expand medical parole and parole for low-risk elderly inmates would result in the release of inmates before completing their sentences.  (June 20, 2013 Order 37-41; July 13, 2013 Decl. Jeffrey Beard, Ex. 1, 12-15, ECF 2673-1/4681-1.)  In addition to the laws listed in Appendix A of the Court's June 20 order, Defendants request confirmation from the Court that it has waived the following provisions of the California Constitution to allow immediate implementation of these measures:

- Article I, sections 28(a)(5) and 28(f)(5) of the California Constitution which prohibit the early releases contemplated by the Court; and

- Article I, sections 28(b)(3), (b)(7), (b)(8), (b)(12), (b)(15), (b)(16), and (c)(1) which impose notice and hearing requirements that would delay implementation of the measures in the plan beyond December 31, 2013.

**C.   Confirmation of Authority to Implement Measures Not Expressly Authorized by State Law.**

Most of the measures in the amended court-ordered plan would normally require authorization under state law.  For example, while there exists a statutory authorization for the current medical parole process (Penal Code section 3550), there is no statutory authorization for the expanded version in the amended court-ordered plan.  Likewise, there is no statutory authorization for the elderly parole process at all.  This Court's order also requires that inmates

with a violent felony commitment offense pursuant to Penal Code section 667.5(c)(5) must have their credit-earning rate increased to 34 percent immediately and retroactive to the date of arrival at CDCR, instead of the 15 percent currently allowed under Penal Code section 2933.1.  (June 20, 2013 Order at 37.)  Thus, these inmates would be released early, having served only 66 percent of their sentence, rather than 85 percent of it as required by California law.

Because these court-ordered measures have not been legislatively enacted, no legislative authorization currently exists for Defendants to implement them.  Notwithstanding the absence of any specific authorization under state law, Defendants understand that the Court provided the necessary authority to implement these measures in the absence of state law in its June 20 Order. The Court stated, "this Court provides the necessary authorization for defendants to begin implementation immediately." (June 20, 2013 Order at 43.)  The Court expressly found that all federal law requirements had been met to order government officials to exceed their authority under state or local laws. (*Id*.)  The Court further stated that "implementation of these measures is required by federal law" and "defendants and their subordinates are ordered to implement the Amended Plan, or any actions authorized by it, notwithstanding any state or local laws or regulations to the contrary." (*Id*.)

Defendants construe the June 20 order as providing the necessary authorization for Defendants to implement all aspects of the amended court-ordered plan.  If Defendants are mistaken, they request clarification of the Court's June 20 order.

Dated:  July 10, 2013                                        HANSON BRIDGETT LLP

By: */s/ Paul B. Mello*
PAUL B. MELLO
*Attorneys for Defendants*

Dated:  July 10, 2013                                        KAMALA D. HARRIS
Attorney General of California

By: */s/ Patrick R. McKinney*
PATRICK R. MCKINNEY
Deputy Attorney General
*Attorneys for Defendants*

SF2007200670
20709405.docx