KAMALA D. HARRIS
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
JAY C. RUSSELL
Supervising Deputy Attorney General
DEBBIE VOROUS, State Bar No. 166884
PATRICK R. MCKINNEY, State Bar No. 215228
MANEESH SHARMA, State Bar No. 280084
Deputy Attorneys General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5553
 Fax:  (415) 703-1234
 E-mail:  patrick.mckinney@doj.ca.gov
*Attorneys for Defendants*

Hanson Bridgett LLP
JERROLD C. SCHAEFER, State Bar No. 39374
PAUL B. MELLO, State Bar No. 179755
WALTER R. SCHNEIDER, State Bar No. 173113
SAMANTHA D. WOLFF, State Bar No. 240280
 425 Market Street, 26th Floor
 San Francisco, California 94105
 Telephone:   (415) 777-3200
 Fax:  (415) 541-9366
 E-mail: pmello@hansonbridgett.com

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| **RALPH COLEMAN, et al.,** | 2:90-cv-00520 LKK JFM P |
| Plaintiffs, | **THREE-JUDGE COURT** |
| v. | |
| **EDMUND G. BROWN JR., et al.,** | |
| Defendants. | |
| **MARCIANO PLATA, et al.,** | C01-1351 TEH |
| Plaintiffs, | **THREE-JUDGE COURT** |
| v. | |
| **EDMUND G. BROWN JR., et al.,** | **DECLARATION OF JEFFREY BEARD, Ph.D., IN SUPPORT OF DEFENDANTS' STATUS REPORT IN RESPONSE TO JUNE 30, 2011, APRIL 11, 2013, AND JUNE 20, 2013 ORDERS** |
| Defendants. | |

I, JEFFREY BEARD, Ph.D., declare as follows:

1. I am the Secretary of the California Department of Corrections and Rehabilitation (CDCR). I am competent to testify to the matters set forth in this declaration, and if called upon to do so, I would and could so testify. My background and qualifications are stated in my prior declarations submitted to this Court, and I do not repeat them here. I submit this declaration in support of Defendants' July 18, 2013 Status Report in Response to the Court's June 30, 2011, April 11, 2013, and June 20, 2013 Orders.

2. On June 25, 2013, CDCR dedicated the 1,818 bed California Health Care Facility in Stockton. We expect that this facility, which will provide state-of-the-art medical and mental health care to the state's sickest inmate-patients, will begin receiving patients on July 22, 2013. This facility is the latest example of Defendants' commitment to provide quality care to inmates.

3. The budget for fiscal year 2013-14 includes an increase of $15.4 million to fund the participation of 3,800 state prison inmates in fire camps. CDCR's Blueprint ("The Future of California Corrections") contemplated reducing fire camp capacity to 2,500 inmates by June 27, 2013 but, due to the budget increase and CDCR's efforts to screen and evaluate additional inmates for fire camp eligibility, CDCR currently houses 3,923 inmates in fire camps. CDCR will continue to house at least 3,800 inmates in fire camps consistent with the Court's Amended Plan.

4. As discussed in my June 3, 2013 declaration and attachment (ECF 2673/4681), on June 21, 2013, Defendants submitted to the Legislature draft language proposing changes to state law to: (1) increase certain prison credits; (2) expand the eligibility criteria for medical parole; (3) establish a parole process for low-risk elderly inmates; (4) obtain a legislative appropriation of funds to contract up to 1,600 jail beds from counties with available capacity; and (5) obtain a legislative appropriation of funds to slow the rate of returning inmates housed out-of-state to California.

5. With respect to changes to prison credits, Defendants are assessing the Court's order to implement credits retroactively, as well as potential alternative measures to achieve the same

1

level of reductions. As part of this assessment, Defendants have also begun identifying and addressing technical considerations for the implementation of the credits program.

6. In addition to proposing legislative language expanding the criteria for medical parole, Defendants have worked with the Receiver to obtain a preliminary list of potentially eligible candidates for medical parole and are continuing discussions on possible expansion of the list. Defendants are also continuing to work with the Receiver's Office and Board of Parole Hearings to develop a schedule and procedure for implementing this measure. On July 12, 2013, Defendants met with the Receiver and the Board to discuss criteria for prioritizing eligible candidates, establishing processes and timelines for the Receiver's Office to submit expedited medical packets, and how to manage post-release issues, such as placement in the community and transport for paroled inmates.

