**Exhibit 13**

**Robert A. Barton**
**Inspector General**

# Office of the Inspector General

# SEMI-ANNUAL REPORT

# July – December 2012

## Volume I



**April 2013**

## Fairness ◆ Integrity ◆ Respect ◆
## Service ◆ Transparency

# Office of the Inspector General

# SEMI-ANNUAL REPORT

## July-December 2012

## Volume I



Robert A. Barton
*Inspector General*

Roy W. Wesley
*Chief Deputy Inspector General*

James C. Spurling
*Chief Counsel*

Renee L. Hansen
*Executive Director,*
*California Rehabilitation Oversight Board*
*Public Information Officer*

April 2013

# TABLE OF CONTENTS

## VOLUME I

FOREWORD.................................................................................................................1

DISCIPLINE MONITORING ACTIVITIES ......................................................2

THE EMPLOYEE DISCIPLINE PROCESS ........................................................2

MONITORING THE INVESTIGATIVE PHASE .............................................4

   *Monitoring Central Intake* ..............................................................................4

   *Allegation Type Distribution*..........................................................................5

MONITORING THE DISCIPLINARY PHASE ...............................................6

   *Findings and Penalties*....................................................................................6

   *Executive Review* ............................................................................................6

CONCLUSION ..............................................................................................................8

APPENDICES.................................................................................................................10

   **(LISTED BY GEOGRAPHICAL REGION)**

   *A – Investigative Phase Case Summaries*……... ..........................................11

   *B – Disciplinary Phase Case Summaries*…………………………………… .........74

   *C – Combined Phases Case Summaries*…………………………...……...............139

## VOLUME II

SUMMARY OF OTHER MONITORING ACTIVITIES ...........……………………………..191

MONITORING CRITICAL INCIDENTS.........................................................192

   *Monitoring Deadly Force Incidents* ...........................................................194

MONITORING USE OF FORCE ..........................................................................196

MONITORING CONTRABAND SURVEILLANCE WATCH ................................198

CONCLUSION .............................................................................................................202

APPENDICES ..............................................................................................................205

   **(LISTED BY GEOGRAPHICAL REGION)**

   *D – Critical Incident Case Summaries*…………………………………… .......206

   *E – Deadly Force Incident Case Summaries* …………………………………........232

   *F – Contraband Surveillance Watch Case Summaries.* ……………………………….250

# FOREWORD

This 16th Semi-Annual Report (SAR) covers the time period of July through December 2012. Pursuant to California Penal Code (PC) section 6125 et. seq., the Office of the Inspector General (OIG) is required to report semi–annually on its oversight of the California Department of Corrections and Rehabilitation's (CDCR or the department) Office of Internal Affairs (OIA) investigations and the employee discipline process. Traditionally, our semi-annual reports have primarily served this purpose. In addition to its oversight of CDCR's employee discipline process, the legislature relies on the OIG to use our real-time monitoring model to provide oversight and transparency in several other areas within the state prison system. Therefore, we are now publishing our SAR in a two-volume format to allow readers to more easily distinguish the various categories of oversight activity.

This is the first report using the two-volume modified format. In the new format, Volume I is a summary of monitored cases in the employee discipline process. Cases are reported at the end of the Investigative Phase and again at the end of the Disciplinary Phase; or, if the matter was resolved entirely within the reporting period, there is a combined assessment. An appendix for each assessment is included in this report. We also include any recommendations made in each phase as we continually strive to add value to the review process. We also assess the sufficiency of each case based on CDCR's overall handling of the case. Our assessment of a case may be based on process, outcome, or both.

Volume II is a summary of OIG monitoring activities other than employee discipline monitoring. Volume II reports our monitoring and assessment of the department's handling of critical incidents, including their handling of incidents involving deadly force. It also, for the first time, reports our monitoring of CDCR's adherence to their contraband surveillance watch (CSW) policy, and our monitoring of use-of-force reviews within the department. Since each of these activities is monitored on an ongoing basis, we have combined them all into one report to be published every six months in this two-volume semi-annual report.

We encourage feedback from our readers and strive to publish reports that meet our statutory mandates, as well as offer all concerned parties a useful tool for improvement. For more information about the Office of the Inspector General, including all reports, please visit our website at www.oig.ca.gov.

— ROBERT A. BARTON, INSPECTOR GENERAL

# DISCIPLINE MONITORING ACTIVITIES

The Office of the Inspector General's Discipline Monitoring Unit (DMU) is responsible for monitoring CDCR's employee discipline process. The OIG monitors and assesses the department's internal affairs investigations of alleged employee misconduct, as well as the disciplinary decisions related to sustained employee misconduct and any subsequent appeal. In Volume I, we summarize OIG monitoring activities for both administrative and criminal investigations conducted by the department.

We report cases in two separate phases. First is the Investigative Phase. If the investigation of a case has concluded, either by submission to the department for disciplinary findings in an administrative case, or to the district attorney's office for review in a criminal case, it is reported in the Investigative Phase table (see appendices). Second is the Disciplinary Phase. In this phase, cases are reported once the department makes a decision on imposing discipline, and after any resolution or conclusion of any appeal process. The two phases may be reported in our Combined Phases table if both concluded during the six-month reporting period.

This report provides an assessment of 278 monitored cases that the OIG closed during the reporting period of July 1 through December 31, 2012. Most cases monitored by the OIG involve allegations of administrative misconduct. This includes cases for which the department conducts an internal affairs investigation and then determines if disciplinary action is appropriate, as well as direct action cases wherein the department determines there is enough evidence to impose discipline without an internal affairs investigation, or with a subject only interview.

The number of cases reported does not correlate to the number of cases that the department's OIA has opened during the reporting period. It is only a reflection of the number of cases we monitored that came to a conclusion, and were therefore, reportable by the OIG during this period.

# THE EMPLOYEE DISCIPLINE PROCESS

Whenever the department reasonably believes that employee misconduct may have occurred, it is the responsibility of the hiring authority to request an investigation in a timely manner. The matter is referred to the department's central intake panel who then determines if an internal affairs investigation is warranted, whether enough information exists for the department to proceed with a disciplinary action without an investigation, if a subject only interview is needed, or if no further action is warranted. The OIG participates in the central intake panel meetings to monitor the process, provide recommendations on central intake panel determinations, and determine which cases the OIG will accept for monitoring. The following table is the OIG guide for determining which cases we accept for monitoring.

| *Madrid*-Related Criteria | OIG Monitoring Threshold |
|---|---|
| Use of Force | Use of force resulting in, or which could have resulted in, serious injury or death, or discharge of a deadly weapon when the discharge does not constitute a warning shot. |
| Dishonesty | Perjury; material misrepresentation in an official law enforcement report; failure to report a use of force resulting in, or which could have resulted in, serious injury or death; or material misrepresentation during an internal affairs investigation. |
| Obstruction | Intimidating, dissuading or threatening witnesses; retaliation against an inmate or against another person for reporting misconduct; or the destruction or fabrication of evidence. |
| Sexual Misconduct | Sexual misconduct prohibited by Penal Code section 289.6. |
| High Profile | Cases involving alleged misconduct by high-ranking department officials; misconduct by any employee causing significant risk to institutional safety and security, or for which there is heightened public interest, or which results in significant injury or death to an inmate, ward, or parolee (excluding medical negligence). |
| Abuse of Position or Authority | Unorthodox punishment or discipline of an inmate, ward, or parolee; or purposely or negligently creating an opportunity or motive for an inmate, ward, or parolee to harm themselves (i.e. suicide), one another, or staff. |
| Criminal Conduct | Trafficking of items prohibited by the Penal Code; or criminal activity that, if convicted, would prohibit a peace officer from carrying a firearm (e.g. - all felonies and certain misdemeanors/wobblers, such as those involving domestic violence, brandishing a firearm, and assault with a firearm). |

Once a case is accepted for monitoring, it is followed through the entire process. If an internal affairs investigation is conducted, the assigned OIG Special Assistant Inspector General (SAIG) consults with the investigators and the department attorney, if one is designated, throughout the process.

The hiring authority is required to review the investigative report within 14 days of receipt. Policy requires the hiring authority to consult with the assigned SAIG on their discipline decision. If the SAIG believes the hiring authority's decision is unreasonable, the matter may be elevated to the next supervisory level through a process called executive review.[1]

Employees who are disciplined have a right to challenge the discipline imposed against them by filing an appeal with the State Personnel Board (SPB), an independent state agency. The OIG monitoring continues through this appeal process. During this process, a case can be concluded by way of settlement (a mutual agreement between the department and employee), a unilateral action by one party withdrawing the appeal or disciplinary action, or SPB decision after a contested hearing. In cases where the SPB decision is subsequently appealed in Superior Court, the OIG continues to monitor the case until final resolution.

---

[1] Pursuant to Department Operations Manual, Chapter 3, section 33030.14, when there is a disagreement over a hiring authority's decision concerning findings, penalty, or settlement, the OIG, or other designated stakeholders, can elevate that decision to a higher level of managerial review.

# MONITORING THE INVESTIGATIVE PHASE

The Investigative Phase generally starts with the request for investigation, either by the hiring authority or OIA's initiative.

## MONITORING CENTRAL INTAKE

The department's central intake panel meets weekly to review the referrals for investigation submitted from throughout the entire department. Within the OIG's DMU are SAIGs assigned to attend the weekly central intake panel meetings and also review the investigation referrals. The SAIG makes recommendations to the department regarding whether the case should be opened for investigation and the level of investigation needed. The SAIG also informs the department which cases the OIG will accept for monitoring. In this six-month reporting period, the OIG reviewed 1,074 cases that were forwarded to the department's central intake panel for evaluation.

> The OIG reviewed 1,074 cases referred to the OIA. Twenty-two percent of those cases met our criteria and we accepted 236 cases for monitoring.

The department currently has no set timeliness standard for referring cases for investigation. The OIG uses 45 days as a reasonable timeliness standard for the hiring authority to refer cases to the central intake panel to open an investigation. At their inception, the hiring authority referred 75 percent of the closed cases now being reported to the central intake panel within 45 days.

Although departmental policy requires the central intake panel to make a determination on a particular case within 30 days of referral to the OIA, only 88 percent of the cases closed and reported in this time frame had timely determinations when they went through the central intake panel process.

## ALLEGATION TYPE DISTRIBUTION

Consistent with prior reporting periods, the OIG focused a large portion of its monitoring activities on cases involving core *Madrid* issues. The core *Madrid* allegations involve unreasonable use of force, officer dishonesty, failure to report misconduct, and code of silence.

Chart 1 provides a summary of the types of allegations in the OIG closed cases this reporting period for the core *Madrid* allegations of misconduct and the most frequent other allegation types monitored. It is important to note that a single case often contains many allegations of misconduct; therefore, the number of allegations may exceed the number of cases reported. This chart does not reflect any trends regarding CDCR discipline issues, but rather is only a reflection of the allegation distribution for the OIG-monitored closed cases during the reporting period.

**Chart 1: Core *Madrid* Allegations for Cases Closed by the OIG July-December 2012**



# MONITORING THE DISCIPLINARY PHASE

The Disciplinary Phase starts with the hiring authority's determination whether or not to sustain the allegations. If the allegations are sustained, the hiring authority must impose a penalty consistent with the provisions of CDCR's policies and procedures.

## FINDINGS AND PENALTIES

A critical step in the administrative disciplinary process is when a hiring authority determines which allegations should be sustained, if any, and the appropriate penalty. Based on the evidence presented, the hiring authority must: 1) determine whether there is enough evidence to make a finding; 2) find that the allegations are not sustained, unfounded, or exonerated; or 3) find that the allegations are sustained. If the allegations are sustained, the hiring authority must determine the appropriate penalty. The appropriate penalty must be drawn from the "disciplinary matrix[2]," which sets out penalty ranges for each category of misconduct found in CDCR's policies and procedures. The hiring authority consults with the department attorney (on cases where an attorney is assigned) and the SAIG monitoring the case. The hiring authority considers each case on its own merits to determine penalty, while taking into consideration any aggravating or mitigating factors.

## EXECUTIVE REVIEW

If either the SAIG or the department attorney believes the hiring authority has made an unreasonable decision as to findings or penalty, executive review can be sought pursuant to CDCR's policies and procedures. In the executive review, the hiring authority's supervisor, the department attorney's supervisor, and an OIG supervisor conduct the disciplinary process.

---

[2] Department Operations Manual, Chapter 3, section 33030.17 states "Sufficient evidence establishing preponderance is necessary before any disciplinary action can be taken. The Employee Disciplinary Matrix shall be the foundation for all disciplinary action considered and imposed by the Department and shall be utilized by the Hiring Authority to determine the penalty to impose for misconduct." The Disciplinary Matrix is located in the Department Operations Manual, Chapter 3, section 33030.19.

Chart 2 provides a comparison of executive review requests between this reporting period and the two prior reporting periods. In the current reporting period, the OIG requested executive review in two cases. In both cases the executive review decision was not consistent with the OIG's position. In the January 1 through June 30, 2012, reporting period, the OIG requested executive review in six cases. In five of those cases the ultimate decision made at the executive review was consistent with the OIG position. Finally, in the July 1 through December 31, 2011, reporting period, executive review was requested nine times (five requests from the OIG and four department requests), and the final decision was consistent with the OIG position in all nine cases.

**Chart 2: Executive Review**

| | Total Number of Requests for Executive Review in This Reporting Period Compared to Previous Reporting Periods | | | | |
|---|---|---|---|---|---|
| | Department Requested Executive Review | OIG Did Not Concur with Department's Request for Executive Review | OIG Requested Executive Review | Total Number of Requests for Executive Review | Executive Review Decision Consistent with OIG's Position |
| **July-Dec 2012 Reporting Period** | 0 | 0 | 2 | 2 | 0 |
| **Jan-June 2012 Reporting Period** | 0 | 0 | 6 | 6 | 5 |
| **Jul-Dec 2011 Reporting Period** | 4 | 4 | 5 | 9 | 9 |

# CONCLUSION

The OIG and the department continue to work collaboratively to improve the internal affairs investigation and employee discipline processes. As a result of our October 2012 Semi-Annual Report, joint meetings were held between CDCR and OIG management, as well as CDCR and OIG staff in the south region to address concerns raised in the past. As illustrated in the case sufficiency ratings chart below, at 32 percent the south region still has the highest insufficiency rating of the regions. However, while this report shows significant room for improvement, it does not necessarily reflect the most recent efforts and pledge to improve by CDCR and their south region Employment Advocacy and Prosecution Team. Many of the insufficient cases were already in process at the time of our last report. The OIG is optimistic that future ratings will improve.

**Chart 3: Department Case Sufficiency Ratings by Region**



Chart 3 above breaks down our assessments by region for both the Investigative Phase and Discipline Phase assessments. Chart 4 on the following page shows that overall, 70 percent of investigations and 75 percent of the disciplinary cases monitored statewide were assessed as sufficient. The reasons for the insufficiencies are given in the tables found in Appendices A, B, and C.

**Chart 4: Department Overall Case Sufficiency Ratings Comparison**



Chart 4 shows a comparison for both investigative and disciplinary overall sufficiency ratings during the previous reporting period and the current one. It shows a minor deviation of 1 percent in each overall category, indicating no real overall decrease or increase in performance between these two periods.

Executive review is a critical part of the discipline process. It is designed to be used sparingly and only when there are differing opinions that cannot be resolved at the initial hiring authority level. The fact that there are only two being reported for this time frame indicates that the department and the OIG are able to work together to achieve reasonable outcomes in the overwhelming majority of cases.

Overall, for the last three reporting periods, 14 out of 17 executive reviews were ultimately decided consistent with the OIG recommendation. While there were two cases in this period that had outcomes that were inconsistent with the OIG's recommendation, it is not cause for alarm. The executive review process still provides differing viewpoints to be considered at a higher level. It was never contemplated that one side would always prevail. There are times when reasonable minds will differ, and while the OIG maintains its position on both cases, we only have the authority to make recommendations. The description of both cases can be found in Appendix C. We continue to believe executive review is a valuable tool, and will invoke it whenever necessary.

The OIG serves a vital oversight role in CDCR's investigation and employee discipline process. By providing transparent monitoring and consistent reporting, we continually strive to preserve the progress achieved under the *Madrid* lawsuit and maintain the public's trust in the corrections system.

# APPENDICES

**Appendix A** contains the assessments for 117 incidents monitored during this reporting period, listed by geographical region.

**Appendix B** contains the assessments for 93 investigative case summaries monitored during the reporting period, listed by geographical region.

**Appendix C** contains the results and outcomes of 85 combined phase case summaries monitored during the reporting period, listed by geographical region.

# APPENDIX A                                         117
# INVESTIGATIVE PHASE CASE SUMMARIES
## CENTRAL REGION

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2010-01-01 | 12-0742-IR | Criminal Investigation | 1. Criminal Act |

### Incident Summary

Between January 2010 and July 2010, a supervising cook allegedly engaged in sexual misconduct with inmates. The supervising cook allegedly allowed inmates to tickle and fondle him, and allegedly called one inmate "cutie" and followed him into the bathroom area. The supervising cook also allegedly asked that inmate to sit on his lap, slapping his own leg as a gesture for the inmate to sit down. In May 2010, the supervising cook allegedly assaulted that inmate by punching the inmate's back. The investigation failed to establish sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The Office of Internal Affairs also opened an administrative investigation, which the OIG did not accept for monitoring.

### Investigative Assessment | Rating: Sufficient

Overall, the department's investigative process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2010-03-18 | 10-1403-IR | Criminal Investigation | 1. Criminal Act |

### Incident Summary

Between March 18, 2010, and April 12, 2010, a supervising cook allegedly engaged in overly familiar relationships with inmates by bringing them heroin, mobile phones, and tobacco. The cook also allegedly engaged in an overly familiar sexual relationship with one of those inmates. It was further alleged that the cook used heroin while on duty. The Office of Internal Affairs conducted an investigation and found sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The cook subsequently resigned from his position with the department. Therefore, the Office of Internal Affairs did not open an administrative investigation.

### Investigative Assessment | Rating: Sufficient

The department's investigative process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2010-05-17 | 11-2653-IR | Criminal Investigation | 1. Criminal Act |

### Incident Summary

Between May 17, 2010, and October 29, 2011, a supervising cook allegedly engaged in an overly familiar relationship with an inmate by committing sexual acts with him. During that time, the supervising cook also allegedly provided tobacco, mobile phones, and marijuana to inmates for personal gain. The Office of Internal Affairs conducted an investigation and found sufficient evidence for a probable cause referral to the district attorney. The OIG concurred. The supervising cook pled no contest to a sexual misconduct charge. The Office of Internal Affairs also opened an administrative investigation, which the OIG did not accept for monitoring. As a result of the investigation, the supervising cook was dismissed from his employment with the department.

### Investigative Assessment | Rating: Sufficient

Overall, the department's investigative process sufficiently complied with policies and procedures.

# CENTRAL REGION

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-01-01 | 12-1010-IR | Administrative Investigation | 1. Dishonesty<br>2. Neglect of Duty |

### Incident Summary

Between January 1, 2011, and May 22, 2011, an officer allegedly conspired with inmates, allowing inmates to assault other inmates, and allowing inmates to go to other cells to provide tattoos or steal other inmates' property. On February 19, 2011, and May 22, 2011, the officer allegedly knew that two inmates were going to be assaulted but did nothing to stop the assaults, failed to activate his alarm, and failed to document the assaults. The officer also allegedly provided contraband such as tobacco and electronic devices to inmates. Additionally, while on duty, the officer allegedly smoked tobacco, drank inmate-manufactured alcohol, and used his personal mobile phone. The officer was also allegedly dishonest during his interview with the Office of Internal Affairs.

### Investigative Assessment

**Rating: Sufficient**

Overall, the department's investigative process sufficiently complied with policies and procedures. The hiring authority originally delayed referring the matter to the Office of Internal Affairs more than three months. At that time, OIA Central Intake opened a criminal investigation. A subsequent request to open an administrative investigation was made on April 18, 2012, over 11 months after the discovery of the misconduct. However, the deadline for taking disciplinary action was suspended on April 24, 2012, due to the district attorney's review of the criminal case.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-02-04 | 11-1136-IR | Administrative Investigation | 1. Dishonesty<br>2. Disorderly Conduct<br>3. Battery<br>4. Bribery |

### Incident Summary

On February 4, 2011, while at a bar, two off-duty officers allegedly fought with a third person, striking and kicking that person. The two officers then allegedly made false statements to outside law enforcement about the incident. Additionally, one of the officers allegedly attempted to bribe the third person by offering him money in exchange for not pursuing a criminal case against the officers. Both officers were later convicted of disturbing the peace.

### Investigative Assessment

**Rating: Sufficient**

Overall, the department's investigative process sufficiently complied with policies and procedures.

# CENTRAL REGION

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-02-23 | 11-3123-IR | Administrative Investigation | 1. Dishonesty<br>2. Failure to Report<br>3. Unreasonable Use of Force<br>4. Neglect of Duty<br>5. Other Failure of Good Behavior<br>6. Destruction of Evidence<br>7. Code of Silence |

## Incident Summary

On February 23, 2011, an inmate allegedly challenged an officer to a fight to settle an issue. The officer allegedly agreed, walked with the inmate to an exercise yard, removed his duty equipment, and engaged in a fist fight with the inmate. A second officer allegedly watched the event and when it appeared the inmate was prevailing, the second officer ordered the inmate to stop. When the inmate did not stop fighting, the second officer allegedly struck the inmate with his baton until the inmate stopped. The first officer and the inmate allegedly then shook hands. It was further alleged the inmate was allowed to walk to his cell without the officers offering him medical assistance. The first officer suffered several injuries, including a serious laceration to the head. Neither officer reported the incident. It was also alleged a third officer in the control booth opened the door to the exercise yard, observed the incident, failed to activate his alarm when the fight occurred, and failed to report the incident. It was alleged the three officers engaged in a conspiracy with one another to not report the incident. The first and second officers allegedly then developed a plan to make the inmate responsible for the injuries to the first officer by creating a situation for another fight to occur. It was alleged that less than 30 minutes after the first incident, the second officer approached the inmate and advised the inmate he needed to admit that he hit the first officer. The inmate declined. The second officer removed the inmate from his cell and as he walked the inmate through the rotunda area, the first officer allegedly assaulted the inmate in order to fabricate a legitimate reason for the injuries he suffered earlier. The first and second officers reported that the inmate attacked the first officer without provocation. A sergeant allegedly engaged in the destruction of evidence by telling a fourth officer to clean the blood from the exercise yard and the fourth officer allegedly engaged in the cover-up by cleaning the blood from the exercise yard. A fifth officer allegedly witnessed the first officer's injuries but failed to report it. A lieutenant allegedly participated in the cover-up by having knowledge of the destruction of evidence and not taking action. It was further alleged that the five officers, the sergeant, and the lieutenant all were dishonest in their official reports and during interviews conducted by the Office of Internal Affairs.

## Investigative Assessment | Rating: Sufficient

Overall, the department's investigative process sufficiently complied with policies and procedures. However, the Office of Internal Affairs failed to adequately consult with the OIG regarding when the administrative investigation would be opened. On November 10, 2011, while the criminal investigation was ongoing, the Office of Internal Affairs submitted a request for an administrative investigation. On December 21, 2011, the OIG was notified that the administrative investigation had been opened.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-05-01 | 11-2261-IR | Criminal Investigation | 1. Criminal Act |

## Incident Summary

Between May 1, 2011, and August 9, 2011, an officer allegedly possessed, transported, and sold contraband such as marijuana, heroin, cocaine, and methamphetamine to inmates. On July 31, 2011, the officer also allegedly engaged in a sexual act with an inmate. The Office of Internal Affairs conducted an investigation and found sufficient evidence existed for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The Office of Internal Affairs also opened an administrative investigation, which the OIG accepted for monitoring.

## Investigative Assessment | Rating: Sufficient

The department's investigative process sufficiently complied with policies and procedures.

# CENTRAL REGION

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-06-23 | 11-2843-IR | Criminal Investigation | 1. Criminal Act |

## Incident Summary

On June 23, 2011, a lieutenant allegedly ordered two inmates to assault a third inmate so the third inmate would be removed from the building where he was housed. The two inmates allegedly subcontracted the assault to a fourth and a fifth inmate. On June 24, 2011, the fourth and fifth inmate assaulted the third inmate while on the exercise yard. The investigation failed to establish sufficient evidence for a probable cause referral to the district attorney. The OIG concurred. The Office of Internal Affairs also opened an administrative investigation, which the OIG accepted for monitoring.

## Investigative Assessment | Rating: Insufficient

The Office of Internal Affairs failed to conduct the investigation with due diligence. Between March 2012 and August 2012, nearly five months elapsed without any interviews being conducted or any substantial investigation being performed. A department attorney was initially assigned to the case and participated in the initial case conferences and the planning of the investigation; however, on August 14, 2012, less than one week prior to the interviews being conducted, the department attorney was unassigned from the case and did not conduct any further work on the matter.

## Assessment Questions

- Upon completion of the investigation, was a draft copy of the investigative report timely forwarded to the OIG to allow for feedback before it was forwarded to the HA or prosecuting agency?

  *Upon completion of the investigation, a copy of the investigative report was not forwarded to the OIG to allow for feedback.*

- Was the OIA investigation, or subject only interview, conducted with due diligence?

  *OIA Central Intake made a decision on the matter on November 23, 2011. A special agent was assigned to investigate the case on December 9, 2011, and adequately conferred with the department's attorney and the OIG. Some investigation was conducted in March 2012. However, the special agent did not conduct interviews or resume any substantial investigation until August 14, 2012, nearly five months later. Between August 14, 2012, and September 12, 2012, the remainder of the investigation was conducted, the investigative report was completed, and the case was closed without a referral to the district attorney's office. The Office of Internal Affairs did not conduct the investigation with due diligence.*

- Was the investigation thorough and appropriately conducted?

  *OIA Central Intake made a decision on the matter on November 23, 2011. A special agent was assigned to investigate the case on December 9, 2011, and adequately conferred with the department's attorney and the OIG. Some investigation was conducted in March, 2012. However, the special agent did not conduct interviews or resume any substantial investigation until August 14, 2012, nearly five months later. Between August 14, 2012, and September 12, 2012, the remainder of the investigation was conducted, the investigative report was completed, and the case was closed without a referral to the district attorney's office. The Office of Internal Affairs did not conduct the investigation with due diligence.*

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-07-29 | 11-2283-IR | Criminal Investigation | 1. Criminal Act |

## Incident Summary

On July 29, 2011, a painter allegedly brought mobile phones, narcotics, and tobacco into an institution for personal gain. The allegation arose from information received from a reliable, confidential informant. However, the informant later identified another employee instead, leaving no evidence to support an allegation against the painter. The investigation failed to establish sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The department did not open an administrative investigation due to lack of evidence.

## Investigative Assessment | Rating: Sufficient

The department's investigative process sufficiently complied with policies and procedures.

# CENTRAL REGION

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-07-29 | 11-3023-IR | Criminal Investigation | 1. Criminal Act |

**Incident Summary**

Between July 29, 2011, and August 11, 2011, approximately 300 tablets of acetaminophen-codeine were allegedly stolen from an institution. Additionally, during that time, six medication accountability sheets could not be located. It was alleged that someone or a group of persons stole the tablets and destroyed the medication accountability sheets. The investigation failed to establish sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The department did not open an administrative investigation due to lack of evidence.

| Investigative Assessment | Rating: Sufficient |
|---|---|
| Overall, the department's investigative process sufficiently complied with policies and procedures. | |

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-08-01 | 12-0188-IR | Administrative Investigation | 1. Over-Familiarity<br>2. Neglect of Duty<br>3. Sexual Misconduct |

**Incident Summary**

During August 2011, an officer was allegedly engaged in a sexually overly familiar relationship with a parolee. On November 11, 2011, outside law enforcement stopped the officer for allegedly having an expired vehicle registration. As outside law enforcement spoke to the officer, they suspected the officer of driving while under the influence of a controlled substance. The officer also failed to provide any identification. The officer's front-seat passenger was then identified as the same parolee.

| Investigative Assessment | Rating: Sufficient |
|---|---|
| Overall, the department's investigative process sufficiently complied with policies and procedures. | |

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-09-07 | 11-2889-IR | Criminal Investigation | 1. Criminal Act |

**Incident Summary**

On September 7, 2011, an off-duty officer allegedly impersonated an outside law enforcement officer when he drove his personal vehicle, which resembled a law enforcement vehicle, and flashed the vehicle's overhead emergency lights, causing other drivers to pull over and stop. The Office of Internal Affairs conducted an investigation and found sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The Office of Internal Affairs also opened an administrative investigation, which the OIG accepted for monitoring.

| Investigative Assessment | Rating: Sufficient |
|---|---|
| Overall, the department's investigative process sufficiently complied with policies and procedures. | |

# CENTRAL REGION

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-09-07 | 12-1760-IR | Administrative Investigation | 1. Dishonesty<br>2. Misuse of Authority<br>3. Discourteous Treatment |

### Incident Summary

On September 7, 2011, an off-duty officer allegedly impersonated an outside law enforcement officer when he drove his personal vehicle, which resembled a law enforcement vehicle, and flashed the vehicle's overhead emergency lights, causing other drivers to pull over and stop. The officer also allegedly made dishonest statements to one of the drivers when he claimed to be in an "undercover" status, or words to that effect, and was allegedly dishonest during two interviews conducted by the Office of Internal Affairs.

### Investigative Assessment                    Rating: Sufficient

Overall, the department's investigative process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-11-30 | 12-0344-IR | Administrative Investigation | 1. Other Failure of Good Behavior<br>2. Discourteous Treatment |

### Incident Summary

On November 30, 2011, an officer allegedly argued with his wife, then grabbed her arms and forced her to the ground, causing injuries. Although outside law enforcement responded to the officer's home, he was not arrested. On December 8, 2011, the officer allegedly placed his hand against his wife's throat and held her against the wall by the neck, resulting in outside law enforcement responding to his home. The officer allegedly failed to report the law enforcement contacts to the department until December 22, 2011, when he was served with a temporary restraining order. The officer was charged with three misdemeanor domestic violence charges.

### Investigative Assessment                    Rating: Sufficient

Overall, the department's investigative process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2012-01-01 | 12-0629-IR | Criminal Investigation | 1. Criminal Act |

### Incident Summary

In January 2012, a materials and stores supervisor allegedly engaged in an overly familiar sexual relationship with an inmate. The investigation failed to establish sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The department did not open an administrative investigation due to lack of evidence.

### Investigative Assessment                    Rating: Sufficient

The department's investigative process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2012-02-17 | 12-1374-IR | Criminal Investigation | 1. Criminal Act |

### Incident Summary

Between February 17, 2012, and February 26, 2012, a nurse allegedly stole 150 tablets of acetaminophen-codeine from an institution. The investigation failed to establish sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The Office of Internal Affairs also opened an administrative investigation, which the OIG accepted for monitoring.

# CENTRAL REGION

| Investigative Assessment | Rating: Sufficient |
|---|---|
| Overall, the department's investigative process sufficiently complied with policies and procedures. | |

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2012-04-19 | 12-1300-IR | Administrative Investigation | 1. Neglect of Duty<br>2. Misuse of Authority |

## Incident Summary

On April 19, 2012, two officers allegedly conspired with an inmate to have the inmate attack his cellmate. In return, one of those officers allegedly instructed a property officer to release a package to the inmate attacker even though that inmate was not yet eligible to receive packages in the administrative segregation unit where he was housed. Additionally, a sergeant allegedly failed to notify his supervisor about the in-cell attack and properly document the incident.

| Investigative Assessment | Rating: Sufficient |
|---|---|
| Overall, the department's investigative process sufficiently complied with policies and procedures. | |

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2012-04-23 | 12-1810-IR | Administrative Investigation | 1. Failure to Report |

## Incident Summary

On April 23, 2012, four officers used batons and other physical force on an inmate because he was resisting their orders to submit to a search. The officers allegedly failed to report their use of force.

| Investigative Assessment | Rating: Sufficient |
|---|---|
| The department's investigative process sufficiently complied with policies and procedures. | |

# HEADQUARTERS

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2010-01-06 | 10-0740-IR | Criminal Investigation | 1. Criminal Act |

## Incident Summary

On January 6, 2010, an officer allegedly conspired with an inmate to commit an assault on, and possibly murder, another inmate. In furtherance of the conspiracy, the officer allegedly supplied a slashing weapon to the inmate, who, in turn, used it to attack the other inmate. The Office of Internal Affairs conducted an investigation and found sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The Office of Internal Affairs also opened an administrative investigation, which the OIG accepted for monitoring.

## Investigative Assessment

Rating: **Sufficient**

The department's investigative process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2010-04-01 | 11-1133-IR | Criminal Investigation | 1. Criminal Act |

## Incident Summary

It was alleged that between April 2010 and April 2011, the chief of security at a juvenile facility engaged in overly familiar sexual relationships with wards. The chief of security allegedly grabbed the genital area of two wards numerous times, had sexual skin-to-skin contact with another ward, and allowed wards to engage in sexual acts while he observed. On February 25, 2011, the chief of security allegedly provided money to gang-affiliated inmates at an institution, conspired with the inmates to introduce narcotics into the institution, and relayed messages between inmates. Also, on April 24, 2011, the chief of security allegedly encouraged an inmate he was visiting at an institution to expose himself twice during the visit. The Office of Internal Affairs conducted an investigation and found sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The Office of Internal Affairs also opened an administrative investigation, which the OIG accepted for monitoring.

## Investigative Assessment

Rating: **Insufficient**

The Office of Internal Affairs failed to conduct a timely investigation. Witnesses were not properly noticed for interviews, causing the interviews to be postponed to allow witnesses to obtain representation. The special agents assigned were from another geographic region, requiring extensive travel. Although the agents travelled outside their region, the Office of Internal Affairs restricted overtime and overnight travel, causing the agents to spend excessive time travelling each day to and from interviews. The delays in the criminal investigation delayed the Office of Internal Affairs' ability to open an administrative investigation. Meanwhile, the chief of security remained on paid administrative leave for nearly one year pending the investigations.

## Assessment Questions

- Within 21 calendar days, did the department attorney make an entry into CMS accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The department attorney made an entry into CMS confirming the deadline to take action. However, she did not indicate the date of the reported incident or the date of discovery.*

- Did the special agent adequately prepare for all aspects of the investigation?

  *The special agent failed to properly notice witnesses for interviews.*

- Was the OIA investigation, or subject only interview, conducted with due diligence?

  *The Office of Internal Affairs failed to properly notice witnesses for interviews, causing the interviews to be postponed. The special agents assigned were from a different geographic region, requiring extensive travel time. The department restricted overnight stays and overtime, also causing the agents extensive travel to and from interviews.*

- Was the investigation, or subject interview, completed at least 35 days before the deadline to take disciplinary action?

  *The report was completed and submitted to the district attorney's office on February 15, 2012, leaving only 10 days to prosecute certain crimes.*

# HEADQUARTERS

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2010-04-01 | 12-1362-IR | Administrative Investigation | 1. Misuse of State Equipment or Property<br>2. Discourteous Treatment<br>3. Threat/Intimidation |

**Incident Summary**

Between April 2010 and April 2011, a staff services analyst was allegedly discourteous to her male coworkers by referring to them in derogatory terms. It was further alleged that the staff services analyst threatened her coworkers by telling them her ex-husband was a special agent with the Office of Internal Affairs, and displayed inappropriate nude photographs of men on her state-issued computer.

**Investigative Assessment** — **Rating: Sufficient**

The department's investigative process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2010-06-01 | 12-2141-IR | Criminal Investigation | 1. Criminal Act |

**Incident Summary**

Between June 2010 and October 2012, it was alleged that an officer was selling prescription drugs from his residence. The Office of Internal Affairs conducted an investigation and found sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The department did not open an administrative investigation because the officer was a retired annuitant; therefore, the hiring authority ended his employment with the department.

**Investigative Assessment** — **Rating: Sufficient**

The department's investigative process sufficiently complied with policies and procedures.

# HEADQUARTERS

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-02-23 | 11-0649-IR | Criminal Investigation | 1. Criminal Act |

## Incident Summary

On February 23, 2011, an inmate allegedly challenged an officer to a fight to settle an issue. The officer allegedly agreed, walked with the inmate to an exercise yard, removed his duty equipment, and engaged in a fist fight with the inmate. A second officer allegedly watched the event and when it appeared the inmate was prevailing, the second officer ordered the inmate to stop. When the inmate did not stop fighting, the second officer allegedly struck the inmate with his baton until the inmate stopped. The first officer and the inmate allegedly then shook hands. It was further alleged the inmate was allowed to walk to his cell without the officers offering him medical assistance. The first officer suffered several injuries, including a serious laceration to the head. Neither officer reported the incident. It was also alleged a third officer in the control booth opened the door to the exercise yard, observed the incident, failed to activate his alarm when the fight occurred, and failed to report the incident. It was alleged the three officers engaged in a conspiracy with one another to not report the incident. The first and second officers allegedly then developed a plan to make the inmate responsible for the injuries to the first officer by creating a situation for another fight to occur. It was alleged that less than 30 minutes after the first incident, the second officer approached the inmate and advised the inmate he needed to admit that he hit the first officer. The inmate declined. The second officer removed the inmate from his cell and as he walked the inmate through the rotunda area, the first officer allegedly assaulted the inmate in order to fabricate a legitimate reason for the injuries he suffered earlier. The first and second officers reported that the inmate attacked the first officer without provocation. A sergeant allegedly engaged in the destruction of evidence by telling a fourth officer to clean the blood from the exercise yard and the fourth officer allegedly engaged in the cover-up by cleaning the blood from the exercise yard. A fifth officer allegedly witnessed the first officer's injuries but failed to report it. A lieutenant allegedly participated in the cover-up by having knowledge of the destruction of evidence and not taking action. It was further alleged that the five officers, the sergeant, and the lieutenant were all dishonest in their official reports. The Office of Internal Affairs conducted an investigation and found sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The district attorney's office filed six felony counts as to the first officer, but declined to file against the remaining officers, the sergeant, or the lieutenant. The first officer pled no contest to misdemeanor charges. An administrative investigation was also opened, which the OIG accepted for monitoring.

## Investigative Assessment

**Rating: Insufficient**

The Office of Internal Affairs, department attorney, and hiring authority failed to comply with policies and procedures governing the investigative process. The Office of Internal Affairs failed to consult with the OIG to determine when the administrative investigation should be conducted. The special agent failed to appropriately conduct interviews by obtaining a compelled statement from an officer and then referring the interview to the district attorney's office for use in the filing of criminal charges against that officer. The department attorney failed to provide appropriate legal advice regarding these actions. These actions needlessly exposed the department to civil liability. The OIG prevented the taking of a compelled statement of a second officer for use against that officer in the criminal case. The department attorney failed to identify this issue. The special agent failed to notify the OIG and department attorney of numerous other interviews being conducted.

# HEADQUARTERS

## Assessment Questions

- Did the OIA adequately consult with the OIG, department attorney, and the appropriate prosecuting agency to determine if an administrative investigation should be conducted concurrently with the criminal investigation?

  *On November 10, 2011, the Office of Internal Affairs requested an administrative case be opened with no notice to, or consultation with, the OIG. On December 13, 2011, a special agent was assigned to conduct the administrative investigation. On December 19, 2011, the special agent received an email communication from the prosecutor of the criminal case reflecting that the administrative investigation could proceed. OIA Central Intake then approved the administrative investigation on December 21, 2011, which is when the OIG was informed of the request for the administrative investigation.*

- Were all of the interviews thorough and appropriately conducted?

  *The special agent conducted an interview of the control booth officer. Despite evidence that the officer participated in the conspiracy, the special agent initially refused to advise the officer of his constitutional rights, as required by law. The OIG discussed the necessity to advise the officer of his rights and recommended to the special agent and the department attorney that they do so. The special agent and the department attorney then moved to another office to engage in discussions, and in violation of departmental policy, refused to allow the OIG to monitor the discussions. After a lengthy delay, the special agent agreed with the OIG and provided the constitutional advisements to the officer.*

- Did OIA appropriately protect compelled statements obtained in the administrative case from being improperly used in a criminal case?

  *On June 1, 2011, the special agent conducted a compelled interview of an officer. Shortly before the interview, the officer called the special agent and requested the interview be postponed because his representative was not at work that day. The special agent informed the officer to get another representative and refused to postpone the interview. Following the compelled interview, based on the information obtained during the interview, the special agent changed the officer's status from a witness to that of a suspect. Despite constitutional prohibitions against the use of a compelled statement in a criminal proceeding, the special agent submitted the interview to the district attorney's office for the filing of criminal charges.*

- Did the department attorney appropriately protect compelled statements obtained in the administrative case from being improperly used in a criminal case?

  *In November 2011, approximately five months after an officer's initial witness interview, the special agent identified the officer as a criminal suspect. On November 10, 2011, the OIG advised of possible issues regarding the use of information elicited from that officer's first interview. On November 22, 2011, a second interview of the officer, who was now a suspect, was attempted. Information from the officer's first interview was provided to the district attorney's office. The department attorney did not adequately advise the special agent about this issue, nor did she alert the district attorney's office about it, thereby failing to appropriately protect the compelled statements from improper use.*

- Was the OIA investigation, or subject only interview, conducted with due diligence?

  *The hiring authority submitted a request for an investigation to the Office of Internal Affairs two days after the incident. OIA Central Intake approved an investigation on March 2, 2011, five days after the request from the hiring authority. A special agent was assigned to conduct the investigation over one month later on April 6, 2011. Although the special agent started the investigation when assigned and conducted numerous interviews between April and July 7, 2011, no investigation was conducted for more than three months between July 7, 2011, and October 18, 2011. No justification existed for the failure to conduct any investigation during that time.*

- Did the special agent cooperate with and provide continual real-time consultation with the OIG?

  *The special agent failed to provide notice to the OIG regarding visiting the incident site to photograph the area, meeting with the district attorney's office to discuss the case, and interviewing witnesses and an officer. The special agent also failed to provide inmate disciplinary hearing documents to the OIG despite numerous requests.*

- Did the special agent cooperate and provide real-time consultation with the department attorney throughout the investigative phase?

  *The special agent failed to notify the department attorney and the OIG about meetings he scheduled with the district attorney's office, and witness interviews with medical personnel.*

- Was the investigation thorough and appropriately conducted?

  *The investigation was not appropriately conducted as the department violated the department's policies and procedures regarding subject statements despite objections by the OIG.*

# HEADQUARTERS

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-04-01 | 11-1598-IR | Criminal Investigation | 1. Criminal Act |

### Incident Summary

Between April 1, 2011, and May 4, 2011, it was alleged a licensed psychiatric technician engaged in an overly familiar relationship with an inmate and introduced contraband into the institution. The Office of Internal Affairs conducted an investigation and found sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The Office of Internal Affairs also opened an administrative investigation, which the OIG accepted for monitoring.

### Investigative Assessment

**Rating: Sufficient**

The department's investigative process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-06-25 | 11-2890-IR | Criminal Investigation | 1. Criminal Act |

### Incident Summary

On June 25, 2011, an officer allegedly harassed his ex-girlfriend by repeatedly calling and texting her at all hours of the day and night. He also allegedly entered his ex-girlfriend's home while she was out and stole her mobile phone. The officer allegedly sent the ex-girlfriend's minor son sexually explicit photographs of his mother with the stolen mobile phone, and violated a restraining order by contacting the ex-girlfriend on several occasions. The Office of Internal Affairs conducted an investigation and found sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The district attorney's office declined to prosecute. The Office of Internal Affairs also opened an administrative investigation, which the OIG accepted for monitoring.

### Investigative Assessment

**Rating: Insufficient**

The Office of Internal Affairs and department attorney failed to comply with the department's policies and procedures. No initial case conference was held and no investigative plan was developed. The special agent and department attorney failed to communicate and cooperate during the investigation. The special agent failed to keep the department attorney apprised of interviews or other investigative activity, and the department attorney failed to actively seek involvement in the investigation. The Office of Internal Affairs failed to timely conduct the investigation and did not begin in earnest until after the OIG initiated a meeting with the Office of Internal Affairs. The first interviews did not occur until nearly four months after a special agent was assigned. The special agent made a determination of the merits of the case prior to conducting the investigation and was reluctant to complete the OIG's recommendations to appropriately prepare the case for review and consideration by the district attorney's office. The delay in the investigation prevented the district attorney's office from filing misdemeanor charges.

# HEADQUARTERS

## Assessment Questions

- Did OIA Central Intake make an appropriate initial determination regarding the case?

  *The OIG opposed opening this criminal case. An administrative case was already opened and being investigated by the Office of Internal Affairs. The criminal case related to the off-duty conduct was already investigated by outside law enforcement.*

- Did the special agent adequately confer with the OIG upon case initiation and prior to finalizing the investigative plan?

  *There was no initial case conference or discussion of an investigative plan. The OIG initiated a meeting to discuss the progress of the investigation 60 days before the deadline for taking action.*

- Did the special agent adequately confer with the department attorney upon case initiation and prior to finalizing the investigative plan?

  *The special agent did not confer with the department attorney. On June 6, 2012, the OIG notified the department attorney of the progress on the criminal investigation, but still no contact was made between the agent and the department attorney.*

- Within 21 calendar days, did the department attorney make an entry into CMS accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The department attorney initially assigned did not make any entry into CMS confirming relevant dates. The subsequent department attorney did not make any entries for two months after the initial assignment of a department attorney. In addition, the entries were not accurate as they referenced the date of discovery which is irrelevant in this type of case. Also, the deadline for taking criminal action was not accurately reported in CMS.*

- No later than 21 calendar days following assignment of the case, did the department attorney contact the assigned special agent and the monitor to discuss the elements of a thorough investigation of the alleged misconduct?

  *Although a department attorney was assigned, no meeting to discuss the investigation ever occurred between the department attorney and the special agent.*

- Did the department attorney appropriately determine that the deadline for taking disciplinary action as originally calculated should be modified and consult with the OIG and special agent?

  *The department attorney did not recognize that the deadline for taking criminal action was calculated incorrectly and did not consult with the OIG or special agent to modify the date.*

- Did the OIA adequately consult with the OIG, department attorney, and the appropriate prosecuting agency to determine if an administrative investigation should be conducted concurrently with the criminal investigation?

  *The administrative case was already opened when the Office of Internal Affairs made the decision to open a criminal investigation. OIA Central Intake chose to open a criminal investigation because they believed outside law enforcement was not adequately investigating the off-duty conduct. The OIG objected, arguing that the Office of Internal Affairs should focus their investigative efforts on the administrative investigation and allow outside law enforcement to investigate the off-duty criminal conduct.*

- Did the special agent adequately prepare for all aspects of the investigation?

  *The special agent failed to adequately prepare for the presentation of photo line-ups to witnesses.*

- Were all of the interviews thorough and appropriately conducted?

  *The special agent performed a superficial job in conducting interviews of potential witnesses and failed to contact a significant witness whose contact information had been provided to him. The special agent failed to obtain sufficient detail from witnesses, interviewed witnesses within hearing distance of other witnesses, and poorly presented photo line-ups for identification purposes.*

- Did the department attorney attend investigative interviews for key witnesses to assess witness demeanor and credibility?

  *The department attorney did not attend any investigative interviews.*

- Was the investigative draft report provided to the OIG for review thorough and appropriately drafted?

  *The draft investigative report was not thorough and appropriately drafted. The report mischaracterized key witness statements regarding identification, lacked clarity in some areas, had some incorrect exhibit numbers, misspelled a civilian witness's name, provided vague information for at least one criminal charge, was missing dates that would help clarify the sequence of events, reversed the phone numbers of the officer and the civilian victim, failed to include the date of a proof of service for the restraining order, failed to identify a potential known witness who was not interviewed, and did not include an interview of a civilian witness.*

# HEADQUARTERS

- Was the OIA investigation, or subject only interview, conducted with due diligence?

  *The criminal investigation was completed on July 10, 2012, 17 days after the time limit for filing misdemeanor criminal charges.*

- Was the investigation, or subject interview, completed at least 35 days before the deadline to take disciplinary action?

  *The criminal investigation was completed on July 10, 2012, and submitted to the district attorney's office on July 12, 2012, which was 17 days after the June 25, 2012, time limit for filing a misdemeanor criminal action.*

- Did the deadline for taking disciplinary action expire before the investigation was completed?

  *The criminal investigation was completed on July 10, 2012, and submitted to the district attorney's office on July 12, 2012, 17 days after the June 25, 2012, time limit for filing misdemeanor criminal charges.*

- Did the special agent cooperate and provide real-time consultation with the department attorney throughout the investigative phase?

  *The special agent failed to include the department attorney in any communications or discussions, or advise the attorney of scheduled interviews.*

- Was the investigation thorough and appropriately conducted?

  *The department delayed initiating the criminal investigation for nearly four months. The case was not timely filed with the district attorney's office. Poor investigative techniques were used in the investigation. The investigation was not thorough and in some respects was inaccurate.*

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| **2011-07-24** | **12-0731-IR** | Administrative Investigation | 1.  **Neglect of Duty** |

## Incident Summary

On July 24, 2011, an officer and a certified nurse assistant found an inmate unresponsive with no pulse and signs of rigor mortis in his cell in the outpatient medical unit. The inmate had a history of seizures and his jaw was wired shut to repair a fracture. It was alleged that in July 2011, the chief medical and nurse executives neglected their duties by failing to ensure adequate procedures were in place requiring nursing staff to conduct welfare checks on inmates every 30 minutes in the outpatient medical unit. It was also alleged that in July 2011, a registered nurse neglected her duties by failing to ensure that the nursing care plan for the inmate properly addressed the prevention of choking. Also on July 24, 2011, an officer allegedly neglected her duties by failing to conduct proper welfare checks by ensuring that the inmate was breathing during each check.

## Investigative Assessment                                    Rating:  **Insufficient**

The department failed to comply with policies and procedures governing the investigative process. OIA Medical Intake failed to timely address the request for investigation. There were numerous concerns noted by the Medical Oversight Program team after they responded to the institution and completed an initial review of the circumstances surrounding the inmate's death. After the OIA Medical Intake meeting, the concerns were substantially narrowed along with potential subjects. There was significant disagreement within the team as to the allegations to be investigated. The OIG did not start monitoring the case until after these decisions had been made. The OIG believes that the investigation should have been much broader to encompass issues that the physician and nurse consultant of the Medical Oversight Program team identified.

# HEADQUARTERS

## Assessment Questions

- Did OIA Central Intake make a determination regarding the case within 30 calendar days?

  *OIA Medical Intake received the request for investigation on July 27, 2011, but did not take action until November 9, 2011, 105 calendar days after the receipt of the request.*

- Did OIA Central Intake make an appropriate initial determination regarding the case?

  *During the central intake process, the areas of inquiry and suggested subjects were significantly narrowed from those initially identified by the Medical Oversight Program team. The physician and nurse consultants raised numerous concerns about the placement of inmates with wired jaws in an outpatient medical unit with a nonfunctioning call light system, placing the inmate in a cell far away from the nursing station, lack of readily accessible wire cutters, and inadequate welfare checks. There was also a question of whether the inmate had received all prescribed medication and why medication levels were not checked despite being ordered.*

- Within 21 calendar days, did the department attorney make an entry into CMS accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *A department attorney was assigned on July 27, 2011, but did not make an entry into CMS until May 29, 2012, ten months later. In addition, the entry did not reference any specific dates.*

- Was the investigation thorough and appropriately conducted?

  *During the central intake process, the areas of inquiry and suggested subjects were significantly narrowed from those initially identified by the Medical Oversight Program team. The physician and nurse consultants raised numerous concerns that should have been investigated. The OIG agreed.*

## OIG Recommendation

The OIG recommended to the hiring authority that the institution reassess whether patients with wired jaws should be housed in any facility that does not have a functioning call system. It does not appear that 30 minute welfare checks are adequate to ensure safety for these patients.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| **2011-10-17** | **12-0437-IR** | **Criminal Investigation** | 1. **Criminal Act** |

## Incident Summary

On October 17, 2011, it was alleged a lieutenant from the investigative services unit had dissuaded an inmate from reporting alleged staff misconduct. It was also alleged that an officer from the investigative services unit was inappropriately providing confidential information to custody staff. In addition, it was alleged that another officer and an industrial supervisor were overly familiar with inmates and were giving inmates contraband. The investigation failed to establish sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The Office of Internal Affairs also opened an administrative investigation, which the OIG accepted for monitoring.

## Investigative Assessment

Rating: **Sufficient**

The department's investigative process sufficiently complied with policies and procedures.

# HEADQUARTERS

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-11-01 | 12-0689-IR | Administrative Investigation | 1. Dishonesty<br>2. Insubordination<br>3. Neglect of Duty<br>4. Failure to Disclose |

## Incident Summary

In November and December of 2011, two associate wardens allegedly failed to follow directions from the department's executive staff to immediately make staffing reductions pursuant to recent legislation. The institution's warden retired at the end of December 2011 and new management was assigned in January 2012. During January 2012, one of the associate wardens was allegedly dishonest by leading the new chief deputy wardens to believe the required staffing reductions had been made. In addition, it was alleged that the associate warden failed to meet and confer with the union regarding the staffing reductions.

## Investigative Assessment                    Rating: **Sufficient**

The department's investigative process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-11-02 | 12-1524-IR | Administrative Investigation | 1. Failure to Report<br>2. Insubordination<br>3. Neglect of Duty |

## Incident Summary

On November 2, 2011, it was alleged that a captain of the investigative services unit intentionally withheld information pertaining to an investigation into officers smuggling mobile phones into the institution for personal gain. It was alleged that the captain had enough information gathered during an initial inquiry conducted during August and September 2010 to submit the matter to the Office of Internal Affairs for an investigation. However, the captain allegedly failed to submit the matter to the Office of Internal Affairs before the deadline to take disciplinary action.

## Investigative Assessment                    Rating: **Insufficient**

The department failed to comply with policies and procedures governing the investigative process as the investigation was not completed until 23 days before the deadline to take disciplinary action.

## Assessment Questions

- Within 21 calendar days, did the department attorney make an entry into CMS accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The department attorney did not make any entry into CMS confirming relevant dates.*

- Was the OIA investigation, or subject only interview, conducted with due diligence?

  *This investigation was opened on June 27, 2012. The deadline for taking disciplinary action was November 2, 2012, allowing approximately four months to complete the investigation. In July 2012 the special agent communicated with the hiring authority and the OIG; however, there was no substantive investigative activity. During August 2012 there was no investigative activity except for communications regarding scheduling interviews. Given the short period of time to complete the investigation, and the seriousness of the allegations, two months without substantive investigative activity was not an exercise of due diligence.*

- Was the investigation, or subject interview, completed at least 35 days before the deadline to take disciplinary action?

  *The deadline to take disciplinary action was November 2, 2012. The investigation was completed on October 10, 2012, only 23 days before the deadline to take disciplinary action.*

# HEADQUARTERS

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| **2012-02-01** | **12-1473-IR** | Administrative Investigation | 1. **Dishonesty** |

### Incident Summary

On February 1, 2012, a parole agent allegedly falsely reported that her state car had been damaged by an unknown driver while parked at a gas station. The parole agent reported that she went into the gas station store and upon exiting noticed that her car had been damaged. Video showed that while the parole agent's state car was parked at the gas station, no other vehicle came near it. The parole agent allegedly falsely reported the incident to her supervisors, in an official state vehicle accident report, and to the local police department. In addition, the parole agent was allegedly dishonest during the investigative interview when she stated that she exited the gas station in her state vehicle, traveled two to three hundred yards to a traffic light, made a U-turn, and drove back to the gas station.

### Investigative Assessment
**Rating: Sufficient**

Overall, the department's investigative process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| **2012-02-23** | **12-0768-IR** | Administrative Investigation | 1. **Discourteous Treatment** |

### Incident Summary

It was alleged that on February 23, 2012, an officer physically assaulted a member of the public during a union meeting.

### Investigative Assessment
**Rating: Sufficient**

Overall, the department's investigative process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| **2012-04-01** | **12-1372-IR** | Criminal Investigation | 1. **Criminal Act** |

### Incident Summary

On April 1, 2012, a parole agent allegedly solicited a parolee to murder another parolee. Both parolees were assigned to the parole agent's caseload for supervision. The Office of Internal Affairs conducted an investigation and found sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The Office of Internal Affairs also opened an administrative investigation, which the OIG accepted for monitoring.

### Investigative Assessment
**Rating: Sufficient**

The department's investigative process sufficiently complied with policies and procedures.

# NORTH REGION

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2007-01-01 | 12-1084-IR | Criminal Investigation | 1. Criminal Act |

## Incident Summary

Between January 2007 and April 2012, an office services supervisor allegedly failed to process and deliver approximately 3,400 articles of mail to and from inmates, attempted to shred assorted mail including legal mail, and took an unknown amount of money from an office safe that was received on behalf of inmates via the mail. The department conducted an investigation and consulted with postal authorities and the district attorney's office. Thereafter, the department determined that the investigation failed to establish sufficient evidence for a probable cause referral to either office. The OIG concurred with the probable cause determination. The Office of Internal Affairs also opened an administrative investigation, which the OIG accepted for monitoring.

## Investigative Assessment

**Rating: Insufficient**

The hiring authority failed to comply with the department's policies and procedures governing the investigative process. When the investigative services unit became aware of the potential wide spread misconduct committed by the office services supervisor, a recommendation was made to secure the mail room as a potential crime scene. However, the hiring authority refused, citing the need for the mail room to continue processing mail. It was later reported that during this time, the office services supervisor was observed taking potential evidence, including a large quantity of documents, out of the institution and later that same day, submitted his resignation.

## Assessment Questions

- Within 21 calendar days, did the department attorney make an entry into CMS accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The department attorney made an entry into CMS. However, he failed to assess the deadline for taking disciplinary action.*

- Was the investigation thorough and appropriately conducted?

  *The hiring authority potentially compromised the integrity of the investigation by failing to secure the mailroom and potential evidence.*

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2008-01-01 | 12-0125-IR | Criminal Investigation | 1. Criminal Act |

## Incident Summary

Between 2008 and April 11, 2012, it was alleged a supervising cook engaged in the trafficking of contraband in the form of narcotics, tobacco, mobile phones, and other contraband for inmates for monetary gain. It was further alleged that on December 24, 2011, the supervising cook brought methamphetamine, tobacco, mobile phones, and other contraband into the institution for inmates for personal gain. The Office of Internal Affairs conducted an investigation and determined sufficient evidence existed for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The Office of Internal Affairs also opened an administrative investigation, which the OIG accepted for monitoring.

## Investigative Assessment

**Rating: Sufficient**

Overall, the department's investigative process sufficiently complied with policies and procedures.

# NORTH REGION

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2010-03-01 | 12-1682-IR | **Administrative Investigation** | 1. **Dishonesty** 2. **Insubordination** 3. **Unauthorized absences** |

## Incident Summary

Between March 2010 and October 2010, an officer allegedly falsified employee attendance records and a supervisor's signature. The officer also allegedly failed to provide required medical verification for sick leave on Christmas Eve, Christmas Day, and New Year's Eve in 2010. The officer was also allegedly insubordinate for failing to follow a lawful instruction to attend an investigatory interview.

## Investigative Assessment                                    Rating: **Insufficient**

The Office of Internal Affairs and department attorney failed to comply with the department's policies and procedures governing the investigative process. The special agent and department attorney failed to adequately confer upon case initiation, the department attorney failed to attend witness interviews, and the special agent failed to do any substantive case work for seven months after being assigned the case on April 7, 2011.

## Assessment Questions

- Did the special agent adequately confer with the department attorney upon case initiation and prior to finalizing the investigative plan?

  *The department attorney was assigned on March 21, 2011. The special agent was assigned on April 7, 2011. The department attorney contacted the special agent on April 8, 2011, regarding the attorney's assessment; however, there is no evidence the special agent ever responded to or conferred with the department attorney regarding the investigative plan.*

- Did the department attorney attend investigative interviews for key witnesses to assess witness demeanor and credibility?

  *The department attorney did not attend investigative interviews.*

- Was the OIA investigation, or subject only interview, conducted with due diligence?

  *The special agent was assigned on April 7, 2011, and received the case file on April 22, 2011. The special agent did not review the case file for almost two months thereafter, on June 13, 2011. The special agent did not actively start the investigation until October 14, 2011, almost seven months after being assigned.*

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2010-06-01 | 11-2382-IR | **Criminal Investigation** | 1. **Criminal Act** |

## Incident Summary

It was alleged that between June 2010 and May 2012, an electrician smuggled mobile phones and tobacco into the institution for financial gain. The Office of Internal Affairs conducted an investigation and found sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The Office of Internal Affairs also opened an administrative investigation, which the OIG accepted for monitoring.

## Investigative Assessment                                    Rating: **Sufficient**

The department's investigative process sufficiently complied with policies and procedures.

# NORTH REGION

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2010-06-01 | 12-2448-IR | **Administrative Investigation** | 1. **Failure to Report**<br>2. **Over-Familiarity**<br>3. **Insubordination**<br>4. **Neglect of Duty** |

### Incident Summary

It was alleged that between June 2010 and May 2012, an electrician was overly familiar with inmates when he conspired to smuggle mobile phones and tobacco into the institution. It was further alleged that the electrician was insubordinate when he refused to cooperate during the investigation. A second electrician allegedly knew of the misconduct but failed to report or stop the misconduct.

### Investigative Assessment                    Rating: **Sufficient**

Overall, the department's investigative process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2010-12-01 | 11-2500-IR | **Criminal Investigation** | 1. **Criminal Act** |

### Incident Summary

On December 1, 2010, a Prison Industry Authority optical supervisor allegedly engaged in sexual activity with an inmate. The investigation failed to establish sufficient evidence for a probable cause referral to the district attorney. The department did not open an administrative investigation due to lack of evidence. The OIG concurred with these decisions.

### Investigative Assessment                    Rating: **Sufficient**

The department's investigative process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-03-13 | 11-1859-IR | **Administrative Investigation** | 1. **Insubordination**<br>2. **Misuse of Authority**<br>3. **Discourteous Treatment**<br>4. **Threat/intimidation toward inmate** |

### Incident Summary

On March 13, 2011, an officer allegedly made threatening, intimidating, and profane statements toward an inmate. Between March 28, 2011, and April 4, 2011, the officer allegedly told other inmates to "handle" the same inmate, meaning to attack her. On April 4, 2011, the officer allegedly used profane language and made intimidating comments toward the same inmate after spraying her with pepper spray. On November 29, 2011, the officer allegedly failed to follow orders to contact a special agent to inform the agent he would not attend an investigatory interview as directed in the interview notice.

### Investigative Assessment                    Rating: **Insufficient**

The hiring authority failed to timely submit the matter to the Office of Internal Affairs, and the Office of Internal Affairs failed to make a timely determination regarding the request for investigation. The department attorney failed to make any entry into the case management system assessing the relevant deadlines, attend any interviews, or provide any feedback regarding the investigative report.

# NORTH REGION

## Assessment Questions

- Was the matter referred to OIA as soon as reasonably practical, within 45 calendar days of the date of discovery?

  *The department learned of the misconduct on April 4, 2011, but the hiring authority did not refer the matter to the Office of Internal Affairs until June 13, 2011, 70 days after discovery.*

- Did OIA Central Intake make a determination regarding the case within 30 calendar days?

  *OIA Central Intake received the request for investigation on June 15, 2011, but did not take action until July 20, 2011, 35 days after the request.*

- Within 21 calendar days, did the department attorney make an entry into CMS accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The department attorney did not make any entry into CMS confirming relevant dates.*

- Did the department attorney attend investigative interviews for key witnesses to assess witness demeanor and credibility?

  *The department attorney did not attend any interviews.*

- Within 21 calendar days following receipt of the investigative report, did the department attorney review the report and provide appropriate substantive feedback addressing the thoroughness and clarity of the report?

  *The department attorney did not provide any feedback regarding the report.*

- Did the department attorney provide written confirmation summarizing all critical discussions about the investigative report to the special agent with a copy to the OIG?

  *The department attorney did not provide any written feedback regarding the investigative report.*

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-03-21 | 11-1498-IR | **Criminal Investigation** | 1. **Criminal Act** |

### Incident Summary

On March 21, 2011, it was alleged a supervising cook was receiving packages containing suspected narcotics, tobacco, and mobile phones from inmates' relatives and delivering them to the inmates for personal gain. The Office of Internal Affairs conducted an investigation and found sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The Office of Internal Affairs opened an administrative investigation, which the OIG accepted for monitoring.

### Investigative Assessment | Rating: **Sufficient**

Overall, the department's investigative process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-03-27 | 11-2025-IR | **Administrative Investigation** | 1. **Neglect of Duty**<br>2. **Discourteous Treatment** |

### Incident Summary

On March 27, 2011, an officer allegedly pushed an inmate's locker causing the locker to fall over. An inmate was injured when the towel bar on the locker hit her. During the same incident, the same officer allegedly threw a book at another inmate's head causing injury. The officer also allegedly failed to arrange medical treatment for the two injured inmates.

### Investigative Assessment | Rating: **Insufficient**

The hiring authority failed to timely submit the matter to the Office of Internal Affairs, and the Office of Internal Affairs failed to make a timely determination regarding the request for investigation. Further, the special agent delayed starting and completing the investigation. The department attorney failed to attend any interviews. Finally, the draft and final investigative reports were not appropriately drafted.

# NORTH REGION

## Assessment Questions

- Was the matter referred to OIA as soon as reasonably practical, within 45 calendar days of the date of discovery?

  *The department learned of the alleged misconduct on March 27, 2011, but the hiring authority did not refer the matter to the Office of Internal Affairs until June 2, 2011, 67 days after discovery.*

- Did OIA Central Intake make a determination regarding the case within 30 calendar days?

  *OIA Central Intake received the request for investigation on June 8, 2011, but did not take action until August 3, 2011, 56 calendar days after the request.*

- Within 21 calendar days, did the department attorney make an entry into CMS accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The department attorney was assigned August 9, 2011, but did not make an entry into CMS confirming relevant dates.*

- Did the department attorney attend investigative interviews for key witnesses to assess witness demeanor and credibility?

  *The department attorney did not attend any interviews.*

- Was the investigative draft report provided to the OIG for review thorough and appropriately drafted?

  *The draft investigative report incorrectly identified exhibits, incorrectly described an exhibit, failed to include relevant exhibits, and contained various typographical errors.*

- Was the final investigative report thorough and appropriately drafted?

  *The final investigative report incorrectly identified and described an exhibit, and failed to include a relevant exhibit.*

- Was the OIA investigation, or subject only interview, conducted with due diligence?

  *The hiring authority did not submit the matter to the Office of Internal Affairs timely, and the Office of Internal Affairs did not timely make a determination regarding the request for investigation. Further, the special agent was assigned on August 16, 2011, but did not conduct any interviews until December 12, 2011, more than three months after being assigned. The investigation was not completed until July 12, 2012, more than five months after the special agent determined that he would need to complete the investigation without the officer's interview.*

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| **2011-04-01** | **12-1083-IR** | Administrative Investigation | 1. Neglect of Duty<br>2. Other Failure of Good Behavior<br>3. Controlled Substances |

## Incident Summary

Between April 2011, and April 2012, an officer allegedly applied for, and received, an out-of-state medical marijuana registry identification card, was involved in the illegal use of controlled substances and prescription medication, left a voice message threatening a doctor, and failed to report that he was taken into custody for being a danger to himself or others and held for evaluation. It was further alleged that the officer threatened to shoot his wife and failed to report that he was subject to a restraining order prohibiting him from possessing firearms or ammunition.

## Investigative Assessment

Rating: **Sufficient**

Overall, the department sufficiently complied with policies and procedures.

# NORTH REGION

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-06-01 | 12-0348-IR | **Criminal Investigation** | 1. **Criminal Act** |

### Incident Summary

It was alleged that between June 2011 and February 2012, a teacher assistant brought mobile phones and marijuana into an institution for personal gain. She also allegedly engaged in unauthorized communications with an inmate. The Office of Internal Affairs conducted an investigation and found sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The Office of Internal Affairs did not open an administrative investigation due to the fact that the teacher assistant resigned.

### Investigative Assessment | Rating: **Insufficient**

The Office of Internal Affairs failed to comply with the department's policies and procedures governing the investigative process. The investigative report was completed and provided to the district attorney's office only 11 days before the deadline to file misdemeanor charges.

### Assessment Questions

- Did the department attorney provide written confirmation summarizing all critical discussions about the investigative report to the special agent with a copy to the OIG?

  *The department attorney did not provide written confirmation summarizing all critical discussions about the investigative report.*

- Was the investigation, or subject interview, completed at least 35 days before the deadline to take disciplinary action?

  *The investigative report was completed and provided to the district attorney's office only 11 days before the deadline to file misdemeanor charges against the teacher assistant.*

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-06-01 | 12-1635-IR | **Criminal Investigation** | 1. **Criminal Act** |

### Incident Summary

It was alleged that between June 2011 and March 2012, a parole agent used his assigned state vehicle on several occasions for personal use and used his assigned fuel card to purchase fuel for non-business purposes. The investigation failed to establish sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The Office of Internal Affairs also opened an administrative investigation, which the OIG accepted for monitoring.

### Investigative Assessment | Rating: **Sufficient**

The department's investigative process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-07-25 | 12-0163-IR | **Administrative Investigation** | 1. **Neglect of Duty** |

### Incident Summary

On July 25, 2011, two sergeants allegedly left two inmates in handcuffs until they agreed to share a cell. The same sergeants also allegedly failed to ensure that officers under their supervision completed the required documentation for temporary holding cells, and failed to complete the required supervisory portions of those documents. One of the sergeants also allegedly ordered a cell door to be opened during a fight between the two inmates, without following departmental policies and procedures. Two officers allegedly failed to complete the required documentation for temporary holding cells. Those officers, and two other officers, allegedly failed to prevent a cell fight they knew would occur. One of the officers also allegedly failed to secure an agitated inmate in handcuffs before removing her from the cell.

# NORTH REGION

| Investigative Assessment | Rating: Insufficient |
|---|---|

The department failed to comply with policies and procedures governing the investigative process. The hiring authority failed to timely refer the matter to the Office of Internal Affairs. The Office of Internal Affairs did not make a timely decision regarding the request. The department attorney failed to timely and sufficiently assess the deadline for taking disciplinary action, failed to timely contact the assigned special agent to discuss the investigative plan, and failed to attend interviews. Finally, the investigation was completed only 33 days before the deadline to take disciplinary action.

## Assessment Questions

- Was the matter referred to OIA as soon as reasonably practical, within 45 calendar days of the date of discovery?

  *The date of discovery was September 8, 2011; however, the hiring authority did not refer the matter to the Office of Internal Affairs until November 4, 2011, 57 days after discovery.*

- Did OIA Central Intake make a determination regarding the case within 30 calendar days?

  *OIA Central Intake received the request for investigation on November 7, 2011, but did not take action until January 11, 2012, 65 days after the request.*

- Within 21 calendar days, did the department attorney make an entry into CMS accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The department attorney was assigned January 20, 2012, but did not make an entry into CMS regarding the deadline for taking disciplinary action until March 1, 2012, 41 calendar days after assignment. In addition, the entry did not reference any specific dates.*

- No later than 21 calendar days following assignment of the case, did the department attorney contact the assigned special agent and the monitor to discuss the elements of a thorough investigation of the alleged misconduct?

  *The department attorney was assigned January 20, 2012. The first contact from the department attorney was February 21, 2012, 32 calendar days later. In addition, this contact was made only after first being contacted by the assigned special agent.*

- Did the department attorney attend investigative interviews for key witnesses to assess witness demeanor and credibility?

  *The department attorney did not attend any interviews.*

- Was the OIA investigation, or subject only interview, conducted with due diligence?

  *The investigation was completed only 33 days before the deadline to take disciplinary action.*

- Was the investigation, or subject interview, completed at least 35 days before the deadline to take disciplinary action?

  *The report was completed and submitted to the hiring authority 33 days before the deadline to take disciplinary action.*

## OIG Recommendation

During the disciplinary process the department attorney raised a concern that based on departmental policy, disciplinary action could not be taken because training had already been provided. As written, the policy is unclear whether all corrective action precludes disciplinary action. The OIG recommended to the hiring authority and the department attorney that they contact their supervisors to recommend that Article 22 Section 33030.8 be amended to clarify the language.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| **2011-08-01** | **12-0278-IR** | **Criminal Investigation** | 1.  **Criminal Act** |

## Incident Summary

Between August 1, 2011, and August 17, 2011, an officer allegedly submitted fraudulent sign-in sheets claiming she worked 28 hours of overtime. The Office of Internal Affairs conducted an investigation and found sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The Office of Internal Affairs also opened an administrative investigation, which the OIG accepted for monitoring.

# NORTH REGION

| Investigative Assessment | Rating: **Insufficient** |
|---|---|

The department failed to comply with policies and procedures. The hiring authority failed to refer the matter to the Office of Internal Affairs in a timely manner. The Office of Internal Affairs failed to make a timely determination regarding the request for investigation and failed to start the investigation in a timely manner. The department attorney failed to properly document the relevant deadlines and failed to attend interviews.

## Assessment Questions

- Was the matter referred to OIA as soon as reasonably practical, within 45 calendar days of the date of discovery?

  *The department learned of the misconduct on August 18, 2011, but the hiring authority did not refer the matter to the Office of Internal Affairs until December 20, 2011, 124 calendar days after the date of discovery.*

- Did OIA Central Intake make a determination regarding the case within 30 calendar days?

  *OIA Central Intake received the request for investigation on December 22, 2011, but did not take action until February 1, 2012, 41 calendar days after the request.*

- Did the special agent adequately confer with the department attorney upon case initiation and prior to finalizing the investigative plan?

  *Although the special agent contacted the department attorney to schedule a conference prior to finalizing the investigative plan, the conference did not take place.*

- Within 21 calendar days, did the department attorney make an entry into CMS accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The department attorney made an entry into CMS. However, he merely stated that he assessed the date of the incident, discovery date, and the deadline for taking disciplinary action without indicating the actual dates.*

- No later than 21 calendar days following assignment of the case, did the department attorney contact the assigned special agent and the monitor to discuss the elements of a thorough investigation of the alleged misconduct?

  *Despite contact by the assigned special agent and the OIG, the department attorney did not contact the assigned special agent or monitor to discuss the elements of a thorough investigation.*

- Did the department attorney appropriately determine that the deadline for taking disciplinary action as originally calculated should be modified and consult with the OIG and special agent?

  *The OIG identified the need to modify the deadline for taking disciplinary action and advised the department attorney, who agreed with the OIG's assessment.*

- Did the department attorney attend investigative interviews for key witnesses to assess witness demeanor and credibility?

  *The department attorney did not attend any of the interviews.*

- Was the OIA investigation, or subject only interview, conducted with due diligence?

  *The investigation was not started until July 3, 2012, 153 days after OIA Central Intake's determination to open an investigation. The assigned agent contacted the OIG and department attorney to advise of plans to begin interviews on July 13, 2012. Interviews did not take place until August 1, 2012, 182 days after the investigation was opened.*

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| | | Criminal Investigation | 1. Criminal Act |
| 2011-08-10 | 11-2379-IR | | |

## Incident Summary

On August 10, 2011, a male officer allegedly assaulted a female inmate by touching the inmate's genital area and leg. The Office of Internal Affairs conducted an investigation and found sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The Office of Internal Affairs also opened an administrative investigation, which the OIG accepted for monitoring.

# NORTH REGION

| Investigative Assessment | Rating: **Insufficient** |
|---|---|

The Office of Internal Affairs and the department attorney failed to comply with the department's policies and procedures governing the investigative process. The Office of Internal Affairs delayed initiating the investigation for over seven months. The department attorney failed to properly assess relevant deadlines, attend interviews, and provide legal consultation to the Office of Internal Affairs.

## Assessment Questions

- Within 21 calendar days, did the department attorney make an entry into CMS accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The first department attorney was assigned September 29, 2011, but did not make any entries into CMS regarding the relevant dates. The second department attorney was assigned December 21, 2011, but did not make an entry into CMS until January 30, 2012, 40 calendar days after assignment. In addition, the second attorney merely stated he assessed the date of the reported incident, date of discovery, and deadline for taking disciplinary action without indicating actual dates.*

- No later than 21 calendar days following assignment of the case, did the department attorney contact the assigned special agent and the monitor to discuss the elements of a thorough investigation of the alleged misconduct?

  *The first department attorney was assigned for almost two months beginning September 29, 2011, but never contacted the assigned special agent or the OIG to discuss the elements of a thorough investigation.*

- Did the department attorney attend investigative interviews for key witnesses to assess witness demeanor and credibility?

  *The department attorney failed to attend any interviews.*

- Was the OIA investigation, or subject only interview, conducted with due diligence?

  *The case was opened for investigation on September 21, 2011. The first special agent was assigned on October 11, 2011. Although the special agent contacted the assigned department attorney and the OIG, there was no case conference and the agent did not begin the investigation. A second special agent was not assigned until March 22, 2012, 182 days after the case was opened for investigation. The investigation was started April 5, 2012, 195 days after the case was opened for investigation.*

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| **2011-09-11** | **11-3178-IR** | **Administrative Investigation** | 1. **Unreasonable Use of Force**<br>2. **Neglect of Duty**<br>3. **Dishonesty** |

## Incident Summary

On September 11, 2011, a sergeant allegedly violated departmental policy when he failed to notify a supervisor that an inmate would not return his food tray. It was further alleged that the sergeant violated departmental policy when he ordered a control booth officer to open the cell door even though the inmates were not restrained. The control booth officer allegedly opened the cell door in violation of departmental policy. It was further alleged that an officer and the sergeant used unreasonable force when they consecutively sprayed one of the inmates with pepper spray. The sergeant allegedly failed to prevent the unreasonable use of force of the first officer, and the first officer allegedly failed to prevent the unreasonable use of force by the sergeant. Two other officers allegedly failed to prevent the unreasonable force used by the first officer and the sergeant. A licensed vocational nurse was allegedly dishonest when she falsified the holding cell logs subsequent to the use of force.

| Investigative Assessment | Rating: **Sufficient** |
|---|---|

Overall, the department's investigative process sufficiently complied with policies and procedures.

# NORTH REGION

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-09-18 | 12-0186-IR | Administrative Investigation | 1. Neglect of Duty<br>2. Failure to Report<br>3. Discourteous Treatment |

## Incident Summary

On September 18, 2011, an officer monitoring the visiting area suspected that an inmate received contraband from a visitor. The officer strip-searched the inmate but did not find any contraband. However, the officer observed what appeared to be lubricant around the inmate's rectal area. The officer taped the inmate's clothing around his waist, calves, and ankles, and relinquished custody of the inmate to a second officer who escorted the inmate to administrative segregation. When the inmate arrived, he was searched again by a third officer. During the search, a lieutenant and the third officer allegedly saw a small bindle of contraband drop from the inmate as he was being searched. The lieutenant ordered the bindle to be taped back on the inmate. The lieutenant then allegedly ordered an officer to take the inmate back to visiting staff to be searched again. When the officer in visiting searched the inmate again, the bindle of contraband was found. It was further alleged that the lieutenant told the officer in visiting not to mention her name in his report and not to "throw her staff under the bus." It was also alleged that a fourth officer witnessed the incident but failed to intervene.

## Investigative Assessment

Rating: **Sufficient**

The department's investigative process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-09-24 | 12-1546-IR | Administrative Investigation | 1. Failure to Report<br>2. Over-Familiarity<br>3. Neglect of Duty<br>4. Transmittal of Confidential Information |

## Incident Summary

On September 24, 2011, two officers allegedly knowingly and maliciously shared confidential information over the public address system in the housing unit that incited an assault by five inmates on another inmate. The same officers, a third officer, and a sergeant allegedly participated in a coordinated effort to conceal the assault, and failed to report their involvement in the assault. One of the officers was also allegedly overly familiar with another inmate.

## Investigative Assessment

Rating: **Insufficient**

The Office of Internal Affairs failed to comply with the department's policies and procedures governing the investigative process. The investigative report was provided to the hiring authority 11 days prior to the deadline for taking disciplinary action.

## Assessment Questions

- Within 21 calendar days, did the department attorney make an entry into CMS accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The department attorney was assigned the case on August 8, 2012. However, he did not make the required entry into CMS until September 7, 2012, 31 days later.*

- Was the investigation, or subject interview, completed at least 35 days before the deadline to take disciplinary action?

  *The department established the deadline to take disciplinary action as September 22, 2012. The investigation was completed and delivered to the hiring authority on September 11, 2012, only 11 days before the deadline.*

# North Region

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| **2011-10-01** | **12-0824-IR** | **Criminal Investigation** | 1. **Criminal Act** |

### Incident Summary

Between October 2011 and February 2012, an officer was allegedly overly familiar with two inmates by sending writings and engaging in a sexual relationship that included fondling. The Office of Internal Affairs conducted an investigation and found sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The Office of Internal Affairs also opened an administrative investigation, which the OIG accepted for monitoring.

| Investigative Assessment | Rating: **Sufficient** |
|---|---|
| Overall, the department's investigative process sufficiently complied with policies and procedures. | |

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| **2011-10-01** | **12-1696-IR** | **Criminal Investigation** | 1. **Criminal Act** |

### Incident Summary

Between October 2011 and March 2012, a cook allegedly provided mobile phones to inmates for financial gain. The Office of Internal Affairs conducted an investigation and found sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The Office of Internal Affairs also opened an administrative investigation, which the OIG accepted for monitoring.

| Investigative Assessment | Rating: **Sufficient** |
|---|---|
| The department's investigative process sufficiently complied with policies and procedures. | |

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| **2011-10-01** | **11-2850-IR** | **Criminal Investigation** | 1. **Criminal Act** |

### Incident Summary

On October 1, 2011, a dental assistant allegedly engaged in a sexual relationship with an inmate and provided the inmate a mobile phone. The Office of Internal Affairs conducted an investigation and found sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The Office of Internal Affairs also opened an administrative investigation, which the OIG accepted for monitoring.

| Investigative Assessment | Rating: **Sufficient** |
|---|---|
| Overall, the department's investigative process sufficiently complied with policies and procedures. | |

# NORTH REGION

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| **2011-10-13** | **11-2977-IR** | Administrative Investigation | 1. **Dishonesty**<br>2. **Failure to Report**<br>3. **Contraband**<br>4. **Other Failure of Good Behavior** |

## Incident Summary

On October 13, 2011, two officers allegedly possessed 45 pounds of marijuana and were growing marijuana for sale as medical marijuana growers licensed in Oregon. One of the officers was also found to have remains of five deer killed in violation of state hunting limits. This officer was allegedly dishonest when questioned by outside law enforcement regarding his suspected poaching activities and again allegedly dishonest in his Office of Internal Affairs interview. It was further alleged that on January 5, 2012, this officer brought ammunition onto prison grounds and left it in an unattended vehicle. On October 13, 2012, a sergeant, who was the brother of one of the officers, allegedly interfered with the investigation conducted by outside law enforcement by being dishonest to them about the marijuana growing operation. The sergeant was also allegedly dishonest in his investigative interview on January 4, 2012, and allegedly failed to report his brother's misconduct regarding the marijuana. Finally, it was alleged that a third officer was dishonest to outside law enforcement on October 13, 2011, during the poaching investigation and dishonest on July 12, 2012, during his Office of Internal Affairs interview.

## Investigative Assessment | Rating: **Insufficient**

The Office of Internal Affairs and department attorney failed to comply with the department's policies and procedures governing the investigative process. The investigative report was delivered to the hiring authority only 27 days prior to the deadline to take disciplinary action. This delay was caused in large part by the department attorney's failure to review the report and provide feedback to the special agent.

## Assessment Questions

- Within 21 calendar days following receipt of the investigative report, did the department attorney review the report and provide appropriate substantive feedback addressing the thoroughness and clarity of the report?

  *The draft report was sent to the department attorney on September 6, 2012; however, the department attorney did not document in CMS that the report was reviewed and did not provide appropriate substantive feedback addressing the thoroughness and clarity of the report.*

- Did the department attorney provide written confirmation summarizing all critical discussions about the investigative report to the special agent with a copy to the OIG?

  *The department attorney did not provide written confirmation summarizing all critical discussions about the investigative report to the special agent with a copy to the OIG.*

- Was the investigation, or subject interview, completed at least 35 days before the deadline to take disciplinary action?

  *The deadline for taking disciplinary action was October 13, 2012. The investigative report was delivered to the hiring authority on September 17, 2012, 27 calendar days before the deadline. This delay was caused in large part by the department attorney failing to provide feedback to the special agent regarding the investigative report.*

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| **2011-10-19** | **11-2748-IR** | Criminal Investigation | 1. **Criminal Act** |

## Incident Summary

On October 19, 2011, it was alleged that an office technician was involved in an overly familiar relationship with an inmate which included acts of unlawful communication without authorization from the hiring authority. In addition, it was alleged that the office technician brought contraband into a secure area of the institution consisting of money, mobile phones, and other unspecified items for inmates. The investigation failed to establish sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The Office of Internal Affairs also opened an administrative investigation, which the OIG accepted for monitoring.

# NORTH REGION

| Investigative Assessment | Rating: Sufficient |
|---|---|

Overall, the department's investigative process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-10-19 | 11-2803-IR | Criminal Investigation | 1. Criminal Act |

### Incident Summary

On October 19, 2011, it was alleged that an officer was smuggling contraband such as heroin and methamphetamines into the institution for personal gain. The investigation failed to establish sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The Office of Internal Affairs did not open an administrative investigation.

| Investigative Assessment | Rating: Sufficient |
|---|---|

Overall, the department's investigative process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-10-22 | 12-0187-IR | Administrative Investigation | 1. Dishonesty<br>2. Neglect of Duty<br>3. Attendance |

### Incident Summary

October 22, 2011, a sergeant allegedly left his post and the institution without supervisor approval or notice. Additionally, the sergeant was allegedly dishonest when he falsified his timesheet, claiming to have completed his watch. It was further alleged that two other sergeants were dishonest when each reported to a different lieutenant that the first sergeant worked longer than he did. Both sergeants were also allegedly dishonest during the investigative interviews.

| Investigative Assessment | Rating: Insufficient |
|---|---|

The Office of Internal Affairs failed to comply with the department's policies and procedures governing the investigative process. The investigation was not commenced timely. Throughout the investigation the special agent failed to consult with the OIG on several occasions and failed to consult with the department attorney at the commencement of the investigation. Witness interviews were not thorough and the substance of the interviews was not documented in the case management system. The investigative report was not appropriately drafted and problems with the investigation could not be remedied prior to the deadline to take disciplinary action, forcing the hiring authority to make disciplinary determinations without the benefit of a complete investigation.

# NORTH REGION

## Assessment Questions

- Did OIA Central Intake make a determination regarding the case within 30 calendar days?

  *OIA Central Intake received the request for investigation on November 14, 2011, but did not take action until January 8, 2012, 55 calendar days after receipt of the request.*

- Did the special agent adequately confer with the OIG upon case initiation and prior to finalizing the investigative plan?

  *The special agent did not confer with the OIG upon case initiation and prior to finalizing the investigative plan.*

- Did the special agent adequately confer with the department attorney upon case initiation and prior to finalizing the investigative plan?

  *The special agent did not confer with the department attorney upon case initiation and prior to finalizing the investigative plan.*

- No later than 21 calendar days following assignment of the case, did the department attorney contact the assigned special agent and the monitor to discuss the elements of a thorough investigation of the alleged misconduct?

  *Although the department attorney contacted and met with the OIG monitor to discuss the elements of a thorough investigation of the alleged misconduct, she failed to contact the assigned special agent.*

- Were all of the interviews thorough and appropriately conducted?

  *The special agent failed to ask the appropriate questions to identify misconduct and failed to clarify information that was unclear. This necessitated a second interview of one witness after completion of the investigative report, and a third interview of that witness after the penalty conference and expiration of the deadline to take disciplinary action.*

- Upon completion of the investigation, was a draft copy of the investigative report timely forwarded to the OIG to allow for feedback before it was forwarded to the HA or prosecuting agency?

  *The special agent failed to provide the draft report for review. The final investigative report was forwarded to the OIG for review but the special agent declined to make changes pursuant to the OIG's recommendations. The special agent prepared a supplemental report addressing one of the OIG's concerns.*

- Upon completion of the investigation, was a draft copy of the investigative report timely forwarded to the department attorney to allow for feedback before it was forwarded to the HA or prosecuting agency?

  *The special agent failed to provide the draft report for review. The final investigative report was forwarded to the department attorney for review but the special agent declined to revise the report despite the department attorney's request for an additional interview. The special agent eventually conducted the additional interview and prepared a supplemental report.*

- Within 21 calendar days following receipt of the investigative report, did the department attorney review the report and provide appropriate substantive feedback addressing the thoroughness and clarity of the report?

  *The investigative report was sent to the department attorney on August 24, 2012; however, the department attorney did not document in CMS that the report was reviewed and did not provide appropriate substantive feedback addressing the thoroughness and clarity of the report until September 21, 2012, 28 calendar days following receipt of the investigative report.*

- Was the investigative draft report provided to the OIG for review thorough and appropriately drafted?

  *The investigate report provided to the OIG for review was not thorough and appropriately drafted because it failed to accurately set forth the facts supporting an allegation of dishonesty and failed to clarify who witnessed an allegedly dishonest statement made by an officer to a supervisor.*

- Was the final investigative report thorough and appropriately drafted?

  *The final investigate report provided to the OIG for review was not thorough and appropriately drafted because it failed to accurately set forth the facts supporting an allegation of dishonesty and it failed to clarify who witnessed an allegedly dishonest statement made by an officer to a supervisor. On the recommendation of the OIG, an additional interview was conducted and a supplemental report was prepared addressing the second inadequacy.*

- Was the OIA investigation, or subject only interview, conducted with due diligence?

  *The Office of Internal Affairs opened the investigation on January 18, 2012, but the special agent did not begin substantive work on the investigation until June 1, 2012, more than four months after the investigation was opened. The special agent did not complete the investigation until 24 days before the deadline to take disciplinary action. The investigative report was inadequate but could not be revised due to time constraints.*

# NORTH REGION

- Was the investigation, or subject interview, completed at least 35 days before the deadline to take disciplinary action?

  *The report was completed and submitted to the hiring authority with only 24 days left before the deadline to take disciplinary action.*

- Did the special agent cooperate with and provide continual real-time consultation with the OIG?

  *The special agent did not cooperate and provide continual real-time consultation with the OIG. The special agent failed to coordinate a critical interview with the OIG, and the interview was not appropriately conducted.*

- Was the investigation thorough and appropriately conducted?

  *Three interviews of the same witness were required due to failure to clarify information. One of those interviews took place after the deadline for taking disciplinary action. The investigative report was not adequate or appropriately drafted but because the investigation was not completed timely and the report could not be revised before being forwarded to the hiring authority. Despite the OIG's recommendation, the special agent also failed to ask a critical question of a witness regarding a dishonest statement.*

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| **2011-10-23** | **11-3021-IR** | **Criminal Investigation** | 1.  **Criminal Act** |

## Incident Summary

On October 23, 2011, an officer allegedly burned an inmate with a hot cigarette lighter. The Office of Internal Affairs conducted an investigation and found sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The Office of Internal Affairs opened an administrative investigation, which the OIG accepted for monitoring.

## Investigative Assessment                                      Rating: **Sufficient**

Overall, the department's investigative process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| **2011-10-23** | **12-1087-IR** | **Administrative Investigation** | 1.  **Neglect of Duty** |

## Incident Summary

On October 23, 2011, a psychologist allegedly refused to see an inmate and conduct an evaluation after a nurse informed the psychologist that the inmate reported he had demons inside of him and that the devil was making him say things he did not want to say. The inmate subsequently committed suicide.

## Investigative Assessment                                      Rating: **Insufficient**

The department failed to comply with policies and procedures governing the investigative process. The hiring authority failed to refer the matter to the Office of Internal Affairs as soon as reasonably practical. The department attorney failed to sufficiently confirm the deadline for taking disciplinary action, and the special agent failed to conduct the investigation with due diligence.

## Assessment Questions

- Was the matter referred to OIA as soon as reasonably practical, within 45 calendar days of the date of discovery?

  *The department learned of the misconduct on December 1, 2011, but the hiring authority did not refer the matter to the Office of Internal Affairs until February 16, 2012, 78 days after the date of discovery.*

- Within 21 calendar days, did the department attorney make an entry into CMS accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The department attorney made an entry into CMS. However, the department attorney merely stated that she assessed the date of incident, date of discovery, and evaluated the statute of limitations without indicating the actual dates and analysis.*

- Was the OIA investigation, or subject only interview, conducted with due diligence?

  *The special agent was assigned to the case on March 27, 2012, and spoke with the department attorney on April 10, 2012, but failed to conduct any witness interviews until December 3, 2012, more than eight months after being assigned.*

# NORTH REGION

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| **2011-10-23** | **12-2032-IR** | Administrative Investigation | 1. **Neglect of Duty**<br>2. **Dishonesty**<br>3. **Failure to Report**<br>4. **Discourteous Treatment**<br>5. **Battery** |

## Incident Summary

On October 23, 2011, an officer allegedly battered an inmate by burning his hand with a lighter and neglected his duties by failing to secure medical treatment for the inmate. During the investigatory interview, the officer was allegedly dishonest regarding the incident. A second officer allegedly witnessed the battery and neglected his duties by failing to report the incident and secure medical treatment for the inmate. It was further alleged that on November 27, 2011, a third officer was discourteous to the inmate when she sang a song mocking his injury.

## Investigative Assessment

**Rating: Sufficient**

Overall, the department's investigative process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| **2011-10-26** | **12-2450-IR** | Administrative Investigation | 1. **Dishonesty**<br>2. **Contraband**<br>3. **Over-Familiarity**<br>4. **Neglect of Duty**<br>5. **Other Failure of Good Behavior** |

## Incident Summary

It was alleged that between October 26, 2011, and November 22, 2011, a senior youth counselor engaged in overly familiar behavior with several wards under his supervision by providing them with contraband items, circumventing procedures for personal property control, and assisting wards in hiding unauthorized items so the items would not be confiscated by custody staff. The contraband items included unauthorized MP3 players, shoes, clothing, video games, and a watch with a Raiders football team logo. It was further alleged that on December 22, 2011, the senior youth counselor was dishonest when he told a sergeant that the watch with the Raiders logo had been provided to him for the ward by the ward's parents, when in fact this was not the case as the counselor had obtained the item and provided it to the ward directly.

## Investigative Assessment

**Rating: Sufficient**

Overall, the department's investigative process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| **2011-11-03** | **12-0634-IR** | Administrative Investigation | 1. **Dishonesty**<br>2. **Failure to Report**<br>3. **Unreasonable Use of Force**<br>4. **Neglect of Duty**<br>5. **Discourteous Treatment** |

## Incident Summary

On November 3, 2011, an officer allegedly engaged in a confrontation with an inmate, used unreasonable force, failed to report the use of force, and was dishonest with supervisors regarding the use of force. In addition, on November 4, 2011, the officer allegedly again used unreasonable force on the same inmate, failed to accurately report the use of force, and was dishonest with supervisors concerning the use of force. It was also alleged that the officer was dishonest during the investigative interview.

# NORTH REGION

| Investigative Assessment | Rating: **Insufficient** |
|---|---|

The Office of Internal Affairs and the department attorney failed to comply with the department's policies and procedures governing the investigative process. OIA Central Intake failed to make a timely determination regarding the case and the special agent delayed substantive work on the investigation for more than three months after assignment of the case. In addition, the special agent and the department attorney held substantive meetings regarding investigative strategy and made decisions regarding the investigative plan without notifying and conferring with the OIG. The special agent did not timely complete the investigative report; therefore, the department attorney and the OIG did not have adequate time to review and provide feedback before it was sent to the hiring authority. Additional witness interviews were requested by the department attorney subsequent to the deadline to take disciplinary action.

# NORTH REGION

## Assessment Questions

- Was the matter referred to OIA as soon as reasonably practical, within 45 calendar days of the date of discovery?

  *The date of discovery was November 4, 2011; however, the hiring authority did not refer the matter to the Office of Internal Affairs until January 27, 2012, 84 days after the date of discovery.*

- Did OIA Central Intake make a determination regarding the case within 30 calendar days?

  *OIA Central Intake received the request for investigation on February 1, 2012, but did not take action until March 14, 2012, 42 days after receipt of the request.*

- Within 21 calendar days, did the department attorney make an entry into CMS accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The department attorney made an entry into CMS. However, she merely stated that she assessed the date of the incident, discovery date, and the deadline for taking disciplinary action without indicating the actual dates.*

- Did the department attorney appropriately determine that the deadline for taking disciplinary action as originally calculated should be modified and consult with the OIG and special agent?

  *The deadline for taking disciplinary action calculated by OIA Central Intake as to the initial subject was November 3, 2012. The OIG recommended changing the deadline date to November 2, 2012, but the department attorney declined to do so.*

- Upon completion of the investigation, was a draft copy of the investigative report timely forwarded to the OIG to allow for feedback before it was forwarded to the HA or prosecuting agency?

  *The Office of Internal Affairs failed to timely provide a copy of the investigative report to the OIG. Therefore, the OIG was precluded from providing feedback prior to the report being given to the hiring authority.*

- Upon completion of the investigation, was a draft copy of the investigative report timely forwarded to the department attorney to allow for feedback before it was forwarded to the HA or prosecuting agency?

  *The Office of Internal Affairs failed to timely provide a copy of the investigative report to the department attorney. Therefore, the department attorney was precluded from providing feedback prior to the report being given to the hiring authority.*

- Did the department attorney provide written confirmation summarizing all critical discussions about the investigative report to the special agent with a copy to the OIG?

  *The department attorney did not provide written confirmation summarizing all critical discussions about the investigative report to the special agent with a copy to the OIG.*

- Was the final investigative report thorough and appropriately drafted?

  *The final investigative report was not thorough or appropriately drafted because it did not contain significant allegations, did not include all of the pertinent facts supporting the allegations, and did not contain a complete list of witnesses.*

- Was the OIA investigation, or subject only interview, conducted with due diligence?

  *The investigation was not conducted with due diligence. The Office of Internal Affairs opened the investigation on March 21, 2012, but the special agent did not begin substantive work on the investigation until July 11, 2012. The special agent did not complete the investigation until 16 days before the deadline to take disciplinary action.*

- Was the investigation, or subject interview, completed at least 35 days before the deadline to take disciplinary action?

  *The report was completed and submitted to the hiring authority with only 16 days remaining before the deadline to take disciplinary action.*

- Did the special agent cooperate with and provide continual real-time consultation with the OIG?

  *The special agent did not cooperate with and provide continual real-time consultation with the OIG. The special agent failed to coordinate some critical interviews with the OIG. When the OIG made suggestions regarding additional interviews, the special agent discussed the matter with the department attorney but did not consult with the OIG.*

- Did the department attorney cooperate with and provide continual real-time consultation with the OIG throughout the investigative phase?

  *The department attorney did not cooperate with and provide continual real-time consultation with the OIG throughout the investigative phase. The department attorney and the special agent held a meeting to discuss the OIG's suggestions regarding the investigative plan without advising the OIG and dismissed the suggestions without consultation with the OIG.*

# NORTH REGION

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-11-06 | 11-3121-IR | Administrative Investigation | 1. Unreasonable Use of Force<br>2. Neglect of Duty<br>3. Discourteous Treatment |

### Incident Summary

On November 6, 2011, a visiting control booth officer allegedly switched positions with a visiting floor officer without authorization. It was further alleged that during inmate visitation, the switching officer attempted to terminate an inmate visit and, after the inmate refused to get out of his chair, the officer used unreasonable force by using pepper spray on the inmate while he remained passively seated. The inmate stood up and walked away from the officer; however, the officer allegedly sprayed the inmate two additional times before the inmate stopped and submitted to handcuffing. There were 41 people in the visiting room exposed to the pepper spray.

### Investigative Assessment                    Rating: Sufficient

The department's investigative process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-11-10 | 12-0222-IR | Administrative Investigation | 1. Unreasonable Use of Force<br>2. Dishonesty<br>3. Failure to Report<br>4. Neglect of Duty<br>5. Other Failure of Good Behavior<br>6. Discourteous Treatment |

### Incident Summary

On November 10, 2011, an officer allegedly used unreasonable force by dispensing pepper spray in an inmate's upper torso and facial area after the inmate had been restrained and was under control. It was further alleged the officer failed to accurately report the use of force. In addition, four other officers and two sergeants allegedly witnessed the unreasonable use of force and failed to report it. On the following day, one of the sergeants and one of the officers told a lieutenant that they felt uncomfortable with their initial reports because they witnessed the unreasonable force and failed to report it. Following the disclosure of the new information, the officer who used the unreasonable force reported that the inmate lunged at her a second time, causing her to discharge pepper spray a second time, which occurred prior to the inmate being placed in restraints. The officer was allegedly dishonest during her investigative interview when she continued to maintain that the inmate was not restrained and lunged at her when she used pepper spray the second time. In addition, the officer was allegedly dishonest when she denied that she intentionally omitted the second use of force in her initial report, denied that she followed the inmate into the corridor where she used force, denied that she argued with the inmate, denied that she used profanity, and denied that her behavior was unprofessional.

### Investigative Assessment                    Rating: Sufficient

Overall, the department's investigative process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-11-12 | 12-0193-IR | Administrative Investigation | 1. Dishonesty<br>2. Other Failure of Good Behavior |

### Incident Summary

On November 12, 2011, it was alleged a sergeant, accompanied by his cousin, went to the residence of his ex-wife, also a sergeant. The first sergeant then allegedly entered the residence without authorization and engaged in a physical altercation with his ex-wife. Local law enforcement was dispatched and indicated they were unable to determine who was the aggressor. Both sergeants reported the police contact and the incident to the institution. On December 5, 2011, the second sergeant was allegedly dishonest when she misrepresented facts during a hearing regarding a restraining order.

# NORTH REGION

| Investigative Assessment | Rating: **Insufficient** |
|---|---|

The Office of Internal Affairs and department attorney failed to comply with the department's procedures governing the investigative process. OIA Central Intake failed to make a timely determination. The department attorney failed to document an assessment of relevant dates and failed to contact the special agent and the OIG to discuss the elements of a thorough investigation. Finally, the investigative report was delivered to the hiring authority 25 days before the deadline to take disciplinary action.

## Assessment Questions

- Did OIA Central Intake make a determination regarding the case within 30 calendar days?

  *The matter was received by OIA Central Intake on November 20, 2011. OIA Central Intake made its determination on January 18, 2012, 62 days after receipt.*

- Within 21 calendar days, did the department attorney make an entry into CMS accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The department attorney was assigned January 24, 2012, but did not make an entry into CMS regarding the date of the incident, the date of discovery, or the deadline for taking disciplinary action until March 1, 2012, 36 days after assignment. In addition, the entry did not reference any specific dates.*

- No later than 21 calendar days following assignment of the case, did the department attorney contact the assigned special agent and the monitor to discuss the elements of a thorough investigation of the alleged misconduct?

  *The department attorney was assigned January 24, 2012, but did not contact either the assigned special agent or monitor until February 28, 2012, when the special agent made contact with the attorney and monitor.*

- Was the investigation, or subject interview, completed at least 35 days before the deadline to take disciplinary action?

  *The deadline to take disciplinary action was November 10, 2012. The investigation was completed on October 16, 2012, only 25 days before the deadline to take disciplinary action.*

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| **2011-11-17** | **12-0460-IR** | Administrative Investigation | 1. **Neglect of Duty** |

## Incident Summary

On November 17, 2011, during meal deliveries an officer noticed the window of the inmate's cell covered with a sheet and told the inmate to remove the sheet, allegedly continuing delivering meals without taking action to have the sheet removed. The officer later returned to the cell and found that the sheet was not removed. The officer again ordered the inmate to remove the sheet and continued meal delivery. The officer eventually returned to the cell, took action to remove the sheet, and discovered the inmate hanging and unresponsive. Custody and medical staff applied life-saving measures but the inmate was later declared dead. Another officer allegedly performed improper security and inmate welfare checks earlier that day.

| Investigative Assessment | Rating: **Insufficient** |
|---|---|

The Office of Internal Affairs failed to comply with the department's policies and procedures governing the investigative process. The special agent took over eight months to complete the investigation.

## Assessment Questions

- Was the OIA investigation, or subject only interview, conducted with due diligence?

  *The case was assigned to the special agent on March 7, 2012; however, he failed to complete the investigation until November 16, 2012, over eight months after being assigned the case.*

- Was the investigation, or subject interview, completed at least 35 days before the deadline to take disciplinary action?

  *The deadline for taking disciplinary action was December 19, 2012. The investigation was not completed until November 21, 2012, only 27 days before the deadline.*

# NORTH REGION

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-12-01 | 12-0924-IR | Administrative Investigation | 1. Dishonesty<br>2. Contraband<br>3. Neglect of Duty |

### Incident Summary

Between December 2011 and April 2012, an officer allegedly exchanged food items with a condemned inmate in exchange for morphine pills. On one occasion, a second officer observed the first officer place a paper bag in the inmate's cell while the inmate was away. The second officer retrieved the paper bag containing what appeared to be candy and packaged noodles and gave it to a third officer. The third officer allegedly failed to secure the bag or verify its contents and instead returned the bag to the inmate. It was further alleged that the first officer was dishonest during her investigatory interview.

### Investigative Assessment

Rating: **Sufficient**

Overall, the department's investigative process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-12-11 | 12-0513-IR | Administrative Investigation | 1. Dishonesty<br>2. Over-Familiarity<br>3. Neglect of Duty<br>4. Threat/Intimidation |

### Incident Summary

On December 11, 2011, it was alleged an officer neglected his duties by failing to promptly apply handcuffs to an inmate after being instructed by a supervisor to do so, by failing to search an inmate after being told the inmate possibly possessed a weapon, and by removing the handcuffs after being told the inmate possibly possessed a weapon. It was further alleged the officer used intimidating or threatening remarks toward an inmate by telling the inmate to assault another inmate. It was also alleged the officer was overly familiar with an inmate by whispering to the inmate in Spanish when the inmate was fluent in English. Additionally, it was alleged that the officer was dishonest during his investigative interview on October 22, 2012.

### Investigative Assessment

Rating: **Insufficient**

The department failed to comply with policies and procedures governing the investigative process. The hiring authority failed to refer the case to the Office of Internal Affairs in a timely manner. The department attorney failed to timely document the deadline for taking disciplinary action and failed to contact the special agent to discuss the investigation. Finally, the investigation was completed only 25 days before the deadline to take disciplinary action.

### Assessment Questions

- Was the matter referred to OIA as soon as reasonably practical, within 45 calendar days of the date of discovery?

  *The department learned of the misconduct on December 11, 2011, but the hiring authority did not refer the matter to the Office of Internal Affairs until January 31, 2012, more than 45 days after the date of discovery.*

- Within 21 calendar days, did the department attorney make an entry into CMS accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The department attorney was assigned March 7, 2012, but did not make an entry into CMS regarding the deadline for taking disciplinary action until April 18, 2012, 42 calendar days after assignment.*

- No later than 21 calendar days following assignment of the case, did the department attorney contact the assigned special agent and the monitor to discuss the elements of a thorough investigation of the alleged misconduct?

  *The department attorney was assigned on March 7, 2012, but did not contact the assigned special agent or the OIG until April 18, 2012, after being contacted first by the special agent and the OIG.*

- Was the investigation, or subject interview, completed at least 35 days before the deadline to take disciplinary action?

  *The deadline to take disciplinary action was December 9, 2012. The completed investigation was sent to the hiring authority on November 14, 2012, only 25 days before the deadline to take disciplinary action.*

# NORTH REGION

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-12-11 | 12-0678-IR | Administrative Investigation | 1. Dishonesty<br>2. Misuse of Authority<br>3. Other Failure of Good Behavior<br>4. Discourteous Treatment |

### Incident Summary

On December 11, 2011, an officer was arrested for driving under the influence of alcohol. It was alleged the officer used his position as a peace officer to request leniency from the arresting officers. Additionally, it was alleged the officer was in possession of a handgun and ammunition while under the influence of alcohol. It was further alleged the officer was dishonest when questioned by the arresting officers regarding the location of the handgun. A second officer, who was a passenger, allegedly made false statements to the arresting officers and attempted to use his position as a peace office to gain favor with them. The second officer was also allegedly dishonest during his investigative interview on August 2, 2012.

### Investigative Assessment

Rating: **Sufficient**

Overall, the department's investigative process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-12-13 | 12-0676-IR | Administrative Investigation | 1. Neglect of Duty<br>2. Other Failure of Good Behavior<br>3. Discourteous Treatment |

### Incident Summary

On December 13, 2011, an officer and a counselor allegedly questioned two inmates on separate occasions about their past conduct involving masturbation, eating feces, and homosexuality. The officer and counselor reportedly called the inmates separately into a room and posed as investigators when they questioned them about their past. One of the inmates reported feeling anxious and humiliated. A couple of weeks later, the same inmate made suicidal statements and was transferred to an acute medical unit.

### Investigative Assessment

Rating: **Sufficient**

Overall, the department's investigative process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-12-14 | 12-0822-IR | Administrative Investigation | 1. Neglect of Duty |

### Incident Summary

On December 14, 2011, a lieutenant allegedly neglected his duties when he failed to stop inmate movement during count which resulted in an inaccurate count. It was further alleged that two sergeants and an officer neglected their duties by exchanging a username and password to correct the inmate count. Finally, it was alleged the lieutenant neglected his duties by failing to stop the sergeants and officer from exchanging the password.

### Investigative Assessment

Rating: **Insufficient**

The Office of Internal Affairs and hiring authority failed to comply with the department's policies and procedures governing the investigative process. The hiring authority delayed 91 days before referring the matter to the Office of Internal Affairs and the special agent waited more than four months to begin interviews.

# NORTH REGION

## Assessment Questions

- Was the matter referred to OIA as soon as reasonably practical, within 45 calendar days of the date of discovery?

  *The department learned of the misconduct on December 21, 2011, but the hiring authority did not refer the matter to the Office of Internal Affairs until March 21, 2012, 91 days after the date of discovery.*

- Was the OIA investigation, or subject only interview, conducted with due diligence?

  *The special agent was assigned to the investigation on April 19, 2012, but did not start interviews until September 6, 2012, over four months after the initial assignment.*

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-12-21 | 12-0077-IR | **Criminal Investigation** | 1. **Criminal Act** |

### Incident Summary

On December 21, 2011, it was alleged that a materials and stores supervisor provided a mobile phone to an inmate for financial gain. The Office of Internal Affairs conducted an investigation and found sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The Office of Internal Affairs also opened an administrative investigation, which the OIG accepted for monitoring.

### Investigative Assessment | Rating: **Sufficient**

The department's investigative process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-12-29 | 12-1085-IR | **Administrative Investigation** | 1. **Failure to Report**<br>2. **Unreasonable Use of Force**<br>3. **Dishonesty** |

### Incident Summary

On December 29, 2011, an officer allegedly used unreasonable force when he fired a less-lethal weapon at a ward who was lying on the ground, face down, with his feet spread apart and his hands behind his back, not posing an immediate threat. In addition, the officer was allegedly dishonest by failing to accurately report that use of force. A youth counselor and a sergeant allegedly failed to report that they witnessed the use of force.

### Investigative Assessment | Rating: **Sufficient**

Overall, the department's investigative process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2012-01-01 | 12-0720-IR | **Administrative Investigation** | 1. **Neglect of Duty**<br>2. **Dishonesty** |

### Incident Summary

On January 1, 2012, it was alleged that an officer violated policies and procedures when she escorted an administrative segregation inmate without a second escort officer. It was further alleged that four other officers provided false and misleading information in official reports regarding escort of inmates and placement into holding cells. It was also alleged that a lieutenant failed to adequately review the reports submitted regarding a use of force and failed to identify discrepancies in the reports, including alleged false and misleading information.

# NORTH REGION

| Investigative Assessment | Rating: **Insufficient** |
|---|---|

The Office of Internal Affairs failed to comply with the department's policies and procedures governing the investigative process. The special agent did not timely begin substantive work on the investigation, and thus the investigation was not completed until 18 days before the deadline to take disciplinary action.

## Assessment Questions

- Upon completion of the investigation, was a draft copy of the investigative report timely forwarded to the OIG to allow for feedback before it was forwarded to the HA or prosecuting agency?

  *The final investigative report was forwarded to the hiring authority and the OIG simultaneously, thus precluding OIG feedback.*

- Was the OIA investigation, or subject only interview, conducted with due diligence?

  *The Office of Internal Affairs investigation was not conducted with due diligence. The Office of Internal Affairs opened the investigation on March 28, 2012, but the special agent did not begin substantive work on the investigation until October 11, 2012. The special agent did not complete the investigation until 18 days before the deadline to take disciplinary action.*

- Was the investigation, or subject interview, completed at least 35 days before the deadline to take disciplinary action?

  *The deadline to take disciplinary action was January 8, 2013. The investigation was completed on December 21, 2012, only 18 days before the deadline to take disciplinary action.*

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| **2012-01-01** | **12-1579-IR** | **Criminal Investigation** | 1. **Criminal Act** |

### Incident Summary

Between January 1, 2012, and June 21, 2012, a parole agent was allegedly engaged in a sexual relationship with a parolee. The Office of Internal Affairs conducted an investigation and found sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The Office of Internal Affairs did not open an administrative investigation because the parole agent retired.

| Investigative Assessment | Rating: **Sufficient** |
|---|---|

The department's investigative process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| **2012-01-01** | **12-1634-IR** | **Criminal Investigation** | 1. **Criminal Act** |

### Incident Summary

Between January 2012 and June 2012, a stationary engineer was allegedly conspiring with an inmate to bring tobacco inside the institution for personal gain. The investigation failed to establish sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The department did not open an administrative investigation as the engineer retired during the course of the criminal investigation.

| Investigative Assessment | Rating: **Sufficient** |
|---|---|

The department's investigative process sufficiently complied with policies and procedures.

# NORTH REGION

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| **2012-01-02** | **12-0514-IR** | **Criminal Investigation** | 1. **Criminal Act** |

### Incident Summary

On January 2, 2012, a male officer allegedly engaged in a sexual act with a female inmate. The investigation failed to establish sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The Office of Internal Affairs opened an administrative investigation, which the OIG accepted for monitoring.

### Investigative Assessment

**Rating: Sufficient**

Overall, the department's investigative process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| **2012-01-11** | **12-0830-IR** | **Criminal Investigation** | 1. **Criminal Act** |

### Incident Summary

On January 11, 2012, it was alleged that an office technician engaged in an overly familiar relationship with an inmate by sending unauthorized text messages, and smuggling tobacco and mobile phones into the institution for the inmate. The investigation failed to establish sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The department did not open an administrative investigation due to the office technician submitting a resignation prior to the conclusion of the criminal investigation.

### Investigative Assessment

**Rating: Sufficient**

Overall, the department's investigative process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| **2012-01-14** | **12-0395-IR** | **Criminal Investigation** | 1. **Criminal Act** |

### Incident Summary

On January 14, 2012, it was alleged that a supervising cook smuggled mobile phones, tobacco, and other contraband into the institution for inmates for personal gain, and possessed a marijuana smoking pipe at the institution. It was further alleged that the supervising cook provided marijuana-laced brownies to a minor for distribution to other minors and communicated with the minor by mobile phone for purposes of sales and distribution of marijuana to minors at school. The Office of Internal Affairs conducted an investigation and found sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The Office of Internal Affairs also opened an administrative investigation, which the OIG accepted for monitoring.

### Investigative Assessment

**Rating: Sufficient**

The department's investigative process sufficiently complied with policies and procedures.

# NORTH REGION

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2012-01-25 | 12-0429-IR | **Criminal Investigation** | 1. **Criminal Act** |

### Incident Summary

On January 25, 2012, and January 28, 2012, a licensed vocational nurse responsible for dispensing medication to inmates allegedly removed narcotics by falsifying medical records and overdrawing narcotics prescribed for inmates. The Office of Internal Affairs opened an investigation but the licensed vocational nurse failed to return to work and was involuntarily terminated. The investigation failed to establish sufficient evidence for a probable cause referral to the district attorney. The department did not open an administrative investigation due to a lack of evidence. The OIG concurred with the department's decisions.

### Investigative Assessment | Rating: **Sufficient**

Overall, the department's investigative process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2012-02-04 | 12-0981-IR | **Administrative Investigation** | 1. **Neglect of Duty** |

### Incident Summary

On February 4, 2012, a tower officer assigned to supervise inmates on an exercise yard allegedly failed to respond and intervene while an inmate attacked another inmate with an inmate-manufactured weapon. An officer assigned to observe a different exercise yard saw the attack and sounded an alarm. Responding officers fired less-lethal rounds to stop the attack. The inmate who was attacked sustained two puncture wounds to his upper torso and was sent to an outside hospital for medical treatment.

### Investigative Assessment | Rating: **Sufficient**

Overall, the department's investigative process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2012-02-14 | 12-0722-IR | **Administrative Investigation** | 1. **Dishonesty**<br>2. **Discourteous Treatment** |

### Incident Summary

On February 14, 2012, an officer was allegedly discourteous toward an inmate when she grabbed and dislodged an earphone from the inmate's ear. It was further alleged that the officer submitted a false report regarding the incident.

### Investigative Assessment | Rating: **Sufficient**

The department's investigative process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2012-02-22 | 12-0719-IR | **Criminal Investigation** | 1. **Criminal Act** |

### Incident Summary

It was alleged that on February 22, 2012, an officer learned that an inmate was going to be murdered and failed to take any action to prevent the murder. Three days later the inmate was attacked and died. The Office of Internal Affairs conducted an investigation and found sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The Office of Internal Affairs opened an administrative investigation, which the OIG accepted for monitoring.

# NORTH REGION

## Investigative Assessment

**Rating:** Sufficient

The department's investigative process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2012-02-23 | 12-0569-IR | Criminal Investigation | 1. Criminal Act |

### Incident Summary

On February 23, 2012, it was alleged a materials and stores supervisor was conspiring with inmates to receive, purchase, distribute, and sell tobacco and mobile phones to other inmates in the institution. It was further alleged that the materials and stores supervisor had unauthorized communications with inmates or their associates and possessed a box-cutter blade within institutional grounds. The Office of Internal Affairs conducted an investigation and found sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The Office of Internal Affairs also opened an administrative investigation, which the OIG accepted for monitoring.

## Investigative Assessment

**Rating:** Sufficient

Overall, the department's investigative process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2012-03-27 | 12-0777-IR | Criminal Investigation | 1. Criminal Act |

### Incident Summary

On March 27, 2012, it was alleged that a certified nursing assistant introduced tobacco and a mobile phone into the institution for personal gain. The investigative services unit set up surveillance after receiving information that the certified nursing assistant was delivering the contraband into the institution. The certified nursing assistant was observed placing a package into a trash can. The package was retrieved and found to contain tobacco, wrapping papers, chocolate, and gum. The Office of Internal Affairs conducted an investigation and found sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The Office of Internal Affairs did not open an administrative investigation because the certified nursing assistant was a contract employee and her employment with the department was terminated.

## Investigative Assessment

**Rating:** Sufficient

The department's investigative process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2012-04-27 | 12-1034-IR | Criminal Investigation | 1. Criminal Act |

### Incident Summary

On April 27, 2012, a youth counselor allegedly attempted to introduce mobile phones into a youth facility for personal gain. The investigation failed to establish sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The department did not open an administrative investigation due to lack of evidence.

## Investigative Assessment

**Rating:** Sufficient

The department's investigative process sufficiently complied with policies and procedures.

# SOUTH REGION

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2009-09-01 | 11-2259-IR | Criminal Investigation | 1. Criminal Act |

## Incident Summary

From September 2009 through May 2010, a chaplain allegedly double-billed for completing work during the same hours at two institutions. The investigation failed to establish sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The department did not open an administrative investigation, but instead provided training to the chaplain and his supervisor. The OIG concurred with the department's decision not to open an administrative case. The chaplain resigned shortly thereafter.

## Investigative Assessment | Rating: Insufficient

The Office of Internal Affairs and department attorney failed to comply with policies and procedures governing the investigative process. Although a special agent and department attorney were assigned promptly, an initial interview did not occur for more than four months thereafter. Nearly six months passed afterward without any substantive work on the case. In addition, the department attorney failed to attend key witness interviews.

## Assessment Questions

- Was the matter referred to OIA as soon as reasonably practical, within 45 calendar days of the date of discovery?

  *The date of discovery was April 29, 2011; however, the hiring authority did not refer the matter to the Office of Internal Affairs until August 15, 2011, nearly four months after the date of discovery.*

- Within 21 calendar days, did the department attorney make an entry into CMS accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The department attorney was assigned on September 19, 2011, but did not make an entry into CMS regarding the deadline for taking disciplinary action until November 10, 2011, 52 days after assignment. In addition, the department attorney did not make any entry into CMS confirming other relevant dates.*

- Did the OIA adequately consult with the OIG, department attorney, and the appropriate prosecuting agency to determine if an administrative investigation should be conducted concurrently with the criminal investigation?

  *There was no consultation with a prosecuting agency although there was consultation with the department attorney and the OIG.*

- Did the department attorney attend investigative interviews for key witnesses to assess witness demeanor and credibility?

  *The department attorney failed to attend any witness interviews.*

- Was the OIA investigation, or subject only interview, conducted with due diligence?

  *Although a special agent was assigned on September 16, 2011, and a department attorney was assigned on September 19, 2011, the first interview did not occur until January 26, 2012, over four months after the special agent and attorney were assigned. The next interview did not occur until July 12, 2012, nearly six months later.*

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2010-03-22 | 11-2473-IR | Administrative Investigation | 1. Dishonesty<br>2. Attendance - Unauthorized Absence |

## Incident Summary

From March 22, 2010, through March 26, 2010, a counselor was allegedly absent without leave and, on April 28, 2010, submitted a fraudulent timesheet regarding those dates. On April 8, 2011, the counselor was allegedly dishonest to a personnel supervisor by informing her that he would be on military leave from April 25, 2011, through May 25, 2011. On May 19, 2011, the counselor allegedly submitted military orders to the institution that he allegedly forged claiming that he had been and would be on active duty between April 25, 2011, and May 25, 2011. The counselor was absent without leave from May 16, 2011, through May 25, 2011, and allegedly submitted another fraudulent timesheet regarding those dates. On February 10, 2012, the counselor was allegedly dishonest during his interview with the Office of Internal Affairs.

# SOUTH REGION

| Investigative Assessment | Rating: Insufficient |
|---|---|

The Office of Internal Affairs and department attorney failed to comply with the department's policies and procedures. The Office of Internal Affairs delayed addressing the request for investigation and, without justifiable reason, took over eight months to complete its investigation. The department attorney failed to attend any of the witness interviews and did not document relevant dates impacting the investigation.

## Assessment Questions

- Did OIA Central Intake make a determination regarding the case within 30 calendar days?

  *OIA Central Intake received the request for investigation on June 30, 2011, but did not take action until August 3, 2011, 35 days after the receipt of the request.*

- Within 21 calendar days, did the department attorney make an entry into CMS accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The department attorney made an entry into CMS. However, the department attorney did not confirm the date of the reported incident, date of discovery, or any exceptions to the deadline for taking disciplinary action.*

- Did the department attorney attend investigative interviews for key witnesses to assess witness demeanor and credibility?

  *The department attorney only attended the interview of the counselor and failed to attend all seven witness interviews to assess demeanor and credibility.*

- Was the OIA investigation, or subject only interview, conducted with due diligence?

  *The case was assigned to a special agent on August 17, 2011, and reassigned to another special agent on September 23, 2011. However, the Office of Internal Affairs did not conclude its investigation until May 1, 2012, more than eight months after the first agent was assigned. The investigation was not overly complicated and there were no justifiable reasons for such a lengthy delay.*

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| **2010-09-18** | **12-0770-IR** | Administrative Investigation | 1. **Neglect of Duty**<br>2. **Dishonesty** |

## Incident Summary

From September 18, 2010, through December 17, 2011, a parole agent allegedly failed to meet parole specifications relating to the supervision of a parolee. On November 9, 2011, the parole agent allegedly failed to place a parole hold on a parolee after he was notified that the parolee had been arrested for a warrant and violated his parole by being in possession of a four-inch knife. The parole agent also allegedly failed to properly document the incident. On December 21, 2011, the parole agent allegedly provided false information to his supervisor concerning the circumstances of the parolee's death. On December 27, 2011, the parole agent was allegedly dishonest when interviewed by outside law enforcement and was less than truthful with the Office of Internal Affairs during his November 1, 2012, interview.

| Investigative Assessment | Rating: Insufficient |
|---|---|

The department failed to comply with policies and procedures governing the investigative process. The hiring authority failed to timely refer the matter to the Office of Internal Affairs. The investigation was completed only 13 days before the deadline to take disciplinary action. The department attorney failed to initiate the initial case conference with the special agent and the OIG, failed to meaningfully consult with the special agent or the OIG during the course of the investigation, and failed to attend witness interviews to assess witness demeanor and credibility.

# SOUTH REGION

## Assessment Questions

- Was the matter referred to OIA as soon as reasonably practical, within 45 calendar days of the date of discovery?

  *The department learned of the misconduct on December 27, 2011, but the hiring authority did not refer the matter to the Office of Internal Affairs until March 2, 2012, 65 days later.*

- No later than 21 calendar days following assignment of the case, did the department attorney contact the assigned special agent and the monitor to discuss the elements of a thorough investigation of the alleged misconduct?

  *The department attorney did not contact the assigned special agent and the OIG to discuss the elements of a thorough investigation of the alleged misconduct.*

- Did the department attorney attend investigative interviews for key witnesses to assess witness demeanor and credibility?

  *The special agent conducted six witness interviews and an interview of the parole agent who was the subject of the investigation. The department attorney only attended the interview of the parole agent.*

- Was the investigation, or subject interview, completed at least 35 days before the deadline to take disciplinary action?

  *The deadline for taking disciplinary action was December 27, 2012. The investigation was not completed until December 14, 2012, 13 days before the deadline for taking disciplinary action.*

- Did the department attorney cooperate with and provide continual real-time consultation with the OIG throughout the investigative phase?

  *Aside from attending the initial case conference and interview of the parole agent, the department attorney was not present for the material aspects of the investigation and, therefore, did not engage in meaningful consultation with the OIG throughout the investigative phase.*

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| **2010-11-23** | **12-0640-IR** | **Administrative Investigation** | 1. **Dishonesty**<br>2. **Neglect of Duty** |

### Incident Summary

On November 23, 2010, a parole agent allegedly failed to timely release a parole hold on a parolee being held in jail causing the parolee to spend seven additional days in jail. The parole agent also allegedly falsified the record of supervision to reflect that he conducted an office visit with the parolee when the parolee was actually in jail at the time.

| Investigative Assessment | Rating: **Sufficient** |
|---|---|
| Overall, the department's investigative process sufficiently complied with policies and procedures. | |

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| **2010-12-01** | **11-2650-IR** | **Criminal Investigation** | 1. **Criminal Act** |

### Incident Summary

In December 2010, a licensed psychiatric technician allegedly smuggled a mobile phone into the institution in exchange for $400. It was also alleged the licensed psychiatric technician engaged in unlawful communication with inmates. The Office of Internal Affairs conducted an investigation and found sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The Office of Internal Affairs also opened an administrative investigation, which the OIG accepted for monitoring.

| Investigative Assessment | Rating: **Sufficient** |
|---|---|
| The department's investigative process sufficiently complied with policies and procedures. | |

# SOUTH REGION

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2010-12-25 | 11-3050-IR | Criminal Investigation | 1. Criminal Act |

## Incident Summary

On December 25, 2010, an officer allegedly conspired to introduce mobile phones into the institution. On June 12, 2012, the officer allegedly conspired to introduce heroin into the institution. The Office of Internal Affairs conducted an investigation and found sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The Office of Internal Affairs also opened an administrative investigation, which the OIG accepted for monitoring.

## Investigative Assessment

Rating: **Insufficient**

The department failed to comply with policies and procedures governing the investigative process. The department attorney failed to timely and appropriately determine the deadline to take action, and failed to attend investigative interviews. The Office of Internal Affairs special agent failed to timely notify the department attorney and the OIG regarding the scheduling of interviews. The special agent failed to consult with the OIG regarding the affidavit. The special agent also failed to provide the investigative report to the department attorney or the OIG before the report was submitted to the district attorney's office.

## Assessment Questions

- Within 21 calendar days, did the department attorney make an entry into CMS accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *This case was assigned to three separate department attorneys during the investigation. The first department attorney was assigned on December 22, 2011, but did not make any entries into CMS regarding the relevant dates. The second department attorney was assigned on January 30, 2012, but did make an entry into CMS within 21 days of her assignment. A total of 51 days passed before any department attorney made an entry confirming the relevant dates.*

- Did the special agent adequately prepare for all aspects of the investigation?

  *The special agent poorly drafted a search warrant affidavit that contained typographical errors and failed to adequately explain why probable cause existed to search the officer's home, vehicle, and the homes and vehicles of others involved.*

- Did the department attorney attend investigative interviews for key witnesses to assess witness demeanor and credibility?

  *The department attorneys failed to attend investigative interviews.*

- Upon completion of the investigation, was a draft copy of the investigative report timely forwarded to the OIG to allow for feedback before it was forwarded to the HA or prosecuting agency?

  *The OIG did not receive a copy of the investigative or supplemental reports until the reports had already been forwarded to the district attorney's office for review.*

- Upon completion of the investigation, was a draft copy of the investigative report timely forwarded to the department attorney to allow for feedback before it was forwarded to the HA or prosecuting agency?

  *There is no indication that the special agent submitted the draft investigative report to the department attorney for review prior to forwarding to the district attorney's office.*

- Did the special agent cooperate with and provide continual real-time consultation with the OIG?

  *The special agent failed to fully cooperate with the OIG regarding the search warrant. Also, the special agent provided little to no notice to the OIG regarding the scheduling of interviews.*

- Did the department attorney cooperate with and provide continual real-time consultation with the OIG throughout the investigative phase?

  *There was little to no input by the department attorneys regarding any aspect of this case.*

- Was the investigation thorough and appropriately conducted?

  *The special agent failed to address the deficient search warrant affidavit, thereby critically risking the admissibility of evidence seized.*

# SOUTH REGION

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-01-01 | 12-1597-IR | Administrative Investigation | 1. Dishonesty<br>2. Sexual Misconduct<br>3. Contraband<br>4. Over-Familiarity |

## Incident Summary

Between January 1, 2011, and June 25, 2012, a licensed psychiatric technician allegedly engaged in overly familiar relationships with five different inmates, including sexual relations with two of the five inmates, and introduced marijuana, mobile phones, mobile phone chargers, lighters, and tools into the institution. It was further alleged that on September 14, 2012, the licensed psychiatric technician was dishonest to the Office of Internal Affairs when asked about her interactions with inmates, in denying that she wrote three greeting cards found in an inmate's cell, and in denying speaking to an individual who claimed to be an associate of one of the inmates with whom she was involved even though the conversation was recorded by the Office of Internal Affairs.

## Investigative Assessment

Rating: **Insufficient**

The Office of Internal Affairs and the department attorney failed to comply with the department's policies and procedures. Even though the licensed psychiatric technician was placed on paid administrative leave pending the investigation, the special agent took over five months to complete the investigation. The department attorney failed to timely and appropriately determine the deadline to take appropriate action, failed to consult with the OIG and the special agent regarding the investigation, and failed to review the investigative report and provide feedback to the special agent.

# SOUTH REGION

## Assessment Questions

- Did the special agent adequately confer with the OIG upon case initiation and prior to finalizing the investigative plan?

  *The special agent did not confer with the OIG prior to finalizing the investigative plan.*

- Did the special agent adequately confer with the department attorney upon case initiation and prior to finalizing the investigative plan?

  *The special agent did not confer with the department attorney prior to finalizing the investigative plan.*

- Within 21 calendar days, did the department attorney make an entry into CMS accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The department attorney did not make an entry into CMS within 21 days of assignment confirming the date of the incident, the date of discovery, or the deadline for taking disciplinary action.*

- No later than 21 calendar days following assignment of the case, did the department attorney contact the assigned special agent and the monitor to discuss the elements of a thorough investigation of the alleged misconduct?

  *The department attorney did not contact the assigned special agent to discuss the elements of a thorough investigation of the alleged misconduct.*

- Within 21 calendar days following receipt of the investigative report, did the department attorney review the report and provide appropriate substantive feedback addressing the thoroughness and clarity of the report?

  *The draft report was sent to the department attorney on October 25, 2012; however, the department attorney did not document in CMS that the report was reviewed and did not provide appropriate substantive feedback addressing the thoroughness and clarity of the report.*

- Did the department attorney provide written confirmation summarizing all critical discussions about the investigative report to the special agent with a copy to the OIG?

  *The department attorney did not provide written confirmation summarizing all critical discussions about the investigative report to the special agent with a copy to the OIG.*

- Was the OIA investigation, or subject only interview, conducted with due diligence?

  *The licensed psychiatric technician was placed on paid administrative leave on June 25, 2012. The Office of Internal Affairs did not complete its investigation until November 26, 2012, approximately five months after the licensed psychiatric technician was placed on paid leave.*

- Did the special agent cooperate with and provide continual real-time consultation with the OIG?

  *The special agent scheduled the interview of the licensed psychiatric technician prior to consulting with the OIG and failed to provide sufficient notice regarding the interview. The assigned OIG attorney was, thus, not able to attend the interview, requiring a second OIG attorney, not assigned to the case, to attend the interview.*

- Did the department attorney cooperate with and provide continual real-time consultation with the OIG throughout the investigative phase?

  *The department attorney failed to consult with the OIG and the special agent regarding the investigative plan and failed to provide adequate feedback to the special agent regarding the sufficiency of the investigative report with a copy to the OIG.*

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| **2011-02-06** | **11-1803-IR** | **Criminal Investigation** | 1. **Criminal Act** |

## Incident Summary

Between February 6, 2011, and November 1, 2012, an officer allegedly introduced mobile phones and tobacco into the institution. The investigation failed to establish sufficient evidence for a probable cause case referral to the district attorney. The OIG concurred with the probable cause determination. The department did not open an administrative investigation due to lack of evidence.

## Investigative Assessment                    Rating: **Sufficient**

The department's investigative process sufficiently complied with policies and procedures.

# SOUTH REGION

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-04-14 | 11-1261-IR | Criminal Investigation | 1. Criminal Act |

### Incident Summary

On April 14, 2011, an officer was found in possession of an internet-capable telephone on institution grounds. Numerous photos of nearly nude children in suggestive poses were discovered. It was also discovered that the officer was accessing pornographic websites, some with suggestions of young children in pornographic situations. The Office of Internal Affairs conducted an investigation and found sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The Office of Internal Affairs also opened an administrative investigation, which the OIG accepted for monitoring.

### Investigative Assessment                                    Rating: Insufficient

The department attorney failed to comply with policies and procedures governing the investigative process. The department attorney failed to adequately confirm critical dates, failed to attend witness interviews, and failed to consult in any fashion with the special agent or the OIG regarding any aspect of this case.

### Assessment Questions

- Within 21 calendar days, did the department attorney make an entry into CMS accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The department attorney made an entry into CMS. However, he merely stated that he assessed the date of the incident, discovery date, and deadline for taking disciplinary action without indicating the actual dates.*

- No later than 21 calendar days following assignment of the case, did the department attorney contact the assigned special agent and the monitor to discuss the elements of a thorough investigation of the alleged misconduct?

  *The department attorney did not contact the assigned special agent and the OIG to discuss the elements of a thorough investigation.*

- Did the department attorney attend investigative interviews for key witnesses to assess witness demeanor and credibility?

  *The department attorney did not attend the witness interviews.*

- Did the department attorney cooperate with and provide continual real-time consultation with the OIG throughout the investigative phase?

  *The department attorney was assigned to the case on September 21, 2011, but did not consult with either the OIG or the Office of Internal Affairs regarding any aspect of this case.*

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-05-01 | 12-0327-IR | Criminal Investigation | 1. Criminal Act |

### Incident Summary

Between May 2011 and November 2011, a parole agent allegedly engaged in a sexual relationship with a parolee. The investigation failed to establish sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The Office of Internal Affairs opened an administrative investigation, which the OIG accepted for monitoring.

### Investigative Assessment                                    Rating: Sufficient

The department's investigative process sufficiently complied with policies and procedures.

# SOUTH REGION

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-05-06 | 11-2544-IR | **Criminal Investigation** | 1. **Criminal Act** |

## Incident Summary

From May 6, 2011, through November 20, 2011, an officer allegedly introduced marijuana, mobile phones, and tobacco into the institution. The Office of Internal Affairs conducted an investigation and found sufficient evidence for a probable cause referral to the United States Attorney's Office. The OIG concurred with the probable cause determination. The Office of Internal Affairs also opened an administrative investigation, which the OIG accepted for monitoring.

## Investigative Assessment

**Rating: Sufficient**

The department's investigative process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-06-25 | 11-2224-IR | **Administrative Investigation** | 1. **Dishonesty**<br>2. **Other Failure of Good Behavior**<br>3. **Discourteous Treatment** |

## Incident Summary

On June 25, 2011, an officer allegedly called and sent text messages to his ex-girlfriend, harassing her at various times during the day and night. Additionally, the officer was allegedly dishonest with outside law enforcement and the Office of Internal Affairs when he denied sending the ex-girlfriend harassing phone calls and text messages, denied illegally entering her apartment and taking her phone, and denied sending her 15-year-old son sexually explicit photographs of the ex-girlfriend.

## Investigative Assessment

**Rating: Insufficient**

The department failed to comply with policies and procedures governing the investigative process. OIA Central Intake delayed processing the request for investigation. The investigation was completed only 26 days prior to the deadline to take disciplinary action. This failure resulted primarily from an extensive delay by the Office of Internal Affairs in the completion of a criminal investigation of the same matter. The department attorney failed to properly assess the relevant deadlines, attend key witness interviews, and provide feedback regarding the investigative report to the special agent or the OIG.

## Assessment Questions

- Did OIA Central Intake make a determination regarding the case within 30 calendar days?

  *OIA Central Intake received the request for investigation on July 28, 2011, but did not take action until August 31, 2011, 34 days after receipt of the request.*

- Within 21 calendar days, did the department attorney make an entry into CMS accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The department attorney made an entry into CMS within 21 days of assignment related to the deadline for taking disciplinary action only. No entry was made confirming other relevant dates.*

- Did the department attorney attend investigative interviews for key witnesses to assess witness demeanor and credibility?

  *Although the department attorney attended the subject interview, they did not attend any critical witness interviews.*

- Did the department attorney provide written confirmation summarizing all critical discussions about the investigative report to the special agent with a copy to the OIG?

  *The department attorney did not provide written confirmation summarizing all critical discussions about the investigative report to the special agent or the OIG.*

- Was the investigation, or subject interview, completed at least 35 days before the deadline to take disciplinary action?

  *The report was completed and submitted to the hiring authority with only 26 days left before the deadline for taking disciplinary action. The delay in completing the administrative investigation was largely due to the extensive delays in the Office of Internal Affairs criminal investigation.*

# SOUTH REGION

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| **2011-08-01** | **12-0637-IR** | Administrative Investigation | 1. **Insubordination**<br>2. **Neglect of Duty**<br>3. **Dishonesty** |

### Incident Summary

From August 2011 to January 31, 2012, a parole agent allegedly falsely documented information regarding required contact with a parolee, permitted the parolee to reside in another county without following proper policy and procedures, and failed to maintain record of supervision forms.

| Investigative Assessment | Rating: **Sufficient** |
|---|---|
| The department's investigative process sufficiently complied with policies and procedures. | |

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| **2011-08-01** | **12-1620-IR** | Administrative Investigation | 1. **Dishonesty**<br>2. **Criminal Act**<br>3. **Other Failure of Good Behavior**<br>4. **Misuse of State Equipment or Property**<br>5. **Discourteous Treatment**<br>6. **Code of Silence** |

### Incident Summary

In August 2011 a male parole agent allegedly climbed through the window of the home of a former girlfriend who was also a parole agent. The male parole agent allegedly wore his badge and duty belt at the time of the break-in, and allegedly erased incriminating email messages from a laptop computer the couple shared. The male parole agent was allegedly dishonest with outside law enforcement investigating the break-in when he denied climbing through the window. It was further alleged the male parole agent was not properly supervising parolees on his caseload. When his supervisor asked to see his case notes, the male parole agent allegedly dishonestly told the supervisor that he had lost his notes. The male parole agent also allegedly engaged in several instances of mutual work-place violence with the female parole agent, and failed to report the female parole agent's misconduct for engaging in and sometimes initiating the altercations. The male parole agent also allegedly drove a state vehicle for personal use and was allegedly dishonest during his interview with the Office of Internal Affairs. It was also alleged the female parole agent sent numerous profane text messages to the male parole agent's ex-girlfriend and failed to timely report the misconduct of the male parole agent for failing to supervise parolees, for being dishonest with his supervisor about the lost case notes, misusing the state vehicle, and engaging in workplace violence. The female parole agent also allegedly initiated an instance of workplace violence with the male parole agent and was allegedly dishonest during her interview with the Office of Internal Affairs.

| Investigative Assessment | Rating: **Insufficient** |
|---|---|
| The Office of Internal Affairs failed to comply with the department's policies and procedures governing the investigative process. The Office of Internal Affairs failed to conduct the investigation with due diligence. The special agent did not conduct the first interview until six months after his assignment to the case, and the investigation was not completed until 14 days before the deadline to take disciplinary action. The department attorney also failed to appropriately assess the deadline for taking disciplinary action. | |

# SOUTH REGION

## Assessment Questions

- Within 21 calendar days, did the department attorney make an entry into CMS accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *Although the department attorney entered a date into CMS within 21 days, the analysis was incomplete because the department attorney did not reference the alleged incident dates, date of discovery, or any exceptions to the deadline for taking disciplinary action.*

- Was the OIA investigation, or subject only interview, conducted with due diligence?

  *The special agent was assigned to the case on November 9, 2011; however, he did not conduct the first interview until April 23, 2012, more than six months after assignment.*

- Was the investigation, or subject interview, completed at least 35 days before the deadline to take disciplinary action?

  *The investigation was completed on August 16, 2012. The deadline for taking disciplinary action was August 30, 2012. The investigation was not completed until 14 days before the deadline to take disciplinary action.*

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| **2011-09-01** | **11-1995-IR** | **Criminal Investigation** | 1. **Criminal Act** |

## Incident Summary

Between September 1, 2011, and October 31, 2011, an officer allegedly twice reached his hand through the food port of a cell door and fondled an inmate's genitals. The investigation failed to establish sufficient evidence for a probable cause referral to the district attorney. The department did not open an administrative investigation due to lack of evidence. The OIG concurred with the department's determinations.

## Investigative Assessment

**Rating:** **Insufficient**

The department failed to comply with policies and procedures. The investigation was not completed timely. The department attorney failed to make the relevant entries into the case management system or attend any interviews.

## Assessment Questions

- Within 21 calendar days, did the department attorney make an entry into CMS accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The department attorney did not make any entry into CMS confirming the relevant dates.*

- No later than 21 calendar days following assignment of the case, did the department attorney contact the assigned special agent and the monitor to discuss the elements of a thorough investigation of the alleged misconduct?

  *The department attorney did not timely contact the assigned special agent and the OIG to discuss the elements of a thorough investigation.*

- Did the department attorney attend investigative interviews for key witnesses to assess witness demeanor and credibility?

  *The department attorney did not attend any witness interviews.*

- Was the investigation, or subject interview, completed at least 35 days before the deadline to take disciplinary action?

  *The deadline for referring the case to the district attorney was September 1, 2012. The investigation was not completed until August 30, 2012, only two days before the deadline.*

# SOUTH REGION

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-10-17 | 12-0060-IR | Criminal Investigation | 1. Criminal Act |

## Incident Summary

On October 17, 2011, an inmate reported that a teacher's assistant was smuggling mobile phones and tobacco to another inmate. On October 18, 2011, a teacher saw the teacher's assistant transfer contraband to the inmate. The Office of Internal Affairs conducted an investigation and found sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The Office of Internal Affairs also opened an administrative investigation, which the OIG accepted for monitoring.

## Investigative Assessment | Rating: Sufficient

The department's investigative process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-10-17 | 12-1804-IR | Administrative Investigation | 1. Dishonesty |

## Incident Summary

On October 17, 2011, a sergeant allegedly provided dishonest testimony at a State Personnel Board hearing relative to his allegations of misconduct against another sergeant. The testifying sergeant had previously called outside law enforcement and given a statement to the Office of Internal Affairs accusing the second sergeant of committing a battery against him. As a result of the call to outside law enforcement and his statement to the Office of Internal Affairs, the accused sergeant was dismissed from her position. At the State Personnel Board hearing, however, the testifying sergeant's testimony clearly contradicted his statements to outside law enforcement and to the Office of Internal Affairs.

## Investigative Assessment | Rating: Insufficient

The hiring authority and the Office of Internal Affairs failed to comply with the department's policies and procedures. The hiring authority learned of the misconduct on October 17, 2011, but the hiring authority did not refer the matter to the Office of Internal Affairs until June 20, 2012, over eight months after the date of discovery. The Office of Internal Affairs did not complete its investigative report until 16 days before the deadline to take disciplinary action.

## Assessment Questions

- Was the matter referred to OIA as soon as reasonably practical, within 45 calendar days of the date of discovery?

  *The department learned of the misconduct on October 17, 2011, but the hiring authority did not refer the matter to the Office of Internal Affairs until June 20, 2012, over eight months after the date of discovery.*

- Was the investigation, or subject interview, completed at least 35 days before the deadline to take disciplinary action?

  *The deadline to take disciplinary action was October 17, 2012. The investigation was completed on October 2, 2012, only 16 days before the deadline to take disciplinary action.*

# SOUTH REGION

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| **2011-10-20** | **12-0683-IR** | **Administrative Investigation** | 1. **Dishonesty** <br> 2. **Over-Familiarity** <br> 3. **Insubordination** <br> 4. **Secondary Employment** |

## Incident Summary

Between October 20, 2011, and October 31, 2012, an officer allegedly engaged in unauthorized communications with a parolee via a social networking website, engaged in secondary employment without providing notice to the institution, discussed the investigation with another officer after she was ordered by the Office of Internal Affairs not to do so, and was dishonest in her interview with the Office of Internal Affairs. On October 16, 2012, a second officer allegedly discussed the investigation with the first officer after he received a notice that he was a witness in the first officer's investigation. Between January 11, 2011, and November 30, 2012, a third officer was allegedly dishonest when she claimed that someone anonymously placed a copy of the unauthorized communication between the first officer and the parolee on the third officer's car, was dishonest during her interview with the Office of Internal Affairs when she denied printing the allegedly unauthorized communication and fabricating how she came to be in possession of the unauthorized communication, and discussed the investigation with her daughter after she had been ordered by the Office of Internal Affairs not to do so.

## Investigative Assessment                          Rating: **Sufficient**

The department's investigative process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| **2011-11-01** | **12-2232-IR** | **Administrative Investigation** | 1. **Dishonesty** <br> 2. **Failure to Report** <br> 3. **Contraband** <br> 4. **Over-Familiarity** |

## Incident Summary

From November 2011 to June 2012, a supervising cook allegedly engaged in an overly familiar relationship with an inmate and provided the inmate with contraband consisting of two mobile phones, men's body spray, and greeting cards and love letters authored by the cook. It was also alleged that between June 2012 and September 2012, the cook utilized a mobile phone to communicate with the inmate. On August 30, 2012, the cook was allegedly dishonest when she told the Office of Internal Affairs that she did not provide the inmate with mobile phones, did not write cards or letters to him, and that she was aware of the identity of an employee who was writing those cards and letters to the inmate, but would not identify that employee. The cook was also allegedly dishonest when she told the Office of Internal Affairs that she did not rent the post office box, and that someone else rented it in her name.

## Investigative Assessment                          Rating: **Insufficient**

The special agent and department attorney failed to comply with the department's policies and procedures. The special agent conducted most of the interviews without notification to the department attorney or to the OIG, and did not properly document case activity in the case management system. The department attorney failed to assess the deadline for taking disciplinary action, failed to attend any witness interviews, and failed to contact the special agent or the OIG to discuss any aspect of the case.

# SOUTH REGION

## Assessment Questions

- Within 21 calendar days, did the department attorney make an entry into CMS accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The department attorney did not make any entry into CMS confirming relevant dates.*

- No later than 21 calendar days following assignment of the case, did the department attorney contact the assigned special agent and the monitor to discuss the elements of a thorough investigation of the alleged misconduct?

  *The department attorney did not contact the assigned special agent or the OIG to discuss any aspect of this case.*

- Did the OIA adequately consult with the OIG, department attorney, and the appropriate prosecuting agency to determine if an administrative investigation should be conducted concurrently with the criminal investigation?

  *The Office of Internal Affairs opened this administrative investigation prior to the closure of the criminal investigation. There is no evidence that the special agent conferred with the OIG, department attorney, or the appropriate prosecuting agency prior to the administrative case being opened.*

- Did the department attorney attend investigative interviews for key witnesses to assess witness demeanor and credibility?

  *The department attorney did not attend any witness interviews.*

- Did the special agent appropriately enter case activity in CMS?

  *The special agent failed to update case activity within CMS in a timely manner. The special agent would not enter significant case activity for extended periods of time, sometimes months after the event took place.*

- Did the special agent cooperate with and provide continual real-time consultation with the OIG?

  *The special agent failed to consult with the OIG regarding the scheduling of interviews.*

- Did the special agent cooperate and provide real-time consultation with the department attorney throughout the investigative phase?

  *The special agent failed to notify and consult with the department attorney regarding the scheduling of interviews.*

- Was the investigation thorough and appropriately conducted?

  *The investigation was not appropriately conducted because the special agent failed to properly consult with the department attorney and the OIG.*

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| **2011-11-21** | **11-2805-IR** | **Criminal Investigation** | **1. Criminal Act** |

## Incident Summary

On November 21, 2011, six DVDs were found in an officer's possession while he was entering the institution. Officers conducted a subsequent search of the officer's vehicle and found several wire transfer receipts that were allegedly linked by account number to an account belonging to an inmate's family member. The officer admitted he had been paid by inmate family members to intentionally ignore visitors giving mobile phones to inmates during visiting sessions. The department conducted an investigation and found sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The Office of Internal Affairs also opened an administrative investigation, which the OIG accepted for monitoring.

## Investigative Assessment                    Rating: **Insufficient**

Although the Office of Internal Affairs sufficiently complied with the department's policies and procedures, the Office of Internal Affairs provided inappropriate advice to the hiring authority causing the hiring authority to delay almost a year before requesting the investigation. In addition, the department attorney failed to comply with the department's policies and procedures. The department attorney failed to make an entry into CMS confirming relevant dates, failed to consult with the OIG or the Office of Internal Affairs regarding the investigative strategy, and failed to attend witness interviews.

# SOUTH REGION

## Assessment Questions

- Was the matter referred to OIA as soon as reasonably practical, within 45 calendar days of the date of discovery?

  *Shortly after discovering that the officer was allegedly involved in the introduction of mobile phones to the institution, the investigative services unit consulted a senior special agent at the Office of Internal Affairs who erroneously advised the investigative services unit that there was insufficient evidence to investigate the alleged criminal activity. Based on this erroneous advice by the senior special agent, the hiring authority did not request an investigation for almost one year after first discovering the alleged misconduct.*

- Within 21 calendar days, did the department attorney make an entry into CMS accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The department attorney did not make an entry into CMS within 21 days of assignment confirming the date of the incident, the date of discovery, or the deadline for taking disciplinary action.*

- No later than 21 calendar days following assignment of the case, did the department attorney contact the assigned special agent and the monitor to discuss the elements of a thorough investigation of the alleged misconduct?

  *The department attorney did not timely contact the special agent and the OIG to discuss the elements of a thorough investigation of the alleged misconduct.*

- Did the department attorney attend investigative interviews for key witnesses to assess witness demeanor and credibility?

  *The department attorney did not attend any witness interviews.*

- Did the department attorney cooperate with and provide continual real-time consultation with the OIG throughout the investigative phase?

  *The department attorney did not consult with the OIG throughout the investigative phase.*

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| **2011-11-21** | **11-3053-IR** | **Criminal Investigation** | 1. **Criminal Act** |

### Incident Summary

On November 21, 2011, it was alleged that an officer took an inmate from her cell and forcibly raped her in October 2000. The Office of Internal Affairs conducted an investigation and determined sufficient evidence existed for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The department did not open an administrative investigation because the officer was dismissed before the alleged incident was reported.

### Investigative Assessment

**Rating: Sufficient**

The department's investigative process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| **2011-11-23** | **12-0764-IR** | **Administrative Investigation** | 1. **Dishonesty**<br>2. **Unreasonable Use of Force** |

### Incident Summary

On November 23, 2011, an officer allegedly pepper-sprayed an inmate in the face because the inmate called him a derogatory term. It was further alleged that the officer was dishonest in his written report when he claimed that the inmate approached him in a threatening manner with clenched fists.

### Investigative Assessment

**Rating: Sufficient**

Overall, the department's investigative process sufficiently complied with policies and procedures.

# SOUTH REGION

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-12-01 | 12-0927-IR | Administrative Investigation | 1. Failure to Report<br>2. Contraband<br>3. Neglect of Duty |

### Incident Summary

Between December 1, 2011, and February 3, 2012, an officer allegedly introduced an unauthorized digital scale into the institution. A substance on the scale tested positive for methamphetamine. The officer allegedly used the scale to weigh rifle magazines rather than count each individual round as mandated by policies and procedures. Three other officers allegedly were aware of the scale in December 2011, but failed to report the matter.

### Investigative Assessment

**Rating: Sufficient**

Overall, the department's investigative process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-12-21 | 12-0276-IR | Criminal Investigation | 1. Criminal Act |

### Incident Summary

On December 21, 2011, an inmate alleged that he had been in a sexual relationship with a library technical assistant. The Office of Internal Affairs conducted an investigation and determined sufficient evidence existed for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The Office of Internal Affairs also opened an administrative investigation, which the OIG accepted for monitoring.

### Investigative Assessment

**Rating: Insufficient**

The department failed to comply with policies and procedures governing the investigative process. The Office of Internal Affairs failed to timely address the request for investigation. The special agent did not conduct a complete investigation in that logical witnesses were not interviewed, and the agent failed to cooperate with the OIG in scheduling interviews. The department attorneys also refused to provide input at a meeting to discuss necessary investigative steps and failed to provide feedback on the special agent's report.

# SOUTH REGION

## Assessment Questions

- Did OIA Central Intake make a determination regarding the case within 30 calendar days?

  *OIA Central Intake Unit received the request for investigation on December 30, 2011, but did not take action until February 1, 2012, 34 days after the receipt of the request.*

- Did the OIA adequately consult with the OIG, department attorney, and the appropriate prosecuting agency to determine if an administrative investigation should be conducted concurrently with the criminal investigation?

  *The Office of Internal Affairs failed to consult with the prosecuting agency to determine if an administrative investigation should be conducted concurrently with the criminal investigation.*

- Was the investigative draft report provided to the OIG for review thorough and appropriately drafted?

  *Because the special agent did not conduct interviews of logical witnesses, including possible inmate witnesses and staff at the institution who might have had knowledge of the misconduct, the draft report provided to the OIG for review was not thorough.*

- Was the final investigative report thorough and appropriately drafted?

  *The investigative report was not thorough as several logical witnesses were not interviewed.*

- Was the OIA investigation, or subject only interview, conducted with due diligence?

  *The special agent conducted three initial interviews within three weeks of an initial case conference. However, the special agent did not consult with either the department attorney or the OIG regarding scheduling two of the interviews and then formed the opinion that the case was without merit. The OIG disagreed that a complete investigation was done and recommended further investigation. The special agent did not conduct any additional investigation until approximately four months had passed.*

- Did the special agent cooperate with and provide continual real-time consultation with the OIG?

  *The special agent did not inform the OIG of a second inmate who was possibly having a sexual relationship with the library technical assistant. The OIG learned of the second inmate and suggested interviewing the inmate and adding criminal allegations in relation to that inmate. The special agent failed to consider the recommendations of the OIG until the issue was pursued with the supervising agent. Finally, the special agent conducted interviews without properly noticing the OIG of the interviews.*

- Did the special agent cooperate and provide real-time consultation with the department attorney throughout the investigative phase?

  *The special agent failed to coordinate scheduling witness interviews with the department attorney.*

- Did the department attorney cooperate with and provide continual real-time consultation with the OIG throughout the investigative phase?

  *The department attorney was largely silent during the majority of the investigation. The case was assigned to two different department attorneys over the course of the investigation. The first department attorney attended a meeting wherein the special agent wished to discuss closing the investigation without any further investigation. When the department attorney was asked for her position, she refused to render an opinion. The second department attorney never consulted with the OIG during the investigative process.*

- Was the investigation thorough and appropriately conducted?

  *The special agent failed to conduct a thorough investigation. After the special agent had conducted three witness interviews, the special agent opined that the case should be closed for a lack of evidence. The OIG recommended attempting to interview other witnesses, including the library technical assistant. The special agent agreed to attempt the interview of the library technical assistant, but waited approximately four months before attempting to interview the library technical assistant, during which time the library technical assistant resigned from the department. The library technical assistant was never interviewed as part of this investigation. Furthermore, the special agent also did not interview inmate witnesses and staff members who may have had knowledge of the misconduct.*

# SOUTH REGION

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-12-21 | 12-0529-IR | Administrative Investigation | 1. Misuse of Authority<br>2. Discourteous Treatment<br>3. Driving Under the Influence<br>4. Dishonesty |

### Incident Summary

On December 21, 2011, a parole agent was allegedly intoxicated, contacted by local law enforcement, and cited for jaywalking. The parole agent was allegedly discourteous to the outside law enforcement officers and dishonest about his home address. The parole agent then entered his personal vehicle and drove away from the scene. A traffic stop was initiated and the parole agent was subsequently arrested for driving under the influence of alcohol. The parole agent also allegedly misused his department identification card and position to avoid the citation.

### Investigative Assessment

**Rating: Sufficient**

The department's investigative process sufficiently complied policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2011-12-24 | 12-0686-IR | Administrative Investigation | 1. Dishonesty<br>2. Neglect of Duty |

### Incident Summary

On December 24, 2011, it was alleged two officers neglected their duties when they left an inmate unattended in his hospital room at an outside hospital for approximately an hour-and-a-half. During this alleged unattended time period, the inmate used a hospital telephone and made 31 phone calls to members of the public.

### Investigative Assessment

**Rating: Sufficient**

Overall, the department's investigative process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2012-01-05 | 12-0185-IR | Criminal Investigation | 1. Criminal Act |

### Incident Summary

On January 5, 2012, an office technician allegedly offered to introduce marijuana into the institution for an inmate. The investigation failed to establish sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The department did not open an administrative investigation due to lack of evidence.

### Investigative Assessment

**Rating: Sufficient**

The department's investigative process sufficiently complied with policies and procedures.

# SOUTH REGION

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2012-01-05 | 12-0820-IR | Administrative Investigation | 1. Discourteous Treatment<br>2. Misuse of Authority |

### Incident Summary

Between January 5, 2012, and April 30, 2012, two officers allegedly stopped speaking to a sergeant who previously reported misconduct of transportation team members, called him a "rat," and made other discourteous statements to him. Two other sergeants allegedly spread rumors that the reporting sergeant was dishonest in his reporting of the misconduct. The two sergeants also allegedly made discourteous statements and ostracized the reporting sergeant. On January 9, 2012, the reporting sergeant, while off duty, observed a department transportation van at a shopping center and off the scheduled route. On February 8, 2012, and February 10, 2012, after the sergeant reported the possible misconduct, a lieutenant and third sergeant allegedly distributed copies of the sergeant's memorandum and called the sergeant a "rat." A fourth sergeant allegedly released confidential information that the reporting sergeant should have handled the possible misconduct differently.

### Investigative Assessment | Rating: Sufficient

Overall, the department's investigative process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2012-01-26 | 12-0902-IR | Administrative Investigation | 1. Dishonesty<br>2. Failure to Report<br>3. Over-Familiarity<br>4. Neglect of Duty |

### Incident Summary

On January 26, 2012, it was alleged that a parole agent used a parolee he was not assigned to supervise as an informant in violation of departmental policy, and had an overly familiar relationship with the parolee which included sexual activity and exchanging text messages and photographs. It was further alleged that the parole agent assigned to supervise the parolee also participated in the improper use of the parolee as an informant and failed to report allegations of sexual misconduct made by a citizen against the first parole agent. Both parole agents were allegedly dishonest to the Office of Internal Affairs when they denied the allegations. The parole agent assigned to supervise the parolee was allegedly dishonest when he claimed to have disclosed the misconduct to his supervisor. The other parole agent was allegedly dishonest when he denied being directed to not have contact with the parolee.

### Investigative Assessment | Rating: Sufficient

The department's investigative process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2012-01-28 | 12-0528-IR | Criminal Investigation | 1. Criminal Act |

### Incident Summary

On January 28, 2012, officers found an inmate in possession of two mobile phones, a bottle of men's body spray, and a love letter. The writing on the letter matched that of a supervising cook. The officers also located a love letter in the kitchen written by an inmate and addressed to the same supervising cook. The Office of Internal Affairs conducted an investigation and found sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The Office of Internal Affairs opened an administrative investigation, which the OIG accepted for monitoring.

### Investigative Assessment | Rating: Insufficient

The special agent and department attorney failed to comply with the department's policies and procedures. The special agent conducted most of the interviews without notification to the OIG or the department attorney. Furthermore, the special agent failed to timely update the case management system with pertinent case activity information. The department attorney failed to evaluate the deadline for taking disciplinary action and failed to attend any witness interviews.

# SOUTH REGION

## Assessment Questions

- Did the special agent adequately confer with the department attorney upon case initiation and prior to finalizing the investigative plan?

  *The special agent did not adequately confer with the department attorney either at case initiation or prior to finalizing the investigative plan.*

- Within 21 calendar days, did the department attorney make an entry into CMS accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The department attorney did not make any entry into CMS confirming relevant dates.*

- No later than 21 calendar days following assignment of the case, did the department attorney contact the assigned special agent and the monitor to discuss the elements of a thorough investigation of the alleged misconduct?

  *The department attorney did not contact the assigned special agent or the OIG to discuss any aspect of this case.*

- Did the OIA adequately consult with the OIG, department attorney, and the appropriate prosecuting agency to determine if an administrative investigation should be conducted concurrently with the criminal investigation?

  *The Office of Internal Affairs opened an administrative investigation prior to the criminal case being opened without consulting the OIG, department attorney, or the appropriate prosecuting agency to determine whether this was appropriate.*

- Did the department attorney attend investigative interviews for key witnesses to assess witness demeanor and credibility?

  *The department attorney did not attend any interviews.*

- Did the special agent appropriately enter case activity in CMS?

  *The special agent failed to enter case activity or entered it long after the event, sometimes months after the event took place.*

- Was the investigative draft report provided to the OIG for review thorough and appropriately drafted?

  *The investigative report was not thorough because it failed to include information regarding two inmate witness interviews conducted by the special agent.*

- Did the special agent cooperate with and provide continual real-time consultation with the OIG?

  *The special agent failed to provide proper notice to the OIG regarding interviews and failed to provide a requested handwriting analysis report from an outside law enforcement agency.*

- Did the special agent cooperate and provide real-time consultation with the department attorney throughout the investigative phase?

  *The special agent failed to notify and consult with the department attorney regarding interviews.*

- Was the investigation thorough and appropriately conducted?

  *The investigation was not appropriately conducted as the special agent failed to properly consult with the department attorney, the OIG, and the district attorney. The investigative report failed to contain information regarding two witness interviews.*

| Incident Date | OIG Case Number | Case Type | Allegations |
|---|---|---|---|
| 2012-03-16 | 12-0821-IR | **Criminal Investigation** | 1. **Criminal Act** |

## Incident Summary

From March 16, 2012, until October 31, 2012, an officer allegedly introduced heroin, mobile phones, and tobacco into the institution for personal gain. The investigation failed to establish sufficient evidence for a probable cause referral to the district attorney. The OIG concurred with the probable cause determination. The department did not open an administrative investigation due to lack of evidence.

## Investigative Assessment
Rating: **Sufficient**

The department's investigative process sufficiently complied with policies and procedures.

# APPENDIX B                                                     93
# DISCIPLINARY PHASE CASE SUMMARIES
## CENTRAL REGION

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2010-06-09 | 10-3086-IR | 1. Failure to Report<br>2. Unreasonable Use of Force<br>3. Discourteous Treatment | 1. Sustained<br>2. Sustained<br>3. Sustained | Suspension | Salary Reduction |

### Incident Summary
On June 9, 2010, an associate warden, a lieutenant, two sergeants, and three officers allegedly kept several inmates locked in exercise modules outside the housing facility, without any clothes, for up to four hours, after the inmates had been removed from their cells due to the inmates covering their cell windows in protest of alleged staff misconduct and alleged inadequate medical care. These staff members also allegedly failed to report uses of force they had allegedly witnessed when the inmates were removed from their cells. Additionally, it was alleged that one officer used unnecessary force on an inmate during cell extractions.

### Disposition
The hiring authority determined there was sufficient evidence to sustain the allegations. The hiring authority issued letters of reprimand to the associate warden and the two sergeants. The hiring authority imposed a 5 percent salary reduction for six months on the lieutenant, a 10 percent salary reduction for six months on the first officer, a 10 percent salary reduction for 13 months on the second officer, and a 49 working-day suspension on the third officer. All but the second sergeant filed appeals with the State Personnel Board. Following the *Skelly* hearings, the department modified the penalties for the associate warden and the two sergeants, issuing letters of instruction and withdrawing their disciplinary actions. The first and second officers presented mitigating information at their *Skelly* hearings that reduced their culpability due to their lack of experience on mass cell extractions. Consequently, the department entered into settlement agreements with both, reducing the first officer's penalty to a 5 percent salary reduction for six months and reducing the second officer's penalty to a letter of reprimand. Both the first officer and second officer agreed to withdraw their appeals. The department also entered into a settlement agreement with the third officer after he presented further mitigating information. The third officer agreed to withdraw his appeal after the department combined his other pending disciplinary actions with this one to achieve a universal disposition which resulted in a 10 percent salary reduction for 15 months. At a State Personnel Board hearing, the lieutenant's penalty of a salary reduction was sustained. The OIG concurred with the dispositions based on the various mitigation evidence presented.

### Disciplinary Assessment                                    Rating: **Sufficient**
The department sufficiently complied with policies and procedures governing the disciplinary process.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-04-15 | 11-1442-IR | 1. Dishonesty<br>2. Neglect of Duty<br>3. Other Failure of Good Behavior<br>4. Discourteous Treatment | 1. Sustained<br>2. Sustained<br>3. Sustained<br>4. Sustained | Dismissal | Resignation in Lieu of Termination |

### Incident Summary
On April 15, 2011, an officer allegedly grabbed his wife by the throat and slammed her against the wall at their residence. The officer then allegedly pushed a chair his wife was sitting in, causing her to fall backwards. Outside law enforcement responded to the incident and the officer allegedly gave false information about where he lived, and resisted arrest by struggling as he was placed in restraints. It was further alleged the officer failed to report the arrest to the hiring authority and he was dishonest during the investigation conducted by the Office of Internal Affairs.

# CENTRAL REGION

## Disposition

The hiring authority sustained the allegations and dismissed the officer. The officer filed an appeal with the State Personnel Board. The department and the officer then entered into a settlement agreement in which the officer agreed to resign in lieu of termination and to never seek employment with the department in the future. The officer further agreed to withdraw his appeal with the State Personnel Board. The OIG concurred with the disposition as the officer was remorseful for his actions, accepted responsibility, and the resolution ensured that the officer would never work for the department again.

## Disciplinary Assessment                    Rating: Insufficient

The hiring authority failed to comply with policies and procedures governing the disciplinary process. The hiring authority failed to consult with the OIG and the department attorney regarding the sufficiency of the investigation, investigative findings, and disciplinary determinations until 65 calendar days after receipt of the case.

## Assessment Questions

- Did the HA timely consult with the OIG and department attorney (if applicable), regarding the sufficiency of the investigation and the investigative findings?

  *The Office of Internal Affairs completed its investigation and referred the matter to the hiring authority on January 24, 2012. The hiring authority did not consult with the OIG and the department attorney regarding the sufficiency of the investigation and the investigative findings until March 29, 2012, 65 calendar days after receipt of the case.*

- Did the HA timely consult with the OIG and the department attorney (if applicable) regarding disciplinary determinations prior to making a final decision?

  *The Office of Internal Affairs completed its investigation and referred the matter to the hiring authority on January 24, 2012. The hiring authority did not consult with the OIG and the department attorney regarding the disciplinary determinations until March 29, 2012, 65 calendar days after receipt of the case.*

- Was the disciplinary phase conducted with due diligence by the department?

  *The department failed to conduct the investigative findings and disciplinary determinations in a timely manner.*

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-05-16 | 11-2493-IR | 1. Neglect of Duty | 1. Sustained | Salary Reduction | Letter of Instruction |

## Incident Summary

On May 16, 2011, three inmates were supposed to be moved from a facility because they were allegedly causing tension between ethnic groups. Two of those inmates were moved. However, a lieutenant, sergeant, and officer allegedly failed to move the third disruptive inmate. Shortly thereafter, the third inmate was involved in an inmate riot. Multiple uses of force were required to stop the incident. At the rules violation hearing for the third inmate, it was determined that there was insufficient evidence to show that the third inmate started the riot or was involved in the riot.

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegations and imposed a 5 percent salary reduction for three months against the lieutenant and the sergeant. The hiring authority determined that the officer was less culpable and issued a letter of instruction. After the *Skelly* hearings for the lieutenant and sergeant, it was discovered that the rules violation report against the third inmate was withdrawn as it could not be proven that the third inmate started the riot or was even involved in the riot. Due to this mitigating information, the hiring authority elected to withdraw the disciplinary actions against the lieutenant and the sergeant, and instead issued letters of instruction to both. The OIG concurred with the hiring authority's determinations based on the factors learned at the *Skelly* hearing.

## Disciplinary Assessment                    Rating: Insufficient

The department failed to comply with policies and procedures governing the disciplinary process. The hiring authority failed to timely conduct the investigative findings and disciplinary determinations. Additionally, the employee relations officer failed to enter key dates into the case management system and failed to provide the OIG with a draft copy of the disciplinary action for review.

# CENTRAL REGION

## Assessment Questions

- Did the disciplinary officer make an entry into CMS prior to the findings conference accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *There is no record that the employee relations officer made an entry into CMS prior to the findings and penalty conference regarding the relevant dates.*

- Did the HA timely consult with the OIG and department attorney (if applicable), regarding the sufficiency of the investigation and the investigative findings?

  *The case was returned to the hiring authority on October 5, 2011; however, the consultation with the OIG and employee relations officer regarding the sufficiency of the investigation and the investigative findings did not occur until January 17, 2012, 104 calendar days later. Although there were attempts to schedule the findings conference as early as December 29, 2011, that was still 85 calendar days after the case was returned.*

- Did the HA timely consult with the OIG and the department attorney (if applicable) regarding disciplinary determinations prior to making a final decision?

  *The case was returned to the hiring authority on October 5, 2011; however, the consultation with the OIG and employee relations officer regarding the disciplinary determinations did not occur until January 17, 2012, 104 calendar days later. Although there were attempts to schedule the penalty conference as early as December 29, 2011, that was still 85 calendar days after the case was returned.*

- Did the department attorney or disciplinary officer provide the OIG with a copy of the draft disciplinary action and consult with the OIG?

  *Although a copy of the final disciplinary action was provided, a copy of the draft was not received by the OIG.*

- Was the disciplinary phase conducted with due diligence by the department?

  *The department failed to conduct the investigative findings and disciplinary determinations in a timely manner.*

| Incident Date | OIG Case Number | Allegations | Findings | Penalty |
|---|---|---|---|---|
| 2011-07-05 | 12-0067-IR | 1. **Dishonesty** <br> 2. **Neglect of Duty** <br> 3. **Unreasonable Use of Force** | 1. **Sustained** <br> 2. **Sustained** <br> 3. **Exonerated** | INITIAL       FINAL <br> Demotion     **Salary Reduction** |

## Incident Summary

It was alleged on July 5, 2011, a sergeant responded to a cell to assist other officers who were attempting to handcuff two unruly inmates who appeared to be intoxicated. It was alleged the sergeant ordered the cell door opened, grabbed one of the inmates by the wrist, and pulled the inmate out of the cell. It was further alleged an officer used unreasonable force on the inmate that the sergeant pulled out by pepper spraying him. It was alleged the sergeant was dishonest in his official reports by failing to report that the inmates were intoxicated. It was also alleged the sergeant was dishonest during his interview with the Office of Internal Affairs.

## Disposition

The hiring authority determined that the officer did use force; however, the investigation revealed her actions were justified, lawful, and proper. The OIG concurred with the hiring authority's determination as it was reasonable for the officer to use force on an inmate whom she believed was moving to attack the sergeant. The hiring authority determined there was sufficient evidence to sustain the allegations against the sergeant and demoted the sergeant to officer. The sergeant filed an appeal with the State Personnel Board. The department and the sergeant entered into a stipulated settlement agreement wherein the penalty was reduced to a 10 percent salary reduction for 28 months, the equivalent of a 56 working-day suspension, and restored the officer to the rank of sergeant. The sergeant agreed to withdraw his appeal. The OIG found the agreement to be reasonable because the sergeant was remorseful, had no prior disciplinary actions, and at the *Skelly* hearing, the sergeant explained that he had been in the job position for a short time, thereby mitigating his misconduct.

## Disciplinary Assessment

**Rating: Sufficient**

The department sufficiently complied with policies and procedures.

# CENTRAL REGION

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-07-15 | 11-3186-IR | 1. Neglect of Duty<br>2. Insubordination | 1. Sustained<br>2. Not Sustained | Letter of Instruction | No Change |

### Incident Summary

On July 15, 2011, a correctional counselor allegedly failed to follow Prison Rape Elimination Act protocols after receiving information of a possible sexual assault. On July 21, 2011, the correctional counselor was also allegedly insubordinate when she failed to comply with a supervisor's direct order to complete a confidential disclosure form.

### Disposition

The hiring authority determined there was sufficient evidence to sustain an allegation of neglect of duty against the correctional counselor and issued a letter of instruction. No other allegations were sustained.

### Disciplinary Assessment

**Rating:** Sufficient

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-08-19 | 11-2730-IR | 1. Other Failure of Good Behavior | 1. Sustained | Salary Reduction | No Change |

### Incident Summary

On August 19, 2011, an officer allegedly unlawfully entered a second officer's residence and vandalized several of the second officer's department uniforms. The first officer was arrested on August 20, 2011, for the alleged trespass and vandalism. The district attorney's office declined to file criminal charges.

### Disposition

The hiring authority determined there was sufficient evidence to sustain the allegations and imposed a 10 percent salary reduction for 18 months. The officer filed an appeal with the State Personnel Board. The department and the officer entered into a settlement agreement wherein the penalty was reduced to a 10 percent salary reduction for 15 months, and the officer agreed to withdraw his appeal. The OIG concurred based on information presented at a *Skelly* hearing, whereby the officer expressed remorse, took responsibility for his actions, and provided information which further mitigated his misconduct.

### Disciplinary Assessment

**Rating:** Sufficient

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-09-26 | 11-3179-IR | 1. Dishonesty | 1. Not Sustained | No Penalty Imposed | No Change |

### Incident Summary

On September 26, 2011, a sergeant and an officer allegedly altered an official form by intentionally backdating the date on which the paperwork was served on an inmate, thereby violating the inmate's due process rights.

### Disposition

The hiring authority determined that although the official forms were clearly altered, there was insufficient evidence to determine who altered them. Therefore, there was insufficient evidence to sustain the allegations. The OIG concurred with the hiring authority's determinations.

### Disciplinary Assessment

**Rating:** Insufficient

The department failed to comply with policies and procedures governing the disciplinary process. The hiring authority failed to conduct the investigative findings in a timely manner, delaying 61 calendar days.

# CENTRAL REGION

## Assessment Questions

- Did the HA timely consult with the OIG and department attorney (if applicable), regarding the sufficiency of the investigation and the investigative findings?

  *The Office of Internal Affairs completed its investigation and referred the matter to the hiring authority on June 27, 2012. The hiring authority did not consult with the OIG and department attorney regarding the sufficiency of the investigation and the investigative findings until August 27, 2012, 61 calendar days after receipt of the case.*

- Was the disciplinary phase conducted with due diligence by the department?

  *The hiring authority delayed in making investigatory findings.*

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-10-30 | 12-1295-IR | 1. Neglect of Duty | 1. Sustained | Salary Reduction | No Change |

### Incident Summary

On October 30, 2011, a control booth officer allegedly released two inmates to the showers without floor officers being present. The shower doors were not secured and those two inmates were able to exit the showers and attack two other inmates, which resulted in custody staff using force on all four inmates to stop the disturbance.

### Disposition

The hiring authority determined there was sufficient evidence to sustain the allegation and imposed a 10 percent salary reduction for nine months. Following a *Skelly* hearing, the hiring authority agreed to reduce the penalty to a 10 percent salary reduction for six months and the officer agreed not to file an appeal with the State Personnel Board. The OIG found the agreement to be reasonable because the officer presented mitigating information at the *Skelly* hearing, taking responsibility for his actions and offering reassurances that future misconduct would not reoccur.

### Disciplinary Assessment

Rating: **Sufficient**

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-11-26 | 12-0064-IR | 1. Neglect of Duty | 1. Sustained | Salary Reduction | Letter of Reprimand |

### Incident Summary

On November 26, 2011, there was an order in effect allowing only inmates of the same race to be released at the same time. On that day, a control booth officer released six inmates of the same race then, while the first group of inmates was still out, allegedly opened the cell door of another inmate of a different race. The inmates started to fight each other, requiring officers to use pepper spray to stop the incident.

### Disposition

The hiring authority determined there was sufficient evidence to sustain the allegation and imposed a 5 percent salary reduction for six months. The officer filed an appeal with the State Personnel Board. At the *Skelly* hearing prior to proceedings at the State Personnel Board, information was provided which led to possible evidentiary issues. Specifically, other cell doors in the same building had required repairs. Due to this new information and because the officer had no prior discipline, the department entered into a settlement agreement with the officer wherein the penalty was reduced to a letter of reprimand. In return, the officer agreed to withdraw his appeal and waive his rights to three months' of pay that had already been removed from his salary. The OIG concurred and found the settlement reasonable due to the evidentiary issues that developed.

### Disciplinary Assessment

Rating: **Insufficient**

The department failed to comply with policies and procedures governing the disciplinary process. The hiring authority failed to conduct the investigative findings and disciplinary determinations in a timely manner.

# CENTRAL REGION

## Assessment Questions

- Did the HA timely consult with the OIG and department attorney (if applicable), regarding the sufficiency of the investigation and the investigative findings?

  *The case was returned to the hiring authority on January 6, 2012; however, the consultation with the OIG and department attorney regarding the sufficiency of the investigation and the investigative findings did not occur until five months after receipt of the case.*

- Did the HA timely consult with the OIG and the department attorney (if applicable) regarding disciplinary determinations prior to making a final decision?

  *The case was returned to the hiring authority on January 6, 2012; however, the consultation with the OIG and department attorney regarding the disciplinary determinations did not occur until five months after receipt of the case.*

- Was the disciplinary phase conducted with due diligence by the department?

  *The department failed to conduct the investigative findings and disciplinary determinations in a timely manner.*

| Incident Date | OIG Case Number | Allegations | Findings | Penalty |
|---|---|---|---|---|
| 2011-12-01 | 12-0345-IR | 1. **Neglect of Duty**<br>2. **Other Failure of Good Behavior**<br>3. **Domestic Violence** | 1. **Sustained**<br>2. **Sustained**<br>3. **Not Sustained** | INITIAL **Dismissal**    FINAL **Salary Reduction** |

### Incident Summary

On December 1, 2011, an off-duty officer argued with his girlfriend and allegedly struck and falsely imprisoned her. Outside law enforcement arrested the officer and the matter was referred to the district attorney's office for prosecution. The officer was convicted of a misdemeanor charge of disturbing the peace by loud and unreasonable noise. Domestic violence charges were dismissed. The officer also allegedly failed to report the incident to the department.

### Disposition

The hiring authority sustained the allegations and served the officer with a notice of dismissal. The officer filed an appeal with the State Personnel Board. Prior to State Personnel Board proceedings, the officer requested a *Skelly* hearing at which he presented new information that confirmed his former girlfriend had a documented history of violently assaulting him, and that her allegations regarding his domestic abuse were not credible. Based upon this previously unavailable information, the hiring authority sustained an allegation of failure of good behavior based upon the argument and his resulting misdemeanor conviction for disturbing the peace, but did not sustain the allegations of domestic violence or neglect of duty for failing to report the incident to the department. The hiring authority reduced the penalty to a 5 percent salary reduction for three months. In exchange, the officer dismissed the appeal with the State Personnel Board. The OIG concurred with the settlement because of the new information presented at the *Skelly* hearing.

### Disciplinary Assessment

**Rating: Sufficient**

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty |
|---|---|---|---|---|
| 2011-12-02 | 12-0423-IR | 1. **Neglect of Duty**<br>2. **Unreasonable Use of Force** | 1. **Sustained**<br>2. **Not Sustained** | INITIAL **Salary Reduction**    FINAL **No Change** |

### Incident Summary

On December 2, 2011, two officers approached a cell occupied by two inmates to conduct a search. The officers ordered the inmates to submit to being handcuffed. The first inmate refused and made challenging and hostile statements to the officers. The second inmate submitted and was placed in restraints. The officers opened the cell door and removed the restrained inmate. The first inmate continued to refuse orders so the officers entered the cell and used pepper spray and physical force to remove the inmate. The officers allegedly failed to notify a supervisor prior to opening the cell door and opened the cell door before both inmates were placed in restraints. The officers also allegedly failed to close the cell door after removing the first inmate. Additionally, there was no justification for the emergency use of force as there was no immediate threat; therefore, a calculated cell extraction should have been conducted.

# CENTRAL REGION

## Disposition

The hiring authority sustained the allegations of neglect of duty against both officers and imposed on each of them a 5 percent salary reduction for 12 months. One of the two officers filed an appeal with the State Personnel Board, the other did not. The department and the officer who filed the appeal entered into a stipulated settlement agreement. The department reduced the penalty to a 5 percent salary reduction for ten months and the officer withdrew his appeal. The OIG concurred with the disposition as there was evidence of remorse by the officer and the penalty was not significantly reduced.

## Disciplinary Assessment

**Rating: Insufficient**

The department failed to comply with policies and procedures. The hiring authority failed to timely refer the matter to the Office of Internal Affairs and failed to conduct the investigative findings and disciplinary determinations in a timely manner.

## Assessment Questions

- Was the matter referred to the OIA as soon as reasonably practical, within 45 calendar days of the date of discovery?

  *The date of discovery was December 2, 2011; however, the hiring authority did not refer the matter to the Office of Internal Affairs until January 23, 2012, 52 days after the date of discovery.*

- Did the HA timely consult with the OIG and department attorney (if applicable), regarding the sufficiency of the investigation and the investigative findings?

  *The Office of Internal Affairs returned the matter to the hiring authority for disposition without an investigation on February 15, 2012. The hiring authority did not consult with the OIG and the department attorney regarding the investigative findings until May 11, 2012, almost three months after receipt of the case.*

- Did the HA timely consult with the OIG and the department attorney (if applicable) regarding disciplinary determinations prior to making a final decision?

  *The Office of Internal Affairs returned the matter to the hiring authority for disposition without an investigation on February 15, 2012. The hiring authority did not consult with the OIG and the department attorney regarding the disciplinary determinations until May 11, 2012, almost three months after receipt of the case.*

- Was the disciplinary phase conducted with due diligence by the department?

  *The department failed to conduct the investigative findings and disciplinary determinations in a timely manner.*

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| **2012-01-19** | **12-0632-IR** | 1. **Insubordination** | 1. **Sustained** | **Salary Reduction** | **No Change** |

## Incident Summary

On January 19, 2012, an officer asked to start work three hours early so she could satisfy her quarterly requirement to qualify at the firing range. A sergeant denied the officer's request and ordered the officer to report to work in the afternoon as scheduled. The officer was allegedly insubordinate when she refused the order and reported to work three hours early. Consequently, the officer had to leave work early to avoid overtime for that day.

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegation and imposed a 10 percent salary reduction for 12 months. The officer did not file an appeal with the State Personnel Board. At the *Skelly* hearing, the officer presented mitigating evidence and took responsibility for her actions. Since there was no investigation, this evidence was not previously available. Consequently, the hiring authority and the officer entered into a settlement agreement which modified the penalty to a 5 percent salary reduction for one month. The OIG concurred with the settlement based on the new evidence presented at the *Skelly* hearing.

## Disciplinary Assessment

**Rating: Sufficient**

Overall, the department sufficiently complied with policies and procedures.

# CENTRAL REGION

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2012-04-21 | 12-1288-IR | 1. **Other Failure of Good Behavior** | 1. Sustained | **Letter of Reprimand** | **No Change** |

## Incident Summary

On April 21, 2012, an off-duty officer began arguing with her ex-husband and allegedly spit in his face and scratched his arm with her keys. Local law enforcement responded and arrested the officer for battery. The officer was later convicted of a misdemeanor charge of disturbing the peace.

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegation and issued a letter of reprimand. The officer did not file an appeal with the State Personnel Board.

## Disciplinary Assessment

**Rating: Sufficient**

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2012-05-24 | 12-1653-IR | 1. **Neglect of Duty** <br> 2. **Other Failure of Good Behavior** | 1. Sustained <br> 2. Sustained | **Salary Reduction** | **No Change** |

## Incident Summary

On May 24, 2012, outside law enforcement arrested an officer after it was reported that during a domestic dispute he allegedly grabbed his ex-wife by the hair and threw water on her. After he was released from jail, he allegedly violated an emergency protective order by returning to the ex-wife's home. The officer also allegedly failed to report to the department that he was arrested and served with an emergency protective order that affected his ability to own or possess a firearm.

## Disposition

The hiring authority sustained the allegations and imposed a 10 percent salary reduction for 24 months. The officer did not file an appeal with the State Personnel Board.

## Disciplinary Assessment

**Rating: Sufficient**

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2012-07-11 | 12-2397-IR | 1. **Neglect of Duty** | 1. Sustained | **Salary Reduction** | **No Penalty Imposed** |

## Incident Summary

On July 11, 2012, a control booth officer and two floor officers allegedly released an inmate to go to work while he was only to be released for meals. While the inmate was released, the inmate allegedly attacked another inmate near the work-change area.

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegations and imposed a 5 percent salary reduction for three months against the control booth officer and one of the floor officers. The other floor officer had received prior corrective action; therefore, the hiring authority imposed a 5 percent salary reduction for six months. At the *Skelly* hearings, information was offered to show that the modified program order was confusing because it differed from other similar orders. Additionally, it was later discovered that the released inmate who was subject to the modified program may have actually been released for meal time, not for work change. As a result, the hiring authority determined there was insufficient evidence to sustain the allegations for releasing that inmate and withdrew the pending disciplinary actions. The hiring authority determined that there was still sufficient evidence against one of the floor officers for failing to review post orders and ordered on-the-job training. The OIG concurred with the hiring authority's determinations based on factors presented at the *Skelly* hearings.

# CENTRAL REGION

| Disciplinary Assessment | Rating: Sufficient |
|---|---|
| Overall, the department sufficiently complied with policies and procedures. | |

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2012-07-23 | 12-2149-IR | 1. Insubordination | 1. Sustained | Dismissal | No Change |

### Incident Summary

On July 23, 2012, a facility captain received an order to report for a random drug and alcohol test. The captain allegedly failed to report for testing.

### Disposition

The hiring authority sustained the allegation and served the captain with a notice of dismissal. However, the captain resigned before the disciplinary action took effect. A letter indicating the captain resigned pending disciplinary action was placed in his official personnel file.

| Disciplinary Assessment | Rating: Sufficient |
|---|---|
| Overall, the department sufficiently complied with policies and procedures. | |

# HEADQUARTERS

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| **2010-03-01** | **10-1440-IR** | 1. **Neglect of Duty** | 1. **Sustained** | **Salary Reduction** | **No Penalty Imposed** |

### Incident Summary

It was alleged that on March 1, 2010 a captain, lieutenant, two sergeants, five officers, and a registered nurse failed to follow policy when an inmate was observed swallowing contraband. The inmate was not properly supervised following the incident and was not given a medical evaluation. The inmate later overdosed and died from the contraband that he ingested.

### Disposition

The hiring authority determined there was sufficient evidence to sustain allegations against one of the sergeants and two officers. The hiring authority imposed a 5 percent salary reduction for three months against the sergeant and a 5 percent salary reduction for one month against both officers. The sergeant and both officers filed appeals with the State Personnel Board. The State Personnel Board revoked the disciplinary actions against the two officers and sustained the disciplinary action against the sergeant. The hiring authority determined there was insufficient evidence to sustain the allegations against the captain, lieutenant, second sergeant, two other officers, and the registered nurse.

### Disciplinary Assessment

**Rating: Sufficient**

The department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| **2010-05-14** | **10-3536-IR** | 1. **Dishonesty**<br>2. **Over-Familiarity**<br>3. **Disclosure of Confidential Information**<br>4. **Discourteous Treatment** | 1. **Sustained**<br>2. **Sustained**<br>3. **Sustained**<br>4. **Sustained** | **Dismissal** | **Suspension** |

### Incident Summary

On May 14, 2010, a parole agent allegedly interfered in a homicide investigation conducted by an outside law enforcement agency. Allegedly, the parole agent was briefed on the outside law enforcement agency's plan to arrest a parolee and conduct a search of his house, then called the home of the parolee to let the parolee know the outside law enforcement officers' plans. The parole agent then went to the parolee's house and arrested the parolee prior to the officers arriving. He also advised the outside law enforcement officers that they did not have to search the house since he had already done it, which was not true. Allegedly, the parole agent has a friendship with the family of the parolee's girlfriend.

### Disposition

The hiring authority determined there was sufficient evidence to sustain the allegations and dismissed the parole agent. The parole agent filed an appeal with the State Personnel Board. Following a hearing, the State Personnel Board modified the dismissal to a one-year suspension without pay.

### Disciplinary Assessment

**Rating: Insufficient**

The department failed to comply with policies and procedures governing the disciplinary process. The hiring authority failed to conduct the findings and penalty conference in a timely manner. The department attorney failed to timely provide the OIG with a draft of the pre-hearing settlement conference statement. In addition, the department attorney failed to meet and prepare his witnesses prior to the State Personnel Board hearing.

# HEADQUARTERS

## Assessment Questions

- Did the HA timely consult with the OIG and department attorney (if applicable), regarding the sufficiency of the investigation and the investigative findings?

  *The Office of Internal Affairs completed its investigation and referred the matter to the hiring authority on December 28, 2010. The hiring authority did not consult with the OIG and department attorney regarding the sufficiency of the investigation and the investigative findings until January 19, 2011, 22 calendar days after receipt of the case.*

- Did the HA timely consult with the OIG and the department attorney (if applicable) regarding disciplinary determinations prior to making a final decision?

  *The Office of Internal Affairs completed its investigation and referred the matter to the hiring authority on December 28, 2010. The hiring authority did not consult with the OIG and department attorney regarding disciplinary determinations until January 19, 2011, 22 calendar days after receipt of the case.*

- Was the OIG provided with a draft of the pre-hearing/settlement conference statement prior to it being filed?

  *The OIG was not given a copy of the draft of the pre-hearing settlement conference statement prior to it being filed.*

- Did the department's advocate adequately subpoena and prepare available witnesses for the hearing?

  *There is no documentation indicating the department attorney met with his witnesses to prepare them for the State Personnel Board hearing.*

- If the SPB's decision did not uphold all of the factual allegations sustained by the HA, did the OIG concur with the SPB's decision?

  *The decision was appropriate based upon the evidence presented at the hearing. Several witnesses were called to testify to the chain of events and the testimony was inconsistent.*

- If the penalty modification was the result of an SPB decision, did the OIG concur with the modification?

  *The decision was appropriate based upon the evidence presented at the hearing. Several witnesses were called to testify to the chain of events and the testimony was inconsistent. The State Personnel Board did not sustain the dishonesty allegations and, therefore, modified the penalty from a dismissal to a one-year suspension.*

- Was the disciplinary phase conducted with due diligence by the department?

  *The department failed to conduct the investigative findings and disciplinary determinations in a timely manner.*

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-04-13 | 11-2308-IR | 1. **Disclosure of Confidential Information** | 1. **Sustained** | **Suspension** | **No Change** |

## Incident Summary

It was alleged that on April 13, 2011 a lieutenant disclosed confidential information to a contract staff member. Allegedly, an inmate told the lieutenant a male contract staff member was engaging in trafficking narcotics and mobile phones and having sexual relationships with other female staff members. The lieutenant disclosed this information to a female contract staff member who was allegedly in a relationship with the male contract staff member.

## Disposition

The hiring authority sustained the allegation and imposed a 55 working-day suspension. The lieutenant filed an appeal with the State Personnel Board. At the pre-hearing settlement conference, the lieutenant and the department entered into a settlement agreement reducing the penalty to a 40 working-day suspension. The department also agreed to a remove the disciplinary action from the lieutenant's official personnel file upon State Personnel Board approval of the settlement and the lieutenant's written request, rather than the customary three years. In exchange, the lieutenant agreed to withdraw his appeal. Based on evidentiary issues, the OIG concurred with the settlement.

## Disciplinary Assessment

Rating: **Insufficient**

The department failed to comply with policies and procedures governing the disciplinary process. The hiring authority delayed in conducting the findings and penalty conference. In addition, the department failed to timely provide OIG some of the required documents.

# HEADQUARTERS

## Assessment Questions

- Did the HA timely consult with the OIG and department attorney (if applicable), regarding the sufficiency of the investigation and the investigative findings?

  *The Office of Internal Affairs completed its investigation and referred the matter to the hiring authority on December 7, 2011. The hiring authority did not consult with the OIG and department attorney regarding the sufficiency of the investigation and the investigative findings until January 9, 2012, 33 calendar days after receipt of the case.*

- Was the CDCR Form 402 documenting the findings properly completed?

  *The department did not provide a copy of the completed 402 form until after the disciplinary action was served.*

- Did the HA timely consult with the OIG and the department attorney (if applicable) regarding disciplinary determinations prior to making a final decision?

  *The Office of Internal Affairs completed its investigation and referred the matter to the hiring authority on December 7, 2011. The hiring authority did not consult with the OIG and department attorney regarding the disciplinary determinations until January 9, 2012, 33 calendar days after receipt of the case.*

- Was the CDCR Form 403 documenting the penalty properly completed?

  *The department did not provide a copy of the completed 403 form until after the disciplinary action was served.*

- Was the OIG provided with a draft of the pre-hearing/settlement conference statement prior to it being filed?

  *The OIG received a copy of the pre-hearing settlement conference statement after it was already filed.*

- Was the disciplinary phase conducted with due diligence by the department?

  *The department failed to conduct the investigative findings and disciplinary determinations in a timely manner.*

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| **2012-05-18** | **12-1472-IR** | 1. **Discourteous Treatment** <br> 2. **Other Failure of Good Behavior** | 1. **Sustained** <br> 2. **Not Sustained** | **Letter of Instruction** | **No Change** |

### Incident Summary

It was alleged that on May 18, 2012, a chief deputy warden was arrested for committing an act of domestic violence when she slapped and kicked her boyfriend in a public area of a casino.

### Disposition

The hiring authority sustained the allegation of discourteous treatment, but did not sustain the allegation of domestic violence, and served the chief deputy warden with a letter of instruction.

### Disciplinary Assessment

Rating: **Sufficient**

The department sufficiently complied with policies and procedures.

# NORTH REGION

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| **2008-01-01** | **12-0866-IR** | 1. **Contraband**<br>2. **Over-Familiarity** | 1. **Sustained**<br>2. **Sustained** | **Dismissal** | **No Change** |

## Incident Summary

During the period from 2008 through April 11, 2012, a supervising cook was allegedly engaged in an overly familiar relationship with inmates by trafficking contraband including methamphetamine, tobacco, and mobile phones for monetary gain. It was also alleged that on April 11, 2012, the supervising cook was knowingly in possession of a knife, methamphetamine, and three lighters while on institution grounds.

## Disposition

The hiring authority sustained the allegations and served the supervising cook with a notice of dismissal. The supervising cook did not file an appeal with the State Personnel Board.

## Disciplinary Assessment

**Rating: Sufficient**

The department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| **2008-05-01** | **10-0708-IR** | 1. **Dishonesty**<br>2. **Insubordination**<br>3. **Neglect of Duty**<br>4. **Other Failure of Good Behavior**<br>5. **Misuse of State Equipment or Property**<br>6. **Discourteous Treatment** | 1. **Sustained**<br>2. **Sustained**<br>3. **Sustained**<br>4. **Sustained**<br>5. **Sustained**<br>6. **Sustained** | **Dismissal** | **No Change** |

## Incident Summary

In May 2008, a staff counsel, who was employed as a department attorney, allegedly failed to correctly calculate the time in which disciplinary action could be taken in a case assigned to her. In October 2009, the staff counsel also allegedly failed to notify the employee relations officer that a hearing had been continued which caused the employee relations officer to spend several days unnecessarily preparing for the hearing. Additionally, in December 2009, the staff counsel allegedly provided improper advice to a warden to reduce the penalty in a discipline case and then lied to her supervisor, an assistant chief counsel, by advising her the chief counsel had approved the penalty reduction. Further, it was alleged that the staff counsel was rude and discourteous to personnel services staff when she was addressing discrepancies in her payroll check.

## Disposition

After an investigation by the OIG, the hiring authority determined there was sufficient evidence to sustain the allegations. The hiring authority combined this case with another case that was pending against the staff counsel and dismissed the staff counsel. An administrative law judge from the Office of Administrative Hearings heard the appeal of the case to avoid any potential conflict of interest. The administrative law judge modified the penalty to a suspension without pay for 30 days. After granting the department's petition for rehearing, the State Personnel Board upheld the department and imposed the original penalty of dismissal.

## Disciplinary Assessment

**Rating: Sufficient**

The department sufficiently complied with policies and procedures governing the disciplinary process.

# NORTH REGION

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2009-05-08 | 09-3466-IR | 1. **Insubordination**<br>2. **Neglect of Duty**<br>3. **Dishonesty**<br>4. **Discourteous Treatment** | 1. **Sustained**<br>2. **Sustained**<br>3. **Not Sustained**<br>4. **Not Sustained** | **Salary Reduction** | **Letter of Reprimand** |

## Incident Summary

On May 8, 2009, an officer allegedly failed to properly conduct inmate counts. As a result, an inmate who had escaped from camp during the night was not discovered until the next morning. The officer also allegedly falsified the date and time that the inmate escaped to cover the failure to conduct the inmate count. The camp commander allegedly was insubordinate by discussing the investigation with the officer after the camp commander was interviewed as a witness.

## Disposition

The hiring authority sustained the allegation of neglect of duty against the officer but did not sustain the allegation that the officer was dishonest in his report. The hiring authority imposed a 5 percent salary reduction for 13 months and removed the officer from his camp assignment. The hiring authority sustained the allegation of insubordination against the lieutenant, imposed a 5 percent salary reduction for 36 months, and removed the lieutenant from his camp assignment. The officer and lieutenant both filed appeals with the State Personnel Board. As to the lieutenant, following a hearing, the State Personnel Board revoked the penalty. As to the officer, due to evidentiary problems that developed after service of the disciplinary action, the department entered into a settlement agreement with the officer. The department agreed to reduce the penalty to a letter of reprimand and an involuntary transfer in exchange for the officer agreeing to withdraw his appeal. The OIG concurred with the terms of the settlement because of the evidentiary problems.

## Disciplinary Assessment

Overall, the department sufficiently complied with policies and procedures.

**Rating: Sufficient**

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2009-06-09 | 09-3426-IR | 1. **Dishonesty**<br>2. **Insubordination**<br>3. **Neglect of Duty**<br>4. **Misuse of State Equipment or Property**<br>5. **Discourteous Treatment**<br>6. **Failure to Report** | 1. **Sustained**<br>2. **Sustained**<br>3. **Sustained**<br>4. **Sustained**<br>5. **Sustained**<br>6. **Not Sustained** | **Dismissal** | **No Change** |

## Incident Summary

On June 9, 2009, a staff counsel was allegedly unprofessional and discourteous to an administrative law judge during a State Personnel Board hearing when she was late from returning from a lunch break. It was also alleged that the staff counsel presented false and misleading information to the administrative law judge regarding her reasons for being late to the hearing. Allegedly, the staff counsel also provided false and misleading information to her supervisors about what had transpired at the hearing. Additionally, in August 2009, the staff counsel allegedly provided misleading and false information the State Personnel Board in a written motion. It was further alleged that the staff counsel failed to follow her supervisors directives regarding telecommuting and calendaring out-of-office activities, and provided false information in her timesheet.

## Disposition

After an investigation by the OIG, the hiring authority combined this case with another case pending against the staff counsel and determined there was sufficient evidence to sustain all of the allegations, with the exception of failing to follow her supervisors directives regarding telecommuting and calendaring out-of-office activities, and providing false information in her timesheet. The staff counsel was served with a notice of dismissal. The staff counsel filed an appeal with the State Personnel Board. An administrative law judge from the Office of Administrative Hearings heard the appeal of the case to avoid any potential conflict of interest. The administrative law judge modified the penalty to a suspension without pay for 30 days. After granting the department's petition for rehearing, the State Personnel Board upheld the department and sustained the original penalty of dismissal.

# NORTH REGION

## Disciplinary Assessment

**Rating: Sufficient**

The department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2009-11-08 | 10-1542-IR | 1. Neglect of Duty | 1. Sustained | Salary Reduction | No Change |

### Incident Summary

On November 8, 2009, a supervising cook allegedly allowed an inmate to enter the bread room storage area without constant direct supervision, which allowed the inmate to commit suicide by hanging himself.

### Disposition

The hiring authority determined there was sufficient evidence to sustain the allegations and imposed a 10 percent salary reduction for 12 months. The supervising cook did not file an appeal with the State Personnel Board.

### Disciplinary Assessment

**Rating: Insufficient**

The department failed to comply with policies and procedures governing the disciplinary process. The hiring authority failed to timely conduct the investigative findings and disciplinary determinations.

### Assessment Questions

- Did the HA timely consult with the OIG and department attorney (if applicable), regarding the sufficiency of the investigation and the investigative findings?

  *The Office of Internal Affairs completed its investigation and referred the matter to the hiring authority on April 15, 2011. The hiring authority did not consult with the OIG and department attorney regarding the sufficiency of the investigation and the investigative findings until August 15, 2012, 16 months after receipt of the case.*

- Did the HA timely consult with the OIG and the department attorney (if applicable) regarding disciplinary determinations prior to making a final decision?

  *The Office of Internal Affairs completed its investigation and referred the matter to the hiring authority on April 15, 2011. The hiring authority did not consult with the OIG and department attorney regarding the disciplinary determinations until August 15, 2012, 16 months after receipt of the case.*

- Was the disciplinary phase conducted with due diligence by the department?

  *The department failed to conduct the investigative findings and disciplinary determinations in a timely manner.*

### OIG Recommendation

The OIG recommended policy and procedure changes, which the department accepted and implemented. Officers now handle the inmate check-in and check-out process and maintain custody and control of all inmate identification cards. The identification cards are returned to each inmate at the end of the shift and all inmates are accounted for on each shift. The non-custody staff now handle the bread racks and do not allow inmates to enter the bread room or other separate areas. The inmates are kept under constant direct supervision at all times.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2010-06-28 | 11-0128-IR | 1. Neglect of Duty<br>2. Dishonesty | 1. Sustained<br>2. Not Sustained | Salary Reduction | No Change |

### Incident Summary

On June 28, 2010, it was alleged that a parole agent had failed to properly supervise parolees on her caseload. Allegedly, the parole agent failed to update case records, make face-to-face contacts, and drug tests were noted in parolee's files, but never conducted.

# NORTH REGION

## Disposition

The hiring authority sustained the allegations and imposed a 10 percent salary reduction for 24 months. The parole agent filed a late appeal with the State Personnel Board, which denied the agent's motion to allow late filing. The agent filed a petition for writ of mandate in the superior court, which was granted. New evidence was produced prior to a pre-hearing settlement conference that limited the liability against the agent. Therefore, the hiring authority reduced the penalty to a 10 percent salary reduction for eight months. The OIG found the agreement to be reasonable based on the new evidence.

## Disciplinary Assessment

The department sufficiently complied with policies and procedures.

**Rating: Sufficient**

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2010-09-02 | 11-3035-IR | 1. Unreasonable Use of Force | 1. Not Sustained | No Penalty Imposed | |

### Incident Summary

On September 2, 2010, three officers allegedly used unnecessary force when they pushed a wheelchair-bound inmate out of his wheelchair and physically assaulted him.

### Disposition

The hiring authority determined there was insufficient evidence to sustain the allegations against the first two officers. Further, the hiring authority determined that the evidence conclusively proved that the misconduct by the third officer did not occur. The OIG concurred with the hiring authority's determinations.

### Disciplinary Assessment

Overall, the department sufficiently complied with policies and procedures.

**Rating: Sufficient**

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-02-16 | 11-1039-IR | 1. Neglect of Duty<br>2. Dishonesty | 1. Sustained<br>2. Not Sustained | Salary Reduction | No Penalty Imposed |

### Incident Summary

On February 16, 2011, it was alleged a parole agent failed to properly supervise parolees assigned to her caseload. Specifically, it was alleged the agent documented that she completed anti-narcotic tests of parolees; however, records indicated the tests were not done.

### Disposition

The hiring authority sustained the neglect of duty allegations and imposed a 5 percent salary reduction for 12 months. The hiring authority determined there was insufficient evidence to sustain the dishonesty allegations. The parole agent filed an appeal with the State Personnel Board. In addition, the parole agent filed a motion to dismiss the action arguing the department failed to serve the disciplinary action in a timely manner. After considering the motion, the State Personnel Board revoked the department's disciplinary action for failure to conclude the investigation within one year of the district parole administrator learning of the alleged wrongdoing.

### Disciplinary Assessment

The department failed to comply with policies and procedures governing the disciplinary process. Due to the department attorney failing to properly calculate the deadline for taking disciplinary action, the department failed to timely serve the disciplinary action.

**Rating: Insufficient**

# NORTH REGION

## Assessment Questions

- Did the deadline for taking disciplinary action expire before the department completed its findings and served appropriate disciplinary action?

  *The State Personnel Board ruled that the department failed to conclude the investigation within one year of the district parole administrator learning of the alleged wrongdoing.*

- Was the disciplinary phase conducted with due diligence by the department?

  *The State Personnel Board revoked the disciplinary action because the department failed to serve it before the deadline to take disciplinary action.*

## OIG Recommendation

OIG made the following policy and procedure recommendations which were accepted and implemented by the department: 1. Review the processes and procedures for narcotics testing and make certain they are clear and uniformly applied with training for all parole agents. 2. Maintain drug testing samples in a secured locked box or receptacle with a chain of custody log. 3. Review the processes and procedures for transport to the lab testing facility and maintain the chain of custody log during the transport process. 4. Confirm receipt by the lab testing facility with written confirmation of receipt of the samples by the lab. 5. Confirm test results for each sample submitted and signed for by the lab as having been received. 6. Implement periodic supervisory review of the process, including the chain of custody log, lab receipts, and test results in order to insure compliance with procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| **2011-03-03** | **11-1204-IR** | 1. **Dishonesty** | 1. **Sustained** | **Dismissal** | **Resignation in Lieu of Termination** |

### Incident Summary

On March 3, 2011, a sergeant allegedly authored a memorandum containing false information indicating he signed a time sheet for an officer.

### Disposition

The hiring authority determined there was sufficient evidence to sustain the allegation and served the sergeant with a notice of dismissal. However, pursuant to a settlement agreement the department agreed to revoke the dismissal and allow the sergeant time to file for disability retirement in lieu of dismissal. The sergeant agreed to withdraw his appeal. It was further agreed that if CalPERS denied his application for disability retirement he would be deemed to have resigned in lieu of termination and never seek employment with the department. The OIG found the agreement reasonable because the sergeant appeared to have a worsening medical condition, the sergeant agreed to never seek employment with the department, and the settlement would remain in the sergeant's official personnel file.

### Disciplinary Assessment

**Rating: Sufficient**

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| **2011-03-11** | **12-0267-IR** | 1. **Other Failure of Good Behavior** | 1. **Sustained** | **Salary Reduction** | **No Change** |

### Incident Summary

On March 11, 2011, an off-duty officer was arrested and charged with domestic violence. The officer allegedly punched his girlfriend several times in the face during a verbal dispute.

# NORTH REGION

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegations against the officer and imposed a 10 percent salary reduction for 18 months. The officer filed an appeal with the State Personnel Board. Due to evidentiary problems that developed after service of the disciplinary action, the department entered into a settlement agreement with the officer. The eye witness to the assault was elderly and could not recall the incident; the alleged victim of the assault was protective of the officer and could not be relied upon to testify; and, the officer successfully completed a diversion program and the criminal case was dismissed. The department agreed to reduce the penalty from a 10 percent salary reduction for 18 months to a 10 percent salary reduction for three months in exchange for the officer agreeing to withdraw his appeal. The OIG concurred with the terms of the settlement because of the evidentiary problems.

## Disciplinary Assessment

Rating: **Insufficient**

The hiring authority failed to submit the matter to the Office of Internal Affairs in a timely manner.

## Assessment Questions

- Was the matter referred to the OIA as soon as reasonably practical, within 45 calendar days of the date of discovery?

  *The date of discovery was March 14, 2011; however, the hiring authority did not refer the matter to the Office of Internal Affairs until January 5, 2012, more than nine months after the date of discovery. The request for an investigation was prompted after the OIG became aware of the incident and recommended that action be taken to address the misconduct.*

- Did the disciplinary officer make an entry into CMS prior to the findings conference accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The disciplinary officer did not make any entry into CMS confirming relevant dates.*

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| **2011-03-18** | **11-1383-IR** | 1. **Dishonesty**<br>2. **Neglect of Duty**<br>3. **Discourteous Treatment**<br>4. **Intoxication - Driving Under the Influence (Private Vehicle)** | 1. **Sustained**<br>2. **Sustained**<br>3. **Sustained**<br>4. **Sustained** | INITIAL<br>**Suspension** | FINAL<br>**Salary Reduction** |

## Incident Summary

On March 18, 2011, an off-duty officer was involved in an automobile accident while driving his personal car. The officer then allegedly abandoned his car, called his wife to pick him up, and reported his car as stolen with local law enforcement the following day. When local law enforcement interviewed the officer about the stolen car report, he admitted he had been drunk, got into an accident, called his wife, and concocted a story to report the car stolen.

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegations and imposed a 60 working-day suspension. However, following a *Skelly* hearing, the department entered into a settlement agreement whereby the penalty was modified to a 20 working-day suspension and a 5 percent salary reduction for 31 months. The OIG concurred with the settlement agreement based upon significant mitigating factors presented at the *Skelly* hearing.

## Disciplinary Assessment

Rating: **Sufficient**

The department sufficiently complied with policies and procedures.

# NORTH REGION

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| 2011-03-22 | 11-2305-IR | 1. **Dishonesty**<br>2. **Failure to Report**<br>3. **Over-Familiarity** | 1. **Sustained**<br>2. **Sustained**<br>3. **Not Sustained** | INITIAL<br>**Dismissal** | FINAL<br>**No Change** |

## Incident Summary

Between March 22, 2011, and July 19, 2011, it was alleged an officer was engaged in an overly familiar relationship with an inmate. The officer allegedly spent several hours talking to the inmate and was observed handing him unknown items at his cell. Additionally, it was alleged she failed to report her use of force on July 19, 2011, when she attempted to stop an inmate battery. Finally, it was alleged she was dishonest on April 11, 2012, during her investigatory interview when she stated she had reported her use of force to her supervisors.

## Disposition

The hiring authority sustained the allegations that the officer was dishonest in her investigatory interview and that she failed to report her use of force, and served her with a notice of dismissal. The hiring authority did not sustain the allegation of over-familiarity. The officer filed an appeal with the State Personnel Board. The State Personnel Board dismissed the officer's appeal when she failed to appear for her pre-hearing settlement conference.

## Disciplinary Assessment

Rating: **Sufficient**

The department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| 2011-03-27 | 12-1031-IR | 1. **Dishonesty**<br>2. **Over-Familiarity**<br>3. **Contraband** | 1. **Sustained**<br>2. **Sustained**<br>3. **Not Sustained** | INITIAL<br>**Dismissal** | FINAL<br>**No Change** |

## Incident Summary

It was alleged between March 27, 2011, and May 9, 2012, an office technician was overly familiar with an inmate, the inmate's brother, and the inmate's mother when she communicated with them by phone over 170 times. It was further alleged the office technician provided a mobile phone to the inmate, engaged in unauthorized communications with him, and sent pictures of herself and her family to the inmate's contraband mobile phone. It was further alleged the office technician was dishonest during the course of the investigation regarding her overly familiar relationship with the inmate.

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegations of dishonesty during the investigation and over-familiarity with an inmate and a second inmate's mother and brother, and determined that dismissal was the appropriate penalty. The hiring authority determined there was insufficient evidence to sustain the allegations of over-familiarity with the second inmate and bringing contraband into the institution. The office technician did not file an appeal with the State Personnel Board.

## Disciplinary Assessment

Rating: **Insufficient**

The department failed to comply with policies and procedures governing the disciplinary process. The hiring authority failed to appropriately determine the investigative findings for each allegation despite significant evidence supporting the allegation. The department attorney failed to provide appropriate legal consultation to the hiring authority when she recommended not sustaining the allegation regarding the second inmate. The department attorney and hiring authority failed to cooperate with and provide continual real-time consultation with the OIG throughout the disciplinary phase by engaging in substantive disciplinary discussions without notifying or consulting with the OIG. The department attorney then attempted to conceal the failure to consult with the OIG.

# NORTH REGION

## Assessment Questions

- Within 21 calendar days, did the department attorney make an entry into CMS accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The department attorney made an entry into CMS. However, she merely stated that she assessed the date of the incident, discovery date, and the deadline for taking disciplinary action without indicating the actual dates.*

- Did the VA provide appropriate legal consultation to the HA regarding the sufficiency of the investigation and investigative findings?

  *The department attorney did not provide appropriate legal consultation to the hiring authority regarding the sufficiency of the investigation and investigative findings. The department attorney recommended not sustaining an allegation of over-familiarity between the office technician and an inmate despite significant evidence supporting the overly-familiar relationship, including evidence of mobile phone communications between the office technician and the inmate's mother and brother, photographs of the office technician and her family on the inmate's contraband mobile phone, and two recorded telephone conversations allegedly between the inmate and the office technician that traced to the office technician's home telephone number. The OIG recommended that the allegation of over-familiarity be sustained.*

- Did the HA, who participated in the findings conference, appropriately determine the investigative findings for each allegation?

  *The hiring authority did not appropriately determine the investigative findings for each allegation. On advice of the department attorney, the hiring authority did not sustain an allegation of over-familiarity between the office technician and an inmate despite significant evidence supporting the allegation. The OIG recommended that the allegation of over-familiarity be sustained.*

- Was the CDCR Form 402 documenting the findings properly completed?

  *The CDCR Form 402 was not completed for the final disciplinary conference, although one had been completed for a previous disciplinary conference.*

- Did the department attorney provide to the HA and OIG written confirmation of penalty discussions?

  *The department attorney did not provide to the hiring authority and OIG written confirmation of the final penalty discussions.*

- Was the CDCR Form 403 documenting the penalty properly completed?

  *The CDCR Form 403 was not completed for the final disciplinary conference, although one had been completed for a previous disciplinary conference.*

- Did the department attorney or disciplinary officer cooperate with and provide continual real-time consultation with the OIG throughout the disciplinary phase, until all proceedings were completed, except for those related to a writ?

  *The department attorney did not cooperate with or provide continual real-time consultation with the OIG throughout the disciplinary phase. Subsequent to the initial disciplinary discussions and penalty determination, the department attorney had further substantive disciplinary discussions with the hiring authority, the disciplinary officer, and the department's assistant chief counsel without notifying or consulting with the OIG. During those discussions, disciplinary determinations were changed from those previously made during the initial disciplinary discussions. When the OIG questioned why the discussions took place without the OIG, the department attorney attempted to conceal the failure to consult with the OIG by scheduling an additional penalty conference and deleting a CMS entry documenting the penalty discussions that had not included the OIG.*

- Did the HA cooperate with and provide continual real-time consultation with the OIG throughout the disciplinary phase, until all proceedings were completed, except for those related to a writ?

  *The hiring authority did not cooperate with and provide continual real-time consultation with the OIG throughout the disciplinary phase. Subsequent to the initial disciplinary discussions and penalty determination, the hiring authority had further substantive disciplinary discussions with the department attorney, the disciplinary officer, and the department's assistant chief counsel without notifying or consulting with the OIG. During those discussions, the hiring authority changed the disciplinary determinations from those previously made during the initial disciplinary discussions.*

# NORTH REGION

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| **2011-03-30** | **11-1550-IR** | 1.  Neglect of Duty | 1.  Sustained | INITIAL<br>**Salary Reduction** | FINAL<br>**No Change** |

## Incident Summary

On March 30, 2011, two licensed psychiatric technicians allegedly failed to follow department policy when they became aware that an inmate housed in administrative segregation indicated he felt like hurting himself. The inmate later committed suicide.

## Disposition

The hiring authority determined there was sufficient evidence to sustain an allegation of neglect of duty against each licensed psychiatric technician and imposed a 10 percent salary reduction for 24 months against the first licensed psychiatric technician and a 5 percent salary reduction for six months against the second licensed psychiatric technician. The licensed psychiatric technicians each filed an appeal with the State Personnel Board. Based on evidentiary issues including proposed testimony offered during the pre-hearing settlement conference, the department entered into settlement agreements with the licensed psychiatric technicians. The department agreed to remove the disciplinary action from the first licensed psychiatric technician's official personnel file after two years from the effective date of the discipline. The department agreed to reduce the second licensed psychiatric technician's penalty to a 5 percent salary reduction for three months. The OIG found the agreements reasonable under the circumstances.

## Disciplinary Assessment

### Rating: Insufficient

The department failed to comply with policies and procedures governing the disciplinary process. The department delayed in making investigatory findings and penalty determinations. Further, after the findings and penalty determinations, the department took over three months to serve the disciplinary actions.

## Assessment Questions

- Did the HA timely consult with the OIG and department attorney (if applicable), regarding the sufficiency of the investigation and the investigative findings?

  *The Office of Internal Affairs completed its investigation and referred the matter to the hiring authority on November 28, 2011. The hiring authority did not consult with the OIG and the department attorney regarding the sufficiency of the investigation and the investigation findings until December 23, 2011, 25 calendar days after receipt of the case.*

- Did the HA timely consult with the OIG and the department attorney (if applicable) regarding disciplinary determinations prior to making a final decision?

  *The Office of Internal Affairs completed its investigation and referred the matter to the hiring authority on November 28, 2011. The hiring authority did not consult with the OIG and the department attorney regarding disciplinary determinations until December 23, 2011, 25 calendar days after receipt of the case.*

- Did the department attorney provide to the HA and OIG written confirmation of penalty discussions?

  *There was a dispute during the findings conference over the appropriate penalty that was subsequently resolved.  The department attorney did not provide written confirmation of the penalty discussions or outcome of the conference.*

- Was the draft disciplinary action provided to the OIG for review appropriately drafted as described in the DOM?

  *Although the draft disciplinary actions provided to the OIG for review were appropriately drafted, they were unreasonably delayed, not being provided until more than three months following the findings and penalty conference.*

- Was the disciplinary action served on the employee(s) appropriately drafted as described in the DOM?

  *Although the disciplinary actions served on the employees were appropriately drafted, they were unreasonably delayed, not being served for more than three months following the findings and penalty conference.*

- Was the disciplinary phase conducted with due diligence by the department?

  *The hiring authority delayed in making investigatory findings and penalty determinations.  In addition, the department did not serve the disciplinary actions within a reasonable timeframe.*

# NORTH REGION

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-04-07 | 11-1308-IR | 1. Dishonesty<br>2. Insubordination<br>3. Battery on Another Person<br>4. Other Failure of Good Behavior | 1. Sustained<br>2. Sustained<br>3. Sustained<br>4. Not Sustained | Dismissal | No Change |

## Incident Summary

On April 7, 2011, a sergeant allegedly committed sexual battery, oral copulation, and indecent exposure with a minor. The sergeant was subsequently arrested and was allegedly dishonest to outside law enforcement. The sergeant was also allegedly insubordinate during the Office of Internal Affairs investigatory interview.

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegations of dishonesty, insubordination, and battery, and dismissed the sergeant. The hiring authority determined there was insufficient evidence to sustain the allegation of other failure of good behavior. The OIG concurred with the hiring authority's determination. The officer filed an appeal with the State Personnel Board. Subsequently, the officer failed to appear at a pre-hearing settlement conference and his case was dismissed by the State Personnel Board.

## Disciplinary Assessment

**Rating: Sufficient**

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-05-02 | 11-1553-IR | 1. Dishonesty<br>2. Misuse of Authority<br>3. Brandishing a Weapon<br>4. Battery | 1. Sustained<br>2. Sustained<br>3. Sustained<br>4. Sustained | Dismissal | No Change |

## Incident Summary

On May 2, 2011, an officer allegedly brandished an off-duty weapon in a reckless and threatening manner, misused his authority by stating that he was a detective, and battered a private citizen. It was further alleged that the officer was dishonest to outside law enforcement by denying that he displayed a firearm to a hotel manager.

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegations and dismissed the officer. The officer filed an appeal with the State Personnel Board. Following a hearing, the State Personnel Board upheld the dismissal.

## Disciplinary Assessment

**Rating: Sufficient**

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-05-16 | 11-1837-IR | 1. Other Failure of Good Behavior | 1. Sustained | Salary Reduction | No Change |

## Incident Summary

On May 16, 2011, an officer allegedly hit his wife in the face, choked her to the point where she could not breathe, and threatened to kill her while holding her over a second story railing. Further, the officer allegedly broke a mobile phone to prevent his wife from contacting law enforcement.

# NORTH REGION

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegations and imposed a 10 percent salary reduction for 24 months. The officer filed an appeal with the State Personnel Board. At a State Personnel Board pre-hearing settlement conference, the officer offered additional information that was not presented at his *Skelly* hearing. Specifically, he completed an anger management class and reconciled with his family. The hiring authority and the officer entered into a settlement agreement whereby the department reduced the penalty to a 10 percent salary reduction for 15 months and the officer withdrew his appeal. The OIG concurred with the settlement based on the new information provided by the officer.

## Disciplinary Assessment

**Rating: Sufficient**

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| **2011-05-23** | **12-0457-IR** | 1. **Over-Familiarity** <br> 2. **Contraband** | 1. **Sustained** <br> 2. **Not Sustained** | **Dismissal** | **Resignation in Lieu of Termination** |

## Incident Summary

On May 23, 2011, it was alleged a supervising cook was engaged in an overly familiar and sexual relationship with an inmate.

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegations of over-familiarity and served the supervising cook with a notice of dismissal. The hiring authority did not sustain the contraband allegation. Pursuant to a settlement agreement, the supervising cook resigned in lieu of dismissal and agreed to never seek employment with the department in the future. Neither the hiring authority nor the department attorney consulted with OIG before agreeing to the settlement. The OIG did not concur with the settlement agreement because it provided that the disciplinary action would be removed from the employee's personnel file and the settlement agreement did not contain all of the key clauses required by the department's policies and procedures. The OIG could not seek a higher level of review because the settlement agreement was finalized before the OIG received notice of the settlement agreement.

## Disciplinary Assessment

**Rating: Insufficient**

The department failed to comply with policies and procedures governing the disciplinary process because the language in the settlement agreement was inadequate and neither the hiring authority nor the department attorney consulted with the OIG prior to entering into the settlement agreement.

# NORTH REGION

## Assessment Questions

- If there was a settlement agreement, did the settlement agreement include the key clauses required by DOM?

  *The settlement agreement did not include all the required language per the department's policies and procedures.*

- If the case settled, did the department attorney or disciplinary officer properly complete the CDC Form 3021?

  *The department attorney did not complete the CDC Form 3021.*

- Did the HA consult with the OIG and department attorney (if applicable) before modifying the penalty or agreeing to a settlement?

  *The hiring authority did not consult with the OIG before agreeing to a settlement.*

- If the penalty was modified by department action or a settlement agreement, did OIG concur with the modification?

  *The OIG did not concur with the settlement agreement because it provided that the disciplinary action would be removed from the employee's personnel file and the settlement agreement did not contain all of the key clauses required by the department's policies and procedures. OIG could not seek a higher level of review because the settlement agreement was already final at the time OIG received notice of the settlement agreement.*

- Did the department attorney or disciplinary officer cooperate with and provide continual real-time consultation with the OIG throughout the disciplinary phase, until all proceedings were completed, except for those related to a writ?

  *The department attorney did not advise the OIG that an appeal had been filed and did not provide a copy of the appeal and hearing notice until two months after the appeal was filed. The OIG had requested copies of the appeal and hearing notice. The department attorney did not consult with the OIG prior to entering into a settlement agreement.*

- Did the HA cooperate with and provide continual real-time consultation with the OIG throughout the disciplinary phase, until all proceedings were completed, except for those related to a writ?

  *The hiring authority did not consult with the OIG before entering into a settlement agreement.*

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-05-26 | 11-2015-IR | 1. Neglect of Duty | 1. Sustained | Salary Reduction | Letter of Reprimand |

## Incident Summary
On May 26, 2011, an officer allegedly mistakenly opened the wrong cell door thereby allowing two inmates an opportunity to attack three other inmates.

## Disposition
The hiring authority determined there was sufficient evidence to sustain the allegation and imposed a 5 percent salary reduction for two months. The officer filed an appeal with the State Personnel Board. Prior to a State Personnel Board hearing, the department entered into a settlement agreement with the officer and reduced the penalty to a letter of reprimand because the officer acknowledged his mistake and the need to be more careful while opening cell doors. Furthermore, the officer appeared to have corrected his behavior and had not had any further similar incidents. The OIG found the settlement reasonable under the circumstances.

## Disciplinary Assessment                                    Rating: Insufficient
The department failed to comply with policies and procedures governing the disciplinary process. The Office of Internal Affairs failed to make a timely initial determination regarding the case and the hiring authority failed to timely complete the disciplinary process.

# NORTH REGION

## Assessment Questions

- Did OIA Central Intake make a determination regarding the case within 30 calendar days?

  *OIA Central Intake received the request on June 30, 2011; however, OIA Central Intake did not make a determination until August 3, 2011, 34 calendar days after the request.*

- Did the HA timely consult with the OIG and department attorney (if applicable), regarding the sufficiency of the investigation and the investigative findings?

  *The case was returned to the hiring authority on August 5, 2011; however, the consultation with the OIG and department attorney regarding the sufficiency of the investigation and investigative findings did not occur until January 5, 2012, more than five months after the case was returned.*

- Did the HA timely consult with the OIG and the department attorney (if applicable) regarding disciplinary determinations prior to making a final decision?

  *The case was returned to the hiring authority on August 5, 2011; however, the consultation with the OIG and department attorney regarding disciplinary determinations did not occur until January 5, 2012, more than five months after the case was returned.*

- Was the disciplinary phase conducted with due diligence by the department?

  *The case was returned to the hiring authority on August 5, 2011; however, the findings and penalty conference did not occur until January 5, 2012. Furthermore the disciplinary action was not served within 30 days of the decision to take disciplinary action.*

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-06-13 | 11-2222-IR | 1. Neglect of Duty | 1. Sustained | Letter of Reprimand | No Change |

## Incident Summary

On June 13, 2011, it was alleged a control booth officer opened two cell doors simultaneously and failed to ensure that an officer was present on the tier to supervise the inmate movement. It was further alleged a second officer failed to be present on the tier when an inmate was returned to his cell. As a result, another inmate exited the unsecured cell and attempted to commit suicide by tying a sheet to the second tier railing and around his neck.

## Disposition

The hiring authority sustained the allegations of neglect of duty against the first officer and imposed a 5 percent salary reduction for three months. He did not file an appeal with the State Personnel Board. The hiring authority also sustained the allegation of neglect of duty against the second officer and issued a letter of reprimand. The officer initially filed an appeal with the State Personnel Board but later withdrew it.

## Disciplinary Assessment | Rating: **Insufficient**

The department failed to comply with policies and procedures governing the disciplinary process. The hiring authority failed to timely consult with the OIG regarding the investigative findings and disciplinary determinations. The hiring authority also failed to provide continual real-time consultation with the OIG.

# NORTH REGION

## Assessment Questions

- Was the matter referred to the OIA as soon as reasonably practical, within 45 calendar days of the date of discovery?

  *The date of discovery was June 23, 2011; however, the hiring authority did not refer the matter to the Office of Internal Affairs until August 4, 2011, 53 days later.*

- Did the disciplinary officer make an entry into CMS prior to the findings conference accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The disciplinary officer did not make any entries into CMS confirming any of the dates.*

- Did the HA timely consult with the OIG and department attorney (if applicable), regarding the sufficiency of the investigation and the investigative findings?

  *OIA Central Intake referred the matter back to the hiring authority for disciplinary action on September 2, 2011. The hiring authority did not consult with the OIG regarding the sufficiency of the investigation and the investigative findings until May 16, 2012, more than eight months after receipt of the case.*

- Did the HA timely consult with the OIG and the department attorney (if applicable) regarding disciplinary determinations prior to making a final decision?

  *OIA Central Intake referred the matter back to the hiring authority for disciplinary action on September 2, 2011. The hiring authority did not consult with the OIG regarding disciplinary determinations until May 16, 2012, more than eight months after receipt of the case.*

- Did the department attorney or disciplinary officer cooperate with and provide continual real-time consultation with the OIG throughout the disciplinary phase, until all proceedings were completed, except for those related to a writ?

  *The disciplinary officer did not provide real-time consultation with OIG throughout the disciplinary phase. The disciplinary officer did not advise OIG that the State Personnel Board hearing had been cancelled and the OIG appeared at the cancelled hearing.*

- Was the disciplinary phase conducted with due diligence by the department?

  *The department failed to conduct the investigative findings and disciplinary determinations in a timely manner.*

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| **2011-06-27** | **11-2612-IR** | 1. **Misuse of State Equipment or Property** | 1. Not Sustained | **Letter of Instruction** | **No Change** |

### Incident Summary

Between June 27, 2011, and July 27, 2011, a youth counselor allegedly misused his state computer by accessing various websites to view nude images of women.

### Disposition

The hiring authority determined there was insufficient evidence to sustain the allegations and the OIG concurred. However, the hiring authority issued a letter of instruction.

### Disciplinary Assessment | Rating: **Insufficient**

The department failed to comply with policies and procedures governing the disciplinary process. OIA Central Intake failed to properly identify the need for investigation. As a result, the hiring authority could not sustain the allegations. In addition, the hiring authority failed to timely conduct the investigative determinations.

# NORTH REGION

## Assessment Questions

- If the case was submitted to OIA Central Intake or to the Chief of OIA for reconsideration, was an appropriate decision made regarding the request?

  *The hiring authority requested reconsideration twice because the department attorney recommended an interview of the youth counselor to obtain additional information necessary to properly determine the allegations. The OIG agreed. However, OIA Central Intake denied both requests and referred the case back to the hiring authority to take action without any investigation. Due to the lack of investigation, the allegations could not be sustained.*

- Did the HA timely consult with the OIG and department attorney (if applicable), regarding the sufficiency of the investigation and the investigative findings?

  *The case was initially returned to the hiring authority on October 19, 2011. The hiring authority did not contact either the department attorney or the OIG regarding the sufficiency of the investigation. However, the department attorney requested reconsideration, which OIA Central Intake denied. OIA Central Intake returned the case to the hiring authority on March 7, 2012. Thereafter, although the hiring authority consulted with the department attorney regarding the sufficiency of the investigation, the hiring authority did not consult with the OIG. OIA Central Intake again denied the second request for reconsideration, and returned the case to the hiring authority the final time on June 6, 2012. The consultation with both the OIG and department attorney regarding the sufficiency of the investigation and the investigative findings took place on June 13, 2012, more than eight months after the case was first returned to the hiring authority.*

- Was the disciplinary phase conducted with due diligence by the department?

  *The hiring authority delayed in conducting the consultation regarding the investigative findings for over eight months.*

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| **2011-06-27** | **11-3037-IR** | 1. **Failure to Report**<br>2. **Unreasonable Use of Force**<br>3. **Neglect of Duty** | 1. **Not Sustained**<br>2. **Not Sustained**<br>3. **Not Sustained** | **No Penalty Imposed** | **No Change** |

## Incident Summary

On June 27, 2011, an officer allegedly used unnecessary force on an inmate by throwing the inmate to the ground and hitting him four times with his hand. Another officer allegedly observed and failed to report the use of force. It was further alleged the officers caused, or contributed to, the situation necessitating the use of force by attempting to force the inmate into a cell after the inmate allegedly expressed concerns for his personal safety.

## Disposition

The hiring authority determined there was insufficient evidence to sustain the allegations. The OIG concurred.

## Disciplinary Assessment                                    Rating: **Insufficient**

The department failed to comply with policies and procedures. The hiring authority failed to timely consult with the OIG and department attorney regarding the investigative findings. Further, the hiring authority and the department attorney found the investigation sufficient even though the investigation failed to gather information to sufficiently confirm or dispel allegations that the officers caused, or contributed to, the situation that necessitated the use of force. Prior to conducting the findings conference, the hiring authority gathered additional information and an appropriate decision was made.

# NORTH REGION

## Assessment Questions

- Did the HA timely consult with the OIG and department attorney (if applicable), regarding the sufficiency of the investigation and the investigative findings?

  *The Office of Internal Affairs completed its investigation and referred the matter to the hiring authority on May 22, 2012. The hiring authority did not consult with the OIG and department attorney regarding the sufficiency of the investigation and the investigative findings until July 6, 2012, 45 calendar days after receipt of the case.*

- Did the HA properly deem the OIA investigation sufficient or insufficient?

  *The hiring authority deemed the investigation sufficient. However, the investigation failed to gather information to sufficiently confirm or dispel allegations that the officers caused, or contributed to, the situation that necessitated the use of force. Amidst allegations that officers at this institution were setting up inmates with sex crimes convictions to be assaulted by other inmates, the investigation failed to address whether the inmate who had expressed concerns for his safety was a sex offender, whether his potential cellmate had a history of assaultive behavior, or whether there were policies and procedures governing inmate cell moves when an inmate has expressed safety concerns. Prior to conducting the finding conference, the hiring authority gathered certain information pertaining to the inmate who expressed concerns.*

- Did the VA provide appropriate legal consultation to the HA regarding the sufficiency of the investigation and investigative findings?

  *The department attorney recommended the hiring authority find the investigation sufficient. However, the investigation failed to gather information to sufficiently confirm or dispel allegations that the officers caused, or contributed to, the situation that necessitated the use of force. Amidst allegations that officers at this institution were setting up inmates with sex crimes convictions to be assaulted by other inmates, the investigation failed to address whether the inmate who had expressed concerns for his safety was a sex offender, whether his potential cellmate had a history of assaultive behavior, or whether there were policies and procedures governing inmate cell moves when an inmate has expressed safety concerns. During the course of the investigation the OIG recommended the special agent address these facts, but the department attorney advised that the information exceeded the scope of the allegations, and therefore did not need to be addressed by the special agent.*

- Was the disciplinary phase conducted with due diligence by the department?

  *The department failed to conduct the investigative findings in a timely manner.*

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| **2011-07-05** | **12-0365-IR** | 1.  Discourteous Treatment | 1.  Sustained | **Demotion** | **Resignation** |

## Incident Summary

On July 5, 2011, an executive assistant allegedly sent a text message using her personal mobile phone to an office technician indicating that the warden had told her she could keep her job if she would have sexual relations with him. When the office technician told the executive assistant that the information had to be reported, the executive assistant indicated if the office technician reported it, she would deny that she ever said it. The office technician reported the allegation to a lieutenant. The institution forwarded the information to the Office of Civil Rights for an investigation. The executive assistant later recanted her statement and requested that the complaint filed with the Office of Civil Rights be withdrawn. The Office of Civil Rights declined to conduct an investigation based upon the executive assistant's representation that the warden did not make the statement. An investigation was conducted by the Office of Internal Affairs to ascertain if the warden made such a statement to the executive assistant or whether the executive assistant made a false and derogatory statement about the warden.

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegation of discourteous treatment against the executive assistant and determined demotion was the appropriate penalty. However, the executive assistant resigned before disciplinary action took effect. A letter indicating the executive assistant resigned pending disciplinary action was placed in her official personnel file. The hiring authority determined that the investigation conclusively proved the warden did not commit misconduct. The OIG concurred.

# NORTH REGION

| Disciplinary Assessment | Rating: Insufficient |
|---|---|

The department failed to comply with policies and procedures governing the disciplinary process. The hiring authority failed to timely consult with the OIG and department attorney regarding the sufficiency of the investigation, the investigative findings, and disciplinary determinations. The hiring authority improperly deemed the investigation sufficient against the recommendation of the department attorney and the OIG. In addition, the hiring authority failed to inform the OIG that the executive assistant resigned during the disciplinary process.

## Assessment Questions

- Did the HA timely consult with the OIG and department attorney (if applicable), regarding the sufficiency of the investigation and the investigative findings?

  *The Office of Internal Affairs completed its investigation and referred the matter to the hiring authority on May 7, 2012. The hiring authority did not consult with the OIG and the department attorney regarding the sufficiency of the investigation and the investigative findings until June 13, 2012, 37 calendar days after receipt of the case.*

- Did the HA properly deem the OIA investigation sufficient or insufficient?

  *The hiring authority improperly deemed the investigation sufficient. During the investigation, it was learned that two other department staff may have been notified by the executive assistant that the warden allegedly told her she could keep her job if she had sexual relations with him. Whether additional department staff were notified of the alleged misconduct is unknown because the Office of Internal Affairs refused to interview an associate warden and a captain. Both the department attorney and OIG believed the investigation was insufficient without the associate warden and captain being interviewed. It is particularly troubling that the department refused to investigate whether these two high-level staff members failed to report alleged misconduct, in particular possible sexual discrimination.*

- Did the HA properly determine if additional investigation was necessary?

  *The hiring authority improperly determined that additional investigation was not necessary. During the investigation, it was learned that two other department staff may have been notified by the executive assistant that the warden allegedly told her she could keep her job if she had sexual relations with him. It is unknown if this communication occurred because the Office of Internal Affairs refused to interview an associate warden and a captain. It is also unknown if the associate warden and captain complied with department policy, which requires the reporting of such misconduct. Both the OIG and the department attorney believed additional investigation was necessary and recommended to the hiring authority that the investigation be deemed insufficient.*

- Did the HA timely consult with the OIG and the department attorney (if applicable) regarding disciplinary determinations prior to making a final decision?

  *The Office of Internal Affairs completed its investigation and referred the matter to the hiring authority on May 7, 2012. The hiring authority did not consult with the OIG and the department attorney regarding the disciplinary determinations until June 13, 2012, 37 calendar days after receipt of the case.*

- Did the department attorney provide to the HA and OIG written confirmation of penalty discussions?

  *The department attorney did not provide written confirmation of the penalty discussions to the hiring authority or OIG.*

- Did the HA cooperate with and provide continual real-time consultation with the OIG throughout the disciplinary phase, until all proceedings were completed, except for those related to a writ?

  *The hiring authority failed to inform the OIG of a significant development. The executive assistant submitted a resignation on June 26, 2012, but the OIG was not informed until August 2, 2012, after the OIG asked the department attorney about the status of the case.*

- Was the disciplinary phase conducted with due diligence by the department?

  *The department failed to conduct the investigative findings and disciplinary determinations in a timely manner.*

# NORTH REGION

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| **2011-07-29** | **11-2306-IR** | 1. **Dishonesty**<br>2. **Other Failure of Good Behavior** | 1. **Sustained**<br>2. **Sustained** | **Dismissal** | **Suspension** |

## Incident Summary

On July 29, 2011, a sergeant was arrested for indecent exposure. The sergeant was allegedly masturbating while sitting in his car parked in a driveway. He was observed by a citizen who notified outside law enforcement. When questioned by a responding law enforcement officer, the sergeant allegedly was dishonest when he claimed that he was applying medication to his penis.

## Disposition

The hiring authority sustained the allegations and determined that dismissal was the appropriate penalty. The department attorney recommended a penalty of demotion and the OIG concurred in this recommendation. However, the penalty of dismissal was not unreasonable based upon the sergeant's prior discipline in other cases. The sergeant filed an appeal with the State Personnel Board and a settlement agreement was reached with a penalty of a 90 working-day suspension and a disciplinary probationary period of one year. The OIG concurred with the settlement agreement because the required witnesses were a long distance away, the administrative law judge had stated that she would not uphold a dismissal if she were the trial judge, and the back pay award would have been large.

## Disciplinary Assessment

**Rating: Insufficient**

The department failed to comply with policies and procedures governing the disciplinary process. The hiring authority failed to timely conduct the investigative findings and disciplinary determinations, and failed to provide the OIG with a draft of the pre-hearing settlement conference statement prior to filing.

## Assessment Questions

- Did the HA timely consult with the OIG and department attorney (if applicable), regarding the sufficiency of the investigation and the investigative findings?

  *The case was returned to the hiring authority on January 26, 2012; however, the hiring authority did not consult with the OIG and department attorney regarding the sufficiency of the investigation and the investigative findings until April 13, 2012, 78 calendar days after receipt of the case.*

- Did the HA timely consult with the OIG and the department attorney (if applicable) regarding disciplinary determinations prior to making a final decision?

  *The case was returned to the hiring authority on January 26, 2012; however, the hiring authority did not consult with the OIG and department attorney regarding the disciplinary determinations until April 13, 2012, 78 calendar days after receipt of the case.*

- Was the OIG provided with a draft of the pre-hearing/settlement conference statement prior to it being filed?

  *The OIG was not provided with a draft of the pre-hearing settlement conference statement prior to it being filed.*

- If the case settled, did the department attorney or disciplinary officer properly complete the CDC Form 3021?

  *The department attorney did not complete the CDC Form 3021.*

- Was the disciplinary phase conducted with due diligence by the department?

  *The department failed to conduct the investigative findings and disciplinary determinations in a timely manner.*

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| **2011-08-11** | **11-2464-IR** | 1. **Neglect of Duty** | 1. **Sustained** | **Salary Reduction** | **No Change** |

## Incident Summary

On August 11, 2011, an officer allegedly violated the security housing unit's post orders when he opened a cell door while an inmate was on the tier so that one inmate could pass a package to another inmate. The two inmates assaulted each other, necessitating the use of less-lethal force to subdue the inmates.

# NORTH REGION

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegations and imposed a 5 percent salary reduction for 18 months. The officer filed an appeal with the State Personnel Board. Prior to State Personnel Board proceedings, the department entered into a settlement agreement with the officer whereby the penalty was reduced to a 5 percent salary reduction for 13 months because the officer acknowledged that his actions violated policy and that he should have been more attentive. Furthermore, the officer presented additional information at a *Skelly* hearing which mitigated his misconduct. The officer agreed to withdraw his appeal. The OIG found the settlement reasonable under the circumstances.

## Disciplinary Assessment | Rating: **Insufficient**

The department failed to conduct the findings and penalty conference in a timely manner. Additionally, the department failed to serve the officer with the disciplinary action within 30 days of the decision to take disciplinary action. The department attorney failed to timely assess relevant dates and failed to provide written confirmation of the penalty discussions.

## Assessment Questions

- Within 21 calendar days, did the department attorney make an entry into CMS accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The department attorney was assigned the case on October 21, 2011. He made an entry into CMS accurately confirming the date of the reported incident, the date of discovery, and the deadline for taking disciplinary action on December 16, 2011, 56 calendar days after assignment.*

- Did the HA timely consult with the OIG and department attorney (if applicable), regarding the sufficiency of the investigation and the investigative findings?

  *The case was returned to the hiring authority on September 30, 2011; however, the consultation with the OIG and department attorney regarding the sufficiency of the investigation and the investigative findings did not occur until February 15, 2012, more than 19 weeks after the case was returned.*

- Did the HA timely consult with the OIG and the department attorney (if applicable) regarding disciplinary determinations prior to making a final decision?

  *The case was returned to the hiring authority on September 30, 2011; however, the consultation with the OIG and department attorney regarding disciplinary determinations did not occur until February 15, 2012, more than 19 weeks after the case was returned.*

- Did the department attorney provide to the HA and OIG written confirmation of penalty discussions?

  *The department attorney did not provide to the hiring authority or OIG written confirmation of penalty discussions.*

- Was the draft disciplinary action provided to the OIG for review appropriately drafted as described in the DOM?

  *The draft disciplinary action was not appropriately drafted because the officer was not served within 30 days of the decision to take disciplinary action. The decision to take disciplinary action was made on February 15, 2012; however, the officer was not served the action until April 4, 2012, 48 days after the decision.*

- Was the disciplinary action served on the employee(s) appropriately drafted as described in the DOM?

  *The disciplinary action was not appropriately drafted because the officer was not served within 30 days of the decision to take disciplinary action. The decision to take disciplinary action was made on February 15, 2012; however, the officer was not served the action until April 4, 2012, 48 days after the decision.*

- Was the disciplinary phase conducted with due diligence by the department?

  *The case was returned to the hiring authority on September 30, 2011; however, the findings and penalty conference did not occur until February 15, 2012, more than 19 weeks after the case was returned.*

# NORTH REGION

| Incident Date | OIG Case Number | Allegations | Findings | Penalty |
|---|---|---|---|---|
| 2011-08-15 | 11-2559-IR | 1. **Other Failure of Good Behavior**<br>2. **Making Threats/Intimidation**<br>3. **Dishonesty** | 1. **Sustained**<br>2. **Sustained**<br>3. **Not Sustained** | INITIAL **Salary Reduction**   FINAL **No Change** |

## Incident Summary

It was alleged that on August 15, 2011, during a domestic dispute an off-duty officer grabbed his ex-girlfriend, who was also an officer, by the arm and threw her to the ground. Additionally, it was alleged that the officer vandalized his ex-girlfriend's vehicle, threatened her and her boyfriend, grabbed and threw her necklace, and made false statements to the police during an investigation into the incident.

## Disposition

The hiring authority sustained the allegations of domestic violence, threats, and vandalism, but determined there was insufficient evidence to sustain the dishonesty allegation. The hiring authority imposed a 10 percent salary reduction for 24 months. However, following a *Skelly* hearing, the hiring authority agreed to reduce the penalty to a 10 percent salary reduction for 18 months and the officer agreed not to file an appeal with the State Personnel Board. The OIG found the agreement to be reasonable because the ex-girl friend recanted her statement and provided new information that undermined her credibility.

## Disciplinary Assessment

**Rating: Sufficient**

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty |
|---|---|---|---|---|
| 2011-08-20 | 11-2895-IR | 1. **Neglect of Duty** | 1. **Sustained** | INITIAL **Letter of Reprimand**   FINAL **No Change** |

## Incident Summary

On August 20, 2011, an officer allegedly opened the wrong cell door during exercise yard recall thereby allowing the returning inmate access to another inmate's cell. The two inmates started fighting, necessitating the use of less-lethal force to control the inmates. Additionally, on August 26, 2011, the officer allegedly failed to secure the door to the exercise yard. He quickly realized his error and secured the door without incident.

## Disposition

The hiring authority sustained the allegations and served the officer with a letter of reprimand. The officer did not file an appeal with the State Personnel Board.

## Disciplinary Assessment

**Rating: Insufficient**

The department failed to comply with policies and procedures governing the disciplinary process. The hiring authority failed to refer the matter to the Office of Internal Affairs in a timely manner and failed to complete the disciplinary process in a timely manner. In addition, the department attorney failed to properly document assessment of the relevant deadlines.

# NORTH REGION

## Assessment Questions

- Was the matter referred to the OIA as soon as reasonably practical, within 45 calendar days of the date of discovery?

  *The date of discovery was August 20, 2011; however, the matter was not referred to the Office of Internal Affairs until November 7, 2011, 79 days after the date of discovery.*

- Within 21 calendar days, did the department attorney make an entry into CMS accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The department attorney did not make any entry into CMS accurately confirming the date of the reported incident, the date of discovery, or the deadline for taking disciplinary action.*

- Did the HA timely consult with the OIG and department attorney (if applicable), regarding the sufficiency of the investigation and the investigative findings?

  *The case was returned to the hiring authority on December 2, 2011. The consultation with the OIG and department attorney regarding the sufficiency of the investigation and the investigative findings did not occur until July 19, 2012, a delay of over seven months.*

- Did the HA timely consult with the OIG and the department attorney (if applicable) regarding disciplinary determinations prior to making a final decision?

  *The case was returned to the hiring authority on December 2, 2011. The consultation with the OIG and department attorney regarding disciplinary determinations did not occur until July 19, 2012, a delay of over seven months.*

- Was the disciplinary phase conducted with due diligence by the department?

  *The case was returned to the hiring authority on December 2, 2011; however, the findings and penalty conference did not occur until July 19, 2012, a delay of over seven months.*

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| 2011-08-21 | 11-2737-IR | 1. Discourteous Treatment<br>2. Failure to Report<br>3. Unreasonable Use of Force | 1. Sustained<br>2. Not Sustained<br>3. Not Sustained | INITIAL<br>Letter of Reprimand | FINAL<br>No Change |

## Incident Summary

On August 21, 2011, an officer allegedly took an inmate's identification card from an inmate, bent it, and threw it on the ground in retaliation for the inmate disrespecting the officer. When the inmate bent over to pick up his identification card, the officer allegedly kicked the card away from the inmate, and then kicked the inmate in the back. It was further alleged the officer did not report the incident or his use of force. Three other officers allegedly witnessed the incident but failed to report it.

## Disposition

The hiring authority sustained the allegation that one officer threw the inmate's identification card to the ground and kicked it, and served the officer with a letter of reprimand. The hiring authority did not sustain the allegations that the same officer used, and failed to report, his use of force. He did not file an appeal with the State Personnel Board. Allegations that the three other officers failed to report the incident were not sustained.

## Disciplinary Assessment

Rating: **Sufficient**

Overall, the department sufficiently complied with policies and procedures.

# NORTH REGION

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| 2011-08-30 | 11-2561-IR | 1. **Insubordination**<br>2. **Neglect of Duty** | 1. **Sustained**<br>2. **Sustained** | INITIAL<br>**Salary Reduction** | FINAL<br>**No Change** |

### Incident Summary

On August 30, 2011, when returning an inmate to his shared cell, it was alleged that an officer neglected to place the other inmate in handcuffs as required by departmental policy, thereby failing to notice the unresponsive inmate was dead.

### Disposition

The hiring authority determined there was sufficient evidence to sustain the allegations and imposed a 10 percent salary reduction for three months. The officer did not file an appeal with the State Personnel Board.

### Disciplinary Assessment

**Rating: Insufficient**

The department failed to comply with policies and procedures governing the disciplinary process. The hiring authority failed to timely conduct the disciplinary determinations.

### Assessment Questions

- Did the disciplinary officer make an entry into CMS prior to the findings conference accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The disciplinary officer did not make any entry into CMS confirming relevant dates.*

- Did the HA timely consult with the OIG and department attorney (if applicable), regarding the sufficiency of the investigation and the investigative findings?

  *The case was returned to the hiring authority on October 14, 2011; however, the consultation with the OIG regarding the disciplinary determinations did not occur until July 16, 2012, nine months after receipt of the case.*

- Did the HA timely consult with the OIG and the department attorney (if applicable) regarding disciplinary determinations prior to making a final decision?

  *The case was returned to the hiring authority on October 14, 2011; however, the consultation with the OIG regarding the disciplinary determinations did not occur until July 16, 2012, nine months after receipt of the case.*

- Was the disciplinary phase conducted with due diligence by the department?

  *The department failed to conduct the disciplinary determinations in a timely manner.*

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| 2011-09-02 | 11-2804-IR | 1. **Neglect of Duty**<br>2. **Over-Familiarity** | 1. **Sustained**<br>2. **Not Sustained** | INITIAL<br>**Letter of Instruction** | FINAL<br>**No Change** |

### Incident Summary

On September 2, 2011, an associate warden allegedly signed a document prepared by an inmate granting the inmate visiting privileges that were against departmental policy. An office technician was allegedly overly familiar with the inmate when she took the document from the inmate and delivered it to the associate warden's residence for signature.

### Disposition

The hiring authority sustained the allegation against the associate warden. However, he retired prior to the completion of the investigation; therefore, disciplinary action was not taken. A letter indicating the associate warden retired under adverse circumstances was placed in his official personnel file. The hiring authority determined there was insufficient evidence to sustain the allegation of over-familiarity against the office technician but did sustain an allegation of neglect of duty and issued a letter of instruction.

### Disciplinary Assessment

**Rating: Insufficient**

The department failed to comply with policies and procedures governing the disciplinary process. The hiring authority failed to timely conduct the investigative findings and disciplinary determinations.

# NORTH REGION

## Assessment Questions

- Did the HA timely consult with the OIG and department attorney (if applicable), regarding the sufficiency of the investigation and the investigative findings?

  *The Office of Internal Affairs completed its investigation and referred the matter to the hiring authority on April 27, 2012. The hiring authority did not consult with the OIG and department attorney regarding the sufficiency of the investigation and the investigative findings until July 6, 2012, 70 calendar days after the investigation was completed.*

- Did the HA timely consult with the OIG and the department attorney (if applicable) regarding disciplinary determinations prior to making a final decision?

  *The Office of Internal Affairs completed its investigation and referred the matter to the hiring authority on April 27, 2012. The hiring authority did not consult with the OIG and department attorney regarding disciplinary determinations until July 6, 2012, 70 calendar days after the investigation was completed.*

- Did the department attorney provide to the HA and OIG written confirmation of penalty discussions?

  *The department attorney did not provide the hiring authority or the OIG written confirmation of the penalty discussion.*

- Was the disciplinary phase conducted with due diligence by the department?

  *The department failed to conduct the investigative findings and disciplinary determinations in a timely manner.*

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| **2011-10-05** | **11-2851-IR** | 1. **Other Failure of Good Behavior**<br>2. **Discourteous Treatment**<br>3. **Domestic Violence** | 1. **Sustained**<br>2. **Sustained**<br>3. **Not Sustained** | INITIAL<br>**Salary Reduction** | FINAL<br>**No Change** |

## Incident Summary

On October 5, 2011, it was alleged that an officer battered his wife while on vacation in Las Vegas, resulting in his arrest.

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegations that the officer did not exhibit good behavior and brought discredit to the department and imposed a 5 percent salary reduction for three months. However, the hiring authority determined there was insufficient evidence to sustain the allegation of domestic violence. The officer filed an appeal with the State Personnel Board. The department entered into a settlement agreement with the officer wherein the hiring authority agreed to remove the disciplinary action from his official personnel file within one year and the officer withdrew his appeal. There was no reduction in the penalty. The OIG concurred with the settlement because the settlement agreement provided that the disciplinary action could still be used to show progressive discipline in any future disciplinary actions and the penalty was not reduced.

## Disciplinary Assessment

Rating: **Insufficient**

The department failed to comply with policies and procedures governing the disciplinary process. Most notably, the hiring authority failed to timely conduct the investigative findings and disciplinary determinations.

# NORTH REGION

## Assessment Questions

- Did OIA Central Intake make a determination regarding the case within 30 calendar days?

  *OIA Central Intake received the request for investigation on October 19, 2011, but did not take action until November 23, 2011, 35 days after receipt of the request.*

- Did the disciplinary officer make an entry into CMS prior to the findings conference accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The disciplinary officer did not make any entry into CMS confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, or any exceptions to the deadline.*

- Did the HA timely consult with the OIG and department attorney (if applicable), regarding the sufficiency of the investigation and the investigative findings?

  *The case was returned to the hiring authority on November 23, 2011; however, the consultation with the OIG and department attorney regarding the sufficiency of the investigation and the investigative findings did not occur until August 1, 2012, more than eight months after receipt of the case.*

- Did the HA timely consult with the OIG and the department attorney (if applicable) regarding disciplinary determinations prior to making a final decision?

  *The case was returned to the hiring authority on November 23, 2011; however, the consultation with OIG and department attorney regarding the disciplinary determinations did not occur until August 1, 2012, more than eight months after receipt of the case.*

- Did the department attorney or disciplinary officer provide the OIG with a copy of the draft disciplinary action and consult with the OIG?

  *The disciplinary officer did not provide the OIG with a copy of the draft disciplinary action and did not consult with the OIG.*

- If the case settled, did the department attorney or disciplinary officer properly complete the CDC Form 3021?

  *The disciplinary officer did not complete the CDC Form 3021.*

- Was the disciplinary phase conducted with due diligence by the department?

  *The hiring authority failed to conduct the investigative findings and disciplinary determinations in a timely manner.*

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-11-05 | 12-0666-IR | 1. **Failure to Report** <br> 2. **Unreasonable Use of Force** <br> 3. **Neglect of Duty** | 1. **Not Sustained** <br> 2. **Not Sustained** <br> 3. **Not Sustained** | **No Penalty Imposed** | **No Change** |

### Incident Summary

On November 5, 2011, a youth counselor allegedly used unnecessary force on a ward by forcibly closing a door on the ward's foot and pushing the ward backwards into his room. It was further alleged the youth counselor failed to document and report the use of force, failed to activate his personal alarm during the incident, and failed to provide the ward with the required medical evaluation as soon as practical following the incident.

### Disposition

The hiring authority determined there was insufficient evidence to sustain the allegations. The OIG concurred with the hiring authority's determination.

### Disciplinary Assessment

Rating: **Sufficient**

Overall, the department sufficiently complied with policies and procedures.

# NORTH REGION

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2012-01-11 | 12-0867-IR | 1. Contraband<br>2. Over-Familiarity<br>3. Other Failure of Good Behavior<br>4. Controlled Substances - Use or Possession on Duty<br>5. Controlled Substances - Possession | 1. Sustained<br>2. Sustained<br>3. Sustained<br>4. Sustained<br>5. Sustained | Dismissal | No Change |

## Incident Summary
It was alleged on January 11, 2012, a supervising cook was communicating by mobile phone with a minor for the purpose of selling and distributing marijuana to minors on a school campus. It was further alleged on January 14, 2012, the supervising cook was in possession of a marijuana smoking pipe on institution grounds and was bringing mobile phones, tobacco, and other contraband items into the institution for inmates for personal gain. It was also alleged that on March 23, 2012, the supervising cook was in possession of methamphetamine residue on institution grounds and provided marijuana laced brownies to a child for distribution to other children.

## Disposition
The hiring authority sustained the allegations and served the supervising cook with a notice of dismissal. The supervising cook did not file an appeal with the State Personnel Board.

## Disciplinary Assessment
**Rating:** Sufficient

The department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2012-02-16 | 12-1467-IR | 1. Unreasonable Use of Force | 1. Not Sustained | No Penalty Imposed | No Change |

## Incident Summary
On February 16, 2012, it was alleged that an officer used unreasonable force when he pushed an inmate against a wall.

## Disposition
The hiring authority determined there was insufficient evidence to sustain the allegation. The OIG concurred with the hiring authority's determination.

## Disciplinary Assessment
**Rating:** Sufficient

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2012-02-24 | 12-1439-IR | 1. Unreasonable Use of Force<br>2. Neglect of Duty | 1. Sustained<br>2. Sustained | Letter of Reprimand | No Penalty Imposed |

## Incident Summary
On February 24, 2012, an officer allegedly entered a dayroom where inmates were fighting before waiting for assistance. In addition, the officer allegedly used unreasonable force when he punched one of the inmates in the face.

# NORTH REGION

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegations and served the officer with a letter of reprimand. The officer filed an appeal with the State Personnel Board. Following a hearing, the State Personnel Board revoked the letter of reprimand. The administrative law judge agreed the officer had an obligation to sound his alarm, but the delay did not amount to gross negligence. Additionally, the administrative law judge determined the one strike to the inmate's face ended the conflict and was objectively reasonable to gain compliance with a lawful order.

## Disciplinary Assessment

Overall, the department sufficiently complied with policies and procedures.

**Rating: Sufficient**

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2012-03-01 | 12-0825-IR | 1. Neglect of Duty<br>2. Discourteous Treatment | 1. Sustained<br>2. Sustained | Salary Reduction | No Change |

### Incident Summary

On March 1, 2012, an officer allegedly opened two cell doors and released four inmates that were on a modified program order requiring them to be kept apart. The inmates returned to their cells without incident. A sergeant reported the incident to a lieutenant but allegedly no further action was taken. On March 5, 2012, the sergeant mentioned the incident to a captain who later questioned the lieutenant about his failure to document the event. The lieutenant then allegedly confronted the sergeant and accused him of "dry snitching" for reporting the incident to the captain.

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegation against the officer and issued a counseling memorandum that was placed in the officer's supervisory file. The hiring authority also determined there was sufficient evidence to sustain the allegations against the lieutenant and imposed a 5 percent salary reduction for three months. The lieutenant filed an appeal with the State Personnel Board. Prior to the State Personnel Board proceedings, the department entered into a settlement agreement with the lieutenant wherein a cause of action for neglect of duty was stricken and the hiring authority agreed to remove the action from the lieutenant's official personnel file after 18 months. The lieutenant agreed to withdraw his appeal. The OIG found the settlement reasonable because the penalty remained unchanged, the modifications were minimal, and the agreement was consistent with principles of progressive discipline.

## Disciplinary Assessment

Overall, the department sufficiently complied with policies and procedures.

**Rating: Sufficient**

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2012-03-06 | 12-0980-IR | 1. Neglect of Duty | 1. Sustained | Salary Reduction | Letter of Reprimand |

### Incident Summary

On March 6, 2012, a sergeant allegedly left an inmate in an outdoor holding cell for over two hours in cold weather. A lieutenant ordered the inmate to be moved to an indoor holding cell and instructed the sergeant to return the inmate to his assigned cell. However, the inmate remained in the holding cell for approximately one and one-quarter of an hour more before being returned to his cell. When the sergeant was asked if he was going to complete a rules violation report against the inmate for the disruptive conduct that resulted in the inmate being initially placed in a holding cell, he allegedly responded that being out in the cold was punishment enough.

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegation and imposed a 5 percent salary reduction for 12 months. However, pursuant to a settlement agreement, the penalty was modified to an official letter of reprimand which the department agreed to remove from the sergeant's official personnel file after two years. The OIG did not concur with the settlement; however, the terms of the settlement did not merit a higher level of review.

## Disciplinary Assessment

Overall, the department sufficiently complied with policies and procedures.

**Rating: Sufficient**

# NORTH REGION

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2012-03-06 | 12-1032-IR | 1. **Unreasonable Use of Force** | 1. Sustained | **Letter of Reprimand** | **Letter of Instruction** |

## Incident Summary

On March 6, 2012, a sergeant allegedly used unreasonable force when he sprayed an inmate with pepper spray after the inmate refused to remove his shoes during an unclothed body search. The inmate was secured in his cell at the time and posed no immediate risk to himself or others. The sergeant allegedly failed to follow security protocols by using immediate force rather than utilizing calculated force.

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegation against the sergeant and issued him a letter of reprimand. However, following a *Skelly* hearing, the hiring authority agreed to reduce the penalty to a letter of instruction. The OIG found the penalty modification to be reasonable because the sergeant accepted responsibility and expressed remorse at the *Skelly* hearing.

## Disciplinary Assessment                          Rating: **Insufficient**

The hiring authority failed to comply with policies and procedures governing the disciplinary process. The hiring authority failed to conduct the investigative findings and disciplinary determinations in a timely manner, and failed to notify the OIG of the date of the *Skelly* hearing.

## Assessment Questions

- Did the disciplinary officer make an entry into CMS prior to the findings conference accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The disciplinary officer did not make any entry into CMS confirming relevant dates.*

- Did the HA timely consult with the OIG and department attorney (if applicable), regarding the sufficiency of the investigation and the investigative findings?

  *The case was returned to the hiring authority on May 9, 2012; however, the consultation with the OIG regarding the sufficiency of the investigation and the investigative findings did not occur until August 14, 2012, 97 calendar days after receipt of the case.*

- Did the HA timely consult with the OIG and the department attorney (if applicable) regarding disciplinary determinations prior to making a final decision?

  *The case was returned to the hiring authority on May 9, 2012; however, the consultation with the OIG regarding the disciplinary determinations did not occur until August 14, 2012, 97 calendar days after receipt of the case.*

- If there was a Skelly hearing, was it conducted pursuant to DOM?

  *The hiring authority convened the Skelly hearing without notifying the OIG of the hearing date.*

- Was the disciplinary phase conducted with due diligence by the department?

  *The hiring authority failed to conduct the investigative findings and disciplinary determinations in a timely manner.*

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2012-03-28 | 12-1175-IR | 1. **Neglect of Duty** | 1. Sustained | **Letter of Reprimand** | **Letter of Instruction** |

## Incident Summary

On March 28, 2012, it was alleged an officer failed to review an inmate's central file causing the inmate to be re-housed in a facility where there were documented safety concerns. The inmate was not harmed.

# NORTH REGION

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegations and issued a letter of reprimand. However, following a *Skelly* hearing, the hiring authority withdrew the letter of reprimand and instead issued a letter of instruction after considering mitigating factors raised by the officer. The factors included the fact that the misconduct was unintentional, the officer accepted responsibility for his actions, and he was remorseful. The OIG concurred with the decision to modify the penalty in light of the newly raised mitigating factors and the misconduct is not likely to reoccur.

## Disciplinary Assessment

Rating: **Sufficient**

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2012-04-22 | 12-1632-IR | 1. Discourteous Treatment | 1. Sustained | Salary Reduction | No Change |

### Incident Summary

On April 22, 2012, an off-duty officer allegedly struck his wife several times and grabbed his daughter's hair, dragging her.

### Disposition

The hiring authority determined there was sufficient evidence to sustain the allegation and imposed a 10 percent salary reduction for 12 months. The officer did not file an appeal with the State Personnel Board.

### Disciplinary Assessment

Rating: **Sufficient**

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2012-06-02 | 12-1846-IR | 1. Other Failure of Good Behavior | 1. Sustained | Dismissal | No Change |

### Incident Summary

On June 2, 2012, an off-duty officer was arrested for stalking after he allegedly sent sexually graphic and threatening emails to a woman he became acquainted with through an internet dating site.

### Disposition

The hiring authority sustained the allegation and determined that dismissal was the appropriate penalty. However, the officer retired prior to the completion of the investigation; therefore, disciplinary action was not taken. A letter indicating the officer resigned under adverse circumstances was placed in his official personnel file.

### Disciplinary Assessment

Rating: **Sufficient**

Overall, the department sufficiently complied with policies and procedures.

# North Region

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2012-06-12 | 12-2236-IR | 1. Neglect of Duty | 1. Sustained | Salary Reduction | Letter of Reprimand |

## Incident Summary

On June 12, 2012, an inmate was placed in a temporary holding cell and later refused to allow officers to secure the cell's food port. After refusing to comply with repeated orders, an officer used pepper spray on the inmate. Following the application of the pepper spray, the inmate reportedly told the officer and two responding officers that he was experiencing chest pains. The officer who utilized pepper spray then allegedly removed the inmate from the cell without first applying restraints. The inmate reportedly became resistive which required the officers to use physical force to restrain him. It was further alleged all three officers failed to summon immediate medical attention to treat the inmate for chest pain.

## Disposition

The hiring authority sustained the allegations against the officer who failed to restrain the inmate and summon medical aid, and imposed a 5 percent salary reduction for 12 months. However, following a *Skelly* hearing, the hiring authority agreed to reduce the penalty to a letter of reprimand that may be removed after two years and the officer agreed not to file an appeal with the State Personnel Board. The OIG found the agreement to be reasonable based on factors presented at the *Skelly* hearing, including the officer accepting responsibility, expressing remorse, and introducing letters of appreciation. The hiring authority sustained the allegations against the other two officers for failing to summon medical aid and issued each officer a letter of instruction.

## Disciplinary Assessment

Rating: **Sufficient**

Overall, the department sufficiently complied with policies and procedures.

---

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2012-06-20 | 12-1861-IR | 1. Controlled Substances | 1. Sustained | Dismissal | No Change |

## Incident Summary

On June 20, 2012, it was alleged an officer submitted a random drug test which was positive for the use of marijuana.

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegations and determined dismissal was the appropriate penalty. However, the officer resigned before disciplinary action could be imposed. A letter indicating the officer resigned under adverse circumstances was placed in his official personnel file.

## Disciplinary Assessment

Rating: **Sufficient**

Overall, the department sufficiently complied with policies and procedures.

---

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2012-06-22 | 12-2183-IR | 1. Neglect of Duty | 1. Sustained | No Penalty Imposed | No Change |

## Incident Summary

On June 22, 2012, a lieutenant allegedly ordered custody staff to use force to free an inmate's legs from a pole and remove his boots. It was further alleged that the lieutenant ordered custody staff to use force to move the inmate into his cell when he sat down on the floor and refused to move. It was also alleged that the lieutenant failed to report the use of force that she witnessed and also failed to video record the inmate interview when he made allegations of unreasonable force.

## Disposition

The hiring authority sustained the allegations. However, the lieutenant retired before disciplinary action could be taken. A letter indicating the lieutenant retired under adverse circumstances was placed in her official personnel file.

# NORTH REGION

| Disciplinary Assessment | Rating: Sufficient |
|---|---|
| Overall, the department sufficiently complied with policies and procedures. | |

# SOUTH REGION

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2008-01-01 | 10-3670-IR | 1. Dishonesty | 1. Sustained | Dismissal | Salary Reduction |
| | | 2. Sexual Misconduct | 2. Sustained | | |
| | | 3. Over-Familiarity | 3. Sustained | | |
| | | 4. Neglect of Duty | 4. Sustained | | |
| | | 5. Discourteous Treatment | 5. Sustained | | |
| | | 6. Contraband | 6. Not Sustained | | |

## Incident Summary

Between January 2008 and March 10, 2010, a lieutenant allegedly: transported an inmate from a fire camp to a home in the community in order to clean a house; transported another inmate to a foreclosed house to take items from the residence; used an unauthorized carpet cleaner at a fire camp; lied about transporting the inmate to a supervisor; offered an inmate a transfer from a fire crew position to an in-camp position if the inmate placed his penis through a PVC pipe and watched as the inmate attempted the act; falsified a rules violation report; utilized a state vehicle for personal use; brought his personal camera to the camp and allowed an inmate to take a photo of the lieutenant with one hand over his genital region and a finger in his nostril; while on duty, took a fire captain to view a trailer the lieutenant had for sale; brought an unauthorized DVD to the camp and allowed inmates to view an inappropriate movie; falsely accused an officer regarding events surrounding the DVD; falsely attributed statements to a parolee; provided contraband, including a mobile phone and alcoholic beverages, to an inmate; made racially derogatory and sexually explicit statements to inmates; shared personal information with inmates, including information about sexual acts between himself and his wife; paddled an inmate on his buttocks and allowed an inmate to use a paddle on the lieutenant's buttocks; and lied during the interview with the Office of Internal Affairs.

## Disposition

The hiring authority determined there was sufficient evidence to sustain all allegations, except the allegation that the lieutenant provided a mobile phone and alcoholic beverages to an inmate. The hiring authority dismissed the lieutenant. The lieutenant filed an appeal with the State Personnel Board. Following a hearing, the State Personnel Board only found violations of neglect of duty, discourteous treatment, misuse of state property, and other failure of good behavior, and modified the penalty from a dismissal to a 5 percent salary reduction for 12 months.

## Disciplinary Assessment

**Rating: Sufficient**

The department's disciplinary process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2010-02-07 | 10-1313-IR | 1. Neglect of Duty | 1. Sustained | Dismissal | No Change |
| | | 2. Stalking | 2. Sustained | | |
| | | 3. Domestic Violence | 3. Sustained | | |
| | | 4. Failure to Report Arrest | 4. Not Sustained | | |

## Incident Summary

On February 7, 2010, an officer allegedly stalked his ex-girlfriend, drove to her sister's apartment, and banged on a bedroom window, shattering it. The officer then allegedly unlawfully entered the residence while in possession of a loaded firearm, and grabbed his ex-girlfriend by the arms and berated her until her she was able to break free and run out of the apartment. The officer was arrested by local law enforcement officers. It was also alleged that the officer was in possession of a loaded firearm without completing the department's range qualification requirements and that he failed to notify the hiring authority of his arrest. The officer was charged and convicted of vandalism, unlawful entry of a dwelling, and prowling and peeking.

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegations the officer stalked his ex-girlfriend, committed domestic violence, and possessed a loaded firearm without completing range qualification requirements, and dismissed the officer. The hiring authority did not sustain the allegation the officer failed to report his arrest. The officer filed an appeal with the State Personnel Board. Following a hearing, the State Personnel Board sustained the dismissal.

## Disciplinary Assessment

**Rating: Sufficient**

The department's disciplinary process sufficiently complied with policies and procedures.

# SOUTH REGION

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| 2010-04-10 | 10-2756-IR | 1. Dishonesty<br>2. Sexual Misconduct<br>3. Discourteous Treatment<br>4. Overfamiliarity | 1. Sustained<br>2. Sustained<br>3. Sustained<br>4. Sustained | **INITIAL**<br>Dismissal | **FINAL**<br>No Change |

### Incident Summary

On April 10, 2010, a sergeant allegedly kissed an inmate, rubbed her back, and grabbed her buttocks. It was further alleged the sergeant was dishonest during his Office of Internal Affairs interview.

### Disposition

The hiring authority determined there was sufficient evidence to sustain the allegations and dismissed the sergeant. The sergeant filed an appeal with the State Personnel Board. The State Personnel Board sustained the dismissal.

### Disciplinary Assessment
Rating: **Sufficient**

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| 2010-07-19 | 11-0493-IR | 1. Insubordination<br>2. Dishonesty<br>3. Failure to Report<br>4. Unreasonable Use of Force<br>5. Other Failure of Good Behavior<br>6. Discourteous Treatment | 1. Sustained<br>2. Not Sustained<br>3. Not Sustained<br>4. Not Sustained<br>5. Not Sustained<br>6. Not Sustained | **INITIAL**<br>Salary Reduction | **FINAL**<br>No Change |

### Incident Summary

On July 19, 2010, a supervising parole agent allegedly used excessive force against a disabled and handcuffed parolee during the parolee's arrest. It was further alleged that three parole agents who were present during the arrest failed to document the use of force. After the supervising parole agent was notified of the pending investigation, it was alleged that the supervising parole agent was insubordinate when he disregarded the admonition not to discuss the case with others.

### Disposition

The hiring authority sustained the allegation of insubordination against the supervising parole agent and imposed a 10 percent salary reduction for 12 months. The hiring authority did not sustain the allegations against the other parole agents. The OIG concurred with the hiring authority's determinations. The supervising parole agent filed an appeal with the State Personnel Board. Prior to the pre-hearing settlement conference, the hiring authority entered into a settlement agreement reducing the penalty to a 10 percent salary reduction for five months because of the supervising parole agent's remorse and accepting responsibility.

### Disciplinary Assessment
Rating: **Insufficient**

The department failed to comply with policies and procedures governing the disciplinary process. The disciplinary phase was not conducted with due diligence. The department attorney failed to document assessing the relevant deadline, and failed to appropriately address legal issues after the supervising parole agent filed an appeal with the State Personnel Board and before a pre-hearing settlement conference was to be held. The department attorney also failed to present the written settlement agreement to the OIG for review before it was signed by all parties and submitted to the State Personnel Board for approval.

# SOUTH REGION

## Assessment Questions

- Within 21 calendar days, did the department attorney make an entry into CMS accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The department attorney did not make an entry into CMS confirming the date of the reported incident, the date of discovery, and the deadline for taking disciplinary action.*

- Was the disciplinary action served on the employee(s) appropriately drafted as described in the DOM?

  *The findings and penalty conference took place on September 14, 2011, but the disciplinary action was not served on the supervising parole agent until October 31, 2011, more than 30 days after the hiring authority decided to impose discipline.*

- Was the OIG provided with a draft of the pre-hearing/settlement conference statement prior to it being filed?

  *The OIG was not provided with a draft of the pre-hearing settlement conference statement until after it had already been filed.*

- Did the department's advocate adequately and appropriately address legal issues prior to and during the SPB hearing?

  *Prior to the State Personnel Board hearing, the supervising parole agent's attorney contacted the department attorney regarding potential settlement. The department attorney recommended settling without due consideration of the settlement factors set forth in the department's policies and procedures. The OIG immediately brought this matter to the attention of the department attorney and also consulted with the department attorney's supervisor to ensure a proper consultation occurred. Eventually, the department attorney consulted with the hiring authority and the OIG regarding settlement and discussed the appropriate settlement factors.*

- Did the department attorney or disciplinary officer cooperate with and provide continual real-time consultation with the OIG throughout the disciplinary phase, until all proceedings were completed, except for those related to a writ?

  *The department attorney failed to forward the settlement agreement to the OIG for review before it was executed by all parties and submitted to the State Personnel Board for approval.*

- Was the disciplinary phase conducted with due diligence by the department?

  *The findings and penalty conference took place on September 14, 2011, but the resulting disciplinary action was not served on the supervising parole agent until October 31, 2011, more than 30 days after the hiring authority decided to impose discipline.*

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2010-07-22 | 10-3860-IR | 1. **Other Failure of Good Behavior**<br>2. **Discourteous Treatment**<br>3. **Retaliation** | 1. **Sustained**<br>2. **Sustained**<br>3. **Sustained** | **Suspension** | **No Change** |

## Incident Summary

On July 22, 2010, an officer returned to his regular post after being away due to a prior disciplinary investigation. Although he had been counseled by his supervisor to conduct himself in a professional manner, the officer allegedly began making unprofessional statements about the department due to his disagreement with his prior discipline. It was also alleged that the officer made discourteous statements about an officer who had cooperated with the investigation against the first officer. It was further alleged the first officer instructed other officers to retaliate against the cooperating officer. Finally, it was alleged that the first officer became disruptive, loud, and belligerent during a staff meeting, requiring the supervisor to terminate the meeting. An additional allegation was brought against a second officer for allegedly calling a third officer a derogatory expletive term.

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegations against both officers. The first officer was issued a 60 working-day suspension. However, the officer retired before the disciplinary action took effect. A letter indicating the officer retired pending disciplinary action was placed in his official personnel file. The second officer was served with a letter of instruction.

## Disciplinary Assessment

**Rating: Sufficient**

Overall, the department sufficiently complied with policies and procedures.

# SOUTH REGION

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2010-09-01 | 11-0219-IR | 1. Dishonesty<br>2. Misuse of Authority<br>3. Insubordination | 1. Sustained<br>2. Sustained<br>3. Sustained | Dismissal | No Change |

## Incident Summary

On September 1, 2010, an officer allegedly entered an automobile dealer's service department and falsely claimed to be a California Highway Patrol officer. The officer allegedly was involved in a verbal altercation with an employee at the automobile dealership, displayed his department-issued badge, and asked for a service bill to be reduced based on his claimed employment with the California Highway Patrol. The officer lied to California Highway Patrol investigators about the incident and to the Office of Internal Affairs when questioned about these events.

## Disposition

The hiring authority sustained the allegations and dismissed the officer. The officer filed an appeal with the State Personnel Board. Following a hearing, the State Personnel Board sustained the dismissal.

## Disciplinary Assessment

Rating: **Sufficient**

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2010-10-10 | 11-1184-IR | 1. Dishonesty<br>2. Over-Familiarity<br>3. Insubordination<br>4. Misuse of State Equipment or Property<br>5. Sexual Misconduct | 1. Sustained<br>2. Sustained<br>3. Sustained<br>4. Sustained<br>5. Not Sustained | Dismissal | No Penalty Imposed |

## Incident Summary

Between October 10, 2010, and March 23, 2011, a parole agent allegedly solicited sex from a parolee he supervised and exposed his genitals to her. The parolee further alleged that the parole agent lived with another parolee, that the parole agent sent her photographs of his genitals and his parolee girlfriend's genitals, and that the parole agent provided her with advance notice as to when she would be searched by other parole agents. It was further alleged the parole agent was insubordinate by avoiding his investigatory interview and that when he was finally interviewed, he was allegedly dishonest with special agents.

## Disposition

The hiring authority sustained the allegations that the parole agent was overly familiar with the parolee, misused his state vehicle, was insubordinate in avoiding his Office of Internal Affairs interview, and was dishonest with the Office of Internal Affairs. The parole agent was served with a notice of dismissal. The hiring authority determined there was insufficient evidence to sustain the allegations that the parole agent solicited sex from a parolee, exposed his genitals, and provided advance notice to the parolee regarding a planned search. The parole agent filed an appeal with the State Personnel Board. Before completion of the hearing, the hiring authority, upon advice of the department attorney, withdrew the disciplinary action, reinstated the parole agent, and provided back pay. Given the strength of the evidence and the lack of a change in circumstances, the OIG did not concur with the settlement. Since the department made their decision without consulting the OIG, the OIG could not seek a higher level of review.

## Disciplinary Assessment

Rating: **Insufficient**

The hiring authority and department attorney failed to comply with policies and procedures. The department attorney failed to timely complete the pre-hearing settlement conference statement and provide it to the OIG for review, and failed to take any action regarding the parole agent's attorney who may have been privy to confidential information regarding the case. During the State Personnel Board hearing, the department attorney displayed a lack of knowledge of rules of evidence, failed to elicit critical information from witnesses, and did not know how to adequately address false testimony from a key witness. Before completion of the hearing, the department attorney, without consulting the OIG, advised the hiring authority to withdraw the disciplinary action, reinstate, and provide back pay to the parole agent. The hiring authority agreed, also without consulting the OIG.

# SOUTH REGION

## Assessment Questions

- Did the department attorney or disciplinary officer appropriately determine that the deadline for taking disciplinary action as originally calculated should be modified and consult with the OIG about the decision to modify?

  *The department attorney appropriately determined that the deadline for taking disciplinary action needed to be modified. However, the department attorney did not consult with the OIG regarding the modification, and did not enter the new date into the case management system.*

- Did the department file a written pre-hearing/settlement conference statement with the SPB containing all required information including, but not limited to, a summary of stipulated facts, time estimate, number of witness with a brief statement of expected testimony, list of documentary evidence, and statement of significant evidentiary issues?

  *The pre-hearing settlement conference statement failed to identify potential witnesses to the alleged misconduct and included a list of documentary evidence that included irrelevant information.*

- Was the OIG provided with a draft of the pre-hearing/settlement conference statement prior to it being filed?

  *The department attorney provided a draft copy of the pre-hearing settlement conference statement to the OIG the same day it was filed with the State Personnel Board. This did not allow the OIG time to conduct a meaningful review of the statement or provide feedback. When the OIG did provide recommendations, the department attorney failed to consider the recommendations or filing an amended statement.*

- If there was a settlement agreement, was the settlement consistent with the DOM factors?

  *The department decided to withdraw the disciplinary action without proper consideration of departmental policy regarding settlement.*

- If there was a settlement agreement, did the settlement agreement include the key clauses required by DOM?

  *The hiring authority's decision to withdraw the disciplinary action, reinstate the parole agent, and provide back pay is not documented in any written document.*

- Did the HA consult with the OIG and department attorney (if applicable) before modifying the penalty or agreeing to a settlement?

  *The hiring authority failed to consult with the OIG.*

- If the penalty was modified by department action or a settlement agreement, did OIG concur with the modification?

  *The hiring authority decided to withdraw the disciplinary action, reinstate the parole agent, and return almost all back pay for the time the parole agent was dismissed from state service. The decision failed to recognize the gravity of the misconduct, including the likelihood of reoccurrence, and that the modified penalty would have no impact on the ability of the department to utilize the action for future discipline. Since the hiring authority failed to consult with the OIG, the OIG was not given an opportunity to assess the hiring authority's decision; however, the OIG does not concur.*

- Did the department's advocate adequately and appropriately address legal issues prior to and during the SPB hearing?

  *The parole agent was represented by an attorney who may have had information regarding the case due to the attorney's prior employment. The OIG asked the department attorney whether the department was aware of the potential conflict. The department attorney refused to confirm whether there was a conflict. When the case was reassigned to another department attorney, the OIG asked the newly assigned attorney whether the department intended to take any action regarding the potential conflict. The department attorney assured the OIG that she would file a motion to disqualify the parole agent's attorney due to the conflict. The motion was never filed and the hearing proceeded with the parole agent's attorney who had a potential conflict of interest.*

- Did the department's advocate present the necessary available evidence regarding the allegations at the hearing?

  *The department attorney lacked a fundamental grasp of the nature of the case and the manner in which the case should be proven. When a key department witness failed to testify in accord with her earlier statements to the Office of Internal Affairs, the department attorney did not adequately confront the witness with prior recorded statements. In addition, the department attorney failed to present witness testimony that tended to show the misconduct by the parole agent.*

- Did the department's advocate appropriately have necessary evidence presented at the hearing moved into evidence?

  *The department attorney lacked a basic understanding of the rules of evidence to effectively lay foundational requirements for statements, which resulted in the department being unable to refute the prior statements of a key witness.*

# SOUTH REGION

- Did the department attorney or disciplinary officer cooperate with and provide continual real-time consultation with the OIG throughout the disciplinary phase, until all proceedings were completed, except for those related to a writ?

  *The department attorney did not consult with the OIG regarding the decision to withdraw the disciplinary action.*

- Did the HA cooperate with and provide continual real-time consultation with the OIG throughout the disciplinary phase, until all proceedings were completed, except for those related to a writ?

  *The hiring authority failed to consult with the OIG regarding the decision to withdraw the disciplinary action.*

- Was the disciplinary phase conducted with due diligence by the department?

  *The department attorney failed to timely address issues related to the case. The department attorney failed to timely provide the pre-hearing settlement conference statement to the OIG and failed to timely address or file a motion to disqualify the parole agent's attorney based on a potential conflict of interest.*

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| **2010-12-23** | **11-0838-IR** | 1. **Neglect of Duty** | 1. **Sustained** | **Salary Reduction** | **No Change** |

## Incident Summary

It was alleged that on December 23, 2010, a youth counselor allegedly locked two wards, who should have been in separate rooms, into the same room. It was also alleged that an officer failed to conduct a thorough count of the wards on the unit, failed to notice that two wards were in one room, made an inaccurate notation regarding the count in the unit log book, and failed to take appropriate measures toward a ward who blocked the window of his room, preventing correctional staff from being able to observe the ward's actions. It was further alleged that two other youth counselors failed to properly account for the wards on the unit and failed to notice that the two wards were in the same room.

## Disposition

The hiring authority sustained three neglect of duty allegations against the youth counselor who locked the two wards together and imposed a 10 percent salary reduction for six months. The hiring authority sustained four neglect of duty allegations against the officer for failing to conduct adequate counts of the wards, making inaccurate entries in the unit log book, and failing to address a ward who had blocked his window, and imposed a 10 percent salary reduction for six months. No allegations were sustained against the remaining two youth counselors. The youth counselor and officer each filed an appeal with the State Personnel Board. The hiring authority ultimately settled both matters for salary reductions of 10 percent for three months with no back pay, and agreed to withdraw the action from the employees' official personnel files before the standard three years. The department's stated reason for settling the cases was due to the "inherent risk of litigating the case." Although the OIG does not concur with all of the terms of the settlements, the OIG was not timely or adequately consulted and, therefore, was foreclosed from conferring with the hiring authority or seeking a higher level of review.

## Disciplinary Assessment | Rating: **Insufficient**

The department failed to comply with the policies and procedures governing the disciplinary process. The hiring authority was not prepared at the findings and penalty conference in that she failed to read the investigative report and was not familiar with the facts or allegations of the case, thereby causing the findings and penalty conference to be rescheduled. After the findings and penalty conference, the department attorney failed to provide to the hiring authority and the OIG written confirmation of penalty discussions. The hiring authority and department attorney later settled without adequate and contemporaneous notice to the OIG. Two of the settlement terms were contrary to the department's interests.

# SOUTH REGION

## Assessment Questions

- If the HA consulted with the OIG concerning the sufficiency of the investigation and the investigative findings, was the HA adequately prepared?

  *Prior to the findings and penalty conference, the hiring authority failed to read the investigative report and was not familiar with the facts or allegations of the case. As a result, the meeting had to be rescheduled.*

- Did the department attorney provide to the HA and OIG written confirmation of penalty discussions?

  *The department attorney did not provide written confirmation of penalty discussions to the hiring authority or the OIG.*

- Did the HA consult with the OIG and department attorney (if applicable) before modifying the penalty or agreeing to a settlement?

  *Although the hiring authority and department attorney consulted with the OIG about settlement parameters prior to the pre-hearing settlement conference, they failed to do so on the day of the conference. Instead of calling the OIG, the department attorney sent an email and the settlement went forward without contemporaneous consultation with the OIG.*

- If the penalty was modified by department action or a settlement agreement, did OIG concur with the modification?

  *The department did not articulate a change in circumstances to support settlement and, as a result, the OIG did not agree with the settlement. In addition, the OIG did not believe there were grounds to remove the actions from the employees' official personnel files before the standard three years and did not agree with the clause that the "agreement does not constitute an admission of guilt or wrongdoing by any party to the agreement."*

- Did the department attorney or disciplinary officer cooperate with and provide continual real-time consultation with the OIG throughout the disciplinary phase, until all proceedings were completed, except for those related to a writ?

  *The department attorney did not adequately consult with the OIG prior to settling.*

- Did the HA cooperate with and provide continual real-time consultation with the OIG throughout the disciplinary phase, until all proceedings were completed, except for those related to a writ?

  *The hiring authority did not adequately consult with the OIG prior to settling.*

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-01-17 | 11-1004-IR | 1. Dishonesty<br>2. Failure to Report<br>3. Neglect of Duty<br>4. Unreasonable Use of Force | 1. Sustained<br>2. Sustained<br>3. Sustained<br>4. Not Sustained | Dismissal | No Change |

## Incident Summary

On January 17, 2011, two officers allegedly went into the cell of a segregated inmate without cause or their supervisor's approval. While in the cell, the officers allegedly used unreasonable force on the inmate by pushing her against the wall and throwing her to the ground causing injuries. It was further alleged the officers failed to report the force and one was dishonest during his interview with the Office of Internal Affairs. Additionally, it was alleged two other officers observed the use of force and failed to report it. Also, one of those officers was alleged to be dishonest during her interview with the Office of Internal Affairs when she initially denied observing the use of force. It was further alleged a sergeant was dishonest when he denied having knowledge of the use of force and that he knew about the incident but failed to take appropriate action. Similarly, it was alleged a lieutenant was informed of the use of force and failed to take appropriate action.

# SOUTH REGION

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegations of dishonesty, failure to report use of force, and neglect of duty as to one officer and dismissed that officer. As to the second officer, the hiring authority sustained the allegation of failure to report use of force witnessed and imposed a 10 percent salary reduction for 24 months. As to the third officer, the allegations of failure to report use of force and neglect of duty were sustained; however, the officer retired before the investigation was completed and, therefore, no penalty was imposed. A letter indicating the officer retired under adverse circumstances was placed in his official personnel file. The hiring authority determined there was insufficient evidence to sustain allegations against the fourth officer, the sergeant, and the lieutenant. The first two officers filed appeals with the State Personnel Board. The case against the first officer was dismissed, as was his appeal, due to the reinstatement of a prior case in which the officer was dismissed from state service. The second officer entered into a settlement agreement in which her penalty was reduced from a 10 percent salary reduction for 24 months to a 5 percent salary reduction for 24 months. The settlement was based on the fact that the officer was remorseful at her *Skelly* hearing and she was no longer a full time employee with the department. The OIG found the agreement to be reasonable.

## Disciplinary Assessment

Overall, the department sufficiently complied with policies and procedures.

**Rating: Sufficient**

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-02-17 | 11-0574-IR | 1. Dishonesty<br>2. Grand Theft | 1. Sustained<br>2. Sustained | Dismissal | No Change |

## Incident Summary

On February 17, 2011, a dentist allegedly attempted to steal several thousands of dollars worth of dental equipment. The equipment was found inside the dentist's backpack as he was leaving the institution. It was further alleged the dentist was dishonest in his investigatory interview when he claimed that seven months earlier a supervising dentist gave him permission to take the tools home in order to repair them.

## Disposition

The hiring authority sustained the allegations and dismissed the dentist. The dentist filed an appeal with the State Personnel Board, which sustained the allegations and dismissal.

## Disciplinary Assessment

The department sufficiently complied with policies and procedures.

**Rating: Sufficient**

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-02-17 | 11-1006-IR | 1. Dishonesty<br>2. Solicitation of Prostitution | 1. Sustained<br>2. Sustained | Dismissal | No Change |

## Incident Summary

On February 17, 2011, an officer allegedly approached an undercover detective and solicited sexual acts in exchange for money. The interaction was captured on audio and video tape. The officer was cited for solicitation of prostitution. The officer was allegedly dishonest when he submitted a memorandum to the hiring authority claiming that he was merely attempting to help a woman who appeared to be in distress and denying any type of solicitation.

## Disposition

The hiring authority sustained the allegations and dismissed the officer. The officer filed an appeal with the State Personnel Board. Following a hearing, the State Personnel Board upheld the dismissal.

## Disciplinary Assessment

Overall, the department sufficiently complied with policies and procedures.

**Rating: Sufficient**

# SOUTH REGION

| Incident Date | OIG Case Number | Allegations | Findings | Penalty |
|---|---|---|---|---|
| **2011-02-17** | **11-1657-IR** | 1. **Neglect of Duty** <br> 2. **Disclosure of Confidential Information** <br> 3. **Overfamiliarity** | 1. **Sustained** <br> 2. **Sustained** <br> 3. **Sustained** | INITIAL: **Salary Reduction**     FINAL: **No Change** |

## Incident Summary

On February 17, 2011, a parole agent allegedly disclosed confidential information regarding an ongoing homicide investigation to a parolee who was a potential suspect in the investigation.

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegations and imposed a 10 percent salary reduction for 18 months. The parole agent filed an appeal with the State Personnel Board. Given the alleged difficulty in hearing some of the recorded telephone calls, the department, without notice to the OIG, entered into a settlement with the parole agent to reduce the penalty to a 5 percent salary reduction for 18 months, and allowed the parole agent to request the settlement agreement be removed from the official personnel file after the completion of the penalty. The OIG did not concur with the settlement, but had no opportunity to request a higher level of review since the case was closed before the OIG was aware a settlement was offered and accepted.

## Disciplinary Assessment

Rating: **Insufficient**

The department failed to comply with policies and procedures governing the disciplinary process. The department attorney failed to provide a draft of the pre-hearing settlement conference statement to the OIG before it was filed, failed to have full familiarity of the facts and issues at the pre-hearing settlement conference, and failed to consult with the OIG prior to agreeing to a settlement of the case. The hiring authority did not consult with the OIG regarding the settlement of the case.

## Assessment Questions

- Was the OIG provided with a draft of the pre-hearing/settlement conference statement prior to it being filed?

  *The OIG was not provided with a draft copy of the pre-hearing settlement conference statement prior to it being filed.*

- Did the department's advocate who appeared at the pre-hearing/settlement conference have full familiarity with the facts and issues in the case?

  *The department attorney who appeared at the pre-hearing settlement conference was unaware that a settlement offer had already been made to the parole agent by another department attorney.*

- If there was a settlement agreement, was the settlement consistent with the DOM factors?

  *There were no changes in circumstances since the penalty was decided that would have warranted settlement.*

- Did the HA consult with the OIG and department attorney (if applicable) before modifying the penalty or agreeing to a settlement?

  *The hiring authority did not consult with the OIG prior to entering into the settlement.*

- Did the department attorney or disciplinary officer cooperate with and provide continual real-time consultation with the OIG throughout the disciplinary phase, until all proceedings were completed, except for those related to a writ?

  *The department attorney failed to provide the OIG with a draft of the pre-hearing settlement conference statement prior to it being filed, failed to inform the OIG that the case was settled, and failed to discuss settlement terms with the OIG.*

- Did the HA cooperate with and provide continual real-time consultation with the OIG throughout the disciplinary phase, until all proceedings were completed, except for those related to a writ?

  *The hiring authority failed to consult with the OIG regarding settlement.*

# SOUTH REGION

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| **2011-03-08** | **11-1381-IR** | 1. **Dishonesty** <br> 2. **Failure to Report** <br> 3. **Neglect of Duty** | 1. **Sustained** <br> 2. **Sustained** <br> 3. **Sustained** | **Dismissal** | **No Change** |

## Incident Summary

On March 8, 2011, an inmate allegedly caused a disturbance and refused to share her cell with another inmate. The agitated inmate allegedly reported to a sergeant, six officers, and two licensed vocational nurses that a sergeant allegedly choked and threatened her. It was alleged that none of those staff members reported the allegations of staff misconduct. Further, it was alleged the sergeant and three officers used force on the inmate when they physically carried the inmate into her cell and none of them reported the use of force. It was also alleged that two officers who witnessed the use of force failed to report it. It was additionally alleged that the sergeant failed to instruct her subordinates to complete use-of-force reports after the incident, she failed to report the complete incident involving the inmate to her lieutenant, and she lied during her interview with the Office of Internal Affairs.

## Disposition

The hiring authority sustained the allegations against the sergeant that she neglected her duties by failing to instruct her subordinate staff to write use-of-force reports, failing to inform her supervisor of the incident and the use of force, and was dishonest during her investigatory interview. The hiring authority determined there was insufficient evidence to sustain the other allegations, including one dishonesty allegation, against the sergeant. The sergeant retired prior to the imposition of penalty. The hiring authority sustained the allegations of failing to report use of force against the three officers who carried the inmate to her cell, and the allegations against the two officers who witnessed the use of force and failed to report it. The hiring authority did not sustain the allegations against the sergeant and officers that they failed to report allegations of staff misconduct by an inmate. The hiring authority also did not sustain allegations against the sixth officer. The five officers received salary reductions of 10 percent for 12 months. The hiring authority sustained the allegations against both nurses that they failed to report the inmate's claims of use of force by custody staff. One nurse received a salary reduction of 10 percent for 12 months. The other nurse received a salary reduction of 5 percent for 12 months. Five officers and one nurse filed appeals with the State Personnel Board. Prior to hearing, the department entered into settlement agreements with all of the employees. Four of the officers received a reduced penalty of 10 percent salary reductions for eight months. The fifth officer's penalty was reduced to a 5 percent salary reduction for eight months. The department further agreed to remove the disciplinary actions early from the employees' official personnel files. The nurse's penalty was reduced to a 5 percent salary reduction for eight months, and the department agreed to remove all disciplinary action documentation from the official personnel file. The OIG determined there was no change in circumstance to support the settlements, and objected to removing the disciplinary action documentation from the official personnel files. However, the terms of the settlement did not merit a higher level of review.

## Disciplinary Assessment                                    Rating: **Insufficient**

The department attorney failed to comply with policies and procedures governing the disciplinary process. The attorney who appeared at the pre-hearing settlement conference was not sufficiently familiar with the facts of the case, the statements of the employees at their *Skelly* hearings, or the penalties. Furthermore, the attorney recommended settlement even though there were no changed circumstances to support settlement. Finally, aspects of the settlement agreements were contrary to department policy and procedure, and not in the best interests of the department.

# SOUTH REGION

## Assessment Questions

- Did the department's advocate who appeared at the pre-hearing/settlement conference have full familiarity with the facts and issues in the case?

  *The attorney who appeared at the pre-hearing settlement conference was not fully familiar with the facts of the case, the statements of the employees at the Skelly hearings, or the penalties.*

- If there was a settlement agreement, was the settlement consistent with the DOM factors?

  *The agreement with the nurse to remove the disciplinary action and settlement agreement from her official personnel file was not consistent with the department's policies and procedures.*

- If the case settled, did the department attorney or disciplinary officer properly complete the CDC Form 3021?

  *The department attorney did not provide the OIG with the CDC Form 3021.*

- If the penalty was modified by department action or a settlement agreement, did OIG concur with the modification?

  *The OIG did not concur with removing the disciplinary actions from the employee's official personnel files early, nor did the OIG concur with removing the disciplinary action and settlement agreement from the nurse's official personnel file.*

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-05-05 | 11-2166-IR | 1. **Dishonesty**<br>2. **Neglect of Duty**<br>3. **Code of Silence**<br>4. **Failure to Report**<br>5. **Unreasonable Use of Force**<br>6. **Conspiracy** | 1. **Sustained**<br>2. **Sustained**<br>3. **Sustained**<br>4. **Not Sustained**<br>5. **Not Sustained**<br>6. **Not Sustained** | **Dismissal** | **Suspension** |

## Incident Summary

On May 5, 2011, two officers allegedly slammed an inmate to the ground and punched him even after he was placed in handcuffs. The officers allegedly failed to accurately report the incident, were dishonest during their interviews with the Office of Internal Affairs, and violated direct orders from the Office of Internal Affairs not to discuss the investigation. A control booth officer was allegedly distracted during this use-of-force incident.

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegations that the two officers violated the order from the Office of Internal Affairs not to discuss the investigation and were dishonest about the failure to obey the order, and dismissed both officers. The hiring authority determined there was insufficient evidence to sustain the use of force and failure to report allegations. After a *Skelly* hearing, the hiring authority entered into a settlement agreement to modify the penalty of one of the officers from dismissal to a 49 working-day suspension. Given the officer's prompt admissions during his interview with the Office of Internal Affairs, his acceptance of responsibility, and his remorse, the OIG concurred with the settlement agreement. The other officer filed an appeal with the State Personnel Board. After a hearing, the State Personnel Board modified the other officer's penalty from a dismissal to a 60 working-day suspension. The hiring authority also determined there was sufficient evidence to sustain the allegation against the control booth officer and imposed a letter of instruction.

## Disciplinary Assessment

Rating: **Sufficient**

Overall, the department sufficiently complied with policies and procedures.

# SOUTH REGION

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-05-13 | 11-1804-IR | 1. Discourteous Treatment<br>2. Verbal Threats<br>3. Hostile Work Environment<br>4. Disrupt Work Place<br>5. Brought Discredit to Department<br>6. Neglect of Duty<br>7. Physical Threat | 1. Sustained<br>2. Sustained<br>3. Sustained<br>4. Sustained<br>5. Sustained<br>6. Not Sustained<br>7. Not Sustained | Dismissal | Resignation in Lieu of Termination |

## Incident Summary

On May 13, 2011, while a case records technician was complaining about co-workers to his supervisor, he allegedly stated he could see "why people would come to work and shoot everyone." He also allegedly told his supervisor he kept a weapon in his car for his own protection. The case records technician's comments led his supervisor and management to believe he had a weapon in his vehicle, allegedly posing a threat to the safety of other staff members.

## Disposition

The hiring authority determined that there was sufficient evidence to sustain all allegations, except the allegations that the case records technician engaged in physical behavior of a threatening nature, and violated the department's workplace violence policy when he threatened several individuals and their friends and family members. The hiring authority dismissed the case records technician. The case records technician filed an appeal with the State Personnel Board. At a pre-hearing settlement conference, and without consulting the OIG, the hiring authority reduced the penalty from dismissal to a 19 working-day and three hour suspension, and awarded three weeks back pay. As part of the settlement agreement, the case records technician agreed to resign and not seek future employment with the department. Given the strength of the evidence and the case records technician's prior disciplinary history for similar misconduct, the OIG did not find the agreement to be reasonable. The OIG was unable to seek a higher level of review because the department attorney failed to notify the OIG of the settlement until after the department had already agreed to settle with the case records technician.

## Disciplinary Assessment

Rating: **Insufficient**

The department failed to comply with policies and procedures governing the disciplinary process. The hiring authority and department attorney failed to properly consult with the OIG regarding the settlement agreement. The department attorney notified the OIG of the settlement after the department already agreed to settle. Additionally, although requested, the department attorney failed to provide a draft of the pre-hearing settlement conference statement to the OIG before it was filed with the State Personnel Board.

# SOUTH REGION

## Assessment Questions

- Did the department attorney provide to the HA and OIG written confirmation of penalty discussions?

  *The department attorney did not provide written confirmation of the penalty discussions to the hiring authority and to the OIG.*

- Was the OIG provided with a draft of the pre-hearing/settlement conference statement prior to it being filed?

  *The OIG was not provided with a draft of the pre-hearing settlement conference statement prior to it being filed.*

- If there was a settlement agreement, was the settlement consistent with the DOM factors?

  *The department entered into a settlement agreement despite the strength of the evidence and the absence of changed circumstances.*

- Did the HA consult with the OIG and department attorney (if applicable) before modifying the penalty or agreeing to a settlement?

  *The hiring authority failed to consult with the OIG before agreeing to the settlement agreement.*

- If the penalty was modified by department action or a settlement agreement, did OIG concur with the modification?

  *The OIG did not concur with the modification because the case records technician had previously engaged in similar misconduct, and there had been no changed circumstances from the time of the findings and penalty conference to the pre-hearing settlement conference.*

- Did the department attorney or disciplinary officer cooperate with and provide continual real-time consultation with the OIG throughout the disciplinary phase, until all proceedings were completed, except for those related to a writ?

  *The department attorney failed to properly consult with the OIG regarding the settlement agreement. The department attorney notified the OIG of the settlement after the department already reached an agreement to settle. Additionally, although requested, the department attorney failed to provide a draft of the pre-hearing settlement conference statement to the OIG before it was filed with the State Personnel Board.*

- Did the HA cooperate with and provide continual real-time consultation with the OIG throughout the disciplinary phase, until all proceedings were completed, except for those related to a writ?

  *The hiring authority failed to cooperate with the OIG regarding the settlement reached in this matter.*

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-05-16 | 11-2089-IR | 1. **Failure to Report** <br> 2. **Neglect of Duty** <br> 3. **Dishonesty** <br> 4. **Unreasonable Use of Force** | 1. **Sustained** <br> 2. **Sustained** <br> 3. **Not Sustained** <br> 4. **Not Sustained** | **Salary Reduction** | **Letter of Reprimand** |

## Incident Summary

On May 16, 2011, two officers allegedly used pepper spray and struck an inmate multiple times with a baton causing a fracture to his forearm. It was further alleged a lieutenant who had knowledge of the use of force and the fact that the inmate suffered a fractured forearm allegedly failed to obtain a videotaped interview of the inmate as required by the department's policies and procedures.

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegation that the lieutenant violated the department's policies and procedures and imposed a 5 percent salary reduction for three months. The hiring authority determined there was insufficient evidence to sustain the dishonesty allegation against the lieutenant. The hiring authority determined there was insufficient evidence to sustain the allegations against the officers. The OIG concurred with the hiring authority's determinations. The lieutenant filed an appeal with the State Personnel Board. Due to discrepancies concerning the date the lieutenant became aware of the inmate's injuries, the department entered into a settlement agreement with the lieutenant and agreed to reduce the penalty from a 5 percent salary reduction for three months to a letter of reprimand. The OIG concurred with the settlement because of the evidentiary problems.

## Disciplinary Assessment

The department sufficiently complied with policies and procedures.

**Rating: Sufficient**

# SOUTH REGION

| Incident Date | OIG Case Number | Allegations | Findings | Penalty |
|---|---|---|---|---|
| 2011-05-20 | 11-2375-IR | 1. Failure to Report<br>2. Unreasonable Use of Force<br>3. Discourteous Treatment | 1. Sustained<br>2. Sustained<br>3. Sustained | INITIAL: Salary Reduction    FINAL: No Change |

## Incident Summary

On May 20, 2011, it was alleged an officer used unauthorized and unreasonable force on a ward when he placed the ward in a choke hold. After the incident, the officer was allegedly overheard saying he almost put the ward "to sleep." It was also alleged the officer made intentionally misleading statements in his report of the incident regarding his application of force.

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegations and imposed a 10 percent salary reduction for 24 months. The officer filed an appeal with the State Personnel Board. Prior to the hearing the department entered into a settlement agreement with the officer wherein the penalty remained the same; however, the disciplinary action was to be removed from the officer's official personnel file two years early. The OIG did not concur with early removal of the disciplinary action because there were no changed circumstances, there was overwhelming evidence of the officer's culpability, and the officer continued to demonstrate a lack of understanding and conformity with the department's use-of-force policy. However, the terms of the settlement did not merit a higher level of review.

## Disciplinary Assessment                                    Rating: Insufficient

The hiring authority sufficiently complied with the department's policies and procedures, but the department attorney did not. The department attorney demonstrated a lack of understanding of the controlling use-of-force policy and its application to the facts. As a result, she provided erroneous advice to the hiring authority as to whether the allegations should be sustained and drafted a deficient disciplinary action. Additionally, the department attorney filed the pre-hearing settlement conference statement without providing a draft to the OIG and without the required information including the identification of a critical witness.

# SOUTH REGION

## Assessment Questions

- Did the VA provide appropriate legal consultation to the HA regarding the sufficiency of the investigation and investigative findings?

  *The department attorney did not have an adequate understanding of the department's use-of-force policy. As a result, she provided erroneous legal advice to the hiring authority concerning whether investigative findings should be sustained.*

- Was the draft disciplinary action provided to the OIG for review appropriately drafted as described in the DOM?

  *The draft disciplinary action was substantively inadequate because it failed to contain the relevant policy sections and the analysis of the facts and policy was incorrect. Additionally, the draft did not include all of the allegations.*

- Did the department file a written pre-hearing/settlement conference statement with the SPB containing all required information including, but not limited to, a summary of stipulated facts, time estimate, number of witness with a brief statement of expected testimony, list of documentary evidence, and statement of significant evidentiary issues?

  *The pre-hearing settlement conference statement did not identify an expert witness to testify to the pivotal question of whether the force used complied with department policies and procedures.*

- Was the OIG provided with a draft of the pre-hearing/settlement conference statement prior to it being filed?

  *The OIG did not receive a draft of the pre-hearing settlement conference statement prior to it being filed with the State Personnel Board.*

- If there was a settlement agreement, was the settlement consistent with the DOM factors?

  *There was no change of circumstances to warrant a settlement. Additionally, there was an overwhelming amount of evidence, including admissions made by the officer.*

- If the penalty was modified by department action or a settlement agreement, did OIG concur with the modification?

  *The OIG did not concur with the modification as there was no change in circumstances to support the settlement agreement. Additionally, the evidence against the officer was significant as there was a video of the incident, multiple staff witnesses who would testify in support of the allegations, and admissions by the officer. Moreover, the officer continued to demonstrate a lack of understanding of the use-of-force policy or a desire to conform his behavior to policy.*

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-06-28 | 11-2256-IR | 1. **Dishonesty** | 1. **Sustained** | **Dismissal** | **Resignation in Lieu of Termination** |

## Incident Summary
On June 28, 2011, an officer allegedly submitted a forged physical fitness medical verification form to the institution.

## Disposition
The hiring authority sustained the allegation and served the officer with a notice of dismissal. The officer filed an appeal with the State Personnel Board, but prior to the pre-hearing settlement conference, the department and officer entered into a settlement agreement wherein the officer agreed to resign in lieu of termination. The OIG agreed with the stipulation as the resignation in lieu of termination was not unreasonable.

## Disciplinary Assessment                    Rating: **Sufficient**
The department's disciplinary process sufficiently complied with policies and procedures.

# SOUTH REGION

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-07-29 | 11-2481-IR | 1. **Other Failure of Good Behavior**<br>2. **Controlled Substances - Marijuana**<br>3. **Dishonesty** | 1. **Sustained**<br>2. **Sustained**<br>3. **Not Sustained** | **Salary Reduction** | **No Change** |

## Incident Summary

On July 29, 2011, a search warrant was executed at a parole agent's home during which outside law enforcement officers found marijuana and numerous firearms allegedly belonging to her son. The parole agent allegedly interacted negatively with outside law enforcement when she slipped out of handcuffs they had placed on her. The parole agent was also allegedly dishonest during her interview with the Office of Internal Affairs when she denied hearing the officers knock on her door.

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegations that the parole agent knowingly tolerated marijuana being used in her home and exhibited failure of good behavior when she slipped out of her handcuffs while detained by outside law enforcement. The hiring authority imposed a 5 percent salary reduction for 24 months. The hiring authority determined there was insufficient evidence to sustain the dishonesty allegation. The parole agent filed an appeal with the State Personnel Board. Prior to State Personnel Board proceedings, the department entered into a settlement agreement with the parole agent wherein the penalty was reduced to a 5 percent salary reduction for 13 months because the parole agent apologized for her conduct at the *Skelly* hearing. The parole agent agreed to withdraw her appeal. The OIG found the settlement reasonable given the parole agent's remorse.

## Disciplinary Assessment

**Rating: Sufficient**

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-11-16 | 12-0639-IR | 1. **Unreasonable Use of Force** | 1. **Sustained** | **Letter of Reprimand** | **No Change** |

## Incident Summary

On November 16, 2011, an officer allegedly punched a handcuffed inmate in the face while the inmate refused orders to stop resisting. The inmate sustained minor injuries.

## Disposition

The hiring authority determined that the officer was justified in using force to get the inmate to stop resisting and comply with staff orders. However, the hiring authority concluded that the particular force used by the officer was not reasonable under the circumstances and, therefore, sustained the single allegation. Based on the fact that the officer promptly admitted and reported his conduct, had no prior disciplinary actions, did not act maliciously, and that the inmate received only minor injuries, the hiring authority imposed a letter of reprimand. The OIG concurred with the hiring authority's determinations. The officer did not file an appeal with the State Personnel Board.

## Disciplinary Assessment

**Rating: Insufficient**

The hiring authority and department attorney failed to comply with the department's policies and procedures. The hiring authority did not refer the matter to the Office of Internal Affairs until 82 days after the date of discovery. The department attorney was not familiar with the facts or allegations and, as a result, provided erroneous legal advice to the hiring authority in determining the allegations. The department attorney also advised the hiring authority to impose a penalty that was not supported by departmental policy.

# SOUTH REGION

## Assessment Questions

- Was the matter referred to the OIA as soon as reasonably practical, within 45 calendar days of the date of discovery?

  *The department learned of the misconduct on November 18, 2011; however, the matter was not referred to the Office of Internal Affairs until February 8, 2012, 82 days after the date of discovery.*

- Did the VA provide appropriate legal consultation to the HA regarding the sufficiency of the investigation and investigative findings?

  *The department attorney was not familiar with the facts and allegations and, as a result, provided the hiring authority with erroneous legal advice. The officer admitted he punched the inmate in the face. Three sworn staff likewise reported the officer's use of force. The institution's executive review committee found that the officer used unreasonable force. Nonetheless, the department attorney advised the hiring authority there was insufficient evidence to prove the allegation and counseled the hiring authority not to sustain the allegation.*

- Did the department attorney provide appropriate legal consultation to the HA regarding disciplinary determinations?

  *The department attorney advised the hiring authority to impose a penalty that was not supported by the department's policies and procedures. Further, the department attorney did not provide justification for the recommended penalty.*

- Did the department attorney provide to the HA and OIG written confirmation of penalty discussions?

  *The department attorney did not provide written confirmation of penalty discussions to the hiring authority and to the OIG.*

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-12-17 | 12-0958-IR | 1. Neglect of Duty<br>2. Dishonesty | 1. Sustained<br>2. Not Sustained | Salary Reduction | No Change |

### Incident Summary

On December 17, 2011, an officer allegedly falsely noted in the housing unit log that he had conducted security checks on wards when in fact he had not yet conducted the checks.

### Disposition

The hiring authority determined there was sufficient evidence to sustain the allegation of neglect of duty but did not sustain an allegation of dishonesty due to lack of sufficient evidence. The hiring authority determined that a salary reduction of 10 percent for 13 months was the appropriate penalty; however, the officer retired prior to the imposition of the penalty. A letter indicating the officer retired under adverse circumstances was placed in his official personnel file.

### Disciplinary Assessment

Rating: **Insufficient**

The hiring authority failed to comply with the department's policies and procedures governing the disciplinary process. The hiring authority failed to refer the matter to the Office of Internal Affairs in a timely manner. The disciplinary officer failed to make an entry into CMS confirming relevant dates, and the hiring authority failed to hold the investigative findings and disciplinary determinations in a timely manner despite numerous contacts by the OIG.

# SOUTH REGION

## Assessment Questions

- Was the matter referred to the OIA as soon as reasonably practical, within 45 calendar days of the date of discovery?

  *The department learned of the misconduct on December 17, 2011, but the hiring authority did not refer the matter to the Office of Internal Affairs until April 6, 2012, approximately four months after the date of discovery.*

- Did the disciplinary officer make an entry into CMS prior to the findings conference accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The disciplinary officer did not make any entry into CMS confirming relevant dates.*

- Did the HA timely consult with the OIG and department attorney (if applicable), regarding the sufficiency of the investigation and the investigative findings?

  *The hiring authority received the case from the Office of Internal Affairs on April 26, 2012; however, the consultation with the OIG regarding the sufficiency of the investigation and investigative findings did not occur until July 3, 2012, more than two months after receipt of the case.*

- Did the HA timely consult with the OIG and the department attorney (if applicable) regarding disciplinary determinations prior to making a final decision?

  *The hiring authority received the case from the Office of Internal Affairs on April 26, 2012; however, the consultation with the OIG regarding the disciplinary determinations did not occur until July 3, 2012, more than two months after receipt of the case.*

- Was the disciplinary phase conducted with due diligence by the department?

  *The hiring authority did not refer the matter to the Office of Internal Affairs in a timely manner. Additionally, the hiring authority failed to conduct the investigative findings and disciplinary determinations in a timely manner.*

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-12-31 | 12-1029-IR | 1. **Unreasonable Use of Force** | 1. **Sustained** | Letter of Reprimand | Letter of Instruction |

## Incident Summary

On December 31, 2011, a sergeant allegedly used unreasonable force when he used pepper spray on an inmate in his cell. The inmate was attempting to cover the cell window with a blanket.

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegation and served the sergeant with a letter of reprimand. The sergeant filed an appeal with the State Personnel Board. Prior to the State Personnel Board proceedings, the department entered into a settlement agreement with the sergeant wherein the penalty was withdrawn and the sergeant was served with a letter of instruction. The OIG did not concur with the settlement because there were no evidentiary issues that precluded disciplinary action and there were no changed circumstances to warrant settlement. However, the terms of the settlement did not merit a higher level of review.

## Disciplinary Assessment
Rating: **Insufficient**

The department failed to comply with policies and procedures governing the disciplinary process. The hiring authority failed to timely refer the matter to the Office of Internal Affairs, failed to timely consult with the OIG regarding the investigative findings and disciplinary determinations, and failed to consider departmental policy in deciding to settle. Also, the disciplinary officer failed to properly assess relevant deadlines and failed to provide the draft disciplinary action to the OIG.

# SOUTH REGION

## Assessment Questions

- Was the matter referred to the OIA as soon as reasonably practical, within 45 calendar days of the date of discovery?

  *The department learned of the misconduct on December 31, 2011, but the hiring authority did not refer the matter to the Office of Internal Affairs until April 23, 2012, almost four months after the date of discovery.*

- Did the disciplinary officer make an entry into CMS prior to the findings conference accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The disciplinary officer failed to make any entry into CMS regarding the relevant dates.*

- Did the HA timely consult with the OIG and department attorney (if applicable), regarding the sufficiency of the investigation and the investigative findings?

  *OIA Central Intake returned the case to the hiring authority for disciplinary action on May 9, 2012, but the hiring authority did not consult with the OIG until June 26, 2012, 49 days later.*

- Did the HA timely consult with the OIG and the department attorney (if applicable) regarding disciplinary determinations prior to making a final decision?

  *OIA Central Intake returned the case to the hiring authority for disciplinary action on May 9, 2012, but the hiring authority did not consult with the OIG until June 26, 2012, 49 days later.*

- Did the department attorney or disciplinary officer provide the OIG with a copy of the draft disciplinary action and consult with the OIG?

  *The disciplinary officer did not provide a copy of the draft disciplinary action to the OIG prior to the action being served.*

- If there was a settlement agreement, was the settlement consistent with the DOM factors?

  *The parties discussed possible settlement after a department attorney was assigned. The OIG objected to settlement because there were no changed circumstances to warrant a departure from the penalty imposed, nor were the settlement factors set forth in the department's policies and procedures discussed.*

- If the penalty was modified by department action or a settlement agreement, did OIG concur with the modification?

  *The OIG did not concur with the settlement agreement. During the discussions regarding possible settlement, the hiring authority acknowledged that the sergeant's actions violated departmental policy; however, the hiring authority agreed to the settlement despite also acknowledging there were no changed circumstances.*

- Was the disciplinary phase conducted with due diligence by the department?

  *The hiring authority delayed referring the matter to the Office of Internal Affairs and conducting the investigative findings and disciplinary determinations.*

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| **2012-01-05** | **12-0590-IR** | 1. **Discourteous Treatment** 2. **Other Failure of Good Behavior** | 1. **Sustained** 2. **Not Sustained** | INITIAL **Salary Reduction** | FINAL **No Change** |

## Incident Summary

On January 5, 2012, an officer allegedly pushed his wife, grabbed her by her arm, and poured a container of milk over her head. Outside law enforcement was dispatched to the incident and the officer was arrested for domestic violence; however, no criminal charges were filed.

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegation of discourteous treatment, but did not sustain the allegation of battery, and imposed a 5 percent salary reduction for three months. The officer did not file an appeal with the State Personnel Board.

## Disciplinary Assessment

Rating: **Sufficient**

Overall, the department sufficiently complied with policies and procedures.

# SOUTH REGION

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| 2012-04-04 | 12-0978-IR | 1. Other Failure of Good Behavior<br>2. Domestic Violence<br>3. Failure to Report | 1. Sustained<br>2. Sustained<br>3. Not Sustained | INITIAL<br>Suspension | FINAL<br>Salary Reduction |

## Incident Summary

On April 4, 2012, an officer threatened to "eat a bullet" during an argument with his fiancée. The fiancée left the residence but secured three firearms before her departure. When the fiancée returned the officer allegedly pushed and hit her, demanding the return of his firearms. The fiancée left the house and contacted outside law enforcement. When local, state, and federal law enforcement agents attempted to contact the officer, a standoff lasting approximately an hour ensued. The officer eventually surrendered without incident, but allegedly failed to notify the institution of his arrest.

## Disposition

The hiring authority sustained the allegations that the officer was involved in a domestic violence incident with his fiancée and refused to surrender to outside law enforcement, and imposed a 55 working-day suspension. The hiring authority determined there was insufficient evidence to sustain the allegation that the officer failed to report his arrest. Following a *Skelly* hearing, the hiring authority agreed to reduce the penalty to a five working-day suspension to be followed by a 10 percent salary reduction for 24 months, the equivalent of a 48 working-day suspension. The officer agreed not to file an appeal with the State Personnel Board. The OIG found the agreement to be reasonable because the overall penalty was not significantly reduced, and the officer was extremely apologetic and assured that there would not be a likelihood of recurrence.

## Disciplinary Assessment

Rating: **Sufficient**

The department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| 2012-04-12 | 12-1325-IR | 1. Neglect of Duty | 1. Sustained | INITIAL<br>Salary Reduction | FINAL<br>No Change |

## Incident Summary

On April 12, 2012, an officer allegedly fired three rounds from a less-lethal weapon at two fighting inmates rather than skip-firing the rounds off the ground as he had been trained.

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegation and imposed a 5 percent salary reduction for five months. However, following a *Skelly* hearing, the hiring authority agreed to reduce the penalty to a 5 percent salary reduction for three months because the officer acknowledged that his actions violated policy and he was remorseful. The officer agreed not to file an appeal with the State Personnel Board. The OIG found the settlement agreement reasonable based on the factors presented at the *Skelly* hearing.

## Disciplinary Assessment

Rating: **Insufficient**

The department's disciplinary process did not sufficiently comply with policies and procedures. The department failed to timely conduct the findings and penalty conference and delayed preparing the disciplinary action. Additionally, the employee relations officer failed to make an entry into CMS confirming relevant dates and failed to complete a CDCR Form 3021 regarding the settlement agreement.

# SOUTH REGION

## Assessment Questions

- Did the disciplinary officer make an entry into CMS prior to the findings conference accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The employee relations officer did not make any entry in CMS prior to the findings conference accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, or any exceptions to the deadline.*

- Did the HA timely consult with the OIG and department attorney (if applicable), regarding the sufficiency of the investigation and the investigative findings?

  *The case was returned to the hiring authority on June 1, 2012; however, the consultation with the OIG regarding the sufficiency of the investigation and the investigative findings did not occur until August 27, 2012, almost three months after receipt of the case.*

- Did the HA timely consult with the OIG and the department attorney (if applicable) regarding disciplinary determinations prior to making a final decision?

  *The case was returned to the hiring authority on June 1, 2012; however, the consultation with the OIG regarding disciplinary determinations did not occur until August 27, 2012, almost three months after receipt of the case.*

- If the case settled, did the department attorney or disciplinary officer properly complete the CDC Form 3021?

  *The employee relations officer did not complete CDC Form 3021.*

- Was the disciplinary phase conducted with due diligence by the department?

  *The hiring authority delayed conducting the findings and penalty conference and the employee relations officer delayed in preparing the disciplinary action. The findings and penalty conference was held almost three months after the case was returned to the hiring authority from OIA Central Intake, and the disciplinary action was finalized and served one day prior to the 30-day deadline to serve the officer.*

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2012-06-09 | 12-1859-IR | 1. Misuse of Authority<br>2. Intoxication - Driving Private Vehicle | 1. Sustained<br>2. Sustained | Salary Reduction | No Change |

### Incident Summary

On June 9, 2012, an officer allegedly drove under the influence while off duty. During his contact with outside law enforcement, the officer allegedly manipulated his wallet in a fashion to display his department badge, asked to be released without being arrested, and requested to resolve the matter by being given a ride to his residence by outside law enforcement.

### Disposition

The hiring authority determined there was sufficient evidence to sustain the allegations and imposed a 10 percent salary reduction for 24 months. The officer did not file an appeal with the State Personnel Board.

### Disciplinary Assessment

Rating: **Sufficient**

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2012-06-21 | 12-1862-IR | 1. Other Failure of Good Behavior | 1. Sustained | Salary Reduction | No Change |

### Incident Summary

On June 21, 2012, a sergeant allegedly threw a bowl and a chair at his girlfriend, pinned her against a wall, threw her onto the ground, and ripped her clothes off. The sergeant was arrested by outside law enforcement and charged with spousal battery.

# SOUTH REGION

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegation and imposed a 10 percent salary reduction for 24 months. The sergeant did not file an appeal with the State Personnel Board.

## Disciplinary Assessment

**Rating: Sufficient**

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2012-06-21 | 12-1902-IR | 1. **Other Failure of Good Behavior** 2. **Insubordination** | 1. **Sustained** 2. **Not Sustained** | **Salary Reduction** | **No Change** |

### Incident Summary

On June 21, 2012, an officer allegedly pushed his wife and closed a bathroom door on her leg, causing visible injuries. He was subsequently arrested by outside law enforcement. The officer contacted the institution and reported his arrest, whereupon a lieutenant instructed him to draft a memorandum regarding his arrest. The officer allegedly failed to submit a memorandum.

### Disposition

The hiring authority determined there was sufficient evidence to sustain the allegation that the officer caused injuries to his wife. The hiring authority determined there was insufficient evidence to sustain the allegation that the officer failed to submit a memorandum. The hiring authority imposed a 5 percent salary reduction for 18 months. The officer did not file an appeal with the State Personnel Board.

### Disciplinary Assessment

**Rating: Sufficient**

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2012-08-09 | 12-2117-IR | 1. **Discourteous Treatment** | 1. **Not Sustained** | **No Penalty Imposed** | **No Change** |

### Incident Summary

On August 9, 2012, a plumber allegedly reported to outside law enforcement that he desired to turn in his firearms before he took them to work and harmed co-workers and himself. The report caused the plumber to be detained on a psychiatric hold.

### Disposition

The hiring authority determined there was insufficient evidence to sustain the allegation. The OIG concurred with the hiring authority's determination.

### Disciplinary Assessment

**Rating: Insufficient**

The hiring authority and the Office of Internal Affairs failed to comply with the department's policies and procedures governing the disciplinary process in that they failed to recognize there was no reasonable suspicion that the plumber had committed misconduct and that this was not an appropriate case for disciplinary action. The plumber reported himself to outside law enforcement and was then detained on a psychiatric hold. The OIG did not concur with OIA Central Intake's decision to approve this case for direct action against the plumber.

# SOUTH REGION

## Assessment Questions

- Did OIA Central Intake make an appropriate initial determination regarding the case?

  *The case was opened even though there was no reasonable suspicion that the plumber had committed misconduct. The OIG's position was that OIA Central Intake should not have approved direct action in this matter.*

- Would the appropriate initial determination or reconsideration determination have been made by OIA Central Intake and/or OIA Chief without OIG intervention?

  *The case was opened even though there was no reasonable suspicion that the plumber had committed misconduct. The OIG made its position clear to OIA Central Intake; however, the decision was made to open the case.*

- Within 21 calendar days, did the department attorney make an entry into CMS accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The department attorney made an entry into CMS. However, she merely stated that she assessed the date of the incident, discovery date, and the deadline for taking disciplinary action without indicating the actual dates.*

# APPENDIX C                                                   85
# COMBINED PHASE CASE SUMMARIES

## CENTRAL REGION

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2010-09-19 | 12-2035-IR | 1.  Neglect of Duty | 1.  Exonerated | No Penalty Imposed | No Change |

### Incident Summary

From September 19, 2010, to February 1, 2012, two counselors and a supervising counselor allegedly failed to properly classify an inmate at an appropriate security level, thus allowing the inmate to be housed at an inappropriate security level. The inmate was later attacked by his cellmate, resulting in the inmate's death.

### Investigative Assessment                               Rating: Sufficient

Overall, the department's investigative process sufficiently complied with policies and procedures.

### Disposition

An investigation later revealed that the inmate was on a waiting list to be re-housed because there were no cells available for his appropriate security level. Additionally, the inmate required specific housing accommodations which made his housing placement more difficult. The hiring authority determined that the conduct did occur; however, the actions were justified, lawful, and proper. The OIG concurred with the hiring authority's determination.

### Disciplinary Assessment                               Rating: Sufficient

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2010-10-06 | 11-2378-IR | 1.  Neglect of Duty | 1.  Sustained | Letter of Reprimand | No Change |

### Incident Summary

Between October 6, 2010, and June 14, 2011, a sergeant allegedly allowed an inmate to type handwritten incident reports prepared by himself and various staff members. During that time, three officers and a supervising cook also allegedly allowed inmates to type their incident reports. The three officers, supervising cook, and two industrial supervisors allegedly signed typed copies of incident reports they submitted but did not prepare.

### Investigative Assessment                               Rating: Sufficient

Overall, the department's investigative process sufficiently complied with policies and procedures.

### Disposition

The hiring authority determined there was sufficient evidence to sustain the allegation against the sergeant and imposed a 5 percent salary reduction for 12 months. The sergeant filed an appeal with the State Personnel Board. Following a *Skelly* hearing, the hiring authority agreed to reduce the penalty to a 5 percent salary reduction for six months. The OIG found this agreement to be reasonable based on mitigating information presented at the *Skelly* hearing showing that the sergeant was remorseful and did not fully understand existing policies. The hiring authority also sustained the allegations against the three officers and the supervising cook, issuing letters of reprimand to each. The OIG concurred with these dispositions as the three officers and the supervising cook were less culpable since they were unaware that an inmate had been typing the reports. The two industrial supervisors fell under the jurisdiction of another hiring authority and their cases were forwarded to that hiring authority for proper disposition.

### Disciplinary Assessment                               Rating: Sufficient

Overall, the department sufficiently complied with policies and procedures.

# CENTRAL REGION

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-04-01 | 12-0578-IR | 1. **Dishonesty**<br>2. **Failure to Report**<br>3. **Unreasonable Use of Force**<br>4. **Neglect of Duty**<br>5. **Other Failure of Good Behavior**<br>6. **Discourteous Treatment** | 1. Sustained<br>2. Sustained<br>3. Sustained<br>4. Sustained<br>5. Sustained<br>6. Sustained | **Dismissal** | **Suspension** |

## Incident Summary

On April 1, 2011, and January 25, 2012, a fire captain allegedly used unreasonable force on an inmate and failed to report it. It was further alleged that the fire captain was dishonest when a special agent questioned him about his alleged use of force.

## Investigative Assessment                Rating: **Sufficient**

Overall, the department's investigative process sufficiently complied with policies and procedures.

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegations and served a notice of dismissal. The fire captain filed an appeal with the State Personnel Board. At the pre-hearing settlement conference, the department entered into a settlement agreement with the captain wherein the penalty was reduced to a 90 working-day suspension and two years of disciplinary probation, during which time the fire captain agreed to receive additional training on use of force, report writing, and over-familiarity as determined by the hiring authority. The dishonesty allegation was also withdrawn from the disciplinary action and the fire captain agreed to withdraw his appeal. The hiring authority agreed to a settlement because the fire captain had no prior disciplinary action, was remorseful, and expressed further insight into the reasons behind his misconduct, thereby lessening the risk of reoccurrence. Additionally, at the *Skelly* hearing and the pre-hearing settlement conference, some possible evidentiary issues were raised. The OIG did not concur, however, the terms of the settlement did not merit a higher level of review.

## Disciplinary Assessment                Rating: **Sufficient**

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-04-20 | 11-1818-IR | 1. **Neglect of Duty**<br>2. **Dishonesty**<br>3. **Unreasonable Use of Force** | 1. Sustained<br>2. Not Sustained<br>3. Exonerated | **Letter of Instruction** | **No Change** |

## Incident Summary

On April 20, 2011, an officer allegedly used unreasonable force when he struck an inmate on the wrist with a baton. The officer was also allegedly dishonest in his report about the incident. It was further alleged that a second officer witnessed the incident, failed to timely submit his report about the incident, and made dishonest statements in that report.

## Investigative Assessment                Rating: **Insufficient**

The Office of Internal Affairs failed to comply with the department's policies and procedures governing the investigative process. The investigation was completed with less than 35 days remaining before the deadline to take disciplinary action.

## Assessment Questions

- Was the investigation, or subject interview, completed at least 35 days before the deadline to take disciplinary action?

  *The deadline to take disciplinary action was May 3, 2012. The investigation was not completed until April 3, 2012, only 30 days before the deadline to take disciplinary action.*

# CENTRAL REGION

## Disposition

The hiring authority determined that the first officer did use force; however, the investigation revealed the actions were justified, lawful, and proper. The hiring authority also determined there was insufficient evidence to sustain an allegation of dishonesty against the first officer. The hiring authority determined there was sufficient evidence to sustain an allegation against the second officer for failing to timely submit his report and issued a letter of instruction. The hiring authority did not sustain the dishonesty allegation against the second officer.

## Disciplinary Assessment

**Rating:** Sufficient

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-05-01 | 12-0065-IR | 1. **Over-Familiarity** <br> 2. **Contraband** | 1. **Sustained** <br> 2. **Not Sustained** | **Salary Reduction** | **No Change** |

### Incident Summary

Between May 1, 2011, and November 17, 2011, an officer allegedly engaged in an overly familiar relationship by spending too much time with an inmate, discussing her private information with him, and providing that inmate with contraband such as musical compact discs, food, and work-out supplements. The officer also allegedly engaged in unnecessary physical contact with the inmate.

## Investigative Assessment

**Rating:** Sufficient

Overall, the department's investigative process sufficiently complied with policies and procedures.

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegation of over-familiarity and imposed a 5 percent salary reduction for 14 months, which the officer appealed to the State Personnel Board. Later, the officer withdrew her appeal. The hiring authority determined there was insufficient evidence to sustain the allegation that the officer provided the inmate with contraband.

## Disciplinary Assessment

**Rating:** Insufficient

The hiring authority failed to comply with the department's policies and procedures by failing to serve the officer within 30 days of the decision to take disciplinary action.

## Assessment Questions

- Was the disciplinary phase conducted with due diligence by the department?

  *The department failed to conduct the investigative findings and disciplinary determinations in a timely manner. Further, the decision to take disciplinary action was made on August 8, 2012; however, the officer was not served with the action until September 14, 2012, 37 calendar days later.*

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-06-18 | 12-1297-IR | 1. **Dishonesty** <br> 2. **Neglect of Duty** <br> 3. **Disclosure of Confidential Information** | 1. **Not Sustained** <br> 2. **Not Sustained** <br> 3. **Not Sustained** | **No Penalty Imposed** | **No Change** |

### Incident Summary

On June 18, 2011, two officers allegedly neglected their duties by asking and encouraging two inmates to assault a third inmate. It was further alleged that one of the officers disclosed confidential information to one of the assaultive inmates regarding the third inmate's commitment offense and falsified a rules violation report about the assault by omitting one of the participants in the assault.

# CENTRAL REGION

| Investigative Assessment | Rating: **Insufficient** |
|---|---|

The Office of Internal Affairs and the hiring authority failed to comply with the department's policies and procedures governing the investigative process. The hiring authority delayed referring the matter to the Office of Internal Affairs. The Office of Internal Affairs failed to provide a draft investigative report to the OIG to allow for feedback and completed the investigation only eight days before the deadline to take disciplinary action.

## Assessment Questions

- Was the matter referred to OIA as soon as reasonably practical, within 45 calendar days of the date of discovery?

  *The department learned of the misconduct on December 13, 2011, but the hiring authority did not refer the matter to the Office of Internal Affairs until May 3, 2012, 142 days after the date of discovery.*

- Upon completion of the investigation, was a draft copy of the investigative report timely forwarded to the OIG to allow for feedback before it was forwarded to the HA or prosecuting agency?

  *A copy of the investigative report was not forwarded to the OIG to allow for feedback before it was forwarded to the hiring authority.*

- Was the investigation, or subject interview, completed at least 35 days before the deadline to take disciplinary action?

  *The deadline for taking disciplinary action was December 11, 2012. The investigation was completed on December 3, 2012, only eight days before the deadline.*

## Disposition

The hiring authority determined there was insufficient evidence to sustain the allegations. The OIG concurred with the hiring authority's determination.

| Disciplinary Assessment | Rating: **Sufficient** |
|---|---|

The department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-06-23 | 12-2046-IR | 1. Over-Familiarity | 1. Not Sustained | No Penalty Imposed | No Change |

## Incident Summary

On June 23, 2011, a lieutenant allegedly ordered two inmates to assault a third inmate so that the third inmate would be removed from the building where he was housed. The two inmates allegedly subcontracted the assault to fourth and fifth inmates. On June 24, 2011, the fourth and fifth inmates assaulted the third inmate while on the exercise yard.

| Investigative Assessment | Rating: **Insufficient** |
|---|---|

The department's investigative process failed to comply with policies and procedures. The Office of Internal Affairs completed the investigation only 13 days before the deadline to take disciplinary action and the department attorney failed to properly document assessing the deadline for taking disciplinary action.

## Assessment Questions

- Within 21 calendar days, did the department attorney make an entry into CMS accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The department attorney made an entry into CMS. However, he merely stated that he assessed the date of the incident, discovery date, and the deadline for taking disciplinary action without indicating the actual dates.*

- Was the investigation, or subject interview, completed at least 35 days before the deadline to take disciplinary action?

  *The investigative report was completed and submitted to the hiring authority with only 13 days left before the deadline to take disciplinary action.*

## Disposition

The hiring authority determined there was insufficient evidence to sustain the allegation as the only evidence in support of the allegation was conflicting inmate testimony. The OIG concurred with the hiring authority's determination.

# CENTRAL REGION

| Disciplinary Assessment | Rating: Sufficient |
|---|---|
| Overall, the department sufficiently complied with policies and procedures. | |

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-08-10 | 11-2880-IR | 1. **Failure to Report** <br> 2. **Unreasonable Use of Force** | 1. **Not Sustained** <br> 2. **Not Sustained** | **No Penalty Imposed** | **No Change** |

### Incident Summary

On August 10, 2011, an officer allegedly slammed an inmate into several dayroom tables, causing the inmate to fall to the floor. Additionally, two other officers allegedly witnessed the incident and failed to report it.

| Investigative Assessment | Rating: Insufficient |
|---|---|
| The Office of Internal Affairs and the hiring authority failed to comply with the department's policies and procedures governing the investigative process. The hiring authority did not refer the matter to the Office of Internal Affairs in a timely manner, and the Office of Internal Affairs did not timely complete the investigation. | |

### Assessment Questions

- Was the matter referred to OIA as soon as reasonably practical, within 45 calendar days of the date of discovery?

  *The date of discovery was August 10, 2011; however, the hiring authority did not refer the matter to the Office of Internal Affairs until October 31, 2011, 82 days after the date of discovery.*

- Was the investigation, or subject interview, completed at least 35 days before the deadline to take disciplinary action?

  *The deadline to take disciplinary action was August 9, 2011. The investigation was completed on July 18, 2012, only 22 days before the deadline to take disciplinary action.*

### Disposition

The hiring authority determined there was insufficient evidence to sustain the allegations. The OIG concurred with the hiring authority's determination.

| Disciplinary Assessment | Rating: Sufficient |
|---|---|
| Overall, the department sufficiently complied with policies and procedures. | |

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-09-01 | 12-0999-IR | 1. **Unreasonable Use of Force** <br> 2. **Neglect of Duty** <br> 3. **Discourteous Treatment** | 1. **Not Sustained** <br> 2. **Not Sustained** <br> 3. **Not Sustained** | **No Penalty Imposed** | **No Change** |

### Incident Summary

Between September 2011 and December 2011, two officers allegedly called inmates derogatory names and made racial slurs, denied or tampered with inmate food trays, denied inmate showers, and delayed distribution of mail to inmates. In November 2011, the two officers also allegedly unnecessarily yanked on an inmate's waist-restraints, slammed his food port, and used a racial slur. Then in December 2011, one of those two officers also allegedly caused injury to an inmate when she pulled on the inmate's handcuffs through the food port.

| Investigative Assessment | Rating: Sufficient |
|---|---|
| Overall, the department's investigative process sufficiently complied with policies and procedures. | |

# CENTRAL REGION

## Disposition

The hiring authority determined there was insufficient evidence to sustain the allegations against either of the officers. The OIG concurred with the hiring authority's determination.

## Disciplinary Assessment

**Rating: Sufficient**

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-09-06 | 11-3108-IR | 1. Failure to Report | 1. Sustained | No Penalty Imposed | No Change |

## Incident Summary

On September 6, 2011, a control booth officer, two escorting officers, and a responding officer allegedly falsified their incident reports by deliberately omitting from their reports that an inmate who attacked one of the escorting officers was not in restraints.

## Investigative Assessment

**Rating: Insufficient**

The Office of Internal Affairs and department attorney failed to comply with the department's policies and procedures governing the investigative process. OIA Central Intake failed to timely make a determination regarding the request for investigation and the Office of Internal Affairs completed the investigation only 17 days before the deadline to take disciplinary action. Additionally, the department attorney failed to timely assess key dates, and failed to timely contact the special agent and the OIG regarding elements of a thorough investigation.

## Assessment Questions

- Did OIA Central Intake make a determination regarding the case within 30 calendar days?

  *OIA Central Intake received the request for investigation on October 17, 2011, but did not take action until December 21, 2011, 65 days after receipt of the request.*

- Within 21 calendar days, did the department attorney make an entry into CMS accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The department attorney was assigned on January 4, 2012, but did not make an entry into CMS regarding the deadline for taking disciplinary action until February 23, 2012, 50 calendar days after assignment.*

- No later than 21 calendar days following assignment of the case, did the department attorney contact the assigned special agent and the monitor to discuss the elements of a thorough investigation of the alleged misconduct?

  *The department attorney was assigned to this case on January 4, 2012, but did not contact the assigned special agent and monitor to discuss the elements of a thorough investigation until February 23, 2012, 50 calendar days after assignment.*

- Was the investigation, or subject interview, completed at least 35 days before the deadline to take disciplinary action?

  *The report was completed and submitted to the hiring authority on August 29, 2012, 17 days before the deadline to take action disciplinary action.*

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegations against the control booth officer and dismissed him. The control booth officer filed an appeal with the State Personnel Board. Prior to the State Personnel Board proceedings, the department and the control booth officer entered into a settlement agreement reducing the penalty to a 60 working-day suspension without pay. The OIG concurred because a critical witness required to prove the case at hearing was no longer available. The hiring authority also sustained allegations against both of the escorting officers, determining that dismissals were appropriate penalties for each. However, one of the escorting officers retired prior to the completion of the investigation; therefore, disciplinary action was not taken. The other escorting officer resigned after the investigation was completed, but prior to the effective date of the dismissal. Letters indicating that the escorting officers left under unfavorable conditions were placed in each of their official personnel files. The hiring authority did not sustain the allegation against the responding officer.

## Disciplinary Assessment

**Rating: Sufficient**

Overall, the department sufficiently complied with policies and procedures.

# CENTRAL REGION

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| **2011-09-09** | **12-0411-IR** | 1. **Failure to Report** <br> 2. **Unreasonable Use of Force** | 1. **Exonerated** <br><br> 2. **Exonerated** | INITIAL <br> **No Penalty Imposed** | FINAL <br> **No Change** |

## Incident Summary

On September 09, 2011, an officer allegedly used unreasonable force while restraining an inmate who had become combative with a nurse. It was also alleged that the officer and another officer failed to accurately and completely report the incident.

## Investigative Assessment
Rating: **Sufficient**

The department's investigative process sufficiently complied with policies and procedures. The special agent's report was thorough and provided the hiring authority with sufficient information to properly assess the allegations.

## Disposition

The hiring authority determined that the conduct did occur; however, the investigation revealed the actions were justified, lawful, and proper. The OIG concurred with the hiring authority's determination.

## Disciplinary Assessment
Rating: **Sufficient**

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| **2011-09-10** | **12-0494-IR** | 1. **Neglect of Duty** | 1. **Sustained** | INITIAL <br> **Letter of Instruction** | FINAL <br> **No Change** |

## Incident Summary

On September 10, 2011, two floor officers and a control booth officer allegedly observed two inmates fighting. The control booth officer allegedly pointed a less-lethal weapon at the inmates, causing the inmates to stop fighting. As a result of the fight, one inmate sustained a black eye and the other inmate sustained a scratch on the stomach. The officers allegedly allowed the inmates to shower and return to their cells without a medical evaluation. The officers also allegedly failed to document or immediately report the incident to a supervisor. One of the officers told a fourth officer about the undocumented, unreported fight. It was alleged that the fourth officer also failed to report it.

## Investigative Assessment
Rating: **Sufficient**

The department's investigative process sufficiently complied with policies and procedures.

## Disposition

The hiring authority sustained allegations against the control booth officer for failing to report a suspected fight between the inmates and failing to report that he pointed a less-lethal weapon at the inmates, and imposed a letter of instruction. No other allegations were sustained against the control booth officer. The hiring authority did not sustain any allegations against the other officers.

## Disciplinary Assessment
Rating: **Sufficient**

Overall, the department sufficiently complied with policies and procedures.

# CENTRAL REGION

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| 2011-09-18 | 12-0280-IR | 1. **Neglect of Duty** 2. **Other Failure of Good Behavior** 3. **Discourteous Treatment** | 1. **Sustained** 2. **Not Sustained** 3. **Not Sustained** | **INITIAL** Letter of Instruction | **FINAL** No Change |

## Incident Summary

On September 18, 2011, an officer allegedly allowed an inmate to be assaulted by another inmate. It was also alleged that a sergeant and the officer were discourteous when they openly discussed the "sex offender" status of an inmate while on the building dayroom floor. The officer and two other officers allegedly failed to appropriately document the incident, and the lieutenant and sergeant allegedly failed to ensure the assault was appropriately documented.

## Investigative Assessment                    Rating: Sufficient

Overall, the department's investigative process sufficiently complied with policies and procedures. The special agent's report was thorough and provided the hiring authority with sufficient information to properly assess the allegations.

## Disposition

The hiring authority determined there was sufficient evidence to sustain a neglect of duty allegation against the sergeant for not ensuring proper reporting of the incident, and imposed a letter of instruction. The hiring authority determined there was insufficient evidence to sustain the remaining allegations against the lieutenant, sergeant, and officers.

## Disciplinary Assessment                    Rating: Sufficient

The department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| 2011-09-20 | 11-2731-IR | 1. **Neglect of Duty** 2. **Unreasonable Use of Force** | 1. **Sustained** 2. **Not Sustained** | **INITIAL** Letter of Instruction | **FINAL** No Change |

## Incident Summary

On September 20, 2011, an inmate refused to go to his new cell assignment. A sergeant allegedly counseled that inmate in a patio area, then left the scene while it was still volatile, contrary to the institution's policies and procedures. Two officers were then instructed to escort the inmate. It was alleged that those two officers allegedly threw the inmate to the ground while the inmate was in handcuffs and in a kneeling position.

## Investigative Assessment                    Rating: Sufficient

The department's investigative process sufficiently complied with policies and procedures. The special agent's report was thorough and provided the hiring authority with sufficient information to properly assess the allegations.

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegation against the sergeant and issued a letter of instruction. The hiring authority determined there was insufficient evidence to sustain the allegations against the two officers.

## Disciplinary Assessment                    Rating: Sufficient

Overall, the department sufficiently complied with policies and procedures.

# CENTRAL REGION

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-10-06 | 11-3185-IR | 1. **Other Failure of Good Behavior** | 1. **Not Sustained** | **No Penalty Imposed** | **No Change** |

## Incident Summary
On October 6, 2011, an officer allegedly grabbed his wife by the neck and forcibly sodomized her. On October 12, 2011, the officer's wife reported the alleged incident to outside law enforcement, resulting in the officer's arrest that same day. The officer's wife refused further investigative interviews and no further corroborating evidence was available.

## Investigative Assessment — Rating: **Sufficient**
The department's investigative process sufficiently complied with policies and procedures. The special agent's report was thorough and provided the hiring authority sufficient information to properly assess the allegations.

## Disposition
The hiring authority determined there was insufficient evidence to sustain the allegations. The OIG concurred with the hiring authority's determination.

## Disciplinary Assessment — Rating: **Sufficient**
The department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-11-19 | 12-0418-IR | 1. **Dishonesty**<br>2. **Neglect of Duty** | 1. **Sustained**<br>2. **Sustained** | **No Penalty Imposed** | **No Change** |

## Incident Summary
On November 19, 2011, and November 21, 2011, a licensed vocational nurse allegedly failed to follow proper procedure for the destruction or loss of narcotics and falsified narcotic destruction records. On November 25, 2011, and November 26, 2011, she again allegedly failed to follow the proper procedure regarding the loss or destruction of narcotics. Additionally, on February 13, 2011, the licensed vocational nurse allegedly submitted false information on her department employment application.

## Investigative Assessment — Rating: **Sufficient**
The department's investigative process sufficiently complied with policies and procedures.

## Disposition
The hiring authority determined there was sufficient evidence to sustain the allegations. The licensed vocational nurse was a new employee and, therefore, on probationary status. The hiring authority ended her employment with the department; however, she resigned prior to the completion of the investigation and before the actual discipline could be imposed. A letter indicating the licensed vocational nurse resigned under adverse circumstances was placed in her official personnel file.

## Disciplinary Assessment — Rating: **Sufficient**
The department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-12-16 | 12-0741-IR | 1. **Neglect of Duty** | 1. **Not Sustained** | **No Penalty Imposed** | **No Change** |

## Incident Summary
On December 16, 2011, a vehicle sally port officer allegedly failed to properly process an outbound inmate on an inmate transport bus. The inmate, who was supposed to be transported to court, was placed on a bus destined for another institution.

## Investigative Assessment — Rating: **Sufficient**
Overall, the department's investigative process sufficiently complied with policies and procedures.

# CENTRAL REGION

## Disposition

The hiring authority determined there was insufficient evidence to sustain the allegations. However, the hiring authority provided training to clarify the duties of vehicle sally port officers. The OIG concurred with the hiring authority's determination.

## Disciplinary Assessment

Rating: **Sufficient**

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-12-21 | 12-0414-IR | 1. Neglect of Duty | 1. Sustained | Salary Reduction | Letter of Reprimand |

### Incident Summary

On December 21, 2011, a sergeant allegedly failed to take appropriate action after receiving information that a specific inmate's safety may be in jeopardy. Later that same day, three inmates attacked the first inmate.

### Investigative Assessment

Rating: **Sufficient**

Overall, the department's investigative process sufficiently complied with policies and procedures.

### Disposition

The hiring authority determined there was sufficient evidence to sustain the allegation and imposed a 10 percent salary reduction for 12 months. The sergeant filed an appeal with the State Personnel Board. However, following a *Skelly* hearing, the hiring authority agreed to reduce the penalty to a letter of reprimand. The OIG found the agreement to be reasonable based on a report that was not considered during the investigation and was provided at the *Skelly* hearing, which lessened the sergeant's culpability.

### Disciplinary Assessment

Rating: **Sufficient**

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2012-02-07 | 12-0995-IR | 1. Dishonesty | 1. Not Sustained | No Penalty Imposed | No Change |

### Incident Summary

On February 7, 2012, a lieutenant was allegedly dishonest by altering the date on a rules violation report. It was also alleged that an officer was dishonest by making the same alteration.

### Investigative Assessment

Rating: **Sufficient**

Overall, the department's investigative process sufficiently complied with policies and procedures.

### Disposition

The hiring authority determined there was insufficient evidence to sustain allegations against the lieutenant and the officer. Although no allegations were sustained, the hiring authority advised that general training would be given to staff regarding making corrections to documents. The OIG concurred with the hiring authority's determinations.

### Disciplinary Assessment

Rating: **Sufficient**

Overall, the department sufficiently complied with policies and procedures.

# CENTRAL REGION

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2012-02-24 | 12-0835-IR | 1.  Discourteous Treatment | 1.  Not Sustained | No Penalty Imposed | No Change |

### Incident Summary
On February 24, 2012, an officer reported to a sergeant's supervisor that the sergeant was 15 minutes late to his work post. At the time, the officer could see the sergeant just outside the work post, speaking with a counselor. The sergeant and the officer then allegedly exchanged some angry words. Additionally, the sergeant was allegedly discourteous towards the officer when he said "thanks for ratting me out" and allegedly called the officer a "rat." Both the sergeant and the officer held leadership roles, at the time, in local professional associations and the sergeant alleged the officer was promoting the agenda of the officer's professional association, targeting the sergeant because the sergeant recently counseled another officer. Later that same day, both the sergeant and the officer were each issued letters of expectation, advising both to be courteous to each other.

### Investigative Assessment
Rating: **Sufficient**

Overall, the department's investigative process sufficiently complied with policies and procedures.

### Disposition
The hiring authority determined there was insufficient evidence to sustain the allegation. The OIG concurred with the hiring authority's determination because of credibility and culpability issues.

### Disciplinary Assessment
Rating: **Sufficient**

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2012-03-12 | 12-1042-IR | 1.  Dishonesty | 1.  Exonerated | No Penalty Imposed | No Change |

### Incident Summary
On March 12, 2012, an officer allegedly falsified a rules violation report against an inmate by submitting a forged signature on the form.

### Investigative Assessment
Rating: **Sufficient**

The department's investigative process sufficiently complied with policies and procedures.

### Disposition
The hiring authority determined that the conduct did occur; however, the investigation revealed the actions were justified, lawful, and proper. The OIG concurred with the hiring authority's determination.

### Disciplinary Assessment
Rating: **Sufficient**

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2012-05-15 | 12-1515-IR | 1.  Other Failure of Good Behavior<br>2.  Dishonesty | 1.  Sustained<br>2.  Not Sustained | Letter of Instruction | No Change |

### Incident Summary
On May 15, 2012, an off-duty officer allegedly had an altercation with his wife over a set of car keys, resulting in a scratch to his wife's finger and bicep. Additionally, on May 16, 2012, the officer allegedly provided false information about the incident in a memorandum he submitted to a supervisor.

### Investigative Assessment
Rating: **Sufficient**

Overall, the department's investigative process sufficiently complied with policies and procedures.

# CENTRAL REGION

## Disposition

The hiring authority determined there was sufficient evidence to sustain an allegation for the off-duty altercation and issued a letter of instruction. The hiring authority determined there was insufficient evidence to sustain the dishonesty allegation.

## Disciplinary Assessment

Rating: **Sufficient**

Overall, the department sufficiently complied with policies and procedures.

# HEADQUARTERS

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| **2011-08-28** | **12-0635-IR** | 1. **Neglect of Duty** | 1. **Sustained** | INITIAL<br>**Salary Reduction** | FINAL<br>**Letter of Reprimand** |

## Incident Summary

On August 28, 2011, an officer assigned to the investigative services unit allegedly mishandled evidence gathered after a surveillance operation in which two citizens were arrested. During the surveillance operation, an individual was observed entering prison grounds and dropping a large plastic bag. The investigative services unit confiscated the bag which contained mobile phones, methamphetamine, heroin, marijuana, and other contraband. An officer from the investigative services unit was assigned to process the evidence. On February 9, 2012, a deputy district attorney notified the investigative services unit that the confiscated heroin was not included with the other evidence that was forwarded to their office. In addition to the initial allegation of mishandling evidence, during the investigation conducted by the Office of Internal Affairs, it was discovered that another officer and a sergeant allegedly failed to follow policies regarding evidence chain of custody.

## Investigative Assessment                    Rating: **Sufficient**

The department's investigative process sufficiently complied with policies and procedures.

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegations. The hiring authority imposed a 5 percent salary reduction for six months against the officer and the sergeant who did not properly document the chain of evidence. The hiring authority imposed a 5 percent salary reduction for three months against the officer who mishandled the evidence. However, following the *Skelly* hearings, the hiring authority reduced all of the penalties to letters of reprimand. The OIG concurred with all three reductions in penalties due to information presented at the *Skelly* hearings. The officer who mishandled the evidence presented information regarding the circumstances surrounding the incident that had been previously unknown. In addition, he accepted full responsibility and had sought additional training to prevent future occurrences. The officer who failed to follow the chain of evidence policies presented numerous letters of appreciation from supervisors showing she was an exemplary employee and she accepted full responsibility. The sergeant presented two letters of appreciation from lieutenants describing him as an exemplary employee, and he was remorseful and accepted full responsibility for his actions. Neither the officers nor the sergeant filed appeals with the State Personnel Board.

## Disciplinary Assessment                    Rating: **Sufficient**

The department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| **2011-10-17** | **12-1470-IR** | 1. **Contraband**<br>2. **Over-Familiarity**<br>3. **Disclosure of Confidential Information**<br>4. **Dissuading the Reporting of Misconduct** | 1. **Sustained**<br>2. **Not Sustained**<br>3. **Not Sustained**<br>4. **Unfounded** | INITIAL<br>**Letter of Reprimand** | FINAL<br>**No Change** |

## Incident Summary

On October 17, 2011, it was alleged a lieutenant from the investigative services unit dissuaded an inmate from reporting alleged staff misconduct and an officer from the investigative services unit inappropriately provided confidential information to custody staff. Another officer and an industrial supervisor allegedly were overly familiar with inmates and provided them with contraband.

## Investigative Assessment                    Rating: **Insufficient**

The department failed to comply with policies and procedures governing the investigative process. The hiring authority failed to timely refer the matter for investigation and the Office of Internal Affairs failed to make a timely determination. The department attorney failed to accurately record required deadlines in the case management system. The investigation was not completed until 14 days before the deadline to take disciplinary action.

# HEADQUARTERS

## Assessment Questions

- Was the matter referred to OIA as soon as reasonably practical, within 45 calendar days of the date of discovery?

  *The hiring authority learned of the alleged misconduct on October 26, 2011, but the hiring authority did not refer the matter to OIA Central Intake until December 19, 2011, 54 days after the date of discovery.*

- Did OIA Central Intake make a determination regarding the case within 30 calendar days?

  *OIA Central Intake received the request for an investigation on December 22, 2011, but did not take action until February 1, 2012, 41 days after the receipt of the request.*

- Within 21 calendar days, did the department attorney make an entry into CMS accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The department attorney made an entry into CMS within 21 days of being assigned the case; however, she did not accurately confirm the date of the reported incident, the date of discovery, or the deadline for taking disciplinary action.*

- Was the investigation, or subject interview, completed at least 35 days before the deadline to take disciplinary action?

  *The deadline to take disciplinary action was October 17, 2012. The investigation was completed on October 3, 2012, only 14 days before the deadline.*

## Disposition

The hiring authority determined there was insufficient evidence to sustain any of the allegations except for an allegation that an officer brought chewing tobacco into the institution for his own use. The OIG concurred with the hiring authority's determinations. However, the hiring authority determined that disciplinary action should not be imposed against the officer and instead chose to impose corrective action in the form of a letter of instruction. The department attorney did not agree with the corrective action, but did not seek a higher level of review. The OIG requested a higher level of review during which the department determined that disciplinary action would be imposed with a penalty of a letter of reprimand. The OIG did not agree with the higher level of review decision, but did not seek further review due to the impending deadline to take disciplinary action. The officer did not file an appeal with the State Personnel Board.

## Disciplinary Assessment

**Rating: Insufficient**

The hiring authority failed to comply with policies and procedures governing the disciplinary process. The hiring authority chose not to impose disciplinary action but instead chose corrective action. At the higher level of review, the hiring authority's supervisor imposed a letter of reprimand when departmental policy called for a higher penalty.

## Assessment Questions

- Did the HA, who participated in the disciplinary conference, select the appropriate penalty based on the sustained allegations?

  *The hiring authority did not select the appropriate penalty based upon the sustained allegation. The penalty based upon the department's policies ranged from a salary reduction of 5 percent for three months or a suspension without pay for three working-days, to a salary reduction of 10 percent for 24 months or suspension without pay for 48 working-days. The hiring authority chose not to impose any disciplinary action; instead, he imposed a letter of instruction, which is corrective action. The OIG did not agree and requested that the corrective action not be imposed pending a higher level of review.*

- Did the department attorney provide to the HA and OIG written confirmation of penalty discussions?

  *The department attorney did not provide the hiring authority and the OIG written confirmation of penalty discussions.*

- If an executive review occurred, was the appropriate decision made at the executive review?

  *The hiring authority's supervisor did not make an appropriate decision at the higher level of review, choosing to impose a letter of reprimand. The penalty range based upon departmental policy was a salary reduction of 5 percent for three months or a suspension without pay for three working-days, to a salary reduction of 10 percent for 24 months or suspension without pay for 48 working-days.*

# HEADQUARTERS

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| 2011-10-25 | 12-1572-IR | 1. Neglect of Duty | 1. Exonerated | INITIAL<br>No Penalty Imposed | FINAL<br>No Change |

### Incident Summary
It was alleged that on October 25, 2011, a lieutenant, a sergeant, and two officers provided inmates with tobacco from an evidence locker in exchange for information regarding inmate activities.

### Investigative Assessment
Rating: **Sufficient**

Overall, the department's investigative process sufficiently complied with policies and procedures.

### Disposition
For the lieutenant, sergeant, and one officer the hiring authority determined that the investigation conclusively proved the misconduct did not occur. For the second officer, the hiring authority determined that the conduct did occur; however, the investigation revealed that the actions were justified, lawful, and proper. The OIG concurred with the hiring authority's determinations.

### Disciplinary Assessment
Rating: **Sufficient**

Overall, the department's disciplinary process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| 2012-01-05 | 12-0517-IR | 1. Other Failure of Good Behavior<br>2. Discourteous Treatment | 1. Sustained<br>2. Sustained | INITIAL<br>Salary Reduction | FINAL<br>No Change |

### Incident Summary
On January 5, 2012, an employee relations officer was on the grounds of a private government contractor. The employee relations officer was allegedly discourteous to security personnel when they asked him to show his identification. He allegedly refused to show his identification, referred to the security personnel in a derogatory manner, yelled obscenities, and became physically aggressive.

### Investigative Assessment
Rating: **Sufficient**

The department's investigative process sufficiently complied with policies and procedures.

### Disposition
The hiring authority determined there was sufficient evidence to sustain the allegations and imposed a 5 percent salary reduction for three months. The employee relations officer did not file an appeal with the State Personnel Board.

### Disciplinary Assessment
Rating: **Sufficient**

The department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| 2012-01-28 | 12-1695-IR | 1. Misuse of State Equipment or Property | 1. Unfounded | INITIAL<br>No Penalty Imposed | FINAL<br>No Change |

### Incident Summary
It was alleged that on January 28, 2012, two senior special agents and two special agents from the Office of Internal Affairs allowed non-employee family members to shoot department and personally owned weapons at a training range, using department ammunition.

### Investigative Assessment
Rating: **Sufficient**

The department's investigative process sufficiently complied with policies and procedures. The special agent's report was thorough and provided the hiring authority with sufficient information to properly assess the allegations.

# HEADQUARTERS

## Disposition

The hiring authority determined that the investigation conclusively proved the misconduct did not occur. The OIG concurred with the hiring authority's determinations.

## Disciplinary Assessment

**Rating: Sufficient**

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty |
|---|---|---|---|---|
| 2012-02-17 | 12-0518-IR | 1. Misuse of Authority<br>2. Neglect of Duty<br>3. Discourteous Treatment | 1. Unfounded<br>2. Unfounded<br>3. Unfounded | **INITIAL** No Penalty Imposed    **FINAL** No Change |

### Incident Summary

On February 17, 2012, a regional parole administrator allegedly subjected a parole agent supervisor to duress when he locked her in a conference room with several other employees and forced her to discuss complaints she had filed against them.

## Investigative Assessment

**Rating: Sufficient**

Overall, the department's investigative process sufficiently complied with policies and procedures.

## Disposition

The hiring authority determined that the investigation conclusively proved the misconduct did not occur. The OIG concurred with the hiring authority's determination.

## Disciplinary Assessment

**Rating: Sufficient**

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty |
|---|---|---|---|---|
| 2012-03-30 | 12-1468-IR | 1. Misuse of Authority<br>2. Dishonesty | 1. Sustained<br>2. Not Sustained | **INITIAL** Dismissal    **FINAL** No Change |

### Incident Summary

On March 30, 2012, it was alleged that a warden was having unprofessional relationships with custody and office staff at the institution. In particular, it was alleged that the warden was having an affair with a labor relations analyst whom he allowed to be absent from work on nine occasions without requiring her to use leave credits. The labor relations analyst was also allegedly dishonest for falsifying her time sheets, and the hiring authority was allegedly dishonest for approving the false time sheets.

## Investigative Assessment

**Rating: Sufficient**

The department's investigative process sufficiently complied with policies and procedures. The special agent's report was thorough and provided the hiring authority with sufficient information to properly assess the allegations.

## Disposition

The hiring authority sustained the allegation that the warden engaged in an inappropriate relationship with a subordinate employee. The hiring authority did not sustain the allegation of dishonesty against either the warden or the labor relations analyst. The hiring authority determined dismissal was the appropriate penalty for the warden; however, the warden retired prior to the completion of the investigation. Disciplinary action was not taken. A letter indicating the warden retired under adverse circumstances was placed in his official personnel file.

## Disciplinary Assessment

**Rating: Sufficient**

The department sufficiently complied with policies and procedures.

# HEADQUARTERS

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2012-04-05 | 12-1099-IR | 1. Discourteous Treatment<br>2. Other Failure of Good Behavior | 1. Sustained<br>2. Not Sustained | Salary Reduction | No Change |

## Incident Summary

On April 5, 2012, it was alleged that an officer grabbed his wife's arm and waist during an argument and would not let her leave the house. The officer also allegedly brandished a firearm and attempted to dissuade witnesses from calling outside law enforcement. The officer was arrested for allegations of domestic violence and false imprisonment, which the district attorney's office declined to pursue.

## Investigative Assessment
**Rating: Sufficient**

Overall, the department's investigative process sufficiently complied with policies and procedures.

## Disposition

The hiring authority sustained the allegation of discourteous treatment, but did not sustain any other allegations, and imposed a 5 percent salary reduction for six months. The OIG concurred with the hiring authority's determinations. The officer did not file an appeal with the State Personnel Board.

## Disciplinary Assessment
**Rating: Sufficient**

Overall, the department's disciplinary process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2012-04-14 | 12-1098-IR | 1. Neglect of Duty | 1. Not Sustained | No Penalty Imposed | No Change |

## Incident Summary

On April 14, 2012, a special agent of the Office of Internal Affairs allegedly failed to notify his supervisors of his intent to testify as a paid expert witness in litigation involving a department employee regarding departmental policy.

## Investigative Assessment
**Rating: Sufficient**

The department's investigative process sufficiently complied with policies and procedure.

## Disposition

The hiring authority determined there was insufficient evidence to sustain the allegations. The OIG concurred with the hiring authority's determination.

## Disciplinary Assessment
**Rating: Sufficient**

Overall, the department sufficiently complied with policies and procedures.

# NORTH REGION

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| **2007-01-01** | **12-1930-IR** | 1. **Neglect of Duty**<br>2. **Petty Theft**<br>3. **Dishonesty** | 1. **Sustained**<br>2. **Sustained**<br>3. **Not Sustained** | **Dismissal** | **Resignation** |

## Incident Summary

Between January 2007 and April 2012, an office services supervisor allegedly failed to process and deliver over 3,400 articles of mail to and from inmates, allegedly attempted to destroy assorted mail including legal correspondence, and allegedly misappropriated an unknown amount of money that had been received on behalf of inmates via the mail. It was further alleged that the office services supervisor made misleading statements to a supervisor when questioned about the mail deliveries within the institution.

## Investigative Assessment    Rating: Sufficient

The department's investigative process sufficiently complied with policies and procedures. The special agent's report was thorough and provided the hiring authority with sufficient information to properly assess the allegations.

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegations, except for the dishonesty allegation, and determined dismissal was the appropriate penalty. However, the office services supervisor resigned before disciplinary action could be imposed. A letter indicating the office services supervisor resigned under adverse circumstances was placed in his official personnel file.

## Disciplinary Assessment    Rating: Sufficient

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| **2009-01-01** | **12-0272-IR** | 1. **Dishonesty**<br>2. **Sexual Misconduct**<br>3. **Over-Familiarity**<br>4. **Neglect of Duty** | 1. **Sustained**<br>2. **Sustained**<br>3. **Sustained**<br>4. **Sustained** | **Dismissal** | **No Change** |

## Incident Summary

Beginning in 2009, an office technician was allegedly involved in an overly familiar relationship with an inmate, which included inappropriate, unauthorized communications. Between August 2011 and October 2011, after the inmate was released on parole, the office technician allegedly continued the overly familiar relationship and engaged in a sexual relationship with the parolee. In addition, the office technician was allegedly dishonest during an investigative interview with the Office of Internal Affairs.

## Investigative Assessment    Rating: Sufficient

Overall, the department's investigative process sufficiently complied with policies and procedures.

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegations and dismissed the office technician. She did not file an appeal with the State Personnel Board.

## Disciplinary Assessment    Rating: Sufficient

Overall, the department sufficiently complied with policies and procedures.

# NORTH REGION

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| 2010-11-17 | 12-0428-IR | 1. **Misuse of Authority**<br>2. **Neglect of Duty**<br>3. **Misuse of State Equipment or Property** | 1. **Exonerated**<br>2. **Exonerated**<br>3. **Exonerated** | INITIAL<br>**No Penalty Imposed** | FINAL<br>**No Change** |

## Incident Summary
It was alleged that on November 17, 2010, an associate warden failed to inform her supervisor that caustic chemicals damaged the chemical containment sump-pumping equipment. Additionally, it was alleged that a plant manager, a chief engineer, and four plant supervisors failed to properly monitor the introduction of chemicals into the chemical containment sump, which damaged the plant pumping equipment.

## Investigative Assessment | Rating: **Insufficient**
The department failed to comply with policies and procedures governing the investigative process. The investigation was not completed and delivered to the hiring authority until seven days prior to the deadline for taking disciplinary action.

## Assessment Questions
- Was the investigation, or subject interview, completed at least 35 days before the deadline to take disciplinary action?

  *The deadline to take disciplinary action was November 20, 2012. The completed investigation was delivered to the hiring authority on November 13, 2012, only seven days before the deadline to take disciplinary action.*

## Disposition
The hiring authority determined that the conduct did occur; however, the investigation revealed the actions were justified, lawful, and proper. The OIG concurred with the hiring authority's determination.

## Disciplinary Assessment | Rating: **Sufficient**
The department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| 2011-05-01 | 12-0346-IR | 1. **Contraband**<br>2. **Over-Familiarity** | 1. **Sustained**<br>2. **Sustained** | INITIAL<br>**Dismissal** | FINAL<br>**No Change** |

## Incident Summary
Between May 1, 2011, and August 9, 2011, an officer allegedly introduced contraband, such as illegal narcotics and mobile phones, into the secure perimeter of the institution. On July 14, 2011, the officer allegedly engaged in an overly familiar relationship with an inmate and the inmate's family by providing the inmate's family with money. On August 9, 2011, the officer allegedly engaged in an overly familiar relationship with an inmate by attempting to circumvent institutional mail procedures by mailing a package for the inmate.

## Investigative Assessment | Rating: **Sufficient**
Overall, the department's investigative process sufficiently complied with policies and procedures.

## Disposition
The hiring authority determined there was sufficient evidence to sustain the allegations and determined dismissal was the appropriate penalty. However, the officer resigned before disciplinary action could be imposed. A letter indicating the officer resigned under adverse circumstances was placed in his official personnel file.

## Disciplinary Assessment | Rating: **Sufficient**
The department sufficiently complied with policies and procedures.

# NORTH REGION

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| **2011-06-01** | **12-2054-IR** | 1. **Dishonesty** <br> 2. **Misuse of State Equipment or Property** | 1. Sustained <br> 2. Sustained | INITIAL <br> **Dismissal** | FINAL <br> **No Change** |

## Incident Summary

It was alleged that between June 2011 and March 2012, a parole agent used his assigned state vehicle on several occasions for personal use and used his assigned fuel card to purchase fuel for non-business purposes.

## Investigative Assessment — Rating: **Sufficient**

Overall, the department's investigative process sufficiently complied with policies and procedures.

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegations and dismissed the parole agent. The parole agent did not file an appeal with the State Personnel Board.

## Disciplinary Assessment — Rating: **Sufficient**

The department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| **2011-06-02** | **11-2801-IR** | 1. **Dishonesty** <br> 2. **Neglect of Duty** | 1. Sustained <br> 2. Sustained | INITIAL <br> **Dismissal** | FINAL <br> **No Change** |

## Incident Summary

On June 2, 2011, a lieutenant, acting as a senior hearing officer, allegedly falsified an inmate's rules violation report claiming he had interviewed an officer during the hearing. It was also alleged that on June 22, 2011, the lieutenant was again dishonest when he falsified another inmate's rules violation report claiming he had interviewed a psychiatric technician during the hearing, and that he neglected his duties when he interviewed a witness during the hearing without using a speaker phone which prevented the inmate from hearing the witness.

## Investigative Assessment — Rating: **Sufficient**

The department's investigative process sufficiently complied with policies and procedures.

## Disposition

The hiring authority sustained the allegations and determined the appropriate penalty was dismissal. However, the lieutenant retired prior to the completion of the investigation; therefore, disciplinary action was not taken. A letter indicating the lieutenant retired under adverse circumstances was placed in his official personnel file.

## Disciplinary Assessment — Rating: **Sufficient**

The department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| **2011-06-06** | **12-0615-IR** | 1. **Other Failure of Good Behavior** | 1. Sustained | INITIAL <br> **Dismissal** | FINAL <br> **No Change** |

## Incident Summary

On June 6, 2011, an officer allegedly pointed a rifle at his wife and threatened to kill her. On October 29, 2011, the same officer allegedly battered his wife by pushing her down stairs, pushing her onto a couch, and pushing her into a chimney. The officer's wife sustained injuries as a result of the alleged battery.

# NORTH REGION

## Investigative Assessment

**Rating:** Sufficient

Overall, the department's investigative process sufficiently complied with policies and procedures.

## Disposition

The hiring authority sustained the allegations and determined that dismissal was the appropriate penalty. However, the officer resigned prior to completion of the investigation; therefore, disciplinary action was not taken. A letter indicating the officer resigned under adverse circumstances was placed in his official personnel file.

## Disciplinary Assessment

**Rating:** Sufficient

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-07-23 | 11-2458-IR | 1. **Dishonesty**<br>2. **Failure to Report**<br>3. **Neglect of Duty** | 1. Not Sustained<br>2. Not Sustained<br>3. Not Sustained | No Penalty Imposed | No Change |

## Incident Summary

On July 23, 2011, a youth counselor allegedly locked two wards in a shower together to facilitate a physical altercation between them, and falsified a report regarding the incident. The youth counselor also allegedly failed to document the physical altercation he witnessed. Also on July 23, 2011, another youth counselor allegedly failed to report witnessing the physical altercation between the two wards.

## Investigative Assessment

**Rating:** Insufficient

The department failed to comply with policies and procedures governing the investigative process. The investigation was not completed timely. There were delays of 115 and 99 days between interviews. The draft investigative report was not appropriately drafted. Further, the matter was not timely submitted to the hiring authority.

## Assessment Questions

- Within 21 calendar days, did the department attorney make an entry into CMS accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *Although the department attorney made a timely entry into CMS, the department attorney did not confirm the date of the reported incident or date of discovery.*

- Was the investigative draft report provided to the OIG for review thorough and appropriately drafted?

  *The draft investigative report did not accurately reflect the dishonesty allegation. The allegation was that one of the subjects made false or misleading statements regarding interactions with the wards; however, the allegation in the draft investigative report only referenced failure to report observing a physical altercation. The report also failed to contain relevant facts regarding the dishonesty allegation. The draft report for one of the subjects also referenced a possible additional allegation against the other subject, thereby potentially violating the Peace Officer Bill of Rights.*

- Was the final investigative report thorough and appropriately drafted?

  *The final investigative report did not accurately reflect the dishonesty allegation. The allegation was that one of the subjects made false or misleading statements regarding interactions with the wards; however, the allegation in the final investigative report only referenced failure to report observing a physical altercation. The report also failed to contain relevant facts regarding the dishonesty allegation.*

- Was the OIA investigation, or subject only interview, conducted with due diligence?

  *There was a delay of 115 days between the first and second interviews conducted, and a delay of 99 days between the second and third interviews conducted. The draft investigative reports were not provided to the department attorney or the OIG until June 21, 2012, 30 days before the deadline to take disciplinary action. The investigation was not completed and referred to the hiring authority until July 11, 2012, ten days before the deadline to take disciplinary action.*

- Was the investigation, or subject interview, completed at least 35 days before the deadline to take disciplinary action?

  *The investigation was not completed until July 11, 2012, ten days before the deadline to take disciplinary action.*

# NORTH REGION

## Disposition

The hiring authority determined there was insufficient evidence to sustain the allegations. The OIG concurred with the hiring authority's determination.

## Disciplinary Assessment

**Rating: Sufficient**

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-08-01 | 12-1630-IR | 1. Dishonesty | 1. Not Sustained | No Penalty Imposed | No Change |

## Incident Summary

Between August 1, 2011, and August 17, 2011, an officer allegedly falsified time records claiming 28 hours of unearned overtime.

## Investigative Assessment

**Rating: Insufficient**

The department failed to comply with policies and procedures governing the investigative process. The hiring authority did not refer the matter to the Office of Internal Affairs in a timely manner. The department attorney and the special agent failed to adequately confer upon case initiation and the department attorney failed to confirm all relevant dates. Furthermore, the department attorney failed to attend key witness interviews and failed to make arrangements for another attorney to attend.

## Assessment Questions

- Was the matter referred to OIA as soon as reasonably practical, within 45 calendar days of the date of discovery?

  *The department learned of the misconduct on August 18, 2011, but the hiring authority did not refer the matter to the Office of Internal Affairs until December 20, 2011, 124 days after the date of discovery.*

- Did the special agent adequately confer with the department attorney upon case initiation and prior to finalizing the investigative plan?

  *The special agent did not confer with the department attorney upon case initiation and prior to finalizing the investigative plan.*

- Within 21 calendar days, did the department attorney make an entry into CMS accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The department attorney made an entry into CMS confirming the date of incident, deadline for taking disciplinary action, and applicable tolling, but did not confirm the date of discovery.*

- No later than 21 calendar days following assignment of the case, did the department attorney contact the assigned special agent and the monitor to discuss the elements of a thorough investigation of the alleged misconduct?

  *The department attorney did not contact the assigned special agent or monitor to discuss the elements of a thorough investigative plan.*

- Did the department attorney attend investigative interviews for key witnesses to assess witness demeanor and credibility?

  *The department attorney did not attend investigative interviews for key witnesses to assess witness demeanor and credibility.*

## Disposition

The hiring authority determined there was insufficient evidence to sustain the allegation. The OIG concurred with the hiring authority's determination.

## Disciplinary Assessment

**Rating: Insufficient**

The department failed to comply with policies and procedures governing the disciplinary process by not conducting the investigative findings conference in a timely manner.

# NORTH REGION

## Assessment Questions

- Did the HA timely consult with the OIG and department attorney (if applicable), regarding the sufficiency of the investigation and the investigative findings?

  *The hiring authority received the completed investigation on October 4, 2012; however, the consultation with the OIG and department attorney regarding the sufficiency of the investigation and the investigative findings did not occur until November 2, 2012, 29 days after receipt of the case.*

- Was the disciplinary phase conducted with due diligence by the department?

  *The department failed to conduct the investigative findings in a timely manner.*

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| **2011-08-04** | **11-2497-IR** | 1. **Neglect of Duty** | 1. **Not Sustained** | **No Penalty Imposed** | **No Change** |

### Incident Summary
On August 4, 2011, while officers were releasing inmates for the morning meal, an inmate was discovered lying unresponsive on the floor in his cell. The inmate appeared to have a cloth fashioned into a noose around his neck, cuts on his arm, and a bruise on his head. A review of the logs indicated an officer allegedly failed to conduct an accurate count by failing to ensure the inmate was alive. The evidence also indicated that the inmate may have already been dead at the time of the count.

### Investigative Assessment                     Rating: **Sufficient**
Overall, the department's investigative process sufficiently complied with policies and procedures.

### Disposition
The hiring authority determined there was insufficient evidence to sustain the allegations. The OIG concurred with the hiring authority's determination.

### Disciplinary Assessment                      Rating: **Sufficient**
The department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| **2011-08-10** | **12-1436-IR** | 1. **Sexual Misconduct** <br> 2. **Over-Familiarity** | 1. **Not Sustained** <br> 2. **Not Sustained** | **No Penalty Imposed** | **No Change** |

### Incident Summary
On August 10, 2011, an officer allegedly engaged in an overly familiar and sexual relationship with an inmate by touching and caressing the inmate.

### Investigative Assessment                     Rating: **Sufficient**
Overall, the department sufficiently complied with policies and procedures.

### Disposition
The hiring authority determined there was insufficient evidence to sustain the allegations. The OIG concurred with the hiring authority's determination.

### Disciplinary Assessment                      Rating: **Sufficient**
The department sufficiently complied with policies and procedures.

# NORTH REGION

| Incident Date | OIG Case Number | Allegations | Findings | Penalty |
|---|---|---|---|---|
| 2011-08-11 | 11-2457-IR | 1. **Other Failure of Good Behavior**<br>2. **Controlled Substances - Possession for Use and/or Sale**<br>3. **Controlled Substances - Cultivation** | 1. **Sustained**<br>2. **Not Sustained**<br>3. **Not Sustained** | INITIAL **Salary Reduction**    FINAL **No Change** |

## Incident Summary

It was alleged that on August 11, 2011, an officer was present in a home where illegal narcotics were used and sold. Outside law enforcement officers executed a search warrant at the officer's residence and found marijuana plants, drug paraphernalia, and methamphetamines inside the residence. In addition, it was alleged that the officer cultivated marijuana at his residence between March 1, 2011, and August 11, 2011.

## Investigative Assessment                                         Rating: Sufficient

Overall, the department's investigative process sufficiently complied with policies and procedures.

## Disposition

The hiring authority sustained the allegation that the officer engaged in activities incompatible with his employment as a peace officer and imposed a 5 percent salary reduction for 12 months. The hiring authority did not sustain the allegations that the officer was cultivating marijuana or that the officer was in possession of controlled substances for use or sale. The officer did not file an appeal with the State Personnel Board.

## Disciplinary Assessment                                         Rating: Sufficient

Overall, the department sufficiently complied with policies and procedures.

## OIG Recommendation

The OIG recommended that the department review and update its policies on marijuana possession and cultivation as prohibited activities that violate federal law and thus are incompatible with employment as a peace officer.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty |
|---|---|---|---|---|
| 2011-08-15 | 12-0775-IR | 1. **Dishonesty**<br>2. **Neglect of Duty** | 1. **Not Sustained**<br>2. **Not Sustained** | INITIAL **No Penalty Imposed**    FINAL **No Change** |

## Incident Summary

On August 15, 2011, a sergeant was allegedly dishonest and neglected his duty when he signed an official report indicating that he had interviewed an inmate concerning the inmate's appeal on August 8, 2011; however, the inmate had transferred to another institution on August 3, 2011.

## Investigative Assessment                                         Rating: Insufficient

The department failed to comply with policies and procedures governing the investigative process. The hiring authority delayed referring the matter to the Office of Internal Affairs for more than five months after discovery of the alleged misconduct. Furthermore, the department attorney failed to attend any witness or subject interviews and the special agent failed to properly document the interviews in the case management system. The investigative report was inadequate because it failed to include all of the appropriate allegations despite the OIG's recommendations.

# NORTH REGION

## Assessment Questions

- Was the matter referred to OIA as soon as reasonably practical, within 45 calendar days of the date of discovery?

  *The date of discovery was September 21, 2011; however, the hiring authority did not refer the matter to the Office of Internal Affairs until March 2, 2012, more than five months after discovery.*

- Did the department attorney attend investigative interviews for key witnesses to assess witness demeanor and credibility?

  *The department attorney did not attend any witness or subject interviews.*

- Did the special agent appropriately enter case activity in CMS?

  *The special agent failed to document the substance of any witness or subject interviews in CMS.*

- Was the investigative draft report provided to the OIG for review thorough and appropriately drafted?

  *The investigative draft report did not include all of the appropriate allegations.*

- Was the final investigative report thorough and appropriately drafted?

  *Despite the OIG's recommendations, the final investigative report did not include all of the appropriate allegations.*

## Disposition

The hiring authority determined there was insufficient evidence to sustain the allegations. The OIG did not concur with the hiring authority's determination and sought a higher level of review. The department failed to make the appropriate determinations even at the higher level of review.

## Disciplinary Assessment                                    Rating: **Insufficient**

The department failed to comply with policies and procedures governing the disciplinary process. The department failed to timely conduct and determine the investigative findings, and failed to follow departmental policy governing the higher level of review process.

## Assessment Questions

- Did the HA timely consult with the OIG and department attorney (if applicable), regarding the sufficiency of the investigation and the investigative findings?

  *The Office of Internal Affairs completed its investigation and referred the matter to the hiring authority on August 15, 2012. The hiring authority did not consult with the OIG or the department attorney regarding the sufficiency of the investigation and the investigative findings until September 6, 2012, 22 calendar days after receipt of the case.*

- Did the HA, who participated in the findings conference, identify the appropriate subjects and factual allegations for each subject based on the evidence?

  *The hiring authority failed to identify neglect of duty as an appropriate allegation based on evidence that the sergeant had incorrectly dated an official form.*

- Did the HA, who participated in the findings conference, appropriately determine the investigative findings for each allegation?

  *The hiring authority failed to appropriately determine the investigative findings for each allegation because he failed to sustain an allegation of neglect of duty or, in the alternative, the allegation of falsification of an official report.*

- If an executive review was requested, was the executive review process in the DOM followed?

  *The hiring authority did not immediately forward the required materials to the supervisor as required by department policies and procedures.*

- If an executive review occurred, was the appropriate decision made at the executive review?

  *The appropriate decision was not made at the higher level of review because the hiring authority should have sustained an allegation of neglect of duty or falsification of an official report.*

- Was the disciplinary phase conducted with due diligence by the department?

  *The department failed to conduct the investigative findings and disciplinary determinations in a timely manner.*

# NORTH REGION

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| **2011-08-16** | **12-1082-IR** | 1. **Discourteous Treatment** 2. **Failure to Report** 3. **Unreasonable Use of Force** | 1. **Sustained** 2. **Unfounded** 3. **Unfounded** | **Letter of Instruction** | **No Change** |

## Incident Summary

On August 16, 2011, an officer allegedly was discourteous and used unprofessional language toward an inmate, utilized unreasonable force on the inmate by slamming him against a wall while he was handcuffed, and failed to report that he used physical force on the inmate.

## Investigative Assessment                     Rating: **Insufficient**

The department failed to comply with policies and procedures governing the investigative process. The hiring authority failed to submit the matter to the Office of Internal Affairs in a timely manner. OIA Central Intake would not have made the appropriate determination without OIG intervention. The special agent failed to consult with the OIG upon case initiation, and the Office of Internal Affairs failed to complete the investigation until 29 days before the deadline to take disciplinary action.

## Assessment Questions

- Was the matter referred to OIA as soon as reasonably practical, within 45 calendar days of the date of discovery?

  *The department learned of the misconduct on August 16, 2011, but the hiring authority did not refer the matter to the Office of Internal Affairs until April 24, 2012, more than eight months after the date of discovery.*

- Would the appropriate initial determination or reconsideration determination have been made by OIA Central Intake and/or OIA Chief without OIG intervention?

  *Initially, OIA Central Intake recommended rejecting this case. The OIG disagreed and after further discussion, OIA Central Intake opened the case for investigation. Subsequently, the Chief of the Office of Internal Affairs requested the matter be reconsidered and rejected by the panel. However, at a subsequent OIA Central Intake meeting, the matter was discussed further. Pursuant to the OIG's recommendation, the matter remained open for investigation.*

- Did the special agent adequately confer with the OIG upon case initiation and prior to finalizing the investigative plan?

  *The special agent notified the OIG of plans to interview witnesses but did not discuss the investigative plan with the OIG and did not coordinate the dates of the interviews with the OIG.*

- Did the department attorney attend investigative interviews for key witnesses to assess witness demeanor and credibility?

  *The department attorney was present at the officer's interview, but was not present at any of the witness interviews.*

- Was the investigation, or subject interview, completed at least 35 days before the deadline to take disciplinary action?

  *The investigative report was completed and submitted to the hiring authority with only 29 days left before the deadline to take disciplinary action.*

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegation of discourteous treatment and served the officer with a letter of instruction. The OIG concurred with this determination. The hiring authority determined that the investigation conclusively proved the officer did not use unreasonable force; therefore, he did not fail to report that use of force. The OIG did not concur with the hiring authority's determination. The OIG believed the proper determination was that there was insufficient evidence to sustain the allegations.

## Disciplinary Assessment                     Rating: **Sufficient**

Overall, the department sufficiently complied with policies and procedures.

# NORTH REGION

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| **2011-08-16** | **12-1475-IR** | 1. **Contraband**<br>2. **Over-Familiarity** | 1. **Not Sustained**<br>2. **Not Sustained** | INITIAL<br>**No Penalty Imposed** | FINAL<br>**No Change** |

## Incident Summary

On August 16, 2011, an officer was allegedly overly familiar with an inmate and conspired with the inmate to introduce tobacco and heroin into the institution. It was further alleged that the officer provided the inmate tobacco and heroin.

## Investigative Assessment | Rating: **Insufficient**

The department failed to comply with policies and procedures governing the investigative process. The Office of Internal Affairs did not complete the investigation and deliver the investigative report to the hiring authority until ten days prior to the deadline to take disciplinary action.

## Assessment Questions

- Within 21 calendar days, did the department attorney make an entry into CMS accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The department attorney was assigned June 22, 2012, but he did not make an entry into CMS accurately confirming critical dates until July 24, 2012, 32 days after assignment.*

- Was the OIA investigation, or subject only interview, conducted with due diligence?

  *The investigation was completed less than ten days before the deadline to take disciplinary action.*

- Was the investigation, or subject interview, completed at least 35 days before the deadline to take disciplinary action?

  *The investigation was completed with less than ten days before the deadline to take disciplinary action.*

## Disposition

The hiring authority determined there was insufficient evidence to sustain the allegations. The OIG concurred with the hiring authority's determination.

## Disciplinary Assessment | Rating: **Sufficient**

The department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| **2011-09-03** | **12-0127-IR** | 1. **Neglect of Duty**<br>2. **Dishonesty**<br>3. **Unreasonable Use of Force** | 1. **Sustained**<br>2. **Not Sustained**<br>3. **Not Sustained** | INITIAL<br>**Letter of Reprimand** | FINAL<br>**No Change** |

## Incident Summary

On September 3, 2011, an inmate left the designated visiting area, walking past an allegedly less-than-alert officer assigned to monitor the visiting area. Once outside the building, the inmate asked a materials and stores supervisor for a ride in his truck to take him outside the institution. Although the materials and stores supervisor did not give the inmate a ride, he allegedly drove away without immediately notifying officers that an inmate was outside the visiting area attempting to leave the institution. The inmate voluntarily returned to the building and stood outside the visitor restrooms where the officer assigned to the visiting area observed the inmate and ordered him to return to the designated visiting area. After the inmate refused the order, the officer utilized pepper spray on the inmate. The inmate continued to refuse orders, hit the officer, and attempted to grab her pepper spray. A second officer responded to the scene and attempted to control the inmate. However, the inmate continued to resist and hit the second officer. The second officer allegedly used excessive physical force to subdue the inmate and allegedly failed to accurately report the force used. It was further alleged that both officers failed to sound their alarms during the incident.

## Investigative Assessment | Rating: **Sufficient**

The department's investigative process sufficiently complied with policies and procedures.

# NORTH REGION

## Disposition

The hiring authority sustained the allegation of neglect of duty against the first officer and served the officer with a letter of reprimand. The officer did not file an appeal with the State Personnel Board. The hiring authority determined there was insufficient evidence to sustain the allegations against the materials and stores supervisor and the second officer.

## Disciplinary Assessment

**Rating: Sufficient**

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-09-09 | 11-2970-IR | 1. Neglect of Duty | 1. Not Sustained | No Penalty Imposed | No Change |

### Incident Summary

On September 9, 2011, an inmate allegedly attacked another inmate with a pen in their cell. Two lieutenants, a sergeant, and three officers allegedly failed to properly recognize the incident as a stabbing incident, allegedly failed to follow proper protocols when they did not handcuff the inmates, and allegedly failed to preserve the crime scene.

## Investigative Assessment

**Rating: Sufficient**

Overall, the department's investigative process sufficiently complied with policies and procedures.

## Disposition

The hiring authority determined there was insufficient evidence to sustain the allegations. The OIG concurred.

## Disciplinary Assessment

**Rating: Sufficient**

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-09-22 | 12-0677-IR | 1. Neglect of Duty<br>2. Dishonesty | 1. Sustained<br>2. Not Sustained | Salary Reduction | No Change |

### Incident Summary

On September 22, 2011, an officer allegedly engaged in an argument with an inmate while in the dining hall in the presence of other inmates, requiring a sergeant to intervene. It was also alleged the officer was dishonest when he wrote an inmate counseling memorandum regarding the incident.

## Investigative Assessment

**Rating: Insufficient**

The department failed to comply with policies and procedures governing the investigative process. The hiring authority failed to timely refer the case to the Office of Internal Affairs. The Office of Internal Affairs provided the investigative report to the hiring authority with only 21 days before the deadline to take disciplinary action. The department attorney failed to properly document the case upon initial assignment and failed to attend key witnesses interviews.

# NORTH REGION

## Assessment Questions

- Was the matter referred to OIA as soon as reasonably practical, within 45 calendar days of the date of discovery?

  *The date of discovery was December 5, 2011; however, the hiring authority did not refer the matter to the Office of Internal Affairs until February 23, 2012, 80 calendar days after discovery.*

- Within 21 calendar days, did the department attorney make an entry into CMS accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The department attorney was assigned on March 30, 2012, but did not make an entry into CMS regarding the relevant dates until June 4, 2012, 66 calendar days after assignment.*

- No later than 21 calendar days following assignment of the case, did the department attorney contact the assigned special agent and the monitor to discuss the elements of a thorough investigation of the alleged misconduct?

  *The department attorney did not contact the assigned special agent or the monitor within 21 calendar days following case assignment.*

- Did the department attorney attend investigative interviews for key witnesses to assess witness demeanor and credibility?

  *The department attorney did not attend any key witness interviews.*

- Was the investigation, or subject interview, completed at least 35 days before the deadline to take disciplinary action?

  *The report was delivered to the hiring authority on October 1, 2012, 21 days before the deadline to take disciplinary action.*

## Disposition

The hiring authority sustained the allegation that the officer engaged in an argument with an inmate while in the dining hall in the presence of other inmates, but determined there was insufficient evidence to sustain the dishonesty allegation. The hiring authority imposed a 10 percent salary reduction for 12 months. However, following a *Skelly* hearing, the hiring authority agreed to reduce the penalty to a 10 percent salary reduction for eight months and the officer agreed not to file an appeal with the State Personnel Board. The OIG found the agreement to be reasonable because the officer took responsibility and it was not a significant penalty reduction.

## Disciplinary Assessment | Rating: Sufficient

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| **2011-10-01** | **12-2357-IR** | 1.  **Contraband** | 1.  **Sustained** | INITIAL **Dismissal** | FINAL **Resignation in Lieu of Termination** |

### Incident Summary
Between October 2011 and July 2012, a cook was allegedly bringing mobile phones into the institution for personal gain.

## Investigative Assessment | Rating: Sufficient

Overall, the department's investigative process sufficiently complied with policies and procedures.

## Disposition

The hiring authority sustained the allegations and served the cook with a notice of dismissal. However, pursuant to a settlement agreement, the cook resigned in lieu of dismissal and agreed to never seek employment with the department in the future. The OIG concurred because the settlement was reasonable and the ultimate goal was achieved.

## Disciplinary Assessment | Rating: Sufficient

Overall, the department sufficiently complied with policies and procedures.

# NORTH REGION

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| **2011-10-07** | **11-2802-IR** | 1. Neglect of Duty | 1. Sustained | INITIAL<br>**Salary Reduction** | FINAL<br>**No Change** |

## Incident Summary
On October 7, 2011, four officers allegedly failed to conduct proper searches of eight inmates assigned to the special housing unit who were released to an exercise yard. Two of the inmates subsequently attacked another inmate with inmate-manufactured weapons inflicting lethal stab wounds. The inmate died at the scene.

## Investigative Assessment
Rating: **Sufficient**

The department's investigative process sufficiently complied with policies and procedures.

## Disposition
The hiring authority sustained the allegation of neglect of duty and imposed a 5 percent salary reduction for 24 months against two of the officers who performed limited searches. However, following a *Skelly* hearing, the hiring authority agreed to reduce the penalty of one of the officers to a 5 percent salary reduction for 12 months and the officer agreed not to file an appeal with the State Personnel Board. The OIG found the agreement to be reasonable based on factors presented at the *Skelly* hearing. The hiring authority imposed a 10 percent salary reduction for 24 months against the other two officers for failing to conduct searches. However, following a *Skelly* hearing, the hiring authority agreed to reduce the penalty of one of the officers to a 10 percent salary reduction for 12 months and the officer agreed not to file an appeal with the State Personnel Board. The OIG found the agreement to be reasonable based on factors presented at the *Skelly* hearing. The other two officers involved in the incident did not appeal.

## Disciplinary Assessment
Rating: **Sufficient**

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| **2011-10-16** | **12-0512-IR** | 1. Misuse of Authority<br>2. Discourteous Treatment | 1. Not Sustained<br>2. Not Sustained | INITIAL<br>**No Penalty Imposed** | FINAL<br>**No Change** |

## Incident Summary
Between October 16, 2011, and November 11, 2011, a parole agent allegedly made sexual advances toward a parolee under his supervision and misused his position of authority.

## Investigative Assessment
Rating: **Sufficient**

Overall, the department's investigative process sufficiently complied with policies and procedures.

## Disposition
The hiring authority determined there was insufficient evidence to sustain the allegations. The OIG concurred with the hiring authority's determination.

## Disciplinary Assessment
Rating: **Sufficient**

Overall, the department sufficiently complied with policies and procedures.

# NORTH REGION

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| **2011-11-22** | **12-0459-IR** | 1. **Other Failure of Good Behavior** | 1. **Not Sustained** | INITIAL **No Penalty Imposed** | FINAL **No Change** |

## Incident Summary

On November 22, 2011, two officers allegedly made comments to an inmate suggesting that he commit suicide and offered advice on how he could hang himself.

## Investigative Assessment                      Rating: **Sufficient**

Overall, the department's investigative process sufficiently complied with policies and procedures.

## Disposition

The hiring authority determined there was insufficient evidence to sustain the allegations against the two officers. The OIG concurred with the hiring authority's determination.

## Disciplinary Assessment                      Rating: **Sufficient**

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| **2011-11-29** | **12-1312-IR** | 1. **Discourteous Treatment** <br> 2. **Unreasonable Use of Force** | 1. **Sustained** <br> 2. **Not Sustained** | INITIAL **Letter of Instruction** | FINAL **No Change** |

## Incident Summary

On November 29, 2011, an officer allegedly used unreasonable force when he grabbed an inmate by the arm and shoved her into a cell. In addition, the officer allegedly was discourteous to the inmate when he called her a derogatory name.

## Investigative Assessment                      Rating: **Insufficient**

The department failed to comply with policies and procedures governing the investigative process. The hiring authority failed to timely refer the matter to the Office of Internal Affairs. The Office of Internal Affairs failed to make a timely determination. The department attorney failed to confirm relevant dates. The Office of Internal Affairs delivered the investigative report to the hiring authority with only 28 days remaining before the deadline to take disciplinary action.

## Assessment Questions

- Was the matter referred to OIA as soon as reasonably practical, within 45 calendar days of the date of discovery?

  *The date of discovery was November 29, 2011; however, the hiring authority did not refer the matter to the Office of Internal Affairs until April 11, 2012, more than four months after the date of discovery.*

- Did OIA Central Intake make a determination regarding the case within 30 calendar days?

  *OIA Central Intake received the request for investigation on April 12, 2012, but did not take action until June 6, 2012, 55 days after receipt of the request.*

- Within 21 calendar days, did the department attorney make an entry into CMS accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The department attorney made an entry into CMS. However, he merely stated that he assessed the date of the incident, discovery date, and the deadline for taking disciplinary action without indicating actual dates.*

- Was the investigation, or subject interview, completed at least 35 days before the deadline to take disciplinary action?

  *The investigative report was sent to the hiring authority on October 30, 2012, 28 days before the deadline to take disciplinary action on November 27, 2012.*

# NORTH REGION

## Disposition

The hiring authority sustained the allegation that the officer was discourteous to the inmate and served the officer with a letter of instruction. The hiring authority determined there was insufficient evidence to sustain the allegation that the officer used unreasonable force on the inmate.

## Disciplinary Assessment

**Rating:** Sufficient

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-12-02 | 12-0826-IR | 1. Dishonesty | 1. Not Sustained | No Penalty Imposed | No Change |

## Incident Summary

On December 2, 2011, a sergeant allegedly made false or misleading statements when she reported that an officer was insubordinate and neglected his duties when he refused a direct order to participate in a cell extraction that occurred on November 29, 2011.

## Investigative Assessment

**Rating:** Sufficient

The department's investigative process sufficiently complied with policies and procedures.

## Disposition

The hiring authority determined there was insufficient evidence to sustain the allegation. The OIG concurred with the hiring authority's determination.

## Disciplinary Assessment

**Rating:** Sufficient

The department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-12-06 | 12-0721-IR | 1. Failure to Report<br>2. Unreasonable Use of Force | 1. Not Sustained<br>2. Not Sustained | No Penalty Imposed | No Change |

## Incident Summary

On December 6, 2011, four inmates attacked a group of eight inmates on an exercise yard. A sergeant and seven officers responded to the altercation and allegedly used, or observed other officers use, pepper spray on two inmates as the inmates were lying on the ground, and allegedly failed to document this in their reports.

## Investigative Assessment

**Rating:** Sufficient

Overall, the department sufficiently complied with policies and procedures.

## Disposition

The hiring authority determined there was insufficient evidence to sustain the allegations. The OIG concurred with the hiring authority's determination.

## Disciplinary Assessment

**Rating:** Sufficient

Overall, the department sufficiently complied with policies and procedures.

# NORTH REGION

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| **2011-12-10** | **12-0121-IR** | 1. **Dishonesty**<br>2. **Neglect of Duty** | 1. **Sustained**<br>2. **Sustained** | INITIAL<br>**Salary Reduction** | FINAL<br>**No Change** |

## Incident Summary

On December 10, 2011, it was alleged during an inmate count an officer observed an inmate sitting on the cell floor and his cellmate lying on the ground with bloody clothing, a swollen lip, and barely breathing. The officer then allegedly left the tier without sounding an alarm and instead went to the control booth and notified the control booth officer what she observed. The control booth officer allegedly told the officer to call the sergeant. It was further alleged that after attempting to contact the sergeant, the first officer finally sounded an alarm. The first officer also allegedly reported that she had not performed an earlier count as documented on an inmate count log. The injured inmate was removed from the cell and later died from his injuries.

## Investigative Assessment                    Rating: **Sufficient**

Overall, the department's investigative process sufficiently complied with policies and procedures.

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegations against the first officer and imposed a 10 percent salary reduction for 24 months. Although the officer was found to have fraudulently completed the inmate count log, she verbally reported the misconduct to a supervisor and included the information in her report on the same date as the incident. For these reasons, the OIG concurred with the hiring authority's decision. The officer did not file an appeal with the State Personnel Board. The hiring authority sustained an allegation of neglect of duty against the second officer for breach of security for opening multiple security doors at the same time and imposed a 5 percent salary reduction for six months. However, following a *Skelly* hearing, the hiring authority agreed to reduce the penalty to an official letter of reprimand and the officer agreed not to file an appeal with the State Personnel Board. The OIG found the agreement to be reasonable based on factors presented at the *Skelly* hearing.

## Disciplinary Assessment                    Rating: **Sufficient**

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| **2012-01-03** | **12-0982-IR** | 1. **Over-Familiarity** | 1. **Not Sustained** | INITIAL<br>**No Penalty Imposed** | FINAL<br>**No Change** |

## Incident Summary

Between January 3, 2012, and March 15, 2012, a laboratory technician allegedly provided a mobile phone to an inmate and communicated with the inmate via the mobile phone.

## Investigative Assessment                    Rating: **Sufficient**

Overall, the department's investigative process sufficiently complied with policies and procedures.

## Disposition

The hiring authority determined there was insufficient evidence to sustain the allegation. The OIG concurred with the hiring authority's determination.

## Disciplinary Assessment                    Rating: **Sufficient**

The department sufficiently complied with policies and procedures.

# NORTH REGION

| Incident Date | OIG Case Number | Allegations | Findings | Penalty |
|---|---|---|---|---|
| **2012-01-25** | **12-0926-IR** | 1. **Neglect of Duty** | 1. **Not Sustained** | INITIAL: **No Penalty Imposed** — FINAL: **No Change** |

### Incident Summary
On January 25, 2012, an unknown staff member allegedly obtained confidential inmate information and discarded the information in a trash receptacle. This allowed other inmates to identify the inmate as a sex offender which put him at risk for assault and resulted in the inmate being placed in protective custody.

### Investigative Assessment
Rating: **Sufficient**

Overall, the department's investigative process sufficiently complied with policies and procedures.

### Disposition
Since the unknown staff member could not be identified, the hiring authority determined there was insufficient evidence to sustain the allegation. The OIG concurred with the hiring authority's determination.

### Disciplinary Assessment
Rating: **Sufficient**

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty |
|---|---|---|---|---|
| **2012-02-01** | **12-1033-IR** | 1. **Dishonesty** <br> 2. **Contraband** <br> 3. **Over-Familiarity** | 1. **Sustained** <br> 2. **Sustained** <br> 3. **Sustained** | INITIAL: **Dismissal** — FINAL: **No Change** |

### Incident Summary
It was alleged that on February 1, 2012, an officer was involved in an overly familiar and sexual relationship with an inmate. The officer allegedly sent the inmate mobile phone text messages, nude images of her body, and jewelry. It was further alleged that the officer maintained a personal relationship with the inmate's sibling and facilitated communication between them. The officer also allegedly made dishonest statements during her investigatory interview with the Office of Internal Affairs.

### Investigative Assessment
Rating: **Insufficient**

The Office of Internal Affairs failed to comply with the department's policies and procedures governing the investigative process. The agent failed to consult with the department attorney or the OIG during the course of the investigation. As a result, the department attorney and the OIG did not have the opportunity to discuss the case or review the investigative report and provide substantive feedback.

# NORTH REGION

## Assessment Questions

- Upon completion of the investigation, was a draft copy of the investigative report timely forwarded to the OIG to allow for feedback before it was forwarded to the HA or prosecuting agency?

  *The OIG did not receive a draft copy of the investigation prior to it being completed and forwarded to the hiring authority. The investigation was sent to the hiring authority on June 8, 2012, but was not given to the OIG until June 18, 2012.*

- Upon completion of the investigation, was a draft copy of the investigative report timely forwarded to the department attorney to allow for feedback before it was forwarded to the HA or prosecuting agency?

  *The department attorney did not receive a draft copy of the investigation prior to it being completed and forwarded to the hiring authority. The investigation was sent to the hiring authority on June 8, 2012, but was not given to the attorney until June 18, 2012.*

- Within 21 calendar days following receipt of the investigative report, did the department attorney review the report and provide appropriate substantive feedback addressing the thoroughness and clarity of the report?

  *The department attorney did not have an opportunity to review the investigative report and provide substantive feedback because the investigation had already been sent to the hiring authority on June 8, 2012, and was not given to the department attorney until June 18, 2012.*

- Did the department attorney provide written confirmation summarizing all critical discussions about the investigative report to the special agent with a copy to the OIG?

  *The department attorney did not have an opportunity to review the investigative report and provide substantive feedback because the investigation had already been sent to the hiring authority on June 8, 2012, and was not given to the attorney until June 18, 2012.*

- Did the special agent cooperate with and provide continual real-time consultation with the OIG?

  *The agent failed to consult with the OIG during the course of the investigation. As a result, the OIG did not have the opportunity to review the investigative report and provide substantive feedback.*

- Did the agent cooperate and provide real-time consultation with the department attorney throughout the investigative phase?

  *The agent failed to consult with the department attorney during the course of the investigation. As a result, the department attorney did not have the opportunity to review the investigative report and provide substantive feedback because the investigation had already been completed and sent to the hiring authority.*

## Disposition

The hiring authority sustained the allegations and served the officer with a notice of dismissal. However, the officer resigned before the disciplinary action took effect. A letter indicating the officer resigned pending disciplinary action was placed in her official personnel file.

## Disciplinary Assessment

### Rating: **Sufficient**

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| **2012-02-09** | **12-0723-IR** | 1. **Dishonesty**<br>2. **Over-Familiarity** | 1. **Sustained**<br>2. **Sustained** | **Dismissal** | **No Change** |

## Incident Summary

On February 9, 2012, an officer was allegedly overly familiar with an inmate by making arrangements for the inmate to live with her and borrow her car upon the inmate's release. It was further alleged the officer allowed the former inmate, who was on parole, to borrow her car and when he failed to return it, the officer was allegedly dishonest to outside law enforcement by reporting that a person whom she had met in a bar borrowed her car and failed to return it.

## Investigative Assessment

### Rating: **Sufficient**

The department's investigative process sufficiently complied with policies and procedures.

# NORTH REGION

## Disposition

The hiring authority sustained the allegations and determined that dismissal was the appropriate penalty. However, the officer resigned prior to completion of the investigation; therefore, disciplinary action was not taken. A letter indicating the officer resigned under adverse circumstances was placed in her official personnel file.

## Disciplinary Assessment

**Rating: Sufficient**

The department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| 2012-02-23 | 12-2268-IR | 1. **Dishonesty** <br> 2. **Contraband** <br> 3. **Over-Familiarity** | 1. **Sustained** <br> 2. **Sustained** <br> 3. **Sustained** | INITIAL <br> **Dismissal** | FINAL <br> **No Change** |

## Incident Summary

On February 23, 2012, it was alleged that a materials and stores supervisor was conspiring with inmates to receive, purchase, distribute, and sell tobacco and mobile phones to other inmates in the institution. It was further alleged that the materials and stores supervisor had unauthorized communications with inmates or their associates and possessed a box-cutter blade within institutional grounds. The materials and stores supervisor was allegedly dishonest during an investigatory interview when he denied having unauthorized communication with inmates and their associates.

## Investigative Assessment

**Rating: Sufficient**

Overall, the department's investigative process sufficiently complied with policies and procedures.

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegations and dismissed the materials and stores supervisor. The materials and stores supervisor did not file an appeal with the State Personnel Board.

## Disciplinary Assessment

**Rating: Sufficient**

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| 2012-02-29 | 12-0774-IR | 1. **Other Failure of Good Behavior** | 1. **Not Sustained** | INITIAL <br> **No Penalty Imposed** | FINAL <br> **No Change** |

## Incident Summary

On February 29, 2012, during an argument with his girlfriend, an off-duty officer allegedly entered into a physical altercation with her and allegedly grabbed her by the legs causing her to fall to the ground.

## Investigative Assessment

**Rating: Sufficient**

The department sufficiently complied with policies and procedures.

## Disposition

The hiring authority determined there was insufficient evidence to sustain the allegation. The OIG concurred with the hiring authority's determination.

## Disciplinary Assessment

**Rating: Sufficient**

Overall, the department sufficiently complied with policies and procedures.

# NORTH REGION

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| 2012-03-21 | 12-1371-IR | 1. Over-Familiarity | 1. Not Sustained | INITIAL<br>No Penalty Imposed | FINAL<br>No Change |

### Incident Summary
On March 21, 2012, it was alleged that a sergeant had engaged in overly familiar relationships with several inmates. One inmate alleged that the sergeant attempted to contact him through a social media website. It was further alleged the sergeant was overheard by an officer thanking an inmate for a mother's day card she received from the inmate and another inmate.

### Investigative Assessment
Rating: **Sufficient**

Overall, the department's investigative process sufficiently complied with policies and procedures.

### Disposition
The hiring authority determined there was insufficient evidence to sustain the allegations. The OIG concurred with the hiring authority's determination.

### Disciplinary Assessment
Rating: **Sufficient**

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| 2012-03-30 | 12-0983-IR | 1. Other Failure of Good Behavior<br>2. Discourteous Treatment | 1. Not Sustained<br>2. Not Sustained | INITIAL<br>No Penalty Imposed | FINAL<br>No Change |

### Incident Summary
On March 30, 2012, an officer allegedly struck his girlfriend in the face and stomach. Outside law enforcement responded; however, the victim did not pursue charges and the officer was not arrested.

### Investigative Assessment
Rating: **Sufficient**

Overall, the department's investigative process sufficiently complied with policies and procedures.

### Disposition
The hiring authority determined there was insufficient evidence to sustain the allegations. The OIG concurred with the hiring authority's determination.

### Disciplinary Assessment
Rating: **Sufficient**

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| 2012-05-02 | 12-1459-IR | 1. Theft | 1. Sustained | INITIAL<br>Salary Reduction | FINAL<br>Resignation |

### Incident Summary
Between May 2, 2012, and May 21, 2012, an office technician was allegedly stealing stamps from inmates' correspondence. It was further alleged that on July 17, 2012, the office technician took forty dollars from inmate mail.

### Investigative Assessment
Rating: **Sufficient**

Overall, the department's investigative process sufficiently complied with policies and procedures.

# NORTH REGION

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegation that the office technician took forty dollars from inmate mail, but insufficient evidence to sustain the allegation that the office technician was stealing stamps from inmate mail. The hiring authority imposed a 10 percent salary reduction for 24 months. The office technician filed an appeal with the State Personnel Board. Prior to the State Personnel Board proceedings, the department entered into a settlement agreement with the office technician wherein the office technician agreed to resign from her employment. The OIG concurred because the settlement was reasonable and the ultimate goal was achieved.

## Disciplinary Assessment

Rating: **Sufficient**

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| **2012-05-02** | **12-2185-IR** | 1. **Neglect of Duty** | 1. **Unfounded** | **No Penalty Imposed** | **No Change** |

## Incident Summary

On May 2, 2012, unknown staff allegedly neglected their duties resulting in a violent inmate being housed in a cell with a sex offender who was subsequently murdered.

## Investigative Assessment

Rating: **Sufficient**

Overall, the department's investigative process sufficiently complied with policies and procedures.

## Disposition

The hiring authority determined that the investigation conclusively proved the misconduct did not occur. The OIG concurred with the hiring authority's determination.

## Disciplinary Assessment

Rating: **Sufficient**

The department sufficiently complied with policies and procedures.

# SOUTH REGION

| Incident Date | OIG Case Number | Allegations | Findings | Penalty |
|---|---|---|---|---|
| 2010-01-01 | 12-0530-IR | 1. **Dishonesty**<br>2. **Insubordination**<br>3. **Neglect of Duty**<br>4. **Misuse of State Equipment or Property**<br>5. **Unauthorized Absence** | 1. **Sustained**<br>2. **Sustained**<br>3. **Sustained**<br>4. **Sustained**<br>5. **Sustained** | INITIAL **Dismissal**    FINAL **No Change** |

### Incident Summary

Between January 1, 2010, and December 13, 2011, a parole administrator allegedly used a state credit card for personal purchases, was absent from his post without supervisory approval, self-assigned himself to teach at the parole academy when he was not needed and without supervisory approval, failed to appear to teach at the parole academy when he was scheduled to teach, and was dishonest about his whereabouts on several occasions. The parole administrator also allegedly failed to hold a subordinate accountable for misconduct after being ordered to do so by the parole administrator's supervisors, urged subordinate staff to refrain from reporting regional activities to headquarters' staff, charged unauthorized travel expenses to the state, and utilized a state computer, state mobile phone, and state package delivery company for personal matters.

### Investigative Assessment · Rating: **Sufficient**

Overall, the department's investigative process sufficiently complied with policies and procedures.

### Disposition

The hiring authority determined there was sufficient evidence to sustain the majority of allegations. The only allegations that were not sustained were one allegation of dishonesty and one allegation of neglect of duty. The hiring authority determined dismissal was the appropriate penalty; however, the parole administrator retired before disciplinary action could be imposed. A letter indicating the parole administrator retired under unfavorable circumstances was placed in his official personnel file.

### Disciplinary Assessment · Rating: **Sufficient**

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty |
|---|---|---|---|---|
| 2010-10-01 | 12-2180-IR | 1. **Dishonesty**<br>2. **Contraband**<br>3. **Over-Familiarity**<br>4. **Neglect of Duty** | 1. **Sustained**<br>2. **Sustained**<br>3. **Sustained**<br>4. **Sustained** | INITIAL **Dismissal**    FINAL **No Change** |

### Incident Summary

From October 1, 2010, to August 31, 2012, an officer allegedly engaged in an overly familiar relationship with an inmate and brought the inmate contraband consisting of mobile phones, tobacco, and alcohol. From February 1, 2011, to August 31, 2011, the officer allegedly engaged in an overly familiar relationship with another inmate and provided alcohol to the inmate. On December 9, 2011, the officer allegedly failed to report that an inmate propositioned him with two hundred dollars in exchange for contraband and failed to confiscate the money. On August 22, 2012, the officer allegedly engaged in an overly familiar relationship with another inmate, brought tobacco into the institution for the inmate and, after being apprehended, was dishonest to the Office of Internal Affairs.

### Investigative Assessment · Rating: **Sufficient**

The department's investigative process sufficiently complied with policies and procedures.

### Disposition

The hiring authority determined there was sufficient evidence to sustain the allegations against the officer, except the allegation that the officer was dishonest to the Office of Internal Affairs concerning the planting of evidence, and determined that dismissal was the appropriate penalty. The OIG concurred with the hiring authority's determinations. However, the officer resigned before the disciplinary action could be imposed. A letter indicating the officer resigned under adverse circumstances was placed in his official personnel file.

# SOUTH REGION

## Disciplinary Assessment

**Rating: Sufficient**

The department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| **2010-12-01** | **11-1007-IR** | 1. **Dishonesty** <br> 2. **Neglect of Duty** <br> 3. **Discourteous Treatment** | 1. **Sustained** <br> 2. **Sustained** <br> 3. **Sustained** | INITIAL <br> **Dismissal** | FINAL <br> **Resignation in Lieu of Termination** |

## Incident Summary

Between December 2010 and July 2011, an officer allegedly engaged in a series of retaliatory searches of inmates' cells. The officer allegedly confiscated property from inmates and either destroyed the property which was rightfully in the inmates' possession, or refused to return the property. When asked by his sergeants about the searches, the officer either denied that he confiscated the property or misrepresented the disposition of the property. When interviewed by the Office of Internal Affairs, the officer was also allegedly dishonest by denying many of the allegations of retaliatory searches.

## Investigative Assessment

**Rating: Insufficient**

The Office of Internal Affairs and department attorney failed to comply with policies and procedures governing the investigative process. The hiring authority requested a full investigation but OIA Central Intake returned the case to the institution to take disciplinary action without an investigation. The hiring authority requested reconsideration. OIA Central Intake again denied the request for investigation but approved an interview of the officer. Once assigned, the special agent also requested a full investigation, which OIA Central Intake eventually approved. The complexity and seriousness of the allegations necessitated a full investigation, but due to the reluctance of OIA Central Intake to open a full investigation, the special agent was left with less time to investigate. Also, the department attorney failed to attend critical witness interviews. This failure eventually led to the department attorney failing to adequately advise the hiring authority regarding the sufficiency of the investigation and disciplinary determinations.

## Assessment Questions

- Did OIA Central Intake make a determination regarding the case within 30 calendar days?

  *OIA Central Intake received the request for investigation on February 22, 2011, but did not take action until April 6, 2011, 44 days after the receipt of the request.*

- Did OIA Central Intake make an appropriate initial determination regarding the case?

  *OIA Central Intake did not open an investigation but returned the case to the institution to take disciplinary action. The hiring authority requested reconsideration and an investigation was opened approximately three months after the case was originally received.*

- Did the department attorney attend investigative interviews for key witnesses to assess witness demeanor and credibility?

  *The department attorney failed to attend 17 interviews.*

- Did the department attorney cooperate with and provide continual real-time consultation with the OIG throughout the investigative phase?

  *The department attorney did not provide real-time consultation regarding the investigation as he missed numerous key witness interviews and, therefore, was unable to consult with the OIG regarding the interviews.*

## Disposition

The hiring authority sustained the allegations that the officer was discourteous to inmates in conducting retaliatory cell searches, improperly confiscating property, and being dishonest regarding his actions, and dismissed the officer. The hiring authority did not sustain allegations that the officer was dishonest in certain statements he made to a sergeant regarding the disposition of some of the confiscated property, that he had abandoned his post to conduct a retaliatory search, and that he was dishonest to the Office of Internal Affairs. The officer filed an appeal with the State Personnel Board. At the hearing, the officer offered to settle the matter by resigning if the department would pay him four months of back pay. The department attorney recommended settlement on those terms to the hiring authority, which agreed. Given the strength of the evidence, the OIG did not agree with the settlement and, in particular, with the agreement to provide the officer with back pay. However, the terms of the settlement did not merit a higher level of review.

# SOUTH REGION

| Disciplinary Assessment | Rating: **Insufficient** |
|---|---|

The department failed to comply with policies and procedures governing the disciplinary process. The department attorney failed to attend numerous critical witness interviews and was not sufficiently familiar with the facts of the case when he provided legal advice to the hiring authority regarding the sufficiency of the investigation and disciplinary determinations. The hiring authority, upon the advice of the department attorney, entered into a settlement agreement which was not consistent with the settlement factors set forth in the department's policies and procedures.

## Assessment Questions

- Did the VA provide appropriate legal consultation to the HA regarding the sufficiency of the investigation and investigative findings?

  *The department attorney failed to attend critical witness interviews. This failure led to the department attorney failing to adequately advise the hiring authority regarding the sufficiency of the investigation and investigative findings. After the hiring authority expressed disagreement with the department attorney regarding the investigative findings, the department attorney delayed drafting the disciplinary action.*

- Did the department attorney provide appropriate legal consultation to the HA regarding disciplinary determinations?

  *The department attorney failed to attend critical witness interviews. This failure led to the department attorney failing to adequately advise the hiring authority regarding the disciplinary determinations. After the hiring authority expressed disagreement with the department attorney regarding the disciplinary determinations, the department attorney delayed drafting the disciplinary action.*

- Did the department attorney provide to the HA and OIG written confirmation of penalty discussions?

  *The department attorney failed to provide to the hiring authority and to the OIG written confirmation of penalty discussions.*

- If there was a settlement agreement, was the settlement consistent with the DOM factors?

  *The department attorney settled this matter with the officer for a resignation in lieu of termination. As part of this settlement, the hiring authority, on the department attorney's recommendation, agreed to pay the officer an additional four months of salary for the time he was dismissed. However, the department attorney failed to discuss the departmental policy factors regarding settlement with the hiring authority.*

- If the penalty was modified by department action or a settlement agreement, did OIG concur with the modification?

  *The OIG did not agree with any part of the settlement, especially the decision to pay four months of back pay for time the officer was dismissed from the department. The department had witnesses available and prepared to testify, considerable time and expense had already been spent in arriving at the hearing, and according to the department attorney, he was ready to proceed. The decision to not only allow the officer to resign, which itself conferred a benefit to the officer, but to also pay the officer four months of back pay for time he did not work without any consideration of departmental policies and procedures was a decision with which the OIG could not and did not concur.*

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| **2010-12-25** | **12-1802-IR** | 1. **Failure to Report**<br>2. **Other Failure of Good Behavior**<br>3. **Controlled Substances - Undetermined/Other**<br>4. **Attendance - Unauthorized Absence** | 1. **Sustained**<br>2. **Sustained**<br>3. **Sustained**<br>4. **Sustained** | **Dismissal** | **No Change** |

### Incident Summary

From December 25, 2010, to June 12, 2012, an officer allegedly introduced heroin, methamphetamine, and mobile phones into the institution for personal gain. On June 12, 2012, the officer was arrested for conspiracy after he arranged to introduce heroin into the institution with an undercover agent.

# SOUTH REGION

| Investigative Assessment | Rating: **Insufficient** |
|---|---|

The Office of Internal Affairs and the department attorney failed to comply with the department's policies and procedures governing the investigative process. The special agent, in consultation with the department attorney, decided not to interview the subject officer; therefore, the special agent did not exercise due diligence and the investigation was not thorough and appropriately conducted. The department attorney also failed to provide written confirmation summarizing critical discussions about the investigative report.

## Assessment Questions

- Did the department attorney provide written confirmation summarizing all critical discussions about the investigative report to the special agent with a copy to the OIG?

  *The department attorney did not document any critical discussions about the investigative report or provide a copy to the OIG.*

- Was the investigative draft report provided to the OIG for review thorough and appropriately drafted?

  *The officer was not interviewed; therefore, the draft investigative report was not thorough or appropriately drafted.*

- Was the final investigative report thorough and appropriately drafted?

  *The officer was not interviewed; therefore, the final investigative report was not thorough or appropriately drafted.*

- Was the OIA investigation, or subject only interview, conducted with due diligence?

  *The investigation was not conducted with due diligence as the officer was not interviewed.*

- Was the investigation thorough and appropriately conducted?

  *This investigation was a result of a criminal investigation conducted by the Office of Internal Affairs. The department attorney and special agent agreed the only interview that remained to be conducted was that of the officer. However, subsequently, the department attorney recommended no further investigation be conducted and that the department could rely on the results of the criminal investigation. The OIG recommended the compelled interview to go forward as the investigation would otherwise be incomplete. Despite this recommendation, the Office of Internal Affairs, in consultation with the department attorney, closed the case without the interview being conducted. The failure of the department to conduct a compelled interview of the officer renders this investigation incomplete.*

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegations and dismissed the officer. The officer did not file an appeal with the State Personnel Board.

| Disciplinary Assessment | Rating: **Sufficient** |
|---|---|

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-03-01 | 12-0237-IR | 1. **Sexual Misconduct**<br>2. **Failure to Report**<br>3. **Over-Familiarity** | 1. **Sustained**<br>2. **Sustained**<br>3. **Sustained** | **Dismissal** | **No Change** |

## Incident Summary

Between March 2011 and June 2012, an officer allegedly engaged in an overly familiar and sexual relationship with a parolee and failed to report the relationship to the institution.

| Investigative Assessment | Rating: **Sufficient** |
|---|---|

Overall, the department's investigative process sufficiently complied with policies and procedures.

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegations and determined dismissal was the appropriate penalty. However, the officer resigned before the disciplinary action could be imposed. A letter indicating the officer resigned under adverse circumstances was placed in her official personnel file.

# SOUTH REGION

## Disciplinary Assessment

**Rating: Sufficient**

Overall, the department's disciplinary process sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-03-14 | 11-1718-IR | 1. Dishonesty<br>2. Discourteous Treatment | 1. Sustained<br>2. Sustained | Dismissal | No Change |

### Incident Summary

On March 14, 2011, an officer allegedly yelled and cursed at outside law enforcement officers. It was further alleged the officer was dishonest during his interview with the Office of Internal Affairs.

## Investigative Assessment

**Rating: Sufficient**

The department's investigative process sufficiently complied with policies and procedures.

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegations and dismissed the officer. The officer filed an appeal with the State Personnel Board. The appeal was dismissed because another disciplinary action was upheld by an appellate court pursuant to which the officer was dismissed from state service.

## Disciplinary Assessment

**Rating: Sufficient**

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-07-06 | 12-0684-IR | 1. Unreasonable Use of Force | 1. Unfounded | No Penalty Imposed | No Change |

### Incident Summary

On July 6, 2011, it was alleged two officers pepper-sprayed two non-resistive, handcuffed inmates in the face.

## Investigative Assessment

**Rating: Insufficient**

The department failed to comply with policies and procedures governing the investigative process. The hiring authority failed to request an investigation in a timely manner. The department attorney failed to adequately analyze the deadline for taking disciplinary action and failed to attend all key witness interviews. The special agent failed to provide the OIG with either a draft or final investigative report.

# SOUTH REGION

## Assessment Questions

- Was the matter referred to OIA as soon as reasonably practical, within 45 calendar days of the date of discovery?

  *The date of discovery was August 4, 2011; however, the hiring authority did not refer the matter to the Office of Internal Affairs until February 16, 2012, more than six months after the date of discovery.*

- Within 21 calendar days, did the department attorney make an entry into CMS accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *Although the department attorney made an entry in CMS stating he assessed the statute date, the entry does not comply with department policies and procedures. The department attorney did not specifically note the date of the incident, the date of discovery, the deadline for taking disciplinary action, or any exceptions to the known deadline.*

- Did the department attorney attend investigative interviews for key witnesses to assess witness demeanor and credibility?

  *The department attorney only attended the interviews of the two officers. He did not attend the interviews of any of the inmates who were the percipient witnesses to the alleged incident.*

- Upon completion of the investigation, was a draft copy of the investigative report timely forwarded to the OIG to allow for feedback before it was forwarded to the HA or prosecuting agency?

  *The special agent did not provide a draft copy of the investigative report to the OIG.*

- Did the special agent cooperate with and provide continual real-time consultation with the OIG?

  *Although the special agent consulted with the OIG during the majority of the investigation, she did not provide the draft or final investigative reports to the OIG.*

## Disposition

The hiring authority determined that the investigation conclusively proved the misconduct did not occur. The OIG concurred.

## Disciplinary Assessment                                  Rating: **Insufficient**

The department failed to comply with policies and procedures governing the disciplinary process. Both the hiring authority and the department attorney failed to notify the OIG of the meeting to discuss the investigative findings.

## Assessment Questions

- Did the HA timely consult with the OIG and department attorney (if applicable), regarding the sufficiency of the investigation and the investigative findings?

  *The hiring authority did not consult with the OIG concerning the sufficiency of the investigation.*

- Did the department attorney or disciplinary officer cooperate with and provide continual real-time consultation with the OIG throughout the disciplinary phase, until all proceedings were completed, except for those related to a writ?

  *The department attorney did not consult with the OIG concerning findings and penalty.*

- Did the HA cooperate with and provide continual real-time consultation with the OIG throughout the disciplinary phase, until all proceedings were completed, except for those related to a writ?

  *The hiring authority made findings regarding the allegations without notice to the OIG.*

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-07-22 | 12-0765-IR | 1. **Insubordination**<br>2. **Sexual Misconduct**<br>3. **Contraband** | 1. **Sustained**<br>2. **Not Sustained**<br>3. **Not Sustained** | **Letter of Instruction** | **No Change** |

## Incident Summary

On July 22, 2011, an officer allegedly engaged in sexual misconduct when, through the cell-door window, he watched an inmate disrobe and situate her body in a provocative fashion. The officer also allegedly released the inmate from her cell and had sexual intercourse with her in an employee bathroom, and provided the inmate with tobacco and a lighter. Additionally, it was alleged that on March 5, 2012, the officer was insubordinate when he failed to appear as ordered for his interview with the Office of Internal Affairs.

# SOUTH REGION

## Investigative Assessment

**Rating: Insufficient**

The Office of Internal Affairs failed to comply with the department's policies and procedures governing the investigative process as the investigation was not completed until 27 days before the deadline to take disciplinary action.

## Assessment Questions

- Was the investigation, or subject interview, completed at least 35 days before the deadline to take disciplinary action?

  *The deadline to take disciplinary action was August 7, 2012. The investigation was not completed until July 11, 2012, only 27 days before the deadline to take disciplinary action.*

## Disposition

The hiring authority sustained the insubordination allegation and served the officer with a letter of instruction. The hiring authority determined there was insufficient evidence to sustain the sexual misconduct and contraband allegations. The OIG concurred.

## Disciplinary Assessment

**Rating: Sufficient**

Overall, the department sufficiently complied with and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-08-08 | 11-2887-IR | 1. **Dishonesty** <br> 2. **Neglect of Duty** | 1. **Unfounded** <br> 2. **Unfounded** | **No Penalty Imposed** | **No Change** |

## Incident Summary

On August 8, 2011, two officers allegedly failed to observe and respond to an in-cell attack of one inmate by another inmate even though the inmate allegedly yelled for help during the attack. The officers were also allegedly dishonest in their written reports regarding their observations of the inmate and his injuries.

## Investigative Assessment

**Rating: Insufficient**

The department did not sufficiently comply with policies and procedures. The investigation was unnecessarily delayed and no activity occurred for approximately three months. The investigation was not completed until 23 days prior to the deadline for taking disciplinary action.

## Assessment Questions

- Within 21 calendar days, did the department attorney make an entry into CMS accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The department attorney was assigned December 7, 2011, but did not make an entry into CMS regarding the relevant dates until January 12, 2012, 36 days later.*

- Was the OIA investigation, or subject only interview, conducted with due diligence?

  *The special agent took eight months to investigate this case that involved a relatively small number of witnesses. For approximately three months there was no activity at all, and activity thereafter was very slow.*

- Was the investigation, or subject interview, completed at least 35 days before the deadline to take disciplinary action?

  *The investigation was completed 23 days prior to the deadline to take disciplinary action.*

## Disposition

The hiring authority determined that the investigation conclusively proved that the misconduct by both officers did not occur. The OIG concurred.

## Disciplinary Assessment

**Rating: Sufficient**

Overall, the department sufficiently complied with policies and procedures.

# SOUTH REGION

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| **2011-09-20** | **11-3198-IR** | 1. **Dishonesty**<br>2. **Failure to Report**<br>3. **Neglect of Duty** | 1. **Sustained**<br>2. **Sustained**<br>3. **Sustained** | **Dismissal** | **No Change** |

## Incident Summary

On September 20, 2011, a sergeant allegedly failed to activate her alarm, and allegedly did not timely report two incidents of force against an inmate. In the first instance, the inmate was non-compliant and force was used during handcuffing. Shortly thereafter, the inmate spit at staff and was taken to the ground by the involved officers. The sergeant was also allegedly dishonest when she told her supervisor that no force had been used. Three officers involved also allegedly failed to activate their alarms and accurately document the two uses of force on the inmate.

## Investigative Assessment | Rating: Insufficient

The department failed to comply with policies and procedures governing the investigative process. The hiring authority did not request an investigation for more than two months after the date of discovery of the alleged misconduct. The Office of Internal Affairs failed to properly consult with the OIG and the department attorney regarding the investigative report, and sent a copy of the investigative report to the department attorney and the OIG after it was already provided to the hiring authority. The department attorney failed to provide feedback regarding the investigative report and failed to properly document information in the department case management system.

## Assessment Questions

- Was the matter referred to OIA as soon as reasonably practical, within 45 calendar days of the date of discovery?

  *The department learned of the misconduct on September 20, 2011; however, the hiring authority did not refer the matter to the Office of Internal Affairs until November 22, 2011, 63 calendar days after the date of discovery.*

- Within 21 calendar days, did the department attorney make an entry into CMS accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The department attorney did not make any entry into CMS confirming the relevant dates.*

- Upon completion of the investigation, was a draft copy of the investigative report timely forwarded to the OIG to allow for feedback before it was forwarded to the HA or prosecuting agency?

  *The report was not provided to the OIG.*

- Upon completion of the investigation, was a draft copy of the investigative report timely forwarded to the department attorney to allow for feedback before it was forwarded to the HA or prosecuting agency?

  *The report was sent to the hiring authority on May 7, 2012. The department attorney received the report on May 16, 2012.*

- Within 21 calendar days following receipt of the investigative report, did the department attorney review the report and provide appropriate substantive feedback addressing the thoroughness and clarity of the report?

  *The department attorney did not provide feedback regarding the thoroughness and clarity of the report.*

- Did the department attorney provide written confirmation summarizing all critical discussions about the investigative report to the special agent with a copy to the OIG?

  *The department attorney did not provide written confirmation summarizing critical discussions about the investigative report to the special agent and to the OIG.*

- Did the special agent cooperate with and provide continual real-time consultation with the OIG?

  *The special agent failed to consult with the OIG regarding the investigative report and sent the report to the hiring authority without an opportunity for the OIG to review it.*

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegations against the sergeant and determined dismissal was the appropriate penalty. However, the sergeant retired before the disciplinary action could be imposed. A letter indicating the sergeant retired under adverse circumstances was placed in her official personnel file. No allegations were sustained against two of the officers. The hiring authority determined that the third officer failed to accurately describe the uses of force in his written report and served him with a letter of instruction.

# SOUTH REGION

## Disciplinary Assessment — Rating: Insufficient

The department failed to comply with policies and procedures governing the disciplinary process. The hiring authority failed to timely serve a letter of instruction on an officer. After the OIG brought the matter to the attention of the hiring authority, the hiring authority appropriately withdrew the letter of instruction from the officer's official personnel file. The disciplinary officer failed to provide a copy of the letter of instruction to the OIG for review before it was served on the officer. The department attorney failed to make timely and required computerized entries regarding the disciplinary action, and failed to track service of the letter of instruction to ensure timely service.

## Assessment Questions

- Did the HA cooperate with and provide continual real-time consultation with the OIG throughout the disciplinary phase, until all proceedings were completed, except for those related to a writ?

    *The hiring authority failed to provide the OIG with a copy of the findings and penalty forms. She also failed to provide the OIG with a copy of the letter of instruction for review before it was served on an officer. It was only after repeated requests that the hiring authority provided a copy of the signed letter of instruction to the OIG.*

- Was the disciplinary phase conducted with due diligence by the department?

    *The hiring authority failed to timely serve a letter of instruction on an officer. The decision to impose the letter of instruction was made on May 21, 2012, but the officer was not served until July 12, 2012, 22 days after the deadline for serving the letter of instruction. As a result, the letter of instruction could not remain in the officer's official personnel file.*

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-10-03 | 12-1539-IR | 1. Dishonesty<br>2. Over-Familiarity | 1. Sustained<br>2. Sustained | Dismissal | No Change |

### Incident Summary

From October 3, 2011, through October 7, 2011, an officer allegedly engaged in an overly familiar relationship with an inmate and the inmate's mother, and borrowed $7,500 from the inmate. The officer was to repay a total of $10,000, but did not. The officer was allegedly dishonest to the Office of Internal Affairs about his reasons for borrowing money from the inmate, about his knowledge of the inmate's receipt of an inheritance from his father's estate, and about the falsification of statements in an official report.

### Investigative Assessment — Rating: Sufficient

Overall, the department's investigative process sufficiently complied with policies and procedures.

### Disposition

The hiring authority determined there was sufficient evidence to sustain all allegations except the allegation that the officer was dishonest to the Office of Internal Affairs concerning falsification of statements in an official report, and determined that dismissal was the appropriate penalty. The officer did not file an appeal with the State Personnel Board.

### Disciplinary Assessment — Rating: Sufficient

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-10-05 | 11-3124-IR | 1. Dishonesty<br>2. Neglect of Duty | 1. Not Sustained<br>2. Not Sustained | No Penalty Imposed | No Change |

### Incident Summary

On October 5, 2011, two inmates were involved in a physical altercation in a housing unit. Two officers reportedly activated an alarm and used pepper spray to stop the fighting. The next day an inmate claimed that the two officers allegedly watched the inmates fighting and walked into an office, failing to intervene. The officers allegedly later returned to the fight and then used pepper spray. The control booth officer allegedly failed to activate the building alarm or issue any commands until the two officers responded to the fighting. All officers were allegedly dishonest by writing in their reports that they responded immediately to stop the fighting.

# SOUTH REGION

## Investigative Assessment

**Rating: Sufficient**

Overall, the department's investigative process sufficiently complied with policies and procedures.

## Disposition

The hiring authority determined there was insufficient evidence to sustain the allegations. The OIG concurred with the hiring authority's determination.

## Disciplinary Assessment

**Rating: Sufficient**

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| 2011-10-31 | 12-0831-IR | 1. Sexual Misconduct<br>2. Contraband<br>3. Over-Familiarity<br>4. Neglect of Duty<br>5. Discredit to the Department | 1. Sustained<br>2. Sustained<br>3. Sustained<br>4. Sustained<br>5. Sustained | INITIAL<br>No Penalty Imposed | FINAL<br>No Change |

### Incident Summary

Between October 31, 2011, and April 24, 2012, a licensed vocational nurse was allegedly involved in overly familiar relationships with two inmates. It was alleged the nurse provided one of the inmates with heroin and tattooed one inmate's name on her wrist. That same inmate allegedly tattooed the nurse's name on his neck. Additionally, the nurse allegedly corresponded with one of the inmates, spoke to him on the phone, and mailed him partially nude photographs of herself. It was further alleged the licensed vocational nurse failed to inform correctional staff that one of the inmates she was involved with was going to attack the other inmate with whom she was involved.

## Investigative Assessment

**Rating: Sufficient**

Overall, the department sufficiently complied with policies and procedures.

## Disposition

The hiring authority sustained the allegations but did not determine a penalty. However, the licensed vocational nurse resigned prior to the completion of the investigation; therefore, no disciplinary action was taken. A letter indicating the nurse resigned under adverse circumstances was placed in her official personnel file.

## Disciplinary Assessment

**Rating: Sufficient**

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| 2011-12-03 | 12-0685-IR | 1. Dishonesty<br>2. Failure to Report<br>3. Unreasonable Use of Force | 1. Not Sustained<br>2. Not Sustained<br>3. Not Sustained | INITIAL<br>No Penalty Imposed | FINAL<br>No Change |

### Incident Summary

On December 3, 2011, an officer allegedly engaged in a physical altercation with an inmate during a clothed body search in a dining hall and falsified his report regarding the altercation. Two sergeants and an officer allegedly witnessed the incident and failed to report the use of force.

## Investigative Assessment

**Rating: Sufficient**

Overall, the department's investigative process sufficiently complied with policies and procedures.

# SOUTH REGION

## Disposition
The hiring authority determined there was insufficient evidence to sustain the allegations against the officers and the sergeants. The OIG concurred with the hiring authority's determinations.

## Disciplinary Assessment
Rating: **Sufficient**

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-12-15 | 11-3098-IR | 1. **Dishonesty** <br> 2. **Neglect of Duty** <br> 3. **Unlawful Possession of Medication** <br> 4. **Introduction of Tobacco** | 1. **Sustained** <br> 2. **Sustained** <br> 3. **Sustained** <br> 4. **Sustained** | **Dismissal** | **No Change** |

## Incident Summary
On December 15, 2011, a licensed vocational nurse allegedly smuggled tobacco into an institution for personal gain after he was discovered placing the tobacco into a trash bin for an inmate. The institution contacted the Office of Internal Affairs, which sent two special agents to the institution. It was further alleged the nurse unlawfully possessed medication after the special agents searched the nurse's personal backpack and found five baggies of inmate medication. Finally, It was alleged that the nurse was dishonest during his interviews with the Office of Internal Affairs.

## Investigative Assessment
Rating: **Sufficient**

The department's investigative process sufficiently complied with policies and procedures.

## Disposition
The hiring authority determined there was sufficient evidence to sustain the allegations and served the nurse with a notice of dismissal. However, prior to the imposition of the penalty, the nurse resigned. A letter indicating he resigned under adverse circumstances was placed in his official personnel file.

## Disciplinary Assessment
Rating: **Sufficient**

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| | | | | INITIAL | FINAL |
| 2011-12-16 | 12-0832-IR | 1. **Domestic Violence** <br> 2. **Disorderly Conduct in Public** | 1. **Sustained** <br> 2. **Sustained** | **Dismissal** | **No Change** |

## Incident Summary
On December 16, 2011, an off-duty officer allegedly threw a beer bottle at his ex-girlfriend, striking her in the head. The officer was charged and pled guilty to domestic battery, which resulted in the termination of his legal ability to possess a firearm.

## Investigative Assessment
Rating: **Sufficient**

Overall, the department sufficiently complied with policies and procedures.

## Disposition
Prior to completion of the investigation, the hiring authority non-punitively terminated the officer due to the firearm restriction. However, the officer resigned prior to the effective date of the termination. Additionally, upon the completion of the investigation, the hiring authority sustained all of the allegations and determined that dismissal was the appropriate penalty had the officer not previously resigned. A letter indicating the officer resigned under unfavorable circumstances was placed in his official personnel file.

## Disciplinary Assessment
Rating: **Sufficient**

The department sufficiently complied with policies and procedures.

# SOUTH REGION

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| **2011-12-22** | **12-0874-IR** | 1. **Over-Familiarity** | 1. **Sustained** | INITIAL<br>**Dismissal** | FINAL<br>**No Change** |

## Incident Summary

From December 22, 2011, to August 31, 2012, a library technical assistant allegedly engaged in an overly familiar sexual relationship with an inmate and communicated with the inmate by phone and via a social networking website.

## Investigative Assessment
**Rating: Sufficient**

Overall, the department's investigative process sufficiently complied with policies and procedures.

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegations and dismissed the library technical assistant. However, the library technical assistant resigned before discipline could be imposed. A letter indicating she resigned under adverse circumstances was placed in her official personnel file.

## Disciplinary Assessment
**Rating: Sufficient**

Overall, the department sufficiently complied with policies and procedures.

| Incident Date | OIG Case Number | Allegations | Findings | Penalty | |
|---|---|---|---|---|---|
| **2012-01-21** | **12-0591-IR** | 1. **Neglect of Duty**<br>2. **Domestic Violence** | 1. **Sustained**<br>2. **Not Sustained** | INITIAL<br>**Letter of Instruction** | FINAL<br>**No Change** |

## Incident Summary

On January 21, 2012, an officer was arrested for domestic violence after he allegedly grabbed his girlfriend by the hair and pushed her out of their apartment causing scrapes and bruising to the girlfriend's arms. It was also alleged the officer brought discredit to the department for his alleged conduct toward his girlfriend.

## Investigative Assessment
**Rating: Insufficient**

The department attorney failed to comply with policies and procedures governing the investigative process. The department attorney failed to make a full and complete assessment of the deadline for taking disciplinary action, failed to make initial contact with the special agent and the OIG regarding the investigation, and failed to attend a key witness interview.

## Assessment Questions

- Within 21 calendar days, did the department attorney make an entry into CMS accurately confirming the date of the reported incident, the date of discovery, the deadline for taking disciplinary action, and any exceptions to the deadline known at the time?

  *The department attorney made an entry into CMS. However, he merely stated that he assessed the date of the incident, discovery date, and the deadline for taking disciplinary action without indicating the actual dates.*

- No later than 21 calendar days following assignment of the case, did the department attorney contact the assigned special agent and the monitor to discuss the elements of a thorough investigation of the alleged misconduct?

  *The department attorney did not initiate contact with either the special agent or the OIG.*

- Did the department attorney attend investigative interviews for key witnesses to assess witness demeanor and credibility?

  *The department attorney did not attend the interview of the alleged domestic violence victim.*

## Disposition

The hiring authority determined there was sufficient evidence to sustain the allegation that the officer failed to perform within the scope of his training when he brought discredit to the department. The officer was served with a letter of instruction. The hiring authority determined there was insufficient evidence to sustain the allegation of domestic violence because the alleged victim denied she was battered and explained that her injuries were the result of a fall due to her intoxication.

# SOUTH REGION

| Disciplinary Assessment | Rating: Sufficient |
|---|---|
| The department sufficiently complied with policies and procedures. | |



# SEMI-ANNUAL REPORT
## July-December 2012
## Volume I


# OFFICE OF THE INSPECTOR GENERAL

### Robert A. Barton
INSPECTOR GENERAL


### Roy W. Wesley
CHIEF DEPUTY INSPECTOR GENERAL


# STATE OF CALIFORNIA
## April 2013