**Coleman v. Brown, 90-520 LKK JFM**
**Joint Statement Re Discovery Dispute on Production of Use of Force Videos**

Plaintiffs move to compel production of Use of Force videos in connection with the upcoming evidentiary hearing on Plaintiffs' May 29, 2013 Motion for Enforcement of Court Orders and Affirmative Relief Related to Use of Force and Disciplinary Measures.

**Plaintiffs' Position:** Plaintiffs moved for relief to remedy Defendants' continued use of unnecessary and excessive force against *Coleman* class members. The Court determined that it should hold an evidentiary hearing on this issue. Plaintiffs seek production of Use of Force videos previously shown to Plaintiffs' and Defendants' experts at CDCR sites so that Plaintiffs can prepare and present these videos as evidence in the evidentiary hearing. There was no reason to promulgate new formal discovery request for these videos and the parties have met and conferred regarding production of the videos in connection with the current proceedings for the past two months, without Defendants raising the objection that Plaintiffs must issue new formal discovery requests for these videos. *See* Declaration of Lori Rifkin ("Rifkin Decl.") ¶ 1. Thus, the Court should consider this objection waived.

Relying on the Court's March 7, 2013 order issued during the termination proceedings, Defendants take the position with respect to Plaintiffs' May 29, 2013 motion that they need provide Plaintiffs with access to these videos only on-site at a CDCR prison. This is not sufficient access for the current proceedings, which include an evidentiary hearing squarely on use of force. Plaintiffs have already been prejudiced by this lack of access. Prior to submitting a declaration in support of Plaintiffs' motion, Plaintiffs' expert had no opportunity to review videos he had viewed only once, months prior, during the expedited termination inspection process. Plaintiffs' expert also had no opportunity to review the videos before his deposition. Defendants, on the other hand, scheduled a viewing for their expert of the videos cited by Plaintiffs' expert, which occurred before Defendants' expert's deposition. Plaintiffs' counsel and expert attended this viewing, but were not afforded the opportunity to review any videos outside of those specifically cited by Plaintiffs' expert in his declaration. Moreover, viewing the videos only at CDCR locations has proven ineffective and wasteful of resources because of repeated technology glitches. For example, at the recent viewing, it took virtually an entire day to watch eight videos because of repeated hardware and software malfunctions. Rifkin Decl. ¶ 2.

In order to present the Court with critical evidence for consideration, it is imperative that Plaintiffs have full access to the Use of Force videos, so that Plaintiffs' counsel and expert witnesses may prepare for the hearing, and so that Plaintiffs can present relevant videos as evidence during the hearing. Plaintiffs and their experts must have a copy of the videos to review, edit, and select portions for presentation at trial. Rifkin Decl. ¶ 3.

In response to requests for these videos in connection with the May 29 motion, Defendants at first agreed to production via a secure password-protected website, and asked Plaintiffs to stipulate to an additional protective order regarding the videos. Rifkin Decl. ¶ 4. Plaintiffs agreed, although it is unnecessary and redundant with the protective order already in effect in this case. *Id.* Subsequently, however, Defendants have refused to produce the videos, and stated that the only way Defendants will make them available for the hearing is if Defendants provide them under seal directly to the Court for viewing *in camera*. *Id.*

Defendants have not articulated any legitimate non-speculative basis for refusing to produce the videos to Plaintiffs for use by Plaintiffs' counsel and experts. *See, e.g.*, *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1130-31 (9th Cir. 2003) (party must show that specific prejudice or

harm will result if no protective order is granted); *Beckman Industries, Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."). The only rationale Defendants have provided thus far for their refusal is the concern that the videos "may wind up on youtube." Rifkin Decl. ¶ 5. This is not a legitimate basis for refusing production.[1] Moreover, Defendants cannot demonstrate that it is an undue burden to produce these videos because CDCR has already made copies of these videos for its counsel. Rifkin Decl. ¶ 6.

Moreover, Defendants' proposal that the videos be produced only under seal to the Court and viewed *in camera* contravenes the strong presumption in favor of access to court records, and Defendants have not articulated any justification for sealing that would outweigh public policies favoring disclosure. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978); *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *Valdivia v. Brown*, 2:94-cv-00671-LKK-GGH, Doc. 1847 at 2:3-15 (E.D.C.A. July 8, 2013) (order re: sealing documents).

