KAMALA D. HARRIS
Attorney General of the State of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
JAY C. RUSSELL
Supervising Deputy Attorney General
DEBBIE VOROUS - 166884
PATRICK McKINNEY - 215228
MANEESH SHARMA - 280084
Deputy Attorneys General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-7004
Telephone:  (415) 703-5500
Facsimile:  (415) 703-5843
Email:  Patrick.McKinney@doj.ca.gov

HANSON BRIDGETT LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179755
WALTER R. SCHNEIDER - 173113
SAMANTHA D. WOLFF -  240280
MEGAN OLIVER THOMPSON - 256654
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:   (415) 777--3200
Facsimile:    (415) 541-9366
pmello@hansonbridgett.com

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**AND THE NORTHERN DISTRICT OF CALIFORNIA**

**UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES**

**PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE**

| | |
|---|---|
| RALPH COLEMAN, et. al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>    Defendants. | CASE NO. 2:90-cv-00520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>    Defendants. | CASE NO. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**DEFENDANTS' STATUS REPORT IN RESPONSE TO JUNE 30, 2011, APRIL 11, 2013, AND JUNE 20, 2013 ORDERS** |

The State submits this status report on the state prison population as required by the Court's June 30, 2011, April 11, 2013, and June 20, 2013 orders. Exhibit A sets forth the current design bed capacity, population, and population as a percentage of design bed capacity for each state prison and for all state prisons combined. Exhibit A shows that as of July 31, 2013, 119,339 inmates were housed in the State's 33 adult institutions, which amounts to 146.3% of design bed capacity.[1]

## COURT-ORDERED AMENDED POPULATION REDUCTION PLAN

### I.   MEASURES IN THE COURT'S AMENDED PLAN

#### A.   New Construction

As anticipated, Defendants began admitting patients to the California Health Care Facility in Stockton on July 22, 2013. (Decl. Toche Supp. Aug. 1 Status Report (Toche Decl.) ¶ 2.) Inmates with the most severe and long-term medical care and mental health needs are treated at the Stockton facility. *See* California Department of Corrections and Rehabilitation, http://www.cdcr.ca.gov/Facilities_Locator/CHCF.html (last visited July 31, 2013). As of July 29, 2013, 35 inmate-patients have been admitted at CHCF-Stockton. (Toche Decl. ¶ 2.) Defendants expect to admit anywhere between approximately 30 and 112 patients per week until all of the facility's 1,818 beds have been filled in December 2013. (*Id.*)

#### B.   Expanding Fire Camp Capacity

As Defendants reported in the July 18, 2013 Status Report, this measure has been accomplished. (ECF 2679/4697 at 2-3.) CDCR currently houses 3,882 inmates in fire camps. (Exhibit A.) CDCR will continue to house at least 3,800 inmates in fire camps consistent with the Court's Amended Plan. (ECF 2679/4697 at 2-3.)

/ / /

---

[1] The data in Exhibit A is taken from CDCR's July 29, 2013 weekly population report, available on CDCR's Web site at
http://www.cdcr.ca.gov/Reports_Research/Offender_Information_Services_Branch/WeeklyWed/TPOP1A/TPOP1Ad130724.pdf

### C. Increasing Prison Credits

CDCR is currently working to develop a process to implement increased prison credits and to address all related logistical and policy concerns. (Decl. Stainer Supp. Aug. 1 Status Report (Stainer Decl.) ¶ 2.) Recalculating credits awarded is a time-consuming process that must be done on a case-by-case basis. (*Id.*) CDCR is working to prioritize which inmates will be eligible to receive recalculated and increased credits, and to determine how much time these inmates would be awarded. (*Id.*) Further, CDCR is in the process of drafting an operational plan and creating tracking processes that will need to be implemented. (*Id.*) CDCR is also drafting notifications to send to all affected stakeholders, including victims, sheriffs, chief probation officers, and Immigration and Customs Enforcement (ICE), among others, to advise them that they may not be receiving the requisite period pre-release notice and to encourage certain stakeholders (such as ICE and chief probation officers) to develop any necessary policies for addressing the expedited releases that may impact their operations. (*Id.*)

However, although the State is making ongoing efforts to work towards implementation of increased prison credits, as Defendants advised this Court in their July 18, 2013 Status Report and July 10, 2013 Request for Clarification, several provisions of article I, section 28 of the California Constitution prohibit implementation of these credit measures. (ECF 2679/4697 at 3; 2674/4686 at 2.) Accordingly, Defendants again request that this Court clarify that it has in fact waived these state constitutional provisions so that these measures can be implemented. (*See id.*)

