*Coleman v. Brown*, 90-520 LKK JFM
**Joint Statement Regarding Discovery Dispute on Production of Internal Affairs Files Related to Use of Force**

Plaintiffs move to compel production of Internal Affairs ("IA") files related to CDCR use of force incidents against *Coleman* class members in connection with Plaintiffs' Motion for Enforcement of Court Orders and Affirmative Relief Related to Use of Force and Disciplinary Measures.

**Plaintiffs' Position:** In support of Defendants' Opposition to Plaintiffs' Motion, John Day, Chief of Headquarters Operations for CDCR's Office of Internal Affairs ("OIA"), filed a declaration (Doc. 4705), in which he made numerous claims about OIA's investigation of CDCR use of force incidents. Day stated that OIA "conducts administrative and criminal investigations into allegations of misconduct by CDCR employees" that include "allegations of unreasonable or unnecessary force against inmates and the use of deadly force by employees." Day Decl. ¶ 2. He further stated that in 2012, 107 use of force cases were referred to OIA, that 29 of these cases required no further investigation, 57 cases required further investigation, 21 cases were rejected, and in 31 cases, "at least one allegation of misconduct" was sustained against an employee, with the result being termination in 9 of these cases. *Id.* Defendants heavily cite these statements by Mr. Day in support of their argument that CDCR's current use of force review and disciplinary process prevents and remedies unconstitutional uses of force against prisoners with mental illness. Opp. at 6:24-27; 7:7-13; 27:20-23; 28:26-27; 29:1-3. Given Defendants' reliance on Mr. Day's declaration, in advance of taking his deposition (scheduled for August 14, 2013), Plaintiffs subpoenaed the IA files for use of force cases referred to IA in 2012 that involve *Coleman* class members, including all records of any disciplinary actions taken. Rifkin Decl. ¶¶ 3-5 & Ex B.

Defendants refused to produce any of these IA files, claiming that they are protected from discovery by California Penal Code § 832.5,[1] and because the request "seeks documents not reviewed or considered by the witness" to prepare his declaration.[2] Rifkin Decl. ¶6 & Ex. C. Defendants also rejected Plaintiffs' suggested compromise to produce a smaller sample of the IA files, even with identifying employee information redacted. *Id.* ¶¶ 8-9.

The California Penal Code does not protect against discovery of IA files in federal court. Section 832.7—governing production of files related to investigations of misconduct allegations by members of the public against peace officers—creates rules of privilege for state law proceedings. Federal court litigation of federal question cases is governed by federal common law. *See* Fed. R. Evid. 501 advisory committee note; *Agster v. Maricopa Cty.*, 422 F.3d 836, 839 (9th Cir. 2005); *Jackson v. Cty. of Sacramento*, 175 F.R.D. 653, 654 (E.D. Cal. 1997).[3] Federal

---

[1] Section 832.5 does not address production of IA files. Rather, it requires that any department or agency that employs peace officers must establish a procedure to investigate complaints by members of the public against such personnel. Section 832.7 addresses production of custodial officers' personnel files and files related to investigations under § 832.5. Plaintiffs assume Defendants intended to base their argument on § 832.7.

[2] Defendants also asserted various privileges for which they clearly did not make a threshold showing, such as the attorney-client privilege and official information privilege, nor did they produce a privilege log. Rifkin Decl. ¶ 7. For the first time in this statement, Defendants assert the "federal law enforcement investigatory privilege," which was not asserted in their objections to the subpoena, and which does not foreclose discovery of IA files in federal courts in California and the Ninth Circuit, as the cases Plaintiffs cite demonstrate.

