Case 2:90-cv-00520-KJM-SCR   Document 4734-2   Filed 08/07/13   Page 1 of 12

# Exhibit 2

# DEPARTMENT OF JUSTICE
## Civil Service of Process Cover Sheet

Please circle one: SAC **SF** OAK SD FRESNO

Date Received: 7/30/13

| Field | Value |
|---|---|
| Case Name: | Coleman vs. Brown |
| County: | Eastern District |
| Court No.: | 90-CV-0520 LKK-JFM |

**Document(s) served:**
- ☐ Summons and Complaint/Cross Complaint
- ☐ Case Management Conference Memo
- ☐ Case Management Statement
- ☒ Notice of Deposition
- ☐ Civil Case Cover Sheet
- ☐ Statement of Damages
- ☐ Order to File Case Management Statement
- ☐ Alternative Dispute Resolution Policy Statement
- ☒ Deposition Subpoena ~~for Production of Business Records~~
- ☐ Notice of Consumer or Employee and Objection and check for $15.00
- ☐ Notice of Assignment & Case Management Conference
- ☐ Writ of Mandate and Complaint for Declaratory Relief
- ☐ Other (please list):

(4 subpoenas)

**Process Server's Name:** Chris Sparks

**Name of Company:** Specialized 1112 Bryant street, 2nd floor SF CA 94103 (415) 357-0500

**Receptionist/Security Signature:**

### FOR SERVICE DEPUTY'S USE ONLY

| Forwarded to: | Date Forwarded: |
|---|---|
| | |

**Name of Service Deputy, section, and telephone number:**

**NOTES:**

The attached document(s) appear(s) to be the responsibility of your section; if they are **not**, please return them to the service deputy named above, noting the section to which they are to be directed.

(Rev. 5/2004)

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| Ralph Coleman, et al. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 90-cv-0520 LKK-JFM |
| Edmund G. Brown, Jr. et al., | ) | |
|  | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: John R. Day

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: The Law Offices of Rosen Bien Galvan & Grunfeld LLP 315 Montgomery Street, 10th Floor, San Francisco, CA 94104. (415) 433-6830 | Date and Time: 08/01/2013 9:00 am |
|---|---|

The deposition will be recorded by this method: _____

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Attachment A

    The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 7/24/13

CLERK OF COURT

OR

_____           _____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Plaintiff
, who issues or requests this subpoena, are:
Aaron J. Fischer, The Law Offices of Rosen Bien Galvan & Grunfeld LLP, 315 Montgomery Street, 10th Floor, San Francisco, CA 94104. afischer@rbgg.com, (415) 433-6830

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 90-cv-0520 LKK-JFM

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____.

 ☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

 ☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

         _____
         *Server's signature*

         _____
         *Printed name and title*

         _____
         *Server's address*

Additional information regarding attempted service, etc:

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A TO DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION, OR OBJECTS.

## THE DOCUMENTS, ELECTRONICALLY STORED INFORMATION, OR OBJECTS TO BE PRODUCED PURSUANT TO THE SUBPOENA TO TESTIFY AT A CIVIL ACTION ARE AS FOLLOWS:

1. The current California Department of Corrections and Rehabilitation (CDCR) Office of Internal Affairs Policies & Procedures.

2. All Internal Affairs files for each of the 107 Use of Force-related incidents referred to Internal Affairs in 2012, which are cited in Paragraph 2 of the Declaration of John R. Day in Support of Defendants' Opposition to Motion re: Use of Force and Disciplinary Procedures ("Day Declaration") (*Coleman* Docket No. 4705), that involve *Coleman* class members, including all records of any disciplinary actions taken.

3. All investigation referrals made by Internal Affairs to a District Attorney for criminal prosecution related to Use of Force in the past two years, as referenced in Paragraph 13 of the Day Declaration.

[894229-1]

| | |
|---|---|
| DONALD SPECTER – 083925<br>STEVEN FAMA – 099641<br>PRISON LAW OFFICE<br>1917 Fifth Street<br>Berkeley, California 94710-1916<br>Telephone: (510) 280-2621 | MICHAEL W. BIEN – 096891<br>ERNEST GALVAN – 196065<br>JANE E. KAHN – 112239<br>LISA ELLS – 243657<br>AARON J. FISCHER – 247391<br>KRISTA STONE-MANISTA – 269083<br>MARGOT MENDELSON – 268583<br>ROSEN BIEN GALVAN &<br>GRUNFELD LLP<br>315 Montgomery Street, Tenth Floor<br>San Francisco, California 94104-1823<br>Telephone: (415) 433-6830 |
| CLAUDIA CENTER – 158255<br>THE LEGAL AID SOCIETY –<br>EMPLOYMENT LAW CENTER<br>180 Montgomery Street, Suite 600<br>San Francisco, California 94104-4244<br>Telephone: (415) 864-8848 | WARREN E. GEORGE – 053588<br>BINGHAM McCUTCHEN LLP<br>Three Embarcadero Center<br>San Francisco, California 94111-4066<br>Telephone: (415) 393-2000 |

