DONALD SPECTER – 083925
STEVEN FAMA – 099641
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone:   (510) 280-2621

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LORI E. RIFKIN – 244081
AARON J. FISCHER – 247391
MARGOT MENDELSON – 268583
KRISTA STONE-MANISTA – 269083
ROSEN BIEN GALVAN &
GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone:   (415) 433-6830

JON MICHAELSON – 083815
JEFFREY L. BORNSTEIN – 099358
LINDA L. USOZ – 133749
MEGAN CESARE-EASTMAN – 253845
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, California 94111-5994
Telephone:   (415) 882-8200

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California 94104-4244
Telephone:   (415) 864-8848

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

      Plaintiffs,

    v.

EDMUND G. BROWN, JR., et al.,

      Defendants.

Case No. Civ S 90-0520 LKK-JFM

**DECLARATION OF LORI RIFKIN IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF INTERNAL AFFAIRS FILES**

[903501-1]

1    I, Lori E. Rifkin, declare:

2    1.    I am an attorney admitted to practice law in California, a member of the bar

3    of this Court, and an associate in the law firm of Rosen Bien Galvan & Grunfeld LLP,

4    counsel of record for Plaintiffs.  I have personal knowledge of the matters set forth herein,

5    and if called as a witness I could competently so testify.  I make this declaration in support

6    of Plaintiffs' Motion to Compel Production of Internal Affairs Files.

7    2.    On July 24, 2013, John Day filed a Declaration in support of Defendants'

8    Opposition to Plaintiffs' Motion for Enforcement of Court Orders and Affirmative Relief

9    Related to Use of Force and Disciplinary Measures.  Mr. Day's Declaration makes claims

10    about the nature and quality of the investigations by the Office of Internal Affairs of

11    CDCR use of force incidents, and Defendants rely upon these claims as a basis for their

12    opposition to Plaintiffs' motion for relief related to Defendants' use of force against

13    *Coleman* class members.  However, no Internal Affairs files ("IA files") were produced to

14    Plaintiffs in connection with previous discovery requests about use of force incidents.

15    3.    Based upon the previous August 9, 2013 deadline for Plaintiffs' Reply brief

16    to be filed, the parties agreed on July 26, 2013 that Plaintiffs would take Mr. Day's

17    deposition on August 1, 2013.  Also on July 26, 2013, Plaintiffs' counsel requested via e-

18    mail documents referenced and relied upon in the various Declarations filed in support of

19    Defendants' Oppositions, including IA files for any of the 107 use of force-related

20    incidents referred to Internal Affairs in 2012 that involve MHSDS inmates, as discussed in

21    paragraph 2 of Mr. Day's Declaration.  Attached hereto as **Exhibit A** for the convenience

22    of the Court is a true and correct copy of Mr. Day's declaration.

23    4.    On July 29, 2013, Defendants' counsel informed Plaintiffs via e-mail that

24    Defendants would not produce the IA files requested.

25    5.    Later on July 29, 2013, Plaintiffs served a notice and subpoena on Mr. Day

26    through Defendants' counsel for the deposition mutually agreed to take place August 1,

27    2013, and included as part of the subpoena the list of document requests relevant to Mr.

28

[903501-1]

1

1  Day that was previously sent to Defendants.  A true and correct copy of the subpoena

2  served on Mr. Day through counsel is attached hereto as **Exhibit B.**

3        6.      On July 30, 2013, the parties met and conferred about a number of issues in

4  advance of the scheduled July 31 status conference with the Court, including the

5  production of the IA files.  Defendants again reiterated their position that they would not

6  produce these documents.  On the evening of July 30, Defendants provided formal

7  objections to the subpoena.  A true and correct copy of these objections are attached hereto

8  as **Exhibit C.**

9        7.      Defendants objected to production of the IA files, claiming that they are

10  protected from discovery by California Penal Code § 832.5 and because the request

11  allegedly seeks documents not reviewed or considered by the witness to prepare his

12  declaration.  Defendants asserted other privileges for which they did not make the

13  threshold showing, including the attorney-client privilege and the official information

14  privilege.  For example, they did not include an affidavit by the head of the agency as

