IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

    Plaintiffs,                    No. 2:90-cv-0520 LKK JFM P

    vs.

EDMUND G. BROWN, JR., et al.,

    Defendants.            <u>ORDER</u>

                                   /

        On August 7, 2013, the parties filed a Joint Statement Re Discovery Dispute on Production of Internal Affairs Files Related to Use of Force ("Joint Statement"). (ECF No. 4732.) The Joint Statement reflects that plaintiffs seek to compel production of Internal Affairs ("IA") files related to CDCR use of force incidents against class members in connection with plaintiffs' May 29, 2013 motion concerning use of force and disciplinary measures ("use of force motion") (ECF No. 4638), and defendants seek quash or modify the subpoena by which plaintiffs seek production of the information.

        This discovery dispute arises from statements made in a declaration by John Day, Chief of Headquarters Operations for CDCR's Office of Internal Affairs (OIA) filed by defendants in opposition to plaintiffs' use of force motion. (ECF No. 4705.) In relevant part, Mr. Day avers in his declaration that

1

> CDCR's Office of Internal Affairs conducts administrative and criminal investigations into allegations of misconduct by CDCR employees. These investigations include allegations of unreasonable or unnecessary force against inmates and the use of deadly force by employees. During 2012, hiring authorities, such as Wardens, referred 107 cases to the Office of Internal Affairs alleging employee misconduct related to use of force incidents. Twenty-nine of those cases were "direct action" cases. A "direct action" case requires no further investigation because the evidence collected at the institutional level clearly indicates that there is a preponderance of evidence that the misconduct occurred. Direct action cases are referred back to the hiring authority for discipline. Fifty-seven of the referred cases required further investigation. Although some of these investigations have not yet been completed, 31 cases had at least one allegation of misconduct sustained against an employee. In 9 of these cases, the misconduct resulted in termination. Twenty-one cases referred in 2012 were rejected as they identified no misconduct.

(Decl. of Day, filed July 24, 2013 (First Decl. of Day) (ECF No. 4705) at ¶ 2.)

Plaintiffs seek production of "the IA files for use of force cases referred to IA in 2012 that involve *Coleman* class members, including all records of any disciplinary actions taken." Joint Statement (ECF No. 4732) at 1.

Defendants object to production of the files sought by plaintiffs, or a small sample thereof, on several grounds. First, defendants contend that the files plaintiffs seek "have no relevance" to this case, that Mr. Day "did not review or consider these files," and that the facts presented by Mr. Day in his declaration "responded to Plaintiff's false allegation *in their motion* that CDCR does not conduct investigations or impose discipline on employees." Id. at 2. With their opposition, defendants present another declaration from Mr. Day in which he states that he obtained the information reflected in his first declaration from his office's case management system. (Decl. of Day filed Aug. 7, 2013 (Second Decl. of Day) (ECF No. 4733) at 2.) Defendants also contend that plaintiffs improperly relied on Rule 45 to seek the information, rather than Rule 34; that the request for production is unreasonable and burdensome and that it would "take several weeks or months to identify, review, and redact those files"; and that the documents which plaintiffs seek also contain privileged information. (Id. at 3.)

1           Pursuant to the assigned District Judges' August 1, 2013 order, the time for
2   completing "discovery" in this matter has been extended to August 23, 2013.  (Order filed Aug.
3   1, 2013 (ECF No. 4731) at 2, 3.)  As this court understands the August 1, 2013 order, the
4   discovery referred to therein was the depositions of defendants' witnesses.  (See id. at 2; Order
5   filed July 10, 2013 (ECF No. 4687) at 1) ("Plaintiffs may take depositions of defendants'
6   witnesses in advance of filing their reply briefs.").  Of course, notices of depositions may
7   properly include document production requests.  See Fed. R. Civ. P. 30.  However, at this late
8   stage of the proceedings it appears clear that any such request for production in connection with a
9   deposition should be limited to documents relied on by the defense witness in preparing his or
10  her declaration or testimony.  Mr. Day has averred that he did not "review or consider" any of the
11  files with respect to the 107 cases involving use of force incidents which were referred to the
12  Office of Internal Affairs and mentioned in his declaration filed in this action.  (Second Decl. of
13  Day (ECF No. 4733) at ¶ 3.)  Instead, he merely relied on a case management system report and
14  is willing to produce that report at his deposition.  (Id.)  Defendants have also presented some
15  evidence that it could take "several days or weeks to copy and redact each investigation packet."
16  (Second Decl. of Day (ECF No. 4733) at ¶ 4.)  Finally, defendants have represented that
17  production of the files sought by plaintiffs could be prejudicial because many of those files
18  involve OIA investigations that have not yet been completed.  (Id. at ¶ 5.)

19          Defendants represent to the court that the relevant part of Mr. Day's declaration in
20  opposition to plaintiffs' motion is offered only to respond plaintiffs' specific allegation that
21  "CDCR does not conduct investigations or impose discipline on employees."  (Joint Statement
22  (ECF No. 4732) at 2.)  The court notes that elsewhere in his first declaration, Mr. Day makes
23  statements concerning the use of force review processes within the California Department of
24  Corrections and Rehabilitation (CDCR), including at the OIA.  (See First Decl. of Day at ¶¶ 5-
25  16.)  However, the court also notes that nowhere in his declaration does he make any
26  representations concerning whether those use of force review processes were followed in any of

the 107 cases involving use of force incidents which were referred to the OIA and mentioned in his first declaration. Indeed, given the fact that he did not review the files relating to those 107 cases it appears clear that he would have no basis upon which to make such a representations. Finally, defendants apparently do not intend that Mr. Day's declaration be relied upon for the purpose of claiming that CDCR's use of force review processes were followed in any of the 107 cases referred to the OIA .[1]

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiffs' August 7, 2013 motion to compel is denied; and
2. Defendants' August 7, 2013 motion to quash is granted.

DATED: August 9, 2013.

_DALE A. DROZD_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

12
uofdisc.o2a

---

[1] If defendants somehow wished to rely on the Day declaration for this purpose, they should not be allowed to do so without producing the files and affording plaintiffs the opportunity to test that evidence. Such production, were it required, could be accomplished pursuant to an appropriate protective order that would, inter alia, shield all personal information of any CDCR staff member referred to in any file. However, for the reasons set forth above, and in light of the short period of time remaining prior to the scheduled hearing, it does not appear that this is necessary.