# EXHIBIT B



*KAMALA D. HARRIS*  
Attorney General

State of California  
**DEPARTMENT OF JUSTICE**

1300 I STREET, SUITE 125  
P.O. BOX 944255  
SACRAMENTO, CA 94244-2550

Public:  (916) 445-9555  
Telephone:  (916) 324-5345  
Facsimile:  (916) 324-5205  
E-Mail:  Debbie.Vorous@doj.ca.gov

August 14, 2013

<u>Via E-mail</u>

Matthew A. Lopes, Jr.  
Special Master  
Pannone Lopes & Devereaux, LLC  
317 Iron Horse Way, Suite 301  
Providence, RI  02908

RE: *Coleman v. Brown, et al.*,  
<u>USDC, Eastern District of California, Case No. 2:90-cv-00520 LKK JFM PC</u>

Dear Mr. Lopes:

     CDCR has received your report to the Court on CDCR's mental health quality improvement process.  ECF No. 4730.  CDCR does not plan to file formal objections to your report.  That said, Defendants request that you modify parts of the report.  Below we have identified areas that we believe are either inaccurate or need clarification:

     (1) The report stated that MHTS.net produced unreliable data and that many institutions have not mastered its use.  *Id*. at 18.  However, MHTS.net contains reliable and current information, and CDCR invests significant time validating MHTS.net data.  Every institution audits their MHTS.net data.  A mental health program subcommittee reviews the institutions' audited data.  Further, CDCR has trained, and continues to train, all institutions on how to input and utilize information from MHTS.net.  Trainings are held for MHTS.net data entry users on a weekly basis, and a Management Reporting webinar is also held on a weekly basis.  Specialized trainings are provided twice a month.  For all these reasons, we ask that you modify your report's description of MHTS.net's data and training.

     (2) *Pre-Site Visit Preparation*: The report observed that "the assessment teams did not always lay sufficient groundwork with the institutions before appearing there to conduct the pilot."  *Id*. at 16-17.  Although this may not have been the intent, the report implies that several institutions were not prepared for the CQIT tours.  In fact, a single institution—CCWF—had difficulty adhering to the established tour schedule.  Moreover, CDCR prepared for the CQIT visits by sending a pre-tour email and vetting the tour schedules with each institution.  CDCR also conducted an opening meeting at the

Matthew A. Lopes, Jr.
August 14, 2013
Page 2

beginning of the tour for almost all eight institutions. The majority of CDCR's assessors were familiar with the pre-site information prior to the tours. Thus we ask that you modify your report to clarify that the observation of unpreparedness was limited to a single institution.

(3) *Adequate Sample Size*: The report discusses the need for adequate sample sizes. *Id*. at 18. Again, we believe that this issue arose at a single institution. We ask that you modify your report to reflect that only one of the eight pilot institutions had difficulty with adequate sample sizes.

(4) *CQIT's Independence from CDCR's Network*: The report mentions that CQIT connects to CDCR's wireless network. *Id*. at 12. CQIT is actually a stand-alone tool and only needs to connect to a wireless network to upload data. This reflects CQIT's thoughtful design because it can be accessed in areas of an institution where wireless reception is unavailable.

(5) *Format of CDCR's Report*: The report notes that CDCR has not informed the Special Master about the format of its upcoming CQIT report. *Id*. at 14. The format of CDCR's CQIT report will mirror Exhibit F of your report. The only significant difference will be that the sample text will be replaced by CDCR's qualitative summary.

Finally, we reiterate that CDCR and the Special Master have fulfilled all of their obligations under the Court's August 30, 2012 order. ECF No. 4232. The order required CDCR to review, assess, and develop an improved quality improvement process within the six-month period following the order. *Id*. at 5-6. The order required the Special Master to guide this process during the same six-month period. *Id*. at 6. A follow-up order extended the six-month time period to July 1, 2013, and requested the Special Master issue a report by August 2, 2013. ECF No. 4561; 4562. The time period specified by the Court has ended, and both CDCR and the Special Master have completed their required duties under the order. CDCR has agreed to a re-pilot of CQIT, and while Defendants will cooperate with your staff during the re-piloting process, these continuing joint efforts go above and beyond the Court's requirements.

Thank you for considering our comments and feedback about your report.

                                       Sincerely,


                                       DEBBIE VOROUS
                                       Deputy Attorney General

                    For     KAMALA D. HARRIS
                                       Attorney General

Matthew A. Lopes, Jr.
August 14, 2013
Page 3


cc:    Michael Bien
        Jane Kahn
        Steve Fama
        Katherine Tebrock
        Patrick McKinney
        Bill Davies

CF1997CS0003
31755307.doc