DONALD SPECTER – 083925
STEVEN FAMA – 099641
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LORI E. RIFKIN – 244081
AARON J. FISCHER – 247391
MARGOT MENDELSON – 268583
KRISTA STONE-MANISTA – 269083
ROSEN BIEN GALVAN &
GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830

JON MICHAELSON – 083815
JEFFREY L. BORNSTEIN – 099358
LINDA L. USOZ – 133749
MEGAN CESARE-EASTMAN – 253845
RANJINI ACHARYA – 290877
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, California 94111-5994
Telephone: (415) 882-8200

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California 94104-4244
Telephone: (415) 864-8848

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>　　　　Defendants. | Case No. Civ S 90-0520 LKK-JFM<br><br>**REPLY DECLARATION OF STEVEN FAMA IN SUPPORT OF PLAINTIFFS' MOTION FOR ENFORCEMENT OF COURT ORDERS AND AFFIRMATIVE RELIEF RELATED TO USE OF FORCE AND DISCIPLINARY MEASURES**<br><br>Judge: Hon. Lawrence K. Karlton<br>Date:　September 26, 2013<br>Time:　10:00 a.m.<br>Crtrm:　4 |

915189-3

REPLY DECL. OF STEVEN FAMA ISO PLS.' ISO MOTION FOR ENFORCEMENT OF COURT ORDERS AND
AFFIRMATIVE RELIEF RELATED TO USE OF FORCE AND DISCIPLINARY MEASURES

I, Steven Fama, declare:

1. I am a lawyer admitted to practice in the State and before this court. I work as a staff attorney at Prison Law Office and in that capacity am one of the lawyers representing the plaintiff class in this action. I have been employed by Prison Law Office since 1985.

2. I also was one of the lawyers who represented the plaintiff class in the class action *Madrid v. Gomez*, No. C 90-3094 T.E.H. (N.D. Cal.), which sought and subsequently resulted in injunctive relief regarding unconstitutional conditions of confinement at Pelican Bay State Prison, including with respect to use of force by staff against prisoners as well as medical and mental health care and the housing of seriously mentally ill prisoners in the prison's Security Housing Unit. I did that work during the pre-trial stage of that action, at and through the trial in 1993, and during the entirety of the remedial phase that began with the filing of the district court's findings of fact and conclusions of law in January 1995, and continued until the case was finally terminated on March 21, 2011. I have reviewed the pleadings Defendants filed in Opposition to Plaintiffs' Motion on use of force and disciplinary measures, and make this declaration to clarify the scope of the *Madrid* case and the orders therein.

3. In approximately 2004, the *Madrid* defendants agreed that the case could be expanded to cover use of force at all CDCR prisons statewide with respect to the formal investigation and discipline of staff members alleged and/or determined to have used unnecessary or excessive force. Pursuant to that agreement, monitoring of statewide use of force violations would continue for a period of two years starting in January 2006. As part of that remedial monitoring process, defendants and plaintiffs, as well as the District Court's independent experts and Special Master in *Madrid*, worked to develop a statewide use-of-force policy. The purpose was to achieve a uniform policy statewide while maintaining the features of the then-current Pelican Bay policy that adequately addressed constitutional issues related to use of force.

915189-3

1
REPLY DECL. OF STEVEN FAMA ISO PLS.' ISO MOTION FOR ENFORCEMENT OF COURT ORDERS AND AFFIRMATIVE RELIEF RELATED TO USE OF FORCE AND DISCIPLINARY MEASURES

4. On May 14, 2008, the district court in *Madrid* filed an Order adopting the parties' stipulation that the statewide use of force policy developed as part of the remedial process adequately addressed constitutional issues related to use-of-force and that upon formal adoption and implementation by CDCR would replace the use-of-force policy in place at Pelican Bay. The Order required defendants to file a notice within 10 days after the actual adoption and implementation of the new statewide policy.

5. On October 16, 2008, the Special Master in *Madrid* filed a Report recommending the end of remedial monitoring of all use-of-force issues, including the statewide issues, and the termination of all use of force orders.

