**Coleman v. Brown, 90-520 LKK JFM**
**Joint Statement Re Discovery Dispute on Depositions of Defendants' Witnesses**

***Plaintiffs' Position*.**  Plaintiffs move to compel enforcement of the subpoenas served on August 6, 2013, for deposition of Ellen Bachman, Pam Ahlin, Dr. Eric Monthei, and Kevin Chappell on August 19, 2013.  Defendants did not move to quash the four subpoenas and the witnesses did not appear for their depositions.  Defendants have disclosed these individuals as witnesses for the upcoming hearing on Condemned Access to Inpatient Care (ECF 4543).  The District Court has set the evidentiary hearing to begin on September 26 and 27, 2013.

Plaintiffs have been diligent in seeking this discovery.  On August 1, Defendants' counsel provided a "preliminary list of anticipated witnesses who will testify during the evidentiary hearings on the pending motions" including Ellen Bachman, Pam Ahlin, Dr. Eric Monthei, and Kevin Chappell (the "four witnesses"). Stone-Manista Decl. Ex. A.  Plaintiffs promptly informed Defendants that Plaintiffs would depose the four witnesses.  Stone-Manista Decl. Ex. B.  On August 6, Plaintiffs served deposition notices and subpoenas.  Defendants' counsel agreed to accept service on behalf of these four witnesses, then later served responses and objections to the Deposition Subpoenas for the four witnesses.  Stone-Manista Decl. ¶¶ 5-7 & Exs. D-F.  The parties met and conferred, and Defendants offered that they would consider producing only Dr. Monthei for deposition.  Stone-Manista Decl. ¶ 7 & Ex. G.  No deponents appeared for deposition on August 19, 2013.  Stone-Manista Decl. ¶ 8.  Defendants later determined that they would not produce Dr. Monthei.  Stone-Manista Decl. ¶ 9 & Ex. H.

Defendants have not articulated any legitimate basis for refusing to produce the four witnesses for deposition.  *See Hogan v. Robinson*, 2006 U.S. Dist. LEXIS 33531, *5-6 (E.D. Cal. 2006) ("The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections," quoting *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998)).  Cross examination of declarants in advance of an evidentiary hearing is a normal part of litigation.  *Moreno v. Autozone*, 2007 U.S. Dist. LEXIS 98618 at *2 (N.D. Cal. June 5, 2007); *see also Apple, Inc. v. Samsung Electronics*, 2012 US Dist LEXIS 166724 at *18-19 (N.D. Cal. Nov. 21, 2012).

The testimony of these four individuals is relevant to the treatment restrictions on condemned inmates.  Dr. Monthei is in charge of the substitute treatment program that these patients receive, and claims that such substitutes are satisfactory.  (ECF 4593.)  Ms. Bachman is the Executive Director of one of the in-patient programs from which the patients are barred, and purports to justify the treatment restrictions based on impact to other patients.  (ECF 4598.)  Mr. Chappell is the Warden of San Quentin and purports to justify the treatment restrictions on safety grounds.  (ECF 4601.)  Ms. Ahlin is a senior official of the Department of State Hospitals, and is expected also to testify on justifications for the treatment restrictions.  Stone-Manista Decl. ¶ 4 & Ex. C.  The three who have provided declarations (Monthei, Bachman and Chappell) have offered broad assertions on why the treatment restrictions are justified.  Plaintiffs should be provided an opportunity to test the basis of these broad assertions to prepare for the evidentiary hearing.

Defendants' contention that discovery on this issue is closed contradicts the District Court's order of July 10, 2013, which states without limitation that "Plaintiffs may take depositions of defendants' witnesses in advance of filing their reply briefs," which were filed on August 23, 2013.  ECF 4687 ¶ 3.  The Court did not limit this Order allowing discovery to the segregation and use of force motions.  Neither the Parties' stipulation nor the Court's June 11th and August 1st scheduling orders limited depositions of Defendants' witnesses to the segregation and use of force issues. (*See* Stipulation, ECF 4683; 6/11/13 Order, ECF 4646, ¶ 5; 08/01/13; Order, ECF

4726, at 2:5-7.) Plaintiffs sought to complete all depositions prior to the Court's discovery deadline, but Defendants refused to produce their witnesses for deposition. Defendants cannot plausibly argue that Plaintiffs should have taken "all discovery" regarding these witnesses before filing their May 16, 2013 Reply, when one of the witnesses at issue here was not even identified until August 1, 2013.

