# Exhibit A

**From:** Jay Russell <Jay.Russell@doj.ca.gov>
**Sent:** Thursday, August 01, 2013 5:05 PM
**To:** Lori Rifkin; Patrick McKinney; Debbie Vorous
**Cc:** Coleman Team - RBG Only; 'Michaelson, Jon (jon.michaelson@klgates.com)'; 'Bornstein, Jeffrey L. (jeffrey.bornstein@klgates.com) (jeffrey.bornstein@klgates.com)'; 'Cesare-Eastman, Megan F. (megan.cesare-eastman@klgates.com)'
**Subject:** RE: Coleman: preliminary witness list [IWOV-DMS.FID6429]

Lori – The following is Defendants' preliminary list of anticipated witnesses who will testify during the evidentiary hearings on the pending motions. Defendants may revise this disclosure as further information and evidence is developed and reviewed in advance of the hearings.

Dr. Charles Scott
Steve Martin
John Day
Michael Stainer
Kathleen Allison
Joe Stein
Dr. Tim Belavich
Robert Barton
Ellen Bachman
Pam Ahlin
Dr. Eric Monthei
Kevin Chappell

As for further depositions, the Court's July 10, 2013 order provided that depositions of witnesses (ostensibly identified in Defendants' opposition to the Ad Seg and Use-of-Force motions) were to be taken "in advance of filing [Plaintiffs'] reply briefs." The order did not re-open discovery.

If you have any questions, please contact me.

Jay C. Russell
Supervising Deputy Attorney General
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
415.703.5717
415.703.5843 Facsimile
jay.russell@doj.ca.gov

# Exhibit B

| | |
|---|---|
| **From:** | Lori Rifkin |
| **Sent:** | Friday, August 02, 2013 2:44 PM |
| **To:** | Jay Russell; Patrick McKinney; Debbie Vorous |
| **Cc:** | Coleman Team - RBG Only; 'Michaelson, Jon (jon.michaelson@klgates.com)'; 'Bornstein, Jeffrey L. (jeffrey.bornstein@klgates.com) (jeffrey.bornstein@klgates.com)'; 'Cesare-Eastman, Megan F. (megan.cesare-eastman@klgates.com)' |
| **Subject:** | RE: Coleman: preliminary witness list [IWOV-DMS.FID6429] |

Jay,

I am writing to respond on a number of issues:

1)  The parties agreed to identify which broad topics the witnesses would be addressing when we exchanged witness lists on August 1.  Please immediately add these designations to your list of witnesses below.

2)  During our meet and confer after the status conference on July 31 regarding the documents subpoenaed for the Day deposition, Plaintiffs suggested a compromise on IA files consisting of production by Defendants of a list of  the 2012 Use of Force IA files relating to Coleman class members, and Plaintiffs would select a small sample (5) of those files for production by Defendants, which Defendants may redact to conceal staff member names if Defendants elect to do so.  Defendants agreed to respond to this suggestion promptly.  Please let us know Defendants' response.  If we cannot reach agreement on this issue by Monday, August 5, Plaintiffs will move to compel production of these files.

3)  As Ms. Cesare-Eastman noted, given the rescheduling and longer period of time for the upcoming depositions, Plaintiffs request that all documents be produced at least 48 hours in advance of depositions.  For Mr. Belavich's deposition, scheduled for Tuesday, August 6, please produce all documents for his deposition no later than start of business Monday, August 5.

4)  Plaintiffs do not agree that the Court's Order prohibits Plaintiffs from taking depositions after August 23rd of individuals whom Defendants put on their witness list who were not identified in Defendants' opposition papers.

5)  Defendants will receive notices shortly for depositions of Bachman, Ahlin, Monthei, and Chappell to take place prior to August 23rd.  We are willing to work to accommodate Defendants on dates as long as these agreements can be made in a timely manner.

Please contact me with questions or concerns.

Sincerely,

Lori Rifkin

ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
lrifkin@rbgg.com

1

# Exhibit C

**From:**           Debbie Vorous <Debbie.Vorous@doj.ca.gov>
**Sent:**           Sunday, August 04, 2013 11:34 AM
**To:**             Lori Rifkin; Jay Russell; Patrick McKinney
**Cc:**             Coleman Team - RBG Only; 'Michaelson, Jon (jon.michaelson@klgates.com)'; 'Bornstein, Jeffrey L. (jeffrey.bornstein@klgates.com) (jeffrey.bornstein@klgates.com)'; 'Cesare-Eastman, Megan F. (megan.cesare-eastman@klgates.com)'; Debbie Vorous
**Subject:**        RE: Coleman: preliminary witness list [IWOV-DMS.FID6429]

Lori,

Below is our response to your issue list:

1.    Defendants expert Dr. Charles Scott to address issues related to Plaintiffs' motion on segregated housing units within CDCR and Steve Martin to address issues related to Plaintiffs' motion on CDCR's Use of Force and disciplinary measures.  Defendants expect that the party witnesses (John Day, Michael Stainer, Kathleen Allison, Joe Stein, Dr. Tim Belavich, Ellen Bachman, Dr. Eric Monthei, and Kevin Chappell) will address those issues set out in their respective declarations filed in support of Plaintiffs' motions regarding the San Quentin condemned, CDCR's segregation units, and CDCR's Use of Force and disciplinary processes.   Defendants expect that Pam Ahlin will testify to issues related to Plaintiffs' motion on the SQ condemned and Robert Barton will testify to issues related to Plaintiffs' motion on CDCR's Use of Force and disciplinary measures.

2.    Defendants are evaluating Plaintiffs' suggestion regarding production of the IA files and hope to provide a response to you by Monday.

3.    Defendants do not agree to produce all documents responsive to Plaintiffs' deposition notices at least 48 hours in advance of the depositions.  Defendants already have or will be filing timely responses to the deposition subpoenas and, to the extent possible, will  produce documents consistent with those objections prior to the each deposition.

      In your e-mail, you note that Dr. Belavich's deposition is scheduled for August 6th.  It is my understanding that at the July 31, 2013 status conference, the parties agreed to set Dr. Belavich's deposition for August 7th as he is not available on the 6th.  Please confirm that Dr. Belavich's deposition is in fact scheduled for August 7th and *not* for August 6th.   Based on the August 7th date, we will attempt to provide responsive documents to you on Tuesday, August 6th.

4.    We are unclear which witnesses you are referring to in this paragraph.  All Defendants' witnesses except for Pam Ahlin were identified in their opposition to one or more of the Plaintiffs' three motions.

5.    Defendants object to the depositions of Bachman, Ahlin, Monthei, and Chappell.  All four witnesses relate to Plaintiffs' motion on the San Quentin condemned population.  It is our position that discovery is closed with respect to that motion.

Thank you,

Debbie

# Exhibit D

**From:**          Patrick McKinney <Patrick.McKinney@doj.ca.gov>
**Sent:**          Tuesday, August 06, 2013 1:34 PM
**To:**            Krista Stone-Manista
**Cc:**            Debbie Vorous; Jay Russell; Coleman Team - RBG Only; Maneesh Sharma
**Subject:**       RE: Coleman, Deposition Subpoenas and Requests for Documents [IWOV-
                   DMS.FID6429]


Krista, we have been authorized to accept service of these subpoenas without waiver of our right to object to the validity of the subpoenas or the requests for testimony or documents contained therein.  We understand that you sent a process server over to our offices this morning before we had an opportunity to respond and while no one was available to receive them.

Please identify the court order or other authority that permits further discovery on the specialized care for the condemned issue, which has been fully briefed since May 16, 2013 (ECF No. 4617).  At the May 23, 2013 status conference, Plaintiffs' counsel told the Court that Plaintiffs would not take any discovery in support of this motion.  (*See* May 23 Transcript at 5.)  The Court also expressly denied a deposition of Dr. Monthei to be used for trial purposes, and permitted only the deposition of Dr. Haney to go forward.  (*Id.* at 11:2-8 & 18:1-5.)  If there is no such authority, as we believe to be the case, Defendants request that Plaintiffs withdraw these subpoenas.

Patrick

# Exhibit E

DONALD SPECTER – 083925
STEVEN FAMA – 099641
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California  94710-1916
Telephone:   (510) 280-2621

MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
JANE E. KAHN – 112239
LISA ELLS – 243657
AARON J. FISCHER – 247391
KRISTA STONE-MANISTA – 269083
MARGOT MENDELSON – 268583
ROSEN BIEN GALVAN &
GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California  94104-1823
Telephone:   (415) 433-6830

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California  94104-4244
Telephone:   (415) 864-8848

WARREN E. GEORGE – 053588
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, California  94111-4066
Telephone:   (415) 393-2000

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

Plaintiffs,

v.

EDMUND G. BROWN, Jr., et al.,

Defendants.

Case No. Civ S 90-0520 LKK-JFM

**NOTICE OF TAKING DEPOSITION, WITH DOCUMENTS, OF PAMELA AHLIN**
**[Fed. R. Civ. P. 45]**

[899966-1]

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2       PLEASE TAKE NOTICE that, pursuant to Rules 26, 30 and 45 of the Federal Rules

3  of Civil Procedure, plaintiff, by his attorneys, will take the deposition of **Pamela Ahlin at**

4  **9:00 a.m. on August 19, 2013** at the law offices of Rosen Bien Galvan & Grunfeld LLP,

5  315 Montgomery Street, Tenth Floor, San Francisco, California 94104.

6       YOU ARE FURTHER NOTIFIED THAT the deponent, who has been noticed as a

7  witness for hearing, is being served with a Deposition Subpoena, which is attached hereto

8  and served herewith, through counsel for Defendants.

9       Said deposition shall proceed until completed, or until the end of seven hours of

10  recorded testimony, pursuant to Federal Rule of Civil Procedure 30(d)(1).  The deposition

11  shall be recorded by stenographic means and shall be videotaped.

12       PLEASE TAKE FURTHER NOTICE that pursuant to Rules 30(b)(5) and 45 of the

13  Federal Rules of Civil Procedure, the Deponent is commanded to produce on or before the

14  time of deposition the documents described in **Attachment A to the Deposition** Subpoena,

15  served herewith.

16

17  DATED:  August 5, 2013              ROSEN BIEN GALVAN & GRUNFELD LLP

18

19                          By:  */s/ Krista Stone-Manista*
                                 Krista Stone-Manista
20
                            Attorneys for Plaintiffs
21

22

23

24

25

26

27

28

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of California

| | | |
|---|---|---|
| Ralph Coleman, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   90-cv-0520 LKK-JFM |
| Edmund G. Brown, Jr. et al., | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Pam Ahlin

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: The Law Offices of Rosen Bien Galvan & Grunfeld LLP<br>315 Montgomery Street, 10th Floor, San Francisco, CA<br>94104  (415) 433-6830 | Date and Time:<br>08/19/2013 9:00 am |
|---|---|

The deposition will be recorded by this method: _____

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
See Attachment A

        The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

|  | *CLERK OF COURT* | | |
|---|---|---|---|
| | | OR | |
| | _____ | | _____ |
| | *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*        **Plaintiff**
_____ , who issues or requests this subpoena, are:
Krista Stone-Manista, The Law Offices of Rosen Bien Galvan & Grunfeld LLP, 315 Montgomery Street, 10th Floor, San Francisco, CA 94104. kstone-manista@rbgg.com, (415) 433-6830

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  90-cv-0520 LKK-JFM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____         _____
                                              *Server's signature*

                                      _____
                                              *Printed name and title*

                                      _____
                                              *Server's address*

Additional information regarding attempted service. etc:

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

   **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

   **(i)** fails to allow a reasonable time to comply;

   **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

   **(iv)** subjects a person to undue burden.

  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

   **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

   **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

   **(i)** expressly make the claim; and

   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# ATTACHMENT A

**ATTACHMENT A TO DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION, OR OBJECTS.**

**THE DOCUMENTS, ELECTRONICALLY STORED INFORMATION, OR OBJECTS TO BE PRODUCED PURSUANT TO THE SUBPOENA TO TESTIFY AT A CIVIL ACTION ARE AS FOLLOWS:**

1.  Any and all documents upon which Ms. Ahlin intends to rely in preparation for or during her testimony at the hearing for which she has been noticed as a witness.

2.  Any and all policies or procedures related to, referencing, or governing the care provided to condemned inmates at Department of State Hospitals facilities, including but not limited to the Salinas Valley Psychiatric Program and the Vacaville Psychiatric Program.

3.  Any and all documents, policies, or procedures related to, referencing, or governing the prohibition on transfer of condemned inmates to Department of State Hospitals facilities, including but not limited to the Salinas Valley Psychiatric Program, for Intermediate Care Facility ("ICF") care.

4.  Any and all documents related to, referencing, or discussing the possibility, feasibility, or desirability of providing ICF care to condemned inmates at Department of State Hospitals facilities, including but not limited to the Salinas Valley Psychiatric Program and the Vacaville Psychiatric Program.

5. Any and all documents and/or data related to mental health staffing needs or present staffing levels at Department of State Hospitals facilities, including but not limited to the Salinas Valley Psychiatric Program and the Vacaville Psychiatric Program, specifically referencing, referring to, or relating to staffing requirements for the provision of mental health care to condemned inmates.

6. Any and all documents and/or data related to custodial staffing needs or present staffing levels at to Department of State Hospitals facilities, including but not limited to the Salinas Valley Psychiatric Program and the Vacaville Psychiatric Program. specifically referencing, referring to, or relating to staffing requirements for the provision of mental health care to condemned inmates.

7. Any and all documents and/or data related to the availability of housing space suitable for use for the mental health care or treatment of condemned inmates at Department of State Hospitals facilities, including but not limited to the Salinas Valley Psychiatric Program and the Vacaville Psychiatric Program.

8. Any and all documents, policies, or procedures that provides that only one condemned inmate may be housed at any Department of State Hospitals acute psychiatric care program (APP) at any given time, or contains information regarding any limit on the number of condemned inmates that may be housed at any APP facility.

[899970-4]

9. Any and all policies or procedures governing the operation of the "Positive Behavior Support Team" at the Vacaville Psychiatric Program, as referenced in Paragraph 22 of the Declaration of Ellen Bachman in Support of Defendants' Opposition to Plaintiffs' Motion Related to Inpatient Treatment ("Bachman Declaration") (*Coleman* Docket No. 4598).

10. All medical, psychiatric, and custody records for the condemned inmate referred to in Paragraph 22 of the Bachman Declaration, for the period of April 2011-present.

11. A complete and accurate copy of the "department policy on housing and treating condemned inmates in the Acute Psychiatric Program" referenced in Paragraph 23 of the Bachman Declaration.

12. Any and all documents that are or reference emails, communications, conversations, meetings, letters, or other form of communications concerning mental health care for condemned inmates at Department of State Hospitals facilities.

3

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Krista Stone-Manista ¦ SBN: 269083<br>Rosen, Bien & Galvan<br>315 Montgomery Street,10th Floor  San Francisco, CA 94104<br><br>TELEPHONE NO.: (415) 433-6830 ¦ FAX NO. ¦ E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*:  Plaintiff | |

| United States District Court | |
|---|---|
| STREET ADDRESS: 501 I Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Sacramento, CA 95814<br>BRANCH NAME: Eastern District of California | |

| PLAINTIFF/PETITIONER: RALPH COLEMAN, et al.<br><br>DEFENDANT/RESPONDENT: EDMUND G. BROWN, JR., et al. | CASE NUMBER:<br>90-CV-0520-LKK-JFM |
|---|---|

| **PROOF OF SERVICE** | Ref. No. or File No.:<br>489-3 |
|---|---|

AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION
I SERVED COPIES OF THE FOLLOWING DOCUMENTS:

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

PARTY SERVED: **PAM AHLIN**

PERSON SERVED: **Maneesh Sharma - Deputy Attorney General**

DATE & TIME OF DELIVERY: **8/6/2013**
**4:40 PM**

ADDRESS CITY, AND STATE: **455 Golden Gate Avenue, #11000**
**San Francisco, CA 94102**

MANNER OF SERVICE
Personal Service - By personally delivering copies.

WITNESS FEES
**Were offered or demanded and paid: $40.00.**

Fee for Service: $ 104.00
County  San Francisco
Registration No.: 1146
Specialized Legal Services, Inc.
1112 Bryant St., Suite 200
San Francisco, CA 94103
(415) 357-0500
Ref: 489-3

I declare under penalty of perjury under the laws of the
The United States that the foregoing information
contained in the return of service and statement of
service fees is true and correct and that this declaration
was executed on **August 08, 2013**

Signature: _____

**Kinto V. Fannin**

**PROOF OF SERVICE**

DONALD SPECTER – 083925
STEVEN FAMA – 099641
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California  94710-1916
Telephone:    (510) 280-2621

MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
JANE E. KAHN – 112239
LISA ELLS – 243657
AARON J. FISCHER – 247391
KRISTA STONE-MANISTA – 269083
MARGOT MENDELSON – 268583
ROSEN BIEN GALVAN &
GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California  94104-1823
Telephone:    (415) 433-6830

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California  94104-4244
Telephone:    (415) 864-8848

WARREN E. GEORGE – 053588
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, California  94111-4066
Telephone:    (415) 393-2000

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

　　　　　Plaintiffs,

　　v.

EDMUND G. BROWN, Jr., et al.,

　　　　　Defendants.

Case No. Civ S 90-0520 LKK-JFM

**NOTICE OF TAKING DEPOSITION, WITH DOCUMENTS, OF KEVIN CHAPPELL**
**[Fed. R. Civ. P. 45]**

[900041-1]

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE that, pursuant to Rules 26, 30 and 45 of the Federal Rules

3  of Civil Procedure, plaintiff, by his attorneys, will take the deposition of **Kevin Chappell**

4  **at 9:00 a.m. on August 19, 2013** at the law offices of Rosen Bien Galvan & Grunfeld

5  LLP, 315 Montgomery Street, Tenth Floor, San Francisco, California 94104.

6      YOU ARE FURTHER NOTIFIED THAT the deponent, who has provided a

7  declaration in his official capacity for Defendants and has been noticed as a witness for

8  hearing, is being served with a Deposition Subpoena, which is attached hereto and served

9  herewith, through counsel for Defendants.

10      Said deposition shall proceed until completed, or until the end of seven hours of

11  recorded testimony, pursuant to Federal Rule of Civil Procedure 30(d)(1).  The deposition

12  shall be recorded by stenographic means and shall be videotaped.

13      PLEASE TAKE FURTHER NOTICE that pursuant to Rules 30(b)(5) and 45 of the

14  Federal Rules of Civil Procedure, the Deponent is commanded to produce on or before the

15  time of deposition the documents described in **Attachment A** to the Deposition Subpoena,

16  served herewith.

