# Exhibit 1

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

---oOo---

BEFORE THE HONORABLE LAWRENCE K. KARLTON, JUDGE

---oOo---

RALPH COLEMAN, et al.,

       Plaintiffs,

vs.                                                    No. Civ. S-90-0520

EDMUND G. BROWN, Jr.,
et al.,

       Defendants.

_____/

---oOo---

REPORTER'S TRANSCRIPT OF PROCEEDINGS

STATUS CONFERENCE

THURSDAY, MAY 23, 2013

---oOo---

Reported by:   KATHY L. SWINHART, CSR #10150

```
 1                         APPEARANCES

 2
     For the Plaintiffs:
 3
             ROSEN, BIEN, GALVAN & GRUNFELD
 4           315 Montgomery Street, Tenth Floor
             San Francisco, California  94104-1823
 5           BY:    MICHAEL W. BIEN
             and    JANE E. KAHN
 6

 7   For the Defendants:

 8           STATE OF CALIFORNIA, DEPARTMENT OF JUSTICE
             OFFICE OF THE ATTORNEY GENERAL
 9           1300 I Street, Suite 125
             Post Office Box 944255
10           Sacramento, California  94244-2550
             BY:    DEBBIE J. VOROUS
11
                             and
12
             STATE OF CALIFORNIA, DEPARTMENT OF JUSTICE
13           OFFICE OF THE ATTORNEY GENERAL
             455 Golden Gate Avenue, 11th Floor
14           San Francisco, California  94104-7004
             BY:    JAY C. RUSSELL
15

16

17

18

19

20

21

22

23

24

25
```

KATHY L. SWINHART, OFFICIAL COURT REPORTER, USDC -- (916) 446-1347

1  force and so forth.

2  What's your -- what do you believe about whether they
3  are interrelated and should be handled as a unit?

4  MR. BIEN: We -- as to the two motions that have
5  already been filed, I think the two of them are distinct, the
6  Department of State Hospitals access and segregation.

7  The use of force and RVR, you know, is probably --

8  THE COURT: No, I don't know. That's why I'm asking.

9  MR. BIEN: Right, is probably more closely related to
10 the segregation issues than anything else.

11 THE COURT: All right.

12 MR. BIEN: But, you know, whether or not it should all
13 be done together or not, I don't know. I think the state
14 hospital issue is pretty distinct.

15 THE COURT: You're going to file within a week?

16 MR. BIEN: Yes, Your Honor. And, again, it all flows
17 from the discovery that was already done in the termination
18 proceeding.

19 THE COURT: I'll get to you in a moment, Ms. Vorous.
20 I'm just trying to think through what I've been told.

21 Part of the problem, Mr. Bien, is I understand that
22 you are saying that these motions are, at least in some
23 significant way, the result of discovery that you conducted in
24 connection with the termination motion.

