# Exhibit 2

KAMALA D. HARRIS
Attorney General of California
JAY C. RUSSELL
Supervising Deputy Attorney General
DEBBIE VOROUS, State Bar No. 166884
PATRICK R. MCKINNEY, State Bar No. 215228
MANEESH SHARMA, State Bar No. 280084
Deputy Attorneys General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-5553
 Fax: (415) 703-1234
 E-mail: Maneesh.Sharma@doj.ca.gov
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>                              Plaintiffs,<br><br>v.<br><br>EDMUND G. BROWN JR., et al.,<br><br>                              Defendants. | 2:90-cv-00520 LKK JFM PC<br><br>**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' DEPOSITION SUBPOENA ISSUED UNDER FEDERAL RULE OF CIVIL PROCEDURE 45 TO PARTY WITNESS ERIC MONTHEI** |

Defendants object and respond to Plaintiffs' deposition subpoena, with request for documents, under Federal Rule of Civil Procedure 45 to party witness Eric Monthei as follows:

### PRELIMINARY STATEMENT

The information provided in these responses is true and correct, according to Defendants' best knowledge at this time, but it is subject to future correction for omissions, errors, or mistakes. Defendants reserve the right to produce evidence of any subsequently discovered facts or interpretations of facts, and to amend, modify, or otherwise change the responses, in accordance with applicable discovery rules.

1

## GENERAL OBJECTIONS

1. Defendants object to the subpoena and each request for production of documents because discovery has been closed since May 16, 2013 on Plaintiffs' motion related to the specialized care for the condemned program. (ECF 4617.) At the May 23, 2013 status conference, Plaintiffs' counsel informed the Court that Plaintiffs would not take any discovery in support of this motion. (*See* 5/23/13 Tr. at 5.) The Court also expressly denied Plaintiffs' request to take Dr. Monthei's deposition to be used for trial purposes. (*Id.* at 11:2-8 & 18:1-5.) Accordingly, Defendants will not produce Dr. Monthei for deposition on August 19, 2013, and will not produce the requested documents. *See* Fed. R. Civ. P. 45(c); *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986) (discovery not completed by the cut-off date is not enforceable).

2. Defendants object to the subpoena and each request for production of documents because it is defective, untimely, and served for the purpose of harassing Defendants. Federal Rule of Civil Procedure 34 is the exclusive means of obtaining documents or other tangible evidence from a party. *Alper v. United States*, 190 F.R.D. 281, 283 (D. Mass. 2000).

3. Defendants object to the subpoena and each request for production of documents to the extent it purports to require a deposition and production of documents at a particular time and location.

4. Defendants object to the subpoena and each request for production of documents because the Court has limited discovery to depositions of Defendants' declarants offered in support of their oppositions to Plaintiffs' motion regarding housing and treatment of seriously mentally ill prisoners in segregation, and Plaintiffs' motion related to use of force and disciplinary measures. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.) Plaintiffs' requests are prohibited by the Court's July 10, 2013 order, which states: "Plaintiffs may take depositions of defendants' witnesses in advance of filing their reply briefs" on August 9, 2013 (ECF 4687 ¶¶ 2 & 3), and the Court's August 1, 2013 order, which states: "The parties jointly requested an extension of the deadlines set in the court's July 10, 2013 order for the filing of plaintiffs' reply brief and completion of depositions to and including August 23, 2013. That will be the order of the court." (ECF 4725 at 2:5-7.) The Court's

Defs'. Obj. & Resp. to Monthei Subpoena (2:90-cv-00520 LKK JFM PC)

limitation of discovery to depositions of Defendants' declarants must be read together with the Court's June 11, 2013 order (ECF 4646) and the parties' July 18, 2013 stipulation (ECF 4683). As stated in the June 11 order, discovery has been and remains open until August 23 only as to Defendants' declarants in opposition to Plaintiffs' motions concerning segregated housing and use of force and disciplinary measures. This is confirmed by the parties' stipulation which addressed only the "proposed schedule for *completion of discovery and briefing Plaintiffs' Motion for Enforcement and Court Orders and Affirmative Relief re: Improper Housing and Treatment of Seriously Mentally Ill Prisoners in Segregation ('Segregation Motion') and Motion for Enforcement of Court Orders and Affirmative Relief Related to Use of Force and Disciplinary Measures ('Use of Force/Discipline Motion')*." (ECF 4683 at 1 [emphasis added].)

