# Exhibit 4

KAMALA D. HARRIS
Attorney General of California
JAY C. RUSSELL
Supervising Deputy Attorney General
DEBBIE VOROUS, State Bar No. 166884
PATRICK R. MCKINNEY, State Bar No. 215228
MANEESH SHARMA, State Bar No. 280084
Deputy Attorneys General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-5553
 Fax: (415) 703-1234
 E-mail: Maneesh.Sharma@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>                                         Plaintiffs,<br><br>v.<br><br>EDMUND G. BROWN JR., et al.,<br><br>                                         Defendants. | 2:90-cv-00520 LKK JFM PC<br><br>**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' DEPOSITION SUBPOENA ISSUED UNDER FEDERAL RULE OF CIVIL PROCEDURE 45 TO PARTY WITNESS ELLEN BACHMAN** |

Defendants object and respond to Plaintiffs' deposition subpoena, with request for documents, under Federal Rule of Civil Procedure 45 to party witness Ellen Bachman as follows:

**PRELIMINARY STATEMENT**

The information provided in these responses is true and correct, according to Defendants' best knowledge at this time, but it is subject to future correction for omissions, errors, or mistakes. Defendants reserve the right to produce evidence of any subsequently discovered facts or interpretations of facts, and to amend, modify, or otherwise change the responses, in accordance with applicable discovery rules.

1

Defs.' Obj. & Resp. to Bachman Subpoena (2:90-cv-00520 LKK JFM PC)

## GENERAL OBJECTIONS

1.  Defendants object to the subpoena and each request for production of documents because discovery has been closed since May 16, 2013 on Plaintiffs' motion related to the specialized care for the condemned program. (ECF 4617.) At the May 23, 2013 status conference, Plaintiffs' counsel informed the Court that Plaintiffs would not take any discovery in support of this motion. (*See* 5/23/13 Tr. at 5.) Accordingly, Defendants will not produce Ms. Bachman for deposition on August 19, 2013, and will not produce the requested documents. *See* Fed. R. Civ. P. 45(c); *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986) (discovery not completed by the cut-off date is not enforceable).

2.  Defendants object to the subpoena and each request for production of documents because it is defective, untimely, and served for the purpose of harassing Defendants. Federal Rule of Civil Procedure 34 is the exclusive means of obtaining documents or other tangible evidence from a party. *Alper v. United States*, 190 F.R.D. 281, 283 (D. Mass. 2000).

3.  Defendants object to the subpoena and each request for production of documents to the extent it purports to require a deposition and production of documents at a particular time and location.

4.  Defendants object to the subpoena and each request for production of documents because the Court has limited discovery to depositions of Defendants' declarants offered in support of their oppositions to Plaintiffs' motion regarding housing and treatment of seriously mentally ill prisoners in segregation, and Plaintiffs' motion related to use of force and disciplinary measures. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.) Plaintiffs' requests are prohibited by the Court's July 10, 2013 order, which states: "Plaintiffs may take depositions of defendants' witnesses in advance of filing their reply briefs" on August 9, 2013 (ECF 4687 ¶¶ 2 & 3), and the Court's August 1, 2013 order, which states: "The parties jointly requested an extension of the deadlines set in the court's July 10, 2013 order for the filing of plaintiffs' reply brief and completion of depositions to and including August 23, 2013. That will be the order of the court." (ECF 4725 at 2:5-7.) The Court's limitation of discovery to depositions of Defendants' declarants must be read together with the

2

Defs.' Obj. & Resp. to Bachman Subpoena (2:90-cv-00520 LKK JFM PC)

Court's June 11, 2013 order (ECF 4646) and the parties' July 18, 2013 stipulation (ECF 4683). As stated in the June 11 order, discovery has been and remains open until August 23 only as to Defendants' declarants in opposition to Plaintiffs' motions concerning segregated housing and use of force and disciplinary measures. This is confirmed by the parties' stipulation which addressed only the "proposed schedule for *completion of discovery and briefing Plaintiffs' Motion for Enforcement and Court Orders and Affirmative Relief re: Improper Housing and Treatment of Seriously Mentally Ill Prisoners in Segregation ('Segregation Motion') and Motion for Enforcement of Court Orders and Affirmative Relief Related to Use of Force and Disciplinary Measures ('Use of Force/Discipline Motion').*" (ECF 4683 at 1 [emphasis added].)

5. Defendants object to each document request in the subpoena because they are prohibited by the Court's August 9, 2013 order, which states that "any request for production in connection with a deposition should be limited to documents relied on by the defense witness in preparing his or her declaration or testimony." (ECF 4738 at 3.) Defendants will not produce any documents not reviewed, considered, or relied on by the witness to prepare her May 9, 2013 declaration submitted in support of Defendants' Opposition to Motion for Affirmative Relief Related to Inpatient Treatment (ECF 4598).

