# Exhibit 5

1 | KAMALA D. HARRIS
Attorney General of California
2 | JAY C. RUSSELL
Supervising Deputy Attorney General
3 | DEBBIE VOROUS, State Bar No. 166884
PATRICK R. McKINNEY, State Bar No. 215228
4 | MANEESH SHARMA, State Bar No. 280084
Deputy Attorneys General
5 | 455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
6 | Telephone: (415) 703-5553
Fax: (415) 703-1234
7 | E-mail: Maneesh.Sharma@doj.ca.gov
*Attorneys for Defendants*

8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

SACRAMENTO DIVISION

11

12

| | |
|---|---|
| 13 **RALPH COLEMAN, et al.,** | 2:90-cv-00520 LKK JFM PC |
| 14 Plaintiffs, | **DEFENDANTS' OBJECTIONS AND** |
| 15 v. | **RESPONSES TO PLAINTIFFS' DEPOSITION SUBPOENA ISSUED UNDER FEDERAL RULE OF CIVIL** |
| 16 **EDMUND G. BROWN, JR., et al.,** | **PROCEDURE 45 TO PARTY WITNESS KEVIN CHAPPELL** |
| 17 Defendants. | |
| 18 | |

19

20

21      Defendants object and respond to Plaintiffs' deposition subpoena, with request for

22   documents, under Federal Rule of Civil Procedure 45 to party witness Kevin Chappell as follows:

23                              **PRELIMINARY STATEMENT**

24      The information provided in these responses is true and correct, according to Defendants'

25   best knowledge at this time, but it is subject to future correction for omissions, errors, or

26   mistakes. Defendants reserve the right to produce evidence of any subsequently discovered facts

27   or interpretations of facts, and to amend, modify, or otherwise change the responses, in

28   accordance with applicable discovery rules.

1

1

## GENERAL OBJECTIONS

2    1.    Defendants object to the subpoena and each request for production of documents

3    because discovery has been closed since May 16, 2013 on Plaintiffs' motion related to the

4    specialized care for the condemned program. (ECF 4617.) At the May 23, 2013 status

5    conference, Plaintiffs' counsel informed the Court that Plaintiffs would not take any discovery in

6    support of this motion. (*See* 5/23/13 Tr. at 5.) Accordingly, Defendants will not produce Warden

7    Chappell for deposition on August 19, 2013, and will not produce the requested documents. *See*

8    Fed. R. Civ. P. 45(c); *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986) (discovery not

9    completed by the cut-off date is not enforceable).

10    2.    Defendants object to the subpoena and each request for production of documents

11    because it is defective, untimely, and served for the purpose of harassing Defendants. Federal

12    Rule of Civil Procedure 34 is the exclusive means of obtaining documents or other tangible

13    evidence from a party. *Alper v. United States*, 190 F.R.D. 281, 283 (D. Mass. 2000).

14    3.    Defendants object to the subpoena and each request for production of documents to

15    the extent it purports to require a deposition and production of documents at a particular time and

16    location.

17    4.    Defendants object to the subpoena and each request for production of documents

18    because the Court has limited discovery to depositions of Defendants' declarants offered in

19    support of their oppositions to Plaintiffs' motion regarding housing and treatment of seriously

20    mentally ill prisoners in segregation, and Plaintiffs' motion related to use of force and disciplinary

21    measures. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13

22    Order, ECF 4646.) Plaintiffs' requests are prohibited by the Court's July 10, 2013 order, which

23    states: "Plaintiffs may take depositions of defendants' witnesses in advance of filing their reply

24    briefs" on August 9, 2013 (ECF 4687 ¶¶ 2 & 3), and the Court's August 1, 2013 order, which

25    states: "The parties jointly requested an extension of the deadlines set in the court's July 10, 2013

26    order for the filing of plaintiffs' reply brief and completion of depositions to and including

27    August 23, 2013. That will be the order of the court." (ECF 4725 at 2:5-7.) The Court's

28    limitation of discovery to depositions of Defendants' declarants must be read together with the

