DONALD SPECTER – 083925
STEVEN FAMA – 099641
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LORI E. RIFKIN – 244081
AARON J. FISCHER – 247391
MARGOT MENDELSON – 268583
KRISTA STONE-MANISTA – 269083
ROSEN BIEN
GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830

JON MICHAELSON – 083815
JEFFREY L. BORNSTEIN – 099358
LINDA L. USOZ – 133749
MEGAN CESARE-EASTMAN – 253845
RANJINI ACHARYA – 290877
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, California 94111-5994
Telephone: (415) 882-8200

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California 94104-4244
Telephone: (415) 864-8848

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>Defendants. | Case No. Civ S 90-0520 LKK-JFM<br><br>**DECLARATION OF AARON J. FISCHER IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL TIMELY PRODUCTION OF PRISONER-PATIENT RECORDS** |

[927377-2]

I, Aaron J. Fischer, declare:

1. I am an attorney admitted to practice law in California, a member of the bar of this Court, and an associate in the law firm of Rosen Bien Galvan & Grunfeld LLP, counsel of record for Plaintiffs. I have personal knowledge of the matters set forth herein, and if called as a witness I could competently so testify. I make this declaration in support of Plaintiffs' Motion To Compel Timely Production of Prisoner-Patient Records.

2. The parties in this case have long followed a procedure for Plaintiffs to obtain records of *Coleman* class members. Under the procedure, Plaintiffs' counsel send a letter providing the name(s) and California Department of Corrections and Rehabilitation (CDCR) number(s) of the prisoner-patients, as well as the specific kinds of records and time period being requested. Records that have customarily been requested include treatment records, custody records, disciplinary records, and other individual records. As a general matter, CDCR has provided the requested records within a few weeks. A protective order applies to protect against public disclosure of these records. A true and correct copy of the *Coleman* protective order as modified on January 12, 2007 is attached hereto as **Exhibit A.**

3. The parties have worked cooperatively to ensure timely production of requested records through this process throughout the remedial phase of this case. Now, with pending motions on critical issues in the case, Defendants have refused to timely provide requested prisoner-patient records.

4. Plaintiffs sent a request for prisoner-patient records on August 2, 2013. Attached as **Exhibit B** is a true and correct copy of Plaintiffs' letter to CDCR counsel with the requested records. Prisoner-patient identifying information has been redacted.

5. Attached as **Exhibit C** is a true and correct copy of Defendants' August 5, 2013 letter response to Plaintiffs' request. In this response, Defendants object to the records request on the grounds that it is "related to the pending litigation," that it "seeks irrelevant information, or information not reasonably calculated to lead to the discovery of admissible evidence," and that the "proper discovery device" is a Rule 34 discovery

[927377-2]

request. I have been Plaintiffs' counsel in the *Coleman* case for approximately three (3) years, during which time Plaintiffs have made numerous records requests. This letter was the first time that I have seen Defendants object to such request, or suggest that Rule 34 discovery was the appropriate method to obtain our clients' records.

6. Nevertheless, in an attempt to avoid needless time-wasting disputes, on August 6, 2013, we accommodated Defendants' counsel by putting the informal records requests into a Rule 34 request, while maintaining that Rule 34 procedures were not necessary for such request. Attached as **Exhibit D** is a true and correct copy of Plaintiffs' Request for Production of Documents and Proof of Service. Prisoner-patient identifying information has been redacted.

7. The parties have met and conferred on Plaintiffs' August 2, 2013 request for records, and the related August 6, 2013 Request for Production of Documents. I completed a phone call meet and confer with CDCR counsel Michael Stone on August 12, 2013. On that call, Mr. Stone conveyed to me concerns regarding Defendants' counsel's scheduling and staffing limitations that would make timely production of the requested records more difficult. In an effort to reach agreement and move forward on the issue, I agreed to adjust the deadline for production, proposed that Plaintiffs would prioritize provision of the requested records for a two-phase production, and offered to narrow certain requests. On our call, I also suggested that Plaintiffs' counsel could arrange for their staff or a copy service to gather the records on site, as has been the practice in the past. Attached as **Exhibit E** is a true and correct copy of my meet and confer confirming email to Defendants' counsel, dated August 12, 2013 that outlines these various proposals. Prisoner-patient identifying information has been redacted.

