Exhibit A

RECEIVED

JUN 2 2 2009

Kosen, Bien & Galvan

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN,

        Plaintiff,              No. CIV S-90-0520 LKK JFM P

        vs.

ARNOLD SCHWARZENEGGER, et al.,

        Defendant.        <u>MODIFIED PROTECTIVE ORDER</u>

_____/

     In accordance with the order filed concurrently herewith and good cause appearing, IT IS ORDERED THAT the protective order entered in this case on July 29, 1992 (the "Protective Order") is hereby modified in the following manner:

          IT IS ORDERED THAT the following provisions shall apply to all State of California Department of Health Services' ("DHS") records which identify any patient or inmate and which are obtained in this action by counsel for plaintiffs:

          1.  This order covers all documents and information obtained in this action by plaintiffs' counsel which identifies a patient or inmate other than the named plaintiffs in this action.

          2.  All such documents and information obtained in this action by plaintiffs' counsel shall be regarded as confidential and subject to this Protective Order.  Such material is hereinafter referred to as "confidential material."

1

3.  The confidential material may be disclosed only to the following persons:

    a.  Counsel of record for plaintiffs in this action;

    b.  Paralegal, stenographic, clerical and secretarial personnel employed by counsel of record for plaintiffs;

    c.  Court personnel and stenographic reporters engaged in such proceedings that are incidental to preparation for the trial in this action;

    d.  Any outside expert or consultant retained by plaintiffs' counsel for purposes of this action;

    e.  Witnesses to whom the confidential material may be disclosed during a deposition taken in this matter or otherwise during the preparation for trial and trial, provided that the witness may not leave the deposition with copies of any of the confidential material, and shall be informed of and agree to be bound by the terms of this order;

    f.  Individuals as described in subparts (a) through (e), above, in <u>Davey v. Gomez, et al.</u> (No. 2:94-cv-00151 WBS-JFM-P), in the United States District Court for the Eastern District of California, who agree to be bound by the terms of this Order;

    g.  Individuals as described in subparts (a) through (e), above, in <u>Clark, et al. v. California et al.</u> (C96-146 FMS), and in <u>Armstrong, et al. v. Schwarzenegger, et al.</u> (C94-2307 CW), currently pending in the United States District Court for the Northern District of California, who agree to be bound by the terms of this Order; and

1     h. Individuals as described in subparts (a) through (e),

2   above, in <u>Hecker, et al. v. Schwarzenegger, et al.</u> (No.

3   2:05-cv-02441 LKK-JFM), currently pending in the United States

4   District Court for the Eastern District of California, who agree to

5   be bound by the terms of this Order.

6    4. Each person to whom disclosure of confidential material is made shall, prior to

7 the time of disclosure, be provided by the person furnishing such confidential material a copy of

8 this Order, and shall agree on the record or in writing that they have read this Protective Order

9 and understand and agree to be bound by its provisions. Such persons must also consent to be

10 subject to the jurisdiction of the United States District Court for the Eastern District of California

11 with respect to any proceeding relating to enforcement of this Order, including, without

12 limitation, any proceeding for contempt. Unless such agreement is made on the record, such as in

13 court or during a deposition, the person making the disclosure shall retain the original of an

14 executed written agreement until termination of this litigation, or until otherwise ordered by the

15 Court. A copy of each such agreement will be furnished to defendants' counsel upon order of the

16 Court.

17    5. At the conclusion of the trial and any appeal, or upon other termination of this

18 litigation, all confidential material obtained by counsel for plaintiffs, and all copies of such

19 material, in possession of counsel for plaintiffs shall be returned to counsel for the defendants.

20    6. All confidential material obtained by counsel for plaintiffs shall be used solely

21 in connection with this litigation or in connection with the following cases:

22    a. <u>Clark, et al. v. California et al.</u> (C96-146 FMS) or <u>Armstrong, et al. v.</u>

23   <u>Schwarzenegger, et al.</u> (C94-2307CW), currently pending in the United States

24   District Court for the Northern District of California;

25    b. <u>Davey v. Gomez, et al.</u> (No. 2:94-cv-00151 WBS-JFM-P), or <u>Hecker,</u>

26   <u>et al. v. Schwarzenegger, et al.</u> (No. 2:05-cv-02441 LKK-JFM), currently pending

1          in the United States District Court for the Eastern District of California; or for

2          related appellate proceedings, and not for any other purpose, including any other

3          litigation.

4          7. Any documents filed with the Court that reveal confidential material shall be

5 filed under seal, labeled with cover sheet bearing the case name and number and the statement:

6 "This document is subject to a protective order issued by the Court and shall not be copied or

7 examined except in compliance with that order." Documents so labeled shall be kept by the

8 Clerk of this Court under seal and shall be made available only to the Court or counsel. Upon

9 failure of the filing party to so file a document under seal, any party may request that the Court

10 place the filing under seal.

11         8. Nothing in this Order shall preclude a party from showing or disclosing to any

12 person not listed in paragraph 3 of this Order, deposition transcripts, pleadings or briefs

13 containing confidential material if the document containing such material has been masked or

14 deleted so that no disclosure of confidential material occurs.

15         9. With the exception of documents contained in the confidential portions of

16 patients' or inmates' central files, all documents produced under this Protective Order may be

17 reviewed in a complete and unredacted form. The location of the file review shall be determined

18 on a case-by-case basis. After such review, plaintiffs' attorneys may request copies of those

19 documents they find relevant to their conduct of this litigation.

20         10. DHS may review the documents in the confidential portions of patients' or

21 inmates' central files, and may review the other confidential material produced for initial review

22 in complete and unredacted form, for the purpose of determining if there is any information

23 which DHS contends should not further be disclosed because to do so would endanger the safety

24 and security of an institution, or of any persons, including present or former patients, inmates or

25 staff. If DHS determines that there are any documents containing such information, DHS may

26 redact such information prior to providing copies to plaintiffs' attorneys of the remaining portions

1  of the documents and shall properly notify plaintiffs' attorneys of the nature of the redacted

2  information. If, in the judgment of plaintiffs' attorneys, such information as has been redacted is

3  necessary for the conduct of this litigation, such documents will be expeditiously presented to the

4  Court for in camera review to determine whether and to what extent they must be produced.

5  Insofar as the court determines that any such information is subject to exclusion from production,

6  the attorneys for plaintiffs and their legal assistants and consultants shall not disclose the

7  information to any person for any purpose.

8        11. Attorneys for plaintiffs and their legal assistants and consultants shall not

9  make copies of the confidential material obtained by them except as necessary for purposes of

10  this litigation. Counsel for plaintiffs will maintain control over all copies obtained by them. All

11  confidential material obtained by counsel for plaintiffs shall be kept in locked file cabinets. Only

12  attorneys for plaintiffs and their legal assistants shall have access to these file cabinets or to the

13  keys to these file cabinets. Counsel for plaintiffs shall maintain a record of all persons to whom

14  they have afforded access to confidential material. Upon order of the Court, DHS may inspect

15  the record.

16        12. Each person who has been afforded access to confidential material shall not

17  disclose or discuss the confidential material, including the identification, the location, or mental

18  health status of a patient or inmate, to or with any person except as is necessary to this case, and

19  then only in accordance with paragraphs 3 and 4 of this Order.

20        13. Confidential material respecting one patient or inmate shall not be disclosed

21  to or discussed with any other patient or inmate or former patient or inmate.

22        14. Plaintiffs' counsel shall consult with a mental health professional to determine

23  the necessity of having a mental health professional present at a file review conducted in the

24  presence of a patient.

25  /////

26  /////

15.  If a patient, or a class member, or other inmate or parolee, objects in writing to the disclosure of his or her confidential material, such material may not thereafter be disclosed unless the patient, inmate or parolee withdraws his or her objection, or the Court so orders.

16.  The foregoing provisions of this Order, with the exception of paragraph 7, do not apply to DHS, its employees or representatives, or its consultants.  Nothing in this Protective Order is intended to prevent officials or employees of the State of California or other authorized government officials from having access to confidential material to which they would have access in the normal course of their official duties.

17.  The provisions of this Protective Order are without prejudice to the right of any party:  (a) to apply to the Court for a further protective order relating to any confidential material or relating to discovery in this litigation; (b) to apply to the Court for an order removing the confidential material designation from any documents; (c) to object to a discovery request; (d) to apply to the Court for an order compelling production of documents or modification of this Order or for any order permitting disclosure of confidential material beyond the terms of this Order.

18.  The provisions of this order shall remain in full force and effect until further order of this Court.

IT IS SO ORDERED.

DATED:  January 11, 2007.

_UNITED STATES MAGISTRATE JUDGE_

/coleman.modpo2

6

1  OFFICE OF THE ATTORNEY GENERAL OF THE STATE OF CALIFORNIA
   DANIEL E. LUNGREN, Attorney General
2  of the State of California
   DENNIS ECKHART
3  Supervising Deputy Attorney General
   1515 K Street, Suite 511
4  Sacramento, California  95814
   (916) 323-8987
5
   Attorneys for the State of California Department
6    of Health Services

7  HELLER, EHRMAN, WHITE & MCAULIFFE
   RICHARD L. GOFF                          **FILED**
8  AMELIA A. CRAIG
   INGRID S. LEVERETT
9  STEPHANIE M. HINDS                       JUL 2 9 1992
   333 Bush Street
10 San Francisco, California  94104-2878    CLERK, U.S. DISTRICT COURT
                                            EASTERN DISTRICT OF CALIFORNIA
11 (415) 772-6000                           BY _____
                                                     DEPUTY CLERK
   Attorneys for Plaintiffs

12

**LODGED**

14

15   18

JACK L. WAGNER, CLERK U.S. DISTRICT
EASTERN DISTRICT OF CALIFORNIA
BY
17 DEPUTY CLERK

                         UNITED STATES DISTRICT COURT

                       EASTERN DISTRICT OF CALIFORNIA

                                           )  No. CIV S 90-0520 LKK-JFM
        COLEMAN,                           )
                                           )  STIPULATED PROTECTIVE ORDER
16                    Plaintiff,           )  BETWEEN PLAINTIFFS AND THE
                                           )  STATE OF CALIFORNIA DEPARTMENT
18           v.                            )  OF HEALTH SERVICES RE
                                           )  CONFIDENTIALITY OF PATIENT AND
19 PETE WILSON, et al.,                    )  INMATE RECORDS
                                           )
20            Defendants                   )
                                           )
21 _____)

22

23          IT IS ORDERED that the following provisions shall apply

   to all State of California Department of Health Services' records
24
   which identify any patient or inmate and which are obtained in
25
   this action by counsel for plaintiffs:
26

