IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

    Plaintiffs,              No. 2:90-cv-0520 LKK JFM P

    vs.

EDMUND G. BROWN, JR., et al.,

    Defendants.         ORDER

_____/

        On September 6, 2013, the parties filed a Joint Statement Re Discovery Dispute on Production of Class Member Records (Joint Statement). (ECF No. 4787.) The nature of the dispute centers on plaintiffs' desire to compel production of central file (C-file) records for eighteen inmates involved in use of force incidents reviewed by the parties' experts, including custody records, disciplinary records, and use of force incident reports, prior to September 27, 2013, the date by which defendants have agreed to produce the records. (Joint Statement at 1.) Plaintiffs also seek records for six other individuals. Defendants have refused to produce these latter records to plaintiffs without signed waivers from the individuals involved, contending that they are not currently members of the plaintiff class. (Id. at 2-3.)

        There is no dispute that the eighteen individuals for whom C-file records are sought by plaintiffs are members of the plaintiff class. Defendants contend that plaintiffs did not

1

timely serve a "valid discovery request" for these records and that plaintiffs' informal request cannot be enforced by this court. (Id. at 2-3.) On August 2, 2013, plaintiffs' counsel sent a letter request to defendants seeking production of those records by August 23, 2013. (See Ex. B to Fischer Decl. (ECF No. 4788-1) at 16-19.) On August 5, 2013, defendants responded by letter with objections to the request. (See Ex. C to Fischer Decl. (ECF No. 4788-1) at 21-22.)

Defendants also contended that plaintiffs were required to serve a formal request for production of documents pursuant to Federal Rule Civil Procedure 34 (id. at 21), which plaintiffs did on August 6, 2013. (See Ex. D to Fischer Decl. (ECF No. 4788-1) at 25-31.) In the formal request, plaintiff sought "mental health records, disciplinary records, and placement chronos for the period of February 2013 to the present" for sixty-five members of the plaintiff class, documents from the unit health records and disciplinary records and/or custody records for eighteen members of the plaintiff class, and use of force and disciplinary records for eighteen members of the plaintiff class. (Id.) Plaintiffs proposed a rolling production of specified records for eighteen members of the class by August 30, 2013, and specified records for fifty-six members of the plaintiff class by September 16, 2013 (Ex. E to Fischer Decl. (ECF No. 4788-1) at 35-38), and offered to arrange for a copy service to gather records on site. (Fischer Decl. (ECF No. 4788) at ¶ 7.) Defendants responded to the proposal for rolling production with an email stating that the request exceeded the normal scope of prior record requests between the parties, that it would take "months" for CDCR to gather and produce the requested information, and that plaintiffs would "need to seek an order from the court compelling production because" in defendants' view plaintiffs' request "violates the discovery rules" since plaintiffs were seeking the information to use in connection with motions pending in the district court. (Ex. F to Fischer Decl. (ECF No. 4788-1) at 41.)

Subsequent discussions between the parties appear to have narrowed the dispute to the issues of the time for production of C-file records for eighteen inmates (September 13 vs. September 27) and of whether c-file records for six other individuals can or should be produced

2

to plaintiffs' counsel without signed waivers.  (See Ex. G to Fischer Decl. (ECF No. 4788-1) at 48-49; Ex. H. to Fischer Decl. (ECF No. 4788-1) at 56-67.)

Defendants contend that production of the records sought by plaintiffs cannot be compelled because (1) the court cannot compel production pursuant to an informal request and (2) plaintiffs' Rule 34 request was untimely.  The latter contention is apparently based on language in an order issued by this court on August 9, 2013, in which it was observed that "at this late stage of the proceedings it appears clear that any such request for production in connection with a deposition should be limited to documents relied on by the defense witness in preparing his or her declaration or testimony."  (Order filed Aug. 9, 2013 (ECF No. 4738) at 3.)  However, the issue before the court at that time concerned whether a deponent could be required to produce files he had not reviewed.

The issue now before the court is quite different.  Assuming arguendo that plaintiffs counsel were required to propound a formal discovery request to obtain information from their clients' C-files, a finding this court does not make, plaintiffs in this instance served their formal discovery request on August 6, 2013, prior to the August 9, 2013 deadline for completion of depositions and for filing their reply briefs as required by the district court's July 11, 2013 order.[1]  Nothing in the district court's order precluded service of Rule 34 discovery requests during this time period.  On September 5, 2013, defendants served responses to the Rule 34 request, consisting entirely of objections thereto.  (See Ex. A to Kim Decl. (ECF No. 4789-1) at 2-12.)[2]  However, as discussed above the parties have resolved most of their differences over the requested production and the only questions that remain are whether defendants should now

---

[1] The parties subsequently stipulated to extend the August 9, 2013 deadline to August 23, 2013; defendants contend, however, that agreement did not contemplate service of additional discovery requests.

[2] Defendants have filed their responses and other documents in unredacted form.  (See Exs. A-D to Kim Decl.) Good cause appearing, the parties will be directed to inform the court in writing whether these or any other exhibit should be placed in the court file under seal.

