1  DONALD SPECTER – 083925
   STEVEN FAMA – 099641
2  PRISON LAW OFFICE
   1917 Fifth Street
3  Berkeley, California  94710-1916
   Telephone:    (510) 280-2621
4
5
6
7

8  JON MICHAELSON – 083815
   JEFFREY L. BORNSTEIN – 099358
9  MEGAN CESARE-EASTMAN – 253845
   RANJINI ACHARYA – 290877
10 K&L GATES LLP
   4 Embarcadero Center, Suite 1200
11 San Francisco, California  94111-5994
   Telephone:    (415) 882-8200

12

13 Attorneys for Plaintiffs

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LORI E. RIFKIN – 244081
AARON J. FISCHER – 247391
MARGOT MENDELSON – 268583
KRISTA STONE-MANISTA – 269083
ROSEN BIEN GALVAN &
GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California  94104-1823
Telephone:    (415) 433-6830

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California  94104-4244
Telephone:    (415) 864-8848

14

15                  UNITED STATES DISTRICT COURT

16              FOR THE EASTERN DISTRICT OF CALIFORNIA

17 RALPH COLEMAN et. al.,

18              Plaintiffs,

19 v.

20 EDMUND G. BROWN, JR., et al.,

21              Defendant.

22

23

24

25

26

27

28

Case No.    Civ S 90-0520 LKK-JFM

**PLAINTIFFS' MOTION *IN LIMINE* TO
EXCLUDE THE DECLARATION AND
TESTIMONY OF STEVEN J. MARTIN
FILED IN SUPPORT OF
DEFENDANTS' OPPOSITION TO
MOTION RELATED TO USE OF
FORCE AND DISCIPLINARY
MEASURES**

Date:        September 26, 2013
Time:        9:00 a.m.
Judge:      Hon. Lawrence K. Karlton
Courtroom: 4

---

**PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE THE DECLARATION AND TESTIMONY OF
STEVEN J. MARTIN**

I.    **INTRODUCTION**

Plaintiffs hereby move to exclude the Declaration of Steven J. Martin, filed in support of Defendants' Opposition to Plaintiffs' Motion for Affirmative Relief (Decl. Steve J. Martin in support of Defendants' Opp. to Motion Related to Use of Force and Disciplinary Measures, Docket No. 4706, July 17, 2013, hereinafter "July Declaration") along with certain testimony which Mr. Martin has given via deposition or may attempt to offer at trial. The July Declaration and any related deposition and trial testimony should be stricken from the record for the reasons previously stated by the Court when it struck Mr. Martin's prior report and declaration during the termination proceeding.[1] In addition, Plaintiffs reiterate and incorporate by reference their evidentiary objections submitted during the termination proceeding and in support of their reply brief.[2]

II.    **LEGAL STANDARDS**

A.    **Admissibility of Expert Testimony**

Courts must ensure that expert testimony is both relevant and reliable pursuant to Rule 702 of the Federal Rules of Evidence. *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 597 (1993). Courts have the "responsibility of ensuring that all expert testimony must pertain to scientific, technical, or other specialized knowledge." *Uniloc USA, Inc. v. Microsoft Corp.,* 632 F.3d 1292, 1315 (Fed. Cir. 2011). Under Rule 703 of the Federal Rules of Evidence, an expert must base his or her opinion, "on facts or data in the case that the expert has been made aware of or personally observed…if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." Courts enquiring into reliability of an expert's testimony must determine whether a proffered expert furnishes more than what lawyers could offer in argument.

---

[1] Docket No. 4539, April 15, 2013 Order at 22.
[2] Docket Nos. 4423, 4513, 4769.

**PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE THE DECLARATION AND TESTIMONY OF STEVEN J. MARTIN**

1  *Eymard v. Pan Am. World Airways (In re Air Crash Disaster at New Orleans, La.)*, 795 F.2d
2  1230, 1233 (5th Cir. 1986).

3  **III.    ARGUMENT**

4       **A.    The July Declaration Lacks Proper Foundation Because It Improperly**
5            **Rests on Evidence That Has Been Stricken from the Record**

6       Defendants originally designated Mr. Martin as an expert witness in the *Coleman*
7  termination proceedings on January 7, 2013.[3]  Mr. Martin submitted his first report in support
8  of Defendants' motion to terminate on January 4, 2013 (hereinafter "January Report").[4]  Mr.
9  Martin submitted a second declaration in support of Defendants' termination motion on
10 March 22, 2013 (hereinafter "March Declaration").[5]

11      The July Declaration attaches the January Report and March Declaration in their
12 entirety as exhibits, and incorporates each by reference.  Plaintiffs hereby incorporate their
13 prior objections to the January Report and the March Declaration, and related testimony, and
14 their evidentiary objections to the July Declaration, all of which were based on the fact that
15 Mr. Martin conducted his *ex parte* tours of California prisons, including interviews with class
16 members, without Plaintiffs' knowledge or consent.[6]  As Plaintiffs have previously argued
17 before this Court, Defendants' unethical conduct in organizing Mr. Martin's tours, without
18 notice to Plaintiffs, deprived Plaintiffs' counsel and Plaintiffs' experts of the opportunity to
19 observe and analyze the experts' methodology and the basis upon which they formed their

---

[3] Docket No. 4275-4, Declaration of Debbie Vorous in support of Defendants' Motion to Terminate, Ex. 2.

