KAMALA D. HARRIS
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
JAY C. RUSSELL
Supervising Deputy Attorney General
DEBBIE VOROUS, State Bar No. 166884
PATRICK R. MCKINNEY, State Bar No. 215228
JESSICA KIM, State Bar No. 257766
MANEESH SHARMA, State Bar No. 280084
Deputy Attorneys General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-3035
 Fax:  (415) 703-5843
 E-mail:  Patrick.McKinney@doj.ca.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>EDMUND G. BROWN JR., et al.,<br><br>　　　　　　　　　Defendants. | 2:90-cv-00520 LKK JFM PC<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 1: TO EXCLUDE THE DECLARATION AND TESTIMONY OF PLAINTIFFS' "REBUTTAL" EXPERT WITNESS EDWARD KAUFMAN, M.D.**<br><br>Date:　　September 26, 2013<br>Time:　　9:00 am<br>Dept:　　4<br>Judge:　　The Honorable Lawrence K. Karlton<br><br>Action Filed:  1990 |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on September 26, 2013, at 9:00 a.m., or as soon thereafter as this matter may be heard, Defendants will and hereby do move the Court for an order to exclude the opinions and testimony of Plaintiffs' "rebuttal" expert, Edward Kaufman. Specifically, Defendant seek an order precluding Dr. Kaufman from offering any opinions or testimony on use-of-force or correctional issues within CDCR. This Motion is made on the grounds that Dr. Kaufman's testimony should be excluded because his purported expert opinions fail to meet the reliability and relevancy requirements of *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) and Federal Rule of Evidence 702. Dr. Kaufman's declaration and opinions also violate the age-old rule prohibiting a party from presenting issues and raising arguments for the first time in a reply brief.

Defendants base this motion on the Notice of Motion, the attached Memorandum of Points and Authorities, the Court's file in this action, oral argument of counsel, and any other matters that may come before this Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION.**

Defendants respectfully request that this Court preclude Plaintiffs' proposed "rebuttal" witness, Edward Kaufman, from testifying at the evidentiary hearing on Plaintiffs' use-of-force motion. Dr. Kaufman's opinions do not satisfy the requirements of *Daubert v. Merrell Dow Pharms., Inc.*, 508 U.S. 579 (1993). In particular, Dr. Kaufman is not qualified to provide expert testimony in rebuttal to Defendants' use-of-force expert Steve Martin. Dr. Kaufman's qualifications are woefully lacking and he provides no factual basis or any reliable methodology for his opinions. Moreover, his conclusions amount to nothing more than vague pronouncements about what he saw in 1993 with no logical connection to current conditions. Dr. Kaufman concedes that his declaration is nothing more than a speculative "overview about the psychological harms that are likely to occur" following a use-of-force incident. He relies on no methodology to support his conclusions, but instead relies on anecdotal evidence from Plaintiffs'

1

other expert to bolster his conclusions. However, these anecdotes do not support his conclusions, and neither he nor Plaintiffs present any evidence of purported psychological harm resulting from any of these incidents. Dr. Kaufman's unsupported, conclusory report—and therefore his purported testimony—is unreliable and is little more than a conduit for Plaintiffs' argument. His testimony and report concerning unfounded "psychological harms" should be excluded under Rules 702 and 403 of the Federal Rules of Evidence.

In addition to being substantively improper, Dr. Kaufman's "rebuttal" report, which purports to respond to the report of Defendants' expert Steve Martin, must be excluded as untimely. This Court clearly set forth the governing procedures for serving expert reports and conducting expert depositions. The Court's orders make no mention of "rebuttal" reports, and certainly do not permit such reports with respect to an issue on which the submitting party bears the burden of proof from an expert who had not previously provided any opinions on the issue.

Dr. Kaufman's declaration should be excluded and Plaintiffs should not be permitted to call him as a witness at the evidentiary hearing.[1] If Dr. Kaufman is permitted to testify despite these issues, he should be precluded from offering opinions that were not in his expert report in accordance with Rule 26.

## II. THE COURT SHOULD EXCLUDE DR. KAUFMAN'S OPINIONS BECAUSE HE IS NOT QUALIFIED AS A USE-OF-FORCE EXPERT AND HIS OPINIONS ARE NOT RELIABLE.

Under Rule 702 of the Federal Rules of Evidence, an expert may testify only if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. Expert testimony is inadmissible if it does not meet these requirements. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589-93 (1993). The proponent of the expert testimony must prove that the elements of Rule 702 have been met. *Id.* Moreover, the expert "cannot be a conduit for

---

[1] Defendants have not yet had the opportunity to depose Dr. Kaufman, and reserve the right to supplement this motion based on further evidence developed at the deposition.

2

Defs.' MIL No. 1: To Exclude the Testimony of Edward Kaufman
(2:90-cv-00520 LKK JFM PC)

the opinions of the attorney." Fed. R. Civ. Proc. 26(a)(2) Advisory Cmte. Notes. Dr. Kaufman's proposed testimony does not meet these standards.

