KAMALA D. HARRIS
Attorney General of California
JAY C. RUSSELL
Supervising Deputy Attorney General
DEBBIE VOROUS, State Bar No. 166884
PATRICK R. MCKINNEY, State Bar No. 215228
JESSICA S. KIM, State Bar No. 257766
MANEESH SHARMA, State Bar No. 280084
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 323-8789
  Fax: (916) 324-5205
  E-mail: Jessica.Kim@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EDMUND G. BROWN JR., et al.,<br><br>Defendants. | 2:90-cv-00520 LKK JFM PC<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 3 TO PRECLUDE PLAINTIFFS' EXPERT WITNESS PABLO STEWART, M.D. FROM OFFERING OPINIONS NOT INCLUDED IN HIS REPORT OR DEPOSITION TESTIMONY**<br><br>Date: September 26, 2013<br>Time: 9:15 a.m.<br>Courtroom: 4<br>Judge: The Honorable Lawrence K. Karlton<br><br>Action Filed: 1990 |

### NOTICE OF MOTION AND MOTION

TO PLAINTIFF RALPH COLEMAN AND HIS ATTORNEY OF RECORD:

**PLEASE TAKE NOTICE THAT** Defendants Edmund G. Brown Jr., et al., move this Court for an in limine order barring Pablo Stewart, M.D. from offering opinions during the evidentiary hearing that are not included in his report or deposition testimony. This motion is

1

based on this notice and points and authorities, the Court's file in this case, and any further argument presented to the Court regarding this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

At the hearing on Plaintiffs' motion for affirmative relief related to the San Quentin condemned program, Plaintiffs may seek to elicit testimony from Dr. Stewart that exceeds the scope of his expert report and deposition testimony. Federal Rule of Civil Procedure Rule 26 mandates that parties submit complete expert reports. Fed. R. Civ. P. 26(a)(2)(B). Specifically, Defendants understand that Dr. Stewart will perform additional work since he submitted his expert report and after Defendants conducted his deposition. The Court should therefore preclude Dr. Stewart from offering opinions that were not proffered in his expert report or deposition.

### II.   ARGUMENT

Rule 26 of the Federal Rules of Civil Procedure requires parties to designate expert witnesses and disclose expert reports which "contain . . . a complete statement of all opinions the witness will express and the basis and reasons for them [and] the facts or data considered by the witness in forming them . . . ." Fed. R. Civ. P. 26(a)(2)(B). Rule 37 further provides: "[i]f a party fails to provide information . . . as required by Rule 26 . . . the party is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Rule 37(c)(1) gives teeth to the requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). A court may limit expert witness testimony to matters disclosed in the expert report. *See Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782-84 (6th Cir. 2003).

Dr. Stewart filed his expert report on March 14, 2013. (ECF No. 4381). Defendants took Dr. Stewart's deposition on March 19, 2013. Federal Rules of Civil Procedure 26 and 37 dictate that Dr. Stewart should be restricted to testifying to the opinions contained in his expert report and the facts and data he relied on to form those opinions. Defendants' deposition of Dr. Stewart was limited to the opinions in his March 2013 report. However, Defendants understand that Dr.

Stewart has performed additional work since his deposition, and plans to review additional documents before the hearing.  But Plaintiffs have not filed a supplemental report disclosing the new data that Dr. Stewart has reviewed or any new opinions he has formed.  And Defendants have not had the opportunity to depose Dr. Stewart and question him on the new data he reviewed or explore the basis for any new opinions.  Accordingly, the Court should preclude Dr. Stewart from testify about any opinions that were not disclosed in his deposition or expert report.

### III.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court preclude Dr. Stewart from testifying on new theories or bases not contained in his expert report or deposition.

Dated:  September 12, 2013        Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
JAY C. RUSSELL
Supervising Deputy Attorney General


/s/ Jessica S. Kim
JESSICA S. KIM
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003
31781744.doc

3

Defs.' MIL No. 3 To Preclude Pls.' Expert Pablo Stewart, M.D. from Offering Opinions Not Included in His Report
(2:90-cv-00520 LKK JFM PC)