1  KAMALA D. HARRIS
   Attorney General of California
2  JAY C. RUSSELL
   Supervising Deputy Attorney General
3  DEBBIE VOROUS, State Bar No. 166884
   PATRICK R. MCKINNEY, State Bar No. 215228
4  JESSICA S. KIM, State Bar No. 257766
   MANEESH SHARMA, State Bar No. 280084
5  Deputy Attorneys General
     1300 I Street, Suite 125
6    P.O. Box 944255
     Sacramento, CA 94244-2550
7    Telephone:  (916) 323-8789
     Fax:  (916) 324-5205
8    E-mail:  Jessica.Kim@doj.ca.gov
   *Attorneys for Defendants*

9

10              IN THE UNITED STATES DISTRICT COURT

11            FOR THE EASTERN DISTRICT OF CALIFORNIA

12                    SACRAMENTO DIVISION

13

| | |
|---|---|
| 14  **RALPH COLEMAN, et al.,** | 2:90-cv-00520 LKK JFM PC |
| 15                          Plaintiffs, | **DEFENDANTS' MOTION IN LIMINE** |
| 16  **v.** | **NO. 4 TO EXCLUDE  EXPERT** |
| 17 | **TESTIMONY BY JEANNE WOODFORD** |
| 18  **EDMUND G. BROWN JR., et al.,** | Date:           September 26, 2013 |
|    | Time:           9:15 a.m. |
| 19                          Defendants. | Courtroom:   4 |
|    | Judge:          The Honorable Lawrence K. Karlton |
| 20 | |
| 21 | Action Filed:  1990 |

22              **NOTICE OF MOTION AND MOTION**

23     **TO PLAINTIFF RALPH COLEMAN AND HIS ATTORNEY OF RECORD:**

24     **PLEASE TAKE NOTICE THAT** Defendants Edmund G. Brown Jr., et al., move this

25  Court for an in limine order barring Jeanne Woodford from offering mental health opinions and

26  opinions that were not included in her expert report.  This motion is based on this notice, the

27  points and authorities, the Court's file in this case, and any further argument presented to the

28  Court regarding this motion.

                                    1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

At the hearing on Plaintiffs' motion for affirmative relief related to the San Quentin condemned program, Plaintiffs may seek to elicit mental health opinion testimony from Ms. Woodford. Ms. Woodford—a non-mental health expert —is not qualified to evaluate whether Defendants provide adequate mental health care to condemned inmates. The Court should therefore preclude Ms. Woodford from providing mental health opinion testimony concerning this population. In addition, during the hearing, Plaintiffs may seek to elicit opinions from Ms. Woodford that she did not disclose in her report. Federal Rule of Civil Procedure 26 requires the disclosure of complete expert reports. Accordingly, the Court should preclude Ms. Woodford from providing opinions that she did not disclose in her expert report.

### II.    ARGUMENT

#### A.    The Court Should Preclude Ms. Woodford From Providing Mental Health Opinion Testimony.

To testify as an expert, an individual must have proper qualifications of knowledge, skill, experience, training, or education. Fed. R. Evid. 702. This requirement is meant to help "ensure, as a condition of admissibility, that proffered expert testimony rests on a sufficiently trustworthy foundation." *Crowe v. Marchand*, 506 F.3d 13, 17 (1st Cir. 2008) (citing *Daubert v. Merrell Dow Pharms.*, *Inc.*, 509 U.S. 579, 597 (1993)). Experts need not be "blue-ribbon practitioners' with optimal qualifications." *U.S. v. Vargas*, 471 F.3d 255, 262 (1st Cir. 2006). But they need to have particularized training or knowledge in the area that they intend to provide expert testimony about. *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 839 (9th Cir. 2011).

Here, Ms. Woodford lacks any special training or knowledge in the area of mental health care. (Woodford Decl. ¶ 2, ECF No. 4380; McKinney Decl., Ex. 8, ECF 4491-8 [Woodford Dep.] at 15:12, 121:10 (admitting that she is "not a mental health professional").) Ms. Woodford has never been trained to conduct mental health assessments or screenings, has no formal mental health education, and holds no advanced degrees. (Woodford Dep. At 111:6-8 (admitting no training in mental health care assessments or screenings); Woodford Decl. ¶¶ 2, 4.) Accordingly,

2

the Federal Rules of Evidence prohibit Ms. Woodford from providing any testimony that would require mental health expertise.  Fed. R. Evid. 702.  Ms. Woodford is not qualified to evaluate an inmate's mental health symptoms, conditions, treatment needs, diagnosis, or their need for a higher level of care.  Ms. Woodford is also not qualified to evaluate San Quentin's mental health policies, including whether San Quentin provides adequate mental health treatment to condemned inmates or whether San Quentin has adequate mental health screening procedures.

### B.  The Court Should Preclude Ms. Woodford From Offering Opinions Not Included in Her Report.

Rule 26 of the Federal Rules of Civil Procedure requires parties to designate expert witnesses and disclose expert reports which "contain . . . a complete statement of all opinions the witness will express and the basis and reasons for them . . . ."  Fed. R. Civ. P. 26(a)(2)(B)(ii).  Rule 37 further provides: "[i]f a party fails to provide information . . . as required by Rule 26 . . . the party is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  "Rule 37(c)(1) gives teeth to the requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed.  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).  A court may limit expert witness testimony to matters disclosed in the expert report.  *See Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782-84 (6th Cir. 2003).

Ms. Woodford submitted her expert report on March 14, 2013.  (ECF No. 4380.)  Defendants conducted Ms. Woodford's deposition on March 19, 2013.  Ms. Woodford has not submitted a supplemental expert report.  The Court should therefore preclude Ms. Woodford from offering any new opinions that she did not submit in her expert report or deposition.

### III.  CONCLUSION.

For the foregoing reasons, Defendants respectfully request that this Court enter an order barring Plaintiffs' counsel from introducing or soliciting any opinions from Ms. Woodford regarding San Quentin's mental health treatment policies, or any opinions regarding an inmate's mental health symptoms, diagnosis, and treatment needs, because she lacks the requisite training or knowledge to provide expert testimony regarding mental health issues.  *Avila*, 633 F.3d at 839.

3

1    Further, Defendants request the Court preclude Ms. Woodford from testifying on new theories or

2    bases not contained in her report.

3    Dated:  September 12, 2013                    Respectfully submitted,

4                                                 KAMALA D. HARRIS
                                                  Attorney General of California
5                                                 JAY C. RUSSELL
                                                  Supervising Deputy Attorney General
6

7

8                                                 /s/ Jessica S. Kim
                                                  JESSICA S. KIM
9                                                 Deputy Attorney General
                                                  *Attorneys for Defendants*

10   CF1997CS0003
     31780830.doc
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28