KAMALA D. HARRIS
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
JAY C. RUSSELL
Supervising Deputy Attorney General
DEBBIE VOROUS, State Bar No. 166884
PATRICK R. MCKINNEY, State Bar No. 215228
JESSICA KIM, State Bar No. 257766
MANEESH SHARMA, State Bar No. 280084
Deputy Attorneys General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-3035
 Fax:  (415) 703-5843
 E-mail:  Patrick.McKinney@doj.ca.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                               Plaintiffs,<br><br>     v.<br><br>**EDMUND G. BROWN JR., et al.,**<br><br>                               Defendants. | 2:90-cv-00520 LKK JFM PC<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 5: TO EXCLUDE THE DECLARATION TESTIMONY OF STEVEN FAMA**<br><br>Date:            September 26, 2013<br>Time:            9:00 am<br>Dept:            4<br>Judge:           The Honorable Lawrence K. Karlton<br><br>Action Filed:   1990 |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on September 26, 2013, at 9:00 a.m., or as soon as this matter may be heard, Defendants will and hereby do move the Court for an order excluding the declaration testimony of Plaintiffs' counsel, Steven Fama, submitted on August 23, 2013. (ECF 4768.) Although this motion is noticed for September 26 as required by the Court's August 1, 2013 (ECF 4726 ¶ 2), Mr. Fama's deposition is scheduled for September 24 and, if the Court excludes this testimony, the deposition will be unnecessary. Defendants therefore request that this motion be decided as soon as practicable.

Defendants base this motion on the Notice of Motion, the attached Memorandum of Points and Authorities, the Court's file in this action, oral argument of counsel, and any other matters that may come before this Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION.**

Defendants respectfully move this Court to exclude the declaration testimony of Plaintiffs' counsel, Steven Fama, submitted on August 23, 2013. (ECF 4768.) Counsel's testimony should be excluded because it violates the well-established advocate-witness rule. Plaintiffs' should also not be able to rely on Mr. Fama's declaration because it proffers legal argument as evidence, improperly characterizes documents, and impermissibly relies on hearsay.

**II.    THE COURT SHOULD EXCLUDE IMPROPER PERCIPIENT WITNESS TESTIMONY SUBMITTED BY PLAINTIFFS' COUNSEL.**

"The 'advocate-witness rule,' which prohibits an attorney from acting both as an advocate and a witness in the same proceeding, has long been a tenet of ethics in the American legal system, and traces its roots back to Roman Law." *Kennedy v. Eldridge*, 201 Cal.App.4th 1197, 1208 (2011); *see also* Model Rules of Prof. Conduct 3.7; Cal. Rules of Prof. Conduct 5-210. "[A]dherence to this time-honored rule is more than just an ethical obligation of individual counsel; enforcement of the rule is a matter of institutional concern implicating the basic foundations of our system of justice." *United States v. Prantil*, 756 F.2d 759, 764-65 (9th Cir.

1

1985).  The "difficulties inherent in an attorney's taking on the role of both advocate and witness are present regardless of whether the attorney's testimony will be given in front of a jury or a judge." *Kennedy*, 201 Cal.App.4th at 1210.

Plaintiffs' counsel Steven Fama testifies as to his personal involvement as counsel in *Madrid v. Cate*, including characterizing numerous agreements by Plaintiffs, Defendants, and the Court in that action.  (ECF 4768 ¶¶ 3-11).  Counsel attaches none of the referenced documents, but instead describes them and argues about their relevance.  To assess counsel's credibility, Defendants are now required to notice a deposition and potentially call him as a material witness at the evidentiary hearing.  Normally, the attorney should "resolve any doubt in favor of preserving the integrity of his testimony and against his continued participation as trial counsel." *Kennedy*, 201 Cal.App.4th at 1211.  Here, rather than order the depositions of Plaintiffs' counsel and permit counsel's credibility as both witness and advocate to be compromised through cross-examination, the Court can resolve this issue by excluding Mr. Fama's declaration.

