
KAMALA D. HARRIS
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
JAY C. RUSSELL
Supervising Deputy Attorney General
DEBBIE VOROUS, State Bar No. 166884
PATRICK R. MCKINNEY, State Bar No. 215228
JESSICA KIM, State Bar No. 257766
MANEESH SHARMA, State Bar No. 280084
Deputy Attorneys General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 703-3035
  Fax:  (415) 703-5843
  E-mail:  Patrick.McKinney@doj.ca.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EDMUND G. BROWN JR., et al., <br><br> Defendants. | 2:90-cv-00520 LKK JFM PC <br><br> **DEFENDANTS' MOTION IN LIMINE NO. 6: TO EXCLUDE OR LIMIT PRESENTATION OF USE-OF-FORCE VIDEOS AT EVIDENTIARY HEARING** <br><br> Date: September 26, 2013 <br> Time: 9:00 a.m. <br> Dept: 4 <br> Judge: The Honorable Lawrence K. Karlton <br><br> Action Filed:  1990 |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on September 26, 2013, at 9:00 a.m., or as soon thereafter as this matter may be heard, Defendants will and hereby do move the Court for an order barring Plaintiffs, their counsel, and any witness they may call or examine from introducing video clips depicting isolated use-of-force incidents, or using the audio in any of the videos. Defendants further move for an order, if the Court permits Plaintiffs to introduce the video clips at the hearing, requiring the video clips to be introduced under seal and reviewed *in camera* with a qualified expert on use-of-force issues.

Defendants base this motion on the Notice of Motion, the attached Memorandum of Points and Authorities, the Court's file in this action, oral argument of counsel, and any other matters that may come before this Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION.**

Defendants move for an order barring Plaintiffs from introducing video clips depicting isolated use-of-force incidents. This evidence should be excluded for the following reasons. First, the isolated use-of-force incidents depicted in the videos, each of which was hand-picked by the Plaintiffs, have no relevance in this systemic litigation. Second, experts for both parties have reviewed the same videos and will testify concerning their impressions and opinions about whether there is a systemic pattern or practice of unreasonable use of force within CDCR. Spending hours of the Court's time reviewing videos showing individual incidents is cumulative and a waste of time. Third, the videos are only one part of the use-of-force incident packets prepared by CDCR, and reviewing the videos in isolation is misleading and confusing. Fourth, introduction of video and the audio accompanying the videos opens the door to myriad hearsay issues.

If the Court permits Plaintiffs to introduce the video clips at the hearing, Defendants request that the video clips be introduced under seal pursuant to the protective order and reviewed *in*

1

Defs.' MIL No. 6: To Exclude or Limit Presentation of Use-of-Force Videos at Evidentiary Hearing
(2:90-cv-00520 LKK JFM PC)

*camera*. Defendants further request that the videos be introduced and explained through a qualified expert on use-of-force issues.

## II. LEGAL ANALYSIS.

"Evidence which is not relevant is not admissible" at trial. Fed. R. Evid. 402. Evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401.

Even evidence deemed relevant should be excluded "if its probative value is substantially outweighed by a danger of . . . confusing the issues . . . undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "A district court is vested with broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial" including "to exclude testimony of witnesses whose use at trial . . . would unfairly prejudice the opposing party." *Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980). Additionally, in the absence of an applicable exception, hearsay is not admissible at trial. Fed. R. Evid. 802.

### A. The Use-of-Force Videos Should Be Excluded.

Plaintiffs seek to introduce a handful of video clips which they selected during their site visits in February and March 2013. Plaintiffs make no effort to demonstrate that they randomly selected the video clips, or that the clips are in any way representative. Accordingly, these isolated, individual video recordings cannot prove "any fact . . . of consequence in determining the action." Fed. R. Evid. 401.

### B. Any Marginal Relevance of the Videos Is Substantially Outweighed by the Danger of Confusing the Issues, Undue Delay, Wasting Time, and Needlessly Presenting Cumulative Evidence.

