KAMALA D. HARRIS
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
JAY C. RUSSELL
Supervising Deputy Attorney General
DEBBIE VOROUS, State Bar No. 166884
PATRICK R. MCKINNEY, State Bar No. 215228
JESSICA KIM, State Bar No. 257766
MANEESH SHARMA, State Bar No. 280084
Deputy Attorneys General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-3035
 Fax:  (415) 703-5843
 E-mail:  Patrick.McKinney@doj.ca.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                              Plaintiffs,<br><br>       v.<br><br>**EDMUND G. BROWN JR., et al.,**<br><br>                              Defendants. | 2:90-cv-00520 LKK JFM PC<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 2: TO EXCLUDE EXPERT TESTIMONY BY ELDON VAIL**<br><br>Date:         September 26, 2013<br>Time:        9:00 a.m.<br>Dept:         4<br>Judge:       The Honorable Lawrence K. Karlton<br><br>Action Filed:   1990 |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on September 26, 2013, at 9:00 a.m., or as soon thereafter as this matter may be heard, Defendants will and hereby do move the Court for an order to exclude the opinions and testimony of Plaintiffs' expert, Eldon Vail. Specifically, Defendants seek an order precluding Mr. Vail from offering any opinions or testimony on use-of-force or correctional issues within CDCR, or related to mental health care provided to inmates. This Motion is made on the grounds that Mr. Vail's testimony should be excluded because his purported expert opinions fail to meet the reliability and relevancy requirements of *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) and Federal Rule of Evidence 702.

Defendants base this motion on the Notice of Motion, the attached Memorandum of Points and Authorities, the Court's file in this action, oral argument of counsel, and any other matters that may come before this Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION.**

Defendants move for an order barring Eldon Vail from offering opinions on the use of force in California prisons. Mr. Vail lacks the training and background that would allow him to assess force used in correctional settings and to opine—as an expert with specialized education and knowledge—whether the force used in a particular setting exceeded that allowed under the Constitution. Mr. Vail also offers opinions concerning mental health conditions and outcomes despite lacking any qualifications to do so. And finally, Mr. Vail's opinions on use-of-force lack foundation because he failed to consider factual information that a reasonable expert in the field would believe is necessary to render an opinion, including California's use-of-force policy, complete use-of-force packets for the incidents he reviewed, and a sufficient sample to support his opinions which purport to be systemic in scope.

## II. LEGAL ANALYSIS.

"Evidence which is not relevant is not admissible" at trial. Fed. R. Evid. 402. Evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401.

Even evidence deemed relevant should be excluded "if its probative value is substantially outweighed by a danger of . . . confusing the issues . . . undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "A district court is vested with broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial" including "to exclude testimony of witnesses whose use at trial . . . would unfairly prejudice the opposing party." *Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980).

Expert witness testimony is admissible only if it will assist the trier of fact to determine a fact at issue. Fed. R. Evid. 702. Experts need to have particularized training or knowledge in the area that they intend to provide expert testimony about. *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 839 (9th Cir. 2011). Expert opinions must make rational connections between conclusions and evidence. The Court is the gatekeeper to determine whether the data is appropriately connected to the opinions. *General Elec. Co. et al., v. Joiner*, 522 U.S. 136, 146 (1997); *see also Domingo ex rel. Domingo v. T.K.,* 289 F.3d 600, 607 (9th Cir. 2002). What is "reasonable" for an expert to rely on in forming an opinion is a foundational matter determined by the court. Fed. R. Evid. 104(a). Further, expert opinions are admissible only if the facts or data relied upon are of a type reasonably relied upon by experts in the particular field. Fed. R. Evid. 703. If the underlying data is so lacking in probative force and reliability that no reasonable expert could base an opinion thereon, the opinion may be excluded under Rule 703 of the Federal Rules of Evidence. Moreover, an expert opinion that fails to consider critical relevant facts is fundamentally unsupported and must be excluded. *Nebraska Plastics, Inc. v. Holland Colors Americas, Inc.*, 408 F.3d 410, 416 (8th Cir. 2005). And an expert's reliance on data compiled by the attorneys for the party who hired the expert gives rise to a "common sense skepticism" regarding the expert's evaluation. *Munoz v. Orr*, 200 F.3d 291, 301 (5th Cir. 2000)

2

Defs.' MIL No. 2: To Exclude Expert Testimony E. Vail
(2:90-cv-00520 LKK JFM PC)

To testify as an expert, an individual must have proper qualifications of knowledge, skill, experience, training, or education. Fed. R. Evid. 702. This requirement is meant to help "ensure, as a condition of admissibility, that proffered expert testimony rests on a sufficiently trustworthy foundation." *Crowe v. Marchand*, 506 F.3d 13, 17 (1st Cir. 2008) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993)). Experts need not be "blue-ribbon practitioners' with optimal qualifications." *U.S. v. Vargas*, 471 F.3d 255, 262 (1st Cir. 2006). But they need to have particularized training or knowledge in the area that they intend to provide expert testimony about. *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 839 (9th Cir. 2011).

