DONALD SPECTER – 083925
STEVEN FAMA – 099641
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LORI E. RIFKIN – 244081
AARON J. FISCHER – 247391
MARGOT MENDELSON – 268583
KRISTA STONE-MANISTA – 269083
ROSEN BIEN
GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830

JON MICHAELSON – 083815
JEFFREY L. BORNSTEIN – 099358
LINDA L. USOZ – 133749
MEGAN CESARE-EASTMAN – 253845
RANJINI ACHARYA – 290877
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, California 94111-5994
Telephone: (415) 882-8200

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California 94104-4244
Telephone: (415) 864-8848

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EDMUND G. BROWN, JR., et al., <br><br> Defendants. | Case No. Civ S 90-0520 LKK-JFM <br><br> **PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE TESTIMONY REGARDING USE OF FORCE REVIEW PROCESSES NOT RELATED TO MENTAL HEALTH** <br><br> Judge: Hon. Lawrence K. Karlton <br> Date: September 26, 2013 <br> Time: 9:00 a.m. <br> Crtrm.: 4 |

[937704-3]

1    In opposing Plaintiffs' request for relief regarding Defendants' use of force
2 practices and disciplinary measures, Defendants claim that "CDCR has developed and
3 implemented comprehensive statewide use-of-force policies and procedures, and has
4 demonstrated compliance with its policies through," among others, "[a] multi-tiered review
5 process for every use-of-force incident;" "[e]ffective and appropriate investigation of use-
6 of-force incidents through CDCR's Office of Internal Affairs;" "[m]eaningful disciplinary
7 measures imposed on those staff who violate use-of-force policies and procedures;" and
8 "[i]ndependent and effective oversight of the system by the Office of Inspector General."
9 Defs.' Opp., Doc. No. 4704, filed July 24, 2013, at 1:5-17.  Defendants describe these
10 review systems in detail in their Opposition and supporting declarations, and argue that
11 these review systems shield them from the relief Plaintiffs' request.  Defendants have
12 indicated their intention to call the witnesses who offered declarations about these
13 processes at trial.
14    However, deposition testimony of these witnesses clearly establishes that these
15 review systems are not relevant to the issues related to use of force in this motion:  whether
16 Defendants systematically use force against prisoners with serious mental illness without
17 penological justification or necessity, and without regard to prisoners' mental health.
18 None of the review systems listed above (institutional use of force review; Internal Affairs
19 investigation; oversight by Office of the Inspector General) consider or even track the
20 mental health status of the prisoners against whom force is used, and the review processes
21 do not evaluate the necessity and effect of uses of force as related to mental illness.  *See*
22 Pls.' Reply Br., Doc. No. 4766, filed Aug. 23, 2013, at 12:5-17:7; Rifkin Decl. in support
23 of Pls.' Reply Br., Doc. No. 4766-1, filed Aug. 23, 2013, Ex. B (Stainer Depo. at 178:8-13
24 ("[W]e're looking at the application of force for any given situation and was that
25 appropriate.  Regardless of the inmate's mental health status of, you know, not having any
26 issues or having issues. We're looking at the situation and whether or not the use of force
27 was appropriate for that given situation.")); *id.*, Ex. D (Day Depo. at  161:4-7 ("We're not
28 looking at the inmate's mental health status. We're looking at the actions by the officer or

[937704-3]

1

PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE TESTIMONY REGARDING USE OF FORCE REVIEW
PROCESSES NOT RELATED TO MENTAL HEALTH

1  LVN or any other staff members alleged to have violated policy or law.")) ; *id.*, Ex. E
2  (Barton Depo. at 341:18-20 (We've never been asked to be involved in terms of the mental
3  health aspect of use of force…")); *see also id.*, Ex. B (Stainer Depo. at 30:13-36:23, 52:9-
4  53:21, 177:23-179:24; *id.*, Ex. D (Day Depo. at 167:8-22, 169:8-22; 226:19-227:9; 228:17-
5  230:5); *id.*, Ex. E (Barton Depo. at 361:5-362:5, 404:15-19, 419:9-12, 515:16-21).  Nor
6  does Defendants' disciplinary process even take into account whether the use of force at
7  issue was against a prisoner with mental illness.  Pls.' Reply Br. at 15:6-9; Rifkin Decl. Ex.
8  B (Stainer Depo. at 187:20-23).

9        Therefore, further testimony at trial regarding how these review processes work
10 would not provide any information to the Court that would help decide Plaintiffs' motion,
11 and should be excluded in the interest of efficiency.  Fed. R. Evid. 401 (evidence relevant
12 if has any tendency to make a fact more or less probable that it would be without the
13 evidence, and the fact is of consequence in determining the action).  Specifically, to the
14 extent Defendants intend to call Mr. Day, Mr. Stainer, Mr. Barton, or any other witness to
15 testify regarding Defendants' current use of force review and disciplinary processes,
16 Plaintiffs move to exclude such testimony.[1]

18 DATED: September 12, 2013        Respectfully submitted,

19                                  ROSEN BIEN GALVAN & GRUNFELD LLP

20                                  By:  */s/ Lori E. Rifkin*
21                                       Lori E. Rifkin

22                                  Attorneys for Plaintiffs

---

[1] Moreover, Plaintiffs hereby incorporate their evidentiary objections filed on August 23, 2013 (Doc. No. 4769) to paragraphs 3-10 and 13-16 of Mr. Day's declaration and paragraphs 24 and 27-31 of Mr. Stainer's declaration for lack of foundation and move that Mr. Day and Mr. Stainer be similarly precluded from testifying about these matters at trial.

[937704-3]

2
PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE TESTIMONY REGARDING USE OF FORCE REVIEW
PROCESSES NOT RELATED TO MENTAL HEALTH