1  DONALD SPECTER – 083925
STEVEN FAMA – 099641
2  PRISON LAW OFFICE
1917 Fifth Street
3  Berkeley, California  94710-1916
Telephone:   (510) 280-2621

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LORI E. RIFKIN – 244081
AARON J. FISCHER – 247391
MARGOT MENDELSON – 268583
KRISTA STONE-MANISTA – 269083
ROSEN BIEN
GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California  94104-1823
Telephone:   (415) 433-6830

8  JON MICHAELSON – 083815
JEFFREY L. BORNSTEIN – 099358
9  LINDA L. USOZ – 133749
MEGAN CESARE-EASTMAN – 253845
10  RANJINI ACHARYA – 290877
K&L GATES LLP
11  4 Embarcadero Center, Suite 1200
San Francisco, California  94111-5994
12  Telephone:   (415) 882-8200

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California  94104-4244
Telephone:   (415) 864-8848

13  Attorneys for Plaintiffs

15  UNITED STATES DISTRICT COURT

16  EASTERN DISTRICT OF CALIFORNIA

18  RALPH COLEMAN, et al.,

19        Plaintiffs,

20        v.

21  EDMUND G. BROWN, JR., et al.,

22        Defendants.

Case No. Civ S 90-0520 LKK-JFM

**JOINT STATEMENT RE: SCHEDULE FOR COMPLETION OF DEPOSITIONS PRIOR TO EVIDENTIARY HEARINGS**

Judge:   Hon. Lawrence K. Karlton

[940167-1]

STATEMENT RE: SCHEDULE FOR COMPLETION OF DEPOSITIONS PRIOR TO EVIDENTIARY HEARINGS

1    Pursuant to the Court's September 5, 2013 order (Doc. No. 4786), the parties have

2  agreed to the following schedule for completion of depositions related the upcoming

3  evidentiary hearings:

4  Deposition schedule for Plaintiffs' witnesses and counsel

5    Edward Kaufman – September 20, 2013

6    Steve Fama – September 24, 2013

7    Jane Kahn – October 23. 2013

8    James Austin – October 24, 2013

9  Deposition schedule for Defendants' witnesses

10    Kevin Chappell – September 23, 2013

11    Eric Monthei – September 24, 2013

12    Ellen Bachman – See following paragraphs.

13    Pam Ahlin – No deposition.

14    Defendants have withdrawn Ms. Ahlin and Ms. Bachman as witnesses, and

15  Defendants' position is that neither deposition should proceed since no testimony will be

16  developed that can be used at the evidentiary hearing.  Plaintiffs agree with respect to

17  Ms. Ahlin because she has not submitted any testimony by declaration on the pending

18  motions, but disagree with respect to Ms. Bachman.  Ms. Bachman submitted a declaration

19  on May 9, 2013 that includes four paragraphs related to the San Quentin "Specialized Care

20  for the Condemned" program.  (ECF 4598 ¶¶ 22-25.)  Defendants intend to submit

21  Ms. Bachman's testimony through this declaration only.  Thus, Defendants believe that a

22  deposition should be limited to these four paragraphs and is a waste of resources but, to the

23  extent the Court orders it to go forward, Defendants request that Ms. Bachman's

24  deposition be limited to one hour.  If ordered by the Court, Ms. Bachman is available for a

25  one-hour deposition between 10:00 am and 12:00 pm on either September 20 or September

26  25.

27    Plaintiffs' position is that Plaintiffs should have the opportunity to depose

28  Ms. Bachman about the testimony offered in her declaration if Defendants intend to rely

1   on this testimony, and a one-hour time limit is unreasonable.  Plaintiffs are willing to

2   stipulate to a half-day deposition on September 20, 2013.[1]

3       Defendants have informed Plaintiffs that they are considering calling an additional

4   witness during the hearing on the Motion for Enforcement of Court Orders and

5   Affirmative Relief Related to Use of Force and Disciplinary Measures, and that they would

6   disclose said witness, should they decide to call him/her, following the September 20, 2013

7   deposition of Plaintiffs' rebuttal expert, Edward Kaufman.  Plaintiffs reserve the right to

8   take the deposition of any newly disclosed witness in advance of the witness testifying in

9   the evidentiary hearing  and to  object to the testimony of any such witness if Defendants

10  do not make the witness available for deposition.

11      Defendants further informed Plaintiffs that, to the extent Plaintiffs' other expert

12  witnesses—including Dr. Stewart, Dr. Haney, and Mr. Vail—intend to offer new opinions

13  at the evidentiary hearing that are based on additional inmate records and documents

14  currently being produced by Defendants on a rolling basis,  Defendants are filing motions

15  *in limine* to exclude testimony based on evidence developed after the filing of Plaintiffs'

16  expert reports, reserve the right to take the  depositions of Plaintiffs' experts, or to object to

17  any opinions offered that were not in the expert reports.  Fed. R. Civ. P. 37(c)(1).

