DONALD SPECTER – 083925
STEVEN FAMA – 099641
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LORI E. RIFKIN – 244081
AARON J. FISCHER – 247391
MARGOT MENDELSON – 268583
KRISTA STONE-MANISTA – 269083
ROSEN BIEN
GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830

JON MICHAELSON – 083815
JEFFREY L. BORNSTEIN – 099358
LINDA L. USOZ – 133749
MEGAN CESARE-EASTMAN – 253845
RANJINI ACHARYA – 290877
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, California 94111-5994
Telephone: (415) 882-8200

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California 94104-4244
Telephone: (415) 864-8848

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>  Defendants. | Case No. Civ S 90-0520 LKK-JFM<br><br>**DECLARATION OF MICHAEL W. BIEN IN SUPPORT OF JOINT STATEMENT RE: SCHEDULE FOR COMPLETION OF DEPOSITIONS PRIOR TO EVIDENTIARY HEARINGS**<br><br>Judge: Hon. Lawrence K. Karlton |

[938342-4]

I, Michael W. Bien, declare:

1. I am an attorney admitted to practice law in California, a member of the bar of this Court, and a partner in the law firm of Rosen Bien Galvan & Grunfeld LLP, counsel of record for Plaintiffs. I have personal knowledge of the matters set forth herein, and if called as a witness I could competently so testify. I make this declaration in support of Joint Statement Re: Schedule For Completion Of Depositions Prior To Evidentiary Hearings.

2. Plaintiffs filed their motion for relief regarding the issue of access to inpatient mental health treatment for death row inmates at San Quentin on April 11, 2013, and their motion for relief regarding use of force and disciplinary practices on May 30, 2013.

3. These affirmative motions for relief relied on facts gathered during discovery related to Defendants' unsuccessful termination motion, and the opinions Plaintiffs' experts formed based on those facts. Plaintiffs' experts offered additional declarations with their opinions in support of the affirmative motions.

4. The Court determined that evidentiary hearings are necessary for resolving Plaintiffs' motions.

5. Defendants submitted evidence with their oppositions to Plaintiffs' motion that included declarations referring to documents and facts that had not been provided to Plaintiffs, and, in some instances, post-dating Plaintiffs' discovery. For example, Dr. Monthei referred to class member records post-dating Dr. Stewart's tour of San Quentin in his declaration filed March 22, 2013 and in his declaration filed May 9, 2013. Mr. Martin also referred in his declaration filed July 24, 2013, to incident reports and reviews for use of force incidents that had not previously been provided to Plaintiffs. These documents were not produced to Plaintiffs until the day immediately preceding Mr. Martin's deposition on July 23, 2013. The complete files for these incidents have never been produced to Plaintiffs and were the subject of Plaintiffs' most recent motion to compel, filed September 6, 2013.

[938342-4]

1

DECLARATION OF MICHAEL W. BIEN IN SUPPORT OF JOINT STATEMENT RE: SCHEDULE FOR COMPLETION OF DEPOSITIONS PRIOR TO EVIDENTIARY HEARINGS

6. In preparation for Plaintiffs' reply briefs and, in anticipation that Defendants would again rely during the evidentiary hearings on Plaintiffs' motions on evidence from class member files and documents post-dating Plaintiffs' discovery or that had not been previously provided to Plaintiffs during discovery on the termination motion, on August 2, 2013, Plaintiffs requested updates to class members mental health records for those records that had previously been produced to Plaintiffs, and requested custody documents and health records for class members that had not previously been provided, but that were put in dispute by Defendants' opposition filings.

7. Defendants refused to produce these records in a timely manner, despite multiple offers from Plaintiffs to facilitate production by engaging a copy service and coordinating copying and printing of the records. The parties met and conferred for nearly a month, and Plaintiffs filed a motion to compel production of the documents remaining in dispute on September 6, 2013.

8. Although Defendants will not produce mental health records for the 18 class members subjected to uses of force that Plaintiffs requested until September 13, 2013, Plaintiffs have informed Defendants that Dr. Kaufman will complete review of those records prior to his September 20, 2013 deposition. Plaintiffs are agreeing to this extraordinary effort by counsel and Dr. Kaufman so that the trial can proceed as scheduled.

