KAMALA D. HARRIS
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
JAY C. RUSSELL
Supervising Deputy Attorney General
DEBBIE VOROUS, State Bar No. 166884
PATRICK R. MCKINNEY, State Bar No. 215228
MANEESH SHARMA, State Bar No. 280084
Deputy Attorneys General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-5553
 Fax: (415) 703-1234
 E-mail: patrick.mckinney@doj.ca.gov

Hanson Bridgett LLP
JERROLD C. SCHAEFER, State Bar No. 39374
PAUL B. MELLO, State Bar No. 179755
WALTER R. SCHNEIDER, State Bar No. 173113
SAMANTHA D. WOLFF, State Bar No. 240280
MEGAN OLIVER THOMPSON, SBN 256654
 425 Market Street, 26th Floor
 San Francisco, California 94105
 Telephone: (415) 777-3200
 Fax: (415) 541-9366
 E-mail: pmello@hansonbridgett.com

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**EDMUND G. BROWN JR., et al.,**<br><br>Defendants. | 2:90-cv-00520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| **MARCIANO PLATA, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**EDMUND G. BROWN JR., et al.,**<br><br>Defendants. | C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**DECLARATION OF JEFFREY BEARD, Ph.D., IN SUPPORT OF DEFENDANTS' REQUEST FOR EXTENSION OF DECEMBER 31, 2013 DEADLINE AND STATUS REPORT IN RESPONSE TO JUNE 30, 2011, APRIL 11, 2013, JUNE 20, 2013, AND AUGUST 9, 2013 ORDERS** |

I, JEFFREY BEARD, Ph.D., declare as follows:

1. I am the Secretary of the California Department of Corrections and Rehabilitation (CDCR). I am competent to testify to the matters set forth in this declaration, and if called upon to do so, I would and could so testify. My background and qualifications are stated in my prior declarations submitted to this Court, and I do not repeat them here. I submit this declaration in support of Defendants' Request for Extension of December 31, 2013 Deadline and Status Report in Response to the Court's June 30, 2011, April 11, 2013, June 20, 2013, and August 9, 2013 Orders.

2. The State recently enacted Senate Bill 105, which appropriates $315 million to be used for a mix of increased prison capacity and long term reforms to control prison crowding. SB 105 is another important step in major reforms the State has accomplished in recent years to address the challenges of prison crowding and the delivery of constitutional care in the prison system. These actions, such as Public Safety Realignment, Senate Bill 678, and Senate Bill 18, have reformed sentencing and prison credit-earning laws, reduced the prison population, strengthened rehabilitative services and treatment, and expanded the prison health care infrastructure. These historic reforms demonstrate the State's clear commitment to developing lasting, balanced, and cost-effective solutions for California's prisons and the broader criminal justice system.

3. The State has also recently spent well over $1 billion on the construction of new and expanded health care facilities and upgrades that will meet the present and future needs of its inmates. This recent construction includes:

- at Salinas Valley State Prison, a $29.5 million, 64-bed Intermediate Care Facility and additional treatment space, completed in 2009; and CDCR is completing construction of additional treatment and office space for 300 EOP inmates this month at a project cost of $19.7 million;

- at California Men's Colony, a $38.7 million, 50-bed Mental Health Crisis Bed unit, opened in August 2013;

1

Decl. Jeffrey Beard Supp. Defs.' Req. Extension Dec. 31, 2013 Deadline & Status Report
Case Nos. 2:90-cv-00520 LKK JFM PC & C01-1351 TEH

- at California State Prison, Sacramento: additional office and treatment space for EOP inmates at a project cost of $12.2 million, and housing treatment and office space for 128 inmates needing Psychiatric Services Unit treatment at a project cost of $15.4 million, scheduled for completion in October 2013; and

- at California State Prison, Corcoran: a $10.7 million project to add treatment and office space for EOP inmates, opened in June 2013.

4. California stands ready to build upon these accomplishments in collaboration with those parties who will be responsible for carrying out further reforms, including sheriffs, police chiefs, parole officials and probation chiefs, the courts, district attorneys, public defenders and defense counsel, mental health providers, alcohol and substance abuse treatment providers, and county supervisors. Without the wholehearted participation and support of these stakeholders, no reform—including any court-ordered measure—is sustainable. Realignment, which reduced the inmate population by over 25,000 inmates, is an effective and lasting reform because it was developed in concert with stakeholders through the democratic process. SB 105 was also developed through the give and take of the state's democratic process to earn the near unanimous, bipartisan support of the Legislature as well as the support of a broad network of criminal justice stakeholders. SB 105 not only forges a clear path towards further durable solutions to reduce recidivism and prison crowding, but it sets the wheels of progress in motion towards achieving those objectives.

