DONALD SPECTER – 083925
STEVEN FAMA – 099641
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LORI E. RIFKIN – 244081
AARON J. FISCHER – 247391
MARGOT MENDELSON – 268583
KRISTA STONE-MANISTA – 269083
ROSEN BIEN
GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830

JON MICHAELSON – 083815
JEFFREY L. BORNSTEIN – 099358
LINDA L. USOZ – 133749
MEGAN CESARE-EASTMAN – 253845
RANJINI ACHARYA – 290877
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, California 94111-5994
Telephone: (415) 882-8200

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California 94104-4244
Telephone: (415) 864-8848

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>    Defendants. | Case No. Civ S 90-0520 LKK-JFM<br><br>**REQUEST FOR RECONSIDERATION BY THE DISTRICT COURT OF MAGISTRATE JUDGE'S RULING RE: PLAINTIFFS' ACCESS TO CLASS MEMBER RECORDS**<br><br>Judge: Hon. Lawrence K. Karlton |

[935922-6]

REQUEST FOR RECONSIDERATION BY THE DISTRICT COURT OF MAGISTRATE JUDGE'S RULING RE:
PLAINTIFFS' ACCESS TO CLASS MEMBER RECORDS

TO DEFENDANTS AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 72 and Eastern District of California Local Rule 303, Plaintiffs hereby move the Court to reconsider the portion of the Magistrate Judge's Order of September 10, 2013 (Docket No. 4791) denying Plaintiffs' motion to compel concerning the mental health and central file ("C-file") records of six individuals with case histories relevant to Plaintiffs' pending enforcement motions.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiffs move the Court to reconsider the Magistrate Judge's September 10, 2013 Order denying Plaintiffs' motion to compel Defendants to produce the mental health and C-file records of six inmate-patients who are or very recently were participants in the Mental Health Services Delivery System ("MHSDS") and whose experiences in CDCR facilities are at issue in the enforcement motions currently pending before the Court. Docket No. 4791 at 5:20-6:4, 6:11-12.[1] Five of these individuals were recently paroled or otherwise released from CDCR prisons, and one individual is confined in a CDCR prison pursuant to California Welfare and Institutions Code § 7301 (hereinafter "WIC § 7301"). The Magistrate Judge ruled that Plaintiffs had not shown that these six individuals are class members and Defendants therefore are not required to produce their records absent waivers from these individuals. *Id.* at 6:1-4.

The September 10, 2013 Order fails to recognize that these records are covered by the protective order in this case and are discoverable as relevant evidence in the possession of Defendants. During discovery in connection with Defendants' termination motion,

---

[1] Plaintiffs do not seek reconsideration of the Magistrate Judge's order directing the parties to meet and confer regarding production of records and related matters, and denying without prejudice Plaintiffs' motion to compel production of records by September 13, 2013. *See id.* at 6:6-10.

[935922-6]

1

REQUEST FOR RECONSIDERATION BY THE DISTRICT COURT OF MAGISTRATE JUDGE'S RULING RE: PLAINTIFFS' ACCESS TO CLASS MEMBER RECORDS

these individuals were either among the prisoners in segregated housing units interviewed by Plaintiffs' experts or directly involved in use of force incidents for which videos were produced to Plaintiffs and their experts. Records pertaining to these individuals' experiences while incarcerated in CDCR are therefore directly relevant to the pending motions, and have formed part of the foundation for the opinions offered by both parties' experts.

Defendants have challenged these expert opinions and claimed that Plaintiffs' proposed remedies are unnecessary, in many instances citing to facts about individual inmates referenced by Plaintiffs' experts. Defendants' denial of access to prisoners' records which are in Defendants' sole possession thus prejudices Plaintiffs' ability to respond to Defendants' arguments and to present all relevant evidence to the Court.

The Magistrate Judge's decision constitutes clear error, as the requested records for these six inmate-patients are clearly discoverable. First, Defendants did not argue, and the Magistrate Judge did not find, that the records of these six individuals were irrelevant or unlikely to lead to the discovery of admissible evidence. The denial of the motion to compel discoverable documents was thus clearly erroneous and contrary to law.

Second, the Magistrate Judge's decision is clearly erroneous insofar as it finds that Defendants are not required to produce requested records "absent necessary waivers" from these six inmate-patients. Any privacy concerns that would necessitate waivers do not apply here given the *Coleman* protective order, which covers all records at issue and strictly limits the purposes for which such records may be used.

