| | |
|---|---|
| DONALD SPECTER – 083925<br>STEVEN FAMA – 099641<br>PRISON LAW OFFICE<br>1917 Fifth Street<br>Berkeley, California 94710-1916<br>Telephone: (510) 280-2621 | MICHAEL W. BIEN – 096891<br>JANE E. KAHN – 112239<br>ERNEST GALVAN – 196065<br>THOMAS NOLAN – 169692<br>LORI E. RIFKIN – 244081<br>AARON J. FISCHER – 247391<br>MARGOT MENDELSON – 268583<br>KRISTA STONE-MANISTA – 269083<br>ROSEN BIEN<br>GALVAN & GRUNFELD LLP<br>315 Montgomery Street, Tenth Floor<br>San Francisco, California 94104-1823<br>Telephone: (415) 433-6830 |
| JON MICHAELSON – 083815<br>JEFFREY L. BORNSTEIN – 099358<br>LINDA L. USOZ – 133749<br>MEGAN CESARE-EASTMAN – 253845<br>RANJINI ACHARYA – 290877<br>K&L GATES LLP<br>4 Embarcadero Center, Suite 1200<br>San Francisco, California 94111-5994<br>Telephone: (415) 882-8200 | CLAUDIA CENTER – 158255<br>THE LEGAL AID SOCIETY –<br>EMPLOYMENT LAW CENTER<br>180 Montgomery Street, Suite 600<br>San Francisco, California 94104-4244<br>Telephone: (415) 864-8848 |

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>　　　　Defendants. | Case No. Civ S 90-0520 LKK-JFM<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 1: TO EXCLUDE THE DECLARATION AND TESTIMONY OF PLAINTIFFS' REBUTTAL EXPERT WITNESS EDWARD KAUFMAN, M.D.**<br><br>Judge: Hon. Lawrence K. Karlton<br>Date: September 26, 2013<br>Time: 9:15 a.m.<br>Crtrm.: 4 |

[944014-3]

## INTRODUCTION

The Court should deny Defendants' baseless motion *in limine* to exclude expert Dr. Edward Kaufman (hereinafter, "Defs.' MIL No. 1"), a psychiatrist who, over a period of more than forty years, has treated seriously mentally ill prisoners, consulted on mental health treatment programs provided in correctional settings, and provided expert testimony that has been relied upon in the *Coleman* case, both by this Court and the three-judge court. Defendants offer three unsupportable arguments to exclude Dr. Kaufman: (1) that he is unqualified to render an expert opinion; (2) that his opinions do not meet Rule 702 requirements; and (3) that introduction of his opinion as rebuttal expert testimony is improper and would somehow prejudice Defendants. Defendants' arguments are without merit and provide no basis to exclude Dr. Kaufman's opinions.

Earlier this year, Dr. Kaufman provided a detailed expert report in support of Plaintiffs' opposition to Defendants' termination motion. *See* Expert Decl. of Edward Kaufman, M.D., Docket No. 4379, Mar. 14, 2013 ("Kaufman Termination Decl."). His expert opinions were based on an extensive review of the treatment and conditions of confinement for prisoners with serious mental illness, including tours and interviews at three CDCR prisons—Central California Prison for Women (CCWF), California Institution for Men (CIM), and California State Prison- Corcoran (CSP-COR)—in February 2013. *See id.*; Expert Decl. of Edward Kaufman, M.D. in Supp. of Mot. for Enforcement of Court Orders & Affirmative Relief Related to Use of Force & Disciplinary Measures, Aug. 23, 2013, Docket No. 4766-3 ("Kaufman Reply Decl.") ¶ 5. During these tours, he spoke with correctional officers and mental health clinicians, conducted interviews with inmates on the mental health caseload who were in a variety of settings and levels of care, reviewed medical records, and reviewed extensive documents about CDCR's current mental health care delivery system. Kaufman Reply Decl. ¶ 5. Dr. Kaufman has evaluated, *inter alia*, CDCR's "ability to provide humane treatment that avoids inmate suffering and psychological decompensation." Kaufman 3/16/13 Dep. Tr. at 13:8-13, 73:10-15. He has further evaluated whether CDCR's policies and practices

[944014-3]

1

PLS.' OPPOSITION TO DEFS.' MOTION *IN LIMINE* NO. 1: TO EXCLUDE THE DECLARATION AND TESTIMONY OF PLS.' REBUTTAL EXPERT WITNESS EDWARD KAUFMAN, M.D.

