DONALD SPECTER – 083925
STEVEN FAMA – 099641
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LORI E. RIFKIN – 244081
AARON J. FISCHER – 247391
MARGOT MENDELSON – 268583
KRISTA STONE-MANISTA – 269083
ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830

JON MICHAELSON – 083815
JEFFREY L. BORNSTEIN – 099358
MEGAN CESARE-EASTMAN – 253845
RANJINI ACHARYA – 290877
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, California 94111-5994
Telephone: (415) 882-8200

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY – EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California 94104-4244
Telephone: (415) 864-8848

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN et. al.,<br><br>Plaintiffs,<br><br>v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>Defendant. | Case No.   Civ S 90-0520 LKK-JFM<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 2: TO EXCLUDE EXPERT TESTIMONY BY ELDON VAIL**<br><br>Date:     September 26, 2013<br>Time:     9:15 a.m.<br>Judge:    Hon. Lawrence K. Karlton<br>Courtroom: 4 |

## I. INTRODUCTION

Defendants' baseless motion *in limine* to exclude expert Eldon Vail, the former Secretary of the Washington State Department of Corrections with 35 years of experience in correctional administration, including developing and directing successful programs to address the difficult challenges of working with inmates who are mentally ill, should be denied. Defendants offer three equally unsupportable arguments to exclude Mr. Vail: 1) that he is unqualified to render expert opinions assessing the constitutionality of particular uses of force; 2) that he is unqualified to render expert opinions regarding mental health conditions and outcomes; and 3) that his use of force opinions lack foundation.[1] Defendants' attacks on Mr. Vail consist of untenable legal positions and blatant misrepresentations of fact, and include no viable grounds to exclude any of his opinions.

## II. ARGUMENT

### A. Mr. Vail Is Properly Qualified To Render Expert Opinions Regarding Use Of Force

#### 1. While It Is Improper For An Expert To Opine Regarding Legal Conclusions, Defendants are Mistaken In Their Assertion that Mr. Vail Has Expressed or Will Testify As To Any Such Views.

Defendants claim that Mr. Vail "lacks the training and background that would allow him to assess force used in corrections settings and to opine – as an expert with specialized education and knowledge – whether the force used in a particular setting exceeded that allowed under the Constitution." (MIL No. 2 at 1:17-20.) Rule 702 of the Federal Rules of Evidence ("FRE") permits parties to introduce expert testimony at trial only if it "will help the trier of fact to understand the evidence or determine a fact in issue." The expert's testimony must assist the Court reach a conclusion of law, not substitute the expert's judgment for that of the Court. *Mukhtar v. California State Univ., Hayward*, 299 F.3d 1053, 1066, fn. 10 (9th Cir. 2002); see also *Wade v. Haynes*, 663 F.2d 778, 784 (8th Cir. 1981) (noting that it is improper to ask a witness to opine regarding a pure legal conclusion, such as whether a defendant's

---

[1] Notably, Defendants do not challenge Mr. Vail's qualifications or foundation supporting his opinions regarding CDCR's RVR process.

conduct violated a constitutional norm).  Thus, Mr. Vail properly refrains from opining on ultimate legal conclusions, such as whether a particular use of force is constitutional[2]. Defendants' argument that Mr. Vail is unqualified to render ultimate legal conclusions is a meritless diversion that has no relevance to any issue before this Court.[3]

### 2. Mr. Vail Has Sufficient Training And Experience To Render Expert Opinions Regarding The Use Of Force

"If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." FRE, Rule 702.  An expert may be qualified by specialized knowledge acquired through his vast experience. *McKendall v. Crown Control Corp.*, 122 F.3d 803, 807 (9th Cir. 1997) (finding an engineer with 30 years' experience investigating fork lift accidents qualified to give expert opinions regarding risk of injury from defective product design), citing *Thomas v. Newton Int'l Enters.*, 42 F.3d 1266, 1270, n. 3 (9th Cir. 1994) (finding a longshoreman with 29 years' experience qualified to give expert testimony regarding safety procedures).

Defendants claim that Mr. Vail's declarations fail to describe his "education, experience, or training in evaluating use of force" and that he is "not qualified to offer

---

[2] *See*, Deposition of Eldon Vail, taken March 19, 2013 ("Vail March Depo.") at 76:9-16, attached as Exh. A to the Declaration of Megan Cesare-Eastman ("Cesare Decl.") submitted herewith.

    Q.  Well, in your opinion, does the -- are weapons that correctional officers are currently provided in California pose a constitutional violation of excessive force?

    A.  You know, as you can tell from my brief resume, I'm not an attorney, and so I try to stay away from making that kind of legal judgment.  I think that that's sort of the court's to make.

