1  DONALD SPECTER – 083925
   STEVEN FAMA – 099641
2  PRISON LAW OFFICE
   1917 Fifth Street
3  Berkeley, California  94710-1916
   Telephone:    (510) 280-2621
4
5
6
7
8  JON MICHAELSON – 083815
   JEFFREY L. BORNSTEIN – 099358
9  MEGAN CESARE-EASTMAN – 253845
   RANJINI ACHARYA – 290877
10 K&L GATES LLP
   4 Embarcadero Center, Suite 1200
11 San Francisco, California  94111-5994
   Telephone:    (415) 882-8200

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LORI E. RIFKIN – 244081
AARON J. FISCHER – 247391
MARGOT MENDELSON – 268583
KRISTA STONE-MANISTA – 269083
ROSEN BIEN GALVAN &
GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California  94104-1823
Telephone:    (415) 433-6830

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California  94104-4244
Telephone:    (415) 864-8848

12

13 Attorneys for Plaintiffs

14

15                 UNITED STATES DISTRICT COURT

16           FOR THE EASTERN DISTRICT OF CALIFORNIA

17 RALPH COLEMAN et. al.,                      Case No.    Civ S 90-0520 LKK-JFM

18                 Plaintiffs,                 **DECLARATION OF MEGAN CESARE-EASTMAN IN SUPPORT OF**
19 v.                                          **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE***
20 EDMUND G. BROWN, JR., et al.,               **NO. 2: TO EXCLUDE EXPERT TESTIMONY BY ELDON VAIL**
21                 Defendant.
                                               Date:        September 26, 2013
22                                             Time:        9:15 a.m.
                                               Judge:       Hon. Lawrence K. Karlton
23                                             Courtroom:  4

24

25

26

27

28

**DECLARATION OF MEGAN CESARE-EASTMAN IN SUPPORT OF PLAINTIFFS'
OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 2: TO EXCLUDE EXPERT
TESTIMONY BY ELDON VAIL**

1

## DECLARATION OF MEGAN CESARE-EASTMAN

2      I, Megan Cesare-Eastman, declare and state:

3      1.      I am an attorney licensed to practice law before all courts in the State of

4 California, and the United States District Court for the Eastern District of California, and I am

5 employed by K&L Gates LLP, counsel of record for Plaintiffs in the above entitled action.  I

6 make this Declaration in support of Plaintiffs' Opposition to Defendants' Motion *in Limine*

7 No. 2: To Exclude Expert Testimony by Eldon Vail.  As to the following facts, I know them to

8 be true of my own knowledge and, if called as a witness, could and would competently testify

9 thereto.  As to those matters stated on information and belief, I believe them to be true.

10      2.      Attached hereto as Exhibit A is a true and correct copy of relevant portions of

11 the deposition testimony of Eldon Vail, taken March 19, 2013 in this case.

12      3.      As of the filing of this declaration, Defendants have not produced certain

13 complete use of force incident reports and RVR packets to Plaintiffs.

14      I declare under penalty of perjury under the laws of the State of California and the

15 United States of America that the foregoing is true and correct, and that this declaration was

16 executed on this 19th day of September, 2013 at San Francisco, California.

17

18                                          _____
                                             MEGAN CESARE-EASTMAN

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF MEGAN CESARE-EASTMAN IN SUPPORT OF PLAINTIFFS'
OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 2: TO EXCLUDE EXPERT
TESTIMONY BY ELDON VAIL**

# EXHIBIT A

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA


RALPH COLEMAN, ET AL.,                      )
                                            )
                         Plaintiffs,        )
                                            )CASE NO.:
            vs.                             ) S 90-0520 LKK-JFM
                                            )
EDMUND G. BROWN, JR., ET AL.,               )
                                            )
                         Defendants.        )
_____)



DEPOSITION OF

ELDON VAIL

TUESDAY, MARCH 19, 2013,  9:10 A.M.

