DONALD SPECTER – 083925
STEVEN FAMA – 099641
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LORI E. RIFKIN – 244081
AARON J. FISCHER – 247391
MARGOT MENDELSON – 268583
KRISTA STONE-MANISTA – 269083
ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830

JON MICHAELSON – 083815
JEFFREY L. BORNSTEIN – 099358
MEGAN CESARE-EASTMAN – 253845
RANJINI ACHARYA – 290877
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, California 94111-5994
Telephone: (415) 882-8200

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY – EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California 94104-4244
Telephone: (415) 864-8848

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN et. al.,<br><br>Plaintiffs,<br><br>v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>Defendant. | Case No.   Civ S 90-0520 LKK-JFM<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 5 TO EXCLUDE THE DECLARATION TESTIMONY OF STEVEN FAMA**<br><br>Date:   September 26, 2013<br>Time:   9:15 a.m.<br>Judge:  Hon. Lawrence K. Karlton<br>Courtroom: 4 |

PL84814

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 5 TO EXCLUDE THE DECLARATION TESTIMONY OF STEVE FAMA**

## I. INTRODUCTION

Plaintiffs hereby oppose Defendants' Motion *in Limine* No. 5 To Exclude the Declaration Testimony of Steve Fama of August 23, 2013. (Dkt. 4796). Mr. Fama has offered testimony only to clarify the scope of the litigation in *Madrid v. Gomez,* No C 90-3094 T.E.H. (N.D. Cal.) and the orders made therein. (Dkt. 4768, Reply Declaration of Steven Fama In Support Of Plaintiffs' Motion for Enforcement of Court Orders and Affirmative Relief Related to Use of Force and Disciplinary Measures, August 23, 2013, ("Fama Declaration").

The matters outlined in the Fama Declaration are purely factual and uncontested. Further, Mr. Fama's testimony merely provides foundation for admission of certain records from the *Madrid* litigation; records which are otherwise reliable, publically available and admissible.[1] Mr. Fama's declaration would not be necessary but for the State's misrepresentation of the breadth and scope of the *Madrid* litigation. For these reasons, his declaration and any further testimony he may offer at trial do not violate the advocate-witness rule and should be allowed.

## II. LEGAL STANDARDS

### A. Admissibility of Expert Testimony

Defendants correctly identify that the "time-honored" advocate-witness rule operates to bar any attempt by counsel to act as an advocate and as a witness in the same litigation. *U.S. v. Prantil*, 764 F.2d 548, 553 (9th Cir. 1985). However, what Defendants fail to acknowledge is that the *Prantil* court recognized three exceptions, which temper the rigidity of this rule. First, testimony of counsel will be allowed if it relates to a purely formal or uncontested matter. Second, testimony will be allowed if the need for testimony could not have been reasonably anticipated and the evidence is necessary to prevent a miscarriage of

---

[1] Further, Mr. Fama's testimony has become necessary to rebut Defendants' attempts to have the findings in *Madrid* extended to the *Coleman* plaintiffs. As set out below, Defendants have asserted that the orders and policies developed in the *Madrid* litigation are somehow a defense to the Plaintiffs' claims presently before this court. Mr. Fama's testimony demonstrates that, to the contrary, the application of use-of-force policies and procedures to mentally ill inmates was not in fact before the *Madrid* court.

justice. Finally, an attorney will be permitted to testify if his familiarity with a case is such that withdrawal will cause irreparable injury to his client's interests. *Id.; see also rule 5-210 of the California Rules of Professional Conduct, Rule 3.7 of the ABA Model Rules of Professional Conduct.* As the Ninth Circuit stated in *Prantil*, the existence of these exceptions, "rather than undermining the strength of this hard and fast rule, reflect an understanding of the obvious hardships that rigid adherence necessarily places on litigants for the sake of the overriding benefit of our entire system of justice." *Id.*

### III. ARGUMENT

### A. Mr. Fama's Testimony Relates to a Purely Formal or Uncontested Matter

As Mr. Fama notes in his declaration, his intention is to clarify the scope of the *Madrid* case and the orders issued therein. (Fama Declaration at ¶ 2). His declaration is limited to an outline of ten specific events in that matter:

(1) The agreement between the *Madrid* parties to expand the case to cover monitoring of investigations and discipline of staff members alleged to have been involved in unnecessary or excessive use of force incidents at all CDCR prisons statewide (*id.* at para. 3);

(2) The order issued by the district court on May 14, 2008, adopting the parties' stipulation to this effect (*id.* at para. 4);

(3) The report filed by the *Madrid* Special Master on October 16, 2008 (*id.* at para. 5);

(4) The objections to the Special Master's Report, filed by the *Madrid* plaintiffs on or about November 6, 2008 (*id.* at para. 6);

(5) The notice filed by the *Madrid* defendants on August 30, 2010 stating that a statewide use-of-force policy had been formally adopted and implemented (*id.* at para. 7);

(6) An Order to Show Cause issued by the *Madrid* court on December 20, 2010 (*id.* at para. 8);

1
2
3
4
5
6
7
8

(7) The *Madrid* plaintiffs' response of January 21, 2011, stating that they did not oppose the termination of orders relating to use of force (*Id*. at para. 9);

(8) The court's termination of all use-of-force orders on March 21, 2011 (*ibid*.);

(9) An acknowledgement by the *Madrid* plaintiffs in March 2011 that the practices at Pelican Bay did not violate the constitution at that time (*id*. at para. 10); and

(10) The *Madrid* court's note that monitoring of health care would continue under the *Coleman* case despite termination of the *Madrid* proceedings (*id*. at para. 11).

