DONALD SPECTER – 083925
STEVEN FAMA – 099641
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LORI E. RIFKIN – 244081
AARON J. FISCHER – 247391
MARGOT MENDELSON – 268583
KRISTA STONE-MANISTA – 269083
ROSEN BIEN
GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830

JON MICHAELSON – 083815
JEFFREY L. BORNSTEIN – 099358
LINDA L. USOZ – 133749
MEGAN CESARE-EASTMAN – 253845
RANJINI ACHARYA – 290877
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, California 94111-5994
Telephone: (415) 882-8200

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California 94104-4244
Telephone: (415) 864-8848

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>　　　　Defendants. | Case No. Civ S 90-0520 LKK-JFM<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 3: TO LIMIT EXPERT TESTIMONY BY PABLO STEWART, M.D.**<br><br>Judge: Hon. Lawrence K. Karlton<br>Date: September 26, 2013<br>Time: 9:15 a.m.<br>Crtrm.: 4 |

[947908-2]

## INTRODUCTION

Defendants' Third Motion *in Limine* seeks to limit Dr. Stewart's testimony to the opinions already expressed in his declaration in the termination proceedings, filed on March 14, 2013 (Docket 4381) (hereinafter "Stewart Termination Dec."), and in his deposition on March 19, 2013. *See* Defs.' Mot. *in Limine* No. 3 to Exclude Testimony by Dr. Stewart, Sept. 12, 2013, Docket No. 4794 ("Defendants' Mot. *in Limine* No. 3").[1] Defendants' motion must be rejected.

## ARGUMENT

### I. DEFENDANTS' MOTION TO PRECLUDE DR. STEWART FROM OFFERING OPINIONS NOT INCLUDED IN HIS REPORT OR HIS DEPOSITION IS WITHOUT MERIT

Defendants seek a ruling barring Dr. Stewart from providing any opinions beyond those disclosed in his March 14, 2013 Declaration and those expressed in his March 19, 2013 Deposition. Defs.' Mot. *in Limine* No. 3. Dr. Stewart will be provided with supplemental records regarding seven of the individuals whose records he reviewed in preparing his March 14, 2013 Declaration, and may supplement his previously-disclosed opinions on the basis of those records.

A party preparing for trial with an expert has a duty to supplement a formal Rule 26 expert report "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ.

---

[1] The section of Dr. Stewart's Termination Opposition Declaration discussing the mental health care program at San Quentin for death row prisoners identified as needing access to intermediate inpatient care can be found at ¶¶ 452-471 (paragraphs covering access to intermediate inpatient care for class members on death row at San Quentin). Stewart Termination Decl., Docket No. 4381. Dr. Stewart also discussed the mental health program at San Quentin extensively in a second declaration filed as a reply declaration in the DSH/San Quentin briefing. *See* Reply Declaration of Pablo Stewart, M.D. in Support of Plfs' Mot. For Enforcement of Court Orders and Affirmative Relief Related to Inpatient Treatment, May 16, 2013, Docket. No 4617-1 at ¶¶ 3-23.

[947908-2]

1
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 3: TO LIMIT EXPERT TESTIMONY BY PABLO STEWART, M.D.

P. 26 (e)(1)(A). While it is not clear whether this rule even applies to an evidentiary hearing in the remedial phase of an injunctive relief case, *see* 6/19/13 Hr'g Tr. at 5:19-24, Plaintiffs will notify Defendants if Dr. Stewart's review of the supplemental records he has been provided materially changes any earlier opinions or renders them incomplete or incorrect in a manner that is material to Plaintiffs' Motion, and if necessary, will file a supplemental expert declaration in advance of the upcoming evidentiary hearing.

As to the supplemental materials themselves, a specific list of the additional records provided to Dr. Stewart for review will be provided to Defendants prior to the evidentiary hearing, but Defendants are fully aware of the identities of the condemned inmates whose records Dr. Stewart reviewed previously and whose supplemental records they have provided to Plaintiffs. These records were created by Defendants, are firmly within their control, and were recently produced to Plaintiffs by Defendants, such that Defendants cannot claim surprise or unfair prejudice should Plaintiffs rely upon these records at the upcoming evidentiary hearing.

Moreover, Plaintiffs may use even non-disclosed information at trial if the failure to disclose such information was "substantially justified" or "harmless," and both exceptions apply here. *See* Fed. R. Civ. P. 37 (c)(1). Review of these additional records was necessitated by the months-long delay in hearing Plaintiffs' Motion regarding condemned inmates' access to Department of State Hospitals programs, an issue which was bifurcated from the June 2013 Department of State Hospitals hearing due to the unavailability of Defendants' key witness. *See* 5/29/13 Hr'g Tr. at 8:19-9:8; 12:17-13:13. The supplemental record review at issue here covers the very period of delay asked for by Defendants and granted by the Court in June. *See* Order, June 11, 2013, Docket No. 4646, ¶ 7; *see also* Joint Statement Re: Proposed Scheduling for Plaintiffs' Motions for Affirmative Relief, May 31, 2013, Docket No. 4645. Plaintiffs are required to present evidence of current conditions in order to satisfy their burden of proof, and as such, were required to provide their experts with updated information regarding the patients about whom the experts intend to testify. Any failure to disclose additional opinions or

[947908-2]

2

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 3: TO LIMIT EXPERT TESTIMONY BY PABLO STEWART, M.D.

1 extensions of existing opinions based on the new records would therefore clearly be
2 "substantially justified." *See* Fed. R. Civ. P. 37(c)(1). It would also be harmless, in that
3 Defendants also have the records and will have ample opportunity to cross-examine
4 Dr. Stewart during the upcoming evidentiary hearing regarding any changes in his
5 opinions resulting from his review of the supplemental records.

6       The situation before the Court in no way resembles that in the cases cited by
7 Defendants. In *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101 (9th Cir.
8 2001), a proponent of a rebuttal expert witness on damages failed to file a report in the two
9 year period after discovery closed, while the other party timely filed its expert report,
10 making the delay and omission unfair and prejudicial to the party complying with the
11 discovery rules. *Id.* at 1106. There is no such delay, omission, or prejudice at issue here.
12 In *Roberts ex rel. Johnson v. Galen of Virginia*, 325 F.3d 776 (6th Cir. 2003), the court
13 limited an expert's testimony due to the expert's failure to provide his CV and other
14 crucial information. Here, Dr. Stewart's CV and material opinions have long been
15 disclosed to Defendants, as have the supplemental documents that will allow him to testify
16 to the Court about current information.

17       Finally, Defendants cannot claim that they have been prejudiced by lack of
18 opportunity to depose Dr. Stewart subsequent to his March 19, 2013 deposition, as they
19 have never noticed or requested any subsequent deposition of Dr. Stewart while discovery
20 was open.

**II. DEFENDANTS' EFFORT TO EXCLUDE DR. STEWART'S TESTIMONY ABOUT LATER MEDICAL RECORDS MUST ALSO BE DENIED BECAUSE DEFENDANTS THEMSELVES FIRST MADE USE OF SUCH RECORDS**

24       Defendants' Motion *in Limine* seeks to keep Dr. Stewart from testifying concerning
25 an additional six months of records for the condemned individuals he assessed when he
26 visited San Quentin on February 26, 2013. *See* Defs.' Mot. *in Limine* No. 3 at 2:28-3:2.
27       Tellingly, Defendants' motion fails to describe the process by which these medical
28 records became important for the upcoming proceedings. As part of their May 9, 2013

[947908-2]

3

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 3: TO LIMIT EXPERT TESTIMONY BY PABLO STEWART, M.D.

1  Opposition to Plaintiffs' DSH Enforcement Motion (Docket 4592), Defendants filed a
2  declaration from Dr. Eric Monthei, the Chief of Mental Health at San Quentin. *See*
3  Declaration of Eric Monthei in Support of Defendants' Opp., May 9, 2013, Docket 4593
4  (hereinafter "Monthei Decl."). The Monthei Declaration criticized the conclusion in the
5  Stewart Termination Declaration that all of the seven individuals Dr. Stewart assessed in
6  the condemned mental health program during his expert tour February 26, 2013 required
7  access to inpatient level of care treatment. Monthei Decl. at ¶¶ 34-40.

8  Dr. Monthei's criticisms of Dr. Stewart relied in large part on selective citations to
9  selective excerpts from the mental health treatment records for the time period following
10 Dr. Stewart's assessment of these individuals – records that had not previously been
11 requested by Plaintiffs or provided to Dr. Stewart.[2] In order to respond to these assertions,
12 Dr. Stewart filed a Reply Declaration that reviewed the limited, incomplete record excerpts
13 attached to Defendants' opposition for this period and underscored the evidence in those
14 records that actually demonstrated the high clinical acuity of the patients. *See* Pls.' Reply
15 Declaration of Pablo Stewart M.D. in Support of Pls.' Mot. for Enforcement of Court
16 Orders and Affirmative Relief, May 16, 2013, Docket No. 4617-1 (hereinafter "Stewart
17 Reply Decl."). After the trial on DSH issues was postponed due to Dr. Monthei's
18 unavailability, Plaintiffs requested complete updated mental health treatment records for
19 the patients at issue in order to be able to respond to Dr. Monthei's prior declaration and
20 any similar effort to selectively use more recent medical records at the upcoming trial.

21 As this procedural history makes clear, the records at issue here are relevant
22 because Defendants chose to make them relevant. Moreover, there can be no question that
23 Dr. Stewart's testimony concerning the recent treatment and the recent level of functioning

---

[2] The excerpted medical records cited by Dr. Monthei were attached to the Confidential Declaration of Debbie Vorous. *See* Confidential Declaration of Debbie Vorous In Support of Defendants' Opposition to Plaintiffs' Motion for Enforcement of Court Orders and Affirmative Relief Related to Inpatient Care, May 9, 2013, Docket No. 4596.

[947908-2]

4
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 3: TO LIMIT EXPERT TESTIMONY BY PABLO STEWART, M.D.

1  of the seven patients he previously assessed in the San Quentin Specialized Care Program
2  for the condemned is critical and relevant evidence, given that the program is relatively
3  new and these records are probative as to the adequacy of the new program for individuals
4  needing a full intermediate care program.  *See* Fed. R. Evid. 402.  Dr. Stewart has opined
5  in both of his declarations that the treatment being provided is not adequate, which should
6  come as no surprise to Defendants.  *See* Stewart Termination Decl., ¶ 464 and Stewart
7  Reply Decl., ¶ 23.  Defendants will have the opportunity to test Dr. Stewart's opinions
8  through cross-examination, including any review he has done of the supplemental records
9  just recently provided to Plaintiffs.  For all of these reasons, Defendants' motion should be
10 denied.

## CONCLUSION

Defendants' Motion *in Limine* to Exclude Expert Testimony by Dr. Stewart is without merit.  Plaintiffs respectfully request that the Motion be denied.

DATED: September 19, 2013          Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By:  */s/ Thomas Nolan*
       Thomas Nolan

Attorneys for Plaintiffs

[947908-2]

5
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 3: TO LIMIT EXPERT TESTIMONY BY PABLO STEWART, M.D.