1  DONALD SPECTER – 083925
   STEVEN FAMA – 099641
2  PRISON LAW OFFICE
   1917 Fifth Street
3  Berkeley, California 94710-1916
   Telephone: (510) 280-2621

   MICHAEL W. BIEN – 096891
   JANE E. KAHN – 112239
   ERNEST GALVAN – 196065
   THOMAS NOLAN – 169692
   LORI E. RIFKIN – 244081
   AARON J. FISCHER – 247391
   MARGOT MENDELSON – 268583
   KRISTA STONE-MANISTA – 269083
   ROSEN BIEN
   GALVAN & GRUNFELD LLP
   315 Montgomery Street, Tenth Floor
   San Francisco, California 94104-1823
   Telephone: (415) 433-6830

8  JON MICHAELSON – 083815
   JEFFREY L. BORNSTEIN – 099358
   LINDA L. USOZ – 133749
   MEGAN CESARE-EASTMAN – 253845
   RANJINI ACHARYA – 290877
   K&L GATES LLP
   4 Embarcadero Center, Suite 1200
   San Francisco, California 94111-5994
   Telephone: (415) 882-8200

   CLAUDIA CENTER – 158255
   THE LEGAL AID SOCIETY –
   EMPLOYMENT LAW CENTER
   180 Montgomery Street, Suite 600
   San Francisco, California 94104-4244
   Telephone: (415) 864-8848

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EDMUND G. BROWN, JR., et al., <br><br> Defendants. | Case No. Civ S 90-0520 LKK-JFM <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 4: TO EXCLUDE EXPERT TESTIMONY BY JEANNE WOODFORD** <br><br> Judge: Hon. Lawrence K. Karlton <br> Date: September 26, 2013 <br> Time: 9:15 a.m. <br> Crtrm.: 4 |

# INTRODUCTION

Defendants once again attempt to exclude or limit the expert testimony of Jeanne Woodford, former Warden of San Quentin and Secretary of the CDCR, by arguing that she is not a mental health care expert. They additionally seek a ruling precluding her from offering opinions beyond the scope of her prior declaration. As before, Defendants' arguments are meritless and their Motion *in Limine* should be denied.

# ARGUMENT

## I. DEFENDANTS' MOTION TO PRECLUDE MS. WOODFORD FROM PROVIDING MENTAL HEALTH OPINION TESTIMONY IS WITHOUT MERIT

Defendants seek to limit Ms. Woodford's testimony on the grounds that she is not an expert in the area of mental health care, with no acknowledgement of her eminent qualifications to testify as to the custody matters that are the subject of her March 14, 2013 Expert Declaration (Docket No. 4380) (hereinafter "Woodford Decl.") and her forthcoming testimony regarding access to inpatient care for the condemned. *See* Defs.' Mot. *in Limine* No. 4 to Exclude Expert Testimony by Woodford, Sept. 12, 2013, Docket No. 4795 ("Defs.' Mot. *in Limine* No. 4"), at 2:14-3: 6.

Defendants' present Motion *in Limine* recycles their already-filed Objection to Ms. Woodford's testimony, and is meritless for the same reasons Plaintiffs have already set forth. *See* Defs. Objs. to Evidence Offered to Support Pls.' Mot. for Enforcement, May 9, 2013, Docket No. 4591, at 3:2-20; Pls.' Resp. to Defs.' Objs., May 16, 2013, Docket No. 4619, at 2:5-21. Defendants also offered essentially the same objections to Ms. Woodford's testimony when it was first offered in opposition to Defendants' Motion to Terminate. *See* Defs.' Evidentiary Objs. to Pls.' Expert Reports, Mar. 22, 2013, Docket No. 4486, at 1:25-2:3. Plaintiffs explained in detail why Defendants' objections were not well-taken, explaining Ms. Woodford's qualifications and the basis and nature of her opinions offered in her capacity as a correctional expert. Pls.' Evid. Objs. to Defs.' Reply Declarants and Mot. to Strike, and Resp. to Defs.' Objs., Mar. 26, 2013, Docket No. 4513, at 123:1-125:20. The three-judge court implicitly rejected Defendants' objections in

relying upon Ms. Woodford's declaration in its opinion denying Defendants' Motion to Vacate or Modify the Population Reduction Order. Order, Apr. 11, 2013, Docket No. 4541, at 52:1-4.

Defendants do not contest Ms. Woodford's qualifications to testify as a correctional expert, or her expertise regarding San Quentin's operations and systems. Ms. Woodford's experience and qualifications include twenty-six years' service at San Quentin including work as the Associate Warden, Chief Deputy Warden, and Warden of the prison. *See* Woodford Decl. ¶ 3. She then served as Undersecretary for the CDCR and then the acting Secretary of the Department, until her retirement in July 2006. *Id.* ¶ 4. She has additional significant correctional experience as the Chief Adult Probation Officer for the City and County of San Francisco. *Id.* ¶ 5. Throughout her career, she has been extensively involved in the operation and management of correctional systems, including correctional medical and mental health systems. Specifically, at San Quentin and at CDCR headquarters, she "worked with mental health staff and court-appointed personnel on the improvement of mental health care delivery both at San Quentin and in the Department generally." *Id.* ¶ 11. Ms. Woodford has already been qualified as an expert in the *Coleman* case, and her expert opinion was cited multiple times by the three-judge court and the United States Supreme Court. *See Coleman v. Schwarzenegger*, 922 F. Supp. 2d 882, 922, 925, 928, 930-31, 933, 935, 938, 942-43, 952, 954, 959, 967-68, 970 n.65, 972-77, 980-82, 990, 1002 (E.D. Cal. 2009); *Brown v. Plata*, 131 S. Ct. 1910, 1924 n.1, 1934 (2011).

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise. Fed. R. Evid. 702. Ms. Woodford is a highly qualified correctional expert, and need not be a mental health expert to testify as to whether, based on her long experience at San Quentin, its current systems allow for the provision of adequate mental health care. Defendants once again misapprehend the basis and nature of Ms. Woodford's

1  opinions, which are entirely appropriate given her extensive experience supervising
2  condemned inmates and working with clinical and correctional staff as Warden of San
3  Quentin for many years. Their present Motion *in Limine* to limit her testimony on the
4  grounds that she is not a mental health expert should therefore be denied.

## II. DEFENDANTS' MOTION TO "PRECLUDE MS. WOODFORD FROM OFFERING OPINIONS NOT INCLUDED IN HER REPORT" IS ALSO WITHOUT MERIT

7  Defendants also seek a ruling barring Ms. Woodford from providing opinions
8  beyond those disclosed in her March 14, 2013 Declaration. Defs.' Mot. *in Limine* No. 4 at
9  3:8-21. Ms. Woodford has been provided with supplemental records regarding nine of the
10 individuals whose records she reviewed in preparing her March 14, 2013 Declaration, and
11 may supplement her previously-disclosed opinions on the basis of those records.

12 A party preparing for trial with an expert has a duty to supplement a formal Rule 26
13 expert report "if the party learns that in some material respect the disclosure or response is
14 incomplete or incorrect, and if additional or corrective information has not otherwise been
15 made known to the other parties during the discovery process or in writing." Fed. R. Civ.
16 P. 26 (e)(1)(A). While it is not clear whether this rule even applies to an evidentiary
17 hearing in the remedial phase of an injunctive relief case, *see* 6/19/13 Hr'g Tr. at 5:19-24,
18 Plaintiffs will notify Defendants if Ms. Woodford's review of supplemental records
19 materially changes any earlier opinions or renders them incomplete or incorrect in a
20 manner that is material to Plaintiffs' Motion, and if necessary, will file a supplemental
21 expert declaration in advance of the upcoming evidentiary hearing.

22 As to the supplemental materials themselves, a specific list of the additional records
23 provided to Ms. Woodford for review will be provided to Defendants prior to the
24 evidentiary hearing. Defendants are fully aware of the identities of the condemned inmates
25 whose records Ms. Woodford reviewed previously and whose supplemental records they
26 have provided to Plaintiffs. These records were created by Defendants, are firmly within
27 their control, and were produced by Defendants to Plaintiffs, such that Defendants cannot
28 claim surprise or unfair prejudice should Plaintiffs rely upon these records at the upcoming

1 evidentiary hearing.

2     Moreover, Plaintiffs may use even non-disclosed information at trial if the failure to
3 disclose such information was "substantially justified" or "harmless," and both exceptions
4 would apply here. *See* Fed. R. Civ. P. 37 (c)(1). Review of these additional records was
5 necessitated by the months-long delay in hearing Plaintiffs' motion regarding condemned
6 inmates' access to Department of State Hospitals programs, an issue which was bifurcated
7 from the June 2013 Department of State Hospitals hearing due to the unavailability of
8 Defendants' key witness. *See* 5/29/13 Hr'g Tr. at 8:19-9:8; 12:17-13:13. The
9 supplemental record review at issue here covers the very period of delay asked for by
10 Defendants and granted by the Court in June. *See* Order, June 11, 2013, Docket No. 4646,
11 ¶ 7; *see also* Joint Statement Re: Proposed Scheduling for Plaintiffs' Motions for
12 Affirmative Relief, May 31, 2013, Docket No. 4645. Plaintiffs seek to present evidence of
13 current conditions in order to satisfy their burden of proof, and as such, have provided
14 their experts with updated information regarding the patients about whom the experts
15 intend to testify. Any failure to disclose additional opinions or extensions of existing
16 opinions based on the new records would therefore clearly be "substantially justified." *See*
17 Fed. R. Civ. P. 37(c)(1). It would also be harmless, in that Defendants will have ample
18 opportunity to cross-examine Ms. Woodford regarding any changes in her opinions
19 resulting from her review of the supplemental records.

20     The situation before the Court in no way resembles that in the cases cited by
21 defendants. In *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101 (9th Cir.
22 2001), a proponent of a rebuttal expert witness on damages failed to file a report in the two
23 year period after discovery closed, while the other party timely filed its expert report,
24 making the delay and omission unfair and prejudicial to the party complying with the
25 discovery rules. *Id.* at 1106. There is no such delay, omission, or prejudice here. In
26 *Roberts ex rel. Johnson v. Galen of Virginia*, 325 F.3d 776 (6th Cir. 2003), the court
27 limited an expert's testimony due to the expert's failure to provide his CV and other
28 crucial information. Here, Ms. Woodford's CV and material opinions have been disclosed

1  to Defendants, as will be the supplemental documents that will allow her to testify about
2  current information.
3        Finally, Defendants cannot claim that they have been prejudiced by lack of
4  opportunity to depose Ms. Woodford subsequent to her March 19, 2013 deposition, as they
5  have never sought any subsequent deposition of Ms. Woodford.
6        Defendants' Motion *in Limine* seeking to limit Ms. Woodford's testimony to those
7  opinions included in her March 2013 Declaration should therefore be denied.

## CONCLUSION

9        Defendants' Motion *in Limine* to Exclude Expert Testimony by Jeanne Woodford is
10 without merit.  Plaintiffs respectfully request that the Motion be denied.

12 DATED:  September 19, 2013      Respectfully submitted,

13       ROSEN BIEN GALVAN & GRUNFELD LLP

15       By: */s/ Krista Stone-Manista*
16           Krista Stone-Manista

17       Attorneys for Plaintiffs