DONALD SPECTER – 083925
STEVEN FAMA – 099641
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LORI E. RIFKIN – 244081
AARON J. FISCHER – 247391
MARGOT MENDELSON – 268583
KRISTA STONE-MANISTA – 269083
ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830

JON MICHAELSON – 083815
JEFFREY L. BORNSTEIN – 099358
MEGAN CESARE-EASTMAN – 253845
RANJINI ACHARYA – 290877
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, California 94111-5994
Telephone: (415) 882-8200

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY – EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California 94104-4244
Telephone: (415) 864-8848

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN et. al.,

Plaintiffs,

v.

EDMUND G. BROWN, JR., et al.,

Defendant.

Case No. Civ S 90-0520 LKK-JFM

**DECLARATION OF MEGAN CESARE-EASTMAN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 6: TO EXCLUDE OR LIMIT PRESENTATION OF USE-OF-FORCE VIDEOS AT EVIDENTIARY HEARING**

Date: September 26, 2013
Time: 9:15 a.m.
Judge: Hon. Lawrence K. Karlton
Courtroom: 4

**DECLARATION OF MEGAN CESARE-EASTMAN**

I, Megan Cesare-Eastman, declare and state:

1. I am an attorney licensed to practice law before all courts in the State of California, and the United States District Court for the Eastern District of California. I am employed by K&L Gates LLP, counsel of record for Plaintiffs in the above entitled action. I make this Declaration in support of Plaintiffs' Opposition to Defendants' Motion *in Limine* No. 6: To Exclude or Limit Presentation of Use of Force Videos at Evidentiary Hearing. As to the following facts, I know them to be true of my own knowledge and, if called as a witness, could and would competently testify thereto. As to those matters stated on information and belief, I believe them to be true.

2. Attached hereto as Exhibit A is a true and correct copy of Plaintiffs' Second Request for Inspection, dated February 1, 2013.

3. In February 2013 I attended prison inspections with Eldon Vail at Corcoran, CSP - LAC, and San Quentin. At the end of each of those inspections he reviewed videos of controlled uses of force and videos of inmate interviews. I am informed and believe that at the conclusion of Mr. Vail's inspection at Kern Valley State Prison he did the same.

4. During Mr. Vail's inspections he encountered time limitations, and recurrent problems with CDCR's audio visual equipment that precluded him from watching all videos CDCR produced. Furthermore, CDCR failed to produce all of the requested videos during the tours. I am informed and believe that he subsequently returned to San Quentin on March 12, 2013, to watch all videos CDCR identified and produced pursuant to Plaintiffs' Second Request for Inspection.

5. Altogether, Defendants identified and furnished 17 controlled use of force videos and 36 inmate interviews as the universe of videos, involving class members, that were made at the four prisons (Corcoran, KVSP, LAC and San Quentin) between July 1, 2012 and the dates of Plaintiffs' inspections in February 2013.

///

1

DECLARATION OF MEGAN CESARE-EASTMAN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 6: TO EXCLUDE OR LIMIT PRESENTATION OF USE-OF-FORCE VIDEOS

6. All 17 of the controlled use of force videos could be shown in less than six hours, well within the Court's eight-hour limit.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this declaration was executed on this 19th day of September, 2013 at San Francisco, California.

MEGAN CESARE-EASTMAN

# EXHIBIT A

DONALD SPECTER – 083925
STEVEN FAMA – 099641
ALISON HARDY – 135966
SARA NORMAN – 189536
REBEKAH EVENSON – 207825
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
LISA ELLS – 243657
AARON J. FISCHER – 247391
KRISTA STONE-MANISTA – 269083
MARGOT MENDELSON – 268583
ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY – EMPLOYMENT LAW CENTER
600 Harrison Street, Suite 120
San Francisco, California 94107-1389
Telephone: (415) 864-8848

WARREN E. GEORGE – 053588
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, California 94111-4067
Telephone: (415) 393-2000

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURTS
EASTERN DISTRICT OF CALIFORNIA
AND NORTHERN DISTRICT OF CALIFORNIA
UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br>Plaintiffs,<br>v.<br>EDMUND G BROWN, JR., et al.,<br>Defendants. | Case No. Civ S 90-0520 LKK-JFM P<br>**THREE JUDGE COURT**<br>**PLAINTIFFS' SECOND REQUEST FOR INSPECTION** |
| MARCIANO PLATA, et al.,<br>Plaintiffs,<br>v.<br>EDMUND G. BROWN, JR., et al.,<br>Defendants. | Case No. C01-1351 TEH<br>**THREE JUDGE COURT** |

PROPOUNDING PARTIES: PLAINTIFFS RALPH COLEMAN, et al.

RESPONDING PARTIES: DEFENDANTS EDMUND G. BROWN JR., et al.

REQUEST NUMBER: TWO

[719966-2]

DONALD SPECTER – 083925
STEVEN FAMA – 099641
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
JANE E. KAHN – 112239
LISA ELLS – 243657
AARON J. FISCHER – 247391
KRISTA STONE-MANISTA – 269083
MARGOT MENDELSON – 268583
ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY – EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California 94104-4244
Telephone: (415) 864-8848

WARREN E. GEORGE – 053588
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, California 94111-4066
Telephone: (415) 393-2000

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

Plaintiffs,

v.

EDMUND G. BROWN, Jr., et al.,

Defendants.

Case No. Civ S 90-0520 LKK-JFM

**PLAINTIFFS' SECOND REQUEST FOR INSPECTION**

Judge: Lawrence K. Karlton

PROPOUNDING PARTIES: PLAINTIFFS RALPH COLEMAN, et al.

RESPONDING PARTIES: DEFENDANTS EDMUND G. BROWN JR., et al.

REQUEST NUMBER: TWO

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure Rule 34, Plaintiffs Ralph Coleman et al. submit the following Request for Inspection to Defendants Edmund G. Brown Jr., et al. (combined, the "Defendants") for plaintiffs and plaintiffs' experts to inspect Central California Women's Facility, California State Prison-Corcoran, Kern Valley State Prison, California State Prison-Lancaster, San Quentin State Prison, and Deuel Vocational Institution.

The discovery described herein shall relate to matters and proceedings before the *Coleman/Plata* Three Judge Court and the *Coleman* Court.

**DEFINITIONS**

Unless otherwise indicated, the following definitions and terms shall apply to these Requests for Inspection:

1. The term "ALL" means any and all.

2. The term "ANY" means each and every.

3. The term "CDCR" refers to the California Department of Corrections and Rehabilitation, its agents, employees and anyone acting on its behalf.

4. The term "CONFER WITH" means to interview, formally or informally, CDCR personnel with whom plaintiffs' experts and plaintiffs' counsel meet and/or encounter during the course of the inspection.

5. The term "CLASS MEMBER" means any prisoner who is a member of the plaintiff class under *Coleman v. Brown*.

6. The terms "INSPECT" or "INSPECTIONS" means to physically walk through and observe CDCR prison facilities, including, but not limited to, all areas in which California state prisoners sleep, eat, bathe, exercise, and receive medical and mental health attention, and areas in which such prisoners are received at the prison and/or processed for release from the prison. The term further means to review any records, including, but not limited to logbooks, relating to class members' movement within the prison and to off-site medical care providers and/or relating to class members' access to

medical or mental health care.

## INSTRUCTIONS

1.  At each of the prisons to be INSPECTED, plaintiffs' experts request an interview with the prison's Warden, Associate Warden for Health Care and the prison's highest ranking medical and mental health officers, including, when applicable, the Mental Health Program Manager, Chief Psychiatrist, and Chief Psychologist, preferably at the beginning of the inspection. Plaintiffs' counsel anticipate that the initial interview will take approximately 30-60 minutes.

2.  In order to help to maximize efficiency and to reduce the burden on staff on the day(s) of each tour, please provide the following information prior to or at the start of each tour:

   a.  List of all class members currently housed in an MHCB (including date of placement);

   b.  List of all EOP prisoners currently housed in an ASU (including date of placement);

   c.  List of all CCCMS prisoners currently housed in an ASU (including date of placement);

   d.  List of all class members at the institution referred for and awaiting a higher level of care placement or transfer to a higher level of care program (i.e., EOP, EOP-SNY, EOP ASU Hub, MHCB, PSU, DSH-acute or ICF), the location where they are currently housed, and the date the referral was made;

   e.  List of overflow and alternative mental health housing locations at the institution;

   f.  List of all class members currently housed in an overflow or alternative mental health housing location (*i.e.*, alternative housing log);

   g.  List (with locations) of all segregated housing units (ASU, SHU, PSU) including overflow units; and

   h.  Schedule of IDTT and other mental health treatment activities for the

date(s) of the tour.

3. During the INSPECTIONS, plaintiffs' counsel and plaintiffs' experts will CONFER WITH the CDCR staff at the prison, including but not limited to the correctional staff, administrative staff, and medical and mental health staff, regarding access of the CLASS MEMBERS to mental health care, and as to issues of housing, programming, exercise, and activities for CLASS MEMBERS.

4. During the INSPECTIONS, plaintiffs' counsel and plaintiffs' experts may CONFER WITH CLASS MEMBERS at the prison regarding their access to medical care and to mental health care, and as to issues of housing, programming, exercise, and activities for CLASS MEMBERS.

5. If, during the INSPECTION, the plaintiffs' experts conclude that they require a private setting to CONFER WITH certain CDCR staff or CLASS MEMBER(S), defendants will provide an area where plaintiffs' experts can CONFER WITH the staff member or CLASS MEMBER(S), in the presence of only plaintiffs', defendants' counsel, and the Receiver's representative.

6. During the INSPECTIONS, plaintiffs' counsel and plaintiffs' experts may take photographs of certain areas of the prison relating to housing, programming, exercise, and activities for CLASS MEMBERS, as well as office and treatment space used by staff responsible for the delivery of care to CLASS MEMBERS. Plaintiffs' counsel and plaintiffs' experts will accommodate reasonable security requests regarding the procedures for the taking of photographs.

7. During the INSPECTIONS at California State Prison-Corcoran, Kern Valley State Prison, California State Prison-Lancaster, and San Quentin State Prison, plaintiffs' counsel and plaintiffs' experts may review documents and activities relating to disciplinary (RVR) proceedings, including for CLASS MEMBERS. For INSPECTIONS at these institutions, plaintiffs' counsel and plaintiffs' experts may observe RVR hearings and related proceedings, and may CONFER WITH RVR Hearing Officers and RVR Coordinators. Please prepare to make available to plaintiffs' experts, prior to or at the start

of these tours, the following, for the period from July 1, 2012 to the present:

    a.    Schedule of RVR hearings at the institution for the date(s) of the tour;

    b.    Logs of RVR and 115-MH RVR mental health assessment requests (for review of sample);

    c.    Logs of outcomes from RVRs where a mental health assessment was requested (for review of sample);

    d.    Full packets of RVRs involving CLASS MEMBERS (for review of sample);

    e.    Local Operating Procedures and Training Materials on RVR mental health assessment procedures;

    f.    Institutional Reports and monthly data on Rule Violation Reports (RVRs), with breakdown by CCCMS, EOP, MHCB, and non-MHSDS prisoners; and

    g.    Local Operating Procedures for the Security Housing Unit (SHU) (CSP-Corcoran only).

8. During the INSPECTIONS at California State Prison-Corcoran, Kern Valley State Prison, California State Prison-Lancaster, and San Quentin State Prison, plaintiffs' counsel and plaintiffs' experts may review documents and materials relating to use of force. For INSPECTIONS at these institutions, plaintiffs' counsel and plaintiffs' experts may CONFER WITH Use of Force Coordinators. Please prepare to make available to plaintiffs' experts, prior to or at the start of these tours, the following, for the period from July 1, 2012 to the present:

    a.    Logs of Use of Force and Non-Use of Force Incidents (for review of sample);

    b.    Institutional Reports on Use of Force, with breakdown by CCCMS, EOP, MHCB, and non-MHSDS prisoners;

    c.    Use of Force Reports, including videos, involving Institution Review Process (for review of sample);

    d.    OIG Use of Force Reports; and

   e. Local Operating Procedures and training materials on cuffing, shackling, treatment modules, or holding cells.

9. Plaintiffs' experts may review CLASS MEMBERS' unit health records and central files.

10. As part of the INSPECTIONS, plaintiffs may request to conduct confidential interviews with five to ten CLASS MEMBERS and review their health records. If so, plaintiffs' counsel will notify defendants at least three days prior to each INSPECTION, and provide the names and CDCR numbers of each CLASS MEMBER at that time. These CLASS MEMBER interviews will be conducted only by plaintiffs' counsel and plaintiffs' experts.

**REQUESTS FOR INSPECTION**

1. On February 8, 2013, from 8:00 a.m. to approximately 5:00 p.m., plaintiffs' counsel and plaintiffs' experts request to INSPECT Central California Women's Facility (CCWF).

2. On February 19, 2013, from 8:00 a.m. to approximately 5:00 p.m., plaintiffs' counsel and plaintiffs' experts request to INSPECT California State Prison-Corcoran (COR).

3. On February 20, 2013, from 8:00 a.m. to approximately 5:00 p.m., plaintiffs' counsel and plaintiffs' experts request to INSPECT Kern Valley State Prison (KVSP).

4. On February 21, 2013, from 8:00 a.m. to approximately 5:00 p.m., plaintiffs' counsel and plaintiffs' experts request to INSPECT California State Prison-Lancaster (LAC).

5. On February 26, 2013, from 8:00 a.m. to approximately 5:00 p.m., plaintiffs' counsel and plaintiffs' experts request to INSPECT San Quentin State Prison (SQ).

///

///

///

///

6. On February 26, 2013, from 8:00 a.m. to approximately 5:00 p.m., plaintiffs' counsel and plaintiffs' experts request to INSPECT Deuel Vocational Institution (DVI).

DATED: February 1, 2013

Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: /s/ Aaron J. Fischer
Aaron J. Fischer

Attorneys for Plaintiffs

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of California. My business address is 315 Montgomery Street, Tenth Floor, San Francisco, CA 94104-1823.

On February 1, 2013, I served true copies of the following document(s) described as:

**PLAINTIFFS' SECOND REQUEST FOR INSPECTION**

on the interested parties in this action as follows:

**VIA MAIL**
Debbie Vorous
Deputy Attorney General
State of California Department of Justice
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Rosen Bien Galvan & Grunfeld LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**AND TO:**

**VIA MESSENGER**
Paul B. Mello, Esq.
Hanson & Bridgett LLP
425 Market Street, 26th Floor
San Francisco, CA 94105

**VIA MESSENGER**
Jay C. Russell
Supervising Deputy Attorney General
State of California Department of Justice
455 Golden Gate, Suite 11000
San Francisco, CA 94102-7004

**BY MESSENGER SERVICE:** I provided such document(s) to a professional messenger service for service on the date indicated above. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 1, 2013, at San Francisco, California.

Karen Stilber

**DECLARATION OF MESSENGER**

I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in the service list. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on (date):____________________

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:_____________________

_________________________________ (NAME OF DECLARANT)

_________________________________ (SIGNATURE OF DECLARANT)