1   KAMALA D. HARRIS
    Attorney General of California
2   JONATHAN L. WOLFF
    Senior Assistant Attorney General
3   JAY C. RUSSELL
    Supervising Deputy Attorney General
4   DEBBIE VOROUS, State Bar No. 166884
    PATRICK R. MCKINNEY, State Bar No. 215228
5   JESSICA KIM, State Bar No. 257766
    MANEESH SHARMA, State Bar No. 280084
6   Deputy Attorneys General
      455 Golden Gate Avenue, Suite 11000
7     San Francisco, CA  94102-7004
      Telephone:  (415) 703-3035
8     Fax:  (415) 703-5843
      E-mail:  Patrick.McKinney@doj.ca.gov
9
    *Attorneys for Defendants*
10
                    IN THE UNITED STATES DISTRICT COURT
11
                   FOR THE EASTERN DISTRICT OF CALIFORNIA
12
                           SACRAMENTO DIVISION
13

14

15  **RALPH COLEMAN, et al.,**                 2:90-cv-00520 LKK JFM PC

16                           Plaintiffs,

17        v.                                   **DEFENDANTS' OPPOSITION TO**
                                               **PLAINTIFFS' MOTION IN LIMINE TO**
18  **EDMUND G. BROWN JR., et al.,**           **EXCLUDE EXPERT DECLARATION**
                                               **AND TESTIMONY BY STEVE J.**
19                           Defendants.       **MARTIN**

20
                                               Date:        September 26, 2013
21                                             Time:        9:00 a.m.
                                               Dept:        4
22                                             Judge:       The Honorable Lawrence K.
                                                            Karlton
23
                                               Action Filed:  1990
24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION.

Plaintiff's motion in limine seeking to exclude the declaration of Steve J. Martin supporting Defendants' opposition to Plaintiffs' motion for affirmative relief, ignores the contents and thrust of Mr. Martin's declaration and presents no legal or factual basis to justifying excluding Mr. Martin's declaration and any proffered testimony.  Instead Plaintiffs' speciously and improperly attempt to discredit Mr. Martin's work by referring to the Court's prior decision excluding Mr. Martin's expert report supporting Defendants' motion to terminate.  But, the present declaration at issue is unrelated to Mr. Martin's prior report.  Moreover, Plaintiffs bear the burden of proof on their motion for affirmative relief and, despite the Court's exclusion of Mr. Martin's prior report and evidence, Plaintiffs—and their witness, Eldon Vail—continue to rely extensively on the evidence in Mr. Martin's report.

## II.    ARGUMENT.

The Court should deny Plaintiffs' motion in limine because Mr. Martin's declaration and any testimony rebuts the evidence produced by Plaintiffs supporting their motion for affirmative relief and is unrelated to his prior expert report.  Further, Plaintiffs and their witness Eldon Vail relied extensively and improperly on evidence in Mr. Martin's excluded expert report.  (ECF 4638.)  Therefore, by Plaintiffs' own logic, the Court should exclude Mr. Vail's report and those portions of Defendants motion for affirmative relief which rely on Mr. Martin's excluded report.

In an unfounded attempt to exclude Mr. Martin's declaration, Plaintiffs' motion conflates and distorts the procedural history of this matter.  Defendants initially submitted an expert report from Mr. Martin supporting their motion to terminate.  (ECF 4279.)  Shortly after Defendants' motion to terminate was denied, Plaintiffs filed numerous motions seeking additional relief.  (*See*, ECF 4543, ECF 4580, ECF 4638.)  In Plaintiffs' motion for affirmative relief regarding use of force and disciplinary measures, Plaintiffs and their witness Eldon Vail relied extensively on evidence in Mr. Martin's excluded expert report.  (ECF 4638.)  In opposing Plaintiffs' affirmative motion, Defendants submitted a declaration from Mr. Martin, relying on evidence available to Mr. Vail and rebutting Mr. Vail's analysis and conclusions.  (ECF 4706.)

1

1

**A.    Mr. Martin's declaration and any testimony is rebuttal evidence and does not rely on his prior work.**

2

3       Mr. Martin's declaration primarily, and nearly exclusively, rebuts the testimony and

4    opinions offered by Plaintiff's witness, Eldon Vail.[1]  (*See* ECF 4706, ¶¶ 7-30.)  Rebuttal evidence

5    is intended solely to contradict or rebut evidence on the same subject matter identified by another

6    party.  *Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 636 (D. Haw. 2008).

7    "Contradicting expert opinions, questioning methodology, and opining on methods and facts

8    plaintiffs' experts did not consider are precisely the type of rebuttal testimony the court would

9    expect."  *Laflamme v. Safeway, Inc.*, 3:09-CV-00514, 2010 WL 3522378 (D. Nev. Sept. 2, 2010).

10   Contrary to Plaintiffs' unfounded assertion that Mr. Martin's declaration fails to distinguish

11   between his initial report and his review of Mr. Vail's analysis, Mr. Martin's declaration clearly

12   states the basis for his rebuttal testimony.  Specifically, Mr. Martin's conclusions are based on his

13   review of Mr. Vail's declaration supporting Plaintiff's motion for affirmative relief and the

14   documents and materials Mr. Vail relied on in his declaration.  (*Id.* at ¶¶ 7-8, 30.)  Mr. Martin

15   also goes into specific detail in addressing the flaws in Mr. Vail's proffered "analysis,"

16   identifying relevant evidence that Mr. Vail failed to consider, and does not rely on any prior

17   evidence or testimony.  (*Id.* at ¶¶ 7-30.)

18      Moreover, Plaintiffs request that Mr. Martin be precluded from offering testimony for

19   having offered  "legal conclusions" is inconsistent with the Federal Rules of Evidence.  An

20   opinion is not objectionable just because it embraces an ultimate issue.  Fed. R. Evid. 704.

21   Further, as noted above, Mr. Martin's declaration and possible testimony are offered to rebut

22   declarations or testimony submitted by Plaintiffs.  Mr. Martin is a nationally recognized expert in

23   use of force issues, and served as Plaintiffs' expert in *Madrid v. Gomez,* C-90-3094 TEH (N.D.

24   Cal.).  Consistent with his declaration, any testimony proffered by Mr. Martin would address the

25

26

27   _____

[1] Mr. Martin's declaration briefly refers to his prior report, in support of Defendants prior request for the Court to reconsider its Order excluding the report.  (ECF 4706 ¶¶ 2-5.)  This portion of the declaration has no relation or impact on the remainder of Mr. Martin's declaration.

28

2

1  flaws in Mr. Vail's analysis and Plaintiffs' evidence to assist the finder of fact in assessing

2  whether Plaintiffs' have met their burden to justify the extensive relief they seek.[2]

3      **B.    Plaintiffs Improperly Rely on Mr. Martin's Excluded Report.**

4      Plaintiffs, despite their present motion in limine, rely extensively on Mr. Martin's prior

5  report throughout the current proceedings in order to satisfy their burden of proof.  In their motion

6  for affirmative relief, Plaintiffs repeatedly cite to Mr. Martin's original report and conclusions,

7  including misstating his "best practice" recommendations.[3]  (ECF 4638 at 27-39.)  And Plaintiffs

8  continue to rely on Mr. Martin's report in their reply.  (ECF 4766 at 12.)  Further, as previously

9  noted by Defendants, Mr. Vail relied heavily on isolated use of force incidents identified by Mr.

10  Martin to draft his initial report.  (ECF 4704 at 11.)  The Court previously reserved the question

11  "of whether denial of defendants' request to reconsider the order striking Mr. Martin's report

12  requires some limitation on the admissibility of the report of [Eldon Vail.]"  (ECF 4726 at 3.)

13  Unlike Mr. Martin's present declaration, Mr. Vail's report and subsequent declarations rely

14  extensively on evidence obtained and reviewed by Mr. Martin related to his prior report.  (ECF

15  4706 at ¶14.)  Consistent with Plaintiff's present motion in limine, Mr. Vail's report and

16  testimony should therefore be excluded.

17                          **CONCLUSION**

18      The Court should deny Plaintiffs' motion in limine to exclude Mr. Martin's rebuttal

19  declaration and any possible testimony on this matter because his declaration and possible

20  testimony do not rely on evidence previously excluded by the Court.  Further, because Plaintiffs

21  and their witness Eldon Vail improperly rely on evidence from Mr. Martin's excluded report, the

22

23      [2] Plaintiffs persist in making allegations of purported "unethical" conduct, although these
    allegations have been factually rebutted.  (Martin Opp'n Decl. ¶ 4, ECF 4706.)  Defendants
24  acknowledge that the Court decided not to revisit its earlier decision to strike Mr. Martin's report
    based on this evidence, but the evidence is undisputed.  Plaintiffs' citation to Mr. Martin's
25  deposition testimony, including the reference to the two inmates "he specifically requested to
    speak with about an incident," is consistent with his declaration testimony.

26      [3] Plaintiffs assertion that Federal Rule of Evidence 804 justifies their reliance on Mr.
    Martin's report is clearly erroneous.  Federal Rule of Evidence 804 addresses exceptions to the
27  hearsay rule but does not address or justify the admission of evidence excluded by court order.
    Fed. R. Evid. 804.

28

1    Court should exclude those portions of Plaintiffs motion for affirmative relief and Mr. Vail's

2    report which rely on such evidence.

3

4    Dated:  September 19, 2013                    Respectfully Submitted,

5                                                 KAMALA D. HARRIS
                                                  Attorney General of California
6                                                 JAY C. RUSSELL
                                                  Supervising Deputy Attorney General

7

8

9                                                 /s/ Patrick R. McKinney
                                                  PATRICK R. MCKINNEY
10                                                Deputy Attorney General
                                                  *Attorneys for Defendants*

11   CF1997CS0003
     40773380.doc
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                 4