KAMALA D. HARRIS
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
JAY C. RUSSELL
Supervising Deputy Attorney General
DEBBIE VOROUS, State Bar No. 166884
PATRICK R. MCKINNEY, State Bar No. 215228
JESSICA KIM, State Bar No. 257766
MANEESH SHARMA, State Bar No. 280084
Deputy Attorneys General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 703-3035
  Fax:  (415) 703-5843
  E-mail:  Patrick.McKinney@doj.ca.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                              Plaintiffs,<br><br>v.<br><br>**EDMUND G. BROWN JR., et al.,**<br><br>                              Defendants. | 2:90-cv-00520 LKK JFM PC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE TESTIMONY REGARDING USE OF FORCE REVIEW PROCESSES**<br><br>Date:          September 26, 2013<br>Time:          9:00 a.m.<br>Dept:          4<br>Judge:        The Honorable Lawrence K. Karlton<br><br>Action Filed:  1990 |

Plaintiffs motion to exclude testimony regarding use-of-force review processes—in a hearing concerning alleged excessive and unnecessary use-of-force—is unsupported by law or any principle of judicial economy and should be denied.  Plaintiffs make the incredulous argument that because use-of-force review processes apply to **all** inmates, testimony on these processes are irrelevant to Plaintiffs' allegations that Defendants systemically use excessive or unnecessary force against mentally inmates.  This is incorrect.  Testimony regarding system wide use-of-force review processes—including multi-tiered reviews of every use-of-force incident by the California Department of Corrections and Rehabilitation (CDCR), investigations by CDCR's Office of Internal Affairs, and extensive oversight by the independent Office of the Inspector General—is clearly relevant to whether Plaintiffs have met their burden of proving that excessive or unnecessary force is systemically used against a subset of CDCR inmates, numbering in the thousands.

Moreover, Plaintiffs assertion that Defendants should be presumptively barred from offering testimony on use-of-force review process "in the interest of efficiency," would prevent Defendants from offering testimony to rebut incorrect, inaccurate, or incomplete testimony offered by Plaintiffs' witnesses.  While Federal Rule of Evidence 403 permits a trial court to exclude relevant evidence if its probative value is substantially outweighed by waste of time, this does not permit admission of testimony by one party on a critical issue, while excluding testimony by his adversary on the same issue.  *See United States v. Sellers*, 566 F.2d 884, 886 (4th Cir. 1977).

/ /

/ /

1

Defs.' Opp. Pls.' MIL To Exclude Testimony On Use-of-Force Processes
(2:90-cv-00520 LKK JFM PC)

The Court should deny Plaintiffs' motion because there is no basis to justify a blanket exclusion on testimony regarding use-of-force processes and such exclusion would presumptively prevent Defendants from presenting a defense to Plaintiffs' spurious allegations.

Dated:  September 19, 2013                     Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
JAY C. RUSSELL
Supervising Deputy Attorney General


/s/ Patrick R. McKinney
PATRICK R. McKINNEY
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003
40773382.doc

2