KAMALA D. HARRIS
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
JAY C. RUSSELL
Supervising Deputy Attorney General
DEBBIE VOROUS, State Bar No. 166884
PATRICK R. MCKINNEY, State Bar No. 215228
JESSICA KIM, State Bar No. 257766
MANEESH SHARMA, State Bar No. 280084
Deputy Attorneys General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-3035
 Fax:  (415) 703-5843
 E-mail:  Patrick.McKinney@doj.ca.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                          Plaintiffs,<br><br>    v.<br><br>**EDMUND G. BROWN JR., et al.,**<br><br>                          Defendants. | 2:90-cv-00520 LKK JFM PC<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO RECONSIDER RULING RE NON-CLASS MEMBER RECORDS** |

## I. INTRODUCTION.

The Court previously and correctly ruled that Plaintiffs' have no right to non-class member records, absent appropriate waiver. In seeking to overturn this Court's order, Plaintiffs present no argument or legal authority to demonstrate that the Court's order is clearly erroneous or contrary to law. The Court should deny Plaintiffs' motion under the deferential standard of review applicable to magistrate judge's rulings on non-dispositive discovery motions.

## II. THE COURT CORRECTLY RULED THAT DEFENDANTS ARE NOT OBLIGATED TO PRODUCE NON-CLASS MEMBER RECORDS ABSENT WAIVERS.

District court review of a magistrate judge's order on a non-dispositive motion is limited. *See, e.g., Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). A district court will not modify or set aside a magistrate judge's order on a non-dispositive motion, including discovery motions within the scope of Rule 72(a) and 28 U.S.C. § 636(b)(1)(A), unless it is "found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see, e.g.*, *Rockwell Int'l, Inc. v. Pos-A –Traction Indus., Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983) (per curiam). "The clearly erroneous standard applies to the magistrate judge's factual findings while the contrary to law standard applies to the magistrate judge's legal conclusions, which are reviewed de novo." *Bunnell*, 24 F.R.D. at 446 (citations omitted). Here, the district judge referred this matter back to this Court for reconsideration; the Court's original decision was correct and should be affirmed.

### A. Plaintiffs Concede that Five Individuals Are Not Class Members, and the Court Correctly Ruled the Sixth Individual—a Welfare and Institution's Section 7301 Patient—Is Not a Class Member.

Plaintiffs concede that five of the six individuals for whom they seek records have been released from custody of the California Department of Corrections and Rehabilitation (CDCR) and are not members of the plaintiff class. The sixth individual was transferred to a CDCR institution pursuant to California Welfare and Institutions Code § 7301. The Court correctly determined that this individual was not a *Coleman* class member.

Defendants recognize that persons confined under § 7301 are entitled to constitutionally adequate mental health services. But Defendants disagree that persons confined under § 7301 are

1

Defs.' Resp. Pls.' Req. Reconsideration Re: Non-Class Member Records
(2:90-cv-00520 LKK JFM PC)

*Coleman* class members. The Court has limited the *Coleman* class to "inmates with serious mental disorders who are not or who will in the future be confined within the California Department of Corrections." *Coleman v. Wilson*, 912 F. Supp. 1282, 1293 (E.D. Cal. 1995). The individual in dispute is not a member of the *Coleman* class because he is confined under Welfare & Institutions Code § 7301 and is therefore not an "inmate". Section 7301 refers to all DSH patients confined at CDCR under that section as "persons"—not "inmates". Accordingly, the plain language of § 7301 expresses the legislature's intent that individuals transferred under § 7301 be considered as state hospital patients confined to a CDCR facility for security reasons—not "inmates". To hold otherwise improperly ignores the legislature's choice to use a specific term of art—"persons"—to avoid classifying these individuals as inmates.

Although Section 7301 patients may be confined in CDCR institutions, unlike CDCR inmates they are not serving a sentence after conviction of a crime, and they therefore have different interests and rights than CDCR inmates. The distinction between inmates and persons confined under § 7301 is recognized by CDCR regulations. CDCR regulations and state law distinguish CDCR prisoners from patients under CDCR's physical custody due to the application of § 7301. For instance, § 7301 patients are not subject to certain provisions of the California Penal Code that are applicable to CDCR prisoners. Cal. Welf. & Inst. Code § 7301, Dep't Corr. Operations Manual § 62030.19. When WIC § 7301 patients are transferred to CDCR from DSH they are classified as "health" patients. Dep't Corr. Operations Manual, § 62030.17.1. CDCR is required to complete an annual case summary for these DSH patients, which is forwarded to DSH. *Id*. at § 62030.17.2. DSH patients confined to CDCR retain their status as patients of DSH. *Id*. at § 62030.19.

Plaintiffs' motion for reconsideration implies that Defendant must produce the records of the individual confined under § 7301 because they have produced his records in the past. However, Defendants' previous production of records to Plaintiffs' counsel was a mistake—as Plaintiff's motion acknowledges, Defendants' position has been, and still is, that individuals confined under § 7301 are not *Coleman* class members.

2

### B. Plaintiffs Have Not Demonstrated that They Are Entitled to the Records of Non-Class Members.

Plaintiffs' counsel have not and cannot present authority demonstrating that they are entitled to the records of non-class members absent waivers. The Court properly determined that as non-class members these individuals have a privacy interest in their records which Defendants are obligated to protect. State law and regulations prohibit the disclosure of these records, absent appropriate waiver. See Cal. Code Reg. § 3370(e), Cal. Civ. Code § 56.10. And Plaintiffs reliance on the protective order in this matter is specious. While the protective prevents Plaintiffs from disclosing information about inmates to third parties it does not mandate production of private records of inmates who are not members of the class, and therefore not clients of Plaintiffs' counsel. Further, Plaintiffs' counsel seek to forever characterize these individuals—most of whom have served their sentences and been released from CDCR custody—as mentally ill inmates, by arguing that their records "without question" must be produced to Plaintiffs counsel because they had previously been identified as mentally ill and in need of treatment.

Counsel's asserted inability to locate and obtain waivers from the recently-released individuals, four of whom were individually interviewed by Plaintiffs' experts and counsel, demonstrates that the attorney-client relationship between counsel and these individuals is a strained legal fiction at best. Plaintiffs present no facts to support their assertion that it would be "extraordinarily burdensome, if not impossible" for Plaintiffs' counsel to contact these individuals and obtain waivers. This alleged burden is particularly incredible with respect to the §7301 transferee, who Plaintiffs contend remains at CSP-Sacramento.

### III. PLAINTIFFS' ASSERTIONS THAT THE RECORDS OF NON-CLASS MEMBERS ARE NECESSARY OR RELEVANT TO UPCOMING PROCEEDING ARE BELIED BY THEIR CAVALIER APPROACH TO DISCOVERY.

Plaintiffs' assertion that records of individual inmates not in CDCR custody are relevant to the upcoming hearings because Defendants have challenged the conclusions of Plaintiffs' expert is incorrect and unavailing. As acknowledged by Plaintiffs, Defendants have presented evidence on the *system-wide* quantity and quality of care received by participants in the MHSDS. Defendants' declarants, have not and do not rely, on "post production" records or documents

3

Defs.' Resp. Pls.' Req. Reconsideration Re: Non-Class Member Records
(2:90-cv-00520 LKK JFM PC)

pertaining to these non-class members. Further, Plaintiffs assertion of relevance is belied by Plaintiffs' request for **all** records pertaining to these inmates. With respect to the individuals involved in use-of-force incidents, Defendants have made available, or will make available, all documents reviewed by their expert Steve Martin.

Moreover, Plaintiffs again gloss over their failure to timely develop and review available evidence. As noted by Plaintiffs, their experts have already rendered opinions based on discovery conducted during the termination proceedings. Plaintiffs then chose to file their present motions without conducting discovery, representing to the Court that they had no need to take additional discovery since "it all flows from the discovery that was already done in the termination proceeding." (ECF 4789, Kim Decl. Ex. E at 2:16-18 [5/23/13 Tr.].) Notably, Plaintiffs did not seek updated records of these non-class members until after Defendants had filed their oppositions to Plaintiffs' motion. Plaintiffs' belated recognition that their record is inadequate is irrelevant since they have no explanation for their failure to timely develop available evidence. Moreover, none of the requested documents, or any evidence presented for the first time on reply or afterward, is admissible at the upcoming evidentiary hearing. *See, e.g., Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) ("[A]rguments raised for the first time in a reply brief are waived.") If Plaintiffs truly believe their experts require additional information to support their conclusions, they can withdraw their motion and seek to re-open discovery as to current class members.

Plaintiffs are also incorrect in arguing that Defendants and the Court did not address or take into consideration Federal Rule of Civil Procedure 26. Federal Rule of Civil Procedure 26 provides that all discovery is subject to the limitations imposed by the Court. Fed. R. Civ. Proc. 26(b). "District courts have broad discretion to manage discovery and to control the course of litigation." *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012)(citations and quotations omitted). Defendants, limited by procedures for resolving discovery disputes set by the Court's June 11, 2013 Order (ECF 4646), argued that the Court has issued multiple orders to address scheduling and discovery on Plaintiffs' affirmative motions. And the Court, in ruling on Plaintiffs' motion noted that:

4

Defs.' Resp. Pls.' Req. Reconsideration Re: Non-Class Member Records
(2:90-cv-00520 LKK JFM PC)

> One of the primary purposes of discovery in connection with plaintiffs' pending motions was to permit the parties to depose each other's witnesses regarding their proposed testimony. Under the schedule on which the evidentiary hearing is currently proceeding, it is not clear that defendants would have an opportunity to depose plaintiffs' experts about any additional opinions they might form after reviewing the records at issue.

(ECF 4791 at 4, citations omitted.) The Court further noted that final resolution regarding the scheduling of the hearing may bear on the appropriate resolution of production of documents. Since the Court's ruling, Plaintiffs' have refused to stipulated to continue the start of hearing. (*See* Sept. 5, 2013 Joint Statement, Plffs.' Position, ECF 4782.)  Again, Plaintiffs' litigation strategy belies their assertions that non-class member records are relevant and necessary for the upcoming hearings.

//

//

5

Defs.' Resp. Pls.' Req. Reconsideration Re: Non-Class Member Records
(2:90-cv-00520 LKK JFM PC)

## IV. CONCLUSION.

Plaintiffs have not demonstrated that the Court's order regarding non-class member records is clearly erroneous or contrary to law. Plaintiffs concede that five individuals have been released from CDCR and are not class members, and have failed to demonstrate that the individual transferred to CDCR pursuant to Welfare & Institutions Code § 7301 is a *Coleman* class member. With respect to all individuals, Plaintiff have presented no authority that would entitle Plaintiffs to private records of non class members absent appropriate waivers. Finally, Plaintiffs present no basis for their assertion that obtaining waivers for six individuals—one of whom is allegedly still housed in CDCR institution—is excessively burdensome. Therefore, the Court should deny Plaintiffs motion to reconsider its order.

Dated:  September 19, 2013                    Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
JAY C. RUSSELL
Supervising Deputy Attorney General


/s/ Patrick R. McKinney
PATRICK R. MCKINNEY
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003
40773728.doc

6