1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RALPH COLEMAN, et al.,

11               Plaintiffs,                No. 2:90-cv-0520 LKK JFM P

12         vs.

13   EDMUND G. BROWN, JR., et al.,

14               Defendants.                ORDER

15   _____/

16         Plaintiffs have filed a motion for reconsideration of the part of this court's

17   September 10, 2013 order that denied plaintiffs' motion to compel production of the mental

18   health and central file records of five former inmates who have recently paroled or otherwise left

19   a California Department of Corrections and Rehabilitation (CDCR) prison and of one individual

20   confined in a CDCR prison pursuant to California Welfare and Institutions Code § 7301.  (ECF

21   No. 4791.)  By order filed September 17, 2013, the assigned District Judge referred that motion

22   back to the undersigned for resolution and directed defendants to file a response to the motion.

23   (ECF No. 4810.)  Defendants have timely filed an opposition.

24         In the papers now before the court on motion for reconsideration, plaintiffs focus

25   on the general governing standard for discovery set forth in Federal Rule of Civil Procedure 26,

26   and defendants describe with specificity those provisions of law they contend preclude providing

                                          1

these records to plaintiffs' counsel.  Upon further reflection, for the reasons set forth below, the

court now finds that the requested records are relevant to the motions pending in the district court

and are discoverable under the standard set forth in Rule 21 of the Federal Rules of Civil

Procedure.  The undersigned further concludes that the provisions of law cited by defendants do

not prevent the production of the requested records to plaintiffs' counsel where, as here, the

records are all subject to a protective order.  Accordingly, the motion for reconsideration will be

granted.

        Plaintiffs seek reconsideration on the grounds that the records in question are

relevant to motions pending in the district court, are discoverable under the standard set forth in

Federal Rule of Civil Procedure 26 and that the court applied the wrong standard in denying their

motion to compel production of the records based upon the lack of a showing that the six inmates

in question were members of the plaintiff class.  Plaintiffs also contend that, in any event, the

federal regulations implementing the Health Insurance Portability and Accountability Act

(HIPAA) authorize disclosure of medical records in litigation as long as the records are protected

by a protective order.  Plaintiffs also seek reconsideration of this court's finding that plaintiffs

have not shown that individuals confined pursuant to Welfare and Institutions Code § 7301 are

part of the plaintiff class.  Finally, plaintiffs seek confirmation that they may seek records of

those confined pursuant to Welfare and Institutions Code § 7301.

        In opposition to the motion, defendants contend that none of these six individuals

are class members, and that non-class members have a privacy interest in the requested records

which defendants are required to protect under state law .  Defendants also argue that individuals

confined pursuant to Welfare and Institutions Code § 7301 are not "inmates" and therefore not

part of the plaintiff class.

        Rule 26 of the Federal Rules of Civil Procedure provides in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter
> that is relevant to any party's claim or defense—including the
> existence, description, nature, custody, condition, and location of

> any documents or other tangible things and the identity and
> location of persons who know of any discoverable matter. For good
> cause, the court may order discovery of any matter relevant to the
> subject matter involved in the action. Relevant information need
> not be admissible at the trial if the discovery appears reasonably
> calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).  There is no dispute that the records plaintiffs seek meet the relevance

standard of Rule 26 and are discoverable under that standard.  Defendants assert, however, that

they have obligations under state law to maintain the confidentiality of these records and cannot

turn them over to plaintiffs counsel without signed waivers from the six individuals.[1]  In this

regard, defendants rely on California Code of Regulations § 3370(e) and California Civil Code §

56.10.  The latter provision expressly authorizes disclosure of medical information if the

information "is compelled by . . . a party to a proceeding before a court or administrative agency

pursuant to . . . any provision authorizing discovery before a court or administrative agency."

Cal. Civ. Code § 56.10.  The undersigned concludes that defendants are not precluded by this

section from disclosing the records plaintiffs seek.

　　　　California Code of Regulations § 3370(e) provides that "[n]o case records file,

unit health records, or component thereof shall be released to any agency or person outside the

department, except for private attorneys hired to represent the department, the office of the

attorney general, the Board of Parole Hearings, the Inspector General, *and as provided by*

*applicable federal and state law.*"  Cal. Code Regs. § 3370(e) (emphasis added).  The records

plaintiffs seek are relevant and discoverable under applicable federal law, and all of the records

are covered by the protective order in this action, which applies to "all documents and

information obtained in this action by plaintiffs' counsel which identifies a patient or inmate

---

[1] Defendants originally asserted an obligation to protect the records under HIPAA.  (See Joint Statement filed Sept. 6, 2013 (ECF No. 4787) at 4.)  Defendants do not reassert a HIPAA obligation in their opposition to the pending motion for reconsideration, and plaintiffs contend, correctly, that HIPAA's implementing regulations provide for disclosure of health records in this action where such disclosure is governed by a protective order.  See 45 C.F.R. § 164.512(e)(ii)(B).

1    other than the named plaintiffs in this action." (Modified Protective Order filed Jan. 12, 2007

2    (ECF No. 2109) at 1.)

3                For the reasons set forth above, the undersigned concludes that plaintiffs are not

4    required to obtain waivers from any of the six individuals in order to obtain the records at issue.

5    Those records are relevant to matters pending before the district court and are discoverable under

6    Federal Rule of Civil Procedure 26.  They are subject to the previously issued protective order in

7    this action and none of the provisions of law cited by defendants prevent their production.

8    Accordingly, plaintiffs' motion to compel production of these records will be granted and

9    defendants directed to produce the records forthwith.

10                Finally, the court finds it unnecessary to resolve as a general matter the question

11   of whether individuals confined in CDCR prisons pursuant to California Welfare and Institutions

12   Code § 7301 are members of the plaintiff class in order to resolve the discovery dispute now

13   pending before the court and therefore declines to do so.  The records of the one individual so

14   confined sought by plaintiffs in the underlying motion to compel shall also be produced by

15   defendants.[2]

16                In accordance with the above, IT IS HEREBY ORDERED that:

17                1.  Plaintiffs' September 17, 2013 motion for reconsideration (ECF No. 4809) is

18   granted;

19                2.  Upon reconsideration, plaintiffs' September 6, 2013 motion to compel

20   production of records for the six individuals who defendants have refused to produce records

21   without waivers is granted;

22   /////

23   _____

24        [2]  Nothing in this order or the court's September 10, 2013 order should be construed as
     authority to withhold from plaintiffs or the Special Master the records of any seriously mentally
25   ill individual treated in defendants' Mental Health Services Delivery System (MHSDS) based
     solely on an assertion that the individual(s) is not a member of the Coleman class.  Any such
26   purported distinction made in the undersigned September 10, 2013 order was, for the reasons set
     forth herein, simply not necessary to the resolution of plaintiffs' motion to compel.

                                                    4

3.   The records for the two such individuals who were the subject of use of force incidents shall be produced to plaintiffs not later than 5:00 p.m. on Wednesday, September 25, 2013; and

4.   The remaining records shall be produced to plaintiffs not later than Friday, October 4, 2013.

DATED: September 23, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

12
ehdisc3.rec