DONALD SPECTER – 083925
STEVEN FAMA – 099641
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LISA ELLS – 243657
LORI E. RIFKIN – 244081
AARON J. FISCHER – 247391
MARGOT MENDELSON – 268583
KRISTA STONE-MANISTA – 269083
ROSEN BIEN
GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830

JON MICHAELSON – 083815
JEFFREY L. BORNSTEIN – 099358
LINDA L. USOZ – 133749
MEGAN CESARE-EASTMAN – 253845
RANJINI ACHARYA – 290877
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, California 94111-5994
Telephone: (415) 882-8200

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California 94104-4244
Telephone: (415) 864-8848

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EDMUND G. BROWN, JR., et al., <br><br> Defendants. | Case No. Civ S 90-0520 LKK-JFM <br><br> **PLAINTIFFS' TRIAL BRIEF IN SUPPORT OF MOTION FOR ENFORCEMENT OF COURT ORDERS AND AFFIRMATIVE RELIEF REGARDING INPATIENT PSYCHIATRIC HOSPITALIZATION FOR CONDEMNED INMATES** <br><br> Judge: Hon. Lawrence K. Karlton <br> Date: September 26, 2013 <br> Time: 9:15 a.m. <br> Crtrm.: 4 |

[950700-4]

**TABLE OF CONTENTS**

**Page**

I.   SUMMARY OF VIOLATION ................................................................................... 1

II.  REQUESTED RELIEF ............................................................................................ 2

III. PLAINTIFFS' EVIDENCE ..................................................................................... 3

    A.   Pleadings.......................................................................................................... 3

    B.   Defendants' Admissions.................................................................................. 5

    C.   Plaintiffs' Trial Witnesses ............................................................................... 6

        1.   Dr. Pablo Stewart ................................................................................... 6

        2.   Ms. Jeanne Woodford............................................................................ 7

[950700-4]

i

PLS.' TRIAL BRIEF ISO MOTION FOR ENFORCEMENT OF COURT ORDERS & AFFIRMATIVE RELIEF RE INPATIENT PSYCHIATRIC HOSPITALIZATION FOR CONDEMNED INMATES

# TABLE OF ABBREVIATIONS

| | |
|---|---|
| APP | Acute Psychiatric Program |
| CDCR | California Department of Corrections and Rehabilitation |
| CMF | California Medical Facility |
| DSH | Department of State Hospitals |
| EOP | Enhanced Outpatient Program |
| ICF | Intermediate Care Facility |
| MHCB | Mental Health Crisis Bed |
| OHU | Outpatient Housing Unit |
| PLRA | Prison Litigation Reform Act |
| VPP | Vacaville Psychiatric Program |

[950700-4]

ii

PLS.' TRIAL BRIEF ISO MOTION FOR ENFORCEMENT OF COURT ORDERS & AFFIRMATIVE RELIEF RE INPATIENT PSYCHIATRIC HOSPITALIZATION FOR CONDEMNED INMATES

## I. SUMMARY OF VIOLATION

Defendants fail to provide appropriate and timely access to inpatient psychiatric hospitalization for prisoners housed on death row at San Quentin Prison. Prisoners on death row in need of inpatient psychiatric hospitalization in an intermediate care facility ("ICF") face a blanket prohibition on access to that critical level of care. Condemned prisoners in need of inpatient psychiatric hospitalization at the acute level are provided limited access to the Vacaville Psychiatric Program ("VPP") at California Medical Facility ("CMF"), but due to custodial restrictions imposed by DSH and CDCR, are unable to fully benefit from the treatment program. The denial of appropriate and timely access to inpatient psychiatric hospitalization for prisoners on death row has resulted in avoidable and foreseeable pain, suffering, deterioration, decompensation and death, and is without clinical or penological justification.

- Defendants' assertion that California Penal Code Section 3600(b)(4) prohibits the transfer of condemned inmates to Department of State Hospitals ("DSH") ICF care is a question of law that has been fully briefed. *See* Plaintiffs' Motion for Enforcement of Court Orders and Affirmative Relief re: Inpatient Treatment, April 11, 2013, Docket No. 4543, at 9:16-10:3; Plaintiffs' Reply in Support of Plaintiffs' Motion for Enforcement of Court Orders and Affirmative Relief re: Inpatient Treatment, May 16, 2013, Docket No. 4617, at 4:22-5:1.

- While the blanket ban on condemned prisoners access to ICF hospitalization is undisputed, Defendants do assert that the "Specialized Care for the Condemned Program," currently operating at San Quentin State Prison, is an adequate substitute for ICF care. The evidence is to the contrary: San Quentin is providing, at most, good Enhanced Outpatient Program ("EOP") level care to a small number of patients who were getting bad or no EOP care in the past. San Quentin is certainly not providing inpatient psychiatric hospitalization or its equivalent.

[950700-4]

1

PLS.' TRIAL BRIEF ISO MOTION FOR ENFORCEMENT OF COURT ORDERS & AFFIRMATIVE RELIEF RE INPATIENT PSYCHIATRIC HOSPITALIZATION FOR CONDEMNED INMATES

- Nor is there any legitimate security justification for the denial of access to inpatient psychiatric hospitalization for these patients. While special security measures may be appropriate for condemned prisoners, they do not justify the denial of this critical level of care or the restrictions on acute level care for the condemned in the APP.

## II.  REQUESTED RELIEF

Plaintiffs seek a Court order providing the following relief on behalf of class members on death row.

- Defendants shall immediately rescind any policies, procedures, or agreements that prohibit or in any manner restrict or delay referrals and transfers of death row inmates to all levels of inpatient psychiatric hospitalization.
- Defendants, under the supervision of the Special Master, shall evaluate each *Coleman* class member currently on death row and at the EOP level of care or higher, within 21 days, to determine if a transfer to a higher level of care is appropriate.
- The Special Master shall be directed to investigate, monitor, and report within sixty days on current use of MHCB or OHU beds at San Quentin for the provision of mental health care to ensure that any such usage is temporary and meets constitutional standards.
- The Special Master shall be directed to investigate, monitor, and report within sixty days on Defendants' policies, procedures, and practices for the custody, transport, and treatment of condemned patients in need of inpatient psychiatric hospitalization; the necessity and reasonableness of any custodial restrictions on housing and treatment and participation in programs and activities in inpatient psychiatric hospitals; and available alternatives.

[950700-4]

2
PLS.' TRIAL BRIEF ISO MOTION FOR ENFORCEMENT OF COURT ORDERS & AFFIRMATIVE RELIEF RE INPATIENT PSYCHIATRIC HOSPITALIZATION FOR CONDEMNED INMATES

## III. PLAINTIFFS' EVIDENCE

### A. Pleadings

Plaintiffs have submitted the following briefing and evidence regarding access of condemned inmates to inpatient psychiatric care:

- Corrected Plaintiffs' Opposition to Defendants' Motion to Terminate under the PLRA and to Vacate under Rule 60(b)(5), March 19, 2013, Docket No. 4422, at 73:5-76:10, and the following evidence in support of Plaintiffs' Opposition:
    - Expert Declaration of Jeanne Woodford in Support of Plaintiffs' Opposition, March 14, 2013, Docket No. 4380;
    - Expert Declaration of Pablo Stewart, M.D., in Support of Plaintiffs' Opposition, March 14, 2013, Docket No. 4381, in particular, *see id.* at 159:16-166:10, 166:24-28;
    - Exhibit 78 to Declaration of Michael Bien in Support of Plaintiffs' Opposition, March 15, 2013, Docket No. 4402 (January 25, 2012 CDCR memorandum and email re: specialized care for the condemned);
    - Exhibit 87 to Declaration of Michael Bien in Support of Plaintiffs' Opposition, March 15, 2013, Docket No. 4403 (excerpts from deposition of Christopher Meyer);
    - Exhibit 1 to Confidential Declaration of Jane Kahn in Support of Plaintiffs' Opposition, March 15, 2013, Docket No. 4411 (identifying list of patients discussed by Dr. Stewart);
    - Exhibit 12 to Confidential Declaration of Jane Kahn in Support of Plaintiffs' Opposition, March 15, 2013, Docket No. 4411 (prisoner records reviewed by Jeanne Woodford);
    - Exhibit 13 to Confidential Declaration of Jane Kahn in Support of Plaintiffs' Opposition, March 15, 2013, Docket No. 4411 (August 15,

[950700-4]

3

PLS.' TRIAL BRIEF ISO MOTION FOR ENFORCEMENT OF COURT ORDERS & AFFIRMATIVE RELIEF RE INPATIENT PSYCHIATRIC HOSPITALIZATION FOR CONDEMNED INMATES

1                  2011 CDCR email and status report re: specialized care for the
condemned; reviewed by Jeanne Woodford);

- Exhibit 42 to Confidential Declaration of Jane Kahn in Support of Plaintiffs' Opposition, March 15, 2013, Docket No. 4411 (CDCR suicide report re: condemned inmate); and
- Special Master's Report on Suicides Completed in the CDCR January 1, 2012 – June 30, 2012, Mar. 13, 2013, Docket No. 4376, at App. H pp.48-55.

• Plaintiffs' Motion for Enforcement of Court Orders and Affirmative Relief re: Inpatient Treatment, April 11, 2013, Docket No. 4543, at 6:11-10:24, and the following evidence in support of Plaintiffs' motion:

- Exhibit 1 to Declaration of Lori E. Rifkin in Support of Plaintiffs' Motion for Enforcement of Court Orders and Affirmative Relief re: Inpatient Treatment, April 11, 2013, Docket No. 4545 (excerpts from deposition of Diana Toche);
- Exhibit 2 to Declaration of Lori E. Rifkin in Support of Plaintiffs' Motion for Enforcement of Court Orders and Affirmative Relief re: Inpatient Treatment, April 11, 2013, Docket No. 4545 (*Plata* court medical experts' report regarding San Quentin State Prison);
- Exhibit 3 to Declaration of Lori E. Rifkin in Support of Plaintiffs' Motion for Enforcement of Court Orders and Affirmative Relief re: Inpatient Treatment, April 11, 2013, Docket No. 4545 (internal CDCR emails regarding the Specialized Care for the Condemned Program); and
- Twenty-Fifth Round Monitoring Report of the Special Master on the Defendants' Compliance with Provisionally Approved Plans, Policies, and Protocols, January 18, 2013, Docket No. 4298, at 177-86 & Ex. G. pp.466-78.

[950700-4]

4

PLS.' TRIAL BRIEF ISO MOTION FOR ENFORCEMENT OF COURT ORDERS & AFFIRMATIVE RELIEF RE INPATIENT PSYCHIATRIC HOSPITALIZATION FOR CONDEMNED INMATES

1  • Plaintiffs' Reply in Support of Plaintiffs' Motion for Enforcement of Court
2  Orders and Affirmative Relief re: Inpatient Treatment, May 16, 2013,
3  Docket No. 4617, at 3:8-4:19, 4:20-7:13, and the following evidence in
4  support of Plaintiffs' Reply:

   • Expert Declaration of Pablo Stewart, M.D., in Support of Plaintiffs'
   Motion for Enforcement of Court Orders and Affirmative Relief re:
   Inpatient Treatment, May 16, 2013, Docket No. 4617, at 2:8-7:6, 7:7-
   10:10.

### B.  Defendants' Admissions

It is undisputed that the Program Guide, developed by defendants to remedy Eighth Amendment violations in timely access to appropriate psychiatric care, requires that all prisoners be provided with access to inpatient psychiatric hospitalization and includes no exception for death row prisoners. Dr. Monthei, a San Quentin psychiatrist, has done his best to provide mental health care to death row prisoners without access to ICF level of care, but his efforts, over almost three years, fall far short of replacing or equating the licensed ICF programs, operated by DSH, which should and could be accepting these patients. Dr. Monthei's draft "program" has not even been approved by his superiors at headquarters. There is no plan to license the "program" and concern has been raised that Dr. Monthei's use of unlicensed OHU beds for his "program" may jeopardize the existing San Quentin CTC license. Various defense witnesses, including the Wardens of CMF and Salinas Valley State Prison, as well as the DSH Director of the VPP program at CMF, Ellen Bachman, admitted that ICF programs for the condemned *could* be established at their institutions.

Defendants have submitted the following evidence containing admissions upon which Plaintiffs may rely at trial: Reply Declaration of Eric Monthei, March 22, 2013, Docket No. 4436, at 5:22-6:8; 13:4-17:5; Reply Declaration of Kevin Chappell, March 22, 2013, Docket No. 4437, at 5:4-18; and Reply Declaration of Tim Belavich, March 22, 2013, Docket No. 4472, at 17:8-17:15; Declaration of Eric Monthei, May 9, 2013, Docket

No. 4593, at 2:12-11:11; Exs. 1-17 to Confidential Declaration of Debbie Vorous, filed under seal May 8, 2013 (Records reviewed by Dr. Monthei); Declaration of Ellen Bachman, May 9, 2013, Docket No. 4598, at 8:10-9:19; Declaration of Brian Duffy, May 9, 2013, Docket No. 4599, at 2:24-5:16; Declaration of Tim Belavich, May 9, 2013, Docket No. 4600, at 2:21-4:15; Declaration of Kevin Chappell, May 9, 2013, Docket No. 4601; Declaration of Kathryn Radtkey-Gaither, May 9, 2013, Docket No. 4602, at 16:13-17:13; Declaration of Randolf Grounds, May 10, 2013, Docket No. 4604, at 6:10-8:12; and Exhibits 1-3 to the Declaration of William Downer, May 9, 2013, Docket No. 4595 (supporting documents to Defendants' Opposition to Plaintiffs' Motion).

Plaintiffs will also rely upon excerpts of deposition testimony of Defendants' witnesses Diana Toche, who was deposed on February 22, 2013; Tim Belavich, who was deposed on February 22, 2013 and on August 7, 2013; Christopher Meyer, who was deposed on February 27, 2013; Ellen Bachman, who was deposed on September 20, 2013; Kevin Chappell, who was deposed on September 23, 2013; and Eric Monthei, who will be deposed on September 24, 2013.  Plaintiffs lodged full and accurate transcripts of the depositions of Diana Toche, Christopher Meyer, and the February 22, 2013 deposition of Tim Belavich with the Court on March 15, 2013.  Plaintiffs will lodge full and accurate transcripts of the August 7, 2013 deposition of Tim Belavich and the depositions of Ellen Bachman, Kevin Chappell, and Eric Monthei with the Court in advance of the evidentiary hearing.  Plaintiffs will file a pleading designating excerpts of depositions to be offered as admissions at trial.

### C. Plaintiffs' Trial Witnesses

Plaintiffs will present two expert witnesses in support of their Motion regarding inpatient psychiatric hospitalization for condemned inmates: Dr. Pablo Stewart, a forensic psychiatrist, and Ms. Jeanne Woodford, a corrections expert.  These two witnesses are currently scheduled to testify on Wednesday, October 2.

#### 1. Dr. Pablo Stewart

Dr. Pablo Stewart is an experienced forensic psychiatrist who has previously

[950700-4]

6

PLS.' TRIAL BRIEF ISO MOTION FOR ENFORCEMENT OF COURT ORDERS & AFFIRMATIVE RELIEF RE INPATIENT PSYCHIATRIC HOSPITALIZATION FOR CONDEMNED INMATES

1  provided testimony to this Court on numerous occasions as an expert for the Plaintiff class.
2  Most recently, he testified to the Court on June 19, 2013 in support of Plaintiffs' motion
3  for affirmative relief regarding inpatient psychiatric hospitalization. *See* Docket 4690
4  (June 19, 2013 Evidentiary Hearing Transcript) at 25:3-79:2. Dr. Stewart toured the death
5  row mental health treatment program at San Quentin State Prison on February 26, 2013
6  and visited and assessed the adequacy of the mental health treatment program for prisoners
7  on death row who might need intermediate inpatient hospitalization. *See* Expert
8  Declaration of Pablo Stewart, M.D., Docket 4381, Mar. 14, 2013, ¶¶ 452-471. In a second
9  Declaration filed with this Court on May 16, 2013, Dr. Stewart testified concerning his
10 review of some additional mental health treatment records for seven patients first
11 interviewed during the February 26, 2013 tour, for the period through early May of 2013.
12 *See* Reply Declaration of Pablo Stewart in Support of Plaintiffs' Motion for Enforcement
13 of Court Orders and Affirmative Relief Relating to Inpatient Treatment, Docket 4617-1,
14 May 16, 2013, ¶¶ 3, 5-16.
15      Dr. Stewart will testify concerning his visit to San Quentin and review of the
16 Specialized Care Program, along with his conclusions about the seven condemned
17 individuals he interviewed who were either in or waiting for placement in the new
18 Specialized Care Program. As a result of successful motions to compel, Dr. Stewart has
19 finally had access to the complete medical records for these seven patients from February
20 through August, 2013, and other important information, including the deposition testimony
21 of Ellen Bachman. These records confirm his prior findings concerning the seriousness of
22 these individuals' conditions and their need for intermediate inpatient hospitalization.
23 Dr. Stewart is preparing a Supplemental Declaration based on his review of these and other
24 additional documents, to update his opinions based on this new evidence and to address the
25 undue restrictions on inpatient hospitalization in the VPP.
26      **2.    Ms. Jeanne Woodford**
27      Ms. Jeanne Woodford is an experienced corrections expert who has previously
28 provided testimony to this Court and to the three-judge court as an expert for the Plaintiff

[950700-4]

7

PLS.' TRIAL BRIEF ISO MOTION FOR ENFORCEMENT OF COURT ORDERS & AFFIRMATIVE RELIEF RE INPATIENT PSYCHIATRIC HOSPITALIZATION FOR CONDEMNED INMATES

class. Most recently, she testified to the Court on June 19, 2013 in support of Plaintiffs' motion for affirmative relief regarding inpatient psychiatric hospitalization. *See* Docket 4690 (June 19, 2013 Evidentiary Hearing Transcript) at 125:1-152:22. Ms. Woodford toured San Quentin State Prison on February 26, 2013, and interviewed numerous correctional officers and staff, as well as six inmates who were candidates for intermediate inpatient care. Ms. Woodford's March 14, 2013 Declaration reported on the findings from her February 26, 2013 tour, her contemporaneous and subsequent review of custody records for numerous condemned inmates, and her review of other documents regarding the provision of mental health care services to condemned inmates. *See* Expert Declaration of Jeanne Woodford, Mar. 14, 2013, Docket 4380, ¶¶ 15-17.

Ms. Woodford will testify concerning her inspection of San Quentin and the opinions she has formed on the basis of that visit and of her contemporaneous and subsequent review of documents. Generally, Ms. Woodford will testify as to her understanding of the unique needs of condemned inmates, her evaluation of current inadequacies in San Quentin's systems for providing mental health care to condemned inmates and for screening condemned inmates who may be in need of such care, and her opinion that there is no custodial justification for a blanket ban on the transfer of condemned inmates to DSH facilities for care or for blanket restrictions upon those inmates' participation in DSH programming. Ms. Woodford will also testify as to her review of updated records for the period of March – August 2013, recently produced by Defendants in discovery, which review confirmed her opinion that none of the particular

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

[950700-4]

1  individuals whose records she reviewed present custodial risks sufficient to justify their
2  inclusion in a blanket ban from DSH facilities or programs.
3
4  DATED: September 23, 2013          Respectfully submitted,
5                                     ROSEN BIEN GALVAN & GRUNFELD LLP
6
                                      By: */s/ Michael W. Bien*
7                                         Michael W. Bien
8                                     Attorneys for Plaintiffs

[950700-4]

9

PLS.' TRIAL BRIEF ISO MOTION FOR ENFORCEMENT OF COURT ORDERS & AFFIRMATIVE RELIEF RE INPATIENT PSYCHIATRIC HOSPITALIZATION FOR CONDEMNED INMATES