KAMALA D. HARRIS
Attorney General of California
JAY C. RUSSELL
Supervising Deputy Attorney General
DEBBIE VOROUS, State Bar No. 166884
PATRICK R. MCKINNEY, State Bar No. 215228
JESSICA S. KIM, State Bar No. 257766
MANEESH SHARMA, State Bar No. 280084
Deputy Attorneys General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 323-8789
Fax: (916) 324-5205
E-mail: Jessica.Kim@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br>Plaintiffs,<br>**v.**<br>**EDMUND G. BROWN JR., et al.,**<br>Defendants. | 2:90-cv-00520 LKK DAD<br>**DEFENDANTS' MOTION TO QUASH PLAINTIFFS' TRIAL SUBPOENAS SEEKING TO TURN THE COURTROOM INTO AN ARMORY**<br>Date: TBD<br>Time: TBD<br>Courtroom: 4<br>Judge: The Honorable Lawrence K. Karlton<br>Action Filed: 1990 |

**NOTICE OF MOTION AND MOTION**

**TO PLAINTIFF RALPH COLEMAN AND HIS ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendants move this Court for an order quashing Plaintiffs' trial subpoenas dated September 9, 2013 and September 25, 2013, both of which seek to turn the courtroom into an armory. This motion is based on this notice and points and authorities, the Declaration of Jessica Kim and the exhibits attached thereto, the Declaration of S.

Brown, the Court's file in this case, and any further argument presented to the Court regarding this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

After the close of discovery, Plaintiffs served a subpoena demanding that an unidentified CDCR Custodian of Records bring fourteen separate sets of weapons, equipment, and objects to the upcoming evidentiary hearing. More than two weeks later, after receiving Defendants' objections and apparently realizing the subpoena was defective, Plaintiffs issued an identical subpoena, this time directed at the Director of CDCR's Division of Adult Institutions.

The subpoenas are defective for several reasons. First, Plaintiffs' subpoena is untimely because discovery closed on August 23, 2013, and Plaintiffs never requested any of the items they now demand while discovery was open. Second, the use of a Rule 45 subpoena to obtain tangible evidence from a party is improper. Third, the items sought by the trial subpoena are irrelevant; none of the specific requested items are at issue and Plaintiffs do not even make an allegation regarding several of the types of items requested. Fourth, even if an item requested by the subpoena had some marginal relevance, the probative value (if any) of the requested items is substantially outweighed by a danger of unfair prejudice, confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence. Fifth, Plaintiffs' attempt to require production of weapons which they have no expertise in handling poses legitimate safety concerns for the Court, the parties, and the public. Finally, Plaintiffs' subpoena imposes an undue burden. The burden and expense of collecting and transporting the menagerie of subpoenaed objects would be substantial. Bringing these objects to trial would serve no apparent purpose, especially since Plaintiffs' experts are not qualified to authenticate these objects. For all these reasons, the Court should quash Plaintiffs' subpoenas.

### II. PLAINTIFFS' SUBPOENAS

On September 9, 2013, Plaintiffs served to the Attorney General's Office a subpoena directed to "Custodian of Records" of CDCR. (Kim Decl., Ex. A [Subpoena Served on September 9, 2013].) The subpoena requested that the Custodian of Records appear at the district

court on September 26, 2013 at 9:00 a.m. The subpoena demanded that the Custodian of Records bring the following objects to trial:

1. A custody staff duty belt, including a radio, handcuffs, and gas mask
2. An expandable baton
3. The uniform worn by a member of a CDCR cell-extraction team, including helmet and all protective gear
4. MK3, MK4, MK9, and MK47 OC canisters (empty).
5. The shield CDCR custody staff typically uses for cell extractions
6. A spit mask.
7. 37mm and 40mm block guns (unloaded), all types of ammunition used with these weapons at CDCR adult institutions.
8. All types of OC grenades used at COCR adult institutions (empty)
9. All sizes CS and/or CN (tear gas) canisters utilized in CDCR adult institutions (empty)
10. All types of CS and/or CN (tear gas) grenades used at CDCR adult institutions (empty)
11. A barricade removal devise with OC canister (empty)
12. An OC wand applicator
13. All types of rifles used by COCR custody staff in control towers at CDCR adult institutions (unloaded)
14. Any other weapons used to dispense DC, CN, or CS not otherwise listed

*Id*. Defendants timely objected on September 23, 2013. (Kim Decl., Ex. B [Objections Served on September 23, 2013]; Fed. R. Civ. P. 45(c)(2)(B).) One of Defendants' stated objections was that the subpoena was defective because it was not directed to a person who possesses, controls, or maintains custody of those tangible things. (Kim Decl. Ex. B; Fed. R. Civ. P. 45 (a)(1)(A).)

On September 25, 2013, after receiving Defendants' objections, Plaintiffs abandoned their original subpoena and served an identical subpoena directed at the Director of CDCR's Division of Adult Institutions. (*Id.* Ex. C.) At the same time, Plaintiffs' counsel sought access to a CDCR institution to take photographs of the items requested by the subpoena. Plaintiffs visited several CDCR institutions while discovery was ongoing, accompanied by a photographer. While

Plaintiffs may bring any exemplars they choose to the evidentiary hearing, there is no basis for compelling Defendants to bring items Plaintiffs had every opportunity to gather during discovery.

## III. ARGUMENT

### A. The Court Should Quash Plaintiffs' Trial Subpoenas Because They Are Untimely.

Discovery on Plaintiffs' motion related to use of force and disciplinary measures closed on August 23, 2013. (8/9/13 Order, ECF 4738, 8/1/13 Order, ECF 4725; 7/10/13 Order, ECF 4687; 6/11/13 Order, ECF 4646; Stipulation, ECF 4683.) Discovery was reopened on September 5, 2013, solely for the purpose of completing the depositions of Ellen Bachman, Pam Ahlin, Dr. Eric Monthei, Kevin Chappell, and witnesses who tendered evidence in plaintiffs' August 23, 2013 reply briefs. (ECF No. 4786.) Parties are not permitted to use a subpoena to circumvent a discovery deadline. *See Rice v. United States*, 164 F.R.D. 556, 558 (N.D. Okla. 1995) (granting a motion to quash a subpoena duces tecum after finding that it should have been served before the discovery deadline).

In California, federal courts recognize that Federal Rule of Civil Procedure 45 allows for two separate types of subpoenas: pretrial discovery subpoenas and trial subpoenas. *nSight, Inc. v. PeopleSoft, Inc.*, 3:04 CV 3836 MMC(MEJ), 2006 WL 988807 (N.D. Cal. Apr. 13, 2006). Pretrial discovery subpoenas may be used to request the production of inspection of documents and tangible things. *Id*. But trial subpoenas are more limited—trial subpoenas may only be used to demand attendance at a hearing or to secure original documents previously disclosed by discovery. *See Id; Ying Liu v. Next Step Res. of Ohio, Inc.*, 2:10-CV-146, 2013 WL 394518 (S.D. Ohio Jan. 31, 2013). Here, Plaintiffs had the opportunity during the discovery period to request inspection of the weapons, equipment, and objects listed in their trial subpoena. Plaintiffs never made a request under Rule 34 to inspect these objects. Plaintiffs and their counsel also visited several CDCR institutions, accompanied by a photographer who took photos at the request of Plaintiffs' counsel and their experts. Plaintiffs apparently intend to inspect for the first time, during the course of the hearing, CDCR's weapons, equipment, and objects. This would violate the Court's discovery orders, and waste the Court and the parties' time.

**B. The Court Should Quash the Subpoenas Because They Are Improperly Directed at a Party.**

Once again, Plaintiffs misuse Rule 45 to seek discovery from a party witness. Courts have ruled that a Rule 45 subpoena is never proper against a party for any reason. *See, e.g., Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 100 (D. Mass. 1996); *Alper v. United States*, 190 F.R.D. 281, 283 (D. Mass. 2000) (holding that Rule 34 is the exclusive means of obtaining documents or other tangible evidence from a party). As discussed above, Plaintiffs made no attempt to obtain the requested items through a properly-noticed Rule 34 request, and the Court should not permit this belated attempt to obtain discovery from a party.

**C. The Court Should Quash the Subpoena Because the Items Sought Are Irrelevant.**

"Evidence which is not relevant is not admissible" at trial. Fed. R. Evid. 402. Here, none of the items requested are relevant to the issues at the evidentiary hearing. Plaintiffs do not seek these items because any of the particular items were used against Plaintiffs. Rather, they concede that these are only "exemplars" which they do not intend to offer into evidence. (*See* Kim Decl. Exs. A.) Moreover, as detailed in Defendants' objections (*see id.* Ex. B), Plaintiffs have not made an allegation or submitted evidence with respect to most of the categories of items requested. Items which have no relationship to an allegations made by the Plaintiffs cannot prove "any fact . . . of consequence in determining the action." Fed. R. Evid. 401.

**D. Any Marginal Relevance Is Substantially Outweighed by the Danger of Unfair Prejudice, Confusing the Issues, Undue Delay, Wasting Time, and Needlessly Presenting Cumulative Evidence.**

Plaintiffs concede that the items requested in the subpoenas are irrelevant by their concession that they are mere exemplars. Even if Plaintiffs could demonstrate some threshold level of relevance for a particular item, it should be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues . . . undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Here, Rule 403's balancing test requires exclusion. Plaintiffs make no allegation concerning many of the requested items, and it would be misleading for Plaintiffs to present "exemplars" when Plaintiffs presented no evidence that they have ever been used against one of

their clients. Moreover, Plaintiffs presumably took photographs during their site visits and can present those photos at the hearing. Even if they failed to take a photo of one or more of the items requested in the subpoena, many of these products are commercially available and photos are thus equally available to Plaintiffs. Requiring Defendants to produce physical examples of these items is an unnecessary waste of time.

**E. Any Marginal Relevance Is Also Substantially Outweighed by Safety Concerns.**

Plaintiffs seek to turn the courtroom into an armory with no justification. Plaintiffs have not demonstrated that they or their experts are peace officers, or have any business handling weapons in a courtroom. Moreover, Plaintiffs demand for numerous forms of pepper spray and tear gas—even if empty—may cause residue to be released into the courtroom. (Brown Decl. ¶ 6.) The safety of the Court, the parties, their counsel, and members of the public who may observe the proceedings demands that Plaintiffs subpoenas be quashed.

**F. The Court Should Quash Plaintiffs' Subpoenas Because They Impose an Undue Burden.**

The party issuing a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. Fed. R. Civ. P. 45(c)(1). The issuing court must quash or modify a subpoena that subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(iv).

Here, the burden and expense to produce the weapons, equipment, and objects demanded by the subpoena are enormous. The weapons, equipment, and objects are not located at headquarters, and would need to be collected from several different CDCR institutions located through out the state. (*Id.* at ¶¶ 3-5.) At least one CDCR employee would have to devote several days to locating the objects, traveling to various institutions to gather the objects, bringing the objects to the court, and then retrieving and returning the objects after the hearing. (*Id.* ¶ 5.) The demand for OC grenades and canisters, and CS and/or CN grenades and canisters are particularly onerous because empty grenades and canisters have the potential for leaving some residue, and therefore would impose additional burden on the CDCR employees handling these objects and pose an unnecessary threat to the public and court personnel. (*Id.* ¶ 6.)

/ / /

In determining whether a subpoena imposes an undue burden, Courts weigh the burden to the subpoenaed party against the value of the information to the serving party. *Moon v. SCP Pool Corp*., 232 F.R.D. 633, 637 (C.D. Cal. 2005) (citing *Travelers Indem. Co. v. Metropolitan Life Insur. Co*., 228 F.R.D. 111, 113 (D.Conn. 2005).) Here, there is no apparent purpose for Plaintiffs to demand that the subpoenaed objects be brought to the hearing. For instance, Plaintiffs' demand for "All types of rifles used by CDCR custody staff in control towers" would not provide any value. (Kim Decl., Ex. A [Subpoena Served on September 9, 2013].) Plaintiffs' motion and Plaintiffs' experts did not identify a single instance when a control tower rifle was improperly deployed against a *Colema*n class member. Yet, Plaintiffs expect CDCR to locate and transport rifles from various institutions throughout California, and for the U.S. Marshal to maintain custody of these rifles for the three weeks of the scheduled hearing. Plaintiffs' demand for the rifles is emblematic of the disregard Plaintiffs' subpoenas show towards the Defendants and the Court's time.

Further, Plaintiffs have no means of entering any of the subpoenaed objects into evidence during the hearing. The objects would require authentication before they are accepted as evidence. Fed. R. Ev. 901. Plaintiffs have identified only two witnesses for the Use of Force hearing—Dr. Edward Kaufman and Mr. Eldon Vail—and neither of these witnesses can authenticate the weapons, equipment, or objects sought by Plaintiffs' subpoenas.

Overall, the burden imposed by the subpoena to Defendants is great, and the value to Plaintiffs of the objects sought is nonexistent or minimal. Accordingly, the Court should quash the subpoena. Fed. R. Civ. P. 45(c)(3)(iv).

### G. If the Court Enforces Plaintiffs' Trial Subpoena, the Objects Requested Should be Reviewed In Camera.

If the Court enforces Plaintiffs' subpoena, and if any of the weapons, equipment, or objects are presented as evidence, Defendants request that the Court review them in camera. If inmates gain knowledge of CDCR's weapons and equipment, it could increase their resistance during use of force incidents and therefore endanger both custody staff and inmates.

/ / /

## IV. CONCLUSION

Plaintiffs' subpoenas are defective, untimely, unsafe, and impose an undue burden. Accordingly, the Court should quash the subpoenas.

Dated: September 27, 2013

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
JAY C. RUSSELL
Supervising Deputy Attorney General

***/s/ Jessica S. Kim***

JESSICA S. KIM
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003

8

Defs.' Mot. To Quash Pls.' Trial Subpoenas Seeking to Turn the Courtroom into an Armory
(2:90-cv-00520 LKK DAD PC)