1  KAMALA D. HARRIS, State Bar No. 146672
   Attorney General of California
2  JAY C. RUSSELL, State Bar No. 122626
   Supervising Deputy Attorney General
3  PATRICK R. MCKINNEY, State Bar No. 215228
   JESSICA S. KIM, State Bar No. 257766
4  MANEESH SHARMA, State Bar No. 280084
   Deputy Attorney General
5    1300 I Street, Suite 125
     P.O. Box 944255
6    Sacramento, CA 94244-2550
     Telephone:  (916) 323-8789
7    Fax:  (916) 324-5205
     E-mail:  Jessica.Kim@doj.ca.gov
8
   *Attorneys for Defendants*
9
                IN THE UNITED STATES DISTRICT COURT
10
              FOR THE EASTERN DISTRICT OF CALIFORNIA
11

12

13

14  **RALPH COLEMAN, et al.,**          2:90-cv-00520 LKK DAD PC

15                      Plaintiffs,    **DECLARATION OF JESSICA S. KIM IN
                                       SUPPORT OF DEFENDANTS'**
16       **v.**                        **OBJECTIONS TO PLAINTIFFS' TRIAL
                                       SUBPOENAS**
17  **EDMUND G. BROWN JR., et al.,**

18                      Defendants.

19

20

21       I, Jessica S. Kim, declare as follows:

22       1.  I am a Deputy Attorney General with the California Office of the Attorney General,

23  attorneys of record for Defendants in this case, and I am licensed to practice in this Court.  I have

24  personal knowledge of the facts stated in this declaration and if called on to testify to those facts,

25  could and would do so competently.  I submit this declaration in support of Defendants'

26  Objections to Plaintiffs' Trial Subpoenas.

27       / / /

28       / / /

                                  1

2.  Plaintiffs served the Attorney General's Office with a subpoena directed to the Custodian of Records of the California Department of Corrections and Rehabilitation (CDCR) on September 9, 2013.   Attached as Exhibit A is a true and correct copy of the subpoena.

3.  Defendants served objections to Plaintiffs' subpoena on September 23, 2013.  Attached as Exhibit B is a true and correct copy of the objections served on September 23, 2013.

4.  Plaintiffs served the Attorney General's Office with another subpoena on September 25, 2013.   This subpoena was directed to the Michael D. Stainer.  Attached as Exhibit C is a true and correct copy of the subpoena served on September 25, 2013.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.  Executed in Sacramento, California on September 27, 2013.


*/s/ Jessica S. Kim*
Jessica S. Kim

CF1997CS0003
31787141.doc

Decl. Jessica S. Kim Supp. Defs.' Objections to Pls.' Trial Subpoenas  (2:90-cv-00520 LKK DAD PC)

EXHIBIT A

**K&L GATES**

K&L GATES LLP
4 EMBARCADERO CENTER, SUITE 1200
SAN FRANCISCO, CA 94111-5994
T 415.882.8200   F 415.882.8220

Megan Cesare-Eastman
D 415.882.8086
F 415.882.8220
megan.cesare-eastman@klgates.com

September 9, 2013

Via Hand Delivery

Jay C. Russell, Supervising Deputy Attorney General
Debbie Vorous, Deputy Attorney General
Patrick R. McKinney, Deputy Attorney General
OFFICE OF THE ATTORNEY GENERAL
455 Golden Gate Avenue, Suite 1100
San Francisco, CA 94102-7004

**RE.**   *Coleman v. Brown*, E.D. Cal. Case No. 2:90-cv-00520 LKK

Dear Counsel:

Pursuant to our agreement on September 9, 2013, in which your office agreed to accept service of the subpoena on behalf of the CDCR, enclosed please find Plaintiffs' Trial Subpoena.

Regards,

Megan Cesare-Eastman

Enclosure

SF-293199 v1

# DEPARTMENT OF JUSTICE
## Civil Service of Process Cover Sheet
**Please circle one**: SAC  SF  OAK  SD  FRESNO

RECEIVED

SEP 0 9 2013  Date Received

4:30 pm

OFFICE OF THE ATTORNEY GENERAL
SAN FRANCISCO, CALIFORNIA
BY_____CLERK

| Case Name: | Ralph Coleman, et al. v. Edmund Brown, et al |
|---|---|

| County : | USDC East. Dist. of Calif. | Court No.: | 2:90cv00520 |
|---|---|---|---|

| Document(s) served: | ☐ Summons and Complaint/Cross Complaint<br>☐ Case Management Conference Memo<br>☐ Case Management Statement<br>☐ Notice of Deposition<br>☐ Civil Case Cover Sheet<br>☐ Statement of Damages<br>☐ Order to File Case Management Statement<br>☐ Alternative Dispute Resolution Policy Statement<br>☐ Deposition Subpoena for Production of Business Records<br>☐ Notice of Consumer or Employee and Objection and check for $15.00<br>☐ Notice of Assignment & Case Management Conference | ☐ Writ of Mandate and Complaint for Declaratory Relief<br><br>☒ Other (please list):<br>Subpoena to appear at trial |
|---|---|---|

| Process Server's Name: | Nathan C. Gray |
|---|---|

| Name of Company: (Include business name, address, and telephone number) | Specialized Legal Service<br>1112 Bryant Street  San Francisco CA.<br>Ste. 200  94103        415-357-0500 |
|---|---|

| Receptionist/ Security Signature: | _____ |
|---|---|

### FOR SERVICE DEPUTY'S USE ONLY

| Forwarded to: | SDAG, Jay C. Russell<br>CLS | Date Forwarded: | 9/9/2013 |
|---|---|---|---|

| Name of Service Deputy, section, and telephone number: | F. Yen, Tort (415) 703-1111 |
|---|---|

| NOTES: | $150 check attached. |
|---|---|

The attached document(s) appear(s) to be the responsibility of your section; if they are **not**, please return them to the service deputy named above, noting the section to which they are to be directed.

(Rev. 5/2004)

AO 88 (Rev. 07/10) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

| | |
|---|---|
| Ralph Coleman, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:90-cv-00520 |
| Edmund G. Brown, Jr., et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Custodian of Records
California Dept. of Corrections and Rehabilitation

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: U.S. District Court for the Eastern Dist. of California 501 I St.  Sacramento, CA 95814 | Courtroom No.: 4 |
|---|---|
| | Date and Time: 09/26/2013 9:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

Please see attached Exhibit 1 for the list of objects to bring to trial

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Fed. R. Civ. P. 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    09/06/2013

*CLERK OF COURT*

OR

_____        ~~Megan Cesare~~
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    Ralph Coleman, et al.
_____ , who issues or requests this subpoena, are:

Megan Cesare-Eastman, K&L Gates LLP, Four Embarcadero Center, Suite 1200, San Francisco, CA  94111 (415) 882-8086; megan.cesare-eastman@klgates.com

AO 88 (Rev.07/10) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 2:90-cv-00520

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88 (Rev. 06/09) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

EXHIBIT 1

1. A custody staff duty belt, including a radio, handcuffs, and gas mask

2. An expandable baton

3. The uniform worn by a member of a CDCR cell-extraction team, including helmet and all protective gear

4. MK3, MK4, MK9, and MK47 OC canisters (empty).

5. The shield CDCR custody staff typically uses for cell extractions

6. A spit mask

7. 37mm and 40mm block guns (unloaded), all types of ammunition used with these weapons at CDCR adult institutions

8. All types of OC grenades used at CDCR adult institutions (empty)

9. All sizes of CS and/or CN (tear gas) canisters utilized in CDCR adult institutions (empty)

10. All types of CS and/or CN (tear gas) grenades used at CDCR adult institutions (empty)

11. A barricade removal devise with OC canister (empty)

12. An OC wand applicator

13. All types of rifles used by CDCR custody staff in control towers at CDCR adult institutions (unloaded)

14. Any other weapons used to dispense OC, CN, or CS not otherwise listed

# EXHIBIT B

1  KAMALA D. HARRIS
   Attorney General of California
2  JAY C. RUSSELL
   Supervising Deputy Attorney General
3  DEBBIE VOROUS, State Bar No. 166884
   PATRICK R. MCKINNEY, State Bar No. 215228
4  JESSICA KIM, State Bar No. 257766
   MANEESH SHARMA, State Bar No. 280084
5  Deputy Attorneys General
     1300 I Street, Suite 125
6    P.O. Box 944255
     Sacramento, CA 94244-2550
7    Telephone:  (916) 323-8789
     Fax:  (916) 324-5205
8    E-mail:  Jessica.Kim@doj.ca.gov
   *Attorneys for Defendants*

9

10              IN THE UNITED STATES DISTRICT COURT

11            FOR THE EASTERN DISTRICT OF CALIFORNIA

12

13

14  | | |
    |---|---|
    | **RALPH COLEMAN, et al.,** | 2:90-cv-00520 LKK JFM PC |
15  | Plaintiffs, | **DEFENDANTS' OBJECTIONS TO** |
16  | | **PLAINTIFFS'  TRIAL SUBPOENA TO** |
    | v. | **CDCR's CUSTODIAN OF RECORDS** |
17  | | |
18  | **EDMUND G. BROWN JR., et al.,** | |
19  | Defendants. | |
20

21

22  **PROPOUNDING PARTY:**        Ralph Coleman, Plaintiff

23  **RESPONDING PARTY:**         Custodian of Records for the California Department of

24  Corrections and Rehabilitation

25                     **GENERAL OBJECTIONS**

26      1.    Defendants object to the subpoena because it was not issued to a person in

27  possession, custody, or control of the objects demanded.  A subpoena for tangible things must be

28  directed to a person who possesses, controls, or maintains custody of those tangible things.  Fed.

                                    1

1   R. Civ. P. 45 (a)(1)(A).  Plaintiffs' subpoena commands the "Custodian of Records" of CDCR to

2   appear at the September 26, 2013, hearing and bring with him or her the objects listed in Exhibit

3   1 of Plaintiffs' subpoena.  However, the objects listed in Exhibit 1, which include various

4   weapons, ammunition, and tactical equipment, are not in the possession, custody, or control of

5   CDCR's "Custodian of Records."  The title "Custodian of Records" refers to an individual

6   designated by an organization to maintain records made and kept in the course of the regularly

7   conducted activity of the organization.  *See, e.g.,* Fed. R. Ev. 803(6).  There is no "Custodian of

8   Records" at CDCR that controls the weapons, equipment, and objects demanded in Plaintiffs'

9   subpoena.  Accordingly, Plaintiffs' subpoena is defective.

10          2.    Defendants object to the subpoena because Federal Rule of Civil Procedure 34 is the

11  exclusive means of obtaining documents or other tangible evidence from a party.  *Alper v. United*

12  *States*, 190 F.R.D. 281, 283 (D. Mass. 2000).  Plaintiffs' issuance of a subpoena to CDCR or its

13  Custodian of Records under Federal Rule of Civil Procedure 45 is therefore improper.

14          3.    Defendants object to the subpoena because it is an untimely trial subpoena.

15  Discovery on Plaintiffs' motion related to use of force and disciplinary measures closed on

16  August 23, 2013.  (8/9/13 Order, ECF 4738, 8/1/13 Order, ECF 4726; 7/10/13 Order, ECF 4687;

17  6/11/13 Order, ECF 4646; Stipulation, ECF 4683.)  Discovery was reopened on September 5,

18  2013, solely for the purpose of completing the depositions of Ellen Bachman, Pam Ahlin, Dr. Eric

19  Monthei, Kevin Chappell, and witnesses who tendered evidence in plaintiffs' August 23, 2013

20  reply briefs.  (ECF No. 4786.)  Parties are not permitted to use a subpoena to circumvent a

21  discovery deadline.  *See Rice v. United States*, 164 F.R.D. 556, 558 (N.D. Okla. 1995) (granting a

22  motion to quash a subpoena duces tecum after finding that it should have been served before the

23  discovery deadline).  In California, federal courts recognize that Federal Rule of Civil Procedure

24  45 allows for two separate types of subpoenas: pretrial discovery subpoenas and trial subpoenas.

25  *nSight, Inc. v. PeopleSoft, Inc.*, 3:04 CV 3836 MMC(MEJ), 2006 WL 988807 (N.D. Cal. Apr. 13,

26  2006).  Pretrial discovery subpoenas may be used to request the production of inspection of

27  documents and tangible things.  *Id*.  But trial subpoenas are more limited—trial subpoenas may

28  only be used to demand attendance at a hearing or to secure original documents previously

2

1   disclosed by discovery. *See id.*; *Ying Liu v. Next Step Res. of Ohio, Inc.*, 2:10-CV-146, 2013 WL

2   394518 (S.D. Ohio Jan. 31, 2013).  Here, Plaintiffs had the opportunity during the discovery

3   period to request inspection of the weapons, gear, and objects listed in their trial subpoena.

4   Plaintiffs never took this opportunity, and none of their experts have inspected the demanded

5   weapons, equipment, or objects.  Plaintiffs apparently intend to inspect for the first time, during

6   the course of the hearing, CDCR's weapons, gear, and objects.  This would violate the Court's

7   discovery orders, and waste the Court and the parties' time.

8       4.    Defendants object to the subpoena because it is imposes an undue burden and

9   expense.  The party issuing a subpoena must take reasonable steps to avoid imposing undue

10  burden or expense on a person subject to the subpoena.  Fed. R. Civ. P. 45 (c)(1).  Here, the

11  burden and expense to produce the weapons, gear, and objects demanded by the subpoena are

12  enormous.  The weapons, equipment, and objects are not located at headquarters, but would need

13  to be collected from several different CDCR institutions located through out the state.  At least

14  one CDCR employee would have to devote several days to locating the objects, traveling to

15  various institutions to gather the objects, bringing the objects to the court, and then retrieving and

16  returning the objects after the hearing.  Finally, CDCR adheres to a process of disposing of empty

17  weapons such as MK 3,4,9, or MK 47 OC cannisters, or OC grenades.  A party is not require to

18  produce items that it does not have in its possession, custody, or control.  Fed. R. Civ. P.

19  45(a)(1)(A)(iii).

20      5.    Defendants object to the subpoena because it seeks irrelevant information, and

21  information not reasonably calculated to lead to the discovery of admissible evidence.  There is

22  no apparent purpose for Plaintiffs to demand that these objects be brought to the hearing.

23  Plaintiffs have no means of entering these objects into evidence during the hearing.  Moreover,

24  Plaintiffs have made no allegation, nor presented any evidence, regarding several categories of

25  the items requested.

26      6.    Defendants object to the subpoena because the probative value (if any) of the

27  requested items is substantially outweighed by  a danger of unfair prejudice, confusing the issues,

28  undue delay, wasting time, or needlessly presenting cumulative evidence.  Fed. R. Evid. 403.

3

Defs.' Objections to Plaintiffs' Trial Subpoena  (2:90-cv-00520 LKK JFM PC)

7.    Defendants object to the subpoena because the objects would require authentication before they are accepted as evidence.  Fed. R. Ev. 901.  Plaintiffs have identified only two witnesses for the Use of Force hearing—Dr. Edward Kaufman and Mr. Eldon Vail— and neither of these witnesses can authenticate the weapons, equipment, or objects sought by Plaintiffs' subpoena.

**OBJECTS DEMANDED BY THE SUBPOENA 1:**

A custody staff duty belt, including a radio, handcuffs, and gas mask.

**RESPONSE 1:**

Defendants incorporate by reference the above General Objections as though fully stated in this response.  Defendants further object to this demand as ambiguous and unduly burdensome. Defendants further object to this demand because it seeks irrelevant information, or information not reasonably calculated to lead to the discovery of admissible evidence.

**OBJECTS DEMANDED BY THE SUBPOENA 2:**

An expandable baton.

**RESPONSE 2:**

Defendants incorporate by reference the above General Objections as though fully stated in this response.  Defendants further object to this demand as ambiguous and unduly burdensome. Defendants further object to this demand because it seeks irrelevant information, or information not reasonably calculated to lead to the discovery of admissible evidence.

**OBJECTS DEMANDED BY THE SUBPOENA 3:**

The uniform worn by a member of a CDCR cell-extraction team, including helmet and all protective gear.

**RESPONSE 3:**

Defendants incorporate by reference the above General Objections as though fully stated in this response.  Defendants further object to this demand as ambiguous, overbroad, and unduly burdensome.  Defendants further object to this demand because it seeks irrelevant information, or information not reasonably calculated to lead to the discovery of admissible evidence.  This

4

Defs.' Objections to Plaintiffs' Trial Subpoena  (2:90-cv-00520 LKK JFM PC)

demand is particularly irrelevant as Plaintiffs have neither made an allegation, nor submitted argument or evidence, related to the uniform worn by members of CDCR officers in any context.

**OBJECTS DEMANDED BY THE SUBPOENA 4:**

MK3, MK4, MK9, and MK47 OC canisters (empty)

**RESPONSE 4:**

Defendants incorporate by reference the above General Objections as though fully stated in this response. Defendants further object to this demand as ambiguous and unduly burdensome. The demand for OC canisters is particularly burdensome and onerous because empty canisters have the potential for leaving some residue, and therefore would impose additional burden on the CDCR employees handling these objects and pose an unnecessary threat to the public and court personnel. Defendants further object to this demand because it seeks irrelevant information, or information not reasonably calculated to lead to the discovery of admissible evidence. This demand is particularly irrelevant as Plaintiffs have neither made an allegation, nor submitted argument or evidence, related to MK3, MK4, or MK47 pepper spray.

**OBJECTS DEMANDED BY THE SUBPOENA 5:**

The shield CDCR custody staff typically uses for cell extractions.

**RESPONSE 5:**

Defendants incorporate by reference the above General Objections as though fully stated in this response. Defendants further object to this demand as ambiguous and unduly burdensome. Defendants further object to this demand because it seeks irrelevant information, or information not reasonably calculated to lead to the discovery of admissible evidence.

**OBJECTS DEMANDED BY THE SUBPOENA 6:**

A spit mask.

**RESPONSE 6:**

Defendants incorporate by reference the above General Objections as though fully stated in this response. Defendants further object to this demand as ambiguous and unduly burdensome. Defendants further object to this demand because it seeks irrelevant information, or information not reasonably calculated to lead to the discovery of admissible evidence.

5

**OBJECTS DEMANDED BY THE SUBPOENA 7:**

37mm and 40mm block guns (unloaded), all types of ammunition used with these weapons at CDCR adult institutions.

**RESPONSE 7:**

Defendants incorporate by reference the above General Objections as though fully stated in this response. Defendants further object to this demand as ambiguous, overbroad, and unduly burdensome. Defendants further object to this demand because it seeks irrelevant information, or information not reasonably calculated to lead to the discovery of admissible evidence. This demand is particularly irrelevant as Plaintiffs have neither made an allegation, nor submitted argument or evidence, related to block guns and ammunition of any type.

**OBJECTS DEMANDED BY THE SUBPOENA 8:**

All types of OC grenades used at CDCR adult institutions (empty).

**RESPONSE 8:**

Defendants incorporate by reference the above General Objections as though fully stated in this response. Defendants further object to this demand as ambiguous, overbroad, duplicative, and unduly burdensome. The demand for OC grenades is particularly burdensome and onerous because empty grenades have the potential for leaving some residue, and therefore would impose additional burden on the CDCR employees handling these objects and pose an unnecessary threat to the public and court personnel. Defendants further object to this demand because it seeks irrelevant information, or information not reasonably calculated to lead to the discovery of admissible evidence.

**OBJECTS DEMANDED BY THE SUBPOENA 9:**

All sizes of CS and/or CN (tear gas) canisters utilized in CDCR adult institutions (empty).

**RESPONSE 9:**

Defendants incorporate by reference the above General Objections as though fully stated in this response. Defendants further object to this demand as ambiguous, overbroad, and unduly burdensome. The demand for CS and/or CN (tear gas) canisters is particularly onerous because empty canisters have the potential for leaving some residue, and therefore would impose

6

1  additional burden on the CDCR employees handling these objects and pose an unnecessary threat

2  to the public and court personnel.  Defendants further object to this demand because it seeks

3  irrelevant information, or information not reasonably calculated to lead to the discovery of

4  admissible evidence.  This demand is particularly irrelevant as Plaintiffs have neither made an

5  allegation, nor submitted argument or evidence, related to CS, CN, or any other form of tear gas.

6  **OBJECTS DEMANDED BY THE SUBPOENA 10:**

7    All types of CS and/or CN (tear gas) grenades used at CDCR adult institutions (empty).

8  **RESPONSE 10:**

9    Defendants incorporate by reference the above General Objections as though fully stated

10  in this response.  Defendants further object to this demand as ambiguous, overbroad, duplicative,

11  and unduly burdensome.  The demand for CS and/or CN (tear gas) grenades is particularly

12  burdensome and onerous because empty grenades have the potential for leaving some residue,

13  and therefore would impose additional burden on the CDCR employees handling these objects

14  and pose an unnecessary threat to the public and court personnel.  Defendants further object to

15  this demand because it seeks irrelevant information, or information not reasonably calculated to

16  lead to the discovery of admissible evidence.  This demand is particularly irrelevant as Plaintiffs

17  have neither made an allegation, nor submitted argument or evidence, related to CS, CN, or any

18  other form of tear gas.

19  **OBJECTS DEMANDED BY THE SUBPOENA 11:**

20    A barricade removal devise with OC canister (empty).

21  **RESPONSE 11:**

22    Defendants incorporate by reference the above General Objections as though fully stated in

23  this response.  Defendants further object to this demand as ambiguous, overbroad, and unduly

24  burdensome.  The demand for the OC canister is particularly onerous because empty canisters

25  have the potential for leaving some residue, and therefore would impose additional burden on the

26  CDCR employees handling this object and pose an unnecessary threat to the public and court

27  personnel.  Defendants further object to this demand because it seeks irrelevant information, or

28  information not reasonably calculated to lead to the discovery of admissible evidence.

7

1  **OBJECTS DEMANDED BY THE SUBPOENA 12:**

2      An OC wand applicator.

3  **RESPONSE 12:**

4      Defendants incorporate by reference the above General Objections as though fully stated in

5  this response.  Defendants further object to this demand as ambiguous, overbroad, and unduly

6  burdensome.  Defendants further object to this demand because it seeks irrelevant information, or

7  information not reasonably calculated to lead to the discovery of admissible evidence.

8  **OBJECTS DEMANDED BY THE SUBPOENA 13:**

9      All types of rifles used by CDCR custody staff in control towers at CDCR adult

10  institutions (unloaded).

11  **RESPONSE 13:**

12      Defendants incorporate by reference the above General Objections as though fully stated in

13  this response.  Defendants further object to this demand as ambiguous, overbroad, and unduly

14  burdensome.  Defendants further object to this demand because it seeks irrelevant information, or

15  information not reasonably calculated to lead to the discovery of admissible evidence.  This

16  demand is particularly irrelevant as Plaintiffs have neither made an allegation, nor submitted

17  argument or evidence, related to the rifles used by CDCR custody staff in control towers.

18  **OBJECTS DEMANDED BY THE SUBPOENA 14:**

19      Any other weapons used to dispense OC, CN, or CS not otherwise listed.

20  **RESPONSE 14:**

21      Defendants incorporate by reference the above General Objections as though fully stated

22  in this response.  Defendants further object to this demand as vague, ambiguous, overbroad,

23  duplicative, and unduly burdensome.  Defendants further object to this demand because it seeks

24  irrelevant information, or information not reasonably calculated to lead to the discovery of

25  admissible evidence.  This demand is particularly irrelevant as Plaintiffs have neither made an

26  / / /

27  / / /

28  / / /

8

1  allegation, nor submitted argument or evidence, related any other weapons demanded by this

2  request.

3  Dated:  September 23, 2013                        Respectfully submitted,

4                                                    KAMALA D. HARRIS
                                                     Attorney General of California
5                                                    JAY C. RUSSELL
                                                     Supervising Deputy Attorney General
6

7                                                    */s/ Jessica S. Kim*

8

9                                                    JESSICA S. KIM
                                                     Deputy Attorney General
10                                                   *Attorneys for Defendants*

11  CF1997CS0003
    31789482.doc

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defs.' Objections to Plaintiffs' Trial Subpoena  (2:90-cv-00520 LKK JFM PC)

<u>**DECLARATION OF SERVICE BY U.S. MAIL**</u>

Case Name:  **Coleman v. Brown, et al.,**
No.:            **2:90-cv-00520 LKK JFM PC**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On <u>September 23, 2013</u>, I served the attached  **DEFENDANTS' OBJECTIONS TO PLAINTIFFS' TRIAL SUBPOENA TO CDCR's CUSTODIAN OF RECORDS** by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

Aaron J. Fischer, Esq.
ROSEN BIEN GALVAN
   & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104

Megan Cesare-Eastment, Esq.
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111-5994

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on September 23, 2013, at Sacramento, California.

| B. Moseman | */s/ B. Moseman* |
|:---:|:---:|
| Declarant | Signature |

CF1997CS0003
31793736.doc

# EXHIBIT C

**K&L GATES**

**K&L GATES LLP**
4 EMBARCADERO CENTER, SUITE 1200
SAN FRANCISCO, CA 94111
T +1 415 882 8200   F +1 415 882 8220   klgates.com

Jeffrey L. Bornstein
415.249.1059
*jeff.bornstein@klgates.com*

September 25, 2013

**Via Hand Delivery and Email**

Jay C. Russell, Supervising Deputy Attorney General
Debbie Vorous, Deputy Attorney General
Patrick R. McKinney, Deputy Attorney General
OFFICE OF THE ATTORNEY GENERAL
455 Golden Gate Avenue, Suite 1100
San Francisco, CA 94102-7004

Re: *Coleman v. Brown*, E.D. Cal. Case No. 2:90-cv-00520 LKK

Dear Counsel:

Please find enclosed Plaintiffs' Trial Subpoena directed to Michael Stainer, Deputy Director-Facility Operations of the Division of Adult institutions for the California Department of Corrections and Rehabilitation.

Kindly advise immediately in the event that you will not accept service on his behalf.

We are willing to work with you to obtain photographs of these items. Please let us know if you are willing to work with us to photograph the requested items.

Very truly yours,

Jeffrey L. Bornstein

Enclosure

AO 88 (Rev. 07/10) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of California

| | |
|---|---|
| RALPH COLEMAN, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:90-cv-00520 |
| EDMUND G. BROWN, JR., et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: MICHAEL D. STAINER

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: U.S. District Court, Eastern District of California 501 I Street, Sacramento, CA 95814 | Courtroom No.: 4 |
|---|---|
| | Date and Time: 10/01/2013 9:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:
Please see attached Exhibit 1 for the list of objects to bring to trial.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Fed. R. Civ. P. 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 09/25/2013

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Ralph Coleman, et al.
_____ , who issues or requests this subpoena, are:

Jeffrey L. Bornstein; K&L Gates LLP, 4 Embarcadero Center, Suite 1200, San Francisco, CA 94111; (650) 798-6700

EXHIBIT 1

1. A custody staff duty belt, including a radio, handcuffs, and gas mask

2. An expandable baton

3. The uniform worn by a member of a CDCR cell-extraction team, including helmet and all protective gear

4. MK3, MK4, MK9, and MK46 OC canisters (empty).

5. The shield CDCR custody staff typically uses for cell extractions

6. A spit mask

7. 37mm and 40mm block guns (unloaded), all types of ammunition used with these weapons at CDCR adult institutions

8. All types of OC grenades used at CDCR adult institutions (empty)

9. All sizes of CS and/or CN (tear gas) canisters utilized in CDCR adult institutions (empty)

10. All types of CS and/or CN (tear gas) grenades used at CDCR adult institutions (empty)

11. A barricade removal devise with OC canister (empty)

12. An OC wand applicator

13. All types of rifles used by CDCR custody staff in control towers at CDCR adult institutions (unloaded)

14. Any other weapons used to dispense OC, CN, or CS not otherwise listed

AO 88 (Rev.07/10) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No.  2:90-cv-00520

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).