KAMALA D. HARRIS
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
JAY C. RUSSELL
Supervising Deputy Attorney General
DEBBIE VOROUS, State Bar No. 166884
PATRICK R. MCKINNEY, State Bar No. 215228
JESSICA KIM, State Bar No. 257766
MANEESH SHARMA, State Bar No. 280084
Deputy Attorneys General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-3035
 Fax:  (415) 703-5843
 E-mail:  Patrick.McKinney@doj.ca.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EDMUND G. BROWN JR., et al.,<br><br>Defendants. | 2:90-cv-00520 LKK DAD PC<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 7: TO EXCLUDE THE SUPPLEMENTAL DECLARATION AND TESTIMONY OF PLAINTIFFS' "REBUTTAL" EXPERT WITNESS EDWARD KAUFMAN, M.D.**<br><br>Date:     October 1, 2013<br>Time:     10:30 a.m.<br>Dept:     4<br>Judge:    The Honorable Lawrence K. Karlton<br><br>Action Filed:  1990 |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on October 1, 2013, at 10:30 a.m., or as soon thereafter as this matter may be heard, Defendants will and hereby do move the Court for an order to exclude the supplemental declaration and testimony of Plaintiffs' "rebuttal" expert, Edward Kaufman.

Defendants base this motion on this Notice of Motion, the attached Memorandum of Points and Authorities, Defendants' Motion In Limine No. 1 to exclude Dr. Kaufman's testimony (ECF No. 4793), the Court's file in this action, oral argument of counsel, and any other matters that may come before this Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   INTRODUCTION.**

Defendants originally moved to exclude Dr. Kaufman's declaration and testimony in a motion in limine filed on September 12, 2013. (ECF No. 4793.) On September 15, 2013, in an e-mail responding to Defendants' motion in limine, Dr. Kaufman conceded Defendants' argument that his testimony should be excluded, stating: "**The fact is I am not an expert at all in use of force.**" (Vorous Decl., Ex. A, Kaufman_001560 [Email from Dr. Kaufman to L. Rifkin on 9/15/13 at 9:41 a.m.](emphasis added).) This motion in limine is necessary because on September 20, 2013, on the eve of the scheduled hearing, Plaintiffs provided Defendants with Dr. Kaufman's supplemental declaration.[1] (Vorous Decl., Ex. B, [Kaufman Depo. 227:22-228:1.]).

Defendants incorporate in full the arguments from Defendant's September 12, 2013 motion in limine, which have been strengthened by Dr. Kaufman's deposition testimony and related discovery.[2]  As argued in that motion, this Court should preclude Dr. Kaufman from testifying

---

[1] Plaintiffs filed this supplemental declaration on September 23, 2013. (ECF No. 4825.) Defendants respectfully request that the Court consider this motion in limine; Defendants could not submit it earlier because Defendants received Dr. Kaufman's supplemental declaration after the motion in limine deadline.

[2] Consistent with the Court's September 5, 2013 Order, Defendants' deposed Dr. Kaufman on September 21, 2013. Defendants respectfully note that the scheduling for the upcoming hearing did not permit motions in limine to be heard before the taking of deposition, and by taking Dr. Kaufman's deposition, Defendants do not waive any argument in Defendants' prior motion in limine or current motion in limine.

1

about the opinions offered in his supplemental declaration—or second reply declaration—because the declaration is untimely and improper. Further, Dr. Kaufman's supplemental declaration supports Defendants' position that the Court should exclude Dr. Kaufman's opinions because he is not qualified as a use of force expert, and his opinions are not based on a reliable methodology.

## II. THE COURT SHOULD EXCLUDE DR. KAUFMAN'S UNTIMELY SUPPLEMENTAL DECLARATION AND PRECLUDE ANY TESTIMONY ON ITS CONTENTS

After the opening reports and opposition reports, a reply to the opposition may not be served by a brand-new expert. *See Lujan v. National Wildlife Federation*, 497 U.S. 871, 894-95 (1990). Dr. Kaufman's first declaration, which contained new opinions and evidence, violated both the rule that new evidence cannot be submitted with a reply, and this Court's case management orders. (ECF No. 4793 at 5-6.) Plaintiffs' concession of their failure to carry their initial burden on their motion related to use of force and the disciplinary process continues with their filing of a second reply declaration from their brand-new use of force expert, Edward Kaufman. This declaration is apparently intended to raise a new theory, by which Plaintiffs attempt to raise factual and credibility disputes with Defendants' evidence. And as the Court noted in its April 5, 2013 order denying the termination motion, "as in any motion, the court need not address disputes and credibility issues that are not material and can have no effect on the outcome of the motion." (ECF 4539 at 7.) Here, in accordance with the allocations of the burdens of production and proof, unless Plaintiffs meet their initial burden of production, their use-of-force motion must be denied. "There would, in that case, be no reason to consider the evidence produced [by the party opposing the motion] . . . and no need to consider brand new evidence produced [] in reply." (*Id.* at 7-8.) If the Court applies the same standard here, and there is no reason it should not, Plaintiffs' motion must be denied without ever reaching this brand new evidence produced on the eve of the hearing.

Dr. Kaufman's supplemental declaration is filed in support of a motion that Plaintiffs filed four months earlier, on May 29, 2013. (ECF No. 4683.) By the time they filed their motion, Plaintiffs were responsible for discovering and submitting enough evidence to carry their burden of proof. Instead, in the four months following their motion, Plaintiffs have continued to conduct

2

1  discovery and submit expert declarations to try to support their allegations which were rebutted
2  by Defendants' opposition.  (ECF 4704-09 & 4713.)
3       Plaintiffs contend that Dr. Kaufman's two declarations are for the sole purpose of
4  rebutting Mr. Martin's testimony.  (ECF No. 4815 at 3.)  Plaintiffs also assert that Defendants
5  raised for their first time in their opposition the issue of whether Defendants' use of force policies
6  caused physical and psychological harm to *Coleman* class members.  (*Id.* at 3).  But in their
7  Opposition to Motion in Limine No. 1, Plaintiffs conceded that this issue was first raised "almost
8  two decades ago."  (*Id.* at 6.)  Plaintiffs also raised this issue in their motion, arguing that
9  "Defendants' continued use of unnecessary and excessive force, and inappropriate punitive
10 disciplinary measures against Coleman class members causes them grave physical and
11 psychological harm."  (ECF No. 4683 at 8; *see also id.* at 11 & 55.)  Plaintiffs' belated realization
12 that they did not proffer any evidence to support this allegation provides no basis to permit
13 testimony from a brand-new expert on reply.  Dr. Kaufman opines in his declaration and
14 supplemental declaration that CDCR's use of force policies cause long-term psychological harm
15 to Coleman class members.  (ECF No. 4766-3; ECF No. 4825.)  These opinions are clearly meant
16 to bolster arguments Plaintiffs originally raised in their motion.  But as noted by the Court in its
17 April 5, 2013 Order, this evidence should have been submitted in moving papers, not on reply.
18 (ECF 4539 at 34 n.35.)  The submission of new evidence—particularly of purported expert
19 testimony—this late in the proceedings makes it nigh impossible for Defendants to fairly and
20 adequately prepare for the upcoming evidentiary hearing.  The Court must preclude Plaintiffs
21 from submitting new evidence at this late stage of the proceedings under the guise of rebuttal
22 evidence.

23 **III.  THE COURT SHOULD EXCLUDE DR. KAUFMAN'S OPINIONS BECAUSE HE IS NOT
        QUALIFIED AS A USE-OF-FORCE EXPERT AND HIS OPINIONS ARE NOT RELIABLE.**
24

25      Under Rule 702 of the Federal Rules of Evidence, an expert may testify only if "(a) the
26 expert's scientific, technical, or other specialized knowledge will help the trier of fact to
27 understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient
28 facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the

3

1  expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.
2  Expert testimony is inadmissible if it does not meet these requirements. *Daubert v. Merrell Dow*
3  *Pharms., Inc.*, 509 U.S. 579, 589-93 (1993). The proponent of the expert testimony must prove
4  that the elements of Rule 702 have been met. *Id.* Moreover, the expert "cannot be a conduit for
5  the opinions of the attorney." Fed. R. Civ. Proc. 26(a)(2) Advisory Cmte. Notes. Dr. Kaufman's
6  proposed testimony does not meet these standards.

   **A.     Dr. Kaufman—By His Own Admission—Is Not a Qualified Use-of-Force Expert.**

   An expert must be qualified through training, experience, or other specialized knowledge in the area of his or her proposed testimony. Fed. R. Evid. 702; *Jinro Am. v. Secure Invests., Inc.*, 266 F.3d 393, 1004 (9th Cir. 2001). Expert qualification requires demonstrating that the expert's knowledge "fits" the field in which the witness proposes to testify. *See Fenters v. Yosemite Chevron*, 761 F. Supp. 2d 957, 963 (E.D. Cal. 2010) ("Whether a witness is qualified as an expert can only be determined by comparing the area in which the witness has superior knowledge, skill, experience, or education with the subject matter of the witness's testimony.") When the expert's qualifications are not "sufficiently related to the subject matter upon which the witness offers an opinion", the expert is not qualified under Rule 702 and the testimony should be excluded. *Gable v. NBC*, 727 F. Supp. 2d 815, 833 (C.D. Cal. 2010) (citing *United States v. Chang*, 207 F.3d 1169, 1172 (9th Cir. 2000)).

   Dr. Kaufman admits that he is not an expert in use-of-force.[3] Dr. Kaufman made the following statement in an email to Plaintiffs' counsel on September 15, 2013: "**The fact is I am not an expert at all in use of force.**" (Vorous Decl., Ex. A, Kaufman_001560 [Email from Dr. Kaufman to L. Rifkin on 9/15/13 at 9:41 a.m.](emphasis added).) Despite his lack of expertise, Dr. Kaufman was specifically asked by Plaintiffs' counsel to offer his opinions regarding CDCR's use of force practices and psychological harm from use of force against *Coleman* class members. (Kaufman Decl. ECF No. 4766-3, at paragraph 6.) Dr. Kaufman obliged Plaintiffs'

---

[3] Plaintiffs' response to this argument is that "Dr. Kaufman has been qualified as a psychiatric expert in this litigation." (ECF 4815 at 4.) This has no bearing on whether he is qualified to offer his current opinions regarding use of force within CDCR.

4

counsel by offering his opinions on these issues. (ECF No. 4766-3; ECF No. 4825.) But, neither Plaintiffs, nor Dr. Kaufman, present any evidence of training or experience to contradict Dr. Kaufman's own admission that he is not qualified to issue these opinions.

Dr. Kaufman's *curriculum vitae* reveals nothing that would qualify him to testify as a use-of-force expert. Dr. Kaufman has never performed a study on the impact of use of force on an inmate's mental health, nor has he reviewed or relied on any studies that address the impact of use of force on an inmate's mental health. (Vorous Decl., Ex. B, [Kaufman Depo. 353:14-18; 355:3-6; 366:19-23.]) Further, Dr. Kaufman' acknowledges—and Plaintiffs concede—that he has not worked in a prison setting in over forty years. (Vorous Decl., Ex. A, Kaufman_001560 [Email from Dr. Kaufman to L. Rifkin on 9/15/13 at 9:41 a.m.]; ECF 4815 at 3 [Plaintiffs' statement that Dr. Kaufman's "employment as a psychiatrist in correctional settings dates back several decades"].) And Dr. Kaufman admits that he has little to no experience in addressing the impact of use-of-force even when he interacts with inmates or former inmates through his work: "I really can't recall instances where, in psychiatric evaluation, the issue of whether or not they have been subjected to force in prison came up. So it would be a rare occurrence that I would pursue it in my . . . private practice." (Vorous Decl., Ex. B, [Kaufman Depo. 353:3-8.]) For these reasons, and by his own admission, Dr. Kaufman is not qualified to opine on use of force issues.

### B.  Dr. Kaufman's Conclusions Should Be Excluded Because They Are Not Based on Any Cognizable Methodology.

Dr. Kaufman's testimony is also inadmissible because it is not the product of reliable principles or methods. *Daubert*, 509 U.S. at 589, 592-93. Dr. Kaufman's second reply declaration restates his conclusory opinions regarding alleged systemic deficiencies in use-of-force and disciplinary measures against mentally ill inmates. However, Dr. Kaufman did not use reliable principles or methods to reach these opinions. Dr. Kaufman did not rely on his own methodological study, or the studies of any other clinician, to come to his conclusion that CDCR's use of force measures cause long-term psychological harm. (Vorous Decl., Ex. B, [Kaufman Depo. 353:14-18; 355:3-6.]) And Dr. Kaufman also failed to review and consider the very use-of-force polices he attempts to critique. (Vorous Decl., Ex. B, [Kaufman Depo. 347:02-

5

Defs.' MIL No. 7: To Exclude the Testimony of Edward Kaufman
(2:90-cv-00520 LKK DAD PC)

347:13.])[4]  Instead, his opinion derived from watching four use of force videos, interviewing two *Coleman* class members, and reviewing a handful of class member records. (ECF No. 4825 at ¶ 2.). Even with respect to the four inmates who were shown in the use of force videos reviewed by Dr. Kaufman, Dr. Kaufman acknowledges that he has only "seen these individuals in one slice of life," and he was unwilling to opine that these four individuals suffered long-term psychological damage solely from a use of force incident. (Vorous Decl., Ex. B, [Kaufman Depo. 349:21-350:4; 351:8-14.]) Similarly, Dr. Kaufman's opinions regarding disciplinary measures were based on a review of only three rule violation reports. (ECF No. 4825 ¶¶ 9, 15.) Dr. Kaufman's broad opinions—based on an extremely small sample size and the failure to review the very policies he opines on—create "too great an analytical gap between the data and the opinion proffered" to be considered reliable under Rule 702. *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). Accordingly, Dr. Kaufman's declaration and testimony should be excluded by the Court.

### IV.  DR. KAUFMAN ADMITTED IN HIS DEPOSITION THAT HE PLANNED ON REVIEWING ADDITIONAL MATERIALS AFTER HIS DEPOSITION; HE SHOULD BE PRECLUDED FROM OFFERING OPINIONS NOT INCLUDED IN HIS REPORT.

Rule 26 of the Federal Rules of Civil Procedure requires parties to designate expert witnesses and disclose expert reports which "contain . . . a complete statement of all opinions the witness will express and the basis and reasons for them . . . ." Fed. R. Civ. P. 26(a)(2)(B)(ii). Rule 37 further provides: "[i]f a party fails to provide information . . . as required by Rule 26 . . . the party is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Rule 37(c)(1) gives teeth to the requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). A court may limit expert witness testimony to matters disclosed in the expert report. *See Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782-84 (6th Cir. 2003).

---

[4] Dr. Kaufman testified in his deposition that CDCR's policies on use of force were not provided to him. (Vorous Decl., Ex. B, [Kaufman Depo. 347:06-07.]) However, the documents he produced at deposition include an email from Plaintiffs' counsel with attached links to CDCR's use of force policies. (Vorous Decl., Ex. A, Kaufman_001656 [Email from L. Rifkin to Dr. Kaufman on 6/28/13 at 8:02 p.m.])

6

Defs.' MIL No. 7: To Exclude the Testimony of Edward Kaufman
(2:90-cv-00520 LKK DAD PC)

1  Dr. Kaufman stated in his deposition that he plans to review additional documents before
2  the hearing.  (Vorous Decl., Ex. B, [Kaufman Depo. 331:14-332:25.])  Defendants will not have a
3  chance to depose him regarding the new documents he plans to review or any new opinions that
4  he formulates after his review.  If the Court allows Dr. Kaufman to testify, it should preclude him
5  from relying on records he reviewed after his deposition and any opinions he formulated after his
6  deposition.

## V. CONCLUSION.

For the foregoing reasons, Defendants respectfully request that the Court preclude Dr. Kaufman from testifying at the evidentiary hearing, and at a minimum preclude him testifying on new theories or bases not contained in his expert reports.

Dated: September 27, 2013

Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
JAY C. RUSSELL
Supervising Deputy Attorney General


s/ Patrick R. McKinney
PATRICK R. MCKINNEY
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003
20726155.doc

7

Defs.' MIL No. 7: To Exclude the Testimony of Edward Kaufman
(2:90-cv-00520 LKK DAD PC)