DONALD SPECTER – 083925
STEVEN FAMA – 099641
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone:   (510) 280-2621

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
LISA ELLS – 243657
AARON J. FISCHER – 247391
MARGOT MENDELSON – 268583
KRISTA STONE-MANISTA – 269083
ROSEN BIEN
GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone:   (415) 433-6830

JON MICHAELSON – 083815
JEFFREY L. BORNSTEIN – 099358
MEGAN CESARE-EASTMAN – 253845
RANJINI ACHARYA – 290877
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, California 94111-5994
Telephone:   (415) 882-8200

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California 94104-4244
Telephone:   (415) 864-8848

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>EDMUND G. BROWN, Jr., et al.,<br><br>          Defendants. | Case No. Civ S 90-0520 LKK-JFM<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO QUASH TRIAL SUBPOENA**<br><br>Date: October 1, 2013<br>Time: 10:30 a.m.<br>Judge: Hon. Lawrence K. Karlton<br>Courtroom: 4 |

1   expert, Steve Martin.  The items are the best evidence for the Court of the amount of

2   pepper spray that CDCR uses against class members, and the type of force that class

3   members are subjected to on a daily basis within CDCR.  (*Id.*)  Defendants failed to

4   respond, and Plaintiffs' counsel followed up by email on September 6, 2013.  (*Id.* ¶ 3, Ex.

5   B).  Defendants then indicated on September 9, 2013 that they "intend to object and or

6   move to quash the subpoena as permitted under Rule of Civil Procedure 45(c)." (*Id.* ¶ 4,

7   Ex. C).  Defendants made no effort to meet and confer to reach an alternative compromise

8   to having the items produced at the hearing.

9          Plaintiffs served the trial subpoena to CDCR's Custodian of Records on September

10  9, 2013.  (Cesare-Eastman Decl. ¶ 5, Ex. D).  Again, Defendants' counsel made no efforts

11  to meet and confer to discuss alternative means by which Plaintiffs could gain access to

12  these items (for example, to allow Plaintiffs to photograph these items and produce the

13  photographs at the hearing).  (*See id.,* ¶ 6, Ex. E).  Instead, Defendants waited two weeks

14  to serve their objections to the subpoena, which were mail-served on September 23, 2013.

15  (*Id.* ¶ 7, Ex. F).

16         Plaintiffs maintain that their original subpoena to CDCR's custodian of records is

17  valid.  However, to address Defendants concern that the original subpoena was not served

18  on a Peace Officer, and given that the evidentiary hearing was imminent, Plaintiffs then

19  served a second trial subpoena on CDCR Deputy Director, Michael Stainer, on September

20  25, 2013.  (Cesare-Eastman Decl. ¶ 8, Ex. G).  Mr.  Stainer provided a declaration in

21  support of Defendants' Opposition to the Plaintiffs' Motion for Affirmative Relief, and

22  was deposed in this case.  He is also a Peace Officer.  (*Id.* at ¶ 11, Ex. J, Deposition of

23  Michael Stainer, taken August 15, 2013, at 201:16-25; hereinafter "Stainer Depo.").

24  Defendants immediately indicated they would file the instant Motion, and proceeded to do

25  so.  (*Id.* ¶ 8-9, Ex. H and I).

26         On September 27, 2013 I spoke with Court Security for the U.S. District Court of

27  the Eastern District of California.  They agreed that it would be preferable to allow

28

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO QUASH TRIAL SUBPOENA**

1  Plaintiffs to take photographs of the subpoenaed weapons to bring to trial, rather than

2  bringing the items themselves.  However, they also indicated that Defendants could bring

3  the requested items to Court after inspection by the U.S. Marshal Service, which could

4  render them safe, and I noted that Plaintiffs had requested empty or unloaded items.  I also

5  informed them that Plaintiffs only intended to have the items in court for a few hours,

6  during two days of testimony: the direct examination of Plaintiffs' expert Eldon Vail and

7  the cross examination of Defendants' expert Steve Martin.  (Cesare-Eastman Decl. ¶ 13.)

8  **3.    LEGAL ARGUMENT**

9      **A.    The Subpoena Has Been Properly Served Under Rule 45**

10         Defendants claim that Plaintiffs' issuance of a subpoena under Rule 45 of the

11  Federal Rules of Civil Procedure is improper because Rule 34 is the "exclusive" means of

12  obtaining documents or other tangible evidence from a party.

13         This is incorrect.  Courts have expressly recognized that a subpoena may properly

14  be served on a party under Rule 45.  In *Mortgage Info. Servs., Inc. v. Kitchens*, 210 F.R.D.

15  562, 564 (W.D.N.C.2002), after a lengthy examination of relevant cases and treatises, the

16  court held that a Rule 45 subpoena may be properly served on another party.  *Id.* at 565–

17  66.  Specifically, the *Kitchens* court noted that the text of Rule 45 contains no limitation

18  upon the persons who may be served -- it refers to a "person" who may be served, rather

19  than a "non-party."  The court in *Kitchens* also found that Rule 45 and Federal Rule of

20  Civil Procedure 34 serve "fundamentally different purposes."  *Id.*, citing *Badman v. Stark*,

21  139 F.R.D. 601, 603 (M.D.Pa.1991) ("Rule 34 is invoked merely to inspect documents

22  prior to trial, [whereas] Rule 45 is utilized to compel production of documents for use at

23  depositions or the trial")).  Ninth Circuit courts have upheld reasoning of the *Kitchen*

24  Court.  *See, e.g., Gaudin v. Remis*, 2007 WL 294130 at *3 (D. Haw. Jan. 29, 2007).

25         Here, Plaintiffs have validly served the trial subpoena on Mr. Stainer.  Defendants'

26  Motion, to the extent that it is based on a contention that Mr. Stainer should have been

27  subpoenaed under Rule 34, is wrong and should be denied.

28

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO QUASH TRIAL SUBPOENA**

**B.     The Subpoena Has Been Timely Served**

Defendants correctly note that, in California, federal courts interpret Rule 45 as setting forth two types of subpoenas: pretrial discovery subpoenas and trial subpoenas. *nSight, Inc. v. PeopleSoft, Inc.*, 2006 WL 988807 at *2 (N.D. Cal., Apr. 13, 2006). And it is true that trial subpoenas are more limited than pretrial discovery subpoenas. *Id.* However, the enquiry does not end there, as Defendants might wish.

Trial subpoenas may be used to secure documents at trial for the purpose of memory refreshment or trial preparation. *Puritan Inv. Corp. v. ASLL Corp.*, 1997 WL 793569 at *1 (E.D. Pa. 1997). Indeed, trial subpoenas may also be used to ensure availability at trial of original documents previously disclosed by discovery. *Rice v. United States*, 164 F.R.D. 556, 558 n. 1 (N.D. Okla. 1995) ("The Court notes that not all uses of Rule 45 subpoenas would constitute discovery and thereby be affected by discovery deadlines. For instance, a Rule 45 subpoena may be employed to secure the production at trial of original documents previously disclosed by discovery.")

Here, both Plaintiffs' and Defendants' experts witnessed all of the items listed in the attachment to the trial subpoena to Mr. Stainer during their tours of CDCR prisons as part of the discovery phase in this case. (*See, e.g.,* Cesare-Eastman Decl. ¶ 12, Ex. K, Deposition of Steve Martin, taken July 23, 2013, at 139:3 - 140:10 ("And I saw the expandable baton and I saw MK-9 and I saw two grenades. ... I was stunned at the arsenal they had in that control center with the MK -- they had a whole rack of MK-46...")).

Plaintiffs' trial subpoena to Mr. Stainer aims to ensure that the actual items that were observed by experts -- including Defendants' own expert -- during discovery are presented to this Court at trial. This is analogous to a trial subpoena requesting the production of original documents that were previously disclosed by discovery. Contrary to Defendants' arguments, the subpoena falls within the range of circumstances recognized by the courts as supporting the issuance of a subpoena under Rule 45.

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO QUASH TRIAL SUBPOENA**

**C.    The Subpoena Does Not Impose an Undue Burden or Expense**

Contrary to Defendants' claims, requiring Mr. Stainer to produce the items listed in the subpoena would not impose undue burden or expense.  Mr. Stainer is the Deputy Director, Facility Operations of the Division of Adult Institutions for CDCR.  As part of this role, Mr. Stainer is responsible for "all aspects of all operational facets" of the 34 adult institutions throughout the state of California.  (Stainer Depo., at 15:3-13).  Mr. Stainer has both the authority and resources to gather the requested items, and is uniquely positioned to do so.

Defendants further claim that the subpoena creates an undue burden because, "at least one CDCR employee would have to devote several days to locating the objects, traveling to various institutions to gather the objects, bringing the objects to the court, and then retrieving and returning the objects after the hearing." (Motion at 6:21-23). Defendants were given notice of Plaintiffs' request on August 23, 2013 – five weeks before the evidentiary hearing was scheduled to begin.  (Cesare-Eastman Decl. ¶ 2, Ex. A). As at the time of filing the Motion, Defendants had at least four days to gather the equipment before the hearing scheduled before this Court on Tuesday, October 1, 2013. To the extent Defendants will have less time available to comply, it is a burden of their own creation and not the fault of Plaintiffs.

In any event, Defendants have not demonstrated why Mr. Stainer, who is in charge of all operations at all CDCR institutions, would be put to any undue burden or expense in requesting that his staff make these items available.[1]

_____

[1] Furthermore, Defendants' objections on the basis of "safety concerns" are similarly overstated. Mr. Stainer has testified that he is a Peace Officer (Stainer Depo. at 201:16-25) and has received extensive training on how to use the requested weapons throughout his career with CDCR (*id.* at 13:15-14:20; 195:25-197:11).  Presumably, he is therefore capable of ensuring that the unloaded weapons and empty gas canisters do not pose any threat to the safety of participants and onlookers at the trial.  And once again, the need to have these items in the courtroom could have been obviated if Defendants had agreed to allow Plaintiffs to take photographs of the items and offer those photographs into evidence rather than creating the present situation that necessitated service of a trial subpoena requiring production of the "armory" itself. (Cesare-Eastman Decl. ¶ 10, Ex. I).

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO QUASH TRIAL SUBPOENA**

**D.     The Items Required to Be Produced by the Subpoena are Relevant**

Defendants also object to the subpoena on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.  This is not true.

When enquiring into the relevance of items sought by the use of a trial subpoena, this Circuit recognizes that relevance is to be liberally construed.  *Gonzales v. Google, Inc.,* 234 F.R.D. 674, 680 (N.D. Cal. 2006) ("[the relevance standard] is liberally construed to permit the discovery of information which ultimately may not be admissible at trial").  Plaintiffs' motion for affirmative relief concerns the use of force against *Coleman* class members, and alleges that CDCR staff are (among other things) improperly using expandable batons and block guns, and excessive amounts of OC spray, against inmates with mental illness.  The items that are listed in the trial subpoena are germane to these allegations: they will enable Plaintiffs to demonstrate to the court the kinds of weaponry typically involved in a use of force incident and the volume of pepper spray expended during cell extractions, as illustrated in CDCR's documents and use of force videos.  Defendants' claim that these items bear "no relationship to an [sic] allegations made by the Plaintiffs" is unsustainable.  (Motion at 5:15-18.)

**E.     The Probative Value of the Items Is Higher than Any Risk of Unfair Prejudice**

Defendants argue that to the extent that these items have any "marginal relevance," it is outweighed by the risk of unfair prejudice, confusion and delay.  None of these claims has any merit, nor should the Court give credence to Defendants' characterization of Plaintiffs' trial subpoena as "seeking to turn the courtroom into an armory[2]."

These hyperbolic statements contradict the Ninth Circuit's teaching on the balancing of probative value against risks of unfair prejudice: "[r]elevant evidence is *inherently* prejudicial; but it is only unfair prejudice, substantially outweighing probative

---

[2] Plaintiffs do not disagree with Defendants' admission that CDCR maintains an "armory" of weapons to use against inmates with mental illness.

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO QUASH TRIAL SUBPOENA**

1   value, which permits exclusion of relevant matter under Rule 403.  Unless trials are to be

2   conducted as scenarios, or unreal facts tailored and sanitized for the occasion, *the*

3   *application of Rule 403 must be cautious and sparing.*  Its major function is limited to

4   excluding matter of scant or cumulative probative force, dragged in by the heels for the

5   sake of its prejudicial effect."  *United States v. Hankey*, 203 F.3d 1160, 1172 (9th

6   Cir.2000) (emphasis added).

7          The items sought are relevant, necessary and do not place any undue burden on

8   Defendants.  They have more than scant or cumulative probative force.  Further, admission

9   of these items into evidence will ensure that Plaintiffs' motion for relief does not become a

10  mere "scenario" -- a set of facts that have been tailored and sanitized for the occasion but

11  which no longer bear any resemblance to the reality facing *Coleman* class members within

12  CDCR.  The probative value of these items clearly outweighs any risk of unfair prejudice

13  to Defendants.  Defendants have not satisfied their burden of showing the opposite to be

14  true, and their Motion must be denied.

15         **F.    Authentication of the Items Sought by the Subpoena Is Not an Issue**

16         Finally, Defendants briefly argue that "Plaintiffs have no means of entering any of

17  the subpoenaed objects into evidence during the hearing."  (Motion at 7:14-18).  It is

18  unclear what Defendants mean by this objection.  To the extent that authentication is

19  required, however, Plaintiffs note that numerous witnesses, including experts for both

20  plaintiffs and defendants, observed such items, in person or on video, during the discovery

21  phase of this litigation, have been trained in the use of some or all of such weapons, and

22  are competent to testify as to what they saw at various CDCR institutions.  In any event,

23  plaintiffs have not "moved" these exemplars of weapons in to evidence, we have

24  subpoenaed them to be brought to trial.

25  **4.    CONCLUSION**

26         Plaintiffs have timely served a valid trial subpoena on Mr. Stainer, seeking the

27  production of 14 specific items at trial.  These items are relevant to the issues presented by

28

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO QUASH TRIAL SUBPOENA**

1   Plaintiffs to this Court, and are not unfairly prejudicial to the Defendants.  Defendants have

2   not raised any valid objections and the Motion should be denied.

3

4                                                K&L GATES LLP

5   Dated: September 28, 2013              By:  /s/ Megan Cesare-Eastman
                                                Jon Michaelson
6                                               Jeffrey L. Bornstein
                                                Megan Cesare-Eastman
7                                               Ranjini Acharya
                                                Attorneys for Plaintiffs
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO QUASH TRIAL SUBPOENA