DONALD SPECTER – 083925
STEVEN FAMA – 099641
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LORI E. RIFKIN – 244081
AARON J. FISCHER – 247391
MARGOT MENDELSON – 268583
KRISTA STONE-MANISTA – 269083
ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830

JON MICHAELSON – 083815
JEFFREY L. BORNSTEIN – 099358
MEGAN CESARE-EASTMAN – 253845
RANJINI ACHARYA – 290877
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, California 94111-5994
Telephone: (415) 882-8200

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY – EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California 94104-4244
Telephone: (415) 864-8848

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN et. al.,<br><br>Plaintiffs,<br><br>v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>Defendant. | Case No.  Civ S 90-0520 LKK-JFM<br><br>**DECLARATION OF MEGAN CESARE-EASTMAN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO QUASH PLAINTIFFS' TRIAL SUBPOENA**<br><br>Date: October 1, 2013<br>Time: 10:30 a.m.<br>Judge: Hon. Lawrence K. Karlton<br>Courtroom: 4 |

## DECLARATION OF MEGAN CESARE-EASTMAN

I, Megan Cesare-Eastman, declare and state:

1.      I am an attorney licensed to practice law before all courts in the State of California, and the United States District Court for the Eastern District of California. I am employed by K&L Gates LLP, counsel of record for Plaintiffs in the above entitled action. I make this Declaration in support of Plaintiffs' Opposition to Defendants' Motion to Quash the Subpoena of Michael D. Stainer. As to the following facts, I know them to be true of my own knowledge and, if called as a witness, could and would competently testify thereto. As to those matters stated on information and belief, I believe them to be true.

2.      Attached hereto as Exhibit A is a true and correct copy of Plaintiffs' letter to Defendants' counsel, dated August 23, 2013 which gave advance notice of a trial subpoena to be served on Defendants. Plaintiffs requested the items for trial because they are directly relevant to some of the issues presented in this hearing - namely whether CDCR uses unnecessary and excessive force against class members. They will be used during Plaintiffs' direct examination of their expert Eldon Vail, and during their cross-examination of Defendants' expert, Steve Martin. The items are the best evidence for the Court of the amount of pepper spray that CDCR uses against class members, and the type of force that class members are subjected to on a daily basis within CDCR.

3.      Attached hereto as Exhibit B is a true and correct copy of an email I sent to Debbie Vorous, Deputy Attorney General, dated September 6, 2013.

4.      Attached hereto as Exhibit C is a true and correct copy of an email I received from Ms. Vorous in reply, dated September 9, 2013.

5.      Attached hereto as Exhibit D is a true and correct copy of Plaintiffs' Trial Subpoena to the Custodian of Records for California Department of Corrections and Rehabilitation ("CDCR"), dated September 9, 2013 together with a cover letter served with the trial subpoena.

1

**DECLARATION OF MEGAN CESARE-EASTMAN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO QUASH PLAINTIFFS' TRIAL SUBPOENA**

6. Attached hereto as Exhibit E is a true and correct copy of Plaintiffs' letter to Defendants' counsel, dated September 23, 2013, regarding the trial subpoena to CDCR's Custodian of Records.

7. Attached hereto as Exhibit F is a true and correct copy of Defendants' Objections to Plaintiffs' Trial Subpoena to CDCR's Custodian of Records, dated September 23, 2013.

8. Attached hereto as Exhibit G is a true and correct copy of Plaintiffs' Trial Subpoena to Michael Stainer, Deputy Director-Facility Operations of the Division of Adult Institutions for CDCR, dated September 25, 2013 together with a cover letter served with the trial subpoena.

9. Attached hereto as Exhibit H is a true and correct copy of an email I received from Patrick McKinney, Deputy Attorney General, dated September 27, 2013.

10. Attached hereto as Exhibit I is a true and correct copy of an email I sent to Mr. McKinney in response to his email, on the same day.

11. Attached hereto as Exhibit J is a true and correct copy of the relevant portions of the deposition testimony of Michael Stainer, taken August 15, 2013 in this case.

12. Attached hereto as Exhibit K is a true and correct copy of the relevant portion of the deposition testimony of Steve Martin, taken July 28, 2013 in this case.

13. On September 27, 2013 I spoke with Court Security for the U.S. District Court of the Eastern District of California. They agreed that it would be preferable to allow Plaintiffs to take photographs of the subpoenaed weapons to bring to trial, rather than bringing the items themselves. However, they also indicated that Defendants could bring the requested items to Court after inspection by the U.S. Marshal Service, which could render them safe, and I noted that Plaintiffs had requested empty or unloaded weaponry. I also informed them that Plaintiffs only intended to have the items in court for a few hours, during two days of testimony: the direct examination of Plaintiffs' expert Eldon Vail and the cross examination of Defendants' expert Steve Martin.

2

1

2      I declare under penalty of perjury under the laws of the State of California and the

3   United States of America that the foregoing is true and correct, and that this declaration

4   was executed on this 28th day of September, 2013 at San Francisco, California.

5

6

7                                    MEGAN CESARE-EASTMAN

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF MEGAN CESARE-EASTMAN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO QUASH PLAINTIFFS' TRIAL SUBPOENA**

# Exhibit A

K&L GATES

K&L GATES LLP
4 EMBARCADERO CENTER, SUITE 1200
SAN FRANCISCO, CA 94111
T +1 415 882 8200   F +1 415 882 8220   klgates.com

August 23, 2013

Megan Cesare-Eastman
D 415.882.8086
F 415.882.8220
megan.cesare-eastman@klgates.com

<u>Via Email and First-Class Mail</u>

Debbie Vorous
State of California, Department of Justice
1300 I Street
P.O. Box 944255
Sacramento, CA  94244

Re:     *Coleman v. Brown* – **Exemplars for Trial**

Dear Ms. Vorous:

Plaintiffs will soon serve your office with a trial subpoena requesting that certain weapon exemplars be brought to trial on September 27, 2013.  As a professional courtesy, and to avoid any logistical pitfalls, we wanted to give your office advance notice of the request. Please bring the following items to Judge Karlton's courtroom on the first day of trial.

- A custody staff duty belt, including a radio, handcuffs, and gas mask

- An expandable baton

- The uniform worn by a member of a CDCR cell-extraction team, including helmet and all protective gear

- MK3, MK4, MK9, and MK47 OC canisters (empty).

- The shield CDCR custody staff typically uses for cell extractions

- A spit mask

- 37mm and 40mm block guns (unloaded), all types of ammunition used with these weapons at CDCR adult institutions

- All types of OC grenades used at CDCR adult institutions (empty)

- All sizes of CS and/or CN (tear gas) canisters utilized in CDCR adult institutions (empty)

- All types of CS and/or CN (tear gas) grenades used at CDCR adult institutions (empty)

- A barricade removal devise with OC canister (empty)

Debbie Vorous
State of California, Department of Justice
Page 2

- An OC wand applicator
- All types of rifles used by CDCR custody staff in control towers at CDCR adult institutions (unloaded)
- Any other weapons used to dispense OC, CN, or CS not otherwise listed

We will coordinate with the Court and Marshals regarding the procedure for bringing these items into the Courthouse. If you would like to discuss this matter further, please do not hesitate to contact me.

Very truly yours,

Megan Cesare-Eastman

# Exhibit B

**LaPurja, Gail**

| | |
|---|---|
| **From:** | Cesare-Eastman, Megan F. |
| **Sent:** | Friday, September 06, 2013 2:49 PM |
| **To:** | Debbie Vorous |
| **Cc:** | Jay Russell; Patrick McKinney; Coleman Team - RBG Only (ColemanTeam-RBGOnly@rbgg.com); Michaelson, Jon; Bornstein, Jeffrey L.; Acharya, Ranjini; LaPurja, Gail; Cesare-Eastman, Megan F. |
| **Subject:** | RE: COLEMAN: letter regarding exemplars for trial |
| **Attachments:** | 08-23-2013 Ltr to D_VOROUS_DOJ re exemplars for trial.pdf |

Debbie,

We have not received a response to the attached letter and will serve a trial subpoena on CDCR for the production of the weapon exemplars at trial on September 26. Please advise whether you will accept service of the subpoena on behalf of CDCR. If you would like us to serve CDCR directly, please give me the name of CDCR's designated custodian of records, so we know to whom we should direct the subpoena.

Thanks,

Meg

**From:** Cesare-Eastman, Megan F.
**Sent:** Friday, August 23, 2013 2:47 PM
**To:** Debbie Vorous
**Cc:** Jay Russell; Patrick McKinney; Coleman Team - RBG Only (ColemanTeam-RBGOnly@rbgg.com); Michaelson, Jon; Bornstein, Jeffrey L.; Acharya, Ranjini; LaPurja, Gail; Cesare-Eastman, Megan F.
**Subject:** COLEMAN: letter regarding exemplars for trial

Debbie,

Please see the attached letter, which was mailed today.

Thanks,

Meg

**K&L GATES**

**Megan Cesare-Eastman, Esq.**
K&L Gates LLP
Four Embarcadero Center,
Suite 1200
San Francisco, CA 94111
Phone: (415) 882-8086
Fax: (415) 882-8220
megan.cesare-eastman@klgates.com
www.klgates.com

**K&L GATES**

K&L GATES LLP
4 EMBARCADERO CENTER, SUITE 1200
SAN FRANCISCO, CA 94111
T +1 415 882 8200    F +1 415 882 8220  klgates.com

August 23, 2013

Megan Cesare-Eastman
D  415.882.8086
F  415.882.8220
megan.cesare-eastman@klgates.com

<u>Via Email and First-Class Mail</u>

Debbie Vorous
State of California, Department of Justice
1300 I Street
P.O. Box 944255
Sacramento, CA  94244

**Re:**    ***Coleman v. Brown*** **– Exemplars for Trial**

Dear Ms. Vorous:

Plaintiffs will soon serve your office with a trial subpoena requesting that certain weapon exemplars be brought to trial on September 27, 2013.  As a professional courtesy, and to avoid any logistical pitfalls, we wanted to give your office advance notice of the request. Please bring the following items to Judge Karlton's courtroom on the first day of trial.

- A custody staff duty belt, including a radio, handcuffs, and gas mask

- An expandable baton

- The uniform worn by a member of a CDCR cell-extraction team, including helmet and all protective gear

- MK3, MK4, MK9, and MK47 OC canisters (empty).

- The shield CDCR custody staff typically uses for cell extractions

- A spit mask

- 37mm and 40mm block guns (unloaded), all types of ammunition used with these weapons at CDCR adult institutions

- All types of OC grenades used at CDCR adult institutions (empty)

- All sizes of CS and/or CN (tear gas) canisters utilized in CDCR adult institutions (empty)

- All types of CS and/or CN (tear gas) grenades used at CDCR adult institutions (empty)

- A barricade removal devise with OC canister (empty)

SF-292362  v1

klgates.com

**K&L GATES**

Debbie Vorous
State of California, Department of Justice
Page 2

- An OC wand applicator
- All types of rifles used by CDCR custody staff in control towers at CDCR adult institutions (unloaded)
- Any other weapons used to dispense OC, CN, or CS not otherwise listed

We will coordinate with the Court and Marshals regarding the procedure for bringing these items into the Courthouse. If you would like to discuss this matter further, please do not hesitate to contact me.

Very truly yours,

Megan Cesare

Megan Cesare-Eastman

# Exhibit C

| From: | Debbie Vorous |
|---|---|
| To: | Cesare-Eastman, Megan F. |
| Cc: | Jay Russell; Patrick McKinney; Coleman Team - RBG Only (colemanteam-rbgonly@rbgg.com); Michaelson, Jon; Bornstein, Jeffrey L.; Acharya, Ranjini; LaPurja, Gail; Debbie Vorous |
| Subject: | RE: COLEMAN: letter regarding exemplars for trial |
| Date: | Monday, September 09, 2013 1:04:51 PM |

Megan,

Our office will accept service of the subpoena on behalf of CDCR.  Please note, however, that Defendants intend to object and or move to quash the subpoena as permitted under Rule of Civil Procedure 45(c).

Thank you,

**From:** Cesare-Eastman, Megan F. [mailto:megan.cesare-eastman@klgates.com]
**Sent:** Friday, September 06, 2013 2:49 PM
**To:** Debbie Vorous
**Cc:** Jay Russell; Patrick McKinney; Coleman Team - RBG Only (ColemanTeam-RBGOnly@rbgg.com); Michaelson, Jon; Bornstein, Jeffrey L.; Acharya, Ranjini; LaPurja, Gail; Cesare-Eastman, Megan F.
**Subject:** RE: COLEMAN: letter regarding exemplars for trial

Debbie,

We have not received a response to the attached letter and will serve a trial subpoena on CDCR for the production of the weapon exemplars at trial on September 26.  Please advise whether you will accept service of the subpoena on behalf of CDCR.  If you would like us to serve CDCR directly, please give me the name of CDCR's designated custodian of records, so we know to whom we should direct the subpoena.

Thanks,

Meg

**From:** Cesare-Eastman, Megan F.
**Sent:** Friday, August 23, 2013 2:47 PM
**To:** Debbie Vorous
**Cc:** Jay Russell; Patrick McKinney; Coleman Team - RBG Only (ColemanTeam-RBGOnly@rbgg.com); Michaelson, Jon; Bornstein, Jeffrey L.; Acharya, Ranjini; LaPurja, Gail; Cesare-Eastman, Megan F.
**Subject:** COLEMAN: letter regarding exemplars for trial

Debbie,

Please see the attached letter, which was mailed today.

Thanks,

Meg

**K&L GATES**

**Megan Cesare-Eastman, Esq.**
K&L Gates LLP
Four Embarcadero Center,
Suite 1200
San Francisco, CA  94111
Phone: (415) 882-8086
Fax: (415) 882-8220
megan.cesare-eastman@klgates.com
www.klgates.com

This electronic message contains information from the law firm of K&L Gates LLP.  The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited.  If you have received this e-mail in error, please contact me at megan.cesare-eastman@klgates.com.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# Exhibit D

**K&L GATES**

K&L GATES LLP
4 EMBARCADERO CENTER, SUITE 1200
SAN FRANCISCO, CA 94111-5994
T 415.882.8200   F 415.882.8220

Megan Cesare-Eastman
D 415.882.8086
F 415.882.8220
megan.cesare-eastman@klgates.com

September 9, 2013

<u>Via Hand Delivery</u>

Jay C. Russell, Supervising Deputy Attorney General
Debbie Vorous, Deputy Attorney General
Patrick R. McKinney, Deputy Attorney General
OFFICE OF THE ATTORNEY GENERAL
455 Golden Gate Avenue, Suite 1100
San Francisco, CA 94102-7004

RE.   *Coleman v. Brown*, E.D. Cal. Case No. 2:90-cv-00520 LKK

Dear Counsel:

Pursuant to our agreement on September 9, 2013, in which your office agreed to accept service of the subpoena on behalf of the CDCR, enclosed please find Plaintiffs' Trial Subpoena.

Regards,

Megan Cesare-Eastman

Megan Cesare-Eastman

Enclosure

SF-293199 v1

klgates.com

AO 88 (Rev. 07/10) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

| | | |
|---|---|---|
| Ralph Coleman, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:90-cv-00520 |
| Edmund G. Brown, Jr., et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Custodian of Records
California Dept. of Corrections and Rehabilitation

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| | |
|---|---|
| Place: U.S. District Court for the Eastern Dist. of California<br>501 I St. Sacramento, CA 95814 | Courtroom No.: 4 |
| | Date and Time: 09/26/2013 9:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

Please see attached Exhibit 1 for the list of objects to bring to trial

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Fed. R. Civ. P. 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    09/06/2013

CLERK OF COURT

OR

_____          *Megan Cesare*
     *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    Ralph Coleman, et al.
_____ , who issues or requests this subpoena, are:

Megan Cesare-Eastman, K&L Gates LLP, Four Embarcadero Center, Suite 1200, San Francisco, CA 94111 (415) 882-8086; megan.cesare-eastman@klgates.com

AO 88  (Rev.07/10)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No.  2:90-cv-00520

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____        on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88 (Rev. 06/09) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT 1

1.    A custody staff duty belt, including a radio, handcuffs, and gas mask

2.    An expandable baton

3.    The uniform worn by a member of a CDCR cell-extraction team, including helmet and all protective gear

4.    MK3, MK4, MK9, and MK47 OC canisters (empty).

5.    The shield CDCR custody staff typically uses for cell extractions

6.    A spit mask

7.    37mm and 40mm block guns (unloaded), all types of ammunition used with these weapons at CDCR adult institutions

8.    All types of OC grenades used at CDCR adult institutions (empty)

9.    All sizes of CS and/or CN (tear gas) canisters utilized in CDCR adult institutions (empty)

10.    All types of CS and/or CN (tear gas) grenades used at CDCR adult institutions (empty)

11.    A barricade removal devise with OC canister (empty)

12.    An OC wand applicator

13.    All types of rifles used by CDCR custody staff in control towers at CDCR adult institutions (unloaded)

14.    Any other weapons used to dispense OC, CN, or CS not otherwise listed

# Exhibit E

**K&L GATES**

**K&L GATES LLP**
4 EMBARCADERO CENTER, SUITE 1200
SAN FRANCISCO, CA 94111
T +1 415 882 8200   F +1 415 882 8220  klgates.com

September 23, 2013

Via Email and First-Class Mail

Megan Cesare-Eastman
D  415.882.8086
F  415.882.8220
megan.cesare-eastman@klgates.com

Debbie Vorous
State of California, Department of Justice
1300 I Street
P.O. Box 944255
Sacramento, CA  94244

**Re:**   *Coleman v. Brown* – **Exemplars for Trial**

Dear Ms. Vorous:

This letter is to follow up regarding Plaintiffs' trial subpoena, served on September 9, 2013, requesting that certain weapon exemplars be brought to trial on September 27, 2013.  I have spoken with Judge Karlton's Courtroom Deputy and with the U.S. Marshal Service at the Courthouse regarding the procedure for bringing the weapon exhibits to trial.

Please note that, because of the nature of the evidence, CDCR's custodian of records who brings the items to trial must be a Peace Officer.  Please have the Officer bring the evidence to the loading dock on 6th Street on the first day of trial, where the Marshal Service will be expecting it.  Also, please note that the Officer must maintain possession of the weapons whenever the Court is not in session.

If you would like to discuss this matter further, please do not hesitate to contact me.

Very truly yours,

*Megan Casane*

Megan Cesare-Eastman

# Exhibit F

1  KAMALA D. HARRIS
   Attorney General of California
2  JAY C. RUSSELL
   Supervising Deputy Attorney General
3  DEBBIE VOROUS, State Bar No. 166884
   PATRICK R. MCKINNEY, State Bar No. 215228
4  JESSICA KIM, State Bar No. 257766
   MANEESH SHARMA, State Bar No. 280084
5  Deputy Attorneys General
     1300 I Street, Suite 125
6    P.O. Box 944255
     Sacramento, CA 94244-2550
7    Telephone: (916) 323-8789
     Fax: (916) 324-5205
8    E-mail: Jessica.Kim@doj.ca.gov
   *Attorneys for Defendants*

9

10            IN THE UNITED STATES DISTRICT COURT

11          FOR THE EASTERN DISTRICT OF CALIFORNIA

12

13

14  **RALPH COLEMAN, et al.,**                  2:90-cv-00520 LKK JFM PC

15                              Plaintiffs,     **DEFENDANTS' OBJECTIONS TO
                                               PLAINTIFFS' TRIAL SUBPOENA TO
16                                             CDCR's CUSTODIAN OF RECORDS**

17        **v.**

18  **EDMUND G. BROWN JR., et al.,**

19                              Defendants.

20

21

22  **PROPOUNDING PARTY:**      Ralph Coleman, Plaintiff

23  **RESPONDING PARTY:**       Custodian of Records for the California Department of

24  Corrections and Rehabilitation

25                      <u>**GENERAL OBJECTIONS**</u>

26      1.   Defendants object to the subpoena because it was not issued to a person in

27  possession, custody, or control of the objects demanded. A subpoena for tangible things must be

28  directed to a person who possesses, controls, or maintains custody of those tangible things. Fed.

                                  1

1   R. Civ. P. 45 (a)(1)(A). Plaintiffs' subpoena commands the "Custodian of Records" of CDCR to

2   appear at the September 26, 2013, hearing and bring with him or her the objects listed in Exhibit

3   1 of Plaintiffs' subpoena. However, the objects listed in Exhibit 1, which include various

4   weapons, ammunition, and tactical equipment, are not in the possession, custody, or control of

5   CDCR's "Custodian of Records." The title "Custodian of Records" refers to an individual

6   designated by an organization to maintain records made and kept in the course of the regularly

7   conducted activity of the organization. *See, e.g.,* Fed. R. Ev. 803(6). There is no "Custodian of

8   Records" at CDCR that controls the weapons, equipment, and objects demanded in Plaintiffs'

9   subpoena. Accordingly, Plaintiffs' subpoena is defective.

10          2.      Defendants object to the subpoena because Federal Rule of Civil Procedure 34 is the

11   exclusive means of obtaining documents or other tangible evidence from a party. *Alper v. United*

12   *States*, 190 F.R.D. 281, 283 (D. Mass. 2000). Plaintiffs' issuance of a subpoena to CDCR or its

13   Custodian of Records under Federal Rule of Civil Procedure 45 is therefore improper.

14          3.      Defendants object to the subpoena because it is an untimely trial subpoena.

15   Discovery on Plaintiffs' motion related to use of force and disciplinary measures closed on

16   August 23, 2013. (8/9/13 Order, ECF 4738, 8/1/13 Order, ECF 4726; 7/10/13 Order, ECF 4687;

17   6/11/13 Order, ECF 4646; Stipulation, ECF 4683.) Discovery was reopened on September 5,

18   2013, solely for the purpose of completing the depositions of Ellen Bachman, Pam Ahlin, Dr. Eric

19   Monthei, Kevin Chappell, and witnesses who tendered evidence in plaintiffs' August 23, 2013

20   reply briefs. (ECF No. 4786.) Parties are not permitted to use a subpoena to circumvent a

21   discovery deadline. *See Rice v. United States*, 164 F.R.D. 556, 558 (N.D. Okla. 1995) (granting a

22   motion to quash a subpoena duces tecum after finding that it should have been served before the

23   discovery deadline). In California, federal courts recognize that Federal Rule of Civil Procedure

24   45 allows for two separate types of subpoenas: pretrial discovery subpoenas and trial subpoenas.

25   *nSight, Inc. v. PeopleSoft, Inc.*, 3:04 CV 3836 MMC(MEJ), 2006 WL 988807 (N.D. Cal. Apr. 13,

26   2006). Pretrial discovery subpoenas may be used to request the production of inspection of

27   documents and tangible things. *Id.* But trial subpoenas are more limited—trial subpoenas may

28   only be used to demand attendance at a hearing or to secure original documents previously

2

1  disclosed by discovery. *See id.*; *Ying Liu v. Next Step Res. of Ohio, Inc.*, 2:10-CV-146, 2013 WL

2  394518 (S.D. Ohio Jan. 31, 2013). Here, Plaintiffs had the opportunity during the discovery

3  period to request inspection of the weapons, gear, and objects listed in their trial subpoena.

4  Plaintiffs never took this opportunity, and none of their experts have inspected the demanded

5  weapons, equipment, or objects. Plaintiffs apparently intend to inspect for the first time, during

6  the course of the hearing, CDCR's weapons, gear, and objects. This would violate the Court's

7  discovery orders, and waste the Court and the parties' time.

8      4.  Defendants object to the subpoena because it is imposes an undue burden and

9  expense. The party issuing a subpoena must take reasonable steps to avoid imposing undue

10  burden or expense on a person subject to the subpoena. Fed. R. Civ. P. 45 (c)(1). Here, the

11  burden and expense to produce the weapons, gear, and objects demanded by the subpoena are

12  enormous. The weapons, equipment, and objects are not located at headquarters, but would need

13  to be collected from several different CDCR institutions located through out the state. At least

14  one CDCR employee would have to devote several days to locating the objects, traveling to

15  various institutions to gather the objects, bringing the objects to the court, and then retrieving and

16  returning the objects after the hearing. Finally, CDCR adheres to a process of disposing of empty

17  weapons such as MK 3,4,9, or MK 47 OC cannisters, or OC grenades. A party is not require to

18  produce items that it does not have in its possession, custody, or control. Fed. R. Civ. P.

19  45(a)(1)(A)(iii).

20      5.  Defendants object to the subpoena because it seeks irrelevant information, and

21  information not reasonably calculated to lead to the discovery of admissible evidence. There is

22  no apparent purpose for Plaintiffs to demand that these objects be brought to the hearing.

23  Plaintiffs have no means of entering these objects into evidence during the hearing. Moreover,

24  Plaintiffs have made no allegation, nor presented any evidence, regarding several categories of

25  the items requested.

26      6.  Defendants object to the subpoena because the probative value (if any) of the

27  requested items is substantially outweighed by a danger of unfair prejudice, confusing the issues,

28  undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

3

7. Defendants object to the subpoena because the objects would require authentication before they are accepted as evidence. Fed. R. Ev. 901. Plaintiffs have identified only two witnesses for the Use of Force hearing—Dr. Edward Kaufman and Mr. Eldon Vail— and neither of these witnesses can authenticate the weapons, equipment, or objects sought by Plaintiffs' subpoena.

**OBJECTS DEMANDED BY THE SUBPOENA 1:**

A custody staff duty belt, including a radio, handcuffs, and gas mask.

**RESPONSE 1:**

Defendants incorporate by reference the above General Objections as though fully stated in this response. Defendants further object to this demand as ambiguous and unduly burdensome. Defendants further object to this demand because it seeks irrelevant information, or information not reasonably calculated to lead to the discovery of admissible evidence.

**OBJECTS DEMANDED BY THE SUBPOENA 2:**

An expandable baton.

**RESPONSE 2:**

Defendants incorporate by reference the above General Objections as though fully stated in this response. Defendants further object to this demand as ambiguous and unduly burdensome. Defendants further object to this demand because it seeks irrelevant information, or information not reasonably calculated to lead to the discovery of admissible evidence.

**OBJECTS DEMANDED BY THE SUBPOENA 3:**

The uniform worn by a member of a CDCR cell-extraction team, including helmet and all protective gear.

**RESPONSE 3:**

Defendants incorporate by reference the above General Objections as though fully stated in this response. Defendants further object to this demand as ambiguous, overbroad, and unduly burdensome. Defendants further object to this demand because it seeks irrelevant information, or information not reasonably calculated to lead to the discovery of admissible evidence. This

4

1    demand is particularly irrelevant as Plaintiffs have neither made an allegation, nor submitted

2    argument or evidence, related to the uniform worn by members of CDCR officers in any context.

3    **OBJECTS DEMANDED BY THE SUBPOENA 4:**

4        MK3, MK4, MK9, and MK47 OC canisters (empty)

5    **RESPONSE 4:**

6        Defendants incorporate by reference the above General Objections as though fully stated in

7    this response. Defendants further object to this demand as ambiguous and unduly burdensome.

8    The demand for OC canisters is particularly burdensome and onerous because empty canisters

9    have the potential for leaving some residue, and therefore would impose additional burden on the

10   CDCR employees handling these objects and pose an unnecessary threat to the public and court

11   personnel. Defendants further object to this demand because it seeks irrelevant information, or

12   information not reasonably calculated to lead to the discovery of admissible evidence. This

13   demand is particularly irrelevant as Plaintiffs have neither made an allegation, nor submitted

14   argument or evidence, related to MK3, MK4, or MK47 pepper spray.

15   **OBJECTS DEMANDED BY THE SUBPOENA 5:**

16       The shield CDCR custody staff typically uses for cell extractions.

17   **RESPONSE 5:**

18       Defendants incorporate by reference the above General Objections as though fully stated in

19   this response. Defendants further object to this demand as ambiguous and unduly burdensome.

20   Defendants further object to this demand because it seeks irrelevant information, or information

21   not reasonably calculated to lead to the discovery of admissible evidence.

22   **OBJECTS DEMANDED BY THE SUBPOENA 6:**

23       A spit mask.

24   **RESPONSE 6:**

25       Defendants incorporate by reference the above General Objections as though fully stated in

26   this response. Defendants further object to this demand as ambiguous and unduly burdensome.

27   Defendants further object to this demand because it seeks irrelevant information, or information

28   not reasonably calculated to lead to the discovery of admissible evidence.

1  **OBJECTS DEMANDED BY THE SUBPOENA 7:**

2  37mm and 40mm block guns (unloaded), all types of ammunition used with these weapons

3  at CDCR adult institutions.

4  **RESPONSE 7:**

5  Defendants incorporate by reference the above General Objections as though fully stated in

6  this response. Defendants further object to this demand as ambiguous, overbroad, and unduly

7  burdensome. Defendants further object to this demand because it seeks irrelevant information, or

8  information not reasonably calculated to lead to the discovery of admissible evidence. This

9  demand is particularly irrelevant as Plaintiffs have neither made an allegation, nor submitted

10 argument or evidence, related to block guns and ammunition of any type.

11 **OBJECTS DEMANDED BY THE SUBPOENA 8:**

12 All types of OC grenades used at CDCR adult institutions (empty).

13 **RESPONSE 8:**

14 Defendants incorporate by reference the above General Objections as though fully stated in

15 this response. Defendants further object to this demand as ambiguous, overbroad, duplicative,

16 and unduly burdensome. The demand for OC grenades is particularly burdensome and onerous

17 because empty grenades have the potential for leaving some residue, and therefore would impose

18 additional burden on the CDCR employees handling these objects and pose an unnecessary threat

19 to the public and court personnel. Defendants further object to this demand because it seeks

20 irrelevant information, or information not reasonably calculated to lead to the discovery of

21 admissible evidence.

22 **OBJECTS DEMANDED BY THE SUBPOENA 9:**

23 All sizes of CS and/or CN (tear gas) canisters utilized in CDCR adult institutions (empty).

24 **RESPONSE 9:**

25 Defendants incorporate by reference the above General Objections as though fully stated in

26 this response. Defendants further object to this demand as ambiguous, overbroad, and unduly

27 burdensome. The demand for CS and/or CN (tear gas) canisters is particularly onerous because

28 empty canisters have the potential for leaving some residue, and therefore would impose

6

1   additional burden on the CDCR employees handling these objects and pose an unnecessary threat

2   to the public and court personnel.  Defendants further object to this demand because it seeks

3   irrelevant information, or information not reasonably calculated to lead to the discovery of

4   admissible evidence.  This demand is particularly irrelevant as Plaintiffs have neither made an

5   allegation, nor submitted argument or evidence, related to CS, CN, or any other form of tear gas.

6   **OBJECTS DEMANDED BY THE SUBPOENA 10:**

7       All types of CS and/or CN (tear gas) grenades used at CDCR adult institutions (empty).

8   **RESPONSE 10:**

9       Defendants incorporate by reference the above General Objections as though fully stated

10  in this response.  Defendants further object to this demand as ambiguous, overbroad, duplicative,

11  and unduly burdensome.  The demand for CS and/or CN (tear gas) grenades is particularly

12  burdensome and onerous because empty grenades have the potential for leaving some residue,

13  and therefore would impose additional burden on the CDCR employees handling these objects

14  and pose an unnecessary threat to the public and court personnel.  Defendants further object to

15  this demand because it seeks irrelevant information, or information not reasonably calculated to

16  lead to the discovery of admissible evidence.  This demand is particularly irrelevant as Plaintiffs

17  have neither made an allegation, nor submitted argument or evidence, related to CS, CN, or any

18  other form of tear gas.

19  **OBJECTS DEMANDED BY THE SUBPOENA 11:**

20      A barricade removal devise with OC canister (empty).

21  **RESPONSE 11:**

22      Defendants incorporate by reference the above General Objections as though fully stated in

23  this response.  Defendants further object to this demand as ambiguous, overbroad, and unduly

24  burdensome.  The demand for the OC canister is particularly onerous because empty canisters

25  have the potential for leaving some residue, and therefore would impose additional burden on the

26  CDCR employees handling this object and pose an unnecessary threat to the public and court

27  personnel.  Defendants further object to this demand because it seeks irrelevant information, or

28  information not reasonably calculated to lead to the discovery of admissible evidence.

7

1   **OBJECTS DEMANDED BY THE SUBPOENA 12:**

2       An OC wand applicator.

3   **RESPONSE 12:**

4       Defendants incorporate by reference the above General Objections as though fully stated in

5   this response.  Defendants further object to this demand as ambiguous, overbroad, and unduly

6   burdensome.  Defendants further object to this demand because it seeks irrelevant information, or

7   information not reasonably calculated to lead to the discovery of admissible evidence.

8   **OBJECTS DEMANDED BY THE SUBPOENA 13:**

9       All types of rifles used by CDCR custody staff in control towers at CDCR adult

10  institutions (unloaded).

11  **RESPONSE 13:**

12      Defendants incorporate by reference the above General Objections as though fully stated in

13  this response.  Defendants further object to this demand as ambiguous, overbroad, and unduly

14  burdensome.  Defendants further object to this demand because it seeks irrelevant information, or

15  information not reasonably calculated to lead to the discovery of admissible evidence.  This

16  demand is particularly irrelevant as Plaintiffs have neither made an allegation, nor submitted

17  argument or evidence, related to the rifles used by CDCR custody staff in control towers.

18  **OBJECTS DEMANDED BY THE SUBPOENA 14:**

19      Any other weapons used to dispense OC, CN, or CS not otherwise listed.

20  **RESPONSE 14:**

21      Defendants incorporate by reference the above General Objections as though fully stated

22  in this response.  Defendants further object to this demand as vague, ambiguous, overbroad,

23  duplicative, and unduly burdensome.  Defendants further object to this demand because it seeks

24  irrelevant information, or information not reasonably calculated to lead to the discovery of

25  admissible evidence.  This demand is particularly irrelevant as Plaintiffs have neither made an

26  / / /

27  / / /

28  / / /

8

1  allegation, nor submitted argument or evidence, related any other weapons demanded by this

2  request.

3  Dated:  September 23, 2013                    Respectfully submitted,

4                                               KAMALA D. HARRIS
                                                Attorney General of California
5                                               JAY C. RUSSELL
                                                Supervising Deputy Attorney General
6

7                                               /s/ Jessica S. Kim

8

9                                               JESSICA S. KIM
                                                Deputy Attorney General
                                                Attorneys for Defendants
10

CF1997CS0003
11  31789482.doc

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Coleman v. Brown, et al.,**
No.:         **2:90-cv-00520 LKK JFM PC**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On September 23, 2013, I served the attached **DEFENDANTS' OBJECTIONS TO PLAINTIFFS' TRIAL SUBPOENA TO CDCR's CUSTODIAN OF RECORDS** by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

Aaron J. Fischer, Esq.
ROSEN BIEN GALVAN
    & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104

Megan Cesare-Eastment, Esq.
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111-5994

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on September 23, 2013, at Sacramento, California.

| B. Moseman | B. Moseman |
|------------|------------|
| Declarant | Signature |

CF1997CS0003
31789488.doc

# Exhibit G

# K&L GATES

**K&L GATES LLP**
4 EMBARCADERO CENTER, SUITE 1200
SAN FRANCISCO, CA 94111
T +1 415 882 8200    F +1 415 882 8220  klgates.com

Jeffrey L. Bornstein
415.249.1059
*jeff.bornstein@klgates.com*

September 25, 2013

**Via Hand Delivery and Email**

Jay C. Russell, Supervising Deputy Attorney General
Debbie Vorous, Deputy Attorney General
Patrick R. McKinney, Deputy Attorney General
OFFICE OF THE ATTORNEY GENERAL
455 Golden Gate Avenue, Suite 1100
San Francisco, CA 94102-7004

Re: *Coleman v. Brown*, E.D. Cal. Case No. 2:90-cv-00520 LKK

Dear Counsel:

Please find enclosed Plaintiffs' Trial Subpoena directed to Michael Stainer, Deputy Director-Facility Operations of the Division of Adult institutions for the California Department of Corrections and Rehabilitation.

Kindly advise immediately in the event that you will not accept service on his behalf.

We are willing to work with you to obtain photographs of these items. Please let us know if you are willing to work with us to photograph the requested items.

Very truly yours,

Jeffrey L. Bornstein

Enclosure

AO 88 (Rev. 07/10) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

|  |  |
|---|---|
| RALPH COLEMAN, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:90-cv-00520 |
| EDMUND G. BROWN, JR., et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: MICHAEL D. STAINER

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: U.S. District Court, Eastern District of California<br>501 I Street, Sacramento, CA 95814 | Courtroom No.: 4 |
|---|---|
|  | Date and Time: 10/01/2013 9:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:
Please see attached Exhibit 1 for the list of objects to bring to trial.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Fed. R. Civ. P. 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    09/25/2013

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    Ralph Coleman, et al.
_____ , who issues or requests this subpoena, are:

Jeffrey L. Bornstein; K&L Gates LLP, 4 Embarcadero Center, Suite 1200, San Francisco, CA 94111; (650) 798-6700

EXHIBIT 1

1.    A custody staff duty belt, including a radio, handcuffs, and gas mask

2.    An expandable baton

3.    The uniform worn by a member of a CDCR cell-extraction team, including helmet and all protective gear

4.    MK3, MK4, MK9, and MK46 OC canisters (empty).

5.    The shield CDCR custody staff typically uses for cell extractions

6.    A spit mask

7.    37mm and 40mm block guns (unloaded), all types of ammunition used with these weapons at CDCR adult institutions

8.    All types of OC grenades used at CDCR adult institutions (empty)

9.    All sizes of CS and/or CN (tear gas) canisters utilized in CDCR adult institutions (empty)

10.   All types of CS and/or CN (tear gas) grenades used at CDCR adult institutions (empty)

11.   A barricade removal devise with OC canister (empty)

12.   An OC wand applicator

13.   All types of rifles used by CDCR custody staff in control towers at CDCR adult institutions (unloaded)

14.   Any other weapons used to dispense OC, CN, or CS not otherwise listed

AO 88 (Rev. 06/09) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# Exhibit H

| | |
|---|---|
| **From:** | Patrick McKinney <Patrick.McKinney@doj.ca.gov> |
| **Sent:** | Friday, September 27, 2013 10:17 AM |
| **To:** | Bornstein, Jeffrey L.; Debbie Vorous |
| **Cc:** | Jay Russell; Cesare-Eastman, Megan F. |
| **Subject:** | RE: Coleman v. Brown |

Counsel:

We agree to accept service of this subpoena without reservation to filing a motion to quash, which we intend to file today. With respect to your request for photographs, discovery has been closed for more than a month. Plaintiffs had numerous opportunities to take photographs during their site visits, and were accompanied by a photographer on the majority of those visits. While Plaintiffs may present whatever exemplars they have at the upcoming evidentiary hearing, there is no basis for this belated discovery request.

-Patrick

---

**From:** LaPurja, Gail [mailto:Gail.LaPurja@klgates.com] **On Behalf Of** Bornstein, Jeffrey L.
**Sent:** Wednesday, September 25, 2013 4:40 PM
**To:** Debbie Vorous
**Cc:** Jay Russell; Patrick McKinney; Cesare-Eastman, Megan F.; Bornstein, Jeffrey L.
**Subject:** Coleman v. Brown

Dear Counsel:

Please see attached correspondence and trial subpoena to Michael Stainer.

Sincerely,
~gail

**K&L GATES**

**F. Gail LaPurja**
**Secretary to Jeffrey L. Bornstein**
K&L GATES LLP
4 Embarcadero, Suite 1200 | San Francisco, CA 94111
Main: 415.882.8200 | Fax: 415.882.8220
**Direct: 415.882.8011** | Email: **gail.lapurja@klgates.com**
www.klgates.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Gail.LaPurja@klgates.com.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# Exhibit I

| | |
|---|---|
| **From:** | Cesare-Eastman, Megan F. |
| **Sent:** | Friday, September 27, 2013 11:06 AM |
| **To:** | Patrick McKinney; Bornstein, Jeffrey L.; Debbie Vorous |
| **Cc:** | Jay Russell; Michaelson, Jon; Acharya, Ranjini; Coleman Team - RBG Only (ColemanTeam-RBGOnly@rbgg.com); Cesare-Eastman, Megan F. |
| **Subject:** | RE: Coleman v. Brown |

Patrick,

The fact that discovery is closed is not a proper basis for objecting to a trial subpoena -- especially a subpoena that is directed to one of Defendants' witnesses who produced a declaration and was deposed in this case -- and Defendants have no valid grounds to oppose Plaintiffs' subpoena.

As a convenience to the Court and Defendants, Plaintiffs offered to introduce photographs of the subpoenaed items in lieu of the items themselves, provided that Defendants gave Plaintiffs access to the items to take the photographs prior to Tuesday's evidentiary hearing.  Since you have rejected that courtesy, we expect Mr. Stainer to comply with the subpoena and produce the requested items Tuesday morning.

Regards,

Megan

**From:** Patrick McKinney [mailto:Patrick.McKinney@doj.ca.gov]
**Sent:** Friday, September 27, 2013 10:17 AM
**To:** Bornstein, Jeffrey L.; Debbie Vorous
**Cc:** Jay Russell; Cesare-Eastman, Megan F.
**Subject:** RE: Coleman v. Brown

Counsel:

We agree to accept service of this subpoena without reservation to filing a motion to quash, which we intend to file today.  With respect to your request for photographs, discovery has been closed for more than a month.  Plaintiffs had numerous opportunities to take photographs during their site visits, and were accompanied by a photographer on the majority of those visits.  While Plaintiffs may present whatever exemplars they have at the upcoming evidentiary hearing, there is no basis for this belated discovery request.

-Patrick

**From:** LaPurja, Gail [mailto:Gail.LaPurja@klgates.com] **On Behalf Of** Bornstein, Jeffrey L.
**Sent:** Wednesday, September 25, 2013 4:40 PM
**To:** Debbie Vorous
**Cc:** Jay Russell; Patrick McKinney; Cesare-Eastman, Megan F.; Bornstein, Jeffrey L.
**Subject:** Coleman v. Brown

Dear Counsel:

Please see attached correspondence and trial subpoena to Michael Stainer.

Sincerely,
~gail

**K&L GATES**

**F. Gail LaPurja**
**Secretary to Jeffrey L. Bornstein**
K&L GATES LLP
4 Embarcadero, Suite 1200 | San Francisco, CA 94111
Main: 415.882.8200 | Fax: 415.882.8220
**Direct: 415.882.8011** | Email: **gail.lapurja@klgates.com**
www.klgates.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Gail.LaPurja@klgates.com.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# Exhibit J

AO 88 (Rev.07/10) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 2:90-cv-00520

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

_____

RALPH COLEMAN, ET AL.,                )
                                      )
                                      )
                    Plaintiffs,       )
                                      )CASE NO.:
            vs.                       )S 90-0520 LKK-JFM
                                      )
EDMUND G. BROWN, JR., ET AL.,         )
                                      )
                    Defendants.       )
_____     )


DEPOSITION OF

MICHAEL D. STAINER

THURSDAY, AUGUST 15, 2013,  10:08 A.M.

SAN FRANCISCO, CALIFORNIA


REPORTED BY:  MEGAN F. ALVAREZ, RPR, CSR NO. 12470

THORSNES LITIGATION SERVICES, LLC

1                    UNITED STATES DISTRICT COURT

2                  EASTERN DISTRICT OF CALIFORNIA

3

4     ──────────────────────────────

5                                        )
      RALPH COLEMAN, ET AL.,             )
6                                        )
                         Plaintiffs,     )
7                                        )CASE NO.:
                vs.                      )S 90-0520 LKK-JFM
8                                        )
      EDMUND G. BROWN, JR., ET AL.,      )
9                                        )
                         Defendants.     )
10    ──────────────────────────────     )

11

12

13

14

15

16           The Deposition of MICHAEL D. STAINER, taken on

17    behalf of the Plaintiffs, before Megan F. Alvarez,

18    Certified Shorthand Reporter No. 12470, Registered

19    Professional Reporter, for the State of California,

20    commencing at 10:08 a.m., Thursday, August 15, 2013, at

21    the law office of K&L GATES LLP, Four Embarcadero

22    Center, Suite 1200, San Francisco, California.

23

24

25

Michael D. Stainer                                    August 15, 2013

```
 1    APPEARANCES OF COUNSEL:

 2    FOR PLAINTIFFS:

 3             BY:  MEGAN F. CESARE-EASTMAN, ESQ.
                    JON MICHAELSON, ESQ.
 4             K&L GATES LLP
               FOUR EMBARCADERO CENTER, SUITE 1200
 5             SAN FRANCISCO, CALIFORNIA 94111
               415.882.8086
 6             415.882.8220 FAX
               JON.MICHAELSON@KLGATES.COM
 7             MEGAN.CESARE-EASTMAN@KLGATES.COM

 8

 9    FOR DEFENDANTS:

10

11             BY:  PATRICK R. MCKINNEY, ESQ.
               OFFICE OF THE ATTORNEY GENERAL
12             STATE OF CALIFORNIA
               455 GOLDEN GATE AVE., SUITE 11000
13             SAN FRANCISCO, CALIFORNIA  94102-7004
               415.703.3035
14             415.703.5843 FAX
               PATRICK.MCKINNEY@DOJ.CA.GOV
15

16             KATHERINE K. TEBROCK, ESQ.
               CDCR
17             OFFICE OF LEGAL AFFAIRS
               1515 S. STREET, SUITE 314 SOUTH
18             SACRAMENTO, CALIFORNIA 95811
               916.323.2929
19             916.327.5306 FAX
               KATHERINE.TEBROCK@CDCR.CA.GOV

20

21

22

23

24

25
```

THORSNES LITIGATION SERVICES, LLC  |  877.771.3312  |  www.thorsnes.com

```
 1        A.    At Tehachapi.

 2        Q.    And you held that role from 2008 until 2012?

 3        A.    Actually from January -- late December of 2010

 4   until late December 2011.

 5        Q.    And what was your next role?

 6        A.    Acting associate director.

 7        Q.    And where were you stationed for that?

 8        A.    Sacramento headquarters.

 9        Q.    And you held that role until you were promoted

10   into your current position?

11        A.    And then I was the acting associate director

12   for approximately three months and then I was made

13   acting deputy director and then appointed to that

14   position in July of 2012.

15        Q.    So when you started your career with CDCR, did

16   you go through the correctional officers academy?

17        A.    I did.

18        Q.    And what subsequent training did you receive

19   in your different roles that you've held throughout

20   CDCR?

21        A.    Formalized training would be sergeant's

22   academy, basic supervision -- those were two separate

23   classes -- and then lieutenant's academy.  And advanced

24   supervision.

25              And the normal minimum of 40 hours formalized
```

 1    training at the institution on an annual basis plus any
 2    number of hours would consider on-the-job training of
 3    varying subjects.
 4        Q.    Have you ever taken any courses that would
 5    qualify you to provide those trainings for other staff
 6    members?
 7        A.    I have.
 8        Q.    Which trainings are you qualified to provide?
 9        A.    I've taken the -- just another training I've
10    had is the training for trainers.
11             So it's actually classroom presentation.  So
12    that in essence allows you to teach formal in-service
13    training as opposed to on-the-job training.
14             I'm also -- I was at one point a certified
15    sexual harassment instructor.
16             I've also written lesson plans and instructed
17    cell extraction tactical considerations, cell and body
18    search techniques, gang identification.  I'm sure
19    there's more.  That's what comes to the top of my head
20    right now.
21        Q.    Have you ever been qualified as an instructor
22    for any other -- any of the weaponry courses?
23        A.    No, I have not.
24        Q.    Okay.  Have you ever been qualified as an
25    instructor for any use-of-force courses that we haven't

Michael D. Stainer                                    August 15, 2013

1    already covered?

2         A.   No.

3         Q.   So let's discuss your current position.

4              What are your current responsibilities?

5         A.   As the acting director, I'm responsible for

6    direct supervision of two deputy directors, indirect

7    supervision of four associate directors and an assistant

8    deputy director, plus my office staff, clerical, and

9    otherwise.

10             And basically responsible for all the

11   operations and fiscal operations of all 33, or 34 now,

12   adult institutions throughout the state of California.

13   All aspects of all operational facets.

14        Q.   Which two deputy directors do you supervise?

15        A.   Deputy director facility operations, which was

16   my former assignment, and deputy director facility

17   support which handles more of our fiscal as well as

18   program support unit, population management unit,

19   classification services unit, that -- that side of the

20   house as opposed to just the daily operations of the

21   prisons.

22        Q.   Okay.   Which four associate directors do you

23   supervise?

24        A.   The four associate directors that are assigned

25   to the Division of Adult Institutions, broken into the

1    the mentally ill inmate.

2        Q.   Do you know how the decision was made to give

3    seven hours to course work regarding the mentally ill?

4        A.   I wasn't.

5        Q.   Do you think that having more training would

6    allow custody staff to interact with mentally ill

7    inmates in a positive way?

8            MR. McKINNEY:  Objection.  Vague and

9    ambiguous.  Calls for speculation.

10           THE WITNESS:  And I would be speculating.

11   BY MS. CESARE-EASTMAN:

12       Q.   All right.  Do you think that CDCR should

13   offer more training to its officers regarding how to

14   interact with the mentally ill?

15       A.   I believe in training.  And we can never have

16   too much training in any subject.

17       Q.   Including that subject?

18       A.   Including that subject.

19       Q.   Do you think the seven hours is enough?

20           MR. McKINNEY:  Objection.  Calls for

21   speculation.  Vague and ambiguous.

22           THE WITNESS:  In having never sat through

23   this, I can't answer that.

24   BY MS. CESARE-EASTMAN:

25       Q.   So each year custody staff also receives

Michael D. Stainer                                                August 15, 2013

1    annual training, correct?

2        A.   That is correct.

3        Q.   How many hours is that annual training, the

4    mandatory training?

5        A.   Mandatory training consists of 40 hours.

6        Q.   Is that for officers as well as supervisors?

7        A.   Yes.

8        Q.   And that includes an annual certification on

9    the use of expandable batons and the block gun?

10       A.   It consists of -- with regard to that, yes.

11   We don't have a block gun.  We have launchers whether it

12   be the 40 millimeter or the 37 millimeter launchers.

13       Q.   Maybe you can just clarify for me what the

14   difference is between 37 and 40 millimeters?

15       A.   Size of the barrel and the type of projectiles

16   that it is able to discharge.

17       Q.   So which projectiles are used in the

18   37 millimeter?

19       A.   37 millimeter are usually the multiple baton

20   rounds or even blast dispersion rounds, muzzle blast

21   rounds for the application of the chemical agents.

22       Q.   Okay.  And what about the 40 millimeter?

23       A.   40 millimeter has multiple different rounds.

24   Some are direct impact.  Some are multiple baton rounds,

25   both rubber and wood.  Sting ball rounds.

Michael D. Stainer                                        August 15, 2013

1          Q.    And how long does the annual certification on
2     the use of the expandable baton and 40 millimeter impact
3     munition course take?
4          A.    If I remember correctly, the expandable baton
5     is either a two-hour or four-hour recertification after
6     the initial transitional training took place.
7          Q.    I'm sorry.  An annual recertification?
8          A.    Yes.
9          Q.    And what about for the 40 millimeter?
10          A.    For the impact munitions it's a two-hour
11     class, I believe.
12          Q.    Do you provide annual training regarding
13     nonforce conflict resolution?
14          A.    Not aware of that, no.
15          Q.    Do you think it would be a good idea to
16     provide that training?
17               MR. McKINNEY:  Objection.  Calls for
18     speculation.
19               THE WITNESS:  Again, going back to my earlier
20     answer, we can never have too much training.  We just
21     don't have enough time to do all the training we want to
22     do.
23     BY MS. CESARE-EASTMAN:
24          Q.    Is there annualized ethics training?
25          A.    There is -- I'm trying to remember what the

Michael D. Stainer                                        August 15, 2013

```
 1        A.   One minute, please.

 2             I'm trying to find it in the syllabus.  Cannot

 3   find it in the syllabus.  Let's see...

 4        Q.   In your declaration paragraph 19 you say,

 5   "CDCR's Office of Training and Professional Development

 6   also offers an 80-hour training which is required for

 7   all peace officers.  This course covers arrest and

 8   control, firearms, and chemical agents."

 9        A.   I know what this is.  This is the PC832 that I

10   was referring to.

11        Q.   Okay.

12        A.   That's for -- sorry.

13             But --

14        Q.   Well, there's no question pending.

15        A.   Right.  Okay.  Then, yes.

16        Q.   Thank you.

17             How often are peace officers required to take

18   that course?  Is that one time course?

19        A.   That is a one-time course.  This is in lieu of

20   the Basic Correctional Officers Academy; for example,

21   they -- a person, in order to be the administrative

22   officer of the day.  For me, I was already a peace

23   officer.  So I went through the Basic Correctional

24   Academy.  I became a sworn peace officer and remained a

25   peace officer.
```

THORSNES LITIGATION SERVICES, LLC  |  877.771.3312  |  www.thorsnes.com

# Exhibit K



Transcript of the Testimony of:

# Steve J. Martin

Coleman v. Brown

July 23, 2013

Volume I

THORSNES LITIGATION SERVICES, LLC
P: 877.771.3312 | F: 877.561.5538
www.thorsnes.com

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA


RALPH COLEMAN, ET AL.,                )
                                      )
                  Plaintiffs,         )
                                      )CASE NO.:
         vs.                          )S 90-0520 LKK-JFM
                                      )
EDMUND G. BROWN, JR., ET AL.,         )
                                      )
                  Defendants.         )
_____)



DEPOSITION OF

STEVE J. MARTIN


TUESDAY, JULY 23, 2013,  9:32 A.M.

SAN FRANCISCO, CALIFORNIA


VOLUME I


REPORTED BY:  MEGAN F. ALVAREZ, RPR, CSR NO. 12470

THORSNES LITIGATION SERVICES, LLC

THORSNES LITIGATION SERVICES, LLC  |  877.771.3312  |  www.thorsnes.com

```
 1                  UNITED STATES DISTRICT COURT

 2                  EASTERN DISTRICT OF CALIFORNIA

 3

 4   RALPH COLEMAN, ET AL.,            )
                                       )
 5                    Plaintiffs,      )
                                       )CASE NO.:
 6         vs.                         )S 90-0520 LKK-JFM
                                       )
 7   EDMUND G. BROWN, JR., ET AL.,     )
                                       )
 8                    Defendants.      )
     _____)
 9

10

11

12

13

14

15

16           The Deposition of STEVE J. MARTIN, taken on

17   behalf of the Plaintiffs, before Megan F. Alvarez,

18   Certified Shorthand Reporter No. 12470, Registered

19   Professional Reporter, for the State of California,

20   commencing at 9:32 a.m., Tuesday, July 23, 2013, at

21   K&L GATES LLP, Four Embarcadero Center, Suite 1200,

22   San Francisco, California.

23

24

25
```

Steve J. Martin                                                    July 23, 2013

```
 1    APPEARANCES OF COUNSEL:

 2    FOR PLAINTIFFS:

 3              BY:  JEFFREY L. BORNSTEIN, ESQ.
                     MEGAN F. CESARE-EASTMAN, ESQ.
 4              K&L GATES LLP
                FOUR EMBARCADERO CENTER, SUITE 1200
 5              SAN FRANCISCO, CALIFORNIA 94111
                415.882.8086
 6              415.882.8220 FAX
                JEFF.BORNSTEIN@KLGATES.COM
 7              MEGAN.CESARE-EASTMAN@KLGATES.COM

 8

 9    FOR DEFENDANTS:

10              BY:  JAY RUSSELL, ESQ.
                OFFICE OF THE ATTORNEY GENERAL
11              STATE OF CALIFORNIA
                455 GOLDEN GATE AVE., SUITE 11000
12              SAN FRANCISCO, CALIFORNIA  94102-7004
                415.703.3035
13              415.703.5843 FAX
                JAY.RUSSELL@DOJ.CA.GOV

14

15
      ALSO PRESENT:
16
                ELDON VAIL
17

18

19

20

21

22

23

24

25
```

Page 3

Steve J. Martin                                           July 23, 2013

```
 1    continue to pose it.  And the more I look at this, the
 2    more I pose that question, quite frankly.
 3         Q.   So let's talk about what you just said.  The
 4    the weaponry that the guards have is an issue that ought
 5    to be dealt with, right?
 6         A.   It's an issue that should generate any
 7    oversight by be it the special master, be it the OIG, of
 8    seeing how that equipment is being deployed.  Because in
 9    the correctional mainstream, systems typically don't
10    have to rely on that -- that level of ready, immediate
11    arsenal equipment to manage inmates.
12              Okay.  That's the general that -- when I came
13    out here and I saw how they were equipped and I -- the
14    very first officer I saw when I walked on the unit, I
15    didn't have any idea they were equipped this way.  And I
16    saw the expandible baton and I saw MK-9 and I saw two
17    grenades.  I immediately said, "Whoa."
18              Has there been no other single person out of
19    all the expertise that y'all bring to bear and the
20    special master brings to bear and everything else, that
21    anybody asked that simple question:  "Should we maybe
22    look at these incidents and see how MK-9 is being
23    deployed?  Had we better look and see what all equipment
24    they have?"
25              I can remember the first control tower went up
```

THORSNES LITIGATION SERVICES, LLC  |  877.771.3312  |  www.thorsnes.com

Steve J. Martin                                    July 23, 2013

1   in a housing unit.  I was stunned at the arsenal they
2   had in that control center with the MK -- they had a
3   whole rack of MK-46.  They had more MK-46 in that
4   control station than most prisons have for their entire
5   prison.  So I said, "Whoa, yeah."
6          So this is before I looked at anything much.
7   But I did see on those logs, MK-46 and so forth.  I
8   immediately knew there was an issue.  I mean, I
9   immediately knew it, before I looked at an incident.
10  That's why I'm saying, where's everybody been?
11         Q.   Well, aren't California inmates more dangerous
12  than everybody else's?
13         A.   Absolutely they're no different than Maine and
14  Texas inmates, Ohio inmates, Michigan inmates,
15  Mississippi inmates.  And I've been in all those
16  systems.  I've been in your system over 30 years.
17         Q.   But I thought that they need all that stuff.
18         A.   I don't know whether they need it or not, but
19  I know they have it.  So I want to see how they're using
20  it, and then I'll make a judgment whether they need it.
21         I don't think they need batons at all
22  facilities.  But at certain facilities, I'm not
23  uncomfortable with them carrying that on their person if
24  they're guided right, trained right, and managed right.
25  Because those are yard fights.  I mean, those

THORSNES LITIGATION SERVICES, LLC  |  877.771.3312  |  www.thorsnes.com