KAMALA D. HARRIS
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
JAY C. RUSSELL
Supervising Deputy Attorney General
DEBBIE VOROUS, State Bar No. 166884
PATRICK R. MCKINNEY, State Bar No. 215228
JESSICA KIM, State Bar No. 257766
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 324-5345
 Fax: (916) 324-5205
 E-mail: Debbie.Vorous@doj.ca.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>**EDMUND G. BROWN JR., et al.,**<br><br>　　　　　　　　Defendants. | 2:90-cv-00520 LKK DAD<br><br>**DEFENDANTS' EX PARTE REQUEST FOR A SEVEN-DAY EXTENSION OF TIME TO RESPOND TO SPECIAL MASTER'S REPORT RE: SALINAS VALLEY PSYCHIATRIC PROGRAM** |

1

Defs.' Ex Parte Req. for 7-Day Ext. of Time to Resp. to Spec. Master's Rpt. re: SVPP
(2:90-cv-00520 LKK DAD)

# INTRODUCTION

On July 11, 2013, this Court ordered that the Special Master "report on the adequacy of staffing levels at [the Salinas Valley Psychiatric Program], and on whether the so-called cuff or orientation status, either as designated or as implemented, unduly interferes with or delays the provision of necessary care to class members." Order, ECF No. 4688 at 12. The court further stated that although it intended to order a shorter date for that report, it extended the time for reporting to September 24, 2013 because of the "complexity" of the issues on which the Special Master was to report. *Id.* at n. 12. The Special Master's 58-page report issued on September 24. ECF No. 4830.

Federal Rule of Civil Procedure 53(f)(2) provides that unless otherwise ordered, a party may file objections to a master's report no later than 21 days after a copy is served. In this litigation, the Court's 1995 order of reference provides that responses to the Special Master's reports shall be served within 10 days of service.[1]

The breadth and complexity of the Special Master's report requires a substantial effort by the Department of State Hospitals (DSH) and the Salinas Valley Psychiatric Program to research, review, and assess the Special Master's findings and to prepare a response, when necessary, to the details of that report. Decl. P. Ahlin Supp. Ex Parte App. to Extend Time ¶¶ 3 & 4. In the interim, on October 1, 2013, the parties have commenced another evidentiary hearing before this Court related to Defendants' use-of-force practices and the provision of mental health treatment to condemned inmates at San Quentin State Prison. *See* ECF No. 4855. After being served with the Special Master's report, DSH and the Salinas Valley Psychiatric Program immediately began researching, reviewing, and assessing its details and findings, particularly the findings concerning the use of orientation and cuff status and the care provided to class members. Ahlin Dec. ¶¶ 3 & 4. But given the breadth of the Special Master's report, and the intervening evidentiary hearing, Defendants cannot complete this process, and prepare an adequate response within the time set by

---

[1] Under Federal Rule of Civil Procedure 6(d), that time is extended by three days for electronic service.

2

Defs.' Ex Parte Req. for 7-Day Ext. of Time to Resp. to Spec. Master's Rpt. re: SVPP
(2:90-cv-00520 LKK DAD)

the Court's order of reference.   (Ahlin Decl. ¶¶ 3–5; Decl. D. Vorous Supp. Ex Parte App. to Extend Time ¶¶ 3–6.)  Accordingly, Defendants request that the Court extend the time that Defendants have to respond to the Special Master's report by seven  days, to October 14, 2013.

Good cause exists to grant this extension of time.  Defendants have begun their investigation of the Special Master's findings, but require additional time to complete a thorough investigation and respond appropriately.  Moreover, the continued evidentiary hearing places additional constraints on Defendants' ability to prepare an adequate response.  And Plaintiffs will not be not unfairly prejudiced by the requested extension.  Accordingly, the Court should grant Defendants' ex parte request and modify the schedule to allow Defendants to file a response to the Special Master's report on or before October 14, 2013.

## DISCUSSION

The Court may extend the time to act upon a showing of good cause.  Fed. R. Civ. P. 6(b)(1)(A); *accord* L.R. 144; *and* Fed. R. Civ. P. 16(b) (permitting modification of a schedule for good cause).  Under Rule 16(b), even without a formal motion, "the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."  Fed. R. Civ. P. 16(b) advisory committee's notes to 1983 amendment.

### A.   Good Cause Exists to Grant Defendants Additional Time to Respond to the Special Master's Report.

The Special Master's September 24, 2013 report constitutes the first time in this 23-year long litigation that he has made such findings and recommendations concerning mental health care provided at a DSH facility.  Accordingly, Defendants must be allowed the chance to thoroughly investigate and respond to the serious findings made in that report.  Upon receiving it, Defendants immediately began researching, reviewing, and assessing the findings, particularly those concerning the use of orientation and cuff status and the quality of care provided within the Salinas Valley program.  Ahlin Decl. ¶¶ 3 & 4.  This included interviewing program staff, compiling and reviewing data regarding placements and mental health treatment of class

3

members, and reviewing other relevant events that bear on the issues raised in the Special Master's report. *Id.* But, particularly given the intervening evidentiary hearing that began October 1, it will take Defendants additional time, with the assistance of counsel, to complete this process and draft a response. *Id.* ¶¶ 3–5*;* Vorous Decl. ¶¶ 5–6.  Under these circumstances, Defendants cannot complete their research, review, and assessment and prepare an adequate response within the ten days provided by the order of reference. *Id.*

The additional time requested should provide Defendants sufficient time to finish investigating the Special Master's findings, and allow counsel adequate time to prepare an appropriate response.  Defendants have asked for no more time than is absolutely necessary to adequately respond to the report, and do not seek additional time to harass Plaintiffs or needlessly delay the Court's consideration of the report.

### B. Plaintiffs Will Not Be Prejudiced if Defendants Are Granted Additional Time to Respond to the Special Master's Report.

Defendants' requested extension will not unfairly prejudice Plaintiffs.  Allowing Defendants adequate time to investigate and respond to the Special Master's findings will not significantly extend the period of time required to implement any of the Special Master's proposed recommendations, should any ultimately be ordered by this court.  And modifying the time for response will not give Defendants any unfair strategic advantage.  Rather, it will allow Defendants to prepare a more thorough and informed response to the Special Master's findings and recommendations.

### CONCLUSION

The Special Master's findings and recommendations require careful and deliberate consideration by the parties and this Court.  That consideration, in turn, requires Defendants' fully-investigated and briefed reply to the report.  Allowing Defendants an additional week to prepare that response preserves Defendants' right to a fair opportunity to respond and poses no risk of unfair prejudice to Plaintiffs' interest in having the Special Master's recommendations reviewed and resolved by this Court.  For all of these reasons, good cause warrants providing

4

Defs.' Ex Parte Req. for 7-Day Ext. of Time to Resp. to Spec. Master's Rpt. re: SVPP
(2:90-cv-00520 LKK DAD)

Defendants additional time to respond to the Special Master's report.

Dated: October 4, 2013

Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
JAY C. RUSSELL
Supervising Deputy Attorney General

/S/ DEBBIE J. VOROUS

DEBBIE J. VOROUS
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003

5

Defs.' Ex Parte Req. for 7-Day Ext. of Time to Resp. to Spec. Master's Rpt. re: SVPP
(2:90-cv-00520 LKK DAD)