UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No. CIV. S-90-520 LKK/DAD (PC) |
| Plaintiffs, | |
| v. | **ORDER** |
| EDMUND G. BROWN, JR., et al., | |
| Defendants. | |

Pursuant to court order, this matter was set for evidentiary hearing on September 26, 2013 on, *inter alia*, plaintiffs' motion for enforcement of court orders and affirmative relief related to use of force and disciplinary measures. By subsequent order, the start of the hearing was continued to October 1, 2013.

On September 12, 2013, defendants filed a motion in limine to exclude or limit presentation by plaintiffs of use of force videos at said hearing.[1] By order filed September 26, 2013, the court denied defendants' motion in limine insofar as it sought

---

[1] Use of force videos are made by defendants pursuant to state regulation and were made available to plaintiffs and their expert during prison tours. See Plfs.' Opp. to Defs.' MIL No. 6, filed September 19, 2013 (ECF No. 4820) at 2.

1

exclusion of the videos or their review in camera. Order filed September 26, 2013 (ECF No. 4833) at 2. The order provides that any video offered and accepted into evidence at the evidentiary hearing will be shown in open court subject to a protective order. The protective order provides, in relevant part, at paragraph 2b. that "[a]ny member of the public or press who views the videos is prohibited from publicly disclosing the names, identification numbers, or other personally-identifying information of any inmate or peace officer or other employee of the California Department of Corrections and Rehabilitation (CDCR) who may appear in any such video." Id. at 2-3. The September 26, 2013 order was based on the court's determinations that (1) the issues raised by plaintiffs' motion are of great public interest and significance; and (2) the identity of individuals depicted in the videos are irrelevant to the proceedings and of no public interest and those individuals have privacy interests otherwise protected by law. The September 26, 2013 order was entered to balance those interests.

On September 30, 2013, Los Angeles Times Communications LLC (Los Angeles Times) filed a motion to intervene in this action in order to seek modification of that part of the protective order quoted *supra*, which the Los Angeles Times challenges as a prior restraint in violation of the First Amendment. At the start of the evidentiary hearing on October 1, 2013, the court granted the motion to intervene in open court and heard argument on the motion to modify the protective order, after which the court made the oral ruling now reduced to writing herein.

There is no dispute that the videos depict members of the plaintiff class, all of whom are seriously mentally ill.  The identities of class members have been protected by a protective order since early in this action.  See Order filed September 12, 1991 (Doc. No. 90).[2]  Nor do the parties contend that the CDCR employees depicted in these video recordings acted *ultra vires*; rather, plaintiffs assert that these employees are carrying out their duties in accordance with the policies and procedures currently in effect. As such, the identities of the CDCR employees and the class members depicted are completely irrelevant to the court's consideration of this issues at bar.

After consideration of the arguments by counsel for the Los Angeles Times and by counsel for plaintiffs and defendants, the court entertained and granted from the bench a joint motion by plaintiffs and defendants to strike any personally-identifying information inadvertently shown during the playing of the videos from the record of these proceedings.  Such information is irrelevant and will not be admitted into evidence in these proceedings for any purpose.

In accordance with the above, the court hereby orders as follows:

  [1]  Paragraph 2.b of the court's September 26, 2013 Order, which provides, "Any member of the public or press who views the videos is prohibited from publicly disclosing the names, identification numbers, or other personally-identifying

---

[2] The protective order has been modified several times.  See, e.g., Modified Protective Order filed January 12, 2007 (ECF No. 2109).

information of any inmate or any peace officer or other employee of the California Department of Corrections and Rehabilitation (CDCR) who may appear in any such video," is VACATED.

[2] Any names, identification numbers, and other personally-identifying information of any inmate and any peace officer or other employee of the California Department of Corrections and Rehabilitation who may appear in any video shown during the evidentiary hearing is irrelevant to these proceedings and will not be admitted into evidence for any purpose.  Any such personal information inadvertently shown during the playing of these tapes is STRICKEN from the record of these proceedings, and for that reason may not be disclosed by members of the press or the public in attendance upon penalty of contempt of court. This order has no application to information obtained by the press or public independently of these proceedings.

IT IS SO ORDERED.

DATED:  October 7, 2013.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT