KAMALA D. HARRIS
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
JAY C. RUSSELL
Supervising Deputy Attorney General
DEBBIE VOROUS, State Bar No. 166884
PATRICK R. MCKINNEY, State Bar No. 215228
JESSICA KIM, State Bar No. 257766
MANEESH SHARMA, State Bar No. 280084
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 323-8789
  Fax: (916) 324-5205
  E-mail: Jessica.Kim@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**EDMUND G. BROWN JR., et al.,**<br><br>Defendants. | 2:90-cv-00520 LKK DAD PC<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 8: TO EXCLUDE THE SUPPLEMENTAL DECLARATION AND TESTIMONY OF PLAINTIFFS' EXPERT WITNESS PABLO STEWART, M.D. ON ISSUES OUTSIDE THE SCOPE OF PLAINTIFFS' SPECIALIZED CARE FOR THE CONDEMNED PLAN MOTION**<br><br>Date: October 16, 2013<br>Time: 9:30 a.m.<br>Dept: 4<br>Judge: The Honorable Lawrence K. Karlton<br><br>Action Filed: 1990 |

///

Defs.' MIL No. 8: To Exclude Supp. Decl. & Testimony of Pls.' Expert Witness Pablo Stewart, M.D. on Issues
Outside the Scope of Plaintiffs' Specialized Care for the Condemned Plan Motion
(2:90-cv-00520 LKK DAD PC)

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on October 16, 2013, at 9:30 a.m., or as soon thereafter as this matter may be heard, Defendants will and hereby do move the Court for an order to exclude testimony of Plaintiffs' expert Pablo Stewart.

Defendants request that the Court preclude the testimony of Dr. Stewart on issues that are outside the scope of Plaintiffs' motion regarding San Quentin's Specialized Care for the Condemned Plan. Specifically, the Court should bar Dr. Stewart from testifying regarding: (1) Prisoner WWW, a San Quentin inmate who was never a part of the Specialized Care for the Condemned Plan; (2) Alleged restrictions for death row prisoners at Vacaville Psychiatric Program; and (3) Suicide statistics for San Quentin death row prisoners.

Defendants also request that the Court preclude Dr. Stewart from testifying regarding Prisoner GG because Dr. Stewart's expert reports did not include any opinions regarding Prisoner GG.

Defendants base this motion on this Notice of Motion, the attached Memorandum of Points and Authorities, the Court's file in this action, oral argument of counsel, and any other matters that may come before this Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION.**

This motion in limine is necessary because on September 27, 2013, long after Plaintiffs' motion was fully briefed and on the eve of the scheduled hearing, Plaintiffs filed Dr. Stewart's supplemental declaration. (ECF No. 4840.)[1] Defendants originally moved to exclude Dr. Stewart's declaration and testimony in a motion in limine filed on September 12, 2013. (ECF No. 4794.)

Dr. Stewart's supplemental declaration contains opinions on four areas:

---

[1] Defendants respectfully request that the Court consider this motion in limine; Defendants could not submit it earlier because Defendants received Dr. Stewart's supplemental declaration after the motion in limine deadline.

1

Defs.' MIL No. 8: To Exclude the Testimony of Pablo Stewart
(2:90-cv-00520 LKK DAD PC)

(1) Prisoner WWW, an San Quentin inmate who was not a part of the Specialized Care for the Condemned Plan (ECF No. 4840 ¶¶ 6-34);

(2) Suicide statistics for San Quentin death row prisoners (*Id.* ¶ 35);

(3) Alleged restrictions for death row prisoners at Vacaville Psychiatric Program's Acute Inpatient Program (*Id.* ¶¶ 40-43); and

(4) Dr. Stewart's review of additional medical records for seven condemned prisoners he evaluated in February of 2013 (*Id.* ¶¶ 44-45).

Defendants do not move to exclude Dr. Stewart's testimony about the fourth topic—his review of additional records for seven condemned prisoners. However, Defendants move to exclude testimony from Dr. Stewart regarding the other three topics as outside the scope of Plaintiffs' motion concerning the Specialized Care for the Condemned Plan.

Dr. Stewart should be precluded from testifying about Prisoner WWW because his opinions are irrelevant. Plaintiffs' motion challenges the adequacy of care provided by the Specialized Care for the Condemned Plan. Prisoner WWW was never a part of the Plan. Dr. Stewart's criticism of a single inmate's care in San Quentin's other mental health programs is irrelevant to determining whether the Specialized Care for the Condemned Plan is constitutionally adequate.

Dr. Stewart should also be precluded from testifying regarding alleged restrictions for condemned inmates at Vacaville Psychiatric Program's Acute Inpatient Program. This issue has no bearing on whether the Specialized Care for the Condemned Plan provides adequate treatment. Dr. Stewart's testimony regarding suicide rate statistics of San Quentin's death row prisoners is similarly irrelevant, as Dr. Stewart does not contend that any prisoners in the Specialized Care for the Condemned Plan committed suicide. Further, Dr. Stewart's opinions on this area should be precluded because they are not based on reliable principles and methods.

Finally, Dr. Stewart should be precluded from testifying regarding the use of force incident involving Prisoner GG because he has not submitted any expert reports that include opinions on this issue.

///

////

2

Defs.' MIL No. 8: To Exclude the Testimony of Pablo Stewart
(2:90-cv-00520 LKK DAD PC)

## II. THE COURT SHOULD EXCLUDE DR. STEWART'S TESTIMONY ON PRISONER WWW BECAUSE HE WAS NOT A PART OF THE SPECIALIZED CARE FOR THE CONDEMNED PLAN.

Only relevant evidence—evidence that tends to make a fact or consequence more or less likely to be true—is admissible. Fed. R. Evid. 401 & 402. Moreover, even relevant evidence must be excluded if its probative value is substantially outweighed by a danger of unfair prejudice, confusion, and undue delay. Fed. R. Evid. 403.

Plaintiffs' motion, filed on April 11, 2013, challenged the adequacy of care provided to inmate-patients in San Quentin's Specialized Care for the Condemned Plan. (ECF No. 4543.) This issue was fully briefed on May 16, 2013. (ECF No. 4592; 4617.) In the scheduling conference for this motion, both the Court and the parties acknowledged that the upcoming evidentiary hearing would hinge on the adequacy of the treatment provided by the Specialized Care for the Condemned Plan. (Kim Decl., Ex. A.)

Dr. Stewart's supplemental declaration focuses on Prisoner WWW—a prisoner who was never in the Specialized Care for the Condemned Plan. (ECF No. 4840 at ¶¶ 6-34.) Although Plaintiffs have strained to connect Prisoner WWW's suicide to their motion, no connection exists. Unsurprisingly, one noticeably absent opinion in Dr. Stewart's lengthy discussion of Prisoner WWW's treatment is a criticism of Prisoner WWW's treatment within the Specialized Care for the Condemned Plan. Any testimony regarding Prisoner WWW will therefore not aid the Court in deciding whether the Plan provides adequate treatment. The Court should preclude Dr. Stewart from giving irrelevant testimony regarding Prisoner WWW.

Devoting hearing time to Dr. Stewart's testimony on Prisoner WWW would also be prejudicial and cause undue delay. Dr. Stewart's declaration is more akin to evidence appropriate for a wrongful death lawsuit, and certainly not appropriate for a hearing on the adequacy of a program in which Prisoner WWW did not participate. If Defendants are required to respond to these allegations, testimony would show that Prisoner WWW was provided adequate, and in many instances excellent, treatment by clinicians as a part of San Quentin's Correctional Clinical Case Management System, Enhanced Outpatient Program, and Mental Health Crisis programs. But spending hours discussing Prisoner WWW's treatment will be unhelpful in assessing the

3

adequacy of programs in which he was not treated.

### III. DR. STEWART'S TESTIMONY REGARDING ALLEGED RESTRICTIONS ON CONDEMNED INMATES IN VACAVILLE PSYCHIATRIC PROGRAM'S ACUTE INPATIENT CARE PROGRAM IS IRRELEVANT.

Dr. Stewart's supplemental declaration contains his opinions regarding alleged restrictions for condemned prisoners at Vacaville's Psychiatric Program's Acute Inpatient Care Program. (ECF No. 4840 at ¶¶ 40-43.) The Court should preclude Dr. Stewart from providing testimony related to this issue because it is not relevant, and will not aid the Court in evaluating San Quentin's Specialized Care for the Condemned Plan. Plaintiffs' motion did not contain any argument or evidence regarding alleged restrictions for condemned prisoners receiving acute care at the Vacaville Psychiatric Program. (ECF No. 4543, *generally*.) Defendants therefore did not have the opportunity to address this argument in their opposition. Plaintiffs should not be allowed to broaden the scope of their motion by submitting new evidence after their reply brief was due.

### IV. THE COURT SHOULD EXCLUDE DR. STEWART FROM TESTIFYING REGARDING SAN QUENTIN'S DEATH ROW SUICIDE STATISTICS AS IRRELEVANT AND NOT BASED ON RELIABLE METHODS.

Dr. Stewart's supplemental declaration contains statistics about suicides by San Quentin's death row inmates. (ECF No. 4840 ¶ 35). Dr. Stewart should not be allowed to testify regarding these statistics because they are irrelevant—Dr. Stewart does not allege that any inmate that was a part of San Quentin's Specialized Care for the Condemned Plan committed suicide. Suicides by inmates not a part of the Specialized Care for the Condemned Plan have no bearing on the question of whether the Plan provides adequate treatment.

Further, under Rule 702 of the Federal Rules of Evidence, an expert may testify only if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. Expert testimony is inadmissible if it does not meet these requirements. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589-93 (1993). The proponent of the expert testimony must prove

4

that the elements of Rule 702 have been met. *Id.* Dr. Stewart's proposed testimony regarding death row suicide statistics does not meet these standards. (ECF No. 4840 at ¶ 35.) In his supplemental declaration, Dr. Stewart asserts that there have been four suicides by San Quentin's death row inmates in the past 22 months. *Id.* He then uses these figures to extrapolate a suicide rate of 285 per 100,000 for death row inmates at San Quentin in the past year. He also opines that the suicide rate for condemned prisoners at San Quentin is 17 times greater than the national rate for state prisoners. *Id.* Dr. Stewart did not use reliable principles or methods to reach these opinions. He is not a statistician, and his lack of training is reflected in his opinions. It is inappropriate for Dr. Stewart to extrapolate the rate of suicides per 100,000 prisoners based on a sample size of four. It is similarly inappropriate for Dr. Stewart to compare the suicide rate of California's death row prisoners to the national suicide rate, instead of the suicide rate of other death row prisoners. Dr. Stewart should be precluded from testifying regarding these misleading statistics.

### V. THE COURT SHOULD EXCLUDE DR. STEWART'S TESTIMONY REGARDING THE USE OF FORCE INCIDENT INVOLVING PRISONER GG BECAUSE DR. STEWART HAS NOT SUBMITTED AN EXPERT REPORT WITH HIS OPINIONS ON THIS ISSUE.

Rule 26 of the Federal Rules of Civil Procedure requires parties to designate expert witnesses and disclose expert reports which "contain . . . a complete statement of all opinions the witness will express and the basis and reasons for them [and] the facts or data considered by the witness in forming them . . . ." Fed. R. Civ. P. 26(a)(2)(B). Rule 37 further provides: "[i]f a party fails to provide information . . . as required by Rule 26 . . . the party is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Rule 37(c)(1) gives teeth to the requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). A court may limit expert witness testimony to matters disclosed in the expert report. *See Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782-84 (6th Cir. 2003).

Dr. Stewart filed expert reports on March 14, 2013 (ECF No. 4381) and September 27, 2013 (ECF No. 4840). Neither report included opinions regarding the use of force on Prisoner

5

Defs.' MIL No. 8: To Exclude the Testimony of Pablo Stewart
(2:90-cv-00520 LKK DAD PC)

GG. On October 10, 2013, Plaintiffs informed Defendants that Dr. Stewart was reviewing a video involving Prisoner GG. (Kim Decl. ¶ 3.) Before Defendants received this information, they had no prior notice that Plaintiffs planned to use Dr. Stewart as a use-of-force expert. (Kim Decl. ¶ 3.) Dr. Stewart has not submitted an expert declaration with opinions about Prisoner GG. Under Federal Rules of Procedure 26 and 37, the Court should exclude Dr. Stewart from testifying regarding Prisoner GG.

## CONCLUSION

The Court should exclude Dr. Stewart's testimony about Prisoner WWW, acute care provided at the Vacaville Psychiatric Program, and San Quentin's suicide statistics, because it is irrelevant and any probative value is substantially outweighed by the potential for prejudice and undue delay. The Court should also exclude Dr. Stewart's opinions regarding suicide statistics because they are based on unreliable methods and principles.

Finally, the Court should exclude Dr. Stewart from testifying regarding the use of force incident involving Prisoner GG because he has not submitted an expert report with his opinions on this issue.

Dated: October 15, 2013    Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
JAY C. RUSSELL
Supervising Deputy Attorney General

*/s/ Jessica Kim*

JESSICA KIM
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003

6

Defs.' MIL No. 8: To Exclude the Testimony of Pablo Stewart
(2:90-cv-00520 LKK DAD PC)