1  KAMALA D. HARRIS
   Attorney General of California
2  JONATHAN L. WOLFF
   Senior Assistant Attorney General
3  JAY C. RUSSELL
   Supervising Deputy Attorney General
4  DEBBIE VOROUS, State Bar No. 166884
   PATRICK R. MCKINNEY, State Bar No. 215228
5  JESSICA KIM, State Bar No. 257766
   MANEESH SHARMA, State Bar No. 280084
6  Deputy Attorneys General
    1300 I Street, Suite 125
7   P.O. Box 944255
    Sacramento, CA 94244-2550
8   Telephone: (916) 323-8789
    Fax: (916) 324-5205
9   E-mail: Jessica.Kim@doj.ca.gov
   *Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,** | 2:90-cv-00520 LKK DAD PC |
| Plaintiffs, | **DECLARATION OF JESSICA S. KIM IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE NO. 8: TO EXCLUDE THE SUPPLEMENTAL DECLARATION AND TESTIMONY OF PLAINTIFFS' EXPERT WITNESS PABLO STEWART, M.D. ON ISSUES OUTSIDE THE SCOPE OF PLAINTIFFS' SPECIALIZED CARE FOR THE CONDEMNED PLAN MOTION** |
| v. | |
| **EDMUND G. BROWN JR., et al.,** | |
| Defendants. | |

///

///

///

1

1  I, Jessica S. Kim, declare as follows:

2  1. I am a Deputy Attorney General with the California Office of the Attorney General, attorneys of record for Defendants in this case, and I am licensed to practice in this Court. I have personal knowledge of the facts stated in this declaration and if called on to testify to those facts, could and would do so competently. I submit this declaration in support of Defendants' Motion In Limine No. 8: To Exclude Supplemental Declaration and Testimony of Plaintiffs' Expert Witness Pablo Stewart, M.D. on Issues Outside the Scope of Plaintiffs' Specialized Care for the Condemned Plan Motion.

2. Attached as Exhibit A is a true and correct copy of an excerpt from the transcript of the scheduling conference before the Court on May 23, 2013.

3. On October 10, 2013, Plaintiffs' counsel informed the Attorney General's Office via telephone that Dr. Stewart was planning to review a use-of-force video involving Prisoner GG. Before Defendants received this information, they had no prior notice that Plaintiffs planned to use Dr. Stewart as a use-of-force expert.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed in Sacramento, California on October 15, 2013.

                                                  */s/ Jessica S. Kim*
                                                  Jessica S. Kim

CF1997CS0003

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

---o0o---

BEFORE THE HONORABLE LAWRENCE K. KARLTON, JUDGE

---o0o---

RALPH COLEMAN, et al.,

       Plaintiffs,

vs.                                  No. Civ. S-90-0520

EDMUND G. BROWN, Jr.,
et al.,

       Defendants.

_____/

---o0o---

REPORTER'S TRANSCRIPT OF PROCEEDINGS

STATUS CONFERENCE

THURSDAY, MAY 23, 2013

---o0o---

Reported by:    KATHY L. SWINHART, CSR #10150

KATHY L. SWINHART, OFFICIAL COURT REPORTER, USDC -- (916) 446-1347

```
 1                          APPEARANCES
 2
     For the Plaintiffs:
 3
          ROSEN, BIEN, GALVAN & GRUNFELD
 4        315 Montgomery Street, Tenth Floor
          San Francisco, California  94104-1823
 5        BY:    MICHAEL W. BIEN
          and    JANE E. KAHN
 6

 7   For the Defendants:

 8        STATE OF CALIFORNIA, DEPARTMENT OF JUSTICE
          OFFICE OF THE ATTORNEY GENERAL
 9        1300 I Street, Suite 125
          Post Office Box 944255
10        Sacramento, California  94244-2550
          BY:    DEBBIE J. VOROUS
11
                            and
12
          STATE OF CALIFORNIA, DEPARTMENT OF JUSTICE
13        OFFICE OF THE ATTORNEY GENERAL
          455 Golden Gate Avenue, 11th Floor
14        San Francisco, California  94104-7004
          BY:    JAY C. RUSSELL
15

16

17

18

19

20

21

22

23

24

25
```

KATHY L. SWINHART, OFFICIAL COURT REPORTER, USDC -- (916) 446-1347

actually in dispute.

THE COURT: Well, there are two kinds of issues or three kinds of issues that relate to that.

MR. BIEN: Right.

THE COURT: I've had a conversation with the special master this morning so that I have a better feel.

Even assuming -- well, let's start by saying the State takes the position that by state law they are prohibited from transferring intermediate level care to DHS, Department of Health --

MS. VOROUS: Department of State Hospitals.

THE COURT: -- Department of State Hospitals, DSH, and so they say they can't. Even -- so that's a legal issue which I can deal with the way we deal with legal issues.

But there's a second question. Even assuming that I were to find that they were not prohibited by law, or that they are prohibited by law but I'm going to direct them to deviate from the state law because the Constitution requires it, that would only be true if the unit that now exists at San Quentin were not the equivalent -- were not providing the equivalent care that would be obtained in a DSH facility.

And that's an evidentiary matter. Somebody has got to tell me what they're doing, how they're doing it, what's available, and that's going to have to be cross-examined. Because obviously -- it's not obvious, nothing in this case is

obvious. But common sense says that I'm not going to suggest that the State do something unnecessary. And if this facility actually provides equivalent care, that's the end of that issue.

Well, it's not the end of the issue because I've just been told something I didn't know, which is that those ten beds really belong to the receiver; and that he has, pursuant to the request of the special master, provided those ten beds, but he's got problems with his experts about whether or not he can afford to give up the ten beds. I mean, this whole thing is just -- it's endless.

MR. BIEN: On that issue, Your Honor, you know, we think again that -- obviously I don't know what -- the defendants haven't really contended anywhere that this program that they are doing at San Quentin is actually an ICF program. And I'm not quite sure that that is in dispute.

THE COURT: I had understood them to say it may not be technically an ICF unit, but it provides equivalent care.

Is that wrong, Ms. Vorous?

MS. VOROUS: No, that's not wrong.

THE COURT: That's what I had understood.

But, you see, all of that takes time. I mean, it's got to be done. I don't know whether you want to talk to their expert, or whoever is going to testify on their behalf, that the unit is equivalent and that there's no need to