DONALD SPECTER – 083925
STEVEN FAMA – 099641
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LORI E. RIFKIN – 244081
AARON J. FISCHER – 247391
MARGOT MENDELSON – 268583
KRISTA STONE-MANISTA – 269083
ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830

JON MICHAELSON – 083815
JEFFREY L. BORNSTEIN – 099358
MEGAN CESARE-EASTMAN – 253845
RANJINI ACHARYA – 290877
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, California 94111-5994
Telephone: (415) 882-8200

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California 94104-4244
Telephone: (415) 864-8848

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN et. al.,<br><br>Plaintiffs,<br><br>v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>Defendant. | Case No. Civ S 90-0520 LKK-JFM<br><br>**PLAINTIFFS' MOTION FOR ORDER RE: HANDLING OF VIDEO EXHIBITS**<br><br>Date: Oct. 22, 2013<br>Time: 10:00 a.m.<br>Judge: Hon. Lawrence K. Karlton<br>Courtroom: 4 |

[987936-1]

# INTRODUCTION

Plaintiffs request that the Court order Defendants to lodge with the Court and serve on Plaintiffs' counsel copies of the video exhibits admitted into evidence in the evidentiary hearings that commenced October 1, 2013. Such an order is necessary to allow for post-trial briefing of issues, for the Court to have full access to the evidence in making findings of fact and conclusions of law, and to ensure a complete record on appeal.

Plaintiffs request that copies of the videos be lodged and served under this Court's procedures for filing documents under seal, Local Rule 141, in two versions—a public file redacted version, and sealed file unredacted version.

# BACKGROUND

The Court has received into evidence six video exhibits, summarized in the table below.

| Date Admitted | Party | Exhibit | Description |
|---|---|---|---|
| 10/1/2013 | P | 3 | Inmate A cell extraction videos. |
| 10/1/2013 | P | 5 | Inmate B cell extraction videos. |
| 10/2/2013 | P | 11 | Inmate E cell extraction video. |
| 10/17/2013 | P | 9 | Inmate I cell extraction video. |
| 10/17/2013 | P | 13 | Inmate F cell extraction video. |
| 10/17/2013 | P | 19 | Inmate D cell extraction video. |

In addition to these video exhibits, the Court, as of October 18, 2013, has received into evidence 80 other exhibits consisting of photographs and documents. (Exhibits are listed in the evidentiary hearing minutes, Docket Nos. 4855, 4862, 4873, 4876, and in the Oct. 18, 2013 transcript, for which minutes have not yet been issued.) These 80 non-video exhibits have all been lodged with the Court in exhibit binders or as individual documents, properly marked. The non-video exhibits have also been provided to all counsel for use in preparing for subsequent trial sessions and for post-trial briefing. The six video exhibits, however, remain in the sole possession of the Defendants.

1

[987936-1]

**ARGUMENT**

## I. BOTH SIDES SHOULD HAVE ACCESS TO THE EVIDENCE FOR TRIAL PREPARATION AND POST-TRIAL BRIEFING

It is axiomatic that all parties to litigation must have equal access to the evidence needed to present their respective factual and legal positions. At present, however, only Defendants have access to the six video exhibits. Because the videos have been played in court and received in evidence, Defendants can no longer point to any privacy or public policy justification for arrogating to themselves the sole right to review the videos for further trial preparation and post-trial briefing.

Defendants have stated their intention to present witnesses in the coming days for the purpose of responding to the testimony of Plaintiffs' experts regarding the use of force videos. (Galvan Decl. Ex. A (email of Oct. 18, 2013 regarding Defendants' upcoming rebuttal witnesses).) As things now stand, only Defendants can prepare for this phase of the hearing by reviewing the use of force videos with their designated witnesses. Plaintiffs' counsel is relegated to preparing to cross-examine these witnesses with limited or no access to the video exhibits that the witness and defense counsel could now be reviewing.[1]

Plaintiffs' counsel are also hampered in their ability to prepare for upcoming testimony of the defense expert, Mr. Martin. It would also be helpful to have copies of the videos available for closing argument and its preparation. In addition, the video evidence must be in plaintiffs' possession for use in any post-trial briefing or appeals.

---

[1] Plaintiffs' counsel has been provided with extremely limited access to the videos in a conference room in the court house for an hour or so before trial starts each day.

## II. THE VIDEOS SHOULD BE LODGED UNDER SEAL IN THEIR ENTIRETY AND IN REDACTED FORM FOR THE PUBLICLY ACCESSIBLE COURT FILE.

The Local Rules provide for the lodging of exhibits with the Court, to be maintained in the custody of the clerk until the disposition of the issues in the evidentiary hearings and for any appeal thereafter. Local Rule 138(f); Transcript of Oct. 18, 2013 proceedings at 619:14-620:24. The Court has already ordered all six of the videos redacted for admission to the trial record. The Ninth Circuit has approved redaction of private identifying information as a means of striking the balance between ensuring public access to admitted evidence, and preventing particularized harms to identified individuals. *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1138-1139 (9th Cir. 2003). With the redactions of the six videos to be completed by the Defendants, there is no reason to allow the Defendants to withhold these exhibits from the Plaintiffs or from the Court.

The Court and plaintiffs' counsel should also have full access and copies of the unedited, unredacted videos in the same way as the Court and plaintiffs' counsel have access to unredacted medical records and suicide reports. These unredacted videos are covered by the protective order and would be maintained as confidential documents under this Court's orders. Full access to the unredacted videos protects all parties from any allegation that this evidence was improperly edited to the advantage of one party or the other. The privacy and security interests inherent in the unedited videos are no different from the same interests inherent in the thousands of documents that Defendants provide to Plaintiffs and the Court's Special Master each month under the *Coleman* protective order. (Modified Protective Order, *Coleman* Docket No. 2109, Jan. 12, 2007, Galvan Dec. Ex. B.) For example, every month the Defendants lodge with this Court, under seal, copies of reports that list identifying information for every *Coleman* class member at the inpatient levels of care in the Mental Health Services Delivery System. (*See, e.g., Coleman* Docket Nos. 4874-75, 4857-58, 4813-14, 4752-53,) In addition, every month, Defendants electronically transfer to Plaintiffs' counsel hundreds of pages of documents containing identifying information for patients at all

3

[987936-1]

levels of care. Defendants also regularly produce under the protective order the documents, medical records and reports concerning each prison suicide. Any privacy and security interests arising from the unredacted copies of the use-of-force videos are no different.

The Court should review and accept in to evidence the redacted and unredacted videos of these six use of force incidents. The unredacted videos would be reviewed only in camera. For example, the unredacted videos include the full recorded introductory statement. These introductory statements were not included in the first three videos admitted into evidence because they include recitations of the names of the inmates and staff involved in the incident. The statements also contain certain contextual information about the incident, the purposes of the use-of-force, and the events leading up to the incident that the Court may find to be useful. Although Defendants were incorrect to point to context as a reason for excluding the videos *in limine,* they are correct that context is important. The Court and the parties should receive and review the unredacted videos so that this context information will be equally available to the Court for findings of fact and conclusions of law and to all parties for post-trial briefing.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court order:

1. That Defendants lodge with the court and serve on Plaintiffs' counsel the redacted copies of the six videos received into evidence as Plaintiffs' Exhibits 3, 5, 11, 9, 13, 19.

2. That Defendants lodge under seal and provide Plaintiffs' counsel with unredacted copies of the same videos.

ROSEN BIEN GALVAN & GRUNFELD LLP

Dated: Oct. 20, 2013      By: /s/
                          Ernest Galvan
                          Attorneys for Plaintiffs

4

[987936-1]