1  KAMALA D. HARRIS
   Attorney General of California
2  JONATHAN L. WOLFF
   Senior Assistant Attorney General
3  JAY C. RUSSELL
   PATRICK R. MCKINNEY
4  Supervising Deputy Attorneys General
   DEBBIE VOROUS, State Bar No. 166884
5  JESSICA KIM, State Bar No. 257766
   MANEESH SHARMA, State Bar No. 280084
6  Deputy Attorneys General
    1300 I Street, Suite 125
7   P.O. Box 944255
    Sacramento, CA 94244-2550
8   Telephone: (916) 323-8789
    Fax: (916) 324-5205
9   E-mail: Jessica.Kim@doj.ca.gov
   *Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                          Plaintiffs,<br><br>     v.<br><br>**EDMUND G. BROWN JR., et al.,**<br><br>                          Defendants. | 2:90-cv-00520 LKK DAD PC<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 1: TO EXCLUDE TESTIMONY OF PLAINTIFFS' EXPERT WITNESS DR. CRAIG HANEY**<br><br>Date:     November 5, 2013<br>Time:    10:30 a.m.<br>Dept:     4<br>Judge:   The Honorable Lawrence K. Karlton<br><br>Action Filed: 1990 |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on November 5, 2013, at 10:30 a.m., or as soon thereafter as this matter may be heard, Defendants will and hereby do move the Court for an order to exclude testimony of Plaintiffs' expert Dr. Craig Haney.

Defendants base this motion on this Notice of Motion, the attached Memorandum of Points and Authorities, the Court's file in this action, oral argument of counsel, and any other matters that may come before this Court.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

Dr. Haney's proposed testimony that segregation causes psychological harm to mentally ill inmates is based on two sources: (1) his limited experience interviewing inmates in segregated settings; and (2) his review of selected demonstrative studies regarding inmates in segregated settings. (Kim Decl., Ex. 1 [Haney Depo.] 90:24-92:19.) Dr. Haney is not a clinical psychologist and has not been trained to identify psychiatric harm or diagnose inmates. Moreover, he did not follow a proper scientific methodology when he was interviewing inmates. In addition, the studies relied on by Dr. Haney are inapplicable and do not meet modern scientific scrutiny. Accordingly, Dr. Haney's testimony violates Federal Rule of Evidence 702 which requires an expert to possess specialized knowledge, utilize sufficient facts and data, and reliably apply principles and methods to the facts of a case. The Court should therefore preclude Dr. Haney's proposed testimony regarding the psychological affects of segregation on mentally ill inmates.

## II. THE COURT SHOULD PRECLUDE DR. HANEY'S TESTIMONY ABOUT THE PSYCHOLOGICAL EFFECTS OF SEGREGATION BECAUSE IT IS NOT BASED ON RELIABLE METHODS.

Under Rule 702 of the Federal Rules of Evidence, an expert may testify only if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the

1

expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. Expert testimony is inadmissible if it does not meet these requirements. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589-93 (1993). The proponent of the expert testimony must prove that the elements of Rule 702 have been met. *Id*. Dr. Haney's proposed testimony regarding the psychological effects of segregation does not meet these standards.

### A. The Court Should Exclude Dr. Haney's Opinions that Rely on His Review of Scientific Literature Because Dr. Haney Relied on Inapplicable Studies And Studies That Did Not Utilize Proper Scientific Methodology.

Dr. Haney's opinion that mentally ill inmates suffer harm in segregation units relies on studies that do not stand up to modern scientific scrutiny. (Declaration of Charles Scott M.D. in Supp. Defs.' Opp'n to Pls.' Mot. ("Scott Decl.") ¶¶ 7–27 [Longitudinal research that employs a more scientific methodology has not substantiated the negative impact on individuals previously described in descriptive and less rigorous studies], ECF No. 4715.) The literature that Dr. Haney cites in his declaration "collectively suggests that placement in isolated confinement may psychologically harm some inmates." (*See* Scott Decl. at ¶ 12.) But these studies are "insufficient to establish a causal connection between the segregated prison setting and the behaviors observed with a reliable degree of medical or scientific certainty." (*Id.* ¶ 13.) At his deposition, Dr. Haney conceded that no experimental studies have demonstrated a casual relationship between conditions in segregated housing and psychological deterioration. (Kim Decl., Ex. 1 [Haney Depo.] 130:13–20, 139:8–17, 146:1–5.) In fact, Dr. Haney's basis for concluding that segregated housing causes psychological harm is entirely reliant on research that incorporates few if any accepted scientific standards of evidence. (*Id.*)

In addition to the scientific deficiencies, the studies Dr. Haney relied on are irrelevant because they do not apply to California's prison's system. (Kim Decl., Ex. 2 [Scott Depo.] 165:24-166:15; 174:05-175:18.) Instead, Dr. Haney relies on literature about jails and prisons in the 1700s, a New York Prison in the 1970s, studies of extreme deprivation, and the experiences of concentration camp survivors and prisoners of war. *Id*. This literature describes conditions that are "fundamentally very different" than segregation in California's prison system. (*Id*. at 166:12.) Further, Dr. Haney also relies on studies that did not measure the symptoms that inmates had

2

before they were placed in segregation, which calls into question whether the inmates' symptoms were caused by segregation or were due to preexisting conditions. (Kim Decl., Ex. 2 [Scott Depo.] 175:12-175:18; Kim Decl., Ex. 1 [Haney Depo.] 165:08-165:22..)  Accordingly, Dr. Haney's opinions should be excluded because he relies on inapplicable studies and studies that do not establish a causal connection between segregation and psychological harm.

### B. The Court Should Exclude Dr. Haney's Testimony That Is Based on His Interviews of Inmates Because Dr. Haney Is Not a Trained Clinician And His Interviews Were Not Conducted Using Reliable Scientific Methodology.

An expert must be qualified through training, experience, or other specialized knowledge in the area of his or her proposed testimony.  Fed. R. Evid. 702; *Jinro Am. v. Secure Invests., Inc.*, 266 F.3d 393, 1004 (9th Cir. 2001).  Expert qualification requires demonstrating that the expert's knowledge "fits" the field in which the witness proposes to testify.  *See Fenters v. Yosemite Chevron*, 761 F. Supp. 2d 957, 963 (E.D. Cal. 2010) ("Whether a witness is qualified as an expert can only be determined by comparing the area in which the witness has superior knowledge, skill, experience, or education with the subject matter of the witness's testimony.")  When the expert's qualifications are not "sufficiently related to the subject matter upon which the witness offers an opinion", the expert is not qualified under Rule 702 and the testimony should be excluded.  *Gable v. NBC*, 727 F. Supp. 2d 815, 833 (C.D. Cal. 2010) (citing *United States v. Chang*, 207 F.3d 1169, 1172 (9th Cir. 2000)).

Dr. Haney purports to base his opinion opinion that segregation units cause psychological harm on his "30 years of interviewing people in [segregation] environments[.]"  (Kim Decl., Ex. 1 [Haney Depo.] 90:24-91:17.)  However, Dr. Haney is a social psychologist who is not trained to diagnose or treat patients. (Kim Decl., Ex. 1 [Haney Depo.] 18:23–20:04, 22:21–23:08.)  It was improper for Dr. Haney, who is not a trained clinician, to opine that inmates are experiencing psychiatric symptoms and conclude that segregation is causing these symptoms. (Kim Decl., Ex. 2 [Scott Depo.] 164:08-23; 167:23-168:05; 170:02-170:07.)  Dr. Haney's reliance on his own interviews with inmates is further deficient because he did not describe his methodology—he did not disclose how many inmates refused to participate in the interviews, the length of the interviews, and how the interview questions were developed. (Kim Decl., Ex. 2 [Scott Depo.]

3

Defs.' MIL No. 1: To Exclude the Testimony of Dr. Craig Haney
(2:90-cv-00520 LKK DAD PC)

165:06-165:11; 170:13-170:15.) In addition, Dr. Haney did not explain whether the questions he posed to the inmates were peer reviewed or describe the error rate of his questions. (Kim Decl., Ex. 2 [Scott Depo.] 165:12-165:19.) Dr. Haney did not disclose whether he had received ethical approval for his studies through the Institutional Review Board or whether his study met his University's ethical guidelines. (Kim Decl., Ex. 2 [Scott Depo.] 165:20-165:23.) Finally, Dr. Haney's reliance on his interview with inmates is flawed because he reached his conclusions without checking corroborative evidence, such as speaking to a correctional counselor or examining mental health records to confirm what an inmate told him was true. (Kim Decl., Ex. 2 [Scott Depo.] 172:12-173:13.) In sum, the Court should preclude Dr. Haney from proffering his opinions that are based on his interviews with inmates, because Dr. Haney is not a trained clinician and his interviews were not conducted using scientific methodology.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court exclude the declaration testimony of Dr. Haney regarding his opinions about the psychological effects of segregation on inmates. Defendants also request that the Court preclude Dr. Haney from testifying at the evidentiary hearing regarding these opinions.

Dated: October 22, 2013

Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
PATRICK R. MCKINNEY
Supervising Deputy Attorney General

/s/ Jessica S. Kim

JESSICA S. KIM
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003
31813947.doc

4

Defs.' MIL No. 1: To Exclude the Testimony of Dr. Craig Haney
(2:90-cv-00520 LKK DAD PC)