KAMALA D. HARRIS
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
JAY C. RUSSELL
Supervising Deputy Attorney General
DEBBIE VOROUS, State Bar No. 166884
PATRICK R. MCKINNEY, State Bar No. 215228
JESSICA KIM, State Bar No. 257766
MANEESH SHARMA, State Bar No. 280084
Deputy Attorneys General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-3035
 Fax:  (415) 703-5843
 E-mail:  Patrick.McKinney@doj.ca.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                    Plaintiffs,<br><br>v.<br><br>**EDMUND G. BROWN JR., et al.,**<br><br>                    Defendants. | 2:90-cv-00520 LKK DAD PC<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 2: TO EXCLUDE THE DECLARATION AND TESTIMONY OF PLAINTIFFS' "REBUTTAL" EXPERT WITNESS JAMES AUSTIN**<br><br>Date:      November 5, 2013<br>Time:     10:30 am<br>Dept:     4<br>Judge:    The Honorable Lawrence K. Karlton<br><br>Action Filed:  1990 |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on November 5, 2013, at 10:00 a.m., or as soon thereafter as this matter may be heard, Defendants will and hereby do move the Court for an order to exclude the opinions and testimony of Plaintiffs' "rebuttal" expert, James Austin regarding segregated housing issues within CDCR. Dr. Austin's declaration and opinions violate the age-old rule prohibiting a party from presenting issues and raising arguments for the first time in a reply brief. In addition, his testimony would unfairly prejudice Defendants and confuse the issues under Federal Rule of Evidence 403. Finally, Dr. Austin's testimony should be excluded because his purported expert opinions fail to meet the reliability and relevancy requirements of *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) and Federal Rule of Evidence 702.

Defendants base this motion on this Notice of Motion, the attached Memorandum of Points and Authorities, the Court's file in this action, oral argument of counsel, and any other matters that may come before this Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION.**

Defendants respectfully request that this Court preclude Plaintiffs' proposed "rebuttal" witness, James Austin, from testifying at the evidentiary hearing on Plaintiffs' segregation motion. Dr. Austin's "rebuttal" report, which purports to respond to the Defendants' opposition, must be excluded as untimely. This Court clearly set forth the governing procedures for serving expert reports and conducting expert depositions. The Court's orders make no mention of "rebuttal" reports, and certainly do not permit such reports with respect to an issue on which the submitting party bears the burden of proof from an expert who had not previously provided any opinions on the issue.

Even if Plaintiffs had timely submitted this report, Dr. Austin's opinions do not satisfy the requirements of *Daubert v. Merrell Dow Pharms., Inc.*, 508 U.S. 579 (1993). Dr. Austin provides no factual data or any reliable methodology for his opinions. Moreover, his conclusions are nothing more than vague pronouncements about what he observes in other states with no logical

1

connection to current inmate populations and security concerns in California. Dr. Austin's unsupported, conclusory report—and therefore his purported testimony—is unreliable. His testimony and report concerning unfounded populations and security concerns in California should be excluded under Rules 702 and 403 of the Federal Rules of Evidence.

Dr. Austin's declaration should be excluded and Plaintiffs should not be permitted to call him as a witness at the evidentiary hearing.[1]

## II. THE COURT SHOULD STRIKE NEW EVIDENCE AND ARGUMENTS IMPROPERLY ASSERTED BY PLAINTIFFS IN THEIR REPLY BRIEFS.

After the opening reports and opposition reports, a reply to the opposition may not be served by a brand-new expert. *See Lujan v. National Wildlife Federation*, 497 U.S. 871, 894-95 (1990). Plaintiffs were well aware that introducing Dr. Austin's declaration on reply is improper as shown by their argument to the Court in March 2013 (ECF 4513 at 2):

> A moving party is not permitted to offer new evidence or arguments in its reply. *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) ("[A]rguments raised for the first time in a reply brief are waived."); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (court should not consider new evidence submitted in reply without affording non-moving party opportunity to respond); *Clark v. State of California*, 739 F. Supp. 2d 1168, 1223 n.14 (N.D. Cal. 2010) ("Defendants have submitted new evidence . . . [B]ecause Defendants have failed to explain why this evidence was not developed in a timely manner, and because consideration of this evidence at this stage would deprive Plaintiffs of the opportunity to cross-examine the relevant witness, this Court declines to consider it.").

Since Plaintiffs' position before this Court is that new evidence may not be submitted on reply, the Court should strike all new evidence and arguments in Plaintiffs' reply briefs, including Dr. Austin's declaration. Further, this Court has ruled that new evidence produced in a reply need not be considered if the moving party does not meet its initial burden of proof. (ECF No. 4539 at 7-8.)

Dr. Austin's "rebuttal" report should also be excluded because it violates this Court's case management orders. Plaintiffs filed their motion concerning segregated housing measures on

---

[1] Defendants have not yet had the opportunity to depose Dr. Austin, and reserve the right to supplement this motion based on further evidence developed at the deposition.

2

May 6, 2013 accompanied by an expert declaration from Craig Haney. (ECF 4580 & 4581.) No other opening expert reports were served. On June 11, 2013, the Court issued a scheduling order which permitted Defendants to take Dr. Haney's deposition. (ECF 4646 ¶ 3.) Defendants filed their opposition on July 24, 2013. (ECF 4704-4715.) The Court held a conference with the parties on July 31, 2013, and Plaintiffs did not reveal their plan to submit new expert testimony to support their replies. (*See* July 31, 2013 Hrg. Tr.) Prior to filing their reply briefs, Plaintiffs did not disclose Dr. Austin as an expert for purposes of Rule 26. It is improper for Plaintiffs to wait until their reply brief to submit this surprise evidence after the close of discovery when it is immune from challenge. The late addition of new experts also frustrates case-management objectives by making it impossible for Defendants to fairly and adequately prepare for the upcoming evidentiary hearing.

### III. DEFENDANTS WOULD BE PREJUDICED IF DR. AUSTIN IS PERMITTED TO TESTIFY.

Courts have "wide discretion" to exclude evidence where "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues . . . wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *Hill v. Rolleri*, 615 F.2d 886, 890 (9th Cir. 1980). Dr. Austin's testimony rests on conjecture rather than fact, unsupported assumptions, and no methodology. His conclusory opinions would not be helpful to the Court, and if admitted at the evidentiary hearing, would create a risk of prejudice and confusing the issues. Dr. Austin's testimony should be excluded under Rule 403.

### IV. THE COURT SHOULD EXCLUDE MR. AUSTIN'S OPINIONS BECAUSE HIS TESTIMONY IS NOT BASED ON SUFFICIENT DATA AND IS NOT BASED ON ANY RELIABLE PRINCIPLES AND METHODS.

Under Rule 702 of the Federal Rules of Evidence, an expert may testify only if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. Expert testimony is inadmissible if it does not meet these requirements. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589-93 (1993). The proponent of the expert testimony must prove

3

that the elements of Rule 702 have been met. *Id.* Moreover, the expert "cannot be a conduit for the opinions of the attorney." Fed. R. Civ. Proc. 26(a)(2) Advisory Cmte. Notes. Dr. Austin's proposed testimony does not meet these standards.

### A. Dr. Austin's Conclusions Lack Sufficient Evidentiary Basis.

An expert opinion that is not sufficiently grounded in the facts of the case is inherently unreliable. *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993). Mr. Austin does not identify any specific evidence in this case that supports his opinions. Instead, he makes broad references to his "experience" in other states and then speculates about possible results if California where to modify its practices and procedures regarding segregated housing. (Austin Reply Decl. ¶¶ 35, 39-40, 51, 55, 58.) Further, while Dr. Austin unilaterally asserts that other states have modified their policies on segregated housing without adversely impacting security, he provides no data or analysis to support his claims. (*See* Austin Reply Decl., ECF 4762.) Dr. Austin's vague and conclusory statements make it impossible to evaluate the factual basis for his opinions. Plaintiffs therefore fail to meet their burden of showing that Dr. Austin's opinions are based on facts and data.

### B. Dr. Austin's Conclusions Are Not Based on Any Cognizable Principles or Methodology.

Dr. Austin's testimony is further inadmissible because it is not the product of reliable principles or methods. *Daubert*, 509 U.S. at 589, 592-93. Dr. Austin fails to set forth any principles or methodology that he used to evaluate outcomes following changed housing practices in other states. (*See* Austin Reply Decl., ECF 4762.) Further, Dr. Austin fails set forth any methodology or data to demonstrate that the states he selects—and their inmate populations—are comparable to California. (*Id.*) On this basis alone, Plaintiffs cannot establish that Dr. Austin's methods are reliable.

Dr. Austin does not otherwise purport to apply any particular method in his declaration. Instead, he presents selective examples of practices in other states, without explaining why any particular state is a viable comparison. (*Id.*) These opaque references create "too great an

4

analytical gap between the data and the opinion proffered" to be considered reliable under Rule 702. *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

## V. CONCLUSION.

For the foregoing reasons, Defendants respectfully request that the Court preclude Dr. Austin from testifying at the evidentiary hearing..

Dated: October 22, 2013                    Respectfully Submitted,

                                                          KAMALA D. HARRIS
                                                          Attorney General of California
                                                          JAY C. RUSSELL
                                                          Supervising Deputy Attorney General


                                                          /s/ Patrick R. McKinney
                                                          PATRICK R. MCKINNEY
                                                          Deputy Attorney General
                                                          *Attorneys for Defendants*

CF1997CS0003
31813949.doc

5

Defs.' MIL No. 2: To Exclude the Testimony of James Austin
(2:90-cv-00520 LKK JFM PC)