Case 2:90-cv-00520-KJM-SCR   Document 4882   Filed 10/22/13   Page 1 of 7

1  KAMALA D. HARRIS
   Attorney General of California
2  JONATHAN L. WOLFF
   Senior Assistant Attorney General
3  JAY C. RUSSELL
   Supervising Deputy Attorney General
4  DEBBIE VOROUS, State Bar No. 166884
   PATRICK R. MCKINNEY, State Bar No. 215228
5  JESSICA S. KIM, State Bar No. 257766
   MANEESH SHARMA, State Bar No. 280084
6  Deputy Attorneys General
    1300 I Street, Suite 125
7   P.O. Box 944255
    Sacramento, CA 94244-2550
8   Telephone: (916) 323-8789
    Fax: (916) 324-5205
9   E-mail: Jessica.Kim@doj.ca.gov
   *Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>**EDMUND G. BROWN JR., et al.,**<br><br>　　　　　　　　　　Defendants. | 2:90-cv-00520 LKK DAD PC<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 3: TO EXCLUDE THE DECLARATION TESTIMONY OF JANE KAHN**<br><br>Date:　　　November 5, 2013<br>Time:　　　10:30 am<br>Dept:　　　4<br>Judge:　　　The Honorable Lawrence K. Karlton<br><br>Action Filed: 1990 |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on November 5, 2013, at 10:30 a.m., or as soon as this matter may be heard, Defendants will and hereby do move the Court for an order excluding the declaration testimony of Plaintiffs' counsel, Jane Kahn, submitted on August 23, 2013. (ECF 4765.)

Defendants base this motion on this Notice of Motion, the attached Memorandum of Points and Authorities, the Court's file in this action, oral argument of counsel, and any other matters that may come before this Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION.**

Defendants respectfully move this Court to exclude the declaration testimony of Plaintiffs' counsel, Jane Kahn, submitted on August 23, 2013. Counsel's testimony should be excluded because it violates the well-established advocate-witness rule[1] and is untimely.

Ms. Kahn's declaration is not limited to purely factual and uncontested matters. Instead, Ms. Kahn's declaration contains: (1) a description of her participation in monitoring tours and the observations that she made on these tours; (2) a recounting of the history of this case including characterizations of various court filings and court orders; and (3) characterizations and opinions regarding Defendants' plans submitted to the Special Master, Defendants' communications, and the Program Guide. By testifying regarding these matters, Ms. Kahn has adopted the role of witness instead of the role of an advocate. Ms. Kahn has placed her credibility at issue and has violated the advocate-witness rule. Finally, Ms. Kahn's declaration was untimely filed with the reply brief instead of with Plaintiffs' moving papers. Accordingly, Plaintiffs should not be able to rely on Ms. Kahn's declaration.

---

[1] Defendants' acknowledge that the Court denied a Motion In Limine related to Plaintiffs' counsel Steve Fama's declaration testimony in support of Plaintiffs' Use of Force Motion. (ECF No. 4848.) However, Ms. Kahn's declaration presents much more far-reaching testimony and raises more issues than Mr. Fama's declaration.

1

## II. THE COURT SHOULD EXCLUDE IMPROPER PERCIPIENT WITNESS TESTIMONY SUBMITTED BY PLAINTIFFS' COUNSEL.

"The 'advocate-witness rule,' which prohibits an attorney from acting both as an advocate and a witness in the same proceeding, has long been a tenet of ethics in the American legal system, and traces its roots back to Roman Law." *Kennedy v. Eldridge*, 201 Cal.App.4th 1197, 1208 (2011); *see also* Model Rules of Prof. Conduct 3.7; Cal. Rules of Prof. Conduct 5-210. "[A]dherence to this time-honored rule is more than just an ethical obligation of individual counsel; enforcement of the rule is a matter of institutional concern implicating the basic foundations of our system of justice." *United States v. Prantil*, 764 F.2d 548, 553 (9th Cir. 1985). The "difficulties inherent in an attorney's taking on the role of both advocate and witness are present regardless of whether the attorney's testimony will be given in front of a jury or a judge." *Kennedy*, 201 Cal.App.4th at 1210. An attorney should "resolve any doubt in favor of preserving the integrity of his testimony and against his continued participation as trial counsel." *Id.* at 1211.

### A. Ms. Kahn's Testimony Regarding What She Observed During the Monitoring Tours Violates the Advocate-Witness Rule.

Ms. Kahn testifies that she has "participated in numerous monitoring tours in numerous monitoring tours inside CDCR prisons. These tours have included administrative segregation units ('ASUs'), security housing units ('SHUs') and psychiatric housing units ('PSUs')." (ECF No. 4765 ¶ 2). Ms. Kahn then describes what she observed on the monitoring tours, and her opinions about what she observed, stating: "During the monitoring tours that I attended in 2002-2007, I began seeing holding cells, also referred to as 'therapeutic treatment modules' or 'treatment cages,' in individual clinician offices, in IDTT rooms where patients would be placed, and in licensed mental health crisis bed units." *Id*. ¶ 8. By tendering her personal observations of the monitoring tours, Ms. Kahn violates the advocate-witness rule. *See, e.g., Prantil*, 764 F.2d at 553. Further, Ms. Kahn's testimony is unnecessary; for example, her testimony regarding therapeutic treatment modules is cumulative of declaration testimony by Plaintiffs expert. (ECF No. 4581 ¶ 20). Accordingly, the Court should preclude Ms. Kahn's declaration testimony related to the monitoring tours.

2

Defs.' MIL No. 3: To Exclude the Declaration Testimony of Jane Kahn
(2:90-cv-00520 LKK JFM PC)

    **B.**    **Ms. Kahn's Account of the History of the *Coleman* Case Violates the Advocate-Witness Rule and is Unhelpful Lay Witness Testimony.**

Ms. Kahn's declaration contains her account of significant events during the history of this case between June 6, 1997, and July 11, 2007. (ECF No. 4765 ¶¶ 3-6; 8-11). Ms. Kahn lays out the history of this case in the following manner: She cites to documents filed in this case, characterizes and selects quotations from these documents, and then often follows with her opinion on the significance of these documents. *Id*. As just one example, in paragraph eleven of her declaration, Ms. Kahn notes that Defendants submitted a plan to the Court in July 2007 (*Id*. ¶ 11.) Ms. Kahn then opines: "This 2007 Plan failed to address the requirement to include alternative methods for delivery of treatment and did not provide an effective means for addressing the excessive lengths of stay in ASUs." (*Id*. at 11.)

    Ms. Kahn's opinions of court filings in this case are inappropriate as well as unhelpful. The opinions are inappropriate because argument over the significance of court documents belong in a brief, not an attorney's declaration. The opinions are unhelpful because the Court has presided over this case since its inception and does not need an attorney who participated in this case to inform the Court about this case's history. Accordingly, Ms. Kahn's recounting of the history of this case violates both the witness-advocate rule and Federal Rule of Evidence 701(b) which requires lay witness testimony to be helpful in determining a fact at issue. The Court should therefore exclude the sections of Ms. Kahn's declaration (ECF No. 4765 ¶¶ 3-6; 8-11) that recount the history of this case.

    **C.**    **Ms. Kahn's Opinions Regarding Defendants' Reports, Defendants' Communications, and the Program Guide, Violate the Advocate-Witness Rule.**

Ms. Kahn's declaration attaches documents that Defendants have provided to the Special Master, including monthly and weekly reports. (ECF No. 4765 ¶¶ 12-13, 15-19, 25-27.)[2] If Ms. Kahn had limited herself to attaching these reports, she would have remained within the bounds

---

[2] Ms. Kahn attaches to her declaration an Enhanced Outpatient Program monthly status report (ECF No. 4765 ¶ 12), a packet on length of stay data (*Id*. ¶¶ 13; 15-17), suicide notifications (Id. ¶¶ 18-19) a monthly Coleman report (*Id*. 25¶), an ASU Tracking Log (*Id*. ¶ 26), and a chart of EOP Institution Counts and But Seat Requests (*Id*. ¶ 27.)

3

of an appropriate attorney declaration. But Ms. Kahn not only attaches these reports, she also describes the contents of these reports and submits her opinions about these reports.

As an example, Ms. Kahn's declaration attaches the August 1, 2013 *Coleman* Monthly Report as Exhibit H to her declaration. (ECF No. 4765 ¶ 25.) However, instead of merely attaching this report, Ms. Kahn also opines that "the report necessarily under-counts average waiting times for patients referred to a crisis bed. This is an example of Defendants' under-reporting of 'negative' data." (*Id*. n1.) Ms. Kahn further attempts to use the August 1, 2013 *Coleman* Monthly Report to support her opinion that "Defendants now use procedures developed during their most serious crisis bed shortages to justify the continued widespread use of alternative placements, including holding cells/cages/modules throughout the mental health program in all settings for delivery of treatment." (*Id*. ¶ 25.)

As another example, Ms. Kahn attaches as Exhibit E, a copy of the August 1, 2013 Coleman Monthly Packet, Enclosure 3. *Id*. ¶ 13. Ms. Kahn states that she "regularly review[s] this monthly packet." *Id*. She opines that this packet shows that "Defendants have been incapable of reducing the excessively long stays of seriously mentally ill prisoners at the EOP level of care in ASUs and PSUs." *Id*. ¶ 15. She also asserts "Defendants, without explanation, no longer include critical Court-ordered data about Coleman class members in Corcoran segregation units in their monthly documents. Defendants' data thus underreports the number of Coleman class members with prolonged lengths of stay data, omitting data on the Corcoran ASU and SHU units where several hundred class members are housed." *Id*. ¶ 17. These statements and opinions about Defendants' reports (ECF No. 4765 ¶¶ 12-13, 15-19, 25-27) should be stricken because they violate the advocate-witness rule.

Ms. Kahn's statements regarding the Program Guide are similarly inappropriate. (ECF No. 4765 ¶¶ 9, 14, 24-25.) Ms. Kahn attaches various sections of the Program Guide to her declaration. Again, while Ms. Kahn attachment of sections of the Program Guide fit within the boundaries of an appropriate attorney declaration, her characterizations and statements regarding the Program Guide violate the advocate-witness rule. For instance, Ms. Kahn opines, "There remain outstanding disputed Program Guide issues that have not been fully litigated within the

4

Defs.' MIL No. 3: To Exclude the Declaration Testimony of Jane Kahn
(2:90-cv-00520 LKK JFM PC)

Coleman case." She also asserts, "The Program Guide was modified in 2006, during the extreme of the overcrowding crisis, in recognition of the reality of the crisis bed shortages and the practice of using alternative placements indiscriminately." (ECF No. 4765 ¶ 24.) These statements about the Program Guide (ECF No. 4765 ¶¶ 9, 14, 24-25) violate the advocate-witness rule and therefore should be stricken by the Court.

Finally, Ms. Kahn's declaration includes her characterizations of communications between Defendants and the Special Master and communications between CDCR officials. (ECF No. 4765 ¶ 7; 20-23.) These characterizations should also be stricken because they violate the advocate-witness rule.

### III. THE COURT SHOULD PRECLUDE MS. KAHN'S DECLARATION BECAUSE IT WAS NOT TIMELY.

The Ninth Circuit generally discourages new evidence proffered in a reply brief. *See Tovar v. United States Postal Service*, 3 F.3d 1271, 1273 n. 3 (9th Cir.1993); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (holding that a district court should not accept new evidence with a reply brief without providing the non-moving party a chance to respond). This Court has ruled that new evidence produced in a reply need not be considered if the moving party does not meet its initial burden of proof. (ECF No. 4539 at 7-8.) Here, Ms. Kahn's declaration contains new evidence that was untimely proffered with Plaintiffs' reply brief. Ms. Kahn recounts her recollection of this case's history between June 6, 1997, and July 11, 2007. (ECF No. 4765 ¶¶ 3-6; 8-11). This testimony should have been submitted, if at all, with Plaintiffs' moving papers. Ms. Kahn's testimony regarding the Program Guide and the Defendants' reports should have also been submitted with the moving papers.

Ms. Kahn's declaration is clearly meant to bolster arguments Plaintiffs originally raised in their motion. The submission of new evidence this late in the proceedings makes it difficult for Defendants to fairly and adequately prepare for the upcoming evidentiary hearing. The Court must preclude Plaintiffs from submitting new evidence at this late stage of the proceedings under the guise of rebuttal evidence.

5

Defs.' MIL No. 3: To Exclude the Declaration Testimony of Jane Kahn
(2:90-cv-00520 LKK JFM PC)

## IV. CONCLUSION.

For the foregoing reasons, Defendants respectfully request that the Court exclude the Declaration of Jane Kahn and preclude Plaintiffs from referring to or relying on Ms. Kahn's declaration at the evidentiary hearing.

Dated:  October 22, 2013            Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
JAY C. RUSSELL
Supervising Deputy Attorney General

/s/ Jessica S. Kim

JESSICA S. KIM
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003
31814322.doc

6

Defs.' MIL No. 3: To Exclude the Declaration Testimony of Jane Kahn
(2:90-cv-00520 LKK JFM PC)