1  KAMALA D. HARRIS
   Attorney General of California
2  JONATHAN L. WOLFF
   Senior Assistant Attorney General
3  JAY C. RUSSELL
   PATRICK R. MCKINNEY
4  Supervising Deputy Attorneys General
   DEBBIE VOROUS, State Bar No. 166884
5  MARTINE N. D'AGOSTINO, State Bar No. 256777
   JESSICA KIM, State Bar No. 257766
6  MANEESH SHARMA, State Bar No. 280084
   Deputy Attorneys General
7    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
8    Telephone:  (415) 703-5233
     Fax:  (415) 703-5843
9    E-mail:  Martine.DAgostino@doj.ca.gov
   *Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**EDMUND G. BROWN JR., et al.,**<br><br>Defendants. | 2:90-cv-00520 LKK DAD PC<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 4: TO EXCLUDE THE STATEMENT OF INTEREST BY THE UNITED STATES DEPARTMENT OF JUSTICE**<br><br>Date:    November 5, 2013<br>Time:    10:30 a.m.<br>Dept:    4<br>Judge:   The Honorable Lawrence K. Karlton<br><br>Action Filed:  1990 |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on November 5, 2013, at 10:30 a.m., or as soon thereafter as this matter may be heard, Defendants will and hereby do move the Court for an order to exclude the Statement of Interest filed by the United States Department of Justice ("U.S. DOJ").

Defendants request that the Court exclude the Statement of Interest filed by the Civil Rights Division of the U.S. DOJ in this matter. Specifically, the Statement of Interest should be excluded because it is: (1) irrelevant; (2) prejudicial; and (3) inadmissible hearsay.

Defendants base this motion on this Notice of Motion, the attached Memorandum of Points and Authorities, the Court's file in this action, oral argument of counsel, and any other matters that may come before this Court.

**ARGUMENT**

**I.    INTRODUCTION.**

The U.S. DOJ has submitted a Statement of Interest regarding Plaintiffs' Motion for Enforcement of Court Orders and Affirmative Relief Regarding Improper Housing and Treatment of Seriously Mentally Ill Prisoners in Segregation. ("Statement of Interest of the United States of America," ECF No. 4736.) The U.S. DOJ, pursuant to its authority under the Civil Rights of Institutionalized Persons Act, 42 U.S.C. §1997, undertook an investigation of the conditions of confinement at the Pennsylvania State Correctional Institution at Cresson ("Cresson"), and concluded that the use of isolation on inmates with serious mental illnesses violates the Eighth Amendment and Title II of the Americans with Disabilities Act ("ADA").

Defendants move to exclude the U.S. DOJ's Statement of Interest because it is irrelevant and unfairly prejudicial. The findings and positions in the Statement of Interest are relevant only within the narrow context of the Cresson facility. Moreover, the Statement of Interest has the prejudicial effect of creating an inference of a constitutional violation because Jeffrey Beard, the present Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), was formerly the Secretary of the Department of Corrections in Pennsylvania. Thus, the prejudicial effect of the Statement of Interest substantially outweighs any probative value.

1

Defs.' MIL No. 4; To Exclude Statement of Interest by United States Department of Justice
(2:90-cv-00520 LKK DAD PC)

Additionally, Defendants move to exclude the Statement of Interest because Plaintiffs rely on it to demonstrate the existence of Eighth Amendment and ADA violations within CDCR, instead of engaging in the requisite analysis of the specific conditions at issue here.

## II. THE COURT SHOULD EXCLUDE THE US DOJ'S STATEMENT OF INTEREST BECAUSE IT IS IRRELEVANT.

"Evidence which is not relevant is not admissible." Fed. R. Evid. 402. Evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401.

The U.S. DOJ submitted its findings to "bring to this Court's attention" the positions taken by the Department after concluding an investigation into the effects of segregated housing on inmates with serious mental illness in the Cresson institution. (ECF No. 4736 at 2.) Specifically, the U.S. DOJ concluded that the manner in which Cresson used isolation on seriously mentally ill inmates violated the Americans with Disabilities Act and the Eighth Amendment. But the position paper and its findings must be confined to the specific context of the Cresson facility. The U.S. DOJ did not conduct an investigation of any CDCR facility. Thus, its findings are inapplicable to the factual determinations before this Court, as the Statement of Interest itself explicitly recognized: "The Division takes no position on the fact-dependent question of whether the plaintiffs' motion should be granted." (ECF No. 4736 at 2.) Because the Statement of Interest has no bearing on the evidentiary issues before this Court, it should be excluded.

## III. THE COURT SHOULD EXCLUDE THE U.S. DOJ'S STATEMENT OF INTEREST BECAUSE ITS PROBATIVE VALUE IS SUBSTANTIALLY OUTWEIGHED BY ITS UNFAIRLY PREJUDICIAL EFFECT.

Even assuming that the Statement of Interest is relevant, its probative value is substantially outweighed by its unfairly prejudicial effect. Evidence must be excluded if its probative value is substantially outweighed by a danger of unfair prejudice, confusion, and undue delay. Fed. R. Evid. 403. "Unfair prejudice...means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." 1972 Advisory Committee Note to Fed. R. Evid. 403.

2

Defs.' MIL No. 4; To Exclude Statement of Interest by United States Department of Justice
(2:90-cv-00520 LKK DAD PC)

1    There is a danger that CDCR will be unfairly prejudiced by the admission of the

Statement of Interest.  As discussed above, the U.S. DOJ's Statement of Interest concerns the

investigation of the Cresson facility, operated by the Department of Corrections of Pennsylvania.

The current Secretary of the California Department of Corrections, Jeffrey Beard, was the

Secretary of the Department of Corrections of Pennsylvania for ten years.  ("Decl. of Jeffrey

Beard"; ECF No. 4281.)  Secretary Beard's past connection to the Department of Corrections in

Pennsylvania may create an improper inference of a constitutional violation here, particularly

because the U.S. DOJ found constitutional and ADA violations at Cresson.  This is a collateral

issue and an improper basis for consideration by the trier of fact.  As such, the evidence is

unfairly prejudicial and should be excluded.

### IV. THE COURT SHOULD EXCLUDE THE US DOJ'S STATEMENT OF INTEREST BECAUSE PLAINTIFFS' RELY ON THE STATEMENT OF INTEREST FOR ITS FACTUAL FINDINGS, WHICH ARE INADMISSIBLE HEARSAY.

Factual findings may be "referred to as expositions of law upon the facts there disclosed, but they are not evidence of those facts in other cases." *Mackay v. Easton*, 86 U.S. 619, 631 (1873); *See United States v. Sine*, 493 F. 3d 1021, 1036 (9th Cir. 2007)("Judicial findings of fact are hearsay inadmissible to prove the truth of the findings unless a specific hearsay exception exists.").

Plaintiffs appear to rely on the findings of the U.S. DOJ's investigation of the Cresson facility to demonstrate violations of the Eighth Amendment and the ADA by CDCR here.   For example, Plaintiffs cite the U.S. DOJ's findings that Cresson prison officials violate the ADA where "prisoners with serious mental illness and intellectual disabilities" are denied various "benefits," such as "the opportunity to participate in and benefit from general population housing, security, and classification systems."  (ECF No. 4761 at 40.)  Instead of engaging in analysis of the U.S. DOJ's application of law to the specific facts it examined, the Plaintiffs state in a conclusory fashion that, "[t]his is precisely what happens when *Coleman* class members are placed in segregated units for non-disciplinary reasons…they are subjected to onerous restrictions, degrading strip searches, and caged treatment without regard to their individual needs. " (*Id.*) Plaintiffs thus rely on the U.S. DOJ's factual findings to support their contention that *Coleman*

3

class members are, in fact, denied benefits when they are placed in segregated units for non-disciplinary reasons. (*Id.*) This is an improper use of factual findings in an unrelated matter to prove disputed factual issues in this matter. Because Plaintiffs' reliance on the Statement of Interest is inadmissible hearsay, the Statement of Interest should be excluded.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court exclude the U.S. DOJ's Statement of interest because: (1) it is irrelevant and has no bearing on the factual inquiry before the Court; (2) its probative value is substantially outweighed by its unfairly prejudicial effect; and (3) Plaintiffs' reliance on it is inadmissible hearsay.

Dated: October 22, 2013

Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
JAY C. RUSSELL
Supervising Deputy Attorney General

/s/ Martine N. D'Agostino

MARTINE N. D'AGOSTINO
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003
31813951.doc

4

Defs.' MIL No. 4; To Exclude Statement of Interest by United States Department of Justice
(2:90-cv-00520 LKK DAD PC)