KAMALA D. HARRIS
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
JAY C. RUSSELL
Supervising Deputy Attorney General
DEBBIE VOROUS, State Bar No. 166884
PATRICK R. MCKINNEY, State Bar No. 215228
JESSICA KIM, State Bar No. 257766
MANEESH SHARMA, State Bar No. 280084
Deputy Attorneys General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-3035
 Fax:  (415) 703-5843
 E-mail:  Patrick.McKinney@doj.ca.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                                     Plaintiffs,<br><br>v.<br><br>**EDMUND G. BROWN JR., et al.,**<br><br>                                    Defendants. | 2:90-cv-00520 LKK JFM PC<br><br>**DEFENDANTS' OBJECTION TO PLAINTIFFS' DESIGNATION OF DEPOSITION EXCERPTS IN SUPPORT OF MOTION FOR AFFIRMATIVE RELIEF REGARDING INPATIENT HOSPITALIZATION FOR CONDEMNED INMATES AND CROSS DESIGNATION OF DEPOSITION EXCERPTS**<br><br>Judge:       The Honorable Lawrence K. Karlton |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION.

Defendants respectfully object and request that this Court strike deposition excerpts designated by Plaintiffs. Plaintiffs have not met their burden to show that these excerpts are relevant and non-cumulative under Federal Rule of Evidence 403. Further, the deposition excerpts of Defendants' experts are not statements by a party agent and must be excluded as hearsay. Additionally, Federal Rule of Civil Procedure 32(a)(6) requires that when only part of a deposition is introduced into evidence "any party may introduce any other part of deposition." Therefore if the Court denies Defendants' objections, Defendants cross designate portions of the depositions "that in fairness should be considered with the part introduced." Fed. R. Civ. P. 32(a)(6). Finally, Defendants designate deposition excerpts of Plaintiff's expert witnesses Jeanne Woodford and Pablo Stewart.

### II. PLAINTIFFS' DESIGNATED DEPOSITION EXCERPTS ARE CUMULATIVE AND IRRELEVANT.

Plaintiffs seek to introduce excerpts from a number of California Department of Corrections and Rehabilitation and Department of State Hospital Employees. An objection may be made to the admissibility of any deposition testimony that would be inadmissible if the witness were present and testifying. Fed. R. Civ. P. 32(b). Defendants incorporate by reference objections timely made during the depositions, and noted within the excerpts, including objections as form of question or answer. Further, most if not all of these depositions excerpts are cumulative of testimony offered at the hearing on this matter, and should be stricken.

For instance, Plaintiffs seek to admit extensive excerpts of the deposition of Dr. Eric Monthei. But Dr. Monthei testified before this Court on the matters covered in his deposition. (*See* ECF 4896.) The Court should strike the designated deposition excerpts of Dr. Monthei's deposition because they are cumulative to his testimony at the hearing. Additionally, several individual designated excerpts from Dr. Monthei's deposition should be stricken on the basis of relevance, including but not limited to the following: 48:6-50:8, 120:12-18; 123:4-124:18; 131:2-27; 137:5-24; 146:22-147:17; and 215:14-216:18. Plaintiffs also seek to introduce deposition

1

excerpts from Dr. Diana Toche, Dr. Tim Belavich, and Warden Kevin Chappell concerning the provision of mental health care to condemned inmates at San Quentin State Prison, which is cumulative to testimony that has been or will be offered by Defendants' witnesses, Drs. Monthei, Burton, and Wadsworth. Further, several excerpts of Warden Chappell's deposition, including but not limited to 75:22-76:23, 77:5-19, 79:2-8, 79:16-80:12, 86:6-17, 89:6-14, 98:21-25, 102:4-9, 112:8-113:9, 153:13-154:11, 171:12-172:1, and 173:16-174:2 are not relevant to the matter now before the Court and should be stricken.

Similarly, Plaintiffs seek to introduce excerpts from the deposition of Ellen Bachman concerning the acute psychiatric care provided to condemned inmates by Department of State Hospitals, which is cumulative to testimony provided by Dr. Bennie Carter. Plaintiffs also seek to introduce excerpts from Christopher Meyer's deposition concerning the cancellation of the proposed Condemned Complex at San Quentin State Prison. This is not relevant to any question now pending before the Court—the adequacy of mental healthcare currently provided to condemned inmates—and therefore should be stricken.

Similarly, the designated excerpts of depositions from Drs. Jacqueline Moore and Joel Dvoskin are cumulative. In both instances, Plaintiffs seek to introduce statements concerning condemned inmates' inability to be admitted to the Department of State Hospital's intermediate care facility at Salinas Valley State Prison—an undisputed fact. Further, Plaintiffs' assertion that excerpts from the Dr. Moore and Dr. Dvoskin depositions are admissible under Federal Rule of Civil Procedure 32(a)(4)(B) has no bearing on whether the excerpts should be excluded as cumulative or irrelevant. Courts are "not automatically required to admit the deposition testimonies under Federal Rule of Civil Procedure 32(a)([4])(B) just because the witnesses [are] more than 100 miles away." *Polys v. Trans-Colorado Airlines, Inc.*, 941 F.2d 1404, 1410 (10th Cir. 1991).

III. **PRETRIAL STATEMENTS BY DEFENDANTS' EXPERTS ARE NOT ADMISSIONS BY A PARTY AGENT AND SHOULD BE STRICKEN**

Plaintiffs' incorrectly assert that excerpts from depositions of Defendants' experts, Jacqueline Moore and Joel Dvoskin, are admissible under Federal Rule of Evidence 801(d)(2)(D),

2

as admissions by party agents.  In support of their assertion, Plaintiffs rely on a single out-of-circuit case, *Collins v. Wayne Corp.*, 621 F.2d 777 (5th Cir. 1980).  Conversely, multiple courts, including the Third Circuit Court of Appeals, have held that expert witnesses are not party agents for the purposes of Rule 801(d)(2)(D).  *See Kirk v. Raymark Indus., Inc.*, 61 F.3d 147, 164 (3d Cir. 1995); *see also Koch v. Koch Indus., Inc.*, 37 F. Supp. 2d 1231, 1244-45 (D. Kan. 1998) *aff'd in part, rev'd in part on oher grounds*, 203 F.3d 1202 (10th Cir. 2000).  The Third Circuit examined *Collins* and explicitly rejected the proposition that expert witnesses are automatically party agents. *Kirk.*, 61 F.3d at 164 n.20.  The court explained that "despite the fact that one party retained and paid for the services of an expert witness, expert witnesses are supposed to testify impartially in the sphere of their expertise." *Id.* at 164.  The Court further elaborated that "[b]ecause an expert witness is charged with the duty of giving *his or her* expert *opinion* regarding the matter before the court, we fail to comprehend how an expert witness, who is not an agent of the party who called him, can be authorized to make an admission for that party." *Id.* (emphasis in original.) Here, Dr. Dvoskin and Dr. Moore were retained as experts to independently analyze the mental health care Defendants provide to inmates.  They cannot be deemed to be party agents under Federal Rule of Evidence 801 and their deposition testimony is inadmissible on the grounds asserted by Plaintiffs.

IV. **DEFENDANTS CROSS DESIGNATION OF DEPOSITION EXCERPTS**

Subject to the Court's ruling on the admissibility of Plaintiff's designation of deposition excerpts, Defendants cross designate the following portions of the depositions "that in fairness should be considered with the part introduced." Fed. R. Civ. P. 32.

Deposition of Diana Toche, taken February 22, 2013:

    108:3-25

Deposition of Tim Belavich, taken August 7, 2013:

    157:20-158:24

    173:11-25

    178:15-23

Deposition of Chris Meyer, taken February 27, 2013:

3

Defs.' Obj. Pls.' Designation of Depo. Excerpts and Cross Designation of Depo. Excerpts
(2:90-cv-00520 LKK JFM PC)

1  155:1-17

2  Deposition of Ellen Bachman, taken September 20, 2013:

3  28:1-16

4  36:12-13

5  46:21-48:14

6  52:25-53:14

7  54:19-55:1

8  55:16-56:6

9  58:03-58:19

10  59:13-61:10

11  78:01-78:18

12  112:25-113:09

13  126:25-129:02

14  129:20-130:09

15  149:16-151:16

16  Deposition of Kevin Chappell, taken September 23, 2013:

17  20:18-21:07

18  23:18-24:05

19  28:01-29:08

20  34:14-34:16

21  89:16-89:18

22  91:02-91:23

23  118:03-118:08

24  120:02-120:18

25  133:11-134:10

26  154:12-156:12

27  163:06-163:15

28  169:18-170:23

4

Deposition of Eric Monthei, taken September 24, 2013:

- 17:9-21
- 18:8-13
- 30:12-14
- 34:14-23
- 44:22-45:2
- 85:24-86:15
- 86:23-88:5
- 109:1-7
- 128:25-129:1
- 130:21-131:1
- 131:24-132:1
- 135:20-24
- 149:16-152:9
- 172:21-23
- 182:1-184:6
- 223:15-25

Deposition of Joel Dvoskin, taken February 27, 2013:

- 113:13-114:12

V.   **DEFENDANTS DESIGNATION OF DEPOSITION EXCERPTS OF PLAINTIFFS' WITNESSES**

To the extent the Court permits the designation of expert witness, including those who have not appeared as witnesses in the present proceeding, Defendants designate the follow excerpts of Plaintiffs' expert witnesses Jeanne Woodford and Pablo Stewart. Both Ms. Woodford and Dr. Stewart testified before this Court in support of Plaintiffs' motion regarding inpatient hospitalization of condemned inmates.

Deposition of Jeanne Woodford, taken March 19, 2013:

- 12:23-13:03
- 15:12

5

Defs.' Obj. Pls.' Designation of Depo. Excerpts and Cross Designation of Depo. Excerpts
(2:90-cv-00520 LKK JFM PC)

1 | 28:02-28:10
2 | 30:12-30:18
3 | 31:03-32:05
4 | 36:01-36:24
5 | 71:05-71:09
6 | 73:08-73:24
7 | 75:04-75:11
8 | 76:01-76:06
9 | 87:19-90:09
10 | 92:24-93:11
11 | 103:12-103:15
12 | 106:01-107:19
13 | 111:06-111:08
14 | 121:10
15 | 128:08-128:18
16 | 132:09-132:21
17 | Deposition of Pablo Stewart, taken March 19, 2013:
18 | 12:05-12:22
19 | 33:12-40:08
20 | 63:08–64:11
21 | 238:10-239:06
22 | / /
23 | / /
24
25
26
27
28

6

Defs.' Obj. Pls.' Designation of Depo. Excerpts and Cross Designation of Depo. Excerpts
(2:90-cv-00520 LKK JFM PC)

1 | Dated: October 29, 2013

Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
JAY C. RUSSELL
Supervising Deputy Attorney General

/s/ Patrick R. McKinney
PATRICK R. MCKINNEY
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003

7

# CERTIFICATE OF SERVICE

Case Name:  **Coleman v. Brown, et al.,**   No.  **2:90-cv-00520 LKK JFM PC**

I hereby certify that on **October 29, 2013**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' OBJECTION TO PLAINTIFFS' DESIGNATION OF DEPOSITION EXCERPTS IN SUPPORT OF MOTION FOR AFFIRMATIVE RELIEF REGARDING INPATIENT HOSPITALIZATION FOR CONDEMNED INMATES AND CROSS DESIGNATION OF DEPOSITION EXCERPTS**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **October 29, 2013**, at San Francisco, California.

| D. Criswell | s/ D. Criswell |
|---|---|
| Declarant | Signature |

40804931.doc