KAMALA D. HARRIS
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
JAY C. RUSSELL
Supervising Deputy Attorney General
DEBBIE VOROUS, State Bar No. 166884
PATRICK R. MCKINNEY, State Bar No. 215228
JESSICA KIM, State Bar No. 257766
MANEESH SHARMA, State Bar No. 280084
Deputy Attorneys General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-3035
 Fax:  (415) 703-5843
 E-mail:  Patrick.McKinney@doj.ca.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                          Plaintiffs,<br><br>       v.<br><br>**EDMUND G. BROWN JR., et al.,**<br><br>                          Defendants. | 2:90-cv-00520 LKK JFM PC<br><br>**DEFENDANTS' OBJECTION TO PLAINTIFFS' DESIGNATION OF DEPOSITION EXCERPTS IN SUPPORT OF MOTION FOR AFFIRMATIVE RELIEF REGARDING USE OF FORCE AND DISCIPLINARY MEASURES AND CROSS DESIGNATION OF DEPOSITION EXCERPTS**<br><br>Judge:      The Honorable Lawrence K. Karlton |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION.

Defendants respectfully object and request that this Court strike deposition excerpts designated by Plaintiffs.  Plaintiffs have not met their burden to show that these excerpts are relevant and non-cumulative under Federal Rule of Evidence 403.  Additionally, Federal Rule of Civil Procedure 32(a)(6) requires that when only part of a deposition is introduced into evidence "any party may introduce any other part of deposition."  Therefore if the Court denies Defendants' objections, Defendants cross designate portions of the depositions "that in fairness should be considered with the part introduced."  Fed. R. Civ. P. 32(a)(6).

### II.    PLAINTIFFS' DESIGNATED DEPOSITION EXCERPTS ARE CUMULATIVE AND IRRELEVANT.

Most if not all of Plaintiffs' designated depositions excerpts are cumulative of testimony offered at the hearing on this matter, irrelevant, or otherwise immaterial and should be stricken.

For instance, Plaintiffs seek to admit extensive excerpts of the depositions of Steve J. Martin and Michael Stainer.  But Mr. Stainer has already testified before this Court on the matters covered in his deposition.  (*See* ECF 4892 & 4894..)  And Mr. Martin will appear as a witness and Plaintiffs will have the opportunity cross examine Mr. Martin on matters addressed in their deposition excerpts.  The Court should strike the designated deposition excerpts of deposition because they are cumulative to testimony at the hearing.  *See G. E. J. Corp. v. Uranium Aire, Inc.*, 311 F.2d 749, 755 (9th Cir. 1962) ("We see no reason why the pre-trial deposition of a witness should be admissible when the witness is himself present.")  Further, during argument on October 31, 2013 this Court previously ruled that deposition excerpts from witnesses who testified would not be admissible.  *See* Evidentiary Hr'g Tr. 1658:10-18, Oct. 31, 2013.

Plaintiffs also incorrectly argue that because Mr. Day and Ms. Allison were not called as witnesses for the present hearing, they are "unavailable" for the purposes of Federal Rule of Civil Procedure 32(a)(4)(B).  The plain language of Rule 32(a)(4)(B) requires a finding that "the witness is more than 100 miles from the place of hearing or trial."  Both Mr. Day and Ms. Allison

1

1    are employed at CDCR Headquarters in Sacramento and Plaintiffs could have secured their

2    presence by subpoena.  Plaintiffs' failure to do so demonstrates that deposition excerpts are of

3    limited relevance and cumulative to Mr. Stainer's and Mr. Martin's testimony.  The excerpts

4    should therefore be stricken.

5         Additionally, several individual designated excerpts are not relevant to the question now

6    before the Court should be stricken, including but not limited to the following: Deposition of

7    Kathleen Allison taken August 15, 2013: 155:14-156:7; 202:21-203:21.

8    **III.    PLAINTIFFS' DESIGNATED DEPOSITION EXCERPTS ARE MISLEADING AND
         IMPROPERLY EXCLUDE TIMELY OBJECTIONS**

9

10        Plaintiffs seek to introduce excerpts from California Department of Corrections and

11   Rehabilitation employees, John Day and Kathleen Allison.  Federal Rule of Civil Procedure 32(b)

12   provides that an objection may be made to the admissibility of any deposition testimony that

13   would be inadmissible if the witness were present and testifying, but that objections as form of

14   question may be waived if not raised at deposition.  Fed. R. Civ. P. 32(b).  Here, Plaintiffs

15   designated deposition excerpts improperly exclude timely objections raised by counsel during the

16   depositions.  In order to fully inform the Court, Defendants have identified and incorporate by

17   reference the following excerpts of  objections.

18   Deposition of John Day, taken August 14, 2013:

19        161:2-3

20        183:1-2

21        188:10-11

22        197:2-3

23        213:4

24        226:21-22

25        235:24-236:1

26   Deposition of Kathleen Allison, taken August 15, 2013:

27        80:8-9

28        156:8-9

2

1    217:23

2    236:21-25

3    257:12

4    264:15-16

5    272:18-21

6    **IV.    PRETRIAL STATEMENTS BY DEFENDANTS' EXPERTS ARE NOT ADMISSIONS BY A
        PARTY AGENT AND SHOULD BE STRICKEN**

7

8        Plaintiffs' incorrectly assert that excerpts from depositions of Defendants' expert, Steve J.

9    Martin, are admissible under Federal Rule of Evidence 801(d)(2)(D), as admissions by party

10    agents.  In support of their assertion, Plaintiffs rely on a single out-of-circuit case, *Collins v.*

11    *Wayne Corp.*, 621 F.2d 777 (5th Cir. 1980).  Conversely, multiple courts, including the Third

12    Circuit Court of Appeals, have held that expert witnesses are not party agents for the purposes of

13    Rule 801(d)(2)(D).  *See Kirk v. Raymark Indus., Inc.*, 61 F.3d 147, 164 (3d Cir. 1995); *see also*

14    *Koch v. Koch Indus., Inc.*, 37 F. Supp. 2d 1231, 1244-45 (D. Kan. 1998) *aff'd in part, rev'd in*

15    *part on other grounds*, 203 F.3d 1202 (10th Cir. 2000).  The Third Circuit examined *Collins* and

16    explicitly rejected the proposition that expert witnesses are automatically party agents.  *Kirk.*, 61

17    F.3d at 164 n.20.  The court explained that "despite the fact that one party retained and paid for

18    the services of an expert witness, expert witnesses are supposed to testify impartially in the sphere

19    of their expertise." *Id.* at 164.  The Court further elaborated that "[b]ecause an expert witness is

20    charged with the duty of giving *his or her* expert *opinion* regarding the matter before the court,

21    we fail to comprehend how an expert witness, who is not an agent of the party who called him,

22    can be authorized to make an admission for that party." *Id.* (emphasis in original.)  Here, Mr.

23    Martin was retained as an expert to independently analyze the systemic use of force and

24    disciplinary measures on mentally ill inmates.  As an expert witness, he cannot be deemed to be a

25    party agent under Federal Rule of Evidence 801 and his deposition testimony is inadmissible on

26    the grounds asserted by Plaintiffs.

27

28

**V.    DEFENDANTS CROSS DESIGNATION OF DEPOSITION EXCERPTS**

Subject to the Court's ruling on the admissibility of Plaintiff's designation of deposition excerpts, Defendants cross designate the following portions of the depositions "that in fairness should be considered with the part introduced."  Fed. R. Civ. P. 32.

Deposition of John Day, taken August 14, 2013:

103:8-12

107:24-108:109:24

111:22-112:7

114:7-116:8

120:20-121:1

139:25-140:7

142:16-143:15

145:25-146:12

156:16-17

162:23-164:6

185:13-186:1

222:14-24

223:10-224:6

224:13-18

226:1-6

227:10-228:5

228:21-230:5

230:20-232:8

Deposition of Kathleen Allison, taken August 15, 2013:

96:17-21

196:21-197:10

198:24-25

199:19-24

4

1     200:18-201:5

2     202:8-20

3     203:22

4     219:6-14

5     219:24-221:9

6     236:21-25

7     259:11-260:18

8     262:9-15

9     266:13-18

10    269:24-270:4

11

12    Dated:  November 5, 2013                    Respectfully Submitted,

13                                                KAMALA D. HARRIS
                                                  Attorney General of California
14                                                JAY C. RUSSELL
                                                  Supervising Deputy Attorney General

15

16

17                                                /s/ Patrick R. McKinney
                                                  PATRICK R. MCKINNEY
18                                                Deputy Attorney General
                                                  *Attorneys for Defendants*

19    CF1997CS0003

20

21

22

23

24

25

26

27

28