1  DONALD SPECTER – 083925
   STEVEN FAMA – 099641
2  PRISON LAW OFFICE
   1917 Fifth Street
3  Berkeley, California  94710-1916
   Telephone:    (510) 280-2621
4

5

6

7

8

   MICHAEL W. BIEN – 096891
   JANE E. KAHN – 112239
   ERNEST GALVAN – 196065
   THOMAS NOLAN – 169692
   LISA ELLS – 243657
   LORI E. RIFKIN – 244081
   AARON J. FISCHER – 247391
   MARGOT MENDELSON – 268583
   KRISTA STONE-MANISTA – 269083
   ROSEN BIEN
   GALVAN & GRUNFELD LLP
   315 Montgomery Street, Tenth Floor
   San Francisco, California  94104-1823
   Telephone:    (415) 433-6830

9  JON MICHAELSON – 083815
   JEFFREY L. BORNSTEIN – 099358
   MEGAN CESARE-EASTMAN – 253845
10 RANJINI ACHARYA – 290877
   K&L GATES LLP
11 4 Embarcadero Center, Suite 1200
   San Francisco, California  94111-5994
12 Telephone:    (415) 882-8200

   CLAUDIA CENTER – 158255
   THE LEGAL AID SOCIETY –
   EMPLOYMENT LAW CENTER
   180 Montgomery Street, Suite 600
   San Francisco, California  94104-4244
   Telephone:    (415) 864-8848

13

14 Attorneys for Plaintiffs

15                    UNITED STATES DISTRICT COURT

16                    EASTERN DISTRICT OF CALIFORNIA

17

18 RALPH COLEMAN, et al.,

19            Plaintiffs,

20     v.

21 EDMUND G. BROWN, JR., et al.,

22            Defendants.

23

Case No. 2:90-cv-0520 LKK DAD

**PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION *IN LIMINE*
NO. 3:  TO EXCLUDE THE
DECLARATION TESTIMONY OF
JANE KAHN**

Judge:   Hon. Lawrence K. Karlton

24

25

26

27

28

---

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 3:  TO EXCLUDE THE
DECLARATION TESTIMONY OF JANE KAHN

# INTRODUCTION

Defendants' Motion *in Limine* No. 3 to Exclude the Declaration Testimony of Jane Kahn (Docket No. 4882; hereinafter "Defs.' MIL No. 3") is not well taken. Ms. Kahn's declaration is competent and provides appropriate evidence relevant to the housing and treatment of seriously mentally ill prisoners in segregation. Docket No. 4765, Reply Declaration of Jane E. Kahn In Support Of Plaintiffs' Motion for Enforcement of Court Orders and Affirmative Relief Regarding Improper Housing and Treatment of Seriously Mentally Ill Prisoners in Segregation, August 23, 2013; hereinafter "Kahn Decl." Her testimony is not comprised of improper opinion: Ms. Kahn does not go beyond the information presented in the documents attached to her declaration. Further, Ms. Kahn's testimony provides the foundation for admission of these documents and offers a helpful guide as to how they fit within the overall context of the long-running *Coleman* litigation. Thus, Ms. Kahn does not violate the advocate-witness rule. Her declaration and further testimony she may offer at trial on the matters contained in her declaration should therefore be allowed.

# LEGAL STANDARDS

In relying upon the "time-honored" advocate-witness rule in support of their instant motion, Defendants have failed to acknowledge that the rule is tempered by exceptions that permit flexibility in application. *U.S. v. Prantil*, 764 F.2d 548, 553 (9th Cir. 1985). The advocate-witness rule is not an absolute prohibition on counsel filing declarations in a case. Indeed, "filing documents pursuant to attorney declaration is a well-established practice." *Estes Express Lines, Inc. v. Macy's Corporate Services*, 2010 WL 398749, at *5 (D. N.J., Jan. 28, 2010). Attorney declarations are acceptable when a party uses them as a vehicle through which to present admissible evidence relevant to the matter at hand. *S.E.C. v. Competitive Technologies, Inc.,* 2006 WL 3346210, at *1 (D. Conn., Nov. 6, 2006).

Courts permit attorneys to summarize the contents of documents attached to a declaration. *See, e.g., Shell Trademark Mgmt. BV & Motiva Enter., LLC v. Ray Thomas*

1  *Petroleum Co., Inc.,* 642 F. Supp. 2d 493, 510 (W.D. N.C. 2009) (declaration did not

2  "provide or interpret that information in any way other than how the information [was]

3  originally [presented]," and therefore did not violate advocate-witness rule); *Day Spring*

4  *Enter., Inc. v. LMC Int'l, Inc.,* 2004 WL 2191568, at *9 (W.D. N.Y. Sept. 24, 2004)

5  ("Given the complexity of the case and the numerous documents and pages of testimony

6  generated during discovery, the attorney's affidavits present[ed] the evidence in a cohesive

7  fashion," and therefore attorney declaration was permitted).  Under these principles,

8  attorney testimony that provides the foundation for admission of relevant documents, and

9  offers an organizing guide as to how the documents fit within the overall context of the

10  issues to be tried, does not violate the advocate-witness rule.

**ARGUMENT**

11

12  **I.    MS. KAHN'S DECLARATION APPROPRIATELY PROVIDES STRUCTURAL CLARITY TO THE ISSUES**

13

14      Now before this Court are complex issues involving the housing and treatment of

15  *Coleman* class members in segregated housing units.  Ms. Kahn begins her declaration by

16  citing relevant documents in the record.  Kahn Decl. ¶¶ 3-11.  Defendants claim that

17  Ms. Kahn references documents and then, "characterizes and selects quotations from these

18  documents," and "often follows with her opinion on the significance of these documents."

19  Defs.' MIL No. 3 at 3.  These assertions are inaccurate.  In fact, Ms. Kahn draws together

20  the information contained in those documents and places each within the overall context of

21  the *Coleman* litigation.  This is entirely proper.

22      Defendants offer the following example:  "[t]his 2007 Plan failed to address the

23  requirement to include alternative methods for delivery of treatment and did not provide an

24  effective means for addressing the excessive lengths of stay in ASUs."  Defs.' MIL No. 3

25  at 3.  It is unclear how this statement can be characterized as anything other than an

26  uncontested statement of fact.  Either the 2007 Plan addressed the requirement, or it did

27  not.  Ms. Kahn's observation that the 2007 Plan failed to address the requirement is part of

28  the public record before this Court and uncontested between the parties.  Therefore, it does

1   not constitute improper "opinion" and should be allowed.[1]

2         Courts have recognized that attorney declarations may properly review and

3   summarize documents already admitted into evidence or otherwise in the court record,

4   because such declarations "seek to put into context other evidence already submitted by

5   referencing those same [documents] already before the Court." *Ada Liss Group (2003)*

6   *Ltd. v. Sara Lee Corp.*, 2013 WL 4735387, at *6 (M.D.N.C. Sept. 3, 2013). This "provides

7   an organizational guide for the Court as to relevant facts to consider with regard to the

8   surrounding issues in Plaintiff's pending motion[.]" *Id.* This is particularly true where, as

9   here, the record is voluminous and the attorney declaration presents relevant information in

10  a cohesive fashion. *See Day Spring,* 2004 WL 2191568, at *9.

11        Contrary to Defendants' assertions, Ms. Kahn's statements serve to synthesize the

12  evidence contained in numerous documents already in the record and assist this Court to

13  resolve issues relating to the housing and treatment of *Coleman* class members in

14  segregation. To the extent Ms. Kahn summarizes contents of documents, or quotes from

15  them, it serves to create an organizational framework of evidence already part of the

16  docket. For example, Ms. Kahn notes that in 1997, the Special Master "recommended

17  provisionally adopting Defendants' plan for the delivery of mental health care in the

18  [administrative segregation units]." Kahn Decl. ¶ 3. She follows with a specific quote

19  from the report issued by the Special Master. *Id.* In other words, Ms. Kahn has done

20  nothing more than assist the Court to place the issue of segregated housing of *Coleman*

21  class members in context within the record. Ms. Kahn's testimony does not constitute

22  _____

23  [1] Similarly, the fact that during the prison tours she attended, Ms. Kahn observed holding
24  cells being increasingly used (Kahn Decl. ¶ 8) is a factual statement of an uncontested
    matter. There is no controversy between the parties that, over time, holding cells have
25  become more common within the CDCR. This statement cannot be interpreted as
    improper "opinion" as Defendants suggest. *See* Defs.' MIL No. 3 at 2 ("By tendering her
26  personal observations of the monitoring tours, Ms. Kahn violates the advocate-witness
    rule.") Ms. Kahn's observations do not violate the advocate-witness rule and should be
27  allowed.

28

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 3: TO EXCLUDE THE
DECLARATION TESTIMONY OF JANE KAHN

1  improper opinion.

2      Further, Ms. Kahn has not interpreted or characterized the content differently from

3  the original text.  For example, she observes, "[t]he Defendants were directed to submit

4  within 60 days for review their plan for expanding staffing for administrative

5  segregation….  The Special Master was to assess the adequacy of [this] plan."  Kahn Decl.

6  ¶ 4.  She then cites to the relevant document in the record: "this recommendation became

7  an order of the Court.  Order, Docket No. 1009, Jan. 13, 1999."  *Id.*  Presentation of

8  information in this manner does not violate the advocate-witness rule.  *See Shell*

9  *Trademark Mgmt. B.V.,* 642 F. Supp. 2d at 510.  Ms. Kahn's declaration is proper,

10  relevant, and helpful to the trier of fact on the issue of the segregation of *Coleman* class

11  members and therefore should be allowed.

12  **II.    MS. KAHN'S DECLARATION PROVIDES PROPER FOUNDATION FOR**
    **ADMISSION OF RELEVANT DOCUMENTS**
13

14      The remainder of Ms. Kahn's testimony is limited to establishing the foundation for

15  the admission of certain documents relevant to the issue of housing prisoners with serious

16  mental illness in segregated units.  Kahn Decl. ¶¶ 7, 11-19, 24-27, 28-41.  Defendants do

17  not raise — and cannot legitimately raise — any objection to the admission into evidence

18  of documents referenced at paragraphs 28 through 41 of Ms. Kahn's declaration.  In

19  relation to the remainder, Defendants complain that Ms. Kahn "also describes the contents

20  of these [documents] and submits her opinions about these [documents]."  Defs.' MIL

21  No. 3 at 4.  Specifically, Defendants appear to find the following six statements

22  objectionable (*see id.*):

- "Defendants have been incapable of reducing the excessively long stays of
23  seriously mentally ill prisoners at the EOP level of care in ASUs and PSUs."
24  Kahn Decl. ¶ 15;

- "Defendants, without explanation, no longer include critical Court-ordered
25  data about *Coleman* class members in Corcoran segregation units in their
26  monthly documents.  Defendants' data thus underreports the number of
    Coleman class members with prolonged lengths of stay data, omitting data
27  on the Corcoran ASU and SHU units where several hundred class members
    are housed."  Kahn Decl. ¶ 17;

28

4

- "There remain outstanding disputed Program Guide issues that have not been fully litigated within the Coleman case." Kahn Decl. ¶ 9;

- "The Program Guide was modified in 2006, during the extreme of the overcrowding crisis, in recognition of the reality of the crisis bed shortages and the practice of using alternative placements indiscriminately." Kahn Decl. ¶ 24;

- "Defendants now use procedures developed during their most serious crisis bed shortages to justify the continued widespread use of alternative placements, including holding cells/cages/modules throughout the mental health program in all settings for delivery of treatment." Kahn Decl. ¶ 25; and

- "As such this report necessarily under-counts average waiting times for patients referred to a crisis bed. This is an example of Defendants' under-reporting of negative data." Kahn Decl. ¶ 25 n.1.

Each of these statements refers to CDCR's practice of placing *Coleman* class members who are referred to crisis beds into alternative placements, including segregation units, for extended periods of time. These statements concern factual matters: Defendants in fact have not significantly reduced the length of time that *Coleman* class members are treated or housed in segregation; there are in fact outstanding disputed Program Guide issues; Defendants in fact rely on the Program Guide to support their practices; and Defendants in fact under-report certain data in relation to *Coleman* class members. These statements assist the Court in understanding the context into which complex documents and information fit for purposes of the instant motion. None of these statements advance legal argument or go beyond provision of an organizational guide for the Court as to relevant facts to consider in deciding the pending issues, and therefore each statement is proper.[2]

Ms. Kahn also seeks to submit certain records pertinent to the issue at hand into the

---

[2] Ms. Kahn's testimony may arguably go beyond strictly factual assertions inasmuch as she uses the words: "excessively" (Kahn Decl. ¶ 15); "critical" (*id.* ¶ 17); "indiscriminately" (*id.* ¶ 29); "justify" (*id.* ¶ 25); and "necessarily" (*id.* at n.1). To the extent the Court finds such language improper, Plaintiffs respectfully submit that only these adjectives or adverbs should be stricken from Ms. Kahn's testimony, without disturbing the remainder of her declaration, and without affecting the admissibility of the documents attached thereto.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 3:  TO EXCLUDE THE DECLARATION TESTIMONY OF JANE KAHN

1  evidentiary record.  Contrary to Defendants' assertions, Ms. Kahn's statements in relation

2  to these documents have a limited purpose: to lay the foundation for the admission of the

3  documents attached to her declaration.  Again, this is entirely proper.[3]  To the extent

4  Ms. Kahn has commented on these documents, this merely helps to establish a cohesive

5  framework for the Court's consideration.  Nothing in her testimony rises to the level of

6  "opinion."  Her testimony is therefore proper and should be allowed.

7  **III.    MS. KAHN'S DECLARATION HAS BEEN TIMELY FILED**

8          Defendants claim that Ms. Kahn's declaration contains new evidence relating to the

9  history of this case between 1997 and 2007.  Defs.' MIL No. 3 at 5.  Defendants further

10  claim that Ms. Kahn's testimony regarding the Program Guide and Defendants' reports

11  "should have also been submitted with the moving papers."  *Id*.  They assert that

12  Ms. Kahn's declaration is therefore untimely and should not be allowed.  This assertion is

13  without merit.

14          The portions of Ms. Kahn's declaration relating to the history of this case refer only

15  to evidence that is *already* part of the record.  Similarly, monthly and weekly reports are

16  provided by Defendants to the Special Master in connection with this litigation and

17  therefore are not improper; they identify to the Court documents that it already has access

18  to through its Special Master.  Further, while Defendants provided portions of the Program

19  Guide in their opposition to the instant motion, they did not include the Program Guide in

20  its entirety.  *See* Decl. of Debbie Vorous in Supp. of Defs.' Opp. to Pls.' Mot. Related to

21  Housing & Treatment of Mentally Ill Inmates, Docket No. 4714, July 24, 2013, Ex. 4.

22  Ms. Kahn merely provides additional pages in order to place the Defendants' assertions in

23  appropriate context.  As a result, Ms. Kahn's declaration does not contain "new" evidence,

24  _____

25  [3] Defendants do not object to the admission of the documents themselves, but only to
portions of language employed by Ms. Kahn in laying the foundation for their admission.

26  Plaintiffs submit that the documents described in paragraphs 15, 17, 24 and 25 of
Ms. Kahn's declaration are relevant and admissible and should be received into evidence.

27

28

1 | and her declaration is therefore not untimely. Defendants' motion to exclude Ms. Kahn's

2 | testimony on this basis should be denied.

3 | **CONCLUSION**

4 | Ms. Kahn's declaration provides a proper foundation for the admission of relevant

5 | documents and her testimony offers a cohesive framework to assist this Court in its

6 | consideration of CDCR's practice of housing and treating mentally ill *Coleman*-class

7 | members in segregation. Ms. Kahn's declaration and any related testimony does not

8 | constitute improper opinion. Ms. Kahn's testimony therefore does not violate the

9 | advocate-witness rule, and Defendants' Motion *in Limine* No. 3 should be denied.

10 |

11 | DATED: November 12, 2013          Respectfully submitted,

12 |                                              K&L GATES LLP

13 |

14 |                                              By: */s/ Jon Michaelson*
                                                        Jon Michaelson

15 |                                                     Jeffrey L. Bornstein
                                                        Megan Cesare-Eastman

16 |                                                     Ranjini Acharya
                                                     Attorneys for Plaintiffs

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 3: TO EXCLUDE THE
DECLARATION TESTIMONY OF JANE KAHN