JEFFREY BLUMBERG (MD 219765835)
E-mail: Jeffrey.Blumberg@usdoj.gov
Telephone: (202) 353-1072
KYLE SMIDDIE (NJ 021852011)
Telephone: (202) 307-6581
E-mail: Kyle.Smiddie@usdoj.gov
Trial Attorneys
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, NW

Attorneys for the United States of America

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

RALPH COLEMAN, et al.,

    Plaintiffs,

v.   2:90-cv-0520 LKK DAD PC

EDMUND G. BROWN, Jr., et al.,

    Defendants.

## RESPONSE OF THE UNITED STATES OF AMERICA TO DEFENDANTS' MOTION IN LIMINE NO.4: TO EXCLUDE THE STATEMENT OF INTEREST

Defendants have moved to prevent Plaintiffs from introducing as evidence at trial the Statement of Interest ("Statement") of the United States regarding recent legal positions taken by the United States Justice Department, Civil Rights Division ("Division") on the use of solitary confinement for prisoners with serious mental illness under Title II of the American with Disabilities Act ("Title II" or "ADA"), 42 U.S.C. § 12132, and the Eighth Amendment to the U.S. Constitution. Defendants' motion misunderstands the purpose for which the United States submitted the Statement pursuant to 28 U.S.C. § 517; the United States agrees that neither the Statement nor its specific factual findings about the Pennsylvania State Correctional Institution at

Cresson ("Cresson") (attached to the Statement) constitute "evidence" that warrants ruling on this Motion unless or until Plaintiffs actually attempt to introduce them as evidence at trial.

The Statement sets forth the current interpretation and application of legal standards that the Department of Justice - the agency charged with enforcing statutes at issue in this litigation - believes the Court should apply in considering this case. Accordingly, the Court should not consider the Statement and its Attachment as providing factual "evidence," but as setting forth the United States' position on the types of factors a court should consider when properly interpreting and applying the pertinent statutes and the Constitution. Accordingly, the Court should decline to rule on the Motion in Limine as premature, and wait to see whether Plaintiffs attempt to introduce the United States' factual determinations specific to Cresson, included in the Attachment to the Statement, as evidence regarding Defendants' liability in this case.

Statements of interest are not "evidence" but rather the exercise of the United States' broad authority, in any case in which it is interested, to "attend to the interests of the United States." 28 U.S.C. § 517.[1] The Ninth Circuit recognized this authority when it considered a statement of interest the Division filed regarding the ADA. *M.R.* v. *Dreyfus*, 697 F.3d 706, 735 (9th Cir. 2012) ("[The United States'] 'statement of interest' in the district court under 28 U.S.C. § 517 is comparable to an amicus brief because of its interest in ensuring a proper interpretation and application of the integration mandate, [a regulation it promulgated].")

---

[1] Enacted in1966 as a successor to the former 5 U.S.C. § 316 and titled "Interest of United States in pending suits," 28 U.S.C. § 517 provides:

> The Solicitor General, or any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States.

Unlike other private persons or entities, who must seek the Court's permission before participating in pending litigation in which they are not a party (most usually as an amicus curiae) and who have no statutory authority to participate, Congress has given the United States specific statutory authority to attend to the interests of the United States in any suit in which the United States has an interest. 28 U.S.C. § 517. The courts have read these statutes broadly to enable the Attorney General and the Department of Justice to protect the interests of the sovereign. In *Booth v. Fletcher*, 101 F.2d 676 (D.C. Cir. 1938), a disbarred attorney sued the Chief Justice of the Court of Claims of the United States and others for conspiracy to injure him by procuring his disbarment. The district court granted the plaintiff's motion to strike the United States' papers because it was not a party. The Court of Appeals reversed, explaining that the law

> does not limit [the Attorney General's] participation or the participation of his representatives to cases in which the United States is a party; it does not direct how he shall participate in such cases; it gives him broad, general powers intended to safeguard the interests of the United States in any case, and in any court of the United States, whenever in his opinion those interests may be jeopardized. *Id*. at 681-682.

Here, the United States has a strong interest in providing guidance to the Court regarding applicable legal standards for analyzing solitary confinement of prisoners with serious mental illness: individuals whose federal constitutional and statutory rights the United States is authorized to protect through enforcement of Title II and the Civil Rights of Institutionalized Persons Act ("CRIPA"), 42 U.S.C. § 1997. To provide the full context for its legal positions and interpretations, the United States attached to the Statement the Division's findings letter for its investigation of the conditions of confinement at Cresson. The United States' views about the proper legal standards are set forth in the Cresson findings letter. Of course, the Cresson

Response of the United States of America to Defendants' Motion in Limine No.4: To Exclude the Statement of Interest    3

findings necessarily considered the facts of that investigation, but the legal framework applies in this case as well.

To summarize the legal standards the United States believes are applicable, the segregation of prisoners with serious mental illness in solitary confinement may, under certain circumstances, violate both the ADA and the Eighth Amendment. In regards to the ADA, prisoners with disabilities cannot be automatically placed in restrictive housing for mere convenience. Title II requires prison officials, when considering housing determinations, to make individualized assessments of prisoners with serious mental illness or intellectual disabilities, and their conduct, relying on current medical or best available objective evidence, to assess: (1) the nature, duration, and severity of the risk; (2) the probability that the potential injury will actually occur; and (3) whether reasonable modifications of policies, practices, or procedures will mitigate or eliminate the risk. 56 Fed. Reg. 35,701 (1991); 75 Fed. Reg. 56,180 (2010); *Sch. Bd. of Nassau Cnty. v. Arline*, 480 U.S. 273, 278-88 (1987). Applying the *Arline* factors, the individualized assessment should, at a minimum, include a determination of whether the individual with a disability continues to pose a risk, whether any risk is eliminated after mental health treatment, and whether the segregation is medically indicated.

As for the Eighth Amendment inquiry, the United States recognizes that the assessment of whether prison conditions are unconstitutional is a fact-bound inquiry. In the Cresson findings letter, the United States identified factors to assess the constitutionality of the use of solitary confinement for those with serious mental illness. First, the United States considered and placed great weight on the amount of time prisoners with serious mental illness spent in

Response of the United States of America to Defendants' Motion in Limine No.4: To Exclude the Statement of Interest                                                                 4

solitary confinement.[2] Second, the United States considered the extent to which the use of solitary confinement on prisoners at Cresson was interfering with their ability to obtain adequate mental health treatment. Third, the United States considered the conditions attendant to the solitary confinement experienced by prisoners with serious mental illness. Finally, the United States examined the extent to which systemic deficiencies at the facility – such as deficiencies in mental health programming and screening and accountability mechanisms – contributed to an overreliance on solitary confinement as a means of controlling prisoners with serious mental illness. After examining these factors, the United States concluded that Cresson was in fact engaging in a pattern of constitutional violations by routinely subjecting prisoners with serious mental illness to prolonged periods of solitary confinement under extreme conditions. The Court may want to consider these factors when reviewing Defendants' practices under the Eighth Amendment.

## **CONCLUSION**

The United States has a broad interest in ensuring that conditions of confinement in state and local correctional facilities are consistent with the Constitution and federal law and in applying all relevant safeguards against systemic violations of those rights. Accordingly, the United States respectfully requests that this Court consider the legal interpretations in the Division's Statement when ruling on this matter and decline to rule on the Motion in Limine unless and until it becomes necessary.

---

[2] For purposes of the Cresson letter, the United States defined solitary confinement as being confined to one's cell for approximately 22 hours or more a day.

Response of the United States of America to Defendants' Motion in Limine No.4: To Exclude the Statement of Interest                                                                                                                              5

Respectfully submitted,

JOCELYN SAMUELS
Acting Assistant Attorney General
Civil Rights Division
United States Department of Justice

ROY L. AUSTIN, JR.
Deputy Assistant Attorney General
Civil Rights Division

JONATHAN M. SMITH
Chief
Civil Rights Division
Special Litigation Section

LAURA COON
Special Counsel
Civil Rights Division
Special Litigation Section

/s/Laura Coon_____
LAURA COON (DC 481379/ CA  220540 )
Telephone: (202) 514-1089
E-mail: Laura.Coon@usdoj.gov
MARLYSHA MYRTHIL (NY 4569208)
Telephone: (202) 305-3454
E-mail: Marlysha.Myrthil@usdoj.gov
KYLE SMIDDIE (NJ 021852011)
Telephone:  (202) 307-6581
E-mail: Kyle.Smiddie@usdoj.gov
JEFFREY BLUMBERG (MD 219765835)
E-mail: Jeffrey.Blumberg@usdoj.gov
Telephone: (202) 353-1072
Trial Attorneys
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, NW
Washington, DC  20530

Response of the United States of America to Defendants' Motion in Limine No.4: To Exclude
the Statement of Interest                                                                                                          6

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 12, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

                                       /s/Laura Coon_____
                                       LAURA COON

                                       Attorney for the United States of America