DONALD SPECTER – 083925
STEVEN FAMA – 099641
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LISA ELLS – 243657
LORI E. RIFKIN – 244081
AARON J. FISCHER – 247391
MARGOT MENDELSON – 268583
KRISTA STONE-MANISTA – 269083
ROSEN BIEN
GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830

JON MICHAELSON – 083815
JEFFREY L. BORNSTEIN – 099358
MEGAN CESARE-EASTMAN – 253845
RANJINI ACHARYA – 290877
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, California 94111-5994
Telephone: (415) 882-8200

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California 94104-4244
Telephone: (415) 864-8848

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>Defendants. | Case No. 2:90-cv-0520 LKK DAD<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 2: TO EXCLUDE THE DECLARATION AND TESTIMONY OF EXPERT WITNESS JAMES AUSTIN**<br><br>Judge: Hon. Lawrence K. Karlton |

[992723-4]

# INTRODUCTION

Defendants' Second Motion *in Limine* to exclude expert James Austin, who has worked with and in numerous prison systems across the country on their use of segregation and other correctional planning and system reform issues, is without merit. Defendants' arguments to exclude Dr. Austin's testimony and Plaintiffs' Reply Expert Declaration of James Austin in Support of Plaintiffs' Motion Regarding Mentally Ill Prisoners in Segregation, Docket No. 4762, Aug. 23, 2013 ("Austin Decl."), are baseless and should be rejected.

As the Court is aware, Dr. Austin has considerable experience with California's prison system and the *Coleman* case. The California Department of Corrections and Rehabilitation (CDCR) invited him to be a member of their "Expert Panel on Adult Offender Recidivism Reduction" ("Expert Panel"), Austin Decl. ¶ 6, through which he served alongside the current CDCR Secretary. In this capacity, Dr. Austin conducted an extensive review of the operation of California's prisons, and was a key author of the Expert Panel's recommendations on reducing the CDCR prison population. *Id.* Notably, Dr. Austin has already been qualified as an expert in the *Coleman* case, and his expert opinions were cited extensively by the three-judge court and the United States Supreme Court. *See Coleman v. Schwarzenegger*, 922 F. Supp. 2d 882, 923, 923 n.45, 926, 970 n.65, 972, 975, 976, 978, 979, 980, 982, 983, 988, 990, 991, 997 n.88, 998, 999, 1002 (E.D. Cal. 2009); *Brown v. Plata*, 131 S. Ct. 1910, 1935 (2011).

# ARGUMENT

**I. DEFENDANTS' ARGUMENT THAT DR. AUSTIN'S REPLY EXPERT TESTIMONY CONSTITUTES "IMPROPERLY ASSERTED" NEW EVIDENCE SHOULD BE REJECTED**

In their opposition to Plaintiffs' motion, Defendants raise the argument that Plaintiffs' proposed remedies are unworkable and dangerous. *See* Docket No. 4712, July 24, 2013 at 1-2; Decl. of Kathleen Allison Supp. Defs.' Opp. to Pls.' Mot. Related to Housing & Treatment of Mentally Ill Prisoners in Segregation & Mot. Related to Use of Force & Disciplinary Measures, Docket No. 4713, July 24, 2013 ¶ 5 ("Plaintiffs have

[992723-4]

proposed several unnecessary and unworkable changes to CDCR's segregated housing that are dangerous to the inmate population and institutional staff."). Plaintiffs submitted the Reply Expert Declaration of James Austin in order to rebut Defendants' arguments in this regard. Dr. Austin's declaration establishes that there are safe, sensible, and workable alternatives to Defendants' existing segregation policies and practices that are systemically violating the rights of the *Coleman* class and daily subjecting class members to the risk of grave psychological and physical harm. The admission of such rebuttal evidence is perfectly appropriate.

In support of their motion to exclude Dr. Austin's testimony, Defendants misleadingly cite to the argument made by Plaintiffs when Defendants filed 55 witness declarations as reply evidence in support of their motion to terminate. Defendants' analogy misses the mark. Defendants' 55 witness declarations were filed just days before an automatic stay of prospective relief was set to take effect absent an order from the Court finding a current and ongoing violation of *Coleman* class members' federal rights. *See* 18 U.S.C. §§ 3626(b)(3), 3626(e). Given the federal law's strict time limits for a motion to terminate under the Prison Litigation Reform Act (and Defendants' secret activities leading up to the filing of their motion), Plaintiffs were unfairly deprived of the opportunity to depose or cross-examine Defendants' new witnesses or otherwise challenge Defendants' reply evidence. *See* Order Denying Defs.' Mot. to Terminate, Docket No. 4539, Apr. 5, 2013 at 7 (noting that the "task of resolving . . . disputes [raised by the reply declarations] . . . would normally be accomplished through an evidentiary hearing."); *Clark v. State of California*, 739 F. Supp. 2d 1168, 1223 n.14 (N.D. Cal. 2010).

The current proceeding is not analogous. Defendants have been aware of Dr. Austin's opinions and intent to testify for more than two months. Defendants deposed Dr. Austin on November 1, 2013, regarding his expert testimony in this case, and will have a further opportunity to cross-examine him in open court during the evidentiary hearing. Defendants provide no explanation for how or why they cannot "fairly or adequately prepare for the upcoming evidentiary hearing," as they assert. *See* Defs.' Motion *in Limine*

[992723-4]

2

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 2:  TO EXCLUDE DECLARATION AND TESTIMONY OF EXPERT WITNESS JAMES AUSTIN

1 No. 2: to Exclude the Decl. & Test. of Pls.' "Rebuttal" Expert Witness James Austin
2 ("Defs.' MIL No. 2") at 3.  Dr. Austin's reply declaration constitutes important evidence to
3 rebut the unfounded contentions set forth in Defendants' opposition, and Defendants suffer
4 no unfair disadvantage with the admission of such evidence.

5 **II.   DR. AUSTIN'S EXPERT OPINIONS MEET ALL RULE 702 AND *DAUBERT* REQUIREMENTS**
6

7         Defendants' arguments that Dr. Austin's conclusions "lack sufficient evidentiary
8 basis" and "are not based on any cognizable principles or methodology" are frivolous and
9 misleading and should be rejected.  His expert opinions meet all requirements under Rule
10 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S.
11 579 (1993).

12       **A.   Dr. Austin's Expert Opinions Are Properly Based on His Assessment of CDCR Data and Other Relevant Evidence, As Well As His Substantial**
13            **Experience with Prison Segregation Systems**

14        The foundation for Dr. Austin's expert opinions is set forth in detail in his
15 declaration, and Defendants' argument that his conclusions somehow "lack sufficient
16 evidentiary basis," Defs.' MIL No. 2 at 4, is without merit.  For purposes of the instant
17 motion, Dr. Austin reviewed a substantial body of facts and data, including CDCR
18 population data, Special Master reports, and evidence submitted by both Plaintiffs and
19 Defendants, in reaching his expert opinion.  *See* Austin Decl. Ex. B.  Dr. Austin describes
20 with specificity the facts and data (much of which were provided by Defendants) that
21 underlie his conclusions that Defendants overuse harsh segregated housing units to manage
22 prisoners with mental illness and impose excessive periods of segregation detention on this
23 population.  *See, e.g., id.* ¶¶ 18, 21 (and Table 1), 22, 25, 27, 35b, 37.

24        Dr. Austin has further provided a detailed description of his experience working
25 with numerous states on correctional planning and system reform.  As president of JFA
26 Institute, a non-profit corrections consulting firm, Dr. Austin regularly works with state
27 legislatures and prison agencies to analyze correctional policies and practices,eand to make
28 recommendations for methods to safely reduce the use of segregation, to achieve safe

[992723-4]

3

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 2:  TO EXCLUDE DECLARATION
AND TESTIMONY OF EXPERT WITNESS JAMES AUSTIN

reductions to the prison population, to improve prisoner classification systems, to develop parole risk guidelines, and more. *Id.* ¶¶ 2-14, Ex. A. Dr. Austin has worked on such issues in Arizona, California, Colorado, Connecticut, Georgia, Illinois, Indiana, Kentucky, Louisiana, Maryland, Mississippi, New Mexico, New York, Nevada, Ohio, Oklahoma, Pennsylvania, Rhode Island, Texas, and West Virginia, as well as for the federal Bureau of Prisons. *Id.*

Dr. Austin clearly possesses specialized knowledge and vast experience working with state prison systems on the very policy and practice areas now at issue. Courts consistently find that relevant professional experience is sufficient to qualify an expert to provide an opinion under Rule 702. *See McKendall v. Crown Control Corp.*, 122 F.3d 803, 807 (9th Cir. 1997) (finding an engineer with 30 years' experience investigating fork lift accidents qualified to give expert opinions regarding risk of injury from defective product design), *overruled on other grounds by Daubert,* 509 U.S. 579; *see also Thomas v. Newton Int'l Enters.*, 42 F.3d 1266, 1270 n.3 (9th Cir. 1994) (finding a longshoreman with 29 years' experience qualified to give expert testimony regarding safety procedures). His expert declaration contains detailed descriptions of other state prison systems' policies and practices regarding the use of segregation for prisoners with mental illness, and how such policies and practices may be safely implemented in CDCR's system. *See, e.g.*, Austin Decl. ¶¶ 26, 27, 30, 32, 33, 35-36, 42, 50, 52, 53, 56.

**B.    Dr. Austin's Expert Opinions Are Reliable Given His Extensive Knowledge and Experience**

Defendants' additional argument that Dr. Austin's testimony should be excluded because "it is not the product of reliable principles or methodology," Defs.' MIL No. 2 at 4, should also be rejected. Defendants' assertion that Dr. Austin's opinion is not reliable ignores controlling law. The Supreme Court has made clear that the "relevant reliability concerns [under Rule 702] may focus upon personal knowledge or experience." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999); *see also United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000) (noting that reliability of an expert witness's opinions

[992723-4]

4

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 2: TO EXCLUDE DECLARATION AND TESTIMONY OF EXPERT WITNESS JAMES AUSTIN

may be confirmed based on "the knowledge and experience of the expert, rather than the methodology or theory behind it") (citing *Kumho Tire*, 526 U.S. at 150). Dr. Austin's extensive knowledge and experience on the issues discussed in his expert declaration, as well as his well-established knowledge of CDCR's system, demonstrate the reliability of his conclusions.[1]

## CONCLUSION

For all the foregoing reasons, Defendants have not identified any legitimate grounds to exclude the testimony of Plaintiffs' expert James Austin. Plaintiffs respectfully request that the Court deny Defendants' motion *in limine*.

DATED: November 12, 2013        Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Aaron J. Fischer*
    Aaron J. Fischer

Attorneys for Plaintiffs

---

[1] Defendants further suggest Dr. Austin's testimony should be excluded under Rule 403 of the Federal Rules of Evidence, asserting that Defendants "would be prejudiced if Dr. Austin is permitted to testify." Defs.' MIL No. 2 at 3 (Part III). The argument provides no substantive analysis under Rule 403, but instead refers to the Rule 702-type argument that "Dr. Austin's testimony rests on conjecture rather than fact, unsupported assumptions, and no methodology." *Id.* As discussed above, Dr. Austin's testimony meets the Rule 702 and *Daubert* requirements. Defendants' Rule 403 argument should thus be rejected.

[992723-4]

5

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 2: TO EXCLUDE DECLARATION AND TESTIMONY OF EXPERT WITNESS JAMES AUSTIN