DONALD SPECTER – 083925
STEVEN FAMA – 099641
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

JON MICHAELSON – 083815
JEFFREY L. BORNSTEIN – 099358
MEGAN CESARE-EASTMAN – 253845
RANJINI ACHARYA – 290877
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, California 94111-5994
Telephone: (415) 882-8200

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LISA ELLS – 243657
LORI E. RIFKIN – 244081
AARON J. FISCHER – 247391
MARGOT MENDELSON – 268583
KRISTA STONE-MANISTA – 269083
ROSEN BIEN
GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California 94104-4244
Telephone: (415) 864-8848

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>    Defendants. | Case No. 2:90-cv-0520 LKK DAD<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 4: TO EXCLUDE THE STATEMENT OF INTEREST BY THE UNITED STATES DEPARTMENT OF JUSTICE**<br><br>Judge: Hon. Lawrence K. Karlton |

[992743-2]

## INTRODUCTION

Defendants' motion *in limine* to exclude the Statement of Interest of the United States of America, Docket No. 4736, Aug. 9, 2013 ("U.S.A. Statement of Interest"), filed by the United States Department of Justice ("U.S. DOJ"), is without merit. Defendants argue that the U.S.A. Statement of Interest violates the Federal Rules of Evidence because it is (1) "irrelevant"; (2) "prejudicial"; and (3) "inadmissible hearsay." Defendants misapprehend the nature and purpose of such a submission, and the evidentiary arguments set forth in their motion ignore the clear and well-established statutory authority for the United States Attorney General to file a Statement of Interest. The Court should reject Defendants' motion.

Federal law provides that "[t]he Solicitor General, or any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States." 28 U.S.C. § 517. This long-established legal authority:

> … does not limit [the Attorney General's] participation or the participation of his representatives to cases in which the United States is a party; it does not direct how he shall participate in such cases; it gives him broad, general powers intended to safeguard the interests of the United States in any case, and in any court of the United States, whenever in his opinion those interests may be jeopardized.

*Booth v. Fletcher*, 101 F.2d 676, 681-82 (D.C. Cir. 1938) (applying predecessor statutes).

Consistent with the statutory authority under 28 U.S.C. § 517, the U.S. DOJ filed its U.S.A. Statement of Interest based on the United States government's "broad interest in ensuring that conditions of confinement in state and local correctional facilities are consistent with the Constitution and federal law." *See* U.S.A. Statement of Interest at 2.

In light of this important federal government interest, the U.S. DOJ submitted its Statement of Interest "to bring to this Court's attention recent positions taken by the [Civil Rights] Division concerning the manner in which the Pennsylvania Department of Corrections used solitary confinement on prisoners with serious mental illness under

[992743-2]

1

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 4: TO EXCLUDE THE STATEMENT OF INTEREST BY THE UNITED STATES DEPARTMENT OF JUSTICE

Title II of the American with Disabilities Act ("Title II"), 42 U.S.C. § 12132, and the Eighth Amendment to the U.S. Constitution." *Id.* The U.S. DOJ Civil Rights Division "recently investigated the use of solitary confinement at the Pennsylvania Correctional Facility at Cresson (Cresson) on prisoners with serious mental illness" and "found that, under the harsh conditions at Cresson, the manner in which Cresson used solitary confinement violated the ADA and the Eighth Amendment." *Id.* While taking "no position on the fact-dependent question of whether the plaintiffs' motion should be granted," the U.S. DOJ "request[ed] that this Court consider the Division's recent Cresson letter of findings as part of its consideration" in the *Coleman* case. *Id.* at 2, 3.

## ARGUMENT

### I. THE U.S.A. STATEMENT OF INTEREST IS SUBMITTED UNDER THE FEDERAL GOVERNMENT'S STATUTORY AUTHORITY, AND PROVIDES USEFUL GUIDANCE AS TO THE APPROPRIATE *LEGAL* ANALYSIS THIS COURT SHOULD FOLLOW

The United States has broad discretion "to dispatch government lawyers to attend to any . . . interest of the United States." *Hall v. Clinton*, 285 F.3d 74, 80 (D.C. Cir. 2002) (citing 28 U.S.C. § 517) (internal citations omitted). The United States need not be a party in a case in order to assert its interests pursuant to 28 U.S.C. § 517. *See Gross v. German Found. Indus. Initiative*, 456 F.3d 363, 389 (3rd Cir. 2006) ("The United States Executive has the statutory authority, in any case in which it is interested, to file a statement of interest[.]")

The U.S.A. Statement of Interest offers the United States' *legal* position on certain segregation practices, and thus useful guidance for this Court's *legal* analysis of whether and how Defendants' segregation system violates the constitutional and statutory rights of prisoners with mental illness. *See* U.S.A. Statement of Interest at 1-2 ("The United States Justice Department, Civil Rights Division ('the Division') respectfully submits this Statement of Interest *to bring to this Court's attention recent positions taken by the Division* . . . .") (emphasis added).

Defendants misapprehend the nature of the U.S.A. Statement of Interest and the

[992743-2]

2

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 4: TO EXCLUDE THE STATEMENT OF INTEREST BY THE UNITED STATES DEPARTMENT OF JUSTICE

U.S. DOJ letter regarding "Investigation of the State Correctional Institution at Cresson and Notice of Expanded Investigation" ("Cresson Letter") attached thereto, *see* Docket No. 4736-1.  The Cresson Letter is not offered for the truth of the factual findings it contains, and does not purport to present evidence as to current conditions in CDCR segregation units.  Consequently, the U.S.A. Statement of Interest is not subject to the Federal Rules of Evidence in the way a proffer of evidence by the parties would be.  The U.S.A. Statement of Interest and the Cresson Letter attached thereto instead provide explication of the United States' legal position regarding certain segregation conditions and practices it considers to violate the Eighth Amendment of the United States Constitution and Title II of the ADA.  For example, the Cresson Letter elucidates the United States' position that the following segregation practices and conditions may violate federal law:  prolonged periods in segregation without adequate mental health treatment (Cresson Letter at 2, 11-14); harsh segregation conditions that include treatment in a cage, minimal out-of-cell time, and extreme restrictions (*id.* at 14-16); the use of unnecessary force on mentally ill prisoners (*id.* at 16-20, 31); inappropriate use of segregation on prisoners with serious mental illness that the system cannot safely house in general population (*id.* at 24-25); and a high risk of decompensation, self-harm, and suicide resulting from the overuse of and conditions in segregation units (*id.* at 7-11).

The U.S. DOJ's "'statement of interest' . . . under 28 U.S.C. § 517 is comparable to an amicus brief because of its interest in ensuring a proper interpretation and application" of federal law.  *M.R. v. Dreyfus*, 663 F.3d 1100, 1117 (9th Cir. 2011).  The Ninth Circuit has recognized that the courts should afford the U.S. DOJ's position as to the interpretation and application of the ADA in particular "considerable respect," given the need to "defer to an agency's reasonable interpretation of its own statutorily authorized regulation." *Id.* (citing *Olmstead v. L. C. by Zimring*, 527 U.S. 581, 597-98 (1999) ("Because the Department [of Justice] is the agency directed by Congress to issue regulations implementing Title II [of the ADA], its views warrant respect.")).  Defendants' attempt to exclude the U.S. DOJ's statement, submitted to ensure a "proper interpretation and

[992743-2]

3

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 4:  TO EXCLUDE THE STATEMENT OF INTEREST BY THE UNITED STATES DEPARTMENT OF JUSTICE

1  application" of federal law, is improper and should be denied.[1]

2  In deciding Plaintiffs' motion, this Court will make factual findings as to whether
3  CDCR's use of segregation violates the federal rights of prisoners with mental illness
4  based on the evidence submitted by the parties and the Special Master.  The Court should
5  consider the Cresson Letter and its explication of the United States' legal position as to the
6  kinds of segregation practices and conditions that the federal government has found to
7  violate the federal rights of prisoners with mental illness.

**II.  THE U.S. DOJ'S STATEMENT OF INTEREST IS, IN ANY EVENT, RELEVANT TO THE COURT'S INQUIRY OF WHETHER CDCR'S SEGREGATION PRACTICES AND CONDITIONS VIOLATE THE RIGHTS OF *COLEMAN* CLASS MEMBERS, AND DOES NOT CONSTITUTE INADMISSIBLE HEARSAY**

11  As discussed *supra*, the U.S.A. Statement of Interest was submitted pursuant to the
12  federal government's independent statutory authority and provides useful guidance as to
13  the *legal* analysis this Court should follow, and thus is not subject to the Federal Rules of
14  Evidence in the way that evidence submitted by the parties would be.  For that reason
15  alone, it should not be excluded under Rules 401, 402, or 403, or under the hearsay rules,
16  as Defendants have argued.

17  Even if the Federal Rules of Evidence applied, the U.S.A. Statement of Interest,
18  including the Cresson Letter attached thereto, is admissible.  The U.S. DOJ's submission is
19  indisputably relevant to the Court's analysis of the evidence presented by the parties and
20  the Special Master regarding CDCR segregation practices and conditions.  The conditions
21  of segregated confinement examined in the Cresson Letter are similar to those under
22  consideration by this Court.  Moreover, Defendants' attempt to exclude the United States'

---

[1] The Court's consideration of the Cresson Letter, as requested in the U.S.A. Statement of Interest, may also be considered akin to the Court's taking judicial notice of the document, which is not subject to reasonable dispute given that it is (1) generally known or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  *See* Fed. R. Evid. 201(b).

submission as "unfairly prejudicial" because current CDCR Secretary Jeffrey Beard was the Secretary of the Department of Corrections for Pennsylvania for ten years should be rejected. The fact that Secretary Beard previously oversaw another state prison segregation system which the U.S. DOJ has found to violate the constitutional and ADA rights of prisoners with mental illness will not prevent this Court from deciding Plaintiffs' instant motion based on the evidence of CDCR's use of segregation units for CDCR prisoners with mental illness.

Finally, the factual findings presented in the Cresson Letter do not constitute inadmissible hearsay, because they are not offered for the truth of the matter asserted. *See* Fed. R. Evid. 801(c)(2). This Court should consider the U.S. DOJ's application of relevant Eighth Amendment and federal disability law, as described in the Cresson Letter, and need not decide whether any aspect of the U.S. DOJ's description of conditions in Pennsylvania's Cresson facility is factually true.

## CONCLUSION

Defendants have not identified any legitimate grounds to exclude the Statement of Interest filed by the United States Department of Justice, which has been properly submitted pursuant to the Attorney General's statutory authority under 28 U.S.C. § 517. Plaintiffs respectfully request that the Court deny Defendants' Motion *in Limine* No. 4.

DATED: November 12, 2013           Respectfully submitted,

                                   ROSEN BIEN GALVAN & GRUNFELD LLP

                                   By: */s/ Aaron J. Fischer*
                                       Aaron J. Fischer

                                   Attorneys for Plaintiffs

[992743-2]

5

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 4: TO EXCLUDE THE STATEMENT OF INTEREST BY THE UNITED STATES DEPARTMENT OF JUSTICE