1   KAMALA D. HARRIS
    Attorney General of California
2   JONATHAN L. WOLFF
    Senior Assistant Attorney General
3   JAY C. RUSSELL
    Supervising Deputy Attorney General
4   DEBBIE VOROUS, State Bar No. 166884
    PATRICK R. MCKINNEY, State Bar No. 215228
5   JESSICA KIM, State Bar No. 257766
    MANEESH SHARMA, State Bar No. 280084
6   Deputy Attorneys General
      455 Golden Gate Avenue, Suite 11000
7     San Francisco, CA  94102-7004
      Telephone:  (415) 703-3035
8     Fax:  (415) 703-5843
      E-mail:  Patrick.McKinney@doj.ca.gov
9
    *Attorneys for Defendants*
10
                    IN THE UNITED STATES DISTRICT COURT
11
                  FOR THE EASTERN DISTRICT OF CALIFORNIA
12
                           SACRAMENTO DIVISION
13

14

15   **RALPH COLEMAN, et al.,**               2:90-cv-00520 LKK JFM PC

16                          Plaintiffs,

17          v.                               **DEFENDANTS' OPPOSITION TO
                                             PLAINTIFFS' MOTION IN LIMINE TO
18   **EDMUND G. BROWN JR., et al.,**         EXCLUDE EXPERT DECLARATION
                                             AND TESTIMONY BY CHARLES L.
19                          Defendants.       SCOTT**

20
                                             Date:        November 19, 2013
21                                           Time:        9:00 a.m.
                                             Dept:        4
22                                           Judge:       The Honorable Lawrence K.
                                                          Karlton
23
                                             Action Filed:  1990
24

25

26

27

28

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.    INTRODUCTION.**

3        Plaintiffs' motion in limine seeking to exclude the declaration and testimony by the State's

4    psychiatric expert, Dr. Charles Scott, completely misses the mark on both the content of Dr.

5    Scott's declaration and the standard for admissibility of expert testimony.  Plaintiffs fail to

6    recognize that Dr. Scott's opinions address only (1) the quality of the analysis and methodology

7    employed by Plaintiffs and their witnesses, (2) the state of current research concerning the

8    impacts of segregation on mental health, and (3) whether CDCR policies regarding housing

9    mentally ill inmates in segregation are consistent with American Psychiatric Association

10    guidelines.  Further, despite Plaintiffs' heavy reliance on the report prepared by the State's

11    clinical experts in support of the termination motion, Plaintiffs' speciously and improperly

12    attempt to discredit Dr. Scott's work.  This attack is both disingenuous and irrelevant since Dr.

13    Scott's present declaration and testimony are unrelated to the termination report.

14    **II.    ARGUMENT.**

15        Plaintiffs' motion in limine is based on a fundamental misapprehension of the law

16    regarding the burden of proof and the admissibility of expert testimony.  The motion also ignores

17    the limited scope of Dr. Scott's declaration.  Under the PLRA, plaintiffs seeking prospective

18    relief bear the burden to prove a current and ongoing violation of a federal right.  *Hallet v.*

19    *Morgan,* 296 F.3d 743, 745 (9th Cir. 2002).  In their motion for affirmative relief, Plaintiffs

20    attempt to meet their burden primarily by relying on the declaration and testimony of Craig

21    Haney to argue that segregation, ipso facto, harms inmates' mental health.  Dr. Scott—a board

22    certified, clinical forensic psychiatrist with extensive experience in scientific research regarding

23    psychological phenomena experienced by offenders—critiques and rebuts this evidence.  Dr.

24    Scott is not, as Plaintiffs appear to believe, being offered to address the general conditions in

25    segregated housing units within the California Department of Corrections and Rehabilitation.

26        **A.    Dr. Scott's Declaration and Testimony Meet the Requirements of the**
              **Federal Rules of Evidence**

27

28

1

Federal Rule of Evidence 702, governing the admissibility of expert testimony, requires that "(1) the evidence has to 'assist the trier of fact' either 'to understand the evidence' or 'to determine a fact in issue' [and] (2) the witness has to be sufficiently qualified to render the opinion." *Primiano v. Cook*, 598 F.3d 558, 563 (9th Cir. 2010). Expert testimony which rebuts the conclusions, foundation, and analysis utilized by the opposing party's expert assists the trier of fact and is admissible. *See TC Sys. Inc. v. Town of Colonie, New York*, 213 F. Supp. 2d 171, 179 (N.D.N.Y. 2002).

Plaintiffs assert that Dr. Scott (1) lacks foundation for his testimony, (2) opines on studies with no application to the issues before the Court, and (3) lacks expertise to assist the fact finder. Plaintiffs' arguments ignore the thrust and scope of Dr. Scott's declaration, which addresses the analytical flaws, unconsidered scientific studies, and erroneous conclusions in Plaintiffs' evidence.[1] To wit, Dr. Scott clearly identifies the documents he reviewed and studies he relied on in formulating his opinion that Dr. Haney fails to establish a casual connection between segregated housing and psychological deterioration. (*See* ECF 4715, ¶¶ 6, 15-16, 21.) Dr. Scott specifically addresses the flaws in Dr. Haney's analysis and explains how Dr. Haney's conclusions are not supported by multiple scientific studies analyzing the impact of segregation on psychological conditions. (*Id.* ¶¶ 13-27.) Further, Dr. Scott bases his opinions concerning CDCR's policies on housing mentally ill inmates in segregated housing by comparing those policies to the American Psychiatric Association's guidelines. (*Id.* ¶¶ 29-30.)

Plaintiffs also misconstrue the import and purpose of the scientific studies cited by Dr. Scott. In an attempt to meet their burden of proof in seeking affirmative relief, Plaintiffs and their witness raised and relied on studies that do not stand up to modern scientific study. (ECF 4580 at 39; *see also* ECF 4581 at ¶¶ 8-12, 20-21.) The studies cited by Dr. Scott call into question not only Plaintiffs' analysis on segregated housing, but also the literature that served as the foundation for Dr. Haney's opinion. (ECF 4715 ¶¶ 15-27.) These studies and Dr. Scott's

---

[1] The need for qualified experts to address the studies and analysis provided by Plaintiffs is evidenced by their self acknowledged inability to understand that there are "research and experimental standards and methodologies generally accepted in the scientific community." *See,* Pls.' MIL at 3.

2

1   analysis of them are relevant to assist the trier of fact in determining whether Plaintiffs' opinion

2   evidence is scientifically supported and reliable, rather than conjecture and *post hoc* reasoning.

3       Dr. Scott's expertise to assist the fact finder in understanding this evidence is borne out by

4   Dr. Scott's training as a clinical forensic psychiatrist and extensive experience in conducting

5   scientific research regarding psychological phenomena experienced by offenders with mental

6   illnesses.  (*Id.* ¶15, Ex. 1.)

7       Plaintiffs' *ad hominem* attack on Dr. Scott is disingenuous and irrelevant.  Plaintiffs'

8   argument is frivolous in light of their own heavy reliance in the motion on the expert report

9   authored by Dr. Scott and the State's clinical experts in support of the termination motion.  (ECF

10  4275-5.)  Even if Plaintiffs were not relying on the report, Dr. Scott's expert opinions on the

11  present matter rebut Dr. Haney's opinions and do not reference or rely on the termination report.

12  (ECF 4715.)

## CONCLUSION

14      The Court should deny Plaintiffs' motion in limine because Dr. Scott's declaration and

15  testimony are necessary to assist the Court in evaluating the evidence proffered by Plaintiffs.

17  Dated:  November 12, 2013                              Respectfully Submitted,

18                                                         KAMALA D. HARRIS
                                                           Attorney General of California
19                                                         JAY C. RUSSELL
                                                           Supervising Deputy Attorney General

22                                                         /s/ Patrick R. McKinney
                                                           PATRICK R. MCKINNEY
23                                                         Deputy Attorney General
                                                           *Attorneys for Defendants*

24  CF1997CS0003

3