DONALD SPECTER – 083925
STEVEN FAMA – 099641
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LISA ELLS – 243657
LORI E. RIFKIN – 244081
AARON J. FISCHER – 247391
MARGOT MENDELSON – 268583
KRISTA STONE-MANISTA – 269083
ROSEN BIEN
GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830

JON MICHAELSON – 083815
JEFFREY L. BORNSTEIN – 099358
MEGAN CESARE-EASTMAN – 253845
RANJINI ACHARYA – 290877
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, California 94111-5994
Telephone: (415) 882-8200

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California 94104-4244
Telephone: (415) 864-8848

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>　　　　Defendants. | Case No. 2:90-CV-0520 LKK DAD<br><br>**PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE OR LIMIT IMPROPER TESTIMONY OFFERED BY NON-RETAINED WITNESSES AND TO COMPEL ADEQUATE DISCLOSURES**<br><br>Judge: Hon. Lawrence K. Karlton |

[1010724-1]

# INTRODUCTION

During the recently concluded evidentiary hearing on Death Row, Use of Force, and Disciplinary Measures, Defendants used their reliance on "party-affiliated" witnesses, whom they considered to be "non-retained experts," as an excuse to thwart the federal rules governing expert witnesses. In so doing, Defendants evaded their expert disclosure obligations, deprived Plaintiffs of a reasonable opportunity to cross-examine adverse expert witnesses, and compromised the Court's ability to fulfill its gatekeeping function.

In order to establish appropriate procedures regarding non-retained expert testimony that will eliminate unfair surprise and conserve court resources, Plaintiffs now bring this motion. Specifically, Plaintiffs hereby move the Court for an order to: (1) exclude or limit improper testimony offered by non-retained expert witnesses, *see* Fed. R. Evid. 701; Fed. R. Evid. 702; Fed. R. Evid. 703; and (2) require Defendants to comply with the expert disclosure requirements to ensure fairness, due process, and orderly trial management, *see* Fed. R. Civ. P. 26(a)(2); Fed. R. Civ. P. 37(c)(1).

# LEGAL STANDARDS

Courts must act as "gatekeepers" to ensure that expert testimony is both relevant and reliable. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589-90, 597 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999) (holding that Rule 702 of the Federal Rules of Evidence applies not only to "scientific" testimony, but to all expert testimony). A witness may only provide expert opinion testimony if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based upon sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

In addition to meeting the requirements under Rule 702, expert opinion must also meet the requirements set forth in Federal Rule of Evidence 703. An expert must base his or her opinion "on facts or data in the case that the expert has been made aware of or

1   personally observed." Fed. R. Evid. 703.

2   Given that "Federal Rules 702 and 703 grant expert witnesses testimonial latitude
3   unavailable to other witnesses on the assumption that the expert's opinion will have a
4   reliable basis in the knowledge and experience of his discipline," *Kumho Tire Co.*, 526
5   U.S. at 148 (internal quotation marks and citation omitted), the Federal Rules of Civil
6   Procedure impose important disclosure requirements for potential expert witnesses. For
7   example, a witness who is "retained or specially employed to provide expert testimony"
8   must provide a written report containing: (1) a complete statement of the expert's opinions
9   and their bases, (2) the information relied upon by the expert in forming the opinions,
10  (3) all exhibits to be used to summarize or support the opinions, (4) the expert's
11  qualifications and list of publications, (5) a list of cases in which the expert testified, and
12  (6) a statement of the expert's compensation. *See* Fed. R. Civ. P. 26(a)(2)(B).

13  Even for non-retained experts who need not provide a written report, however, the
14  Federal Rules of Civil Procedure mandate that the subject matter about which the expert is
15  expected to present evidence be disclosed in advance of the hearing. Fed. R. Civ. P.
16  26(a)(2)(C). In addition, a party must disclose a "summary of the facts and opinions" to
17  which the non-retained expert is expected to testify. *Id.* Although the information
18  required to be disclosed under Rule 26(a)(2)(C) is "less extensive than the report required
19  by Rule 26(a)(2)(B)," Fed. R. Civ. P. 26(a)(2) Advisory Comm. Note (2010), "[b]oth
20  the Rule 26(a)(2)(B) written report and the Rule 26(2)(C) disclosure share the goal of
21  increasing efficiency and reducing unfair surprise." *Robinson v. HD Supply, Inc.*, No. 12-
22  604, 2013 WL 3816009, *4 (E.D. Cal. July 19, 2013) (internal quotation marks and
23  citation omitted).

24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

[1010724-1]

# ARGUMENT

## I. THE COURT SHOULD EXCLUDE OR LIMIT IMPROPER TESTIMONY OFFERED BY NON-RETAINED EXPERT WITNESSES

### 1. "Party-Affiliated" Witnesses Who Have Not Been Formally Designated as "Experts" Should Not Be Permitted to Offer Specialized Opinions

Plaintiffs respectfully request that the Court exclude or give little or no weight to improper testimony offered by Defendants' non-retained expert witnesses.

Defendants' actions to date reflect a fundamental misunderstanding of the expert requirements set forth in the Federal Rules of Evidence and the Federal Rules of Civil Procedure. For example, on October 22, 2013, Defendants sought to tender Dr. Lindgren as an expert witness, despite the fact that he was never disclosed as such, because, according to Defendants' counsel, "Rule 26 [of the Federal Rules of Civil Procedure] does not require a party-affiliated witness to provide a written report." Tr. Re: Evidentiary Hr'g, Oct. 22, 2013 ("Tr.") at 742:21-22. Similarly, on October 31, 2013, Defendants elicited opinions from Dr. Wadsworth based on a previously undisclosed "study" of death row suicide rates despite failing to ask the Court to find that Dr. Wadsworth was qualified as an expert, as required by Federal Rule of Evidence 702, because, "[u]nder Rule 26 [of the Federal Rules of Civil Procedure] as a party employee who is tendering — presenting evidence as an expert, there is no requirement —." Tr. at 1573:9-11.

However, any witness who is asked to offer an opinion that is "based on scientific, technical, or other specialized knowledge" must satisfy the expert requirements set forth in Federal Rule of Evidence 702. *See* Fed. R. Evid. 702; *cf.* Fed. R. Evid. 701 (prohibiting lay witnesses from testifying "based on scientific, technical, or other specialized knowledge within the scope of Rule 702," and instead limiting lay testimony to that which is "rationally based on the witness's perception"). Otherwise, a party could evade Rule 702's requirements "by simply calling an expert witness in the guise of a layperson." *See* Fed. R. Evid. 701, Advisory Comm. Note (2000).

The mere fact that a "party-affiliated" witness may be deemed a "non-retained

[1010724-1]

3

PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE OR LIMIT IMPROPER TESTIMONY OFFERED BY NON-RETAINED WITNESSES AND TO COMPEL ADEQUATE DISCLOSURES

expert," and thus relieved of disclosing a written report, does not excuse the witness from complying with Rule 702. In *United States v. Figueroa-Lopez*, 125 F.3d 1241 (9th Cir. 1997), for example, the Ninth Circuit held that the government could not introduce specialized opinion testimony from law enforcement agents without designating the law enforcement agents as "experts."[1] As the Ninth Circuit explained, "[a] holding to the contrary would encourage the Government to offer all kinds of specialized opinions without pausing first properly to establish the required qualifications of their witnesses. The mere percipience of a witness to the facts on which he wishes to tender an opinion does not trump Rule 702." *Id*. at 1246. The same reasoning applies here.

In certain circumstances, such as in the case of a treating physician, a witness may take on a "hybrid" role as both a percipient witness and as an expert witness. Such a dual role, however, still requires satisfying the requirements set forth in Federal Rule of Evidence 702 and Federal Rule of Civil Procedure 26(a)(2). In *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817 (9th Cir. 2011), the Ninth Circuit explicitly considered the "hybrid expert" role for physicians and held that, while "a treating physician is [generally] a percipient witness of the treatment he rendered," *id.* at 824, "when a treating physician morphs into a witness hired to render expert opinions that go beyond the usual scope of a treating doctor's testimony, the proponent of the testimony must comply with [the expert disclosure requirements set forth in] Rule 26(a)(2)," *id*. at 819-20. *See also United States v. Urena*, 659 F.3d 903, 908 (9th Cir. 2011) (rejecting the idea that a doctor need not be designated as an expert witness simply "because a doctor's evaluation of an injury is intertwined with his judgment of what caused the injury," and agreeing with sister circuits that "a physician's assessment of the cause of an injury is [considered] expert testimony.").

---

[1] While the government in *Figueroa-Lopez* did not argue that the law enforcement agents were non-retained experts, they do appear to have been "party-affiliated" witnesses.

[1010724-1]

4
PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE OR LIMIT IMPROPER TESTIMONY OFFERED BY NON-RETAINED WITNESSES AND TO COMPEL ADEQUATE DISCLOSURES

1    Here, to the extent that Defendants seek to offer expert testimony from any "party-
2 affiliated" witness or non-retained expert, Defendants must designate the witness as an
3 expert. *See* Fed. R. Evid. 702; Fed. R. Civ. P. 26(a)(2). Any testimony based on
4 specialized knowledge that fails to satisfy these requirements should be forbidden. *See*
5 Fed. R. Evid. 701(c).

**B.    Non-Retained and "Party-Affiliated" Witnesses Must Satisfy Rule 702's Reliability Requirements**

8    Regardless of whether a non-retained, "party-affiliated" expert witness is excused
9 from disclosing a written report, *see* Fed. R. Civ. P. 26(a)(2)(B), such an expert must still
10 offer testimony that is relevant and reliable to be admissible. *See* Fed. R. Evid. 702;
11 *Daubert*, 509 U.S. at 597. "The burden of laying the proper foundation for the admission
12 of the expert testimony is on the party offering the expert, and admissibility must be shown
13 by a preponderance of the evidence." *Allison v. McGhan Medical Corp.*, 184 F.3d 1300,
14 1306 (11th Cir. 1999) (citing *Daubert*, 509 U.S. at 592 n.10).

15    In determining whether expert testimony is sufficiently reliable to be admitted into
16 evidence, a court must "make certain that [the] expert, whether basing testimony upon
17 professional studies or personal experience, employs in the courtroom the same level of
18 intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho*
19 *Tire Co.*, 526 U.S. at 152; *see also Elsayed Mukhtar v. Cal. State Univ., Hayward*, 299
20 F.3d 1053, 1063 (9th Cir. 2002) ("[T]he trial judge must ensure that 'junk science' plays
21 no part in the decision").[2] An opinion that is based on unsubstantiated speculation or a

---

[2] In assessing the reliability of a witness's proposed testimony, a court may consider factors such as whether a scientific theory or technique has been tested or subjected to peer review or publication, whether there is a known error rate, and whether the theory is generally accepted in the relevant scientific community. *See Daubert*, 509 U.S. at 593-94; *see also Kumho Tire*, 526 U.S. at 141 (holding that *Daubert's* factors also apply to testimony based on technical and specialized knowledge, not just scientific knowledge). While the testimony of a non-scientific or technical expert need not satisfy all of the factors first enumerated in *Daubert*, a court must still evaluate the reliability of any such testimony by probing the expert's knowledge and experience. *Hangarter v. Provident Life* (footnote continued)

[1010724-1]

5
PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE OR LIMIT IMPROPER TESTIMONY OFFERED BY NON-RETAINED WITNESSES AND TO COMPEL ADEQUATE DISCLOSURES

subjective belief fails to meet the requisite standards of reliability. *Daubert*, 509 U.S. at 590; *see Diviero v. Uniroyal Goodrich Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997) (finding expert testimony to be "unreliable and inadmissible" when an expert failed "satisfactorily to explain the reasoning behind his opinions," rendering his opinions "unsubstantiated and subjective"); *see also Cabrera v. Cordis Corp.*, 134 F.3d 1418, 1423 (9th Cir. 1998) (affirming district court's exclusion of testimony where design defect expert with Ph.D. in physical chemistry admitted that his testimony was based on "underground knowledge, untested and unknown to the scientific community.").

In this case, Defendants have already run afoul of the reliability standards set forth by Rule 702 and *Daubert*. First, Defendants' "party-affiliated" witnesses have sought to offer opinions based on un-tested studies that lack evidentiary reliability. For example, on October 24, 2013, Dr. Carter opined at the evidentiary hearing that "individuals … [who are] condemned are much higher functioning," Tr. at 1008:2-3, based simply on an "analysis" he conducted two days prior to the evidentiary hearing drawn from a sample size of six patients, *see* Tr. 1024:14-1025:10. This analysis was not tested, was not peer reviewed, and was not necessarily based on any representative sample. *See Daubert*, 509 U.S. at 593-94 (explaining that key factors to be considered by a court in determining whether scientific methodology is reliable include whether the theory or technique has been tested, whether it has been subjected to peer review and publication, and the known or potential rate of error). In fact, Dr. Carter himself recognized that his work could not constitute a "study." *See* Tr. at 1024: 15-16 ("It is not a study. I did an analysis of the patient .…"). As the Ninth Circuit stated in *Cabrera v. Cordis Corp.*, "[a]n opinion based on such unsubstantiated and undocumented information is the antithesis of the scientifically reliable expert opinion admissible under *Daubert* and Rule 702." 134 F.3d at 1423.

---

*& Acc. Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004).

1         Second, Defendants' "party-affiliated" witnesses have sought to offer opinions that
2 extend well beyond the scope of their personal knowledge or expertise.  For example, on
3 October 22, 2013, Dr. Lindgren testified that "use of force incidents [never] exacerbate
4 mental health conditions."  Tr. at 710:16-21.  Dr. Lindgren's support for this claim was
5 that, in conversations with patients at the Parole Outpatient Clinic, no patient specifically
6 mentioned this stressor to him.  *See* Tr. at  710:16-711:19.  Dr. Lindgren never adequately
7 explained, however, why these patient conversations provided a sufficient basis for his
8 broad conclusion.  *See* Fed. R. Evid. 702, Advisory Comm. Note (2000) (stating that a
9 witness explain why an experience is a sufficient basis for his or her opinion, and how that
10 experience is reliably applied to the facts of a case").  Essentially, Dr. Lindgren's
11 testimony was nothing more than mere speculation.  *See Daubert*, 509 U.S. at 590 (holding
12 that scientific knowledge "implies a grounding in the methods and procedures of science"
13 and requires "more than subjective belief or unsupported speculation").
14         Accordingly, Plaintiffs respectfully request that the Court exclude or limit
15 testimony offered by any of Defendants' witnesses, including non-retained, "party-
16 affiliated" witnesses, that extends beyond direct personal knowledge and fails to meet the
17 Rule 702 requirements for expert testimony.  *See* Fed. R. Evid. 702.  A treating clinician
18 may, for example, testify as to factual matters relating to patients on his or her caseload or
19 the prison unit in which he or she works, so long as it is based on personal knowledge.
20 However, "hybrid expert" testimony on such discrete matters may be permitted *only if* the
21 requirements of Rule 702 and *Daubert* are met.  Likewise, that same witness should not be
22 permitted to offer expert testimony on broader matters — such as other patients, units, or
23 programs, or the CDCR mental health care system as a whole — on which he or she lacks
24 adequate foundation or otherwise fails to meet Rule 702 requirements.  Such testimony is
25 improper, unfair, and wastes the Court's time.  Such testimony should also be excluded on
26 the basis that it is substantially more prejudicial than probative.  *See* Fed. R. Evid. 703,
27 403; *Daubert*, 509 U.S. at 595 ("Expert evidence can be both powerful and quite
28 misleading because of the difficulty in evaluating it.  Because of this risk, the judge in

[1010724-1]

7
PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE OR LIMIT IMPROPER TESTIMONY OFFERED BY
NON-RETAINED WITNESSES AND TO COMPEL ADEQUATE DISCLOSURES

weighing possible prejudice against probative force under Rule 403 of the present rules exercises more control over experts than over lay witnesses.") (internal quotation marks and citation omitted).

## II. DEFENDANTS SHOULD NOT BE PERMITTED TO OFFER EXPERT TESTIMONY ABSENT PROPER ADVANCE DISCLOSURE

### A. The Court Should Ensure that the Parties Are Provided Adequate Notice of Any Expert Testimony

For any expert witness or "hybrid expert" witness whom Defendants intend to use at the evidentiary hearing on mentally ill prisoners in segregation, Plaintiffs also request that the Court order Defendants to provide proper disclosures *at least* one week in advance of their testimony.

While Federal Rule of Civil Procedure 26(a)(2)(D) generally requires such a disclosure to be made "at least 90 days before the date set for trial," Fed. R. Civ. P. 26(a)(2)(D)(i), or, if the evidence is intended solely as rebuttal evidence, then "within 30 days after the other party's disclosure," Fed. R. Civ. P. 26(a)(2)(D)(ii), the Federal Rules also permit the Court to determine when a party should make such disclosures. *See* Fed. R. Civ. P. 26(a)(2)(D) (stating that "[a] party must make these [Rule 26(a)] disclosures at the time and in the sequence *that the court orders*," and setting the 90 and 30 day deadlines as default deadlines "[a]bsent a stipulation *or a court order*") (emphasis added). For purposes of the instant proceeding, one week notice is necessary and sufficient to provide Plaintiffs a reasonable opportunity to review the facts underlying any proposed expert testimony, to depose the witness if necessary, and to prepare an effective cross-examination. *See* Fed. R. Civ. P. 26(a)(2) Advisory Comm. Note (1993)).

### B. The Court Should Order Proper Disclosure of Proposed Non-Retained Experts' Opinions and Factual Bases

Defendants' previous failures to disclose proposed expert witness testimony have centered around the use of "party-affiliated," non-retained expert witnesses. For such proposed experts, Plaintiffs request that the Court order Defendants to provide a summary of the subject matter of any non-retained expert's anticipated testimony, as well as "a

[1010724-1]

8

PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE OR LIMIT IMPROPER TESTIMONY OFFERED BY NON-RETAINED WITNESSES AND TO COMPEL ADEQUATE DISCLOSURES

summary of the facts and opinions to which the [non-retained expert] witness is expected to testify," Fed. R. Civ. P. 26(a)(2)(C). In addition, Plaintiffs request the opportunity to depose any non-retained expert witnesses and to be afforded access to the underlying documents and data that they rely upon to form their opinions. *See* Fed. R. Civ. P. 26(b)(4)(A) ("A party may depose any person who has been identified as an expert whose opinions may be presented at trial."); *see also* Fed. R. Civ. P. 37(c)(1)(C) (empowering a court to impose appropriate sanctions for failure to timely comply with Rule 26(a)'s disclosure requirements).

Plaintiffs recognize that Rule 26 creates a distinction between experts who are "retained or specially employed to provide expert testimony in the case," and must therefore provide a written report, and non-retained experts. *Compare* Fed. R. Civ. P. 26(a)(2)(B), *with* Fed. R. Civ. P. 26(a)(2)(C). While this means that not all expert testimony requires disclosure of a full expert report, *see Torres v. City of Los Angeles*, 548 F.3d 1197, 1214 (9th Cir. 2008), courts have evaluated Rule 26(a)'s reporting requirement based on the underlying purpose of the reporting requirements, as well as the manner in which an expert witness acquired the knowledge upon which he or she has formed an opinion. *See, e.g.*, *Downey v. Bob's Discount Furniture Holdings, Inc.*, 633 F.3d 1, 6 (1st Cir. 2011) ("In order to give the phrase 'retained or specially employed' any real meaning, a court must acknowledge the difference between a percipient witness who happens to be an expert and an expert who without prior knowledge of the facts giving rise to litigation is recruited to provide expert opinion testimony."); *United States v. Sierra Pacific Industries*, No. 09-2445, 2011 WL 2119078, *4 (E.D. Cal. May 26, 2011) ("The distinguishing characteristic between expert opinions that require a report and those that do not is whether the opinion is based on information the expert witness acquired through percipient observations or whether, as in the case of retained experts, the opinion is based on information provided by others or in a manner other than by being a percipient witness to the events in issue.").

The Ninth Circuit's analysis in *Goodman v. Staples The Office Superstore, LLC*,

[1010724-1]

9

PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE OR LIMIT IMPROPER TESTIMONY OFFERED BY NON-RETAINED WITNESSES AND TO COMPEL ADEQUATE DISCLOSURES

644 F.3d 817 (9th Cir. 2011), is instructive. The Ninth Circuit noted in *Goodman* that, although treating physicians are generally not subject to the written report requirement, such an exemption only applies "to the extent that [a treating physician's] opinions were formed during the course of treatment." *Id*. at 826. That is, Rule 26 does not permit a treating physician to testify to "virtually anything," including "matters beyond treatment rendered," without disclosing an expert report. *Id.* at 824-825. This Court has itself recognized this important distinction. *See Armatis v. Owens-Brockway Glass Container, Inc.*, No. 08-2538-LKK, 2010 WL 148692, at *2 (E.D. Cal. Jan. 14, 2010) ("[A] treating physician must be disclosed as an expert. If the physician will provide expert testimony regarding opinions formed other than in the scope of treatment, an expert report is required. If not, no expert report is necessary.").

In the instant proceeding, a written report should be required for any expert witness who intends to offer opinions not based on percipient observations but, instead, based on facts provided by others or in a manner other than by being a percipient witness to the events at issue. For any expert witness legitimately subject only to Rule 26's "non-retained expert" disclosure requirements, the Court should require Defendants to disclose all "facts and opinions to which the [witness] is expected to testify," as required by Rule 26(a)(2)(C), to produce underlying documents and data, and to make such a witness available for deposition, as necessary. Disclosure should be required at least one week in advance of the witness's testimony, so that Plaintiffs will be afforded a reasonable opportunity to review the testimony and prepare to cross-examine such a witness.[3]

---

[3] As the Tenth Circuit stated in *Watson v. United States*, 485 F.3d 1100, 1108 (10th Cir. 2007), even if a non-retained expert witness is not required to provide a formal report:

> [T]he Federal Rules of Civil Procedure *do* supply other mechanisms … for extracting the views of an expert witness …; sandbagging is not necessarily inevitable. Generally all witnesses, regardless of their status, must be identified, with their contact information, in a party's Rule 26(a)(1)(A) disclosures. Moreover, parties must also disclose, inter alia, a copy or location of "all documents, electronically stored information,
> (footnote continued)

C. **The Court Should Exclude Testimony that Fails to Comply with the Rule 26 Disclosure Requirements**

Generally, if a party fails to comply with the Rule 26(a) provisions, "the party is not allowed to use the witness to supply evidence at trial unless it establishes that the failure was substantially justified or is harmless." *Goodman*, 644 F.3d at 826; Fed. R. Civ. P. 37(c)(1). "In addition to or instead of this sanction," a court, "on motion and after giving an opportunity to be heard," may impose other sanctions that the Court deems appropriate, *see* Fed. R. Civ. P. 37(c)(1)(a) (citing, as examples, the sanctions listed in Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi)). The party facing sanctions bears the burden of proving to the Court that its failure to disclose the required information was substantially justified or is harmless. *Torres*, 548 F.3d at 1213. District courts have wide discretion to issue discovery sanctions for violations of the disclosure requirements set forth in Federal Rule of Civil Procedure 26(a). *See R&R Sails, Inc. v. Insurance Co. of Pennsylvania*, 673 F.3d 1240, 1245 (9th Cir. 2012); *see also Bollow v. Fed. Reserve Bank of S.F.*, 650 F.2d 1093, 1102 (9th Cir. 1981).

To the extent that Defendants fail to comply with any of the Rule 26(a) disclosure requirements, Plaintiffs request that the Court exclude expert witness testimony or prescribe other appropriate sanctions to prevent unfair prejudice to Plaintiffs. *See* Fed. R. Civ. P. 37(c)(1).

---

and tangible things that are in possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment." Fed. R. Civ. P. 26(a)(1)(B). A party's failure to comply with these provisions, including with respect to its employees who … serve as expert witnesses, can result in the exclusion of witnesses and other sanctions. Fed. R. Civ. P. 37(c)(1). Likewise, all witnesses are subject to deposition, individual document demands, and other discovery the court deems necessary and appropriate. And, of course, as the Advisory Committee Notes indicate, … district courts are empowered to go above and beyond what the Rules prescribe and, in appropriate circumstances, may require expert reports even from individuals [who do not qualify as retained experts].

[1010724-1]

11
PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE OR LIMIT IMPROPER TESTIMONY OFFERED BY NON-RETAINED WITNESSES AND TO COMPEL ADEQUATE DISCLOSURES

**CONCLUSION**

In order to ensure fairness, due process, and orderly trial management at the upcoming evidentiary hearing, Plaintiffs request that the Court exclude or limit improper testimony offered by non-retained experts, including "party-affiliated" witnesses, that fails to satisfy the requirements of Federal Rules of Evidence 403, 702, and 703. In addition, Plaintiffs request that the Court exclude any non-retained expert witness opinions that are not properly disclosed at least seven days prior to the expert's testifying at the evidentiary hearing. Disclosures for any non-retained expert shall include the subject matter of the testimony, including a summary of the facts and opinion on which the non-retained expert is expected to testify, and any underlying data and documents. Finally, Plaintiffs request the opportunity to depose any non-retained expert witness, if necessary, prior to the date of the witness's testimony in court.

DATED: November 12, 2013        Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Michael W. Bien*
    Michael W. Bien

Attorneys for Plaintiffs

[1010724-1]

12
PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE OR LIMIT IMPROPER TESTIMONY OFFERED BY NON-RETAINED WITNESSES AND TO COMPEL ADEQUATE DISCLOSURES