


DONALD SPECTER – 083925
STEVEN FAMA – 099641
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California  94710-1916
Telephone:   (510) 280-2621

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LORI E. RIFKIN – 244081
AARON J. FISCHER – 247391
MARGOT MENDELSON – 268583
KRISTA STONE-MANISTA – 269083
ROSEN BIEN GALVAN &
GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California  94104-1823
Telephone:   (415) 433-6830

JON MICHAELSON – 083815
JEFFREY L. BORNSTEIN – 099358
LINDA L. USOZ – 133749
MEGAN CESARE-EASTMAN – 253845
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, California  94111-5994
Telephone:   (415) 882-8200

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California  94104-4244
Telephone:   (415) 864-8848

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>EDMUND G. BROWN, Jr., et al.,<br><br>　　　　Defendants. | Case No. Civ S 90-0520 LKK-JFM<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR ENFORCEMENT OF COURT ORDERS AND AFFIRMATIVE RELIEF RELATED TO MENTAL HEALTH CARE FOR THE CONDEMNED**<br><br>Judge:　Hon. Lawrence K. Karlton<br>Date:　　October 1, 2013<br>Time:　　10:30 a.m.<br>Crtrm.:　4 |

[1016197-1]

[PROPOSED] ORDER GRANTING MOTION FOR ENFORCEMENT OF COURT ORDERS AND AFFIRMATIVE RELIEF RELATED TO MENTAL HEALTH CARE FOR THE CONDEMNED

Plaintiffs' Motion for Enforcement of Court Orders and Affirmative Relief Regarding Inpatient Psychiatric Hospitalization for Condemned Inmates came on for an evidentiary hearing before this Court on October 1, 2013.  The Court having considered seven days of live testimony, documentary exhibits and closing argument and post-trial briefing, and the entire record in this case, and good cause appearing, Plaintiffs' motion is GRANTED.  The Court finds that constitutional violations persist such that Defendants continue to subject *Coleman* class members on death row to harm and serious risk of harm (1) by failing to provide necessary and appropriate access to inpatient psychiatric hospitalization, (2) by failing to provide appropriate mental health treatment for death row prisoners housed at San Quentin and (3) by failing to adequately screen prisoners on death row for mental illness.  Each individual remedial order set forth below is narrowly tailored and is the least intrusive means necessary to ensure members of the *Coleman* plaintiff class access to timely and clinically appropriate inpatient mental health care.  In light thereof, it is hereby ORDERED THAT:

1. <u>Access of Death Row Inmates to Inpatient Psychiatric Hospitalization at the ICF level of care</u>:  Defendants shall immediately rescind any policies, procedures, or practices prohibiting or restricting referrals and transfers of death row inmates to ICF level of inpatient psychiatric hospitalization.  Defendants, CDCR and DSH, shall establish, within 60 days, a licensed ICF program for the condemned at San Quentin, CMF, SVPP or Stockton, of sufficient size to meet the need for that level of care for death row inmates.

2. <u>Full Acute Psychiatric Program Access for the Condemned, Without Custodial Barriers to Full Participation</u>:  The Special Master shall be directed to investigate, monitor, and report within sixty days on Defendants' policies, procedures, and practices for the treatment of condemned patients in need of acute inpatient psychiatric hospitalization at the Vacaville Psychiatric Program operated by the Department of Mental Health.  The report shall specifically address and make recommendations concerning the necessity and reasonableness of current custodial restrictions on housing, treatment and participation by the condemned in all of the programs and services afforded to non-death

[1016197-1]

1

[PROPOSED] ORDER GRANTING MOTION FOR ENFORCEMENT OF COURT ORDERS AND AFFIRMATIVE RELIEF RELATED TO MENTAL HEALTH CARE FOR THE CONDEMNED

row prisoners treated in the acute program, as well as on alternatives to those measures that will permit and encourage full participation of condemned prisoners in the treatment programs and activities there, including, but not limited to, group treatment, yard, and the step incentive program.

3. <u>San Quentin OHU Specialized Care for the Condemned Program</u>: The Special Master is directed to investigate, monitor, and report within sixty days on current use of MHCB or OHU beds at San Quentin for the provision of mental health care to ensure that any such usage is safe, appropriate and is consistent with licensing standards or able to be made consistent with such standards. The Special Master shall consult with the *Plata* Receiver and defendants in order to determine whether the 10-bed mental health OHU, established in 2013, is an appropriate use for these beds, threatens the license, or otherwise restricts access to medical care at San Quentin. The Special Master's investigation and report on this issue shall include a recommendation as to whether this program should be maintained as an enhanced EOP program at San Quentin even after an intermediate inpatient program is established, given the high clinical acuity of the condemned prisoners there and the current high rate of suicide among the condemned.

4. <u>Screening</u>: Defendants, in conjunction with the Special Master's team, shall evaluate each *Coleman* class member currently on death row within 21 days to determine if a transfer to a higher level of care is appropriate. Defendants and the Special Master's team shall jointly develop a protocol and screening tool for use with all of the condemned in order to conduct a joint assessment of all prisoners on death row for identification of mental health needs that have not yet been identified. The joint assessment of condemned prisoners for such needs shall be completed within 90 days. Defendants shall also prepare, with the approval of the Special Master, a policy for regular mental health screenings of condemned prisoners, at appropriate intervals.

5. <u>EOP and CCCMS Care for the Condemned</u>: The Special Master is directed to investigate, monitor, and report within sixty days on the adequacy of the treatment programs for the condemned at the EOP and CCCMS levels of care at San Quentin. His

1  investigations shall include whether or not all three current condemned units should be
2  treated as segregation units for the purposes of determining the frequency of custodial
3  rounding, psychiatric technician rounding, and other clinical contacts at all levels of care.
4  His investigation shall also include and report on whether or not defendants are delivering
5  adequate levels of structural therapeutic activity to EOP prisoners, and on whether a
6  separate, sheltered treatment area should be created for condemned EOP prisoners on East
7  Block and in the Adjustment Center.
8        6.    Reporting Mechanisms Regarding Mental Health Care for the Condemned:
9  Defendants are hereby ordered to report the following data regarding prisoners on death
10 row: (1) include all condemned prisoners, whether "Grade A" or "Grade B," including
11 East Block and North Seg, in the regular reporting that this Court has previously ordered
12 for inmates in segregation units, and to clearly indicate the portion(s) of such report(s) that
13 concern condemned inmates; (2) include and identify all condemned prisoners in the
14 regular reporting that this Court has previously ordered regarding access to inpatient care,
15 including reporting on lengths of waitlists for such care and lengths of stay, and to clearly
16 indicate the portion(s) of such report(s) that concern condemned inmates; and (3) provide
17 specific statistical data each month to the Special Master regarding the numbers of
18 condemned inmates in the MHSDS at every level of care, including those in the
19 Specialized Care for the Condemned Program.
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

1  The Court finds that these orders are necessary to correct ongoing constitutional violations in the delivery of adequate mental health care to plaintiff class members and these orders extend no further than necessary to correct these violations.  In light of this Court's prior orders, its long history in this case of overseeing DSH care, inpatient waiting lists, and inpatient hospital programs, and the need for further orders to enforce the remedy in this case, including access to adequate inpatient psychiatric treatment, these orders are narrowly drawn and the least intrusive means to remedy the violations in this case.

DATED: _____, 2013

_____
Lawrence K. Karlton
Senior Judge of the United States District Court

4
[PROPOSED] ORDER GRANTING MOTION FOR ENFORCEMENT OF COURT ORDERS AND AFFIRMATIVE RELIEF RELATED TO MENTAL HEALTH CARE FOR THE CONDEMNED

[1016197-1]