1  KAMALA D. HARRIS, State Bar No. 146672
   Attorney General of California
2  JAY C. RUSSELL, State Bar No. 122626
   Supervising Deputy Attorney General
3  PATRICK R. MCKINNEY, State Bar No. 215228
   Supervising Deputy Attorney General
4  DEBBIE J. VOROUS, State Bar No. 166884
   JESSICA S. KIM, State Bar No. 257766
5  Deputy Attorney General
    455 Golden Gate Avenue, Suite 11000
6   San Francisco, CA  94102-7004
    Telephone:  (415) 703-5717
7   Fax:  (415) 703-5843
    E-mail:  Jay.Russell@doj.ca.gov
8  *Attorneys for Defendants*

9

IN THE UNITED STATES DISTRICT COURT

10

FOR THE EASTERN DISTRICT OF CALIFORNIA

11

SACRAMENTO DIVISION

12

13

| | |
|---|---|
| 14  **RALPH COLEMAN, et al.,** | 2:90-cv-00520 LKK DAD PC |
| 15                    Plaintiffs, | **OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE OR** |
| 16            v. | **LIMIT IMPROPER TESTIMONY OFFERED BY NON-RETAINED,** |
| 17  **EDMUND G. BROWN JR., et al.,** | **WITNESSES AND TO COMPEL ADEQUATE DISCLOSURES** |
| 18                    Defendants. | |

19

20                              **INTRODUCTION**

21        Plaintiffs have moved in limine to exclude or limit expert opinion testimony of Defendants'

22  employee-witnesses during the upcoming hearing regarding Segregation.  Defendants have

23  already notified Plaintiffs of the employee-witnesses they plan to call during the Segregation

24  hearing.  Defendants will call additional witnesses only if—during the hearing—Plaintiffs'

25  experts assert opinions, or rely on facts or data, that were not included in their expert reports or

26  were submitted in untimely expert reports.  Unfortunately, Plaintiffs have already signaled their

27  intention to elicit this type of testimony, even though it would violate Federal Rule of Civil

28  Procedure 26.  If the Court permits Plaintiffs' experts to assert opinions, or rely on facts and data

1

1    that were not included in their expert reports, the Court should allow Defendants' employee-

2    witnesses to offer rebuttal testimony.

3        In the spirit of cooperation and in an effort to save judicial resources, Defendants offered to

4    stipulate to Plaintiffs' request to provide disclosures of non-retained experts one week prior to

5    calling any such witness and to provide Plaintiffs with an opportunity to depose any such

6    witnesses. (Russell Decl. ¶ 5, Ex. C.) Defendants' proposed stipulation included language that

7    stated that Plaintiffs would not oppose a continuance of the evidentiary hearing if necessary to

8    comply with the stipulation. (*Id.*) Plaintiffs refused to agree with this part of the stipulation, even

9    after Defendants explained that such an agreement was necessary given the imminent

10    Thanksgiving holiday and counsel's demands while presenting Defendants' case in chief.

11    (Russell Decl. ¶ 7, Ex. E.) Accordingly, this motion is now before the Court. The narrow issue

12    that remains for the Court is whether the evidentiary hearing should, if necessary, be altered to

13    allow time for the depositions of employee-witnesses.

14                       **ARGUMENT**

15    **I.**    **DEFENDANTS DO NOT OPPOSE PLAINTIFFS' REQUEST TO DISCLOSE EMPLOYEE-**
**WITNESSES AND MAKE THEM AVAILABLE FOR DEPOSITIONS; HOWEVER,**
16    **DEFENDANTS ASK THAT THE COURT ADJUST THE HEARING SCHEDULE IF**
**NECESSARY IF PLAINTIFFS DEMAND DEPOSITIONS.**
17

18        Defendants offered to stipulate that if they planned to elicit expert testimony from an

19    employee-witness, they would provide a written disclosure a week in advance of the witnesses'

20    testimony. (Russell Decl. ¶ 5, Ex. C.) Further, Defendants offered to stipulate that the employee-

21    witness would be made available for deposition. (Russell Decl. ¶ 5, Ex. C.) Defendants'

22    proposed stipulation essentially granted all the requests Plaintiffs made in their motion in limine.

23    Defendants only asked that Plaintiffs stipulate to alter the evidentiary hearing schedule if

24    necessary to accommodate a deposition of an employee-witness. (Russell Decl. ¶ 5, Ex. C.)

25    Plaintiffs refused to agree to this request, even after Defendants explained that a deposition could

26    not be scheduled during the Thanksgiving holiday or when Defendants are presenting their case

27    in court. (Russell Decl. ¶ 7, Ex. E.)

28

1    Defendants thus ask this Court to grant their request, and order that if necessary to

2    accommodate a deposition, the evidentiary hearing schedule may be adjusted.

3    **II.    PLAINTIFFS' VIOLATIONS OF RULE 26 MAY REQUIRE REBUTTAL TESTIMONY.**

4    Plaintiffs' motion in limine urges the Court to strictly apply the disclosure requirements of

5    Federal Rules of Civil Procedure 26 to Defendants' witnesses, but not their own witnesses.

6    Plaintiffs allege that during the Use of Force and San Quentin hearings, Defendants violated Rule

7    26 by not properly disclosing the expert testimony of their employee-witnesses.  Noticeably

8    absent from Plaintiffs' characterization of the past hearings is any admission that their own

9    experts presented new, undisclosed testimony during the hearing, thus violating Rule 26.  During

10   the past two hearings, Plaintiffs (1) submitted expert declarations on the eve of the hearing in

11   violation of Federal Rule of Civil Procedure 26(a)(2)(D)(i) which requires expert reports to be

12   submitted ninety days before a hearing; and (2) had their experts offer opinions, and rely on facts

13   and data, not included in their expert reports in violation of Rule 26(a)(2)(B)(i)-(ii).  Plaintiffs'

14   experts offered testimony that Defendants heard for the first time in the courtroom.  As a result,

15   Defendants were obligated to present rebuttal testimony from employee-witnesses.[1]

16   For the upcoming hearing on Segregation, Plaintiffs' expert declarations are already

17   untimely under Rule 26(a)(2)(D)(i).  Plaintiffs have submitted untimely declarations for Dr.

18   Stewart, Dr. Kaufman, and Dr. Austin.  (ECF No. 4840 [Dr. Stewart's supplemental declaration

19   submitted on September 27, 2013]; ECF No. 4762 [Dr. Austin' declaration submitted on August

20   23, 2013]; ECF No. 4766-3 [Dr. Kaufman's declaration submitted on September 23, 2013].)

21   Plaintiffs have also signaled their intention to further violate Rule 26 during the hearing.  On

22   November 15, 2013, Plaintiffs sent an email to Defendants identifying twenty-three inmates that

23   Plaintiffs' experts plan to  discuss during the Segregation hearing.  (Russell Decl. ¶ 2, Ex. A.)  In

24   that email, Plaintiffs admit their experts will rely on "record updates[.]"  To the extent Plaintiffs'

25   expert testimony relies on "records updates," it will violate Rule 26, which requires an expert

26   [1] Plaintiffs' motion in limine does not ask the Court to retroactively exclude the expert
testimony of Defendants' employee-witnesses presented during the Use of Force and San Quentin
27   hearings.  Should Plaintiffs request exclusion of testimony from the concluded hearings,
Defendants ask the Court grant them time to submit a written opposition.

28

3

1    report to include the facts or data an expert relies on in forming an opinion.  FRCP26(a)(2)(B)(ii).

2    In addition, on November 17, 2013, Plaintiffs' counsel sent Defendants a chart of exhibits they

3    intend to use during Plaintiffs' direct testimony of Craig Haney.  (Russell Decl. ¶ 3, Ex. B.)  This

4    chart includes a section entitled "Additional Materials Reviewed by Plaintiffs' Expert Craig

5    Haney."  (*Id.*)  This chart clearly demonstrates Plaintiffs' intention to violate Federal Rule of

6    Civil Procedure 26(a)(2(B)(ii) by eliciting testimony from Dr. Haney that relies on facts and data

7    not included in his report.

8        Under Rule 26 and Rule 37, the Court should preclude Plaintiffs experts from testifying

9    about opinions that were not in their expert reports, or relying on facts and data that were not in

10    their reports.  Fed. R. Civ. Proc. 26(a)(2)(B) & 37(c).  But if this testimony is allowed, fairness

11    dictates that Defendants be given an opportunity to offer rebuttal evidence..

12        Exclusion is not the proper remedy for failing to disclose a witness under Rule 26(a) if the

13    failure to disclose is "substantially justified or harmless."  Fed. R. Civ. P. 37(c)(1); *Yeti by Molly,*

14    *Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).  Here, to the extent

15    Plaintiffs' experts offer opinions, or rely on facts or data, not contained in their expert reports or

16    submitted in untimely expert reports, Defendants submission of rebuttal testimony by employee-

17    witnesses is substantially justified and should not be excluded.

18                            **CONCLUSION**

19        The Court should deny, in part, Plaintiffs' motion in limine.  Defendants do not oppose an

20    order requiring disclosure of employee-witnesses who will provide expert testimony a week in

21    advance of their testimony.  Nor do they oppose permitting making these witnesses available for

22

23

24

25

26    / / /

27    / / /

28    / / /

4

deposition.  However, Defendants respectfully request that the Court permit the adjustment of the hearing schedule if necessary to accommodate such depositions.

Dated:  November 18, 2013

Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California

/s/ Jay C. Russell

JAY C. RUSSELL
Supervising  Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003

Opp. To Pls.' Mot. In Limine to Exclude or Limit Improper Testimony Offered by Non-Retained Witnesses and to
Compel Adequate Disclosures (2:90-cv-00520 LKK DAD PC)