KAMALA D. HARRIS
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
JAY C. RUSSELL
Supervising Deputy Attorney General
DEBBIE VOROUS, State Bar No. 166884
PATRICK R. MCKINNEY, State Bar No. 215228
JESSICA KIM, State Bar No. 257766
MANEESH SHARMA, State Bar No. 280084
Deputy Attorneys General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102
 Telephone: (415) 703-5717
 Fax: (415) 703-5843
 E-mail: Jay.Russell@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EDMUND G. BROWN JR., et al.,<br><br>Defendants. | 2:90-cv-00520 LKK DAD PC<br><br>**DECLARATION OF JAY C. RUSSELL IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION IN LIMINE TO EXCLUDE OR LIMIT IMPROPER TESTIMONY OFFERED BY NON-RETAINED WITNESSES AND TO COMPEL ADEQUATE DISCLOSURES** |

I, Jay Russell, declare as follows:

1. I am a Supervising Deputy Attorney General with the California Office of the Attorney General, attorneys of record for Defendants in this case, and I am licensed to practice in this Court. I have personal knowledge of the facts stated in this declaration and if called on to testify to those facts, could and would do so competently. I submit this declaration in support of Defendants' Opposition to Motion In Limine to Exclude or Limit Improper Testimony Offered by Non-Retained Witnesses and to Compel Adequate Disclosures.

2. On November 15, 2013, Plaintiffs' counsel sent our office an email identifying twenty-three inmates that Plaintiffs' experts intended to discuss during the evidentiary hearing scheduled to begin November 19. In that email, Plaintiffs admitted that their experts would rely on "record updates." This ostensibly means that these experts will be providing testimony during the hearing for the first time on subjects that were neither included in their past declarations nor in testimony provided earlier in this litigation. A true and correct copy of Plaintiffs' counsel's email is attached as Exhibit A.

3. Similarly, on the evening of November 17, 2013, Plaintiffs' counsel sent our office an email attaching a chart of exhibits Plaintiffs intend to use during their direct examination of Craig Haney beginning November 19. As above, this chart shows that Mr. Haney intends to testify concerning "additional materials," testimony that Defendants have never been able to examine via discovery. A true and correct copy of this email and the attached chart are attached as Exhibit B.

4. Because Defendants have only some understanding about what Plaintiffs' experts intend to discuss during their direct examination, they can presently only speculate about what testimony may be needed in rebuttal. Defendants anticipate, however, that Plaintiffs' experts' testimony may need to be responded to by inmates' treating clinicians.

5. On November 16, 2013, I sent an email message to Plaintiffs' counsel, essentially agreeing to their requests concerning disclosures of party-affiliated, non-retained experts, submission of disclosures, and production of underlying documents and data. A true and correct copy of my November 15, 2013 email and proposed stipulation is attached as Exhibit C.

1

Kim Decl. in Supp. of Defs.' MIL No. 8: To Exclude the Testimony of Pablo Stewart
(2:90-cv-00520 LKK DAD PC)

6. Plaintiffs' counsel's responded that while they were in agreement with everything they had demanded, any provisions in the stipulation that witness schedules might need to be accommodated to complete depositions before testimony "have to go." A true and correct copy of Plaintiffs' counsel's responses is attached as Exhibit D.

7. On November 16, 2013, Plaintiffs' counsel sent a revised stipulation, essentially omitting any language concerning accommodations of any witness's schedule, and reiterating their demands for disclosures and depositions. On November 18, 2013, I again contacted Plaintiffs' counsel, explaining that the stipulation was intended to accommodate the reality of attempting to schedule depositions during either the Thanksgiving holiday or during Defendants' case in chief on the evidentiary hearing. Plaintiffs' counsel response was that the State has "sufficient attorneys" to get this done, and that the witnesses should be expected to appear for deposition during the Thanksgiving holiday. True and correct copies of my email messages to Plaintiffs' counsel, and counsel's responses, are attached as Exhibit E.

8. Given the above, the only dispute remaining between the parties is whether witness schedules should be accommodated given the impending Thanksgiving holiday and the availability of defense counsel to appear at depositions during the same period that Defendants are attempting to present their case in chief at the evidentiary hearing.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed in San Francisco, California on November 18, 2013.

/s/ Jay C. Russell
Jay C. Russell

CF1997CS0003

2

Kim Decl. in Supp. of Defs.' MIL No. 8: To Exclude the Testimony of Pablo Stewart
(2:90-cv-00520 LKK DAD PC)