# EXHIBIT C

**From:** Jay Russell [mailto:Jay.Russell@doj.ca.gov]
**Sent:** Friday, November 15, 2013 5:22 PM
**To:** Michael W. Bien
**Cc:** Aaron Fischer; Debbie Vorous; Patrick McKinney; Jessica Kim; Maneesh Sharma
**Subject:** Coleman - Motion in Limine re Non-Retained Expert Witnesses

Mike –

As we discussed during our conversation earlier this week, Defendants agree that if a party-affiliated witnesses is expected to provide expert testimony as defined by Federal Rules of Evidence 702 and 703, a statement on the subject matter of that testimony must be provided, together with a summary of the facts and opinions to which the witness is expected to testify. As requested by Plaintiffs' motion in limine, to the extent Defendants expect any such testimony will be offered, they will provide a statement, and underlying data and documents supporting the opinion, seven days in advance of calling any such witness. Defendants will also make the witness available for deposition, if necessary. Defendants would also produce any underlying data and documents supporting the opinions with that statement.

Assuming we are in agreement on these issues, I have prepared a stipulation and proposed order. Please let me know if this is acceptable, or if there are any needed changes.

Thanks for your attention to this matter. Because Defendants are presently required to respond to Plaintiffs' motion in limine on Monday, I ask that you respond before noon on Monday November 18.

Jay C. Russell
Supervising Deputy Attorney General
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
415.703.5717
415.703.5843 Facsimile
jay.russell@doj.ca.gov


CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

```
 1  KAMALA D. HARRIS, State Bar No. 146672
    Attorney General of California
 2  JAY C. RUSSELL, State Bar No. 122626
    Supervising Deputy Attorney General
 3  PATRICK R. MCKINNEY, State Bar No. 215228
    Supervising Deputy Attorney General
 4  DEBBIE J. VOROUS, State Bar No. 166884
    Deputy Attorney General
 5   455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
 6   Telephone:  (415) 703-5717
     Fax:  (415) 703-5843
 7   E-mail: Jay.Russell@doj.ca.gov
    Attorneys for Defendants
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>                        Plaintiffs,<br><br>   v.<br><br>EDMUND G. BROWN JR., et al.,<br><br>                        Defendants. | 2:90-cv-00520 LKK JFM PC<br><br>**STIPULATION AND [PROPOSED]ORDER RE: TESTIMONY OFFERED BY NON-RETAINED, PARTY-AFFILIATED WITNESSES** |

Plaintiffs have moved in limine for an order seeking to apply the provisions of Federal Rule of Civil Procedure 26(a)(2) and Federal Rules of Evidence 403, 702, and 703 to witnesses Defendants may call who are non-retained, party-affiliated witnesses and who may offer testimony requiring scientific, technical, or other specialized knowledge.

The parties stipulate as follows:

1. Testimony offered by percipient witnesses that contains expert opinion but does not satisfy the requirements of Federal Rules of Evidence 403, 702, and 703 shall be excluded.

2. The parties agree that non-retained, party-affiliated witnesses are not required to provide a written report Under Rule of Civil Procedure 26(a)(2)(B). The parties further agree that under

1

1. Rule of Civil Procedure 26(a)(2)(C), if a non-retained, party-affiliated expert is expected to present expert opinions under Federal Rules of Evidence 702, 703, or 705, a written statement describing the subject matter of the witness's testimony, including a summary of the facts and opinion on which the non-retained expert is expected to testify, must be provided. Accordingly, if Defendants become aware that a non-retained, party-affiliated witness may provide expert testimony, Defendants will provide a written statement describing the subject matter of the witness's testimony, including a summary of the facts and opinion on which the non-retained expert is expected to testify and any underlying data and documents, no less than seven days before calling that person as a witness.

3. Following any disclosure made under Paragraph 2, Plaintiffs shall have an opportunity to depose the witness upon request and prior to the date of the witness's testimony in court. Plaintiffs acknowledge that the time provided for in Paragraph 2, as well as the opportunity to depose a witness before he or she testifies, may caused the pending evidentiary hearing—scheduled to begin on November 19, 2013—to be delayed. Plaintiffs will not oppose a continuance of the evidentiary hearing if necessary to comply with this stipulation.

Dated: November 15, 2013

_____
JAY C. RUSSELL
Supervising Deputy Attorney General

ROSEN BIEN GALVAN & GRUNFELD LLP

Dated: November __, 2013

_____
MICHAEL W. BIEN
Attorneys for Plaintiffs

IT IS SO ORDERED.

DATED: _____, 2013

_____
Lawrence K. Karlton
Senior Judge, United States District Court

CF1997CS0003
Sitp and Proposed Order re Non-Retained Experts (4).doc

2