# EXHIBIT E

**From:**       Michael W. Bien <MBien@rbgg.com>
**Sent:**       Saturday, November 16, 2013 11:53 AM
**To:**         Jay Russell
**Cc:**         Aaron Fischer; Debbie Vorous; Patrick McKinney; Jessica Kim; Maneesh Sharma; Coleman Team - RBG Only
**Subject:**    RE: Coleman - Motion in Limine re Non-Retained Expert Witnesses [IWOV-DMS.FID6429]
**Attachments:**    Sitp and Proposed Order re Non-Retained Experts.DOC

Jay

Here is what we will agree to.

Michael Bien

ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
mbien@rbgg.com
www.rbgg.com

CONFIDENTIALITY NOTICE The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.

IRS CIRCULAR 230 NOTICE: As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

1   KAMALA D. HARRIS, State Bar No. 146672
    Attorney General of California
2   JAY C. RUSSELL, State Bar No. 122626
    Supervising Deputy Attorney General
3   PATRICK R. MCKINNEY, State Bar No. 215228
    Supervising Deputy Attorney General
4   DEBBIE J. VOROUS, State Bar No. 166884
    Deputy Attorney General
5     455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102-7004
6     Telephone: (415) 703-5717
    Fax: (415) 703-5843
7     E-mail: Jay.Russell@doj.ca.gov
    *Attorneys for Defendants*

8

9           IN THE UNITED STATES DISTRICT COURT

10       FOR THE EASTERN DISTRICT OF CALIFORNIA

11             SACRAMENTO DIVISION

12

| | |
|---|---|
| RALPH COLEMAN, et al., | 2:90-cv-00520 LKK JFM PC |
| Plaintiffs, | **STIPULATION AND [PROPOSED]ORDER RE: TESTIMONY OFFERED BY NON-RETAINED, PARTY-AFFILIATED WITNESSES** |
| v. | |
| EDMUND G. BROWN JR., et al., | |
| Defendants. | |

Plaintiffs have moved in limine for an order seeking to apply the provisions of Federal Rule of Civil Procedure 26(a)(2) and Federal Rules of Evidence 403, 702, and 703 to witnesses Defendants may call who are non-retained, party-affiliated witnesses and who may offer testimony requiring scientific, technical, or other specialized knowledge.

The parties stipulate as follows:

1. Testimony offered by percipient witnesses that contains expert opinion but does not satisfy the requirements of Federal Rules of Evidence 403, 702, and 703 shall be excluded.

2. The parties agree that non-retained, party-affiliated witnesses are not required to provide a written report Under Rule of Civil Procedure 26(a)(2)(B). The parties further agree that under

[1017253-1]

1

1  Rule of Civil Procedure 26(a)(2)(C), if a non-retained, party-affiliated expert is expected to

2  present expert opinions under Federal Rules of Evidence 702, 703, or 705, a written statement

3  describing the subject matter of the witness's testimony, including a summary of the facts and

4  opinion on which the non-retained expert is expected to testify, must be provided.  Accordingly,

5  if Defendants become aware that a non-retained, party-affiliated witness may provide expert

6  testimony, Defendants will provide a written statement describing the subject matter of the

7  witness's testimony, including a summary of the facts and opinion on which the non-retained

8  expert is expected to testify and any underlying data and documents, no less than seven days

9  before calling that person as a witness.

10        3. Following any disclosure made under Paragraph 2, Plaintiffs shall have an opportunity to

11  depose the witness upon request and prior to the date of the witness's testimony in court.

12

13

14  Dated:  November 18, 2013

15

16                                                  JAY C. RUSSELL
                                                    Supervising Deputy Attorney General

17                                                  ROSEN BIEN GALVAN & GRUNFELD LLP

18  Dated:  November __, 2013

19
                                                    MICHAEL W. BIEN
20                                                  Attorneys for Plaintiffs

21  IT IS SO ORDERED.

22  DATED: _____, 2013

23                                                  Lawrence K. Karlton
                                                    Senior Judge, United States District Court

24  CF1997CS0003
    Sitp and Proposed Order re Non-Retained Experts (3).DOC
25

26

27

28
    [1017253-1]

| | |
|---|---|
| **From:** | Jay Russell |
| **Sent:** | Monday, November 18, 2013 12:32 PM |
| **To:** | Michael W. Bien |
| **Cc:** | Aaron Fischer; Debbie Vorous; Patrick McKinney; Jessica Kim; Maneesh Sharma; Coleman Team - RBG Only; James Jirn |
| **Subject:** | RE: Coleman - Motion in Limine re Non-Retained Expert Witnesses [IWOV-DMS.FID6429] |

Michael –

Your comment assumes that any doctor called to rebut testimony provided by your experts later this week will be readily available during Thanksgiving week, or on Monday December 2, for a deposition. We of course will not know what witnesses might need to be called until we hear your experts' testimony, and cannot at this time predict their schedule. It's unfortunate that we can't agree on this relatively minor issue.

Jay C. Russell
Supervising Deputy Attorney General
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
415.703.5717
415.703.5843 Facsimile
jay.russell@doj.ca.gov

**From:** Michael W. Bien [mailto:MBien@rbgg.com]
**Sent:** Monday, November 18, 2013 12:22 PM
**To:** Jay Russell
**Cc:** Aaron Fischer; Debbie Vorous; Patrick McKinney; Jessica Kim; Maneesh Sharma; Coleman Team - RBG Only; James Jirn
**Subject:** RE: Coleman - Motion in Limine re Non-Retained Expert Witnesses [IWOV-DMS.FID6429]

Jay

We don't agree to the language that we deleted. It is possible that the trial may go past December 13, but it need not if we all get our ducks in order.

You have sufficient attorneys—far more than we do—to get this done. We have already identified the names of the prisoners whose updated medical records have been reviewed by our experts. You have our expert declarations plus depositions. You are not doing rebuttal but defendants' case in chief. There are still many weeks of time before defendants will be calling these new, unidentified witnesses. It is no big deal for one of your attorneys and one of ours to participate in a deposition during Thanksgiving week, on Monday, December 2d, or during trial.

Michael Bien

ROSEN BIEN GALVAN & GRUNFELD LLP

1

315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
mbien@rbgg.com
www.rbgg.com

CONFIDENTIALITY NOTICE The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.

IRS CIRCULAR 230 NOTICE: As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

**From:** Jay Russell [mailto:Jay.Russell@doj.ca.gov]
**Sent:** Monday, November 18, 2013 9:35 AM
**To:** Michael W. Bien
**Cc:** Aaron Fischer; Debbie Vorous; Patrick McKinney; Jessica Kim; Maneesh Sharma; Coleman Team - RBG Only; James Jirn
**Subject:** RE: Coleman - Motion in Limine re Non-Retained Expert Witnesses [IWOV-DMS.FID6429]

Michael –

The problem is that Defendants will likely be attempting to rebut testimony concerning individual inmates that will be presented by your witnesses for the first this week. In addition to determining which witness might be best suited to respond to that testimony, we will also need to coordinate schedules for appearance at the evidentiary hearing as well as potential depositions. Those depositions will likely not be held during Thanksgiving week, and we cannot schedule and attend depositions while Defendants are presenting their case. We need some acknowledgement that if depositions are to be taken before testimony, it may cause the hearing to extend past December 13.

Jay