KAMALA D. HARRIS
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
JAY C. RUSSELL
PATRICK R. MCKINNEY
Supervising Deputy Attorneys General
DEBBIE VOROUS, State Bar No. 166884
JESSICA KIM, State Bar No. 257766
SAHAR NAYERI, State Bar No. 275246
MANEESH SHARMA, State Bar No. 280084
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 323-8789
 Fax: (916) 324-5205
 E-mail: Jessica.Kim@doj.ca.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                                Plaintiffs,<br><br>            v.<br><br>**EDMUND G. BROWN JR., et al.,**<br><br>                                Defendants. | 2:90-cv-00520 LKK DAD PC<br><br>**DEFENDANTS' OBJECTION TO PLAINTIFFS' DESIGNATION OF DEPOSITION EXCERPTS IN SUPPORT OF MOTION FOR AFFIRMATIVE RELIEF REGARDING IMPROPER HOUSING AND TREATMENT OF SERIOUSLY MENTALLY ILL PRISONERS IN SEGREGATION AND CROSS DESIGNATION OF DEPOSITION EXCERPTS**<br><br>Judge:        The Honorable Lawrence K. Karlton |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION.

Defendants respectfully object and request that this Court strike deposition excerpts designated by Plaintiffs. Plaintiffs have not met their burden to show that these excerpts are relevant and non-cumulative under Federal Rule of Evidence 403. Further, the deposition excerpts of Defendants' experts are not statements by a party agent and must be excluded as hearsay.

Plaintiffs request the Court consider excerpts from the depositions of Jacqueline Moore, Diana Toche, Richard Johnson, Joel Dvoskin, Christopher Meyer, and Jeffrey Beard, to support their segregation motion. (ECF No. 4963 at 2.) Plaintiffs previously attempted to designate excerpts from Moore, Toche, Dvoskin, and Meyer, to support their inpatient hospitalization for condemned inmates motion. (ECF No. 4866 at 2.) During the inpatient hospitalization for condemned inmates hearing, the Court prohibited Plaintiffs from submitting excerpts from these depositions. (Inpatient Hearing Transcript, 10/31/13 at pages 1656:14-1658:12.) The Court allowed deposition excerpts to be admitted only for deponents for whom Defendants had submitted a declaration in support of Defendants' opposition to the inpatient hospitalization motion. (*Id.*) But the Court did not allow deposition excerpts to be admitted as exhibits for deponents who had not submitted a declaration in support of Defendants' opposition to the inpatient hospitalization motion. (*Id.*) The Court explained, "defendants had no opportunity to cross-examine because after all, a deposition is a deposition, a method by which we seek evidence." (*Id.* at 1657:05-08.) Accordingly, the Court did not allow Plaintiffs to submit as evidence deposition excerpts from Moore, Toche, Dvoskin, or Meyer. The Court should apply the same reasoning here, and prohibit Plaintiffs from submitting the deposition excerpts of Moore, Toche, Dvoskin, Meyer, Johnson and Beard to support their segregation motion. These deponents did not submit a declaration in support of Defendants' opposition to the segregation motion. Accordingly, Plaintiffs have no valid reason to submit deposition excerpts from these deponents' depositions in support of their segregation motion.

1

Finally, Federal Rule of Civil Procedure 32(a)(6) requires that when only part of a deposition is introduced into evidence "any party may introduce any other part of deposition." Therefore if the Court denies Defendants' objections and motion to strike, Defendants cross designate portions of the depositions "that in fairness should be considered with the part introduced." Fed. R. Civ. P. 32.

## II. PLAINTIFFS' DESIGNATED DEPOSITION EXCERPTS ARE CUMULATIVE AND IRRELEVANT.

Plaintiffs seek to introduce excerpts from a number of California Department of Corrections and Rehabilitation Employees. These depositions excerpts are cumulative of testimony offered at the hearing on this matter, and should be stricken.

Further, Plaintiffs' assertion that the deposition excerpts of Dr. Moore and Dr. Dvoskin are admissible under Federal Rule of Civil Procedure 32(a)(4)(B) has no bearing on whether the excerpts should be excluded as cumulative or irrelevant. Courts are "not automatically required to admit the deposition testimonies under Federal Rule of Civil Procedure 32(a)([4])(B) just because the witnesses [are] more than 100 miles away." *Polys v. Trans-Colorado Airlines, Inc., 941 F.2d 1404, 1410 (10th Cir. 1991).*

## III. PRETRIAL STATEMENTS BY DEFENDANTS' EXPERTS ARE NOT ADMISSIONS BY A PARTY AGENT AND SHOULD BE STRICKEN

Plaintiffs' incorrectly assert that excerpts from depositions of Defendants' experts, Jacqueline Moore and Joel Dvoskin, are admissible under Federal Rule of Evidence 801(d)(2)(D), as admissions by party agents. In support of their assertion, Plaintiffs rely on a single case— *Collins v. Wayne Corp.*, 621 F.2d 777 (5th Cir. 1980)—which is not binding on this Court. Moreover, multiple courts, including the Third Circuit Court of Appeals, have held that expert witnesses are not party agents for the purposes of Rule 801(d)(2)(D). *See Kirk v. Raymark Indus., Inc.*, 61 F.3d 147, 164 (3d Cir. 1995); *see also Koch v. Koch Indus., Inc.*, 37 F. Supp. 2d 1231, 1244-45 (D. Kan. 1998) *aff'd in part, rev'd in part on oher grounds*, 203 F.3d 1202 (10th Cir. 2000). The Third Circuit examined *Collins* and explicitly rejected the proposition that expert witnesses are automatically party agents. *Kirk*, 61 F.3d at 164 n.20. The court explained that

2

"despite the fact that one party retained and paid for the services of an expert witness, expert witnesses are supposed to testify impartially in the sphere of their expertise." *Id.* at 164. The Court further elaborated that "[b]ecause an expert witness is charged with the duty of giving *his or her* expert *opinion* regarding the matter before the court, we fail to comprehend how an expert witness, who is not an agent of the party who called him, can be authorized to make an admission for that party." *Id.* (emphasis in original.) Here, Dr. Dvoskin and Dr. Moore were retained as experts to provide an independent analysis of the mental health care provided by Defendants. Therefore, they cannot be deemed to be party agents under Federal Rule of Evidence 801 and their statements at deposition are inadmissible hearsay.

## IV. DEFENDANTS CROSS DESIGNATION OF DEPOSITION EXCERPTS

Deposition of Jacqueline Moore, taken February 21, 2013

> 119:07-16
>
> 153:13-154:09
>
> 156:25-159:01
>
> 222:12-224:10
>
> 240:18-241:01

Deposition of Diana Toche, taken February 22, 2013

> 108:3-25
>
> 79:12-14
>
> 95:16-17
>
> 96:1 – 97:3
>
> 99:16-18
>
> 99:25-100:10
>
> 103:4-24
>
> 134:11-135:1
>
> 141:4-142:7
>
> 177:8-13

3

Deposition of Richard Johnson, taken February 25, 2013

     175:9-176:19

     189:6-190:2

     192:22-193:9

     193:18-19

Deposition of Joel Dvoskin, taken February 27, 2013

     54:05-20

     67:25-68:02

     71:07-73:11

     92:23-94:22

     95:10-18

     246:24-247:21

     258:05-25

Deposition of Chris Meyer, taken February 27, 2013

     75:19-76:6

     85:14-21

     89:25-90:2

     126:8-127:8

     168:19-25

Deposition of Jeffrey Beard, taken March 5, 2013

     108:34-109:06

     128:05-131:11

     159:24-161:23

     164:11-167:22

     240:13-21

4

1    Dated:  December 17, 2013                         Respectfully Submitted,

2                                                      KAMALA D. HARRIS
                                                       Attorney General of California
3                                                      PATRICK MCKINNEY
                                                       Supervising Deputy Attorney General
4

5

6                                                      /s/ Jessica S. Kim
                                                       JESSICA S. KIM
7                                                      Deputy Attorney General
                                                       *Attorneys for Defendants*
8
     CF1997CS0003
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defs.' Obj. Pls.' Designation of Depo. Excerpts and Cross Designation of Depo. Excerpts
(2:90-cv-00520 LKK DAD PC)