DONALD SPECTER – 083925
STEVEN FAMA – 099641
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LISA ELLS – 243657
AARON J. FISCHER – 247391
MARGOT MENDELSON – 268583
KRISTA STONE-MANISTA – 269083
ROSEN BIEN
GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830

JON MICHAELSON – 083815
JEFFREY L. BORNSTEIN – 099358
MEGAN CESARE-EASTMAN – 253845
RANJINI ACHARYA – 290877
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, California 94111-5994
Telephone: (415) 882-8200

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California 94104-4244
Telephone: (415) 864-8848

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>  Defendants. | Case No. 2:90-cv-0520 LKK DAD<br><br>**PLAINTIFFS' URGENT PETITION FOR A STATUS CONFERENCE TO ADDRESS MODIFIED AND DELAYED SUICIDE REPORT**<br><br>Judge: Lawrence K. Karlton |

[1069223-2]

PLAINTIFFS' URGENT PETITION FOR A STATUS CONFERENCE TO ADDRESS MODIFIED AND DELAYED
SUICIDE REPORT

Plaintiffs hereby request a status conference to address substantial and serious issues relating to the death of a *Coleman* class member at Mule Creek State Prison on September 7, 2013 and to establish a schedule and procedures to resolve these issues. Plaintiffs' counsel was unable to negotiate an agreement on these issues with defense counsel. The evidence and documents in support of this Petition are set forth in the Declaration of Michael W. Bien and the Confidential Declaration of Michael W. Bien, filed herewith.

A suicide report concerning the death of a *Coleman* class member in an MHCB unit at Mule Creek State Prison on September 7, 2013 appears to have been completed on or before October 31, 2013, and was required to be provided to the Special Master and plaintiffs' counsel no later than November 6, 2013. The Suicide Report was later modified at an unknown date to delete important findings and recommendations concerning the use of pepper spray. The modified version of the report and other required documents concerning the investigation of this death were approved and not provided to the Special Master and plaintiffs' counsel until January 7, 2014.

The January 7, 2014 suicide report and related documents, including a second version of the October 31, 2013 suicide report, and a Combined Death Review Summary, raise important issues relevant to the issues before the Court in plaintiffs' motions for enforcement of court orders and affirmative relief related to use of force and disciplinary measures and improper housing and treatment of class members in segregation, including the use of pepper spray on a class member housed in a mental health crisis bed that may have contributed to his death and, custodial interference with medical and mental health treatment, including emergency response.

The January 7, 2014 suicide report provided to the Special Master omitted various findings and recommendations contained in the earlier version, including the following:

- "4. The inmate was pepper-sprayed when he would not release the food port. While an open food port is considered a security breach and pepper-spraying the inmate is permitted according to policy, it is recommended that the Warden's Use of Force Committee review this policy, especially as it

1 relates to medically or psychiatrically ill inmates." Ex. A on page 17.

2
- "5. Form 114-D, the Inmate Segregation Record, should have noted the third watch's interaction with the inmate holding the food port open, requiring the pepper spray.  Additionally, first watch should have documented the interaction with the inmate about coming out of the cell to receive medical care as well as the injection of Zyprexa.  Neither is on the record." Ex. A on page 17.

- "4. Form 114-D, the Inmate Segregation Record, appeared to have been inaccurately completed as important interactions with the inmate, including the actions the [sic] resulted in the discharge of chemical agents and his refusal to come out for medical care had not been documented.  According to policy, all interactions with the inmate should have been documented." Ex. A at pages 19-20.

The issues to be addressed include:  1) whether the Court should consider this additional evidence in its ruling on plaintiffs' pending enforcement motions, 2) whether the preparation and release of this Suicide Report concerning this death and/or the underlying information about the use of force, was delayed in light of the pending enforcement motion trials or for any other reason; 3) whether the Court should require an explanation under oath concerning the changes that were made to the final suicide report provided to the Special Master and plaintiffs' counsel, who ordered those changes made and the reasons for those changes, 4) whether an investigation should be undertaken or an evidentiary hearing scheduled to resolve some or all of these issues, and 5) whether plaintiffs shall be permitted to serve discovery, including depositions and document requests.

Plaintiffs further request that Defendants and their counsel be ordered to take all necessary steps to assure that all documents and information concerning this prisoner, his death, the suicide report and any other communications about the suicide report, the death, and any discussions about the death, the report, timing of the release of reports, or related

/ / /

/ / /

/ / /

1 events, be retained and preserved, including, notes, drafts, emails and attachments, medical
2 records, and custodial records.

4 DATED: January 17, 2014                Respectfully submitted,

                                         ROSEN BIEN GALVAN & GRUNFELD LLP

                                         By: */s/ Michael W. Bien*
                                             Michael W. Bien

                                         Attorneys for Plaintiffs