| | |
|---|---|
| KAMALA D. HARRIS<br>Attorney General of California<br>JONATHAN L. WOLFF<br>Senior Assistant Attorney General<br>JAY C. RUSSELL<br>PATRICK R. MCKINNEY<br>Supervising Deputy Attorneys General<br>DEBBIE VOROUS, State Bar No. 166884<br>MANEESH SHARMA, State Bar No. 280084<br>Deputy Attorneys General<br>  455 Golden Gate Avenue, Suite 11000<br>  San Francisco, CA 94102-7004<br>  Telephone: (415) 703-3505<br>  Fax: (415) 703-1234<br>  E-mail: patrick.mckinney@doj.ca.gov<br>*Attorneys for Defendants* | Hanson Bridgett LLP<br>JERROLD C. SCHAEFER, State Bar No. 39374<br>PAUL B. MELLO, State Bar No. 179755<br>WALTER R. SCHNEIDER, State Bar No. 173113<br>SAMANTHA D. WOLFF, State Bar No. 240280<br>MEGAN OLIVER THOMPSON, SBN 256654<br>  425 Market Street, 26th Floor<br>  San Francisco, California 94105<br>  Telephone: (415) 777-3200<br>  Fax: (415) 541-9366<br>  E-mail: pmello@hansonbridgett.com |

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                    Plaintiffs,<br><br>    v.<br><br>**EDMUND G. BROWN JR., et al.,**<br><br>                    Defendants. | 2:90-cv-00520 LKK DAD P<br><br>**THREE-JUDGE COURT** |
| **MARCIANO PLATA, et al.,**<br><br>                    Plaintiffs,<br><br>    v.<br><br>**EDMUND G. BROWN JR., et al.,**<br><br>                    Defendants. | C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**DEFENDANTS' AMENDED APPLICATION AND [PROPOSED] ORDER GRANTING DEFENDANTS' REQUEST FOR AN EXTENSION OF APRIL 18, 2014 DEADLINE** |

1

Defs.' Amended Application & [Proposed] Order Granting Defs.' Req. for an Extension of April 18, 2014 Deadline
Case Nos. 2:90-cv-00520 LKK DAD P & C01-1351 TEH

# DEFENDANTS' AMENDED APPLICATION FOR EXTENSION OF THE APRIL 18, 2014 POPULATION REDUCTION DEADLINE

Following the enactment of Senate Bill 105, Defendants filed a request in September 2013 to extend the deadline to reduce the population in the State's 34 adult institutions to 137.5% of design bed capacity to December 31, 2016. (ECF 2713/4803.) The Court directed the parties to meet and confer regarding Defendants' request, and extended the final population reduction deadline to April 18, 2014. (ECF 2719/4831; 2746/4953; 2752/4978.) The parties engaged in an extensive meet-and-confer process which did not result in a negotiated resolution. During the meet-and-confer process, it became clear that the Court was disinclined to approve a three-year extension, and that additional measures would be needed to secure an extension. Defendants have accordingly modified the length of the requested extension to two years: the minimum length of time needed to allow new reform measures to responsibly draw down the prison population while avoiding the early release of inmates. It also became clear that the Court would require a mechanism for ensuring compliance if the State missed a population reduction benchmark. The proposed order provides for a court-appointed Compliance Officer with the authority to order the release of lower-risk inmates if an interim or final benchmark is missed.

To ensure that the State does not find itself in a position of missing a benchmark, Defendants have developed several significant measures intended to protect public safety while establishing a durable framework for reducing the prison population. These measures directly address current and projected impacts on the prison population, such as increased admissions of non-violent second-strike offenders. (*See* [Proposed] Order at ¶ 3(b).) For example, Defendants have proposed a new parole determination process—modeled after Proposition 36 (2012)—through which non-violent second-strikers will be eligible for parole consideration by the Board of Parole Hearings once they have served 50% of their sentence. (*See id.*) Similarly, Defendants will finalize and implement an expanded parole process for medically incapacitated inmates and a new parole process for elderly inmates who have served at least 25 years in prison. (*See id.* at ¶ 3(d)-(e).) Inmates who are eligible for these parole processes will be granted parole if the Board finds they no longer pose an unreasonable risk to public safety. (*See* Governor's Budget

Summary – 2014-15 at 76-77.)  Defendants will also prospectively increase credit-earnings programs for non-violent second strike offenders and minimum custody inmates.  (*See id.* at 77; [Proposed] Order ¶ 3(a).)

Adopting Defendants' proposed order will also provide the time and funds necessary to implement Senate Bill 105's recidivism reduction provisions.  (*See* Governor's Budget Summary – 2014-15 at 74-75 & 90-91.)  If the Court grants Defendants' proposed order, $81.1 million will be available in Senate Bill 105's Recidivism Reduction Fund for expenditure in fiscal year 2014-15.  (*Id.* at 75.)  Senate Bill 105 also amends Senate Bill 678 (2009) by permanently increasing funding to county probation departments for felony diversion programs such as mental health, drug and alcohol abuse treatment, and job training.  (*Id.*)  Probation departments will receive an estimated $128 million for felony diversion this upcoming fiscal year.  (*Id.* at 75.)

If the Court grants Defendants' request for a two-year extension by adopting the accompanying proposed order, the State will be able to implement several additional significant criminal justice reforms.  These reforms will allow Defendants to comply with the population cap without sending thousands more inmates to private prisons in other states.  Further, Defendants will not appeal any order concerning compliance with the population cap or subsequent orders necessary to implement Defendants' proposed order, including an order by a Compliance Officer directing the release of inmates.  Defendants respectfully request that the Court approve Defendants' proposed order and thereby allow the State to continue to develop comprehensive and sustainable population-reduction reforms.

Dated:  January 23, 2014

KAMALA D. HARRIS
Attorney General of California

By: */s/ Patrick R. McKinney*
PATRICK R. MCKINNEY
Supervising Deputy Attorney General
*Attorneys for Defendants*

Dated:  January 23, 2014

HANSON BRIDGETT LLP

By: */s/ Paul B. Mello*
PAUL B. MELLO
*Attorneys for Defendants*

3

Defs.' Amended Application & [Proposed] Order Granting Defs.' Req. for an Extension of April 18, 2014 Deadline
Case Nos. 2:90-cv-00520 LKK DAD P & C01-1351 TEH

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                              Plaintiffs,<br><br>      v.<br><br>**EDMUND G. BROWN JR., et al.,**<br><br>                              Defendants. | 2:90-cv-00520 LKK DAD P<br><br>**THREE-JUDGE COURT** |
| **MARCIANO PLATA, et al.,**<br><br>                              Plaintiffs,<br><br>      v.<br><br>**EDMUND G. BROWN JR., et al.,**<br><br>                              Defendants. | C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' REQUEST FOR AN EXTENSION OF APRIL 18, 2014 POPULATION REDUCTION DEADLINE** |

Having read and considered the parties' filings in response to this Court's January 13, 2014 Order, and good cause appearing, the Court GRANTS Defendants' request for an extension of time to comply with this Court's June 30, 2011 Order to reduce California's prison population to 137.5% of design capacity.  IT IS HEREBY ORDERED that:

1. The deadline to achieve the ordered reduction in the in-state adult institution population to 137.5% of design bed capacity is extended to February 28, 2016.  Defendants will meet the following interim and final population reduction benchmarks:

      (a) 143% of design bed capacity by June 30, 2014;

      (b) 141.5% of design bed capacity by February 28, 2015; and

      (c) 137.5% of design bed capacity by February 28, 2016.

1

2. During the extension period, Defendants may maintain but shall not increase the current population level of approximately 8,900 inmates housed in out-of-state facilities.

3. The Court acknowledges that Defendants intend to comply with this Order in part through a combination of contracting for additional in-state capacity in county jails, community correction facilities, and a private prison, and through newly-enacted programs and the development of additional measures to reduce the prison population. Defendants shall also promptly implement the following measures:

    (a) Increase credits prospectively for non-violent second-strike offenders and minimum custody inmates. Non-violent second-strikers will be eligible to earn good-time credits at 33.3% and will be eligible to earn milestone credits for completing rehabilitative programs. Minimum custody inmates will be eligible to earn 2-for-1 good-time credits to the extent such credits do not deplete participation in fire camps where inmates also earn 2-for-1 good-time credits;

    (b) Create and implement a new parole determination process through which non-violent second-strikers will be eligible for parole consideration by the Board of Parole Hearings once they have served 50% of their sentence;

    (c) Parole inmates serving indeterminate sentences who have already been granted parole by the Board of Parole Hearings but have future parole dates;

    (d) In consultation with the Receiver's office, finalize and implement an expanded parole process for medically incapacitated inmates;

    (e) Finalize and implement a new parole process whereby inmates who are 60 years of age or older and have served a minimum of twenty‑five years of their sentence will be referred to the Board of Parole Hearings to determine suitability for parole;

    (f) Activate new reentry hubs at a total of 13 designated prisons to be operational within one year from the date of this Order;

    (g) Pursue expansion of pilot reentry programs with additional counties and local communities; and

    (h) Implement an expanded alternative custody program for female inmates.

4.  Defendants will report to the Court monthly on the status of measures being taken to reduce the prison population. The first report shall be submitted on the 15th of the month following the date of this Order and shall continue until further order of the Court.

5.  The Court will appoint a Compliance Officer for the sole purpose, if necessary, of bringing Defendants into compliance with any missed benchmark by ordering inmate releases. The Compliance Officer's duties and authority will be strictly limited to identifying and ordering the release of lower-risk inmates. The Compliance Officer will have no monitoring or oversight duties, may not direct CDCR to implement any prison population reduction reforms, and will not issue any reports or express any views concerning the impact of the inmate population level. If compliance with any benchmark is not achieved within a 60-day period following the expiration of any missed benchmark, the Compliance Officer shall, within seven days, direct the release of the number of inmates necessary to achieve compliance with the missed benchmark.

   (a) In selecting inmates for release, the Compliance Officer shall consider public safety by minimizing any risk of violent re-offense. The Compliance Officer shall not be authorized to order the release of condemned inmates or inmates serving a term of life without the possibility of parole;

   (b) The Compliance Officer shall have access to all necessary CDCR data and personnel regarding the California prison population, including population projections, risk assessments, recidivism data, statistical data, and prisoner files, and shall receive administrative support from CDCR to the extent needed to carry out the Compliance Officer's duties; and

   (c) The Compliance Officer shall not be compensated for any work or services unless and until a benchmark has been missed, and compensable services or work will cease as soon as compliance with the missed benchmark has been achieved through releases done at the Compliance Officer's direction or additional measures taken by Defendants. Defendants shall reasonably compensate the Compliance Officer on an hourly basis, and the provisions of 18 U.S.C. section 3626(f) shall not apply.

Within 60 days of this Order, Plaintiffs and Defendants shall each submit a list of two candidates to serve as Compliance Officer. The Court shall appoint the Compliance Officer from the candidates submitted.

6. To the extent that any state statutory, constitutional, or regulatory provisions, except the California Public Resources Code, impede the implementation of this Order or Defendants' ability to achieve the population reduction benchmarks, all such laws and regulations are waived. Although the Court does not issue a general waiver of the Public Resources Code, Defendants may request waivers, as the need arises, of these statutory provisions that are tailored to specific projects.

IT IS SO ORDERED.

Dated: _____          _____
                              STEPHEN REINHARDT
                              UNITED STATES CIRCUIT JUDGE
                              NINTH CIRCUIT COURT OF APPEALS

Dated: _____          _____
                              LAWRENCE K. KARLTON
                              SENIOR UNITED STATES DISTRICT JUDGE
                              EASTERN DISTRICT OF CALIFORNIA

Dated: _____          _____
                              THELTON E. HENDERSON
                              SENIOR UNITED STATES DISTRICT JUDGE
                              NORTHERN DISTRICT OF CALIFORNIA