DONALD SPECTER – 083925
STEVEN FAMA – 099641
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LISA ELLS – 243657
AARON J. FISCHER – 247391
MARGOT MENDELSON – 268583
KRISTA STONE-MANISTA – 269083
ROSEN BIEN
GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830

JON MICHAELSON – 083815
JEFFREY L. BORNSTEIN – 099358
MEGAN CESARE-EASTMAN – 253845
RANJINI ACHARYA – 290877
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, California 94111-5994
Telephone: (415) 882-8200

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California 94104-4244
Telephone: (415) 864-8848

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>Defendants. | Case No. 2:90-cv-0520 LKK DAD<br><br>**SUPPLEMENTAL DECLARATION OF MICHAEL W. BIEN IN SUPPORT OF PLAINTIFFS' URGENT PETITION FOR A STATUS CONFERENCE TO ADDRESS MODIFIED AND DELAYED SUICIDE REPORT**<br><br>Judge: Hon. Lawrence K. Karlton |

[1086602-1]

I, Michael W. Bien, declare:

1. I am an attorney admitted to practice in California, a member of the Bar of this Court and the managing partner of the firm, Rosen Bien Galvan & Grunfeld LLP, counsel of record for the Plaintiff class. I have personal knowledge of the matters set forth herein, and if called as a witness I could competently so testify. I make this declaration to correct and explain a factual error in the Declaration I submitted on January 17, 2014 (Docket No. 4982) and to initially respond to defendants' request for additional information.

2. In my January 17, 2014 Declaration at Paragraph 10, I sponsored an Exhibit F, a Form 7229 Initial Death Report (dated September 7, 2013), which at the time I executed my declaration I believed to have been uploaded by CDCR to its secure File Transfer Protocol ("FTP") site on January 7, 2014. (Page 5, line 9.) For purposes of this declaration, I will refer to the inmate involved as "Inmate D."

3. At the time I filed my declaration, I incorrectly believed that Initial Death Report had been uploaded to the FTP site on January 7, 2014 because that was the date of the final Suicide Report, presented as Exhibit D to my January 17, 2014 declaration.

4. At approximately 6:34 pm on January 29, 2014, I received an ECF notification with Defendants' Status Conference Statement and supporting declarations. I first read the Status Conference Statement and supporting declaration much later that night. In response to Defendants' assertions that they had provided us notice of the use of force on Inmate D in September 2013, I asked Doris Tseng, the paralegal in my office who monitors the FTP site to double-check on what documents my office downloaded regarding Inmate D and when.

5. I had some discussions by telephone with Ms. Tseng by telephone on the way to Sacramento for the January 30, 2014 status conference regarding the dates and times when any Inmate D documents were downloaded from the FTP site. I eventually learned that Ms. Tseng had downloaded four documents regarding Inmate D on September 25, 2013: (1) a September 16, 2013 one-page letter to the Special Master; (2) a 24-page

1  Inmate Movement history document; (3) 109 pages from Inmate D's electronic Unit
2  Health Record: (4) the Initial Inmate Death Report in two parts—a typed Form 7229A
3  dated September 9, 2013, and a handwritten Form 7229B dated September 10, 2013.  I
4  informed defense counsel after the status conference that, upon reviewing Dr. Belavich's
5  Declaration about when defendants' had uploaded the handwritten 7229B, I had asked my
6  office to investigate and had discovered the error in my declaration which I stated I would
7  correct.
8        6.  When Ms. Tseng downloaded these documents on September 25, 2013, she
9  followed our firm's practice of saving the documents on a secure document management
10 system, not circulating the documents themselves by email, but circulating an email
11 memorandum listing only the names, dates, and titles of the documents.  A true and correct
12 copy of Ms. Tseng's September 25, 2013 email is attached to Ms. Kahn's under seal
13 declaration as Exhibit 1.  As Ms. Tseng's email shows, she downloaded not only Inmate
14 D's documents that day, but also documents for six other inmates.
15       7.  On September 25, 2013, we were 6 days away from the start of the Use-of-
16 Force/Discipline evidentiary hearing that commenced on October 1, 2013.  All of the
17 attorneys and paralegals in my office who work on *Coleman* were fully occupied with trial
18 preparation.  I have confirmed by examining the "history" data in my firm's document
19 management system that--other than the very brief review described below in Paragraph 9-
20 -no work was done to evaluate the Inmate D documents until after January 9, 2014 when
21 the Defendants' late suicide report was received.
22       8.  The fact that no *Coleman* counsel reviewed the Inmate D documents at the
23 time they were downloaded, and did not analyze them until January 9, 2014 is consistent
24 with our practice of reasonably relying on the Defendants to complete their 60-day suicide
25 report, and to rely on that report to guide our review of the underlying documents.
26       9.  The history data shows that only Dr. Belavich's letter and the Initial Inmate
27 Death Report were opened before January 9, 2014.  The Initial Inmate Death Report was
28 opened on Sunday, December 15, 2013, but only for less than one and one-half minutes,

1  and only during a quick survey to find recent segregation suicides for the Segregation trial,
2  which was then underway.  *See* Declaration of Jane Kahn.

3      10.    Attached to under seal version of Ms. Kahn's Declaration as Exhibit 2 is a
4  true and correct copy of the Initial Inmate Death Report in two parts, the typed Form
5  7229A dated September 9, 2013, and a handwritten Form 7229B dated September 10,
6  2013.  The typed Form 7229A, signed by the Chief Medical Officer on September 9, 2013,
7  includes many details about Inmate D's condition leading up to his death, but nothing
8  about Inmate D having been pepper-sprayed.  The only mention of pepper-spray is on the
9  handwritten Form 7229B, crowded in among many-lines of tightly spaced handwriting.

10      11.    There is no truth to the accusation that Plaintiffs' counsel chose to keep
11  information about Inmate D's pepper-spraying out of the Use of Force/Discipline Trial to
12  be deployed now in an urgent request for a status conference.  Neither I nor any other
13  *Coleman* counsel or our staff learned of the use of pepper spray against Inmate D at any
14  time before January 8, 2014 when I received a phone call from a Sacramento Bee reporter,
15  Denny Walsh.  He provided me with a copy of an unedited version of the suicide report on
16  January 9, 2014.  Neither I nor any other *Coleman* counsel or staff reviewed any of the
17  handwritten notations in the documents downloaded on September 25, 2013 until after
18  January 8, 2014.

19      12.    As the Court is aware, the Use of Force/Discipline Trial was extremely hard-
20  fought, with both sides presenting all of the evidence that was available to them.  It would
21  have been completely unthinkable for *Coleman* counsel to be in possession of information
22  that a person like Inmate D had committed suicide within hours after being pepper-sprayed
23  during a use of force incident, and not make every effort to get that information into
24  evidence during the trial.

25      13.    During the period of September through December 2013, the only member
26  of my staff whose duties included accessing the "Suicide Data" section of CDCR's FTP
27  site is paralegal Doris Tseng.  Through a review of Ms. Tseng's emails and time entries, I
28  have determined that Ms. Tseng checked the site on the following dates: Sept. 13, 25, Oct.

[1086602-1]

3
SUPPLEMENTAL DECLARATION OF MICHAEL W. BIEN

1  17, Nov. 11, and Dec. 16, 2013. It is my belief, and I am in the process of confirming that
2  none of the other paralegals and none of the attorneys representing plaintiffs in Coleman
3  accessed the site from September through December 2013.

4      14.    Attached hereto as **Exhibit A** are true and correct copies of two discovery
5  requests that we have sent to defense counsel concerning this matter: 1) January 30, 2014
6  letter from Jeff Bornstein to Jay Russell and 2) February 3, 2014 email from Michael Bien
7  to Patrick McKinney.

8      I declare under penalty of perjury under the laws of the United States and the State
9  of California that the foregoing is true and correct, and that this declaration is executed at
10 San Francisco, California this 3d day of February, 2014.

        */s/ Michael W. Bien*
        Michael W. Bien

[1086602-1]

4
SUPPLEMENTAL DECLARATION OF MICHAEL W. BIEN

# EXHIBIT A

**K&L GATES**

K&L GATES LLP
4 EMBARCADERO CENTER, SUITE 1200
SAN FRANCISCO, CA 94111-5994
T 415.882.8200  F 415.882.8220

Jeffrey L. Bornstein
415.249.1059
jeff.bornstein@klgates.com

January 30, 2014

Via Email and First-Class Mail

Jay C. Russell, Supervising Deputy Attorney General
Debbie Vorous, Deputy Attorney General
Patrick R. McKinney, Deputy Attorney General
OFFICE OF THE ATTORNEY GENERAL
455 Golden Gate Avenue, Suite 1100
San Francisco, CA 94102-7004

**Re:   *Coleman v. Brown*, E.D. Cal. Case No. 2:90-cv-00520 LKK**

Dear Counsel:

Following our initial meet and confer after today's hearing before Judge Karlton, we scheduled a follow-up conference call at 1:00 p.m. on Friday, January 31, 2014. Please use this Dial-In: (855) 886-4157; Access Code: 110-1059.

The following summarizes the specific discovery we are seeking at this time:

1. All documents, including incident reports, RVRs, and other medical, mental health and custodial records concerning Inmate D▇▇'s custody at North Kern State Prison and Mule Creek State Prison between August 30, 2013 through his death on September 7, 2013, and to the present. These records should include any Form 837 reports concerning use of force, and any RVR write ups, and any subsequent reviews, analysis, reports, investigations, memoranda or correspondence or communications about Mr. D▇▇, his death, the use of force, medical or mental health care or investigations.

2. To the extent that you dispute any of the statements, findings, recommendations or conclusions in the January 7, 2014 Suicide Report, attached as Exhibit D to the Confidential Bien Declaration, any documents you are relying on with respect to your position.

3. To the extent that you dispute any of the statements, findings, recommendations or conclusions in the CCHCS Final Death Review, attached as Exhibit 2 to the Confidential Declaration of Tim Belavich, any documents you are relying on with respect to your position.

SF-300525 v3

klgates.com

**K&L GATES**

Jay C. Russell<br>
Debbie Vorous<br>
Patrick R. McKinney General<br>
January 30, 2014<br>
Page 2

4. Any communications, memoranda, letters or emails to or from anyone in CDCR Headquarters, including but not limited to, Dr. Tim Belavich or Michael Stainer and/or any of their respective staff, concerning Inmate D▮, the circumstances of his death, the use of force, the investigation of his death and the October 31, 2013 meeting of the Suicide Review Subcommittee, the preparation of the Suicide Report, and the proposed quality improvement plans.

5. Any and all documents and emails regarding the draft and/or final Suicide Report re: Mr. D▮, including but not limited to all drafts, red lines, inserts, copies of any reports, produced electronically, to preserve all mega data, attachments and information.

6. Any and all emails concerning inmate D▮ and the Attorney General's Office and/or CDCR Legal concerning whether to disclose or not to disclose this incident and the details of this incident.

7. Any and all emails from anyone at Mule Creek State Prison with anyone at CDCR Headquarters concerning modifying or changing the Suicide Report for Inmate D▮.

8. Any communications or emails to or from the OIA concerning the events leading to Mr. D▮'s death and the reviews of those deaths, the use of force, the medical care, the mental health care, or decisions about what information to provide to plaintiffs' counsel, the Special Master or the Court about Mr. D▮'s death, and when.

9. A list of the custody, medical and mental health staff who are referred to in the Suicide Report relating to Inmate D▮

10. The minutes of the Combined Death Review Summary Committee and the list of the participants in any review committee.

11. The minutes of any other review committees into this matter and a list of the participants, including but not limited to: DCHCS Suicide Prevention and Response Focused Improvement Team (SPR FIT), DCHCS Suicide Case Review (SCR) Subcommittee, and DCHCS ERDR Subcommittee.

**K&L GATES**

Jay C. Russell
Debbie Vorous
Patrick R. McKinney General
January 30, 2014
Page 3

12. Transcriptions (or electronic wave form files) of voice messages (a) to anyone in CDCR headquarters concerning Inmate D████'s death; (b) regarding any draft and/or final Suicide Report relative to Inmate D████; (c) regarding the topic of whether or not disclose the subject incident (Inmate D████'s suicide); (d) regarding any changes to any draft or the final Suicide Report relative to Inmate D████; and/or (e) regarding proceedings of the Combined Death Review Summary Committee with respect to Inmate D████'s death.

In addition, we are seeking to depose Dr. Belavich, the on-call doctor referred to in the report who made the comment "Don't call me unless there is an emergency," Rachel Bramble, Psy.D., and Corey Scheidegger, Ph.D.

Very truly yours,

Jeffrey L. Bornstein

# Michael W. Bien

| | |
|---|---|
| **From:** | Michael W. Bien |
| **Sent:** | Monday, February 03, 2014 12:20 PM |
| **To:** | 'Patrick McKinney' |
| **Cc:** | Jay Russell; Debbie Vorous; Coleman Team - RBG Only; Steve Fama; Bornstein, Jeffrey L. (jeffrey.bornstein@klgates.com) (jeffrey.bornstein@klgates.com) |
| **Subject:** | RE: Coleman - Meet & Confer Correspondence/ ▮▮▮ [IWOV-DMS.FID6429] |

Patrick

Plaintiffs will respond to this discovery. For the same reasons that you argued, we are now propounding a version of these same questions to the AG's Office, CDCR Legal and CDCR generally. Please respond by the end of the week to these interrogatories and requests for documents:

1. Identify all Defendants and their agents, employees and attorneys (including their counsel or related staff) who accessed the FTP site in September, October, November or December 2013 and opened any documents concerning ▮▮▮. Please identify each individual's name, current position, and dates of employment.

2. State the dates in September, October, November or December 2013 the FTP site was accessed by each person (including their counsel or related staff) identified in response to Request No. 1.

3. Identify all documents related to Inmate ▮▮▮ that were reviewed or downloaded by any person (including their counsel or counsel's staff) identified in response to request No. 1 on any of the dates identified in response to Request No. 2.

4. Produce all email correspondence attaching or related to any documents identified in response to Request No. 3.

5. State all reasons why Defendants and their counsel decided not to bring issues related to use-of-force against Inmate ▮▮▮ before the Court during the evidentiary hearing or to disclose them to plaintiffs' counsel and the Special Master until January 2014.

Michael Bien

ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
mbien@rbgg.com
www.rbgg.com

1

CONFIDENTIALITY NOTICE The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.

IRS CIRCULAR 230 NOTICE: As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

---

**From:** Patrick McKinney [mailto:Patrick.McKinney@doj.ca.gov]
**Sent:** Friday, January 31, 2014 12:46 PM
**To:** Bornstein, Jeffrey L. (jeffrey.bornstein@klgates.com) (jeffrey.bornstein@klgates.com)
**Cc:** Michael W. Bien; Jay Russell; Debbie Vorous
**Subject:** Coleman - Meet & Confer Correspondence

Mr. Bornstein:

After the parties went off the record following yesterday's status conference, Mr. Bien told me that Plaintiffs accessed numerous documents related to Inmate D███'s death through the secure FTP site in September 2013. The documents available included the Notice of Death (uploaded September 16, 2013) and the initial Report of Death (uploaded September 17, 2013), which specifically mentions the use-of-force incident. (*See* Jan. 17, 2014 Confidential Declaration of Michael W. Bien Ex. F.)

Plaintiffs did not notify the Court of these facts, which are directly contrary to the allegation in Plaintiffs' January 17 filing that the Court should inquire into "whether . . . underlying information about the use of force, was delayed in light of the pending enforcement motion trials or for any other reason". (Jan. 17, 2014 "Urgent Petition" at 2.) Based on Plaintiffs' acknowledgement that they accessed this information in September 2013, and thus had the opportunity to re-open discovery concerning Inmate D███ before the start of the use-of-force hearing, we ask that you immediately withdraw any such claims and file a corrected Declaration from Mr. Bien reflecting the true dates Plaintiffs' first accessed all documents related to Inmate D███.

If we cannot reach agreement that Plaintiffs will no longer pursue this allegation, then the following summarizes the discovery Defendants seek at this time:

1. Identify all Plaintiffs (including their counsel or related staff) who accessed the FTP site in September, October, or November 2013. Please identify each individual's name, current position, and dates of employment.

2. State the dates in September, October, or November 2013 the FTP site was accessed by each Plaintiff (including their counsel or related staff) identified in response to Request No. 1.

3. Identify all documents related to Inmate D███ that were reviewed or downloaded by any Plaintiff (including their counsel or counsel's staff) identified in response to request No. 1 on any of the dates identified in response to Request No. 2.

4. Produce all email correspondence attaching or related to any documents identified in response to Request No. 3.

5. State all reasons why Plaintiffs decided not to bring issues related to use-of-force against Inmate D███ before the Court during the evidentiary hearing but instead chose to wait until January 2014.

6. Identify the reporter referenced in Paragraph 2 of the January 17, 2014 Confidential Declaration of Michael W. Bien.

2

7. Identify all Plaintiffs (including their counsel or related staff) who spoke with the reporter identified in response to Request No. 6.

8. Produce all documents given to Plaintiffs (including their counsel or related staff) by the reporter identified in response to Request No. 6.

Thanks, Patrick

Patrick R. McKinney II
Supervising Deputy Attorney General
Direct: (415) 703-3035

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.