| | |
|---|---|
| DONALD SPECTER – 083925<br>STEVEN FAMA – 099641<br>PRISON LAW OFFICE<br>1917 Fifth Street<br>Berkeley, California 94710-1916<br>Telephone: (510) 280-2621 | MICHAEL W. BIEN – 096891<br>JANE E. KAHN – 112239<br>ERNEST GALVAN – 196065<br>THOMAS NOLAN – 169692<br>LISA ELLS – 243657<br>AARON J. FISCHER – 247391<br>MARGOT MENDELSON – 268583<br>KRISTA STONE-MANISTA – 269083<br>ROSEN BIEN<br>GALVAN & GRUNFELD LLP<br>315 Montgomery Street, Tenth Floor<br>San Francisco, California 94104-1823<br>Telephone: (415) 433-6830 |
| JON MICHAELSON – 083815<br>JEFFREY L. BORNSTEIN – 099358<br>RANJINI ACHARYA – 290877<br>K&L GATES LLP<br>4 Embarcadero Center, Suite 1200<br>San Francisco, California 94111-5994<br>Telephone: (415) 882-8200 | CLAUDIA CENTER – 158255<br>THE LEGAL AID SOCIETY –<br>EMPLOYMENT LAW CENTER<br>180 Montgomery Street, Suite 600<br>San Francisco, California 94104-4244<br>Telephone: (415) 864-8848 |

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>            Defendants. | Case No. 2:90-cv-0520 LKK DAD<br><br>**DECLARATION OF JANE E. KAHN IN SUPPORT OF PLAINTIFFS' URGENT PETITION FOR A STATUS CONFERENCE TO ADDRESS MODIFIED AND DELAYED SUICIDE REPORT**<br><br>Judge: Hon. Lawrence K. Karlton |

[1086947-1]

DECLARATION OF JANE E. KAHN

I, Jane E. Kahn, declare:

1.     I am an attorney admitted to practice law in California, a member of the bar of this Court, and Of Counsel to the law firm of Rosen Bien Galvan & Grunfeld LLP, counsel of record for Plaintiffs.  I have personal knowledge of the matters set forth herein, and if called as a witness I could competently so testify.  I make this declaration in support of Plaintiffs' Urgent Petition for a Status Conference to Address Modified and Delayed Suicide Report.

2.     I received an email regarding Inmate D, entitled "Notification of Inmate Suicide, [name deleted] from Debbie Vorous, Deputy Attorney General, on September 12, 2013.  According to the email, which I received at 4:06:40 PM Pacific Time, Inmate D was found unresponsive in his Correctional Treatment Center (CTC) cell by a registered nurse on September 7, 2013, at 0510 hours, and was pronounced dead at 0540 hours.  The email specified that Inmate D had been admitted to the mental health crisis unit on September 5, 2013, and there was no mention in the email of the use of pepper-spray on him.

3.     Several weeks later on September 25, 2013, I received an email from Doris Tseng, a paralegal in my office, notifying me that documents regarding seven inmate deaths had been downloaded from the CDCR's secure FTP site.  Attached as **Exhibit 1** to the confidential version of this declaration lodged under seal is a true and correct copy of the email from Ms. Tseng.

4.     Generally, our firm practice in reviewing suicide and death documents uploaded to the CDCR secure file site is to wait until we have received the suicide and/or death report for a *Coleman* class member.  If we have reason to believe that the death was the result of unlawful practices, we would review these documents sooner.  After we have received CDCR 's reviews of an inmate suicide death, we evaluate which uploaded documents should be reviewed and why.  Some suicides include extensive unit health records, autopsy reports, incident reports, as well as basic death/suicide reporting forms.  This determination is made on a case-by-case basis depending on the facts of the suicide death.

5.       On Sunday, December 15, 2013, when I was preparing cross-examination for a witness in the segregation trial, I reviewed the 2013 suicides for which we had received notifications from Debbie Vorous, Deputy Attorney General.  I noted that we had not yet received either a suicide report or a death review for Inmate D, and in order to determine whether he had been housed in segregation at the time of his death or just prior to his death, I opened two of the documents that Ms. Tseng had downloaded.  I opened a September 16, 2013 suicide notification from Dr. Belavich, and reviewed it for less than one minute (according to the "history" data of my firm's document management system). I also opened a single document containing the typed 7229A "Initial Inmate Death Report" and the handwritten 7229B "Inmate Suicide Report" for approximately one minute and 28 seconds (according to the "history" data of my firm's document management system), which enabled me to determine that he was housed in Mule Creek's mental health crisis unit at the time of his death and had transferred to Mule Creek from North Kern's reception center.  That was the extent of my review of the document for the purpose of preparing cross examination for Dr. Belavich.  I did not review and was not aware of the small hand-written notation regarding pepper spray on the 7229B until January 2014.  A true and correct copy of the 7229A and 7229B Inmate Suicide Death Report is attached the confidential version of this declaration as **Exhibit 2.**

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct, and that this declaration is executed at San Francisco, California this 3rd day of February, 2014.

   *s/Jane E. Kahn*
   Jane E. Kahn

[1086947-1]

2
DECLARATION OF JANE E. KAHN