| | |
|---|---|
| DONALD SPECTER – 083925 | MICHAEL W. BIEN – 096891 |
| STEVEN FAMA – 099641 | JANE E. KAHN – 112239 |
| PRISON LAW OFFICE | ERNEST GALVAN – 196065 |
| 1917 Fifth Street | THOMAS NOLAN – 169692 |
| Berkeley, California 94710-1916 | LISA ELLS – 243657 |
| Telephone: (510) 280-2621 | LORI E. RIFKIN – 244081 |
| | AARON J. FISCHER – 247391 |
| | MARGOT MENDELSON – 268583 |
| | KRISTA STONE-MANISTA – 269083 |
| | ROSEN BIEN GALVAN & GRUNFELD LLP |
| | 315 Montgomery Street, Tenth Floor |
| | San Francisco, California 94104-1823 |
| | Telephone: (415) 433-6830 |
| JON MICHAELSON – 083815 | CLAUDIA CENTER – 158255 |
| JEFFREY L. BORNSTEIN – 099358 | THE LEGAL AID SOCIETY – |
| RANJINI ACHARYA – 290877 | EMPLOYMENT LAW CENTER |
| K&L GATES LLP | 180 Montgomery Street, Suite 600 |
| 4 Embarcadero Center, Suite 1200 | San Francisco, California 94104-4244 |
| San Francisco, California 94111-5994 | Telephone: (415) 864-8848 |
| Telephone: (415) 882-8200 | |

Attorneys for PLAINTIFFS

KAMALA D. HARRIS
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
JAY C. RUSSELL
PATRICK R. MCKINNEY
Supervising Deputy Attorney General
DEBBIE VOROUS, State Bar No. 166884
CHRISTINE M. CICCOTTI, State Bar No. 238695
MANEESH SHARMA, State Bar No. 280084
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA  94244-2550
 Telephone: (916) 324-5345

Attorneys for DEFENDANTS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | Case No. 2:90-cv-0520 LKK DAD |
| Plaintiffs, | **CORRECTED JOINT STATEMENT CONCERNING DISCOVERY** |
| v. | |
| EDMUND G. BROWN JR., et al., | Chief Magistrate Judge Dale A. Drozd: Courtroom 27 |
| Defendants. | Hearing Requested: |

CORRECTED JOINT STATEMENT CONCERNING DISCOVERY; 2:90-cv-0520 LKK DAD

SF-300673 v2

There are two issues that we are summarizing for this Court following the status conference on January 30, 2014. The first concerns the facts relating to the death of Inmate X at Mule Creek State Prison on or about September 7, 2013. The second relates to reports made or actions that were taken in response to Inmate X's death. The Parties met and conferred on Friday, January 31, 2014 and again on Monday, February 3, 2014. The parties request a hearing before Magistrate Judge Drozd to resolve their disputes, and are available at 1:00 pm on Wednesday, February 5, 2014, or as soon thereafter as is convenient for the Court.

**1) The Death of Inmate X**

The Parties have agreed that, with respect to the underlying incident involving the death of Inmate X from Mule Creek State Prison, the Court can consider the January 7, 2014 Suicide Report attached as Exhibit D to the Confidential Declaration of Michael Bien, as well as the CCHCS Final Death Review, attached as Exhibit 2 to the Confidential Declaration of Tim Belavich. No additional discovery is necessary as to the facts of the underlying incident.

**2) Reports Generated Or Actions Taken In Response to the Death of Inmate X**

**Plaintiffs' Position As To Issue (2)**

It is undisputed that the death of Inmate X occurred on September 7, 2013, that the Suicide Report about the incident was not released to the Special Master or Plaintiffs' counsel until January 7, 2014, that the final suicide report was modified from a draft report provided to plaintiffs' counsel by a reporter, and that neither Plaintiffs' counsel nor Defense counsel brought the evidence about this incident to the attention of the Court during the Use of Force trial that commenced on October 1, 2013 and was completed on November 7, 2013, with post-trial briefs filed on November 15, 2013.

Judge Karlton has already ordered that "discovery is opened …as to whether relevant information concerning this death was withheld from plaintiffs or the court during the course of the evidentiary hearing which commenced on October 1, 2013." Docket 5034, 2: 3-10. Defendants are now improperly seeking to block any or all discovery by Plaintiffs of this issue, notwithstanding Judge Karlton's order. The fact is that there were questions posed to Mr. Stainer and the state's expert, Mr. Martin, about the harm that can be caused by pepper spraying an

1  inmate, including the possibility that an inmate could -- and has in the past -- died from pepper-
2  spray related complications.  However, neither was questioned about the Mule Creek incident,
3  because aside from an email notification from Debbie Vorous in September 2013 in which she
4  gave notice of the inmate's death, there was no specific notification that Inmate X had been pepper
5  sprayed and was not thereafter taken out of his cell to be decontaminated.  The first time Mr. Bien
6  or any other trial counsel for the Plaintiffs was made aware of the facts of the death and its
7  relevance to the Use of Force trial was in early January 2014, when Mr. Bien was contacted by a
8  reporter.  (*See* Declaration of Michael W. Bien, dated February 3, 2014, Dkt. No. 5041, filed
9  herewith ("Bien Supp. Decl."))  Defendants claim, however, that Plaintiffs had constructive notice
10 of the incident because a handwritten report of the incident including the use of pepper spray was
11 uploaded to the FTP site in September 2013, even though it was only downloaded as part of
12 routine file maintenance and not reviewed by Plaintiffs' counsel.
13         Plaintiffs' discovery requests have been filed herewith.  (*See* Bien Supp. Decl., Exh. A.)
14 Plaintiffs seek to ascertain who in CDCR's headquarters was informed about Inmate X's death in
15 September, October and November 2013, and that it involved an incident relating to the
16 immediate (versus planned or controlled) use of pepper spray against a prisoner with serious
17 mental illness in a licensed mental health crisis bed to clear a food port -- one of the issues that
18 Plaintiffs put at issue during the trial -- the death of the inmate and whether or not pepper spraying
19 contributed to the death, and other related issues.  Plaintiffs seek to determine whether or not any
20 of these communications or discussions about the incident, the death or the use of pepper spray
21 also referenced the pending Use of Force trial before Judge Karlton, and whether or not the
22 incident should be brought to the attention of the Court and Plaintiffs' counsel. Testimony and
23 argument concerning whether or not CDCR was aware of any injuries or deaths related to pepper
24 spray use was elicited at trial, but no one mentioned this recent pepper spray related death.
25         In addition, Plaintiffs seek to determine who made the decision to withhold and delay
26 production of the suicide report concerning this death that was apparently presented and discussed
27 at an October 31, 2013 meeting and was required by the Program Guide to be produced within 60
28 days of the date of death to the Special Master and Plaintiffs' counsel, or no later than November

[1088146-1]

2

CORRECTED JOINT STATEMENT CONCERNING DISCOVERY; 2:90-cv-0520 LKK DAD

1  6, 2013, before the close of evidence at trial, on November 7, 2013, and before the filing of post-
2  trial briefs, on November 15, 2013.  Moreover, plaintiffs seek discovery to determine who made
3  the decision to change the draft suicide report to eliminate certain findings and recommendations
4  concerning the use of pepper spray, such as a recommendation that the use of force committee at
5  the institution revisit the policy of using pepper spray in an immediate fashion to regain control of
6  food ports.

7  Plaintiffs have requested documents and information concerning the Suicide Review
8  Subcommittee at the institution, as well as emails from anyone at Mule Creek State Prison with
9  anyone at CDCR Headquarters concerning modifying or change the Suicide Report for Inmate X.
10 Plaintiffs also seek the minutes of the Combined Death Review Summary Committee and the list
11 of any participants in any review committee, as well as the minutes of any other review
12 committees in to this matter and a list of participants, including but not limited to:  DCHCS
13 Suicide Prevention and Response Focused Improvement Team (SPRFIT), DCHCS Suicide Case
14 Review Subcommittee (CSR), DCHCS ERDR Subcommittee.  Plaintiffs also seek to determine
15 when Defendants and their trial counsel (in the Attorney General's Office) and in-house counsel
16 were made aware of the death , accessed information about the death and the unusual
17 circumstances, and  their decision as to the timing and manner of disclosure of this information to
18 the Court and Plaintiffs' counsel.

19 Plaintiffs also seek any wave files concerning voice messages to anyone in CDCR
20 Headquarters concerning Inmate X's death, regarding any draft or final Suicide Report, including
21 whether or not to disclose the subject incident, any changes to any draft, as well as the proceedings
22 of any of the above committees.  Plaintiffs initially seek to take the depositions of Rachel
23 Bramble, Psy.D., and Cory Scheidegger, Ph.D.  We understand that Dr. Scheidegger is going on
24 maternity leave and have requested that her deposition be taken this week if possible.  Parties have
25 agreed to have her deposition taken in Sacramento on February 11 or 12.  Also, Plaintiffs may
26 seek to depose Dr. Belavich and the responsible chairpersons of the above-listed committees to
27 determine the facts concerning who knew about Inmate X's death in September, October and
28 November  2013,  that there was pepper spray involved in the incident leading to his death, that

1 certain recommendations were made and then changed before the final report was forwarded to
2 CDCR Headquarters for final approval, as well as the reason for not issuing the report within the
3 60-day timeframe required by the program guide.  Defendants have identified Kathy Allison as the
4 primary decision maker as to changes in the suicide report, and have agreed to produce her for
5 deposition on February 10, 2014 or at a time mutually convenient for both parties.  Based on
6 information and documents to be produced by defendants, plaintiffs will identify additional
7 witnesses for deposition.

Defendants have indicated that they seek discovery concerning whether Plaintiffs' counsel or any staff accessed the secure FTP site in September, October and November 2013.  Defendants believe that the information on the site was available, and they are concerned that Plaintiffs knew about this death, its possible relationship to the use of pepper spray, and that Plaintiffs decided not to raise the issue of use of force against Inmate X before the Court during the evidentiary hearing but instead chose to wait until January 14, 2014.  Defendants also seek discovery into conversations and information obtained from the reporter in this case to include having him/her identified, as well as any information and/or documents provided by him/her to the Plaintiffs.  Plaintiffs have agreed to respond to these requests and to defendants' position that the information about the incident was properly and timely disclosed to Plaintiffs' counsel and not withheld or delayed.  Plaintiffs' counsel, Michael Bien, through a declaration filed herewith, responds to these issues and establishes that the limited information Defendants' did provide in September about the incident, and the manner in which they provided it, did not, in fact, put Plaintiffs' counsel on notice of the incident and its relation to the Use of Force trial.  (*See* Bien Supp. Decl., at ¶¶ 4-9.)

**Defendants' Position As to Issue Two**

Plaintiffs' proposed discovery into whether relevant information concerning this death was withheld from Plaintiffs or the Court and related further proceedings are inappropriate and unnecessary for two reasons: (1) Plaintiffs knew of Inmate X's death in September 2013, including the fact that pepper spray was used on September 6, the day before the death; and (2) the draft report which Plaintiffs rely on to speculate that information was withheld from the Court and Plaintiffs, is in fact a December 12, 2013 version, prepared weeks after the close of the evidentiary

[1088146-1]

4

CORRECTED JOINT STATEMENT CONCERNING DISCOVERY; 2:90-cv-0520 LKK DAD

1 hearing on Plaintiffs' use-of-force motion.

2 There is no dispute that Defendants promptly informed Plaintiffs and the Special Master of Inmate X's death in September. (Jan. 17, 2014 Conf. Decl. Michael Bien ¶ 3.) After the parties went off the record following the status conference on January 30, 2014, Plaintiffs' counsel told Defendants' counsel that Plaintiffs accessed documents related to Inmate X's death through the secure FTP site in September 2013. (Declaration of Patrick McKinney ¶ 2.) The documents available on the FTP site—which is the longstanding method for providing information about inmate deaths to Plaintiffs' counsel and the Special Master—included the Notice of Death (uploaded September 16, 2013)[1] and the Initial Report of Death (uploaded September 17, 2013), which specifically references the use of pepper spray on Inmate X, and Inmate X's medical records. (ECF No. 5030; Jan. 29, 2014 Conf. Decl. Tim Belavich ¶¶ 5-6; *see also* Conf. Bien Decl. Ex. F.) Plaintiffs did not notify the Court of these facts and, accordingly, the Court's order opening discovery is based on incomplete information. Plaintiffs' continued attempt to obscure these facts by, for example, characterizing the actual notice they received as "constructive notice" cannot excuse Plaintiffs' failure to seek to reopen discovery before the start of the use-of-force hearings.

Moreover, Plaintiffs' speculative assertion that the suicide report for Inmate X was delayed and modified during the ongoing hearings is baseless.[2] The draft report which Plaintiffs claim was prepared on October 31, 2013 could not have been prepared before *November 27, 2013*, twenty days after the close of the use-of-force hearings. (Bien Conf. Decl. Ex. A at 3 (referencing receipt of Inmate X's autopsy report on November 27).) This draft document was in fact a December 12, 2013 version of the final suicide report. (Belavich Conf. Decl. ¶ 13.) Thus the changes between

---

[1] Contrary to Plaintiffs' argument, the notice provided on September 16, 2013 disclosed that CDCR was uncertain whether Inmate X's death was a suicide or an accidental death. (Bien Conf. Decl. Ex. C.) As the notice states, two independent medical doctors concluded that Inmate X's "death was not a suicide, but rather an accidental death as he did not express active intent to kill himself." (*Id.*)

[2] Notably, discovery pertaining to use-of-force matters closed on August 23, 2013, more than two weeks before Inmate D's death on September 7, 2013. (ECF No. 4738 at 3.) Moreover, Plaintiffs previously advised the Court that evidence for the hearings stemmed from discovery conducted during the termination proceedings and that no further discovery would be necessary. (ECF No. 4785-1, Ex. 1 at 2:16-18.)

1  the draft and final report occurred at least over a month after the close of the evidentiary hearing.

2       Plaintiffs' position includes several factual misstatements, a couple of which Defendants

3  highlight.  First, Plaintiffs' claim that the *Coleman* Program Guide required a suicide report to be

4  submitted by November 6, 2013 is simply wrong.  The Program Guide states that suicide reports

5  must be submitted within 60 days of a suicide—not for deaths of undetermined or accidental

6  causes.  (Mental Health Services Delivery System Program Guide (2009 Revision) 12-10-26.)

7  And a June 2002 order provides that if there is a genuine issue as to whether a death is a suicide, a

8  suicide report must be issued only after said death is determined to be a suicide.  (ECF 1384 ¶ 7.)

9  Second, Plaintiffs' attempt to connect Inmate X's death with his exposure to pepper spray a day

10  earlier is speculation.  Following the exposure to pepper spray on September 6, 2013, Inmate X

11  decontaminated with water, slept for an hour and a half, and was observed standing at his cell

12  window more than eight hours after the exposure.  (Bien Conf. Decl. Ex. 9.)

13       No further discovery is appropriate.  If the Court determines otherwise, Defendants have

14  agreed to produce non-privileged documents that can be located after a reasonable search that are

15  relevant to the issues identified in the Court's January 30, 2014 Order (ECF No. 5034.)

16  Defendants have also agreed to produce the following CDCR staff for deposition on the limited

17  issues identified in the Court's Order: (1) Kathleen Allison, (2) Corey Scheidigger, Ph.D, and (3)

18  Rachel Bramble, Psy. D.

19       Before that discovery occurs, however, Defendants should be given the opportunity to

20  demonstrate that Plaintiffs had notice and the opportunity to present Inmate X's case to the Court

21  beginning in September 2013 but did not do so.  The documents and information Defendants seek

22  from Plaintiffs to establish these facts is attached as Exhibit 1 to the Declaration of Patrick

23  McKinney.

24  \\

25  \\

26  \\

27  \\

28  \\

[1088146-1]

6

CORRECTED JOINT STATEMENT CONCERNING DISCOVERY; 2:90-cv-0520 LKK DAD

|    |                              |     |                                                                                                  |
|----|------------------------------|-----|--------------------------------------------------------------------------------------------------|
| 1  |                              |     | K&L GATES LLP                                                                                    |
| 2  |                              |     |                                                                                                  |
| 3  | Dated: February 4, 2014      | By: | */s/ Ranjini Acharya*                                                                            |
|    |                              |     | Jon Michaelson                                                                                   |
| 4  |                              |     | Jeffrey L. Bornstein                                                                             |
|    |                              |     | Ranjini Acharya                                                                                  |
| 5  |                              |     | Attorneys for PLAINTIFFS                                                                         |

ATTORNEY GENERAL OF CALIFORNIA

Dated: February 3, 2014      By:  */s/ Patrick R. McKinney*
                                  Jay C. Russell
                                  Debbie J. Vorous
                                  Patrick R. McKinney
                                  Attorneys for DEFENDANTS

[1088146-1]

7

CORRECTED JOINT STATEMENT CONCERNING DISCOVERY; 2:90-cv-0520 LKK DAD