DONALD SPECTER – 083925
STEVEN FAMA – 099641
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LISA ELLS – 243657
AARON J. FISCHER – 247391
MARGOT MENDELSON – 268583
KRISTA STONE-MANISTA – 269083
ROSEN BIEN
GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830

JON MICHAELSON – 083815
JEFFREY L. BORNSTEIN – 099358
RANJINI ACHARYA – 290877
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, California 94111-5994
Telephone: (415) 882-8200

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California 94104-4244
Telephone: (415) 864-8848

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>　　　　Defendants. | Case No. 2:90-cv-0520 LKK DAD<br><br>**[PROPOSED] ORDER RE: MODIFICATION OF LONG-RANGE MENTAL HEALTH BED PLAN TO ENSURE ADEQUATE ACCESS TO MENTAL HEALTH CARE AND A DURABLE CONSTITUTIONAL REMEDY**<br><br>Judge: Hon. Lawrence K. Karlton |

[1088937-1]

On January 21, 2014, Defendants filed a Motion Regarding Defendants' Long-Range Mental Health Bed Plan and Update to Court. On February 5, 2014, Plaintiffs filed their Response and Request for Further Order re: Defendants' Motion Regarding Defendants' Long-Range Mental Health Bed Plan and Update to the Court.

After careful consideration of the record, the parties' submissions, and the accompanying declarations and exhibits, and good cause appearing, IT IS HEREBY ORDERED:

1. Defendants' proposal to provide "updates" to the Court but no deadline regarding the CHCF activation is DENIED. Defendants shall submit a plan, within thirty days, as to how they intend to provide timely access to inpatient and crisis level care to all class members requiring such care, with specificity and firm deadlines, not to exceed July 1, 2014 for full activation. Such a plan shall address the persistent "pending lists" for inpatient and crisis bed placement, as well as the use of alternative housing for patients referred for MHCB level of care. In creating this plan, as well as other plans addressed in this order, Defendants shall reassess salaries and benefits for clinicians in DSH and CDCR to determine whether current levels are an obstacle to recruiting and retaining sufficient clinicians to fill existing budgeted positions.

2. Defendants shall submit a plan, within thirty days, as to how they intend to provide timely access to EOP level of care to all class members requiring such care (including EOP-SNY placement), with specificity and firm deadlines. Such a plan shall include details on steps being taken with respect to the construction of and staffing for the Dewitt Nelson bed project.

3. The Court finds that Defendants are in violation of Court orders as a result of the failures to timely activate the CSP-LAC and CCWF EOP Treatment Space and Office Space Projects or to seek an extension of Court-ordered deadlines for those projects. Defendants shall seek an order from this Court approving any further delays in completion of these projects. Defendants shall submit a plan, within thirty days, as to how they intend to provide adequate EOP care for female prisoners at CCWF from now until completion of

[1088937-1]

1

[PROPOSED] ORDER RE: MODIFICATION OF LONG-RANGE MENTAL HEALTH BED PLAN TO ENSURE ADEQUATE ACCESS TO MENTAL HEALTH CARE AND A DURABLE CONSTITUTIONAL REMEDY

1  the CCWF project in June 2015, and that they are taking all available steps to accelerate
2  the project's completion date.
3      4.   Defendants shall serve and file, within 60 days, modifications to their mental
4  health bed plan that meet all needs identified in the most recent McManis Consulting
5  Mental Health Bed Need Study (Fall 2013) in 2014 and for the next five years. The plan
6  shall meet 100% of the need identified in the Fall 2013 study, and shall not rely on "trued"
7  population projections. The plan shall provide a means to eliminate funding obstacles and
8  contingencies. The plan should not include as "contingencies" elements such as any
9  "uncertainty" regarding staffing. At a minimum, the plan shall include:
10        a.   Identification and activation of additional short-term and long-term
11 bed projects to address the immediate needs of EOP patients who are unable to timely
12 transfer to EOP or EOP-SNY placements upon endorsement.
13        b.   Identification and activation of additional short-term acute (APP) and
14 intermediate (ICF) beds at Atascadero State Hospital, Coalinga State Hospital, or
15 Vacaville Psychiatric Program to address the immediate needs of patients unable to timely
16 transfer to inpatient psychiatric hospitalization.
17        c.   Identification and activation of adequate treatment and office space
18 projects at all institutions that house *Coleman* class members.
19     5.   Defendants' contract for outside mental health bed projections shall be
20 extended to at least 2017, and reports from the contractor shall be provided to Plaintiffs
21 and the Special Master immediately upon receipt.
22     **IT IS SO ORDERED.**
23
24 DATED: _____, 2014     _____
25                                              Lawrence K. Karlton
                                             Senior Judge of the United States District Court
26
27
28

[1088937-1]