UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No.  2:90-cv-0520 LKK DAD P |
| Plaintiff, | |
| v. | ORDER |
| EDMUND G. BROWN, JR., et al., | |
| Defendants. | |

Pursuant to the assigned District Judge's January 30, 2014 order (ECF No. 5034), the parties in this action have filed a Joint Statement Concerning Discovery (Joint Statement) (ECF No. 5044).  Therein the parties request a hearing before the undersigned on or after Wednesday, February 5, 2014 at 1:00 p.m.  For the reasons set forth below, the issues raised by the parties' Joint Statement are resolved by this order without a hearing.

The assigned District Judge opened discovery in this action for a period of thirty days only as to:  (1) the factual circumstances of a class member's death insofar as those factual circumstances may pertain to issues raised by plaintiffs' motion concerning use of force; and (2) whether relevant information concerning that death was withheld from plaintiffs or the court during the course of the evidentiary hearing which commenced on October 1, 2013.  (Order filed Jan. 30, 2014 (ECF No. 5034) at 2.)  Although that order opened discovery as to these two issues, it also left open the possibility that through the meet and confer process the parties could obviate

1

1    the need for further discovery as to either or both issues by reaching an agreement on a statement

2    of facts. (Id.)[1]

3         The parties did meet and confer and reached agreement with respect to the factual

4    circumstances of the death of the class member at issue. (Joint Statement filed Feb. 3, 2014 (ECF

5    No. 5044) at 2.) In their Joint Statement, the parties represent that no additional discovery is

6    necessary with respect to this issue in light of their agreement that those circumstances are as

7    outlined in two identified reports which the court should consider. (Id.) Therefore, pursuant to

8    the terms of the District Judge's January 30, 2014 order, no further discovery as to that issue will

9    be conducted.

10        The undersigned turns to the second issue as to which discovery was opened by the

11   assigned District Judge  - whether relevant information concerning the death of this inmate was

12   withheld from plaintiffs or the court during the course of the evidentiary hearing. With respect to

13   this second area of discovery, the principal dispute of the parties continues to be whether any

14   further discovery at all is appropriate. (See Joint Statement (ECF No. 5044) at 7.)

15        On February 4, 2014, defendants filed a supplemental discovery statement (ECF No.

16   5047) in which they suggest that plaintiffs' counsel have now admitted "that they received the

17   information necessary to gain a fair understanding of the facts and circumstances concerning the

18   death of Inmate X no later than September 25, 2013" and, therefore, that "there is no dispute that

19   Plaintiffs' had the necessary information prior to the start of the evidentiary hearing on Plaintiffs'

20   use-of-force motion" and "no basis for any further inquiry into" the second category described in

21   the assigned District Judge's order. (Defendants' Supplement Statement On Discovery filed Feb.

22   /////

23   /////

24   /////

25   /////

26   _____

27   [1]  Indeed, the likelihood that the parties would agree to a statement of facts as to the
     circumstances surrounding the inmate's death, thus obviating the need for further discovery as to
     that issue, was specifically discussed at the January 30, 2014 hearing before the assigned District

28   Judge. (Reporter's Transcript of Jan. 30, 2014 Hearing (Doc. No. 5038) at 12 of 15.)

2

1    4, 2014 (ECF No. 5047) at 2.)[2]  Based upon these representations defendants argue that the

2    District Judge's order opening discovery was issued based upon incomplete information and that

3    the undersigned should order discovery closed and refer the matter back to the assigned District

4    Judge for consideration of the reports that the parties have agreed represent the factual

5    circumstances of the death of the inmate in question.  Id.

6          Plaintiffs' counsel has responded by conceding only that the Notice of Death and Initial

7    Inmate Death Report(s) were downloaded by staff for plaintiffs' counsel as part of routine file

8    maintenance.  Moreover, plaintiffs' counsel maintains that those preliminary documents,

9    reflecting one handwritten reference to pepper-spray, were not reviewed by counsel until January

10   of 2014.  Thus, plaintiffs' counsel disagrees with the position taken by defendants on this issue.

11   Plaintiffs' counsel essentially maintains that the circumstances suggest the possibility that full

12   disclosure of the circumstances of the inmate's death and its relevance to the evidentiary hearing

13   was not made or was delayed in order to prevent its consideration at that hearing.

14         The undersigned notes that defendants have not moved for reconsideration of the assigned

15   District Judge's January 30, 2014 order opening discovery.  Moreover, it is not the province of

16   the undersigned to reconsider the assigned District Judge's order opening discovery.  That order

17   specifically opened discovery limited to "those issues on which there are disputes" involving

18   issue "relevant to the matters pending before the court."  (Order filed Jan. 30, 2014 (ECF No.

19   5034) at 2.)  Whether or not relevant information concerning this inmate's death was withheld

20   from plaintiffs or the court during the course of the October 2013 evidentiary hearing is obviously

21

22   [2]  More specifically, defendants' position is that a Notice of Death and an Initial Report of Death
     which specifically referenced the use of pepper spray in connection with this incident were
23   uploaded on the secure FTP site on September 16-17, 2013.  (Joint Statement (ECF No. 5044) at
     6.)  They contend that the FTP site is the "longstanding method for providing information about
24   inmate deaths to plaintiffs' counsel and the Special Master.  (Id.)  Defendants also assert that they
     have reason to believe that plaintiff's counsel were aware of the posted information and simply
25   elected not to rely upon it during the October 2013 evidentiary hearing.  (Id.)  Plaintiffs' counsel
     dispute this version of events, arguing that there was "no specific notification" that the inmate
26   "had been pepper sprayed and was not thereafter taken out of his cell to be decontaminated."  (Id.
     at 3.)  Plaintiffs' counsel contends that they were first made aware of the inmate's death and its
27   relevance to the evidentiary hearing on the use of force was in January 2014 when they were
     contacted by a reporter.  (Id.)

28                                                    3

1  relevant to the matters pending before this court.  The facts underlying that issue are clearly

2  disputed by the parties.  Accordingly, pursuant to the assigned District Judge's January 30, 2014

3  order, discovery as to that issue has been opened for a thirty day period.  Only the assigned

4  District Judge, and not the undersigned, can reconsider that order.

5       Subject to their dispute over whether any further discovery at all is appropriate, the parties

6  have agreed to three depositions as to this second area.  Those depositions shall proceed in

7  accordance with the District Judge's discovery order.

8       In addition, plaintiffs represent that they intend to identify further witnesses for deposition

9  "based on information and documents to be produced by defendants."  (Joint Statement (ECF No.

10  5044) at 5.)  Plaintiff shall identify those additional witnesses to defendants not later than Friday,

11  February 14, 2014, or two days after resolution of any discovery disputes that may arise from

12  defendants' response to plaintiffs' written discovery requests, whichever is later.  Disputes, if any,

13  concerning additional depositions shall be tendered to this court by Joint Statement completed

14  after a good faith effort to resolve those disputes through the meet and confer process and not

15  later than three days after identification of additional witnesses, if any.

16       Plaintiffs have also propounded written discovery.  (See Ex. A to Suppl. Bien Decl. filed

17  Feb. 3, 2014 (ECF No. 5041).)  Again subject to the dispute over whether any further discovery at

18  all is appropriate, defendants have agreed to "produce non-privileged documents that can be

19  located after a reasonable search that are relevant to the issues identified in the Court's January

20  30, 2014 order."  (Joint Statement (ECF No. 5044) at 7.)  Defendants shall respond to plaintiffs'

21  discovery requests not later than 5:00 p.m. on February 12, 2014.  Should any disputes arise over

22  defendants' responses, the parties shall meet and confer not later than February 14, 2014.  Any

23  disputes remaining thereafter shall be tendered to this court by joint statement filed not later than

24  4:30 p.m. on February 20, 2014.

25       Finally, plaintiffs have agreed to respond to discovery requests propounded by defendants.

26  Plaintiffs shall respond to defendants' discovery requests not later than 5:00 p.m. on February 12,

27  2014.  Should any disputes arise over plaintiffs' discovery responses, the parties shall meet and

28  /////

4

1    confer not later than February 14, 2014.  Any disputes remaining thereafter shall be tendered to

2    this court by joint statement filed not later than 4:30 p.m. on February 20, 2014.

3          IT IS SO ORDERED.

4    Dated:  February 5, 2014

5

6                                                     DALE A. DROZD
7                                                     UNITED STATES MAGISTRATE JUDGE

8    /cole0520.uofdisc

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28