1  KAMALA D. HARRIS
   Attorney General of California
2  JAY C. RUSSELL
   PATRICK R. MCKINNEY
3  Supervising Deputy Attorneys General
   DEBBIE VOROUS, State Bar No. 166884
4  CHRISTINE M. CICCOTTI, State Bar No. 238695
   MANEESH SHARMA, State Bar No. 280084
5  Deputy Attorneys General
     1300 I Street, Suite 125
6    P.O. Box 944255
     Sacramento, CA 94244-2550
7    Telephone:  (916) 324-5345
     Fax:  (916) 324-5205
8    E-mail:  Patrick.McKinney@doj.ca.gov

9  *Attorneys for Defendants*

10           IN THE UNITED STATES DISTRICT COURT

11           FOR THE EASTERN DISTRICT OF CALIFORNIA

12                  SACRAMENTO DIVISION

13

| | |
|---|---|
| 14 **RALPH COLEMAN, et al.,** | 2:90-cv-00520 LKK DAD PC |
| 15 Plaintiffs, | **DEFENDANTS URGENT REQUEST FOR:** |
| 16 | |
| 17 v. | **(1) RECONSIDERATION OF JANUARY 30, 2014 ORDER OPENING DISCOVERY (ECF 5034); AND** |
| 18 **EDMUND G. BROWN JR., et al.,** | |
| 19 Defendants. | **(2) STAY OF MAGISTRATE JUDGE DROZD'S ORDER OF FEBRUARY 5, 2014 (ECF 5054).** |
| 20 | |
| 21 | **HEARING REQUESTED** |
| 22 | |

23

24

25

26

27

28

Defendants respectfully request that the Court reconsider its January 30, 2014 order opening discovery "as to whether relevant information concerning this death [of Inmate D] was withheld from plaintiffs or the court during the course of the evidentiary hearing which commenced on October 1, 2013." (ECF No. 5034.)  Plaintiffs' request to open discovery was based on materially incomplete and/or false representations to the Court. (*See* ECF Nos. 4982 & 4982-1.)  Plaintiffs have since admitted in their subsequent filings that they received and downloaded the information necessary to understand that Inmate D's death involved the use of pepper spray no later than September 25, 2013.  (Supp. Decl. Michael Bien, ECF No. 5041, at ¶ 5, Feb. 3, 2014; Decl. Jane Kahn, ECF No. 5042, at ¶ 3 & Ex. 1, Feb. 3, 2014.)

As the Magistrate Judge recognized in his February 5, 2014 order, "the principal dispute of the parties continues to be whether any further discovery at all is appropriate."  (ECF No. 5054 at 2:13-14.)  The record demonstrates that further discovery on this issue is inappropriate.[1]  Because the Magistrate Judge determined it was not the "province of the undersigned to reconsider the assigned District Judge's order opening discovery" (*id.* at 3:15-16), Defendants present their request to this Court.  Additionally, in light of Plaintiffs' excessive and burdensome discovery requests, Defendants request that this Court stay all discovery pending determination of this request for reconsideration.

## I.    THE COURT SHOULD RECONSIDER ITS ORDER OPENING DISCOVERY AS IT WAS BASED UPON FALSE PREMISES PROVIDED BY PLAINTIFFS' COUNSEL.

Plaintiffs persuaded this Court to reopen discovery based on the false assertions that Defendants may have chosen to withhold information about the death of Inmate D in advance of the hearings on Plaintiffs' use-of-force motion.  Immediately after the parties went off the record following the status conference on January 30, 2014, Plaintiffs' counsel told Defendants' counsel that Plaintiffs accessed documents related to Inmate D's death through the secure FTP site in

---

[1] To the extent the Court continues to have an interest in the circumstances of Inmate D's death, the parties have agreed that the Court should consider the January 7, 2014 Suicide Report, attached as Exhibit D to the Confidential Declaration of Michael Bien, as well as the CCHCS Final Death Review, attached as Exhibit 2 to the Confidential Declaration of Tim Belavich.  This agreement renders any further discovery unnecessary.

1  September 2013.  (Decl. Patrick McKinney, ECF No. 5045, Feb. 3, 2014.)  The documents

2  available on the FTP site—which is the longstanding method for providing information about

3  inmate deaths to Plaintiffs' counsel and the Special Master—included the Notice of Death

4  (uploaded September 16, 2013); the Initial Report of Death (uploaded September 17, 2013),

5  which specifically references the use of pepper spray on Inmate D; and Inmate D's medical

6  records.  (Conf. Decl. Tim Belavich, ECF No. 5030, at ¶¶ 5-6, Jan. 29, 2014; *see also* Conf. Bien

7  Decl., ECF No. 4982-1, at Ex. F, Jan. 17, 2014.)[2]  It remains unclear why Plaintiffs failed to raise

8  this material fact to the Court during the January 30 status conference.

9      On February 3, 2014, Plaintiffs, through the Declarations of Michael Bien and Jane Kahn,

10  admitted that they actually downloaded this information no later than September 25, 2013.  (*See*

11  Supp. Decl. Michael Bien, ECF No. 5041, at ¶ 5; Decl. Jane Kahn, ECF No. 5042, at ¶ 3.)

12  Despite this testimony, Plaintiffs falsely asserted that this information was "not downloaded or

13  otherwise reviewed by Plaintiffs' counsel."  (Joint Statement 2:11-12.)  Since this assertion was

14  contrary to their own evidence, Plaintiffs filed an Errata on February 4 in which they made the

15  incredible assertion that this information was "only downloaded as part of routine file

16  maintenance and not reviewed . . . ."  (Errata, ECF No. 5050.)

17      The notion that Plaintiffs should be permitted to reopen discovery because they failed to

18  timely review the downloaded documents is absurd.  Defendants' burden ended with production

19  of the relevant information, and it is undisputed that Defendants produced the information

20  necessary for Plaintiffs to gain a fair understanding of the facts and circumstances concerning the

21  death of Inmate D no later than September 25, 2013, before the start of the evidentiary hearing.

22  Furthermore, Exhibit 1 to the February 3, 2014 Declaration of Jane Kahn proves that Plaintiffs'

23  _____

    [2] Defendants also had no obligation to issue a suicide report before November 7, 2013, the
24  date the evidentiary hearing closed on Plaintiffs' use-of-force motion.  The notice provided on
    September 16, 2013 disclosed that CDCR was uncertain whether Inmate D's death was a suicide
25  or an accidental death.  (Bien Conf. Decl. Ex. C.)  As the notice states, two independent medical
    doctors concluded that Inmate D's "death was not a suicide, but rather an accidental death as he
26  did not express active intent to kill himself."  (*Id.*)  Under these circumstances, the Program
    Guide does not require a suicide report within 60 days.  (Mental Health Services Delivery System
27  Program Guide (2009 Revision) 12-10-26.)  Moreover, a June 2002 order provides that if there is
    a genuine issue as to whether a death is a suicide, a suicide report must be issued only after said
28  death is determined to be a suicide.  (ECF 1384 ¶ 7.)

1   paralegal notified Mr. Bien and Ms. Kahn that all of the documents relevant to Inmate D's death,

2   including the "Initial Inmate Death Report" which specifically referenced the use of pepper spray,

3   were available for their review.  (Conf. Decl. Jane Kahn Ex. 1.)

4       Plaintiffs' admitted lack of diligence provides no basis for reopening discovery, and their

5   numerous misrepresentations and omissions to the Court warrant an end to this fishing

6   expedition.  If the Court orders discovery to proceed, Defendants' response to Plaintiffs'

7   discovery requests is straightforward: Plaintiffs had the necessary information concerning Inmate

8   D prior to the start of the evidentiary hearing on Plaintiffs' use-of-force motion.  Since there is no

9   basis for any further inquiry into "whether relevant information concerning this death was

10  withheld from Plaintiffs or the court during the course of the evidentiary hearing which

11  commenced on October 1, 2013" (Order filed Jan. 30, 2014, at 2, ECF No. 5034), Defendants

12  respectfully request that the Court close discovery as to this issue.

13  **II.    DEFENDANTS' REQUEST THAT THE COURT STAY ALL DISCOVERY PENDING
14       DETERMINATION OF DEFENDANTS' REQUEST FOR RECONSIDERATION.**

15      Although there is no basis for further inquiry into Inmate D's death, Plaintiffs' counsel

16  immediately sent an e-mail to Counsel for Defendants after the Magistrate Judge issued his order

17  advising they intended to notice 8 depositions, in addition to their overly broad requests for

18  production of documents.  (*See* Bien Supp. Decl., ECF No. 5041, at Ex. A, Feb. 3, 2014.)

19      The parties have already agreed that the Court should consider the reports on Inmate D's

20  death to determine whether it is relevant to Plaintiffs' use-of-force motion.  Additional

21  discovery—including responding to Plaintiffs' burdensome document requests and taking and

22  defending 8 depositions—is a waste of resources, particularly because the facts firmly establish

23  that Plaintiffs had the necessary information prior to the start of the evidentiary hearing on

24  Plaintiffs' use-of-force motion.  Had Plaintiffs' counsel spent more than 1 minute reading the

25  information they had (*see* Decl. Jane Kahn, ECF No. 5042, at 3, Feb. 3, 2014.), or if they had

26  presented the truth to the Court on January 17, none of these proceedings would have been

27  necessary.  To avoid the unnecessary expenditure of funds and the time of CDCR staff that could

28  be better spent focusing on patient care, Defendants respectfully request the Court stay the

1   Magistrate Judge's February 5, 2014 order until the Court has considered and decided

2   Defendants' request for reconsideration.

3   Dated:   February 6, 2014                    Respectfully submitted,

4                                               KAMALA D. HARRIS
                                                Attorney General of California
5

6
                                                /s/ Patrick R. McKinney
7                                               PATRICK R. MCKINNEY
                                                Supervising Deputy Attorney General
8                                               Attorneys for Defendants

9   CF1997CS0003
    40887257.doc
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants' Urgent Request for Reconsideration & Stay of Discovery  (2:90-cv-00520 LKK DAD PC)