KAMALA D. HARRIS
Attorney General of California
JAY C. RUSSELL
PATRICK R. MCKINNEY
Supervising Deputy Attorneys General
DEBBIE VOROUS, State Bar No. 166884
CHRISTINE M. CICCOTTI, State Bar No. 238695
MANEESH SHARMA, State Bar No. 280084
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 324-5345
  Fax: (916) 324-5205
  E-mail: Patrick.McKinney@doj.ca.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EDMUND G. BROWN JR., et al.,<br><br>Defendants. | 2:90-cv-00520 LKK DAD PC<br><br>**REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' URGENT REQUEST FOR:**<br><br>**(1) RECONSIDERATION OF JANUARY 30, 2014 ORDER OPENING DISCOVERY (ECF 5034); AND**<br><br>**(2) STAY OF MAGISTRATE JUDGE DROZD'S ORDER OF FEBRUARY 5, 2014 (ECF 5054).**<br><br>**HEARING REQUESTED** |

1

Reply in Support of Defs.' Urgent Req. for Reconsideration & Stay of Discovery (2:90-cv-00520 LKK DAD PC)

Plaintiffs' response continues their misrepresentations of fact before this Court.

*First*, Plaintiffs falsely claim that Defendants should have prepared a suicide report and sent it to the Special Master and Plaintiffs by November 6, 2013. The Program Guide states that suicide reports must be submitted within 60 days of a suicide. (Program Guide 12-10-26.) Plaintiffs do not, and cannot, point to anything in the Program Guide or elsewhere that requires a suicide report for deaths of undetermined or accidental causes. Here, the notice provided on September 16, 2013 disclosed that CDCR was uncertain whether Inmate D's death was a suicide or an accidental death. (Jan. 17, 2014 Bien Conf. Decl. Ex. C.) As the notice states, two independent medical doctors concluded that Inmate D's "death was not a suicide, but rather an accidental death as he did not express active intent to kill himself." (*Id.*) Nevertheless, CDCR's Suicide Prevention and Response Team determined that Inmate D's death warranted further investigation. (*Id.*) During this further inquiry, CDCR properly refrained from making any final conclusions without considering vital information—including the Amador County Sheriff-Coroner's Autopsy report. (Jan. 29, 2014 Conf. Belavich Decl. ¶¶ 8 & 9.) The autopsy report was not received until November 27, 2013, 20 days after the close of the evidentiary hearing on Plaintiffs' use-of-force motion.

*Second*, Plaintiffs falsely claim that the draft report they received from a newspaper reporter is dated October 31, 2013. The draft report discusses the coroner's autopsy report received by CDCR on *November 27, 2013*, and so it could not have been prepared before that date. (*See* Jan. 17, 2013 Conf. Bien Decl. Ex. A at 3.) Plaintiffs ignore the testimony from Dr. Belavich that this draft appears to be a December 12, 2013 draft of the final report, which is more than a month after the close of the hearing on Plaintiffs' use-of-force motion. (Jan. 29, 2014 Conf. Belavich Decl. ¶ 13.)

*Third*, Plaintiffs attempt to wash their hands of their false representations to the Court by claiming it was "a simple mistake regarding the date on which documents about this suicide were received." (Resp. 2:19-20.) They fail to explain why they made no mention of the truth to the Court at the status conference on January 30, but instead waited until immediately after the parties went off the record to explain that their request to open discovery was based on factual

2

Reply in Support of Defs.' Urgent Req. for Reconsideration & Stay of Discovery  (2:90-cv-00520 LKK DAD PC)

1  omissions and misrepresentations.  (*See* Feb. 3, 2014 McKinney Decl. ¶ 2.)  Whether their

2  misrepresentations were borne out of Plaintiffs' failure to investigate or their lack of candor, there

3  is no basis for Plaintiffs' request for open-ended discovery and open-ended evidentiary hearings.

4      Plaintiffs had the necessary information concerning Inmate D prior to the start of the

5  evidentiary hearing on Plaintiffs' use-of-force motion.  The Court should not countenance

6  Plaintiffs' repeated misrepresentations which are contrary to even the evidence Plaintiffs

7  presented to the Magistrate Court.  Defendants respectfully request that the Court close discovery

8  as to this issue and consider the reports that the parties agree should be considered to determine

9  whether they are relevant to Plaintiffs' use-of-force motion.

10  Dated:   February 7, 2014                              Respectfully submitted,

11                                                        KAMALA D. HARRIS
                                                          Attorney General of California
12

13                                                        */s/ Patrick R. McKinney*
                                                          PATRICK R. MCKINNEY
14                                                        Supervising Deputy Attorney General
                                                          *Attorneys for Defendants*
15

16  CF1997CS0003
    40888029.doc

3

Reply in Support of Defs.' Urgent Req. for Reconsideration & Stay of Discovery  (2:90-cv-00520 LKK DAD PC)