IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>EDMUND G. BROWN JR., et al.,<br><br>    Defendants. | NO. 2:90-cv-0520 LKK DAD (PC)<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>EDMUND G. BROWN JR., et al.,<br><br>    Defendants. | NO. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' REQUEST FOR EXTENSION OF DECEMBER 31, 2013 DEADLINE |

    WHEREAS the Court has read and considered the parties' filings in response to this Court's January 13, 2014 Order;

    WHEREAS defendants have represented that, in conformance with the terms of this order, they will develop comprehensive and sustainable prison population-reduction reforms and will consider the establishment of a commission to recommend reforms of state penal and sentencing laws;

WHEREAS defendants have represented that they will not appeal or support an appeal of this order, any subsequent order necessary to implement this order, or any order issued by the Compliance Officer to be appointed in conformance herewith that is consistent with the duties of the Compliance Officer as specified in this order, and will not move or support a motion to terminate the relief contained in this order until at least two years after the date of this order and such time as it is firmly established that compliance with the 137.5% design capacity benchmark is durable;

WHEREAS this order is issued in reliance on defendants' representations; and

WHEREAS the Court finds that the order below is narrowly tailored to the constitutional violations identified by the *Plata* and *Coleman* courts, extends no further than necessary to remedy those violations, and is the least intrusive possible remedy.

IT IS HEREBY ORDERED that:

1. The Court GRANTS defendants' request for an extension of time, but only to February 28, 2016, to comply with this Court's June 30, 2011 Order to reduce California's prison population to 137.5% design capacity.

2. The deadline to achieve the ordered reduction in the in-state adult institution population to 137.5% design capacity is extended to **February 28, 2016.** Defendants will meet the following interim and final population reduction benchmarks:

    (a) 143% of design bed capacity by **June 30, 2014**;

    (b) 141.5% of design bed capacity by **February 28, 2015**; and

    (c) 137.5% of design bed capacity by **February 28, 2016**.

3. During the extension period, and as long as this Court maintains jurisdiction, defendants shall not increase the current population level of approximately 8,900 inmates housed in out-of-state facilities. Defendants shall also explore ways to attempt to reduce the number of inmates housed in out-of-state facilities to the extent feasible.

4. The Court acknowledges that defendants intend to comply with this order in part through a combination of contracting for additional in-state capacity in county jails, community correctional facilities, and a private prison, and through newly enacted programs

including the development of additional measures regarding reforms to state penal and sentencing laws designed to reduce the prison population. Defendants shall also immediately implement the following measures:

      (a)    Increase credits prospectively for non-violent second-strike offenders and minimum custody inmates. Non-violent second-strikers will be eligible to earn good time credits at 33.3% and will be eligible to earn milestone credits for completing rehabilitative programs. Minimum custody inmates will be eligible to earn 2-for-1 good time credits to the extent such credits do not deplete participation in fire camps where inmates also earn 2-for-1 good time credits;

      (b)    Create and implement a new parole determination process through which non-violent second-strikers will be eligible for parole consideration by the Board of Parole Hearings once they have served 50% of their sentence;

      (c)    Parole certain inmates serving indeterminate sentences who have already been granted parole by the Board of Parole Hearings but have future parole dates;

      (d)    In consultation with the Receiver's office, finalize and implement an expanded parole process for medically incapacitated inmates;

      (e)    Finalize and implement a new parole process whereby inmates who are 60 years of age or older and have served a minimum of twenty-five years of their sentence will be referred to the Board of Parole Hearings to determine suitability for parole;

      (f)    Activate new reentry hubs at a total of 13 designated prisons to be operational within one year from the date of this order;

      (g)    Pursue expansion of pilot reentry programs with additional counties and local communities; and

      (h)    Implement an expanded alternative custody program for female inmates.

5.    Defendants will report to this Court monthly on the status of measures being taken to reduce the prison population, and on the current in-state and out-of-state adult prison populations. The first report shall be submitted on the 15th of the month following the date of this order and shall continue until further order of the Court.

3

6.       The Court will appoint a Compliance Officer for the purpose of bringing defendants into compliance with any missed benchmark by ordering inmate releases.  If compliance with any benchmark is not achieved within a 30-day period following the expiration of any missed benchmark, the Compliance Officer shall, within seven days, direct the release of the number of inmates necessary to achieve compliance with the missed benchmark and the measures to be followed in selecting the prisoners to be released.  The authority of the Compliance Officer shall extend no further than ordering defendants to release inmates necessary to ensure defendants' compliance with any missed benchmark.

(a)       In selecting inmates for release, the Compliance Officer shall consider public safety by minimizing any risk of violent re-offense.  The Compliance Officer shall not be authorized to order the release of condemned inmates or inmates serving a term of life without the possibility of parole.

(b)       The Compliance Officer shall have access to all necessary CDCR data and personnel regarding the California prison population, including population projections, risk assessments, recidivism data, statistical data, and prisoner files, and shall receive administrative support from CDCR to the extent needed to carry out the Compliance Officer's duties.  In addition, the Compliance Officer may engage the services of a part-time assistant and/or a part-time secretary upon a showing of good cause within the discretion of this Court at a rate of pay to be approved by this Court should the parties disagree.  If the Compliance Officer finds good cause to question the accuracy of any data presented to him or her, the Compliance Officer shall have the authority to verify the accuracy of such data.

(c)       The Compliance Officer shall be compensated for all work or services necessary to ensure compliance with a benchmark, should a benchmark be missed, and all work or services necessary to verify the accuracy of any data presented to him or her by the CDCR, should the Compliance Officer find good cause to question the accuracy of such data.  Defendants shall reasonably compensate the Compliance Officer on an hourly basis and for reasonable expenses, and the provisions of 18 U.S.C. § 3626(f) shall not apply.

7. The Compliance Officer shall retain all powers, access to information, and compensation granted under this order after the final 137.5% benchmark is reached and until it is firmly established that defendants' compliance with the 137.5% benchmark is durable. During this period after compliance with the final benchmark and before such compliance is durable, if two of defendants' monthly reports, consecutive, report a prison population above 137.5% design capacity, the Compliance Officer shall, within seven days, direct the release of the number of inmates necessary to bring the prison population to 137.5% design capacity.

8. The parties shall meet and confer to attempt to make a joint recommendation to the Court regarding the selection of the Compliance Officer and an appropriate hourly rate of compensation, which may be subject to increase annually. If the parties are not able to agree, they may each recommend up to two candidates for the Court's consideration and a proposed hourly rate. The parties shall file their recommendations, including a description of any recommended candidate's qualifications and an explanation of any proposed hourly rate, within 30 days of the date of this order. The selection of the Compliance Officer and compensation rate rests solely within the Court's discretion, and the Court will not be limited to the parties' recommendations, whether separate or joint.

9. To the extent that any state statutory, constitutional, or regulatory provisions, except the California Public Resources Code, impede the implementation of this order or defendants' ability to achieve the population reduction benchmarks, all such laws and regulations are waived. Although the Court does not issue a general waiver of the Public Resources Code, defendants may request waivers, as the need arises, of these statutory provisions that are tailored to specific projects.

10. This Court shall maintain jurisdiction over this matter for as long as is necessary to ensure that defendants' compliance with the 137.5% final benchmark is durable, and such durability is firmly established.

11. Defendants shall, within 60 days of the date of this order, file with the Compliance Officer under seal, the categories of prisoners who are least likely to reoffend or who might otherwise be candidates for early release (the "Low Risk List") that this Court

1  previously ordered them to create.  The Low Risk List shall not be viewed by the
2  Compliance Officer unless and until he or she is ordered to do so by this Court.  Similarly,
3  this Court will not inspect the list unless circumstances so warrant.  Defendants shall file an
4  amended list every 60 days, should changes to the list become appropriate.

**IT IS SO ORDERED.**

Dated:   02/10/14

STEPHEN REINHARDT
UNITED STATES CIRCUIT JUDGE
NINTH CIRCUIT COURT OF APPEALS

Dated:   02/10/14

LAWRENCE K. KARLTON
SENIOR UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF CALIFORNIA

Dated:   02/10/14

THELTON E. HENDERSON
SENIOR UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF CALIFORNIA

6