IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>EDMUND G. BROWN JR., et al.,<br><br>　　　　Defendants. | NO. 2:90-cv-0520 LKK DAD (PC)<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>EDMUND G. BROWN JR., et al.,<br><br>　　　　Defendants. | NO. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>OPINION RE: ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' REQUEST FOR EXTENSION OF DECEMBER 31, 2013 DEADLINE |

　　In August 2009, this Court ordered defendants to reduce the California prison population to 137.5% design capacity in order to remedy the unconstitutional condition of mental and medical health care in California prisons. Today, the prison population remains above 144% design capacity. Yet, it is at least as important now as it was then for the prison population to be reduced to the limit ordered by this Court. In fact, it is even more important now for defendants to take effective action that will provide a long-term solution to prison overcrowding, as, without further action, the prison population is projected to continue to increase and health conditions are likely to continue to worsen.

Since 2009, more and more states have come to recognize that, properly handled, the release of prisoners held past the time necessary to serve the purposes of their incarceration will not result in danger to the community, but rather may actually benefit both the prisoners and their communities. Despite this fact, defendants have consistently refused to take measures to reduce the California prison population. In the four and a half years between our 2009 order and the date of this opinion, defendants have instituted only one significant measure to relieve overcrowding in California prisons: "Realignment," a program that shifted responsibility for criminals who commit non-serious, non-violent, and non-registerable sex crimes from the state prison system to county jails. Apart from Realignment, defendants have taken no significant steps toward reducing the prison population and relieving overcrowding despite repeated orders by this Court requiring them to do so. Instead, defendants have continually failed to implement any of the measures approved by this Court and the Supreme Court that would have safely reduced the California prison population and alleviated the unconstitutional conditions of medical and mental health care in the prisons.

Defendants now request an extension of time within which to comply fully with the population reduction order. We are presented with two options. Plaintiffs have proposed that we deny defendants' request for an extension and order defendants to comply immediately. Pursuant, however, to a recently enacted statute, Senate Bill 105 ("SB 105"), defendants have informed this Court that, if instructed to comply immediately, they will do so by sending thousands of California prisoners to out-of-state facilities. This solution is neither durable nor desirable. It would result in thousands of prisoners being incarcerated hundreds or thousands of miles from the support of their families, and in hundreds of millions of dollars that could be spent on long-lasting prison reform being spent instead on temporarily housing prisoners in out-of-state facilities. Moreover, we have consistently demanded a "durable" solution to California prison overcrowding, and plaintiffs' proposal does not help to achieve that solution. *See* Apr. 11, 2013 Opinion & Order at 69 ("It is [the] long-term obligation that defendants must bear in mind in achieving a 'durable remedy' to the problem of prison crowding."); June 20, 2013 Opinion & Order at 45 ("What is necessary

is a 'durable' solution to the problem of overcrowding if the underlying problem of the deprivation of prisoners' constitutional rights is to be resolved."); Sept. 24, 2013 Order to Meet and Confer (ordering the parties to explore "how this Court can ensure a durable solution to the prison crowding problem").

      In contrast, belated as it may be, defendants appear to be prepared to take the necessary steps toward achieving a durable solution, without additional costly and wasteful litigation and delay.  They have proposed an order whereby they will be granted a two-year extension in which they will comply fully with the population reduction order of June 30, 2011, and the population will be reduced in three stages, or "benchmarks" – first in June of this year, second in February 2015, and third and finally in February 2016.  For the first time under this order, there will be an effective mechanism which will ensure that these benchmarks are met: a "Compliance Officer" who will have the authority to release prisoners should defendants fail to reach one of the benchmarks, with the number of prisoners released being the number necessary to bring defendants into compliance with the missed benchmark. Further, during these two years, defendants have agreed to develop comprehensive and sustainable prison population-reduction reforms, including considering the establishment of a commission to recommend reforms of state penal and sentencing laws.  They have also agreed to immediately implement various population reduction measures, such as increasing good time credits prospectively for non-violent second-strike offenders and minimum custody inmates, implementing a new parole determination process by which second-striker offenders will be eligible for parole after serving only 50% of their sentence, and expanding parole for the elderly and medically infirm.  In addition, as provided by SB 105, the two-year extension will allow for hundreds of millions of dollars to be allocated to a "Recidivism Reduction Fund" for activities designed to reduce the state's prison population, including but not limited to, reducing recidivism.  Finally, defendants have represented to this Court that, if a two year extension is granted, they will not appeal or support an appeal of the order granting the extension, or of any of its provisions; nor will they appeal or support the appeal of any subsequent order necessary to implement the extension order or any of its provisions,

3

nor any order issued by the Compliance Officer pursuant to the authority vested in him by the extension order; nor will they move or support a motion to terminate any relief provided for or extended by the extension order or any of its provisions until at least two years after the date of the extension order and such time as it is firmly established that compliance with the 137.5% design capacity benchmark is durable. This should bring to an end defendants' continual appeals and requests for modification of this Court's orders.

Thus, while we are reluctant to extend the deadline for two more years, we also acknowledge that defendants have agreed that, with such an extension, they will implement measures that should result in a durable solution to prison overcrowding in California. We recognize that these measures should have been adopted much earlier, that plaintiffs' lawyers have made unceasing efforts to obtain immediate relief on behalf of their clients, and that California prisoners deserve far better treatment than they have received from defendants over the past four and a half years. Similarly, California's citizens have incurred far greater costs, both financial and otherwise, as a result of defendants' heretofore unyielding resistance to compliance with this Court's orders. Finally, we recognize that this Court must also accept part of the blame for not acting more forcefully with regard to defendants' obduracy in the face of its continuing constitutional violations. Nevertheless, resolving the conditions in California prisons for the long run, and not merely for the next few months, is of paramount importance to this Court as well as to the people of this State.

//
//
//
//
//
//
//
//
//

For this reason, we grant defendants a two-year extension of time within which to comply with the population reduction order under the terms and conditions stated in the order filed simultaneously with this opinion.

Dated: 02/10/14

_____
STEPHEN REINHARDT
UNITED STATES CIRCUIT JUDGE
NINTH CIRCUIT COURT OF APPEALS

Dated: 02/10/14

_____
LAWRENCE K. KARLTON
SENIOR UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF CALIFORNIA

Dated: 02/10/14

_____
THELTON E. HENDERSON
SENIOR UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF CALIFORNIA