UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., Plaintiffs, v. EDMUND G. BROWN, JR., et al., Defendants. | No. CIV. S-90-520 LKK/DAD (PC) **ORDER** |

By order filed August 30, 2012, defendants were directed to, over a six month period, review and assess their existing quality assurance process and "develop an improved quality improvement process by which they can address issues with the quality of care that is delivered, as described in the Special Master's Twenty-Fourth Round Monitoring Report." Order filed August 30, 2012 (ECF No. 4232) at 5. This was to take place "under the guidance of the Special master and his staff, with participation and input" from plaintiffs. Id. at 6.

Subsequently, the Special Master informed the court that compliance with the August 30, 2012 order had been interrupted by motions filed by defendants in 2013 to terminate this action and

to vacate or modify the population reduction order of the three-judge court. See Order filed April 23, 2013 (ECF No. 4561) at 1. For that reason, the court extended the time for compliance with the August 30, 2012 order to July 1, 2013 and directed the Special Master to report to the court on the outcome of the process by August 2, 2013. Id. at 2.

On August 2, 2013, the Special Master filed his Report on Defendants' Quality Improvement Process (hereafter Report). (ECF No. 4730.) The Report includes recommendations for further work on the quality improvement process. The Special Master also reports that defendants had agreed with him to refine the Continuous Quality Improvement Tool (CQIT) tool and re-pilot the tool at the same eight institutions as the original pilot.[1] Report (ECF No. 4730) at 29. The Special Master did not recommend any specific orders by this court in the Report.

On August 16, 2013, plaintiffs filed a response to the Report. (ECF No. 4757.) Therein, plaintiffs request an order by this court extending the quality improvement monitoring process through the end of 2013, requiring defendants' full cooperation therein, and requiring a further report from the Special Master on said process. Pursuant to court order, on September 3, 2013, defendants filed a response to plaintiffs' request. (ECF No. 4780.)

Plaintiffs' request arises from a letter from counsel for defendants to the Special Master responding to the Report. In

[1] The Special Master also reported that "[t]o facilitate this re-pilot, CDCR and the special master have agreed to suspend commencement of the upcoming twenty-sixth round of monitoring until the re-pilot has been completed." Id. at 31.

relevant part, counsel for defendants states that “[t]he time period specified by the Court [in the August 30, 2012 and April 23, 2013 orders] has ended, and both CDCR and the Special Master have completed their required duties under the order. CDCR has agreed to a re-pilot of CQIT, and while Defendants will cooperate with your staff during the re-piloting process, these continuing joint efforts go above and beyond the Court’s requirements.” Ex. B to Pls. Resp. (ECF No. 4757-2) at 3. Plaintiffs seek the requested order both because of the “critical importance of the quality improvement process” and to avert possible further delays in the Special Master’s twenty-sixth round of monitoring. Pls. Resp. (ECF No. 4757) at 5.

In their response, defendants contend that (1) the “current quality assurance process is constitutionally adequate, and an order directing Defendants’ [sic] to revise further a presumptively constitutional process is not needed”; and (2) defendants “have been working, and remain willing to cooperate fully, with the Special Master to improve the quality improvement process without a coordinator.” Defs. Resp. (ECF No. 4780) at 2. Defendants represent that they will continue to work with the Special Master to assess the quality improvement process but they object to anything from plaintiffs’ counsel beyond “input” and they “object to any order that either expressly states or implies that the CQIT is to serve at [sic] a new benchmark for determining Defendants’ compliance with the Constitution.” Id.

At this juncture, for the reasons set forth infra the court has determined that, while defendants’ objections to the orders requested by plaintiffs miss the mark, issuance of the requested

orders will not adequately serve the underlying goal of the court's August 30, 2012 order and the Special Master's recommendation on which that order is based.

By its terms, the order is directed at ending federal court oversight of the delivery of mental health care in California's prisons.[2] Defendants did not object to the Special Master's recommendation that they be ordered to review and assess their existing quality assurance process and develop an improved quality improvement process as part of the transition to self-monitoring and the end of federal court oversight; indeed, as the court noted in the August 30, 2012 order, they acquiesced in the recommendation. See id. at 3.

The dispute at bar apparently arises from the fact that the August 30, 2012 order set a six-month period for compliance, see id. at 6, which was extended by April 23, 2013 order. The six-month time frame was set in an effort to effect a level of "focus and diligence" on that task and the other tasks remaining to complete the remedy in this action. See id. at 5. It was not set with the view that compliance would become voluntary if the task was not completed within six months. As it turns out, the task was not completed within six months for reasons explained by the Special Master in his Report and well known to the parties and this court.

Rather than set a new deadline, the court will reiterate that defendants' development and implementation of an improved

[2] This is also made clear in the Special Master's Twenty-Fourth Round Monitoring Report, on which the order is based. See Twenty-Fourth Round Monitoring Report (ECF No. 4205) at, e.g., 71, 74.

quality improvement process is fundamental to ending federal court oversight in this action. It is grounded in this court's obligation to end its supervision of defendants' delivery of mental health care to members of the plaintiff class when defendants have implemented a *durable* remedy for the Eighth Amendment violations in the delivery of that care. See Horne v. Flores, 557 U.S. 433, 450 (2009). A key component of a durable remedy is the development and implementation of an adequate quality improvement process by which defendants will self-monitor and, as necessary, self-correct inadequacies in the delivery of mental health care to the thousands of seriously mentally ill inmates incarcerated in California's prisons. Defendants are required to work under the guidance of the Special Master, with input from plaintiffs' counsel, on this task until it is completed. The court expects that the Special Master will report to the court in due course when this necessary step has been accomplished.

IT IS SO ORDERED.

DATED: February 27, 2014.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT