1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11   RALPH COLEMAN, et al.,              No. CIV. S-90-520 LKK/DAD (PC)

12              Plaintiffs,

13        v.                             **ORDER**

14   EDMUND G. BROWN, JR., et al.,

15              Defendants.

16

17        On January 21, 2014, defendants filed a motion regarding

18   their long-range mental health bed plan (ECF No. 4984).  On

19   February 5, 2014, plaintiffs filed a response to defendants'

20   motion and a request for further orders (ECF No. 5052), and on

21   February 25, 2014, defendants filed a corrected reply (ECF No.

22   5090-1).  Pursuant to court order, the matter came on for status

23   conference on March 10, 2014.  Michael Bien, Esq., appeared as

24   counsel for plaintiffs.  Patrick McKinney, Deputy Attorney

25   General, appeared as counsel for defendants.

26        In their motion defendants (1) update the court on the

27   status of all court-approved projects in the long-range bed plan;

28   (2) "address previously approved changes to projects at

                                    1

1  California State Prison-Lancaster and Central California Women's

2  Facility," Defs. Mot. Re: Long-Range Bed Plan, filed January 21,

3  2014 (ECF No. 4984) at 3[1]; and (3) move for relief from the

4  requirement of the court's January 4, 2010 order (ECF No. 3761)

5  that the mental health beds in the California Health Care

6  Facility in Stockton (CHCF) be fully activated by the end of

7  2013.  Id.  Defendants assert no further court orders are

8  required for delays reported in the projects at California State

9  Prison-Lancaster (LAC) or Central California Women's Facility

10  (CCWF) but if orders are required they request approval of the

11  current activation dates for those two projects.  Id.  With

12  respect to CHCF, defendants represent that difficulties with

13  recruitment and retention of staff psychiatrists are preventing

14  the opening of five remaining mental health units.[2]

15     In part relevant to defendants' motion, plaintiffs oppose

16  defendants' request for what plaintiffs characterize as an "open-

17  ended" delay in full activation of CHCF, and they contend

18  defendants are in violation of, and require relief from, court

19  orders with respect to the projects at LAC and CCWF.  Plaintiffs

20  also seek additional relief with respect to bed-planning.  That

21  request is addressed infra.

22     The three projects at issue are part of defendants' long-

23  range bed plan (Plan).  The Plan was filed pursuant to this

24  _____

25  [1] All citations to page numbers in documents filed in this action
   are to the ECF page number at the top of the document.

26

27  [2] At the status conference, counsel for defendants represented
   that two more mental health units will open at CHCF on March 24,
   2014 and defendants expect to activate all remaining units
28  possibly by this summer.

1  court's September 24, 2009 order (ECF No. 3686).  In relevant
2  part, that order required defendants to file "a detailed long-
3  range plan, including activation schedules" which was to include,
4  <u>inter alia</u>, "a schedule with a date certain for completion of
5  each project included in the long-range plan."  Order filed
6  September 24, 2009 (ECF No. 3686) at 3.  The order specifically
7  provided that "[t]he timetables for completion of each step
8  described in the plan shall be developed in such a way that all
9  projects in the long-range plan will be fully staffed and
10 activated by the 2013 target date defendants have established."
11 <u>Id.</u>

12     Defendants filed the Plan on November 6, 2009 (ECF No.
13 3724).  The LAC project was included in the Plan as a project
14 previously ordered by this court.  <u>See</u> Defs. Long-Range Plan,
15 filed November 6, 2009 (ECF No. 3724) at 9.  It had a projected
16 completion date of September 12, 2012.  <u>Id.</u> at Ex. 6.  It was
17 approved in an order filed January 4, 2010 order (ECF No. 3761).

18     The CCWF project was added pursuant to provisions of the
19 court's January 4, 2010 order (ECF No. 3761) requiring defendants
20 to file a detailed plan to meet the long-range bed needs of
21 female EOP (Enhanced Outpatient) inmates.  <u>See</u> Order filed
22 January 4, 2010 (ECF No. 3761) at 4; Defs. Resp. to January 4,
23 2010 Order (ECF No. 3805).  As initially presented to the court,
24 the CCWF project included 70 new EOP-GP (general population) beds
25 and construction of a new building to provide treatment and
26 office space for the projected 124 female EOP-GP inmates.  Defs.
27 Resp. to January 4, 2010 Order (ECF No. 3805) at 1.  The

28

3

1  activation schedule for this project had a completion date of

2  December 31, 2013.  Id.

3       On January 11, 2012, defendants filed notice of their

4  intention to seek modification of the Plan based on reductions in

5  California's prison population.  Defs. Update, filed January 11,

6  2012 (ECF No. 4144).  The update was accompanied by, inter alia,

7  a revised activation schedule for the CCWF project.  Id. at Ex.

8  3.  The revised schedule still indicated completion of the

9  project by December 31, 2013.  Id.

10      On June 12, 2012, defendants filed a request to revise the

11 Plan due to "significant population reductions occurring under

12 the newly enacted prison realignment legislation."  Defs. Req.

13 Re: Revised Long-Range Bed Plan, filed June 12, 2012 (ECF No.

14 4196) at 4.  In relevant part, defendants requested modification

15 of the LAC project to eliminate the 150 EOP-GP beds and to

16 rescope the treatment and office space facility to treat 100 EOP-

17 ASU (Administrative Segregation Unit) inmates.  Id. at 12.

18 Defendants requested modification of the CCWF project to

19 eliminate the 70 planned EOP-GP beds and to rescope the treatment

20 and office space project to provide space for the existing 54

21 EOP-GP beds.  Id. at 12-13.

22      By order filed June 15, 2012, defendants' request was

23 granted in relevant part.  Order filed June 15, 2012 (ECF No.

24 4199) at 4, 5.  Specifically, the June 15, 2012 order "modified"

25 prior "orders concerning construction and conversion in

26 Defendants' existing bed plan" to allow implementation of

27 defendants' "revised mental health bed plan."  Id. at 3.

28

4

1    These modifications included (1) modification of the January

2    4, 2010 order (ECF No. 3761) to revise the CCWF project "to

3    construct treatment and office space and convert existing housing

4    unit beds to 70 EOP-GP beds with a project to construct treatment

5    and office space for the existing 54 EOP-GP beds only"; and (2)

6    modification of an October 18, 2007 order (ECF No. 2461) and the

7    January 4, 2010 order (ECF No. 3761) to revise the LAC project

8    "to construct treatment and office space and convert housing for

9    150 EOP-GP inmates with a project to construct treatment and

10   office space for 100 EOP-ASU inmates only."  Id. at 4.

11       Since at least mid-2009, defendants have been required to

12   report to the Special Master the status of all court-ordered

13   construction projects, including whether the projects remain on

14   schedule or are delayed.  See Orders filed June 18, 2009 (ECF No.

15   3613) at 2; Order filed September 24, 2009 (ECF No. 3686) at 3-4;

16   Order filed January 4, 2010 (ECF No. 3761) at 5.  The January 4,

17   2010 order modified prior orders to require notice of schedule

18   changes only where completion of a project would be delayed by

19   more than thirty days.  Order filed January 4, 2010 (ECF No.

20   3761) at 5.

21       Nothing in the notice requirements, however, altered the

22   fundamental requirement, set in the court's September 24, 2009

23   order, that all constructions projects be completed by December

24   31, 2013.[3]  Thus, defendants were required to timely seek leave

25   of court to extend the deadline for completion of any project

26

27   _____

[3] In the June 15, 2012 order, the court approved an extension of
the Dewitt project to permit full occupancy of that project by
May 31, 2014.  Order filed June 15, 2012 (ECF No. 4199) at 4.

28

5

1  that would not be completed by the end of 2013; notice to the

2  court and the Special Master of delays was and is insufficient.[4]

3  The court will extend the deadline for full activation of the LAC

4  project to March 31, 2014, and the deadline for full activation

5  of the CCWF project to June 2015.  Defendants will be directed to

6  forthwith file a new activation schedule for the CCWF project.

7  The notice and reporting provisions of this court's January 4,

8  2010 order (ECF No. 3761) shall apply in full force to this

9  project, including but not limited to monthly reports as to

10  whether the project has been or can be accelerated.  Defendants

11  will be ordered to complete the project not later than June 2015,

12  and to take all feasible steps to accelerate that date.   In

13  addition, defendants will be required to seek leave of court to

14  extend by more than thirty days any interim date set in the new

15  activation schedule for this project.

16      The issues with respect to CHCF are different.  Construction

17  of that facility is complete.  The delay in full activation of

18  the mental health program at CHCF centers, according to

19  defendants, on their inability despite diligent efforts to fully

20  staff that program.  The court agrees with defendants' judgment

21  that they should not house seriously mentally ill inmates in

22  hospital units unless those units are sufficiently and adequately

23  staffed.  The court will require defendants to provide monthly

24

25

_____

26  [4] In fact, defendants' prior request for modification suggests
they understood that leave of court was required for material
27  modifications to their bed plan, including extensions of time for
projects that would not be completed by the December 31, 2013
28  deadline.

1 | updates to this court and to the Special Master until staffing is

2 | complete.[5]

3 |     At the status conference, defendants estimated that all

4 | mental health units at CHCF would be activated in a matter of

5 | months.  Plaintiffs raise two concerns.  First, as noted in

6 | plaintiffs' response to defendants' motion, on January 27, 2014,

7 | the Plata Receiver closed admissions to CHCF pending resolution

8 | of "major deficiencies" at the facility.  Pls. Resp. (ECF No.

9 | 5052) at 6.  At the status conference, defendants agreed to file

10 | a written report to this court on the status of resolution of

11 | those deficiencies.  That report shall be filed within fifteen

12 | days from the date of this order.  Second, at the status

13 | conference plaintiffs suggested that a review of whether the

14 | current salary schedule for psychiatrists is competitive both

15 | within California and nationally is warranted, and defendants

16 | have agreed to conduct such a review.  Defendants will be

17 | directed to include the results of said review in the first

18 | monthly status report to be filed pursuant to this order.[6]

19 |     As noted above, plaintiffs request a number of court orders

20 | in their opposition to defendants' motion.  In substantial part,

21 | plaintiffs' requests center on their contention that (1)

---

[5] As part of his duties, the Special Master is monitoring all inpatient mental health programs for CDCR inmates, including the programs at CHCF.  Nothing in the reporting requirement imposed by this order alters or in any way affects the duty of the Special Master to monitor those programs.

[6] In view of the report from defendants on conditions at CHCF to be filed in accordance with this order, the time for the Special Master to file his report on defendants' inpatient programs will be extended to April 30, 2014.

1   defendants currently lack sufficient inpatient hospital beds,

2   mental health crisis beds, and EOP beds to meet the need for such

3   services; and (2) the most recent mental health bed need study

4   shows that the projected bed need has increased over the need on

5   which defendants' current bed plan is based.  In their reply,

6   defendants contend (1) plaintiffs' requests are not properly

7   before the court because they exceed the scope of defendants'

8   motion; (2) the recent order of the three-judge court extending

9   defendants time to comply with the population reduction order of

10  that court "nullifies" the Fall 2013 population projections

11  because compliance with the new deadline of the three-judge court

12  will involve implementation of measures that affect the Coleman

13  class; (3) defendants currently have sufficient capacity to meet

14  bed needs; and (4) the order requiring defendants to provide bed

15  need studies to the Special Master and plaintiffs' counsel has

16  expired by its own terms.

17      Defendants are correct that plaintiffs' opposition and

18  request for orders exceeds the precise issues raised by

19  defendants on their motion.  On the other hand, the issues raised

20  by plaintiffs are significant, and defendants' responses appear

21  on first review to miss the mark.

22      Defendants are now before the court requesting an extension

23  of time until mid-2015-the twenty-year point in the remedial

24  phase of this action—to complete their planned treatment space.

25  Moreover, it is now apparent both that the remedial phase of this

26  action has extended past the end of 2013, the time originally set

27  by the court for completion of all construction in the currently

28

1   approved bed plan, and that the remedial phase will continue at

2   least into 2016.[7]

3        As this court has made clear, defendants' remedy for the

4   Eighth Amendment violations in their delivery of mental health

5   care to class members must be durable.  See Order filed March 3,

6   2014 (ECF No. 5092) at 5.[8]  In denying defendants' January 2013

7   termination motion, this court observed that "[s]hortages in

8   treatment space and access to beds at each level of mental health

9   care have plagued the entire remedial phase of this action."

10  Coleman v. Wilson, 938 F.Supp.2d 955, 983 (E.D.Cal. 2013).  The

11  shortages in necessary beds and treatment space at every level of

12  defendants' mental health services delivery system (MHSDS) was

13  for years a seemingly intractable problem, manifesting in

14  egregious delays in access to necessary levels of care and

15  inappropriate housing placements for seriously mentally inmates,

16  including but not limited to actively suicidal class members.

17  See id. at, e.g., 969-970 (E.D.Cal. 2013).  It took almost

18  seventeen years of remedial effort to achieve significant gains

19  in "timely and adequate access to inpatient care."  Id. at 982.

20  At least in 2013, defendants still lacked a sufficient number of

21  adequate mental health crisis beds, id. at 982-83, and the

22  parties dispute whether that deficiency has been remedied.  A

23  durable solution to constitutional violations that have taken

24  [7] February 28, 2016 is the new deadline for defendants to reduce

25  the prison population to 137.5% design capacity.  Three-Judge
    Court Order filed February 10, 2014 (ECF No. 5060) at 2.

26
    [8] The three-judge court has also stressed the need for a durable

27  solution to the problem of prison overcrowding in California, a
    requirement acknowledged by defendants.  See Corrected Reply (ECF

28  No. 5090-1) at 9.

1   more than twenty years to remedy must include both an adequate

2   number of mental health beds in operation prior to final

3   termination of this action, and development and implementation of

4   a process for forecasting and planning for adequate bed and

5   treatment space for the mentally ill inmate population going

6   forward.

7        The court recognizes the complexities inherent in the tasks

8   required by the foregoing.  At the status conference, defendants

9   informed the court that they are still contracting with John

10  Misener and McManis Consulting to project future mental health

11  population and bed needs.  That is encouraging information.  At

12  this juncture, the court will require defendants to confirm that

13  their revised mental health bed plan (the so-called "Blueprint"),

14  see Defs. Ex Parte Req. filed June 12, 2012 (ECF No. 4196) at 4,

15  provides for a sufficient number of mental health beds required

16  through December 2016 for the mental health population projected

17  in the Spring 2014 population projections, and to develop a new

18  bed plan if it does not.  This determination shall be made in

19  consultation with the Special Master with notice to plaintiffs'

20  counsel at the discretion of the Special Master.  Not later than

21  June 13, 2014, defendants shall report to the court on whether

22  the Blueprint is sufficient to meet the bed needs of the mental

23  health population projected through December 2016 by the Spring

24  2014 population projections.

25       Defendants shall also develop a process for forecasting and

26  planning for adequate bed and treatment space for the mentally

27  ill inmate population thereafter.  Defendants shall assume

28  primary responsibility for the development of this process, which

1  shall be overseen by the Special Master to provide guidance and
2  expertise where necessary, to ensure its timely completion, and
3  to ensure that plaintiffs are provided notice and an opportunity
4  for input as appropriate.[9,10]

5       In accordance with the above, IT IS HEREBY ORDERED that:

6            1.  Defendants January 21, 2014 motion regarding their
7                long-range mental health bed plan (ECF No. 4984) is
8                granted in part as follows:

9                a.  Defendants are granted an extension of time
10                   until March 31, 2014 to fully activate the LAC
11                   project;

12               b.  The deadline for full activation of the CCWF
13                   project is extended.  Defendants are ordered to
14                   complete that project by June 2015 and to
15                   accelerate its completion if feasible.
16                   Defendants shall forthwith file a new
17                   activation schedule for the CCWF project.  The
18                   notice and reporting provisions of this court's
19                   January 4, 2010 order (ECF No. 3761) shall
20                   apply in full force to this project, including
21                   but not limited to monthly reports as to
22                   whether the project has been or can be
23                   accelerated.  No interim completion dates set

24  _____

25  [9] The court will not set a specific deadline for completion of
    this task in this order, but expects defendants to work
26  diligently to complete it.

27  [10] The court expects all parties to take all steps necessary to
    reduce or eliminate potential disputes as they arise and to work
28  diligently to avoid further litigation in these areas.

1              in the new activation schedule shall be

2              extended without leave of court.

3         c.  Defendants are granted an extension of time to

4              fully activate all mental health units at CHCF.

5              Defendants shall provide monthly updates to

6              this court and to the Special Master until this

7              task is accomplished.  On or before March 24,

8              2014 defendants shall file with the court and

9              serve on the Special Master and plaintiffs a

10             written report to this court on the status of

11             resolution of the deficiencies at CHCF

12             identified by the Plata Receiver.  In addition,

13             defendants shall include in the first monthly

14             status report the results of their review of

15             whether the current salary schedule for prison

16             psychiatrists is competitive both within

17             California and nationally.

18        2.  The deadline for the Special Master to file his

19             report on inpatient care is extended to April 30,

20             2014.

21        3.  On or before June 13, 2014, defendants shall report

22             to the court on whether their revised mental health

23             bed plan (the Blueprint) is sufficient to meet the

24             bed needs of the mental health population projected

25             through December 2016 by the Spring 2014 population

26             projections.

27        4.  Defendants shall develop a process for forecasting

28             and planning for adequate bed and treatment space

1          for the mentally ill inmate population going

2          forward.  Defendants shall assume primary

3          responsibility for development of this process,

4          which shall be overseen by the Special Master in

5          accordance with this order.

6     DATED:   March 18, 2014.

7

8

9

10    LAWRENCE K. KARLTON
      SENIOR JUDGE
11    UNITED STATES DISTRICT COURT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              13