KAMALA D. HARRIS
Attorney General of California
JAY C. RUSSELL
PATRICK R. MCKINNEY
Supervising Deputy Attorneys General
CHRISTINE M. CICCOTTI, State Bar No. 238695
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone:  (916) 324-5345
 Fax:  (916) 324-5205
 E-mail:  Debbie.Vorous@doj.ca.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>**EDMUND G. BROWN JR., et al.,**<br><br>　　　　　　　　　　　Defendants. | 2:90-cv-00520 LKK DAD PC<br><br>**RESPONSE TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE** |

Defendants hereby respond to this Court's Order of March 6, 2014 (ECF No. 5095) granting Plaintiffs' Request for Judicial Notice of two documents (Pls. Req. for Judicial Notice, Mar. 3, 2014, ECF No. 5093), and directing Defendants to respond to the newly admitted evidence. Defendants have adequately addressed the Inspector General's recommendations regarding housing for female inmates who cannot be housed in general population because of enemy or safety concerns.

**RESPONSE**

**I.  DEFENDANTS HAVE ADDRESSED THE ISSUES RAISED BY THE INSPECTOR GENERAL THROUGH THE SYSTEMIC PROCESS OF REPORTING AND CORRECTIVE ACTION.**

**A.  The Inspector General's Recommendations Apply to 13 *Coleman* Class Members, and are Addressed by the Central California Women's Facility's New Local Operating Procedure.**

To clarify the concerns raised in the context of this litigation, the number of *Coleman* class members at issue is small. As of March 14, 2014, only 13 *Coleman* class members—all at the Correctional Clinical Case Management System level of care—are serving a security housing unit term for refusing assigned housing or due to enemy or safety concerns. Of those 13 inmates, eight are housed in the administrative segregation unit at the Central California Women's Facility for refusal to accept assigned housing, and the remaining five are housed in the security housing unit at the California Institution for Women for enemy or safety concerns.[1] (Decl. of Jay Virbel (Virbel Decl.), Mar. 19, 2014.)

Defendants have addressed the following five recommendations in the report regarding female inmates serving security housing unit terms for refusal to accept assigned housing or having enemy/safety concerns:

> 1. CDCR should consider discontinuing imposing security housing unit terms on female inmates for refusing to accept assigned housing as long as it is unable to provide a sensitive needs yard or

---

[1] The Inspector General's report stated that 160 female inmates were serving security housing unit terms, but this figure includes inmates not in the *Coleman* class, and represents the total number of inmates serving such a term at any time between October 9 and October 31, 2013. This figure over represents the total number of inmates because it counts all admissions during a 22 day time frame. (Pls. Req. for Judicial Notice, Ex. A, at 10, ECF No. 5093.)

1

1. other alternative housing. (Pls. Req. for Judicial Notice, Ex. A, Finding No. 1, ECF No. 5093.)

2. CDCR should consider developing alternative housing for female inmates with enemy/safety concerns. (*Id.* at Finding No. 2.)

3. CDCR should develop a process to ensure the safety concerns raised by inmates who refuse to accept housing are thoroughly investigated. (*Id.* at Finding No. 3.)

4. CDCR should reiterate that an inmate endorsed for and awaiting transfer to a security housing unit, should receive the same property and privileges as an inmate actually serving a security housing unit term in a security housing unit. (*Id.* at Finding No. 4.)

5. If CDCR is going to continue housing security housing inmates at CCWF's administrative segregation unit, it should provide these inmates with the property and privileges of security housing unit inmates; ensure these inmates are offered at least ten hours of outside exercise; and develop rehabilitation programs such as literacy, GED preparation, and college courses to these inmates who are housed 90 days or more in administrative segregation. (*Id.* at Finding No. 8.)

On March 11, 2014, the Warden of the Central California Women's Facility approved a new local operational procedure dedicating a housing unit (A-Yard) for inmates who cannot be housed in the general population, have validated and documented irreconcilable enemy concerns, and who do not have any enemy concerns within the A-Yard. (Decl. of Deborah Johnson, Ex. 1, Mar. 20, 2014.) Inmates in A-Yard will have contact visiting hours, canteen privileges, telephone privileges, and significant access to the yard and dayroom. (*Id.*)

The new operating procedure addresses each of the Inspector General's five findings regarding this very small subset of eight *Coleman* class members. Defendants anticipate that implementation will begin in approximately 45 days. (Johnson Decl., at 3, Mar. 20, 2014.)

B. **Defendants Have Addressed the Inspector General's Remaining Recommendations.**

The Inspector General's remaining findings, none of which relate to housing concerns, are addressed in the attached declaration of Jay Virbel, Associate Director for the Division of Adult Institutions. (Virbel Decl., Mar. 19, 2014.)

/ / /

/ / /

Defendants addressed Finding No. 5 (regarding expanded property privileges for security housing unit inmates) by agreeing to ensure that the California Institute for Women follows the property matrices attached to the report for female security housing unit inmates, and will conduct additional training to ensure staff are affording inmates the appropriate property and privileges. (Virbel Decl. at 3.) Additionally, the new A-Yard at the Central California Women's Facility will provide regular general population property and privileges to its female inmate population. (*Id.*)

Defendants addressed Finding No. 6 (regarding exercise equipment) by noting that the Central California Women's Facility and the California Institute for Women provide basketballs, racquetballs, or medicine balls. (Virbel Decl. at 4.) The Central California Women's Facility is also installing pull up bars in the special management yards. (*Id.*)

As to Finding No. 7 (regarding pre-release planning services), the library offers a resource planning directory available to inmates upon request. (Virbel Decl. at 4.) The resource planning directory contains information about family services, substance abuse, housing assistance, legal services, vocational services, clothing, transportation, disability assistance, document identification, mental health services, food services, homeless assistance, gender-specific female services, educational services, AIDS/HIV information and assistance for veterans. (*Id.*) Additionally Parole Planning Placement staff meet with inmates prior to their release to discuss these issues. (*Id.*)

As to Finding No. 9 regarding the confidentiality of attorney-client visits, at CIW attorney visiting hours are Monday through Friday from 10 a.m to 4 p.m. If multiple attorneys request visits at the same time, the attorneys are asked whether they want to stagger their visit times so they can use the non-contact visiting area alone, for greater confidentiality, or whether they all agree to the use of the non-contact visiting attorney area with multiple attorneys and clients present. (Virbel Decl. at 4.)

**C.  The Inspector General's Report and Defendants' Response Is Evidence of a System that Appropriately Identifies and Corrects Issues.**

Once again, instead of allowing Defendants to utilize independent State systems in place to identify and correct concerns or issues, Plaintiffs seek to improperly use the Inspector General's

3

1 report to obtain intrusive remedial orders. The independent Inspector General is tasked with,
2 among other things, conducting reviews of specific CDCR policies or procedures at the request of
3 the Governor or the state Legislature. Cal. Penal Code § 6126(a). As detailed above, CDCR
4 appropriately addresses and responds to reviews by the Inspector General, including addressing
5 recommended corrective actions. The State's system for independent oversight, identification of
6 issues, and corrective action within the prison system should be allowed to operate without
7 continued interference by Plaintiffs. Moreover, as discussed above, the relevance of the Inspector
8 General's report to the *Coleman* matter is minimal, as there are only 13 class members affected
9 by it, all of whom receive the lowest level of mental health care, in the Correctional Clinical Case
10 Management System, and are thus, not defined as seriously mentally ill. (Mental Health Services
11 Delivery System Program Guide [2009 Revision], at 12-1-7.)

**II.   THE INDIVIDUAL SUICIDE REPORT ATTACHED TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IS AN ISOLATED EXAMPLE AND NOT DEMONSTRATIVE OF ANY SYSTEMIC ISSUE.**

14 Plaintiffs' request for judicial notice argues that the suicide notification of an individual
15 class member at Pelican Bay State Prison is relevant because the member died after being held in
16 non-disciplinary administrative segregation for 39 days. (Pls. Req. for Judicial Notice, at 3, ECF
17 No. 5093.) This isolated incident, which occurred within the 60 day time frame for retaining
18 Correctional Clinical Case Management System inmates in segregation for non-disciplinary
19 purposes, is not evidence of a systemic issue. Plaintiffs' repeated efforts to bolster their deficient
20 evidence with isolated examples should be rejected.
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

**CONCLUSION**

Plaintiffs' use of the State's own Inspector General system for identifying and correcting issues only hampers Defendants' ability to candidly address problems.  Nevertheless, Defendants have remedied the Inspector General's relevant findings by establishing a new yard for non-disciplinary female inmates who cannot be housed in the general population.

Dated:   March 20, 2014

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
PATRICK R. MCKINNEY
Supervising Deputy Attorney General

/s/ *Christine M. Ciccotti*

CHRISTINE M. CICCOTTI
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003
31930780_2.doc