UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No. CIV. S-90-520 LKK/DAD (PC) |
| Plaintiffs, | |
| v. | **ORDER** |
| EDMUND G. BROWN, JR., et al., | |
| Defendants. | |

On March 19, 2014, plaintiffs filed an application for leave to file out of time a reply brief on defendants' revisions to their use of force policies. (ECF No. 5118.) Plaintiffs acknowledge that pursuant to the court's January 23, 2014 order (ECF No. 5021) their reply was due on March 13, 2014, and that the deadline has passed. They explain that their failure to timely file the reply was inadvertent and occurred because they were focused on responding to additional changes in the use of force policies that were attached to a Declaration of Michael Stainer filed on March 12, 2014. In addition to the reply brief, plaintiffs seek to tender comments from their use of force expert, Eldon Vail, on the further policy revisions.

1

At this juncture, the court has before it extensive evidence and argument from the parties concerning the use of force issues at bar.  Moreover, as the court has observed more than once, the remedial process in this case represents and requires ongoing effort while the evidentiary hearing must necessarily focus on a snapshot in time.  Put another way, resolution of the motions at bar requires a balance between consideration of relevant evidence and closure of the record in order to permit adjudication of the motion.  The time to close the record has passed and plaintiffs' use of force motion is submitted.  The court will not take further argument or evidence on that motion prior to ruling thereon.[1]

In accordance with the above, IT IS HEREBY ORDERED that plaintiffs' March 19, 2014 application for leave to file a late reply brief is denied.  The proposed reply and accompanying declaration (ECF No. 5119) is stricken from the record.

DATED: March 27, 2014.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] This order is without prejudice to the right of any party to seek reconsideration of specific parts of the court's ruling should events that intervened after the record was closed warrant such reconsideration.