DONALD SPECTER – 083925
STEVEN FAMA – 099641
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LISA ELLS – 243657
AARON J. FISCHER – 247391
MARGOT MENDELSON – 268583
KRISTA STONE-MANISTA – 269083
ROSEN BIEN
GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830

JON MICHAELSON – 083815
JEFFREY L. BORNSTEIN – 099358
RANJINI ACHARYA – 290877
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, California 94111-5994
Telephone: (415) 882-8200

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California 94104-4244
Telephone: (415) 864-8848

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>Defendants. | Case No. 2:90-cv-0520 LKK DAD<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST TO MODIFY BED PLAN**<br><br>Judge: Hon. Lawrence K. Karlton |

[1146371-1]

1     On March 10, 2014, Defendants' counsel appeared at a status conference before this
2 Court concerning Defendants' bed plan and requests for relief from this Court's deadlines
3 for activation of various critical projects, and made no mention of construction or
4 activation delays at the DeWitt Nelson Correctional Annex ("DeWitt Nelson") in Stockton,
5 California.  This Court's current deadline for full activation of the DeWitt facility is May
6 31, 2014.  (*See* Dkt. No. 4199.)
7     Two weeks later, on March 24, 2014, Defendants filed a status report and request to
8 the Court in which they now seek an extension of time for activation of the DeWitt Nelson
9 facility with no new deadline for full activation.  (*See* Dkt. No. 5123 at 3-4.)  Plaintiffs
10 oppose an open-ended extension and ask the Court to set a new deadline of August 29,
11 2014 for full activation of the DeWitt Nelson facility, a 90-day extension from the current
12 deadline of May 31, 2014.
13     Instead of fully apprising this Court of the problems with DeWitt Nelson's
14 activation during the briefing or at the hearing on their Bed Plan motion, Defendants chose
15 to wait until several weeks later and file the instant "request" for an indefinite extension of
16 time for activation.  The delays in activation of DeWitt Nelson were no surprise to
17 Defendants, who were well aware that the severe operational difficulties encountered at the
18 California Health Care Facility ("CHCF") would have ripple effects for DeWitt Nelson, as
19 noted in Plaintiffs' Response to Defendants' Bed Plan motion.  (*See* Dkt. No. 5052 at 11-
20 12.)  The Receiver reported on February 3, 2014 that he was "reserving judgment as to
21 whether [DeWitt Nelson] can be permitted to open as scheduled" due to the supply linkage
22 between DeWitt Nelson and CHCF.  (*See* Dkt. No. 5036, at 31 of 48.)  Defendants chose
23 to relegate these concerns to a footnote in their February 21, 2014 Reply brief regarding
24 their bed plan motion, stating only that they were working "to address any potential impact
25 to" the activation of DeWitt Nelson.  (*See* Dkt. No. 5076 at 5 n.3.)  Defendants' request
26 also does not disclose their current schedule for the full activation of DeWitt Nelson.
27 Their April 2014 activation update, provided to the Special Master and Plaintiffs' counsel
28 on April 3, 2014, states that patient intake at DeWitt Nelson is now scheduled to begin on

1

PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST TO MODIFY BED PLAN

June 27, 2014, and that the mental health housing unit will not be fully occupied until December 30, 2014 – seven months after this Court's current deadline.  *See* Stone-Manista Decl., filed herewith, Exhibit C.

As discussed in detail in Plaintiffs' Response to Defendants' last request for open-ended extensions of time to comply with this Court's orders for activation of various mental health facilities, there remain an insufficient number of appropriate mental health program beds and long delays in transfer to those beds.  (*See* Dkt. No. 5052.)  Bed needs projections for Enhanced Outpatient Program ("EOP") beds in particular have increased significantly, and the current EOP population outstrips the available number of beds in CDCR's system by several hundred prisoners.  *See* Stone-Manista Decl., filed herewith, Exhibit A (371 more EOP prisoners than beds as of January 31, 2014); *see also* Dkt. No. 5052 at 9-10.  The DeWitt Nelson facility for which Defendants seek an indefinite delay in activation is planned to have 375 EOP-General Population beds and 50 EOP-Administrative Segregation beds.  In addition, Defendants continue to demonstrate that they are incapable of timely transferring EOP inmate-patients to appropriate beds.  *See* Stone-Manista Decl., filed herewith, Exhibit B (only 52 EOP prisoners transferred out of 131 requested bus transfers during week of February 3, 2014); *see also* Dkt. No. 5052 at 10.  Defendants have presented no evidence as to how they intend to address this ongoing problem, particularly in light of the new delay to the Dewitt Nelson activation.  As Plaintiffs have recently demonstrated at trial, EOP class members are being subjected to inappropriate and dangerous placements in non-EOP beds and even segregation units for non-disciplinary reasons (*e.g.*, waiting to transfer).  (*See also* Dkt. No. 5052 at 11.)

Defendants have also failed to explain how they intend to address the staffing difficulties that have hindered the opening of CHCF and will likely impact activation of DeWitt Nelson.  (*See* Dkt. No. 5052 at 12-13.)  Defendants' activation update states that "[h]iring of key mental health and medical positions [at Dewitt Nelson] is behind schedule," *see* Stone-Manista Decl. Ex. C, but their filing with this Court offers no information regarding what steps are being taken to address the longstanding problem of

[1146371-1]

2
PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST TO MODIFY BED PLAN

1  staffing shortages as it may affect the Stockton facilities.  Instead, it only states that
2  CDCR's "prison psychiatrist salaries are within the range of comparable private and public
3  sector salaries" and that Defendants have the ability to hire above the minimum salary if
4  necessary.(*See* Dkt. No. 5123 at 3.)
5      Defendants' constitutional violations with respect to the provision of adequate and
6  appropriate mental health beds continue, and this Court should not accept an open-ended
7  extension in which to complete the much-needed activation of DeWitt Nelson.  The Court
8  should order Defendants to submit a plan as to how they intend to provide timely access to
9  EOP level of care to all class members requiring such care, with specificity and firm
10 deadlines.  A 90-day extension would permit Defendants to address the concerns identified
11 in their request while maintaining the necessary level of urgency for completion of the bed
12 plan.

13 DATED: April 4, 2014        Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Krista Stone-Manista*
    Krista Stone-Manista

Attorneys for Plaintiffs

[1146371-1]

3
PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST TO MODIFY BED PLAN