| | |
|---|---|
| DONALD SPECTER – 083925<br>STEVEN FAMA – 099641<br>PRISON LAW OFFICE<br>1917 Fifth Street<br>Berkeley, California 94710-1916<br>Telephone: (510) 280-2621 | MICHAEL W. BIEN – 096891<br>JANE E. KAHN – 112239<br>ERNEST GALVAN – 196065<br>THOMAS NOLAN – 169692<br>LISA ELLS – 243657<br>AARON J. FISCHER – 247391<br>MARGOT MENDELSON – 268583<br>KRISTA STONE-MANISTA – 269083<br>ROSEN BIEN<br>GALVAN & GRUNFELD LLP<br>315 Montgomery Street, Tenth Floor<br>San Francisco, California 94104-1823<br>Telephone: (415) 433-6830 |
| JON MICHAELSON – 083815<br>JEFFREY L. BORNSTEIN – 099358<br>RANJINI ACHARYA – 290877<br>K&L GATES LLP<br>4 Embarcadero Center, Suite 1200<br>San Francisco, California 94111-5994<br>Telephone: (415) 882-8200 | CLAUDIA CENTER – 158255<br>THE LEGAL AID SOCIETY –<br>EMPLOYMENT LAW CENTER<br>180 Montgomery Street, Suite 600<br>San Francisco, California 94104-4244<br>Telephone: (415) 864-8848 |

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>  Defendants. | Case No. 2:90-cv-0520 LKK DAD<br><br>**PLAINTIFFS' *AMENDED AND SUPERSEDING* RESPONSE TO DEFENDANTS' REQUEST TO MODIFY BED PLAN**<br><br>Judge: Hon. Lawrence K. Karlton |

[1146936-1]

PLAINTIFFS' AMENDED AND SUPERSEDING RESPONSE

\* \* \*

Plaintiffs, by and through their counsel submit this amended response to replace the Response submitted as Docket No. 5126, and withdraw in its entirely the Response submitted as Docket No. 5126.

\* \* \*

On March 10, 2014, Defendants' counsel appeared at a status conference before this Court concerning Defendants' bed plan and requests for relief from this Court's deadlines for activation of various critical projects, and made no mention of construction or activation delays at the DeWitt Nelson Correctional Annex ("DeWitt Nelson") in Stockton, California. This Court's current deadline for full activation of the DeWitt facility is May 31, 2014. (*See* Dkt. No. 4199.)

Two weeks later, on March 24, 2014, Defendants filed a status report and request to the Court in which they now seek an extension of time for activation of the DeWitt Nelson facility with no new deadline for full activation. (*See* Dkt. No. 5123 at 3-4.) Plaintiffs do not oppose the extension, but ask that the Court set a deadline for the parties to meet and confer regarding Defendants' progress in remedying the systemic harms caused by the delay, and to develop a new activation scheduled. Plaintiffs request that such a meet and confer be required within the next 30 days.

Instead of fully apprising this Court of the problems with DeWitt Nelson's activation during the briefing or at the hearing on their Bed Plan motion, Defendants chose to wait until several weeks later and file the instant "request" for an indefinite extension of time for activation. The delays in activation of DeWitt Nelson were no surprise to Defendants, who were well aware that the severe operational difficulties encountered at the California Health Care Facility ("CHCF") would have ripple effects for DeWitt Nelson, as noted in Plaintiffs' Response to Defendants' Bed Plan motion. (*See* Dkt. No. 5052 at 11-12.) The Receiver reported on February 3, 2014 that he was "reserving judgment as to whether [DeWitt Nelson] can be permitted to open as scheduled" due to the supply linkage between DeWitt Nelson and CHCF. (*See* Dkt. No. 5036, at 31 of 48.) Defendants chose

[1146936-1]

1

PLAINTIFFS' AMENDED AND SUPERSEDING RESPONSE

1  to relegate these concerns to a footnote in their February 21, 2014 Reply brief regarding
2  their bed plan motion, stating only that they were working "to address any potential impact
3  to" the activation of DeWitt Nelson.  (*See* Dkt. No. 5076 at 5 n.3.)  Defendants' request
4  also does not disclose their current schedule for the full activation of DeWitt Nelson.
5  Their April 2014 activation update, provided to the Special Master and Plaintiffs' counsel
6  on April 3, 2014, states that patient intake at DeWitt Nelson is now scheduled to begin on
7  June 27, 2014, and that the mental health housing unit will not be fully occupied until
8  December 30, 2014 – seven months after this Court's current deadline.  *See* Stone-Manista
9  Decl., filed herewith, Exhibit C.
10         As discussed in detail in Plaintiffs' Response to Defendants' last request for open-
11 ended extensions of time to comply with this Court's orders for activation of various
12 mental health facilities, there remain an insufficient number of appropriate mental health
13 program beds and long delays in transfer to those beds.  (*See* Dkt. No. 5052.)  Bed needs
14 projections for Enhanced Outpatient Program ("EOP") beds in particular have increased
15 significantly, and the current EOP population outstrips the available number of beds in
16 CDCR's system by several hundred prisoners.  *See* Stone-Manista Decl., filed herewith,
17 Exhibit A (371 more EOP prisoners than beds as of January 31, 2014); *see also* Dkt. No.
18 5052 at 9-10.  The DeWitt Nelson facility for which Defendants seek an indefinite delay in
19 activation is planned to have 375 EOP-General Population beds and 50 EOP-
20 Administrative Segregation beds.  In addition, Defendants continue to demonstrate that
21 they are incapable of timely transferring EOP inmate-patients to appropriate beds.  *See*
22 Stone-Manista Decl., filed herewith, Exhibit B (only 52 EOP prisoners transferred out of
23 131 requested bus transfers during week of February 3, 2014); *see also* Dkt. No. 5052 at
24 10.  Defendants have presented no evidence as to how they intend to address this ongoing
25 problem, particularly in light of the new delay to the Dewitt Nelson activation.  As
26 Plaintiffs have recently demonstrated at trial, EOP class members are being subjected to
27 inappropriate and dangerous placements in non-EOP beds and even segregation units for
28 non-disciplinary reasons (*e.g.*, waiting to transfer).  (*See also* Dkt. No. 5052 at 11.)

[1146936-1]

2
PLAINTIFFS' AMENDED AND SUPERSEDING RESPONSE

Defendants have also failed to explain how they intend to address the staffing difficulties that have hindered the opening of CHCF and will likely impact activation of DeWitt Nelson. (*See* Dkt. No. 5052 at 12-13.) Defendants' activation update states that "[h]iring of key mental health and medical positions [at Dewitt Nelson] is behind schedule," *see* Stone-Manista Decl. Ex. C, but their filing with this Court offers no information regarding what steps are being taken to address the longstanding problem of staffing shortages as it may affect the Stockton facilities. Instead, it only states that CDCR's "prison psychiatrist salaries are within the range of comparable private and public sector salaries" and that Defendants have the ability to hire above the minimum salary if necessary.(*See* Dkt. No. 5123 at 3.)

Defendants' constitutional violations with respect to the provision of adequate and appropriate mental health beds continue. Plaintiffs do not oppose the extension sought regarding DeWitt, but ask that the Court set a deadline for the parties to meet and confer regarding Defendants' progress in remedying the systemic harms caused by the delay, and to develop a new activation scheduled. Plaintiffs request that such a meet and confer be required within the next 30 days.

DATED: April 4, 2014         Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Krista Stone-Manista*
    Krista Stone-Manista

Attorneys for Plaintiffs

[1146936-1]

3
PLAINTIFFS' AMENDED AND SUPERSEDING RESPONSE