DONALD SPECTER – 083925
STEVEN FAMA – 099641
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California  94710-1916
Telephone:    (510) 280-2621

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LISA ELLS – 243657
AARON J. FISCHER – 247391
MARGOT MENDELSON – 268583
KRISTA STONE-MANISTA – 269083
ROSEN BIEN
GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California  94104-1823
Telephone:    (415) 433-6830

JON MICHAELSON – 083815
JEFFREY L. BORNSTEIN – 099358
RANJINI ACHARYA – 290877
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, California  94111-5994
Telephone:    (415) 882-8200

CLAUDIA CENTER – 158255
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California  94111-4805
Telephone:    (415) 621-2493

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EDMUND G. BROWN, JR., et al., <br><br> Defendants. | Case No. 2:90-cv-0520 LKK DAD <br><br> **[PROPOSED] ORDER RE: PLAINTIFFS' RESPONSE TO THE SPECIAL MASTER'S REPORT ON ADEQUACY OF INPATIENT MENTAL HEALTH CARE FOR CDCR INMATES AND REQUEST FOR ADDITIONAL ORDERS** <br><br> Judge:   Hon. Lawrence K. Karlton |

[1229009-5]

Upon review of the Special Master's May 30, 2014 Report on Adequacy of Inpatient Mental Health Care for CDCR Inmates ("the Report") (Dkt. No. 5156), the Court finds that Defendants' current policies and practices governing their inpatient treatment programs subject *Coleman* class members to substantial risk of unnecessary and avoidable pain, suffering, and suicide. Each individual remedial order set forth below is narrowly tailored and is the least intrusive means necessary to ensure members of the *Coleman* class receive access to timely and clinically appropriate mental health treatment.

It is hereby ORDERED that:

1.      The findings in the Report are adopted in full.

2.      The recommendations of the Special Master in the Report are adopted in full:

(a)      The Special Master is hereby directed to review further all six inpatient programs, by means of paper review of the CIW PIP and CSH, and by on-site monitoring of ASH, the CHCF, SVPP and VPP. Following the conclusion of his further review, the Special Master is directed to report his findings and conclusions to the Court, on or before December 31, 2014.

(b)      CDCR and DSH, under the guidance of the Special Master and his staff, and with input from Plaintiffs, are hereby directed to review and re-evaluate the use of orientation, cuff status, DPS, and the steps/stages processes and any variations therein at the six inpatient programs, and whether those policies, as designed and implemented, achieve the proper balance between legitimate security needs and access to necessary inpatient mental health care. The Special Master is directed to report to the Court on the results of this review and re-evaluation following its conclusion, on or before December 31, 2014.

(c)      CDCR and DSH, under the guidance of the Special Master and his staff, and with input from Plaintiffs, are hereby directed to review and re-evaluate existing clinical staffing levels in the six inpatient programs and their effect on the delivery of treatment to CDCR patients in those programs, and to the extent indicated, develop a plan to adjust clinical staffing levels where necessary to ensure that adequate and sufficient

1  treatment can be delivered to CDCR patients at those programs.  The Special Master is

2  directed to report to the Court on the results of this review and re-evaluation following its

3  conclusion, on or before December 31, 2014.

4      3.      CDCR and DSH are directed to work with the Special Master and his staff,

5  and with input from Plaintiffs, to develop minimum treatment hours requirements for all

6  inpatient programs.  The Special Master shall report to the Court on the results of this

7  process on or before December 31, 2014.  Defendants are further directed to immediately

8  take all necessary steps to improve the quantity and quality of mental health care in its

9  inpatient programs, and to develop and implement a plan to do so under the guidance of

10  the Special Master, in consultation with Plaintiffs, within the next 60 days.

11      4.      CDCR and DSH, with the assistance of the Special Master and his staff, and

12  with input from Plaintiffs, shall be directed to review and revise their policies, procedures,

13  and practices within the next 60 days to conform to the dictates of this Court's August 8,

14  2008 order and to explicitly prohibit inpatient programs discharging class members from

15  inpatient care for any non-clinical reason, including but not limited to reentry planning for

16  parole.  CDCR and DSH must also require and establish local policies, procedures, and

17  staffing to assure that prisoners will be paroled directly from inpatient psychiatric

18  programs.  The Special Master shall report to the Court on this issue on or before

19  December 31, 2014.

20      5.      Defendants shall immediately cease reporting to this Court or the Special

21  Master transfer timeliness based on referral date, rather than acceptance date.  Defendants

22  are further ordered to include each patient's IDTT referral date and to track and report on

23  bed assignments for all inpatient programs as part of the existing DSH monthly data

24  production.  Finally, Defendants shall be directed to work with the Special Master and his

25  staff, with input from Plaintiffs, to review their referral, acceptance, and transfer policies

26  and procedures to determine whether their inability to comply with the Program Guide

27  dictates is the result of a bed shortfall or deficiencies in their processes.   The Special

28  Master is directed to report to the Court the results of this review and any

1  recommendations regarding necessary steps to ensure transfer timeline compliance on or

2  before December 31, 2014.

3       6.    The Wardens and the DSH inpatient program administrators at SVPP and

4  CHCF are hereby ordered to jointly  report to the Special Master on a monthly basis

5  regarding the steps they are taking to immediately resolve any and all issues with, and

6  obstacles to, providing patients at SVPP and CHCF with the full complement of clean,

7  appropriate-sized clothing, towels, and bed coverings, as well as personal hygiene

8  supplies, and to provide those items to patients on a timely, scheduled basis.

9       7.    The findings and required remedial steps outlined in this Court's April 10,

10  2014 Order (Dkt. No. 5131) apply to Defendants' use-of-force and disciplinary policies

11  and procedures in all inpatient programs treating *Coleman* class members.  Any remedial

12  plans proffered by Defendants in satisfaction of that Order's dictates must include policies

13  and procedures applicable to Defendants' inpatient programs.

14       8.    Defendants are prohibited from utilizing cages, or treatment modules, in their

15  inpatient programs.  Any cages already in place in any inpatient program must be removed

16  within 7 days of the date of this order.

17       9.    Within 30 days of this Order, the program director or designee for each of

18  Defendants' six inpatient programs is directed to file a written response to the Special

19  Master's program-specific findings, to include any relevant updated information or data, as

20  well as any corrective action steps the program has taken, or plans to take, to address the

21  findings of ongoing deficiencies in the respective program.

22

23  DATED:  July ___, 2014

24

25                                    _____

26                                    Hon. Lawrence K. Karlton

27

28

[1229009-5]

3

[PROPOSED] ORDER RE: PLS.' RESPONSE TO SPECIAL MASTER'S REPORT ON ADEQUACY OF
INPATIENT CARE AND REQUEST FOR ADDITIONAL RECOMMENDATIONS AND ORDERS