DONALD SPECTER – 083925
STEVEN FAMA – 099641
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California  94710-1916
Telephone:   (510) 280-2621

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LISA ELLS – 243657
AARON J. FISCHER – 247391
MARGOT MENDELSON – 268583
KRISTA STONE-MANISTA – 269083
ROSEN BIEN
GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California  94104-1823
Telephone:   (415) 433-6830

JON MICHAELSON – 083815
JEFFREY L. BORNSTEIN – 099358
RANJINI ACHARYA – 290877
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, California  94111-5994
Telephone:   (415) 882-8200

CLAUDIA CENTER – 158255
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California  94111-4805
Telephone:   (415) 621-2493

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>    Defendants. | Case No. 2:90-cv-0520 LKK DAD<br><br>**NOTICE OF PLAINTIFFS' REQUEST TO FILE UNDER SEAL PURSUANT TO LOCAL RULE 141**<br><br>Judge:  Hon. Lawrence K. Karlton |

[1229777-1]

1     Pursuant to Local Rule 141, Notice is hereby given that Plaintiffs have submitted to
2 the Court by email a Request to File Under Seal ("Request") a document entitled
3 "Confidential Declaration of Aaron Fischer in Support of Plaintiffs' Response to the
4 Special Master's Report on the Adequacy of Inpatient Mental Health Care for CDCR
5 Inmates and Request for Additional Orders" ("Confidential Fischer Declaration"). The
6 exhibit attached to the Confidential Fischer Declaration contains confidential class member
7 information covered by the protective order in this case, attached hereto.

8     The Request, Confidential Fischer Declaration, and accompanying Proposed Order
9 were served on Defendants in this action by overnight mail on June 30, 2014 pursuant to
10 Local Rule 141.

12 DATED: June 30, 2014          Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Lisa Ells*
    Lisa Ells

Attorneys for Plaintiffs

[1229777-1]

```
 1  OFFICE OF THE ATTORNEY GENERAL OF THE STATE OF CALIFORNIA
    DANIEL E. LUNGREN, Attorney General
 2  of the State of California
    DENNIS ECKHART
 3  Supervising Deputy Attorney General
    1515 K Street, Suite 511
 4  Sacramento, California  95814
    (916) 323-8987
 5
    Attorneys for the State of California Department
 6    of Health Services

 7  HELLER, EHRMAN, WHITE & MCAULIFFE
    RICHARD L. GOFF
 8  AMELIA A. CRAIG
    INGRID S. LEVERETT
 9  STEPHANIE M. HINDS
    333 Bush Street
10  San Francisco, California  94104-2878
    (415) 772-6000
11
    Attorneys for Plaintiffs
```

FILED
JUL 29 1992
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

LODGED
JACK L. WAGNER, CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN,

    Plaintiff,

v.

PETE WILSON, et al.,

    Defendants

) No. CIV S 90-0520 LKK-JFM
)
) STIPULATED PROTECTIVE ORDER
) BETWEEN PLAINTIFFS AND THE
) STATE OF CALIFORNIA DEPARTMENT
) OF HEALTH SERVICES RE
) CONFIDENTIALITY OF PATIENT AND
) INMATE RECORDS
)
)
)

IT IS ORDERED that the following provisions shall apply to all State of California Department of Health Services' records which identify any patient or inmate and which are obtained in this action by counsel for plaintiffs:

1. This order covers all documents and information obtained in this action by plaintiffs' counsel which identifies a patient or inmate other than the named plaintiffs in this action.

2. All such documents and information obtained in this action by plaintiffs' counsel shall be regarded as confidential and subject to this Protective Order. Such material is hereinafter referred as to "confidential material."

3. The confidential material may be disclosed only to the following persons:

   a. Counsel of record for plaintiffs in this action;

   b. Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel of record for plaintiffs;

   c. Court personnel and stenographic reporters engaged in such proceedings as are incidental to preparation for the trial in this action.

   d. Any outside expert or consultant retained by plaintiffs' counsel for purposes of this action;

   e. Witnesses to whom the confidential material may be disclosed during a deposition taken in this matter or otherwise during the preparation for trial and trial, provided that the witnesses may not leave any deposition with any copies of any of the confidential material, and shall be informed of and agree to by bound by the terms of this Order.

4. Each person to whom disclosure of confidential material is made shall, prior to the time of disclosure, be provided by the person furnishing such confidential material a copy of this Order, and shall agree on the record or in writing that they have read this Protective Order and understand and

1 | agree to be bound by its provisions. Such persons must also
2 | consent to be subject to the jurisdiction of the United States
3 | District Court for the Eastern District of California with
4 | respect to any proceeding relating to enforcement of this Order,
5 | including, without, limitation, any proceeding for contempt.
6 | Unless such agreement is made on the record, such as in court or
7 | during a deposition, the person making the disclosure shall
8 | retain the original of an executed written agreement until
9 | termination of this litigation, or until otherwise ordered by the
10 | Court. A copy of each such agreement will be furnished to
11 | counsel for DHS, upon order of the court.

12 |     5.   At the conclusion of the trial and any appeal, or
13 | upon other termination of this litigation, all confidential
14 | materials obtained by counsel for plaintiffs, and all copies of
15 | such material, in possession of counsel for plaintiffs shall
16 | returned to counsel for DHS.

17 |     6.   All confidential material obtained by counsel for
18 | plaintiffs shall be used solely in connection with this
19 | litigation, or related appellate proceeding, and not for any
20 | other purpose, including any other litigation.

21 |     7.   Any documents filed with the court that reveal
22 | confidential material shall be filed under seal, labeled with
23 | cover sheet bearing the case name and number and the statement:
24 | "This document is subject to a protective order issued by the
25 | court and may not be copied or examined except in compliance
26 | with that order." Documents so labeled shall be kept by the
27 | Clerk of this Court under seal and shall be made available only
28 | to the court or counsel. Upon failure to the filing party to so

STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY
OF PATIENT AND INMATE RECORDS     -3-

file a document under seal, any party may request that the Court place the filing under seal.

8. Nothing in this Order shall preclude a party from showing or disclosing to any person not listed in paragraph 3 of this Order, deposition transcripts, pleadings or briefs containing confidential material if the document containing such material has been masked or deleted so that no disclosure of confidential material occurs.

9. With the exception of documents contained in the confidential portions of patients' or inmates' central files, all documents produced under this Protective Order may be reviewed in a complete and unredacted form. The location of the file review shall be determined on a case-by-case basis. After such review, plaintiffs' attorneys may request copies of those documents they find relevant to their conduct of this litigation.

10. DHS may review the documents in the confidential portions of patients' or inmates' central files, and may review the other confidential material produced for initial review in complete and unredacted form, for the purpose of determining if there is any information which DHS contends should not further be disclosed because to do so would endanger the safety and security of an institution, or of any persons, including present or former patients, inmates or staff. If DHS determines that there are any documents containing such information, DHS may redact such information prior to providing copies to plaintiffs' attorneys of the remaining portions of the documents and shall properly notify plaintiffs' attorneys of the nature of the redacted information. If in the judgment of plaintiffs' attorneys, such information as

STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY
OF PATIENT AND INMATE RECORDS                -4-

has been redacted is necessary for the conduct of this litigation, such documents will be expeditiously presented to the court for *in camera* review to determine whether and to what extent they must be produced. Insofar as the court determines that any such information is subject to exclusion from production, the attorneys for plaintiffs and their legal assistants and consultants shall not disclose the information to any person for any purpose.

11. Attorneys for plaintiffs and their legal assistants and consultants shall not make copies of the confidential material obtained by them except as necessary for purposes of this litigation. Counsel for plaintiffs will maintain control over all copies obtained by them. All confidential material obtained by counsel for plaintiffs shall be kept in locked file cabinets. Only attorneys for plaintiffs and their legal assistants shall have access to these file cabinets or to the keys to these file cabinets. Counsel for plaintiffs shall maintain a record of all persons to whom they have afforded access to confidential material. Upon order of the court, DHS may inspect the record.

12. Each person who has been afforded access to confidential material shall not disclose or discuss the confidential material, including the identification, the location, or mental health status of a patient or inmate, to or with any person except as is necessary to this case, and then only in accordance with paragraph 3 and 4 of this Order.

STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY
OF PATIENT AND INMATE RECORDS                -5-

13. Confidential material respecting one patient or inmate shall not be disclosed to or discussed with any other patient or inmate or former patient or inmate.

14. Plaintiffs' counsel shall consult with a mental health professional to determine the necessity of having a mental health professional present at a file review conducted in the presence of a patient.

15. If a patient, or a class member, or other inmate or parolee, objects in writing to the disclosure of his or her confidential material, such material may not thereafter be disclosed unless the patient, inmate or parolee withdraws his or her objection, or the court so orders.

16. The foregoing provisions of this Order with the exception of paragraph 7 do not apply to DHS, its employees or representatives, or its consultants. Nothing in this Protective Order is intended to prevent officials or employees of the State of California or other authorized government officials, from having access to confidential material to which they would have access in the normal course of their official duties.

17. The provisions of this Protective Order are without prejudice to the right of any party: (a) To apply to the Court for a further protective order relating to any confidential material or relating to discovery in this litigation; (b) to apply to the Court for an order removing the confidential material designation from any documents; (c) to object to a discovery request; (d) to apply to the Court for an order compelling production of documents or modification of this Order

STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY
OF PATIENT AND INMATE RECORDS                -6-

or for any order permitting disclosure of confidential material beyond the terms of this Order.

18. The provisions of this Order shall remain in full force and effect until further order of this Court.

DATED: June 11, 1992
STATE OF CALIFORNIA DEPARTMENT OF JUSTICE

_Dennis Eckhart_

Attorney for the State of California
Department of Health Services


DATED: June 8, 1992
HELLER, EHRMAN, WHITE & McAULIFFE

_Ingrid Leverett_

INGRID S. LEVERETT
Attorney for Plaintiffs


IT IS SO ORDERED.
DATED: July 28, 1992

_____
UNITED STATE MAGISTRATE JUDGE

STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY
OF PATIENT AND INMATE RECORDS                  -7-