IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

RALPH COLEMAN, et al.,

    Plaintiffs,

v.

EDMUND G. BROWN JR., et al.,

    Defendants.

NO. 2:90-cv-0520 LKK DAD (PC)

**THREE-JUDGE COURT**

MARCIANO PLATA, et al.,

    Plaintiffs,

v.

EDMUND G. BROWN JR., et al.,

    Defendants.

NO. C01-1351 TEH

**THREE-JUDGE COURT**

<u>ORDER EXTENDING DEADLINE TO ACHIEVE 143% BENCHMARK</u>

In our order denying plaintiffs' motion regarding how to count design capacity at the California Health Care Facility ("CHCF") in Stockton, we ordered that defendants could not count CHCF's full design capacity while medical admissions to CHCF remained closed by the *Plata* Receiver. June 23, 2014 Order at 9 (ECF No. 2796/5174).[1]  We recognized that our order was filed one week prior to the 143% benchmark deadline and provided that,

> because defendants may have reasonably relied on our prior
> orders indicating that CHCF design capacity could be included,

---

[1] All filings in this Court are included in the individual docket sheets of both *Plata v. Brown*, No. C01-1351 TEH (N.D. Cal.), and *Coleman v. Brown*, No. 90-cv-520-LKK (E.D. Cal.). Our citations include the docket number in *Plata* first, then *Coleman*. When we cite to filings in the individual cases, we include the docket number and specify whether the filing is from *Plata* or *Coleman*.

> and because we have only now, for the first time, ordered that it may not be counted in full, we will, if requested, grant defendants an extension of no more than two months to achieve the 143% benchmark if they are unable to do so, despite their best efforts, by June 30, 2014.

*Id.* at 9-10 (ECF No. 2796/5174). We now GRANT defendants' request (ECF No. 2797/5175) to extend the 143% benchmark deadline to August 31, 2014.

We also make clear three additional points. First, although defendants anticipate that the *Plata* Receiver will re-open medical admissions at CHCF prior to the new August 31, 2014 deadline, the Court's extension is independent of the Receiver's decision. Thus, even if medical admissions are not re-opened by that date, defendants must achieve the 143% benchmark without further extension.

Second, this extension does not extend the deadlines to achieve the other benchmarks as set forth in our February 10, 2014 order.

Third, the Court understands that, once the Receiver re-opens medical admissions, he intends to move inmates into CHCF on a rolling basis. The Court expects these admissions to be done expeditiously, such that there will not be a long delay between the re-opening of admissions and the filling of beds at CHCF. Accordingly, defendants may count CHCF's full design capacity – 2,951 inmates – as soon as medical admissions are re-opened.

//
//
//
//
//
//
//
//
//
//
//

The Court may re-visit this conclusion if plaintiffs present evidence that inmates are not being transferred to CHCF expeditiously, or if the Receiver declares that a portion of the facility cannot be filled (for example, due to staff shortages) or subsequently re-closes medical admissions.

**IT IS SO ORDERED.**

Dated: 07/03/14

STEPHEN REINHARDT
UNITED STATES CIRCUIT JUDGE
NINTH CIRCUIT COURT OF APPEALS

Dated: 07/03/14

LAWRENCE K. KARLTON
SENIOR UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF CALIFORNIA

Dated: 07/03/14

THELTON E. HENDERSON
SENIOR UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF CALIFORNIA