GAY CROSTHWAIT GRUNFELD – 121944
KATHRYN G. MANTOAN – 239649
BLAKE THOMPSON – 255600
VAN SWEARINGEN – 259809
ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone:  (415) 433-6830
Facsimile:   (415) 433-7104
Email:         ggrunfeld@rbgg.com
                   kmantoan@rbgg.com
                   bthompson@rbgg.com
                   vswearingen@rbgg.com

JESSE STOUT – 284544
LEGAL SERVICES FOR PRISONERS WITH CHILDREN
1540 Market Street, Suite 490
San Francisco, California  94102
Telephone:  (415) 255-7036
Facsimile:   (415) 552-3150
Email: jesse@prisonerswithchildren.org

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| WILLIAM A. SASSMAN,<br><br>             Plaintiff,<br><br>       v.<br><br>EDMUND G. BROWN, JR., Governor of California, JEFFREY A. BEARD, Secretary of the California Department of Corrections and Rehabilitation, in their official capacities, and DOES 1-10,<br><br>             Defendants. | Case No. 2:14-cv-01679<br><br>**NOTICE OF RELATED CASE** |

[1197251-1]

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE, pursuant to Eastern District of California Local Rule 123, that Plaintiff William A. Sassman has filed a complaint in the Eastern District of California, Sacramento Division, that is related to the ongoing class action case *Coleman, et al. v. Brown, et al.*, E.D. Cal. Case No. 2:90-cv-00520-LKK-DAD ("*Coleman*"), currently assigned to the Honorable Lawrence K. Karlton of this Court.

In this case, Mr. Sassman challenges the categorical exclusion of men from the Alternative Custody Program ("ACP"), California Penal Code section 1170.05, administered by the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff seeks injunctive and declaratory relief under 42 U.S.C. § 1983 to remedy the violation of his rights under the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution, including an order requiring CDCR to immediately consider applications for the ACP from male inmates notwithstanding the unconstitutional gender exclusion in the California Penal Code and in CDCR's implementing regulations.

*Coleman* is a class action on behalf of over 30,000 CDCR prisoners with serious mental illness pending against the same Defendants as in this case, the Secretary of CDCR and Governor Brown, among others. The Three Judge Court convened as part of *Coleman* has issued orders directly affecting the scope of the Alternative Custody Program. In particular, the remedy ordered by the Three-Judge Court requires the State to "immediately implement … measures" to reduce overcrowding, including "an expanded alternative custody program for female inmates." Order Granting in Part and Denying in Part Defs.' Req. for Extension of Dec. 31, 2013 Deadline, *Coleman v. Brown*, E.D. Cal. Case No. 2:90-cv-00520-LKK-DAD, Dkt. No. 5060 (Feb. 10, 2014) ¶ 4(h). In so ruling, the Three-Judge Court has held that "[t]o the extent that any state statutory, constitutional, or regulatory provisions, except the California Public Resources Code, impede the implementation of this order or defendants' ability to achieve the population reduction benchmarks, all such laws and regulations are waived." *Id.* ¶ 9.

Local Rule 123(a)(3) provides that cases are related when "both actions involve

1  similar questions of fact and the same question of law, and their assignment to the same
2  Judge or Magistrate Judge is likely to effect a substantial savings of judicial effort." Here,
3  both actions touch on the same question of fact and law, which is whether the Alternative
4  Custody Program should or must be expanded, and if it were expanded, what expansion is
5  appropriate or necessary. In particular, this case may implicate the use of the waiver of
6  state law authorized by the *Coleman* Three-Judge Court, in that this Court may need to
7  determine whether the statutory or regulatory provisions excluding men from participation
8  in the ACP can be immediately waived in order to expand access to the program.

9      The judge assigned to this case will therefore likely have to address how the
10 potential expansion of the Alternative Custody Program fits into the complex
11 overcrowding remedy ordered by the *Coleman* Three-Judge Court. Assigning this case to
12 the judge assigned to *Coleman*, instead of requiring another judge to invest time reviewing
13 the intricacies of the long-running overcrowding litigation and its remedy, would effect
14 significant savings of judicial effort and avoid a "substantial duplication of labor" under
15 Local Rule 123(a)(4), requiring that the cases be related. Such an assignment would also
16 ensure that any remedy in this case does not interfere with the remedy in the *Coleman*
17 overcrowding litigation.

18     These questions can be resolved most effectively and efficiently through assignment
19 of the *Sassman* case to the judge presiding over the *Coleman* case where these questions
20 are also being addressed.

21 DATED: July 16, 2014        Respectfully submitted,

22                                       ROSEN BIEN GALVAN & GRUNFELD LLP

23                                       By:  */s/ Gay Crosthwait Grunfeld*
24                                            Gay Crosthwait Grunfeld

25                                       Attorneys for Plaintiff

26

27

28

[1197251-1]