UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>      Plaintiffs,<br><br>  v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>      Defendants. | No. CIV. S-90-520 LKK/DAD (PC)<br><br><br>**ORDER** |

Pursuant to the court's July 11, 2013 order (ECF No. 4688), on May 30, 2014, the Special Master filed a Report on the Adequacy of Inpatient Mental Health Care for Inmates of the California Department of Corrections and Rehabilitation (Report) (ECF No. 5156). On June 30, 2014, plaintiffs filed a response to the Report and a request for additional court orders (ECF No. 5177). On June 30, 2014, defendants filed objections and responses to the Report (ECF No. 5176). Defendants filed corrected objections and responses on July 1, 2014 (ECF No. 5179).

As required by the July 11, 2013 order, the Special Master's Report is based on one round of monitoring of the adequacy of the

1

1  six inpatient mental health programs that provide inpatient
2  mental health care to members of the plaintiff class.  The
3  monitoring was conducted from August 2013 through March 2014.
4  Report (ECF No. 5156) at 3.  Based on the results of his
5  monitoring, the Special Master makes three recommendations, as
6  follows:  first, that he be directed to review further all six
7  inpatient programs, two by paper review and four by on-site
8  monitoring; second, that the California Department of Corrections
9  and Rehabilitation (CDCR) and Department of State Hospitals
10 (DSH), under the guidance of the Special Master and his staff, be
11 directed to review and re-evaluate the use of orientation, cuff
12 status, Discretionary Program Status (DPS), at all six programs
13 (including their various processes) "and whether those policies,
14 as designed and implemented, achieve the proper balance between
15 legitimate security needs and access to necessary inpatient
16 mental health care" and to report to the court thereafter; and
17 third, that CDCR and DSH, with the guidance of the Special Master
18 and his staff, be directed to review and re-evaluate existing
19 clinical staffing levels.  Report (ECF No. 5156) at 56-57.  The
20 Special Master also recommends that he be required to report to
21 the court on the results of the foregoing and any conclusions he
22 may draw therefrom.
23     Defendants object that (1) court orders are unnecessary
24 because they are continuing to work with the Special Master on
25 the issues raised in the recommendations; and (2) adoption of the
26 recommendations would contravene the requirements of 18 U.S.C. §
27 3626(a)(1)(A), which codifies the requirements for prospective
28

injunctive relief in civil actions concerning prison conditions. Both of these objections are overruled.[1]

Plaintiffs request seven additional orders which they contend are necessary to remedy deficiencies in the delivery of inpatient mental health care identified in the Report. As discussed above, the Report is based on one round of monitoring by the Special Master and his team and they will be conducting additional monitoring. While the court recognizes the right of all parties to seek relief from the court as appropriate, at this stage of these remedial proceedings the court expects that over the course of the ongoing monitoring of their inpatient mental health programs defendants will, consistent with the representation in their corrections objections, continue to work with the Special Master to address identified deficiencies, and that the Special Master will identify those matters which require court-ordered remediation. Plaintiffs' request for additional orders will be denied without prejudice.

For all of the foregoing reasons, the Special Master's recommendations are adopted in full. The orders issued thereon pertain to the institutions' treatment and care of the members of the Coleman class only.

In accordance with the above, IT IS HEREBY ORDERED that:

---

[1] The court recognizes that the second objection serves to preserve defendants' position on appeal from the court's July 11, 2013 order. The issues presented by that objection have been addressed by this court in the July 11, 2013 order (ECF No. 4688) and the court's September 5, 2013 order denying defendants' motion for a stay of that order pending appeal (ECF No. 4784).

3

1. Defendants' objections to the recommendations contained in the Special Master's May 30, 2014 Report on Adequacy of Inpatient Mental Health Care are overruled;

2. The recommendations contained in the Special Master's May 30, 2014 Report on Adequacy of Inpatient Mental Health Care are adopted in full;

3. The Special Master shall review further all six inpatient programs, by means of paper review of the California Institution for Women Psychiatric Inpatient Program and Coalinga State Hospital, and by on-site monitoring of Atascadero State Hospital, California Health Care Facility, Salinas Valley Psychiatric Program, and Vacaville Psychiatric Program. Following the conclusion of his further review, he shall report his findings and conclusions to the court.

4. The CDCR and DSH defendants shall, under the guidance of the Special Master and his staff, review and re-evaluate the use of orientation, cuff status, Discretionary Program Status, and the steps/stages processes and any variations thereon at the six inpatient programs, and whether those policies, as designed and implemented, achieve the proper balance between legitimate security needs and access to necessary inpatient mental health care. The Special Master shall report to the court on the results of this review and re-evaluation following its conclusion.

5. The CDCR and DSH defendants shall, under the guidance of the Special Master and his staff, review and re-evaluate existing clinical staffing levels in the six inpatient programs and their effect on the delivery of treatment to CDCR patients in those

programs, and to the extent indicated, develop a plan to adjust clinical staffing levels where necessary to ensure that adequate and sufficient treatment can be delivered to class members at those programs.  The Special Master shall report to the court on the results of this review and re-evaluations following its conclusion.

6.  Plaintiffs' June 30, 2014 request for additional orders is denied without prejudice.

DATED:  July 25, 2014.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

5