KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
JAY C. RUSSELL, State Bar No. 122626
Supervising Deputy Attorney General
MARTINE N. D'AGOSTINO, State Bar No. 256777
MANEESH SHARMA, State Bar No. 280084
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5553
 Fax:  (415) 703-5843
 E-mail:  Maneesh.Sharma@doj.ca.gov
*Attorneys for Defendants*
*Edmund G. Brown Jr. and Jeffrey A. Beard*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **WILLIAM A. SASSMAN,**<br><br>Plaintiff,<br><br>**v.**<br><br>**EDMUND G. BROWN JR., ET AL.,**<br><br>Defendants. | 14-CV-01679-MCE-KJN (PR)<br><br>**RESPONSE TO PLAINTIFF'S NOTICE OF RELATED CASE**<br><br>Judge:     The Honorable Morrison C.<br>             England, Jr.<br>Trial Date:   N/A<br>Action Filed:  July 16, 2014 |

### INTRODUCTION

Plaintiff William Sassman has filed a Notice of Related Case under Local Rule 123, seeking to relate the instant matter with *Coleman, et al., v. Brown, et al.*. E.D. Cal. Case No. 2:90-cv-00522-LKK-DAD.[1]  Because the subject matter, parties, and legal issues raised in each proceeding fail to meet the criteria for relating cases under the Local Rules, the cases should not be related.

---

[1] Defendants' response was originally filed on August 7, 2014 in *Sassman v. Brown, et al.* E.D. Cal. Case No. 2:14-cv-01679-MCE-KJN.  (ECF No. 11.)  As requested by the *Coleman* Court, Defendants are now filing the response in *Coleman* also.  Unless otherwise indicated, all ECF citations are to the *Sassman* docket.

1

1

**BACKGROUND**

2        *Coleman*, a class action case, concerns the provision of mental health services in the

3    California Department of Corrections and Rehabilitation (CDCR).  Plaintiffs, male and female

4    mentally ill inmates incarcerated in state prison, brought suit in 1990, alleging that the mental

5    health care and conditions of confinement of mentally ill inmates violated their constitutional

6    rights under the Eighth and Fourteenth Amendment.   Since 1995, the case has been in a post-

7    judgment, remedial phase.

8        In the present matter, Sassman alleges that the Alternative Custody Program, a program

9    created by the California Legislature in 2010, violates his rights under the Equal Protection

10   Clause of the Fourteenth Amendment.  In particular, Sassman challenges the provision of

11   California Penal Code section 1170.05 that states that only female inmates are eligible to apply to

12   the Alternative Custody Program.  Cal. Penal. Code §1170.05 (2012).  Sassman filed suit on July

13   16, 2014, (ECF No. 1), and Defendants Brown and Beard were served on July 17, 2014 (ECF Nos.

14   6, 7).

15

**ARGUMENT**

16        Under the Local Rules, cases should be related when:

17

18      (1) both actions involve the same parties and are based on the same or similar
claim;

19      (2) both actions involve the same property, transaction, or event;
(3) both actions involve similar questions of fact and the same question of law and

20      their assignment to the same Judge or Magistrate Judge is likely to effect a
substantial savings of judicial effort, either because the same result should follow

21      in both actions or otherwise; or

22      (4) for any other reasons, it would entail substantial duplication of labor if the
actions were heard by different Judges or Magistrate Judges.

23      E.D. Cal. Local Rule No. 123.

24        Here, Sassman does not attempt to claim that his suit is directly related to *Coleman*, nor

25   could he.  Sassman, an individual plaintiff, is not a *Coleman* class member.[2]  His factual

26   allegations do not concern the provision of mental health care, nor has he brought a claim under

27

---

28        [2] And he is not a *Plata* class member.

2

1  the Eighth Amendment.  Indeed, Sassman's complaint contains a single cause of action for

2  allegedly discriminating against him on the basis of his sex.  No such claim was alleged in

3  *Coleman*.  Other than the fact that both concern prison conditions, the two cases bear no

4  meaningful relationship to each other, factually or legally.  Moreover, the cases do not arise out of

5  the same event or series of events.  In *Coleman*, the issue of liability is no longer before the court,

6  and the case has been in the remedial phase since 1995.  In contrast, Sassman, alleges that he

7  applied to the Alternative Custody Program on June 3, 2013, and was denied.  Given that the

8  factual basis for Sassman's allegations occurred 18 years after liability in *Coleman* was decided,

9  it is evident that the two cases do not arise out of the same event.

10       Instead, Sassman argues that this case relates to *Coleman* because *Coleman* is part of a

11  Three-Judge Court convened to address the issue of prison population as it affected the remedies

12  in both *Coleman* and *Plata v. Schwarzenegger,* N.D. Cal. No. 3:01-cv-01351-TEH.  On February

13  10, 2014, the Three-Judge Court ordered CDCR and the State to implement an expanded

14  alternative custody program for female inmates, among other measures related to reducing prison

15  population. *(Plata, supra,* ECF No. 2766 & 2767; *Coleman, supra,* ECF No. 5060 & 5061.)

16  Sassman argues that his Equal Protection claims are related to *Coleman* because of that order.

17  But no law or facts connect Sassman's case to the Three-Judge Court.  Sassman does not allege

18  that prison overcrowding caused his alleged Equal Protection violation.

19       Furthermore, adjudication of Sassman's alleged Equal Protection violation does not permit

20  consideration of "whether the Alternative Custody Program should or must be expanded."  ECF 2

21  at 2.  Sassman's suit seeks a declaration that the program is unconstitutional.  Sassman cannot

22  claim that the Constitution *requires* that he, or any other male inmate, have access to the

23  Alternative Custody Program.  Therefore, there is no basis for relating the cases in facts, law, or

24  available remedies.

25  ///

26  ///

27  ///

28

1

**CONCLUSION**

2       Because Sassman's suit and the *Coleman* class action concern different subject matter and

3   different Plaintiffs, and raise distinct legal issues, there is no justification for relating the two

4   cases.

5

6

Dated:  August 18, 2014                                  Respectfully submitted,

7

                                                         KAMALA D. HARRIS
8                                                        Attorney General of California
                                                         JAY C. RUSSELL
9                                                        Supervising Deputy Attorney General

10

11                                                       */s/ Maneesh Sharma*
                                                         MANEESH SHARMA
12                                                       Deputy Attorney General
                                                         *Attorneys for Defendants*
13                                                       *Jeffrey A. Beard, Ph.D.*

14   SF2014409024

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4