```
 1  GAY CROSTHWAIT GRUNFELD – 121944
    KATHRYN G. MANTOAN – 239649
 2  BLAKE THOMPSON – 255600
    VAN SWEARINGEN – 259809
 3  ROSEN BIEN GALVAN & GRUNFELD LLP
    315 Montgomery Street, Tenth Floor
 4  San Francisco, California  94104-1823
    Telephone:   (415) 433-6830
 5  Facsimile:   (415) 433-7104
    Email:       ggrunfeld@rbgg.com
 6               kmantoan@rbgg.com
                 bthompson@rbgg.com
 7               vswearingen@rbgg.com

 8  JESSE STOUT – 284544
    LEGAL SERVICES FOR PRISONERS WITH CHILDREN
 9  1540 Market Street, Suite 490
    San Francisco, California  94102
10  Telephone:   (415) 255-7036
    Facsimile:   (415) 552-3150
11  Email:       jesse@prisonerswithchildren.org

12  Attorneys for Plaintiff
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| WILLIAM A. SASSMAN,<br><br>Plaintiff,<br><br>v.<br><br>EDMUND G. BROWN, JR. Governor of California, and JEFFREY A. BEARD, Secretary of the California Department of Corrections and Rehabilitation, in their official capacities, and DOES 1-10,<br><br>Defendants. | Case No. 2:14-cv-01679-MCE-KJN<br><br>**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO NOTICE OF RELATED CASE** |

[1278716-1]

On July 16, 2014, Plaintiff filed a Notice of Related Case, requesting that this case be related to *Coleman v. Brown*, No. 2:90-cv-00520 LKK JFM P ("*Coleman*") pursuant to Eastern District of California Local Rule 123.  On August 7, 2014 and again on August 18, 2014, Defendants filed a Response to Plaintiff's Notice of Related Case, in which they dispute the two cases are related, asserting that "the factual basis for Sassman's allegations occurred 18 years after liability in *Coleman* was decided[] …." Dkt. Nos. 10, 12 at 3.[1]  The standards for related cases do not depend on when liability arose, but rather on other factors that are met here, including whether the actions involve the same parties, and whether relating the cases would avoid "substantial duplication of labor …." Eastern District of California Local Rule 123.

In this case, Mr. Sassman seeks a remedy that by necessity will implicate the Alternative Custody Program ("ACP") at issue before the *Coleman* Court.  Indeed, Defendants concede that "the Three-Judge Court ordered CDCR and the State to implement an expanded alternative custody program for female inmates, among other measures related to reducing prison population." Dkt. Nos. 10, 12 at 3 (citing *Plata* and *Coleman*).  As such, both actions touch on the same question of fact and law, which is whether the Alternative Custody Program should or must be expanded, and if it were expanded, what expansion is appropriate or necessary.  In particular, this case may implicate the use of the waiver of state law authorized by the *Coleman* Three-Judge Court, in that the court deciding Mr. Sassman's case may need to determine whether the statutory or regulatory provisions excluding men from participation in the Alternative Custody Program can be immediately waived in order to expand access to the program.  In fact, Defendants' Answer, filed August 7, 2014 in *Sassman*, asserts as an affirmative defense

---

[1] Defendants originally filed their Response to the Notice of Related Case only in the *Sassman* case, but on August 18, 2014 refiled it in *Coleman* as well, apparently at the request of the *Coleman* court.  Similarly, a version of this reply from Plaintiff was filed in *Sassman* as part of a notice of motion on August 7, 2014, so Plaintiff is now refiling it in *Coleman*.  All references to the docket herein are to the *Sassman* docket.

that "the matters alleged here [in *Sassman*] may implicate Defendants' collateral obligations in other litigation," a clear reference to the *Coleman/Plata* overcrowding litigation.  Docket No. 9 at 10.

The relief to be awarded to Mr. Sassman and others who seek entry into the Alternative Custody Program can be resolved most effectively and efficiently through assignment of the *Sassman* case to the judge presiding over the *Coleman* case where the composition and scope of the Alternative Custody Program is already being addressed.  As a result, "substantial savings of judicial effort []" would be achieved by having the *Coleman* Court consider Mr. Sassman's constitutional challenge to the Alternative Custody Program as currently constituted.  *See* E.D. Local Rule 123.

The Court has not yet issued an order on the Notice of Related Case.  If the case is related to *Coleman*, as Plaintiff contends it should be, Plaintiff will re-notice the Motion for Preliminary Injunctive Relief before that Court.

DATED:  August 18, 2014　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　ROSEN BIEN GALVAN & GRUNFELD LLP


　　　　　　　　　　　　　　　　By:　*/s/ Gay Crosthwait Grunfeld*
　　　　　　　　　　　　　　　　　　　Gay Crosthwait Grunfeld

　　　　　　　　　　　　　　　　Attorneys for Plaintiff

[1278716-1]

2
PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO NOTICE OF RELATED CASE