DONALD SPECTER – 083925
STEVEN FAMA – 099641
ALISON HARDY – 135966
SARA NORMAN – 189536
REBEKAH EVENSON – 207825
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California  94710-1916
Telephone:     (510) 280-2621

 MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California  94104-1823
Telephone:     (415) 433-6830

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURTS

EASTERN DISTRICT OF CALIFORNIA

AND NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., | Case No. Civ S 90-0520 KJM DAD PC |
|        Plaintiffs, | **THREE JUDGE COURT** |
|    v. | |
| EDMUND G. BROWN, JR., et al., | |
|        Defendants. | |
| MARCIANO PLATA, et al., | Case No. C01-1351 TEH |
|        Plaintiffs, | **THREE JUDGE COURT** |
|    v. | **MOTION FOR FURTHER ENFORCEMENT ORDER** |
| EDMUND G. BROWN, JR., et al., | |
|        Defendants. | |

## I.    INTRODUCTION

On February 10, 2014, this Court issued an order granting Defendants an extra two years to reduce the prison population.  The Order sets new population benchmarks and it requires Defendants to take certain measures "immediately" in order to ensure Defendants comply with the crowding cap at the end of two years.  Order at 3.  The Court issued an Opinion explaining the basis for its decision to grant the extra time – that Defendants had "belatedly" shown that they are "prepared to take the necessary steps toward achieving a durable solution without additional costly and wasteful litigation and delay," and that the measures that Defendants had agreed to take would resolve conditions in the *long run:*

> We recognize that these measures should have been adopted much earlier, that plaintiffs' lawyers have made unceasing efforts to obtain immediate relief on behalf of their clients, and that California prisoners deserve far better treatment than they have received from defendants over the past four and a half years. Similarly, California's citizens have incurred far greater costs, both financial and otherwise, as a result of defendants' heretofore unyielding resistance to compliance with this Court's orders. Finally, we recognize that this Court must also accept part of the blame for not acting more forcefully with regard to defendants' obduracy in the face of its continuing constitutional violations. Nevertheless, resolving the conditions in California prisons for the long run, and not merely for the next few months, is of paramount importance to this Court as well as to the people of this State.

Opinion re: Order Granting in Part and Denying In Part Defs' Request For Extension of December 31, 2013 Deadline, Feb. 10, 2014 at 3, 4.

The order was also based in part on Defendants' assurances that they would not "appeal or support the appeal of any subsequent order necessary to implement the extension order or any of its provisions."  *Id.* at 3.

Just seven months have elapsed from the issuance of the extension, and Defendants have now yet again demonstrated an unwillingness to comply with the population reduction measures in their own plan and ordered by the Court.  Although Defendants have achieved the first population reduction benchmark, they are far from full compliance, and the measures ordered by the Court were meant to resolve the issues in a "durable" manner for the "long run."  This Court should issue an order requiring Defendants to comply with its February 10, 2014 Order.

1

2

3        **II.    THE COURT SHOULD ENFORCE ITS ORDER REQUIRING DEFENDANTS TO MAKE MINIMUM CUSTODY INMATES ELIGIBLE TO EARN 2-FOR-1 GOOD TIME CREDITS.**

4

5            This Court's February 10, 2014, Order requires that Defendants "immediately" implement

6    "[i]ncreased credits for … for minimum custody inmates":  "Minimum custody inmates will be

7    eligible to earn 2-for-1 good time credits to the extent such credits do not deplete participation in

8    fire camps where inmates also earn 2-for-1 good time credits."  Order at 3.

9            There are many minimum custody inmates who are ineligible for fire camps, and for whom

10   granting credits could never "deplete participation in fire camps."  For example, prisoners with

11   significant disabilities are not sent to fire camps, nor are those with serious medical or mental

12   health conditions, or those with less than a year to serve.  Preventing such prisoners from earning

13   2-for-1 good time credits would have *no* impact on participation in fire camps.  Nonetheless,

14   Defendants have not implemented increased credits for such prisoners.

15           Plaintiffs attempted to resolve this matter informally with Defendants, but Defendants

16   informed Plaintiffs' counsel they did not intend to grant 2-for-1 credits, *even for those* Plaintiffs

17   who were minimum custody and ineligible to participate in fire camps.

18           Yesterday, Defendants stated that "extending two-for-one credit earnings to minimum

19   custody inmates would adversely affect fire camp rates."  Sept. 15, 2014, Status Report, Exh. B. at

20   2 (ECF Nos. 2811-2/5218-2).  But they do not explain how changing the credit earning for

21   ineligible inmates would deplete fire camp participation rates.

22           Seven months have now passed since Defendants were ordered to take "immediate" action

23   on these credits.  Plaintiffs should have to wait no longer for the relief to be implemented.

24       **III.   THE COURT SHOULD ENFORCE ITS ORDER REQUIRING DEFENDANTS TO INCREASE CREDITS FOR NON-VIOLENT SECOND STRIKE OFFENDERS**

25

26           This Court's February 10, 2014, Order requires that Defendants "immediately"  implement

27   "[i]ncreased credits for … non-violent second strike offenders":  "Non-violent second-strikers will

28   be eligible to earn good time credits at 33.3% and will be eligible to earn milestone credits for

2

1    completing rehabilitative programs." Order at 3.

2        Defendants have implemented this measure, but not for all non-violent second strikers.

3    Instead, they made all non-violent second strikers eligible for credits *except* those who have a prior

4    conviction for a sex offense. Sept. 15, 2014, Status Report, Exh. B. at 2 (ECF Nos. 2811-2/5218-

5    2).

6        Defendants make no justification for deviating from the Court's order requiring the credits

7    be granted to "non-violent second strikers."   Defendants should not be permitted to unilaterally

8    exclude some categories of non-violent offenders from the credits ordered by this Court.

9    **IV.    THE COURT SHOULD ENFORCE ITS ORDER REQUIRING DEFENDANTS
            TO CREATE AND IMPLEMENT NEW PAROLE PROCEDURES**
10

11        Although this Court ordered Defendants to "immediately" create and implement new

12    parole processes, seven months later Defendants have still not finalized, much less implemented,

13    new parole processes for non-violent second offenders or persons who are 60-years old and who

14    have served at least 25 years. Sept. 15, 2014, Status Report, Exh. B. at 2-3 (ECF Nos. 2811-

15    2/5218-2).

16        Plaintiffs should have to wait no longer for the relief to be implemented. The Court should

17    require the necessary policies to be finalized immediately, and should set a deadline of January 1,

18    2015, to begin holding hearings for both categories of parole.

19    **V.    CONCLUSION**

20        Permitting Defendants to change the credit reforms and delay the parole reforms that they

21    had promised to implement in exchange for an extension of time not only violates the Court's

22    order, it also conflicts with the reasons that the Court granted the order in the first place:  to create

23    a "durable" solution that remedies crowding in the "long run." Opinion re: Order, Feb. 10, 2014 at

24    3, 4. The Court should enter a further enforcement order requiring Defendants to implement two-

25    for-one credits for minimum custody inmates ineligible for fire camps, requiring Defendants to

26    grant 33% credits to all non-violent second strikers, and setting a hard deadline for Defendants to

27    implement new parole procedures required by the February 10, 2014, Order.

28

DATED: September  16, 2014

Respectfully submitted,

PRISON LAW OFFICE

By:  /s/

Rebekah Evenson

Attorneys for *Coleman* Plaintiffs
Attorneys for *Plata* Plaintiffs