1 | CLAUDIA CENTER – 158255
AMERICAN CIVIL LIBERTIES UNION
2 | FOUNDATION
DISABILITY RIGHTS PROGRAM
3 | 39 Drumm Street
San Francisco, California  94111
4 | Telephone:  (415) 343-0770
Facsimile:   (415) 395-0950
5 | Email:       ccenter@aclu.org

KAMALA D. HARRIS – 146672
Attorney General of California
JAY C. RUSSELL – 122626
Supervising Deputy Attorney General
MICHAEL J. Quinn – 209542
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, California  94102-7004
Telephone:  (415) 703-5717
Facsimile:   (415) 703-5843
E-mail:       Jay.Russell@doj.ca.gov

Attorneys for Defendants

7 | MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
8 | BLAKE THOMPSON – 255600
ROSEN BIEN
9 | GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
10 | San Francisco, California  94104-1823
Telephone:  (415) 433-6830
11 | Facsimile:   (415) 433-7104
Email:        mbien@rbgg.com
12 |              egalvan@rbgg.com
             bthompson@rbgg.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| ROBERT HECKER, et al., | Case No. 2:05-CV-02441 KJM-DAD |
| Plaintiffs, | **JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT AGREEMENT** |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |
| RALPH COLEMAN, et al., | Case No. 2:90-CV-00520-KJM-DAD |
| Plaintiffs, | |
| v. | |
| EDMUND G. BROWN, JR., et al., | |
| Defendants. | |

[1374100-1]

JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT AGREEMENT

1    In July 2014, the parties reached an agreement to certify a settlement class and settle the instant action, which was filed with the Court on August 5, 2014.  *See* Dkt. Nos. 124 through 124-4.  On August 7, 2014, the Court certified a settlement class, granted preliminary approval of the settlement, and ordered that notice be sent to class members.  Dkt. No. 125.  Through this joint motion, the parties request final approval of the settlement agreement, and approval of the final notice to be provided to the class.

The proposed settlement agreement, filed as Exhibit 1 to the Declaration of Michael W. Bien in Support of the Joint Motion for Preliminary Approval of Class Action Settlement on August 5, 2014, is fair, adequate and reasonable.  Dkt. No. 124-3, Ex. 1.  It secures durable relief on numerous core disputes set forth in the operative complaint, and provides a remedial process to monitor implementation of agreed-upon or ordered changes to policies and procedures.  The settlement additionally creates a process for negotiating several additional disputes that are not yet resolved.

As described in detail in the parties' Joint Motion for Preliminary Approval of the Settlement Agreement, the settlement includes substantial revisions to CDCR policies, practices, and procedures that have been and will be implemented in exchange for Plaintiffs' dismissal of the lawsuit.  *See* Dkt. Nos. 124 through 124-4.  These include revising policies and practices so that four points are not added to the classification scores of inmates requiring mental health care, revising policies and practices so that EOP inmates who have successfully completed programing may have classification points reduced, revising policies affecting inmates who use heat-sensitive psychiatric medication, changes to the Interdisciplinary Treatment Team (IDTT) process to ensure that EOP inmates are not improperly excluded from CDCR programs and services, adding lower security housing for inmates with psychiatric disabilities, allowing inmates with psychiatric disabilities to earn milestone credits, and implementing an ADA grievance procedure.  The settlement requires CDCR to periodically provide inmate data so that the parties may review the implementation and impact of the various policy and procedure changes described in the settlement agreement.

1         The settlement agreement also provides that the parties will work within the *Coleman* remedial process to resolve whether any action is required on the following claims:  privileges for inmates with psychiatric disabilities who experience extended stays at reception centers solely due to a psychiatric disability; access to substance abuse programs for inmates with psychiatric disabilities; access to minimum security facilities and community-based programs for inmates with psychiatric disabilities, and access to reentry hubs for inmates with psychiatric disabilities.  The proposed settlement also provides for monitoring by the *Coleman* Special Master of these agreed-upon policy changes, and the resolution of any disputes by the *Coleman* Court.  The Special Master team will begin reviewing issues contained in the proposed settlement in its next round of monitoring.  Attorneys' fees and costs associated with the resolution of these issues will also be resolved through the existing *Coleman* periodic fees process.

        Class members have been provided effective notice and an opportunity to object consistent with Rule 23(c)(2) and (e).  Pursuant to the Court's August 7, 2014 Order, notices of the proposed settlement were posted in all CDCR housing units at every CDCR institution, and class members had sixty days to submit comments or objections to the Court.  Dkt. Nos. 124-2, 127.  No objections were submitted.[1]  Declaration of Blake Thompson in Support of Joint Motion for Final Approval of Settlement Agreement, filed herewith, ¶ 2.  In the meantime, the parties have continued to meet and confer under the guidance of the *Coleman* Special Master regarding the remaining issues in dispute and regarding the implementation of the agreed-upon revised procedures.  Thompson Decl.,

---

[1] On November 14, 2014, Defendants provided notice of the proposed settlement to the U.S. Attorney General under the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1715.  (Decl. J. Russell Supp. Joint Mot. for Approval of Final Settlement ¶ 3.) Defendants question whether CAFA notice provisions apply to actions maintained under 28 U.S.C. §§ 1331, 2201, and 2202, rather than 28 U.S.C. § 1332.  To the extent that the Court finds that CAFA notice requirements apply, the parties request that a final order approving settlement not issue before February 17, 2015.

¶ 3. Plaintiffs' counsel has also continued to communicate with their clients regarding the implementation of the settlement agreement.  Thompson Decl., ¶ 4.

The Ninth Circuit has repeatedly recognized that "voluntary conciliation and settlement are the preferred means of dispute resolution," especially in the context of "complex class action litigation."  *Officers for Justice v. Civil Serv. Comm'n of City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982); *see also In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008) (citation omitted) ("[T]here is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned.").

"Although Rule 23 imposes strict procedural requirements on the approval of a class settlement, a district court's only role in reviewing the substance of that settlement is to ensure that it is 'fair, adequate, and free from collusion.'"  *Lane v. Facebook, Inc.*, 696 F.3d 811, 819 (9th Cir. 2012), *cert. denied*, 134 S. Ct. 8 (2013) (quoting *Hanlon*, 150 F.3d at 1027).  A district court considers several factors in determining whether a class action settlement is "fair, reasonable, and adequate."  *Hanlon*, 150 F.3d at 1027 (citation omitted).  Those factors include:

> the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Id.* at 1026.

"The relative degree of importance to be attached to any particular factor will depend upon and be dictated by the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case."  *Officers for Justice*, 688 F.2d at 625.

As described in more detail in the motion for preliminary approval, the settlement here should be approved because it provides substantial equitable relief to class members, and will ensure compliance by incorporating the existing remedial process available in the

[1374100-1]

3
JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT AGREEMENT

*Coleman* case. *See* Dkt. Nos. 124 through 124-4. The proposed settlement is the product of arm's-length, serious, informed and non-collusive negotiations between experienced and knowledgeable counsel who have actively prosecuted and defended this litigation, under the guidance of the Court's Special Master in *Coleman v. Brown*. Further, if this case were to have been litigated, the outcome would have been uncertain. If the case had not settled, the Court would have heard Defendants' pending motion to dismiss. In addition to opposing that motion, Plaintiffs were prepared to file a motion for class certification. While Plaintiffs believe the requirements for certification are met here, they faced burdens due to the changes in CDCR policies and in the status of named Plaintiffs that have occurred during the multi-year stay on litigation issued by the Court. Proceeding through pre-trial motions, trial, and appeal would impose risks and costs, and would substantially delay the implementation of mutually agreed remedies in this matter. Given the relief achieved and the risks involved in further litigation, the negotiated settlement represents a fundamentally "fair, reasonable and adequate" resolution of the disputed issues and should be approved. *See* Fed. R. Civ. Pro. 23(e)(2).

The parties herein submit a Plaintiffs' Proposed Order and a Defendants' Proposed Order. The parties reached agreement as to all paragraphs with one exception. The Paragraph 6 contained in Plaintiffs' proposed order is removed from Defendants' proposed order.

The parties therefore request that the Court enter their respective proposed orders filed herewith to order as follows:

1. To grant final approval of the Settlement Agreement between Plaintiffs, on behalf of themselves and those similarly situated, and Defendants California Department of Corrections and Rehabilitation, *et al.*;

2. That within thirty days of this Order, the Parties agree on a revised *Coleman* notice advising Plaintiffs that issues alleged in the present litigation shall now be addressed in *Coleman*.; and

///

3. To dismiss the case with prejudice, except as to claims regarding assignment of MHSDS inmates to fire/conservation camps, as described in Paragraph 25 of the Settlement Agreement, which are dismissed without prejudice.

DATED: November 21, 2014   ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Michael W. Bien*
    Michael W. Bien

Attorneys for Plaintiffs

DATED: November 21, 2014   KAMALA D. HARRIS
                          ATTORNEY GENERAL OF CALIFORNIA

By: */s/ Jay C. Russell*
    Jay C. Russell
    Supervising Deputy Attorney General

Counsel for Defendants