# Exhibit 1

**OFFICE OF LEGAL AFFAIRS**
Benjamin T. Rice
General Counsel
P.O. Box 942883
Sacramento, CA 94283-0001



December 1, 2014

Paul Mello
Hanson Bridgett
1676 N. California Blvd., Suite 620
Walnut Creek, CA 94596

Dear Mr. Mello:

Attached, please find California Department of Corrections and Rehabilitation's "Report to the 3JP on the Court-Ordered Parole Process for Non-Violent, Non-Sex Registrant, Second-Strike Offenders Who Have Served 50% of Their Sentence."

Sincerely,

*[signature: Benjamin T. Rice]*

BENJAMIN T. RICE
General Counsel, Office of Legal Affairs
California Department of Corrections and Rehabilitation

Attachments



### REPORT TO THE THREE-JUDGE COURT ON THE COURT-ORDERED PAROLE PROCESS FOR NON-VIOLENT, NON-SEX REGISTRANT, SECOND-STRIKE OFFENDERS WHO HAVE SERVED 50% OF THEIR SENTENCE

As required by the Court's November 14, 2014 Order, this report describes the status of the court-ordered parole process for non-violent, non-sex-registrant, second-strike offenders who have served 50 percent of their sentence (Second-Strike Parole).

Second-Strike Parole will involve two levels of review: (1) inmates will first be reviewed at their institutions by a classification committee, and, if found eligible for parole consideration, they will be referred to the Board of Parole Hearings (Board);[1] (2) the Board will review all relevant information, including the inmate's criminal history, institutional behavior, and rehabilitation efforts, and decide whether to grant or deny parole based on whether the inmate poses an unreasonable risk to public safety.

Classification committees at each institution will begin referring eligible inmates to the Board for parole consideration on January 1, 2015. Before the Board reviews an inmate for parole eligibility, notice will be mailed to any registered victims and to the district attorney who prosecuted the inmate, and both will have 30 days to submit a written statement to the Board. For inmates who have already served 50 percent of their sentence, the Board will render its decision within 50 days from the date their case is referred to the Board.

Preliminary Review at the Inmates' Institutions

    A. Identification and Calculation of Second-Strike Parole Eligibility Date

Qualified second-strike inmates will be eligible for parole after they have completed 50 percent of their total sentence and met uniform screening criteria that are described below and in the attached memorandum, entitled *Process for Reviewing Second Strike Inmates for Referral to the Board of Parole Hearings for Consideration of Release to Parole*. (*See* Exhibit A.) To qualify for consideration, inmates cannot have a current conviction for a violent offense as defined in Penal Code section 667.5(c), or any sex-offense conviction for which they are required to register under Penal Code section 290.

For inmates admitted to CDCR after January 1, 2015, CDCR will make an eligibility determination when the inmate first arrives to prison. For current CDCR inmates, CDCR will calculate a Second-Strike Parole eligibility date, which is the date at which an inmate will have

---

[1] The classification committee is an existing multi-member committee at each CDCR institution chaired by a facility captain, which establishes the inmate's custody level and classification score, their housing and work assignments, and any placements for vocational or educational programs.

served a total of 50 percent of their actual sentence, exclusive of any pre-sentence or post-sentence credits the inmate may have earned.[2]  CDCR staff will educate all potentially eligible inmates about the Second-Strike Parole process—including their parole eligibility date, the process of referral to the Board for parole consideration, and criteria that will exclude inmates from parole consideration—at their annual classification committee review.  Currently, inmates appear before their classification committee each year (the "annual review") to discuss adjustments to their classification score or housing placement, any disciplinary action in the past year, changes to privileges and credits, and any other issues concerning the inmate.  The annual review—which already seeks to promote positive behavior and encourage rehabilitative programming—is an ideal setting to describe the new Second-Strike Parole process to inmates and to further incentivize inmates' rehabilitative efforts.

    B.  Referral Process

Beginning on January 1, 2015, the classification committee will consider inmates' Second-Strike Parole eligibility date as part of the regularly scheduled annual reviews.  Qualified second-strike inmates who are within 12 months of their Second-Strike Parole eligibility date (50 percent of time served), or who have already reached the calculated 50 percent time served date, will be referred to the Board, unless the inmate is excluded for one of the following reasons:[3]

- The inmate is required to register pursuant to Penal Code section 290 based on a current or prior sex-offense conviction.

- The inmate's current commitment offense is a violent offense pursuant to Penal Code section 667.5(c).

- The inmate has recently served or is serving a Security Housing Unit (SHU) term for serious disciplinary behavior or for participation in the activities of a prison gang or Security Threat Group.  If an inmate has served a SHU term within five years of the date of the inmate's annual review, the inmate is ineligible for referral to the Board.

- The inmate was found guilty of any Division A-1 or A-2 serious Rules Violation Report as defined in Section 3323 of Title 15 of the California Code of Regulations, within the last five years.  These are the most serious rule violations in prison and amount to felony crimes.  Qualifying offenses include murder, battery causing serious injury, rape, escape with force or violence, and arson involving damage to a structure or causing serious bodily injury.  The inmate will remain ineligible for referral to the Board for five years from the date of the last rules violation.

- The inmate has been placed on Work Group C status as defined in Section 3044(b)(5) of Title 15 in the past year.  Inmates placed on Work Group C are those who repeatedly refuse to accept or perform a work assignment, or have a history of serious disciplinary

---

[2] For example, if an inmate has a four-year sentence, his or her Second-Strike Parole eligibility date will occur in year two, regardless of the type of credits the inmate earns.

[3] In addition, inmates whose earliest possible release date is within six months of the inmate's Second-Strike Parole eligibility date will not be considered for this measure.  By the time such inmates progress through the Second-Strike Parole process, the potential sentence reduction if granted parole would be minimal and does not justify the resources required for their inclusion in the new process.

- behavior. The inmate will remain ineligible for referral to the Board for one year from the date he or she is removed from Work Group C status.

- The inmate has been found guilty of two or more serious rules violations as defined in Section 3315 of Title 15 in the past year. The inmate remains ineligible for referral to the Board for one year following the date of a guilty finding on the last rules violation.

- The inmate has been found guilty of a drug-related offense, as defined in Section 3016 of Title 15, or refused to provide a urine sample, as required by Section 3290(d) of Title 15, in the past year. The inmate remains ineligible for referral to the Board for one year from the date of the last drug-related rules violation or refusal.

- The inmate has been found guilty of any rules violation committed at the behest of or in connection with a designated prison gang or Security Threat Group in the past year. The inmate remains ineligible for referral to the Board for one year from the date of a guilty finding on the rules violation.[4]

The screening and referral criteria are designed to prevent the release of inmates who pose an unreasonable risk to public safety, and to foster incentives for inmates to remain discipline-free, to abstain from substance use, and to encourage completion of valuable rehabilitative programming and work assignments.

If an inmate commits a rules violation after he or she has been referred to the Board, the referral shall be suspended and returned to the classification committee for further review. The classification committee shall reconvene as soon as practicable and determine whether the referral to the Board should be rescinded or allowed to proceed based on the seriousness of the rules violation.

Review by the Board of Parole Hearings

Once an inmate has been deemed eligible for referral to the Board for parole consideration, the Board will send a letter within five calendar days of the referral notifying (1) the prosecutor(s) from the inmate's county/counties of commitment, and (2) any victims registered with the Office of Victim and Survivor Rights and Services. The Board will afford these parties 30 days to provide written comment and input concerning the inmate's potential parole.

After the notice and comment period has closed, a Board hearing officer will review all relevant information, including the inmate's criminal history, institutional behavior, rehabilitation efforts, and written statements from interested parties, and will approve or deny the inmate's parole. Ultimately, the Board's decision will be based on whether the inmate's parole would pose an unreasonable risk to public safety. The Board will issue a written statement of the decision to grant or deny parole within 50 days from the date the case was referred to the Board or, if the inmate has not yet served 50 percent of his or her sentence, the Board will render its decision once the inmate is within 60 days of his or her 50 percent time served date.

An inmate who is approved for parole by the Board shall be discharged to State parole or Post Release Community Supervision. During the period following the Board's decision, CDCR will notify local law-enforcement agencies and probation offices, and the Division of Adult Parole

---

[4] All inmates have the right to appeal a classification committee's decision not to refer the offender to the Board for parole consideration. (*See* Cal. Code Regs. tit. 15, § 3084.)

3

Operations will complete the pre-parole review process.  CDCR staff will also work with the inmate to provide identification cards, register the inmate for available medical and mental-health-care services, and identify post-release housing and transition services.

If parole is denied, the inmate will be reviewed again for referral at their next annual review.

<u>The Number of Inmates Affected:</u>

CDCR estimates that in 2015, the number of inmates who will be referred to the Board for parole consideration under the Second-Strike Parole process will be approximately 5,000-6,000.  Not all of those inmates will be granted parole, and CDCR is unable to predict the Board's grant or denial rate under this new measure.

# Exhibit A

State of California                                    Department of Corrections and Rehabilitation

# Memorandum

Date :

To : Associate Directors, Division of Adult Institutions
Wardens
Classification & Parole Representatives
Case Records Managers
Board of Parole Hearings

Subject: **PROCESS FOR REVIEWING SECOND STRIKE INMATES FOR REFERRAL TO THE BOARD OF PAROLE HEARINGS FOR CONSIDERATION OF RELEASE TO PAROLE**

The purpose of this memorandum is to provide direction regarding the consideration for release of second strike inmates to parole supervision after serving 50 percent of their actual sentence. This is in accordance with the California Department of Corrections and Rehabilitation's (CDCR) obligation to comply with federal court orders. Please ensure all Correctional Counselors, Case Records staff, and staff participating in classification committee actions is provided training on this information.

This process is specifically for inmates identified as "**second strikers**"—inmates whose terms doubled pursuant to Penal Code Section 667 (b)-(i) or Penal Code Section 1170.12. Effective January 1, 2015, all second strike inmates who have served 50 percent of their actual sentence, or who are within 12 months of their 50 percent time served date (as calculated by the Correctional Case Records Analyst (CCRA)), shall be reviewed at their annual review for potential referral to the Board of Parole Hearings (BPH) for parole consideration.

## Case Records

In addition to the Earliest Possible Release Date (EPRD), all Non-Violent Second Strike (NVSS) inmates that meet the criteria shall have a parole consideration review date calculated. Case Records Unit will provide a list of inmates for the existing population that will require review. Additionally, new inmate arrivals shall be reviewed for determination of eligibility at the intake audit. Exclusionary criteria (detailed below) includes inmates who are required to register pursuant to Penal Code Section 290 and/or have a commitment for a violent offense, whether controlling or non-controlling, pursuant to Penal Code Section 667.5(c).

The NVSS 50 percent served date is based on actual continuous time served in custody. Conduct credit, whether in county jail or State prison, shall not be applied. The CCRA will enter a case note into the Strategic Offender Management System (SOMS) reflecting the calculated 50 percent date, when the inmate meets the eligibility criteria for NVSS. Case Records will scan a NVSS notice into the alert section of Electronic Records Management System (ERMS) along with the CDCR Form 1897-U calculation worksheet. Case Records

Associate Directors, Division of Adult Institutions
Wardens
Classification and Parole Representatives
Case Records Managers
Board of Parole Hearings
Page 2

Unit will be providing additional detailed implementation instructions to all case records offices.

### Classification Committees

At the annual review, a second strike inmate who is within 12 months of his or her 50 percent time served date, or who has reached the calculated 50 percent time served date, shall be referred to BPH for parole consideration by the classification committee, unless the inmate is excluded based on the following criteria.

### Exclusionary Criteria

1. The inmate is required to register pursuant to Penal Code Section 290 based on a current or prior sex offense conviction.

2. The inmate's current offense, whether controlling or non-controlling, is a violent offense pursuant to Penal Code Section 667.5(c).

3. The inmate is currently serving a Security Housing Unit (SHU) term, or the Institution Classification Committee (ICC) has assessed a SHU term for any Security Threat Group (STG) or disciplinary reason within five years of the date of the inmate's annual review. An inmate remains ineligible until five years after release from SHU or five years from the date of suspension or expiration date of the Minimum Earliest Release Date.

4. The inmate was found guilty of any serious Rules Violation Report (RVR) for a Division A-1 or Division A-2 offense as specified in California Code of Regulations (CCR), Title 15, Section 3323 (b) and (c) in the past five years. The inmate remains ineligible for five years from the date of the last RVR.

5. The inmate has been placed in Work Group C as specified in CCR, Title 15, Section 3043.4 during the prior year. The inmate remains ineligible for one year from the date removed from Work Group C.

6. The inmate has been found guilty of two or more serious RVRs in the past year. The inmate is ineligible for one year from the date of the last RVR.

7. The inmate has been found guilty of a drug-related offense as specified in CCR, Title 15, Section 3016 or refused to provide a urine sample as specified in CCR, Title 15, Section 3290 (d) in the past year. The inmate is ineligible for one year from the date of the last drug related RVR or refusal.

Associate Directors, Division of Adult Institutions
Wardens
Classification and Parole Representatives
Case Records Managers
Board of Parole Hearings
Page 3

8. The inmate has been found guilty of any RVR in which a STG nexus was found in the past year. The inmate is ineligible for one year from the date of the RVR.

9. The inmate's EPRD is within 180 days of the inmates' 50 percent time served date.

If a second strike inmate is not excluded based on the criteria listed above, the classification committee shall refer the inmate to BPH. The reasons for the referral shall be clearly articulated on a Classification Committee Chrono in SOMS and shall clearly indicate the inmate's 50 percent time served date. Committee will create a case note in SOMS indicating the case is referred to BPH. Additionally, following Classification Committee the assigned Correctional Counselor shall start the Mentally Disordered Offender referral process, if applicable, and complete the Release Program Study, CDCR Form 611 and Notice of Conditions of Parole, CDCR Form 1515 or Notice of Conditions of Post Release Community Supervision, CDCR Form 1515-CS, and any applicable registration notifications. The counselor shall clearly indicate on the CDCR Form 611, at the top, right-hand corner of the form, "NVSS" with the calculated 50 percent date.

If a second strike inmate is excluded based on the criteria listed above, then the committee shall not refer the case to BPH. The committee shall clearly articulate in SOMS Classification Committee Chrono the reason the inmate was not referred and create a case note indicating the case was not referred to BPH. The inmate may appeal the committee's decision pursuant to CCR, Title 15, Section 3084. Any non-violent second strike inmate who is denied a referral shall be reviewed again at the inmate's next scheduled annual review, unless number 1 or 2 of the exclusionary criteria apply. Additionally, inmates in Administrative Segregation Unit or SHU at the time of their annual review shall also be considered by the ICC for referral to BPH for parole consideration, if eligible.

**Notification to the Parole Planning and Placement (PPP) Staff**

Case Records staff shall immediately provide PPP staff with a copy of the CDCR Form 611 for all inmates who are referred to BPH for parole consideration as a NVSS. PPP institutional staff shall complete the appropriate Re-entry and Case Planning Assessments prior to the inmate's release.

**BPH Review**

Once an inmate is referred to BPH for parole consideration, the Board will render its decision within 50 days from the date the case is referred to the Board, unless the inmate has not yet served 50 percent of his or her sentence, in which case, the Board will render a decision once the inmate is within 60 days of serving 50 percent of his or her sentence. In addition, BPH staff will notify (1) the prosecutor(s) from the inmate's county/counties of commitment, and (2) any victims registered with the Office of Victim and Survivor Rights

Associate Directors, Division of Adult Institutions
Wardens
Classification and Parole Representatives
Case Records Managers
Board of Parole Hearings
Page 4

and Services within five days of receiving the referral. The BPH will provide prosecutors and registered victims 30 days to submit a written statement concerning the inmate's potential eligibility for parole. Once the 30-day period has passed, a BPH hearing officer will review all relevant and reliable information, including any written statements received from prosecutors and victims, and approve or deny the inmate's release. Once a decision is rendered, it will be entered into the Lifer Scheduling and Tracking System (LSTS) and displayed on the Case Records workload screen in LSTS for the appropriate institution.

Upon notice of the BPH decision, the case records staff will print the decision from LSTS and scan the document into ERMS. Case Records shall provide a copy of the BPH NVSS decision form to the inmate via the assigned Correctional Counselor I. The CCRA will enter the required case note into SOMS reflecting the decision by BPH. Case Records must ensure all required victim/county notifications are completed for inmates approved for release.

An inmate who is approved for release by BPH shall be released to State parole or Post Release Community Supervision as required by statute, no later than 50 days after the BPH decision unless the release decision is vacated by BPH before the inmate is released. Inmates shall not be released prior to his or her 50 percent date as calculated by Case Records.

### Changes in Case Factors after Committee/BPH

A second strike inmate initially approved by a classification committee and referred to BPH for parole consideration, shall be returned to classification committee if his or her case factors change such that his or her referral for release is no longer appropriate. The classification committee shall reconvene as soon as practical and determine if the referral should be rescinded.

When pending RVRs, CDCR Form 804s, are received in the Case Records office, the Case Records Technician (CRT) will follow the current procedures, (i.e., date stamp, verify release date, log). Once the CRT scans the CDCR Form 804 into the alert section of ERMS, the CRT shall also review the alert section for the NVSS alert. If the NVSS alert exists, the CRT shall print and attach the alert to the CDCR Form 804 and give it to the Classification & Parole Representative (C&PR) or designee for review and/or processing.

The C&PR will review the pending CDCR Form 804 and the inmate's file to determine if the inmate has been referred to BPH. If the inmate has been referred to BPH, the C&PR will determine if the inmate will meet the exclusionary criteria if found guilty of the pending RVR. If the exclusionary criteria are met, the C&PR will notify the inmate's assigned counselor and the assigned counselor's supervisor of the pending RVR and have the inmate scheduled for committee to determine if BPH referral remains appropriate. If the

Associate Directors, Division of Adult Institutions
Wardens
Classification and Parole Representatives
Case Records Managers
Board of Parole Hearings
Page 5

referral is no longer appropriate, the committee will enter a case note in SOMS indicating the prior referral to BPH is rescinded. If the referral is still appropriate, there is no need to enter a new case note into SOMS.

In addition, the C&PR will notify BPH via email of the pending disciplinary action, and a copy of the CDCR Form 804 and pending RVR are available in SOMS. The email will briefly explain the case is pending committee review of the pending RVR and the appropriateness of the referral to BPH. The C&PR will also ensure BPH is notified of ALL CDCR Form 804s and pending RVRs, regardless of whether it will or will not result in the inmate meeting the exclusionary criteria. The C&PR must ensure BPH is notified the same day for any pending RVRs, especially when the inmate who received the RVR has already been reviewed by BPH and approved for release. The email address at which BPH is to be notified is BPHNVSS@CDCR.CA.GOV.

If you have any questions concerning the Classification processes described within this memorandum, please contact Kevin Ormand, Captain, Classification Services Unit, at (916) 327-4816, or via email at Michael.Ormand@cdcr.ca.gov. For Case Records questions, please contact Jill Johnston, Case Records Administrator, Case Records Unit, at (916) 323-7401, or via email at Jill.Johnston@cdcr.ca.gov. For questions about the BPH process, please contact Dan Moeller, Associate Chief Deputy Commissioner at (916) 445-4490, or via email at Daniel.Moeller@cdcr.ca.gov.


M. D. STAINER
Director
Division of Adult Institutions

JENNIFER SHAFFER
Executive Officer
Board of Parole Hearings

cc:  Kelly Harrington
     Kathleen Allison
     Vincent Cullen
     Becky Alkire
     Deloris Pascal
     Michael Ormand
     Jill Johnston
     Rhonda Skipper-Dotta
     Howard Moseley
     James Robertson