KAMALA D. HARRIS
Attorney General of California
PATRICK R. MCKINNEY
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
CHRISTINE M. CICCOTTI, State Bar No. 238695
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 324-4921
  Fax: (916) 324-5205
  E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,** <br><br> Plaintiffs, <br><br> v. <br><br> **EDMUND G. BROWN JR., et al.,** <br><br> Defendants. | 2:90-cv-00520 KJM DAD <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REPORT ON REVIEW OF MENTAL HEALTH STAFFING AND MOTION/REQUEST FOR FURTHER ORDERS** |

## INTRODUCTION

On June 19, 2014, the Court ordered Defendants to review and, if appropriate, revise the California Department of Corrections and Rehabilitation's (CDCR) 2009 mental health staffing plan. (ECF No. 5171, 06/19/14 Order at 4.) The order directed Defendants to assume primary responsibility for the review and revisions, with the Special Master's participation, who would ensure that Plaintiffs had notice and an opportunity for input. Defendants were directed to report to the Court on the results of the review. (*Id.* at 3-4.)

Defendants conducted the court-ordered review, which included CDCR's internal work to formulate proposals to address shortages for psychiatrists, psychologists, and licensed clinical social workers identified in the order. (*See id.*; *see also* ECF No. 1383, 06/13/02 Order.) CDCR

1

then conferred with the Special Master and his experts on October 21, 2014, November 5, 2014, and December 23, 2014, to provide details about CDCR's review and to seek input on the proposed initiatives. (ECF No. 5269 at 5.) CDCR also met-and-conferred with the Special Master and Plaintiffs on November 25, 2014, January 8, 2015, and January 20, 2015, to discuss the proposals. (*Id.*) On February 2, 2015, following this extensive meet-and-confer process, Defendants reported the results of the review to the Court along with their proposals to enhance mental health staffing. (*Id.*)

On February 13, 2015, without notice or further attempt to meet-and-confer, Plaintiffs asked the Court for permission to file a "response" to CDCR's staffing report. (ECF No. 5277.) Plaintiffs' request was granted by a minute order issued on February 18, 2015. (ECF No. 5279.) On February 23, 2015, instead of filing a response, Plaintiffs filed objections to Defendants' staffing report along with an unnoticed motion requesting further orders. (ECF No. 5281.)

Plaintiffs' request is improper for the following reasons:

1. Plaintiffs' request amounts to an improper motion for reconsideration of the June 19, 2014 order; and

2. Defendants, under the guidance of the Special Master and his experts and with input from Plaintiffs, have complied with the letter and intent of the June 19, 2014 order.

For these reasons, and as discussed more fully below, Plaintiffs' request for further orders should be denied.

I. **PLAINTIFFS' REQUEST FOR FURTHER COURT ORDERS IS AN UNNOTICED MOTION FOR RECONSIDERATION AND IS NOT PROPERLY BEFORE THE COURT.**

Plaintiffs' response should be disregarded because it is defective and improperly seeks reconsideration of the June 19, 2014 order. Rule 7 of the Federal Rules of Civil Procedure provides that a request for a court order must be made by written motion unless made during a hearing or a trial. Rule 7 also requires that the motion state with particularity the grounds for seeking the order. Federal Rule of Civil Procedure 60 and Eastern District Local Rule 230(j) set forth additional requirements for filing applications for reconsideration. In particular, Local Rule 230(j) requires the moving party to set forth:

2

> . . . the material facts and circumstances surrounding each motion for which reconsideration is sought, including: . . .
>
> (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and
>
> (4) why the facts or circumstances were not shown at the time of the prior motion.

E.D. Cal. L.R. 230(j). Plaintiffs' response does not meet the notice or substantive requirements of the Federal Rules of Civil Procedure or Local Rule 230.

The Court issued the June 19, 2014 order after receiving evidence submitted with Defendants' motion to modify their bed plan and to seek an extension of time to fully activate the mental health units at the California Health Care Facility. (ECF No. 4984.) The Court first ordered Defendants to report on their review of whether the salary schedule for prison psychiatrists is competitive both within California and nationally. (Mar. 18, 2014 Order, ECF No. 5116.) As with the March 18, 2014 order, the Court expressly limited the scope of the June 19, 2014 order to directing Defendants to review their mental health staffing plans and report the results of the review to the Court. (ECF No. 5171 at 4-5.) The order provided for input by Plaintiffs "as appropriate." (*Id.* at 3.) The order also provides for a revision of the existing mental health staffing plan, "as appropriate." (*Id.* at 4.)

Nearly eight months later, Plaintiffs improperly ask the Court to reconsider the June 19, 2014 order. Plaintiffs seek to expand the order's scope to require Defendants to file three additional reports with the Court, and to require the Special Master to monitor Defendants' progress in implementing the staffing proposals and report to the Court within 180 days. (ECF No. 5281-2.) Plaintiffs also ask the Court to delete the provision of the June 19, 2014 order which permits Defendants to revise the staffing plan "as appropriate." Plaintiffs cite no legal authority or factual basis that would permit their belated requests to re-write this Court's order, veto Defendants' proposals, direct the Special Master's monitoring, or determine a timetable for Defendants to implement their proposals.

Plaintiffs' request for orders directed to the Special Master is particularly ill-founded. The Special Master does not require an order to continue his work with Defendants in assessing the

3

efficacy of the proposals in the staffing report. Similarly, Plaintiffs' request for an order directing monitoring by the Special Master is unnecessary since the Special Master and his team of experts are currently engaged in a detailed review of staffing at each CDCR and DSH facility as part of the 26th round of monitoring.

Plaintiffs' motion does not comply with the standards for seeking reconsideration. Fed. R. Civ. P. 60; E.D. Cal., Local R. 230(j) (requiring a request for reconsideration be made within a reasonable amount of time and a showing that "new or different facts or circumstances" exist.) The time for Plaintiffs to move for an order expanding the scope of the June 19, 2014 has passed. In addition to the procedural defects, Plaintiffs do not present any new evidence or circumstances that could not have been presented to the Court in June 2014. Plaintiffs participated in the process ordered by the Court and should not be permitted to complain about it after the process is complete and Defendants filed a report that is consistent with and fully responds to the June 19, 2014 order.

## II.  DEFENDANTS' REVIEW AND REPORT FULLY COMPLY WITH THE JUNE 19, 2014 ORDER.

Defendants worked with the Special Master and his team of experts, with input from the Plaintiffs, to respond to the June 19, 2014 order. The order directed Defendants, in conjunction with the Special Master's team, to devise proposals to address vacancy rates for psychiatrists, psychologists, and licensed clinical social workers. (ECF No. 5171.) CDCR's report proposes a number of appropriate solutions—including adding more staff by creating a new classification of psychiatric medical assistants to assist psychiatrists, internship/fellowship programs, pay differentials for psychiatrists, and use of telepsychiatry—that CDCR believes will enhance their efforts to hire and retain mental health clinicians. (ECF No. 5269.)

As stated above, CDCR met-and-conferred with the Special Master and Plaintiffs on multiple occasions, and provided details about Defendants' review and the specific initiatives included in the staffing report. (*Id.* at 5.) Plaintiffs had a full opportunity to provide input and present their concerns to the Special Master and Defendants. At the conclusion of the meet-and-confer process, Defendants were not made aware that Plaintiffs had significant concerns with

4

Defs.' Opp. to Pls.' Obj. & Motion Re: Report on Review of Staffing  (2:90-cv-00520 KJM DAD)

Defendants' approach, or that they would bring them before the Court. Plaintiffs regularly submit written requests to Defendants for information and policy changes. However—prior to filing their motion—Plaintiffs did not communicate that they believed more needed to be done or that they would seek to modify the Court's order. Defendants believed, understandably, that the staffing proposals developed at the end of the discussions with Plaintiffs and the Special Master met the spirit, intent, and requirements of the Court's order.

### III. PLAINTIFFS' MOTION IS PREMATURE UNTIL DEFENDANTS FULLY IMPLEMENT AND, IN COORDINATION WITH THE SPECIAL MASTER, ASSESS THE EFFICACY OF THE PROPOSED INITIATIVES.

CDCR, with guidance and input from the Special Master and his experts, has worked over the past six months to develop proposals which address the concerns outlined by the Court in the June 19, 2014 order. (ECF. No. 5269.) As stated in the staffing report, CDCR remains committed to reviewing and adjusting its staffing levels to further improve the quality of mental health care to class members, and will continue to work with the Special Master and his team to assess the effectiveness of the proposals. (*Id.* at 6.) The proposals have not yet been fully and finally implemented. For example, Plaintiffs' request for additional orders setting hard deadlines for the production of data on pay differentials and requiring Defendants to file additional reports on budgeted positions is premature. These requests are also unnecessary and potentially counterproductive because adding more requirements will distract clinical staff at CDCR from the substantive work of implementing the proposals. There is no benefit to allowing Plaintiffs to micromanage the process that is being managed by Defendants under the guidance of the Special Master. This is especially true because Plaintiffs make no showing that the June 19, 2014 order is deficient or that Plaintiffs are entitled to reconsideration of the order.

For the reasons discussed above, Plaintiffs' motion should be denied. Plaintiffs had an opportunity to develop or suggest alternatives to the proposals included in the staffing report during the meet-and-confer process. At a minimum, Plaintiffs should have presented their request for further orders to Defendants in advance of filing their motion so that Defendants could have addressed the demands. Had they done so, the parties could have continued their practice of discussing issues and working toward a compromise. With respect to the demands in Plaintiffs'

5

motion, Defendants would have been able to at least confirm the status of the requests included in Plaintiffs' proposed order including: 1) a description of the Psychiatric Medical Assistant position; 2) additional details regarding Defendants' pay differential proposal; and 3) additional details regarding Defendants' Telepsychiatry Policies and Procedures. These subjects would be more appropriately addressed in further meet-and-confer sessions, as opposed to court orders.

## CONCLUSION

Defendants' staffing report fully responds to the June 19, 2014 order. Plaintiffs' request for further court orders contravenes the spirit of the meet-and-confer Defendants engaged in with the Special Master and Plaintiffs' counsel, and the process outlined by the Court directing Defendants to review CDCR's review of mental health staffing levels. CDCR, working with the Special Master's experts and Plaintiffs, proposed a number of solutions that address the Court's concerns. Plaintiffs' request for further court orders is procedurally improper and premature, and should be denied.

Dated: March 16, 2015

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
PATRICK R. MCKINNEY
Supervising Deputy Attorney General

*/s/ Elise Owens Thorn*

ELISE OWENS THORN
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003
Doc 11781408

6

Defs.' Opp. to Pls.' Obj. & Motion Re: Report on Review of Staffing  (2:90-cv-00520 KJM DAD)