1   KAMALA D. HARRIS
    Attorney General of California
2   PATRICK R. MCKINNEY
    Supervising Deputy Attorneys General
3   ELISE OWENS THORN, State Bar No. 145931
    CHRISTINE M. CICCOTTI, State Bar No. 238695
4   Deputy Attorneys General
     1300 I Street, Suite 125
5    P.O. Box 944255
     Sacramento, CA 94244-2550
6    Telephone:  (916) 323-4025
     Fax:  (916) 324-5205
7    E-mail:  Christine.Ciccotti@doj.ca.gov

8   *Attorneys for Defendants*

9               IN THE UNITED STATES DISTRICT COURT

10            FOR THE EASTERN DISTRICT OF CALIFORNIA

11                    SACRAMENTO DIVISION

12

13  | **RALPH COLEMAN, et al.,** | 2:90-cv-00520 KJM DAD PC |
14  |  | |
    |                    Plaintiffs, | **STIPULATED RESPONSE AND** |
15  |  | **[PROPOSED] ORDER ON THE** |
    |         v. | **SPECIAL MASTER'S REPORT ON** |
16  |  | **CALIFORNIA DEPARTMENT OF** |
    |  | **CORRECTIONS AND** |
17  | **EDMUND G. BROWN JR., et al.,** | **REHABILITATION'S** |
    |  | **IMPLEMENTATION OF POLICIES** |
18  |                    Defendants. | **AND PROCEDURE ON RULES** |
    |  | **VIOLATION REPORTS** |
19

20

21       On January 30, 2015, the Special Master filed his report, as required by this Court's April

22  10, 2014 order, (ECF No. 5131) on the California Department of Corrections and Rehabilitation's

23  (CDCR) implementation of policies and procedures related to Rules Violation Reports (RVR).

24  (ECF No. 5266.)  The report included four recommendations. (*Id.* at 25-26.)

25       The parties met-and-conferred with the Special Master's team on February 19, February

26  27, March 12, March 17, March 23, April 1, and April 2, 2015, to discuss the Special Master's

27  recommendations and the RVR process.  During this meet-and-confer process, the parties, in

28  coordination with the Special Master, made several modifications to CDCR's RVR policies and

                                            1

procedures, in response to the Special Master's Report.

The parties have agreed to revise the 2011 RVR policies, procedures, and staff training that were the subject of the report. As such, CDCR will implement the following:

    a.  Revised Title 15, Sections 3310(d), 3315(h), 3317, 3317.1, 3317.2 (Attachment 1; in draft form);

    b.  Revised Departmental Operating Manual Section 52080.5.8 (Attachment 2; in draft form);

    c.  Revised Mental Health Assessment Form (115-MH) (Attachment 3; in draft form); and

    d.  Memorandum entitled "Implementation of Rules Violation Report Exclusions and Documentation of Rules Violations in an Alternate Manner Based on Clinical Input for all Inmate Participants in the Mental Health Services Delivery System" (Attachment 4; in draft form)

As a result, the parties, with the concurrence of the Special Master, stipulate as follows:

## STIPULATION

**Recommendation No. 1**

1.    The first recommendation in the report states: "CDCR shall immediately end the practice of using inmate workers in any aspect of the RVR process." (ECF No. 5266 at 25.) The parties have agreed that CDCR will eliminate the use of inmate workers in the RVR process entirely by upgrading its Strategic Offender Management System (SOMS). (*See* Attachment 5.) This SOMS upgrade will allow CDCR staff to directly input information into the RVR forms, thus removing inmate clerks from this process. CDCR will implement this measure within 12 months from the date the Court approves this Stipulation and Proposed Order, and will make a good-faith effort to accelerate implementation.

2.    In the interim, CDCR will not use inmate clerks in the RVR process for inmates who receive RVRs while housed in a Mental Health Crisis Bed, or in an inpatient program within a CDCR prison (which includes DSH-Stockton, Salinas Valley Psychiatric Program, Vacaville Psychiatric Program, the San Quentin Psychiatric Inpatient Program, and the California

2

1    Institution for Women Psychiatric Inpatient Program.)  (*See* Attachment 5.)

2           3.    Also in the interim, for RVRs issued to any participant in the Mental Health

3    Services Delivery System, CDCR will not use inmate clerks to type RVR hearing summaries or

4    RVR dispositions, or file or otherwise track completed RVRs.  (*See* Attachment 1.)  CDCR

5    proposes to implement these interim measures concurrently with the revised RVR policies

6    outlined above.

7    **Recommendation No. 2**

8           4.    The second recommendation in the report states: "CDCR shall devise an RVR

9    quality improvement process for incorporation into its Quality Improvement Tool (CQIT) and

10   conduct regular quality improvement reviews of the RVR process, including but not limited to the

11   staff training aspects of the RVR process, in all of its institutions."

12          5.    Consistent with Recommendation No. 2, CDCR will revise its Continuous Quality

13   Improvement Tool (CQIT) to include a quality improvement process for RVRs and to conduct

14   regular RVR reviews.

15   **Recommendation No. 3**

16          6.    The third recommendation in the report states: "Within 243 days, CDCR shall

17   implement, under the guidance of the Special Master, its program of RVR mandatory initial and

18   ongoing training/re-training of all clinical and custody staff who are involved in the RVR

19   process."

20          7.    Consistent with Recommendation No. 3, CDCR will work with the Special Master

21   to develop and implement mandatory training on the revised policies and procedures outlined

22   above, for clinical and custody staff who are involved in the RVR process.  CDCR will

23   implement these policies and procedures, and training thereon, within the 243 day timeframe

24   recommended by the Special Master in the report.

25   **Recommendation No. 4**

26          8.    The fourth recommendation in the report states: "Following the 243-day period for

27   implementation of the staff training/re-training program, the Special Master shall conduct a

28   review of staff training/re-training on the RVR process in all CDCR institutions, and shall report

3

1  to the Court on his findings no later than 90 days after the completion of his review."

2        9.      Consistent with Recommendation No. 4, the parties agree that the Special Master

3  will review and report on CDCR's training on the revised policies and procedures.

4  Dated: April 3, 2015                          Respectfully submitted,

5                                                KAMALA D. HARRIS
                                                 Attorney General of California
6                                                PATRICK R. MCKINNEY
                                                 Supervising Deputy Attorney General
7
                                                 *Christine M. Ciccotti*
8
9                                                CHRISTINE M. CICCOTTI
                                                 Deputy Attorney General
10                                               *Attorneys for Defendants*

11
                                                 *Michael W. Bien*
12
13                                               MICHAEL W. BIEN
                                                 *Attorney for Plaintiffs*
14

15                            **[PROPOSED] ORDER**

16  Pursuant to the foregoing stipulation, IT IS SO ORDERED.

17

18  DATED: _____, 2015

19

20                                               _____
                                                 KIMBERLY J. MUELLER
21                                               Judge, United States District Court

22

23

24

25

26

27

28

4

Stip. Resp. and [Proposed] Order to the Special Master's Jan. 30, 2015 Report (2:90-cv-00520 KJM DAD PC)

# Attachment 1

**TEXT OF PROPOSED REGULATIONS**

**In the following, underline indicates additional text and strikethrough indicates deleted text.**

**California Code of Regulations, Title 15, Division 3, Adult Institutions, Programs and Parole**

**Chapter 1.  Rules and Regulations of Adult Operations and Programs**

**Subchapter 4.  General Institution Regulations**

**Article 5. Inmate Discipline**

**Section 3310.  Definitions.**

**Subsections 3310(a) through 3310(c) are unchanged.**

(d) Experienced means a permanent employee at the designated level, certified by the Chief Disciplinary Officer (CDO) or designee as competent to serve as a senior hearing officer or hearing officer, as specified. Requirements for certification shall include in-service or on-the-job training in disciplinary procedures, mental health assessment requirements, and observation of five serious/administrative disciplinary hearings. A probationary, limited term, or training and **development employee at the designated staff level may be certified as experienced. Acting staff whose permanent position is at a level lower than that required shall not be assigned senior hearing officer/hearing officer responsibility.**

**Subsections 3310(e) through 3310(f) are unchanged.**

**Section 3315.  Serious Rules Violations.**

**Subsections 3315(a) through 3315(g) are unchanged.**

**Subsection 3315(h) is added to read:**

(h)  Mitigation of Disposition due to Mental Illness.  If an inmate is found guilty of the charge, the official shall consider the mental health assessment and any dispositional recommendations provided by mental health staff as documented on the CDCR Form 115-MH, Rules Violation Report: MH Assessment Request, or any other relevant information regarding the relationship between the inmate's mental illness and his or her misconduct, when assessing penalties.

Note: Authority cited: Section 5058, Penal Code. Reference: Sections 295-300.3, 314, 530, 532, 646.9, 647, 653m, 2931, 2932, 2933, 4501.1, 4573.6, 4576, 5054, 5068 and 12020, Penal Code.

**Section 3317. Mental Health Evaluations for Disciplinary Hearings.**

**Section 3317 is retitled and amended to read:**

**3317. Mental Health ~~Evaluations~~ Assessments for Disciplinary ~~Hearings~~ Proceedings**
~~Inmates in the Mental Health program or any inmate showing signs of possible mental illness may require a CDC 115 MH (Rev. 06/06), Rules Violation Report: Mental Health Assessment.~~

~~All inmates at the EOP, MHCB, and DMH level of care, who receive a CDC 115, Rules Violation Report shall be referred for a Mental Health Assessment. All inmates in CCCMS or non MHSDS inmates who receive a CDC 115 Rules Violation Report, and who exhibit bizarre, unusual or uncharacteristic behavior at the time of the rules violation shall be referred for a Mental Health Assessment. An inmate shall be referred for a mental health evaluation prior to documenting misbehavior on a CDC Form 115, Rules Violation Report, in any case where the inmate is suspected of self mutilation or attempted suicide. If the mental health evaluation determines that it was an actual suicide attempt, a CDC Form 115 shall not be written and the behavior shall be documented on a CDC Form 128B(Rev.4/74), General Chrono, for inclusion in the inmate's central file.~~

(a) A Mental Health Assessment is a means to incorporate clinical input into the disciplinary process when mental illness may have contributed to behavior resulting in a Rules Violation Report.  Mental Health Assessments shall be considered by the hearing officer or other official during disciplinary proceedings when determining whether an inmate shall be disciplined and when determining the appropriate method of discipline.

(b) Inmates who are alleged to have committed a Rules Violation shall receive a mental health assessment, via completion of the CDCR Form 115-MH, Rules Violation Report: MH Assessment Request, for any of the following reasons:

(1) Inmate is a participant in the MHSDS at the EOP level of care.

(2) Inmate is a participant in the MHSDS at the MHCB level of care.

(3) Inmate is a participant in the MHSDS at the Psychiatric Inpatient Program, Acute Psychiatric Program or Intermediate Care Facility levels of care.

(4) Inmate is a participant in the MHSDS at the CCCMS level of care and has been charged with a Division A, B or C offense or any other rules violation which may result in the assessment of a Security Housing Unit term as defined in Section 3341.5.

(5) Inmate engaged in Indecent Exposure or Sexual Disorderly Conduct.

(6) Inmate displayed bizarre, unusual or uncharacteristic behavior at the time of the offense

 (c) When a mental health assessment is required, the reviewing supervisor shall request that a mental health clinician complete the assessment by completing a CDCR Form 115-MH, Rules Violation Report: MH Assessment Request and delivering it to the institution's mental health program within two calendar days of the date of discovery.  The mental health program shall complete the assessment and return it to the reviewing supervisor within eight calendar days of receipt.

(d) At any time during the disciplinary process, after inmate misconduct has occurred, an authorized official may address the misconduct or otherwise handle the disciplinary action or Rules Violation pursuant to CCR section 3312(a) when information indicates that mental illness contributed to the inmate's behavior.  The official shall consider mental health staff's assessment, as documented on the CDCR Form 115-MH, Rules Violation Report: MH Assessment Request, and any other relevant information, when determining whether the inmate should be disciplined or the appropriate method of discipline because the inmate's behavior was strongly influenced by mental illness.  The official shall also consider mental health staff's assessment when determining whether punishment should be mitigated due to the inmate's mental illness.  These considerations shall be undertaken throughout the entirety of disciplinary process.

(e) An inmate shall be referred for a mental health assessment prior to documenting misbehavior on a CDC Form 115, Rules Violation Report, in any case where the inmate is suspected of self-

mutilation or attempted suicide. If the mental health assessment determines it was self-mutilation or an actual suicide attempt, a CDC Form 115, Rules Violation Report shall not be written.

**Section 3317.1 is added to read:**

**3317.1. Documenting Rules Violations in an Alternate Manner for Inmates in the MHSDS**

(a) If the inmate's behavior was strongly influenced by symptoms of mental illness at the time the rules violation occurred, mental health staff may recommend via the CDCR Form 115-MH, Rules Violation Report: MH Assessment Request, that the inmate would be better served by having the behavior documented in an alternate manner. In this event the CDC Form 115, Rules Violation Report, and CDCR Form 115-MH, Rules Violation Report: MH Assessment Request, shall be forwarded to the Facility Captain with the recommendation. The Captain will review the CDC Form 115, Rules Violation Report and return it to the hearing officer within three calendar days from the date of receipt with a decision.

(b) Based on his or her review, the Captain will direct the hearing officer to proceed in any of the following manners:

(1) Proceed with hearing the Rules Violation Report as serious,

(2) Proceed with hearing the Rules Violation Report as administrative,

(3) Void the CDC Form 115, Rules Violation Report, and document the behavior via a CDC Form 128-A, Custodial Counseling Chrono, for minor misconduct, or

(4) Void the CDC Form 115, Rules Violation Report, and document the behavior via CDC Form 128-B, General Chrono.

(c) If the Captain elects to void the CDC Form 115, the hearing officer shall document the decision via a memorandum and attach it to the CDCR Form 1154, Disciplinary Action Log.

**Section 3317.2 is added to read:**

**3317.2. Behaviors Related to Mental Illness Excluded from Rules Violation Reports**

Inmates shall not be issued a Rules Violation Report for behavior that constitutes a Rule Violation under the following circumstances:

(1) If the behavior occurred in connection with a cell extraction for the administration of involuntary medication, as defined in Penal Code section 2602, or involuntary medical treatment, as defined in Probate Code section 3200, et seq.

(2) If the behavior occurred in connection with a cell extraction for transfer of the inmate to a mental health inpatient unit or between mental health inpatient units.

(3) If the behavior occurred in connection with being placed in mental health restraints and/or seclusion.

(4) If the behavior is determined to be an act of self-mutilation or attempted suicide.

The inmate's conduct shall be documented on a CDC Form 128-B, General Chrono, for inclusion in the inmate's central file.

If the inmate commits a Serious Rules Violation pursuant to CCR, Title 15, Section 3315 while participating in the behavior noted above, which constitutes a Division A-1 offense as defined in CCR, Title 15, Section 3323(b), an assault or battery as defined in CCR, Title 15, Sections 3323(d)(1), 3323(d)(2), or 3323(d)(3), or an assault on a peace officer or non-prisoner as defined in CCR, Title 15, Sections 3323(f)(11) and 3323(f)(12), a CDC Form 115, Rules Violation Report, shall be completed and processed in accordance in accordance with this Article.

Note: Authority cited: Section 5058, Penal Code. Reference: Section 5054, Penal Code.



# Attachment 2

**52080.5.8 Special Consideration of Rules Violations Related to Mental Illness**

Inmates who are alleged to have committed a Rules Violation shall receive a mental health assessment, via completion of the CDCR Form 115-MH, Rules Violation Report: MH Assessment Request for any of the following reasons:

- Inmate is a participant in the MHSDS at the EOP level of care.
- Inmate is a participant in the MHSDS at the MHCB level of care.
- Inmate is a participant in the MHSDS at the Psychiatric Inpatient Program, Acute Psychiatric Program or Intermediate Care Facility levels of care.
- Inmate is a participant in the MHSDS at the CCCMS level of care and has been charged with a Division A, B or C offense or any other rules violation which may result in the assessment of a SHU term as defined in Section 3341.5.
- Inmate engaged in Indecent Exposure or Sexual Disorderly Conduct.
- Inmate displayed bizarre, unusual or uncharacteristic behavior at the time of the offense

An inmate shall be referred for a mental health assessment prior to documenting misbehavior on a CDC Form 115, Rules Violation Report, in any case where the inmate is suspected of self-mutilation or attempted suicide.  If the mental health assessment determines it was self-mutilation or an actual suicide attempt, a CDC Form 115, Rules Violation Report shall not be written.

Inmates shall not be issued a Rules Violation Report (RVR) for any of the following reasons:

(1) The behavior occurred in connection with a cell extraction for the administration of involuntary medication, as defined in Penal Code section 2602, or involuntary medical treatment, as defined in Probate Code section 3200, et seq.
(2) The behavior occurred in connection with a cell extraction for transfer of the inmate to a mental health inpatient unit or between mental health inpatient units.
(3) The behavior occurred in connection with being placed in mental health restraints and/or seclusion.
(4) The behavior is determined to be an act of self-mutilation or attempted suicide.

When any of these circumstances are met, the inmate's conduct shall be documented on a CDC Form 128-B, General Chrono, for inclusion in the inmate's Central File. Any use of force used during these situations shall be documented appropriately on a CDCR Form 837, Crime/Incident Report, in accordance with CCR, Title 15, 3268.1.

If the inmate commits a Serious Rules Violation pursuant to CCR, Title 15, Section 3315 while participating in the behavior noted above, which constitutes a Division A-1 offense as defined in CCR, Title 15, Section 3323(b), an assault or battery as defined in CCR, Title 15, Sections 3323(d)(1), 3323(d)(2), or 3323(d)(3), or an assault on a peace officer or non-prisoner as defined in CCR, Title 15, Sections 3323(f)(11) and 3323(f)(12), a

CDC Form 115, Rules Violation Report, shall be completed and processed in accordance with current regulations and policy.

At any time during the disciplinary process, after inmate misconduct has been identified, an authorized official may address the misconduct or otherwise dispose of the disciplinary action or Rules Violation when information indicates mental illness contributed to the inmate's behavior.  If a CDCR Form 115-MH, Rules Violation Report: MH Assessment Request, has been completed, the official shall consider mental health staff's assessment when making these determinations.  The adjudication of inmate misconduct or disciplinary proceeding shall be appropriately documented as determined by the hearing official and in accordance with this article.

The mental health clinicians may recommend documenting an inmate's behavior in an alternate manner via CDCR Form 115-MH, Rules Violation Report: MH Assessment Request, when the behavior was determined to be strongly influenced by mental illness at the time of the offense for all inmate participants in the MHSDS. The mental health clinicians Program Supervisor will be required to provide a signature on the CDCR Form 115-MH Rules Violation Report: MH Assessment Request, acknowledging they agree with the opinions offered by the reviewing clinician. In this event, the hearing officer shall forward the CDC Form 115, Rules Violation Report, to the Facility Captain with all supporting documentation for review.

Following his or her review, the Facility Captain will direct the hearing officer to proceed in any of the following manners:

- Proceed with hearing the RVR as serious
- Proceed with hearing the RVR as administrative
- Void the RVR and document the behavior via CDC Form 128-A, Custodial Correctional Counseling Chrono, for minor misconduct, or
- Void the RVR and document the behavior via CDC Form 128-B, General Chrono

If the Facility Captain elects to void the CDC Form 115, Rules Violation Report, the hearing officer shall document the decision via memorandum and attach it to the CDCR Form 1154, Disciplinary Action Log, to provide proof of practice. A copy of the memorandum shall be forwarded to Case Records to facilitate removal of the CDC Form 804, Notice of Pending CDC 115, from the inmate's Central File within the Electronic Records Management System.

# Attachment 3

RULES VIOLATION REPORT: MENTAL HEALTH ASSESSMENT REQUEST
REVIEWING CUSTODY SUPERVISOR

A CDC 115, Rules Violation Report (RVR), has been written on the following inmate, who requires a mental health assessment.

Could this offense result in a SHU term?        □ Yes      □ No

Inmate Name:
CDC Number:
RVR Log Number:
Date of violation:
Housing:
Specific Act Charged:

The inmate's current Mental Health Level of Care is: (check one)

Not in MHSDS Program [1]
CCCMS [1,2]
EOP
MHCB
DSH/PIP

[1]Non-MHSDS or CCCMS program participants will be referred for a mental health assessment for behavior that is bizarre or unusual for any inmate, or is uncharacteristic for this inmate.

[2]CCCMS program participants will be referred for a mental health assessment for Division A, B, or C offenses or any offense that may result in a Security Housing Unit term.

Sent to Mental Health (date)
By (Print name/signature)
Return this form to: (Print name)
By (date)

Timelines: Custody has two calendar days to submit this MHA to mental health; mental health has eight calendar days to return this completed MHA to custody.

The interview was conducted in a confidential location.  □ Yes    □ No  Date: _____

If No, please explain. _____

The inmate was informed of the purpose of the evaluation and that information shared during the interview is not confidential and will be used in adjudicating the Rules Violation Report.
☐ Yes    ☐ No

Data Source(s) for this Evaluation:
☐ C-File    ☐ 128 C-2    ☐ health record    ☐ DECS    ☐ MHTS    ☐ SOMS    ☐ ERMS    ☐ Staff
☐ Other _____

1. CCCMS/NON-MHSDS only.  Are there any mental health factors that would cause the inmate to experience difficulty in understanding the disciplinary process and representing his/her interests in the hearing that would indicate the need for assignment of a staff assistant?
☐ Yes    ☐ No

   Provide rationale

2. In your opinion, was the inmate's behavior so *strongly influenced* by symptoms of a mental illness that the inmate would be better served by documenting this behavior in an alternate manner?  If Yes, consult with your program supervisor, provide rationale, establish a nexus between mental health symptoms and the behavior, and go to Question 4.  If No, go to Question 3.

   ☐ No    ☐ Yes

   Provide rationale

   Consulting Program Supervisor:
   Print/Sign_____

3. In your opinion, is there evidence to suggest that mental illness *contributed* to the behavior that led to the RVR?

   ☐ No    ☐ Yes

   Provide rationale. If yes, establish a nexus between mental health symptoms and the behavior.

4.  If the inmate is found guilty of the offense, what mental health factors should the hearing officer consider when assessing the penalty, such as penalties that may have an adverse impact on the inmate's stability?

Examples of penalties include, but are not limited to, changes and reduction in: Phone calls, visits (when permissible), day room, confined to quarters, loss of packages, yard time, loss of appliances.

(Example of mandated sanctions: Violations of CCR, Title 15, Sections 3323(c)(6), 3323(d)(8) and 3323(f)(6) shall result in loss of visits.)

Provide rationale

5.  (SHU offense only—see box above to determine if applicable) If the inmate is found guilty of the offense, are there any mental health factors the Institutional Classification Committee should consider when assessing a SHU term?

Provide rationale:

_____        _____
_____
Clinician- Print and Sign                                                    Date                        Phone
Extension

_____        _____
Custody Staff-Print and Sign                                          Date

# Attachment 4

State of California                                                    Department of Corrections and Rehabilitation

# Memorandum

Date:

To:    Associate Directors, Division of Adult Institutions
       Wardens
       Chief Executive Officers
       Chiefs of Mental Health

Subject:  **IMPLEMENTATION OF RULES VIOLATION REPORT EXCLUSIONS AND DOCUMENTATION OF RULES VIOLATIONS IN AN ALTERNATE MANNER BASED ON CLINICAL INPUT FOR ALL INMATE PARTICIPANTS IN THE MENTAL HEALTH SERVICES DELIVERY SYSTEM**

### Categories Excluded From Rules Violation Report Process

Effective immediately, inmates shall not be issued a Rules Violation Report (RVR) under the following circumstances:

(1) If the behavior occurred in connection with a cell extraction for the administration of involuntary medication, as defined in Penal Code section 2602, or involuntary medical treatment, as defined in Probate Code section 3200, et seq.
(2) If the behavior occurred in connection with a cell extraction for transfer of the inmate to a mental health inpatient unit or between mental health inpatient units.
(3) If the behavior occurred in connection with being placed in mental health restraints and/or seclusion.
(4) If the behavior is determined to be an act of self-mutilation or attempted suicide.

When any of these circumstances are met, the inmate's conduct shall be documented on a CDC Form 128-B, General Chrono, for inclusion in the inmate's Central File. Any use of force used during these situations shall be documented appropriately on a CDCR Form 837, Crime/Incident Report, in accordance with CCR, Title 15, 3268.1.

However, if the inmate commits a Serious Rules Violation pursuant to CCR, Title 15, Section 3315 while participating in the behavior noted above, which constitutes a Division A-1 offense as defined in CCR, Title 15, Section 3323(b), an assault or battery as defined in CCR, Title 15, Sections 3323(d)(1), 3323(d)(2), or 3323(d)(3), or an assault on a peace officer or non-prisoner as defined in CCR, Title 15, Sections 3323(f)(11) and 3323(f)(12), a CDC Form 115, Rules Violation Report, shall be completed and processed in accordance with current regulations and policy.

Associate Directors, Division of Adult Institutions
Wardens
Chief Executive Officers
Chiefs of Mental Health
Page 2


**Special Processes for Reviewing and Documenting Rules Violation Reports in an Alternate Manner**

Additionally, in accordance with the revised CDCR Form 115-MH Rules Violation Report: MH Assessment Request (Rev. **/15), mental health clinicians may recommend documenting an inmate's behavior in an alternate manner when the behavior was determined to be strongly influenced by mental illness at the time of the offense for all inmate participants in the MHSDS. The mental health clinicians Program Supervisor will be required to provide a signature on the CDCR Form 115-MH Rules Violation Report: MH Assessment Request, acknowledging they agree with the opinions offered by the reviewing clinician. In this event, the hearing officer shall forward the CDC Form 115, Rules Violation Report, to the Facility Captain with all supporting documentation for review.

Following his or her review, the Facility Captain will direct the hearing officer to proceed in any of the following manners:

- Proceed with hearing the RVR as serious
- Proceed with hearing the RVR as administrative
- Void the RVR and document the behavior via CDC Form 128-A, Custodial Correctional Counseling Chrono, for minor misconduct, or
- Void the RVR and document the behavior via CDC Form 128-B, General Chrono

If the Facility Captain elects to void the CDC Form 115, Rules Violation Report, the hearing officer shall document the decision via memorandum and attach it to the CDCR Form 1154, Disciplinary Action Log, to provide proof of practice. A copy of the memorandum shall be forwarded to Case Records to facilitate removal of the CDC Form 804, Notice of Pending CDC 115, from the inmate's Central File within the Electronic Records Management System.

Associate Directors, Division of Adult Institutions
Wardens
Chief Executive Officers
Chiefs of Mental Health
Page 3

If you have any questions please contact, Eric Hobbs, Correctional Lieutenant, Class Action Management Unit, at (916)-322-1725 or via electronic mail at Eric.Hobbs@CDCR.Ca.Gov or Corey Scheidegger, Senior Psychologist, Statewide Mental Health Program at (916)-691-0310 or via electronic mail at Corey.Scheidegger@CDCR.Ca.Gov.

KELLY HARRINGTON                    TIMOTHY BELAVICH, Ph.D., MSHCA, CCHP
Director                            Director (A), Division of Health Care Service
Division of Adult Institutions      Deputy Director, Statewide Mental Health
cc:     Kathleen Allison
        Ralph Diaz
        Tim Virga
        Thomas Tyler
        Amy Eargle
        Angela Ponciano
        Corey Scheidegger
        Eric Hobbs

# Attachment 5

State of California                                                                Department of Corrections and Rehabilitation

# Memorandum

Date        :

To          :        Associate Directors, Division of Adult Institutions
                     Wardens

Subject     :        **ELIMINATION OF INMATE CLERKS TYPING RULES VIOLATION REPORT
                     HEARING SUMMARIES FOR INMATE PARTICIPANTS IN THE MENTAL
                     HEALTH SERVICES DELIVERY SYSTEM**

Effective immediately, as a result of the recent Coleman Special Master's, Rules
Violation Report (RVR) review, inmate clerks will no longer be allowed to type the
CDC Form 115, Rules Violation Report (CDC 115) **hearing summaries** for inmate
participants in the Mental Health Services Delivery System (MHSDS).

Staff responsible for documenting an inmate's behavior on a CDC 115 shall no
longer identify whether the inmate is a participant in the MHSDS or the inmate's
level of care in the body of the RVR.

The inmate clerk will continue typing all original CDC 115's with the exception of
those submitted for inmates housed in a Mental Health Crisis Bed (MHCB),
Psychiatric Inpatient Program (PIP), or Department of State Hospitals (DSH)
programs within a CDCR institution. Staff shall be responsible for typing all CDC
115's for MHCB, PIP and DSH inmates.

**Each CDC 115 shall be concluded as shown in the example below:**

*INMATE **is / is not** a participant in the Mental Health Services Delivery System.*
          *(Circle one)*

*Level of care:* **N/A, CCCMS, EOP, MHCB, APP, ICF, or PIP**
                     *(Circle one)*

Upon review of the original CDC 115, the reviewing supervisor shall utilize the
Disability and Effective Communication System or Strategic Offender Management
System (SOMS) to identify the inmate's participation in the MHSDS and the
appropriate level of care. The reviewing supervisor shall circle all applicable items
prior to signing the CDC 115. If the inmate has been identified as a MHSDS
participant, the inmate clerk will no longer be permitted to assist in the RVR
process to include preparation of the CDCR Form 115-MH Rules Violation Report:
MH Assessment Request.

Associate Directors, Division of Adult Institutions
Wardens
Page 2

However, if the inmate has <u>not</u> been identified as a MHSDS participant, the inmate clerk shall be allowed to type the CDC 115 hearing summary.

In addition, inmate clerks shall no longer be allowed to process or file any completed CDC 115's or CDCR Form 837, Crime/Incident Report's involving participants in the MHSDS.

Each institution shall be responsible for identifying staff members who have been appropriately trained to type CDC 115's for all MHCB, PIP, and DSH inmates and the hearing summaries for all CDC 115's involving participants in the MHSDS.

This process shall be used on an interim basis, pending integration of the inmate disciplinary process into SOMS.

If you have any questions or concerns regarding this process, please contact your respective Associate Director.


KELLY HARRINGTON
Director (A)
Division of Adult Institutions

Attachments

cc:  Kathleen Allison
     Ralph Diaz
     Tim Virga
     Thomas Tyler