1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  RALPH COLEMAN, et al.,                    No.  2:90-cv-0520 LKK DAD P

12              Plaintiff,

13       v.                                   ORDER

14  EDMUND G. BROWN, JR., et al.,

15              Defendants.

16

17              By order filed June 19, 2014, the court ordered defendants to review and, as

18  appropriate, revise their existing mental health staffing plan in order to come into compliance

19  with a prior court order concerning maximum mental health staffing vacancy rates, and to report

20  to the court on the results of the review.  ECF No. 5171 at 4.[1]  The June 19, 2014 order requires

21  defendants to "assume primary responsibility for completion of this task, with the Special Master

22  providing guidance and expertise where necessary, to ensure its timely completion, and to ensure

23  that plaintiffs are provided notice and an opportunity for input as appropriate."  ECF No. 5171

24  at 3.

25              After receiving an extension of time, *see* ECF No. 5210, on February 2, 2015

26  defendants filed the required report.  ECF No. 5269.  On February 13, 2015, plaintiffs filed a

27  _____

28      [1] All references to page numbers are to those assigned by the court's Electronic Case
Filing (ECF) system, which appear at the top of documents filed in ECF.

1    request for leave to file a response to the staffing report.  ECF No. 5277.  The court granted

2    plaintiffs' request by minute order issued February 18, 2015.  ECF No. 5279.  On February 23,

3    2015, plaintiffs filed objections to the staffing report and a request for further orders.  ECF No.

4    5281.  On February 25, 2015, defendants filed a motion for leave to file a response to plaintiffs'

5    objections and opposition to the request for further orders.  ECF No. 5282.  The court granted

6    defendants' motion by order filed March 3, 2015.  ECF No. 5286.  Defendants filed their

7    response and opposition on March 16, 2015.  ECF No. 5290.

8              In order to meet their Eighth Amendment obligations to the plaintiff class,

9    "defendants must employ mental health staff in 'sufficient numbers to identify and treat in an

10   individualized manner those treatable inmates suffering from serious mental disorders.'"

11   *Coleman v. Wilson*, 912 F. Supp. 1282, 1306 (E.D.Cal.1995).  Currently, mental health staffing

12   levels are governed by a court-ordered staffing plan developed by defendants under the guidance

13   of the Special Master and filed on September 30, 2009.  ECF No. 3693.  Defendants are required

14   to have no more than a ten percent vacancy rate among clinical staff, including contracted

15   clinicians.  *See* Order filed June 13, 2002, ECF No. 1383, at 2.

16             As recently as last year, the court found "that defendants continue to struggle with

17   the task of hiring sufficient mental health staff, particularly psychiatrists," in spite of defendants'

18   report that their salary structure for prison psychiatrists is competitive both within California and

19   nationally and that they have "authority to 'offer newly hired psychiatrists salaries in excess of

20   the minimum starting salary in the State pay scale range.'"  ECF No. 5171 at 2-3 (quoting Defs.'

21   Status Report and Req. Modify Bed Plan, ECF No. 5123, at 3).  The court therefore required

22   defendants to

23                    revisit and, as appropriate, revise their existing mental health
                     staffing plan in order to resolve the ongoing problem of mental
24                   health staffing shortages and come into compliance with the
                     requirements of this court's June 13, 2002 order (ECF No. 1383)
25                   concerning maximum mental health staff vacancy.

26   ECF No. 5171 at 4.  The order required defendants to "assume primary responsibility for this

27   task, with the Special Master providing guidance and expertise where necessary, to ensure its

28   timely completion, and to ensure that plaintiffs are provided notice and an opportunity for input

2

1 | as appropriate." ECF No. 5171 at 3.  Defendants' report and plaintiffs' objections and request for

2 | further court orders follow from that order.

3 |        Appropriately, defendants have focused their review on staffing levels for mental

4 | health clinicians:  psychiatrists, psychologists, and licensed clinical social workers (LCSWs).

5 | They report to the court that with use of contract staff they are maintaining staffing levels for

6 | psychologists and LCSWs at over 90 percent.  ECF No. 5269 at 6.  They also report, however,

7 | that "even with the use of contract staff, filled psychiatry levels remain just above 80%" of levels

8 | required by the 2009 staffing plan.  ECF No. 5269 at 6.  They "attribute[ ] the difficulty in

9 | recruiting psychiatrists, in part, to a national shortage in psychiatrists."  ECF No. 5269 at 6.

10 | Defendants plan four steps to address the ongoing shortages:  (1) creation of a psychiatric medical

11 | assistant (PMA) classification to increase retention of staff psychiatrists by relieving psychiatrists

12 | of clerical tasks that have become part of their job duties, ECF No. 5269 at 6-8; (2) expansion of

13 | their internship and fellowship programs for psychologists and psychiatrists, respectively, ECF

14 | No. 5269 at 8-9; (3) increased salaries and retention bonuses for psychiatrists working at "hard-

15 | to-recruit institutions," ECF No. 5269 at 9; and (4) continued use of their established

16 | telepsychiatry program, ECF No. 5269 at 9-10.

17 |        Plaintiffs object to three of the four proposals.  ECF No. 5281.[2]  They contend the

18 | PMA position is "at this stage, ill defined," are concerned that the proposed monitoring of the

19 | position is "inadequate," and that defendants' "clear goal" is to use this new position to "justify a

20 | unilateral reduction in the total number of allocated psychiatry positions systemwide."  ECF No.

21 | 5281 at 3.  Plaintiffs challenge the foundation for defendants' report that the salaries for prison

22 | psychiatrists are in fact competitive, ECF No. 5281 at 4, and they object that defendants had not,

23 | when they filed the report, taken even initial steps to  secure funding for the pay increases

24 | defendants propose.  ECF No. 5281 at 5.  Finally, plaintiffs object to the alleged absence of

25 | "adequate policies and procedures governing the appropriate use of telepsychiatry."  ECF No.

26 | 5281 at 7.  Plaintiffs request several orders from this court requiring detailed plans from

27 |

28 | [2] Except to note that the internship and fellowship proposal will not help with staffing shortages, plaintiffs do not object to that part of defendants' plan.  ECF No. 5281 at 6-7.

1    defendants and continued targeted monitoring and reporting by the Special Master.  *See* ECF No.

2    5281 at 6, 9.

3          Defendants oppose plaintiffs' request for further court orders on the grounds that

4    (1) it is an improper and untimely request for reconsideration of the June 19, 2014 order, ECF No.

5    5290 at 2-4; (2) defendants are in full compliance with the June 19, 2014 order, *id*. at 4; and (3) it

6    is premature, *id*. at 5.

7          Defendants' contention that plaintiffs' request is an improper request for

8    reconsideration of the June 19, 2014 order is without merit.  While the order describes a process

9    for the required review and*,* as appropriate, revision of defendants' staffing plan and requires a

10   report to the court, it is silent as to the process following submission of that report.  Defendants

11   have presented the results of their review to the court in the form of four proposals, and they

12   represent that "CDCR is committed to working with the Special Master and his team to assess

13   whether" the solutions they propose are effective to cure the ongoing deficiencies in required

14   levels of mental health staffing.[3]  As litigants in these proceedings, absent an order indicating

15   clearly that the court would accept whatever report defendants filed and that their proposals

16   would be self-executing without further order of the court, plaintiffs had a right to file a response

17   to that report and to request whatever further action they deem necessary to represent the interests

18   of their clients.

19         For the foregoing reasons, plaintiffs' objections and request for further court

20   orders are properly before the court.  To the extent plaintiffs object that one or more of the

21   defendants' proposals is thin on detail, that objection is well-taken given the amount of time that

22   has elapsed since the court's June 19, 2014 order.  Indeed, in their response to plaintiffs'

23   objections, defendants suggest they could have provided plaintiffs with more information about

24   _____

25         [3] Plaintiffs observe that defendants' report purports to be from the California Department
     of Corrections and Rehabilitation (CDCR), while the June 19, 2014 order was directed to

26   defendants generally, and that other defendants in this action include California's Governor and
     the state Department of Finance.  ECF No. 5281 at 2.  This observation, however correct, is of no

27   consequence unless one of the other defendants in this action were to take a position inconsistent
     with the representations made by the CDCR defendants in the report before the court  The court

28   assumes by their silence that the other defendants do not take inconsistent positions.

the PMA position, the pay differential proposal, and the telepsychiatry policies and procedures had plaintiffs presented their current requests to defendants during the meet-and-confer process. *See* ECF No. 5290 at 5-6.

Defendants also contend plaintiffs' requests for additional orders are premature. Defendants acknowledge that the proposals now before the court "have not yet been fully and finally implemented," ECF No. 5290 at 5, and they contend they should be permitted to fully implement and assess the efficacy of these proposals before additional measures are required.

Ultimately, it is defendants' responsibility to meet their constitutional obligations to class members. To that end, defendants must be given an opportunity to test the efficacy of their current proposals. However, there are at least two potential areas of concern in the proposals currently before the court. First, defendants apparently are broadening their reliance on telepsychiatry while the development of positions and procedures for this method of care, and assessment of its adequacy, is ongoing. This is troubling, particularly because there may be class members not susceptible to this method of care. Second, plaintiffs raise serious questions about a reduction in psychiatry positions once the new PMA positions are established and filled. Good cause appearing, defendants will be directed to seek the approval of the Special Master and leave of this court before making any changes to the staffing ratios under which the mental health program is currently operating. Finally, inadequate mental health staffing levels have plagued the remedial phase of this litigation since its inception and after almost twenty years of effort this problem must be finally and fully remedied. To that end, the court will require ongoing focused monitoring by the Special Master of staffing issues, separate from and in addition to his scheduled 26th and 27th round monitoring efforts. Specifically, the Special Master will be directed to report to the court in 180 days on the status of defendants' implementation of the proposals contained in defendants' February 2, 2015 staffing report (ECF No. 5269) and to include in his report such recommendations as may be necessary to address any ongoing staffing deficiencies.

/////

/////

For all of the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendants shall move forward with the proposals contained in the report on review of mental health staffing filed February 2, 2015 (ECF No. 5269);

2. Defendants shall seek the approval of the Special Master and leave of court prior to making any changes in their existing mental health staffing ratios;

3. Within 180 days from the date of this order the Special Master shall report to the court on the status of defendants' implementation of the proposals contained in defendants' February 2, 2105 staffing report (ECF No. 5269) and shall include in that report such recommendations as may be necessary to address any ongoing mental health staffing deficiencies; and

4. Plaintiffs' February 23, 2015 request for further court orders (ECF No. 5281) is denied.

DATED:  May 15, 2015.

_____
UNITED STATES DISTRICT JUDGE