1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RALPH COLEMAN, et al.,                    No.  2:90-cv-0520 KJM DAD P

12                Plaintiffs,

13          v.                                  ORDER

14    EDMUND G. BROWN, JR., et al.,

15                Defendants.

16

17          Following the July 2015 judges' coordination meeting in *Armstrong*, *Plata*, and this

18    action, the court met with the Special Master to discuss issues including those related to an

19    apparent re-emergence of waitlists for inpatient hospital beds for *Coleman* class members.

20    During that meeting, the Special Master brought to the court's attention matters that, in this

21    court's view, require a status conference forthwith.

22          The history of the remedial phase of this litigation reflects significant time and effort spent

23    by the court and the parties to identify and remediate substantial and longstanding problems with

24    access to inpatient mental health care.  Those efforts culminated in 2011 and 2012 with the

25    court's approval of defendants' plans to eliminate waitlists for inpatient care and implement a

26    sustainable process so that the waitlists would not recur. *See* ECF No. 3962 (Defs.' Plan Re:

27    Intermediate Care Facility and Acute Inpatient Waitlists); ECF No. 4020 (Special Master's

28    Report and Recommendations on Defs.' Plan); ECF No. 4045 (adopting in part Special Master's

1   recommendations, ordering immediate implementation of parts 2, 3 and 4 of defendants' plan,

2   and setting evidentiary hearing); ECF No. 4103 (Defs.' Supplemental Plan to Reduce or

3   Eliminate the Inpatient Waitlists); ECF No. 4131 (Order continuing evidentiary hearing); ECF

4   No. 4132 (Defs.' Report on Assessment Process and Plan Re: Sustainable Self Monitoring); ECF

5   No. 4214 (Order noting what then appeared to be "remarkable accomplishments to date in

6   addressing the problems with access to inpatient mental health care" and directing a continued

7   meet and confer process).

8        At the July 2015 meeting, the Special Master informed the court that there has been a

9   turnover of personnel in the Department of State Hospitals (DSH), whose director is a defendant

10  in this case, with many new DSH officials now responsible for *Coleman* issues.  It appears from

11  the information provided by the Special Master that these officials have not taken steps to

12  familiarize themselves with the history of this litigation concerning elimination of waitlists for

13  access to inpatient mental health care.

14       It is defendants' responsibility to ensure that all individuals tasked with implementation of

15  remedial plans presented to and approved by the court  are familiar and in compliance with those

16  plans and the court's orders thereon.  As noted, it is unclear whether, and to what extent, DSH

17  officials with direct responsibility for *Coleman* matters have that familiarity.  It is also unclear

18  whether, or to what extent, DSH has protocols in place to ensure that new personnel are made

19  aware of relevant court orders and approved plans and protocols.  Finally, and most importantly,

20  it is unclear whether, and to what extent, DSH officials are following the plans approved by the

21  court in 2011 and 2012 to eliminate waitlists for inpatient mental health care and to implement a

22  sustainable process to prevent their recurrence.

23       For the foregoing reasons, IT IS HEREBY ORDERED that:

24       1.  This matter is set for status conference on Wednesday, August 19, 2015 at 1:30 p.m. in

25  Courtroom # 3.

26  /////

27  /////

28  /////

2

2.  On or before August 17, 2015 at 4:30 p.m., the parties[1] shall file a joint status report which shall include the following information:

      a.  the current status of defendants' implementation of parts 2, 3, and 4 of defendants' November 24, 2010 Plan to Reduce or Eliminate Intermediate Care Facility and Acute Inpatient Waitlists;

      b.  the current status of defendants' implementation of their October 18, 2011 Supplemental Plan to Reduce or Eliminate the Inpatient Waitlists;

      c.  the current status of defendants' implementation of their December 13, 2011 Plan Re: Sustainable Self Monitoring;

      d.  the number of inmates on any waitlist for inpatient mental health care as of August 10, 2015;

      e.  the total number of inpatient beds in each DSH and CDCR *Coleman* inpatient mental health program occupied by a *Coleman* class member as of August 10, 2015; and

      f.  the total number of inpatients beds in each DSH and CDCR *Coleman* inpatient mental health program not occupied by a *Coleman* class member as of August 10, 2015.

With respect to items 2(d), (e), and (f), if there is a waitlist and the number of beds in item 2(f) is greater than zero, the status report shall include an explanation as to why inmates are waiting for placement when *Coleman* inpatient program beds are not occupied by *Coleman* class members.

3.  The status conference shall be attended by Pamela Ahlin, Director, Department of State Hospitals, and George Maynard, Deputy Director, State Hospitals Strategic Planning & Implementation, or their designees, and any other DSH official with authority over and responsibility for implementation of this court's orders.  These officials shall be prepared to certify under oath that they have read defendants' November 24, 2010 plan and the Special Master's Report and Recommendations thereon, the October 18, 2011 supplemental plan, the

---

[1] At this time, the court's primary concern is with the status of DSH's compliance with the plans described in this order.  To the extent that the CDCR defendants have information responsive to the matters referred to in this paragraph, they shall assist in preparation of the status report.

1    December 13, 2011 plan, and the court's orders thereon.  They shall also be prepared to describe

2    to the court the protocols in place to inform successors of their obligations under remedial plans

3    presented to and approved and/or ordered by this court.

4            SO ORDERED.

5    DATED:  August 5, 2015.

6

7    _____
     UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28