UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No. 2:90-cv-0520 KJM DAD P |
| Plaintiffs, | |
| v. | ORDER |
| EDMUND G. BROWN, JR., et al., | |
| Defendants. | |

As the court ordered on August 5, 2015 (ECF No. 5333), this matter came on for status conference on August 19, 2015. Michael Bien, Esq., appeared as counsel for plaintiffs. Maneesh Sharma, Deputy Attorney General, appeared as counsel for defendants. The purpose of the status conference was to address several matters related to an apparent re-emergence of waitlists for inpatient hospital beds for *Coleman* class members. These matters, which the court identified in its August 5, 2015 order, include (1) whether and to what extent Department of State Hospital (DSH) officials with direct responsibility for *Coleman* matters have familiarity with remedial plans presented to and approved by the court and with court orders requiring specific action by defendants; (2) whether or to what extent DSH has protocols in place to ensure that new personnel are made aware of relevant court orders and approved plans and protocols; and (3) whether and to what extent officials are following the plans approved by the court in 2011

/////

1

and 2012 to promptly eliminate waitlists for inpatient mental health care and to implement a sustainable process to prevent recurrence of the waitlists.

In order to ensure compliance with those remedial plans and court orders and timely access to necessary inpatient mental health care for class members, the court has determined that additional orders are required.  Accordingly, and good cause appearing, IT IS HEREBY ORDERED that:

1. Commencing forthwith, the Special Master shall be actively involved in the ongoing negotiations to update the memorandum of understanding (MOU) between DSH and the California Department of Corrections and Rehabilitation (CDCR) for provision of inpatient mental health care.

2. Within thirty days from the date of this order, defendants shall report to the court on whether regular and consistent use of the full complement of 256 beds at Atascadero State Hospital (ASH) designated for *Coleman* class members is sufficient to permanently eliminate the ongoing waitlist for inpatient mental health care and if not, why not and what alternate plans are in place for waitlisted class members.  As used in this order, a class member is deemed to be on a waitlist for inpatient care from the time said class member is referred to DSH by CDCR.[1]  Said report shall specifically address, as necessary, all relevant parts of the prior remedial plans that were to have been implemented to eliminate the waitlist for inpatient care, including but not limited to the patient movement plan described in defendants' October 18, 2011 Supplemental Plan to Eliminate the Waitlist for Inpatient Care (ECF No. 4103).  Plaintiffs may file a written response to defendants' report within thirty days of the filing of that report.

3. By close of business on August 21, 2015, Pamela Ahlin, Director, Department of State Hospitals, George Maynard, Deputy Director, State Hospitals Strategic Planning &

---

[1] Access to inpatient mental health care includes a two-step process of referral of inmates by CDCR and acceptance of inmates by DSH.  Under the Program Guide, referral to DSH occurs on "the date the completed referral packet is received by [DSH] by facsimile or overnight mail." Program Guide, 2009 Revision, at 12-1-15.  The Program Guide contemplates the possibility of a waitlist "pending bed availability after acceptance" by DSH.  *Id*.  Given the significant questions presented about delays in access to inpatient care, the court has determined it is appropriate to measure the wait for inpatient care from the time of referral by CDCR.

1  Implementation, and Nicole Harrigan, Esq., shall file declarations confirming their
2  representations at the August 19 status and attesting to the matters set forth in paragraph 3 of the
3  court's August 5, 2015 order.

4      4. The court is providing a draft template to the Special Master, expanding Table
5  2 provided by defendants in their August 17, 2015 report to the court. The Special Master shall
6  work with the parties to finalize the template, while achieving the essential reporting purposes
7  reflected in the court's draft template. The Special Master shall file the finalized template with
8  the court on or before September 15, 2015. Thereafter, defendants shall each month complete
9  and file on the public docket an updated report providing all the information provided by the
10 template, filing this report at the same time defendants file under seal their monthly reports
11 concerning individual referrals, pending referrals, rejections and transfer of class members from
12 outpatient to inpatient mental health care.

13     SO ORDERED.
14 DATED: August 20, 2015.

_____
UNITED STATES DISTRICT JUDGE