# EXHIBIT A

1

2

3

4

5

6

7                        IN THE UNITED STATES DISTRICT COURT

8                   FOR THE EASTERN DISTRICT OF CALIFORNIA

9    RALPH COLEMAN,

10          Plaintiff,                    No. CIV S-90-0520 LKK JFM P

11    vs.

12    ARNOLD SCHWARZENEGGER, et al.,

13          Defendant.                    MODIFIED PROTECTIVE ORDER

14    _____/

15          In accordance with the order filed concurrently herewith and good cause appearing, IT IS

16    ORDERED THAT the protective order entered in this case on July 29, 1992 (the "Protective

17    Order") is hereby modified in the following manner:

18          IT IS ORDERED THAT the following provisions shall apply to all State of

19    California Department of Health Services' ("DHS") records which identify any patient or inmate

20    and which are obtained in this action by counsel for plaintiffs:

21          1.  This order covers all documents and information obtained in this action by

22    plaintiffs' counsel which identifies a patient or inmate other than the named plaintiffs in this

23    action.

24          2.  All such documents and information obtained in this action by plaintiffs'

25    counsel shall be regarded as confidential and subject to this Protective Order.  Such material is

26    hereinafter referred to as "confidential material."

3.  The confidential material may be disclosed only to the following persons:

a.  Counsel of record for plaintiffs in this action;

b.  Paralegal, stenographic, clerical and secretarial personnel employed by counsel of record for plaintiffs;

c.  Court personnel and stenographic reporters engaged in such proceedings that are incidental to preparation for the trial in this action;

d.  Any outside expert or consultant retained by plaintiffs' counsel for purposes of this action;

e.  Witnesses to whom the confidential material may be disclosed during a deposition taken in this matter or otherwise during the preparation for trial and trial, provided that the witness may not leave the deposition with copies of any of the confidential material, and shall be informed of and agree to be bound by the terms of this order;

f.  Individuals as described in subparts (a) through (e), above, in Davey v. Gomez, et al. (No. 2:94-cv-00151 WBS-JFM-P), in the United States District Court for the Eastern District of California, who agree to be bound by the terms of this Order;

g.  Individuals as described in subparts (a) through (e), above, in Clark, et al. v. California et al. (C96-146 FMS), and in Armstrong, et al. v. Schwarzenegger, et al. (C94-2307 CW), currently pending in the United States District Court for the Northern District of California, who agree to be bound by the terms of this Order; and

1      h. Individuals as described in subparts (a) through (e),

2      above, in Hecker, et al. v. Schwarzenegger, et al. (No.

3      2:05-cv-02441 LKK-JFM), currently pending in the United States

4      District Court for the Eastern District of California, who agree to

5      be bound by the terms of this Order.

6      4. Each person to whom disclosure of confidential material is made shall, prior to

7  the time of disclosure, be provided by the person furnishing such confidential material a copy of

8  this Order, and shall agree on the record or in writing that they have read this Protective Order

9  and understand and agree to be bound by its provisions. Such persons must also consent to be

10  subject to the jurisdiction of the United States District Court for the Eastern District of California

11  with respect to any proceeding relating to enforcement of this Order, including, without

12  limitation, any proceeding for contempt. Unless such agreement is made on the record, such as in

13  court or during a deposition, the person making the disclosure shall retain the original of an

14  executed written agreement until termination of this litigation, or until otherwise ordered by the

15  Court. A copy of each such agreement will be furnished to defendants' counsel upon order of the

16  Court.

17      5. At the conclusion of the trial and any appeal, or upon other termination of this

18  litigation, all confidential material obtained by counsel for plaintiffs, and all copies of such

19  material, in possession of counsel for plaintiffs shall be returned to counsel for the defendants.

20      6. All confidential material obtained by counsel for plaintiffs shall be used solely

21  in connection with this litigation or in connection with the following cases:

22      a. Clark, et al. v. California et al. (C96-146 FMS) or Armstrong, et al. v.

23      Schwarzenegger, et al. (C94-2307CW), currently pending in the United States

24      District Court for the Northern District of California;

25      b. Davey v. Gomez, et al. (No. 2:94-cv-00151 WBS-JFM-P), or Hecker,

26      et al. v. Schwarzenegger, et al. (No. 2:05-cv-02441 LKK-JFM), currently pending

1    in the United States District Court for the Eastern District of California; or for

2    related appellate proceedings, and not for any other purpose, including any other

3    litigation.

4        7. Any documents filed with the Court that reveal confidential material shall be

5    filed under seal, labeled with cover sheet bearing the case name and number and the statement:

6    "This document is subject to a protective order issued by the Court and shall not be copied or

7    examined except in compliance with that order." Documents so labeled shall be kept by the

8    Clerk of this Court under seal and shall be made available only to the Court or counsel. Upon

9    failure of the filing party to so file a document under seal, any party may request that the Court

10   place the filing under seal.

11       8. Nothing in this Order shall preclude a party from showing or disclosing to any

12   person not listed in paragraph 3 of this Order, deposition transcripts, pleadings or briefs

13   containing confidential material if the document containing such material has been masked or

14   deleted so that no disclosure of confidential material occurs.

15       9. With the exception of documents contained in the confidential portions of

16   patients' or inmates' central files, all documents produced under this Protective Order may be

17   reviewed in a complete and unredacted form. The location of the file review shall be determined

18   on a case-by-case basis. After such review, plaintiffs' attorneys may request copies of those

19   documents they find relevant to their conduct of this litigation.

20       10. DHS may review the documents in the confidential portions of patients' or

21   inmates' central files, and may review the other confidential material produced for initial review

22   in complete and unredacted form, for the purpose of determining if there is any information

23   which DHS contends should not further be disclosed because to do so would endanger the safety

24   and security of an institution, or of any persons, including present or former patients, inmates or

25   staff. If DHS determines that there are any documents containing such information, DHS may

26   redact such information prior to providing copies to plaintiffs' attorneys of the remaining portions

1   of the documents and shall properly notify plaintiffs' attorneys of the nature of the redacted

2   information. If, in the judgment of plaintiffs' attorneys, such information as has been redacted is

3   necessary for the conduct of this litigation, such documents will be expeditiously presented to the

4   Court for in camera review to determine whether and to what extent they must be produced.

5   Insofar as the court determines that any such information is subject to exclusion from production,

6   the attorneys for plaintiffs and their legal assistants and consultants shall not disclose the

7   information to any person for any purpose.

8        11.  Attorneys for plaintiffs and their legal assistants and consultants shall not

9   make copies of the confidential material obtained by them except as necessary for purposes of

10  this litigation. Counsel for plaintiffs will maintain control over all copies obtained by them. All

11  confidential material obtained by counsel for plaintiffs shall be kept in locked file cabinets. Only

12  attorneys for plaintiffs and their legal assistants shall have access to these file cabinets or to the

13  keys to these file cabinets. Counsel for plaintiffs shall maintain a record of all persons to whom

14  they have afforded access to confidential material. Upon order of the Court, DHS may inspect

15  the record.

16       12.  Each person who has been afforded access to confidential material shall not

17  disclose or discuss the confidential material, including the identification, the location, or mental

18  health status of a patient or inmate, to or with any person except as is necessary to this case, and

19  then only in accordance with paragraphs 3 and 4 of this Order.

20       13.  Confidential material respecting one patient or inmate shall not be disclosed

21  to or discussed with any other patient or inmate or former patient or inmate.

22       14.  Plaintiffs' counsel shall consult with a mental health professional to determine

23  the necessity of having a mental health professional present at a file review conducted in the

24  presence of a patient.

25  /////

26  /////

5

15. If a patient, or a class member, or other inmate or parolee, objects in writing to the disclosure of his or her confidential material, such material may not thereafter be disclosed unless the patient, inmate or parolee withdraws his or her objection, or the Court so orders.

16. The foregoing provisions of this Order, with the exception of paragraph 7, do not apply to DHS, its employees or representatives, or its consultants. Nothing in this Protective Order is intended to prevent officials or employees of the State of California or other authorized government officials from having access to confidential material to which they would have access in the normal course of their official duties.

17. The provisions of this Protective Order are without prejudice to the right of any party: (a) to apply to the Court for a further protective order relating to any confidential material or relating to discovery in this litigation; (b) to apply to the Court for an order removing the confidential material designation from any documents; (c) to object to a discovery request; (d) to apply to the Court for an order compelling production of documents or modification of this Order or for any order permitting disclosure of confidential material beyond the terms of this Order.

18. The provisions of this order shall remain in full force and effect until further order of this Court.

IT IS SO ORDERED.

DATED: January 11, 2007.

UNITED STATES MAGISTRATE JUDGE

/coleman.modpo2