1  KAMALA D. HARRIS
   Attorney General of California
2  JONATHAN L. WOLFF
   Senior Assistant Attorney General
3  DANIELLE F. O'BANNON – 207095
   Supervising Deputy Attorney General
4  SHARON A. GARSKE – 215167
   Deputy Attorney General
5   455 Golden Gate Avenue, Suite 11000
    San Francisco, California 94102-7004
6   Telephone: (415) 703-5836
   *Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **ALEJANDRO MADRID, et al.,**<br><br>        Plaintiffs,<br><br>v.<br><br>**DEPT. OF CORRECTIONS, et al.,**<br><br>        Defendants. | 3:90-cv-03094 TEH |
| **RALPH COLEMAN, et al.,**<br><br>        Plaintiffs,<br><br>v.<br><br>**EDMUND G. BROWN JR., et al.,**<br><br>        Defendants. | 2:90-cv-00520 KJM KJN PC |
| **JOHN ARMSTRONG, et al.,**<br><br>        Plaintiffs,<br><br>v.<br><br>**EDMUND G. BROWN, JR., et. al.,**<br><br>        Defendants. | C 94-2307 CW<br><br>**DEFENDANTS' RESPONSE AND OPPOSITION TO NOTICE OF RELATED CASE**<br><br>**Blue v. CA Office of Inspector General Case No. 2:15-cv-02656-KJM-CKD**<br>**E.D. Local Rule 123**<br>**N.D. Local Rule 3-12** |

1

# INTRODUCTION

Defendants Office of Inspector General (OIG) and Inspector General Robert A. Barton filed a Notice of Related Case under Eastern District Local Rule 123, seeking to relate their case with *Armstrong v. Brown*, N.D. Cal. Case No. 4:94-cv-02307-CW, *Coleman, et al., v. Brown, et al.*, E.D. Cal. Case No. 2:90-cv-00522-KJM-KJN, and the terminated case *Madrid v. Department of Corrections, et al.*, N.D. Cal. Case No. 3:90-cv-0394-TEH. (OIG's Not. Relate Cases, ECF No. 2567, Jan. 8, 2016.) Because there is no subject matter jurisdiction, and the parties, subject matter, and legal issues raised fail to meet the criteria for relating the cases under either Eastern District Local Rule 123 or Northern District Local Rule 3-12, the Court should deny defendant OIG's request.

# PROCEDURAL BACKGROUND INFORMATION

Plaintiffs Bryan Blue, Jason Hastey, Steven Aschner, Arthur Tovar, James McCloughan, and the California Correctional Peace Officers Association (CCPOA) filed a Complaint for Damages in Sacramento County Superior Court on December 4, 2015. (OIG's Not. Relate, Ex. G, ECF No. 2567-4 – Complaint in *Blue v. Cal. Office Inspector General, et al.*, Sac. Cty. Sup. Ct., Case No. 34-2015-00187126.) Plaintiffs sued Defendants OIG, Inspector General Barton, Chief Deputy Inspector General Wesley, Deputy Inspector General Maddox, the California Department of Corrections and Rehabilitation (CDCR), and former CDCR Secretary Jeffrey Beard for allegedly violating their rights under California Government Code § 3309.5 and 42 U.S.C. § 1983. (*Id.*)

Defendants CDCR and Secretary Beard removed the action to the United States District Court for the Eastern District of California under 28 U.S.C. §§ 1331 and 1441(a). (*Blue v. Cal. Office Inspector General, et al.*, No. 15-cv-02656-KJM-CKD (E.D. Cal.), ECF No. 1, Dec. 23, 2015.) In a single notice, the *Blue* plaintiffs thereafter sought to relate their case to *Armstrong*, *Coleman,* and *Madrid*. (*Armstrong v. Brown*, Case No. 94-cv-02307-CW, ECF No. 2567, Jan. 8, 2016.)

On January 12, 2016, the *Blue* plaintiffs amended their complaint to remove any federal law cause of action, and allege only violations of California's Public Safety Officer Procedural Bill of

2

Rights Act, California Government Code § 3300, and California Penal Code §§ 6126.5(d), 6127.3, and 6127.4. (*Blue v. Cal. Office Inspector General*, No. 15-cv-02656-KJM-CKD (E.D. Cal.), ECF No. 9, Jan. 12, 2016.) The amended complaint names only OIG and Barton as defendants. (*Id.*)

The *Blue* plaintiffs then moved to remand the case to state court because no federal claims exist, noting that defendants CDCR, Secretary Beard, Chief Deputy Inspector Wesley and Deputy Inspector Maddox were voluntarily dismissed. (*See Blue v. Cal. Office Inspector General*, No. 15-cv-02656-KJM-CKD (E.D. Cal.), Pls.' Mem. P. & A. Supp. Mot. Remand State Court, ECF No. 10-1 at 1, Jan. 14, 2016.) The motion is scheduled for hearing on February 12, 2016. (*Id.*)

## LEGAL DISCUSSION

### I. *BLUE* DOES NOT MEET THE THRESHOLD REQUIREMENTS FOR RELATION TO *ARMSTRONG* OR *MADRID*.

OIG's notice fails to meet the threshold requirement for related cases in the Northern District. *Armstrong v. Brown,* Case No. C 94-02307 CW, and *Madrid v. Tilton,* Case No. C 90-03094 TEH, are or were venued in the Northern District. To be related, *Blue* must be filed in or removed to this district. *See* N.D. Cal. Local Rule No. 3-12 (b). On this basis alone, this Court should deny OIG's request.

### II. THE CASES DO NOT INVOLVE THE SAME PARTIES AND ARE NOT BASED ON THE SAME CLAIMS, PROPERTIES, TRANSACTIONS OR EVENTS.

Eastern District Civil Local Rule 123 provides that cases may be related when: (1) both actions involve the same parties and are based on the same or similar claim; (2) both actions involve the same property, transaction, or event; (3) both actions involve similar questions of fact and the same question of law and their assignment to the same Judge or Magistrate Judge is likely to effect a substantial savings of judicial effort, either because the same result should follow in both actions or otherwise; or (4) for any other reasons, it would entail substantial duplication of labor if the actions were heard by different Judges or Magistrate Judges. E.D. Cal. Local Rule No. 123.

3

Defs.' Opp'n Not. Relate Cases  (3:90-cv-03094 THE) (2:90-cv-00520 KJM KJN) (C 94-2307 CW)

1    Northern District Local Rule 3-12 states that cases are related where "[t]he actions concern
2    substantially the same parties, property, transaction or event" and "[i]t appears likely that there
3    will be an unduly burdensome duplication of labor and expense or conflicting results if the cases
4    are conducted before different Judges."  N.D. Cal. Local Rule No. 3-12.

5    The requirements under either rule are not met here.  *Blue, Madrid, Coleman,* and
6    *Armstrong* do not involve the same parties.  The *Blue* plaintiffs are CCPOA and Correctional
7    Officers Blue, Hastey, Aschner, Tovar, and McCloughan; the defendants are OIG and Barton.
8    (*See Blue v. Cal. Office Inspector General, et al.*, No. 15-cv-02656-KJM-CKD (E.D. Cal.), ECF
9    No. 9, Jan. 12, 2016.)  *Madrid* involved a Plaintiff class of "all prisoners who [we]re or will be,
10   incarcerated by the State of California Department of Corrections at Pelican Bay State Prison,"
11   Defendants were various CDCR officials, including CDCR's Secretary and the Pelican Bay State
12   Prison warden.  *Madrid v. Gomez,* 889 F. Supp. 1146, 1155 (N.D. Cal. 1995).  *Coleman* involves
13   a Plaintiff class of "all inmates with serious mental disorders who are now or who will in the
14   future be confined within the California Department of Corrections" and Defendants Governor
15   Brown, CDCR, Department of State Hospitals, and Department of Finance.  *Coleman v. Wilson,*
16   912 F. Supp. 1282, 1293 (E.D. Cal. 1995).  *Armstrong* was filed on behalf of a class of California
17   inmates with disabilities protected under the Americans with Disabilities Act, or who have
18   learning disabilities or are on dialysis; Defendants are CDCR and the State of California.
19   *Armstrong v. Wilson,* 942 F.Supp. 1252, 1254 (N.D. Cal. 1996).

20   The cases' claims also differ.  Other than involving correctional staff, the cases and the
21   asserted claims bear no meaningful factual or legal relationship to each other.  *Blue* alleges that
22   defendants OIG and Barton violated plaintiffs' rights under California Penal Code §§ 6126.5(d),
23   6127.3, and 6127.4.  (*Id.*)  Specifically, *Blue* argues that OIG and Barton unlawfully denied the
24   plaintiffs their rights under the Public Safety Officers Procedural Bill of Rights Act when they
25   refused to allow the officers representation during interviews, and whether OIG issued duly
26   noticed subpoenas.  (*Id.*)  *Blue* asserts no claims related to CDCR and the State's housing of
27   disabled inmates as alleged in *Armstrong*, mental health care provided to inmates as alleged in
28   *Coleman*, or the use of force, conditions of confinement, or medical care provided in Pelican

4

Bay's Security Housing Unit as was alleged in *Madrid*. *Blue* is an employment rights dispute, not a case concerning the conditions of confinement or inmates' civil rights.

OIG argues that *Blue* is related to *Madrid, Coleman,* and *Armstrong* because its investigation at High Desert was aimed at identifying practices that violate inmates' constitutional rights that are currently subject to monitoring in *Madrid, Coleman,* and *Armstrong*. (OIG's Not. to Relate, ECF No. 2567 at 6.) In December 2015, OIG issued a report detailing the findings of its investigation. (*Id.*, ECF No. 2567-4 Ex. F.) But, the 120-page reports' findings related to *Armstrong* and *Coleman* class members are limited or not present.[1] (*Id.* at 40-47 & 51.) And OIG acknowledges that the treatment of disabled inmates or inmates receiving mental health services were not the only subject of its investigation. (OIG's Not. to Relate, ECF No. 2567 at 6-7.) In short, *Blue* concerns the manner in which OIG handled the investigation, not the issues that were investigated.

*Coleman* and *Armstrong* have been in remedial phases for over 20 years, and *Madrid* was terminated in 2011. In contrast, *Blue's* allegations arise from a 2015 investigation at High Desert. These cases clearly do not arise out of the same event. Therefore, there is no factual or legal basis for relating them.

### III. RELATING THE CASES WILL NOT PREVENT AN UNDULY BURDENSOME DUPLICATION OF LABOR AND EXPENSE OR CONFLICTING RESULTS.

Relating *Blue* to *Madrid, Coleman,* or *Armstrong* will not prevent "an unduly burdensome duplication of labor and expense or conflicting results." Eastern District Local Rule 123; Northern District Local Rule 3-12. None of the legal issues, discovery, briefing or evidence in *Blue* relates to Plaintiffs, their allegations, the remedial measures being taken in *Armstrong* or *Coleman,* or any of the issues that were resolved before *Madrid* was terminated. Relating *Blue* to a closed case or 20 year-old inmate civil-rights class action cases will not save any labor or expense.

---

[1] The OIG report does not reference *Madrid*, inmates at Pelican Bay State Prison, the *Coleman* case, or inmates in the Mental Health Services Delivery System, with the limited exception of a brief discussion on page 51 regarding one incident of potential misconduct involving an inmate housed in a mental health crisis bed.

5

Defs.' Opp'n Not. Relate Cases  (3:90-cv-03094 THE) (2:90-cv-00520 KJM KJN) (C 94-2307 CW)

Finally, there is no potential for conflicting results if *Blue* is not related to *Madrid, Coleman,* or *Armstrong*. Given *Madrid*'s termination, there can be no further "results" with which rulings in *Blue* would conflict. And there are no issues in *Blue* requiring coordination with the judge who presided over *Madrid*. Similarly, *Coleman* and *Armstrong* rulings are settled matters of public record. Although those rulings could conceivably impact findings in *Blue,* that is true for any case involving conditions of confinement in prison or alleged constitutional violations. These are not grounds for relating cases. And future rulings in *Blue*—which concerns correctional officers' rights while under OIG investigation—will not conflict with rulings rendered over the last 20 years in *Coleman* and *Armstrong*, all of which concern the treatment, programs and policies governing CDCR's care for mentally and physically disabled inmates.

Because the facts, plaintiffs, and claims differ widely, the Court should not relate *Blue* to the pending and dismissed civil-rights litigation brought by prison inmates.

## CONCLUSION

*Blue*, *Madrid, Coleman,* and *Armstrong* concern different parties, subject matters, and raise distinct legal issues. Because, relating the cases will not prevent an unduly burdensome duplication of labor and expense or conflicting results, there is no justification for relating these cases and the Court should deny OIG's motion.

Dated: January 22, 2016

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
DANIELLE F. O'BANNON
Supervising Deputy Attorney General


*/S/SHARON A. GARSKE*
SHARON A. GARSKE
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0005
12090200

6

Defs.' Opp'n Not. Relate Cases  (3:90-cv-03094 THE) (2:90-cv-00520 KJM KJN) (C 94-2307 CW)