IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.
    Plaintiffs

    v.                    No. CIV S-90-0520 KJM KJN PC

EDMUND G. BROWN, JR., et al.
    Defendants

SPECIAL MASTER'S REPORT ON HIS
EXPERT'S REPORT ON SUICIDES COMPLETED IN THE CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
JANUARY 1, 2014 – DECEMBER 31, 2014

    Attached is the *Coleman* Special Master's Expert's Report on Completed Suicides in the California Department of Corrections and Rehabilitation (CDCR) from January 1, 2014 through December 31, 2014 (Report). This is the seventeenth report by the Special Master's expert on completed suicides by CDCR inmates. It is submitted as part of the Special Master's overall continuing review of Defendants' compliance with court-ordered remediation in this matter.

    The Report was written by Kerry C. Hughes, M.D., a nationally recognized expert on mental health care and suicide prevention in the correctional setting. He was the author of the Special Master's expert's Report on Suicides Completed in the CDCR July 1, 2012 - December 31, 2012, filed June 17, 2015 (ECF 5324) and the Special Master's expert's Report on Suicides Completed in the CDCR January 1, 2013 - December 31, 2013, filed January 15, 2016 (ECF 5399). In addition, Dr. Hughes co-authored past annual expert suicide reports with the Special Master's expert, Raymond F. Patterson, M.D, for the years 1999 through 2001, plus a combined report covering years 1999 through 2004.

1

In preparation of the Report, four of the Special Master's other mental health experts assisted Dr. Hughes' conduct of in-depth clinical reviews and assessments of the health care records and CDCR death review reports for all CDCR inmate suicide deaths during 2014. The other four experts are Jeffrey L. Metzner, M.D.; Kathryn A. Burns, M.D., M.P.H.; Mary Perrien, Ph.D.; and Henry A. Dlugacz, J.D., M.S.W., all of whom are also nationally recognized experts in the field of correctional mental health.

Like Dr. Hughes' reports covering those suicides which occurred during the latter half of 2012 (ECF 5324) and during 2013, this Report also foregoes written summaries of the individual clinical suicide case reviews. Instead, it provides Dr. Hughes' general discussion of his case findings within the text of his Report, plus individual 2014 suicide case information and findings, which he summarized within appended charts and tables.[1] The Special Master and the *Coleman* parties agreed to forego written individual clinical case reviews in the interest of expediting completion of the Report and bringing the record on suicide prevention in CDCR prisons up to date as quickly as possible. The broader context of ongoing developments and activities in the area of suicide prevention illustrate why this is important.[2]

---

[1] *See* Report, Appendices C1-C4 ("Inmate Demographics," "Assessment / Treatment / Interventions Implemented," "Identified Issues and Failures with Suicide Prevention and Corrective Action Measures," and "Inmate Suicidal History and Event Characteristics," respectively), and Appendix D ("Frequency of Suicides by CDCR Prison). It is anticipated that the upcoming annual expert suicide report for 2014 will follow the same or a similar format.

[2] Some other past annual suicide reports by the Special Master's expert also dispensed with individual clinical case reviews. In those instances, as currently, the reports were prepared within a context of a court-ordered suicide prevention project and implementation of revised suicide prevention practices in the prisons. It was important then, as it is now, to bring the record on past suicide deaths up to date as quickly as possible and to focus available resources on implementation and testing of the effectiveness of new suicide prevention initiatives, rather than on time-consuming preparation of detailed individual reviews of suicide deaths that had occurred under past conditions that had since been modified. The 2008-2009 combined annual suicide report (ECF 4009) and the 2010 annual suicide report (ECF 4110) were submitted without individual case reviews, following this Court's adoption and ordering of recommended suicide prevention measures that emanated from a multi-faceted court-ordered suicide prevention project (ECF 3954, 4125) – a context analogous to that of the current Suicide Prevention Management Workgroup.

In light of the seriousness of the problems covered in the Special Master's expert's report on inmate suicides during the first six months of 2012, filed March 13, 2013 (ECF 4376), the *Coleman* court ordered the establishment of a Suicide Prevention Management Workgroup (SPMW). Its purpose was to target and resolve the lingering barriers to reducing the elevated rate of suicides among CDCR inmates in a significant and lasting way.[3] The SPMW met on July 31, August 21, and October 17, 2013, and quickly reached a consensus that it needed an audit of current suicide prevention practices in all 34 CDCR prisons in order to accurately identify the existing issues and conditions on which the group should focus its efforts. At the direction of the Special Master, his expert Lindsay Hayes conducted an initial audit of all 34 CDCR institutions, from November 2013 through July 2014. Mr. Hayes' report on his findings and recommendations was filed on January 14, 2015. (ECF 5258) On February 3, 2015, the *Coleman* Court ordered the Defendants to adopt the recommendations in that report and to work with the Special Master in the SPMW, and otherwise as may be necessary, on the development of strategies and the implementation of the changes and practices contained in the recommendations within the Hayes report. (ECF 5271)

The SPMW resumed meeting on February 3, 2015, followed by additional meetings on February 13, March 11, April 6, May 14, July 20, and September 30, 2015. During that period, with Mr. Hayes' initial report and Dr. Hughes' report and recommendations on suicides that occurred during the latter half of 2012 (ECF 5324, filed June 17, 2015) providing an informational basis, the SPMW made considerable progress. An updated report by Mr. Hayes on

---

[3] "Defendants shall, forthwith, under the supervision of the Special Master, establish a suicide prevention/management work group comprised of CDCR clinical, custody, and administrative staff, Department of State Hospitals (DSH) staff, the Special Master's experts, plaintiffs' counsel and, as appropriate, the *Plata* receiver to work under the guidance of the Special Master to timely review suicide prevention measures, suicide deaths, and deaths deemed to be of undetermined cause." (ECF 4693, filed July 12, 2013)

his recent re-audit of 18 selected CDCR prisons, filed January 13, 2016 (ECF 5396), Dr. Hughes' Report on Suicides Completed in CDCR January 1, 2013 - December 31, 2013, filed January 15, 2016 (ECF 5399), and the attached Report by Dr. Hughes, should further assist the SPMW with continuing work toward completion of various specified outstanding tasks and any other remaining work to be done.  The SPMW will now have the benefit of this further updated record on the state of inmate suicides in CDCR prisons without the additional delay that would have been occasioned if 23 written individual clinical case reviews had been prepared for inclusion in the Report.

      Another component of the ongoing suicide prevention effort involves refinement of the existing suicide review process into a more efficient, closer to "real-time" one, with its attendant advantages. The larger goal of this effort is to develop a process whereby CDCR will eventually self-monitor and self-correct any obstacles it may encounter in maintaining a solid, enduring suicide prevention program.  Progress in this direction has already been made. The Special Master and members of his expert staff have been meeting with CDCR officials to examine recent suicide cases and in the process work together on streamlining existing suicide review procedures.

      In Dr. Hughes' report, he makes the following two recommendations:

- That CDCR continue to work in the context of the SPMW, under the guidance of the Special Master, on addressing and resolving the deficiencies identified in this report. CDCR's work should include, but not be limited to, providing a report to the Special Master on its current review of drug overdose deaths and its recommendations with regard to appropriate designation of those drug overdose deaths that were the result of suicide.

- That the Special Master be directed to continue his and his experts' involvement in the ongoing CDCR suicide review process, including but not limited to participation in CDCR suicide case reviews, provision of feedback to CDCR regarding suicide-related

policies and procedures, and involvement in CDCR's Continuous Quality Improvement[4] and sustainable process efforts.

Dr. Hughes' Report was distributed in draft form to the *Coleman* parties on March 10, 2016, with 30 days for submission of any comments or objections to the Special Master. *Coleman* plaintiffs' counsel have informed the Special Master that they have no comments or objections to the draft Dr. Hughes' Report. On March 28, 2016, Defendants submitted their written response to the draft Report. They stated:

> Defendants agree with Dr. Hughes' recommendation that CDCR continue working within the Suicide Prevention Management Workgroup to address issues identified in his report. Specifically, CDCR agrees that the Suicide Prevention Management Workgroup is the appropriate forum to review and address issues related to drug overdose deaths and for CDCR to clarify its policy on the review of drug overdose deaths.
>
> Defendants also agree with the Special Master's recommendation that the Special Master's experts continue their involvement in CDCR's suicide review process, including participation in suicide case reviews, feedback on suicide-related policies and procedures, CQIT, and sustainable process efforts.

The Special Master agrees with Dr. Hughes' two recommendations in his Report. Because these recommendations track prior court orders and the general mission of the Suicide Prevention Management Workgroup, they need not be reiterated in additional court orders at this time. Accordingly, the Special Master requests that the Court adopt in full the attached Report by Kerry C. Hughes, M.D. on Completed Suicides in the California Department of Corrections and Rehabilitation from January 1, 2014 through December 31, 2014, and does not request the entry of any orders by the Court at this time.

The Special Master acknowledges the significant amount of time and effort invested by all persons involved in many targeted initiatives to reduce CDCR inmate suicides. This remains

---

[4] *See generally*, Order, filed February 27, 2014, ECF 5092.

a very busy and hopefully an ultimately fruitful time in the entire suicide prevention aspect of *Coleman* remediation. The work should continue until its goal has been accomplished.

                    Respectfully submitted,

                    _____
                    Matthew A. Lopes, Jr., Esq.
                    Special Master

March 29, 2016