1  KAMALA D. HARRIS
   Attorney General of California
2  DANIELLE F. O'BANNON, State Bar No. 207095
   Supervising Deputy Attorney General
3  ELISE OWENS THORN, State Bar No. 145931
   CHRISTINE M. CICCOTTI, State Bar No. 238695
4  Deputy Attorneys General
    1300 I Street, Suite 125
5   P.O. Box 944255
    Sacramento, CA 94244-2550
6   Telephone: (916) 323-4025
    Fax: (916) 324-5205
7   E-mail: Christine.Ciccotti@doj.ca.gov
   *Attorneys for Defendants*

8

9                 IN THE UNITED STATES DISTRICT COURT

10            FOR THE EASTERN DISTRICT OF CALIFORNIA

11                        SACRAMENTO DIVISION

12

| | |
|---|---|
| **RALPH COLEMAN, et al.,** | 2:90-cv-00520 KJM-KJN (PC) |
| Plaintiffs, | **RESPONSE TO ORDER TO SHOW CAUSE TO RELATE CASE** |
| v. | The Honorable Kimberly J. Mueller |
| **EDMUND G. BROWN JR., et al.,** | |
| Defendants. | |
| **ERIC REININGA,** | 2:16-cv-0811 TLN CKD (PC) |
| Plaintiff, | |
| v. | |
| **TIMOTHY BELAVICH, et al.,** | |
| Defendants | |

26                        **INTRODUCTION**

27      The Court has invited briefing about whether to relate these two cases—a former prison

28  employee's new wrongful-termination lawsuit and a decades-old, prison-conditions class action

                                 1

1   in its remedial phase.  The suits should not be related because they do not involve the same

2   parties, similar claims or subject matter, similar events, or similar questions of law or fact.

3                                **PROCEDURAL STATUS**

4           Plaintiff Eric Reininga filed his wrongful-termination suit very recently, on April 20, 2016.

5   He alleges that officials from the California Department of Corrections and Rehabilitation

6   (CDCR)[1] violated his First Amendment rights by terminating him after he lied to a CDCR

7   investigator about whether he disclosed confidential reports prepared by CDCR and the *Plata*

8   Receiver about an inmate suicide to a newspaper reporter.  By contrast, *Coleman* is a long-

9   running class action concerning mental-health care for California inmates statewide, in the

10  compliance stage.  On April 28, 2016, this Court ordered the parties to show cause, if any, why,

11  the cases should not be related and reassigned to the Honorable Kimberly J. Mueller and

12  Magistrate Judge Kendall J. Newman.

13          The complaint in *Reininga* alleges facts that are tangential to the *Coleman* case.

14  Specifically, in October and November 2013, this Court held hearings in *Coleman* regarding the

15  use-of-force against mentally ill inmates.  (Order, Jan. 23, 2014, ECF No. 5022.)  The following

16  January, Plaintiffs' counsel sought to re-open the hearings in light of a particular inmate's

17  death—the death about which Reininga shared confidential documents with a reporter.  (ECF No.

18  4982; Order at 2, Jan. 23, 2014, ECF No. 5022.)  In response, this Court opened discovery solely

19  to determine (1) the death's factual circumstances, and (2) whether Plaintiffs' counsel or the court

20  should have received information about the death during the previous evidentiary hearing.  (Order

21  at 2, Jan. 30 2014, ECF No. 5034).

22          The parties reached an agreement regarding the first issue, stipulating that the Court could

23  take under submission the final version of the relevant CDCR suicide report and the Receiver's

24  Final Death Review.  (Joint Statement Concerning Discovery, Feb. 3, 2014, ECF No. 5044.)

25  Concerning the second issue, the parties conducted some discovery, and then filed status-

26          [1] The named defendants in the suit are former Deputy Director Timothy Belavich, former
    CDCR Secretary Jeffrey Beard, and CDCR Special Agent Gary Viegas.  The undersigned
27  Counsel is not appearing on behalf of any of the named Defendants in *Reininga v. Belavich*, nor
    does this Response constitute a waiver of service.

28

Resp. Order to Show Cause  (2:90-cv-00520 KJM-KJN (PC))

conference statements and a joint statement of undisputed facts addressing the remaining issue. (Defs. Status Conf. Statement, Mar. 6, 2014, ECF No. 5096; Conf. Joint Statement of Undisputed Facts Re: Inmate D, Mar. 10, 2014, ECF No. 5105.)  The Court then took the matter under submission.  The Court made no findings of fact or rulings regarding whether the inmate's death was relevant to the use-of-force hearings, or whether information about the death was improperly withheld.  Rather, on April 10, 2014, the Court ruled on the underlying use-of-force issues without reference to the inmate's death.  (Order, Apr. 10, 2014, ECF No. 5131.) At no time was Reininga's termination of employment an issue to be decided in *Coleman*.

## SUMMARY OF ARGUMENT

These cases should not be related.  Eastern District Civil Local Rule 123 provides that cases may be related when: (1) they involve the same parties and are based on the same or a similar claim; (2) they involve the same property, transaction, or event; (3) they involve similar questions of fact and the same question of law, provided that relation is likely to substantially impact judicial efficiency; or (4) there would be a substantial duplication of labor unless the cases were related.  E.D. Cal. Local Rule No. 123.  None of these factors are met here.  The cases have different parties with different claims and issues, they do not concern the same event, and relation will not substantially impact judicial efficiency.

## ARGUMENT

### I.    THE CASES DO NOT INVOLVE THE SAME PARTIES.

*Coleman* and *Reininga* do not involve the same parties.  *Coleman* involves a plaintiff class of "all inmates with serious mental disorders who are now or who will in the future be confined within the California Department of Corrections."  (Order, Oct. 24, 1991, Doc. No. 103.) Plaintiff is not a member of that class.  Nor are the defendants the same.  *Coleman* involves defendants acting only in their official capacities: the Governor, CDCR Secretary Scott Kernan, and the Directors of the Department of State Hospitals and the Department of Finance.  Two of the Defendants in *Reininga*—Dr. Belavich and Special Agent Viegas—are not parties in *Coleman*. The third, former CDCR Secretary Jeffrey Beard, is named in *Reininga* solely in his personal capacity and is no longer a defendant in *Coleman*.  Official-capacity suits against state officials

3

are in essence claims against the state, while personal-capacity suits are against the individual. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Indeed, a governmental official in his official-capacity is not even in privity with himself in his personal capacity under res-judicata principles. *Andrews v. Daw*, 201 F.3d 521, 523 (4th Cir. 2000). Accordingly, the parties in the two cases are not the same.

## II.   THE CASES DO NOT SHARE THE SAME CLAIMS, PROPERTIES, TRANSACTIONS OR EVENTS.

The cases' claims bear no meaningful factual or legal relationship to each other. Reininga alleges that he was entitled to provide an incomplete draft of a suicide report to the Sacramento Bee under the First Amendment, and that Defendants Belavich, Beard, and Viegas violated his First Amendment rights and retaliated against him when his employment was eventually terminated by CDCR. But Reininga asserts no claims related to CDCR's provision of mental-health care to inmates under the Eighth Amendment, as alleged in *Coleman*. The gravamen of Reininga's complaint is wrongful termination and retaliation, not inmates' civil rights.

Nor do the cases involve the same property, transaction or events. *Reininga* concerns the investigation into Reininga's disclosure of confidential documents to a newspaper and subsequent employment actions taken by CDCR after Reininga lied to an investigator. The *Coleman* Court never had reason to address these employment matters, which Reininga alleges occurred after the Court's April 10, 2014 use-of-force ruling. And the Court's inquiry into the inmate's death ultimately had little bearing on its use-of-force ruling. The Court made no factual findings about the inmate's death or whether information about the death should have been disclosed in an earlier evidentiary hearing. In short, Reininga's employment claims have no bearing on CDCR's use-of-force policies at issue in *Coleman*.

Additionally, all documents produced in the *Coleman* matter, including the joint statement of undisputed facts, were produced under the Protective Order in place in that case. (Modified Protective Order, Jan. 12, 2007, ECF No. 2109.) Under the protective order, documents produced in *Coleman* may only be disclosed to a limited number of persons, essentially consisting of counsel of record in *Coleman, Clark, Armstrong, Davey,* and *Hecker* for use solely in connection

4

with litigation in those cases.  (*Id.* at ¶¶ 3, 6.)  Reininga's counsel is not permitted to receive any material filed under the *Coleman* protective order, nor is Reininga's lawsuit a covered case.

Coleman has been in the remedial phase for over 20 years.  In contrast, Reininga's allegations arise from his actions in late 2014 and CDCR's response in 2015.  These cases do not arise out of the same event, and there is no factual or legal basis for relating them.

**III.   RELATING THE CASES WOULD NOT PREVENT AN UNDULY BURDENSOME DUPLICATION OF LABOR AND EXPENSE NOR SUBSTANTIALLY IMPROVE JUDICIAL ECONOMY.**

Relating *Reininga* to *Coleman* will not conserve judicial resources or effort because none of the harm alleged by Reininga has been or will be investigated, briefed, or adjudicated in *Coleman*. Although *Reininga* tangentially relates to unproven allegations that CDCR withheld information about a suicide that Reininga later disclosed to a reporter, the *Coleman* Court did not issue any findings of fact on these unverified and unfounded allegations.  The *Coleman* Court focused on the inmate's death as it related to use-of-force on mentally ill inmates, not on the draft suicide report's submission to the reporter, or the investigation into who transmitted it, much less whether Reininga was exercising his First Amendment rights by disclosing it, or whether he was wrongly terminated after he lied about disclosing it.  There will be no unduly burdensome duplication of labor or expenses without relation.  Nor would the judge presently assigned the *Reininga* matter substantially benefit from the limited, tangential attention that this Court gave the issue in *Coleman* two-to-three years ago.

/ / /

/ / /

/ / /

5

**CONCLUSION**

Because the facts, parties, claims, and the law in the two cases bear no relation to each other, the Court should not relate *Reininga*—a freedom-of-speech and employment dispute—to *Coleman,* which is presently in its remedial phase, addressing the systemic provision of mental-health care to a class of CDCR inmates.

Dated:  May 12, 2016

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
DANIELLE F. O'BANNON
Supervising Deputy Attorney General

/s/ *Christine M. Ciccotti*

CHRISTINE M. CICCOTTI
Deputy Attorney General
*Attorneys for Defendants*
*California Department of Corrections and*
*Rehabilitation - General*

CF1997CS0003
12261184.doc