UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>Defendants. | No. 2:90-cv-0520 KJM KJN P<br><br>**ORDER TO SHOW CAUSE** |

   In accordance with this court's October 6, 2016 order, ECF No. 5498, this matter came on for status conference on November 10, 2016.  The purpose of the status conference was to address what steps defendants are taking to increase the number of beds available for inpatient mental health care, and to eliminate the waitlist for inpatient beds.  ECF No. 5498 at 2.  At hearing, the court chose to focus on the critical issue of acute and intermediate inpatient wait lists that continue to exceed Program Guide provisions, as explained below.  As the court indicated it would do at hearing, it now issues this order to show cause.

   As required by orders filed August 21, 2015 and October 13, 2015, ECF Nos. 5343 and 5367, defendants have since October 15, 2015 filed monthly status reports which show, *inter alia*, the number of mental health inpatient beds available and the number of class members referred for inpatient care and on a waitlist for such care.  In accordance with the August 21, 2015 order, "a class member is deemed to be on a waitlist for inpatient care from the time said class

1

member is referred" to the Department of State Hospitals (DSH) by the California Department of Corrections and Rehabilitation (CDCR). ECF No. 5343 at 2. Since May 2016, the average monthly waitlist for male non-condemned inmates reported by defendants each month has climbed from 152 class members in May 2016 to 297 class members in September 2016. *See* ECF Nos. 5454 at 9, 5468 at 9, 5481 at 9, 5490 at 9, and 5500 at 9. The monthly average for the same population in October 2016 was 311. ECF No. 5517 at 9.[1] During the same time period, the number of available inpatient beds for male non-condemned class members dwindled from a high of 207 in June 2016, ECF No. 5468 at 6-7, to a low of 73 in September 2016, ECF No. 5500 at 6-7. In October 2016, that number had dropped to 47. ECF No. 5517 at 6-7.

The Mental Health Services Delivery System (MHSDS) Program Guide is the remedial plan developed by defendants, with input from the plaintiffs and guidance from the Special Master, and approved by the court to remedy the Eighth Amendment violations identified in this action. *See* ECF No. 4539 at 30. The Program Guide sets outer time limits for transferring class members to inpatient care; class members referred for acute inpatient care must be transferred within ten days of referral and class members referred for intermediate inpatient care must be transferred within thirty days of referral. MHSDS Program Guide, 2009 Revision (hereafter Program Guide) at 12-1-16. These are maximum timelines, and at the status conference the parties reported that in a new Memorandum of Understanding executed in May of this year, DSH and CDCR agreed that class members referred for acute inpatient care would be transferred within nine business days and class members referred for intermediate inpatient care would be transferred within fifteen business days.

Also at the time of the status conference, the court had received from the Special Master a copy of the MHSDS Management Information Summary (MIS) Report dated October 17, 2016. A copy of that report is attached to this order as Exhibit A. That report defines wait

---

[1] The court has focused on the male non-condemned inmate population because that is where the major problem with access to inpatient care has been. Defendants are expected to be equally vigilant in addressing and eliminating any waitlist for inpatient care among female and condemned class members.

2

lists with reference to the outer limit timelines in the Program Guide.  *See* Ex. A at n.2.  That report showed that as of October 17, 2016, forty-four male inmates had been waiting longer than thirty days for transfer to an intermediate inpatient bed and thirty male inmates had been waiting longer than ten days for transfer to an acute inpatient bed.  At hearing, the court asked the DSH defendants why this waitlist could not be eliminated and all inmates who had been waiting longer than Program Guide timelines transferred to an appropriate inpatient bed by this coming Friday, November 18, 2016.  Defendants failed to provide any satisfactory answer to the court's question or, really, any responsive answer whatsoever.

The continuing existence of waitlists that exceed Program Guide timelines is in violation of longstanding orders directing defendants to eliminate waitlists for inpatient care and prevent their recurrence.  *See* Orders cited in ECF No. 5333.

Good cause appearing, IT IS HEREBY ORDERED that on or before **November 22, 2016**, the DSH defendants shall show cause in writing, if any they have, why the waitlists for inpatient care as reported on the MHSDS MIS Report cannot be reduced to zero by **November 23, 2016** at 5:00 p.m. and maintained at zero thereafter.

DATED:  November 17, 2016.

_____
UNITED STATES DISTRICT JUDGE