KAMALA D. HARRIS
Attorney General of California
DANIELLE F. O'BANNON
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
MANEESH SHARMA, State Bar No. 280084
CHRISTINE M. CICCOTTI, State Bar No. 238695
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 323-4025
 Fax: (916) 324-5205
 E-mail: Christine.Ciccotti@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**EDMUND G. BROWN JR., et al.,**<br><br>Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**DECLARATION OF KATHERINE TEBROCK IN SUPPORT OF DEFENDANTS' RESPONSE TO THE NOVEMBER 17, 2016 ORDER TO SHOW CAUSE** |

1

Decl. K. Tebrock Supp. Defs.' Resp. to Nov. 17, 2016 Order to Show Cause    (2:90-cv-00520 KJM DB (PC)

I, Katherine Tebrock, declare:

1. I am the Deputy Director of the California Department of Corrections and Rehabilitation's (CDCR) statewide Mental Health Services Delivery System. I was appointed as Deputy Director of the Statewide Mental Health Program in November 2015. I am familiar with the numerous and complex policies and procedures that govern the prison mental health care delivery system at the institutional level and have visited and evaluated the prisons with mental health care programs. I am also responsible for and supervise the mental health headquarters and regional teams and compliance with *Coleman* mandates. I previously served as Chief Deputy General Counsel of Policy with CDCR's Office of Legal Affairs, where my duties included management and oversight of the health care legal team, including the *Coleman* class action litigation. I am competent to testify to the matters set forth in this declaration and if called upon to do so, I would and could so testify. I make this declaration in support of Defendants' Response to the Court's Order to Show Cause.

2. Placement in an inpatient program is a complex task requiring doctors and correctional staff to ensure both that the patient has been referred to the appropriate level of care based on the patient's mental health, and can be safely housed after evaluating enemy and staff safety concerns. As result, Defendants cannot shift a patient from his existing inpatient program to another without conducting a review of the patient's history as well as any safety concerns that may arise with other patients in the new inpatient program.

3. Defendants are committed to providing appropriate and timely inpatient care to *Coleman* class members through full implementation of Defendants' MOU, including the new housing review and bed utilization management processes. These policies go beyond Defendants' previous plans to address inpatient transfers by requiring the movement of patients to low-custody inpatient beds when clinically and custodial safe and creating more accountability for tracking and managing bed use.

4. The demand for treatment beds at each specific level of care at each custodial housing level is not static. Using historical data, we can forecast increased and decreased demands throughout that year. The Court has approved the use of McManis projections for inpatient care.

2

But forecasting is not a perfect indicator of real demand. Each patient requires individualized evaluation based on a host of clinical and custodial concerns. Sometimes demand forecasting will fall short of real-time demand. That is what happened here. The Court-approved Spring 2016 McManis projections for inpatient care estimated that Defendants had sufficient capacity for male acute and intermediate-care programs. The real-time demand spiked well above the McManis Spring 2016 projections, and that is the primary reason why the number of inmate patients waiting beyond Program Guide deadlines cannot be reduced to zero by November 23.

5. When appropriate, Defendants have added capacity in response to sustained increases in patient needs, as opposed to temporary surges. Defendants are currently evaluating the recent trends in inpatient bed use and are again considering increasing capacity. Doing so involves fully examining the new MOU's impact on utilization management, and the long-term affect its newly-implemented processes will have on the time necessary to move patients into inpatient treatment facilities.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed in Sacramento, California on November 22, 2016.

/s/ Katherine Tebrock
KATHERINE TEBROCK
Deputy Director, Statewide Mental Health Program
*(original signature retained by attorney)*

CF1997CS0003; 20917582.doc

3

Decl. K. Tebrock Supp. Defs.' Resp. to Nov. 17, 2016 Order to Show Cause        (2:90-cv-00520 KJM DB (PC)