1  DONALD SPECTER – 083925
  STEVEN FAMA – 099641
2  MARGOT MENDELSON – 268583
  PRISON LAW OFFICE
3  1917 Fifth Street
  Berkeley, California  94710-1916
4  Telephone:    (510) 280-2621

MICHAEL W. BIEN – 096891
JEFFREY L. BORNSTEIN – 099358
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LISA ELLS – 243657
JENNIFER L. STARK – 267062
KRISTA STONE-MANISTA – 269083
JESSICA WINTER – 294237
ROSEN BIEN
GALVAN & GRUNFELD LLP
50 Fremont Street, 19th Floor
San Francisco, California  94105-2235
Telephone:    (415) 433-6830

9  RANJINI ACHARYA – 290877
  K&L GATES LLP
  4 Embarcadero Center, Suite 1200
10  San Francisco, California  94111-5994
  Telephone:    (415) 882-8200

CLAUDIA CENTER – 158255
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California  94111-4805
Telephone:    (415) 621-2493

13  Attorneys for Plaintiffs

14  UNITED STATES DISTRICT COURT

15  EASTERN DISTRICT OF CALIFORNIA

17  RALPH COLEMAN, et al.,

18        Plaintiffs,

19     v.

20  EDMUND G. BROWN, JR., et al.,

21        Defendants.

Case No. 2:90-CV-00520-KJM-DB

**NOTICE OF PLAINTIFFS' REQUEST TO SEAL DOCUMENTS PURSUANT TO LOCAL RULE 141 IN SUPPORT OF PLAINTIFFS' SUPPLEMENTAL BRIEF IN RESPONSE TO COURT'S DECEMBER 9, 2016 ORDER REGARDING INPATIENT ACCESS**

Judge:  Hon. Kimberly J. Mueller
Date:    January 23, 2017
Time:    10:00 a.m.
Crtrm.:  3, 15th Floor

[3088858-3]

NOTICE OF PLS.' REQUEST TO SEAL DOCUMENTS PURSUANT TO L.R. 141 ISO PLS.' SUPP. BRIEF IN
RESPONSE TO COURT'S 12/9/16 ORDER REGARDING INPATIENT ACCESS

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2         PLEASE TAKE NOTICE that, Pursuant to Local Rule 141, Plaintiffs have

3    submitted to the Court by email a Request to Seal Documents ("Request"), namely the

4    document entitled "Declaration of Pablo Stewart, M.D., in Support of Plaintiffs' Motion to

5    Enforce Consent Decree" ("Pablo Stewart Declaration"), and exhibits thereto.  These

6    documents contain sensitive private information of current and past Yuba County Jail

7    detainees, including medical and other institutional records.  The operative Protective

8    Order in this action, attached hereto as Exhibit A, covers the types of identifying patient

9    information contained in the documents to be sealed.

10        The Request, the Declaration of Pablo Stewart with attachments thereto, and the

11   accompanying Proposed Order were provided to the Court by electronic mail and served

12   on counsel for Defendants in this action by electronic mail and Federal Express on

13   January 13, 2017, pursuant to Local Rule 141.

14

15   DATED: January 13, 2017             Respectfully submitted,

16                                       ROSEN BIEN GALVAN & GRUNFELD LLP

17
                                         By: */s/ Jessica Winter*
18                                           Jessica Winter

19                                       Attorneys for Plaintiffs

20

21

22

23

24

25

26

27

28

1

# EXHIBIT A

RECEIVED

JUN 2 2 2009

Rosen. Bien & Galvan

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN,

Plaintiff,                                  No. CIV S-90-0520 LKK JFM P

vs.

ARNOLD SCHWARZENEGGER, et al.,

Defendant.                                  MODIFIED PROTECTIVE ORDER

_____/

In accordance with the order filed concurrently herewith and good cause appearing, IT IS

ORDERED THAT the protective order entered in this case on July 29, 1992 (the "Protective

Order") is hereby modified in the following manner:

IT IS ORDERED THAT the following provisions shall apply to all State of

California Department of Health Services' ("DHS") records which identify any patient or inmate

and which are obtained in this action by counsel for plaintiffs:

1. This order covers all documents and information obtained in this action by

plaintiffs' counsel which identifies a patient or inmate other than the named plaintiffs in this

action.

2. All such documents and information obtained in this action by plaintiffs'

counsel shall be regarded as confidential and subject to this Protective Order. Such material is

hereinafter referred to as "confidential material."

1

3. The confidential material may be disclosed only to the following persons:

    a. Counsel of record for plaintiffs in this action;

    b. Paralegal, stenographic, clerical and secretarial personnel employed by counsel of record for plaintiffs;

    c. Court personnel and stenographic reporters engaged in such proceedings that are incidental to preparation for the trial in this action;

    d. Any outside expert or consultant retained by plaintiffs' counsel for purposes of this action;

    e. Witnesses to whom the confidential material may be disclosed during a deposition taken in this matter or otherwise during the preparation for trial and trial, provided that the witness may not leave the deposition with copies of any of the confidential material, and shall be informed of and agree to be bound by the terms of this order;

    f. Individuals as described in subparts (a) through (e), above, in Davey v. Gomez, et al. (No. 2:94-cv-00151 WBS-JFM-P), in the United States District Court for the Eastern District of California, who agree to be bound by the terms of this Order;

    g. Individuals as described in subparts (a) through (e), above, in Clark, et al. v. California et al. (C96-146 FMS), and in Armstrong, et al. v. Schwarzenegger, et al. (C94-2307 CW), currently pending in the United States District Court for the Northern District of California, who agree to be bound by the terms of this Order; and

1    h. Individuals as described in subparts (a) through (e),

2  above, in <u>Hecker, et al. v. Schwarzenegger, et al.</u> (No.

3  2:05-cv-02441 LKK-JFM), currently pending in the United States

4  District Court for the Eastern District of California, who agree to

5  be bound by the terms of this Order.

6    4. Each person to whom disclosure of confidential material is made shall, prior to

7 the time of disclosure, be provided by the person furnishing such confidential material a copy of

8 this Order, and shall agree on the record or in writing that they have read this Protective Order

9 and understand and agree to be bound by its provisions. Such persons must also consent to be

10 subject to the jurisdiction of the United States District Court for the Eastern District of California

11 with respect to any proceeding relating to enforcement of this Order, including, without

12 limitation, any proceeding for contempt. Unless such agreement is made on the record, such as in

13 court or during a deposition, the person making the disclosure shall retain the original of an

14 executed written agreement until termination of this litigation, or until otherwise ordered by the

15 Court. A copy of each such agreement will be furnished to defendants' counsel upon order of the

16 Court.

17    5. At the conclusion of the trial and any appeal, or upon other termination of this

18 litigation, all confidential material obtained by counsel for plaintiffs, and all copies of such

19 material, in possession of counsel for plaintiffs shall be returned to counsel for the defendants.

20    6. All confidential material obtained by counsel for plaintiffs shall be used solely

21 in connection with this litigation or in connection with the following cases:

22    a. <u>Clark, et al. v. California et al.</u> (C96-146 FMS) or <u>Armstrong, et al. v.</u>

23  <u>Schwarzenegger, et al.</u> (C94-2307CW), currently pending in the United States

24  District Court for the Northern District of California;

25    b. <u>Davey v. Gomez, et al.</u> (No. 2:94-cv-00151 WBS-JFM-P), or <u>Hecker,</u>

26  <u>et al. v. Schwarzenegger, et al.</u> (No. 2:05-cv-02441 LKK-JFM), currently pending

1  in the United States District Court for the Eastern District of California; or for

2  related appellate proceedings, and not for any other purpose, including any other

3  litigation.

4      7. Any documents filed with the Court that reveal confidential material shall be

5  filed under seal, labeled with cover sheet bearing the case name and number and the statement:

6  "This document is subject to a protective order issued by the Court and shall not be copied or

7  examined except in compliance with that order." Documents so labeled shall be kept by the

8  Clerk of this Court under seal and shall be made available only to the Court or counsel. Upon

9  failure of the filing party to so file a document under seal, any party may request that the Court

10  place the filing under seal.

11      8. Nothing in this Order shall preclude a party from showing or disclosing to any

12  person not listed in paragraph 3 of this Order, deposition transcripts, pleadings or briefs

13  containing confidential material if the document containing such material has been masked or

14  deleted so that no disclosure of confidential material occurs.

15      9. With the exception of documents contained in the confidential portions of

16  patients' or inmates' central files, all documents produced under this Protective Order may be

17  reviewed in a complete and unredacted form. The location of the file review shall be determined

18  on a case-by-case basis. After such review, plaintiffs' attorneys may request copies of those

19  documents they find relevant to their conduct of this litigation.

20      10. DHS may review the documents in the confidential portions of patients' or

21  inmates' central files, and may review the other confidential material produced for initial review

22  in complete and unredacted form, for the purpose of determining if there is any information

23  which DHS contends should not further be disclosed because to do so would endanger the safety

24  and security of an institution, or of any persons, including present or former patients, inmates or

25  staff. If DHS determines that there are any documents containing such information, DHS may

26  redact such information prior to providing copies to plaintiffs' attorneys of the remaining portions

4

1  of the documents and shall properly notify plaintiffs' attorneys of the nature of the redacted

2  information. If, in the judgment of plaintiffs' attorneys, such information as has been redacted is

3  necessary for the conduct of this litigation, such documents will be expeditiously presented to the

4  Court for in camera review to determine whether and to what extent they must be produced.

5  Insofar as the court determines that any such information is subject to exclusion from production,

6  the attorneys for plaintiffs and their legal assistants and consultants shall not disclose the

7  information to any person for any purpose.

8          11. Attorneys for plaintiffs and their legal assistants and consultants shall not

9  make copies of the confidential material obtained by them except as necessary for purposes of

10 this litigation. Counsel for plaintiffs will maintain control over all copies obtained by them. All

11 confidential material obtained by counsel for plaintiffs shall be kept in locked file cabinets. Only

12 attorneys for plaintiffs and their legal assistants shall have access to these file cabinets or to the

13 keys to these file cabinets. Counsel for plaintiffs shall maintain a record of all persons to whom

14 they have afforded access to confidential material. Upon order of the Court, DHS may inspect

15 the record.

16          12. Each person who has been afforded access to confidential material shall not

17 disclose or discuss the confidential material, including the identification, the location, or mental

18 health status of a patient or inmate, to or with any person except as is necessary to this case, and

19 then only in accordance with paragraphs 3 and 4 of this Order.

20          13. Confidential material respecting one patient or inmate shall not be disclosed

21 to or discussed with any other patient or inmate or former patient or inmate.

22          14. Plaintiffs' counsel shall consult with a mental health professional to determine

23 the necessity of having a mental health professional present at a file review conducted in the

24 presence of a patient.

25 /////

26 /////

1          15. If a patient, or a class member, or other inmate or parolee, objects in writing

2    to the disclosure of his or her confidential material, such material may not thereafter be disclosed

3    unless the patient, inmate or parolee withdraws his or her objection, or the Court so orders.

4          16. The foregoing provisions of this Order, with the exception of paragraph 7, do

5    not apply to DHS, its employees or representatives, or its consultants. Nothing in this Protective

6    Order is intended to prevent officials or employees of the State of California or other authorized

7    government officials from having access to confidential material to which they would have

8    access in the normal course of their official duties.

9          17. The provisions of this Protective Order are without prejudice to the right of

10    any party: (a) to apply to the Court for a further protective order relating to any confidential

11    material or relating to discovery in this litigation; (b) to apply to the Court for an order removing

12    the confidential material designation from any documents; (c) to object to a discovery request;

13    (d) to apply to the Court for an order compelling production of documents or modification of this

14    Order or for any order permitting disclosure of confidential material beyond the terms of this

15    Order.

16          18. The provisions of this order shall remain in full force and effect until further

17    order of this Court.

18          IT IS SO ORDERED.

19    DATED: January 11, 2007.

20

21                  UNITED STATES MAGISTRATE JUDGE

22

23    /coleman.modpo2

24

25

26

1   OFFICE OF THE ATTORNEY GENERAL OF THE STATE OF CALIFORNIA
    DANIEL E. LUNGREN, Attorney General
2   of the State of California
    DENNIS ECKHART
3   Supervising Deputy Attorney General
    1515 K Street, Suite 511
4   Sacramento, California   95814
    (916) 323-8987
5
    Attorneys for the State of California Department
6     of Health Services

7   HELLER, EHRMAN, WHITE & MCAULIFFE
    RICHARD L. GOFF                                **FILED**
8   AMELIA A. CRAIG
    INGRID S. LEVERETT
9   STEPHANIE M. HINDS                          JUL 2 9 1992
    333 Bush Street
10  San Francisco, California   94104-2878  CLERK, U. S. DISTRICT COURT
    (415) 772-6000                          EASTERN DISTRICT OF CALIFORNIA
11                                          BY
    Attorneys for Plaintiffs

**LODGED**

14
15   18

17   RALPH COLEMAN,            )   No. CIV S 90-0520 LKK-JFM
                              )
18              Plaintiff,     )   STIPULATED PROTECTIVE ORDER
                              )   BETWEEN PLAINTIFFS AND THE
18         v.                 )   STATE OF CALIFORNIA DEPARTMENT
                              )   OF HEALTH SERVICES RE
19   PETE WILSON, et al.,      )   CONFIDENTIALITY OF PATIENT AND
                              )   INMATE RECORDS
20              Defendants     )
                              )
21   _____ )

22

23          IT IS ORDERED that the following provisions shall apply

24   to all State of California Department of Health Services' records

25   which identify any patient or inmate and which are obtained in

26   this action by counsel for plaintiffs:

27

28

STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY
OF PATIENT AND INMATE RECORDS

1.    This order covers all documents and information obtained in this action by plaintiffs' counsel which identifies a patient or inmate other than the named plaintiffs in this action.

2.    All such documents and information obtained in this action by plaintiffs' counsel shall be regarded as confidential and subject to this Protective Order.  Such material is hereinafter referred as to "confidential material."

3.    The confidential material may be disclosed only to the following persons:

a.    Counsel of record for plaintiffs in this action;

b.    Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel of record for plaintiffs;

c.    Court personnel and stenographic reporters engaged in such proceedings as are incidental to preparation for the trial in this action.

d.    Any outside expert or consultant retained by plaintiffs' counsel for purposes of this action;

e.    Witnesses to whom the confidential material may be disclosed during a deposition taken in this matter or otherwise during the preparation for trial and trial, provided that the witnesses may not leave any deposition with any copies of any of the confidential material, and shall be informed of and agree to by bound by the terms of this Order.

4.    Each person to whom disclosure of confidential material is made shall, prior to the time of disclosure, be provided by the person furnishing such confidential material a copy of this Order, and shall agree on the record or in writing that they have read this Protective Order and understand and

STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY
OF PATIENT AND INMATE RECORDS        -2-

1    agree to be bound by its provisions.  Such persons must also

2    consent to be subject to the jurisdiction of the United States

3    District Court for the Eastern District of California with

4    respect to any proceeding relating to enforcement of this Order,

5    including, without, limitation, any proceeding for contempt.

6    Unless such agreement is made on the record, such as in court or

7    during a deposition, the person making the disclosure shall

8    retain the original of an executed written agreement until

9    termination of this litigation, or until otherwise ordered by the

10   Court.  A copy of each such agreement will be furnished to

11   counsel for DHS, upon order of the court.

12         5.   At the conclusion of the trial and any appeal, or

13   upon other termination of this litigation, all confidential

14   materials obtained by counsel for plaintiffs, and all copies of

15   such material, in possession of counsel for plaintiffs shall

16   returned to counsel for DHS.

17         6.   All confidential material obtained by counsel for

18   plaintiffs shall be used solely in connection with this

19   litigation, or related appellate proceeding, and not for any

20   other purpose, including any other litigation.

21         7.   Any documents filed with the court that reveal

22   confidential material shall be filed under seal, labeled with

23   cover sheet bearing the case name and number and the statement:

24   "This document is subject to a protective order issued by the

25   court and may not be copied or examined except in compliance

26   with that order."  Documents so labeled shall be kept by the

27   Clerk of this Court under seal and shall be made available only

28   to the court or counsel.  Upon failure to the filing party to so

STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY
OF PATIENT AND INMATE RECORDS          -3-

1   file a document under seal, any party may request that the court

2   place the filing under seal.

3           8.   Nothing in this Order shall preclude a party from

4   showing or disclosing to any person not listed in paragraph 3 of

5   this Order, deposition transcripts, pleadings or briefs

6   containing confidential material if the document containing such

7   material has been masked or deleted so that no disclosure of

8   confidential material occurs.

9           9.   With the exception of documents contained in the

10  confidential portions of patients' or inmates' central files, all

11  documents produced under this Protective Order may be reviewed in

12  a complete and unredacted form.  The location of the file review

13  shall be determined on a case-by-case basis.  After such review,

14  plaintiffs' attorneys may request copies of those documents they

15  find relevant to their conduct of this litigation.

16        10.   DHS may review the documents in the confidential

17  portions of patients' or inmates' central files, and may review

18  the other confidential material produced for initial review in

19  complete and unredacted form, for the purpose of determining if

20  there is any information which DHS contends should not further be

21  disclosed because to do so would endanger the safety and security

22  of an institution, or of any persons, including present or former

23  patients, inmates or staff.  If DHS determines that there are any

24  documents containing such information, DHS may redact such

25  information prior to providing copies to plaintiffs' attorneys of

26  the remaining portions of the documents and shall properly notify

27  plaintiffs' attorneys of the nature of the redacted information.

28  If in the judgment of plaintiffs' attorneys, such information as

1  has been redacted is necessary for the conduct of this

2  litigation, such documents will be expeditiously presented to the

3  court for in camera review to determine whether and to what

4  extent they must be produced.  Insofar as the court determines

5  that any such information is subject to exclusion from

6  production, the attorneys for plaintiffs and their legal

7  assistants and consultants shall not disclose the information to

8  any person for any purpose.

9          11.  Attorneys for plaintiffs and their legal

10  assistants and consultants shall not make copies of the

11  confidential material obtained by them except as necessary for

12  purposes of this litigation.  Counsel for plaintiffs will

13  maintain control over all copies obtained by them.  All

14  confidential material obtained by counsel for plaintiffs shall be

15  kept in locked file cabinets.  Only attorneys for plaintiffs and

16  their legal assistants shall have access to these file cabinets

17  or to the keys to these file cabinets.  Counsel for plaintiffs

18  shall maintain a record of all persons to whom they have afforded

19  access to confidential material.  Upon order of the court, DHS

20  may inspect the record.

21          12.  Each person who has been afforded access to

22  confidential material shall not disclose or discuss the

23  confidential material, including the identification, the

24  location, or mental health status of a patient or inmate, to or

25  with any person except as is necessary to this case, and then

26  only in accordance with paragraph 3 and 4 of this Order.

27

28

STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY
OF PATIENT AND INMATE RECORDS          -5-

1     13.  Confidential material respecting one patient or

2  inmate shall not be disclosed to or discussed with any other

3  patient or inmate or former patient or inmate.

4     14.  Plaintiffs' counsel shall consult with a mental

5  health professional to determine the necessity of having a mental

6  health professional present at a file review conducted in the

7  presence of a patient.

8     15.  If a patient, or a class member, or other inmate

9  or parolee, objects in writing to the disclosure of his or her

10  confidential material, such material may not thereafter be

11  disclosed unless the patient, inmate or parolee withdraws his or

12  her objection, or the court so orders.

13     16.  The foregoing provisions of this Order with the

14  exception of paragraph 7 do not apply to DHS, its employees or

15  representatives, or its consultants.  Nothing in this Protective

16  Order is intended to prevent officials or employees of the State

17  of California or other authorized government officials, from

18  having access to confidential material to which they would have

19  access in the normal course of their official duties.

20     17.  The provisions of this Protective Order are

21  without prejudice to the right of any party:  (a) To apply to the

22  Court for a further protective order relating to any confidential

23  material or relating to discovery in this litigation; (b) to

24  apply to the Court for an order removing the confidential

25  material designation from any documents; (c) to object to a

26  discovery request; (d) to apply to the Court for an order

27  compelling production of documents or modification of this Order

28

STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY
OF PATIENT AND INMATE RECORDS     -6-

1   or for any order permitting disclosure of confidential material

2   beyond the terms of this Order.

3           18.   The provisions of this Order shall remain in full

4   force and effect until further order of this Court.

5

6   DATED:   June 11, 1992

7   STATE OF CALIFORNIA DEPARTMENT OF JUSTICE

8

9   _____

10

11  Attorney for the State of California
    Department of Health Services

12

13

14  DATED:   June 8, 1992

15  HELLER, EHRMAN, WHITE & McAULIFFE

16

17  _____
    INGRID S. LEVERETT

18  Attorney for Plaintiffs

19

20

21          IT IS SO ORDERED.

22          DATED:   July 28, 1992

23

24          _____
            UNITED STATE MAGISTRATE JUDGE

25

26

27

28

STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY
OF PATIENT AND INMATE RECORDS            -7-