1  XAVIER BECERRA
   Attorney General of California
2  WILLIAM C. KWONG
   Acting Senior Assistant Attorney General
3  DANIELLE F. O'BANNON
   JAY C. RUSSELL
4  Supervising Deputy Attorneys General
   ELISE OWENS THORN, State Bar No. 145931
5  CHRISTINE M. CICCOTTI, State Bar No. 238695
   CHAD A. STEGEMAN, State Bar No. 225745
6  Deputy Attorneys General
    455 Golden Gate Avenue, Suite 11000
7   San Francisco, CA  94102-7004
    Telephone:  (415) 703-5826
8   Fax:  (415) 703-1234
    E-mail:  Chad.Stegeman@doj.ca.gov
9  *Attorneys for Defendants*

10              IN THE UNITED STATES DISTRICT COURT

11            FOR THE EASTERN DISTRICT OF CALIFORNIA

12                    SACRAMENTO DIVISION

13

14

15  **RALPH COLEMAN, et al.,**                2:90-cv-00520 KJM-DB (PC)

16                              Plaintiffs,   **STIPULATION AND ORDER WAIVING**
                                              **STATE LAW REGARDING L-WING AT**
17         v.                                 **CALIFORNIA MEDICAL FACILITY**

18  **EDMUND G. BROWN JR., et al.,**

19                              Defendants.

20

21

22

23

24

25

26

27

28

                              1

Defendants propose to convert 37 cells on the first floor of the L-Wing at the Correctional Medical Facility (L-1), into 70 temporary unlicensed Intermediate Care Facility level-of-care beds and two observation and restraint rooms for high-custody inmate-patients on the inpatient wait list. The addition of these beds will expand capacity for high-custody inpatient care in the near term and allow Defendants to admit all patients waiting beyond Program Guide timelines. Funds have been earmarked for needed facility modifications and staffing. However, in order to move forward with this solution, temporary waivers of state licensing requirements are needed, which are justified by the current bed shortage and the ongoing risk of serious harm to patients caused by delayed access to inpatient psychiatric hospitalization.

The "Supreme Court has stated that otherwise valid state laws or court orders cannot stand in the way of a federal court's remedial scheme if the action is essential to enforce the scheme." *Stone v. City and County of San Francisco*, 968 F.2d 850, 862 (9th Cir. 1992) (quoting *North Carolina State Bd. of Educ. v. Swann*, 402 U.S. 43, 45 (1971)). The Court's March 24, 2017 order (ECF No. 5583) mandated that Defendants "completely and permanently" comply with Program Guide timelines and eliminate the wait lists for inpatient care. The Court recognized that the addition of the proposed beds at L-1 is an integral part of addressing the immediate need for high-custody Intermediate Care Facility beds. (ECF No. 5583 at 9:17-18; 12:25-13:11.) In light of this urgency, and in order to activate these beds as quickly as possible, Defendants and Plaintiffs jointly request that the Court waive the same state licensing requirements at the L-Wing that the Court waived in 2011.[1]

Within 60 days of the Court's approval of the requested waiver, Defendants shall convert and open the L-1 inpatient beds. Defendants will limit the duration of these waivers to eighteen months following entry of this Court's order. The parties will revisit the need for the waivers

---

[1] This Court has held on at least five prior occasions that state licensing requirements temporarily give way to the use of unlicensed Mental Health Crisis Beds and Intermediate Care Facility inpatient beds. (*See* ECF Nos. 4095 and 1800, Orders filed October 7, 2011, and May 6, 2006, respectively, concerning California Men's Colony; ECF No. 3748, Order filed December 11, 2009, concerning California State Prison, Sacramento; ECF No. 3516, Order filed February 17, 2009, concerning California Institution for Men; and ECF No. 4120, Order filed November 17, 2011, concerning the same beds at issue here at California Medical Facility.)

2

1  after twelve months following the Court's order to determine whether any further extension is

2  required.  Defendants agree that inmate-patients housed in L-1 will not routinely be restrained (1)

3  when moving from L-1 to programming, (2) on the L-1 Unit, including the dayroom, or (3) when

4  using the N-1 dining room, unless deemed custodially necessary on an individual and

5  documented basis.  Defendants also agree that no inmate who is both custodially approved by

6  CDCR and clinically cleared by the Department of State Hospitals (DSH) for placement in one of

7  the DSH facilities will remain or be placed in L-1, absent some extenuating circumstance.

8          When this Court previously waived state laws to allow Defendants to operate L-1 to address

9  the shortage of inpatient psychiatric hospital beds in November 2011, the Unit was staffed and

10  run by DSH and was single-celled, with a capacity of 36.  Defendants' current plan is for L-1 to

11  be staffed and run by CDCR, and for the unit to be double-celled, with a maximum capacity of 70

12  patients.  Plaintiffs have raised various objections and concerns about both of these changes.  To

13  address their concerns, Defendants agree that CDCR's operation of L-1 will be subject to

14  monitoring by the Special Master and that a report will issue regarding its implementation in the

15  normal rounding reports completed by the Special Master or a specific report, as the Court deems

16  appropriate.  Defendants further agree that any standards and guidelines that emerge from the "lift

17  and shift" process will also apply to L-1.  In addition, Defendants will work to limit double-

18  celling on L-1 to the extent possible.  Defendants also agree to staff and operate L-1 to offer a

19  minimum 12 hours per day of out-of-cell time, including weekends (including but not limited to

20  treatment hours, socialization yard, and other time out of cell).

21          Good cause presented to the Court and appearing, the parties stipulate that the Court should

22  waive the licensing requirements described below so that CDCR can convert the 37 cells in L-1

23  into 70 temporary unlicensed Intermediate Care Facility beds and two observation and restraint

24  rooms.

25          **IT IS STIPULATED AND ORDERED AS FOLLOWS:**

26          1.      The following state licensing requirements shall be waived with respect to the 70

27  temporary Intermediate Care Facility beds and two observation and restraint rooms in the L-

28  Wing, L-1, at California Medical Facility:

3

1        A. California Health and Safety Code section 1250(j); and

2        B. California Code of Regulations, Title 22, sections 79501–79861.

3    2.    Defendants shall apprise the Court promptly should any delays prevent the L-1

4  conversion from being completed within 60 days of this order.

5    3.    The duration of waiver is eighteen months from the date of this order, and the parties

6  shall consider the need for an extension of the waiver after twelve months.

7        **IT IS SO STIPULATED.**

8  Dated:  April 6, 2017                          XAVIER BECERRA
                                                Attorney General of California
9                                               DANIELLE F. O'BANNON
                                                Supervising Deputy Attorney General
10

11                                              /s/ CHAD A. STEGEMAN
                                                CHAD A. STEGEMAN
12                                              Deputy Attorney General
                                                *Attorneys for Defendants*
13

14  Dated:  April 6, 2017                          /s/ MICHAEL W. BIEN
                                                MICHAEL W. BIEN
15                                              *Attorneys for Plaintiffs*

16        **IT IS SO ORDERED.**

17

18  Dated: _____              _____
                                                KIMBERLY J. MUELLER
19                                              UNITED STATES DISTRICT COURT

20

21

22

23

24

25

26

27

28

4