XAVIER BECERRA
Attorney General of California
WILLIAM C. KWONG
Acting Senior Assistant Attorney General
DANIELLE F. O'BANNON
JAY C. RUSSELL
Supervising Deputy Attorneys General
ELISE OWENS THORN, State Bar No. 145931
CHRISTINE M. CICCOTTI, State Bar No. 238695
CHAD A. STEGEMAN, State Bar No. 225745
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 324-4921
 Fax: (916) 324-5205
 E-mail: Chad.Stegeman@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                                Plaintiffs,<br><br>     v.<br><br>**EDMUND G. BROWN JR., et al.,**<br><br>                                Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' EVIDENTIARY OBJECTIONS RE: DEFENDANTS' RESPONSE TO THE SPECIAL MASTER'S REPORT ON THE STATUS OF MENTAL HEALTH STAFFING (ECF NO. 5602)** |

## INTRODUCTION

The declarations of Michael Golding, M.D., Katherine Tebrock, and Brandon Price provide exactly the type of information expected from the California Department of Corrections and Rehabilitation's (CDCR) Chief Psychiatrist, the Deputy Director for CDCR's Statewide Mental Health Services Delivery System, and the Department of State Hospital's (DSH) Executive Director for DSH-Coalinga, respectively. These declarants offer testimonial proof regarding facts and data properly within the scope of their respective positions at CDCR and DSH. And this is

1

the type of data and information that is relevant and that the Court needs for the evaluation of psychiatrist staffing vacancies and provision of care to *Coleman* class members. Moreover, authentication objections do not apply to testimonial proof. *See, e.g., United States v. Woods*, 684 F.3d 1045, 1062 (11th Cir. 2012); *Cook v. Hoppin*, 783 F.2d 684, 688 (7th Cir. 1986). Therefore, Plaintiffs' objections to the Golding, Tebrock, and Price Declarations should be overruled.

## RESPONSE TO SPECIFIC OBJECTIONS

Defendants respond to Plaintiffs' Evidentiary Objections Re: Defendants' Response to the Special Master's Report on the Status of Mental Health Staffing (ECF No. 5602) (Objections) as follows:

### I.  MICHAEL GOLDING, M.D. IS CDCR'S CHIEF PSYCHIATRIST, WHO PROVIDES TESTIMONY AND DATA REGARDING MATTERS WITHIN HIS BAILIWICK.

**A.  Paragraph 2 and Exhibit 1.**

Dr. Golding's Declaration begins with the fact that he is the "Chief Psychiatrist for the California Department of Corrections and Rehabilitation," a position that he has held since December of 2014, and an acknowledgement that he is "competent to testify to the matters set forth in [his] declaration and if called upon to do so, [he] would and could so testify." (Declaration of Michael Golding, M.D. in Support of Defendants' Response (Golding Decl.) ¶ 1, ECF No. 5591-1.) Exhibit 1 to Dr. Golding's Declaration summarizes studies reviewed by Dr. Golding and his team. Dr. Golding cites each study, and Plaintiffs can separately review the studies themselves and offer their own summary. Therefore, the claim that Exhibit 1 "lacks sufficient indicia of reliability and personal knowledge" misses the mark. Plaintiffs' objections under Federal Rules of Evidence 602 and 901 are inapplicable to these summaries. Moreover, Dr. Golding is qualified as a psychiatrist to comment on the studies reviewed. If Plaintiffs disagreed with Dr. Golding on the summaries of the studies, they could have attacked the accuracy of his statements. But they did not. And such a disagreement as to the content of the studies would go to the value of the evidence weighed by the Court, not to the admissibility of study summaries. The Court should overrule Plaintiffs' objections under Federal Rules of Evidence 601, 701, and 702.

2

Defs.' Resp. to Pls.' Evid. Objs. (ECF No. 5602) (2:90-cv-00520 KJM-DB (PC))

**B.      Paragraphs 4-7: Dr. Golding Has the Personal Knowledge to Describe the Telepsychiatrists' Offices and Use of Screens in Team Meetings with Patients.**

Again, Dr. Golding states he is the "Chief Psychiatrist for the California Department of Corrections and Rehabilitation," a position he has held since December of 2014, and is "competent to testify to the matters set forth in [his] declaration and if called upon to do so, [he] would and could so testify." (Golding Decl. ¶ 1.) Dr. Golding uses photographs in paragraphs 4-7 to demonstrate the offices used by telepsychiatrists and Interdisciplinary Treatment Teams. Because he is the Chief Psychiatrist for CDCR, he can attest to the work stations CDCR provides to its telepsychiatrists and in Interdisciplinary Treatment Team settings. And the content of the photographs are not themselves evidence, rather the photographs are merely representative of the offices and Interdisciplinary Treatment Team set ups. Therefore, Plaintiffs' authentication objection under Federal Rule of Evidence 901 should be overruled.

**C.      Paragraphs 8-9.**

Dr. Golding is qualified to discuss the benefits associated with telepsychiatry in paragraphs 8-9. He is CDCR's lead psychiatrist. And he is uniquely qualified to discuss the existence of negative consequences from the use of telepsychiatry known to CDCR. Similarly, he can attest to how patients have reacted to telepsychiatry, as well as telepsychiatry's clinical advantages. The Court should overrule Plaintiffs' objections under Federal Rules of Evidence 602, 701, and 702.

**D.      Paragraph 10.**

As part of Chief Golding's quality review of CDCR telepsychiatrists, he and another psychiatrist graded anonymized psychiatrist notes. In paragraph 10, Dr. Golding merely reports the findings of the quality review. And while Plaintiffs can attack the statistical significance and implication of the findings, these attacks go to the weight and value the Court should attribute to paragraph 10, not admissibility. There is no basis for Plaintiffs' objections under Federal Rules of Evidence 602, 701, and 702.

Plaintiffs' unexplained Rule 401 objection (Objections, ECF No. 5602 at 4:28) is also meritless because the results of the quality reviews are relevant to the efficacy of telepsychiatry, which is at issue.

3

Defs.' Resp. to Pls.' Evid. Objs. (ECF No. 5602) (2:90-cv-00520 KJM-DB (PC))

## II. KATHERINE TEBROCK IS THE DEPUTY DIRECTOR FOR CDCR'S STATEWIDE MENTAL HEALTH SERVICES DELIVERY SYSTEM; THE TESTIMONY AND DATA SHE PROVIDES FALL WITHIN THE SCOPE OF HER POSITION.

**Paragraph 4 and Exhibit 1.**

Ms. Tebrock begins her declaration with the credentials and qualifications that provide the foundation for her sworn statements. She is CDCR's Deputy Director of the Statewide Mental Health Services Delivery System. (Declaration of Katherine Tebrock in Support of Defendants' Response (Tebrock Decl.) ¶ 1, ECF No. 5591-2.) She was appointed to that position in November 2015. (*Id.* ¶ 2.) She is "responsible for and supervise the mental health system's headquarters and regional teams, and [is] familiar with *Coleman* mandates." (*Id.*) She was previously the "Chief Deputy General Counsel of Policy with CDCR's Office of Legal Affairs, where [her] duties included management and oversight of the health care legal team, including the *Coleman* class action litigation." (*Id.*) She is "familiar with the numerous and complex policies and procedures that govern the prison mental health care delivery system at the institutional level and [has] visited and evaluated the prisons with mental health care programs." (*Id.*) She swears that she is "competent to testify to the matters set forth in [her] declaration and if called upon to do so, [she] would and could so testify." (*Id.* ¶ 1.) And she "declare[s] under penalty of perjury under the laws of the United States of America that [her statements are] true and correct." (*Id.* at 5:18-19.) She is qualified to comment on the results from the sample Correctional Clinical Case Management System review. Plaintiffs' objections under Federal Rules of Evidence 602 and 901 are meritless.

Furthermore, Exhibit 1 is not a summary of "the content of voluminous writings, recordings, or photographs" under Federal Rule of Evidence 1006. Exhibit 1 shows the end result of the review of the 2,128 Correctional Clinical Case Management System inmates – this is the data. Ms. Tebrock also states that of "the 2,128 inmates reviewed, 415 were removed from the Correctional Clinical Case Management System to the General Population." (Tebrock Decl. ¶ 4.) Exhibit 1 simply provides a further breakdown of the 415 patients.

**Paragraph 6-7 and Unnumbered Table.**

Ms. Tebrock is CDCR's Deputy Director of the Statewide Mental Health Services Delivery

4

System. (Tebrock Decl. ¶ 1.) She was appointed to that position in November 2015. (*Id.* ¶ 2.) She is "responsible for and supervise[s] the mental health system's headquarters and regional teams, and [is] familiar with *Coleman* mandates." (*Id.*) She was previously the "Chief Deputy General Counsel of Policy with CDCR's Office of Legal Affairs, where [her] duties included management and oversight of the health care legal team, including the *Coleman* class action litigation." (*Id.*) She is "familiar with the numerous and complex policies and procedures that govern the prison mental health care delivery system at the institutional level and [has] visited and evaluated the prisons with mental health care programs." (*Id.*) She "declare[s] under penalty of perjury under the laws of the United States of America that [her statements are] true and correct." (*Id.* at 5:18-19.) Accordingly, as a result of her position within CDCR, her experience, and because she swears to the truth and correctness of the data provided, Plaintiffs' authentication objection under Rule 901 should be overruled.

Furthermore, the chart is not a summary of "the content of voluminous writings, recordings, or photographs" under Federal Rule of Evidence 1006. Rather, the chart provides data "entered in the Electronic Health record System and the Mental Health Tracking System for 2015 and 2016." (Tebrock Decl. ¶ 6.) Plaintiffs' Rule 1006 objection should be overruled.

Plaintiffs' Rule 602 objection to Ms. Tebrock's statement in paragraph 7 that the table does not include the "thousands of hours psychiatrists participated in Interdisciplinary Treatment Team meetings and spent seeing patients at unscheduled appointments" should be overruled because Ms. Tebrock has personal knowledge regarding the scope of duties CDCR psychiatrists undertake, how often they are undertaken, and has sufficient personal knowledge that enables her to discuss details of the data contained and not included within in the chart. Plaintiffs also feign ignorance of the timeframe encompassed by Ms. Tebrock's statement, which clearly refers to the 2015 and 2016 data in the chart. Plaintiffs ask "did psychiatrist spend thousands of hours per month in such activities? Per year?" (Objections, ECF No. 5602 at 6:1-2.) The chart only encompasses the 2015-16 timeframe.   Psychiatrists spent thousands of hours in appointments with inmates over the course of 2015 and 2016 that were not referenced or otherwise accounted for in the appointments chart.

5

**Paragraph 8 and Exhibit 2.**

Ms. Tebrock is CDCR's Deputy Director of the Statewide Mental Health Services Delivery System. (Tebrock Decl. ¶ 1.) She was appointed to that position in November 2015. (*Id.* ¶ 2.) She is "responsible for and supervises the mental health system's headquarters and regional teams, and [is] familiar with *Coleman* mandates." (*Id.*) She was previously the "Chief Deputy General Counsel of Policy with CDCR's Office of Legal Affairs, where [her] duties included management and oversight of the health care legal team, including the *Coleman* class action litigation." (*Id.*) She is "familiar with the numerous and complex policies and procedures that govern the prison mental health care delivery system at the institutional level and [has] visited and evaluated the prisons with mental health care programs." (*Id.*) She "declare[s] under penalty of perjury under the laws of the United States of America that [her statements are] true and correct." (*Id.* at 5:18-19.) Accordingly, as a result of her position within CDCR, her experience, and because she swears to the truth and correctness of the data provided, Plaintiffs' objections under Rules 602 and 901 should be overruled.

Furthermore, Exhibit 2 is not a summary of "the content of voluminous writings, recordings, or photographs" under Federal Rule of Evidence 1006. Rather, the chart provides data concerning psychiatry staffing levels by institution. It also provides data from the Mental Health Performance Report and the Medication Administration Process Improvement Project, so the Court can easily compare the effect staffing levels have on timely psychiatry contacts, continuity of care, and health management measures.

**Paragraphs 9-12 and 15.**

Ms. Tebrock is CDCR's Deputy Director of the Statewide Mental Health Services Delivery System. (Tebrock Decl. ¶ 1.) She was appointed to that position in November 2015. (*Id.* ¶ 2.) She is "responsible for and supervise the mental health system's headquarters and regional teams, and [is] familiar with *Coleman* mandates." (*Id.*) She was previously the "Chief Deputy General Counsel of Policy with CDCR's Office of Legal Affairs, where [her] duties included management and oversight of the health care legal team, including the *Coleman* class action litigation." (*Id.*) She is "familiar with the numerous and complex policies and procedures that govern the prison

6

mental health care delivery system at the institutional level and [has] visited and evaluated the prisons with mental health care programs." (*Id.*) She "declare[s] under penalty of perjury under the laws of the United States of America that [her statements are] true and correct." (*Id.* at 5:18-19.) Accordingly, as a result of her position within CDCR, her experience, and because she swears to the truth and correctness of the data provided, Plaintiffs' objections under Rules 602 and 901 should be overruled.

**Paragraph 11 and Exhibit 3.**

Ms. Tebrock is CDCR's Deputy Director of the Statewide Mental Health Services Delivery System. (Tebrock Decl. ¶ 1.) She was appointed to that position in November 2015. (*Id.* ¶ 2.) She is "responsible for and supervise the mental health system's headquarters and regional teams, and [is] familiar with *Coleman* mandates." (*Id.*) She was previously the "Chief Deputy General Counsel of Policy with CDCR's Office of Legal Affairs, where [her] duties included management and oversight of the health care legal team, including the *Coleman* class action litigation." (*Id.*) She is "familiar with the numerous and complex policies and procedures that govern the prison mental health care delivery system at the institutional level and [has] visited and evaluated the prisons with mental health care programs." (*Id.*) She "declare[s] under penalty of perjury under the laws of the United States of America that [her statements are] true and correct." (*Id.* at 5:18-19.) Accordingly, as a result of her position within CDCR, her experience, and because she swears to the truth and correctness of the data provided, Plaintiffs' objections under Rules 602 and 901 should be overruled. These objections also fail because the data reflected in Exhibit 3 are based on the *Coleman* Monthly Vacancy Report Mental Health Institution Vacancies by Institution by Classification provided monthly to the Special Master and Plaintiffs, and Plaintiffs could easily verify the accuracy of the data referenced in Exhibit 3.

**Paragraph 16 and 17.**

Again, Ms. Tebrock is CDCR's Deputy Director of the Statewide Mental Health Services Delivery System. (Tebrock Decl. ¶ 1.) She was appointed to that position in November 2015. (*Id.* ¶ 2.) She is "responsible for and supervise the mental health system's headquarters and regional teams, and [is] familiar with *Coleman* mandates." (*Id.*) She was previously the "Chief

7

Deputy General Counsel of Policy with CDCR's Office of Legal Affairs, where [her] duties included management and oversight of the health care legal team, including the *Coleman* class action litigation." (*Id.*) She is "familiar with the numerous and complex policies and procedures that govern the prison mental health care delivery system at the institutional level and [has] visited and evaluated the prisons with mental health care programs." (*Id.*) She "declare[s] under penalty of perjury under the laws of the United States of America that [her statements are] true and correct." (*Id.* at 5:18-19.) Accordingly, as a result of her position within CDCR, her experience, and because she swears to the truth and correctness of the information provided, Plaintiffs' objections under Rules 602 should be overruled.

Ms. Tebrock is uniquely qualified to discuss whether a suicide has occurred at High Desert State Prison, as well as the existence of CDCR's knowledge of negative outcomes attributable to the use of telepsychiatry at High Desert. She also swears to facts within her knowledge as the Deputy Director of CDCR's Mental Health Services Delivery System. She is not offering opinions. Plaintiffs' Rule 701 objection should be overruled.

Plaintiffs' unexplained Rule 401 objection (Objections, ECF No. 5602 at 7:21) is also meritless because the facts associated with suicides and the use of telepsychiatrists are relevant to staffing and the efficacy of telepsychiatry at CDCR institutions, which are at issue.

Finally, her experience as the Deputy Director of CDCR's Mental Health Services Delivery System and her prior experience providing management and oversight of the health care legal team, including the *Coleman* class action litigation, provides sufficient footing for her statements regarding the effects of clustering on patients and staff, and concerns about further clustering.

### III.  BRANDON PRICE IS THE EXECUTIVE DIRECTOR FOR DSH-COALINGA; HE CAN SPEAK TO FACTUAL STATEMENTS MADE IN PARAGRAPH 5.

**Paragraph 5.**

Brandon Price was the Hospital Administrator for the Department of State Hospitals-Coalinga from August 1, 2012, through December 16, 2016, at which point he took over as the Executive Director, the most senior leadership position at the hospital. He declared as much under oath in the first paragraph of his declaration. (Declaration of Brandon Price in Support of

8

Defendants' Response (Price Decl.) ¶ 1, ECF No. 5591-4.) He also declared that he is "competent to testify to the matters set forth in [his] declaration and if called upon to do so, [he] would and could so testify." (*Id.* ¶ 18.) And he "declare[s] under penalty of perjury under the laws of the United States of America that [his statements are] true and correct." (*Id.* at 2:15-16.)

Because Mr. Price is the Executive Director of the DSH-Coalinga, he is uniquely qualified to discuss the existence of negative feedback or outcomes from the hospital's use of telepsychiatry known by the hospital. Plaintiffs' argument that he does not provide specificity "as to the sources of feedback or data regarding outcomes that he may or may not have received" is nonsense. He comments on what he knows as the head of the hospital. He does not provide expert testimony and Plaintiffs fail to identify any expert opinions set forth by Mr. Price, thus Plaintiffs' Rule 701 objection does not apply. The Court should overrule Plaintiffs' objections under Federal Rules of Evidence 602 and 701.

## CONCLUSION

Because Dr. Golding, Ms. Tebrock, and Mr. Price provide testimony and information that falls within the scope of their respective positions with CDCR and DSH, and based on the other forgoing reasons above, the Court should overrule Plaintiffs' objections.

Dated: April 27, 2017                              Respectfully submitted,

XAVIER BECERRA
Attorney General of California
DANIELLE F. O'BANNON
Supervising Deputy Attorney General

/s/ Chad A. Stegeman
CHAD A. STEGEMAN
Deputy Attorney General
*Attorneys for Defendants*

9

Defs.' Resp. to Pls.' Evid. Objs. (ECF No. 5602) (2:90-cv-00520 KJM-DB (PC))