XAVIER BECERRA
Attorney General of California
WILLIAM C. KWONG
Acting Senior Assistant Attorney General
DANIELLE F. O'BANNON
JAY C. RUSSELL
Supervising Deputy Attorneys General
ELISE OWENS THORN, State Bar No. 145931
CHRISTINE M. CICCOTTI, State Bar No. 238695
CHAD A. STEGEMAN, State Bar No. 225745
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 324-4921
 Fax: (916) 324-5205
 E-mail: Chad.Stegeman@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,** | 2:90-cv-00520 KJM-DB (PC) |
| Plaintiffs, | **DEFENDANTS' EVIDENTIARY OBJECTIONS AND NOTICE OF MOTION AND MOTION TO STRIKE LISA ELLS' DECLARATION IN SUPPORT OF PLAINTIFFS' REPLY TO DEFENDANTS' OBJECTIONS TO SPECIAL MASTER'S STAFFING REPORT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| **EDMUND G. BROWN JR., et al.,** | |
| Defendants. | |

**NOTICE OF MOTION AND MOTION TO STRIKE**

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that Defendants object to and move the Court for an order under Federal Rule of Civil Procedure 12(f) striking paragraphs 2-4 and 13 of the Declaration of Lisa Ells in Support of Plaintiffs' Reply to Defendants' Objections to Special Master's Staffing Report (ECF No. 5603-1) (Ells Decl.), as well as all references to this purported evidence in Plaintiffs' Response to Defendants' Objections to Special Master's Staffing Report (ECF No. 5603) (Plaintiffs' Response). These statements should be stricken from the record and Plaintiffs should not be allowed to rely on them because they lack proper foundation, constitute inadmissible hearsay, fail to meet fundamental evidentiary standards for admissibility, are impertinent, and are used in a misleading way.

The evidentiary objections and this motion are based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the pleading and papers on file, and such other matters as may be presented to the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Plaintiffs continue the pattern of using counsel declarations devoid of personal knowledge to fill in gaps unsupported by record evidence to drive home conclusions that are then referenced as actual, admissible evidence in Plaintiffs' Response. But the unfounded conclusions, misleading information, and hearsay are inadmissible. Counsel repeatedly makes assertions of fact, and uses as foundation, conversations and notes from unnamed co-counsel, which, at minimum, means that she has waived work-product and other privileges associated with the subject matter of her testimony. Counsel's testimony should be stricken.

**LEGAL ARGUMENT AND OBJECTIONS**

**I. PORTIONS OF THE ELLS DECLARATION ARE INADMISSIBLE AS EVIDENCE, THEY ARE IMPERTINENT AND UNPROFESSIONAL, AND SHOULD BE STRICKEN.**

Ms. Ells continues where Mr. Nolan, who recently filed similar sworn testimony (ECF No. 5590-1), left off. She follows the same guidelines that make statements from Mr. Nolan's

1

Declaration inadmissible. (*See* Defendants' Objections to Mr. Nolan's Declaration, ECF No. 5600.) Specifically, she (1) make claims unsupported by personal knowledge, (2) relies on inadmissible hearsay in the form of notes from unidentified co-counsel, (3) makes incorrect, misleading and confusing statements, and (4) declares to facts that are impertinent and inappropriate attorney factual statements and conclusions without record support.

### A. Failure to Establish Personal Knowledge or Foundation.

Ms. Ells relies on notes taken by unnamed associates at her office to make assertions about meetings that she did not personally attend. (*See*, *e.g.*, Ells Decl. ¶¶ 2, 3, and 13.) But she cannot base her percipient testimony on undisclosed notes with unnamed co-counsel. And she does not even attach the notes she relies on to her declaration. Federal Rule of Evidence 602 permits a lay witness to testify "***only*** if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." (Emphasis added). She lacks personal knowledge to make any of the statements in paragraphs 2, 3, and 13. Ms. Ells' declaration pays no heed to Rule 602.

### B. The Statements Are Hearsay, Which Rely on Hearsay.

The undisclosed notes from Ms. Ells' own co-counsel that she relies on in making statements contained in paragraphs 2, 3, and 13 are hearsay. The undisclosed notes would not be admissible even if they were produced. Yet, she offers a recitation of statements made by third parties for the truth of the matters asserted. This is hearsay within hearsay. *See* Fed. R. Evid. 801, 802, 805. And Defendants have no way to independently verify the content and reliability of Ms. Ells statements. The Court should strike the evidence on the basis that it is hearsay. Notably, in relying on these statements and documents, thereby putting them squarely at issue, Ms. Ells, has waived attorney-client, work-product, and other privileges associated with the subject matter of her declaration. *See* Fed. R. Evid. 502(a).

### C. Incorrect, Misleading, and Confusing Evidence Should Be Stricken.

Federal Rule of Evidence 403 allows a court to exclude evidence where its probative value is substantially outweighed by a danger of confusing issues and misleading the trier of fact. And Federal Rule of Civil Procedure 12(f) allows the court to "strike from a pleading [any] immaterial,

2

1  impertinent, or scandalous matter." Misleading and deceptive statements fall within Rule 12(f)'s
2  ambit because they are both immaterial and impertinent. Defendants object to and seek to strike
3  several statements on these bases. For example, Ms. Ells states at paragraph 13 that "Defendants
4  have never contended that they are providing adequate mental health care despite the massive,
5  chronic psychiatric shortages." (ECF No. 5603-1 at 5:26-27.) Her unsupported characterization
6  of Defendants' position is incorrect. Defendants' position has long been that they provide
7  constitutionally adequate care. (*See*, *e.g.*, Motion to Terminate, ECF No. 4275 and 4271-1.) And
8  even if it were true that Defendants never made their position clear in the past, the statement and
9  that fact is irrelevant to the considerations here. The lack of probative value is substantially
10 outweighed by the inaccuracy and risk of confusion presented by the statement.

### D. Argument and Factual Statements Unsupported by Record Citations Are Inappropriate in an Attorney Declaration.

13 Following Mr. Nolan's recent example, Ms. Ells' declaration is used as a vehicle to present
14 facts and argument that should instead be found in reliable record evidence attached to her
15 declaration. To use the same example from above, her statement that "Defendants have never
16 contended that they are providing adequate mental health care despite the massive, chronic
17 psychiatric shortages" is unsupported argument, it is incorrect, and it is inappropriate for an
18 attorney declaration. Her renditions of points discussed at workgroups and other all-party
19 meetings are also inappropriate.

20 An attorney declaration should not include legal arguments, summations and conclusions
21 unsupported by citations in the record or supported by hearsay. *See, e.g., Degelman Indus., Ltd. v.*
22 *Pro-Tech Welding & Fabrication, Inc.*, No. 06-CV-6346, 2011 WL 6754053, at *2 (W.D.N.Y.
23 May 31, 2011), report and recommendation adopted, No. 06-CV-6346T, 2011 WL 6752565
24 (W.D.N.Y. Dec. 23, 2011) (An attorney declaration or affidavit is generally used to provide the
25 courts with documents and other evidence, for purposes of establishing a record, and should not
26 be used as a "vehicle to lobby the court."); *Internet Law Library, Inc. v. Southridge Capital*
27 *Mgmt., L.L.C.*, No. 01 Civ. 6600 (RLC), 2005 WL 3370542 *3 (S.D.N.Y. Dec. 12, 2005)
28 (granting motion to strike attorney affidavit because "[a]n attorney's affidavit is typically used to

3

present documents to the court and should not be used as counsel's personal vehicle to lobby the court" (citing *Universal Film Exchs., Inc. v. Walter Reade, Inc.*, 37 F.R.D. 4, 5 (S.D.N.Y. 1965))); *E. F. Hutton & Co. v. Brown*, 305 F. Supp. 371, 383 (S.D. Tex. 1969) ("Affidavits are vehicles for the presentation of facts to the Court, not legal arguments.").

A declaration that includes unsupported facts, legal arguments, or evidence that is not otherwise admissible, may be stricken at the court's discretion. *Hollander v. Am. Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir. 1999) (upholding decision to strike affidavit which "more resembled an adversarial memorandum than a bona fide affidavit."). The information in paragraphs 2-4, and 13 cannot be separately considered by this Court through review of other record evidence. The Court should strike Ms. Ells' Declaration to the extent she follows Mr. Nolan's example.

## II. SPECIFIC OBJECTIONS TO STATEMENTS FROM MS. ELLS' DECLARATION.

Defendants respectfully request that the specific evidentiary objections below be sustained and that certain testimony from Ms. Ells' Declaration be stricken. References in Plaintiffs' Response to this inadmissible should also be stricken. Defendants identify the challenged passages below.

### A.    Ells Decl. ¶ 2, ECF No. 5603-1 at 7:13-24.

"Plaintiffs' counsel, the Special Master team, and Defendants have participated in numerous working group and policy meeting discussions over the last two years concerning Defendants' staffing plans. Counsel from my office attended all of those meetings, and I attended most of them. According to contemporaneous notes of the meetings held on July 19, 2016 and September 28, 2016 taken by associates at my office, Defendants and the Special Master team agreed that psychiatric nurse practitioners are rare in California and would be difficult to recruit to CDCR."

Specifically, the reference in Plaintiffs' Objections that should be stricken is at ECF No. 5603 at 7:8-10.

**Objection 1**

Lack of Personal Knowledge/Foundation (Fed. R. Evid. 602): Ms. Ells presents no foundation for her assertion that "Defendants and the Special Master team agreed that psychiatric

4

1  nurse practitioners are rare in California and would be difficult to recruit to CDCR." She does
2  not testify that she personally attended the referenced meetings, fails to identify the associates
3  who wrote the notes that she relies on, and does not attach copies of the notes.
4        Furthermore, Ms. Ells' recitation of collaborative workgroup discussions is not appropriate
5  for an attorney declaration. *Hollander*, 172 F.3d at 198; *E. F. Hutton* & Co., 305 F. Supp. at 383;
6  *Degelman Indus*., 2011 WL 6754053, at *2, *Universal Film Exchs*., 37 F.R.D. at 5. Sensitive
7  information that may have been conveyed to Ms. Ells or her co-counsel in workgroups or private
8  conversations is not appropriately disclosed in a public declaration. Defendants object to
9  Plaintiffs' constant reference to statements made during the course of the Special Master's
10 "workgroups" and other meetings where Defendants are urged to discuss issues openly, only to
11 now find those discussions part of the formal record, repackaged and presented from the
12 Plaintiffs' perspective. Rather than participating in workgroups and other meetings with a sense
13 of respect and protection, akin to settlement discussions and arguably protected from use as
14 evidence under Federal Rule of Evidence 408, Defendants will be more circumspect in their
15 discussions in future meetings. Ms. Ells' statements chill the free flow of information between
16 the parties, are immaterial and impertinent, and should otherwise be stricken under Rule 12(f).
17       **Objection 2**
18       Inadmissible Hearsay (Fed. R. Evid. 801(c), 802): To the extent that Ms. Ells' statements
19 purport to present to the Court any statement made by Defendants or the Special Master team,
20 through notes taken by unidentified third parties, they are inadmissible hearsay as to the truth of
21 those statements.
22       **Objection 3**
23       Best Evidence Rule (Fed. R. Evid. 1002): Ms. Ells does not provide the notes she relies on
24 in support of her statements. Accordingly, Defendants cannot assess the accuracy of her
25 statements vis-à-vis the content of the notes. Furthermore, Defendants do not know what else
26 was contained in the notes. To the extent Ms. Ells may assert that privileges prevented disclosure
27 of the letters and other information, her extensive reliance on the notes effects a subject-matter
28 waiver of any privileges. *See* Fed. R. Evid. 502(a).

5

**B.     Ells Decl. ¶ 3, ECF No. 5603-1 at 2:14-21.**

"Plaintiffs' counsel from my office attended a conference call with Defendants and the Special Master on February 7, 2017. I did not attend the call, but reviewed contemporaneous notes recounting the contents of the call drafted by an associate in my office who did attend. During that call, Defendants updated Plaintiffs and the Special Master team concerning a major psychiatrist staffing crisis at Salinas Valley State Prison ("SVSP"), and reported that Katherine Tebrock had authorized an increase in the hourly rate paid to registry psychiatrists from $70-$75 per hour to $100 per hour in an effort to attract registry staff to SVSP."

Specifically, the reference in Plaintiffs' Objections that should be stricken is at ECF No. 5603 at 10:25-11:1.

**Objection 1**

Lack of Personal Knowledge/Foundation (Fed. R. Evid. 602): Ms. Ells presents no foundation for her discussion of a call on February 7, 2017, which she acknowledges she did not attend. She also fails to identify the associates who wrote the notes that she relies on, and does not attach copies of the notes.

Furthermore, Ms. Ells' recitation of collaborative workgroup discussions is not appropriate for an attorney declaration. *Hollander*, 172 F.3d at 198; *E. F. Hutton* & Co., 305 F. Supp. at 383; *Degelman Indus.*, 2011 WL 6754053, at *2, *Universal Film Exchs.*, 37 F.R.D. at 5.  Sensitive information that may have been conveyed to Ms. Ells or her co-counsel in workgroups or private conversations is not appropriately disclosed in a public declaration.  Defendants object to Plaintiffs' constant reference to statements made during the course of the Special Master's "workgroups" and other meetings where Defendants are urged to discuss issues openly, only to now find those discussions part of the formal record, repackaged and presented from the Plaintiffs' perspective.  Rather than participating in workgroups and other meetings with a sense of respect and protection, akin to settlement discussions and arguably protected from use as evidence under Federal Rule of Evidence 408, Defendants will be more circumspect in their discussions in future meetings.  Ms. Ells' statements chill the free flow of information between the parties, are immaterial and impertinent, and should otherwise be stricken under Rule 12(f).

6

**Objection 2**

Inadmissible Hearsay (Fed. R. Evid. 801(c), 802): To the extent that Ms. Ells' statements purport to present to the Court any statement made by Katherine Tebrock, through notes taken by unidentified third parties, they are inadmissible hearsay as to the truth of those statements.

**Objection 3**

Best Evidence Rule (Fed. R. Evid. 1002): Ms. Ells does not provide the notes she relies on in support of her statements. Accordingly, Defendants cannot assess the accuracy of her statements vis-à-vis the content of the notes. Furthermore, Defendants do not know what else was contained in the notes. To the extent Ms. Ells may assert that privileges prevented disclosure of the letters and other information, her extensive reliance on the notes effects a subject-matter waiver of any privileges. *See* Fed. R. Evid. 502(a).

**C.     Ells Decl. ¶ 4, ECF No. 5603-1 at 2:22-26.**

"I attended a conference call with Defendants and the Special Master team on March 9, 2017. During that call, Defendants provided a status update to Plaintiffs and the Special Master concerning staffing at SVSP. Defendants reported that they had seen increased interest from registry psychiatrists about working at SVSP in the month since Ms. Tebrock authorized the increase in the hourly pay increase."

Specifically, the reference in Plaintiffs' Objections that should be stricken is at ECF No. 5603 at 11:1-3.

**Objection 1**

Inadmissible Hearsay (Fed. R. Evid. 801(c), 802): To the extent that Ms. Ells' statements purport to present to the Court any statement from an unidentified participant in a call, the statements are inadmissible hearsay as to the truth of what was written.

**Objection 2**

Lack of Foundation (Fed. R. Evid. 602): Ms. Ells does not identify the person who made the statement that she repeats in her declaration.

Furthermore, Ms. Ells' recitation of collaborative workgroup discussions is not appropriate for an attorney declaration. *Hollander*, 172 F.3d at 198; *E. F. Hutton* & Co., 305 F. Supp. at 383;

7

*Degelman Indus.*, 2011 WL 6754053, at *2, *Universal Film Exchs.*, 37 F.R.D. at 5. Sensitive information that may have been conveyed to Ms. Ells or her co-counsel in workgroups or private conversations is not appropriately disclosed in a public declaration. Defendants object to Plaintiffs' constant reference to statements made during the course of the Special Master's "workgroups" and other meetings where Defendants are urged to discuss issues openly, only to now find those discussions part of the formal record, repackaged and presented from the Plaintiffs' perspective. Rather than participating in workgroups and other meetings with a sense of respect and protection, akin to settlement discussions and arguably protected from use as evidence under Federal Rule of Evidence 408, Defendants will be more circumspect in their discussions in future meetings. Ms. Ells' statements chill the free flow of information between the parties, are immaterial and impertinent, and should otherwise be stricken under Rule 12(f).

### D. Ells Decl. ¶ 13, ECF No. 5603-1 at 5:25-6:3.

"During the approximately two-year period in which the parties and Special Master have been discussing Defendants' 2015 staffing plan, including numerous meet and confer and workgroup sessions, Defendants have never contended that they are providing adequate mental health care despite the massive, chronic psychiatric shortages. They also did not describe or provide Plaintiffs or the Special Master the data cited by Ms. Tebrock in her declaration in support of any similar claim. I either attended each of these meetings personally and took contemporaneous notes, or have reviewed contemporaneous notes recounting the contents of the meetings drafted by associates in my office who attended."

Specifically, the reference in Plaintiffs' Objections that should be stricken is at ECF No. 5603 at 16:9-13.

**Objection 1**

Lack of Personal Knowledge/Foundation (Fed. R. Evid. 602): Ms. Ells presents no foundation for the assertions in paragraph 13. She does not testify that she personally attended all referenced meetings, fails to identify the associates who wrote the notes she relies on, and does not attach copies of the notes.

Furthermore, Ms. Ells' recitation of collaborative workgroup discussions is not appropriate

8

for an attorney declaration. *Hollander*, 172 F.3d at 198; *E. F. Hutton* & Co., 305 F. Supp. at 383; *Degelman Indus.*, 2011 WL 6754053, at *2, *Universal Film Exchs.*, 37 F.R.D. at 5. Sensitive information that may have been conveyed to Ms. Ells or her co-counsel in workgroups or private conversations is not appropriately disclosed in a public declaration. Defendants object to Plaintiffs' constant reference to statements made during the course of the Special Master's "workgroups" and other meetings where Defendants are urged to discuss issues openly, only to now find those discussions part of the formal record, repackaged and presented from the Plaintiffs' perspective. Rather than participating in workgroups and other meetings with a sense of respect and protection, akin to settlement discussions and arguably protected from use as evidence under Federal Rule of Evidence 408, Defendants will be more circumspect in their discussions in future meetings. Ms. Ells' statements chill the free flow of information between the parties, are immaterial and impertinent, and should otherwise be stricken under Rule 12(f).

**Objection 2**

Inadmissible Hearsay (Fed. R. Evid. 801(c), 802): To the extent that Ms. Ells' statements purport to present to the Court any statement, or lack of statement, made by Defendants, through notes taken by unidentified third parties, they are inadmissible hearsay as to the truth of those statements.

**Objection 3**

Best Evidence Rule (Fed. R. Evid. 1002): Ms. Ells does not provide the notes she relies on in support of her statements. Accordingly, Defendants cannot assess the accuracy of her statements vis-à-vis the content of the notes. Nor can Defendants assess the completeness of the notes. To the extent Ms. Ells may assert that privileges prevented disclosure of the letters and other information, her extensive reliance on the notes effects a subject-matter waiver of any privileges. *See* Fed. R. Evid. 502(a).

**Objection 4**

Lack of Relevance (Fed. R. Evid. 401): Though her statement is demonstrably untrue, whether or not Defendants stated their belief that they are providing adequate constitutional care is irrelevant under the circumstances.

9

**Objection 5**

Misleading, false, deceptive, and therefore confusing (Fed. R. Evid. 403): Ms. Ells' statement that "Defendants have never contended that they are providing adequate mental health care despite the massive, chronic psychiatric shortages" is incorrect and purposefully misleading. As noted above, Defendants consistently take the position that they provide constitutionally adequate care. (*See*, *e.g.*, Motion to Terminate, ECF No. 4275 and 4271-1.)

Because there is no probative value to this incorrect and misleading assertion, any value is substantially outweighed by the potential confusion caused by the misleading nature of the statement and it should be disregarded and stricken.

## CONCLUSION

The statements made in paragraphs 2-4 and 13 of the Ells Declaration are inadmissible as evidence, should be stricken from the record, and Plaintiffs should not be allowed to rely on them in support of Plaintiffs' Response.

Dated: April 27, 2017                               Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
DANIELLE F. O'BANNON
Supervising Deputy Attorney General


/s/ CHAD A. STEGEMAN
CHAD A. STEGEMAN
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003

10

Defs.' Evid. Objs. Notice of Mot. & Mot. to Strike Evid. (2:90-cv-00520 KJM-DB (PC))