DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

MICHAEL W. BIEN – 096891
JEFFREY L. BORNSTEIN – 099358
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LISA ELLS – 243657
JENNIFER L. STARK – 267062
KRISTA STONE-MANISTA – 269083
MICHAEL S. NUNEZ – 280535
JESSICA WINTER – 294237
ROSEN BIEN
GALVAN & GRUNFELD LLP
50 Fremont Street, 19th Floor
San Francisco, California 94105-2235
Telephone: (415) 433-6830

RANJINI ACHARYA – 290877
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, California 94111-5994
Telephone: (415) 882-8200

CLAUDIA CENTER – 158255
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111-4805
Telephone: (415) 621-2493

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>　　　　Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS AND MOTION TO STRIKE ELLS DECLARATION**<br><br>Judge: Hon. Kimberly J. Mueller |

# TABLE OF CONTENTS

**Page(s)**

I.  Responses to General Objections ................................................................................ 1
    A.  Personal Knowledge Is Established .................................................................. 1
    B.  Co-Counsel Notes Are Not Hearsay .................................................................. 2
    C.  Defendants Have Failed to Identify Any False, Misleading, or Confusing Statements .......................................................................... 2
    D.  The Ells Declaration Does Not Contain Inappropriate Attorney Argument or Unsupported Facts .................................................... 3
II. Responses to Specific Objections.................................................................................. 4
    A.  Defendants' Repeated Objections to Ms. Ells's Testimony Recounting the Contents of Meetings Are Without Merit................................... 4
    B.  Defendants' Remaining Specific Objections Also Fail.................................... 5
        1.  Responses to Objections to Paragraph 2 ............................................... 5
        2.  Responses to Objections to Paragraph 3 ............................................... 7
        3.  Responses to Objections to Paragraph 4 ............................................... 8
        4.  Responses to Objections to Paragraph 13 ............................................. 9
    CONCLUSION............................................................................................................... 12

Defendants have objected to four paragraphs of the Declaration of Lisa Ells in Support of Plaintiffs' Reply to Defendants' Objections to Special Master's Staffing Report ("Ells Decl."), 4/13/17, ECF No. 5603-1. *See* Defs.' Evidentiary Objections and Notice of Mtn. and Mtn. to Strike Lisa Ells Decl. in support of Pls.' Reply to Defs.' Objections to Special Master's Staffing Report, 4/27/17, ECF No. 5613 ("Defs.' 4/27/17 Evidentiary Objections"). Defendants assert that paragraphs 2-4 and 13 of the Ells Declaration should be stricken for lack of personal knowledge, offering inadmissible hearsay, purportedly misleading statements, and "impertinent and inappropriate" factual statements. For the reasons set forth below, Defendants' objections are inapt and should be overruled by the Court.

## I.     Responses to General Objections

The four general objections to the Ells Declaration are without merit.

### A.     Personal Knowledge Is Established

First, Defendants object to statements in paragraphs 2, 3, and 13 of the Ells Declaration describing discussions at case-related phone calls and in-person meetings with Defendants and the Special Master team as inadmissible based on lack of personal knowledge because she relied on contemporaneous notes for certain of those discussions that she did not attend in person, and did not attach those notes to her declaration. Defs.' 4/27/17 Evidentiary Objections at 3.[1] However, the paragraphs of the Ells Declaration to which Defendants object are all permissible under Federal Rule of Evidence 602. Rule 602 permits a lay witness to testify where evidence is "introduced sufficient to support a finding that the witness has personal knowledge of the matter," and "the witness's own testimony" is adequate to satisfy this requirement. Fed. R. Evid. 602. Ms. Ells provided evidence of personal knowledge as required by Rule 602. In paragraphs 2, 3, and 13, she testifies that for meeting and phone calls that she did not attend, she acquired knowledge of

---

[1] All page citations are to the ECF numbering, not the document pagination.

1 the discussions at those meetings from reviewing written memos containing
2 contemporaneous notes drafted by co-counsel who attended the meetings and who
3 therefore had personal knowledge of statements made at those meetings.  *See* Ells Decl. ¶¶
4 2-3, 13.

### B. Co-Counsel Notes Are Not Hearsay

Defendants also argue that Ms. Ells's testimony concerning Defendants' statements memorialized in the aforementioned contemporaneous meeting notes are inadmissible hearsay within hearsay, Defs.' 4/27/17 Evidentiary Objections at 3, but this testimony is exempt from the hearsay rule.  As discussed in greater detail in Section II below, Defendants' statements are admissions of an opposing party, and the memos themselves are business records regularly prepared contemporaneously by Plaintiffs' counsel with personal knowledge of the calls.  Fed. R. Evid. 801(d)(2)(d), 803(6)(A)-(C), 805.  And Defendants' assertion that Plaintiffs have waived the work product privilege applicable to the memos referenced in the Ells Declaration paragraphs 2, 3, and 13 is irrelevant, as Defendants have never requested production of the notes.  Nor do the contents of the notes themselves matter, as the critical issue is whether Defendants said (or did not say) the statements to which Ms. Ells attests.  Despite contending that they "have no way to independently verify the content and reliability of Ms. Ells (sic) statements," Defendants were themselves present at all of the meetings and most certainly could contest the accuracy of Ms. Ells's statements with their own testimony.  *See* Defs.' 4/27/17 Evidentiary Objections at 3.  Notably, they do not.  As such, "fairness" would not require disclosure of the memos even if they had been requested.  *See* Fed. R. Evid. 502(a)(3). Indeed, it is telling that Defendants do not dispute the accuracy of any of the challenged testimony in the Ells Declaration, with the one exception discussed next.

### C. Defendants Have Failed to Identify Any False, Misleading, or Confusing Statements

Defendants next assert that they object to "several" statements in the Ells declaration that are purportedly "[m]isleading and deceptive," but then identify only one

1  clause in a sentence in paragraph 13 as being objectionable.  Defs.' 4/27/17 Evidentiary

2  Objections at 3-4.  That clause states "Defendants have never contended that they are

3  providing adequate mental health care despite the massive, chronic psychiatric shortages."

4  Ells. Decl. ¶ 13.  Omitting the first half of the quoted sentence, Defendants take this

5  statement out of context to create the illusion of inaccuracy where none exists.  As

6  discussed in Section II(e) below, this statement is relevant because it provides the

7  evidentiary basis for Plaintiffs' argument against reevaluating psychiatrist staffing ratios in

8  Plaintiffs' Reply to Defendants Response to the Special Master's Staffing Report.  The

9  testimony is an accurate reflection of discussions at workgroup meetings and calls

10 occurring between February 2, 2015 and April 13, 2017, the time period to which Ms.

11 Ells's statement clearly referred when the excerpted sentence is read in full.  And

12 Defendants failed to adduce any evidence demonstrating the statement's inaccuracy, even

13 though they attended all of the same meetings Ms. Ells discusses.

### D. The Ells Declaration Does Not Contain Inappropriate Attorney Argument or Unsupported Facts

16        Finally, Defendants' argument that paragraphs 2-4 and 13 of the Ells Declaration

17 contain inappropriate argument and unsupported factual assertions must fail.  Initially,

18 Defendants' are simply wrong in asserting that the same excerpted clause of the sentence

19 discussed above is inappropriate argument or factually inaccurate.  *See* Defs.' 4/27/17

20 Evidentiary Objections at 4 (citing Ells Decl. ¶ 13:  "Defendants have never contended that

21 they are providing adequate mental health care despite the massive, chronic psychiatric

22 shortages.").  Ms. Ells here is attesting to the fact that Defendants have not made a

23 particular type of assertion during a two year period – a fact that Defendants do not

24 actually dispute.  This is a simple factual statement, not an argument as to the merits of

25 Defendants' contention, which Plaintiffs separately address in their brief.  *See* Pls.'

26 Response to Defs.' Objections to Special Master's Staffing Report, 3/30/17, ECF No.

27 5603, at 16 ("Pls.' Staffing Reply").  Additionally, Defendants' objection that testimony

28 regarding "points discussed at workgroup and other all-party meetings" is "inappropriate"

lacks any basis whatsoever, as discussed further in Section II, *infra*. *See* Defs.' 4/27/17 Evidentiary Objections at 4.

## II.     Responses to Specific Objections

Plaintiffs first address, as a global matter, the specific objection Defendants repeat verbatim as to all four contested paragraphs of the Ells Declaration pertaining to the purported "inappropriateness" of recounting the contents of various meetings and phone calls with Defendants and the Special Master team. Plaintiffs next address the remaining specific objections raised to each contested paragraph of the declaration.

### A.     Defendants' Repeated Objections to Ms. Ells's Testimony Recounting the Contents of Meetings Are Without Merit

Defendants assert the same objection to paragraphs 2, 3, 4 and 13 of the Ells declaration, all of which recount the contents of various meetings between the parties and Special Master team, asserting that the testimony is not "appropriate." *See* Defs.' 4/27/17 Evidentiary Objections at 6, 7, 8-9, 10-11. As an initial matter, Defendants' objections based on confidentiality of the workgroup and policy meetings is wholly without merit. There is no general agreement that conversations at *Coleman* meetings should be kept confidential, and Defendants do not include or cite any evidence demonstrating that these statements are subject to a privilege, rule, or binding agreement requiring confidentiality. Defendants notably do not contend that the Special Master—who attended all of the meetings in question – should hold those meetings confidential from this Court, yet provide no reason Plaintiffs should be held to a different standard. The cases to which Defendants cite are irrelevant and do not even address admissibility of testimony concerning allegedly confidential meetings. Important case evidence is often shared at these meetings, and Plaintiffs routinely include similar statements in attorney declarations without Defendants ever previously raising objections. *See, e.g.,* Declaration of Krista Stone-Manista in Support of Plaintiffs' Brief Regarding Requested Remedies, 1/13/17, ECF No. 5543-1, at ¶¶ 5-6, 10-11, 15-16; Declaration of Jessica Winter in Support of Plaintiffs' Supplemental Brief in Response to Court's December 9, 2016 Order Re

Inpatient Access, 1/13/17, ECF No. 5542-1, ¶ 2; Declaration of Aaron J. Fischer in Support of Plaintiffs' Position for Joint Status Report re Patient Access to Care Status Conference, 8/17/15, ECF No. 5334, ¶¶ 3-6, 8.  As discussed below, Defendants' other objections to Ms. Ells's testimony regarding these meetings also fail.

### B. Defendants' Remaining Specific Objections Also Fail

#### 1. Responses to Objections to Paragraph 2

Defendants raise three objections to paragraph 2 of the Ells Declaration, which pertains to Defendants' representations concerning challenges recruiting psychiatric nurse practitioners made during workgroup meetings on July 19, 2016 and September 28, 2016. *See* Defs.' 4/27/17 Evidentiary Objections at 5-6.  In addition to the vague confidentiality objection addressed in Section II.A, *supra*, Defendants object to this testimony as not based on personal knowledge, inadmissible hearsay, and violative of the best evidence rule. *Id.*

As to the personal knowledge objection, while Ms. Ells attended most of the meetings in question in person, Defendants are correct that Ms. Ells relied on contemporaneous memos drafted by co-counsel for her testimony regarding Defendants' representations concerning psychiatric nurse practitioners. *See* Ells Decl. ¶ 2.  Review of the contemporaneous memos provided Ms. Ells adequate knowledge of Defendants' statements made at these meetings – the accuracy of which Defendants do not contest – to attest to them.  *See* Fed. R. Evid. 602 (witness's own testimony sufficient to support a finding that the witness has personal knowledge).

Second, the testimony in paragraph 2 of the Ells declaration is not inadmissible hearsay.  The statements made by Defendants at the workgroup meetings on July 19, 2016 and September 28, 2016 are admissible as statements and admissions of an opposing party. Fed R. Evid. 801(d)(2)(D); *see also Wilkinson v. Carnival Cruise Lines, Inc.*, 920 F.2d 1560, 1565 (11th Cir. 1991) (noting "[t]he position of the individual in the so-called corporate hierarchy is not in and of itself determinative of an 801(d)(2)(D) type of issue"). The individuals who made these statements were Defendants' agents and employees

authorized by Defendants to discuss recruitment.  Ms. Ells's reliance on the memos of co-counsel is likewise allowable because those documents are business records, and Federal Rule of Evidence 803(6) provides an exception to the hearsay rules for just these types of regularly conducted activities.  *See* Fed. R. Evid. 803(6).  Law firms, including Rosen Bien Galvan & Grunfeld, LLP, routinely keep contemporaneous notes of their calls with opposing counsel and Special Masters, and the notes are made by individuals on the calls with personal knowledge of the content of the notes.  *See* Fed. R. Evid. 803(6)(A)-(C).  Tellingly, Defendants do not dispute the substance of this paragraph or otherwise argue that this information is unreliable.  *See* Fed. R. Evid. 803(6)(E).

Third, the testimony in paragraph 2 does not violate the best evidence rule because that rule is inapplicable here.  Federal Rule of Evidence 1002 applies only to prove the contents of a document.  It does not apply here where Plaintiffs instead seek to recount an event that Defendants do not dispute occurred—that Defendants made certain representations at meetings.  *Cf.* Fed. R. Evid. 1002 Advisory Committee Notes (1972) (rule applies if "event is sought to be proved by the written record").  In addition, given that the contents of the notes themselves are not at issue, and that Defendants do not contest the accuracy of the testimony, the Court should exercise its discretion to overrule Defendants' Best Evidence Rule objection to the extent that rule applies.  *See Atchison, T. & S.F. Ry. Co. v. Jackson*, 235 F.2d 390, 394 (10th Cir. 1956) ("The best-evidence rule is not always an inflexible and unyielding one. A reasonable discretion is vested in the trial court in the application of the rule.").  Finally, Defendants' assertion that Plaintiffs have waived privilege applicable to the memos referenced in the Ells Declaration is irrelevant, as Defendants have never requested production of the notes.  Nor do the contents of the notes themselves matter, as the critical issue is whether Defendants said (or did not say) the statements to which Ms. Ells attests.  As noted, Defendants provide no evidence to rebut the accuracy of Ms. Ells's statements.

The Court should overrule Defendants' objections to paragraph 2.

**2.      Responses to Objections to Paragraph 3**

Defendants assert three objections to paragraph 3 of the Ells Declaration, which concerns statements made by Defendants on a February 7, 2017 call with the parties and Special Master team regarding increases to the hourly rate paid to registry psychiatrists at Salinas Valley State Prison ("SVSP") to address a severe psychiatrist staffing shortage at that prison. Defs.' 4/27/17 Evidentiary Objections at 7-8. In addition to the vague confidentiality objection addressed in Section II.A, *supra*, Defendants object to this testimony as not based on personal knowledge, inadmissible hearsay, and violative of the best evidence rule. *Id.*

As to the personal knowledge objection, Defendants are correct that Ms. Ells relied on a contemporaneous memo drafted by co-counsel for her testimony regarding Defendants' representations on the February 7, 2017 call concerning SVSP. *See* Ells Decl. ¶ 3. Review of the contemporaneous memo provided Ms. Ells adequate knowledge of Defendants' statements made at these meetings – the accuracy of which Defendants do not contest – to attest to them. *See* Fed. R. Evid. 602 (witness's own testimony sufficient to support a finding that the witness has personal knowledge).

Second, the testimony in paragraph 3 of the Ells declaration is not inadmissible hearsay. The statements made by Defendants on the February 7, 2017 call are admissible as statements and admissions of an opposing party. Fed R. Evid. 801(d)(2)(D); *see also Wilkinson*, 920 F.2d at 1565 . The individuals who made these statements were Defendants' agents and employees authorized by Defendants to discuss psychiatrist staffing shortages with the parties. Ms. Ells's reliance on the memos of co-counsel is likewise allowable because those documents are business records, and Federal Rule of Evidence 803(6) provides an exception to the hearsay rules for just these types of regularly conducted activities. *See* Fed. R. Evid. 803(6). Law firms, including Rosen Bien Galvan & Grunfeld, LLP, routinely keep contemporaneous notes of their calls with opposing counsel and Special Masters, and the notes are made by individuals on the calls with personal knowledge of the content of the notes. *See* Fed. R. Evid. 803(6)(A)-(C).

1  Tellingly, Defendants do not dispute the substance of this paragraph or otherwise argue
2  that this information is unreliable.  *See* Fed. R. Evid. 803(6)(E).
3        Third, the testimony in paragraph 3 does not violate the best evidence rule because
4  that rule is inapplicable here.  Federal Rule of Evidence 1002 applies only to prove the
5  contents of a document.  It does not apply here where Plaintiffs instead seek to recount an
6  event that Defendants do not dispute occurred—that Defendants made certain
7  representations at meetings.  *Cf.* Fed. R. Evid. 1002 Advisory Committee Notes (1972)
8  (rule applies if "event is sought to be proved by the written record").  In addition, given
9  that the contents of the notes themselves are not at issue, and that Defendants do not
10 contest the accuracy of the testimony, the Court should exercise its discretion to overrule
11 Defendants' best evidence rule objection to the extent that rule applies.  *See Atchison, T. &*
12 *S.F. Ry. Co.*, 235 F.2d at 394  ("The best-evidence rule is not always an inflexible and
13 unyielding one. A reasonable discretion is vested in the trial court in the application of the
14 rule.").  Finally, Defendants' assertion that Plaintiffs have waived privilege applicable to
15 the memos referenced in the Ells Declaration is irrelevant, as Defendants have never
16 requested production of the notes.  Nor do the contents of the notes themselves matter, as
17 the critical issue is whether Defendants said (or did not say) the statements to which Ms.
18 Ells attests.  As noted, Defendants provide no evidence to rebut the accuracy of Ms. Ells's
19 statements.
20       The Court should overrule Defendants' objections to paragraph 3.
21       **3.     Responses to Objections to Paragraph 4**
22       Defendants also raise two objections to paragraph 4 of the Ells declaration,
23 concerning a March 9, 2017 workgroup with the parties and Special Master team
24 concerning the ongoing psychiatrist staffing shortage at SVSP.  Defs.' 4/27/17 Evidentiary
25 Objections at 8-9.   In addition to the vague confidentiality objection addressed in Section
26 II.A, *supra*, Defendants object to this testimony as inadmissible hearsay and lack of
27 foundation.  *Id.*
28

1  Ms. Ells's testimony in paragraph 4 of her declaration is admissible, and the Court
2  should overrule Defendants' objections to this paragraph.  Information that Ms. Ells
3  recounts in this paragraph concerning increased interest by psychiatrists in the registry
4  since Defendants increased the hourly rate paid to psychiatrists at SVSP is based on
5  statements made by Defendants on a workgroup call Ms. Ells personally attended on
6  March 9, 2017, and Defendants do not contest the accuracy of the testimony.  Defendants'
7  statements during this workgroup call are not inadmissible hearsay because they are
8  admissible as party statements and admissions.  Fed R. Evid. 801(d)(2)(D); *see also*
9  *Wilkinson*, 920 F.2d at 1565.  The individuals who made these statements were
10 Defendants' agents and employees authorized by Defendants to discuss recruitment of
11 psychiatrists at SVSP through the registry.

### 4. Responses to Objections to Paragraph 13

13  Finally, Defendants assert five objections to paragraph 13 of the Ells Declaration, in
14 which Ms. Ells testifies that in the approximately 2 years during which the parties and
15 Special Master have met to discuss Defendants' 2015 staffing plan, Defendants have never
16 contended that they are providing adequate care despite the ongoing psychiatric shortages,
17 nor provided any data in support of such a contention.  Defs.' 4/27/17 Evidentiary
18 Objections at 9.  In addition to the vague confidentiality objection addressed in Section
19 II.A, *supra*, Defendants object to this testimony as not based on personal knowledge,
20 inadmissible hearsay, irrelevant, and misleading.  Defs.' 4/27/17 Evidentiary Objections at
21 9-11.  For the reasons discussed below, the Court should overrule Defendants' objections
22 to the testimony in this paragraph.
23  First, Defendants' personal knowledge objections are without merit.  The testimony
24 in question is based mostly on discussions at meetings that Ms. Ells attended and of which
25 she therefore has personal knowledge.  *See* Ells Decl. ¶ 2.  To the extent that the testimony
26 is based on discussions at meetings Ms. Ells did not attend, this information is based on
27 Ms. Ells's review of memos prepared contemporaneously by co-counsel who attended the
28 meetings and who therefore have personal knowledge of statements made at these

1  meetings.  Review of the contemporaneous memos provided Ms. Ells adequate knowledge
2  of Defendants' statements made at these meetings – the accuracy of which Defendants do
3  not meaningfully contest, as discussed further below – to attest to them.  *See* Fed. R. Evid.
4  602 (witness's own testimony sufficient to support a finding that the witness has personal
5  knowledge).

6       Second, the testimony in paragraph 13 is not inadmissible hearsay.  As an initial
7  matter, Ms. Ells is not attesting any "statement" made by a declarant out of court.  Fed. R.
8  Evid. 801(c).  A "statement" is "a person's oral assertion, written assertion, or nonverbal
9  conduct, if the person intended it as an assertion."  Fed. R. Evid. 801(a).  The "definition
10 of 'statement'" excludes "from the operation of the hearsay rule all evidence of conduct,
11 verbal or nonverbal, not intended as an assertion."  Fed. R. Evid. 801 Advisory Comm.
12 Notes Note to Subdivision (a) (1972).  Ms. Ells testifies here to the *absence* of any
13 assertion, so her statement cannot be hearsay.

14      Furthermore, to the extent her statement could be considered within the definition
15 of hearsay, Defendants are not correct that Ms. Ells's reliance on co-counsel notes
16 recounting events of meetings she did not attend renders her testimony inadmissible.  As
17 discussed above, such memos are not prohibited hearsay because they are business records
18 exempt from the hearsay rule, Fed. R. Evid. 803(6), and any "statements" therein are party
19 admissions exempt from the hearsay rule, Fed. R. Evid. 801(d)(2)(C)-(D).

20      Third, the testimony in paragraph 13 does not violate the best evidence rule because
21 that rule is inapplicable here.  Federal Rule of Evidence 1002 applies only to prove the
22 contents of a document.  It does not apply here where Plaintiffs instead seek to
23 demonstrate that a writing does not address a particular matter.  Fed. R. Evid. 1002
24 Advisory Committee Notes (1972) (the rule does not apply "to testimony that books or
25 records have been examined and found not to contain any reference to a designated
26 matter.").  Finally, Defendants' assertion that Plaintiffs have waived privilege applicable to
27 the memos referenced in the Ells Declaration is irrelevant, as Defendants have never
28 requested production of the notes.  Nor do the contents of the notes themselves matter, as

the critical issue is whether Defendants said (or did not say) the statements to which Ms. Ells attests. Despite their claim to the contrary, discussed next, Defendants provide no evidence to rebut the accuracy of Ms. Ells's statements.

In their fourth and fifth objections, Defendants assert that Ms. Ells's testimony is irrelevant and misleading where she attests that Defendants never previously asserted in workgroup meetings that adequate care is being provided despite existing psychiatrist shortages. Defs.' 4/27/17 Evidentiary Objections at 10-11. That testimony is both relevant and accurate. If anything, Defendants' excerpt of Ms. Ells's testimony in their objections is misleading, as it omits the immediately preceding portion of the sentence where she makes clear that her testimony relates to the period spanning from February 2015, when Defendants' filed their staffing plan, to March 30, 2017, when Defendants filed their objections to the Special Master's Staffing Report. *See* Defs.' 4/27/17 Evidentiary Objections at 11; *see also* Ells Decl. ¶ 13; Defendant California Department of Corrections and Rehabilitation's Report on Review of Mental Health Staffing, 2/5/15, ECF No. 5269 ("Defendants' 2015 Staffing Plan").

First, Ms. Ells's statement is accurate, and has not been meaningfully contested. Defendants provide no evidence that, in the two years subsequent to their 2015 Staffing Plan, they ever made such a representation in filings to the Court, written correspondence shared with Plaintiffs, or workgroup meetings and phone calls between the parties and Special Master team, despite many, many opportunities to do so. Nor do Defendants' citations to their failed 2013 termination motion and a December 2012 three-judge court status report call into question the accuracy of Ms. Ells's statement, as they come years before the period she discusses. *See* Defs.' 4/27/17 Evidentiary Objections at 11 (citing to ECF Nos. 4275 and 4271-1); *see also* Notice of Mtn. and Mtn. to Terminate Under the PLRA and Fed. R. Civ. Proc. 60(b)(5), 1/7/13, ECF No. 4275; Defs.' Dec. 2012 Status Report in Response to June 30, 2011 Order, 12/14/12, ECF No. 4271-1. Once again, Defendants had an opportunity to rebut Ms. Ells's statement with evidence of their own, but offered none.

Furthermore, the testimony in paragraph 13 is relevant. Defendants provide no evidence that they ever claimed during any meet and confer or workgroup meeting with Plaintiffs and the Special Master team during the period in question that they were providing adequate mental healthcare with the current levels of psychiatrist staffing, which is far below the court ordered psychiatrist staffing levels. *See* Ells. Decl. ¶ 13. Instead, that argument was raised for the first time in Defendants' staffing objections. *See* Defs.' Response to the Special Master's Report on the Status of Mental Health Staffing and the Implementation of Defendants' Staffing Plan, 3/30/17, ECF No. 5591, at 4, 13-15, 17. Ms. Ells's testimony thus provides evidence supporting Plaintiffs' argument that it is inappropriate for Defendants to request the Court revisit the staffing ratios in their objections to the Special Master's Staffing Report, having never raised the proposition in any previous meeting on the staffing plan. *See* Pls.' Staffing Reply at 16.

## CONCLUSION

For all of the reasons set forth above, the Court should overrule Defendants' Evidentiary Objections and deny Defendants' Motion to Strike Plaintiffs' Evidence.

DATED: May 4, 2017  Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Michael S. Nunez*
    Michael S. Nunez

Attorneys for Plaintiffs