XAVIER BECERRA
Attorney General of California
WILLIAM C. KWONG
Acting Senior Assistant Attorney General
JAY C. RUSSELL
DANIELLE F. O'BANNON
Supervising Deputy Attorneys General
MANEESH SHARMA, State Bar No. 280084
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 703-5553
  Fax:  (415) 703-1234
  E-mail:  maneesh.sharma@doj.ca.gov
*Attorneys for Defendants*

Hanson Bridgett LLP
PAUL B. MELLO, State Bar No. 179755
SAMANTHA D. WOLFF, State Bar No. 240280
  425 Market Street, 26th Floor
  San Francisco, California 94105
  Telephone:  (415) 777-3200
  Fax:  (415) 541-9366
  E-mail: pmello@hansonbridgett.com

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                Plaintiffs,<br><br>    v.<br><br>**EDMUND G. BROWN JR., et al.,**<br><br>                Defendants. | 2:90-cv-00520 KJM-DB<br><br>**THREE-JUDGE COURT** |
| **MARCIANO PLATA, et al.,**<br><br>                Plaintiffs,<br><br>    v.<br><br>**EDMUND G. BROWN JR., et al.,**<br><br>                Defendants. | C01-1351 the<br><br>**THREE-JUDGE COURT**<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING MODIFICATION OF FEBRUARY 10, 2014 ORDER** |

**STIPULATION**

On November 8, 2016, The Public Safety and Rehabilitation Act (the Act) of 2016 was passed by the voters. (ECF No. 2931-2/5576-2.) The Act amends the California Constitution and grants broad authority to the California Department of Corrections and Rehabilitation (the Department) to promulgate regulations that (1) establish a parole consideration process for nonviolent offenders who have served the full term for their primary criminal offense in state prison, and (2) award credits earned for good conduct and approved rehabilitative or educational achievements. (*Id.*) The Act also amends state law to require judges, rather than prosecutors, to determine whether juveniles charged with certain crimes should be tried in juvenile or adult court. (*Id.*)

On April 13, 2017, the Office of Administrative Law approved the Department's emergency regulations. (*See* https://oal.blogs.ca.gov/files/2017/04/2017-0324-01EON_App.pdf.) This emergency regulatory action expires September 21, 2017, with the Department required to provide a certificate of compliance regarding public notice and comment, and consideration of those comments – necessary for regulations to continue – by September 20, 2017. (*Id.*) The Department may seek up to two readoptions of the emergency regulations, each for a period not to exceed 90 days. (Cal. Penal Code § 5058.3(a)(2); Cal. Gov't Code § 11346.1(h).)

The emergency regulations establish a nonviolent parole process. Eligibility screening under the new process will begin June 1, 2017, and the Board of Parole Hearings (the Board) will begin reviewing inmates referred for parole consideration on July 1, 2017. (Cal. Code Regs. tit. 15, § 3492.)

This new process mirrors the existing court-ordered nonviolent second-strike parole process. Specifically, the nonviolent parole process established by regulation will utilize the same public safety screening criteria and notification procedures for registered victims and prosecuting agencies that the Department and the Board currently employ for the court-ordered parole process. (*Id.* at § 3492(b).) The Board will review all relevant evidence and apply the same legal standard for reviewing an inmate's suitability for release under the nonviolent parole process as it applies under the court-ordered parole process. (*Id.* at § 2449.4(b), (c).) Inmates

who are screened from parole consideration under the public safety screens or denied parole by the Board will be screened again for referral to the Board the following year. (*Id.* at § 3492(d)). Inmates may administratively appeal an initial eligibility or screening determination. (*Id.* at §§ 3491(e), 3492(f).) Inmates can also request review of the Board's parole decision. (*Id.* § 2449.5.) If requested, the Board will within 30 days have a hearing officer not involved in the original decision review it and issue a decision in writing, either concurring with the original decision or vacating the original decision and issuing a new written decision with a statement of reasons. (*Id.*)

The nonviolent parole process differs from the court-ordered parole process in certain respects. First, the regulations authorize parole consideration for a broader category of inmates. Nonviolent parole consideration under the Act encompasses all nonviolent second strike offenders currently eligible for parole consideration under the court order, but also extends to other nonviolent offenders whose sentences were not enhanced by a second strike. (*See eligibility criteria* at §§ 3490 and 2449.1.)

Second, the nonviolent parole process changes the date of eligibility for parole consideration. The court-ordered process establishes parole consideration after an inmate has served 50 percent of their total sentence (including sentences lengthened by sentencing enhancements or consecutive sentences). (*See* ECF No. 2826-1/5246-1 at 3.) Under the Act, nonviolent offenders are eligible for parole consideration after completing the full term for their primary offense. (Cal. Code. Regs., tit. 15 § 3490(f).) The full term of an inmate's primary offense is defined as the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence. (*Id.* at § 3490(d) & (e).) Incoming inmates will be notified of their eligibility for this parole process and be given an overview of the process upon admission to the Department. (*Id.* at § 3491(b).) Finally, under the Act, the public screening criteria will be applied automatically and electronically, whereas the court-ordered process relies on the criteria being manually applied at the inmate's annual classification committee, the timing of which can affect when an inmate is referred to the Board.

1  The nonviolent parole process eliminates the need for the Court's state law waivers authorizing the nonviolent second-strike parole process.  Because the nonviolent parole and court-ordered parole process use nearly identical criteria for eligibility, referral, and determination, but differ in terms of when and how an inmate is referred to the Board, maintaining both processes will result in a significant duplication of work and resources by the Board and the Department.  Requiring multiple screening, notifications, and parole proceedings would also lead to significant confusion for staff, victims, and inmates.  Accordingly, the parties have met and conferred and stipulate to the following:

1.  The nonviolent parole process will go into effect on July 1, 2017.  Defendants will stop referring inmates to the Board for the court-ordered parole process on June 30, 2017.  Any inmates who have been referred to the Board for parole consideration under the court-ordered process on or before June 30, 2017, will be reviewed under the court-ordered parole process.  If they are not approved for release as a result of a referral made on or before June 30, 2017, they will be considered for referral under the nonviolent parole process one year later and annually thereafter.

2.  Defendants will report to the Court regarding the status of the nonviolent second strike parole measure and will report when the Board processes all referrals received before July 1, 2017 under the court-ordered parole process.  The parties agree that at that time Defendants will have complied in full with paragraph 4(b) of the Court's February 10, 2014 Order, and that section of the order shall be vacated.  Defendants by the present Stipulation shall implement the nonviolent parole process described here and report to the Court monthly regarding the status of that measure, including number of inmates referred to the Board and the number of inmates approved for release, and any substantive changes resulting from regulatory or other State proceedings.  The remaining provisions of the Court's February 10, 2014 Order, as modified by the November 19, 2014 and March 4, 2016 Orders, including any applicable waivers of state law, are unchanged by this stipulation and order.

/ / /

/ / /

| | | |
|---|---|---|
| 1 | Dated: __June 6, 2017 | XAVIER BECERRA<br>Attorney General of California |
| 2 | | |
| 3 | | By: */s/ Maneesh Sharma*<br>MANEESH SHARMA<br>Deputy Attorney General |
| 4 | | *Attorneys for Defendants* |
| 5 | Dated: __June 6, 2017 | HANSON BRIDGETT LLP |
| 6 | | By: */s/ Paul B. Mello*<br>PAUL B. MELLO |
| 7 | | *Attorneys for Defendants* |
| 8 | | |
| 9 | Dated: __June 6, 2017 | PRISON LAW OFFICE |
| 10 | | By: */s/ Don Specter*_____<br>DON SPECTER |
| 11 | | *Attorneys for Plaintiffs* |
| 12 | Dated: __June 6, 2017 | ROSEN, BIEN, GALVAN, & GRUNFELD LLP |
| 13 | | By: */s/ Michael Bien*_____<br>MICHAEL BIEN |
| 14 | | *Attorneys for Plaintiffs* |

### [PROPOSED] ORDER

Pursuant to the foregoing stipulation, IT IS SO ORDERED.

Dated: _____, 2017    _____
STEPHEN REINHARDT
UNITED STATES CIRCUIT JUDGE
NINTH CIRCUIT COURT OF APPEALS

Dated: _____, 2017    _____
THELTON E. HENDERSON
SENIOR UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF CALIFORNIA

Dated: _____, 2017    _____
KIMBERLY J. MUELLER
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF CALIFORNIA