| | |
|---|---|
| MICHAEL W. BIEN – 096891 | DONALD SPECTER – 083925 |
| JEFFREY L. BORNSTEIN – 099358 | STEVEN FAMA – 099641 |
| JANE E. KAHN – 112239 | MARGOT MENDELSON – 268583 |
| ERNEST GALVAN – 196065 | PRISON LAW OFFICE |
| THOMAS NOLAN – 169692 | 1917 Fifth Street |
| LISA ELLS – 243657 | Berkeley, California  94710-1916 |
| JENNIFER L. STARK – 267062 | Telephone:   (510) 280-2621 |
| KRISTA STONE-MANISTA – 269083 | |
| JESSICA WINTER – 294237 | |
| ROSEN BIEN | |
| GALVAN & GRUNFELD LLP | |
| 50 Fremont Street, 19th Floor | |
| San Francisco, California  94105-2235 | |
| Telephone:   (415) 433-6830 | |

XAVIER BECERRA
Attorney General of California
JAY C. RUSSELL
MISHA D. IGRA
Supervising Deputy Attorneys General
KEVIN A. VOTH, State Bar No. 257227
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone: (415) 703-1624
  Fax:  (415) 703-5843
  E-mail:  Kevin.Voth@doj.ca.gov
*Attorneys for Defendants*

CLAUDIA CENTER – 158255
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California  94111-4805
Telephone:   (415) 621-2493

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

**RALPH COLEMAN, et al.,**

Plaintiffs,

v.

**EDMUND G. BROWN JR., et al.,**

Defendants.

2:90-cv-00520 KJM-DB (PC)

**JOINT STATEMENT ON JURISDICTION FOLLOWING APPEAL OF APRIL 19, 2017 ORDER**

Judge: The Honorable Kimberly J. Mueller
Action Filed: Aug. 23, 1990

# TABLE OF CONTENTS

**Page**

Defendants' Statement Regarding Jurisdiction ...................................................................... 1

    I.    This Court retains jurisdiction only over those matters that do not materially alter the status of the appeal from the April 19, 2017 Order. ................ 1

        A.    Defendants filed an effective notice of appeal from the April 19, 2017 Order. ........................................................................................................ 1

        B.    The Court is divested of jurisdiction to revisit the merits of the legal issues and hold contempt proceedings. ...................................................... 3

        C.    Alternatively, if the Court retains jurisdiction over contempt, it should defer further rulings until the appeal is resolved. ........................... 5

        D.    The parties agree that the Court retains jurisdiction to take further action regarding matters that are separate from and collateral to the issues on appeal. ......................................................................................... 5

Plaintiffs' Statement Regarding Jurisdiction ........................................................................ 6

    I.    Plaintiffs' position .............................................................................................. 7

        A.    Background ........................................................................................... 7

        B.    This Court retains jurisdiction over all aspects of the April order, which is not final and not appealable. ................................................... 7

            1.    This Court retains jurisdiction over the contempt-related aspects of the April Order. ............................................................ 8

            2.    This Court retains jurisdiction over the case management requirements of the April Order. ................................................. 12

         C.    Conclusion ........................................................................................... 12

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Arizona v. California*
   460 U.S. 605 (1983) .................................................................................................. 10

*Armstrong v. Brown*
   732 F.3d 955 (9th Cir. 2013) ..................................................................................... 10

*Armstrong v. Schwarzenegger*
   622 F.3d 1058 (9th Cir. 2010) ............................................................................... 2, 11

*Calderon v. U.S. Dist. Ct.*
   137 F.3d 1420 (9th Cir. 1998) ..................................................................................... 2

*Coleman v. Brown*
   938 F. Supp. 2d 955 (E.D. Cal. 2013) .................................................................. 4, 10

*Donovon v. Mazzola*
   761 F.2d 1411 (9th Cir. 1985) ..................................................................................... 3

*Griggs v. Provident Consumer Discount Co.*
   459 U.S. 56 (1982) (per curiam) ............................................................................. 1, 3

*Hoffman ex rel. NLRB v. Beer Drivers & Salesmen's Local Union No. 888*
   536 F.2d 1268 (9th Cir. 1976) .............................................................................. passim

*McClatchy Newspapers v. Central Valley Typographical Union No. 46*
   686 F.2d 731 (9th Cir. 1982) ................................................................................ 1, 3, 4

*Milgard Tempering v. Selas Corp. of Am.*
   902 F.2d 703 (9th Cir. 1990) ....................................................................................... 4

*Natural Resources Defense Council, Inc. v. Southwest Marine Inc.*
   242 F.3d 1163 (9th Cir. 2001) ..................................................................................... 1

*Orange Cty. v. Hongkong & Shanghai Banking Corp.*
   52 F.3d 821 (9th Cir. 1995) ......................................................................................... 2

*Plata v. Schwarzenegger*
   560 F.3d 976 (9th Cir. 2009) ........................................................................... 2, 8, 9, 11

*Ruby v. Sec'y of U.S. Navy*
   365 F.2d 385 (9th Cir. 1966) (en banc) ................................................................ 2, 11

*S. Cal. Edison Co. v. Lynch*
   307 F.3d 794 (9th Cir. 2002) ....................................................................................... 5

# TABLE OF AUTHORITIES
### (continued)

**Page**

*SEC v. Hickey*
   322 F.3d 1123 (9th Cir. 2003) ............................................................................. 8, 9, 11

*Shuffler v. Heritage Bank*
   720 F.2d 1141 (9th Cir. 1983) ............................................................................ 1, 3, 9, 10

*Stone v. City & Cty. of S.F.*
   968 F.2d 850 (9th Cir. 1992) ............................................................................... 8, 9, 11

*United States v. Hitchmon*
   602 F.2d 689 (5th Cir. 1979) (en banc) ............................................................... 2, 11

*United States v. Lummi Indian Tribe*
   235 F.3d 443 (9th Cir. 2000) ............................................................................... 10

**STATUTES**

28 U.S.C.
   § 1291 .................................................................................................................. 2, 8
   § 1292(a)(1) ......................................................................................................... 1

Americans with Disabilities Act .............................................................................. 11

**CONSTITUTIONAL PROVISIONS**

United States Constitution, Eighth Amendment .................................................... 3, 4, 10

**OTHER AUTHORITIES**

*The Authority of a Federal District Court to Proceed After a Notice of Appeal Has Been Filed*, 143 F.R.D. 307 (1992) ................................................................. 5

On July 6, 2017, this Court ordered the parties to submit a joint statement regarding the extent to which the Court is divested of jurisdiction following Defendants' appeal from the April 19, 2017 Order regarding transfer timelines for inpatient mental-health treatment. (ECF No. 5610.) The parties' respective positions are set forth below.

## DEFENDANTS' STATEMENT REGARDING JURISDICTION

**I.   THIS COURT RETAINS JURISDICTION ONLY OVER THOSE MATTERS THAT DO NOT MATERIALLY ALTER THE STATUS OF THE APPEAL FROM THE APRIL 19, 2017 ORDER.**

Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam). The divestiture rule applies to injunctions, *McClatchy Newspapers v. Central Valley Typographical Union No. 46*, 686 F.2d 731, 734 (9th Cir. 1982), and contempt orders, *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1145 n.1 (9th Cir. 1983). The district court retains jurisdiction during the pendency of an appeal to act to preserve the status quo. *Natural Resources Defense Council, Inc. v. Southwest Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001).

"Where the court supervises a continuing course of conduct and where as new facts develop additional supervisory action by the court is required, an appeal from the supervisory order does not divest the district court of jurisdiction to continue its supervision, even though in the course of that supervision the court acts upon or modifies the order from which the appeal is taken." *Hoffman ex rel. NLRB v. Beer Drivers & Salesmen's Local Union No. 888*, 536 F.2d 1268, 1276 (9th Cir. 1976). This limited exception to the divestiture rule allows the district court to take new action in response to new facts. *Id.* The rule does not restore jurisdiction to "adjudicate substantial rights directly involved in the appeal." *McClatchy Newspapers*, 686 F.2d at 735. Thus, a district court may not take further action that "materially alters the status of the case on appeal." *Natural Resources Defense Council*, 242 F.3d at 1166.

    **A.   Defendants filed an effective notice of appeal from the April 19, 2017 Order.**

Defendants timely filed a notice of appeal of the Court's April 19, 2017 Order regarding transfer timelines for inpatient care. The Ninth Circuit has appellate jurisdiction under 28 U.S.C.

1

§ 1292(a)(1) because the order provides Plaintiffs with injunctive relief. *See Orange Cty. v. Hongkong & Shanghai Banking Corp.*, 52 F.3d 821, 825 (9th Cir. 1995) (Injunctions are orders that are (1) directed to a party, (2) enforceable by contempt, and (3) designed to accord or protect some or all of the substantive relief sought in more than preliminary fashion.); *Calderon v. U.S. Dist. Ct.*, 137 F.3d 1420, 1422 (9th Cir. 1998) (whether an order is injunctive is determined by its substantial effect, not terminology).

Alternatively, the Ninth Circuit has jurisdiction under 28 U.S.C. § 1291 because the April 19 Order is a final post-judgment decision that conclusively decided the merits of the legal issues regarding compliance with the Program Guide's inpatient transfer timelines. *See Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1064-65 (9th Cir. 2010) (post-judgment orders are given a practical construction of finality). The Ninth Circuit's decisions in *Plata v. Schwarzenegger*, 560 F.3d 976 (9th Cir. 2009) and *Hoffman* are distinguishable because the April 19 Order does more than the non-appealable orders in those cases. In *Plata*, the defendants appealed a show-cause order that contemplated future contempt proceedings but did not adjudicate the underlying legal issue, and provided for further proceedings "in which more is at issue than whether or not the State" complied with the order. 560 F.3d at 980. Similarly, in *Hoffman*, the unappealable order merely assessed contempt fines then suspended them, rendering the order non-final. 536 F.2d at 1272.

To the extent there are doubts about the appealability of the April 19 Order, they should be resolved in favor of awaiting disposition of the appeal. *See Ruby v. Sec'y of U.S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966) (en banc) ("If the district court is in doubt as to whether the notice of appeal is inoperative by reason of some such defect, it may decline to act further until the purported appellee obtains dismissal of the appeal in the court of appeals."); *United States v. Hitchmon*, 602 F.2d 689, 694 (5th Cir. 1979) (en banc) (district court's jurisdiction was not divested where order was "clearly unappealable" and thus notice of appeal was "manifestly ineffective.").

**B.   The Court is divested of jurisdiction to revisit the merits of the legal issues and hold contempt proceedings.**

The Court's April 19, 2017 Order directed Defendants to attain full and permanent elimination of all waitlists for inpatient care that exceed Program Guide timelines by May 15, 2017. (Order at 13 ¶ 1.) The Order's determination that Defendants' delivery of mental-health care violates the Eighth Amendment, is based on two premises which are both now on appeal: (1) that deviation from the Program Guide timelines amounts to a violation of the Eighth Amendment's deliberate-indifference standard; and (2) that to avoid such a violation, Defendants must achieve 100-percent compliance with the Program Guide timelines. (*Id*. at 3:27-28, 6:2-10.) The Court held that this was necessary for transfers to acute and intermediate inpatient care, and indicated it may apply the same standard for transfers to Mental Health Crisis Beds (MHCBs). (*Id*. & 11-13.) The Court rejected Defendants' contentions that 100-percent compliance with the Program Guide timelines was inconsistent with Eighth Amendment standards and Prison Litigation Reform Act's restriction on prospective relief. (*Id*. at 3-5.) Further, the Court announced that for acute inpatient programs and intermediate-care facilities (ICF), non-compliance would result in a monetary contempt sanctions. (*Id*.)

Defendants' appeal divests this Court of jurisdiction over the issues decided by the April 19 Order, including its determination that Defendants must attain 100-percent compliance with the Program Guide transfer timelines. *Griggs*, 459 U.S. at 58; *McClatchy Newspapers*, 686 F.2d at 735. Thus, the appeal divests the Court of jurisdiction to adjudicate contempt proceedings based on the legal questions and standards being appealed. *See Shuffler*, 720 F.2d at 1145 n.1; *Donovon v. Mazzola*, 761 F.2d 1411, 1415 (9th Cir. 1985). In *Shuffler*, the district court entered an order imposing fines of $500 per day the defendants were not in compliance with a prior judgment, but did not assess sanctions and left open the manner by which the order was to be enforced. *Id*. at 1144-45. After the defendants appealed the order, the district court issued a further order assessing the amount of contempt sanctions and issued a writ of execution. *Id*. at 1145. The Ninth Circuit concluded that the second order was void because the appeal transferred jurisdiction. *Id*. at 1145 n.1.

3

Having challenged the Court's injunction that Defendants attain full and permanent compliance with the Program Guide timelines for inpatient transfers, that order and subsequent contempt proceedings are outside the Court's jurisdiction. Although under *Hoffman*, a district court retains jurisdiction post-appeal to supervise a continuing course of conduct, that exception to the divestiture rule is limited to where the court must take some additional action in response to the development of "new facts." 536 F.2d at 1276. And further, the contemnors in *Hoffman* did not appeal the underlying injunctive order forming the basis of subsequent contempt orders. *Id.*; *see McClatchy Newspapers*, 686 F.2d at 735 (distinguishing *Hoffman*'s exception to divestiture).

Further, Plaintiffs' contention that jurisdiction is not divested under law-of-the-case doctrine is incorrect for two reasons. First, the Court's determination that the Eighth Amendment requires 100-percent compliance with the Program Guide's timelines is not law of the case. The Court's previous statement that the Program Guide timelines "represent defendants' considered assessment of what is sufficiently 'ready access' to each level of care," *Coleman v. Brown*, 938 F. Supp. 2d 955, 981 (E.D. Cal. 2013), does not define or resolve the question of whether perfect compliance with the Program Guide is constitutionally mandated. Indeed, Plaintiffs previously argued that Defendants "are not shackled to their chosen remedial measures, the *Coleman* mental health program guides, as they exist today." (ECF No. 4408 at 19.) Second, Plaintiffs cite no authority for the proposition that application of the law-of-the-case doctrine renders an order unappealable. Even if applicable, a court's imposition of the doctrine is reviewed on appeal for abuse of discretion, including whether the previous decision was clearly erroneous. *Milgard Tempering v. Selas Corp. of Am.*, 902 F.2d 703, 715 (9th Cir. 1990).

Adjudicating contempt proceedings and assessing monetary sanctions on the basis of a legally erroneous compliance standard cannot be considered "separate from or collateral to the appeal." Because adjudication of contempt "would materially alter the status of the case on appeal," this Court now lacks jurisdiction regarding the following provisions in the April 19 Order:

- Order at 13 ¶ 1, 14 ¶ 5: Defendants shall come into full and permanent compliance with the Program Guide timelines for transfers to acute and ICF inpatient care. A hearing

4

is set for November 3, 2017 to consider contempt findings and payment of fines accumulated since May 15, 2017.

### C. Alternatively, if the Court retains jurisdiction over contempt, it should defer further rulings until the appeal is resolved.

In the alternative, if the Court concludes that it retains jurisdiction over contempt proceedings, then Defendants request that the contempt hearing be deferred until the Ninth Circuit resolves the appeal of the April 19 Order. Defendants remain strongly committed to providing inmate-patients with timely access to inpatient and other appropriate care for serious mental-health needs. They also intend to comply with the obligations outlined in the April 19 Order in cooperation with the Court, Special Master, and Plaintiffs. Because the appropriateness of imposing a contempt sanction is dependent on the validity of the April 19 Order, the Court has authority to defer such proceedings to avoid the potential waste of resources in the event the Order is overturned on appeal. *See S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 807 (9th Cir. 2002) (District courts have inherent power to control their dockets.) (quotation marks omitted).

### D. The parties agree that the Court retains jurisdiction to take further action regarding matters that are separate from and collateral to the issues on appeal.

Consistent with the Court's supervisory role, it retains jurisdiction to "continue to adjudicate matters separate from or collateral to the appeal." Allan Ides, *The Authority of a Federal District Court to Proceed After a Notice of Appeal Has Been Filed*, 143 F.R.D. 307, 322 (1992). Accordingly, the Court is not divested of jurisdiction regarding the following portions of the April 19 Order, because they do not materially alter the status of the appeal.

- Order at 8:9-12, 13 ¶ 2: The parties shall meet and confer under the supervision of the Special Master to develop an addendum to the Program Guide that identifies circumstances under which time after an inmate-patient is referred to inpatient mental health care should be excluded from Program Guide timelines for transfer to such care and timelines for completion of the referral process when such circumstances are present.
- Order at 10:3-20, 14 ¶¶ 3-4: Defendants shall include with their monthly Census and Waitlists Report for Inpatient Mental Health Care ("monthly report") (1) the total number

5

of inmate-patients who waited beyond Program Guide timelines for transfer to acute and ICF inpatient programs; (2) the number of days each inmate-patient waited beyond Program Guide timelines; (3) and the total number of such days for the month. The monthly report shall also include the total number of inmate-patient days Defendants believe should be excluded from the total reported and an explanation why those days should be excluded. Defendants shall report to the Special Master on a monthly basis concerning all inmate-patients referred for inpatient care whose referrals are rejected or rescinded and the reasons for the rejections or rescissions.

- Order at 12:27-28, 14 ¶ 6: A status conference and evidentiary hearing is set for August 29, 2017, at 10:00 a.m., for the Court to take evidence on obstacles to full compliance with the Program Guide timeline for transfer to MHCBs and targeted remedies for achieving such compliance.

- Order at 13:3-11, 14 ¶¶ 7, 9: The Special Master shall convene a workgroup to focus on outstanding issues related to compliance with the Program Guide timeline for transfer to MHCBs, including but not limited to (1) use of alternative housing when an inmate-patient is referred to an MHCB; and (2) any and all obstacles to full compliance with the twenty-four timeline for transfer to MHCBs. The workgroup shall also develop an addendum to the Program Guide delineating exceptions, if any, to the 24-hour timelines requirement.

- Order at 13:12-18, 15 ¶ 8: By July 28, 2017, the parties shall file a joint report, approved by the Special Master, containing (1) a description of MHCB issues, if any, resolved by the workgroup and the substance of agreements reached; (2) a focused and comprehensive list of MHCB issues that remain for resolution by the court; and (3) a list of witnesses and other evidence the parties propose to offer at the evidentiary hearing.

## PLAINTIFFS' STATEMENT REGARDING JURISDICTION

**I.  PLAINTIFFS' POSITION**

### A.  Background

This Court issued a minute order on July 6, 2017, requesting briefing on the jurisdictional effect of Defendants' appeal of the Court's April 19, 2017 order, ECF No. 5610 ("April Order"). *See* July 6, 2017 Minute Order, ECF No. 5641. The April Order contains two types of requirements: requirements related to possible civil contempt proceedings for ongoing violations of court-ordered inpatient transfer timelines ("contempt-related requirements"), and requirements related to the Court's ongoing case management and supervision of existing injunctive and enforcement orders, including reporting, meetings with the Special Master to address compliance issues, and setting a further evidentiary hearing and briefing on crisis bed access problems ("other case management requirements"). The other case management requirements are outlined more fully in Section D of Defendants' statement, and both parties agree this Court retains jurisdiction over those provisions of the April Order.

With regard to the contempt-related requirements, over which Defendants claim their appeal divests this Court of jurisdiction, this Court ordered Defendants to come into full compliance with previously ordered Program Guide requirements for timely transfers of patients to inpatient care. *See* April Order at 9-10, 13. Defendants will face the possible imposition of a $1,000 contempt fine for each patient-day they exceed inpatient transfer timelines after May 15, 2017. *See* April Order at 10. Any "consideration of findings of contempt and requirement of payment of fines that may have accumulated" is reserved for a future hearing scheduled for November, which will be vacated if Defendants comply with the timelines in the meantime. *See* April Order at 11, 13-14.

/ / /

/ / /

7

**B.     This Court Retains Jurisdiction over All Aspects of the April Order, Which Is Not Final and Not Appealable.**

Because the April Order is not final and not appealable,[1] this Court retains jurisdiction over its subject matter in toto, including the contempt-related provisions.

**1.     This Court Retains Jurisdiction over the Contempt-Related Aspects of the April Order.**

As to the contempt-related provisions of the April Order, the Ninth Circuit has explicitly held in circumstances materially indistinguishable from these that the district court's jurisdiction is not affected by a defendant's appeal. In *Hoffman ex rel. N.L.R.B. v. Beer Drivers & Salemen's Local Union No. 888*, 536 F.2d 1268, 1272 (9th Cir. 1976), the Ninth Circuit held that an order of civil contempt, where no fines have yet been imposed and the contemnor has the ability to purge the contempt, is interlocutory in character and not appealable. Consequently, the Ninth Circuit held, the defendant's appeal from such an order did not divest the district court of jurisdiction to issue further contempt orders because "an appeal from a nonappealable order does not deprive a district court of jurisdiction." *Id.*

The April Order is not appealable, and thus cannot affect the district court's jurisdiction, because "an adjudication of civil contempt is not appealable until sanctions have been imposed." *SEC v. Hickey*, 322 F.3d 1123, 1127 (9th Cir. 2003) (citation and emphasis omitted). In *Plata v. Schwarzenegger*, for example, the State appealed the district court's order requiring it to fund the Receiver's capital projects or face contempt. 560 F.3d 976, 978-79 (9th Cir. 2009). The Ninth Circuit held that the pre-sanction civil-contempt order was not final for the purposes of 28 U.S.C. § 1291, but "rather an interim step toward further proceedings,"—i.e., the potential imposition of sanctions. *Id.* at 980. The appellate court, therefore, lacked jurisdiction to hear the appeal. *Id.* at 979; *see also Stone v. City & Cty. of S.F.*, 968 F.2d 850, 854-55 & n.4 (9th Cir. 1992) ("When a contempt order threatens to impose sanctions to coerce compliance but the sanctions never

---

[1] After attempting to negotiate with Defendants by offering to allow them to preserve their legal challenges to this non-final order by treating it as a protective appeal in the event of an appeal of a subsequent final order, Plaintiffs are currently preparing a motion to dismiss the appeal, which will be filed in the Ninth Circuit forthwith.

8

actually are imposed because the party appeals before the sanctions accrue, the order is not final." (citations omitted)).

Under these squarely applicable precedents, Defendants' appeal of the contempt-related portion of the April Order cannot and does not divest this Court of jurisdiction because the appeal is of a non-final order. This Court expressly reserved the possibility of contempt proceedings and any payment of fines for a future date. April Order at 11, 14. This Court, therefore, retains jurisdiction over the contempt-related aspects of the April Order.

Defendants' attempt to mischaracterize the contempt line of cases fails. *Hoffman*, *Hickey*, *Plata*, and *Stone* irrefutably hold that this Court retains jurisdiction because a preliminary order of contempt, where the contemnor has the ability to purge the contempt, is not final and not appealable. Defendants state that *Hoffman* creates only a limited exception to an appeal's divestiture of the district court's jurisdiction, "[w]here the district court supervises a continuing course of conduct and where as new facts develop additional supervisory action by the court is required." *See* 536 F.2d at 1276. But this statement in *Hoffman* does not negate the case's earlier, unambiguous holding that a preliminary order of contempt, giving the contemnor the opportunity to purge the contempt, is not final and not appealable.[2]

Similarly, Defendants mischaracterize the holding and applicability of *Shuffler v. Heritage Bank*, 720 F.2d 1141 (9th Cir. 1983). In that case, the district court held contempt proceedings, found the Defendants in contempt, and imposed fines that were due and owing starting the date of the order. *Id.* at 1144-45. Defendants had no opportunity to purge the contempt. *See id.* After issuing the contempt order, the only task remaining for the district court was to total the number of days Defendants were in contempt and decide how to make them pay the fines, which it did in

---

[2] This statement in *Hoffman is* relevant to the case management aspects of the April Order, wherein the Court retained jurisdiction to address new developments in the saga of delayed inpatient and MHCB transfers, including, for example, the possibility of additional hearings on the MHCB-transfer issue, taking additional evidence on that issue, and issuing further necessary orders. As Defendants concede, the district court retains jurisdiction over these aspects of the April Order, in line with the quoted portion of *Hoffman*. *See* 536 F.2d at 1276. Should this Court in some future order impose sanctions for less than full compliance with the 24-hour MHCB transfer timelines, which is not even contemplated in the April Order, Defendants can challenge the propriety of that ruling at that time.

1  a subsequent order. *See id.* Accordingly, *Shuffler* held, the first order was final, and the district
2  court lacked jurisdiction to issue the latter order; jurisdiction to consider the first order had
3  already vested in the Court of Appeals. *Id.* at 1145. That is not the situation here, where this
4  Court has yet to rule on whether Defendants will be held in contempt, much less assessed any
5  sanctions.

6        In addition, Defendants' assertion that the April Order for the first time finally adjudicated
7  Defendants' substantial rights—specifically, that Defendants' noncompliance with the extremely
8  generous Program Guide timelines constitutes a violation of the Eighth Amendment's prohibition
9  on cruel and unusual punishment—is incorrect. This Court has already explained that the
10 Program Guide constitutes *Defendants*' reasoned assessment of what the Eighth Amendment
11 requires. *See Coleman v. Brown*, 938 F. Supp. 2d 955, 981 (E.D. Cal. 2013) (explaining that the
12 Program Guide's time limits "represent defendants' considered assessment of what is sufficiently
13 'ready access' to each level of care" under the Constitution); *see also* April Order at 5 (citing
14 previous orders of this Court establishing Program Guide requirements as Defendants' assessment
15 of what the Constitution requires of them). Defendants appealed the 2013 termination order
16 squarely so holding, but voluntarily dismissed that appeal. *See* Ninth Cir. Case No. 13-15931
17 (voluntarily dismissed by Defendants on May 21, 2015). At this point, therefore, the Court-
18 ordered Program Guide timelines are law of the case, *see Arizona v. California*, 460 U.S. 605,
19 618 (1983); *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452-53 (9th Cir. 2000),
20 establishing Defendants' own estimation of the constitutional requirements for their provision of
21 mental health care. Defendants waived their right to claim otherwise in the Ninth Circuit by
22 dismissing their appeal of the termination order. Accordingly, this Court's application of those
23 timelines in the April Order is not a new, final adjudication of Defendants' rights. Hence that
24 aspect of the April Order is not appealable.[3]

25       A similar situation arose in *Armstrong*, 732 F.3d at 959 n.6, where the Ninth Circuit

---

[3] In addition, the April Order actually *reduces* Defendants' obligations, because it allows them, with Plaintiffs' and the Special Master's help, to craft and apply exceptions to Program Guide requirements for transfer. *See Armstrong v. Brown*, 732 F.3d 955, 959 n.6 (9th Cir. 2013).

rejected the State's argument that the district court lacked jurisdiction to enforce earlier injunctive orders during the pendency of an appeal. Just as here, the *Armstrong* court ruled that the district court retained jurisdiction to maintain the status quo—i.e., pre-existing plans to come into compliance with the Americans with Disabilities Act. *Id.* (citing *Hoffman*, 536 F.2d at 1276)). Here, the Program Guide is the pre-existing plan that Defendants agreed would bring them into compliance with their constitutional obligations. That Defendants appealed the April Order, which incorporates pre-existing Program Guide requirements, does not divest this Court of jurisdiction to continue to enforce those requirements to maintain the status quo.

Even if compliance with Program Guide timelines—including any requirement that Defendants achieve 100% compliance with those timelines—were a "new" requirement, the contempt portion of the April Order is not final because Defendants will not be held to the Program Guide's timelines unless and until they are found in contempt. Under the relevant portions of *Hoffman*, *Plata*, *Stone*, and *Hickey*, any such contempt order *would* be final and appealable. But because this Court is still in the preliminary stages of issuing any potential contempt sanction, and any sanction this Court subsequently imposes would be the final adjudication of Defendants' substantial rights, compliance with Program Guide timeframes for transfer is not now ripe for appeal. This Court continues to enjoy jurisdiction to make any possible future ruling regarding contempt.

Finally, Plaintiffs dispute Defendants' characterization of the application here of *Ruby v. Secretary of U.S. Navy*, 365 F.2d 385 (9th Cir. 1966) (en banc), and *United States v. Hitchmon*, 602 F.2d 689 (5th Cir. 1979) (en banc). While those cases stand for the proposition that this Court may decline to act if it has any doubt regarding its jurisdiction in light of an appeal, they also acknowledge a district court's power to decide, in a clear case, that it retains jurisdiction and to proceed on that basis. *See Ruby*, 365 F.2d at 389; *Hitchmon*, 602 F.2d at 694. In this regard, the April Order falls squarely within the ambit of the order in *Hitchmon*, which was "clearly unappealable." 602 F.2d at 694. Furthermore, *Ruby* states that if the district court finds that it does have jurisdiction and continues proceedings, the Defendants are not without remedy—they can take a writ of prohibition in the appellate court. *See* 365 F.2d at 389. If Defendants believe

11

1  this Court truly lacks jurisdiction, they can file such a writ and have the issue resolved.

2  Plaintiffs submit that this Court retains jurisdiction over the contempt-related aspects of
3  the April Order.

### 2. This Court Retains Jurisdiction over the Case Management Requirements of the April Order.

6  Plaintiffs agree with Defendants' statement, set forth in Section I.D. of their statement,
7  that this Court retains jurisdiction over the case management requirements of the April Order
8  concerning reporting, a hearing, and meetings to address ongoing compliance issues and to
9  develop addenda to the Program Guide. Those portions of the order are not appealable.

### C. Conclusion

11  For the foregoing reasons, Plaintiffs respectfully submit that this Court retains jurisdiction
12  over the subject matter of the April Order, in its entirety.

DATED: July 20, 2017              Respectfully submitted,

                                  ROSEN BIEN GALVAN & GRUNFELD LLP


                                  By:    /s/ Jessica Winter
                                         Jessica Winter

                                  Attorneys for Plaintiffs


Dated: July 20, 2017              Respectfully Submitted,

                                  XAVIER BECERRA
                                  Attorney General of California
                                  JAY C. RUSSELL
                                  MISHA D. IGRA
                                  Supervising Deputy Attorney General


                                  /s/ Kevin A. Voth
                                  KEVIN A. VOTH
                                  Deputy Attorney General
                                  *Attorneys for Defendants*

CF1997CS0003 / 41800056.doc