XAVIER BECERRA
Attorney General of California
WILLIAM C. KWONG
Acting Senior Assistant Attorney General
DANIELLE F. O'BANNON
JAY C. RUSSELL
Supervising Deputy Attorneys General
ELISE OWENS THORN, State Bar No. 145931
CHRISTINE M. CICCOTTI, State Bar No. 238695
CHAD A. STEGEMAN, State Bar No. 225745
TYLER V. HEATH, State Bar No. 271478
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 324-4921
 Fax: (916) 324-5205
 E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>**EDMUND G. BROWN JR., et al.,**<br><br>　　　　　　　　　　　　Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**PARTIES' STIPULATED REQUEST TO EXTEND THE DEADLINE TO FILE AN ADDENDUM TO THE PROGRAM GUIDE REGARDING MENTAL HEALTH CRISIS BED TIMELINE EXCEPTIONS AND TO CONTINUE THE AUGUST 29, 2017 EVIDENTIARY HEARING AND RELATED DEADLINES** |

　　　　On April 19, 2017, the Court entered an order directing the parties to participate in workgroups convened by the Special Master to "focus on outstanding issues related to compliance with the Program Guide timeline for transfer to [Mental Health Crisis Beds], including but not limited to: (1) use of alternative housing when an inmate-patient is referred to a MHCB; and (2) any and all obstacles to full compliance with the twenty-four-hour timeline for transfer to MHCBs." (ECF No. 5610.) The Court also directed the parties to develop an addendum to the Program Guide that delineates exceptions to the twenty-four-hour timeline

1

1 requirement for transfer of inmates to a Mental Health Crisis Bed and to complete and submit the
2 addendum to the Court for review and final approval within forty-five days.  (*Id.*)  On June 8,
3 2017, the Court approved the parties' stipulated request to file the addendum on or before July 28,
4 2017.  (ECF No. 5632.)

Under the supervision of the Special Master, the parties are engaged in a collaborative process to identify obstacles to full compliance with the twenty-four-hour timeline for transfer of inmates to Mental Health Crisis Beds and possible solutions to overcome the identified obstacles.

On June 23, 2017, Defendants submitted a plan to the Special Master and Plaintiffs to address transfers to Mental Health Crisis Beds and proposing categories of exceptions for an addendum to the Program Guide's Mental Health Crisis Bed transfer timelines.  Plaintiffs responded to the plan in writing on July 6 and 19, 2017 by objecting to aspects of the proposal and requesting additional information and data on various existing initiatives identified in Defendants' April 7, 2017 pleadings (ECF No. 5595 at 9; ECF No. 5597 ¶¶ 5-6) and other areas of concern, including those identified in Plaintiffs' April 7, 2017 pleadings (ECF No. 5593).  In particular, Plaintiffs raised concerns and requested information on reports on referrals and transfers to crisis beds; the cause and impact of high rescission rates for crisis bed referrals, including for institutions with disproportionately high rescission rates; the benefit of analyzing 30-day readmission rates to assess both the appropriateness of referrals and quality of care; long lengths of stay in Mental Health Crisis Beds; an analysis of institutions with high rates of noncompliance with transfer timelines; plans to address delays in the transfer of female inmates to crisis care and obstacles to admission of class members to DSH-Patton; and transportation issues.

On July 21, 2017, Defendants responded to Plaintiffs' inquiries and provided additional data for discussion in the all-parties workgroup.  The data included updates and supporting data on Defendants' initiatives undertaken in the last year to ensure appropriate use of Mental Health Crisis Beds[1]; the number of Mental Health Crisis Beds referrals and the hours to disposition; the

---

[1] Defendants provided an update on the status of those initiatives, including (1) the Dialectical Behavior Therapy Program at the California Medical Facility and plans to expand the

(continued…)

number of rescissions of Mental Health Crisis Beds referrals along with the time of day the referrals were made; 30-day readmission rates; and average length of stays in Mental Health Crisis Beds.

To date the parties have met in workgroups convened by the Special Master on June 26, July 10, July 17, and July 24, 2017, and discussed the proposals contained in Defendants' plan, including proposed exceptions for the addendum to the Program Guide and alternative solutions to address delays in transfers to crisis beds.

At the July 24, 2017 workgroup, Plaintiffs requested additional data for discussion, including data regarding how the Crisis Intervention Team program is working; Defendants' plan to implement the Crisis Intervention Team program at additional prisons; further information on the clinical treatment hours and any plans to augment them; transportation times by region from the time of referral to receipt of the inmate at the Mental Health Crisis Bed unit; the total number of after-hours and daytime rescissions and the percentage of rescissions from referrals made during the day; historical 30-day readmission rates overall and by institution; and detailed length of stay data for inmates with crisis bed stays over 30 days.

Defendants are compiling data to produce for the next workgroup teleconference and anticipate continuing to do so in order to elucidate the issues surrounding the transfers and treatment of inmates in Mental Health Crisis Beds. In addition to producing data and reports to inform the parties' discussion, Defendants have taken concrete steps to increase the referrals of women to DSH-Patton. Defendants recently placed one inmate in DSH-Patton, five inmates have been accepted and pending transfer, and six inmate referrals are pending review.

The parties also discussed and agreed upon three categories of exceptions to the Program Guide Mental Health Care Beds transfer timelines, but could not reach agreement on the details or exact language of the exceptions.

---

(…continued)
program to other institutions; (2) Defendants' case formulation, treatment planning, and crisis triage training; (3) implementation and expansion of the use of Crisis Intervention Teams; (4) expansion of after-hours staffing to decrease the number of rescissions of referrals to Mental Health Crisis Beds; and (5) clustering or regionalization of Mental Health Crisis Beds.

Despite the work that has been done, the parties need additional time to continue to share data, develop and finalize potential solutions, discuss the scope and contours of the categories for the addendum to the Program Guide, and to identify what, if any, issues remain for resolution by the Court. The parties intend to continue to meet and confer weekly, either in-person or through teleconferences under the supervision of the Special Master, to review data and develop alternative proposals to address access to Mental Health Crisis Beds and complete an addendum to the Program Guide. More specifically, the purpose of the weekly workgroups is to (a) review and discuss data presented by Defendants regarding potential obstacles to compliance with the 24-hour transfer timeframe; (b) review Defendants' application of the individual inmate exceptions and to refine the precise contours of the three (or more) enumerated exceptions to the 24-hour timeframe; and (c) develop solutions to address issues related to referral, treatment, and discharge of inmates-patients to Mental Health Crisis Bed level of care. As part of the process for developing the addendum, the parties will also develop, with the guidance of the Special Master, a process to exchange written materials, including individual patient-level data, to discuss on a monthly basis any Mental Health Crisis Bed transfer that may qualify for an exception to the Program Guides timelines.

Accordingly, the parties stipulate as follows:

1. The parties agree, based on recommendations from the Special Master, that the following three categories warrant exceptions to the Program Guide transfer timeframes to a Mental Health Crisis Bed:

(a) an inmate is physically unavailable for transfer to a Mental Health Crisis Bed because of an order to appear in state or federal court, necessitating transfer either out of the institution or to an institution nearest the court;

(b) an inmate has a medical issue that cannot be treated at a Mental Health Crisis Bed and that is more urgent than his or her need for treatment in a Mental Health Crisis Bed, or is not medically cleared to transport, causing a delay in the transfer to a crisis bed; and

(c) circumstances outside of Defendant's control, and other than the preceding-enumerated exceptions, which cause a delay in transfer to a Mental Health Crisis Bed beyond the Program Guide

4

timelines.

The parties may identify and propose additional exceptions based on their workgroup discussions.

2. The parties shall continue to meet and confer weekly, either in-person or through teleconferences, under the guidance of the Special Master, consistent with the purposes described above. At the end of the workgroup meetings, no later than January 31, 2018, an addendum to the Program Guide that identifies exceptions to the Program Guide timeline for transfers to Mental Health Crisis Beds will be completed and submitted for review and final approval.

3. Given the parties' ongoing efforts to identify and resolve the remaining issues related to delayed transfers to Mental Health Crisis Beds, including matters the parties may be able to narrow or resolve on their own as well as refining any disputes that may remain for resolution by the Court, the parties request a thirty-day continuance of the hearing scheduled for August 29, 2017.

4. The parties further agree and request that the Court continue the deadline for the joint report identified in paragraph 8 on page 15 of the April 19 order to August 29, 2017. That report will also describe the progress of the workgroup discussions.

5. If the Court wishes to hear from the parties directly on August 29, 2017, the parties request, in the alternative, that the Court hold a status conference for the parties to report on the further progress of the workgroup discussions, with a joint statement regarding the progress of the workgroup sessions to be filed one week in advance.

IT IS SO STIPULATED.

Dated: July 27, 2017

*/s/ Tyler Heath*
TYLER HEATH
Deputy Attorney General
*Attorneys for Defendants*


*/s/ Lisa Ells*
LISA ELLS
*Attorney for Plaintiffs*

5

1 **[PROPOSED] ORDER**

2 Pursuant to the foregoing stipulation, IT IS SO ORDERED.

4 DATED: _____, 2017.

_____
KIMBERLY J. MUELLER
Judge, United States District Court

# CERTIFICATE OF SERVICE

Case Name:   **Coleman v. Brown, et al.,**          No.   **2:90-cv-00520 KJM-DB (PC)**

I hereby certify that on <u>July 27, 2017</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**PARTIES' STIPULATED REQUEST TO EXTEND THE DEADLINE TO FILE AN ADDENDUM TO THE PROGRAM GUIDE REGARDING MENTAL HEALTH CRISIS BED TIMELINE EXCEPTIONS AND TO CONTINUE THE AUGUST 29, 2017 EVIDENTIARY HEARING AND RELATED DEADLINES**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>July 27, 2017</u>, at Sacramento, California.

|  |  |
|---|---|
| T. Farster | */s/ T. Farster* |
| Declarant | Signature |

CF1997CS0003
32982136.doc