XAVIER BECERRA
Attorney General of California
WILLIAM C. KWONG
Acting Senior Assistant Attorney General
DANIELLE F. O'BANNON
JAY C. RUSSELL
Supervising Deputy Attorneys General
ELISE OWENS THORN, State Bar No. 145931
CHRISTINE M. CICCOTTI, State Bar No. 238695
CHAD A. STEGEMAN, State Bar No. 225745
TYLER V. HEATH, State Bar No. 271478
Deputy Attorneys General
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 324-4921
  Fax: (916) 324-5205
  E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**EDMUND G. BROWN JR., et al.,**<br><br>Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**DEFENDANTS' RESPONSE TO NOTICE OF RELATED CASES FILED IN *RICO v. BEARD*** |

## INTRODUCTION

Plaintiff Jorge Andrade Rico (Rico) in *Rico v. Beard*, Case No. 2:17-cv-1402 CKD (E.D. Cal.) is seeking to relate his case with *Coleman, et al., v. Brown, et al.*, Case No. 2:90-cv-00522-KJM-KJN (E.D. Cal.) on the ground that *Coleman* justified the use of Guard One. Additionally, Rico seeks to relate his case to *Matthews v. Holland*, Case No. 1:14-cv-01959-SKO (PC) and

1

*Murillo v. Holland*, No. 1:15-cv-00266-JLT (PC) (E.D. Cal.) because they allege a violation of the Eighth Amendment for use of Guard One. (ECF No. 5642.) Because these cases do not involve the same parties, similar claims or subject matter, similar events, or similar questions of law or fact, they do not meet the criteria for relating cases. Rico's request should therefore be denied.

## BACKGROUND

On July 11, 2017, Rico filed his Notice of Related Cases asserting that the cases are related because: (1) an order was issued in *Coleman* as justification for the use of the Guard One system, (2) defendants used the order to support their qualified immunity defense, and (3) a judge presiding over another case could not issue Rico's injunctive relief because comity must be given to the *Coleman* order. (ECF No. 5642 at 1.) This Court invited the parties in the related cases to submit a response to Rico's Notice of Related Cases. (ECF No. 5643.)

Rico, Mathews, and Murillo filed complaints alleging that they suffered harm in the form of sleep deprivation resulting from the California Department of Corrections and Rehabilitation's (CDCR) implementation of the Guard One system. Guard One is a suicide prevention measure that requires security and welfare checks for inmates housed in segregated housing units. Rico further alleges that that these welfare checks deprived him of sleep, resulting in various adverse physical and psychological effects.

*Coleman* is a long-running class action concerning mental-health care for California inmates statewide, in the compliance stage. The Guard One security and welfare checks policy was approved by this Court in its February 3, 2015 order adopting the Special Master's expert's recommendations on suicide prevention (ECF No. 5271.)

## ARGUMENT

These cases should not be related. Eastern District Civil Local Rule 123 provides that cases may be related when: (1) they involve the same parties and are based on the same or a similar claim; (2) they involve the same property, transaction, or event; (3) they involve similar questions of fact and the same question of law, provided that relation is likely to substantially impact judicial efficiency; or (4) there would be a substantial duplication of labor unless the cases were related. E.D. Cal. Local Rule No. 123. None of these factors are met here. The cases have

different parties with different claims and issues, they do not concern the same event, and relation will not substantially impact judicial efficiency.

## I. THE CASES DO NOT INVOLVE THE SAME PARTIES.

*Coleman* and the three individual cases do not involve the same parties. Coleman involves a plaintiff class of "all inmates with serious mental disorders who are now or who will in the future be confined within the California Department of Corrections." (Order, Oct. 24, 1991, Doc. No. 103.) Plaintiffs in *Rico, Murillo, and Matthews* are not members of the *Coleman* class. Nor are the defendants the same. *Coleman* involves defendants acting only in their official capacities: the Governor, CDCR Secretary Scott Kernan, and the Directors of the Department of State Hospitals and the Department of Finance. There are no common defendants in *Murillo* or *Matthews,* and the only common defendant in *Rico* is J. Beard, former Secretary of CDCR. As a result, *Coleman* is not related to *Rico* under Local Rule 123(a)(1).

## II. THE CASES DO NOT SHARE THE SAME CLAIMS, PROPERTIES, TRANSACTIONS OR EVENTS.

The cases do not involve the same property, transaction, or event as *Coleman*. *Coleman* involves the provision of mental health services to a class of mentally ill inmates, and the Guard One protocol is but one small piece of those services.

The claims in *Rico* relate to how Guard One was implemented, specifically in Pelican Bay's Security Housing Unit (SHU), and the discomfort it allegedly caused Rico, a single, non-class-member inmate. (*Rico v. Beard*, Case No. 2:17-cv-1402 CKD, ECF No. 38, ¶¶ 22–45.)

The claims in *Murillo* and *Matthews* concern the implementation of Guard One, specifically in the California Correctional Institution's Administrative Segregation Unit, and the discomfort it allegedly caused Plaintiffs Murillo and Matthews, non-class-member inmates. (*Murillo v. Holland*, No. 1:15-cv-00266-JLT (PC), ECF No. 52; and *Matthews v. Holland*, No. 1:14-cv-01959-SKO (PC), ECF No. 22.)

In each of the individual cases, plaintiffs allege they have been harmed as a result of CDCR's adoption and implementation of a security and welfare check policy. The policy has been reviewed and approved by this Court as part of CDCR's suicide prevention policies. The

individual cases do not relate to suicide prevention efforts. Instead, they allege that the individual plaintiffs were harmed as a result of implementation of the Guard One system at specific prisons. Plaintiffs assert no claims related to CDCR's provision of mental-health care to inmates under the Eighth Amendment, as alleged in *Coleman*.

*Rico, Murillo*, and *Matthews* share few, if any, overlapping questions of law or fact with *Coleman*. The legal and factual questions in *Coleman* relate to the quality and quantity of mental health services provided to a particular class of CDCR inmates. *Rico, Murillo*, and *Matthews*, by contrast, relate to whether the noise created by Guard One checks in segregated housing units at Pelican Bay and the California Correctional Institution violate the constitutional rights of non-class-member inmates who are no longer housed in those segregated housing units. (*See Rico v. Beard*, Case No. 2:17-cv-1402 CKD, ECF No. 38, ¶¶ 54–57; *Murillo v. Holland*, No. 1:15-cv-00266-JLT (PC), ECF No. 52, pp. 3 - 6; and *Matthews v. Holland*, No. 1:14-cv-01959-SKO (PC), ECF No. 22, ¶¶ 8, 24, 27 and 33.)

The underlying factual issues in *Rico, Murillo*, and *Matthews* will be directed to what happened in Pelican Bay and the California Correctional Institution during the period when the plaintiffs in those actions were held in their respective segregated housing units, none of which are directly at issue in *Coleman*. The cases are not related to *Coleman* under Local Rule 123(a)(3).

### III. RELATING THE CASES WOULD NOT PREVENT AN UNDULY BURDENSOME DUPLICATION OF LABOR AND EXPENSE NOR SUBSTANTIALLY IMPROVE JUDICIAL ECONOMY.

Relating *Matthews, Murillo* and *Rico* to *Coleman* will not conserve judicial resources or effort because none of the harm alleged by the individual defendants in those cases has been or will be briefed or adjudicated in *Coleman*. Although the three cases tangentially relate to unproven allegations that the implementation of the Guard One system caused sleep deprivation, this Court did not issue any findings of fact on those unverified and unfounded allegations. There will be no unduly burdensome duplication of labor or expenses without relation.

Any judge can review the orders in *Coleman* and analyze whether Defendants were complying with them. Institutional knowledge of the *Coleman* litigation would be of little or no

help in that endeavor. To the extent the plaintiffs in *Matthews, Murillo* and *Rico* challenge the constitutionality of the *Coleman* orders as applied to them, there would still be no duplication of labor. The *Coleman* court is not uniquely positioned to pass on the constitutionality of its orders as applied to non-parties—any U.S. district court could do that. There would be little, if any, judicial economy gained from insisting that one judge handle *Matthews, Murillo, Rico* and *Coleman.*

## CONCLUSION

The only thing *Matthews, Murillo* and *Rico* have in common with *Coleman* is the existence of a policy implemented by CDCR. That common element is not sufficient to meet the requirements under Local Rule 123(a) to relate the cases to *Coleman.* Such a result would be an absurdity and would result in hundreds of inmate cases being related. Because the cases that Rico seeks to relate to *Coleman* have different parties with different claims and issues, and do not concern the same events, relating the cases will not result in judicial economy and Rico's request should be denied.

Dated: July 28, 2017                                   Respectfully submitted,

                                                                           XAVIER BECERRA
                                                                           Attorney General of California
                                                                           DANIELLE O'BANNON
                                                                           Supervising Deputy Attorney General

                                                                           */s/ Elise Owens Thorn*

                                                                           ELISE OWENS THORN
                                                                           Deputy Attorney General
                                                                           *Attorneys for Defendants*

CF1997CS0003
Response to Notice of Related Cases Filed in Rico v Beard