IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.
    Plaintiffs,

    vs.                           No. CIV S-90-0520 KJM DB P

EDMUND G. BROWN, et al.
    Defendants

SPECIAL MASTER'S REPORT ON
HIS EXPERT'S SECOND RE-AUDIT AND UPDATE ON SUICIDE PREVENTION
PRACTICES IN THE PRISONS OF THE CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION

    This report by the *Coleman* Special Master accompanies his expert Lindsay Hayes' Report, "A Second Re-Audit and Update on Suicide Prevention Practices in the Prisons of the California Department of Corrections and Rehabilitation (CDCR)." Mr. Hayes' report is a follow-up to his second report to the Special Master and the Court on suicide prevention practices in CDCR prisons, "A Re-Audit of Suicide Prevention Practices in the Prisons of the California Department of Corrections and Rehabilitation," filed on January 13, 2016 (ECF 5396). These reports are submitted as part of the Special Master's continuing review of the Defendants' compliance with court-ordered remediation in this matter.

    In his preceding report, "Special Master's Report on His Expert's Re-Audit and Update on Suicide Prevention Practices in the Prisons of the California Department of Corrections and Rehabilitation" (ECF 5395), the Special Master provided a brief historical outline of the efforts which led to the current report.

> The origin of these reports is found in this Court's order of July 12, 2013, directing the establishment of the Suicide Prevention Management Workgroup

1

(SPMW), made up of representatives of the *Coleman* parties and working under the guidance of the Special Master to address and resolve the problem of persistently elevated rates of suicide among inmates housed in CDCR prisons. (ECF 4693)

The SPMW was organized and held its first meeting on July 31, 2013. Early on, its members concluded that they required an expert assessment of current suicide prevention practices in CDCR prisons. As a result, with the agreement and consent of the parties and on the Special Master's recommendation, Mr. Hayes was appointed as an expert by the *Coleman* Court to the Special Master's staff on October 10, 2013 to assist with addressing issues surrounding prevention of inmate suicides. (ECF 4857). Mr. Hayes is a nationally-recognized expert in the field of suicide prevention in the correctional setting, currently serving as the Project Director for the National Center on Institutions and Alternatives while continuing his ongoing suicide-prevention work across the United States and his publication of numerous professional books and articles on the subject.

Mr. Hayes' initial audit began on November 12, 2013 and concluded on July 24, 2014, covering all 34 CDCR prisons. It resulted in his comprehensive initial audit report containing 32 specified recommendations, 'An Audit of Suicide Prevention Practices in the Prisons of the California Department of Corrections,' filed on January 14, 2015 (ECF 5259). On February 3, 2015, the *Coleman* court directed the Defendants to adopt the recommendations in that report and to work with the Special Master in the SPMW, and otherwise as may be necessary, on the development of strategies and the implementation of the changes and practices contained in those recommendations. In the same order, the Court also directed the Special Master to provide an update to the Court on Defendants' progress in implementing suicide prevention policies and practices. (ECF 5271)

Mr. Hayes' first re-audit began on February 4, 2015 and concluded on July 24, 2015, covering 18 prisons. His resulting report, "A Re-Audit of Suicide Prevention Practices in the Prisons of the California Department of Corrections and Rehabilitation," filed January 13, 2016 (ECF 5396), included a recommendation that there be a further re-audit of those prisons which chronically struggled with their suicide prevention programs, as well as almost all prisons that contained MHCB units. On April 4, 2016, the *Coleman* Court adopted Mr. Hayes' report in full. (ECF 5429)  The report filed herewith is submitted as an update to Mr. Hayes' January 13, 2016 report.

2

For his second re-audit, Mr. Hayes selected 23 prisons based on the criteria outlined above.  Like Mr. Hayes' previous audits, his second re-audit consisted of both on-site institutional inspections and reviews of inmate suicide case files from the selected institutions.  The second re-audit began on February 23, 2016 and concluded on November 9, 2016.

On June 26, 2017, Mr. Hayes' second re-audit report was distributed in draft form to the *Coleman* parties for comment and/or objections to be submitted to the Special Master no later than 30 days thereafter.  On July 26, 2017, *Coleman* plaintiffs' counsel timely submitted their written response to the Special Master.  It offered comments on the second re-audit report, and no objections.  Defendants did not submit objections or comments to the draft report.

At the time of the writing of Mr. Hayes' first re-audit report, further discussion on three of the initial 32 recommendations had been postponed for six months and therefore remained unresolved.  Recommendations 14, 15, and 16[1] related to the use of suicide-resistant cells for newly-admitted inmates in administrative segregation.  Subsequently, as the SPMW continued its work, discussions on those recommendations recommenced.  As outlined in his second re-audit report, following a review of provided data, as well as careful consideration of additional factors, Mr. Hayes determined that Recommendations 14, 15 and 16 were no longer warranted.  Accordingly, on page seven of his report, Mr. Hayes recommends the withdrawal of all three recommendations.

---

[1] Recommendation 14:  Any inmate discharged from suicide observation status and arriving in administrative segregation from either an MHCB or alternative housing should be initially housed in a suicide-resistant, retrofitted cell until such time as recommended by the mental health clinician as part of an individual treatment plan; Recommendation 15: Newly admitted administrative segregation inmates should not be considered protected from suicide risk by being double-celled.  They should be placed in suicide-resistant, retrofitted cells; Recommendation 16:  Based on current data indicating that risk of suicide in administrative segregation extends well beyond the first 72 hours there, CDCR, under the guidance of the Special Master, should study and determine a more appropriate and effective minimum length of stay in suicide-resistant retrofitted cells for newly admitted inmates.

In their submitted comments to Mr. Hayes' second re-audit report, Plaintiffs noted the possibility that the balance of factors supporting Mr. Hayes' withdrawal of the recommendations could change. In view of this, Plaintiffs requested that Mr. Hayes revisit the three recommendations should future data and analysis support reconsideration.

Based upon the reasoning set forth in his second re-audit report, the Special Master concurs with Mr. Hayes' recommendation. Accordingly, the Special Master requests that the Court adopt the recommendation and modify the February 3, 2015 court order (ECF 5271) to reflect the withdrawal of Recommendations 14, 15 and 16 from the 32 recommendations contained in Mr. Hayes' initial audit report.

On page 21 of his second re-audit report, Mr. Hayes recommends that Defendants continue their efforts to fully implement the remaining 29 recommendations from his initial audit report (ECF 5259), as well as develop corrective action plans based upon deficiencies found in his most recent assessment. The Special Master is in full agreement with Mr. Hayes' recommendations, continues to recognize the value of the work accomplished by the SPMW, and appreciates Defendants' ongoing efforts to implement Mr. Hayes' initial recommendations.

On page 23 of his second re-audit report, and as in previous reports, Mr. Hayes proposes a further re-audit of those prisons which chronically struggle with their suicide prevention programs. This would (a) promote the continued provision of technical assistance related to efforts surrounding suicide prevention practices, (b) provide a means for measurement of the sustainability of Defendants' corrective actions and the efficacy of CDCR's Continuous Quality Improvement process as it relates to suicide prevention, and (c) possibly result in the continued reduction of the number of and rate of inmate suicides throughout CDCR prisons.

The Special Master also agrees with Mr. Hayes' recommendation that he re-inspect those prisons described in the foregoing paragraph. Accordingly, such further re-inspections have already begun in order to serve the interests indicated above and continue toward the goal of reducing the number and rate of inmate suicides in CDCR prisons.

As the Special Master previously reported, the amount and significance of the work that has been done by the SPMW and Mr. Hayes to reduce suicides in CDCR prisons has been considerable. The work that remains to be done should continue to completion.

In view of all of the foregoing, the Special Master requests:

(1) That the Court adopt the recommendation to withdraw Recommendations 14, 15, and 16 and modify the February 3, 2015 court order (ECF 5271) to reflect their withdrawal from the 32 recommendations contained in Mr. Hayes' initial audit report;

(2) That the Court order Defendants to continue to implement the remaining 29 initial recommendations and develop corrective action plans based upon deficiencies found in Mr. Hayes' most recent assessment; and

(3) That the Court order the Special Master to provide an update report to the Court on the status of Defendants' continued implementation of the initial recommendations and the development of related corrective action plans.

Respectfully submitted,

/s/

Matthew A. Lopes, Jr., Esq.
Special Master

September 7, 2017