DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LISA ELLS – 243657
KRISTA STONE-MANISTA – 269083
JENNY S. YELIN – 273601
MICHAEL S. NUNEZ – 280535
JESSICA WINTER – 294237
ROSEN BIEN
GALVAN & GRUNFELD LLP
50 Fremont Street, 19th Floor
San Francisco, California 94105-2235
Telephone: (415) 433-6830

RANJINI ACHARYA – 290877
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, California 94111-5994
Telephone: (415) 882-8200

CLAUDIA CENTER – 158255
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111-4805
Telephone: (415) 621-2493

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>   Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**PLAINTIFFS' EVIDENTIARY OBJECTIONS RE: DEFENDANTS' BRIEF ON TRANSFERS TO CRISIS BEDS**<br><br>Judge: Hon. Kimberly J. Mueller<br>Date: September 28, 2017<br>Time: 10:00 AM |

Defendants have filed three declarations in support of their "Brief on Obstacles to Full Compliance with Program Guide Transfer Timelines for Crisis Beds," ECF No. 5680. ECF Nos. 5680-1, 5680-9, and 5680-10. These declarations and their attached evidence are rife with evidentiary shortcomings and should be excluded to the extent they violate the

Federal Rules of Evidence, as detailed below.

## I. DEFENDANTS' DECLARATIONS SHOULD BE EXCLUDED INSOFAR AS THEY CONTAIN IMPROPER AND INADMISSIBLE EVIDENCE

### A. Summary of Evidentiary Objections

Defendants' lay witness declarants offer testimony that does not meet the Federal Rule of Evidence 602 requirement that a witness to testify "*only if* evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter" (emphasis added).  Instead, Defendants' declarants proffer expert testimony despite being unqualified to do so.  This testimony contravenes the requirements of Federal Rule of Evidence 701, which provides that non-expert "testimony in the form of an opinion is limited to one that is:  (a) rationally based on the witness's perception, (b) helpful to … determining a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge."  Such statements also violate Federal Rule of Evidence 702, which sets forth the specific requirements as to who may provide expert testimony.

The declarations contain various data, charts and tables presenting statistics and other information that are offered with no explanation of the source of the data and the methodology by which the data was compiled or how the various charts were prepared. Without adequate authentication of the data itself or of the summary charts, this evidence lacks sufficient authentication that it is true and accurate as required by Federal Rule of Evidence 901.

Finally, Federal Rule of Evidence 1006 allows the use of summaries of complex records only when the underlying data has been provided to both parties.  In various cases, as detailed below, Defendants have not identified the source of the data purportedly summarized in their declarations and exhibits and have not provided it to Plaintiffs.

### B. Evidentiary Objections to the Declaration of Nick Weber, ECF No. 5680-1

#### 1. Weber Declaration Paragraphs 4 and 5 and Exhibits 3 and 4

In paragraphs 4 and 5 of Mr. Weber's declaration, he attests to nothing more than sending Plaintiffs two letters with enclosed data on July 21, 2017 and August 2, 2017,

1   which are attached as Exhibits 3 and 4, respectively.  Both the data enclosures and the July

2   21 and August 2 letters themselves contain multiple charts, graphs, and tables, as well as

3   statistics.  Mr. Weber's declaration is devoid of any information regarding who assembled

4   this data or created the related charts, graphs, and tables in Exhibits 3 and 4.  The

5   declaration also does not identify the source(s) for the underlying data, or how that data

6   were selected, analyzed, or calculated and by whom.  As such, Exhibits 3 and 4 lack

7   sufficient indicia of reliability and personal knowledge to support their admission under

8   Rules of Evidence 602 and 901.

9        Finally, Federal Rule of Evidence 1006 allows the use of summaries of complex

10  records only when the underlying data has been provided to both parties; Defendants have

11  not provided the raw data underlying these Exhibits to Plaintiffs, and in many cases the

12  sources for that data are not even identified in the Exhibits themselves.

13               2.     **Weber Declaration Paragraph 7 and Exhibit 6**

14       Paragraph 7 of Mr. Weber's declaration authenticates a flowchart of crisis bed

15  referral and transfer processes previously provided to Plaintiffs by Defendants.  While the

16  documents attached as Exhibit 6 were those previously provided, they contain no

17  explanation of how they were prepared or by whom, and lack adequate foundation to

18  constitute evidence without further indicia of accuracy and reliability.  *See* Fed. R. Evid.

19  901.  They contain numerous and extensive factual statements about Defendants' processes

20  and purported obstacles to compliance with Program Guide timeframes, but none of

21  Defendants' declarants attest to personal knowledge of their contents or accuracy.  *See*

22  Fed. R. Evid. 901.

23       **C.    Evidentiary Objections to the Declaration of Brittany Brizendine, ECF
              No. 5680-9**

24

25               1.     **Brizendine Declaration Paragraph 4**

26       Dr. Brizendine attests to the blanket statement that all patients in alternative housing

    "are observed on a continuous basis and receive a suicide resistant bed, a safety blanket,

27  and a safety smock."  Yet she provides no basis for concluding she has personal

28

[3173238.4]

knowledge of this fact (or of any fact in her declaration, which lacks an attestation of personal knowledge pursuant to Rule 602). Dr. Brizendine does not, for instance, state that she has ever surveyed or personally reviewed all of the alternative housing locations used throughout CDCR's thirty-four prisons to determine if patients are provided with beds, blankets, or safety smocks, nor does she provide details of any other process by which she could have gained personal knowledge of this fact. To the extent Dr. Brizendine relied on the unidentified statements of others in formulating her statement, those statements are hearsay. *See* Fed. R. Evid. 801. Personal knowledge regarding the conditions of every alternative housing location across the system also cannot be inferred from her current administrative position, in which she "assist[s] in the supervision and management of the mental health system's headquarters and regional operations," or from her previous positions at three specific institutions that predated her administrative role. Her testimony therefore is inadmissible under Federal Rule of Evidence 602.

### 2. **Brizendine Declaration Paragraph 9**

Dr. Brizendine testifies that, under Defendants' proposal, patients would be "kept safe in alternative housing" while awaiting an in-person evaluation, and that the additional time those patients would spend in alternative housing would be "brief." These purely hypothetical statements are unsupported by any facts or other evidence and thus lack foundation, and additionally are beyond her personal knowledge as either a lay or expert witness. *See* Fed. R. Evid. 602, 701, 702, 901. Furthermore, because the statement is entirely based on conjecture but promises positive outcomes for Defendants, it is misleading, irrelevant, and unhelpful to the Court as a trier of fact. *See* Fed. R. Evid. 401, 403.

### 3. **Brizendine Declaration Paragraphs 5-7 & 10**

Dr. Brizendine's declaration largely consists of expert conclusions that are inadmissible as lay witness testimony. Dr. Brizendine's declaration does not purport to meet the requirements of Federal Rule of Evidence 702, yet she makes sweeping judgments, including as to what is the "necessary" rate of referrals and rescissions across

CDCR (¶ 5); whether use of on-call clinicians leads to "a higher number of rescissions" (¶ 5); what is the "preferable" method of assessing a patient's need for a crisis bed referral (¶ 6); why only a "face-to-face evaluation" can "allow[] clinicians to differentiate a patient's needs" (¶ 6); whether eliminating on-call referrals would "reduce unnecessary referrals and … rescission rates" (¶ 7); what types of referrals are "unnecessary" in her opinion (¶ 7, 10); and whether on-call clinicians are unable to conduct "the assessment necessary to differentiate between an appropriate and inappropriate referral" (¶ 10). All of these are expert judgments and should be stricken when presented under the guise of lay witness testimony, particularly since she provides no basis for understanding how they could be rationally based on her personal perception. *See* Fed. R. Evid. 701, 901.

**D.  Evidentiary Objections to the Declaration of Katherine Tebrock, ECF No. 5680-10**

1.  **Tebrock Declaration Paragraphs 6-8**

Paragraph 6 of Ms. Tebrock's declaration recites extensive data regarding crisis bed transfers in 2016 and 2017, with no explanation of the source of the data and no explanation of how Ms. Tebrock's numbers were gathered or by whom. The declaration does not provide evidence sufficient to demonstrate any basis for the declarant's personal knowledge of these numbers. *See* Fed. R. Evid. 602, 901.

Finally, Federal Rule of Evidence 1006 allows the use of summaries of complex records only when the underlying data has been provided to both parties; Defendants have not identified the source of the data used to prepare Paragraphs 6-7 and have not provided it to Plaintiffs; although the source of the data cited in Paragraph 8 is identified, the underlying data has not been provided.

2.  **Tebrock Declaration Paragraph 9**

Paragraph 9 of Ms. Tebrock's declaration includes extensive calculations purportedly drawn from Exhibit 7 to the accompanying declaration of Nick Weber, filed at ECF No. 5680-8. Ms. Tebrock does not explain how these calculations were performed or by whom. The declaration does not provide evidence sufficient to demonstrate any basis

for the declarant's personal knowledge of these numbers. *See* Fed. R. Evid. 602, 901.

### 3. **Tebrock Declaration Paragraphs 11-18, 20, 23, 26**

These paragraphs contain numerous broad and vague statements regarding the processes of referral, assignment, and transport to mental health crisis beds. To the extent that any specific source is cited, it is to Exhibit 6 of the accompanying declaration of Nick Weber, filed at ECF No. 5680-7. As described above, the flowcharts presented in Exhibit 6 lack foundation and adequate indicia of reliability. Ms. Tebrock's declaration contains no attestation supporting her "personal knowledge" of the numerous facts set forth in her declaration on these topics, as required for a declaration submitted under Rule 602, and the facts otherwise lack foundation under Rule 901.

### 4. **Tebrock Declaration Paragraph 36**

Ms. Tebrock opines that Defendants' existing policy "results in premature referrals, particularly when the consultation is conducted after hours by an on-call clinician who must make a quick referral decision based on discussion with other staff by telephone, but no direct interaction with the inmate." Ms. Tebrock is not a clinician, and her declaration does not purport to meet the requirements of Federal Rule of Evidence 702. Ms. Tebrock's unsubstantiated judgment that on-call clinicians cause "premature referrals" is impermissible lay opinion testimony that should be stricken, particularly because she does not provide any factual basis for the opinion and her declaration lacks any attestation of personal knowledge. *See* Fed. R. Evid. 602, 701, 702.

DATED: September 19, 2017       Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By:  /s/ *Lisa Ells*
        Lisa Ells

Attorneys for Plaintiffs