DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LISA ELLS – 243657
KRISTA STONE-MANISTA – 269083
JENNY S. YELIN – 273601
MICHAEL S. NUNEZ – 280535
JESSICA WINTER – 294237
ROSEN BIEN
GALVAN & GRUNFELD LLP
50 Fremont Street, 19th Floor
San Francisco, California 94105-2235
Telephone: (415) 433-6830

RANJINI ACHARYA – 290877
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, California 94111-5994
Telephone: (415) 882-8200

CLAUDIA CENTER – 158255
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111-4805
Telephone: (415) 621-2493

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EDMUND G. BROWN, JR., et al., <br><br> Defendants. | Case No. 2:90-CV-00520-KJM-DB <br><br> **PLAINTIFFS' SUPPLEMENTAL EVIDENTIARY OBJECTIONS RE: DEFENDANTS' REPLY TO PLAINTIFFS' OPENING BRIEF REGARDING OBSTACLES TO TIMELY ACCESS TO MENTAL HEALTH CRISIS BEDS** <br><br> Judge: Hon. Kimberly J. Mueller <br> Date: September 28, 2017 <br> Time: 10:00 AM |

Defendants have filed two supplemental declarations in support of their Reply to Plaintiffs' Opening Brief Regarding Obstacles to Timely Access to Mental Health Crisis Beds, ECF No. 5688. The declarations were filed as part of ECF No. 5688, at pages 16 to

18 and 19 to 22.  These supplemental declarations are rife with evidentiary shortcomings and should be excluded to the extent they violate the Federal Rules of Evidence, as detailed below.

## I. DEFENDANTS' SUPPLEMENTAL DECLARATIONS SHOULD BE EXCLUDED INSOFAR AS THEY CONTAIN IMPROPER AND INADMISSIBLE EVIDENCE.

### A. Summary of Evidentiary Objections

Defendants' lay witness declarants offer testimony that does not meet the Federal Rule of Evidence 602 requirement that a witness to testify "*only if* evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter" (emphasis added).  Instead, Defendants' declarants proffer expert testimony despite being unqualified to do so.  This testimony contravenes the requirements of Federal Rule of Evidence 701, which provides that non-expert "testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception, (b) helpful to … determining a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge."  Such statements also violate Federal Rule of Evidence 702, which sets forth the specific requirements as to who may provide expert testimony.

The declarations also contain statements of purported fact, without explanation regarding the declarant's basis in personal knowledge of the asserted facts.  Such evidence lacks sufficient authentication that it is true and accurate as required by Federal Rule of Evidence 901.

Finally, the declarations contain irrelevant, unduly prejudicial, and therefore inadmissible, evidence.  *See* Fed. R. Evid. 401, 402, 403.  Several of the statements included in the declarations are cited nowhere in Defendants' reply brief.  The facts embodied in those statements are not "of consequence in determining the action," Fed. R. Evid. 401(b), and should be excluded pursuant to Federal Rule of Evidence 402, which makes irrelevant evidence inadmissible.  Similarly, the declarations contain vague, overbroad, misleading, and confusing factual statements whose probative value is outweighed by their potential to prejudice Plaintiffs unduly.  *See* Fed. R. Evid. 403.

B. **Evidentiary Objections to the Supplemental Declaration of Katherine Tebrock, ECF No. 5688 at Pages 16-18**

1. Tebrock Declaration Paragraph 5

Paragraph 5 of the Tebrock declaration should be excluded for at least two reasons. First, pursuant to Rule 403, it should be excluded as unduly prejudicial, confusing, and misleading. Paragraph 5 states: "To process after-hours crisis-bed referrals at institutions that do not have late night or weekend clinical staff available, CDCR is able to call its on-call clinicians to return to the institution the following day or on a weekend day to provide the required face-to-face assessments." Defendants represented to Plaintiffs on September 8, 2017 that they did not have information regarding how they would process MHCB referrals on weekends, given that several institutions lack on-site clinical staff on the weekends. Defendants also conceded that the parties had never resolved how institutions would process after-hours MHCB referrals because CDCR institutions all have different clinical staffing hours. *See* Declaration of Jessica Winter in Support of Plaintiffs' Opening Brief re Obstacles to Timely Access to Mental Health Crisis Beds, ECF No. 5679, at ¶ 4 & Ex. B. Likewise, Ms. Tebrock's statement is confusing and misleading because it does not explain why Defendants cannot require on-call clinicians to come in overnight, if they are able to do so on the weekend. Defendants' about-face at this juncture risks unduly prejudicing Plaintiffs, misleading the Court, and/or confusing the issues. For that reason, paragraph 5 of the Tebrock declaration should be excluded pursuant to Rule 403.

Paragraph 5 should also be excluded because Ms. Tebrock provides no basis to conclude she can attest with personal knowledge that CDCR's on-call clinicians will return in person to the institutions lacking late night or weekend coverage to process referrals on the weekends and on mornings following after-hours referrals, *see* Fed. R. Evid. 602, 901, and her statement seems dubious on its face given CDCR's chronic difficulty ensuring sufficient clinical staffing, especially during non-business hours. *See* Defendants' Reply to Plaintiffs' Opening Brief Regarding Obstacles to Timely Access to Mental Health Crisis Beds, ECF No. 5688 ("Defs' Reply"), at 11 (noting nationwide clinical staffing shortage

"severely affects Defendants' ability to hire staff to work during normal business hours, let alone at night"). Ms. Tebrock has not attested, for example, that she has confirmed the representation in her declaration with the on-call clinicians in question or the local management at the institutions she describes. Paragraph 5 is inadmissible pursuant to Federal Rules of Evidence 602 and 901.

### C. Evidentiary Objections to the Supplemental Declaration of B. Brizendine, ECF No. 5688 at Pages 19-22

1. Brizendine Declaration Paragraph 4

Paragraph 4 of the Brizendine declaration purports to discuss what is done with "each" patient placed in alternative housing pending an MHCB referral. While Dr. Brizendine may be aware of CDCR's general policies regarding alternative housing, she cannot testify as to actual practices at CDCR's 34 institutions; she lacks the personal knowledge necessary to do so. *See* Fed. R. Evid. 602, 901. Indeed, the parties agree that real practice at CDCR institutions can differ wildly from policy. *See* Plaintiffs' Opening Brief re: Obstacles to Timely Access to Mental Health Crisis Beds, ECF No. 5677, at 9 (noting failures to observe class members in alternative housing properly and that certain institutions held suicidal class members in cages with no beds for up to eight hours a day or overnight, while other institutions handcuffed suicidal patients to gurneys for days); Defs' Reply at 7, 9 (claiming that practices like these occur at "outlier" institutions). Furthermore, headquarters staff are not always aware of local institutions' alternative housing practices. *See* Declaration of Krista Stone-Manista in Support of Plaintiffs' Opening Brief re: Obstacles to Timely Access to Mental Health Crisis Beds, ECF No. 5678, at ¶¶ 4, 5 (noting that headquarters staff was unaware of Salinas Valley State Prison's widespread and dangerous deviations from alternative housing policy until CQIT and Hayes tours); *see also* Defs' Reply at 9 (stating that the dangerous alternative housing practices at SVSP stopped only "when they were brought to CDCR's attention").

The last sentence of Paragraph 4 of the Brizendine declaration should also be excluded because Dr. Brizendine is not an expert who can opine as to the fact that the

4
Case No. 2:90-CV-00520-KJM-DB
PLAINTIFFS' SUPPLEMENTAL EVIDENTIARY OBJECTIONS RE: DEFENDANTS' BRIEF ON TRANSFERS TO CRISIS BEDS

[3176432.6]

practices in alternative housing decrease the risk of self-harm and "allow for a high rescue probability." *See* Fed. R. Evid. 701, 702.  Dr. Brizendine does not otherwise provide a basis for her knowledge of the likelihood of rescue probability. *See* Fed. R. Evid. 602, 901.

### 2. Brizendine Declaration Paragraph 7

Portions of paragraph 7 of the Brizendine declaration are inadmissible because Dr. Brizendine lacks personal knowledge of the facts she asserts therein and is not qualified to opine as an expert on those facts.  In relevant part, paragraph 7 states: "One of the reasons after-hours referrals are rescinded is because the initial referrals are made at night, without the benefit of a full and complete face-to-face clinical assessment. . . . [Existing] policy is clinically appropriate, but with an emphasis on keeping a patient safe, [it] can lead to false-positive referrals."

With regard to the first sentence, Dr. Brizendine provides no basis in personal knowledge, statistics, studies she is familiar with or has conducted, or similar analyses for her opinion that referrals are rescinded after-hours because they do not involve face-to-face evaluations.  *See* Fed. R. Evid. 602, 901.  Moreover—even assuming Defendants' data regarding rescission rates aligned with their assertions regarding the importance of face-to-face clinical evaluations for after-hours referrals, which it does not—Dr. Brizendine has not been qualified as an expert to opine on this topic.  *See* Fed. R. Evid. 701, 702.

With regard to the second quoted sentence, Dr. Brizendine is not an expert qualified to opine regarding whether CDCR's alternative housing policy is clinically appropriate, or regarding the likelihood of false-positives arising from current policy.  *See* Fed. R. Evid. 701, 702.  Both quoted sentences of this paragraph should be stricken as inadmissible.

### 3. Brizendine Declaration Paragraph 8

In paragraph 8 of her declaration, Dr. Brizendine opines on various factors purportedly explaining the varied rescission rates at different CDCR institutions.  Just as with paragraph 4 and the quoted portions of paragraph 7 of her declaration, Dr. Brizendine does not have a basis in personal knowledge to opine regarding the reasons causing

rescission rates to vary across the 34 institutions, *see* Fed. R. Evid. 602, 901, nor has she been qualified as an expert to do so, *see* Fed. R. Evid. 701, 702.

        4.      Brizendine Declaration Paragraphs 6, 7, and 8

In addition, paragraphs 6, 7, and 8 of the Brizendine declaration should be stricken as irrelevant. *See* Fed R. Evid. 401, 402. Those paragraphs are cited nowhere in Defendants' brief, and therefore are not "of consequence in determining the action." Fed. R. Evid. 401(b). Irrelevant evidence is inadmissible. Fed. R. Evid. 402.

DATED: September 23, 2017      Respectfully submitted,

                                          ROSEN BIEN GALVAN & GRUNFELD LLP

                                          By: */s/ Jessica Winter*
                                                 Jessica Winter

                                          Attorneys for Plaintiffs