XAVIER BECERRA
Attorney General of California
WILLIAM C. KWONG
Acting Senior Assistant Attorney General
DANIELLE F. O'BANNON
JAY C. RUSSELL
DAMON G. MCCLAIN
Supervising Deputy Attorneys General
ELISE OWENS THORN, State Bar No. 145931
CHRISTINE M. CICCOTTI, State Bar No. 238695
CHAD A. STEGEMAN, State Bar No. 225745
TYLER V. HEATH, State Bar No. 271478
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7325
  Fax: (916) 324-5205
  E-mail: Tyler.Heath@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,** | 2:90-cv-00520 KJM-DB (PC) |
| Plaintiffs, | **DEFENDANTS' REQUEST FOR PRE-TRIAL CONFERENCE AND CLARIFICATION REGARDING NOVEMBER 3, 2017 PROCEEDING** |
| v. | |
| **EDMUND G. BROWN JR., et al.,** | Judge: The Honorable Kimberly J. Mueller |
| Defendants. | |

Since this Court's April 19, 2017 Order (ECF No. 5610), Defendants have worked resolutely and tirelessly to achieve full compliance with the Program Guide's timelines for transfers to the Acute Psychiatric Program and Intermediate Care Facility levels of care. (ECF No. 5717.)[1] On September 13, 2017, Defendants succeeded in ensuring that no *Coleman* class

---

[1] Defendants continue to object to the Court's determination that Defendants must perfectly comply with the Program Guide's transfer timelines in order to satisfy the Eighth Amendment's constitutional requirements. Defendants have appealed that determination. (ECF No. 5621.)

1

member referred for inpatient care is waiting beyond the Program Guide transfer timeframes (other than three patients Defendants will present to the workgroups as exceptions under the June 8, 2017 stipulation) (ECF No. 5717; ECF No. 5631.) Since that time, Defendants have been in full compliance with the Program Guide's inpatient transfer timelines and consequently also with this Court's April 19 Order.

With this context in mind, it is unclear to Defendants how the Court intends to proceed on November 3, 2017.[2] Defendants are prepared to present documentary evidence and live testimony from witnesses in order to defend against a finding of contempt and issuance of sanctions, and hereby request clarification regarding the scope and procedural elements of the November 3 hearing.

In the Ninth Circuit, a contemnor must be afforded "'reasonable notice of the specific charges and an opportunity to be heard,' and such notice of the contempt charge "must be explicit in order to conform to the requirements of due process." *Little v. Kern Cty. Superior Ct.*, 294 F.3d 1075, 1080-81 (9th Cir. 2002) (quoting *Taylor v. Hayes*, 418 U.S. 488, 500 n.9 (1974)); *see also United States v. Anderson*, No. 14-CV-01932, 2016 WL 1169309, at *2 (N.D. Cal. Mar. 25, 2016) (citing *Taylor* and *Little's* notice standard in the civil contempt context). In addition, "a civil contempt proceeding is a trial . . . rather than a hearing on a motion." *Hoffman v. Beer Drivers & Salesman's Local Union No. 888*, 536 F.2d 1268, 1277 (9th Cir. 1976). The Court cannot satisfy its most basic due process obligations for a civil contempt proceeding by only considering briefing and declarations. *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 495 (9th Cir. 1983). To defend against contempt, Defendants have a right to provide live testimony. *See In re Icenhower*, 755 F.3d 1130, 1139 (9th Cir. 2014) (evidentiary hearing required where there is a question of fact and defendant has requested "the opportunity to present its defense [against contempt] through live testimony").

Defendants intend to avail themselves of these rights, and plan to present evidence at the November 3 hearing to establish defenses against a finding of contempt, including evidence of

---

[2] The Court requested briefing concerning whether Defendants' appeal of the April 19 order denied the Court of its jurisdiction over the issues on appeal, including the contempt proceedings. (ECF No. 5641.) The Court has not ruled regarding its jurisdiction over this matter.

2

Defendants' Request for Pre-Trial Conference and Clarification Regarding November 3, 2017 Proceeding  (2:90-cv-00520 KJM-DB (PC))

Defendants' focused and ongoing efforts to comply with the April 19 Order, Defendants' substantial compliance prior to September 13, 2017, and Defendants' full compliance with the Order since September 13, 2017. *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). Defendants also plan to present documentary evidence and live testimony to show the services provided to inmates awaiting transfer and the degree of harm, if any, resulting from brief delays. All such evidence is relevant to the Court's determination of whether, in the event Defendants are found in contempt, civil monetary sanctions are appropriate and what opportunity Defendants must then be given to purge such sanctions. *See Int'l Union, UMWA v. Bagwell*, 512 U.S. 821, 836-38 (1994); ECF No. 5610 at 9 ("[w]here a fine is not compensatory, it is civil only if the contemnor is afforded the opportunity to purge") (quoting *Bagwell*, 512 U.S. at 829); *see also Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992) (noting non-compensatory civil sanction is not appropriate where a party is no longer in violation of the court order); *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986); *see also Jett v. Penner*, 439 F.3d 1091, 1096 (2006) (harm is a necessary element of a deliberate indifference claim).

For these reasons, Defendants request clarification concerning the scope of the November 3 hearing and how the Court intends to proceed. Defendants request a hearing and an opportunity to present live testimony and documentary evidence to defend against a finding of contempt and the imposition of sanctions. Defendants are prepared to present documentary evidence and call a significant number of witnesses to testify to the treatment provided to the approximately 150 inmates who may have been transferred to inpatient care outside Program Guide timelines before September 13, 2017, and were not presented to the workgroups as exceptions under the June 8, 2017 stipulation.

/ / /

/ / /

/ / /

3

Defendants' Request for Pre-Trial Conference and Clarification Regarding November 3, 2017 Proceeding (2:90-cv-00520 KJM-DB (PC))

Defendants request that this Court consider an in-person pretrial conference to discuss an appropriate schedule for briefing, exchanging exhibit and witness lists, and the presentation of Defendants' substantial evidence bearing upon contempt, defenses, and mitigation.[3]

Dated: October 19, 2017

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
DANIELLE F. O'BANNON
JAY C. RUSSELL
Supervising Deputy Attorneys General

*/s/ Tyler V. Heath*
TYLER V. HEATH
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003
33089167.docx

---

[3] Plaintiffs had previously proposed something similar: "In advance of the hearing, the parties should be ordered to submit status conference statements and any further declarations addressing whether Defendants are in contempt, including any explanations or excuses for non-compliance within the period, and the appropriateness of any monetary sanctions or alternative sanctions in light of the record." (ECF No. 5593 at 14.)

4

Defendants' Request for Pre-Trial Conference and Clarification Regarding November 3, 2017 Proceeding (2:90-cv-00520 KJM-DB (PC))