DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

MICHAEL W. BIEN – 096891
JEFFREY L. BORNSTEIN – 099358
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LISA ELLS – 243657
KRISTA STONE-MANISTA – 269083
JENNY S. YELIN – 273601
MICHAEL S. NUNEZ – 280535
JESSICA WINTER – 294237
ROSEN BIEN
GALVAN & GRUNFELD LLP
50 Fremont Street, 19th Floor
San Francisco, California 94105-2235
Telephone: (415) 433-6830

CLAUDIA CENTER – 158255
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111-4805
Telephone: (415) 621-2493

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>　　　　Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST FOR PRETRIAL CONFERENCE AND CLARIFICATION REGARDING NOVEMBER 3, 2017 PROCEEDING**<br><br>Judge: Hon. Kimberly J. Mueller |

Plaintiffs join Defendants in requesting guidance from the Court concerning the scope of the upcoming November 3, 2017 hearing. While Defendants have, pursuant to the focused efforts of the workgroup proceedings, made good progress toward compliance with inpatient transfer timelines, it is too early for this Court to assess whether those gains represent "permanent compliance with Program Guide timelines" or whether contempt findings and possible sanctions are necessary to ensure Defendants' sustained compliance with the Court's April 19, 2017 order. Apr. 19, 2017 Order, ECF 5610 at 7. A ninety-day continuance of the November 3, 2017 contempt proceedings would allow the parties and the Court to assess whether Defendants' recent compliance can be sustained.

If the Court determines that the evidentiary hearing currently scheduled for November 3, 2017 should proceed as scheduled, Plaintiffs join with Defendants in requesting guidance from the Court on the scope and procedure for the hearing. While the parties disagree about the scope of the proceedings anticipated by the April 19, 2017 order, there is a need for an orderly process that allows for development of an appropriate record, including a schedule for pre- and post-trial briefing, exchange of witness lists and documentary evidence, and possible motions in limine. The parties therefore request either that the November 3, 2017 date be utilized as a pretrial conference, with dates for further proceedings to be set, or that a pretrial conference be held sufficiently in advance of the November 3 date to provide clarity to the parties about the scope and procedure the Court wishes the parties to follow. There is a particular need for a pretrial conference because Plaintiffs' and Defendants' view of the relevant evidence at issue in the instant proceedings differs dramatically. To the extent that the Court schedules a pretrial conference prior to November 3, Plaintiffs request that it be conducted telephonically rather than in person.

Plaintiffs object to Defendants' proposal to "present documentary evidence and call a significant number of witnesses to testify to the treatment provided to the approximately 150 inmates" who the parties agree did not transfer to inpatient psychiatric care within the Program Guide requirements, and for whom Defendants have not claimed an exception.

*See* Defs' Request for Pre-Trial Conference and Clarification Regarding Nov. 3, 2017 Proceeding (Oct. 19, 2017) ECF No. 5717 at 3.  That evidence is beyond the scope of the proceedings anticipated by the April 19, 2017 order.[1]

The Court has signaled that is considering civil contempt proceedings and possible fines for the explicit purpose of "compel[ing] compliance with its orders" regarding timely access to inpatient care  Apr. 19, 2017 Order, ECF 5610 at 9.  In doing so, the Court made detailed findings of sustained prior noncompliance and placed Defendants on clear notice of what they must do in order to avoid contempt findings and/or the sanctions the Court is contemplating:  "On or before May 15, 2017, defendants shall come into full and permanent compliance with Program Guide timelines for transfer of inmate-patients to acute and intermediate care facility programs."  *Id*. at 13; *see also Cole v. U.S. Dist. Court for Dist. of Idaho*, 366 F.3d 813, 821 (9th Cir. 2004) (due process in civil contempt proceedings "requires notice of the grounds for, and possible types of, sanctions").  The Court has further offered Defendants an opportunity to purge any contempt by giving Defendants prospective notice of the possible contempt proceedings and fines, and deferring imposition of any sanctions until at least the November 3 hearing.  *Id.* at 11, 13.  Providing Defendants with the chance to purge contempt requires the Court to permit Defendants an "opportunity to reduce or avoid [a] fine through compliance."  *Id*. (quoting *International Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 829 (1994)); *see also U.S. v. United Mine Workers of America*, 330 U.S. 258, 331-23 (1947) (civil contempt requires that "by obedience to the court's valid order, [those in contempt] can end their confinement; and the court's coercive power in such a 'civil contempt' proceeding ends when its order has been obeyed").  The law governing

---

[1] Defendants have not to date provided Plaintiffs with any records or other documentary evidence they plan to present regarding these class members, or with identification of which, and specifically how many, clinician witnesses they plan to call.

contempt proceedings, and the law of this case, is clear that the scope of any contempt proceeding is thus limited to evidence regarding the steps Defendants have taken to comply with the Court's April 19, 2017 order, and to the determination of whether those efforts are sufficient to avoid a finding of contempt and/or possible imposition of fines.

The record in this matter is replete with evidence, including extensive testimony from Plaintiffs' experts, that Defendants' failure to comply with its constitutional mandate to provide timely access to inpatient psychiatric care causes individual and systemic harm. *See, e.g.*, *Coleman v. Brown*, 938 F. Supp. 2d 955, 961 (E.D. Cal. 2013).  In the course of the instant proceedings, the Court already solicited and twice considered evidence on whether class members who have been referred by their clinicians for inpatient care suffer harm when their transfers to psychiatric hospitals are delayed, before issuing its April 19, 2017 order requiring compliance with the Program Guide timelines under threat of contempt.  *See* Dec. 9, 2016 Order, ECF No. 5529 at 2-3, 5; *see also* Defs' Response to Dec. 9, 2016 Order (Jan. 13, 2017) ECF No. 5544 at 8-9 (citing Decl. of Katherine Tebrock (Jan. 13, 2017) ECF No. 5544-2 ¶ 10); Defs' Response to OSC (Nov. 22, 2016) ECF No. 5522 at 6 (citing Decl. of Katherine Tebrock (Nov. 22, 2016) ECF No. 5509-1 ¶ 6).  This Court concluded that Defendants' evidence, which consisted of blanket statements that class members awaiting inpatient care receive MHCB-level of care, at best "suggests that efforts are being made to maintain an unacceptable status quo for these inmates while access to essential inpatient care is delayed." *See* Dec. 9, 2016 Order, ECF No. 5529 at 2-3; *see also* Apr. 19, 2017 Order, ECF No. 5610 at 4-5 (noting prior multiple findings regarding the role of deliberative indifference standard and deciding "[t]he relevant inquiry at this juncture is what, objectively, is required to achieve complete remediation of the constitutional violation with respect to access to inpatient care").

In addition to the harm suffered by individual patients in need of inpatient care who do not receive that care for prolonged periods, this Court has also already found that failure to timely transfer patients referred for inpatient care has collateral harmful effects systemwide:  First, "delays in access to inpatient care create backlogs at every layer of the

MHSDS." Mar. 24, 2017 Order, ECF No. 5583 at 4 (quoting ECF No. 5529); *see also id.* at 22; *Coleman v. Brown*, 938 F. Supp. 2d at 982. Second, such delays, whether due to lack of sufficient numbers of beds or otherwise, "ha[ve] a chilling effect on identification and referral of class members to necessary hospital care." Mar. 24, 2017 Order, ECF No. 5583 at 5. Defendants' request to present extensive, case-by-case evidence about each of the patients who have waited past Program Guide timelines since May 16 is an attempt to re-litigate this Court's prior rulings and factual findings about the harm suffered by those specific patients as well as the harm suffered by other patients who were denied access to higher levels of care as a result of the bottleneck.

In short, the scope of any contempt proceeding this Court conducts is rightfully limited to Defendants' efforts to comply with the clear mandate of the Court's April 19, 2017 order to transfer all patients needing inpatient care on or after May 16, 2017 within Program Guide timelines. Extensive, patient-level evidence regarding the treatment provided to the roughly 150 class members who have waited past Program Guide timelines since May 16 does not inform that inquiry and is therefore not relevant to Defendants' ability to purge contempt and/or avoid fines for non-compliance with the Court's order, and indeed would result in the type of "micromanagement" of Defendants this Court has made clear it intends to avoid. *See* Mar. 24, 2017 Order, ECF No. 5583 at 25. And Defendants have not been prejudiced because they had multiple opportunities to present evidence of lack of harm due to non-compliance with the Program Guide in advance of this Court's April 19, 2017 order.

Accordingly, Plaintiffs propose the following three options for the Court's consideration:

(1) That the Court postpone further proceedings for a period of ninety days, in order to permit a clearer assessment of whether Defendants' recent compliance with the April order is sustainable; or in the alternative,

(2) That the November 3 hearing be converted to a pre-trial conference in order to address the issues outlined above, or

1  (3) That a telephonic pre-trial conference be held prior to the November 3 hearing,
2  to allow the parties to receive guidance from the Court regarding the scope of the hearing
3  and of the evidence to be presented.

DATED: October 21, 2017        Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By:    /s/ Lisa Ells
      Lisa Ells

Attorneys for Plaintiffs