UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No. 2:90-cv-0520 KJM DB P |
| Plaintiffs, | |
| v. | ORDER |
| EDMUND G. BROWN, JR., et al., | |
| Defendants. | |

      The court has continued the November 3, 2017 contempt hearing and set a status conference for December 20, 2017 at 10:00 a.m. Min. Order, Oct. 23, 2017, ECF No. 5720. This order explains the continuance and provides the status conference agenda.

I.     BACKGROUND

      On April 19, 2017, the court ordered defendants to "come into full and permanent compliance with Program Guide timelines for transfer of inmate-patients to acute and intermediate care facility programs." ECF No. 5610 at 13.[1] In accordance with the court's previously signaled intention to exclude certain periods from this requirement, *see id*. at 7 and ECF No. 5583 at 25, the parties were also ordered to "develop an addendum to the Program

---

[1] In this order, all references to page numbers in a document filed in the Electronic Case Filing (ECF) system of this court or the court of appeals are to the page number assigned by the ECF system and located at the top of the page.

1

Guide" identifying exceptions to the timelines. *Id*. at 13-14; *see also id*. at 7 and ECF No. 5583 at 25 (prior order signaling intent to exempt certain time periods from timeline calculations).

Defendants were further ordered to include in their monthly Census and Waitlists Report for Inpatient Mental Health care (monthly report)

> (1) the total number of inmate-patients, if any, who waited beyond Program Guide timelines for transfer to an acute inpatient mental health care program; (2) the total number of inmate-patients, if any, who waited beyond Program Guide timelines for transfer to an ICF [intermediate care facility] mental health care program; (3) the number of days each inmate-patient waited beyond Program Guide timelines; and (4) the total number of inmate-patient wait days for the month (category (1) plus category (2) plus category (3)).

ECF No. 5610 at 14. In addition,

> [p]ending development of the addendum required by paragraph 2 of this order, defendants shall include with their monthly report the total number of inmate-patient days they believe should be excluded from the total reported and an explanation why those days should be excluded.

*Id*.

By its terms, the order is "enforceable by civil contempt proceedings and, if necessary, imposition of monetary sanctions to coerce compliance." *Id*. at 13. The court set a November 3, 2017 hearing to consider "findings of contempt and requirement of payment of fines that may have accumulated on or after May 16, 2017," with the hearing to be vacated "if no fines have accumulated." *Id*. at 14.

Finally, the Special Master was ordered to "convene a workgroup to focus on outstanding issues related to compliance with the Program Guide timelines for transfer to mental health crisis beds. . . ." *Id*. The parties were required to file a joint report explaining which issues the workgroup resolved, and an evidentiary hearing was set to resolve outstanding issues related to compliance with the twenty-four hour timeline for transfer to mental health crisis bed (MHCB) care. *Id*. at 14-15. The court also ordered the workgroup to develop an addendum for exceptions to the MHCB transfer timeline. *Id*. at 15.

Defendants have appealed the April 19, 2017 order. ECF No. 5621. The appeal is still pending. *See* Court of Appeals Docket # 17-16080. The court directed the parties to file a

2

joint statement of their positions on how defendants' appeal impacts this court's jurisdiction over further proceedings. Min. Order, July 6, 2017, ECF No. 5641. In the joint statement, defendants argued that the pending appeal divests this court of jurisdiction to decide whether defendants must fully comply with the Program Guide transfer timelines and to adjudicate contempt proceedings for any such noncompliance. Joint Statement, July 20, 2017, ECF No. 5651 at 7-9. In the alternative, defendants requested the court defer the contempt hearing "to avoid the potential waste of resources in the event the Order is overturned on appeal." *Id*. at 9. Plaintiffs argued that the court retains jurisdiction over all issues because the order defendants have appealed is neither a final nor an appealable order. *Id*. at 12-16. Plaintiffs have moved to dismiss the appeal for lack of jurisdiction. Court of Appeals Docket # 17-16080, ECF No. 10. Plaintiffs' motion is fully briefed. Court of Appeals Docket # 17-16080, ECF No. 20 (plaintiffs' reply brief filed October 26, 2017).

In the meantime, the court has approved the parties' stipulations to complete and submit to the court the proposed addenda creating exceptions to the Program Guide transfer timelines by November 30, 2017. *See* ECF Nos. 5631, 5632, 5660.

At a September 28, 2017 hearing concerning obstacles to compliance with the twenty-four hour timeline for transfer to MHCB care the court noted that it anticipated considering a full report in November on the status of efforts to comply with that timeline and, as necessary, enforcement thereof. ECF No. 5707 at 5-6, 123-124; *see also* ECF No. 5710 at 2. In a follow-up order the court resolved three issues considered at the September 28, 2017 hearing. Order, Oct. 10, 2017, ECF No. 5710. Specifically, the court denied defendants' request to start the twenty-four hour referral timeline only after in-person clinical assessments and to allow inmate-patients identified as needing MHCB level care to be placed in alternative housing pending that in-person clinical assessment. *Id*. at 11-14. It also rejected defendants' practice of ending the twenty-four hour transfer timeline when an inmate-patient is placed in a transport vehicle, rather than when the inmate-patient is placed in an MHCB. *Id*. at 14-16. Finally, it required development of updated data templates for reporting on access to MHCB care. *Id*. at 16-17. In that order, the court directed the parties to be prepared at the November 3, 2017 hearing to

3

provide a filing date for a current, consolidated Program Guide incorporating all modifications required by court orders issued since March 2006. *Id*. at 16 n.6. The court further indicated that the parties should be prepared to address at that hearing what effect the court's resolution of the transportation question noted above will have on reporting going forward. *Id*. at 16.

On October 19, 2017, when the November 3 hearing still remained on calendar, defendants filed a request for clarification of the scope of that hearing and for a pretrial conference. ECF No. 5717. Plaintiffs responded on October 21, 2017. ECF No. 5719. The court has denied defendants' request for pretrial conference and clarification without prejudice, ECF No. 5720, and provides additional guidance to the parties in this order.

II.   EFFECT OF DEFENDANTS' APPEAL ON NOVEMBER 3, 2017 HEARING

It is settled that "[t]he filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). If a notice of appeal is defective "by reason of untimeliness, lack of essential recitals, or reference to a non-appealable order" and that defect "is clear to the district court," the district court "may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction." *Ruby v. Secretary of U.S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966). Where a notice of appeal's effect is unclear, the district court "may decline to act further until the purported appellee obtains dismissal of the appeal in the court of appeals." *Id*.

In this case, the question of whether the Notice of Appeal divests this court of jurisdiction turns on whether the April 19, 2017 order is non-appealable. Defendants' Notice of Appeal sheds scant light on the matter. It reads in full:

> Defendants appeal from this Court's Order of April 19, 2017 (ECF No. 5610), which requires "full and permanent compliance with Program Guide timelines for transfer of inmate-patients to acute and intermediate care facility programs." Defendants remain strongly committed to providing inmate-patients with timely access to inpatient and other appropriate care for serious mental-health needs. They also intend to comply with the obligations outlined in the appealed order—in cooperation with the

4

> Court, Special Master, and Plaintiffs—and do not anticipate seeking any stay pending appeal.
>
> However, the Order raises important underlying legal issues that are essential to properly litigating this complex and ongoing remedial class action, and that must be pursued on appeal now in order to obtain clarity and avoid a risk of procedural forfeiture. Defendants also appeal from all earlier, nonfinal orders that produced the Order and are thereby merged with it. *See Am. Ironworks & Erectors Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 897 (9th Cir. 2001).

ECF No. 5621 at 1-2. Despite defendants' representations in the Notice of Appeal, *id*. at 1, and to this court in the Joint Statement on Jurisdiction, ECF No. 5651 at 9, that they intended to comply with the April 19, 2017 order, their monthly reports filed through October 15, 2017 show 154 inmate-patients waiting a total of 444 days past Program Guide timelines for transfer to inpatient care with no identified exception excusing the delay. *See* Exhibit E to ECF Nos. 5636, 5659, 5664, 5684, 5715. This number of days represents $444,000.00 in accumulated fines as contemplated by the court's April 19, 2017 order, subject to a full show cause hearing. Because fines have accumulated, the show cause hearing will be held in the future. *See* ECF No. 5610 at 14. As set forth below, however, the court has elected to postpone the hearing during the pendency of defendants' appeal.

The parties' joint statement on jurisdiction makes clear defendants are appealing that part of the April 19, 2017 order that requires them to either fully comply with Program Guide timelines or face contempt and monetary sanctions. ECF No. 5651 at 7. In opposition to plaintiffs' motion to dismiss the appeal defendants argue the order "granted an injunction, or at a minimum, modified prior injunctive relief ordered in this case." Court of Appeals Docket # 17-16080, ECF No. 14 at 7.

Plaintiffs contend the appeal does not divest this court of jurisdiction, relying on the settled rule that "[a] civil contempt order is ordinarily not appealable until the district court has adjudicated the contempt motion and applied sanctions." *Plata v. Schwarzenegger*, 560 F.3d 976, 980 (9th Cir. 2009) (citing *SEC v. Hickey*, 323 F.3d 1123, 1127 (9th Cir. 2003)). The April 19, 2017 order neither adjudicated a contempt finding nor imposed sanctions; indeed, the order gave defendants six months to demonstrate compliance and avoid a contempt hearing. *See* ECF

5

No. 5610 at 14. Had defendants' appeal focused solely on the order's enforceability by civil contempt proceedings and coercive monetary sanctions, the court would retain jurisdiction. Yet that is not the focus of defendants' appeal.

As noted above, defendants contend that the April 19, 2017 order imposes a requirement not found in prior orders and is therefore either an injunction or a modification of existing injunctive relief. *See* ECF No. 5651 at 7-8; Court of Appeals Docket # 17-16080 at 7-8, 16. Defendants also appeal what they characterize as the court's determination that "deviation from the Program Guide timelines amounts to a violation of the Eighth Amendment's deliberate indifference standard." ECF No. 5651 at 7.

The court of appeals has jurisdiction over district court orders that grant or modify injunctions. *See Thompson v. Enomoto*, 815 F.2d 1323, 1326 (9th Cir. 1987) (quoting 28 U.S.C. § 1292(a)(1)). The April 19, 2017 order, however, did neither. Defendants were ordered in March 2006 to "immediately implement" all undisputed provisions of their remedial plan, including the timelines for transfer to acute and ICF levels of inpatient care. *See*, *e.g.*, *Coleman v. Brown*, 938 F.Supp.2d 955, 972 (E.D. Cal. 2013); ECF No. 5583 at 3-4. The April 19, 2017 order was issued to enforce these transfer timelines after a lengthy period of noncompliance. *See* ECF No. 5610 at 2, 6-7. Other than to allow clearly defined exceptions to the timelines, *see id*. at 6, 13-14, a provision not included in defendants' appeal, *see* ECF No. 5651 at 9, the April 19, 2017 order did not modify the March 2006 order. To the extent allowing for exceptions is a material modification, the modification benefits defendants. In any event, it does not appear to this court that the April 19, 2017 order is appealable under 28 U.S.C. § 1292(a)(1).

The court also is unpersuaded that defendants' argument on appeal concerning the role of deliberate indifference divests this court of jurisdiction to hear contempt proceedings arising from the fines that have accumulated. *See* ECF No. 5610 at 4-5. As explained in the April 19, 2017 order, the court has at least twice rejected defendants' argument that ongoing constitutional violations turn, at this stage of these remedial proceedings, on "'whether State officials are deliberately indifferent to serious mental-health needs.'" *Id*. at 3 (quoting ECF No. 5595 at 12); *see Coleman v. Brown*, 938 F.Supp.2d at 988-89 (rejecting argument in April 5,

6

2013 order denying defendants' motion to terminate these proceedings); *Coleman v. Brown*, 28 F.Supp.3d 1068, 1077 (E.D. Cal. 2014) (rejecting same argument in April 10, 2014 order on plaintiffs' motion to enforce court orders and for additional relief). Of these orders, defendants appealed only the April 5, 2013 order, *see* ECF No. 4577, and the parties stipulated to voluntarily dismiss that appeal. *See* Court of Appeals Docket # 13-15931, ECF No. 53 (filed May 21, 2015). Defendants did not appeal the April 10, 2014 order.

The court's prior rulings on the role of deliberate indifference remain the law of the case. *See*, *e.g.*, *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993). The court's April 19, 2017 order was preceded by an order to show cause filed March 24, 2017. ECF No. 5583. In their response, defendants argued generally and hyperbolically, and at the same time somewhat unclearly, that "perfection in meeting their own policies and guidelines should not be substituted for Eighth Amendment deliberate indifference," ECF No. 5595 at 3, and that they were not acting with deliberate indifference. *Id*. at 11. They never referenced, let alone distinguished, the court's 2013 or 2014 orders. *See id*., *passim*.

For these reasons as well, the court's April 19, 2017 order appears not to be an appealable order. However, that conclusion is not so clear from the Notice of Appeal as to warrant holding civil contempt proceedings while the appeal is pending. *Cf. Ruby v. Secretary of U.S. Navy*, *supra*. Plaintiffs' motion to dismiss the appeal is largely premised on the arguments included in their portion of the joint statement on jurisdiction. *Compare* ECF No. 5651 at 12-16 *with* Court of Appeals Docket # 17-16080, ECF No. 10, at 4-8. Thus, the jurisdictional questions that this court would have to resolve to proceed while the appeal is pending are before the court of appeals. The court therefore declines to proceed with the contempt hearing while defendants' appeal is pending.

After the court continued the contempt hearing, ECF No. 5720, plaintiffs filed a response to defendants' request for pretrial conference and clarification regarding the November 3, 2017 hearing. ECF No. 5719. Plaintiffs' response suggests, *inter alia*, that continuing the contempt proceedings for ninety days "would allow the parties and the Court to assess whether Defendants' recent compliance can be sustained." *Id*. at 2. In their October 16, 2017 monthly

7

report, defendants do report that since September 13, 2017, all inmate patients not subject to a previously agreed-upon exception have been transferred to acute or ICF inpatient care within Program Guide timelines. ECF No. 5715 at 2. With this information, the court agrees that it may be useful to assess the sustainability of defendants' most recent compliance efforts as part of any contempt proceeding. For this additional reason, the court has taken the November 3, 2017 hearing off calendar, to be reset as discussed below.

### III. DEFENDANTS' REQUEST FOR PRE-TRIAL CONFERENCE AND CLARIFICATION

As noted, defendants have requested a pre-trial conference and clarification of the scope of any contempt proceedings, ECF No. 5717, and plaintiffs have responded. ECF No. 5719. The court denied defendants' request without prejudice. ECF No. 5720. The court writes now to clarify an issue presented in defendants' request and to confirm that it will set a pre-trial conference, as appropriate, following resolution of defendants' appeal.

In their request, defendants state they "are prepared to present documentary evidence and call a significant number of witnesses to testify to the treatment provided to the approximately 150 inmates who may have been transferred to inpatient care outside Program Guide timelines before September 13, 2017, and were not presented to the workgroups as exceptions under the June 8, 2017 stipulation." ECF No. 5717 at 3. Plaintiffs object to this evidence as "beyond the scope of the proceedings anticipated by the April 19, 2017 order." ECF No. 5719 at 2-3.

In an order filed December 9, 2016, this court articulated its deep concern about defendants' assertion that inmate-patients not timely transferred to inpatient care nonetheless received "high levels of mental health care" while they were awaiting transfer. ECF No. 5529 at 2. The court specifically was not convinced by defendants' evidence "that inmate-patients who have exceeded Program Guide timelines for transfer to inpatient care in fact receive the mental health care the Constitution requires while they are waiting." *Id*. at 2. The court explained:

> As the Program Guide makes clear, each level of the MHSDS has specific admission criteria. *See* Program Guide, 2009 Revision, at 12-1-7 through 12-1-9. Referral to inpatient care "is available for

8

> inmate-patients whose conditions cannot be successfully treated in the outpatient setting or in short-term MHCB placements." Program Guide at 12-1-9. By its own terms, defendants' remedial plan makes plain that inmates referred to inpatient mental health care *cannot be successfully treated* at lower levels of care or in MHCBs. MHCBs do, under the Program Guide, provide "*short-term* inpatient care for seriously mentally disordered inmate patients awaiting transfer to a hospital program or being stabilized on medication prior to transfer to a less restrictive level of care." Program Guide at 12-1-8 (emphasis added). MHCBs are not, however, a substitute for the inpatient care provided through DSH programs. Referrals to DSH inpatient care represent the considered judgment of CDCR clinicians that those inmate patients need a higher level of care than is available in CDCR's EOP and MHCB programs.

*Id*. at 2-3 (emphasis in original). The court concluded that "at most, defendants' representation suggests that efforts are being made to maintain an unacceptable status quo for these inmates while access to essential inpatient care is delayed." *Id*. at 3.

Nowhere do defendants acknowledge the court's December 2016 order or its implications for their proposed defense to contempt proceedings in the form of individualized presentation of evidence. Moreover, the proposed defense misconstrues this court's role. It is patently not the court's role to evaluate the adequacy of care provided to individual class members who have waited beyond Program Guide timelines to be transferred to necessary inpatient hospital care; the court's job is to assess and enforce compliance with the requirements of defendants' remedial plan. The focus of any contempt hearing will be on defendants' systemic efforts to comply with the transfer timelines and to remove obstacles to compliance. The court will, at an appropriate time, set the matter as clarified for pre-trial conference and briefing.

Defendants' failure to acknowledge the December 9, 2016 order raises another concern of the court's, which has been building for at least the past two years. In its August 5, 2015 order, the court questioned the Department of State Hospital defendants' familiarity with this court's prior orders and the case history. *See* ECF No. 5333 at 2. Since then, defendants have filed briefs that fail to acknowledge or discuss prior relevant court orders. This order notes two examples: defendants' response to the March 24, 2017 order to show cause, ECF No. 5595, in which they failed to refer to prior orders on the role of deliberate indifference, and defendants' request for pretrial conference and clarification, ECF No. 5717, which fails to mention relevant

9

parts of the court's December 9, 2016 order. Similarly, as discussed in another recent order, defendants' objections to the Special Master's staffing report omitted reference to several key court orders and contained at least one representation that contradicted earlier representations contained in defendants' 2009 Staffing Plan. *See* Order filed Oct. 10, 2017, ECF No. 5711, at 14-17.

It should not have to be said: All parties to this action and their counsel must be fully familiar with the remedial plans and court orders in this case. To that end, going forward each brief filed by any party shall be accompanied by counsel's certification that they have read all court orders relevant to any issue addressed in such brief, including a list of those orders. The court suggests to the parties they may wish to develop a comprehensive agreed-upon list of controlling orders by subject area, for ease of reference in the required certifications.

IV. <u>AGENDA FOR DECEMBER 20, 2017 STATUS CONFERENCE</u>

The agenda for the December 20, 2017 status conference will be as follows:

A. Confirmation and finalization of the Program Guide addenda setting forth exceptions to the Program Guide timelines for transfer to acute inpatient care, ICF inpatient care and MHCBs, and timelines for completion of the referral process when such exceptions apply;

B. Discussion of how the court's October 10, 2017 order addressing transportation time for transfer to mental health crisis beds (MHCBs) affects future reporting;

C. Update on the effectiveness of steps defendants are taking to improve the timeliness of MHCB transfers;

D. Discussion of a timeframe for submission of new templates for reporting on MHCB transfers and for issuance of an enforcement order, if necessary, to achieve compliance with the Program Guide's twenty-four hour timeline for transfer to MHCB care; and

E. Determination of a filing date for a current, consolidated Program Guide incorporating all modifications required by court orders issued since March 2006.

With respect to item A, the court expects the parties will submit on or before November 30 a joint statement proposing language for addenda to the Program Guide as required

by this court's April 19, 2017 order and in accordance with their court-approved stipulations, ECF Nos. 5631 and 5660.

IT IS SO ORDERED.

DATED: November 3, 2017.

_____
UNITED STATES DISTRICT JUDGE