XAVIER BECERRA
Attorney General of California
MONICA N. ANDERSON
Senior Assistant Attorney General
JAY C. RUSSELL,
DANIELLE F. O'BANNON
Supervising Deputy Attorneys General
ELISE OWENS THORN, State Bar No. 145931
CHRISTINE M. CICCOTTI, State Bar No. 238695
CHAD A. STEGEMAN, State Bar No. 225745
TYLER V. HEATH, State Bar No. 271478
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7318
 Fax: (916) 324-5205
 E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**EDMUND G. BROWN JR., et al.,**<br><br>Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**SUPPLEMENTAL JOINT STATUS REPORT FOR DECEMBER 20, 2017 STATUS CONFERENCE**<br><br>Judge: The Honorable Kimberly J. Mueller |

The parties report that they have resolved the three disputes regarding the inpatient transfer timeframe exceptions addendum presented in their November 30, 2017 Joint Status Report. (ECF No. 5738.) They attach a final version of the Addendum to 12.11.2101(A) PIP Policy and Procedure Referral and Admission as Exhibit 1.

In the November 30 Joint Status Report, the parties requested briefing and Defendants indicated their intent to call witnesses to present testimony on the Court's agenda items for the December 20, 2017 status conference. (ECF No. 5738 at 6.) However, the parties agree that more time is needed to review and analyze additional data before the crisis-bed exceptions can be finalized and, with the Court's approval, the parties will continue to work through those issues in the Special Master's work groups. Given the parties' progress toward informal resolution, Defendants withdraw their request to present testimony at the December 20 status conference.

The undersigned counsel for the parties certify that they have reviewed the following relevant court orders: June 6, 1994 (Docket No. 547); September 13, 1995 (Docket No. 612); June 27, 1997 order (Docket No. 858); July 26, 1999 order (ECF No. 1055); July 3, 2000 order (ECF No. 1176); September 14, 2000 (ECF No. 1201); April 4, 2001 order (ECF No. 1262); June 27, 2001 order (ECF No. 1278); October 8, 2002 order (ECF No. 1431); March 3, 2006 order (ECF No. 1773); March 12, 2007 order (ECF No. 2158); July 22, 2011 order (ECF No. 4045); April 5, 2013 order (ECF No. 4539); August 5, 2015 order (ECF No. 5333); October 13, 2015 order (ECF No. 5367); November 17, 2016 order (ECF No. 5519); March 24, 2017 order (ECF No. 5583); April 19, 2017 order (ECF No. 5610); June 8, 2017 orders (ECF Nos. 5631 and 5632); August 14, 2017 stipulation and order (ECF No. 5660); September 22, 2017 order (ECF No. 5689); October 10, 2017 order (ECF No. 5710); November 6, 2017 order (ECF No. 5726); and the December 8, 2017 Minute Order (ECF No. 5742).

| | | |
|---|---|---|
| 1 | Dated: December 13, 2017 | Respectfully submitted, |
| 2 | | XAVIER BECERRA<br>Attorney General of California |
| 3 | | JAY C. RUSSELL<br>DANIELLE F. O'BANNON |
| 4 | | Supervising Deputy Attorneys General |

/s/ *Elise Owens Thorn*
TYLER V. HEATH
ELISE OWENS THORN
CHRISTINE M. CICCOTTI
CHAD A. STEGEMAN
Deputy Attorneys General
*Attorneys for Defendants*

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Krista Stone-Manista*

Attorneys for Plaintiffs

CF1997CS0003

[3204615.1]

3

# Exhibit 1

**Addendum to 12.11.2101 (A) PIP Policy and Procedure Referral and Admission**

Exceptions to Transfer Timelines:

There are circumstances under which the timelines identified above cannot be met as outlined below. The circumstances identified below shall temporarily suspend the transfer timelines only for the period of time in which the governing exception applies, as detailed below.  More than one exception may apply.

**Transfer Refusal:**

If a patient is accepted to a Psychiatric Inpatient Program (PIP) and, after signing a form consenting to treatment, refuses to transfer, the transfer timeline shall be suspended for a period of no more than five (5) business days in order to allow for the completion of a due process hearing.  While the due process hearing is occurring, CDCR shall continue the referral process and once the due process hearing is completed, CDCR shall transfer the patient as expeditiously as possible but no later than five (5) calendar days for acute referrals and five (5) calendar days for intermediate care referrals.

If a patient is accepted to a Psychiatric Inpatient Program (PIP) and, after having a completed due process hearing, refuses to transfer, the transfer timeline shall be suspended. Every effort shall be made by the treating clinician to encourage the patient to vacate the cell voluntarily for transfer. If the patient continues to refuse to vacate the cell within 48 hours and still requires inpatient care, the controlled use of force policy shall be initiated. The transfer timeline suspended upon the patient's refusal to vacate the cell shall resume on the 49th hour after refusal.

**Medical Conditions:**

If a patient has a medical condition that cannot be treated at a PIP and that is deemed more urgent than the mental health treatment need at or after the time of the referral, as determined by a joint team of medical and mental health clinicians, a medical hold shall be ordered. The relative urgency of the medical and mental health needs shall be continually monitored by the joint team, and mental health staff shall document the reasons that the medical need continues to outweigh the mental health need as dictated by the patient's condition.  The Headquarters Inpatient Referral Unit (IRU) is responsible for tracking each exception to ensure transfer as soon as the exception is resolved.  If resolution of the medical issue delays CDCR's ability to transfer the patient to the PIP within the transfer timelines, upon clearance for transfer and acceptance to a PIP, the patient shall be transferred to the next available inpatient bed commensurate with the referral. That transfer shall be completed within five (5) calendar days of resolution of the medical issue for Acute referrals and within five (5) calendar days for ICF referrals.

**Out to Court:**

During the referral process, if a patient is physically unavailable for transfer to a PIP due to

an order to appear in state or federal court, necessitating transfer out of the institution or to an institution nearest the court, or is already out to court when the complete referral is received by IRU, HCPOP shall track the patient and notify IRU, the referring institution and, if applicable, the receiving PIP upon the patient's return from court.

If the time spent out to court delays CDCR's ability to transfer the patient to a psychiatric inpatient program within the transfer timelines, the transfer timeline shall be modified.

Upon evaluation when the patient returns, which shall occur emergently, the evaluating mental health clinician shall ensure the patient is placed in the appropriate clinical setting and the facility's inpatient coordinator notified of the patient's return. If accepted, the admission shall occur as soon as possible and within five (5) calendar days of returning from court for Acute referrals and within five (5) calendar days for ICF referrals.

**Unusual Circumstances**

Transfer timelines may be suspended in unusual circumstances outside the control of CDCR. Such circumstances shall be reported to the Statewide Director of the Mental Health Program, and documented by IRU in a report to the statewide Quality Management committee to monitor frequency and any possible corrective action. Staff shall complete the referral, transfer, and admission process within five (5) calendar days for Acute referrals and within five (5) calendar days for ICF referrals once the circumstances resulting in the delay in transfer have resolved.