UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No. 2:90-cv-0520 KJM DB P |
| Plaintiff, | |
| v. | ORDER |
| EDMUND G. BROWN, JR., et al., | |
| Defendants. | |

As required by court order, on November 30, 2017 the parties jointly submitted proposed addenda to the Program Guide identifying exceptions to the Program Guide timelines for transfer to acute and intermediate care facility (ICF) inpatient hospital care as well as to mental health crisis beds (MHCBs). ECF No. 5738 at 9-13. With their initial joint submission, the parties tendered to the court for resolution three disputes in the exceptions for transfer to acute and ICF care. *Id*. at 2-3. The parties have now notified the court that they have resolved all three disputes, and they have submitted a revised proposed Program Guide addendum identifying these exceptions. ECF No. 5744. In the initial joint submission, the parties request additional time, until March 29, 2018, to submit a final version of the proposed Program Guide addendum covering exceptions to the twenty-four timeline for transfer to mental health crisis beds (MHCBs). ECF No. 5738 at 5. In addition, the parties propose briefing on three agenda items identified in the court's November 6, 2017 order, all three of which are related to the timeline for

1

transfer to MHCBs. *Id*. at 6. The parties have now withdrawn their request to brief these agenda items, and defendants have withdrawn their request to call witnesses during the December 20 hearing. *See id*. at 6; ECF No. 5744 at 2.

In light of the parties' most recent filing, and for the additional reasons explained below, the December 20, 2017 hearing is vacated.

<u>Addendum to PIP Policy</u>

The parties previously have stipulated that defendants' appeal of the April 19, 2017 order does not divest this court of jurisdiction over review of the addendum to the Program Guide creating exceptions to the timelines for transfer to acute and ICF hospital care. *See* ECF No. 5651 at 9. The Addendum to 12.11.2101(A) PIP Policy and Procedure Referral and Admission, Exhibit 1 to ECF No. 5744, is approved and shall be implemented forthwith.

<u>Consolidated Program Guide</u>

The court previously has noted the need for a current consolidated Program Guide to be filed on the court's docket for ease of reference and to ensure the parties and the court all agree on the contents of the Program Guide. Because this matter is essentially an administrative task that should not invoke relitigation of any question previously decided and is not affected by the pending appeals discussed below, the parties will be directed to file by March 31, 2018 a current consolidated Program Guide incorporating all modifications required by court orders issued since March 2006.

<u>Other Pending Deadlines and Pending Appeals</u>

The court now turns to the request to extend the deadline for submission of a final proposed addendum covering exceptions to the MHCB transfer timeline.

On October 10, 2017, this court issued an order resolving three issues related to the twenty-four hour timeline for transfer to MHCB care. ECF No. 5710. The court resolved these issues because the parties had sought the court's guidance. *Id*. at 2. As noted in the parties' joint submission, defendants have appealed that order. ECF No. 5738 at 4 n.1; *see also* ECF No. 5727. In the joint submission, defendants "reserve all of their rights with regards to that appeal, including whether the Court is divested of jurisdiction over the issues decided by the order while

the appeal is pending." ECF No. 5738 at 4 n.1.  Two of the agenda items the parties seek to brief, Items B and D, arise from the October 10, 2017 order.  *See* ECF No. 5726 at 10; *see also* ECF No. 5710 at 14-16 (transportation), 16-17 (data collection and templates).  The third, Item C, covers an issue that was to be addressed at the November 3, 2017 hearing, a hearing the court has postponed due to the pendency of defendants' appeal from this court's April 19, 2017 order.  Moreover, Item C is connected to the need recognized by the court in the October 10, 2017 order to turn its attention "to enforcement if defendants will not take the actions required to bring this case to proper closure."  *Id*. at 18.

The basis for defendants' appeal of the October 10, 2017 order is not apparent to this court from the November 9, 2017 Notice of Appeal.  *See* ECF No. 5727.  The court also has not identified any subsequent filing that clarifies the basis for the appeal, though defendants have recently moved to consolidate the appeal with their pending appeal from the court's April 19, 2017 order and to extend the time to file their opening brief on appeal to February 20, 2018.  *See* Court of Appeals Docket # 17-16080, ECF Nos. 23, 24.  Plaintiffs have opposed the motion.  *See id*., ECF No. 25.  Defendants' Notice of Appeal was timely filed and identifies the order appealed from.  ECF No. 5727.  Whether the appeal divests this court of jurisdiction turns on whether the October 10, 2017 order is an appealable order.  *See Ruby v. Secretary of U.S. Navy*, 365 F.2d, 385, 389 (9th Cir. 1966).  Where, as here, the answer to that question is unclear this court "may decline to act further until" the appeal is resolved in the court of appeals.  *Id*.

In November 2016, defendants signaled their desire for regular and periodic guidance from this court in an effort to accelerate completion of the remedy in this case and the end of federal court oversight.  *See* ECF No. 5525.  The court has repeatedly emphasized the focus of its efforts on just that: completion of the previously ordered remedy and correspondingly the end of federal court oversight.  *See, e.g.*, ECF No. 5342 at 3 ("Everything I have understood is that this case should be on a path toward resolution in our lifetimes, sooner rather than later, but that's only if everything continues to work as anticipated."); ECF No. 5528 at 5 ("As it has shown, the court will meet with the parties when, in the court's view, such meetings are necessary to move the remaining remedial tasks forward"); ECF No. 5610 at 11 ("[g]iven the

representations by defendants in their brief concerning the steps they are taking, *inter alia*, to add capacity as well as to ensure appropriate inpatient bed utilization and timely movement of inmate-patients to inpatient programs consistent with the inmates' least restrictive housing (LRH) designations, the court is hopeful that contempt proceedings will not be required and, instead, that defendants will finally achieve full, ongoing, and permanent compliance with this aspect of their remedial plan.").

As noted above, in May 2017 and again in November 2017, defendants have appealed two of this court's orders directed at accelerating completion of the remedy in this case. As a result, two orders implicating defendants' compliance with their remedial plan and this court's ability to enforce that compliance after more than twenty years of remedial efforts are now pending before the court of appeals. This court declines to make any additional orders on matters over which its jurisdiction has arguably been lost due to the pendency of an appeal while that appeal is pending. In this court's view, those matters now extend to all outstanding requests concerning defendants' compliance with the twenty-four hour timeline for transfer to MHCBs.

In addition to vacating the status conference set for December 20, 2017, the court also vacates all deadlines related to the Program Guide addendum for exceptions to the twenty-four hour transfer timeline and to submission of reporting templates concerning MHCB transfers. Consideration of enforcement of the MHCB transfer timelines is deferred until the conclusion of defendants' pending appeals. Nothing in this court's order, of course, precludes the parties from continuing to work voluntarily on issues necessary to achievement of compliance with that timeline, or from exploring, under the guidance of the Special Master, the efficacy of defendants' "safe harbor" proposal. *See* ECF No. 5738 at 5.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Addendum to 12.11.2101(A) PIP Policy and Procedure Referral and Admission, Exhibit 1 to ECF No. 5744, is approved and shall be implemented forthwith.

2. On or before March 31, 2018, the parties shall file a current consolidated Program Guide incorporating all modifications required by court orders issued since March 2006. This update to the Program Guide shall be completed under the supervision of the Special Master.

3. The status conference set for December 20, 2017 is vacated.

4. All deadlines related to the Program Guide addendum for exceptions to the twenty-four hour transfer timeline and to submission of reporting templates concerning MHCB transfers are vacated. Consideration of enforcement of the MHCB transfer timelines is deferred until the conclusion of defendants' pending appeals. Nothing in this order should be construed as prohibiting or discouraging defendants from continuing to work voluntarily, under the guidance of the Special Master, with input from the plaintiffs as appropriate, on issues necessary to achieving compliance with that timeline including but not limited to an exploration of defendants' "safe harbor" proposal.

DATED: December 15, 2017.

UNITED STATES DISTRICT JUDGE