UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>Defendants. | No. 2:90-cv-0520 KJM DB P<br><br><br><br>ORDER |

On September 7, 2017, the Special Master filed a report on the second re-audit and update on suicide prevention practices in the prisons of the California Department of Corrections and Rehabilitation (CDCR) conducted by his expert, Lindsay M. Hayes, M.S., accompanied by Mr. Hayes' report, ECF Nos. 5671, 5672. Neither party has filed any objection to Mr. Hayes' report or the Special Master's report thereon.

Some findings in the report are of concern to the court. For that reason, the court initiated communications with the Special Master and Mr. Hayes to discuss those concerns. During those communications, the Special Master and Mr. Hayes provided certain updated information drawn from Mr. Hayes' third re-audit site visits. The court understands a report from the third re-audit will be filed later this year.

In the second re-audit update, Mr. Hayes reports that at California State Prison-Corcoran (CSP-Corcoran) and California Institution for Men (CIM) there continue to be mental

1

health crisis bed (MHCB) units with rooms that have wall ventilation grates that are not suicide resistant and that there was "*not* a pending work order to correct these hazards" at CSP-Corcoran. ECF No. 5672 at 5, 53. During the recent communications initiated by the court, Mr. Hayes informed the court he found these inadequacies ongoing during his third re-audit round. Good cause appearing, defendants will be directed to show cause in writing why the inadequate wall ventilation grates at CSP-Corcoran cannot be replaced within six months at the outside.

The gross inadequacies in the MHCB units in the Correctional Treatment Center (CTC) at CIM, including but not limited to the absence of suicide resistant wall ventilation grates, were first observed by Mr. Hayes in December 2013 and reported to the court in Mr. Hayes' initial audit report. *Id*. at 53; ECF No 5259 at 61. Mr. Hayes now reports that while "a work order request was initiated by CIM officials sometime in 2014, the final design of the project had not yet been approved" by the time of his re-audit visit covered by his report. ECF No. 5672 at 53. Mr. Hayes also reports that "[a]lthough the headquarters work order schedule for MHCB renovation previously examined by this reviewer did not contain reference to the CIM work, CDCR informed this reviewer that the anticipated start date would be December 2016." *Id*. The ongoing existence of these conditions is unacceptable. Good cause appearing, defendants will be directed to provide to the Special Master and file with the court a detailed plan for completion of all the necessary work at CIM, including a schedule with a date certain for completion of the work, a description of every step necessary to complete the work, specific timetables by which each such step shall be completed, the names and addresses of all persons responsible for approval and/or execution of each step of the work, and a timetable for certification to the Special Master of the action or actions taken and whether the renovations remain on schedule.

The court is also deeply troubled by the report of "falsification of observation forms of patients on suicide observation status in six facilities" and of the increase in the number of facilities where such falsification patterns were observed. ECF No. 5672 at 11. During the recent communications noted above, Mr. Hayes informed the court that the required observation reporting has now been fully automated and the reporting system records the time and date each observation is entered, which should preclude such falsifications. Mr. Hayes has observed some

issues with implementation of the new system by staff during his third round of re-audit site visits; he will report on this topic again in his next re-audit and update report to the court. The court expects defendants will make clear to all staff that falsification of information required by court order is unacceptable.

Finally, the court has inquired about the status of the revised local Suicide Prevention and Response Focused Improvement Team (SPRFIT) policy, which Mr. Hayes critiqued in late February 2017. The court understands defendants have not yet provided an updated policy, which is forthcoming. The stated goal of the SPRFITs is "to prevent inmate deaths due to suicide." Revised Program Guide at 12-10-1. The SPRFITs are an essential part of defendants' implementation and maintenance of adequate suicide prevention practices, which Mr. Hayes reports represents a "continuing challenge." ECF No. 5672 at 21. The Revised Program Guide outlines the specific requirements that govern the composition and duties of each local SPRFIT. *See id*. at 12-10-3 to 12-10-6. Good cause appearing, defendants will be directed to provide to the Special Master a local SPRFIT policy revised in accordance with Mr. Hayes' critique and the requirements of the Revised Program Guide, not later than thirty days from the date of this order. This schedule will allow full implementation by the time Mr. Hayes begins his next round of auditing in May 2018.

Having made the above observations and orders, IT IS HEREBY ORDERED that:

1. The Special Master's September 7, 2017 report, ECF No. 5671, and Mr. Hayes' September 7, 2017 report entitled The Second Re-Audit and Update of Suicide Prevention Practices in the Prisons of the California Department of Corrections and Rehabilitation, ECF No. 5672, are adopted in full;

2. The court adopts Mr. Hayes' recommendation to withdraw three recommendations, identified as Recommendations 14, 15 and 16 in Mr. Hayes' January 13, 2016 report entitled A Re-Audit and Update on Suicide Prevention Practices in the Prisons of the California Department of Corrections and Rehabilitation, ECF No. 5396, and set out in full in, *inter alia*, the Special Master's September 7, 2017 report, ECF No. 5671 at 3 n.1. The court's February 3, 2015 order, ECF No. 5271, is deemed modified accordingly;

3. Defendants shall continue to implement the remaining recommendations in the initial audit report and develop corrective action plans based upon deficiencies found in Mr. Hayes' most recent assessment;

4. The Special Master shall provide an updated report to the court on the state of defendants' continued implementation of the initial recommendations and the development of related corrective action plans;

5. Within fourteen days from the date of this order defendants shall show cause in writing why the inadequate wall ventilation grates at CSP-Corcoran cannot be replaced within six months;

6. Within thirty days from the date of this order defendants shall provide to the Special Master and file with the court a detailed plan for completion of the necessary work at CIM, including a schedule with a date certain for completion of the work, a description of every step necessary to complete the work, specific timetables by which each such step shall be completed, the names and addresses of all persons responsible for approval and/or execution of each step of the work, and a timetable for certification to the Special Master of the action or actions taken and whether the renovations remain on schedule; and

7. Not later than thirty days from the date of this order defendants shall provide to the Special Master a local SPRFIT policy revised in accordance with Mr. Hayes' critique and the requirements of the Revised Program Guide, so the policy can be fully implemented by the time Mr. Hayes begins his next round of auditing in May 2018.

DATED: January 24, 2018.

_____
UNITED STATES DISTRICT JUDGE