DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

CLAUDIA CENTER – 158255
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111-4805
Telephone: (415) 621-2493

MICHAEL W. BIEN – 096891
JEFFREY L. BORNSTEIN – 099358
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LISA ELLS – 243657
KRISTA STONE-MANISTA – 269083
JENNY S. YELIN – 273601
MICHAEL S. NUNEZ – 280535
JESSICA WINTER – 294237
ROSEN BIEN
GALVAN & GRUNFELD LLP
50 Fremont Street, 19th Floor
San Francisco, California 94105-2235
Telephone: (415) 433-6830

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>　　　　Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR**<br><br>**(1) A CASE MANAGEMENT ORDER REGARDING FUTURE EXPERT TOURS;**<br><br>**(2) A CASE MANAGEMENT ORDER REGARDING MOTIONS ON STAFFING REQUIREMENTS;**<br><br>**(3) A CASE MANAGEMENT ORDER REGARDING TERMINATION MOTIONS;**<br><br>**(4) SANCTIONS BASED ON EX PARTE EXPERT PRISON TOURS**<br><br>Judge: Hon. Kimberly J. Mueller<br>Date: February 28, 2018<br>Time: 10:00 a.m.<br>Crtrm.: 3, 15th Floor |

[3218944.1]

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR CASE MANAGEMENT ORDERS AND SANCTIONS

This matter comes before this Court on Plaintiffs' January 25, 2018 Motion for (1) a Case Management Order Regarding Future Expert Tours; (2) A Case Management Order Regarding Motions on Staffing Requirements; (3) a Case Management Order Regarding Termination Motions; and (4) Sanctions Based on Ex Parte Prison Tours, and the Declaration of Michael W. Bien in Support Thereof.  After careful consideration of the record, the parties' submissions, and the accompanying declarations and exhibits, and good cause appearing, IT IS HEREBY ORDERED:

**A.    Case Management Order Regarding Future Expert Tours**

1.    Opposing counsel will have the right to accompany and observe consultants and experts on prison tours, but opposing counsel shall not be permitted to participate or listen in on any communications between retained consultants and experts and their counsel, or between consultants and experts retained by the same party.  Reasonable notice of any prison visits by consultants or experts must be provided to opposing counsel.

2.    Defendants' counsel, experts, and consultants shall not communicate with class members without notice to and the consent of, nor outside the presence of, Plaintiffs' counsel.

**B.    Case Management Order Regarding Motions on Staffing Requirements**

1.    Defendants must give Plaintiffs and the Special Master notice of any motion regarding staffing requirements at least 120 days in advance of the anticipated hearing for the motion.  Discovery will be open immediately upon any such notification.

2.    Defendants shall take immediate steps to preserve from destruction all notes, emails, documents, calendar entries, recordings, contracts, agreements, communications, between and among Defendants' staffing experts (Joseph Penn, Owen Murray and /or John Allen) and any Deputy Attorney General, any CDCR employee, any state employee including the Governor's Office, from 2011 to the present, in *Plata*, *Coleman*, or any other matter or engagement.

/ / /

/ / /

3. Defendants shall, by February 28, 2018, identify, gather, and produce the following:

    a. For each of the recent prison tours in connection with staffing, and all upcoming tours of similar nature, if any, the date (or dates) of the tour, the hours spent on the tour, the names of the experts who attended and the hours that each of them were on the premises, the names of any CDCR or Attorney General or Governor's Office attorneys who were present for any part of the tour, and the names of any other CDCR or State employees who are not ordinarily employed at the prison who attended any part of the tour;

    b. Defendants shall produce a detailed account of what pattern was followed for each prison tour, including a confirmation of whether or not the following pattern, as represented by Defendants, was followed and whether any exceptions to this pattern existed: a) meeting with "supervisors" in a conference room, b) a tour of the prison "showing treatment areas," c) a meeting with "clinicians."

    c. For each prison tour, identify all persons present at the initial meeting with supervisors, the location of the meeting, and the time the meeting started and ended. Also identify and produce the documents or information provided to or shown to the experts at the meeting and any notes taken by any person or persons in attendance.

    d. For each prison tour, identify each treatment area shown to the experts during the tour, which experts and other persons were present for each treatment area, the start and end time for each treatment area, whether or not any prisoners were present and, if so, identify the prisoners, whether or not any custody or clinical staff were present and the identity of those persons. Identify and produce any documents or information shown to or provided to the experts at each treatment area and any notes taken by any person or persons in attendance.

    e. For each prison tour, identify all persons present at the final meeting with clinicians, the location of the meeting, and the time the meeting started and ended. Identify and produce the documents or information provided to or shown to the experts at

2
[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR CASE MANAGEMENT ORDERS AND SANCTIONS

[3218944.1]

the meeting and any notes taken by any person or persons in attendance.

   f. Identify and produce any medical or custody records of individual prisoners shown to or provided to the staffing experts and the date and time and location that the records were provided. If any of the staffing experts were provided with online access to CDCR medical or custody records, produce the record of each time the system was accessed, for how long, by whom and what records were accessed.

   g. Provide copies of any contracts, agreements or arrangements of Defendants' staffing experts with the Attorney General's Office, CDCR, or the Governor's Office from 2011 to the present.

   h. Provide any communications, including, notes, letters, statements, invoices, payments, emails, texts or records of conversations with Defendants' staffing experts and any Deputy Attorney General, CDCR employee, or staff of the Governor's Office from 2011 to the present.

   i. Provide records of any payments made to Defendants' staffing experts by the Attorney General's Office, CDCR or the Governor's Office from 2011 to the present.

   j. Identify and produce any other documents and information provided to or shown to Defendants' staffing experts by the Attorney General's office, CDCR, or the Governor's Office from 2011 to the present. For each document, identify who provided it and when and for what purpose.

  **C.** **Case Management Order Regarding Termination Motions**

  1. Defendants shall provide the Court and Plaintiffs with at least 170 days' notice of any motion to terminate under the Prison Litigation Reform Act so that the Court may open discovery;

  2. Defendants shall disclose the identity of any expert witnesses, including name, resume, and the general subject matter(s) on which the expert(s) will opine, at least 150 days prior to filing any motion to terminate;

3. Plaintiffs shall disclose the identity of any expert witnesses, including name, resume, and the general subject matter(s) on which the expert will opine, no later than 30 days after Defendants' expert disclosures;

4. Expert tours, subject to the provisions outlined in paragraphs A.1 and 2 above, shall be concluded at least 45 days prior to filing any motion to terminate;

5. The parties shall have 45 days to exchange expert reports after the conclusion of the expert tours.

**D.    Sanctions Based on Ex Parte Prison Tours**

1. This Court finds that Defendants' unannounced expert tours in December and January 2018, conducted in the absence of Plaintiffs' counsel, were conducted in violation of this Court's prior orders, and are sanctionable. The Court reserves a final ruling on sanctions until the end of any period of discovery and until further briefing on sanctions in connection with any staffing or termination motion Defendants may bring.

**IT IS SO ORDERED.**

DATED: _____, 2018

_____
Honorable Kimberly J. Mueller