XAVIER BECERRA
Attorney General of California
MONICA N. ANDERSON
Senior Assistant Attorney General
DANIELLE F. O'BANNON
JAY C. RUSSELL
DAMON G. MCCLAIN
Supervising Deputy Attorneys General
ELISE OWENS THORN, State Bar No. 145931
CHRISTINE M. CICCOTTI, State Bar No. 238695
CHAD A. STEGEMAN, State Bar No. 225745
TYLER V. HEATH, State Bar No. 271478
Deputy Attorneys General
  455 Golden Gate Ave., Ste. 11000
  San Francisco, CA 94102
  Telephone: (415) 703-5826
  Fax: (415) 703-5843
  E-mail: Chad.Stegeman@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                                    Plaintiffs,<br><br>v.<br><br>**EDMUND G. BROWN JR., et al.,**<br><br>                                    Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**DEFENDANTS'** ***EX PARTE*** **APPLICATION TO EXTEND TIME TO FILE OPPOSITION TO PLAINTIFFS' MOTION FOR CASE MANAGEMENT ORDERS AND SANCTIONS [ECF NO. 5764]; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAMON G. MCCLAIN**<br><br>Judge:    The Honorable Kimberly J. Mueller |

1

**APPLICATION TO EXTEND TIME TO FILE OPPOSITION TO PLAINTIFFS' MOTION FOR CASE MANAGEMENT ORDERS AND SANCTIONS [ECF NO. 5764]**

Defendants apply *ex parte* for an order extending their time to file an opposition to Plaintiffs' Motion for Case Management Orders and Sanctions, ECF No. 5764. Defendants respectfully request that their time to investigate, respond to, oppose, and work to resolve and narrow issues in Plaintiffs' motion be extended by thirty-one days, from February 9 to March 12, 2018. This would also extend the hearing date from February 23, 2018, to March 30, 2018. Defendants sought a stipulation to this effect from Plaintiffs' counsel, who refused the request. (*See* Declaration of Damon McClain (McClain Decl.) ¶ 8, Ex. A.) Consequently, Defendants make this application under Federal Rule of Civil Procedure 6(b)(1)(A) and Local Rule 144(c) on the ground that good cause exists to grant the extension for the reasons set forth in the attached Memorandum of Points and Authorities and the Declaration of Supervising Deputy Attorney General Damon G. McClain. No previous extensions have been sought or granted with regard to Plaintiffs' motion. (McClain Decl. ¶ 7.)

A Proposed Order granting the requested extension accompanies this application.

Dated: January 31, 2018

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
DANIELLE F. O'BANNON
JAY C. RUSSELL

*/S/ DAMON G. MCCLAIN*
DAMON G. MCCLAIN
Supervising Deputy Attorney General
*Attorneys for Defendants*

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants request a 31-day extension to file their opposition to Plaintiffs' motion for case management orders and for sanctions because of the extraordinary and expansive nature of the relief requested. Plaintiffs will not be prejudiced by this short extension. Additionally, the All-Parties Workgroups and other discussions may narrow or even resolve the issues that Plaintiffs seek to litigate. On the first business day after Plaintiffs' Friday-evening filing, Defendants sought from Plaintiffs a stipulation for this extension to avoid further motion practice, but on Tuesday, January 30, Plaintiffs refused to agree to an extension. (McClain Decl. ¶ 8, Ex. A.)

Federal Rule of Civil Procedure 6(b)(1) authorizes a court, for good cause, to enlarge the time within which a party may or must do an act within a specified time. If a request for an extension is made before the expiration of the time originally prescribed, the request may be made without motion or notice. Fed. R. Civ. P. 6(b)(1)(A). Moreover, Local Rule 144(c) allows the Court, in its discretion, to "grant an initial extension ex parte upon the affidavit of counsel that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained and the reasons why the extension is necessary." And a court has the inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). These specific powers serve to advance the general goals of the Federal Rules to "secure the just, speedy, and inexpensive" determination of every action. Fed. R. Civ. P. 1.

Because the Court's October 10, 2017 order mandated that Defendants resolve certain staffing issues, Defendants hired consultants to assist them in this effort and to potentially provide new ideas for discussion in the All-Parties Workgroups. (McClain Decl. ¶ 6.) These consultants have not been designated or disclosed as "experts" under Federal Rule of Civil Procedure 26(a)(2), nor have they issued reports or recommendations. (*Id.*) Defendants have made no decision to designate the consultants as testifying experts, nor have Defendants filed any motions supported by testimony from these consultants. (*Id.*) The consultants visited a number of prisons in December and January, but no additional prison visits are anticipated at this time and Defendants can confirm that none will occur within the briefing and hearing schedule proposed

1  by this request for an extension of time. (*Id.*) The consultants did not speak with plaintiff class
2  members. (*Id.*)

3      On Friday evening, January 26, 2018, Plaintiffs filed their motion for case management
4  orders and for sanctions (ECF No. 5764), and set the hearing date for February 23, 2018, at 10:00
5  a.m. Plaintiffs' motion seeks extraordinary relief that abrogates procedures set forth in Federal
6  Rules of Civil Procedure 26(a)(2) and 26(b)(4) regarding expert disclosures and expert discovery
7  (*see* Motion at 9-11, ECF No. 5764-1; [Proposed] Order at 1 (A.1), ECF No. 5764-2). Plaintiffs'
8  motion also seeks to severely limit the protections of the attorney-work-product doctrine and
9  Defendants' fundamental right to confidentially work with their attorneys and consultants to
10  evaluate and assess issues in this case. (*Id.*) Even though Plaintiffs have not complied with Rule
11  34 or served formal discovery on Defendants, Plaintiffs' motion also seeks to compel Defendants
12  to produce documents that Plaintiffs only requested by e-mail last week, and also requests
13  sanctions. (*See* Motion at 18-20, ECF No. 5764-1; [Proposed] Order at 1-3 (B.2-3), ECF No.
14  5764-2.) This is not a run-of-the-mill motion, and additional time for Defendants to respond is
15  warranted.

16      As explained to Plaintiffs' counsel when Defendants requested a stipulation for an
17  extension of time to file their opposition, Plaintiffs' motion seeks broad relief, most of which is
18  not even related to the recent prison visits by Defendants' consultants, which was the primary
19  issue about which the parties met and conferred before Plaintiffs filed their motion. (McClain
20  Decl. Ex. A.) Plaintiffs' requested relief would severely impinge on Defendants' fundamental
21  right to confidentially work with its attorneys and consultants on issues in this case outside the
22  presence of Plaintiffs' counsel. Accordingly, Defendants require additional time to research and
23  brief these issues. Additional time may also allow the parties to resolve some of the issues
24  presented in Plaintiffs' motion. (*Id.* ¶ 5.)

25      Finally, a 31-day extension will not prejudice Plaintiffs because no other motion is pending,
26  there are no court deadlines within the period of the proposed briefing and hearing schedule, no
27  discovery-related deadlines will expire, and Defendants' consultants will not be visiting
28  additional prisons. Because there is no pending motion that Plaintiffs must respond to and no

deadlines that would be affected by an extension of time, there is no extraordinary urgency for the relief Plaintiffs seek, and no prejudice from Defendants' request for a modest extension.

Here, the interests of justice and judicial economy are served by granting the requested extension of time. For the reasons set forth above, Defendant's *ex parte* application for an extension of time should be granted.

Dated: January 31, 2018                                   Respectfully submitted,

XAVIER BECERRA
Attorney General of California
DANIELLE F. O'BANNON
JAY C. RUSSELL
DAMON G. MCCLAIN
Supervising Deputy Attorney General

*/S/ DAMON G. MCCLAIN*
DAMON G. MCCLAIN
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003

**DECLARATION OF DAMON G. MCCLAIN**

I, Damon G. McClain, hereby declare and state:

1. I am a Supervising Deputy Attorney General in the Correctional Law Section of the Office of the Attorney General of the State of California, and am admitted to practice law in the State of California and before this Court.

2. I have personal knowledge of the facts attested to below, and if called to testify, would and could testify competently to them.

3. I represent the Defendants in this action.

4. The current deadline for Defendants to file their opposition to Plaintiffs' motion is February 9, 2018.

5. No other motion is currently pending in this litigation, there are no court deadlines within the period of the proposed briefing and hearing schedule, and no discovery-related deadlines will expire during the requested extension of time. Additionally, the requested extension might allow the parties to resolve some of the issues presented in Plaintiffs' motion before the hearing.

6. With the Court's October 10, 2017 order mandating that Defendants resolve certain staffing issues, Defendants hired consultants to assist them in this effort and to potentially provide new ideas for discussion in the All-Party Workgroups. These consultants have not been designated or disclosed as "experts" under Federal Rule of Civil Procedure 26(a)(2), nor have they yet issued reports or recommendations. Defendants have made a decision to designate the consultants as testifying experts, nor have Defendants filed any motions supported by testimony from these consultants. The consultants visited a number of prisons in December and January to speak with staff and see treatment areas, but no additional prison visits are anticipated at this time and Defendants can confirm that none will occur within the briefing and hearing schedule proposed by this request for an extension of time. The consultants were given a strict directive not to speak to inmates during the visits, and were accompanied by an attorney on each visit to ensure that they did not communicate with inmates. Even though Defendants were not required to disclose these consultants under the discovery rules, they provided Plaintiffs and the Special

6

1  Master with information about them because Defendants hoped that the consultants would have
2  recommendations that Defendants could share in the Workgroups.

3      7.    No party has previously requested an extension of time with regard to Plaintiffs'
4  motion.

5      8.    I called Plaintiffs' counsel Michael Bien on January 29, 2018, the first business day
6  after Plaintiffs filed their motion, to request a stipulation for a thirty-day extension of time to file
7  an opposition. I left a voicemail for him on this topic. I did not hear back from him, so I
8  requested the extension again via e-mail on January 30. Mr. Bien, refused to stipulate to an
9  extension. Attached as Exhibit A is a true and correct copy of email correspondence exchanged
10 between Mr. Bien and myself.

11 I declare that the foregoing is true and correct under penalty of perjury under the laws of the
12 United States.

13 Executed on January 31, 2018, at San Francisco, California.

15                                                 ***/s/ Damon G. McClain***
16                                                 Damon G. McClain

18 CF1997CS0003
   21074596.docx

Exhibit A

# Damon McClain

| | |
|---|---|
| **From:** | Michael W. Bien <MBien@rbgg.com> |
| **Sent:** | Tuesday, January 30, 2018 12:05 PM |
| **To:** | Damon McClain |
| **Cc:** | Steve Fama; Donald Specter; Coleman Team - RBG Only; Christine Ciccotti; Coleman Special Master Team |
| **Subject:** | RE: Coleman: Defendants' Staffing Experts' Prison Tours, 489-3 [IWOV-DMS.FID6429] |

Damon

It is our usual practice to grant reasonable requests for extensions by opposing counsel in litigation unless our clients would be prejudiced by the delay. The issues raised by plaintiffs' motion and defendants' rationale for the extension put this situation in the exceptional category. The Court should decide whether a 30- day delay in the briefing and hearing schedule for the motion is appropriate. Defendants' staffing experts were hired and their tours orchestrated in response to the Court's October staffing order which established a deadline for compliance.

We have already been prejudiced by defendants' tactics. Nothing in plaintiffs' motion is new or a surprise—in fact, my letter of December 21 outlined the issues and referenced the Plata and Coleman orders as precedent. If, of course, defendants are now willing to enter into the stipulated order that has been pending since May 2017, and to produce the requested documents and information by February 15, the motion can be put off.

I read your email of this morning as rejecting our request for documents and information outright and maintaining the position that the secret tours were just fine and that the case management order endorsed by the Ninth Circuit in Plata is unnecessary.

We assume that you have put the appropriate CDCR officials, your Office and the staffing experts on notice to retain and preserve all documents and information concerning the experts' tours.

Michael Bien

ROSEN BIEN GALVAN & GRUNFELD LLP
50 Fremont Street, 19th Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
mbien@rbgg.com
www.rbgg.com

CONFIDENTIALITY NOTICE The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.

IRS CIRCULAR 230 NOTICE: As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

**From:** Damon McClain [mailto:Damon.McClain@doj.ca.gov]
**Sent:** Tuesday, January 30, 2018 11:22 AM
**To:** Michael W. Bien <MBien@rbgg.com>
**Cc:** Steve Fama <sfama@prisonlaw.com>; Donald Specter <dspecter@prisonlaw.com>; Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbgg.com>; Christine Ciccotti <Christine.Ciccotti@doj.ca.gov>
**Subject:** RE: Coleman: Defendants' Staffing Experts' Prison Tours, 489-3 [IWOV-DMS.FID6429]

Michael,

Plaintiffs have levelled some very serious charges against Defendants and have requested relief that is sweeping and far reaching. Plaintiffs' motion seeks to take away what we consider to be fundamental rights from Defendants. This is not a run-of-the-mill motion. Accordingly, we would like some additional time to research and brief these issues. Additionally, as Defendants have previously advised you, we are not currently drafting a motion for relief from the staffing order. Thus, an extension of time would cause no prejudice to Plaintiffs. We want to give the staffing workgroups a chance to work and remain optimistic that the parties can make progress in the workgroups. To the extent our consultants provide us with feasible recommendations, we intend to bring them to the workgroups for Plaintiffs' consideration.

-Damon

---

**From:** Michael W. Bien [mailto:MBien@rbgg.com]
**Sent:** Tuesday, January 30, 2018 9:20 AM
**To:** Damon McClain <Damon.McClain@doj.ca.gov>
**Cc:** Steve Fama <sfama@prisonlaw.com>; Donald Specter <dspecter@prisonlaw.com>; Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbgg.com>; Christine Ciccotti <Christine.Ciccotti@doj.ca.gov>
**Subject:** Re: Coleman: Defendants' Staffing Experts' Prison Tours, 489-3 [IWOV-DMS.FID6429]

Damon

Why do defendants need an extension?

Michael

Sent from my iPhone

On Jan 30, 2018, at 9:10 AM, Damon McClain <Damon.McClain@doj.ca.gov> wrote:

> Michael,
>
> We are surprised and disappointed at the mischaracterizations in your email and motion, and the rather extreme position you seem to have taken regarding Plaintiffs' access to Defendants' nondisclosed consultants. In December, even though we were not required to do so, we advised you that Defendants had hired consultants to look at staffing issues and that we hoped they would have constructive ideas that Defendants could present at the staffing workgroups. We reiterated in every communication with you on this topic that during their work the consultants would not speak with members of the plaintiff class or any inmates. We can confirm that they did not do so at any prison they visited. Additionally, there is no pending trial, evidentiary hearing, or motion for which Defendants' consultants will offer testimony or evidence, and they have not been designated as testifying experts. They are currently acting only as consultants, and under the Federal Rules, they are expressly exempt from disclosure and discovery. FRCP 26(b)(4)(D). Again, it is our hope that the staffing

2

workgroups will be successful and that there will be no need for motion practice, but if there is, and to the extent Defendants decide to offer testimony from their consultants in an evidentiary hearing or in support of a motion, a scheduling order allowing for expert discovery would of course be appropriate.

During our call last Monday, you stated your belief that there is a legitimate legal dispute here and that there are legal arguments on both sides of this issue. It is hard to reconcile that statement with your new charges of "serious misconduct," and your motion's argument that Defendants have violated a court order. We disagree that it was misconduct or bad faith for Defendants not to disclose details about the work of their consultants. Defendants and their counsel have every right to hire consultants to evaluate issues related to this case without notifying Plaintiffs. We also disagree that Defendants unduly delayed responding to your December 21 letter, which was sent one day before the beginning of the Christmas and New Year holidays.

As noted above, Defendants' staffing consultants are not subject to your discovery demands because they have not been designated to testify in a trial or other proceeding. If Defendants designate their staffing consultants as testifying experts for some future motion or evidentiary hearing, then we agree that the Court should open expert discovery, and that would be an appropriate time for Plaintiffs to submit their discovery requests. Regardless, in response to your sixth request, we can confirm that the consultants did not review individual class members' medical records or custody records.

I left you a voicemail yesterday regarding the briefing schedule for Plaintiffs' motion. Please let me know a good time to call today to discuss that issue.

**Damon G. McClain**
**Supervising Deputy Attorney General**
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
tel.: (415) 703-5750
fax: (415) 703-5843
damon.mcclain@doj.ca.gov

---

**From:** Michael W. Bien [mailto:MBien@rbgg.com]
**Sent:** Thursday, January 25, 2018 10:52 AM
**To:** Christine Ciccotti <Christine.Ciccotti@doj.ca.gov>; Elise Thorn <Elise.Thorn@doj.ca.gov>; Damon McClain <Damon.McClain@doj.ca.gov>
**Cc:** Nick Weber <Nicholas.Weber@cdcr.ca.gov>; Patrick McKinney <Patrick.McKinney@cdcr.ca.gov>; Coleman Special Master Team <ColemanSpecialMasterTeam@rbgg.com>; Chad Stegeman <Chad.Stegeman@doj.ca.gov>; Tyler Heath <Tyler.Heath@doj.ca.gov>; Danielle OBannon <Danielle.OBannon@doj.ca.gov>; Steve Fama <sfama@prisonlaw.com>; Donald Specter <dspecter@prisonlaw.com>; Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbgg.com>; Gabriel.Sanchez@GOV.CA.GOV
**Subject:** Coleman: Defendants' Staffing Experts' Prison Tours, 489-3 [IWOV-DMS.FID6429]

Damon and Christine

We were surprised and disappointed, to say the least, to learn in our telephone conference Monday afternoon, that during the period of time that the parties were engaged in a meet and confer concerning plaintiffs' request for notice and an opportunity to attend and observe Dr. Penn's prison tours, defendants went ahead with those tours in December and January. By so doing, you not only denied us the opportunity to observe the tours, but also denied us the opportunity to bring the issue to the Court for decision.

3

Defendants and their attorneys have long known of plaintiffs' request for notice and the opportunity to observe prison tours by defendants' litigation experts, which has been the practice in *Coleman* (and other CDCR cases) since the mid-1980's (if not before). Defendants' were required to give notice and the opportunity to observe during the three-judge court proceedings in 2007-8, pursuant to an order from the three-judge court, but chose to proceed with secret prison tours in 2011 and 2012 and a surprise motion to terminate in January 2013. As a result of defendants' motion to terminate filed in *Coleman*, plaintiffs' counsel in *Plata* moved for an order requiring reasonable notice and an opportunity to observe defendants' expert prison tours and reasonable notice of a motion to terminate. Judge Henderson so ordered in February 2013. Docket 2546.

I personally raised with defendants the need for a similar order to be issued in *Coleman* and In May 2017, after several conversations, I sent a proposed stipulation that would, if in place, have covered the current dispute. Defendants have never responded in writing to the proposal and never clearly indicated "yes" or "no," or suggested alternatives or modifications. I also made clear that if we could not reach an agreement on a stipulation, we would file a motion with the Court.

Defendants first informed plaintiffs' counsel of the existence and identity of the staffing experts on or about December 8. In an email on December 11, I asked for more information about the tours and asked you to confirm that your experts would not interview my clients as part of the tours. During our workgroup call on December 18, we again requested additional information about the tours and for defendants to confirm our right to notice and the opportunity to accompany defendants' experts on the tours and observe. You said we should meet and confer on the issue and asked us to put our objections and requests in writing, which we did on December 21. *At no time did defendants inform us that Joseph Penn and his team had started prison tours in December!* Defendants failed to respond to our December 21 letter for many weeks and not until several communications from my office asking for your response did your January 17 come forth. On January 18, at the All Parties Meeting in Sacramento, the staffing experts were again discussed and plaintiffs' request for notice and the opportunity to observe was again raised. *Once again, at no time in January, including in defendants' letter of January 17, and at the face-to-face meeting on January 18, did defendants disclose that Joseph Penn and his team were already busy touring prisons!*

Defendants' conduct has been disingenuous and in bad faith. While you have the right to disagree with plaintiffs' position and to litigate the issue in Court, your tactics of delay and misrepresentation through omission of the critical fact that the tours were underway, is serious misconduct. You have, once again, denied plaintiffs' counsel the right to observe defendants' litigation experts as they do their work, gathering evidence through their tours of the prisons and their interviews with staff, that will form the basis of their opinion concerning staffing ratios. Christine, in our conversation on January 18, already informed us of the critical "opinion" that these experts were hired to provide: the existing staffing ratios for psychiatrists should be adjusted to require fewer psychiatrists. The foundation for this opinion will include, presumably, information learned and observations made during the prison tours.

We will be bringing defendants' conduct to the attention of the Court and will seek appropriate relief.

In the mean-time, please take immediate steps to preserve from destruction all notes, emails, documents, calendar entries, recordings, contracts, agreements, communications, between Penn, Allen and/or Murray and any DAG, any CDCR employee, any state employee including the Governor's Office, from 2011 to the present, in *Plata*, *Coleman*, or any other matter or engagement.

Please also provide the following information as soon as possible and no later than February 15:

4

1. For each of the recent prison tours in connection with staffing, the date (or dates) of the tour, the hours spent on the tour, the names of the experts who attended and the hours that each of them were on the premises, the names of any CDCR or AG or Governor's Office attorneys who were present for any part of the tour, and the names of any other CDCR or State employees who are not ordinarily employed at the prison who attended any part of the tour;

2. Damon represented that he attended three prison tour with these experts in December, that more tours had occurred in January and/or were occurring this week, and that the tours followed the following pattern: a) meeting with "supervisors" in a conference room, b) a tour of the prison "showing treatment areas," c) a meeting with "clinicians." Please confirm that this pattern was followed for each prison tour or provide details about any exceptions to this pattern.

3. For each prison tour, please identify all persons present at the initial meeting with supervisors, the location of the meeting and the time the meeting started and ended. Please also identify and produce and documents or information provided to or shown to the experts at the meeting and any notes taken by any person or persons in attendance.

4. For each prison tour, please identify each treatment area shown to the experts during the tour, which experts and other persons were present for each treatment area, the start and end time for each treatment area, whether or not any prisoners were present and, if so, identify the prisoners, whether or not any custody or clinical staff were present and the identity of those persons. Please also identify and produce any documents or information shown to or provided to the experts at each treatment area and any notes taken by any person or persons in attendance.

5. For each prison tour, please identify all persons present at the final meeting with clinicians, the location of the meeting and the time the meeting started and ended. Please also identify and produce and documents or information provided to or shown to the experts at the meeting and any notes taken by any person or persons in attendance.

6. Please identify and produce any medical or custody records of individual prisoners shown to or provided to the staffing experts and the date and time and location that the records were provided. If any of the staffing experts were provided with online access to CDCR medical or custody records, please produce the record of each time the system was accessed, for how long, by whom and what records were accessed.

7. Please provide copies of any contracts, agreements or arrangements with Penn, Murray and /or Allen with the AG's Office, CDCR or the Governor's Office from 2011 to the present.

8. Please provide any communications, including, notes, letters, statements, invoices, payments, emails, texts or records of conversations with Penn, Murray and/or Allen and any DAG, CDCR employee or staff of the Governor's Office from 2011 to the present.

9. Please provide records of any payments made to Penn, Murray and/or Allen by the Ag's Office, CDCR or the Governor's Office from 2011 to the present.

5

10. Please identify and produce any other documents and information provided to or shown to Penn, Murray and/or Allen by the AG's office, CDCR or the Governor's Office from 2011 to the present. For each document, please identify who provided it and when and for what purpose.

Please inform me immediately if you are taking the position that you need not produce the requested documents and information because "discovery is closed," the staffing experts are "consultants" and not litigation experts, or that these requests were not set forth on pleading paper with the formality of a document request or interrogatory.

Michael Bien

ROSEN BIEN GALVAN & GRUNFELD LLP
50 Fremont, 19th Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
mbien@rbgg.com
www.rbgg.com

CONFIDENTIALITY NOTICE The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbg@rbgg.com.

IRS CIRCULAR 230 NOTICE: As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

**From:** Michael W. Bien
**Sent:** Monday, January 22, 2018 11:20 AM
**To:** Christine Ciccotti <Christine.Ciccotti@doj.ca.gov>; Elise Thorn <Elise.Thorn@doj.ca.gov>
**Cc:** Nick Weber <Nicholas.Weber@cdcr.ca.gov>; McKinney, Patrick@CDCR <Patrick.McKinney@cdcr.ca.gov>; Coleman Special Master Team <ColemanSpecialMasterTeam@rbgg.com>; 'Chad Stegeman' <Chad.Stegeman@doj.ca.gov>; Tyler Heath <Tyler.Heath@doj.ca.gov>; Danielle OBannon <Danielle.OBannon@doj.ca.gov>; Steve Fama <sfama@prisonlaw.com>; Donald Specter <dspecter@prisonlaw.com>; Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbgg.com>
**Subject:** Coleman: Defendants' Staffing Experts' Prison Tours, 489-3 [IWOV-DMS.FID6429]

Christine and Elise

On January 17, defendants finally responded in writing to my December 21 letter concerning defendants' newly retained "staffing" experts and plaintiffs' request for an orderly and fair discovery process in connection with defendants' stated goal of moving the Court to modify the existing Court-

6

ordered staffing plan and its ratios for psychiatrists and other clinicians. Plaintiffs requested that defendants stipulate and agree to an order governing, among other things, notice and the opportunity to observe prison tours by litigation experts, modeled on an Order issued by the Court in *Plata*. The parties have been discussing this proposed stipulation for more than six months. Defendants' January 17 letter rejected the proposed stipulation and the request to give plaintiffs' counsel notice of prison tours and the opportunity to accompany defendants' litigation experts on those tours.

On Thursday, January 18, you indicated that you would "speak again" to your clients and Team about your position. As we have indicated several times, we have no choice but to file a motion with the Court given defendants' current position and will do so this week unless a satisfactory agreement can be reached.

We assume you will agree that the staffing experts will *not* conduct onsite prison tours until the Court decides this dispute. (We will move to exclude any study or opinions by these experts based on prison observations conducted without plaintiffs' counsel in attendance.)

We can file the motion as per the Court's normal motion schedule, as follows:

Filing Date: On or before January 26
Defendants' Response: February 9
Plaintiffs' Reply: February 16
Hearing Date: February 23

If you would prefer to expedite the Court's decision, we can also ask the Court to hear our motion on shortened time. Please let us know if you will stipulate to this expedited schedule, as follows:

Filing Date: January 23
Defendants' Response: January 30
Plaintiffs' Reply: February 2
Hearing Date: February 9

Please provide your response by close of business today. If we do not hear from you, we will proceed with filing our motion and a motion for hearing on an expedited schedule, as outlined above.


Michael Bien

ROSEN BIEN GALVAN & GRUNFELD LLP
50 Fremont Street, 19th Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
mbien@rbgg.com
www.rbgg.com


CONFIDENTIALITY NOTICE The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.

7

IRS CIRCULAR 230 NOTICE: As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.