1   XAVIER BECERRA
    Attorney General of California
2   MONICA N. ANDERSON
    Senior Assistant Attorney General
3   DANIELLE F. O'BANNON
    JAY C. RUSSELL
4   DAMON G. MCCLAIN
    Supervising Deputy Attorneys General
5   ELISE OWENS THORN, State Bar No. 145931
    CHRISTINE M. CICCOTTI, State Bar No. 238695
6   CHAD A. STEGEMAN, State Bar No. 225745
    TYLER V. HEATH, State Bar No. 271478
7   Deputy Attorneys General
      455 Golden Gate Ave., Ste. 11000
8     San Francisco, CA 94102
      Telephone:  (415) 703-5826
9     Fax:  (415) 703-5843
      E-mail:  Chad.Stegeman@doj.ca.gov
10  *Attorneys for Defendants*

11              IN THE UNITED STATES DISTRICT COURT

12            FOR THE EASTERN DISTRICT OF CALIFORNIA

13                     SACRAMENTO DIVISION

14

15

16  **RALPH COLEMAN, et al.,**                    2:90-cv-00520 KJM-DB (PC)

17                                Plaintiffs,     **DEFENDANTS' CORRECTED *EX PARTE* APPLICATION TO EXTEND TIME TO FILE OPPOSITION TO PLAINTIFFS' MOTION FOR CASE MANAGEMENT ORDERS AND SANCTIONS [ECF NO. 5764]; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAMON G. MCCLAIN**

18              v.

19  **EDMUND G. BROWN JR., et al.,**

20                                Defendants.

21

22                                                Judge:    The Honorable Kimberly J. Mueller

23

24

25

26

27

28
                                    1
    _____
    Defs' Corrected App. To Extend Time to Opp. Pls' Mot. Case Man. Orders and Sanctions  (2:90-cv-00520 KJM-DB (PC))

**APPLICATION TO EXTEND TIME TO FILE OPPOSITION TO PLAINTIFFS' MOTION FOR CASE MANAGEMENT ORDERS AND SANCTIONS [ECF NO. 5764]**

Defendants apply *ex parte* for an order extending their time to file an opposition to Plaintiffs' Motion for Case Management Orders and Sanctions, ECF No. 5764. Defendants respectfully request that their time to investigate, respond to, oppose, and work to resolve and narrow issues in Plaintiffs' motion be extended by thirty-one days, from February 9 to March 12, 2018. This would also extend the hearing date from February 23, 2018, to March 30, 2018. Defendants sought a stipulation to this effect from Plaintiffs' counsel, who refused the request. (*See* Declaration of Damon McClain (McClain Decl.) ¶ 8, Ex. A.) Consequently, Defendants make this application under Federal Rule of Civil Procedure 6(b)(1)(A) and Local Rule 144(c) on the ground that good cause exists to grant the extension for the reasons set forth in the attached Memorandum of Points and Authorities and the Declaration of Supervising Deputy Attorney General Damon G. McClain. No previous extensions have been sought or granted with regard to Plaintiffs' motion. (McClain Decl. ¶ 7.)

A Proposed Order granting the requested extension accompanies this application.

Dated: February 1, 2018

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
DANIELLE F. O'BANNON
JAY C. RUSSELL

*/S/ DAMON G. MCCLAIN*
DAMON G. MCCLAIN
Supervising Deputy Attorney General
*Attorneys for Defendants*

2

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants request a 31-day extension to file their opposition to Plaintiffs' motion for case management orders and for sanctions because of the extraordinary and expansive nature of the relief requested. Plaintiffs will not be prejudiced by this short extension. Additionally, the All-Parties Workgroups and other discussions may narrow or even resolve the issues that Plaintiffs seek to litigate. On the first business day after Plaintiffs' Friday-evening filing, Defendants sought from Plaintiffs a stipulation for this extension to avoid further motion practice, but on Tuesday, January 30, Plaintiffs refused to agree to an extension. (McClain Decl. ¶ 8, Ex. A.)

Federal Rule of Civil Procedure 6(b)(1) authorizes a court, for good cause, to enlarge the time within which a party may or must do an act within a specified time. If a request for an extension is made before the expiration of the time originally prescribed, the request may be made without motion or notice. Fed. R. Civ. P. 6(b)(1)(A). Moreover, Local Rule 144(c) allows the Court, in its discretion, to "grant an initial extension ex parte upon the affidavit of counsel that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained and the reasons why the extension is necessary." And a court has the inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). These specific powers serve to advance the general goals of the Federal Rules to "secure the just, speedy, and inexpensive" determination of every action. Fed. R. Civ. P. 1.

Because the Court's October 10, 2017 order mandated that Defendants resolve certain staffing issues, Defendants hired consultants to assist them in this effort and to potentially provide new ideas for discussion in the All-Parties Workgroups. (McClain Decl. ¶ 6.) These consultants have not been designated or disclosed as "experts" under Federal Rule of Civil Procedure 26(a)(2), nor have they issued reports or recommendations. (*Id.*) Defendants have made no decision to designate the consultants as testifying experts, nor have Defendants filed any motions supported by testimony from these consultants. (*Id.*) The consultants visited a number of prisons in December and January, but no additional prison visits are anticipated at this time and Defendants can confirm that none will occur within the briefing and hearing schedule proposed

3

1    by this request for an extension of time.  (*Id.*)  The consultants did not speak with plaintiff class

2    members.  (*Id.*)

3        On Friday evening, January 26, 2018, Plaintiffs filed their motion for case management

4    orders and for sanctions (ECF No. 5764), and set the hearing date for February 23, 2018, at 10:00

5    a.m.  Plaintiffs' motion seeks extraordinary relief that abrogates procedures set forth in Federal

6    Rules of Civil Procedure 26(a)(2) and 26(b)(4) regarding expert disclosures and expert discovery

7    (*see* Motion at 9-11, ECF No. 5764-1; [Proposed] Order at 1 (A.1), ECF No. 5764-2).  Plaintiffs'

8    motion also seeks to severely limit the protections of the attorney-work-product doctrine and

9    Defendants' fundamental right to confidentially work with their attorneys and consultants to

10    evaluate and assess issues in this case.  (*Id.*)  Even though Plaintiffs have not complied with Rule

11    34 or served formal discovery on Defendants, Plaintiffs' motion also seeks to compel Defendants

12    to produce documents that Plaintiffs only requested by e-mail last week, and also requests

13    sanctions.  (*See* Motion at 18-20, ECF No. 5764-1; [Proposed] Order at 1-3 (B.2-3), ECF No.

14    5764-2.)  This is not a run-of-the-mill motion, and additional time for Defendants to respond is

15    warranted.

16        As explained to Plaintiffs' counsel when Defendants requested a stipulation for an

17    extension of time to file their opposition, Plaintiffs' motion seeks broad relief, most of which is

18    not even related to the recent prison visits by Defendants' consultants, which was the primary

19    issue about which the parties met and conferred before Plaintiffs filed their motion.  (McClain

20    Decl. Ex. A.)  Plaintiffs' requested relief would severely impinge on Defendants' fundamental

21    right to confidentially work with its attorneys and consultants on issues in this case outside the

22    presence of Plaintiffs' counsel.  Accordingly, Defendants require additional time to research and

23    brief these issues.  Additional time may also allow the parties to resolve some of the issues

24    presented in Plaintiffs' motion.  (*Id.* ¶ 5.)

25        Finally, a 31-day extension will not prejudice Plaintiffs because no other motion is pending,

26    there are no court deadlines within the period of the proposed briefing and hearing schedule, no

27    discovery-related deadlines will expire, and Defendants' consultants will not be visiting

28    additional prisons.  Because there is no pending motion that Plaintiffs must respond to and no

4

1  deadlines that would be affected by an extension of time, there is no extraordinary urgency for the

2  relief Plaintiffs seek, and no prejudice from Defendants' request for a modest extension.

3      Here, the interests of justice and judicial economy are served by granting the requested

4  extension of time.  For the reasons set forth above, Defendant's *ex parte* application for an

5  extension of time should be granted.

6

7  Dated:  February 1, 2018                    Respectfully submitted,

8                                              XAVIER BECERRA
                                               Attorney General of California
9                                              DANIELLE F. O'BANNON
                                               JAY C. RUSSELL
10                                             DAMON G. MCCLAIN
                                               Supervising Deputy Attorney General
11
                                               */S/ DAMON G. MCCLAIN*
12                                             DAMON G. MCCLAIN
                                               Deputy Attorney General
13                                             *Attorneys for Defendants*

14
   CF1997CS0003
15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DECLARATION OF DAMON G. MCCLAIN

2      I, Damon G. McClain, hereby declare and state:

3      1.      I am a Supervising Deputy Attorney General in the Correctional Law Section of the

4 Office of the Attorney General of the State of California, and am admitted to practice law in the

5 State of California and before this Court.

6      2.      I have personal knowledge of the facts attested to below, and if called to testify,

7 would and could testify competently to them.

8      3.      I represent the Defendants in this action.

9      4.      The current deadline for Defendants to file their opposition to Plaintiffs' motion is

10 February 9, 2018.

11      5.      No other motion is currently pending in this litigation, there are no court deadlines

12 within the period of the proposed briefing and hearing schedule, and no discovery-related

13 deadlines will expire during the requested extension of time. Additionally, the requested

14 extension might allow the parties to resolve some of the issues presented in Plaintiffs' motion

15 before the hearing.

16      6.      With the Court's October 10, 2017 order mandating that Defendants resolve certain

17 staffing issues, Defendants hired consultants to assist them in this effort and to potentially provide

18 new ideas for discussion in the All-Party Workgroups. These consultants have not been

19 designated or disclosed as "experts" under Federal Rule of Civil Procedure 26(a)(2), nor have

20 they yet issued reports or recommendations. Defendants have not made a decision to designate

21 the consultants as testifying experts, nor have Defendants filed any motions supported by

22 testimony from these consultants. The consultants visited a number of prisons in December and

23 January to speak with staff and see treatment areas, but no additional prison visits are anticipated

24 at this time and Defendants can confirm that none will occur within the briefing and hearing

25 schedule proposed by this request for an extension of time. The consultants were given a strict

26 directive not to speak to inmates during the visits, and were accompanied by an attorney on each

27 visit to ensure that they did not communicate with inmates. Even though Defendants were not

28 required to disclose these consultants under the discovery rules, they provided Plaintiffs and the

6

1  Special Master with information about them because Defendants hoped that the consultants

2  would have recommendations that Defendants could share in the Workgroups.

3          7.      No party has previously requested an extension of time with regard to Plaintiffs'

4  motion.

5          8.      I called Plaintiffs' counsel Michael Bien on January 29, 2018, the first business day

6  after Plaintiffs filed their motion, to request a stipulation for a thirty-day extension of time to file

7  an opposition.  I left a voicemail for him on this topic.  I did not hear back from him, so I

8  requested the extension again via e-mail on January 30.  Mr. Bien, refused to stipulate to an

9  extension.  Attached as Exhibit A is a true and correct copy of email correspondence exchanged

10 between Mr. Bien and myself.

11          I declare that the foregoing is true and correct under penalty of perjury under the laws of the

12 United States.

13          Executed on February 1, 2018, at San Francisco, California.

14

15                                          */s/ Damon G. McClain*

16                                          Damon G. McClain

17

18 CF1997CS0003
   21074596.docx

19

20

21

22

23

24

25

26

27

28