DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

CLAUDIA CENTER – 158255
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111-4805
Telephone: (415) 621-2493

MICHAEL W. BIEN – 096891
JEFFREY L. BORNSTEIN – 099358
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LISA ELLS – 243657
KRISTA STONE-MANISTA – 269083
JENNY S. YELIN – 273601
MICHAEL S. NUNEZ – 280535
JESSICA WINTER – 294237
ROSEN BIEN
GALVAN & GRUNFELD LLP
50 Fremont Street, 19th Floor
San Francisco, California 94105-2235
Telephone: (415) 433-6830

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>　　　　Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' APPLICATION FOR AN EXTENSION OF TIME**<br><br>Judge: Hon. Kimberly J. Mueller<br>Date: February 23, 2018<br>Time: 10 a.m.<br>Crtrm.: 3, 15th Floor |

　　　　Plaintiffs oppose Defendants' Application for a 31-day extension of time (ECF No. 5768, Jan. 31, 2018; corrected pleading at ECF No. 5771, Feb. 1, 2018) ("Defs.' App.") to respond to Plaintiffs' January 26, 2018 Motion for Case Management Orders and Sanctions (ECF No. 5764-1) ("Pls.' Mot.").[1]  The requested extension would impede

---

[1] Plaintiffs file their opposition within 48 orders of the filing of the original ex parte application, as permitted by the Court's Standing Order regarding ex parte applications.

1  orderly preparations for the staffing status conference set for April 12, 2018, for the status

2  conference statement due on March 29, 2018, and for any motions that Defendants plan to

3  file in relation to the Court's October 10, 2017 staffing order.  The extension is also not

4  justified, given the extensive prior litigation of these topics in this case and the fact that

5  Defendants have had notice of the issues raised in Plaintiffs' Motion for many weeks.

**I.   Defendants' Application for an Extension of Time Would Interfere with the Court's April 12, 2018 Status Conference re: Staffing and with the March 29, 2018 Status Conference Statement Deadline**

8  Defendants' Application would have the effect of extending the hearing date on

9  Plaintiffs' motion by 35 days, or from February 23, 2018[2] until March 30, 2018.

10  Defendants' Application states that there "is no extraordinary urgency for the relief

11  Plaintiffs seek." Defs.' App. at 5.  This statement is misleading, particularly as to the

12  aspects of Plaintiffs' Motion that deal with the Court's recent staffing order and the

13  upcoming status conference set by that order.  Defendants completely ignore that the Court

14  has set a status conference for April 12, 2018 regarding Defendants' staffing plan and

15  issues related to the Court's October 10, 2017 staffing order.  ECF No. 5711 at 30-31.

16  Allowing Defendants more than a month to respond to Plaintiffs' motion regarding the

17  secret expert tours that Defendants conducted in response to that order would not allow for

18  the timely resolution of Plaintiffs' motion prior to the status conference.  It would therefore

19  impede the ability of the parties, and the Court, to focus on substantive issues related to

20  staffing at that conference.

21  Further, Defendants ignore that the Court's October 10, 2017 Order requires the

22  filing of a detailed status conference statement regarding staffing issues by no later than

23  March 29, 2018.  *See id.*  Defendants' requested schedule would not allow for resolution of

24  Plaintiffs' Motion until after the deadline for the status conference statement.  This creates

---

[2] Plaintiffs noticed the hearing for February 23, 2018, consistent with the Court's calendar of available hearing dates, but inadvertently referred to an erroneous hearing date of February 28, 2018 in the caption of their moving papers. Plaintiffs apologize for the error.

a problem for the March 29, 2018 status conference statement and related hearing because Defendants have not agreed to preserve and produce information about Defendants' staffing experts' recent ex parte work, despite Plaintiffs' repeated requests. *See* Proposed Order, ECF No. 5764-2, at 3-4; *see also* McClain Decl. ISO Defs.' App. Ex. A. In their Application, and in the emails exchanged between the parties attached as Exhibit A to Mr. McClain's declaration thereto, Defendants offer no assurances that they will preserve, much less produce, any such information without a Court order directing them to do so. To the contrary, Defendants appear to be waiting for this Court to order "formal discovery" before they will begin to prepare a response to Plaintiffs' January 25, 2018 request for documents and information. Defs.' App. at 4. If Plaintiffs' Motion is not promptly resolved, Plaintiffs would be required to participate in the drafting of the joint status conference statement without access to important information about the basis for Defendants' experts' conclusions and recommendations.

Defendants also make no assurances that they will not file any motions based on the recent secret tours until Plaintiffs' Motion is resolved – they merely state that no such motions have been filed. Defs.' App. at 3. As detailed in Plaintiffs' Motion, Defendants' past filings and recent statements make clear that litigation about the existing court-ordered staffing ratios is looming. Pls.' Mot. at 10-12, 17-18. The schedule for pre-filing discovery requested in Plaintiffs' Motion is necessary to allow the fair and efficient resolution of any such motion. *See id.* at 17-18. Defendants' request for an additional month's delay in resolving the Motion would greatly impede the ability of the parties, and the Court, to address the coming litigation about the staffing ratios on a fairly and fully developed record.

**II. Plaintiffs' Requests for Case Management Orders Are Neither New Nor Extraordinary, and Defendants' Requested Extension Is Unnecessary**

As detailed in Plaintiffs' Motion, Plaintiffs requested in May 2017, after even earlier conversations, that Defendants stipulate to case management orders regarding the conduct and timing of expert tours and termination motions in this case. Pls.' Mot. at 7-8.

3

1   Defendants therefore had more than eight months prior to the filing of Plaintiffs' Motion to
2   consider the issues raised by the proposed stipulation and, if necessary, to meet and confer
3   with Plaintiffs in order to resolve the concerns alluded to in Defendants' Application.
4   They chose not to do so.  In fact, Defendants chose never to respond formally to Plaintiffs'
5   proposed stipulation at all.  They then chose to secretly conduct expert tours even while
6   purporting to meet and confer in good faith over Plaintiffs' clearly stated objection to such
7   ex parte tours, *see* Pls.' Mot. at 9, therefore creating exactly the sort of time-sensitive
8   dispute about expert tours that Plaintiffs' proposed stipulation sought to avoid.  Defendants
9   still have not provided any response to the proposed stipulation, and do not in their
10  Application represent that they will refrain from conducting any further secret expert tours,
11  or for that matter from filing any motions to terminate, until these issues are resolved.

12       Moreover, Defendants have failed to articulate the good cause needed to support
13  their request.  *See* Fed. R. Civ. P. 6(b)(1).  There is simply no support for Defendants'
14  contention that they require an additional month on top of the two weeks permitted under
15  the Local Rules to research and brief legal issues that have been fully litigated in this case
16  in 2007 before the Three-Judge Court (*see id.* at 5-6), again before this Court in 2013 (*see*
17  *id.*), and in the closely-related *Plata* case and subsequent Ninth Circuit appeal in 2013-14
18  (*see id.* at 6-7).  Defendants' Application for more time does not acknowledge this history
19  or attempt to provide any justification for conducting secret expert tours contrary to the
20  multiple relevant orders that have been entered on this topic.  Nor does Defendants'
21  Application acknowledge that Defendants have already had more than a month, from the
22  time that Plaintiffs sent their letter regarding the expert tours on December 21, 2017 until
23  the filing of Plaintiffs' Motion, to prepare their position as to why it was acceptable to
24  conduct ex parte tours notwithstanding the prior orders on this subject.  *See* Pls.' Mot. at
25  9-10.  The issues presented in Plaintiffs' request for case management orders are neither
26  new nor particularly complex, and do not merit the extension of time requested,
27  particularly given the impact that such an extension would have on the Court's established
28  schedule regarding the staffing order.

Plaintiffs therefore oppose Defendants' ex parte application for a 31-day extension of time to respond to Plaintiffs' Motion, and for a 35-day extension of the hearing date for the Motion.

DATED: February 1, 2018        Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By:    */s/ Krista Stone-Manista*
         Krista Stone-Manista

Attorneys for Plaintiffs