UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No. 2:90-cv-0520 KJM DB P |
| Plaintiffs, | |
| v. | ORDER |
| EDMUND G. BROWN, JR., et al., | |
| Defendants. | |

On October 10, 2017, the court set a one year deadline by which "all outstanding issues pertaining to achieving adequate mental health staffing levels must be resolved and the required staffing levels achieved." ECF No. 5711 at 28. The court set two status conferences, an interim conference to assess progress on April 12, 2018 at 10:00 a.m. and a conference for October 11, 2018 to address, *inter alia*, issues pertaining to enforcement of the October 10, 2017 order and "durability of the staffing remedy." *Id*. at 31.

On January 26, 2018, plaintiffs filed a motion for case management orders and for sanctions, noticing the hearing for February 23, 2018. ECF No. 5764. Plaintiffs assert they bring the motion in an effort to secure "an orderly procedure" for expert inspections related to prison mental health staffing levels and for anticipated motion practice related to those staffing levels. *Id*. at 5764-1. Plaintiffs contend in December 2017 and January 2018, defendants took retained staffing experts on prison tours without providing plaintiffs' counsel or the Special Master an

opportunity to accompany them on the tours, in derogation of prior practice and court orders in this case. *See id.*, *passim*. Plaintiffs signal their intention to seek sanctions should defendants rely on information gathered during these tours in subsequent proceedings. *Id*. at 22-23. Plaintiffs also seek entry of case management orders to govern expert prison tours and any future motions regarding staffing levels or termination of any part of this action. *Id*. at 12-21.

On January 31, 2018, defendants filed a motion for a thirty-one day extension of time to oppose plaintiffs' motion and to continue hearing on the motion to March 30, 2018, ECF No. 5768, and on February 1, 2018, defendants filed an amended motion, ECF No. 5771. Plaintiffs oppose the motion. ECF No. 5772.

Defendants acknowledge they have coordinated prison tours, but contend the individuals who toured are "hired consultants" who "have not been designated or disclosed as 'experts' under Federal Rule of Civil Procedure 26(a)(2), nor have they issued reports or recommendations." ECF No. 5771 at 3. Defendants contend their purpose in hiring these consultants was to "assist them" in the effort to "resolve certain staffing issues" as required by the October 10, 2017 order and "to potentially provide new ideas for discussion in the All-Parties Workgroups." *Id*. Defendants also assert that "[b]ecause there is no pending motion that Plaintiffs must respond to and no deadlines that would be affected by an extension of time, there is no extraordinary urgency for the relief Plaintiffs seek, and no prejudice from Defendants' request for a modest extension." *Id*. at 4-5.

After review of the parties' filings, it is clear the interim status conference set for April 12, 2018 must be advanced. Full remediation of the Eighth Amendment violations in delivery of mental health care to California's seriously mentally ill prison inmates, including but not limited to inadequate mental health staffing levels, must be achieved without further delay. *See*, *e.g.*, ECF No. 5711 at 28. The deadline of October 10, 2018 for achievement of adequate mental health staffing levels is a firm deadline. The timetables proposed by the parties in their respective motions do not seem to recognize the October date as firm.

Further, while the court does not resolve the dispute over the propriety of the recent prison tours at this time, it observes that those tours were at a minimum entirely

inconsistent with the long-standing practice of joint tours that has been a hallmark of this litigation, both before the original trial and during the course of the remedial phase. Moreover, whether defendants conducted the recent tours to obtain information to bring to the All-Parties Workgroup or to support future motion practice before this court, or both, defense counsel ought to have recognized that, at a minimum, unilateral tours would necessarily give rise to the need for discovery in order to "create the 'common factual baseline'" necessary to proper assessment of any recommendations proferred by the consultants. *See* ECF No. 2495 at 4.

The court is determined to avoid, if possible, any further delays as a result of the parties' motions. To that end, the court will set a status conference for **Wednesday, February 14, 2018 at 2:00 p.m.** The parties will be directed to meaningfully meet and confer and to file by **4:00 p.m. on Monday, February 12, 2018**, a joint status report setting forth their respective positions, informed by their meet and confer, on the following points:

1. Why defendants should not be required to schedule new joint tours, conducted with the attendance of the Special Master and plaintiffs' counsel, for any staffing consultant retained to address outstanding issues related to fulfillment of staffing ratios for prison psychiatrists in lieu of an order precluding defendants from relying on any opinion obtained during a prison tour conducted unilaterally.

2. A process, including specific timelines, for resolution of any outstanding issue related to fulfillment of staffing ratios for prison psychiatrists. In relevant part, this process shall include specific deadlines by which (a) any new prison tours shall be completed; (b) the All-Parties Workgroup shall have reviewed the status of fulfillment of existing staffing ratios for prison psychiatrists and either confirmed these ratios, jointly proposed new ratios approved by the Special Master, or agreed that a good faith dispute over those ratios exists that must be resolved by this court; and (c) a motion, if necessary, concerning staffing ratios shall be filed, briefed, and heard by this court.

3. Why the court should not issue the case management order governing any future termination motions as requested by plaintiffs in their January 26, 2018 motion.

/////

3

In addressing these matters, the parties should be guided by the following. First, in accordance with the court's October 10, 2017 order, at most the only staffing ratios that may be on the table for the parties' discussion are the ratios for psychiatrists, and defendants' burden to justify a change in those ratios is extremely high. *See*, *e.g*., ECF No. 5711 at 18. Second, all deadlines the parties propose must be set so as to ensure compliance with the one year deadline set in the court's October 10, 2017 order. Third, the court expects all parties to participate in the meet and confer process in good faith and with due regard for the urgent need to finally achieve constitutionally adequate levels of mental health staffing in California's prisons.

Time spent litigating would be time delayed in achieving a full and complete Eighth Amendment remedy. The history of the remedial phase of this action demonstrates clearly that the parties can and have achieved great progress when they work cooperatively with each other and with the Special Master on what at first appear to be even the most intractable issues. In the last five years in particular, the record also demonstrates clearly that such progress is forestalled when the parties cease working cooperatively and resort to unilateral action, litigation and the adversarial process. The court cannot say it enough times: it will not countenance any further unnecessary delay and is prepared to do what it can to maintain all aspects of this case on track toward the speediest possible resolution.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This matter is set for status conference on **Wednesday, February 14, 2018, at 2:00 p.m.** in Courtroom # 3.

2. Not later than **4:00 p.m. on Monday, February 12, 2018**, the parties shall file the joint status report required by this order.

3. The status conference set for April 12, 2018 is vacated and will be reset, as appropriate, at a later stage of these proceedings.

DATED: February 5, 2018.

_____
UNITED STATES DISTRICT JUDGE

4