XAVIER BECERRA
Attorney General of California
MONICA N. ANDERSON
Senior Assistant Attorney General
DANIELLE F. O'BANNON
JAY C. RUSSELL
DAMON G. MCCLAIN, State Bar No. 209508
Supervising Deputy Attorneys General
ELISE OWENS THORN, State Bar No. 145931
CHRISTINE M. CICCOTTI, State Bar No. 238695
CHAD A. STEGEMAN, State Bar No. 225745
TYLER V. HEATH, State Bar No. 271478
Deputy Attorneys General
 455 Golden Gate Ave., Ste. 11000
 San Francisco, CA 94102
 Telephone: (415) 703-5826
 Fax: (415) 703-5843
 E-mail: Chad.Stegeman@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,** | 2:90-cv-00520 KJM-DB (PC) |
| Plaintiffs, | **DECLARATION OF DAMON MCCLAIN IN SUPPORT OF DEFENDANTS' STATED POSITIONS IN THE STATUS CONFERENCE REPORT** |
| v. | |
| **EDMUND G. BROWN JR., et al.,** | Judge: The Honorable Kimberly J. Mueller |
| Defendants. | Date: February 14, 2018 |

I, Damon McClain, hereby declare and state:

1. I am a Supervising Deputy Attorney General in the Correctional Law Section of the Office of the Attorney General of the State of California, and am admitted to practice law in the State of California and before this Court. I represent the Defendants in this action and submit this declaration in support of Defendants' position statements in the concurrently filed Status Conference Report.

1

Decl. McClain Supp. Defs.' Positions Status Conf. Rep. (2:90-cv-00520 KJM-DB (PC))

2. I have personal knowledge of the facts attested to below, and if called to testify, would and could testify competently to them.

3. Defendants have serious concerns about the efficacy of the current staffing plan's ratios and, given hiring and availability realities, their ability to fully comply with present staffing ratios, despite their tremendous efforts over the past several years to do so. And Defendants believe there may be other ways to improve the current staffing plan, which was developed almost a decade ago. Given these realities and concerns, Defendants retained, through my office, knowledgeable consultants to review the staffing plan, assess the current ratios, and determine if the plan could be improved.

4. Mindful of the Court's admonition to present any modification proposals to the Special Master, Defendants planned from the beginning of the retention to present in a transparent manner any feasible ideas the consultants generated to the Special Master and Plaintiffs for their consideration at the staffing workgroups. Defendants remain hopeful that the consultants will generate useful recommendations and that the parties and the Special Master will be able to negotiate commonsense, practical, and fact-based changes to the staffing plan that reflect the reality of the current mental-health-services delivery system and the available pool of clinicians.

5. Even though Defendants were under no legal obligation to do so, we advised Plaintiffs' counsel that they had hired consultants who would help evaluate the current staffing plan, and we provided Plaintiffs with the consultants' curricula vitae. We also advised Plaintiffs that, to the extent the consultants developed feasible recommendations, they would be offered to Plaintiffs and the Special Master for consideration. We also advised that to the extent they shared the consultants' recommendations at the staffing workgroups, Defendants would share the basis for those recommendations and the evidence on which the consultants relied. In fact, Defendants considered having the consultants themselves make presentations at the workgroups if the parties and the Special Master believed that the preliminary findings and recommendations were feasible and should be further explored. And Defendants have now also provided Plaintiffs with detailed information regarding each of the prison visits conducted in December and January. On February

2

Decl. McClain Supp. Defs.' Positions Status Conf. Rep.  (2:90-cv-00520 KJM-DB (PC))

1 10, I sent to Plaintiffs' counsel a detailed summary of the visits. A true and correct copy of that
2 detailed summary is attached to this declaration as Exhibit A.

3     6. Defendants sent their consultants to nine prisons where they met with supervisory
4 staff and clinicians in meeting rooms, and walked through some of the prison treatment areas.
5 The meetings with supervisors and clinicians could just as easily have been conducted off site, or
6 through a conference call.

7     7. We gave the consultants strict directives not to speak with inmates and we sent an
8 attorney on each of the consultants' prison visits to ensure that the consultants did not speak to or
9 question inmates. Indeed, there was no reason for the consultants to speak to inmates, because
10 the consultants did not visit the prisons to evaluate the constitutionality of the mental healthcare
11 provided to inmates generally, or to observe and evaluate the care provided to individual inmates.
12 The consultants did not review class members' medical records during their visits or sit in on
13 treatment provided to class members. Nor did they conduct any tests or time-and-motion studies.

14     8. The only portion of the consultants' prison visits that could reasonably be
15 characterized as a "prison tour" was their walk-through of some of the mental health treatment
16 areas. The consultants visited some treatment areas to understand the physical plants' general
17 layout and the types of treatment spaces where mental health clinicians work. The consultants
18 did not visit the prisons to evaluate the mental healthcare being provided or the adequacy of
19 treatment spaces.

20     9. Defendants did not invite Plaintiffs to attend prison visits with the consultants and
21 Defendants' counsel because Defendants' use of the consultants falls under the attorney-work-
22 product doctrine. Additionally, Defendants wanted their consultants and the staff with whom
23 they spoke to have comfortable, free, and candid exchanges about staffing issues.

24     10. Attached as Exhibit B to this declaration is a true and correct copy of an excerpt from
25 Defendants 2007 Mental Health Staffing Workload Study.

26     11. Attached as Exhibit C to this declaration is a true and correct copy of the Special
27 Master's July 2008 letter regarding the workload study.

28

3

Decl. McClain Supp. Defs.' Positions Status Conf. Rep.  (2:90-cv-00520 KJM-DB (PC))

12. Attached as Exhibit D to this declaration is a true and correct copy of Plaintiffs' counsel's letter regarding the workload study.

I declare that the foregoing is true and correct under penalty of perjury under the laws of the United States.

Executed on February 12, 2018, at San Francisco, California.

                                                              */s/ Damon G. McClain*

                                                              Damon G. McClain

CF1997CS0003
21078227.docx

4

Decl. McClain Supp. Defs.' Positions Status Conf. Rep.  (2:90-cv-00520 KJM-DB (PC))