UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No. 2:90-cv-0520 KJM DB P |
| Plaintiff, | |
| v. | ORDER |
| EDMUND G. BROWN, JR., et al., | |
| Defendants. | |

As required by court order, ECF No. 5774, this matter came on for status conference on February 14, 2018. The parties filed a joint status conference as required by the order, ECF No. 5777, and both parties were represented by counsel at the status conference. *See* ECF No. 5783. The status conference was set after plaintiffs filed a motion for case management orders and for sanctions, ECF No. 5764, which was noticed for hearing on February 23, 2018, and defendants filed a motion for extension of time to respond to the motion and to continue the hearing. ECF No. 5771.

On October 10, 2017, the court set a one year deadline by which "all outstanding issues pertaining to achieving adequate mental health staffing levels must be resolved and the required staffing levels achieved." ECF No. 5711 at 28. The dispute presented by plaintiffs' motion arises out of prison tours conducted unilaterally by consultants retained by defendants to address staffing issues. *See* ECF No. 5771 at 3. The purpose of the status conference was to

1

clarify and confirm procedures to guide the parties in resolving the outstanding staffing issues, specifically, defendants' ongoing inability to fulfill required staffing ratios for prison psychiatrists. Those issues, and the process for their resolution, are set forth in this order.

It is well-settled that this court has "inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Dietz v. Bouldin*, 136 S.Ct. 1885, 1891 (2016) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)). The exercise of those powers "must be a 'reasonable response to the problems and needs' confronting the court's fair administration of justice" and "cannot be contrary to any express grant of or limitation on the district court's power contained in a rule or statute." *Id*. at 1892 (quoting *Degen v. United States*, 517 U.S. 820, 823-24 (1996)). In an action governed by the Prison Litigation Reform Act, the Ninth Circuit has recognized the court's essential case management authority as a font of the appropriate handling of a complex case such as this one, *Plata v. Brown*, 754 F.3d 1070 (2014), an issue the court will more fully address in its separate order on the timing of any termination motion.

The court convened the February 14th status in light of several considerations. First, the parties have been able to make significant progress through constructive problem-solving efforts under the supervision of the Special Master, chiefly through the All-Parties Workgroup or subsets thereof. Second, litigation during the remedial phase of this action has often caused significant delays and detours in otherwise positive forward progress of this long-running case. Third, the unilateral tours conducted by defendants, as well as plaintiffs' response to those tours, appears to be setting the stage for litigation over staffing ratios and another detour from the otherwise very encouraging progress that is being made – a detour that may be prevented by the court's exercise of its management authority to check any overreaction by the parties. After more than twenty years of remedial effort, with an end in sight, the court must do its part to keep the parties focused on the orderly, efficient, expeditious and just path to resolution of this action, a path that also is the most cost-effective route.

/////

2

The court's prior orders make clear: "any revision to existing staffing ratios requires approval of the Special Master." ECF No. 5711 at 14 (citing ECF No. 5307 at 6). The Special Master is working with the parties on a range of issues related to solving the ongoing shortage of prison psychiatrists. The court has every expectation that with clear direction and focused effort, the outstanding staffing issues can be resolved in the All-Parties Workgroup. To that end, the court will require the following.

First, not later than **February 28, 2018**, defendants shall provide to the Special Master and to plaintiffs a summary from each of the staffing consultants who conducted tours in 2017 or 2018 after being retained by defendants. The consultants' summaries shall include: (1) the purpose for the consultation (e.g., what questions were they to address); (2) the methodology or methodologies used; and (3) their findings both in the context of the questions to be addressed and any other conclusions reached as a result of the consultations. Plaintiffs' request for discovery related to the consultants' tours and for new tours will be denied without prejudice to renewal following review of these summaries.

Second, drawing on his authority under the Order of Reference, Dkt. No. 640, the Special Master shall take all steps necessary to create a complete factual record for consideration and resolution of the issues described below, which shall be made available to the All-Parties Workgroup, and which shall form the basis for any consideration of such issues by this court. This record may include, in the discretion of the Special Master, documents, records, files, papers, and interviews with such witnesses as the Special Master deems necessary. *See* Dkt. No. 640 at, *e.g.*, ¶¶ B2, 5, 8. It is the court's expectation that this factual record will provide the basis for resolution of these issues by the All-Parties Workgroup and for resolution of any unresolved staffing issue that may be tendered to this court

Third, relying on the factual record developed by the Special Master, the parties shall, with his guidance, address the following questions:

1. Can defendants hire a sufficient number of psychiatrists, through salary adjustments, forensic psychiatric fellowships, exhaustion of clustering, and other recruiting and retention efforts, to meet the staffing levels for psychiatrists required by the 2009 court-ordered

staffing ratios, ECF No. 3693, with a maximum ten percent vacancy rate as required by the court's June 13, 2002 order, ECF No. 1383.

    2. What role does and can telepsychiatry play, consistent with the Eighth Amendment, to aid in solving the psychiatrist staffing shortage?

    3. Keeping in mind that the staffing levels that preceded the current ratios were constitutionally inadequate, are there any adjustments to the psychiatrist staffing ratios that could be made to alleviate the psychiatrist staffing shortages without compromising the constitutionally required access to adequate mental health care?

In resolving these questions, substantial weight shall be given to the expert opinion and guidance of the Special Master and his team of neutral experts, who have developed a substantial body of knowledge through their work focused on this action over more than two decades.

On or before **June 21, 2018**, the parties shall file a joint status report informing the court of their progress in resolving the foregoing questions. A further status conference is set for **June 28, 2018** at **2:00 p.m**.

Further, as reviewed at hearing, the court will require defendants to file monthly reports identifying the psychiatrist vacancy rates at each CDCR institution and in the aggregate systemwide. The reports shall present all data for psychiatrist vacancies contained in the report titled Correctional Health Care Services Mental Health Institution Vacancies: Summary By Institution By Classification. Each report shall be filed on the 15th of the month and shall contain the required data for the preceding month.

Plaintiffs' request for an order requiring advance notice of termination proceedings was granted by bench order and will be the subject of a separate written order. Plaintiffs' request for an order governing future joint prison tours will be denied without prejudice to its renewal, as appropriate, at the status conference set for June 28, 2018. Except as particular issues are resolved by this order or the February 14, 2018 bench order, plaintiffs' motion for court order and sanctions is mooted by this order and will therefore be denied. Defendants' motion for extension of time is also moot and will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. On or before **February 28, 2018**, defendants shall provide to the Special Master and to plaintiffs summaries, one from each of the staffing consultants defendants retained to conduct tours in 2017 or 2018. Those summaries shall include: (1) the purpose for the consultation (e.g., what questions were they to address); (2) the methodology or methodologies used; and (3) their findings both in the context of the questions to be addressed and any other conclusions reached as a result of the consultations.

2. Plaintiffs' request for discovery related to the staffing consultants' tours and for new tours is denied without prejudice to renewal, as appropriate, following review of the summaries required by paragraph 1 of this order.

3. The Special Master shall take all steps necessary and within his powers as established by the Order of Reference to create a complete factual record for consideration and resolution of the issues outlined in this order in the manner described in this order.

4. On or before **June 21, 2018**, the parties shall file a joint status report informing the court of their progress in resolving the questions outlined in this order.

5. This matter is set for further status conference on **June 28, 2018** at **2:00 p.m**.

6. Defendants shall file monthly reports on psychiatrist vacancy rates as required by this order. The first report shall be filed by **March 15, 2018**.

7. Plaintiffs' request for an order governing future joint prison tours is denied without prejudice to its renewal, as appropriate, at the status conference set for June 28, 2018.

8. To the extent not resolved by this order or the court's bench order, plaintiffs' motion for case management orders and sanctions, ECF No. 5764, is denied as moot.

9. Defendants' amended motion for extension of time is, ECF No. 5771, is denied as moot.

DATED: February 15, 2018.

_____
UNITED STATES DISTRICT JUDGE