XAVIER BECERRA
Attorney General of California
MONICA N. ANDERSON
Senior Assistant Attorney General
DANIELLE F. O'BANNON
JAY C. RUSSELL
DAMON G. MCCLAIN
Supervising Deputy Attorneys General
ELISE OWENS THORN, State Bar No. 145931
ANDREW M. GIBSON, State Bar No. 244330
CHAD A. STEGEMAN, State Bar No. 225745
TYLER V. HEATH, State Bar No. 271478
Deputy Attorneys General
　1300 I Street, Suite 125
　P.O. Box 944255
　Sacramento, CA 94244-2550
　Telephone: (619) 738-9549
　Fax: (916) 324-5205
　E-mail: Andrew.Gibson@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>**EDMUND G. BROWN JR., et al.,**<br><br>　　　　　　　　　　　Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**STIPULATED REQUEST AND ORDER FOR EXTENSION OF TIME TO FILE THE CONSOLIDATED PROGRAM GUIDE** |

The Parties to the above-captioned case, through their counsel, stipulate as follows:

1. On December 15, 2017, to "ensure the parties and the court all agree on the contents of the Program Guide," the Court ordered the parties to file, "[o]n or before March 31, 2018…a current consolidated Program Guide incorporating all modifications required by court orders issued since March 2006." (ECF No. 5750 at 4.) The order requires the update to the Program Guide to "be completed under the supervision of the Special Master." (*Id.*)

[3238780.1]　　　　　　　　　　　　　　　　　　1

2. On January 17, 2018, Defendants provided the Special Master and Plaintiffs with a set of twenty-seven policies and procedures that, in Defendants' estimation, constitute the full universe of policies and procedures required by court orders that modify the 2009 Program Guide.

3. In response to Defendants' January 17, 2018 submission, during the All Parties' Workgroup on January 18, 2018, the parties and the Special Master discussed Plaintiffs' and the Special Master's concerns about the scope of the policies Defendants provided in response to the Court's December 15 Order. On March 13, 2018, Plaintiffs commented on the policies provided on January 17 and reiterated their objection to Defendants' interpretation of the December 15 Order's scope.

4. At the Special Master's and Plaintiffs' request, Defendants provided the Special Master and Plaintiffs with a set of sixty-eight policies on March 21, 2018, including twenty-seven policies Defendants consider to be Court-ordered, as well as, forty-one additional policies that modify the mental health program. In doing so, Defendants objected that these forty-one additional policies are not contemplated by the Court's order and Defendants object to their inclusion in a Program Guide addendum. Specifically, Defendants maintain: (a) the Court's December 15, 2017 order is limited to court-ordered policies that modify the terms of the current Program Guide and thus excludes policies that were not court-ordered; and (b) the inclusion of sixty-eight additional mental health policies that change or add to the terms of the 2009 Program Guide could potentially subject each of the department's policies to a perfect compliance standard that was not contemplated when the policies were implemented and that is stricter than legally required. Defendants did not appeal the December 15, 2017 order based on this reading of the order's plain language. Defendants contend that requiring every mental health policy to be part of the Program Guide may preclude CDCR from ever modifying any mental health policy or procedure as circumstances warrant based on the Court's October 10, 2017 order, which prohibits any material alterations to the Program Guide (Order, ECF No. 5710 at 17-18). Further, this issue is a subject of Defendants' pending appeal before the Ninth Circuit, and Defendants contend that this Court lacks jurisdiction to materially alter the Program Guide until that appeal is resolved.

5. Plaintiffs disagree with Defendants' objections and contend that Defendants' reading of the Court's December 15 Order is overly narrow, and disagree with the positions Defendants have taken in their appeal of the October 10, 2017 order.

6. Because the vast majority of the policies were produced less than a week ago, Plaintiffs have not yet had an opportunity to fully review Defendants' list of policies. Based on their preliminary review, however, Plaintiffs are concerned that the list of sixty-eight policies remains materially incomplete to provide the basis for a "current consolidated Program Guide" as required by the Court's December 15 Order.

7. The parties have conferred and agree that additional time is necessary to allow the Special Master and parties sufficient time to review and discuss the full complement of policies provided by Defendants to date, as identified by the Court's December 15 Order, in order to reach agreement on the consolidated Program Guide to be ultimately filed with the Court.

8. The parties propose to file the current consolidated Program Guide on May 30, 2018, rather than on or before March 31, 2018, as is currently required by the Court's order. The parties have also conferred with the Special Master, and he has no objection to the parties' stipulated request.

Therefore, the parties, in agreement with the Special Master, jointly request that the deadline for the parties to file the current consolidated Program Guide be extended to May 30, 2018.

IT IS SO STIPULATED.

Dated: March 30, 2018

XAVIER BECERRA
Attorney General of California

*/s/ Andrew M. Gibson*

ANDREW M. GIBSON
Deputy Attorney General
*Attorneys for Defendants*

| | | |
|---|---|---|
| 1 | Dated: March 30, 2018 | ROSEN BIEN GALVAN & GRUNFELD LLP |
| 2 | | */s/Krista Stone Manista* |
| 3 | | KRISTA STONE-MANISTA |
| 4 | | *Attorneys for Plaintiffs* |

* * *

**ORDER**

Almost a year ago, the court acknowledged and encouraged a process that had begun to update the Program Guide "to incorporate modifications required by court orders issued since March 2006" as "a necessary step toward completion of a full and final remedy, with a user-friendly comprehensive Program Guide." ECF No. 5610 at 6 n.3. The need for completion of that process was apparent during a September 28, 2017 hearing, where the issues raised revealed conflicts in interpretation of provisions of the Program Guide governing transfer timelines to mental health crisis beds (MHCBs), and, in addition, suggested defendants are using an updated alternative housing policy not yet incorporated into the Program Guide in connection with MHCB referrals. *See, e.g.,* ECF No. 5707 at, *e.g.*, 35-37.

In an order filed November 6, 2017, the court directed the parties to be prepared, by a December 20, 2017 status conference, to say when the updated version of the Program Guide would be filed with the court. ECF No. 5726 at 10. When the December 20, 2017 status conference was vacated, the court set a deadline of March 31, 2018 for filing the updated version of the Program Guide. ECF No. 5750 at 4. The court was explicit: "This update to the Program Guide shall be completed under the supervision of the Special Master." *Id.*

The additional time the parties request will significantly extend their time to complete and submit the updated version of the Program Guide. This is so even though the Program Guide, by its terms, requires annual updates. *See* Program Guide, 2009 Revision, at 12-1-17, 12-1-18. The stipulation notes there are disputes over what belongs in the updated Program Guide. It is of course premature for the court to resolve disputes that are not ripe and that may still be resolved by the parties themselves.

[3238780.1]

Order on Stipulated Request For Extension of Time to File Consolidated Program Guide (2:90-cv-00520 KJM-DB (PC))

The above said, the court will grant the requested extension of time with the following clarifications. Going forward, consistent with their obligations under the Order of Reference, ECF No. 640, defendants shall provide to the Special Master all documents and any other material he requests. The Special Master shall, consistent with his duties under the Order of Reference and the Court's December 15, 2017 order, ECF No. 5750, closely supervise the process of updating and consolidating the Program Guide. The final version of the updated Program Guide shall be presented to the court by the Special Master and shall meet his requirements for what should be included therein. Once the Special Master presents the updated Program Guide to the court, the parties will be granted an opportunity to file objections, if any, to matters that are included or omitted from the updated Program Guide.

The joint request for extension of time is GRANTED. The updated Program Guide shall be completed in accordance with the requirements of this order and filed on or before May 30, 2018.

IT IS SO ORDERED.

DATED: April 9, 2018.

_____
UNITED STATES DISTRICT JUDGE