IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,
    Plaintiffs,

    v.                                No. 2:90-cv-0520  KJM DB (PC)

EDMUND G. BROWN, JR. et al.,
    Defendants.

## SPECIAL MASTER'S REQUEST FOR ENLARGEMENT OF TIME IN WHICH TO PRESENT THE UPDATED PROGRAM GUIDE TO THE COURT

### INTRODUCTION

On December 15, 2017, the court issued an order directing the *Coleman* parties—under the supervision of the Special Master—to complete an update to the Program Guide "for ease of reference and to ensure the parties and the court all agree on the contents." ECF No. 5750. Specifically, the court directed the parties "to file by March 31, 2018 a current consolidated Program Guide incorporating all modifications required by court orders issued since 2006." *Id*. On March 30, 2018, the parties filed a stipulated request asking that the court extend the deadline to file the consolidated Program Guide to May 30, 2018. ECF No. 5812. In the court's April 10, 2018 order granting the parties' request for an extension of time, the Special Master was directed—in addition to closely supervising the process—to present the final version of the updated Program Guide to the court. ECF No. 5816. The order further stated that upon submission of the updated Program Guide, the parties would be granted the opportunity to file objections, if any, to matters included or omitted from the update. *Id*.

1

For the reasons set forth below, the Special Master requests that he be granted relief from the court's May 30, 2018 deadline and be granted an additional 30 days, or up to and including June 30, 2018, to present the final version of the updated Program Guide to the court.

## **BACKGROUND**

In an order issued on April 19, 2017, the court indicated its approval of the development and implementation of a process by which to update the Program Guide to incorporate modifications ordered by the court since March 2006. ECF No. 5610 at 6. During a September 28, 2017 status conference dedicated to issues related to delayed transfers to mental health crisis beds, the court expressed a need for clarity related to the contents of the Program Guide. ECF No. 5707 at 36. On December 15, 2017, the court issued its order directing the parties to file a current consolidated Program Guide by March 31, 2018. ECF No. 5750.

Subsequent to the issuance of the December 15, 2017 order, the parties, under the supervision of the Special Master, commenced a series of communications with the objective of reaching an agreement on an updated version of the Program Guide to be filed with the court. On January 17, 2018, in response to the Special Master's request to provide copies of all policies and procedures that defendants believed constituted the whole of those that modified the Program Guide, defendants provided a set of 27 policies and procedures to the Special Master and plaintiffs for review. During an All-Parties Workgroup meeting on January 18, 2018, the Special Master and plaintiffs expressed their concerns related to the scope of the policies provided by defendants. Plaintiffs submitted written comments on the provided policies in a letter dated March 13, 2018.

At the request of the Special Master and the plaintiffs, on March 21, 2018 defendants submitted an additional 41 policies which they contended were not contemplated by the court's

order and thus objected to their inclusion as part of the Program Guide update.[1]  The parties filed a joint request for an extension of time to file the consolidated Program Guide on March 30, 2018.  ECF No. 5812.  On April 10, 2018, the court issued its order granting the parties' request for an extension of time and directing the Special Master to present the final version of the updated Program Guide to the court by May 30, 2018.  ECF No. 5816.

 On April 27, 2018, plaintiffs submitted additional written comments on the initial set of 27 policies and procedures provided by defendants on January 17, 2018 and comments on the additional 41 sets of policies and procedures defendants provided on March 21, 2018.  Plaintiffs' letter also included a list in excess of 50 program policies and procedures which had been omitted from defendants' submissions and which plaintiffs believed might warrant inclusion in the Program Guide update.

The Special Master convened a meeting on May 21, 2018 to discuss the exhaustive list of policies and procedures that had been collected and submitted by the parties.  Discussions in that meeting proved fruitful, with significant progress achieved in narrowing the scope of the dispute.

On May 25, 2018, defendants submitted a response to plaintiffs' April 27, 2018 correspondence.  In their letter, which also memorialized the discussion at the May 21, 2018 meeting, defendants separated the policies at issue into four categories: (1) those which defendants agreed should be included in the Program Guide update; (2) those which are covered by regulations already in place; (3) those which are superseded by newer policies; and (4) those

---

[1] Defendants' March 21, 2018 letter to the Special Master and plaintiffs' counsel stated in relevant part:  "CDCR does not agree that its current policies should be set in stone by their inclusion in the Program Guide addendum. The creation, implementation, and revision of policies is a function of Defendants' operations and should not be subjected to an order that arguably prohibits such flexibility.  Further, Defendants disagree that the attached policies, including the Program Guide, represent constitutional minima.  In fact, as Defendants have pointed out, the Program Guide was written with the express understanding that it would evolve and change to implement 'emergent or court-ordered substantive changes' throughout the year. (Program Guide 12-1-7.)  Defendants have appealed the Court's October 10, 2017 order which forbids material alterations of the Program Guide and are providing the attached policies subject to Defendants' positions on appeal."

which defendants believed were not appropriate for inclusion. The categorization of over 100 policies and procedures into the four aforementioned groups is a testament to the significant progress that is currently occurring as a result of the concentrated efforts of the parties and the Special Master in this massive undertaking. At this stage, the Special Master needs additional time for the group to determine whether it is appropriate to exclude policies in categories (2) and (3) above, and to work towards consensus on the policies in category (4) which defendants believe should be excluded.

## **CONCLUSION**

Discussions between the parties have yielded promising results pointing towards a successful conclusion to the Program Guide review process. As updating the Program Guide has proved to be a complex process, negotiations are ongoing, and the Special Master believes that with additional time the issues to be brought before the court can be significantly reduced, the Special Master requests that he be granted relief from the May 30, 2018 deadline and be granted an additional 30 days, or up to and including June 29, 2018 in which to present the final version of the updated Program Guide to the court.

Respectfully Submitted,

/s/

_____

Matthew A. Lopes, Jr., Esq.
Special Master

May 30, 2018