XAVIER BECERRA
Attorney General of California
MONICA N. ANDERSON
Senior Assistant Attorney General
JAY C. RUSSELL
DAMON G. MCCLAIN
Supervising Deputy Attorneys General
ELISE OWENS THORN, State Bar No. 145931
ANDREW M. GIBSON, State Bar No. 244330
TYLER V. HEATH, State Bar No. 271478
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7325
 Fax: (916) 324-5205
 E-mail: Tyler.Heath@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,** | 2:90-cv-00520 KJM-DB (PC) |
| Plaintiffs, | **DEFENDANTS' RESPONSE TO THE SPECIAL MASTER'S REPORT ON THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION MENTAL HEALTH SERVICES DELIVERY SYSTEM PROGRAM GUIDE UPDATE** |
| v. | |
| **EDMUND G. BROWN JR., et al.,** | |
| Defendants. | |

1

# INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 53(f), Defendants provide their objections to the Special Master's Report on the California Department of Corrections and Rehabilitation Mental Health Services Delivery System Program Guide Update, filed June 29, 2018 ("June 29 Report").[1]  (ECF No. 5844.)  Specifically, Defendants object to the Special Master's recommendation that "[a]ny proposed Program Guide-related regulations be provided to plaintiffs and the Special Master 90 days in advance of the public comment period, and/or any Program Guide-related policies currently incorporated into regulations that substantively change in the future."  (ECF No. 5844 at 10.)  Defendants also object to the Special Master's recommendation that a new process for modifying the 2009 Program Guide be developed through the existing workgroup procedure.

While Defendants are amenable to providing the Special Master and Plaintiffs with notice of proposed regulations directly relating to matters covered in the 2009 Program Guide in advance of the public comment period, Defendants believe the recommended 90-day period is excessive.  In addition, Defendants are concerned that the definition of "Program Guide-related regulations" suggested in the June 29 Report is potentially unbounded and could be interpreted to extend far beyond regulations directly addressing the delivery of mental healthcare.  Finally, while Defendants believe that an advanced period for discussion and negotiation with Plaintiffs and the Special Master will help expedite final approval of proposed regulations, Defendants believe it should be clear that Special Master nor Plaintiffs would be granted veto power or a right to preapproval over agency rulemaking, which would represent an improper intrusion in the

---

[1] In its July 12, 2018 Order, the Court stated regarding the June 29 Report that "the ten-day period for filing objections to the consolidated update Program Guide, *cf*. ECF No. 640 at 8, expired on July 9, 2018, without the filing of any objections."  (ECF No. 5852 at 8:20-22.)  However, the language in the Order of Reference cited by the Court states that "any *compliance report of the special master filed in accordance with paragraph A (5) above* shall be adopted as the findings of fact and conclusions of law of the court unless, within ten days after being served with the filing of the report, either side moves to reject or modify the report."  (ECF No. 640 at 8:6-10 (emphasis added).)  The referenced section referred specifically to the Special Master's duty to file "periodic reports assessing defendants' compliance with such remedial plan," as distinct from, *inter alia*, the duty to "make interim reports to the court on the progress of the remedial plan."  (*Id*. at 4:9-10, 16-18.)  Because the June 29 Report is not a compliance report, the 21-day period to object under Rule 53(f)(2) should control, rather than the 10-day period in the Order of Reference.

2

Defs.' Response to Special Master's Report on Program Guide Update
(2:90-cv-00520 KJM-DB (PC))

independence of California state agencies.

## I. THE JUNE 29 REPORT

In the June 29 Report, the Special Master states,

> After much discussion, the parties and the Special Master reached a compromise that ["Program Guide-related policies" already codified into state regulations] would not be included in the consolidated Program Guide update. It is the Special Master's recommendation that any further proposed Program Guide-related regulations be provided to plaintiffs and the Special Master 90 days in advance of the public comment period. This would allow time for review and discussion to determine whether any such proposed policy warrants inclusion in a future Program Guide update. This recommendation would include any Program Guide-related policies currently incorporated into regulations that substantively change in the future.

(ECF No. 5844 at 9). The June 29 Report clarifies that the term "Program Guide-related polices" is used "to refer to any and all policies which impact the delivery of mental health care to *Coleman* class members, e.g, custody-related policies (RVR, etc)." (*Id*. at 9 fn.7.) The above findings are memorialized in the Special Master's recommendation that "any proposed Program Guide-related regulations be provided to plaintiffs and the Special Master 90 days in advance of the public comment period, and/or any Program Guide-related policies currently incorporated into regulations that substantively change in the future." (*Id*. at 10.)

## II. THE MEANING OF THE TERM "PROGRAM GUIDE-RELATED REGULATION" IS VAGUE AND OVERBROAD

As written, the Special Master's recommendation potentially encompasses a broad swath of regulations and policies that do not directly relate to the delivery of mental health care to *Coleman* class members.

The June 29 Report defines the term "Program Guide-related policies" to mean "any and all policies which impact the delivery of mental health care to *Coleman* class members, e.g, custody-related policies (RVR, etc)." (ECF No. 5844 at 9 fn.7.) The acronym "RVR" in the Special Master's example refers to the term "Rules Violation Report," the form by which correctional staff report non-minor misconduct committed by prison inmates. *See* 15 C.C.R. § 3312(a)(3). The RVR process applies generally to all inmates in California; while existing RVR regulations include provisions directly relating to mental health, such as those requiring a Mental Health

3

Defs.' Response to Special Master's Report on Program Guide Update
(2:90-cv-00520 KJM-DB (PC))

Assessment for certain inmates alleged to have committed a rules violation, *see id.* § 3317(b), the definition in the June 29 Report does not itself suggest that it is so limited.

The references to the terms "custody-related" and "RVR" suggest that the Special Master conceives of the term "Program Guide-related" to be expansive, possibly including any regulations that tangentially impact the delivery of care to *Coleman* class members regardless of whether these regulations are directed specifically at the delivery of mental health services or primarily impact *Coleman* class members. There are many policies that could impact the delivery of mental health care that are not directly related to policies within the 2009 Program Guide, such as regulations relating to the movement of inmates, security levels, lockdown procedures, or parole. Defendants are concerned that a vague definition of "Program Guide-related regulations" might expand to include virtually any regulation promulgated or modified by Defendants.

Accordingly, Defendants request that the scope of the Special Master's recommendation be narrowed to regulations directly concerning the delivery of mental health care to *Coleman* class members.

## III. THE 90-DAY ADVANCE NOTICE PERIOD IS EXCESSIVE

While Defendants do not object in principle to providing advance notice of proposed regulations and policies to Plaintiffs and the Special Master, a 90-day period would be excessive. A three-month advance notice obligation combined with the required public comment period would unduly delay changes in regulations, particularly if changing circumstances or an emergency situation create the need to adapt a specific policy as rapidly as possible.

In addition, the California Administrative Procedures Act ("APA") mandates that state agencies proposing a regulatory change prepare a comprehensive package of information and support to be provided to the Office of Administrative Law and made available publicly in advance of the public comment period. *See* Cal. Gov. Code § 11340 *et seq.*[2] This information

---

[2] Under the APA, an agency that seeks to take a rulemaking action must prepare a notice of proposed action, which among other things explains the purpose, authority for and expected impact of the action, along with information regarding how and when the public may submit comments or request a hearing if none is scheduled. Cal. Gov. Code § 11346.5. The agency must provide this notice to the Office of Administrative Law, alongside additional information regarding the purpose and justification for the regulatory action. *Id.* § 11346.2. This information

4

Defs.' Response to Special Master's Report on Program Guide Update
(2:90-cv-00520 KJM-DB (PC))

would doubtless be of value in determining whether the proposed regulations warrant inclusion in any Program Guide updates; a 90-day advance reporting requirement may interfere with the processes of developing the notice of proposed rulemaking and supporting documentation, or might require the submission of proposed regulations prior to the creation of supporting documentation. Defendants would be better able to provide supporting information and justification for proposed regulatory changes if advance notice were set to be closer to the public notice period.

For this reason, Defendants propose that any advance notice of regulatory changes be set for 30 days prior to commencement of the public notice period.[3]

### IV. THE COURT SHOULD MAKE CLEAR THAT THE PURPOSE OF THE ADVANCED-NOTICE REQUIREMENT IS TO FACILITATE AMENDMENT TO THE PROGRAM GUIDE, NOT PROVIDE THE SPECIAL MASTER WITH AUTHORITY TO PRECLEAR AGENCY POLICIES

In the June 29 Report, the Special Master states that the purpose of the advance-notice requirement is to "allow time for review and discussion to determine whether any such proposed policy warrants inclusion in a future Program Guide update." (ECF No. 5844 at 9.) As part of the administrative rulemaking process, Defendants are amenable to accepting commentary from Plaintiffs or the Special Master as to proposed regulatory changes, as well as discussion as to how regulatory changes should be reflected in modifications to the Program Guide.

However, Defendants are concerned with the possibility that the advance-notice requirement might expand into a system by which the Special Master is afforded the *de facto* right to develop state policy or exercise preclearance authority over state regulation. Such an

---

must also be made available to the public, and the agency must provide at least a 45-day period in which the public may comment on proposed regulations. *Id.* § 11346.4. An agency may consult with interested parties before initiating a rulemaking action (Cal. Gov. Code § 11346), and if the proposed changes are too complex or substantial to be easily reviewed in the comment period, the agency shall "involve parties who would be subject to the proposed regulations in public discussions regarding those proposed regulations" (id. § 11346.45).

[3] The phrasing of "Program Guide-related policies currently incorporated into regulations that substantively change in the future" is potentially ambiguous. Defendants interpret this language to refer to an amendment to an existing regulation that would require a notice of proposed action to be created under the APA. If the term was meant to refer to Defendants' policies more generally, then the Special Master's recommendation is unclear as to when exactly the advance-notice period would be triggered.

5

Defs.' Response to Special Master's Report on Program Guide Update
(2:90-cv-00520 KJM-DB (PC))

exercise would exceed the authority granted to the Special Master under Federal Rule of Civil Procedure 53, the Court's Order of Reference (ECF No. 640), and the PLRA (*see* 18 U.S.C. § 3626(a)(1)(A), (f)) – none of which contemplate a Special Master prospectively micromanaging or dictating agency policy.

Accordingly, the Defendants believe that the Court should make clear that while the advance notice requirement would provide the Special Master and Plaintiffs with the opportunity to comment on proposed regulatory actions, they would not be granted authority over final decisions beyond that normally afforded to outside commenters under the APA. Defendants further believe that limiting the advance notice period to 30 days would reasonably limit the Special Master's influence over state rulemaking.

## V. THE PARTIES SHOULD PROPOSE AN IMPROVED METHOD FOR MODIFYING THE PROGRAM GUIDE OUTSIDE THE EXISTING WORKGROUP PROCESS

Defendants agree with the Special Master's conclusion that "the Program Guide Revision Policy and Procedure currently in place is not working—nor has it ever worked—as originally envisioned." (ECF No. 5844 at 9.) However, Defendants are skeptical that adding a new item to the existing workgroup agendas is likely to result in the creation of a productive alternative, rather than a protracted negotiation over modification procedures that echoes the protracted negotiations regarding the Program Guide itself. Instead, Defendants suggest that the parties provide written submissions to the Special Master proposing procedures for future modification of the Program Guide. Defendants believe this approach will more quickly yield a workable framework for future Program Guide modification.

## CONCLUSION

Defendants do not, as a general matter, oppose the Special Master's recommendation to provide advance notice of proposed rulemaking that may impact the delivery of mental health care to *Coleman* class members. However, Defendants believe that the Special Master's recommendation, as written, is not reasonably tailored to cover Program Guide-related policies, provides an excessive pre-notice period, and could potentially lead to the Special Master exercising undue authority over state policymaking in contravention of the APA, PLRA, and the

6

Defs.' Response to Special Master's Report on Program Guide Update
(2:90-cv-00520 KJM-DB (PC))

Court's Order of Reference.

Defendants therefore object to the Special Master's recommendation as written, and request that the Court provide clearer guidance as to the scope of the requirement, shorten the recommended notice period to 30 days, and clarify that the notice period is intended to solicit commentary from the Special Master and Plaintiffs rather than provide the opportunity to pre-clear agency rulemaking.

Further, Defendants believe that the parties should develop a new framework for modifying the Program Guide outside the workgroup process, and suggest that the parties instead provide written submissions to the Special Master.

Dated:  July 12, 2018                    Respectfully submitted,

                                         XAVIER BECERRA
                                         Attorney General of California
                                         JAY C. RUSSELL
                                         Supervising Deputy Attorney General


                                         TOBIAS G. SNYDER
                                         Deputy Attorney General
                                         *Attorneys for Defendants*
                                         *California Department of Corrections and*
                                         *Rehabilitation - General*

CF1997CS0003
42019942.docx

7