DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

CLAUDIA CENTER – 158255
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111-4805
Telephone: (415) 621-2493

MICHAEL W. BIEN – 096891
JEFFREY L. BORNSTEIN – 099358
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LISA ELLS – 243657
KRISTA STONE-MANISTA – 269083
JENNY S. YELIN – 273601
MICHAEL S. NUNEZ – 280535
JESSICA WINTER – 294237
CARA E. TRAPANI – 313411
MARC J. SHINN-KRANTZ – 312968
ROSEN BIEN
GALVAN & GRUNFELD LLP
50 Fremont Street, 19th Floor
San Francisco, California 94105-2235
Telephone: (415) 433-6830

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>    Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**JOINT STATUS REPORT RE: POSSIBLE REMAINING STAFFING ISSUES AND DISCOVERY SCHEDULE**<br><br>Judge: Hon. Kimberly J. Mueller |

On February 15, 2018, the Court issued an Order (ECF No. 5786) identifying three staffing-related questions to be answered by the parties: (1) "Can defendants hire a sufficient number of psychiatrists, through salary adjustments, forensic psychiatric fellowships, exhaustion of clustering, and other recruiting and retention efforts, to meet the staffing levels for psychiatrists required by the 2009 court-ordered staffing ratios, ECF No. 3693, with a maximum ten percent vacancy rate as required by the court's June 13, 2002 order, ECF No. 1383[?]"; (2) "[w]hat role does and can telepsychiatry play, consistent with the Eighth Amendment, to aid in solving the psychiatrist staffing

shortage?"; and (3) "[k]eeping in mind that the staffing levels that preceded the current ratios were constitutionally inadequate, are there any adjustments to the psychiatrist staffing ratios that could be made to alleviate the psychiatrist staffing shortages without compromising the constitutionally required access to adequate mental health care?" (ECF No. 5786 at 3-4.)

In its July 3, 2018 Order, ECF No. 5850 ("Order"), the Court gave the parties leave to "file, not later than August 3, 2018, a joint status report addressing any additional process, including discovery or motion practice, that any party believes may be required to resolve [outstanding staffing] issue(s) to ensure timely compliance with the October 10, 2017 order."[1] *Id.* at 9. The parties and Special Master have agreed in principle to Defendants' proposal to adjust specific staffing ratios in the 2009 Staffing Plan.[2]

The remaining staffing issue for which the parties foresee a possibility of discovery or motion practice is whether "defendants [can] hire a sufficient number of psychiatrists, through *salary adjustments* … to meet the staffing levels for psychiatrists required by the 2009 court-ordered ratios, ECF No. 3693, with a maximum ten percent vacancy rate as required by the court's June 13, 2002 order, ECF No. 1383." (Order, ECF No. 5786 at 3-4 (Feb. 15, 2018) (emphasis added).)

Defendants presented information regarding psychiatry compensation at the start of the 2018 workgroups, but because the parties have yet to comprehensively address psychiatrist compensation via the workgroup process, the parties submit that it is

---

[1] The July 3 Order also directed the Special Master to "finalize a proposed telepsychiatry policy that is in his view consistent with the provisions of the October 10, 2017 order and the recommendations of his experts." (ECF No. 5850 at 6.) The Special Master filed his proposed telepsychiatry policy, along with the parties' responses to the Special Master's July 25, 2018 draft proposed telepsychiatry policy, on August 2, 2018. Defendants plan to lodge their formal objections to the policy with the Court.

[2] The parties are determining the appropriate method for memorializing the agreement. Plaintiffs have reserved their objections to Defendants' proposal subject to close monitoring by the Special Master. Likewise, Defendants reserve their rights to request modification of the staffing plan if either the Special Master or Plaintiffs withdraw their support at a later date.

premature to conclude that there is a material dispute regarding this issue. Over the next several weeks, the parties anticipate devoting substantial time and effort to address the Court's question of whether adjusting psychiatrists' salaries can aid Defendants in meeting the required psychiatry staffing levels.[3] In addition, the Special Master has expressed his intent to hire a labor economist and meet with the California Department of Finance, and it is the parties' understanding that he will do so in the coming weeks.

While the parties fully expect to collaboratively discuss this topic via the workgroup process, the parties agree to reserve their right to conduct discovery or engage in motion practice if necessary. If a dispute arises regarding the issue of salary adjustments or any other staffing issue that cannot be resolved in the workgroup process, the parties agree to the following schedule:

| Date | Event |
| --- | --- |
| August 31, 2018 | Last day for parties to disclose, under the provisions of Federal Rule of Civil Procedure 26(a)(2), any and all experts and identify and provide to the workgroup all expert materials, such as declarations or reports, on which they intend to rely for purposes of the October 11, 2018 hearing. A party's failure to disclose an expert will preclude that expert from testifying or otherwise presenting opinions or evidence at the October 11, 2018 hearing. |
| On or before September 11, 2018 | The parties' disclosed experts shall be made available for deposition or participation in a workgroup meeting where the parties may question the experts and discuss any expert materials circulated on August 31. 2018. |
| September 14, 2018 | Last day for parties to submit to the workgroup responses to any expert materials circulated on August 31. |
| September 21, 2018 | Last day for parties to file any motion. |
| September 28, 2018 | Last day for parties to file response to any motion. |
| October 11, 2018 | Hearing. |

To accommodate this schedule, and in light of the uncertain nature of the remaining

---

[3] Starting August 6, 2018, the parties and Special Master also intend to continue their discussions of the Department of State Hospital's staffing plan. DSH reserves all rights to request modification of its staffing plan if the parties and Special Master are unable to reach an agreement.

disputes, the parties respectfully request that the Court modify the deadline for the next joint status report from September 7, 2018 to September 14, 2018, and modify the deadline for the Special Master to file "all parts of the developed factual record relevant to resolution of any [material staffing] dispute" from September 14, 2018 to September 21, 2018. *See* Order, ECF No. 5850 at 4, 9 (July 3 2018). This extension would provide the parties additional time to narrow any remaining staffing disputes and facilitate collaboration via the workgroup process, thereby hopefully forestalling the need for litigation.

The parties presented this joint status report and scheduling proposal to the Special Master, and jointly represent that he approves this submission.

DATED: August 3, 2018                Respectfully submitted,

                                     ROSEN BIEN GALVAN & GRUNFELD LLP

                                     By: */s/ Cara E. Trapani*
                                         Cara E. Trapani

                                     Attorneys for Plaintiffs

DATED: August 3, 2018                XAVIER BECERRA
                                     Attorney General of California

                                     By: */s/ Andrew M. Gibson*
                                         Andrew M. Gibson

                                     Attorneys for Defendants