1  DONALD SPECTER – 083925
   STEVEN FAMA – 099641
2  MARGOT MENDELSON – 268583
   PRISON LAW OFFICE
3  1917 Fifth Street
   Berkeley, California  94710-1916
4  Telephone:    (510) 280-2621

5  CLAUDIA CENTER – 158255
   AMERICAN CIVIL LIBERTIES UNION
6  FOUNDATION OF NORTHERN
   CALIFORNIA, INC.
7  39 Drumm Street
   San Francisco, California  94111-4805
8  Telephone:    (415) 621-2493

MICHAEL W. BIEN – 096891
JEFFREY L. BORNSTEIN – 099358
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LISA ELLS – 243657
KRISTA STONE-MANISTA – 269083
JENNY S. YELIN – 273601
MICHAEL S. NUNEZ – 280535
JESSICA WINTER – 294237
MARC J. SHINN-KRANTZ – 312968
CARA E. TRAPANI – 313411
ROSEN BIEN
GALVAN & GRUNFELD LLP
50 Fremont Street, 19th Floor
San Francisco, California  94105-2235
Telephone:    (415) 433-6830

9  Attorneys for Plaintiffs

10

11              UNITED STATES DISTRICT COURT

12              EASTERN DISTRICT OF CALIFORNIA

13

14  RALPH COLEMAN, et al.,

15          Plaintiffs,

16      v.

17  EDMUND G. BROWN, JR., et al.,

18          Defendants.

19

Case No. 2:90-CV-00520-KJM-DB

**PLAINTIFFS' RESPONSE TO DEFENDANTS' CORRECTED RESPONSE TO SPECIAL MASTER'S JUNE 29, 2018 REPORT ON CDCR'S MENTAL HEALTH SERVICES DELIVERY SYSTEM PROGRAM GUIDE UPDATE**

Judge:  Hon. Kimberly J. Mueller

20

21

22

23

24

25

26

27

28

Case No. 2:90-CV-00520-KJM-DB

[3274351.4]

1    Plaintiffs submit this filing in response to Defendants' Corrected Response to the

2  Special Master's June 29, 2018 report to this Court on the parties' and Special Master's

3  recent work to update the MHSDS Program Guide.  *See* ECF No. 5862 (July 23, 2018)

4  ("Defs' Corrected Response"); *see also* ECF No. 5844 (June 29, 2018) ("Report on the

5  Program Guide Update").[1]

6    Defendants object to the Special Master's recommendation that Defendants be

7  required to provide Plaintiffs and the Special Master with "any proposed Program Guide-

8  related regulations . . . 90 days in advance of the public comment period" and that "any

9  Program Guide-related policies currently incorporated into regulations that substantively

10  change in the future" should be treated in the same manner.  Defs' Corrected Response at 2

11  (citing Report on the Program Guide Update at 10) (internal alterations omitted).

12  Defendants also object that the Special Master included in the Report on the Program

13  Guide Update an overly broad definition of what proposed regulations should be subject to

14  review in the future.  *Id.*  Plaintiffs support the Special Master's recommendations in both

15  regards.

16  / / /

17  / / /

18  / / /

19  _____

20  [1] The interplay of Rule 53's and the Order of Reference's timing provisions has come up in
this case several times, without clear resolution, *see, e.g.* Order, ECF No. 5571 at 2-3 (Feb.

21  23, 2017) (noting the conflicting timelines and declining to resolve the conflict); Plfs' Obj.
to the Fifteenth Monitoring Report of the Special Master, ECF No. 1750 at 3 n.1 (Feb. 2,

22  2006) (stating that Plaintiffs would "prepare a proposed amended Order of Reference for
adoption by the Court to address" inconsistencies between the amended Rule 53(f) and the

23  Order of Reference); *cf.* Order, ECF No. 3731 at 2 n.1 (Nov. 23, 2009) (ruling that the
standard of review from the Order of Reference would control where in conflict with

24  amendments to Rule 53(f)).  Despite being on notice of the conflicting provisions in Rule
53 and the Order of Reference, neither Defendants' original nor Corrected Response was

25  filed before the earlier deadline expired, and Defendants neither requested nor received a
stipulation or order authorizing the latter date.  Defendants' response should be excluded

26  as untimely.  But to the extent this Court determines that Rule 53(f) governs the time for
Defendants to respond to the Special Master's Report on the Program Guide Update,

27  Plaintiffs also are entitled to an opportunity to be heard on Defendants' objections.  *See*
Fed. R. Civ. P. 53(f)(1).

28

1    Case No. 2:90-CV-00520-KJM-DB

[3274351.4]

1    **I.      The Special Master's Proposed 90-Day Advance Notice Period for Future**
2            **Proposed Regulations Does Not Create an Unnecessary Delay, but Instead**
             **Provides the Parties and Special Master Adequate Time to Review and**
3            **Consider any Changes to Policy Incorporated into the Proposed Regulations.**

4            Defendants claim that 90 days' advance notice of proposed regulatory changes is

5    not necessary "because promulgating existing policies into regulations does not require

6    negotiation of new policies." Defs' Corrected Response at 3.  The implication of

7    Defendants' argument is that they can be trusted faithfully to codify into regulatory text the

8    critical aspects of all "agreed-upon policies," and thus permitting Plaintiffs and the Special

9    Master a modest amount of time to confirm that fact and/or point out necessary changes is

10   "unnecessary, wasteful, and an intrusion into California's regulatory authority." *Id.*  But

11   recent experience has demonstrated the fallacy of Defendants' assertion and the necessity

12   of the Special Master's recommendation.

13           Specifically, Plaintiffs recently commented on Defendants' proposed amendments

14   to regulations governing the placement of prisoners on so-called C status, which have not

15   yet been released for public comment.  Decl. of Jessica Winter ISO Plfs' Response to

16   Defs' Corrected Response ("Winter Decl."), ¶ 2 & Ex. A.  The parties, under the

17   supervision of the Special Master, previously had negotiated extensive revisions to

18   Defendants' C status policy, and those revisions were memorialized in Defendants'

19   February 16, 2017 final C status memo. *Id.* at ¶ 2 & Ex. A at 1.  Defendants' newly

20   proposed regulatory changes, however, reversed several major substantive components of

21   the operational policy memo that the parties had specifically negotiated. *See id.*, Ex. A.

22   The proposed regulatory changes to the existing C status policy highlight the need for

23   Plaintiffs and the Special Master to have an opportunity in the future to review and

24   comment on any new proposed regulations before they are offered for public comment.

25           Defendants are free to promulgate regulations pursuant to their statutory authority.

26   They are not free, however, to claim that carefully crafted and negotiated *Coleman* policies

27   affecting class members' core rights need not be incorporated into the Program Guide

28   because they are captured in regulations, when in fact those regulations materially deviate

Case No. 2:90-CV-00520-KJM-DB

PLAINTIFFS' RESPONSE TO DEFENDANTS' CORRECTED RESPONSE TO SPECIAL MASTER'S JUNE 29,
2018 REPORT ON CDCR'S MHSDS PROGRAM GUIDE UPDATE

[3274351.4]

1  from the final policies agreed upon by the parties and the Special Master.  The Special

2  Master's recommendation for a short period of review of proposed text within the

3  workgroup setting is more than warranted.

4          Weighing on the other side of the balance, Defendants have not pointed to any

5  substantial harm caused by providing Plaintiffs and the Special Master a short window in

6  which to respond to proposed regulations prior to submitting the regulations for public

7  comment.  Nothing about the Special Master's recommendation modifies or otherwise

8  intrudes on the APA, as the proposed review process occurs before the formal

9  promulgation process even starts.  And indeed, as Defendants note, the public comment

10  period is a minimum of 45 days, meaning a longer promulgation process is already

11  contemplated and permissible under the law.  Defs' Corrected Response at 4 n.2.  While

12  Defendants note that a longer rulemaking time period is permissible, including the

13  possibility of engaging in a "workshopping" process with the Special Master and

14  Plaintiffs, they do not commit to treating proposed text purporting to codify negotiated

15  remedial policies as complex or substantial for the purposes of triggering this process.  *See*

16  *id.* at 5-6.

17          In short, the only negotiated-policy-turned-proposed-regulation that the parties have

18  addressed since the Special Master filed his Report on the Program Guide Update is the C

19  status policy.  Winter Decl., ¶ 3.  Defendants' proposed regulations implementing that

20  policy newly introduce substantial changes, some directly in conflict with the resolution of

21  topics the parties specifically negotiated, demonstrating precisely why the Special Master's

22  recommendation is warranted and necessary.  Where Defendants are translating a

23  negotiated case-related policy into regulations, Plaintiffs and the Special Master should

24  have an opportunity to review the proposed regulatory language to ensure it is consistent

25  with the policy Defendants claim it will replace for the purposes of the remedy in this case.

26  / / /

27  / / /

28  / / /

PLAINTIFFS' RESPONSE TO DEFENDANTS' CORRECTED RESPONSE TO SPECIAL MASTER'S JUNE 29,
2018 REPORT ON CDCR'S MHSDS PROGRAM GUIDE UPDATE

[3274351.4]

II.     **The Special Master Properly Defined the Scope of Affected Policies that Should Be Subject to Review by the Special Master and Plaintiffs Prior to any Public Comment Period.**

The Special Master properly required Defendants to submit proposed "Program Guide-related regulations"[2] to Plaintiffs and the Special Master in the future, meaning "any and all policies which impact the delivery of mental health care to *Coleman* Class members," including, for example, "custody-related policies (RVR, etc[.])."  Report on the Program Guide Update at 9 & n.7, 10.  As Defendants implicitly acknowledge, not all *Coleman* remedial obligations are incorporated into the Program Guide, even as updated.[3]

---

[2] The same is true of the Special Master's reference to "Program Guide-related policies." Report on the Program Guide Update at 9, 10.

[3] For example, the Program Guide, even as updated, does not incorporate heat-plan requirements, which have been an aspect of this litigation since very nearly the beginning, *see, e.g.*, Order, Dkt. No. 161 (Mar. 24, 1992); Order, Dkt. No. 232 (May 11, 1992); Report and Recommendation, Dkt. 547 (June 6, 1994), at 2, and have remained relevant, applicable, and enforceable throughout the litigation, *see, e.g.*, Order, ECF No. 1800 (May 2, 2006); ECF No. 5779 (Feb. 13, 2018), at 188, 199, 216-17.

In addition, the order approving the final settlement in *Hecker v. Brown*, which was incorporated into *Coleman* as part of a still-enforceable settlement agreement, obliges Defendants to ensure that class members are permitted equal access to programs and services available to non-class members, and that class members are not excluded from those programs and services on the basis of their mental health disabilities,  *See* Order for Final Approval of Settlement Agreement, E.D. Cal. No. 2:05-CV-02441 KJM-DAD, ECF No. 148 (Mar. 2, 2015) ("*Hecker* Settlement"), ¶ 6.  That broader, overarching obligation continues, notwithstanding the fact that the Report on the Program Guide Update, and particularly the regulations identified therein, identify policies and procedures implementing narrower facets and specific articulations of those principles.  *See, e.g.*, Report on the Program Guide Update at 392 (referencing regulations discontinuing the assessment of four security-level points for those receiving mental health services), *id.* (referencing milestone credits for *Coleman* class members), *id.* (addressing placement in substance abuse treatment programs in CDCR).

Finally, of course, Defendants remain obligated to comply with this Court's many remedial and enforcement orders, regardless of whether they also are contained expressly in the Program Guide, including, for example, those related to staffing, construction and bed planning, the full utilization of inpatient beds, and segregation, use of force, and discipline. *See, e.g.*, Order, ECF No. 5711 (Oct. 10, 2017) (discussing the history of staffing issues in the case and ordering Defendants to come into compliance with staffing ratios ordered in their 2009 staffing plan); Order, ECF No. 5710 (Oct. 10, 2017) (resolving issues related to, and ordering compliance with, timelines for transfer of class members to mental health crisis beds); Order, ECF No. 5610 (Apr. 19, 2017) (ordering Defendants to comply with timeframes for transfer of class members to intermediate and acute inpatient beds); Order, (footnote continued)

[3274351.4]

1    *See* Defs' Corrected Response at 7-8.  Nevertheless, the parties and Special Master, in

2    negotiations during the Program Guide Update process, were able relatively smoothly to

3    identify and agree upon which policies were sufficiently case-related to warrant inclusion

4    in the Report on the Program Guide Update, and have committed to engage in a similar

5    process in the future.  And the language in the Report on the Program Guide Update

6    describes the scope of potential policies for review no more broadly than the scope of the

7    policies the parties reviewed and negotiated smoothly in the Program Guide Update

8    process.  Indeed, any concerns Defendants have about the scope of the recommendation

9    vis-à-vis regulatory changes that Defendants claim obviate the need to incorporate

10   remedial policies into the Program Guide can be addressed pursuant to the Special

11   Master's recommendation for a workgroup process devoted to developing an improved

12   method for addressing Program Guide modifications going forward—a recommendation to

13   which Defendants do not object.  *See* Report on the Program Guide Update at 9-10.

14   Accordingly, Defendants' objection is unfounded and inconsistent with the parties' and

15   Special Master's working approach to updating the Program Guide.

16   **III.    Certification**

17       Plaintiffs certify that counsel has reviewed the court orders at the following docket

18   and ECF entries: Dkt. No. 161 (Mar. 24, 1992); Dkt. No. 232 (May 11, 1992); ECF No.

19   640 (Dec. 11, 1995); ECF No. 1800 (May 2, 2006); ECF No. 2345 (Aug. 2, 2007); ECF

20   No. 3731 (Nov. 23, 2009); ECF No. 5116 (Mar. 18, 2014); ECF No. 5131 (Apr. 10, 2014);

21   ECF No. 5171 (June 19, 2014); ECF No. 5571 (Feb. 23, 2017); ECF No. 5610 (Apr. 19,

22

23   ECF No. 5171 (June 19, 2014) (ordering Defendants to continue to work with the Special
     Master on bed planning, staffing, and the provision of adequate treatment space); Order,
24   ECF No. 5131 (Apr. 10, 2014) (ordering Defendants to modify use of force and
     segregation practices); Order, ECF No. 5116 (Mar. 18, 2014) (addressing Defendants' bed-
25   planning and construction projects to that date); Order, ECF No. 2345 (Aug. 2, 2007)
     (ordering Defendants to modify their disciplinary process for class members).

26   Because so many aspects of Defendants' remedial obligations in this case are not
     incorporated into the Program Guide, it is particularly important that the Special Master
27   define potentially relevant policies and proposed regulatory changes broadly.

28

PLAINTIFFS' RESPONSE TO DEFENDANTS' CORRECTED RESPONSE TO SPECIAL MASTER'S JUNE 29,
2018 REPORT ON CDCR'S MHSDS PROGRAM GUIDE UPDATE

[3274351.4]

1   2017); ECF No. 5710 (Oct. 10, 2017); ECF No. 5711 (Oct. 10, 2017); ECF No. 5726

2   (Nov. 6, 2017); ECF No. 5750 (Dec. 15, 2017); ECF No. 5832 (May 31, 2018); ECF No.

3   5852 (July 12, 2018); ECF No. 5860 (July 20, 2018).

4   DATED:  August 3, 2018                     Respectfully submitted,

5                                              ROSEN BIEN GALVAN & GRUNFELD LLP

6
                                               By:  */s/ Jessica Winter*
7                                                    Jessica Winter

8                                              Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' RESPONSE TO DEFENDANTS' CORRECTED RESPONSE TO SPECIAL MASTER'S JUNE 29, 2018 REPORT ON CDCR'S MHSDS PROGRAM GUIDE UPDATE

[3274351.4]