| | |
|---|---|
| DONALD SPECTER – 083925<br>STEVEN FAMA – 099641<br>MARGOT MENDELSON – 268583<br>PRISON LAW OFFICE<br>1917 Fifth Street<br>Berkeley, California  94710-1916<br>Telephone:   (510) 280-2621<br><br>CLAUDIA CENTER – 158255<br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION OF NORTHERN<br>CALIFORNIA, INC.<br>39 Drumm Street<br>San Francisco, California  94111-4805<br>Telephone:   (415) 621-2493 | MICHAEL W. BIEN – 096891<br>JEFFREY L. BORNSTEIN – 099358<br>ERNEST GALVAN – 196065<br>THOMAS NOLAN – 169692<br>LISA ELLS – 243657<br>KRISTA STONE-MANISTA – 269083<br>JENNY S. YELIN – 273601<br>MICHAEL S. NUNEZ – 280535<br>JESSICA WINTER – 294237<br>MARC J. SHINN-KRANTZ – 312968<br>CARA E. TRAPANI – 313411<br>ROSEN BIEN<br>GALVAN & GRUNFELD LLP<br>50 Fremont Street, 19th Floor<br>San Francisco, California  94105-2235<br>Telephone:   (415) 433-6830 |

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>    Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANTS' EVIDENCE IN SUPPORT OF DEFENDANTS' 8/13/18 OBJECTIONS TO THE SPECIAL MASTER'S PROPOSED TELEPSYCHIATRY POLICY**<br><br>Judge:  Hon. Kimberly J. Mueller<br>Date:   September 7, 2018<br>Time:   10:00 a.m.<br>Crtrm.: 3, 15th Floor |

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 7, 2018, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Kimberly J. Mueller, Plaintiffs will and hereby do move the Court for an order to strike the new evidence Defendants submitted in support of their Objections to the Special Master's Report on the Proposed Telepsychiatry Policy Addendum to the California Department of Corrections and Rehabilitation Mental Health Services Delivery System Program Guide (ECF No. 5879).

This motion is based on this Notice of Motion and Motion, all filed herewith; all papers and pleadings on file in this action; and such other pleadings, oral argument and/or documentary evidence as may come before the Court upon hearing of this matter.

DATED: August 31, 2018

Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Michael S. Nunez*
Michael S. Nunez

Attorneys for Plaintiffs

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1

PLAINTIFFS' NOTICE OF MOT. AND MOT. TO STRIKE DEFS.' EVIDENCE IN SUPPORT OF DEFS.' 8/13/18
OBJECTIONS TO THE SPECIAL MASTER'S PROPOSED TELEPSYCHIATRY POLICY

[3293583.3]

Plaintiffs object to and request that the Court strike the new evidence Defendants submitted in support of their Objections to the Special Master's Report on the Proposed Telepsychiatry Policy Addendum to the California Department of Corrections and Rehabilitation Mental Health Services Delivery System Program Guide (ECF No. 5879). This Court made clear that the entire record, including all evidence in support of either party's position, needed to be presented to the Special Master for consideration in formulating the recommended proposed telepsychiatry policy, which the Special Master would then provide to the Court within 30 days of its July 3 order for full consideration and resolution of the disputed issues.  Transcript of June 28, 2018 Status Conference at 8:3-11:18, ECF No. 5870 ("6/28/18 Transcript"); Order at 6-8 (Jul. 3, 2018), ECF No. 5850 ("7/3/18 Order").  Despite that Defendants had ample opportunity to present the workgroup with evidence in support of their position, and in fact did so on July 6, July 12, and August 1, 2018, they nonetheless prepared and filed with this Court additional evidence on August 13, 2018 that had never previously been presented to the Special Master and Plaintiffs, including, most significantly, a new 24-page rebuttal expert report (ECF No. 5879-3).  Defendants' unilateral decision to pad the record circumvented the core purpose of the Court's order, which was to ensure that the Special Master was able to consider all available evidence any party intended to rely on in formulating his recommendation to this Court.  It also had the effect of depriving Plaintiffs of any opportunity to address or respond to the new evidence, including Defendants' expert's sustained attack on Plaintiffs' expert report.

In particular, Plaintiffs request that the Court strike the Declaration of Joseph Penn, ECF No. 5879-3 ("8/13/18 Penn Decl."), and paragraph 11 of the Declaration of Kevin Kuich, ECF No. 5879-2 ("8/13/18 Kuich Decl.").[1]  As is clear from its face, Dr. Penn's

---

[1] While the declaration of Katherine Tebrock (ECF No. 5879-4) also was never submitted to the workgroup as part of the formal record for consideration by the Special Master, it consists of comments Ms. Tebrock articulated at the workgroup meetings on July 30 and (footnote continued)

2
PLAINTIFFS' NOTICE OF MOT. AND MOT. TO STRIKE DEFS.' EVIDENCE IN SUPPORT OF DEFS.' 8/13/18 OBJECTIONS TO THE SPECIAL MASTER'S PROPOSED TELEPSYCHIATRY POLICY

[3293583.3]

1  declaration is a new, 24-page report that is specifically responsive to the July 12, 2018
2  expert report of Plaintiffs' expert, Dr. Pablo Stewart ("7/12/18 Stewart Report"), and
3  Plaintiffs' letter of the same date outlining their final positions on the telepsychiatry
4  disputes at the Special Master's request.  *See* 8/13/18 Penn Decl. at 1.  Dr. Penn's rebuttal
5  report, as Defendants refer to it in their objections, is substantially different than his initial
6  July 6, 2018 report provided to the workgroup, which was included with the formal record
7  considered by the Special Master and filed with this Court on August 3, 2018.  *See* Special
8  Master's Report on the Proposed Telepsychiatry Policy Addendum to the California
9  Department of Corrections and Rehabilitation Mental Health Services Delivery System
10 Program Guide Ex. B at 6-21 (Aug. 3, 2018), ECF No. 5873-2.  In particular, in addition to
11 significantly expanding on Dr. Penn's credentials and experience, the 8/13/18 Penn
12 Declaration directly attacks the 7/12/18 Stewart Report, including challenging Dr.
13 Stewart's opinions and their bases and providing rebuttals for each scholarly article relied
14 on by Dr. Stewart.  8/13/18 Penn Decl. at 1-22.  The 8/13/18 Penn Declaration also
15 includes an additional scholarly article in the "References" list that was not included in his
16 initial report's "References" list.  *See id.* at 22 (citing Farabee D(1), Calhoun S(1), Veliz
17 R(1)., 2016 Psychiatr Serv. 2016 May 1;67(5):562-5. doi: 0.1176/appi.ps.201500025.
18 Epub 2016 Jan 4. An Experimental Comparison of Telepsychiatry and Conventional
19 Psychiatry for Parolees. Farabee D(1), Calhoun S(1), Veliz R(1)).

20       Defendants had Dr. Stewart's report and Plaintiffs' letter stating their final positions
21 on the four disputed issues for three full weeks before the Special Master submitted the
22 final evidentiary record to this Court in accordance with its July 3 order.  Yet they chose
23 not to present Dr. Penn's rebuttal report to the workgroup (or even inform the Special
24 Master or Plaintiffs they were preparing one), nor did Dr. Penn appear at any workgroup

---

26 August 2, after receipt of the Special Master's initial version of the proposed policy.  Its
27 contents were thus provided to the Special Master for consideration informally by Ms.
   Tebrock, consistent with the spirit of the Court's order, even if formalized later.

meeting to articulate his views in a manner that would have given the Special Master an opportunity to consider the new information, or Plaintiffs an opportunity to respond. Similarly, Defendants decided to pad the August 1 declaration of Dr. Kuich provided to the workgroup to add an additional paragraph on August 13 attempting to explain away significant problems at a July 11, 2018 demonstration of Defendants' proposed cell-front telepsychiatry technology set up for the benefit of and attended by the Special Master team and Plaintiffs' counsel. The Special Master's expert provided feedback to Defendants about the serious deficiencies with the observed technology on the same day as the demonstration, and Plaintiffs' counsel submitted a declaration to the same effect to the workgroup as part of their final submission of evidence to the Special Master for consideration on July 31. Special Master's Report on the Proposed Telepsychiatry Policy Addendum to the California Department of Corrections and Rehabilitation Mental Health Services Delivery System Program Guide Ex. D at 341-48 (Aug. 3, 2018), ECF No. 5873-4; Special Master's Report on the Proposed Telepsychiatry Policy Addendum to the California Department of Corrections and Rehabilitation Mental Health Services Delivery System Program Guide at 7-8 (Aug. 2, 2018), ECF No. 5872 ("Special Master's Telepsychiatry Report"). There is no reason Dr. Kuich's August 1 declaration, submitted to the Special Master for inclusion in the final record to be provided to this Court pursuant to the July 3 order, could not have included the additional testimony provided at paragraph 11 of the 8/13/18 Kuich Declaration, and it should be stricken.

The Court ordered a clear process for finalizing a proposed telepsychiatry policy that required the parties to submit all comments, objections, and evidence regarding use of telepsychiatry to the Special Master before he filed his proposed telepsychiatry policy. The Court's July 3 order directed the Special Master to prepare a proposed telepsychiatry policy, obtain the parties' responses to the policy, and file the proposed policy with the parties' responses by August 3, to be resolved by the Court within the same month. *See* 7/3/18 Order at 6-8. Furthermore, at the June 28 hearing, the Court made clear that the parties' were to submit their complete responses to the Special Master's proposed policy,

4

PLAINTIFFS' NOTICE OF MOT. AND MOT. TO STRIKE DEFS.' EVIDENCE IN SUPPORT OF DEFS.' 8/13/18 OBJECTIONS TO THE SPECIAL MASTER'S PROPOSED TELEPSYCHIATRY POLICY

[3293583.3]

including all of the parties' comments, objections, and supporting evidence, *before* the Special Master submitted his proposed policy to the Court.  6/28/18 Transcript at 10:15-11:18, ECF No. 5870 (explaining that parties needed to submit to the Special Master "anything" that they wished the Court "to consider in reviewing and ultimately deciding on his proposed policy" within thirty days of court order subsequently filed on July 3, 2018).

Defendants submitted objections to the Special Master's proposed telepsychiatry policy and supporting evidence pursuant to this process.  Before circulating a draft telepsychiatry policy to the parties, the Special Master provided the parties an opportunity to submit additional comments and evidence regarding their respective positions on telepsychiatry.  Special Master's Telepsychiatry Report at 6.  Defendants did so on July 6 and 12, 2018 by providing the initial Penn report and supporting materials.  *Id.* at 7.  On July 25, 2018, the Special Master circulated a draft proposed telepsychiatry policy and provided the parties an opportunity to discuss the policy modifications during a July 30 workgroup meeting, as well as submit responses to the policy and evidence in support of those responses.  *Id.* at 8, 11.  On August 1, 2018, Defendants submitted objections to the draft proposed policy and additional evidence in support of those objections to the Special Master.  *Id.* at 12.  The parties discussed Defendants' objections on calls on July 30 and August 2.  *Id.* at 11-12.  To address some of Defendants' concerns, the Special Master made revisions to the final proposed telepsychiatry policy that he submitted to the Court on August 2, 2018.  *Id.* at 12.

There is no reason to permit Defendants to enter new evidence in violation of the court-ordered process. In addition to the process established by the Court's 7/3/18 Order, which afforded Defendants ample opportunity to submit the new evidence by Dr. Penn and Dr. Kuich to the Special Master before he submitted his final proposed telepsychiatry policy to the Court, Defendants have received ample opportunity to set forth their position regarding telepsychiatry.  The parties have worked on telepsychiatry in the workgroup process for over two years, and fully litigated Defendants' desired use of telepsychiatry in the Spring of 2017, resulting in this Court's unchallenged October 10, 2017 order (ECF

5
PLAINTIFFS' NOTICE OF MOT. AND MOT. TO STRIKE DEFS.' EVIDENCE IN SUPPORT OF DEFS.' 8/13/18
OBJECTIONS TO THE SPECIAL MASTER'S PROPOSED TELEPSYCHIATRY POLICY

[3293583.3]

No. 5711). Through the workgroup process and the 2017 litigation, Defendants have received multiple opportunities to articulate their position regarding use of telepsychiatry and to produce supporting evidence. This Court made clear that process must end, and outlined specifically how and when the parties could submit evidence for consideration. Defendants should not be rewarded for ignoring that process by padding the record in a manner that prejudices the Special Master's fact-finding role and provides Plaintiffs with no opportunity to respond.

In sum, Defendants acted in clear contravention of this Court's order and stated intent by filing the wholly new 8/13/18 Penn Declaration and by adding additional testimony via the 8/13/18 Kuich Declaration This evidence should have been submitted to the workgroup for consideration pursuant to the July 3 order, and provided to the Special Master for inclusion in his August 3, 2018 filing that was to contain all evidence either party wished to be considered on the pending telepsychiatry disputes. Permitting Defendants to file this new evidence, which the Special Master never had the opportunity to consider and which Plaintiffs had no opportunity to address, is unfair and flouts the clear process outlined by this Court. At a minimum, if the Court permits the new evidence that Defendants submitted with their August 13 objections to remain in the record, Plaintiffs request that the Court provide Plaintiffs the opportunity to respond to Defendants' new evidence.

DATED: August 31, 2018         Respectfully submitted,

                               ROSEN BIEN GALVAN & GRUNFELD LLP

                               By: */s/ Michael S. Nunez*
                                   Michael S. Nunez

                               Attorneys for Plaintiffs