IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

**RALPH COLEMAN, et al.,**
    **Plaintiffs**

    **vs.**                      No. CIV. S-90-0520 KJM DB P

**EDMUND G. BROWN, JR., et al.,**
    **Defendants**

                                /

**SPECIAL MASTER'S SUPPLEMENTAL FILING AND CERTIFICATION OF
PARTIES' JOINT STATUS REPORT RE OCTOBER 11, 2018 STATUS CONFERENCE**

In an order filed October 10, 2017, the court set a one-year deadline for defendants by which time "all outstanding issues pertaining to achieving adequate mental health staffing levels must be resolved and the required staffing levels achieved." ECF No. 5711 at 28. The court set the matter for a status conference on October 11, 2018 and required the parties to file a joint status report no later than 30 days prior to the status conference. *Id.* at 31.

Following a status conference held on July 3, 2018, the court ordered the parties to submit their joint status report on September 7, 2018 and further ordered that "[t]he status report shall be prepared in consultation with the Special Master, who as discussed above shall certify whether any remaining dispute is material, that good faith efforts to resolve the dispute have been exhausted, and that the dispute is not susceptible of resolution except by the court." ECF No. 5850 at 9. During a follow-up status conference held on August 28, 2018, the court extended the deadline for the parties to file their joint status report to September 14, 2018. *See* ECF No. 5890.

1

On September 14, 2018, the Special Master's office contacted counsel for both plaintiffs and defendants to ascertain when he would be receiving a copy of the joint status report. The parties represented that they were in the process of reviewing the document and were finalizing their respective positions. At approximately 5:45 p.m. Eastern Standard Time, notice was sent to the parties stating that the Special Master had not yet received the joint status report, that he would not have sufficient time to meaningfully review the report and certify its contents before it was filed and therefore, would file his certification at a later date. The joint status report was filed at approximately 8:45 p.m. Eastern Standard Time.[1]

The Special Master has reviewed the parties' joint status report and is largely in agreement with the statements contained within with one exception – the topic of reduced monitoring at the desert institutions and in other areas currently monitored by the Special Master. Defendants have attempted to establish a nexus between reduced psychiatry allocations at the desert institutions and a reduction in monitoring of those institutions. Although this issue has been discussed minimally outside the context of the All-Parties Workgroup, defendants have yet to put forth a proposal to decrease the time required to transfer class members out of the desert institutions that could possibly end the necessity of formal mental health programs and ultimately, court monitoring at those desert facilities. Although worthy of further exploration, that discussion is premature at this time.

The topic of reduced monitoring and removal from court oversight of other specific areas currently monitored by the Special Master[2] was also raised in the joint status report. Although the Special Master and the parties are eager to discuss reduced monitoring, the topic is not

---

[1] Joint Status Report Re October 11, 2018 Status Conference, filed September 14, 2018 ECF No. 5922

[2] Heat Plans, Screening and Referrals, Mental Health Records/Forms, Medication Management, and Involuntary Medication.

2

germane to the current staffing issues, has not been discussed during the All-Parties Workgroup process and is not properly before the court. The parties last discussed the issue of CDCR self-monitoring and reporting on December 18, 2017; the meeting was separate from the All-Parties Workgroup process and included representatives from the Governor's office. It became clear during that discussion that the views of the parties were too divergent and no consensus could be reached. At present, discussions regarding reduced monitoring have stalled. The parties are encouraged to raise these issues during future All-Parties Workgroup meetings.

    With the exception of those issues related to reduced monitoring – which are not properly before the court—the Special Master certifies that the remaining disputes identified by the parties in their September 14, 2018 joint status report are material, good faith efforts to resolve them have been exhausted, and they are not susceptible of resolution except by the court.

Respectfully Submitted,

/s/

Matthew A. Lopes, Jr.
Special Master

September 21, 2018