DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

CLAUDIA CENTER – 158255
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111-4805
Telephone: (415) 621-2493

MICHAEL W. BIEN – 096891
JEFFREY L. BORNSTEIN – 099358
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LISA ELLS – 243657
KRISTA STONE-MANISTA – 269083
JENNY S. YELIN – 273601
MICHAEL S. NUNEZ – 280535
JESSICA WINTER – 294237
MARC J. SHINN-KRANTZ – 312968
CARA E. TRAPANI – 313411
ROSEN BIEN
GALVAN & GRUNFELD LLP
50 Fremont Street, 19th Floor
San Francisco, California 94105-2235
Telephone: (415) 433-6830

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>  Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**PLAINTIFFS' REQUEST FOR A STATUS CONFERENCE REGARDING REPORT FROM DR. GOLDING REGARDING ALLEGATIONS OF MISREPRESENTATIONS OF COMPLIANCE DATA**<br><br>Judge: Hon. Kimberly J. Mueller<br>Date: October 15, 2018<br>Time: 1:00 p.m.<br>Crtrm.: 15 |

[3306932.5]

PLAINTIFFS' REQUEST FOR A STATUS CONFERENCE REGARDING REPORT FROM DR. GOLDING REGARDING ALLEGATIONS OF MISREPRESENTATIONS OF COMPLIANCE DATA

1    Counsel for the Governor's Office and the Attorney General's Office provided
2  Plaintiffs' counsel yesterday with a lengthy, detailed report with voluminous exhibits from
3  Defendant California Department of Corrections and Rehabilitation's Statewide Chief
4  Psychiatrist, Michael Golding, M.D., containing serious allegations that, inter alia, data
5  reported to this Court and the Special Master purporting to measure CDCR's compliance
6  with this Court's orders – and specifically with Program Guide requirements for access to
7  psychiatric care – is inaccurate and has been presented in a materially misleading way.
8  Declaration of Lisa Ells ¶ 2, filed herewith ("Ells Decl.).  Plaintiffs credit counsel for
9  Defendants for their transparency regarding this issue.  Due to the serious and sensitive
10 nature of the allegations and concerns regarding class member privacy, Dr. Golding's
11 report is filed herewith under seal for this Court's consideration.
12   Dr. Golding's claims are very serious and, if true, have far reaching implications
13 affecting almost every aspect of this case.  In particular, if Defendants' representations
14 about access to mental health care have been inaccurate or unreliable, it calls into question
15 core tenets of the parties' workgroup negotiations over the past year regarding the Court's
16 October 10, 2017 order requiring CDCR to come into compliance with prior court orders
17 to fill 90% of long-standing clinical staffing vacancies by October 11, 2018 – less than one
18 week from today.  *See* ECF No. 5711.
19   Defendants' proposal to alter the staffing ratios ordered in their 2009 staffing plan
20 or otherwise reduce the number of allocated psychiatric positions was predicated on data
21 that Dr. Golding claims was false or presented in a manner that was materially misleading.
22 Plaintiffs and the Special Master relied on those representations in reaching a general
23 agreement in principal to enter into a stipulation to reduce psychiatrist staffing numbers
24 that the parties were, before today, close to filing with the Court.  That agreement was the
25 lynchpin undergirding Defendants' representations to this Court, as well as to the Special
26 Master and Plaintiffs, that they would be able to fill 90% of their psychiatrist vacancies by
27 this Court's deadline of October 11.  Because the disclosures in Dr. Golding's report
28 directly call into question representations made and relied on in these negotiations.

Plaintiffs have today informed Defendants that they will not enter into such an agreement. Ells Decl. ¶ 5.

The telepsychiatry evidentiary hearing slated to commence on October 15, 2018 is also clearly implicated. Dr. Golding's report contains allegations about dangerous psychiatric practices, including that far more psychiatric contacts than previously reported, including telepsychiatric contacts, are conducted cell-front, on the yard, or in other non-confidential settings. Dr. Golding, who Plaintiffs had already disclosed as a witness, has therefore reported additional serious risks associated with Defendants' proposal to massively expand the use of telepsychiatry. Further, if the underlying data used to measure the appropriateness, frequency, and quality of the current provision of psychiatric services is in fact materially inaccurate as Dr. Golding claims, this raises serious questions concerning the evidentiary basis to proceed with a systemic delivery of telepsychiatric services without appropriate safeguards and oversight in place to protect the Plaintiff class.

Yesterday, Plaintiffs requested various steps be taken to preserve this Court's ability to supervise this process. Ells Decl. ¶ 3, Ex. A. Defendants have not responded to date. *Id.* ¶ 4.

Plaintiffs therefore request that this Court promptly set a status conference forthwith regarding the appropriate next steps, including consideration of whether the telepsychiatry hearing should proceed as scheduled and of issuance of an order to show cause regarding:

1. whether to order an independent investigation into the allegations, and what the scope and parameters of that investigation should be.

2. whether it is appropriate to order Defendants to preserve the status quo, including by requiring Defendants to preserve all relevant evidence related to Dr. Golding's allegations, prohibiting retaliation against Dr. Golding or any person who assisted him in the preparation of his report, and prohibiting commencement or continuation of any investigation by Defendants or the Attorney General's Office, including any compelled interviews of affected employees as a condition of employment.

///

3. whether to hold an immediate hearing into the allegations raised by Dr. Golding and his colleagues concerning the allegations set forth in his report.

4. such other relief as the Court may deem appropriate.

DATED: October 5, 2018

Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: /s/ Lisa Ells
Lisa Ells

Attorneys for Plaintiffs