UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No. 2:90-0520 KJM DB P |
| Plaintiffs, | |
| v. | ORDER |
| EDMUND G. BROWN, JR., et al., | |
| Defendants. | |

As set by court order, ECF No. 5941, this matter came on for status conference on October 10, 2018. Michael Bien, Esq., Lisa Ells, Esq., and Jeffrey Bornstein, Esq., appeared as counsel for plaintiffs. Misha Igra and Jay Russell, Supervising Deputy Attorneys General, Andrew Gibson, Elise Thorn, and Tyler Heath, Deputy Attorneys General, Patrick McKinney, General Counsel for California Department of Corrections and Rehabilitation (CDCR), and Gabriel Sanchez, Deputy Legal Affairs Secretary, Office of Governor Edmund G. Brown, Jr. appeared as counsel for defendants. Daniel Willick, Esq., participated by telephone conference as counsel for Dr. Michael Golding.

I.     PLAINTIFFS' REQUEST FOR STATUS CONFERENCE

On October 5, 2018, plaintiffs filed a request for a status conference regarding a report from Dr. Michael Golding, CDCR's Statewide Chief Psychiatrist. ECF No. 5936. The

request to conduct a status conference is deemed granted by the court's October 9, 2018 minute order. ECF No. 5941.

Plaintiffs requested the status conference to address whether the evidentiary hearing concerning telepsychiatry set to commence on October 15, 2018 should proceed as scheduled, and to consider a series of orders, including (1) whether to order an independent investigation into the allegations in Dr. Golding's Report and, if so, what the "scope and parameters of that investigation should be," ECF No. 5936 at 3[1], and (2) orders directing defendants to preserve all relevant evidence related to the allegations in Dr. Golding's report, prohibiting retaliation against Dr. Golding or "any person who assisted him in the preparation of his report," and prohibiting defendants or their counsel from commencing or continuing any investigation into the allegations of Dr. Golding's report, "including any compelled interviews of affected employees as a condition of employment." *Id*.

At hearing, defendants requested the court direct the Special Master to investigate the allegations of Dr. Golding's report. Defendants also indicated they do not want CDCR's Department of Internal Affairs to be precluded from conducting an investigation into the report, but that they are willing to hold that investigation in abeyance until after the completion of any court-ordered investigation. Defendants represented to the court that any matter arising from the report is subject to a pre-existing litigation hold for documents and evidence, and that they had issued a new litigation hold on all documents and evidence related to the report as of the morning of October 10, 2018. Defendants also requested leave to conduct interviews with employees who are willing to speak with them voluntarily concerning the allegations in the report.

After consideration of the positions and representations of all counsel, including counsel for Dr. Golding, the court issued a bench order precluding defendants from conducting any investigation, voluntary or compelled, into the allegations of Dr. Golding's report until further order of court. The purpose of the bench order is to preserve the court's ability to

---

[1] Citations to page numbers in documents filed in this action are to the page number assigned by the court's Electronic Case Filing (ECF) system located at the top of each page.

supervise a full and fair independent investigation, if it determines such an investigation is required. The court does not intend this order to preclude defendants from working in good faith toward a complete and durable remedy in this action. To the extent the court's order might operate to preclude such work, or any other work defendants are tasked with, the court will entertain specific requests for relief from and/or exceptions to the order. Such requests shall be preceded by a meet and confer with plaintiffs and a courtesy consultation with counsel for Dr. Golding, and shall be presented to the court for review and resolution before any potentially precluded action is taken by defendants.

Although defendants contend state law requires them to conform their conduct to the other orders requested by plaintiffs, they had no substantive opposition to entry of the orders requested. Plaintiffs withdrew their request to interview Dr. Golding, included as item 4 in the list contained in Exhibit B to plaintiffs' request for status conference, ECF No. 5936-1. Good cause appearing, plaintiffs' request for the orders identified as item 2 on page 3 of their request for status conference, ECF No. 5936, will be granted. Plaintiffs' request to consider an independent investigation into the allegations of Dr. Goldings' report is addressed below.

II.     PLAINTIFFS' REQUESTS TO SEAL DOCUMENTS

Plaintiffs have filed requests to seal Dr. Golding's report and the exhibits appended thereto. ECF Nos. 5937, 5942. At the status conference, the parties were ordered to meet and confer to prepare a redacted version of Dr. Golding's report and exhibits for filing in the public record. The redacted version of the report and exhibits, or an explanation why any party believes the documents cannot be filed in redacted form, shall be filed on or before Monday, October 15, 2018, at 5:00 p.m. Thereafter, the court will resolve plaintiffs' requests to seal. In the meantime, the report is retained *in camera*.

III.    DEFENDANTS' EX PARTE APPLICATION TO STAY PROCEEDINGS

On October 5, 2018, defendants filed an ex parte application to stay the status conference on staffing issues and the evidentiary hearing on telepsychiatry set to commence on October 15, 2018. ECF No. 5938. Defendants seek the stay to "evaluate the allegations [in Dr. Golding's report] and determine the extent to which they may impact multiple outstanding issues

before the Court, including those to be raised in the October 15, 2018 evidentiary hearing." ECF No. 5938 at 2. The status conference set for October 15, 2018 is to address issues related to compliance with court orders regarding staffing, including the court's October 10, 2017 order, and durability of the staffing remedy. *See*, *e.g.*, ECF No. 5850 at 9. The evidentiary hearing set to commence the same day is to address defendants' proposed use of telepsychiatry. *See* ECF No. 5928.

Dr. Golding's report has already had a substantial impact on the scope of the court proceedings previously contemplated. Due to that report, plaintiffs have withdrawn from an agreement achieved in principal that would have provided the foundation for defendants to represent to the court their timely compliance with the staffing requirements of the October 10, 2017 order. *See* ECF No. 5936. Whether, or to what extent, Dr. Golding's report affects the court's consideration of defendants' proposed use of telepsychiatry is less clear.

The parties agree that Dr. Golding's report contains serious allegations that warrant investigation. The court has determined that it must hear testimony from Dr. Golding to assess whether his report justifies investigation and, if so, what the scope of that investigation should be and what person or persons should conduct the investigation. To that end, the next hearing before the court will commence with testimony from Dr. Golding. At the request of counsel for Dr. Golding, and due to considerations of the court's calendar, the hearing will commence on Monday, October 22, 2018 at 1:00 p.m. and will continue, as necessary, through Tuesday, October 23, 2018. The purpose of this initial hearing is to enable the court to assess Dr. Golding's knowledge and credibility, to aid the court in making the required decisions concerning possible investigation and next steps in this matter. The scope of this initial hearing will not include resolution of any of the substantive issues raised by Dr. Golding's report. The court anticipates issuing a brief order prior to hearing to guide the parties in preparation of discrete areas of inquiry. Following Dr. Golding's testimony, the court will hear from counsel concerning next steps, including resumption of the evidentiary hearing on defendants' planned use of telepsychiatry. For planning purposes, the parties are informed that the earliest the hearing on telepsychiatry will proceed is October 29, 2018.

It is evident that in light of the turn of events, the parties are not prepared to address most of the issues related to the adequacy and durability of defendants' staffing remedy. Resolution of the issues raised by the court's October 10, 2017 order and subsequent related orders must therefore be delayed, without a stay of the matter, for as short a time as practicably possible under the circumstances. Nothing in this order should be construed to relieve defendants of their obligation to come into compliance with all orders of this court, even though the question of enforcement of those orders must be deferred for a modest period of time.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants shall preserve all evidence relevant to Dr. Golding's report and the issues raised by that report and prevent or cease any ongoing destruction of related documents or information.

2. Defendants shall not retaliate against Dr. Golding or any person who assisted him in preparing his report.

3. Defendants shall not conduct any investigation of their own into the allegations contained in Dr. Golding's report.

4. Defendants shall neither compel an interview of, nor request or take a voluntary interview with, any employee of the CDCR, the Attorney General's Office, or the Governor's office, about the issues raised in Dr. Golding's report.

5. To the extent any provision of this order might preclude defendants from working in good faith toward an adequate and durable remedy in this action, or from doing any other work with which they are tasked, they may request specific relief from the court. Any such request shall be preceded by a meet and confer with plaintiffs and a courtesy consultation with counsel for Dr. Golding, and shall be presented to the court for review and resolution before any potentially precluded action is taken by defendants.

6. On or before Monday, October 15, 2018, at 5:00 p.m., the parties shall file a redacted version of Dr. Golding's report and exhibits, or an explanation why any part believes the documents cannot be filed in redacted form.

1         7.  The hearing set for October 15, 2018 is continued to October 22, 2018 at 1:00 p.m.  The initial hearing will be for testimony from Dr. Golding, which shall conclude on or before October 23, 2018 at 5:00 p.m.  The court anticipates issuing a brief order in advance of the hearing to guide the parties in areas of inquiry.

        8.  Defendants' request for stay, ECF No. 5938, is denied, consistent with the provisions of this order.

        9.  Plaintiffs' request for an independent investigation into the allegations of Dr. Golding's report is deferred pending further order of the court.

DATED:  October 12, 2018.

_____
UNITED STATES DISTRICT JUDGE