DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California  94710-1916
Telephone:   (510) 280-2621

CLAUDIA CENTER – 158255
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California  94111-4805
Telephone:   (415) 621-2493

MICHAEL W. BIEN – 096891
JEFFREY L. BORNSTEIN – 099358
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LISA ELLS – 243657
KRISTA STONE-MANISTA – 269083
JENNY S. YELIN – 273601
MICHAEL S. NUNEZ – 280535
JESSICA WINTER – 294237
MARC J. SHINN-KRANTZ – 312968
CARA E. TRAPANI – 313411
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:   (415) 433-6830

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | Case No. 2:90-CV-00520-KJM-DB |
| Plaintiffs, | **JOINT STATUS REPORT REGARDING FILING OF GOLDING REPORT WITH REDACTIONS** |
| v. | Judge:   Hon. Kimberly J. Mueller |
| EDMUND G. BROWN, JR., et al., | |
| Defendants. | |

1    During the October 10, 2018 status conference and in its October 12, 2018 Order,

2  this Court ordered the parties to meet and confer regarding publicly filing a redacted

3  version of a report, and exhibits thereto, recently released by CDCR's Chief Psychiatrist,

4  Dr. Michael Golding ("the Golding Report").  ECF No. 5949 at 3, 5.  The Court further

5  ordered that the parties file "an explanation why any part[y] believes the documents cannot

6  be filed in redacted form" if an agreement could not be reached.  *Id.* at 5.  Although the

7  parties met and conferred following the Court's order, including in person following the

8  status conference, through numerous phone calls, and with exchanges of emails, the parties

9  were unable to reach agreement regarding redaction of the Golding Report.  The parties

10  hereby submit their joint respective positions.

11  **I.      Plaintiffs' Position**

12    The only information that must be redacted from the Golding Report are class

13  members' names and identifying information, such as CDCR numbers or other unique

14  identifiers such as case numbers.  Such redactions are consistent with the Protective Order

15  in this case, with the parties' long-standing practice of redacting or sealing class member

16  identifying information (which, by definition, reveals confidential information about those

17  individuals' mental health status and/or treatment), and with legal precedent.  *See* ECF No.

18  2019.[1]  Additional redactions are unnecessary and would undercut the strong public policy

20      [1] Courts have appropriately sealed documents that "record … medical and
21  psychological examinations and diagnoses" under the governing Ninth Circuit standard,
    discussed below.  *Jurgens v. Dubendorf*, No. 2:14-CV-2780-KJM-DAD, 2015 WL
22  6163464, at *2 (E.D. Cal. Oct. 19, 2015); *see also Heilman v. Vojkufka*, No. CIV S-08-
    2788, 2011 WL 677877, at *4 (E.D. Cal. Feb. 17, 2011), *report and recommendation*
23  *adopted*, No. CIV S-08-2788 KJM, 2011 WL 3881023 (E.D. Cal. Sept. 2, 2011) (ordering
    documents taken from plaintiff prisoner's psychiatric records removed from court's
24  electronic docket and filed under seal); *Karpenski v. Am. Gen. Life Companies, LLC*, No.
    2:12-CV-01569-RSM, 2013 WL 5588312, at *1 (W.D. Wash. Oct. 9, 2013) ("The need to
25  protect medical privacy qualifies in general as a 'compelling reason.'"); *San Ramon Reg'l*
    *Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. 10–02258, 2011 WL 89931, at *1 n.1 (N.D.
26  Cal. Jan. 10, 2011) (sua sponte sealing confidential medical records presented in the
    context of a motion to dismiss); *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663
27  F.3d 1124, 1135-36 (10th Cir. 2011) (finding documents containing personal and private
    medical information present a real and substantial interest that justifies depriving the
28  (footnote continued)

1   favoring access and disclosure of information in judicial proceedings.  *Kamakana v. City*

2   *& Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).

3       The Golding Report, as released to the parties, already redacted some but not all

4   class member identifying information.  Plaintiffs prepared, and provided to Defendants, a

5   version of the Golding Report that redacts class members' names and identifying

6   information, as well as personal cell phone numbers belonging to CDCR employees.  *See*

7   ECF No. 2833 at 7 (Three-Judge Court June 20, 2008 Order expanding Protective Order to

8   cover "personal telephone numbers").[2]

9       Until the afternoon of this filing, the parties agreed that a further-redacted version of

10  the Golding Report could be publicly filed, but disagreed as to the scope of appropriate

11  redactions.  In addition to class member information, Defendants maintained that all

12  identifying information of any sort – including of any CDCR employee name, work email,

13  or title – should be redacted.  Despite multiple requests for legal support or further

14  explanation for the basis for this position, and Defendants' promise to provide such

15  authority no later than the morning of this filing, Defendants still had not provided their

16  legal argument until after 4:25 p.m. today, just minutes before this Court's 5:00 p.m.

---

18  public of access to the records and therefore may be filed under seal).  As in *Jurgens*, here

19  "the public interest in disclosure of the medical records in question is outweighed by [Plaintiffs'] privacy interests."  2015 WL 6163464, at *2.

20      Arguments regarding the protection of mental health information are particularly salient in the context of prisoners' information.  Sensitive information pertaining to

21  Plaintiffs' mental and physical health could compromise their safety and well-being during present or future incarceration.  *See, e.g.*, *Chandler v. Amsberry*, No. 3:08-CV-00962-SI,

22  2014 WL 1323048, at *3 (D. Or. Mar. 28, 2014) (noting the vulnerabilities of "prisoners with physical or mental disabilities" and "prisoners with known mental illness").

23      [2] In addition to the redactions, the exhibits to the report contain two changes from

24  the version submitted for *in camera* review on Tuesday, September 9, 2018.  First, the exhibits have been re-compiled into chronological order with lettered slip-sheets

25  identifying each exhibit's filename as provided to Plaintiffs.  Second, Plaintiffs' September 9 submission inadvertently omitted a one-page exhibit titled "CHCF-2018-07-ASAS" that

26  Plaintiffs have now identified as Exhibit T, and in its place submitted a duplicate of the one-page exhibit titled "2018-06-18-1359hrs" that is now identified as Exhibit S.

27  Plaintiffs' redacted report corrects this.

28

[3311072.2]

1   deadline for filing this Joint Statement.  Additionally, at 1:00 p.m. today, Defendants

2   changed their previously disclosed position—they now argue that the Golding Report

3   should remain under seal in its entirety, rather than be redacted.  *See* Decl. of Cara E.

4   Trapani at ¶¶ 4-5, filed herewith.  Plaintiffs cannot meaningfully respond to Defendants'

5   new arguments within these time constraints.  However, Plaintiffs make the following

6   general observations.

7          Pursuant to Local Rule 141, "[d]ocuments may only be sealed by written order of

8   the Court, upon the showing required by applicable law."  In addition, the Ninth Circuit

9   has a strong presumption in favor of public access to Court records.  *See* Ninth Cir. Local

10  R. 27-13 (citing *The Center for Auto Safety v. Chrysler Group, LLC,* 809 F.3d 1092, 1096

11  (9th Cir. 2016); *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025-26 (9th Cir. 2014); *Seattle*

12  *Times v. U.S. Dist. Court of Western Washington,* 845 F.2d 1513, 1516 (9th Cir. 1988).)

13  In addition to meeting the compelling reasons or good cause standard, any request to seal

14  must be narrowly tailored, *Oliner*, 745 F.3d at 1026 (citations omitted); *Perry v.*

15  *Schwarzenegger*, 302 F. Supp. 3d 1047, 1053-54 (N.D. Cal. 2018), and therefore seek

16  sealing only of sealable information.  This precludes, except in the rarest circumstances,

17  broad-brush requests that would seal entire documents.  *See Oliner*, 745 F.3d at 1026 ("A

18  party who seeks to seal an *entire* [document] faces an even heavier burden." (citation

19  omitted))); *cf.* Ninth Cir. Local R. 27-13(e) ("In addition, the motion shall request the least

20  restrictive scope of sealing and be limited in scope to only the specific documents or

21  portion of documents that merit sealing, for example, propose redaction of a single

22  paragraph or limit the request to a portion of a contract."); N.D. Local R. 79-5(b)

23  (explaining that any request to seal "must be narrowly tailored to seek sealing only of

24  sealable material").  Defendants' request here is vastly overbroad, seeking to seal large

25  swaths of information that must be left open to public scrutiny.  This Court should permit

26  the filing of Plaintiffs' redacted version of the Golding report, which Plaintiffs have

27  carefully reviewed to ensure only sealable information will be kept from the public.

28          With respect to Defendants' alternative request to redact all identifying information

1  in the Golding Report, Defendants have provided no authority justifying their request to

2  redact CDCR employee names and position titles from the Golding Report.  Public policy

3  favors access and disclosure of information in judicial proceedings, and this interest may

4  be overcome only by "compelling reasons" that outweigh the right of public access and

5  justify placing judicial records under seal.  *Kamakana*, 447 F.3d at 1178-79.  Moreover,

6  redactions cannot be justified merely by identifying information to be redacted, without

7  any "specific compelling reasons to justify these redactions."  *Id.* at 1183-84.  "Simply

8  mentioning a general category of privilege, without any further elaboration or any specific

9  linkage with the documents, does not satisfy the burden."  *Id.* at 1184.  But this is exactly

10  what Defendants have done here—they have requested that the whole category of

11  employee names and titles be redacted, without elaboration of any justification and without

12  any explanation of why use of certain names and titles in the Golding Report raises any

13  privacy concerns, much less compelling ones sufficient to overcome the presumption of

14  public access.  Without any such explanation, the Court cannot make any "good cause

15  findings as to specific documents" as required to justify redaction of employee names and

16  titles.  *See id.* at 1183-84.

17       The operative January 2007 Protective Order in this case also does not support

18  Defendants' request to redact employee names and titles.  *See* ECF No. 2019.  Nor does

19  the Three-Judge Court's June 2008 expanded Protective Order.  *See* ECF No. 2833.  The

20  January 2007 Protective Order does not list employee names and titles as protected

21  information, and the June 2008 Order protects only "employee social security numbers,

22  federal identification numbers, personal telephone numbers, addresses, or personal e:mail

23  addresses."  *See* ECF No. 2833 at 7.  However, that Order did not protect from disclosure

24  employee names and titles, or those employees' government contact information.  The

25  Golding Report contains some mobile phone numbers, but it does not contain social

26  security numbers, federal identification numbers, or other personal numbers, addresses, or

27  emails.

28       Finally, there is nothing about employee names and titles that intrinsically justifies

redaction, and in fact, these names and job titles provide highly relevant context that is critical to understanding the report's extremely serious assertions that go to the very heart of this litigation. Indeed, it would be impossible for Dr. Golding to testify as to the gravamen of his allegations at the upcoming hearing without referencing information that Defendants ask be redacted. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citation omitted). The names of all state employees are public as a matter of California state law and federal law. *Comm'n on Peace Officer Standards & Training v. Superior Court*, 165 P.3d 462, 473 (Cal. 2007) (citing California Attorney General opinions regarding state law and 5 C.F.R. § 293.311 regarding federal law.) In California many state employees' names, job titles, and historical compensation are already publicly available at https://transparentcalifornia.com/, a searchable online database. To the extent any CDCR employee claims Dr. Golding has defamed or otherwise violated his or her rights in releasing his report, they have access to all available legal remedies should they be able to establish liability. Defendants have presented no justification for redaction of these particular names or titles within the context of the Golding Report, and this information is necessary to fully understand the report and exhibits in the context of this case. Plaintiffs therefore request to publicly file the Golding Report with redactions of only class member identifying information and CDCR employee mobile phone numbers.

## II.     Defendants' Position

On October 12, 2018, this Court ordered that the parties file a redacted version of materials authored by Dr. Michael Golding, Chief Psychiatrist for the California Department of Corrections and Rehabilitation (CDCR) (Golding Allegations), or explain why any party believes the Allegations cannot be filed in redacted form. (ECF No. 5949 at 5.) The Golding Allegations should remain filed under seal pending the conclusion of an investigation into the merit of Dr. Golding's allegations. Filing the Golding Allegations in the public record, even if redacted, poses a significant risk of irreparable harm to

[3311072.2]

1  Defendants' ability to maintain a collaborative working relationship between staff within
2  the Mental Health Services Delivery System (MHSDS).  A public filing also risks
3  compromising an independent investigation.  Moreover, publishing the report on the
4  Court's public docket would be unfair to the individuals mentioned in the report.  Dr.
5  Golding's assertions of wrongdoing have not been tested or proven, and the individuals
6  have had no opportunity to defend against being impugned in this way.

7       Alternatively, if despite the significant risk of harm the Court decides to
8  nevertheless file the Golding Allegations in the public record, the Court should accept
9  Defendants' proposed redactions to the Golding Allegations to protect the identities of
10 CDCR personnel and inmate-patients.  The Allegations accuse CDCR employees of
11 engaging in wrongful behavior.  These employees are identified by name and title, and the
12 Allegations disclose personal cellular telephone numbers and e-mail addresses. All such
13 identifying and personal information should remain confidential pending a full
14 investigation into Dr. Golding's allegations.

15     **A.    Compelling Reasons Exist To Not Publicly Disclose The Golding
              Allegations.**
16
17     While documents filed in civil cases are presumed to be available to the public, a
   court may seal documents where compelling reasons outweigh the public's right of access.
18
   *EEOC v. Erection Co.*, 900 F.2d 168, 170 (9th Cir. 1990).  The court considers "the public
19
   interest in understanding the judicial process and whether disclosure of the material could
20
   result in improper use of the material for scandalous or libelous purposes or infringement
21
   upon trade secrets."  *Valley Broadcasting Co. v. U.S. District Court*, 798 F.2d 1289, 1294
22
   (9th Cir. 1986).  Compelling reasons include "when a court record might be used to
23
   'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as
24
   sources of business information that might harm a litigant's competitive standing.'"  *Nixon
25
   v. Warner's Commc'ns, Inc.*, 435 U.S 589, 598-99 (1978); *see also United States v.
26
   Amodeo*, 71 F.3d 1044, 1048-49 (2d Cir. 1995) ("Unlimited access to every item turned up
27
   in the course of litigation would be unthinkable.  Reputations would be impaired, personal
28

[3311072.2]

1    relationships ruined, and businesses destroyed on the basis of misleading or downright

2    false information.").  Defendants meet this standard here.[3]

3        The Golding Allegations should be filed under seal because they contain unverified

4    hearsay statements that will harm CDCR's MHSDS.  Even in redacted form, the Golding

5    Allegations consist almost exclusively of unverified statements taken out of context that

6    Dr. Golding uses to support his personal opinions about the construct of Defendants'

7    MHSDS.  The Golding Allegations contain serious accusations that attack both individuals

8    and the Mental Health Services Delivery System.  The public filing of the Golding

9    Allegations or any portion of those Allegations, absent a full vetting of the factual basis for

10   the statements in those Allegations attributed to third parties, would artificially give

11   credence to Dr. Golding's unverified statements and opinions.  *See United States v.*

12   *Amodeo*, 71 F.3d at 1048–49 (public release of unverified and possibly false allegations in

13   court monitoring report would be abuse of discretion); *cf. United States v. Kwok Cheung*

14   *Chow*, No. 14 CR00196 CRB JCS, 2015 WL 5094744, at *4 (N.D. Cal. Aug. 28, 2015)

15   (sealing wiretap information containing allegations against third parties, as "the release of

16   certain information may have a disparaging effect on people who, having not been charged

17   with any crime, have no formal opportunity clear their names").  The potential for the

18   Golding Allegations to libel CDCR employees is a basis for the Court to retain the Golding

19   Allegations *in camera* pending an investigation.

20       Moreover, the ramifications of the public release of the Golding Allegations,

21   regardless of the extent of the redactions, are far-reaching and likely to destruct and harm

22   the culture and working relationships within the institutions.  The risk of harm extends to

23   the relationship between psychologists and psychiatrists, and other members of the

24   _____

25       [3] A request to seal must generally meet a lower "good cause" standard for materials
     filed in relation to non-dispositive motions or discovery as opposed to pleadings.
26   *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).  The
     compelling reasons supporting Defendant' request that the Golding Allegations remain
27   under seal establish good cause.

28

[3311072.2]

patients' treatment teams, by attacking the core values of the system, the organization of the system, and every clinician's professional and personal value and integrity.  Dr. Golding is entitled to his opinions, but he is questioning a decades-old construct that is the product of litigation, thoughtful negotiation among the parties, and consistent monitoring. Indeed, many of Dr. Golding's allegations take aim at systems and procedures that are court-ordered and approved by the Special Master and Plaintiffs.

**B.    If The Golding Allegations Must Be Filed, All Identifying Information Should Be Redacted.**

Plaintiffs already requested the Court file the Golding Allegations under seal because they contain "confidential class member information covered by the protective order in this case, as well as sensitive information detailing allegations of material misrepresentations of compliance data and information that could implicate the privacy rights of various CDCR employees quoted and discussed therein."  (ECF No. 5937 at 2.) Defendants agree that the Golding Allegations should remain sealed based on the nature of the allegations and the privacy rights of the individuals quoted and discussed in the

\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\

[3311072.2]

1   Golding Allegations.  However, if the Court orders the Golding Allegations filed, then all

2   identifying information for both CDCR employees and inmates should be redacted prior to

3   filing, including but not exclusive to names, titles, emails, and telephone numbers.

4   Defendants have prepared a redacted version of the Golding Allegations consistent with

5   their position and will file it upon Court order.

6

7

8   DATED:  October 15, 2018          Respectfully submitted,

9                                     ROSEN BIEN GALVAN & GRUNFELD LLP

10

11                                    By:  /s/ Cara E. Trapani

12                                         Cara E. Trapani

13                                    Attorneys for Plaintiffs

14

15  DATED:  October 15, 2018          Respectfully submitted,

16                                    XAVIER BECERRA
                                      ATTORNEY GENERAL OF CALIFORNIA

17

18                                    By:  /s/ ELISE OWENS THORN

19                                         ELISE OWENS THORN
                                           Deputy Attorney General

20

21                                    Attorneys for Defendants

22

23

24

25

26

27

28