Wendy Musell, SBN 203507
Stewart & Musell, LLP
2200 Powell Street, Suite 440
Emeryville, CA 94608
Telephone: 415-593-0083
Facsimile: 415-520-0920
E-mail: wmusell@stewartandmusell.com

Attorneys for Non-party Witness
Michael Golding

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAPLH COLEMAN, et.al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>EDMUND G. BROWN, JR. et. al.,<br><br>    Defendants. | Case No.: 2:90-CV-0520 KMJ DB P<br><br>**RESPONSE TO ORDER DATED OCTOBER 17, 2018 [DOCUMENT 5967] FOR DR. MICHAEL GOLDING, WITNESS** |

Pursuant to the Court's Order, dated October 17, 2018, Document 5967, Michael Golding, M.D. responds as follows:

With respect to defendants' application for reconsideration of paragraphs 3, 4, and 5 of the October 12, 2018, Dr. Golding requests that the order be considered in light of the Court's admonition at paragraph 2 that "Defendants shall not retaliate against Dr. Golding or any person who assisted him in preparing his report."  Order, dated October 12, 2018, Document 5949.

Dr. Golding further requests that any investigation or interview related to his report comply with California's whistleblowing statutes that prohibit an employer from adopting or enforcing rules,

**RESPONSE TO ORDER DATED OCTOBER 17, 2018 [DOCUMENT 5967] FOR DR. MICHAEL GOLDING, WITNESS**
Case No. 2:90-CV-0520 KMJ DB P

1

regulations, or policies that have the effect of preventing or prohibiting disclosure of violations of state or federal law, or noncompliance with regulations or rules.

California Labor Code Section 1102.5 (a) provides as follows,

> An employer, or any person acting on behalf of the employer, shall not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency, to a person with authority over the employee, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance, or from providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

*Id.*[1]

California Labor Code Section 1102.5 further prohibits retaliation against employees for disclosing information to a government or law enforcement agency, or to a person who has the authority to investigate such complaints. Specifically, California Labor Code Sec. 1102.5 (b)-(c) provide as follows:

> **(a)** An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.
>
> **(b)** An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

---

[1] As set forth in Cal. Labor Code Sec. 1106, "For purposes of Sections 1102.5, 1102.6, 1102.7, 1102.8, 1104 and 1105, "employee" includes, but is not limited to, any individual employed by the state or any subdivision thereof, any county, city, city and county, including any charter city or county, and any school district, community college district, municipal or public corporation, political subdivision, or the University of California."). Further, Cal. Labor Code Sec. 1102.5 (e) provides, "[a] report made by an employee of a government agency to his or her employer is a disclosure of information to a government or law enforcement agency pursuant to subdivisions (a) and (b)."

**RESPONSE TO ORDER DATED OCTOBER 17, 2018 [DOCUMENT 5967] FOR DR. MICHAEL GOLDING, WITNESS**
Case No. 2:90-CV-0520 KMJ DB P

2

> **(c)** An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for having exercised his or her rights under subdivision (a), (b), or (c) in any former employment.

*Id. See also Evenfe v. Esalen Inst.*, 2016 U.S. Dist. LEXIS 96843, 9-10 (N.D. Cal. 2016) ( "Cal. Labor Code § 1102.5 "reflects the broad public policy interest in encouraging workplace whistle-blowers to report unlawful acts without fearing retaliation," *McVeigh v. Recology San Francisco*, 213 Cal. App. 4th 443, (2013)."); *Collier v. Superior Court*, 228 Cal. App. 3d 1117 (1991) ( Lab. Code § 1102.5 reflects the broad public policy interest in encouraging workplace "whistleblowers," who may without fear of retaliation report concerns regarding an employer's illegal conduct. This public policy is the modern day equivalent of the long-established duty of the citizenry to bring to public attention the doings of a law breaker). *See also* California Government Code Section 8547.1 ("The Legislature finds and declares that state employees should be free to report waste, fraud, abuse of authority, violation of law, or threat to the public without fear of retribution. The [California] Legislature further finds and declares that public servants best serve the citizenry when they can be candid and honest without reservation in conducting the people's business.").

Similarly, California Labor Code § 6310 protects employee "whistleblowing" to government agencies about workplace health or safety issues and it is broadly-construed. *See, e.g.*, *Browning-Ferris Industries of California*, 68 Cal. App. 4th 101, 109 (1998) (holding that employee complaint about "long hours" was a covered health and safety complaint because he believed it posed a hazard). It prevents retaliation both against those who report actual violations and those who, in good faith, "report working conditions they believe to be unsafe" even where there is no violation. *Freund v. Nycomed*, 347 F. 3d 752, 761 (9th Cir. 2003). In fact, an employee need not even make a complaint to be covered by California Labor Code § 6310. *Lujan v. Minagar*, 124 Cal. App. 4th 1040, 1046 (2004) (holding that § 6310 makes it unlawful for an employer to prospectively retaliate against an employee because it fears he or she *may* make a health and safety complaint in the future).

Moreover, federal courts have the inherent power to manage their own proceedings and to control the conduct of those who appear before them, including the authority to require submission to lawful mandates. *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-44 (1991) (court has the power to conduct an independent investigation in order to determine whether it has been the victim of fraud).

**RESPONSE TO ORDER DATED OCTOBER 17, 2018 [DOCUMENT 5967] FOR DR. MICHAEL GOLDING, WITNESS**
Case No. 2:90-CV-0520 KMJ DB P

Given the clear statutory authority and case law prohibiting rules or policies that would have the effect of silencing or discouraging whistleblowers from providing testimony before this Court regarding disclosure of violations of state or federal law, or noncompliance with regulations or rules, Dr. Golding requests that the Court's prior order precluding coercive "voluntary" interviews and non-voluntary interviews be maintained.  Further, an Internal Affairs investigation of Dr. Golding, as suggested in Defendants' papers, would be entirely inappropriate in this context where Dr. Golding, at significant personal and professional risk, has raised matters of great public concern and has not engaged in any alleged wrongdoing.

Respectfully submitted,

/s/ Wendy Musell
WENDY MUSELL
Attorney for Dr. Michael Golding

**RESPONSE TO ORDER DATED OCTOBER 17, 2018 [DOCUMENT 5967] FOR DR. MICHAEL GOLDING, WITNESS**
Case No. 2:90-CV-0520 KMJ DB P

4