XAVIER BECERRA, State Bar No. 118517
Attorney General of California
ADRIANO HRVATIN, State Bar No. 220909
Supervising Deputy Attorney General
ANDREW M. GIBSON, State Bar No. 244330
Deputy Attorney General
 600 West Broadway, Suite 1800
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone:  (619) 738-9549
 Fax:  (619) 645-2581
 E-mail:  Andrew.Gibson@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**EDMUND G. BROWN JR., et al.,**<br><br>Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**STIPULATION AND [PROPOSED] ORDER MODIFYING THE COURT'S OCTOBER 12, 2018 ORDER (ECF NO. 5949)**<br><br>Judge:   The Honorable Kimberly J. Mueller |

Plaintiffs and Defendants, through their counsel of record, stipulate, subject to Court approval, to modify the Court's October 12, 2018 Order.  (ECF No. 5949.)  The parties stipulate as follows:

1. On October 10, 2018, the Court held a status conference addressing materials submitted Dr. Michael Golding, the California Department of Corrections and Rehabilitation's (CDCR) Statewide Chief Psychiatrist, to the Receiver in the *Plata v. Brown* class action.

2. On October 12, 2018, the Court issued an order following the October 10, 2018 status conference and, among other things, set an October 22, 2018 hearing "to enable the court to assess Dr. Golding's knowledge and credibility, to aid the court in making the required decisions

1

concerning possible investigation and next steps in this matter." (ECF No. 5949 at 4:20-22.) The Court's October 12, 2018 Order also ordered that:

1. Defendants shall preserve all evidence relevant to Dr. Golding's report and the issues raised by that report and prevent or cease any ongoing destruction of related documents or information.

2. Defendants shall not retaliate against Dr. Golding or any person who assisted him in preparing his report.

3. Defendants shall not conduct any investigation of their own into the allegations contained in Dr. Golding's report.

4. Defendants shall neither compel an interview of, nor request or take a voluntary interview with, any employee of the CDCR, the Attorney General's Office, or the Governor's office, about the issues raised in Dr. Golding's report.

5. To the extent any provision of this order might preclude defendants from working in good faith toward an adequate and durable remedy in this action, or from doing any other work with which they are tasked, they may request specific relief from the court. Any such request shall be preceded by a meet and confer with plaintiffs and a courtesy consultation with counsel for Dr. Golding, and shall be presented to the court for review and resolution before any potentially precluded action is taken by defendants.

6. On or before Monday, October 15, 2018, at 5:00 p.m., the parties shall file a redacted version of Dr. Golding's report and exhibits, or an explanation why any part believes the documents cannot be filed in redacted form.

7. The hearing set for October 15, 2018 is continued to October 22, 2018 at 1:00 p.m. The initial hearing will be for testimony from Dr. Golding, which shall conclude on or before October 23, 2018 at 5:00 p.m. The court anticipates issuing a brief order in advance of the hearing to guide the parties in areas of inquiry.

8. Defendants' request for stay, ECF No. 5938, is denied, consistent with the provisions of this order.

9. Plaintiffs' request for an independent investigation into the allegations of Dr. Golding's report is deferred pending further order of the court.

(ECF No. 5949 at 5:9-6:8.)

3. On October 16, 2018, Defendants filed an ex parte application for reconsideration of the Court's October 12, 2018 Order, specifically challenging the Order's paragraphs 3, 4, 5, and 7. (ECF No. 5959.) On October 16, 2018, the Court issued a minute order setting an October 17, 2018 telephonic status conference to discuss Defendants' ex parte application for reconsideration.

1  (ECF No. 5961.)  Later that same day, the Court issued an amended minute order regarding the
2  October 17, 2018 status conference.  (ECF No. 5962.)
3        4.     At the October 17, 2018 hearing, the Court addressed, among other things,
4  Defendants' ex parte application for reconsideration and instructed the parties to meet and confer
5  regarding possible revisions to the Court's October 12, 2018 Order.  The Court then issued an
6  order following the October 17, 2018 status conference that stated, in part, "[w]ith respect to
7  defendants' application for reconsideration of paragraphs 3, 4, and 5 of the court's October 12,
8  2018 order, the parties shall promptly meet and confer in good faith and, to the extent possible,
9  propose joint language to modify or clarify these provisions of the October 12, 2018 order."
10  (ECF No. 5967.)
11        5.     The parties met and conferred shortly after the October 17, 2018 status conference
12  and have ultimately agreed to proposed revisions to the Court's October 12, 2018 Order.  Based
13  on the above, the parties stipulate, and jointly request, that paragraphs 3, 4, and 5 of the October
14  12, 2018 Order (ECF No. 5949 at 5:14-24) be modified as follows:

> 3. Defendants shall not conduct any investigation of their own—for example, through CDCR's Office of Internal Affairs—into ~~into~~ the allegations contained in Dr. Golding's report.  This does not prohibit Defendants, or their counsel, from gathering documents or speaking with or conducting voluntary interviews of any person about the issues raised in Dr. Golding's report.
>
> 4. Defendants shall ~~neither~~ not compel an interview of~~, nor request or take a voluntary interview with,~~ any employee of the CDCR, the Attorney General's Office, or the Governor's office, about the issues raised in Dr. Golding's report.
>
> ~~5.~~ ~~To the extent any provision of this order might preclude defendants from working in good faith toward an adequate and durable remedy in this action, or from doing any other work with which they are tasked, they may request specific relief from the court. Any such request shall be preceded by a meet and confer with plaintiffs and a courtesy consultation with counsel for Dr. Golding, and shall be presented to the court for review and resolution before any potentially precluded action is taken by defendants.~~

**IT IS STIPULATED**.

Dated: October 18, 2018

XAVIER BECERRA
Attorney General of California
ADRIANO HRVATIN
Supervising Deputy Attorney General

/s/ ANDREW M. GIBSON
ANDREW M. GIBSON
Deputy Attorney General
*Attorneys for Defendants*

Dated: October 18, 2018

/s/ LISA A. ELLS
LISA A. ELLS
*Attorneys for Plaintiffs*

**IT IS SO ORDERED.**

Dated: _____

_____
KIMBERLY J. MUELLER
UNITED STATES DISTRICT COURT