UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>Defendants. | No. 2:90-cv-0520 KJM DB P<br><br>ORDER |

As signaled by its October 17, 2018 order, ECF No. 5967, the court is prepared to clarify certain provisions of its October 12, 2018 order, ECF No. 5949. The court has received and reviewed a stipulation and proposed order from the parties, ECF No. 5971, and a submission from counsel for Dr. Golding, ECF No. 5969. After consideration of the foregoing, and good cause appearing, for the reasons explained below, the court modifies certain provisions of the October 12, 2018 order.

Three paragraphs of the October 12, 2018 order (paragraphs 3, 4, and 5) are the subject of the parties' proposed stipulation and order, and one paragraph (paragraph 2) is the subject of the filing by counsel for Dr. Golding, which she urges be considered in connection with any modification or clarification of the order. *See* ECF No. 5969 at 1.

/////

The paragraphs at issue previously provided:

> 2. Defendants shall not retaliate against Dr. Golding or any person who assisted him in preparing his report.
>
> 3. Defendants shall not conduct any investigation of their own into the allegations contained in Dr. Golding's report.
>
> 4. Defendants shall neither compel an interview of, nor request or take a voluntary interview with, any employee of the CDCR, the Attorney General's Office, or the Governor's office, about the issues raised in Dr. Golding's report.
>
> 5. To the extent any provision of this order might preclude defendants from working in good faith toward an adequate and durable remedy in this action, or from doing any other work with which they are tasked, they may request specific relief from the court. Any such request shall be preceded by a meet and confer with plaintiffs and a courtesy consultation with counsel for Dr. Golding, and shall be presented to the court for review and resolution before any potentially precluded action is taken by defendants.

ECF No. 5949 at 5.

The parties do not request any change to, or elimination of, paragraph 2 of the order. They propose elimination of paragraph 5 of the order, and modification of paragraphs 3 and 4, as follows:

> 3. Defendants shall not conduct any investigation of their own—for example, through CDCR's Office of Internal Affairs—into the allegations contained in Dr. Golding's report. This does not prohibit Defendants, or their counsel, from gathering documents or speaking with or conducting voluntary interviews of any person about the issues raised in Dr. Golding's report.
>
> 4. Defendants shall not compel an interview of any employee of the CDCR, the Attorney General's Office, or the Governor's office, about the issues raised in Dr. Golding's report.

ECF No. 5971, at 3. The October 12, 2018 order will be modified consistent with the stipulation of the parties.

Dr. Golding requests that "any investigation or interview related to his report comply with California's whistleblowing statutes" and that the court's prior order "precluding coercive 'voluntary' interviews and non-voluntary interviews be maintained." ECF No. 5969 at 1, 4. While this court has the "power to conduct an independent investigation in order to determine whether it has been the victim of fraud," *Chambers v. Nasco, Inc.*, 501 U.S. 32, 44

2

1 | (1991) (internal citation omitted), the court does not under the current circumstances of this
2 | matter have the power to order state officials to conform their conduct to the requirements of state
3 | law. *See Pennhurst State School and Hospital v. Halderman,* 451 U.S. 1 (1981).  At the same
4 | time, the court notes defense counsel's representations in open court that he and his clients are
5 | complying and will comply with all applicable provisions of California law, including but not
6 | limited to the state's whistleblower protection laws.

Paragraph 1 of the court's October 12 order, which effects a litigation hold and requires defendants to "preserve all evidence relevant to Dr. Golding's report and the issues raised by that report and prevent or cease any ongoing destruction of related documents or information," is confirmed, as is Paragraph 2, which prohibits defendants from retaliating against "Dr. Golding or any person who assisted him in preparing his report." ECF No. 5949 at 5.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The court's October 12, 2018 order, ECF No. 5949, is hereby modified as follows:

   a. Paragraph 3 of the order at page 5 is modified to provide: 3. Defendants shall not conduct any investigation of their own—for example, through CDCR's Office of Internal Affairs—into the allegations contained in Dr. Golding's report. This does not prohibit defendants, or their counsel, from gathering documents or speaking with or conducting voluntary interviews of any person about the issues raised in Dr. Golding's report.

   b. Paragraph 4 of the order at page 5 is modified to provide: 4. Defendants shall not compel an interview of any employee of the CDCR, the Attorney General's Office, or the Governor's office, about the issues raised in Dr. Golding's report.

   c. Paragraph 5 of the order at page 5 is eliminated.

2. In all other respects, the October 12, 2018 order is confirmed.

SO ORDERED.

DATED: October 18, 2018.

_____
UNITED STATES DISTRICT JUDGE