Wendy Musell, SBN 203507
Stewart & Musell, LLP
2200 Powell Street, Suite 440
Emeryville, CA 94608
415-593-0083
Fax: 415-520-0920
E-mail: wmusell@stewartandmusell.com

Attorneys for Non-party Witness
Michael Golding

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAPLH COLEMAN, et.al., | Case No.: 2:90-CV-0520 KMJ DB P |
| Plaintiffs, | SECOND RESPONSE TO ORDER DATED OCTOBER 17, 2018 [DOCUMENT 5967] FOR DR. MICHAEL GOLDING, WITNESS |
| v. | |
| EDMUND G. BROWN, JR. et. al., | |
| Defendants. | |

Pursuant to the Court's Order, dated October 17, 2018, Document 5967, requesting that Michael Golding, M.D. respond to whether the materials set forth in Dr. Golding's CDCR Mental Health Performance Report should be under seal or released in whole or in part, Dr. Golding submits the following:

Supreme Court Justice Louis D. Brandeis famously stated, ""Publicity is justly commended as a remedy for social and industrial diseases. Sunlight is said to be the best of disinfectants; electric light the most efficient policeman."  Louis Brandeis, "What Publicity Can Do," *Harper's Weekly*, December 13, 1913, p. 8.  There is a strong public policy, rooted in the First Amendment of the Unites States Constitution, as well as statutory law, in allowing open court proceedings. *See Nixon v. Warner*

**SECOND RESPONSE TO ORDER DATED OCTOBER 17, 2018 [DOCUMENT 5967] FOR DR. MICHAEL GOLDING, WITNESS**
Case No. 2:90-CV-0520 KMJ DB P

1

*Communications, Inc.*, 435 U.S. 589, 596–97 (1978) (public right of access to court proceedings and records); *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980) (First Amendment of the United States Constitution confers a public right of access to court proceedings and trials).

In light of these constitutional principles, sealing or redaction of proceedings or records to preserve confidentiality must be narrowly tailored to a compelling confidentiality interest. *Times Mirror Co. v. United States,* 873 F.2d 1210, 1211, n. 1. (9th Cir. 1989); *San Jose Mercury News v. U.S. Dist. Court*, 187 F.3d 1096, 1102–03 (9th Cir. 1999); *Phoenix Newspapers, Inc. v. U.S. Dist. Court*, 156 F.3d 940 (9th Cir. 1998). *See also Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) ("Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access."); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) ("we hold there is a presumptive right to public access to all material filed in connection with nondiscovery pretrial motions, whether these motions are case dispositive or not, but no such right as to discovery motions and their supporting documents"); *R&G Mortgage Corp. v. Fed. Home Loan Mortgage Corp*., 584 F.3d 1, 12 (1st Cir. 2009) ("Sealing orders are not like party favors, available upon request or as a mere accommodation.").  This is consistent with the Federal Rule of Civil Procedure Rule 5.2, Privacy Protection for Filings Made with the Court, which specify limited portions of records that are permitted to be redacted, absent a further court order.

There can be no question that the matters raised in the *Coleman v. Edmund G. Brown*, case and in Dr. Golding's CDCR Mental Health Performance Report are matters of great public concern and implicate public safety and the proper administration of justice, thereby furthering a compelling public interest.

This compelling interest has been articulated in well-established case law and statute.  The California Legislature has repeatedly set forth the public policy discouraging any rule, policy or law that would have the effect of sweeping into darkness public disclosure of "whistleblower" complaints.  For example, California Labor Code Section 1102.5 (a) provides as follows,

**SECOND RESPONSE TO ORDER DATED OCTOBER 17, 2018 [DOCUMENT 5967] FOR DR. MICHAEL GOLDING, WITNESS**
Case No. 2:90-CV-0520 KMJ DB P

> An employer, or any person acting on behalf of the employer, shall not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency, to a person with authority over the employee, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance, or from providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

*Id. See also Evenfe v. Esalen Inst.*, 2016 U.S. Dist. LEXIS 96843, 9-10 (N.D. Cal. 2016) ( "Cal. Labor Code § 1102.5 "reflects the broad public policy interest in encouraging workplace whistle-blowers to report unlawful acts without fearing retaliation," *McVeigh v. Recology San Francisco*, 213 Cal. App. 4th 443, (2013)."); *Collier v. Superior Court*, 228 Cal. App. 3d 1117 (1991) ( Lab. Code §  1102.5 reflects the broad public policy interest in encouraging workplace "whistleblowers," who may without fear of retaliation report concerns regarding an employer's illegal conduct. This public policy is the modern day equivalent of the long-established duty of the citizenry to bring to public attention the doings of a law breaker).

California Government Code Section 8547.1 succinctly declared the public policy in favor of sunshine of whistleblower complaints.  "The Legislature finds and declares that state employees should be free to report waste, fraud, abuse of authority, violation of law, or threat to the public without fear of retribution. The [California] Legislature further finds and declares that public servants best serve the citizenry when they can be candid and honest without reservation in conducting the people's business." *See* Cal. Govt. Code Sec. 8547.1.

Similarly, California Labor Code § 6310 expressly protects employees who raise matters that implicate health and safety, encouraging public disclosure of such complaints:
> (1) Made any oral or written complaint to the division, other governmental agencies having statutory responsibility for or assisting the division with reference to employee safety or health, his or her employer, or his or her representative.
> (2) Instituted or caused to be instituted any proceeding under or relating to his or her rights or has testified or is about to testify in the proceeding or because of the exercise by the employee on behalf of himself, herself, or others of any rights afforded him or her.

*Id.*

///

///

**SECOND RESPONSE TO ORDER DATED OCTOBER 17, 2018 [DOCUMENT 5967] FOR DR. MICHAEL GOLDING, WITNESS**
Case No. 2:90-CV-0520 KMJ DB P

3

California Health and Safety Code Sec. 1278.5, the California Legislature further specified the importance of whistleblowers to publically raise matters of suspected unsafe patient care or conditions.

> The Legislature finds and declares that it is the public policy of the State of California to encourage patients, nurses, members of the medical staff, and other health care workers to notify government entities of suspected unsafe patient care and conditions. The Legislature encourages this reporting in order to protect patients and in order to assist those accreditation and government entities charged with ensuring that health care is safe.

*See* Cal. Health and Safety Code Sec. 1278.5 (a). Given these clear statutory mandates, it appears anathema to the expressed public policy of the State of California to shelter the matters set forth in the CDCR Mental Health Performance Report from public disclosure.

These rights must be balanced, however, with the compelling interest of privacy rights of third party inmate/patients and patient identifying information. "A person's medical profile is an area of privacy infinitely more intimate, more personal in quality and nature than many areas already judicially recognized and protected." *Bd. of Medical Quality Assurance v. Gherardini,* 93 Cal. App. 3d 669, 678 (1979). "The individual's right to privacy encompasses not only the state of his mind, but also his viscera, detailed complaints of physical ills, and their emotional overtones." *Gherardini*, 93 Cal. App. 3d at 679. "The state of a person's gastro-intestinal tract is as much entitled to privacy from unauthorized public or bureaucratic snooping as is that person's bank account, the contents of his library or his membership in the NAACP." *Id.*

It is Dr. Golding's position that names and identifying information of patients should not be disclosed publically, absent express patient consent. For this reason, Dr. Golding provided the CDCR Mental Health Performance Report and attachments in a redacted form, redacting patient information and identifying information from the report and attachments thereto. Further, Dr. Golding provides no position whether any employee's names should be redacted, and leave that to the parties' argument and sound discretion of the Court.

Respectfully submitted,

/s/ Wendy Musell
WENDY MUSELL
Attorney for Dr. Michael Golding

**SECOND RESPONSE TO ORDER DATED OCTOBER 17, 2018 [DOCUMENT 5967] FOR DR. MICHAEL GOLDING, WITNESS**
Case No. 2:90-CV-0520 KMJ DB P

4