XAVIER BECERRA, State Bar No. 118517
Attorney General of California
ADRIANO HRVATIN, State Bar No. 220909
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
ANDREW M. GIBSON, State Bar No. 244330
TYLER V. HEATH, State Bar No. 271478
IAN MICHAEL ELLIS, State Bar No. 280254
TOBIAS G. SNYDER, State Bar No. 289095
Deputy Attorneys General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-4426
 Fax:  (415) 703-5843
 E-mail:  Tobias.Snyder@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                                    Plaintiffs,<br><br>      v.<br><br>**EDMUND G. BROWN JR., et al.,**<br><br>                                    Defendants. | Case No. 2:90-cv-00520 KJM-DB (PC)<br><br>**DEFENDANTS' BRIEF ON THE STANDARDS APPLICABLE TO THE COURT'S DECISION TO SEAL**<br><br>Judge:       The Honorable Kimberly J. Mueller |

**ISSUE PRESENTED**

On October 17, 2018, the Court ordered that the parties submit "a short brief . . . setting forth the legal standards that apply to the decision now before this court on whether to seal or unseal some or all of Dr. Golding's report," requesting that the briefing focus on the present circumstances, specifically that "(1) Dr. Golding is not a party; (2) Dr. Golding is employed by a party; and (3) Dr. Golding claims full whistleblower status."  (ECF No. 5967 at 2:26-3:4.) Accordingly, Defendants provide the following authorities regarding the applicable legal standards.

1

**APPLICABLE LEGAL AUTHORITY**

Courts deciding whether to seal information in their files must consider the traditional preference for public access. *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 & n.7 (1978). The traditional preference for public disclosure, however, is not absolute. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Courts have cautioned that the public right of access must be weighed against the need for caution in publicizing any evidentiary material that arises during the course of litigation. "Unlimited access to every item turned up in the course of litigation would be unthinkable. Reputations would be impaired, personal relationships ruined, and businesses destroyed on the basis of misleading or downright false information." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). "[A] court can strike a pleading as scurrilous under Federal Rule of Civil Procedure 12(f) whereas it is powerless to discredit every statement or document turned up in the course of litigation. A court cannot even prevent the use by the media of the somewhat misleading term 'court records' in referring to such items." *Id.* at 1049.

In filings connected to dispositive motions, the party seeking to seal a document "bears the burden of overcoming this strong presumption" of public access by "articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) and *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). "Compelling reasons" to seal include situations when "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Kamakana*, 447 F.3d at 1179. Courts generally address requests to seal information containing personal and private medical information without engaging in a strenuous analysis comparing the public right to know with a party's right to privacy. *See, e.g., San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. 10–02258, 2011 WL 89931, at *1 (N.D.Cal. Jan. 10, 2011) (citing *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007)).

2

Defs.' Brief Re: Sealing Standards (2:90-cv-00520 KJM-DB (PC))

While the "compelling reasons" standard attaches to dispositive motions, "[w]hen a party seeks to seal private documents submitted in connection with non-dispositive motions, the Court applies a 'good cause' standard, since such motions are often unrelated or only tangentially related to the merits of the underlying claims." *Diablo Techs., Inc. v. Netlist, Inc.*, No. 13-cv-3901-YGR, 2014 WL 31467, at *3 (N.D. Cal. Jan. 3, 2014).[1]  Under the good-cause standard, a party seeking to seal a document must show that some particular harm or prejudice will flow from the failure to seal the relevant information.  *See Foltz*, 331 F.3d at 1135.  While the avoidance of embarrassment or incrimination generally will not satisfy the "compelling reasons" standard, *Kamakana*, 447 F.3d at 1179, a party may demonstrate "good cause" by showing that sealing is necessary "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See Moussouris v. Microsoft Corp.*, No. 16-mc-80170-MEJ, 2016 WL 5870010, at *1 (N.D. Cal. Oct. 7, 2016); *see also Rodman v. Safeway, Inc.*, No. 11-cv-03003-JST, 2013 WL 12320765, at *1 (N.D. Cal. Oct. 30, 2013) ("A court may, for good cause, keep documents confidential 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'").

Defendants have located little case authority, in the Ninth Circuit or otherwise, directly addressing a situation in which a document authored by a nonparty, employee whistleblower is sought to be filed in the public record by a party in pending federal class-action litigation. However, in similar contexts, the rules provide for initial complaints to be kept confidential pending an investigation.  For instance, the California Whistleblower Act ("WPA") allows for the anonymous submission of complaints, and provides that subsequent investigation by an independent investigator shall be kept confidential during the investigation.  *See* Gov. Code § 8547.5(c)(2)(A).  Section 8547.6(a) of the WPA provides in part that "[n]o information obtained from the State Auditor by any department, agency, or employee as a result of the State Auditor's

---

[1] The Ninth Circuit has clarified that the distinction between dispositive and non-dispositive motions is not meant to be a "mechanical classification," and should take into account the extent to which a filing is directly or tangentially related to the underlying merits of the case; technically non-dispositive motions, such as for a preliminary injunction, may be sufficiently related to the merits to justify application of the "compelling reasons" standard. *See Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1098 (9th Cir. 2016).

3

Defs.' Brief Re: Sealing Standards (2:90-cv-00520 KJM-DB (PC))

request for assistance, nor any information obtained thereafter as a result of further investigation, shall be divulged or made known to any person without the prior approval of the State Auditor." As another example, the federal False Claims Act provides that an individual *qui tam* action shall be filed *in camera* and remain under seal for 60 days, to provide the government time to choose to take over the investigation. *See* 31 U.S.C. § 3730(b); *see also Kelly Nelson v. Millennium Labs., Inc.*, No. 1:13-mc-00022-BAM, 2013 WL 3283212, at *3 (E.D. Cal. June 27, 2013) ("In a *qui tam* action, confidentiality provisions of the False Claims Act seek to combat disclosure of information related to a sealed complaint that could compromise the government's investigation."). In addition, while courts routinely seal documents that may compromise an on-going criminal investigation, courts have also found the need to protect the integrity of pending private or administrative investigations sufficient to justify sealing. *See, e.g., DISH Network, L.L.C. v. Sonicview USA, Inc.*, No. CIV. 09cv1553-L(NLS), 2009 WL 2579052, at *2 (S.D. Cal. Aug. 20, 2009) (plaintiff showed compelling reasons to seal expert report regarding piracy of plaintiff's satellite programming, in part because disclosure of report "would jeopardize ongoing piracy investigations").

At a minimum, courts have found good cause to seal identifying information for party employees as well as individuals accused of wrongdoing in third-party documents. *See Castro v. ABM Indus., Inc.*, 325 F.R.D. 332, 334 n.2 (N.D. Cal. 2018), modified by *Castro v. ABM Indus., Inc.,* 2018 WL 2197527 (N.D. Cal. May 14, 2018) (finding good cause to seal names of defendant's employees in briefing on motion for class certification); *Music Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14-cv-03078 JSC, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015) (privacy concerns provided compelling reason to redact identity of Plaintiff's employees accused of cyber attack); *cf. Buckovetz v. U.S. Dep't of Navy*, No. 3:15-cv-00838 BEN-MDD, 2016 WL 8729934, at *4 (S.D. Cal. Nov. 4, 2016) (in response to FOIA request, Navy properly redacted on privacy concerns the names and identifying information of employees accused of sexual harassment, as "[t]hese individuals have a legitimate interest in keeping this information from public view"). Similarly, in *United States v. Kwok Cheung Chow*, No. 14-cr-

4

Defs.' Brief Re: Sealing Standards (2:90-cv-00520 KJM-DB (PC))

00196 CRB (JCS), 2015 WL 5094744, at *5 (N.D. Cal. Aug. 28, 2015), the court found that compelling reasons existed to seal the identities of unindicted third parties captured in wiretap documents relating to a criminal conspiracy, in part due to privacy concerns, while explicitly stating that the court was not suggesting any individual had been exonerated or found to have committed misconduct.

Dated: October 19, 2018

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
ADRIANO HRVATIN
Supervising Deputy Attorney General

*/s/ Tobias G. Snyder*
TOBIAS G. SNYDER
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003
42066451.docx

5

Defs.' Brief Re: Sealing Standards (2:90-cv-00520 KJM-DB (PC))