DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

CLAUDIA CENTER – 158255
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111-4805
Telephone: (415) 621-2493

MICHAEL W. BIEN – 096891
JEFFREY L. BORNSTEIN – 099358
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LISA ELLS – 243657
KRISTA STONE-MANISTA – 269083
JENNY S. YELIN – 273601
MICHAEL S. NUNEZ – 280535
JESSICA WINTER – 294237
MARC J. SHINN-KRANTZ – 312968
CARA E. TRAPANI – 313411
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>        Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**PLAINTIFFS' BRIEF RE SEALING STANDARDS IN RESPONSE TO COURT'S OCTOBER 17, 2018 ORDER**<br><br>Judge: Hon. Kimberly J. Mueller |

Plaintiffs hereby submit legal standards related to sealing, as outlined in the Court's October 17, 2018 Order, ECF No. 5967. Specifically, the following sets forth legal standards that apply to sealing some or all of the Golding report, where Dr. Golding: (1) is not a party; (2) is employed by a party; and (3) is claiming full whistleblower status.

## I.  General Standards Applicable to Sealing in this Context

The public has a longstanding and well-recognized right of access to judicial records, "justified by the interest of citizens in keeping a watchful eye on the workings of public agencies." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citations and alterations omitted); *see also Oregonian Pub. Co. v. U.S. Dist. Ct. for Dist. of Or.*, 920 F.2d 1462, 1465 (9th Cir. 1990) (recognizing public's First Amendment right of access to judicial documents and proceedings); *cf.* Order, Ninth Cir. Case No. 13-73467, Dkt. 17 (Oct. 16, 2013) (granting emergency writ petition and vacating *Coleman* order precluding press from revealing information disclosed in judicial proceeding).

Matters become judicial records, and therefore presumptively public, where, as here, they are filed with the court and are "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016); *see* ECF No. 5936 at 1-2. Such documents may be sealed only if the party seeking a protective order can marshal specific, articulable compelling reasons, not based on "hypothesis or conjecture," sufficient to overcome the strong presumption in favor of public access. *Id.* at 1096-97 (quoting *Kamakana*, 447 F.3d at 1179). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1178; *see also In re Neal*, 461 F.3d 1048, 1054 (8th Cir. 2006) ("[I]njury or potential injury to reputation is not enough to deny public access to court documents."); *Doe v. Public Citizen*, 749 F.3d 246, 269 (4th Cir. 2014) ("We are unaware . . . of any case in which a court has found a . . . bare allegation of reputational harm to be a compelling interest sufficient to defeat the public's First Amendment right of access. Conversely, every case we have located has reached the opposite result under the less

demanding common-law standard.").

The interest in public access is especially heightened where matters of fundamental public concern, including potential misconduct of public entities and officers, are at issue. *See E.E.O.C. v. Erection Co.*, 900 F.2d 168, 171–72 (9th Cir. 1990) (Reinhardt, J., concurring in part and dissenting in part) (documents that provide "an effective mechanism for the public to monitor a public agency's performance of a vital public task" are subject to a "presumption [that] weighs even more heavily in favor of public access than in the ordinary civil case"); *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 101 F.R.D. 34, 38 (C.D. Cal. 1984); *Cohen v. Trump*, No. 13-cv-2519-GPC-WVG, 2016 WL 3036302, at *6 (S.D. Cal. May 27, 2016). Similarly, to protect the integrity of the courts, documents necessary to understand the basis for judicial action are rarely sealed. *See Kamakana*, 447 F.3d at 1179 (explaining that high bar for sealing even portions of documents relies on the principle that judicial resolution of a dispute lies "at the heart of the interest in ensuring the public's understanding . . . of significant public events" (citation omitted)); *Richmond Newspapers Inc. v. Virginia*, 448 U.S. 555, 572 (1980) ("People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing.").

Reports of investigations into questionable or unlawful agency activity are quintessentially matters of public concern and thus subject to public disclosure under federal and California law, with only narrow exceptions. *See generally* Cal. Gov. Code § 6254 *et seq.* ("PRA")); *see also Pasadena Police Officers Ass'n v. Super. Ct.*, 240 Cal. App. 4th 268 (2015) (investigative report commissioned by city, but prepared by independent consultant, related to a civilian shooting by Pasadena police was presumptively public record subject to disclosure under PRA, subject to minor redactions due to specific PRA exemptions); *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999) (public has fundamental right of access to investigative report created by public agency regarding unlawful behavior by its employees, where that report was disclosed during lawsuit).

## II. Sealing Rules Do Not Hinge on Dr. Golding's Status as a Non-Party.

An individual's status as a non-party does not affect the presumption of public access to court documents, even when the third-party is the one seeking sealing. *See In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 425-26 (9th Cir. 2011) (declining to adopt a different test for sealing of third-party documents, and confirming presumption that discovery documents are public); *see also* Fed. R. Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a party *or person* from annoyance, embarrassment, oppression, or undue burden or expense . . . ."); *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1130-31, 1135-38 (9th Cir. 2003) (applying same standards for sealing to third-party information contained in discovery materials as would apply to party information).[1]

## III. Dr. Golding's Status as Defendants' Employee Does Not Trigger a Unique Standard for Sealing.

That Dr. Golding is Defendants' employee does not change the applicable sealing standards, except that his statements relating to his employment are admissible party admissions, and his status as a public employee makes his communications with other state employees presumptively public, with limited exceptions not applicable here.

Employee admissions are admissible evidence, Fed. R. Evid. 801(d)(2), and are binding on an employer, at least where the employee is at a sufficiently high level within the employer structure, *see generally Upjohn Co. v. United States*, 449 U.S. 383 (1981).

The PRA was enacted to bring matters of public business to light, in the interest of a transparent and effective government. *See* Cal. Gov. Code § 6250. The PRA broadly defines public records for the purpose of maintaining public transparency. *See id.* § 6252(e). It also specifically defines "public records" and "writing" to include agency

---

[1] The good cause standard for sealing at issue in *Foltz* and *In re Archbishop*, laid out at *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), does not apply where the document at issue is materially related to the litigation. In the latter case, the compelling interest standard governs. *See Chrysler*, 809 F.3d at 1101.

emails containing information relating to the conduct of the public's business. *See id.*, § 6252(e), (g); *see also generally City of San Jose v. Super. Ct.*, 2 Cal. 5th 608 (2017) (ruling that even private emails relating to public business sent between public employees are disclosable public records under the PRA).

A public agency can withhold a public record only if it falls within a specifically enumerated exception[2] or by showing that, "on the facts of the particular case the public interest served by not disclosing the record clearly outweighs the public interest served by disclosure of the record." *See* Cal. Gov. Code § 6255(a). The pending litigation exception makes non-public only records that contain agency attorney work product, agency attorney-client privileged information, or work product specifically created by an agency in anticipation of or for use in the litigation. *Id.* § 6254(b); *see Cty. of L.A. v. Super. Ct.*, 211 Cal. App. 4th 57, 64 (2012); *Bd. of Trustees of Cal. State Univ. v. Super. Ct.*, 132 Cal. App. 4th 889, 897-902 (2005).

In addition, state employees, by virtue of their public service, have no expectation of privacy in the trappings of their work. For example, with limited exceptions not applicable here, state employees' names, emails and email addresses, job titles, and historical compensation are public. *See City of San Jose*, 2 Cal. 5th 608 (ruling that emails between public employees relating to matters of public business are disclosable public records, even if sent using private email addresses); *Comm'n on Peace Officer Stds. & Training v. Super. Ct.*, 42 Cal. 4th 278, (2007) (ruling that state employee names, employing agencies, and employment dates are matters of public record); *Int'l Fed'n of Prof'l & Tech. Engineers, Local 21, AFL-CIO v. Super. Ct.*, 42 Cal. 4th 319 (2007) (making salary information for public employees public under the PRA); *e.g.*, Transparent California, https://transparentcalifornia.com/ (accessed October 19, 2018); *cf.* Cal. Gov.

---

[2] Personal addresses and telephone numbers of public officials are not subject to disclosure. *See* Cal. Gov. Code § 6254(u)(2) & (3); *cf.* ECF No. 2833 at 7 (June 20, 2008) (order expanding protective order to cover personal telephone numbers).

1 Code § 6254(c) (specifically exempting from public disclosure public employees' personnel and medical files).

### IV. Whistleblower Status Can Support a Sealing Request, but Not Where, as Here, the Whistleblower Is Not Seeking Confidentiality and Has Already Exposed Himself to Potential Retaliation.

False Claims Act ("FCA") cases are exempted, by statute, from normal sealing rules. *See* 31 U.S.C. § 3730(b)(2), (3). But the FCA carve-out is very limited and exists for the purposes of protecting the identity of the whistleblowing claimant and of ensuring the object of the government investigation does not learn of the existence of that investigation. It does not exist to protect the people or entities being investigated.

Similarly, to the extent California law provides confidentiality in situations involving whistleblowers, *see, e.g.*, Cal. Gov. Code § 8547, *et seq.*; Cal. Labor Code § 1102.5, *et seq.*; 31 U.S.C. § 3730(h); *see also* Office of the Inspector General: Confidentiality and Protection from Retaliation, *available at* https://www.oig.ca.gov/pages/about-us/confidentiality.php (accessed Oct. 19, 2018), the intent is to protect the *employee* from potential harassment or retaliation—an interest that does not exist where the whistleblower's identity is already public. To the extent that other privacy concerns are at stake, general principles of sealing law, as discussed *supra*, apply.

In addition, the Ninth Circuit has approved the unsealing of documents related to a whistleblower's allegations of public agency corruption, rejecting a city's and the United States' request to keep such information from the public, based on the policy of public access. *See Kamakana*, 447 F.3d 1172.

DATED: October 19, 2018    Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: /s/ Jessica Winter
    Jessica Winter

Attorneys for Plaintiffs