UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No. 2:90-cv-0520 KJM DB P |
| Plaintiffs, | |
| v. | ORDER |
| EDMUND G. BROWN, JR., et al., | |
| Defendants. | |

On October 5, 2018, plaintiffs notified the court that defendant California Department of Corrections and Rehabilitation's Statewide Chief Psychiatrist, Dr. Michael Golding, had issued a report alleging data submitted by defendants to this court has been inaccurate and misleading. Pls.' Req., ECF No. 5936. On October 15, 2018, the parties submitted a joint status report containing their respective positions on whether Dr. Golding's report may be publicly filed and any redactions necessary to publicly file the report. Jt. St. Report, ECF No. 5958. On October 17, 2018, after rejecting defendants' request to submit in camera briefing, the court ordered the parties and gave Dr. Golding an opportunity to further clarify "the legal standards that apply to the decision now before this court on whether to seal or unseal some or all of Dr. Golding's report." Order, ECF No. 5967 at 2-3; ECF No. 5972 at 11 (transcript from Oct. 17, 2018 hearing). Dr. Golding's response is before the court, Golding Resp., ECF No. 5976, as are defendants' response, Defs.' Resp., ECF No. 5977, and plaintiffs'

1

response, Pls.' Resp. ECF No. 5978. At an October 22, 2018 status conference, the court provided the parties and Dr. Golding with an opportunity to clarify and bolster their respective positions in open court. Having considered the parties' responses and arguments at the October 22, 2018 status conference, the court DIRECTS the parties to prepare a version of Dr. Golding's report and exhibits redacted to conform to this order, for filing on the court's docket.

## I. LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978) (footnotes omitted). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

When a party moves to seal a record, the court looks to the underlying motion and determines whether it is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir.), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016). If the motion is more than tangentially related to the merits of the case, a party seeking to seal the record must satisfy the "stringent" compelling reasons standard. *Id.* at 1096. Applying this standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture," and finds this reason outweighs the public's interest and the presumption of public access. *Id.* at 1096-97 (quoting *Kamakana*, 447 F.3d at 1179).

When a motion is unrelated or only tangentially related to the merits of the case, the good cause standard, which is an "exception" to the "presumptive" compelling reasons standard, applies. *Id.* at 1097-98. To establish good cause, a party must show "specific prejudice or harm will result" absent sealing, *Foltz*, 331 F.3d at 1130, which may include the need "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting Fed. R. Civ. P. 26(c)).

///

2

## II. DISCUSSION

Plaintiffs argue Dr. Golding's report is inherently a public record and should be filed with minimal redactions of class members' names and identifying information, including CDCR numbers and other unique identifiers, consistent with the modified protective order in this action. ECF No. 2109 (modified protective order); Jt. St. Report at 2-6; Pls.' Resp. Dr. Golding himself requests his report be made public with all patient information redacted, but expresses no opinion as to whether employees' names should be redacted. Golding Resp. Defendants urge the court to apply the good cause standard and either seal Dr. Golding's report in its entirety pending any investigation by the state or allow redactions of government employees' identifying information. *See* Jt. St. Report at 6-9; Defs.' Resp. The court addresses each argument below.

### A. The Compelling Reasons Standard Applies

Defendants have not shown that the good cause standard, which is an "exception" to the "presumptive" compelling reasons standard, applies here. *See Ctr. for Auto Safety*, 809 F.3d at 1097; *id.* at 1098 ("[T]he 'compelling reasons' standard applies to most judicial records.") (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2009) (emphasis omitted)). Defendants' argument at hearing suggests their theory arises from *Center for Auto Safety*, in which the Ninth Circuit clarified that "public access to filed motions and their attachments does not merely depend on whether the motion is technically 'dispositive'" but instead "turn[s] on whether the motion is more than tangentially related to the merits of a case." *See* 809 F.3d at 1101 (footnote omitted). At hearing, defendants suggested that Dr. Golding's report is not directly related to the merits of this case and is not a judicial record because the report was not filed by a party and was not accompanied by a motion.

To the extent the court understands this argument, it is not persuaded. The report was submitted by plaintiffs for in camera review on October 5, 2018 and was accompanied by plaintiffs' request for a status conference to address Dr. Golding's "very serious" claims, which "if true, have far reaching implications affecting almost every aspect of this case." Pls.' Req. at 2. That same day, defendants filed a request to stay a scheduled evidentiary hearing on a central aspect of the remedy in this case, or instead hold a status conference in light of Dr. Golding's

allegations "that potentially impact the evidence that Defendants were preparing to present at the evidentiary hearing . . . . other pending matters related to staffing . . . and [indicate] that psychiatrists . . . are not seeing patients as reported in the data tracking system." Defs.' Resp. at 2. Defendants also offered to submit the report for in camera review. *Id.* Accordingly, both parties have invited the court to consider Dr. Golding's report and have treated that report as "directly related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1098. Defendants' present suggestion that the report is somehow "unrelated" or only "tangentially related" to issues at the heart of this case is irreconcilable with defendants' actions and the court's proceedings with respect to the report to date.

The court also is unpersuaded by defendants' related contention that the report is not entitled to the "gravitas" the term "judicial record" is accorded in relevant case law. Although neither the parties nor the court have identified authority addressing the precise scenario here, the court finds no basis for treating Dr. Golding's report as anything but a judicial record. To the contrary, the court finds that as with materials obtained in discovery, which may be protected without necessarily implicating the presumption of public access, the report's "status change[d]" when it was submitted to the court by one party and became the subject of requests for court action by both parties. *See Foltz*, 331 F.3d at 1134 (citations omitted). At that point, the presumption of public access and the compelling reasons standard attached. *See id.* Indeed, Dr. Golding's report is not only before the court, it has been the subject of multiple proceedings, it has prompted both parties to reconsider their paths moving forward, and it requires this court's continued attention because it potentially implicates the accuracy of data and related information the court relies on to assess whether defendants are complying with court orders and progressing toward a durable remedy in this long running case. Defendants have identified no basis for finding the report is entitled to less gravitas than documents obtained in discovery and later filed in connection with a motion for summary judgment. *See id.* at 1134-35 (citing *San Jose Mercury News, Inc. v. U.S. Dist. Court--N. Dist. (San Jose)*, 187 F.3d 1096, 1102 (9th Cir. 1999); *Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 660 (3d Cir. 1991)).

///

B. The Report Should Not Be Sealed in Its Entirety

Defendants have not identified "a compelling reason" for sealing that extends beyond "hypothesis or conjecture." *See Ctr. for Auto Safety*, 809 F.3d at 1096-97 (quoting *Kamakana*, 447 F.3d at 1179). Examples of compelling reasons include using court records "to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Id.* (quoting *Nixon*, 435 U.S. at 598-99). Ultimately, "[w]hat constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* (quoting *Nixon*, 435 U.S. at 599).

Defendants argue Dr. Golding's report should remain under seal until any state investigation of the report's allegations concludes, to preserve "[d]efendants' ability to maintain a collaborative working relationship between staff within the Mental Health Services Delivery System (MSDS)" and avoid "compromising an independent investigation." Jt. St. Report at 6-7. The court finds defendants have not met their burden and, in any event, the public's interest in accessing Dr. Golding's report outweighs defendants' articulated interests.

Although defendants purport to rely on "similar contexts" in which complaints are sealed pending government investigation, the rationales for sealing in those contexts do not apply here. *See* Defs.' Resp. at 3-4 (citing the California Whistleblower Act and the False Claims Act). Dr. Golding provided his report to the court-appointed Receiver in *Plata v. Brown*, Case No. C-01-cv-1351 JST, J. Clark Kelso, who serves in that capacity as an arm of the court, rather than submitting it to the California State Auditor, who would have afforded him confidentiality. *See* Ells Decl., ECF No. 5936-1, ¶ 2 (noting Dr. Golding submitted his report to the Receiver's Office); Cal. Gov't Code § 8547.5(c)(1). The Receiver provided the report to the Special Master in this case. Further, Dr. Golding did not initiate an action that would have sealed the report and delayed its service on defendants while the state conducted an investigation. *See* Cal. Gov't Code § 12652(c)(2). Defendants provide no authority suggesting that statutory provisions enacted to protect whistleblowers or prevent disclosure of fraud allegations should apply to defendants here. *Cf. In re Hewlett-Packard Co. S'holder Derivative Litig.*, No. 12-CV-6003, 2015 WL 8570883, at *6 (N.D. Cal. Nov. 18, 2015), *report and recommendation adopted*, No. 12-CV-6003-CRB, 2015

WL 8479543 (N.D. Cal. Dec. 10, 2015), *aff'd*, 716 F. App'x 603 (9th Cir. 2017) (sealing documents identifying whistleblower whose "identity has never been made public" to avoid "premature disclosure" and "interfere[nce] with the ongoing investigations by making the whistleblower a target of intimidation or harassment").

The court does not accept defendants' argument that sealing is necessary to protect the integrity of any future investigation the state will undertake, criminal or otherwise. *See* Defs.' Resp. at 4 (citing *DISH Network, L.L.C. v. Sonicview USA, Inc.*, No. CIV. 09CV1553-L NLS, 2009 WL 2579052, at *2 (S.D. Cal. Aug. 20, 2009) (redacting names of confidential informants from motion papers based in part on need to prevent "jeopardiz[ing] ongoing piracy investigations")). Nothing before the court suggests the state's interest in investigating the allegations in Dr. Golding's report automatically entitles the state to shield that report from the public's view. Defendants have not identified any authority that sanctions, must less requires, privileging the integrity of any future state investigation over the actual proceedings taking place in this court.

Finally, after careful consideration, the court declines defendants' request to seal Dr. Golding's report to prevent "harm [to] the culture and working relationships within [defendant] institutions," including damaging "the relationship between psychologists and psychiatrists, and other members of the patients' treatment teams, by attacking the core values of the systems, the organization of the system, and every clinician's professional and personal value and integrity." Jt. St. Report at 8-9. To the extent defendants' argument arises from the Report's "unverified" nature, *see id.* at 8, Dr. Golding has now verified his report and authenticated its exhibits under penalty of perjury, *see* ECF No. 5964 (Oct. 17, 2018 hr'g mins calling for declaration submitted in camera), and Dr. Golding's declaration previously provided to the court in camera will be filed on the court's docket following entry of this order. Moreover, defendants have not identified any authority that supports sealing a document of great public importance merely because its contents are upsetting, particularly where, as here, the report's serious allegations challenge the integrity of documents filed with a federal court and there is no

indication the report is intended merely to "gratify private spite or promote public scandal." *See Nixon*, 435 U.S. at 598 (citations and internal quotation marks omitted).

In sum, defendants have not concretely identified and supported any interest that outweighs the public's significant interest in access to the substance of Dr. Golding's report. To the contrary, the court finds Dr. Golding's report is a document that should be available to the public to maintain accountability and reaffirm the public's "confidence in the administration of justice." *See Ctr. for Auto Safety*, 809 F.3d at 1096 (citation and internal quotation marks omitted).

### C. Certain Employee Identifying Information Should Be Redacted Pending Further Clarification

As clarified below, defendants have not provided specific compelling reasons to redact individual public employees' names, titles, emails and telephone numbers from the reports, though there is no disagreement that employees' personal addresses and personal telephone numbers should be redacted. *See* Pls.' Resp. at 4 n.2 (citing Cal. Gov't Code § 6254(u)(2) & (3); ECF No. 2833 at 7). Nonetheless, on the evening of October 23, 2018, defendants provided in camera their proposed redactions, after this matter was submitted and while the court was preparing to issue this order. The court has taken the time to review defendants' proposed redactions and, for reasons also explained below, is prepared to approve certain of defendants' proposed redactions, but not all of them, pending further order of the court.

Defendants have argued, with little elaboration, that Dr. Golding's report may "libel CDCR employees," "promote public scandal" and harm employees' reputations. Jt. St. Report at 7-8; Defs.' Resp. at 4-5. That public employees may be embarrassed by Dr. Golding's accusations, or may dispute the content of his report, does not necessarily require this court to seal the report or redact employees' identifying information. *See Kamakana*, 447 F.3d at 1179 ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.") (citing *Foltz*, 331 F.3d at 1136); *id.* at 1184 ("Simply mentioning a general category of

privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden.").

Aside from declining to concretely and specifically address the risks to public employees, defendants rely on inapplicable authority. *See* Defs.' Resp. at 4-5 (citing decisions involving non-governmental employees, FOIA requests, wiretapping documents). As plaintiffs note, the California Supreme Court has held that public employees' basic identifying information is generally not protected from disclosure. Pls.' Resp. at 5 (citing, inter alia, *Comm'n on Peace Officer Standards & Training v. Superior Court*, 42 Cal. 4th 278, 302 (2007) (officers' names, employing departments and dates of employment could be disclosed); *Long Beach Police Officers Assn. v. City of Long Beach*, 59 Cal. 4th 59, 74 (2014) (public's interest in disclosure of names of peace officers involved in shootings outweighed officers' interest in privacy where officers' Union and the city did not make the necessary "particularized showing")); *see also Lissner v. U.S. Customs Serv.*, 241 F.3d 1220, 1223 (9th Cir. 2001) (noting that although "individuals do not waive all privacy interests in information relating to them simply by taking an oath of public office, [] by becoming public officials, their privacy interests are somewhat reduced"); *but see Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 977 (9th Cir. 2009) (recognizing in FOIA context, public employees' "legitimate interest in keeping private matters that could conceivably subject them to annoyance or harassment," including "their involvement in investigations of especially controversial events") (citations and internal quotation marks omitted); *id.* (noting "lower level officials . . . 'generally have a stronger interest in personal privacy than do senior officials.'") (quoting *Dobronski v. FCC*, 17 F.3d 275, 280 n.4 (9th Cir. 1994)). Further, defendants have not attempted to explain how any portions of the report they wish redacted can be excised without compromising the content of the report as a whole.

In sum, despite being afforded multiple opportunities to do so, defendants have not specifically identified any concrete risk faced by public employees should Dr. Golding's report be made public, have not explained how their proposed redactions are narrowly tailored, and have not identified a single authority that compels the result they seek. That said, as explained below,

the court is prepared to exercise its discretion at this stage to approve certain redactions proposed by defendants, pending further order of the court.

Defendants' proposed redactions of employee identifying information may be grouped generally into three categories: (1) employees who participated in decisions or policymaking challenged by the report; (2) employees who assisted Dr. Golding in preparation of the report, or whose correspondence or medical notes Dr. Golding relied on in preparing and supporting the report, some of whom may also be entitled to whistleblower status; and (3) employees whose performance of their duties incidentally relates to Dr. Golding's allegations. Within these categories, the court provisionally approves defendants' proposed redactions of: (1) current and former employees' names; (2) current and former employees' employment titles, but only where an employment title is expressly linked to a name or a specific prison so as to disclose a person's identity; and (3) any other information that serves to identify an individual other than Dr. Golding, including government telephone numbers and email addresses.

Defendants' other proposed redactions are rejected, including defendants' proposed redaction of general employment titles not specifically tied to an individual. *See, e.g.*, Defs.' Proposed Redactions of Michael Golding, M.D., *CDCR Mental Health System Report* at 12 (redacting "Deputy Directors of Mental Health"); *id.* at 17 (redacting "Assistant Deputy Director" and "Associate Deputy Director"); *id.* at 99 (redacting "unlicensed psychology intern").

The court's limited approval of certain redactions is based on the sensitive nature of information in the report and exhibits, the possibility individuals other than Dr. Golding identified in the report may claim whistleblower status or otherwise may face serious ramifications, the current lack of clarity in the court's mind whether defendants are authorized to speak on behalf of some or all of the individuals identified, and the court's determination that the redactions it is approving leave the report and exhibits substantively intact. *Cf. Foltz*, 331 F.3d at 1137 (finding limited redaction of medical and personnel records to protect third-party privacy interests "while leaving other meaningful information" publicly available was appropriate); *U.S. v. Amalgamated Life Ins. Co.*, 534 F.Supp. 676, 679 n.5 (S.D.N.Y. 1982) (noting "there is [] a danger in recognizing standing for a party asserting the privacy rights of others when the interests

of the party asserting the privacy rights and the parties possessing the privacy rights differ"). At this juncture, in other words, the court finds for now that the individual employees' potentially significant privacy interests balanced against the public's interest in access warrants these limited redactions, which preserve the substance of the report in its entirety.

### D. Other Third-Party Correspondence

The court will provide the Special Master and the parties with any third-party correspondence it receives that is directly responsive or otherwise directly related to Dr. Golding's report. The court will not, however, file these documents on the public docket.

## III. CONCLUSION

Defendants have not met their burden in establishing that full sealing or extensive redaction of Dr. Golding's report is warranted, though, as explained above, the court finds certain redactions are currently necessary to protect third parties' privacy interests. The parties, in consultation with Dr. Golding's counsel, are DIRECTED to prepare a redacted version of the report and exhibits that conform to this order. Dr. Golding's counsel is DIRECTED to prepare a redacted version of the Dr.'s verifying declaration and exhibits, coordinating with other counsel as she deems appropriate. The parties and Dr. Golding's counsel are further DIRECTED to jointly submit the redacted versions to KJMOrders@caed.uscourts.gov by the close of business on Tuesday, October 30, 2018. The court will file the redacted versions on the public docket on Wednesday, October 31, 2018 and will revisit whether the approved redactions remain appropriate at a later date after further proceedings, in connection with which the parties will have an opportunity to brief the issue.

IT IS SO ORDERED.

DATED: October 25, 2018.

_____
UNITED STATES DISTRICT JUDGE