**EXHIBIT A**

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>      Plaintiffs,<br><br>    v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>      Defendants. | No. 2:90-cv-0520 KJM DB p<br><br>PROPOSED ORDER APPOINTING INDEPENDENT INVESTIGATOR |

       This court appoints [NAME] to serve as an independent investigator in accordance with the inherent powers of the court, and consistent with certain procedures provided in Federal Rule of Evidence 706. The purpose of this appointment is to assist the court in investigating allegations raised in the verified report of Dr. Michael Golding, Chief Psychiatrist for the California Department of Corrections and Rehabilitation (CDCR) (Golding Report), ECF No. 5988, to determine whether defendants have committed any fraud on the court or the Special Master, and/or have intentionally provided false or misleading information to the court or the Special Master. The specific areas of investigation identified by the court based on its review of the Golding Report are described below.

      A.    Duties of the Independent Investigator

       It is HEREBY ORDERED that the duties of the independent investigator are

and shall be limited to the following:

    1. To conduct an independent investigation into whether defendants have committed fraud on the court or intentionally misled the court or the Special Master regarding the following matters raised in the Golding Report:

    a. Unilaterally lengthening the intervals between psychiatric appointments beyond court-mandated timelines for inmate-patients at the Correctional Clinical Case Management System (CCCMS) and Enhanced Outpatient Program (EOP) levels of care who are transferred to new institutions by: (i) resetting the clock for such appointments from the time of transfer rather than from the last completed appointment, (ii) rescheduling such appointments at the maximum time allowed in the Program Guide, and (iii) reporting compliance with Program Guide requirements using the reset timelines. *See* Golding Report, ECF No. 5988-1 at 1, 14-23.[1]

    b. Unilaterally lengthening the interval between psychiatrist appointments for EOP inmate-patients and reporting compliance based on the extended intervals. *See id.* at 2, 23-26.

    c. Unilaterally combining CCCMS and EOP appointment compliance numbers into one reporting category. *See id.* at 26-27.

    d. Unilaterally inflating compliance numbers by counting every encounter between a psychiatrist and an inmate-patient as an appointment for purposes of measuring Program Guide timeline compliance, without regard to whether the encounter was a psychiatry appointment or, *e.g.*, a wellness check or a cell-front attempt to communicate with an inmate patient. *See id.* at 5-6, 54-57.

    e. Manipulating the manner in which scheduled appointments and

---

[1] The page numbers in this order for documents filed in the court's Electronic Case Filing (ECF) system are to the page number assigned by the ECF system located in the upper righthand corner of each page. Additionally, these citations are a representative, not an exhaustive, list of the Golding Report's allegations that either directly or inferentially suggest false or misleading information has been presented to the court and to the Special Master.

missed appointments are reported.  *See id*. at 7-8, 35-47, 62-63.

    f. Failing to report that psychiatric supervisors are or were also performing some or all the functions of staff psychiatrists.  *See id.* at 5, 56-57.

    g. Manipulating the manner in which medication non-compliance is measured.  *See id.* at 8, 58-62.

    h. Unilaterally misrepresenting MAPIP data.  *See id.* at 30-35, 141-43, 146.

    i. Employing various additional methods of calculations that inflate psychiatry timeliness compliance, including, but not limited to:  (i) the percent-patient-weeks method, (ii) averaging "early" days or weeks as generated by this method with late days or weeks, (iii) calculating compliance based on the longest possible timeframe even where a psychiatrist determines the patient must be seen sooner than the minimum standard as anticipated by the Program Guide, and (iv) excluding EOP patients held in "EOP overflow beds" from the timeliness metric.  *See id.* at 2-3, 22, 28, 47-57, Exhibits D, III at 13-16.

    j. Misrepresenting non-data-related compliance information to the Special Master's team, including manipulating operating conditions for monitoring tours and misleading the Special Master's team through oral and written statements regarding Defendants' actual policies and practices.  *See id.* at 127, 141, Exhibit Y at 3.

    k. Misrepresenting confidentiality data.  *See id.* at 64-70, 78-79, 140-41, 148, Exhibits Y, AA.

    l. Selecting misleading data to include in continuity of care metrics.  *See id.* at 121-22, Exhibits JJ at 1, HHH at 1.

    m. Failing to report unilateral modifications to court-ordered remedial policies. *See id.* at 97-116, 117, 124-25; Exhibits F, W, PP, SS, FFF, GGG.

    n. Failing to disclose the extent of the growth in responsibility allocated to psychologists, particularly with respect to empowering non-medically trained psychologists to discharge and admit patients from licensed hospital settings and to

1    authorize seclusions and restraints.  *See id.* at 13, 97-116, 117, 124-25, 131-32 & n.xxiv;
2    Exhibits F, R, W, PP, SS, FFF, GGG.

3               o.    Acquiescence to misrepresentations of compliance reports
4    from institutional leadership.  *See id.* at 138-39, Exhibit BBB.

5               The scope of the independent investigator's investigation may be expanded
6    by order of this court at the request of the investigator, the Special Master, or any party,
7    based on a showing that allegations of the Golding Report ~~and~~or evidence found during the
8    investigation warrants such expansion.

9          2.    To consult with the Special Master as necessary to the efficient and
10   fully informed discharge of the investigative duties required by this order.  In particular,
11   the independent investigator shall seek a briefing from the Special Master on what types of
12   data and information in the areas covered by section A(1)(a)-(g), supra, are required by the
13   Program Guide, orders of this court, and directives of the Special Master.

14         3.    To submit to the court within [TIME TO BE DETERMINED IN
15   CONSULTATION WITH INVESTIGATOR] a report containing findings in each of the
16   categories specified above regarding whether there has been (1) any fraud on the court; or
17   (2) any intentionally false or misleading information presented to the court.  The court will
18   make further orders for distribution of the report to the parties, filing of the report, and
19   consideration of the investigator's findings following submission of the report to the court.

20         4.    The duties set forth in this order may be further specified, expanded or
21   modified only by order of this court.

22   B.    Powers of the Independent Investigator

23         IT IS FURTHER ORDERED that the authority of the independent
24   investigator is and shall be limited to the following powers:

25         1.    To interview, on a confidential basis or otherwise, correctional staff,
26   employees, and appointees of the California Department of Corrections and Rehabilitation
27   (CDCR) for the purpose of performing the investigator's duties under this order.
28   Defendants shall provide suitable facilities and arrange for such interviews to be conducted

under conditions satisfactory to the investigator.  In addition, the investigator may engage in informal conferences with CDCR staff, employees, and appointees, and such persons shall cooperate with the investigator and respond to inquiries and requests related to the performance of the investigator's duties, including requests for compilation and communication of oral or written information.

       2.    To interview, on a confidential basis or otherwise, any defendant and members of any defendant's staff for the purpose of performing the investigator's duties under this order.  Defendants shall provide suitable facilities and arrange for such interviews to be conducted under conditions satisfactory to the investigator.  In addition, the investigator may engage in informal conferences with staff, employees, and appointees of the Governor's Office, and such persons shall cooperate with the investigator and respond to inquiries and requests related to the performance of the investigator's duties, including requests for compilation and communication of oral or written information.

       3.    To interview, on a confidential basis or otherwise, counsel for defendants and members of their staff for the purpose of performing the investigator's duties under this order.  Defendants shall provide suitable facilities and arrange for such interviews to be conducted under conditions satisfactory to the investigator.  In addition, the investigator may engage in informal conferences with staff, employees, and appointees of the Office of the Attorney General and such persons shall cooperate with the investigator and respond to inquiries and requests related to the performance of the investigator's duties, including requests for compilation and communication of oral or written information.

       4.    To interview, on a confidential basis or otherwise, former CDCR employees with knowledge pertinent to this investigation, and to consider and review any relevant documents or other materials provided by such former employees.

       ~~3.~~5.    To interview, on a confidential basis, current *Coleman* class members. The investigator shall disclose and clearly explain to any class member interviewed his or her role as an independent investigator working for the Court.  Defendants shall provide

suitable, confidential facilities and arrange for such interviews to be conducted under conditions satisfactory to the investigator.

4.6.   To have unlimited access to the records, files and papers maintained by defendants to the extent that such access is related to the performance of the independent investigator's duties under this order.  Such access shall include all departmental, institutional, and inmate records, including but not limited to, central files, medical records, and mental health records.  The investigator may obtain copies of all such relevant records, files, and papers.

5.7.   To retain or employ specialists, assistants, administrative support staff or any other such person whose advice or assistance the independent investigator deems necessary to the effective fulfillment of the investigator's duties under this order.  All such persons, as well as the nature of their compensation, shall be approved by the court in advance of their retention or employment.

6.8.   To engage in ex parte communications with the court and with any party to this action only to the extent such communications are essential to fulfillment of the independent investigator's duties.

7.9.   The powers described herein may only be modified by order of this court.

8.10.   In exercising the powers enumerated in this order, the independent investigator may act by him or herself or through employees of, or assistants to, the investigator approved by the court.  All actions of such assistant(s) or employee(s) shall be supervised and coordinated by the investigator in order to accomplish the objectives of this order.

C.   Prohibition on Retaliation

All CDCR employees, administrators, and any and all other staff of Defendants shall be prohibited from retaliating against current employees and class members who come forward and provide information to the independent investigator, or appear to have done so.

~~C.~~D.   Compensation of the Independent Investigator

IT IS FURTHER ORDERED that the independent investigator shall be compensated at a reasonable rate of [$ ____] per hour for services performed in accordance with this order, except that he or she shall be compensated at the rate of [$____] for travel time.  All reasonable expenses incurred by the investigator in performing duties under this order shall be reimbursed as costs.

The independent investigator's fees and expenses shall be borne by the defendants, consonant with the provisions of Federal Rule of Evidence 706(c), as part of the costs of this action.  The fees will be paid using the following process:

(1) The independent investigator will submit to the court a proposed monthly invoice for services rendered, which the court will initially review and then provide to the parties.  The proposed invoice shall be emailed to KJMOrders@caed.uscourts.gov and be accompanied by proof of service on the parties.

(2) Any party shall have seven (7) days after service of the invoice to submit to the court any response to the invoice, including any objections.

(3) Within seven (7) days thereafter, the independent investigator shall submit to the court and serve on the parties a final monthly invoice for services rendered accompanied by an explanation of the independent investigator's response to any comments or objections.  The final monthly invoice shall be emailed to KJMOrders @caed.uscourts.gov and be accompanied by proof of service on the parties.

After this process has been completed in full, the matter of payment of the invoice will then be submitted to the court for review and, as appropriate, issuance of an order for payment of the final invoice.

DATED: