XAVIER BECERRA, State Bar No. 118517
Attorney General of California
JAY C. RUSSELL, State Bar No. 122626
ADRIANO HRVATIN, State Bar No. 220909
Supervising Deputy Attorneys General
ELISE OWENS THORN, State Bar No. 145931
ANDREW M. GIBSON, State Bar No. 244330
TYLER V. HEATH, State Bar No. 271478
IAN MICHAEL ELLIS, State Bar No. 280254
TOBIAS G. SNYDER, State Bar No. 289095
Deputy Attorneys General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-4426
  Fax:  (415) 703-5843
  E-mail:  Tobias.Snyder@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,** | 2:90-cv-00520 KJM-DB (PC) |
| Plaintiffs, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFFS' RESPONSE TO DEFENDANTS' VIEWS ON THE COURT'S PLAN TO APPOINT CHARLES J. STEVENS AS THE COURT'S INDEPENDENT EXPERT** |
| v. | |
| **EDMUND G. BROWN JR., et al.,** | |
| Defendants. | |
| | Judge:    The Honorable Kimberly J. Mueller |

**TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on January 11, 2019, at 10:00 a.m., in Courtroom 3 at 501 I Street, Sacramento, California 95814, Defendants will and here move the Court to strike Plaintiffs' December 12, 2018 Response to Defendants' Views on the Court's Plan to Appoint Charles J. Stevens as the Court's Independent Expert (ECF No. 6029).  Defendants have noticed the motion's hearing under this District's Civil Local Rules and this Court's standing orders;

1

Defs.' Mot. to Strike Pls.' Dec. 12, 2018 Filing  (2:90-cv-00520 KJM-DB (PC))

however, the parties are scheduled to appear for a status conference in this matter on Friday, December 14, 2018, at 10:30 a.m. to discuss a variety of issues, including a "[d]iscussion of independent investigation." (ECF No. 6024.) Plaintiffs' response concerns the "independent investigation," and Defendants thus propose that the Court hear Defendants' motion to strike Plaintiffs' response at the December 14, 2018 status conference. Defendants move to strike Plaintiffs' filing—the Court's November 29, 2018 order gave each party seven days to express their views on the Court's proposed plan to appoint a neutral expert. The parties filed their views. The Court's order did not permit the parties to comment on each other's views, and Plaintiffs did not seek leave to do so.

Defendants' motion to strike is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all pleadings, exhibits, and papers on file in this action, and any other matters properly before the Court.

Dated: December 13, 2018                    Respectfully submitted,

XAVIER BECERRA
Attorney General of California
ADRIANO HRVATIN
Supervising Deputy Attorney General

*/s/ Tobias G. Snyder*
TOBIAS G. SNYDER
Deputy Attorney General
*Attorneys for Defendants*

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

On November 29, 2018, the Court issued an order stating its intention to appoint Charles J. Stevens, Esq., as a "neutral expert" under Federal Rule of Evidence 706 to investigate Dr. Michael Golding's allegations regarding Defendants' mental-health data tracking and reporting systems (the "November 29 Order"). (ECF No. 6018.) The Order attached a proposed order appointing Mr. Stevens and delineating the scope of his duties and powers. (*Id.*, Ex B.) The Order stated that the Court would issue its final order appointing the independent expert within fourteen days—by December 13, 2018—but separately provided that "[t]he parties are granted a period of seven (7) days to file their views on the court's plan to appoint [Mr. Stevens] as the court's independent expert." (*Id.* at 12:11-16.)

Consistent with the Court's November 29 Order, Plaintiffs and Defendants on December 6, 2018 each filed their respective views regarding the Court's proposed plan. (*See* ECF Nos. 6021, 6022.) In a substantive response, Defendants raised several significant concerns regarding the Court's plan. (ECF No. 6022.) Plaintiffs took a different approach—they filed a one-paragraph response expressing their whole-hearted agreement with the Court's proposed appointment. (ECF No. 6021.) Plaintiffs did not request, nor did they reserve, an opportunity to respond to Defendants' filing under the Court's November 29 Order.

Without authority under the November 29 Order or the rules generally governing motion practice in federal civil class-action litigation, Plaintiffs on December 12, 2018 filed a twenty-page "response" to Defendants' December 6 filing. (ECF No. 6029.) Plaintiffs subsequently corrected their filing with a notice of errata attaching an unpublished order appointing a Rule 706 expert to opine on damages. (ECF No. 6030.) The Court should strike Plaintiffs' unauthorized December 12, 2018 filings. Plaintiffs' twenty-page response significantly expands on the one-paragraph response Plaintiffs otherwise considered appropriate to file on December 6, 2018. The Court's November 29 Order did not authorize the parties to respond to each others' filings, nor did it authorize any further comment on the Court's plan subsequent to the seven-day period

3

Defs.' Mot. to Strike Pls.' Dec. 12, 2018 Filing  (2:90-cv-00520 KJM-DB (PC))

granted by the Court for the parties to express their views.  (ECF No. 6018 at 12:14-16.)[1]
Plaintiffs did not seek leave from the Court before filing their December 12 response, nor did they purport to file the document under any specific rule or Court order.

Plaintiffs' December 12 response is essentially a sur-reply—without permission from the Court, sur-replies are routinely rejected.  *See, e.g., Thomas v. Wilkinson,* No. 115CV00527LJOGSAPC, 2017 WL 262062, at *1 (E.D. Cal. Jan. 18, 2017) (striking the plaintiff's sur-reply because "the court neither requested any surreply nor granted a request on the behalf of Plaintiff to file a surreply"); *Lees v. Felker,* No. CIV S08-0196LKKKJMP, 2009 WL 2824862, at *1 (E.D. Cal. Sept. 1, 2009) (Mueller, J.) (striking the plaintiff's sur-reply because he "filed a surreply to defendants' reply, again without seeking leave of the court").  Plaintiffs did not request permission to file a sur-reply.[2]

Like Defendants, Plaintiffs provided their "views" on the Court's November 29 Order and proposed plan to appoint a neutral expert by the Court's December 6 deadline.  Plaintiffs filed a perfunctory, one-paragraph response supporting the Court's proposed order that failed to substantively address the Court's plan.  The Court should reject Plaintiffs' unilateral and unauthorized attempt, after seeing Defendants' submission, to supplement the record with a late-filed brief attacking Defendants' views on the Court's proposal.

## CONCLUSION

Because Plaintiffs' December 12, 2018 filing was submitted after they already filed a response on December 6, 2018 addressing the Court's proposed plan, and because the Court did not authorize the parties to respond to each other's filings, the Court should strike Plaintiff's

---

[1] Plaintiffs December 12 filing represents their *third* bite at the apple.  On November 13, 2018, the Court issued an order directing the parties to show cause why the Court should not appoint an independent investigator.  (ECF No. 6002.)  While Defendants provided a substantive response to that order (ECF No. 6009), Plaintiffs chose not to address any substantive issues such as the scope of the Court's authority or the potential invasion of the attorney-client privilege.  Instead, Plaintiffs argued that the Court should vastly expand the scope of any investigation. (ECF No. 6011.)  Having missed two chances to make their views known, Plaintiffs are not entitled to yet a third chance.

[2] Plaintiffs have previously in this case moved to strike Defendants' filings based on Plaintiffs' contention that Defendants filed documents in contravention of the procedure envisioned by the Court.  (*See, e.g.,* ECF No. 5898 (Plaintiffs' motion to strike Defendants' evidence in support of objections to proposed telepsychiatry policy).)

4

December 12, 2018 submission. Defendants are prepared to argue this motion at the December 14, 2018 status conference in this matter.

Dated: December 13, 2018                    Respectfully submitted,

XAVIER BECERRA
Attorney General of California
ADRIANO HRVATIN
Supervising Deputy Attorney General

*/s/ Tobias G. Snyder*
TOBIAS G. SNYDER
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003
42090675.docx

5

Defs.' Mot. to Strike Pls.' Dec. 12, 2018 Filing (2:90-cv-00520 KJM-DB (PC))