XAVIER BECERRA, State Bar No. 118517
Attorney General of California
JAY C. RUSSELL, State Bar No. 122626
ADRIANO HRVATIN, State Bar No. 220909
Supervising Deputy Attorneys General
ELISE OWENS THORN, State Bar No. 145931
ANDREW M. GIBSON, State Bar No. 244330
TYLER V. HEATH, State Bar No. 271478
IAN MICHAEL ELLIS, State Bar No. 280254
TOBIAS G. SNYDER, State Bar No. 289095
Deputy Attorneys General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-4426
 Fax:  (415) 703-5843
 E-mail:  Tobias.Snyder@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,** | 2:90-cv-00520 KJM-DB (PC) |
| Plaintiffs, | **DEFENDANTS' OBJECTION TO THE COURTS' DECEMBER 18, 2018 ORDER REGARDING DR. GONZALEZ'S ALLEGATIONS** |
| v. | |
| **EDMUND G. BROWN JR., et al.,** | Judge: The Honorable Kimberly J. Mueller |
| Defendants. | |

On December 18, 2018, the Court issued a minute order requiring the parties to submit, by December 21, 2018, a redacted version of what the Court characterizes as "the whistleblower complaint by Dr. Gonzalez dated 10/24/2018 and accompanying exhibits." (*See* ECF No. 6051.) Defendants object to placing Dr. Gonzalez's allegations on the public docket. Significantly, Dr. Gonzalez—whose allegations largely track those raised by Dr. Michael Golding—has declined to verify her allegations. And as Defendants stated during the December 14, 2018 status conference,

1

filing Dr. Gonzalez's allegations on the public docket serves no purpose, given the Court's order appointing Charles J. Stevens as a neutral expert to evaluate Dr. Golding's allegations. (ECF No. 6033.)

In general, the presumption of public access to documents varies according to the extent that the documents are used by a court in its exercise of an Article III function; the weight of the presumption is low for documents that play a negligible rule in the performance of Article III duties, and nonexistent for documents that play no role. *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). Here, the Court appointed Mr. Stevens as a neutral expert to investigate Dr. Golding's allegations, and the Court will not act or rely on Dr. Gonzalez's allegations prior to receiving whatever report is filed by Mr. Stevens in four months' time. (ECF No. 6033 at 3:21.) Thus, unlike Dr. Golding's allegations, which were the impetus for Mr. Stevens' appointment, Dr. Gonzalez's allegations have had negligible impact on the exercise of the Court's duties, and therefore the presumption of public access is likewise negligible. The only result from filing Dr. Gonzalez's allegations now, after appointing a neutral expert, will be to broadcast publicly information that will likely influence witnesses' recollections and testimony and could adversely impact the integrity of Mr. Stevens' investigation.

Although the Court has been in possession of Dr. Gonzalez's allegations for nearly two months, Defendants have heard no justification from any party, or non-party, why there is an imminent need to place the document on the public docket prior to Mr. Stevens' investigation of the facts underlying Dr. Golding's allegations. Indeed, at the December 14, 2018 status conference the Court stated that "[b]efore I make a decision about the handling of [Dr. Gonzalez's] report, I'm going to request Miss Musell's position on behalf of the whistleblower." (Dec. 14, 2018 Hrg. Tr. at 5:10-12.). Dr. Gonzalez has provided no such position to the Court or the parties.

In addition, if the Court allows Dr. Gonzalez's allegations to be filed on the public docket, the Court should order that Dr. Gonzalez submit a declaration verifying under penalty of perjury that the contents of her allegations are true and correct and authenticating the exhibits attached to her submission. Otherwise, the Court will give credence to unverified allegations and exhibits

2

1  submitted by non-parties like Dr. Gonzalez without any factual foundation for doing so, an
2  approach inconsistent with how the Court traditionally processes letters received from inmates
3  and the public in this case.  Requiring Dr. Gonzalez to verify her allegations would follow the
4  same procedure ordered by the Court prior to the public filing of Dr. Golding's allegations.  (*See*
5  ECF No. 5967 at 2:17-21.)  The Court at the December 14, 2018 status conference requested
6  whether the Court "should go through the same process we did with the Golding report." (Dec.
7  14, 2018 Hrg. Tr. at 4:12-14.)  There is no reason to divert from the same process.

8  Based on the Court's prior process, counsel for Defendants contacted Ms. Musell and
9  requested that Dr. Gonzalez verify her allegations like Dr. Golding.  Ms. Musell declined
10 Defendants' request, stating: "We intend to follow the Court's Orders, as written.  Thus, we will
11 not be accompanying the report with any other documentation."  A true and correct copy of that
12 email exchange is attached as Exhibit A.  Accordingly, a Court order is required.

13 In sum, there is no imminent need for Dr. Gonzalez's allegations to be broadcast publicly,
14 prior to the Court's reliance on their contents to perform an Article III function.  While the need
15 for disclosure at this juncture is negligible, the risk that the disclosure may impact the integrity of
16 Mr. Stevens' investigation is real and present.  Moreover, if the Court does publicly file Dr.
17 Gonzalez's allegations, ordering that the allegations be verified would serve an important
18 evidentiary purpose while placing little to no burden on Dr. Gonzalez.

### CONCLUSION

20 Defendants object to the Court's plan to file Dr. Gonzalez's allegations on the public
21 docket.  If the Court nevertheless intends to place the allegations on the public docket, Defendants
22 request that the Court order Dr. Gonzalez to verify the allegations contained in her submission.

3

Defs.' Objection to Dec. 18, 2018 Order Re Gonzalez Allegations (2:90-cv-00520 KJM-DB (PC))

| | |
|---|---|
| Dated: December 19, 2018 | Respectfully submitted,<br><br>XAVIER BECERRA<br>Attorney General of California<br>ADRIANO HRVATIN<br>Supervising Deputy Attorney General<br><br><br>*/s/ Tobias G. Snyder*<br>TOBIAS G. SNYDER<br>Deputy Attorney General<br>*Attorneys for Defendants* |

CF1997CS0003

4

# EXHIBIT A

**Tobias Snyder**

| | |
|---|---|
| **From:** | Wendy Musell <wmusell@stewartandmusell.com> |
| **Sent:** | Tuesday, December 18, 2018 3:06 PM |
| **To:** | Andrew Gibson; Cara Trapani |
| **Cc:** | Coleman Team - RBG Only; Steve Fama; Jay Russell; Adriano Hrvatin; Tyler Heath; Tobias Snyder; Ian Ellis; Nick Weber; Bentz, Melissa@CDCR; Hessick, Jerome@CDCR; Hockerson, Dillon@CDCR |
| **Subject:** | RE: Coleman: Redacting Gonzalez Whistleblower Complaint Per ECF No. 6051 [IWOV-DMS.FID6429] |

Andy:

We intend to follow the Court's Orders, as written. Thus, we will not be accompanying the report with any other documentation.

thanks

Wendy Musell



2200 Powell Street, Ste 440
Emeryville, California 94608
Ph: 415-593-0083
Fax: 415-520-0920
www.stewartandmusell.com

The information contained in this email message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think you have received this email message in error, please email the sender at info@stewartandmusell.com.

**From:** Andrew Gibson [mailto:Andrew.Gibson@doj.ca.gov]
**Sent:** Tuesday, December 18, 2018 2:51 PM
**To:** Cara Trapani <CTrapani@rbgg.com>; Wendy Musell <wmusell@stewartandmusell.com>
**Cc:** Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbgg.com>; Steve Fama <sfama@prisonlaw.com>; Jay Russell <Jay.Russell@doj.ca.gov>; Adriano Hrvatin <Adriano.Hrvatin@doj.ca.gov>; Tyler Heath <Tyler.Heath@doj.ca.gov>; Tobias Snyder <Tobias.Snyder@doj.ca.gov>; Ian Ellis <Ian.Ellis@doj.ca.gov>; Nick Weber <Nicholas.Weber@cdcr.ca.gov>; Bentz, Melissa@CDCR <Melissa.Bentz@cdcr.ca.gov>; Hessick, Jerome@CDCR <Jerome.Hessick@cdcr.ca.gov>; Hockerson, Dillon@CDCR <Dillon.Hockerson@cdcr.ca.gov>
**Subject:** RE: Coleman: Redacting Gonzalez Whistleblower Complaint Per ECF No. 6051 [IWOV-DMS.FID6429]

Cara and Wendy –

We're happy to circulate proposed redactions. However, Defendants request that Dr. Gonzalez verify her allegations just as Dr. Golding did when posting on the docket. Wendy – please let us know if Dr. Gonzalez is willing to do so.

Thank you,

1

**From:** Cara Trapani <CTrapani@rbgg.com>
**Sent:** Tuesday, December 18, 2018 2:38 PM
**To:** Wendy Musell <wmusell@stewartandmusell.com>; Andrew Gibson <Andrew.Gibson@doj.ca.gov>
**Cc:** Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbgg.com>; Steve Fama <sfama@prisonlaw.com>; Jay Russell <Jay.Russell@doj.ca.gov>; Adriano Hrvatin <Adriano.Hrvatin@doj.ca.gov>; Tyler Heath <Tyler.Heath@doj.ca.gov>; Tobias Snyder <Tobias.Snyder@doj.ca.gov>; Ian Ellis <Ian.Ellis@doj.ca.gov>; Nick Weber <Nicholas.Weber@cdcr.ca.gov>; Bentz, Melissa@CDCR <Melissa.Bentz@cdcr.ca.gov>; Hessick, Jerome@CDCR <Jerome.Hessick@cdcr.ca.gov>; Hockerson, Dillon@CDCR <Dillon.Hockerson@cdcr.ca.gov>
**Subject:** Coleman: Redacting Gonzalez Whistleblower Complaint Per ECF No. 6051 [IWOV-DMS.FID6429]

Dear Andy and Wendy,

Pursuant to the Court's order regarding redacting the Gonzalez complaint by this Friday, my sense is that it would be most efficient for Defendants to take the first pass through and propose redactions using the "mark for redaction" tool in Adobe. This process worked well when we redacted the Golding Report and will hopefully save time this go-round. Please let me know if you are both amendable to this strategy, and if so, when Defendants can circulate a draft of the redactions.

Sincerely,

*RBGG has moved! Please note our new address below, effective October 15, 2018:*

Cara Trapani



101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
ctrapani@rbgg.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.


IRS CIRCULAR 230 NOTICE:  As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.



CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.