1  XAVIER BECERRA, State Bar No. 118517
   Attorney General of California
2  JAY C. RUSSELL, State Bar No. 122626
   ADRIANO HRVATIN, State Bar No. 220909
3  Supervising Deputy Attorneys General
   ELISE OWENS THORN, State Bar No. 145931
4  ANDREW M. GIBSON, State Bar No. 244330
   TYLER V. HEATH, State Bar No. 271478
5  IAN MICHAEL ELLIS, State Bar No. 280254
   TOBIAS G. SNYDER, State Bar No. 289095
6  Deputy Attorneys General
    455 Golden Gate Avenue, Suite 11000
7   San Francisco, CA  94102-7004
    Telephone:  (415) 510-4426
8   Fax:  (415) 703-5843
    E-mail:  Tobias.Snyder@doj.ca.gov
9  *Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,** | 2:90-cv-00520 KJM-DB (PC) |
| Plaintiffs, | **DEFENDANTS' OBJECTION TO DECEMBER 21, 2018 ORDER AND REQUEST TO STRIKE EX PARTE COMMUNICATION** |
| v. | |
| **EDMUND G. BROWN JR., et al.,** | Judge: The Honorable Kimberly J. Mueller |
| Defendants. | |

**INTRODUCTION**

The Court today issued a minute order based exclusively on an ex parte email communication from counsel for Dr. Melanie Gonzalez, a non-party, which resulted in the Court ordering that Dr. Gonzalez need not verify her "whistleblower" allegations prior to those allegations being made part of this case's public docket.  Defendants object to the Court's December 21, 2018 Minute Order ("December 21 Order").  (ECF No. 6055.)  Defendants request

1

that the Court file Dr. Gonzalez's counsel's ex parte email communication with the Court on the public docket and that the Court strike that communication, as the ex parte communication violates well-established ethical and procedural rules governing communications with the Court. Finally, Defendants continue to object to the public filing of Dr. Gonzalez's allegations pending the outcome of the ongoing independent investigation; if the Court chooses to file these allegations publicly, the Court should require Dr. Gonzalez to verify her allegations before they are filed in the public docket, as was required of Dr. Golding.

**ARGUMENT**

On December 18, 2018, the Court issued a minute order requiring the parties to submit, by December 21, 2018, a redacted version of what the Court characterizes as "the whistleblower complaint by Dr. Gonzalez dated 10/24/2018 and accompanying exhibits." (*See* ECF No. 6051.) On December 19, 2018, Defendants objected to the Court's December 18, 2018 order on the ground that Dr. Gonzalez's allegations are not verified under penalty of perjury. (ECF No. 6052.) On December 20, 2018, the Court issued a minute order instructing Dr. Gonzalez's counsel to inform the Court, in writing, whether Dr. Gonzalez will verify her allegations. (ECF No. 6053.) On December 21, 2018, Defendants learned via email from Dr. Gonzalez's counsel, Wendy Musell, that Ms. Musell had submitted ex parte to the Court objections to Dr. Gonzalez verifying her allegations—a fact that was confirmed in the Court's December 21, 2018 minute order sustaining Dr. Gonzalez's as-yet unseen ex parte objections, to which Defendants were provided no opportunity to respond. (ECF No. 6055.)[1]

This district's local rules, the Code of Conduct for United States Judges, and the California Rules of Professional Conduct all state that it is improper for a court to base its rulings on ex parte communications. *See, e.g.,* Local Rule 135 (absent express waiver "all documents submitted to the Court shall be served upon all parties to the action"); Code of Conduct for United States

---

[1] This is not the first time the Court has acted in response to ex parte, non-party communications. For example, in the Court's December 18, 2018 order to publish Dr. Gonzalez's allegations, Defendants learned for the first time that Dr. Gonzalez's counsel submitted an email to the Court that "Dr. Gonzalez agrees that the submission to the Court meets the requirements for a public record and should be available on the docket and, of course, to the investigative team." (ECF No. 6051 at 1.) Defendants were not included on that email, and to date have not received of a copy of it, despite it forming the basis of the Court's ruling.

2

Judges, Canon 3(A)(4)(b) ("[A] judge should not initiate, permit, or consider ex parte communications or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers. If a judge receives an unauthorized ex parte communication bearing on the substance of a matter, the judge should promptly notify the parties of the subject matter of the communication and allow the parties an opportunity to respond, if requested."); Rule of Professional Conduct 5-300(B) ("A member shall not directly or indirectly communicate with or argue to a judge or judicial officer upon the merits of a contested matter pending before such judge or judicial officer, except: (1) In open court; or (2) With the consent of all other counsel in such matter; or (3) In the presence of all other counsel in such matter; or (4) In writing with a copy thereof furnished to such other counsel; or (5) In ex parte matters.").

Case law is likewise clear that a court should not issue orders based on ex parte communications without input from the parties. *See, e.g., Blixseth v. Yellowstone Mountain Club, LLC*, 742 F.3d 1215, 1219 (9th Cir. 2014) ("ex parte communications are discouraged"); *United States v. Thompson*, 827 F.2d 1254, 1258–59 (9th Cir. 1987) ("[a]bsent . . . compelling justification, ex parte proceedings are anathema in our system of justice"). In *Ademiluyi v. Phillips*, No. 214-CV-00507-MMD-CWH, 2014 WL 4656228 (D. Nev. Sept. 17, 2014), the plaintiff served a document subpoena on a third party and the court issued an order compelling the third party to produce documents in response to the subpoena. Counsel for the third party sent a memorandum to the court, ex parte, to evade the order, and then contacted the plaintiff implying that the court had withdrawn or stayed the order as a result of the communication. The plaintiff moved to strike the memorandum. The court granted the motion, stating that "[p]laintiff is understandably upset" and that "[a]ny litigant in her position would respond precisely as she has" in responding to a judge that "allegedly withdrew or stayed an order based on an *ex parte* communication." (*Id*. at *1.) The court thereafter assured the plaintiff that the ex parte communication had played no part in the court's decision making, striking the memorandum which had since been placed on the public docket. (*Id*.) The same approach should apply here. The Court should file on the case's docket Ms. Musell's ex parte email communication with the

3

Court so that all parties and the public are aware of the basis for Dr. Gonzalez's alleged objection to verifying her allegations. Given the improper ex parte communication, the Court should then strike the objection. Further, and again given the improper ex parte communication, the Court should withdraw its December 21 Order. What then remains is the Court's December 20, 2018 order.

Moreover, Dr. Gonzalez's apparent justification for refusing to verify her allegations supports Defendants' initial objection to the public filing of Dr. Gonzalez's allegations. The December 21 Order states that "[i]t is unclear the purpose of requiring Dr. Gonzales to provide a verified statement outside of the investigative process" and that "asking for a witness statement would invade the province of the investigation team, who will be obtaining witness testimony and evidence." (ECF No. 6055.) But if requiring Dr. Gonzalez to verify her allegations invades the province of the investigative team, *publishing* those allegations does as well. The Court has rejected Defendants' efforts to substantively respond to Dr. Golding's allegations and admonished Defendants for submitting facts in support of its objections to the Court's investigative plan. (ECF No. 6018 at 1:27-2:28.) The Court's December 21 Order further interferes with Defendants' ability to defend themselves and yet it appears that unverified allegations against them will continue to be placed on the docket. This circumstance is directly contrary to the "even-handed process" the Court suggested at the November 5, 2018 status conference. (*See* Nov. 5, 2018 Hrg. Tr. at 20:15.) Dr. Gonzalez's allegations have already been forwarded to Mr. Stevens's team (ECF No. 6056); if the Court believes that the investigation should continue unimpeded, it should let the investigation run its course before publicly filing unverified, unsubstantiated allegations on the public docket.

## CONCLUSION

In sum, Ms. Musell's ex parte email communication with the Court violate basic ethical and procedural rules governing communications between litigants and the Court in pending litigation. Defendants object to the Court's December 21 Order. The Court should file Ms. Musell's ex parte communication, which purportedly set forth Dr. Gonzalez's objections, on the Court's public docket. Given the impropriety of this communication, the Court should strike Dr.

4

Gonzalez's objection. While Defendants continue to believe that filing Dr. Gonzalez's allegations needlessly intrudes into the province of Mr. Stevens's investigation, if the Court intends to file Dr. Gonzalez's allegations on the public docket it should do so only if Dr. Gonzalez verifies those allegations under oath.

Dated: December 21, 2018

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
ADRIANO HRVATIN
Supervising Deputy Attorney General

*/s/ Tobias G. Snyder*
TOBIAS G. SNYDER
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003
42095139.docx

5

Defs.' Obj. to Dec. 21, 2018 Order (2:90-cv-00520 KJM-DB (PC))