UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RALPH COLEMAN; et al., <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> EDMUND G. BROWN, Jr., Governor of the State of California; et al., <br><br> Defendants - Appellants. | No. 17-16080 <br><br> D.C. No. 2:90-cv-00520-KJM-DB <br> U.S. District Court for Eastern California, Sacramento <br><br> **MANDATE** |

The judgment of this Court, entered November 28, 2018, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: Quy Le
Deputy Clerk
Ninth Circuit Rule 27-7

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 28 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RALPH COLEMAN; et al.,  Plaintiffs-Appellees,  v.  EDMUND G. BROWN, Jr., Governor of the State of California; et al.,  Defendants-Appellants. | No.   17-16080  D.C. No. 2:90-cv-00520-KJM-DB  MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted November 13, 2018
San Francisco, California

Before: SCHROEDER and WATFORD, Circuit Judges, and KORMAN,** District Judge.

State officials appeal from the district court's order of April 2017, requiring them to come into compliance with the Program Guide timelines for transfer of class members to inpatient care or face civil contempt and monetary sanctions.

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Because the order is not appealable, we dismiss for lack of jurisdiction.

**1.** The district court's order did not grant or modify an injunction so as to give us jurisdiction under 28 U.S.C. § 1292(a)(1).  Appellants were first ordered to comply with the Program Guide timelines in 2006.  The April 2017 order required nothing more.  Because it did not "change[] the terms and force of the injunction as it stood immediately prior," *Gon v. First State Insurance Co.*, 871 F.2d 863, 866 (9th Cir. 1989), it cannot be appealed.

**2.** Nor was the order "final" within the meaning of 28 U.S.C. § 1291.  It was instead "an interim step toward further proceedings." *Plata v. Schwarzenegger*, 560 F.3d 976, 980 (9th Cir. 2009).  "A civil contempt order is ordinarily not appealable until the district court has adjudicated the contempt motion and applied sanctions." *Id.*  We see no reason to depart from that settled rule.

We **DENY** appellees' fourth request for judicial notice (Docket No. 65).

**DISMISSED.**