UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, | No. 2:90-cv-0520 KJM DB P |
| Plaintiff, | |
| v. | <u>AMENDED</u> |
| EDMUND J. BROWN, JR., et al., | <u>ORDER APPOINTING</u> |
| Defendants. | <u>NEUTRAL EXPERT</u>[1] |

The court appoints Charles J. Stevens, Esq. of Gibson, Dunn & Crutcher LLP to serve as the court's neutral expert in accordance with Federal Rule of Evidence 706. Mr. Stevens may utilize additional staff from Gibson, Dunn & Crutcher LLP or retain additional staff to form an investigative team as he deems necessary to the full, fair and efficient fulfillment of the neutral

---

[1] This order amends and supersedes the Order Appointing Neutral Expert, ECF No. 6033, filed December 14, 2018 and is effective nunc pro tunc to December 14, 2018 by amending paragraph A(2) and B(4) of ECF No. 6033, as requested by the neutral expert and authorized by paragraphs A(4) and B(5) of ECF No. 6033. The first paragraph of this order has also been modified to reflect relevant events since the December 14, 2018 order was filed. The court is aware that defendants have appealed the December 14, 2018 order. *See* ECF No. 6058. It is not clear to this court that an order appointing a Rule 706 expert, which is reviewed for abuse of discretion, *see Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999), is immediately appealable, prior to the conclusion of the proceedings for which the appointment has been made. Moreover, defendants have not sought a stay of the order from this court or from the court of appeals. *See* Court of Appeals Docket No. 19-15006.

1

expert's duties under this order, as approved by this court on December 18, 2018.  *See* ECF No. 6048.  Mr. Stevens shall seek approval of the court in advance of utilization or retention of additional staff beyond that already approved.

        The purpose of this appointment is to assist the court in investigating allegations raised in the verified report of Dr. Michael Golding, Chief Psychiatrist for the California Department of Corrections and Rehabilitation (CDCR) (Golding Report), ECF No. 5988, to determine whether defendants have committed any fraud on the court or the Special Master, or have intentionally provided false or misleading information to the court or the Special Master.[2] *See* Orders filed November 13 and 29, 2018, and December 12, 2018.  The specific areas of investigation are described below.

    A.    <u>Duties of the Neutral Expert</u>

        It is HEREBY ORDERED that the duties of the neutral expert are and shall be limited to the following:

        1.  To conduct an independent investigation to identify whether facts exist raising a question whether defendants committed fraud on the court or intentionally misled the court or the Special Master regarding the following matters raised in the Golding Report:

            a.  Lengthening the intervals between psychiatric appointments beyond court-mandated timelines for inmate-patients at the Correctional Clinical Case Management System (CCCMS) and Enhanced Outpatient Program (EOP) levels of care who are transferred to new institutions by resetting the clock for such appointments from the time of transfer rather than from the last completed appointment, rescheduling such appointments at the maximum time

---

[2] The redacted version of the Golding Declaration and Report and accompanying exhibits is filed at ECF No. 5988 and is the version to which the court cites in this and all related orders.  An unredacted version of the Golding Report is maintained under seal at ECF No. 5990 and will be made available to the independent investigator following his appointment.

2

allowed in the Program Guide, and reporting compliance with Program Guide requirements using the reset timelines. *See* Golding Report, ECF No. 5988-1 at 1, 14-23.[3]

        b. Lengthening the interval between psychiatrist appointments for EOP inmate-patients and reporting compliance based on the extended intervals. *See id*. at 2, 23-26.

        c. Combining CCCMS and EOP appointment compliance numbers into one reporting category. *See id*. at 26-27.

        d. Inflating compliance numbers by counting every encounter between a psychiatrist and an inmate-patient as an appointment for purposes of measuring Program Guide timeline compliance, without regard to whether the encounter was a psychiatry appointment or, *e.g.*, a wellness check or a cell-front attempt to communicate with an inmate patient. *See id*. at 5-6, 54-57.

        e. The manner of reporting of scheduled appointments and missed appointments. *See id*. at 7-8, 35-47, 62-63.

        f. Failing to report that psychiatric supervisors were also performing some or all the functions of staff psychiatrists. *See id*. at 5, 56-57.

        g. The way in which medication non-compliance is measured. *See id*. at 8, 58-62.

        The scope of the court's expert's investigation may be expanded by order of this court after consideration of a request of the expert, the Special Master, or any party, based on a showing that allegations of the Golding Report or facts identified during the investigation, or both, warrant such expansion.

        2. To consult with the Special Master as necessary to achieve efficiencies in the discharge of the investigative duties required by this order, without involving the Special Master in the investigation itself. In particular, the expert shall consult with the Special Master to assist in the determination of what types of data and information in the areas covered by section

---

[3] The page numbers in this order for documents filed in the court's Electronic Case Filing (ECF) system are to the page number assigned by the ECF system located in the upper righthand corner of each page.

A(1)(a)-(g) above are required by the Program Guide, orders of this court, and directives of the Special Master. In order to facilitate more efficient communications with the Special Master and his team members, the neutral expert and his team members may communicate directly with the Special Master and his team members without involving counsel for the parties, provided that the neutral expert maintains records of the communications and any information received.

3. To submit to the court within four months a report identifying whether there is evidence sufficient to warrant an evidentiary hearing into whether defendants have intentionally presented false or misleading information to the court in one or more of the areas addressed in the Golding Report and, if so, identifying that evidence. The time allowed for completion of the report will be extended only upon a showing that substantial work remains to complete the duties assigned by this order. The court will distribute the report to the parties upon receipt, and make further orders for filing and consideration of the report upon consultation with the parties.

4. The duties set forth in this order may be further specified, expanded or modified only by order of this court.

B. <u>Powers of the Neutral Expert</u>

IT IS FURTHER ORDERED that the neutral expert shall have such powers as are necessary to the duties assigned by this order, including:

1. To interview correctional staff, employees, and appointees of the California Department of Corrections and Rehabilitation (CDCR). Defendants shall provide suitable facilities and arrange for such interviews to be conducted under conditions satisfactory to the neutral expert.

2. To interview defendant Governor Edmund G. Brown and members of his staff. Defendants shall provide suitable facilities and arrange for such interviews to be conducted under conditions satisfactory to the neutral expert.

3. To interview counsel for defendants and members of their staff. Defendants shall provide suitable facilities and arrange for such interviews to be conducted under conditions satisfactory to the neutral expert.

4. To have access to the records, files and papers maintained by defendants to the extent that such access is related to the performance of the neutral expert's duties under this Order. Such access shall include all departmental, institutional, and inmate records, including but not limited to, central files, medical records, and mental health records. The neutral expert may obtain from the Special Master, all parties, and counsel for Dr. Golding copies of all information he deems relevant to performance of his duties, and medical information may be provided to the neutral expert in unredacted form. All such unredacted information shall be maintained in confidence by the neutral expert.

5. The powers described herein may only be modified by order of this court.

C. <u>Compensation of the Neutral Expert</u>

IT IS FURTHER ORDERED that the neutral expert and any of his staff shall be compensated at a reasonable blended hourly rate per hour for services performed as approved by the court. The expert shall not be compensated for travel time to and from Sacramento, California. All reasonable expenses incurred by the neutral expert in performing duties under this order shall be reimbursed as costs.

The independent investigator's fees and expenses shall be borne by the defendants, consonant with the provisions of Federal Rule of Evidence 706(c), as part of the costs of this action. The matter of payment of the independent investigator's fees is referred to the assigned magistrate judge. The fees will be paid using the following process:

(1) The independent investigator will submit to the court a proposed monthly invoice for services rendered, summarizing time spent and expenses incurred, which the court will initially review. The proposed invoice shall be emailed to dborders@caed.uscourts.gov. After review the court will provide a copy of the invoice to the parties.

(2) Any party shall have seven (7) days after receipt of the invoice from the court to submit to the court objections, if any, to the amount billed in the invoice. Any objections shall be emailed to dborders@caed.uscourts.gov.

(3) Within seven (7) days thereafter, the independent investigator shall submit to the court and serve on the parties a final monthly invoice for services rendered accompanied by

5

an explanation of the independent investigator's response to any objections. The final monthly invoice shall be emailed to dborders@caed.uscourts.gov and be accompanied by proof of service on the parties.

After this process has been completed in full, the matter of payment of the invoice will then be submitted to the court for review and, as appropriate, issuance of an order for payment of the final invoice.

DATED: January 8, 2019.

_____
UNITED STATES DISTRICT JUDGE