UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN,<br><br>   Plaintiff,<br><br>   v.<br><br>GAVIN NEWSOM, et al.,<br><br>   Defendants. | No. 2:90-cv-0520 KJM DB P<br><br>**ORDER** |

This matter has been referred to the undersigned for settlement conference focusing "on whether mentally ill inmates can be located in fewer total institutions to address persistent impediments to Program Guide compliance in the areas of staffing, bed transfers and cultural compliance training." (ECF No. 6050.) At a hearing on December 14, 2018, the district judge assigned to this action informed the parties that she was sending them to settlement "to exhaust the question of whether or not clustering is the answer that gets to the root of the problem . . .." (ECF No. 6054 at 41-42.)

To meet this objective, the court will require the parties to affirmatively describe options that may be considered in addressing the question of clustering. For these purposes, the court will separate the question of which, if any, options or combination thereof should or could be chosen from the questions related to costs and benefits of each. To that end, the parties are directed to submit settlement conference statements which shall include the following:

1

1. At least five specific options for increased clustering of mental health programs, particularly Enhanced Outpatient (EOP) and Mental Health Crisis Bed (MHCB) programs, at fewer prison institutions, as well as, as appropriate, reducing the number of prison institutions with Correctional Clinical Case Management System (CCCMS) programs. The parties may include additional options, as appropriate. Discussion of each option shall include the following:

 a. A description of the population and program shifts that would be required systemwide. For example, closing High Desert State Prison (HDSP) to seriously mentally ill inmates would require transferring ten MHCBs away from High Desert and closing a CCCMS program with capacity for 1050 inmates. Closing the EOP unit at Kern Valley State Prison would require transferring and closing an EOP program with a capacity for 192 inmate-patients.[1]

 b. A description of one or more ways in which those population and program shifts could be accomplished across the system while furthering the general goal of reducing the total number of institutions where *Coleman* class members are housed and optimizing mental health clustering in the California Department of Corrections and Rehabilitation's (CDCR) Mental Health Services Delivery System (MHSDS) to reduce or eliminate the persistent obstacles to full achievement of a constitutional remedy in this case.

 c. A discussion of the ways in which compliance with staffing, bed transfers, cultural compliance training, and any other relevant issue, would be advanced by implementation of each specific option.

 d. A discussion of whether there would be additional costs associated with each specific option, i.e., additional capital outlay beyond that already required by existing bed planning or other construction projects underway. Discussion of any option that would not require additional costs should include an affirmative statement to that effect.

 e. A discussion of economic savings or benefits that might be realized by implementation of each option, for example, reduction in transportation costs, reduction in the number of transfers from one institution to another, and reduction in the amount of time inmates

---

[1] All examples in this order are solely to illustrate the type of information required and do not represent the court's views on the merit or lack thereof of any option that may be available.

spend waiting to transfer to necessary levels of care.  Discussion of any option that would not result in economic savings or benefits should include an affirmative statement to that effect.

      f. A discussion of potential adverse consequences, if any, presented by each option and what would be required to reduce or eliminate the impact of those consequences, and the steps that would be required to address any impact. Discussion of any option that would not have any adverse consequences should include an affirmative statement to that effect.

      g. A discussion of which combination or combinations of options would be required for full optimization of mental health clustering.

  2. A discussion of the existing regional service areas, and/or specific institutions within each service area, where recruitment and retention of mental health staff has been reliably successful for at least three years, and a discussion of the existing regional service areas and/or specific institutions in which recruitment and retention of mental health staff has been not been reliable for at least the same period.  The parties shall include with their submission a redacted version of the current civil service active lists for all mental health staff and those for the past three years if available to aid in identification of regional service areas and/or specific institutions likely conducive to recruitment and retention of required on-site mental health staff.

  3. Any other matters relevant to the scope and purpose of the settlement conference.

The parties may include documentary evidence, as relevant, in their submission to the court. All settlement conference statements shall be submitted to dadorders@caed.uscourts.gov on or before 5:00 p.m. on February 8, 2019.

IT IS SO ORDERED.

Dated: **January 23, 2019**

UNITED STATES DISTRICT JUDGE

3