1  XAVIER BECERRA, State Bar No. 118517
   Attorney General of California
2  MONICA N. ANDERSON
   Senior Assistant Attorney General
3  JAY C. RUSSELL
   ADRIANO HRVATIN
4  Supervising Deputy Attorneys General
   ELISE OWENS THORN, State Bar No. 145931
5  TYLER HEATH, State Bar No. 271478
   IAN ELLIS, State Bar No. 280254
6  TOBIAS SNYDER, State Bar No. 289095
   Deputy Attorneys General
7   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102-7004
8   Telephone: (415) 510-4426
    Fax: (415) 703-5843
9   E-mail: Tobias.Snyder@doj.ca.gov
   *Attorneys for Defendants*

10

11             IN THE UNITED STATES DISTRICT COURT

12         FOR THE EASTERN DISTRICT OF CALIFORNIA

13                  SACRAMENTO DIVISION

14

| | |
|---|---|
| 15 **RALPH COLEMAN, et al.,** | No. 2:90-cv-00520 KJM-DB (PC) |
| 16 Plaintiffs, | Ninth Circuit Case No. 19-15006 |
| 17 **v.** | **AMENDED NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT** |
| 18 | |
| 19 **GAVIN NEWSOM, et al.,** | |
| 20 Defendants. | Judge:       The Honorable Kimberly J. Mueller |
| 21 | Action Filed:  August 23, 1990 |

22

23         On December 28, 2018, Defendants appealed to the U.S. Court of Appeals for the Ninth

24  Circuit from this Court's orders of November 29, 2018 (ECF No. 6018), December 13, 2018

25  (ECF No. 6032), and December 14, 2018 (ECF No. 6033), and from all earlier, non-final orders

26  that produced the December 14 Order and are thereby merged with it.  (ECF No. 6058).

27         On January 8, 2019, this Court issued an order amending its December 14, 2018 Order,

28  which is a subject of the pending appeal.  (ECF No. 6064).  Defendants hereby amend their notice

                                        1

1   of appeal to the U.S. Court of Appeals for the Ninth Circuit to include the order of January 8,

2   2019, ECF No. 6064, as well as the orders identified in the original notice of appeal, ECF No.

3   6058.

4   Dated:  January 28, 2019                    Respectfully submitted,

5                                               XAVIER BECERRA
                                                Attorney General of California
6                                               JAY C. RUSSELL
                                                ADRIANO HRVATIN
7                                               Supervising Deputy Attorneys General

8

9                                               /s/ Tobias Snyder
                                                TOBIAS SNYDER
10                                              Deputy Attorney General
                                                Attorneys for Defendants
11

12   CF1997CS0003
     42109719.docx

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# ATTACHMENT
# ECF NO. 6064
# ORDER

1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RALPH COLEMAN,                          No.  2:90-cv-0520 KJM DB P

12                Plaintiff,

13        v.                                 AMENDED

14   EDMUND J. BROWN, JR., et al.,           ORDER APPOINTING

15                Defendants.                NEUTRAL EXPERT[1]

16

17

18            The court appoints Charles J. Stevens, Esq. of Gibson, Dunn & Crutcher LLP to

19   serve as the court's neutral expert in accordance with Federal Rule of Evidence 706.  Mr. Stevens

20   may utilize additional staff from Gibson, Dunn & Crutcher LLP or retain additional staff to form

21   an investigative team as he deems necessary to the full, fair and efficient fulfillment of the neutral

22            [1] This order amends and supersedes the Order Appointing Neutral Expert, ECF No. 6033,
23   filed December 14, 2018 and is effective nunc pro tunc to December 14, 2018 by amending
     paragraph A(2) and B(4) of ECF No. 6033, as requested by the neutral expert and authorized by
24   paragraphs A(4) and B(5) of ECF No. 6033.  The first paragraph of this order has also been
     modified to reflect relevant events since the December 14, 2018 order was filed.  The court is
25   aware that defendants have appealed the December 14, 2018 order.  *See* ECF No. 6058.  It is not
     clear to this court that an order appointing a Rule 706 expert, which is reviewed for abuse of
26   discretion, *see Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071
     (9th Cir. 1999), is immediately appealable, prior to the conclusion of the proceedings for which
27   the appointment has been made.  Moreover, defendants have not sought a stay of the order from
     this court or from the court of appeals.  *See* Court of Appeals Docket No. 19-15006.
28

1

1  expert's duties under this order, as approved by this court on December 18, 2018.  *See* ECF No.

2  6048.  Mr. Stevens shall seek approval of the court in advance of utilization or retention of

3  additional staff beyond that already approved.

4          The purpose of this appointment is to assist the court in investigating allegations

5  raised in the verified report of Dr. Michael Golding, Chief Psychiatrist for the California

6  Department of Corrections and Rehabilitation (CDCR) (Golding Report), ECF No. 5988, to

7  determine whether defendants have committed any fraud on the court or the Special Master, or

8  have intentionally provided false or misleading information to the court or the Special Master.[2]

9  *See* Orders filed November 13 and 29, 2018, and December 12, 2018.  The specific areas of

10  investigation are described below.

11      A.      Duties of the Neutral Expert

12          It is HEREBY ORDERED that the duties of the neutral expert are and shall be

13  limited to the following:

14          1.  To conduct an independent investigation to identify whether facts exist raising

15  a question whether defendants committed fraud on the court or intentionally misled the court or

16  the Special Master regarding the following matters raised in the Golding Report:

17              a.  Lengthening the intervals between psychiatric appointments beyond

18  court-mandated timelines for inmate-patients at the Correctional Clinical Case Management

19  System (CCCMS) and Enhanced Outpatient Program (EOP) levels of care who are transferred to

20  new institutions by resetting the clock for such appointments from the time of transfer rather than

21  from the last completed appointment, rescheduling such appointments at the maximum time

---

26  [2]  The redacted version of the Golding Declaration and Report and accompanying exhibits
27  is filed at ECF No. 5988 and is the version to which the court cites in this and all related orders.
An unredacted version of the Golding Report is maintained under seal at ECF No. 5990 and will
be made available to the independent investigator following his appointment.

28                                 2

1   allowed in the Program Guide, and reporting compliance with Program Guide requirements using

2   the reset timelines.  *See* Golding Report, ECF No. 5988-1 at 1, 14-23.[3]

3          b. Lengthening the interval between psychiatrist appointments for EOP

4   inmate-patients and reporting compliance based on the extended intervals.  *See id*. at 2, 23-26.

5          c. Combining CCCMS and EOP appointment compliance numbers into

6   one reporting category.  *See id*. at 26-27.

7          d. Inflating compliance numbers by counting every encounter between a

8   psychiatrist and an inmate-patient as an appointment for purposes of measuring Program Guide

9   timeline compliance, without regard to whether the encounter was a psychiatry appointment or,

10  *e.g.*, a wellness check or a cell-front attempt to communicate with an inmate patient.  *See id*. at 5-

11  6, 54-57.

12         e. The manner of reporting of scheduled appointments and missed

13  appointments.  *See id*. at 7-8, 35-47, 62-63.

14         f. Failing to report that psychiatric supervisors were also performing some

15  or all the functions of staff psychiatrists.  *See id*. at 5, 56-57.

16         g. The way in which medication non-compliance is measured.  *See id*. at 8,

17  58-62.

18         The scope of the court's expert's investigation may be expanded by order of this

19  court after consideration of a request of the expert, the Special Master, or any party, based on a

20  showing that allegations of the Golding Report or facts identified during the investigation, or

21  both, warrant such expansion.

22         2. To consult with the Special Master as necessary to achieve efficiencies in the

23  discharge of the investigative duties required by this order, without involving the Special Master

24  in the investigation itself.  In particular, the expert shall consult with the Special Master to assist

25  in the determination of what types of data and information in the areas covered by section

26  _____

27  [3] The page numbers in this order for documents filed in the court's Electronic Case Filing
    (ECF) system are to the page number assigned by the ECF system located in the upper righthand
    corner of each page.

28

3

A(1)(a)-(g) above are required by the Program Guide, orders of this court, and directives of the Special Master.  In order to facilitate more efficient communications with the Special Master and his team members, the neutral expert and his team members may communicate directly with the Special Master and his team members without involving counsel for the parties, provided that the neutral expert maintains records of the communications and any information received.

3.  To submit to the court within four months a report identifying whether there is evidence sufficient to warrant an evidentiary hearing into whether defendants have intentionally presented false or misleading information to the court in one or more of the areas addressed in the Golding Report and, if so, identifying that evidence.  The time allowed for completion of the report will be extended only upon a showing that substantial work remains to complete the duties assigned by this order.  The court will distribute the report to the parties upon receipt, and make further orders for filing and consideration of the report upon consultation with the parties.

4.  The duties set forth in this order may be further specified, expanded or modified only by order of this court.

B.      Powers of the Neutral Expert

IT IS FURTHER ORDERED that the neutral expert shall have such powers as are necessary to the duties assigned by this order, including:

1.  To interview correctional staff, employees, and appointees of the California Department of Corrections and Rehabilitation (CDCR).  Defendants shall provide suitable facilities and arrange for such interviews to be conducted under conditions satisfactory to the neutral expert.

2.  To interview defendant Governor Edmund G. Brown and members of his staff. Defendants shall provide suitable facilities and arrange for such interviews to be conducted under conditions satisfactory to the neutral expert.

3.  To interview counsel for defendants and members of their staff.  Defendants shall provide suitable facilities and arrange for such interviews to be conducted under conditions satisfactory to the neutral expert.

4

1    4.  To have access to the records, files and papers maintained by defendants to the

2    extent that such access is related to the performance of the neutral expert's duties under this

3    Order.  Such access shall include all departmental, institutional, and inmate records, including but

4    not limited to, central files, medical records, and mental health records.  The neutral expert may

5    obtain from the Special Master, all parties, and counsel for Dr. Golding copies of all information

6    he deems relevant to performance of his duties, and medical information may be provided to the

7    neutral expert in unredacted form.  All such unredacted information shall be maintained in

8    confidence by the neutral expert.

9    5.  The powers described herein may only be modified by order of this court.

10   C.    Compensation of the Neutral Expert

11   IT IS FURTHER ORDERED that the neutral expert and any of his staff shall be

12   compensated at a reasonable blended hourly rate per hour for services performed as approved by

13   the court.  The expert shall not be compensated for travel time to and from Sacramento,

14   California.  All reasonable expenses incurred by the neutral expert in performing duties under this

15   order shall be reimbursed as costs.

16   The independent investigator's fees and expenses shall be borne by the defendants,

17   consonant with the provisions of Federal Rule of Evidence 706(c), as part of the costs of this

18   action.  The matter of payment of the independent investigator's fees is referred to the assigned

19   magistrate judge.  The fees will be paid using the following process:

20   (1) The independent investigator will submit to the court a proposed monthly

21   invoice for services rendered, summarizing time spent and expenses incurred, which the court

22   will initially review.  The proposed invoice shall be emailed to dborders@caed.uscourts.gov.

23   After review the court will provide a copy of the invoice to the parties.

24   (2) Any party shall have seven (7) days after receipt of the invoice from the court

25   to submit to the court objections, if any, to the amount billed in the invoice.  Any objections shall

26   be emailed to dborders@caed.uscourts.gov.

27   (3) Within seven (7) days thereafter, the independent investigator shall submit to

28   the court and serve on the parties a final monthly invoice for services rendered accompanied by

5

1  an explanation of the independent investigator's response to any objections. The final monthly

2  invoice shall be emailed to dborders@caed.uscourts.gov and be accompanied by proof of service

3  on the parties.

4          After this process has been completed in full, the matter of payment of the invoice

5  will then be submitted to the court for review and, as appropriate, issuance of an order for

6  payment of the final invoice.

7  DATED:  January 8, 2019.

9                                UNITED STATES DISTRICT JUDGE

# ATTACHMENT REPRESENTATION STATEMENT

19-15006

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

RALPH COLEMAN, et al.,

                              Plaintiffs-Appellees,

        v.

GAVIN NEWSOM, et al.,

                              Defendants-Appellants.

---

On Appeal from the United States District Court
for the Eastern District of California

No. 2:90-cv-00520 KJM-DB (PC)
The Honorable Kimberly J. Mueller, Judge

## REPRESENTATION STATEMENT

XAVIER BECERRA
Attorney General of California
MONICA N. ANDERSON
Senior Assistant Attorney General
JAY C. RUSSELL
ADRIANO HRVATIN
MISHA D. IGRA
Supervising Deputy Attorneys General
YEVGENIY PARKMAN
Deputy Attorney General
State Bar No. 310302
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone: (415) 510-3608
 Fax: (415) 703-5843
 Email:  Jenya.Parkman@doj.ca.gov
*Attorneys for Appellants*

The undersigned represent the State Defendants-Appellants in this case—including Gavin Newsom, Governor of the State of California; Ralph M. Diaz, Acting Secretary of the California Department of Corrections and Rehabilitation; Keely Bosler, Director of the Department of Finance; and Stephanie Clendenin, Acting Director of the Department of State Hospitals. Attached is a service list that provides the names, firms, addresses, telephone numbers, and email addresses for the lead counsels representing the Plaintiffs-Appellees and for the Special Master.  The party listing in the district court's docket also includes numerous associated counsel for many parties, as well as additional intervenors, "interested parties," amici curiae,

and "miscellaneous" individuals who are not included on the attached

service list.

Dated:  January 28, 2019          Respectfully Submitted

                                  XAVIER BECERRA
                                  Attorney General of California
                                  MONICA N. ANDERSON
                                  Senior Assistant Attorney General
                                  JAY C. RUSSELL
                                  ADRIANO HRVATIN
                                  MISHA D. IGRA
                                  Supervising Deputy Attorneys General

                                  */s/ Yevgeniy Parkman*
                                  YEVGENIY PARKMAN
                                  Deputy Attorney General
                                  *Attorneys for Appellants*

2

*Service List*

| | |
|---|---|
| Michael Bien<br>  (Email: mbien@rbgg.com)<br>Lisa Adrienne Ells<br>  (Email: lells@rbgg.com)<br>Thomas Bengt Nolan<br>  (Email: tnolan@rbgg.com)<br>Jessica L. Winter<br>  (Email: jwinter@rbgg.com)<br>Michael S. Nunez<br>  (Email: mnunez@rbgg.com)<br>Rosen Bien Galvan & Grunfeld, LLP<br>101 Mission Street, 6th Floor<br>San Francisco, CA 94105<br>Phone: (415) 433-6830<br>Fax: (415) 433-7104<br>(Attorneys for Plaintiffs) | Donald Specter<br>  (Email: dspecter@prisonlaw.com)<br>Steve Fama<br>  (Email: sfama@prisonlaw.com)<br>Prison Law Office<br>1917 Fifth Street<br>Berkeley, CA 94710-1916<br>Phone: (510) 280-2621<br>Fax: (510) 280-2704<br>(Attorneys for Plaintiffs) |
| Matthew A. Lopes, Jr.<br>Pannone Lopes Devereaux<br>& O'Gara, LLC<br>1301 Atwood Avenue, Suite 215N<br>Johnston, RI 02919<br>Phone: (401) 824-5156<br>Fax: (401) 824-5123<br>Email: mlopes@pldolaw.com<br>(Special Master) | |

SF2018401343
42109718.docx

3

19-15006

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**RALPH COLEMAN, et al.,**

                              Plaintiffs-Appellees,

         **v.**

**GAVIN NEWSOM, et al.,**

                         Defendants-Appellants.

**STATEMENT OF RELATED CASES**

The following appeals arise from the same district-court matter and so are related:

*Ralph Coleman, et al. v. Edmund Brown, Jr., et al.*, Ninth Cir. No. 17-17328

*Ralph Coleman, et al. v. Edmund Brown, Jr., et al.*, Ninth Cir. No. 18-16445

4

Dated:  January 28, 2019                Respectfully Submitted,

                                        XAVIER BECERRA
                                        Attorney General of California
                                        MONICA N. ANDERSON
                                        Senior Assistant Attorney General
                                        JAY C. RUSSELL
                                        ADRIANO HRVATIN
                                        MISHA D. IGRA
                                        Supervising Deputy Attorneys General

                                        */s/ Yevgeniy Parkman*
                                        YEVGENIY PARKMAN
                                        Deputy Attorney General
                                        *Attorneys for Appellants*

5

# CERTIFICATE OF SERVICE

Case Name:   ___*Coleman v. Newsom, et al.,*___        No.   __**2:90-cv-00520 KJM-DB (PC)**__

I hereby certify that on <u>January 28, 2019</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**AMENDED NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT (With Attachment)**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>January 28, 2019</u>, at San Francisco, California.

<table>
<tr><td>E. Tornqvist</td><td>*/s/ E. Tornqvist*</td></tr>
<tr><td>Declarant</td><td>Signature</td></tr>
</table>

SF2018401343
42110005.docx