# ATTACHMENT B

**XAVIER BECERRA**
*Attorney General*

State of California
DEPARTMENT OF JUSTICE

1300 I STREET, SUITE 125
P.O. BOX 944255
SACRAMENTO, CA 94244-2550

Public:  (916) 445-9555
Telephone:  (916) 210-7325
Facsimile:  (916) 324-5205
E-Mail:  Tyler.Heath@doj.ca.gov

January 16, 2019

*By Email*

The Honorable Deborah Barnes
United States Magistrate Judge
Eastern District of California
501 I Street
Sacramento, CA  95814

RE:    *Coleman*, *et al*, *v. Newsom*, *et al*.,
<u>U.S. District Court, Eastern District of California, Case No. 2:90-cv-00520</u>

Dear Magistrate Judge Barnes:

    Under the District Court's orders appointing Mr. Charles J. Stevens as a neutral expert under Federal Rule of Evidence 706 (*see* ECF Nos. 6033 & 6064), Defendants object to the expert's invoice for services rendered through December 31, 2018, which this Court's courtroom deputy circulated to the parties on January 9, 2019.  The information provided by the invoice does not allow Defendants to meaningfully analyze the invoice's reasonableness; nor does it provide the information included with the Special Master's and Plaintiffs' invoices submitted to Defendants in this case.  And, without more detail, the invoice does not meet the legal requirements for fee awards. For any fee order to withstand scrutiny on appeal, courts must explain how they determined a fee award to be reasonable, including with respect to the hourly rate and work performed.  *See Padgett v. Loventhal*, 706 F.3d 1205, 1208-09 (9th Cir. 2013).

    The District Court did not require the expert to establish an adequate factual record to support a fee request.  The Court stated that the expert would be "compensated at a reasonable blended hourly rate per hour" and required the expert to provide an invoice "summarizing time spent and expenses incurred."  (ECF No. 6033 at 4; ECF No. 6064 at 5.)  Accordingly, the expert submitted an invoice for $132,287.43.  Each timekeeper billed his or her services at $775 per hour, regardless of experience.  The invoice simply set forth the total number of hours six timekeepers worked on the case, without any additional information describing the specific work performed by each timekeeper or how the blended rate was determined.  Without requiring additional information, the Magistrate Judge cannot meaningfully evaluate the reasonableness of the expert's rate or the work performed based on the current record.

    For example, Rule 706 states that the "expert is entitled to reasonable compensation, *as set by the court*."  Fed. R. Evid. 706 (emphasis added).  Here, the District Court stated that "the

The Honorable Deborah Barnes
January 16, 2019
Page 2

expert and his staff shall be compensated at a reasonable blended hourly rate per hour for services performed as approved by the court." (ECF No. 6033 at 4 & ECF No. 6064 at 5.) But the Court's orders did not set that "reasonable blended hourly rate"—the first time Defendants learned that the expert would apply a $775 per hour rate for all timekeepers was when the Magistrate Judge's courtroom deputy circulated the expert's first invoice on January 9, 2019. Courts generally set reasonable expert fees by analyzing the expert's education, training and experience, the prevailing rate for comparable experts, and the nature and complexity of the information sought, as well as whether or not the party paying the fee is a government agency. *See United States v. City of Akron*, No. 5:09CV272, 2013 WL 2422859, at *1-2 (N.D. Ohio June 3, 2013) (evaluating reasonable expert fees under Federal Rule of Civil Procedure 26(b)(4)(E)). Defendants object because there is presently no record establishing the expert's $775 per hour rate, or any other rate, is reasonable for the work to be performed in this case.

The District Court's orders directing the expert to "summarize[e] time spent" did not instruct the expert to provide records describing the work he and his team performed to allow the Magistrate Judge to determine the reasonableness of the work performed by each timekeeper. But the law governing the reasonableness of attorneys' fees is clear. Any party claiming fees "bears the burden of submitting detailed time records justifying the hours claimed to have been expended." *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1305 (9th Cir. 1994) (citing *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986)). Where the documentation of hours is inadequate, a district court may reduce the award accordingly. *See id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)); *see also Cognizant Tech. Solutions U.S. Corp. v. McAfee*, No. 14-1146, 2014 WL 3885868, at *2-3 (N.D. Cal. Aug. 7, 2014) (fifty-percent reduction for vague entries, such as "attention was given to some subject without further description"). The Special Master and Plaintiffs' counsel in this case submit itemized billing records to Defendants in connection with their invoices and the Court should not require any less of the expert's invoice. Given the present lack of detail in the invoice, the Defendants cannot evaluate its reasonableness, nor is the Magistrate Judge able to "show its work" to determine the reasonableness of the work performed by the expert and his team between December 14, 2018 and December 31, 2018. *See Padgett*, 706 F.3d at 1208-09.

The present structure for compensating the neutral expert and the first invoice do not provide sufficient information for Defendants or the Magistrate Judge to analyze the compensation's reasonableness. The lack of detail required by the Court and present in the invoice is of paramount concern given that the District Court ordered state taxpayers to pay all fees and costs associated with the expert's evaluation of Dr. Michael Golding's allegations. Defendants concern is compounded by the fact that the process for analyzing the invoices takes place outside the public record. As required by the District Court, the expert submitted to the Magistrate Judge by email (not through an application for fees filed in the public record) his first proposed monthly invoice for services rendered to the Magistrate Judge for an "initial[] review." The Magistrate Judge then circulated the proposed invoice to the parties by email, who have seven days after receipt to submit objections to the amount billed—again, not with a public filing, but by reply email. The expert then has seven days to submit to the Court and serve on the

The Honorable Deborah Barnes
January 16, 2019
Page 3

parties a final monthly invoice by email, accompanied by his response to any party's objections. The Magistrate Judge then will issue an order, which is the first time the public will have notice of these fee-specific proceedings. (*See* ECF Nos. 6033 at 4-5 & 6064 at 5-6.) The expert's first invoice seeks $132,287.43 for two weeks' worth of work analyzing Dr. Golding's allegations. State taxpayers deserve to know the amount requested, whether or not the amount was reasonable, and how the Court determined it was reasonable.

    In sum, the District Court's orders governing how the expert would be compensated do not require enough specificity to justify the expert's hourly rate or the hours claimed by the expert's team for services rendered. As stewards for state taxpayers in this matter, Defendants object to the expert's invoice.

    Sincerely,

    */s/ Tyler V. Heath*

    TYLER V. HEATH
    Deputy Attorney General

    For    XAVIER BECERRA
            Attorney General

cc:    Charles J. Stevens, Esq.
       Benjamin B. Wagner, Esq.
       Cara E. Trapani, Esq.
       Matthew A. Lopes Jr., Esq.
       Kerry F. Walsh, Esq.

CF1997CS0003
33744554.docx