# ATTACHMENT C

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel 650.849.5300
www.gibsondunn.com

Benjamin Wagner
Direct: +1 650.849.5395
Fax: +1 650.849.5095
BWagner@gibsondunn.com

Client: 93877-00001

January 22, 2019

VIA ELECTRONIC MAIL

Hon. Deborah Barnes
U.S. Magistrate Judge
Eastern District of California
Robert Matsui Courthouse
501 I Street, 8th fl
Sacramento, California 95814

Re:   *Coleman, et al. v. Newsom, et al.*; Response to Defendants' objection

Dear Judge Barnes:

    The District Court's orders appointing my partner, Charles J. Stevens, as the Court's neutral expert in the matter of *Coleman v. Newsom*, provide that "the neutral expert and his staff shall be compensated at a reasonable blended hourly rate per hour for services performed as approved by the court." *See* ECF Nos. 6033 and 6064, at C. The orders also state that all reasonable expenses incurred by the neutral expert in performing the duties under the order shall be reimbursed as costs. *Id.* Under the orders, the neutral expert is to submit an initial invoice to the Court, and any party may submit objections, if any, within seven days of receipt of the invoice. Within seven days thereafter, the neutral expert is to respond to the objection and submit to the Court and serve on the parties the final monthly invoice. *Id.*

    On January 3, 2019, the neutral expert submitted an invoice for work done pursuant to the Court's Orders since the neutral expert was appointed on December 14, 2018. The plaintiffs have submitted no objection to the invoice. The defendants, in a letter sent by email on January 16, 2019, submitted an objection to the invoice ("Def. Obj."). Per the Court's orders, the neutral expert responds herein to the defendants' objection, submits the final invoice, and requests that the Court review, approve, and issue an order directing payment of, that final invoice.

    The defendants object to the hourly blended attorney rate of $775 (Def. Obj. at 1-2), and also object that the invoice does not provide sufficient information for the defendants or the Magistrate Judge to analyze the reasonableness of the compensation (Def. Obj. at 2-3). For the reasons set forth below, the defendants' objections should be overruled.

Beijing · Brussels · Century City · Dallas · Denver · Dubai · Frankfurt · Hong Kong · Houston · London · Los Angeles · Munich
New York · Orange County · Palo Alto · Paris · San Francisco · São Paulo · Singapore · Washington, D.C.

**GIBSON DUNN**

Hon. Deborah Barnes
January 22, 2019
Page 2


     The rate of $775 per attorney hour is "a reasonable blended hourly rate per hour for services performed" under the Court's order. Gibson Dunn has a nationally-recognized investigations practice, and the team assigned to this matter includes two former United States Attorneys and several highly-experienced associates. The otherwise-applicable hourly rates for attorneys assigned to this matter range from nearly $700 per hour to over $1200 per hour. The majority of attorneys assigned to the matter have a standard hourly rate that exceeds the $775 blended hourly rate in this matter. The investigation in this matter involves a significant number of witnesses and several complex factual issues.

     The blended rate in this case was based on the rate currently being applied in another investigations matter involving the State of California. Gibson Dunn was recently retained by another California state agency to perform neutral investigative work using nearly the same blended rate. (The rate in this matter includes a small adjustment in light of the firm's current hourly rates). As in that other matter, Gibson Dunn does not charge for travel time between its offices in the Bay Area and Sacramento.

     There is sufficient information in the invoice submitted to the Court in this matter for defendants to formulate an objection (which they have), and for the Court to analyze the reasonableness of the invoice. The neutral expert submitted an invoice to the Court which also included 10 pages of detailed entries, reflecting a description of work done by each attorney on each date during the two week period covered by the invoice, during which the assigned attorneys researched the background of the issues identified for investigation, received and reviewed voluminous documents, made initial contact with the parties and the whistleblowers, and otherwise took steps to commence the investigation of multiple issues. The neutral expert recommended to the Court that it share only the invoice itself with the parties, since providing the parties with the detailed day-by-day chronicle of the activities of the investigating attorneys might compromise the integrity of the investigation.

     In accordance with the Court's order, we are submitting herewith the final invoice to the Court, and requesting that it be approved for payment.

Sincerely,

*/s/ Benjamin Wagner*

Benjamin Wagner

Attachment: Final invoice dated January 3, 2019