# ATTACHMENT D



**XAVIER BECERRA**
*Attorney General*

**State of California**
**DEPARTMENT OF JUSTICE**

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public: (415) 510-4400
Telephone: (415) 510-3577
Facsimile: (415) 703-5843
E-Mail: Adriano.Hrvatin@doj.ca.gov

February 4, 2019

*By Email*

The Honorable Deborah Barnes
United States Magistrate Judge
Eastern District of California
501 I Street
Sacramento, CA 95814

RE: *Coleman, et al. v. Newsom, et al.*
U.S. District Court, Eastern District of California, Case No. 2:90-cv-0520 KJM DB

Dear Magistrate Judge Barnes:

Defendants continue to object to Gibson, Dunn & Crutcher's invoice for two weeks of work in December 2018 totaling $132,287.43 in attorneys' fees and costs. Gibson Dunn's response to Defendants' objections did not "resolve[] some or all of [Defendants'] objections" (*see* ECF No. 6079), but rather raised further concerns. Based on the current record, which remains inadequate to meaningfully evaluate the reasonableness of Gibson Dunn's work, the Court should reject the invoice.

*First*, Gibson Dunn's response does not allow the Court and Defendants to evaluate the reasonableness of the work performed. Gibson Dunn contends that "there is sufficient information in the invoice submitted to the Court in this matter for defendants to formulate an objection (which they have), and for the Court to analyze the reasonableness of the invoice." (B. Wagner Jan. 22, 2019 Letter at 2.) Defendants cannot verify this contention. When Defendants objected to Gibson Dunn's invoice for failing to include itemized time records, the firm responded by disclosing that it had, in fact, submitted ten pages of itemized time records to the Court, but not to Defendants. (*Id*.) Gibson Dunn "recommended" that the Court not distribute those records to Defendants because doing so "*might* compromise the integrity of the investigation." (*Id.* (italics added).) There is no authority supporting this sub rosa submission, and the Court's appointment orders do not contemplate that the parties would receive a different invoice than the Court to evaluate the reasonableness of the expert's work. (*See* ECF No. 6064 at 5.) The submission of a separate "sealed" invoice interferes with the Court's mandate to "show its work" when evaluating fee demands. *See Padgett v. Loventhal*, 706 F.3d 1205, 1208-09 (9th Cir. 2013).

The Honorable Deborah Barnes
February 4, 2019
Page 2

      Gibson Dunn generally describes the work the firm's team performed, but this is insufficient to justify the invoice and does not give Defendants the opportunity to evaluate whether the work was reasonable. Gibson Dunn purportedly "researched the background of the issues identified for investigation, received and reviewed voluminous documents, made initial contact with the parties and the whistleblowers, and otherwise took steps to commence the investigation of multiple issues." (B. Wagner Jan. 22, 2019 Letter at 2.) Gibson Dunn's invoice reflects that six different timekeepers billed between three and sixty-five hours over a two-week period. But because Gibson Dunn failed to provide Defendants with the underlying time records, Defendants (and state taxpayers) cannot evaluate how much time was spent on any given task to determine its reasonableness. For example, although the Court limited Gibson Dunn's investigation of Dr. Michael Golding's allegations to seven discrete issues, the Special Master provided Gibson Dunn with hundreds of records related to his Twenty-Sixth Round Monitoring Report and Defendants' 2018 continuous quality improvement monitoring, which have no bearing on Dr. Golding's allegations. To the extent that the time spent by Gibson Dunn reviewing "voluminous documents" included the Special Master's tangential documents, Defendants and the Court cannot evaluate the reasonableness of that work on the current record.

      Similarly, Defendants cannot evaluate whether Gibson Dunn billed Defendants (and ultimately state taxpayers) for research and investigation that duplicates work performed by the Special Master and his team regarding Dr. Golding's allegations. A Rule 706 appointment presupposes that the expert is providing scientific, technical, or other specialized expertise not otherwise available to the court. But in the absence of further detail, Defendants and the Court cannot evaluate whether Gibson Dunn is charging state taxpayers for allegedly expert work not provided by the Special Master or that is otherwise unavailable to the Court.

      *Second*, Gibson Dunn's response does not resolve Defendants' concerns regarding the $775 hourly rate applied to all timekeepers. The Court's appointment order provided that "the neutral expert and any of his staff shall be compensated at a reasonable blended hourly rate per hour for services performed as approved by the court." (ECF No. 6064 at 5.) But the Court did not specify the rate or how it would be determined to be reasonable. There is presently no record to show that Gibson Dunn's $775 per hour blended rate is reasonable for the work already performed or still to be performed in this case. Gibson Dunn contends that the rate is reasonable because the firm applied the same rate in another matter involving the State of California. (B. Wagner Jan. 22, 2019 Letter at 2.) But it does not identify that engagement, state whether the appointment was governed by Federal Rule of Evidence 706 (like this one), or describe the engagement's scope or nature to allow Defendants or the Court to compare the two matters. (*See, e.g., id.*)

      Gibson Dunn separately refers to the credentials and qualifications of its team to justify the $775 hourly rate. Gibson Dunn apparently currently charges private clients between $700 and $1,200. (*Id.*) Defendants acknowledge Messrs. Stevens and Wagner's impressive backgrounds. But the Gibson Dunn team includes five associates, and the record does not justify why an associate with three years of experience should be compensated at the same rate as more senior associates or Messrs. Stevens and Wagner. The Court ordered that state taxpayers alone bear all fees and expenses associated with Gibson Dunn's allegedly highly-specialized work

The Honorable Deborah Barnes
February 4, 2019
Page 3

under Federal Rule of Evidence 706 in this matter (ECF No. 6064 at 5), which further warrants transparency and accountability in evaluating the expert's compensation.

\* \* \*

      This Court's January 31, 2019 order requesting Defendants' response to Gibson Dunn's effort to justify its fees and costs reflects an appropriate level of caution—Defendants, who are charged with protecting state resources, are unable to meaningfully evaluate Gibson Dunn's invoice. The law governing attorneys' fees and costs is clear—a "rubber stamp" will not withstand appellate review. Instead, federal courts must show their work to justify an award of attorneys' fees and costs. The current record regarding Gibson Dunn's December 2018 invoice is inadequate and lacks transparency. Defendants object to the invoice.

Respectfully submitted,

/s/ Adriano Hrvatin

ADRIANO HRVATIN
Supervising Deputy Attorney General

For:   XAVIER BECERRA
        Attorney General

cc:   Charles J. Stevens, Esq.
      Benjamin B. Wagner, Esq.
      Cara E. Trapani, Esq.
      Matthew A. Lopes Jr., Esq.
      Kerry F. Walsh, Esq.

CF1997CS0003
42106757.doc