1  XAVIER BECERRA, State Bar No. 118517
   Attorney General of California
2  JAY C. RUSSELL, State Bar No. 122626
   ADRIANO HRVATIN, State Bar No. 220909
3  Supervising Deputy Attorneys General
   ELISE OWENS THORN, State Bar No. 145931
4  TYLER V. HEATH, State Bar No. 271478
   IAN MICHAEL ELLIS, State Bar No. 280254
5  TOBIAS G. SNYDER, State Bar No. 289095
   Deputy Attorneys General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 510-4426
    Fax:  (415) 703-5843
8   E-mail:  Tobias.Snyder@doj.ca.gov
   *Attorneys for Defendants*

9
                    IN THE UNITED STATES DISTRICT COURT
10
              FOR THE EASTERN DISTRICT OF CALIFORNIA
11
                         SACRAMENTO DIVISION
12

13

14  **RALPH COLEMAN, et al.,**                    2:90-cv-00520 KJM-DB (PC)

15                              Plaintiffs,        **DECLARATION OF N. WEBER IN
                                                  SUPPORT OF DEFENDANTS' MOTION
16           v.                                   FOR PROTECTIVE ORDER**

17  **EDMUND G. BROWN JR., et al.,**

18                              Defendants.

19

20       I, Nicholas Weber, declare:

21       1.     I am an attorney with the Office of Legal Affairs for the California Department of

22  Corrections and Rehabilitation (CDCR).  I make this declaration in support of Defendants'

23  Motion for Protective Order in regard to discovery requests received by CDCR from the Court-

24  appointed expert investigator in this action (Gibson Dunn).  I am competent to testify to the

25  matters set forth in this declaration and if called upon to do so, I would and could so testify.

26       2.     On January 15, 2019, counsel for Defendants received a letter from Gibson Dunn's

27  Charles Stevens, the Court's appointed expert investigator, containing a series of document

28  requests.  A true and correct copy of the January 15 letter is attached hereto as Exhibit A.

                                        1

3.    The document requests would, as stated, capture materials covered by the attorney-client privilege and attorney work-product doctrine.  For instance, Request No. 15 sought communications specifically concerning the creation of materials created during negotiation with Plaintiffs' counsel and the Special Master in this action, and which were later filed with the Court.  *See* Ex. A at 3.  Other requests covered topics on which CDCR has sought legal advice from its Office of Legal Affairs and attorneys at the Office of the Attorney General.

4.    On January 18, 2019, Defendants' counsel Adriano Hrvatin sent a letter to Emma Strong and Andrew Paulson, members of Mr. Stevens's team, in response to the January 15 letter.  A true and correct copy of the January 18 letter is attached hereto as Exhibit B.  In the letter, Defendants objected to the production of materials protected by the attorney-client privilege or work-product doctrine.

5.    On January 22, 2019, I participated in a meet-and-confer call between counsel for Defendants and members of Mr. Stevens's team regarding the court expert's document requests.  During the call, the Gibson Dunn team took the position that the Court had given the expert full authority to request disclosure of communications protected by the attorney-client privilege and work-product doctrine, despite Defendants' objections.  On January 23, 2019, Defendants' counsel Tobias Snyder sent an email confirming the points raised at the meeting.  A true and correct copy of that email is attached hereto as Exhibit C.  Mr. Paulson responded that same day with a further email confirming the expert team's position.  A true and correct copy of that email is attached hereto as Exhibit D.

6.    Defendants have been working in good faith to assist Gibson Dunn's investigation.  Defendants have begun collecting documents and communications pursuant to Gibson Dunn's requests and have already produced over a thousand of pages of documents to Gibson Dunn, as well as arranging live presentations from CDCR employees to help the Gibson Dunn team understand CDCR's data systems.

7.    On January 25, 2019, per Defendants' and Gibson Dunn's meet-and-confer discussion, Defendants sent a letter to Gibson Dunn containing a set of proposed search terms and

2

1    document custodians to be used to conduct a search for responsive documents.  A true and correct

2    copy of the January 25 letter is attached hereto as Exhibit E.

3        8.    On January 30, 2019, Gibson Dunn sent a letter proposing additional search terms

4    and requesting that additional counsel, Deputy Attorneys General Elise Thorn and Andrew

5    Gibson and in-house CDCR counsel Melissa Bentz and Nicholas Weber, be included as

6    custodians for several requests.  A true and correct copy of the January 30 letter is attached hereto

7    as Exhibit F.

8        9.    On February 11, 2019, Gibson Dunn sent an email to counsel for Defendants with a

9    list of requested interview witnesses.  The list included in-house CDCR counsel Melissa Bentz

10    and myself, and Deputy Attorneys General Elise Thorn and Tobias Snyder.  A true and correct

11    copy of the February 11 email is attached hereto as Exhibit G.

12        I declare under penalty of perjury under that the foregoing is true and correct.  Executed in

13    Sacramento, California on February 14, 2019.

14                                 /s/ Nicholas Weber
                                   NICHOLAS WEBER

15

16                                 CDCR Office of Legal Affairs
                                   *(original signature retained by attorney*
                                   *Tobias G. Snyder)*

17

18    CF1997CS0003

19

20

21

22

23

24

25

26

27

28

3

Weber Decl. Supp. Defendants Motion for Protective Order  (2:90-cv-00520 KJM-DB (PC))

# EXHIBIT A

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

555 Mission Street
San Francisco, CA 94105-0921
Tel 415.393.8200
www.gibsondunn.com

Charles J. Stevens
Direct: +1 415.393.8391
Fax: +1 415.374.8408
CStevens@gibsondunn.com

January 15, 2019

<u>VIA ELECTRONIC MAIL</u>

Adriano Hrvatin, Esq.
Supervising Deputy Attorney General
California Department of Justice
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102

Re:     *Coleman v. Brown*, Neutral Expert's Initial Discovery Request to CDCR

Dear Mr. Hrvatin:

Pursuant to the Court's December 14, 2018 Order granting me access to the "records, files and papers maintained by defendants to the extent such access is related to the performance of [my] duties," please produce the following documents[1] and information to me as soon as possible, but no later than February 5, 2019.  When providing the documents, please identify which numeric request each document or group of documents is responsive to.

1.    A copy of the slide deck used during our meeting on Thursday, January 10th, and screen shots from the EHRS and Performance Report demonstrations, including, but not limited to, the clinician's view when inputting data into a powerplan, and the selection method for "cell-side" and "confidential" appointments.

2.    Current organizational charts for the California Correctional Health Care Services and CDCR's Statewide Mental Health Program (SMHP), including identification by title of all the positions related to mental health services within an institution.

3.    All CDCR data governance policies in effect between January 1, 2016 and the present relating to the authorization of CDCR employees to access and use CDCR data.

---

[1]  The term "document" shall have the same meaning as in the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

Beijing · Brussels · Century City · Dallas · Denver · Dubai · Frankfurt · Hong Kong · Houston · London · Los Angeles · Munich
New York · Orange County · Palo Alto · Paris · San Francisco · São Paulo · Singapore · Washington, D.C.

GIBSON DUNN

Adriano Hrvatin, Esq.
January 15, 2019
Page 2

4.    Names, positions, email addresses, and telephone numbers of the individuals currently on the listserv for "CDCR MHPolicyUnit@CDCR" ("m_MHPolicyUnit@cdcr.ca.gov") and those who were on the listserv from December 1, 2016 to May 30, 2017.

5.    Any communications or documents related to Dr. Golding's request that Dr. Gonzalez be permitted access to run *ad hoc* queries in the CDCR data warehouse.

6.    A copy of a memorandum memorializing a discussion between Dr. Michael Golding and Katherine Tebrock in about September 2018, regarding Dr. Golding's preparation of a report complaining about CDCR data collection and/or reporting.

7.    Any communications related to CDCR's decision to change the requirement for routine psychiatric contacts from once every 30 days to once every calendar month, not to exceed 45 days.

8.    Any communications related to the CDCR's decision in April 2017 to change the requirement for routine psychiatric contacts from once every calendar month, not to exceed 45 days, back to every 30 days.

9.    Any Release Notes related to the "Timely Psychiatry Contacts" indicator, including but not limited to the Release Notes associated with the change from once every 30 days to once every calendar month, not to exceed 45 days, and the change back to 30 days.

10.    Any Release Notes related to the "Appointments Seen as Scheduled" indicator.

11.    Any Release Notes related to the "Treatment Cancelled" indicator.

12.    Any Release Notes related to the "Treatment Refused" indicator.

13.    Any Release Notes related to the "Timely MH Referrals" indicator, including, but not limited to, modifications made to medication non-adherence measures in response to the issues raised by Dr. Golding (*see* Leidner Decl. at ¶ 47).

14.    Any communications with the Special Master, any member of the monitoring team, and/or Plaintiffs related to the "Timely Psychiatry Contacts," "Appointments Seen as Scheduled," "Treatment Cancelled," "Treatment Refused," and/or "Timely MH Referrals" indicators and/or the related business rules.

GIBSON DUNN

Adriano Hrvatin, Esq.
January 15, 2019
Page 3

15.    Any communications related to CDCR's decision to include data from the "Appointments Seen as Scheduled" indicator in CDCR's draft proposed staffing plan adjustments that was later filed with the Court as an exhibit to the June 21, 2018 status report, as referred to in CDCR's Comments on the Court's Proposed Order of Appointment (ECF No. 6012 at 15:18-23). This includes communications involving CDCR employees and counsel for CDCR.

16.    Any communications with the Special Master, any member of the monitoring team, and/or Plaintiffs regarding CDCR's interpretation of the term "monthly" as that term is used in the Program Guide.

17.    A copy or description of the simulation run by ███████████ to compare the existing weekly measurement and ███████ "best guess" at Dr. Golding's preferred methodology for measuring patient compliance, as referenced in our meeting on January 10, 2019.

18.    Any communications by or between the following individuals that relate to any of the seven categories of inquiry articulated in the Court's December 14, 2018 order appointing me as neutral expert: Dr. Michael Golding, Dr. Melanie Gonzalez, ████████████████, and any counsel for CDCR.

19.    All documents, including emails, referencing or relating to the question of how to interpret and/or apply the Program Guide provisions that relate to the seven categories of inquiry articulated in the Court's December 14, 2018 order appointing me as neutral expert.

Please produce these materials in accordance with the Discovery Protocol that we sent to the parties on December 21, 2018. In accordance with that Protocol, please produce native versions of the documents where possible with appropriate identifying Bates numbers. For any materials you believe to be subject to the attorney-client privilege or work product doctrine, please clearly identify those materials in a manner consistent with the Protocol.

Finally, please describe the search methodology you utilized to obtain responsive documents. To the extent you have limited your search to particular custodians, please identify those custodians.

If there are additional documents and/or communications that CDCR believes are relevant to the seven categories of inquiry, please do not hesitate to provide them to our team. I will likely issue additional document requests throughout the course of this inquiry as they become necessary. Your anticipated cooperation is much appreciated.

# GIBSON DUNN

Adriano Hrvatin, Esq.
January 15, 2019
Page 4

If you have any questions regarding this document request or the production of documents
responsive to it, please contact Emma Strong or Andrew Paulson.

Sincerely,

*Chuck Stevens / AJP*

Charles J. Stevens

CJS/ajp


cc: Cara E. Trapani

# EXHIBIT B

**XAVIER BECERRA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public: (415) 510-4400
Telephone: (415) 510-3577
Facsimile: (415) 703-5843
E-Mail: Adriano.Hrvatin@doj.ca.gov

January 18, 2019

*By Email*

Emma Strong, Esq.
Andrew Paulson, Esq.
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211

RE:    *Coleman, et al. v. Newsom, et al.*
       U.S. District Court, Eastern District of California, Case No. 2:90-cv-0520 KJM DB

Dear Counsel:

This concerns Mr. Stevens's January 15, 2019 letter requesting that defendants produce documents in response to nineteen requests for information by February 5, 2019. Based on our initial review, documents responsive to some of the requests are readily identifiable and can be produced in short order. Other requests, however, require either broad-based electronic and hard-copy file searches, are overbroad, or are objectionable because they seek privileged information. This letter addresses these issues in the context of each category of requested information, which we hope will provide a framework for further discussion between our respective teams.

CDCR will produce documents responsive to request numbers 1, 2, 4, 6, 9-13, and 17, which we will provide on a rolling basis as soon as possible.

Request numbers 5, 7, and 8, which seek "[a]ny communications related to" various topics, appear to be limited in scope by the period of time and/or subject matter implicated by the request. So that we identify the appropriate universe of documents called for by these requests, we would like to confer with you and agree upon proposed search terms before CDCR begins running searches through its records for potentially responsive information. Given the work defendants anticipate will be required to search for, identify, and review documents related to these requests, we do not expect to complete this particular component of defendants' production by the expert's February 5 deadline.

Request numbers 3, 14-16, and 18-19 separately present a variety of issues.

Emma Strong, Esq.
Andrew Paulson, Esq.
January 18, 2019
Page 2

- Request number 3 seeks "all CDCR data governance policies in effect between January 1, 2016 and the present relating to the authorization of CDCR employees to access and use CDCR data." Because CDCR does not use the term "data governance policies" to refer to any particular policy or practice regarding data, we would like to meet and confer with you about this request.

- Request number 14 seeks "[a]ny communications with the Special Master, any member of the monitoring team, and/or Plaintiffs related to the 'Timely Psychiatry Contacts,' 'Appointments Seen as Scheduled,' 'Treatment Cancelled,' 'Treatment Refused,' and/or 'Timely MH Referrals' indicators and/or the related business rules." This request is overbroad because the term "communication" is undefined. For example, CDCR has uploaded thousands of reports to file transfer protocol servers over the years which may contain some of the referenced indicators. The reports, however, do not provide substantive information regarding the methodology used to collect the data or generate any particular indicator. Further, the request is not limited to any specific time period or custodians, and therefore will encompass potentially hundreds of custodians, almost all of whom would have no particular knowledge of or authority over CDCR's data systems. We would like to meet and confer with you about the scope of this request.

- Request number 15 seeks communications "related to CDCR's decision to include data from the 'Appointments Seen as Scheduled' indicator in CDCR's draft proposed staffing plan adjustments that was later filed with the Court as an exhibit to the June 21, 2018 status report." This request is overbroad because the term "communication" is undefined. This request is also objectionable because it seeks "communications involving CDCR employees and counsel for CDCR," which implicates the attorney-client privilege and attorney work-product doctrine. We would like to meet and confer with you about the scope of this request.

- Request number 16 seeks communications with the Special Master, any member of the monitoring team, and/or Plaintiffs regarding CDCR's interpretation of the term "monthly," as that term is used in the Program Guide. This request is unlimited in time and thus overbroad. The Program Guide has been in place for several decades and a number of modifications to it have been negotiated over the years. During that time, potentially hundreds of people have discussed the meaning of the term "monthly" with the Special Master and members of his monitoring team or Plaintiffs, and in many different contexts. Moreover, a search for documents potentially responsive to this request as written could return thousands of documents unrelated to Dr. Golding's allegations simply because they contain the term "monthly." We expect a meet and confer will help us understand the scope of this request in relation to Dr. Golding's allegations.

- Request number 18 seeks "[a]ny communications by or between the following individuals that relate to any of the seven categories of inquiry articulated in the

Emma Strong, Esq.
Andrew Paulson, Esq.
January 18, 2019
Page 3

Court's December 14, 2018 order appointing me as neutral expert: Dr. Michael Golding, Dr. Melanie Gonzalez, ████████████████████████, and any counsel for CDCR." The undefined term "relate to" in this context renders the request overbroad. For instance, would a general discussion involving one or more of the individuals identified concerning the scheduling of psychiatry visits "relate to" the "Timely Psychiatry Contacts" indicator, even if they do not specifically discuss the indicator? The seven categories of inquiry involve issues concerning psychiatric visits, group treatments, mental health referrals, appointment scheduling, and other areas that collectively form a substantial portion of the overall work performed by CDCR's mental health program. The request is further vague as to time. Without clarifying and narrowing this request, any search is likely to result in hundreds of thousands of "communications" of tangential importance to the neutral expert's investigation. This request is further objectionable because it calls for communications with "any counsel for CDCR," which are protected by the attorney-client privilege and attorney work-product doctrine. We would like to meet and confer with you to discuss these issues so CDCR can provide the neutral team with information relevant to its investigation.

- Request number 19 seeks "[a]ll documents, including emails, referencing or relating to the question of how to interpret and/or apply the Program Guide provisions that relate to the seven categories of inquiry articulated in the Court's December 14, 2018 order appointing me as neutral expert." As with request number 18, the scope of this request implicates a substantial portion of the work performed by CDCR's mental health system on a daily basis. This request is also unbounded as to time and custodian. Hundreds of clinicians within CDCR's health system interpret the Program Guide every day to perform their work. As drafted, CDCR also cannot practically define what kind of communication "references or relates to the question of how to interpret and/or apply" the Program Guide. For instance, a social worker's entry into CDCR's Electronic Health Record System scheduling an appointment per a Program Guide requirement would "relate" to the question of how to apply the Program Guide, but that is not information relevant to Dr. Golding's allegations. We would like to meet and confer with you to better understand what type of information the neutral team contemplates receiving in response to this request.

Defendants are committed to providing the neutral's team with information that will assist its analysis of Dr. Golding's allegations. Accordingly, where CDCR has identified documents responsive to Mr. Stevens's January 15 letter, CDCR will collect and produce those documents on a rolling basis. We otherwise request a conference call between our respective teams to discuss several requests for the reasons identified above. Defendants do not waive any applicable objection by proposing this meet-and-confer session—instead, we hope that a discussion with your team will allow CDCR to provide a more focused and helpful production.

Emma Strong, Esq.
Andrew Paulson, Esq.
January 18, 2019
Page 4

       I look forward to hearing from you.  Thank you for your time and attention.

               Sincerely,

               /s/ Adriano Hrvatin

               ADRIANO HRVATIN
               Supervising Deputy Attorney General

      For:   XAVIER BECERRA
           Attorney General

CF1997CS0003
42106757.doc

# EXHIBIT C

**Tobias Snyder**

| | |
|---|---|
| **From:** | Tobias Snyder |
| **Sent:** | Wednesday, January 23, 2019 12:25 PM |
| **To:** | 'APaulson@gibsondunn.com'; 'EStrong@gibsondunn.com' |
| **Cc:** | Adriano Hrvatin |
| **Subject:** | Coleman:  letter following January 22, 2019 meet-and-confer session |
| | |
| **ProfiledItem:** | true |

Andrew and Emma,

Thank you for taking the time to speak with us yesterday regarding the neutral expert's January 15, 2019 document requests.  We found the conversation very helpful, particularly as CDCR raised various issues regarding the scope and purpose of several requests.  I write to confirm the takeaways from our conversation.

First, you agreed to accept CDCR's document production on a rolling basis, as CDCR searches for and identifies responsive documents.  CDCR intends to begin its rolling production this week.

Second, you clarified that the term "communications" as used in the expert's requests is meant to refer to email communications and formal written materials, such as letters or memoranda.  We understand that your team may expand the scope of the term and seek additional forms of information based upon your further investigation.

Third, you agreed with our proposal to submit proposed search terms, date ranges, and custodians to you by this Friday, January 25, to address request numbers 5, 7, 8, 14, 15, and 16.

Fourth, you stated that request number 3 concerning "data governance policies" focused on information your team received during Dr. Leidner's January 10, 2019 presentation.  You clarified that the request seeks any policy regarding how individuals are allowed access to CDCR's data warehouse to run queries using the performance report.

Fifth, you stated that the Court's appointment orders allow the neutral expert to request materials protected by the attorney-client privilege and attorney work-product doctrine, and that Defendants are required to disclose such materials.  Even though you described a process for the production of privileged materials, Defendants at this time object to any such disclosure.  The expert's January 15 requests included two requests (numbers 15 and 18) that specifically called for privileged information.  We stated our respective positions on this issue but otherwise did not reach agreement during our call.

Sixth, CDCR counsel Nick Weber proposed that CDCR provide further informative briefings to the neutral's team to better provide certain information sought through the expert's discovery requests.  I understand that our office has taken steps to coordinate with you a meeting to discuss CDCR's mental-health staffing plan and related proposal.

Finally, you stated that request numbers 18 and 19 were intended as catch-all requests to allow CDCR to provide any additional documents that they believe would be relevant or that the neutral expert should consider, if such documents are not captured by the other requests.  With that clarification, CDCR (as it has since the neutral's appointment) will continue to evaluate the information in its possession that would best assist the neutral team analyze the areas of inquiry set forth in the Court's appointment orders.

Thank you, and we look forward to working with you to address these discovery issues amicably and efficiently.

Best,

**Tobias G. Snyder**
Deputy Attorney General
California Department of Justice | Correctional Law Section
455 Golden Gate Ave., Ste 11000
San Francisco, CA 94102
Office: (415) 510-4426 | Fax: (415) 703-5480

# EXHIBIT D

**Tobias Snyder**

| | |
|---|---|
| **From:** | Paulson, Andrew <APaulson@gibsondunn.com> |
| **Sent:** | Wednesday, January 23, 2019 8:53 PM |
| **To:** | Tobias Snyder; Strong, Emma M. |
| **Cc:** | Adriano Hrvatin |
| **Subject:** | RE: Coleman:  letter following January 22, 2019 meet-and-confer session |

Thanks, Tobias.  It was great to speak with you yesterday as well.

The only thing I have to add to your summary is that although Requests 15 and 18 specifically call for the production of potentially attorney-client privileged documents and/or work product, other requests that do not explicitly request these types of documents may nonetheless call for the production of responsive materials that are subject to the attorney-client privilege or work product doctrine.  I understand CDCR's position with respect to this issue, but we request that CDCR produce these materials as well.

Feel free to give me a call if you have any questions or would like to discuss this some more.

Best,

Andrew


**Andrew Paulson**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
1881 Page Mill Road, Palo Alto, CA 94304-1211
Tel +1 650.849.5214 • Fax +1 650.849.5014
APaulson@gibsondunn.com • www.gibsondunn.com

---

**From:** Tobias Snyder <Tobias.Snyder@doj.ca.gov>
**Sent:** Wednesday, January 23, 2019 12:25 PM
**To:** Paulson, Andrew <APaulson@gibsondunn.com>; Strong, Emma M. <EStrong@gibsondunn.com>
**Cc:** Adriano Hrvatin <Adriano.Hrvatin@doj.ca.gov>
**Subject:** Coleman: letter following January 22, 2019 meet-and-confer session

[External Email]
Andrew and Emma,

Thank you for taking the time to speak with us yesterday regarding the neutral expert's January 15, 2019 document requests.  We found the conversation very helpful, particularly as CDCR raised various issues regarding the scope and purpose of several requests.  I write to confirm the takeaways from our conversation.

First, you agreed to accept CDCR's document production on a rolling basis, as CDCR searches for and identifies responsive documents.  CDCR intends to begin its rolling production this week.

Second, you clarified that the term "communications" as used in the expert's requests is meant to refer to email communications and formal written materials, such as letters or memoranda. We understand that your team may expand the scope of the term and seek additional forms of information based upon your further investigation.

Third, you agreed with our proposal to submit proposed search terms, date ranges, and custodians to you by this Friday, January 25, to address request numbers 5, 7, 8, 14, 15, and 16.

Fourth, you stated that request number 3 concerning "data governance policies" focused on information your team received during Dr. Leidner's January 10, 2019 presentation. You clarified that the request seeks any policy regarding how individuals are allowed access to CDCR's data warehouse to run queries using the performance report.

Fifth, you stated that the Court's appointment orders allow the neutral expert to request materials protected by the attorney-client privilege and attorney work-product doctrine, and that Defendants are required to disclose such materials. Even though you described a process for the production of privileged materials, Defendants at this time object to any such disclosure. The expert's January 15 requests included two requests (numbers 15 and 18) that specifically called for privileged information. We stated our respective positions on this issue but otherwise did not reach agreement during our call.

Sixth, CDCR counsel Nick Weber proposed that CDCR provide further informative briefings to the neutral's team to better provide certain information sought through the expert's discovery requests. I understand that our office has taken steps to coordinate with you a meeting to discuss CDCR's mental-health staffing plan and related proposal.

Finally, you stated that request numbers 18 and 19 were intended as catch-all requests to allow CDCR to provide any additional documents that they believe would be relevant or that the neutral expert should consider, if such documents are not captured by the other requests. With that clarification, CDCR (as it has since the neutral's appointment) will continue to evaluate the information in its possession that would best assist the neutral team analyze the areas of inquiry set forth in the Court's appointment orders.

Thank you, and we look forward to working with you to address these discovery issues amicably and efficiently.

Best,


**Tobias G. Snyder**
Deputy Attorney General
California Department of Justice | Correctional Law Section
455 Golden Gate Ave., Ste 11000
San Francisco, CA 94102
Office: (415) 510-4426 | Fax: (415) 703-5480


CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

---

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

# EXHIBIT E

**XAVIER BECERRA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public: (415) 510-4400
Telephone: (415) 510-3577
Facsimile: (415) 703-5843
E-Mail: Adriano.Hrvatin@doj.ca.gov

January 25, 2019

*By Email*

Emma Strong, Esq.
Andrew Paulson, Esq.
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211

RE:    *Coleman, et al. v. Newsom, et al.*
       U.S. District Court, Eastern District of California, Case No. 2:90-cv-0520 KJM DB

Dear Counsel:

Further to our January 22, 2019 meet-and-confer session regarding the neutral expert's January 15, 2019 letter requesting documents, this letter sets forth the search terms, custodians, and date ranges that the California Department of Corrections and Rehabilitation (CDCR) will apply to locate documents responsive to several document requests. These parameters apply specifically to request numbers 5, 7, 8, and 14-16, as follows.

**_Request No. 5:_** Any communications or documents related to Dr. Golding's request that Dr. Gonzalez be permitted access to run *ad hoc* queries in the CDCR data warehouse.

Search Terms:

- Melanie AND adhoc
- Melanie AND adhoc AND QM
- Melanie AND "ad hoc"
- Melanie AND query AND "performance report"
- Melanie AND "ad hoc" AND QM
- Gonzalez AND adhoc
- Gonzalez AND "ad hoc"
- Gonzalez AND query AND "performance report"
- Gonzalez AND adhoc AND QM
- Gonzalez AND "ad hoc" AND QM

Emma Strong, Esq.
Andrew Paulson, Esq.
January 25, 2019
Page 2

Custodians:  Michael Golding; Melanie Gonzalez; ███████████████████
███████████████████████ .

Recipients:  Any.

Date Range:  June 1, 2017 to present.

**_Request No. 7:_**  Any communications related to CDCR's decision to change the
requirement for routine psychiatric contacts from once every 30 days to once every
calendar month, not to exceed 45 days.

Search Terms:

- Psychiatr* AND "EOP" AND "30 days" AND "45 days"
- Psychiatr* AND "EOP" AND "monthly" AND "45 days"
- Psychiatr* AND "EOP" AND "calendar month"
- Psychiatr* AND "EOP" AND "calendar month" AND "45 days"
- Psychiatr* AND "EOP" AND "30 days" AND "45 days" AND "contact"
- Psychiatr* AND "EOP" AND "monthly" AND "45 days" AND "contact"
- Psychiatr* AND "EOP" AND "calendar month" AND "contact"
- Psychiatr* AND "EOP" AND "calendar month" AND "45 days" AND "contact"
- "ML EOP Psychiatry Rule Change Proposition"
- "New EOP compliance rules"
- MHMD AND "EOP" AND "30 days" AND "45 days"
- MHMD AND "EOP" AND "monthly" AND "45 days"
- MHMD AND "EOP" AND "calendar month"
- MHMD AND "EOP" AND "calendar month" AND "45 days"
- MHMD AND "EOP" AND "30 days" AND "45 days" AND "contact"
- MHMD AND "EOP" AND "monthly" AND "45 days" AND "contact"
- MHMD AND "EOP" AND "calendar month" AND "contact"
- MHMD AND "EOP" AND "calendar month" AND "45 days" AND "contact"

Custodians:  ████████████████████ ; Michael Golding; ████████████
████████████████████████ ; CDCR MHPolicyUnit@cdcr.ca.gov; Melanie
Gonzalez; ████████████████████████████ .

Recipients:  Any.

Date Range:  January 1, 2016 to June 31, 2017.

Emma Strong, Esq.
Andrew Paulson, Esq.
January 25, 2019
Page 3

**Request No. 8:**  Any communications related to the CDCR's decision in April 2017 to change the requirement for routine psychiatric contacts from once every calendar month, not to exceed 45 days, back to every 30 days.

Search Terms:

- Psychiatr* AND "EOP" AND "30 days" AND "45 days"
- Psychiatr* AND "EOP" AND "monthly" AND "45 days"
- Psychiatr* AND "EOP" AND "calendar month"
- Psychiatr* AND "EOP" AND "calendar month" AND "45 days"
- Psychiatr* AND "EOP" AND "30 days" AND "45 days" AND "contact"
- Psychiatr* AND "EOP" AND "monthly" AND "45 days" AND "contact"
- Psychiatr* AND "EOP" AND "calendar month" AND "contact"
- Psychiatr* AND "EOP" AND "calendar month" AND "45 days" AND "contact"
- "ML EOP Psychiatry Rule Change Proposition"
- "New EOP compliance rules"
- MHMD AND "EOP" AND "30 days" AND "45 days"
- MHMD AND "EOP" AND "monthly" AND "45 days"
- MHMD AND "EOP" AND "calendar month"
- MHMD AND "EOP" AND "calendar month" AND "45 days"
- MHMD AND "EOP" AND "30 days" AND "45 days" AND "contact"
- MHMD AND "EOP" AND "monthly" AND "45 days" AND "contact"
- MHMD AND "EOP" AND "calendar month" AND "contact"
- MHMD AND "EOP" AND "calendar month" AND "45 days" AND "contact"

Custodians:  ███████████████████; Michael Golding; ███████████ ███████████████████; CDCR MHPolicyUnit@cdcr.ca.gov; Melanie Gonzalez; ███████████████████████████████.

Recipients:  Any.

Date Range:  February 1, 2017 to May 31, 2017.

**Request No. 14:**  Any communications with the Special Master, any member of the monitoring team, and/or Plaintiffs related to the "Timely Psychiatry Contacts," "Appointments Seen as Scheduled," "Treatment Cancelled," "Treatment Refused," and/or "Timely MH Referrals" indicators and/or the related business rules.

Search Terms:

- "Timely Psychiatry Contact*"
- Complian* NEAR (7) "psychiatry contact*"
- "Appointments Seen as Scheduled"

Emma Strong, Esq.
Andrew Paulson, Esq.
January 25, 2019
Page 4

- "Appointments Occur* as Scheduled"
- "Treatment Cancelled"
- "Cancelled Treatment"
- "Treatment Refused"
- "Refused treatment"
- "Timely mental health Referrals"
- "hub cert*"
- CQI AND Report*
- CQIT AND Report*

Custodians:  Michael Golding; Melanie Gonzalez; ████████████████████████████████; Nick Weber; ████████████████; Melissa Bentz; ████████████████.

Recipients:  Angie Cooper <acooper@pldolaw.com>; Cindy Radavsky (cradavsky@gmail.com); Henry Dlugacz (HDlugacz@BLHNY.com); Jeffrey Metzner (jeffrey.metzner@ucdenver.edu); Karen Rea <karenrea01@gmail.com>; Kerry C. Hughes, M.D. (dockc99@aol.com); Kerry Walsh (kwalsh@pldolaw.com); Kristina Hector (khector@pldolaw.com); L Hayes <lhayesta@msn.com>; L. McClendon-Hunt <lmcclendonhunt@pldolaw.com>; Maria Masotta <maria@drmariamasotta.com>; Matty Lopes (mlopes@pldolaw.com); Mohamedu Jones (mjones@pldolaw.com); mperrien@aol.com; Patricia Williams <harconwil@aol.com>; Rachel Gribbin <rgribbin@pldolaw.com>; Regina Costa (rcosta@pldolaw.com); rod@roderickqhickman.com; Roxie Dunbar <rdunbar@pldolaw.com>; Steve Raffa (sraffa@pldolaw.com); Tim Rougeux (trougeux@hotmail.com); Holden Linda E. (LHolden@pldw.com); AGourse@rbgg.com; JWinter@rbgg.com; tnolan@rbgg.com; ells@rbgg.com; mbien@rbgg.com; jkahn@rbgg.com; kstone-manista@rbgg.com; mnunez@rbgg.com; sfama@prisonlaw.com; JYelin@rbgg.com; ctrapani@rbgg.com; MShinn-Krantz@rbgg.com; mmendelson@prisonlaw.com; MMendelson@rbgg.com; CCenter@las-elc.org; AFischer@rbgg.com; JStark@rbgg.com.

Date Range:  January 1, 2013 to present.

**Request No. 15**:  Any communications related to CDCR's decision to include data from the "Appointments Seen as Scheduled" indicator in CDCR's draft proposed staffing plan adjustments that was later filed with the Court as an exhibit to the June 21, 2018 status report, as referred to in CDCR's Comments on the Court's Proposed Order of Appointment (ECF No. 6012 at 15:18-23). This includes communications involving CDCR employees and counsel for CDCR.

Emma Strong, Esq.
Andrew Paulson, Esq.
January 25, 2019
Page 5

Search Terms:

- "Draft Mental Health Staffing Proposal" AND "Appointments occur* as schedul*"
- "Adjust psychiatry staffing ratios" AND "Appointments occur* as schedul*"
- "Draft Mental Health Staffing Proposal" AND "Appointments Seen as Schedul*"
- "Adjust psychiatry staffing ratios" AND ""Appointments Seen as Schedul*"
- "Draft Mental Health Staffing Proposal" AND "Desert*" AND "data"
- "Adjust psychiatry staffing ratios" AND "Desert*" AND "data"

Custodians: ███████████; Nick Weber; Melissa Bentz; █████████████
████████████████████; Michael Golding; ████████████; Melanie Gonzalez.

Recipients:  Any.

Date Range:  May 1, 2018 to May 17, 2018.

***Request No. 16:***  Any communications with the Special Master, any member of the monitoring team, and/or Plaintiffs regarding CDCR's interpretation of the term "monthly" as that term is used in the Program Guide.

Search Terms:

- "Enhanced Outpatient Program" AND monthly AND "Program Guide" AND "psychiatr* contact"
- "Enhanced Outpatient Program" AND monthly AND "Program Guide" AND "psychiatr* session"
- "Enhanced Outpatient Program" AND "30 days" AND "Program Guide" AND "psychiatr* contact"
- "Enhanced Outpatient Program" AND "30 days" AND "Program Guide" AND "psychiatr* session"
- "Enhanced Outpatient Program" AND "thirty days" AND "Program Guide" AND "psychiatr* contact"
- "Enhanced Outpatient Program" AND "thirty days" AND "Program Guide" AND "psychiatr* session"
- "EOP" AND monthly AND "Program Guide" AND "psychiatr* session"
- "EOP" AND monthly AND "Program Guide" AND "psychiatr* contact"
- "EOP" AND "30 days" AND "Program Guide" AND "psychiatr* session"
- "EOP" AND "30 days" AND "Program Guide" AND "psychiatr* contact"
- "EOP" AND "thirty days" AND "Program Guide" AND "psychiatr* session"
- "EOP" AND "thirty days" AND "Program Guide" AND "psychiatr* contact"
- "12-4-9" AND "Program Guide" AND monthly
- "12-4-9" AND "Program Guide" AND "30 days"

Emma Strong, Esq.
Andrew Paulson, Esq.
January 25, 2019
Page 6

- "12-4-9" AND "Program Guide" AND "thirty days"
- "Chapter 4" AND "Program Guide" AND monthly
- "Chapter 4" AND "Program Guide" AND "30 days"
- "Chapter 4" AND "Program Guide" AND "thirty days"
- "Chapter four" AND "Program Guide" AND monthly
- "Chapter four" AND "Program Guide" AND "30 days"
- "Chapter four" AND "Program Guide" AND "thirty days"
- "Enhanced Outpatient Program" AND monthly AND "PG" AND "psychiatr* contact"
- "Enhanced Outpatient Program" AND monthly AND "PG" AND "psychiatr* session"
- "Enhanced Outpatient Program" AND "30 days" AND "PG" AND "psychiatr* contact"
- "Enhanced Outpatient Program" AND "30 days" AND "PG" AND "psychiatr* session"
- "Enhanced Outpatient Program" AND "thirty days" AND "PG" AND "psychiatr* contact"
- "Enhanced Outpatient Program" AND "thirty days" AND "PG" AND "psychiatr* session"
- "EOP" AND monthly AND "PG" AND "psychiatr* session"
- "EOP" AND monthly AND "PG" AND "psychiatr* contact"
- "EOP" AND "30 days" AND "PG" AND "psychiatr* session"
- "EOP" AND "30 days" AND "PG" AND "psychiatr* contact"
- "EOP" AND "thirty days" AND "PG" AND "psychiatr* session"
- "EOP" AND "thirty days" AND "PG" AND "psychiatr* contact"
- "12-4-9" AND "PG" AND monthly
- "12-4-9" AND "PG" AND "30 days"
- "12-4-9" AND "PG" AND "thirty days"
- "Chapter 4" AND "PG" AND monthly
- "Chapter 4" AND "PG" AND "30 days"
- "Chapter 4" AND "PG" AND "thirty days"
- "Chapter four" AND "PG" AND monthly
- "Chapter four" AND "PG" AND "30 days"
- "Chapter four" AND "PG" AND "thirty days"

<u>Custodians</u>:  Michael Golding; Melanie Gonzalez; ███████████████; Nick Weber; █████████████████████████████; Melissa Bentz; ██████████████████████.

<u>Recipients</u>:  Angie Cooper <acooper@pldolaw.com>; Cindy Radavsky (cradavsky@gmail.com); Henry Dlugacz (HDlugacz@BLHNY.com); Jeffrey Metzner (jeffrey.metzner@ucdenver.edu); Karen Rea <karenrea01@gmail.com>; Kerry C. Hughes, M.D. (dockc99@aol.com); Kerry Walsh (kwalsh@pldolaw.com);

Emma Strong, Esq.
Andrew Paulson, Esq.
January 25, 2019
Page 7

      Kristina Hector (khector@pldolaw.com); L Hayes <lhayesta@msn.com>; L.
McClendon-Hunt <lmcclendonhunt@pldolaw.com>; Maria Masotta
<maria@drmariamasotta.com>; Matty Lopes (mlopes@pldolaw.com); Mohamedu
Jones (mjones@pldolaw.com); mperrien@aol.com; Patricia Williams
<harconwil@aol.com>; Rachel Gribbin <rgribbin@pldolaw.com>; Regina Costa
(rcosta@pldolaw.com); rod@roderickqhickman.com; Roxie Dunbar
<rdunbar@pldolaw.com>; Steve Raffa (sraffa@pldolaw.com); Tim Rougeux
(trougeux@hotmail.com); Holden Linda E. (LHolden@pldw.com);
AGourse@rbgg.com; JWinter@rbgg.com; tnolan@rbgg.com; ells@rbgg.com;
mbien@rbgg.com; jkahn@rbgg.com; kstone-manista@rbgg.com;
mnunez@rbgg.com; sfama@prisonlaw.com; JYelin@rbgg.com;
ctrapani@rbgg.com; MShinn-Krantz@rbgg.com; mmendelson@prisonlaw.com;
MMendelson@rbgg.com; CCenter@las-elc.org; AFischer@rbgg.com;
JStark@rbgg.com.

*     *     *

      Please let us know at your earliest convenience if you have any questions or concerns
regarding these search parameters. Although we indicated, given the breadth of the neutral's
document requests, that CDCR cannot meet the neutral's February 5, 2019 production deadline,
CDCR intends to apply these criteria immediately to collect documents and produce responsive
material on a rolling basis. Please also note that while CDCR has identified counsel as
custodians in connection with certain requests, CDCR continues to object to the production of
documents protected by the attorney-client privilege or attorney work-product doctrine, and
CDCR does not waive these protections by identifying those custodians.

      Finally, CDCR is considering similar parameters to locate and produce documents in
response to request numbers 18 and 19. When we conferred on January 22, 2019, you confirmed
that the neutral drafted these two requests to give CDCR the opportunity to produce information
not covered by other requests that CDCR believes would otherwise help your team evaluate Dr.
Golding's allegations. CDCR will conduct that analysis after CDCR runs its initial searches for
responsive documents to address any gaps in the production.

      Thank you for your continued cooperation in this matter.

                    Sincerely,

                    /s/ Adriano Hrvatin

                    ADRIANO HRVATIN
                    Supervising Deputy Attorney General

           For    XAVIER BECERRA
                    Attorney General

# EXHIBIT F

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel 650.849.5300
www.gibsondunn.com

Andrew Paulson
Direct: +1 650.849.5214
Fax: +1 650.849.5014
APaulson@gibsondunn.com

January 30, 2019


VIA ELECTRONIC MAIL

Adriano Hrvatin
Supervising Deputy Attorney General
California Department of Justice
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102

Re:    *Coleman v. Newsom*, Neutral Expert's January 15, 2019 Initial Discovery Request to
       CDCR

Dear Adriano:

Thank you for your January 25, 2019 letter articulating the search terms, custodians, and date
ranges that CDCR intends to utilize in its search for documents responsive to the neutral
expert's January 15, 2019 discovery requests.  Below are additional proposed search terms,
custodians, and date ranges that we would like you to utilize in your search for documents.
Please note that these are not exhaustive.  As we discussed in our January 22nd meet-and-
confer, we hope that CDCR will interview potential custodians to collect relevant documents
that may not otherwise be captured by the search terms.

**Request No. 5**

*Additional Search Terms*

·    Melanie AND quer* AND "performance report"
·    Melanie AND quer* AND "performance reports"
·    Melanie AND quer* AND warehouse
·    Melanie AND "run search" AND "performance report"
·    Melanie AND "run search" AND "performance reports"
·    Gonzalez AND quer* AND "performance report"
·    Gonzalez AND quer* AND "performance reports"
·    Gonzalez AND quer* AND warehouse
·    Gonzalez AND "run search" AND "performance report"
·    Gonzalez AND "run search" AND "performance reports"

**GIBSON DUNN**

Adriano Hrvatin
January 30, 2019
Page 2

*Revised Date Range*:  December 1, 2016 to present

## <u>Request No. 7</u>

*Additional Search Terms*

- Psychiatr* AND EOP AND mont* AND "30 days"
- Psychiatr* AND EOP AND mont* AND "45 days"
- MHMD AND EOP AND mont* AND "30 days"
- MHMD AND EOP AND mont* AND "45 days"

*Additional Custodians*

- ████████████
- ████████████
- ████████████
- ████████████
- Elise Thorn
- Nicholas Weber
- Melissa Bentz

*Revised Date Range:*  January 1, 2016 to present

## <u>Request No. 14</u>

*Additional Search Terms*

- "Timely MH Referral"
- "Timely MH Referrals"

*Additional Custodians*

- Elise Thorn
- ████████████
- ████████████

**GIBSON DUNN**

Adriano Hrvatin
January 30, 2019
Page 3

## Request No. 15

*Additional Search Terms*

- Staffing AND rati* AND appointmen* NEAR (3) schedul*
- Staffing AND proposa* AND appointmen* NEAR (3) schedul*

*Additional Custodians*

- Elise Thorn
- Andrew Gibson

*Revised Date Range:* January 1, 2018 to June 21, 2018

## Request No. 16

*Additional Search Terms*

- "Enhanced Outpatient Program" AND monthly AND "Program Guide" AND Psyc* NEAR (3) eval*
- "EOP" AND monthly AND "Program Guide" AND Psyc* NEAR (3) eval*
- "Enhanced Outpatient Program" AND monthly AND "PG" AND Psyc* NEAR (3) eval*
- "EOP" AND monthly AND "PG" AND Psyc* NEAR (3) eval*
- "Enhanced Outpatient Program" AND "30 days" AND "PG" AND Psyc* NEAR (3) eval*
- "EOP" AND "30 days" AND "PG" AND Psyc* NEAR (3) eval*
- "Enhanced Outpatient Program" AND "thirty days" AND "PG" AND Psyc* NEAR (3) eval*
- "EOP" AND "thirty days" AND "PG" AND Psyc* NEAR (3) eval*

*Additional Custodians*

- Elise Thorn

We understand based on your January 25th letter that although you plan to run these search terms on custodians who are counsel for CDCR, you intend to assert the attorney-client privilege and/or attorney work product doctrine to withhold otherwise responsive documents. As we stated during our January 22nd meet-and-confer, we believe the Court's order

GIBSON DUNN

Adriano Hrvatin
January 30, 2019
Page 4


appointing the neutral expert authorized us to obtain these types of materials.  To the extent
you assert attorney-client privilege and/or attorney work product doctrine to justify
withholding any document, please provide us a copy of a privilege log that describes the
document with sufficient detail for us to evaluate the privilege, including the date of the
document, the sender/creator, recipient, a description of the document, and the basis for your
withholding it.

Finally, you indicated that CDCR would not be able to meet the February 5 production
deadline.  Please provide us an estimate of when you anticipate completing the production.

Thank you very much for your anticipated cooperation.  As always, please feel free to
contact me or Emma Strong if you have any questions or would like to discuss this in more
detail.

Sincerely,

Andrew Paulson

AJP/ajp

# EXHIBIT G

| From: | Paulson, Andrew |
| --- | --- |
| To: | Adriano Hrvatin |
| Cc: | Strong, Emma M. |
| Subject: | Coleman v. Newson: Scheduling of Upcoming CDCR Witnesses |
| Date: | Monday, February 11, 2019 3:53:32 PM |

Dear Adriano,

Following up on our conversation last Friday, below are our proposed dates for the interviews of the remaining CDCR witnesses. For the witnesses that are scheduled on the same day, we anticipate interviewing them for approximately four hours each—one in the morning and one in the afternoon. For ███████ and ███████, we request that they set aside the entire day for the interview. We may not ultimately require a full eight hours for their interviews, but it would probably be prudent to plan for that just in case.



- February 20 – ███████
- February 21 – ███████
- February 22 – ███████
- February 28 – ███████
- March 1 – ███████
- March 7 – Elise Thorn and Tobias Snyder
- March 8 – Melissa Bentz and Nick Weber

Except for Mr. Snyder and Ms. Thorn, we plan to conduct all of the interviews at CDCR in Sacramento, unless there is another location that is more convenient for the witnesses. We plan to conduct Mr. Snyder's interview at DOJ in San Francisco and Ms. Thorn's interview at the Office of the Attorney General in Sacramento.

Please let me know if these dates work for the witnesses. Do not hesitate to contact me if you have any questions.

Best,

Andrew

**Andrew Paulson**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1881 Page Mill Road, Palo Alto, CA 94304-1211
Tel +1 650.849.5214 • Fax +1 650.849.5014
APaulson@gibsondunn.com • www.gibsondunn.com

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.