DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

CLAUDIA CENTER – 158255
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111-4805
Telephone: (415) 621-2493

MICHAEL W. BIEN – 096891
JEFFREY L. BORNSTEIN – 099358
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LISA ELLS – 243657
JENNY S. YELIN – 273601
MICHAEL S. NUNEZ – 280535
JESSICA WINTER – 294237
MARC J. SHINN-KRANTZ – 312968
CARA E. TRAPANI – 313411
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>GAVIN NEWSOM, et al.,<br><br>　　　　Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DEPOSIT FUNDS WITH THE COURT PENDING APPEAL AND REQUEST FOR EXTENSION OF TIME**<br><br>Judge: Hon. Deborah Barnes<br>Date: February 22, 2019<br>Time: 10:00 a.m.<br>Crtrm.: 27, 8th Floor |

1    Defendants' motion to deposit funds with the court pending appeal, ECF No. 6089,
2 is unsupported by Federal Rule of Civil Procedure 67 and unwarranted by the procedural
3 context at issue here.  The Court should deny the motion.
4    "The core purpose of Rule 67 is to relieve a party who holds a contested fund from
5 responsibility for disbursement of that fund among those claiming some entitlement
6 thereto." *Alstom Caribe, Inc. v. George P. Reintjes Co., Inc.*, 484 F.3d 106, 113 (1st Cir.
7 2007); *Fulton Dental, LLC v. Bisco, Inc.*, 860 F.3d 541, 545 (7th Cir. 2017) (same).  Most
8 often, Rule 67 arises "in cases of interpleader and of tender of an undisputed sum." *See*
9 Wright & Miller, 12 Fed. Prac. & Proc. Civ. § 2991 (3d ed. Nov. 2018); *see also Bank of*
10 *China v. Wells Fargo Bank & Union Trust Co.*, 209 F.2d 467, 473 (9th Cir. 1953) (finding
11 applicability of Rule 67 in dispute between Chinese government groups over deposit of
12 Bank of China in American bank, and counseling that "Wells Fargo could have …
13 requested the court's permission to deposit the money into the registry of the court
14 pursuant to Rule 67").  None of these contexts apply here, and Defendants' request to
15 deposit funds with the Court should be denied.
16    This is not a case of interpleader, nor do Defendants seek to relieve themselves
17 from responsibility for dispersing a contested fund.  Rather, Defendants seek to use Rule
18 67 to skirt the Court's orders to fund the neutral expert's investigation, contending that the
19 deposit-in-court procedure is justified because "[t]he Court has identified no mechanism
20 for clawing back any State payments later found to be improper." ECF No. 6089 at 3.
21 Defendants' attempted use of Rule 67 in this manner is improper.  In the highly unlikely
22 event that some or all of the payments made to the neural expert are held to be "improper,"
23 the neutral expert and his law firm are available to Defendants here in Sacramento to seek
24 a refund.
25    Defendants did not move for a stay of the neutral expert's investigation pending
26 their appeal of the Court's order of appointment.  Nor did Defendants request that their
27 appeal be expedited.  Requests to deposit funds absent a stay pending appeal are
28 procedurally improper and must be denied. *See, e.g.*, *Bergeson v. Dilworth*, 738 F. Supp.

1

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DEPOSIT FUNDS WITH THE COURT PENDING
APPEAL AND REQUEST FOR EXTENSION OF TIME

[3352988.3]

1361, 1365 (D. Kan. 1990), *aff'd*, 959 F.2d 245 (10th Cir. 1992) (holding that "[u]ntil defendants do make such a motion [for a stay of execution pending appeal], the court will not grant defendants leave to deposit any funds with the court").

Moreover, granting Defendants' request to withhold payment from the neutral expert risks undermining the investigation into whether Defendants have defrauded or intended to mislead the Court and/or the Special Master. There is no justification for forcing the neutral expert to work without compensation pending a decision by the Ninth Circuit on Defendants' unhurried appeal—a decision that will undoubtedly issue a year or more in the future. For these reasons, the Court should deny Defendants' request to deposit funds with the Court pending Defendants' appeal.

DATED: February 19, 2019            Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: /s/ Cara E. Trapani
    Cara E. Trapani

Attorneys for Plaintiffs