UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 14 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RALPH COLEMAN; et al.,<br><br>        Plaintiffs - Appellees,<br><br> v.<br><br>EDMUND G. BROWN, Jr., Governor of the State of California; et al.,<br><br>        Defendants - Appellants. | No. 17-17328<br><br>D.C. No. 2:90-cv-00520-KJM-DB<br>U.S. District Court for Eastern California, Sacramento<br><br>**MANDATE** |

The judgment of this Court, entered November 28, 2018, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: Rhonda Roberts
Deputy Clerk
Ninth Circuit Rule 27-7

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 28 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RALPH COLEMAN; et al., | No. 17-17328 |
| Plaintiffs-Appellees, | D.C. No. 2:90-cv-00520-KJM-DB |
| v. | |
| EDMUND G. BROWN, Jr., Governor of the State of California; et al., | MEMORANDUM* |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted November 13, 2018
San Francisco, California

Before: SCHROEDER and WATFORD, Circuit Judges, and KORMAN,** District Judge.

State officials appeal from the district court's orders of April and October 2017, which required them to complete transfers of class members to Mental Health Crisis Beds ("MHCBs") within twenty-four hours of referral, subject to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

exceptions, and denied their requests to change the way that time period would be measured.  We have jurisdiction under 28 U.S.C. § 1292(a)(1), and affirm.

    **1.**  Appellants contend that the district court erred by treating the requirements of the Program Guide as a constitutional minimum and by failing to evaluate the "deliberate indifference" element of an Eighth Amendment violation. *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994).  But the district court was entitled to rely on its previous rulings in these areas, which had become final, as the law of the case.  *See United States v. Washington*, 235 F.3d 438, 441 (9th Cir. 2000).  It was therefore established that the Program Guide sets out the objective standards that the Constitution requires in this context, and that the persistence of objectively unconstitutional conditions satisfies the subjective "deliberate indifference" inquiry.  *Coleman v. Brown*, 28 F. Supp. 3d 1068, 1077 (E.D. Cal. 2014); *Coleman v. Brown*, 938 F. Supp. 2d 955, 972 n.30, 989 (E.D. Cal. 2013).  There is no "manifest injustice" in declining to overturn those decisions years later.  *See Jeffries v. Wood*, 114 F.3d 1484, 1489 (9th Cir. 1997) (en banc), *overruled on other grounds by Gonzalez v. Arizona*, 677 F.3d 383 (9th Cir. 2012) (en banc).

    **2.**  The district court's determination that the Eighth Amendment requires full compliance with the Program Guide's twenty-four-hour timeline, subject to exceptions, was not erroneous.  The Program Guide itself provides that the twenty-four-hour timeline applies "[i]n most cases."  And the record makes clear that

longer waits create "a substantial risk of serious harm." *Farmer*, 511 U.S. at 828. We observe that before negotiations were halted by the filing of this appeal, the parties had already agreed to three categories of exceptions to the transfer timeline, including a broad exception for "circumstances outside of Defendant's control . . . which cause a delay in transfer to a [MHCB] beyond the Program Guide timelines." The district court has approved similar exceptions in the in-patient context. We have no reason to believe that the district court will reject the parties' proposed exceptions once its jurisdiction is restored. In sum, the district court correctly held that, except in certain classes of cases in which there is good reason for delay, waits for MHCBs longer than twenty-four hours violate the Eighth Amendment.

**3.** Nor did the district court's decisions on the State's request to change when the twenty-four-hour clock would start and stop constitute an abuse of discretion. *Trueblood v. Washington State Department of Social and Health Services*, 822 F.3d 1037, 1042 (9th Cir. 2016). Appellants argue that these decisions were new injunctions to which the limitations of the Prison Litigation Reform Act apply. *See* 18 U.S.C. § 3626(a)(1). Even if the court's orders were new injunctions—not denials of requests to modify old ones—we find no error. Stopping the clock later or starting it sooner, the district court found, would cause patients to spend more time in "alternative housing" waiting for constitutionally

adequate treatment. That in turn would create a "substantial risk of serious harm." *Farmer*, 511 U.S. at 828. The district court's factual findings are well supported and not clearly erroneous. The court's order was therefore necessary to correct the ongoing violation of the appellees' rights, and there was no less restrictive or intrusive means available to remedy the Eighth Amendment violation. 18 U.S.C. § 3626(a)(1).

We **DENY** appellants' request for judicial notice in support of reply brief (Docket No. 36) and appellees' third request for judicial notice (Docket No. 45).

**AFFIRMED.**