UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, | No. 2:90-cv-0520 KJM DB P |
| Plaintiff, | |
| v. | |
| GAVIN NEWSOM, et al., | ORDER |
| Defendants. | |

Defendants have filed a motion for a protective order protecting them from producing to the court's neutral expert documents they claim are subject to the attorney-client privilege and work product doctrine. ECF No. 6086. The motion is noticed for hearing before the undersigned on March 22, 2019. *Id*. For the reasons explained in the order, the motion is denied without hearing.

I. BACKGROUND

Defendants' motion for protective order is the latest in a series of motions and court proceedings that have followed the court's receipt in October 2018 of a whistleblower report by defendant California Department of Corrections and Rehabilitation's Statewide Chief Psychiatrist, Dr. Michael Golding. The Golding Report was brought to the court's attention by separate October 5, 2018 filings by plaintiffs and defendants, the former seeking a status

conference and the latter requesting a stay of proceedings. ECF Nos. 5936, 5938. The court had five hearings between October 10, 2018 and December 14, 2018 as part of considering options for addressing the allegations of the Golding Report. *See* ECF Nos. 5944, 5964, 5980, 5995, 6035. Ultimately the court also gave the parties opportunities to show cause why the court should not appoint an independent investigator,[1] ECF No. 6002, to file their views on the court's planned appointment of Charles J. Stevens, Esq. of Gibson, Dunn & Crutcher LLP, ECF No. 6018, and to comment on the proposed content of appointment orders. ECF Nos. 6002-1, 6018-1.

Defendants filed two responses to the court's November 13, 2018 order to show cause, ECF No. 6002. ECF Nos. 6009, 6012. In the first set of objections, which were timely filed, defendants asserted, *inter alia*, that the court's proposed order would authorize the independent investigator to invade attorney-client and work product protections. ECF No. 6009 at 13-14. The second response, ECF No. 6012, was filed after the deadline set in the November 13, 2018 order, and accompanied by a request for an extension of time to file the response. ECF No. 6013. In that response, defendants asserted they had "confirmed that no fraud on this Court has occurred." ECF No. 6012 at 4.[2] While the court granted the extension of time and permitted the late filing, the court also held that it would "disregard the objections at this time as filed in derogation of a prior court ruling denying without prejudice defendants' request to submit a substantive response to the allegations of the Golding Report prior to completion of an independent investigation." ECF No. 6018 at 1-2 (citing ECF No. 5998 at 20:4-23).

On November 29, 2018, after considering the parties' responses to the November 13, 2018 order to show cause, the court issued an order confirming its intention "to appoint an expert under Federal Rule of Evidence 706 to investigate and prepare a report for the court and the parties on whether there is evidence sufficient to warrant an evidentiary hearing into whether

---

[1] Over the course of this process, the expert has been referred to variously in court orders as an independent investigator, an independent expert, and a neutral expert.

[2] References to page numbers in documents filed in the Court's Electronic Case Filing (ECF) system are to page numbers assigned by the ECF system and located in the upper right hand corner of the page.

defendants have intentionally presented false or misleading information to the court in one or more of the areas addressed in the Golding Report." ECF No. 6018 at 2. The court again invited responses from the parties, this time to the court's proposal to appoint Mr. Stevens of Gibson, Dunn & Crutcher LLP as the court's independent expert. *Id*. at 12.

In their December 6, 2018 response, defendants again reiterated their objection to the appointment of a neutral expert before the court assessed the accuracy of allegations in the Golding Report, ECF No. 6022 at 4-5, and their objections concerning potential invasion of the attorney-client privilege. *Id*. at 10-11. On December 13, 2018, after reviewing the parties' responses to the November 29, 2018 order, the court issued an order confirming its intention to appoint Mr. Stevens and his firm "as its neutral expert to conduct an independent investigation into certain allegations in the Golding Report," "subject to his confirmation of his consent." ECF No 6032 at 1, 10.

On December 14, 2018, the court conducted a status conference. Mr. Stevens and his partner Benjamin Wagner, Esq., participated in the status conference by telephone. Defendants again raised their attorney-client privilege objection, arguing the court had not responded to their objection. ECF No. 6054 at 16:2-7. The court stated its response was "in a single line in the order issued yesterday, and that is I'm not going to put any artificial limits on the investigation. The information will lead where it will." *Id*. at 16:8-11. Subsequently, the following exchange took place between Mr. Stevens and the court:

> MR. STEVENS: First, and perhaps this relates to Mr. Gibson's comment about attorney-client privilege, I think it is clear to us from the court's orders that the court contemplates that we will at various times have access to information that is appropriately deemed to be privileged information pursuant to attorney-client privilege.
>
> In our view, and this is our interpretation of the orders, if a party provides access to attorney-client privileged information, that would not effectuate a waiver of the attorney-client privilege because we are acting as an arm of the court. And thus, the disclosure of privileged information to us would be the functional equivalent of

3

> submitting privileged information to the court, under seal, for
> in camera review.
>
> Consistent with that, assuming that interpretation is
> right, I would confirm on the record that our intention would
> be, to the extent that we do have attorney-client information
> from any party, that we would not publicly disclose that, nor
> disclose it to the other side. And any such information that
> is flagged by the parties as privileged information would only
> be submitted to the court, under seal, for in camera review.
> And only the court would be free to decide the validity of any
> privilege claim and disclose that information.
>
> We are very respectful of parties' privileges and will
> do everything in our power to avoid any intentional or
> inadvertent disclosure of privileged material.
>
> I would just like to confirm that is a correct
> interpretation of the court's order.
>
> THE COURT: The court would confirm that is a correct
> interpretation, that any access provided will not operate as a
> waiver and there will be no public disclosure.
> To the extent Mr. Stevens provides any information
> covered by a privileged claim, it will be not publicly
> provided. It will be provided under seal to the court, and the
> court would ultimately, after adversarial proceedings, make any
> determination about unsealing that information if it thought it
> was required to do so.

*Id*. at 25:18-27:4.

On December 14, 2018, the court issued an order appointing Mr. Stevens and his firm as the court's neutral expert under Federal Rule of Evidence 706. ECF No. 6033. The court issued an amended appointment order on January 8, 2019. ECF No. 6064. Defendants have appealed the appointment orders, although their grounds for appeal are not clear. *See* ECF Nos. 6058, 6078. They have neither sought nor received a stay of the court's orders covered by any appeal.

II. <u>ANALYSIS</u>

Though styled as a motion for protective order, defendants' motion is properly construed as a motion for reconsideration of this court's prior orders concerning the scope of the

4

neutral expert's access to information for which attorney-client privilege and/or work product protections might be asserted and the process to be followed for production and consideration of such materials. Local Rule 230(j) sets out the requirements for seeking reconsideration of a court order:

> (j) Applications for Reconsideration. Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including:
>
> (1) when and to what Judge or Magistrate Judge the prior motion was made;
>
> (2) what ruling, decision, or order was made thereon;
>
> (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and
>
> (4) why the facts or circumstances were not shown at the time of the prior motion.

Local Rule 230(j) (E.D. Cal.). Defendants have not satisfied the requirements of this rule. In particular, misleadingly, while defendants quote part of Mr. Stevens' comments from the December 14, 2018 hearing, they do not set forth the entire exchange between the court and Mr. Stevens, nor do they acknowledge that the court specifically confirmed in open court, in a bench order, the procedure that would be followed. *See* ECF No. 6086 at 5. In this way, they have failed to meet the requirement of Local Rule 230(j)(2); similarly, they have not met the requirements of Local Rule 230(j)(3) or (4).

Moreover, defendants' request that the court conduct an advance review of allegedly privileged material *in camera* to determine whether the crime-fraud exception to the attorney-client privilege applies seeks an end-run around the court's prior ruling that it would not consider "a substantive response to the allegations of the Golding Report prior to completion of an independent investigation." ECF No. 6018 at 2 (citing ECF No. 5998 at 20:4-23). Such a review would require the court now to consider the question of whether there is evidence of fraud on the court, in advance of the report it is awaiting from its neutral expert. The defendants have it

backwards: Completion of the neutral expert's work is a prerequisite to the court's proper consideration and resolution of the issues raised by the Golding Report.

As the court has explained and confirmed in prior orders, the process it has put in place does not delegate the court's factfinding or decision-making authority to the neutral expert. Rather, the sole function of the neutral expert is

> to assist the court and the parties in determining "whether there is a sufficient factual foundation to require this court to hold an adversarial, evidentiary hearing to determine whether defendants have intentionally presented false or misleading evidence to the court or the Special Master." ECF No. 6018 at 10. At the conclusion of the investigation, he will report to the court and the parties on the results of the investigation, providing his views on what documents and which witnesses, if any, support the court's holding of an evidentiary hearing. *See id*. at 10. He will not "have any 'dispute resolution authority,' will not conduct any hearings, and will not make any recommendations to the court concerning adjudication of any facts." *Id*.

ECF No. 6032 at 6. As the court has also explained, the Golding Report requires the court to "fulfill its duty to ensure that the record before it is free from fraud or intentional misrepresentation," and in doing so the court "must ultimately consider all the evidence relevant to those questions as they are raised by the Golding Report." *Id*. at 4-5. To perform its function fairly,

> [t]he court simply cannot itself conduct the initial factual investigation into allegations it may adjudicate in subsequent adversarial proceedings. The importance in this context of a neutral investigation led by someone who understands what qualifies as actual fraud and what does not, and who also understands the way large and complex governmental organizations operate, cannot be overstated.

*Id*. at 5. To ensure that the neutral investigation is carried out efficiently and fairly, as discussed above, the court already has addressed defendants' concerns regarding materials for which they may claim attorney-client privilege or work product protection, by providing that those claims are not waived and potentially privileged material be disclosed only to the court's neutral expert during the investigation and then to the court, subject to the claim of privilege. In light of the court's prior orders, there is no basis for the protective order defendants now seek.

/////

6

For the foregoing reasons, defendants' motion for protective order will be denied. Given counsel's selective quoting of the December 14, 2018 hearing transcript, and apparent disregard of the court's prior orders regarding the procedures to be followed and the treatment of potentially privileged information during the independent investigation, counsel is reminded of the obligations imposed by Federal Rule of Civil Procedure 11.

In accordance with the above, IT IS HEREBY ORDERED that defendants' February 14, 2019 motion for protective order, ECF No. 6086, is DENIED. The hearing set for March 22, 2019 is VACATED.

DATED: February 19, 2019.

_____
UNITED STATES DISTRICT JUDGE