# ATTACHMENT B



**XAVIER BECERRA**
*Attorney General*

**State of California**
**DEPARTMENT OF JUSTICE**

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public: (415) 510-4400
Telephone: (415) 510-3577
Facsimile: (415) 703-5843
E-Mail: Adriano.Hrvatin@doj.ca.gov

March 8, 2019

*By Email*

The Honorable Deborah Barnes
United States Magistrate Judge
Eastern District of California
501 I Street
Sacramento, CA 95814

RE: *Coleman*, *et al. v. Newsom*, *et al.*
U.S. District Court, Eastern District of California, Case No. 2:90-cv-0520 KJM DB

Dear Magistrate Judge Barnes:

Defendants submit the following objections to Gibson, Dunn & Crutcher's February 6, 2019 invoice in the amount of $342,771.94 for services rendered in January 2019.

*First*, Defendants state and reserve their standing objection to Gibson Dunn's request that the Court withhold under seal its itemized billing records supporting the invoice that would otherwise allow the parties to evaluate the reasonableness of the work performed. The Court held that "the detailed billing statements will be made a part of the record, filed under seal until the investigation is concluded, and so available for appellate review." (Order 4, Feb. 11, 2019, ECF No. 6083.) Defendants submit this objection to preserve their ability to challenge the amount billed by Gibson Dunn in this proceeding at the appropriate time before the District Court and on appeal. *See Padgett v. Loventhal*, 706 F.3d 1205, 1208-09 (9th Cir. 2013) (requiring that a court "show its work" when evaluating fee demands).

Defendants similarly reserve their right to request that the Court allow Defendants to deposit funds deemed payable to Gibson Dunn in January 2019 and in connection with future invoices into the Court's registry to maintain the status quo pending Defendants' appeal of the Court's orders appointing Gibson Dunn as investigators under Federal Rule of Evidence 706.

*Second*, the invoice includes a number of questionable items billed as "costs/charges." For example, the invoice seeks $13,000 for "outside services/consultants." Gibson Dunn may only be compensated for work performed by team members approved by the Court. (*See*, *e.g.*, Amended Appointment Order 2, Jan. 8, 2019, ECF No. 6064.) Without more information, Defendants and the Court cannot verify the propriety of this alleged billing entry. Moreover, the invoice seeks reimbursement for "travel-taxi and other modes/miles" in the amount of $281.87,

The Honorable Deborah Barnes
March 8, 2019
Page 2

and "travel-parking" in the amount of $107.50.  The Court's appointment order provided that "[t]he expert shall not be compensated for travel time to and from Sacramento, California."  (*Id.* at 5.)  Defendants seek confirmation that Gibson Dunn has not billed for any time associated with travel to or from Sacramento.  The invoice separately includes a $25.63 cost or charge for "court fees," although the case's docket reflects no Gibson Dunn filing requiring a "court fee."

Defendants appreciate this Court's analysis of Gibson Dunn's invoice for services rendered in January 2019, which the Court initially rejected because Gibson Dunn sought compensation for Christopher Karnes, who had not been approved as a member of the expert's team, and reimbursement for "Specialized Research."  (Order 1-2, Feb. 26, 2019, ECF No. 6099.)  Based on the issues identified above, Defendants here request further revision to Gibson Dunn's invoice.

        Respectfully submitted,

        /s/ Adriano Hrvatin

        ADRIANO HRVATIN
        Supervising Deputy Attorney General

For:    XAVIER BECERRA
        Attorney General

cc:    Charles J. Stevens, Esq.
       Benjamin B. Wagner, Esq.
       Cara E. Trapani, Esq.
       Matthew A. Lopes Jr., Esq.
       Kerry F. Walsh, Esq.

CF1997CS0003
42106757.doc