# ATTACHMENT B

XAVIER BECERRA
*Attorney General*

State of California
DEPARTMENT OF JUSTICE

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public: (415) 510-4400
Telephone: (415) 510-3577
Facsimile: (415) 703-5843
E-Mail: Adriano.Hrvatin@doj.ca.gov

March 22, 2019

*By Email*

The Honorable Deborah Barnes
United States Magistrate Judge
Eastern District of California
501 I Street
Sacramento, CA 95814

RE: *Coleman, et al. v. Newsom, et al.*
U.S. District Court, Eastern District of California, Case No. 2:90-cv-0520 KJM DB

Dear Magistrate Judge Barnes:

In an invoice dated March 12, 2019, Gibson, Dunn & Crutcher seeks $242,212.56 for services rendered and expenses incurred in February 2019 as the Court's Federal Rule of Evidence 706 expert witness in this matter.

Defendants state and reserve their standing objection to Gibson Dunn's request that the Court withhold its itemized billing records supporting the invoice. Without access to this information, neither the parties nor the public can evaluate the reasonableness of the work performed or the basis for the expenditure of significant public funds. The Court stated that "the detailed billing statements will be made a part of the record, filed under seal until the investigation is concluded, and so available for appellate review." (Order 4, Feb. 11, 2019, ECF No. 6083.) Defendants understand that statement to mean that the Court will disclose the itemized billing records at the conclusion of Gibson Dunn's investigation, Defendants will have a full and fair opportunity then to dispute the reasonableness of Gibson Dunn's itemized billing entries, and that this Court will resolve Defendants' objections so that there is a record for appellate review. *See Padgett v. Loventhal*, 706 F.3d 1205, 1208-09 (9th Cir. 2013) (requiring that a court "show its work" when evaluating fee demands).

Defendants similarly reserve their right to request that the Court allow Defendants to deposit funds deemed payable to Gibson Dunn in February 2019 and in connection with future invoices into the Court's registry to maintain the status quo pending Defendants' appeal of the Court's orders appointing Gibson Dunn as investigators under Federal Rule of Evidence 706.

The Honorable Deborah Barnes
March 22, 2019
Page 2

    Finally, Defendants request—to the extent the Court intends to order payment of Gibson Dunn's most recent invoice—that the Court give Defendants at least ten business days from the date of the Court's order to procure and issue payment.

    Thank you for the Court's continued attention to this matter.

                           Respectfully submitted,

                            /s/ Adriano Hrvatin

                            ADRIANO HRVATIN
                            Supervising Deputy Attorney General

                For:    XAVIER BECERRA
                          Attorney General

cc:    Charles J. Stevens, Esq.
       Benjamin B. Wagner, Esq.
       Cara E. Trapani, Esq.
       Matthew A. Lopes Jr., Esq.
       Kerry F. Walsh, Esq.

CF1997CS0003
42106757.doc