1  XAVIER BECERRA, State Bar No. 118517
   Attorney General of California
2  JAY C. RUSSELL, State Bar No. 122626
   ADRIANO HRVATIN, State Bar No. 220909
3  Supervising Deputy Attorneys General
     455 Golden Gate Avenue, Suite 11000
4    San Francisco, CA 94102-7004
     Telephone: (415) 510-3577
5    Fax: (415) 703-5843
     E-mail: Adriano.Hrvatin@doj.ca.gov
6  *Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 67 FOR LEAVE TO DEPOSIT THE COURT'S EXPERT'S COMPENSATION IN THE COURT'S REGISTRY; ALTERNATIVELY, TO MODIFY THE COURT'S APPOINTMENT ORDERS UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b); AND DEFENDANTS' STAY REQUEST**<br><br>Date: May 16, 2019<br>Time: 10:00 a.m.<br>Location: Courtroom 3, 15th Floor<br>Judge: Hon. Kimberly J. Mueller |

## NOTICE OF MOTION

**TO THE COURT, PLAINTIFFS, AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on Friday, May 16, 2019, at 10:00 a.m., or on an earlier date convenient to the Court's calendar, at 501 I Street, Sacramento, California 95814, Courtroom 3, 15th Floor, Defendants will move under Federal Rule of Civil Procedure 67 for leave to deposit any pending and remaining amounts owed to Gibson, Dunn & Crutcher LLP for

1

Defs.' Rule 67 Mot., Rule 60(b) Mot., & Stay Request (2:90-cv-00520 KJM-DB (PC))

services rendered as the Court's Federal Rule of Evidence 706 expert investigator in an interest-bearing account in the Court's registry, pending completion of the investigation and Defendants' appeal of the Court's orders appointing Gibson Dunn as a court expert.  In the alternative, Defendants will move under Federal Rules of Civil Procedure 60(b)(5) or 60(b)(6) to modify the Court's December 14, 2018 and January 8, 2019 orders appointing Charles Stevens of Gibson, Dunn & Crutcher LLP as the Court's Rule 706 expert investigator.  Defendants further request that enforcement of the December 14, 2018 and January 8, 2019 orders concerning payment of Gibson Dunn's services be stayed until the Court rules on this motion.

This motion is based on this notice of motion, the supporting memorandum of points and authorities, and any other relevant records on file in this case.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **INTRODUCTION**

The Court's orders appointing Gibson Dunn to conduct a fraud investigation in this long-standing class action have imposed a significant and undue burden on state taxpayers.  Following an initial invoice of $132,287.43 for two weeks' worth of work in December 2018 based on a $775 hourly rate applied to all timekeepers, Gibson Dunn has now billed the State over $717,000 in attorneys' fees and expenses.  Additional invoices charging hundreds of thousands of dollars are anticipated as Gibson Dunn completes its investigation.  The Court also ordered that Gibson Dunn's itemized billing records remain confidential, depriving Defendants of the ability to evaluate the reasonableness of the invoices notwithstanding the significant expenditure of public funds requested.

Defendants have and will continue to cooperate with Gibson Dunn's investigation and anticipate—as detailed in Defendants' November 20, 2018 filing addressing the fraud allegations—that the investigation will establish that Defendants neither committed fraud nor made any intentional misrepresentation to the Court or its Special Master.  However, given the pending appeal, the amount of State funds at issue, and the absence of any other mechanism for Defendants to claw back funds if they prevail on appeal, Defendants move under Federal Rule of Civil Procedure 67 for leave of Court so that any further attorneys' fees and costs ordered payable

2

Defs.' Rule 67 Mot., Rule 60(b) Mot., & Stay Request (2:90-cv-00520 KJM-DB (PC))

1  to Gibson Dunn may be deposited into an interest-bearing account in the Court's registry.
2  Depositing the funds in this manner will preserve the status quo, promote the integrity of the
3  investigation, and provide for the immediate disposition of funds following resolution of
4  Defendants' appeal.
5      In the alternative, Defendants move under Federal Rule of Civil Procedure 60(b) to modify
6  the provision of the Court's appointment orders requiring Defendants to pay Gibson Dunn its
7  attorneys' fees and expenses directly, on the ground that changed and unique circumstances
8  occurring since the Court's appointment orders now render inequitable any further payment
9  directly to Gibson Dunn.  Defendants do not seek to avoid their obligation under this Court's
10  orders—Defendants have paid Gibson Dunn for work performed in December 2018 and January
11  2019, as ordered.  However, relief under Rule 60(b) is proper given the increasingly significant
12  amounts at issue and the Court's subsequent decision to prevent Defendants' evaluation of
13  Gibson Dunn's actual invoices before they become payable, as well as the minimal burden on
14  Gibson Dunn to have the State's funds deposited into the Court's trust account pending appeal.
15  *See*, *e.g*., S. Flaherty, *Gibson Dunn Posts Record Revenue and Income, Slight Drop in Partner*
16  *Profits*, Feb. 14, 2018, The American Lawyer (reporting that "Gibson, Dunn & Crutcher posted
17  its 22nd straight year of revenue growth, earning more than $1.64 billion in 2017, while the firm's
18  net income also passed the $1 billion mark for the first time").
19      Finally, until the Court rules on Defendants' motion, Defendants request that this Court's
20  orders concerning payments to Gibson Dunn be stayed.
21  **PROCEDURAL STATUS**
22      The Court's orders set forth a payment structure for Gibson Dunn's work investigating Dr.
23  Michael Golding's allegations, with Defendants to bear all attorneys' fees and costs associated
24  with Gibson Dunn's appointment.  (Am. Appoint. Order 5-6, Jan. 8, 2019, ECF No. 6064.)  The
25  Court ordered that Gibson Dunn would be "compensated at a reasonable blended hourly rate" (*id*.
26  at 5), without specifying the rate, providing a process for the assigned Magistrate Judge to
27  adjudicate the propriety of Gibson Dunn's monthly invoices.  (*Id*.)  Gibson Dunn was directed to
28  submit a proposed invoice every month, "summarizing time spent and expenses incurred," for the

3

Defs.' Rule 67 Mot., Rule 60(b) Mot., & Stay Request (2:90-cv-00520 KJM-DB (PC))

1  Magistrate Judge's initial review.  (*Id*.)  Upon receiving a copy of the invoice from the Magistrate
2  Judge, the parties could submit objections, to which Gibson Dunn could respond.  (*Id*. at 5-6.)
3  The matter of an invoice's payment would then be deemed submitted "for review and, as
4  appropriate, issuance of an order for payment of the final invoice."  (*Id*. at 6.)

5  When Gibson Dunn submitted its first invoice of $132,287.43 for work performed in
6  December 2018, Defendants objected on various grounds, including that Gibson Dunn had failed
7  to establish an adequate factual record with itemized billing records to support its fee request.
8  (*See* Order 2-3 & Attachs. B and D, Feb. 11, 2019, ECF No. 6083.)  Only afterward did Gibson
9  Dunn disclose that it was submitting itemized billing records to the Magistrate Judge under seal
10 and withholding them from the parties.  (*Id*. at 2 & Attach. C.)  The Court's structure for
11 evaluating Gibson Dunn's fees provided for no such under-seal procedure.  Accordingly, the
12 Magistrate Judge referred the dispute to this Court because "Defendants' continuing objections to
13 the neutral expert's monthly invoice for services rendered through December 31, 2018 call into
14 question certain provisions of the district court's amended order governing compensation of the
15 neutral expert."  (Order 1, Feb. 6, 2019, ECF No. 6082.)

16 This Court accepted the Magistrate Judge's referral "to clarify matters and expedite the
17 magistrate judge's review of future invoices submitted by the neutral expert."  (Feb. 11, 2019
18 Order at 3.)  The Court rejected Defendants' objection that Defendants and the public were
19 entitled to view Gibson Dunn's itemized billing records to evaluate the reasonableness of Gibson
20 Dunn's work.  Instead, the Court accepted Gibson Dunn's contention that disclosing the itemized
21 billing records would risk compromising its investigation and concluded that Gibson Dunn had
22 "provided a level of detail to the court to allow it to properly evaluate the reasonableness of the
23 bill" and that "[t]he detailed invoice provided by the neutral expert is sufficient to allow this court
24 to meet its obligation under Federal Rule of Evidence 706(c) to set 'reasonable compensation' for
25 the neutral expert."  (*Id*. at 3-4.)  The Court ordered that "the detailed billing statements will be
26 made a part of the record, filed under seal until the investigation is concluded, and so available for
27 appellate review."  (*Id*. at 4.)  And the Court directed Defendants to pay Gibson Dunn's invoice
28 within five days, although the Court's earlier order included no such payment deadline.  (*Id*. at 4.)

4

1    Before that payment was due, Defendants requested leave under this District's Civil Local
2    Rules and Federal Rule of Civil Procedure 67 to deposit the amount owed Gibson Dunn into an
3    interest-bearing account in the Court's registry. (Defs.' Mot. Deposit Funds 1-2, Feb. 15, 2019,
4    ECF No. 6089.) Defendants also sought a five-day extension within which to procure and make
5    payment of the funds ordered. (*Id*. at 3.) The Magistrate Judge denied the motion. Because the
6    motion sought "relief from two aspects of the district court's February 11, 2019 order:  the
7    deadline for payment and the manner of payment," the Magistrate Judge concluded that it was
8    "without authority to review or revise those, or any other, provisions of the district court's order."
9    (Order 1, Feb. 20, 2019, ECF No. 6093.) As the Court-mandated deadline had already passed,
10   Defendants issued payment to Gibson Dunn for its work performed in December 2018 in the
11   amount of $132,287.43 in attorneys' fees and costs.

12   Gibson Dunn submitted a further invoice for $342,771.94 in attorneys' fees and costs for
13   work performed in January 2019, bringing the total charged by Gibson Dunn to taxpayers as of
14   that date to $475,059.37. Again, Defendants received only an invoice summary without any
15   itemized billing records. Defendants asserted various objections, requesting that the Court allow
16   Defendants to deposit funds due to Gibson Dunn in January 2019 and under future invoices into
17   the Court's registry to maintain the status quo pending Defendants' appeal of the Court's orders
18   appointing Gibson Dunn as its Federal Rule of Evidence 706 expert witness. (Order Attach. B,
19   Mar. 15, 2019, ECF No. 6107-1.) The Magistrate Judge ordered that Gibson Dunn's detailed
20   billing records be filed "under seal pending completion of [Gibson Dunn's] work to protect the
21   integrity of [its] investigation" (*id*. at 1 & n.1) and directed Defendants to pay Gibson Dunn its
22   January 2019 invoice within five days. (*Id*. at 2). The Magistrate Judge did not respond to
23   Defendants' request to deposit funds in the Court's account. (*Id.*) Defendants paid this invoice.

24   On March 15, 2019, Gibson Dunn submitted an invoice summary for work performed and
25   expenses incurred in February 2019, totaling $242,212.56. (Order 1, Mar. 29, 2019, ECF No.
26   6115.) After Defendants submitted objections, they were directed to pay Gibson Dunn within ten
27   business days of March 29, 2019. (*Id.* at 2.) To date, Gibson Dunn has billed $717,271.93 in
28   attorneys' fees and costs, with additional invoices expected for services performed in March and

5

1  April 2019, and potentially additional months.  (*See* Jan. 8, 2019 Am. Appoint. Order at 4
2  (providing that the time allowed for completion of Gibson Dunn's investigatory report may be
3  extended beyond mid-April 2019).)  Gibson Dunn's invoices will likely exceed $1,000,000.
4      Defendants timely appealed the Court's orders appointing Gibson Dunn as its Rule 706
5  expert witness.  (Not. Appeal, Dec. 12, 2018, ECF No. 6058; Am. Not. Appeal, Jan. 28, 2019,
6  ECF No. 6078.)  The Court's orders provide Defendants no way to claw back any funds paid to
7  Gibson Dunn if that appeal is successful.

## ARGUMENT

9      Defendants demonstrated in their November 20, 2018 filing that Dr. Michael Golding's
10 allegations that Defendants committed fraud on the Court or Special Master are unfounded.  The
11 Court summarily disregarded that evidence.  Nevertheless, Defendants have cooperated with
12 Gibson Dunn's investigation, providing multiple voluntary presentations to educate the Gibson
13 Dunn team, producing thousands of documents in response to Gibson Dunn's requests, and
14 appearing for numerous witness interviews.  But given Defendants' pending appeal, which
15 concerns Gibson Dunn's appointment under Federal Rule of Evidence 706, and the Court's
16 process for compensating Gibson Dunn, Defendants request leave under Federal Rule of Civil
17 Procedure 67 to deposit any further invoices deemed payable to Gibson Dunn in an interest-
18 bearing account in the Court's registry.  This alternative process maintains the status quo without
19 interfering with the ongoing investigation, while ensuring a speedy distribution of funds after
20 Defendants have an opportunity to contest Gibson Dunn's full, detailed invoices.
21     Because the Ninth Circuit will decide, among other things, whether the State alone must
22 compensate Gibson Dunn, and whether the parties have been prevented from evaluating the
23 reasonableness of the ordered fee payments, this Court should permit Defendants to deposit funds
24 in an interest-bearing account in the Court's registry under Federal Rule of Civil Procedure 67.
25 *See* Fed. R. Civ. P. 67(a) (providing that "a party—on notice to every other party and by leave of
26 court—may deposit with the court all or part of the money or thing, whether or not that party
27 claims any of it").  As the Court's appointment orders provide no vehicle for Defendants to claw
28 back Gibson Dunn's fees should the Ninth Circuit rule in Defendants' favor, Rule 67's "deposit-

6

Defs.' Rule 67 Mot., Rule 60(b) Mot., & Stay Request (2:90-cv-00520 KJM-DB (PC))

1 in-court procedure should be available," which allows the funds to be held by the Court and
2 returned to the State if Defendants succeed on appeal. Adv. Comm. Notes, Fed. R. Civ. P. 67; *see*
3 *also Gulf States Utilities Co. v. Alabama Power Co.*, 824 F.2d 1465, 1474 (5th Cir. 1987) (noting
4 that the 1983 amendment to Rule 67 makes clear that a depositor does not lose their legal interest
5 in funds deposited with the court). Conversely, if Defendants are unsuccessful, Gibson Dunn is
6 assured payment with interest from the Court's account for all reasonable fees. *See* Adv. Comm.
7 Notes, Fed. R. Civ. P. 67 (noting Rule 67's "advantages to the party making the deposit" as well
8 as the "assurance" it gives to other litigants "that any judgment will be collectible"). In this way,
9 the status quo will be maintained while Defendants' appeal is pending and until the parties are
10 able to assess the reasonableness of the fees charged. Rule 67 gives the Court discretion to strike
11 an appropriate balance—an interest-bearing fund will be created to secure Gibson Dunn's
12 compensation, while also safeguarding the public's interest in preserving limited state funds and
13 resources until the Ninth Circuit resolves the propriety of the Court's orders and the
14 reasonableness of the fees charged. *See Baxter v. United Forest Prod. Co.*, 406 F.2d 1120, 1126
15 (8th Cir. 1969) ("When a disputed res or 'sum of money' is deposited into the registry, the court
16 holds the money in trust; it is held for the benefit of whomsoever in the end it should be found to
17 belong.") (quotations omitted).
18   Alternatively, Defendants are entitled to the requested relief under Federal Rules of Civil
19 Procedure 60(b)(5) or 60(b)(6). *First*, relief under Rule 60(b)(5) is proper when applying a
20 judgment that "prospectively is no longer equitable." *See* Fed. R. Civ. P. 60(b)(5); *see also* E.D.
21 Civ. L.R. 230(j)(3) (permitting reconsideration upon a showing of "new or different facts or
22 circumstances"). That standard is satisfied here, given "a substantial change in circumstances"
23 since the Court issued its December 14, 2018 and January 8, 2019 orders, warranting the use of
24 Rule 67's deposit-in-court procedure. *See*, *e.g.*, *Bellevue Manor Assocs. v. United States*, 165
25 F.3d 1249, 1254 (9th Cir. 1999). The Court's appointment orders provided no notice that each
26 Gibson Dunn biller would be compensated at $775 per hour, regardless of experience or
27 expertise. Nor was it known that Messrs. Charles Stevens and Benjamin Wagner—given the
28 Court's reference to their individual investigative expertise—would build a team of at least four

7

Defs.' Rule 67 Mot., Rule 60(b) Mot., & Stay Request (2:90-cv-00520 KJM-DB (PC))

associates each charging the State $775 per hour; that there would be little transparency regarding their invoices; and that there would be no claw-back mechanism should the State prevail on appeal. Defendants' requested modification—depositing taxpayer funds in the Court's interest-bearing trust account pending appeal—is "suitably tailored to the changed circumstances" (*id.* at 1255), with minimal impact on Gibson Dunn.

*Second*, Defendants are separately entitled to relief under Federal Rule 60(b)(6), which applies when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60(b). Rule 60(b)(6) provides an equitable remedy to prevent injustice—a party must demonstrate both injury and circumstances beyond its control "that prevented [the party] from proceeding with the action in a proper fashion." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006); *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005). A Rule 60(b)(6) motion also "must be made within a reasonable time," which the Ninth Circuit has held depends on the facts of each case. *In re Pac. Far E. Lines*, *Inc.*, 889 F.2d 242, 249 (9th Cir. 1989). These criteria are also met.

Defendants' motion is timely. Only when Defendants objected to Gibson Dunn's first invoice, which objections the Court rejected on February 11, 2019, did Defendants learn of the Court's intention to allow Gibson Dunn's "detailed billing statements . . . [to be] filed under seal until the investigation is concluded, and so available for appellate review." (Feb. 11, 2019 Order at 4.) Defendants have timely preserved this objection to subsequent invoices submitted for Gibson Dunn's services in January, February, and March 2019, while Gibson Dunn has continued to withhold its itemized billing records. And Defendants seek relief before this Court within a reasonable time of the Magistrate Judge's March 29, 2019 order regarding Gibson Dunn's February 2019 invoice.

The equities also weigh in Defendants' favor under Rule 60(b)(6). The Court's appointment of Gibson Dunn under Federal Rule of Evidence 706 is unprecedented, particularly given the quasi-prosecutorial powers granted to Gibson Dunn, including the authority to pierce the attorney-client privilege and attorney work-product doctrine (*see* Feb. 20, 2019 Order at 1, 5-7 (denying Defendants' motion for a protective order to protect against the disclosure of privileged

8

Defs.' Rule 67 Mot., Rule 60(b) Mot., & Stay Request (2:90-cv-00520 KJM-DB (PC))

communications and documents)), and given the Prison Litigation Reform Act's provisions for appointing and paying special masters endowed with the powers the Court has granted Gibson Dunn. Defendants' appeal of the Court's appointment orders challenges not only the Court's jurisdiction and legal basis for Gibson Dunn's appointment, but also the process the Court has created to govern the investigation, including how Gibson Dunn would be paid.

## CONCLUSION

Until the Ninth Circuit decides the propriety of the orders appointing Gibson Dunn under Rule 706, this Court should hold in trust all amounts claimed by Gibson Dunn for its work in this matter. And until the Court rules on this motion, Defendants request that any order requiring them to pay Gibson Dunn directly be stayed.

Dated: April 4, 2019

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
JAY C. RUSSELL
Supervising Deputy Attorney General

/s/ Adriano Hrvatin

ADRIANO HRVATIN
Supervising Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003
42140970.docx

9

Defs.' Rule 67 Mot., Rule 60(b) Mot., & Stay Request (2:90-cv-00520 KJM-DB (PC))