UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, <br><br> Plaintiff, <br><br> v. <br><br> GAVIN NEWSOM, et al., <br><br> Defendants. | No. 2:90-cv-0520 KJM DB P <br><br><br><br><br> ORDER |

    Defendants have filed a motion under Federal Rule of Civil Procedure 67 for leave to deposit payments for the neutral expert in the court's registry or, in the alternative under Federal Rule of Civil Procedure 60(b) to modify the court's December 14, 2018 and January 8, 2019 orders appointing the neutral expert, ECF Nos. 6033, 6064 (hereafter "appointment orders"). ECF No. 6121. The motion is noticed for hearing on May 16, 2019. *Id*.

    Defendants also seek a stay of the payment provisions of the appointment orders pending ruling on the motion. Defendants' motion contains neither legal authority for nor analysis of their stay request. *See* ECF No. 6121, *passim*. "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). Defendants "must make out a clear case of hardship or inequity in being required to go forward, if there is even a

1

fair possibility that the stay [they seek] will work damage to someone else." *Landis v. North American Co.*, 299 U.S. 248, 255 (1936).

Defendants have not met their burden. Defendants have appealed the appointment orders to the United States Court of Appeals for the Ninth Circuit, but they have not previously sought a stay of any aspect of those orders pending appeal. *See* ECF Nos. 6058, 6078. Their motion to deposit funds in the court's registry or to modify the payment provisions of the appointment orders is, in effect, a motion to stay payment of compensation to the neutral expert pending disposition of that appeal, *see* ECF No. 6121 at 9, and the request to stay orders for direct payment pending this court's resolution of that motion is an extension of that effort.

> Different Rules of Procedure govern the power of district courts and courts of appeals to stay an order pending appeal. See Fed. Rule Civ. Proc. 62(c); Fed. Rule App. Proc. 8(a). Under both Rules, however, the factors regulating the issuance of a stay are generally the same: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

In the substance of the April 4, 2019 motion, defendants seek an order requiring them to deposit funds owed to the neutral expert into the court's registry, rather than paying the expert directly, pending disposition of their appeal. Defendants must make a showing that they will suffer "irreparable injury" if they are required to pay the neutral expert directly between now and the time this court rules on their motion. As noted above, defendants have made no showing of injury suffered during this time. Both the present request for stay and defendants' underlying motion are predicated only on alleged monetary injury which, without more "'does not usually constitute irreparable injury.'" *Los Angeles Memorial Coliseum Commission v. National Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980) (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)). On the other hand, granting defendants' request for stay would require the neutral expert to work without compensation for at least two and a half months, from February 1, 2019 through April 15, 2019, when the court currently expects to receive his report. *See* ECF No. 6033

at 3; ECF No. 6064 at 1 n.1.  Defendants have made no showing that this court could impose such a requirement on the neutral expert and doing so would work a manifest injustice.

In accordance with the above, IT IS HEREBY ORDERED that defendants' request for a stay of orders requiring defendants to pay compensation directly to the neutral expert pending the court's ruling on their April 4, 2019 motion is DENIED.  This resolves ECF No. 6121 in part.

DATED:  April 9, 2019.

_____
UNITED STATES DISTRICT JUDGE