DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California  94710-1916
Telephone:    (510) 280-2621

CLAUDIA CENTER – 158255
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California  94111-4805
Telephone:    (415) 621-2493

MICHAEL W. BIEN – 096891
JEFFREY L. BORNSTEIN – 099358
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LISA ELLS – 243657
JENNY S. YELIN – 273601
MICHAEL S. NUNEZ – 280535
JESSICA WINTER – 294237
MARC J. SHINN-KRANTZ – 312968
CARA E. TRAPANI – 313411
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:    (415) 433-6830

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GAVIN NEWSOM, et al.,<br><br>　　　　Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DEPOSIT FUNDS WITH THE COURT PENDING APPEAL**<br><br>Judge:　Hon. Kimberly J. Mueller<br>Date:　May 16, 2019<br>Time:　10:00 a.m.<br>Crtrm.:　3, 15th Floor |

[3382686.1]

On April 9, 2019, the Court denied in part Defendants' motion to deposit funds with the court pending appeal and request for a stay, holding that "Defendants' motion contains neither the legal authority for nor analysis of their stay request."  Apr. 9, 2019 Order, ECF No. 6122 at 1.  As the Court has already denied Defendants' stay request, this Opposition responds to Defendants' remaining requests to (1) deposit payments for the neutral expert in the court's registry under Federal Rule of Civil Procedure 67, or (2) in the alternative, to modify the court's December 14, 2018 and January 8, 2019 orders appointing the neutral expert, ECF Nos. 6033, 6064 (hereafter "appointment orders"), under Federal Rule of Civil Procedure 60(b).  *See* Defs.' Mot. For Leave to Deposit Funds in Court's Registry ("Mot."), ECF No. 6121 at 1-2.  Defendants' arguments under Rules 67 and 60(b) are unsupported by the letter of the rules themselves, the relevant caselaw, and the procedural context at issue here, especially now that the neutral expert has deemed his investigation complete and submitted his resulting report to the Court.  Accordingly, the Court should deny Defendants' motion.

I.    **THE COURT SHOULD DENY DEFENDANTS' REQUEST UNDER RULE 67 TO DEPOSIT PAYMENTS FOR THE NEUTRAL EXPERT IN THE COURT'S REGISTRY**

"The core purpose of Rule 67 is to relieve a party who holds a contested fund from responsibility for disbursement of that fund among those claiming some entitlement thereto."  *Alstom Caribe, Inc. v. George P. Reintjes Co., Inc.*, 484 F.3d 106, 113 (1st Cir. 2007); *Fulton Dental, LLC v. Bisco, Inc.*, 860 F.3d 541, 545 (7th Cir. 2017) (same).  Most often, Rule 67 arises "in cases of interpleader and of tender of an undisputed sum."  *See* Wright & Miller, 12 Fed. Prac. & Proc. Civ. § 2991 (3d ed. Nov. 2018); *see also Bank of China v. Wells Fargo Bank & Union Trust Co.*, 209 F.2d 467, 473 (9th Cir. 1953) (finding applicability of Rule 67 in dispute between Chinese government groups over deposit of Bank of China in American bank, and counseling that "Wells Fargo could have … requested the court's permission to deposit the money into the registry of the court pursuant to Rule 67").  None of these contexts apply here, nor have Defendants identified precedent from any remotely analogous situation.  Defendants' request to deposit funds

[3382686.1]

with the Court under Rule 67 should be denied.

This is not a case of interpleader, nor do Defendants seek to relieve themselves from responsibility for dispersing a contested fund.  Rather, Defendants seek to use Rule 67 to skirt the Court's orders to fund the neutral expert's investigation, which has now resulted in the expert's submission of his report.  Defendants argue that that the deposit-in-court procedure is justified because "the appointment orders provide no vehicle for Defendants to claw back Gibson Dunn's fees should the Ninth Circuit rule in Defendants' favor," Mot. at 6, but this is an improper use of Rule 67.  If Defendants wanted to avoid paying for the investigation as required by the Court's appointment orders during the pendency of their appeal, the correct course of action would have been to attempt to secure a stay in the Ninth Circuit, either at the outset of the investigation, or at a minimum after this Court denied Defendants' entirely unsubstantiated stay request embedded in the instant motion over three weeks ago.  *See* Apr. 9, 2019 Order, ECF No. 6122.

Defendants' inappropriate reliance on Rule 67 is nothing more than an attempt to circumvent the required showing for a stay, which they cannot meet.  Indeed, the legitimacy of their request, and any claimed urgency, is substantially undermined by their decision to wait to seek relief from this Court until after paying the neutral expert's fees and costs for work performed during the first two months of the investigation.[1]  *See* Mot. at 5.  In the highly unlikely event that some or all of the payments made to the neural expert are held by the Ninth Circuit to be unwarranted, the neutral expert and his law firm are available to Defendants here in Sacramento to seek a refund.  Particularly now that the neutral expert has deemed his investigation complete and submitted his resulting report to

---

[1] While Defendants sought similar relief from the magistrate judge assigned to this matter for the December 2018 and January 2019 invoices, Magistrate Judge Barnes determined in February 2019 that only the district court had the authority to grant the requested relief and denied Defendants' motion.  *See* Feb. 20, 2019 Order, ECF No. 6093.  Rather than promptly seeking relief from this Court consistent with the magistrate judge's order, Defendants simply paid the initial two invoices and then waited until now to file the instant motion challenging the third invoice.  *See* Mot. at 5.

[3382686.1]

1  the Court, delaying payment to the expert for two out of four months of work pending a

2  decision by the Ninth Circuit on Defendants' unhurried appeal—which will likely not issue

3  for a year or more—is neither appropriate under Rule 67 nor supported by the specific

4  circumstances of this case.

5      For these reasons, the Court should deny Defendants' request under Rule 67 to

6  deposit funds with the Court pending Defendants' appeal.

7  **II.  THE COURT SHOULD DENY DEFENDANTS' REQUEST UNDER
       RULE 60(b) TO DEPOSIT PAYMENTS FOR THE NEUTRAL EXPERT IN
8      THE COURT'S REGISTRY**

9      Defendants argue in the alternative that they "are entitled to the requested relief

10  under Federal Rules of Civil Procedure 60(b)(5) or 60(b)(6)." Mot. at 7. First and

11  foremost, "it should be noted that the granting or denial of [Rule 60(b)] motions is left

12  largely to the discretion of the court." *Savarese v. Edrick Transfer & Storage, Inc.*, 513

13  F.2d 140, 146 (9th Cir. 1975). Because Defendants fail to meet their burden under both

14  Rule 60(b)(5) and Rule 60(b)(6), the Court should exercise its discretion and deny

15  Defendants' motion.

16      *First*, Rule 60(b)(5) allows for modifications to a judgment that "prospectively is no

17  longer equitable." Fed. R. Civ. P. 60(b)(5). "[I]n order to grant a Rule 60(b)(5) motion to

18  modify a court order, a district court must find a significant change either in factual

19  conditions or in law." *S.E.C. v. Coldicutt*, 258 F.3d 939, 941 (9th Cir. 2001) (internal

20  quotations and citations omitted). No such circumstances exist here. As early as

21  November 11, 2018, the Court signaled that any neutral expert it appointed would be

22  "reasonably compensated in an amount to be set by the court." Nov. 13, 2018 Order, ECF

23  No. 6002 at 7. After giving the parties the opportunity to respond to its order to show

24  cause why the court should not appoint a neutral expert, the Court confirmed that

25  Defendants would be required to pay the neutral expert's "reasonable compensation, as set

26  by the court." Nov. 29, 2018 Order, ECF No. 6018 at 8-9 (quoting Federal Rule of

27  Evidence 706(c)). The Court also issued a proposed order of appointment putting

28  Defendants on notice "that the neutral expert *and any of his staff* shall be compensated at a

3

[3382686.1]

1   reasonable *blended hourly rate* per hour."  Ex. B to Nov. 29, 2018 Order, ECF No. 6018-2

2   at 5 (emphasis added).  The proposed order of appointment also set forth a detailed process

3   for how the neutral expert's invoices would be submitted to the Court for review.  *Id.* at 6.

4          Given these prior orders, Defendants' contention that the Court "provided no

5   notice" that the neutral expert's team would be comprised of more than one person, or that

6   they would be compensated at a uniform reasonable rate based on invoices submitted to

7   the court, Mot. at 7-8, is disingenuous at best.  *See also* Feb. 11, 2019 Order, ECF No.

8   6083 at 5 (finding "defendants were given ample opportunity prior to the court's

9   appointment of the neutral expert, including at the December 14, 2018 status conference,

10  to raise questions about what the neutral expert's rate of compensation would be and how

11  it would be set; they did not raise concerns then").  And to the extent Defendants now

12  complain that the Court's procedure provides for no claw-back mechanism, Mot. at 8, the

13  record shows Defendants never requested such a mechanism when they had the chance to

14  do so before the start of the investigation even though the appointment orders made clear

15  that Defendants would be required to pay the neutral expert during the investigation's

16  pendency.  Defendants also never sought a stay in the Ninth Circuit of any of the

17  procedures they complain about here.

18          *Second*, Defendants similarly fail to make the requisite showing to justify relief

19  under Rule 60(b)(6).  To qualify for relief under "the limited area of Rule 60(b)(6),"

20  Defendants must "establish the existence of extraordinary circumstances which prevented

21  or rendered [them] unable to prosecute an appeal."  *Martella v. Marine Cooks & Stewards*

22  *Union*, 448 F.2d 729, 730 (9th Cir. 1971) (per curiam).  Defendants have made no such

23  showing.  On the contrary, Defendants *have* appealed the appointment orders and nothing

24  prevents them from prosecuting them fully, including seeking a stay to protect their rights

25  if so warranted.  As Defendants themselves recognize, their appeal, not Rule 60(b)(6), is

26  the proper avenue for challenging the terms of the Court's orders, "including how Gibson

27  Dunn would be paid."  Mot. at 9; *cf. Rodgers v. Watt*, 722 F.2d 456, 460-61 & n.4 (9th Cir.

28  1983) (granting relief only inasmuch as to "preserve the right of appeal" where clerk failed

[3382686.1]

1    to notify parties of entry of judgment and it was necessary for court to vacate and reenter

2    judgment so timely appeal could be taken).

3            Moreover, the equities do not weigh in Defendants' favor under Rule 60(b)(6), and

4    the Court should reject Defendants' improper attempt to recycle arguments this Court has

5    already rejected in previous orders.  *See* Mot. at 8-9.  For example, the Court has already

6    squarely rejected, after carefully reviewing the parties' responses to the order to show

7    cause, Defendants' claim that the neutral expert's appointment is subject to the PLRA.  *See*

8    Nov. 29, 2018 Order, ECF No. 6018 at 9-10.  Similarly, the Court has already addressed

9    and rejected Defendants' objections to the Court's determination that the neutral expert

10   must have access to allegedly privileged information if necessary.  *See* Feb. 20, 2019

11   Order, ECF No. 6069 (finding "no basis" for a protective order, and reminding Defendants

12   "of the obligations imposed by Federal Rule of Civil Procedure 11" given their "apparent

13   disregard of the court's prior orders regarding the procedures to be followed"); *see also*

14   Dec. 13, 2018 Order, ECF No. 6032 at 9 (finding that court "must not preclude the

15   gathering of whatever information is relevant to its ultimate assessment").  Moreover, the

16   Court has also already made the well-supported finding that the time the neutral expert has

17   spent conducting his investigation "is entirely reasonable" given the magnitude of the case

18   and "the centrality of the issues raised."  Feb. 11, 2019 Order, ECF No. 6083 at 5.  Given

19   that the Ninth Circuit will likely not issue a ruling on Defendants' appeal for a year or

20   more, and that Defendants can request reimbursement from the Ninth Circuit if that Court

21   finds the challenged payments improper, the equities weigh heavily in favor compensating

22   the neutral expert for the last two months of his work, which have culminated in

23   submission of his investigatory report currently under consideration by this Court.

24           Lastly, Defendants' Rule 60(b) motion was not made "within a reasonable time" as

25   the rule requires.  *See* Fed. R. Civ. P. 60(c)(1).  Instead, it comes months after the

26   appointment orders, and after Defendants have already paid some (but not all) of the

27   neutral expert's invoices.  Defendants previously moved the magistrate judge to deposit

28   funds with the court pending appeal under Rule 67 on February 15, 2019.  *See* ECF No.

5

[3382686.1]

6089.  Plaintiffs opposed that motion, ECF No. 6092, and the magistrate judge denied Defendants' request, holding that it was "without authority to revise" this Court's appointment orders, ECF No. 6093.  Defendants could have then subsequently filed the instant motion with the Court, requesting modification of the appointment orders under Rule 60(b).  They did not.  Allowing Defendants to pursue these claims now, particularly when they have never sought urgent relief from the Ninth Circuit for the same arguments they recycle here, encourages endless relitigation and a waste of judicial resources.

## CONCLUSION

For all the foregoing reasons, this Court should deny Defendants' request to deposit funds with the Court pending Defendants' appeal.

DATED:  May 1, 2019                    Respectfully submitted,

                                       ROSEN BIEN GALVAN & GRUNFELD LLP

                                       By:  */s/ Cara E. Trapani*
                                            Cara E. Trapani

                                       Attorneys for Plaintiffs

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DEPOSIT FUNDS WITH THE COURT PENDING APPEAL

[3382686.1]