XAVIER BECERRA
Attorney General of California
MONICA N. ANDERSON
Senior Assistant Attorney General
ADRIANO HRVATIN, State Bar No. 220909
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
TOBIAS G. SNYDER, State Bar No. 289095
TYLER V. HEATH, State Bar No. 271478
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7325
 Fax: (916) 324-5205
 E-mail: Tyler.Heath@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                                        Plaintiffs,<br><br>           v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>                                        Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION UNDER FEDERAL RULES OF CIVIL PROCEDURE 67 AND 60(B)**<br><br>Judge:   The Honorable Kimberly J. Mueller |

**INTRODUCTION**

Gibson, Dunn & Crutcher LLP has not opposed Defendants' motion under Federal Rule of Civil Procedure 67 to deposit any remaining fees deemed owed to Gibson Dunn into the Court's registry. Only Plaintiffs opposed Defendants' motion, but Plaintiffs have no interest in the amount paid to Gibson Dunn, or how or when Gibson Dunn is paid, and do not suggest that they or anyone else would be harmed by temporarily having any remaining fees deemed owed to Gibson Dunn deposited into the Court's registry. Plaintiffs also ignore that state taxpayers are to date on the hook for over $1.1 million in fees and costs to Gibson Dunn, even though the firm

1

found no evidence of fraud on the Court and in fact confirmed Defendants' determination from November 2018 that Defendants did not defraud or intentionally mislead the Court or Special Master. In light of Defendants' pending appeal and the absence of any clear mechanism for Defendants to claw back fees once they have the opportunity to review and challenge Gibson Dunn's invoices, Defendants' Rule 67 and 60 motion should be granted.

## ARGUMENT

### I. THE COURT SHOULD DISREGARD PLAINTIFFS' OPPOSITION BECAUSE PLAINTIFFS LACK STANDING TO CHALLENGE DEFENDANTS' MOTION.

The law provides that a party in litigation generally lacks standing to oppose a motion if the party is unaffected by the motion. *See e.g.*, *Clark v. Hamilton Mortg. Co.*, No. 1:07-CV-252, 2008 WL 919612, at *2 (W.D. Mich. Apr. 2, 2008) (proposed defendants were not entitled to oppose motion to amend because they were unaffected by the proposed amendment); *Castellani v. City of Atl. City*, No. CV 13-5848, 2015 WL 12829622, at *2 (D.N.J. Aug. 4, 2015) (same); *Vasquez v. Summit Women's Ctr., Inc.*, No. CIV. 301CV955PCD, 2001 WL 34150397, at *1 (D. Conn. Nov. 16, 2001) (opposition to motion to amend by a non-party is "dubious"). The Court should reject Plaintiffs' opposition because Plaintiffs have no interest in how, when, or in what amount Gibson Dunn is paid for its work in this matter. *See, e.g., United States v. Real Prop. Located at 475 Martin Lane,* No. CV 04-2788, 2012 WL 8962890, at *3 (C.D. Cal. Oct. 5, 2012), vacated and remanded on other grounds sub nom. in *United States v. Kim*, 806 F.3d 1161 (9th Cir. 2015) (court held claimant lacked standing to oppose motion to pay attorneys' fees deposited in an interest-bearing account where the fees were not part of the *res* upon which the party sought liability); *Dorvin v. 3901 Ridgelake Drive, LLC*, No. CIV.A. 11-00696, 2012 WL 1057599, at *6 (E.D. La. Mar. 28, 2012) (party that was not adverse on a claim did not have a right to oppose summary judgment on that claim); *Ireh v. Nassau Univ. Med. Ctr.*, No. 1:08-CV-0470, 2008 WL 11322922, at *2 (N.D. Ga. Mar. 4, 2008), adhered to on reconsideration, No. 1:08-CV-470, 2008 WL 11324057 (N.D. Ga. Apr. 9, 2008) (a party lacked standing to oppose a subpoena issued to a non-party unless the party has a personal right or privilege in the information subpoenaed). Indeed, with every "summary" invoice submitted to date, Plaintiffs have submitted nothing—in

2

Defs.' Reply Supp. Rules 67 & 60(b) Mot. (2:90-cv-00520 KJM-DB (PC))

1  support of or in opposition to—Gibson's fee and cost demands. (*See* ECF Nos. 6082, 6083 &

2  6107.)  Plaintiffs should not be allowed to do so now with an improper opposition.

3          The Court's appointment orders imposed upon Defendants the sole obligation to pay

4  Gibson Dunn for its work as the Court's expert.  Plaintiffs specifically argued against contributing

5  financially to the investigation on the ground that they represent indigent inmates and the fact that

6  they were "not the ones bringing" the motion for appointment and the "client is the Court itself."

7  (Nov. 5, 2018 Hrg. Tr. at 10:2-15.)  Defendants timely appealed the Court's orders appointing

8  Gibson Dunn, including the structure created to compensate Gibson Dunn for its work.  Pending

9  that appeal, Defendants moved for leave to pay Gibson Dunn's fees into an interest-bearing

10 account to maintain the status quo pending the completion of Gibson Dunn's investigation.

11 (Defs.' Mot. Deposit Funds at 6, Apr. 4, 2019, ECF No. 6121.)  The investigation is now

12 complete—Gibson Dunn found that Defendants did not defraud the Court or Special Master and

13 found no facts warranting an evidentiary hearing.  (ECF No. 6147 at 7.)  Defendants' interest in

14 protecting limited state taxpayer funds is now that much more paramount, whereas the Court's

15 resolution of Defendants' motion will not impact Plaintiffs.  At best, Plaintiffs had an interest in

16 the Court investigating Dr. Golding's allegations because they concerned patient care.  But

17 having disavowed any obligation to pay for that obligation, Plaintiffs lack standing to challenge

18 Defendants' motion.

19 **II.  THE COURT SHOULD GRANT DEFENDANTS' RULE 67 REQUEST TO DEPOSIT ANY REMAINING FUNDS OWED GIBSON DUNN IN TRUST.**

20

21         The Federal Rules of Civil Procedure and this District's Local Rules give parties a

22 procedural avenue to request leave of Court to deposit disputed funds deemed payable to Gibson

23 Dunn in trust pending resolution of Defendants' appeal.  Defendants followed those procedures.

24 (*See* Defs' Mot. Deposit Funds, Feb. 15, 2019, ECF No. 6028; *see also* ECF No. 6121.)

25 Nonetheless, Plaintiffs urge this Court to reject Defendants' Rule 67 request, primarily on the

26 ground that Rule 67 applies only in the context of interpleader actions.  But Rule 67's application

27 is not so narrowly defined.  Contrary to what Plaintiffs argue, Rule 67 applies in a number of

28 contexts, including holding funds in situations where there is a dispute about the payment of fees,

3

Defs.' Reply Supp. Rules 67 & 60(b) Mot. (2:90-cv-00520 KJM-DB (PC))

*see, e.g., Albert v. Am. Family Ins. Co.*, 739 F. App'x 607, 611 (11th Cir. 2018) (court did not abuse discretion in depositing funds into the registry given a dispute over the enforceability of a settlement and the amount of attorneys' fees), and pending appeal, *Garrick v. Weaver*, 888 F.2d 687, 694 (10th Cir. 1989) (court may order funds due under a judgment deposited into the court's registry pending appeal). In sum, as Defendants previously demonstrated, Rule 67's "deposit-in-court procedure should be available" in these circumstances, Adv. Comm. Notes, Fed. R. Civ. P. 67, and Plaintiffs have not provided persuasive legal authority precluding the Court from granting Defendants' requested relief.

Unable to show that the law precludes Defendants' requested relief, Plaintiffs argue that Defendants' motion is otherwise improper. Plaintiffs contend that Defendants should have sought a stay of proceedings instead of or in connection with their pending motion. (Pls.' Opp'n at 3, May 1, 2019, ECF No. 6138.) The contention fails. A party seeking to deposit disputed funds into the Court's registry does not need to first obtain a stay pending appeal. *See Garrick*, 888 F.2d at 694-95 (even in the absence of a stay, party not entitled to funds deposited into registry because the appeal deprived court jurisdiction to disperse the fees). Moreover, and notwithstanding Defendants' objections to and appeal from the Court's orders appointing Gibson Dunn, Defendants cooperated with Gibson Dunn's investigation of Dr. Golding's allegations, identifying relevant witnesses, producing thousands of pages in documents, and providing raw data from their data warehouse as needed. (Neutral Expert's Report, ECF No. 6147 at 13-14.) Defendants have been transparent from the outset—once Dr. Golding published his allegations, Defendants proposed alternative, and more efficient and cost-effective ways to evaluate the allegations. (Defs.' Response to Order to Show Cause at 16-19, Nov. 20, 2018, ECF No. 6009.) Defendants' Rule 67 motion is consistent with their efforts to resolve Dr. Golding's allegations under normal civil procedures and in a manner that protective of the State's resources.

Plaintiffs suggest that Defendants can ask Gibson Dunn for a refund or request relief in the form of reimbursement from the Ninth Circuit, should Defendants successfully appeal the Court's appointment orders. (ECF No. 6138 at 2, 5.) But Plaintiffs cite to no legal authority to support their position. The Court's appointment orders provide no mechanism for Defendants to claw

4

back any improper or unreasonable fees paid to Gibson Dunn. The Court stated that it would make Gibson Dunn's itemized invoices part of the record "for appellate review" upon the investigation's completion, but those invoices remain under seal. (ECF No. 6083 at 4.) And in rejecting Defendants' objections to Gibson Dunn's initial summary invoices (*id*.), the Court did not identify how Defendants could seek reimbursement from Gibson Dunn should the Ninth Circuit agree that the Court improperly appointed Gibson Dunn as an expert under Federal Rule of Evidence 706 and assigned all costs to Defendants. This procedural posture supports Defendants' reliance on Rule 67 to maintain the status quo pending resolution of Defendants' appeal, rather than expend even further resources at some future time to seek reimbursement for funds paid to Gibson Dunn that should not have been paid in the first instance.

### III. DEFENDANTS ARE SEPARATELY ENTITLED TO RELIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(B).

If the Ninth Circuit determines the Court improperly invoked Rule 706 to appoint Gibson Dunn as its fraud investigator, the recourse for Defendants to be reimbursed fees and costs paid to Gibson Dunn is unclear. Defendants have already paid Gibson Dunn almost $800,000, and the firm's most recent invoice increases the total amount owed to over $1.1 million, with a fifth invoice yet to be issued for the Court and Defendants' consideration. Absent the relief Defendants seek here, the harm inures solely to Defendants, who in November 2018 demonstrated that Dr. Golding's fraud-on-the-court allegations were unfounded and did not warrant Gibson Dunn's appointment or investigation. (*See* ECF No. 6012 at 4-5.) Plaintiffs do not suggest that they or anyone else would be harmed by temporarily having any remaining amounts deemed owed to Gibson Dunn deposited into the Court's registry.

The case has also experienced several changed circumstances since the Court's appointment orders that justify modification of those orders. While the Court's appointment orders may have contemplated a "reasonable blended rate" and that Gibson Dunn could engage additional team members to work on the investigation, the orders did not give notice that the "reasonable blended rate" would be set at $775 per hour or that Gibson Dunn's team would grow to include six attorneys and outside vendors. Nor did the Court's orders give notice that it would

5

Defs.' Reply Supp. Rules 67 & 60(b) Mot. (2:90-cv-00520 KJM-DB (PC))

1  withhold Gibson Dunn's itemized billing records and retain those records under seal, effectively
2  depriving Defendants of the ability to evaluate the Court's assessment of the reasonableness of
3  Gibson Dunn's fees.  (*See* ECF No. 6064 at 5 ("independent investigator will submit to the court
4  a proposed monthly invoice for services rendered, summarizing time spent and expenses
5  incurred.")  Defendants sought relief from the Court's appointment orders as soon as they saw the
6  Court's application and interpretation of the orders' terms, including with appropriate objections
7  to the Magistrate Judge.  *See Hodgson v. United Mine Workers of Am.*, 473 F.2d 118, 125 (D.C.
8  Cir. 1972) (recognizing that if "a court's ruling has discretionary elements based on
9  circumstances which are subject to alteration, the law recognizes the power and responsibility of
10 the court to reconsider its ruling if a material change in circumstances has in fact occurred").
11 Plaintiffs argue otherwise, but Defendants filed the instant motion within a reasonable time under
12 the circumstances.  *See In re Pac. Far E. Lines, Inc.*, 889 F.2d 242, 249 (9th Cir. 1989) (motion
13 for reconsideration filed 18 months after order was reasonable under the circumstances).  And
14 Plaintiffs identify no prejudice should the Court order Gibson Dunn's remaining fees to be paid in
15 trust, assuring Gibson Dunn of full payment should Defendants' appeal fail.

## CONCLUSION

Gibson Dunn concluded that Defendants did not defraud or mislead the Court or Special Master, an outcome Defendants forecasted in November 2018, before the Court's orders appointing the firm as its Federal Rule of Evidence 706 expert.  Given Defendants' appeal of those orders, and for the reasons set forth in its motion, the Court should grant Defendants' motion to deposit any remaining compensation deemed payable to Gibson Dunn into an interest-bearing account in the Court's registry.

## CERTIFICATION

The undersigned counsel for the Defendants certifies that he reviewed the following relevant Court orders:  October 12, 2018 (ECF No. 5949); October 15, 2018 (ECF No. 5951); October 17, 2018 (ECF No. 6967); October 18, 2018 (ECF No. 5973); October 25, 2018 (ECF No. 5986); October 31, 2018 (ECF No. 5989); November 7, 2018 (ECF No. 5999); November 13, 2018 (ECF No. 6002); October 29, 2018 (ECF No. 6018); December 14, 2018 (ECF Nos. 6032,

6

Defs.' Reply Supp. Rules 67 & 60(b) Mot. (2:90-cv-00520 KJM-DB (PC))

1  6033); December 18, 2018 (ECF Nos. 6048, 6051); December 20, 2018 (ECF No. 6053);
2  December 21, 2018 (ECF No. 6055). January 8, 2019 (ECF No. 6064); January 11, 2019 (ECF
3  No. 6067); January 30, 2019 (ECF No. 6079); February 7, 2019 (ECF No. 6082); February 11,
4  2019 (ECF No. 6083); February 20, 2019 (ECF No. 6093); February 20, 2019 (ECF No. 6096);
5  February 25, 2019 (ECF No. 6099); February 28, 2019 (ECF No. 6101); March 15, 2019 (ECF
6  No. 6107); March 29, 2019 (ECF No. 6115); April 9, 2019 (ECF No. 6122); April 29, 2019 (ECF
7  No. 6135); and May 1, 2019 (ECF No. 6139).

Dated:  May 14, 2019                          Respectfully submitted,

                                              XAVIER BECERRA
                                              Attorney General of California
                                              ADRIANO HRVATIN
                                              Supervising Deputy Attorney General

                                              /s/ *Tyler V. Heath*

                                              TYLER V. HEATH
                                              Deputy Attorney General
                                              *Attorneys for Defendants*

CF1997CS0003
13736441

7

Defs.' Reply Supp. Rules 67 & 60(b) Mot. (2:90-cv-00520 KJM-DB (PC))