# ATTACHMENT B



**XAVIER BECERRA**
*Attorney General*

**State of California**
**DEPARTMENT OF JUSTICE**

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public: (415) 510-4400
Telephone: (415) 510-3577
Facsimile: (415) 703-5843
E-Mail: Adriano.Hrvatin@doj.ca.gov

May 7, 2019

*By Email*

The Honorable Deborah Barnes
United States Magistrate Judge
Eastern District of California
501 I Street
Sacramento, CA 95814

RE: *Coleman, et al. v. Newsom, et al.*
U.S. District Court, Eastern District of California, Case No. 2:90-cv-0520 KJM DB

Dear Magistrate Judge Barnes:

    This letter concerns Gibson, Dunn & Crutcher LLP's April 11, 2019 invoice seeking $396,589.74 for services rendered in March 2019.

    Defendants request that the Court disclose Gibson Dunn's itemized billing records supporting the current invoice, and all prior invoices, so that Defendants may evaluate the reasonableness of the work performed to date in this matter. The Court previously held that "the detailed billing statements will be made a part of the record, filed under seal until the investigation is concluded, and so available for appellate review." (Order 4, Feb. 11, 2019, ECF No. 6083.) Gibson Dunn argued, and the Court accepted, that disclosing the itemized billing records during its investigation could compromise Gibson Dunn's work. (*Id.* at 4-5.) On April 22, 2019, Gibson Dunn submitted its final report (*see* Minute Order, May 3, 2019, ECF No. 6146), which the Court published on the public docket on May 3, 2019. (Neutral Expert Report, May 3, 2019, ECF No. 6147.) Because Gibson Dunn has concluded its investigation into all the matters that the Court requested (*see id.* at 1-6, 25-91), Defendants now should have a meaningful opportunity to evaluate the itemized billing records and reasonableness of Gibson Dunn's fees (which have surpassed $1.1 million), and the Court should resolve any objections so that there is an adequate record for appellate review. (*See* E.D. Civ. L. R. 292 (setting forth the rules for taxing costs such as compensation of court-appointed experts, which include giving the party against whom costs are claimed the opportunity to file specific objections).)

    With Gibson Dunn's itemized billing records in hand, Defendants could, in addition to analyzing the over 500 hours of work performed by seven timekeepers, evaluate certain questionable items billed as "costs/charges" in the April 11, 2019 invoice. For example, the invoice seeks $15,950 for "outside services/consultants." Gibson Dunn may only be

The Honorable Deborah Barnes
May 7, 2019
Page 2

compensated for work performed by team members approved by the Court.  (*See*, *e.g.*, Amended Order 2, Jan. 8, 2019, ECF No. 6064.)  Without more information, Defendants and the Court cannot verify the propriety of this billing entry, particularly given Gibson Dunn's past submission of an invoice seeking payment for an unauthorized timekeeper.  (*See* Order 1-2, Feb. 26, 2019, ECF No. 6099.)  As a further example of why the Court should provide the detailed bills, the invoice seeks $3,053.00 for "transcripts/digesting."  Although Gibson Dunn transcribed various witnesses' interviews during the investigation, the summary invoice does not describe how "digesting" is a reimbursable expense or who performed that task.  As Gibson Dunn has completed its investigation, Defendants should have access to the expert's itemized billing records to inform their objections to the current invoice, and past and future invoices.

      Defendants also state and reserve their objection to payment of this and future invoices pending resolution of Defendants' pending motion requesting leave to deposit any remaining funds deemed payable to Gibson Dunn into the Court's registry, given Defendants' appeal of the orders appointing Gibson Dunn under Federal Rule of Evidence 706.  The Court denied that part of Defendants' motion seeking to stay payment of the then pending and approved invoices (Order, Apr. 9, 2019, ECF No. 6122), but has not yet resolved the remainder of the motion.  (Minute Order, May 1, 2019, ECF No. 6139.)  To maintain the status quo, Defendants request that this Court defer ordering payment of the current invoice until the Court resolves Defendants' pending motion.

      Respectfully submitted,

      /s/ Adriano Hrvatin

      ADRIANO HRVATIN
      Supervising Deputy Attorney General

For:   XAVIER BECERRA
      Attorney General

cc:   Charles J. Stevens, Esq.
      Benjamin B. Wagner, Esq.
      Cara E. Trapani, Esq.
      Matthew A. Lopes Jr., Esq.
      Kerry F. Walsh, Esq.

CF1997CS0003
21446430.doc