XAVIER BECERRA, State Bar No. 118517
Attorney General of California
ADRIANO HRVATIN, State Bar No. 220909
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
TYLER V. HEATH, State Bar No. 271478
Deputy Attorneys General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-3577
 Fax:  (415) 703-5843
 E-mail:  Adriano.Hrvatin@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR THE DISCLOSURE OF GIBSON, DUNN AND CRUTCHER LLP'S ITEMIZED BILLING RECORDS, STAY REQUEST, AND REQUEST FOR EXPEDITED RULING**<br><br>Judge: The Hon. Kimberly J. Mueller |

### NOTICE OF MOTION

**TO THE COURT, THE PARTIES, AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendants, as directed by Magistrate Judge Barnes's May 16, 2019 order, and consistent with the Court's prior orders and the normal course of civil litigation, request that this Court release Gibson, Dunn & Crutcher LLP's itemized billing records before Defendants are ordered to pay any additional invoices. The Court entered an order on February 11, 2019 providing that Gibson Dunn's "detailed billing statements will be made a part of the record, filed under seal until the investigation is concluded, and so available for appellate review." (Order 4, Feb. 11, 2019, ECF No. 6083.) Gibson Dunn completed its investigation and submitted its final report on April 22, 2019. (ECF No. 6147.) Defendants thus request disclosure

1

Defs.' Not. Mot. & Mot. Disclosure Itemized Billing Records (2:90-cv-00520 KJM-DB (PC))

of Gibson Dunn's itemized billing records consistent with the Court's February 11, 2019 order. Pending disclosure of those records, and resolution of any objections to Gibson Dunn's invoices after briefing and an opportunity to be heard, Defendants request that the Court stay any order directing payment of any remaining fees directly to Gibson Dunn. Instead, the Court should direct Defendants to deposit Gibson Dunn's remaining fees into the Court's registry in an interest-bearing account, as permitted under Federal Rules of Civil Procedure 67.

This motion is based on this notice of motion, the supporting memorandum of points and authorities, and any other relevant records on file in this case. Defendants submit this matter with this motion and do not seek a hearing, but request an expedited decision on the matter by May 31, 2019, or at the Court's earliest convenience, under this District's Civil Local Rules 144(e) and 230(g), given that Magistrate Judge Barnes ordered Defendants to pay Gibson Dunn approximately another $400,000 for its March 2019 services by May 31, 2019. (*See* Hrvatin Decl. ¶¶ 2-6.)

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **ARGUMENT**

When Defendants objected to Gibson Dunn's first summary invoice for fees on the ground that Defendants were entitled to review Gibson Dunn's itemized billing records, the Court deprived Defendants of that opportunity and overruled their objection. Gibson Dunn "advised the court that providing the parties with a more detailed description of services *now* would risk compromising the integrity of the investigation." (Order 4-5, Feb. 11, 2019, ECF No. 6083 (emphasis added).) The Court accepted Gibson Dunn's representation and held that Gibson Dunn's "detailed billing statements will be made a part of the record, filed under seal *until the investigation is concluded*, and so available for appellate review." (*Id.* at 4 (emphasis added).) The then-pending investigation was the primary basis cited by the Court for depriving Defendants of the opportunity to review the itemized billing records while still compelling them to pay Gibson Dunn. Because Gibson Dunn has completed its investigation, and the "risk" relied upon during the investigation (*id.* at 5) no longer exists, there is no basis for continuing to withhold the detailed billing records from the party who has been ordered to pay them. Consistent with normal

2

Defs.' Not. Mot. & Mot. Disclosure Itemized Billing Records (2:90-cv-00520 KJM-DB (PC))

civil procedure, the longstanding invoice and payment practices in this case, as well as principles of fairness and transparency, Defendants should have an opportunity to review the itemized billing records before being required to pay Gibson Dunn's outstanding fees and costs. *See* E.D. Civ. L. R. 292 (setting forth the rules for taxing costs such as compensation of court-appointed experts, which include giving the party against whom costs are claimed the opportunity to file specific objections).

The Court's appointment orders gave Gibson Dunn four months to complete its investigation. (*See*, *e.g*., Appoint. Order 3, Dec. 14, 2018, ECF No. 6033.) The Court contemplated extending "[t]he time allowed for completion of the report," but "only upon a showing that substantial work remains to complete the duties" assigned to Gibson Dunn. (*Id*.) Gibson Dunn requested a one-week extension of time to complete and submit its report (ECF No. 6123), which the Court approved (ECF No. 6124). Although the Court's appointment orders also provided that Gibson Dunn could seek to expand the scope of the investigation beyond those areas identified by the Court (ECF No. 6033 at 3), Gibson Dunn made no such request during the course of its investigation. Instead, Gibson Dunn submitted its final report on April 22, 2019. (ECF No. 6147.) Gibson Dunn found that Defendants did not defraud the Court or Special Master and found no facts warranting an evidentiary hearing. (*Id*. at 7.) Gibson Dunn did not request that the Court extend the duration of its appointment or identify additional areas for investigation. And to the extent Gibson Dunn identified policy issues that could benefit from meet-and-confer discussions, Gibson Dunn recommended that the parties engage the Special Master to address those issues. (*Id*.) Gibson Dunn's investigation is over.

Following the investigation's conclusion, Defendants objected to Gibson Dunn's March 2019 invoice, and requested that the Magistrate Judge disclose Gibson Dunn's itemized billing records to the parties, consistent with normal civil procedures. (Order 2 & Ex. B, May 16, 2019, ECF No. 6155.) Gibson Dunn did not oppose this request. (ECF No. 6155-2.) Nonetheless, Magistrate Judge Barnes denied the request, concluding that this Court's February 11, 2019 order precluded disclosure of the records. (ECF No. 6155 at 2 (citing ECF No. 6083 at 4 (district court order holding that Gibson Dunn's "detailed billing statements will be made a part of the record,

3

Defs.' Not. Mot. & Mot. Disclosure Itemized Billing Records (2:90-cv-00520 KJM-DB (PC))

1  filed under seal, until the investigation is concluded, and so available for appellate review")).)

2  Magistrate Judge Barnes accordingly found "[t]hat [Defendants'] request should be directed to

3  the district court." (*Id.*) This motion heeds Magistrate Judge Barnes's guidance.

4      Defendants here request that the Court issue a limited order unsealing Gibson Dunn's

5  itemized billing records so that the parties can review them and create a complete record

6  "available for appellate review." At this stage of the proceeding, Defendants should have a

7  meaningful opportunity to evaluate the itemized billing records and reasonableness of Gibson

8  Dunn's fees (which have reached $1.5 million), and the Court should resolve any objections so

9  that there is an adequate record for appellate review. *See*, *e.g.*, E.D. Civ. L. R. 292.

10      While the parties evaluate the itemized billing records, the Court should stay any order

11  requiring Defendants to pay any remaining fees directly to Gibson Dunn, including Magistrate

12  Judge Barnes's order directing that Defendants pay Gibson Dunn's March 2019 invoice by May

13  31, 2019. The proponent of a stay "bears the burden of establishing its need." *Clinton v. Jones*,

14  520 U.S. 681, 708 (1997). The party "must make out a clear case of hardship or inequity in being

15  required to go forward, if there is even a fair possibility that the stay [they seek] will work

16  damage to someone else." *Landis v. North American Co.*, 299 U.S. 248, 255 (1936). Although

17  an alleged monetary injury without more "'does not usually constitute irreparable injury'" to

18  justify a stay, *see Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634

19  F.2d 1197, 1202 (9th Cir. 1980) (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)),

20  Defendants will suffer an "irreparable injury" if regular civil procedures designed to protect

21  fairness and transparency are unnecessarily circumvented and they are required to pay the further

22  invoices directly to Gibson Dunn before they can review Gibson Dunn's itemized billing records

23  and develop a record available for appellate review.

24      The Court previously found that Defendants did not show why the Court should stay

25  payment to Gibson Dunn pending resolution of Defendants' appeal challenging the Court's

26  appointment orders, concluding that "doing so would work a manifest injustice." (Order 2, Apr.

27  9, 2019, ECF No. 6122.) The opposite is now true. Absent a stay, a manifest injustice would fall

28  exclusively on Defendants. Gibson Dunn has not opposed Defendants' requests to deposit any

4

Defs.' Not. Mot. & Mot. Disclosure Itemized Billing Records (2:90-cv-00520 KJM-DB (PC))

remaining fees into the Court's registry. Plaintiffs opposed Defendants' now-submitted Federal Rules of Civil Procedure 67 and 60(b) motion, but Plaintiffs have no interest in the amount paid to Gibson Dunn, or how or when Gibson Dunn is paid, and do not suggest that they or anyone else would be harmed by temporarily having any remaining fees deemed owed to Gibson Dunn deposited into the Court's registry. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (in analyzing a stay, the court weighs the damage that may result from granting the stay against the hardship experienced if the matter proceeds). Moreover, the Court's appointment orders provide no mechanism for Defendants to claw back any improper or unreasonable fees paid to Gibson Dunn. And, in rejecting Defendants' objections to Gibson Dunn's initial summary invoices, the Court did not identify how Defendants could seek reimbursement from Gibson Dunn should the Ninth Circuit agree that it was improper for the Court to appoint Gibson Dunn as an expert and assign all costs to Defendants. Gibson Dunn completed its investigation and found that Defendants did not defraud the Court or Special Master and found no facts warranting an evidentiary hearing. (ECF No. 6147 at 7.) Defendants' interest in protecting state taxpayer funds is now that much more paramount.

Absent a stay, and separate from any monetary hardship imposed exclusively on state taxpayers, Defendants will have no opportunity to create the record for appellate review contemplated by the Court's February 11, 2019 order. Gibson Dunn has already been paid over $717,000. Magistrate Judge Barnes ordered Defendants to pay Gibson Dunn approximately $400,000 for its work in March 2019. (ECF No. 6155.) Gibson Dunn recently submitted its April 2019 invoice, increasing the firm's overall compensation to more than $1.5 million for just four months of work in this case. All the while, Defendants have had no opportunity to review how state taxpayer resources are being spent because Gibson Dunn's itemized billing records remain under seal. (ECF No. 6083 at 4.) A limited stay will allow the parties to create the record for appellate review that the Court envisioned when it first ordered the invoices to be filed under seal, before Defendants are left to pay for the entire investigation without clear recourse.

5

Defs.' Not. Mot. & Mot. Disclosure Itemized Billing Records (2:90-cv-00520 KJM-DB (PC))

**CONCLUSION**

Defendants request an expedited ruling on this motion to give effect to the Court's February 11, 2019 order, which contemplated that Gibson Dunn's itemized billing records would be released to Defendants following the completion of Gibson's Dunn's investigation. While Defendants evaluate those detailed billing records, the Court should stay any further payment directly to Gibson Dunn and direct Defendants to pay those amounts into the Court's registry.

Dated: May 24, 2019

Respectfully submitted,

XAVIER BECERRA
Attorney General of California

/s/ Adriano Hrvatin

ADRIANO HRVATIN
Supervising Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003
13770589.docx

6

Defs.' Not. Mot. & Mot. Disclosure Itemized Billing Records (2:90-cv-00520 KJM-DB (PC))