CHARLES J. STEVENS, SBN 106981
cstevens@gibsondunn.com
BENJAMIN B. WAGNER, SBN 163581
bwagner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GAVIN NEWSOM, et al.,<br><br>　　　　　Defendants. | No. 2:90-cv-0520 KJM DB P<br><br>**NEUTRAL EXPERT'S RESPONSE TO DEFENDANTS' MOTION FOR DISCLOSURE OF BILLING RECORDS AND STAY REQUEST** |

The defendants have filed a Motion for Disclosure of Gibson, Dunn and Crutcher LLP's Itemized Billing Records, Stay Request and Request for Expedited Ruling (ECF No. 6160), in which they seek the full itemized billing records Gibson Dunn submitted to the Court, and seek a stay on the payment due to Gibson Dunn for its March invoice, which payment is due today. Pursuant to the Court's order of May 30 inviting a response from the Neutral Expert (ECF No. 6171), the Neutral Expert submits this brief response.

**1. Defendants' request for a stay**

The Neutral Expert suggests that the Court *deny* the defendants' request to stay the payment of fees and costs due to Gibson Dunn on its March invoice.

The March invoice, including the full itemized billing record, was submitted to the Court. The defendants received a summary of the invoice, and had an opportunity to object to it, which they

did, as they have objected to all invoices submitted by the Neutral Expert. The March invoice was reviewed by the Magistrate Judge, who approved payment on May 16, and directed the defendants to pay it within ten days. (ECF No. 6155).

The defendants have apparently decided to object to every aspect of the Neutral Expert's involvement in this case, and they have appealed the order of appointment. *See, e.g.*, ECF No. 6009, 6012, 6022, 6058. Perhaps out of a concern that their appeal might otherwise be deemed moot, the defendants have objected to every invoice submitted by the Neutral Expert. The fact that they have chosen that strategy, however, is no basis to deny or delay payment to the Neutral Expert. If the Court grants a stay, it will merely incentivize the defendants to further object, delay and litigate the payment of compensation earned by the Neutral Expert, regardless of the merit of such objections.

The March invoice was submitted to the Court and vetted by the Magistrate Judge in accordance with this Court's previously-ordered procedure. ECF No. 6064, at 5-6. The defendants have identified no substantive reason why payment of the invoice, for fees earned and costs incurred in the course of carrying out the Neutral Expert's duties under this Court's Order Appointing Neutral Expert (ECF No. 6064), should be delayed. The defendants have not carried their burden of showing why a stay is necessary.

**2. Defendants' request for itemized billing records**

The Neutral Expert was retained by the Court, as its expert under Rule 706 of the Federal Rules of Evidence. ECF No. 6064. Accordingly, in the Neutral Expert's view, the billing records were submitted to the Court as its client. The Neutral Expert is not a party to the litigation in this matter, and defers to the Court as to whether it is appropriate to provide copies of the full itemized billing records to the defendants.

As the defendants' note, the Neutral Expert previously recommended that its full itemized invoices not be provided to the parties while the investigation was pending, out of concern that the itemized entries would compromise the integrity of the ongoing investigation. ECF No. 6160, at 2; 6083, at 4-5. While the investigation is now complete, there may be other relevant concerns associated with disclosure of the full itemized billing records. Filing the invoices on the public docket may implicate privacy interests of witnesses with whom the Neutral Expert's team spoke

Gibson, Dunn & Crutcher LLP

during the investigation. In addition, some of the current CDCR employees with whom we spoke expressed concerns about potential retaliation.

If the Court determines that it is appropriate to provide copies of the full itemized billing records to the defendants, the Neutral Expert recommends that it do so in camera and under seal. The amounts of the submitted invoices are already public; there is no significant reason to also file the detailed itemized invoices on the public docket. As this Court has noted, they are currently filed under seal, and so are available in the record for any appellate review.

For the foregoing reasons, the Neutral Expert recommends that the Court deny the defendants' request to stay the payment due today to the Neutral Expert. The Neutral Expert defers to the Court's judgment regarding disclosure of the itemized billing records, but respectfully suggests that if such itemized billing records are provided to the defendants, that they be provided under seal.

Dated: May 31, 2019

BENJAMIN B. WAGNER
GIBSON, DUNN & CRUTCHER LLP

By: _____
    Benjamin B. Wagner

Gibson, Dunn &
Crutcher LLP

3