DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

CLAUDIA CENTER – 158255
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111-4805
Telephone: (415) 621-2493

MICHAEL W. BIEN – 096891
JEFFREY L. BORNSTEIN – 099358
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LISA ELLS – 243657
JENNY S. YELIN – 273601
MICHAEL S. NUNEZ – 280535
JESSICA WINTER – 294237
MARC J. SHINN-KRANTZ – 312968
CARA E. TRAPANI – 313411
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>GAVIN NEWSOM, et al.,<br><br>          Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR DISCLOSURE OF BILLING RECORDS AND STAY REQUEST**<br><br>Judge: Hon. Kimberly J. Mueller |

# INTRODUCTION

Pursuant to the Court's May 30, 2019 Minute Order, ECF No. 6171, Plaintiffs hereby submit this opposition to Defendants' Motion for Disclosure of Gibson, Dunn and Crutcher LLP's Itemized Billing Records, Stay Request and Request for Expedited Ruling ("Mot."), ECF No. 6160.

## I. THE COURT SHOULD DENY DEFENDANTS' REQUEST FOR ITEMIZED BILLING RECORDS

The Court has unequivocally ordered that the Neutral Expert's itemized billing statements shall be "filed under seal until the investigation is concluded." Order (Feb. 11, 2019), ECF No. 6083 at 4. Unless and until this Court deems the investigation over, however, it is not.

The parties and Drs. Michael Golding and Melanie Gonzalez have submitted briefing in response to the Neutral Expert Report, *see* ECF Nos. 6163, 6169, 6170, and the Court has set a status conference to discuss issues raised in that briefing, *see* Order (Apr. 29, 2019), ECF No. 6135 at 2 . As set forth in Plaintiffs' Response to the Neutral Expert Report, additional steps are necessary to adequately investigate and fully remedy the allegations in Dr. Golding's Report and the Neutral Expert's own findings. *See* ECF No. 6170 at 43-57. Because the Neutral Expert's investigation is not "over" as Defendants contend, *see* Mot. at 3, the Court should deny Defendants' request for the same reason it has denied the request in the past—to protect "the integrity of the [Neutral Expert's] investigation." Order (Feb. 11, 2019), ECF No. 6083 at 4-5. The Court has appropriately maintained the itemized billing records under seal to ensure that Defendants have a complete record "available for appellate review." *Id.* at 4. This is sufficient in light of the unresolved issues surrounding the Neutral Expert's investigation. There is no pressing need to unseal those records now.

Moreover, as the Neutral Expert correctly points out, "there may be other relevant concerns associated with disclosure of the full itemized billing records," including privacy concerns associated with filing names of witnesses on the public docket who have

"expressed concerns about potential retaliation [from CDCR]." Neutral Expert's Response to Defs.' Mot., ECF No. 6173 at 2-3.

For these reasons, Plaintiffs' position is that the Neutral Expert's itemized billing records should remain under seal until this Court deems the investigation complete. If, after the close of the investigation, the Court decides to provide Defendants with the billing records—even though the Court itself is the client and has reviewed the records before ordering payment, *see* Order (Feb. 11, 2019), ECF No. 6083 at 3-4—the Court should enter an anti-retaliation order protecting the participating witnesses who are potential whistleblowers, similar to the orders it issued protecting Drs. Golding and Gonzalez. *See* Order (Nov. 7, 2018), ECF No. 5999 at 1-2; Order (Oct. 18, 2018), ECF No. 5973 at 3; Order (Oct. 12, 2018), ECF No. 5949 at 5.

## II.  THE COURT SHOULD DENY DEFENDANTS' REQUEST FOR A STAY

For the same reasons the Court determined that Defendants failed to meet their burden for a stay merely two months ago, *see* April 9, 2019 Order, ECF No. 6122, Defendants once again fail to identify any substantive reason to delay payment to the Neutral Expert. As Defendants acknowledge, this Court has already determined, consistent with clear Ninth Circuit precedent, that "alleged monetary injury [], without more, 'does not usually constitute irreparable injury'" necessary to justify a stay. *Id.* at 2 (quoting *Los Angeles Memorial Coliseum Commission v. National Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980)); *see also* Mot. at 4. Defendants' improper attempts to recycle arguments this Court has already considered and rejected should be dismissed. Defendants have never sought urgent relief from the Ninth Circuit, and instead pursue piecemeal litigation before this Court by, as the Neutral Expert correctly points out, "object[ing] to nearly every aspect of the Neutral Expert's involvement in this case." Neutral Expert's Response to Defs.' Mot., ECF No. 6173 at 2. The Court should reject these efforts and deny Defendants' stay request. The Neutral Expert has performed work required by this Court's order of appointment, which was itself required to ensure the integrity of the judicial process, and should be promptly compensated for that work.

# CONCLUSION

For all the foregoing reasons, this Court should deny Defendants' Motion.

DATED: June 7, 2019

Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: /s/ Cara E. Trapani
Cara E. Trapani

Attorneys for Plaintiffs