# ATTACHMENT B

*XAVIER BECERRA*  
*Attorney General*

State of California  
**DEPARTMENT OF JUSTICE**

1300 I STREET, SUITE 125  
P.O. BOX 944255  
SACRAMENTO, CA 94244-2550

Public:  (916) 445-9555  
Telephone:  (916) 210-7325  
Facsimile:  (916) 324-5205  
E-Mail:  Tyler.Heath@doj.ca.gov

May 24, 2019

*By Email*

The Honorable Deborah Barnes  
United States Magistrate Judge  
Eastern District of California  
501 I Street  
Sacramento, CA  95814

RE:   *Coleman v. Newsom, et al*.  
        U. S. District Court, Eastern District of California, Case No. 2:90-cv-00520 KJM-DB

Dear Magistrate Judge Barnes:

This letter concerns Gibson, Dunn & Crutcher LLP's invoice dated May 7, 2019 seeking $389,913.14 for services rendered through April 30, 2019.

In response to Gibson Dunn's April 11, 2019 invoice for services rendered in March 2019, Defendants requested that the Court release Gibson Dunn's itemized billing records now that Gibson Dunn has completed its investigation. (ECF No. 6155-1.)  This Court rejected that request but directed Defendants to submit the request with the District Court (ECF No. 6155 at 2.)  Defendants did so. (ECF No. 6160.)  Defendants are entitled to Gibson Dunn's itemized billing records to evaluate the reasonableness of the work performed to date and raise appropriate objections, particularly given the District's Court February 11, 2019 order providing that Gibson Dunn's detailed billing statements "would be made a part of the record, filed under seal until the investigation is concluded, and so available for appellate review." (ECF No. 6083 at 4.)  Defendants restate and reserve that objection pending the District Court's resolution of Defendants' motion.

The itemized billing records would enable Defendants to analyze the 483.6 hours billed by seven different timekeepers, including whether the work fell within the scope of the Court's appointment orders.  They would also allow Defendants to analyze the over $21,000 in other costs and charges.  Without those records, the "summary" invoice raises more questions than it answers.  For example, Ms. Strong billed 164.20 hours, which is significantly more than any other timekeeper and four times more than Mr. Stevens—the individual the Court specifically appointed to carry out the investigation.  There may be valid and reasonable explanations for Ms. Strong's hours, but the summary invoice prevents Defendants from making that assessment.  Similar to Gibson Dunn's April 11, 2019 invoice, this invoice includes $12,213.32 for "Outside

Magistrate Judge Deborah Barnes
May 24, 2019
Page 2

Services/Consultants." This does not provide enough information for Defendants to determine whether it complies with the Court's order that Gibson Dunn only be compensated for work performed by Court approved team members. (*See*, *e.g.*, ECF No. 6064 at 2.) The invoice also includes $8,080.60 for "Transcripts." Defendants understand that Gibson Dunn transcribed witness interviews during the investigation at Defendants' request. But without detailed invoices, Defendants are unable to verify the reasonableness of this charge. This invoice also includes a $508.83 charge for meals. This is significantly more than prior invoices, which included either no charge for meals or no more than approximately $65. Without more information, Defendants cannot evaluate the propriety of this charge. These questions and objections are not exhaustive, but they are made based on the limited details included in the summary invoice.

Defendants also reserve their objection to payment of this and any future invoice pending resolution of Defendants' pending motion requesting leave to deposit any remaining funds deemed payable to Gibson Dunn into the Court's registry, given Defendants' appeal of the orders appointing Gibson Dunn under Federal Rule of Evidence 706. The Court denied that part of Defendants' motion seeking to stay payment of the then pending and approved invoices (ECF No. 6122), but has not yet resolved the remainder of the motion. (ECF No. 6139.) That motion is now fully briefed and submitted to the Court. To maintain the status quo, Defendants request that this Court defer ordering payment of the current invoice directly to Gibson Dunn until the Court resolves Defendants' pending motion to deposit further funds in the Court's registry and their pending motion for release of Gibson Dunn's itemized billing records

                                        Respectfully submitted,

                                        /s/ *Tyler V. Heath*

                                        TYLER V. HEATH
                                        Deputy Attorney General

                    For    XAVIER BECERRA
                            Attorney General

TVH:

cc:    Charles J. Stevens, Esq.
       Benjamin B. Wagner, Esq.
       Cara E. Trapani, Esq.
       Matthew A. Lopes Jr., Esq.
       Kerry F. Walsh, Esq.

CF1997CS0003
13769401