XAVIER BECERRA, State Bar No. 118517
Attorney General of California
ADRIANO HRVATIN, State Bar No. 220909
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
TYLER V. HEATH, State Bar No. 271478
Deputy Attorneys General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-3577
  Fax:  (415) 703-5843
  E-mail:  Adriano.Hrvatin@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**A. HRVATIN DECLARATION SUPPORTING DEFENDANTS' EX PARTE APPLICATION FOR RECONSIDERATION OF THE COURT'S JUNE 10, 2019 ORDER AND RELATED REQUEST TO EXTEND THE JUNE 17, 2019 DEADLINE TO PRODUCE DOCUMENTS IN CAMERA**<br><br>Judge:  The Hon. Kimberly J. Mueller |

I, Adriano Hrvatin, declare:

1.   I am a Supervising Deputy Attorney General in the California Attorney General's Office, counsel for Defendants in this matter.  I submit this declaration in support of Defendants' *ex parte* application for reconsideration of the Court's June 10, 2019 order.  This declaration also supports Defendants' request under this District's Civil Local Rules 144(e) and 230(g) that the Court issue an expedited ruling by June 17, 2019 and without a hearing on Defendants' motion for reconsideration, and Defendants' alternative request under Federal Rule of Civil Procedure 6 and this District's Civil Local Rule 144(c) to extend the June 17, 2019 deadline to produce privileged documents in camera.

1

1  2. On June 10, 2019, the parties, as well as counsel for non-parties Drs. Golding and
2 Gonzalez, appeared before the Court for a special status conference regarding the Court expert's
3 report, which was submitted to the Court on April 22, 2019 and filed on the Court's public docket
4 on May 3, 2019.  (ECF No. 6147.)  Shortly after the conference, the Court issued a minute order
5 directing Defendants to submit all the documents listed on a privilege log provided to the Court's
6 expert for the Court's in camera review by June 17, 2019.  (ECF No. 6180.)

7  3. Because the Court's June 10, 2019 order directed Defendants to produce privileged
8 documents in camera within seven days—*i.e.*, by June 17, 2109—Defendants do not have time to
9 file a noticed motion for reconsideration that will be heard before the June 17, 2019 submission
10 deadline.  Defendants' *ex parte* application requests that the Court reconsider its order for two
11 reasons.  First, the Court did not make the predicate findings necessary to invoke the crime-fraud
12 exception to the attorney-client privilege and work-product doctrine.  Second, and if the Court
13 believes the current record establishes predicate findings required by United States Supreme
14 Court precedent, the Court should identify those predicate findings and then limit the scope of its
15 in camera review to documents that both pre-date October 3, 2018 (when Dr. Golding published
16 his allegations) and are relevant to the predicate findings of alleged fraud on the Court.  The
17 Court's consideration of the motion on shortened time will allow the Court to rule on it before the
18 deadline for Defendants to comply with the Court's order.

19  4. The case's current procedural posture justifies ruling on Defendants' motion on
20 shortened time under Civil Local Rule 144(e).  Moreover, the Court is authorized to rule on
21 Defendants' motion without oral argument under Civil Local Rule 230(g).

22  5. Defendants did not seek a stipulation in connection with their request for an expedited
23 ruling on their reconsideration motion because the order to produce privileged documents came
24 from the Court, as opposed to a motion by a party to this litigation.  On June 13, 2019,
25 Defendants gave Plaintiffs notice of their intent to file a petition for writ of mandamus in the
26 Ninth Circuit Court of Appeals.

27  6. Defendants separately request an extension of the June 17, 2019 submission deadline
28 under Federal Rule of Civil Procedure 6 and this District's Civil Local Rule 144(c).  An extension

1  of that deadline would allow the Court time to identify the requisite factual predicate and
2  thereafter consider Defendants' privilege log to identify the specific documents it wishes to
3  review in camera to aid its analysis of the issues identified at the June 10, 2019 special status
4  conference.

5  7.  Defendants are submitting in camera with their application a version of their privilege
6  log that is identical to the log provided to the Court's expert, save for Defendants have added an
7  additional column that identifies each document by a unique bates label prefix ("CDCR" for those
8  documents produced to the expert with privileged material redacted, and "CDCR-PRIV" for
9  documents withheld from production on the basis of privilege or attorney work product) to
10 facilitate the Court's review and identification of documents.

11 8.  A significant number of the documents listed on the privilege log post-date Dr.
12 Golding's submission of his allegations to the *Plata* Receiver and the provision of the allegations
13 to the Court and Special Master, and contain legal advice between counsel and clients on how to
14 respond to Dr. Golding's allegations and the Court's orders regarding those allegations.

15 I declare under penalty of perjury that the foregoing is true and correct to the best of my
16 knowledge. Executed in San Francisco, California, on June 14, 2019.

/s/ Adriano Hrvatin
Adriano Hrvatin
Supervising Deputy Attorney General

CF1997CS0003

3

Hrvatin Decl. Supp. Defs.' *Ex Parte* App. Reconsideration (2:90-cv-00520 KJM-DB (PC))