XAVIER BECERRA, State Bar No. 118517
Attorney General of California
ADRIANO HRVATIN, State Bar No. 220909
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
TYLER V. HEATH, State Bar No. 271478
Deputy Attorneys General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-3577
  Fax:  (415) 703-5843
  E-mail:  Adriano.Hrvatin@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                      Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>                      Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**DEFENDANTS' REPLY SUPPORTING MOTION FOR THE DISCLOSURE OF GIBSON, DUNN AND CRUTCHER LLP'S ITEMIZED BILLING RECORDS, STAY REQUEST, AND REQUEST FOR EXPEDITED RULING**<br><br>Judge: The Hon. Kimberly J. Mueller |

**ARGUMENT**

There is no legitimate ground for the Court to continue withholding Gibson, Dunn & Crutcher LLP's itemized billing records from Defendants. When Defendants objected to Gibson Dunn's first invoice for compensation, the Court held that Gibson Dunn's "detailed billing statements will be made a part of the record, filed under seal *until the investigation is concluded, and so available for appellate review*." (Order 4, Feb. 11, 2019, ECF No. 6083 (emphasis added).) Gibson Dunn's response to Defendants' motion confirms that the firm has completed its investigation. (ECF No. 6173 at 2 (stating that "[w]hile the investigation is now complete," there may be other reasons informing whether to disclose the firm's full itemized billing records).)

1

1 | Plaintiffs argue to the contrary—they contend that Gibson Dunn's investigation is not over
2 | because additional work remains to be done in connection with Gibson Dunn's report concerning
3 | Dr. Michael Golding's allegations. (ECF No. 6176 at 2.) But the parties appeared before the
4 | Court on June 10, 2019 to discuss next steps related to Gibson Dunn's report, and the Court
5 | confirmed that Gibson Dunn would not be performing any further work in this matter, stating it
6 | was "accepting [Gibson Dunn's report] as addressing the areas raised by the court" and it was
7 | "not inclined to engage in further investigation in the form of evidentiary hearings to answer the
8 | very specific focused question as to whether or not there was fraud on the court." (June 10 Hrg.
9 | Tr. 4:25-5:15.) The Court confirmed this ruling in its written order following the conference.
10 | (ECF No. 6187 at 2.) So while the Court may envision further work in "making its own decisions
11 | as to next steps," that work will not involve Gibson Dunn. The end of Gibson Dunn's
12 | investigation removes the risk the Court identified when it decided to withhold the records during
13 | the investigation—purportedly to maintain the investigation's integrity. (ECF No. 6083 at 6-4.).
14 | Gibson Dunn's investigation is over, and the Court should disclose Gibson Dunn's itemized
15 | billing records so that Defendants can assert any appropriate objections and make the record the
16 | Court envisioned for appellate review.
17 | Gibson Dunn and Plaintiffs separately argue against disclosure because various witnesses
18 | interviewed during Gibson Dunn's investigation allegedly expressed concerns about retaliation.
19 | This is not a reason to continue to withhold the firm's billing records. First, Defendants take very
20 | seriously their obligation to ensure that no retaliation occurs. Second, the records can be redacted
21 | to protect any privacy concerns before filing on the public record. Alternatively, Gibson Dunn
22 | suggests Defendants could review the records in camera. (ECF No. 6173 at 3.) Record redaction
23 | was one of the approaches suggested by Defendants and adopted by the Court when it was
24 | considering whether to file Dr. Golding's allegations on the public docket. (ECF No. 5977 at 4.)
25 | While the Court declined Defendants' request to file the allegations under seal, it approved
26 | redactions of current and former employee names, employment titles expressly linked to a
27 | specific person, and "any other information that serves to identify an individual . . . including
28 | government telephone numbers and addresses." (Order 9, Oct. 25, 2019, ECF No. 5986.) It

2

Defs.' Reply Supp. Mot. Discl. Itemized Billing Records (2:90-cv-00520 KJM-DB (PC))

approved the redactions because at that time "the individual employee's potentially significant privacy interests balanced against the public's interest in access warrant[ed] [] the limited redactions, which preserve the substance of the report in its entirety." (*Id.*)  Similarly, redacting the billing records here would accommodate the witnesses' concerns with the overarching right of the public to transparent court proceedings.  *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003) (recognizing a strong presumption in favor of access to court records that may be overridden by compelling reasons and that privacy interests of third parties can be protected by redaction).  With the completion of Gibson Dunn's investigation, Defendants should have a meaningful opportunity to evaluate the itemized billing records and reasonableness of Gibson Dunn's fees (which total $1.5 million), and the Court should resolve any objections so that there is an adequate record for appellate review.  (*See* E.D. Civ. L. R. 292 (setting forth the rules for taxing costs such as compensation of court-appointed experts, which include giving the party against whom costs are claimed the opportunity to file specific objections.)

      Gibson Dunn and Plaintiffs' separate arguments as to why the Court should not issue a stay at this stage of the proceedings also fail.  Defendants do not seek a stay to delay the litigation or pursue piecemeal litigation.  Defendants properly appealed the Court's appointment orders, cooperated in the investigation, objected to Gibson Dunn's "summary" invoices, and timely paid Gibson Dunn's invoices while awaiting the release of the billing records.  Defendants did not learn that they would be denied an opportunity to review and object to Gibson Dunn's complete invoices, with detailed billing records, while simultaneously being required to pay those bills, until after the Court's February 11, 2019 order addressing Defendants' objections to Gibson Dunn's first invoice.

      Nor does Defendants' stay request rely solely on a financial injury.  (*See* ECF No. 6176 at 2.)  Now that Gibson Dunn's investigation has ended, Defendants seek a limited stay to have a full opportunity to review Gibson Dunn's itemized billing records and submit any informed objections before being required to pay every invoice.  Absent a stay, Defendants will be left shouldering the full burden of Gibson Dunn's fees without having had the opportunity to review the records purportedly supporting Gibson Dunn's "summary" invoices, a right contemplated by

3

Defs.' Reply Supp. Mot. Discl. Itemized Billing Records (2:90-cv-00520 KJM-DB (PC))

1  this District's Civil Local Rule 292 and Federal Rule of Civil Procedure 54. Defendants cannot
2  create a record for appellate review, as contemplated by the Court, without these records. The
3  Court should thus grant Defendants' request to stay payment of Gibson Dunn's last invoice in the
4  amount of $389,913.14 for services rendered in April 2019, or otherwise direct Defendants to
5  deposit the fees into the Court's registry, as requested in Defendants' concurrently pending
6  motion under Federal Rule of Civil Procedure 67. (*See* ECF No. 6121.)

## CONCLUSION

As the party against whom the Court is taxing all costs associated with Gibson Dunn's investigation, Defendants should have the opportunity to review Gibson Dunn's itemized billing records now that the firm has completed its work so a record may be made for appellate review. The records may be redacted before filing on the public docket or provided to Defendants under seal to address any privacy concerns. In the interim, any further payment owed Gibson Dunn should be stayed or paid into an interest-bearing account in the Court's registry.

Dated: June 14, 2019                    Respectfully submitted,

                                        XAVIER BECERRA
                                        Attorney General of California

                                        /s/ Adriano Hrvatin

                                        ADRIANO HRVATIN
                                        Supervising Deputy Attorney General
                                        *Attorneys for Defendants*

CF1997CS0003
7170611013830216

4

Defs.' Reply Supp. Mot. Discl. Itemized Billing Records (2:90-cv-00520 KJM-DB (PC))