| | |
|---|---|
| DONALD SPECTER – 083925<br>STEVEN FAMA – 099641<br>MARGOT MENDELSON – 268583<br>PRISON LAW OFFICE<br>1917 Fifth Street<br>Berkeley, California 94710-1916<br>Telephone: (510) 280-2621<br><br>CLAUDIA CENTER – 158255<br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION OF NORTHERN<br>CALIFORNIA, INC.<br>39 Drumm Street<br>San Francisco, California 94111-4805<br>Telephone: (415) 621-2493 | MICHAEL W. BIEN – 096891<br>JEFFREY L. BORNSTEIN – 099358<br>ERNEST GALVAN – 196065<br>THOMAS NOLAN – 169692<br>LISA ELLS – 243657<br>JENNY S. YELIN – 273601<br>MICHAEL S. NUNEZ – 280535<br>JESSICA WINTER – 294237<br>MARC J. SHINN-KRANTZ – 312968<br>CARA E. TRAPANI – 313411<br>ROSEN BIEN<br>GALVAN & GRUNFELD LLP<br>101 Mission Street, Sixth Floor<br>San Francisco, California 94105-1738<br>Telephone: (415) 433-6830 |

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>       Plaintiffs,<br><br>   v.<br><br>GAVIN NEWSOM, et al.,<br><br>       Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' URGENT EX PARTE APPLICATION FOR RECONSIDERATION OF THE COURT'S JUNE 10, 2019 ORDER**<br><br>Judge: Hon. Kimberly J. Mueller |

# INTRODUCTION

There is no basis for reconsideration of this Court's June 10, 2019 order, or alternatively for an extension of the Court's June 17, 2019 deadline for Defendants to submit the assertedly privileged materials for *in camera* review. The June 10 order is a careful and conservative approach to resolving serious claims that Defendants intentionally misled the Court, the Special Master, and Plaintiffs. The Court has shown extraordinary care in managing Defendants' claims of privilege, including by allowing Defendants to withhold their privilege log from Plaintiffs' counsel. In light of the court-appointed Neutral Expert's findings that Defendants have engaged in seriously misleading conduct, after an investigation that did not even include review of the most probative evidence of intent—the purportedly privileged material—as well as Defendants' prior history of asserting overbroad and unsupported privilege claims, the Court's June 10 order more than satisfied the minimum threshold required to justify *in camera* review. The Court has repeatedly expressed its expectation that Defendants provide all requested material to the Neutral Expert, and Defendants failed to seek urgent relief when the Court rejected Defendants' request for an order protecting them from having to produce assertedly privileged documents to the Neutral Expert. Far from justifying an extension of the June 17 deadline, Defendants' hand-waving on this point is yet another attempt to subvert and slow the Court's process, with at most the very bare minimum of legal support for their position. The Court should deny Defendants' motion.

# ARGUMENT

## I. STANDARD OF REVIEW

Defendants' Motion for Reconsideration, ECF No. 6188 (hereafter "Motion" or "Mot."), seeks relief pursuant to Federal Rule of Civil Procedure 54(b), which generally provides that a "court may relieve a party or its legal representative from a final judgment, order, or proceeding" under certain enumerated circumstances. But reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir.

2000).  Reconsideration is appropriate only "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  Motions for reconsideration are generally disfavored, and movants may not use Rule 54(b) as a vehicle to present new arguments or evidence they could have raised earlier. *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991).  Defendants also seek reconsideration pursuant to Civil Local Rule 230(j), which similarly limits reconsideration to circumstances where the movants can identify "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."  E. Dist. L.R. 230(j)(3) & (4).

Alternatively, Defendants seek an extension of the Court's June 17, 2019 submission deadline pursuant to Federal Rule of Civil Procedure 6 and the Eastern District's Local Rule 144(c).  Local Rule 144(c) permits the grant of extensions as a discretionary matter, "upon the affidavit of counsel that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained and the reasons why the extension is necessary."  Rule 6 similarly gives district courts discretion to grant a motion for extension of time for "good cause."  Fed. R. Civ. P. 6(b)(1); *see also Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010) ("[W]e reverse [a court's decision on a Rule 6 motion] where the district court applied the incorrect legal rule or where the district court's application of the law to the facts was: (1) illogical; (2) implausible; or (3) without support in inferences that may be drawn from the record.").  "Rule 6 provides that the court *may* grant the motion for good cause, not that it must do so." *Tindall v. First Solar Inc.*, 892 F.3d 1043, 1048 (9th Cir. 2018).  A court may exercise its discretion to deny a motion for an extension of time where, for example, the movant acted in bad faith, or the extension would prejudice the non-moving party. *Tindall*, 892 F.3d at 1048.

Here, Defendants fall far short of the required threshold for reconsideration, or alternatively for an extension of the Court's June 17 deadline.  The Court should deny Defendants' motion.

## II.   THE JUNE 10, 2019 ORDER DOES NOT WARRANT RECONSIDERATION

District courts routinely conduct *in camera* review of materials claimed to be privileged.  *See, e.g.*, *Doe v. Tenet*, 329 F.3d 1135, 1148 n.8 (9th Cir. 2003), *reversed on other grounds by Tenet v. Doe*, 544 U.S. 1 (2005) ("*In camera* court review is routinely considered consistent with assertions of the need for secrecy."); *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992) ("A district court may conduct an in camera inspection of alleged confidential communications to determine whether the attorney-client privilege applies." (citing *Kerr*, 426 U.S. at 404-05)); *In re Grand Jury Investigation*, 974 F.2d 1068, 1074 (9th Cir. 1992) ("This court has . . . found *in camera* review is an acceptable means to determine whether disputed materials fit within the privilege."); *In re: Grand Jury Witness (Salas)*, 695 F.2d 359, 362 (9th Cir. 1982) ("The proper procedure for asserting the attorney-client privilege as to particular documents, or portions thereof, would have been for appellants to submit them in camera for the court's inspection . . . .").

Defendants' argument that the current record fails to "establish[] predicate findings" warranting *in camera* review of Defendants' privilege log materials, Mot. at 2, is close to frivolous.  First, Defendants waived the objections they now raise by failing to seek urgent relief from the Ninth Circuit when this Court rejected Defendants' request for an order protecting it from having to produce assertedly privileged documents to the neutral expert.  *See* Order (Feb. 20, 2019), ECF No. 6096 at 5-6.  Defendants again waived these claims, when, at the June 10, 2019 status conference, Defendants' counsel told the Court that Defendants would comply with the Court's forthcoming order to produce the privilege log materials for *in camera* review.  June 10, 2019 Hr'g Tr., ECF No. 6185 at 21:12-15, 28:15-21.  Based on Defendants' unequivocal non-opposition to the Court's *in camera* review at the hearing, there was no reason for the parties to develop a record on this issue, or for the

1  Court to make findings and conclusions of law in its June 10 order issued shortly after the
2  hearing.  Defendants cannot now assert that the Court committed clear error or a manifest
3  injustice when Defendants failed to preserve this issue.  *Cf. United States v. U.S. Gypsum*
4  *Co.*, 333 U.S. 364, 395 (1948) (holding that a finding is clearly erroneous only where,
5  "although there is evidence to support it, the reviewing court on the *entire evidence* is left
6  with the definite and firm conviction that a mistake has been committed." (emphasis
7  added)).

8  Second, even if there was no waiver, the current record fully supports *in camera*
9  review.  The necessary showing is "not . . . a stringent one."  *United States v. Zolin*, 491
10 U.S. 554, 572 (1989).  *In camera* review requires a showing only of facts necessary to
11 support a "good faith belief by a reasonable person that *in camera* review of the materials
12 may reveal evidence to establish the claim that the crime-fraud exception applies."  *Id.* at
13 572 (internal quotations and citations omitted).  The Neutral Expert's identification of
14 numerous ways in which Defendants provided seriously misleading data to the Court, the
15 Special Master, and Plaintiffs' counsel—even despite Defendants' refusal to turn over
16 privileged materials that would likely be the most probative evidence of fraudulent or
17 misleading intent—more than satisfies this low threshold.  The Court recognized this fact
18 at the June 10 hearing, and adequately incorporated this reasoning in its subsequent June
19 10 order.  *See* June 10, 2019 Hr'g Tr., ECF No. 6185 at 7:4-21 (finding *in camera* review
20 of Defendants' privilege log materials "an essential step" to fully addressing Drs. Golding
21 and Gonzalez's allegations, and the Neutral Expert's confirmation of, Defendants'
22 seriously misleading conduct, which in turn "is essential for the remedy here to work");
23 Order (June 10, 2019), ECF No. 6180 (ordering *in camera* review "[f]or the reasons stated
24 at the Special Status Conference on June 10, 2019, and good cause appearing").

25 Moreover, *in camera* review is also necessary here to determine whether work
26 product protection, or attorney-client, deliberative process, or executive privileges even
27 apply to all of the documents Defendants have withheld on those bases.  Given the history
28 of this case, the Court cannot presume that all of the documents listed in the privilege log

are in fact privileged.  In earlier phases of this case, the Court has rejected Defendants' overbroad and unsupported assertions of privilege.  *See e.g.*, ECF Nos. 4341 at 9-11; 1922 at 1 n.1.  In one instance, the three-judge panel convened in this case to consider a prison population reduction order upheld discovery sanctions against Defendants for claiming attorney-client privilege in documents that the court determined—after conducting *in camera* review—were not in fact privileged.  *Coleman v. Schwarzenegger*, No. C01-1351 TEH, 2008 WL 4415324, at *4 (N.D. Cal. Sept. 25, 2008).[1]  This history more than warrants this Court's *in camera* review here, where the Court itself would be the victim of any fraudulent or intentionally misleading acts uncovered.  *See In re Grand Jury Investigation*, 974 F.2d at 1074-75 (applying *Zolin*'s "minimal threshold" for *in camera* review of assertedly privileged documents, and deeming *in camera* review appropriate where opponents of a privilege claim make a one-sided, prima facie showing that *in camera* review *may* reveal the documents are not, in fact, privileged).

Finally, disputes over privileged materials are normally resolved through adversarial examination of a privilege log.  Here, the Court has allowed Defendants to withhold the privilege log from Plaintiffs' counsel.  Deferring to Defendants' interests, the Court has taken a careful, incremental approach to managing this sensitive and fact-intensive fraud inquiry by ordering that the materials be reviewed *in camera*.  The Court should reject Defendants' attempt to subvert this process, and instead proceed with its cautious and conservative approach to case management.  *See Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) ("Federal courts possess certain inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." (internal citations and quotations omitted)); *In re Levander*, 180 F.3d 1114, 1119-20 (9th Cir. 1999) (courts may use their inherent power to protect "the

---

[1] Defendants appealed the three-judge court's sanctions order, but voluntarily dismissed the appeal prior to briefing.  Ninth Cir. Case No. 08-17362.

integrity of the judicial process").

Defendants' next argument—that they will submit certain documents *in camera*, but only once the Court "review[s] Defendants' privilege log and identifi[es] the specific documents relevant to the Court's anticipated inquiry," Mot. at 8—is the latest in a long line of attempts to pursue piecemeal litigation and waste judicial resources. The Court should reject these efforts. Defendants' purported "interest in transparency and full cooperation," Mot. at 3, is belied by their conduct since Dr. Golding issued his whistleblower report. As the Neutral Expert aptly pointed out, Defendants have objected "to nearly every aspect of the Neutral Expert's involvement in this case." Neutral Expert's Response to Defs.' Mot. for Disclosure of Billing Records and Stay Request, ECF No. 6173 at 2. But contrary to Defendants assertions, Defendants will suffer no prejudice by being required to comply with the Court's June 10 order. By definition, the Court's *in camera* review will be conducted confidentially without risk of violating any privilege. *Kerr*, 426 U.S. 394 (concluding that *in camera* review of assertedly privileged documents was sufficient to protect writ petitioners' interests); *Tenet*, 329 F.3d at 1148 n.8 ("[A] court's *in camera* inspection to determine whether a privilege applies is not itself a breach of the privilege." (citing *Zolin*, 491 U.S. at 568-69)).

Defendants, not this Court, were the first to raise the issue of the Court conducting *in camera* review of their purportedly privileged materials. *See* ECF Nos. 6009 at 13; 6022 at 11; *see also* ECF No. 6085 at 3. Defendants' emphatic reversal at this eleventh hour is disingenuous at best. Furthermore, Defendants did not seek a stay or any other urgent relief when the Court denied their request for an order protecting them from producing assertedly privileged documents to the Neutral Expert. *See* Order, (Feb. 20, 2019) ECF No. 6096 at 5-6. It strains credulity that Defendants will in any way be harmed absent this Court's emergency reconsideration or narrowing of the June 10 order, *see Kerr*, 426 U.S. 394, especially given Defendants' representation before the Court last week that they would comply with the order to provide their privilege log documents for *in camera* review, *see* June 10, 2019 Hr'g Tr., ECF No. 6185 at 21:12-15. This Court should deny

Defendants' Motion for Reconsideration of the June 10, 2019 Order.

### III. THE COURT SHOULD REJECT DEFENDANTS' REQUEST FOR AN EXTENSION OF TIME

There is also no justification for the Court to extend its June 17, 2019 submission deadline. Contrary to Defendants' assertions, and for the reasons set forth above, the Court has already "establish[ed] the requisite factual predicate" necessary to justify *in camera* review of Defendants' privilege log materials. *See* Mot. at 2-3. Moreover, Defendants have been on notice for months that the Court expected them to fully cooperate with the Neutral Expert during his investigation, including by providing privileged materials. *See* ECF No. 6096 (denying Defendants' motion for protective order; ECF No. 6094 (Order Appointing Neutral Expert). Although Defendants have refused to provide Plaintiffs' counsel with a copy of the privilege log provided to the Neutral Expert, and now to the Court *in camera* concurrently with the instant motion, Defendants presumably have all the privilege log documents compiled and bates stamped, ready for submission to the Court. *See* Mot. at 8 n.3 (explaining that Defendants have provided the Court with a second version of their privilege log *in camera* with the bates stamps for each document). Defendants require no additional time to fully comply with the June 17 deadline.

Moreover, the Court and the Plaintiff class have a clear stake in fully and finally resolving whether Defendants have intentionally mislead the Court or the Special Master in representing that the mental health care provided within CDCR is adequate when it actually is not. Members of the Plaintiff class face substantial risk of serious harm. Further delay not only increases this risk, it puts Plaintiffs at a severe disadvantage at the upcoming evidentiary hearing set by the Court to resolve these issues. *See* Order (June 14, 2019), ECF No. 6187 at 2. The Court should reject Defendants' request for an extension of time.

### CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion for Reconsideration of the June 10, 2019 Order and Related Request

to Extend the June 17, 2019 Deadline.

DATED:  June 17, 2019           Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: /s/ Cara E. Trapani
    Cara E. Trapani

Attorneys for Plaintiffs