XAVIER BECERRA, State Bar No. 118517
Attorney General of California
ADRIANO HRVATIN, State Bar No. 220909
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
TYLER V. HEATH, State Bar No. 271478
Deputy Attorneys General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-3577
  Fax:  (415) 703-5843
  E-mail:  Adriano.Hrvatin@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                      Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>                      Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO EX PARTE APPLICATION FOR RECONSIDERATION OF THE COURT'S JUNE 10, 2019 ORDER AND RELATED REQUEST TO EXTEND THE JUNE 17, 2019 DEADLINE TO PRODUCE DOCUMENTS IN CAMERA**<br><br>Judge:  The Hon. Kimberly J. Mueller<br><br>**REQUEST FOR EXPEDITED RULING BY JUNE 17, 2019** |

While Defendants are eager to assist the Court and be transparent regarding their efforts to provide and report on care provided to *Coleman* class members, Defendants applied for reconsideration of this Court's June 10, 2019 order requiring *in camera* disclosure of privileged documents because:  (1) the Court did not make the requisite finding of "a factual basis adequate to support a good faith belief by a reasonable person that *in camera* review of the materials may reveal evidence to establish the claim that the crime-fraud exception applies," *United States v. Zolin*, 491 U.S. 554, 572 (1989) (citations and internal quotation marks omitted); and (2) the Court's disclosure order was overbroad.  The Court ordered disclosure after the expert it

1

appointed to investigate whether fraud had occurred—Mr. Charles Stevens, the former United States Attorney for the Eastern District, and his team at Gibson, Dunn & Crutcher LLP, which included Mr. Benjamin Wagner, another former United States Attorney for the Eastern District—determined that no fraud occurred and recommended against holding an evidentiary hearing. (ECF No. 6147 at 7.[1])

Plaintiffs' opposition to Defendants' application for reconsideration does not dispute that *Zolin* controls here. (ECF No. 6192 at 5.) But Plaintiffs argue that the Court should deny Defendants' application on the ground that Defendants waived their challenge to the *in camera* disclosure of privileged communications. (*Id.* at 4-5.) According to Plaintiffs, Defendants failed to appeal this Court's denial of their motion for a protective order about the disclosure of privileged documents to the Court's expert, and did not oppose *in camera* review during the June 10, 2019 status conference regarding the expert's report. (*Id.*) These waiver arguments misstate the record.

For example, the record directly contradicts Plaintiffs' argument that Defendants waived their privilege objection by not appealing this Court's denial of Defendants' motion for a protective order. (*Id.* at 4 (citing ECF No. 6096).) As this Court acknowledged, its denial of the protective order was not final:

> The neutral determined that he could ultimately conclude his work without reviewing the privileged materials given the position that the defendants took. I do not find at this point that the defendants violated a court order. The neutral chose not to litigate the question, and so *the Court did not issue a final order specifically directing the defendants to produce privileged materials to the neutral*, although I had cleared the way for the neutral doing that and the Court certainly had an expectation that the defendants would do that to ensure that the report was as complete as it could be.

(ECF No. 6185 at 6:7-17 (emphasis added).) Defendants thus could not have waived their privilege objection by failing to appeal the Court's *non-final* order.

---

[1] Citations to the expert's report and the attached documents are to the pagination applied by the Court's ECF system.

2

1  Moreover, to protect their rights and preserve the issue, Defendants have objected to the disclosure of privileged material at every opportunity during this phase of the litigation. Defendants asked the Court to make a determination about *Zolin*'s threshold requirement before the Court appointed an expert (ECF Nos. 6009 at 9:25-28 & 6022 at 11:8-10), at the appointment hearing (ECF No. 6054 at 15:24-16:25), during the investigation (ECF No. 6086 at 10:3-15), and upon the investigation's completion (ECF No. 6188). And Defendants appealed the Court's appointment orders, which defined the scope of the expert's authority to include access to and review of privileged information. (ECF Nos. 6033 at 4; 6064 at 4-5; 6058; 6078.) Consistent with Ninth Circuit precedent "forbid[ding] piecemeal disposition on appeal of what for practical purposes is a single controversy," Defendants' appeal of the appointment orders encompassed the privilege issue. *See Dannenberg v. Software Toolworks Inc.*, 16 F.3d 1073, 1074 (9th Cir. 1994) (internal quotation marks omitted). No additional appeal was necessary to preserve Defendants' privilege objection.

The record also contradicts Plaintiffs' claim that Defendants did not oppose *in camera* review during the June 10, 2019 status conference regarding the expert's report. During the conference, Defendants twice asked for an opportunity to submit briefing to address any anticipated disclosure. (*See* ECF No. 6185 at 22:16-19 ("and again we would appreciate the opportunity to be heard with respect to [a] written submission on that [privilege-disclosure] issue as well as the others that have been identified substantively with respect to the [expert's] report") & 27:25-28:2 (requesting whether the parties' joint submission can address "the privilege log issue").) The Court denied Defendants the opportunity for written briefing and issued a minute order requiring disclosure without making the prerequisite finding under *Zolin*. (*Id.* at 28:15-18; ECF No. 6180.) While Defendants must and will comply even with an erroneous order absent intervention from a higher court, expressly acknowledging that fact is not a waiver. (*See id.* at 21:14-15.) By consistently making their *Zolin*-based privilege objection throughout this investigation, Defendants sufficiently raised the issue for this Court's determination. *See Cornhusker Cas. Ins. Co. v. Kachman*, 553 F.3d 1187, 1192 (9th Cir. 2009) (no waiver or

Defs.' Reply Supp. *Ex Parte* App. Reconsideration (2:90-cv-00520 KJM-DB (PC))

forfeiture if an issue "has been raised sufficiently for the trial court to rule on it" (internal quotation marks and citation omitted)).

Further, the privilege was not State counsel's to waive. *See* 1 McCormick on Evid. § 92 (7th ed.) ("it is now generally agreed that the privilege is the client's and his alone"). As Defendants emphasized in their reconsideration application, State counsel are ethically bound to enforce "privileges that go to the core of confidential communications between clients and counsel and that protect executive deliberative process," and to insist on the procedural requirements dictated by United States Supreme Court precedent. (ECF No. 6188 at 3.)

Finally, the Court should decline Plaintiffs' invitation to reiterate its minute order without additional analysis. (ECF No. 6192 at 5-7.) While Plaintiffs assert that this Court made the findings required by *Zolin* at the status conference (*id.* at 5:17-24), Plaintiffs presented a different argument yesterday in their opposition to Defendants' request for a stay in the Ninth Circuit. *See In re Gavin Newsom*, No. 19-71493, Opp'n 5, June 16, 2019, ECF No. 2 (arguing that "there was no reason . . . for the [district] court to make findings and conclusions of law that [the Ninth Circuit] could review"). And for good reason. The blanket determination about *in camera* disclosure of all documents on Defendants' privilege log called for by Plaintiffs—including documents post-dating the alleged fraud—is inappropriate, in light of the specificity with which attorney-client privilege claims are analyzed. *See United States v. Rockwell Int'l*, 897 F.2d 1255, 1265 (3d Cir. 1990) ("claims of attorney-client privilege must be asserted document by document, rather than as a single, blanket assertion"). Far from waiving their privilege argument, Defendants specifically asserted an applicable privilege for each document listed on their privilege log. If this Court pierces those privileges for *in camera* review, it must articulate why the crime-fraud exception applies to any particular document.[2]

---

[2] Plaintiffs insist that the report produced by the Court's expert justifies *in camera* review under *Zolin*. (ECF No. 6192 at 5.) In fact, that report cuts in the opposite direction. Mr. Stevens and his team at Gibson Dunn—as agents of this Court—reviewed the vast record in this case and interviewed dozens of witnesses. (ECF No. 6147 at 12-14.) Had the expert believed that there was a reasonable chance that any of the privileged materials would disclose fraud on the Court, he could have asked the Court to order the production of those materials. (*Id.* at 14.) Instead, after reviewing the non-privileged evidence and the privilege log, the expert concluded that it was not necessary to review any of the privileged materials to find that "on each issue [identified by the

4

Defs.' Reply Supp. *Ex Parte* App. Reconsideration (2:90-cv-00520 KJM-DB (PC))

The Court should grant Defendants' reconsideration motion because the failure to apply *Zolin* was clearly erroneous. At a minimum, the Court should extend the current June 17, 2019 disclosure deadline so that it can issue any additional orders supporting disclosure, or to give the Ninth Circuit an opportunity to rule on Defendants' related emergency petition for a writ of mandamus, which Defendants filed on June 14, 2019. *See In re Gavin Newsom*, No. 19-71493, Petition, ECF No. 1.

Dated: June 17, 2019                                              Respectfully submitted,

XAVIER BECERRA
Attorney General of California

/s/ Adriano Hrvatin

ADRIANO HRVATIN
Supervising Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003
21500572.docx

---

Court for investigation] the evidence does not establish that CDCR" committed fraud or intentionally misled the Court. (*Id.* at 2, 14.)

5