XAVIER BECERRA, State Bar No. 118517
Attorney General of California
ADRIANO HRVATIN, State Bar No. 220909
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
TYLER V. HEATH, State Bar No. 271478
ROBERT W. HENKELS, State Bar No. 255410
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7318
  Fax: (916) 324-5205
  E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

**RALPH COLEMAN, et al.,**

Plaintiffs,

v.

**GAVIN NEWSOM, et al.,**

Defendants.

2:90-cv-00520 KJM-DB (PC)

**SUPPLEMENT TO DEFENDANTS' THIRD STATUS REPORT ON FUNDING FOR THE CONSTRUCTION OF 100 MENTAL HEALTH CRISIS BEDS**

Judge: The Hon. Kimberly J. Mueller

**STATEMENT**

On July 3, 2019, the Court ordered Defendants to address three additional issues in their third status report on the funding process for the construction of 100 mental health crisis beds, namely, whether: (1) the funding process and/or completion of all or part of the 100 bed project can be expedited; (2) completion of this project will permit all temporary unlicensed crisis beds to be taken offline; and (3) completion of this project will permit the Court to find Defendants in compliance with prior orders requiring Defendants to fully staff and activate a sufficient number of licensed crisis beds to ensure compliance with the Program Guide timeline for inmate transfer to crisis bed care. (ECF No. 6212 at 12.) On July 29, 2019, Defendants filed their third status

1

report but did not address these additional issues.  (ECF No. 6231.)  Defendants submit this supplement to address those three issues and to provide a further update to the Court on the scope of the planned construction project.

I. **DEFENDANTS CANNOT EXPEDITE THE FUNDING PROCESS AND/OR COMPLETION OF ALL OR PART OF THE 100 ADDITIONAL CRISIS BEDS.**

State law requires the California Department of Corrections and Rehabilitation (CDCR) to comply with the funding process for Major Capital Outlay Projects.  As Defendants reported to the Court, the design process for the additional crisis beds must be completed before CDCR may proceed with construction.  (ECF Nos. 6168 and 6168-2 at ¶ 5.)  The Capital Outlay Budget process is also mandated by state law, and CDCR may not proceed with any new construction without following that process.  (ECF No. 3591 at 50 (providing that "Capital Outlay Projects require project-specific legislative authorization" and "Article IV, Section 12 of the California Constitution and Government Code Section 13308 specify the Legislative deadlines for the submission of the Governor's Budget and revisions to the Governor's Budget," with exceptions only for "Minor Capital Outlay Projects").)  The proposed additional crisis bed units at Richard J. Donovan Correctional Facility (RJD) and the California Institution for Men (CIM) are both Major Capital Outlay Projects subject to oversight by the State Public Works Board.  (*Id.* and Borg Decl. ¶ 3.)

As Defendants reported in their second and third status reports, the Legislature has raised questions concerning the scope of the crisis bed project in light of CDCR's updated population projections, effectively preventing CDCR from proceeding with further design activities for the 100-bed project.  (ECF Nos. 6208 and 6231; Borg Decl. ¶ 4.)  In June 2019, the Joint Legislative Budget Committee requested additional analysis of CDCR's inmate population and alternatives to the construction of the new crisis bed units for discussion and consideration when the Legislature reconvenes after August 12, 2019.  (ECF No. 6208 at 3.)  On June 19, 2019, the Department of Finance responded to the Joint Legislative Budget Committee to reiterate the Administration's support for building additional crisis beds.  (*Id.*)  CDCR is performing the analysis requested by the Joint Legislative Budget Committee and will consult with the Department of Finance in

2

Defs.' Supplement to Third Status Report on Funding for 100 MHCBs  (2:90-cv-00520 KJM-DB (PC))

1  August 2019 regarding further discussion with the Joint Legislative Budget Committee. (Borg
2  Decl. ¶ 5.) CDCR anticipates that this analysis and these further discussions may only justify the
3  50 proposed beds at CIM, potentially impacting the project's scope. (*Id.* ¶ 6.)
4      Assuming agreement with the Joint Legislative Budget Committee for approval to proceed
5  with both 50-bed projects or just the 50-bed project at CIM can be reached this summer, CDCR
6  will seek re-appropriation of the funding for the working drawings and then resubmit the approval
7  of preliminary plans to the State Public Works Board. (ECF No. 6208 at 3.) State Public Works
8  Board approval of preliminary plans is necessary before further design activities can commence.
9  (Borg Decl. ¶ 7.)

10  **II.   COMPLETION OF THE CONSTRUCTION OF 100 ADDITIONAL CRISIS BEDS WILL
11  PERMIT ALL TEMPORARY UNLICENSED CRISIS BEDS TO BE TAKEN OFFLINE.**

12      On September 24, 2018, the Court approved the parties' stipulation to waive the licensing
13  requirements for 15 temporary crisis beds and four flexible-use beds in the Walker Unit at the
14  California Institution for Women. (ECF No. 5931.) CDCR operates an additional 20 unlicensed
15  crisis beds at California State Prison-Sacramento, and 34 unlicensed mental health crisis beds at
16  CIM. (Ponciano Decl. ¶ 3.) If the Legislature approves CDCR's request to fund the
17  construction of the 100 additional crisis beds, the construction and activation of the beds will
18  permit all temporary unlicensed mental health crisis beds to be taken offline. (*Id.* ¶ 4.) However,
19  without the activation of the additional 50 crisis beds at CIM, CDCR may not have sufficient beds
20  to take the unlicensed beds in the Walker Unit at the California Institution for Women offline.
21  (*Id.* ¶ 6.)

22  **III.  THE COMPLETION OF THE CRISIS BED PROJECT WILL PERMIT THE COURT TO
23  FIND DEFENDANTS COMPLIANT WITH THE CRISIS BED ORDERS.**

24      In 2017, as part of its plan to address obstacles to compliance with the twenty-four-hour
25  timeline for transfer of inmates to crisis beds, CDCR planned to build 100 additional crisis beds
26  for inmates housed at institutions in California's Southern region. (ECF Nos. 5680-10 at ¶ 7 and
27  6168 at 3.) CDCR is currently approaching full compliance with the twenty-four hour transfer
28  requirement for crisis beds, and Defendants anticipate that the addition of 50 extra crisis beds at

3

Defs.' Supplement to Third Status Report on Funding for 100 MHCBs  (2:90-cv-00520 KJM-DB (PC))

CIM will ensure that CDCR has the requisite number of licensed crisis beds to meet the Program Guide's transfer timeline. (ECF No. 6168 at 4.) At the same time, as Defendants reported to the Court in 2017, the number of crisis beds has never been the only obstacle to compliance with the twenty-four hour transfer requirement. (*See e.g.* ECF Nos. 5680 at 5 and 5680-6 at 4-5 (obstacles include, but are not limited to, policies that require clinical acceptance before admission of the patient to a crisis bed, a medical clearance before transport, and delays in discharging patients who no longer need crisis care).)

**CERTIFICATION**

Defendants' counsel certifies that she reviewed the following orders relevant to this filing: ECF No. 3556, ECF No. 6135, and ECF No. 6212.

Dated: August 2, 2019

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
ADRIANO HRVATIN
Supervising Deputy Attorney General

*/s/ Elise Owens Thorn*

ELISE OWENS THORN
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003

4

Defs.' Supplement to Third Status Report on Funding for 100 MHCBs  (2:90-cv-00520 KJM-DB (PC))