XAVIER BECERRA, State Bar No. 118517
Attorney General of California
ADRIANO HRVATIN, State Bar No. 220909
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
TYLER V. HEATH, State Bar No. 271478
ROBERT W. HENKELS, State Bar No. 255410
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7318
 Fax: (916) 324-5205
 E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

ROMAN M. SILBERFELD, State Bar No. 62783
GLENN A. DANAS, State Bar No. 270317
ROBINS KAPLAN LLP
 2049 Century Park East, Suite 3400
 Los Angeles, CA 90067-3208
 Telephone: (310) 552-0130
 Fax: (310) 229-5800
 E-mail: RSilberfeld@RobinsKaplan.com
*Special Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>Defendants. | Case No. 2:90-cv-00520 KJM-DB (PC)<br><br>**DEFENDANTS' PROPOSED AGENDA ITEMS FOR SEPTEMBER 13, 2019 STATUS CONFERENCE**<br><br>Judge: The Hon. Kimberly J. Mueller |

On August 14, 2019, the Court set a quarterly status conference for September 13, 2019 and invited the parties to submit proposed agenda items for the conference. (ECF No. 6242.) Defendants welcome this opportunity and request that the Court include the following agenda items:

**A.  DATA TRANSPARENCY AND INTEGRITY.**

    **1.  Update on Stipulations and Reforms Described in Defendants' Response to the Court's August 14, 2019 Order.**

Resolving issues with the transparency and integrity of CDCR's mental health data, including (a) creating new processes for consulting with appropriate subject matter experts, such

[3419376.1]                                                                 1

as a Chief Psychiatrist, and for notifying the Special Master and Plaintiffs of proposed changes, (b) identifying and fixing bugs, and (c) restoring trust among the parties, the Court, and the Special Master, is an urgent and focused priority of Defendants. In Defendants' August 29, 2019 response to the Court's August 14, 2019 order, Defendants set forth a long list of reforms and other commitments to increase transparency related to Defendants' data and ensure that the problems of particular interest to this Court do not arise again. (ECF No. 6257 at 10-14.) Defendants would appreciate the opportunity to provide updates on the status of these reforms and commitments and to respond to any questions the Court may have regarding Defendants' July 23, 2019 (ECF No. 6226) or August 29, 2019 (ECF No. 6257) filings.

    **2.    Proposal to Expand CCHCS's Quality Management Section to Include Mental Health Care Data.**

The parties met with the Special Master and the *Plata* Receiver on August 28, 2019 to discuss the integration of CDCR's mental health care data into the data system used for all other health care data at CDCR. Currently, the California Correctional Healthcare System (CCHCS) Quality Management Section manages this system, which is nationally recognized for its quality, transparency, and integrity. Given the concerns raised regarding CDCR's mental health care data, Defendants believe that integrating the systems will not only improve patient outcomes by better integrating the care teams and providers who serve patients, but also help restore trust among the parties, the Special Master, and the Court. Defendants plan to provide the Court with an update on the status of discussions surrounding this issue and respond to any questions the Court may have regarding the proposed integration.

    **B.    DESERT INSTITUTION TRANSFER TIMELINE PROPOSAL AND REDUCTION OF DESERT INSTITUTION MONITORING.**

The parties and Special Master have negotiated an expedited transfer timeline for *Coleman* class members out of the designated desert institutions, with an agreement for a reduction in mental health staff at those institutions and a reduction in monitoring. The parties are close to reaching an agreement, which they believe can be presented to the Court by the September 13, 2019 status conference. If an agreement has not been reached by that time, Defendants would

[3419376.1]    2

Defs.' Proposed Agenda Items Sept. 13, 2019 Status Conf.  (2:90-cv-00520 KJM-DB (PC))

appreciate the opportunity to provide the Court with an update on the parties' progress regarding this issue.

### C.   ACCESS TO CARE.

Satisfying transfer timelines to inpatient and crisis beds and ensuring the availability of a sufficient number of inpatient and crisis beds have been a high priority for Defendants.  Since September 2017, Defendants' compliance is nearly perfect with respect to inpatient transfer timelines and has improved significantly with respect to crisis bed timelines, exceeding 94 percent compliance over the past year and exceeding 97 percent over the past six months.

#### 1.   Compliance with Inpatient Transfer Timelines.

As demonstrated by Defendants' monthly compliance reports, Defendants have been nearly one-hundred-percent compliant for two years, only missing timelines for a handful of patient days during that time.  This is significant progress.  Given the level of compliance demonstrated by Defendants' monthly reports, Defendants request that the Court discharge the order to show cause, as well as any fines related to potential contempt.

#### 2.   Compliance with Mental Health Crisis Bed (MHCB) Transfer Timelines.

Defendants would appreciate the opportunity to discuss Defendants' compliance with the 24-hour crisis bed transfer timeline.

#### 3.   Construction of 100 MHCB Bed Project.

Defendants request the opportunity to provide an update on the status of the construction of the proposed licensed crisis bed units.

### D.   STAFFING.

As noted in the Court's August 14, 2019 order, Defendants have an approximate 30 percent vacancy rate in authorized psychiatry positions and are not in full compliance with the staffing ratios in the 2009 staffing plan and the maximum 10 percent vacancy rate required in the Court's June 13, 2002 order.  Resolving this issue and taking measures to ensure that adequate numbers of staff are addressing the needs of the *Coleman* class is an urgent priority of Defendants.

[3419376.1]                                    3

Defs.' Proposed Agenda Items Sept. 13, 2019 Status Conf.  (2:90-cv-00520 KJM-DB (PC))

1  Before Dr. Golding raised his allegations, the parties spent nearly a year discussing staffing
2  and were close to reaching an agreement on several modifications to the 2009 staffing plan. To
3  address the Court's statement that the "parties must not lose sight of the larger context of this
4  case" (ECF No. 6242 at 3), Defendants request that this issue be referred to the workgroup
5  process to renew discussions on several of Defendants' staffing proposals that are not implicated
6  by the data issues raised by Dr. Golding's allegations. Defendants continue to implement their
7  2017 staffing plan to recruit and retain psychiatrists.

       **E.   BENCHMARKS AND PROCESS FOR DETERMINING WHEN CONSTITUTIONAL COMPLIANCE HAS BEEN DURABLY ACHIEVED.**

10  On July 12, 2018, the Court issued an order that recognized the need for "specific
11  benchmarks that, when met, signal constitutional compliance" as well as "specific recommended
12  compliance percentage requirements for each benchmark." (ECF No. 5852 at 3.) Accordingly,
13  the Court ordered "the Special Master to include in his Twenty-Eighth Round Monitoring Report
14  recommendations for development of a process for determining when constitutional compliance
15  has been durably achieved in the areas subject to monitoring, as well as whether partial
16  termination may be appropriate if certain benchmarks are achieved before total compliance is
17  reached." (*Id*. at 8.)
18  Relatedly, after the parties engaged in two settlement conferences with Judge Drozd earlier
19  this year, Judge Drozd issued an order on April 19, 2019, calling for a further conference in June
20  2019 "framed around determining the current status with respect to seven general goals
21  previously set for defendants and the extent of agreement as to that current status." (ECF No.
22  6132 at 1.) That conference was postponed until August 30, 2019, and then upon Plaintiffs'
23  request taken off calendar. Judge Drozd directed the parties to confer and agree on a new
24  settlement conference date in mid- to late-fall this year.
25  Defendants agree that establishing benchmarks concerning constitutional compliance in
26  monitored areas and then assessing their status with respect to those benchmarks is necessary and
27  will assist in resolving this long-running litigation. Therefore, Defendants propose that the parties
28  and the Special Master begin discussions on this issue in the near future, and request clarity on

[3419376.1]   4

Defs.' Proposed Agenda Items Sept. 13, 2019 Status Conf.  (2:90-cv-00520 KJM-DB (PC))

how best to engage in these discussions, whether through the workgroup process, a dedicated conference, the settlement conference process with Judge Drozd (which Defendants welcome and believe can foster meaningful progress on substantive issues and which Judge Drozd has directed to resume by mid- to late-fall), or some combination of those processes.

Dated: September 5, 2019

XAVIER BECERRA
Attorney General of California
ADRIANO HRVATIN
Supervising Deputy Attorney General

/s/ ELISE OWENS THORN
Elise Owens Thorn
Deputy Attorney General
*Attorneys for Defendants*

[3419376.1]

5