DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

CLAUDIA CENTER – 158255
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111-4805
Telephone: (415) 621-2493

MICHAEL W. BIEN – 096891
JEFFREY L. BORNSTEIN – 099358
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LISA ELLS – 243657
JENNY S. YELIN – 273601
MICHAEL S. NUNEZ – 280535
JESSICA WINTER – 294237
MARC J. SHINN-KRANTZ – 312968
CARA E. TRAPANI – 313411
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GAVIN NEWSOM, et al., <br><br> Defendants. | Case No. 2:90-CV-00520-KJM-DB <br><br> **PLAINTIFFS' PROPOSED AGENDA ITEMS FOR SEPTEMBER 13, 2019 STATUS CONFERENCE** <br><br> Judge: Hon. Kimberly J. Mueller |

# INTRODUCTION

In its August 14, 2019 Order, the Court invited the parties to propose, by September 5, 2019, agenda items for the quarterly status conference, which the Court signaled it intended to set for September 13, 2019. Aug. 14, 2019 Order, ECF No. 6242 at 13. Accordingly, Plaintiffs propose the following agenda items for the upcoming status conference.

## I. Staffing

First, the status conference should address Defendants' ongoing Eighth Amendment violation of employing insufficient numbers of mental health clinicians who can competently provide class members with constitutionally adequate care. As the Court recognized in its August 14, 2019 Order, "[n]early a year has passed since the court-ordered deadline for defendants to come into full compliance with the staffing ratios in their 2009 staffing plan and the maximum ten percent vacancy rate." Aug. 14, 2019 Order, ECF No. 6242 at 4 (citing Oct. 10, 2017 Order, ECF No. 5711). Yet Defendants' psychiatry vacancy reports still show triple the permissible maximum vacancy rate systemwide, with multiple inpatient programs operating with approximately half the number of psychiatrists Defendants have allocated for those licensed psychiatric hospital programs. *See* Defs.' Monthly Psychiatry Vacancy Report, ECF No. 6260 at 4 (Aug. 30, 2019) (reporting most recent data). And Defendant Department of State Hospitals still has no court-approved staffing plan at all, after negotiations in the workgroup setting failed to result in agreement last Fall and the parties' and Court's attention necessarily turned to the urgent matters raised by the Golding Report. Remedying Defendants' longstanding and chronic clinical staffing shortages is critical to achieving a durable remedy in this case. Plaintiffs thus request that next steps for Defendants' compliance with the Court's staffing orders be discussed at the September 13, 2019 quarterly status conference.

## II. Access to Licensed Mental Health Crisis Beds

Second, the status conference should address Defendants' plan for compliance with the Court's orders requiring Defendants to plan for and provide timely access to mental

health crisis bed (MHCB) treatment in a licensed setting.  As this Court has noted, Defendants currently operate 72 unlicensed crisis beds that must be replaced by licensed crisis beds as part of any durable remedy.  *See* July 3, 2019 Order, ECF No. 6212 at 9.  Although all of the unlicensed beds were promised to be temporary only, most have been operating for over a decade, while others were so desperately needed that protective state licensing laws were waived on an emergency basis just last year.  *See id.* at 10.  Defendants are still not in compliance with this Court's April and October 2017 orders.  And Defendants' suicide rate is sky high and quickly climbing, with dramatically increasing numbers of class members who have died of suicide just after discharges from higher levels of care.  *See* Pls.' Resp. to Suppl. to Defs.' Third Status Report on Construction of 100 Mental Health Crisis Beds, ECF No. 6251 at 4 (Aug. 23, 2019); Decl. of Jenny S. Yelin in Supp. of Pls.' Resp. to Defs.' Suppl. to Third Status Report on Construction of 100 Mental Health Crisis Beds, ECF No. 6251-1 ¶¶ 2-6 (Aug. 23. 2019); Suppl. Decl. of Jenny S. Yelin in Supp. of Pls.' Resp. to Suppl. to Defs' Third Status Report on Construction of 100 Mental Health Crisis Beds, ECF No. 6266 ¶¶ 2-3.  Yet Defendants' recent report to this Court is that half of the long-promised (and perpetually delayed) 100 new crisis beds have been abandoned, meaning Defendants have no plan to fully replace the 72 unlicensed beds that they continue to rely on and utilize every day.  *See* Defs.' Fourth Status Report on Funding for the Construction of 100 Mental Health Crisis Beds, ECF No. 6256 at 3 (Aug. 28, 2019).  Plaintiffs remain extremely concerned that Defendants are continuing their ongoing failure to fully and finally remedy longstanding MHCB shortages.  Plaintiffs request that Defendants' plans to meet the need for crisis beds be discussed at the status conference, and that the Court consider taking additional steps to ensure compliance with existing orders, including those identified by Plaintiffs in their August 23, 2019 response to this Court's July 3, 2019 Order.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court include staffing and access to licensed MHCBs, in addition to any other issues the Court deems appropriate, to

1  its agenda for the September 13, 2019 quarterly status conference.

2

3  DATED:  September 5, 2019           Respectfully submitted,

4                                      ROSEN BIEN GALVAN & GRUNFELD LLP

5                                      By: */s/ Cara E. Trapani*
6                                          Cara E. Trapani

7                                      Attorneys for Plaintiffs

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28