DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

CLAUDIA CENTER – 158255
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111-4805
Telephone: (415) 621-2493

MICHAEL W. BIEN – 096891
JEFFREY L. BORNSTEIN – 099358
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LISA ELLS – 243657
JENNY S. YELIN – 273601
MICHAEL S. NUNEZ – 280535
JESSICA WINTER – 294237
MARC J. SHINN-KRANTZ – 312968
CARA E. TRAPANI – 313411
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GAVIN NEWSOM, et al.,<br><br>　　　　Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**PLAINTIFFS' SEPARATE STATEMENT IN RESPONSE TO COURT'S JULY 9, 2019 ORDER REGARDING CUSTODIAL POLICY UPDATE TO THE PROGRAM GUIDE**<br><br>Judge: Hon. Kimberly J. Mueller |

[3431425.3]

PLAINTIFFS' SEPARATE STATEMENT IN RESPONSE TO COURT'S JULY 9, 2019 ORDER REGARDING
CUSTODIAL POLICY UPDATE TO THE PROGRAM GUIDE

1  In its July 9, 2019 Order, the Court identified a number of aspects of the remedy for the ongoing Eighth Amendment violations in this case that it considers substantially complete in terms of planning, as well as those that remain unresolved. Amended Order, ECF No. 6214 at 17-18 (July 9, 2019) ("July 9 Order"). Plaintiffs seek to clarify two points this regard: First, while the Court has approved CDCR's 2009 staffing plan and ordered it fully implemented, *see* Defendants' Staffing Plan, ECF No. 3693 (Sept. 30, 2009); Order, ECF No. 5711 (Oct. 10, 2017), the parties and Special Master have never agreed upon a staffing plan for Defendant Department of State Hospitals (DSH). While the parties and Special Master held numerous workgroup meetings in 2018 to discuss DSH's proposed plan, those efforts were never completed due to the intervening events related to the Golding Report proceedings. Similarly, because CDCR's 2009 staffing plan pre-dated "lift-and-shift," it does not contain staffing ratios for the PIPs, where CDCR provides inpatient care to class members. *See generally* Defendants' Staffing Plan, ECF No. 3693 (Sept. 30, 2009). Those aspects of the staffing remedy, accordingly, remain unsettled. Second, while Plaintiffs agree that the issue of Defendants' use of "therapeutic treatment modules" or cages for the provision of mental health treatment to class members remains unsettled and subject to ongoing negotiations, the dispute is not limited to inpatient settings. *See* July 9 Order at 18. Rather, Plaintiffs have objected to Defendants' routine use of cages and other mechanical restraints in lower levels of care as well and negotiations over those issues remain ongoing.

Finally, Plaintiffs share this Court's goal of ensuring the existing remedial plans governing this case are properly implemented in order to secure a durable remedy of the ongoing constitutional violations. If, however, full implementation of the remedial plans identified to date proves inadequate to cure the Eighth Amendment violations, Plaintiffs

/ / /
/ / /
/ / /
/ / /

1
PLAINTIFFS' SEPARATE STATEMENT IN RESPONSE TO COURT'S JULY 9, 2019 ORDER REGARDING CUSTODIAL POLICY UPDATE TO THE PROGRAM GUIDE

[3431425.3]

will move the Court to enforce class members' rights and to modify the approved remedy, consistent with this Court's dictates. See July 9 Order at 15.

DATED: September 6, 2019

Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Jessica Winter*
Jessica Winter

Attorneys for Plaintiffs

2

PLAINTIFFS' SEPARATE STATEMENT IN RESPONSE TO COURT'S JULY 9, 2019 ORDER REGARDING CUSTODIAL POLICY UPDATE TO THE PROGRAM GUIDE

[3431425.3]