UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, et al.,<br><br>Defendants. | No. 2:90-cv-0520 KJM DB P<br><br><br><br>ORDER |

As invited by the court's August 14, 2019 order, ECF No. 6242, the parties have filed proposed agenda items for the quarterly status conference set for September 13, 2019 at 10:00 a.m. ECF No. 6242 at 13. After review, the court now sets the following agenda:

1. Update on Desert Institution Transfer Timeline Proposal and Reduction of Monitoring at the Desert Institutions.

2. Proposal to Expand the California Correctional Health Care System's Quality Management Section to Include Mental Health Care Data.

3. Update on Status of 100-bed Mental Health Crisis Bed (MHCB) Project. In particular, the parties should be prepared to address (a) whether the project as currently approved in its reduced scope is sufficient to permit defendants to take all unlicensed MHCBs offline and

1

replace them with licensed MHCBs as required by the Program Guide; and (b) whether the project as currently approved in its reduced scope is sufficient to guarantee defendants will have enough licensed MHCBs to meet the needs of the plaintiff class and the requirements of the Program Guide, including but not limited to the twenty-four hour transfer timeline[1] for the duration of the remedial phase of this litigation, however long that is, without future need to build additional MHCBs. In addition, the court has reviewed defendants' supplement to their third status report on the status of the 100-bed MHCB Project. ECF No. 6235. Defendants shall be prepared at the time of hearing to address with specificity whether defendant Newsom has authority to waive provisions of state law in order to expedite this project, as suggested by the testimony of former Deputy Director Tebrock at the hearing on September 28, 2017. *See* ECF No. 5707 at 81.

    4. Staffing. The parties should be prepared to discuss any outstanding issues concerning defendants' duty to comply with the court's October 10, 2017 order, ECF No. 5711.

    Defendants propose a number of additional agenda items. Those items will not be addressed at the September 13 status conference. Instead, the court provides the following direction as to each item.

    A. Update on Stipulations and Reforms Described in Defendants' Response to the Court's August 14, 2019 Order: This item is deferred to the evidentiary hearing set for October 15, 2019.

    B. Request to Find Defendants in Compliance with April 19, 2017 Order, ECF No. 5610, to Discharge the Order to Show Cause in Re Contempt, and to Purge Outstanding Accumulated Fines: Defendants may bring a separate motion to request this relief. Said motion, if brought, should be noticed for hearing and briefed in accordance with the provisions of Local Rule 230.

    C. Update on Compliance with Requirement of Twenty-Four Hour Transfer Timeline to MHCBs: This item is continued to the next quarterly status conference.

---

[1] The court acknowledges the parties have submitted a stipulation containing proposed exceptions to the twenty-four hour transfer timeline. The stipulation is pending review and approval by the court.

2

D. Benchmarks and Process for Determining When Constitutional Compliance Has Been Durably Achieved: As defendants note, the court directed the Special Master to propose in his 28th Round Monitoring Report benchmarks for compliance with the requirements of the remedial plan. ECF No. 6267 at 4 (quoting ECF No. 5852 at 3, 8). That order is confirmed. Nothing in this order precludes the Special Master from, as appropriate, supervising some or all of the discussions proposed by defendants prior to the time his Twenty-Eighth Round Monitoring Report is filed. To the extent defendants suggest proceeding with those discussions through the ongoing settlement process with Judge Drozd, the court is prepared to refer this subject to Judge Drozd for consideration once he sets a next date for settlement discussions; in the meantime, any such discussions must be coordinated with the Special Master in order to avoid unnecessary delay or duplication of effort and time.

IT IS SO ORDERED.

DATED: September 9, 2019.

_____
UNITED STATES DISTRICT JUDGE