XAVIER BECERRA, State Bar No. 118517
Attorney General of California
ADRIANO HRVATIN, State Bar No. 220909
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
TYLER V. HEATH, State Bar No. 271478
ROBERT W. HENKELS, State Bar No. 255410
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7318
 Fax: (916) 324-5205
 E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

ROMAN M. SILBERFELD, State Bar No. 62783
GLENN A. DANAS, State Bar No. 270317
ROBINS KAPLAN LLP
 2049 Century Park East, Suite 3400
 Los Angeles, CA 90067-3208
 Telephone: (310) 552-0130
 Fax: (310) 229-5800
 E-mail: RSilberfeld@RobinsKaplan.com
*Special Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>　　　　　　　　　Defendants. | Case No. 2:90-cv-00520 KJM-DB (PC)<br><br>**STIPULATION AND [PROPOSED] ORDER APPROVING DESERT INSTITUTIONS TRANSFER POLICY**<br><br>Judge: The Hon. Kimberly J. Mueller |

　　　In March 2019, Defendants proposed a policy to expedite the transfer of inmates housed in desert institutions who have a level-of-care change and need to be included in the Mental Health Services Delivery System (MHSDS), and of *Coleman* class members who are inadvertently transferred to a desert institution.[1] This policy shortens the transfer timeframes set forth in the MHSDS Program Guide. The parties met and conferred nearly every month over the past six months and negotiated the terms of a policy under the direction of the Special Master through the workgroup process.

---

[1] The desert institutions are Calipatria State Prison, California City Correctional Facility, the California Correctional Center, Centinela State Prison, Chuckawalla Valley State Prison, and Ironwood State Prison.

The final agreed-upon policy, entitled *Desert Institutions Expedited Transfer for Mental Health Services Delivery System Inmates*, is submitted as Exhibit A. The parties agree that CDCR will file monthly reports on transfers of *Coleman* class members out of desert institutions, to permit the Special Master to monitor those institutions via the filed reports instead of through institution tours. The parties agree to meet and confer under the direction of the Special Master on the format of the monthly reports, and CDCR will begin submitting the reports upon the Court's approval of the policy and its full implementation. The parties will provide an update regarding final implementation of the policy and set a timetable for the filing of the monthly reports once they have finalized the reporting requirements.

The Special Master has reviewed and concurs with this stipulation.

**IT IS SO STIPULATED.**

Dated: September 12, 2019

XAVIER BECERRA
Attorney General of California
ADRIANO HRVATIN
Supervising Deputy Attorney General

/s/ *Elise Owens Thorn*
Elise Owens Thorn
Deputy Attorney General
*Attorneys for Defendants*

Dated: September 12, 2019

ROSEN BIEN GALVAN & GRUNFELD LLP

/s/ *Marc J. Shinn-Krantz*
Marc J. Shinn-Krantz
*Attorneys for Plaintiffs*

**IT IS SO ORDERED.**

Dated: _____

_____
KIMBERLY J. MUELLER
UNITED STATES DISTRICT COURT

# Exhibit A

State of California                                                                  Department of Corrections and Rehabilitation

# Memorandum

Date:

To:   Associate Directors, Division of Adult Institutions
      Wardens
      Chief Executive Officers
      Chiefs of Mental Health
      Chief Medical Executives
      Classification and Parole Representatives

Subject:   **DESERT INSTITUTIONS EXPEDITED TRANSFER FOR MENTAL HEALTH SERVICES DELIVERY SYSTEM INMATES**

The California Department of Corrections and Rehabilitation (CDCR) remains committed to ensure timely mental health access for all inmates who are included in the Mental Health Services Delivery System (MHSDS).

It is CDCR policy to not transfer inmates in the MHSDS to the following desert institutions: CAL, CAC, CCC, CEN, CVSP and ISP.  The purpose of this memorandum is to announce the new transfer policy timelines for those inmates housed in desert institutions who have a level of care change and are then identified as requiring inclusion in the MHSDS.  Effective December 1, 2019, inmates housed at desert institutions whose mental health level of care (LOC) changes to Correctional Clinical Case Management System (CCCMS) or Enhanced Outpatient Program (EOP) shall be transferred to a MHSDS designated institution consistent with their case factors within 14 calendar days of the LOC change being reflected in the Electronic Health Record System (EHRS).  This memorandum makes no changes to existing Mental Health Crisis Bed transfer timelines.

**14-Day Transfer Process for Desert MHSDS Inmates**

1)  The mental health clinician determines the inmate is appropriate for CCCMS or EOP LOC and updates the LOC in the EHRS.  On the same day, the clinician notifies the Classification and Parole Representative (C&PR) or designee of the LOC change.

2)  Within one business day of notification, the C&PR shall coordinate with the Population Management Unit (PMU) for appropriate transfer placement.

3)  PMU, in coordination with the institution, will review the case no later than the next working day.  All efforts will be made to facilitate transfer to an institution likely to meet the inmate's case factors which would be appropriate for permanent endorsement.  Upon determination of approved placement location, institutional staff shall notify the inmate and facilitate the classification committee.

[3416311.1]

Associate Directors, Division of Adult Institutions
Wardens
Chief Executive Officers
Chiefs of Mental Health
Classification and Parole Representatives
Page 2

4) PMU will review the Desert MHSDS LOC Change Report daily to identify inmates with a mental health LOC change pending the transfer process in order to ensure all inmates requiring transfer are identified in Step #2.

5) Following committee the C&PR will notify PMU the case is ready for review by a Classification Staff Representative (CSR).  If there is casework that needs to be completed the CSR is to endorse the case and the receiving institution will be responsible to complete the casework.

6) Upon determination of an appropriate placement, PMU will notify the Statewide Transportation Unit (STU) and add the inmates to an existing bus schedule.  It is the expectation that inmates involved in this process shall normally move via the statewide bus schedule.  If the inmate cannot be added to an existing bus schedule, STU will notify the sending institution of the need to facilitate a special transport and ensure transfer within the 14-day transfer timeframe requirement.

7) Ongoing coordination will occur between the C&PR and PMU to ensure the timely transfers.

8) Medical Holds will be addressed in accordance with California Correctional Health Care Services Health Care Department Operations Manual, Chapter 1, Article 2, Section 14, Appendix 1: The Medical Classification Factors, subsection (b)(1). A Temporary Medical Hold is used when a patient requires medically necessary health care services, and it is medically prudent to provide these services at the institutions where the patient is currently housed.

If a patient is out to hospital or on a medical hold the transfer timeframe shall be suspended. As soon as possible, but not to exceed 24 hours after a patient on medical hold or who has identified medical issues that raise concern regarding safety for transport is placed in the mental health program, a joint team of medical and mental health clinicians shall discuss which clinical needs, mental health treatment or medical care, take precedence. If the medical condition is deemed more urgent than the mental health treatment need, a medical hold shall be ordered in accordance with current policy if one is not already in place. Mental health staff shall document the discussion in the electronic healthcare record, including the names and positions of those who participated in the discussion, the date and time the discussion occurred, the determination reached, and the specific rationale for the determination. The relative urgency of the medical and mental health needs, as dictated by the patient's condition, shall be continually monitored by the joint team, and mental health staff shall document in the electronic healthcare record the reasons that the medical need continues to outweigh the mental health need. If resolution of the medical issue delays CDCR's ability to transfer the patient to the mental health program within the transfer timelines, the patient shall be transferred as expeditiously as possible, and no later than 14

[3416311.1]

Associate Directors, Division of Adult Institutions
Wardens
Chief Executive Officers
Chiefs of Mental Health
Classification and Parole Representatives
Page 3

calendar days after the medical hold is lifted. If a medical hold is removed, the provider removing the hold shall contact the referring mental health clinician and document the communication of removal of the medical hold in a progress note.

The responsible provider for lifting the medical hold will notify the C&PR to ensure expedited transfer.

9) The goal is to have the patient be expeditiously housed at an institution that can meet both the medical needs as well as the mental health needs of the patient. The primary care provider (PCP) shall work towards addressing the reason for medical hold to allow for the patient to be transferred to a more appropriate institution that can address both the patient's medical needs and mental health level of care. The Regional Deputy Medical Executive (DME) and Regional Mental Health Administrator may need to work with their counterparts in another region in an effort to help transfer the care to the institution that can meet both the medical and mental health needs of the patients.

   If there is disagreement between the PCP and the mental health clinician regarding the patient's most urgent treatment needs, the parties shall immediately elevate their concerns and recommendations to the Chief Medical Executive (CME) and the Chief of Mental Health (CMH), or their designee's. The CME and CMH shall review the totality of the case and make a determination on the priority treatment needs with the final decision being transmitted to the PCP and mental health clinician no later than 24 hours after escalation of concerns. The primary MH Clinician shall ensure this decision is documented in the EHRS and communicated to necessary stakeholders.

   Should the CME and CMH be unable to come to resolution on the primary treatment needs of the patient, they shall elevate the recommendations for final decision to the appropriate Regional DME and Regional Mental Health Administrator (s), or their designees. The Regional DME and Regional Mental Health Administrator, or designee, shall make a determination within 24 hours and ensure the decision is documented in the EHRS and that the CME and CMH are notified. The CME and CMH will make all necessary notifications to ensure the appropriate treatment needs of the patient are being met.

10) Transfers will be consistent with California Code of Regulations, Title 15, Section 3379(d)(1) The sending institution shall, prior to any medical or psychiatric transfer, determine whether the inmate has enemies or might be in danger at the receiving facility, and shall: (A) Inform staff of the receiving facility by telephone prior to the transfer regarding any precautions needed to protect the inmate. (B) Make an alternate institutional transfer arrangement which will not jeopardize the inmate. This requirement shall not delay a transfer past the timeframes in this memorandum.

[3416311.1]

Associate Directors, Division of Adult Institutions
Wardens
Chief Executive Officers
Chiefs of Mental Health
Classification and Parole Representatives
Page 4

11) Any inmate-patient within the MHSDS inadvertently transferred to a desert institution shall be transferred out to an appropriate placement within 72 hours.

In-Service Training Managers shall ensure all Licensed Clinical Social Workers, Psychologists, Correctional Counselors, C&PRs/Assistant C&PRs, Captains, and Associate Wardens receive On-the-Job Training on this expectation, using BET Code 11059945 ("Desert Institutions Expedited Transfer for MHSDS Inmates – OJT"), within 30 days from the date of this memorandum. Wardens shall ensure staff training is completed and submit a proof of practice memorandum, along with a copy of their updated local operating procedure, to their respective mission's Associate Director.

If you have any questions, please contact Dawn Lorey, Associate Warden, Mental Health Compliance Team, at (916) 323-2450, or Dennis Halverson, Chief, Population Management Unit, at (916) 324-7812.


CONNIE GIPSON  
Director  
Division of Adult Institutions

R. STEVEN THARRATT, MD, MPVM, FACP  
Director, Health Care Operations  
Statewide Chief Medical Executive

cc: Jennifer Barretto  
Kelly Mitchell  
Dawn Lorey  
Dennis Halverson  
John Herrera  
Brian Moak  

Eureka Daye  
Brittany Brizendine  
Laura Ceballos  
Angela Ponciano  
Michael Golding  
Regional Deputy Medical Executives  
Regional Healthcare Executives  
Regional Mental Health Administrators  
Chief Physicians & Surgeons

[3416311.1]