1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

                Plaintiffs,

    v.

GAVIN NEWSOM, et al.,

                Defendants.

No.  2:90-cv-0520 KJM DB P

ORDER

          As required by the court's August 14, 2019 order, ECF No. 6242, the parties have filed responses to that order.  ECF No. 6255 (Plaintiffs' Response); ECF No. 6257 (Defendants' Response).  The court has reviewed those responses and now makes the following orders.

          1.  Without objection, the court's evidentiary hearing to address specific issues arising from the Golding Report and the Neutral Expert Report, as described in the August 14, 2019 order, is set for **October 15, 2019 beginning at 9:00 a.m.**[1]

          2.  The evidentiary hearing will cover the following issues as discussed in the August 14, 2019 order:

/////

---

[1] The court is advancing the start time for the hearing to 9:00 a.m., from the 10:00 a.m. time previously contemplated.

1

a. Issue B: Redefining "Monthly" to Lengthen the Intervals between Enhanced Outpatient (EOP) Appointments;

b. Issue E: Reporting of Scheduled and Missed Appointments; and

c. Issue F: Psychiatric Supervisors Acting As Line Staff.

As discussed in the August 14, 2019 order, as to each of these issues the hearing will be narrowly focused by the court's questions designed to assist the court in understanding both how and why misleading information in each of the three areas was developed and presented to the court and/or the Special Master. The court also anticipates asking selected questions directed to clarifying the context in which the misleading information was generated and presented. The court may also ask questions concerning remedial steps to cure the misrepresentations retrospectively and prospectively, to clarify steps already taken or that the court may consider ordering.

As discussed below, the court anticipates hearing testimony from several witnesses identified below. Each witness will be questioned first by the court, with the parties permitted to ask follow-up questions within the parameters defined by the court's questioning. The parties will be permitted to call rebuttal witnesses at the conclusion of the hearing only if allowed by the court, upon a showing that the testimony of any such witness is material to the court's inquiry and necessary to a complete and just resolution of the issues.

3. Witnesses will be called in the following order and will be questioned about one or more issues, as described below.

a. Dr. Michael Golding: Issues B, E, and F. The court currently anticipates the primary focus of its questioning of Dr. Golding will be on when he learned of the facts surrounding each issue, what steps he took to address each issue internally, and his views, if any, about why one or more issues could not be resolved successfully internally and prior to presentation of misleading information to the court and/or the Special Master.

b. Former Deputy Director Katherine Tebrock: Issues B, E, and F.

c. Dr. David Leidner: Issues B and E.

d. Dr. Laura Ceballos: Issues B and E.

e. Assistant Deputy Director Angela Ponciano: Issue F.

f. Dr. John Rekart:  Issue E.

g.  Assistant Deputy Director Brittany Brizendine:  Issue F.

h.  Nicholas Weber, Attorney with Office of Legal Affairs for the California Department of Corrections and Rehabilitation (CDCR): Issues B, E, and F.

i.  Melissa Bentz, Attorney with Office of Legal Affairs for the CDCR: Issues B, E, and F.

j.  Deputy Legal Affairs Secretary Rei Onishi: Issues B, E, and F.

In addition, the court finds Dr. Kevin Kuich may have testimony relevant and material to issues E and F, and possibly B.  Dr. Kuich has informed the court and plaintiffs' counsel that he is unavailable to testify in open court at the time set for hearing.  Plaintiffs' request that the court grant the parties leave to depose Dr. Kuich during the week of September 16, 2019 has been GRANTED, with the deposition to occur on Thursday, September 19, 2019.  The court directs the parties to inquire generally as to whether Dr. Kuich has information relevant to the court's inquiry about how and why misleading information was presented to the court and/or the Special Master in the three areas encompassed by issues B, E, and F.  If he does, the parties should clarify through focused deposition questions when he learned of any facts related to an issue, what steps he took, if any, to address each issue internally, and his views, if any, about why one or more issues could not be resolved successfully internally and prior to presentation of misleading information to the court and/or the Special Master.

4.  The following schedule for exhibits, proposed by plaintiffs, is adopted with the reminder that the hearing will be narrowly focused as described in this order.

a.  September 24, 2019:  Last day for parties to exchange evidentiary exhibits they will seek to offer at the hearing.

b.  October 1, 2019:  Last date for parties to exchange any demonstrative exhibits they will seek to offer at the hearing.

c.  October 8, 2019:  Last day for parties to file a joint list of evidentiary exhibits and a joint list of demonstrative exhibits they may seek to present at the hearing.

The court expects the parties to meet and confer on or before October 6, 2019 in an effort to resolve any evidentiary objections that may be raised in response to proposed exhibits. Any objections that cannot be resolved by the parties shall be filed with the court on October 8, 2019 with the lists of joint exhibits.

5. Defendants are granted fourteen days from the date of this order to file and serve evidence in support of the assertion in their response to the court's August 14, 2019 order that they "did not modify the business rule timely psychiatry contacts conducted for patients in the ASU EOP Hub program" and their corresponding assertion that they "no longer need[ ] to resubmit the five ASU EOP Hub certification letters" they previously represented contained misleading data. *See* ECF No. 6257 at 27.

6. Plaintiffs are granted fourteen days from the date of this order to file and serve a response to defendants' proposal for remedying the misleading information contained in timely psychiatry performance reports and documents generated therefrom. *See* ECF No. 6257 at 27-29.

IT IS SO ORDERED.

DATED: September 17, 2019.

_____
UNITED STATES DISTRICT JUDGE