DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

CLAUDIA CENTER – 158255
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111-4805
Telephone: (415) 621-2493

MICHAEL W. BIEN – 096891
JEFFREY L. BORNSTEIN – 099358
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LISA ELLS – 243657
JENNY S. YELIN – 273601
MICHAEL S. NUNEZ – 280535
JESSICA WINTER – 294237
MARC J. SHINN-KRANTZ – 312968
CARA E. TRAPANI – 313411
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>       Plaintiffs,<br><br>   v.<br><br>GAVIN NEWSOM, et al.,<br><br>       Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**PLAINTIFFS' RESPONSE TO THE COURT'S SEPTEMBER 17, 2019 ORDER**<br><br>Judge: Hon. Kimberly J. Mueller<br>Date:  October 15, 2019<br>Time:  9:00 a.m.<br>Crtrm.: 3, 15th Floor, Sacramento |

1       On September 17, 2019, the Court ordered Plaintiffs to respond "to defendants' proposal for remedying the misleading information contained in timely psychiatry performance reports and documents generated therefrom," as set forth in Defendants' Response to the Court's August 14, 2019 Order.  Sept. 17, 2019 Order, ECF No. 6288 at 4 (citing ECF No. 6257 at 27-29).[1]

       Given the ongoing "erosion in the trust between the parties," Aug. 14, 2019 Order, ECF No. 6242 at 3, Plaintiffs cannot take at face value Defendants' representation "that it is impossible to correct the record as envisioned by the Court" with respect to the inclusion of non-confidential encounters in the timely psychiatry contact performance report indicator.  Defs.' Resp. to Aug. 14, 2019 Order, ECF No. 6257 at 27 (Aug. 29, 2019). Defendants offered no evidence, in the form of a declaration or otherwise, to support this claim.  If it is true that members of CDCR's quality management staff "do[] not believe it is possible to accurately … modify the data in the manner contemplated by the Court," *id.* at 28, those individuals should provide sworn statements attesting to and explaining the basis for that belief.  The fact that the process of retroactively correcting the data would be burdensome does not mean it is "impossible," as Defendants proclaim.  *See id.* at 27-29.

       That said, Plaintiffs agree there is a more constructive and efficient way, other than manually reviewing each recorded psychiatry contact in the Electronic Health Record System (EHRS) dating back to 2014, to comply with the Court's order that the record in

---

[1] Plaintiffs understand the Court's September 17 Order as directing Plaintiffs to respond to page 27, line 24, through page 29, line 22, of Defendants' response (regarding Issue D, "Counting all Encounters as Evaluations").  Plaintiffs read the Court's Order as *not* requesting Plaintiffs' response to Defendants' proposal regarding the ASU EOP Hub Certification letters, *see* ECF No. 6257 at 27:3-14, despite that that issue also implicates the timely psychiatry contacts performance report indicator.  As Plaintiffs have stated, Plaintiffs lack the information necessary to verify Defendants' position on that point. *See* Pls.' Resp. to Aug. 14 Order, ECF No. 6255 at 8 (Aug. 28, 2019).  Additionally, Plaintiffs do not address Defendants' proposal regarding the appointments seen as scheduled indicator, *see* ECF No. 6257 at 27:15-23, because that proposal does not, so far as Plaintiffs understand, directly relate to "timely psychiatry performance reports and documents generated therefrom," Sept. 17, 2019 Order, ECF No. 6288 at 4,  Plaintiffs are prepared to file an amended pleading if Plaintiffs misunderstand the scope of the Court's September 17 Order.

this case "satisf[ies] the highest levels of integrity." Aug. 14, 2019 Order, ECF No. 6242 at 6. Plaintiffs appreciate Defendants' proposal to refile or resupply the data identified in footnote seven of their Response to the August 14, 2019 Order "to the Court and Special Master with the inclusion of the data's methodology at the time and any relevant limitations." Defs.' Resp. to Aug. 14, 2019 Order, ECF No. 6257 at 29 (Aug. 29, 2019). But that proposal, even assuming it is sufficiently detailed to be fully transparent, does not go far enough. Given the Court's resolution of the parties' dispute regarding whether psychiatry contacts must be confidential to satisfy Program Guide requirements, Defendants must also include a statement in their refiling that CDCR's prior methodology for calculating the timely psychiatry contact data was misleading because it overstated compliance with the Program Guide timeline requirements. *See* Neutral Expert Report, ECF No. 6147 at 67 (Apr. 22, 2019). Defendants were not willing to stipulate to this fact in the parties' Joint Report, and instead would only agree that this is what Neutral Expert found. *See* Joint Report Following June 10, 2019 Status Conf., ECF No. 6226 at 12 ¶ 8 (July 23, 2019). Requiring Defendants to acknowledge this fact affirmatively now, in light of the Court's order clarifying the meaning of the Program Guide, makes plain for the record why the pleadings are being amended in the first place and will go a long way towards restoring "the trust required for this case to move forward constructively," as is necessary for "the remedy to be effected in full." June 18, 2019 Order, ECF No. 6200 at 5.

Finally, Defendants express confusion at which psychiatry encounters should be counted as compliant after the Court's August 14 Order. *See* Defs.' Resp. to Aug. 14, 2019 Order, ECF No. 6257 at 28-29 (Aug. 29, 2019). That argument is a red herring. While the Court referred the issue of "Counting All Encounters As Evaluations" to the Workgroup, it did so on a very narrow basis:

> [This issue] will be referred to the Workgroup for development of protocols to ensure the 30 and 90 day psychiatric evaluations required by the Program Guide are confidential unless an inmate-patient refuses to be seen in a confidential setting, and that defendants' compliance reporting is consistent with this requirement as now clarified.

Aug. 14, 2019 Order, ECF No. 6242 at 8. The Court's mandate does not open wide the

door for Defendants to negotiate additional "exceptions" for cell-front visits to be counted as compliant under the Program Guide. Defs.' Resp. to Aug. 14, 2019 Order, ECF No. 6257 at 29 (Aug. 29, 2019). The Court's Order, which Defendants did not appeal, stated in no uncertain terms its legal holding "that psychiatric evaluations must be 'confidential' to satisfy the 30 and 90 day Program Guide requirements." Aug. 14, 2019 Order, ECF No. 6242 at 7. Indeed, the Court found Defendants' contrary interpretation "erroneous." *Id.* at 8. Counting as compliant psychiatric evaluations that occur cell-side due to a patient being "too ill to exit their cell or when the unit is small," *see* Defs.' Resp. to Aug. 14, 2019 Order, ECF No. 6257 at 29 (Aug. 29, 2019), not only contradicts the Court's recitation of the Program Guide's requirements, it is inconsistent with Defendants' own repeated recognition that a clinical encounter necessarily is one that occurs "out-of-cell," *see, e.g.*, Defs.' Plans & Policies Addressing April 10, 2014 Order, ECF No. 5211 at 6, 7 (Aug. 29, 2014); *see also* Sept. 7, 2018 Hr'g Tr., ECF No. 5915 at 40 (counsel for Defendants characterizing cell-front contacts not as treatment, but merely as "wellness check[s]"); *id.* at 39 (same). Even CDCR's former Deputy Director of Mental Health understood cell-front contacts to be distinct from, and less fulsome than, the routine psychiatry evaluations required by the Program Guide. *See* Decl. of Katherine Tebrock In Supp. of Defs.' Resp. to Special Master's Report on Status of Mental Health Staffing, ECF No. 5591-2 at 3 ¶ 7 (Mar. 30, 2017). As the Court made clear in its August 14, 2019 Order, the issue of what psychiatry contacts count as evaluations for purposes of the Program Guide is no longer up for debate.

DATED: October 1, 2019            Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Cara E. Trapani*
Cara E. Trapani

Attorneys for Plaintiffs