1  XAVIER BECERRA, State Bar No. 118517
   Attorney General of California
2  ADRIANO HRVATIN, State Bar No. 220909
   Supervising Deputy Attorney General
3  KYLE A. LEWIS, State BAR No. 201041
   ELISE OWENS THORN, State Bar No. 145931
4  TYLER V. HEATH, State Bar No. 271478
   ROBERT W. HENKELS, State Bar No. 255410
5  Deputy Attorneys General
    1300 I Street, Suite 125
6   P.O. Box 944255
    Sacramento, CA 94244-2550
7   Telephone: (916) 210-7325
    Fax: (916) 324-5205
8   E-mail: Tyler.Heath@doj.ca.gov
   Attorneys for Defendants
9

ROMAN M. SILBERFELD, State Bar No. 62783
GLENN A. DANAS, State Bar No. 270317
ROBINS KAPLAN LLP
 2049 Century Park East, Suite 3400
 Los Angeles, CA 90067-3208
 Telephone: (310) 552-0130
 Fax: (310) 229-5800
 E-mail: RSilberfeld@RobinsKaplan.com
*Special Counsel for Defendants*

10              IN THE UNITED STATES DISTRICT COURT

11           FOR THE EASTERN DISTRICT OF CALIFORNIA

12                     SACRAMENTO DIVISION

13

14  **RALPH COLEMAN, et al.,**              2:90-cv-00520 KJM-DB (PC)

15                          Plaintiffs,     **DECLARATION OF NICHOLAS
                                            WEBER IN SUPPORT OF
16     **v.**                               DEFENDANTS' TRIAL BRIEF**

17                                          Judge: The Honorable Kimberly J. Mueller
    **GAVIN NEWSOM, et al.,**
18                                          Trial Date: Oct. 15, 2019, 9:00a.m.
                           Defendants.
19

20

21      I, Nicholas Weber, declare as follows:

22      1.      I am over the age of 18 years and have personal knowledge of all of the following,

23  and if called as a witness could competently testify to the following.

24      2.      I am an Attorney in the Office of Legal Affairs, at the CDCR. I was hired by CDCR

25  Office of Legal Affairs in 2009, but did not start working on the Coleman matter until early 2013.

26      3.      Prior to the Golding Report being filed, I had no knowledge concerning the

27  redefinition of the "monthly" business rule, as described by Dr. Golding. Therefore, I also have no

28

                                    1

personal knowledge as to why Dr. Golding or the Special Master were not informed when the definition was changed.

4.    I was not involved in any of the policy decisions related either to the change of the "monthly" business rule or the Appointments Seen as Scheduled indicator, as referenced in the Court's September 17, 2019 Order.

5.    Prior to the Golding Report being filed, I had no knowledge that the definition of the "Appointments Seen As Scheduled" indicator was incorrect.

6.    At most, I could provide information regarding my discussions with the Special Master's team and Plaintiffs' counsel regarding the staffing proposal after dissemination of the proposal on or about May 17, 2018, including discussions and requests for additional data, and modifications to the proposal resulting from the ongoing discussions and negotiations with the Plaintiffs' counsel.

7.    My role in the Coleman litigation has been and is to provide advice to the CDCR chiefs, directors and executives regarding compliance with existing court orders and how best to avoid additional enforcement orders being issued by the Court.

8.    I work closely with CDCR's mental health, Division of Adult Institutions, and other offices or divisions closely in order to advise on their legal obligations and legal liability risks.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed in Sacramento, California on October 1, 2019.


                                   /s/ Nicholas Weber
                                  Nicholas Weber