XAVIER BECERRA, State Bar No. 118517
Attorney General of California
ADRIANO HRVATIN, State Bar No. 220909
Supervising Deputy Attorney General
KYLE A. LEWIS, State BAR No. 201041
ELISE OWENS THORN, State Bar No. 145931
TYLER V. HEATH, State Bar No. 271478
ROBERT W. HENKELS, State Bar No. 255410
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7325
 Fax: (916) 324-5205
 E-mail: Tyler.Heath@doj.ca.gov
*Attorneys for Defendants*

ROMAN M. SILBERFELD, State Bar No. 62783
GLENN A. DANAS, State Bar No. 270317
ROBINS KAPLAN LLP
 2049 Century Park East, Suite 3400
 Los Angeles, CA 90067-3208
 Telephone: (310) 552-0130
 Fax: (310) 229-5800
 E-mail: RSilberfeld@RobinsKaplan.com
*Special Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                              Plaintiffs,<br><br>           v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>                              Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**DECLARATION OF MELISSA BENTZ IN SUPPORT OF DEFENDANTS' TRIAL BRIEF**<br><br>Judge: The Hon. Kimberly J. Mueller |

I, Melissa Bentz, declare as follows:

1. I am over the age of 18 years and have personal knowledge of all of the following, and if called as a witness could competently testify to the following.

2. I am an Attorney in the Office of Legal Affairs, at the CDCR. I was hired by CDCR Office of Legal Affairs in February 2016, but did not start working on the *Coleman* matter until December 2017.

3. Prior to the Golding Report being filed, I had no knowledge concerning the redefinition of the "monthly" business rule, as described by Dr. Golding. I have no personal knowledge as to "why CDCR mental health administrators did not inform Dr. Golding or the

1

Special Master when they changed the definition of 'monthly.'" I was also not involved in any of the policy decisions related to the change of the "monthly" business rule, as referenced in the Court's September 17, 2019 Order.

4. Prior to the Golding Report being filed, I had no knowledge that the definition of the "Appointments Seen As Scheduled" indicator was incorrect. I have no personal knowledge as to why that indicator was developed "in the absence of consultation with Dr. Golding or other quality control measures.'" I was also not involved in any of the policy decisions related to the Appointments Seen as Scheduled indicator, as referenced in the Court's September 17, 2019 Order.

5. At most, I could provide information regarding my discussions with the Special Master's team and Plaintiffs' counsel regarding the staffing proposal after dissemination of the proposal on or about May 17, 2018, including discussions and requests for additional data, and modifications to the proposal resulting from the ongoing discussions and negotiations with the Plaintiffs' counsel.

6. My role in the *Coleman* litigation is to provide advice to the CDCR chiefs, directors and executives regarding compliance with existing court orders and how best to avoid additional enforcement orders being issued by the Court.

7. I work closely with CDCR's mental health, Division of Adult Institutions, and other offices or divisions closely in order to advise on their legal obligations and legal liability risks.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in Sacramento, California on October 1, 2019.

        /s/ Melissa Bentz  
        Melissa Bentz

CF1997CS0003
14159739

2

Bentz Decl. Supp. Defs.' Trial Brief (2:90-cv-00520 KJM-DB (PC))