| | |
|---|---|
| DONALD SPECTER – 083925<br>STEVEN FAMA – 099641<br>MARGOT MENDELSON – 268583<br>PRISON LAW OFFICE<br>1917 Fifth Street<br>Berkeley, California 94710-1916<br>Telephone: (510) 280-2621 | MICHAEL W. BIEN – 096891<br>JEFFREY L. BORNSTEIN – 099358<br>ERNEST GALVAN – 196065<br>THOMAS NOLAN – 169692<br>LISA ELLS – 243657<br>JENNY S. YELIN – 273601<br>MICHAEL S. NUNEZ – 280535<br>JESSICA WINTER – 294237 |
| CLAUDIA CENTER – 158255<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA, INC.<br>39 Drumm Street<br>San Francisco, California 94111-4805<br>Telephone: (415) 621-2493 | MARC J. SHINN-KRANTZ – 312968<br>CARA E. TRAPANI – 313411<br>ROSEN BIEN<br>GALVAN & GRUNFELD LLP<br>101 Mission Street, Sixth Floor<br>San Francisco, California 94105-1738<br>Telephone: (415) 433-6830 |

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, et al.,<br><br>    Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF ERRATA OF ECF NOS. 5591, 5601, AND 5841**<br><br>Judge: Hon. Kimberly J. Mueller<br>Date: October 15, 2019<br>Time: 9:00 a.m.<br>Crtrm.: 3, 15th Floor, Sacramento |

# INTRODUCTION

On October 1, 2019, Defendants sua sponte filed a Notice of Errata seeking to modify or eliminate various data points filed in the record with the Court in this case. ECF No. 6302. While Plaintiffs agree that Defendants must correct and re-file any pleadings that rely on incorrect data, Defendants must accompany such actions with an acknowledgment of the reason for doing so—that the data was misleading. Defendants' Notice of Errata fails to make any such concession. Indeed, even Defendants' choice to style the pleading as an "errata"—meant for minor errors in pleadings—downplays the significance of these very important corrections that are necessary to ensure the record in this case "satisf[ies] the highest levels of integrity." Aug. 14, 2019 Order, ECF No. 6242 at 6. Defendants should not be permitted to gloss over the fact that they are revising these pleadings because their misleading data has infected this Court's record. For the reasons set forth below, Plaintiffs object to Defendants' Notice of Errata as insufficient to fully and transparently correct the record.

## I. DEFENDANTS FAIL TO ACKNOWLEDGE THAT CDCR'S DECISION TO REDEFINE "MONTHLY" IN ITS BUSINESS RULE UNDERLYING THE "TIMELY PSYCHIATRY CONTACTS" INDICATOR WAS MISLEADING.

As the Court found, the stipulations to which Defendants agreed in the parties' July 23, 2019 Joint Status Report "compel[] the conclusion that the parties are, in effect, in agreement [that] … the decision to redefine 'monthly' in CDCR's business rules did result in the reporting of misleading data to the court …." Aug. 14, 2019 Order, ECF No. 6242 at 5 (citing ECF No. 6226 at 3-4). Defendants never objected to this finding. Nonetheless, Defendants once again refuse to assume responsibility for the misleading nature of CDCR's past data reporting practices in their Notice of Errata. In direct contravention of the August 14 Order's finding, Defendants concede only that CDCR's unilateral modification of the business rule was "based on CDCR's interpretation of policy in a way that the neutral expert found may have been misleading to the Court or Special Master." Defs.' Notice of Errata, ECF No. 6302 at 1. Defendants' unwillingness to accept the Court's holding that their "decision made a 'significant alteration' to the Program Guide"

and "result[ed] in the reporting of misleading data," Aug. 14, 2019 Order, ECF No. 6242 at 5 (quoting ECF No. 6185 at 9), makes a mockery of their purported commitment "to meeting the Court's objective to restore trust among the parties," Joint Status Report, ECF No. 6226 at 34.

Moreover, the specific modifications Defendants make to their March 30 and April 13, 2017 filings do not go nearly far enough. *See* Defs.' Notice of Errata, ECF No. 6302 at 2-3. First, Defendants fail to acknowledge a statement in the March 30, 2017 Declaration of Katherine Tebrock that relied on the changed business rule. *See* ECF No. 5591-2 at 4 ("CDCR clinicians routinely provide timely care to inmates. In fact, over the past year …. 90% of psychiatrist clinical contacts were made timely."). Given that Defendants have stipulated that the data on page 4 of Ms. Tebrock's declaration "rel[ied] on data reported using the revised business rule," *see* Joint Status Report, ECF No. 6226 at 4 ¶ 11, Defendants must also re-run and correct the data presented on this page.

Second, Defendants' amendments to the March 30 and April 13, 2017 pleadings fail to acknowledge that Defendants' statements in those pleadings, not just the compliance numbers, were implicated by the business rule change. Specifically, while Defendants are willing to correct page 14, lines 25-26 of their March 30, 2017 filing (ECF No. 5591) and Table 2 on page 9 of their April 13, 2017 filing (ECF No. 5601) to state that SVSP's compliance rate for the Timely Psychiatry Contacts performance report indicator was actually 68%, not 78%, they are not willing to correct or retract the statements preceding that data, which purport that SVSP was providing mental health care above and beyond the constitutional minimum. *See* ECF Nos. 5591 at 14:25-26 & 5601 at 9:1-2. But the newly-corrected compliance rate of 68% is clearly insufficient to support Defendants' claim that their data shows that SVSP is "providing more than constitutional-level care over several performance criteria." ECF No. 5601 at 9:1-2. Defendants must acknowledge this reality in their correction of these pleadings.

Finally, Defendants fail to explicitly concede that the revised business rule allowed CDCR to over-report compliance rates with the Timely Psychiatry Contacts indicator at

nearly every institution in the State, and in particular dramatically inflated compliance at numerous key prisons with the largest mental health programs in the system.  Notably, applying the correct 30-day rule caused CHCF's compliance rate to drop from 72% to 55%, COR's rate to drop from 84% to 74%, SAC's rate to drop from 66% to 52%, MCSP's rate to drop from 87% to 78%, and SVSP's rate to drop from 78% to 68%. *Compare* Tebrock Decl., ECF No. 5591-2 at Ex. 2, *with* Decl. of Nicholas Weber in Supp. of Defs.' Notice of Errata, ECF No. 6302-1 at Ex. 1.  Defendants must acknowledge these significant reductions in compliance rates in their filings in order to achieve true transparency regarding the effects of the business rule change.

## II. DEFENDANTS FAIL TO ACKNOWLEDGE THAT THE REASON FOR STRIKING THE "APPOINTMENTS SEEN AS SCHEDULED" DATA FROM CDCR'S MAY 17, 2018 STAFFING PROPOSAL IS THAT THE INDICATOR WAS INCORRECTLY DEFINED.

The Court correctly "infer[red] from [the parties'] stipulation there is general agreement that the definition of the Appointments Seen as Scheduled indicator was incorrect for the period from approximately 2016 through October 2018."  Aug. 14, 2019 Order, ECF No. 6242 at 9 (citing ECF No. 6226 at 16).  But Defendants' Notice of Errata fails to reference this finding, to which Defendants never objected, or otherwise acknowledge the reason for striking the reference to the Appointments Seen as Scheduled data in Defendants' May 17, 2018 Staffing Proposal, which was filed with the Court as an exhibit to the parties' Joint Status Report Re: June 28, 2018 Status Conference (ECF No. 5841).  *See* Defs.' Notice of Errata, ECF No. 6302 at 3.  Moreover, rather than correcting the record by acknowledging the original pleading relied on misleading data, Defendants seek to simply eliminate it from the record by striking the reference.  Defendants cannot rebuild trust, or ensure that the record is accurate and transparent, by just pretending misleading data was never presented in the first place.  For all the same reasons discussed in Section I, *supra*, Defendants' failure to clearly state *why* they are seeking to modify their prior pleadings eviscerates their purported commitment to transparency and clarifying the record, and further exacerbates the "erosion in the trust between the parties."  Aug. 14,

2019 Order, ECF No. 6242 at 3.  Unless and until Defendants amend their pleadings to fully acknowledge CDCR's misleading data practices, the record in this case will not "satisfy the highest levels of integrity."  *Id.* at 6.

### III.  OUTSTANDING REMEDIATION ISSUES.

Finally, Plaintiffs continue to maintain that additional corrective steps must be taken by Defendants, including as to pleadings that reported data relying on—but not disclosing —patient care provided by psychiatrist supervisors and Defendants' "erroneous" methodology of counting all non-confidential psychiatry contacts towards compliance.  *See* Aug. 14, 2019 Order, ECF No. 6242 at 7-8, 10; *see also* Pls.' Resp. to Sept. 17, 2019 Order, ECF No. 6301 at 2-3; Pls.' Resp. to Aug. 14, 2019 Order, ECF No. 6255 at 7-9; Joint Status Report, ECF No. 6226 at 27-28, 32-35.  Plaintiffs request the opportunity to revisit the appropriate scope of remediation after the close of evidence at the upcoming evidentiary hearing.

### CONCLUSION

In sum, Plaintiffs object to Defendants' Notice of Errata as gravely inconsistent with Defendants' stated intent "to improve transparency and restore trust," and their court-ordered "obligation to correct the record."  *See* Defs.' Resp. to Aug. 14, 2019 Order, ECF No. 6257 at 12; Aug. 14, 2019 Order, ECF No. 6242 at 6.  As the Court has stated, it "has to be persuaded the defendants accept that the buck stops with the defendants and the defendants are accepting full responsibility…."  Aug. 8, 2019 Status Conf. Hr'g Tr., ECF No. 6236 at 33:21-25.  Defendants' Notice of Errata does little to meet this objective.

DATED:  October 8, 2019          Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By:  */s/ Cara E. Trapani*
      Cara E. Trapani

Attorneys for Plaintiffs