DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

CLAUDIA CENTER – 158255
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, California 94111-4805
Telephone: (415) 621-2493

MICHAEL W. BIEN – 096891
JEFFREY L. BORNSTEIN – 099358
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LISA ELLS – 243657
JENNY S. YELIN – 273601
MICHAEL S. NUNEZ – 280535
JESSICA WINTER – 294237
MARC J. SHINN-KRANTZ – 312968
CARA E. TRAPANI – 313411
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GAVIN NEWSOM, et al.,<br><br>    Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DEFENDANTS' EXHIBIT LIST FOR OCTOBER 15, 2019 EVIDENTIARY HEARING**<br><br>Judge: Hon. Kimberly J. Mueller<br>Date:  October 15, 2019<br>Time:  9:00 a.m.<br>Crtrm.: 3, 15th Floor, Sacramento |

# INTRODUCTION

On September 17, 2019, the Court ordered "the parties to meet and confer on or before October 6, 2019 in an effort to resolve any evidentiary objections that may be raised in response to proposed exhibits." Sept. 17, 2019 Order, ECF No. 6288 at 4. Having met and conferred, Plaintiffs hereby assert the following objections,[1] while also maintaining their right to raise additional evidentiary objections to Defendants' exhibits, including those discussed below, at the upcoming evidentiary hearing depending on the scope of the hearing and how Defendants seek to use the exhibits.

## I. Defendants' Trial Exhibits 1 and 5: The Declarations of Laura Ceballos and David Leidner (ECF Nos. 6012-2 and 6012-3)

Defendants have indicated that they seek to introduce the declarations of Drs. Ceballos and Leidner, filed on November 20, 2018 in direct derogation of this Court's orders, at the evidentiary hearing for the truth of the matter asserted therein. *See* Nov. 29, 2018 Order, ECF No. 6018 at 1-2 (citing Hr'g Tr. Re: Nov. 5, 2018 Status Conf., ECF No. 5998 at 20:4-23). Those declarations are inadmissible hearsay pursuant to Federal Rule of Evidence 801.

The Ceballos and Leidner declarations do not qualify as non-hearsay statements under Rule 801(d). First, none of the scenarios authorizing admissibility of these prior statements under Rule 801(d)(1) apply. Defendants do not claim the declarations will be inconsistent with Drs. Ceballos and Leidner's testimony at trial, and they were not made "at a trial, hearing, or other proceeding or in a deposition." Thus they do not qualify as non-hearsay under Rule 801(d)(1)(A). Rule 801(d)(1)(B) also does not apply because, even if the declarations were offered to rebut an allegation that Drs. Ceballos and/or Leidner's testimony at the upcoming hearing was false or tainted by an improper motive,

---

[1] Plaintiffs' inclusion of the documents discussed herein on Plaintiffs' trial exhibit list, which does not necessarily signal Plaintiffs' intent to offer all of the exhibits into evidence at the hearing, does not obviate the documents' inadmissibility when proffered as evidence by Defendants.

1  the declarations in question could not serve as rehabilitative evidence because they were
2  written and submitted to the Court *after* Dr. Golding's whistleblower allegations
3  surfaced—i.e., after any motive to shade the truth had already arisen. *See Tome v. United*
4  *States*, 513 U.S. 150, 157-58 (1995); *see also* Fed. R. Evid. 801(d)(1)(B), Adv. Comm.
5  Notes (2014 Amend.) (preserving *Tome* requirement that "a consistent statement offered to
6  rebut a charge of recent fabrication or improper influence or motive must have been made
7  before the alleged fabrication or improper inference or motive arose"). And Rule
8  801(d)(1)(C) simply does not apply.
9      Nor are the Ceballos and Leidner declarations admissible as admissions of a party-
10 opponent under Rule 801(d)(2)(A). Rule 801(d)(2)(A) states that an opposing party's
11 statements offered against that party are not considered hearsay. Fed. R. Evid.
12 801(d)(2)(A). That rule is inapplicable here. While Plaintiffs may introduce the
13 declarations under Rule 801(d)(2)(A) because Drs. Ceballos and Leidner are opposing
14 parties to Plaintiffs, Defendants cannot. Said differently, Defendants cannot rely on Rule
15 801(d)(2)(A) to introduce the declarations because Drs. Ceballos and Leidner are
16 Defendants' agents, and therefore their declarations are not the statements of an opposing
17 party. *See United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir. 1988) (per curiam)
18 (citing *United States v. Palow*, 777 F.2d 52, 56 (1st Cir. 1985) ("The requirement of Rule
19 801(d)(2)(A) that an admission be offered against a party is designed to exclude the
20 introduction of self-serving statements by the party making them.")); *see also United*
21 *States v. Dashner*, No. 12-cr-00646-SI-1, 2015 WL 3660331, at *2 (N.D. Cal. June 2,
22 2015) ("A defendant's prior statements, not used against him, are not admissible under the
23 hearsay exception Rule 801(d)(2)(A).").
24     Finally, none of the exceptions to the rule against hearsay outlined in Rule 803
25 apply, nor have Defendants identified any that might. The declarations are clearly self-
26 serving out-of-court statements, not subject to cross-examination, that are intended to
27 impermissibly bolster the record and/or Drs. Ceballos and Leidner's upcoming live
28 testimony.

1    Accordingly, to the extent Defendants seek to introduce these declarations for the
2    truth of their content, they constitute inadmissible hearsay that are prohibited by the
3    Federal Rules of Evidence.  Drs. Ceballos and Leidner can communicate their version of
4    events through live testimony at the hearing, subject to cross-examination.  Defendants
5    should not be allowed to offer their inadmissible out-of-court statements as evidence.

## II.    Plaintiffs' Objections to Exhibits to the Leidner Declaration

Defendants have indicated they intend to introduce certain exhibits to the unauthorized November 20, 2018 Leidner Declaration (ECF No. 6012-3) into evidence at the October 15 hearing.  Plaintiffs have the following objections, notwithstanding Plaintiffs' inclusion of these documents on Plaintiffs' trial exhibit list filed herewith.

### A.    <u>Defendants' Trial Exhibit 6</u>: Excerpt of Compliance Rules Report Attached as Exhibit 1 to the Leidner Declaration (ECF No. 6012-3 at 18-21)

This exhibit is inadmissible pursuant to Federal Rule of Evidence 106, known as "the rule of completeness" at common law.  Rule 106 states:

> If a party introduced all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time.

Fed. R. Evid. 106.  The purpose of the rule is to protect against "the misleading impression created by taking matters out of context."  *See id.*, Adv. Comm. Notes (1972 Amend.). Here, Defendants seek to introduce as evidence an excerpt of the "Compliance Rules Report," which Dr. Leidner purports in his inadmissible declaration is the part of a report containing the business rule parameters of CDCR's performance report indicators.  *See* Leidner Decl., ECF No. 6012-3 at 4 ¶ 9.  But Defendants have not provided the full report, rendering this excerpt an incomplete writing with the potential to mislead.  Unless Defendants introduce the entirety of the document, it is inadmissible under Rule 106.  *See Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 172 (1988) ("[W]hen one party has made use of a portion of a document, such that misunderstanding or distortion can be averted only through presentation of another portion, the material required for completeness is *ipso*

*facto* relevant and therefore admissible under Rules 401 and 402."). The Court should insist that Defendants include the entire document rather than an excerpt of their own choosing if they introduce this exhibit into evidence.

### B. Defendants' Trial Exhibits 10, 11, and 12: Emails Attached as Exhibits 5, 6, and 7 to the Leidner Declaration (ECF No. 6012-3 at 51-59)

Exhibits 5, 6, and 7 to the Leidner Declaration, which Defendants have listed as Trial Exhibits 10, 11, and 12, are also inadmissible under the Federal Rules of Evidence in addition to running afoul of the Local Rules and the First Amendment. Each of these emails contains redacted email address information that prevents Plaintiffs and the Court from understanding the identities of senders and/or recipients of the emails. Defendants have refused to provide Plaintiffs with unredacted versions, or to use unredacted versions at trial. Defendants' redactions distort the meaning and effect of the emails by hiding the identities of those CDCR employees who have personal knowledge of them, rendering the documents inherently misleading pursuant to Rule 106. *See Beech Aircraft*, 488 U.S. at 172.

Further, Defendants' redactions to these filed documents violated Local Rule 140, which expressly prohibits redactions of filed documents absent a Court order except in certain circumstances not relevant here. The protective order in this case also would not authorize Defendants' unilateral redactions of public employee email addresses here. Moreover, Defendants have not even attempted to make the showing necessary to justify intrusion into the public's longstanding and well-recognized right of access to judicial records, "justified by the interest of citizens in keeping a watchful eye on the workings of public agencies." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citations and alterations omitted); *see also Oregonian Pub. Co. v. U.S. Dist. Ct. for Dist. of Or.*, 920 F.2d 1462, 1465 (9th Cir. 1990) (recognizing public's First Amendment right of access to judicial documents and proceedings). The emails Defendants filed and intend to use at the upcoming hearing are presumptively public, and can be redacted only if Defendants can marshal specific, articulable compelling reasons, not based on "hypothesis

4
PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DEFENDANTS' EXHIBIT LIST FOR OCTOBER 15, 2019 EVIDENTIARY HEARING

[3445775.3]

or conjecture," sufficient to overcome the strong presumption in favor of public access. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016). Defendants have made no such showing, and indeed have not justified in any way either their original unilateral decision to redact information from the public record or their insistence on using those same wrongfully redacted documents at the upcoming evidentiary hearing.

The interest in public access is especially heightened where, as here, matters of fundamental public concern, including potential misconduct of public entities and officers, are at issue. *See E.E.O.C. v. Erection Co.*, 900 F.2d 168, 171-72 (9th Cir. 1990) (Reinhardt, J., concurring in part and dissenting in part) (documents that provide "an effective mechanism for the public to monitor a public agency's performance of a vital public task" are subject to a "presumption [that] weighs even more heavily in favor of public access than in the ordinary civil case"); *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 101 F.R.D. 34, 38 (C.D. Cal. 1984); *Cohen v. Trump*, No. 13-cv-2519- GPC-WVG, 2016 WL 3036302, at *6 (S.D. Cal. May 27, 2016). Similarly, to protect the integrity of the courts, documents necessary to understand the basis for judicial action are rarely sealed. *See Kamakana*, 447 F.3d at 1179 (explaining that high bar for sealing even portions of documents relies on the principle that judicial resolution of a dispute lies "at the heart of the interest in ensuring the public's understanding … of significant public events" (citation omitted)); *Richmond Newspapers Inc. v. Virginia*, 448 U.S. 555, 572 (1980) ("People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing.").

Nor does this Court's October 25, 2018 ruling (ECF No. 5986) authorizing certain limited information to be redacted from the Golding Report justify the redactions here. First, that order was specific to the Golding Report, and no other circumstance. And any concerns Defendants and this Court had about the identifies of CDCR employees at the time were obviated by Defendants' agreement to file the Neutral Expert report—

5
PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DEFENDANTS' EXHIBIT LIST FOR OCTOBER 15, 2019 EVIDENTIARY HEARING

[3445775 3]

containing fulsome discussions of the statements and documents provided by previously redacted CDCR witnesses—in unredacted form. Indeed, Defendants have raised no objection to Plaintiffs' inclusion of the unredacted Golding Report in their Exhibit List, despite the October 25, 2018 order. Second, Defendants' entire November 20, 2018 filing —not just the unauthorized redactions—was in derogation of the Court's clear and express order prohibiting the filing. *See* Nov. 29, 2018 Order, ECF No. 6018 at 1-2 (citing Hr'g Tr. Re: Nov. 5, 2018 Status Conf., ECF No. 5998 at 20:4-23). The fact that the documents are already improperly redacted in the record (again, without Court approval of those redactions) is no basis to allow their use at the upcoming evidentiary hearing.

In short, Defendants have no basis to ask this Court to accept into evidence at a public trial about potential misconduct by governmental actors documents that selectively redact their employees' names, in contravention of the Court's Local Rules, the First Amendment, and the Rules of Evidence. Defendants should be required to provide Plaintiffs with unredacted versions of Defendants' Trial Exhibits 10, 11, and 12, and this Court should refuse to admit the redacted versions into evidence at the upcoming hearing, if indeed the Court rules the documents are otherwise admissible in the first instance.

### III. This Court Should Defer Any Rulings on the Scope of Plaintiffs' Proposed Exhibits Until Trial

Defendants have stated that they intend to file generalized objections to Plaintiffs' proposed exhibits on the grounds that some or all of them are beyond the scope of the evidentiary hearing. Defendants did not single out any exhibit or exhibits that would be subject to this objection during the meet and confer process.

Any such objections should be reserved for trial. Given the pending status of the Court's *in camera* review of Defendants' purportedly privileged documents, *see, e.g.*, Oct. 8, 2019 Minute Order, ECF No. 6311, and the Court's intent to question each witness first before permitting the parties "to ask follow-up questions within the parameters defined by the court's questioning," Sept. 17, 2019 Order, ECF No. 6288 at 2, the exact scope of the evidentiary hearing is uncertain at this point and will depend on the development of the

evidence.  Furthermore, Plaintiffs have provided their list of exhibits in the interests of disclosure and transparency; it does not mean Plaintiffs have committed to introducing all of the exhibits into evidence.  That decision will depend on what transpires at the hearing, and Plaintiffs' related strategy determinations.  The Court should not preemptively rule on any generalized objection to Plaintiffs' exhibits at this stage, as doing so would require this Court to rule in a vacuum devoid of the context and arguments necessary to determine if the exhibits are relevant and otherwise admissible into evidence.  Rather, Defendants should be required to raise any objections related to the scope of the proceedings if and when Plaintiffs proffer that evidence at the evidentiary hearing, when both parties can make particularized arguments based on the development of the evidence to date.

DATED:  October 8, 2019         Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: *Cara E. Trapani*
    Cara E. Trapani

Attorneys for Plaintiffs