| | |
|---|---|
| 1 | XAVIER BECERRA, State Bar No. 118517 |
| | Attorney General of California |
| 2 | ADRIANO HRVATIN, State Bar No. 220909 |
| | Supervising Deputy Attorney General |
| 3 | ELISE OWENS THORN, State Bar No. 145931 |
| | TYLER V. HEATH, State Bar No. 271478 |
| 4 | ROBERT W. HENKELS, State Bar No. 255410 |
| | KYLE A. LEWIS, State Bar No. 201041 |
| 5 | Deputy Attorneys General |

XAVIER BECERRA, State Bar No. 118517
Attorney General of California
ADRIANO HRVATIN, State Bar No. 220909
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
TYLER V. HEATH, State Bar No. 271478
ROBERT W. HENKELS, State Bar No. 255410
KYLE A. LEWIS, State Bar No. 201041
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone:  (916) 210-7318
 Fax:  (916) 324-5205
 E-mail:  Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

ROMAN M. SILBERFELD, State Bar No. 62783
GLENN A. DANAS, State Bar No. 270317
ROBINS KAPLAN LLP
 2049 Century Park East, Suite 3400
 Los Angeles, CA 90067-3208
 Telephone:  (310) 552-0130
 Fax:  (310) 229-5800
 E-mail:  RSilberfeld@RobinsKaplan.com
*Special Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                              Plaintiffs,<br><br>     **v.**<br><br>**GAVIN NEWSOM, et al.,**<br><br>                              Defendants. | Case No. 2:90-cv-00520 KJM-DB (PC)<br><br>**DEFENDANTS' EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EXHIBITS FOR OCTOBER 15, 2019 EVIDENTIARY HEARING**<br><br>Judge:  The Hon. Kimberly J. Mueller |

**INTRODUCTION**

On September 24, 2019, the parties identified and exchanged their proposed exhibits for the October 15, 2019 evidentiary hearing.  Defendants identified seventeen documents as exhibits that they may use to examine witnesses following the Court's questioning of each witness. Plaintiffs identified over sixty documents as exhibits on September 24, 2019 and an additional twenty-eight exhibits on October 1, 2019, including all of Defendants' exhibits.  The parties met and conferred on October 4, 2019 regarding evidentiary issues and agreed that Defendants will

1  file the joint list of exhibits and that Plaintiffs will file a separate list of proposed exhibits that

2  Defendants object to for the reasons discussed below.

3  **DEFENDANTS' OBJECTIONS AND ARGUMENT**

4  **I.  PLAINTIFFS' EXHIBITS THAT CONCERN ISSUES THAT EXCEED THE FOCUSED AND**

5  **NARROW SCOPE OF THE EVIDENTIARY HEARING ARE OBJECTIONABLE.**

6        The Court has repeatedly stated that the October 15, 2019 hearing's scope is narrow and

7  focused and intended to clarify issues about data related to just three issues investigated by the

8  Court's neutral expert:  Issue B – redefining the term "monthly" to lengthen the intervals between

9  Enhanced Outpatient Program appointments; Issue E – reporting of scheduled and missed

10  appointments; and Issue F – psychiatric supervisors acting as line staff.  On September 17, 2019,

11  the Court confirmed that the hearing will be narrowly focused to address: (1) how and why the

12  misinformation the neutral expert identified in Issues B, E, and F was developed and presented to

13  the Court and the Special Master; (2) the context within which the information on each issue was

14  generated and presented; and (3) the remedial steps already taken or that the Court may consider

15  ordering to cure any misrepresentation related to these three specific issues.  (ECF No. 6288 at 2.)

16        Notwithstanding this narrow and focused framework, Plaintiffs identified a number of

17  proposed exhibits unrelated to the data issues involved in Issues B, E, and F, including:

18        • Quality Improvement Plans for three suicide reports;

19        • Defendants' filings in response to telepsychiatry issues;

20        • The parties' Joint Status Report leading up to the October 11, 2018 Status

21          Conference;

22        • Documents and reports produced to the Special Master for the Continuous Quality

23          Improvement monitoring tours in 2016;

24        • Documents produced and discussed during the development of the Administrative

25          Segregation Unit Enhanced Outpatient Program Hub certification process;

26        • The transcript from a December 4, 2013 hearing on Plaintiffs' motion for further

27          relief concerning class members in segregation;

28        • Defendants' 2009 staffing plan (ECF No. 3693);

[3419376.1]

2

1      • A December 6, 2016 email sent to Plaintiffs and the Special Master under Federal

2         Rule of Evidence 408 for settlement purposes with proposals to resolve various

3         *Coleman* compliance issues; and

4      • The Navreet Mann declaration filed supporting the American Physicians, Dentists'

5         request for leave to file an amicus brief (ECF No. 6165).

6           The exhibits are objectionable as irrelevant and for other reasons.  For example, some of the

7  exhibits include performance report data, but not for the relevant period in question—*i.e.*,

8  December 2016 through April 2017.  (ECF No. 6147 at 43 ("[t]he rule change, however, was in

9  effect for only about five months, between December 2016 and April 2017" and "[it] was

10  changed back to 30 days after Dr. Golding and Dr. Gonzalez raised concerns about it in March

11  2017").)  The Court's August 14, 2019 order clearly instructs that the focus of the evidentiary

12  hearing is to determine why CDCR did not inform the Special Master or any member of his team

13  about the change to the business rule.  (ECF No. 6242 at 6:7-18.)  Performance report data

14  generated for reporting periods outside the December 2016 through April 2017 period is not

15  relevant to the three narrow issues identified by the Court for hearing on October 15, 2019.

16           Other exhibits address CDCR's use of supervisors performing the work of line staff.  But

17  that is not an issue for the October 15, 2019 hearing.  Defendants stipulated that supervising

18  psychiatrists see patients and that this practice varies from one institution to the next.  (ECF No.

19  6257-1 at 9.)  The Court expressly narrowed this issue to examining the data Defendants

20  presented in support of their 2018 staffing proposals and the extent to which Defendants relied on

21  active participation of supervisory psychiatrists in the 2018 staffing proposals and the

22  representation that, if adopted, the staffing proposals would bring Defendants into compliance

23  with the October 2017 staffing order.  (ECF No. 6242.)  The Court referred the issue of whether,

24  and to what extent, supervising psychiatrists can or should perform duties of line psychiatrists,

25  consistent with the 2009 staffing ratios, to the Special Master for discussion and resolution

26  through the workgroup process.  (ECF No. 6242 at 11, citing ECF No. 6187 at 8.)  The

27  evidentiary hearing will focus on why and how CDCR submitted psychiatry contacts data without

28  clarifying that some of those contacts were carried out by supervisors.  And the psychiatry

1   contacts data at issue is the data provided in the context of CDCR's 2018 staffing proposals, not

2   data from different periods of time or data regarding staffing allocations and ratios such as data

3   provided in Defendants' monthly psychiatry vacancy reports.  Any exhibit that does not address

4   the presentation of that specific data should not be admitted as evidence because it falls beyond

5   the hearing's narrow scope.

6        Plaintiffs have not explained how the above exhibits are relevant to the October 15, 2019

7   proceeding.  Accordingly, Defendants reserve their right to object to these exhibits at the hearing.

8   II.   **PLAINTIFFS IDENTIFIED SEVERAL REPORTS AND OTHER STATEMENTS AS EXHIBITS
         THAT ARE OBJECTIONABLE AS INADMISSIBLE HEARSAY.**

9

10       A number of Plaintiffs' exhibits are inadmissible hearsay—and Plaintiffs did not provide an

11  exception to admit out-of-court statements offered for the truth of the matter asserted (*see* Fed. R.

12  Evid. 801, 802, 803), as set forth in the following exhibits:

13       • All versions of Dr. Michael Golding's report, including its exhibits;

14       • Dr. Golding's October 31, 2018 declaration (ECF No. 5988);

15       • The neutral expert's report (ECF No. 6147);

16       • Melanie Gonzalez's October 24, 2018 letter to J. Clark Kelso;

17       • The minutes of meetings held by Mental Health Program Subcommittees at

18         Salinas Valley State Prison, High Desert State Prison, and Chuckawalla Valley

19         State Prison;

20       • Letters and emails from Plaintiffs' counsel; and

21       • The Navreet Mann declaration filed supporting the American Physicians, Dentists'

22         request for leave to file an amicus brief (ECF No. 6165).

23       The Court should exclude these exhibits as inadmissible hearsay.

24  III.  **PLAINTIFFS' DEMONSTRATIVE EXHIBIT IS MISLEADING AND CONFUSING.**

25       Plaintiffs have offered an exhibit they characterize as demonstrative.  The exhibit is titled

26  *Percentage of Psychiatrist Contacts Conducted by Provider Type* and is purportedly based on

27  documents CDCR produced to the Special Master in response to his request for documents for the

28  28th monitoring round.  Defendants notified Plaintiffs that the underlying Excel spreadsheets

[3419376.1]                                         4

1    were documents created by CDCR and do not raise any authentication issues. However, the

2    demonstrative exhibit is objectionable because it is incorrect, misleading, deceptive, and therefore

3    confusing—the Court should exclude it under Federal Rule of Evidence 403.

4         Plaintiffs have not shared how they intend to use the exhibit, and Defendants reserve their

5    right to object to its use during and after the October 15, 2019 hearing. The data set forth in the

6    *Percentage of Psychiatrist Contacts Conducted by Provider Type* inaccurately summarizes

7    CDCR's data. Plaintiffs know that the Electronic Health Record System data on psychiatry

8    contacts is of limited value because the data does not currently track whether the provider

9    providing the mental health service to an inmate is a line psychiatrist as opposed to a supervisor.

10   As the neutral expert observed and reported, "[t]his issue does not lend itself well to a

11   comprehensive data analysis, because there is currently no system mechanism to separate

12   appointment data by line psychiatrist versus supervisor." (ECF No. 6147 at 82 & n.51.)

13        Plaintiffs' exhibit is based on data from the 28th monitoring round that covered a

14   monitoring period from July through December 2018. Defendants' May 17, 2018 staffing

15   proposals relied on psychiatry contact data from October 2017 through March 2018 (ECF No.

16   5841-2 at 31, 32 and 33), a different time period than the data Plaintiffs use as the foundation for

17   their demonstrative exhibit. Also, the data Plaintiffs rely on to support their demonstrative

18   exhibit was not provided to the Court or the Special Master to report on psychiatry contacts based

19   on psychiatrist classification (supervisor or line psychiatrist). CDCR provided the data in

20   response to the Special Master's request for a list of all completed psychiatry contacts for the

21   reporting period. Notably, the data does not and was not intended to show which classification of

22   psychiatrist (supervisors or line psychiatrist) provided the care.

23        Nonetheless, Plaintiffs plan at the October 15, 2019 evidentiary hearing to publish a

24   summary Plaintiffs compiled based on documents they know do not provide the foundation for

25   the conclusions reported in their demonstrative exhibit. Because the tables in this exhibit are

26   based on Electronic Health Record System data that does not distinguish and report on psychiatric

27   contacts by the provider's classification (supervisors as opposed to line staff), it has little to no

28   value—any value is substantially outweighed by the potential confusion caused by the exhibit's

[3419376.1]                                    5

Defs.' Evidentiary Objections  (2:90-cv-00520 KJM-DB (PC))

1  misleading nature.  The Court should reject any effort by Plaintiffs to present the demonstrative

2  exhibit to any witness at the hearing.

3      Notwithstanding the lack of reliability apparent from Plaintiffs' demonstrative summary,

4  Defendants will be prepared to rebut Plaintiffs' efforts to admit this exhibit into evidence.

5  **IV.**   **PLAINTIFFS' EXHIBITS THAT CONSIST ONLY OF EXCERPTS ARE INCOMPLETE,**
   **MISLEADING, AND OBJECTIONABLE.**

6

7      On October 4, 2019, Plaintiffs supplemented their exhibit list to identify excerpts from four

8  CDCR reports, including Defendants' 2009 staffing plan (ECF No. 3693) and three reports from

9  CDCR updating the work done to address quality improvement plans set forth in suicide reports

10 on three suicides that occurred in 2017 and 2018.  Plaintiffs have not explained why these

11 excerpts, rather than the complete documents, are admissible at trial.  On October 7, 2019,

12 Defendants notified Plaintiffs that Defendants object to Plaintiffs' identification of any exhibit

13 that includes only excerpts of complete reports rather than a complete report or document.  The

14 use of less than a complete version of a report or other document is misleading, deceptive, and

15 confusing and objectionable under Federal Rule of Evidence 403.  The Court should preclude

16 Plaintiffs from offering any such excerpt to any witness.

17 **V.**   **DEFENDANTS OBJECT TO PLAINTIFFS' PROPOSED EXHIBIT SUMMARIZING THE**
   **PARTIES' STIPULATIONS.**

18

19     Plaintiffs propose an exhibit summarizing the parties' stipulations filed with the Court on

20 July 23, 2019 (ECF No. 6266) and August 28, 2019 (ECF No. 6255 and ECF No. 6257).

21 Defendants object to Plaintiffs' summary.  The exhibit is unnecessary, cumulative, and likely to

22 mislead any witness—the parties' proposed stipulations are part of the record and Plaintiffs may

23 (as and if necessary) refer to them at the evidentiary hearing (subject to objection).  Plaintiffs

24 have not explained why they need this exhibit to question any witness on any of the three issues.

25 **CONCLUSION**

26     Plaintiffs' exhibit list—with nearly 100 exhibits—reflects a strategy to significantly expand

27 the scope of the Court's focused and narrow October 15, 2019 evidentiary hearing.  Many of the

28 exhibits are irrelevant to the three data issues identified as topics for the hearing; others are

[3419376.1]                                          6

Defs.' Evidentiary Objections  (2:90-cv-00520 KJM-DB (PC))

1    objectionable as inadmissible hearsay or incomplete, misleading, and confusing.  Defendants

2    reserve their right to assert these objections and state further evidentiary objections at the hearing.

3     Dated:  October 8, 2019                      Respectfully submitted,

4

5                                      XAVIER BECERRA
                                     Attorney General of California

6                                      ADRIANO HRVATIN
                                     Supervising Deputy Attorney General

7

8                                      /S/ ELISE OWENS THORN
                                     Elise Owens Thorn

9                                      Deputy Attorney General
                                     *Attorneys for Defendants*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[3419376.1]                                 7

Defs.' Evidentiary Objections  (2:90-cv-00520 KJM-DB (PC))