XAVIER BECERRA, State Bar No. 118517
Attorney General of California
ADRIANO HRVATIN, State Bar No. 220909
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
TYLER V. HEATH, State Bar No. 271478
ROBERT W. HENKELS, State Bar No. 255410
Deputy Attorneys General
1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7318
  Fax: (916) 324-5205
  E-mail: Elise.Thorn@doj.ca.gov
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**GAVIN NEWSOM, et al.,**<br><br>Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**DECLARATION OF DAVID LEIDNER SUPPORTING DEFENDANTS' RESPONSE TO PARAGRAPH 5 OF THE SEPTEMBER 17, 2019 ORDER** |

I, David Leidner, declare:

1.    I am a Senior Psychologist Specialist for the California Department of Corrections and Rehabilitation at the California Men's Colony. I have personal knowledge of the facts stated in this declaration and if called to testify to those facts I could and would do so competently.

2.    In or around August 2019, there was an effort to recreate the performance report data for the Administrative Segregation Unit (ASU) Enhanced Outpatient (EOP) timely psychiatry contacts indicator, measuring compliance requiring psychiatry contacts every 30 days. After reviewing the recordings of December 7 and 8, 2016 webinars, where I announced the change to the indicator, as well as the Program Guide, I incorrectly concluded that I had not changed the rule for ASU EOP Hubs when I changed the business rule for EOP in December of 2016. Based

1

1    on my inaccurate conclusion, Defendants reported that there had been no change to the business

2    rule for ASU EOP Hubs.

3         3.    In December of 2016, CDCR approved a change to the business rule for psychiatry

4    contacts for patients receiving EOP-level psychiatry care, such that the term "monthly" would

5    mean "once a month, never to exceed forty-five days." For patients receiving care in the ASU

6    EOP Hub, the Program Guide required that they be seen by a psychiatrist "at least every thirty

7    days." (2018 Program Guide at 12-7-10.) Since the Program Guide did not require that the ASU

8    EOP Hub patients be seen "monthly," the business-rule change should not have applied to them.

9    However, when I entered the rule change into the system, I mistakenly extended the change to

10   patients in the ASU EOP Hubs, even though the rule was only intended for program areas where

11   the Program Guide used the term "monthly" in reference to psychiatrist contacts.

12        4.    I was recently asked to help respond to this Court's September 17, 2019 order. I was

13   on vacation at the time, but assisted remotely. I reviewed the relevant computer code, and realized

14   that I had, in fact, mistakenly extended the rule change to patients in the ASU EOP Hubs when I

15   made the change in December 2016. I also worked with staff at headquarters to help them

16   recreate the ASU EOP Hub data requested by the Court.

17        5.    I take responsibility for this error. I was not aware of the mistake until now. The

18   mistake was an oversight and was in no way an attempt to make CDCR appear more compliant

19   with the Program Guide's requirements.

20        6.    I reversed the change to the business rule for the ASU EOP Hub timely psychiatry

21   contacts in April 2017, at the same time that I reversed the change to the rest of the EOP timely

22   psychiatry contacts indicator.

23        7.    In addition, attached as Exhibit A is a true and correct copy of corrections to my

24   November 20, 2018 declaration that I submitted to the Court's neutral expert. Although I believed

25   my declaration was completely accurate when I signed it, I later discovered the errors identified

26   in Exhibit A, and so I provided these corrections to the neutral expert around April 5, 2019. (*See*

27   ECF No. 6147 at 102.) In the interest of fully correcting the record, I now submit them to the

28   Court as well.

1        I declare under penalty of perjury under the laws of the United States of America that the

2    foregoing is true and correct. Executed in San Luis Obispo, California on October 11, 2019.

3

                    */s/ David Leidner*_____

4                        DAVID LEIDNER, Ph.D.

5                        *(original signature retained by attorney)*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

# EXHIBIT A

**Appendix A: Errata to November 20, 2018 Declaration:**

Page 2, starting at line 7:

I assumed my current position with the psychiatry team at CDCR headquarters as a Senior Psychologist Specialist in 2009.

Should be corrected to

I began doing quality management work for the Statewide Mental Health Program in 2008 when I was temporarily assigned to headquarters to help develop and implement CDCR's first centralized Mental Health Tracking System (MHTS.net).  This temporary assignment turned into a permanent position at headquarters in 2011.

Page  9, starting at line 6:

The Compliance Rules Report describes time frames for many business rules and is available, both directly and through links from the Performance Report, to any staff who have access to all members of the psychiatry team.

Should be corrected to

The Compliance Rules Report describes time frames for many business rules and is available, both directly and through links from the Performance Report, to any staff who have access, including all members of the psychiatry team.

Page 4, starting at line 3:

There are over 150 active indicators summarizing about 4,000,000 individual measurements each month. The logic underlying the indicators relies on over 230 business rules that stipulate a required action, the population it applies to, what triggers that requirement, and how much time is allowed to complete that requirement.

CDCR0022298

Should be corrected to:

There are over 125 active indicators summarizing about 4,000,000 individual measurements each month. The logic underlying the indicators relies on over 220 business rules that stipulate a required action, the population it applies to, what triggers that requirement, and how much time is allowed to complete that requirement.

Page 5, starting at line 7:

We receive over one hundred Management Report tickets per month. These tickets are usually reviewed by headquarters staff within one day.

Should be corrected to:

We receive an average of over one hundred Management Report tickets per month. These tickets are usually reviewed by headquarters staff within one business day.

CDCR0022299