```
 1                IN THE UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF CALIFORNIA
 2              BEFORE THE HONORABLE KIMBERLY J. MUELLER

 3    RALPH COLEMAN, et al.,

 4               Plaintiffs,
      vs.                              Sacramento, California
 5                                     No. 2:90-CV-00520
      GAVIN NEWSOM, et al.,            Wednesday, October 9, 2019
 6                                     10:05 a.m.
                 Defendants.
 7    _____/

 8                              --oOo--
                    REPORTER'S TRANSCRIPT OF PROCEEDINGS
 9                   TELEPHONIC PREHEARING CONFERENCE
                                --oOo--
10

11    APPEARANCES:

12    For the Plaintiffs:        ROSEN BIEN GALVAN & GRUNFELD LLP
                                 BY:  LISA ELLS
13                                    CARA TRAPANI
                                      JESSICA WINTER
14                                    Attorneys at Law
                                 101 Mission Street, 6th Floor
15                               San Francisco, CA  94105-1738

16    For the Defendants:        DEPARTMENT OF JUSTICE
                                 OFFICE OF THE ATTORNEY GENERAL
17                               BY:  ELISE THORN
                                      TYLER HEATH
18                                    Attorneys at Law
                                 1300 I Street
19                               Sacramento, CA  95814

20
      (Appearances continued on Page 2.)
21
      Official Reporter:         KACY PARKER BARAJAS
22                               CSR No. 10915, RMR, CRR, CRC
                                 501 I Street
23                               Sacramento, CA  95814
                                 kbarajas.csr@gmail.com
24
      *Proceedings recorded by mechanical stenography.  Transcript
25    produced by computer-aided transcription.*
```

```
 1   APPEARANCES (Continued):

 2   For the Defendants:    DEPARTMENT OF JUSTICE
                            OFFICE OF THE ATTORNEY GENERAL
 3                          BY:  ADRIANO HRVATIN
                                 Attorney at Law
 4                          455 Golden Gate Ave., Suite 11000
                            San Francisco, CA  94102
 5
                            ROBINS KAPLAN LLP
 6                          BY:  ROMAN SILBERFELD
                                 GLENN DANAS
 7                               Attorneys at Law
                            2049 Century Park East, Suite 3400
 8                          Los Angeles, CA  90067-3208

 9   Special Master:        PANNONE LOPES DEVEREAUX & O'GARA, LLC
                            BY:  MATTHEW A. LOPES, JR.
10                               STEVEN W. RAFFA
                                 Attorney at Law
11                          1301 Atwood Avenue, Suite 215N
                            Johnston, RI  02919
12

13                                --oOo--

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1        SACRAMENTO, CALIFORNIA, WEDNESDAY, OCTOBER 9, 2019, 10:05 AM
 2                              --oOo--
 3             THE CLERK:  Calling civil case 90-520, Coleman, et al.
 4   versus Newsom, et al.  This is on for a telephonic prehearing
 5   conference.
 6             THE COURT:  All right.  Good morning.  I'd like to ask
 7   for appearances, but I'll call roll.  For Coleman, Ms. Ells.
 8             MS. ELLS:  Yes, your Honor.
 9             THE COURT:  Ms. Trapani.
10             MS. TRAPANI:  Yes, your Honor.
11             THE COURT:  Ms. Winter.
12             MS. WINTER:  Yes, your Honor.
13             THE COURT:  Is there anyone else for Coleman?
14             MS. ELLS:  No, your Honor.
15             THE COURT:  All right.  For defendants, Mr. Lewis.
16             MR. LEWIS:  Good morning, your Honor.
17             THE COURT:  Mr. Hrvatin.
18             MR. HRVATIN:  Good morning, your Honor.
19             THE COURT:  Ms. Thorn.
20             MS. THORN:  Good morning, your Honor.
21             THE COURT:  Mr. Heath.
22             MR. HEATH:  Good morning, your Honor.
23             THE COURT:  Mr. Silberfeld.
24             MR. SILBERFELD:  Yes, your Honor, I'm here.
25             THE COURT:  Mr. Danas.
```

1          MR. DANAS:  Good morning, your Honor.

2          THE COURT:  Anyone else for defendants?

3          All right.  And the Special Master, Mr. Lopes, you are
4    monitoring on the phone, correct?

5          SPECIAL MASTER LOPES:  Yes, I am, your Honor.

6          THE COURT:  Is there anyone else from your team on the
7    phone?

8          SPECIAL MASTER LOPES:  Steve Raffa is with me here in
9    Johnston.

10         THE COURT:  All right.  This is really just a
11   housekeeping session to talk about next Tuesday and any
12   follow-on proceedings next week.  Let me just provide a big
13   picture view from the Court's perspective regarding the
14   hearing.  At this point I'm still assuming it will go forward.
15   I have reviewed the defense trial brief and the declarations
16   attached.  I have read the plaintiff's response.  I'm still
17   digesting that briefing.  I also acknowledge the defendants
18   filing corrections, and I see the plaintiffs' response.

19         So the Court credits the defendants acknowledging the
20   filing of some misleading information as identified by the
21   neutral.  I think the question is are the plaintiffs correct
22   that the acknowledgment is too parsimonious to be meaningful,
23   and the gap that has not yet been filled, although I believe
24   there's been the opportunity for the gap to be filled, is
25   really the explanation answering the question why.

           At this point, given the preparation it's engaged in to date, the Court has some strong hunches about the why, but without any further clarification before next Tuesday, I believe we do need to -- I believe I need to engage in some very focused taking of evidence.  It's not that I want to prolong or open up further litigation over this point, but unless or until the explanation is really fully before the Court in a public forum, the hearing is still needed.

           There's implicit in that statement a question for the defense.  Again, I've reviewed the declarations that the defense has filed signed by the three attorneys, Mr. Onishi, Ms. Bentz, Mr. Weber, and I understand the defense position on privilege.  And ultimately I'll resolve the objections and the considering the parties' positions, assuming I need to, and I'll make my position clear.

           But if the attorneys can provide the declarations they have, there is a question in the Court's mind is there not a reason that those attorneys and perhaps even other key players can't put under oath the simple averment that at no time did they engage in any presentation of -- knowingly engage in presentation of misleading data, at no time were they told to massage or manipulate the data to mislead the Court.  Is there not a way for the defendants to make more clear their response to that as yet unanswered question without waiving any privilege and standing by their position that they can't just

1    selectively waive.  So that's a big picture question I have.

2              In terms of proceeding with the hearing on the
3    assumption that we still need to and that the Court will have
4    fully regained its voice by next week, my current thinking is
5    that for the first seven witnesses on the list in the
6    September 17th order, that is, Golding through Brizendine, I
7    believe I can really focus this with a maximum of 30 minutes of
8    questions from the Court.  I approve adding Ms. Toche to the
9    list, and so I would expect her to be available on Tuesday
10   afternoon.

11             Given the scope of my questioning, my plan would be to
12   give each side up to 15 minutes once I'm done for some very
13   focused follow-up questions to avoid going off on unnecessary
14   detours.  And so it is very likely that we could get through
15   what the Court needs to on Tuesday if we move in a focused
16   manner, take the whole day, that is, for the first seven plus
17   Ms. Toche witnesses.

18             I would then reserve Wednesday afternoon, the 16th,
19   for the calling of Mr. Weber, Ms. Bentz, Mr. Onishi, assuming
20   the Court follows through on that plan.  And then I would ask
21   the parties to plan on being back here on October 18th, the
22   Friday, at 10:00, and the Court would anticipate -- unless the
23   hearing raises any surprises, I would anticipate providing a
24   bench review of my findings that I would then memorialize in an
25   order.

1         I see the exhibit lists.  I see the objections.  I
2  will have reviewed those and be ready with some thoughts on
3  Tuesday as needed.  But given my working hunch, which I'm not
4  going to disclose at this point, and given the really narrow
5  focus of the proceedings the Court requires, that's my plan.
6         So any questions or comments about that?  Anything
7  else you need clarified?  Who is the lead for the Coleman
8  class, Ms. Ells?
9         MS. ELLS:  Yes, your Honor.  We appreciate the clarity
10  on the Court's plan.  I guess one lingering question that we
11  have is we understand that the Court has reviewed the
12  purportedly privileged documents and has an additional in
13  camera hearing with defendants today about those -- about that,
14  the process.  We're wondering what the process would be if the
15  Court identifies any documents that are relevant and should be
16  disclosed.
17         THE COURT:  I would let you know before the 15th.
18         MS. ELLS:  Okay.
19         THE COURT:  Those in camera sessions have primarily
20  been clarifying and information gathering, just so you know.
21  But I will, I'll engage in the creation of a sufficient record
22  to provide some transparency.
23         MS. ELLS:  Thank you, your Honor.
24         THE COURT:  Anything else, Ms. Ells?
25         MS. ELLS:  Just one housekeeping.  If your Honor would

1  be available or amenable to starting at 10:30 instead of 10:00
2  on the 18th, I have a child care conflict that morning, and it
3  would allow me to take my son to school and still make it to
4  Sacramento in time for the hearing.
5              THE COURT:  All right.  That's fine.  I can
6  accommodate that request.  So 10:30 a.m. unless someone else
7  tells me they're unavailable then.  Anything else, Ms. Ells?
8              MS. ELLS:  No, your Honor, not from plaintiff.
9              THE COURT:  All right.  Who is the lead for the
10 defense?  It seems to be a shifting role, and so I have to ask.
11             MR. LEWIS:  Yes, your Honor.  Good morning.
12 Kyle Lewis for the defense, your Honor.
13             THE COURT:  Any questions, comments?
14             MR. LEWIS:  Again, your Honor, we echo the plaintiffs'
15 comments.  We appreciate your guidance in this matter.  Two
16 very brief issues, one that we want to bring to the Court's
17 attention and maybe a further clarification.  Does the Court
18 envision opening or closing statements or anything like that
19 before the hearing commences on the 15th?
20             THE COURT:  No opening.  Once proceedings are
21 concluded, which at this point would be Wednesday afternoon, I
22 might entertain something along the lines of closing argument.
23             MR. LEWIS:  And then one other issue, your Honor.  We
24 have learned that Dr. Kevin -- I'm sorry -- Dr. Rekart, who is
25 one of the witnesses on the list, he's no longer employed with

1  CDCR.  We have learned that he is not available to attend in
2  person on the 15th due to a conference that he has to be
3  attending out of state.  We have spoken with him.  Apparently
4  this is very important to his current employment.  He is
5  available to attend and testify via video or any other means
6  such as remotely that is possible, but it appears that he is
7  not available to testify in person on the 15th.
8          THE COURT:  He can testify by video on the 15th?
9          MR. LEWIS:  Yes, your Honor.  He can be available.  He
10 just has to be at this conference which is out of state.  So
11 he's available to join the Court at any time via remote means,
12 but he is not available to be there in person on the 15th.
13         THE COURT:  Any objection to Dr. Rekart appearing by
14 video on the 15th, Ms. Ells?
15         MS. ELLS:  Well, I guess our first question would be
16 whether or not he could be available and testify live Wednesday
17 afternoon with the three attorney witnesses.  We have had
18 experience with video testimony, and it is -- it's not ideal
19 when it can be avoided.  Certainly if he couldn't be available
20 on the 16th in the afternoon or if the Court doesn't think it's
21 appropriate, then we don't have an objection to video testimony
22 on the 15th.
23         THE COURT:  Mr. Lewis, do you know is Dr. Rekart
24 available on the 16th?
25         MR. LEWIS:  I understand he is not available.  He

1   would not be available till much later, so I don't believe he
2   is available.  In fact, I know he's not available on that date
3   either.  We apologize for this, your Honor.  This is
4   information that we're trying to sift through, but I believe
5   that we can make -- I know that he is available on the 15th to
6   testify, and we would appreciate if we could get that done on
7   that day.
8            THE COURT:  And no possibility of a deposition before
9   the 15th at this point?
10           MR. LEWIS:  My concern, your Honor, is that the timing
11  just simply won't work out.  And as your Honor pointed out, his
12  questioning could be relatively narrow and could avoid the need
13  for what could be a rather lengthy deposition.
14           THE COURT:  Is he represented at this point by
15  counsel?
16           MR. LEWIS:  He is represented by the attorney
17  general's office and for the purpose of this hearing given his
18  familiarity with the issue.
19           THE COURT:  All right.  Well, if the plaintiffs are
20  hearing this for the first time, why don't you meet and confer.
21  It would appear that the only way to have Dr. Rekart appear on
22  the 15th is by video, and so the Court would accommodate that
23  mode of appearance subject to the parties meeting and
24  conferring and the defense taking the lead on ensuring that all
25  of the technological arrangements are made working with the

1  Court's courtroom deputy.  Understood, Mr. Lewis?

2         MR. LEWIS:  Yes, your Honor.

3         THE COURT:  All right.  And if you have continuing

4  concerns, Ms. Ells, after any further discussion, you can let

5  me know.  I understand what you're saying.  I agree that it's

6  not ideal.  But I also think if we can hear from Dr. Rekart on

7  the 15th, while reserving the right to have him appear when he

8  can appear live, if necessary, is the right way to go.

9         All right.  Anything further, Mr. Lewis?

10        MR. LEWIS:  Nothing further from defense, your

11 Honor.

12        THE COURT:  All right.  Very good.  Well, that's the

13 plan.  And to the extent the parties need to know more from me

14 before the 15th, you will hear from me in written form, and

15 otherwise, we'll see you on Tuesday morning the 15th at

16 9:00 a.m.  Thank you very much.

17        MR. LEWIS:  Thank you, your Honor.

18        MS. ELLS:  Thank you, your Honor.

19        THE CLERK:  Court is in recess.

20        (The proceedings adjourned at 10:21 a.m.)

21                              --oOo--

22 I certify that the foregoing is a correct transcript from the

23 record of proceedings in the above-entitled matter.

24                        /s/ Kacy Parker Barajas

25                        _____
                       KACY PARKER BARAJAS
                       CSR No. 10915, RMR, CRR, CRC