# Exhibit B

1  XAVIER BECERRA, State Bar No. 118517
   Attorney General of California
2  JAY C. RUSSELL, State Bar No. 122626
   Supervising Deputy Attorney General
3  MARTINE N. D'AGOSTINO, State Bar No. 256777
   Deputy Attorney General
4    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
5    Telephone: (415) 510-3563
     Fax: (415) 703-5843
6    E-mail: Martine.DAgostino@doj.ca.gov
   *Attorneys for Defendants*
7  *Scott Kernan, Jeffrey A. Beard, Ph.D., Kathleen*
   *Allison, Kelly Harrington, G.D. Lewis, C. Ducart, D.*
8  *Davey, R. Rackley, Michael Stainer and J. Gastelo*

9              IN THE UNITED STATES DISTRICT COURT

10          FOR THE EASTERN DISTRICT OF CALIFORNIA

11                   SACRAMENTO DIVISION

12

13 | **CHRISTOPHER LIPSEY,** | 2:18-CV-362-KJM DB |
14 | | |
   | Plaintiff, | **DEFENDANTS' RESPONSES TO** |
15 | | **PLAINTIFF'S FIRST SET OF** |
   | v. | **REQUESTS FOR ADMISSION** |
16 | | |
   | **DR. NORUM, et al.,** | Judge:        The Honorable Deborah |
17 | | Barnes |
   | | Trial Date:   None Set |
18 | Defendants. | Action Filed: June 16, 2014 |

19

20 **PROPOUNDING PARTY:**        Plaintiff Christopher Lipsey

21 **RESPONDING PARTY:**        Defendants Scott Kernan, Jeffrey A. Beard, Ph.D., Kathleen

22                             Allison, Kelly Harrington, G.D. Lewis, C. Ducart, D. Davey,

23                             R. Rackley, Michael Stainer and J. Gastelo

24 **SET:**                     One

25                    **GENERAL OBJECTION**

26      Defendants object that Plaintiff propounded these requests for admission on all Defendants

27 collectively, which violates the Federal Rules of Civil Procedure because requests for admission

28 may be served only individually on "any other *party*." Fed. R. Civ. P. 36(a)(1) (emphasis added).

                                    1

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST FOR ADMISSION NO. 1:**

Admit that Ralph Coleman was not in CDCR custody on February 3, 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Defendants object to this request as not relevant to any party's claim or defense and on the ground that it is disproportional to the needs of the case, considering the importance of the discovery in resolving the issues. Subject to and without waiving these objections, Defendants respond as follows: Deny.

**REQUEST FOR ADMISSION NO. 2:**

Admit that Winifred Williams was not in CDCR custody on February 3, 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Defendants object to this request as not relevant to any party's claim or defense and on the ground that it is disproportional to the needs of the case, considering the importance of the discovery in resolving the issues. Subject to and without waiving these objections, Defendants respond as follows: Admit.

**REQUEST FOR ADMISSION NO. 3:**

Admit that David Heroux was not in CDCR custody on February 3, 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Defendants object to this request as not relevant to any party's claim or defense and on the ground that it is disproportional to the needs of the case, considering the importance of the discovery in resolving the issues. Subject to and without waiving these objections, Defendants respond as follows: Admit.

**REQUEST FOR ADMISSION NO. 4:**

Admit that David McKay was not in CDCR custody on February 3, 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Defendants object to this request as not relevant to any party's claim or defense and on the ground that it is disproportional to the needs of the case, considering the importance of the discovery in resolving the issues. Subject to and without waiving these objections, Defendants

2

1  respond as follows:  Admit.

2  **REQUEST FOR ADMISSION NO. 5:**

3      Admit that Roy Joseph was not in CDCR custody on February 3, 2015.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

5      Defendants object to this request as not relevant to any party's claim or defense and on the

6  ground that it is disproportional to the needs of the case, considering the importance of the

7  discovery in resolving the issues.  Subject to and without waiving these objections, Defendants

8  respond as follows:  Admit.

9  **REQUEST FOR ADMISSION NO. 6:**

10      Admit that on or before February 3, 2015 none of the *Coleman* class representatives were

11  ever housed in a unit where the Guard One system was thereafter used by CDCR.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

13      Defendants object to this request as not relevant to any party's claim or defense and on the

14  ground that it is disproportional to the needs of the case, considering the importance of the

15  discovery in resolving the issues.  Subject to and without waiving these objections, Defendants

16  respond as follows:  Admit.

17  **REQUEST FOR ADMISSION NO. 7:**

18      Admit that after February 3, 2015 none of the *Coleman* class representatives have ever been

19  housed in a unit where the Guard One system was used by CDCR.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

21      Defendants object to this request as not relevant to any party's claim or defense and on the

22  ground that it is disproportional to the needs of the case, considering the importance of the

23  discovery in resolving the issues.  Subject to and without waiving these objections, Defendants

24  respond as follows:  Deny.

25  **REQUEST FOR ADMISSION NO. 8:**

26      Admit that none of the *Coleman* class representatives were housed in a unit that was the

27  subject to a welfare check program during the period in which the implementation of the Guard

28  One system was under consideration.

3

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

2        Defendants object to this request as not relevant to any party's claim or defense and on the

3  ground that it is disproportional to the needs of the case, considering the importance of the

4  discovery in resolving the issues.  Defendants further object that the terms "under consideration"

5  and "welfare checks," are overbroad, vague, and ambiguous.

6  **REQUEST FOR ADMISSION NO. 9:**

7        Admit that the Guard One system is used to record welfare checks in CDCR facilities.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

9        Defendants object to this request as not relevant to any party's claim or defense and on the

10  ground that it is disproportional to the needs of the case, considering the importance of the

11  discovery in resolving the issues.  Defendants object that the terms "record" and "CDCR

12  facilities" are overbroad, vague, and ambiguous.

13  **REQUEST FOR ADMISSION NO. 10:**

14        Admit that the Guard One system has been used to record welfare checks in the Pelican Bay

15  Administrative Segregation Unit since May 2013.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

17        Defendants object to this request as not relevant to any party's claim or defense and on the

18  ground that it is disproportional to the needs of the case, considering the importance of the

19  discovery in resolving the issues.  Defendants object that the terms "record," "welfare checks,"

20  and "the Pelican Bay Administrative Segregation Unit" are overbroad, vague, and ambiguous.

21  **REQUEST FOR ADMISSION NO. 11:**

22        Admit that the Guard One system was being used to record welfare checks in the Pelican

23  Bay Administrative Segregation Unit during the period from January 2014 until September 2014.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

25        Defendants object to this request as not relevant to any party's claim or defense and on the

26  ground that it is disproportional to the needs of the case, considering the importance of the

27  discovery in resolving the issues.  Defendants object that the terms "record," "welfare checks,"

28  and "the Pelican Bay Administrative Segregation Unit" are overbroad, vague, and ambiguous.

4

1   **REQUEST FOR ADMISSION NO. 12:**

2       Admit that the Guard One system was being used to record welfare checks in the Corcoran

3   Security Housing Unit during the period from September 2014 until March 2016.

4   **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

5       Defendants object to this request as not relevant to any party's claim or defense and on the

6   ground that it is disproportional to the needs of the case, considering the importance of the

7   discovery in resolving the issues. Defendants object that the terms "record," "welfare checks,"

8   and "the Corcoran Security Housing Unit" are overbroad, vague, and ambiguous.

9   **REQUEST FOR ADMISSION NO. 13:**

10       Admit that the Guard One system was being used to record welfare checks in the Corcoran

11   Security Housing Unit during the period from September 2014 until March 2016.

12   **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

13       Defendants object to this request as not relevant to any party's claim or defense and on the

14   ground that it is disproportional to the needs of the case, considering the importance of the

15   discovery in resolving the issues. Defendants object that the terms "record," "welfare checks,"

16   and "the Corcoran Security Housing Unit" are overbroad, vague, and ambiguous.

17   **REQUEST FOR ADMISSION NO. 14:**

18       Admit that the Guard One system was being used to record welfare checks in the Corcoran

19   Psychiatric Services Unit during the period from March 2016 until August 2016.

20   **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

21       Defendants object to this request as not relevant to any party's claim or defense and on the

22   ground that it is disproportional to the needs of the case, considering the importance of the

23   discovery in resolving the issues. Defendants object that the terms "record," "welfare checks,"

24   and "the Corcoran Psychiatric Services Unit" are overbroad, vague, and ambiguous.

25   **REQUEST FOR ADMISSION NO. 15:**

26       Admit that the Guard One system was being used to record welfare checks in the California

27   Men's Colony Administrative Segregation Unit during the period from March 2016 until August

28   2016.

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

2        Defendants object to this request as not relevant to any party's claim or defense and on the

3    ground that it is disproportional to the needs of the case, considering the importance of the

4    discovery in resolving the issues.  Defendants object that the terms "record," "welfare checks,"

5    and "the California Men's Colony Administrative Segregation Unit" are overbroad, vague, and

6    ambiguous.

7    **REQUEST FOR ADMISSION NO. 16:**

8        Admit that the Guard One system was being used to record welfare checks in the Folsom

9    Psychiatric Services Unit during the period from August 2016 until March 2017.

10    **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

11        Defendants object to this request as not relevant to any party's claim or defense and on the

12    ground that it is disproportional to the needs of the case, considering the importance of the

13    discovery in resolving the issues.  Defendants object that the terms "record," "welfare checks,"

14    and "the Folsom Psychiatric Services Unit" are overbroad, vague, and ambiguous.

15    **REQUEST FOR ADMISSION NO. 17:**

16        Admit that the Guard One system was being used to record welfare checks in the Corcoran

17    Security Housing Unit during the period from March 2017 to present.

18    **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

19        Defendants object to this request as not relevant to any party's claim or defense and on the

20    ground that it is disproportional to the needs of the case, considering the importance of the

21    discovery in resolving the issues.  Defendants object that the terms "record," "welfare checks,"

22    and "the Corcoran Security Housing Unit" are overbroad, vague, and ambiguous.

23    **REQUEST FOR ADMISSION NO. 18:**

24        Admit that Guard One buttons are located on every cell in units where the Guard One

25    system is used.

26    **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

27        Defendants object to this request as not relevant to any party's claim or defense and on the

28    ground that it is disproportional to the needs of the case, considering the importance of the

1  discovery in resolving the issues.  Defendants object to this request as overbroad, vague, and

2  ambiguous as to the terms "located on every cell" and "units."

3  **REQUEST FOR ADMISSION NO. 19:**

4       Admit that welfare checks are conducted using the Guard One system in all Security

5  Housing Units run by the CDCR.

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

7       Defendants object to this request as not relevant to any party's claim or defense and on the

8  ground that it is disproportional to the needs of the case, considering the importance of the

9  discovery in resolving the issues.  Defendants object that the terms "welfare checks," "the Guard

10  One system," and "all Security Housing Units" are overbroad, vague, and ambiguous.

11  **REQUEST FOR ADMISSION NO. 20:**

12       Admit that welfare checks are conducted using the Guard One system in all Administrative

13  Segregation Units run by the CDCR.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

15       Defendants object to this request as not relevant to any party's claim or defense and on the

16  ground that it is disproportional to the needs of the case, considering the importance of the

17  discovery in resolving the issues.  Defendants object that the terms "welfare checks" and "all

18  Administrative Segregation Units" are overbroad, vague, and ambiguous.

19  **REQUEST FOR ADMISSION NO. 21:**

20       Admit that welfare checks are conducted using the Guard One system in all Psychiatric

21  Services Units run by the CDCR.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

23       Defendants object to this request as not relevant to any party's claim or defense and on the

24  ground that it is disproportional to the needs of the case, considering the importance of the

25  discovery in resolving the issues.  Defendants object that the terms "welfare checks" and "all

26  Psychiatric Services Units" are overbroad, vague, and ambiguous.

27

28

7

1   **REQUEST FOR ADMISSION NO. 22:**

2        Admit that welfare checks are conducted using the Guard One system in all Condemned

3   Housing Units run by the CDCR.

4   **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

5        Defendants object to this request as not relevant to any party's claim or defense and on the

6   ground that it is disproportional to the needs of the case, considering the importance of the

7   discovery in resolving the issues. Defendants object that the terms "welfare checks" and "all

8   Condemned Housing Units" are overbroad, vague, and ambiguous.

9   **REQUEST FOR ADMISSION NO. 23:**

10       Admit that inmates can be assigned to an Administrative Segregation Unit for reasons other

11  than misconduct.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

13       Defendants object to this request as not relevant to any party's claim or defense and on the

14  ground that it is disproportional to the needs of the case, considering the importance of the

15  discovery in resolving the issues. Defendants object that the terms "reasons" and "misconduct"

16  are vague and ambiguous.

17  **REQUEST FOR ADMISSION NO. 24:**

18       Admit that Exhibit A to Lipsey's Second Amended Complaint is a genuine copy of an

19  Inmate Request for Interview Lipsey submitted.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

21       Defendants object to this request as not relevant to any party's claim or defense and on the

22  ground that it is disproportional to the needs of the case, considering the importance of the

23  discovery in resolving the issues.

24  **REQUEST FOR ADMISSION NO. 25:**

25       Admit that Exhibit B to Lipsey's Second Amended Complaint is a genuine copy of an

26  Inmate Request for Interview Lipsey submitted.

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

28       Defendants object to this request as not relevant to any party's claim or defense and on the

1  ground that is disproportional to the needs of the case, considering the importance of the

2  discovery in resolving the issues.

3  **REQUEST FOR ADMISSION NO. 26:**

4      Admit that Exhibit C to Lipsey's Second Amended Complaint is a genuine copy of an

5  Inmate Request for Interview Lipsey submitted.

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

7      Defendants object to this request as not relevant to any party's claim or defense and on the

8  ground that it is disproportional to the needs of the case, considering the importance of the

9  discovery in resolving the issues.

10  **REQUEST FOR ADMISSION NO. 27:**

11      Admit that Exhibit D to Lipsey's Second Amended Complaint is a genuine copy of a

12  Request for Interview, Item, or Service Form Lipsey delivered to CDCR staff.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

14      Defendants object to this request as not relevant to any party's claim or defense and on the

15  ground that it is disproportional to the needs of the case, considering the importance of the

16  discovery in resolving the issues.

17  **REQUEST FOR ADMISSION NO. 28:**

18      Admit that Exhibit E to Lipsey's Second Amended Complaint is a genuine copy of an

19  Inmate/Parolee Appeal Form Lipsey delivered to CDCR staff.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

21      Defendants object to this request as not relevant to any party's claim or defense and on the

22  ground that is disproportional to the needs of the case, considering the importance of the

23  discovery in resolving the issues.

24  **REQUEST FOR ADMISSION NO. 29:**

25      Admit that Exhibit F to Lipsey's Second Amended Complaint is a genuine copy of a

26  Warden's Level Decision delivered to Lipsey.

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

28      Defendants object to this request as not relevant to any party's claim or defense and on the

9

1 | ground that it is disproportional to the needs of the case, considering the importance of the

2 | discovery in resolving the issues.

3 | **REQUEST FOR ADMISSION NO. 30:**

4 |     Admit that Defendant Ducart reviewed the Inmate/Parolee Form attached as Exhibit E to

5 | Lipsey's Second Amended Complaint.

6 | **RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

7 |     Defendants object to this request as not relevant to any party's claim or defense and on the

8 | ground that it is disproportional to the needs of the case, considering the importance of the

9 | discovery in resolving the issues.

10 | **REQUEST FOR ADMISSION NO. 31:**

11 |     Admit that Defendant Ducart signed the Warden's Level Review attached as Exhibit F to

12 | Lipsey's Second Amended Complaint.

13 | **RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

14 |     Defendants object to this request as not relevant to any party's claim or defense and on the

15 | ground that it is disproportional to the needs of the case, considering the importance of the

16 | discovery in resolving the issues.

17 | **REQUEST FOR ADMISSION NO. 32:**

18 |     Admit that Defendant Ducart wrote the Warden's Level Review attached as Exhibit F to

19 | Lipsey's Second Amended Complaint.

20 | **RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

21 |     Defendants object to this request as not relevant to any party's claim or defense and on the

22 | ground that it is disproportional to the needs of the case, considering the importance of the

23 | discovery in resolving the issues.

24 | **REQUEST FOR ADMISSION NO. 33:**

25 |     Admit that Exhibit G to Lipsey's Second Amended Complaint is a genuine copy of a Third

26 | Level Appeal Decision delivered to Lipsey.

27 | **RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

28 |     Defendants object to this request as not relevant to any party's claim or defense and on the

10

Defs.' Resp. to Pl.'s First Set of Req. for Admission  (2:18-CV-362-KJM DB)

1  ground that it is disproportional to the needs of the case, considering the importance of the

2  discovery in resolving the issues.

3  **REQUEST FOR ADMISSION NO. 34:**

4      Admit that Exhibit H to Lipsey's Second Amended Complaint is a genuine copy of a

5  memorandum sent to Pelican Bay Staff.

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

7      Defendants object to this request as not relevant to any party's claim or defense and on the

8  ground that it is disproportional to the needs of the case, considering the importance of the

9  discovery in resolving the issues.

10  **REQUEST FOR ADMISSION NO. 35:**

11      Admit that Defendant Ducart wrote the memorandum attached as Exhibit H to Lipsey's

12  Second Amended Complaint.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

14      Defendants object to this request as not relevant to any party's claim or defense and on the

15  ground that it is disproportional to the needs of the case, considering the importance of the

16  discovery in resolving the issues.

17  **REQUEST FOR ADMISSION NO. 36:**

18      Admit that Defendant Ducart signed the memorandum attached as Exhibit H to Lipsey's

19  Second Amended Complaint.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

21      Defendants object to this request as not relevant to any party's claim or defense and on the

22  ground that it is disproportional to the needs of the case, considering the importance of the

23  discovery in resolving the issues.

24

25

26

27

28

1    Dated:  December 21, 2018                    Respectfully submitted,

2                                                 XAVIER BECERRA
                                                  Attorney General of California
3                                                 JAY C. RUSSELL
                                                  Supervising Deputy Attorney General
4

5
                                                  /s/ Martine N. D'Agostino
6                                                 MARTINE N. D'AGOSTINO
                                                  Deputy Attorney General
7                                                 Attorneys for Defendants
                                                  Scott Kernan, Jeffrey A. Beard, Ph.D.,
8                                                 Kathleen Allison, Kelly Harrington, G.D.
                                                  Lewis, C. Ducart, D. Davey, R. Rackley,
9                                                 Michael Stainer and J. Gastelo
     SF2015400044
10   42090697.docx

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defs.' Resp. to Pl.'s First Set of Req. for Admission  (2:18-CV-362-KJM DB)

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name: **Lipsey v. Norum, et al.**
No.:        **2:18-CV-362-KJM DB**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On <u>December 21, 2018</u>, I served the attached

**DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**

by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Shawna L. Ballard
Stephanie M. Adams Ryan
Kate M. Falkenstien
Reichman Jorgensen LLP
303 Twin Dolphin Dr., Suite 600
Redwood Shores, CA 94065
*(Attorneys for Christopher Lipsey, #F-18039)*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on December 21, 2018, at San Francisco, California.

| M. Luna | M. Luna |
|---------|---------|
| Declarant | Signature |

SF2015400044
42094905.docx