UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiff,<br><br>v.<br><br>GAVIN NEWSOM, et al.,<br><br>Defendants. | No. 2:90-cv-0520 KJM DB P<br><br><br>ORDER |

On November 15, 2019, the Special Master filed a request for extension of time to comply with the court's July 3, 2019 order, ECF No. 6211, which required submission of proposed processes for regular updates to the 2018 Program Guide and to any part of the remedy for this action found in state regulations and/or provisions of the California Department of Corrections and Rehabilitation (CDCR) Department Operations Manual (DOM). ECF No. 6390. The Special Master seeks an extension of ninety days, to and including February 14, 2020, to comply with the July 3, 2019 order. *Id*. at 1.[1]  The Special Master's request is predicated on the fact that negotiations over the proposed processes, which have been ongoing in the All-Parties

---

[1] With the exceptions of citations to page numbers in Reporter's Transcripts of Proceedings, references to page numbers in documents filed in the Court's Electronic Case Filing (ECF) system are to the page number assigned by the ECF system and located in the upper right-hand corner of the page.

1

Workgroup, have "stalled" because "defendants' intention to include mental health regulations into the HC [Health Care] DOM administered by California Correctional Health Care Services (CCHCS) ha[s] only recently become clear to plaintiffs and the Special Master." *Id.* at 3. The court DECLINES to grant the Special Master's request as presented and DEFERS a decision on whether to grant the request in part as explained below.

CCHCS is run by the Receiver in *Plata v. Newsom*, Case No. C01-1351 JST (N.D. Cal.). *Plata* is a class action lawsuit brought in the United States District Court for the Northern District of California by prisoners with serious medical conditions. *See Brown v. Plata*, 563 U.S. 493, 500 (2011). This separate *Coleman* action is a class action lawsuit brought by prisoners with serious mental disorders. *Id.* The two actions are brought by two distinct classes of plaintiffs and are being remedied in separate federal district courts. *Id.* In this action, remediation is supervised by a court-appointed Special Master, while the *Plata* court has appointed a Receiver to implement the remedy in that case. *See id.* at 506-07.

In 2006, the *Coleman* court and the *Plata* court recognized the need for both courts to "closely coordinate activities in both cases." Reporter's Transcript, June 8, 2006, ECF No. 1848 (6/8/06 RT), at 1:23-24. To that end, the courts jointly convened a status conference to address coordination with the parties. *Id.*; *see also* ECF No. 1834. The goals of the coordination process were express: to be sure that everyone in both cases was "working on the same page"; to "head . . . off at the pass" any "possible divergence of views" in any significant substantive area; and a "desire for efficiency." 6/8/06 RT at 2:7-3:6. The courts were both clear: coordination was intended to avoid any surprises in the remedial proceedings in either case. *See id.* at 4:2-7 (*Plata* judge explaining *Coleman* Special Master and *Plata* Receiver "will be meeting regularly and coordinating so that nothing that my team does is a surprise to anything and vice versa"); *cf. id.* at 10:10-16 (plaintiffs' counsel noting "important for us to be kept informed"), 11:5-7 (defendants' counsel representing "the State very much appreciates the coordination and will certainly, of course, work very, very closely with the Masters and Receiver"). The courts also were clear that the *Coleman* case would not "be forthwith folded into *Plata*" and that each court had "individual obligations" under their respective decrees. *Id.* at 2:21-25. The *Plata* court underscored "[t]hat

there would be transparency here. Nothing would be done in secret or decided in secret." *Id.* at 12:15-21; *id.* at 12:22-13:2.

In early 2007, the coordination process expanded to include another class action, *Perez v. Tilton*, Case No. C05-05241 JSW (N.D. Cal.), a case involving dental care in California's prisons.[2] The order issued by the three courts was equally clear: nothing in the coordination process would "alter or amend" any reporting requirements in the individual cases or "such rights of the parties in each action as have been or may be established by court orders. . . ." ECF No. 2119 at 2. A fourth class action, *Armstrong v. Schwarzenegger*, Case No. C 94-2307 (N.D. Cal.), joined the coordination process that year. *See* ECF No. 2522. In 2007 and 2008, the coordinating courts considered and entered orders approving several agreements, including some governing information technology (IT) coordination. *See* ECF Nos. 2247 & 2300 (approving Receiver's assumption of, *inter alia*, long-term IT program including medical and mental health programs, subject to quarterly reporting requirements of "all tasks and metrics necessary to the contracting functions") & 2711 (approving IT coordination agreement presented by Receiver and Special Master, *inter alia*, on condition that Receiver coordinate with Department of Mental Health (DMH) "to facilitate technological compatibility and communication regarding patient care between DMH and CDCR," with additional understandings memorialized in attachment); *see also* ECF Nos. 2300, 2696, 2739, 3073. The *Plata* and *Coleman* courts jointly considered additional agreements in 2008 and 2009. *See, e.g.*, ECF Nos. 3334, 3498, 3499.

No court orders have modified the letter or intent of the courts' initial coordination determination in 2006. The coordination process remains an ongoing, important element of the proceedings in this case. Against this backdrop, defendants' failure to timely and clearly disclose to the Special Master and to plaintiffs their apparent intention to work under the auspices of the *Plata* Receiver to incorporate mental health regulations into the HC DOM appears at odds with the coordination process, not to mention tone deaf in light of the recent proceedings before this court occasioned by the Golding Report. *See, e.g.*, Reporter's Transcript of Proceedings, Oct. 23,

---

[2] The *Perez* action was terminated in 2012 and is no longer part of the coordination process. *See Perez v. Cate*, Case No. 05-05241 JSW (N.D. Cal.), ECF Nos. 729, 738.

2019, ECF No. 6380 (10/23/19 RT), at 458:25-459:12. Defendants have made other recent representations suggesting the possibility there are additional substantive areas in which defendants have, to one degree or another, embarked on remedial efforts under the auspices of the *Plata* Receiver without fully informing this court, the Special Master or plaintiffs. These representations include statements by defense counsel at the September 13, 2019 second quarterly status conference in this action, *see* ECF No. 6312 at 6 n.4, as well as in a document the court required defendants to file after the October 2019 evidentiary hearing, ECF No. 6370.

As the court reminded defendants in its October 8, 2019 order, their "remedial responsibilities in this action are to this court and its Special Master. Any remedial work on matters within the jurisdiction of this court must, at a minimum, be fully disclosed in the first instance to the Special Master and ultimately to this court to ensure the needs of the plaintiff class here will be met and any necessary coordination can be achieved." ECF No. 6312 at 6 n.4. Disclosure is essential given the Special Master's obligations, which include working with defendants on the remedy in this case and, as necessary, to consult with counsel for all parties in order to fulfill his duties under the Order of Reference. *See* ECF No. 640 at 2-3.

For the second time in less than a month, the court is required to remind defendants that their transparency with the court, the Special Master and the plaintiffs is essential to a fair assessment of their progress toward compliance with the approved remedy in this case. *See, e.g.*, 10/23/19 RT at 463:13-20. That this court saw fit to appoint a Special Master, as a means more respectful of defendants' own management of their correctional institutions and less intrusive than could have been imposed by the appointment of a Receiver, elevates the fundamental requirement of full transparency in this case to a non-negotiable gold standard. *Id.* The court has renewed serious doubts that defendants are meeting that standard.

For all of the foregoing reasons, IT IS HEREBY ORDERED that:

1. The Special Master's November 15, 2019 request for enlargement of time, ECF No. 6390, is DENIED pending a full discussion with the parties at the quarterly status conference set for December 13, 2019, at which the court will

/////

4

consider a new shorter deadline for compliance with the court's July 3, 2019 order.

2. While the court will issue a full agenda for the December 13, 2019 status conference in the near future, it advises the parties that the first agenda item will be a discussion of whether, and to what extent, defendants are unilaterally coordinating remedial efforts with the *Plata* Receiver, advising the court and Special Master only after significant effort has been expended; whether, and to what extent, any such efforts have been properly and timely disclosed to the Special Master and/or the plaintiffs; and whether plaintiffs should be granted a period of discovery designed to identify answers to these questions. Once the full agenda for the status conference is set, the parties will be directed to file separate statements addressing the issues identified in this paragraph 2.

3. The discussion on December 13th described above also will review the reporting channels and committee/subcommittee structures relevant to mental health data collection and reporting, whether currently in place or put on hold during the Golding proceedings. Defendants are directed to file within seven (7) days a separate statement identifying any and all such reporting channels, committees and subcommittees.

DATED: November 18, 2019.

_____
UNITED STATES DISTRICT JUDGE