XAVIER BECERRA, State Bar No. 118517
Attorney General of California
ADRIANO HRVATIN, State Bar No. 220909
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
TYLER V. HEATH, State Bar No. 271478
ROBERT W. HENKELS, State Bar No. 255410
KYLE A. LEWIS, State Bar No. 201041
Deputy Attorneys General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 510-3585
  Fax: (415) 703-5843
  E-mail: Kyle.Lewis@doj.ca.gov
*Attorneys for Defendants*

ROMAN M. SILBERFELD, State Bar No. 62783
GLENN A. DANAS, State Bar No. 270317
ROBINS KAPLAN LLP
  2049 Century Park East, Suite 3400
  Los Angeles, CA 90067-3208
  Telephone: (310) 552-0130
  Fax: (310) 229-5800
  E-mail: RSilberfeld@RobinsKaplan.com
*Special Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,** | 2:90-cv-00520 KJM-DB (PC) |
| Plaintiffs, | **DEFENDANTS' OPPOSITION TO CHRISTOPHER LIPSEY'S MOTION TO INTERVENE** |
| **v.** | |
| **GAVIN NEWSOM, et al.,** | Date:        December 20, 2019 |
| | Time:        10:00 a.m. |
| Defendants. | Courtroom: 3, 15th floor |
| | Judge:       Hon. Kimberly Mueller |

On November 14, 2019, Christopher Lipsey, a California Department of Corrections and

Rehabilitation inmate housed at California State Prison, Corcoran (CSP Corcoran), filed a motion

seeking to intervene in this long-standing class action, which is in its remedial phase. (ECF No.

6389.) Lipsey contends that the use of Guard One to conduct suicide-prevention welfare checks

in Defendants' segregated housing units, as required by orders issued in this case, violates his

Eighth Amendment and state law rights, and that the *Coleman* class representatives do not

adequately represent his interests in this regard. (*Id.*)

1

1    Defendants oppose Lipsey's motion because the class representatives and class counsel

2    adequately represented Lipsey's interests in connection with adopting the Guard One protocol,

3    and the use of Guard One has been litigated in this Court.  Contrary to Lipsey's suggestion, Guard

4    One was not rubber-stamped without consideration for the impact it may have on the inmate

5    population.  (*Id.* at 6–8.)  Rather, in response to a recommendation from the Special Master, the

6    Court ordered CDCR to continue performing inmate welfare checks in its secured housing units,

7    which included the use of the Guard One system.  (ECF No. 5271 at 2-3; ECF No. 5258 at 6;

8    ECF No. 5259 at 14-15.)  When the parties learned of noise complaints regarding the use of

9    Guard One in the Security Housing Unit (SHU) at Pelican Bay State Prison, they raised the issue

10    with the Court and Defendants worked to address it, including evaluating the causes of any noise

11    when the system was used and how that noise might be minimized.  (*See* ECF No. 5487 at 2–3;

12    *see also* ECF No. 5672 at 159–60; ECF No. 5762 at 3.)  Ultimately, given the unique structure of

13    Pelican Bay's SHU, the parties and Court agreed to reduce the frequency of Guard One checks

14    there at night, from twice per hour to once per hour.  (ECF No. 5487 at 2–3.)  This satisfactorily

15    resolved the sound issue.  The Guard One checks are an aspect of the remedial process that the

16    Special Master and this Court are continuously monitoring.  If the parties, Special Master, or

17    Court become aware of credible noise concerns at other facilities, including CSP Corcoran, the

18    parties will likely engage in a similar process to evaluate and, if necessary, address those

19    concerns.  Lipsey's individual involvement is unnecessary and could actually hinder the process.

20    //

21    //

22

23

24

25

26

27

28

2

1    Given the adequacy of class representation and counsel, Lipsey's concerns should be

2  evaluated (and addressed, if meritorious) through the ongoing remedial process, and not through

3  his intervention.  The Court should, therefore, deny Lipsey's motion to intervene.  If, however,

4  the Court elects to permit intervention, it should limit the scope to the specific issue on which

5  Lipsey insists he is not adequately represented: this Court's 2015 order mandating continued

6  Guard One welfare checks.  (*See* ECF No. 6389 at 5, 7–8.)  Indeed, Lipsey acknowledges that his

7  intervention would be limited to that issue.  (*Id.* at 13 ("Lipsey's motion to intervene concerns a

8  particular order …: that is, the 2015 order mandating Guard One checks. … He does not seek to

9  litigate the voluminous other issues in this case.").)

10

11  Dated: December 6, 2019                           Respectfully submitted,

12                                                    XAVIER BECERRA
                                                      Attorney General of California
13                                                    ADRIANO HRVATIN
                                                      Supervising Deputy Attorney General
14
                                                      /s/ Kyle A. Lewis
15                                                    KYLE A. LEWIS
                                                      Deputy Attorney General
16                                                    *Attorneys for Defendants*

17  CF1997CS0003
    21733426.docx
18

19

20

21

22

23

24

25

26

27

28

3

Defs.' Opp'n C. Lipsey's Mot. Intervene (2:90-cv-00520 KJM-DB (PC))