DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

CLAUDIA CENTER – 158255
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION DISABILITY RIGHTS
PROGRAM
39 Drumm Street
San Francisco, California 94111-4805
Telephone: (415) 343-0762

MICHAEL W. BIEN – 096891
JEFFREY L. BORNSTEIN – 099358
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LISA ELLS – 243657
JENNY S. YELIN – 273601
MICHAEL S. NUNEZ – 280535
JESSICA WINTER – 294237
MARC J. SHINN-KRANTZ – 312968
CARA E. TRAPANI – 313411
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GAVIN NEWSOM, et al.,<br><br>　　　　Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**PLAINTIFFS' RESPONSE TO DECEMBER 4, 2019 ORDER**<br><br>Judge: Hon. Kimberly J. Mueller<br>Date: December 13, 2019<br>Time: 10:00 a.m.<br>Crtrm.: 3 |

In its December 4, 2019 order, the Court requested the parties' views on the following questions in advance of the December 13, 2019 status conference:

> Whether, and to what extent, defendants have been unilaterally coordinating remedial efforts with the Plata Receiver, advising the court and Special Master only after significant effort has been expended; whether, and to what extent, any such efforts have been properly and timely disclosed to the Special Master and/or the plaintiffs; and whether plaintiffs should be granted a period of discovery designed to identify answers to these questions.

ECF No. 6403.

Plaintiffs have limited information to answer these questions at this time, although they have no reason to believe that the Receiver has engaged in any wrongdoing or otherwise intentionally worked with Defendants to undermine or circumvent remedial efforts in this case. Plaintiffs and the Receiver, with the Special Master in attendance, have recently begun engaging in discussions that have allowed Plaintiffs to better understand the Receiver's structure and processes, as well as the *Plata* mandates that govern his power and remedial obligations. These discussion have been helpful, but have also made clear that various aspects of the cross-case, multidisciplinary efforts are complex, warranting further exploration and the need for additional investigation and consideration.

For instance, Plaintiffs understand that categories of information have not been provided to them and the Special Master pursuant to claims of privilege in the *Plata* case that directly concern *Coleman* class members and the adequacy of their mental health care. These include *Plata* death reviews of *Coleman* class members, which Plaintiffs (and potentially the Special Master) do not receive, even if the reviews find problems involving the class members' mental health treatment. Additionally, Plaintiffs have only received a short excerpt of a root cause analysis conducted under the auspices of the Receiver into two class member deaths in the SVSP MHCB involving deficiencies in mental health and medical treatment sufficiently serious to lead the Receiver to close the CTC within which the MHCB operates for many months. That root cause analysis, which Plaintiffs understand has also not been provided in full to the Special Master, apparently led to the

development of a remedial plan of action that has not involved any input from Plaintiffs or, to Plaintiffs' knowledge, the Special Master. These types of complicated cross-case issues, especially where claims of privilege are involved, need further discussion, as Plaintiffs and the Special Master are entitled to all documents and information concerning these issues, governed by appropriate protective orders which are already in place. Similarly, Plaintiffs agree that it makes sense for a point person to be identified who will be tasked with becoming deeply familiar with this Courts' orders and Defendants' remedial obligations in order to assist in identification and resolution of decisions made in *Plata* that affect *Coleman* by ensuring closer coordination and transparency between the Special Master and the Receiver's staff, as well as plaintiffs' counsel in both cases.

At the same time, Plaintiffs do not support the reopening of a period of formal discovery to provide additional information about *Plata-Coleman* cross-over issues and their current management by CDCR and the Receiver. Formal discovery will likely result in additional litigation and increased tensions between the parties. Delving into the past in such a manner may also result in diverting attention away from urgently needed remedial efforts rather than figuring out constructive solutions to ensure appropriate processes are in place going forward. As such, Plaintiffs and Defendants have met and conferred and recommend that the parties work together over the course of the next sixty days to informally exchange information and documents that Plaintiffs' counsel may request regarding the issues at the heart of the Court's order. Plaintiffs have also requested that Defendants provide Plaintiffs' counsel and the *Coleman* Special Master with in-person informal access to CDCR employees and, with the permission of the *Plata* Receiver, to employees of the CCHCS, to answer questions about their work, assignments, and responsibilities as they pertain to *Coleman*. In addition, counsel for both Plaintiffs and Defendants have agreed to convene one or more 'all hands' meetings of interested participants to further elaborate and discuss the interrelated issues in *Plata* and *Coleman*. Finally, the parties have agreed they could report to the Court in advance of the

next status conference as to whether satisfactory informal information exchange had addressed all concerns or whether, then, a period of formal discovery may be necessary.

DATED: December 10, 2019         Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Lisa Ells*
　　　Lisa Ells

Attorneys for Plaintiffs

[3473769.2]

3
PLAINTIFFS' RESPONSE TO DECEMBER 4, 2019 ORDER