XAVIER BECERRA
Attorney General of California
MONICA N. ANDERSON
Senior Assistant Attorney General
ADRIANO HRVATIN
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
TYLER V. HEATH, State Bar No. 271478
ROBERT W. HENKELS, State Bar No. 255410
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7318
 Fax: (916) 324-5205
 E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

ROMAN M. SILBERFELD, State Bar No. 62783
GLENN A. DANAS, State Bar No. 270317
ROBINS KAPLAN LLP
 2049 Century Park East, Suite 3400
 Los Angeles, CA 90067-3208
 Telephone: (310) 552-0130
 Fax: (310) 229-5800
 E-mail: RSilberfeld@RobinsKaplan.com
*Special Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>  Plaintiffs,<br><br> v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>  Defendants. | Case No. 2:90-cv-00520 KJM-DB (PC)<br><br>**SUPPLEMENT TO JOINT REPORT ON THE MEDICATION ADHERENCE POLICY [ECF NO. 6393]**<br><br>Judge: The Hon. Kimberly J. Mueller |

On November 15, 2019, the parties submitted their joint report and stipulation in response to the Court's August 14, 2019 order for clarification of the California Correctional Health Care Service's (CCHCS) medication adherence policy. (ECF No. 6393.) The joint report and stipulation included a proposed clarifying memorandum titled, *Draft Proposed Psychiatric Medication Adherence Clarifying Directives*, and described the parties' plans to develop a monitoring process. (*Id.* at 2.) At the December 13, 2019 quarterly status conference, the Court asked that the parties supplement the joint report and stipulation to answer three questions: (1) whether CDCR is developing a quality management process for monitoring the policy;

[3477487.2]

1

Jt. Supp. Rep. on Medication Adherence Policy (2:90-cv-00520 KJM-DB (PC))

(2) whether CDCR agrees with Plaintiffs that there should be required monitoring of the medication adherence policy; and (3) whether the policy will be submitted to the *Plata* Court for approval.

The parties have met and conferred and supplement the November 15, 2019 joint report as follows:

### 1. CDCR Is Developing A Quality Management Process For CCHCS's Medication Adherence Policy.

As reported on November 15, 2019, the parties and the Special Master met and discussed the need to create a system to monitor the requirements in the clarifying memorandum. The parties continue to agree that Defendants must monitor compliance with the medication adherence policy once a process for monitoring has been developed by CDCR and agreed to by Plaintiffs and the Special Master.

CDCR has not yet issued the clarifying memorandum to the field, as certain technical changes to the electronic health record system (EHRS) and staff training may be necessary to ensure adequate implementation and monitoring. However, as stated in the November 15, 2019 joint report, the parties will file a joint report within sixty days from the date of the order approving the November 15, 2019 stipulation that sets forth the agreement for monitoring, if completed, or a description of the progress made towards finalizing the monitoring process. (ECF No. 6393 at 2.) To that end, CDCR has initiated the development of performance report indicators that will serve as management tools for CDCR leadership. Development of the performance report indicators requires CDCR to identify specific progress notes and orders for use by staff in medication adherence situations that will be captured by the indicators used for monitoring. CDCR has already begun meeting internally to design these systems.

CDCR is scheduled to meet internally in early January 2020 to continue work on the development of the performance report indicators. Once completed, CDCR will provide the proposed methodology for the indicators to the Special Master and Plaintiffs' counsel for input. CDCR will also present an implementation plan, which will include a plan to provide any required training to the field.

[3477487.2]   2

Jt. Supp. Rep. on Medication Adherence Policy (2:90-cv-00520 KJM-DB (PC))

### 2. The Medication Adherence Policy Should Be Monitored Both Internally And By The Special Master.

Defendants and Plaintiffs agree that the Special Master will monitor compliance with the medication adherence policy and the clarifying memorandum. The parties further expect that the Special Master will share any plans for future monitoring so that such plans will be consistent with CDCR's monitoring process.

### 3. The Clarifying Memorandum Does Not Need To Be Submitted To The *Plata* Court.

Based on conversations with counsel for both Plaintiffs and Defendants in *Plata*, as well as counsel for CCHCS, the parties are unaware of any requirement for the *Plata* Court's approval of the clarifying memorandum. The *Plata* Receiver has received the clarifying memorandum. The parties agree that the clarifying memorandum's provisions will likely need to be incorporated into CCHCS's Health Care Department Operations Manual (HC-DOM) once the parties and the Special Master agree upon and submit to the Court a process for regular updates to the 2018 Program Guide and to any part of the remedy found in state regulations and/or provisions of the CDCR DOM. (*See* July 3, 2019 Order, ECF No. 6211; Special Master's Request for Enlargement of Time in Which to Present Proposed Program Guide Revision Process, ECF No. 6390.)

Dated:  December 20, 2019

XAVIER BECERRA
Attorney General of California
ADRIANO HRVATIN
Supervising Deputy Attorney General

 /s/ Tyler Vance Heath
Tyler Vance Heath
Deputy Attorney General
*Attorneys for Defendants*

Dated: December 20, 2019

ROSEN BIEN GALVAN & GRUNFELD LLP

 /s/ Cara E. Trapani
Cara E. Trapani
*Attorneys for Plaintiffs*

[3477487.2]   3

Jt. Supp. Rep. on Medication Adherence Policy (2:90-cv-00520 KJM-DB (PC))