UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No. 2:90-cv-0520 KJM DB P |
| Plaintiffs, | |
| v. | ORDER |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

In a bench ruling on October 23, 2019, Reporter's Transcript of Proceedings (10/23/2019 RT), ECF No. 6380, subsequently memorialized in a written order filed December 17, 2019, ECF No 6247, the court has found defendants knowingly provided false and misleading information material to ongoing remedial efforts in this long running matter. On October 23, 2019, the court directed plaintiffs to file within seven days a brief identifying their proposed remedies for the identified violations. Plaintiffs filed their brief on October 30, 2019, ECF No. 6374, and defendants filed a response on November 13, 2019, ECF No. 6388. After review, the court now issues this first in a series of remedial orders.[1]

---

[1] Defendants have begun the process of correcting documents filed with the court and submitted to the Special Master. *See*, *e.g.*, ECF No. 6302. The parties have also filed briefing on proposals for certification of data going forward. ECF Nos. 6383, 6384. The court will address

I.      ACCESS TO MENTAL HEALTH BUSINESS RULES AND DATA

The first remedial measure proposed by all parties involves relocating management of California Department of Corrections and Rehabilitation (CDCR) mental health care data from CDCR Mental Health Headquarters to the California Correctional Health Care System (CCHCS) Quality Management Section, overseen by the *Plata* Receiver.[2] *See* ECF No. 6374 at 4-7; ECF No. 6388 at 7. This proposal originated with defendants, and plaintiffs are in agreement. *See* ECF No. 6374 at 4; ECF No. 6388 at 7.

As the court has made clear, *see* 10/23/2019 RT at 467:15-21, the framework in which it would approve such a transition, if at all, is that of client and service provider. That is, the court interprets this proposal as one in which the parties are proposing use of the CCHCS Quality Management Section as the quality manager and service provider in this court's remedial proceedings. The court and the Special Master would therefore be clients of this proposed service provider. Assuming this framework, the court intends to take all steps necessary to ensure that the needs of the plaintiff class and complete remediation in this action would be served by such an arrangement, prior to any approval. The parties must take certain preliminary steps to allow the court to begin the process of assessing whether this proposal or some variation thereof should be adopted. This order directs the taking of those initial steps.

First, with the parties' concurrence, the court has authorized the Special Master to hire his own data expert or otherwise make arrangements to ensure he has the necessary data expertise at his disposal. Concurrently, defendants must arrange for the Special Master must forthwith be given access to all of the business rules defendants are currently using to process mental health data and generate informational reports related to delivery of constitutionally adequate mental health care to members of the plaintiff class. This access must include, but not be limited to, access to business rules in use by the CCHCS Quality Management Section if that

---

correction of the existing record, data certification and other matters related to necessary remediation following hearing on the Golding Report in subsequent orders.

[2] *Plata v. Newsom*, Case No. C01-1351 JST (N.D.Cal.)

section is processing any data or generating any reports related to the delivery of constitutionally adequate mental health care to members of the plaintiff class.

Second, defendants must arrange for the Special Master to be included in all discussions that concern use of the CCHCS Quality Management Section to manage CDCR Mental Health data. Defendants shall comply with this order and must take all steps necessary to both include the Special Master in all such discussions and respond to any steps the Special Master may require of them in the process of their compliance.

Third, both the Special Master and the plaintiffs must forthwith have access to all mental health care data that affects the care and treatment of members of the plaintiff class. Defendants shall take all steps necessary to make sure this access is available forthwith.

II.   MESSAGING

As discussed in the December 17, 2019 order, the court expects that Undersecretary Toche "is thinking deeply about a proper response to plaintiffs' counsel's question [at hearing on the Golding Report] about how she can work to make clear to those who work for and with her that 'CDCR has been found to have violated the Constitution as to the mental health program and is under a remedial order supervised by this court' and that '*Coleman* is not just a word' but signifies a federal court order, 'upheld by the United States Supreme Court[,] that governs a remedial process.' 10/16/19 RT at 359:12-360:4." ECF No. 6427 at 46. The court has directed Dr. Toche to provide a report on her answer to that question by the March 23, 2020 status conference. *Id.* Given the flurry of activity since the hearing on the Golding Report, and the central importance of defendants' appropriate answer to this question as a threshold reframing as defendants take steps to ensure they never again lose sight of the substantive issues at stake for members of the plaintiff class, *cf.*, *e.g.*, *id.* at 44-46, the court now directs Dr. Toche to file an initial statement within the next thirty days setting forth the steps she has already taken and is planning to take to provide a complete response to the question posed at hearing and to the gravamen of the court's findings.

////

/////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Within fourteen days from the date of this order, defendants shall file a list of all steps they have taken to ensure that the Special Master has access to all the business rules defendants are currently using to process mental health data and generate informational reports related to delivery of constitutionally adequate mental health care to members of the plaintiff class, including access to business rules in use by the CCHCS Quality Management Section if that section is processing any data or generating any reports related to the delivery of constitutionally adequate mental health care to members of the plaintiff class.

2. Defendants shall promptly take all steps necessary to ensure that the Special Master is included in all discussions that concern use of the CCHCS Quality Management Section to manage CDCR Mental Health data and shall respond promptly to any and all steps the Special Master may require of them during this process.

3. Within fourteen days from the date of this order defendants shall file a list setting forth all steps they have taken to provide the Special Master and the plaintiffs access to all mental health care data that affects the care and treatment of members of the plaintiff class. With respect to the Special Master, such access is governed by the Order of Reference, ECF No. 640. With respect to plaintiffs' counsel, such access is subject to the applicable protective orders issued in this action.

4. Within thirty days from the date of this order Undersecretary Toche shall file a statement responsive to this order.

DATED: December 23, 2019.

_____
UNITED STATES DISTRICT JUDGE

4