XAVIER BECERRA, State Bar No. 118517
Attorney General of California
ADRIANO HRVATIN, State Bar No. 220909
Supervising Deputy Attorney General
KYLE A. LEWIS, State Bar No. 201041
ELISE OWENS THORN, State Bar No. 145931
TYLER V. HEATH, State Bar No. 271478
ROBERT W. HENKELS, State Bar No. 255410
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7325
 Fax: (916) 324-5205
 E-mail: Tyler.Heath@doj.ca.gov
*Attorneys for Defendants*

ROMAN M. SILBERFELD, State Bar No. 62783
GLENN A. DANAS, State Bar No. 270317
ROBINS KAPLAN LLP
 2049 Century Park East, Suite 3400
 Los Angeles, CA 90067-3208
 Telephone: (310) 552-0130
 Fax: (310) 229-5800
 E-mail: RSilberfeld@RobinsKaplan.com
*Special Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>　　　　　　　　　　　Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**DEFENDANTS' RESPONSE TO DECEMBER 23, 2019 REMEDIAL ORDER** |

Leading up to, during, and after the evidentiary proceeding held to address Dr. Michael Golding's allegations regarding misleading data, Defendants acknowledged a number of mistakes, both process errors and data errors, and confirmed their commitment not only to avoid similar kinds of mistakes in the future, but also to a new level of transparency. Defendants agree with the Court that this case and the parties' and Special Master's remediation efforts should concern the "big picture and the proper laser focus on quality of care for California's seriously mentally ill prison inmates." (*See* ECF No. 6427 at 47.)

The Court's December 23, 2019 order directed Defendants to identify the steps they have taken to give the Special Master access to the business rules Defendants use to process mental

1

Defs.' Resp. Dec. 23, 2019 Remedial Order (2:90-cv-00520 KJM-DB (PC))

health data and generate reports related to providing class members with constitutionally-adequate care. (ECF No. 6435 at 4.) If the California Correctional Health Care Services (CCHCS) processes data or generates reports regarding care to class members, the Court also requested information concerning the Special Master's access to those business rules. (*Id*.) In the attached declaration, Dr. Diana Toche, the California Department of Corrections and Rehabilitation's (CDCR) Undersecretary of Health Care Services, who testified at the evidentiary hearing on issues specific to CDCR's remedial efforts, describes the work that CDCR is doing (and did previously) to provide the Special Master with access to business rules applicable to inmate mental health care, particularly to mental health focused reports. (*See* Toche Decl. ¶¶ 5-10.) For example, since October 2014, CDCR has provided members of the Special Master's team access to CDCR's mental health quality management and performance reports. (*Id*. ¶ 5.) To promote greater transparency, CDCR is taking steps to ensure that the Special Master and members of his team that he designates have appropriate access to CDCR's methodologies and business rules. (*Id*.) CDCR will work with the *Plata* Receiver to identify which of the Receiver's business rules concern the provision of mental health care to CDCR inmates, so that they can also be provided to the Special Master. (*Id*. ¶ 6.) The Special Master will be invited to these ongoing discussions with the Receiver. (*Id*.)

The Court further directed Defendants to identify the steps they have taken in response to its December 23, 2019 order to give the Special Master and Plaintiffs access to "all mental health care data that affects the care and treatment" provided to class members. (ECF No. 6435 at 4.) Defendants are currently working toward engaging the Receiver, Special Master, and Plaintiffs— many of whom have been away on vacation over the past two weeks—to provide full access to the mental health data they need to monitor CDCR's efforts to provide constitutionally-adequate mental health care to class members. (Toche Decl. ¶¶ 4-9.) CDCR's senior mental health care staff met and are working to ensure that the Special Master and Plaintiffs have access to CDCR's mental health performance and on-demand reports, which will allow them to obtain reports based on patient-level data. (*Id*. ¶ 7.) Effecting this access requires further discussions with the Receiver's staff to identify the mental health data maintained by the Receiver and how best to

2

Defs.' Resp. Dec. 23, 2019 Remedial Order (2:90-cv-00520 KJM-DB (PC))

provide access to those reports and mental health measurements. (*Id.*) As with methodologies and business rules, and to promote greater transparency across its mental health reporting, CDCR will invite the Special Master to participate in these discussions. (*Id.*)

Before the Court's December 23, 2019 order and through the present, certain members of the Special Master's team have had full access to mental health care medical records for class members through CDCR's Electronic Mental Health Record System. (Toche Decl. ¶ 8.) CDCR also agreed to provide Plaintiffs with access to CDCR's Electronic Mental Health Record System in March 2018. (*Id.*) To promote greater transparency concerning its mental health care reporting, and in response to the Court's December 23, 2019 order, CDCR has also engaged the Receiver's staff to identify what relevant data regarding mental health care provided to class members is already accessible by the Special Master and Plaintiffs in *Plata*, and what additional data can be provided to the Special Master and *Coleman* Plaintiffs through the existing collaborative process. (*Id.* ¶¶ 7, 9.) Collectively, these efforts will help Defendants meet the Court's directive to "take all steps necessary to make sure this access [to all mental health data] is available forthwith." (*See* ECF No. 6435 No. 3.)

The Court's December 23, 2019 order contemplates a remedial process—namely, that the parties must take initial steps to demonstrate to the Court the efficacy and efficiency contemplated by their proposal to integrate, as appropriate, data collection and reporting through CCHCS. Defendants are committed to the Court's process. There is more work to do, within CDCR, with the Special Master, Plaintiffs, the *Plata* Receiver, and through the collaborative process. (*See* Toche Decl. ¶¶ 4-10.) And the parties intend to keep the Court apprised of their ongoing remedial work. Accordingly, within thirty days (by February 5, 2020), Defendants will provide the Court with an update on the two specific information requests set forth in the Court's

//
//

3

Defs.' Resp. Dec. 23, 2019 Remedial Order (2:90-cv-00520 KJM-DB (PC))

December 23, 2019 order that Defendants cannot provide without input from the Special Master and the Receiver. If the Court has additional questions on these issues, Defendants can also address those in the February 5, 2020 status report.

Dated: January 6, 2020                        Respectfully submitted,

XAVIER BECERRA
Attorney General of California
ADRIANO HRVATIN
Supervising Deputy Attorney General

/s/ Kyle A. Lewis
KYLE A. LEWIS
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003

4

Defs.' Resp. Dec. 23, 2019 Remedial Order (2:90-cv-00520 KJM-DB (PC))