UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RALPH COLEMAN; et al.,<br><br>        Plaintiffs - Appellees,<br><br> v.<br><br>GAVIN NEWSOM, Governor of the State of California; et al.,<br><br>        Defendants - Appellants. | No. 18-16445<br><br>D.C. No. 2:90-cv-00520-KJM-DB<br>U.S. District Court for Eastern California, Sacramento<br><br>**MANDATE** |

The judgment of this Court, entered December 24, 2019, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: Jessica Flores

Deputy Clerk
Ninth Circuit Rule 27-7

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RALPH COLEMAN; WINIFRED WILLIAMS; DAVID J HEROUX; DAVID MCKAY; JOSEPH ROY, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> GAVIN NEWSOM, Governor of the State of California; RALPH DIAZ, Secretary of the California Department of Corrections and Rehabilitation; KEELY BOSLER, Director of the Department of Finance; STEPHANIE CLENDENIN, Director of the Department of State Hospitals, <br><br> Defendants-Appellants. | Nos. 18-16445 <br><br> D.C. No. 2:90-cv-00520-KJM-DB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted December 6, 2019
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  SILER,[**] BYBEE, and R. NELSON, Circuit Judges.

Appellants appeal portions of the district court's July 3, 2018 order limiting the California Department of Corrections and Rehabilitation's (CDCR's) use of telepsychiatry for certain inmates and directing the Special Master to draft a telepsychiatry policy incorporating those limitations.  The parties are familiar with the facts, so we do not recite them here.  Because we lack jurisdiction, we dismiss the appeal.[1]

We have jurisdiction over a district court's order "granting" or "modifying" an injunction.  28 U.S.C. § 1292(a)(1).  When, as here, the district court's order does not on its face grant an injunction, the order is appealable only if the order (1) has the "practical effect" of granting an injunction, (2) has "serious, perhaps irreparable consequences" for the appellant, and (3) "can be effectively challenged only by immediate appeal." *Thompson v. Enomoto*, 815 F.2d 1323, 1326–27 (9th Cir. 1987) (citing *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981)).

The July 2018 order does not meet these requirements.  The telepsychiatry limitations articulated in the order merely reiterate the same limitations enumerated in the district court's October 10, 2017 order, which Appellants chose not to

---

[**] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

[1] The parties' motions to take judicial notice are **GRANTED**.

2

appeal. Appellants argue that the language of the telepsychiatry limitations in the October 2017 order was permissive, so the mandatory language used in the July 2018 order imposed a new injunction. We find this argument unpersuasive. The October 2017 order was sufficiently clear that the telepsychiatry limitations were mandatory. Accordingly, the telepsychiatry limitations contained in the July 2018 order do not have the "practical effect" of granting an injunction. *Thompson*, 815 F.2d at 1326.

The same is true of the July 2018 order's direction that the Special Master draft a telepsychiatry policy. An injunction is an order "(1) directed to a party, (2) enforceable by contempt, and (3) designed to accord or protect some or all of the substantive relief sought by [the] complaint in more than preliminary fashion." *Orange Cty. Airport Hotel Assocs. v. Hongkong & Shanghai Banking Corp.*, 52 F.3d 821, 825 (9th Cir. 1995) (internal quotation marks omitted). This provision of the July 2018 order is not directed at Appellants. Rather, it is directed at the Special Master. Indeed, Appellants need not do anything in response to this provision. It thus did not have the "practical effect" of granting an injunction. *See Thompson*, 815 F.2d at 1326. Nor does this provision modify an existing injunction, as it did not "substantially change[] the terms and force" of the Order of

3

Reference issued by the district court in 1995. *See Gon v. First State Ins. Co.*, 871 F.2d 863, 866 (9th Cir. 1989).

Our lack of jurisdiction over this appeal is reinforced because Appellants can obtain the relief they seek in a later appeal. *See United States v. El Dorado Cty.*, 704 F.3d 1261, 1265 (9th Cir. 2013) (noting that appellate jurisdiction over an interlocutory order is likely improper when a party "can appeal the same legal issues" and seek "'relief [that] will be available at a later date, in the ordinary course of litigation'" (quoting *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980))). The district court has never ordered Appellants to comply with the telepsychiatry policy drafted by the Special Master pursuant to the July 2018 order. Instead, the parties are preparing for a trial on whether CDCR's use of telepsychiatry complies with the Eighth Amendment and, if it does, what limitations on telepsychiatry should apply. Depending on the outcome of that trial, Appellants can obtain the relief they seek in the district court. And if Appellants are unsuccessful at trial, Appellants can seek relief from this court by appealing any order issued by the district court after that trial is complete. Thus, the legal issues encompassed by the July 2018 order can be "effectively challenged" in a later appeal. *See Thompson*, 815 F.2d at 1327.

**APPEAL DISMISSED.**[2]

---

[2] Appellants were sued in their official capacities in the district court. Because of intervening changes in California's government, the individuals listed in the caption on the docket no longer occupy the government positions described in the caption. Concurrent with filing this disposition, the Clerk is directed to amend the caption so that it lists the individuals who currently occupy those positions, as reflected in the caption on this Memorandum.