XAVIER BECERRA, State Bar No. 118517
Attorney General of California
ADRIANO HRVATIN, State Bar No. 220909
Supervising Deputy Attorney General
KYLE A. LEWIS, State Bar No. 201041
ELISE OWENS THORN, State Bar No. 145931
TYLER V. HEATH, State Bar No. 271478
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7325
 Fax: (916) 324-5205
 E-mail: Tyler.Heath@doj.ca.gov
*Attorneys for Defendants*

ROMAN M. SILBERFELD, State Bar No. 62783
GLENN A. DANAS, State Bar No. 270317
ROBINS KAPLAN LLP
 2049 Century Park East, Suite 3400
 Los Angeles, CA 90067-3208
 Telephone: (310) 552-0130
 Fax: (310) 229-5800
 E-mail: RSilberfeld@RobinsKaplan.com
*Special Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,** <br><br> Plaintiffs, <br><br> v. <br><br> **GAVIN NEWSOM, et al.,** <br><br> Defendants. | 2:90-cv-00520 KJM-DB (PC) <br><br> **DEFENDANTS' SUPPLEMENTAL RESPONSE TO DECEMBER 23, 2019 REMEDIAL ORDER** <br><br> Judge: The Hon. Kimberly J. Mueller |

On January 6, 2020, the California Department of Corrections and Rehabilitation (CDCR), through its Undersecretary of Health Care Services Dr. Diana Toche, responded to the Court's December 23, 2019 remedial order, which directed CDCR to provide an initial report describing the steps it had taken to give the Special Master and Plaintiffs' counsel access to various business rules and mental health care data affecting the care and treatment provided to class members. (ECF Nos. 6440, 6440-1.) CDCR volunteered to update the Court on its ongoing efforts responsive to the Court's order by February 5, 2020. This response and Dr. Toche's supporting declaration provide that update.

1

Defs.' Supp. Resp. Dec. 23, 2019 Remedial Order (2:90-cv-00520 KJM-DB (PC))

CDCR previously reported that it was working to provide the Special Master with access to the business rules and methodologies CDCR and California Correctional Health Care Services (CCHCS) use to general mental health reports. CCHCS and the *Plata* Receiver have at least some of the business rules that are used to process mental health data. CDCR provisioned (i.e. granted access to) members of the Special Master's team with access to CDCR's Mental Health Management Report, also known as Mental Health On-Demand reports, which includes access to CDCR mental health's business rules and methodologies for its on-demand and performance reports. (Toche Decl. ¶¶ 4-5.) To the extent that CDCR identifies any additional business rules or methodologies that the Special Master does not already have access to, it will work to ensure the Special Master and designated members of his team receive access to those rules and methodologies. CDCR needs to coordinate a conversation with the *Plata* Receiver and Special Master to understand how the Special Master may best access CCHCS's mental health business rules. (*Id.*) In its January 6, 2020 response, CDCR reported that it was coordinating a meeting with the *Plata* Receiver and Special Master to discuss data access issues. (*Id.*) A meeting is tentatively scheduled for February 26, 2020. (*Id.*)

On January 6, 2020, CDCR also reported it was working to provide the Special Master and Plaintiffs on-demand access to CDCR's mental health performance and on-demand reports. According to its information technology records, members of the Special Master's team have been provisioned to access CDCR's active Mental Health On-Demand reports, which include CDCR's performance reports and a number of other reports. (Toche Decl. ¶ 5.) The Special Master's team members were also provisioned to access CCHCS's Quality Management Tools App, which includes access to a number of mental health related reports. (*Id.*) CDCR will ensure that the Special Master and designated members of his team have access to all of the mental health reports maintained by CDCR, and will coordinate with the *Plata* Receiver and Special Master on providing access to any additional mental health reports maintained by the *Plata* Receiver.

CDCR is also prepared to provide Plaintiffs access to CDCR's active Mental Health On-Demand reports, which includes access to its performance reports. (Toche Decl. ¶ 6.) This

2

Defs.' Supp. Resp. Dec. 23, 2019 Remedial Order (2:90-cv-00520 KJM-DB (PC))

will be a multi-step process, requiring Plaintiffs to first participate in and successfully complete mandatory Security and Disclosure and Privacy Training. (*Id.*) CDCR will offer Plaintiffs and the Special Master and his team training on how to use and understand CDCR's active Mental Health On-Demand reports. (*Id.*) CDCR has already contacted Plaintiffs to identify the individual members of Plaintiffs' team who want to have report access —this way, CDCR can train Plaintiffs and provision them to access CDCR's active Mental Health On-Demand reports. (*Id.*)

Plaintiffs' access to CDCR's active Mental Health On-Demand reports will not initially include access to the mental health data reports maintained by CCHCS. (Toche Decl. ¶ 7.) But CDCR will continue to work with the *Plata* Receiver and the Special Master to provide Plaintiffs with access to responsive mental health data reports maintained by CCHCS. (*Id.*)

**CERTIFICATION**

Defendants' counsel certifies that he reviewed the following orders relevant to this filing: ECF No. 6427; ECF No. 6435; ECF No. 6441.

Dated: February 5, 2020

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
ADRIANO HRVATIN
Supervising Deputy Attorney General

*/s/ Tyler V. Heath*

TYLER V. HEATH
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003
14406275.docx

3

Defs.' Supp. Resp. Dec. 23, 2019 Remedial Order (2:90-cv-00520 KJM-DB (PC))