XAVIER BECERRA, State Bar No. 118517
Attorney General of California
ADRIANO HRVATIN, State Bar No. 220909
Supervising Deputy Attorney General
KYLE A. LEWIS, State Bar No. 201041
ELISE OWENS THORN, State Bar No. 145931
TYLER V. HEATH, State Bar No. 271478
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7325
 Fax: (916) 324-5205
 E-mail: Tyler.Heath@doj.ca.gov
*Attorneys for Defendants*

ROMAN M. SILBERFELD, State Bar No. 62783
GLENN A. DANAS, State Bar No. 270317
ROBINS KAPLAN LLP
 2049 Century Park East, Suite 3400
 Los Angeles, CA 90067-3208
 Telephone: (310) 552-0130
 Fax: (310) 229-5800
 E-mail: RSilberfeld@RobinsKaplan.com
*Special Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>　　　　　　　　　　Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**DECLARATION OF D. TOCHE, D.D.S., IN SUPPORT OF FURTHER RESPONSE TO DECEMBER 23, 2019 ORDER**<br><br>Judge:　　The Hon. Kimberly J. Mueller |

I, Dr. Diana Toche, declare:

1.　　I am the Undersecretary of Health Care Services for the California Department of Corrections and Rehabilitation (CDCR), a position I have held since May 2014. Immediately before this appointment, I served as CDCR's Undersecretary of Administration and Offender Services, a position I held from February 2013 to July 2015. I am a doctor of dental surgery by education, training, and previously worked in private practice for two years and for seventeen years for a P.L. 93-638 Program that contracted with the Indian Health Service to provide services in the state's Central Valley. I have been employed by and have served CDCR for

1

1 approximately eleven years as of February 2020.  I submit this declaration to support Defendants'
2 further response to the Court's December 23, 2019 remedial order.

3     2. In its December 23, 2019 order, the Court requested information regarding the
4 parties' joint proposal to relocate "management of California Department of Corrections and
5 Rehabilitation (CDCR) mental health care data from CDCR Mental Health Headquarters to the
6 California Correctional Health Care System (CCHCS) Quality Management Section, overseen by
7 the *Plata* Receiver."  (ECF No. 6435 at 2.)  To start evaluating the proposal, the Court ordered
8 Defendants to meet two specific directives.  First, Defendants must ensure that the Special Master
9 has access to all of the business rules currently used to process mental health data and generate
10 reports related to the constitutional delivery of mental health care, including access to business
11 rules used by CCHCS's Quality Management Section, if that section is processing data or reports
12 related to delivering constitutional mental health care.  Second, Defendants must provide the
13 Special Master and Plaintiffs with access to all data that affects the care and treatment of
14 members of the Plaintiff class.  (*Id.* at 2-3.)  The Court ordered Defendants to identify the steps
15 taken to address these directives by January 6, 2020.  (*Id.* at 4.)

16     3. On January 6, 2020, I submitted an initial report describing the steps taken to meet
17 the Court's order.  (ECF Nos. 6440, 6440-1.)  I also informed the Court that I would provide a
18 further report on steps taken by February 5, 2020.  (ECF No. 6440. at 4.)  This declaration
19 describes some of the additional steps taken since the January 6, 2020 report.

20     4. As I previously reported, at least some of the business rules CDCR uses to process its
21 mental health data are stored in the CCHCS database controlled by the *Plata* Receiver.  CCHCS
22 also processes data and generates reports related to the provision of mental health care to class
23 members.  It is necessary for CDCR to coordinate discussions with the *Plata* Receiver, with the
24 input and guidance of the Special Master, on how to best provide access to CCHCS's mental
25 health business rules and reports.  At the time of my January 6, 2020 report, I was informed that
26 CDCR was coordinating a meeting with the *Plata* Receiver and the Special Master to discuss data
27 access issues.  A meeting is tentatively scheduled for February 26, 2020.
28 / / /

2

Toche Decl. Supp. Further Resp. Dec. 23, 2019 Order  (2:90-cv-00520 KJM-DB (PC))

5.      Also as previously reported, I met with several members of CDCR's senior mental health care staff and directed them to ensure that the Special Master and Plaintiffs have access to CDCR's mental health performance and on-demand reports.  This level of access will ensure that the Special Master, his team, and Plaintiffs' counsel can obtain reports based on patient-level data.  The Director and Chief Information Officer for CCHCS's Information Technology Services Division informed me that the Information Technology Services Division's (ITSD) records show that several members of the Special Master's team already have access to CDCR and CCHCS related mental health reports.  The Special Master's team has been provisioned for access to CDCR's Mental Health Management Reporting, also known as On-Demand reports, which includes CDCR's performance reports, a number of other reports, and CDCR mental health's business rules.  They were also provisioned for access to CCHCS's Quality Management Tools App, which includes access to a number of mental health related reports.  CCHCS's Information Technology Services Division's records show that some members of the Special Master's team were provisioned in 2014, while others were provisioned in 2019.  My staff and I will continue to work with the Special Master and his team to make sure they have the required access.

6.      CDCR is prepared to provide Plaintiffs access to CDCR's active On-Demand reports, which includes access to the performance reports.  However, I am informed this is a multi-step process.  Access to the On-Demand reports requires completion of mandatory Security and Disclosure as well as Privacy Training.  CDCR will offer Plaintiffs and the Special Master and his team training on how to use and understand CDCR's active On-Demand reports.  In addition, CDCR recently contacted Plaintiffs to identify those individuals who need access and to begin the process of training and provisioning Plaintiffs for access to CDCR's active On-Demand reports.

7.      Access to CDCR's active On-Demand reports will not initially include access to the mental health data reports maintained by CCHCS.  CDCR will continue to work with the *Plata* Receiver, in consultation with the Special Master, through the process described above, to provide Plaintiffs with access to responsive mental health data reports maintained by CCHCS.

8.      I have retained Dr. David Leidner to work under my direction to provide the Special Master with information, options, and recommendations regarding management of CDCR's

3

1  strategic mental health data.  Even though Dr. Leidner officially does not begin his new position
2  until February 12, 2020, Dr. Leidner has already begun working with the Special Master,
3  including meeting with the Special Master's team twice over the past month, with a third meeting
4  planned for later this week.

5     9.     As I stated in my January 6, 2020 report, I take seriously the Court's December 23,
6  2019 order and CDCR's ongoing work to ensure the transparency of its data and the mental
7  health treatment provided to inmates.  CDCR and I are prepared to answer the Court's questions
8  and any requests for additional updates regarding CDCR's work in response to the Court's
9  December 23, 2019 order.

10     I declare under penalty of perjury that the foregoing is true and correct to the best of my
11  knowledge.  Executed in Sacramento, California, on February 5, 2020.

*/s/ Diana Toche*__
Diana Toche
(Original signature retained)

CF1997CS0003
14406276.docx

4

Toche Decl. Supp. Further Resp. Dec. 23, 2019 Order  (2:90-cv-00520 KJM-DB (PC))