# Exhibit 3

**CALIFORNIA DEPARTMENT of Corrections and Rehabilitation**

4AIR - 47L

# CLASSIFICATION COMMITTEE CHRONO

| | | | |
|---|---|---|---|
| **Inmate Name:** | LIPSEY, CHRISTOPHER | **Date:** | 10/30/2019 |
| **CDC#:** | F18039 | **Date of Birth:** | 06/22/1985 |
| **Control Date:** | 03/02/2055 | **Control Date Type:** | Minimum Eligible Parole Date |
| **Hearing Date:** | 10/30/2019 | **Hearing Type:** | Pre-MERD; Transfer |
| **Committee Type:** | Institution Cls. Committee (ASU/SHU/THU/PSU-ICC) | **Correctional Counselor:** | J. Pasion |

**STATIC CASE FACTORS**

**CRITICAL CASE FACTORS**

### CLINICIAN COMMENTS
S is a participant in the MHSDS. S's Activities of Daily Living (ADL) are adequate. S's interactions with staff appear to be appropriate. S's placement in alternative levels of care in the Mental Health Services Delivery System was considered and is not recommended. Per S's assigned clinician, S's mental health is unlikely to decompensate while retained in ASU.

### COMMITTEE ACTION SUMMARY
PRE-MERD / TRANSFER REVIEW: RETAIN COR-SHU W/ACTIVE MERD OF 3/12/2020, PX CSR REV/TX. REFER TO CSR RX TX SATF-IV (180) GP W/ALT SVSP-IV (180) GP (FAC C ONLY DUE TO ENE CONCERNS ON FAC B), UPON COMPLETION OF PROJ MERD. PENDING RVR'S NOTED: RVR DTD 9/17/2019 FOR BATTERY ON A PEACE OFFICER LOG# 6907709, W/PROJ MERD OF 3/14/2020. RVR DTD 9/16/2019 FOR POSS OF A DEADLY WPN LOG# 6906869, W/PROJ MERD OF 1/13/2020. CONT WG/PG D2D EFF 6/17/2019 THRU 11/13/2019; D1D EFF 11/14/2019 THEREAFTER. CONT MAX/S CUST; S/C (VIO) & W/A YRD. PSYCH: CCCMS, TABE: 9.4. S/A: J. PASION, CCII(A). DDP: NCF. DPP: N/A.

### COMMITTEE COMMENTS
Inmate LIPSEY, F18039, hereafter will be referred to as Subject (S), waived his 72 hours advanced notification.

CDCR 114D REVIEW: "S's" CDCR 114D is current and accurately documents the reasons for ASU placement. A review of the CDCR 114D indicates the document was issued in sufficient detail.

COMMITTEE NOTES: "S" was initially placed into Ad-Seg on 6/17/2019 at KVSP for the specific act of "Battery on a Peace Officer." S was assessed an 18 month aggravated SHU term with a MERD of 3/12/2020. Per Auditor Action dated 8/20/2019, S is endorsed to COR-SHU to complete a determinate SHU term. S arrived to COR-SHU on 9/4/2019.

ICC notes pending RVR dated 9/16/2019 for "Possession of a Deadly Weapon" Log# 6906869. This offense is SHU-able in nature. If found guilty as charged, S may receive an 8 month Expected SHU term with a projected MERD of 1/13/2020. The term is mitigated based on the serious misconduct resulted, in part, from the inmate's mental health, as documented and referenced on the CDCR Form 115-MH. The term is aggravated based on the S's prior disciplinary history which includes acts of misconduct of the same or similar nature, within the last five calendar years. Specifically, RVR dated 6/1/2016 for "Possession of a Deadly Weapon." Based on the nature of the offense, the RVR has been referred to the District Attorney's office for criminal prosecution consideration.

ICC further notes pending RVR dated 9/17/2019 for "Battery on a Peace Officer" Log# 6907709. This offense is SHU-able in nature. If found guilty as charged, S may receive a 12 month Expected SHU term with a projected MERD of 3/14/2020. The term is mitigated based on the serious misconduct resulted, in part, from the inmate's mental health, as documented and referenced on the CDCR Form 115-MH. The term is aggravated based on the S's prior disciplinary history which includes acts of misconduct of the same or similar nature, within the last five calendar years. Specifically, RVR dated 6/17/2019 for "Battery on a Peace Officer." Based on the nature of the offense, the RVR has been referred to the District Attorney's office for criminal prosecution consideration.

A future UCC/ICC will need to address D2 time for the time spent in segregated housing, if S is found guilty of the aforementioned pending RVR's which resulted in his continued ASU placement. COR will retain responsibility for the adjudication of both RVR's.

ICC reviewed S's case for an Administrative SHU term upon expiration of MERD, based on "S's" disciplinary history. "S" has nine (9) SHU terms within the past 5 years. Specifically, RVR dated 7/16/2014 for Attempted Murder of Inmate, RVR's dated 3/21/2016, 6/21/2016 (X2), 9/6/2016, 9/23/2016, and 6/17/2019 for Battery on a Peace Officer, RVR dated 6/1/2016 for Possession of a Deadly Weapon, and RVR dated 7/8/2016 for Battery Causing Serious Injury. Today's ICC elects NOT to refer the case to the DRB for approval for an Administrative SHU Term. ICC elects to retain COR SHU with an Active MERD of 3/12/2020 pending CSR review and transfer. Refer to CSR with a recommendation for transfer to SATF-IV (180) GP with an alternate of SVSP-IV (180) GP (Facility C only, due to enemy concerns on Facility B), upon completion of Projected MERD 3/14/2020. Per email conversation with SVSP C&PR's Office, Facility B & C do not intermingle. ICC notes "S" is requesting a transfer to KVSP-IV (180) GP with an alternate of SATF-IV (180) GP, to promote family ties. During pre-committee conference, S stated his grandmother passed away recently and therefore requesting to be transferred to an institution closer to Southern California, so he can be close to family. ICC notes an active Staff Separation Alert at KVSP. Continue Custody at MAX/S. Continue WG/PG D2D effective 6/17/2019 through 11/13/2019; D1D effective 11/14/2019 thereafter. Continue S/C (VIO) & W/A YARD.

PSYCH: CCCMS, TABE: 9.4. S/A: J. Pasion, CCII(A).

"S's" classification score was reviewed and increased by 28 points, resulting in a Placement Score of 456-Level IV. S's next Annual Review is scheduled on/about 7/14/2020.

180/270 design criteria: S is eligible for transfer to an appropriate Level-IV institution. 180/270 design criteria was reviewed. 180 design housing is appropriate due to S being released from a SHU term and pending Division A-1 offense. Per 3375.1, S is excluded from a 270 design for three years from the date of MERD.

The committee recommendation is just that, a recommendation, and due to departmental need at the time, the CSR may elect to transfer to a location neither requested by the inmate nor recommended by the committee. Transfer recommendation is based on S's personal preferences.

PREA: "S" was interviewed during pre-committee case conference and asked if S had any new, relevant information related to PREA which has come to light since S' intake interview. S stated that he did not.

BPH: CON NLT 5/7/2027.

STG: None noted.

CELL REVIEW: S has a history of in-cell predatory/assaultive behavior towards cellmates. Specifically, RVR dated 10/22/2009 for Fighting, 10/31/2009 for Battery with SBI, and 7/16/2014 for Attempted Murder. Committee elects to continue S on SINGLE CELL. "S" does not meet the departmental D/C criteria. "S" has an Integrated Housing Code (IHC) of RE and remains appropriate.

YARD REVIEW: Committee elects to continue "S" on the Walk Alone yard due to the unavailability of a compatible group yard.

MEDICAL STATUS: "S" is designated Full Duty and Medium Risk Medical per SOMS MCC dated 8/22/2019. DDP: NCF, DPP: N/A.

EFFECTIVE COMMUNICATION: During pre-committee case conference, Effective communication was established by speaking slowly and using simple English. "S" reiterated committee's recommendation in his own words and stated he understood. J. Pasion, CCII(A) was assigned as Staff Assistant due to "S'" being a participant in the MHSDS at the CCCMS level of care. It is noted staff assistant met with "S" 24 hours prior to ICC.

ESCORT: 2 ON 1 Escort while housed in ASU/SHU setting.

ADDITIONAL COMMITTEE MEMBERS:
K. Silva, Mental Health

**RECORDER**

| E. Cantu | 10/30/2019 |
|---|---|
| | Date |

**CHAIRPERSON**

| R. Juarez | 10/30/2019 |
|---|---|
| | Date |