# Exhibit A

PELICAN BAY
G.P. UNIT A-2

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

P92-7

Side 1

1303013

F18039

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |

PBSP S-13-02291 9/16

PELICAN BAY

**FOR STAFF USE ONLY**

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.          WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): Lipsey Chris | CDC Number: F-18039 | Unit/Cell Number: A-2 223 | Assignment: Ad-Seg |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):
Deprivation of Sleep

Pelican Bay State Prison
JUL 3 1 2013
Appeals Office

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): I've been having problems getting the proper amount of sleep, because of this new device thats standard in all cdcr Ad-segs now. Indeed the device can be taken off audio, however there is still a clicking that causes.

B. Action requested (If you need more space, use Section B of the CDCR 602-A): To be placed in a building without the devices that wakes me up every 15 minutes JUL 26 2013

NO SEE STAFF 6-of-8 RECEIVED
INMATE APPEALS BRANCH

Supporting Documents: Refer to CCR 3084.3.
☑ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):
CDCR22 Exhausting Remedies
Second level review response added 8-5-13

☐ No, I have not attached any supporting documents. Reason:

| Inmate/Parolee Signature: Chris Lipsey | Date Submitted: 7-30-13 |

☐ By placing my initials in this box, I waive my right to receive an interview.

C. First Level - Staff Use Only                           Staff – Check One:  Is CDCR 602-A Attached? ☑ Yes  ☐ No
This appeal has been:
☑ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter) Date: _____
☐ Accepted at the First Level of Review.
  Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

**BYPASS**

First Level Responder: Complete a First Level response. Include interviewer's name, title, interview date, location, and complete the section below.
      Date of Interview: _____ Interview Location: _____
Your appeal issue is: ☐ Granted  ☐ Granted in Part  ☑ Denied  ☐ Other: _____
      See attached letter. If dissatisfied with First Level response, complete Section D.
Interviewer: _____ Title: _____ Signature: _____ Date completed: _____
            (Print Name)
Reviewer: _____ Title: _____ Signature: _____
          (Print Name)
Date received by AC: _____

| | AC Use Only |
| | Date mailed/delivered to appellant ___ / ___ / ___ |

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)

Case 2:90-cv-00520-KJM-SCR    Document 6462-7    Filed 02/14/20    Page 3 of 9

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

**D. If you are dissatisfied with the First Level response,** explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response.   If you need more space, use Section D of the CDCR 602-A.

_BYPASS_

Inmate/Parolee Signature: _____    Date Submitted : _____

**E. Second Level - Staff Use Only**                Staff – Check One:  Is CDCR 602-A Attached?  ☒ Yes  ☐ No

This appeal has been:
☐ By-passed at Second Level of Review.  Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)
☒ Accepted at the Second Level of Review

Assigned to: _____Appeals_____  Title: _____  Date Assigned: _7/31/13_  Date Due: _9/11/13_

Second Level Responder:  Complete a Second Level response.  If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: _8/27/13_                Interview Location: _ASU_

Your appeal issue is:  ☐ Granted  ☐ Granted in Part  ☒ Denied  ☐ Other: _____
See attached letter.  If dissatisfied with Second Level response, complete Section F below.

Interviewer: _____  Title: _CCII_  Signature: _____  Date completed _9/3/13_
(Print Name)

Reviewer: _____  Title: _CDW_  Signature: _____
(Print Name)

Date received by AC: **SEP 0 4 2013**

| AC Use Only |
Date mailed/delivered to appellant **SEP 0 4 2013**

**F.  If you are dissatisfied with the Second Level response,** explain reason below; attach supporting documents and submit by mail for Third Level Review.  It must be received within 30 calendar days of receipt of prior response.  Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001.  If you need more space, use Section F of the CDCR 602-A.

I contend the argument of me not providing proof of sleep deprivation could be proved by medical request of complaints on headaches which come from lack of sleep as well as my psychologist if necessary. However the cruel & unusual punishment comes by having a device that is being complained about by numerous inmates in ASU of depriving

Inmate/Parolee Signature: _Chris Lipsey_                Date Submitted: _8-5-13_

**G. Third Level - Staff Use Only**
This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____  Date: _____  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)  Date: _____
☒ Accepted at the Third Level of Review.  Your appeal issue is  ☐ Granted  ☐ Granted in Part  ☒ Denied  ☐ Other: _____
See attached Third Level response.

| Third Level Use Only |
Date mailed/delivered to appellant ___/___/___  **OCT 1 6 2013**

**H. Request to Withdraw Appeal:**  I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____

_____

Inmate/Parolee Signature: _____    Date: _____

Print Staff Name: _____  Title: _____  Signature: _____  Date: _____

DEPARTMENT OF CORRECTIONS AND REHABILITATION

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR 602-A (08/09)

PELICAN BAY
G.P. UNIT A-2

Pg-3-7

Side 1

IAB USE ONLY

#130 3013

Institution/Parole Region:   Log #:   Category:

PBSP   S-13-02291

FOR STAFF USE ONLY

Attach this form to the CDCR 602, only if more space is needed.  Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.

PELICAN BAY
G.P. UNIT A-2

WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): Lipsey Chris | CDC Number: F-18039 | Unit/Cell Number: A-2 223 | Assignment: Ad-Seg |

**A.  Continuation of CDCR 602, Section A only (Explain your issue):** Me to get up when the metal from the device touchs the metal button thats in a hollow metal piece of the wall directly attached to the cell im in. I already have paranoia problems that keeps me on edge, now this included is surely to cause less sleep which results to more depression, stress and anger. The device is more of a health hazard than should be taken as durable for any amount of time. Not finding an immediate subsitute for security checks or whatever its for is pure cruelty. Im sure im not the only one complaining, however if so; not taken action at placing me in a building without the need to continue 15 minute check up as if this is a suicide watch facility will be considered a deliberate indifference. JUL 26 2013

Pelican Bay State Prison

JUL 01 2013

Appeals Office

Inmate/Parolee Signature: Chris Lipsey
7-30-13                                          Date Submitted:

**B.  Continuation of CDCR 602, Section B only (Action requested):** JUL 2 6 2013

Inmate/Parolee Signature: _____     Date Submitted: _____

**D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response):** _____

_____

_____

_____

_____

_____

_____

_____

BYPASS

_____

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____    Date Submitted: _____

**F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response):** their sleep and is required to go through this long appeal process which would cause an undescribable amount of undue hardship before a remedy. Also I argue there shouldn't be a requirement for officers to have to do welfare checks every 15 minutes not 30 which the reviewing staff member of second level stated. This argument is based on to key reasons. One is ASU is for segregated inmates & those who needs to be watched so closely as to require 15 minute check ups shouldn't be in ASU but a more appropriate facility for matters which the device was installed for. Second is the co's are here to see to the security & safety of the inmates, so to ask officers to watch over us and give them a device to ensure they do so shows lack of trust then they'll do their job. That being said the only thing the device is useful for is to have a justification if someone does hurt themselves and documentation of who watch it happened under therefore showing whos fault it was. The device is only an asset to CDCR and a deliberate indifference to inmates and should be remade to prevent any sound if continued, but stopped until then.

Inmate/Parolee Signature: Chris Gipsey    Date Submitted: 8-5-13

Case 3:14-cv-02767-VC Document 34 Filed 12/30/14 Page 15 of 23
Case 2:90-cv-00520-KJM-SCR Document 462-7 Filed 02/14/20 Page 6 of 9
Pg 4-9

# PELICAN BAY STATE PRISON
## SECOND LEVEL REVIEW

DATE: SEP 0 4 2013

Inmate: LIPSEY F18039
Pelican Bay State Prison
Facility A, Administrative Segregation
Building 2, Cell 223

RE: WARDEN'S LEVEL DECISION
    APPEAL LOG NO. PBSP-S-13-02291

APPEAL: DENIED
ISSUE: LIVING CONDITIONS

This matter was reviewed by C. E. Ducart, Chief Deputy Warden, at Pelican Bay State Prison (PBSP). On August 27, 2013, Correctional Counselor II, A. Bond conducted an interview at the Second Level of Review.

## ISSUES

The Appellant contends that the newly implemented Administrative Segregation Welfare Check system recently installed is disrupting his sleep when used every 30 minutes. The Appellant contends that this constitutes cruel and unusual punishment under the 8th Amendment (torture/sleep deprivation, deliberate indifference). He is requesting to be placed in a building without the devices.

## EFFECTIVE COMMUNICATION

The interview for this appeal was completed at the Second Level of review. The attached Appeals Effective Communication Form contains information relative to accommodations that may have been utilized to ensure effective communication following a review of the Disability Effective Communication System.

## FINDINGS

### I

The Appellant contends that the newly implemented Administrative Segregation Welfare Check system recently installed is disrupting his sleep when used every 30 minutes. The Appellant contends that this constitutes cruel and unusual punishment under the 8th Amendment (torture/sleep deprivation, deliberate indifference).

### II

The Memorandum titled "**Revised Administrative Segregation Unit Welfare Check Procedure and Implementation of Security Inspections in Specialized Housing**" dated May 28, 2013 was reviewed at the Second Level. This memorandum directs staff to conduct a "Welfare Check" (personal

Supplement Page 2   Case 3:14-cv-02767-VC   Document 34   Filed 12/30/14   Page 16 of 23
LIPSEY EJ8039
Appeal # PBSP-S-13-0229 2:90-cv-00520-KJM-SCR   Document 6462-7   Filed 02/14/20   Page 7 of 9
Pg 5

observation) every 30 minutes.  The Welfare Checks are not conducted to the standard of counts; "live breathing flesh" is not required to be observed.  However, Officers are to check for self-injurious or life-threatening behavior.

## II

The welfare checks are performed in ASU using a device that beeps when scanned.  During the interview, the Appellant is contending that the wands need to be silenced and the metal on metal contact needs to be stopped.  He wants to be sent to another building without the devices.

## DETERMINATION OF ISSUE

The CCR, Title 15, Section 3270, General Policy, states, in part, *"The requirement of custodial security and of staff, inmate and public safety must take precedence over all other considerations in the operation of all the programs and activities of the institutions of the department."*

**May 28, 2013 Memorandum titled "Revised Administrative Segregation Unit Welfare Check Procedure and Implementation of Security Inspections in Specialized Housing"** states in part: *Custody staff assigned to Security Housing Units (SHU), ASU, and Psychiatric Services Units (PSU) on First Second and Third Watch shall complete security/custody rounds at least every 30 minutes to ensure all inmates are accounted for and within their assigned housing units.*

The Department has the obligation to provide a safe and secure environment for staff and inmates.  The Warden also has the responsibility to establish and implement safety and security procedures for the safe operation of the Institution. The directions given in the memorandum are in the safety interest of the inmates in general and are specifically targeted to those held in isolation units.  **Safety and security procedures are not determined by the opinions of inmates**.  The devices were installed and are now being utilized at the direction of the Director for the purpose of ensuring the safety and security of the inmates and staff in ASU.  While a reasonable argument, the Appellant provide no proof of sleep deprivation; no documentation of medical visits, requests for medical relief or requests for psychological relief that indicate this security change is any more disruptive than the required counts that require "live breathing flesh".

A thorough review of this matter was conducted at the Second Level of Review.  The inmate's request to be sent to a building without the devices is **DENIED,** as current policy and procedure spelled out in the Memorandum **"Revised Administrative Segregation Unit Welfare Check Procedure and Implementation of Security Inspections in Specialized Housing"** is clear and designed in the interest of the safety and security of the inmate population. The devices are installed in every ASU unit and that is the current custody level and designation of the Appellant at the time of this appeal.

This appeal is **DENIED** at the Second Level of review in its entirety.

## MODIFICATION ORDER

No modification of this decision or action taken is required.

C. E. Ducart
Chief Deputy Warden

ADB          Date: 08/29/13

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
OFFICE OF APPEALS
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# THIRD LEVEL APPEAL DECISION

Date: **OCT 1 6 2013**

In re:   Christopher Lipsey, F18039
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

TLR Case No.: 1303013          Local Log No.: PBSP-13-02291

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner J. Benavidez. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position that the Pelican Bay State Prison (PBSP) is subjecting him to inappropriate living conditions due to the newly implemented Guard 1 System. The appellant states it makes a sound that is causing him to be sleep deprived. The appellant alleges that this constitutes cruel and unusual punishment. The appellant requests to be placed in a building that does not have the Guard 1 System installed. The appellant contends that the device is causing him to lose sleep; therefore, the effects are contributing to paranoia, depression, stress and anger.

**II   SECOND LEVEL'S DECISION:** The Second Level of Review (SLR) found that an appeal inquiry was conducted into the appellant's complaint pursuant to departmental policy. The inquiry revealed that the appellant did not provide any compelling evidence supporting his appeal claim. The SLR advised the appellant that the Guard 1 System is installed to conduct Welfare Checks ensuring inmates are not subjecting themselves to self injurious or life threatening behavior. The SLR advised the appellant due to his current custody level of Maximum Custody which requires segregated program housing units, his request to move to another building is denied. The Guard 1 system has been installed in all Administrative Segregation Unit's. The SLR denied the appeal.

**III   THIRD LEVEL DECISION:** Appeal is denied.

**A.   FINDINGS:** Upon review of the documentation submitted, the Third Level of Review (TLR) has determined that the appellant's grievance has been appropriately reviewed and evaluated by the institution. The TLR notes that the California Penal Code Section 5058 authorizes the Secretary of CDCR to prescribe and amend rules and regulations within the CDCR. Pursuant to California Code of Regulations, Title 15 (CCR) 3001, and regardless of commitment circumstances, every person confined in facilities of the Department is subject to the rules and regulations of the Secretary, and to the procedures established by the warden. On May 28, 2013, a memorandum entitled "Revised Administrative Segregation Unit Welfare Check Procedure and Implementation of Security Inspections in Specialized Housing," authored by Kathleen Dickinson, Director of Division of Adult Institutions, was issued. The memorandum clarified custody staff to conduct Welfare Checks to limit the opportunity an inmate has to commit acts of self harm. Subsequently, to improve the process for accountability and to ensure the safety of inmates segregated from the general population the Guard 1 system was installed. Pursuant to the CCR 3341(a) which states, "In keeping with the special purpose of a segregated housing unit, and with the degree of security, control and supervision required to serve that purpose, the physical facilities of special purpose segregated housing will approximate those of the general population." The TLR finds that the appellant has failed to present any evidence that the PBSP is subjecting him to unhealthy living conditions.

The TLR acknowledges the appellant's concerns relative to the Guard 1 system; however, the CDCR intention is to ensure the inmates' safety although it may not meet the appellant's expectations. Therefore, there shall be no relief afforded to the appellant at the TLR.

CHRISTOPHER LIPSEY, F18039
CASE NO. 1303013
PAGE 2

**B.  BASIS FOR THE DECISION:**
California Penal Code Section: 5058
CCR: 3000, 3001, 3270, 3335, 3343, 3350, 3380
Director of Division of Adult Institutions, May 28, 2013 Memorandum:     REVISED
ADMINISTRATIVE   SEGREGATION   UNIT   WELFARE   CHECK   PROCEDURE   AND
IMPLEMENTATION OF SECURITY INSPECTIONS IN SPECIALIZED HOUSING

**C.  ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.


J. BENAVIDEZ, Appeals Examiner
Office of Appeals

J. D. LOZANO, Chief
Office of Appeals

cc:     Warden, PBSP
        Appeals Coordinator, PBSP