REICHMAN JORGENSEN LLP
SHAWNA BALLARD, State Bar No. 155188
KATE FALKENSTIEN, State Bar No. 313753
   100 Marine Parkway, Suite 300
   Redwood Shores, CA 94065
   Telephone: (650) 623-1401
   Fax: (650) 623-1449
   Email: sballard@reichmanjorgensen.com
            kfalkenstien@reichmanjorgensen.com

*Attorneys for Plaintiff-Intervenor Christopher Lipsey*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                                  Plaintiff,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>                                  Defendants. | Case No. CIV S-90-0520 KJM DB P<br><br>**DECLARATION OF KATE FALKENSTIEN IN SUPPORT OF PLAINTIFF-INTERVENOR'S MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Judge:            Hon. Kimberly Mueller<br>Action Filed:  April 23, 1990 |

I, Kate Falkenstien, hereby declare as follows:

1. I am an attorney with Reichman Jorgensen LLP, counsel for Plaintiff-Intervenor Christopher Lipsey in this matter. I am admitted to the California bar. I have personal knowledge of the matters set forth herein. If called upon to testify, I could and would testify competently hereto.

2. This Declaration is submitted in support of Lipsey's Motion for a Temporary Restraining Order.

3. I also represent Plaintiff Jorge Rico in the related case *Rico v. Beard*, No. 2:17-cv-1402-KJM-DB-P (E.D. Cal.). Mr. Rico gave me permission to use Dr. Rafael Pelayo's evaluation of Mr. Rico in support of Mr. Lipsey's claims.

4. I also represent Plaintiff Maher Suarez in the related case *Suarez v. Beard*, No. 2:18-cv-00340-KJM-DB. The protective order in that case allows the use of produced documents in related cases in which I represent the plaintiffs. *See* Stipulated Pretrial Protective Order, Dkt. 83, *Suarez v. Beard*, No. 2:18-cv-00340-KJM-DB (E.D. Cal. Mar. 14, 2019), at ¶¶ 2.18, 7.1.

5. I also represent Plaintiff Christopher Lipsey in the related case *Lipsey v. Norum*, No. 2:18-cv-00362-KJM-DB. The protective order in that case allows the use of produced documents in related cases in which I represent the plaintiffs. *See* Stipulated Pretrial Protective Order, Dkt. 175, *Lipsey v. Norum*, No. 2:18-cv-00362-KJM-DB (E.D. Cal. Mar. 5, 2019), at ¶¶ 2.18, 7.1.

6. When Mr. Lipsey is incarcerated in a SHU or ASU, he is not allowed to call me on the phone and we can communicate only by letter. It takes several weeks for him to receive a letter from me and mail back a response. This process slows down the preparation of his legal filings.

7. In order to give notice to counsel for plaintiffs and defendants, I first contacted the attorney who signed each party's brief in opposition to Mr. Lipsey's Motion to Intervene: Alexander Gourse for the plaintiffs and Kyle Lewis for the defendants.

8. I called Mr. Gourse on February 12, 2020. We spoke, and I informed him that I intended to file this motion and asked if plaintiffs would stipulate. Mr. Gourse said he would need to speak to the other attorneys on the case, but thought it was unlikely plaintiffs would stipulate. He said he would call me back to give a final answer on the stipulation.

9. On February 14, 2020, I had not heard back from Mr. Gourse about the stipulation. I sent a follow-up email, cc'ing each lawyer who appeared on the cover page of plaintiffs' brief in opposition to Mr. Lipsey's intervention. I informed the lawyers that I intended to file my motion sometime after noon on February 14, and would assume that they did not agree to stipulate if I had not heard back.

10. Mr. Gourse and Mr. Michael Bien responded to my February 14, 2020 email. Mr. Bien told me that plaintiffs "can't Stipulate to a TRO that will benefit" Mr. Lipsey and would "not take any position on" the motion. Exhibit N to this Declaration is a true and correct copy of Mr. Bien's email.

11. I also called Mr. Lewis, counsel for defendants, on February 12, 2020, but was not able to reach him. I left him a voicemail and sent him an email, informing him that I intended to file this motion, asking if defendants would stipulate, and asking him to call me back to confer.

12. On February 14, 2020, I had not heard back from Mr. Lewis. I sent a follow-up email, cc'ing each lawyer who appeared on the cover page of defendants' brief in opposition to Mr. Lipsey's intervention. I informed the lawyers that I intended to file my motion sometime after noon on February 14, and would assume that they did not agree to stipulate if I had not heard back.

13. No lawyer from the defendants' legal team responded to my February 12, 2020 or February 14, 2020 emails or my February 12, 2020 voicemail.

14. Exhibit A to this Declaration is a true and correct copy of the webpage called "Product Information: The PIPE II," saved from the URL https://www.guard1.com/Resources/Product-Literature/PipeIISpecSheet.pdf on February 11, 2020.

15. Exhibit B to this Declaration is a true and correct copy of the webpage called "*Checkpoints and Accessories*," saved from the URL https://www.guard1.com/Products/Equipment/Checkpoints.aspx#Touch-Memory-Buttons on February 11, 2020.

16. Exhibit C to this Declaration is a true and correct copy of the webpage called "The Pipe," saved from the URL https://www.guard1.com/Products/Equipment/The-PIPE.aspx on February 11, 2020.

17. Exhibit D to this Declaration is a true and correct copy of the article titled "As Long As Solitary Exists They Will Find a Way to Use It," written by Victoria Law and published in The Nation on July 13, 2018. This exhibit was saved from the URL https://www.thenation.com/article/long-solitary-exists-will-find-way-use/ on February 11, 2020.

18. Exhibit E to this Declaration is a true and correct copy of the webpage called "Guarded Tour System," saved from the URL https://trackforce.com/solutions/security-guard-tour-system/ on February 11, 2020.

19. Exhibit F to this Declaration is a true and correct copy of the webpage called "Guard Tour System," saved from the URL www.kugadi.com on February 11, 2020.

20. Exhibit G to this Declaration is a true and correct copy of the webpage called "Features," saved from the URL www.qrpatrol.com/features on February 11, 2020.

21. Exhibit H to this Declaration is a true and correct copy of the document produced by the Defendants in *Suarez v. Beard*, Case No. 2:18-cv-00340-KJM-DB, bearing Bates number AGO003092-93.

22. Exhibit I to this Declaration is a true and correct copy of Defendants' response to Mr. Lipsey's First Set of Requests for Admission in *Lipsey v. Norum*.

23. Exhibit J to this Declaration is a true and correct copy of the document produced by the Defendants in *Suarez v. Beard*, Case No. 2:18-cv-00340-KJM-DB, bearing Bates number AGO003274.

24. Exhibit K to this Declaration is a true and correct copy of the document titled "Aiming to Reduce Time-in-Cell" published by the Association of State Correctional Administrators on November 30, 2016. This exhibit was saved from the URL https://law.yale.edu/sites/default/files/area/center/liman/document/aimingtoreducetic.pdf on February 11, 2020.

25. Exhibit L to this Declaration is a true and correct copy of the article titled "Suicides in California Prisons Rise Despite Decades of Demands for Reform," written by Jason Fagone and Megan Cassidy and published in the San Francisco Chronicle on September 29, 2019. This exhibit was saved from the URL https://www.sfchronicle.com/bayarea/article/Suicides-in-California-prisons-rise-despite-14476023.php on February 11, 2020.

26. Exhibit M to this Declaration is a true and correct copy of the article titled "The Epidemiology and Prevention of Suicide by Hanging: A Systematic Review," written by David Gunnell, et al., and published in the International Journal of Epidemiology on January 19, 2005. This exhibit was saved from the URL https://academic.oup.com/ije/article/34/2/433/747066 on February 11, 2020.

27. Exhibit O to this Declaration is a true and correct copy of the article titled "Verkada Announces People Analytics to Simplify Investigations," written by Brandon Davito and published on the blog of Verkada on August 13, 2019. This exhibit was saved from the URL https://www.verkada.com/blog/introducing-people-analytics/ on February 14, 2020.

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct.

1 | Executed this 14th day of February, 2020, in East Palo Alto, California.

2 | /s/ Kate Falkenstien