# Exhibit I

XAVIER BECERRA, State Bar No. 118517
Attorney General of California
JAY C. RUSSELL, State Bar No. 122626
Supervising Deputy Attorney General
MARTINE N. D'AGOSTINO, State Bar No. 256777
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 510-3563
  Fax: (415) 703-5843
  E-mail: Martine.DAgostino@doj.ca.gov
*Attorneys for Defendants*
*Scott Kernan, Jeffrey A. Beard, Ph.D., Kathleen Allison, Kelly Harrington, G.D. Lewis, C. Ducart, D. Davey, R. Rackley, Michael Stainer and J. Gastelo*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CHRISTOPHER LIPSEY,<br><br>                Plaintiff,<br><br>v.<br><br>DR. NORUM, et al.,<br><br>                Defendants. | 2:18-CV-362-KJM DB<br><br>**DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**<br><br>Judge:      The Honorable Deborah Barnes<br>Trial Date:  None Set<br>Action Filed:  June 16, 2014 |

PROPOUNDING PARTY:    Plaintiff Christopher Lipsey

RESPONDING PARTY:    Defendants Scott Kernan, Jeffrey A. Beard, Ph.D., Kathleen Allison, Kelly Harrington, G.D. Lewis, C. Ducart, D. Davey, R. Rackley, Michael Stainer and J. Gastelo

SET:    One

## GENERAL OBJECTION

      Defendants object that Plaintiff propounded these requests for admission on all Defendants collectively, which violates the Federal Rules of Civil Procedure because requests for admission may be served only individually on "any other *party*." Fed. R. Civ. P. 36(a)(1) (emphasis added).

1

**SPECIFIC RESPONSES AND OBJECTIONS**

**REQUEST FOR ADMISSION NO. 1:**

Admit that Ralph Coleman was not in CDCR custody on February 3, 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Defendants object to this request as not relevant to any party's claim or defense and on the ground that it is disproportional to the needs of the case, considering the importance of the discovery in resolving the issues. Subject to and without waiving these objections, Defendants respond as follows: Deny.

**REQUEST FOR ADMISSION NO. 2:**

Admit that Winifred Williams was not in CDCR custody on February 3, 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Defendants object to this request as not relevant to any party's claim or defense and on the ground that it is disproportional to the needs of the case, considering the importance of the discovery in resolving the issues. Subject to and without waiving these objections, Defendants respond as follows: Admit.

**REQUEST FOR ADMISSION NO. 3:**

Admit that David Heroux was not in CDCR custody on February 3, 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Defendants object to this request as not relevant to any party's claim or defense and on the ground that it is disproportional to the needs of the case, considering the importance of the discovery in resolving the issues. Subject to and without waiving these objections, Defendants respond as follows: Admit.

**REQUEST FOR ADMISSION NO. 4:**

Admit that David McKay was not in CDCR custody on February 3, 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Defendants object to this request as not relevant to any party's claim or defense and on the ground that it is disproportional to the needs of the case, considering the importance of the discovery in resolving the issues. Subject to and without waiving these objections, Defendants

2

Defs.' Resp. to Pl.'s First Set of Req. for Admission (2:18-CV-362-KJM DB)

respond as follows: Admit.

**REQUEST FOR ADMISSION NO. 5:**

Admit that Roy Joseph was not in CDCR custody on February 3, 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Defendants object to this request as not relevant to any party's claim or defense and on the ground that it is disproportional to the needs of the case, considering the importance of the discovery in resolving the issues. Subject to and without waiving these objections, Defendants respond as follows: Admit.

**REQUEST FOR ADMISSION NO. 6:**

Admit that on or before February 3, 2015 none of the *Coleman* class representatives were ever housed in a unit where the Guard One system was thereafter used by CDCR.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Defendants object to this request as not relevant to any party's claim or defense and on the ground that it is disproportional to the needs of the case, considering the importance of the discovery in resolving the issues. Subject to and without waiving these objections, Defendants respond as follows: Admit.

**REQUEST FOR ADMISSION NO. 7:**

Admit that after February 3, 2015 none of the *Coleman* class representatives have ever been housed in a unit where the Guard One system was used by CDCR.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Defendants object to this request as not relevant to any party's claim or defense and on the ground that it is disproportional to the needs of the case, considering the importance of the discovery in resolving the issues. Subject to and without waiving these objections, Defendants respond as follows: Deny.

**REQUEST FOR ADMISSION NO. 8:**

Admit that none of the *Coleman* class representatives were housed in a unit that was the subject to a welfare check program during the period in which the implementation of the Guard One system was under consideration.

3

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Defendants object to this request as not relevant to any party's claim or defense and on the ground that it is disproportional to the needs of the case, considering the importance of the discovery in resolving the issues. Defendants further object that the terms "under consideration" and "welfare checks," are overbroad, vague, and ambiguous.

**REQUEST FOR ADMISSION NO. 9:**

Admit that the Guard One system is used to record welfare checks in CDCR facilities.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Defendants object to this request as not relevant to any party's claim or defense and on the ground that it is disproportional to the needs of the case, considering the importance of the discovery in resolving the issues. Defendants object that the terms "record" and "CDCR facilities" are overbroad, vague, and ambiguous.

**REQUEST FOR ADMISSION NO. 10:**

Admit that the Guard One system has been used to record welfare checks in the Pelican Bay Administrative Segregation Unit since May 2013.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Defendants object to this request as not relevant to any party's claim or defense and on the ground that it is disproportional to the needs of the case, considering the importance of the discovery in resolving the issues. Defendants object that the terms "record," "welfare checks," and "the Pelican Bay Administrative Segregation Unit" are overbroad, vague, and ambiguous.

**REQUEST FOR ADMISSION NO. 11:**

Admit that the Guard One system was being used to record welfare checks in the Pelican Bay Administrative Segregation Unit during the period from January 2014 until September 2014.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Defendants object to this request as not relevant to any party's claim or defense and on the ground that it is disproportional to the needs of the case, considering the importance of the discovery in resolving the issues. Defendants object that the terms "record," "welfare checks," and "the Pelican Bay Administrative Segregation Unit" are overbroad, vague, and ambiguous.

4

Defs.' Resp. to Pl.'s First Set of Req. for Admission (2:18-CV-362-KJM DB)

**REQUEST FOR ADMISSION NO. 12:**

Admit that the Guard One system was being used to record welfare checks in the Corcoran Security Housing Unit during the period from September 2014 until March 2016.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Defendants object to this request as not relevant to any party's claim or defense and on the ground that it is disproportional to the needs of the case, considering the importance of the discovery in resolving the issues. Defendants object that the terms "record," "welfare checks," and "the Corcoran Security Housing Unit" are overbroad, vague, and ambiguous.

**REQUEST FOR ADMISSION NO. 13:**

Admit that the Guard One system was being used to record welfare checks in the Corcoran Security Housing Unit during the period from September 2014 until March 2016.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Defendants object to this request as not relevant to any party's claim or defense and on the ground that it is disproportional to the needs of the case, considering the importance of the discovery in resolving the issues. Defendants object that the terms "record," "welfare checks," and "the Corcoran Security Housing Unit" are overbroad, vague, and ambiguous.

**REQUEST FOR ADMISSION NO. 14:**

Admit that the Guard One system was being used to record welfare checks in the Corcoran Psychiatric Services Unit during the period from March 2016 until August 2016.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Defendants object to this request as not relevant to any party's claim or defense and on the ground that it is disproportional to the needs of the case, considering the importance of the discovery in resolving the issues. Defendants object that the terms "record," "welfare checks," and "the Corcoran Psychiatric Services Unit" are overbroad, vague, and ambiguous.

**REQUEST FOR ADMISSION NO. 15:**

Admit that the Guard One system was being used to record welfare checks in the California Men's Colony Administrative Segregation Unit during the period from March 2016 until August 2016.

5

Defs.' Resp. to Pl.'s First Set of Req. for Admission (2:18-CV-362-KJM DB)

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Defendants object to this request as not relevant to any party's claim or defense and on the ground that it is disproportional to the needs of the case, considering the importance of the discovery in resolving the issues. Defendants object that the terms "record," "welfare checks," and "the California Men's Colony Administrative Segregation Unit" are overbroad, vague, and ambiguous.

**REQUEST FOR ADMISSION NO. 16:**

Admit that the Guard One system was being used to record welfare checks in the Folsom Psychiatric Services Unit during the period from August 2016 until March 2017.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Defendants object to this request as not relevant to any party's claim or defense and on the ground that it is disproportional to the needs of the case, considering the importance of the discovery in resolving the issues. Defendants object that the terms "record," "welfare checks," and "the Folsom Psychiatric Services Unit" are overbroad, vague, and ambiguous.

**REQUEST FOR ADMISSION NO. 17:**

Admit that the Guard One system was being used to record welfare checks in the Corcoran Security Housing Unit during the period from March 2017 to present.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Defendants object to this request as not relevant to any party's claim or defense and on the ground that it is disproportional to the needs of the case, considering the importance of the discovery in resolving the issues. Defendants object that the terms "record," "welfare checks," and "the Corcoran Security Housing Unit" are overbroad, vague, and ambiguous.

**REQUEST FOR ADMISSION NO. 18:**

Admit that Guard One buttons are located on every cell in units where the Guard One system is used.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Defendants object to this request as not relevant to any party's claim or defense and on the ground that it is disproportional to the needs of the case, considering the importance of the

6

Defs.' Resp. to Pl.'s First Set of Req. for Admission (2:18-CV-362-KJM DB)

1  discovery in resolving the issues. Defendants object to this request as overbroad, vague, and
2  ambiguous as to the terms "located on every cell" and "units."

**REQUEST FOR ADMISSION NO. 19:**

Admit that welfare checks are conducted using the Guard One system in all Security Housing Units run by the CDCR.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Defendants object to this request as not relevant to any party's claim or defense and on the ground that it is disproportional to the needs of the case, considering the importance of the discovery in resolving the issues. Defendants object that the terms "welfare checks," "the Guard One system," and "all Security Housing Units" are overbroad, vague, and ambiguous.

**REQUEST FOR ADMISSION NO. 20:**

Admit that welfare checks are conducted using the Guard One system in all Administrative Segregation Units run by the CDCR.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Defendants object to this request as not relevant to any party's claim or defense and on the ground that it is disproportional to the needs of the case, considering the importance of the discovery in resolving the issues. Defendants object that the terms "welfare checks" and "all Administrative Segregation Units" are overbroad, vague, and ambiguous.

**REQUEST FOR ADMISSION NO. 21:**

Admit that welfare checks are conducted using the Guard One system in all Psychiatric Services Units run by the CDCR.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Defendants object to this request as not relevant to any party's claim or defense and on the ground that it is disproportional to the needs of the case, considering the importance of the discovery in resolving the issues. Defendants object that the terms "welfare checks" and "all Psychiatric Services Units" are overbroad, vague, and ambiguous.

7

Defs.' Resp. to Pl.'s First Set of Req. for Admission (2:18-CV-362-KJM DB)

**REQUEST FOR ADMISSION NO. 22:**

Admit that welfare checks are conducted using the Guard One system in all Condemned Housing Units run by the CDCR.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Defendants object to this request as not relevant to any party's claim or defense and on the ground that it is disproportional to the needs of the case, considering the importance of the discovery in resolving the issues. Defendants object that the terms "welfare checks" and "all Condemned Housing Units" are overbroad, vague, and ambiguous.

**REQUEST FOR ADMISSION NO. 23:**

Admit that inmates can be assigned to an Administrative Segregation Unit for reasons other than misconduct.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Defendants object to this request as not relevant to any party's claim or defense and on the ground that it is disproportional to the needs of the case, considering the importance of the discovery in resolving the issues. Defendants object that the terms "reasons" and "misconduct" are vague and ambiguous.

**REQUEST FOR ADMISSION NO. 24:**

Admit that Exhibit A to Lipsey's Second Amended Complaint is a genuine copy of an Inmate Request for Interview Lipsey submitted.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Defendants object to this request as not relevant to any party's claim or defense and on the ground that it is disproportional to the needs of the case, considering the importance of the discovery in resolving the issues.

**REQUEST FOR ADMISSION NO. 25:**

Admit that Exhibit B to Lipsey's Second Amended Complaint is a genuine copy of an Inmate Request for Interview Lipsey submitted.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Defendants object to this request as not relevant to any party's claim or defense and on the

8

Defs.' Resp. to Pl.'s First Set of Req. for Admission (2:18-CV-362-KJM DB)

1 | ground that is disproportional to the needs of the case, considering the importance of the
2 | discovery in resolving the issues.

**REQUEST FOR ADMISSION NO. 26:**

Admit that Exhibit C to Lipsey's Second Amended Complaint is a genuine copy of an Inmate Request for Interview Lipsey submitted.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Defendants object to this request as not relevant to any party's claim or defense and on the ground that it is disproportional to the needs of the case, considering the importance of the discovery in resolving the issues.

**REQUEST FOR ADMISSION NO. 27:**

Admit that Exhibit D to Lipsey's Second Amended Complaint is a genuine copy of a Request for Interview, Item, or Service Form Lipsey delivered to CDCR staff.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Defendants object to this request as not relevant to any party's claim or defense and on the ground that it is disproportional to the needs of the case, considering the importance of the discovery in resolving the issues.

**REQUEST FOR ADMISSION NO. 28:**

Admit that Exhibit E to Lipsey's Second Amended Complaint is a genuine copy of an Inmate/Parolee Appeal Form Lipsey delivered to CDCR staff.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Defendants object to this request as not relevant to any party's claim or defense and on the ground that is disproportional to the needs of the case, considering the importance of the discovery in resolving the issues.

**REQUEST FOR ADMISSION NO. 29:**

Admit that Exhibit F to Lipsey's Second Amended Complaint is a genuine copy of a Warden's Level Decision delivered to Lipsey.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Defendants object to this request as not relevant to any party's claim or defense and on the

9

1 ground that it is disproportional to the needs of the case, considering the importance of the
2 discovery in resolving the issues.

**REQUEST FOR ADMISSION NO. 30:**

Admit that Defendant Ducart reviewed the Inmate/Parolee Form attached as Exhibit E to Lipsey's Second Amended Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Defendants object to this request as not relevant to any party's claim or defense and on the ground that it is disproportional to the needs of the case, considering the importance of the discovery in resolving the issues.

**REQUEST FOR ADMISSION NO. 31:**

Admit that Defendant Ducart signed the Warden's Level Review attached as Exhibit F to Lipsey's Second Amended Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Defendants object to this request as not relevant to any party's claim or defense and on the ground that it is disproportional to the needs of the case, considering the importance of the discovery in resolving the issues.

**REQUEST FOR ADMISSION NO. 32:**

Admit that Defendant Ducart wrote the Warden's Level Review attached as Exhibit F to Lipsey's Second Amended Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Defendants object to this request as not relevant to any party's claim or defense and on the ground that it is disproportional to the needs of the case, considering the importance of the discovery in resolving the issues.

**REQUEST FOR ADMISSION NO. 33:**

Admit that Exhibit G to Lipsey's Second Amended Complaint is a genuine copy of a Third Level Appeal Decision delivered to Lipsey.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Defendants object to this request as not relevant to any party's claim or defense and on the

10

Defs.' Resp. to Pl.'s First Set of Req. for Admission (2:18-CV-362-KJM DB)

1  ground that it is disproportional to the needs of the case, considering the importance of the
2  discovery in resolving the issues.
3  **REQUEST FOR ADMISSION NO. 34:**
4      Admit that Exhibit H to Lipsey's Second Amended Complaint is a genuine copy of a
5  memorandum sent to Pelican Bay Staff.
6  **RESPONSE TO REQUEST FOR ADMISSION NO. 34:**
7      Defendants object to this request as not relevant to any party's claim or defense and on the
8  ground that it is disproportional to the needs of the case, considering the importance of the
9  discovery in resolving the issues.
10 **REQUEST FOR ADMISSION NO. 35:**
11     Admit that Defendant Ducart wrote the memorandum attached as Exhibit H to Lipsey's
12 Second Amended Complaint.
13 **RESPONSE TO REQUEST FOR ADMISSION NO. 35:**
14     Defendants object to this request as not relevant to any party's claim or defense and on the
15 ground that it is disproportional to the needs of the case, considering the importance of the
16 discovery in resolving the issues.
17 **REQUEST FOR ADMISSION NO. 36:**
18     Admit that Defendant Ducart signed the memorandum attached as Exhibit H to Lipsey's
19 Second Amended Complaint.
20 **RESPONSE TO REQUEST FOR ADMISSION NO. 36:**
21     Defendants object to this request as not relevant to any party's claim or defense and on the
22 ground that it is disproportional to the needs of the case, considering the importance of the
23 discovery in resolving the issues.
24
25
26
27
28

11

Defs.' Resp. to Pl.'s First Set of Req. for Admission (2:18-CV-362-KJM DB)

| | | |
|---|---|---|
| 1 | Dated: December 21, 2018 | Respectfully submitted, |
| 2 | | XAVIER BECERRA<br>Attorney General of California |
| 3 | | JAY C. RUSSELL<br>Supervising Deputy Attorney General |
| 4 | | |
| 5 | | |
| 6 | | */s/ Martine N. D'Agostino*<br>MARTINE N. D'AGOSTINO<br>Deputy Attorney General |
| 7 | | *Attorneys for Defendants*<br>*Scott Kernan, Jeffrey A. Beard, Ph.D.,* |
| 8 | | *Kathleen Allison, Kelly Harrington, G.D.*<br>*Lewis, C. Ducart, D. Davey, R. Rackley,* |
| 9 | | *Michael Stainer and J. Gastelo* |
| 10 | SF2015400044<br>42090697.docx | |

12

Defs.' Resp. to Pl.'s First Set of Req. for Admission (2:18-CV-362-KJM DB)

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name:  **Lipsey v. Norum, et al.**
No.:        **2:18-CV-362-KJM DB**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On <u>December 21, 2018</u>, I served the attached

**DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**

by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Shawna L. Ballard
Stephanie M. Adams Ryan
Kate M. Falkenstien
Reichman Jorgensen LLP
303 Twin Dolphin Dr., Suite 600
Redwood Shores, CA 94065
*(Attorneys for Christopher Lipsey, #F-18039)*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on December 21, 2018, at San Francisco, California.

|                M. Luna                 |          *M. Luna*          |
| :-------------------------------------: | :-------------------------: |
|                Declarant                |          Signature          |

SF2015400044
42094905.docx