# Exhibit N

**From:** Kate Falkenstien
**Sent:** Friday, February 14, 2020 9:48 AM
**To:** Michael W. Bien
**Cc:** Alex Gourse; Cara Trapani; Marc Shinn-Krantz; Jessica Winter; nnunez@rbgg.com; Jenny Yelin; Lisa Ells; Thomas Nolan; Ernest Galvan; Jeffrey Bornstein; ccenter@aclu.org; mmendelson@prisonlaw.com; Donald Specter; Steve Fama
**Subject:** RE: Following up on Coleman TRO filing

Hi Michael,

Thank you for the response. I am aware that you are plaintiffs' class counsel; I have separately given notice to CDCR's counsel. They have not responded to me to agree to stipulate (or not). Thank you for informing me that you will not take a position on my motion.

If you are open to discussing how to address Mr. Lipsey's concerns, I would be happy to speak with you or any other member of your team at your convenience. Please suggest a time next week that we could talk.

Thank you,

Kate

Kate Falkenstien
Reichman Jorgensen LLP
(650) 623-1425

**From:** Michael W. Bien <MBien@rbgg.com>
**Sent:** Friday, February 14, 2020 9:44 AM
**To:** Kate Falkenstien <kfalkenstien@reichmanjorgensen.com>
**Cc:** Alex Gourse <AGourse@rbgg.com>; Cara Trapani <CTrapani@rbgg.com>; Marc Shinn-Krantz <MShinn-Krantz@rbgg.com>; Jessica Winter <JWinter@rbgg.com>; nnunez@rbgg.com; Jenny Yelin <JYelin@rbgg.com>; Lisa Ells <LElls@rbgg.com>; Thomas Nolan <TNolan@rbgg.com>; Ernest Galvan <EGalvan@rbgg.com>; Jeffrey Bornstein <JBornstein@rbgg.com>; ccenter@aclu.org; mmendelson@prisonlaw.com; Donald Specter <dspecter@prisonlaw.com>; Steve Fama <sfama@prisonlaw.com>
**Subject:** Re: Following up on Coleman TRO filing

[EXTERNAL]
Ms. Falkenstein

We are not counsel for CDCR. We represent the plaintiff class. We can't Stipulate to a TRO that will benefit your client.

Has CDCR counsel agreed to stipulate to the TRO?
We will not take any position on your motion.

We are, as you have been previously informed, ready and willing to assist you and your client as a class member, if he is experiencing harm, including from custodial officer rounding. The rounding, if performed properly, should not disrupt sleep. Guard One is not supposed to be set to make noise or "beep" at night.

1

Michael Bien

Sent from my iPad

On Feb 14, 2020, at 11:15 AM, Kate Falkenstien <kfalkenstien@reichmanjorgensen.com> wrote:

Hi Alexander,

I apologize for including so many people on this email chain, but I added everyone who appeared on Mr. Lipsey's intervention brief in order to ensure proper notice.

I'm writing to follow up on our conversation Wednesday.  As I mentioned Wednesday, I intend to file a TRO on behalf of Mr. Christopher Lipsey, the intervenor in the Coleman case, seeking a reduction in the frequency of the welfare checks to once an hour and the adoption of a different mechanism other than Guard One to log the checks (in order to reduce the noise).  As required by the court's rules, I asked you on Wednesday if you'd be willing to stipulate.  You told me that you would probably not be able to stipulate to my request, but that you would discuss with your team and get back to me yesterday.

I completely understand that you likely do not agree to the relief I am seeking, but I need to move forward.  If I have not heard from you by noon, I will assume that you do not agree to stipulate and I will move forward with filing the TRO.

Best,

Kate

Kate Falkenstien
**Reichman Jorgensen LLP**
100 Marine Parkway
Suite 300
Redwood Shores, California 94065
(650) 623-1425

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.