DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

CLAUDIA CENTER – 158255
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION DISABILITY RIGHTS
PROGRAM
39 Drumm Street
San Francisco, California 94111-4805
Telephone: (415) 343-0762

MICHAEL W. BIEN – 096891
JEFFREY L. BORNSTEIN – 099358
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LISA ELLS – 243657
JENNY S. YELIN – 273601
MICHAEL S. NUNEZ – 280535
JESSICA WINTER – 294237
MARC J. SHINN-KRANTZ – 312968
CARA E. TRAPANI – 313411
ALEXANDER GOURSE – 321631
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br>    Plaintiffs, <br><br>    v. <br><br> GAVIN NEWSOM, et al., <br><br>    Defendants. | Case No. 2:90-CV-00520-KJM-DB <br><br> **NOTICE OF MODIFIED PROTECTIVE ORDER FILED IN** *PLATA V. NEWSOM* <br><br> Judge: Hon. Kimberly J. Mueller |

On January 7, 2020, the Court ordered the parties to present a proposed stipulation and protective order to facilitate information sharing between the *Coleman* and *Plata*[1] classes. ECF No. 6441 at 3. This filing is to notify the Court that on February 13, 2020, counsel in *Plata* filed a stipulation and proposed order to modify the protective order in that matter to permit confidential material received in *Plata* to be shared with and used in connection with *Coleman*. The *Plata* Court adopted the parties' proposed modified protective order on February 14, 2020. For the Court's reference, a true and correct copy of the *Plata* modified protective order is attached hereto as **Exhibit A**.

## CERTIFICATION

The undersigned counsel for Plaintiffs certifies that they have reviewed the following relevant court orders: ECF No. 6441 (Jan. 7, 2020).

DATED: February 14, 2020            Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: *Cara E. Trapani*
    Cara E. Trapani

Attorneys for Plaintiffs

---

[1] *Plata, et al. v. Newsom, et al.*, No. 4:01-01351-JST, currently pending in the United States District Court for the Northern District of California.

# Exhibit A

| | |
|---|---|
| XAVIER BECERRA<br>Attorney General of California<br>DAMON MCCLAIN - SBN 209508<br>Supervising Deputy Attorney General<br>NASSTARAN RUHPARWAR - 263293<br>Deputy Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-7004<br>Telephone: (415) 703-5500<br>Facsimile: (415) 703-3035<br>Damon.McClain@doj.ca.gov<br><br>HANSON BRIDGETT LLP<br>PAUL B. MELLO - 179755<br>SAMANTHA D. WOLFF - 240280<br>425 Market Street, 26th Floor<br>San Francisco, California 94105<br>Telephone: (415) 777-3200<br>Facsimile: (415) 541-9366<br>pmello@hansonbridgett.com<br><br>Attorneys for Defendants | PRISON LAW OFFICE<br>DONALD SPECTER (83925)<br>STEVEN FAMA (99641)<br>ALISON HARDY (135966)<br>SARA NORMAN (189536)<br>SOPHIE HART (321663)<br>1917 Fifth Street<br>Berkeley, California 94710<br>Telephone: (510) 280-2621<br>Fax: (510) 280-2704<br>dspecter@prisonlaw.com<br><br>Attorneys for Plaintiffs |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| MARCIANO PLATA, et al.,<br><br>      Plaintiffs,<br><br>  v.<br><br>GAVIN NEWSOM, et al.,<br><br>      Defendants. | CASE No. 01-1351 JST<br><br>**STIPULATION AND [PROPOSED]<br>ORDER SUPERSEDING THE<br>STIPULATED PROTECTIVE ORDER<br>FILED APRIL 3, 2003** |

On January 7, 2020, the Court in *Coleman v. Newsom, et al.*, Case No. 2:90-cv-00520-KJM-DB (E.D. Cal.) (*Coleman*) ordered the parties in *Coleman* to present to the Court a proposed stipulation and order for the sharing of confidential information produced in *Plata* and *Coleman* between the two cases. (Order 3, ECF No. 6441.) Accordingly, the parties in *Plata* hereby stipulate to this protective order that will provide for the sharing of confidential information produced through informal or formal discovery in *Plata* and will maintain the confidentiality of any records or information that might be provided by the parties or the Receiver in *Plata* to the parties and the Court or the Special Master in *Coleman*. Additionally, the parties in *Coleman* agree to be bound by the terms of this stipulated order. If the Court adopts this stipulated protective order, it will supersede the previous stipulated protective order filed on April 3, 2003.

IT IS ORDERED that the following provisions shall apply to all Department of Corrections and Rehabilitation ("CDCR") records that identify any incarcerated person or parolee ("personal information") or that are designated by defendants as threatening prison safety or security if disclosed without protective conditions ("security information"), and which are produced by defendants in informal or formal discovery in this action:

1. All such personal or security information produced by defendants in discovery in this action shall be regarded as confidential and subject to the Protective Order. Such material is hereinafter referred to as "confidential material."

2. Confidential material may be disclosed only to the following persons:

   a. Counsel of record in this case and in *Coleman*;

   b. The *Coleman* Special Master, his experts, monitors, consultants, paralegals, secretaries, clerical personnel or other members of his staff employed or retained to aid him in the performance of his duties in this matter;

   c. Paralegal, clerical and other personnel regularly employed by counsel of record in this case and in *Coleman*;

   d. Court personnel and stenographic reporters engaged in such

proceedings as are incidental to proceedings in this action or in *Coleman*;

  e. Any outside expert or consultant retained by either party or the Court for purposes of this action or for the purposes of *Coleman*; and

  f. Witnesses to whom the confidential material may be disclosed during a deposition taken in this matter or in *Coleman* provided that the witnesses may not leave any deposition with any copies of any of the confidential material, and shall be informed of and agree to be bound by the terms of the Order.

3. Each person described in paragraph 2(e) and (f), above, to whom disclosure of confidential material is made shall, prior to the time of disclosure, be provided by the person furnishing such confidential material a copy of this Order, and shall agree on the record or in writing that they have read the Order, understand it, and agree to be bound by its provisions. Such persons must also consent to be subject to the jurisdiction of the United States District Court for the Northern District of California with respect to any proceeding relating to the enforcement of the Order, including, without limitation, any proceeding for contempt.

4. At the conclusion of this action, all confidential material, including all copies, will be destroyed or returned to the defendants as directed by defendants' counsel.

5. All confidential material shall be used solely in connection with the above-captioned action and *Coleman* and not for any other purpose, including other litigation, without agreement between the parties and order of the Court, except that personal information may be used without limitations with the consent of the incarcerated person or parolee concerned.

6. Without written permission from all parties, a party may not file in the public record in this action any confidential material. A party that seeks to file under seal any confidential material must comply with Civil Local Rule 79-5. Confidential material may

-3- Case No. 01-1351 JST

STIP AND ORDER SUPERSEDING APRIL 3, 2003 PROTECTIVE ORDER

1  only be filed under seal pursuant to a court order authorizing the sealing of the specific
2  material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a
3  request establishing that the material at issue is privileged, protectable as a trade secret, or
4  otherwise entitled to protection under the law. If a party's request to file material under
5  seal pursuant to Civil Local Rule 79-5(d) is denied by the Court, then the party may file the
6  information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise
7  instructed by the Court.

8      7. Plaintiffs' counsel, and their staff, experts and consultants, and those to
9  whom confidential material has been disclosed pursuant to Paragraph 2, above, shall not
10 make copies of confidential material except as necessary for purpose of this or the
11 *Coleman* action. Plaintiffs' counsel shall maintain a record of all persons to whom they
12 have afforded access to confidential material. Defendants may inspect the record upon
13 order of the court. All confidential material shall be stored in a secure location.

14     8. No person who has been afforded access to confidential material shall
15 disclose or discuss the material, including without limitation the identification, location, or
16 health status of an incarcerated person, with any person except in connection with their
17 work on the above-captioned action, except that personal information may be disclosed
18 with the consent of the inmate or parolee concerned.

19     9. Nothing in this Order is intended to prevent officials or employees of the
20 State of California or other authorized government officials from having access to personal
21 or security information to which they have access in the normal course of their official
22 duties.

23     10. The provisions of this Order are without prejudice to the right of any party to
24 (1) apply to the Court for a further protective order relating to any confidential material or
25 discovery in this action; (2) to apply to the Court for an order removing the confidential
26 material designation from any document; or (3) to apply to the Court for an order
27 compelling modifications of the Order or for any order permitting disclosure of
28

confidential material beyond the terms of the Order.

11. The provisions of the Order shall remain in full force and effect until this Court orders otherwise.

DATED: February 13, 2020
XAVIER BECERRA
Attorney General of California

By: */s/ Nasstaran Ruhparwar*
DAMON MCCLAIN
Supervising Deputy Attorney General
NASSTARAN RUHPARWAR
Deputy Attorney General
Attorneys for the *Plata* and *Coleman* Defendants

DATED: February 13, 2020
HANSON BRIDGETT LLP

By: */s/ Paul Mello*
PAUL B. MELLO
SAMANTHA D. WOLFF
Attorneys for the *Plata* Defendants

DATED: February 13, 2020
PRISON LAW OFFICE

By: */s/*
STEVEN FAMA
Attorneys for the *Plata* and *Coleman* Plaintiffs

-5- Case No. 01-1351 JST
STIP AND ORDER SUPERSEDING APRIL 3, 2003 PROTECTIVE ORDER

IT IS SO ORDERED.

Date: _____February 14_____, 2020

_____
THE HONORABLE JON S. TIGAR
UNITED STATES DISTRICT COURT JUDGE