XAVIER BECERRA
Attorney General of California
MONICA N. ANDERSON
Senior Assistant Attorney General
ADRIANO HRVATIN
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
TYLER V. HEATH, State Bar No. 271478
KYLE A. LEWIS, State Bar No. 201041
LUCAS L. HENNES, State Bar No. 278361
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7323
 Fax: (916) 324-5205
 E-mail: Lucas.Hennes@doj.ca.gov
*Attorneys for Defendants*

ROMAN M. SILBERFELD, State Bar No. 62783
GLENN A. DANAS, State Bar No. 270317
ROBINS KAPLAN LLP
 2049 Century Park East, Suite 3400
 Los Angeles, CA 90067-3208
 Telephone: (310) 552-0130
 Fax: (310) 229-5800
 E-mail: RSilberfeld@RobinsKaplan.com
*Special Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>               Plaintiffs,<br><br>     v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>               Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**DEFENDANTS' RESPONSE TO LIPSEY'S MOTION FOR TEMPORARY RESTRAINING ORDER** |

## INTRODUCTION

Christopher Lipsey, Jr., a California inmate currently housed in the Security Housing Unit (SHU) at California State Prison, Corcoran, seeks a temporary restraining order preventing Defendants from using the Guard One system to conduct inmate welfare checks in his housing unit. (ECF No. 6462.) The Court ordered Defendants to respond to Lipsey's motion. (ECF No. 6463.) Although Lipsey moved to intervene in this case under Federal Rule of Civil Procedure 24, this Court has not yet ruled on that motion, making his current motion for a

1

temporary restraining order improper. Lipsey's motion also seeks relief that would require a modification of this Court's orders, and fails to acknowledge the significant time and effort the parties, the Special Master, and this Court have expended to develop, implement, and monitor the Guard One system to keep inmates safe and curb inmate suicides. Should the Court entertain Lipsey's motion despite its procedural deficiencies, Defendants suggest the Court employ a process, as it did in the past, to allow the parties and Special Master to collaboratively address Lipsey's concerns.

## STATEMENT OF FACTS

### I. THE GUARD ONE WELFARE CHECKS SYSTEM WAS DESIGNED AND IMPLEMENTED TO ADDRESS INMATE SUICIDES.

In 2013, this Court ordered the California Department of Corrections and Rehabilitation (CDCR) to institute further remedial measures to reduce inmate suicides. (ECF No. 4693.) A Suicide Prevention Workgroup was formed, including the Special Master's suicide-prevention expert, Lindsay Hayes. (ECF No. 4857.) This workgroup considered and approved the implementation of welfare checks to be conducted every thirty minutes in all of CDCR's segregated-housing units, including Administrative Segregation Units (ASU) and Security Housing Units (SHU). (ECF No. 5258.) Welfare checks consist of officers checking cells approximately every thirty minutes to ensure that the inmates are "living and breathing" and have not harmed themselves. (*Id*.) Starting in May 2014, CDCR conducted these welfare checks of all inmates in ASU, SHU, and condemned housing units using the Guard One system. (ECF No. 5259 at 14.)

The Guard One system, as described by Mr. Hayes, consists of an officer observing the inmate, noting his status, and then touching a hand-held "pipe" to a metal disc affixed to each cell door that electronically records the cell location, date and time, and the inmate's condition. (*Id.* at 14.) On January 14, 2015, Mr. Hayes issued a Suicide Prevention Report that specifically recommended that CDCR implement the Guard One system in the SHU at Pelican Bay State Prison and at the California Health Care Facility. (*Id.* at 15.) This Court adopted that recommendation on February 3, 2015. (ECF No. 5271.)

2

Defs.' Resp. to C. Lipsey's TRO Mot. (2:90-cv-00520 KJM-DB (PC))

CDCR's implementation of Guard One is monitored by the Special Master and Mr. Hayes, which has resulted in several orders adjusting the manner in which staff perform the welfare checks. (*See, e.g.,* ECF Nos. 5393, 5437, 5467.) On September 7, 2017, Mr. Hayes indicated to the Court that he was aware of "continuing noise complaints by inmates" stemming from Guard One. (ECF No. 5672 at 160.) He investigated these complaints by visiting Pelican Bay's SHU in September 2016. After spending "several hours in the SHU" conversing with inmates and accompanying officers during their welfare checks, Mr. Hayes noted "few, if any, complaints about excessive noise" and that "the periodic flushing of toilets throughout the unit created more noise than the Guard One process." (*Id.*)

## II. LIPSEY CHALLENGES THE COURT-APPROVED GUARD ONE PROTOCOL.

On November 14, 2019, Lipsey moved to intervene in this matter, alleging that the Guard One system interferes with his sleep and thus violates his Eighth Amendment and state law rights. He contends *Coleman* class members do not adequately represent his interests. (ECF No. 6389.) Both Defendants and Plaintiffs opposed Lipsey's intervention motion (ECF Nos. 6407 & 6408), which remains pending after the Court took it under submission. (*See* ECF No. 6414 [vacating hearing date and ordering the intervention motion submitted].) On February 14, 2020, Lipsey brought the instant motion for temporary restraining order. (ECF No. 6462.)

## ARGUMENT

## I. THE COURT CAN DENY LIPSEY'S MOTION AS PREMATURE.

As a preliminary matter, Defendants note that Lipsey is a non-party to this matter, and the Court therefore should not consider his motion. *See Zepeda v. PayPal, Inc.*, No. C 10-1668 SBA, 2013 WL 2147410, at *3 (N.D. Cal. May 15, 2013) ("Unless and until Burgess and/or any other non-parties to this action have been granted leave to intervene, such requests are premature."). Requiring Defendants to provide a substantive response to such a motion—especially one containing extensive factual allegations, expert declarations, and twenty-six separate exhibits, spanning over four hundred and fifty pages—is prejudicial and harmful to the rights of all of the proper parties in this case. For this reason alone, Lipsey's motion should be denied, or at the very least stayed until this Court has ruled on his pending motion to intervene.

3

## II. DEFENDANTS DISPUTE LIPSEY'S CHARACTERIZATION OF CDCR'S ADOPTION AND USE OF THE GUARD ONE SYSTEM.

Lipsey blames CDCR for selecting and using the Guard One system to keep inmates safe from self-harm. (*See* ECF No. 6462-2 at 9-13.) Lipsey's blame is misguided. While CDCR suggested using the Guard One system to conduct welfare checks as part of its mandated implementation of remedial measures to reduce inmate suicides, the Court formally adopted the Guard One system after hearing from all interested stakeholders, including the Special Master (ECF No. 5259) and Plaintiffs (ECF No. 5271). Lipsey also omits that the Special Master is aware of noise complaints stemming from the use of Guard One, has investigated those complaints, and found them to lack merit. (*See* ECF No. 5672 at 160.) Indeed, Lipsey fails to acknowledge the Special Master's involvement with Guard One, including his ongoing oversight role, in any meaningful way.

## III. CDCR IS UNDER COURT ORDER TO USE GUARD ONE.

Setting aside Lipsey's factual mischaracterizations, CDCR remains subject to various orders implementing Guard One. Lipsey asserts extensive factual allegations in his motion, and he has also included voluminous records relating to his medical and mental health condition, various alternative technologies for conducting welfare checks, discovery responses in other litigation, and assorted other reports, declarations, and news articles. (ECF No. 6462.) With only two business days to provide a response, Defendants cannot investigate and address all of the evidence Lipsey proffers to support his extensive allegations. However, such investigation is unnecessary.

CDCR implemented the Guard One process to improve its suicide prevention practices, not to force Lipsey or any other inmate to endure improper noise levels that may result in sleep deprivation or any constitutional violation. The Guard One welfare checks were implemented and are conducted in compliance with the Special Master's recommendations and this Court's orders. The parties, Special Master, and Court are well-positioned to evaluate and address any noise concerns stemming from the use of the Guard One system, as they've done in the past. (*See* ECF No. 6407 at 2.) Thus, should the Court entertain Lipsey's motion, Defendants suggest that

4

Defs.' Resp. to C. Lipsey's TRO Mot. (2:90-cv-00520 KJM-DB (PC))

the Court allow the parties and Special Master to work together and determine how best to address any particular concern with the Guard One welfare check system and the current protocol implementing that system.

## CONCLUSION

Lipsey's motion calls for relief that would modify this Court's orders and is procedurally improper. At the very least, the Court should stay Lipsey's motion until he has formally intervened in this case. To the extent necessary, Defendants suggest the Court engage the parties, the Special Master, and his suicide expert Mr. Hayes to collaboratively address Lipsey's motion.

Dated: February 19, 2020         Respectfully submitted,

XAVIER BECERRA
Attorney General of California
ADRIANO HRVATIN
Supervising Deputy Attorney General

*/s/ Lucas L. Hennes*

LUCAS L. HENNES
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003
14439520.docx

5