UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

    Plaintiffs,

    v.

GAVIN NEWSOM, et al.,

    Defendants.

No. S-90-0520-KJM-DB P

ORDER

On November 14, 2019, Christopher Lipsey, an inmate at California State Prison, Corcoran (CSP Corcoran), filed a motion to intervene in this class action, which is in its remedial phase. Mot., ECF No. 6389. Lipsey's motion concerns the use of Guard One, an electronic monitoring system installed by the California Department of Corrections and Rehabilitation (CDCR) defendants in all administrative segregation units (ASUs), including short term and long term restrictive housing units (STRHs and LTRHs), psychiatric services units (PSUs), Security Housing Units (SHUs), and Condemned Housing Units to track correctional officer compliance with inmate welfare checks required in these units. As relevant here, Lipsey claims that the use of Guard One violates his Eighth Amendment right under the U.S. Constitution because it creates noise during the night that prevents Lipsey from sleeping. Compl. in Intervention, ECF No.

/////

1

6389-4, at 6.[1] Lipsey, a member of the plaintiff class in this case, alleges he is subject to Guard One because he is currently housed in the SHU at California State Prison-Corcoran (CSP-Corcoran).[2] After filing the motion to intervene, Lipsey filed a motion for a temporary restraining order in this case. Mot. TRO, ECF No. 6462. After ordering a defense response on a shortened schedule, *see* ECF No. 6475, the court held a status conference on the temporary restraining order on February 26, 2020, during which the parties and the court also discussed the motion to intervene.

As signaled at the status conference, and for the reasons below, the court hereby GRANTS Lipsey's motion to intervene for a limited purpose.

I. <u>PERMISSIVE INTERVENTION UNDER RULE 24(b)(1)(B)</u>

An applicant for permissive intervention under Rule 24(b)(1)(B) must show "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 955 (9th Cir. 2009) (citation omitted).

Plaintiffs do not oppose permissive intervention here and agree that Lipsey shares an interest with the class representative and other class members in avoiding sleep deprivation caused by Guard One checks. Pls.' Resp., ECF No. 6408, at 10. Defendants oppose both mandatory and permissive intervention, arguing that "the class representatives and class counsel adequately represented Lipsey's interests in connection with adopting the Guard One protocol, and the use of Guard One has been litigated in this Court." Defs.' Opp'n, ECF No. 6407, at 2.

The court finds permissive intervention is warranted here under Rule 24(b)(1)(B). Lipsey's § 1983 claim raises a federal question, and therefore independent grounds for

---

[1] Lipsey also claims the use of Guard One violates his rights under Article I, Section 17 of the California State Constitution. The permissive intervention granted by this order is limited to Lipsey's Eighth Amendment claim.

[2] Both plaintiffs and defendants in this action represent that Lipsey is housed in an LTRH at CSP- Corcoran, a matter that the court and counsel clarified for Lipsey's counsel at the status conference on the temporary restraining order. This distinction is significant, because remedies in this action preclude placement of class members in a SHU.

2

jurisdiction exist. 28 U.S.C. § 1331. The motion is as timely as can be expected, considering the time it has taken Lipsey to purportedly exhaust administrative remedies, obtain representation, file an independent lawsuit in the Northern District, which was transferred to the undersigned, and oppose a motion to dismiss in his independent case. *See generally Lipsey v. Norum*, Case No. 2:18-cv-00362 KJM DB P (E.D. Cal.).[3] Finally, it is undisputed that Lipsey's claim, that the implementation of Guard One causes sleep deprivation in violation of the Eighth Amendment, presents a question of law and fact directly relevant to the implementation of the remedial plan in this case. Accordingly Lipsey's motion to intervene is GRANTED, and Lipsey may intervene for the limited purpose of addressing his claim that Guard One causes sleep deprivation in violation of the Eighth Amendment to the United States Constitution.

II. MOOTNESS

At hearing, the parties raised the issue of whether Lipsey's claims for injunctive relief will become moot once he is released back into the general population, which Lipsey represents may be sometime this year, Mot. at 15 (noting Lipsey returned to Corcoran SHU, which the court assumes is Lipsey's name for what is actually LTRH, with an 18-month sentence in late summer 2019). *See Rico v. Beard*, No. 2:17-CV-1402-KJM-DB-P, 2019 WL 1036075, at *5 (E.D. Cal. Mar. 5, 2019) (finding similar injunctive relief claims moot). At the status conference, plaintiff represented Lipsey has other outstanding rules violations for which he has yet to receive a sentence, so his stint in LTRH may be extended. In the interest of efficiently resolving this issue, plaintiff is hereby ORDERED to submit further information regarding the pending rules violations for which Lipsey may face more time in restrictive housing, within seven (7) days of this order.

---

[3] All of Lipsey's claims in *Lipsey v. Norum*, including his claims for damages, remain live in that case while the magistrate judge's Findings and Recommendations are still pending before this court. *See* Findings & Recommendations, ECF No. 197 (recommending, *inter alia*, dismissal of plaintiff's claims for damages based on conduct after Guard One was ordered in *Coleman*, on the basis of qualified immunity, and recommending dismissal of plaintiff's prospective injunctive relief because "plaintiff should not be permitted in this case to collaterally attack the *Coleman* order requiring use of Guard One").

3

III.     DISCOVERY & APPOINTMENT

Having granted permissive intervention for Lipsey, and having considered defense counsel's representation that it would take significant time for the defendants to compile relevant information given their other pressing obligations in this case, the court hereby GRANTS Lipsey and his counsel the right to conduct limited discovery to obtain information from which to identify the administrative complaints filed by both *Coleman* class members and non-class member inmates related to the use of Guard One at all CDCR institutions where it is currently in use.  This limited discovery shall proceed on an expedited schedule: plaintiff-intervenor may propound written discovery requests, and responses shall be due within fourteen days.  *See* Fed. R. Civ. P. 33 (responses to interrogatories generally required within 30 days after being served, but a shorter time may be ordered by the court); Fed. R. Civ. P. 36(a)(3) (responses to requests for admission generally required within 30 days, but a shorter time for responding may be ordered by the court).  Discovery obtained by plaintiff-intervenor shall only be used for the purposes of this case, unless the court orders otherwise.  In lieu of formal discovery, the parties may meet and confer to reach agreement on an efficient way to provide plaintiff with the raw information from which to glean information on the administrative complaints covered by the court's grant of limited discovery.

Additionally, the court requests that, within thirty days from the date of this order, Ms. Falkenstein take all steps necessary to determine whether she may seek appointment as counsel in the following Guard One-related cases pending before this court: *Matthews v. Holland*, Case No. 1:14-cv-1959 KJM DB; *Murillo v. Holland*, Case No. 1:15-cv-00266 KJM DB; and *Harris v. Sexton*, Case No. 1:18-cv-0080 KJM DB, and file all such motions for appointment as may be appropriate.

IV.     MOTION FOR TEMPORARY RESTRAINING ORDER

At hearing, defendants represented that they are investigating whether first watch welfare checks using Guard One are being conducted at CSP-Corcoran in accordance with the remedial plan in this action, namely using a device during first watch that "does not omit an audible beep during use only a flashing red Light Omitting Diode (LED)."   App'x to Special

4

Master's Report (Mental Health Services Delivery System Program Guide, 2018 Revision), ECF No. 5864-1, at 488. Defendants agreed to file, within seven days, a report to the court including a declaration setting forth the results of this investigation, in particular whether Guard One checks at CSP-Corcoran are being properly conducted. Good cause appearing, within the same period, the parties shall meet and confer to determine whether Lipsey's concerns regarding sleep deprivation can be addressed immediately. Defendants shall include the results of that meet and confer in their report to the court as well. Lipsey's counsel may also file her own report on the meet and confer within the same time frame.

V. CONCLUSION

This order resolves ECF No. 6389, by GRANTING it. The Clerk shall edit the docket to reflect plaintiff-intervenor Lipsey's joining the case. Plaintiff-intervenor's motion for temporary restraining order remains pending while the court awaits submission of the report required by this order.

IT IS SO ORDERED.

DATED: February 27, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE