1  XAVIER BECERRA, State Bar No. 118517
   Attorney General of California
2  ADRIANO HRVATIN, State Bar No. 220909
   Supervising Deputy Attorney General
3  KYLE A. LEWIS, State Bar No. 201041
   TYLER V. HEATH, State Bar No. 271478
4  ELISE OWENS THORN, State Bar No. 145931
   Deputy Attorneys General
5   1300 I Street, Suite 125
    P.O. Box 944255
6   Sacramento, CA 94244-2550
    Telephone: (916) 210-7318
7   Fax: (916) 324-5205
    E-mail: Elise.Thorn@doj.ca.gov
8  Attorneys for Defendants

ROMAN M. SILBERFELD, State Bar No. 62783
GLENN A. DANAS, State Bar No. 270317
ROBINS KAPLAN LLP
 2049 Century Park East, Suite 3400
 Los Angeles, CA 90067-3208
 Telephone: (310) 552-0130
 Fax: (310) 229-5800
 E-mail: RSilberfeld@RobinsKaplan.com
*Special Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>Defendants. | Case No. 2:90-cv-00520 KJM-DB (PC)<br><br>**DEFENDANTS' PROPOSED AGENDA ITEMS FOR MARCH 20, 2020 STATUS CONFERENCE**<br><br>Judge: The Hon. Kimberly J. Mueller |

On January 7, 2020, the Court set a quarterly status conference and invited the parties to submit proposed agenda items for the conference. (ECF No. 6441.) Defendants request that the Court include the following agenda items:

**A.     STAFFING.**

Recognizing the current vacancy rate in CDCR's authorized psychiatry positions, and its need to comply with the requirements in the Court's October 10, 2017 staffing order (ECF No. 5711), CDCR has been developing a revised strategy to address its staffing need, and welcomes the opportunity to discuss this strategy with the Court at the status conference. The strategy contains new proposals to recruit, hire, and retain psychiatrists, as well as a number of proposals

1

discussed in the past with the Special Master and Plaintiffs. CDCR plans to meet with the Special Master to preview and discuss parts of this proposal in the coming weeks.

Over the last few months, Defendants have taken various concrete steps to address CDCR's staffing needs. For example, at the January 17, 2020 settlement conference before Judge Drozd, the parties and the Special Master reached an agreement concerning a provisional policy governing CDCR's use of telepsychiatry to treat inmate-patients. The policy has been finalized and CDCR anticipates that it will be submitted for the Court's approval in the coming weeks.

**B.    SUSTAINABLE PROCESS IMPROVEMENT.**

At the November 22, 2019 settlement conference before Judge Drozd, the parties and the Special Master discussed the urgent need to improve the system for identifying and referring patients in need. At the December 13, 2019 status conference, the parties discussed with the Court the need to improve the Sustainable Process that was developed for ensuring timely referral of patients to higher levels of mental health care, as well as whether another unmet bed needs study was necessary. (ECF No. 6441 at 5.) Defendants have reviewed the Sustainable Process and devised a number of steps to ensure that patients needing inpatient care are timely identified, referred, and transferred to such care. These steps include re-evaluating the existing criteria and identifying additional criteria for identifying patients who may require a higher level of care on the Form 7388B used by Interdisciplinary Treatment Teams, refining the questions asked of patients to identify wellness issues, automating parts of the form to search the patient record and pull relevant information, automating parts of the form to search the patient record and pull relevant information, and standardizing how CDCR's regional mental health teams conduct the process, report on the findings, and follow through on proof of practice.

Defendants welcome the opportunity to discuss these improvements to the Sustainable Process with the Special Master. Defendants are committed to ensuring that the Sustainable Process works as designed and modifying the plan where appropriate to achieve those goals, and would like to discuss these improvements with the Court at the status conference.

**C.    DATA INTEGRATION, MANAGEMENT, AND INTEGRITY.**

**1. Further Discussion Regarding Integrating CDCR Mental Health Care Data Quality Management Into CCHCS's Quality Management Section.**

Over the past months, the parties have met with the Special Master and the *Plata* Receiver regarding the proposed integration of CDCR's mental health quality management into the entity that governs all other CDCR health care data, the California Correctional Healthcare System (CCHCS) Quality Management Section. Since the December 2019 status conference, CDCR staff have given numerous briefings to the Special Master and his team concerning mental health data operations and integration steps. Defendants continue to believe that integrating the systems will directly contribute to improving patient outcomes by better coordinating the care teams and providers who serve patients, and assist Defendants in meeting their constitutional obligations. Defendants plan to provide the Court with an update on the status of discussions surrounding the proposed integration and respond to any questions.

**2. Updates on Improving CDCR's Data Reporting and Transparency.**

Resolving issues with the transparency and integrity of CDCR's mental health data collection and reporting was central to the October 2019 evidentiary hearing. (ECF No. 6427 at 49.) Reflecting the urgency of these issues, Defendants have taken numerous steps in recent months to promote positive changes in their data management practices, restore trust among the parties, and demonstrate CDCR's commitment to operating a constitutionally sound and durable mental health care system. In response to the Court's December 23, 2019 order, Dr. Diana Toche, CDCR Undersecretary, Health Care Services, issued a department-wide memorandum reaffirming CDCR's mission to provide quality mental health services to its patients and the unequivocal role of *Coleman* orders in that process, among other actions. (ECF No. 6435 at 3; ECF No. 6451 at 2.) Dr. Toche will further update the Court regarding this issue at the status conference. (ECF No. 6247 at 46; ECF 6435 at 3.) Additionally, numerous memoranda have been issued to address issues raised by Dr. Golding or identified in the evidentiary hearing, including mandating initial psychiatric contacts prior to the Interdisciplinary Treatment Team meeting, enacting a dual signature policy for Interdisciplinary Treatment Team forms, new

3

Defs.' Proposed Agenda Items Mar. 20, 2020 Status Conf.  (2:90-cv-00520 KJM-DB (PC))

1  logging procedures regarding confidential visits, and finalization of the Solution Center change
2  memorandum concerning data error reporting.  Defendants are in the process of providing
3  Plaintiffs and the Special Master with real-time access to various mental health data reports, and
4  will arrange training sessions to facilitate greater understanding of those reports.  Defendants
5  would like to share these and other proactive steps taken to demonstrate their commitment to
6  improving data management issues.

   **D.  ESTABLISHING BENCHMARKS AND PROCEDURES FOR DETERMINING WHEN CONSTITUTIONAL COMPLIANCE HAS BEEN DURABLY ACHIEVED.**

9       In its July 12, 2018 order, the Court recognized the need for "specific benchmarks that,
10  when met, signal constitutional compliance" as well as "specific recommended compliance
11  percentage requirements for each benchmark." (ECF No. 5852 at 3.)  Accordingly, the Court
12  ordered "the Special Master to include in his Twenty-Eighth Round Monitoring Report
13  recommendations for development of a process for determining when constitutional compliance
14  has been durably achieved in the areas subject to monitoring, as well as whether partial
15  termination may be appropriate if certain benchmarks are achieved before total compliance is
16  reached." (*Id*. at 8; *see also* ECF No. 6275 at 3 (confirming the Court's directive to the Special
17  Master to propose in his 28th round monitoring report benchmarks for compliance with the
18  requirements of any remedial plan).)
19      Defendants agree that establishing benchmarks concerning constitutional compliance is
20  vital to the creation of an appropriate and durable Mental Health Services Delivery System and
21  will assist in resolving this long-running litigation.  The Court recognizes that clear benchmarks
22  are "a means of projecting when the sun might reasonably set on this case." (ECF No. 5852 at 3.)
23  Agreed-upon benchmarks, and criteria for meeting those benchmarks, will focus the parties'
24  remedial efforts so that all stakeholders are working efficiently towards constitutional
25  compliance.  Defendants would like to prioritize this important issue with the parties and the
26  Special Master, and propose that the parties discuss a schedule at the status conference for
27  stakeholders to discuss benchmarks in the near future.
28                                *   *   *

4

Defs.' Proposed Agenda Items Mar. 20, 2020 Status Conf.  (2:90-cv-00520 KJM-DB (PC))

Defendants look forward to discussing these matters on March 20, 2020. Defendants welcome the opportunity to submit further briefing on these or other agenda items in advance of the status conference to facilitate the parties' discussions with the Court.

**CERTIFICATION**

Defendants' counsel certify that they reviewed the following orders relevant to this filing: 1/7/20 Order (ECF No. 6441); 1/9/20 Minute Order (ECF No. 6442); 10/10/17 Order (ECF No. 5711); 12/23/19 Order (ECF No. 6435); 7/12/19 Order (ECF No. 5852); and 9/9/19 Order (ECF No. 6275).

Dated: March 2, 2020

XAVIER BECERRA
Attorney General of California
ADRIANO HRVATIN
Supervising Deputy Attorney General

/s/ ELISE OWENS THORN
Elise Owens Thorn
Deputy Attorney General
*Attorneys for Defendants*

21838991

5

Defs.' Proposed Agenda Items Mar. 20, 2020 Status Conf. (2:90-cv-00520 KJM-DB (PC))