1  XAVIER BECERRA                                ROMAN M. SILBERFELD, State Bar No. 62783
    Attorney General of California                 GLENN A. DANAS, State Bar No. 270317
2  MONICA N. ANDERSON                          ROBINS KAPLAN LLP
    Senior Assistant Attorney General               2049 Century Park East, Suite 3400
3  ADRIANO HRVATIN, State Bar No. 220909          Los Angeles, CA 90067-3208
    Supervising Deputy Attorney General             Telephone: (310) 552-0130
4  ELISE OWENS THORN, State Bar No. 145931        Fax: (310) 229-5800
    TYLER V. HEATH, State Bar No. 271478           E-mail: RSilberfeld@RobinsKaplan.com
5  KYLE A. LEWIS, State Bar No. 201041           *Special Counsel for Defendants*
    LUCAS L. HENNES, State Bar No. 278361
6  Deputy Attorneys General
     1300 I Street, Suite 125
7    P.O. Box 944255
     Sacramento, CA 94244-2550
8    Telephone: (916) 210-7323
     Fax: (916) 324-5205
9    E-mail: Lucas.Hennes@doj.ca.gov
    *Attorneys for Defendants*

10

11                       IN THE UNITED STATES DISTRICT COURT

12                   FOR THE EASTERN DISTRICT OF CALIFORNIA

13                              SACRAMENTO DIVISION

14

15
    **RALPH COLEMAN, et al.,**                      2:90-cv-00520 KJM-DB (PC)
16
                                  Plaintiffs,      **DEFENDANTS' STATUS REPORT**
17                                                 **ADDRESSING THE COURT'S**
              **v.**                               **FEBRUARY 27, 2020 ORDER**
18                                                 **REGARDING INMATE LIPSEY**

19  **GAVIN NEWSOM, et al.,**

20                                Defendants.

21

22        Defendants submit this status report to address the Court's questions from the February 26,

23  2020 status conference regarding inmate Lipsey's motion for a temporary restraining order.

24  I.   CORCORAN STAFF PERFORM SILENT GUARD ONE CHECKS.

25        The Court asked Defendants to investigate whether first watch welfare checks using Guard

26  One (*i.e.*, between 10:00 p.m. and 6:00 a.m.) are being conducted at California State Prison,

27  Corcoran consistent with this Court's orders, which followed extensive collaborative discussions

28  between the Special Master, his suicide prevention expert, Lindsay Hayes, Plaintiffs, and

                                              1

Defendants.  The accompanying declaration from Corcoran's Associate Warden Juarez confirms that Corcoran staff are properly conducting Guard One welfare and safety checks in a manner consistent with this Court's orders.  (R. Juarez Decl. ¶ 3.)

**II.     CORCORAN STAFF DO NOT CONDUCT STANDING COUNTS DURING FIRST WATCH.**

During the February 27, 2020 status conference, counsel for inmate-intervenor Lipsey indicated that Lipsey did not use earplugs for fear of being disciplined if he missed standing counts while sleeping.  Defendants investigated whether any such standing counts or "line-ups" occur during first watch (10:00 p.m. to 6:00 a.m.).  No such standing counts occur during first watch at Corcoran.  And no Corcoran inmates have been disciplined for missing any such counts (which do not occur) in the past eighteen months.  (Juarez Decl. ¶ 4.)

**III.    EARPLUGS ARE AVAILABLE TO ALL CORCORAN INMATES.**

Defendants researched whether Corcoran inmates have access to earplugs to help mitigate any noise caused by Guard One.  Corcoran inmates are allowed to possess earplugs and may purchase them as part of their special purchase packages.  (Juarez Decl. ¶ 5.)  Lipsey alleges that earplugs would prevent him from hearing orders or commands—based on Defendants' analysis, this contention is purely speculative.  Lipsey does not possess earplugs.  (*Id.*)

**IV.    AS ORDERED, THE PARTIES MET AND CONFERRED REGARDING LIPSEY'S GUARD ONE ALLEGATIONS AND DEMANDS.**

On March 3, 2020, the parties met and conferred regarding whether earplugs would be an acceptable short-term solution to address Lipsey's noise concerns.  His counsel indicated that Lipsey would not use earplugs because he was concerned about being assaulted by staff if he does not hear staff's orders while he's sleeping.  Lipsey also raised a number of potential long-term solutions for Lipsey's concerns about the Guard One system, including limiting the frequency of the Guard One checks and possible technological alternatives to Guard One.  Defendants indicated that any substantive long-term changes to the Guard One policies, including adopting a different technological system of tracking or extending the time between checks, would require the Special Master and his suicide expert's input and ultimately this Court's approval.

/ / /

2

1     The parties and Lipsey also discussed possible short-term solutions.  Defendants agreed to

2   look into issues related to training for staff who did not regularly work on units utilizing Guard

3   One and whether or not the wands used during first watch are clearly marked as silent wands.

4   Defendants will let Plaintiffs and Lipsey's counsel know the results of their follow-up work

5   regarding these two issues.

6     The parties also met and conferred regarding written discovery recently served by Lipsey

7   on Defendants under the Court's order.  Defendants intend to fully cooperate and will respond to

8   the discovery requests and produce documents as expeditiously as possible.  However,

9   Defendants informed Lipsey that the scope of the requests—which lack any time restriction and

10   seek all grievances, though unrelated to Guard One, about sleep deprivation and night-time noise

11   filed by any inmate—were overbroad and could not be addressed within the Court's tight

12   fourteen-day response period.  Lipsey agreed to narrow the requests to documents from the time

13   when Guard One checks were performed in a given unit at each respective institution.  Lipsey

14   also clarified that he only sought documents related to Guard One or welfare checks performed

15   under a protocol other than Guard One.

16   ///

17   ///

18   ///

19

20

21

22

23

24

25

26

27

28

1    But Defendants remain concerned.  As Defendants represented at the February 26, 2020

2    status conference, Defendants cannot within fourteen days search for, identify, and review all

3    inmate grievances statewide to find all the grievances alleging a concern about Guard One.

4    Defendants are committed to meeting the Court's order, but Lipsey's requests are overly

5    burdensome, particularly if Defendants have to review all inmate grievances since Guard One's

6    implementation in 2014 concerning alleged noise.  As an alternative, Defendants proposed

7    producing information regarding inmate 602 grievances since 2017 related to Guard One checks.

8    The parties were unable to agree on a scope that would allow Defendants to substantively respond

9    to the discovery requests within the Court's fourteen-day deadline.  Lipsey's counsel indicated

10    that she would move to compel production of the requested documents if Defendants did not

11    comply with the discovery requests, and she suggested that Defendants bring the issue to the

12    Court's attention.  Defendants will do so.

13    Dated:  March 4, 2020                                   Respectfully submitted,

14                                                            XAVIER BECERRA
                                                              Attorney General of California
15                                                            ADRIANO HRVATIN
                                                              Supervising Deputy Attorney General
16

17                                                            */s/ Lucas L. Hennes*

18                                                            LUCAS L. HENNES
                                                              Deputy Attorney General
19                                                            *Attorneys for Defendants*

20    CF1997CS0003
      14495857.docx
21

22

23

24

25

26

27

28

4