UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No. 2:90-cv-0520 KJM KJN P |
| Plaintiffs, | |
| v. | ORDER |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

This matter is set for a quarterly status conference on March 20, 2020 at 10 a.m. Through its Special Master, the court has confirmed that the parties are available to proceed with the conference if they can appear telephonically, in light of the coronavirus pandemic; the court approves telephonic appearances for all parties, with the Special Master and certain court staff also appearing telephonically. As invited by the court's January 7, 2020 order, ECF No. 6441, the parties have filed proposed agenda items for the status conference. ECF No. 6441 at 10. After review of those items and others previously continued by the court, the court now sets the following agenda:

    1.    Update on coronavirus. The parties and the Special Master should be prepared to provide any updates they have on the impact of the coronavirus

1

|   |   |   |
|---|---|---|
| 1 | | pandemic on monitoring, mental health programming, and coordination |
| 2 | | with the *Plata* Receiver. |
| 3 | 2. | Update on coordination between *Coleman* and *Plata*. *See* ECF No. 6441 at |
| 4 | | 2-5. |
| 5 | 3. | Review of Items Referred to the Special Master. *See* ECF No. 6441 at 6-7 |
| 6 | | and Attachment A to this order. |
| 7 | 4. | Establishing Benchmarks and Procedures for Determining When |
| 8 | | Constitutional Compliance Has Been Durably Achieved. *See* ECF No. |
| 9 | | 6494 at 4-5. This matter has been referred to the Special Master for |
| 10 | | recommendations to be included in his Twenty Eighth Round Monitoring |
| 11 | | Report. *See* ECF No. 5852 at 3. In view of intervening events that are |
| 12 | | delaying completion of the Twenty Eighth Monitoring Round, including |
| 13 | | proceedings on the Golding Report and the additional burdens placed on |
| 14 | | the Special Master's resources as a result of those proceedings, the court is |
| 15 | | contemplating setting its own process for establishing benchmarks. The |
| 16 | | parties shall be prepared to present their respective positions on an efficient |
| 17 | | process for establishing those benchmarks as soon as practically feasible. |
| 18 | 5. | Enhanced Outpatient Program Administrative Segregation Unit (EOP |
| 19 | | ASU) Hub Certification. *See* ECF No. 6441 at 9. The parties should be |
| 20 | | prepared to (a) address whether the certification process is moving |
| 21 | | defendants toward the provision of constitutionally adequate mental health |
| 22 | | care to EOP inmates in administrative segregation units; and (b) provide |
| 23 | | the court with a brief summary of their respective positions with respect to |
| 24 | | any alleged ongoing constitutional violations in these units. The purpose |
| 25 | | of the latter summary will be to facilitate a discussion of how to resolve |
| 26 | | any outstanding disputes and move toward constitutional compliance and, |
| 27 | | if necessary, enforcement orders. |
| 28 | ///// | |

| | | |
|---|---|---|
| 1 | 6. | Data Integration, Management and Integrity. *See* ECF No. 6494 at 3-4. |
| 2 | 7. | Status of development of an adequate process for updating mental health records in the Electronic Health Records System (EHRS). *See* ECF No. 6441 at 10. |
| 5 | 8. | Sustainable Process Improvement. *See* ECF No. 6494 at 2. As proposed by defendants, the parties shall be prepared to address the steps devised by defendants to ensure timely identification, referral and transfer of inmates in need of inpatient mental health care to such care. In addition, the court has reached the tentative conclusion that at least one additional unmet bed needs study will be required in order for defendants to demonstrate (a) that they have a sufficient number of licensed inpatient mental health beds, including mental health crisis beds; and (b) that all class members in need of inpatient mental health care are in fact being timely identified, referred, and transferred to such care. Accordingly, the parties should be prepared to discuss the time frame for conducting such a study and, in addition, whether they will stipulate to defendants' conducting such study under the guidance and supervision of the Special Master without further order of this court. |
| 19 | 9. | Deficient Treatment and Conditions in Psychiatric Inpatient Programs. *See* ECF No. 6493 at 3-5. |
| 21 | 10. | Staff Misconduct Against *Coleman* Class Members. *See* ECF No. 6493 at 5-7. As plaintiffs note, this issue has been raised by motion in one of the coordinating cases, *Armstrong v. Newsom*, Case No. C94 2307 CW (N.D.Cal.). At this first quarterly status, discussion of this matter will be limited to any update the parties may have on plaintiffs' proposed protective order to allow defendants' sharing of information with plaintiffs and whether plaintiffs intend to pursue motion practice in this court, including but not limited to a request for leave to conduct discovery. |

At this time the court does not plan to cover at this status the other agenda items continued by the court to this first quarterly status conference or proposed by the parties but not included above. After covering the above items, the court will ask if the parties have focused updates on any of these other matters, for the court's consideration.

IT IS SO ORDERED.

DATED: March 17, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE

# ATTACHMENT

ITEMS REFERRED TO THE SPECIAL MASTER THAT REMAIN ONGOING

1. Ongoing monitoring of implementation of plans and policies approved by the court's August 11, 2014 order, ECF No. 5196, as modified by ECF No. 5371, concerning use of force, use of management status, limitation or elimination of "placement of class members removed from the general population for non-disciplinary reasons in administrative segregation units that house inmates removed from the general population for non-disciplinary reasons in administrative segregation units that house inmates removed from the general population for disciplinary reasons," and strip searches in EOP ASUs, *id*. *See* ECF No. 5371 at 3.

2. Supervision of development and implementation of mental health staffing plan for Department of State Hospitals (DSH). *See* ECF Nos. 5573, 5711.

3. Supervision of DSH development of continuous quality improvement (CQI) process. *See* ECF No. 5573 at 3.

4. Regular monitoring rounds (28th Round is currently ongoing). *See* ECF No. 640; *see also* ECF No. 6296 (approving stipulation concerning transfer of class members from desert institutions); *see also* ECF No. 6467 (Special Master to supervise full implementation and monitoring of Psychiatric Medication Adherence Clarifying Directives); *see also* ECF No. 6242 (question of whether, and to what extent, supervising psychiatrists can or should perform duties of line psychiatrists consistent with the 2009 Staffing Ratios).

5. Development of process for annual updates to Program Guide. *See* ECF No. 6211. Amended Report filed February 20, 2020, ECF No. 6476, is pending before the court.

6. Reporting on status of implementation of suicide prevention measures. *See* ECF No. 6212.

7. Data remediation following Golding proceedings, including hiring his own data expert to aid with development and monitoring of an adequate quality management process for mental health and/or use of *Plata* quality management process for mental health. *See* ECF Nos. 6312, 6435.

8. Receipt on April 30, 2020 of certification by defendants that all deadlines specified in their updated Custody and Mental Health Partnership Plan, ECF No. 6278, approved by order filed October 8, 2019, ECF No. 6314. *See* ECF No. 6314 at 2.
9. Coordination with *Plata* and *Armstrong*. *See*, *e.g.*, ECF No. 6427 at 34.