| | |
|---|---|
| DONALD SPECTER – 083925<br>STEVEN FAMA – 099641<br>ALISON HARDY – 135966<br>SARA NORMAN – 189536<br>MARGOT MENDELSON – 268583<br>RITA LOMIO -- 254501<br>PRISON LAW OFFICE<br>1917 Fifth Street<br>Berkeley, California  94710-1916<br>Telephone:   (510) 280-2621 | MICHAEL W. BIEN – 096891<br>ERNEST GALVAN – 196065<br>LISA ELLS – 243657<br>JESSICA WINTER – 294237<br>MARC J. SHINN-KRANTZ – 312968<br>CARA E. TRAPANI – 313411<br>ROSEN BIEN<br>GALVAN & GRUNFELD LLP<br>101 Mission Street, Sixth Floor<br>San Francisco, California  94105-1738<br>Telephone:   (415) 433-6830 |

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURTS

EASTERN DISTRICT OF CALIFORNIA

AND NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>GAVIN NEWSOM, et al.,<br><br>          Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**THREE JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>GAVIN NEWSOM,<br><br>          Defendants. | Case No. C01-1351 JST<br><br>**THREE JUDGE COURT**<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST TO MODIFY BRIEFING SCHEDULE AND HEARING DATE REGARDING PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER** |

1  Plaintiffs oppose Defendants' request to delay the briefing and hearing of Plaintiffs'
2  Emergency Motion to Modify Population Reduction Order.  The request should be denied
3  because under the unique and urgent circumstances of this case, Defendants have had
4  ample notice that the motion would be filed and ample time to respond to the motion.

5  At approximately 9:00 a.m. on Tuesday March 24, 2020 Plaintiffs counsel, Michael
6  Bien and Donald Specter, spoke to Deputy Legal Affairs Secretary for the Governor, Kelli
7  Evans, and Special Master Lopes.  During that conversation, Plaintiffs' counsel informed
8  Ms. Evans and Mr. Lopes that they did not believe that the measures taken by the State to
9  minimize the risk of catastrophic harm to people living (and working) in California's
10 prisons from COVID-19 were adequate and that Plaintiffs would be filing a motion
11 requesting that the Three Judge Court issue an order to reduce the prison population.
12 Plaintiffs' counsel at the Prison Law Office and Rosen, Bien, Galvin & Grunfeld began
13 working on the emergency motion on Monday, March 23.  That motion was filed at 8:15
14 p.m. on March 25, 2020.  (Declaration of Donald Specter at ¶ 3.)  Thus, Defendants have
15 been on notice that a motion would be filed for the past four days, and will have four and a
16 half days since the motion was filed to prepare a response if the briefing schedule is not
17 modified.  That is a day and a half more than Plaintiffs had to prepare and file the motion.
18 Under these life-threatening circumstances, Defendants and their numerous counsel at
19 Hanson, Bridget and the state Attorney General's Office have had ample time to respond
20 to Plaintiffs' motion.

21 The motion could not be more urgent.  The Ninth Circuit recently ordered the
22 immediate release of an individual detained in an immigration detention center because "of
23 the rapidly escalating public health crisis, which public health authorities predict will
24 impact immigration detention centers." *Xochihua-Jaimes v. Barr*, __ F. App'x __, No. 18-
25 71460 (9th Cir. Mar. 24, 2020).  As the declarations filed with the emergency motion
26 make abundantly clear, the same holds true for prisons.  The lives of untold numbers of
27 incarcerated people, staff and members of the community are at unnecessary risk because
28 Defendants have not taken urgently needed measures to reduce the density of the prison

population. In his amicus declaration, Rick Raemisch, former Director of Corrections in Colorado and Wisconsin, testified that "[c]rowded conditions, staff shortages and a rapidly spreading virus are a recipe for disaster." Declaration of Rick Raemisch, at ¶ 16, ECF No. 3225-1. "Only by immediately releasing non-violent inmates can governors and state legislators prevent the devastating consequences to corrections staff, inmates, and the communities where prisons are located that will result when—not if—infections enter those facilities. *Id.*, at ¶ 14, emphasis added.

Relying on *Mathews v. Eldridge*, 424 U.S. 319 (1976), Defendants appear to claim that it would be a violation of due process if they do not have an extra two days to file a response. However, the Supreme Court recognized that due process is a flexible concept and "'calls for such procedural protections as the particular situation demands.'" *Id.* at 334, quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). As noted above, the pandemic demands action at the earliest possible time.

Finally, Defendants argue that since the Governor and CDCR have implemented various measures in response to the pandemic the Court should permit the administration to continue its work before issuing any orders on the emergency motion. Defs. Request at 4. Accepting that logic would require this Court to wait indefinitely before resolving the serious issues raised by the motion. Moreover, the primary issue before the Court is whether those measures are sufficient in light of the potentially catastrophic consequences that could begin to occur at any moment.

## CONCLUSION

For the reasons stated above, the Court should deny Defendants' Request to Modify the Briefing and Hearing Schedule.

DATED: March 28, 2020

Respectfully submitted,
PRISON LAW OFFICE

By: *Donald Specter*

| | |
|---|---|
| | Donald Specter |
| | Attorneys for *Plata* Plaintiffs |
| DATED: March 28, 2020 | ROSEN BIEN GALVAN & GRUNFELD LLP |
| | By: *Michael W. Bien* |
| | Michael W. Bien |
| | Attorneys for *Coleman* Plaintiffs |