EXECUTIVE DEPARTMENT
STATE OF CALIFORNIA

**EXECUTIVE ORDER N-36-20**

**WHEREAS** on March 4, 2020, I proclaimed a State of Emergency to exist in California as a result of the impacts of COVID-19; and

**WHEREAS** despite sustained efforts, COVID-19 continues to spread and is impacting nearly all sectors of California; and

**WHEREAS**, state and local correctional and public safety leaders are building on their longstanding partnership, to protect public health and safety in the context of the COVID-19 crisis; and

**WHEREAS** the California Department of Corrections and Rehabilitation (CDCR) has infectious disease management plans in place to address communicable disease outbreaks such as influenza, measles, mumps, norovirus, and varicella, and CDCR has taken a series of additional proactive steps to reduce the risk of introducing and spreading COVID-19 in CDCR facilities, including:

- educating staff, inmates, and visitors regarding ways they can protect themselves and those around them from COVID-19;
- screening staff before they enter work locations;
- increasing cleaning and sanitation of CDCR facilities and providing staff and inmates with access to additional soap and sanitizing products;
- quarantining inmates arriving from county jails;
- restricting visitors and volunteers, and offering free methods for inmates to communicate with family members, friends, and attorneys;
- limiting inmate transfers including suspending out-of-state parole or inmate transfers to California for 30 days; and
- suspending scheduled in-person parole visits, except when statutorily required, for critical needs, or in emergencies; and
- eliminating parole revocations in many cases; and

**WHEREAS** the Governor's Office of Emergency Services has operated and continues to operate a multi-agency correctional task force to identify additional steps necessary, as this emergency develops, for action to protect health and safety; and

**WHEREAS** many inmates who are confined in state prison are entitled to timely parole hearings under the California Constitution, the Penal Code, and a federal three-judge court order; and

**WHEREAS** COVID-19 and the response thereto have impaired the Board of Parole Hearings' ability to meet the usual statutory and regulatory requirements to timely conduct parole hearings in person; and

**WHEREAS** inmates, inmates' counsel, victims and their representatives, and representatives of the people have the right to be heard at parole hearings, but such hearings must be secure and safe for all participants; and

**WHEREAS** under the provisions of Government Code section 8571, I find that strict compliance with various statutes and regulations specified in this order would prevent, hinder, or delay appropriate actions to prevent and mitigate the effects of the COVID-19 pandemic.

**NOW, THEREFORE, I, GAVIN NEWSOM**, Governor of the State of California, in accordance with the authority vested in me by the State Constitution and statutes of the State of California, and in particular, Government Code sections 8627, 8567, and 8571, do hereby issue the following order to become effective immediately:

**IT IS HEREBY ORDERED THAT:**

1. To protect the health, safety, and welfare of inmates in the custody of CDCR and staff who work in the facilities, I direct the Secretary of CDCR to use his emergency authority under California Penal Code section 2900(b) to suspend intake into state facilities for 30 days by directing that all persons convicted of felonies shall be received, detained, or housed in the jail or other facility currently detaining or housing them for that period. Consistent with California Penal Code section 2900(b), the time during which such person is housed in the jail or other facility shall be computed as part of the term of judgment. I further order the Secretary to suspend intake into Division of Juvenile Justice (DJJ) facilities for 30 days. To the extent that any statutory or other provisions require DJJ to accept new juveniles into its facilities, such provisions are waived or suspended. The Secretary may grant one or more 30-day extensions of the suspension of intake or commitment if suspension continues to be necessary to protect the health, safety, and welfare of inmates and juveniles in CDCR's custody and staff who work in the facilities.

2. The Board of Parole Hearings is directed to develop a process for conducting parole hearings by videoconference and shall confer with stakeholders in developing this process. The Board of Parole Hearings shall endeavor to make parole hearings conducted via videoconference accessible to all participants specified in the Penal Code and the California Code of Regulations. This process shall be operational no later than April 13, 2020.

3. To protect the health and welfare of inmates, hearing board officers, inmates' counsel, victims and their representatives, and representatives of the people, the Board of Parole Hearings is directed to cease conducting in-person parole hearings for 60 days and shall postpone any scheduled parole hearings until April 13, 2020, or an earlier date at which it is able to accommodate conducting parole hearings by video conference. The Secretary may grant one or more 30-day extensions of the prohibition on in-person parole hearings if it continues to be necessary to protect the health, safety, and welfare of inmates in CDCR's custody, staff who work in the facilities, hearing officers, victims and their representatives, and representatives of the people.

4. For the next 60 days, and for the term of any extensions, inmates scheduled for a parole hearing can elect to continue with their timely parole hearing by videoconference, to accept a postponement of their parole hearing, or to waive their hearing.
    a. Any parole hearing postponed under this provision shall be rescheduled for the earliest practicable date.

    b. All rights for all participants delineated by state law will be applied to hearings postponed and rescheduled.

    c. To the extent that an inmate is required to show good cause to waive or postpone his or her hearing under California Code of Regulations, title 15, section 2253, subdivisions (b)(3) and (d)(2), such requirements are suspended for the next 60 days, and for the term of any extensions.

5. For the next 60 days, and for the term of any extensions, to the extent that any law or regulation gives any person the right to be present at a parole hearing, that right is satisfied by the opportunity to appear by videoconference.  Specifically:
    a. For inmates who choose to go forward with their parole hearing by videoconference during the next 60 days, and during the term of any extensions, the inmate's right to be present and to meet with a Board of Parole Hearing's panel under Penal Code sections 3041, subdivision (a)(2), 3041.5, subdivision (a)(2), and California Code of Regulations, title 15, section 2247, is satisfied by appearance through videoconference.

    b. For inmates who choose to go forward with their parole hearing by videoconference during the next 60 days, and during the term of any extensions, Penal Code section 3041.7 and California Code of Regulations, title 15, section 2256, which provide that an inmate has the right to be represented by an attorney at parole hearings, will be satisfied by the attorney appearing by videoconference and by providing for privileged teleconferencing between the inmate and attorney immediately before and during the hearing.  Such inmates will also be provided reasonable time and opportunity for privileged communications by telephone with their retained or appointed counsel prior to the hearing at no charge to either party.

    c. For hearings conducted by videoconference during the next 60 days, and during the term of any extensions, the right of victims, victims' next of kin, members of the victims' family and victims' representatives to be present at a parole hearing will be satisfied by the opportunity to appear by videoconference, teleconference, or by written or electronically recorded statement, consistent with California Constitution, Article I, section 28, subdivision (b)(7), Penal Code section 3043, subdivision (b)(1) and California Code of Regulations, title 15, section 2029, and as provided in Penal Code sections 3043.2 and 3043.25.

    d. For hearings conducted by videoconference during the next 60 days, and during the term of any extensions, Penal Code section 3041.7 providing that the prosecuting attorney may represent the interests of the people at the hearing will be satisfied by the opportunity to appear by videoconference, teleconference, or a written statement.

**IT IS FURTHER ORDERED** that as soon as hereafter possible, this Order be filed in the Office of the Secretary of State and that widespread publicity and notice be given of this Order.

This Order is not intended to, and does not, create any rights or benefits, substantive or procedural, enforceable at law or in equity, against the State of California, its agencies, departments, entities, officers, employees or any other person.

**IN WITNESS WHEREOF** I have hereunto set my hand and caused the Great Seal of the State of California to be affixed this 24th day of March 2020.

_____
GAVIN NEWSOM
Governor of California

**ATTEST:**

_____
ALEX PADILLA
Secretary of State