1  XAVIER BECERRA
   Attorney General of the State of California
2  MONICA N. ANDERSON
   Senior Assistant Attorney General
3  DAMON C. MCCLAIN
   ADRIANO HRVATIN
4  Supervising Deputy Attorneys General
   NASSTARAN RUHPARWAR - 263293
5  ELISE OWENS THORN - 145931
   TYLER V. HEATH - 271478
6  KYLE A. LEWIS - 201041
   LUCAS HENNES - 278361
7  Deputy Attorney General
   455 Golden Gate Avenue, Suite 11000
8  San Francisco, CA  94102-7004
   Telephone:  (415) 703-5500
9  Facsimile:  (415) 703-5843
   Email:   Nasstaran.Ruhparwar@doj.ca.gov
10

   Attorneys for Defendants
11

HANSON BRIDGETT LLP
PAUL B. MELLO - 179755
SAMANTHA D. WOLFF - 240280
KAYLEN KADOTANI - 294114
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:     (415) 777-3200
Facsimile:     (415) 541-9366
pmello@hansonbridgett.com

12                **UNITED STATES DISTRICT COURT**

13                **EASTERN DISTRICT OF CALIFORNIA**

14         **AND THE NORTHERN DISTRICT OF CALIFORNIA**

15  **UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES**

16      **PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE**

| | |
|---|---|
| 17  RALPH COLEMAN, et. al., | CASE NO. 2:90-cv-00520-KJM-DB |
| 18          Plaintiffs, | |
| 19       v. | **THREE-JUDGE COURT** |
| 20  GAVIN NEWSOM, et al., | |
| 21          Defendants. | |
| 22  MARCIANO PLATA, et al., | CASE NO. C01-1351 JST |
| 23          Plaintiffs, | **THREE-JUDGE COURT** |
| 24       v. | **DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER** |
| 25  GAVIN NEWSOM, et al., | |
| 26          Defendants. | |
| 27 | |
| 28 | |

Defendants hereby object to the Plaintiffs' evidence submitted in support of their emergency motion to modify the population reduction order. The below objections represent only an overview of the major themes of some of the objectionable material in the declarations and exhibits provided by Plaintiffs. Defendants provide their specific objections to Plaintiffs' evidence in <u>Exhibit A</u> to this pleading.

## I.    DEFENDANTS' OBJECTIONS TO THE DECLARATION OF THOMAS HOFFMAN (ECF NOS. 3219-1 AND 6523)

Defendants object to the declaration of Thomas Hoffman, former Director of the Division of Adult Parole Operations, as generally lacking foundation for the opinions expressed. His declaration contains several "expert" conclusions without any evidence of personal knowledge of the facts upon which he relies, nor evidence in support of the conclusions themselves. Accordingly, Mr. Hoffman's declaration should be disregarded by this Court.

## II.    DEFENDANTS' OBJECTIONS TO THE DECLARATION OF CRAIG W. HANEY (ECF NOS. 3219-2 AND 6526)

Defendants object to the testimony and opinions set forth in the Declaration of Craig W. Haney, Ph.D. as generally lacking foundation and as improper expert opinions. His declaration contains several "expert" conclusions without any evidence of personal knowledge of the facts upon which he relies, nor evidence in support of the conclusions themselves. Accordingly, Dr. Haney's declaration should be disregarded by this Court.

## III.    DEFENDANTS' OBJECTIONS TO THE DECLARATION OF MICHAEL W. BIEN (ECF NOS. 3221 AND 6529)

Defendants object to the testimony and opinions set forth in the Declaration of Michael Bien, attorney for the plaintiffs, and the exhibits attached to that declaration. The statements in Mr. Bien's declaration, and the exhibits attached to it are objectionable for a number of reasons, including, but not limited to, impermissible argument, impermissible expert opinion, and inadmissible hearsay and hearsay within hearsay. In paragraphs 2, 4, 5, and 10, Mr. Bien uses his declaration to present facts and argument regarding CDCR's response to the COVID-19 epidemic and advocate for a population reduction. Mr. Bien's declaration should not include legal

1  arguments or summations and conclusions supported by hearsay.  *See, e.g., Degelman Indus., Ltd.*

2  *v. Pro-Tech Welding & Fabrication, Inc.*, No. 06-CV-6346, 2011 WL 6754053, at *2 (W.D.N.Y.

3  May 31, 2011), report and recommendation adopted, No. 06-CV-6346T, 2011 WL 6752565

4  (W.D.N.Y. Dec. 23, 2011) (An attorney declaration or affidavit is generally used to provide the

5  courts with documents and other evidence, for purposes of establishing a record, and should not be

6  used as a "vehicle to lobby the court."); *Internet Law Library, Inc. v. Southridge Capital Mgmt.,*

7  *L.L.C.*, No. 01 Civ. 6600 (RLC), 2005 WL 3370542 *3 (S.D.N.Y. Dec. 12, 2005) (granting

8  motion to strike attorney affidavit because "[a]n attorney's affidavit is typically used to present

9  documents to the court and should not be used as counsel's personal vehicle to lobby the court"

10  (citing *Universal Film Exchs., Inc. v. Walter Reade, Inc.*, 37 F.R.D. 4, 5 (S.D.N.Y. 1965))); *E. F.*

11  *Hutton & Co. v. Brown*, 305 F. Supp. 371, 383 (S.D. Tex. 1969) ("Affidavits are vehicles for the

12  presentation of facts to the Court, not legal arguments.").  Similarly, Mr. Bien's broad legal

13  conclusions that a population reduction is necessary are not appropriate statements for an

14  attorney's declaration.  *See Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016-

15  17 (9th Cir. 2004) ("No witness – expert or non-expert – should opine on the ultimate legal

16  conclusion, which is province of the court.").

17      Mr. Bien also offers improper opinion testimony in his declaration and in exhibits attached

18  to his declaration.  Mr. Bien is an attorney for the Plaintiff class and is not qualified as an expert in

19  any manner.  Fed. R. Evid. 701.  His statements that CDCR must respond to COVID-19 with a

20  population reduction and similar statements contained in many of the newspaper articles and

21  advocacy emails attached to his declaration, (*See e.g.* Exhibits 20, 24, 25, and 40), contravene the

22  requirements of opinion testimony.  Specifically, non-expert opinion testimony is limited to

23  testimony that is: (a) rationally based on the witness's perception, (b) helpful to … determining a

24  fact in issue, and (c) not based on scientific, technical, or other specialized knowledge." *Id.*  Mr.

25  Bien has failed to lay the foundation for these complex conclusions and assessments and they

26  should not be considered by the Court.

27      Mr. Bien's declaration contains inadmissible hearsay and many of his exhibits are

28  inadmissible hearsay within hearsay.  Mr. Bien's declaration recounts out-of-court statements by

1  Plaintiffs' purported expert and calculations done by members of his staff.  However, these are

2  out-of-court statements offered to prove their content and, thus, inadmissible hearsay.  Fed. R.

3  Evid. 801, 802.  Moreover, the emails from advocacy groups and other non-parties attached to Mr.

4  Bien's declaration, and the statements in those emails are inadmissible hearsay and hearsay within

5  hearsay.  Fed. R. Evid. 801, 802, 805.  And, the large number of newspaper and online articles

6  attached to the declaration and the statements in those articles are also inadmissible hearsay and

7  hearsay within hearsay.  *Id.*; *Larez v. City of Los Angeles*, 946 F.2d 630, 642 (9th Cir. 1991)

8  ("newspaper articles have been held inadmissible hearsay as to their content . . ."); *See also In re*

9  *Columbia Sec. Litig.*, 155 F.R.D. 466, 474 (S.D.N.Y. 1994) ("Often, when offered to prove that

10  certain statements were made, newspaper and magazine articles are held inadmissible as hearsay.)

11       As mentioned, Defendants' specific objections to Plaintiffs' evidence are set forth in

12  Exhibit A to this pleading.

13

14  DATED:  March 31, 2020                    HANSON BRIDGETT LLP

15

16                                    By: */s/ Samantha D. Wolff*
                                         _____
17                                         PAUL B. MELLO
                                           SAMANTHA D. WOLFF
18                                         KAYLEN KADOTANI
                                           Attorneys for Defendants
19
20  DATED:  March 31, 2020                    XAVIER BECERRA
                                             Attorney General of California
21

22                                    By:  */s/ Damon McClain*
                                         _____
23                                         DAMON MCCLAIN
                                           Supervising Deputy Attorney General
                                           NASSTARAN RUHPARWAR
24                                         Deputy Attorney General
                                           Attorneys for Defendants
25

26

27

28

16431778.1

*EXHIBIT A*

TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| Hoffman Decl. (ECF Nos. 3219-1 & 6523) | "As noted above, I am familiar with the tools available for addressing the public safety impacts of changes in the way people transition from incarceration to the community." (Hoffman Decl. ¶ 8.) | Defendants object to this statement on the grounds that it **lacks foundation.** Fed. R. Evid. 602. Mr. Hoffman's declaration makes no reference to "addressing the public safety impacts of changes in the way people transition from incarceration to the community." Rather, Mr. Hoffman's listed experience includes "policy development, administration, and oversight" of CDCR's Division of Adult Parole Operations from 2006-2009 (¶ 3), "facilitat[ing] the development of a parole violation decision making instrument" with the Colorado Department of Corrections (¶ 5), "serv[ing] as a primary point of contact for the [Police] Foundation's work on the implementation of AB 109[], parole reform, sentencing reform, and . . . the debate about the militarization of the American police" (¶ 6), "developing the campaign strategy for outreach and communication with local law enforcement leaders and others in the successful Proposition 47 campaign in 2014" (¶ 7), and working with the Fontana, Santa Barbara, and San Luis Obispo Police Departments in connection with interactions with mentally ill individuals, disabled veterans, and homeless people in their communities (¶ 7). None of these show that Mr. Hoffman has any relevant experience in "addressing the public safety impacts of changes in the way people transition from incarceration to the community." Defendants therefore object to Mr. Hoffman opining on such changes on the grounds that his opinions lack foundation. |
| Hoffman Decl. (ECF Nos. 3219-1 & 6523) | "The California Department of Corrections and Rehabilitation publishes result recidivism statistics periodically. The last published set of data is for persons released in fiscal year 2014/2015. The data | Defendants object to Mr. Hoffman presenting this data in his declaration on the grounds that he **lacks foundation**. Fed. R. Evid. 602. Mr. Hoffman does not state that he has personal knowledge of these figures, and he is not qualified to |

*EXHIBIT A*
TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| | follows these people for the three years after their release. This data shows that persons who are over 60 years old present dramatically lower risks of a new conviction within three years after release compared to other age groups." (Hoffman Decl. ¶ 8.) | authenticate this data, as—by his own declaration—he has not been employed by the CDCR since August 2009.  Mr. Hoffman, through his declaration, does not establish any particular skill or training in interpreting the data referred to in his declaration, nor does he establish that he is qualified to state that the lower recidivism rate identified in the figures was due to the age of the offender. [1] |
| Hoffman Decl. (ECF Nos. 3219-1 & 6523) | "This is consistent with the general consensus in the field of correctional risk assessment that people age out of criminal behavior. A person who engaged in criminal behavior in his twenties is very unlikely to return to such behavior after age 45." (Hoffman Decl. ¶ 8.) | Defendants object to this statement as **lacking foundation**. Fed. R. Evid. 602.  Mr. Hoffman does not establish his knowledge of the current "general consensus" in the field of correctional risk assessment, nor does he define what that means.  He also provides no evidence for his broad, vaguely worded statement that a person in his twenties is "very unlikely" to return to criminal behavior after age 45. |
| Hoffman Decl. (ECF Nos. 3219-1 & 6523) | "Much work has been done to study the public safety impact of California's post-2009 prison population reduction. Both violent and property crime rates have remained at historic lows during the same period in which the prisoner and parolee population dropped. To the left are two tables from a January 2020 report by the Public Policy Institute of California, one showing the drop in the prison and parole population, and the other showing the drop in crime rates."  (Hoffman Decl. ¶ 11.) | Defendants object to this statement as **lacking foundation**. Fed. R. Evid. 602.  Mr. Hoffman has not stated that he worked for or with the Public Policy Institute of California in creating the tables identified, nor that he has personal knowledge of the data within the tables such that he could authenticate their findings. |

---

[1] In fact, the report itself discusses the California Static Risk Assessment (CSRA) tool for calculating each offender's risk of recidivism, and it indicates that offenders are designated as high, medium, or low risk based on criminal history and demographics (of which age is only a single factor).

*EXHIBIT A*

TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| Hoffman Decl. (ECF Nos. 3219-1 & 6523) | "Based on my experience as a former peace officer, and former parole administrator, as well as my continued work in this field, it is my professional opinion that CDCR can accelerate the reduction the prison population to address the COVID-19 pandemic without an adverse impact on public safety." (Hoffman Decl. ¶ 12.) | Defendants object to this statement as **lacking foundation**. Fed. R. Evid. 602.  Mr. Hoffman has not demonstrated any knowledge of prison population reduction or the COVID-19 pandemic. |
| Hoffman Decl. (ECF Nos. 3219-1 & 6523) | "In addition, it is my professional opinion that if CDCR does not act to prevent uncontrolled spread of COVID-19 inside the prisons, the consequences will be harmful to public safety. Movement of staff in and out of the prisons is necessary to their operation. The worse the infection rate is in the prisons, the more risk that staff will carry the virus out to the public. Similarly, even without any additional measures, there is a steady flow of people paroling and/or being released to Post Release Community Supervision. Controlling the rate of infection inside the prison also prevents released prisoners from bringing the virus outside the prisons." (Hoffman Decl. ¶ 13.) | Defendants object to this statement as **lacking foundation**. Fed. R. Evid. 602.  Mr. Hoffman has not demonstrated any knowledge of CDCR's current plans regarding parole or release to Post-Release Community Supervision such that he could opine on a "steady flow of people."  Furthermore, Mr. Hoffman has not demonstrated that he has any special knowledge on movement of staff in and out of prisons.  And nothing in Mr. Hoffman's declaration suggests that he has any training in infectious diseases. |
| Haney Decl. (ECF Nos. 3219-2 & 6526) | "COVID-19 is a novel virus. There is no vaccine for COVID-19, and there is no cure for COVID-19. No one has immunity. Currently, the most effective ways to control the virus are to use preventive strategies, including social distancing, in order to maximize our healthcare capacity for a manageable number of patients. Otherwise, healthcare resources | **Improper expert opinion lacking foundation.** (Fed. R. Evid. 701). Dr. Haney has no scientific, technical or specialized knowledge regarding COVID-19 or infectious diseases.  He is purportedly an expert in psychology and more specifically on living conditions in penal settings. |

3

*EXHIBIT A*
TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| | will be overwhelmed and the Pandemic will worsen". (Haney Decl. ¶ 5.) | |
| Haney Decl. (ECF Nos. 3219-2 & 6526) | "Moreover, jails and prisons are already extremely stressful environments for the persons confined in them to live. They can be psychologically and medically harmful in their own right, leaving formerly incarcerated persons with higher rates of certain kinds of psychiatric and medical problems. Incarceration leads to higher rates of morbidity (illness rates) and mortality (i.e., it lowers the age at which people die)." (Haney Decl. ¶ 7.)" | **Improper expert opinion lacking foundation.** (Fed. R. Evid. 701.) Dr. Haney does not lay a foundation for his stated opinions. **The statements lack relevance** (Fed. R. Evid. 401) Speculation regarding the results of effects of incarceration in general is irrelevant to the issues raised by Plaintiffs' motion concerning the alleged inability of CDCR to provide social distancing. Statements should be excluded under Fed. R. Evid. 403 because even if the general impact of living in a prison environment can be psychologically and medically harmful, the probative value of Dr. Haney's gross generalized statement of prison life will confuse the issue before the Court. |
| Haney Decl. (ECF Nos. 3219-2 & 6526) | "Prisons lack the operational capacity to address the needs of persons in custody in a crisis of this magnitude. These facilities are ill-equipped to provide incarcerated persons with ready access to cleaning and sanitation supplies, or to assure that staff sanitize all surfaces during the day. Most correctional facilities were already operating at or beyond the limits of their capacities to provide mental health or medical care. The demand for such services in this crisis will only grow, and already scarce treatment resources will be stretched even more." (Haney Decl. ¶ 8) | **Improper expert opinion lacking foundation.** (Fed. R. Evid. 701.) Dr. Haney does not lay a foundation for his stated opinions. Even if he has generalized knowledge, there is no foundation for the statements, including any information that links the statements to current conditions within CDCR. Dr. Haney's knowledge and expertise with respect to conditions within CDCR from 2013 is stale. |

*EXHIBIT A*

TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| | | |
| Haney Decl. (ECF Nos. 3219-2 & 6526) | "In addition, prisons typically provide very limited access to telephonic or other forms of remote visiting. Yet precisely *these* ways of connecting to others will become critically important if contact visiting is limited. Furthermore, prisons have only limited means of protecting incarcerated persons from contact with staff who regularly enter facilities after having been in the outside world. Staff members are at risk of having contracted COVID-19 and then transmitting it to all those inside the institutions, including staff and incarcerated persons." (Haney Decl. ¶ 9.) | **Improper expert opinion lacking foundation.** (Fed. R. Evid. 701.) Dr. Haney does not lay a foundation for his stated opinions. Even if he has knowledge concerning conditions within prisons in general, there is no foundation for the statements or any information that links the statements to current conditions within CDCR. His knowledge and expertise with respect to conditions within CDCR from 2013 is stale. |
| Haney Decl. (ECF Nos. 3219-2 & 6526) | "In penal settings, the social distancing that is now required in response the COVID Pandemic will most likely take the form of solitary confinement. Indeed, I have seen precisely this form of social distancing utilized as a matter of course in numerous correctional institutions throughout the country, where medical quarantines are conducted in prison infirmaries or other housing units by effectively placing prisoners in solitary confinement." (Haney Decl. ¶ 10.) | **Improper expert opinion lacking foundation and based on speculation.** (Fed. R. Evid. 403 and 701.) Dr. Haney does not lay a foundation for his stated opinions. Even if he has generalized knowledge concerning conditions within prisons generally, there is no foundation for the statements or any information that links the statements to current conditions within CDCR. His expertise with respect to CDCR from 2013 is stale. His opinion regarding what prisons will do in general to promote social distancing is purely speculative as to CDCR's plans for social distancing. His opinions do not include any reference to CDCR's COVID-19 response plan. |
| Haney Decl. | "Based on my many years of studying correctional systems and practices across the country, and | **Improper expert opinion lacking foundation and based on speculation.** (Fed. R. Evid. 403 and 701.) Dr. Haney does not |

*EXHIBIT A*
TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| (ECF Nos. 3219-2 & 6526) | especially in California, I know that ameliorative measures such as increased treatment and out of cell time will be among the first things that are suspended as the prison system diverts staff to address the Pandemic. I am sure that the CDCR will generally limit movement and contact, and shift more housing units to programs that are identical to the solitary confinement/ segregation programs that I observed and critiqued throughout the system during my tours in 2013." (Haney Decl. ¶ 15.) | lay a foundation for his stated opinions.  Dr. Haney does not describe the basis for his knowledge or statements concerning current conditions in penal settings or the plans by any penal institution in response to COVID-19.  Even if he has generalized knowledge concerning conditions within prisons generally, there is no foundation for the statements or any information that links the statements to current conditions within CDCR. His expertise with respect to CDCR from 2013 is stale.  His opinion regarding what prisons will do in general to promote social distancing is purely speculative as to CDCR's plans for social distancing.  His opinions do not include any reference to CDCR's COVID-19 response plan. |
| Haney Decl. (ECF Nos. 3219-2 & 6526) | "It is my opinion, that the result will be needless suffering and loss of life, unless immediate measures are taken to reduce the population of persons with serious mental illness in the CDCR system."  (Haney Decl. ¶ 16.) | **Improper expert opinion lacking foundation and based on speculation.** (Fed. R. Evid. 403 and 701.)  Dr. Haney does not provide any basis for his knowledge or statements concerning current conditions in penal settings or the plans by any penal institution in response to COVID-19.  Even if he has knowledge concerning conditions within prisons generally, there is no foundation that links the statements to current conditions within CDCR. His expertise with respect to CDCR from 2013 is stale. His opinion regarding what prisons will do in general to promote social distancing is purely speculative as to CDCR's plans for social distancing.  His opinions do not include any reference to CDCR's COVID-19 response plan. |
| Haney Decl. (ECF Nos. 3219-2 & 6526) | "It is my professional opinion that adult prisons must reduce their populations *urgently* in order to | **Improper expert opinion lacking foundation and based on speculation.** (Fed. R. Evid. 403 and 701.)  The opinion is not based on Dr. Haney's knowledge of current conditions in |

6

*EXHIBIT A*
TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| | allow the necessary social distancing in response to the COVID-19 Pandemic." (Haney Decl. ¶ 17.) | CDCR's plans for social distancing. His opinions do not include any reference to CDCR's COVID-19 response plan. |
| Lynch Decl. (ECF Nos. 3220 & 6528) | "The Roster lists all persons identified by the California Department of Corrections and Rehabilitation ("CDCR") with a Disability Placement Program ("DPP") code at all CDCR institutions. DPP codes indicate someone's specific disability. The DPP codes that the CDCR uses are: Mobility (DPW, DPO, DPM, DLT, and DNM); Vision (DPV, DNV); Hearing (DPH, DNH); Speech (DPS); Dialysis (DKD); and Learning (LD). Not all people who are class members in the Armstrong case are identified with DPP codes. For example, people who have upper extremity mobility disabilities are not tracked by the CDCR with a DPP code." (Lynch Decl. ¶ 3.) | **Lacks personal knowledge** (Fed. R. Evid. 602). Ms. Lynch is an investigator at the Prison Law Office. She has no personal knowledge of the meaning of CDCR's disability codes and fails to provide the documentation she relies upon in making this statement. <br><br> **Authentication** (Fed. R. Evid. 901). Rule 901(a) provides that to satisfy the requirement of authenticating an item of evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Since Ms. Lynch fails to attach the referenced item, she cannot satisfy the authentication requirement. <br><br> **Hearsay** (Fed. R. Evid. 801(c), 802). Ms. Lynch's statement relies on an unattached document which contains hearsay to the extent it refers to a document that is not contained in the document. |
| Lynch Decl. (ECF Nos. 3220 & 6528) | "I counted the number of people on the Roster identified with DPP codes at CIM in Joshua Hall, a dormitory housing unit on Facility A." (Lynch Decl. ¶ 4.) | **Authentication** (Fed. R. Evid. 901). Rule 901(a) provides that to satisfy the requirement of authenticating an item of evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Since Ms. Lynch fails to attach the referenced item, she cannot satisfy the authentication requirement. |

7

*EXHIBIT A*
TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| | | **Hearsay** (Fed. R. Evid. 801(c), 802). Ms. Lynch's statement relies on an unattached document which contains hearsay to the extent it refers to document(s) that is/are not contained in the document. |
| Lynch Decl. (ECF Nos. 3220 & 6528) | "In Joshua Hall there are 86 people with DPP codes. Some of those people have more than one type of disability and DPP code." (Lynch Decl. ¶ 5.) | **Lacks personal knowledge** (Fed. R. Evid. 602).<br><br>**Authentication** (Fed. R. Evid. 901). Rule 901(a) provides that to satisfy the requirement of authenticating an item of evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Since Ms. Lynch fails to attach the referenced item, she cannot satisfy the authentication requirement.<br><br>**Hearsay** (Fed. R. Evid. 801(c), 802). Ms. Lynch's statement relies on an unattached document which contains hearsay to the extent it refers to document(s) that is/are not contained in the document. |
| Lynch Decl. (ECF Nos. 3220 & 6528) | "The table below shows the number of people in Joshua Hall with each DPP code." (Lynch Decl. ¶ 6.) | **Lacks personal knowledge** (Fed. R. Evid. 602).<br><br>**Authentication** (Fed. R. Evid. 901). Rule 901(a) provides that to satisfy the requirement of authenticating an item of evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Since Ms. Lynch fails to attach the referenced item, she cannot satisfy the authentication requirement.<br><br>**Hearsay** (Fed. R. Evid. 801(c), 802). Ms. Lynch's statement relies on an unattached document which contains hearsay to the |

*EXHIBIT A*

TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| | | extent it refers to document(s) that is/are not contained in the document. |
| Lynch Decl. (ECF Nos. 3220 & 6528) | "On March 24, 2020, I reviewed medical records for the 86 people with DPP codes living in Joshua Hall. I determined each person's age by using the "Encounter Search" function in the electronic health record system ("EHRS")."  (Lynch Decl. ¶ 7.) | **Authentication** (Fed. R. Evid. 901). Rule 901(a) provides that to satisfy the requirement of authenticating an item of evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."  Since Ms. Lynch fails to attach the referenced items, she cannot satisfy the authentication requirement.<br><br>**Hearsay** (Fed. R. Evid. 801(c), 802).  Ms. Lynch's statement relies on unattached documents which contain hearsay to the extent those documents refer to documents that are not contained in those documents. |
| Lynch Decl. (ECF Nos. 3220 & 6528) | "The age of people with DPP codes living in Joshua Hall ranged from 32 to 89. Twenty-eight people are aged 60-69. Twenty-seven people are aged 70-79. Seven people are aged 80-89."  (Lynch ¶ 8.) | **Lacks personal knowledge**. (Fed. R. Evid. 602).<br><br>**Authentication** (Fed. R. Evid. 901). Rule 901(a) provides that to satisfy the requirement of authenticating an item of evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."  Since Ms. Lynch fails to attach the referenced item, she cannot satisfy the authentication requirement.<br><br>**Hearsay** (Fed. R. Evid. 801(c), 802).  Ms. Lynch's statement relies on an unattached document which contains hearsay to the extent it refers to a document that is not contained in the document. |

*EXHIBIT A*

TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| Lynch Decl. (ECF Nos. 3220 & 6528) | "I randomly selected six people living in Joshua Hall from the Roster and reviewed their medical records. I used the "Diagnosis & Problems" tab in the EHRS to identify what conditions each person has been diagnosed with. These six people have diagnoses and problems including diabetes, hypertension, hyperlipidemia, renal masses, atrial fibrillation, chronic kidney disease, chronic obstructive pulmonary disease, hepatitis C, hypothyroidism, hepatic fibrosis, unspecified systolic (congestive) heart failure, and HIV." (Lynch Decl. ¶ 9.) | **Lacks personal knowledge**. (Fed. R. Evid. 602).<br><br>Authentication (Fed. R. Evid. 901). Rule 901(a) provides that to satisfy the requirement of authenticating an item of evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Since Ms. Lynch fails to attach the referenced items, she cannot satisfy the authentication requirement.<br><br>Hearsay (Fed. R. Evid. 801(c), 802). Ms. Lynch's statement relies on unattached documents which contains hearsay to the extent it refers to a document that is not contained in the document. |
| Lynch Decl. (ECF Nos. 3220 & 6528) | "I counted the number of people on the Roster identified with DPP codes at CIM in Elm Hall, a dormitory housing unit on Facility D." (Lynch Decl. ¶ 10.) | **Authentication** (Fed. R. Evid. 901). Rule 901(a) provides that to satisfy the requirement of authenticating an item of evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Since Ms. Lynch fails to attach the referenced item, she cannot satisfy the authentication requirement.<br><br>**Hearsay** (Fed. R. Evid. 801(c), 802). Ms. Lynch's statement relies on an unattached document which contains hearsay to the extent it refers to document(s) that is/are not contained in the document. |
| Lynch Decl. (ECF Nos. 3220 & 6528) | "In Elm Hall there are 122 people with DPP codes. Some of those people have more than one type of disability and DPP code." (Lynch Decl. ¶ 11.) | **Lacks personal knowledge** (Fed. R. Evid. 602).<br><br>**Authentication** (Fed. R. Evid. 901). Rule 901(a) provides that to satisfy the requirement of authenticating an item of evidence, |

*EXHIBIT A*
TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| | | "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Since Ms. Lynch fails to attach the referenced item, she cannot satisfy the authentication requirement.<br><br>**Hearsay** (Fed. R. Evid. 801(c), 802). Ms. Lynch's statement relies on an unattached document which contains hearsay to the extent it refers to document(s) that is/are not contained in the document. |
| Lynch Decl. (ECF Nos. 3220 & 6528) | "The table below shows the number of people in Elm Hall with each DPP code." (Lynch Decl. ¶ 12.) | **Lacks personal knowledge** (Fed. R. Evid. 602).<br><br>**Authentication** (Fed. R. Evid. 901). Rule 901(a) provides that to satisfy the requirement of authenticating an item of evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Since Ms. Lynch fails to attach the referenced item, she cannot satisfy the authentication requirement.<br><br>**Hearsay** (Fed. R. Evid. 801(c), 802). Ms. Lynch's statement relies on an unattached document which contains hearsay to the extent it refers to document(s) that is/are not contained in the document. |
| Lynch Decl. (ECF Nos. 3220 & 6528) | "On March 24, 2020, I reviewed medical records for the 122 people with DPP codes living in Elm Hall. I determined each person's age by using the "Encounter Search" function in the electronic | **Authentication** (Fed. R. Evid. 901). Rule 901(a) provides that to satisfy the requirement of authenticating an item of evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Since |

*EXHIBIT A*
TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| | health record system ("EHRS")."  (Lynch Decl. ¶ 13.) | Ms. Lynch fails to attach the referenced items, she cannot satisfy the authentication requirement.<br><br>**Hearsay** (Fed. R. Evid. 801(c), 802).  Ms. Lynch's statement relies on unattached documents which contain hearsay to the extent those documents refer to documents that are not contained in those documents. |
| Lynch Decl. (ECF Nos. 3220 & 6528) | "The age of people with DPP codes living in Elm Hall ranged from 26 to 78. 33 people are aged 60-69. 12 people are aged 70-78."  (Lynch Decl. ¶ 14.) | **Lacks personal knowledge** (Fed. R. Evid. 602).<br><br>**Authentication** (Fed. R. Evid. 901). Rule 901(a) provides that to satisfy the requirement of authenticating an item of evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."  Since Ms. Lynch fails to attach the referenced item, she cannot satisfy the authentication requirement.<br><br>**Hearsay** (Fed. R. Evid. 801(c), 802).  Ms. Lynch's statement relies on an unattached document which contains hearsay to the extent it refers to a document that is not contained in the document. |
| Lynch Decl. (ECF Nos. 3220 & 6528) | "I randomly selected six people living in Elm Hall from the Roster and reviewed their medical records. I used the "Diagnosis & Problems" tab in the EHRS to identify what conditions each person has been diagnosed with. These six people have diagnoses and problems including asthma, dyslipidemia, fibrosis of liver, hypertension, | **Lacks personal knowledge** (Fed. R. Evid. 602).<br><br>**Authentication** (Fed. R. Evid. 901). Rule 901(a) provides that to satisfy the requirement of authenticating an item of evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."  Since |

12

*EXHIBIT A*

TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| | seizures, advanced cirrhosis of liver, diabetes, hyperlipidemia, cirrhosis of liver, presence of automatic (implantable) cardiac defibrillator, ANA positive, cardiomyopathy, hypothyroid, disorder of lipoprotein metabolism, presence of coronary angioplasty implant and graft, ventricular fibrillation, unspecified viral hepatitis B without hepatic coma, chronic viral hepatitis C, and liver disease unspecified." (Lynch Decl. ¶ 15.) | Ms. Lynch fails to attach the referenced items, she cannot satisfy the authentication requirement.<br><br>**Hearsay** (Fed. R. Evid. 801(c), 802). Ms. Lynch's statement relies on an unattached document which contains hearsay to the extent it refers to document(s) that is/are not contained in the document. |
| Lynch Decl. (ECF Nos. 3220 & 6528) | "I counted the number of people on the Roster identified with DPP codes at CMF in J-1, a dormitory housing unit." (Lynch Decl. ¶ 16.) | **Authentication** (Fed. R. Evid. 901). Rule 901(a) provides that to satisfy the requirement of authenticating an item of evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Since Ms. Lynch fails to attach the referenced item, she cannot satisfy the authentication requirement.<br><br>**Hearsay** (Fed. R. Evid. 801(c), 802). Ms. Lynch's statement relies on an unattached document which contains hearsay to the extent it refers to document(s) that is/are not contained in the document. |
| Lynch Decl. (ECF Nos. 3220 & 6528) | "In J-1 there are 76 people with DPP codes. Some of those people have more than one type of disability and DPP code." (Lynch ¶ 17.) | **Lacks personal knowledge** (Fed. R. Evid. 602).<br><br>**Authentication** (Fed. R. Evid. 901). Rule 901(a) provides that to satisfy the requirement of authenticating an item of evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Since Ms. Lynch fails to attach the referenced item, she cannot satisfy the authentication requirement. |

13

*EXHIBIT A*

TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| | | **Hearsay** (Fed. R. Evid. 801(c), 802). Ms. Lynch's statement relies on an unattached document which contains hearsay to the extent it refers to document(s) that is/are not contained in the document. |
| Lynch Decl. (ECF Nos. 3220 & 6528) | "The table below shows the number of people in J-1 with each DPP code." (Lynch Decl. ¶ 18.) | **Lacks personal knowledge** (Fed. R. Evid. 602).<br><br>**Authentication** (Fed. R. Evid. 901). Rule 901(a) provides that to satisfy the requirement of authenticating an item of evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Since Ms. Lynch fails to attach the referenced item, she cannot satisfy the authentication requirement.<br><br>**Hearsay** (Fed. R. Evid. 801(c), 802). Ms. Lynch's statement relies on an unattached document which contains hearsay to the extent it refers to document(s) that is/are not contained in the document. |
| Lynch Decl. (ECF Nos. 3220 & 6528) | "On March 24, 2020, I reviewed medical records for the 76 people with DPP codes living in J-1. I determined each person's age by using the "Encounter Search" function in the electronic health record system ("EHRS")." (Lynch Decl. ¶ 19.) | **Authentication** (Fed. R. Evid. 901). Rule 901(a) provides that to satisfy the requirement of authenticating an item of evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Since Ms. Lynch fails to attach the referenced items, she cannot satisfy the authentication requirement.<br><br>**Hearsay** (Fed. R. Evid. 801(c), 802). Ms. Lynch's statement relies on unattached documents which contain hearsay to the |

14

*EXHIBIT A*
TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| | | extent those documents refer to documents that are not contained in those documents. |
| Lynch Decl. (ECF Nos. 3220 & 6528) | "The age of people with DPP codes living in J-1 ranged from 42 to 79. 35 people are aged 60-69. 12 people are aged 70-79." (Lynch Decl. ¶ 20.) | **Lacks personal knowledge** (Fed. R. Evid. 602). **Authentication** (Fed. R. Evid. 901). Rule 901(a) provides that to satisfy the requirement of authenticating an item of evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Since Ms. Lynch fails to attach the referenced item, she cannot satisfy the authentication requirement. **Hearsay** (Fed. R. Evid. 801(c), 802). Ms. Lynch's statement relies on an unattached document which contains hearsay to the extent it refers to a document that is not contained in the document. |
| Lynch Decl. (ECF Nos. 3220 & 6528) | "I randomly selected six people living in J-1 from the Roster and reviewed their medical records. I used the "Diagnosis & Problems" tab in the EHRS to identify what conditions each person has been diagnosed with. These six people have diagnoses and problems including diabetes, hyperkalemia, unspecific sequelae of cerebral infarction, hypertension, hyperlipidemia unspecified, unspecified atrial fibrillation, presence of automatic (implantable) cardiac defibrillator, atherosclerotic heart disease of native coronary artery without angina pectoris, disorder involving immune mechanism unspecified, presence of cardiac | **Lacks personal knowledge** (Fed. R. Evid. 602). **Authentication** (Fed. R. Evid. 901). Rule 901(a) provides that to satisfy the requirement of authenticating an item of evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Since Ms. Lynch fails to attach the referenced items, she cannot satisfy the authentication requirement. **Hearsay** (Fed. R. Evid. 801(c), 802). Ms. Lynch's statement relies on an unattached document which contains hearsay to the extent it refers to document(s) that is/are not contained in the document. |

15

*EXHIBIT A*

TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| | pacemaker, and nonrheumatic aortic (valve) stenosis." (Lynch Decl. ¶ 21.) | |
| Lynch Decl. (ECF Nos. 3220 & 6528) | "During the monitoring tour in October 2019, I was told by the regularly assigned correctional officer in Elm Hall that no changes had been made to the distance between beds in Elm Hall." (Lynch Decl. ¶ 27.) | **Hearsay** (Fed. R. Evid. 801(c), 802).  Ms. Lynch's statement is hearsay because it contains an assertion made by a third party, and it is offered for the truth of the matter asserted. |
| Lynch Decl. (ECF Nos. 3220 & 6528) | "On April 9-11, 2019, and November 19-21, 2019, PLO staff members participated in monitoring tours of CMF." (Lynch Decl. ¶ 28.) | **Lacks personal knowledge** (Fed. R. Evid. 602).  There is no indication that Ms. Lynch was personally present on the monitoring tour. |
| Lynch Decl. (ECF Nos. 3220 & 6528) | "During the monitoring tours, CMF staff members, as directed by PLO investigator Amber Norris and staff attorney Thomas Nosewicz, took photographs throughout the institution."  (Lynch Decl. ¶ 29.) | **Lacks personal knowledge** (Fed. R. Evid. 602).  There is no indication that Ms. Lynch was personally present on the monitoring tour. |
| Lynch Decl. (ECF Nos. 3220 & 6528) | "Following the monitoring tours, we received copies of the photographs produced by Defendants in PDF format." (Lynch Decl. ¶ 30.) | **Lacks personal knowledge** (Fed. R. Evid. 602).  There is no indication that Ms. Lynch was personally present on the monitoring tour. |
| Lynch Decl. (ECF Nos. 3220 & 6528) | "Attached hereto as **Exhibit B**, is a true and correct copy of 14 photographs taken by CMF staff members as directed by PLO staff members. Eight photos were taken during the April 2019 monitoring tour, and six additional photos were taken during the November 2019 monitoring tour." (Lynch Decl. ¶ 31.) | **Lacks personal knowledge** (Fed. R. Evid. 602).  There is no indication that Ms. Lynch was personally present on the monitoring tour. |

*EXHIBIT A*
TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| Lynch Decl. (ECF Nos. 3220 & 6528) | "On March 27-30, 2017, April 15-18, 2019, and June 18-20, 2019 PLO staff members participated in monitoring tours of SATF." (Lynch Decl. ¶ 32.) | **Lacks personal knowledge** (Fed. R. Evid. 602). There is no indication that Ms. Lynch was personally present on the monitoring tour. |
| Lynch Decl. (ECF Nos. 3220 & 6528) | "During the monitoring tour in March 2017, SATF staff members, as directed by PLO investigator Amber Norris and staff attorney Rita Lomio, took photographs throughout the institution." (Lynch Decl. ¶ 33.) | **Lacks personal knowledge** (Fed. R. Evid. 602). There is no indication that Ms. Lynch was personally present on the monitoring tour. |
| Lynch Decl. (ECF Nos. 3220 & 6528) | "During the monitoring tours in April and June 2019, SATF staff members, as directed by PLO investigator Tania Amarillas and staff attorney Rita Lomio, took photographs throughout the institution." (Lynch Decl. ¶ 34.) | **Lacks personal knowledge** (Fed. R. Evid. 602). There is no indication that Ms. Lynch was personally present on the monitoring tour. |
| Lynch Decl. (ECF Nos. 3220 & 6528) | "Following the monitoring tours, we received copies of the photographs produced by Defendants in PDF format." (Lynch Decl. ¶ 35.) | **Lacks personal knowledge** (Fed. R. Evid. 602). There is no indication that Ms. Lynch was personally present on the monitoring tour. |
| Lynch Decl. (ECF Nos. 3220 & 6528) | "Attached hereto as **Exhibit C**, is a true and correct copy of three photographs taken by SATF staff members as directed by PLO staff members. One photo was taken during each of the three monitoring tours." (Lynch Decl. ¶ 36.) | **Lacks personal knowledge** (Fed. R. Evid. 602). There is no indication that Ms. Lynch was personally present on the monitoring tour. |
| Lynch Decl. (ECF Nos. 3220 & 6528) | "On September 6-8, 2017, PLO staff members participated in a monitoring tour of CCWF." Lynch Decl. at 37. | **Lacks personal knowledge** (Fed. R. Evid. 602). There is no indication that Ms. Lynch was personally present on the monitoring tour. |

*EXHIBIT A*

TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| Lynch Decl. (ECF Nos. 3220 & 6528) | "During the monitoring tour, CCWF staff members, as directed by PLO investigator Amber Norris and staff attorney Corene Kendrick, took photographs throughout the institution." (Lynch Decl. ¶ 38.) | **Lacks personal knowledge** (Fed. R. Evid. 602). There is no indication that Ms. Lynch was personally present on the monitoring tour. |
| Lynch Decl. (ECF Nos. 3220 & 6528) | "Following the monitoring tour, we received copies of the photographs produced by Defendants in PDF format. Attached hereto as **Exhibit D**, is a true and correct copy of one photograph taken by CCWF staff members as directed by PLO staff members." (Lynch Decl. ¶ 39.) | **Lacks personal knowledge** (Fed. R. Evid. 602). There is no indication that Ms. Lynch was personally present on the monitoring tour. |
| Stern Decl. (ECF Nos. 3219-4 & 6524) | "California state prisons remain overcrowded, even after the Population Reduction Order upheld by the U.S. Supreme Court in *Brown v. Plata*, 563 U.S. 493 (2001). I have reviewed the Weekly Population Report posted on the website of the CDCR at https://www.cdcr.ca.gov/research/wp-content/uploads/sites/174/2020/03/Tpop1d200318.pdf. This report shows that the California state prisons remain at 130% of capacity. Among the 35 state prisons, all but four are over 100% capacity, and 19 are at or over 130% of design capacity, with eight over 150% capacity. Among the four which are below capacity, their occupancies are still high, from a public health standpoint: 90.9%, 96.2%, 97.3%, and 99.7%." (Stern Decl. ¶ 10) | **Lacks Foundation**. (Fed. R. Evid. 901). **Improper Expert Opinion**. (Fed. R. Evid. 702, 703). Dr. Stern says he's reviewed the weekly population report but he is not an expert in corrections. Dr. Stern is an expert in internal medicine and is providing an opinion outside of his expertise in this paragraph. |
| Stern Decl. | "I visited 10 of the California state prisons in 2009, and have observed many of the large open | **Relevance.** (Fed. R. Evid. 401-402.) To the he extent Dr. Stern's opinion is based on his 2009 observations, it is |

18

*EXHIBIT A*
TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| (ECF Nos. 3219-4 & 6524) | dormitories, housing groups ranging from a half dozen to scores of incarcerated people. Additionally, I have reviewed photographs taken in 2019 and provided to me by plaintiffs' counsel of living areas and day rooms in four prisons: Central California Women's Facility, California Institution for Men, California Medical Facility, and the Substance Abuse Treatment Facility at Corcoran.  I also reviewed a CDCR Institutional Bed Audit dated March 23, 2020 that shows that many of the CDCR dormitories are very crowded.  For example, at Avenal State Prison, all people are housed in dormitories designed to house 50-100 people.  Most of those dormitories are currently at 150% capacity.  At the Central California Women's Facility, some of the dormitories are as much as 194% overcrowded." (Stern Decl. ¶ 11) | irrelevant.  Plaintiff's admit prison populations have been reduced since that time.  **Lacks Foundation.** (Fed. R. Evid. 901).  Dr. Stern does not describe the contents of the photographs with sufficient detail or properly authenticate them. |
| Stern Decl. (ECF Nos. 3219-4 & 6524) | "The level of crowding in the California state prisons, as evidenced by the population reports, the Institutional Bed Audit and the photographs I reviewed, is very significant and worrisome from a public health standpoint.  These crowded conditions, particularly in the dormitories, make it virtually impossible to maintain social distance." (Stern Decl. ¶ 12) | **Lacks Foundation.** (Fed. R. Evid. 901).  To the extent Dr. Stern's opinion is informed by the photographs, it lacks foundation. |
| Stern Decl. (ECF Nos. 3219-4 & 6524) | "In addition, prisons house a higher percentage than the community of people with underlying health conditions that put them at increased risk of serious | **Lacks Foundation.** (Fed. R. Evid. 701.)  Dr. Stern does not lay a foundation for his opinion that "prisons house a higher percentage than the community of people with underlying |

*EXHIBIT A*

TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| | complications (including death) from COVID-19. Therefore, based on the crowded conditions, coupled with the increased concentration of people with high risk of complications, including death, from COVID-19, **incarcerated people in California state prisons are at an extraordinary risk of dying from the COVID-19 virus."** (Stern Decl. ¶ 13.) | health conditions that put them at increased risk of serious complications (including death) from COVID-19." |
| Stern Decl. (ECF Nos. 3219-4 & 6524) | "I have reviewed the CDCR's COVID-19 Preparedness webpage listing the precautions they report to have implemented in the prisons. See https://www.cdcr.ca.gov/covid19/. Even if fully implemented as described, these steps reduce, but to not eliminate significant risk compared to risk in the community." (Stern Decl. ¶ 14.) | **Lacks Foundation.** (Fed. R. Evid. 701.) Dr. Stern does not lay a foundation for what the community risk is as compared to prisons. |
| Stern Decl. (ECF Nos. 3219-4 & 6524) | "For these reasons, I recommend immediately downsizing the population of these prisons, with priority given to those at high risk of harm due to their age and health status, and with the goal of allowing social distancing and recommended public health practices in all ongoing activities. **To be effective in reducing the spread of the virus, these downsizing measures must occur now.** Currently, the prevalence of the virus in the prisons appears low, limited to a few prisons. This gives the California a critical window of opportunity to contain the | **Lacks Foundation.** (Fed. R. Evid. 901). **Improper Expert Opinion.** (Fed. R. Evid. 702, 703). Dr. Stern is not an expert in corrections. Dr. Stern is an expert in internal medicine. Therefore, his opinion regarding social distancing is appropriate. But, his opinion regarding which measures the CDCR should employ to achieve social distancing is not in his area of expertise. |

*EXHIBIT A*

TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| | virus before it permeates the prison system and becomes completely unmanageable." (Stern Decl. ¶ 15.) | |
| Stern Decl. (ECF Nos. 3219-4 & 6524) | "For those people housed in dormitories, reducing the density will enable people to live in group settings with sufficient space to maintain six feet of distance from others."  (Stern Decl. ¶ 16.) | **Lacks Foundation.** (Fed. R. Evid. 701.)  Dr. Stern does not explain what information this opinion is based on. |
| Stern Decl. (ECF Nos. 3219-4 & 6524) | "The risks to which incarcerated people at the 35 California state prisons are exposed stem from the congregate nature of their crowded environment and, for the elderly and chronically ill, from their medical histories. Thus, even if the health care delivery system were constitutionally adequate, the incarcerated people living in these prisons would still be at substantial risk of illness and death."  (Stern Decl. ¶ 16.) | **Lacks Foundation**.  (Fed. R. Evid. 901). **Improper Expert Opinion**.  (Fed. R. Evid. 702, 703).  Dr. Stern is not an expert in constitutional law and therefore cannot opine on what the constitution requires. |
| Brodheim Decl. (ECF Nos. 3219-5 & 6525) | "While in CDCR custody, I lived in dormitories at the California Medical Facility (CMF) from 2000 to 2011." (Brodheim Decl. ¶ 2.) | **Relevance**. (Fed. R. Evid. 401-402).   Plaintiff lived at CMF nine years earlier and admits that CDCR has reduced the inmate population since 2011.  Therefore, Mr. Brodheim's experience from 2000 to 2011 at CMF is not relevant, and the entire declaration should be excluded. |
| Brodheim Decl. (ECF Nos. 3219-5 & 6525) | "Although I have not lived at CMF since July 2015, I observed during my November 2019 visit, that the conditions had changed very little since I had left, except that there were a few more single beds in some of the dorms than there had been before, in addition to the bunk beds.  I believe there were also more people using walkers and wheelchairs in the | **Lacks foundation**. (Fed. R. Evid. 901).  Even lay opinion must have a proper factual basis for the submitted testimony.  (Fed. R. Evid. 701.)  Here, Mr. Brodheim makes vague statements that do not lay a proper foundation for his conclusions. |

21

*EXHIBIT A*
TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| | dorms than when I lived there. This made the dorms even more crowded than they had been before."[2]  (Brodheim Decl. ¶ 4.) | |
| Brodheim Decl. (ECF Nos. 3219-5 & 6525) | "On each floor of J wing, there were multiple dormitories.  As I recall, there was one 8-man dorm on each floor of J-Wing.  The other dorms were 12-man dorms, except for the front dorm which had more than 20 men.  The latter dorm also had its own shower.  Each dorm, except for the 8-man dorm, had one or two single beds with the other beds being double-bunked.  Only the larger dorm had a common area where people could congregate.  There was no similar space in any of the other dorms.  Every dorm had a room in one corner with a toilet and sink.  The room was about the size of a small closet.  Often, people would use that room to bathe (taking what was called a "bird bath") and/or do their laundry."  (Brodheim Decl. ¶ 6.) | **Relevance**. (Fed. R. Evid. 401-402).  Plaintiff lived at CMF nine years earlier and admits that CDCR has reduced the inmate population since 2011.  Therefore, Mr. Brodheim's experience from 2000 to 2011 at CMF is not relevant, and the entire declaration should be excluded. |
| Brodheim Decl. (ECF Nos. 3219-5 & 6525) | "In the J-1, J-2 and J-3 dormitories that I lived in, there were usually 8 men living in a room that measures roughly 20' x 20'.  These men and I shared the one toilet and one sink that was located in the corner of the dormitory.  There were four bunk beds in the dorms I lived in. Even if our beds had been six feet apart, which they were not, it would have been impossible to maintain a distance | **Relevance**. (Fed. R. Evid. 401-402).  Plaintiff lived at CMF nine years earlier and admits that CDCR has reduced the inmate population since 2011.  Therefore, Mr. Brodheim's experience from 2000 to 2011 at CMF is not relevant, and the entire declaration should be excluded. |

---

[2] The year 2015 appears to be an error as Mr. Brodheim stated the last year he lived at CMF was 2011 twice in the declaration.

*EXHIBIT A*

TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| | of six feet from each other while we were sleeping, as we all slept within a couple of 2-3 feet of each other on the upper or lower bunk. And whenever we left our beds to do any activities of normal life, including dressing, bathing, getting food, going to the bathroom etc., we came within six feet of each other." (Brodheim Decl. ¶ 7.) | |
| Brodheim Decl. (ECF Nos. 3219-5 & 6525) | "Some of the people I lived with in the dorms used wheelchairs and/or walkers. This made the small room more crowded and more difficult to maintain distance between us." (Brodheim Decl. ¶ 8.) | **Relevance**. (Fed. R. Evid. 401-402).  Plaintiff lived at CMF nine years earlier and admits that CDCR has reduced the inmate population since 2011.  Therefore, Mr. Brodheim's experience from 2000 to 2011 at CMF is not relevant, and the entire declaration should be excluded. |
| Brodheim Decl. (ECF Nos. 3219-5 & 6525) | "We had to leave the dorm to take a shower. This was true for every dorm except the first, larger dorm, which had its own shower. In order to shower, we had to wait for the custody officer to unlock the door, which they did once an hour. We would have to walk down the hallway to get to the shower room. When I showered, I would be locked in the shower room (for about an hour), typically with about 5-10 other people. Two or three people would use the shower at one time. It would not have been possible to maintain social distance in the shower room, nor could I avoid passing people in my dorm on my way to the shower." (Brodheim Decl. ¶ 9.) | **Relevance**. (Fed. R. Evid. 401-402).  Plaintiff lived at CMF nine years earlier and admits that CDCR has reduced the inmate population since 2011.  Therefore, Mr. Brodheim's experience from 2000 to 2011 at CMF is not relevant, and the entire declaration should be excluded. |
| Brodheim Decl. | "Below are some photos of J-1 dorm, where I lived in 2011.  These photos were taken in April 2019 by | **Lacks Foundation.** (Fed. R. Evid. 901). **Lacks Personal Knowledge.** (Fed. R. Evid. 602.)  Mr. Brodheim declares that |

23

*EXHIBIT A*

TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| (ECF Nos. 3219-5 & 6525) | plaintiffs' *Armstrong* auditing team. The conditions that these incarcerated people are living are very similar to the conditions in the dorm when I lived there." (Brodheim Decl. ¶ 10 and referenced photographs.) | he is a Litigation Assistant for the *Coleman* and *Plata* Plaintiffs." (Brodheim Decl. ¶ 1.) He then claims the Plaintiffs in the *Armstrong* lawsuit took the photographs but lays no foundation for this knowledge. Thus, the photographs have not been properly authenticated. |
| Brodheim Decl. (ECF Nos. 3219-5 & 6525) | "During my visit in November 2019, I observed that most people in the dorms at CMF are still living, showering, and sleeping within a few feet of each other most if not all of the time, just as they were when I lived there." (Brodheim Decl. ¶ 11.) | **Lacks foundation**. (Fed. R. Evid. 901). Even lay opinion must have a proper factual basis for the submitted testimony. (Fed. R. Evid. 701.) Here, Mr. Brodheim makes vague statements that do not lay a proper foundation for his conclusions. |
| Bien Decl. (ECF Nos. 3221 & 6529) | "For the past two years, my co-counsel, Donald Specter of the Prison Law Office, and I have been engaged in ongoing discussions with Defendants about the need to reduce the number of prisoners with serious mental illness in CDCR in light of the ongoing chronic shortages of clinical staff, specialized beds, and treatment and office space." (Bien Decl. at ¶ 2.) | **Inadmissible evidence of offers to compromise.** (Fed. R. Evid. 408.) The discussions between the parties regarding population reduction are inadmissible offers to compromise. **Improper expert opinion lacking foundation and personal knowledge, and it is speculation.** (Fed. R. Evid. 602, 701, 702, 703.) Mr. Bien has no scientific, technical or specialized knowledge and has not laid the foundation to support the statement that population reduction is necessary. **Improper argument.** (*New York v. Solvent Chem. Co.,* 218 F. Supp. 2d 319, 331 (W.D.N.Y. 2002). Mr. Bien's statement that population reduction is necessary is legal argument and an unsupported factual assertion. |
| Bien Decl. (ECF Nos. 3221 & 6529) | "On March 19, 2020, I spoke with Kelli Evans, Chief Deputy Legal Affairs Secretary for Criminal Justice for . . . by telephone. I informed Ms. Evans that a rapid and significant reduction in CDCR's population was urgently needed to address the | **Inadmissible evidence offers to compromise.** (Fed. R. Evid. 408.) The discussions between the parties regarding population reduction are inadmissible offers to compromise. **Improper expert opinion lacking foundation and personal knowledge, and it is speculation.** (Fed. R. Evid. 602, 701, 702, 703.) Mr. |

*EXHIBIT A*
TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| | COVID-19 crisis.  I offered various ideas on how such a population reduction could be completed in a safe and appropriate manner, with the understanding that the selection of any particular method of reduction would be up to Defendants." (Bien Decl. ¶ 4.) | Bien has no scientific, technical or specialized knowledge and has not laid the foundation to support the statement that population reduction is necessary.  **Improper argument.**  (*New York v. Solvent Chem. Co.,* 218 F. Supp. 2d 319, 331 (W.D.N.Y. 2002).  Mr. Bien's statement that population reduction is needed is legal argument and an unsupported factual assertion. |
| Bien Decl. (ECF Nos. 3221 & 6529) | "Ms. Evans stated that various proposals to reduce the prison population in response to the pandemic were under consideration, but that no decision to do anything had been made."  (Bien Decl. ¶ 4.) | **Inadmissible evidence of offers to compromise.**  (Fed. R. Evid. 408.)  The discussions between the parties regarding population reduction are inadmissible offers to compromise. |
| Bien Decl. (ECF Nos. 3221 & 6529) | "CDCR cannot protect the health and safety of CDCR's prisoners and staff, nor the general public, from the COVID-19 pandemic without significantly reducing the extreme level of overcrowding in the system."  (Bien Decl. ¶ 5.) | **Improper expert opinion lacking foundation and personal knowledge, and it is speculation.**  (Fed. R. Evid. 602, 701, 702, 703.)  Mr. Bien has no scientific, technical or specialized knowledge and has not laid the foundation to support the statement that population reduction is necessary.  **Improper argument.**  (*New York v. Solvent Chem. Co.,* 218 F. Supp. 2d 319, 331 (W.D.N.Y. 2002).  Mr. Bien's statement that population reduction is needed is legal argument and an unsupported factual assertion. |
| Bien Decl. (ECF Nos. 3221 & 6529) | "On March 21, 2020, Mr. Specter, Lisa Ells, and I spoke with Ralph Diaz, Secretary of the California Department of Corrections (CDCR), and Jennifer Neill, Chief Counsel for CDCR, as well as the Coleman Special Master, Matthew Lopes. Mr. Diaz and Ms. Neill informed us that various population reduction options in response to COVID-19 were under consideration, but no decisions had been | **Inadmissible evidence of offers to compromise.**  (Fed. R. Evid. 408.)  The discussions between the parties regarding population reduction are inadmissible offers to compromise. |

TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| | made, and that she was not permitted to disclose or discuss the various possibilities with the Special Master or Plaintiffs' counsel. Plaintiffs' counsel informed Defendants that the Court had 'put population on the table' and that if Defendants refused to discuss population reduction, we would so inform the Court." (Bien Decl. ¶ 7.) | |
| Bien Decl. (ECF Nos. 3221 & 6529) | "On March 22, 2020, I spoke privately with Ms. Neill and insisted that Defendants schedule a substantive meeting to discuss population. On March 23, 2020, Mr. Specter, Ms. Ells, and I spoke with Ms. Evans, Mr. Diaz, Ms. Neill, as well as Mr. Lopes. Again, we were informed that Defendants were considering taking various steps to address the dangerously overcrowded conditions in CDCR in light of the COVID-19 crisis, including restricting new admissions to CDCR from County Jails, but that no decisions had been made." (Bien Decl. ¶ 8.) | **Inadmissible evidence of offers to compromise.** (Fed. R. Evid. 408.) The discussions between the parties regarding population reduction are inadmissible offers to compromise. |
| Bien Decl. (ECF Nos. 3221 & 6529) | "On the morning of March 24, 2020, Mr. Specter and I spoke again with Ms. Evans, Mr. Diaz, and Ms. Neill. Mr. Lopes was also on the phone call with Ms. Evans.  We were informed yet again that Defendants still had not decided whether or not to take steps to reduce the prison overcrowding in response to the COVID-19 pandemic."  (Bien Decl. ¶ 9.) | **Inadmissible evidence of offers to compromise.** (Fed. R. Evid. 408.) The discussions between the parties regarding population reduction are inadmissible offers to compromise. |
| Bien Decl. | "According to Plaintiffs' expert, Dr. Marc Stern, COVID-19 is a novel virus for which no vaccine or | **Inadmissible Hearsay.** (Fed. R. Evid. 802.) The out of court statement of Dr. Stern is inadmissible hearsay.    **Improper** |

*EXHIBIT A*
TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| (ECF Nos. 3221 & 6529) | cure exists, and for which no one has immunity. It can be deadly. It progresses extremely rapidly and has spread at exponential rates across the world." (Bien Decl. ¶ 10.) | **expert opinion lacking foundation and personal knowledge, and it is speculation.**  (Fed. R. Evid. 602, 701, 702, 703.)  Mr. Bien has no scientific, technical or specialized knowledge that qualify him to interpret or rely on the statements of Dr. Stern.  Mr. Bien's reliance on Dr. Stern's statements also lack foundation and personal knowledge. |
| Bien Decl. (ECF Nos. 3221 & 6529) | "Urgent consideration and relief is needed because people incarcerated in CDCR's prisons are presently at an extraordinary risk of dying from COVID-19."  (Bien Decl. ¶ 10.) | **Improper expert opinion lacking foundation and personal knowledge, and it is speculation.**  (Fed. R. Evid. 602, 701, 702, 703.)  Mr. Bien has no scientific, technical or specialized knowledge and has not laid the foundation to support his statement.  **Improper argument.**  (*New York v. Solvent Chem. Co.,* 218 F. Supp. 2d 319, 331 (W.D.N.Y. 2002).  Mr. Bien's statement that relief is needed to prevent the risk of dying is legal argument and an unsupported factual assertion. |
| Bien Decl. (ECF Nos. 3221 & 6529) | "As of March 23, 2020, 46,265 people in California's prisons currently live in dorms. This amounts to 38% of the State's total in-custody population as of March 18, 2020. Amber Norris, an investigator and monitor employed at the Prison Law Office working under the direction and supervision of a lawyer at my office, Cara E. Trapani, calculated these numbers. To calculate the number of people housed in dorms, Ms. Norris, under Ms. Trapani's supervision, analyzed data provided in the March 23, 2020 Institutional Bed Audit ("March 23 Institutional Bed Audit"), which the State provided to me via email and which I have attached hereto as Exhibit 3. *See* ¶ 13, *supra*. Specifically, Ms. Norris reviewed each page of the | **Inadmissible hearsay and multiple hearsay.**  (Fed. R. Evid. 801, 802, 805.)  The statement relies on out of court statements in documents, and calculations made by non-declarants based on the out of court statements in those documents.  **Lacks foundation and personal knowledge.**  (Fed. R. Evid. 602.)  The declaration does not establish the declarant has personal knowledge of the calculations or that the calculations were an appropriate interpretation of the data used.  **Improper authentication.**  (Fed. R. Evid. 901.)  The declaration does not properly authenticate the document or information relied on for the calculations. |

*EXHIBIT A*

TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| | 48-page Bed Audit and added together all numbers listed in the column entitled "Occupied Count" for all rows that listed "Dorm" in the column entitled "Type of Bed." To obtain total percentage of individuals who live in dorms statewide, Ms. Trapani, at my direction, then divided the total number of people who live in dorms by the total in-custody population figure for March 18, 2020 that is reported in CDCR's Monthly Total Population Report." (Bien Decl. ¶ 16.) | |
| Bien Decl. (ECF Nos. 3221 & 6529) | As of March 23, 2020, 37,677 people live in CDCR dorms that are at or over 100% design capacity. Of those, 78% (29,401 people) live in dorms at or over 137.5% design capacity, including 13,458 people living in dorms at or over 175% design capacity. Ms. Norris, again under Ms. Trapani's supervision and at my direction, calculated these numbers using data provided in the March 23 Institutional Bed Audit. Specifically, to obtain the number of patients housed in dorms at or over 100% design capacity, Ms. Norris added together all numbers listed in the column entitled "Occupied Count" for all rows that listed "Dorm" in the column entitled "Type of Bed" and an "O/C%" (i.e., "Occupied Count Percentage," or the percentage of "Occupied Beds" as compared to the "Design Bed Count") of 100 or more percent. Under Ms. Trapani's supervision, and at my direction, Ms. Norris repeated these steps for rows noting an "O/C%" 137.5 or more percent, | **Inadmissible hearsay and multiple hearsay.** (Fed. R. Evid. 801, 802, 805.) The statement relies on out of court statements in documents, and calculations made by non-declarants based on the out of court statements in those documents. **Lacks foundation and personal knowledge.** (Fed. R. Evid. 602.) The declaration does not establish the declarant has personal knowledge of the calculations or that the calculations were an appropriate interpretation of the data used. **Improper authentication.** (Fed. R. Evid. 901.) The declaration does not properly authenticate the document or information relied on for the calculations. |

28

*EXHIBIT A*

TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| | and an "O/C%" of 175 or more percent.  (Bien Decl. ¶ 17.) | |
| Bien Decl. (ECF Nos. 3221 & 6529) | "As March 23, 2020, 1,654 EOP class members live in CDCR dorms, which is approximately 25% of all EOP class members in CDCR. Lisa Ells, a lawyer in my office, calculated these numbers. To calculate the number of EOP class members housed in dorms, Ms. Ells analyzed data provided in the March 23 Institutional Bed Audit. Specifically, Ms. Ells reviewed each page of the 48-page Bed Audit and added together all numbers listed in the column entitled "Occupied Count" for all rows that listed "Dorm" in the column entitled "Type of Bed" and "EOP" in the column entitled "Program." To obtain the total percentage of EOP class members who live in dorms statewide, Ms. Ells then divided the total number of EOP class members who live in dorms by the total number of EOP class members systemwide as of February 18, 2020, as reported in Defendants' Mental Health Services Delivery System Management Information Summary Report . . ." (Bien Decl. ¶ 18.) | **Inadmissible hearsay and multiple hearsay**.  (Fed. R. Evid. 801, 802, 805.)  The statement relies on out of court statements in documents, and calculations made by non-declarants based on the out of court statements in those documents.  **Lacks foundation and personal knowledge.**  (Fed. R. Evid. 602.)  The declaration does not establish the declarant has personal knowledge of the calculations or that the calculations were an appropriate interpretation of the data used.  **Improper authentication.**  (Fed. R. Evid. 901.)  The declaration does not properly authenticate the document or information relied on for the calculations. |
| Bien Decl. (ECF Nos. 3221 & 6529) | "As March 23, 2020, 1,063 of the 1,654 EOP class members were living in CDCR dorms that are or over 100% design capacity (64%), and of those, 251 were in dorms operating at or over 137.5% design capacity (24%). Ms. Ells calculated these numbers using data provided in the March 23 Institutional Bed Audit. Specifically, to obtain the | **Inadmissible hearsay and multiple hearsay**.  (Fed. R. Evid. 801, 802, 805.)  The statement relies on out of court statements in documents, and calculations made by non-declarants based on the out of court statements in those documents.  **Lacks foundation and personal knowledge.**  (Fed. R. Evid. 602.)  The declaration does not establish the declarant has personal knowledge of the calculations or that the calculations were an |

TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| | number of EOP class members housed in dorms at or over 100% design capacity, Ms. Ells added together all numbers listed in the column entitled "Occupied Count" for all rows that listed "Dorm" in the column entitled "Type of Bed," "EOP" in the column entitled "Program," and an "O/C%" of 100 or more percent. Ms. Ells repeated these steps for rows noting an "O/C%" 137.5 or more percent." (Bien Decl. ¶ 19.) | appropriate interpretation of the data used.  **Improper authentication.**  (Fed. R. Evid. 901.)  The declaration does not properly authenticate the document or information relied on for the calculations. |
| Bien Decl. (ECF Nos. 3221 & 6529) | "Out of CDCR's 35 institutions, 65% (or 24 facilities) have dorms that are at or over 100% design capacity. Ms. Trapani, at my direction, obtained this number by adding the total number of institutions listed in the March 23 Institutional Bed Audit that showed at least one dorm with an "O/C%" over 100% and dividing the total number (24) by the total number of institutions (35)."  (Bien Decl. ¶ 20.) | **Inadmissible hearsay and multiple hearsay.**  (Fed. R. Evid. 801, 802, 805.)  The statement relies on out of court statements in documents, and calculations made by non-declarants based on the out of court statements in those documents.  **Lacks foundation and personal knowledge.**  (Fed. R. Evid. 602.)  The declaration does not establish the declarant has personal knowledge of the calculations or that the calculations were an appropriate interpretation of the data used.  **Improper authentication.**  (Fed. R. Evid. 901.)  The declaration does not properly authenticate the document or information relied on for the calculations. |
| Bien Decl. (ECF Nos. 3221 & 6529) | "The CDCR suicide rate for 2019 was 30.3 deaths per 100,000 people. Dylan Verner-Crist, a paralegal employed at my firm working under my direction and supervision, calculated the 2019 rates by using the methodology employed by the Coleman Special Master's experts in their 2014 Suicide Report. See Report on Suicides Completed in the California Department of Corrections and Rehabilitation, January 1, 2014 – December 31, 2014 ("2014 | **Inadmissible hearsay and multiple hearsay.**  (Fed. R. Evid. 801, 802, 805.)  The statement relies on out of court statements in documents, and calculations made by non-declarants based on the out of court statements in those documents.  **Lacks foundation and personal knowledge.**  (Fed. R. Evid. 602.)  The declaration does not establish the declarant has personal knowledge of the calculations or that the calculations were an appropriate interpretation of the data used. |

*EXHIBIT A*
TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| | Suicide Report"), March 29, 2016, ECF No. 5428, at 1-6. In the report, the Special Master's experts give the CDCR suicide rates for the years 1999 through 2014, calculated by multiplying the number of suicides for the given year by 100,000 and then dividing this number by the total in-custody population as of June 30 of that same year. *See id.* at 2. Following this methodology, Mr. Verner-Crist used the total in-custody population figure for June 30, 2019 that is reported in CDCR's Monthly Total Population Report. Attached hereto as Exhibit 39 is a true and correct copy of the CDCR population report used for this calculation, available at https://www.cdcr.ca.gov/research/wp-content/uploads/sites/174/2019/07/Tpop1d1906.pdf, which shows that the total in-custody population as of June 30, 2019 was 125,472 prisoners." (Bien Decl. ¶ 53.) | |
| Bien Decl. (ECF Nos. 3221 & 6529) | "To calculate the number of suicides for 2019, Mr. Verner-Crist, under my supervision, used CDCR's Suicide Death Notifications, which Defendants regularly provide to Plaintiffs' Counsel in this case. Mr. Verner-Crist then multiplied the number of suicides by 100,000 and divided the resulting figure by the total in-custody population as of June 30, 2019." (Bien Decl. ¶ 54.) | **Inadmissible hearsay and multiple hearsay.** (Fed. R. Evid. 801, 802, 805.) The statement relies on out of court statements in documents, and calculations made by non-declarants based on the out of court statements in those documents. **Lacks foundation and personal knowledge.** (Fed. R. Evid. 602.) The declaration does not establish the declarant has personal knowledge of the calculations or that the calculations were an appropriate interpretation of the data used. |
| Bien Decl. (ECF Nos. 3221 & 6529) | "In the course of my work on *Coleman*, I am provided by Defendants with various sources of data and statistics regarding the characteristics of | **Inadmissible hearsay and multiple hearsay.** (Fed. R. Evid. 801, 802, 805.) The statement relies on out of court statements in documents, and calculations made by non-declarants based |

31

*EXHIBIT A*

TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| | the Coleman class. Based on my knowledge of that data, the class tends on average to be older than the rest of the people incarcerated in CDCR. The most recent data I have reviewed indicated that approximately 30% of the class is over the age of 50." (Bien Decl. ¶ 55.) | on the out of court statements in those documents. **Lacks foundation and personal knowledge.** (Fed. R. Evid. 602, 701.) The declaration fails to provide the underlying information for the calculation or establish personal knowledge of that information. |
| Bien Decl. (ECF Nos. 3221 & 6529) | "As of March 11, 2020, 13,415 Coleman class members were housed in dorms. To calculate the number of Coleman class members housed in Level I or II housing in CDCR, Jessica Winter, an attorney in my office operating at my direction, relied on Defendants' Out of Level Housing Report, which Defendants provide to Plaintiffs and the Special Master as Enclosure 11 to their routine monthly reporting in Coleman. Attached hereto as Exhibit 43 is a true and correct copy of the most recent Enclosure 11 - Out of Level Housing Report provided to us by Defendants, which we received on March 16, 2020 and reflects data as of March 11, 2020. This report contains the housing level and individual security scores for EOP and CCCMS patients, along with non-class members and those who fall into the "other" category. The column entitled "Inmate Score Level" denotes each prisoner's individual security score. The column entitled "Housing Level" denotes the security level of each prisoner's housing unit. Because CDCR houses some class members in units that do not match their individual security scores, the numbers | **Inadmissible hearsay and multiple hearsay.** (Fed. R. Evid. 801, 802, 805.) The statement relies on out of court statements in documents, and calculations made by non-declarants based on the out of court statements in those documents. **Lacks foundation and personal knowledge.** (Fed. R. Evid. 602.) The declaration does not establish the declarant has personal knowledge of the calculations or that the calculations were an appropriate interpretation of the data used. **Improper authentication.** (Fed. R. Evid. 901.) The declaration does not properly authenticate the document or information relied on for the calculations. |

*EXHIBIT A*

TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| | in the "Housing Level" and "Inmate Score Level" columns do not match. Ms. Winter used the columns "EOP" and "CCCMS" under "Mental Health Code" to calculate the number of class members in each housing level. Ms. Winter added all the numbers of EOP and CCCMS patients for each of the Level I and II rows under the column "Housing Level." This resulted in a total of 13,415 EOP or CCCMS class members housed in Level I or II housing as of March 11, 2020: 1,248 + 1 (Level I EOP and CCCMS in Level I housing) + 386 + 345 (Level I EOP and CCCMS in Level II housing) + 48 (Level II EOP and CCCMS in Level I housing) + 8,908 + 2,286 (Level II EOP and CCCMS in Level II housing) + 139 + 42 (Level III EOP and CCCMS in Level II housing) + 4 + 8 (Level IV EOP and CCCMS in Level II housing)." (Bien Decl. ¶ 59.) | |
| Bien Decl., Exhibit 3 (ECF Nos. 3221 & 6529) | Institution Bed Audit – Document showing Facility Name and bed type. | **Inadmissible hearsay and multiple hearsay.** (Fed. R. Evid. 801, 802, 805.) The document and information contained in the document are hearsay. **Improper authentication.** (Fed. R. Evid. 901.) The declaration does not properly authenticate the document or information in the document. |
| Bien Decl., Exhibit 5 (ECF Nos. 3221 & 6529) | March 20, 2020 Email from Nick Weber; Subject: Coleman – March 19, 2020 Inpatient Census and Waitlist Data | **Inadmissible hearsay within hearsay.** (Fed. R. Evid. 801, 802, 805.) The email is hearsay contained within hearsay. **Improper authentication.** (Fed. R. Evid. 901.) The declaration does not properly authenticate the document or information in the document. **Irrelevant information.** (Fed. |

*EXHIBIT A*

TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| | | R. Evid. 401.) The information is irrelevant to the extent it provided point-in-time information that has since changed. |
| Bien Decl., Exhibit 5 (ECF Nos. 3221 & 6529) | Psychiatric Inpatient Programs Census and Pending List Report as of 03/19/2020, Attached to March 20, 2020 Email from Nick Weber. | **Inadmissible hearsay and multiple hearsay.** (Fed. R. Evid. 801, 802, 805.) The document and information contained in the document are hearsay. **Improper authentication.** (Fed. R. Evid. 901.) The declaration does not properly authenticate the document or information in the document. |
| Bien Decl., Exhibit 6 (ECF Nos. 3221 & 6529) | Weekly Report of Population as of Midnight March 18, 2020, California Department of Correction and Rehabilitation, Division of Correctional Policy Research and Internal Oversight, Office of Research, March 18, 2020. | **Inadmissible hearsay and multiple hearsay.** (Fed. R. Evid. 801, 802, 805.) The document and information contained in the document are hearsay. **Improper authentication.** (Fed. R. Evid. 901.) The declaration does not properly authenticate the document or information in the document. **Irrelevant information.** (Fed. R. Evid. 401.) The information is irrelevant to the extent it provided point-in-time information that has since changed. |
| Bien Decl., Exhibit 7 (ECF Nos. 3221 & 6529) | Centers for Disease Control Coronavirus Disease 2019 (COVID-19) Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities. | **Irrelevant information.** (Fed. R. Evid. 401.) The interim guidance is irrelevant to the extent it does not take into account CDCR's specific characteristics and does not provide guidance on population reduction through prison releases. **Unfair Prejudice, Misleading, of Confusing evidence.** (Fed. R. Evid. 403.) The probative value of relying on the interim guidance and is substantially outweighed by the risk of unfair prejudice, confusion, and being misleading because it does not take into account specific characteristics of CDCR's prison staff, population, and facilities. |
| Bien Decl., Exhibit 8 | "Iran to pardon 10,000, including "security" prisoners," Patrick Wintour, The Guardian, March 18, 2020. | **Inadmissible hearsay and multiple hearsay.** (Fed. R. Evid. 801, 802, 805.) The newspaper article and the statements in the article are hearsay within hearsay. **Improper authentication.** |

34

*EXHIBIT A*

TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| (ECF Nos. 3221 & 6529) | | (Fed. R. Evid. 901.)  The declaration does not properly authenticate the newspaper article or the information contained in the article.  **Lacks foundation and personal knowledge.** (Fed. R. Evid. 602.)  The declaration does not establish personal knowledge or foundation for the article or the statements within the article. **Unfair Prejudice, Misleading, of Confusing evidence.**  (Fed. R. Evid. 403).  The probative value of relying on the information is substantially outweighed by the risk of unfair prejudice, confusion, or misleading the fact finder because it seeks to establish a connection between different factual situations without establishing sufficient foundation for the comparison. **Irrelevant information.**  (Fed. R. Evid. 401.)  The article is irrelevant to the extent it does not take into account CDCR's specific characteristics. |
| Bien Decl., Exhibit 9 (ECF Nos. 3221 & 6529) | "New Jersey Set to Release Up to 1,000 County Jail Inmates," Casey Leins, U.S. News U World Report, March 24, 2020. | **Inadmissible hearsay and multiple hearsay**.  (Fed. R. Evid. 801, 802, 805.)  The newspaper article and the statements in the article are hearsay within hearsay.  **Improper authentication.** (Fed. R. Evid. 901.)  The declaration does not properly authenticate the newspaper article or the information contained in the article.  **Lacks foundation and personal knowledge.** (Fed. R. Evid. 602.)  The declaration does not establish personal knowledge or foundation for the article or the statements within the article. **Unfair Prejudice, Misleading, of Confusing evidence.**  (Fed. R. Evid. 403).  The probative value of relying on the information is substantially outweighed by the risk of unfair prejudice, confusion, or misleading the fact finder because it |

*EXHIBIT A*

**TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER**

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| | | seeks to establish a connection between different factual situations without establishing sufficient foundation for the comparison. **Irrelevant information.** (Fed. R. Evid. 401.) The article is irrelevant to the extent it does not take into account CDCR's specific characteristics. |
| Bien Decl., Exhibit 10 (ECF Nos. 3221 & 6529) | "Iowa's prisons will accelerate release of approved inmates to mitigate COVID-19," Times-Republican, March 24, 2020. | **Inadmissible hearsay and multiple hearsay.** (Fed. R. Evid. 801, 802, 805.) The newspaper article and the statements in the article are hearsay within hearsay. **Improper authentication.** (Fed. R. Evid. 901.) The declaration does not properly authenticate the newspaper article or the information contained in the article. **Lacks foundation and personal knowledge.** (Fed. R. Evid. 602.) The declaration does not establish personal knowledge or foundation for the article or the statements within the article. **Unfair Prejudice, Misleading, of Confusing evidence.** (Fed. R. Evid. 403). The probative value of relying on the information is substantially outweighed by the risk of unfair prejudice, confusion, or misleading the fact finder because it seeks to establish a connection between different factual situations without establishing sufficient foundation for the comparison. **Irrelevant information.** (Fed. R. Evid. 401.) The article is irrelevant to the extent it does not take into account CDCR's specific characteristics. |
| Bien Decl., Exhibit 11 (ECF Nos. 3221 & 6529) | "Alameda County approves early releases for nearly 250 inmates at Santa Rita Jail," Megan Cassidy, San Francisco Chronicle, March 19, 2020. | **Inadmissible hearsay and multiple hearsay.** (Fed. R. Evid. 801, 802, 805.) The newspaper article and the statements in the article are hearsay within hearsay. **Improper authentication.** (Fed. R. Evid. 901.) The declaration does not properly |

*EXHIBIT A*
TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| | | authenticate the newspaper article or the information contained in the article. **Lacks foundation and personal knowledge.** (Fed. R. Evid. 602.) The declaration does not establish personal knowledge or foundation for the article or the statements within the article. **Unfair Prejudice, Misleading, of Confusing evidence.** (Fed. R. Evid. 403). The probative value of relying on the information is substantially outweighed by the risk of unfair prejudice, confusion, or misleading the fact finder because it seeks to establish a connection between different factual situations without establishing sufficient foundation for the comparison. **Irrelevant information.** (Fed. R. Evid. 401.) The article is irrelevant to the extent it does not take into account CDCR's specific characteristics. |
| Bien Decl., Exhibit 12 (ECF Nos. 3221 & 6529) | "Jails across California, country release inmates because of coronavirus," Liza Fernandez, KTVU Fox 2, March 19, 2020. | **Inadmissible hearsay and multiple hearsay.** (Fed. R. Evid. 801, 802, 805.) The article and the statements in the article are hearsay within hearsay. **Improper authentication.** (Fed. R. Evid. 901.) The declaration does not properly authenticate the article or the information contained in the article. **Lacks foundation and personal knowledge.** (Fed. R. Evid. 602.) The declaration does not establish personal knowledge or foundation for the article or the statements within the article. **Unfair Prejudice, Misleading, of Confusing evidence.** (Fed. R. Evid. 403). The probative value of relying on the information is substantially outweighed by the risk of unfair prejudice, confusion, or misleading the fact finder because it seeks to establish a connection between different factual |

*EXHIBIT A*
TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| | | situations without establishing sufficient foundation for the comparison. **Irrelevant information.** (Fed. R. Evid. 401.) The article is irrelevant to the extent it does not take into account CDCR's specific characteristics. |
| Bien Decl., Exhibit 13 (ECF Nos. 3221 & 6529) | "Wisconsin Gov. Tony Evers, halting prison admission to prevent COVID-19 spread," Emily Hamer, Wisconsin State Journal, March 22, 2020. | **Inadmissible hearsay and multiple hearsay.** (Fed. R. Evid. 801, 802, 805.) The newspaper article and the statements in the article are hearsay within hearsay. **Improper authentication.** (Fed. R. Evid. 901.) The declaration does not properly authenticate the newspaper article or the information contained in the article. **Lacks foundation and personal knowledge.** (Fed. R. Evid. 602.) The declaration does not establish personal knowledge or foundation for the article or the statements within the article. **Unfair Prejudice, Misleading, of Confusing evidence.** (Fed. R. Evid. 403). The probative value of relying on the information is substantially outweighed by the risk of unfair prejudice, confusion, or misleading the fact finder because it seeks to establish a connection between different factual situations without establishing sufficient foundation for the comparison. **Irrelevant information.** (Fed. R. Evid. 401.) The article is irrelevant to the extent it does not take into account CDCR's specific characteristics. |
| Bien Decl., Exhibit 14 (ECF Nos. 3221 & 6529) | "Florida state prisons suspend intake of new inmates," Tyler Vazquez, Florida Today, March 20, 2020. | **Inadmissible hearsay and multiple hearsay.** (Fed. R. Evid. 801, 802, 805.) The newspaper article and the statements in the article are hearsay within hearsay. **Improper authentication.** (Fed. R. Evid. 901.) The declaration does not properly authenticate the newspaper article or the information contained |

TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| | | in the article.  **Lacks foundation and personal knowledge.** (Fed. R. Evid. 602.)  The declaration does not establish personal knowledge or foundation for the article or the statements within the article.<br>**Unfair Prejudice, Misleading, of Confusing evidence.**  (Fed. R. Evid. 403).  The probative value of relying on the information is substantially outweighed by the risk of unfair prejudice, confusion, or misleading the fact finder because it seeks to establish a connection between different factual situations without establishing sufficient foundation for the comparison.<br>**Irrelevant information.**  (Fed. R. Evid. 401.)  The article is irrelevant to the extent it does not take into account CDCR's specific characteristics. |
| Bien Decl., Exhibit 15 (ECF Nos. 3221 & 6529) | "Alabama prisons block new jail intakes for 30 days amid coronavirus pandemic," Melissa Brown, Montgomery Advertiser, March 21, 2020. | **Inadmissible hearsay and multiple hearsay.**  (Fed. R. Evid. 801, 802, 805.)  The newspaper article and the statements in the article are hearsay within hearsay.  **Improper authentication.** (Fed. R. Evid. 901.)  The declaration does not properly authenticate the newspaper article or the information contained in the article.  **Lacks foundation and personal knowledge.** (Fed. R. Evid. 602.)  The declaration does not establish personal knowledge or foundation for the article or the statements within the article.<br>**Unfair Prejudice, Misleading, of Confusing evidence.**  (Fed. R. Evid. 403).  The probative value of relying on the information is substantially outweighed by the risk of unfair prejudice, confusion, or misleading the fact finder because it seeks to establish a connection between different factual |

*EXHIBIT A*
TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| | | situations without establishing sufficient foundation for the comparison. **Irrelevant information.** (Fed. R. Evid. 401.) The article is irrelevant to the extent it does not take into account CDCR's specific characteristics. |
| Bien Decl., Exhibit 16 (ECF Nos. 3221 & 6529) | "At least 38 test positive for coronavirus in New York City jails," The Associated Press, MPR news, March 21, 2020. | **Inadmissible hearsay and multiple hearsay.** (Fed. R. Evid. 801, 802, 805.) The article and the statements in the article are hearsay within hearsay. **Improper authentication.** (Fed. R. Evid. 901.) The declaration does not properly authenticate the article or the information contained in the article. **Lacks foundation and personal knowledge.** (Fed. R. Evid. 602.) The declaration does not establish personal knowledge or foundation for the article or the statements within the article. **Unfair Prejudice, Misleading, of Confusing evidence.** (Fed. R. Evid. 403). The probative value of relying on the information is substantially outweighed by the risk of unfair prejudice, confusion, or misleading the fact finder because it seeks to establish a connection between different factual situations without establishing sufficient foundation for the comparison. **Irrelevant information.** (Fed. R. Evid. 401.) The article is irrelevant to the extent it does not take into account CDCR's specific characteristics. |
| Bien Decl., Exhibit 17 (ECF Nos. 3221 & 6529) | Preparedness, Prevention and Control of COVID-19 in Prisons and Other Places of Detention, Interim Guidance, World Health Organization, Regional Office for Europe, March 15, 2020. | **Irrelevant information.** (Fed. R. Evid. 401.) The interim guidance is irrelevant to the extent it does not take into account CDCR's specific characteristics and does not provide guidance on population reduction through prison releases. **Unfair Prejudice, Misleading, of Confusing evidence.** (Fed. R. Evid. 403). The probative value of relying on the interim guidance |

*EXHIBIT A*

TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| | | and is substantially outweighed by the risk of unfair prejudice, confusion, and being misleading because it does not take into account specific characteristics of CDCR's prison staff, population, and facilities. |
| Bien Decl., Exhibit 19 (ECF Nos. 3221 & 6529) | Active State Employees by Department/Facility, December 2019. | **Irrelevant information.** (Fed. R. Evid. 401.) The number of state employees at agencies and CDCR's facilities is irrelevant to Plaintiffs' request to reduce the prison population. **Unfair Prejudice, Misleading, of Confusing evidence.** (Fed. R. Evid. 403.) The limited probative value the report of the number of employees that work in CDCR and its facilities is substantially outweighed by the risk of unfair prejudice, confusion, and misleading the fact finder to the extent the information is used to show risk of introducing COVID-19 or not having enough staff to care for inmates because it does not take into account protective measures, daily staffing, or delineate the roles and duties of staff. |
| Bien Decl., Exhibit 20 (ECF Nos. 3221 & 6529) | California Prisons Are a 'Tinderbox of Potential Infection,' Former CDCR Secretary Warns," Sukey Lewis, Maris Lagos, Julie Small, KQED, March 23, 2020. | **Inadmissible hearsay and multiple hearsay**. (Fed. R. Evid. 801, 802, 805.) The article and the statements in the article are hearsay within hearsay. **Improper authentication.** (Fed. R. Evid. 901.) The declaration does not properly authenticate the article or the information contained in the article. **Lacks foundation and personal knowledge.** (Fed. R. Evid. 602.) The declaration does not establish personal knowledge or foundation for the article or the statements within the article. **Unfair Prejudice, Misleading, of Confusing evidence.** (Fed. R. Evid. 403.) The probative value of relying on the information is substantially outweighed by the risk of unfair prejudice, confusion, or misleading the fact finder because it |

*EXHIBIT A*

TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| | | relies on statements of a former employee without establishing knowledge of current conditions or protective measures taken. |
| Bien Decl., Exhibit 20 (ECF Nos. 3221 & 6529) | Statement of Scott Kernan that, "You think cruise ships are a petri dish? Prisons are even more so the mass of humanity. So I'm very concerned about my colleagues and the inmates and their families in jails and prisons across the country." | **Inadmissible hearsay and multiple hearsay.** (Fed. R. Evid. 801, 802, 805.) The article and the statement are hearsay within hearsay. **Improper expert opinion lacking foundation and personal knowledge, and it is speculation.** (Fed. R. Evid. 602, 701, 702, 703.) The declaration and article fail to lay foundation for the opinion and fail to establish Mr. Kernan has the required scientific, technical or specialized knowledge necessary to express the opinion. **Improper authentication.** (Fed. R. Evid. 901.) The declaration does not properly authenticate the article or the information contained in the article. **Lacks foundation and personal knowledge.** (Fed. R. Evid. 602.) The declaration does not establish personal knowledge or foundation for the statement in the article. **Unfair Prejudice, Misleading, of Confusing evidence.** (Fed. R. Evid. 403.) The probative value of relying on the information is substantially outweighed by the risk of unfair prejudice, confusion, or misleading the fact finder because it relies on statements of a former employee without establishing knowledge of current conditions or protective measures taken. |
| Bien Decl., Exhibit 20 (ECF Nos. 3221 & 6529) | Statement of Scott Kernan that, "state leaders need to look at all options to reduce the prison population to mitigate the worst impacts of an outbreak." | **Inadmissible hearsay and multiple hearsay.** (Fed. R. Evid. 801, 802, 805.) The article and the statement are hearsay within hearsay. **Improper expert opinion lacking foundation and personal knowledge, and it is speculation.** (Fed. R. Evid. 602, 701, 702, 703.) The declaration and article fail to lay foundation for the opinion and fail to establish Mr. Kernan has the required scientific, technical or specialized knowledge necessary to express the medical opinion. **Improper** |

*EXHIBIT A*
TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| | | **authentication.** (Fed. R. Evid. 901.) The declaration does not properly authenticate the article or the information contained in the article. **Lacks foundation and personal knowledge.** (Fed. R. Evid. 602.) The declaration does not establish personal knowledge or foundation for the statement in the article. **Unfair Prejudice, Misleading, of Confusing evidence.** (Fed. R. Evid. 403). The probative value of relying on the information is substantially outweighed by the risk of unfair prejudice, confusion, or misleading the fact finder because it relies on statements of a former employee without establishing knowledge of current conditions or protective measures taken. |
| Bien Decl., Exhibit 20 (ECF Nos. 3221 & 6529) | Statement of Scott Kernan, "the lack of activities and connection is also likely to take a toll on people being held in prison." | **Inadmissible hearsay and multiple hearsay.** (Fed. R. Evid. 801, 802, 805.) The article and the statement are hearsay within hearsay. **Improper expert opinion lacking foundation and personal knowledge, and it is speculation.** (Fed. R. Evid. 602, 701, 702, 703.) The declaration and article fail to lay foundation for the opinion and fail to establish Mr. Kernan has the required scientific, technical or specialized knowledge necessary to express the medical opinion. **Improper authentication.** (Fed. R. Evid. 901.) The declaration does not properly authenticate the article or the information contained in the article. **Lacks foundation and personal knowledge.** (Fed. R. Evid. 602.) The declaration does not establish personal knowledge or foundation for the statement in the article. **Unfair Prejudice, Misleading, of Confusing evidence.** (Fed. R. Evid. 403). The probative value of relying on the information is substantially outweighed by the risk of unfair prejudice, confusion, or misleading the fact finder because it |

43

*EXHIBIT A*
TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| | | relies on statements of a former employee without establishing knowledge of current conditions or protective measures taken. |
| Bien Decl., Exhibit 20 (ECF Nos. 3221 & 6529) | Statement of Scott Kernan that, "It's a tinderbox of potential infection as you go forward, especially if you are just watching what's going on around the world . . . I know Italy and Brazil had serious violence and even escapes and murders in the jails as a result of COVID-19." | **Inadmissible hearsay and multiple hearsay.** (Fed. R. Evid. 801, 802, 805.) The article and the statement are hearsay within hearsay. **Improper expert opinion lacking foundation and personal knowledge, and it is speculation.** (Fed. R. Evid. 602, 701, 702, 703.) The declaration and article fail to lay foundation for the opinion and fail to establish Mr. Kernan has the required scientific, technical or specialized knowledge necessary to express the medical opinion. **Improper authentication.** (Fed. R. Evid. 901.) The declaration does not properly authenticate the article or the information contained in the article. **Lacks foundation and personal knowledge.** (Fed. R. Evid. 602.) The declaration does not establish personal knowledge or foundation for the statement in the article. **Unfair Prejudice, Misleading, of Confusing evidence.** (Fed. R. Evid. 403). The probative value of relying on the information is substantially outweighed by the risk of unfair prejudice, confusion, or misleading the fact finder because it relies on statements of a former employee without establishing knowledge of current conditions or protective measures taken and seeks to compare multiple different situations without establishing a foundation for the comparison. |
| Bien Decl., Exhibit 21 (ECF Nos. 3221 & 6529) | Realignment, Incarceration, and Crime Trends in California, Public Policy Institute of California, May 2015. | **Inadmissible hearsay and multiple hearsay.** (Fed. R. Evid. 801, 802, 805.) The study and the statements in the study are hearsay within hearsay. **Improper expert opinion lacking foundation and personal knowledge, and it is speculation.** (Fed. R. Evid. 602, 701, 702, 703.) Mr. Bien lacks the required scientific, technical, and specialized knowledge and has failed |

*EXHIBIT A*

TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| | | to lay sufficient foundation to apply the findings of this study to the current situation or proposed population reduction measures. **Improper authentication.** (Fed. R. Evid. 901.) The declaration does not properly authenticate the study or the information contained in the study. **Lacks foundation and personal knowledge.** (Fed. R. Evid. 602.) The declaration does not establish personal knowledge or foundation for the study or the information in the study. **Irrelevant information.** (Fed. R. Evid. 401.) The study is not relevant to the extent it relies on old information and fails to establish its findings are applicable to the current population or unique circumstances. **Unfair Prejudice, Misleading, of Confusing evidence.** (Fed. R. Evid. 403). The probative value of relying on the information is substantially outweighed by the risk of unfair prejudice, confusion, or misleading the fact finder because it was published in 2015, relies on information that is not timely, and fails to show that its findings would be applicable to the current prison population or the population to be released under the currently existing circumstances. |
| Bien Decl., Exhibit 24 (ECF Nos. 3221 & 6529) | March 13, 2020 Email to Gavin, Newsom, Governor of the State of California. | **Inadmissible hearsay and multiple hearsay.** (Fed. R. Evid. 801, 802, 805.) The email and the statements in the email are hearsay within hearsay. **Improper expert opinion lacking foundation and personal knowledge, and it is speculation.** (Fed. R. Evid. 602, 701, 702, 703.) The declaration and email fail to establish that the author has the required scientific, technical, and specialized knowledge to state the opinions in the email regarding CDCR's COVID-19 response. **Improper authentication.** (Fed. R. Evid. 901.) The declaration does not properly authenticate the email or the information contained in |

45

*EXHIBIT A*
TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
|  |  | the study.  **Lacks foundation and personal knowledge.**  (Fed. R. Evid. 602.)  The declaration does not establish personal knowledge or foundation for the statements contained in the email.  **Unfair Prejudice, Misleading, of Confusing evidence.** (Fed. R. Evid. 403).  The probative value of relying on the information in the email is substantially outweighed by the risk of unfair prejudice, confusion, or misleading the fact finder because the declaration and email fail to establish a proper foundation for the statements and opinions expressed in the email. |
| Bien Decl., Exhibit 24 (ECF Nos. 3221 & 6529) | "COVID-19 outbreaks in California prisons and jails will spread "like wildfire" due to close quarters, overpopulation, unsanitary conditions, overcrowding, and staff that come in and out of the prisons every single day." | **Inadmissible hearsay and multiple hearsay.**  (Fed. R. Evid. 801, 802, 805.)  The statement in the email is hearsay within hearsay.  **Improper expert opinion lacking foundation and personal knowledge, and it is speculation.**  (Fed. R. Evid. 602, 701, 702, 703.) The declaration and email fail to establish that the author has the required scientific, technical, and specialized knowledge to state the opinion regarding how conditions in CDCR will affect the spread of COVID-19.  **Improper authentication.**  (Fed. R. Evid. 901.)  The declaration does not properly authenticate the statement.  **Lacks foundation and personal knowledge.**  (Fed. R. Evid. 602.)  The declaration does not establish personal knowledge or foundation for the statement.  **Unfair Prejudice, Misleading, of Confusing evidence.**  (Fed. R. Evid. 403).  The probative value of relying on the information in the email is substantially outweighed by the risk of unfair prejudice, confusion, or misleading the fact finder because the declaration and email fail to establish a proper foundation for the statement and opinion regarding the spread of COVID-19 in CDCR. |

*EXHIBIT A*

TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| Bien Decl., Exhibit 24 (ECF Nos. 3221 & 6529) | "California prisons are designed for a maximum capacity of 85,000 people but have been over capacity for decades.  There are currently 123,000 people held in CDCR custody.  Though the prison population has begun to decline in California, it still remains 5 times the size it was in 1980, despite the incredible drop in crime rates since the early 1990s." | **Inadmissible hearsay and multiple hearsay.**  (Fed. R. Evid. 801, 802, 805.)  The statement in the email is hearsay within hearsay.  **Improper authentication.**  (Fed. R. Evid. 901.)  The declaration does not properly authenticate the statement.  **Lacks foundation and personal knowledge.**  (Fed. R. Evid. 602.)  The declaration does not establish personal knowledge or foundation for the statement. |
| Bien Decl., Exhibit 24 (ECF Nos. 3221 & 6529) | "This overcrowding and unsanitary conditions will contribute to the spread of COVID-19 within California's prison system. Moreover, it threatens the public at large, as thousands of individuals and correctional, medical, and other staff interact with the incarcerated population and return to their communities." | **Inadmissible hearsay and multiple hearsay.**  (Fed. R. Evid. 801, 802, 805.)  The statement in the email is hearsay within hearsay.  **Improper expert opinion lacking foundation and personal knowledge, and it is speculation.**  (Fed. R. Evid. 602, 701, 702, 703.)  The declaration and email fail to establish that the author has the required scientific, technical, and specialized knowledge to state the opinion regarding how conditions in CDCR will affect the spread of COVID-19, inmate and staff health, and public health.  **Improper authentication.**  (Fed. R. Evid. 901.)  The declaration does not properly authenticate the statement.  **Lacks foundation and personal knowledge.**  (Fed. R. Evid. 602.)  The declaration does not establish personal knowledge or foundation for the statement.  **Unfair Prejudice, Misleading, of Confusing evidence.**  (Fed. R. Evid. 403).  The probative value of relying on the information in the email is substantially outweighed by the risk of unfair prejudice, confusion, or misleading the fact finder because the declaration and email fail to establish a proper foundation for the statement and opinion regarding COVID-19's effect on CDCR's population, staff, and public health. |

*EXHIBIT A*

TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| Bien Decl., Exhibit 24 (ECF Nos. 3221 & 6529) | "COVID-19 poses the greatest risk of death to the elderly as well as to those who are immunocompromised, suffer from diabetes, chronic obstructive pulmonary disorder and other lung conditions, high blood pressure, and those with cancer." | **Inadmissible hearsay and multiple hearsay.** (Fed. R. Evid. 801, 802, 805.) The statement in the email is hearsay within hearsay. **Improper expert opinion lacking foundation and personal knowledge, and it is speculation.** (Fed. R. Evid. 602, 701, 702, 703.) The declaration and email fail to establish that the author has the required scientific, technical, and specialized knowledge to state a medical opinion on the impact of COVID-19. **Improper authentication.** (Fed. R. Evid. 901.) The declaration does not properly authenticate the statement. **Lacks foundation and personal knowledge.** (Fed. R. Evid. 602.) The declaration does not establish personal knowledge or foundation for the statement. **Unfair Prejudice, Misleading, of Confusing evidence.** (Fed. R. Evid. 403). The probative value of relying on the information in the email is substantially outweighed by the risk of unfair prejudice, confusion, or misleading the fact finder because the declaration and email fail to establish a proper foundation for the statement and opinion regarding the impact of COVID-19. |
| Bien Decl., Exhibit 24 (ECF Nos. 3221 & 6529) | "And in California, we have an aging prison population. Even as the state tried to decrease the number of people in prison, the population of people in prison 55 or older increased by 94 percent between 2005 and 2015, and in 2017, one in seven people in a California prison was age 55 or older. People in this age group are at the greatest risk for death from COVID-19 yet pose the least public safety risk to our communities. Thus evidence supports that this cohort of people can be safely released." | **Inadmissible hearsay and multiple hearsay.** (Fed. R. Evid. 801, 802, 805.) The statement in the email is hearsay within hearsay. **Improper expert opinion lacking foundation and personal knowledge, and it is speculation.** (Fed. R. Evid. 602, 701, 702, 703.) The declaration and email fail to establish that the author has the required scientific, technical, and specialized knowledge to state a medical opinion on the impact of COVID-19 on the current prison population. **Improper authentication.** (Fed. R. Evid. 901.) The declaration does not properly authenticate the statement. **Lacks foundation and personal knowledge.** (Fed. R. Evid. 602.) The declaration |

*EXHIBIT A*
TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| | | does not establish personal knowledge or foundation for the statement. **Unfair Prejudice, Misleading, of Confusing evidence.** (Fed. R. Evid. 403). The probative value of relying on the information in the email is substantially outweighed by the risk of unfair prejudice, confusion, or misleading the fact finder because the declaration and email fail to establish a proper foundation for the statement and opinion regarding the impact of COVID-19 on the current prison population. |
| Bien Decl., Exhibit 24 (ECF Nos. 3221 & 6529) | "Further, overcrowding has led to too few health care professionals working inside the prisons to provide even an adequate level of care." | **Inadmissible hearsay and multiple hearsay.** (Fed. R. Evid. 801, 802, 805.) The statement in the email is hearsay within hearsay. **Improper expert opinion lacking foundation and personal knowledge, and it is speculation.** (Fed. R. Evid. 602, 701, 702, 703.) The declaration and email fail to establish that the author has the required scientific, technical, and specialized knowledge to provide an opinion on CDCR's medical workforce and its ability to provide adequate care. **Improper authentication.** (Fed. R. Evid. 901.) The declaration does not properly authenticate the statement. **Lacks foundation and personal knowledge.** (Fed. R. Evid. 602.) The declaration does not establish personal knowledge or foundation for the statement. **Unfair Prejudice, Misleading, of Confusing evidence.** (Fed. R. Evid. 403). The probative value of relying on the information in the email is substantially outweighed by the risk of unfair prejudice, confusion, or misleading the fact finder because the declaration and email fail to establish a proper foundation for the opinion that CDCR does not have sufficient medical staff to provide adequate care. |
| Bien Decl., Exhibit 24 | "By releasing the elderly and others who present a low public safety risk from the state's prisons, it | **Inadmissible hearsay and multiple hearsay.** (Fed. R. Evid. 801, 802, 805.) The statement in the email is hearsay within |

49

*EXHIBIT A*

TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| (ECF Nos. 3221 & 6529) | will reduce overcrowding and free up health care services to begin to properly address the remaining people kept inside the prisons." | hearsay. **Improper expert opinion lacking foundation and personal knowledge, and it is speculation.** (Fed. R. Evid. 602, 701, 702, 703.) The declaration and email fail to establish that the author has the required scientific, technical, and specialized knowledge to provide an opinion on the proper way for CDCR to respond to COVID-19. **Improper authentication.** (Fed. R. Evid. 901.) The declaration does not properly authenticate the statement. **Lacks foundation and personal knowledge.** (Fed. R. Evid. 602.) The declaration does not establish personal knowledge or foundation for the statement. **Unfair Prejudice, Misleading, of Confusing evidence.** (Fed. R. Evid. 403.) The probative value of relying on the information in the email is substantially outweighed by the risk of unfair prejudice, confusion, or misleading the fact finder because the declaration and email fail to establish a proper foundation for the opinion of how CDCR should respond to COVID-19. |
| Bien Decl., Exhibit 24 (ECF Nos. 3221 & 6529) | "Jails and prisons house large numbers of people with chronic illnesses and complex medical needs, who are more vulnerable to becoming seriously ill and requiring more medical care with COVID-19. And the growing number of older adults in prisons are at higher risk for serious complications from a viral infection like COVID-19. Releasing these vulnerable groups from prison and jail will reduce the need to provide complex medical care or transfers to hospitals when staff will be stretched thin. Individuals who do not have families or others | **Inadmissible hearsay and multiple hearsay.** (Fed. R. Evid. 801, 802, 805.) The statement in the email is hearsay within hearsay. **Improper expert opinion lacking foundation and personal knowledge, and it is speculation.** (Fed. R. Evid. 602, 701, 702, 703.) The declaration and email fail to establish that the author has the required scientific, technical, and specialized knowledge to provide an opinion on the medical effects of COVID-19 and on the proper way for CDCR to respond to COVID-19. **Improper authentication.** (Fed. R. Evid. 901.) The declaration does not properly authenticate the statement. **Lacks foundation and personal knowledge.** (Fed. R. Evid. 602.) The declaration does not establish personal |

*EXHIBIT A*

TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| | that can offer housing should be released to re-entry facilities." | knowledge or foundation for the statement. **Unfair Prejudice, Misleading, of Confusing evidence.** (Fed. R. Evid. 403). The probative value of relying on the information in the email is substantially outweighed by the risk of unfair prejudice, confusion, or misleading the fact finder because the declaration and email fail to establish a proper foundation for its opinion on the medical effects of COVID-19 and how CDCR should respond to COVID-19's risks. |
| Bien Decl., Exhibit 24 (ECF Nos. 3221 & 6529) | "People who have been sentenced to determinate sentences and who would be released son [sic] should be released immediately. This will limit overcrowding and free up beds in facilities that will be needed to care for the sick. These people are overwhelmingly in low-level (Levels 1 and 2) security." | **Inadmissible hearsay and multiple hearsay.** (Fed. R. Evid. 801, 802, 805.) The statement in the email is hearsay within hearsay. **Improper expert opinion lacking foundation and personal knowledge, and it is speculation.** (Fed. R. Evid. 602, 701, 702, 703.) The declaration and email fail to establish that the author has the required scientific, technical, and specialized knowledge to provide an opinion on the appropriate response to COVID-19. **Improper authentication.** (Fed. R. Evid. 901.) The declaration does not properly authenticate the statement. **Lacks foundation and personal knowledge.** (Fed. R. Evid. 602.) The declaration does not establish personal knowledge or foundation for the statement. **Unfair Prejudice, Misleading, of Confusing evidence.** (Fed. R. Evid. 403). The probative value of relying on the information in the email is substantially outweighed by the risk of unfair prejudice, confusion, or misleading the fact finder because the declaration and email fail to establish a proper foundation for its opinion on the proper response to COVID-19. |
| Bien Decl., Exhibit 24 | "Parole officers and others should ceases seeking warrants for behaviors that would not warrant incarceration for people not on parole. Reducing | **Inadmissible hearsay and multiple hearsay.** (Fed. R. Evid. 801, 802, 805.) The statement in the email is hearsay within hearsay. **Improper expert opinion lacking foundation and** |

51

*EXHIBIT A*

TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| (ECF Nos. 3221 & 6529) | these unnecessary incarcerations would reduce the risk of transmitting a virus between the facilities -- jails and prisons -- and the community, and vice versa." | **personal knowledge, and it is speculation.** (Fed. R. Evid. 602, 701, 702, 703.) The declaration and email fail to establish that the author has the required scientific, technical, and specialized knowledge to provide an opinion on the appropriate response to COVID-19. **Improper authentication.** (Fed. R. Evid. 901.) The declaration does not properly authenticate the statement. **Lacks foundation and personal knowledge.** (Fed. R. Evid. 602.) The declaration does not establish personal knowledge or foundation for the statement. **Unfair Prejudice, Misleading, of Confusing evidence.** (Fed. R. Evid. 403). The probative value of relying on the information in the email is substantially outweighed by the risk of unfair prejudice, confusion, or misleading the fact finder because the declaration and email fail to establish a proper foundation for its opinion on the proper response to COVID-19. |
| Bien Decl., Exhibit 24 (ECF Nos. 3221 & 6529) | "In addition to taking steps to immediately address overcrowding, all people who remain in custody should be cared for. We note that in all of the CDCR information released thus far, there is a shocking lack of concrete details given as to the exact steps CDCR is taking to prevent infections, or to care for those who get sick. CDCR has stated that they will use the same protocols they use for other illnesses, which often means widespread lockdowns or isolating people without care. This approach is both cruel and inadequate." | **Inadmissible hearsay and multiple hearsay.** (Fed. R. Evid. 801, 802, 805.) The statement in the email is hearsay within hearsay. **Improper expert opinion lacking foundation and personal knowledge, and it is speculation.** (Fed. R. Evid. 602, 701, 702, 703.) The declaration and email fail to establish that the author has the required scientific, technical, and specialized knowledge to provide an opinion on whether the steps CDCR has taken are appropriate. **Improper authentication.** (Fed. R. Evid. 901.) The declaration does not properly authenticate the statement. **Lacks foundation and personal knowledge.** (Fed. R. Evid. 602.) The declaration does not establish personal knowledge or foundation for the statement. **Unfair Prejudice, Misleading, of Confusing evidence.** (Fed. R. Evid. 403). The probative value of relying |

*EXHIBIT A*
TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| | | on the information in the email is substantially outweighed by the risk of unfair prejudice, confusion, or misleading the fact finder because the declaration and email fail to establish a proper foundation for its opinion on the steps CDCR has taken thus far and offers a legal argument unsupported by facts. |
| Bien Decl., Exhibit 25 (ECF Nos. 3221 & 6529) | March 18, 2020 Email to Daniel Seeman, Deputy Cabinet Secretary, and Kelli Evans, Deputy Legal Affairs Secretary. | **Inadmissible hearsay and multiple hearsay.**  (Fed. R. Evid. 801, 802, 805.)  The email and the statements in the email are hearsay within hearsay.  **Improper expert opinion lacking foundation and personal knowledge, and it is speculation.**  (Fed. R. Evid. 602, 701, 702, 703.) The declaration and email fail to establish that the author has the required scientific, technical, and specialized knowledge to state the opinions in the email regarding CDCR's COVID-19 response.  **Improper authentication.**  (Fed. R. Evid. 901.)  The declaration does not properly authenticate the email or the information contained in the study.  **Lacks foundation and personal knowledge.**  (Fed. R. Evid. 602.)  The declaration does not establish personal knowledge or foundation for the statements contained in the email.  **Unfair Prejudice, Misleading, of Confusing evidence.**  (Fed. R. Evid. 403.)  The probative value of relying on the information in the email is substantially outweighed by the risk of unfair prejudice, confusion, or misleading the fact finder because the declaration and email fail to establish a proper foundation for the statements and opinions expressed in the email. |
| Bien Decl., Exhibit 25 (ECF Nos. 3221 & 6529) | "California's prisons have been overcrowded for decades. We have an aging population incarcerated." | **Inadmissible hearsay and multiple hearsay.**  (Fed. R. Evid. 801, 802, 805.)  The statement in the email is hearsay within hearsay. **Improper authentication.** (Fed. R. Evid. 901.)  The declaration does not properly authenticate the statement.  **Lacks** |

*EXHIBIT A*

TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| | | **foundation and personal knowledge.** (Fed. R. Evid. 602.) The declaration and email do not establish personal knowledge or foundation for the statement. **Unfair Prejudice, Misleading, of Confusing evidence.** (Fed. R. Evid. 403). The probative value of relying on the information in the email is substantially outweighed by the risk of unfair prejudice, confusion, or misleading the fact finder because the declaration and email fail to establish a proper foundation for the statement. |
| Bien Decl., Exhibit 25 (ECF Nos. 3221 & 6529) | "In order to address the public health crisis, actions must be taken now to reduce the population. Public health experts are in agreement about this. The New York Board of Corrections made recommendations yesterday that extend much further than what we are recommending. The Los Angeles Times editorial board issued this today, urging all in charge of jails and prisons to act to expedite releases. The time to act is now." | **Inadmissible hearsay and multiple hearsay.** (Fed. R. Evid. 801, 802, 805.) The statement in the email is hearsay within hearsay. **Improper expert opinion lacking foundation and personal knowledge, and it is speculation.** (Fed. R. Evid. 602, 701, 702, 703.) The declaration and email fail to establish that the author has the required scientific, technical, and specialized knowledge to provide the opinion that CDCR must reduce its population. **Improper authentication.** (Fed. R. Evid. 901.) The declaration does not properly authenticate the statement. **Lacks foundation and personal knowledge.** (Fed. R. Evid. 602.) The declaration and email do not establish personal knowledge or foundation for the statement. **Unfair Prejudice, Misleading, of Confusing evidence.** (Fed. R. Evid. 403). The probative value of relying on the information in the email is substantially outweighed by the risk of unfair prejudice, confusion, or misleading the fact finder because the declaration and email fail to establish a proper foundation for the statement or opinion regarding steps CDCR must take. |
| Bien Decl., Exhibit 25 | "We join public health experts in concluding that the single most effective way -- perhaps the only way -- to achieve risk-mitigating social distancing | **Inadmissible hearsay and multiple hearsay.** (Fed. R. Evid. 801, 802, 805.) The statement in the email is hearsay within hearsay. **Improper expert opinion lacking foundation and** |

*EXHIBIT A*
TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| (ECF Nos. 3221 & 6529) | inside prisons is through accelerated release and other immediate density reduction steps." | **personal knowledge, and it is speculation.** (Fed. R. Evid. 602, 701, 702, 703.) The declaration and email fail to establish that the author has the required scientific, technical, and specialized knowledge to provide the opinion that CDCR must reduce its population. **Improper authentication.** (Fed. R. Evid. 901.) The declaration does not properly authenticate the statement. **Lacks foundation and personal knowledge.** (Fed. R. Evid. 602.) The declaration and email do not establish personal knowledge or foundation for the statement. **Unfair Prejudice, Misleading, of Confusing evidence.** (Fed. R. Evid. 403.) The probative value of relying on the information in the email is substantially outweighed by the risk of unfair prejudice, confusion, or misleading the fact finder because the declaration and email fail to establish a proper foundation for the statement or opinion regarding steps CDCR must take. |
| Bien Decl., Exhibit 25 (ECF Nos. 3221 & 6529) | Statement that hotels and motels can be provided for those released from prison and that "Existing service providers and philanthropic organizations stand ready to increase staffing and resources to accommodate an influx of community placement needs." | **Inadmissible hearsay and multiple hearsay.** (Fed. R. Evid. 801, 802, 805.) The statement in the email is hearsay within hearsay. **Improper authentication.** (Fed. R. Evid. 901.) The declaration does not properly authenticate the statement. **Lacks foundation and personal knowledge.** (Fed. R. Evid. 602.) The declaration and email do not establish personal knowledge or foundation for the statement. **Unfair Prejudice, Misleading, of Confusing evidence.** (Fed. R. Evid. 403.) The probative value of relying on the information in the email is substantially outweighed by the risk of unfair prejudice, confusion, or misleading the fact finder because the declaration and email fail to establish a proper foundation for the information. |

*EXHIBIT A*

TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| Bien Decl., Exhibit 25 (ECF Nos. 3221 & 6529) | The email's recommendations regarding population reduction, reentry and transitional housing, prisoner physical and mental health during the COVID-19 pandemic. | **Inadmissible hearsay and multiple hearsay**. (Fed. R. Evid. 801, 802, 805.) The statements in the email are hearsay within hearsay. **Improper expert opinion lacking foundation and personal knowledge, and it is speculation.** (Fed. R. Evid. 602, 701, 702, 703.) The declaration and email fail to establish that the author has the required scientific, technical, and specialized knowledge to provide the opinions on how CDCR should respond to COVID-19. **Improper authentication.** (Fed. R. Evid. 901.) The declaration does not properly authenticate the statements. **Lacks foundation and personal knowledge.** (Fed. R. Evid. 602.) The declaration and email do not establish personal knowledge or foundation for the statements. **Unfair Prejudice, Misleading, of Confusing evidence.** (Fed. R. Evid. 403). The probative value of relying on the information in the email is substantially outweighed by the risk of unfair prejudice, confusion, or misleading the fact finder because the declaration and email fail to establish a proper foundation for the statement or opinion regarding steps CDCR must take. |
| Bien Decl., Exhibit 27 (ECF Nos. 3221 & 6529) | Coronavirus disease (COVID-19) Pandemic, World Health Organization Webpage listing confirmed cases, confirmed deaths and countries with cases as of March 24, 2020. | **Irrelevant information.** (Fed. R. Evid. 401.) The number of cases and deaths worldwide are not relevant to the existing situation in CDCR and whether the Court should order a reduction in the population. |
| Bien Decl., Exhibit 28 (ECF Nos. 3221 & 6529) | March 18, 2020 Letter from Governor Gavin Newsom to President Donald J. Trump requesting the President deploy the USNS Mercy Hospital Ship to the port of Los Angeles. | **Irrelevant information.** (Fed. R. Evid. 401.) The request to deploy the USNS Mercy Hospital Ship to the port of Los Angeles is not relevant to the existing situation in CDCR and whether the Court should order a reduction in the population. |

*EXHIBIT A*
TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| Bien Decl., Exhibit 29 (ECF Nos. 3221 & 6529) | DASHBOARD STATEWIDE COMPARISON, All Institutions, October 2019. | **Improper authentication.** (Fed. R. Evid. 901.) The declaration does not properly authenticate the document. **Lacks foundation and personal knowledge.** (Fed. R. Evid. 602.) The declaration and does not establish personal knowledge or proper foundation for the document. **Irrelevant information.** (Fed. R. Evid. 401.) The information provided in the dashboard is irrelevant to the extent that is includes information that is six months old and specific to conditions as they existed at the time the data of compiled. |
| Bien Decl., Exhibit 30 (ECF Nos. 3221 & 6529) | Prison Overcrowding State of Emergency Proclamation by the Governor of the State of California, Arnold Schwarzenegger, October 4, 2006. | **Irrelevant information.** (Fed. R. Evid. 401.) The Proclamation is irrelevant because it was issued nearly fourteen years ago at a time when the existing circumstances were vastly different than those existing today. **Unfair Prejudice, Misleading, of Confusing evidence.** (Fed. R. Evid. 403). The probative value of relying on the information in the email is substantially outweighed by the risk of unfair prejudice, confusion, or misleading the fact finder because the Proclamation was issued fourteen years ago at a time when existing circumstances were vastly different than those existing today and does not take into account the measures CDCR has taken to respond to the current circumstances. |
| Bien Decl., Exhibit 32 (ECF Nos. 3221 & 6529) | Mental Health Services Delivery System (MHSDS) Management Information Summary (MIS) Report | **Inadmissible hearsay and multiple hearsay.** (Fed. R. Evid. 801, 802, 805.) The document and information contained in the document are hearsay. **Improper authentication.** (Fed. R. Evid. 901.) The declaration does not properly authenticate the document or information in the document. **Lack Foundation and Personal Knowledge.** (Fed. R. Evid. 602, 701.) The declaration fails to lay proper foundation or personal knowledge for the report or the information contained in the report. |

*EXHIBIT A*
TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| Bien Decl., Exhibit 35 (ECF Nos. 3221 & 6529) | "'Everyone will be contaminated': prisons face strict coronavirus controls," Hannah Summers, The Guardian, March 23, 2020. | **Inadmissible hearsay and multiple hearsay.** (Fed. R. Evid. 801, 802, 805.) The newspaper article and the statements in the article are hearsay within hearsay. **Lacks foundation and personal knowledge.** (Fed. R. Evid. 602.) The declaration does not establish personal knowledge or foundation for the article or the statements within the article. **Unfair Prejudice, Misleading, of Confusing evidence.** (Fed. R. Evid. 403). The probative value of relying on the information is substantially outweighed by the risk of unfair prejudice, confusion, or misleading the fact finder because it seeks to establish a connection between different factual situations without establishing sufficient foundation for the comparison. **Irrelevant information.** (Fed. R. Evid. 401.) The article is irrelevant to the extent it does not take into account CDCR's specific characteristics. |
| Bien Decl., Exhibit 39 (ECF Nos. 3221 & 6529) | Monthly Report of Population as of Midnight June 30, 2019, California Department of Corrections and Rehabilitation, Division of Correctional Policy Research and Internal Oversight, Office of Research. | **Inadmissible hearsay and multiple hearsay.** (Fed. R. Evid. 801, 802, 805.) The document and information contained in the document are hearsay. **Lack Foundation and Personal Knowledge.** (Fed. R. Evid. 602, 701.) The declaration fails to lay proper foundation or personal knowledge for the report or the information contained in the report. **Irrelevant information.** (Fed. R. Evid. 401.) The information is irrelevant to the extent it provided point-in-time information from seven months ago and has since changed. |
| Bien Decl., Exhibit 40 (ECF Nos. 3221 & 6529) | Email from Clark Kelso to Ralph Diaz, Jennifer Neill, Donald Spector, Roscoe Barrow, Richard Kirkland, Steven Tharratt, Subject: "My Current | **Inadmissible hearsay and multiple hearsay.** (Fed. R. Evid. 801, 802, 805.) The document and information contained in the document are hearsay. **Improper authentication.** (Fed. R. |

*EXHIBIT A*

TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| | Thoughts on Population Reduction, sent March 23, 2020. | Evid. 901.) The declaration does not properly authenticate the document or information in the document. |
| Bien Decl., Exhibit 41 (ECF Nos. 3221 & 6529) | 'Prisons Are Bacteria Factories': Elderly at Most Risk," David Montgomery, Stateline, March 25, 2020. | **Inadmissible hearsay and multiple hearsay**. (Fed. R. Evid. 801, 802, 805.) The article and the statements in the article are hearsay within hearsay. **Lacks foundation and personal knowledge.** (Fed. R. Evid. 602.) The declaration does not establish personal knowledge or foundation for the article or the statements within the article. **Unfair Prejudice, Misleading, of Confusing evidence.** (Fed. R. Evid. 403). The probative value of relying on the information is substantially outweighed by the risk of unfair prejudice, confusion, or misleading the fact finder because it seeks to establish a connection between different factual situations without establishing sufficient foundation for the comparison. **Irrelevant information.** (Fed. R. Evid. 401.) The article is irrelevant to the extent it does not take into account CDCR's specific characteristics. |
| Bien Decl., Exhibit 42 (ECF Nos. 3221 & 6529) | "California prisons head acknowledges 'inmate suicide crisis' after reports,'" Jason Fagone and Megan Cassidy, San Francisco Chronicle, October 8, 2019. | **Inadmissible hearsay and multiple hearsay**. (Fed. R. Evid. 801, 802, 805.) The newspaper article and the statements in the article are hearsay within hearsay. **Lacks foundation and personal knowledge.** (Fed. R. Evid. 602.) The declaration does not establish personal knowledge or foundation for the article or the statements within the article. **Unfair Prejudice, Misleading, of Confusing evidence.** (Fed. R. Evid. 403.) The probative value of relying on the information is substantially outweighed by the risk of unfair prejudice, confusion, or misleading the fact finder because it seeks to establish a link between the current situation and the |

*EXHIBIT A*
TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| | | occurrence of suicide within California's prisons without laying proper foundation. |
| Bien Decl., Exhibit 43 (ECF Nos. 3221 & 6529) | Division of Adult Institutions Department of Corrections & Rehabilitation Classification Services Unit State of California Population Management March 2020. | **Inadmissible hearsay and multiple hearsay.**  (Fed. R. Evid. 801, 802, 805.)  The document and information contained in the document are hearsay.  **Improper authentication.**  (Fed. R. Evid. 901.)  The declaration does not properly authenticate the document or information in the document.  **Lack Foundation and Personal Knowledge.**  (Fed. R. Evid. 602, 701.)  The declaration fails to lay proper foundation or personal knowledge for the report or the information contained in the report. |
| Bien Decl., Exhibit 44 (ECF Nos. 3221 & 6529) | Responses to the COVID-19 Pandemic, Prison Policy Initiative, March 25, 2019. | **Inadmissible hearsay and multiple hearsay.**  (Fed. R. Evid. 801, 802, 805.)  The article and the statements in the article are hearsay within hearsay.  **Improper expert opinion lacking foundation and personal knowledge, and it is speculation.**  (Fed. R. Evid. 602, 701, 702, 703.)  The declaration and article fail to establish the foundation for the opinions regarding the best way to respond to COVID-19, including population reductions, and they fail to establish the author has the required scientific, technical or specialized knowledge necessary to express the opinions.  **Improper authentication.**  (Fed. R. Evid. 901.)  The declaration does not properly authenticate the article or the information contained in the article.  **Lacks foundation and personal knowledge.**  (Fed. R. Evid. 602.)  The declaration does not establish personal knowledge or foundation for the article or the statements within the article.  **Unfair Prejudice, Misleading, of Confusing evidence.**  (Fed. R. Evid. 403).  The probative value of relying on the information is substantially outweighed by the risk of unfair prejudice, confusion, or misleading the fact finder because it |

TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| | | seeks to establish a connection between different factual situations without establishing sufficient foundation for the comparison or the opinions expressed in the article. **Irrelevant information.** (Fed. R. Evid. 401.) The article is irrelevant to the extent it does not take into account CDCR's specific characteristics. |
| Bien Decl., Exhibit 45 (ECF Nos. 3221 & 6529) | Carson, Ann E. and Mary P. Cowhig, "Mortality in State and Federal Prisons, 2001-2016-Statistical Tables, U.S. Dept. of Justice, Bureau of Justice Statistics, February 2020. | **Inadmissible hearsay and multiple hearsay.** (Fed. R. Evid. 801, 802, 805.) The report and the statements in the report are hearsay within hearsay. **Improper authentication.** (Fed. R. Evid. 901.) The declaration does not properly authenticate the report or the information contained in the report. **Irrelevant Information.** (Fed. R. Evid. 401.) The report and statistics contained in the report are irrelevant to the extent they are not focused on mortality rates in California's prisons, track data from over four years ago, and do not account for the present circumstances. |
| Bien Decl., Exhibit 46 (ECF Nos. 3221 & 6529) | "25 People Released from Davidson County Jail in Anti-Outbreak Effort," Steven Hale, Nashville Scene, March 23, 2020. | **Inadmissible hearsay and multiple hearsay**. (Fed. R. Evid. 801, 802, 805.) The article and the statements in the article are hearsay within hearsay. **Lacks foundation and personal knowledge.** (Fed. R. Evid. 602.) The declaration does not establish personal knowledge or foundation for the article or the statements within the article. **Unfair Prejudice, Misleading, of Confusing evidence.** (Fed. R. Evid. 403.) The probative value of relying on the information is substantially outweighed by the risk of unfair prejudice, confusion, or misleading the fact finder because it seeks to establish a connection between different factual situations without establishing sufficient foundation for the comparison. |

*EXHIBIT A*

TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO MODIFY POPULATION REDUCTION ORDER

| Evidence | Objectionable Evidence | Defendants' Objections |
|---|---|---|
| | | **Irrelevant information.** (Fed. R. Evid. 401.) The article is irrelevant to the extent it does not take into account CDCR's specific characteristics. |
| Bien Decl., Exhibit 47 (ECF Nos. 3221 & 6529) | Offender Data Points, Offender Demographics for the 24-Month Period Ending December 2018, California Department of Corrections and Rehabilitation, Division of Correctional Policy Research and Internal Oversight, Office of Research, January 2020. | **Inadmissible hearsay and multiple hearsay**. (Fed. R. Evid. 801, 802, 805.) The report and the statements in the report are hearsay within hearsay. **Lack Foundation and Personal Knowledge.** (Fed. R. Evid. 602, 701.) The declaration fails to lay proper foundation or personal knowledge for the report or the information contained in the report. **Irrelevant information.** (Fed. R. Evid. 401.) The information is irrelevant to the extent it provided point-in-time information from two years ago and has since changed. |