IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, et al.,<br><br>    Defendants. | Case No. 2:90-cv-0520 KJM DB P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>    Plaintiff,<br><br>v.<br><br>GAVIN NEWSOM, et al.,<br><br>    Defendants. | Case No. 01-cv-01351-JST<br><br>**THREE-JUDGE COURT**<br><br>**ORDER DENYING MOTION TO INTERVENE BY VALLEY FEVER PRISONERS** |

Now before the Court is the motion to intervene brought by certain prisoners[1] with Valley Fever. ECF No. 3229/6542.[2] The Court invited Plaintiffs and Defendants to submit responses to the motion by 12:00 noon on April 1, 2020. ECF No. 3247/6556 at 1–2. No response was received. The Court denies the motion for the reasons set forth below.

Federal Rule of Civil Procedure 24 provides for both intervention as of right and

---

[1] The precise identity of the intervenors is unknown. No class or sub-class has been certified, and the attorney who filed the motion states that he "does not purport to speak for every inmate afflicted with valley fever." ECF No. 3229/6542 at 5. Because the Court will deny the motion for independent reasons, it does not address this issue further.

[2] All filings in this Three-Judge Court are included in the individual docket sheets of both *Plata v. Newsom*, No. 01-cv-01351-JST (N.D. Cal.), and *Coleman v. Newsom*, No. 2:90-cv-0520 KJM DB P (E.D. Cal.). The Court cites to the docket number of *Plata* first, then *Coleman*.

permissive intervention.[3] Fed. R. Civ. P. 24(a)–(b). Intervention as of right is denied because the proposed intervenors have not shown that their interests will not be "adequately represented by existing parties." Fed. R. Civ. P. 24(a)(2); *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003) (listing "four requirements [that] must be satisfied to support a right to intervene," including that "the applicant's interest must not be adequately represented by existing parties"). All the proposed intervenors are members of at least the plaintiff class in *Plata* because they receive medical care within the state prison system, and they present no reason why *Plata* class counsel will not adequately represent their interests in connection with the current motion.

The Court also exercises its "broad discretion" to deny permissive intervention. *Perry v. Schwarzenegger*, 630 F.3d 898, 905 (9th Cir. 2011). In particular, the Court concludes that proposed intervenors' interests will be adequately represented by Plaintiffs' counsel, and the involvement of additional counsel will not "significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Spangler v. Pasadena Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977).

**IT IS SO ORDERED.**[4]

Dated: April 1, 2020

On behalf of the Court:

_____
JON S. TIGAR
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF CALIFORNIA

---

[3] The proposed intervenors fail to discuss Rule 24 or any of the relevant standards for intervention.

[4] Judge Tigar issues this order on behalf of the Court pursuant to 28 U.S.C. § 2284(b)(3).