OFFICES OF

**PAVONE &**  **FONNER, LLP**

A LAW PARTNERSHIP

**BENJAMIN PAVONE, ESQ.**
**STATE BAR NUMBER 181826**
600 WEST BROADWAY, SUITE 700
SAN DIEGO, CALIFORNIA  92101
TELEPHONE: 619 224 8885
FACSIMILE: 619 224 8886
EMAIL: bpavone@cox.net

ATTORNEYS FOR THE
VALLEY FEVER INTERVENORS

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>        Plaintiffs,<br>v.<br>GAVIN NEWSOM, *et al*.<br><br>        Defendants. | **CASE NO:  2:90-cv-0520 KJM DB P**<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, *et al.*,<br><br>        Plaintiffs,<br>v.<br>GAVIN NEWSOM, *et al*.<br><br>        Defendants. | **CASE NO:  01-cv-01351-JST**<br><br>**THREE-JUDGE COURT**<br><br>**EMERGENCY MOTION FOR RECONSIDERATION**<br><br>Date: Not Set<br>Time: Not Set |
| In re VALLEY FEVER inmates,<br><br>        Intervenors. | Dept: 6 - 2nd Floor<br>Courtroom: 1301 Clay Street,<br>                     Oakland, CA 94612 |

**EMERGENCY MOTION FOR RECONSIDERATION**

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that the valley fever intervenors ("Intervenors") hereby move on an emergency basis for the Court to reconsider its order of April 1, 2020 denying their request to participate in these proceedings. See Dkt. 3253/6564.[1]

**MEMORANDUM OF POINTS AND AUTHORITIES**

A party bringing a motion for reconsideration must demonstrate diligence and at least one of the following:

1. That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

2. The emergence of new material facts or a change of law occurring after the time of such order; or

3. A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

*Terraza v. Safeway*, 2019 U.S.Dist.Lex 73847, *4-5 (N.D.Cal. 2019).

In other words, a motion for reconsideration must provide information to the Court that distinguishes it as something more than just disagreement with the prior order. *Stromberg v. Ocwen Loan*, 2017 U.S. Dist.Lex. 139971, *7 (N.D.Cal. 2017), *citing Verinata Health v. Sequenom*, Case No. 12-CV-00865-SI, 2015 U.S.Dist.Lex. 59467, 2015 WL 2120540, *1 (N.D.Cal. 2015) *quoting United States v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

The Court's order denying Intervenors request rests on two basic propositions: one, that Intervenors did not adequately identify themselves, and two, that Intervenors did not adequately

---

[1] Conforming to the Court's *Plata/Coleman* citation protocol.

demonstrate, as a matter of intervention as of right under FRCP 24, that their interest will not be protected by the existing parties.

As to the first, Intervenors did identify themselves as 126 specific valley fever victims, identified by name and CDCR number in the moving papers. *See* Dkts. 3229/6542, Appendix A. Intervenors only noted in passing that their same plight probably applies to the similarly-situated larger pool of approximately 2,500 valley fever victims still incarcerated, in order to highlight this group's particularly dire situation for all involved, including CDCR officials later carrying out any orders for lenity.

Under *Terraza*, the Court should consider this issue as a prong three criterion for reconsideration. Moving parties are 126 specific people, clearly identified.

As to the second pillar of the Court's opinion, it is not Intervenors' contention that Marciano Plata, or their expert legal counsel in the PLO/Rosen Bien plaintiff counsel group, do not adequately represent the class *on a policy basis*. Clearly they do.

Rather, it is Intervenors' concern about the gap between policy and actual successful implementation of any population reduction plan for specific inmates in a timely fashion. How does the rubber hit the road for the most ultra-vulnerable inmates of all – Intervenors – on this time frame?

As it stands, there is a debate about how soon such reductions could occur for such inmates, even with CDCR fast-tracking the matter. Difficult decisions will need to be made about priority, "non-violent" status, parole eligibility and a host of other variables. Given the magnitude of the risk and harm at stake, and given the obvious complexity of the release process, it is Intervenors belief and preference to have individual representation to press their unique cases, and protect their rights, in as expeditious, timely, and competent fashion as possible.

This preference is spotlighted by new information coming to light today. In today's status report by the *Coleman* special master, he reports that "CDCR reported 25 staff members had tested positive, the highest number being at CIM where there were 11 reported new staff cases." *See Coleman v. Plata*, Dkt. 6565, p. 1.

The inmate declaration filed by Intervenors was from an inmate at Chino – Bruce Koklich. He described the particularly worrisome conditions at A-Facility. Dec. B. Koklich, ¶¶ 1-5; Dkt. 3234/6550). His declaration describes a vast warehouse of some 1,200 ultra-vulnerable medical inmates, all in close proximity to each other, in just one of four sections of the prison. Ibid; Dkt. 3234/6550.

Counsel can attest that 8 of his 126 clients are at Chino.[2] A virus tornado is coming to that prison, and with every respect to the excellent policy-level legal work presented by the PLO team, they do not actually press individual cases. Intervenors fail to see how it can hurt for the Court to have access to prisoners reporting actual percipient experience on the ground; 126 prisoner information packages went out yesterday to assess exactly their plight and the safety reality for each intervenor. This information can be assembled and generalized as a comparison between what CDCR claims and what is actually occurring.

Counsel can also assure the Court that CDCR's rosy representations about its efforts to combat Covid-19 will come under scrutiny; the Koklich declaration already disputes certain aspects of it, such as the availability of hygenic material and its permissibility. Dkts. 3234/6550, ¶ 6.

Frankly, in a perfect world, every inmate in California should have his own lawyer right now to press his unique case for relief from this fatal, impending threat. In our world, those prisoners that are exceptionally vulnerable in already having a serious lung ailment, and who already have counsel willing to help them personally, should at least be able to benefit from that dynamic.

---

[2] Bruce Koklich
Clifford Chaney
Robert Conley
Alvin Flowers
Chek Ngoun
Marvin Pierce
Jay Roach
John Ruggles
(CDCR Numbers listed in 3229/6542 Appendix A.)

PLATA, *et al.* v. NEWSOM, *et al* – 3
VALLEY FEVER PRISONERS' EMERGENCY MOTION TO RECONSIDER

1. Both of the Court's stated, central reasons for denying the motion can be reasonably fit into prongs two or three of *Terraza*. They do not represent a disagreement with the Court's prior order under *Stromberg*. Rather, information is offered to correct or complete perceived defects in the moving presentation, a showing which was, in fairness, required to be filed on unusually short timelines.

Accordingly, Intervenors respectfully request reconsideration of their motion.

Respectfully:

Date: April 2, 2020                                  PAVONE & FONNER, LLP

                                            /s/ Benjamin Pavone
                                            Benjamin Pavone, Esq.
                                            Attorneys for Intervenors