UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No. 2:90-cv-0520 KJM DB P |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

As directed by the court, ECF No. 6546, the Special Master has filed a report on the status of transfer of *Coleman* class members into Department of State Hospitals (DSH) inpatient beds designated for the use of those class members. ECF No. 6565. The Special Master reports that on March 16, 2020, DSH closed admissions to *Coleman* class members, "shutting off access to three of the more appropriate therapeutic milieus (DSH-Atascadero, DSH-Coalinga and [Patton State Hospital] PSH) available to CDCR's patients who are clinically and custodially eligible for placement in the hospitals." ECF No. 6565 at 8. He also reports that DSH is continuing to admit Offenders with a Mental Health Disorder (OMHDs). *Id*. at 4. "Inmates who meet OMHD criteria are mandated by California state law to receive mental health treatment at DSH hospitals when imposed by the Board of Parole Hearings as a special condition of parole. According to counsel,

1

DSH's position was that they were required by law to continue to accept OMHDs." *Id*. Counsel confirmed the foregoing, and the undisputed fact that there are empty *Coleman*-designated beds and a wait list of *Coleman* class members designated for inpatient mental health care, at a status conference before the undersigned earlier today.

DSH is neither admitting *Coleman* class members to inpatient care, nor is it discharging *Coleman* class members back to CDCR when treatment is complete; class members are only being discharged, if at all, to parole release. *Id*. In his report, the Special Master describes well the cascade of ways in which DSH's closure will affect *Coleman* class members in need of inpatient care and the inpatient remedy in *Coleman* that has taken so long to achieve. This court is unaware of any legal authority that permits the rights of OMHDs, constitutional or otherwise, to be prioritized over the constitutional rights of *Coleman* class members.

Good cause appearing, IT IS HEREBY ORDERED that within five calendar days from the date of this order defendants shall show cause in writing, if any they have, why this court should not order defendants promptly to admit *Coleman* class members to *Coleman*-designated inpatient beds in DSH consistent with the protocols established for admission of OHMDs to DSH facilities. Plaintiffs may file a statement of their position within the same time frame.

DATED: April 3, 2020.

CHIEF UNITED STATES DISTRICT JUDGE

/