DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

MICHAEL W. BIEN – 096891
JEFFREY L. BORNSTEIN – 099358
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LISA ELLS – 243657
JENNY S. YELIN – 273601
MICHAEL S. NUNEZ – 280535
JESSICA WINTER – 294237
MARC J. SHINN-KRANTZ – 312968
CARA E. TRAPANI – 313411
ALEXANDER GOURSE – 321631
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | Case No. 2:90-CV-00520-KJM-DB |
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER REGARDING DISCLOSURE OF DEFENDANTS' EMPLOYEES' PERSONNEL INFORMATION** |
| v. | |
| GAVIN NEWSOM, et al., | Judge: Hon. Kimberly J. Mueller |
| Defendants. | |

The parties, through their counsel, agree that the following provisions shall apply to any documents containing personnel information disclosed or produced by Defendants or the California Department of Corrections and Rehabilitation (CDCR) under this Court's Orders, compliance monitoring, or informal and formal discovery conducted in *Coleman v. Newsom*, No. 2:90-CV-00520-KJM-DB (the litigation or *Coleman*) shall be regarded as confidential and subject to this protective order. This protective order does not displace any existing protective orders in this case.

Subject to this protective order, CDCR agrees to produce all CDCR Form 989s, and within 35 days after decisions by a hiring authority on CDCR Form 402 and 403s, the investigation reports and related materials relating to the specific incidents listed in Plaintiff's January 3, 2020 letter and/or any alleged staff misconduct at Richard J. Donovan Correctional Facility (RJD), that occurred from January 1, 2017 to the present, in which the alleged victim of the staff misconduct was a *Coleman* class member.[1]

Documents containing personnel information, including those described above and those that could compromise the integrity of a criminal or administrative investigation, or employee discipline are all collectively referred to as the "Confidential Information" and are subject to the following provisions:

1.    The Confidential Information shall be regarded as confidential and subject to the Court's Protective Order.

2.    The Confidential Information may be disclosed only to:

   (a)    counsel of record in *Coleman* and *Armstrong v. Newsom*, N.D. Cal. Case No. C94 2307 CW;

   (b)    paralegals, attorneys, and stenographic, clerical, and secretarial personnel employed by counsel of record;

---

[1] Other requests for information Plaintiffs submit to CDCR regarding alleged staff misconduct at other institutions, such as Plaintiffs' March 27, 2020 letter regarding California State Prison at Lancaster, shall also be subject to this Protective Order.

[3518838.2]

(c)     Court personnel, and stenographic reporters engaged in proceedings in *Coleman* and *Armstrong v. Newsom*, N.D. Cal. Case No. C94 2307 CW; and

(d)     any outside expert or consultant retained by the parties in *Coleman* or *Armstrong*.

3.     Defendants shall designate in good faith any information believed to be Confidential Information. The criteria for such a designation shall be whether Defendants believe in good faith that the information is entitled to protection from disclosure under federal and California state law, including but not limited to confidential employment records of Defendants' employees. An inadvertent failure to designate any document as Confidential Information does not, standing alone, waive the protection of such document under this Protective Order. If Plaintiffs receive documents that should have been designated as Confidential Information but were inadvertently disclosed, they shall contact and allow Defendants to designate them as such. Both parties must make reasonable efforts to assure that Confidential Information is treated in accordance with this Protective Order, whether or not designated as such.

4.     All persons to whom disclosures of Confidential Information are made shall, before the time of the disclosure, be informed and agree in writing that the Confidential Information shall not be disclosed except as provided in this Protective Order. Counsel, as well as each outside expert or consultant retained by the parties, must also consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California with respect to any proceeding relating to enforcement of this Protective Order, including, without limitation, to any proceeding for contempt.

5.     If, in Defendants' opinion, there are documents or portions of documents that contain information that should not be disclosed under this, or a previous, protective order, Defendants shall notify Plaintiffs' counsel of the nature of the information. If, in Plaintiffs' counsel's opinion, such information is necessary for the conduct of this litigation, the parties shall meet and confer to resolve the issue. If they are unable to reach

2

[3518838.2]

an agreement, the documents containing such information will be presented to the Court for an *in camera* review to determine whether and to what extent such information may be disclosed under a further protective order.

6.      At the conclusion of this litigation, all documents containing Confidential Information, including copies, that remain in Plaintiffs' counsel's possession shall be returned to Defendants, deleted, or destroyed.

7.      Any person or entity who receives Confidential Information shall only use it in the *Coleman* and *Armstrong* cases and not for any other purpose, including other litigation. Prior to Disclosing Confidential Information to persons identified in Paragraph 2 for use in connection with the *Armstrong* litigation, Plaintiffs' counsel shall provide Defendants' counsel with notice of intent to share the information and the reason(s) for sharing the information, including the nexus between the Confidential Information and the *Armstrong* litigation.

8.      If Plaintiffs expect to file a document with the Court that reveals Confidential Information, the parties shall meet and confer to determine the appropriate redactions, or file that document under seal. Any Confidential Information filed with the Court shall be filed under seal, labeled with a cover sheet bearing the case name and number along with the following statement: "This document is subject to a protective order issued by the Court and shall not be copied or examined except in compliance with that order." Documents so labeled shall be kept by the Clerk of the Court under seal and shall be made available only to the Court, the Court-appointed expert witness, or counsel. If the filing party fails to file such information under seal, any party may request that the Court place the document under seal. The procedures of Eastern District Local Rule 141 shall be followed.

9.      No person who has been afforded access to Confidential Information shall disclose or discuss the information, including the identification, location, or disciplinary status and history of any staff member, to or with any person, other than those identified in paragraph 2, *supra*.

10.     Nothing in this Protective Order is intended to prevent officials or employees of the State of California or other authorized government officials from having access to information or documents to which they have access in the normal course of their official duties, including officials and employees at CDCR and its Office of Legal Affairs.

11.     The deliberative process, official information, attorney-client, and work-product privileges are not waived by disclosure or production of documents containing such information under this Protective Order.  Plaintiffs do not waive the right to challenge any privilege designation.

12.     The provisions of this Protective Order are without prejudice to any party's right to (1) apply to the Court for a further protective order relating to any Confidential Information or relating to discovery in this litigation; (2) apply to the Court for an order removing Confidential Information from any documents; (3) apply to the Court for an order removing the designation of Confidential Information made by Defendants from a document; (4) object to a discovery request; (5) object on any ground to the introduction of any of the Confidential Information as evidence; or (6) apply to the Court to modify or rescind this Protective Order.

13.     Confidential Information must be stored and maintained at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.  Any electronic Confidential Information must be stored in password-protected form.

14.1    Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Protective Order requires:

(a)     for information in documentary form (*e.g.*, paper or electronic documents), that the producing party affix the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "*Coleman v. Newsom* (2:90-CV-00520-KJM-DB)" to each page that contains Confidential Information.

[3518838.2]

A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting party has identified the documents it wants copied and produced, the producing party must determine which documents, or portions thereof, qualify for protection under this Protective Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend to each page that contains Confidential Information.

(b) for information produced in native form digitally, the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "*Coleman v. Newsom* (2:90-CV-00520-KJM-DB)" must be affixed to an accompanying cover page in PDF format.

(c) for information produced in some form other than documentary and for any other tangible items, that the producing party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "*Coleman v. Newsom* (2:90-CV-00520-KJM-DB)."

14.2 If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

15. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Confidential Information, that party must:

(a) promptly notify in writing the designating party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order

5

[3518838.2]

to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order; and

(c)	cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential Information may be affected.

If the designating party timely seeks a protective order, the party served with the subpoena or court order shall not produce any Confidential Information before a determination by the court from which the subpoena or order issued, unless the party has obtained the designating party's permission.  The designating party shall bear the burden and expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

16.	Within 60 days after the final disposition of this action, as defined in the subsequent paragraph, each receiving party must return all Confidential Information to the producing party or destroy such material.  As used in this subdivision, "all Confidential Information" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Confidential Information.  Whether the Confidential Information is returned or destroyed, the receiving party must submit a written certification to the producing party (and, if not the same person or entity, to the designating party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Confidential Information that was returned or destroyed, and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential Information.  Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain protected material.  Any such archival copies that contain or constitute protected material remain subject to this Protective Order as set forth below.  Even after

6

[3518838.2]

final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a designating party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be determined by order of the Court.

17. Unless otherwise ordered by the Court, a party that seeks to disclose to an expert any Confidential Information under this Protective Order first must provide written notice to the designating party that identifies the expert to whom that disclosure would be made.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

18. The provisions of this Protective Order shall remain in full force and effect until further order of this Court.

DATED: April 2, 2020                   ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Jenny Yelin*
     Jenny Yelin

Attorneys for Plaintiffs

DATED: April 2, 2020                   XAVIER BECERRA
Attorney General of the State of California

By: */s/ Tyler V. Heath*
     Tyler V. Heath
     Deputy Attorney General

Attorneys for Defendants

Pursuant to Eastern District Local Rule 131(e), I, Jenny Yelin, attest that I obtained concurrence in the filing of this document from Tyler V. Heath.

DATED: April 2, 2020                   */s/ Jenny Yelin*
                                      Jenny Yelin

**IT IS SO ORDERED.**

DATED: April 3, 2020

CHIEF UNITED STATES DISTRICT JUDGE

[3518838.2]