UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No. 2:90-cv-0520 KJM DB P |
| Plaintiffs, | |
| v. | ORDER |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

On Saturday, April 4, 2020, the Three Judge Court, convened in this action and in *Plata v. Newsom*, Case No. 01-cv-1351 JST (N.D. Cal.), denied an emergency motion bought by plaintiffs in both cases to modify the prison population reduction order previously issued by that court, in response to the current coronavirus pandemic. ECF No. 6574. The Three Judge Court's order was without prejudice to the right of each plaintiff class to seek "relief in a procedurally appropriate forum, including the individual *Coleman* and/or *Plata* courts." ECF No. 6574 at 2. In a concurring opinion as a member of that court, the undersigned noted that "expedited proceedings" to "immediately exhaust the possibility of inmate transfers and relocations to secure facilities to achieve constitutionally acceptable conditions for the Plaintiff classes" remained available before the individual district courts. ECF No. 6574 at 15 (Mueller, Chief District Judge, concurring). In this court, a third status on the impact of the coronavirus pandemic on the *Coleman* class is set for this Friday. *See* ECF No. 6571.

Since the Three Judge Court issued its order, four more inmates have tested positive for COVID-19, for a total of seventeen. *See id.* at 2; *see also* Cal. Dep't of Corr. & Rehab., *Population COVID-19 Tracking*[1](last visited Apr. 6, 2020). This number has more than doubled since late last week. The Special Master has informed the court that at least one of the persons infected is a *Coleman* class member. Moreover, a total of fifty-three correctional staff have self-reported as positive for the virus. Cal. Dep't of Corr. & Rehab., *Population COVID-19 Tracking*[2] (last visited Apr. 6, 2020). Again the Special Master has informed this court that at least one such staff member conducted a group session for *Coleman* class members in March 2020.

In light of the growing numbers of infected CDCR inmates and staff members, the exigent circumstances of which this court is aware appear to require immediate steps to safeguard the constitutional rights of the plaintiff class. At this point, this court has no indication that defendants are taking the immediate steps called for at this time. So that the court may by the time of the upcoming status conference make a reasoned assessment of the current circumstances in light of the applicable law, the parties shall by 12 noon on April 8, 2020, file simultaneous briefing, limited to ten pages each, addressing the following:

1. In light of the coronavirus pandemic, what are the constitutional minima required for physical safety for *Coleman* class members? Is six feet of physical distancing required by the Constitution? If not, why not and what is required?

2. Assuming some level of physical distancing is required by the Constitution, what additional steps, if any, must be taken to ensure that defendants continue to deliver to *Coleman* class members at a minimum the level of mental health care that has thus far been achieved in the ongoing remedial process in this case, focused on achieving the delivery of constitutionally adequate mental health care to the plaintiff class?

/////

---

[1] *See* https://www.cdcr.ca.gov/covid19/population-status-tracking/.

[2] *See* https://www.cdcr.ca.gov/covid19/cdcr-cchcs-covid-19-status/.

Additionally, defendants shall provide the following information to the Special Master and the plaintiffs immediately, and in any event not later than 5:00 p.m. on April 7, 2020, in the form of expedited discovery, subject to existing protective orders:

1. The number of *Coleman* class members by institution and mental health level of care (CCCMS, EOP, MHCB, and inpatient care); a description of the housing space for each level of care at each institution (i.e., double cell, single cell, dormitory), with sufficient information to allow calculation of the physical distancing currently possible for each set of class members at each institution and level of care, along with information on the physical distancing currently being achieved; and a list identifying by name and housing location all *Coleman* class members with at least one COVID-19 risk factor.

2. Defendants' specific plan to achieve by the end of this week a defined level of physical distancing for any *Coleman* class member currently residing in housing space that does not allow six feet of physical distancing between inmates, including but not limited to concrete information on any plans to temporarily relocate such class members to off-site secure facilities.

The parties shall meet and confer by 5:00 p.m. on April 8, 2020 regarding the information provided by defendants and file a joint report with the court no later than 12:00 noon on April 9, 2020 concerning the adequacy of defendants' plan to achieve greater physical distancing for members of the plaintiff class.

IT IS SO ORDERED.

DATED: April 6, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE