UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No. 2:90-cv-0520 KJM DB P |
| Plaintiffs, | |
| v. | ORDER |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

As required by court order, this matter came on for further telephonic status conference on April 10, 2020, for further updates on defendants' response to the coronavirus pandemic and its impact on *Coleman* class members. The court has reviewed the parties' responses to its April 3, 2020 order to show cause, ECF No. 6572, and its April 6, 2020 order, ECF No. 6580. It has also considered updates from the Special Master and the positions of the parties expressed at the April 10, 2020 status conference. Good cause appearing, the court orders as follows.

I. <u>HOUSING AND PROGRAMMING FOR *COLEMAN* CLASS MEMBERS</u>

The court raised two questions in its April 6, 2020 order, focused on constitutional requirements for safe housing of *Coleman* class members and ongoing delivery of mental health care during the coronavirus pandemic. *See* ECF No. 6580 at 2. In their response to that order, defendants represent they have a number of different plans in varying stages of development and implementation, *see* ECF No. 6596 at, *e.g.*, 1 ("plan to achieve a defined level of physical distancing"), 2 ("multi-faceted plan to prevent the introduction of COVID-19 at CDCR facilities

1

encompassing physical distancing, population density reduction measures, modified programs, inmate education, increased hygiene, and staff screening, among other things"), 5 ("accelerated release plan"), 6 (plans to transfer inmates from dormitories to vacant buildings and cells) and 8 ("creating specialized mental health plans for class members according to their case factors"). Nonetheless, when pressed, defendants took the position at hearing they would not be able to provide a comprehensive written plan to the court memorializing clear strategic goals and objectives to guide and prioritize implementation of the many tasks they have undertaken. Their explanation centered primarily on the constantly evolving circumstances that require flexibility and adaptation as events and requirements change.

        The adoption of a strategic plan that sets out specific goals and objectives to be accomplished by a date certain is not inconsistent with the flexibility defendants require to meet the significant challenges presented by the coronavirus pandemic. Indeed, such a plan is essential to protection and preservation of the vital interests at stake in this case. Good cause appearing, defendants will be directed to file, not later than 5 p.m. on Thursday, April 16, 2020, a strategic plan for achieving compliance with the U.S. Centers for Disease Control and Prevention (CDC) Interim Guidance on Management of Coronavirus Disease (2019) (COVID-19) in Correctional and Detention Facilities (CDC Guidance),[1] to the maximum extent defendants currently maintain is possible. The plan should include objectives and timelines for defendants' plans for housing of *Coleman* class members who are not being granted early release from the California Department of Corrections and Rehabilitation (CDCR), including those most at risk for COVID-19. It should also provide for continuity of mental health care, including access to clinically indicated levels of mental health care and attendant programming as outlined in the Program Guide. Defendants shall attach as an addendum to the plan a two-column chart that includes in one column each step the CDC Guidance recommends and in the corresponding column whether defendants have planned for and/or implemented that step and, if so, where in the plan that step is discussed. The

---

[1] *See* https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html. The court notes that the first section of the CDC Guidance is Operational Preparedness.

defendants shall prepare the plan in consultation with the Special Master, so he is aware of its provisions as the plan is being developed.

The court acknowledges defendants' counsel statement at hearing that defendants must take account of steps the *Plata* Receiver is taking in managing his duties with respect to the provision of health care within CDCR during the coronavirus pandemic. Even so, defendants are not relieved of their obligations to *Coleman* class members. This court agrees that coordination between the *Coleman* and *Plata* cases is desirable to the extent required given the task at hand. The court is aware that a representative of the Receiver's office has been invited to attend and has been present at almost every meeting of the coronavirus task force convened by the Special Master at this court's direction. The court assumes the Special Master in his discretion will continue to include the Receiver's office in meetings and communications as required to ensure the effectiveness of the coronavirus task force the Special Master continues to convene; the court hopes and trusts that his efforts at coordination are being reciprocated and that reciprocity and transparency will be watchwords in the defendants' development of the plan required by this order.

II. DEPARTMENT OF STATE HOSPITAL (DSH) TRANSFERS

*Coleman* class members receive necessary inpatient mental health care at psychiatric inpatient programs (PIPs) run by CDCR and in programs at two state hospitals operated by DSH, Atascadero State Hospital and Coalinga State Hospital. During the week of March 16, 2020, DSH suspended admission of six of the seven categories of patients admitted to state hospitals, including *Coleman* class members, due to the coronavirus pandemic. *See* Hendon Decl. ¶¶ 7, 14(f), ECF No. 6590-4. The parties' discussions about the impact of this suspension on the provision of necessary inpatient mental health care to *Coleman* class members and whether the suspension can be lifted subject to specific protocols are ongoing, facilitated by the Special Master, though those discussions may be approaching an impasse.

Good cause appearing, plaintiffs will be given an opportunity to conduct limited and focused written discovery as discussed at hearing concerning the availability of extra space in the state hospitals, given the circumstances posed by the coronavirus pandemic, to provide the care

3

that is necessary to *Coleman* class members.  The discovery authorized by this order shall be conducted so that it is completed by 5:00 p.m. on Friday, April 17, 2020.  If the parties have any disputes regarding the scope of discovery, they shall immediately notify the courtroom deputy to request a telephonic hearing before the undersigned.

This matter will be set for a focused evidentiary hearing on Tuesday, April 21, 2020 before the undersigned, at which time the court will be prepared to take testimony from Drs. Warburton and Bick and an expert to be designated by plaintiffs not later than Wednesday, April 15, 2020 at 5:00 p.m.  The court also will consider any evidence developed during the discovery authorized by this order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants shall file the strategic plan required by this order not later than Thursday, April 16, 2020.
2. Plaintiffs are authorized to conduct limited expedited discovery as set forth in this order.  Said discovery shall be conducted so that it is completed by 5:00 p.m. on April 17, 2020.
3. This matter is set for further status conference on Friday, April 17, 2020 at 11:00 a.m.
4. This matter is set for evidentiary hearing on Tuesday, April 21, 2020 at 10:00 a.m. on the issue of *Coleman* class member access to DSH hospitals.  The court will take testimony from Dr. Warburton, Dr. Bick, and an expert to be designated by plaintiffs not later than Wednesday, April 15, 2020 at 5:00 p.m.
5. Counsel are directed to contact Casey Schultz, Courtroom Deputy, on Monday, April 20, 2020 for information concerning arrangements for the evidentiary hearing, which will be conducted by telephone or videoconference or a combination of the two.
6. As the court previously discussed with counsel, the hearing set for April 23, 2020 on defendants' compliance with, and enforcement of, the court's October 17, 2017 staffing order is vacated pending further order of court.

DATED:   April 10, 2020.

CHIEF UNITED STATES DISTRICT JUDGE