UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No. 2:90-cv-0520 KJM KJN P |
| Plaintiffs, | |
| v. | ORDER |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

This matter is set for further status conference on May 1, 2020. On March 17, 2020, the court issued an order setting an agenda for the first regular quarterly status conference of 2020, which was held on March 20, 2020. ECF No. 6509. Under the circumstances at the time, the entire March 20, 2020 status conference was focused on the impact of the novel coronavirus (COVID-19) pandemic on monitoring, mental health programming and coordination with the *Plata* Receiver. *Id*. at 1-2; *see also* ECF No. 6513. The court deferred all other agenda items until the following week. *See* ECF No. 6513. At the status conference on March 27, 2020, the court heard from the parties on the first and tenth items on the agenda, and continued the remaining items for another two weeks. *Id.* Given the continually evolving circumstances with respect to the coronavirus pandemic, at a status conference on April 3, 2020, the court determined that the impact of the COVID-19 pandemic would be the focus of all further status conferences in

1

the month of April 2020, and continued the additional agenda items to May 1, 2020. *See* ECF No. 6571.

Upon a review of the record as relevant here, and good cause appearing, the court now sets the following agenda for the May 1, 2020 further status conference:

1. Update on COVID-19: The parties and the Special Master should be prepared to provide updates on the impact of the coronavirus pandemic on class members and mental health programming, including but not limited to the status of the proposed stipulation identifying all temporary changes to mental health programming in light of the COVID-19 pandemic the parties will request that the court consider approving.

2. Status of development of an adequate process for updating mental health records in the Electronic Health Records System (EHRS). *See* ECF No. 6441 at 10.

3. Sustainable Process Improvement. *See* ECF No. 6494 at 2. As proposed by defendants, the parties shall be prepared to address the steps devised by defendants to ensure timely identification, referral, and transfer of inmates in need of inpatient mental health care to such care. In addition, as noted in the March 17, 2020 order, "the court has reached the tentative conclusion that at least one additional unmet bed needs study will be required in order for defendants to demonstrate (a) that they have a sufficient number of licensed inpatient mental health beds, including mental health crisis beds; and (b) that all class members in need of inpatient mental health care are in fact being timely identified, referred, and transferred to such care." ECF No. 6509 at 3. The court's tentative conclusion has not changed. Accordingly, the parties should be prepared to discuss the time frame for conducting such a study taking into consideration, as appropriate, the

/////

          impact of COVID-19 on such a study and, in addition, whether they will stipulate to defendants' conducting the study under the guidance and supervision of the Special Master without further order of this court.

    4.     Deficient Treatment and Conditions in Psychiatric Inpatient Programs. *See* ECF No. 6493 at 3-5.

    5.     Staff Misconduct Against *Coleman* Class Members. *See* ECF No. 6493 at 5-7. On April 3, 2020, the court entered a stipulated protective order related to this matter. It remains on the agenda in the event the parties have any brief update on the potential for any motion practice in this court.

Although the COVID-19 pandemic may have impeded forward momentum on the following agenda items these items remain on the agenda for a brief discussion of when next steps may reasonably resume.

    6.     Update on coordination between *Coleman* and *Plata* following conclusion of proceedings on the Golding Report. *See* ECF No. 6509 at 2.

    7.     Establishing Benchmarks and Procedures for Determining When Constitutional Compliance Has Been Durably Achieved. *Id.*

    8.     Enhanced Outpatient Program Administrative Segregation Unit (EOP ASU) Hub Certification. *Id.*

    9.     Data Integration, Management, and Integrity, noting the court has approved the Special Master's request to appoint a data expert. *Id.*

Finally, the court had included on the March 20, 2020 agenda a review of items referred to the Special Master. *See* ECF No. 6509 at 2 & Attachment thereto. The attachment is once again included with this order for ease of reference. The court plans to review the list in the attachment at the status conference for the purpose of confirming whether certain items are delayed as a result of the COVID-19 pandemic (*e.g.,* Items 1, 2, 3, and 7); submitted to the court (Item 5); in process as expected (Item 6); completed as scheduled (Item 8); or ongoing as planned, albeit affected by the COVID-19 pandemic (Item 9). The court notes the Special Master has filed

3

1  updates on Item 4, the status of his Twenty-Eighth Monitoring Round, in light of the COVID-19
2  pandemic.  *See* ECF Nos. 6512, 6615.
3       IT IS SO ORDERED.
4  DATED:  April 29, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE

ATTACHMENT

ITEMS REFERRED TO THE SPECIAL MASTER THAT REMAIN ONGOING

1. Ongoing monitoring of implementation of plans and policies approved by the court's August 11, 2014 order, ECF No. 5196, as modified by ECF No. 5371, concerning use of force, use of management status, limitation or elimination of "placement of class members removed from the general population for non-disciplinary reasons in administrative segregation units that house inmates removed from the general population for non-disciplinary reasons in administrative segregation units that house inmates removed from the general population for disciplinary reasons," and strip searches in EOP ASUs, *id*. *See* ECF No. 5371 at 3.

2. Supervision of development and implementation of mental health staffing plan for Department of State Hospitals (DSH).  *See* ECF Nos. 5573, 5711.

3. Supervision of DSH development of continuous quality improvement (CQI) process. *See* ECF No. 5573 at 3.

4. Regular monitoring rounds (28th Round is currently ongoing). *See* ECF No. 640; *see also* ECF No. 6296 (approving stipulation concerning transfer of class members from desert institutions); *see also* ECF No. 6467 (Special Master to supervise full implementation and monitoring of Psychiatric Medication Adherence Clarifying Directives); *see also* ECF No. 6242 (question of whether, and to what extent, supervising psychiatrists can or should perform duties of line psychiatrists consistent with the 2009 Staffing Ratios).

5. Development of process for annual updates to Program Guide.  *See* ECF No. 6211. Amended Report filed February 20, 2020, ECF No. 6476, is pending before the court.

6. Reporting on status of implementation of suicide prevention measures.  *See* ECF No. 6212.

7. Data remediation following Golding proceedings, including hiring his own data expert to aid with development and monitoring of an adequate quality management process for mental health and/or use of *Plata* quality management process for mental health.  *See* ECF Nos. 6312, 6435.

8. Receipt on April 30, 2020 of certification by defendants that all deadlines specified in their updated Custody and Mental Health Partnership Plan, ECF No. 6278, approved by order filed October 8, 2019, ECF No. 6314. *See* ECF No. 6314 at 2.

9. Coordination with *Plata* and *Armstrong*. *See*, *e.g.*, ECF No. 6427 at 34.