# Exhibit B

| | |
|---|---|
| **From:** | Gregg Adam |
| **Sent:** | Tuesday, April 14, 2020 3:22 PM |
| **To:** | 'JSTCRD@cand.uscourts.gov' |
| **Cc:** | 'dspecter@prisonlaw.com'; 'sfama@prisonlaw.com'; 'Alison Hardy (ahardy@prisonlaw.com)'; 'Paul Brian Mello Esq. (pmello@hansonbridgett.com)'; 'swolff@hansonbridgett.com'; David A. Sanders Esq. (david.sanders@ccpoa.org) |
| **Subject:** | Case 4:01-cv-01351-JST Plata et al v. Newsom et al -- Intervention Status of California Correctional Peace Officers' Association |
| **Attachments:** | 2017-09-12 Order re Status of Intervenors [3 Judge] (00086412xDC64A).pdf; 2017-10-05 CCPOA Notice of Intention to Remain as Intervenor [Plata] (00086408xDC64A).pdf; 2017-10-05 CCPOA Notice of Intention to Remain as Intervenor [Coleman] (00086407xDC64A).pdf; 2007-09-19 Order Granting Motions to Intervene Filed 9-14-2007 [3-Judge Court] (00086406xDC64A).pdf; 2985 2017-10-05 Order Terminating Intervenors (00086543xDC64A).pdf |

Mauriona Lee
Courtroom Deputy to the
Honorable Jon S. Tigar
United States District Court
Northern District of California

Ms. Lee:

The undersigned represents the California Correctional Peace Officers' Association ("the Union"). On Friday, the Union's General Counsel, David Sanders, and I attended the Case Management Conference in <u>Plata v. Newsom</u>. Judge Tigar invited the Union's input on some of the issues discussed.

Towards the end of the CMC, Judge pondered aloud whether the Union had intervenor status in <u>Plata</u> – as opposed to its intervenor status in the Three Judge Proceedings.

We found (and attach) five documents that may shed some light on this issue. There are two orders – (1) the original 2007 order granting the Union intervenor status in the Three Judge Court proceedings and (2) the September 2017 Order concerning the status of intervenors – as well as two Notices of Intention to Remain as Intervenor, one filed in <u>Plata</u>, the other in <u>Coleman</u>. To summarize them, the Union successfully moved to intervene in the Three Judge Court proceedings in 2007. In October 2017, in response to an order from the Three Judge Court, which gave intervenors "in this case" a deadline to apply to remain an intervenor, the Union filed the attached notices in each of the individual cases.

The fifth document is an October 24, 2017 Order from the Three Judge Court that affirms the Union's continuing intervenor status – at least in the Three Judge Court proceedings.  The Union has not previously moved to intervene in either <u>Plata</u> or <u>Coleman</u>, as individual cases.

The Union would appreciate any guidance that the Court can offer as to its intervenor status in <u>Plata</u>.  If the Court concludes that the Union's intervenor status in the Three Judge Court proceedings does not give it intervenor status in <u>Plata</u>, the Union will determine whether to move to intervene given the direct interest of correctional staff in the serious matters the Court is weighing or to seek to contribute to proceedings as an amicus curiae

We copy counsel for the parties and the Receiver.



**Gregg Adam**
**MESSING ADAM & JASMINE LLP**
235 Montgomery Street, Suite 828 | San Francisco, CA 94104
Cell: 415.845.6517 | Fax: 415.266.1128 | Email: gregg@majlabor.com
MAJLABOR.COM

This email message and any attached documentation is for the sole use of the intended recipient(s) and may contain privileged and/or otherwise confidential information.  If the reader or recipient of this communication is not the intended recipient or an employee or agent responsible for delivery of the message to the intended recipient, please notify the sender immediately by reply email (or by telephone at 415.266.1800 indicating the sender's name) and delete the original communication and any attached documentation.  Any unauthorized review, use, copying, disclosure or distribution of this communication or any attached documentation is prohibited.  Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work product privilege.  Additionally, any advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, as tax advice.  Issues regarding taxation or tax law should be referred to your tax advisor.

1    IN THE UNITED STATES DISTRICT COURTS

2    FOR THE EASTERN DISTRICT OF CALIFORNIA

3    AND THE NORTHERN DISTRICT OF CALIFORNIA

4    UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

5    PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

6

7    RALPH COLEMAN, et al.,

8                    Plaintiffs,                    NO. CIV S-90-0520 LKK JFM P

9           v.                                      **THREE-JUDGE COURT**

10   ARNOLD SCHWARZENEGGER,
     et al.,

11
                     Defendants.
12

13   MARCIANO PLATA, et al.,

14                   Plaintiffs,                    NO. C01-1351 TEH

15          v.                                      **THREE-JUDGE COURT**

16   ARNOLD SCHWARZENEGGER,                         ORDER GRANTING MOTIONS
     et al.,                                        TO INTERVENE FILED ON
17                                                  SEPTEMBER 14, 2007
                     Defendants.
18

19

20          By order filed August 17, 2007, the Court set a deadline of September 14, 2007, for

21   the filing of motions to intervene.  On September 14, 2007, motions to intervene were filed in

22   this action by: five California counties ("County Intervenors"); thirteen Republican state

23   senators ("Senate Republican Intervenors"); the County of Sonoma, its Sheriff/Coroner,

24   District Attorney, and Chief Probation Officer ("Sonoma County Intervenors"); twelve city

25   police chiefs ("Police Chief Intervenors"); fifteen county sheriffs, eleven county probation

26   officers, five city police chiefs, and one city chief of corrections ("Sheriff, Probation, Police

27   and Corrections Intervenors"); and the California Correctional Peace Officers' Association

28   ("CCPOA").  In addition, five California district attorneys ("new District Attorney

1 | Intervenors") moved collectively to intervene with the district attorneys whose motion to

2 | intervene was granted in the Court's August 17, 2007 order.

3 | The County Intervenors, Senate Republican Intervenors, Police Chief Intervenors,

4 | new District Attorney Intervenors, and Sheriff, Probation, Police and Corrections Intervenors

5 | all meet the statutory criteria for intervention as of right under 18 U.S.C. § 3626(a)(3)(F),

6 | which confers standing to oppose "the imposition or continuation in effect" of a prisoner

7 | release order and the right to intervene in "any proceeding relating to such relief" on:

8 | [a]ny State or local official including a legislator or unit of
9 | government whose jurisdiction or function includes the
   | appropriation of funds for the construction, operation, or
10 | maintenance of prison facilities, or the prosecution or custody of
   | persons who may be released from, or not admitted to, a prison as
11 | a result of a prisoner release order . . . .

12 | 18 U.S.C. § 3626(a)(3)(F). Accordingly, these motions to intervene will be granted pursuant

13 | to Federal Rule of Civil Procedure 24(a)(1), which provides for intervention as of right

14 | "when a statute of the United States confers an unconditional right to intervene."

15 | The Police Chief Intervenors and Sheriff, Probation, Police and Corrections

16 | Intervenors also move to consolidate their pleadings with each other and with the pleading of

17 | the Sheriff and Probation Intervenors whose motion to intervene was granted by the Court's

18 | August 17, 2007 order. Good cause appearing, this motion will be granted. All of these

19 | intervenors are represented by the same counsel and shall be represented by one counsel in

20 | all proceedings, including the September 24, 2007 hearing.

21 | Similarly, the Court finds good cause to grant the new District Attorney Intervenors'

22 | motion to intervene with the district attorneys who were granted intervenor status by this

23 | Court's August 17, 2007 order. As with the Sheriff and Probation Intervenors, all District

24 | Attorney Intervenors shall be represented by one counsel in all proceedings, including the

25 | September 24, 2007 hearing. The District Attorney Intervenors shall also amend their

26 | intervention pleading to include the new District Attorney Intervenors.

27 | //

28 | //

1    The Sonoma County Intervenors also meet the statutory criteria for intervention as of

2    right under 18 U.S.C. § 3626(a)(3)(F).  As noted above, the Sonoma County Intervenors

3    bring their motion on behalf of the County of Sonoma and its Sheriff/Coroner, District

4    Attorney, and Chief Probation Officer.  Good cause appearing, the Sonoma County

5    Intervenors will be directed to show cause at the September 24, 2007 hearing why their

6    intervention pleading should not be severed and the County of Sonoma's pleading

7    consolidated with the County Intervenors, the Sonoma County District Attorney's pleading

8    consolidated with the District Attorney Intervenors, and the Sonoma County Sheriff/Coroner

9    and Chief Probation Officer's pleading consolidated with the Sheriff and Probation

10   Intervenors.

11   The counties who have jointly intervened as the County Intervenors are each

12   represented by their own county counsel.  Good cause appearing, the County Intervenors

13   shall designate one lead counsel to represent them in all proceedings, including the

14   September 24, 2007 hearing.

15   Unlike the other proposed intervenors, CCPOA does not seek to intervene under 18

16   U.S.C. § 3626(a)(3)(F).  Instead, it seeks intervention under Federal Rule of Civil Procedure

17   24, which provides for intervention as of right "when the applicant claims an interest relating

18   to the property or transaction which is the subject of the action and the applicant is so

19   situated that the disposition of the action may as a practical matter impair or impede the

20   applicant's ability to protect that interest, unless the applicant's interest is adequately

21   represented by existing parties."  Fed. R. Civ. P. 24(a)(2).

22
          A party seeking to intervene as of right must meet four
23        requirements: (1) the applicant must timely move to intervene;
          (2) the applicant must have a significantly protectable interest
24        relating to the property or transaction that is the subject of the
          action; (3) the applicant must be situated such that the disposition
25        of the action may impair or impede the party's ability to protect
          that interest; and (4) the applicant's interest must not be
26        adequately represented by existing parties. *Donnelly* [*v.
          Glickman*], 159 F.3d [405] at 409 [(9th Cir. 1998)].  Each of these
27        four requirements must be satisfied to support a right to
          intervene. *League of United Latin Am. Citizens v. Wilson*, 131
28        F.3d 1297, 1302 (9th Cir.1997).

                                            3

1   *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003).  "Rule 24 traditionally receives

2   liberal construction in favor of applicants for intervention."  *Id.* (citing *Donnelly*, 159 F.3d at

3   409); *see also United States v. City of Los Angeles*, 288 F.3d 391, 397-98 (9th Cir. 2002).

4          CCPOA's motion was timely filed.  The Court turns, therefore, to the other three

5   requirements for intervention as of right.

6          The second requirement, that CCPOA has a "significant protectable interest" in this

7   action, is satisfied if:

8              (1) it asserts an interest that is protected under some law, and
               (2) there is a 'relationship' between its legally protected interest
9              and the plaintiff's claims."  *Donnelly*, 159 F.3d at 409.  The
               relationship requirement is met "if the resolution of the plaintiff's
10             claims actually will affect the applicant."  *Id.* at 410.  The
               "interest" test is not a clear-cut or bright-line rule, because "[n]o
11             specific legal or equitable interest need be established."  *Greene*,
               996 F.2d at 976.  Instead, the "interest" test directs courts to make
12             a "practical, threshold inquiry," *id.*, and "is primarily a practical
               guide to disposing of lawsuits by involving as many apparently
13             concerned persons as is compatible with efficiency and due
               process," *County of Fresno v. Andrus*, 622 F.2d 436, 438 (9th
14             Cir.1980) (internal quotation marks and citation omitted).

15  *United States v. City of Los Angeles*, 288 F.3d at 398.  CCPOA claims an interest in this

16  litigation on the ground that:

17             its approximately 28,000 members guard the state prisons at the
               heart of this Three-Judge Court proceeding.  The severely
18             overcrowded prison conditions that led to the establishment of
               this Three-Judge Court directly and profoundly affect every
19             CCPOA member while he or she is on the job.  Likewise, the
               relief under consideration by this Court – a cap on the State's
20             prison population – would directly affect working conditions for
               all CCPOA members.
21

22  CCPOA Proposed Intervention Pleading, filed September 14, 2007, ¶ 5.  It is plain that

23  California's prison guards are affected by the conditions of the prisons in which they work,

24  and that resolution of the plaintiffs' request for relief from prison overcrowding will affect

25  the membership of the CCPOA.  Consequently, CCPOA appears to have a "significantly

26  protectable interest" in the matters at bar.[1]

_____

27     [1]In addition, CCPOA claims that its membership has a right under the substantive due
28  process clause of the Fifth and Fourteenth Amendments to be "free of the extraordinary daily
    risks and actual physical and mental harms" to which they are being subjected as a result of

4

1    The third requirement for intervention as of right is that a disposition by this Court

2    must "impair or impede" CCPOA's ability to protect its interests. *Arakaki*, 324 F.3d at 1083.

3    As already noted, it is apparent that the membership of the CCPOA is significantly affected

4    by the conditions in California's prisons.  It is equally clear that the interests asserted by

5    CCPOA will be affected by this proceeding and, depending on the Court's disposition, that

6    CCPOA's ability to protect those interests may be impaired or impeded if they are not a party

7    to this proceeding.

8    Finally, the Court considers whether CCPOA's interests are adequately represented by

9    the plaintiff classes.  Three factors are considered "in determining the adequacy of

10   representation: (1) whether the interest of a present party is such that it will undoubtedly

11   make all of a proposed intervenor's arguments; (2) whether the present party is capable and

12   willing to make such arguments; and (3) whether a proposed intervenor would offer any

13   necessary elements to the proceeding that other parties would neglect." *Id.* at 1086 (citing

14   *California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir.1986)).  CCPOA

15   asserts that it will provide evidence of the impact of prison overcrowding "on the welfare of

16   both prisoners and correctional officers" and that it is uniquely situated to put this evidence

17   in an historical context, as well as to provide evidence of causation as required by 18 U.S.C.

18   § 3626(a)(3)(E)(i).  CCPOA Mot. to Intervene at 13.  The Court agrees with CCPOA that,

19   while the interests of the plaintiff classes and those of CCPOA overlap, they are also

20   distinctly different.  The interests of CCPOA are thus not adequately represented by the

21   plaintiff classes.

22   //

23   //

24   //

---

25   the overcrowded conditions in California's prisons.  CCPOA Proposed Intervention Pleading
26   ¶ 11.  At the September 24, 2007 hearing, the parties shall be prepared to address the extent
     to which this claim will be litigated, if at all, in these proceedings.  Recognizing that
27   CCPOA's interests give rise to CCPOA's right to intervene does not answer the question of
     the extent to which its separate interests will be at issue in these proceedings.  Our ruling as
28   to CCPOA's interest is not final, but subject to review and reconsideration by the Court, as is
     CCPOA's right to intervene.

1      For the foregoing reasons, the Court finds that CCPOA is entitled to intervene in this

2  action as of right pursuant to Federal Rule of Civil Procedure 24(a)(2).  Accordingly,

3  CCPOA's motion to intervene will be granted.[2]

4      In accordance with the above, IT IS HEREBY ORDERED that:

5      1.  The County Intervenors' September 14, 2007 motion to intervene is GRANTED,

6  and these intervenors shall designate one lead counsel to speak on behalf of all five counties

7  in all proceedings before this Court;

8      2.  The Senate Republican Intervenors' September 14, 2007 motion to intervene is

9  GRANTED;

10      3.  The Sonoma County Intervenors' September 14, 2007 motion to intervene is

11  GRANTED;

12      4.  The Sonoma County Intervenors are ORDERED TO SHOW CAUSE at the

13  September 24, 2007 hearing as to why their intervention pleading should not be severed and

14  the County of Sonoma's pleading consolidated with the County Intervenors, the Sonoma

15  County District Attorney's pleading consolidated with the District Attorney Intervenors, and

16  the Sonoma County Sheriff/Coroner and Chief Probation Officer's pleading consolidated

17  with the Sheriff and Probation Intervenors;

18      5.  The CCPOA's September 14, 2007 motion to intervene is GRANTED;

19      6.  The new District Attorneys Intervenors' September 14, 2007 motion to intervene is

20  GRANTED, and these intervenors shall be represented in all proceedings by the same

21  counsel as all other District Attorney Intervenors;

22      7.  The Police Chief Intervenors' September 14, 2007 motion to intervene is

23  GRANTED;

---

24     [2]CCPOA apparently also meets the criteria for permissive intervention.  Permissive
25  intervention is allowed under Federal Rule of Civil Procedure 24(b) "where the intervenor
     raises a claim that has questions of law or fact in common with the main case, shows
26  independent grounds for jurisdiction, and moves to intervene in a timely fashion.  *Venegas v.*
     *Skaggs*, 867 F.2d 527, 529 (9th Cir.1989), *aff'd*, 495 U.S. 82, 110 S. Ct. 1679, 109 L. Ed. 2d
27  74 (1990).  The decision to grant or deny this type of intervention is discretionary, subject to
     considerations of equity and judicial economy.  *Id.* at 530-31."  *Garza v. County of Los*
28  *Angeles*, 918 F.2d 763, 777 (9th Cir. 1990).

1        8.  The Sheriff, Probation, Police and Corrections Intervenors' September 14, 2007

2   motion to intervene is GRANTED; and

3        9.  The motion of the Police Chief Intervenors and the Sheriff, Probation, Police and

4   Corrections Intervenors to consolidate their pleadings with those of the other Sheriff and

5   Probation Intervenors is GRANTED, and all of these intervenors shall be represented by one

6   counsel in all proceedings.

7

8   **IT IS SO ORDERED.**

9

10  Dated:   09/19/07                                    /s/
                                            STEPHEN REINHARDT
11                                          UNITED STATES CIRCUIT JUDGE
                                            NINTH CIRCUIT COURT OF APPEALS
12

13

14  Dated:   09/19/07          _____
                                            LAWRENCE K. KARLTON
15                                          SENIOR UNITED STATES DISTRICT JUDGE
                                            EASTERN DISTRICT OF CALIFORNIA
16

17

18  Dated:   09/19/07          _____
                                            THELTON E. HENDERSON
19                                          SENIOR UNITED STATES DISTRICT JUDGE
                                            NORTHERN DISTRICT OF CALIFORNIA
20

21

22

23

24

25

26

27

28

                                            7

1    IN THE UNITED STATES DISTRICT COURTS

2    FOR THE EASTERN DISTRICT OF CALIFORNIA

3    AND THE NORTHERN DISTRICT OF CALIFORNIA

4    UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

5    PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

6

7    RALPH COLEMAN, et al.,

8                        Plaintiffs,

9            v.                                NO. CIV S-90-0520 LKK JFM P

10   ARNOLD SCHWARZENEGGER,                    **THREE-JUDGE COURT**
     et al.,
11

12                       Defendants.

13   MARCIANO PLATA, et al.,

14                       Plaintiffs,

15           v.                                NO. C01-1351 TEH

16   ARNOLD SCHWARZENEGGER,                    **THREE-JUDGE COURT**
     et al.,
17                                             ORDER GRANTING MOTIONS
                                               TO INTERVENE FILED ON
18                       Defendants.           SEPTEMBER 14, 2007

19

20           By order filed August 17, 2007, the Court set a deadline of September 14, 2007, for

21   the filing of motions to intervene.  On September 14, 2007, motions to intervene were filed in

22   this action by: five California counties ("County Intervenors"); thirteen Republican state

23   senators ("Senate Republican Intervenors"); the County of Sonoma, its Sheriff/Coroner,

24   District Attorney, and Chief Probation Officer ("Sonoma County Intervenors"); twelve city

25   police chiefs ("Police Chief Intervenors"); fifteen county sheriffs, eleven county probation

26   officers, five city police chiefs, and one city chief of corrections ("Sheriff, Probation, Police

27   and Corrections Intervenors"); and the California Correctional Peace Officers' Association

28   ("CCPOA").  In addition, five California district attorneys ("new District Attorney

1    Intervenors") moved collectively to intervene with the district attorneys whose motion to

2    intervene was granted in the Court's August 17, 2007 order.

3           The County Intervenors, Senate Republican Intervenors, Police Chief Intervenors,

4    new District Attorney Intervenors, and Sheriff, Probation, Police and Corrections Intervenors

5    all meet the statutory criteria for intervention as of right under 18 U.S.C. § 3626(a)(3)(F),

6    which confers standing to oppose "the imposition or continuation in effect" of a prisoner

7    release order and the right to intervene in "any proceeding relating to such relief" on:

8                  [a]ny State or local official including a legislator or unit of
                   government whose jurisdiction or function includes the
9                  appropriation of funds for the construction, operation, or
                   maintenance of prison facilities, or the prosecution or custody of
10                 persons who may be released from, or not admitted to, a prison as
                   a result of a prisoner release order . . . .
11

12   18 U.S.C. § 3626(a)(3)(F).  Accordingly, these motions to intervene will be granted pursuant

13   to Federal Rule of Civil Procedure 24(a)(1), which provides for intervention as of right

14   "when a statute of the United States confers an unconditional right to intervene."

15          The Police Chief Intervenors and Sheriff, Probation, Police and Corrections

16   Intervenors also move to consolidate their pleadings with each other and with the pleading of

17   the Sheriff and Probation Intervenors whose motion to intervene was granted by the Court's

18   August 17, 2007 order.  Good cause appearing, this motion will be granted.  All of these

19   intervenors are represented by the same counsel and shall be represented by one counsel in

20   all proceedings, including the September 24, 2007 hearing.

21          Similarly, the Court finds good cause to grant the new District Attorney Intervenors'

22   motion to intervene with the district attorneys who were granted intervenor status by this

23   Court's August 17, 2007 order.  As with the Sheriff and Probation Intervenors, all District

24   Attorney Intervenors shall be represented by one counsel in all proceedings, including the

25   September 24, 2007 hearing.  The District Attorney Intervenors shall also amend their

26   intervention pleading to include the new District Attorney Intervenors.

27   //

28   //

2

1    The Sonoma County Intervenors also meet the statutory criteria for intervention as of

2    right under 18 U.S.C. § 3626(a)(3)(F).  As noted above, the Sonoma County Intervenors

3    bring their motion on behalf of the County of Sonoma and its Sheriff/Coroner, District

4    Attorney, and Chief Probation Officer.  Good cause appearing, the Sonoma County

5    Intervenors will be directed to show cause at the September 24, 2007 hearing why their

6    intervention pleading should not be severed and the County of Sonoma's pleading

7    consolidated with the County Intervenors, the Sonoma County District Attorney's pleading

8    consolidated with the District Attorney Intervenors, and the Sonoma County Sheriff/Coroner

9    and Chief Probation Officer's pleading consolidated with the Sheriff and Probation

10   Intervenors.

11   The counties who have jointly intervened as the County Intervenors are each

12   represented by their own county counsel.  Good cause appearing, the County Intervenors

13   shall designate one lead counsel to represent them in all proceedings, including the

14   September 24, 2007 hearing.

15   Unlike the other proposed intervenors, CCPOA does not seek to intervene under 18

16   U.S.C. § 3626(a)(3)(F).  Instead, it seeks intervention under Federal Rule of Civil Procedure

17   24, which provides for intervention as of right "when the applicant claims an interest relating

18   to the property or transaction which is the subject of the action and the applicant is so

19   situated that the disposition of the action may as a practical matter impair or impede the

20   applicant's ability to protect that interest, unless the applicant's interest is adequately

21   represented by existing parties."  Fed. R. Civ. P. 24(a)(2).

22          A party seeking to intervene as of right must meet four
             requirements: (1) the applicant must timely move to intervene;
23           (2) the applicant must have a significantly protectable interest
             relating to the property or transaction that is the subject of the
24           action; (3) the applicant must be situated such that the disposition
             of the action may impair or impede the party's ability to protect
25           that interest; and (4) the applicant's interest must not be
             adequately represented by existing parties.  *Donnelly* [*v.
26           Glickman*], 159 F.3d [405] at 409 [(9th Cir. 1998)].  Each of these
             four requirements must be satisfied to support a right to
27           intervene.  *League of United Latin Am. Citizens v. Wilson*, 131
             F.3d 1297, 1302 (9th Cir.1997).
28

3

1    *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). "Rule 24 traditionally receives

2    liberal construction in favor of applicants for intervention." *Id.* (citing *Donnelly*, 159 F.3d at

3    409); *see also United States v. City of Los Angeles*, 288 F.3d 391, 397-98 (9th Cir. 2002).

4         CCPOA's motion was timely filed. The Court turns, therefore, to the other three

5    requirements for intervention as of right.

6         The second requirement, that CCPOA has a "significant protectable interest" in this

7    action, is satisfied if:

8                (1) it asserts an interest that is protected under some law, and
(2) there is a 'relationship' between its legally protected interest

9                and the plaintiff's claims." *Donnelly*, 159 F.3d at 409. The
relationship requirement is met "if the resolution of the plaintiff's

10                claims actually will affect the applicant." *Id.* at 410. The
"interest" test is not a clear-cut or bright-line rule, because "[n]o

11                specific legal or equitable interest need be established." *Greene*,
996 F.2d at 976. Instead, the "interest" test directs courts to make

12                a "practical, threshold inquiry," *id.*, and "is primarily a practical
guide to disposing of lawsuits by involving as many apparently

13                concerned persons as is compatible with efficiency and due
process," *County of Fresno v. Andrus*, 622 F.2d 436, 438 (9th

14                Cir.1980) (internal quotation marks and citation omitted).

15    *United States v. City of Los Angeles*, 288 F.3d at 398. CCPOA claims an interest in this

16    litigation on the ground that:

17                its approximately 28,000 members guard the state prisons at the
heart of this Three-Judge Court proceeding. The severely

18                overcrowded prison conditions that led to the establishment of
this Three-Judge Court directly and profoundly affect every

19                CCPOA member while he or she is on the job. Likewise, the
relief under consideration by this Court – a cap on the State's

20                prison population – would directly affect working conditions for
all CCPOA members.

21

22    CCPOA Proposed Intervention Pleading, filed September 14, 2007, ¶ 5. It is plain that

23    California's prison guards are affected by the conditions of the prisons in which they work,

24    and that resolution of the plaintiffs' request for relief from prison overcrowding will affect

25    the membership of the CCPOA. Consequently, CCPOA appears to have a "significantly

26    protectable interest" in the matters at bar.[1]

_____

27        [1]In addition, CCPOA claims that its membership has a right under the substantive due

28    process clause of the Fifth and Fourteenth Amendments to be "free of the extraordinary daily
risks and actual physical and mental harms" to which they are being subjected as a result of

The third requirement for intervention as of right is that a disposition by this Court must "impair or impede" CCPOA's ability to protect its interests. *Arakaki*, 324 F.3d at 1083. As already noted, it is apparent that the membership of the CCPOA is significantly affected by the conditions in California's prisons. It is equally clear that the interests asserted by CCPOA will be affected by this proceeding and, depending on the Court's disposition, that CCPOA's ability to protect those interests may be impaired or impeded if they are not a party to this proceeding.

Finally, the Court considers whether CCPOA's interests are adequately represented by the plaintiff classes. Three factors are considered "in determining the adequacy of representation: (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Id.* at 1086 (citing *California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir.1986)). CCPOA asserts that it will provide evidence of the impact of prison overcrowding "on the welfare of both prisoners and correctional officers" and that it is uniquely situated to put this evidence in an historical context, as well as to provide evidence of causation as required by 18 U.S.C. § 3626(a)(3)(E)(i). CCPOA Mot. to Intervene at 13. The Court agrees with CCPOA that, while the interests of the plaintiff classes and those of CCPOA overlap, they are also distinctly different. The interests of CCPOA are thus not adequately represented by the plaintiff classes.

//

//

//

---

the overcrowded conditions in California's prisons. CCPOA Proposed Intervention Pleading ¶ 11. At the September 24, 2007 hearing, the parties shall be prepared to address the extent to which this claim will be litigated, if at all, in these proceedings. Recognizing that CCPOA's interests give rise to CCPOA's right to intervene does not answer the question of the extent to which its separate interests will be at issue in these proceedings. Our ruling as to CCPOA's interest is not final, but subject to review and reconsideration by the Court, as is CCPOA's right to intervene.

5

1    For the foregoing reasons, the Court finds that CCPOA is entitled to intervene in this

2  action as of right pursuant to Federal Rule of Civil Procedure 24(a)(2).  Accordingly,

3  CCPOA's motion to intervene will be granted.[2]

4    In accordance with the above, IT IS HEREBY ORDERED that:

5    1.  The County Intervenors' September 14, 2007 motion to intervene is GRANTED,

6  and these intervenors shall designate one lead counsel to speak on behalf of all five counties

7  in all proceedings before this Court;

8    2.  The Senate Republican Intervenors' September 14, 2007 motion to intervene is

9  GRANTED;

10    3.  The Sonoma County Intervenors' September 14, 2007 motion to intervene is

11  GRANTED;

12    4.  The Sonoma County Intervenors are ORDERED TO SHOW CAUSE at the

13  September 24, 2007 hearing as to why their intervention pleading should not be severed and

14  the County of Sonoma's pleading consolidated with the County Intervenors, the Sonoma

15  County District Attorney's pleading consolidated with the District Attorney Intervenors, and

16  the Sonoma County Sheriff/Coroner and Chief Probation Officer's pleading consolidated

17  with the Sheriff and Probation Intervenors;

18    5.  The CCPOA's September 14, 2007 motion to intervene is GRANTED;

19    6.  The new District Attorneys Intervenors' September 14, 2007 motion to intervene is

20  GRANTED, and these intervenors shall be represented in all proceedings by the same

21  counsel as all other District Attorney Intervenors;

22    7.  The Police Chief Intervenors' September 14, 2007 motion to intervene is

23  GRANTED;

24    [2]CCPOA apparently also meets the criteria for permissive intervention.  Permissive
   intervention is allowed under Federal Rule of Civil Procedure 24(b) "where the intervenor
25  raises a claim that has questions of law or fact in common with the main case, shows
   independent grounds for jurisdiction, and moves to intervene in a timely fashion.  *Venegas v.*
26  *Skaggs*, 867 F.2d 527, 529 (9th Cir.1989), *aff'd*, 495 U.S. 82, 110 S. Ct. 1679, 109 L. Ed. 2d
   74 (1990).  The decision to grant or deny this type of intervention is discretionary, subject to
27  considerations of equity and judicial economy.  *Id.* at 530-31."  *Garza v. County of Los*
   *Angeles*, 918 F.2d 763, 777 (9th Cir. 1990).
28

1    8.  The Sheriff, Probation, Police and Corrections Intervenors' September 14, 2007

2    motion to intervene is GRANTED; and

3    9.  The motion of the Police Chief Intervenors and the Sheriff, Probation, Police and

4    Corrections Intervenors to consolidate their pleadings with those of the other Sheriff and

5    Probation Intervenors is GRANTED, and all of these intervenors shall be represented by one

6    counsel in all proceedings.

7

8    **IT IS SO ORDERED.**

9

10   Dated:   09/19/07                         /s/

11                                   STEPHEN REINHARDT
                                     UNITED STATES CIRCUIT JUDGE
                                     NINTH CIRCUIT COURT OF APPEALS

12

13

14   Dated:   09/19/07

15                                   LAWRENCE K. KARLTON
                                     SENIOR UNITED STATES DISTRICT JUDGE
                                     EASTERN DISTRICT OF CALIFORNIA

16

17

18   Dated:   09/19/07

19                                   THELTON E. HENDERSON
                                     SENIOR UNITED STATES DISTRICT JUDGE
                                     NORTHERN DISTRICT OF CALIFORNIA

20

21

22

23

24

25

26

27

28

7

1  Gregg McLean Adam, Bar No. 203436
     gregg@majlabor.com
2  D. Paul Bird II, Bar No. 202066
     paul@majlabor.com
3  Jill M. Menning, Bar No. 305432
     jill@majlabor.com
4  **MESSING ADAM & JASMINE LLP**
   235 Montgomery St., Suite 828
5  San Francisco, California 94104
   Telephone:    415.266.1800
6  Facsimile:    415.266.1128

7  Attorneys for CALIFORNIA CORRECTIONAL
   PEACE OFFICERS' ASSOCIATION
8

9

10                **IN THE UNITED STATES DISTRICT COURT**

11               **FOR THE EASTERN DISTRICT OF CALIFORNIA**

12

13  RALPH COLEMAN, *et al.*,                    Case No. 2:90-CV-0520-KJM DB P

14            Plaintiffs,
                                                **NOTICE OF INTENTION TO REMAIN**
15        v.                                    **AS INTERVENOR**

16  EDMUND G. BROWN, JR., *et al.,*

17            Defendants.

18

19

20        TO THE COURT AND TO ALL PARTIES OF RECORD:

21        PLEASE TAKE NOTICE that CALIFORNIA CORRECTIONAL PEACE OFFICERS'

22  ASSOCIATION ("CCPOA") intends to remain as Intervenor in the above-entitled action.

23        PLEASE ALSO TAKE NOTICE that the attorneys representing CCPOA at Messing Adam

24  & Jasmine are Gregg McLean Adam, D. Paul Bird II, and Jill M. Menning, and the attorney in the

25  Legal Department at CCPOA is David A. Sanders.

26

27

28

Attorneys who no longer represent CCPOA and who should be removed from the docket are Christine Albertine, Natalie Leonard, Jennifer Spencer Stoughton, Amber Lynn West, Benjamin Sybesma, and Ronald Yank.

Dated:  October 5, 2017                    MESSING ADAM & JASMINE LLP


                                           By  _____
                                                   /s/ D. Paul Bird II
                                               Gregg McLean Adam
                                               D. Paul Bird II
                                               Jill M. Menning
                                               Attorneys for CALIFORNIA CORRECTIONAL
                                               PEACE OFFICERS' ASSOCIATION

1  Gregg McLean Adam, Bar No. 203436
   gregg@majlabor.com
2  D. Paul Bird II, Bar No. 202066
   paul@majlabor.com
3  Jill M. Menning, Bar No. 305432
   jill@majlabor.com
4  **MESSING ADAM & JASMINE LLP**
   235 Montgomery St., Suite 828
5  San Francisco, California 94104
   Telephone:    415.266.1800
6  Facsimile:    415.266.1128

7  Attorneys for CALIFORNIA CORRECTIONAL
   PEACE OFFICERS' ASSOCIATION
8

9              **IN THE UNITED STATES DISTRICT COURT**

10          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11

12  MARCIANO PLATA, *et al.,*          Case No. 01-cv-01351-JST

13              Plaintiffs,
                                        **NOTICE OF INTENTION TO REMAIN**
14       v.                             **AS INTERVENOR**

15  EDMUND G. BROWN, JR., *et al.,*

16              Defendants.

17

18

19

20       TO THE COURT AND TO ALL PARTIES OF RECORD:

21       PLEASE TAKE NOTICE that CALIFORNIA CORRECTIONAL PEACE OFFICERS'

22  ASSOCIATION ("CCPOA") intends to remain as Intervenor in the above-entitled action.

23       PLEASE ALSO TAKE NOTICE that the attorneys representing CCPOA at Messing Adam

24  & Jasmine are Gregg McLean Adam, D. Paul Bird II, and Jill M. Menning, and the attorney in the

25  Legal Department at CCPOA is David A. Sanders.

26

27

28

MESSING ADAM &
JASMINE LLP
ATTORNEYS AT LAW

                                                          Case No. 01-cv-01351-JST

1    Attorneys who no longer represent CCPOA and who should be removed from the docket

2  are Christine Albertine, Natalie Leonard, Chad Stegman, Jennifer Spencer Stoughton, Amber

3  Lynn West, Benjamin Sybesma, and Ronald Yank.

4

5  Dated: October 5, 2017                MESSING ADAM & JASMINE LLP

6

7                                    By    /s/ D. Paul Bird II

8                                       Gregg McLean Adam
                                        D. Paul Bird II
9                                       Jill M. Menning
                                        Attorneys for CALIFORNIA CORRECTIONAL
10                                      PEACE OFFICERS' ASSOCIATION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3                    IN THE UNITED STATES DISTRICT COURTS

4                  FOR THE EASTERN DISTRICT OF CALIFORNIA

5                 AND THE NORTHERN DISTRICT OF CALIFORNIA

6        UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

7         PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

8

| | |
|---|---|
| 9  RALPH COLEMAN, et al., | Case No. 2:90-cv-0520 KJM DB P |
| 10           Plaintiffs, | **THREE-JUDGE COURT** |
| 11      v. | |
| 12  EDMUND G. BROWN JR., et al., | |
| 13           Defendants. | |
| 14  MARCIANO PLATA, et al., | Case No. 01-cv-01351-JST |
| 15           Plaintiff, | **THREE-JUDGE COURT** |
| 16      v. | **ORDER TERMINATING INTERVENORS** |
| 17  EDMUND G. BROWN JR., et al., | |
| 18           Defendants. | |

19

20          On September 12, 2017, the court ordered the following:

21                 To ensure that the docket for this case is accurate, counsel for all
                 remaining intervenors shall consult with their clients to determine
22               (a) whether the individuals or entities listed on the court docket
                 sheets wish to continue as intervenors in this case and (b) if so,
23               whether any substitutions need to be made pursuant to Federal Rule
                 of Civil Procedure 25(d).  Intervenors who wish to remain in this
24               case shall file a notice of intention to remain an intervenor on or
                 before **October 12, 2017**.  Any intervenor who does not timely file
25               such notice will be terminated from this case with prejudice.

26   ECF No. 2971/5675.[1]  The deadline has now passed, and only the California Correctional Peace

27   _____
              [1] All filings in this Three-Judge Court are included in the individual docket sheets of both
28   *Plata v. Brown*, No. 01-cv-01351-JST (N.D. Cal.), and *Coleman v. Brown*, No. 2:90-cv-0520 KJM
     DB P (E.D. Cal.).  This court includes the docket number of *Plata* first, then *Coleman*.

*United States District Court*
*Northern District of California*

1   Officers' Association has filed a notice of intent to remain an intervenor.  ECF No. 2978/5708.

2   The California Office of the Inspector General also filed a notice of intent to remain an interested

3   party.  ECF No. 2980/5712.

4          Pursuant to the court's September 12, 2017 order, all other intervenors are now terminated

5   from this case with prejudice.

6

7   **IT IS SO ORDERED.**

8

9   Dated:  October 24, 2017

10                                                  STEPHEN REINHARDT
                                                    UNITED STATES CIRCUIT JUDGE
11                                                  NINTH CIRCUIT COURT OF APPEALS

12

13  Dated:  October 24, 2017

14

15                                                  KIMBERLY J. MUELLER
16                                                  UNITED STATES DISTRICT JUDGE
                                                    EASTERN DISTRICT OF CALIFORNIA
17

18

19  Dated:  October 24, 2017

20                                                  JON S. TIGAR
                                                    UNITED STATES DISTRICT JUDGE
21                                                  NORTHERN DISTRICT OF CALIFORNIA

22

23

24

25

26

27

28

United States District Court
Northern District of California

2