UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No. 2:90-cv-0520 KJM DB P |
| Plaintiffs, | |
| v. | ORDER |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

On April 15, 2020, defendants filed a motion for reconsideration and, in the alternative, for clarification of this court's April 10, 2020 order setting an evidentiary hearing on Tuesday, April 21, 2020 at 10:00 a.m. on the issue of class members' access to Department of State Hospital (DSH) inpatient programs, ECF No. 6600 at 3-4.  ECF No. 6612.  In accordance with the parties' stipulation presented at the further telephonic status conference held on April 17, 2020, the court continued the evidentiary hearing to May 19, 2020 at 10:00 a.m.  Order filed April 24, 2020, ECF No. 6639, at 11.  During the interim period the court directed its Special Master to closely monitor all *Coleman* class referrals, rejections and completed transfers to and from DSH inpatient programs.  *Id*.

Defendants' motion also seeks clarification of (1) the factual issues that will be the subject of the hearing; (2) which party holds the burden of proof; (3) whether a party may call witnesses other than those specified in the court's order; and (4) the manner in which witnesses will be

/////

1

1   questioned.  The court issues the following order to clarify these details in advance of the
2   scheduled hearing.

3   The April 24, 2020 order clarified that, with the exception of a temporary modification to
4   include COVID-19 screening, the *Coleman* Program Guide requirements for transfer of class
5   members to inpatient DSH hospital beds are in full force and effect unless and until they are
6   modified by order of this court.  *Id*.  Consequently, the factual issues that will be the subject of
7   the hearing are:  (1) as required by the April 24, 2020 order, have DSH and CDCR been
8   complying with the Program Guide requirements, as modified by the temporary addition of
9   COVID-19 screening, for transfer of class members to inpatient hospital beds; (2) if they are not
10  complying with those requirements, in what way or ways are they deviating from those
11  requirements; and (3) what is the rationale for any deviation.

12  If the parties agree that defendants are following the requirements of the court's April 24,
13  2020 order, the court is prepared to entertain a stipulation of the parties, approved by the Special
14  Master, to continue the hearing for an additional period not to exceed thirty days to monitor
15  whether the necessary compliance has taken hold under the current circumstances.

16  If defendants are not following the requirements of the court's order, for the reasons
17  explained in the April 24, 2020 order, they have the burden of proving that modification of that
18  order and the underlying Program Guide provisions are required.  The standards applicable to a
19  motion based on Federal Rule of Civil Procedure 60 will apply.

20  Substantive testimony at hearing will be limited to that provided by Dr. Warburton, Dr.
21  Bick and plaintiffs' designated expert, Dr. Stern.  The court may also wish to hear brief testimony
22  from DSH Director Stephanie Clendenin regarding her understanding and awareness of *Coleman*
23  court orders as applicable to DSH, a defendant in this action.  *See* ECF No. 6639 at 8 n.6.  Direct
24  testimony focused on the above factual issues from Dr. Warburton and Dr. Bick, as well as
25  rebuttal testimony from Dr. Stern, may be presented in the form of sworn declarations filed with
26  the court and served on all parties not later than 5:00 p.m. on Friday, May 15, 2020.  All three
27  witnesses and Director Clendenin must be available by videoconference for cross-examination,
28  re-direct examination and, as necessary, any questions from the court.  The courtroom deputy will

1  contact the parties several days before the hearing to review the court's procedures for holding a
2  proceeding by videoconference, and to provide information on how to use the technology the
3  court is relying on for videoconference proceedings.  No other witness testimony will be taken on
4  the hearing date currently set.  Subject to the usual objection process, relevant documentary
5  evidence will be admitted upon motion of the parties, jointly or separately; parties must exchange
6  any documents they plan to offer into evidence no later than 5:00 p.m. on Friday, May 15, 2020.

7       As a general matter, because defendants will have the burden of proof, the hearing will
8  proceed with defendants making the initial presentation of testimony and evidence, followed by
9  cross-examination from plaintiffs and, as necessary, re-direct examination by defendants.
10  Thereafter, plaintiffs will, as appropriate, be permitted to call Dr. Stern in rebuttal.  If the court
11  directs Director Clendenin to testify, it will ask a few initial questions before allowing the parties
12  to ask questions, in the same order.  The court's questions of the other witnesses, if any, will be
13  interposed during the proceedings if the court has specific concerns that are not otherwise
14  addressed during the proceedings.

15       In accordance with the above, IT IS HEREBY ORDERED that:
16      1.  Defendants' April 15, 2020 motion, ECF No. 6612, is GRANTED in part and
17         DENIED in part; and
18      2.  The evidentiary hearing set for May 19, 2020 at 10:00 a.m. is confirmed to proceed in
19         accordance with the provisions of this order.
20  DATED:  May 7, 2020.

                                                CHIEF UNITED STATES DISTRICT JUDGE