DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

CLAUDIA CENTER – 158255
DISABILITY RIGHTS EDUCATION
AND DEFENSE FUND, INC.
Ed Roberts Campus
3075 Adeline Street, Suite 210
Berkeley, California 94703-2578
Telephone: (510) 644-2555

MICHAEL W. BIEN – 096891
JEFFREY L. BORNSTEIN – 099358
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LISA ELLS – 243657
JENNY S. YELIN – 273601
MICHAEL S. NUNEZ – 280535
JESSICA WINTER – 294237
MARC J. SHINN-KRANTZ – 312968
CARA E. TRAPANI – 313411
ALEXANDER GOURSE – 321631
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GAVIN NEWSOM, et al., <br><br> Defendants. | Case No. 2:90-CV-00520-KJM-DB <br><br> **STIPULATION AND PROPOSED ORDER PURSUANT TO MAY 7, 2020 ORDER CONTINUING DSH EVIDENTIARY HEARING** <br><br> Judge: Hon. Kimberly J. Mueller <br> Date: May 19, 2020 <br> Time: 10:00 a.m. |

On April 10, 2020, after holding an ongoing series of status conferences addressing the impact of the coronavirus pandemic on the *Coleman* class and Program Guide compliance, this Court set an evidentiary hearing for April 21, 2020 to address the issue of class member access to DSH inpatient hospital care.  ECF No. 6600 at 4.  On April 15, 2020, Defendants filed a motion for reconsideration or clarification of the order setting the evidentiary hearing.  *See* ECF No. 6612.

On April 17, 2020, the Court continued the evidentiary hearing to May 19, 2020, in light of the parties' stipulation to continue the hearing subject to close monitoring in the interim by the Special Master of all referrals, rejections and completed transfers to and from the DSH inpatient programs.  ECF No. 6622 at 3.

On April 24, 2020, the Court confirmed the May 19, 2020 evidentiary hearing.  ECF No. 6639 at 11.  In doing so, it "clarified that, with the exception of a temporary modification to include COVID-19 screening, the *Coleman* Program Guide requirements for transfer of class members to inpatient DSH hospital beds are in full force and effect unless and until they are modified by order of this court."  ECF No. 6639 at 6.  The Court accordingly ordered that:

> 1.   Program Guide requirements for transfer of class members to DSH inpatient hospital beds are temporarily modified to include COVID-19 screening in accordance with the protocols presented to this court and agreed upon by the parties as cited above.
>
> 2.   In all other respects, the Program Guide requirements for transfer to DSH inpatient hospital beds remain in full force and effect unless and until modified by order of this court.
>
> 3.   Defendants shall cooperate fully in the Special Master's close monitoring of transfers to DSH inpatient programs until May 19, 2020, so that he is able to fully advise the court and the parties whether defendants are in compliance with this order and applicable provisions of the Program Guide.

ECF No. 6639 at 11.

On May 7, 2020, the Court granted in part and denied in part Defendants' motion for reconsideration or clarification.  In doing so, the Court stated that it would entertain a stipulation of the parties, approved by the Special Master, to continue the hearing for an additional period not to exceed thirty days "[i]f the parties agree that defendants are following the requirements of the court's April 24, 2020 order." *Id.*  In the event of such an agreement, the ensuing 30-day period would be utilized to permit the Special Master "to monitor whether the necessary compliance has taken hold under the current circumstances." *Id.*

In recent weeks, the parties have met and conferred on a number of occasions under the supervision of the Special Master and exchanged documents and information related to DSH access in light of the coronavirus pandemic, including information from the Special Master's experts overseeing monitoring of the issues pursuant to the Court's April 24, 2020 Order.

Plaintiffs agree that Defendants' current processes for transferring class members to DSH hospital beds are consistent with Program Guide requirements, subject to temporary modifications to permit COVID-19 screening consistent with this Court's April 24, 2020 Order.  The parties further agree that the current procedures, while adequate in practice, are not now fully captured in Defendants' written guidelines.  Defendants have agreed, under the supervision of the Special Master, to update their guidelines to make clear that no additional clinical criteria will be imposed on top of existing Program Guide requirements aside from  COVID-19 screening and consideration of individualized COVID-19 risk factors affecting potential patient transfers to DSH.

Accordingly, the parties agree that the May 19, 2020 evidentiary hearing should be continued for 30 days, subject to close monitoring by the Special Master of all referrals,

/ / /

/ / /

/ / /

rejections, and completed transfers to and from DSH inpatient programs to ensure necessary compliance. *See* ECF No. 6638 at 11; ECF No. 6660 at 2.

The Special Master has reviewed and approves this stipulation.

IT IS SO STIPULATED.

DATED: May 13, 2020

Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Lisa Ells*
Lisa Ells

Attorneys for Plaintiffs

DATED: May 13, 2020

XAVIER BECERRA
Attorney General of California

By: */s/ Kyle Lewis*
Kyle Lewis
Deputy Attorney General

Attorneys for Defendants

# **[PROPOSED] ORDER**

Pursuant to the foregoing stipulation of the parties, and good cause appearing, IT IS SO ORDERED.

DATED: _____, 2020

Honorable Kimberly J. Mueller
United States District Judge