| | |
|---|---|
| DONALD SPECTER – 083925<br>STEVEN FAMA – 099641<br>MARGOT MENDELSON – 268583<br>PRISON LAW OFFICE<br>1917 Fifth Street<br>Berkeley, California 94710-1916<br>Telephone: (510) 280-2621<br><br>CLAUDIA CENTER – 158255<br>DISABILITY RIGHTS EDUCATION<br>AND DEFENSE FUND, INC.<br>Ed Roberts Campus<br>3075 Adeline Street, Suite 210<br>Berkeley, California 94703-2578<br>Telephone: (510) 644-2555 | MICHAEL W. BIEN – 096891<br>JEFFREY L. BORNSTEIN – 099358<br>ERNEST GALVAN – 196065<br>THOMAS NOLAN – 169692<br>LISA ELLS – 243657<br>JENNY S. YELIN – 273601<br>MICHAEL S. NUNEZ – 280535<br>JESSICA WINTER – 294237<br>MARC J. SHINN-KRANTZ – 312968<br>CARA E. TRAPANI – 313411<br>ALEXANDER GOURSE – 321631<br>ROSEN BIEN<br>GALVAN & GRUNFELD LLP<br>101 Mission Street, Sixth Floor<br>San Francisco, California 94105-1738<br>Telephone: (415) 433-6830 |

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, et al.,<br><br>    Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**STIPULATION AND ORDER PURSUANT TO MAY 7, 2020 ORDER CONTINUING DSH EVIDENTIARY HEARING**<br><br>Judge: Hon. Kimberly J. Mueller<br>Date: May 19, 2020<br>Time: 10:00 a.m. |

On April 10, 2020, after holding an ongoing series of status conferences addressing the impact of the coronavirus pandemic on the *Coleman* class and Program Guide compliance, this Court set an evidentiary hearing for April 21, 2020 to address the issue of class member access to DSH inpatient hospital care. ECF No. 6600 at 4. On April 15, 2020, Defendants filed a motion for reconsideration or clarification of the order setting the evidentiary hearing. *See* ECF No. 6612.

On April 17, 2020, the Court continued the evidentiary hearing to May 19, 2020, in light of the parties' stipulation to continue the hearing subject to close monitoring in the interim by the Special Master of all referrals, rejections and completed transfers to and from the DSH inpatient programs. ECF No. 6622 at 3.

On April 24, 2020, the Court confirmed the May 19, 2020 evidentiary hearing. ECF No. 6639 at 11. In doing so, it "clarified that, with the exception of a temporary modification to include COVID-19 screening, the *Coleman* Program Guide requirements for transfer of class members to inpatient DSH hospital beds are in full force and effect unless and until they are modified by order of this court." ECF No. 6639 at 6. The Court accordingly ordered that:

> 1. Program Guide requirements for transfer of class members to DSH inpatient hospital beds are temporarily modified to include COVID-19 screening in accordance with the protocols presented to this court and agreed upon by the parties as cited above.
>
> 2. In all other respects, the Program Guide requirements for transfer to DSH inpatient hospital beds remain in full force and effect unless and until modified by order of this court.
>
> 3. Defendants shall cooperate fully in the Special Master's close monitoring of transfers to DSH inpatient programs until May 19, 2020, so that he is able to fully advise the court and the parties whether defendants are in compliance with this order and applicable provisions of the Program Guide.

2
STIPULATION AND ORDER PURSUANT TO MAY 7, 2020 ORDER CONTINUING DSH EVIDENTIARY HEARING
[3542595.4]

1  ECF No. 6639 at 11.

2        On May 7, 2020, the Court granted in part and denied in part Defendants' motion for reconsideration or clarification.  In doing so, the Court stated that it would entertain a stipulation of the parties, approved by the Special Master, to continue the hearing for an additional period not to exceed thirty days "[i]f the parties agree that defendants are following the requirements of the court's April 24, 2020 order."  *Id.*  In the event of such an agreement, the ensuing 30-day period would be utilized to permit the Special Master "to monitor whether the necessary compliance has taken hold under the current circumstances."  *Id.*

      In recent weeks, the parties have met and conferred on a number of occasions under the supervision of the Special Master and exchanged documents and information related to DSH access in light of the coronavirus pandemic, including information from the Special Master's experts overseeing monitoring of the issues pursuant to the Court's April 24, 2020 Order.

      Plaintiffs agree that Defendants' current processes for transferring class members to DSH hospital beds are consistent with Program Guide requirements, subject to temporary modifications to permit COVID-19 screening consistent with this Court's April 24, 2020 Order.  The parties further agree that the current procedures, while adequate in practice, are not now fully captured in Defendants' written guidelines.  Defendants have agreed, under the supervision of the Special Master, to update their guidelines to make clear that no additional clinical criteria will be imposed on top of existing Program Guide requirements aside from  COVID-19 screening and consideration of individualized COVID-19 risk factors affecting potential patient transfers to DSH.

      Accordingly, the parties agree that the May 19, 2020 evidentiary hearing should be continued for 30 days, subject to close monitoring by the Special Master of all referrals,

/ / /

/ / /

/ / /

rejections, and completed transfers to and from DSH inpatient programs to ensure necessary compliance.  *See* ECF No. 6638 at 11; ECF No. 6660 at 2.

The Special Master has reviewed and approves this stipulation.

IT IS SO STIPULATED.

DATED:  May 13, 2020         Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Lisa Ells*
  Lisa Ells

Attorneys for Plaintiffs

DATED:  May 13, 2020         XAVIER BECERRA
Attorney General of California

By: */s/ Kyle Lewis*
  Kyle Lewis
  Deputy Attorney General

Attorneys for Defendants

## ORDER

Pursuant to the foregoing stipulation of the parties, and good cause appearing, IT IS HEREBY ORDERED that:

1. The stipulation of the parties is approved, with the understanding defendants are working, under the supervision of the Special Master, to promptly update their guidelines to make clear no additional clinical criteria will be imposed on top of existing Program Guide requirements aside from  COVID-19 screening and consideration of individualized COVID-19 risk factors affecting potential patient transfers to DSH.

/////

2. The evidentiary hearing set for May 19, 2020 at 10:00 a.m. is CONTINUED to June 25, 2020 at 10:00 a.m.

3. The Special Master shall continue his close monitoring of all referrals, rejections, and completed transfers to and from DSH inpatient programs to ensure compliance with this court's April 24, 2020 order.  *See* ECF No. 6639[1] at 11; ECF No. 6660 at 2.

4. The court will entertain a stipulation of the parties, approved by the Special Master, to continue the hearing for an additional period not to exceed thirty days if the parties agree defendants are continuing to follow the requirements of the court's April 24, 2020 order.

DATED:  May 18, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The typographical error in the citation to the April 24, 2020 order at 4:2 of the stipulation is corrected from ECF No. 6638 to ECF No. 6639.