# Exhibit B

| | |
|---|---|
| **From:** | Kate Falkenstien |
| **To:** | Elise Thorn |
| **Cc:** | Ernest Galvan; Alex Gourse; Kyle Lewis; Tyler Heath; Adriano Hrvatin; Lucas Hennes; Weber, Nicholas@CDCR; Bentz, Melissa@CDCR; Jerome Hessick |
| **Subject:** | RE: Memorializing our Lipsey/Coleman discovery discussion |
| **Date:** | Wednesday, March 4, 2020 2:41:00 PM |

Hi Elise,

Thanks for your response. "Welfare checks" are defined in the RFP to mean: "the rounds conducted by correctional officers during which officers walk around units to verify the health and safety of inmates." It is my understanding that all welfare checks are in fact recorded using Guard One, but I am not limiting my request to grievances where inmates use the words "Guard One" for the reasons explained in my initial email.

I don't believe there were any further questions for me in your email—please let me know if you have further questions. Otherwise, I believe we are at an impasse and I will respond when you seek relief from the Court.

All best,

Kate

Kate Falkenstien

Reichman Jorgensen LLP

(650) 623-1425

---

**From:** Elise Thorn <Elise.Thorn@doj.ca.gov>
**Sent:** Wednesday, March 4, 2020 1:37 PM
**To:** Kate Falkenstien <kfalkenstien@reichmanjorgensen.com>
**Cc:** Ernest Galvan <EGalvan@rbgg.com>; Alex Gourse <AGourse@rbgg.com>; Kyle Lewis <Kyle.Lewis@doj.ca.gov>; Tyler Heath <Tyler.Heath@doj.ca.gov>; Adriano Hrvatin <Adriano.Hrvatin@doj.ca.gov>; Lucas Hennes <Lucas.Hennes@doj.ca.gov>; Weber, Nicholas@CDCR <Nicholas.Weber@cdcr.ca.gov>; Bentz, Melissa@CDCR <Melissa.Bentz@cdcr.ca.gov>; Jerome Hessick <Jerome.Hessick@cdcr.ca.gov>
**Subject:** RE: Memorializing our Lipsey/Coleman discovery discussion

[EXTERNAL]
Kate,

Thank you for taking the time yesterday to discuss the short-term remedies to your client's concerns and issues related to your pending discovery requests. Defendants appreciate your willingness to place a date range on the scope of Lipsey's discovery requests, limiting the information and documents to administrative complaints filed by inmates related to the use of Guard One at all CDCR institutions. Unfortunately, that proposal does not go far enough to provide Defendants a reasonable opportunity to respond to Lipsey's discovery.

The February 27, 2020 order granted you the right to seek limited discovery "to obtain

information from which to identify the administrative complaints filed by both Coleman class members and non-class member inmates related to the use of Guard One." (Order at 4:4-8.) Your requests seek information and documents that are not limited to administrative complaints but include any document submitted by an inmate regarding Guard One. CDCR does not track and identify the universe of documents potentially covered under your definition of "complaint." We appreciate that you are willing to limit the documents to grievances about sleep deprivation or night-time noise related to Guard One or welfare checks. But as we reported to you, CDCR does not track the "form 22" requests for information as part of the administrative complaint process. The request for such documents remains overly burdensome.

We also need to clarify what you mean by "welfare checks." Please confirm that you seek documents related to the welfare checks performed under Guard One, which have been approved by the Court.

With respect to the timing of your discovery requests, Defendants will respond as ordered and work expeditiously to pull the information and documents required to respond to Lipsey's interrogatories. But Defendants cannot answer the interrogatories within two weeks. Among other things, Defendants have to review the grievances responsive to Lipsey's document requests. And the process to retrieve and review the grievances will take longer than your offer to produce the documents from 2017-present within 1 month and the pre-2017 documents within 2 months.

Defendants remain willing to discuss a rolling production, but given Defendants' objections and short of reaching an agreement, Defendants will seek relief from the Court.
In the meantime, CDCR is working to answer the questions you asked during yesterday's call.

Sincerely,

Elise Thorn

**Elise Owens Thorn | Deputy Attorney General | California Department of Justice**
Correctional Law Section | 1300 I Street | Sacramento, CA 95814
*t* (916) 210-7318 | *e* elise.thorn@doj.ca.gov

---

**From:** Kate Falkenstien <kfalkenstien@reichmanjorgensen.com>
**Sent:** Tuesday, March 3, 2020 12:16 PM
**To:** Kyle Lewis <Kyle.Lewis@doj.ca.gov>; Tyler Heath <Tyler.Heath@doj.ca.gov>; Adriano Hrvatin <Adriano.Hrvatin@doj.ca.gov>; Lucas Hennes <Lucas.Hennes@doj.ca.gov>; Elise Thorn <Elise.Thorn@doj.ca.gov>
**Cc:** Ernest Galvan <EGalvan@rbgg.com>; Alex Gourse <AGourse@rbgg.com>
**Subject:** Memorializing our Lipsey/Coleman discovery discussion

Counsel,

Thank you for the phone call today! I wanted to put in writing the discussion about the discovery requests (I will separately file with the court my report on the rest of our discussion about solutions

to Lipsey's noise concerns), so that we have a written record of my agreement to narrow the requests in certain ways.

First, you asked me to narrow the RFP as to time. I agreed to narrow it to documents from the time when Guard One checks were in use in a given unit. You asked me to narrow it to 2017-present, and I refused, because I am concerned that many inmates filed grievances when the checks began (including all of my clients) and would not have restated those concerns after exhausting pre-2017.

Second, you asked me to narrow the RFP in its substantive scope. As I understand it, your position is that you will collect grievances only if they relate to Guard One in particular, not noise caused by welfare checks more broadly. I am willing to narrow the RFP to grievances about sleep deprivation or night-time noise *related to* Guard One or welfare checks; that is, if there are grievances about sleep deprivation or noise that do not relate to Guard One or welfare checks in any way, I did not intend for you to collect those. But I do believe that all grievances regarding nighttime noise or sleep deprivation caused by welfare checks are relevant, because an inmate may not know or use the words "Guard One" in describing those problems.

Third, you asked me to narrow the RFP to only "form 602" grievances. I believe that "form 22" grievances at a minimum are also responsive. To the extent written grievances on forms other than "form 602" exist in your records (which I understand they may not), they should also be produced when responsive.

Fourth, we discussed the timing of the discovery, and you represented that you cannot fulfill my requests within 14 days for the interrogatories and 30 days for the RFP. Without narrowing the substantive scope (i.e., grievances regarding noise or sleep deprivation relating to nighttime welfare checks, whether or not they explicitly mention Guard One), I offered to allow you to produce the documents from 2017-present within 1 month and the pre-2017 documents within 2 months, and you did not agree.

Unfortunately, I believe we are at an impasse on these issues of substantive/time-based scope and the timing for your responses. Please let me know if you disagree with my characterization of your positions. I appreciate your taking the time to discuss these issues with me.

Best,

Kate

Kate Falkenstien
Reichman Jorgensen LLP
100 Marine Parkway
Suite 300
Redwood Shores, California 94065
(650) 623-1425

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.