DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California  94710-1916
Telephone:    (510) 280-2621

CLAUDIA CENTER – 158255
DISABILITY RIGHTS EDUCATION
AND DEFENSE FUND, INC.
Ed Roberts Campus
3075 Adeline Street, Suite 210
Berkeley, California  94703-2578
Telephone:    (510) 644-2555

MICHAEL W. BIEN – 096891
JEFFREY L. BORNSTEIN – 099358
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LISA ELLS – 243657
JENNY S. YELIN – 273601
MICHAEL S. NUNEZ – 280535
JESSICA WINTER – 294237
MARC J. SHINN-KRANTZ – 312968
CARA E. TRAPANI – 313411
ALEXANDER GOURSE – 321631
AMY XU – 330707
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:    (415) 433-6830

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | Case No. 2:90-CV-00520-KJM-DB |
| Plaintiffs, | **PLAINTIFFS' STATUS UPDATE REGARDING JUNE 25, 2020 EVIDENTIARY HEARING** |
| v. | |
| GAVIN NEWSOM, et al., | Judge:   Hon. Kimberly J. Mueller |
| Defendants. | Date:    June 12, 2020 |
| | Time:    10:00 a.m. |

1   Plaintiffs submit this update in advance of the June 12, 2020 status conference to
2   appraise the Court of various disputes pertaining to the upcoming June 25, 2020
3   evidentiary hearing regarding class members' access to inpatient psychiatric
4   hospitalization at DSH.

5   On May 13, 2020, the parties stipulated to continue by thirty days the May 19, 2020
6   evidentiary hearing, which the Court granted on May 18, 2020.  *See* ECF No. 6676.
7   Plaintiffs' agreement to do so was specifically predicated on Defendants' agreement to
8   produce written guidelines, developed with the Special Master's guidance, that "make
9   clear that no additional clinical criteria will be imposed on top of existing Program Guide
10  requirements aside from COVID-19 screening and consideration of individualized
11  COVID-19 risk factors affecting potential patient transfers to DSH."  *Id.* at 2.  The Court's
12  order granting the stipulation made clear those written guidelines were to be updated
13  "promptly."  *Id.* at 4.

14  Although nearly a month has passed since the Court's Order, however, Plaintiffs to
15  date have received no updated written guidance governing transfers to DSH inpatient
16  programs whatsoever, even in draft form.  And Plaintiffs are growing increasingly
17  concerned that Defendants are failing to fully comply with the April 24, 2020 order (ECF
18  No. 6639) and the Program Guide, as the number of *Coleman* class members receiving
19  inpatient psychiatric hospitalization at Atascadero State Hospital has continued to decline
20  in recent weeks instead of increasing, despite the fact that Defendants have reported that
21  hundreds of *Coleman* class members are currently waiting for inpatient care.

22  Additionally, Defendants have added a prescreening clinical evaluation step at the
23  front end of their referral process that they refuse to account for in their calculation of the
24  thirty-day transfer timeline required by the Program Guide and enforced upon threat of
25  sanction by this Court's April 19, 2017 Order.  *See* ECF No. 5610 at 13-14.

26  As such, Plaintiffs at this point anticipate that the June 25, 2020 evidentiary hearing
27  will proceed as scheduled and have begun their preparations.  In particular, Plaintiffs
28  requested on June 2, 2020 that, consistent with Federal Rule of Civil Procedure 26(e)(1),

1  Defendants supplement their responses to Plaintiffs' discovery requests authorized by this

2  Court's April 10, 2020 Order, given that the previous production was completed nearly six

3  weeks ago and the most up to date information is current only through mid-April.  *See*

4  ECF No. 6600 at 3-4.  After meeting and conferring, Defendants informed Plaintiffs

5  yesterday that they will not be able complete their supplementation to provide updated

6  information that is current through May 31, 2020 until June 22, 2020 – less than three days

7  before the evidentiary hearing.  Such a late production prejudices Plaintiffs' ability to

8  adequately prepare for trial, including preparation of their expert witness as appropriate.

9  Indeed, assuming the Court follows the procedure outlined in its May 7, 2020 order of

10 requiring exchange of trial exhibits four days before the evidentiary hearing, *see* ECF No.

11 6612 at 3, Defendants' production of documents and information responsive to discovery

12 requests on June 22 would preclude Plaintiffs' use of those documents at trial.

13      Because of the time-sensitive nature of this dispute and the upcoming evidentiary

14 hearing, Plaintiffs appraised Defendants that they intended to raise the issue with this

15 Court in conjunction with the June 12, 2020 status conference.  Plaintiffs request that the

16 dispute be addressed either at the status conference, or in a separate proceeding as soon as

17 practicable thereafter.

18

19 DATED:  June 11, 2020                    Respectfully submitted,

20                                          ROSEN BIEN GALVAN & GRUNFELD LLP

21                                          By:  */s/ Lisa Ells*

22                                               Lisa Ells

23                                          Attorneys for Plaintiffs

24

25

26

27

28