XAVIER BECERRA, State Bar No. 118517
Attorney General of California
ADRIANO HRVATIN, State Bar No. 220909
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
TYLER V. HEATH, State Bar No. 271478
KYLE A. LEWIS, State Bar No. 201041
LUCAS HENNES, State Bar No. 278361
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7318
  Fax: (916) 324-5205
  E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

ROMAN M. SILBERFELD, State Bar No. 62783
GLENN A. DANAS, State Bar No. 270317
ROBINS KAPLAN LLP
  2049 Century Park East, Suite 3400
  Los Angeles, CA 90067-3208
  Telephone: (310) 552-0130
  Fax: (310) 229-5800
  E-mail: RSilberfeld@RobinsKaplan.com
*Special Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>　　　　　　　　　　　　Defendants. | Case No. 2:90-cv-00520 KJM-DB (PC)<br><br>**E. THORN DECLARATION SUPPORTING JOINT STATUS REPORT IN RESPONSE TO JUNE 12, 2020 ORDER REGARDING THE JUNE 25, 2020 HEARING, THE STATUS OF DEFENDANTS' UPDATES TO PLAINTIFFS' DISCOVERY REQUESTS, AND THE DEADLINE TO RESPOND TO THE SPECIAL MASTER'S MAY 29, 2020 REPORT**<br><br>Judge: The Hon. Kimberly J. Mueller |

I, Elise Owens Thorn, declare as follows:

1. I am a Deputy Attorney General with the California Office of the Attorney General, attorney of record for Defendants in this case, and I am admitted to practice before the courts of the State of California and before this Court. I am competent to testify to the matters set forth in this declaration, and if called upon by this Court, would do so. I submit this declaration in

[3419376.1]                                     1

1  support of Defendants' positions on three issues discussed in the Joint Status Report requested by
2  the Court following the June 12, 2020 status conference.

3      2.    Attached as Exhibit 1 is a true and correct copy of an e-mail I received from
4  Plaintiffs' counsel, Jessica Winters, dated April 13, serving Defendants with a request for
5  production of documents and a request for answers to interrogatories.

6      3.    Attached as Exhibit 2 is a true and correct copy of an e-mail I sent to Ms. Winters on
7  April 15.

8      4.    Attached as Exhibit 3 is a true and correct copy of a letter I sent to Ms. Winters on
9  April 15, with Defendants' written objections to Plaintiffs' discovery, confirming that Defendants
10 would be producing documents and interrogatory responses to Plaintiffs on April 17.

11     5.    On April 16, I, other Deputy Attorneys General, and attorneys from the Department
12 of State Hospitals (DSH), participated in a telephone conference with Plaintiffs' counsel to meet
13 and confer concerning Plaintiffs' discovery requests and Defendants' objections. Defendants
14 explained the constraints preventing DSH from gathering the data and information available to
15 respond fully to Plaintiffs' requests. Specifically, and as stated in my April 15 letter and written
16 objections, DSH's normal operating procedures require its individual hospitals to track and
17 produce information concerning patient census and bed usage and report that information to
18 headquarters. This information is compiled and reported monthly in the DSH Net Bed Capacity
19 Reports and the Census by Unit Reports. We informed Plaintiffs that the Net Bed Capacity
20 Report containing April data would not be available until May, but that DSH would work with
21 Plaintiffs to try and produce other data, if available and responsive to Plaintiffs' requests.

22     6.    On April 17, Defendants responded to Plaintiffs' discovery requests, and produced
23 written discovery responses and documents, including the Net Bed Capacity Reports and the
24 Census by Unit Reports for the hospitals that treat *Coleman* class members, DSH-Atascadero,
25 DSH-Coalinga, and DSH-Patton.

26     7.    Following further negotiations, on April 30 and May 1, my office served Plaintiffs
27 with additional supplemental discovery responses, including data and information for DSH-
28 Metropolitan and DSH-Napa.

[3419376.1]                                2

Thorn Decl. Supp. Jt, Status Report Resp. June 12 Order (2:90-cv-00520 KJM-DB (PC))

8. Attached as Exhibit 4 is a true and correct copy of an e-mail dated June 2, I received from Plaintiffs' counsel, Amy Xu, of the same date, requesting that Defendants supplement the DSH discovery responses for data through May 31.

9. Attached as Exhibit 5 is a true and correct copy of an e-mail I sent to Amy Xu on June 4, to confirm that Defendants would produce supplemental discovery by June 11, but that there would be some limits to scope of documents and data available by that deadline.

10. On June 9, I participated in a teleconference with Plaintiffs to describe the limits on the availability of the supplemental discovery responses—specifically, that the Net Bed Capacity reports for the hospitals for May data could not be produced before June 22.  I suggested that Plaintiffs provide a more focused list or description of the data Plaintiffs need as an alternative to the pending broad requests.

11. On June 11, Defendants supplemented their document production and produced data covering April 2020 in the Net Bed Capacity Report as of May 1, the Census by Unit reports as of May 1, the Pending Weekly Placement Report as of June 1, and updates to DSH's coronavirus management plans.

12. Attached as Exhibit 6 is a true and correct copy of an e-mail I sent to Plaintiffs' counsel, Amy Xu, on June 12, reiterating the timing for the production of the May data and offering to meet and confer to further discuss the issues.

13. On June 15, I participated in another teleconference with Plaintiffs' counsel to discuss the issue with timing of production of documents and data regarding bed capacity in the DSH hospitals.  Plaintiffs again requested bed capacity data, for all hospitals, or even for DSH-Atascadero and DSH-Coalinga.  I reiterated on the call that the Net Bed Capacity Report is the document that provides the capacity data for the hospitals, that DSH cannot validate the data for just one hospital, or provide a partial validated report, and that even producing a draft report would extend the time it would take to complete the full report, interfering with the operational processes DSH needs to follow to manage its hospitals.  I also reminded Plaintiffs that DSH is providing weekly data on *Coleman* class members during the COVID-19 task force meetings.

[3419376.1]   3

Thorn Decl. Supp. Jt, Status Report Resp. June 12 Order (2:90-cv-00520 KJM-DB (PC))

1  I declare under penalty of perjury under the laws of the United States of America that the
2  foregoing is true and correct. Executed in Sacramento, California on June 16, 2020.

/s/ *Elise Owens Thorn*
Elise Owens Thorn

[3419376.1]    4

Thorn Decl. Supp. Jt, Status Report Resp. June 12 Order (2:90-cv-00520 KJM-DB (PC))