# Exhibit 3

| | |
|---|---|
| **From:** | Elise Thorn |
| **To:** | "Jessica Winter"; Christine.Ciccotti@dsh.ca.gov; Antonia.Raddatz@dsh.ca.gov; Kristopher.Kent@dsh.ca.gov; Kyle Lewis; Adriano Hrvatin; Tyler Heath; Lucas Hennes; Damon McClain |
| **Cc:** | Coleman Team - RBG Only; Steve Fama; Donald Specter; Coleman Special Master Team; jerome.hessick@cdcr.ca.gov; Nick Weber; Melissa Bentz; Dillon.Hockerson@cdcr.ca.gov; RSilberfeld@RobinsKaplan.com; GDanas@RobinsKaplan.com |
| **Subject:** | RE: Coleman: DSH discovery requests pursuant to April 10, 2020 Order, ECF 6600 [IWOV-DMS.FID6429] |
| **Date:** | Wednesday, April 15, 2020 9:50:00 PM |
| **Attachments:** | Letter Objections to Pls Discovery.pdf |

Jessica,

Attached is Defendants' response to Plaintiffs' request for written objections to the April 13, 2020 discovery requests.

Sincerely,

Elise

**Elise Owens Thorn | Deputy Attorney General | California Department of Justice**
Correctional Law Section | 1300 I Street | Sacramento, CA 95814
*t* (916) 210-7318 | *e* elise.thorn@doj.ca.gov


**From:** Elise Thorn
**Sent:** Wednesday, April 15, 2020 11:09 AM
**To:** 'Jessica Winter' <JWinter@rbgg.com>; Christine.Ciccotti@dsh.ca.gov; Sean.Rashkis@dsh.ca.gov; Antonia.Raddatz@dsh.ca.gov; Kristopher.Kent@dsh.ca.gov; Kyle Lewis <Kyle.Lewis@doj.ca.gov>; Adriano Hrvatin <Adriano.Hrvatin@doj.ca.gov>; Tyler Heath <Tyler.Heath@doj.ca.gov>; Lucas Hennes <Lucas.Hennes@doj.ca.gov>; Damon McClain <Damon.McClain@doj.ca.gov>
**Cc:** Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbgg.com>; Steve Fama <sfama@prisonlaw.com>; Donald Specter <dspecter@prisonlaw.com>; Coleman Special Master Team <ColemanSpecialMasterTeam@rbgg.com>; jerome.hessick@cdcr.ca.gov; Nick Weber <Nicholas.Weber@cdcr.ca.gov>; Melissa Bentz <Melissa.Bentz@cdcr.ca.gov>; Dillon.Hockerson@cdcr.ca.gov; RSilberfeld@RobinsKaplan.com; GDanas@RobinsKaplan.com
**Subject:** RE: Coleman: DSH discovery requests pursuant to April 10, 2020 Order, ECF 6600 [IWOV-DMS.FID6429]

Jessica,

Defendants are working to respond to Plaintiffs' discovery requests as expeditiously as possible to complete the production by 5:00 p.m. on Friday, April 17, 2020. We will not be able to meet the timelines proposed in your email, including today's 12:00 p.m. deadline for written objections. The written objections will be sent to you later today, and we will make time tomorrow to meet and confer with your team on those objections.

Elise

**From:** Jessica Winter [mailto:JWinter@rbgg.com]
**Sent:** Monday, April 13, 2020 4:11 PMly,
**To:** Christine.Ciccotti@dsh.ca.gov; Sean.Rashkis@dsh.ca.gov; Antonia.Raddatz@dsh.ca.gov; Kristopher.Kent@dsh.ca.gov; Kyle Lewis <Kyle.Lewis@doj.ca.gov>; Elise Thorn <Elise.Thorn@doj.ca.gov>; Adriano Hrvatin <Adriano.Hrvatin@doj.ca.gov>; Tyler Heath <Tyler.Heath@doj.ca.gov>; Lucas Hennes <Lucas.Hennes@doj.ca.gov>; Damon McClain <Damon.McClain@doj.ca.gov>
**Cc:** Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbgg.com>; Steve Fama <sfama@prisonlaw.com>; Donald Specter <dspecter@prisonlaw.com>; Coleman Special Master Team <ColemanSpecialMasterTeam@rbgg.com>; jerome.hessick@cdcr.ca.gov; Nick Weber <Nicholas.Weber@cdcr.ca.gov>; Melissa Bentz <Melissa.Bentz@cdcr.ca.gov>; Dillon.Hockerson@cdcr.ca.gov; RSilberfeld@RobinsKaplan.com; GDanas@RobinsKaplan.com
**Subject:** Coleman: DSH discovery requests pursuant to April 10, 2020 Order, ECF 6600 [IWOV-DMS.FID6429]

Dear all,

The Court's order issued on April 10, 2020, ECF No. 6600, authorized Plaintiffs to conduct limited expedited discovery to be completed by 5:00 PM on Friday, April 17, 2020. Pursuant to that order, Plaintiffs are serving our first set of Document Requests and Interrogatories to Defendant Stephanie Clendenin, Director of the Department of State Hospitals. Due to the expedited timeline, Plaintiffs request that Defendants provide any written objections by 12:00 PM (noon) PST on Wednesday, April 15, 2020, and produce all requested discovery by 12:00 PM (noon) PST on Thursday, April 16, 2020.

Plaintiffs are serving these requests by email only due to the local shelter in place order. Given the expedited timeline, please let us know immediately if you have questions or would like to meet and confer about these requests.

Best,

Jessica Winter



101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830 telephone
(415) 433-7104 facsimile
jwinter@rbgg.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.

IRS CIRCULAR 230 NOTICE:  As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

**XAVIER BECERRA**
*Attorney General*

State of California
**DEPARTMENT OF JUSTICE**

1300 I STREET, SUITE 125
P.O. BOX 944255
SACRAMENTO, CA 94244-2550

Public:  (916) 445-9555
Telephone:  (916) 210-7318
Facsimile:  (916) 324-5205
E-Mail:  Elise.Thorn@doj.ca.gov

April 15, 2020

Jessica Winter, Esq.
Rosen, Bien, Galvan & Grunfeld, LLP
101 Mission Street, Sixth Floor
San Francisco, CA 94105

RE:  Coleman v. Newsom, et al.,
   <u>Defendants' Objections to Plaintiffs' April 13, 2020 Discovery Requests</u>

Dear Jessica:

On Monday, April 13, 2020, in the late afternoon, Plaintiffs served Defendant Stephanie Clendenin, as Director of the Department of State Hospitals, with a request for production of documents and a request for answers to interrogatories. Your e-mail transmitting the discovery requests asked that Defendants provide written objections by 12:00 p.m. on April 15, 2020 – a deadline not contained in the Court's order. As I reported to you earlier today, Defendants agreed to provide written objections today, but would not be able to meet your noon deadline.

As you requested, Defendants provide preliminary objections to Plaintiffs' discovery requests, and, because Defendants continue to work to obtain responsive material on an extremely expedited basis, reserve the right to make additional objections as part of their responses to the discovery requests.

**General Objections**

Defendants object in general to Plaintiffs' discovery on the following grounds:

1. The requests exceed the scope of the April 10, 2020 order that gave Plaintiffs leave to serve Defendants with "limited and focused written discovery . . . concerning the availability of extra space in the state hospitals, given the circumstances posed by the coronavirus pandemic, to provide the care and treatment that is necessary to *Coleman* class members." (ECF No. 6600 at 3-4.) All of Plaintiffs' requests seek documents and information for the period January 1, 2020 through April 13, 2020. The discovery is limited to the availability of extra space "given the circumstances posed by the coronavirus pandemic." The order clearly limits the discovery to current conditions. The order also limits the discovery to extra space available to treat *Coleman* patients. *Coleman* patients are only allowed to be placed in DSH-Atascadero, DSH- Coalinga, and DSH-Patton. Accordingly, Defendants will provide documents and information in response to interrogatories that cover the period March 1, 2020 through April 13, 2020, to the extent

April 15, 2020
Page 2

available and possible on the expedited time frame, and for the three hospitals where *Coleman* patients may be treated.

      2. The discovery requests unilaterally impose a deadline of less than two days for written objections and less than three days to produce responsive information. Those deadlines do not provide sufficient time for DSH to pull the documents and information needed to respond fully to the discovery requests.

      3. The April 10, 2020 order requires the parties to conduct discovery so that it is completed by 5:00 p.m. on Friday, April 17, 2020. The April 17, 2020 deadline set by the April 10 order fails to allow sufficient time to Defendants to fully respond to many of the discovery requests. Defendants received the requests for production of documents at 4:11 p.m. on April 13, 2020, giving them less than four business days to collect and produce the documents. In normal times this production would be difficult to complete. Complicating the production are all of the concurrent tasks DSH's must attend to in response to the COVID-19 global pandemic.

      4. The discovery requests seek data and information for all DSH hospitals and require Defendants respond to these requests under extremely shortened time and under conditions impacted by the COVID-19 pandemic, including a reduction in resources available to the Department of State Hospitals (DSH) to assist in the collection of documents and information due to the need of leadership and staff to address the medical and mental health needs of its patients. Notwithstanding such conditions, DSH has used available resources to provide documents Plaintiffs seek to address the issues the Court will take up at an evidentiary hearing on April 21, 2020. Plaintiffs are well-versed in the challenges Defendants face in providing real-time data. Indeed, this is the reason why the Court-ordered reports are 1 to 2 months behind in reporting. It takes a considerable amount of time and staff resources to compile and report the data, even when the State is not operating under a worldwide pandemic.

      5. Defendants object to the requests to the extent they seek information and documents protected by the attorney-client privilege, the attorney work product doctrine, and under the privilege protecting deliberations by which governmental decisions are formulated.

      6. Defendants also object to the terms set forth in the instructions and definitions preceding both the document requests and the interrogatory requests. Those terms, which are standard for discovery requests propounded under normal timelines and protections afforded by the Federal Rules of Civil Procedure, are unduly burdensome given the short response time afforded under the April 10 order. For example, Defendants will not have time to conduct standard electronic search protocols normally used to respond fully to discovery requests. This means that not every version of each document produced will be provided. Also, your definition of "document" is the standard "broadest possible meaning" within the definition of "writings" and "recordings" as set forth in Rule 1001(1) of the Federal Rules of Evidence. There is simply not time to search DSH's records to respond based on that extremely broad definition.

April 15, 2020
Page 3

**Objections to Plaintiffs' Requests for Production of Documents**

1. *DOCUMENTS sufficient to show the information currently provided in the DSH CDCR Patient Census and Waitlist Report for each month, from January 1, 2020 to the present, including but not limited to: the bed capacity, census, number of beds on hold, number of redlined beds, medical isolation rooms, available beds, patients with referrals pending review, patients with accepted referrals, and patients awaiting admission to DSH.*

In addition to the above general objections, Defendants object to the request on the ground that it is vague and ambiguous as to what Plaintiffs mean by "documents sufficient to show" information already reported by Defendants, and the request is compound. Are you looking for the backup data? If so, the data for the census and waitlist report is not based on other static documents and the backup data would require hours of manual formatting to produce. This cannot be accomplished by April 17, 2020. We are willing to work with you to provide specific information if it is available. For example, some of the information you request in Interrogatory No. 1 may be responsive to this request.

In addition to the monthly census and waitlist report, DSH will also produce (a) the Monthly Net Bed Capacity Report for each of the three hospitals that treat *Coleman* patients; and (b) DSH's Census by Unit Report that provides data for the units at DSH-Atascadero, DSH-Coalinga and DSH-Patton as of April 13, 2020.

2. *DOCUMENTS sufficient to show the following information on a monthly basis, from January 1, 2020 to the present for all patients in all DSH institutions (not limited to Coleman patients), including but not limited to: the bed capacity, census, number of beds on hold, number of redlined beds, medical isolation rooms, available beds, patients with referrals pending review, patients with accepted referrals, and patients awaiting admission to DSH*

In addition to the above general objections, Defendants object to the request on the ground that it is vague and ambiguous as to what Plaintiffs mean by "documents sufficient to show" information already reported by Defendants, and the request is compound. Moreover, Defendants do not intend to produce documents for hospitals other than the three where *Coleman* patients are authorized to be treated. Also, please note that DSH does not keep data on all commitment types in the same manner. The DSH Net Bed Capacity Report, and Census by Unit report, both of which will be produced to you for the three hospitals that treat *Coleman* class members, combined with the systemwide Pending Placement List should provide information responsive to the request.

3. *DOCUMENTS sufficient to show the information provided in Enclosure 1-M of the Coleman monthly report from January 1, 2020 to the present, including but not limited to: total number of authorized positions for direct care staffing and treatment*

April 15, 2020
Page 4

> *team staffing; actual positions filled; over-time, full-time equivalent positions; contracted full-time equivalent positions; and the overall percentage of vacancies.*

In addition to the above general objections, Defendants object to the request on the ground that it is vague and ambiguous as to what Plaintiffs mean by "documents sufficient to show" information already reported by Defendants, and the request is compound. The staffing data for February 2020 was provided to you through the CDCR ftp site today. DSH does not have documents available for production for March and April, 2020. We are willing to work with you to provide specific information if it is available. For example, some of the information you request in Interrogatory Nos. 11 and 12 may be responsive to this request. DSH will attempt to provide the information you seek provided you can clarify your request.

> 4. *DOCUMENTS sufficient to show the following information for the entirety of all DSH institutions from January 1, 2020 to the present, including but not limited to: total number of authorized positions for direct care staffing and treatment team staffing; actual positions filled; over-time, full-time equivalent positions; contracted full-time equivalent positions; and the overall percentage of vacancies.*

Defendants object to this request to the extent Plaintiffs seek information beyond that which is available in the Salaries and Wage Supplement posted on the Department of Finance website, which reflects the number of positions authorized for DSH. starting at page 112, www.dof.ca.gov/Budget/Salary_Wages_Supplement/document/HHS_comined.pdf.

> 5. *Any DOCUMENTS REFERRING TO or RELATING TO the most current blueprints of each DSH facility, including annotations with unit names and a description of the type of housing provided in each unit. If any such blueprints provided no longer reflect the physical plant of any DSH facility as of April 13, 2020, please provide DOCUMENTS explaining or describing the changes, and/or a response indicating the nature of such differences.*

In addition to the above general objections, Defendants object to the request on the grounds that the request is compound and that the production of blueprints will not provide any information that responds to the April 10 order regarding the current availability of beds to treat *Coleman* patients. Blueprints will not provide you with the number of beds at DSH hospitals.

> 6. *Any DOCUMENTS REFERRING TO or RELATING TO any modifications or changes made to the information found in DSH's 2020-21 Governor's Budget Estimate, located at: https://www.dsh.ca.gov/About_Us/docs/2020-21_DSH_Budget_Proposed.pdf.*

Defendants object to this request on the ground that it requests documents potentially covered by the privilege protecting the deliberative process. There were no Spring Finance Letters issued to the Legislature to propose changes to DSH's Governor's Budget Estimate that was released in January 2020.

April 15, 2020
Page 5

> 7. *Any DOCUMENTS which refer or relate to the manner in which DSH "identified and prepared isolation spaces" (ECF No. 6590 at n.3) in response to COVID-19, as stated in Defendants' Response to the April 3, 2020 OSC.*

Subject to the above general objections, DSH will provide the plans made pursuant to the Governor's declaration of a state of emergency related to COVID-19. This declaration gave the Director of the California Department of Public Health (CDPH) the authority to waive any of the licensing requirements of Chapter 2 of Division 2 of the Health and Safety Code and accompanying regulations with respect to any health facility identified in Health and Safety Code section 1250. CDPH authorized a statewide waiver for long-term care (LTC) facilities to modify their policies in accordance with CMS guidelines when necessary to protect the health and safety of LTC residents, staff, and the public.

> 8. *Any DOCUMENTS which refer or relate to the manner in which DSH "updated hospital plans for infection control, respiratory protection and pandemic response" (ECF No. 6590 at n.3) in response to COVID-19, as stated in Defendants' Response to the April 3, 2020 OSC.*

Subject to the above general objections, DSH will produce to Plaintiffs any updated plans responsive to COVID-19.

**Objections to Plaintiffs' Requests for Answers to Interrogatories**

> 1. *Identify how many total beds, including any beds which are redlined, off-line, unlicensed, occupied, or unoccupied, exist at each individual DSH institution as of April 13, 2020.*

In addition to the above general objections, Defendants object on the grounds that the interrogatory is compound. Subject to the objection, DSH will provide the following information in response to this interrogatory: (a) a narrative providing the requested data points; (b) reference to DSH's Monthly Net Bed Capacity Report for each of the three hospitals that treat *Coleman* patients (the report for March with data as of March 1, 2020 and the report for April with data as of April 1, 2020); and (c) reference to DSH's Census by Unit Report that provides data for the units at DSH-Atascadero, DSH-Coalinga and DSH-Patton as of April 13, 2020.

> 2. *As of April 13, 2020, identify how many total beds are budgeted and allocated, if any, for each of these patient categories at each DSH institution: 1) those deemed incompetent to stand trial pursuant to Penal Code section 1370; 2) those found not guilty by reason of insanity pursuant to Penal Code section 1026; 3) those deemed to be offender with mental disease pursuant to Penal Code sections 2962 and 2972; 4) patients that have been determined to be sexually violent predators pursuant to Welfare and Institutions Code section 6600 et seq.; 5) certain patients committed by*

April 15, 2020
Page 6

> *civil courts for being a danger to themselves or others under the Lanterman-Petris-Short Act; 6) patients referred by the Department of Juvenile Justice; 7) Coleman class members; and 8) any other category of patients at a DSH institution.*

In addition to the above general objections, Defendants object on the grounds that the interrogatory is compound and vague and ambiguous as to the terms "budgeted and allocated." DSH does not specifically budget and allocate beds by commitment type. The system-wide population numbers are available in the Governor's Budget Patient Population Tables on the following website, Section A3: https://www.dsh.ca.gov/About_Us/docs/2020-21_DSH_Budget_Proposed.pdf.

> *3. For each individual DSH institution as of April 13, 2020, identify the number of beds not already designated for Coleman class members, which are currently unoccupied.*

In addition to the above general objections, Defendants object on the ground that the interrogatory assumes facts not in evidence to the extent it assumes that unoccupied beds are appropriate to provide treatment to *Coleman* class members without regard to any characteristics of those beds. DSH does not have real-time data available to respond to this interrogatory and it would be overly burdensome for DSH to obtain that data by the Plaintiffs' deadline or the Court's deadline. To obtain this information, it would require a manual count by hospital staff across all 156 units and approximately 1,800 hospital rooms. Subject to Defendants' objections, DSH refers Plaintiffs to the Monthly Net Bed Capacity Report for each of the three hospitals that treat Coleman patients provides data as of the first of each month. The report for March with data as of March 1, 2020 and the April report with data as of April 1, 2020 will be available on April 17, 2020, and will be produced to you.

> *4. For each individual DSH institution as of April 13, 2020, identify the number of beds in single-patient suites or rooms and how many are currently unoccupied.*

In addition to the above general objections, Defendants object on the ground that the interrogatory is compound. DSH does not have real-time data available to respond to this interrogatory and it would be overly burdensome for DSH to obtain that data by the Plaintiffs' deadline or the Court's deadline. DSH's current reporting tools identify hospital census at the unit level and not at a bed or room level. Subject to Defendants' objections, DSH will provide data available to it in the Net Bed Capacity report and the Census by Unit report, which will show the units with single rooms along with the census on each unit.

> *5. For each individual DSH institution as of April 13, 2020, identify the number of beds in admissions units and how many are currently unoccupied.*

In addition to the above general objections, Defendants object on the ground that the interrogatory is compound. DSH does not have real-time data available to fully respond to this interrogatory and it would be overly burdensome for DSH to obtain that data by the Plaintiffs' deadline or the Court's deadline. Subject to Defendants' objections, DSH refers Plaintiffs to the Monthly Net Bed Capacity Report and the Census by Unit report to determine which units are

April 15, 2020
Page 7

classified as admissions units, how many beds in each admissions unit, and the census by unit for the period reported for each of the three hospitals that treat Coleman patients. As stated above the report for March with data as of March 1, 2020 and the report for April with data as of April 1, 2020 will be available on April 17, 2020, and will be produced to you.

> 6. *For each individual DSH institution as of April 13, 2020, identify the number of Enhanced Treatment Program ("ETP") single-person suites, beds, and/or cells and how many of the suites, beds, or cells are currently unoccupied.*

In addition to the above general objections, Defendants object on the grounds that the interrogatory is compound and Defendants are unable to respond to this interrogatory as written. Again, and subject to Defendants' objections, DSH refers Plaintiffs to the Monthly Net Bed Capacity Report for each of the three hospitals that treat Coleman patients for any currently available data. With respect to your request for the current status of the Enhanced Treatment Programs, Atascadero's first ETP unit, Unit 29, is a 13-bed unit that is scheduled for construction completion in June 2020. DSH has not started construction on all other ETP units at Atascadero and Patton.

> 7. *For each individual DSH institution as of April 13, 2020, identify the number of multi-person units, the number of beds in such multi-person units, and how many multiperson units or beds within such units are currently unoccupied.*

In addition to the above general objections, Defendants object on the ground that the interrogatory is compound. DSH does not have real-time data available to respond to this interrogatory. DSH's current reporting tools identify hospital census at the unit level and not at a bed or room level and it would be overly burdensome for DSH to obtain that data by the Plaintiffs' deadline or the Court's deadline. To obtain census by room and room type would require a manual count by hospital staff across all 156 units and approximately 1,800 hospital rooms. Again, and subject to Defendants' objections, DSH will refer to the Net Bed Capacity report and the Census by Unit report. The Net Bed Capacity report will show the number of multi-person dorm rooms and the number of beds per multi-person dorm room on the unit. The Census by Unit will show the total census on the unit.

> 8. *For each individual DSH institution, identify the number of units and beds that are currently offline as of April 13, 2020 and why the offline units or beds cannot be occupied by patients as of April 13, 2020.*

In addition to the above general objections, Defendants object on the ground that the interrogatory is compound and it assumes facts not in evidence to the extent is assumes any such units would be appropriate for treating *Coleman* class members. Defendants do not have the information required to respond to this interrogatory. Subject to Defendants' objections, DSH will answer this interrogatory based on the Monthly Net Bed Capacity Report for each of the three hospitals that treat Coleman patients for data as of April 1, 2020. That report will be completed by noon on April 17, 2020.

April 15, 2020
Page 8

> 9. *For each DSH institution as of April 13, 2020, identify the number of units and beds in each unit that are licensed for treating ICF patients, the number of units and of beds licensed for acute patients, and the number of units and beds licensed for skilled nursing facility patients.*

In addition to the above general objections, Defendants object on the ground that the interrogatory is compound and irrelevant to the extent it requests information regarding acute treatment space and *Coleman* patients requiring an acute level of care and skilled nursing facility care are not treated in DSH hospitals. Subject to Defendants' objections, Defendants do not have the information required to respond to this interrogatory. DSH will answer this interrogatory based on the Monthly Net Bed Capacity Report for each of the three hospitals that treat Coleman patients for data as of April 1, 2020. That report will be completed by noon on April 17, 2020.

> 10. *For each individual DSH institution as of April 13, 2020, identify the number of units and beds, if any, that are unlicensed.*

Subject to the above general objections, Defendants do not have the information required to respond to this interrogatory. DSH will answer this interrogatory based on the DSH-Coalinga section of the Monthly Net Bed Capacity Report for data as of April 1, 2020. There are unlicensed beds at Coalinga called Residency Recovery Units (RRU) for the Sexually Violent Predator (SVP) population. They are intermediate care beds provided under W&I Code Section 6606(d).

> 11. *For each individual DSH institution, identify all allocated staff member positions, broken out by discipline and title, as of April 13, 2020.*

In addition to the above general objections, Defendants object on the ground that the interrogatory falls outside the scope of the limited discovery allowed by the Court's order and it would be overly burdensome and could not be completed by the Plaintiffs' or the Court's deadlines because it would require a manual pull of information from every hospital. Subject to Defendants' objections, Defendants do not have the information required to respond to this interrogatory. Defendants are able to refer Plaintiffs to the DSH monthly staffing reports for allocated staff member positions as of February 2020. DSH also refers Plaintiffs to the Salaries and Wage Supplement to the Governor's Budget for a list of all allocated positions within DSH. See https://www.dsh.ca.gov/About_Us/docs/2020-21_DSH_Budget_Proposed.pdf
http://www.dof.ca.gov/Budget/Salaries_Wages_Supplement/documents/HHS_combined.pdf

> 12. *For each individual DSH institution, identify all vacant staff member positions and positions in which staff members have called out for illness, out of total allocated positions, broken out by discipline and title, as of as of April 13, 2020.*

Subject to the above general objections, Defendants do not have the information required to respond to this interrogatory. The most recent staff vacancy reports cover staff member positions as of February 2020. To provide the staff vacancies based on members calling in sick as of April 13, 2020 would require a manual count of daily absentee information at each hospital

April 15, 2020
Page 9

and a manual collection and reporting of that information by DSH headquarters. Such an exercise would be burdensome and would take a minimum of weeks to complete.

> 13. Identify the number of Coleman class members that have been discharged from DSH to CDCR since March 16, 2020.

Defendants have no objection to providing this information.

> 14. Identify the number of offenders with mental health disorders ("OHMD") that DSH has admitted to its institutions since March 16, 2020.

Subject to the above general objections, Defendants will provide the requested information.

> 15. Identify the number of Coleman class members that have been discharged from DSH to parole since March 16, 2020, and how many will be paroled in the next 60 days.

Defendants have no objection to providing this information.

> 16. Identify the number patients in each legal category other than Coleman class members that have been discharged from DSH beds since March 16, 2020.

Subject to the above general objections, Defendants will provide the requested information.

As stated above, we are prepared to meet with you to discuss the stated objections and to work to provide the specific information you seek where available.

    Sincerely,

    */s/ Elise Owens Thorn*

    ELISE OWENS THORN
    Deputy Attorney General

    For    XAVIER BECERRA
            Attorney General

CF1997CS0003