1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RALPH COLEMAN, et al.,                    No.  2:90-cv-0520 KJM DB P

12                 Plaintiffs,

13          v.                                  ORDER

14    GAVIN NEWSOM, et al.,

15                 Defendants.

16

17

18              This matter is set for evidentiary hearing on June 25, 2020 at 10:00 a.m. to address

19    the impact of the novel coronavirus (COVID-19) pandemic (hereafter pandemic) on class

20    member access to necessary inpatient mental health care at Department of State Hospital (DSH)

21    programs.  *See* May 18, 2020 Stipulation and Order, ECF No. 6676 at 5.  As directed by the court,

22    *see* Minute Order, ECF No. 6712, the parties have filed a joint status report setting forth their

23    respective positions as to (1) whether defendants' pending appeal, ECF No. 6684, deprives this

24    court of jurisdiction over the hearing; and (2) the timing for defendants to provide supplemental

25    discovery responses to plaintiffs in advance of the hearing.  These issues are resolved below.

26    I.     BACKGROUND

27              In an order filed April 10, 2020, the court set this matter for a focused evidentiary

28    hearing concerning the impact of the pandemic on class member access to necessary care at

                                              1

1  Department of State Hospital (DSH) inpatient programs.  April 10, 2020 Order, ECF No. 6600.

2  The order followed a March 16, 2020 directive by the DSH Director to suspend class members'

3  admissions to DSH inpatient programs due to the pandemic.  *See id*. at 3; *see also* April 24, 2020

4  Order, ECF No. 6639 at 5.  The court authorized "limited and focused written discovery as

5  discussed at hearing concerning the availability of extra space in the state hospitals, given the

6  circumstances posed by the coronavirus pandemic, to provide the care that is necessary to

7  *Coleman* class members."  ECF No. 6600 at 3-4.

8          On April 15, 2020, defendants filed a motion for reconsideration and, in the

9  alternative, for clarification of the court's April 10, 2020 order.  ECF No. 6612.  On April 16,

10  2020, the suspension of admissions expired, and at a further telephonic status conference on April

11  17, 2020 the court continued the hearing to May 19, 2020 "in light of the parties' stipulation to

12  continue the hearing subject to close monitoring in the interim by the Special Master of all

13  referrals, rejections and completed transfers to and from the DSH inpatient programs."  ECF No.

14  6639 at 1, 6.

15          The court's April 24, 2020 order addressed several matters raised in defendants'

16  April 15, 2020 motion for reconsideration and/or clarification.  ECF No. 6639, *passim*.  In

17  relevant part, the court found the suspension of class member admissions to DSH violated several

18  court orders requiring DSH "to provide access to *Coleman* class members to the full complement

19  of DSH hospital beds, which are an essential component of the Eighth Amendment remedy in this

20  case" and that the DSH Director, a defendant in this action, "was required to seek modification of

21  those orders before taking unilateral action that violated them."  *Id*. at 7-8.  The court rejected

22  defendants' argument that the emergency nature of the pandemic relieved them of their obligation

23  to seek modification of existing court orders before acting in violation of them, *id*. at 8, and

24  "clarified that, with the exception of a temporary modification to include COVID-19 screening,

25  the *Coleman* Program Guide requirements for transfer of class members to inpatient DSH hospital

26  beds are in full force and effect unless and until they are modified by order of this court."  May 7,

27  2020 Order, ECF No. 6660 at 2 (citing ECF No. 6639 at 11).  The court maintained the hearing

28

2

set for May 19, 2020, subject to close monitoring of DSH transfers by the Special Master.  ECF No. 6639 at 10.

On May 7, 2020, the court issued a further order clarifying specific issues raised by defendants with respect to the evidentiary hearing and finally resolving defendants' April 15, 2020 motion.  ECF No. 6660, *passim*.  The court held that

> the factual issues that will be the subject of the hearing are: (1) as required by the April 24, 2020 order, have DSH and CDCR been complying with the Program Guide requirements, as modified by the temporary addition of COVID-19 screening, for transfer of class members to inpatient hospital beds; (2) if they are not complying with those requirements, in what way or ways are they deviating from those requirements; and (3) what is the rationale for any deviation.

ECF No. 6660 at 2.  The court indicated it would entertain a stipulation to continue the hearing if the parties agreed defendants were following the requirements of the April 24, 2020 order.  *Id*.  It also provided generally that defendants have the burden of proving either compliance with the order or, under standards applicable to a Rule 60 motion, that modification of the April 24, 2020 order and underlying Program Guide requirements are warranted.  *Id*. at 2-3.

On May 13, 2020, the parties filed a stipulation and proposed order to continue the evidentiary hearing for another thirty-day period.  ECF No. 6662.  By order filed May 18, 2020, the court approved the stipulation "with the understanding defendants are working, under the supervision of the Special Master, to promptly update their guidelines to make clear no additional clinical criteria will be imposed on top of existing Program Guide requirements aside from COVID-19 screening and consideration of individualized COVID-19 risk factors affecting potential patient transfers to DSH."  Order filed May 18, 2020, ECF No. 6676, at 4.  The evidentiary hearing was continued to June 25, 2020, subject to the same express signal that a further stipulation to continue the hearing would be entertained "if the parties agree defendants were continuing to follow the requirements of the April 24, 2020 order." *Id*. at 5.

On May 26, 2020, defendants filed a notice of appeal from the court's April 24, 2020 and May 7, 2020 orders.  ECF No. 6684.  They now contend this appeal divests the court of

1    jurisdiction to conduct the evidentiary hearing.  Plaintiffs disagree, and seek supplemental

2    discovery responses in advance of the hearing.

3    II.    JURISDICTION

4           This is not the first time the court has been called on in this case to examine

5    whether a notice of appeal filed by defendants deprives it of jurisdiction over upcoming

6    proceedings.  *See* November 6, 2017 Order, ECF No. 5726.  As the court explained in an order it

7    issued on November 6, 2017,

8            [i]t is settled that "[t]he filing of a notice of appeal is an event of
             jurisdictional significance -- it confers jurisdiction on the court of
9            appeals and divests the district court of its control over those
             aspects of the case involved in the appeal." *Griggs v. Provident*
10           *Consumer Discount Co.*, 459 U.S. 56, 58 (1982). If a notice of
             appeal is defective "by reason of untimeliness, lack of essential
11           recitals, or reference to a non-appealable order" and that defect "is
             clear to the district court," the district court "may disregard the
12           purported notice of appeal and proceed with the case, knowing that
             it has not been deprived of jurisdiction." *Ruby v. Secretary of U.S.*
13           *Navy*, 365 F.2d 385, 389 (9th Cir. 1966). Where a notice of appeal's
             effect is unclear, the district court "may decline to act further until
14           the purported appellee obtains dismissal of the appeal in the court
             of appeals." *Id.*
15

16   *Id.* at 4.  As with that order, which required the court to consider whether its April 19, 2017 order

17   requiring defendants to come into compliance with their staffing plan was an appealable order,

18   the question of whether defendants' latest notice of appeal divests the court of jurisdiction turns

19   on whether the April 24, 2020 and May 7, 2020 orders are appealable.  *See id.* at 4; *see also* ECF

20   No. 6684.

21          While defendants' notice of appeal does not illuminate the basis of their appeal,

22   beyond identifying the orders appealed from, *see id.*, their position appears to be explained in the

23   June 16, 2020 joint status report.  *See* ECF No. 6726.  Defendants explain there the appeal is

24   based on a theory that the court's two orders "challeng[e] Defendants' authority to make

25   temporary life-saving decisions in emergency circumstances" and "implicates the legal standard

26   and factual basis of those orders, including the standard that will be applied" at the evidentiary

27   hearing.  ECF No. 6726 at 7.  They contend the orders are "final under the standard applied to

28   appeal of post-judgment orders" and hence appealable under 28 U.S.C. § 1291 because they

                                                    4

"constrain Defendants' ability to take temporary and immediate action to protect the inmate-patient population and the public." *Id*. at 8.  They further argue the orders constrain them to follow the requirements of the remedial plan in this action unless those requirements are modified, and that in the context of the pandemic they should not be required to explain their rationale for deviating from those requirements. *Id*. at 10.[1]

In relevant part, 28 U.S.C. §§ 1291 and 1292(a) give the federal courts of appeals jurisdiction over appeals from, respectively, final judgments and interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions. . . ." 28 U.S.C. § 1292(a).  This case has been in remedial proceedings since 1995, when the court found defendants in violation of their Eighth Amendment obligations to the plaintiff class.  In that sense, all proceedings since then could be viewed as "post-judgment."  That does not, however, make all orders issued by this court since the 1995 decision "final orders" for purposes of appellate review.

"There is no question that a post-judgment order can be treated as a final order, even if there remain other, ongoing post-judgment proceedings." *United States v. Gila Valley Irrigation District*, 859 F.3d 789, 798 (9th Cir. 2017).  However, the appealability of post-judgment orders under 28 U.S.C. § 1291 still requires either a finding that those orders are "final" in the sense that an opportunity for review of specific remedial orders will be lost if appeal is not taken, *see Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1064-65 (9th Cir. 2010), or a Rule 54(b) certification by the district court. *See United States v. Gila Valley Irrigation District*, 859 F.3d at 798.

> "Under modern doctrine, '[a] "final decision" generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment....' " *United States v. One 1986 Ford Pickup*, 56 F.3d 1181, 1184 (9th Cir.1995). Finality is "to be given a practical rather than a technical construction": the finality requirement is intended to prevent "piecemeal litigation"

---

[1] Defendants do not here admit they are deviating from these requirements; instead, they qualify this argument with the phrase "if such deviations are occurring." *Id*. at 10.  If such deviations are occurring without leave of court, defendants are in violation of multiple orders of this court.

rather than to vindicate some purely technical definition of finality. *Id*. Notably, some cases involve more than one final decision. See *id*. at 1185. In particular, appeals courts have jurisdiction over post-judgment orders, such as a district court might enter pursuant to the jurisdiction it has retained to enforce a prior order. This court has declared itself less concerned with piecemeal review when considering post-judgment orders, and more concerned with allowing some opportunity for review, because "unless such [post-judgment] orders are found final, there is often little prospect that further proceedings will occur to make them final." *See id*.

*Armstrong*, 622 F.3d at 1064.  An order setting out "interim step[s] to further proceedings" is not a final order under 28 U.S.C. § 1291.  *See, e.g.*, *Plata v. Schwarzenegger*, 560 F.3d 976, 980 (9th Cir. 2009).

The April 24, 2020 order and the May 7, 2020 order are no more than "interim step[s] to further proceedings," namely, the evidentiary hearing currently set for June 25, 2020.  It is that hearing that may result in an order dispositive of whether this court's prior remedial orders governing access to inpatient mental health care must be modified in light of the pandemic and, if so, how.  The prior orders are not final orders within the meaning of 28 U.S.C. § 1291.

In addition, neither order imposes any injunctive relief, with the exception of permitting defendants to conduct COVID-19 screenings prior to transferring class members to inpatient care.  Nor does either refuse a request to modify such relief.  Indeed, the two orders from which defendants appeal stand for the basic and unremarkable proposition that any party bound by a court order may not act unilaterally in violation of that order but, instead, must seek relief from the court that issued the order.  The evidentiary hearing set by the court does nothing more than provide defendants an opportunity to either demonstrate compliance with prior court orders or seek relief therefrom.  Neither order is appealable under 28 U.S.C. § 1292(a).

In its November 6, 2017 order cited above the court concluded the April 19, 2017 order from which defendants were appealing was not appealable.  ECF No. 5726 at 7.  The court chose, however, not to continue with the civil contempt proceedings that were to follow from the April 19, 2017 order during the pendency of defendants' appeal.  *Id*.  Ultimately, the court of appeals dismissed the appeal for lack of appellate jurisdiction.  *Coleman v. Brown*, 743 Fed.Appx 875, 876 (9th Cir. 2018).  The rationale of the court of appeals' decision with respect to that prior

1    appeal applies equally to the two orders from which defendants now appeal:  as explained in this

2    order, neither "'grant(s) or modif(ies) and injunction so as to give . . . jurisdiction under 28 U.S.C.

3    § 1292(a)(1)'", and neither is "'final' within the meaning of 28 U.S.C. § 1291." *Id*.

4              This time the court is not contemplating contempt proceedings during the

5    pendency of defendants' appeal.  And the stakes for members of the plaintiff class in need of

6    inpatient care, who are currently housed in congregate living spaces in California's prison system

7    during the coronavirus pandemic, could not be higher.  Defendants' notice of appeal does not

8    deprive this court of jurisdiction over the evidentiary hearing currently set for June 25, 2020 and

9    that hearing will proceed, but on a slightly revised schedule provided below.

10   III.     <u>DISCOVERY AND SCHEDULING</u>

11             As discussed above, in the April 10, 2020 order the court authorized "limited and

12   focused written discovery as discussed at hearing concerning the availability of extra space in the

13   state hospitals, given the circumstances posed by the coronavirus pandemic, to provide the care

14   that is necessary to Coleman class members."  ECF No. 6600 at 3-4.  Plaintiffs served discovery

15   requests on April 13, 2020, and after several meet and confers, defendants produced responsive

16   documents on April 17, April 30 and May 1.  *See* ECF No. 6726 at 12. On June 2, 2020, plaintiffs

17   requested defendants supplement their responses to plaintiffs' initial discovery requests to provide

18   information current through May 31, 2020.  *Id*.  Defendants responded they would not be able to

19   provide complete supplemental responses until June 22, 2020.  Assuming without deciding that

20   defendants in fact are unable to supplement until June 22, the court modifies the current schedule

21   slightly as explained below.

22             To ensure the record at the time of hearing is as accurate and current as feasible,

23   and to avoid further unnecessary litigation and delay, the evidentiary hearing is continued to

24   Tuesday, June 30, 2020, at 10:00 a.m.  Defendants will be directed to provide the required

25   supplemental discovery responses, namely, information current through May 31, 2020, on or

26   before 5:00 p.m. on June 22, 2020.  With the supplemental discovery responses, defendants shall

27   serve on plaintiffs a brief statement of the issues they intend to prove at hearing, including

28   whether they are in compliance with Program Guide requirements as modified by the temporary

addition of COVID-19 screening in the April 24, 2020 order or, instead, whether they intend to prove modification of specific court orders is required.  The parties shall exchange all documents they plan to offer into evidence at hearing not later than midnight on Thursday, June 24, 2020.

     In accordance with the above, IT IS HEREBY ORDERED that:

    1. The evidentiary hearing set for June 25, 2020 is CONTINUED to June 30, 2020 at 10:00 a.m., continuing to July 1, 2020 as needed.

    2. Defendants shall provide plaintiffs with supplemental discovery responses on or before June 22, 2020 at 5:00 p.m.

    3. On or before 5:00 p.m. on June 22, 2020, defendants shall file a brief statement of the issues they intend to prove at hearing.

    4. On or before midnight on June 24, 2020, the parties shall exchange all documents to be offered into evidence at hearing.

DATED:  June 17, 2020.

CHIEF UNITED STATES DISTRICT JUDGE

8