XAVIER BECERRA
Attorney General of California
MONICA N. ANDERSON
Senior Assistant Attorney General
ADRIANO HRVATIN
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
TYLER V. HEATH, State Bar No. 271478
KYLE A. LEWIS, State Bar No. 201041
LUCAS HENNES, State Bar No. 278361
Deputy Attorneys General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 210-7323
Fax: (916) 324-5205
E-mail: Lucas.Hennes@doj.ca.gov
*Attorneys for Defendants*

ROMAN M. SILBERFELD, State Bar No. 62783
GLENN A. DANAS, State Bar No. 270317
ROBINS KAPLAN LLP
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: (310) 552-0130
Fax: (310) 229-5800
E-mail: RSilberfeld@RobinsKaplan.com
*Special Counsel for Defendants*

MICHAEL W. BIEN – 096891
JEFFREY L. BORNSTEIN – 099358
ERNEST GALVAN – 196065
THOMAS NOLAN – 169692
LISA ELLS – 243657
JENNY S. YELIN – 273601
MICHAEL S. NUNEZ – 280535
JESSICA WINTER – 294237
MARC J. SHINN-KRANTZ – 312968
CARA E. TRAPANI – 313411
ALEXANDER GOURSE – 321631
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830

DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

CLAUDIA CENTER – 158255
DISABILITY RIGHTS EDUCATION AND DEFENSE FUND, INC.
Ed Roberts Campus
3075 Adeline Street, Suite 210
Berkeley, California 94703-2578
Telephone: (510) 644-2555

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

Plaintiffs,

v.

GAVIN NEWSOM, et al.,

Defendants.

Case No. 2:90-CV-00520-KJM-DB

**STIPULATION AND PROPOSED ORDER CONTINUING JUNE 30, 2020 DSH EVIDENTIARY HEARING AND CLARIFYING DISCOVERY OBLIGATIONS**

Judge: Hon. Kimberly J. Mueller
Date: June 30, 2020
Time: 10:00 a.m.

On April 10, 2020, after holding an ongoing series of status conferences addressing the impact of the coronavirus pandemic on the *Coleman* class and Program Guide compliance, this Court set an evidentiary hearing for April 21, 2020 to address the issue of class member access to the Department of State Hospitals' (DSH) inpatient hospital care. ECF No. 6600 at 4. On April 15, 2020, Defendants filed a motion for reconsideration or clarification of the order setting the evidentiary hearing. *See* ECF No. 6612.

On April 17, 2020, the Court continued the evidentiary hearing to May 19, 2020, in light of the parties' stipulation to continue the hearing subject to close monitoring in the interim by the Special Master of all referrals, rejections and completed transfers to and from the DSH inpatient programs. ECF No. 6622 at 3.

On April 24, 2020, the Court confirmed the May 19, 2020 evidentiary hearing. ECF No. 6639 at 11. The Court "clarified that, with the exception of a temporary modification to include COVID-19 screening, the *Coleman* Program Guide requirements for transfer of class members to inpatient DSH hospital beds are in full force and effect unless and until they are modified by order of this court." ECF No. 6639 at 6. The Court ordered that:

1. Program Guide requirements for transfer of class members to DSH inpatient hospital beds are temporarily modified to include COVID-19 screening in accordance with the protocols presented to this court and agreed upon by the parties as cited above.

2. In all other respects, the Program Guide requirements for transfer to DSH inpatient hospital beds remain in full force and effect unless and until modified by order of this court.

3. Defendants shall cooperate fully in the Special Master's close monitoring of transfers to DSH inpatient programs until May 19, 2020, so that he is able to fully advise the court and the parties whether defendants are in compliance with this order and applicable provisions of the Program Guide.

ECF No. 6639 at 11.

On May 7, 2020, the Court granted in part and denied in part Defendants' motion for reconsideration or clarification. The Court clarified that the forthcoming evidentiary hearing would address the following factual issues: "(1) as required by the April 24, 2020 order, have DSH and CDCR been complying with the Program Guide requirements, as modified by the temporary addition of COVID-19 screening, for transfer class members to inpatient hospital beds; (2) if they are not complying with those requirements, in what way or ways are they deviating from those requirements; and (3) what is the rationale for any deviation." ECF No. 6660 at 2. The Court also stated it would entertain a stipulation of the parties, approved by the Special Master, to continue the hearing for an additional period not to exceed thirty days "[i]f the parties agree that defendants are following the requirements of the court's April 24, 2020 order." *Id.* In the event of such an agreement, the ensuing 30-day period would be utilized to permit the Special Master "to monitor whether the necessary compliance has taken hold under the current circumstances." *Id.*

On May 13, 2020, the parties filed a stipulation stating that "Defendants' current processes for transferring class members to DSH hospital beds are consistent with Program Guide requirements, subject to temporary modifications to permit COVID-19 screening consistent with this Court's April 24, 2020 Order," but needed to be memorialized in written guidelines "to make clear that no additional clinical criteria will be imposed on top of existing Program Guide requirements aside from COVID-19 screening and consideration of individualized COVID-19 risk factors affecting potential patient transfers to DSH." ECF No. 6662 at 2. The parties therefore requested that the Court continue the May 19, 2020 evidentiary hearing for 30 days, subject to close monitoring by the Special Master of all referrals, rejections, and completed transfers to and from DSH inpatient programs to ensure necessary compliance" in order to give the parties, with the assistance of the Special Master, time to complete the updated written guidelines. *Id.* at 2-3.

The Court granted the parties' May 13, 2020 stipulation on May 18, 2020, with the understanding that Defendants were working with the Special Master to promptly update

their guidelines, and it continued the hearing to June 25, 2020 while directing the Special Master to continue his ongoing "close monitoring." ECF No. 6676 at 4-5. The Court also stated it would entertain an additional stipulation by the parties to continue the hearing for "an additional period not to exceed thirty days if the parties agree defendants are continuing to following the requirements of the court's April 24, 2020 order." *Id.* at 5.

Defendants subsequently appealed the April 24 and May 7, 2020 orders on May 26, 2020, ECF No. 6684, which Defendants maintain divested this Court of jurisdiction to proceed with the scheduled evidentiary hearing. On June 17, 2020, the Court held that the April 24, 2020 order and the May 7, 2020 order are no more than "interim step[s] to further proceedings," namely, the evidentiary hearing currently set for June 25, 2020, and rejected Defendants' divestiture argument. ECF No. 6730 at 6. The Court then reset the evidentiary hearing for June 30, 2020, continuing to July 1, 2020, as needed. *Id*. at 8. The Court also ruled on the parties' discovery dispute, directing Defendants to provide supplemental discovery responses, namely, information current through May 31, 2020, by June 22, 2020. *Id*.

In recent weeks, the parties have met and conferred multiple times under the supervision of the Special Master and exchanged documents and information related to DSH access in light of the coronavirus pandemic, including information from the Special Master's experts overseeing monitoring of the issues pursuant to the Court's April 24, 2020 order. The information exchanged suggests that Defendants are following the requirements of the Court's April 24 order, and Defendants represent they are doing so. Additionally, on June 12, 2020, Defendants provided Plaintiffs with an updated proposed written protocol, which they revised and recirculated on June 19, 2020. Defendants developed these protocols with the guidance of the Special Master's experts and the parties are discussing them in the ongoing task force meetings. Based on these positive developments, the parties agree the June 30, 2020 evidentiary hearing should be further continued.

Defendants separately submit that a further reason to continue the hearing is that

DSH Medical Director Dr. Katherine Warburton, a testifying witness identified by the Court, and Deputy Attorney General Kyle Lewis, Defendants' lead counsel, are not available for the evidentiary hearing on the rescheduled June 30, 2020 date. Dr. Warburton will be traveling in a remote location during the hearing dates and will have limited connectivity, and Mr. Lewis will be on military reserve duty from July 1-July 10, 2020.

The parties have further discussed issues concerning the timing and scope of Defendants' ongoing supplementation of their responses to Plaintiffs' discovery requests authorized by the Court's April 10 and June 17, 2020 orders, and have determined a production schedule before the hearing.

The parties, therefore, agree as follows:

(1) Defendants agree to supplement their discovery responses by the 22nd of each month, unless it falls on a holiday or weekend, in which case it will be produced on the following regular court day, starting June 22, 2020 and lasting until the instant evidentiary hearing is held or is taken off calendar;

a. The supplementation will include, inter alia, the following reports including data that is current as of the last day of the prior month: Net Bed Capacity Report, Pending Placement List, Discharge Data for all Legal Classifications;

b. The supplementation will also include, inter alia, any updated or modified emergency plans, protocols, or program flex documents pertaining to any of the five DSH hospitals;

c. The parties agree the statewide Census by Unit report and Census by Unit report by legal class reports, while responsive, need not be supplemented at this time.

(2) DSH will also continue to produce reports responsive to Plaintiffs' discovery that are part of its regular reporting obligations in their regular form and on their regular cycle, including the Coleman Staffing and Coleman Inpatient Census and Waitlist Reports, and need not separately produce those reports or the information in those reports as part of its monthly supplemental discovery responses;

(3) DSH will also continue to produce draft interim reports responsive to Plaintiffs' discovery that are part of their weekly regular reporting to the Special Master's COVID-19 Task Force as part of the Special Master's close monitoring, including the Coleman Census and Waitlist, Coleman Census by Unit, Coleman Discharges, and OMD Discharges Reports, and need not separately produce those reports or the information in those reports as part of its monthly supplemental discovery responses; and

(2) The parties jointly request the Court continue the evidentiary hearing to July 30, 2020, and further request the Court continue all dates listed in its June 17, 2020 order concerning Defendants' statement of issues briefing and the parties document exchange, subject to resetting before the hearing, in order to permit the parties to continue discussing transfer issues in the ongoing COVID-19 Task Force meetings and to give Plaintiffs sufficient time to receive and review the aforementioned supplemental discovery responses for the evidentiary hearing.

The Special Master has reviewed and approves this stipulation.

IT IS SO STIPULATED.

DATED: June 21, 2020

Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Lisa Ells*
Lisa Ells

Attorneys for Plaintiffs

DATED: June 21, 2020

XAVIER BECERRA
Attorney General of California

By: */s/ Kyle Lewis*
Kyle Lewis
Deputy Attorney General

Attorneys for Defendants

**[PROPOSED] ORDER**

Pursuant to the foregoing stipulation of the parties, and good cause appearing, IT IS SO ORDERED.

DATED: ____________, 2020

______________________________
Honorable Kimberly J. Mueller
United States District Judge