XAVIER BECERRA
Attorney General of California
MONICA N. ANDERSON
Senior Assistant Attorney General
ADRIANO HRVATIN
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
TYLER V. HEATH, State Bar No. 271478
KYLE A. LEWIS, State Bar No. 201041
LUCAS HENNES, State Bar No. 278361
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7323
  Fax: (916) 324-5205
  E-mail: Lucas.Hennes@doj.ca.gov
*Attorneys for Defendants*

ROMAN M. SILBERFELD, State Bar No. 62783
GLENN A. DANAS, State Bar No. 270317
ROBINS KAPLAN LLP
  2049 Century Park East, Suite 3400
  Los Angeles, CA 90067-3208
  Telephone: (310) 552-0130
  Fax: (310) 229-5800
  E-mail: RSilberfeld@RobinsKaplan.com
*Special Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>  Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>  Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**DEFENDANTS' RESPONSE TO JUNE 17 ORDER REGARDING STATEMENT OF ISSUES FOR EVIDENTIARY HEARING** |

**INTRODUCTION**

On April 10, 2020, the Court set an evidentiary hearing for April 21, 2020 regarding emergency actions taken by Defendants to prevent the spread of COVID-19 at state hospitals and protect those treated there. This hearing was subsequently continued until May 19, then until June 25, and then June 30. According to the Court's May 7 order, "the factual issues that will be the subject of the hearing are: (1) as required by the April 24, 2020 order, have DSH and CDCR been complying with the Program Guide requirements, as modified by the temporary addition of

1

COVID-19 screening, for transfer of class members to inpatient hospital beds; (2) if they are not complying with those requirements in what way or ways are they deviating from those requirements; and (3) what is the rationale for any deviation." (ECF No. 6660 at 2.) In addition, "[i]f defendants are not following the requirements of the court's order . . . they have the burden of proving that modification of that order and the underlying Program Guide provisions are required" by the standard applicable to motions under Federal Rule of Civil Procedure 60. (*Id.*)

As the recent filings in this matter show, none of the three factual issues which the Court set the evidentiary hearing to resolve are in dispute. Defendants are complying with the Program Guide requirements as modified by the April 24 order, and neither Plaintiffs nor the Special Master have indicated otherwise. But if the Court disagrees, then Defendants intend to prove that they are in full compliance with the April 24 order, that no deviations from the Program Guide are presently occurring in the transfer process, and that any deviations that may occur in the future would be permissible results of the COVID-19 screening allowed by the April 24 order. Finally, in light of the Court's interpretation of how Program Guide requirements apply during the COVID-19 pandemic and other emergencies (an understanding which Defendants have appealed), Defendants will seek modification of the applicability of certain requirements by filing a Rule 60(b) motion, as instructed by the Court's May 7 and June 17 orders. (*Id.*)

**STATEMENT OF ISSUES**

As the State continues to combat COVID-19, CDCR and DSH continue to take informed and reasoned action to prevent, contain, and manage the virus's inevitable spread in their institutions, facilities, and hospitals. Defendants meet weekly with Plaintiffs and the Special Master and his team of experts in task-force meetings to discuss Defendants' ongoing COVID-19 plans. Those Court-established meetings provide a collaborative forum for information exchange and problem solving among stakeholders committed to maintaining and protecting inmate and staff safety and health. The Special Master established various sub-groups, which also meet regularly, to focus more granularly on issues specific to Defendants' COVID-19 response. The Special Master then reports on the parties' efforts at bi-weekly status conferences that the Court established specifically to monitor Defendants' COVID-19 management plan. As the Special

2

Defs.' Resp. June 17 Order Re Issues Stmt. (2:90-cv-00520 KJM-DB (PC))

Master has reported, stakeholders are working together to address this unprecedented pandemic, producing positive results. (*See* Tr. 3/20/20, ECF No. 6636 at 25-26; Tr. 3/27/20, ECF No. 6557 at 12-13; Tr. 4/10/20, ECF No. 6601 at 11-12; Tr. 4/17/20, ECF No. 6634; Tr. 5/1/20, ECF No. 6659 at 8-9; Tr. 5/15/20, ECF No. 6680 at 8-11; Tr. 5/29/20, ECF No. 6702 at 8-10; and Tr. 6/12/20, ECF No. 6722 at 12-15.)

Nonetheless, after several stipulations continuing the evidentiary hearing because Defendants are complying with the Court's April 24 order, the Court on June 17 ordered Defendants to "file a brief statement of the issues they intend to prove at trial." (ECF No. 6730 at 8.) DSH and CDCR have been complying with the April 24 order by following the Program Guide, while including the temporary addition of COVID-19 screening, for transfer of class members to inpatient hospital beds. Defendants expect two witnesses identified by the Court— Drs. Warburton and Bick—to testify on this threshold issue. Plaintiffs previously stipulated to Defendants' compliance in this respect, and have not identified any ways in which Defendants are not complying, and Defendants are continuing to move forward with transfers and the development of protocols under the Special Master's monitoring. (ECF No. 6662 at 3.) Thus, there is no dispute regarding the threshold factual issue that the evidentiary hearing is intended to resolve. But if the Court keeps the hearing on calendar, Defendants will show, again through Drs. Warburton and Bick, that there have been no deviations from Program Guide requirements in the transfer process between CDCR and DSH following the Court's April 24 order. To the extent that Plaintiffs argue otherwise, Drs. Warburton and Bick will testify, among other things, that any deviations are permitted under the April 24 order because they result from the heightened screening and testing measures introduced by DSH and CDCR to address the pandemic.

In addition to Drs. Warburton and Bick's testimony, Defendants intend to prove their case through various documents they will exchange with Plaintiffs by the Court's June 24 deadline. Among other documents, Defendants may introduce the Special Master's report dated March 20, 2020 in which he described how DSH consulted with the Special Master in advance of the emergency decision to temporarily close DSH admissions, the transfer guidelines developed between DSH and CDCR with the Special Master's expert's assistance, and the steps taken by

3

Defs.' Resp. June 17 Order Re Issues Stmt. (2:90-cv-00520 KJM-DB (PC))

CDCR and DSH to meet Program Guide requirements notwithstanding the emergency circumstances presented by the COVID-19 outbreak. (ECF No. 6512.) In connection with this anticipated trial proceeding, the date of which has been continued several times by agreement between the parties and Special Master, Plaintiffs conceded that the continuances were appropriate because Defendants were meeting the Program Guide. (*See* ECF No. 6662 at 3 ("Plaintiffs agree that Defendants' current processes for transferring class members to DSH hospital beds are consistent with Program Guide requirements, subject to temporary modifications to permit COVID-19 screening consistent with this Court's April 24, 2020 Order.").) These admissions also will inform Defendants' evidence, should the Court intend to proceed with the evidentiary hearing.

Defendants raise two additional evidentiary-based issues here, given the Court's June 17 order. In setting this proceeding, the Court stated that it "may also wish to hear brief testimony from DSH Director Stephanie Clendenin regarding her understanding and awareness of *Coleman* court orders as applicable to DSH, a defendant in this action." (ECF No. 6660 at 2.).) Defendants request the opportunity to submit a declaration answering the Court's question in lieu of live testimony. The Court has previously allowed Defendants to submit declarations to answer questions as to Defendants' review of relevant court orders. (*See* ECF No. 5344; *see also* ECF No. 6337.) Defendants request the Court take the same approach here, should it wish to hear from Director Clendenin.

Separately, Defendants ask, so that they may properly prepare for any evidentiary hearing, that the Court order Plaintiffs to submit an offer of proof with respect to any testimony they intend to provide from Dr. Stern. It is not clear what relevant testimony Dr. Stern can provide. Plaintiffs identified Dr. Stern as its expert for a potential hearing before the Court set the scope of the hearing, so his usefulness to the present proceedings is unclear and questionable. (ECF No. 6609.) To Defendants' knowledge, Dr. Stern does not have any expertise related to the Program Guide, its specific requirements and how the parties carry out those requirements, the psychiatric needs of CDCR's patients, or the unique environment at DSH's hospitals. Nor has Dr. Stern been a part of any of the small workgroups conducted by the Special Master and his experts to monitor

4

Defs.' Resp. June 17 Order Re Issues Stmt. (2:90-cv-00520 KJM-DB (PC))

CDCR and DSH's compliance with the Court's April 24 order and Program Guide requirements. Dr. Stern does not appear to be qualified to present relevant evidence related to the three questions for the hearing.

\*    \*    \*

Defendants are operating in compliance with Program Guide requirements subject to COVID-19 screening in connection with inpatient transfers to DSH facilities. However, DSH and CDCR, like the rest of the world, are operating in unprecedented and uncertain circumstances. Defendants will seek to make explicit what they believe is their implicit authority to take immediate action to protect life and limb in response to emergencies posing an imminent threat, such as the current pandemic. Defendants do not intend to address this issue at the upcoming hearing, because it falls outside the hearing's narrow scope set by the Court's April 24 and May 7 orders. If the Court believes otherwise and expects testimony at the hearing on whether any Program Guide provision or prior Court order requires modification with respect to inpatient transfers to DSH facilities or Defendants' authority to act in emergency circumstances more broadly, Defendants request the Court issue such an order so that Defendants may properly address that additional issue consistent with due process or otherwise seek appropriate relief.

Dated:  June 22, 2020

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
ADRIANO HRVATIN
Supervising Deputy Attorney General

*/s/ Lucas L. Hennes*

LUCAS L. HENNES
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003
FINAL Statement of Issues for Trial.docx.docx

5

Defs.' Resp. June 17 Order Re Issues Stmt. (2:90-cv-00520 KJM-DB (PC))