| | |
|---|---|
| XAVIER BECERRA<br>Attorney General of California<br>MONICA N. ANDERSON<br>Senior Assistant Attorney General<br>ADRIANO HRVATIN<br>Supervising Deputy Attorney General<br>ELISE OWENS THORN, State Bar No. 145931<br>TYLER V. HEATH, State Bar No. 271478<br>KYLE A. LEWIS, State Bar No. 201041<br>LUCAS HENNES, State Bar No. 278361<br>Deputy Attorneys General<br>  1300 I Street, Suite 125<br>  P.O. Box 944255<br>  Sacramento, CA 94244-2550<br>  Telephone: (916) 210-7323<br>  Fax: (916) 324-5205<br>  E-mail: Lucas.Hennes@doj.ca.gov<br>*Attorneys for Defendants*<br><br>ROMAN M. SILBERFELD, State Bar No. 62783<br>GLENN A. DANAS, State Bar No. 270317<br>ROBINS KAPLAN LLP<br>  2049 Century Park East, Suite 3400<br>  Los Angeles, CA 90067-3208<br>  Telephone: (310) 552-0130<br>  Fax: (310) 229-5800<br>  E-mail:<br>  RSilberfeld@RobinsKaplan.com<br>*Special Counsel for Defendants* | MICHAEL W. BIEN – 096891<br>JEFFREY L. BORNSTEIN – 099358<br>ERNEST GALVAN – 196065<br>THOMAS NOLAN – 169692<br>LISA ELLS – 243657<br>JENNY S. YELIN – 273601<br>MICHAEL S. NUNEZ – 280535<br>JESSICA WINTER – 294237<br>MARC J. SHINN-KRANTZ – 312968<br>CARA E. TRAPANI – 313411<br>ALEXANDER GOURSE – 321631<br>ROSEN BIEN<br>GALVAN & GRUNFELD LLP<br>101 Mission Street, Sixth Floor<br>San Francisco, California 94105-1738<br>Telephone: (415) 433-6830<br><br>DONALD SPECTER – 083925<br>STEVEN FAMA – 099641<br>MARGOT MENDELSON – 268583<br>PRISON LAW OFFICE<br>1917 Fifth Street<br>Berkeley, California 94710-1916<br>Telephone: (510) 280-2621<br><br>CLAUDIA CENTER – 158255<br>DISABILITY RIGHTS EDUCATION<br>AND DEFENSE FUND, INC.<br>Ed Roberts Campus<br>3075 Adeline Street, Suite 210<br>Berkeley, California 94703-2578<br>Telephone: (510) 644-2555<br><br>*Attorneys for Plaintiffs* |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>GAVIN NEWSOM, et al.,<br><br>        Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**STIPULATION AND PROPOSED ORDER CONTINUING JUNE 30, 2020 DSH EVIDENTIARY HEARING AND CLARIFYING DISCOVERY OBLIGATIONS**<br><br>Judge: Hon. Kimberly J. Mueller<br>Date: June 30, 2020<br>Time: 10:00 a.m. |

On April 10, 2020, after holding an ongoing series of status conferences addressing the impact of the coronavirus pandemic on the *Coleman* class and Program Guide compliance, this Court set an evidentiary hearing for April 21, 2020 to address the issue of class member access to the Department of State Hospitals' (DSH) inpatient hospital care. ECF No. 6600 at 4.  On April 15, 2020, Defendants filed a motion for reconsideration or clarification of the order setting the evidentiary hearing.  *See* ECF No. 6612.

On April 17, 2020, the Court continued the evidentiary hearing to May 19, 2020, in light of the parties' stipulation to continue the hearing subject to close monitoring in the interim by the Special Master of all referrals, rejections and completed transfers to and from the DSH inpatient programs.  ECF No. 6622 at 3.

On April 24, 2020, the Court confirmed the May 19, 2020 evidentiary hearing. ECF No. 6639 at 11.  The Court "clarified that, with the exception of a temporary modification to include COVID-19 screening, the *Coleman* Program Guide requirements for transfer of class members to inpatient DSH hospital beds are in full force and effect unless and until they are modified by order of this court."  ECF No. 6639 at 6.  The Court ordered that:

> 1. Program Guide requirements for transfer of class members to DSH inpatient hospital beds are temporarily modified to include COVID-19 screening in accordance with the protocols presented to this court and agreed upon by the parties as cited above.
>
> 2. In all other respects, the Program Guide requirements for transfer to DSH inpatient hospital beds remain in full force and effect unless and until modified by order of this court.
>
> 3. Defendants shall cooperate fully in the Special Master's close monitoring of transfers to DSH inpatient programs until May 19, 2020, so that he is able to fully advise the court and the parties whether defendants are in compliance with this order and applicable provisions of the Program Guide.

ECF No. 6639 at 11.

On May 7, 2020, the Court granted in part and denied in part Defendants' motion for reconsideration or clarification.  The Court clarified that the forthcoming evidentiary hearing would address the following factual issues: "(1) as required by the April 24, 2020 order, have DSH and CDCR been complying with the Program Guide requirements, as modified by the temporary addition of COVID-19 screening, for transfer class members to inpatient hospital beds; (2) if they are not complying with those requirements, in what way or ways are they deviating from those requirements; and (3) what is the rationale for any deviation."  ECF No. 6660 at 2.  The Court also stated it would entertain a stipulation of the parties, approved by the Special Master, to continue the hearing for an additional period not to exceed thirty days "[i]f the parties agree that defendants are following the requirements of the court's April 24, 2020 order."  *Id.*  In the event of such an agreement, the ensuing 30-day period would be utilized to permit the Special Master "to monitor whether the necessary compliance has taken hold under the current circumstances."  *Id.*

On May 13, 2020, the parties filed a stipulation stating that "Defendants' current processes for transferring class members to DSH hospital beds are consistent with Program Guide requirements, subject to temporary modifications to permit COVID-19 screening consistent with this Court's April 24, 2020 Order," but needed to be memorialized in written guidelines "to make clear that no additional clinical criteria will be imposed on top of existing Program Guide requirements aside from COVID-19 screening and consideration of individualized COVID-19 risk factors affecting potential patient transfers to DSH."  ECF No. 6662 at 2.  The parties therefore requested that the Court continue the May 19, 2020 evidentiary hearing for 30 days, subject to close monitoring by the Special Master of all referrals, rejections, and completed transfers to and from DSH inpatient programs to ensure necessary compliance" in order to give the parties, with the assistance of the Special Master, time to complete the updated written guidelines.  *Id.* at 2-3.

The Court granted the parties' May 13, 2020 stipulation on May 18, 2020, with the understanding that Defendants were working with the Special Master to promptly update

1  their guidelines, and it continued the hearing to June 25, 2020 while directing the Special
2  Master to continue his ongoing "close monitoring."  ECF No. 6676 at 4-5.  The Court also
3  stated it would entertain an additional stipulation by the parties to continue the hearing for
4  "an additional period not to exceed thirty days if the parties agree defendants are
5  continuing to following the requirements of the court's April 24, 2020 order."  *Id.* at 5.

6  Defendants subsequently appealed the April 24 and May 7, 2020 orders on May 26,
7  2020, ECF No. 6684, which Defendants maintain divested this Court of jurisdiction to
8  proceed with the scheduled evidentiary hearing.  On June 17, 2020, the Court held that the
9  April 24, 2020 order and the May 7, 2020 order are no more than "interim step[s] to
10 further proceedings," namely, the evidentiary hearing currently set for June 25, 2020, and
11 rejected Defendants' divestiture argument.  ECF No. 6730 at 6.  The Court then reset the
12 evidentiary hearing for June 30, 2020, continuing to July 1, 2020, as needed.  *Id*. at 8.  The
13 Court also ruled on the parties' discovery dispute, directing Defendants to provide
14 supplemental discovery responses, namely, information current through May 31, 2020, by
15 June 22, 2020.  *Id*.

16 In recent weeks, the parties have met and conferred multiple times under the
17 supervision of the Special Master and exchanged documents and information related to
18 DSH access in light of the coronavirus pandemic, including information from the Special
19 Master's experts overseeing monitoring of the issues pursuant to the Court's April 24,
20 2020 order.  The information exchanged suggests that Defendants are following the
21 requirements of the Court's April 24 order, and Defendants represent they are doing so.
22 Additionally, on June 12, 2020, Defendants provided Plaintiffs with an updated proposed
23 written protocol, which they revised and recirculated on June 19, 2020.  Defendants
24 developed these protocols with the guidance of the Special Master's experts and the parties
25 are discussing them in the ongoing task force meetings.  Based on these positive
26 developments, the parties agree the June 30, 2020 evidentiary hearing should be further
27 continued.

28 Defendants separately submit that a further reason to continue the hearing is that

1  DSH Medical Director Dr. Katherine Warburton, a testifying witness identified by the
2  Court, and Deputy Attorney General Kyle Lewis, Defendants' lead counsel, are not
3  available for the evidentiary hearing on the rescheduled June 30, 2020 date.  Dr.
4  Warburton will be traveling in a remote location during the hearing dates and will have
5  limited connectivity, and Mr. Lewis will be on military reserve duty from July 1-July 10,
6  2020.

7  The parties have further discussed issues concerning the timing and scope of
8  Defendants' ongoing supplementation of their responses to Plaintiffs' discovery requests
9  authorized by the Court's April 10 and June 17, 2020 orders, and have determined a
10  production schedule before the hearing.

11  The parties, therefore, agree as follows:

12  (1) Defendants agree to supplement their discovery responses by the 22nd of each
13  month, unless it falls on a holiday or weekend, in which case it will be produced on the
14  following regular court day, starting June 22, 2020 and lasting until the instant evidentiary
15  hearing is held or is taken off calendar;

16  a.  The supplementation will include, inter alia, the following reports
17  including data that is current as of the last day of the prior month:  Net Bed Capacity
18  Report, Pending Placement List, Discharge Data for all Legal Classifications;

19  b.  The supplementation will also include, inter alia, any updated or
20  modified emergency plans, protocols, or program flex documents pertaining to any of the
21  five DSH hospitals;

22  c.  The parties agree the statewide Census by Unit report and Census by
23  Unit report by legal class reports, while responsive, need not be supplemented at this time.

24  (2)  DSH will also continue to produce reports responsive to Plaintiffs' discovery
25  that are part of its regular reporting obligations in their regular form and on their regular
26  cycle, including the Coleman Staffing and Coleman Inpatient Census and Waitlist Reports,
27  and need not separately produce those reports or the information in those reports as part of
28  its monthly supplemental discovery responses;

(3)  DSH will also continue to produce draft interim reports responsive to Plaintiffs' discovery that are part of their weekly regular reporting to the Special Master's COVID-19 Task Force as part of the Special Master's close monitoring, including the Coleman Census and Waitlist, Coleman Census by Unit, Coleman Discharges, and OMD Discharges Reports, and need not separately produce those reports or the information in those reports as part of its monthly supplemental discovery responses; and

(2) The parties jointly request the Court continue the evidentiary hearing to July 30, 2020, and further request the Court continue all dates listed in its June 17, 2020 order concerning Defendants' statement of issues briefing and the parties document exchange, subject to resetting before the hearing, in order to permit the parties to continue discussing transfer issues in the ongoing COVID-19 Task Force meetings and to give Plaintiffs sufficient time to receive and review the aforementioned supplemental discovery responses for the evidentiary hearing.

The Special Master has reviewed and approves this stipulation.

IT IS SO STIPULATED.

DATED:  June 21, 2020				Respectfully submitted,

						ROSEN BIEN GALVAN & GRUNFELD LLP

						By:	*/s/ Lisa Ells*
							Lisa Ells

						Attorneys for Plaintiffs

DATED:  June 21, 2020                    XAVIER BECERRA
                                         Attorney General of California

                                         By: /s/ Kyle Lewis
                                             Kyle Lewis
                                             Deputy Attorney General

                                         Attorneys for Defendants

## **ORDER**

Pursuant to the foregoing stipulation of the parties, and good cause appearing, the evidentiary hearing set for June 30, 2020 is VACATED and RESET for August 7, 2020 at 10:00 a.m. In all other respects, the stipulation of the parties is approved.

IT IS SO ORDERED.

DATED:  June 23, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE