# Exhibit F

| | |
|---|---|
| **From:** | Kate Falkenstien |
| **To:** | Lucas Hennes |
| **Cc:** | Adriano Hrvatin; Tyler Heath; Elise Thorn; Kyle Lewis |
| **Subject:** | RE: Coleman discovery/meet and confer |
| **Date:** | Monday, April 13, 2020 8:36:00 AM |

Hi Lucas,

I am disappointed to hear this, because April 20 was already a significant extension from the timing the Court had originally laid out in the intervention order.  I agreed to significant substantive limitations on the discovery on the representation that CDCR could assemble the narrowed set of documents by April 20.  I am willing to extend the deadline to April 27, but no later.

Separately, I know you had trouble emailing such a large file last time we exchanged documents, so I just wanted to offer that I could set up a file sharing link through my firm's software if that would be helpful to you (to transfer files larger than you can attach to an email).  I am not sure if you receive the documents digitally and you print them, or you receive them on paper.  If you receive them digitally, I am happy to receive them digitally as well (in fact, that would be my preference).

Best,

Kate

**From:** Lucas Hennes <Lucas.Hennes@doj.ca.gov>
**Sent:** Friday, April 10, 2020 1:01 PM
**To:** Kate Falkenstien <kfalkenstien@reichmanjorgensen.com>
**Cc:** Adriano Hrvatin <Adriano.Hrvatin@doj.ca.gov>; Tyler Heath <Tyler.Heath@doj.ca.gov>; Elise Thorn <Elise.Thorn@doj.ca.gov>; Kyle Lewis <Kyle.Lewis@doj.ca.gov>
**Subject:** RE: Coleman discovery/meet and confer

[EXTERNAL]
Good afternoon Kate,

I have remained in contact with CDCR regarding this request.  According to their most recent estimate (sent to me yesterday), they now anticipate having all these documents gathered by April 24 and sent to me.  Unfortunately, this represents about a weeklong delay from our previous estimate, and that is based on limiting the staff physically present at the prisons due to COVID-19.  I anticipate sending the requested documents to you by the week of April 27.  If you would like to discuss this issue, please reach out to me and we can arrange a telephone call.

Sincerely,

**Lucas L. Hennes**
Deputy Attorney General
Office of the Attorney General, Correctional Law Section
1300 I Street, Sacramento, CA 95814
Phone: (916) 210-7323

Fax: (916) 324-5205
lucas.hennes@doj.ca.gov

---

**From:** Kate Falkenstien <kfalkenstien@reichmanjorgensen.com>
**Sent:** Friday, March 20, 2020 10:38 AM
**To:** Lucas Hennes <Lucas.Hennes@doj.ca.gov>
**Cc:** Adriano Hrvatin <Adriano.Hrvatin@doj.ca.gov>; Tyler Heath <Tyler.Heath@doj.ca.gov>; Elise Thorn <Elise.Thorn@doj.ca.gov>; Kyle Lewis <Kyle.Lewis@doj.ca.gov>
**Subject:** Re: Coleman discovery/meet and confer

Hi Lucas,

Thanks for the information!  If you are willing to produce what I listed in my last email in 30 days, I am in agreement and you can take your motion off the calendar.

Thank you!

Kate

Kate Falkenstien

Reichman Jorgensen LLP

100 Marine Parkway, Suite 300

Redwood Shores, California 94065

(650) 623-1425

---

**From:** Lucas Hennes <Lucas.Hennes@doj.ca.gov>
**Sent:** Thursday, March 19, 2020 4:01 PM
**To:** Kate Falkenstien <kfalkenstien@reichmanjorgensen.com>
**Cc:** Adriano Hrvatin <Adriano.Hrvatin@doj.ca.gov>; Tyler Heath <Tyler.Heath@doj.ca.gov>; Elise Thorn <Elise.Thorn@doj.ca.gov>; Kyle Lewis <Kyle.Lewis@doj.ca.gov>
**Subject:** Re: Coleman discovery/meet and confer

[EXTERNAL]

Good afternoon Kate,

Per our discussion yesterday, CDCR has informed me that it would take approximately thirty days to conduct the more limited search we talked about.  If that estimate changes, due to COVID-19 or other unforeseen circumstances, I would immediately let you know.

I also have a list of general grievance categories, with the categories identified in our previous responses in **bold**: ADA; 1824 (reasonable accommodation); Custody/Class; Disciplinary; Funds; **Issue/Other;** Legal; **Living Conditions;** Mail; Medical; Parole; Program; Prop 57; Property; Records; **Segregation; Staff Complaints;** Transfer; Visiting; and Work Incentive.  If you have questions about any of these categories, I can provide you with my understanding of the category, as well as reach out to CDCR and get an explanation from CDCR.

Finally, with respect to other grievances that can bypass the first level of review, reviewing Title 15, section 3084.7 and 3084.9 suggests the following grievances may bypass the first level of review:

(1) Appeals concerning a policy, procedure or regulation implemented by the department.
(2) A policy or procedure implemented by the institution head.
(3) An issue that cannot be resolved at the division head level such as Associate Warden, Associate Regional Parole Administrator, CALPIA manager or equivalent.
(4) Serious disciplinary infractions.
(5) a grievance that alleges sexual violence or staff sexual misconduct.

I do not believe Guard One cases would fall under any of these categories, but I cannot commit to that on behalf of CDCR.

Please let me know if the above answers are satisfactory, and we will inform the court that our motion for protective order can be taken off calendar.

Sincerely,

--Lucas

---

**From:** Lucas Hennes
**Sent:** Wednesday, March 18, 2020 6:36:38 PM
**To:** Kate Falkenstien
**Cc:** Adriano Hrvatin; Tyler Heath; Elise Thorn; Kyle Lewis
**Subject:** Re: Coleman discovery/meet and confer

Good evening Kate,

Thank you for meeting and conferring this afternoon regarding Lipsey's propounded discovery requests.  I agree with your summary of our call.  CDCR has already started working on determining how long it will take to conduct the review, as well as a generic list of grievance categories.  I can confirm right now that no other prisons had SHUs during the time frame in question.  Assuming Defendants are able to provide satisfactory responses to the remaining questions you raised during

the call, I believe we will be able to take the hearing for protective order off calendar without filing a joint statement.

I appreciate your willingness to work with us to resolve these issues.  As always, if you would like to discuss these issues, please feel free to contact us.

Sincerely,

Lucas L. Hennes
Deputy Attorney General
Office of the Attorney General, Correctional Law Section
1300 I Street, Sacramento, CA 95814
Phone: (916) 210-7323
Fax: (916) 324-5205
lucas.hennes@doj.ca.gov

---

**From:** Kate Falkenstien <kfalkenstien@reichmanjorgensen.com>
**Sent:** Wednesday, March 18, 2020 5:06:27 PM
**To:** Lucas Hennes
**Cc:** Adriano Hrvatin; Tyler Heath; Elise Thorn; Kyle Lewis
**Subject:** RE: Coleman discovery/meet and confer

Hi Lucas,

Thanks for the discussion this afternoon!  Just to put in writing what we discussed as a possible compromise, my proposal is that you limit your search to the 4 prisons you told me had SHUs at some point in the 2012-2020 time period (Corcoran, CCI, Pelican Bay, and Sacramento).  Within those prisons, you would search all the first-level 602s from 2012 for as long as the prison had a SHU (up to the present, if the prison still has a SHU).  If you find responsive grievances from ASU inmates in those four prisons, you would produce those too.  You would limit your search to the four categories listed in the Pulley declaration.  And you would search level one complaints only, except as to staff complaints (because staff complaints tend to skip level one) where you would search level two complaints.

In terms of what is responsive, you would not limit your search to grievances that explicitly use the words "Guard One," but you would not produce complaints about welfare checks conducted without the Guard One system.  That is, you would still produce grievances about the noise caused by Guard-One-logged welfare checks, even if they don't use the words "Guard One" (that has been my big concern throughout our discussions).

Assuming you agree with that summary, here is the remaining information I need from you to know whether I can formally agree to that plan:
- how long it would take you to do the limited search described above
- whether you know of any categories of complaints that generally/often go straight to level two, other than staff complaints
- confirmation that no other prisons had SHUs in the 2012-2020 time frame
- a list of the categories used to group the complaints, so that I can confirm the four you are searching seem like the relevant ones to me as well
- confirmation that the four prisons which you would be searching use those four categories to track grievances (it seemed like there was some uncertainty about whether all prisons use those categories, so I just want to confirm with you).

I just want to make clear a couple of caveats on my end:
- I am not promising that I will never seek other discovery about inmate complaints/grievances. This would just be an agreement to limit what is responsive to the current outstanding requests. Depending on how things evolve and what I find out in these documents, I may serve other requests about inmate complaints in the future, which we can of course discuss then.
- I will still need answers to the interrogatory asking about whether the inmates in the produced grievances are Coleman class members (I will not be able to tell that from the grievances themselves, and the court directly asked about it).

Thank you,

Kate

Kate Falkenstien
Reichman Jorgensen LLP
 (650) 623-1425

-----Original Message-----
From: Lucas Hennes <Lucas.Hennes@doj.ca.gov>
Sent: Wednesday, March 18, 2020 11:23 AM
To: Kate Falkenstien <kfalkenstien@reichmanjorgensen.com>
Cc: Adriano Hrvatin <Adriano.Hrvatin@doj.ca.gov>; Tyler Heath <Tyler.Heath@doj.ca.gov>; Elise Thorn <Elise.Thorn@doj.ca.gov>; Kyle Lewis <Kyle.Lewis@doj.ca.gov>
Subject: RE: Coleman discovery/meet and confer

[EXTERNAL]

Good morning Kate,

We were able to reserve a teleconference line for our call at 3:30. Please call (888) 808-6929 and enter the code 997018 to access the line.

Looking forward to speaking with you this afternoon.

--Lucas

-----Original Message-----
From: Kate Falkenstien [mailto:kfalkenstien@reichmanjorgensen.com]
Sent: Tuesday, March 17, 2020 5:51 PM
To: Lucas Hennes <Lucas.Hennes@doj.ca.gov>
Cc: Adriano Hrvatin <Adriano.Hrvatin@doj.ca.gov>; Tyler Heath <Tyler.Heath@doj.ca.gov>; Elise Thorn <Elise.Thorn@doj.ca.gov>; Kyle Lewis <Kyle.Lewis@doj.ca.gov>
Subject: Re: Coleman discovery/meet and confer

Sounds good! You can reach me at 650-623-1425. Thanks!

> On Mar 17, 2020, at 6:48 PM, Lucas Hennes <Lucas.Hennes@doj.ca.gov> wrote:
>
> [EXTERNAL]
>
> Thank you, Kate. We can call you at 3:30. What number should we use?
> _____
> From: Kate Falkenstien <kfalkenstien@reichmanjorgensen.com>
> Sent: Tuesday, March 17, 2020 4:43:18 PM
> To: Lucas Hennes
> Cc: Adriano Hrvatin; Tyler Heath; Elise Thorn; Kyle Lewis
> Subject: Re: Coleman discovery/meet and confer

>
> 3:30 tomorrow would be perfect. Thank you for the digital copies!
>
> On Mar 16, 2020, at 4:55 PM, Lucas Hennes <Lucas.Hennes@doj.ca.gov> wrote:
>
>  [EXTERNAL]
> Kate,
>
> Unfortunately, the attachment was too large to send.  I will see if I can figure out how to break it up into smaller pieces, but here are the rest of the responses in the meantime.  See also my original email, below.
>
> --Lucas
>
> From: Lucas Hennes
> Sent: Monday, March 16, 2020 3:47 PM
> To: 'Kate Falkenstien' <kfalkenstien@reichmanjorgensen.com>
> Cc: Adriano Hrvatin <Adriano.Hrvatin@doj.ca.gov>; Tyler Heath
> <Tyler.Heath@doj.ca.gov>; Elise Thorn <Elise.Thorn@doj.ca.gov>; Kyle
> Lewis <Kyle.Lewis@doj.ca.gov>
> Subject: Coleman discovery/meet and confer
>
> Good afternoon Kate,
>
> We're available at 3:30 on Wednesday – does that work for you?
>
> Additionally, please see the attached responses.  These were also served by U.S. Mail this afternoon.  If the attachments to our document request don't go through (it's 30 MB), I can split them up and send separately.
>
> --Lucas
>
> Lucas L. Hennes
> Deputy Attorney General
> Office of the Attorney General, Correctional Law Section
> 1300 I Street, Sacramento, CA 95814
> Phone: (916) 210-7323
> Fax: (916) 324-5205
> lucas.hennes@doj.ca.gov<mailto:lucas.hennes@doj.ca.gov>
>
> CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.
> <DEFENDANTS' RESPONSES TO PLAINTIFF-INTERVENOR LIPSEY'S FIRST SET OF
> REQU....pdf> <DEFENDANTS' RESPONSES TO PLAINTIFF-INTERVENOR'S FIRST
> SET OF INTERROGATO....pdf> <Declaration of S. Pulley.pdf> <PROOF OF
> SERVICE.PDF>
> NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.
>
> CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.
NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.
NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.