# Exhibit I

# REICHMAN JORGENSEN LLP

Kate Falkenstien
Direct Dial: (650) 623-1425
kfalkenstien@reichmanjorgensen.com

100 Marine Parkway
Suite 300
Redwood Shores, CA 94065

May 12, 2020

**By Email**

Lucas Hennes
Deputy Attorney General
Office of the Attorney General, Correctional Law Section
1300 I Street, Sacramento, CA 95814
lucas.hennes@doj.ca.gov

      RE:      Christopher Lipsey discovery in *Coleman v. Newsom*

Dear Mr. Hennes:

      I write regarding shortcomings in your responses to Mr. Lipsey's first set of discovery, issued in late February. I have reviewed your productions from March 16 and April 27, and I have the following questions and concerns.

      **First,** I do not believe you have updated Exhibit A to your interrogatory response, which answers Interrogatory 3 by providing the *Coleman* class status of the various inmates whose complaints you have produced. Exhibit A is thus missing this information as to all of the complaints produced on April 27. Further, Exhibit A does not contain information about the inmates who signed group complaints in your March production. From my review, I believe there were five group complaints in your March production: the complaints with lead complainants Mosqueda, Moreno, Saavedra, Pennix, and Selsor. Please provide the *Coleman* class membership information for each inmate listed on those group complaints, as well as any inmate listed on the complaints you produced on April 27.

      **Second,** there are 2 inmates listed on Exhibit A whose complaints I do not believe you produced. Please produce the complaints for Mr. Smith (AN-9812) and Mr. Henley (BC-9550).

      **Third,** did you intend to bates number your production? I believe that none of the documents you produced were bates stamped, which might be confusing as the case moves forward, so I thought I would ask.

      **Fourth and more broadly,** I am concerned that your search was incomplete, because other information indicates there are many more complaints you did not produce. For example, from Pelican Bay, you produced only 8 complaints, all of which were dated after September 2015. But, as cited in my TRO motion, internal CDCR emails demonstrate that there were 87 appeals by September 2015 alone. *See* Dkt. 6462.2 at 5; Dkt. 6462.16. Please produce these other 87 complaints, and explain why they were not found in your search.

SILICON VALLEY · NEW YORK · ATLANTA · WASHINGTON, D.C.

Given that I received *none* of the complaints I already know to exist, I am deeply concerned that your search more broadly was not adequate. I find it hard to understand how an adequate review—especially a review that you told me would be done manually, document-by-document—could possibly miss such a huge proportion of responsive documents. If your approach missed all 87 of these complaints that happen to have been mentioned in a publicly filed email, it seems very likely that your reviewers also missed many other responsive complaints as well. While I am certainly asking for you to produce the 87 missing documents I can already identify, that alone will not satisfy my concerns about how so many responsive documents were missed in the first place. To address those broader concerns, I would like to meet and confer about the process of your search. For example, I would like to know how many documents you reviewed to find the documents you produced, how many employees worked on the review, how many hours they worked, and what they were instructed to flag as responsive.

Thank you for your attention to these issues.

Best regards,

/s/ Kate Falkenstien