# Exhibit J

| | |
|---|---|
| **From:** | Kate Falkenstien |
| **To:** | Lucas Hennes; Elise Thorn; Kyle Lewis |
| **Cc:** | Alex Gourse |
| **Subject:** | Memorializing today"s meet and confer call |
| **Date:** | Wednesday, May 20, 2020 2:55:00 PM |

Hi Lucas, Elise, and Kyle,

Thank you for speaking to me this afternoon!  I am just writing to memorialize what we discussed.

Outstanding discovery

We discussed the issues in my letter dated May 12, 2020.  I understand that you are going to take the following steps to complete your responses to my February requests:

- You are planning to updated Exhibit A to your interrogatory response with the rest of the complaining inmates' *Coleman* class membership.  You are not sure when that will be finished, but estimated a couple of weeks.
- You will look for the two missing complaints from the list of inmates on the current version of Exhibit A (Smith and Henley), and produce them if you find them.
- In light of my letter, you discovered that the review at Pelican Bay did not include any complaints from 2014-15.  You have now found more responsive complaints from that time period, and you will produce them by this Friday, May 23.  You represented to me that you had not discovered any other missing complaints at other prisons or outside the 2014-15 time period at Pelican Bay.  Once the 2014-15 Pelican Bay complaints are produced, you represent that you will have completed the search within the parameters we jointly agreed to (the four prisons with SHUs, during the years they had SHUs, for responsive first-level 602 grievances and second-level grievances in the staff complaint category).
- You will look into the four questions in the last sentence of my letter, and let me know if you intend to answer those questions and if so, what you learned: how many documents were reviewed, by how many reviewers, how long did they spend on it, and what were their instructions as to what documents would be responsive?

I understand your concerns that the coronavirus has made litigation and discovery difficult at this time, but I remain concerned that this process has stretched out much longer than the court anticipated when authorizing this discovery.  I have allowed several extensions in light of the coronavirus so far.  I am willing to wait one more week (until May 27) for you to rectify the mistakes in your April production and answer my questions about the methodology of your search in light of those mistakes.  But after that, I think it is time for the court to be presented with any outstanding issues.  I am planning to move to compel if, as of next Wednesday, I do not have answers to the questions about the scope of the search or I discover any additional missing documents now that you have confirmed your search will be (in your view) complete after the production this Friday.  I will email you next Thursday to let you know.

If I do choose to move forward with a motion to compel, I will suggest a time frame for us to exchange briefs to prepare a joint statement.  In the past, I have agreed with your office to a typical motion briefing schedule: 2 weeks for the opening brief, 2 weeks for the opposition, and 1 week for the reply (and then I combined the total set of briefs and filed them as a joint discovery statement

with the court).  I understand that you will consider the possibility of a joint statement, but you may not agree to any briefing given the coronavirus.  If you decide to take that position, you can let me know and I will file my own brief with the Court and explain that I was unable to arrange your participation in a joint brief.

Statement on TRO
We also discussed the joint statement on the TRO due this Friday.  I do continue to seek the TRO.  Mr. Lipsey was released from the SHU for a while after the initial briefing.  But the last I heard, Mr. Lipsey is in the Kern Valley ASU subject to the checks, and he is experiencing the same sleep deprivation as before.   I will prepare a draft joint statement and send it to you by noon PT tomorrow.

I am preparing a supplemental brief covering the documents you have produced so far.  I asked if you would consent to any supplemental briefing, and you indicated you would not at this time.  I will thus file a motion for leave to file a supplemental brief and indicate it is opposed.

Thanks again for your time and attention,

Kate