7. With respect to a parole process for low-risk elderly inmates, Defendants are working to identify eligible candidates and are working with the Board of Parole Hearings to develop a process for implementing this measure. CDCR's Division of Internal Oversight and Research is currently working to identify, screen, and evaluate potentially eligible inmates. Inmates who are 60 years old or older, have served 25 years in custody, and who are not serving a condemned sentence or term of life without the possibility of parole are preliminarily eligible. Additionally, this population of elderly inmates may overlap with those inmates being considered for early release or expanded medical parole. Thus, a process by which such duplications are screened out is currently being developed.

8. As discussed in my June 3, 2013 declaration and attachment (ECF 2673/4681), Defendants requested that the Legislature appropriate from the General Fund up to $150 million for the 2013-14 fiscal year, and up to $300 million for the 2014-15 fiscal year to maintain the out-of-state custody program. Prior to June 30, 2013, Defendants identified and endorsed inmates for participation in the out-of-state program, and housed 8,982 inmates in other states as of July 10, 2013. Defendants have amended their contract to extend the out-of-state custody program for an additional three years and will continue to house these inmates out of state consistent with the Court's Amended Plan, contingent on the Court's clarification that it has waived the

2

Decl. Jeffrey Beard Supp. Defs.' Status Report in Resp. to June 30, 2011, Apr. 11, 2013, & June 20, 2013 Orders
Case Nos. 2:90-cv-00520 LKK JFM PC & C01-1351 TEH

constitutional and statutory provisions that bar the State from spending state fund without a legislative appropriation.

9.  In addition to the proposed legislative language to permit CDCR to contract for up to 1,600 jail beds from counties with available capacity, Defendants have started discussions with various counties to determine availability of jail bed space, and are continuing to pursue this option.

10. Defendants are making diligent and concerted efforts "to develop a system to identify prisoners who are unlikely to reoffend or who might otherwise be candidates for early release," as required by this Court's orders. The system is taking shape, but is not yet complete. Defendants' internal timeline is to finalize the system in approximately 30 days, but have identified key factors which weigh on the development of the system and may impact this timeline. Defendants have conducted, and continue to conduct, numerous deliberation meetings, reviews, and assessments of the current offender population and will advise the Court of any impact or changes to Defendants' estimated timeline.

11. The development of the system is difficult and time consuming because Defendants must evaluate not only offenders' California Static Risk Assessment (CSRA) levels and commitment offense, but also criteria such as prior offenses, serious rule violations while in prison, and gang affiliations. Notably, recent research demonstrates even inmates with a "low risk" rating under the CSRA are not "unlikely to reoffend." And the results of Defendants' reviews and assessments of the current offender population demonstrates that there are simply not enough low risk, non-violent, non-serious offense inmates suitable for early release.

12. Further, evaluation of offenders based only on commitment offense and prior violation omits factors highly relevant to recidivism and public safety. For example, CDCR's current population of non-serious, non-violent, non-registerable sex offenders without a prior serious or violent offense includes inmates who pose a substantial risk to the community based on their in-prison behavior or amount of time served. This population includes inmates who have committed serious in-prison felonies, such as murder, battery, rape, and assault, or who are validated prison gang-members. Releasing inmates who have committed in custody misconduct

3

is not good correctional practice and compromises prison safety and security. Further, releasing those with very little time served does not achieve the deterrent effect that incarceration is meant to provide. And based on my experience, I believe the release of inmates with fewer than 12 months left to serve on their sentence, while not without risk, poses a lower relative risk to public safety. Therefore, development of the early release system requires evaluation of offenders who have committed violent crimes as well as offenders with elevated risk scores. These evaluations and decisions are not quick, clear, or easy.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed in Sacramento, California on July 18, 2013.

                                         __/s/ (original signature retained by counsel)_____
                                                     JEFFREY BEARD, Ph.D.

4

Decl. Jeffrey Beard Supp. Defs.' Status Report in Resp. to June 30, 2011, Apr. 11, 2013, & June 20, 2013 Orders
Case Nos. 2:90-cv-00520 LKK JFM PC & C01-1351 TEH