**Defendants' Position:** There is no basis for Plaintiffs' motion. Plaintiffs have not served a discovery request, but instead base their motion on a "response to requests for videos in connection with the May 29 motion . . . ." (*See* Declaration of Patrick McKinney ¶ 2.) Since Plaintiffs have not and cannot lodge a discovery request because there is no such request or response at issue, the matter is not properly before the Magistrate Judge and should be rejected. FRCP 37.[2] Plaintiffs' waiver argument has no merit since it is not possible to waive an objection when no request has been served.

In the absence of any pending discovery, Plaintiffs' motion is a request that the Court consider for the third time an issue decided nearly five months ago. On March 5, 2013, this Court ordered Defendants to produce use of force videos to Plaintiffs' expert "in the same manner and to the same extent those . . . materials were provided to defendant's expert . . . ." (ECF 4367 at 6.) Plaintiffs, dissatisfied with the order, asked the Court to reconsider. (ECF 4370.) The next day, the Court denied Plaintiffs' request and ordered Defendants "to make all responsive UOF videos available to plaintiffs' expert at a date, time, and CDCR location selected by plaintiffs and their expert, and to make those UOF videos available to plaintiffs' expert at the selected location for as long as plaintiffs' expert deems necessary to complete his review thereof." (ECF 4371 at 2.)

Plaintiffs' continued dissatisfaction provides no basis for their second improper request for reconsideration of this Court's orders. Defendants have fully complied, and have made the videos available to Plaintiffs' expert on March 13, 2013 and July 22, 2013. (Vail Decl. ¶ 14, ECF 4638-1; McKinney Decl. ¶ 3.) *Since the Court issued its March 5 order, all responsive videos have been and remain available for inspection at a mutually agreed-upon CDCR facility.* (McKinney Decl. ¶ 3 & Ex. 1 [7/10 4:24 p.m., 7/9 3:10 p.m. & 7/8 2:34 pm emails].) Plaintiffs' claim of prejudice is false. Moreover, Defendants' expert has never been provided copies of

---

[1] Indeed, numerous CDCR Use of Force videos are already on youtube.com, some of them published by the media with CDCR's approval. *See, e.g.*, Exhibit 10 to Declaration of Lori E. Rifkin In Support of Notice of Motion and Motion for Enforcement of Court Orders and Affirmative Relief Related to Use of Force and Disciplinary Measures, Doc. 4638-2, filed 5/29/13.

[2] The two cases cited by Plaintiffs involved a request to modify a protective order brought by third parties. *See Foltz*, 331 F.3d at 1127 ("This case calls upon us to determine when parties other than the original litigants may gain access to materials that a court has placed under protective seal."); *Beckman*, 966 F.2d at 476 (affirming order modifying protective order). Neither case addresses a motion to compel brought by a party while no discovery is pending on an issue governed by prior court orders.

UOF videos, nor did he remove them from CDCR premises. (*Id.* ¶ 4.) Plaintiffs cite no new facts or law because none exist, and their request for reconsideration should be denied.

Plaintiffs mischaracterize the informal negotiations over potential production of the videos. CDCR hoped to implement an appropriate technical solution that would allow for remote secure streaming of the use of force videos, but ultimately was unable to do so. (*Id.* ¶ 5 & Ex. 1 [7/8 2:34 pm email].) These negotiations do not change the prerequisites to filing a motion to compel in the Federal Rules of Civil Procedure, *i.e.,* a discovery request and response.

Plaintiffs' argument concerning use of the videos at the evidentiary hearing should also be rejected for the following reasons: (1) This argument does not pertain to discovery and is not the proper subject of a motion to compel. FRCP 37. (2) As explained in detail in Defendants' opposition (ECF 4704), the motion is not supported by evidence and should be decided without an evidentiary hearing. Plaintiffs misrepresent when they imply that the Court has ordered an evidentiary hearing on this issue; the Court is holding a scheduling conference on July 31 where this issue should be decided. (ECF 4687 ¶ 5.) (3) Defendants have no objection to producing the videos at the hearing consistent with the protective order that has been in place in *Coleman* for 20 years. For example, the videos repeatedly identify inmates, private personnel information, and other information shielded from disclosure that must be submitted under seal. Defendants' proposal to submit the unedited videos selected by either party under seal for review by the Court in camera is consistent with the longstanding protective order in this case. (*See* McKinney Decl. Ex. 1.) If Plaintiffs believe otherwise, they must move to modify the protective order.