### D. Expanding Criteria for Medical Parole

Defendants have been working diligently to prepare for the implementation of the expanded medical parole program in the Court's amended plan. (*See* Toche Decl. ¶ 3.) CDCR and the Board of Parole Hearings have been in contact with the Receiver's Office to coordinate expansion of the medical parole program. (Toche Decl. ¶ 3.) In order to efficiently conduct medical parole suitability hearings, it was agreed to prioritize parole hearings by institution since certain institutions house larger numbers of eligible inmates

than others. (*Id.*) To that end, the first expanded medical parole hearings will begin at Central California Women's Facility (CCWF). (*Id.*) Assuming the court issues the necessary clarification related to the waiver of state constitutional provisions, Defendants anticipate these hearings will be able to commence at CCWF in the near future. (*Id.*) CDCR has recently received the first medical parole referral packets from the Receiver's office for consideration. (*Id.*) CDCR, the Board, and the Receiver's Office continue to refine the process and discuss the priority of inmate-patients for consideration and institutions where medical parole suitability hearings will be held. (*Id.*)

However, as explained in Defendants' July 18, 2013 Status Report and July 10, 2013 Request for Clarification, several provisions of article I, section 28 of the California Constitution prohibit implementation of this measure. (ECF 2679/4697 at 4; 2674/4686 at 2.) Defendants also explained that article XVI, section 7 of the state constitution, as well as specified statutory provisions, prohibit Defendants from expending the state funds needed to implement this measure without a legislative appropriation. (ECF 2679/4697 at 4; 2674/4686 at 1-2.) Accordingly, Defendants again request this Court's clarification that it has in fact waived these state constitutional and statutory provisions so that this measure can be implemented. (*See id.*)

### E.   Establishing New Parole Process for Low-Risk Elderly Inmates

Defendants have also been working diligently to prepare for the implementation of the elderly parole program in the Court's amended plan. (*See* Toche Decl. ¶ 4.) Defendants continue to work to identify and screen inmates who may be eligible candidates for elderly parole. (Toche Decl. ¶ 4.) Defendants are also in the process of developing a means to address the potential overlap of inmates who are eligible for both elderly parole and medical parole. (*Id.*)

Further, as explained in Defendants' July 18, 2013 Status Report and July 10, 2013 Request for Clarification, several provisions of article I, section 28 of the California Constitution prohibit implementation of this measure. (ECF 2679/4697 at 4; 2674/4686 at 2.) Defendants also explained that article XVI, section 7 of the state constitution, as well

as specified statutory provisions, prohibit Defendants from expending the state funds needed to fully implement this measure without a legislative appropriation. (ECF 2674/4686 at 1-2.) Accordingly, Defendants again request clarification that the Court has in fact waived these state constitutional and statutory provisions, so that this measure could be implemented. (*See id.*)

### F.  Slowing Return of Out-Of-State Inmates

Defendants housed 8,986 inmates in out-of-state facilities as of July 31, 2013. (Exhibit A.) As Defendants previously reported in their July 18, 2013 Status Report, CDCR extended its contracts to continue to house these inmates in out-of-state facilities for up to three years. (ECF 2679/4697 at 5; Beard Decl. Supp. July 18, 2013 Status Report, ECF 2680/4698 ¶ 8.) Defendants' ability to do so above the Blueprint level, however, is contingent upon this Court's clarification that it has waived the constitutional and statutory provisions that bar the State from spending State funds without a legislative appropriation. (ECF 2679/4697 at 5; 2674/4686 at 1-2.)

### G.  County Jail Capacity

As Defendants reported in their July 18, 2013 Status Report, Defendants are pursuing the viability of contracting with county jails for additional bed space. (ECF 2679/4697 at 5.) As with all other population reduction measures that require the expenditure of state funds, the State's ability to contract with county jails for additional beds is contingent upon the Court's clarification that it has waived the constitutional and statutory provisions that bar the State from spending State funds without a legislative appropriation. (ECF 2679/4697 at 5; 2674/4686 at 1-2.)

## II.  DEVELOPMENT OF A COURT-ORDERED EARLY RELEASE SYSTEM

Defendants informed this Court on July 18, 2013 that they were making "diligent and concerted efforts 'to develop a system to identify prisoners who are unlikely to reoffend or who might otherwise be candidates for early release.'" (ECF 2679/4679 at 6, quoting June 20, 2013 Order, ECF 2659/4662 at 41; *see also* Decl. Beard Supp. Defs.' July 18, 2013 Status Report ¶ 10.) Defendants continue to develop a court-ordered early

1  release system, and estimate that the system will be finalized in approximately 15 days.
2  (Toche Decl. ¶ 5.)  Additionally, similar to the population reduction measures discussed
3  *supra* requiring the expenditure of state funds, Defendants are prohibited from
4  implementing this measure until this Court clarifies that it has waived the provisions of
5  article I, section 28 of the California Constitution prohibiting Defendants from releasing
6  inmates early.  (ECF 2679/4697 at 6; 2674/4686 at 2.)

8  DATED: August 1, 2013                HANSON BRIDGETT LLP

10                                      By:     /s/ *Paul B. Mello*
11                                          PAUL B. MELLO
                                            Attorneys for Defendants

12 DATED: August 1, 2013                 KAMALA D. HARRIS
13                                       Attorney General of California

15                                      By:     /s/ *Patrick R. McKinney*
                                            PATRICK R. McKINNEY
16                                          Deputy Attorney General
                                            Attorneys for Defendants