[3] The cases Defendants cite in footnote 6 in fact accord with the relevant legal premise cited by Plaintiffs. *See Lewis v. U.S.*, 517 F.2d 236, 237 (9th Cir. 1975)("In determining the federal law of privilege in a federal question case, absent a controlling statute, a federal law may consider state privilege law. But the rule ultimately adopted, whatever its substance, is not state law but federal common law.")(internal citations omitted); *Hallon v. City of Stockton*, 2012 U.S. Dist. LEXIS 14665 at *2 (E.D. Cal. Feb. 6, 2012)("Federal law applies to privilege based

courts in California routinely order disclosure of IA files and custody officers' personnel files and information in civil rights cases alleging officers' misconduct.[4]  *See, e.g., Bock v. Cty. of Sutter*, 2013 U.S. Dist. LEXIS 67965 at *3, n.2 (E.D. Cal. May 13, 2013); *Duenez v. City of Manteca*, 2013 U.S. Dist. LEXIS 24954 at *10-11 (E.D. Cal. Feb. 22, 2013); *Thomas v. Beutler*, 2012 U.S. Dist. LEXIS 146601 at *20-21 (E.D. Cal. Oct. 10, 2012); *Martinez v. City of Pittsburg*, 2012 U.S. Dist. LEXIS 27225 at *6-10 (N.D. Cal. Mar. 1, 2012); *Marti v. Padilla*, 2011 U.S. Dist. LEXIS 98259 at *19-20 (E.D. Cal. Aug. 31, 2011); *Herring v. Clark* , 2011 U.S. Dist. LEXIS 63332 at *15-16 (E.D. Cal. June 14, 2011).

Defendants put these files at issue when Mr. Day offered statements about OIA's handling of these 107 referrals and their outcomes.  Defendants use Mr. Day's assertions about the nature and quality of OIA's investigatory process as a basis for their opposition to Plaintiffs' motion.  Therefore, these files are directly relevant and must be produced forthwith, so that Plaintiffs may review them prior to Mr. Day's deposition and filing of Plaintiffs' Reply.

***Defendants' Position.***  Plaintiffs' request for CDCR's internal personnel investigation files by deposition subpoena served on party witness John Day violates this Court's orders which limit discovery to depositions; seeks irrelevant, privileged, and protected information; and is an abuse of the discovery process.[5]  Defendants request that the Court deny the motion to compel and quash or modify the subpoena to prohibit disclosure for the following reasons:

*First*, the motion must be denied because the 107 individual investigation files have no relevance to the *Coleman* case.  FRCP 26(b)(1).[6]  Mr. Day did not review or consider these files. (Day Decl. ¶ 3.)  Defendants have agreed to produce the documents he reviewed, and documents showing how IA conducts investigations that do not disclose protected information. (*Id.* & McKinney Decl. ¶ 4 & Ex. 3.)  Plaintiffs' only stated reason for production is that Mr. Day's declaration discusses the investigation process.[7]  The facts presented responded to Plaintiffs' false allegation *in their motion* that CDCR does not conduct investigations or impose discipline on employees. (Mot. 38-40, ECF 4638.)  Since Plaintiffs raised this issue, their time to conduct discovery was *before they filed the motion*, not in the limited context of their reply brief.  *See, e.g., Lujan v. National Wildlife Fed.*, 497 U.S. 871, 894-95 (1990).  While Plaintiffs may ask Mr. Day questions about the process at his deposition, there is no basis to compel production of individual files that are not at issue, and that the witness neither reviewed nor considered.

---

discovery disputes involving federal claims); *Doyle v. Gonzales*, 2011 U.S. Dist. LEXIS 100639 at *6 (E.D. Cal. Sept. 7, 2011)(same).  The quote Defendants cite half of from *Hallon* actually refers to the question of privilege in federal court cases asserting both federal and state claims, which is not the case here.

[4] Additionally, according to Mr. Day's statements, the OIA "reviews every reported allegation of employee misconduct," (¶ 10) and these are not limited to allegations made by members of the public under § 832.5.  Based on Mr. Day's declaration, at least some of the 107 use of force cases referred to OIA arose not from public complaints against peace officers, but as a result of CDCR's own referral of the incident, and therefore § 832.5 and § 832.7 would be inapplicable.  *See, e.g.,* Day Decl. ¶ 16 (OIA reviews every death or great bodily injury).

[5] The subpoena and Defendants' response are attached as Exhibits 1 & 2 to the McKinney Declaration.  Because the original time for compliance was one day, Defendants did not have a reasonable amount of time to respond and reserve their right to amend the responses and objections prior to the August 14 deposition.

[6] The numerous unpublished individual cases cited by Plaintiffs are inapposite and factually distinguishable because they involved situations where the documents sought concerned personnel information or investigations directly related to named Defendants and the issues in the case.  Moreover, their reliance on district court cases to argue that the Court may not consider applicable state law privileges is contrary to controlling law.  *Lewis v. United States*, 517 F.2d 236, 237 (9th Cir. 1975); *see also Hallon v. City of Stockton*, 2012 WL 394200 at *2 & n.2 (E.D. Cal. 2012) (*Jackson v. City of Sacramento* "is, respectfully, simply wrong") & *Doyle v. Gonzales*, 2011 WL 3925045 at *3 & n.4 (E.D. Cal. 2011) (same).  As discussed in Defendants' fourth point, the privilege claim is governed primarily by the federal law enforcement investigatory privilege, and is informed by consistent California law.

[7] By Plaintiffs' logic, if a witness testified that CDCR has 20,000 employees, Plaintiffs would claim they are entitled to production of files related to each employee.  This is nonsensical.

*Second*, the impropriety of Plaintiffs' request is demonstrated by their misuse of Rule 45 to seek document discovery from a party witness. Rule 34 is the exclusive means of obtaining documents or other tangible evidence from a party. *Alper v. United States*, 190 F.R.D. 281, 283 (D. Mass. 2000). The Court should reject Plaintiffs' attempt to game the discovery rules.

*Third*, the request must be denied because it is unreasonable and the burden of production outweighs any benefit of the information to Plaintiffs. FRCP 45(c)(3)(A)(i), (iv) & 26(b)(2). Plaintiffs circulated their draft motion only 7 days after serving the subpoena. (McKinney Decl. ¶ 3.) The motion is also improper because the subpoena directs the witness to "bring with you to the deposition" the requested documents, and the deposition has been rescheduled to August 14. (*Id.* & Ex. 2.) Moreover, should the Court order production, it will take several weeks or months to identify, review, and redact these files. (Day Decl. ¶ 4.)

*Fourth*, the Court "shall quash or modify [a] subpoena if it . . . (iii) requires disclosure of privileged or other protected matter . . . ." Fed. R. Civ. P. 45(c)(3)(A). The requested individual investigation files are protected by a number of privileges and protections, including the federal law enforcement investigatory privilege. *Jones v. City of Indianapolis*, 216 F.R.D. 440, 443-44 (S.D. Ind. 2003). This privilege prevents "disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witnesses and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise prevent interference in an investigation." *In re Department of Investigation*, 856 F.2d 481, 484 (2d Cir. 1998); *see also United States v. Winner*, 641 F.2d 825, 841 (10th Cir. 1981) ("The law enforcement investigative privilege is based primarily on the harm to law enforcement efforts which might arise from public disclosure of . . . investigatory files."). Disclosure of individual investigation files would disclose OIA techniques and procedures, compromise ongoing investigations, and violate the privacy rights of individuals involved in an investigation. (Day Decl. ¶ 5.)

The federal law enforcement investigation privilege is consistent with California law protecting peace officer personnel records. Cal. Penal Code § 832.7. Under California law, disclosure is permitted only pursuant to court order, and requires a showing of "good cause," relevance, and unavailability by other means. *Id.*; Cal Evid. Code §§ 1043 & 1045. As discussed above, Plaintiffs have demonstrated none of these requirements. To the extent the Court believes production is appropriate under these circumstances, Plaintiffs concede above that all they require is a "sample of the IA files, even with identifying employee information redacted."

For each of these reasons, Plaintiffs' motion to compel should be denied, and the Court should enter an order quashing or modifying the subpoena to prohibit disclosure of privileged and protected information contained in the investigation files of the Office of Internal Affairs.