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>EDMUND G. BROWN, Jr., et al.,<br><br>        Defendants. | Case No. Civ S 90-0520 LKK-JFM<br><br>**NOTICE OF TAKING DEPOSITION, WITH DOCUMENTS, OF JOHN R. DAY**<br>[Fed. R. Civ. P. 45] |

[894099-1]

NOTICE OF TAKING DEPOSITION, WITH DOCUMENTS, OF JOHN R. DAY

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2     PLEASE TAKE NOTICE that, pursuant to Rules 26, 30 and 45 of the Federal Rules
3  of Civil Procedure, plaintiff, by his attorneys, will take the deposition of **JOHN R. DAY**
4  **at 9:00 a.m. on August 1, 2013** at the law offices of Rosen Bien Galvan & Grunfeld LLP,
5  315 Montgomery Street, Tenth Floor, San Francisco, California 94104.

6     YOU ARE FURTHER NOTIFIED THAT the deponent, who has provided a
7  declaration in his or her official capacity for Defendants, is being served with a Deposition
8  Subpoena, which is attached hereto and served herewith, through counsel for Defendants.

9     Said deposition shall proceed until completed, or until the end of seven hours of
10 recorded testimony, pursuant to Federal Rule of Civil Procedure 30(d)(1). The deposition
11 shall be recorded by stenographic means and shall be videotaped.

12    PLEASE TAKE FURTHER NOTICE that pursuant to Rules 30(b)(5) and 45 of the
13 Federal Rules of Civil Procedure, the Deponent is commanded to produce on or before the
14 time of deposition the documents described in **Attachment A** to the Deposition Subpoena,
15 served herewith.

17 DATED: July 24, 2013          ROSEN BIEN GALVAN & GRUNFELD LLP

19                               By: /s/ Aaron J. Fischer
                                     Aaron J. Fischer

                                 Attorneys for Plaintiffs

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| Ralph Coleman, et al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 90-cv-0520 LKK-JFM |
| Edmund G. Brown, Jr. et al., | ) |
| | ) (If the action is pending in another district, state where: |
| *Defendant* | )                                            ) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: John R. Day

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: The Law Offices of Rosen Bien Galvan & Grunfeld LLP<br>315 Montgomery Street, 10th Floor, San Francisco, CA<br>94104. (415) 433-6830 | Date and Time:<br>08/01/2013 9:00 am |
|---|---|

The deposition will be recorded by this method: _____

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Attachment A

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 7/24/13

*CLERK OF COURT*

OR

_____   _____
*Signature of Clerk or Deputy Clerk*       *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____Plaintiff_____
, who issues or requests this subpoena, are:
Aaron J. Fischer, The Law Offices of Rosen Bien Galvan & Grunfeld LLP, 315 Montgomery Street, 10th Floor, San Francisco, CA 94104. afischer@rbgg.com, (415) 433-6830

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 90-cv-0520 LKK-JFM

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____
_____
on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*

  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

  **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;

  **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

  **(iv)** subjects a person to undue burden.

  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

  **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*

  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

  **(i)** expressly make the claim; and

  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**ATTACHMENT A TO DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION, OR OBJECTS.**

**THE DOCUMENTS, ELECTRONICALLY STORED INFORMATION, OR OBJECTS TO BE PRODUCED PURSUANT TO THE SUBPOENA TO TESTIFY AT A CIVIL ACTION ARE AS FOLLOWS:**

1. The current California Department of Corrections and Rehabilitation (CDCR) Office of Internal Affairs Policies & Procedures.

2. All Internal Affairs files for each of the 107 Use of Force-related incidents referred to Internal Affairs in 2012, which are cited in Paragraph 2 of the Declaration of John R. Day in Support of Defendants' Opposition to Motion re: Use of Force and Disciplinary Procedures ("Day Declaration") (*Coleman* Docket No. 4705), that involve *Coleman* class members, including all records of any disciplinary actions taken.

3. All investigation referrals made by Internal Affairs to a District Attorney for criminal prosecution related to Use of Force in the past two years, as referenced in Paragraph 13 of the Day Declaration.

[894229-1]