15  required by the official information privilege, nor did they provide a privilege log with

16  information to substantiate the claimed attorney-client privilege.  In these objections,

17  Defendants did not assert a "federal law enforcement investigatory privilege," nor did

18  Defendants assert such a privilege prior to claiming it in their portion of the Joint

19  Statement to the Court.

20        8.      On July 31, 2013, after the status conference with the Court, the parties'

21  counsel again met and conferred regarding production of the IA files.  The parties agreed

22  to postpone Mr. Day's deposition from August 1, 2013 to August 14, 2013, given the

23  change in the deadline for Plaintiffs' Reply to be filed.  At this time, I suggested a

24  compromise to Defendants' counsel that they produce a list of the IA use of force files

25  from 2012 that involved *Coleman* class members, and Plaintiffs would select a small (5)

26  sample of these files for review.  I stated that Plaintiffs would not object to redaction of

27  employee names from these files if Defendants desired to make such redactions because

28  Plaintiffs' primary interest was to be able to depose Mr. Day about the investigations

[903501-1]

1  conducted by the Office of Internal Affairs based on an understanding of the actual files to
2  which he was referring and describing.  Mr. McKinney stated that he was scheduled to
3  meet with Mr. Day later that same day and would respond to Plaintiffs' suggested
4  compromise promptly.

5      9.      I followed up multiple times with Defendants' counsel regarding this issue,
6  and received a response late August 6, 2013 from Mr. McKinney that offered to produce
7  blank "template forms" used by the Office of Internal Affairs, and reiterated that
8  Defendants would not produce information Defendants deemed "privileged."  I explained
9  that blank forms would not assist Plaintiffs in reviewing the underlying documents on
10  which Mr. Day and Defendants rely when they make claims about the investigations
11  completed by the Office of Internal Affairs.

12      10.     Based on the parties' impasse on this issue and the short timeframe before
13  Mr. Day's deposition on August 14, 2013, and Plaintiffs' Reply deadline of August 23,
14  2013, this issue is ripe for decision by the Court.

15

16      I declare under penalty of perjury under the laws of the United States and the State
17  of California that the foregoing is true and correct, and that this declaration is executed at
18  San Francisco, California this 7th day of August, 2013.

19

20                              _/s/ Lori E. Rifkin_____
                               Lori E. Rifkin
21

22

23

24

25

26

27

28

DECLARATION OF LORI RIFKIN IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
INTERNAL AFFAIRS FILES

# EXHIBIT A

KAMALA D. HARRIS
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
JAY C. RUSSELL
Supervising Deputy Attorney General
DEBBIE VOROUS, State Bar No. 166884
PATRICK R. MCKINNEY, State Bar No. 215228
JESSICA KIM, State Bar No. 257766
MANEESH SHARMA, State Bar No. 280084
Deputy Attorneys General
  1300 I Street
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone:  (916) 324-5345
  Fax:  (916) 324-5205
  E-mail:  Debbie.Vorous@doj.ca.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**EDMUND G. BROWN JR., et al.,**<br><br>Defendants. | 2:90-cv-00520 LKK JFM PC<br><br>**DECLARATION OF JOHN R. DAY IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION RE: USE OF FORCE AND DISCIPLINARY MEASURES** |

I, John R. Day, declare as follows:

1.    I am the Chief of Headquarters Operations of the California Department of Corrections and Rehabilitation's Office of Internal Affairs.  I have worked for the California Department of Corrections and Rehabilitations (CDCR) since January 2, 1987, and I have worked in the Office of Internal Affairs since September 12, 2007.  The Office of Internal Affairs is the entity with authority to investigate allegations of employee misconduct within CDCR.  Prior to my current assignment I worked as an Officer, Sergeant, Lieutenant, Captain, Associate Warden

1

1   (A), Senior Special Agent, and a Special Agent in Charge (A).  During my career, I have been

2   involved in use of force incidents within CDCR facilities, and have reviewed use of force

3   incidents as a supervisor and manager.  In my current assignment with the Office of Internal

4   Affairs, I oversee the review and investigation of allegations of unreasonable use of force by

5   CDCR staff.

6       2.    CDCR's Office of Internal Affairs conducts administrative and criminal

7   investigations into allegations of misconduct by CDCR employees.  These investigations include

8   allegations of unreasonable or unnecessary force against inmates and the use of deadly force by

9   employees.  During 2012, hiring authorities, such as Wardens, referred 107 cases to the Office of

10  Internal Affairs alleging employee misconduct related to use of force incidents.  Twenty-nine of

11  those cases were "direct action" cases.  A "direct action" case requires no further investigation

12  because the evidence collected at the institutional level clearly indicates that there is a

13  preponderance of evidence that the misconduct occurred.  Direct action cases are referred back to

14  the hiring authority for discipline.  Fifty-seven of the referred cases required further investigation.

15  Although some of these investigations have not yet been completed, 31 cases had at least one

16  allegation of misconduct sustained against an employee.  In 9 of these cases, the misconduct

17  resulted in termination.  Twenty-one cases referred in 2012 were rejected as they identified no

18  misconduct.

19      3.    These 107 cases do not include instances where corrective action, training, or policy

20  concerns were addressed at the local level within the authority of the Warden, or other hiring

21  authority.  The resolution of the *Madrid v. Gomez* class action required CDCR to resolve as many

22  training and corrective action issues at the institution level as appropriate.  Thus, hundreds of

23  corrective actions occur concerning use of force incidents that do not involve the Office of

24  Internal Affairs.  Corrective action at the local level can include remedial training or a letter of

25  instruction.

26      4.    Prior to referral to the Office of Internal Affairs, the hiring authority is required to

27  review each use of force incident, and make a determination whether the actions by staff were

28  within policy and training.  This extensive review process was established as a result of the

2

*Madrid* case which required changes to the Use of Force review process, as well as the employee discipline process. The CDCR use of force policies in the California Code of Regulations Title 15, 3268 and the Department Operations Manual, Chapter 3, Article 14 identify this process. I participated in the most recent revision and implementation of section 3268 of Title 15 and oversee the process of reviewing all cases referred to the Office of Internal Affairs. These revisions were made in August of 2010 and approved by the *Madrid* court shortly thereafter. After successfully adopting and implementing the new Use of Force policy, the *Madrid* class action ended in March of 2011.

The Use of Force Review Process

5. When a mechanical, chemical, or physical use of force event occurs, is discovered, or is reported, all staff involved in the incident must write a report by the end of their shift. The supervisor, usually the Sergeant, collects the reports, reviews them, and submits them to the Incident Commander. The Incident Commander then creates a CDCR Form 837 package and completes a review, ensuring all notifications were made. The Incident Commander makes a determination of whether the use of force appears justified by law, policy, and procedure.

6. After the review the package goes to the Manager's Review-First Level, typically conducted by a Captain or higher ranking individual. Again, this review is to determine whether the actions by staff were within policy. This is done with a specific focus on events which happened before, during, and after the actual use of force event. This would include consideration of issues which necessitated staff use of force.

7. The next level of review is the Manager's Review-Second Level. This is typically conducted by an Associate Warden (Correctional Administrator) or higher. The reviewer is in a position several levels removed from the incident, with additional experience who can provide further critique of the incident.

8. At any of these three levels of review, the reviewer can seek clarification from those involved, or request additional information, such as medical reports.

9. Each institution has a Use of Force Coordinator, the analyst who tracks each of the incidents. The coordinator submits the use of force incident package to the Institutional

3

Decl. of John Day Supp. Defs' Opp'n. to Pls.' Mot. Re: Use of Force and Disciplinary Process
(2:90-cv-00520 LKK JFM PC)

Executive Review Committee. This committee is comprised of the Warden or Chief Deputy Warden, the Use of Force Coordinator, a health care staff representative, and a training manager. The latter may become involved if institutional policies or training is modified as a result of the findings. A member of the Office of the Inspector General may optionally be present. The Office of the Inspector General is an independent agency charged with monitoring CDCR. Use of force cases monitored by the Office of the Inspector General may be reported to the Legislature and published in public reports.

10. After all materials and videos related to each incident are reviewed, the Institutional Executive Review Committee determines if the Use of Force was reasonable and complied with policy. Any employee suspected of misconduct or other serious policy violation may be referred to the Office of Internal Affairs by the Warden for approval of adverse action or investigation.

11. The Office of Internal Affairs is an independent division of CDCR. Our office reviews every reported allegation of employee misconduct. Each case is analyzed and presented to the central intake panel comprised of Office of Internal Affairs staff, attorneys from CDCR, and attorneys from the Office of the Inspector General. These stakeholders provide input and transparency in the review of all cases submitted for investigation or approval for "direct action." A "direct action" case requires no further investigation by our office because the evidence collected at the institutional level clearly indicates that there is a preponderance of evidence that the misconduct occurred. Such a case is referred back to the hiring authority for discipline.

12. Where the case is not a "direct action," the Office of Internal Affairs undertakes a rigorous investigation of the use of force incident and allegations of misconduct. Our office refers the results of its investigations to the hiring authority. The hiring authority is then authorized to take corrective or punitive action against the employee accused of misconduct if the investigation indicates to the hiring authority that the alleged misconduct occurred. Attorneys from CDCR and the Office of the Inspector General are available to assist in those determinations, and in some cases are required to participate.

4

CDCR Has a Tracking and Quality Assurance Process

13.   All use of force incidents are tracked by CDCR.  A package is created which consists of all reports and interviews by individuals involved in the incident.  The package is tracked at each institution by the Use of Force Coordinator and entered into a central computer system that is tracked by the Division of Adult Institutions.  Whenever an incident requires investigation into misconduct, that request is forwarded to the Office of Internal Affairs.  Each case of employee misconduct is tracked by our office from the time an investigation is requested until case closure. For cases involving criminal acts, the investigation may be referred to the District Attorney.

14.   Plaintiffs assert that CDCR's review and investigatory process is ineffective and inconsistent.  CDCR's review process, as described above, involves several levels of review starting at a local level where staff is in the best position to gather information about an incident. After the local level review, each additional review is conducted by more senior officers who are detached from the initial incident.  This review process is standardized across all institutions.  All cases are documented and tracked, and are subject to independent oversight and scrutiny by the Office of the Inspector General.

15.   Plaintiffs and their expert, Mr. Vail, also allege that use of force investigators lack investigative skill.  CDCR employs and trains skilled investigators, and disagrees with Mr. Vail's statement, which was based on a tiny sample of interviews at just two institutions.  In CDCR's multi-tiered review and investigation process, if the Incident Commander or the first or second managerial review determines the need for further inquiry or additional interviews, those individuals are authorized to engage in additional investigation.  In my previous experience as a captain at the Manager's Review First Level, clarifications are requested frequently to ensure clarity and thoroughness.  Higher level reviewers are not forced to rely solely on the review by lower level reviewers.  Thus, if an interview is found to be inadequate or inconsistent, additional interviews can be, and are, conducted.

16.   Plaintiffs also demand that CDCR expand the mandatory investigation criteria to include unexplained injuries, impact strikes to lethal target areas, conflicting or incomplete reports, and the application of nonlethal weaponry that exceeds what would normally be expected

5

1   for the type of force reported.  CDCR already includes these categories in its reviews and

2   investigations of use-of-force incidents, including incidents involving misconduct by employees.

3   Moreover, the Institutional Executive Review Committee at each institution reviews all incidents

4   involving deadly force, serious injury, great bodily injury, or death.  The Office of Internal

5   Affairs' Deadly Force Investigation Teams also conduct criminal and administrative

6   investigations into every death or great bodily injury that could have been caused by a staff use of

7   force.  Thus, CDCR already investigates many of the categories identified by Plaintiffs.

8

9                                        /s/ John Day
                                         John R. Day
10                                       Chief, Headquarters Operations,
                                         Office of Internal Affairs,
11                                       CDCR

12                                       *(original signature retained by attorney)*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Decl. of John Day Supp. Defs' Opp'n. to Pls.' Mot. Re: Use of Force and Disciplinary Process
(2:90-cv-00520 LKK JFM PC)

# EXHIBIT B

1 | DONALD SPECTER – 083925

MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065

2 | STEVEN FAMA – 099641
PRISON LAW OFFICE

JANE E. KAHN – 112239
LISA ELLS – 243657

3 | 1917 Fifth Street
Berkeley, California  94710-1916

AARON J. FISCHER – 247391

4 | Telephone:  (510) 280-2621

KRISTA STONE-MANISTA – 269083
MARGOT MENDELSON – 268583

5 | 

ROSEN BIEN GALVAN &
GRUNFELD LLP

6 | 

315 Montgomery Street, Tenth Floor
San Francisco, California  94104-1823

7 | 

Telephone:  (415) 433-6830

8 | CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –

WARREN E. GEORGE – 053588
BINGHAM McCUTCHEN LLP

9 | EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600

Three Embarcadero Center
San Francisco, California  94111-4066

10 | San Francisco, California  94104-4244
Telephone:  (415) 864-8848

Telephone:  (415) 393-2000

11 | Attorneys for Plaintiffs

12 | UNITED STATES DISTRICT COURT

13 | EASTERN DISTRICT OF CALIFORNIA

14 | 

15 | RALPH COLEMAN, et al.,

Case No. Civ S 90-0520 LKK-JFM

16 |     Plaintiffs,

**NOTICE OF TAKING DEPOSITION,
WITH DOCUMENTS, OF JOHN R.
DAY**

17 |     v.

**[Fed. R. Civ. P. 45]**

18 | EDMUND G. BROWN, Jr., et al.,

19 |     Defendants.

20 | 

21 | 

22 | 

23 | 

24 | 

25 | 

26 | 

27 | 

28 | 

[894099-1]

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rules 26, 30 and 45 of the Federal Rules of Civil Procedure, plaintiff, by his attorneys, will take the deposition of **JOHN R. DAY at 9:00 a.m. on August 1, 2013** at the law offices of Rosen Bien Galvan & Grunfeld LLP, 315 Montgomery Street, Tenth Floor, San Francisco, California 94104.

YOU ARE FURTHER NOTIFIED THAT the deponent, who has provided a declaration in his or her official capacity for Defendants, is being served with a Deposition Subpoena, which is attached hereto and served herewith, through counsel for Defendants.

Said deposition shall proceed until completed, or until the end of seven hours of recorded testimony, pursuant to Federal Rule of Civil Procedure 30(d)(1). The deposition shall be recorded by stenographic means and shall be videotaped.

PLEASE TAKE FURTHER NOTICE that pursuant to Rules 30(b)(5) and 45 of the Federal Rules of Civil Procedure, the Deponent is commanded to produce on or before the time of deposition the documents described in **Attachment A** to the Deposition Subpoena, served herewith.

DATED: July 24, 2013              ROSEN BIEN GALVAN & GRUNFELD LLP


                                   By: _Aaron J. Fischer_____
                                       Aaron J. Fischer

                                   Attorneys for Plaintiffs

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Eastern District of California

| | | |
|---|---|---|
| Ralph Coleman, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   90-cv-0520 LKK-JFM |
| Edmund G. Brown, Jr. et al., | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  John R. Day

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  The Law Offices of Rosen Bien Galvan & Grunfeld LLP<br>315 Montgomery Street, 10th Floor, San Francisco, CA<br>94104. (415) 433-6830 | Date and Time:<br>08/01/2013 9:00 am |
|---|---|

The deposition will be recorded by this method: _____

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Attachment A

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  7/29/13

*CLERK OF COURT*

OR

_____                    *aaron j. fischer*
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*        Plaintiff
_____, who issues or requests this subpoena, are:
Aaron J. Fischer, The Law Offices of Rosen Bien Galvan & Grunfeld LLP, 315 Montgomery Street, 10th Floor, San Francisco, CA 94104. afischer@rbgg.com, (415) 433-6830

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   90-cv-0520 LKK-JFM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                                    *Server's signature*

                                          _____
                                                    *Printed name and title*

                                          _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**ATTACHMENT A TO DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION, OR OBJECTS.**

**THE DOCUMENTS, ELECTRONICALLY STORED INFORMATION, OR OBJECTS TO BE PRODUCED PURSUANT TO THE SUBPOENA TO TESTIFY AT A CIVIL ACTION ARE AS FOLLOWS:**

1. The current California Department of Corrections and Rehabilitation (CDCR) Office of Internal Affairs Policies & Procedures.

2. All Internal Affairs files for each of the 107 Use of Force-related incidents referred to Internal Affairs in 2012, which are cited in Paragraph 2 of the Declaration of John R. Day in Support of Defendants' Opposition to Motion re: Use of Force and Disciplinary Procedures ("Day Declaration") (*Coleman* Docket No. 4705), that involve *Coleman* class members, including all records of any disciplinary actions taken.

3. All investigation referrals made by Internal Affairs to a District Attorney for criminal prosecution related to Use of Force in the past two years, as referenced in Paragraph 13 of the Day Declaration.

# EXHIBIT C

KAMALA D. HARRIS
Attorney General of California
JAY C. RUSSELL
Supervising Deputy Attorney General
DEBBIE VOROUS, State Bar No. 166884
PATRICK R. MCKINNEY, State Bar No. 215228
Deputy Attorneys General
   455 Golden Gate Avenue, Suite 11000
   San Francisco, CA  94102-7004
   Telephone:  (415) 703-3035
   Fax:  (415) 703-5843
   E-mail:  Patrick.McKinney@doj.ca.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,** | 2:90-cv-00520 LKK JFM PC |
| Plaintiffs, | **DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' DEPOSITION SUBPOENA ISSUED UNDER FEDERAL RULE OF CIVIL PROCEDURE 45 TO PARTY WITNESS JOHN R. DAY** |
| v. | |
| **EDMUND G. BROWN JR., et al.,** | |
| Defendants. | |

Defendants object and respond to Plaintiffs' deposition subpoena, with request for documents, under Federal Rule of Civil Procedure 45 to party witness John R. Day as follows:

**PRELIMINARY STATEMENT**

The information provided in these responses is true and correct, according to Defendants' best knowledge at this time, but it is subject to future correction for omissions, errors, or mistakes.  Defendants reserve the right to produce evidence of any subsequently discovered facts or interpretations of facts, and to amend, modify, or otherwise change the responses, in accordance with applicable discovery rules.

1

**GENERAL OBJECTIONS**

1.     Defendants object to the subpoena and each request for production of documents because it is defective, untimely, and served for the purpose of harassing Defendants. Federal Rule of Civil Procedure 34 is the exclusive means of obtaining documents or other tangible evidence from a party. *Alper v. United States*, 190 F.R.D. 281, 283 (D. Mass. 2000).

2.     Defendants object to the subpoena and each request for production of documents because it purports to require a deposition and production of documents less than 2 days after it was served. The notice provided does not allow the subpoenaed witness sufficient time to comply or object, and is therefore unreasonable. Fed. R. Civ. P. 45(b)(1) & 45(c)(2)(B) (allowing 14 days to serve objections).

3.     Defendants object to the subpoena and each request for production of documents because it purports to require Mr. Day to appear for deposition at a particular time and location. Defendants agree to produce Mr. Day for deposition at a mutually agreeable time and location.

4.     Defendants object to the subpoena and each request for production of documents because it purports to require production of documents at a particular time and location. Defendants agree to produce responsive, non-privileged documents that are the proper subject of discovery at a mutually agreeable time and location.

5.     Defendants object to each document request in the subpoena because they are prohibited by the Court's July 10, 2013 order, which states: "Plaintiffs may take depositions of defendants' witnesses in advance of filing their reply briefs" on August 9, 2013. (ECF 4687 ¶¶ 2 & 3.)

6.     Defendants object to the subpoena and reach request for production of documents to the extent they exceed the scope of discovery permitted by Federal Rule of Civil Procedure 26. Defendants further object to the subpoena and each request for production of documents to the extent they seek irrelevant information, or information not reasonably calculated to lead to the discovery of admissible evidence.

2

7.    Defendants object to the subpoena and each request for production of documents to the extent they purport to seek information or documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, the right to privacy in confidential personnel information protected by the California Constitution, or the United States Constitution, the official information privilege, Peace Office Personnel Protections pursuant to California Penal Code section 832.5, or any other applicable privilege or immunity.

8.    Defendants object to the subpoena and each request for production of documents to the extent they seek documents or testimony related to subjects not reviewed or considered by the witness to prepare his July 24, 2013 declaration submitted in support of Defendants' Opposition to Motion Re: Use of Force and Disciplinary Measures (ECF 4705).

9.    Defendants object to the subpoena and each request for production of documents to the extent they seek documents that are not in Defendants' possession, have already been produced to Plaintiffs or are in Plaintiffs' possession, or are equally available to Plaintiffs.

**REQUEST FOR PRODUCTION NO. 1:**

The current California Department of Corrections and Rehabilitation (CDCR) Office of Internal Affairs Policies & Procedures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendants incorporate by reference the above General Objections as though fully stated in this response. Defendants further object to this request because it seeks documents that have already been produced to Plaintiffs or are in Plaintiffs' possession, or are equally available to Plaintiffs. Notwithstanding the foregoing general and specific objections, Defendants respond that the Office of Internal Affairs Policies & Procedures are contained in Title 15 of the California Code of Regulations and the Department Operations Manual.

**REQUEST FOR PRODUCTION NO. 2:**

All Internal Affairs files for each of the 107 Use of Force-related incidents referred to Internal Affairs in 2012, which are cited in Paragraph 2 of the Declaration of John R. Day in Support of Defendants' Opposition to Motion re: Use of Force and Disciplinary Procedures ("Day

3

1    Declaration") (*Coleman* Docket No. 4705), that involve *Coleman* class members, including all

2    records of any disciplinary actions taken.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

4            Defendants incorporate by reference the above General Objections as though fully stated

5    in this response. Defendants further object to this request because it seeks production of

6    documents and information protected from discovery by the attorney-client privilege, the attorney

7    work product doctrine, the right to privacy in confidential personnel information protected by the

8    California Constitution, or the United States Constitution, the official information privilege,

9    Peace Office Personnel Protections pursuant to California Penal Code section 832.5, or any other

10   applicable privilege or immunity. Defendants further object to this request because it seeks

11   documents not reviewed or considered by the witness to prepare his July 24, 2013 declaration

12   submitted in support of Defendants' Opposition to Motion Re: Use of Force and Disciplinary

13   Measures (ECF 4705). Defendants further this request because it seeks irrelevant information, or

14   information not reasonably calculated to lead to the discovery of admissible evidence.

15   **REQUEST FOR PRODUCTION NO. 3:**

16           All investigation referrals made by Internal Affairs to a District Attorney for criminal

17   prosecution related to Use of Force in the past two years, as referenced in Paragraph 13 of the

18   Day Declaration.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

20           Defendants incorporate by reference the above General Objections as though fully stated

21   in this response. Defendants further object to this request because it seeks production of

22   documents and information protected from discovery by the attorney-client privilege, the attorney

23   work product doctrine, the right to privacy in confidential personnel information protected by the

24   California Constitution, or the United States Constitution, the official information privilege,

25   Peace Office Personnel Protections pursuant to California Penal Code section 832.5, or any other

26   applicable privilege or immunity. Defendants further object to this request because it seeks

27   documents not reviewed or considered by the witness to prepare his July 24, 2013 declaration

28

4

1  submitted in support of Defendants' Opposition to Motion Re: Use of Force and Disciplinary

2  Measures (ECF 4705).  Defendants further this request because it seeks irrelevant information, or

3  information not reasonably calculated to lead to the discovery of admissible evidence.

4  Dated:  July 30, 2013

KAMALA D. HARRIS
Attorney General of California
5                                                                JAY C. RUSSELL
Supervising Deputy Attorney General

6

7

PATRICK R. MCKINNEY
8                                                                Deputy Attorney General
*Attorneys for Defendants*

9

CF1997CS0003
10   20715372.docx

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defs.' Obj. & Resp. to Day Subpoena (2:90-cv-00520 LKK JFM PC)