6. On or about November 6, 2008, plaintiffs in *Madrid* filed objections to the Special Master's Report. Plaintiffs did not object to the end of the Special Master's monitoring, including of statewide use of force issues, but objected to the termination of all use of force orders because defendants had not yet complied with the May 14, 2008 Order requiring adoption and implementation of the agreed-upon statewide use of force policy. As a result of the Special Master's October 2008 report and recommendations, and plaintiffs' objections to only that part regarding defendants not yet adopting and implementing the statewide use of force policy, monitoring in *Madrid* of statewide use of force matters ceased at that time. Use of force monitoring continued only with respect to incidents at Pelican Bay.

7. On August 30, 2010, defendants filed a notice in *Madrid* stating that a statewide use-of-force policy had been formally adopted and implemented. That policy is the one in place today.

8. On December 20, 2010, the district court in *Madrid* issued an Order To Show Cause, based on (1) the October 16, 2008, Special Master report recommending the end of force-related remedial plan monitoring and termination of force-related orders; (2) the fact that plaintiffs did not oppose cessation of monitoring but did object to terminating force-related orders because defendants had yet to implement a statewide use-of-force policy as mandated by a May 14, 2008 order of the Court, and (3) defendants'

915189-3

2
REPLY DECL. OF STEVEN FAMA ISO PLS.' ISO MOTION FOR ENFORCEMENT OF COURT ORDERS AND AFFIRMATIVE RELIEF RELATED TO USE OF FORCE AND DISCIPLINARY MEASURES

August 30, 2010 notice that a statewide use-of-force policy had been formally adopted and implemented. The Court required plaintiffs to show cause why the Court should not terminate force-related orders.

9.  In response to the Order to Show Cause in *Madrid*, plaintiffs in that case on January 21, 2011 stated that they did not oppose termination of force-related orders. After a hearing, the Court on March 21, 2011 terminated all force-related orders. In making that order, the district court stated, among other things, that it was "concerned about a reversion to the unconstitutional practices that once existed at Pelican Bay." The court concluded that it could not retain jurisdiction so as to make sure that constitutional practices and agreed on reforms would continue, and indicated that if conditions at Pelican Bay devolved counsel would come forward to challenge those conditions.

10. Plaintiffs at the time of *Madrid* termination in March 2011 acknowledged that practices at Pelican Bay did not currently violate the constitution. However, given that monitoring of use of force statewide in *Madrid* ended in 2008, and that the termination of the case was tied to defendants' adoption and implementation of a statewide use of force policy, there was no monitoring or Court assessment in *Madrid* regarding actual practices under the statewide use of force policy subsequent to its formal adoption in August 2010 except at Pelican Bay (and there only for the period ending in March 2011), including CDCR's supervision and enforcement of policy mandates, or of operational practices such as use of pepper spray and retractable batons.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

915189-3

3
REPLY DECL. OF STEVEN FAMA ISO PLS.' ISO MOTION FOR ENFORCEMENT OF COURT ORDERS AND AFFIRMATIVE RELIEF RELATED TO USE OF FORCE AND DISCIPLINARY MEASURES

1           11.     The termination of the use of force orders in *Madrid* was done separately
2  from the termination of the orders in that action regarding health care.  When those orders
3  were terminated in May, 2008, the district court specifically stated that monitoring of
4  mental health care would continue under the *Coleman* case, and directed the parties to file
5  a stipulation to add Pelican Bay medical care matters to the *Plata* class action (the parties
6  did so).

           I declare under penalty of perjury under the laws of the United States and the State
of California that the foregoing is true and correct, and that this declaration is executed at
Berkeley, California this 23rd day of August, 2013.


                                        */s/ Steven Fama*
                                        Steven Fama

915189-3

4
REPLY DECL. OF STEVEN FAMA ISO PLS.' ISO MOTION FOR ENFORCEMENT OF COURT ORDERS AND
AFFIRMATIVE RELIEF RELATED TO USE OF FORCE AND DISCIPLINARY MEASURES