Contrary to Defendants' assertion that Plaintiffs "told the Court they would not take discovery," at the May 23, 2013 status conference, Plaintiffs' counsel made no such statement, and Defendants' citations to the transcript do not support their position. *See* McKinney Decl. Ex. 1, at 2:4-18 (stating that Plaintiffs would file their motion on use of force and RVR issues within a week because "it all flows from the discovery that was already done," not whether discovery was necessary with respect to the San Quentin-Condemned motion); *id.* at 3:6-18 (discussing *Defendants'* need for depositions of *Plaintiffs'* experts, not of Defendants' witnesses). The only discussion on May 23 about Monthei's deposition concerned whether his deposition testimony could substitute for live testimony at trial in order to accommodate his scheduling conflicts, not whether he could be deposed at all. *Id.* at 10:22-11:16. The only part of that transcript that can be read as remotely concerning Plaintiffs' depositions of Defendants' witnesses is at 18:1-11, and that discussion ended with a statement that the parties should try to work it out, something the Court would not have said if it had meant to preclude such depositions.

Defendants' argument that the subpoenas were issued under the wrong rule is an irrelevant distraction. Neither of Defendants' cited cases quashed a Rule 45 subpoena because it was issued under Rule 45, rather than under Rule 34. Plaintiffs chose to resolve any doubt as to the party-witness status of the four witnesses by serving Rule 45 subpoenas in addition to providing notice to Defendants' counsel. The Rule 45 subpoena serves to provide more notice and due process to a subpoenaed deponent than does the notice required by Rule 34; Plaintiffs should not be penalized for erring on the side of providing a higher level of notice to these witnesses.

Should the Court deny Plaintiffs' motion to compel compliance with the deposition subpoenas, Plaintiffs in the alternative ask for an order excluding Ms. Ahlin as a witness, and striking the declarations of Monthei, Bachmann and Chappell.

Finally, Defendants' request to delay the evidentiary hearings on Plaintiffs' pending motions based on the expert declarations filed in support of Plaintiffs' reply briefs on August 23, 2013 is improper because, *inter alia*, these reports were filed in accordance with the Federal Rules of Civil Procedure, Defendants have not previously raised this issue with Plaintiffs, and Defendants have never requested nor noticed depositions of these experts, or any other discovery concerning their reports. These experts' declarations were filed to rebut claims made by Defendants in their oppositions, in accordance with Fed. R. Civ. P. 26(a)(2)(D)(ii). Plaintiffs disclosed these experts as witnesses on the respective topics in accordance with the witness disclosure deadlines discussed by the parties. Stone-Manista Decl. ¶ 10 & Ex. I. Furthermore, the evidence upon which these experts relied is either in the public record or within Defendants' possession or control. Defendants' improper request should be denied.

***Defendants' Position.*** Plaintiffs' abuse of the discovery process and Defendants' good will in agreeing to a two-week extension for the filing of reply briefs continues with this motion to compel four depositions and document productions related to a motion that has been fully briefed for more than three months. Defendants request that the Court deny the motion to compel or strike and quash the subpoenas for the following reasons.

Plaintiffs have served subpoenas demanding testimony and documents related to their motion on the "Specialized Care for the Condemned Program" at San Quentin, which has been fully briefed since May 16, 2013. (ECF 4617.) Because the subpoenas were issued long after the close of discovery, they may not be enforced. Fed. R. Civ. P. 45(c); *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986); *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 647 (7th Cir. 2001). Plaintiffs cited authority does not address the issue here since those cases involved a timely, proper discovery request and a timely motion to compel, neither of which is present here.

The subpoenas contradict Plaintiffs' representations to this Court at the May 23, 2013 status conference that they would not pursue additional discovery. (McKinney Decl. Ex. 1 at 2:16-18 & 3:14-24 [5/23/13 Tr.].) And the Court has already denied Plaintiffs' request to take Dr. Monthei's deposition to be used for trial purposes. (*Id.* at 10:22-11:16 & 18:1-5.) Because discovery is closed, the only purpose of these improperly noticed depositions is for use at trial; the Court already rejected this request.

The subpoenas also violate this Court's orders and the parties' stipulation limiting discovery to the motions that had not been fully briefed as of August 23, 2013. (8/9/13 Order 3, ECF 4738; 8/1/13 Order, ECF 4725; 7/18/13 Stipulation, ECF 4683; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.) The subpoenas are prohibited by the July 10 order, which states: "Plaintiffs may take depositions of defendants' witnesses in advance of filing their reply briefs" (ECF 4687 ¶¶ 2 & 3),[1] and the August 1 order, which states: "The parties jointly requested an extension of the deadlines set in the court's July 10, 2013 order for the filing of plaintiffs' reply brief and completion of depositions to and including August 23, 2013. That will be the order of the court." (ECF 4725 at 2:5-7.) As stated in the June 11 order, the August 23 discovery cut-off date applied only to Defendants' declarants in opposition to Plaintiffs' motions concerning segregated housing and use of force and disciplinary measures. This is confirmed by the parties' July 18 stipulation, which addressed the "proposed schedule for *completion of discovery and briefing Plaintiffs' . . . 'Segregation Motion' and . . . 'Use of Force/Discipline Motion'*." (ECF 4683 at 1 [emphasis added].)[2] Plaintiffs' reliance on the brief discussion at the May 23 status conference is unavailing. The parties of course never contemplated discovery from witnesses supporting Defendants' opposition to the Specialized Care for the Condemned motion both because the matter was already fully briefed, and Plaintiffs told the Court they would not take discovery.

The subpoenas are defective for additional reasons. Plaintiffs again misuse Rule 45 to seek discovery from a party witness. Courts have ruled that a Rule 45 subpoena is never proper against a party for any reason. *See, e.g., Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 100 (D. Mass. 1996); *Alper v. United States*, 190 F.R.D. 281, 283 (D. Mass. 2000) (holding that Rule 34 is the exclusive means of obtaining documents or other tangible evidence from a party); *see also* Wright, Miller & Kane: 9A Fed. Prac. & Proc. Civ. § 2452 (3d ed.) (2013) ("Most notably, a subpoena is necessary to compel someone who is not a party to appear for the taking of a deposition or for the production of various material things and electronic information"). To the extent Plaintiffs now claim that the document requests were noticed under Rule 34 (which they were not), they remain untimely and cannot be enforced. *Draper*, 792 F.2d at 924.

---

[1] Plaintiffs acknowledge this dispositive language in their position statement, and it is undisputed that Plaintiffs filed their reply brief on issues related to the San Quentin Specialized Care for the Condemned Program on May 16, 2013. (ECF 4617.)

[2] The streamlined discovery dispute process similarly does not apply here because the June 11 order limited the process to disputes arising from "completion of discovery and briefing plaintiffs' motions concerning segregated housing and use of force and disciplinary measures." (6/11/13 Order at 1 & ¶ 6, ECF 4646.)

[931761-1]

The document requests also violate the August 9 order, which states that "any request for production in connection with a deposition should be limited to documents relied on by the defense witness in preparing his or her declaration or testimony." (ECF 4738 at 3.) The 63 document requests accompanying the subpoenas make no attempt to comply with this standard.

Finally, there is no basis for Plaintiffs' implication that Defendants somehow did not object. Neither Defendants nor their counsel agreed to any of these depositions. (McKinney Decl. ¶ 3.) While Plaintiffs' counsel said they wanted to take Dr. Monthei's deposition (but no others) at the July 31 status conference, there was no pending deposition notice and Defendants timely objected once Plaintiffs served the subpoenas. (*Id.* Exs. 2-5.) Plaintiffs had the opportunity to take any discovery before they filed their motion or before the motion was fully briefed on May 16, yet chose not to do so. They cannot cure their deficient record by using inappropriate discovery devices after the matter is fully briefed and discovery has been closed for months.

Defendants repeatedly articulated all of the reasons the subpoenas are improper, yet Plaintiffs insisted on filing this misguided motion. (*See id.* Exs. 6 & 7.) For each of the above reasons, Plaintiffs' motion to compel should be denied, and the Court should enter an order quashing the subpoenas. If the Court is inclined to grant any part of Plaintiffs' motion, Defendants request that the Court continue the hearing on Plaintiffs' motions so that Defendants may fairly prepare and conduct discovery concerning Plaintiffs' newly introduced expert witnesses and the new witness declarations first submitted in reply to the segregation and use of force motions. (ECF 4762, 4765, 4766-3 & 4768.)[3]

---

[3] Plaintiffs never disclosed Dr. Austin or their counsel as witnesses prior to the close of discovery, and their cursory disclosure of Dr. Kaufman on August 1 did not comply with Rule 26. Plaintiffs' claims to the contrary are false. *See* Stone-Manista Decl. Ex. I.