17

18  DATED:  August 5, 2013           ROSEN BIEN GALVAN & GRUNFELD LLP

19

20                                   By: */s/ Krista Stone-Manista*
                                         Krista Stone-Manista
21

22                                   Attorneys for Plaintiffs

23

24

25

26

27

28

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

| | |
|---|---|
| Ralph Coleman, et al. | ) |
| _Plaintiff_ | ) |
| v. | ) |
| Edmund G. Brown, Jr. et al., | ) |
| _Defendant_ | ) |

Civil Action No.   90-cv-0520 LKK-JFM

(If the action is pending in another district, state where:                     )

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Kevin Chappell

☑ _Testimony:_ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is _not_ a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: The Law Offices of **Rosen Bien Galvan** & Grunfeld LLP<br>315 Montgomery Street. 10th Floor. San Francisco, CA<br>94104. (415) 433-6830 | Date and Time:<br><br>08/19/2013 9:00 am |
|---|---|

The deposition will be recorded by this method: _____

☑ _Production:_ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Attachment A

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

_CLERK OF COURT_

OR

_____         _____
_Signature of Clerk or Deputy Clerk_                              _Attorney's signature_

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_ _____**Plaintiff**_____
_____ , who issues or requests this subpoena, are:
Krista Stone-Manista, The Law Offices of Rosen Bien Galvan & Grunfeld LLP, 315 Montgomery Street, 10th Floor, San Francisco, CA 94104. kstone-manista@rbgg.com, (415) 433-6830

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  90-cv-0520 LKK-JFM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____          _____          _____
                                                                *Server's signature*

                                        _____          _____
                                                                *Printed name and title*

                                        _____          _____
                                                                *Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# ATTACHMENT A

**ATTACHMENT A TO DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION, OR OBJECTS.**

**THE DOCUMENTS, ELECTRONICALLY STORED INFORMATION, OR OBJECTS TO BE PRODUCED PURSUANT TO THE SUBPOENA TO TESTIFY AT A CIVIL ACTION ARE AS FOLLOWS:**

1. All documents relied upon or reviewed for the preparation of the Declaration of Kevin Chappell in Support of Defendants' Opposition to Plaintiffs' Motion Related to Inpatient Treatment ("Chappell Declaration") (*Coleman* Docket No. 4601).

2. Any and all documents, policies, procedures, post orders, or local operating procedures related to the utilization of beds within the Central Health Services Building at San Quentin State Prison for "specialized mental health care," as discussed in Paragraph 4 of the Chappell Declaration.

3. Any and all documents, data, or information related to custodial staffing allocations or assignments for the "specialized care" program, as discussed in Paragraph 5 of the Chappell Declaration, including any and all documents and/or data reflecting current actual custodial staffing and/or vacancies.

4. Any and all documents, data, or information related to mental health personnel staffing allocations or assignments for the "specialized care" program, including any and all documents and/or data reflecting current actual mental staffing and/or vacancies.

5. All additional documents, policies or procedures, memoranda or communications related to, referencing, or governing the "specialized care" program of mental health care provided to condemned inmates at San Quentin State Prison.

6. Any and all policies or procedures relating to, governing, or requiring the custodial transportation procedures set forth in Paragraph 8 of the Chappell Declaration.

7. All Local Operating Procedures for San Quentin State Prison governing Management Status, as referenced in Paragraphs 26-31 of the Declaration of Michael Stainer in Support of Defendants' Opposition to Motion Related to Use of Force and Disciplinary Procedures ("Stainer Declaration") (*Coleman* Docket No. 4708).

8. All logs or records from January 2013 to the present documenting the use and/or monitoring of Management Status at San Quentin State Prison, as referenced in Paragraph 30 of the Stainer Declaration.

9. Any and all documents, policies, and procedures related to 30-minute welfare checks in San Quentin State Prison segregation units, including Administrative Segregation Units (ASUs), Security Housing Units (SHUs), Psychiatric Services Units (PSUs), and all Condemned units, created or revised on or after May 28, 2013, including any revisions of the San Quentin State Prison Local Operating Procedure governing such welfare checks.

2

10. Any and all documents, policies, and procedures related to security and/or custody rounding in San Quentin State Prison segregation units, including Administrative Segregation Units (ASUs), Security Housing Units (SHUs), Psychiatric Services Units (PSUs), and all Condemned units, created or revised on or after May 28, 2013, including any revisions of the San Quentin State Prison Local Operating Procedure governing such security or custody rounding.

11. Any and all post orders related to 30-minute welfare checks in San Quentin State Prison segregation units, including Administrative Segregation Units (ASUs), Security Housing Units (SHUs), Psychiatric Services Units (PSUs), and all Condemned units, created or revised on or after May 28, 2013.

12. Any and all post orders related to security and /or custody rounding in San Quentin State Prison segregation units, including Administrative Segregation Units (ASUs), Security Housing Units (SHUs), Psychiatric Services Units (PSUs), and all Condemned units, created or revised on or after May 28, 2013.

13. Any and all logs or other documentation of 30-minute welfare checks at San Quentin State Prison produced on or after May 28, 2013 to the present.

14. Any and all logs or other documentation of security and/or custody rounding in San Quentin State Prison segregation units, including

3

Administrative Segregation Units (ASUs), Security Housing Units (SHUs), Psychiatric Services Units (PSUs), and all Condemned units, produced on or after May 28, 2013 to the present.

15. Any and all additional documents upon which Warden Chappell intends to rely in preparation for or during his testimony at the hearing for which he has been noticed as a witness.

16. Any and all policies and procedures related to, referencing, or governing the separation of condemned inmates from other inmates, including but not limited to any policies mandating that condemned inmates be separated from all other inmates or any policies related to limitations on group treatment for condemned inmates, such as those referenced in Paragraph 23 the Declaration of Ellen Bachman in Support of Defendants' Opposition to Plaintiffs' Motion Related to Inpatient Treatment ("Bachman Declaration") (*Coleman* Docket No. 4598).

17. Any and all policies and procedures related to, referencing, or governing the transfer of condemned inmates to specialized medical facilities and/or hospital facilities outside of San Quentin State Prison, including but not limited to any policies or procedures related to, referencing, or governing the procedure set forth in Paragraph 8 of the Chappell Declaration.

18. Any and all policies and procedures related to, referencing, or governing the housing of condemned inmates at specialized medical facilities and/or hospital facilities outside of San Quentin State Prison.

4

19. Any and all policies and procedures related to, referencing, or governing the treatment of condemned inmates at specialized medical facilities and/or hospital facilities outside of San Quentin State Prison.

20. Any and all documents that are or reference emails, communications, conversations, meetings, letters, or other form of communications concerning mental health care for condemned inmates at Department of State Hospitals facilities.

21. Any and all documents documenting or demonstrating, for each condemned inmate in the *Coleman* class, the total hours of yard time offered to and hours of yard time accepted by each inmate from January 1, 2013 to present.

22. Any and all additional documents upon which Warden Chappell intends to rely in preparation for or during his testimony at the hearing for which he has been noticed as a witness.

5

[899983-4]

| | FOR COURT USE ONLY |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>Krista Stone-Manista | SBN: 269083<br>Rosen, Bien & Galvan<br>315 Montgomery Street,10th Floor   San Francisco, CA 94104<br><br>TELEPHONE NO.: (415) 433-6830 | FAX NO. | E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff | |

| United States District Court | |
|---|---|
| STREET ADDRESS: 501 I Street | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: Sacramento, CA 95814 | |
| BRANCH NAME: Eastern District of California | |

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER:  RALPH COLEMAN, et al. | 90-CV-0520-LKK-JFM |
| DEFENDANT/RESPONDENT:  EDMUND G. BROWN, JR., et al. | |

| **PROOF OF SERVICE** | Ref. No. or File No.:<br>489-3 |
|---|---|

AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION
I SERVED COPIES OF THE FOLLOWING DOCUMENTS:

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

PARTY SERVED:     **KEVIN CHAPPELL**

PERSON SERVED:     **Maneesh Sharma - Deputy Attorney General**

DATE & TIME OF DELIVERY:     **8/6/2013**
                                      **4:40 PM**

ADDRESS, CITY, AND STATE:     **455 Golden Gate Avenue, #11000**
                                      **San Francisco, CA 94102**

MANNER OF SERVICE:
Personal Service - By personally delivering copies.

WITNESS FEES:
**Were offered or demanded and paid: $40.00.**

Fee for Service: **$ 74.00**
  County:   **San Francisco**
  Registration No.:   **1146**
  **Specialized Legal Services, Inc.**
  **1112 Bryant St., Suite 200**
  **San Francisco, CA 94103**
  **(415) 357-0500**
  **Ref: 489-3**

I declare under penalty of perjury under the laws of the The United States that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on **August 08, 2013**

Signature: _____

                 **Kinto V. Fannin**

**PROOF OF SERVICE**

982(a)(23)[New July 1, 1987]

Order#: P106588/General

DONALD SPECTER – 083925
STEVEN FAMA – 099641
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California  94710-1916
Telephone:    (510) 280-2621

MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
JANE E. KAHN – 112239
LISA ELLS – 243657
AARON J. FISCHER – 247391
KRISTA STONE-MANISTA – 269083
MARGOT MENDELSON – 268583
ROSEN BIEN GALVAN &
GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California  94104-1823
Telephone:    (415) 433-6830

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California  94104-4244
Telephone:    (415) 864-8848

WARREN E. GEORGE – 053588
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, California  94111-4066
Telephone:    (415) 393-2000

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

    Plaintiffs,

v.

EDMUND G. BROWN, Jr., et al.,

    Defendants.

Case No. Civ S 90-0520 LKK-JFM

**NOTICE OF TAKING DEPOSITION, WITH DOCUMENTS, OF ELLEN BACHMAN**
[**Fed. R. Civ. P. 45**]

[899932-1]

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2       PLEASE TAKE NOTICE that, pursuant to Rules 26, 30 and 45 of the Federal Rules

3  of Civil Procedure, plaintiff, by his attorneys, will take the deposition of **Ellen Bachman**

4  **at 9:00 a.m. on August 19, 2013** at the law offices of Rosen Bien Galvan & Grunfeld

5  LLP, 315 Montgomery Street, Tenth Floor, San Francisco, California 94104.

6       YOU ARE FURTHER NOTIFIED THAT the deponent, who has provided a

7  declaration in her official capacity for Defendants and has been noticed as a witness for

8  hearing, is being served with a Deposition Subpoena, which is attached hereto and served

9  herewith, through counsel for Defendants.

10       Said deposition shall proceed until completed, or until the end of seven hours of

11  recorded testimony, pursuant to Federal Rule of Civil Procedure 30(d)(1).  The deposition

12  shall be recorded by stenographic means and shall be videotaped.

13       PLEASE TAKE FURTHER NOTICE that pursuant to Rules 30(b)(5) and 45 of the

14  Federal Rules of Civil Procedure, the Deponent is commanded to produce on or before the

15  time of deposition the documents described in **Attachment A** to the Deposition Subpoena,

16  served herewith.

17

18  DATED:  August 5, 2013          **ROSEN BIEN GALVAN & GRUNFELD LLP**

19

20                      **By**: */s/ Krista Stone-Manista*

                         Krista Stone-Manista

21

22                      **Attorneys for Plaintiffs**

23

24

25

26

27

28

[899932-1]

NOTICE OF TAKING DEPOSITION, WITH DOCUMENTS, OF ELLEN BACHMAN

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Eastern District of California

| | | |
|---|---|---|
| Ralph Coleman, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   90-cv-0520 LKK-JFM |
| Edmund G. Brown, Jr. et al., | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Ellen Bachman

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  The Law Offices of Rosen Bien Galvan & Grunfeld LLP<br>315 Montgomery Street, 10th Floor, San Francisco, CA<br>94104. (415) 433-6830 | Date and Time:<br><br>08/19/2013 9:00 am |
|---|---|

        The deposition will be recorded by this method:  _____

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Attachment A

        The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  _____

                *CLERK OF COURT*

                                                OR

        _____                    _____
        *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*        Plaintiff
_____ , who issues or requests this subpoena, are:
Krista Stone-Manista, The Law Offices of Rosen Bien Galvan & Grunfeld LLP, 315 Montgomery Street, 10th Floor, San Francisco, CA 94104. kstone-manista@rbgg.com, (415) 433-6830

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   90-cv-0520 LKK-JFM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

   ❑  I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

   ❑  I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00 .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                    *Server's signature*

                                  _____
                                  *Printed name and title*

                                  _____
                                  *Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*

  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

  **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;

  **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

  **(iv)** subjects a person to undue burden.

  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

  **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*

  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

  **(i)** expressly make the claim; and

  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# ATTACHMENT A

**ATTACHMENT A TO DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION, OR OBJECTS.**

**THE DOCUMENTS, ELECTRONICALLY STORED INFORMATION, OR OBJECTS TO BE PRODUCED PURSUANT TO THE SUBPOENA TO TESTIFY AT A CIVIL ACTION ARE AS FOLLOWS:**

1. Any and all documents relied upon for the preparation of paragraphs 22-25 (inclusive) of the Declaration of Ellen Bachman in Support of Defendants' Opposition to Plaintiffs' Motion Related to Inpatient Treatment ("Bachman Declaration") (*Coleman* Docket No. 4598).

2. Any and all policies or procedures governing the operation of the "Positive Behavior Support Team" at Vacaville Psychiatric Program, as referenced in Paragraph 22 of the Bachman Declaration.

3. All medical, psychiatric, and custody records for the condemned inmate referred to in Paragraph 22 of the Bachman Declaration, for the period of April 2011-present.

4. A complete and accurate copy of the "department policy on housing and treating condemned inmates in the Acute Psychiatric Program" referenced in Paragraph 23 of the Bachman Declaration.

5. Any and all policies or procedures related to, referencing, or governing the care provided to condemned inmates at Department of State Hospitals facilities, including but not limited to the Vacaville Psychiatric Program.

6. Any and all documents, policies, or procedures related to, referencing, or governing the prohibition on transfer of condemned inmates to

Department of State Hospitals facilities, including but not limited to the Vacaville Psychiatric Program, for Intermediate Care Facility ("ICF") care.

7.   Any and all documents related to, referencing, or discussing the possibility, feasibility, or desirability of providing ICF care to condemned inmates at Department of State Hospitals facilities, including but not limited to the Vacaville Psychiatric Program.

8.   Any and all documents and/or data related to mental health staffing needs or present staffing levels at Department of State Hospitals facilities, including but not limited to the Vacaville Psychiatric Program, specifically referencing, referring to, or relating to staffing requirements for the provision of mental health care to condemned inmates.

9.   Any and all documents and/or data related to custodial staffing needs or present staffing levels at to Department of State Hospitals facilities, including but not limited to the Vacaville Psychiatric Program, specifically referencing, referring to, or relating to staffing requirements for the provision of mental health care to condemned inmates.

10.  Any and all documents and/or data related to the availability of housing space suitable for use for the mental health care or treatment of condemned inmates at Department of State Hospitals facilities, including but not limited to the Vacaville Psychiatric Program.

2

11.  Any and all documents, policies, or procedures that provides that only one condemned inmate may be housed at any Department of State Hospitals acute psychiatric care program (APP) at any given time, or contains information regarding any limit on the number of condemned inmates that may be housed at any APP facility.

12.  Any and all documents that are or reference emails, communications, conversations, meetings, letters, or other form of communications concerning mental health care for condemned inmates.

13.  Any and all additional documents upon which Ms. Bachman intends to rely in preparation for or during her testimony at the hearing for which she has been noticed as a witness.

[899937-3]

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>Krista Stone-Manista | SBN: 269083<br>Rosen, Bien & Galvan<br>315 Montgomery Street,10th Floor   San Francisco, CA 94104<br><br>TELEPHONE NO.: (415) 433-6830 | FAX NO. | E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff | FOR COURT USE ONLY |
|---|---|
| **United States District Court**<br>    STREET ADDRESS: 501 I Street<br>    MAILING ADDRESS:<br>    CITY AND ZIP CODE: Sacramento, CA 95814<br>    BRANCH NAME: Eastern District of California | |
| PLAINTIFF/PETITIONER:  RALPH COLEMAN, et al.<br><br>DEFENDANT/RESPONDENT:  EDMUND G. BROWN, JR., et al. | CASE NUMBER:<br>90-CV-0520-LKK-JFM |
| **PROOF OF SERVICE** | Ref. No. or File No.:<br>489-3 |

AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION
I SERVED COPIES OF THE FOLLOWING DOCUMENTS:

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

PARTY SERVED: **ELLEN BACHMAN**

PERSON SERVED: **Maneesh Sharma - Deputy Attorney General**

DATE & TIME OF DELIVERY: **8/6/2013**
**4:40 PM**

ADDRESS, CITY, AND STATE: **455 Golden Gate Avenue, #11000**
**San Francisco, CA 94102**

MANNER OF SERVICE:
Personal Service - By personally delivering copies.

WITNESS FEES:
**Were offered or demanded and paid: $40.00.**

Fee for Service: **$ 74.00**
    County:  **San Francisco**
    Registration No.: **1146**
    **Specialized Legal Services, Inc.**
    **1112 Bryant St., Suite 200**
    **San Francisco, CA 94103**
    **(415) 357-0500**
    **Ref: 489-3**

I declare under penalty of perjury under the laws of the
The United States that the foregoing information
contained in the return of service and statement of
service fees is true and correct and that this declaration
was executed on  **August 08, 2013**

Signature: _____
            **Kinto V. Fannin**

**PROOF OF SERVICE**

982(a)(23)[New July 1, 1987]                                                                 Order# P106586/General

DONALD SPECTER – 083925
STEVEN FAMA – 099641
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California  94710-1916
Telephone:    (510) 280-2621

MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
JANE E. KAHN – 112239
LISA ELLS – 243657
AARON J. FISCHER – 247391
KRISTA STONE-MANISTA – 269083
MARGOT MENDELSON – 268583
ROSEN BIEN GALVAN &
GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California  94104-1823
Telephone:    (415) 433-6830

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California  94104-4244
Telephone:    (415) 864-8848

WARREN E. GEORGE – 053588
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, California  94111-4066
Telephone:    (415) 393-2000

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>      Plaintiffs,<br><br>    v.<br><br>EDMUND G. BROWN, Jr., et al.,<br><br>      Defendants. | Case No. Civ S 90-0520 LKK-JFM<br><br>**NOTICE OF TAKING DEPOSITION, WITH DOCUMENTS, OF ERIC MONTHEI**<br>**[Fed. R. Civ. P. 45]** |

[899981-1]

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2         PLEASE TAKE NOTICE that, pursuant to Rules 26, 30 and 45 of the Federal Rules

3    of Civil Procedure, plaintiff, by his attorneys, will take the deposition of **Eric Monthei at**

4    **9:00 a.m. on August 19, 2013** at the law offices of Rosen Bien Galvan & Grunfeld LLP,

5    315 Montgomery Street, Tenth Floor, San Francisco, California 94104.

6         YOU ARE FURTHER NOTIFIED THAT the deponent, who has provided a

7    declaration in his official capacity for Defendants and has been noticed as a witness for

8    hearing, is being served with a Deposition Subpoena, which is attached hereto and served

9    herewith, through counsel for Defendants.

10         Said deposition shall proceed until completed, or until the end of seven hours of

11    recorded testimony, pursuant to Federal Rule of Civil Procedure 30(d)(1).  The deposition

12    shall be recorded by stenographic means and shall be videotaped.

13         PLEASE TAKE FURTHER NOTICE that pursuant to Rules 30(b)(5) and 45 of the

14    Federal Rules of Civil Procedure, the Deponent is commanded to produce on or before the

15    time of deposition the documents described in **Attachment A** to the Deposition Subpoena,

16    served herewith.

17

18    DATED:  August 5, 2013          ROSEN BIEN GALVAN & GRUNFELD LLP

19

20              By:  */s/ Krista Stone-Manista*

21                 Krista Stone-Manista

22              Attorneys for Plaintiffs

23

24

25

26

27

28

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

| | | |
|---|---|---|
| Ralph Coleman, et al. | ) | |
| _Plaintiff_ | ) | Civil Action No.   90-cv-0520 LKK-JFM |
| v. | ) | |
| Edmund G. Brown, Jr. et al., | ) | (If the action is pending in another district, state where: |
| _Defendant_ | ) | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Dr. Eric Monthei

☑ _Testimony:_  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is _not_ a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: The Law Offices of Rosen Bien Galvan & Grunfeld LLP 315 Montgomery Street, 10th Floor, San Francisco, CA 94104. (415) 433-6830 | Date **and Time**: 08/19/2013 9:00 am |
|---|---|

The deposition will be recorded by this method: _____   _____

☑ _Production:_  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Attachment A

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  _____

|  |  |
|---|---|
| _CLERK OF COURT_ | OR |
| _____ | _____ |
| _Signature of Clerk or Deputy Clerk_ | _Attorney's signature_ |

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_        **Plaintiff**
_____ , who issues or requests this subpoena, are:

Krista Stone-Manista, The Law Offices of Rosen Bien Galvan & Grunfeld LLP, 315 Montgomery Street, 10th Floor, San Francisco, CA 94104. kstone-manista@rbgg.com, (415) 433-6830

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   90-cv-0520 LKK-JFM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____ .

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# ATTACHMENT A

**ATTACHMENT A TO DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION, OR OBJECTS.**

**THE DOCUMENTS, ELECTRONICALLY STORED INFORMATION, OR OBJECTS TO BE PRODUCED PURSUANT TO THE SUBPOENA TO TESTIFY AT A CIVIL ACTION ARE AS FOLLOWS:**

1. Any and all medical, mental health, and/or custodial records of Coleman class members relied upon in the preparation of the Declaration of Eric Monthei in Support of Defendants' Opposition to Plaintiffs' Motion Related to Inpatient Treatment ("Monthei Declaration") (Coleman Docket No. 4593).

2. All mental health, disciplinary records, and placement chronos from February 2013 to the present for Coleman class members housed at San Quentin State Prison and included in the list of class member requests sent by Aaron J. Fisher to Michael Stone and Nick Weber on August 2, 2013 (see attached, Prisoners #1-9, 33-36).

3. Any and all policies and procedures memorializing, setting forth, describing, or governing the "specialized care" or "specialized treatment" program for treatment of condemned inmates, as discussed throughout the Monthei Declaration.

4. Any and all documents related to the "clinical rationale" for the specialized care or specialized treatment program, as discussed in Paragraph 6 of the Monthei Declaration.

5. The list of "twenty condemned inmates within the Mental Health Services Delivery System" identified "for specialized treatment" as of January 29, 2011, as stated in Paragraph 8 of the Monthei Declaration.

6. The list of inmates "housed in the designated specialized care beds," as stated in Paragraph 10 of the Monthei Declaration, as of May 9, 2013, as well as a current list of inmates housed in such beds.

7. The list of inmates "receiving specialized care while they continue[d] to be housed on their regular housing unit," as stated in Paragraph 10 of the Monthei Declaration, as of May 9, 2013, as well as a current list of inmates receiving such care.

8. A complete and accurate copy of the "update to the special master regarding six condemned inmates who were receiving specialized treatment under the plan" provided on July 2, 2012, as stated in Paragraph 12 of the Monthei Declaration.

9. Any and all documents memorializing, setting forth, describing, or governing the use of housing and treatment spaces within the Central Health Services Building for the specialized treatment plan, as described in Paragraph 17 of the Monthei Declaration.

10. Any and all documents memorializing, setting forth, describing, or governing the "specific entrance criteria" for the specialized care program,. as described in Paragraph 18 of the Monthei Declaration.

11.   Any and all documents memorializing, setting forth, describing, or governing the evaluation process for an inmate's entry into the specialized care program, as described in Paragraph 19 of the Monthei Declaration.

12.   Any and all documents memorializing, setting forth, describing, or governing the "Positive Incentive Program" described in Paragraph 22 of the Monthei Declaration.

13.   Any and all documents and/or data regarding the allocation, assignment, or hiring of mental health staffing for the specialized treatment plan, as described in Paragraph 26 of the Monthei Declaration, including any and all documents and/or data reflecting current actual staffing rates and/or vacancies.

14.   Any and all documents and/or data supporting the assertions made by Dr. Monthei in Paragraphs 28-33 (inclusive) of the Monthei Declaration, or relied upon by him in drafting said paragraphs.

15.   Any and all treatment records relied upon by Dr. Monthei in drafting Paragraphs 34–40 of the Monthei Declaration but not filed as Exhibits to his Declaration or to the sealed declaration of Debbie Vorous also filed on the May 9, 2013.

16.   Any and all additional documents upon which Dr. Monthei intends to rely in preparation for or during his testimony at the hearing for which he has been noticed as a witness.

3



**ROSEN BIEN
GALVAN & GRUNFELD** LLP

315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
T: (415) 433-6830 • F: (415) 433-7104
www.rbgg.com

Aaron J. Fischer
Email: afischer@rbgg.com

August 2, 2013

<u>VIA ELECTRONIC MAIL</u>

Nicholas Weber
Health Care Legal Team
CDCR Office of Legal Affairs
PO Box 942883
Sacramento, CA 94283-0001
Nicholas.Weber@cdcr.ca.gov

Michael Stone
CDCR Office of Legal Affairs
PO Box 942883
Sacramento, CA 94283-0001
Michael.Stone@cdcr.ca.gov

Re:    *Coleman v. Brown*, Request for Class Member Records
       Our File No. 0489-03

Dear Mr. Weber and Mr. Stone:

We request that copies of *Coleman* class member records as identified below be
produced to us by August 23, 2013. We request that production of the records be done
on a rollig basis.

Please provide copies of <u>all mental health, disciplinary records, and placement
chronos from February 2013 to the present</u> for the following *Coleman* class members:



[897333-1]

Nicholas Weber
Michael Stone
August 2, 2013
Page 2



Nicholas Weber
Michael Stone
August 2, 2013
Page 3



In addition, we request copies of the full UHRs, disciplinary records, and custody records for the period of January 2012 to the present for the following *Coleman* class members:

Nicholas Weber
Michael Stone
August 2, 2013
Page 4



7. ██████ ..................... ██████
8. ██████ ..................... ██████
9. █████ ..................... ██████
10. ████████ ..................... ██████
11. ███████ ..................... ██████
12. █████ ..................... ██████
13. ████████████████████████████
14. ██████ ..................... █████
15. █████ ..................... ██████
16. ███████ ..................... █████
17. ███████████████████████████
18. ██████ ..................... █████5

    As you know, pursuant to the *Coleman* Protective Order, we have full access to our clients' records and do not need signed release forms or authorizations to obtain them. If you have any questions or concerns or would like to discuss methods for production of these records, please feel free to contact me.

        Sincerely,

        ROSEN BIEN
        GALVAN & GRUNFELD LLP

        */s/ Aaron J. Fischer*

    By:  Aaron J. Fischer

AJF:AH:cg
cc:  Debbie Vorous (Debbie.Vorous@doj.ca.gov)
     Jay C. Russell (Jay.Russell@doj.ca.gov)

[897333-1]

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Krista Stone-Manista \| SBN: 269083<br>Rosen, Bien & Galvan<br>315 Montgomery Street,10th Floor   San Francisco, CA 94104<br><br>TELEPHONE NO.. (415) 433-6830 \| FAX NO. \| E-MAIL ADDRESS *(Optional)*.<br>ATTORNEY FOR *(Name):* Plaintiff. | |

| United States District Court | |
|---|---|
| STREET ADDRESS: 501 I Street | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: Sacramento, CA 95814 | |
| BRANCH NAME: Eastern District of California | |

| PLAINTIFF/PETITIONER:  RALPH COLEMAN, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  EDMUND G. BROWN, JR., et al. | 90-CV-0520-LKK-JFM |

| PROOF OF SERVICE | Ref. No. or File No.:<br>489-3 |
|---|---|

AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS **ACTION**
**I SERVED COPIES** OF THE FOLLOWING DOCUMENTS:

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

| | |
|---|---|
| PARTY SERVED: | **DR. ERIC MONTHEI** |
| PERSON SERVED: | **Maneesh Sharma - Deputy Attorney General** |
| DATE & TIME OF DELIVERY: | **8/6/2013**<br>**4:40 PM** |
| ADDRESS, CITY, AND STATE: | **455 Golden Gate Avenue, #11000**<br>**San Francisco, CA 94102** |

MANNER OF SERVICE:
   Personal Service - By personally delivering copies.

WITNESS FEES:
   **Were offered or demanded and paid:  $40.00.**

Fee for Service: **$ 74.00**
   County:  **San Francisco**
   Registration No.:  **1146**
   **Specialized Legal Services, Inc.**
   **1112 Bryant St., Suite 200**
   **San Francisco, CA 94103**
   **(415) 357-0500**
   **Ref: 489-3**

I declare under penalty of perjury under the laws of the
The United States that the foregoing information
contained in the return of service and statement of
service fees is true and correct and that this declaration
was executed on  **August 08, 2013**

Signature: _____

**Kinto V. Fannin**

---

**PROOF OF SERVICE**

Order# P106587/General

# Exhibit F

1    KAMALA D. HARRIS
     Attorney General of California
2    JAY C. RUSSELL
     Supervising Deputy Attorney General
3    DEBBIE VOROUS, State Bar No. 166884
     PATRICK R. MCKINNEY, State Bar No. 215228
4    MANEESH SHARMA, State Bar No. 280084
     Deputy Attorneys General
5       455 Golden Gate Avenue, Suite 11000
        San Francisco, CA  94102-7004
6       Telephone:  (415) 703-5553
        Fax:  (415) 703-1234
7       E-mail:  Maneesh.Sharma@doj.ca.gov
     *Attorneys for Defendants*

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10                        SACRAMENTO DIVISION

11

12

13   **RALPH COLEMAN, et al.,**                2:90-cv-00520 LKK JFM PC

14                            Plaintiffs,       **DEFENDANTS' OBJECTIONS AND
                                                RESPONSES TO PLAINTIFFS'**
15          **v.**                             **DEPOSITION SUBPOENA ISSUED
                                                UNDER FEDERAL RULE OF CIVIL**
16   **EDMUND G. BROWN JR., et al.,**          **PROCEDURE 45 TO PARTY WITNESS
                                                PAMELA AHLIN**
17                            Defendants.

18

19

20

21          Defendants object and respond to Plaintiffs' deposition subpoena, with request for

22   documents, under Federal Rule of Civil Procedure 45 to party witness Pamela Ahlin as follows:

23                        **PRELIMINARY STATEMENT**

24          The information provided in these responses is true and correct, according to Defendants'

25   best knowledge at this time, but it is subject to future correction for omissions, errors, or

26   mistakes. Defendants reserve the right to produce evidence of any subsequently discovered facts

27   or interpretations of facts, and to amend, modify, or otherwise change the responses, in

28   accordance with applicable discovery rules.

                                              1

1

## GENERAL OBJECTIONS

2    1.    Defendants object to the subpoena and each request for production of documents

3    because discovery has been closed since May 16, 2013 on Plaintiffs' motion related to the

4    specialized care for the condemned program. (ECF 4617.) At the May 23, 2013 status

5    conference, Plaintiffs' counsel informed the Court that Plaintiffs would not take any discovery in

6    support of this motion. (*See* 5/23/13 Tr. at 5.) Accordingly, Defendants will not produce Ms.

7    Ahlin for deposition on August 19, 2013, and will not produce the requested documents. *See* Fed.

8    R. Civ. P. 45(c); *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986) (discovery not completed

9    by the cut-off date is not enforceable).

10    2.    Defendants object to the subpoena and each request for production of documents

11    because it is defective, untimely, and served for the purpose of harassing Defendants. Federal

12    Rule of Civil Procedure 34 is the exclusive means of obtaining documents or other tangible

13    evidence from a party. *Alper v. United States*, 190 F.R.D. 281, 283 (D. Mass. 2000).

14    3.    Defendants object to the subpoena and each request for production of documents to

15    the extent it purports to require a deposition and production of documents at a particular time and

16    location.

17    4.    Defendants object to the subpoena and each request for production of documents

18    because the Court has limited discovery to depositions of Defendants' declarants offered in

19    support of their oppositions to Plaintiffs' motion regarding housing and treatment of seriously

20    mentally ill prisoners in segregation, and Plaintiffs' motion related to use of force and disciplinary

21    measures. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13

22    Order, ECF 4646.) Plaintiffs' requests are prohibited by the Court's July 10, 2013 order, which

23    states: "Plaintiffs may take depositions of defendants' witnesses in advance of filing their reply

24    briefs" on August 9, 2013 (ECF 4687 ¶¶ 2 & 3), and the Court's August 1, 2013 order, which

25    states: "The parties jointly requested an extension of the deadlines set in the court's July 10, 2013

26    order for the filing of plaintiffs' reply brief and completion of depositions to and including

27    August 23, 2013. That will be the order of the court." (ECF 4725 at 2:5-7.) The Court's

28    limitation of discovery to depositions of Defendants' declarants must be read together with the

2

1    Court's June 11, 2013 order (ECF 4646) and the parties' July 18, 2013 stipulation (ECF

2    4683). As stated in the June 11 order, discovery has been and remains open until August 23 only

3    as to Defendants' declarants in opposition to Plaintiffs' motions concerning segregated housing

4    and use of force and disciplinary measures. This is confirmed by the parties' stipulation which

5    addressed only the "proposed schedule for *completion of discovery and briefing Plaintiffs'*

6    *Motion for Enforcement and Court Orders and Affirmative Relief re: Improper Housing and*

7    *Treatment of Seriously Mentally Ill Prisoners in Segregation ('Segregation Motion') and Motion*

8    *for Enforcement of Court Orders and Affirmative Relief Related to Use of Force and Disciplinary*

9    *Measures ('Use of Force/Discipline Motion').*" (ECF 4683 at 1 [emphasis added].)

10        5.    Defendants object to each document request in the subpoena because they are

11   prohibited by the Court's August 9, 2013 order, which states that "any request for production in

12   connection with a deposition should be limited to documents relied on by the defense witness in

13   preparing his or her declaration or testimony." (ECF 4738 at 3.) Ms. Ahlin has not submitted a

14   declaration in support of Defendants' opposition to Plaintiffs' motion.

15        6.    Defendants object to the subpoena and each request for production of documents to

16   the extent they exceed the scope of discovery permitted by Federal Rule of Civil Procedure 26.

17   Defendants further object to the subpoena and each request for production of documents to the

18   extent they seek irrelevant information, or information not reasonably calculated to lead to the

19   discovery of admissible evidence.

20        7.    Defendants object to the subpoena and each request for production of documents to

21   the extent they purport to seek information or documents protected from discovery by the

22   attorney-client privilege, the attorney work product doctrine, the federal law enforcement

23   investigatory privilege, the right to privacy in confidential personnel information protected by the

24   California Constitution, or the United States Constitution, or any other applicable privilege or

25   immunity.

26        8.    Defendants object to the subpoena and each request for production of documents to

27   the extent they seek documents that are not in Defendants' possession, custody, or control, have

28

Defs'. Obj. & Resp. to  Ahlin Subpoena    (2:90-cv-00520 LKK JFM PC)

1  already been produced to Plaintiffs or are in Plaintiffs' possession, custody, or control, or are

2  equally available to Plaintiffs.

3  **REQUEST FOR PRODUCTION NO. 1:**

4      Any and all documents upon which Ms. Ahlin intends to rely in preparation for or during

5  her testimony at the hearing for which she has been noticed as a witness.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

7      Defendants incorporate by reference the above General Objections as though fully stated

8  in this response. Defendants further object to this request because it is speculative. Defendants

9  further object to this request because it seeks irrelevant information, or information not

10  reasonably calculated to lead to the discovery of admissible evidence. Defendants further object

11  to this request because discovery closed on Plaintiffs' motion on May 16, 2013, and this request

12  is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13

13  Order, ECF 4687; 6/11/13 Order, ECF 4646.)

14  **REQUEST FOR PRODUCTION NO. 2:**

15      Any and all policies or procedures related to, referencing, or governing the care provided

16  to condemned inmates at Department of State Hospitals facilities, including but not limited to the

17  Salinas Valley Psychiatric Program and the Vacaville Psychiatric Program.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

19      Defendants incorporate by reference the above General Objections as though fully stated

20  in this response. Defendants further object to this request because it violates the Court's August

21  9, 2013 order, which states that "any request for production in connection with a deposition

22  should be limited to documents relied on by the defense witness in preparing his or her

23  declaration or testimony." (ECF 4738 at 3.) Defendants further object to this request because it

24  is duplicative of other requests propounded by Plaintiffs, and is therefore unduly burdensome.

25  Defendants further object to this request because it is overbroad and unduly burdensome, and

26  seeks documents not in the possession, custody, or control of this witness. Defendants further

27  object to this request because it seeks irrelevant information, or information not reasonably

28  calculated to lead to the discovery of admissible evidence. Defendants further object to this

4

1 | request because discovery closed on Plaintiffs' motion on May 16, 2013, and this request is

2 | prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13

3 | Order, ECF 4687; 6/11/13 Order, ECF 4646.)

4 | **REQUEST FOR PRODUCTION NO. 3:**

5 | Any and all documents, policies, or procedures related to, referencing, or governing the

6 | prohibition on transfer of condemned inmates to Department of State Hospitals facilities,

7 | including but not limited to the Salinas Valley Psychiatric Program, for Intermediate Care Facility

8 | ("ICF") care.

9 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

10 | Defendants incorporate by reference the above General Objections as though fully stated

11 | in this response. Defendants further object to this request because it violates the Court's August

12 | 9, 2013 order, which states that "any request for production in connection with a deposition

13 | should be limited to documents relied on by the defense witness in preparing his or her

14 | declaration or testimony." (ECF 4738 at 3.) Defendants further object to this request because it

15 | is duplicative of other requests propounded by Plaintiffs, and is therefore unduly burdensome.

16 | Defendants further object to this request because the terms "all documents, policies, or procedures

17 | related to, referencing, or governing the prohibition on transfer" is overbroad, vague, and

18 | ambiguous. Defendants further object to this request because it is overbroad and unduly

19 | burdensome, and seeks documents not in the possession, custody, or control of this witness, or

20 | that are equally available to Plaintiffs. Defendants further object to this request because it seeks

21 | irrelevant information, or information not reasonably calculated to lead to the discovery of

22 | admissible evidence. Defendants further object to this request because discovery closed on

23 | Plaintiffs' motion on May 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13

24 | Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

25 | **REQUEST FOR PRODUCTION NO. 4:**

26 | Any and all documents related to, referencing, or discussing the possibility, feasibility, or

27 | desirability of providing ICF care to condemned inmates at Department of State Hospitals

28 | facilities, including but not limited to the Salinas Valley Psychiatric Program and the Vacaville

5

1    Psychiatric Program.

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

3         Defendants incorporate by reference the above General Objections as though fully stated

4    in this response. Defendants further object to this request because it violates the Court's August

5    9, 2013 order, which states that "any request for production in connection with a deposition

6    should be limited to documents relied on by the defense witness in preparing his or her

7    declaration or testimony." (ECF 4738 at 3.) Defendants further object to this request because it

8    is duplicative of other requests propounded by Plaintiffs, and is therefore unduly burdensome.

9    Defendants further object to this request because the terms "all documents related to, referencing,

10   or discussing the possibility, feasibility, or desirability of providing ICF care" are overbroad,

11   vague, and ambiguous. Defendants further object to this request because it is overbroad and

12   unduly burdensome, and seeks documents not in the possession, custody, or control of this

13   witness. Defendants further object to this request because it seeks production of documents and

14   information protected from discovery by the attorney-client privilege, the attorney work product

15   doctrine, or any other applicable privilege or immunity. Defendants further object to this request

16   because it seeks irrelevant information, or information not reasonably calculated to lead to the

17   discovery of admissible evidence. Defendants further object to this request because discovery

18   closed on Plaintiffs' motion on May 16, 2013, and this request is prohibited by the Court's

19   Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13

20   Order, ECF 4646.)

21   **REQUEST FOR PRODUCTION NO. 5:**

22        Any and all documents and/or data related to mental health staffing needs or present

23   staffing levels at Department of State Hospitals facilities, including but not limited to the Salinas

24   Valley Psychiatric Program and the Vacaville Psychiatric Program, specifically referencing,

25   referring to, or relating to staffing requirements for the provision of mental health care to

26   condemned inmates.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

28        Defendants incorporate by reference the above General Objections as though fully stated

                                         6

1  in this response. Defendants further object to this request because it violates the Court's August

2  9, 2013 order, which states that "any request for production in connection with a deposition

3  should be limited to documents relied on by the defense witness in preparing his or her

4  declaration or testimony." (ECF 4738 at 3.) Defendants further object to this request because it

5  is duplicative of other requests propounded by Plaintiffs, and is therefore unduly burdensome.

6  Defendants further object to this request because the terms "all documents and/or data related to

7  mental health staffing needs or present staffing levels at Department of State Hospitals facilities"

8  and "specifically referencing, referring to, or relating to staffing requirements" are overbroad,

9  vague, and ambiguous. Defendants further object to this request because it is overbroad and

10  unduly burdensome, and seeks documents not in the possession, custody, or control of this

11  witness. Defendants further object to this request because it seeks production of documents and

12  information protected from discovery by the attorney-client privilege, the attorney work product

13  doctrine, or any other applicable privilege or immunity. Defendants further object to this request

14  because it seeks irrelevant information, or information not reasonably calculated to lead to the

15  discovery of admissible evidence. Defendants further object to this request because discovery

16  closed on Plaintiffs' motion on May 16, 2013, and this request is prohibited by the Court's

17  Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13

18  Order, ECF 4646.)

19  **REQUEST FOR PRODUCTION NO. 6:**

20       Any and all documents and/or data related to custodial staffing needs or present staffing

21  levels at to Department of State Hospitals facilities, including but not limited to the Salinas

22  Valley Psychiatric Program and the Vacaville Psychiatric Program, specifically referencing,

23  referring to, or relating to staffing requirements for the provision of mental health care to

24  condemned inmates.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

26       Defendants incorporate by reference the above General Objections as though fully stated

27  in this response. Defendants further object to this request because it violates the Court's August

28  9, 2013 order, which states that "any request for production in connection with a deposition

7

1  should be limited to documents relied on by the defense witness in preparing his or her

2  declaration or testimony." (ECF 4738 at 3.) Defendants further object to this request because it

3  is duplicative of other requests propounded by Plaintiffs, and is therefore unduly burdensome.

4  Defendants further object to this request because the terms "all documents and/or data related to

5  custodial staffing needs or present staffing level at to Department of State Hospitals facilities"

6  and "specifically referencing, referring to, or relating to staffing requirements" are overbroad,

7  vague, and ambiguous. Defendants further object to this request because it is overbroad and

8  unduly burdensome, and seeks documents not in the possession, custody, or control of this

9  witness. Defendants further object to this request because it seeks production of documents and

10  information protected from discovery by the attorney-client privilege, the attorney work product

11  doctrine, or any other applicable privilege or immunity. Defendants further object to this request

12  because it seeks irrelevant information, or information not reasonably calculated to lead to the

13  discovery of admissible evidence. Defendants further object to this request because discovery

14  closed on Plaintiffs' motion on May 16, 2013, and this request is prohibited by the Court's

15  Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13

16  Order, ECF 4646.)

17  **REQUEST FOR PRODUCTION NO. 7:**

18      Any and all documents and/or data related to the availability of housing space suitable for

19  use for the mental health care or treatment of condemned inmates at Department of State

20  Hospitals facilities, including but not limited to the Salinas Valley Psychiatric Program and the

21  Vacaville Psychiatric Program.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

23      Defendants incorporate by reference the above General Objections as though fully stated

24  in this response. Defendants further object to this request because it violates the Court's August

25  9, 2013 order, which states that "any request for production in connection with a deposition

26  should be limited to documents relied on by the defense witness in preparing his or her

27  declaration or testimony." (ECF 4738 at 3.) Defendants further object to this request because it

28  is duplicative of other requests propounded by Plaintiffs, and is therefore unduly burdensome.

8

1    Defendants further object to this request because the terms "all documents and/or data related to

2    the availability of housing space suitable for use for the mental health care or treatment of

3    condemned inmates at Department of State Hospitals facilities" are overbroad, vague, and

4    ambiguous. Defendants further object to this request because it is overbroad and unduly

5    burdensome, and seeks documents not in the possession, custody, or control of this witness.

6    Defendants further object to this request because it seeks production of documents and

7    information protected from discovery by the attorney-client privilege, the attorney work product

8    doctrine, or any other applicable privilege or immunity. Defendants further object to this request

9    because it seeks irrelevant information, or information not reasonably calculated to lead to the

10    discovery of admissible evidence. Defendants further object to this request because discovery

11    closed on Plaintiffs' motion on May 16, 2013, and this request is prohibited by the Court's

12    Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13

13    Order, ECF 4646.)

14    **REQUEST FOR PRODUCTION NO. 8:**

15         Any and all documents, policies, or procedures that provide that only one condemned

16    inmate may be housed at any Department of State Hospitals acute psychiatric care program (APP)

17    at any given time, or contains information regarding any limit on the number of condemned

18    inmates that may be housed at any APP facility.

19    **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

20         Defendants incorporate by reference the above General Objections as though fully stated

21    in this response. Defendants further object to this request because it violates the Court's August

22    9, 2013 order, which states that "any request for production in connection with a deposition

23    should be limited to documents relied on by the defense witness in preparing his or her

24    declaration or testimony." (ECF 4738 at 3.) Defendants further object to this request because it

25    is duplicative of other requests propounded by Plaintiffs, and is therefore unduly burdensome.

26    Defendants further object to this request because the terms "all documents, policies or

27    procedures" and "contains information regarding any limit on the number of condemned inmates"

28    are overbroad, vague, and ambiguous. Defendants further object to this request because it is

9

1  overbroad and unduly burdensome, and seeks documents not in the possession, custody, or

2  control of this witness. Defendants further object to this request because it seeks production of

3  documents and information protected from discovery by the attorney-client privilege, the attorney

4  work product doctrine, or any other applicable privilege or immunity. Defendants further object

5  to this request because discovery closed on Plaintiffs' motion on May 16, 2013, and this request

6  is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13

7  Order, ECF 4687; 6/11/13 Order, ECF 4646.)

8  **REQUEST FOR PRODUCTION NO. 9:**

9      Any and all policies or procedures governing the operation of the "Positive Behavior

10  Support Team" at the Vacaville Psychiatric Program, as referenced in Paragraph 22 of the

11  Declaration of Ellen Bachman in Support of Defendants' Opposition to Plaintiffs' Motion Related

12  to Inpatient Treatment ("Bachman Declaration") (*Coleman* Docket No. 4598).

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

14      Defendants incorporate by reference the above General Objections as though fully stated

15  in this response. Defendants further object to this request because it violates the Court's August

16  9, 2013 order, which states that "any request for production in connection with a deposition

17  should be limited to documents relied on by the defense witness in preparing his or her

18  declaration or testimony." (ECF 4738 at 3.) Defendants further object to this request because it

19  is duplicative of other requests propounded by Plaintiffs, and is therefore unduly burdensome.

20  Defendants further object to this request as overbroad, vague, ambiguous, and unduly

21  burdensome. Defendants further object to this request because it is overbroad and unduly

22  burdensome, and seeks documents not in the possession, custody, or control of this witness.

23  Defendants further object to this request because discovery closed on Plaintiffs' motion on May

24  16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13

25  Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

26  **REQUEST FOR PRODUCTION NO. 10:**

27      All medical, psychiatric, and custody records for the condemned inmate referred to in

28  Paragraph 22 of the Bachman Declaration, for the period of April 2011-present.

10

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

2         Defendants incorporate by reference the above General Objections as though fully stated

3 in this response. Defendants further object to this request because it violates the Court's August

4 9, 2013 order, which states that "any request for production in connection with a deposition

5 should be limited to documents relied on by the defense witness in preparing his or her

6 declaration or testimony." (ECF 4738 at 3.) Defendants further object to this request because it

7 is duplicative of other requests propounded by Plaintiffs, and is therefore unduly burdensome.

8 Defendants further object to this request because it is overbroad and unduly burdensome, and

9 seeks documents not in the possession, custody, or control of this witness. Defendants further

10 object to this request because it seeks irrelevant information, or information not reasonably

11 calculated to lead to the discovery of admissible evidence. Defendants further object to this

12 request because discovery closed on Plaintiffs' motion on May 16, 2013, and this request is

13 prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13

14 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

15 **REQUEST FOR PRODUCTION NO. 11:**

16         A complete and accurate copy of the "department policy on housing and treating

17 condemned inmates in the Acute Psychiatric Program" referenced in Paragraph 23 of the

18 Bachman Declaration.

19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

20         Defendants incorporate by reference the above General Objections as though fully stated

21 in this response. Defendants further object to this request because it violates the Court's August

22 9, 2013 order, which states that "any request for production in connection with a deposition

23 should be limited to documents relied on by the defense witness in preparing his or her

24 declaration or testimony." (ECF 4738 at 3.) Defendants further object to this request because it

25 is duplicative of other requests propounded by Plaintiffs, and is therefore unduly burdensome.

26 Defendants further object to this request because it is overbroad and unduly burdensome, and

27 seeks documents not in the possession, custody, or control of this witness. Defendants further

28 object to this request because it seeks irrelevant information, or information not reasonably

11

1   calculated to lead to the discovery of admissible evidence. Defendants further object to this

2   request because discovery closed on Plaintiffs' motion on May 16, 2013, and this request is

3   prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13

4   Order, ECF 4687; 6/11/13 Order, ECF 4646.)

5   **REQUEST FOR PRODUCTION NO. 12:**

6          Any and all documents that are or reference emails, communications, conversations,

7   meetings, letters, or other form of communications concerning mental health care for condemned

8   inmates at Department of State Hospitals facilities.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

10          Defendants incorporate by reference the above General Objections as though fully stated

11   in this response. Defendants further object to this request because it violates the Court's August

12   9, 2013 order, which states that "any request for production in connection with a deposition

13   should be limited to documents relied on by the defense witness in preparing his or her

14   declaration or testimony." (ECF 4738 at 3.) Defendants further object to this request because it

15   is duplicative of other requests propounded by Plaintiffs, and is therefore unduly burdensome.

16   Defendants further object to this request because the terms "any and all documents that are or

17   reference emails, communications, conversations, meetings, letters, or other form of

18   communications concerning mental health care for condemned inmates" are overbroad, vague,

19   ambiguous, and unduly burdensome as to scope, time, and subject matter. Defendants further

20   object to this request because it is overbroad and unduly burdensome, and seeks documents not in

21   the possession, custody, or control of this witness. Defendants further object to this request

22   because it seeks irrelevant information, or information not reasonably calculated to lead to the

23   discovery of admissible evidence. Defendants further object to this request because it seeks

24   production of documents and information protected from discovery by the attorney-client

25   privilege, the attorney work product doctrine, or any other applicable privilege or immunity.

26   Defendants further object to this request because discovery closed on Plaintiffs' motion on May

27   16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13

28   Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

12

1

2  Dated: August 13, 2013

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KAMALA D. HARRIS
Attorney General of California
JAY C. RUSSELL
Supervising Deputy Attorney General

PATRICK R. McKINNEY
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003
20718905.doc

13

1  KAMALA D. HARRIS
   Attorney General of California
2  JAY C. RUSSELL
   Supervising Deputy Attorney General
3  DEBBIE VOROUS, State Bar No. 166884
   PATRICK R. MCKINNEY, State Bar No. 215228
4  MANEESH SHARMA, State Bar No. 280084
   Deputy Attorneys General
5    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
6    Telephone: (415) 703-5553
     Fax: (415) 703-1234
7    E-mail: Maneesh.Sharma@doj.ca.gov
   *Attorneys for Defendants*

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10                  SACRAMENTO DIVISION

11

12

13  **RALPH COLEMAN, et al.,**                2:90-cv-00520 LKK JFM PC

14                          Plaintiffs,   **DEFENDANTS' OBJECTIONS AND
                                          RESPONSES TO PLAINTIFFS'**
15          **v.**                        **DEPOSITION SUBPOENA ISSUED
                                          UNDER FEDERAL RULE OF CIVIL**
16  **EDMUND G. BROWN JR., et al.,**      **PROCEDURE 45 TO PARTY WITNESS
                                          ELLEN BACHMAN**
17                          Defendants.

18

19

20       Defendants object and respond to Plaintiffs' deposition subpoena, with request for

21  documents, under Federal Rule of Civil Procedure 45 to party witness Ellen Bachman as follows:

22                          **PRELIMINARY STATEMENT**

23       The information provided in these responses is true and correct, according to Defendants'

24  best knowledge at this time, but it is subject to future correction for omissions, errors, or

25  mistakes. Defendants reserve the right to produce evidence of any subsequently discovered facts

26  or interpretations of facts, and to amend, modify, or otherwise change the responses, in

27  accordance with applicable discovery rules.

28

                                        1

**GENERAL OBJECTIONS**

1.    Defendants object to the subpoena and each request for production of documents because discovery has been closed since May 16, 2013 on Plaintiffs' motion related to the specialized care for the condemned program. (ECF 4617.) At the May 23, 2013 status conference, Plaintiffs' counsel informed the Court that Plaintiffs would not take any discovery in support of this motion. (*See* 5/23/13 Tr. at 5.) Accordingly, Defendants will not produce Ms. Bachman for deposition on August 19, 2013, and will not produce the requested documents. *See* Fed. R. Civ. P. 45(c); *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986) (discovery not completed by the cut-off date is not enforceable).

2.    Defendants object to the subpoena and each request for production of documents because it is defective, untimely, and served for the purpose of harassing Defendants. Federal Rule of Civil Procedure 34 is the exclusive means of obtaining documents or other tangible evidence from a party. *Alper v. United States*, 190 F.R.D. 281, 283 (D. Mass. 2000).

3.    Defendants object to the subpoena and each request for production of documents to the extent it purports to require a deposition and production of documents at a particular time and location.

4.    Defendants object to the subpoena and each request for production of documents because the Court has limited discovery to depositions of Defendants' declarants offered in support of their oppositions to Plaintiffs' motion regarding housing and treatment of seriously mentally ill prisoners in segregation, and Plaintiffs' motion related to use of force and disciplinary measures. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.) Plaintiffs' requests are prohibited by the Court's July 10, 2013 order, which states: "Plaintiffs may take depositions of defendants' witnesses in advance of filing their reply briefs" on August 9, 2013 (ECF 4687 ¶¶ 2 & 3), and the Court's August 1, 2013 order, which states: "The parties jointly requested an extension of the deadlines set in the court's July 10, 2013 order for the filing of plaintiffs' reply brief and completion of depositions to and including August 23, 2013. That will be the order of the court." (ECF 4725 at 2:5-7.) The Court's limitation of discovery to depositions of Defendants' declarants must be read together with the

2

1  Court's June 11, 2013 order (ECF 4646) and the parties' July 18, 2013 stipulation (ECF

2  4683). As stated in the June 11 order, discovery has been and remains open until August 23 only

3  as to Defendants' declarants in opposition to Plaintiffs' motions concerning segregated housing

4  and use of force and disciplinary measures. This is confirmed by the parties' stipulation which

5  addressed only the "proposed schedule for *completion of discovery and briefing Plaintiffs'*

6  *Motion for Enforcement and Court Orders and Affirmative Relief re: Improper Housing and*

7  *Treatment of Seriously Mentally Ill Prisoners in Segregation ('Segregation Motion') and Motion*

8  *for Enforcement of Court Orders and Affirmative Relief Related to Use of Force and Disciplinary*

9  *Measures ('Use of Force/Discipline Motion')*." (ECF 4683 at 1 [emphasis added].)

10      5.   Defendants object to each document request in the subpoena because they are

11  prohibited by the Court's August 9, 2013 order, which states that "any request for production in

12  connection with a deposition should be limited to documents relied on by the defense witness in

13  preparing his or her declaration or testimony." (ECF 4738 at 3.) Defendants will not produce any

14  documents not reviewed, considered, or relied on by the witness to prepare her May 9, 2013

15  declaration submitted in support of Defendants' Opposition to Motion for Affirmative Relief

16  Related to Inpatient Treatment (ECF 4598).

17      6.   Defendants object to the subpoena and each request for production of documents to

18  the extent they exceed the scope of discovery permitted by Federal Rule of Civil Procedure 26.

19  Defendants further object to the subpoena and each request for production of documents to the

20  extent they seek irrelevant information, or information not reasonably calculated to lead to the

21  discovery of admissible evidence.

22      7.   Defendants object to the subpoena and each request for production of documents to

23  the extent they purport to seek information or documents protected from discovery by the

24  attorney-client privilege, the attorney work product doctrine, the federal law enforcement

25  investigatory privilege, the right to privacy in confidential personnel information protected by the

26  California Constitution, or the United States Constitution, or any other applicable privilege or

27  immunity.

28

3

1        8.    Defendants object to the subpoena and each request for production of documents to

2    the extent they seek documents that are not in Defendants' possession, custody, or control, have

3    already been produced to Plaintiffs or are in Plaintiffs' possession, custody, or control, or are

4    equally available to Plaintiffs.

5    **REQUEST FOR PRODUCTION NO. 1:**

6        Any and all documents relied upon for the preparation of paragraphs 22-25 (inclusive) of

7    the Declaration of Ellen Bachman in Support of Defendants' Opposition to Plaintiffs' Motion

8    Related to Inpatient Treatment ("Bachman Declaration") (*Coleman* Docket No. 4598).

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

10       Defendants incorporate by reference the above General Objections as though fully stated

11   in this response. Defendants further object to this request because discovery closed on Plaintiffs'

12   motion on May 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order,

13   ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

14   **REQUEST FOR PRODUCTION NO. 2:**

15       Any and all policies or procedures governing the operation of the "Positive Behavior

16   Support Team" at Vacaville Psychiatric Program, as referenced in Paragraph 22 of the Bachman

17   Declaration.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

19       Defendants incorporate by reference the above General Objections as though fully stated

20   in this response. Defendants further object to this request as overbroad, vague, ambiguous, and

21   unduly burdensome. Defendants further object to this request because the documents requested

22   were neither reviewed nor considered by the witness to prepare her May 9, 2013 declaration (ECF

23   4598). Defendants further object to this request because it is duplicative of other requests

24   propounded by Plaintiffs, and is therefore unduly burdensome. Defendants further object to this

25   request because discovery closed on Plaintiffs' motion on May 16, 2013, and this request is

26   prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13

27   Order, ECF 4687; 6/11/13 Order, ECF 4646.)

28

4

1    **REQUEST FOR PRODUCTION NO. 3:**

2        All medical, psychiatric, and custody records for the condemned inmate referred to in

3    Paragraph 22 of the Bachman Declaration, for the period of April 2011-present.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

5        Defendants incorporate by reference the above General Objections as though fully stated

6    in this response. Defendants further object to this request because it is overbroad and unduly

7    burdensome. Defendants further object to this request because the documents requested were

8    neither reviewed nor considered by the witness to prepare her May 9, 2013 declaration (ECF

9    4598). Defendants further object to this request because it is duplicative of other requests

10   propounded by Plaintiffs, and is therefore unduly burdensome. Defendants further object to this

11   request because it seeks irrelevant information, or information not reasonably calculated to lead to

12   the discovery of admissible evidence. Defendants further object to this request because discovery

13   closed on Plaintiffs' motion on May 16, 2013, and this request is prohibited by the Court's

14   Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13

15   Order, ECF 4646.)

16   **REQUEST FOR PRODUCTION NO. 4:**

17       A complete and accurate copy of the "department policy on housing and treating

18   condemned inmates in the Acute Psychiatric Program" referenced in Paragraph 23 of the

19   Bachman Declaration.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

21       Defendants incorporate by reference the above General Objections as though fully stated

22   in this response. Defendants further object to this request because the documents requested were

23   neither reviewed nor considered by the witness to prepare her May 9, 2013 declaration (ECF

24   4598). Defendants further object to this request because it is duplicative of other requests

25   propounded by Plaintiffs, and is therefore unduly burdensome. Defendants further object to this

26   request because it seeks irrelevant information, or information not reasonably calculated to lead to

27   the discovery of admissible evidence. Defendants further object to this request because discovery

28   closed on Plaintiffs' motion on May 16, 2013, and this request is prohibited by the Court's

5

1  Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13

2  Order, ECF 4646.)

3  **REQUEST FOR PRODUCTION NO. 5:**

4  Any and all policies or procedures related to, referencing, or governing the care provided

5  to condemned inmates at Department of State Hospitals facilities, including but not limited to the

6  Vacaville Psychiatric Program.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

8  Defendants incorporate by reference the above General Objections as though fully stated

9  in this response. Defendants further object to this request because it is overbroad and unduly

10  burdensome, and seeks documents not in the possession, custody, or control of this witness.

11  Defendants further object to this request because the documents requested were neither reviewed

12  nor considered by the witness to prepare her May 9, 2013 declaration (ECF 4598). Defendants

13  further object to this request because it is duplicative of other requests propounded by Plaintiffs,

14  and is therefore unduly burdensome. Defendants further object to this request because it seeks

15  irrelevant information, or information not reasonably calculated to lead to the discovery of

16  admissible evidence. Defendants further object to this request because discovery closed on

17  Plaintiffs' motion on May 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13

18  Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

19  **REQUEST FOR PRODUCTION NO. 6:**

20  Any and all documents, policies, or procedures related to, referencing, or governing the

21  prohibition on transfer of condemned inmates to Department of State Hospitals facilities,

22  including but not limited to the Vacaville Psychiatric Program, for Intermediate Care Facility

23  ("ICF") care.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

25  Defendants incorporate by reference the above General Objections as though fully stated

26  in this response. Defendants further object to this request because the terms "all documents,

27  policies, or procedures related to, referencing, or governing the prohibition on transfer" is

28  overbroad, vague, and ambiguous. Defendants further object to this request because it is

6

1   overbroad and unduly burdensome, and seeks documents not in the possession, custody, or

2   control of this witness, or are equally available to Plaintiffs. Defendants further object to this

3   request because the documents requested were neither reviewed nor considered by the witness to

4   prepare her May 9, 2013 declaration (ECF 4598). Defendants further object to this request

5   because it is duplicative of other requests propounded by Plaintiffs, and is therefore unduly

6   burdensome. Defendants further object to this request because it seeks irrelevant information, or

7   information not reasonably calculated to lead to the discovery of admissible evidence.

8   Defendants further object to this request because discovery closed on Plaintiffs' motion on May

9   16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13

10   Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

11   **REQUEST FOR PRODUCTION NO. 7:**

12       Any and all documents related to, referencing, or discussing the possibility, feasibility, or

13   desirability of providing ICF care to condemned inmates at Department of State Hospitals

14   facilities, including but not limited to the Vacaville Psychiatric Program.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

16       Defendants incorporate by reference the above General Objections as though fully stated

17   in this response. Defendants further object to this request because the terms "all documents

18   related to, referencing, or discussing the possibility, feasibility, or desirability of providing ICF

19   care" are overbroad, vague, and ambiguous. Defendants further object to this request because it

20   is overbroad and unduly burdensome, and seeks documents not in the possession, custody, or

21   control of this witness. Defendants further object to this request because it seeks production of

22   documents and information protected from discovery by the attorney-client privilege, the attorney

23   work product doctrine, or any other applicable privilege or immunity. Defendants further object

24   to this request because the documents requested were neither reviewed nor considered by the

25   witness to prepare her May 9, 2013 declaration (ECF 4598). Defendants further object to this

26   request because it is duplicative of other requests propounded by Plaintiffs, and is therefore

27   unduly burdensome. Defendants further object to this request because it seeks irrelevant

28   information, or information not reasonably calculated to lead to the discovery of admissible

7

1    evidence. Defendants further object to this request because discovery closed on Plaintiffs'

2    motion on May 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order,

3    ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

4    **REQUEST FOR PRODUCTION NO. 8:**

5        Any and all documents and/or data related to mental health staffing needs or present

6    staffing levels at Department of State Hospitals facilities, including but not limited to the

7    Vacaville Psychiatric Program, specifically referencing, referring to, or relating to staffing

8    requirements for the provision of mental health care to condemned inmates.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

10       Defendants incorporate by reference the above General Objections as though fully stated

11   in this response. Defendants further object to this request because the terms "all documents

12   and/or data related to mental health staffing needs or present staffing levels at Department of

13   State Hospitals facilities" and "specifically referencing, referring to, or relating to staffing

14   requirements" are overbroad, vague, and ambiguous. Defendants further object to this request

15   because it is overbroad and unduly burdensome, and seeks documents not in the possession,

16   custody, or control of this witness. Defendants further object to this request because it seeks

17   production of documents and information protected from discovery by the attorney-client

18   privilege, the attorney work product doctrine, or any other applicable privilege or immunity.

19   Defendants further object to this request because the documents requested were neither reviewed

20   nor considered by the witness to prepare her May 9, 2013 declaration (ECF 4598). Defendants

21   further object to this request because it is duplicative of other requests propounded by Plaintiffs,

22   and is therefore unduly burdensome. Defendants further object to this request because it seeks

23   irrelevant information, or information not reasonably calculated to lead to the discovery of

24   admissible evidence. Defendants further object to this request because discovery closed on

25   Plaintiffs' motion on May 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13

26   Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

27   **REQUEST FOR PRODUCTION NO. 9:**

28       Any and all documents and/or data related to custodial staffing needs or present staffing

                                            8

1    levels at Department of State Hospitals facilities, including but not limited to the Vacaville

2    Psychiatric Program, specifically referencing, referring to, or relating to staffing requirements for

3    the provision of mental health care to condemned inmates.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

5        Defendants incorporate by reference the above General Objections as though fully stated

6    in this response. Defendants further object to this request because the terms "all documents

7    and/or data related to custodial staffing needs or present staffing level at to Department of State

8    Hospitals facilities" and "specifically referencing, referring to, or relating to staffing

9    requirements" are overbroad, vague, and ambiguous. Defendants further object to this request

10   because it is overbroad and unduly burdensome, and seeks documents not in the possession,

11   custody, or control of this witness. Defendants further object to this request because it seeks

12   production of documents and information protected from discovery by the attorney-client

13   privilege, the attorney work product doctrine, or any other applicable privilege or immunity.

14   Defendants further object to this request because the documents requested were neither reviewed

15   nor considered by the witness to prepare her May 9, 2013 declaration (ECF 4598). Defendants

16   further object to this request because it is duplicative of other requests propounded by Plaintiffs,

17   and is therefore unduly burdensome. Defendants further object to this request because it seeks

18   irrelevant information, or information not reasonably calculated to lead to the discovery of

19   admissible evidence. Defendants further object to this request because discovery closed on

20   Plaintiffs' motion on May 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13

21   Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

22   **REQUEST FOR PRODUCTION NO. 10:**

23       Any and all documents and/or data related to the availability of housing space suitable for

24   use for the mental health care or treatment of condemned inmates at Department of State

25   Hospitals facilities, including but not limited to the Vacaville Psychiatric Program.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

27       Defendants incorporate by reference the above General Objections as though fully stated

28   in this response. Defendants further object to this request because the terms "all documents and/

9

1  or data related to the availability of housing space suitable for use for the mental health care or

2  treatment of condemned inmates at Department of State Hospitals facilities" are overbroad,

3  vague, and ambiguous.  Defendants further object to this request because it is overbroad and

4  unduly burdensome, and seeks documents not in the possession, custody, or control of this

5  witness.  Defendants further object to this request because it seeks production of documents and

6  information protected from discovery by the attorney-client privilege, the attorney work product

7  doctrine, or any other applicable privilege or immunity.  Defendants further object to this request

8  because the documents requested were neither reviewed nor considered by the witness to prepare

9  her May 9, 2013 declaration (ECF 4598).  Defendants further object to this request because it is

10  duplicative of other requests propounded by Plaintiffs, and is therefore unduly burdensome.

11  Defendants further object to this request because it seeks irrelevant information, or information

12  not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further

13  object to this request because discovery closed on Plaintiffs' motion on May 16, 2013, and this

14  request is prohibited by the Court's Orders.  (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725;

15  7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

16  **REQUEST FOR PRODUCTION NO. 11:**

17        Any and all documents, policies, or procedures that provides that only one condemned

18  inmate may be housed at any Department of State Hospitals acute psychiatric care program (APP)

19  at any given time, or contains information regarding any limit on the number of condemned

20  inmates that may be housed at any APP facility.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

22        Defendants incorporate by reference the above General Objections as though fully stated

23  in this response.  Defendants further object to this request because the terms "all documents,

24  policies or procedures" and "contains information regarding any limit on the number of

25  condemned inmates" are overbroad, vague, and ambiguous.  Defendants further object to this

26  request because it is overbroad and unduly burdensome, and seeks documents not in the

27  possession, custody, or control of this witness.  Defendants further object to this request because

28  it seeks production of documents and information protected from discovery by the attorney-client

10

1 | privilege, the attorney work product doctrine, or any other applicable privilege or immunity.

2 | Defendants further object to this request because the documents requested were neither reviewed

3 | nor considered by the witness to prepare her May 9, 2013 declaration (ECF 4598). Defendants

4 | further object to this request because it is duplicative of other requests propounded by Plaintiffs,

5 | and is therefore unduly burdensome. Defendants further object to this request because discovery

6 | closed on Plaintiffs' motion on May 16, 2013, and this request is prohibited by the Court's

7 | Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13

8 | Order, ECF 4646.)

9 | **REQUEST FOR PRODUCTION NO. 12:**

10 | Any and all documents that are or reference emails, communications, conversations,

11 | meetings, letters, or other form of communications concerning mental health care for condemned

12 | inmates.

13 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

14 | Defendants incorporate by reference the above General Objections as though fully stated

15 | in this response. Defendants further object to this request because the terms "any and all

16 | documents that are or reference emails, communications, conversations, meetings, letters, or other

17 | form of communications concerning mental health care for condemned inmates" are overbroad,

18 | vague, ambiguous, and unduly burdensome as to scope, time, and subject matter. Defendants

19 | further object to this request because it is overbroad and unduly burdensome, and seeks

20 | documents not in the possession, custody, or control of this witness. Defendants further object to

21 | this request because it seeks production of documents and information protected from discovery

22 | by the attorney-client privilege, the attorney work product doctrine, or any other applicable

23 | privilege or immunity. Defendants further object to this request because the documents requested

24 | were neither reviewed nor considered by the witness to prepare her May 9, 2013 declaration (ECF

25 | 4598). Defendants further object to this request because it seeks irrelevant information, or

26 | information not reasonably calculated to lead to the discovery of admissible evidence.

27 | Defendants further object to this request because discovery closed on Plaintiffs' motion on May

28 | 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13

11

1  Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

2  **REQUEST FOR PRODUCTION NO. 13:**

3      Any and all additional documents upon which Ms. Bachman intends to rely in preparation

4  for or during her testimony at the hearing for which she has been noticed as a witness.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

6      Defendants incorporate by reference the above General Objections as though fully stated

7  in this response. Defendants further object to this request because it is speculative. Defendants

8  further object to this request because the documents requested were neither reviewed nor

9  considered by the witness to prepare her May 9, 2013 declaration (ECF 4598). Defendants

10  further object to this request because it seeks irrelevant information, or information not

11  reasonably calculated to lead to the discovery of admissible evidence. Defendants further object

12  to this request because discovery closed on Plaintiffs' motion on May 16, 2013, and this request

13  is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13

14  Order, ECF 4687; 6/11/13 Order, ECF 4646.)

15  Dated: August 13, 2013                    KAMALA D. HARRIS
                                             Attorney General of California
16                                           JAY C. RUSSELL
                                             Supervising Deputy Attorney General
17

18

19                                           PATRICK R. MCKINNEY
                                             Deputy Attorney General
20                                           *Attorneys for Defendants*

21  CF1997CS0003
    20718593.doc
22

23

24

25

26

27

28

                                    12

1  KAMALA D. HARRIS
   Attorney General of California
2  JAY C. RUSSELL
   Supervising Deputy Attorney General
3  DEBBIE VOROUS, State Bar No. 166884
   PATRICK R. McKINNEY, State Bar No. 215228
4  MANEESH SHARMA, State Bar No. 280084
   Deputy Attorneys General
5   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
6   Telephone:  (415) 703-5553
    Fax:  (415) 703-1234
7   E-mail:  Maneesh.Sharma@doj.ca.gov
   *Attorneys for Defendants*

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10                 SACRAMENTO DIVISION

11

12

13  **RALPH COLEMAN, et al.,**            2:90-cv-00520 LKK JFM PC

14                       Plaintiffs,    **DEFENDANTS' OBJECTIONS AND**
                                        **RESPONSES TO PLAINTIFFS'**
15          v.                          **DEPOSITION SUBPOENA ISSUED**
                                        **UNDER FEDERAL RULE OF CIVIL**
16  **EDMUND G. BROWN, JR., et al.,**     **PROCEDURE 45 TO PARTY WITNESS**
                                        **KEVIN CHAPPELL**
17                       Defendants.

18

19

20

21       Defendants object and respond to Plaintiffs' deposition subpoena, with request for

22  documents, under Federal Rule of Civil Procedure 45 to party witness Kevin Chappell as follows:

23                       **PRELIMINARY STATEMENT**

24       The information provided in these responses is true and correct, according to Defendants'

25  best knowledge at this time, but it is subject to future correction for omissions, errors, or

26  mistakes. Defendants reserve the right to produce evidence of any subsequently discovered facts

27  or interpretations of facts, and to amend, modify, or otherwise change the responses, in

28  accordance with applicable discovery rules.

                                    1

1

## GENERAL OBJECTIONS

2    1.    Defendants object to the subpoena and each request for production of documents

3  because discovery has been closed since May 16, 2013 on Plaintiffs' motion related to the

4  specialized care for the condemned program. (ECF 4617.) At the May 23, 2013 status

5  conference, Plaintiffs' counsel informed the Court that Plaintiffs would not take any discovery in

6  support of this motion. (*See* 5/23/13 Tr. at 5.) Accordingly, Defendants will not produce Warden

7  Chappell for deposition on August 19, 2013, and will not produce the requested documents. *See*

8  Fed. R. Civ. P. 45(c); *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986) (discovery not

9  completed by the cut-off date is not enforceable).

10    2.    Defendants object to the subpoena and each request for production of documents

11  because it is defective, untimely, and served for the purpose of harassing Defendants. Federal

12  Rule of Civil Procedure 34 is the exclusive means of obtaining documents or other tangible

13  evidence from a party. *Alper v. United States*, 190 F.R.D. 281, 283 (D. Mass. 2000).

14    3.    Defendants object to the subpoena and each request for production of documents to

15  the extent it purports to require a deposition and production of documents at a particular time and

16  location.

17    4.    Defendants object to the subpoena and each request for production of documents

18  because the Court has limited discovery to depositions of Defendants' declarants offered in

19  support of their oppositions to Plaintiffs' motion regarding housing and treatment of seriously

20  mentally ill prisoners in segregation, and Plaintiffs' motion related to use of force and disciplinary

21  measures. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13

22  Order, ECF 4646.) Plaintiffs' requests are prohibited by the Court's July 10, 2013 order, which

23  states: "Plaintiffs may take depositions of defendants' witnesses in advance of filing their reply

24  briefs" on August 9, 2013 (ECF 4687 ¶¶ 2 & 3), and the Court's August 1, 2013 order, which

25  states: "The parties jointly requested an extension of the deadlines set in the court's July 10, 2013

26  order for the filing of plaintiffs' reply brief and completion of depositions to and including

27  August 23, 2013. That will be the order of the court." (ECF 4725 at 2:5-7.) The Court's

28  limitation of discovery to depositions of Defendants' declarants must be read together with the

2

1    Court's June 11, 2013 order (ECF 4646) and the parties' July 18, 2013 stipulation (ECF

2    4683).  As stated in the June 11 order, discovery has been and remains open until August 23 only

3    as to Defendants' declarants in opposition to Plaintiffs' motions concerning segregated housing

4    and use of force and disciplinary measures.  This is confirmed by the parties' stipulation which

5    addressed only the "proposed schedule for *completion of discovery and briefing Plaintiffs'*

6    *Motion for Enforcement and Court Orders and Affirmative Relief re: Improper Housing and*

7    *Treatment of Seriously Mentally Ill Prisoners in Segregation ('Segregation Motion') and Motion*

8    *for Enforcement of Court Orders and Affirmative Relief Related to Use of Force and Disciplinary*

9    *Measures ('Use of Force/Discipline Motion')*."  (ECF 4683 at 1 [emphasis added].)

10          5.    Defendants object to each document request in the subpoena because they are

11   prohibited by the Court's August 9, 2013 order, which states that "any request for production in

12   connection with a deposition should be limited to documents relied on by the defense witness in

13   preparing his or her declaration or testimony."  (ECF 4738 at 3.)  Defendants will not produce any

14   documents not reviewed, considered, or relied on by the witness to prepare his May 9, 2013

15   declaration submitted in support of Defendants' Opposition to Motion for Affirmative Relief

16   Related to Inpatient Treatment (ECF 4601).

17          6.    Defendants object to the subpoena and each request for production of documents to

18   the extent they exceed the scope of discovery permitted by Federal Rule of Civil Procedure 26.

19   Defendants further object to the subpoena and each request for production of documents to the

20   extent they seek irrelevant information, or information not reasonably calculated to lead to the

21   discovery of admissible evidence.

22          7.    Defendants object to the subpoena and each request for production of documents to

23   the extent they purport to seek information or documents protected from discovery by the

24   attorney-client privilege, the attorney work product doctrine, the federal law enforcement

25   investigatory privilege, the right to privacy in confidential personnel information protected by the

26   California Constitution, or the United States Constitution, or any other applicable privilege or

27   immunity.

28

1    8.   Defendants object to the subpoena and each request for production of documents to

2  the extent they seek documents that are not in Defendants' possession, custody, or control, have

3  already been produced to Plaintiffs or are in Plaintiffs' possession, custody, or control, or are

4  equally available to Plaintiffs.

5  **REQUEST FOR PRODUCTION NO. 1:**

6    All documents relied upon or reviewed for the preparation of the Declaration of Kevin

7  Chappell in Support of Defendants' Opposition to Plaintiffs' Motion Related to Inpatient

8  Treatment ("Chappell Declaration") (*Coleman* Docket No. 4601).

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

10    Defendants incorporate by reference the above General Objections as though fully stated

11  in this response. Defendants further object to this request because discovery closed on Plaintiffs'

12  motion on May 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order,

13  ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

14  **REQUEST FOR PRODUCTION NO. 2:**

15    Any and all documents, policies, procedures, post orders, or local operating procedures

16  related to the utilization of beds within the Central Health Services Building at San Quentin State

17  Prison for "specialized mental health care," as discussed in Paragraph 4 of the Chappell

18  Declaration.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

20    Defendants incorporate by reference the above General Objections as though fully stated

21  in this response. Defendants further object to this request because the terms "any and all

22  documents, policies, procedures, post orders, or local operating procedures related to the

23  utilization of beds within the Central Health Services Building at San Quentin State Prison for

24  'specialized mental health care'" are overbroad, vague, and ambiguous. Defendants further

25  object to this request because the documents requested were neither reviewed nor considered by

26  the witness to prepare his May 9, 2013 declaration (ECF 4601). Defendants further object to this

27  request because it seeks irrelevant information, or information not reasonably calculated to lead to

28  the discovery of admissible evidence. Defendants further object to this request because discovery

4

1  closed on Plaintiffs' motion on May 16, 2013, and this request is prohibited by the Court's

2  Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13

3  Order, ECF 4646.)

4  **REQUEST FOR PRODUCTION NO. 3:**

5  　　　　Any and all documents, data, or information related to custodial staffing allocations or

6  assignments for the "specialized care" program, as discussed in Paragraph 5 of the Chappell

7  Declaration, including any and all documents and/or data reflecting current actual custodial

8  staffing and/or vacancies.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

10  　　　　Defendants incorporate by reference the above General Objections as though fully stated

11  in this response. Defendants further object to this request because the terms "any and all

12  documents, data, or information related to custodial staffing allocations or assignments" are

13  overbroad, vague, and ambiguous. Defendants further object to this request because the

14  documents requested were neither reviewed nor considered by the witness to prepare his May 9,

15  2013 declaration (ECF 4601). Defendants further object to this request because it is duplicative

16  of other requests propounded by Plaintiffs, and is therefore unduly burdensome. Defendants

17  further object to this request because it seeks irrelevant information, or information not

18  reasonably calculated to lead to the discovery of admissible evidence. Defendants further object

19  to this request because discovery closed on Plaintiffs' motion on May 16, 2013, and this request

20  is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13

21  Order, ECF 4687; 6/11/13 Order, ECF 4646.)

22  **REQUEST FOR PRODUCTION NO. 4:**

23  　　　　Any and all documents, data, or information related to mental health personnel staffing

24  allocations or assignments for the "specialized care" program, including any and all documents

25  and/or data reflecting current actual mental staffing and/or vacancies.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

27  　　　　Defendants incorporate by reference the above General Objections as though fully stated

28  in this response. Defendants further object to this request because the terms "any and all

5

1   documents, data, or information related to mental health staffing allocations or assignments" are

2   overbroad, vague, and ambiguous Defendants further object to this request because the

3   documents requested were neither reviewed nor considered by the witness to prepare his May 9,

4   2013 declaration (ECF 4601). Defendants further object to this request because it is duplicative

5   of other requests propounded by Plaintiffs, and is therefore unduly burdensome. Defendants

6   further object to this request because it seeks irrelevant information, or information not

7   reasonably calculated to lead to the discovery of admissible evidence. Defendants further object

8   to this request because discovery closed on Plaintiffs' motion on May 16, 2013, and this request

9   is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13

10  Order, ECF 4687; 6/11/13 Order, ECF 4646.)

11  **REQUEST FOR PRODUCTION NO. 5:**

12       All additional documents, policies or procedures, memoranda or communications related

13  to, referencing, or governing the "specialized care" program of mental health care provided to

14  condemned inmates at San Quentin State Prison.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

16       Defendants incorporate by reference the above General Objections as though fully stated

17  in this response. Defendants further object to this request because the terms "all additional

18  documents, policies or procedures, memoranda, or communications related to, referencing, or

19  governing the 'specialized care' program of mental health care" are overbroad, vague, and

20  ambiguous. Defendants further object to this request because the documents requested were

21  neither reviewed nor considered by the witness to prepare his May 9, 2013 declaration (ECF

22  4601). Defendants further object to this request because it is duplicative of other requests

23  propounded by Plaintiffs, and is therefore unduly burdensome. Defendants further object to this

24  request because it seeks production of documents and information protected from discovery by

25  the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege

26  or immunity. Defendants further object to this request because it seeks irrelevant information, or

27  information not reasonably calculated to lead to the discovery of admissible evidence.

28  Defendants further object to this request because discovery closed on Plaintiffs' motion on May

6

1  16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13

2  Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

3  **REQUEST FOR PRODUCTION NO. 6:**

4      Any and all policies or procedures relating to, governing, or requiring the custodial

5  transportation procedures set forth in Paragraph 8 of the Chappell Declaration.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

7      Defendants incorporate by reference the above General Objections as though fully stated

8  in this response. Defendants further object to this request because the terms "any and all policies

9  or procedures relating, governing, or requiring the custodial transportation procedures" are

10 overbroad, vague, and ambiguous. Defendants further object to this request because the

11 documents requested were neither reviewed nor considered by the witness to prepare his May 9,

12 2013 declaration (ECF 4601). Defendants further object to this request because it seeks irrelevant

13 information, or information not reasonably calculated to lead to the discovery of admissible

14 evidence. Defendants further object to this request because discovery closed on Plaintiffs'

15 motion on May 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order,

16 ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

17 **REQUEST FOR PRODUCTION NO. 7:**

18     All Local Operating Procedures for San Quentin State Prison governing Management

19 Status, as referenced in Paragraphs 26-31 of the Declaration of Michael Stainer in Support of

20 Defendants' Opposition to Motion Related to Use of Force and Disciplinary Procedures ("Stainer

21 Declaration") (*Coleman* Docket No. 4708).

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

23     Defendants incorporate by reference the above General Objections as though fully stated

24 in this response. Defendants further object to this request as overbroad, vague, and ambiguous

25 because it seeks documents beyond the scope of Plaintiffs' motion or Defendants' opposition.

26 Defendants further object that this request is unintelligible because Paragraphs 26-31 of the

27 Declaration of Michael Stainer do not reference "Local Operating Procedures for San Quentin

28 State Prison governing Management Status." Defendants further object to this request because

7

1  the documents requested were neither reviewed nor considered by the witness to prepare his May

2  9, 2013 declaration (ECF 4601). Defendants further object to this request because it is

3  duplicative of other requests propounded by Plaintiffs, and is therefore unduly burdensome.

4  Defendants further object to this request because it seeks irrelevant information, or information

5  not reasonably calculated to lead to the discovery of admissible evidence. Defendants further

6  object to this request because discovery closed on Plaintiffs' motion on May 16, 2013, and this

7  request is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725;

8  7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

9  **REQUEST FOR PRODUCTION NO. 8:**

10  All logs or records from January 2013 to the present documenting the use and/or

11  monitoring of Management Status at San Quentin State Prison, as referenced in Paragraph 30 of

12  the Stainer Declaration.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

14  Defendants incorporate by reference the above General Objections as though fully stated

15  in this response. Defendants further object to this request as overbroad, vague, and ambiguous

16  because it seeks documents beyond the scope of Plaintiffs' motion or Defendants' opposition.

17  Defendants further object to this request as argumentative and unintelligible, because Paragraph

18  30 of the Stainer Declaration makes no reference to "logs or records from January 2013 to the

19  present documenting the use and monitoring of Management Status at San Quentin State Prison."

20  Defendants further object to this request because the documents requested were neither reviewed

21  nor considered by the witness to prepare his May 9, 2013 declaration (ECF 4601). Defendants

22  further object to this request to the extent it is duplicative of other requests propounded by

23  Plaintiffs, and is therefore unduly burdensome. Defendants further object to this request because

24  it seeks irrelevant information, or information not reasonably calculated to lead to the discovery

25  of admissible evidence. Defendants further object to this request because discovery closed on

26  Plaintiffs' motion on May 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13

27  Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

28

8

1    **REQUEST FOR PRODUCTION NO. 9:**

2          Any and all documents, policies, and procedures related to 30-minute welfare checks in

3    San Quentin State Prison segregation units, including Administrative Segregation Units (ASUs),

4    Security Housing Units (SHUs), Psychiatric Services Units (PSUs), and all Condemned units,

5    created or revised on or after May 28, 2013, including any revisions of the San Quentin State

6    Prison Local Operating Procedure governing such welfare checks.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

8          Defendants incorporate by reference the above General Objections as though fully stated

9    in this response. Defendants further object to this request as overbroad, vague, and ambiguous

10   because it seeks documents beyond the scope of Plaintiffs' motion or Defendants' opposition.

11   Defendants further object that the terms "any and all documents, policies, and procedures related

12   to 30-minute welfare checks in San Quentin State Prison segregation units" are overbroad, vague,

13   and ambiguous. Defendants further object to this request because the documents requested were

14   neither reviewed nor considered by the witness to prepare his May 9, 2013 declaration (ECF

15   4601). Defendants further object to this request to the extent it is duplicative of other requests

16   propounded by Plaintiffs, and is therefore unduly burdensome. Defendants further object to this

17   request because it seeks irrelevant information, or information not reasonably calculated to lead to

18   the discovery of admissible evidence. Defendants further object to this request to the extent it

19   seeks production of documents and information protected from discovery by the attorney-client

20   privilege, the attorney work product doctrine, or any other applicable privilege or immunity.

21   Defendants further object to this request because discovery closed on Plaintiffs' motion on May

22   16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13

23   Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

24   **REQUEST FOR PRODUCTION NO. 10:**

25         Any and all documents, policies, and procedures related to security and/or custody

26   rounding in San Quentin State Prison segregation units, including Administrative Segregation

27   Units (ASUs), Security Housing Units (SHUs), Psychiatric Services Units (PSUs), and all

28   Condemned units, created or revised on or after May 28, 2013, including any revisions of the San

9

1  Quentin State Prison Local Operating Procedure governing such security or custody rounding.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

3  Defendants incorporate by reference the above General Objections as though fully stated

4  in this response. Defendants further object to this request as overbroad, vague, and ambiguous

5  because it seeks documents beyond the scope of Plaintiffs' motion or Defendants' opposition.

6  Defendants further object that the terms "any and all documents, policies, and procedures related

7  to security and/or custody rounding in San Quentin State Prison segregation units" is overbroad,

8  vague, and ambiguous. Defendants further object to this request because the documents

9  requested were neither reviewed nor considered by the witness to prepare his May 9, 2013

10 declaration (ECF 4601). Defendants further object to this request to the extent it is duplicative of

11 other requests propounded by Plaintiffs, and is therefore unduly burdensome. Defendants further

12 object to this request to the extent it seeks production of documents and information protected

13 from discovery by the attorney-client privilege, the attorney work product doctrine, or any other

14 applicable privilege or immunity. Defendants further object to this request because discovery

15 closed on Plaintiffs' motion on May 16, 2013, and this request is prohibited by the Court's

16 Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13

17 Order, ECF 4646.)

18 **REQUEST FOR PRODUCTION NO. 11:**

19 Any and all post orders related to 30-minute welfare checks in San Quentin State Prison

20 segregation units, including Administrative Segregation Units (ASUs), Security Housing Units

21 (SHUs), Psychiatric Services Units (PSUs), and all Condemned units, created or revised on or

22 after May 28, 2013.

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

24 Defendants incorporate by reference the above General Objections as though fully stated

25 in this response. Defendants further object to this request as overbroad, vague, and ambiguous

26 because it seeks documents beyond the scope of Plaintiffs' motion or Defendants' opposition.

27 Defendants further object to this request because the documents requested were neither reviewed

28 nor considered by the witness to prepare his May 9, 2013 declaration (ECF 4601). Defendants

10

1 further object to this request to the extent it is duplicative of other requests propounded by

2 Plaintiffs, and is therefore unduly burdensome. Defendants further object to this request because

3 discovery closed on Plaintiffs' motion on May 16, 2013, and this request is prohibited by the

4 Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687;

5 6/11/13 Order, ECF 4646.)

6 **REQUEST FOR PRODUCTION NO. 12:**

7 Any and all post orders related to security and /or custody rounding in San Quentin State

8 Prison segregation units, including Administrative Segregation Units (ASUs), Security Housing

9 Units (SHUs), Psychiatric Services Units (PSUs), and all Condemned units, created or revised on

10 or after May 28, 2013.

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

12 Defendants incorporate by reference the above General Objections as though fully stated

13 in this response. Defendants further object to this request as overbroad, vague, and ambiguous

14 because it seeks documents beyond the scope of Plaintiffs' motion or Defendants' opposition.

15 Defendants further object to this request because the documents requested were neither reviewed

16 nor considered by the witness to prepare his May 9, 2013 declaration (ECF 4601). Defendants

17 further object to this request to the extent it is duplicative of other requests propounded by

18 Plaintiffs, and is therefore unduly burdensome. Defendants further object to this request because

19 discovery closed on Plaintiffs' motion on May 16, 2013, and this request is prohibited by the

20 Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687;

21 6/11/13 Order, ECF 4646.)

22 **REQUEST FOR PRODUCTION NO. 13:**

23 Any and all logs or other documentation of 30-minute welfare checks at San Quentin State

24 Prison produced on or after May 28, 2013 to the present.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

26 Defendants incorporate by reference the above General Objections as though fully stated

27 in this response. Defendants further object to this request as overbroad, vague, and ambiguous

28 because it seeks documents beyond the scope of Plaintiffs' motion or Defendants' opposition.

11

1  Defendants further object to this request because the term "other documentation" is overbroad,

2  vague, and ambiguous. Defendants further object to this request because the documents

3  requested were neither reviewed nor considered by the witness to prepare his May 9, 2013

4  declaration (ECF 4601). Defendants further object to this request to the extent it is duplicative of

5  other requests propounded by Plaintiffs, and is therefore unduly burdensome. Defendants further

6  object to this request because it seeks irrelevant information, or information not reasonably

7  calculated to lead to the discovery of admissible evidence. Defendants further object to this

8  request because discovery closed on Plaintiffs' motion on May 16, 2013, and this request is

9  prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13

10  Order, ECF 4687; 6/11/13 Order, ECF 4646.)

11  **REQUEST FOR PRODUCTION NO. 14:**

12  Any and all logs or other documentation of security and/or custody rounding in San

13  Quentin State Prison segregation units, including Administrative Segregation Units (ASUs),

14  Security Housing Units (SHUs), Psychiatric Services Units (PSUs), and all Condemned units,

15  produced on or after May 28, 2013 to the present.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

17  Defendants incorporate by reference the above General Objections as though fully stated

18  in this response. Defendants further object to this request as overbroad, vague, and ambiguous

19  because it seeks documents beyond the scope of Plaintiffs' motion or Defendants' opposition.

20  Defendants further object to this request because the term "other documentation" is overbroad,

21  vague, and ambiguous. Defendants further object to this request because the documents

22  requested were neither reviewed nor considered by the witness to prepare his May 9, 2013

23  declaration (ECF 4601). Defendants further object to this request to the extent it is duplicative of

24  other requests propounded by Plaintiffs, and is therefore unduly burdensome. Defendants further

25  object to this request because it seeks irrelevant information, or information not reasonably

26  calculated to lead to the discovery of admissible evidence. Defendants further object to this

27  request because discovery closed on Plaintiffs' motion on May 16, 2013, and this request is

28  prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13

12

1   Order, ECF 4687; 6/11/13 Order, ECF 4646.)

2   **REQUEST FOR PRODUCTION NO. 15:**

3       Any and all additional documents upon which Warden Chappell intends to rely in

4   preparation for or during his testimony at the hearing for which he has been noticed as a witness.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

6       Defendants incorporate by reference the above General Objections as though fully stated

7   in this response. Defendants further object to this request because the documents requested were

8   neither reviewed nor considered by the witness to prepare his May 9, 2013 declaration (ECF

9   4601). Defendants further object to this request because it seeks irrelevant information, or

10  information not reasonably calculated to lead to the discovery of admissible evidence.

11  Defendants further object to this request because it is speculative. Defendants further object to

12  this request because discovery closed on Plaintiffs' motion on May 16, 2013, and this request is

13  prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13

14  Order, ECF 4687; 6/11/13 Order, ECF 4646.)

15  **REQUEST FOR PRODUCTION NO. 16:**

16      Any and all policies and procedures related to, referencing, or governing the separation of

17  condemned inmates from other inmates, including but not limited to any policies mandating that

18  condemned inmates be separated from all other inmates or any policies related to limitations on

19  group treatment for condemned inmates, such as those referenced in Paragraph 23 the Declaration

20  of Ellen Bachman in Support of Defendants' Opposition to Plaintiffs' Motion Related to Inpatient

21  Treatment ("Bachman Declaration") (*Coleman* Docket No. 4598).

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

23      Defendants incorporate by reference the above General Objections as though fully stated

24  in this response. Defendants further object to this request because the terms "any and all policies

25  and procedures related to, referencing, or governing the separation of condemned inmates from

26  other inmates, including but not limited to any policies mandating that condemned inmates be

27  separated from all other inmates or any policies related to limitations on group treatment for

28  condemned inmates" is overbroad, vague, and ambiguous. Defendants further object to this

13

1   request because the documents requested were neither reviewed nor considered by the witness to

2   prepare his May 9, 2013 declaration (ECF 4601). Defendants further object to this request to the

3   extent it is duplicative of other requests propounded by Plaintiffs, and is therefore unduly

4   burdensome. Defendants further state that policies and procedures related to the condemned

5   population are located in Title 15 and the CDCR Department Operations Manual. Defendants

6   further object to this request because discovery closed on Plaintiffs' motion on May 16, 2013, and

7   this request is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF

8   4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

9   **REQUEST FOR PRODUCTION NO. 17:**

10          Any and all policies and procedures related to, referencing, or governing the transfer of

11  condemned inmates to specialized medical facilities and/or hospital facilities outside of San

12  Quentin State Prison, including but not limited to any policies or procedures related to,

13  referencing, or governing the procedure set forth in Paragraph 8 of the Chappell Declaration.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

15          Defendants incorporate by reference the above General Objections as though fully stated

16  in this response. Defendants further object to this request because the terms "any and all policies

17  and procedures related to, referencing, or governing the transfer of condemned inmates to

18  specialized medical facilities and/or hospital facilities outside of San Quentin State Prison" is

19  overbroad, vague, and ambiguous. Defendants further object to this request because the

20  documents requested were neither reviewed nor considered by the witness to prepare his May 9,

21  2013 declaration (ECF 4601). Defendants further object to this request because it seeks irrelevant

22  information, or information not reasonably calculated to lead to the discovery of admissible

23  evidence. Defendants further object to this request because discovery closed on Plaintiffs'

24  motion on May 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order,

25  ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

26  **REQUEST FOR PRODUCTION NO. 18:**

27          Any and all policies and procedures related to, referencing, or governing the housing of

28  condemned inmates at specialized medical facilities and/or hospital facilities outside of San

14

1 | Quentin State Prison.

2 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

3 | Defendants incorporate by reference the above General Objections as though fully stated

4 | in this response. Defendants further object to this request because the terms "any and all policies

5 | and procedures related to, referencing, or governing the housing of condemned inmates at

6 | specialized medical facilities and/or hospital facilities outside of San Quentin State Prison" is

7 | overbroad, vague, and ambiguous. Defendants further object to this request because the

8 | documents requested were neither reviewed nor considered by the witness to prepare his May 9,

9 | 2013 declaration (ECF 4601). Defendants further object to this request because it seeks irrelevant

10 | information, or information not reasonably calculated to lead to the discovery of admissible

11 | evidence. Defendants further object to this request because discovery closed on Plaintiffs'

12 | motion on May 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order,

13 | ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

14 | **REQUEST FOR PRODUCTION NO. 19:**

15 | Any and all policies and procedures related to, referencing, or governing the treatment of

16 | condemned inmates at specialized medical facilities and/or hospital facilities outside of San

17 | Quentin State Prison.

18 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

19 | Defendants incorporate by reference the above General Objections as though fully stated

20 | in this response. Defendants further object to this request because the terms "any and all policies

21 | and procedures related to, referencing, or governing the treatment of condemned inmates at

22 | specialized medical facilities and/or hospital facilities outside of San Quentin State Prison" is

23 | overbroad, vague, and ambiguous. Defendants further object to this request because the

24 | documents requested were neither reviewed nor considered by the witness to prepare his May 9,

25 | 2013 declaration (ECF 4601). Defendants further object to this request because it seeks irrelevant

26 | information, or information not reasonably calculated to lead to the discovery of admissible

27 | evidence. Defendants further object to this request because discovery closed on Plaintiffs'

28 | motion on May 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order,

15

1  ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

2  **REQUEST FOR PRODUCTION NO. 20:**

3  Any and all documents that are or reference emails, communications, conversations,

4  meetings, letters, or other form of communications concerning mental health care for condemned

5  inmates at Department of State Hospitals facilities.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

7  Defendants incorporate by reference the above General Objections as though fully stated

8  in this response. Defendants further object to this request because the documents requested were

9  neither reviewed nor considered by the witness to prepare his May 9, 2013 declaration (ECF

10  4601). Defendants further object to this request because it is duplicative of other requests

11  propounded by Plaintiffs, and is therefore unduly burdensome. Defendants further object to this

12  request because the terms "any and all documents that are or reference emails, communications,

13  conversations, meetings, letters, or other form of communications concerning mental health care

14  for condemned inmates" are overbroad, vague, ambiguous, and unduly burdensome as to scope,

15  time, and subject matter. Defendants further object to this request because it is overbroad and

16  unduly burdensome, and seeks documents not in the possession, custody, or control of this

17  witness. Defendants further object to this request because it seeks irrelevant information, or

18  information not reasonably calculated to lead to the discovery of admissible evidence.

19  Defendants further object to this request because it seeks production of documents and

20  information protected from discovery by the attorney-client privilege, the attorney work product

21  doctrine, or any other applicable privilege or immunity. Defendants further object to this request

22  because discovery closed on Plaintiffs' motion on May 16, 2013, and this request is prohibited by

23  the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF

24  4687; 6/11/13 Order, ECF 4646.)

25  **REQUEST FOR PRODUCTION NO. 21:**

26  Any and all documents documenting or demonstrating, for each condemned inmate in the

27  *Coleman* class, the total hours of yard time offered to and hours of yard time accepted by each

28  inmate from January 1, 2013 to present.

16

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

2        Defendants incorporate by reference the above General Objections as though fully stated

3  in this response.  Defendants further object to this request because the terms "any and all

4  documents documenting or demonstrating" and "the total hours of yard time offered to and hours

5  of yard time accepted by each inmate" are overbroad, vague, and ambiguous.  Defendants further

6  object to this request because the documents requested were neither reviewed nor considered by

7  the witness to prepare his May 9, 2013 declaration (ECF 4601).  Defendants further object to this

8  request because it seeks irrelevant information, or information not reasonably calculated to lead to

9  the discovery of admissible evidence.  Defendants further object to this request because discovery

10  closed on Plaintiffs' motion on May 16, 2013, and this request is prohibited by the Court's

11  Orders.  (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13

12  Order, ECF 4646.)

13  **REQUEST FOR PRODUCTION NO. 22:**

14        Any and all additional documents upon which Warden Chappell intends to rely in

15  preparation for or during his testimony at the hearing for which he has been noticed as a witness.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

17        Defendants incorporate by reference the above General Objections as though fully stated

18  in this response.  Defendants further object to this request because it is speculative.  Defendants

19  further object to this request because it is duplicative of other requests propounded by Plaintiffs,

20  including Request No. 15 above, and is therefore unduly burdensome.   Defendants further object

21  to this request because the documents requested were neither reviewed nor considered by the

22  witness to prepare his May 9, 2013 declaration (ECF 4601).  Defendants further object to this

23  request because discovery closed on Plaintiffs' motion on May 16, 2013, and this request is

24  prohibited by the Court's Orders.  (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13

25  Order, ECF 4687; 6/11/13 Order, ECF 4646.)

26

27

28

1     Dated: August 13, 2013               Respectfully submitted,

2                                 KAMALA D. HARRIS
                                  Attorney General of California

3                                 JAY C. RUSSELL
                                Supervising Deputy Attorney General

4

5

6                                 PATRICK R. MCKINNEY

7                                 Deputy Attorney General
                                *Attorneys for Defendants*

8     CF1997CS0003
      20718889.doc

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  KAMALA D. HARRIS
   Attorney General of California
2  JAY C. RUSSELL
   Supervising Deputy Attorney General
3  DEBBIE VOROUS, State Bar No. 166884
   PATRICK R. MCKINNEY, State Bar No. 215228
4  MANEESH SHARMA, State Bar No. 280084
   Deputy Attorneys General
5   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
6   Telephone:  (415) 703-5553
    Fax:  (415) 703-1234
7   E-mail:  Maneesh.Sharma@doj.ca.gov
   *Attorneys for Defendants*

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10                            SACRAMENTO DIVISION

11

12

13  **RALPH COLEMAN, et al.,**                    2:90-cv-00520 LKK JFM PC

14                              Plaintiffs,   **DEFENDANTS' OBJECTIONS AND
                                              RESPONSES TO PLAINTIFFS'**
15         **v.**                             **DEPOSITION SUBPOENA ISSUED
                                              UNDER FEDERAL RULE OF CIVIL**
16  **EDMUND G. BROWN JR., et al.,**          **PROCEDURE 45 TO PARTY WITNESS
                                              ERIC MONTHEI**
17                              Defendants.

18

19

20

21        Defendants object and respond to Plaintiffs' deposition subpoena, with request for

22  documents, under Federal Rule of Civil Procedure 45 to party witness Eric Monthei as follows:

23                            **PRELIMINARY STATEMENT**

24        The information provided in these responses is true and correct, according to Defendants'

25  best knowledge at this time, but it is subject to future correction for omissions, errors, or

26  mistakes. Defendants reserve the right to produce evidence of any subsequently discovered facts

27  or interpretations of facts, and to amend, modify, or otherwise change the responses, in

28  accordance with applicable discovery rules.

                                              1

1 **GENERAL OBJECTIONS**

2     1.   Defendants object to the subpoena and each request for production of documents

3 because discovery has been closed since May 16, 2013 on Plaintiffs' motion related to the

4 specialized care for the condemned program. (ECF 4617.) At the May 23, 2013 status

5 conference, Plaintiffs' counsel informed the Court that Plaintiffs would not take any discovery in

6 support of this motion. (*See* 5/23/13 Tr. at 5.) The Court also expressly denied Plaintiffs' request

7 to take Dr. Monthei's deposition to be used for trial purposes. (*Id.* at 11:2-8 & 18:1-5.)

8 Accordingly, Defendants will not produce Dr. Monthei for deposition on August 19, 2013, and

9 will not produce the requested documents. *See* Fed. R. Civ. P. 45(c); *Draper v. Coombs*, 792

10 F.2d 915, 924 (9th Cir. 1986) (discovery not completed by the cut-off date is not enforceable).

11     2.   Defendants object to the subpoena and each request for production of documents

12 because it is defective, untimely, and served for the purpose of harassing Defendants. Federal

13 Rule of Civil Procedure 34 is the exclusive means of obtaining documents or other tangible

14 evidence from a party. *Alper v. United States*, 190 F.R.D. 281, 283 (D. Mass. 2000).

15     3.   Defendants object to the subpoena and each request for production of documents to

16 the extent it purports to require a deposition and production of documents at a particular time and

17 location.

18     4.   Defendants object to the subpoena and each request for production of documents

19 because the Court has limited discovery to depositions of Defendants' declarants offered in

20 support of their oppositions to Plaintiffs' motion regarding housing and treatment of seriously

21 mentally ill prisoners in segregation, and Plaintiffs' motion related to use of force and disciplinary

22 measures. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13

23 Order, ECF 4646.) Plaintiffs' requests are prohibited by the Court's July 10, 2013 order, which

24 states: "Plaintiffs may take depositions of defendants' witnesses in advance of filing their reply

25 briefs" on August 9, 2013 (ECF 4687 ¶¶ 2 & 3), and the Court's August 1, 2013 order, which

26 states: "The parties jointly requested an extension of the deadlines set in the court's July 10, 2013

27 order for the filing of plaintiffs' reply brief and completion of depositions to and including

28 August 23, 2013. That will be the order of the court." (ECF 4725 at 2:5-7.) The Court's

2

1   limitation of discovery to depositions of Defendants' declarants must be read together with the

2   Court's June 11, 2013 order (ECF 4646) and the parties' July 18, 2013 stipulation (ECF

3   4683). As stated in the June 11 order, discovery has been and remains open until August 23 only

4   as to Defendants' declarants in opposition to Plaintiffs' motions concerning segregated housing

5   and use of force and disciplinary measures. This is confirmed by the parties' stipulation which

6   addressed only the "proposed schedule for *completion of discovery and briefing Plaintiffs'*

7   *Motion for Enforcement and Court Orders and Affirmative Relief re: Improper Housing and*

8   *Treatment of Seriously Mentally Ill Prisoners in Segregation ('Segregation Motion') and Motion*

9   *for Enforcement of Court Orders and Affirmative Relief Related to Use of Force and Disciplinary*

10  *Measures ('Use of Force/Discipline Motion')*." (ECF 4683 at 1 [emphasis added].)

11      5.   Defendants object to each document request in the subpoena because they are

12  prohibited by the Court's August 9, 2013 order, which states that "any request for production in

13  connection with a deposition should be limited to documents relied on by the defense witness in

14  preparing his or her declaration or testimony." (ECF 4738 at 3.) Defendants will not produce any

15  documents not reviewed, considered, or relied on by the witness to prepare his May 9, 2013

16  declaration submitted in support of Defendants' Opposition to Motion for Affirmative Relief

17  Related to Inpatient Treatment (ECF 4593).

18      6.   Defendants object to the subpoena and each request for production of documents to

19  the extent they exceed the scope of discovery permitted by Federal Rule of Civil Procedure 26.

20  Defendants further object to the subpoena and each request for production of documents to the

21  extent they seek irrelevant information, or information not reasonably calculated to lead to the

22  discovery of admissible evidence.

23      7.   Defendants object to the subpoena and each request for production of documents to

24  the extent they purport to seek information or documents protected from discovery by the

25  attorney-client privilege, the attorney work product doctrine, the federal law enforcement

26  investigatory privilege, the right to privacy in confidential personnel information protected by the

27  California Constitution, or the United States Constitution, or any other applicable privilege or

28  immunity.

3

1        8.   Defendants object to the subpoena and each request for production of documents to

2 the extent they seek documents that are not in Defendants' possession, custody, or control, have

3 already been produced to Plaintiffs or are in Plaintiffs' possession, custody, or control, or are

4 equally available to Plaintiffs.

5 **REQUEST FOR PRODUCTION NO. 1:**

6       Any and all medical, mental health, and/or custodial records of Coleman class members

7 relied upon in the preparation of the Declaration of Eric Monthei in Support of Defendants'

8 Opposition to Plaintiffs' Motion Related to Inpatient Treatment ("Monthei Declaration")

9 (Coleman Docket No. 4593).

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

11       Defendants incorporate by reference the above General Objections as though fully stated

12 in this response. Defendants further object to this request because it seeks irrelevant information,

13 or information not reasonably calculated to lead to the discovery of admissible evidence.

14 Defendants further object to this request because discovery closed on Plaintiffs' motion on May

15 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13

16 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

17 **REQUEST FOR PRODUCTION NO. 2:**

18       All mental health, disciplinary records, and placement chronos from February 2013 to the

19 present for Coleman class members housed at San Quentin State Prison and included in the list of

20 class member requests sent by Aaron J. Fisher to Michael Stone and Nick Weber on August 2,

21 2013 (see attached, Prisoners #1-9, 33-36).

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

23       Defendants incorporate by reference the above General Objections as though fully stated

24 in this response. Defendants further object to this request because the request for "all mental

25 health, disciplinary records, and placement records" related to 13 individual inmates is overbroad

26 and unduly burdensome. Defendants further object to this request because the documents

27 requested were neither reviewed nor considered by the witness to prepare his May 9, 2013

28 declaration (ECF 4593). Defendants further object to this request because it seeks irrelevant

4

1  information, or information not reasonably calculated to lead to the discovery of admissible

2  evidence. Defendants further object to this request because discovery closed on Plaintiffs'

3  motion on May 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order,

4  ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

5  **REQUEST FOR PRODUCTION NO. 3:**

6        Any and all policies and procedures memorializing, setting forth, describing, or governing

7  the "specialized care" or "specialized treatment" program for treatment of condemned inmates, as

8  discussed throughout the Monthei Declaration.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

10       Defendants incorporate by reference the above General Objections as though fully stated

11  in this response. Defendants further object to this request because terms "memorializing, setting

12  forth, describing, or governing" are overbroad, vague, ambiguous, and unduly burdensome.

13  Defendants further object to this request because the documents requested were neither reviewed

14  nor considered by the witness to prepare his May 9, 2013 declaration (ECF 4593). Defendants

15  further object to this request because it seeks irrelevant information, or information not

16  reasonably calculated to lead to the discovery of admissible evidence. Defendants further object

17  to this request because discovery closed on Plaintiffs' motion on May 16, 2013, and this request

18  is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13

19  Order, ECF 4687; 6/11/13 Order, ECF 4646.)

20  **REQUEST FOR PRODUCTION NO. 4:**

21       Any and all documents related to the "clinical rationale" for the specialized care or

22  specialized treatment program, as discussed in Paragraph 6 of the Monthei Declaration.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

24       Defendants incorporate by reference the above General Objections as though fully stated

25  in this response. Defendants further object to this request because it is overbroad, vague, and

26  ambiguous. Defendants further object to this request because the documents requested were

27  neither reviewed nor considered by the witness to prepare his May 9, 2013 declaration (ECF

28  4593). Defendants further object to this request because discovery closed on Plaintiffs' motion

5

1   on May 16, 2013, and this request is prohibited by the Court's Orders.  (8/9/13 Order, ECF 4738;

2   8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

3   **REQUEST FOR PRODUCTION NO. 5:**

4          The list of "twenty condemned inmates within the Mental Health Services Delivery

5   System" identified "for specialized treatment" as of January 29, 2011, as stated in Paragraph 8 of

6   the Monthei Declaration.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

8          Defendants incorporate by reference the above General Objections as though fully stated

9   in this response.  Defendants further object to this request because the documents requested were

10  neither reviewed nor considered by the witness to prepare his May 9, 2013 declaration (ECF

11  4593).  Defendants further object to this request as argumentative and unintelligible, because

12  Paragraph 8 of Dr. Monthei's declaration makes no reference to a "list."  Defendants' further

13  object to this request to the extent it does not seek designated documents or designated tangible

14  things.  Defendants further object to this request because discovery closed on Plaintiffs' motion

15  on May 16, 2013, and this request is prohibited by the Court's Orders.  (8/9/13 Order, ECF 4738;

16  8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

17  **REQUEST FOR PRODUCTION NO. 6:**

18         The list of inmates "housed in the designated specialized care beds," as stated in

19  Paragraph 10 of the Monthei Declaration, as of May 9, 2013, as well as a current list of inmates

20  housed in such beds.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

22         Defendants incorporate by reference the above General Objections as though fully stated

23  in this response.  Defendants further object to this request because the documents requested were

24  neither reviewed nor considered by the witness to prepare his May 9, 2013 declaration (ECF

25  4593).  Defendants further object to this request as argumentative and unintelligible, because

26  Paragraph 10 of Dr. Monthei's declaration makes no reference to a "list."  Defendants' further

27  object to this request to the extent it does not seek designated documents or designated tangible

28  things.  Defendants further object to this request because discovery closed on Plaintiffs' motion

6

1    on May 16, 2013, and this request is prohibited by the Court's Orders.  (8/9/13 Order, ECF 4738;

2    8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

3    **REQUEST FOR PRODUCTION NO. 7:**

4           The list of inmates "receiving specialized care while they continue[d] to be housed on

5    their regular housing unit," as stated in Paragraph 10 of the Monthei Declaration, as of May 9,

6    2013, as well as a current list of inmates receiving such care.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

8           Defendants incorporate by reference the above General Objections as though fully stated

9    in this response.  Defendants further object to this request because the documents requested were

10   neither reviewed nor considered by the witness to prepare his May 9, 2013 declaration (ECF

11   4593).  Defendants further object to this request as argumentative and unintelligible, because

12   Paragraph 10 of Dr. Monthei's declaration makes no reference to a "list."  Defendants' further

13   object to this request to the extent it does not seek designated documents or designated tangible

14   things.  Defendants further object to this request because discovery closed on Plaintiffs' motion

15   on May 16, 2013, and this request is prohibited by the Court's Orders.  (8/9/13 Order, ECF 4738;

16   8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

17   **REQUEST FOR PRODUCTION NO. 8:**

18          A complete and accurate copy of the "update to the special master regarding six

19   condemned inmates who were receiving specialized treatment under the plan" provided on July 2,

20   2012, as stated in Paragraph 12 of the Monthei Declaration.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

22          Defendants incorporate by reference the above General Objections as though fully stated

23   in this response.  Defendants further object to this request because the documents requested were

24   neither reviewed nor considered by the witness to prepare his May 9, 2013 declaration (ECF

25   4593).  Defendants further object to this request because discovery closed on Plaintiffs' motion

26   on May 16, 2013, and this request is prohibited by the Court's Orders.  (8/9/13 Order, ECF 4738;

27   8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

28

7

1    **REQUEST FOR PRODUCTION NO. 9:**

2         Any and all documents memorializing, setting forth, describing, or governing the use of

3    housing and treatment spaces within the Central Health Services Building for the specialized

4    treatment plan, as described in Paragraph 17 of the Monthei Declaration.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

6         Defendants incorporate by reference the above General Objections as though fully stated

7    in this response. Defendants further object to this request as argumentative and unintelligible,

8    because Paragraph 17 of Dr. Monthei's declaration makes no reference to "documents

9    memorializing, setting forth, describing, or governing the use of . . . .", which is in any event

10   overbroad, vague, ambiguous, and unduly burdensome in the context of this request. Defendants

11   further object to this request because the documents requested were neither reviewed nor

12   considered by the witness to prepare his May 9, 2013 declaration (ECF 4593). Defendants further

13   object to this request because discovery closed on Plaintiffs' motion on May 16, 2013, and this

14   request is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725;

15   7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

16   **REQUEST FOR PRODUCTION NO. 10:**

17        Any and all documents memorializing, setting forth, describing, or governing the "specific

18   entrance criteria" for the specialized care program, as described in Paragraph 18 of the Monthei

19   Declaration.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

21        Defendants incorporate by reference the above General Objections as though fully stated

22   in this response. Defendants further object to this request as argumentative and unintelligible,

23   because Paragraph 18 of Dr. Monthei's declaration makes no reference to "documents

24   memorializing, setting forth, describing, or governing the 'specific entrance criteria' for the

25   specialized care program," which is in any event overbroad, vague, ambiguous, and unduly

26   burdensome in the context of this request. Defendants further object to this request because the

27   documents requested were neither reviewed nor considered by the witness to prepare his May 9,

28   2013 declaration (ECF 4593). Defendants further object to this request because discovery closed

8

1  on Plaintiffs' motion on May 16, 2013, and this request is prohibited by the Court's Orders.

2  (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order,

3  ECF 4646.)

4  **REQUEST FOR PRODUCTION NO. 11:**

5      Any and all documents memorializing, setting forth, describing, or governing the

6  evaluation process for an inmate's entry into the specialized care program, as described in

7  Paragraph 19 of the Monthei Declaration.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

9      Defendants incorporate by reference the above General Objections as though fully stated

10  in this response. Defendants further object to this request as argumentative and unintelligible,

11  because Paragraph 19 of Dr. Monthei's declaration makes no reference to "documents

12  memorializing, setting forth, describing, or governing the evaluation process for an inmate's entry

13  into the specialized care program," which is in any event overbroad, vague, ambiguous, and

14  unduly burdensome. Defendants further object to this request because the documents requested

15  were neither reviewed nor considered by the witness to prepare his May 9, 2013 declaration (ECF

16  4593). Defendants further object to this request because discovery closed on Plaintiffs' motion

17  on May 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738;

18  8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

19  **REQUEST FOR PRODUCTION NO. 12:**

20      Any and all documents memorializing, setting forth, describing, or governing the

21  "Positive Incentive Program" described in Paragraph 22 of the Monthei Declaration.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

23      Defendants incorporate by reference the above General Objections as though fully stated

24  in this response. Defendants further object to this request as argumentative and unintelligible,

25  because Paragraph 22 of Dr. Monthei's declaration makes no reference to "documents

26  memorializing, setting forth, describing, or governing the 'Positive Incentive Program," which is

27  in any event overbroad, vague, ambiguous, and unduly burdensome. Defendants further object to

28  this request because the documents requested were neither reviewed nor considered by the

9

1  witness to prepare his May 9, 2013 declaration (ECF 4593). Defendants further object to this

2  request because discovery closed on Plaintiffs' motion on May 16, 2013, and this request is

3  prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13

4  Order, ECF 4687; 6/11/13 Order, ECF 4646.)

5  **REQUEST FOR PRODUCTION NO. 13:**

6      Any and all documents and/or data regarding the allocation, assignment, or hiring of

7  mental health staffing for the specialized treatment plan, as described in Paragraph 26 of the

8  Monthei Declaration, including any and all documents and/or data reflecting current actual

9  staffing rates and/or vacancies.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

11      Defendants incorporate by reference the above General Objections as though fully stated

12  in this response. Defendants further object to this request because the terms "documents and/or

13  data regarding the allocation, assignment, or hiring of mental health staffing" are overbroad,

14  vague, ambiguous, and unduly burdensome. Defendants further object to this request because it

15  seeks irrelevant information, or information not reasonably calculated to lead to the discovery of

16  admissible evidence. Defendants further object to this request because the documents requested

17  were neither reviewed nor considered by the witness to prepare his May 9, 2013 declaration (ECF

18  4593). Defendants further object to this request because discovery closed on Plaintiffs' motion

19  on May 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738;

20  8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

21  **REQUEST FOR PRODUCTION NO. 14:**

22      Any and all documents and/or data supporting the assertions made by Dr. Monthei in

23  Paragraphs 28-33 (inclusive) of the Monthei Declaration, or relied upon by him in drafting said

24  paragraphs.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

26      Defendants incorporate by reference the above General Objections as though fully stated

27  in this response. Defendants further object that the phrase "documents and/or data supporting the

28  assertions made" is overbroad, vague, and ambiguous. Defendants further object to this request

10

1  because the documents requested were neither reviewed nor considered by the witness to prepare

2  his May 9, 2013 declaration (ECF 4593). Defendants further object to this request because

3  discovery closed on Plaintiffs' motion on May 16, 2013, and this request is prohibited by the

4  Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687;

5  6/11/13 Order, ECF 4646.)

6  **REQUEST FOR PRODUCTION NO. 15:**

7  Any and all treatment records relied upon by Dr. Monthei in drafting Paragraphs 34-40 of

8  the Monthei Declaration but not filed as Exhibits to his Declaration or to the sealed declaration of

9  Debbie Vorous also filed on the May 9, 2013.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

11  Defendants incorporate by reference the above General Objections as though fully stated

12  in this response. Defendants further object to this request because discovery closed on Plaintiffs'

13  motion on May 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order,

14  ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

15  **REQUEST FOR PRODUCTION NO. 16:**

16  Any and all additional documents upon which Dr. Monthei intends to rely in preparation

17  for or during his testimony at the hearing for which he has been noticed as a witness.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

19  Defendants incorporate by reference the above General Objections as though fully stated

20  in this response. Defendants further object to this request because it is speculative. Defendants

21  further object to this request because the documents requested were neither reviewed nor

22  considered by the witness to prepare his May 9, 2013 declaration (ECF 4593). Defendants further

23  object to this request because it seeks irrelevant information, or information not reasonably

24  calculated to lead to the discovery of admissible evidence. Defendants further object to this

25  request because discovery closed on Plaintiffs' motion on May 16, 2013, and this request is

26  prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13

27  Order, ECF 4687; 6/11/13 Order, ECF 4646.)

28

11

1

Dated:  August 13, 2013

2                                              KAMALA D. HARRIS
                                               Attorney General of California
3                                              JAY C. RUSSELL
                                               Supervising Deputy Attorney General
4

5

6                                              PATRICK R. MCKINNEY
                                               Deputy Attorney General
7                                              *Attorneys for Defendants*

CF1997CS0003
8    20718829.doc

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12

# Exhibit G

| | |
|---|---|
| **From:** | Krista Stone-Manista |
| **Sent:** | Thursday, August 15, 2013 10:24 AM |
| **To:** | 'Patrick McKinney'; Michael W. Bien; Lori Rifkin |
| **Cc:** | Debbie Vorous; Jay Russell; Coleman Team - RBG Only; Maneesh Sharma; Bornstein, Jeffrey L. (jeffrey.bornstein@klgates.com); Michaelson, Jon; Cesare-Eastman, Megan F.; Donald Specter; Steve Fama |
| **Subject:** | RE: Coleman, Deposition Subpoenas and Requests for Documents [IWOV-DMS.FID6429] |

Patrick,

This email is to confirm our conversation yesterday regarding the depositions.  Defendants will not be producing Ms. Ahlin, Ms. Bachman, Dr. Monthei, or Warden Chappell for deposition on Monday August 19, despite Plaintiffs' deposition subpoenas for that date that were served on August 6th.  You are standing on your objections to the depositions of Ms. Ahlin, Ms. Bachman, and Warden Chappell, due to your contention that discovery is closed on issues related to the specialized care for the condemned program.  You may, notwithstanding your objections, be willing to produce Dr. Monthei for deposition at a later date.  Please provide us as soon as possible with the dates on which Dr. Monthei is available for deposition.

Best,

Krista

**Krista Stone-Manista**
ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
(415) 433-6830
KStone-Manista@rbgg.com

CONFIDENTIALITY NOTICE: The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.

IRS CIRCULAR 230 NOTICE:  As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

# Exhibit H

| | |
|---|---|
| **From:** | Patrick McKinney <Patrick.McKinney@doj.ca.gov> |
| **Sent:** | Wednesday, August 21, 2013 9:12 AM |
| **To:** | Krista Stone-Manista |
| **Cc:** | Michael W. Bien; Lori Rifkin; Debbie Vorous; Jay Russell; Coleman Team - RBG Only; Maneesh Sharma; Bornstein, Jeffrey L. (jeffrey.bornstein@klgates.com); Michaelson, Jon; Cesare-Eastman, Megan F.; Donald Specter; Steve Fama |
| **Subject:** | RE: Coleman, Deposition Subpoenas and Requests for Documents [IWOV-DMS.FID6429] |

Krista, based on among other things the fact that discovery is closed and Plaintiffs represented to the Court back in May that they would take no discovery with respect to this motion, you are correct that Defendants will not produce Dr. Monthei for deposition in advance of the approaching evidentiary hearing.  Thanks, Patrick

---

**From:** Krista Stone-Manista [mailto:KStone-Manista@rbgg.com]
**Sent:** Tuesday, August 20, 2013 4:29 PM
**To:** Patrick McKinney
**Cc:** Michael W. Bien; Lori Rifkin; Debbie Vorous; Jay Russell; Coleman Team - RBG Only; Maneesh Sharma; Bornstein, Jeffrey L. (jeffrey.bornstein@klgates.com); Michaelson, Jon; Cesare-Eastman, Megan F.; Donald Specter; Steve Fama
**Subject:** RE: Coleman, Deposition Subpoenas and Requests for Documents [IWOV-DMS.FID6429]

Dear Patrick,

As we've been unable to talk this week, I write to clarify one aspect of your position.  Have you reached a final decision that you will not produce Dr. Monthei for deposition, at any date?  If you are willing to produce him, please provide his dates of availability for deposition.  If you are not willing to produce him, we will proceed with filing an appropriate motion before the Court.

Regards,

Krista

**Krista Stone-Manista**
ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
(415) 433-6830
KStone-Manista@rbgg.com

CONFIDENTIALITY NOTICE: The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.

IRS CIRCULAR 230 NOTICE:  As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

# Exhibit I

| | |
|---|---|
| **From:** | Lori Rifkin |
| **Sent:** | Thursday, August 01, 2013 4:21 PM |
| **To:** | Jay Russell; 'Patrick McKinney (Patrick.McKinney@doj.ca.gov)'; Debbie Vorous |
| **Cc:** | Coleman Team - RBG Only; 'Michaelson, Jon (Jon.Michaelson@klgates.com)'; 'Bornstein, Jeffrey L. (Jeffrey.Bornstein@klgates.com) (Jeffrey.Bornstein@klgates.com)'; 'Cesare-Eastman, Megan F. (megan.cesare-eastman@klgates.com)' |
| **Subject:** | Coleman: preliminary witness list [IWOV-DMS.FID6429] |

Counsel,

Per the parties' agreement to exchange preliminary witness lists on August 1, below please find Plaintiffs' witness list.  The parties had previously agreed to exchange supplemental witness lists on August 15, after Plaintiffs filed reply briefs.  Given the extension of the filing deadline until August 23, we suggest that supplemental witness lists be exchanged August 29 and that any additional depositions be conducted by September 13.  Please let us know if that schedule is acceptable to Defendants.

Plaintiffs' Preliminary Witness List for San Quentin Death Row (SQ), Use of Force & Disciplinary Measures (UOF), and Segregation (Seg)

1. Dr. Craig Haney – Seg
2. Dr. Pablo Stewart – SQ, Seg
3. Dr. Edward Kaufman – Seg, UOF
4. Mr. Eldon Vail – UOF
5. Ms. Jeanne Woodford – SQ

Sincerely,

Lori Rifkin

ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
lrifkin@rbgg.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.
IRS CIRCULAR 230 NOTICE:  As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

| | |
|---|---|
| **From:** | Aaron Fischer |
| **Sent:** | Thursday, August 29, 2013 10:49 AM |
| **To:** | Debbie Vorous; Lori Rifkin; Jay Russell; 'Patrick McKinney' |
| **Cc:** | Coleman Team - RBG Only; 'Michaelson, Jon (jon.michaelson@klgates.com)'; 'Bornstein, Jeffrey L. (jeffrey.bornstein@klgates.com) (jeffrey.bornstein@klgates.com)'; 'Cesare-Eastman, Megan F. (megan.cesare-eastman@klgates.com)' |
| **Subject:** | RE: Coleman: preliminary witness list [IWOV-DMS.FID6429] |

Debbie,

I write to confirm that Plaintiffs expect James Austin to provide testimony at the hearing on Plaintiffs' motion re: Segregation.  His reply expert declaration in support of Plaintiffs' motion was filed on August 23, 2013, at Dkt No. 4762.

Thank you.

Aaron


Aaron J. Fischer, Esq.
ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Tel: (415) 433-6830
Fax: (415) 433-7104
afischer@rbgg.com<mailto:afischer@rbgg.com>
www.rbgg.com<http://www.rbgg.com/>

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com<mailto:rbg@rbg-law.com>.

IRS CIRCULAR 230 NOTICE:  As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.