25 And I expect, to be candid with you, that in part the

1  negotiating process that the special master has been engaged
2  in for years has been significantly -- "undermined" isn't the
3  right word, but for better or worse I'll just use the word --
4  undermined by virtue of the termination motion and the posture
5  that the State adopted relative to that.
6       But, in any event, even assuming that your discovery
7  has been mostly satisfied by virtue of that -- I can't say
8  that for the State -- the State has to know what your people
9  are going to say and why they're going to say it. And I take
10 it that that's what you're asking for in the way of discovery
11 that I denied the motion that I'm now reconsidering.
12      Is that right, Ms. Vorous?
13      MS. VOROUS: Yes, that's correct, Your Honor.
14      MR. BIEN: Your Honor, if I may. Most of the
15 witnesses, if not all of the witnesses, have been deposed on
16 these -- in other words, these were positions that they took
17 in their termination motion because we sought to prove
18 constitutional violations at that point. And so, you know,
19 our experts have been deposed once.
20      There are some witnesses that have not been deposed,
21 but they were -- either through discovery issues or other
22 issues, defendants chose not to. I'm not saying that you
23 obviously can't reconsider that issue, but it's -- it's not
24 new stuff that we're bringing up, we think.
25      THE COURT: Ms. Vorous, I'm told by plaintiff that you

```
 1   something that is going to be happening really soon.
 2           And in --
 3           THE COURT:  When is the state hospital supposed to --
 4   I'm sorry -- Stockton supposed to open?  I'm sorry.  I was
 5   just told by the special master, and it's just gone right out
 6   of my head.
 7           MR. BIEN:  I think they're planning on July 1 or soon
 8   thereafter.
 9           MS. VOROUS:  July 22nd is when they're going to start
10   bringing in patients into the ICF program.
11           THE COURT:  And by the end of 2013, you expect them to
12   be fully operational and everybody in --
13           MS. VOROUS:  Yeah, I would expect that perhaps the DSH
14   programs, the Department of State Hospitals programs be full
15   before the end of the year, but the facility in total is
16   intended to be fully occupied by the end of December.
17           THE COURT:  Mr. Bien, I understand what you've just
18.  said, but if their chief witness is not available, he's not
19   available.
20           MR. BIEN:  Right.
21           THE COURT:  I mean, that's the way it is.
22           MR. BIEN:  I guess I'm -- we just found out -- we had
23   a conversation with Ms. Vorous in advance of the hearing,
24   found out about this.  And I guess one possible thing would be
25   to, you know, take his deposition in advance maybe by video or
```

```
 1    something and let both sides --
 2            THE COURT:  I'm going to say it again.  My own view is
 3    that I want a perfected record, and I'm not sure that a
 4    deposition will do the job.  Of course, it would be available
 5    to the Court of Appeals if we did that.
 6            Any objection to that thought, ma'am?
 7            MS. VOROUS:  Yes, Your Honor.  We do object to having
 8    his testimony by deposition.
 9            MR. BIEN:  Your Honor, I would also suggest that on
10    the other motions, that it's important to see what issues
11    actually emerge once defendants oppose the motions.  On
12    segregation, they haven't even filed their opposition yet, so
13    we don't really know what the scope of the dispute is and --
14            THE COURT:  All right.  All right.  The Court's
15    previous order denying further discovery to the defendants is
16    vacated.
17            You're going to file your new motion next week?
18            MR. BIEN:  Yes.
19            THE COURT:  And you're going to reply to all of the
20    motions when?
21            MS. VOROUS:  I'm sorry, Your Honor?
22            THE COURT:  When do you file your response to all of
23    the motions?
24            MR. BIEN:  Well, the segregation opposition I think is
25    due on June 3rd, Your Honor.
```

1    THE COURT: I certainly will consider it. But, to be
2  candid with you, it doesn't seem to me -- with the exception
3  of Dr. Haney -- which, yes, I will tell you now, you have a
4  right to depose, and you will make arrangements to have him
5  available for that.
6    Beyond that, I don't know what -- I would have
7  expected really that he wants a deposition of your experts
8  relative to the ad seg issue to the extent that it's involving
9  custody matters rather than medical questions. But maybe you
10 can work that out and, if you can't, then I'll have to do
11 something. I'll have to have a hearing about that as well.
12   MR. BIEN: Your Honor, there's one other -- I just
13 want to -- as we're talking about scheduling, I just want to
14 reveal that there's another dispute between the parties that's
15 emerged which is concerning attorney's fees for the
16 termination proceeding.
17   And we will --
18   THE COURT: That I can do without a lot of brouhaha.
19   You file your request, you oppose it and show why --
20   MR. BIEN: Okay.
21   THE COURT: -- and I'll decide it.
22   MR. BIEN: Okay.
23   THE COURT: I mean, that doesn't require --
24   MR. BIEN: I just wanted to give notice.
25   THE COURT: Yeah, that doesn't require, hopefully

```
 1    doesn't require a further evidentiary hearing.
 2            Well, I think we've done what we can do today.  I
 3    don't know what else we can do.
 4            Thank you, folks.
 5            MR. BIEN:  Thank you, Your Honor.
 6            MS. VOROUS:  Thank you.
 7            THE COURT:  Stand in recess.
 8               (Proceedings were concluded at 10:30 a.m.)
 9                          ---o0o---
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1   I certify that the foregoing is a correct transcript
2   from the record of proceedings in the above-entitled matter.
3
4
                            /s/ Kathy L. Swinhart
5                           KATHY L. SWINHART, CSR #10150