5. Defendants object to each document request in the subpoena because they are prohibited by the Court's August 9, 2013 order, which states that "any request for production in connection with a deposition should be limited to documents relied on by the defense witness in preparing his or her declaration or testimony." (ECF 4738 at 3.) Defendants will not produce any documents not reviewed, considered, or relied on by the witness to prepare his May 9, 2013 declaration submitted in support of Defendants' Opposition to Motion for Affirmative Relief Related to Inpatient Treatment (ECF 4593).

6. Defendants object to the subpoena and each request for production of documents to the extent they exceed the scope of discovery permitted by Federal Rule of Civil Procedure 26. Defendants further object to the subpoena and each request for production of documents to the extent they seek irrelevant information, or information not reasonably calculated to lead to the discovery of admissible evidence.

7. Defendants object to the subpoena and each request for production of documents to the extent they purport to seek information or documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, the federal law enforcement investigatory privilege, the right to privacy in confidential personnel information protected by the California Constitution, or the United States Constitution, or any other applicable privilege or immunity.

3

8. Defendants object to the subpoena and each request for production of documents to the extent they seek documents that are not in Defendants' possession, custody, or control, have already been produced to Plaintiffs or are in Plaintiffs' possession, custody, or control, or are equally available to Plaintiffs.

**REQUEST FOR PRODUCTION NO. 1:**

Any and all medical, mental health, and/or custodial records of Coleman class members relied upon in the preparation of the Declaration of Eric Monthei in Support of Defendants' Opposition to Plaintiffs' Motion Related to Inpatient Treatment ("Monthei Declaration") (Coleman Docket No. 4593).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendants incorporate by reference the above General Objections as though fully stated in this response. Defendants further object to this request because it seeks irrelevant information, or information not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request because discovery closed on Plaintiffs' motion on May 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

**REQUEST FOR PRODUCTION NO. 2:**

All mental health, disciplinary records, and placement chronos from February 2013 to the present for Coleman class members housed at San Quentin State Prison and included in the list of class member requests sent by Aaron J. Fisher to Michael Stone and Nick Weber on August 2, 2013 (see attached, Prisoners #1-9, 33-36).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendants incorporate by reference the above General Objections as though fully stated in this response. Defendants further object to this request because the request for "all mental health, disciplinary records, and placement records" related to 13 individual inmates is overbroad and unduly burdensome. Defendants further object to this request because the documents requested were neither reviewed nor considered by the witness to prepare his May 9, 2013 declaration (ECF 4593). Defendants further object to this request because it seeks irrelevant

1  information, or information not reasonably calculated to lead to the discovery of admissible
2  evidence. Defendants further object to this request because discovery closed on Plaintiffs'
3  motion on May 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order,
4  ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

**REQUEST FOR PRODUCTION NO. 3:**

Any and all policies and procedures memorializing, setting forth, describing, or governing the "specialized care" or "specialized treatment" program for treatment of condemned inmates, as discussed throughout the Monthei Declaration.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendants incorporate by reference the above General Objections as though fully stated in this response. Defendants further object to this request because terms "memorializing, setting forth, describing, or governing" are overbroad, vague, ambiguous, and unduly burdensome. Defendants further object to this request because the documents requested were neither reviewed nor considered by the witness to prepare his May 9, 2013 declaration (ECF 4593). Defendants further object to this request because it seeks irrelevant information, or information not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request because discovery closed on Plaintiffs' motion on May 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents related to the "clinical rationale" for the specialized care or specialized treatment program, as discussed in Paragraph 6 of the Monthei Declaration.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendants incorporate by reference the above General Objections as though fully stated in this response. Defendants further object to this request because it is overbroad, vague, and ambiguous. Defendants further object to this request because the documents requested were neither reviewed nor considered by the witness to prepare his May 9, 2013 declaration (ECF 4593). Defendants further object to this request because discovery closed on Plaintiffs' motion

5

1  on May 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738;
2  8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

**REQUEST FOR PRODUCTION NO. 5:**

The list of "twenty condemned inmates within the Mental Health Services Delivery System" identified "for specialized treatment" as of January 29, 2011, as stated in Paragraph 8 of the Monthei Declaration.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendants incorporate by reference the above General Objections as though fully stated in this response. Defendants further object to this request because the documents requested were neither reviewed nor considered by the witness to prepare his May 9, 2013 declaration (ECF 4593). Defendants further object to this request as argumentative and unintelligible, because Paragraph 8 of Dr. Monthei's declaration makes no reference to a "list." Defendants' further object to this request to the extent it does not seek designated documents or designated tangible things. Defendants further object to this request because discovery closed on Plaintiffs' motion on May 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

**REQUEST FOR PRODUCTION NO. 6:**

The list of inmates "housed in the designated specialized care beds," as stated in Paragraph 10 of the Monthei Declaration, as of May 9, 2013, as well as a current list of inmates housed in such beds.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendants incorporate by reference the above General Objections as though fully stated in this response. Defendants further object to this request because the documents requested were neither reviewed nor considered by the witness to prepare his May 9, 2013 declaration (ECF 4593). Defendants further object to this request as argumentative and unintelligible, because Paragraph 10 of Dr. Monthei's declaration makes no reference to a "list." Defendants' further object to this request to the extent it does not seek designated documents or designated tangible things. Defendants further object to this request because discovery closed on Plaintiffs' motion

on May 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

**REQUEST FOR PRODUCTION NO. 7:**

The list of inmates "receiving specialized care while they continue[d] to be housed on their regular housing unit," as stated in Paragraph 10 of the Monthei Declaration, as of May 9, 2013, as well as a current list of inmates receiving such care.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendants incorporate by reference the above General Objections as though fully stated in this response. Defendants further object to this request because the documents requested were neither reviewed nor considered by the witness to prepare his May 9, 2013 declaration (ECF 4593). Defendants further object to this request as argumentative and unintelligible, because Paragraph 10 of Dr. Monthei's declaration makes no reference to a "list." Defendants' further object to this request to the extent it does not seek designated documents or designated tangible things. Defendants further object to this request because discovery closed on Plaintiffs' motion on May 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

**REQUEST FOR PRODUCTION NO. 8:**

A complete and accurate copy of the "update to the special master regarding six condemned inmates who were receiving specialized treatment under the plan" provided on July 2, 2012, as stated in Paragraph 12 of the Monthei Declaration.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendants incorporate by reference the above General Objections as though fully stated in this response. Defendants further object to this request because the documents requested were neither reviewed nor considered by the witness to prepare his May 9, 2013 declaration (ECF 4593). Defendants further object to this request because discovery closed on Plaintiffs' motion on May 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

**REQUEST FOR PRODUCTION NO. 9:**

Any and all documents memorializing, setting forth, describing, or governing the use of housing and treatment spaces within the Central Health Services Building for the specialized treatment plan, as described in Paragraph 17 of the Monthei Declaration.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendants incorporate by reference the above General Objections as though fully stated in this response. Defendants further object to this request as argumentative and unintelligible, because Paragraph 17 of Dr. Monthei's declaration makes no reference to "documents memorializing, setting forth, describing, or governing the use of . . . .", which is in any event overbroad, vague, ambiguous, and unduly burdensome in the context of this request. Defendants further object to this request because the documents requested were neither reviewed nor considered by the witness to prepare his May 9, 2013 declaration (ECF 4593). Defendants further object to this request because discovery closed on Plaintiffs' motion on May 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

**REQUEST FOR PRODUCTION NO. 10:**

Any and all documents memorializing, setting forth, describing, or governing the "specific entrance criteria" for the specialized care program, as described in Paragraph 18 of the Monthei Declaration.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendants incorporate by reference the above General Objections as though fully stated in this response. Defendants further object to this request as argumentative and unintelligible, because Paragraph 18 of Dr. Monthei's declaration makes no reference to "documents memorializing, setting forth, describing, or governing the 'specific entrance criteria' for the specialized care program," which is in any event overbroad, vague, ambiguous, and unduly burdensome in the context of this request. Defendants further object to this request because the documents requested were neither reviewed nor considered by the witness to prepare his May 9, 2013 declaration (ECF 4593). Defendants further object to this request because discovery closed

8

1  on Plaintiffs' motion on May 16, 2013, and this request is prohibited by the Court's Orders.
2  (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order,
3  ECF 4646.)

**REQUEST FOR PRODUCTION NO. 11:**

Any and all documents memorializing, setting forth, describing, or governing the evaluation process for an inmate's entry into the specialized care program, as described in Paragraph 19 of the Monthei Declaration.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendants incorporate by reference the above General Objections as though fully stated in this response. Defendants further object to this request as argumentative and unintelligible, because Paragraph 19 of Dr. Monthei's declaration makes no reference to "documents memorializing, setting forth, describing, or governing the evaluation process for an inmate's entry into the specialized care program," which is in any event overbroad, vague, ambiguous, and unduly burdensome. Defendants further object to this request because the documents requested were neither reviewed nor considered by the witness to prepare his May 9, 2013 declaration (ECF 4593). Defendants further object to this request because discovery closed on Plaintiffs' motion on May 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

**REQUEST FOR PRODUCTION NO. 12:**

Any and all documents memorializing, setting forth, describing, or governing the "Positive Incentive Program" described in Paragraph 22 of the Monthei Declaration.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendants incorporate by reference the above General Objections as though fully stated in this response. Defendants further object to this request as argumentative and unintelligible, because Paragraph 22 of Dr. Monthei's declaration makes no reference to "documents memorializing, setting forth, describing, or governing the 'Positive Incentive Program," which is in any event overbroad, vague, ambiguous, and unduly burdensome. Defendants further object to this request because the documents requested were neither reviewed nor considered by the

9

witness to prepare his May 9, 2013 declaration (ECF 4593). Defendants further object to this request because discovery closed on Plaintiffs' motion on May 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

**REQUEST FOR PRODUCTION NO. 13:**

Any and all documents and/or data regarding the allocation, assignment, or hiring of mental health staffing for the specialized treatment plan, as described in Paragraph 26 of the Monthei Declaration, including any and all documents and/or data reflecting current actual staffing rates and/or vacancies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendants incorporate by reference the above General Objections as though fully stated in this response. Defendants further object to this request because the terms "documents and/or data regarding the allocation, assignment, or hiring of mental health staffing" are overbroad, vague, ambiguous, and unduly burdensome. Defendants further object to this request because it seeks irrelevant information, or information not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request because the documents requested were neither reviewed nor considered by the witness to prepare his May 9, 2013 declaration (ECF 4593). Defendants further object to this request because discovery closed on Plaintiffs' motion on May 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

**REQUEST FOR PRODUCTION NO. 14:**

Any and all documents and/or data supporting the assertions made by Dr. Monthei in Paragraphs 28-33 (inclusive) of the Monthei Declaration, or relied upon by him in drafting said paragraphs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendants incorporate by reference the above General Objections as though fully stated in this response. Defendants further object that the phrase "documents and/or data supporting the assertions made" is overbroad, vague, and ambiguous. Defendants further object to this request

because the documents requested were neither reviewed nor considered by the witness to prepare his May 9, 2013 declaration (ECF 4593). Defendants further object to this request because discovery closed on Plaintiffs' motion on May 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

**REQUEST FOR PRODUCTION NO. 15:**

Any and all treatment records relied upon by Dr. Monthei in drafting Paragraphs 34-40 of the Monthei Declaration but not filed as Exhibits to his Declaration or to the sealed declaration of Debbie Vorous also filed on the May 9, 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendants incorporate by reference the above General Objections as though fully stated in this response. Defendants further object to this request because discovery closed on Plaintiffs' motion on May 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

**REQUEST FOR PRODUCTION NO. 16:**

Any and all additional documents upon which Dr. Monthei intends to rely in preparation for or during his testimony at the hearing for which he has been noticed as a witness.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendants incorporate by reference the above General Objections as though fully stated in this response. Defendants further object to this request because it is speculative. Defendants further object to this request because the documents requested were neither reviewed nor considered by the witness to prepare his May 9, 2013 declaration (ECF 4593). Defendants further object to this request because it seeks irrelevant information, or information not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request because discovery closed on Plaintiffs' motion on May 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

Dated: August 13, 2013

KAMALA D. HARRIS
Attorney General of California
JAY C. RUSSELL
Supervising Deputy Attorney General

*[signature]*

PATRICK R. MCKINNEY
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003
20718829.doc