6. Defendants object to the subpoena and each request for production of documents to the extent they exceed the scope of discovery permitted by Federal Rule of Civil Procedure 26. Defendants further object to the subpoena and each request for production of documents to the extent they seek irrelevant information, or information not reasonably calculated to lead to the discovery of admissible evidence.

7. Defendants object to the subpoena and each request for production of documents to the extent they purport to seek information or documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, the federal law enforcement investigatory privilege, the right to privacy in confidential personnel information protected by the California Constitution, or the United States Constitution, or any other applicable privilege or immunity.

3

Defs.' Obj. & Resp. to Bachman Subpoena (2:90-cv-00520 LKK JFM PC)

8. Defendants object to the subpoena and each request for production of documents to the extent they seek documents that are not in Defendants' possession, custody, or control, have already been produced to Plaintiffs or are in Plaintiffs' possession, custody, or control, or are equally available to Plaintiffs.

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents relied upon for the preparation of paragraphs 22-25 (inclusive) of the Declaration of Ellen Bachman in Support of Defendants' Opposition to Plaintiffs' Motion Related to Inpatient Treatment ("Bachman Declaration") (*Coleman* Docket No. 4598).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendants incorporate by reference the above General Objections as though fully stated in this response. Defendants further object to this request because discovery closed on Plaintiffs' motion on May 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

**REQUEST FOR PRODUCTION NO. 2:**

Any and all policies or procedures governing the operation of the "Positive Behavior Support Team" at Vacaville Psychiatric Program, as referenced in Paragraph 22 of the Bachman Declaration.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendants incorporate by reference the above General Objections as though fully stated in this response. Defendants further object to this request as overbroad, vague, ambiguous, and unduly burdensome. Defendants further object to this request because the documents requested were neither reviewed nor considered by the witness to prepare her May 9, 2013 declaration (ECF 4598). Defendants further object to this request because it is duplicative of other requests propounded by Plaintiffs, and is therefore unduly burdensome. Defendants further object to this request because discovery closed on Plaintiffs' motion on May 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

4

Defs.' Obj. & Resp. to Bachman Subpoena (2:90-cv-00520 LKK JFM PC)

1  **REQUEST FOR PRODUCTION NO. 3:**

2  All medical, psychiatric, and custody records for the condemned inmate referred to in
3  Paragraph 22 of the Bachman Declaration, for the period of April 2011-present.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

5  Defendants incorporate by reference the above General Objections as though fully stated
6  in this response. Defendants further object to this request because it is overbroad and unduly
7  burdensome. Defendants further object to this request because the documents requested were
8  neither reviewed nor considered by the witness to prepare her May 9, 2013 declaration (ECF
9  4598). Defendants further object to this request because it is duplicative of other requests
10 propounded by Plaintiffs, and is therefore unduly burdensome. Defendants further object to this
11 request because it seeks irrelevant information, or information not reasonably calculated to lead to
12 the discovery of admissible evidence. Defendants further object to this request because discovery
13 closed on Plaintiffs' motion on May 16, 2013, and this request is prohibited by the Court's
14 Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13
15 Order, ECF 4646.)

16 **REQUEST FOR PRODUCTION NO. 4:**

17 A complete and accurate copy of the "department policy on housing and treating
18 condemned inmates in the Acute Psychiatric Program" referenced in Paragraph 23 of the
19 Bachman Declaration.

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

21 Defendants incorporate by reference the above General Objections as though fully stated
22 in this response. Defendants further object to this request because the documents requested were
23 neither reviewed nor considered by the witness to prepare her May 9, 2013 declaration (ECF
24 4598). Defendants further object to this request because it is duplicative of other requests
25 propounded by Plaintiffs, and is therefore unduly burdensome. Defendants further object to this
26 request because it seeks irrelevant information, or information not reasonably calculated to lead to
27 the discovery of admissible evidence. Defendants further object to this request because discovery
28 closed on Plaintiffs' motion on May 16, 2013, and this request is prohibited by the Court's

5

Defs.' Obj. & Resp. to Bachman Subpoena (2:90-cv-00520 LKK JFM PC)

Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

**REQUEST FOR PRODUCTION NO. 5:**

Any and all policies or procedures related to, referencing, or governing the care provided to condemned inmates at Department of State Hospitals facilities, including but not limited to the Vacaville Psychiatric Program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendants incorporate by reference the above General Objections as though fully stated in this response. Defendants further object to this request because it is overbroad and unduly burdensome, and seeks documents not in the possession, custody, or control of this witness. Defendants further object to this request because the documents requested were neither reviewed nor considered by the witness to prepare her May 9, 2013 declaration (ECF 4598). Defendants further object to this request because it is duplicative of other requests propounded by Plaintiffs, and is therefore unduly burdensome. Defendants further object to this request because it seeks irrelevant information, or information not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request because discovery closed on Plaintiffs' motion on May 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

**REQUEST FOR PRODUCTION NO. 6:**

Any and all documents, policies, or procedures related to, referencing, or governing the prohibition on transfer of condemned inmates to Department of State Hospitals facilities, including but not limited to the Vacaville Psychiatric Program, for Intermediate Care Facility ("ICF") care.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendants incorporate by reference the above General Objections as though fully stated in this response. Defendants further object to this request because the terms "all documents, policies, or procedures related to, referencing, or governing the prohibition on transfer" is overbroad, vague, and ambiguous. Defendants further object to this request because it is

6

Defs.' Obj. & Resp. to Bachman Subpoena (2:90-cv-00520 LKK JFM PC)

1  overbroad and unduly burdensome, and seeks documents not in the possession, custody, or
2  control of this witness, or are equally available to Plaintiffs. Defendants further object to this
3  request because the documents requested were neither reviewed nor considered by the witness to
4  prepare her May 9, 2013 declaration (ECF 4598). Defendants further object to this request
5  because it is duplicative of other requests propounded by Plaintiffs, and is therefore unduly
6  burdensome. Defendants further object to this request because it seeks irrelevant information, or
7  information not reasonably calculated to lead to the discovery of admissible evidence.
8  Defendants further object to this request because discovery closed on Plaintiffs' motion on May
9  16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13
10 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

**REQUEST FOR PRODUCTION NO. 7:**

Any and all documents related to, referencing, or discussing the possibility, feasibility, or desirability of providing ICF care to condemned inmates at Department of State Hospitals facilities, including but not limited to the Vacaville Psychiatric Program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendants incorporate by reference the above General Objections as though fully stated in this response. Defendants further object to this request because the terms "all documents related to, referencing, or discussing the possibility, feasibility, or desirability of providing ICF care" are overbroad, vague, and ambiguous. Defendants further object to this request because it is overbroad and unduly burdensome, and seeks documents not in the possession, custody, or control of this witness. Defendants further object to this request because it seeks production of documents and information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity. Defendants further object to this request because the documents requested were neither reviewed nor considered by the witness to prepare her May 9, 2013 declaration (ECF 4598). Defendants further object to this request because it is duplicative of other requests propounded by Plaintiffs, and is therefore unduly burdensome. Defendants further object to this request because it seeks irrelevant information, or information not reasonably calculated to lead to the discovery of admissible

7

Defs.' Obj. & Resp. to Bachman Subpoena (2:90-cv-00520 LKK JFM PC)

evidence. Defendants further object to this request because discovery closed on Plaintiffs' motion on May 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents and/or data related to mental health staffing needs or present staffing levels at Department of State Hospitals facilities, including but not limited to the Vacaville Psychiatric Program, specifically referencing, referring to, or relating to staffing requirements for the provision of mental health care to condemned inmates.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendants incorporate by reference the above General Objections as though fully stated in this response. Defendants further object to this request because the terms "all documents and/or data related to mental health staffing needs or present staffing levels at Department of State Hospitals facilities" and "specifically referencing, referring to, or relating to staffing requirements" are overbroad, vague, and ambiguous. Defendants further object to this request because it is overbroad and unduly burdensome, and seeks documents not in the possession, custody, or control of this witness. Defendants further object to this request because it seeks production of documents and information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity. Defendants further object to this request because the documents requested were neither reviewed nor considered by the witness to prepare her May 9, 2013 declaration (ECF 4598). Defendants further object to this request because it is duplicative of other requests propounded by Plaintiffs, and is therefore unduly burdensome. Defendants further object to this request because it seeks irrelevant information, or information not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request because discovery closed on Plaintiffs' motion on May 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

**REQUEST FOR PRODUCTION NO. 9:**

Any and all documents and/or data related to custodial staffing needs or present staffing

8

1 levels at Department of State Hospitals facilities, including but not limited to the Vacaville
2 Psychiatric Program, specifically referencing, referring to, or relating to staffing requirements for
3 the provision of mental health care to condemned inmates.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendants incorporate by reference the above General Objections as though fully stated in this response. Defendants further object to this request because the terms "all documents and/or data related to custodial staffing needs or present staffing level at to Department of State Hospitals facilities" and "specifically referencing, referring to, or relating to staffing requirements" are overbroad, vague, and ambiguous. Defendants further object to this request because it is overbroad and unduly burdensome, and seeks documents not in the possession, custody, or control of this witness. Defendants further object to this request because it seeks production of documents and information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity. Defendants further object to this request because the documents requested were neither reviewed nor considered by the witness to prepare her May 9, 2013 declaration (ECF 4598). Defendants further object to this request because it is duplicative of other requests propounded by Plaintiffs, and is therefore unduly burdensome. Defendants further object to this request because it seeks irrelevant information, or information not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request because discovery closed on Plaintiffs' motion on May 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

**REQUEST FOR PRODUCTION NO. 10:**

Any and all documents and/or data related to the availability of housing space suitable for use for the mental health care or treatment of condemned inmates at Department of State Hospitals facilities, including but not limited to the Vacaville Psychiatric Program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendants incorporate by reference the above General Objections as though fully stated in this response. Defendants further object to this request because the terms "all documents and/

9

1 | or data related to the availability of housing space suitable for use for the mental health care or
2 | treatment of condemned inmates at Department of State Hospitals facilities" are overbroad,
3 | vague, and ambiguous. Defendants further object to this request because it is overbroad and
4 | unduly burdensome, and seeks documents not in the possession, custody, or control of this
5 | witness. Defendants further object to this request because it seeks production of documents and
6 | information protected from discovery by the attorney-client privilege, the attorney work product
7 | doctrine, or any other applicable privilege or immunity. Defendants further object to this request
8 | because the documents requested were neither reviewed nor considered by the witness to prepare
9 | her May 9, 2013 declaration (ECF 4598). Defendants further object to this request because it is
10 | duplicative of other requests propounded by Plaintiffs, and is therefore unduly burdensome.
11 | Defendants further object to this request because it seeks irrelevant information, or information
12 | not reasonably calculated to lead to the discovery of admissible evidence. Defendants further
13 | object to this request because discovery closed on Plaintiffs' motion on May 16, 2013, and this
14 | request is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725;
15 | 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

16 | **REQUEST FOR PRODUCTION NO. 11:**

17 | Any and all documents, policies, or procedures that provides that only one condemned
18 | inmate may be housed at any Department of State Hospitals acute psychiatric care program (APP)
19 | at any given time, or contains information regarding any limit on the number of condemned
20 | inmates that may be housed at any APP facility.

21 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

22 | Defendants incorporate by reference the above General Objections as though fully stated
23 | in this response. Defendants further object to this request because the terms "all documents,
24 | policies or procedures" and "contains information regarding any limit on the number of
25 | condemned inmates" are overbroad, vague, and ambiguous. Defendants further object to this
26 | request because it is overbroad and unduly burdensome, and seeks documents not in the
27 | possession, custody, or control of this witness. Defendants further object to this request because
28 | it seeks production of documents and information protected from discovery by the attorney-client

10

1  privilege, the attorney work product doctrine, or any other applicable privilege or immunity.
2  Defendants further object to this request because the documents requested were neither reviewed
3  nor considered by the witness to prepare her May 9, 2013 declaration (ECF 4598). Defendants
4  further object to this request because it is duplicative of other requests propounded by Plaintiffs,
5  and is therefore unduly burdensome. Defendants further object to this request because discovery
6  closed on Plaintiffs' motion on May 16, 2013, and this request is prohibited by the Court's
7  Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13
8  Order, ECF 4646.)

**REQUEST FOR PRODUCTION NO. 12:**

Any and all documents that are or reference emails, communications, conversations, meetings, letters, or other form of communications concerning mental health care for condemned inmates.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendants incorporate by reference the above General Objections as though fully stated in this response. Defendants further object to this request because the terms "any and all documents that are or reference emails, communications, conversations, meetings, letters, or other form of communications concerning mental health care for condemned inmates" are overbroad, vague, ambiguous, and unduly burdensome as to scope, time, and subject matter. Defendants further object to this request because it is overbroad and unduly burdensome, and seeks documents not in the possession, custody, or control of this witness. Defendants further object to this request because it seeks production of documents and information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity. Defendants further object to this request because the documents requested were neither reviewed nor considered by the witness to prepare her May 9, 2013 declaration (ECF 4598). Defendants further object to this request because it seeks irrelevant information, or information not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request because discovery closed on Plaintiffs' motion on May 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13

11

Defs.' Obj. & Resp. to Bachman Subpoena (2:90-cv-00520 LKK JFM PC)

Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

**REQUEST FOR PRODUCTION NO. 13:**

Any and all additional documents upon which Ms. Bachman intends to rely in preparation for or during her testimony at the hearing for which she has been noticed as a witness.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendants incorporate by reference the above General Objections as though fully stated in this response. Defendants further object to this request because it is speculative. Defendants further object to this request because the documents requested were neither reviewed nor considered by the witness to prepare her May 9, 2013 declaration (ECF 4598). Defendants further object to this request because it seeks irrelevant information, or information not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request because discovery closed on Plaintiffs' motion on May 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

Dated: August 13, 2013

KAMALA D. HARRIS
Attorney General of California
JAY C. RUSSELL
Supervising Deputy Attorney General

PATRICK R. MCKINNEY
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003
20718593.doc

12

Defs.' Obj. & Resp. to Bachman Subpoena (2:90-cv-00520 LKK JFM PC)