2

1    Court's June 11, 2013 order (ECF 4646) and the parties' July 18, 2013 stipulation (ECF

2    4683). As stated in the June 11 order, discovery has been and remains open until August 23 only

3    as to Defendants' declarants in opposition to Plaintiffs' motions concerning segregated housing

4    and use of force and disciplinary measures. This is confirmed by the parties' stipulation which

5    addressed only the "proposed schedule for *completion of discovery and briefing Plaintiffs'*

6    *Motion for Enforcement and Court Orders and Affirmative Relief re: Improper Housing and*

7    *Treatment of Seriously Mentally Ill Prisoners in Segregation ('Segregation Motion') and Motion*

8    *for Enforcement of Court Orders and Affirmative Relief Related to Use of Force and Disciplinary*

9    *Measures ('Use of Force/Discipline Motion')*." (ECF 4683 at 1 [emphasis added].)

10        5.    Defendants object to each document request in the subpoena because they are

11   prohibited by the Court's August 9, 2013 order, which states that "any request for production in

12   connection with a deposition should be limited to documents relied on by the defense witness in

13   preparing his or her declaration or testimony." (ECF 4738 at 3.) Defendants will not produce any

14   documents not reviewed, considered, or relied on by the witness to prepare his May 9, 2013

15   declaration submitted in support of Defendants' Opposition to Motion for Affirmative Relief

16   Related to Inpatient Treatment (ECF 4601).

17        6.    Defendants object to the subpoena and each request for production of documents to

18   the extent they exceed the scope of discovery permitted by Federal Rule of Civil Procedure 26.

19   Defendants further object to the subpoena and each request for production of documents to the

20   extent they seek irrelevant information, or information not reasonably calculated to lead to the

21   discovery of admissible evidence.

22        7.    Defendants object to the subpoena and each request for production of documents to

23   the extent they purport to seek information or documents protected from discovery by the

24   attorney-client privilege, the attorney work product doctrine, the federal law enforcement

25   investigatory privilege, the right to privacy in confidential personnel information protected by the

26   California Constitution, or the United States Constitution, or any other applicable privilege or

27   immunity.

28

1    8.   Defendants object to the subpoena and each request for production of documents to

2  the extent they seek documents that are not in Defendants' possession, custody, or control, have

3  already been produced to Plaintiffs or are in Plaintiffs' possession, custody, or control, or are

4  equally available to Plaintiffs.

5  **REQUEST FOR PRODUCTION NO. 1:**

6    All documents relied upon or reviewed for the preparation of the Declaration of Kevin

7  Chappell in Support of Defendants' Opposition to Plaintiffs' Motion Related to Inpatient

8  Treatment ("Chappell Declaration") (*Coleman* Docket No. 4601).

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

10    Defendants incorporate by reference the above General Objections as though fully stated

11  in this response.  Defendants further object to this request because discovery closed on Plaintiffs'

12  motion on May 16, 2013, and this request is prohibited by the Court's Orders.  (8/9/13 Order,

13  ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

14  **REQUEST FOR PRODUCTION NO. 2:**

15    Any and all documents, policies, procedures, post orders, or local operating procedures

16  related to the utilization of beds within the Central Health Services Building at San Quentin State

17  Prison for "specialized mental health care," as discussed in Paragraph 4 of the Chappell

18  Declaration.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

20    Defendants incorporate by reference the above General Objections as though fully stated

21  in this response.  Defendants further object to this request because the terms "any and all

22  documents, policies, procedures, post orders, or local operating procedures related to the

23  utilization of beds within the Central Health Services Building at San Quentin State Prison for

24  'specialized mental health care'" are overbroad, vague, and ambiguous.  Defendants further

25  object to this request because the documents requested were neither reviewed nor considered by

26  the witness to prepare his May 9, 2013 declaration (ECF 4601).  Defendants further object to this

27  request because it seeks irrelevant information, or information not reasonably calculated to lead to

28  the discovery of admissible evidence.  Defendants further object to this request because discovery

4

1  closed on Plaintiffs' motion on May 16, 2013, and this request is prohibited by the Court's

2  Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13

3  Order, ECF 4646.)

4  **REQUEST FOR PRODUCTION NO. 3:**

5       Any and all documents, data, or information related to custodial staffing allocations or

6  assignments for the "specialized care" program, as discussed in Paragraph 5 of the Chappell

7  Declaration, including any and all documents and/or data reflecting current actual custodial

8  staffing and/or vacancies.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

10      Defendants incorporate by reference the above General Objections as though fully stated

11  in this response. Defendants further object to this request because the terms "any and all

12  documents, data, or information related to custodial staffing allocations or assignments" are

13  overbroad, vague, and ambiguous. Defendants further object to this request because the

14  documents requested were neither reviewed nor considered by the witness to prepare his May 9,

15  2013 declaration (ECF 4601). Defendants further object to this request because it is duplicative

16  of other requests propounded by Plaintiffs, and is therefore unduly burdensome. Defendants

17  further object to this request because it seeks irrelevant information, or information not

18  reasonably calculated to lead to the discovery of admissible evidence. Defendants further object

19  to this request because discovery closed on Plaintiffs' motion on May 16, 2013, and this request

20  is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13

21  Order, ECF 4687; 6/11/13 Order, ECF 4646.)

22  **REQUEST FOR PRODUCTION NO. 4:**

23      Any and all documents, data, or information related to mental health personnel staffing

24  allocations or assignments for the "specialized care" program, including any and all documents

25  and/or data reflecting current actual mental staffing and/or vacancies.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

27      Defendants incorporate by reference the above General Objections as though fully stated

28  in this response. Defendants further object to this request because the terms "any and all

5

1    documents, data, or information related to mental health staffing allocations or assignments" are

2    overbroad, vague, and ambiguous Defendants further object to this request because the

3    documents requested were neither reviewed nor considered by the witness to prepare his May 9,

4    2013 declaration (ECF 4601). Defendants further object to this request because it is duplicative

5    of other requests propounded by Plaintiffs, and is therefore unduly burdensome. Defendants

6    further object to this request because it seeks irrelevant information, or information not

7    reasonably calculated to lead to the discovery of admissible evidence. Defendants further object

8    to this request because discovery closed on Plaintiffs' motion on May 16, 2013, and this request

9    is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13

10   Order, ECF 4687; 6/11/13 Order, ECF 4646.)

11   **REQUEST FOR PRODUCTION NO. 5:**

12        All additional documents, policies or procedures, memoranda or communications related

13   to, referencing, or governing the "specialized care" program of mental health care provided to

14   condemned inmates at San Quentin State Prison.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

16        Defendants incorporate by reference the above General Objections as though fully stated

17   in this response. Defendants further object to this request because the terms "all additional

18   documents, policies or procedures, memoranda, or communications related to, referencing, or

19   governing the 'specialized care' program of mental health care" are overbroad, vague, and

20   ambiguous. Defendants further object to this request because the documents requested were

21   neither reviewed nor considered by the witness to prepare his May 9, 2013 declaration (ECF

22   4601). Defendants further object to this request because it is duplicative of other requests

23   propounded by Plaintiffs, and is therefore unduly burdensome. Defendants further object to this

24   request because it seeks production of documents and information protected from discovery by

25   the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege

26   or immunity. Defendants further object to this request because it seeks irrelevant information, or

27   information not reasonably calculated to lead to the discovery of admissible evidence.

28   Defendants further object to this request because discovery closed on Plaintiffs' motion on May

6

1    16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13

2    Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

3    **REQUEST FOR PRODUCTION NO. 6:**

4         Any and all policies or procedures relating to, governing, or requiring the custodial

5    transportation procedures set forth in Paragraph 8 of the Chappell Declaration.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

7         Defendants incorporate by reference the above General Objections as though fully stated

8    in this response. Defendants further object to this request because the terms "any and all policies

9    or procedures relating, governing, or requiring the custodial transportation procedures" are

10   overbroad, vague, and ambiguous. Defendants further object to this request because the

11   documents requested were neither reviewed nor considered by the witness to prepare his May 9,

12   2013 declaration (ECF 4601). Defendants further object to this request because it seeks irrelevant

13   information, or information not reasonably calculated to lead to the discovery of admissible

14   evidence. Defendants further object to this request because discovery closed on Plaintiffs'

15   motion on May 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order,

16   ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

17   **REQUEST FOR PRODUCTION NO. 7:**

18        All Local Operating Procedures for San Quentin State Prison governing Management

19   Status, as referenced in Paragraphs 26-31 of the Declaration of Michael Stainer in Support of

20   Defendants' Opposition to Motion Related to Use of Force and Disciplinary Procedures ("Stainer

21   Declaration") (*Coleman* Docket No. 4708).

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

23        Defendants incorporate by reference the above General Objections as though fully stated

24   in this response. Defendants further object to this request as overbroad, vague, and ambiguous

25   because it seeks documents beyond the scope of Plaintiffs' motion or Defendants' opposition.

26   Defendants further object that this request is unintelligible because Paragraphs 26-31 of the

27   Declaration of Michael Stainer do not reference "Local Operating Procedures for San Quentin

28   State Prison governing Management Status." Defendants further object to this request because

7

1  the documents requested were neither reviewed nor considered by the witness to prepare his May

2  9, 2013 declaration (ECF 4601). Defendants further object to this request because it is

3  duplicative of other requests propounded by Plaintiffs, and is therefore unduly burdensome.

4  Defendants further object to this request because it seeks irrelevant information, or information

5  not reasonably calculated to lead to the discovery of admissible evidence. Defendants further

6  object to this request because discovery closed on Plaintiffs' motion on May 16, 2013, and this

7  request is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725;

8  7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

9  **REQUEST FOR PRODUCTION NO. 8:**

10      All logs or records from January 2013 to the present documenting the use and/or

11  monitoring of Management Status at San Quentin State Prison, as referenced in Paragraph 30 of

12  the Stainer Declaration.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

14      Defendants incorporate by reference the above General Objections as though fully stated

15  in this response. Defendants further object to this request as overbroad, vague, and ambiguous

16  because it seeks documents beyond the scope of Plaintiffs' motion or Defendants' opposition.

17  Defendants further object to this request as argumentative and unintelligible, because Paragraph

18  30 of the Stainer Declaration makes no reference to "logs or records from January 2013 to the

19  present documenting the use and monitoring of Management Status at San Quentin State Prison."

20  Defendants further object to this request because the documents requested were neither reviewed

21  nor considered by the witness to prepare his May 9, 2013 declaration (ECF 4601). Defendants

22  further object to this request to the extent it is duplicative of other requests propounded by

23  Plaintiffs, and is therefore unduly burdensome. Defendants further object to this request because

24  it seeks irrelevant information, or information not reasonably calculated to lead to the discovery

25  of admissible evidence. Defendants further object to this request because discovery closed on

26  Plaintiffs' motion on May 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13

27  Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

28

8

1    **REQUEST FOR PRODUCTION NO. 9:**

2          Any and all documents, policies, and procedures related to 30-minute welfare checks in

3    San Quentin State Prison segregation units, including Administrative Segregation Units (ASUs),

4    Security Housing Units (SHUs), Psychiatric Services Units (PSUs), and all Condemned units,

5    created or revised on or after May 28, 2013, including any revisions of the San Quentin State

6    Prison Local Operating Procedure governing such welfare checks.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

8          Defendants incorporate by reference the above General Objections as though fully stated

9    in this response.  Defendants further object to this request as overbroad, vague, and ambiguous

10   because it seeks documents beyond the scope of Plaintiffs' motion or Defendants' opposition.

11   Defendants further object that the terms "any and all documents, policies, and procedures related

12   to 30-minute welfare checks in San Quentin State Prison segregation units" are overbroad, vague,

13   and ambiguous.  Defendants further object to this request because the documents requested were

14   neither reviewed nor considered by the witness to prepare his May 9, 2013 declaration (ECF

15   4601).  Defendants further object to this request to the extent it is duplicative of other requests

16   propounded by Plaintiffs, and is therefore unduly burdensome.  Defendants further object to this

17   request because it seeks irrelevant information, or information not reasonably calculated to lead to

18   the discovery of admissible evidence.  Defendants further object to this request to the extent it

19   seeks production of documents and information protected from discovery by the attorney-client

20   privilege, the attorney work product doctrine, or any other applicable privilege or immunity.

21   Defendants further object to this request because discovery closed on Plaintiffs' motion on May

22   16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13

23   Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

24   **REQUEST FOR PRODUCTION NO. 10:**

25          Any and all documents, policies, and procedures related to security and/or custody

26   rounding in San Quentin State Prison segregation units, including Administrative Segregation

27   Units (ASUs), Security Housing Units (SHUs), Psychiatric Services Units (PSUs), and all

28   Condemned units, created or revised on or after May 28, 2013, including any revisions of the San

9

1  Quentin State Prison Local Operating Procedure governing such security or custody rounding.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

3       Defendants incorporate by reference the above General Objections as though fully stated

4  in this response. Defendants further object to this request as overbroad, vague, and ambiguous

5  because it seeks documents beyond the scope of Plaintiffs' motion or Defendants' opposition.

6  Defendants further object that the terms "any and all documents, policies, and procedures related

7  to security and/or custody rounding in San Quentin State Prison segregation units" is overbroad,

8  vague, and ambiguous. Defendants further object to this request because the documents

9  requested were neither reviewed nor considered by the witness to prepare his May 9, 2013

10  declaration (ECF 4601). Defendants further object to this request to the extent it is duplicative of

11  other requests propounded by Plaintiffs, and is therefore unduly burdensome. Defendants further

12  object to this request to the extent it seeks production of documents and information protected

13  from discovery by the attorney-client privilege, the attorney work product doctrine, or any other

14  applicable privilege or immunity. Defendants further object to this request because discovery

15  closed on Plaintiffs' motion on May 16, 2013, and this request is prohibited by the Court's

16  Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13

17  Order, ECF 4646.)

18  **REQUEST FOR PRODUCTION NO. 11:**

19       Any and all post orders related to 30-minute welfare checks in San Quentin State Prison

20  segregation units, including Administrative Segregation Units (ASUs), Security Housing Units

21  (SHUs), Psychiatric Services Units (PSUs), and all Condemned units, created or revised on or

22  after May 28, 2013.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

24       Defendants incorporate by reference the above General Objections as though fully stated

25  in this response. Defendants further object to this request as overbroad, vague, and ambiguous

26  because it seeks documents beyond the scope of Plaintiffs' motion or Defendants' opposition.

27  Defendants further object to this request because the documents requested were neither reviewed

28  nor considered by the witness to prepare his May 9, 2013 declaration (ECF 4601). Defendants

10

1  further object to this request to the extent it is duplicative of other requests propounded by

2  Plaintiffs, and is therefore unduly burdensome. Defendants further object to this request because

3  discovery closed on Plaintiffs' motion on May 16, 2013, and this request is prohibited by the

4  Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687;

5  6/11/13 Order, ECF 4646.)

6  **REQUEST FOR PRODUCTION NO. 12:**

7      Any and all post orders related to security and /or custody rounding in San Quentin State

8  Prison segregation units, including Administrative Segregation Units (ASUs), Security Housing

9  Units (SHUs), Psychiatric Services Units (PSUs), and all Condemned units, created or revised on

10  or after May 28, 2013.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

12      Defendants incorporate by reference the above General Objections as though fully stated

13  in this response. Defendants further object to this request as overbroad, vague, and ambiguous

14  because it seeks documents beyond the scope of Plaintiffs' motion or Defendants' opposition.

15  Defendants further object to this request because the documents requested were neither reviewed

16  nor considered by the witness to prepare his May 9, 2013 declaration (ECF 4601). Defendants

17  further object to this request to the extent it is duplicative of other requests propounded by

18  Plaintiffs, and is therefore unduly burdensome. Defendants further object to this request because

19  discovery closed on Plaintiffs' motion on May 16, 2013, and this request is prohibited by the

20  Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687;

21  6/11/13 Order, ECF 4646.)

22  **REQUEST FOR PRODUCTION NO. 13:**

23      Any and all logs or other documentation of 30-minute welfare checks at San Quentin State

24  Prison produced on or after May 28, 2013 to the present.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

26      Defendants incorporate by reference the above General Objections as though fully stated

27  in this response. Defendants further object to this request as overbroad, vague, and ambiguous

28  because it seeks documents beyond the scope of Plaintiffs' motion or Defendants' opposition.

11

1 Defendants further object to this request because the term "other documentation" is overbroad,

2 vague, and ambiguous. Defendants further object to this request because the documents

3 requested were neither reviewed nor considered by the witness to prepare his May 9, 2013

4 declaration (ECF 4601). Defendants further object to this request to the extent it is duplicative of

5 other requests propounded by Plaintiffs, and is therefore unduly burdensome. Defendants further

6 object to this request because it seeks irrelevant information, or information not reasonably

7 calculated to lead to the discovery of admissible evidence. Defendants further object to this

8 request because discovery closed on Plaintiffs' motion on May 16, 2013, and this request is

9 prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13

10 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

11 **REQUEST FOR PRODUCTION NO. 14:**

12 Any and all logs or other documentation of security and/or custody rounding in San

13 Quentin State Prison segregation units, including Administrative Segregation Units (ASUs),

14 Security Housing Units (SHUs), Psychiatric Services Units (PSUs), and all Condemned units,

15 produced on or after May 28, 2013 to the present.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

17 Defendants incorporate by reference the above General Objections as though fully stated

18 in this response. Defendants further object to this request as overbroad, vague, and ambiguous

19 because it seeks documents beyond the scope of Plaintiffs' motion or Defendants' opposition.

20 Defendants further object to this request because the term "other documentation" is overbroad,

21 vague, and ambiguous. Defendants further object to this request because the documents

22 requested were neither reviewed nor considered by the witness to prepare his May 9, 2013

23 declaration (ECF 4601). Defendants further object to this request to the extent it is duplicative of

24 other requests propounded by Plaintiffs, and is therefore unduly burdensome. Defendants further

25 object to this request because it seeks irrelevant information, or information not reasonably

26 calculated to lead to the discovery of admissible evidence. Defendants further object to this

27 request because discovery closed on Plaintiffs' motion on May 16, 2013, and this request is

28 prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13

12

1    Order, ECF 4687; 6/11/13 Order, ECF 4646.)

2    **REQUEST FOR PRODUCTION NO. 15:**

3           Any and all additional documents upon which Warden Chappell intends to rely in

4    preparation for or during his testimony at the hearing for which he has been noticed as a witness.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

6           Defendants incorporate by reference the above General Objections as though fully stated

7    in this response.  Defendants further object to this request because the documents requested were

8    neither reviewed nor considered by the witness to prepare his May 9, 2013 declaration (ECF

9    4601).  Defendants further object to this request because it seeks irrelevant information, or

10   information not reasonably calculated to lead to the discovery of admissible evidence.

11   Defendants further object to this request because it is speculative.  Defendants further object to

12   this request because discovery closed on Plaintiffs' motion on May 16, 2013, and this request is

13   prohibited by the Court's Orders.  (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13

14   Order, ECF 4687; 6/11/13 Order, ECF 4646.)

15   **REQUEST FOR PRODUCTION NO. 16:**

16          Any and all policies and procedures related to, referencing, or governing the separation of

17   condemned inmates from other inmates, including but not limited to any policies mandating that

18   condemned inmates be separated from all other inmates or any policies related to limitations on

19   group treatment for condemned inmates, such as those referenced in Paragraph 23 the Declaration

20   of Ellen Bachman in Support of Defendants' Opposition to Plaintiffs' Motion Related to Inpatient

21   Treatment ("Bachman Declaration") (*Coleman* Docket No. 4598).

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

23          Defendants incorporate by reference the above General Objections as though fully stated

24   in this response.  Defendants further object to this request because the terms "any and all policies

25   and procedures related to, referencing, or governing the separation of condemned inmates from

26   other inmates, including but not limited to any policies mandating that condemned inmates be

27   separated from all other inmates or any policies related to limitations on group treatment for

28   condemned inmates" is overbroad, vague, and ambiguous.  Defendants further object to this

                                            13

1   request because the documents requested were neither reviewed nor considered by the witness to

2   prepare his May 9, 2013 declaration (ECF 4601). Defendants further object to this request to the

3   extent it is duplicative of other requests propounded by Plaintiffs, and is therefore unduly

4   burdensome. Defendants further state that policies and procedures related to the condemned

5   population are located in Title 15 and the CDCR Department Operations Manual. Defendants

6   further object to this request because discovery closed on Plaintiffs' motion on May 16, 2013, and

7   this request is prohibited by the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF

8   4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

9   **REQUEST FOR PRODUCTION NO. 17:**

10       Any and all policies and procedures related to, referencing, or governing the transfer of

11   condemned inmates to specialized medical facilities and/or hospital facilities outside of San

12   Quentin State Prison, including but not limited to any policies or procedures related to,

13   referencing, or governing the procedure set forth in Paragraph 8 of the Chappell Declaration.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

15       Defendants incorporate by reference the above General Objections as though fully stated

16   in this response. Defendants further object to this request because the terms "any and all policies

17   and procedures related to, referencing, or governing the transfer of condemned inmates to

18   specialized medical facilities and/or hospital facilities outside of San Quentin State Prison" is

19   overbroad, vague, and ambiguous. Defendants further object to this request because the

20   documents requested were neither reviewed nor considered by the witness to prepare his May 9,

21   2013 declaration (ECF 4601). Defendants further object to this request because it seeks irrelevant

22   information, or information not reasonably calculated to lead to the discovery of admissible

23   evidence. Defendants further object to this request because discovery closed on Plaintiffs'

24   motion on May 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order,

25   ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

26   **REQUEST FOR PRODUCTION NO. 18:**

27       Any and all policies and procedures related to, referencing, or governing the housing of

28   condemned inmates at specialized medical facilities and/or hospital facilities outside of San

14

1    Quentin State Prison.

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

3        Defendants incorporate by reference the above General Objections as though fully stated

4    in this response. Defendants further object to this request because the terms "any and all policies

5    and procedures related to, referencing, or governing the housing of condemned inmates at

6    specialized medical facilities and/or hospital facilities outside of San Quentin State Prison" is

7    overbroad, vague, and ambiguous. Defendants further object to this request because the

8    documents requested were neither reviewed nor considered by the witness to prepare his May 9,

9    2013 declaration (ECF 4601). Defendants further object to this request because it seeks irrelevant

10   information, or information not reasonably calculated to lead to the discovery of admissible

11   evidence. Defendants further object to this request because discovery closed on Plaintiffs'

12   motion on May 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order,

13   ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

14   **REQUEST FOR PRODUCTION NO. 19:**

15       Any and all policies and procedures related to, referencing, or governing the treatment of

16   condemned inmates at specialized medical facilities and/or hospital facilities outside of San

17   Quentin State Prison.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

19       Defendants incorporate by reference the above General Objections as though fully stated

20   in this response. Defendants further object to this request because the terms "any and all policies

21   and procedures related to, referencing, or governing the treatment of condemned inmates at

22   specialized medical facilities and/or hospital facilities outside of San Quentin State Prison" is

23   overbroad, vague, and ambiguous. Defendants further object to this request because the

24   documents requested were neither reviewed nor considered by the witness to prepare his May 9,

25   2013 declaration (ECF 4601). Defendants further object to this request because it seeks irrelevant

26   information, or information not reasonably calculated to lead to the discovery of admissible

27   evidence. Defendants further object to this request because discovery closed on Plaintiffs'

28   motion on May 16, 2013, and this request is prohibited by the Court's Orders. (8/9/13 Order,

15

1    ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646.)

2    **REQUEST FOR PRODUCTION NO. 20:**

3         Any and all documents that are or reference emails, communications, conversations,

4    meetings, letters, or other form of communications concerning mental health care for condemned

5    inmates at Department of State Hospitals facilities.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

7         Defendants incorporate by reference the above General Objections as though fully stated

8    in this response. Defendants further object to this request because the documents requested were

9    neither reviewed nor considered by the witness to prepare his May 9, 2013 declaration (ECF

10   4601). Defendants further object to this request because it is duplicative of other requests

11   propounded by Plaintiffs, and is therefore unduly burdensome. Defendants further object to this

12   request because the terms "any and all documents that are or reference emails, communications,

13   conversations, meetings, letters, or other form of communications concerning mental health care

14   for condemned inmates" are overbroad, vague, ambiguous, and unduly burdensome as to scope,

15   time, and subject matter. Defendants further object to this request because it is overbroad and

16   unduly burdensome, and seeks documents not in the possession, custody, or control of this

17   witness. Defendants further object to this request because it seeks irrelevant information, or

18   information not reasonably calculated to lead to the discovery of admissible evidence.

19   Defendants further object to this request because it seeks production of documents and

20   information protected from discovery by the attorney-client privilege, the attorney work product

21   doctrine, or any other applicable privilege or immunity. Defendants further object to this request

22   because discovery closed on Plaintiffs' motion on May 16, 2013, and this request is prohibited by

23   the Court's Orders. (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF

24   4687; 6/11/13 Order, ECF 4646.)

25   **REQUEST FOR PRODUCTION NO. 21:**

26        Any and all documents documenting or demonstrating, for each condemned inmate in the

27   *Coleman* class, the total hours of yard time offered to and hours of yard time accepted by each

28   inmate from January 1, 2013 to present.

16

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

2          Defendants incorporate by reference the above General Objections as though fully stated

3    in this response.  Defendants further object to this request because the terms "any and all

4    documents documenting or demonstrating" and "the total hours of yard time offered to and hours

5    of yard time accepted by each inmate" are overbroad, vague, and ambiguous.  Defendants further

6    object to this request because the documents requested were neither reviewed nor considered by

7    the witness to prepare his May 9, 2013 declaration (ECF 4601).  Defendants further object to this

8    request because it seeks irrelevant information, or information not reasonably calculated to lead to

9    the discovery of admissible evidence.  Defendants further object to this request because discovery

10   closed on Plaintiffs' motion on May 16, 2013, and this request is prohibited by the Court's

11   Orders.  (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13

12   Order, ECF 4646.)

13   **REQUEST FOR PRODUCTION NO. 22:**

14         Any and all additional documents upon which Warden Chappell intends to rely in

15   preparation for or during his testimony at the hearing for which he has been noticed as a witness.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

17         Defendants incorporate by reference the above General Objections as though fully stated

18   in this response.  Defendants further object to this request because it is speculative.  Defendants

19   further object to this request because it is duplicative of other requests propounded by Plaintiffs,

20   including Request No. 15 above, and is therefore unduly burdensome.  Defendants further object

21   to this request because the documents requested were neither reviewed nor considered by the

22   witness to prepare his May 9, 2013 declaration (ECF 4601).  Defendants further object to this

23   request because discovery closed on Plaintiffs' motion on May 16, 2013, and this request is

24   prohibited by the Court's Orders.  (8/9/13 Order, ECF 4738; 8/1/13 Order, ECF 4725; 7/10/13

25   Order, ECF 4687; 6/11/13 Order, ECF 4646.)

26

27

28

Defs'. Obj. & Resp. to  Chappell Subpoena    (2:90-cv-00520 LKK JFM PC)

1    Dated:  August 13, 2013                     Respectfully submitted,

2                                                KAMALA D. HARRIS
                                                 Attorney General of California
3                                                JAY C. RUSSELL
                                                 Supervising Deputy Attorney General
4

5

6                                                PATRICK R. MCKINNEY
                                                 Deputy Attorney General
7                                                *Attorneys for Defendants*

8    CF1997CS0003
     20718889.doc
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        18