8. On August 14, 2013, Defendants' counsel responded to Plaintiffs' proposal via email. Attached as **Exhibit F** is a true and correct copy of this email, sent to me by counsel for Defendants Jessica Kim. Ms. Kim stated that "CDCR does not dispute that the parties have had an agreed-upon practice throughout the remedial phase of this case that allowed for plaintiffs' counsel to request and receive copies of records for class members."

[927377-2]

2

DECLARATION OF AARON J. FISCHER IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL TIMELY PRODUCTION OF PRISONER-PATIENT RECORDS

9. On August 20, 2013, in response to my email, Ms. Kim sent an additional email stating that "if Plaintiffs confirm that the requested records will not be used in the pending motions or at the evidentiary hearing, CDCR will agree to produce the records on a rolling basis," indicating that this would entail production of records for "approximately 2-3 inmates per week." To my knowledge, provision of requested records has never been contingent upon Plaintiffs' agreement not to use such records for pending motions. In fact, as discussed below, on multiple occasions, prisoner-patient records have been requested and produced for the very purpose to pending motions or litigation, such as the inpatient waitlist litigation in 2011 and the motion to terminate litigation in early 2013.

10. An additional meet and confer was completed on August 28, 2013. During the phone call, the parties were unable to reach a resolution on this issue. On August 29, Plaintiffs provided to Defendants the Plaintiffs' Position for a Joint Statement on this dispute. On August 30, Defendants' counsel contacted me by phone and informed me that CDCR had agreed to provide the requested records and provided me a schedule for production of the requested records. I stated that, with one exception, Plaintiffs accepted Defendants' proposed schedule for production. Defendants proposed a September 27, 2013 production date for requested C-file records (containing custody records, disciplinary records, and incident reports) for the 18 prisoner-patients who had been involved in Use of Force incidents that have been reviewed by the parties experts (hereinafter, the "Use of Force Prisoner-Patients"). Plaintiffs did not agree to this date, given that it is one day after the evidentiary hearing on Use of Force issues is set to begin. Provision of these records on September 27, 2013, will prevent Plaintiffs' and their experts from reviewing those records in advance of the hearing.

11. On September 3, 2013, I sent an email to Defendants' counsel confirming the parties' tentative agreement on a schedule for production. Attached as **Exhibit G** is a true and correct copy of this email to Defendants' counsel. Prisoner-patient identifying information has been redacted. In that email, I again requested that the production date for the 18 Use of Force Prisoner-Patients' C-file records be moved up by two weeks. I again

[927377-2]

3

DECLARATION OF AARON J. FISCHER IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL TIMELY PRODUCTION OF PRISONER-PATIENT RECORDS

offered to arrange for a copy service to gather these records on site, in order to reduce any burden and ensure timely production.

12. Defendants' counsel have confirmed that CDCR will not commit to a production date for the C-file records of the Use of Force Prisoner-Patients earlier than September 27. Defendants have also indicated their refusal to produce records for six prisoner-patients. The basis for this refusal to produce records for five prisoner-patients is that they have "either paroled, discharged, or are within a county's Post-Release Supervision program"; Defendants have indicated that they will not provide the records without a "waiver" from these prisoner-patients. The basis for this refusal to produce records for the sixth prisoner-patient is that he is housed in CDCR prison pursuant to Welf. & Inst. Code § 7301. Attached as **Exhibit H** is a true and correct copy of Defendants' counsel's email (with preceding email correspondence), dated September 3, 2013, confirming their position. Prisoner-patient identifying information has been redacted.

13. The size, scope, and timeline of Plaintiffs' request for records (from January 2012 to the present) for the 18 Use of Force Prisoner-Patients is not at all unprecedented in this litigation. For example, in July 2011, as part of the then-pending inpatient care waitlist litigation, Plaintiffs requested treatment records and custody files for 23 prisoner-patients through the same records request procedure used here. Those records requests covered periods of up to five and half years, and sought inpatient records, all medical/mental health records, and central file records. Following meet and confer, Defendants provided some requested records, and permitted Plaintiffs to send a copy service to gather copies of the rest. The process for the copy service to complete their on-site gathering of records for seven prisoner-patients took about one week.

14. For all six prisoner-patients for whom Defendants now refuse to produce records, Plaintiffs requested and obtained records in February and March of this year, during the Termination proceedings.

15. To date, none of the requested records in the August 2, 2013 letter have been provided to Plaintiffs.

[927377-2]

4

DECLARATION OF AARON J. FISCHER IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL TIMELY PRODUCTION OF PRISONER-PATIENT RECORDS

16. Defendants' refusal to provide requested records appears to be a strategy specific to the pending motions. Defendants continue to comply with other *Coleman* records requests. For example, Plaintiffs requested records for a particular class member on August 5, 2013. Defendants provided the requested records 18 days later, on August 23, 2013.

17. The overall size, scope, and timeline of the August 2, 2013 request for records for 83 prisoner-patients also are not at all unusual for the remedial phase of the *Coleman* case. During litigation of Defendants' unsuccessful Motion to Terminate, Plaintiffs sought records for over 100 prisoner-patients. During those proceedings, Defendants arranged for production of some of the requested records. For rest of the records, the parties arranged for Plaintiffs' counsel to use computer terminals and printers set up at San Quentin State Prison to view and print requested records. Through these processes, all requested records were provided in about four weeks. The current request includes fewer prisoner-patients, and covers a shorter time period, as compared to the records requested during the Termination proceedings.

18. When Plaintiffs' now-pending motions were filed on May 6, 2013 (segregation) and May 30, 2013 (use of force/discipline), Plaintiffs' evidence referred to then-current prisoner-patient records, as detailed in Plaintiffs' experts' detailed declarations relied upon in those motions. Defendants then sought, and were granted, considerable extensions of time in which to file their oppositions to Plaintiffs' motions. The Court's and the parties' scheduling needs required that the evidentiary hearings on these motions be scheduled in the Fall 2013. In addition, Defendants have raised specific defenses to Plaintiffs' claims, and have made assertions about current conditions and treatment, covering time periods for which Plaintiffs have not been provided current prisoner-patient records or information. Given the passage of time since the motions were briefed, and the reality that patient conditions change over time, Plaintiffs sought to obtain record updates to address Defendants' new evidence and asserted defenses. Plaintiffs requested these updated records on August 2, 2013—well before the August 23 Reply brief

[927377-2]

5

DECLARATION OF AARON J. FISCHER IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL TIMELY PRODUCTION OF PRISONER-PATIENT RECORDS

deadline.  Had Defendants produced the records in the ordinary course, there would be no issue now about timeliness.  Instead, Defendants chose to stall and obstruct Plaintiffs' access to this information.

19. Defendants have relied on numerous custodial records regarding incident reports and UOF reviews for incidents involving these prisoner-patients, and have produced only those parts of these files that they selected for their expert to review.

20. Defendants' refusal to timely provide requested records prejudices Plaintiffs' ability to rebut any evidence of current conditions that post-date the filing of Plaintiffs' motions and that Defendants intend to present at the upcoming hearings.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct, and that this declaration is executed at San Francisco, California this 6th day of September, 2013.

/s/ Aaron J. Fischer
Aaron J. Fischer

[927377-2]

6
DECLARATION OF AARON J. FISCHER IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL TIMELY PRODUCTION OF PRISONER-PATIENT RECORDS