27

28

1          1.    This order covers all documents and information
2     obtained in this action by plaintiffs' counsel which identifies a
3     patient or inmate other than the named plaintiffs in this action.
4          2.    All such documents and information obtained in
5     this action by plaintiffs' counsel shall be regarded as
6     confidential and subject to this Protective Order.  Such material
7     is hereinafter referred as to "confidential material."
8          3.    The confidential material may be disclosed only to
9     the following persons:
10              a.    Counsel of record for plaintiffs in this action;
11              b.    Paralegal, stenographic, clerical and secretarial
12     personnel regularly employed by counsel of record for plaintiffs;
13              c.    Court personnel and stenographic reporters engaged
14     in such proceedings as are incidental to preparation for the
15     trial in this action.
16              d.    Any outside expert or consultant retained by
17     plaintiffs' counsel for purposes of this action;
18              e.    Witnesses to whom the confidential material may be
19     disclosed during a deposition taken in this matter or otherwise
20     during the preparation for trial and trial, provided that the
21     witnesses may not leave any deposition with any copies of any of
22     the confidential material, and shall be informed of and agree to
23     by bound by the terms of this Order.
24          4.    Each person to whom disclosure of confidential
25     material is made shall, prior to the time of disclosure, be
26     provided by the person furnishing such confidential material a
27     copy of this Order, and shall agree on the record or in writing
28     that they have read this Protective Order and understand and

STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY
OF PATIENT AND INMATE RECORDS                    -2-

1   agree to be bound by its provisions.  Such persons must also
2   consent to be subject to the jurisdiction of the United States
3   District Court for the Eastern District of California with
4   respect to any proceeding relating to enforcement of this Order,
5   including, without, limitation, any proceeding for contempt.
6   Unless such agreement is made on the record, such as in court or
7   during a deposition, the person making the disclosure shall
8   retain the original of an executed written agreement until
9   termination of this litigation, or until otherwise ordered by the
10  Court.  A copy of each such agreement will be furnished to
11  counsel for DHS, upon order of the court.

12       5.   At the conclusion of the trial and any appeal, or
13  upon other termination of this litigation, all confidential
14  materials obtained by counsel for plaintiffs, and all copies of
15  such material, in possession of counsel for plaintiffs shall
16  returned to counsel for DHS.

17       6.   All confidential material obtained by counsel for
18  plaintiffs shall be used solely in connection with this
19  litigation, or related appellate proceeding, and not for any
20  other purpose, including any other litigation.

21       7.   Any documents filed with the court that reveal
22  confidential material shall be filed under seal, labeled with
23  cover sheet bearing the case name and number and the statement:
24  "This document is subject to a protective order issued by the
25  court and may not be copied or examined except in compliance
26  with that order."  Documents so labeled shall be kept by the
27  Clerk of this Court under seal and shall be made available only
28  to the court or counsel.  Upon failure to the filing party to so

STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY
OF PATIENT AND INMATE RECORDS                    -3-

1    file a document under seal, any party may request that the Court

2    place the filing under seal.

3         8.   Nothing in this Order shall preclude a party from

4    showing or disclosing to any person not listed in paragraph 3 of

5    this Order, deposition transcripts, pleadings or briefs

6    containing confidential material if the document containing such

7    material has been masked or deleted so that no disclosure of

8    confidential material occurs.

9         9.   With the exception of documents contained in the

10   confidential portions of patients' or inmates' central files, all

11   documents produced under this Protective Order may be reviewed in

12   a complete and unredacted form.  The location of the file review

13   shall be determined on a case-by-case basis.  After such review,

14   plaintiffs' attorneys may request copies of those documents they

15   find relevant to their conduct of this litigation.

16        10.   DHS may review the documents in the confidential

17   portions of patients' or inmates' central files, and may review

18   the other confidential material produced for initial review in

19   complete and unredacted form, for the purpose of determining if

20   there is any information which DHS contends should not further be

21   disclosed because to do so would endanger the safety and security

22   of an institution, or of any persons, including present or former

23   patients, inmates or staff.  If DHS determines that there are any

24   documents containing such information, DHS may redact such

25   information prior to providing copies to plaintiffs' attorneys of

26   the remaining portions of the documents and shall properly notify

27   plaintiffs' attorneys of the nature of the redacted information.

28   If in the judgment of plaintiffs' attorneys, such information as

1   has been redacted is necessary for the conduct of this
2   litigation, such documents will be expeditiously presented to the
3   court for in camera review to determine whether and to what
4   extent they must be produced.  Insofar as the court determines
5   that any such information is subject to exclusion from
6   production, the attorneys for plaintiffs and their legal
7   assistants and consultants shall not disclose the information to
8   any person for any purpose.

9        11.  Attorneys for plaintiffs and their legal
10   assistants and consultants shall not make copies of the
11   confidential material obtained by them except as necessary for
12   purposes of this litigation.  Counsel for plaintiffs will
13   maintain control over all copies obtained by them.  All
14   confidential material obtained by counsel for plaintiffs shall be
15   kept in locked file cabinets.  Only attorneys for plaintiffs and
16   their legal assistants shall have access to these file cabinets
17   or to the keys to these file cabinets.  Counsel for plaintiffs
18   shall maintain a record of all persons to whom they have afforded
19   access to confidential material.  Upon order of the court, DHS
20   may inspect the record.

21        12.  Each person who has been afforded access to
22   confidential material shall not disclose or discuss the
23   confidential material, including the identification, the
24   location, or mental health status of a patient or inmate, to or
25   with any person except as is necessary to this case, and then
26   only in accordance with paragraph 3 and 4 of this Order.

27

28

STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY
OF PATIENT AND INMATE RECORDS      -5-

13.   Confidential material respecting one patient or inmate shall not be disclosed to or discussed with any other patient or inmate or former patient or inmate.

14.   Plaintiffs' counsel shall consult with a mental health professional to determine the necessity of having a mental health professional present at a file review conducted in the presence of a patient.

15.   If a patient, or a class member, or other inmate or parolee, objects in writing to the disclosure of his or her confidential material, such material may not thereafter be disclosed unless the patient, inmate or parolee withdraws his or her objection, or the court so orders.

16.   The foregoing provisions of this Order with the exception of paragraph 7 do not apply to DHS, its employees or representatives, or its consultants.  Nothing in this Protective Order is intended to prevent officials or employees of the State of California or other authorized government officials, from having access to confidential material to which they would have access in the normal course of their official duties.

17.   The provisions of this Protective Order are without prejudice to the right of any party:  (a) To apply to the Court for a further protective order relating to any confidential material or relating to discovery in this litigation; (b) to apply to the Court for an order removing the confidential material designation from any documents; (c) to object to a discovery request; (d) to apply to the Court for an order compelling production of documents or modification of this Order

1  or for any order permitting disclosure of confidential material

2  beyond the terms of this Order.

3          18.  The provisions of this Order shall remain in full

4  force and effect until further order of this Court.

5

6  DATED:  June _11_, 1992

7  STATE OF CALIFORNIA DEPARTMENT OF JUSTICE

8

9  _Dennis Eckhart_

10

11  Attorney for the State of California
   Department of Health Services

12

13

14  DATED:  June 8, 1992

15  HELLER, EHRMAN, WHITE & McAULIFFE

16

17  _Ingrid Leverett_

18  INGRID S. LEVERETT
   Attorney for Plaintiffs

19

20          IT IS SO ORDERED.

21  DATED:  _July 28, 1992_

22

23

24  UNITED STATE MAGISTRATE JUDGE

25

26

27

28

STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY
OF PATIENT AND INMATE RECORDS                    -7-

Exhibit B



ROSEN BIEN
GALVAN & GRUNFELD LLP

315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
T: (415) 433-6830 • F: (415) 433-7104
www.rbgg.com

Aaron J. Fischer
Email: afischer@rbgg.com

August 2, 2013

<u>VIA ELECTRONIC MAIL</u>

Nicholas Weber                          Michael Stone
Health Care Legal Team                  CDCR Office of Legal Affairs
CDCR Office of Legal Affairs            PO Box 942883
PO Box 942883                           Sacramento, CA 94283-0001
Sacramento, CA 94283-0001               Michael.Stone@cdcr.ca.gov
Nicholas.Weber@cdcr.ca.gov

      Re:     *Coleman v. Brown*, Request for Class Member Records
               <u>Our File No. 0489-03</u>

Dear Mr. Weber and Mr. Stone:

      We request that copies of *Coleman* class member records as identified below be produced to us by August 23, 2013. We request that production of the records be done on a rollig basis.

      Please provide copies of <u>all mental health, disciplinary records, and placement chronos from February 2013 to the present</u> for the following *Coleman* class members:

      1.   J█████████ .................█████████
      2.   J█████████ .................E████████
      3.   T█████████ .................
      4.   J█████████ .................E████████
      5.   █████████ .................F████████
      6.   S█████ .................
      7.   █████████ .................F████████
      8.   J█████████ .................E████████
      9.   J█████████ .................
   10.   J█████████ .................
   11.   █████████ .................

[897333-1]

Nicholas Weber
Michael Stone
August 2, 2013
Page 2

12.  T███████████████  ...........███████
13.  A███████████████  ...........███████
14.  D███████████████  ...........F██████
15.  D███████████████  ...........███████
16.  J███████████████  ...........F██████
17.  ████████████████  ..........███████ 9
18.  E███████████████  ...........J██████
19.  R███████████████ d .......███████
20.  R███████████████  ...........███████
21.  T███████████████  ...........███████
22.  D███████████████  ...........F██████
23.  B███████████████  ...........T██████
24.  J███████████████  ...........███████
25.  B███████████████  ...........███████ 5
26.  G███████████████  ...........███████
27.  D███████████████  ...........F██████
28.  C███████████████ s ..........███████ 9
29.  K███████████████  ...........███████
30.  R███████████████  ...........███████
31.  G███████████████  ...........███████ 0
32.  R███████████████  ...........F██████
33.  J███████████████  ...........E██████
34.  T███████████████  ...........███████
35.  S███████████████  ...........T██████
36.  G███████████████  ...........███████ 8
37.  G███████████████  ...........███████
38.  ████████████████  ...........███████ 0
39.  R███████████████  ...........P██████
40.  G███████████████  ...........███████
41.  C███████████████  ...........P██████
42.  K███████████████  ...........███████ 6
43.  D███████████████ d ........███████

[897333-1]

Nicholas Weber
Michael Stone
August 2, 2013
Page 3



44. s ..........
45. ..............
46. z ..........
47. ..............
48. .............. 7
49. ..............
50. ..............
51. .............. 5
52. J ............
53. J ............
54. J ............ 4
55. ..............
56. ..............
57. ..............
58. ..............
59. J ............
60. ..............
61. ..............
62. ..............
63. ..............
64. e .......... 7
65. .............. 3

  In addition, we request copies of <u>the full UHRs, disciplinary records, and custody records</u> for the period of January 2012 to the present for the following *Coleman* class members:



1. ........................
2. ........................
3. ........................
4. ........................
5. ........................
6. F ........................

Nicholas Weber
Michael Stone
August 2, 2013
Page 4



    As you know, pursuant to the *Coleman* Protective Order, we have full access to
our clients' records and do not need signed release forms or authorizations to obtain
them.  If you have any questions or concerns or would like to discuss methods for
production of these records, please feel free to contact me.

                                        Sincerely,

                                        ROSEN BIEN
                                        GALVAN & GRUNFELD LLP


                                        */s/ Aaron J. Fischer*

                                By:    Aaron J. Fischer

AJF:AH:cg
cc:    Debbie Vorous (Debbie.Vorous@doj.ca.gov)
       Jay C. Russell (Jay.Russell@doj.ca.gov)

Exhibit C

STATE OF CALIFORNIA—DEPARTMENT OF CORRECTIONS AND REHABILITATION                                    EDMUND G. BROWN JR., GOVERNOR

**OFFICE OF LEGAL AFFAIRS**
Benjamin T. Rice
General Counsel
P.O. Box 942883
Sacramento, CA 94283-0001



August 5, 2013

Aaron Fischer
Rosen Bien Galvan & Grunfeld LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104

### *Coleman v. Brown Discovery Request, Class Member Records*

Dear Mr. Fischer:

We have received your request dated August 2, 2013 broadly seeking medical, mental health, disciplinary, and custody information regarding 83 CDCR inmates. Although we have in the past informally provided copies of unit health records and disciplinary files for individual class members, Plaintiffs have never previously sought such a massive request for production of documents in such a short timeframe. Moreover, based on our initial review, this request solely seeks documents related to the pending litigation and Plaintiffs' upcoming reply briefs due on August 23, 2013.

The request is overbroad and unduly burdensome. The inmates listed on the request are at 14 different institutions or have been paroled. One inmate is classified as a Welfare and Institutions Code section 7301 patient. Plaintiffs have no right to documents concerning inmates not in CDCR's custody, and it would be unreasonable for CDCR to gather, review, and produce the remaining documents in the next 18 days.

The request also seeks irrelevant information, or information not reasonably calculated to lead to the discovery of admissible evidence. For example, the latter part of the request asks for all medical records, mental health records, disciplinary records, and custody records for 18 inmates covering the past 20 months. Plaintiffs' request for this amount of data is overly burdensome and irrelevant. Plaintiffs provide no justification for the excessive amount of medical and custody records for these 18 inmates.

Because all of the requested documents relate to Plaintiffs' pending motions, the proper discovery device is a Request for Production of Documents served under Federal Rule of Civil Procedure 34. Plaintiffs had several months to serve an appropriate request; both the segregation and use of force motions were filed in May 2013. On July 31, 2013, the parties agreed to extend the due date for the reply briefs from August 9, 2013, until August 23, 2013, for the purpose of allowing Plaintiffs to complete depositions of CDCR employees. A new round of discovery, especially on a shortened timeframe, was not

Name
Page 2

contemplated in our agreement to extend time.  While we are willing to discuss with you an appropriate narrowing of the request and extension of the time to respond, CDCR will not comply with this informal attempt to circumvent the discovery process.


Sincerely,

Nick Weber
Attorney
CDCR, Office of Legal Affairs

(916) 323-3202
Nicholas.weber@cdcr.ca.gov

Exhibit D

DONALD SPECTER – 083925
STEVEN FAMA – 099641
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LORI E. RIFKIN – 244081
AARON J. FISCHER – 247391
MARGOT MENDELSON – 268583
KRISTA STONE-MANISTA – 269083
ROSEN BIEN GALVAN &
GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830

JON MICHAELSON – 083815
JEFFREY L. BORNSTEIN – 099358
LINDA L. USOZ – 133749
MEGAN CESARE-EASTMAN – 253845
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, California 94111-5994
Telephone: (415) 882-8200

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California 94104-4244
Telephone: (415) 864-8848

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| RALPH COLEMAN, et al., | Case No. Civ S 90-0520 LKK-JFM |
|---|---|
| Plaintiffs, | **PLAINTIFF RALPH COLEMAN'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BROWN RE: CLASS MEMBER RECORDS** |
| v. | |
| EDMUND G. BROWN, Jr., et al., | |
| Defendants. | Judge: Lawrence K. Karlton |

[900986-1]

1  PROPOUNDING PARTY:        PLAINTIFF RALPH COLEMAN

2  RESPONDING PARTY:         DEFENDANT EDMUND G. BROWN

3  SET NO.:                  ONE

4

5  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

6         PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure

7  Rule 34, Plaintiff Ralph Coleman requests that Defendant Edmund G. Brown produce all

8  responsive Documents requested herein at the office of Plaintiff's counsel, Rosen Bien

9  Galvan & Grunfeld LLP at 315 Montgomery Street, 10th Floor, San Francisco, California,

10 94104.  Pursuant to Rule 34, Defendant is required to respond no later than 30 days from

11 the service of this Request.

12        As *Coleman* class counsel, Plaintiffs are entitled to timely production of client

13 records upon request.  Plaintiffs transmitted such a written request to Defendants on

14 August 2, 2013, covering the documents requested herein in Request for Production Nos. 1

15 and 2.  Plaintiffs' request was consistent with the practice that has existed throughout the

16 remedial phase of this litigation, including during the recent *Coleman* termination

17 proceedings.  By letter dated August 5, 2013, Defendants objected to production of the

18 requested class member records, on the ground that, *inter alia*, "[b]ecause all of the

19 requested documents relate to Plaintiffs' pending motions, the proper discovery device is a

20 Request for Production of Documents served under Federal Rule of Civil Procedure 34."

21 Plaintiffs dispute that a request for *Coleman* class member records, including the records

22 requests set forth in Plaintiffs' August 2, 2013 and in Request for Production Nos. 1 and 2

23 below, must be made through formal discovery procedures, and reserve all rights,

24 including to seek relief from the court.

25                              **INSTRUCTIONS**

26        1.      The following Requests require the production of all responsive documents

27 within the sole or joint possession, custody, or control of any agents, agencies, boards,

28 departments, employees, servants, representatives, consultants, counsel, and/or other

[900986-1]

1 persons or entities acting or purporting to act on Defendant's behalf, or otherwise subject

2 to the control of Defendant.

3    2.    The following Requests are continuing in nature and require prompt

4 supplemental responses for any and all responsive documents that come into any

5 Defendant's sole or joint possession, custody, or control after the service of any initial

6 responses hereto.

7    3.    The following Requests require the production of preliminary drafts,

8 revisions, and/or copies of any such document if the copy is in any way different from the

9 original.

10    4.    The following Requests require the production of all transmittal sheets, cover

11 letters, exhibits, enclosures and attachments to the documents, in addition to the documents

12 themselves.

13    5.    Pursuant to Federal Rule of Civil Procedure 34(b), all responsive documents

14 are required to be produced either:  (a) as they are kept in the usual course of business

15 (together with copies of any file labels or binder covers for the files or binders in which

16 they are maintained); or (b) organized and labeled to correspond with the categories of the

17 Requests to which they respond.

18    6.    If any responsive document is maintained in a computer-readable form, the

19 document shall be produced: (a) in hard copy form, in a format generally used in the

20 ordinary course of business; and (b) on disk, tape, or other form of computer storage, with

21 instructions necessary to convert the information into reasonably usable form (including

22 the name and version number of the program used to create or read the data).

23    7.    In construing the Requests herein, the singular shall include the plural and

24 the plural shall include the singular.  A masculine, feminine or neutral pronoun shall not

25 exclude the other genders, so that the interpretation applied results in the more expansive

26 production.  The terms "and" and "or" shall be construed broadly and expansively as

27 "and/or," and shall not be construed to limit the documents or information sought in any

28 manner.

[900986-1]

2

1    8.    If any Request demands production of documents that have been lost,

2  discarded, or destroyed, identify such documents as completely as possible.  Such

3  identification shall include, but is not limited to, a description of the subject matter of the

4  document, the author of the document, the date of the document's creation, the date of

5  disposal, manner of disposal, reason for disposal, person authorizing the disposal and

6  person disposing of the document.

7    9.    For any responsive document or portion thereof that is either redacted or

8  withheld, in whole or in part, on the basis of any assertion of privilege or other asserted

9  exemption from discovery, furnish a list identifying each document, or portion thereof, not

10 produced for this reason, together with the following information:  (a) the title or identity

11 of the document; (b) the date of the document; (c) the type or nature of the document;

12 (d) the identity, title, or responsibilities, and relationship to Defendant of all persons who

13 either prepared or received the document; (e) the number of pages and attachments; (f) the

14 type and nature of the privilege or exemption asserted; and (g) the contents or subject

15 matter of the document, with sufficient detail to explain the basis for the privilege or

16 exemption asserted (*see* Fed. R. Civ. P. 26(b)(5)).  For any responsive document or portion

17 thereof that may not properly be redacted or withheld in its entirety, produce each and

18 every portion thereof to which the claimed privilege or exemption does not apply and

19 specify, on the face of each such page or portion, the fact and reason for the redaction or

20 withholding.

21                              **DEFINITIONS**

22    1.    "DOCUMENT" or "DOCUMENTS" as used herein is intended to have the

23 broadest possible meaning and to include anything coming within the definition of

24 "writings" and "recordings" as set forth in Rule 1001(1) of the Federal Rules of Evidence.

25 The term refers to but is not limited to the product of any method of recording information,

26 whether by writing or otherwise, including without limitation: any written, electronic, or

27 computerized files, data or software; memoranda; correspondence; communications;

28 reports; summaries; studies; analyses; evaluations; notes or notebooks; indices; logs;

3

PLAINTIFF RALPH COLEMAN'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
BROWN RE: CLASS MEMBER RECORDS

1  books, booklets or binders; pamphlets; calendar or diary entries; ledger entries; press

2  clippings; graphs; tables; charts; drawings; maps; meeting minutes; photographs;

3  transcripts; audio or video recordings or tapes; facsimile transmissions; electronic mail

4  messages; and the like. "DOCUMENT" shall include each copy of any whole or part of a

5  document on which there appears any marking or deletion which does not appear on the

6  original or other copies thereof, together with all drafts or notes for the preparation of each

7  document. If the original of a document is not available, "DOCUMENT" includes any

8  identical copy of the original.

9                               **REQUEST FOR PRODUCTION**

10  **REQUEST FOR PRODUCTION NO. 1:**

11        All DOCUMENTS containing mental health records, disciplinary records, and

12  placement chronos for the period of February 2013 to the present for the following

13  *Coleman* class members:

14        1)    J█████████████.........C█████
15        2)    J█████████████.........E█████
16        3)    T█████████████.........V█████
17        4)    J█████████████.........E█████
18        5)    C█████████████.........R█████
19        6)    S█████████████.........C█████
20        7)    H█████████████.........R█████
21        8)    J█████████████.........E█████
22        9)    J█████████████.........D█████
23        10)   J█████████████.........A█████
24        11)   F█████████████.........A█████
25        12)   T█████████████.........C█████
26        13)   A█████████████.........A█████
27        14)   I█████████████.........E█████
28        15)   I█████████████.........A█████
        16)   J█████████████.........E█████
        17)   M█████████████.........A█████9
        18)   I█████████████.........J█████
        19)   E█████████████d.......E█████

PLAINTIFF RALPH COLEMAN'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
BROWN RE: CLASS MEMBER RECORDS

[900986-1]

| | | |
|---|---|---|
| 1 | 20) | |
| 2 | 21) | |
| 3 | 22) | |
| 4 | 23) | |
| | 24) | |
| 5 | 25) | |
| 6 | 26) | |
| 7 | 27) | |
| 8 | 28) | lis ......... |
| 9 | 29) | |
| 10 | 30) | |
| 11 | 31) | |
| 12 | 32) | |
| | 33) | |
| 13 | 34) | |
| 14 | 35) | n......... |
| 15 | 36) | 8 |
| 16 | 37) | 6 |
| 17 | 38) | 0 |
| 18 | 39) | |
| 19 | 40) | |
| 20 | 41) | |
| 21 | 42) | 6 |
| 22 | 43) | ford......2 |
| 23 | 44) | ros ...... |
| 24 | 45) | 0 |
| 25 | 46) | rez......... |
| 26 | 47) | 6 |
| 27 | 48) | z......87 |
| 28 | 49) | 8 |
| | 50) | 6 |
| | 51) | ce.......55 |
| | 52) | 4 |
| | 53) | 7 |
| | 54) | 84 |
| | 55) | 6 |
| | 56) | 3 |

5

PLAINTIFF RALPH COLEMAN'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
BROWN RE: CLASS MEMBER RECORDS



57)
58)
59)
60)
61)
62) ............... er
63)
64) ............... arte ......... 7
65)

## REQUEST FOR PRODUCTION NO. 2:

All DOCUMENTS from the complete Unit Health Record (UHR), and all DOCUMENTS containing disciplinary records and/or custody records for the period of January 2012 to the present for the following *Coleman* class members:



1)
2)
3)
4)
5)
6)
7)
8)
9)
10) ...... s
11)
12)
13) ............... 8
14)
15)
16) ...... s ............... 7
17) ............... 8
18)

## REQUEST FOR PRODUCTION NO. 3:

All DOCUMENTS containing or referring to Use of Force incident packets, all levels of review of Use of Force incidents, and all Rule Violation Reports (RVRs) related

6

[900986-1]

1    to any Use of Force incident for the period of January 2012 to the present for the following

2    *Coleman* class members:

3        1)    ███████████.................███████
4        2)    ███████████.................███████
5        3)    ███████████.................███████
6        4)    ███████████.................███████
7        5)    ███████████.................███████
8        6)    ███████████.................███████
9        7)    ███████████.................███████
10       8)    ███████████.................███████
11       9)    ███████████.................███████
12       10)   ███████ls.................███████
13       11)   ███████████.................███████
14       12)   ███████████.................███████
15       13)   ███████████.................███████8
16       14)   ███████████.................███████
17       15)   ███████████.................███████
18       16)   ███████s.................███████
19       17)   ███████████.................███████8
20       18)   ███████████.................███████

18   DATED:  August 6, 2013              ROSEN BIEN GALVAN & GRUNFELD LLP

19                                       By: *Aaron J. Fisch* _____

20                                           Aaron J. Fischer

21                                       Attorneys for Plaintiffs

PLAINTIFF RALPH COLEMAN'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
BROWN RE: CLASS MEMBER RECORDS

| | |
|---|---|
| Krista Stone-Manista<br>Rosen, Bien & Galvan<br>315 Montgomery Street,10th Floor   San Francisco, CA 94104<br>Attorney For: Plaintiff | SBN: 269083 |

FOR COURT USE ONLY

TELEPHONE NO.: **(415) 433-6830**          FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

**United States District Court**
STREET ADDRESS: **501 I Street**
MAILING ADDRESS:
CITY AND ZIP CODE: **Sacramento, CA 95814**
BRANCH NAME: **Eastern District of California**

PLAINTIFF*(name each)*: **RALPH COLEMAN, et al.**
DEFENDANT*(name each)*: **EDMUND G. BROWN, JR., et al.**

CASE NUMBER:
**90-CV-0520-LKK-JFM**

| **PROOF OF HAND DELIVERY** | HEARING DATE: | TIME: | DEPT.: | Ref No. or File No.:<br>**489-3** |
|---|---|---|---|---|

AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION, AND **SERVED COPIES** OF THE:

**See attachment page for document list.**

NAME OF PARTY:    **MANEESH SHARMA, DEPUTY ATTORNEY GENERAL**

DELIVERED TO:    **Maneesh Sharma - Personally**

DATE & TIME OF DELIVERY:    8/6/2013
4:40 PM

ADDRESS, CITY, AND STATE:    **Attorney General's Office**
**455 Golden Gate Avenue, #11000**
**San Francisco, CA 94102**

MANNER OF SERVICE:

Delivery to Law Office:  Service was made by delivery to the attorney's office; or by leaving the document(s) with his clerk over the age of 18 therein; or with a person having charge thereof; or if there was no such person in the office, by leaving them between the hours of nine in the morning and five in the afternoon, in a conspicuous place in the office. F.R.C.P. 5(a)(b)(2)(a).

Fee for Service: $ **30.00**
   County:  **San Francisco**
   Registration No.: **1146**
**Specialized Legal Services, Inc.**
**1112 Bryant St., Suite 200**
**San Francisco, CA 94103**
**(415) 357-0500**
**Ref: 489-3**

I declare under penalty of perjury under the laws of the The United States that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on  **August 08, 2013**

Signature: _____

**Kinto V. Fannin**

**PROOF OF HAND DELIVERY**

Order#: P106589/CCP1011

**Specialized Legal Services, Inc.**
1112 Bryant St., Suite 200
San Francisco, CA 94103
Phone: (415) 357-0500   Fax: (415) 357-0595

Continued from Proof of Service

**CLIENT:**  Rosen, Bien & Galvan

**CLIENT FILE #:**  489-3                              **DATE:**  August 08, 2013

**SUBJECT:**  MANEESH SHARMA, DEPUTY ATTORNEY GENERAL

NOTICE OF TAKING DEPOSITION, WITH DOCUMENTS, OF KEVIN CHAPPELL;
NOTICE OF TAKING DEPOSITION, WITH DOCUMENTS, OF ERIC MONTHEI; NOTICE
OF TAKING DEPOSITION, WITH DOCUMENTS, OF ELLEN BACHMAN; NOTICE OF
TAKING DEPOSITION, WITH DOCUMENTS, OF PAMELA AHLIN; PLAINTIFF RALPH
COLEMAN'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
BROWN RE; CLASS MEMBER RECORDS

# Exhibit E

**From:** Aaron Fischer [mailto:AFischer@rbgg.com]
**Sent:** Monday, August 12, 2013 5:09 PM
**To:** Michael Stone; Patrick McKinney; 'Davies, Bill@CDCR (Bill.Davies@cdcr.ca.gov)'
**Cc:** Debbie Vorous; Jay Russell; Coleman Team - RBG Only; 'Megan F. Cesare-Eastman'; 'Acharya, Ranjini (Ranjini.Acharya@klgates.com)'; 'Bornstein, Jeffrey L. (Jeffrey.Bornstein@klgates.com) (Jeffrey.Bornstein@klgates.com)'; 'Jon.Michaelson@klgates.com'
**Subject:** RE: Coleman, Class Member Records Request [IWOV-DMS.FID25914]

Mike, Patrick, and Bill:

On August 2, Plaintiffs provided Defendants a request for class member records, asking that the requested records be provided by August 23.  On August 5, Defendants responded in a letter with objections, asserting that Plaintiffs' request was "overbroad and unduly burdensome," sought "irrelevant information, or information not reasonably calculated to lead to the discovery of admissible evidence," and relates to Plaintiffs' pending motions such that a Rule 34 discovery request is the "proper discovery device."

None of these objections have any merit.  There is no question that, as class counsel, we are entitled to class member records upon request, as has been the agreed-upon practice throughout the remedial phase of this case.  The status of the litigation, including any pending motions, has no effect on Defendants' obligation to timely provide copies of requested records.  Plaintiffs served a formal request for production of these class member records on August 6, but reiterate that a formal discovery request is, and never has been, the necessary or appropriate procedure for Plaintiffs to obtain their clients' records.  As you know, during the termination proceedings, Plaintiffs requested and obtained records for a larger list of class members within a few weeks' time, although the process proved more inefficient and costly than desirable for both parties.

Mike and I discussed these matters during today's meet and confer. In light of Defendants' counsel's scheduling limitations in the coming weeks, and in an effort to reach agreement and move forward on the issue, we propose that provision of records be provided in two phases.  Under this proposal, we would also agree to limit the kinds of records requested, as specified below.

**By August 30, 2013:**
For the following *Coleman* class members, Defendants will provide all mental health, disciplinary records, and placement chronos from February 2013 to the present:

1. J████████o ..................
2. J████████w ................
3. ████████ ...................
4. J████████ ..................
5. ████████h .................
6. S████████on ................
7. ████████y ................ P█
8. J████████s .................
9. J████████ ...................

For the following class members, Defendants will provide Use of Force incident packets, all levels of review of Use of Force incidents, all Rule Violation Reports (RVRs), C-file documents (including Case Summary, Legal Documents, Classification, Disciplinary, General Chronos, Misc., and confidential section), and UHR documents (as specified below) from January 2012 to the present:

1. ██████ .......................... ██████
2. ██████ .......................... ██████
3. ██████ .......................... ██████
4. ██████ .......................... F██████
5. ██████ .......................... P██████
6. ██████ .......................... F██████
7. ██████ .......................... V██████
8. ██████ .......................... F██████
9. ██████ .......................... T██████
10. ██ds .................... J██████
11. ██████ .......................... P██████
12. ██████ .......................... T██████
13. ██████ .......................... A██████
14. ██████ .......................... T██████
15. ██████ .......................... F██████
16. ██s .................... T██████
17. ██████ .......................... A██████8
18. ██████ .......................... T██████

With respect to UHR documents for the 18 class members above, Plaintiffs request the following sections (taken from Appendix III of the attached UHR organization PDF):

(1) Clinician's Orders/Medication Consents
(2) Death Summary/Problem List/Progress Notes/ER Records
(3) Physical/Obstetricals
(7) Medical Chronos
(8) Consults/Procedures/Treatment
(9) Miscellaneous/Outside Facility
(11) Mental Health Evaluations
(12) Mental Health Progress Notes
(13) Face Sheet/Medicolegal
(14) In/Outpatient Housing Units

## By September 16, 2013:

For the following *Coleman* class members, Defendants will provide all mental health, disciplinary records, and placement chronos from February 2013 to the present:

1. J██████ ................ ██████7
2. ██████ ................ ██████
3. ██████ ................ ██████
4. ██████a .............. A██████
5. ██████ ................ F██████

6. ██████████ ...............
7. J███████████ ...............
8. ████████████ bo .........
9. ██████████ ...............
10. R██████████ ord ........
11. R██████████ ...............
12. T██████████ ...............
13. ██████████ ...............
14. B██████████ ...............
15. J██████████ ...............
16. B██████████ n ..........
17. ██████████ ...............
18. ██████████ ...............
19. C██████████ llis .........
20. ██████████ ...............
21. R██████████ ...............
22. ██████████ ...............
23. R██████████ ...............
24. J██████████ ...............
25. T██████████ ...............
26. S██████████ n ...........
27. ██████████ ...............
28. ██████████ ...............
29. ██████████ ...............
30. R██████████ ...............
31. ██████████ ...............
32. C██████████ ...............
33. ██████████ ...............
34. ██████████ ord .........
35. R██████████ ros .........
36. S██████████ ...............
37. R██████████ rez .........
38. S██████████ ...............
39. ██████████ z .............
40. ██████████ ...............
41. S██████████ ...............
42. ██████████ e ............
43. J██████████ ...............
44. J██████████ ...............
45. J██████████ ...............
46. ██████████ ...............
47. S██████████ ...............
48. ██████████ ...............
49. ██████████ ...............
50. J██████████ ...............
51. ██████████ ...............
52. L██████████ ...............
53. ██████████ er ............
54. T██████████ ...............
55. R██████████ rte .........
56. ██████████ ...............

Please let me know by Tuesday (8/13) COB whether Defendants agree to this process and timeline. If we are not able to reach agreement on an acceptable process for the timely provision of class member records, we will seek the assistance of the court to obtain these records in an appropriately expedited fashion. I am available to discuss any questions or concerns you may have.

Thank you.

Aaron J. Fischer, Esq.
ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Tel: (415) 433-6830
Fax: (415) 433-7104
afischer@rbgg.com
www.rbgg.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.

IRS CIRCULAR 230 NOTICE: As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

**From:** Aaron Fischer
**Sent:** Friday, August 02, 2013 10:20 AM
**To:** Nick Weber; Michael Stone
**Cc:** Debbie Vorous; Jay Russell; Coleman Team - RBG Only; 'Megan F. Cesare-Eastman'; 'Acharya, Ranjini (Ranjini.Acharya@klgates.com)'; 'Bornstein, Jeffrey L. (Jeffrey.Bornstein@klgates.com) (Jeffrey.Bornstein@klgates.com)'; 'Jon.Michaelson@klgates.com'
**Subject:** Coleman, Class Member Records Request [IWOV-DMS.FID25914]

Nick and Mike,

Please see the attached request for *Coleman* class member records. Please feel free to contact me if you have any questions or would like to discuss the most efficient method for production of the requested records.

Thank you in advance.

-Aaron

Aaron J. Fischer, Esq.
ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Tel: (415) 433-6830
Fax: (415) 433-7104
afischer@rbgg.com
www.rbgg.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from
disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly
prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at
rbgg@rbgg.com.

IRS CIRCULAR 230 NOTICE:  As required by United States Treasury Regulations, you should be aware
that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of
avoiding penalties under United States federal tax laws.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential
and/or legally privileged information. It is solely for the use of the intended recipient(s).
Unauthorized interception, review, use or disclosure is prohibited and may violate applicable
laws including the Electronic Communications Privacy Act. If you are not the intended recipient,
please contact the sender and destroy all copies of the communication.

Exhibit F

**From:** Jessica Kim [mailto:Jessica.Kim@doj.ca.gov]
**Sent:** Wednesday, August 14, 2013 4:02 PM
**To:** Aaron Fischer
**Cc:** Stone, Michael@CDCR (michael.stone@cdcr.ca.gov); bill.davies@cdcr.ca.gov; Debbie Vorous; ranjini.acharya@klgates.com; katherine.tebrock@cdcr.ca.gov; Patrick McKinney
**Subject:** Coleman - Records Request

Aaron:

CDCR does not dispute that the parties have had an agreed-upon practice throughout the remedial phase of this case that allowed for plaintiffs' counsel to request and receive copies of records for class members.  That practice, however, was designed to allow plaintiffs' counsel to request, and CDCR to provide, records in the normal course of business.  According to CDCR, this practice generally consists of your office requesting from CDCR legal individual records to which counsel generally turn around in approximately thirty days.  In other words, the practice has worked because the requests are for one or two files at a time or requests on discreet issues on individual issues.

Although CDCR agrees that the informal process works and does not want to eliminate it, this particular request is not made in that spirit.  Instead, Plaintiffs are attempting to use this informal discovery request to obtain discovery to support the pending motions.   Under the scheme you propose, it will take months for CDCR to gather the information you are requesting and produce it.   Thus, to the extent you intend to use this information to support the pending motions, you will need to seek an order from the court compelling production because we believe that the request violates the discovery rules.

Thank you,

Jessica Kim
Deputy Attorney General
Correctional Law Section
(916) 323-8789

_____

**From:** Aaron Fischer [mailto:AFischer@rbgg.com]
**Sent:** Monday, August 12, 2013 5:09 PM
**To:** Michael Stone; Patrick McKinney; 'Davies, Bill@CDCR (Bill.Davies@cdcr.ca.gov)'
**Cc:** Debbie Vorous; Jay Russell; Coleman Team - RBG Only; 'Megan F. Cesare-Eastman'; 'Acharya, Ranjini (Ranjini.Acharya@klgates.com)'; 'Bornstein, Jeffrey L. (Jeffrey.Bornstein@klgates.com) (Jeffrey.Bornstein@klgates.com)'; 'Jon.Michaelson@klgates.com'
**Subject:** RE: Coleman, Class Member Records Request [IWOV-DMS.FID25914]

Mike, Patrick, and Bill:

On August 2, Plaintiffs provided Defendants a request for class member records, asking that the requested records be provided by August 23. On August 5, Defendants responded in a letter with objections, asserting that Plaintiffs' request was "overbroad and unduly burdensome," sought "irrelevant information, or information not reasonably calculated to lead to the discovery of admissible evidence," and relates to Plaintiffs' pending motions such that a Rule 34 discovery request is the "proper discovery device."

None of these objections have any merit. There is no question that, as class counsel, we are entitled to class member records upon request, as has been the agreed-upon practice throughout the remedial phase of this case. The status of the litigation, including any pending motions, has no effect on Defendants' obligation to timely provide copies of requested records. Plaintiffs served a formal request for production of these class member records on August 6, but reiterate that a formal discovery request is, and never has been, the necessary or appropriate procedure for Plaintiffs to obtain their clients' records. As you know, during the termination proceedings, Plaintiffs requested and obtained records for a larger list of class members within a few weeks' time, although the process proved more inefficient and costly than desirable for both parties.

Mike and I discussed these matters during today's meet and confer. In light of Defendants' counsel's scheduling limitations in the coming weeks, and in an effort to reach agreement and move forward on the issue, we propose that provision of records be provided in two phases. Under this proposal, we would also agree to limit the kinds of records requested, as specified below.

**By August 30, 2013:**
For the following *Coleman* class members, Defendants will provide all mental health, disciplinary records, and placement chronos from February 2013 to the present:
1. J█████████.................██████
2. J█████████.................██████
3. █████████.................██████
4. J█████████.................██████
5. █████████.................██████
6. █████████.................██████
7. █████████.................██████
8. J█████████.................██████
9. J█████████.................██████

For the following class members, Defendants will provide Use of Force incident packets, all levels of review of Use of Force incidents, all Rule Violation Reports (RVRs), C-file documents (including Case Summary, Legal Documents, Classification, Disciplinary, General Chronos, Misc., and confidential section), and UHR documents (as specified below) from January 2012 to the present:
1. ███████...........................██████
2. ███████ y .......................██████
3. ███████...........................██████



4. .........................
5. .........................
6. .........................
7. .........................
8. .........................F
9. .........................
10. ds ..................... J
11. .........................P
12. .........................
13. .........................8
14. .........................
15. .........................F
16. s .....................
17. .........................A    8
18. .........................T

With respect to UHR documents for the 18 class members above, Plaintiffs request the following sections (taken from Appendix III of the attached UHR organization PDF):

(1) Clinician's Orders/Medication Consents
(2) Death Summary/Problem List/Progress Notes/ER Records
(3) Physical/Obstetricals
(7) Medical Chronos
(8) Consults/Procedures/Treatment
(9) Miscellaneous/Outside Facility
(11) Mental Health Evaluations
(12) Mental Health Progress Notes
(13) Face Sheet/Medicolegal
(14) In/Outpatient Housing Units

## By September 16, 2013:

For the following *Coleman* class members, Defendants will provide all mental health, disciplinary records, and placement chronos from February 2013 to the present:



1. ..............7
2. ..............
3. ..............
4. ..............
5. ..............
6. ..............
7. ..............F
8. o ..........9
9. ..............
10. rd ........H
11. ..............
12. T ............V
13. ............F
14. ............T
15. J ..............
16. ...........



Please let me know by Tuesday (8/13) COB whether Defendants agree to this process and timeline.  If we are not able to reach agreement on an acceptable process for the timely provision of class member records, we will seek the assistance of the court to obtain these records in an appropriately expedited fashion.  I am available to discuss any questions or concerns you may have.

Thank you.

Aaron J. Fischer, Esq.
ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Tel: (415) 433-6830
Fax: (415) 433-7104
afischer@rbgg.com
www.rbgg.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If
you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that
you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.

IRS CIRCULAR 230 NOTICE:  As required by United States Treasury Regulations, you should be aware that this
communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties
under United States federal tax laws.


**From:** Aaron Fischer
**Sent:** Friday, August 02, 2013 10:20 AM
**To:** Nick Weber; Michael Stone
**Cc:** Debbie Vorous; Jay Russell; Coleman Team - RBG Only; 'Megan F. Cesare-Eastman';
'Acharya, Ranjini (Ranjini.Acharya@klgates.com)'; 'Bornstein, Jeffrey L.
(Jeffrey.Bornstein@klgates.com) (Jeffrey.Bornstein@klgates.com)'; 'Jon.Michaelson@klgates.com'
**Subject:** Coleman, Class Member Records Request [IWOV-DMS.FID25914]

Nick and Mike,

Please see the attached request for *Coleman* class member records. Please feel free
to contact me if you have any questions or would like to discuss the most efficient
method for production of the requested records.

Thank you in advance.

-Aaron


Aaron J. Fischer, Esq.
ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Tel: (415) 433-6830
Fax: (415) 433-7104
afischer@rbgg.com
www.rbgg.com

CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.

IRS CIRCULAR 230 NOTICE:  As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

Exhibit G

| From: | Aaron Fischer <AFischer@rbgg.com> |
| --- | --- |
| Sent: | Tuesday, September 03, 2013 9:38 AM |
| To: | 'Jessica Kim' |
| Cc: | 'Tebrock, Katherine@CDCR'; 'Patrick McKinney (Patrick.McKinney@doj.ca.gov)'; 'Davies, Bill@CDCR'; Coleman Team - RBG Only; 'Bornstein, Jeffrey L. (Jeffrey.Bornstein@klgates.com) (Jeffrey.Bornstein@klgates.com)'; 'Jon.Michaelson@klgates.com'; 'Megan F. Cesare-Eastman'; 'Acharya, Ranjini (Ranjini.Acharya@klgates.com)' |
| Subject: | RE: Coleman, Class Member Records [IWOV-DMS.FID25914] |

Jessica,

To follow up on our phone call on Friday afternoon, we understand that CDCR is willing to provide records responsive to our request as described below.  Plaintiffs are agreeable to this schedule with one exception: Plaintiffs request that the C-file and other non-UHR documents for the 18 class members relevant to the Use of Force dispute be provided by September 13, not in 3-4 weeks. Please let me know if Defendants agree to this modification. Plaintiffs are willing to provide a copy service to assist with copying those records, if necessary.  Please also confirm our agreement as described below.

## Group 1
For the following 9 class members, CDCR will provide mental health records no later than September 6, and the requested C-file records (disciplinary records, placement chronos) no later than September 13.  The records will cover the period February 2013 to the present:



1. J█████ ................
2. J█████ ................
3. T█████ ................
4. J█████ ................ E███
5. █████ ................
6. S█████ ...............
7. █████ ................  *(Please note corrected CDCR # and last name spelling)*
8. J█████ ................ E███
9. J█████ ................

\*\*\*

## Group 2
For the following 18 class members, CDCR will provide UHR documents (as specified below) no later than September 13.  As noted above, we request that the C-file and other documents requested (Use of Force incident packets, all levels of review of Use of Force incidents, Rule Violation Reports (RVRs), C-file documents (including Case Summary, Legal Documents, Classification, Disciplinary, General Chronos, Misc., and confidential section)) be provided no later than September 13, not in 3-4 weeks.  The records will cover the period January 2012 to the present:

1. █████ ...................... 5
2. █████ ...................... 3
3. █████ ...................... 7
4. █████ ...................... 3
5. █████ ...................... P██
6. P█████ ...................... F██
7. J█████ ...................... 8
8. █████ ...................... F██
9. L█████ ...................... 5
10. ████s ................... J██
11. █████ ...................... P██

```
12. ██████ ........................
13. ██████ ........................
14. ██████ ........................
15. ██████ ........................
16. ██████ s ......................
17. ██████ ........................        ████ 8
18. ██████ ........................
```

For the 18 class members above, Plaintiffs have agreed to narrow the eUHR documents to the following sections:
    (1) Clinician's Orders/Medication Consents
    (2) Death Summary/Problem List/Progress Notes/ER Records
    (3) Physical/Obstetricals
    (7) Medical Chronos
    (8) Consults/Procedures/Treatment
    (9) Miscellaneous/Outside Facility
    (11) Mental Health Evaluations
    (12) Mental Health Progress Notes
    (13) Face Sheet/Medicolegal
    (14) In/Outpatient Housing Units

***

## Group 3

Finally, for the remaining 56 class members, CDCR will provide mental health records and the requested C-file records (disciplinary records, placement chronos) within 3-4 weeks of our August 30 call. We appreciate a rolling production, but would be fine with all records being provided by September 27 (or 4 weeks from our August 30 call). The records will cover the period February 2013 to the present.

```
 1. J██████ ................. ██ 7
 2. ██████ .............
 3. ██████ .............
 4. ██████ .............
 5. ██████ .............
 6. ██████ .............
 7. J██████ ............. F█
 8. ██████ o .........
 9. ██████ ............. J█
10. ██████ ord .......
11. ██████ ............
12. ██████ ............
13. ██████ ............. F█
14. ██████ ............
15. J██████ ............
16. ██████ n ............
17. ██████ ............
18. ██████ ............
19. ██████ lis .........
20. ██████ ............
21. ██████ ............
22. ██████ ............
23. ██████ ............
24. J██████ ............
25. ██████ ............
26. ██████ n ............
27. ██████ ............             ██ 8
28. ██████ ............
29. ██████ ............
30. ██████ ............
```

31. ...............
32. ............... F
33. ............... A
34. ord .........
35. os ..........
36. ...............
37. ez ..........
38. ...............
39. .............
40. .............
41. ...............
42. e ...........
43. J ...............
44. J ...............
45. J ...............
46. .............
47. ...............
48. ...............
49. ...............
50. J ...............
51. ...............
52. ...............
53. r ............
54. .............
55. te ..........
56. ...............

Thank you, Jessica. Please confirm the above, and let me know if you have any questions or concerns.

Best,
Aaron


Aaron J. Fischer, Esq.
ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Tel: (415) 433-6830
Fax: (415) 433-7104
afischer@rbgg.com
www.rbgg.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.

IRS CIRCULAR 230 NOTICE:  As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

**From:** Jessica Kim [mailto:Jessica.Kim@doj.ca.gov]
**Sent:** Friday, August 30, 2013 12:53 PM

3

**To:** Aaron Fischer
**Subject:** RE: Joint Statement re Dispute on Class Member Records [IWOV-DMS.FID25914]

I'm in talks with CDCR legal right now and I believe I will be able to update you soon.

Thanks,

Jessica Kim
Deputy Attorney General
Correctional Law Section
(916) 323-8789

---

**From:** Aaron Fischer [mailto:AFischer@rbgg.com]
**Sent:** Friday, August 30, 2013 11:43 AM
**To:** Jessica Kim
**Subject:** RE: Joint Statement re Dispute on Class Member Records [IWOV-DMS.FID25914]

Jessica,

Following up on our phone call earlier this morning, do you have an update from CDCR regarding a process for producing these records?

Thank you.

Aaron

---

**From:** Jessica Kim [mailto:Jessica.Kim@doj.ca.gov]
**Sent:** Thursday, August 29, 2013 4:59 PM
**To:** Aaron Fischer
**Cc:** Patrick McKinney; ''Tebrock, Katherine@CDCR' (katherine.tebrock@cdcr.ca.gov)'; 'Davies, Bill@CDCR (bill.davies@cdcr.ca.gov)'; Coleman Team - RBG Only; Maneesh Sharma; Jay Russell
**Subject:** RE: Joint Statement re Dispute on Class Member Records [IWOV-DMS.FID25914]

Aaron,

The deadline that you seek to impose of noon tomorrow for the joint statement is not reasonable. Although you signaled your intention on Monday to file a joint statement on Wednesday or Thursday, it was not appropriate for Defendants to complete a response when discussions about your request were (and are) still ongoing, and we had not received your motion to compel. Moreover, it does not appear that Plaintiffs' motion is finalized given the Court's orders limit joint statements to two pages, and Plaintiffs statement currently take up all two pages.

Defendants reiterate that we will send you our position statement by Tuesday at noon. Two business days is a reasonable time frame for Defendants to respond.

Thanks,

Jessica Kim
Deputy Attorney General
Correctional Law Section
(916) 323-8789

**From:** Aaron Fischer [mailto:AFischer@rbgg.com]
**Sent:** Thursday, August 29, 2013 2:45 PM
**To:** Jessica Kim
**Cc:** Patrick McKinney; ''Tebrock, Katherine@CDCR (katherine.tebrock@cdcr.ca.gov)'; 'Davies, Bill@CDCR (bill.davies@cdcr.ca.gov)'; Coleman Team - RBG Only; Maneesh Sharma; Jay Russell
**Subject:** RE: Joint Statement re Dispute on Class Member Records [IWOV-DMS.FID25914]

Jessica,

Defendants have been aware of Plaintiffs' proposals regarding use of a copy service or an agreed upon location to view and print the records since at least August 12, when Michael Stone and I discussed these proposals. On August 14, we notified you that we would be seeking the court's assistance if we were not able to reach an agreement. On Monday, after further correspondence, we notified you that, absent an agreement, we would be filing the joint statement on Wednesday.  You asked that we instead meet and confer on Wednesday afternoon, and I agreed, noting that if we are unable to reach a workable solution during that meet and confer, we would file the joint statement today.  During yesterday's meet and confer, Ms. Tebrock said she would make further inquiries regarding our proposal, and I asked that she let me know if a resolution could be reached by this morning.  Defendants now state that you hope to resolve things amicably and are awaiting a response from the client.

An additional 5-day delay is not warranted or appropriate.  Time is of the essence on this issue, and Defendants have been aware of Plaintiffs' proposals and intention to file with the court for several days.  We have staff available to go collect files starting on Tuesday (9/3) and Wednesday (9/4), and can arrange for a copy service to gather the custody files on those days as well. <u>Please let us know by tomorrow (Friday, 8/30) at Noon whether they will be permitted to do so.  Alternatively, please provide Defendants' Position for the joint statement by that time.</u>  Plaintiffs plan to file with the court on Friday if a final agreement has not been reached, and decline to accept any further delay.

As Defendants are also aware, the procedure for Plaintiffs' obtaining class member records has never involved formal discovery requests, even where there is pending litigation.  The Request for Production was served at the suggestion of Nick Weber in an effort to expedite a resolution, not as a basis for further delay. The August 2 request was sufficient, and obligates Defendants to work with Plaintiffs to ensure a timely production.  In any event, as requested, attached is the Request with Proof of Service.

Thank you.

Aaron

---

**From:** Jessica Kim [mailto:Jessica.Kim@doj.ca.gov]
**Sent:** Thursday, August 29, 2013 1:25 PM
**To:** Aaron Fischer
**Cc:** Patrick McKinney; ''Tebrock, Katherine@CDCR' (katherine.tebrock@cdcr.ca.gov)'; 'Davies, Bill@CDCR (bill.davies@cdcr.ca.gov)'; Coleman Team - RBG Only; Maneesh Sharma; Jay Russell
**Subject:** RE: Joint Statement re Dispute on Class Member Records [IWOV-DMS.FID25914]

Aaron,

The filing of a joint statement regarding Plaintiffs' request for the records of 83 class members is premature.  It has not been thirty days since Plaintiffs served their request for production, and Defendants will respond in the time permitted by FRCP 34.  In addition, CDCR is still considering the proposals you made yesterday about a copy service or an agreed upon location to view and print the records.  Finally, your request that Defendants respond to a position that is nearly

twice the length permitted in less than half a day is unreasonable.  Defendants will send you their response on Tuesday, September 3.

My colleagues and I looked through our records, and we don't have documentation of Plaintiffs service of the request for production on August 6th.   Would you please send us the proof of service?

Thanks,

Jessica Kim
Deputy Attorney General
Correctional Law Section
(916) 323-8789

---

**From:** Aaron Fischer [mailto:AFischer@rbgg.com]
**Sent:** Thursday, August 29, 2013 12:17 PM
**To:** Jessica Kim
**Cc:** Patrick McKinney; ''Tebrock, Katherine@CDCR' (Katherine.Tebrock@cdcr.ca.gov)'; 'Davies, Bill@CDCR (Bill.Davies@cdcr.ca.gov)'; Coleman Team - RBG Only
**Subject:** Joint Statement re Dispute on Class Member Records [IWOV-DMS.FID25914]

Jessica,

Having not heard from Katherine regarding Plaintiffs' proposal for completing production of the requested class member records, I am providing you with Plaintiffs' Position for the Joint Statement to be filed with the Court. Please insert Defendants' Position and return to us as soon as possible.  As I indicated on Tuesday, we intend to file the Joint Statement by the end of the day today.

Plaintiffs remain willing to work cooperatively to resolve this dispute.  As we have discussed, following past practice, we are willing to send staff to an agreed upon location to view and print the requested treatment records, and to send a copy service to gather custody file records.  If CDCR has other proposals for completing timely production (by the second week of September), I am happy to discuss those as well.

Best,
Aaron


Aaron J. Fischer, Esq.
ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Tel: (415) 433-6830
Fax: (415) 433-7104
afischer@rbgg.com
www.rbgg.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.

IRS CIRCULAR 230 NOTICE:  As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

Exhibit H

**From:** Jessica Kim [mailto:Jessica.Kim@doj.ca.gov]
**Sent:** Tuesday, September 03, 2013 4:40 PM
**To:** Aaron Fischer
**Cc:** 'Tebrock, Katherine@CDCR'; Patrick McKinney; 'Davies, Bill@CDCR'; Coleman Team - RBG Only;
'Bornstein, Jeffrey L. (jeffrey.bornstein@klgates.com) (jeffrey.bornstein@klgates.com)';
'jon.michaelson@klgates.com'; 'Megan F. Cesare-Eastman'; Jay Russell; Maneesh Sharma
**Subject:** RE: Coleman, Class Member Records [IWOV-DMS.FID25914]

Aaron,

Five of the six individuals that Defendants identified as not *Coleman* class members
(█████████████████████████████████████████████████) have
either paroled, discharged, or are within a county's Post-Release Supervision program.  If
you obtain waivers from these individuals, then CDCR can release their records.  The
sixth individual, Montez-Walker, is a 7301.

As for Group 2's central-file records, with the resources presently available to CDCR, the
records you requested will be produced as quickly as possible.  If CDCR can respond to
Plaintiffs' unprecedented demands by producing these voluminous records regarding
multiple issues any earlier than was previously stated, we will let you know.

Thanks,

Jessica

---

**From:** Aaron Fischer [AFischer@rbgg.com]
**Sent:** Tuesday, September 03, 2013 2:25 PM
**To:** Jessica Kim
**Cc:** 'Tebrock, Katherine@CDCR'; Patrick McKinney; 'Davies, Bill@CDCR'; Coleman Team - RBG Only;
'Bornstein, Jeffrey L. (jeffrey.bornstein@klgates.com) (jeffrey.bornstein@klgates.com)';
'jon.michaelson@klgates.com'; 'Megan F. Cesare-Eastman'; Jay Russell; Maneesh Sharma
**Subject:** RE: Coleman, Class Member Records [IWOV-DMS.FID25914]

Jessica,

There remain two disputed issues that must be resolved.

First, Plaintiffs do not agree to the timeline for production of the C-file documents for the
Group 2 inmate-patients.  As I have stated before, Plaintiffs are willing to arrange for a
copy service to gather copies of these documents, so that production may be completed
by September 13.  We can also discuss prioritizing a rolling production schedule of the
groups in our records request to allow for production of these records in sufficient time
for Plaintiffs to review them in advance of the UOF hearing.

Second, Plaintiffs do not agree to CDCR's refusal to provide records for six individuals in our request. (You stated that there are five individuals for whom Defendants will not produce records, but list six names.) Defendants have already provided records and information about all of these individuals in the course of the termination proceedings, and all of them have been on the caseload and have recently received mental health services, including at the DSH, MHCB, and EOP levels of care. Plaintiffs are clearly entitled to their records.

Are you available this afternoon to discuss these issues? These remaining matters need to be resolved promptly. I am hopeful this can be done without the court's assistance.

I look forward to speaking with you shortly.

Best,
Aaron

Aaron J. Fischer, Esq.
ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Tel: (415) 433-6830
Fax: (415) 433-7104
afischer@rbgg.com
www.rbgg.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.

IRS CIRCULAR 230 NOTICE: As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

> **From:** Jessica Kim [mailto:Jessica.Kim@doj.ca.gov]
> **Sent:** Tuesday, September 03, 2013 12:32 PM
> **To:** Aaron Fischer
> **Cc:** 'Tebrock, Katherine@CDCR'; Patrick McKinney; 'Davies, Bill@CDCR'; Coleman Team - RBG Only; 'Bornstein, Jeffrey L. (jeffrey.bornstein@klgates.com) (jeffrey.bornstein@klgates.com)'; 'jon.michaelson@klgates.com'; 'Megan F. Cesare-Eastman'; Jay Russell; Maneesh Sharma
> **Subject:** RE: Coleman, Class Member Records [IWOV-DMS.FID25914]
>
> Aaron,
>
> Defendants agree to the document request production schedule (as outlined in your email on 9/3/13 at 9:38 a.m.) with the following caveats:
> - This schedule represents extraordinary efforts by CDCR and should not construed as an agreement to produce records at this rate in the future.

- Defendants reserve their right to object to Plaintiffs use of these records in the evidentiary hearings for Plaintiffs' pending motions, and we reiterate our position that we believe such use is improper.
- For Group 2, Defendants will produce the C-file documents by September 27th. CDCR does not, at this time, agree to provide these documents by September 13th.
- So far, CDCR has identified five individuals on your list that are not class members: ███████████████████████████████████████████ We will not produce these individuals' records.
- Confidential C-file records will not be produced.

If you have any questions, please contact me.

Thanks,

Jessica Kim
Deputy Attorney General
Correctional Law Section
(916) 323-8789

---

**From:** Aaron Fischer [AFischer@rbgg.com]
**Sent:** Tuesday, September 03, 2013 9:38 AM
**To:** Jessica Kim
**Cc:** 'Tebrock, Katherine@CDCR'; Patrick McKinney; 'Davies, Bill@CDCR'; Coleman Team - RBG Only; 'Bornstein, Jeffrey L. (Jeffrey.Bornstein@klgates.com) (Jeffrey.Bornstein@klgates.com)'; 'Jon.Michaelson@klgates.com'; 'Megan F. Cesare-Eastman'; 'Acharya, Ranjini (Ranjini.Acharya@klgates.com)'
**Subject:** RE: Coleman, Class Member Records [IWOV-DMS.FID25914]

Jessica,

To follow up on our phone call on Friday afternoon, we understand that CDCR is willing to provide records responsive to our request as described below. Plaintiffs are agreeable to this schedule with one exception: Plaintiffs request that the C-file and other non-UHR documents for the 18 class members relevant to the Use of Force dispute be provided by September 13, not in 3-4 weeks. Please let me know if Defendants agree to this modification. Plaintiffs are willing to provide a copy service to assist with copying those records, if necessary. Please also confirm our agreement as described below.

**Group 1**
For the following 9 class members, CDCR will provide mental health records no later than September 6, and the requested C-file records (disciplinary records, placement chronos) no later than September 13. The records will cover the period February 2013 to the present:
  1. J████████o ...................█████
  2. J████████w .................
  3. ██████████ ...................



4. J
5.
6. S ............ n ...............
7. ................ *(Please note corrected CDCR # and last name*
   *s*
8. J ................
9. J .................

\*\*\*

## Group 2

For the following 18 class members, CDCR will provide UHR documents (as specified below) no later than September 13. As noted above, we request that the C-file and other documents requested (Use of Force incident packets, all levels of review of Use of Force incidents, Rule Violation Reports (RVRs), C-file documents (including Case Summary, Legal Documents, Classification, Disciplinary, General Chronos, Misc., and confidential section)) be provided no later than September 13, not in 3-4 weeks. The records will cover the period January 2012 to the present:

1. ...................
2. ...................
3. ...................
4. ...................
5. ................... P
6. ................... F
7. ...................
8. ................... F
9. ................... T
10. s ................... J
11. ................... P
12. ................... T
13. ................... A
14. ................... T
15. ................... F
16.  ...................
17. ................... A
18. ................... T

For the 18 class members above, Plaintiffs have agreed to narrow the eUHR documents to the following sections:

   (1) Clinician's Orders/Medication Consents
   (2) Death Summary/Problem List/Progress Notes/ER Records
   (3) Physical/Obstetricals
   (7) Medical Chronos
   (8) Consults/Procedures/Treatment
   (9) Miscellaneous/Outside Facility
   (11) Mental Health Evaluations
   (12) Mental Health Progress Notes
   (13) Face Sheet/Medicolegal

(14) In/Outpatient Housing Units

\*\*\*

**Group 3**

Finally, for the remaining 56 class members, CDCR will provide mental health records and the requested C-file records (disciplinary records, placement chronos) within 3-4 weeks of our August 30 call.  We appreciate a rolling production, but would be fine with all records being provided by September 27 (or 4 weeks from our August 30 call). The records will cover the period February 2013 to the present.

1. J█████████████ .............████7
2. ██████████████ ...........
3. ██████████████ ...........
4. ██████████████ ........... A
5. ██████████████ ........... F
6. ██████████████ ........... A
7. J█████████████ ........... F
8. ██████████████ .......... A████9
9. ██████████████ ........... J
10. █████████████d ....... H
11. █████████████ ........... K
12. T████████████ ........... V
13. █████████████ .......... F
14. █████████████ ........... T
15. J████████████ .......... V
16. █████████████ ........... A
17. █████████████ ........... H
18. █████████████ .......... F
19. █████████████ .......... A
20. █████████████ ...........
21. █████████████ ........... H
22. █████████████ ........... A
23. █████████████ ........... F
24. J████████████ ...........
25. █████████████ ...........
26. S████████████ ........... T
27. █████████████ .......... 8
28. █████████████ ........... H
29. █████████████ ........... A
30. █████████████ ........... P
31. █████████████ ...........
32. █████████████ ......... P
33. █████████████ .......... A
34. █████████████d ........ D
35. █████████████s ......... P
36. S████████████ ...........
37. █████████████ .......... J
38. S████████████ ...........
39. █████████████ ........... 7



Thank you, Jessica. Please confirm the above, and let me know if you have any questions or concerns.

Best,
Aaron


Aaron J. Fischer, Esq.
ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Tel: (415) 433-6830
Fax: (415) 433-7104
afischer@rbgg.com
www.rbgg.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.

IRS CIRCULAR 230 NOTICE:  As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

**From:** Jessica Kim [mailto:Jessica.Kim@doj.ca.gov]
**Sent:** Friday, August 30, 2013 12:53 PM
**To:** Aaron Fischer

**Subject:** RE: Joint Statement re Dispute on Class Member Records [IWOV-DMS.FID25914]

I'm in talks with CDCR legal right now and I believe I will be able to update you soon.

Thanks,

Jessica Kim
Deputy Attorney General
Correctional Law Section
(916) 323-8789

**From:** Aaron Fischer [mailto:AFischer@rbgg.com]
**Sent:** Friday, August 30, 2013 11:43 AM
**To:** Jessica Kim
**Subject:** RE: Joint Statement re Dispute on Class Member Records [IWOV-DMS.FID25914]

Jessica,

Following up on our phone call earlier this morning, do you have an update from CDCR regarding a process for producing these records?

Thank you.

Aaron

> **From:** Jessica Kim [mailto:Jessica.Kim@doj.ca.gov]
> **Sent:** Thursday, August 29, 2013 4:59 PM
> **To:** Aaron Fischer
> **Cc:** Patrick McKinney; ''Tebrock, Katherine@CDCR'
> (katherine.tebrock@cdcr.ca.gov)'; 'Davies, Bill@CDCR (bill.davies@cdcr.ca.gov)';
> Coleman Team - RBG Only; Maneesh Sharma; Jay Russell
> **Subject:** RE: Joint Statement re Dispute on Class Member Records [IWOV-DMS.FID25914]
>
> Aaron,
>
> The deadline that you seek to impose of noon tomorrow for the joint statement is not reasonable. Although you signaled your intention on Monday to file a joint statement on Wednesday or Thursday, it was not appropriate for Defendants to complete a response when discussions about your request were (and are) still ongoing, and we had not received your motion to compel. Moreover, it does not appear that Plaintiffs' motion is finalized given the Court's orders

limit joint statements to two pages, and Plaintiffs statement currently take up all two pages.

Defendants reiterate that we will send you our position statement by Tuesday at noon.  Two business days is a reasonable time frame for Defendants to respond.

Thanks,

Jessica Kim
Deputy Attorney General
Correctional Law Section
(916) 323-8789

**From:** Aaron Fischer [mailto:AFischer@rbgg.com]
**Sent:** Thursday, August 29, 2013 2:45 PM
**To:** Jessica Kim
**Cc:** Patrick McKinney; "Tebrock, Katherine@CDCR'
(katherine.tebrock@cdcr.ca.gov)'; 'Davies, Bill@CDCR (bill.davies@cdcr.ca.gov)';
Coleman Team - RBG Only; Maneesh Sharma; Jay Russell
**Subject:** RE: Joint Statement re Dispute on Class Member Records [IWOV-DMS.FID25914]

Jessica,

Defendants have been aware of Plaintiffs' proposals regarding use of a copy service or an agreed upon location to view and print the records since at least August 12, when Michael Stone and I discussed these proposals. On August 14, we notified you that we would be seeking the court's assistance if we were not able to reach an agreement. On Monday, after further correspondence, we notified you that, absent an agreement, we would be filing the joint statement on Wednesday.  You asked that we instead meet and confer on Wednesday afternoon, and I agreed, noting that if we are unable to reach a workable solution during that meet and confer, we would file the joint statement today.  During yesterday's meet and confer, Ms. Tebrock said she would make further inquiries regarding our proposal, and I asked that she let me know if a resolution could be reached by this morning.  Defendants now state that you hope to resolve things amicably and are awaiting a response from the client.

An additional 5-day delay is not warranted or appropriate.  Time is of the essence on this issue, and Defendants have been aware of Plaintiffs' proposals and intention to file with the court for several

days.  We have staff available to go collect files starting on Tuesday (9/3) and Wednesday (9/4), and can arrange for a copy service to gather the custody files on those days as well.  Please let us know by tomorrow (Friday, 8/30) at Noon whether they will be permitted to do so.  Alternatively, please provide Defendants' Position for the joint statement by that time.  Plaintiffs plan to file with the court on Friday if a final agreement has not been reached, and decline to accept any further delay.

As Defendants are also aware, the procedure for Plaintiffs' obtaining class member records has never involved formal discovery requests, even where there is pending litigation.  The Request for Production was served at the suggestion of Nick Weber in an effort to expedite a resolution, not as a basis for further delay. The August 2 request was sufficient, and obligates Defendants to work with Plaintiffs to ensure a timely production.  In any event, as requested, attached is the Request with Proof of Service.

Thank you.

Aaron

> **From:** Jessica Kim [mailto:Jessica.Kim@doj.ca.gov]
> **Sent:** Thursday, August 29, 2013 1:25 PM
> **To:** Aaron Fischer
> **Cc:** Patrick McKinney; ''Tebrock, Katherine@CDCR' (katherine.tebrock@cdcr.ca.gov)'; 'Davies, Bill@CDCR (bill.davies@cdcr.ca.gov)'; Coleman Team - RBG Only; Maneesh Sharma; Jay Russell
> **Subject:** RE: Joint Statement re Dispute on Class Member Records [IWOV-DMS.FID25914]
>
> Aaron,
>
> The filing of a joint statement regarding Plaintiffs' request for the records of 83 class members is premature.  It has not been thirty days since Plaintiffs served their request for production, and Defendants will respond in the time permitted by FRCP 34.  In addition, CDCR is still considering the proposals you made yesterday about a copy service or an agreed upon location to view and print the records.  Finally, your request that Defendants respond to a position that is nearly twice the length permitted in less than half a day is

unreasonable.  Defendants will send you their response on Tuesday, September 3.

My colleagues and I looked through our records, and we don't have documentation of Plaintiffs service of the request for production on August 6th.   Would you please send us the proof of service?

Thanks,

Jessica Kim
Deputy Attorney General
Correctional Law Section
(916) 323-8789

**From:** Aaron Fischer [mailto:AFischer@rbgg.com]
**Sent:** Thursday, August 29, 2013 12:17 PM
**To:** Jessica Kim
**Cc:** Patrick McKinney; "Tebrock, Katherine@CDCR' (Katherine.Tebrock@cdcr.ca.gov)'; 'Davies, Bill@CDCR (Bill.Davies@cdcr.ca.gov)'; Coleman Team - RBG Only
**Subject:** Joint Statement re Dispute on Class Member Records [IWOV-DMS.FID25914]

Jessica,

Having not heard from Katherine regarding Plaintiffs' proposal for completing production of the requested class member records, I am providing you with Plaintiffs' Position for the Joint Statement to be filed with the Court. Please insert Defendants' Position and return to us as soon as possible.  As I indicated on Tuesday, we intend to file the Joint Statement by the end of the day today.

Plaintiffs remain willing to work cooperatively to resolve this dispute.  As we have discussed, following past practice, we are willing to send staff to an agreed upon location to view and print the requested treatment records, and to send a copy service to gather custody file records.  If CDCR has other proposals for completing timely production (by the second week of September), I am happy to discuss those as well.

Best,
Aaron

Aaron J. Fischer, Esq.
ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Tel: (415) 433-6830
Fax: (415) 433-7104
afischer@rbgg.com
www.rbgg.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged,
confidential and protected from disclosure. If you are not the intended recipient,
any dissemination, distribution or copying is strictly prohibited. If you think that
you have received this e-mail message in error, please e-mail the sender at
rbgg@rbgg.com.

IRS CIRCULAR 230 NOTICE:  As required by United States Treasury
Regulations, you should be aware that this communication is not intended by the
sender to be used, and it cannot be used, for the purpose of avoiding penalties
under United States federal tax laws.

CONFIDENTIALITY NOTICE: This communication with its
contents may contain confidential and/or legally privileged
information. It is solely for the use of the intended recipient(s).
Unauthorized interception, review, use or disclosure is prohibited
and may violate applicable laws including the Electronic
Communications Privacy Act. If you are not the intended recipient,
please contact the sender and destroy all copies of the
communication.

CONFIDENTIALITY NOTICE: This communication with its contents
may contain confidential and/or legally privileged information. It is solely
for the use of the intended recipient(s). Unauthorized interception, review,
use or disclosure is prohibited and may violate applicable laws including
the Electronic Communications Privacy Act. If you are not the intended
recipient, please contact the sender and destroy all copies of the
communication.

CONFIDENTIALITY NOTICE: This communication with its contents may
contain confidential and/or legally privileged information. It is solely for the use
of the intended recipient(s). Unauthorized interception, review, use or disclosure
is prohibited and may violate applicable laws including the Electronic
Communications Privacy Act. If you are not the intended recipient, please contact
the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.