3

1  be required to produce eighteen sets of records two weeks in advance of the time they have
2  agreed to do so and whether defendants can or should produce certain C-file records of inmates
3  not in the plaintiff class without waivers.
4          The records plaintiffs seek are for inmates whose use of force incidents were the
5  subject of review by defendants' expert. (Joint Statement at 1.) Defendants represent that they
6  have produced to plaintiffs "the full use of force reports documents underlying the videos relied
7  on" by both plaintiffs' and defendants' expert. (Id. at 3 and Ex. D to Kim Decl.) Citing Federal
8  Rule of Evidence 106, the so-called "rule of completeness", plaintiffs argue that defendants must
9  produce complete C-file records upon request. (See id. at 1.) Plaintiffs also contend that the
10 failure to turn the records over by September 13, 2013 will prevent their experts "from reviewing
11 those records and forming opinions about them prior to their testimony in court." (Joint
12 Statement at 1.)³ In response to this argument, defendants contend, that "it would be improper
13 for Plaintiffs' experts to review and form opinions about information acquired after the close of
14 discovery." (Joint Statement at 3.)
15         One of the primary purposes of discovery in connection with plaintiffs' pending
16 motions was to permit the parties to depose each other's witnesses regarding their proposed
17 testimony. (See, e.g., Orders filed June 11, 2013 (ECF No. 4646), July 10, 2013 (ECF No.
18 4687), September 5, 2013 (ECF No. 4786).) Under the schedule on which the evidentiary
19 hearing is currently proceeding, it is not clear that defendants would have an opportunity to
20 depose plaintiffs' experts about any additional opinions they might form after reviewing the
21 records at issue even if plaintiffs obtained those records by September 13, 2013.  However, by

---

23  ³ Although plaintiffs refer to "experts" in this section, elsewhere in the Joint Statement
    they refer to only one rebuttal expert, Dr. Edward Kaufman. (See Joint Statement (ECF No.47
24  87) at 1.) In Dr. Kaufman's rebuttal declaration, he avers that he was scheduled to conduct an
    inspection, including review of videos and medical records, on September 6, 2013 after which he
25  would supplement his declaration "if necessary." (Kaufman Reply Decl. (ECF No. 4766-3) at 8.)
    Defendants have agreed to produce Unit Health Records for the eighteen inmates by September
26  13, 2013. (See Ex. G to Fischer Decl. (ECF No. 4788-1) at 48.)

order filed September 5, 2013, the district court held that discovery was open to complete several deposition, including those of plaintiffs' rebuttal witnesses, and directed the parties to tender by September 12, 2013 a schedule for completion of those depositions and, if necessary, a joint request to continue the start of the evidentiary hearing to one of the dates for hearing already reserved by the court.  Final resolution of that schedule may in turn bear directly on the appropriate resolution of the dispute currently before the court.

The interests of judicial economy weigh in favor of resolving this dispute in a manner that allows plaintiffs time to review, prior to the start of the evidentiary hearing, the material that will be provided to them in any event and that allows defendants notice and an opportunity to question plaintiffs' rebuttal experts about any supplemental opinions that may be formed after review of the produced materials.  The parties have made significant steps in narrowing the issues and are best suited to resolve the implicated scheduling issues.  Accordingly, good cause appearing, the parties will be directed to meet and confer in good faith forthwith to determine whether production of the eighteen sets of records, review thereof, and completion of any additional deposition(s) that may be required, can be completed consistent with the deposition schedule and possible request to continue the start of the evidentiary hearing they are working on in accordance with the district court's September 5, 2013 order.  Plaintiffs' motion to compel production of these records by September 13, 2013 will therefore be denied without prejudice at this time.

As noted, the second dispute concerns whether plaintiffs are entitled to records of five inmates who have recently been paroled or otherwise left a CDCR prison and one individual confined in a CDCR prison pursuant to California Welfare and Institutions Code § 7301, without obtaining waivers from these individuals.  Plaintiffs contend that records for the individuals were produced during the termination proceedings earlier this year. (Joint Statement at 2.)  Defendants contend there is no basis for producing records of non-class members without appropriate waivers and that they have legal obligations to those individuals whose records are sought to

maintain the confidentiality of their records. Plaintiffs have not shown that these six individuals are presently members of the plaintiff class. Defendants will not be required to produce to plaintiffs any records of individuals who are not members of the plaintiff class absent necessary waivers from those individuals.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The parties shall meet and confer forthwith to determine whether production of the eighteen sets of records, review thereof, and completion of any additional deposition(s) that may be required can be completed consistent with the schedule the parties are otherwise working on in accordance with the September 5, 2013 order. Plaintiffs' motion to compel production of these records by September 13, 2013 is denied without prejudice.

2. Plaintiffs' motion for production of files for non-class members without waivers is denied.

DATED: September 10, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

12
ehdisc.o3