[4] Docket No. 4279, Report of Defendants' Expert Steve J. Martin.

[5] Docket No. 4483, Reply Decl. of Steve J. Martin in support of Defendants' Motion to Terminate under the Prison Litigation Reform Act and to Vacate the Court's Judgment and Orders Under FRCP 60(b)(5), Docket No. 4483, March 22, 2013.

[6] See Docket No. 4423, Corrected Pls' Evidentiary Objs. to Defendants' Expert Reports and Declarations, March 19, 2013; Docket No. 4513, Pls' Evidentiary Objs. to Defs' Reply Declarants and Mot. to Strike, March 26, 2013, at 22-24; Docket No. 4524, Pls' Reply to Defs' Resp. to Order to Show Cause, March 26, 2013; Docket No. 4769, Pls' Evid. Objs. Re Defs' Opp. To Pls' Motion Related to Use of Force and Disciplinary Measures, August 23, 2013, at 4-7.

**PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE THE DECLARATION AND TESTIMONY OF STEVEN J. MARTIN**

1    opinions.[7]  For these same reasons, Plaintiffs now object to the attempted inclusion of the

2    January Report and the March Declaration through purported incorporation by reference in

3    the July Declaration.

4         In April 2013, this Court struck both the January Report and the March Declaration in

5    their entirety, finding that Mr. Martin had improperly conducted *ex parte* interviews with

6    *Coleman* class members.[8]  The Court also struck these reports on the basis that these *ex parte*

7    interviews occurred during "secret" tours of California prisons, which had been planned and

8    conducted without requisite notice to Plaintiffs.[9]  The court encouraged Mr. Martin to re-tour

9    California prisons to cure these defects, but Defendants declined to do so.[10]  Mr. Martin's

10   continued reliance on his previous testimony is misplaced, for three reasons.

11        First, as this Court noted in relation to the previous stricken testimony, "the court

12   cannot really know what portions of the report are dependent upon the tainted inmate

13   interviews.  Moreover, [Mr.] Martin's report makes no reference to his interviews with

14   inmates, leaving the court completely unable to identify which portions of his report are

15   tainted."[11]  Similarly, it is impossible to determine the specific portions of the July

16   Declaration which rest in whole or part upon Martin's previous testimony, since both the

17   January Report and the March Declaration have simply been incorporated in their entirety.

18   Thus, the entirety of the July Declaration is insolubly tainted and so should be stricken from

19   the record pursuant to Rule 702 and 703 of the Federal Rules of Evidence.

20        Second, in his July Declaration, Mr. Martin asserts: "I reviewed my notes from the 11

21   site visits I conducted between February and November 2012, and confirmed that I

22   interviewed only two inmates at a single facility.  These interviews related to two specific use

23   of force incidents that I had reviewed on-site at the R.J. Donovan Correctional Facility. …

---

[7] See Docket No. 4423, Corrected Pls' Evidentiary Objs. to Defendants' Expert Reports and Declarations, March 19, 2013, at 3.

[8] Docket No. 4539, Order Denying Defs.' Motion to Terminate, April 5, 2013 at 22.

[9] *Id.* at 15.

[10] Docket. No. 4726, Order, August 1, 2013, at 3 n. 3.

[11] Docket No. 4539, Order Denying Defs.' Motion to Terminate, April 5, 2013, at 22.

**PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE THE DECLARATION AND TESTIMONY OF STEVEN J. MARTIN**

1   Moreover, neither of the two interviews were used to form the basis for any of the system

2   opinions in my report."[12]  These new assertions by Mr. Martin directly contradict his earlier

3   deposition testimony, in which he acknowledged that he interviewed Coleman class

4   members.  During that deposition, Mr. Martin testified that he conducted "quite a variety of

5   inmate interviews." [13]  For example:

> Q. When you did your interviews with inmates, where did those interviews take place?
>
> A. Variety of settings. I would do cell-front interviews, I would call some out for particular-purpose interviews, in a dedicated interview space. Yard interviews, common space, day-room interviews. *Quite a variety of inmate interviews*.
>
> Q. Did the -- did you tell the inmates that you were working on the Coleman matter?
>
> A. *Certainly those inmates that I specifically requested to speak with about an incident, I did*. There was some introduction: I've been retained, you know, by the State as an expert. Whether I mentioned Coleman, I don't recall. I did not have a standard spiel. Did not read from a script.[14]

16      Because the July Declaration is clearly contradicted by Mr. Martin's previous

17   deposition testimony, those portions of the Declaration which address his actions in

18   interviewing class members, and those portions of the Declaration which are based on any

19   information obtained from these improper interviews, are inadmissible and should be stricken

20   from the record.  See *Kennedy v. Allied Mut. Ins. Co.,* 952 F.2d 262, 266 (9th. Cir. 1991)

21   ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an

22   affidavit contradicting his prior deposition testimony.").  Furthermore, Mr. Martin should be

23   precluded from offering or relying upon testimony that is tainted by his unauthorized ex parte

24   interviews and defendants' other unethical conduct, at trial.

---

26   [12] July Declaration, para. 3-4, 1:19-2:5.

27   [13] See Docket No. 4424, Declaration of Michael Bien in Support of Pls' Opp. to Defs' Motion to Terminate, Ex. 86 (February 28, 2013 Deposition of Steve Martin), at 36:10-13.

28   [14] *Id.* at 38:16-22, emphasis added.

4

Finally, because the Court previously struck these documents from the record, they should be similarly excluded in this proceeding.  Indeed, this Court recently ruled that even if it "were inclined to reconsider its decision to strike Mr. Martin's report, which it is not, the filing of the notice of appeal from the April 5, 2013 order may preclude it from doing so."[15] Nevertheless, Mr. Martin continues to rely on his January Report and March Declaration in formulating his opinions.  Because his prior report and declaration have been stricken, they cannot provide foundation for his current opinions.  Mr. Martin's testimony does not meet the *Daubert* standard for reliability.  See *Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.,* 505 F. Supp. 1313, 1346 (E. D. Penn. 1980) ("this segment is dominated by reliance on untrustworthy materials, either already excluded or demonstrably excludable; hence, the opinions expressed therein are inadmissible under Rule 703 for lack of reasonable reliance.").

**B.  Mr. Martin Should Be Precluded From Offering Testimony That Consists of Legal Conclusions**

Rule 702 permits parties to introduce expert testimony at trial only if it "will help the trier of fact to understand the evidence or determine a fact in issue."  The expert's testimony must assist the trial judge reach a conclusion of law; not substitute the expert's judgment for that of the trial judge.  *United States v. Duncan*, *supra*, 42 F.3d at 101.

To the extent that Mr. Martin seeks to testify whether Defendant's conduct in this matter meets constitutional standards, he is improperly opining on what is a purely legal conclusion and wholly within the exclusive province of the trial judge.  *See Wade v. Haynes*, 663 F.2d 778, 784 (8th Cir. 1981) *aff'd sub nom. Smith v. Wade*, 461 U.S. 30 (1983) ("In the sense that the question attempted to have the witness testify that defendant's conduct violated a constitutional norm, the form of the question was improper in seeking a pure legal conclusion.")  In fact, Mr. Martin appeared to recognize this distinction when discussing evidence of use of force during a subsequent deposition, noting, "[d]oes [the amount of pepper spray used in a cell extraction] equate to a finding of excessive force?  That's where it

---

[15] Docket No. 4726, Order, August 1, 2013 at 3:5-7.

**PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE THE DECLARATION AND TESTIMONY OF STEVEN J. MARTIN**

spills over into the realm of you lawyers and fact finders I think there's a point at which the amount itself per se constitutes excessive force but where that line is, how much, I don't know."[16]

  Mr. Martin should be precluded from testifying at trial on his perceptions of the constitutionality of Defendants' actions in relation to use of force and disciplinary measures against *Coleman* class members.[17]

## IV. CONCLUSION

  The July Declaration and Mr. Martin's related deposition testimony lack proper foundation.  Plaintiffs therefore respectfully request that the July Declaration, along with all related testimony which Mr. Martin has given, be stricken from the record in their entirety. Plaintiffs also request that that Mr. Martin be precluded from offering any opinion testimony at trial as to whether Defendants' policies and procedures are constitutional.

K&L GATES LLP

Dated: September 12, 2013    By: /s/ *Megan Cesare-Eastman*
                 Jon Michaelson
                 Jeffrey L. Bornstein
                 Megan Cesare-Eastman
                 Ranjini Acharya
                 Attorneys for Plaintiffs

---

[16] July Deposition, at 131:4-8.

[17] Further, to the extent that Mr. Martin seeks to apply a legal standard, he uses the wrong one.  When he mentions "serious injuries," Mr. Martin is referring solely to physical injuries, and fails to include psychological injuries.  As has been pointed out by this Court: "there is nothing of record suggesting a penological justification for the distinction between inflicting physical as contrasted with mental injury."  *Coleman v. Wilson*, 912 F. Supp. 1282, 1323 (E.D. Cal. 1995).  Therefore, to the extent Mr. Martin is permitted to testify at trial, he should also be precluded from rendering any opinion which is based on this incorrect standard.

6

**PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE THE DECLARATION AND TESTIMONY OF STEVEN J. MARTIN**