### A. Dr. Kaufman Is Not Qualified as a Use-of-Force Expert.

An expert must be qualified through training, experience, or other specialized knowledge in the area of his or her proposed testimony. Fed. R. Evid. 702; *Jinro Am. v. Secure Invests., Inc.*, 266 F.3d 393, 1004 (9th Cir. 2001). Expert qualification requires demonstrating that the expert's knowledge "fits" the field in which the witness proposes to testify. *See Fenters v. Yosemite Chevron*, 761 F. Supp. 2d 957, 963 (E.D. Cal. 2010) ("Whether a witness is qualified as an expert can only be determined by comparing the area in which the witness has superior knowledge, skill, experience, or education with the subject matter of the witness's testimony.") When the expert's qualifications are not "sufficiently related to the subject matter upon which the witness offers an opinion", the expert is not qualified under Rule 702 and the testimony should be excluded. *Gable v. National Broadcasting Co.*, 727 F. Supp. 2d 815, 833 (C.D. Cal. 2010) (citing *United States v. Chang*, 207 F.3d 1169, 1172 (9th Cir. 2000)).

Plaintiffs have not met their threshold burden of establishing that Dr. Kaufman, a psychiatrist, is an expert in corrections or use-of-force. Defendants have not had an opportunity to depose Dr. Kaufman on use-of-force issues, but it was previously established that he has not worked in a correctional setting for more than 40 years, and he testified that he believed that no mentally ill inmates should be in prison. (*See* Kaufman Decl. Ex. A, ECF 4766-3; ECF 4491-5 [Kaufman Depo.] 36:25-37:7.) Nothing in Dr. Kaufman's *curriculum vitae* establishes him as a correctional expert on use-of-force issues, he does not hold himself out as such an expert, and Plaintiffs offer no evidence that Dr. Kaufman has ever been permitted to testify on similar issues in any other case. Were Dr. Kaufman to qualify as a use-of-force expert, it would open the door for almost anyone, with any professional background, to testify as an expert.

### B. Dr. Kaufman's Testimony Is Not Based on Specialized Knowledge or Helpful to the Trier of Fact.

To be admissible, an expert's testimony must be directed to matters within the witness's scientific, technical or specialized knowledge, and not to lay matters which do not require the

3

Defs.' MIL No. 1: To Exclude the Testimony of Edward Kaufman
(2:90-cv-00520 LKK JFM PC)

expert's help. Fed. R. Evid. 702. Here, Dr. Kaufman provides an "overview" about psychological harms he speculates could occur when staff use force against CDCR inmates. (Kaufman Decl. ¶ 21.) This testimony requires no specialized expertise, but is speculative and parrots the allegations and arguments made by Plaintiffs. Dr. Kaufman's testimony is unnecessary and unhelpful to understanding any issue in Plaintiffs' motion.

### C. Dr. Kaufman's Conclusions Lack Sufficient Evidentiary Basis.

An expert opinion that is not sufficiently grounded in the facts of the case is inherently unreliable. *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993). Dr. Kaufman does not identify any specific evidence in this case that supports his opinions. Nor could he since he did not review any of the underlying use-of-force reports or medical records in forming his opinions. (Kaufman Decl. Ex. B, ECF 4766-3.) Instead, he makes broad references to the briefs and reports he read and then speculates about what could happen. (*Id.* ¶¶ 7, 9-11, 13-16 & 18-21). In Paragraph 13 of his declaration, for example, Dr. Kaufman ambiguously states the psychological effects resulting from use of force "*can* be devastating"; inmates who tend to be subject to use of force "*are often* in an acutely psychotic state"; such inmates "*may* be actually unable to respond or comply"; etc. (*Id.* ¶ 13 [emphasis added].) The remainder of his declaration cites broad statements concerning what he observed 20 years ago with no connection to current conditions. (*Id.* ¶¶ 8 & 17.) Dr. Kaufman's vague references make it impossible to evaluate the factual basis for his opinions. Plaintiffs therefore fail to meet their burden of showing that Dr. Kaufman's opinions are based on facts and data.

### D. Dr. Kaufman's Conclusions Should Be Excluded Because They Are Not Based on Any Cognizable Methodology.

Dr. Kaufman's testimony is further inadmissible because it is not the product of reliable principles or methods. *Daubert*, 509 U.S. at 589, 592-93. Dr. Kaufman fails to set forth any methodology that he believes are the appropriate principles and methods for evaluating staff use of force against inmates with serious mental illness. (*See* Kaufman Decl., ECF 4766-3.) On this basis alone, Plaintiffs cannot establish that Dr. Kaufman's methods are reliable.

4

Dr. Kaufman does not otherwise purport to apply any particular method in his declaration. Instead, he presents what he calls an "overview" based on anecdotes from other expert reports without establishing how or why they are relevant to the issues or facts in the case. These opaque references create "too great an analytical gap between the data and the opinion proffered" to be considered reliable under Rule 702. *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

### III. THE COURT SHOULD STRIKE NEW EVIDENCE AND ARGUMENTS IMPROPERLY ASSERTED BY PLAINTIFFS IN THEIR REPLY BRIEFS.

After the opening reports and opposition reports, a reply to the opposition may not be served by a brand-new expert. *See Lujan v. National Wildlife Federation*, 497 U.S. 871, 894-95 (1990). Plaintiffs should not be allowed to secretly reserve "rebuttal" experts to attack the opposition reports like Odysseus and the Greeks springing forth from their Trojan Horse. Plaintiffs were well aware that what they are doing now is improper as shown by their argument to the Court in March 2013 (ECF 4513 at 2):

> A moving party is not permitted to offer new evidence or arguments in its reply. *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) ("[A]rguments raised for the first time in a reply brief are waived."); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (court should not consider new evidence submitted in reply without affording non-moving party opportunity to respond); *Clark v. State of California*, 739 F. Supp. 2d 1168, 1223 n.14 (N.D. Cal. 2010) ("Defendants have submitted new evidence . . . [B]ecause Defendants have failed to explain why this evidence was not developed in a timely manner, and because consideration of this evidence at this stage would deprive Plaintiffs of the opportunity to cross-examine the relevant witness, this Court declines to consider it.").

Since Plaintiffs' position before this Court is that new evidence may not be submitted on reply, the Court should strike all new evidence and arguments in Plaintiffs' reply briefs, including Dr. Kaufman's declaration.

Dr. Kaufman's "rebuttal" report should also be excluded because it violates this Court's case management orders. Plaintiffs filed their motion concerning use of force and disciplinary measures on May 29, 2013 accompanied by an expert declaration from Eldon Vail. (ECF 4638 & 4638-1.) No other opening expert reports were served. On June 11, 2013, the Court issued a scheduling order which permitted Defendants to take Mr. Vail's deposition. (ECF 4646 ¶ 3.)

5

Defs.' MIL No. 1: To Exclude the Testimony of Edward Kaufman
(2:90-cv-00520 LKK JFM PC)

Defendants filed their oppositions to these motions on July 24, 2013.  (ECF 4704-4715.)  The Court held a conference with the parties on July 31, 2013, and Plaintiffs did not reveal their plan to submit new expert testimony to support their replies.  (*See* July 31, 2013 Hrg. Tr.)  Prior to filing their reply briefs, Plaintiffs did not disclose Dr. Kaufman as an expert for purposes of Rule 26.  Plaintiffs retained Dr. Kaufman prior to filing their motion, and submitted his testimony in this proceeding on other issues.  It is improper for Plaintiffs to wait until their reply brief to submit this surprise evidence after the close of discovery when it is immune from challenge.  The late addition of new experts also frustrates case-management objectives by making it impossible for Defendants to fairly and adequately prepare this case for the upcoming evidentiary hearing.

### IV.   DEFENDANTS WOULD BE PREJUDICED IF DR. KAUFMAN IS PERMITTED TO TESTIFY.

Courts have "wide discretion" to exclude evidence where "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues . . . wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403; *Hill v. Rolleri*, 615 F.2d 886, 890 (9th Cir. 1980).  Dr. Kaufman's testimony rests on conjecture rather than fact, unsupported assumptions, and no methodology.  His conclusory opinions would not helpful to the Court, and if admitted at the evidentiary hearing, would create a risk of prejudice and confusing the issues.  Dr. Kaufman's testimony should be excluded under Rule 403.

### V.   DR. KAUFMAN SHOULD BE PRECLUDED FROM OFFERING OPINIONS NOT INCLUDED IN HIS REPORT.

Rule 26 of the Federal Rules of Civil Procedure requires parties to designate expert witnesses and disclose expert reports which "contain . . . a complete statement of all opinions the witness will express and the basis and reasons for them . . . ."  Fed. R. Civ. P. 26(a)(2)(B)(ii).  Rule 37 further provides: "[i]f a party fails to provide information . . . as required by Rule 26 . . . the party is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  "Rule 37(c)(1) gives teeth to the requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir.

6

Defs.' MIL No. 1: To Exclude the Testimony of Edward Kaufman
(2:90-cv-00520 LKK JFM PC)

2001). A court may limit expert witness testimony to matters disclosed in the expert report. *See Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782-84 (6th Cir. 2003).

Defendants understand that Dr. Kaufman has done additional work since he filed his report, and plans to review additional documents before the hearing in an attempt to support his conclusions. Defendants requested that Plaintiffs agree to continue the evidentiary hearing so that these additional documents could be considered and Dr. Kaufman could supplement his report, but Plaintiffs refused. If the Court allows Dr. Kaufman to testify, it should preclude him from testifying about any new opinions because they were not include in his expert report as required by Rule 26.

## VI. CONCLUSION.

For the foregoing reasons, Defendants respectfully request that the Court preclude Dr. Kaufman from testifying at the evidentiary hearing, and at a minimum preclude him testifying on new theories or bases not contained in his expert report.

Dated: September 12, 2013

Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
JAY C. RUSSELL
Supervising Deputy Attorney General

/s/ Patrick R. McKinney
PATRICK R. MCKINNEY
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003
40766588.doc

7

Defs.' MIL No. 1: To Exclude the Testimony of Edward Kaufman
(2:90-cv-00520 LKK JFM PC)