### III.  COUNSEL'S DECLARATION SHOULD BE STRICKEN BECAUSE IT CONSTITUTES IMPROPER LEGAL ARGUMENT, MISCHARACTERIZES DOCUMENTS, AND RELIES ON HEARSAY.

Defendants object to Mr. Fama's declaration and request that the Court exclude it on the following grounds:

Paragraph 2.  Counsel states that he offers the declaration "to clarify the scope of the *Madrid* case and the orders therein."  This testimony lacks foundation and constitutes improper legal argument, and is therefore not helpful to determining a fact in issue.  Fed. R. Evid. 602, 701(b), & 901.  This paragraph also violates the advocate-witness rule set forth above.

Paragraph 3.  Counsel improperly characterizes a purported agreement without presenting any evidence of the agreement.  Accordingly, this paragraph lacks foundation, is an improper characterization, relies on hearsay, is improper legal argument, and impermissibly purports to prove the contents of a writing.  Fed. R. Evid. 602, 701(b), 801, 802, 901 & 1002.  This paragraph also violates the advocate-witness rule set forth above.

Paragraph 4.  Counsel improperly characterizes a court order and a stipulation between the parties.  This paragraph lacks foundation, is an improper characterization, is improper legal

2

argument, and impermissibly purports to prove the contents of multiple writings.  Fed. R. Evid. 602, 701(b), 901 & 1002.  This paragraph also violates the advocate-witness rule set forth above.

Paragraph 5.  This paragraph lacks foundation, is an improper characterization, is improper legal argument, and impermissibly purports to prove the contents of a writing.  Fed. R. Evid. 602, 701(b), 901 & 1002.  This paragraph also violates the advocate-witness rule set forth above.

Paragraph 6.  This paragraph lacks foundation, is an improper characterization, is improper legal argument, and impermissibly purports to prove the contents of a writing.  Fed. R. Evid. 602, 701(b), 901 & 1002.  This paragraph also violates the advocate-witness rule set forth above.

Paragraph 7.  This paragraph lacks foundation, is an improper characterization, is improper legal argument, and impermissibly purports to prove the contents of multiple writings.  Fed. R. Evid. 602, 701(b), 901 & 1002.  This paragraph also violates the advocate-witness rule set forth above.

Paragraph 8.  This paragraph lacks foundation, is an improper characterization, is improper legal argument, and impermissibly purports to prove the contents of a writing.  Fed. R. Evid. 602, 701(b), 901 & 1002.  This paragraph also violates the advocate-witness rule set forth above.

Paragraph 9.  This paragraph lacks foundation, is an improper characterization of court hearings, is improper legal argument, and impermissibly purports to prove the contents of a writing.  Fed. R. Evid. 602, 701(b), 901 & 1002.  This paragraph also violates the advocate-witness rule set forth above.

Paragraph 10.  This paragraph lacks foundation, is improper legal argument, and relies on hearsay.  This paragraph also improperly characterizes the statewide use-of-force policy and other procedures without reference to any section of the policies or procedures.  Fed. R. Evid. 602, 701(b), 801, 802, 901 & 1002. This paragraph also violates the advocate-witness rule set forth above.

Paragraph 11. This paragraph lacks foundation, is an improper characterization of statements and orders by the *Madrid* Court, is improper legal argument, and impermissibly purports to prove the contents of a writing.  Fed. R. Evid. 602, 701(b), 901 & 1002.  This paragraph also violates the advocate-witness rule set forth above.

3

**IV.    CONCLUSION.**

For the foregoing reasons, Defendants respectfully request that the Court exclude the Declaration of Steven Fama and preclude Plaintiffs from referring to or relying on Mr. Fama's declaration at the evidentiary hearing.

Dated:  September 12, 2013                    Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
JAY C. RUSSELL
Supervising Deputy Attorney General


/s/ Patrick R. McKinney
PATRICK R. MCKINNEY
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003
40764879.doc

4