Even if Plaintiffs could demonstrate some threshold level of relevance of the video clips, Rule 403's balancing test requires exclusion. Plaintiffs' use of the videos will confuse the issues at the evidentiary hearing. Plaintiffs' use-of-force motion established that Plaintiffs' expert based his broad, system-wide opinions on his review of approximately 13 use of force videos and "ignored a storehouse of relevant evidence contained in the incident packets and IERC reviews" for the incidents depicted in the videos. (Defs.' Opp'n 16-17, ECF 4704; Steve Martin Opp'n

2

Defs.' MIL No. 6: To Exclude or Limit Presentation of Use-of-Force Videos at Evidentiary Hearing
(2:90-cv-00520 LKK JFM PC)

Decl. p 14, ECF 4706.) In many of these instances, Plaintiffs' expert reviewed only the video recording but not the underlying written reports, which caused him to reach incomplete and incorrect conclusions. (Martin Decl. ¶¶ 12-29; Sharma Decl. Ex. 4 [Barton Depo.] 170:8-10, ECF 4707.) It is not possible to reach an informed opinion about the reasonableness of force by reviewing only the videos. (Sharma Decl. Ex. 4 [Barton Depo.] 170:2-172:13.) Allowing Plaintiffs to introduce these individual videos risks confusing the issues and misleading the Court by presenting only a distorted part of the relevant evidence. The recordings should be excluded at the evidentiary hearing under Rule 403.

Having the Court review the videos is also a waste of time. Plaintiffs intend to introduce up to four hours of video, and it will take some multiple of that time for Plaintiffs and their expert to play, rewind, review, and testify about the video. The experts and the parties have spent hours reviewing the videos, and the experts can testify as to their opinions about the videos without needing to present this cumulative evidence.

### C.   The Audio From the Videos Should Be Excluded.

The audio on the video clips is replete with hearsay statements from multiple unknown and unidentifiable speakers. These statements constitute out of court statements offered for the truth of the matter asserted. Fed. R. Evid. 801(c) & 802. As such, the audio portion of the video clips should be excluded as hearsay.

These hearsay statements should also be excluded under Rule 403 because they do not paint a true and accurate picture and thus hold little probative value. For example, Plaintiffs may attribute a statement to an inmate involved in a use-of-force incident when the statement may have been made by another inmate. Similarly, Plaintiffs may try to rely on statements made by staff without any explanation or context for the statements. The recordings thus create an undue risk that Plaintiffs will mislead the Court and confuse the issues. For these reasons, the audio from the video clips should be excluded.

3

Defs.' MIL No. 6: To Exclude or Limit Presentation of Use-of-Force Videos at Evidentiary Hearing
(2:90-cv-00520 LKK JFM PC)

**D. The Video Clips Must Be Introduced Under Seal Pursuant to the Protective Order, and Should Be Reviewed *In Camera* With Testimony from a Qualified Expert.**

If the Court determines it is appropriate to review the video clips, Defendants request that they be introduced at the hearing under seal consistent with the protective order that has been in place for 20 years. For example, the video clips repeatedly identify inmates, private personnel information, and other information shielded from disclosure. Peace officer and other personnel information is protected under both federal and state privacy law. *See, e.g.,* Cal. Const. art. 1 § 1 To protect this information, the video clips should be submitted under seal and reviewed *in camera*. Moreover, to lessen the risk of confusing the issues, Defendants request that the Court prohibit the parties from playing the videos unless a qualified use-of-force expert is on the witness stand to place the clip in proper context.

**III. CONCLUSION.**

For the foregoing reasons, Defendants respectfully request that the Court enter an order barring Plaintiffs, their counsel, and any witness they may call or examine from introducing the isolated use-of-force video clips at the evidentiary hearing. If the Court is going to allow the parties to introduce the videos into evidence, Defendants request that the Court order the parties to submit the video clips under seal, and that the Court review the videos *in camera* in the presence of an expert qualified to testify on use-of-force issues.

Dated: September 12, 2013

Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
JAY C. RUSSELL
Supervising Deputy Attorney General

/s/ Patrick R. McKinney
PATRICK R. MCKINNEY
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003
40764878.doc

4