### A. Mr. Vail lacks the necessary education and training to offer opinions on whether force used in a particular correctional setting exceeds that allowed under the Constitution.

In contrast to Defendants' expert Steve Martin, Mr. Vail has no special training or knowledge allowing him to assess whether force used in a particular correctional instance or setting exceeded that which is allowed by the Constitution. Indeed, Mr. Vail offers no evidence as to his qualifications in this area. (Vail Decl. ¶ 1, ECF No. 4638-1.) Presumably, Plaintiffs intend to rely on Mr. Vail's "Introduction" and the exhibit listing his "qualifications and experience" in the declaration filed supporting Plaintiffs' opposition to Defendants' Motion to Terminate, and the declaration submitted in reply to Defendants' opposition, to qualify him as an expert witness in the present proceedings. (ECF No. 4385; Vail Reply Decl. ¶ 3, ECF No. 4766-2.) But these declarations show that Mr. Vail's experience consists of having held "various line and supervisory" positions in Washington prisons and juvenile facilities, as well as serving as a warden and Deputy Secretary and Secretary of Washington's prison system. (ECF No.4385 ¶¶ 3, 5-6; ECF No. 4766-2 ¶ 3.) But there is a complete paucity of experience concerning the evaluation of force used under a constitutional standard. Similarly, although his "qualifications and experience" show that he received a degree in public administration, they fail to describe any education, experience, or training in evaluating use of force. (ECF No. 4385 Ex. A.)

Accordingly, the Federal Rules of Evidence prohibit Mr. Vail from offering any testimony in which he opines that force used in a particular instance or setting was excessive as articulated

3

in *Hudson v. McMillan,* 503 U.S. 1 (1992).[1] Fed. R. Evid. 702. Because Mr. Vail is not qualified to offer anything more than a lay person's opinion—or to reiterate Plaintiffs' arguments—as to whether any force used was excessive, his testimony must be stricken.

### B. Mr. Vail is unqualified to offer opinions regarding inmates' mental health or to make mental health assessments.

In his declarations, Mr. Vail inappropriately assesses inmates' mental states, even though he has no specialized training or knowledge in assessing mental health conditions. (Vail Decl. ¶ 14; Vail Reply Decl. ¶¶ 10-11.) Mr. Vail's conclusions—based on an exceedingly small number of individual cases coupled with his failure to consider the complete evidentiary record in even those cases—are unhelpful and should be disregarded by the Court. And again, Mr. Vail lacks any special training or knowledge in mental health care. (Vail Decl. ¶ 1, ECF No. 4638-1; ECF No. 4385.) Accordingly, similar to Mr. Vail's arguments concerning use of force, the Federal Rules of Evidence prohibit Mr. Vail from providing any testimony requiring mental health expertise that he lacks. Fed. R. Evid. 702.

### C. Mr. Vail's opinions on use-of-force lack foundation and rely on evidence not reasonably relied upon by experts in the field.

Mr. Vail—who has never been qualified to testify as a use of force expert in any federal court—failed to consider relevant evidence in this matter and drew his conclusions from evidence not reasonably relied upon by experts in the field. Mr. Vail filed his first expert report on use-of-force issues without even reviewing the State's use-of-force policy and was unaware of the outcome in *Madrid v. Gomez*, which resulted in the statewide policy. (Sharma Decl. Supp. Opp'n Mot. re: Use of Force, Ex. 11 [Vail Depo.] at 29:23-30:1, ECF No. 4707.) Further, rather than undertaking an independent and objective assessment, Mr. Vail simply concluded that California's prison system was "very troubled." (*Id.* at 24:13-15.) In fact, he offered to testify against the State before having been provided even a single item of evidence. (*Id.* at 23:6-24:11.) The fact that Mr. Vail began his "analysis with the assumption [he was asked to opine on] is an

---

[1] Indeed, as explained further below, Mr. Vail remains completely unfamiliar with the *Hudson* case.

4

indicator that he lacked the necessary objectivity to make his analyses credible." *Munoz*, 200 F.3d at 301.

Further, Mr. Vail offers broad, systemic opinions on use of force based on thirteen isolated incidents at five CDCR facilities occurring over a period of approximately 18 months. (*See* Vail Exp. Report ¶¶ 13-37.)  Moreover, for even these few incidents, Mr. Vail failed to consider all relevant evidence available to him.  In many of these instances, Mr. Vail reviewed only the video recording but not the underlying written reports, which caused him to reach incomplete and incorrect conclusions.  (Martin Decl. ¶¶ 12-29; *see also* Sharma Decl. Ex. 4 [Barton Depo.] 170:8-10, ECF No. 4707.)  In seven instances, Plaintiffs' expert "relied almost solely on his review of the videos" and "ignored a storehouse of relevant evidence contained in the incident packets and IERC reviews related to the seven incidents." (Martin Decl. ¶ 14.)  And in one instance Mr. Vail acknowledged that he could not observe what happened when officers entered an inmate's cell, but still opined placing a spit mask on the inmate after extraction was "excessive." (Vail Decl. ¶ 19, ECF No. 4638-1.)  Notably, in his reply declaration, Mr. Vail acknowledged that his characterization of the officers' other actions in subduing the inmate was incorrect, but still maintained his opinion regarding use of the spit mask.  (Vail Reply Decl ¶ 7, ft. 3, ECF No. 4766-2.)  It is not possible to reach an informed opinion about the reasonableness of force by reviewing only the videos.  (Sharma Decl. Ex. 4 [Barton Depo.] 170:2-172:13, ECF No. 4707.)  In short, thirteen incidents are simply insufficient to form systemic opinions about use of force in CDCR.  (*Id.*, Ex. 5, 506:1-508:1.)

In addition to the cursory nature of the review, Mr. Vail failed "to include or cite relevant evidence that seriously undermine his conclusions." (Martin Opp. Decl. ¶ 12.)  As the State's expert observed in Paragraph 13 of his declaration:

> It is evident that Mr. Vail consistently failed to identify objective factors related to the level of inmate **resistance** [emphasis added] presented by the inmate(s), thus limiting his analyses almost exclusively to officer **response** [emphasis added].  It is axiomatic that an analysis of a use of force incident, must include, among other things, a consideration of the quantum of force applied relative to the level of threat presented, i.e., the relationship between the need (resistance) and the amount used (response).  In none of the thirteen cases does Mr. Vail provide objective evidence

5

Defs.' MIL No. 2: To Exclude Expert Testimony E. Vail
(2:90-cv-00520 LKK JFM PC)

that officers used force for the very purpose of causing harm to the inmate. In every use of force incident cited by Mr. Vail, there were varying levels of inmate resistance that precipitated the consideration of whether force was necessary. Admittedly, in hindsight, the degree and amount of force can be questioned in a number of incidents Mr. Vail reviewed. However, that number is exceedingly small given the total number of use of force incidents that occur on a daily basis in a system that includes approximately 120,000 inmates housed in over thirty facilities that comprise the CDCR.

Mr. Vail offers his opinions without reference to or consideration of the controlling legal principles articulated in *Hudson v. McMillan,* 503 U.S. 1 (1992), which require consideration of the threat or resistance by the inmate necessitating the use of force. (Sharma Decl. Ex. 11 [Vail Depo. I] 99:16-100:4 & Ex. 12 [Vail Depo. II] 51:19-21, ECF No. 4707.)

Mr. Vail's reply declaration fails to remedy or rebut the serious flaws in his conclusion and, in fact, only serves to further demonstrate the deficiencies in his analysis. For instance Mr. Vail asserted that he observed more than fifty videos during the termination proceeding. (Vail Reply Decl. ¶ 2, ECF No. 4766-2.) Yet, Mr. Vail later only claims that sixteen videos were "problematic." (*Id.* ¶ 7.) Mr. Vail's reply declaration also again demonstrates a complete lack of understanding of the controlling legal principles articulated in *Hudson*, admitting that he did not attempt to evaluate the intent or purpose behind the officers' actions in the small number of individual cases he relies on, but instead bases his opinion only on his belief that in those few cases "inmates experience[d] a great deal of immediate pain." (Vail Reply Decl. ¶ 14.) Mr. Vail's conclusions—based on an exceedingly small number of individual cases coupled with his failure to consider the complete evidentiary record in even those cases—are unhelpful and should be disregarded by the Court.

## III. CONCLUSION.

For the foregoing reasons, Defendants respectfully request that the Court enter an order barring Plaintiffs' counsel from introducing or soliciting any opinions from Mr. Vail on use-of-force within CDCR because they lack foundation, rely on evidence not reasonably relied upon by experts in the field, and their probative value is outweighed by their risk of confusing the issues.

6

Defs.' MIL No. 2: To Exclude Expert Testimony E. Vail
(2:90-cv-00520 LKK JFM PC)

| | | |
|---|---|---|
| 1 | Dated: September 12, 2013 | Respectfully Submitted, |
| 2 | | KAMALA D. HARRIS<br>Attorney General of California |
| 3 | | JAY C. RUSSELL<br>Supervising Deputy Attorney General |
| 6 | | /s/ Patrick R. McKinney<br>PATRICK R. MCKINNEY |
| 7 | | Deputy Attorney General<br>*Attorneys for Defendants* |
| 8 | CF1997CS0003 | |
| 9 | 40767605.doc | |

7