18  **Defendants' Statement Regarding The Schedule for the Upcoming Hearings**

19      On September 10, 2013, the parties met-and-conferred regarding whether the start

20  of the evidentiary hearing should be continued, as required by Paragraph 4 of the

21  _____

22  [1] Plaintiffs also note that Defendants are insisting on deposing Plaintiffs' counsel,
    Mr. Fama and Ms. Kahn, regarding their declarations in support of Plaintiffs' reply briefs,

23  despite the fact that Plaintiffs are not calling Mr. Fama or Ms. Kahn as trial witnesses.
    Defendants respond that this is irrelevant because Defendants' witnesses, including

24  Ms. Bachman, filed their declarations when discovery was open and Plaintiffs had the
    opportunity to take their depositions but chose not to.  The reply declarations of Mr. Fama,

25  Ms. Kahn, Dr. Kaufman, and Mr. Vail each violate the age-old rule prohibiting a party

26  from presenting issues and raising arguments for the first time in a reply brief.  It is
    improper for Plaintiffs to wait until their reply brief to submit this surprise evidence after

27  the close of discovery when it is immune from challenge.

28

1  September 5 order.  Defendants' counsel informed Plaintiffs that document discovery is

2  continuing through September 27, 2013, and that the start of the evidentiary hearing should

3  be continued until October 16, 2013, to ensure that Plaintiffs' experts have the opportunity

4  to review the documents , and Defendants have the opportunity to depose them, prior to

5  the start of the hearing.

6        As the Court noted in its September 10, 2013 order, "[u]nder the schedule on which

7  the evidentiary hearing is currently proceeding, it is not clear that defendants would have

8  an opportunity to depose Plaintiffs' experts about any additional opinions they might form

9  after reviewing the records at issue even if plaintiffs obtained those records by September

10  13, 2013."  (ECF 4791 at 3.)  This remains true with respect to Dr. Kaufman, Dr. Stewart,

11  and Mr. Vail.  Plaintiffs' counsel informed Defendants' counsel that Dr. Stewart intends to

12  rely on documents provided to him after he submitted his report and Defendants took his

13  deposition, and it appears that Mr. Vail will similarly rely on additional documents.  It

14  would be improper for Plaintiffs to present this surprise evidence when it is immune from

15  challenge prior to the evidentiary hearing.  With respect to Dr. Kaufman, even if he is

16  available to review all documents he intends to review before September 20, 2013 (the

17  current date of his deposition), it is unlikely that Defendants will be able to obtain a final

18  transcript for use at an evidentiary hearing beginning on September 26.  Fed. R. Civ. P.

19  30(e).

20        The parties were not able to agree to continue the start of the hearing.  Defendants,

21  however, remain concerned that the current schedule does not allow them "notice and an

22  opportunity to question plaintiffs' rebuttal experts about any supplemental opinions that

23  may be formed after review of the produced materials."  (ECF 4791 at 5.)  Contrary to

24  Plaintiffs' mischaracterizations, Defendants' response to Plaintiffs' document request was

25  not due until September 5, 2013, and Defendants began producing documents on

26  September 6.  Defendants were not required to respond to Plaintiffs' untimely discovery

27  request until after the August 23 close of discovery.  Moreover, any delay is of Plaintiffs'

28  making.  In addition to controlling the timing and content of their motions, Plaintiffs'

1  current position is directly contrary to their representations to the Court back in May that

2  they had no need for discovery since "it all flows from the discovery that was already done

3  in the termination proceeding."  (May 23, 2013 Hrg. Tr. 2:16-18.)

4        Plaintiffs' discussion regarding documents reviewed by Mr. Martin and

5  Dr. Monthei is particularly disingenuous.  These documents were available to Plaintiffs at

6  the time they conducted their site visits and reviewed the videos and other documents they

7  and their experts chose to rely on to support their motions.  Relying on their earlier

8  position that no discovery was necessary, however, *Plaintiffs never requested them before*

9  *Defendants filed their opposition briefs*.  For Dr. Monthei, Defendants submitted all

10  documents he relied on in his declaration under seal with his opposition declaration filed

11  on May 9, 2013.  (ECF 4593 & 4596.)  In his reply declaration, Dr. Stewart stated that he

12  "carefully" reviewed these records.  (ECF 4617-1 ¶ 5.)  Plaintiffs filed their reply on May

13  16, and informed the Court a week later they had no need for discovery.  Plaintiffs' claim

14  that Defendants were somehow obligated to produce documents that were never requested

15  before August 2013 is nonsensical.

16        For these reasons, Defendants request that the Court continue the start of the

17  hearing until October 16, 2013, which will allow Defendants to complete the document

18  production and depose Plaintiffs' experts who intend to rely on the recently-produced

19  documents at the hearing.

20  **Plaintiffs' Statement Regarding the Schedule for the Upcoming Hearings**

21        There is no need to postpone the evidentiary hearings.  Plaintiffs filed motions for

22  relief for serious harm to class members in April and May 2013.  Resolution of Plaintiffs'

23  motions has already been significantly delayed due to scheduling considerations.[2]  The

24  dates for the evidentiary hearings beginning September 26, 2013, were established on

25  _____

26  [2] For example, the evidentiary hearing concerning access to inpatient mental health

27  treatment for prisoners on death row was bifurcated from the other inpatient care issues in consideration of Dr. Monthei's personal scheduling needs.

28

1  August 1, 2013, after considerable effort from both parties and the Court to find dates that

2  would work for counsel, the Court, and the parties' experts.  The parties have agreed on a

3  schedule for presenting their experts, and the experts have been holding these specific

4  dates.  Declaration of Michael Bien in Support of Joint Statement, filed herewith, ¶ 13.

5       Plaintiffs requested updates to class member mental health records, and additional

6  documents relied upon or implicated by Defendants' opposition briefs on August 2, 2013.

7  Bien Decl. ¶ 6.  Defendants refused to produce these documents in a timely manner, and,

8  after engaging in nearly a month  of meeting and conferring, Plaintiffs were forced to file a

9  motion to compel production of these documents on September 6, 2013.  *Id.*, ¶ 7.  Now

10 Defendants seek to use their own refusal and delay in producing documents—documents

11 solely within Defendants' control and to which they had and continue to have access at all

12 times—to postpone the evidentiary hearings and resolution of Plaintiffs' motions.  This is

13 unacceptable and unwarranted.

14      Plaintiffs have informed Defendants that, despite Defendants waiting to produce

15 mental health records for class members involved in use of force incidents until September

16 13, 2013, Dr. Kaufman will complete review of those records prior to his September 20,

17 2013 deposition, so there will be no "surprise" to Defendants regarding his opinions.  Bien

18 Decl. ¶ 8.  Defendants' statement that it is not possible to obtain a final transcript from a

19 September 20 deposition for use at trial one week later is not credible.

20      Dr. Stewart will review updated class member records for those class members

21 housed on San Quentin death row.   Dr. Dr. Monthei's declaration in opposition to

22 Plaintiffs' motion relied on records that post-dated Plaintiffs' discovery and files to which

23 Dr. Stewart had not previously had access.  Plaintiffs anticipate that Defendants will again

24 rely on evidence from class member files that post-date the records to which Plaintiffs

25 have access, and therefore requested updates to class members' mental health records.

26 There is no "prejudice" or "surprise" that Defendants can claim from Dr. Stewart's review

27 of those files, given that Defendants have had access to those files, have relied on those

28 files, and have refused for weeks  to produce those files to Plaintiffs.

1      Mr. Martin relied in his opposition to Plaintiffs' motion on documents relating to

2  use of force against class members that were not previously produced to Plaintiffs, and

3  were not produced to Plaintiffs until the day immediately preceding Mr. Martin's

4  deposition on July 23, 2013.  Bien Decl. ¶ 5.  Mr. Vail has now reviewed those documents,

5  and stated in his reply declaration (Doc. No. 4766-2, filed Aug. 23, 2013) that his review

6  of those documents did not change the opinions he offered in previous declarations.

7  Because Defendants produced only those parts of the files relating to these use of force

8  incidents that they selected for Mr. Martin's review, Plaintiffs requested that Defendants

9  produce the entire files so that Plaintiffs could have access to the complete information.

10  Defendants have refused for weeks to produce these documents, propose to produce them

11  only at the start of trial, and now seek to use their own proposed schedule for production as

12  a reason to further delay the evidentiary hearing.  This will unacceptably prolong the harm

13  being caused by Defendants to class members, and will nonsensically reward Defendants

14  for their obstructive behavior.  To the extent that this Court determines that Mr. Vail's

15  review of the complete files already within Defendants' possession prior to his direct

16  testimony without another deposition would unduly prejudice Defendants, Plaintiffs will

17  stipulate that Mr. Vail will *not* review such files in advance of his direct testimony, and

18  will review them only for rebuttal purposes, if necessary.  Bien Decl. ¶ 9.

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

[940167-1]

STATEMENT RE: SCHEDULE FOR COMPLETION OF DEPOSITIONS PRIOR TO EVIDENTIARY HEARINGS

1  Defendants' attempts to further delay resolution of Plaintiffs' motions should not be

2  tolerated.  Plaintiffs are prepared to move forward with the evidentiary hearings as

3  scheduled, despite Defendants' delays in production of documents and witnesses.[3] These

4  matters are important, urgent, and Plaintiffs have already offered sufficient evidence of the

5  harms being suffered by class members to justify the relief requested from the Court.

6  DATED: September 12, 2013          Respectfully submitted,

7                                     ROSEN BIEN GALVAN & GRUNFELD LLP

8                                     By:  */s/ Michael W. Bien*

9                                          Michael W. Bien

10                                    Attorneys for Plaintiffs

11

12  DATED: September 12, 2013          KAMALA D. HARRIS
                                       Attorney General of California
13

14                                    By:  */s/ Patrick R. McKinney*

15                                         Patrick R. McKinney
                                           Deputy Attorney General
16
                                      Attorneys for Defendants
17

18

19

20

21

22

23

24

25  _____

26  [3] Defendants have offered to produce the witnesses the Court ordered them on
    September 5, 2013  to produce for deposition only on dates the week the hearing is
27  scheduled to begin, and all after Dr. Kaufman's scheduled deposition.  Bien Decl. ¶ 11.

28