9. Defendants have not yet produced the custody documents related to the use of force incidents that were the subject of Plaintiffs' September 6, 2013 motion to compel. It is Plaintiffs' present understanding that Defendants intend to produce those documents at or shortly after the beginning of the evidentiary hearing. Although Plaintiffs do not agree that Mr. Vail's review of documents that Defendants already have in their possession and control could possibly prejudice Defendants, in order to further facilitate the ability to proceed with the evidentiary hearing as scheduled, if the Court deems it necessary, Plaintiffs will stipulate that Mr. Vail will not review such files in advance of his direct testimony and will review them only for rebuttal purposes. In fact, under Defendants'

[938342-4]

2

DECLARATION OF MICHAEL W. BIEN IN SUPPORT OF JOINT STATEMENT RE: SCHEDULE FOR COMPLETION OF DEPOSITIONS PRIOR TO EVIDENTIARY HEARINGS

1 current production plan, these records will not even be available to Mr. Vail to review
2 prior to his testimony.

3     10.    The production of updated medical and custody records of prisoners will
4 assure that Plaintiffs have somewhat equal access to records in Defendants' control for
5 purposes of cross-examination of Defendants' witnesses and, if necessary, rebuttal.

6     11.    As reflected in the deposition schedule provided in the Joint Statement,
7 Defendants have agreed to produce most of the witnesses the Court ordered on September
8 5, 2013, with the exception of Ms. Ahlin and Ms. Bachman.  Ms. Ahlin has been
9 withdrawn and there is no need for her deposition because she has not provided a
10 declaration on this subject.  Ms. Bachman's deposition is necessary due to Defendants'
11 refusal to withdraw her declaration which sets forth testimony directly relevant to the issue
12 before the Court concerning access to inpatient care for San Quentin Death Row prisoners.
13 Plaintiffs have agreed to limit her deposition to one half day (3.5 hours).  Defendants
14 refused to provide earlier dates for their deponents for deposition and the dates they did
15 provide are only on dates the week the hearing is scheduled to begin, and all after Dr.
16 Kaufman's scheduled deposition.   While this is burdensome for Plaintiffs' counsel, we
17 have agreed to the schedule.

18     12.    Accordingly, neither the production of records nor the completion of
19 depositions justifies a delay of the evidentiary hearing.  Plaintiffs' counsel will inform
20 Defendants if any of Plaintiffs' experts review newly-produced records or documents and
21 expect the same from Defendants.

22     13.    The parties have also agreed on a schedule for presenting their experts in the
23 upcoming evidentiary hearing:  Plaintiffs' experts, Mr. Vail and Dr. Kaufman are
24 scheduled to testify September 26-27; Defendants' expert, Mr. Martin, will testify out of
25 order on October 1, and plaintiffs' experts, Dr. Stewart and Ms. Woodford are scheduled
26 to testify October 2.  Moving the trial dates now will create substantial scheduling
27 difficulty for counsel and these expert witnesses, and will substantially increase the costs
28 of these proceedings.

[938342-4]

3

DECLARATION OF MICHAEL W. BIEN IN SUPPORT OF JOINT STATEMENT RE: SCHEDULE FOR
COMPLETION OF DEPOSITIONS PRIOR TO EVIDENTIARY HEARINGS

14. I strongly believe it is in the best interest of the Plaintiff class to proceed with the evidentiary hearing as scheduled, given the serious and ongoing harm that is being caused to class members by Defendants' policies, procedures, and practices.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct, and that this declaration is executed at San Francisco, California this 12th day of September, 2013.

                                                  */s/ Michael W. Bien*
                                                  Michael W. Bien

[938342-4]

4
DECLARATION OF MICHAEL W. BIEN IN SUPPORT OF JOINT STATEMENT RE: SCHEDULE FOR COMPLETION OF DEPOSITIONS PRIOR TO EVIDENTIARY HEARINGS