5. If the current deadline remains unchanged, then the money appropriated by SB 105 will be used to obtain additional prison capacity, which will mostly be in other states, to satisfy the population cap by the end of the year. However, if the December 31, 2013 deadline is extended, SB 105 will allow the state to immediately work with stakeholders to develop, and ultimately implement, longer term solutions to reduce recidivism while achieving immediate reductions to the prison population through available in-state capacity.

6. SB 105 modifies existing state laws to allow the state to make immediate and significant progress toward meeting the population cap by leasing additional capacity currently available in California. Specifically, Defendants are exercising their authority under SB 105 to

2

transfer approximately 2,500 inmates to available capacity in county jails, community correctional facilities and a private prison by the end of the year. This will reduce the prison population to approximately 145% of design capacity this year.

7. With the requested extension, Defendants will not use the remaining available funds under SB 105 to pay for housing additional inmates in private prisons in other states. Defendants will maintain the current out-of-state population of approximately 9,000 inmates, but not increase it. Pursuant to the legislation, a significant portion of the savings realized from not housing additional inmates out of state will be placed into a Recidivism Reduction Fund. As provided for in section 1233.9 of the penal code, this fund will be available for appropriation by the Legislature for "activities designed to reduce the state's prison population, including but not limited to, reducing recidivism."

8. Defendants acknowledge that in the Court's view, compliance with the population cap could be quickly and safely achieved through releasing the requisite number of inmates (approximately 8,500 based on current estimates) either through awarding retroactive credits or using the early-release system. Defendants, however, respectfully disagree because implementing a mass inmate release of this scale would necessarily encompass more than nonviolent low-risk offenders, and reach into offenders who have committed serious or violent felonies and are deemed to present higher-level risks to public safety. Moreover, these offenders would be released into communities that lack the institutional capacity at this time to absorb more offenders than they are currently handling under Realignment. Releasing inmates into communities that lack resources to provide the necessary supervision, treatment, and reentry services will degrade existing services, heighten risks to public safety, and make it far more difficult to build upon Realignment with further lasting reforms. Moreover, these offenders would be released into communities that lack the institutional capacity at this time to absorb more offenders than they are currently handling under Realignment.

9. Accordingly, Defendants respectfully request that that Court extend the December 31, 2013 deadline to reduce the prison population to 137.5% of design capacity by three years to December 31, 2016. Because of the many practical challenges involved in the transfer of

3

Decl. Jeffrey Beard Supp. Defs.' Req. Extension Dec. 31, 2013 Deadline & Status Report
Case Nos. 2:90-cv-00520 LKK JFM PC & C01-1351 TEH

thousands of inmates out of state, Defendants must begin such transfers as expeditiously as possible. Therefore, Defendants ask that the Court rule on Defendants' motion no later than September 27, 2013. Absent an extension of the December 31, 2013 deadline, SB 105 provides funding to ensure compliance with the population-reduction orders by authorizing the State to lease additional prison capacity both within California and in private, out-of-state prisons. The additional capacity provided for by SB 105 will cause the prison population to be at or below 112,164 by December 31, 2013, which amounts to 137.5% or less of design bed capacity.

10.  Defendants anticipate that they will be able to transfer inmates into out-of-state facilities at a faster rate and in bigger numbers than into in-state facilities. Given the exigent circumstances, if the current end-of-year deadline remains in place, Defendants will need to rely most heavily on additional out-of-state capacity to timely meet the cap. Defendants will continue to report to the Court on the progress of leasing additional capacity and transferring prisoners to these facilities. Under the authority granted to it by SB 105, the State will contract for beds that exceed the difference between 137.5% of design capacity and the current prison population, thus allowing Defendants to address any unexpected changes to the prison population. Once Defendants meet the court required capacity of 137.5%, they will continue to monitor their capacity needs and maintain the population at or below the target into 2014 and beyond if no change to the designated capacity limit occurs.

11.  Consistent with the Three-Judge Court's June 20, 2013 Order, Defendants have completed the framework for an early release system which identifies and categorizes offenders based on several criteria, including their California Static Risk Assessment Risk Score, prior felonies, and in-prison behavior. As a result of SB 105's enactment, Defendants do not anticipate the need arising to resort to this early release system.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed in Sacramento, California on September 16, 2013.

      __/s/ (original signature retained by counsel)_____
      JEFFREY BEARD, Ph.D.

4