Third, the Magistrate Judge clearly erred in accepting Defendants' position that WIC § 7301 inmate-patients confined in CDCR facilities are not class members. As part of this discovery dispute, Defendants have refused to provide updated records for a WIC § 7301 inmate-patient who has been housed in MHSDS treatment units in CDCR prisons since 2010. This is another chapter in Defendants' effort to obstruct the Court, the Special Master, and Plaintiffs' counsel's access to important evidence of the treatment of seriously mentally ill prisoners. A court order confirming that Plaintiffs are entitled to the records of

[935922-6]

2

REQUEST FOR RECONSIDERATION BY THE DISTRICT COURT OF MAGISTRATE JUDGE'S RULING RE: PLAINTIFFS' ACCESS TO CLASS MEMBER RECORDS

WIC § 7301 inmate-patients confined in CDCR facilities is necessary to prevent such obstruction now and moving forward.

## ARGUMENT

### I.  LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) provides that a district judge must modify or set aside any part of a magistrate judge's order that is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).  Eastern District of California Local Rule 303 further provides that a party may seek reconsideration by a district judge of a magistrate judge's ruling, *see id.* 303(c), and that "[t]he standard that the assigned Judge shall use in all such requests is the 'clearly erroneous or contrary to law' standard." *Id.* 303(f); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter … where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").

### II.  THE RECORDS AT ISSUE CONSTITUTE RELEVANT AND DISCOVERABLE EVIDENCE THAT IS IN DEFENDANTS' SOLE POSSESSION.

The basic discovery rules make clear that Plaintiffs are entitled to the treatment and C-file records at issue.  The scope of pre-trial discovery is governed by Federal Rule of Civil Procedure 26 ("Rule 26"), which provides for the discovery of relevant information that is reasonably calculated to lead to the discovery of admissible evidence.

The requested records are clearly relevant and discoverable.  Notably, the Magistrate Judge did not find, and Defendants did not argue, that the records of these six individuals lacked relevance or that any other consideration under Rule 26 precluded production of this relevant evidence.  All six individuals were on the MHSDS mental health caseload during discovery on the termination proceedings, and Defendants provided each their records upon request at that time.  Four of the individuals were interviewed by Plaintiffs' experts and discussed in their expert reports filed in support of Plaintiffs' opposition to the termination motion.  Plaintiffs now seek updated records for these same individuals – *i.e.*, records post-dating Defendants' prior production of records.  Plaintiffs' experts' observations and interactions with these individuals constitute part of the

[935922-6]

3

REQUEST FOR RECONSIDERATION BY THE DISTRICT COURT OF MAGISTRATE JUDGE'S RULING RE: PLAINTIFFS' ACCESS TO CLASS MEMBER RECORDS

foundation for their opinions. *See* Expert Decl. of Pablo Stewart, M.D., Docket No. 4381 ("Stewart Termination Decl.") ¶¶ 346-47, 408, 433, 470; Expert Decl. of Craig Haney, Docket No. 4378 ("Haney Termination Decl.") ¶¶ 212-13, 261-63. Two of the individuals were housed in a Secured Housing Unit ("SHU") at the time Plaintiffs' experts conducted interviews. *See* Haney Termination Decl. ¶¶ 212, 261. Another was being held in San Quentin's EOP Administrative Segregation Unit, and the fourth was in the Psychiatric Services Unit (PSU) at CSP-Sacramento. *See* Stewart Termination Decl. ¶¶ 346-47, 408. Plaintiffs' experts opined about, *inter alia*, the sufficiency and quality of mental health care these men were receiving and the appropriateness and psychological impact of their segregated housing placements. These issues are directly relevant to Plaintiffs' pending enforcement motion regarding segregation, and these record updates may inform consideration of these issues by Plaintiffs' experts, the Special Master, and the Court.

The remaining two individuals for whom Plaintiffs have requested records were the subjects of use of force incidents that were reviewed by the parties' experts in connection with Defendants' termination motion. Both individuals were participants in the MHSDS at the time of the respective use of force incidents. Expert Decl. of Eldon Vail in Supp. of Mot. for Enforcement of Court Orders and Affirmative Relief Related to Use of Force and Disciplinary Measures ("Vail Enforcement Mot. Decl."), Docket 4638-1 ¶¶ 13, 14, 18. Both Plaintiffs' expert and Defendants' expert opined upon the incidents of force against these individuals depicted in the videos. *See id.* ¶ 14 (describing use of force incident against individual housed in a Mental Health Crisis Bed in order to forcibly administer psychotropic medications); *id.* ¶ 18 (describing use of force incident involving five blasts of OC spray into cell against individual who refused to exit his cell); Decl. of Steve J. Martin in Supp. of Defs.' Opp. to Pls.' Mot. Related to Use of Force and Disciplinary Measures, Docket No. 4706 ("Martin Opp. Decl.") ¶¶ 15, 16, 20.

Defendants and their experts have challenged the conclusions of Plaintiffs' experts and argued that the remedies sought are unnecessary. They have made assertions about the quality and quantity of care received by participants in the MHSDS and the impact of their

[935922-6]

4

REQUEST FOR RECONSIDERATION BY THE DISTRICT COURT OF MAGISTRATE JUDGE'S RULING RE: PLAINTIFFS' ACCESS TO CLASS MEMBER RECORDS

housing and disciplinary procedures. *See* Decl. of Kathleen Allison in Supp. of Defs.' Opp. to Pls.' Mot. Related to Housing and Treatment of Mentally Ill Prisoners in Segregation and Mot. Related to Use of Force and Disciplinary Measures, Docket No. 4713, ¶¶ 8-44; Decl. of Dr. Tim Belavich in Supp. of Defs.' Opp. to Pls.' Mot. Related to Housing and Treatment of Mentally Ill Prisoners in Segregation, Docket No. 4712-1, ¶¶ 6-19. In some cases, Defendants have provided to their expert, Steve Martin, selected portions of the records now requested by Plaintiffs, but refuse to provide Plaintiffs with access to the complete records. Martin Opp. Decl. ¶ 10. In so doing, Defendants have affirmed the relevance of the records Plaintiffs now seek.

All six of the inmate-patients at issue have been identified as mentally ill and in need of mental health treatment, and thus their records are without question records that must be provided to Plaintiffs upon request. The applicable discovery standard is, in any event, whether evidence is reasonably calculated to lead to the discovery of admissible evidence, *not* whether it comes from or relates to a class member. The *Coleman* Court's orders affect individuals beyond those who are part of the current *Coleman* class. For example, mental health screening processes and rounding in segregated units necessarily involve individuals who are outside the *Coleman* class. The same is true of suicide prevention measures ordered by this Court. In order to enforce and monitor the *Coleman* remedy, Plaintiffs, the Court, and the Special Master must be permitted access to relevant evidence. The mental health and C-file records at issue are in the sole possession of Defendants, and must be produced to Plaintiffs in the course of discovery like any other evidence, irrespective of whether the subject of those records is a current *Coleman* class member. The Magistrate Judge erred by failing to apply the appropriate standard for discovery.

### III. THERE IS NO NEED FOR PLAINTIFFS TO OBTAIN "WAIVERS" TO ACCESS THE REQUESTED RECORDS BECAUSE THE *COLEMAN* PROTECTIVE ORDER PROTECTS AGAINST DISCLOSURE.

The Magistrate Judge's decision erroneously suggests that privacy concerns may somehow justify Defendants refusal to release the requested records, and that Plaintiffs

[935922-6]

5

REQUEST FOR RECONSIDERATION BY THE DISTRICT COURT OF MAGISTRATE JUDGE'S RULING RE: PLAINTIFFS' ACCESS TO CLASS MEMBER RECORDS

1 must track down these individuals themselves and obtain waivers in order for Defendants
2 to be required to produce such records.  *See* Docket No. 4791 at 5-6.  Such a finding is
3 unsupported by law.  The regulations implementing HIPAA explicitly provide that "a
4 covered entity may disclose protected health information in the course of any judicial or
5 administrative proceeding" where a qualified protective order controls.  45 C.F.R.
6 § 164.512(e)(ii)(B).

7       Just as Plaintiffs' entitlement to evidence under Rule 26 extends beyond the
8 *Coleman* class definition, the *Coleman* protective order also applies to the records of class
9 members and non-class members alike.  The *Coleman* protective order "covers all
10 documents and information obtained in this action by plaintiffs' counsel which identifies a
11 patient or inmate other than the named plaintiffs in this action."  *See* Decl. of Aaron J.
12 Fischer in Supp. of Pls.' Mot. to Compel Timely Production of Prisoner-Patient Records,
13 Docket No. 4788, Ex. A (*Coleman* Protective Order and 1/12/2007 Modification).
14 Production of the records now sought by Plaintiffs would in no way constitute a breach of
15 privacy, as Defendants contend.  Such records would be subject to the same strict terms of
16 the *Coleman* protective order that govern all other patient and inmate information
17 produced in this case.  Neither Defendants nor the Magistrate Judge's order provide any
18 legitimate reason why the production of these MHSDS inmate-patients records would pose
19 more or different concerns about privacy than any of the countless other inmate records
20 that have been produced in the history of this case.

21       It would be extraordinarily burdensome, if not impossible, for Plaintiffs to track
22 down mentally ill individuals who have been released from CDCR and obtain waivers in
23 order to access those individuals' records from their time as CDCR mental health caseload
24 inmate-patients.  The *Coleman* protective order makes such a requirement unnecessary.
25 The Court should reverse the Magistrate Judge's decision and order Defendants to produce
26 the requested documents, subject to the longstanding protective order.

27
28

[935922-6]

6

REQUEST FOR RECONSIDERATION BY THE DISTRICT COURT OF MAGISTRATE JUDGE'S RULING RE:
PLAINTIFFS' ACCESS TO CLASS MEMBER RECORDS

## IV. WIC § 7301 INMATE-PATIENTS ARE *COLEMAN* CLASS MEMBERS, AND PLAINTIFFS ARE ENTITLED TO THEIR RECORDS UPON REQUEST.

Although it is not dispositive of the instant dispute, this Court should reverse the Magistrate Judge's clearly erroneous finding that Plaintiffs "have not shown" that WIC § 7301 inmate-patients "are presently members of the plaintiff class" (Docket No. 4791 at 6) and confirm that Plaintiffs are entitled to the records of WIC § 7301 inmate-patients confined in CDCR facilities.

The *Coleman* class definition clearly applies to WIC § 7301 inmate-patients and all similarly situated individuals. The *Coleman* class is defined as "all inmates with serious mental disorders who are now or who will in the future be confined within the California Department of Corrections." July 23, 1999 Order & Stip. & Order Amending Plaintiff Class & Application of Remedy, Docket No. 1054, ¶ 2. WIC § 7301 inmate-patients are mentally ill individuals who have been transferred from a Department of State Hospitals facility and placed in an "institution under the jurisdiction of [CDCR]," as consistent with the following statutory provision:

> Whenever, in the opinion of the Director of State Hospitals and with the approval of the Secretary of the Department of Corrections and Rehabilitation, any person who has been committed to a state hospital pursuant to provisions of the Penal Code or who has been placed in a state hospital temporarily for observation pursuant to, or who has been committed to a state hospital … needs care and treatment under conditions of custodial security which can be better provided within the Department of Corrections and Rehabilitation, the person may be transferred for those purposes from an institution under the jurisdiction of the State Department of State Hospitals to an institution under the jurisdiction of the Department of Corrections and Rehabilitation.

Cal. Welf. & Inst. Code § 7301. WIC § 7301 inmate-patients are thus squarely within the class of "inmates with serious mental disorders who are now or who will in the future be confined within the California Department of Corrections." This Court has already made clear that the particular legal basis for an inmate's confinement in a CDCR prison does not change his or her status as an inmate to whom Defendants have the obligation to provide constitutionally adequate treatment. *See* Aug. 8, 2008 Order, Docket No. 2930 at 5

[935922-6]

7

REQUEST FOR RECONSIDERATION BY THE DISTRICT COURT OF MAGISTRATE JUDGE'S RULING RE: PLAINTIFFS' ACCESS TO CLASS MEMBER RECORDS

(finding that pre-revocation parolees in the custody of CDCR "SHALL be deemed 'inmates' for the purpose of their evaluation and referral for services under the *Coleman* Program Guide"). WIC § 7301 inmates with serious mental illness, like any other *Coleman* class members, should receive MHSDS treatment services. Plaintiffs and the Special Master are entitled to monitor the treatment provided to this group of inmate-patients, and must have access to their CDCR records.

Despite the clarity of the *Coleman* class definitions and the guidance in the 8/8/08 Order, Defendants have refused to provide updated records for a WIC § 7301 inmate-patient who in the last several months has been housed in the CSP-Sacramento PSU (a segregation unit that houses EOP inmate-patients) and at the Salinas Valley Psychiatric Program (SVPP). Decl. of Michael W. Bien in Supp. of Pls.' Req. for Reconsideration by the Dist. Ct. of Mag. J.'s Ruling Re: Pls.' Access to Class Member Records ("Bien Decl.") ¶ 3. This inmate-patient has been in CDCR custody since July 2010 (according to CDCR inmate locator) and has been issued a CDCR number. *Id.* In February 2013, Plaintiffs' expert reviewed this inmate-patient's case, and noted in his expert report that this inmate-patient ("Prisoner UU") had been cycling between crisis/inpatient beds and the PSU segregation unit, where he reported becoming "very suicidal." Stewart Termination Decl. ¶ 408. Plaintiffs requested, and Defendants provided, this inmate-patient's treatment records during discovery during the termination proceedings. Bien Decl. ¶ 3. Now, with Plaintiffs' motions for affirmative relief pending before the Court, Defendants have refused Plaintiffs' request for updated treatment records for this inmate-patient based on the false premise that his WIC § 7301 status puts him outside the *Coleman* class. *Id.*

This is unfortunately another chapter in Defendants' effort to obstruct the Court, the Special Master, and Plaintiffs' counsel's access to important evidence as to the treatment of seriously mentally ill individuals confined in CDCR institutions. This dispute comes on the heels of Defendants' recent refusal to provide information and documentation regarding the treatment provided to a different WIC § 7301 inmate-patient who died by water intoxication in SVPP's DSH Intermediate Care Facility program earlier this year.

[935922-6]

8

REQUEST FOR RECONSIDERATION BY THE DISTRICT COURT OF MAGISTRATE JUDGE'S RULING RE: PLAINTIFFS' ACCESS TO CLASS MEMBER RECORDS

This inmate-patient was the subject of considerable testimony during the June 2013 evidentiary hearing on inpatient care provided to the *Coleman* class. *See* 6/19/13 Hr'g Tr. at 41-45 (P. Stewart direct examination); 75-77 (P. Stewart cross-examination). Defendants refused to provide to Plaintiffs the requested documents and information about this inmate-patient who died while in the SVPP prior to the June 2013 evidentiary hearing, *id.* at 44-45, and again in July 2013, stating that because this inmate-patient "was temporarily placed in CDCR's custody under Welfare & Institutions Code section 7301," he "[i]s not a *Coleman* class member." Bien Decl. ¶¶ 4-5 & Ex. A. Even more recently, Defendants refused to provide information and documentation requested by Plaintiffs' counsel regarding another WIC § 7301 inmate-patient who has been in CDCR custody since November 2008, and who has spent significant periods in the CSP-Sacramento PSU (again, a unit meant to serve EOP prisoners) and been referred for MHCB and DSH inpatient care based on his serious mental illness and treatment needs. *Id.* ¶ 6 & Ex. B.

The Magistrate Judge clearly erred in approving Defendants' refusal to produce requested records of the identified WIC § 7301 inmate-patient based on Defendants' incorrect assertion that he is not a *Coleman* class member. A court order confirming that Plaintiffs are entitled to the records of WIC § 7301 inmate-patients confined in CDCR facilities is necessary to prevent such obstruction now and moving forward.[2]

## CONCLUSION

Because the Magistrate Judge erred in finding that Defendants are not required to comply with their discovery obligations with respect to the treatment and C-file records of inmates whose treatment bears directly on the pending affirmative motions for relief, Plaintiffs respectfully request that this Court reconsider and reverse the Magistrate Judge's

---

[2] Defendants have recently informed Plaintiffs' counsel that there are approximately 35 DSH patients who have been transferred to CDCR prisons pursuant to WIC § 7301, and that many are being housed in the CSP-Sacramento PSU (a segregation unit that houses EOP inmate-patients). *See* Bien Decl. ¶ 7.

[935922-6]

9
REQUEST FOR RECONSIDERATION BY THE DISTRICT COURT OF MAGISTRATE JUDGE'S RULING RE: PLAINTIFFS' ACCESS TO CLASS MEMBER RECORDS

ruling, direct Defendants to produce the requested records subject to the *Coleman* protective order, and clarify the status of WIC § 7301 inmate-patients as members of the *Coleman* class.

DATED: September 17, 2013     Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Michael W. Bien*
      Michael W. Bien

Attorneys for Plaintiffs

[935922-6]

10

REQUEST FOR RECONSIDERATION BY THE DISTRICT COURT OF MAGISTRATE JUDGE'S RULING RE: PLAINTIFFS' ACCESS TO CLASS MEMBER RECORDS