1  "would prevent unusual suffering and decompensation." *Id.* at 127:9-21.

2  Dr. Kaufman is an accomplished, experienced, and qualified doctor with an active psychiatry practice and substantial background working in correctional settings. He has long been qualified as an expert in this litigation. *Coleman v. Wilson*, 912 F. Supp. 1282, 1307, 1309, 1312, 1313, 1314, 1320 n.54, & 1322 n.58 (E.D. Cal. 1995) (citing Kaufman's expert findings, including on custodial mental health training and use of Tasers on inmates on psychotropic medication). His findings in his March 14, 2013 expert report were cited by the three-judge court in its Opinion and Order Denying Defendants' Motion to Vacate or Modify Population Reduction Order. Docket No. 4541 at 51. His expert testimony regarding Plaintiffs' current motion is based on an extensive review, including his recent tours, review of records, the declarations and testimony of other expert witnesses, and his own considerable experience and expertise.

Defendants' argument that Dr. Kaufman's rebuttal expert testimony constitutes "improperly asserted" new evidence should also be rejected. Defendants' opposition raised an argument this Court discredited almost two decades ago—*i.e.*, that Defendants' use of force practices have not been shown to cause physical injury and are not used "maliciously and sadistically to cause harm." Plaintiffs should have the opportunity to rebut this argument with additional evidence of the enormous psychological harm and risk of psychological harm caused by Defendants' use of force practices.

Defendants' motion to exclude Dr. Kaufman's expert testimony should be denied.

**ARGUMENT**

**I.    DR. KAUFMAN IS QUALIFIED TO RENDER EXPERT OPINIONS REGARDING THE PSYCHOLOGICAL IMPACT OF USE OF FORCE PRACTICES ON PRISONERS WITH MENTAL ILLNESS.**

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise. Fed. R. Evid. 702. An expert may be qualified by specialized knowledge acquired through his vast experience. *See McKendall v. Crown Control Corp.*,

[944014-3]

2

PLS.' OPPOSITION TO DEFS.' MOTION *IN LIMINE* NO. 1: TO EXCLUDE THE DECLARATION AND TESTIMONY OF PLS.' REBUTTAL EXPERT WITNESS EDWARD KAUFMAN, M.D.

122 F.3d 803, 807 (9th Cir. 1997) (finding an engineer with 30 years' experience investigating fork lift accidents qualified to give expert opinions regarding risk of injury from defective product design) (citing *Thomas v. Newton Int'l Enters.*, 42 F.3d 1266, 1270, n.3 (9th Cir. 1994) (finding a longshoreman with 29 years' experience qualified to give expert testimony regarding safety procedures)).

Defendants have set up a straw man argument in challenging Dr. Kaufman's expert qualifications, arguing that he is not a "correctional expert on use-of-force issues." Defs.' MIL No. 1 at 3. Defendants miss the point. Dr. Kaufman is well qualified to opine on the issues described in his August 23, 2013 declaration—specifically, on the "harm caused by use of force against *Coleman* class members, prisoners with mental illness." Kaufman Reply Decl. ¶ 6. As described in his declaration, he has provided similar expert testimony in this very case, finding in 1993 that Defendants' use of force practices—which he identified as remarkably similar to those in effect today—caused psychological harm to mentally ill prisoners in a variety of ways. *Id.* ¶¶ 7-8, 13-14. Dr. Kaufman has specialized knowledge that will assist the Court to understand the type and extent of harm that mentally ill prisoners face when subjected to CDCR's use of force and disciplinary practices. He further offers expert opinion, based on his extensive experience, regarding the appropriate methods for managing a violent or agitated psychiatric patient, including methods of clinical intervention in lieu of the use of force. *Id.* ¶¶ 15-18.

Defendants' criticisms of Dr. Kaufman play fast and loose with the facts, and are rife with mischaracterization. They fault Dr. Kaufman for not having worked in a correctional setting for 40 years. Defs.' MIL No. 1 at 3. It is true that his direct employment as a psychiatrist in correctional settings dates back several decades. *See* Kaufman Termination Decl. ¶¶ 5, 7 (describing service as Chief of Psychiatric Services at Lewisburg Federal Penitentiary and as Director of Psychiatry for Prison Mental Health Services of the City of New York in 1960s and 1970s). But since that time, he has also worked as a consultant and expert evaluating the provision of mental health treatment to inmates, including in California prison and mental health facilities; such work included the

[944014-3]

3

PLS.' OPPOSITION TO DEFS.' MOTION *IN LIMINE* NO. 1: TO EXCLUDE THE DECLARATION AND TESTIMONY OF PLS.' REBUTTAL EXPERT WITNESS EDWARD KAUFMAN, M.D.

*Coleman* termination proceedings earlier this year. *See* Kaufman Reply Decl. ¶ 3 (work in the 1980s for the United States Department of Justice as a consultant in connection with an investigation of care for prisoners at the California Medical Facility (CMF), and as an expert in the *Gates v. Deukmejian* trial regarding the provision of medical and psychiatric care in CDCR institutions); *id.* ¶ 4 (role as expert during the 1993 *Coleman* trial); *id.* ¶ 5 (role as psychiatric expert in 2013 *Coleman* termination proceedings).[1]

Dr. Kaufman has been qualified as a psychiatric expert in this litigation. *Coleman v. Wilson*, 912 F. Supp. 1282 (E.D. Cal. 1995) (relying on Dr. Kaufman's expert findings at least seven times); Op. & Order Denying Defs.' Mot. to Vacate or Modify Population Reduction Order, Apr. 11, 2013, Docket No. 4541 at 51. As a psychiatrist who has treated mentally ill prisoners and evaluated the treatment of mentally ill prisoners for more than forty years, Dr. Kaufman is well qualified to provide an expert opinion.

## II. DR. KAUFMAN'S CONCLUSIONS ARE BASED ON SUFFICIENT FACTS AND DATA, EVEN GIVEN DEFENDANTS' OBSTRUCTIONIST CONDUCT TO WITHHOLD EVIDENCE REGARDING USE OF FORCE PRACTICES AND THE IMPACT OF SUCH PRACTICES ON MENTALLY ILL PRISONERS.

Defendants' argument that Dr. Kaufman's opinions are not based on a "sufficient evidentiary basis" or "any cognizable methodology" is without merit. Dr. Kaufman's expert opinions are properly based on both his own extensive knowledge and experience as well as on his recent review of CDCR's use of force practices against *Coleman* class members, including analyses of those practices by the parties' use of force experts. *See United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000) (noting that reliability of an expert witness's opinions may be confirmed based on "the knowledge and experience of the expert, rather than the methodology or theory behind it") (citing *Kumho Tire Co. v.*

---

[1] Defendants also distort Dr. Kaufman's testimony, stating that he is "against housing any mentally ill inmates in prisons." *But see* Kaufman 3/16/13 Dep. Tr. at 209:2-9 (Dr. Kaufman testifying that "there are some mentally ill people who have to be in prisons").

[944014-3]

4

PLS.' OPPOSITION TO DEFS.' MOTION *IN LIMINE* NO. 1: TO EXCLUDE THE DECLARATION AND TESTIMONY OF PLS.' REBUTTAL EXPERT WITNESS EDWARD KAUFMAN, M.D.

1 *Carmichael*, 119 S. Ct. 1167 (1999)).  It is entirely proper for Dr. Kaufman to look to other
2 witnesses' testimony, including the parties' correctional experts (Vail and Martin), and to
3 rely on such information in forming his opinions.  *See* Fed. R. Evid. 703 Adv. Comm.
4 Notes (expert may rely on data from a source other than firsthand observation); *Southland*
5 *Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1142 (9th Cir. 1997).

6       Dr. Kaufman is very clear as to the multiple sources of the information on which he
7 relies for his expert opinion, including his recent CDCR prison tours, the declarations of
8 both Plaintiffs' and Defendants' experts regarding use of force, and data on the
9 disproportionately high rates of use of force used against CDCR prisoners with mental
10 illness.  Kaufman Reply Decl. ¶¶ 5, 9-13, 18-19.  Likewise, his expert opinion regarding
11 appropriate methods for responding to violent or agitated psychiatric patients, including
12 methods of clinical intervention in lieu of use of force, are based on years of experience as
13 a treating psychiatrist and psychiatric expert both in correctional and non-correctional
14 settings.  *Id.* ¶¶ 3-5, 15-18.

15       Defendants' contention that Dr. Kaufman's opinion should be excluded because he
16 "did not review any of the underlying use-of-force reports or medical records in forming
17 his opinions" described in his August 23, 2013 order, Defs.' MIL No. 1 at 4, is particularly
18 outrageous.  Plaintiffs requested these very documents from Defendants within days of
19 Defendants' filing of their opposition, specifically asking that Defendants provide these
20 records prior to the August 23 deadline for filing a reply.  Defendants refused to produce
21 these records for weeks, *see* Decl. of Aaron J. Fischer in Supp. of Pls.' Mot. to Compel
22 Timely Production of Prisoner-Patient Records, Sept. 6, 2013, Docket No. 4788 ¶¶ 4-20,
23 and finally did so only this week, on the afternoon of September 16, 2013.  Dr. Kaufman
24 also requested the opportunity to view use of force videos and medical records for
25 prisoners subjected to uses of force, and to conduct interviews with some of these class
26 members prior to the submission of his expert declaration; Defendants did not allow this

[944014-3]

5

PLS.' OPPOSITION TO DEFS.' MOTION *IN LIMINE* NO. 1: TO EXCLUDE THE DECLARATION AND
TESTIMONY OF PLS.' REBUTTAL EXPERT WITNESS EDWARD KAUFMAN, M.D.

inspection to go forward.[2]  *See* Kaufman Reply Decl. ¶ 21.  Defendants' attempt now to exclude his opinion based on the allegation that he did not review documents and video they refused to produce is an improper attempt to gain advantage from their own foot-dragging in providing timely and properly requested information and materials.  In any event, as described above, Dr. Kaufman's expert opinions are properly based on his own experience and observations, as well as other evidence submitted in this case.

### III. DEFENDANTS' ARGUMENT THAT DR. KAUFMAN'S REBUTTAL EXPERT TESTIMONY CONSTITUTES "IMPROPERLY ASSERTED" NEW EVIDENCE SHOULD BE REJECTED.

Defendants' argument that Dr. Kaufman's testimony was somehow "secretly reserve[d]" for an attack "like Odysseus and the Greeks springing forth from their Trojan Horse," Defs. MIL No. 1 at 5, is a gross hyperbole that has no application to actual circumstances.  It was Defendants who, in their opposition to the instant motion, raised an argument (discredited by this Court almost two decades ago) in an attempt to legitimate their deficient and dangerous use of force practices against the mentally ill—*i.e.*, that Defendants' use of force practices have not been shown to cause physical injury and are not used "maliciously and sadistically to cause harm."  Plaintiffs should have the opportunity to rebut this argument.

In their motion to terminate the *Coleman* case, on the matter of Defendants' use of force practices, Defendants argued only that "[t]here is no pattern or practice of force being used either unnecessarily or disproportionately against class members or without accounting for class members' mental health status [citing Report of Defendants' Expert Steve J. Martin ("Martin Termination Report") at 11].… Rather, the State's system to minimize and control unnecessary use of force is 'among the very best of any such systems' in the United States [citing Martin Termination Report at 13]."  *See* Defs.' Mot. to Terminate, Jan. 7, 2013, Docket No. 4275-1 at 23-24.  Plaintiffs have now presented

---

[2] Defendants did permit Dr. Kaufman to conduct part of this inspection on September 6, 2013, after Plaintiffs' Reply was filed.

[944014-3]

6

PLS.' OPPOSITION TO DEFS.' MOTION *IN LIMINE* NO. 1: TO EXCLUDE THE DECLARATION AND TESTIMONY OF PLS.' REBUTTAL EXPERT WITNESS EDWARD KAUFMAN, M.D.

extensive evidence that class members are routinely subjected to unreasonable, unnecessary, and excessive uses of force by correctional officers in California prisons. *See* Pls.' Mot. for Enforcement of Court Orders & Affirmative Relief Related to Use of Force & Disciplinary Measures, May 29, 2013, Docket No. 4638, *passim.* In opposition, Defendants have now argued that there is no constitutional violation because there is no widespread evidence of physical injury. *See* Defs.' Opp. to Mot. Related to Use of Force & Disciplinary Measures ("Defs.' Opp.") at 17:18-20; Decl. of Steve J. Martin in Supp. of Defs.' Opp. to Mot. Related to Use of Force & Disciplinary Measures, July 24, 2013, Docket No. 4706 ¶ 13 ("Moreover, what is starkly and objectively absent … is any pattern of serious injuries normally associated with those systems and institutions found to have engaged in a pattern and practice of excessive and unnecessary staff use of force."); Martin 7/23/13 Dep. Tr. at 53:7-55:21 ("All said and done, there were no injuries of note in those seven incidents. That's not to say there wasn't some pain from a chemical agent because there certainly was. But physical impact injuries, none that I saw.… Here we may have an excessive use of chemical agent but does that equate and translate to a finding of excessive force?"). They further argue that their use of force practices are not used "maliciously and sadistically to cause harm." *See, e.g.*, Defs.' Opp. at 1, 14, 16, 20, 24, 36. Because Defendants' opposition raises these arguments, it became necessary, and entirely appropriate, for Plaintiffs to proffer the expert report of Dr. Kaufman with their Reply brief in order to clarify the serious psychological harms caused by using inappropriate force on individuals with mental illness in various states of decompensation.[3]

Defendants are in no way prejudiced by the submission of Dr. Kaufman's expert

---

[3] As described in Plaintiffs' Reply brief, Plaintiffs dispute the contention that only a pattern of physical harm can establish a systemic practice of excessive force that constitutes a constitutional violation. Plaintiffs also dispute Defendants' position that the use of unnecessary and excessive force is not causing *Coleman* class members physical harm in addition to the kinds of psychological harm described in Dr. Kaufman's expert declaration. *See* Reply Br., Aug. 23, 2013, Docket No. 4766 at 8, n.5.

[944014-3]

7

PLS.' OPPOSITION TO DEFS.' MOTION *IN LIMINE* NO. 1: TO EXCLUDE THE DECLARATION AND TESTIMONY OF PLS.' REBUTTAL EXPERT WITNESS EDWARD KAUFMAN, M.D.

report and the admission of his testimony at trial.  They will have the opportunity to explore Dr. Kaufman's opinions in deposition, scheduled to occur on September 21, 2013.

### IV. DR. KAUFMAN SHOULD BE PERMITTED TO SUPPLEMENT HIS OPINIONS BASED ON DEFENDANTS' LATE-PROVIDED RECORDS AND INFORMATION.

Defendants improperly seek to preclude Dr. Kaufman from supplementing his opinions based on records and information that Defendants withheld despite Plaintiffs' timely requests.  As described above, Plaintiffs timely requested class member records and use of force documents at the beginning of August, but Defendants refused to provide these materials until this week, after Defendants filed their Motion *in Limine*. Dr. Kaufman indicated in his declaration that, once he has had the opportunity to review information withheld by Defendants, he would supplement his declaration, if necessary. Kaufman Reply Decl. ¶ 21.  Even though Defendants unreasonably delayed production of these files until the same week as Dr. Kaufman's deposition, any supplemental opinions will be provided to Defendants prior to Dr. Kaufman's deposition, giving them the opportunity to test those opinions in advance of trial as well.

### CONCLUSION

Defendants have not identified any grounds to exclude the testimony of expert Edward Kaufman.  Plaintiffs respectfully request that the Court deny Defendants' motion *in limine*.

DATED: September 19, 2013        Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Aaron J. Fischer*
    Aaron J. Fischer

Attorneys for Plaintiffs

[944014-3]