[3] Plaintiffs agree that neither expert should be opining on ultimate legal conclusions – in particular, Mr. Steve Martin.

anything more than a lay person's opinion."[4]  (MIL No. 2 at 3:24-25.)  Defendants misrepresent the factual record in this case, ignoring:

- Mr. Vail's nearly "thirty-five years' experience working in and administering adult institutions."  (Dkt. 4385, Declaration of Eldon Vail ("March Vail Decl.") at ¶ 2; Dkt. 4766-2, Declaration of Eldon Vail ("August Vail Decl.") at ¶ 3.)

- That Mr. Vail's experience included "responsibility for, and a focus on, the mentally ill population and their custody, housing and treatment" including "designing and opening a new program for mentally ill inmates within the Washington State Department of Corrections (WDOC)" at McNeil Island Corrections Center, "oversight of mental health programs for all prisons in the State of Washington" and "providing proper treatment for the mentally ill in prison on a system-wide basis."  (March Vail Decl. at ¶¶ 4-5; August Vail Decl. at ¶ 3.)

- That Mr. Vail established an "Intensive Treatment Program for mentally ill inmates with behavioral problems."  (Dkt. 4385-1, Exh. 1 to the March Vail Decl.; August Vail Decl. at ¶ 3.)

- That Mr. Vail "[p]ioneered…programs resulting in reductions in use of force incidents and infractions" while also reducing violence in adult institutions by "over 30%."  (Dkt. 4385-1, Exh. 1 to the March Vail Decl.)

In sum, Mr. Vail has already been instrumental in helping to accomplish in Washington State what CDCR has found to be impossible to remedy here in the past 23 years:  providing adequate mental health care for incarcerated, mentally-ill inmates, while also reducing violence by and against staff.  He is not only qualified to provide expert opinions regarding the use of force against prisoners with mental illness, he is uniquely qualified.  It is difficult to imagine what specific experience an expert could have that would be more directly relevant or appropriate to the use of force and disciplinary issues at hand.  Defendants' claims to the

---

[4] Defendants' gratuitous attacks on Mr. Vail are also improper because Defendants did not challenge Mr. Vail's qualifications or methodology in a *Daubert* motion during the termination proceedings.  It is Defendants' expert—not Plaintiffs'—whose report was stricken during those proceedings.  Moreover, to Plaintiffs' knowledge, Defendants did not avail themselves of the opportunity this Court afforded them to establish an untainted basis for their expert's opinion by conducting new inspections. *See* August 1, 2013 Order at 3, n.3.  To the extent Defendants attack Plaintiffs' expert for not conducting the identical year-and-a-half review as Defendants' expert, this criticism is not only specious; it is yet another by-product of Defendants' secrecy in connection with their Termination Motion.  *See* April 5, 2013 Order at 20-22.

contrary should be disregarded and their motion to exclude Mr. Vail's expert testimony should be denied.

### B. Mr. Vail's Limited Opinions Regarding Mental Health Are Based on His Personal Observations and Experience

Defendants attack Mr. Vail for "assess[ing] inmates' mental states" without identifying any specific statements or opinions they find objectionable. Accordingly, their motion is overbroad, and should be denied on that basis alone. *See*, e.g., *Hall v. City of Fairfield*, 2012 U.S. Dist. LEXIS 48616 (E.D. Cal. 2012) (denying motion *in limine* where party did not provide the Court with the specific evidence claimed to be inadmissible).

Mr. Vail, however, is certainly able to draw upon his extensive personal knowledge and experience as an administrator responsible for the care of all prisoners in the Washington Department of Corrections, including those with mental illness, as well as his observations during this proceeding of the distress experienced by mentally ill inmates subjected to uses of force in California's correctional institutions.

### C. Mr. Vail Has Sufficient Foundation for His Expert Opinions Regarding Use of Force

Defendants claim that Mr. Vail lacks foundation for his opinions for three reasons: 1) an alleged failure to review the "State's use-of-force policy"; 2) an allegation that the foundation for Mr. Vail's opinions is based only on "thirteen isolated incidents"; and 3) allegations that Mr. Vail did not consider the threat or resistance by the inmate necessitating the use of force. Each of Defendants' allegations is false. Defendants have misrepresented Mr. Vail's testimony, and unfairly minimized Defendants' own role in obstructing Plaintiffs' access to relevant documentary evidence.

#### 1. Mr. Vail Has Reviewed All Of CDCR's Use-Of-Force Policies and Procedures

Defendants allege that Mr. Vail filed his March Declaration without reviewing the State's use of force policy. In that Declaration, Mr. Vail states that his review included, but was not limited to, "CDCR's MHSDS Program Guide, and CDCR's policies, procedures,

4
**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 2: TO EXCLUDE EXPERT TESTIMONY BY ELDON VAIL**

internal reports and training materials." (Dkt. 4385, Vail March Decl. at ¶ 13, Exh. 2.) During his first deposition, Defendants specifically asked Mr. Vail whether he had reviewed the State's use of force policy prior to drafting the March Declaration:

> Q. I apologize if I asked you this before, but as part of the documents that you were either provided or requested, did that include the California use of force policy?
>
> **A. I have reviewed that policy.**

(Vail March Depo. at 112:8-12, emphasis added, Exh. A to the Cesare Decl.) Mr. Vail also testified that he reviewed the California Code of Regulations sections governing CDCR's use of force, and CDCR's Department Operations Manual. (*Id*. at 113:14-24.) CDCR Deputy Director Michael Stainer clarifies that "CDCR's Current Use-of-Force Policy is set out in Title 15 of the California Code of Regulations and CDCR's Department Operations Manual." (Dkt. 4708, Declaration of Michael Stainer at ¶ 5.) Defendants' statement that Mr. Vail failed to review CDCR's use of force policies is simply not true.

### 2. Mr. Vail's Opinions Are Based On A Review Of Hundreds Of Use Of Force Incidents

Defendants allege that Mr. Vail "offers broad, systemic opinions on the use of force based on thirteen isolated incidents at five CDCR facilities occurring over a period of approximately 18 months." (MIL No. 2 at 5:3-4.) Defendants' myopic view of Mr. Vail's foundation ignores his testimony that he:

- Watched more than 50 videos of use of force events, including controlled use of force incidents and interviews with inmates who alleged excessive use of force or who had been injured during a use of force event. (Vail August Decl. at ¶ 2.)
- Reviewed "hundreds of CDCR internal documents" including at least "268 RVR reports and more than 204 use of force incident reports" and which included every document produced as part of Mr. Martin's file, and additional documents subsequently produced to Plaintiffs. (*Ibid*.)
- Conducted full-day inspections of four institutions in connection with the Termination Motion, conversing with dozens of MHSDS inmates and staff members, and has conducted full-day inspections of three additional institutions in connection with his work as an expert in *Mitchell v. Cate* (08-cv-1196). (Vail March Decl. at ¶¶ 14, 31.)
- Reviewed the Special Master's Reports and the Mental Health Management Reports submitted by each CDCR institution in support of the Special Master's 25th round of monitoring. (Vail March Decl. at ¶ 13.)

- Reviewed Use of Force and Semi-Annual Reports submitted by the Office of the Inspector General. (*Ibid.*)

Defendants also contend that Mr. Vail relied upon incomplete records to form his opinions. Yet, Defendants themselves are solely responsible for any such shortcomings, having failed to provide Plaintiffs with complete use of force and RVR packets, despite repeated requests over the past nine months.[5] As of the date of the filing of this brief, Defendants have continued to refuse to produce complete RVR and Use of Force packets for certain inmates to Plaintiffs. (Cesare Decl. at ¶ 3.) Defendants should be sanctioned -- not rewarded -- for their obstructionist behavior.

### 3. Mr. Vail Is Not Required To Speculate Regarding The Intent Of CDCR Custody Staff

Finally, Defendants criticize Mr. Vail for failing to opine regarding "the intent or purpose behind [CDCR's] officer's actions…" (MIL No. 2 at 6:14-18.) As Mr. Vail testifies:

> Mr. Martin also says in his declaration that I did not, "provide objective evidence that officers used force for the very purpose of causing harm to the inmate." He is correct, I did not make that assertion in any of my declarations or in my depositions. I have no way of knowing the intent behind the behavior of CDCR officials in any particular situation.

(Vail August Decl. at ¶ 14.) Nor would any such speculation be admissible or helpful to the trier of fact in determining whether Plaintiffs "suffer from medical conditions which are exacerbated by use of the weapons at issue, and that defendants' policy permitting use of these measures against class members constitutes deliberate indifference to their serious mental disorders." FRE, Rule 702; *Coleman v. Wilson*, 912 F. Supp. 1282, 1322-23 (E.D. Cal. 1995). Once again, Defendants' claims regarding Mr. Vail's foundation are without merit.

\\\\

\\\\

\\\\

---

[5] See Dkt. 4788, Declaration of Aaron J. Fischer in support of Plaintiffs' motion to compel timely production of prisoner-patient records for a detailed description of some of Plaintiffs' unsuccessful attempts to obtain records from Defendants over the past several months.

6
**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 2: TO EXCLUDE EXPERT TESTIMONY BY ELDON VAIL**

## III. CONCLUSION

Defendants have not identified any legitimate grounds to exclude the testimony of correctional use of force expert, Eldon Vail, and Plaintiffs respectfully request that the Court deny Defendants' motion *in limine*.

K&L GATES LLP

Dated: September 19, 2013       By:  /s/ *Megan Cesare-Eastman*
                                     Jon Michaelson
                                     Jeffrey L. Bornstein
                                     Megan Cesare-Eastman
                                     Ranjini Acharya
                                     Attorneys for Plaintiffs