SAN FRANCISCO, CALIFORNIA



REPORTED BY:  MEGAN F. ALVAREZ, RPR, CSR NO. 12470

THORSNES LITIGATION SERVICES, LLC

Eldon Vail                                                    March 19, 2013

```
 1              UNITED STATES DISTRICT COURT

 2              EASTERN DISTRICT OF CALIFORNIA

 3

 4   RALPH COLEMAN, ET AL.,              )
                                         )
 5                    Plaintiffs,        )
                                         )CASE NO.:
 6            vs.                        ) S 90-0520 LKK-JFM
                                         )
 7   EDMUND G. BROWN, JR., ET AL.,       )
                                         )
 8                    Defendants.        )
     _____)

 9

10

11

12

13

14           The Deposition of ELDON VAIL, taken on behalf

15   of the Defendants, before Megan F. Alvarez, Certified

16   Shorthand Reporter No. 12470, Registered Professional

17   Reporter, for the State of California, commencing at

18   9:10 a.m., Tuesday, March 19, 2013, at the Attorney

19   General's Office, 455 Golden Gate Avenue, 11th Floor,

20   San Francisco, California.

21

22

23

24

25
```

THORSNES LITIGATION SERVICES, LLC  |  877.771.3312  |  www.thorsnes.com

Eldon Vail                                                                    March 19, 2013

```
 1    APPEARANCES OF COUNSEL:

 2    FOR PLAINTIFFS:

 3              BY:   MEGAN F. CESARE-EASTMAN, ESQ.
                      JON MICHAELSON, ESQ.
 4                    RANJINI ACHARYA
              K&L GATES LLP
 5            FOUR EMBARCADERO CENTER, SUITE 1200
              SAN FRANCISCO, CALIFORNIA 94111
 6            415.882.8086
              415.882.8220 FAX
 7            MEGAN.CESARE-EASTMAN@KLGATES.COM

 8
      FOR DEFENDANTS:
 9
                BY:  JAY C. RUSSELL, ESQ.
10            OFFICE OF THE ATTORNEY GENERAL
              STATE OF CALIFORNIA
11            455 GOLDEN GATE AVE., SUITE 11000
              SAN FRANCISCO, CALIFORNIA  94102-7004
12            415.703.3035
              415.703.5843 FAX
13            JAY.RUSSELL@DOJ.CA.GOV

14

15

16

17

18

19

20

21

22

23

24

25
```

Page 3

Eldon Vail                                                      March 19, 2013

```
 1                        I N D E X

 2                   INDEX OF EXAMINATIONS

 3

 4   Examination by Mr. Russell  ........................5

 5

 6                         --o0o--

 7

 8            EXHIBITS MARKED FOR IDENTIFICATION

 9   No.                Description                    Page

10   Exhibit 1       Declaration of Eldon Vail  ..........52

11   Exhibit 2       Eldon Vail's handwritten notes, .....83
                     initial Bates VAIL004489
12                   **CONFIDENTIAL**

13   Exhibit 3       Eldon Vail's typewritten ...........133
                     inspection notes, initial Bates
14                   VAIL005165 **CONFIDENTIAL**

15

16   (**CONFIDENTIAL EXHIBITS SEALED AND BOUND SEPARATELY**)

17

18                         --o0o--

19

20

21

22

23

24

25
```

THORSNES LITIGATION SERVICES, LLC  |  877.771.3312  |  www.thorsnes.com

Eldon Vail                                                    March 19, 2013

```
 1              TUESDAY, MARCH 19, 2013, 9:10 A.M.

 2                  SAN FRANCISCO, CALIFORNIA

 3

 4                         ELDON VAIL,

 5   a witness herein, having been first duly sworn by the

 6   Certified Shorthand Reporter, was examined and testified

 7   as follows:

 8

 9                        EXAMINATION

10   BY MR. RUSSELL:

11        Q.   Good morning, Mr. Vail.

12        A.   Good morning.

13        Q.   Could you please state your full name?

14        A.   Eldon Wayne Vail.

15        Q.   Mr. Vail, I introduced myself before we got

16   started here.  My name is Jay Russell, and I'm with the

17   California Attorney General's Office and I'm going to be

18   taking your deposition as part of the proceedings in

19   Coleman vs. Brown.

20             Have you ever had your information taken

21   before?

22        A.   I have.

23        Q.   On how many occasions?

24        A.   Probably north of 30.

25        Q.   Have you had your deposition taken as an
```

THORSNES LITIGATION SERVICES, LLC  |  877.771.3312  |  www.thorsnes.com

Eldon Vail                                                    March 19, 2013

1          MR. RUSSELL:  Well, I think going through --

2     and we're going to get into this the next -- well, yeah,

3     the next section.  Well, the next section is use of

4     expandable batons.  And then after that, Mr. Vail does

5     talk about the excessive use of OC spray, and I think he

6     does talk about the nature of the weapons that are

7     provided in that section.

8     BY MR. RUSSELL:

9          Q.   Well, in your opinion, does the -- are weapons

10    that correctional officers are currently provided in

11    California pose a constitutional violation of excessive

12    force?

13         A.   You know, as you can tell from my brief

14    resume, I'm not an attorney, and so I try to stay away

15    from making that kind of legal judgment.  I think that

16    that's sort of the court's to make.

17              I think the existence of those kinds of

18    weapons leads to the result, which is unnecessary and

19    excessive use of force.

20         Q.   But having a weapon is -- the weapon in and of

21    itself is not an excessive or unnecessary use of force,

22    is it?

23         A.   Well, if it's not used, it's not a use of

24    force.  But the fact that it exists on, I think, every

25    officer's duty belt creates the potential for that to

THORSNES LITIGATION SERVICES, LLC  |  877.771.3312  |  www.thorsnes.com

Eldon Vail                                                      March 19, 2013

1    more control use of force incidents, which they can

2    have, then you'd have more video record, more protection

3    for everybody involved.

4         Q.    When you say it's required by CDCR's own

5    policy in other situations, what did you mean by that?

6         A.    In a controlled use of force situations, a

7    cooling off period is required when it's possible.

8         Q.    I apologize if I asked you this before, but as

9    part of the documents that you were either provided or

10   requested, did that include the California use of force

11   policy?

12        A.    I have reviewed that policy.

13        Q.    I do see -- you know, as we talked about

14   earlier, I did see a reference -- I do see references to

15   the department operating manual in your declaration.  I

16   don't recall seeing any references to the statewide use

17   of force policy.

18             Do you have any opinions or recommendations

19   regarding the statewide use of force policy?

20        A.    Well, I think that they permeate my

21   declaration.

22             Situations that are allowed to be defined as

23   immediate use of force could be redefined as controlled

24   use of force.  By implication, there should be more

25   emphasis on verbal deescalation skills.

THORSNES LITIGATION SERVICES, LLC  |  877.771.3312  |  www.thorsnes.com

Eldon Vail                                           March 19, 2013

```
 1            It's kind of a hard question for me to answer
 2   outside of the context of what I've written here, but I
 3   think much of this section about use of force would
 4   inform a different a appropriate to the policy.
 5        Q.   But you don't reference specific parts of the
 6   policy within this declaration, do you?
 7        A.   In terms of footnote, I don't believe I do.
 8   In paragraph 68, where you say "as required by CDCR's
 9   own policy in other situations," I reference it.
10            Well, no, maybe I do.  If you look at the next
11   page, 69, I think that's a direct reference.  I think
12   there might be one earlier in this portion of the
13   declaration.
14        Q.   Well, I guess I should ask:  When you --
15   paragraph 69 talks about CDCR's DOM.  And do you
16   understand that to be the department operating manual?
17        A.   Yes.
18        Q.   Are you aware that there's a separate use of
19   force policy apart from the department operating manual?
20        A.   Maybe.  Can you say more?
21        Q.   Well, I'm just asking if you're aware if there
22   is a statewide use of force policy that is separate and
23   apart from the department operating manual?
24        A.   There's a CCR regulations that I also read.
25   Is that the same thing?
```

THORSNES LITIGATION SERVICES, LLC  |  877.771.3312  |  www.thorsnes.com