Mr. Fama briefly describes each of these ten events and places them in context of the overall *Madrid* litigation. His testimony is concerned solely with the timing of filings and orders issued in *Madrid*, and outlining details of the parties' stipulations and the court's observations in making certain orders. Crucially, Mr. Fama takes no position on the arguments advanced by either side; nor does he offer any opinion in relation to the orders issued by the *Madrid* court.

The present proceeding concerns, among other things, Plaintiffs' request for specific orders prohibiting, preventing, identifying, and correcting Defendants' ongoing practice of using unconstitutional force against prisoners with serious mental illnesses. (*See* Dkt. 4766, Plaintiffs' Motion for Enforcement of Court Orders and Affirmative Relief Related to Use of Force and Disciplinary Measures, August 23, 2013, at 17:27 - 18:28). The legal posture of the *Madrid* litigation is potentially relevant to this issue only because Defendants seek to use the findings in *Madrid* as a defense to the present motion. Mr. Fama's testimony is therefore necessary, because it demonstrates that -- contrary to Defendants' suggestions -- the *Madrid* court recognized that monitoring of use-of-force against prisoners with mental illness would <u>continue</u> as part of the *Coleman* case. (*Id*.)

To the extent that Mr. Fama appears here as a percipient witness, his testimony is intended only to demonstrate that the issues raised by Plaintiffs in the instant motion were not before the *Madrid* court, and have not yet been resolved in this case. Indeed, nothing in Defendants' motion *in limine* to exclude Mr. Fama suggests otherwise. Aside from several

3
**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 5 TO EXCLUDE THE DECLARATION TESTIMONY OF STEVE FAMA**

1  unsupported claims that the Fama's Declaration lacks reliability and includes improper legal

2  conclusions, it is clear that Defendants do not otherwise dispute the factual content of Mr.

3  Fama's assertions.[2]  For these reasons, Mr. Fama's testimony relates to matters that are purely

4  formal and uncontested between the parties.  Thus, the content of his testimony fits squarely

5  within the first of the recognized exceptions to the advocate-witness rule, and should be

6  allowed on that basis.

7  Further and in any event, to the extent that Mr. Fama's testimony on these matters

8  should to be supported by documentary evidence, those filings from *Madrid* can and will be

9  introduced at trial.

10  **B.   Mr. Fama's Withdrawal Would Irreparably Injure His Clients' Case**

11  Mr. Fama's testimony falls within a recognized exception to the advocate-witness rule,

12  is both relevant and reliable, and concerns matters that are peripheral to the present requests

13  for affirmative relief.  The Court should therefore deny Defendants' motion *in limine* to

14  exclude the Fama Declaration.  In addition, Mr. Fama should be permitted to testify in

15  relation to this discrete motion for affirmative relief, without being required to withdraw as

16  counsel in the overall *Coleman* litigation.

17  The motion for affirmative relief presently before this Court is a discrete component

18  within the larger framework of the long-running *Coleman* litigation.  While Mr. Fama has

19  filed a notice of appearance in connection with this motion, he has not been (and will not be)

20  appearing before the Court as an advocate in this particular stage of the proceedings.

---

[2] Contrary to Defendants' assertions, Mr. Fama is not propounding any legal conclusion in relation to the arguments advanced by either side in the *Madrid* litigation; nor does he offer any assessment of the orders issued by the *Madrid* court.  The mere fact that Mr. Fama is an attorney who worked on the *Madrid* litigation does not render his observations improper legal conclusions. To the extent that Defendants' motion suggests anything to the contrary, such assertions are clearly mistaken and cannot be supported.

Further, Mr. Fama's testimony draws on his own personal involvement in the *Madrid* litigation to identify particular details of the parties' stipulations and the courts' observations in making certain orders in *Madrid*.  The details highlighted by Mr. Fama are contained in documents that are publically available, and can and will be introduced at trial.  To the extent that Defendants claim Mr. Fama's testimony is unreliable, such assertions are baseless and again cannot be used to support the present motion.

Therefore, there is no need to require Mr. Fama to withdraw as an advocate in relation to the overall case. Indeed, requiring Mr. Fama to withdraw would cause irreparable injury to his clients' interests, and his withdrawal as counsel would seriously compromise Plaintiffs' overall position in the overall *Coleman* litigation, as contemplated by the third exception to the advocate-witness rule recognized by the *Prantil* Court. For this additional reason, Mr. Fama should be permitted to both testify and continue to appear on behalf of the Plaintiffs in this case.

## IV.  CONCLUSION

Plaintiffs oppose Defendants' motion *in limine* to exclude the Fama Declaration because the matters outlined by Mr. Fama are purely factual and uncontested. Further, Mr. Fama is merely providing the foundation for admission of certain records from the *Madrid* litigation; records which are otherwise reliable, publically available and admissible. For these reasons, his declaration and any possible supporting testimony do not violate the advocate-witness rule and should be allowed. Finally, since Mr. Fama's withdrawal would cause irreparable injury to the Plaintiffs in this case, he should be permitted to testify in relation to this discrete motion for affirmative relief, without being required to withdraw from the *Coleman* proceeding.

K&L GATES LLP

Dated: September 19, 2013     By:   /s/ *Megan Cesare-Eastman*
　　　　　　　　　　　　　　　　　Jon Michaelson
　　　　　　　　　　　　　　　　　Jeffrey L. Bornstein
　　　　　　　　　　　　　　　　　Megan Cesare-Eastman
　　　　　　　　　　　　　　　　　Ranjini Acharya
　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs