# Exhibit P

| | |
|---|---|
| **From:** | Lucas Hennes |
| **To:** | Kate Falkenstien |
| **Cc:** | Tyler Heath; Adriano Hrvatin; Kyle Lewis; Elise Thorn |
| **Subject:** | RE: Lipsey discovery - search methodology |
| **Date:** | Tuesday, June 16, 2020 9:56:15 PM |

[EXTERNAL]

Kate,

Thank you for your letter. Defendants repeat their objection that this discovery process has gone far afield of the court's original order, which was to obtain information necessary to determine if sleep deprivation caused by use of the Guard One system is a widespread problem throughout CDCR.  As Judge Mueller mentioned in her order, it was the court's hope that Lipsey and Defendants "meet and confer to reach agreement on an efficient way to provide [Lipsey] with the raw information from which to glean information on the administrative complaints covered by the court's grant of limited discovery."  (ECF No. 6487.)  Defendants have, at every turn, sought to provide Lipsey with the information necessary to resolve his motion for injunctive relief.  Despite this good-faith effort in the midst of a global pandemic, it does not appear that Lipsey shares Defendants' interest in resolving this without court intervention.  I cannot commit my clients to performing any additional searches without some commitment on Lipsey's part to delaying this needless and wasteful motion to compel.

Assuming that Lipsey is unwilling to delay his motion to compel, I believe the draft you provided Defendants on June 15 requires revision.  Specifically, Defendants have provided you with information regarding the methodology of their search.  Defendants therefore request that you revise the draft portion of the brief to accurately reflect meet and confer efforts to date, as well as the information that Defendants have provided.

Sincerely,

Lucas L. Hennes
Deputy Attorney General
Office of the Attorney General, Correctional Law Section
1300 I Street, Sacramento, CA 95814
Phone: (916) 210-7323
Fax: (916) 324-5205
lucas.hennes@doj.ca.gov

---

**From:** Kate Falkenstien <kfalkenstien@reichmanjorgensen.com>
**Sent:** Tuesday, June 16, 2020 6:47 PM
**To:** Lucas Hennes <Lucas.Hennes@doj.ca.gov>
**Cc:** Tyler Heath <Tyler.Heath@doj.ca.gov>; Adriano Hrvatin <Adriano.Hrvatin@doj.ca.gov>; Kyle Lewis <Kyle.Lewis@doj.ca.gov>; Elise Thorn <Elise.Thorn@doj.ca.gov>
**Subject:** RE: Lipsey discovery - search methodology

Hi Lucas,

Please see the attached letter in response to your email.

Best,
Kate

---

**From:** Lucas Hennes <Lucas.Hennes@doj.ca.gov>
**Sent:** Thursday, June 11, 2020 3:19 PM
**To:** Kate Falkenstien <kfalkenstien@reichmanjorgensen.com>
**Cc:** Tyler Heath <Tyler.Heath@doj.ca.gov>; Adriano Hrvatin <Adriano.Hrvatin@doj.ca.gov>; Kyle Lewis <Kyle.Lewis@doj.ca.gov>; Elise Thorn <Elise.Thorn@doj.ca.gov>
**Subject:** Lipsey discovery - search methodology

[EXTERNAL]
Good afternoon Kate,

As we discussed on yesterday's call, I reached out to my clients for additional information on their search. I have summarized this information below, according to each institution. Based on my conversation, it was not possible to estimate the number of documents searched; as Elise and I indicated on our call yesterday, grievances—especially those submitted more than three years ago—are not maintained like that. The "scanned archives" referenced by each institution are essentially one large file compiled by scanning archived paper files. The vast majority of the paper files that needed to be searched were staff complaints, which are not maintained in electronic form.

**CCI**

*How many people were involved in the search?*
Three members of the appeals office conducted this search.

*How many hours did they work?*
The search took approximately 24-25 hours.

*How many documents did they review?*
CCI staff reviewed all scanned archives, the electronic Inmate Appeals Tracking System, and paper archives of the categories identified in our agreement, as well as a search of grievances by the facilities with Guard One.

*What did they flag as responsive?*
The reviewers reviewed each document visually for all grievances that involved noise made by Guard One checks or welfare checks.

*Why were documents missing?*
I have confirmed that CCI's retention schedule for non-staff complaint grievances is five years, absent a litigation hold on those files. I have asked CCI to confirm that the grievances you identified from previous litigation would not have been kept under a litigation hold and are not otherwise in

their archives.

**COR**

*How many people were involved in the search?*
Four members of the appeals office and the litigation coordinator conducted this search.

*How many hours did they work?*
The search took three full days with all staff searching.

*How many documents did they review?*
COR staff reviewed all scanned grievances, all paper grievances (staff complaints are not scanned), the electronic Inmate Appeals Tracking System, and archived grievances that were accepted or rejected for each lockup unit, starting in April 2014 (when Guard One was implemented at COR).

*What did they flag as responsive?*
The reviewers reviewed each individual grievance visually for any grievance that involved welfare checks.

*Why were documents missing?*
Not applicable.

**PBSP**

*How many people were involved in the search?*
Two members of the appeals office conducted this search.

*How many hours did they work?*
The search took approximately 24 hours total.

*How many documents did they review?*
The reviewers searched the appeal tracking system and physical archives going back to 2014, finding the majority of the complaints under living conditions with some in staff complaints.

*What did they flag as responsive?*
After narrowing down the documents by category and year, the reviewers checked each grievance visually for any that involved noise made by Guard One checks or welfare checks.

*Why were documents missing?*
The documents you identified were found in the original search, but due to a miscommunication with coordinating staff at CDCR headquarters, they were not provided to defense counsel for Defendants' original production.

**SAC**

*How many people were involved in the search?*
The appeals coordinator conducted this search.

*How many hours did they work?*
The search took approximately 8 hours.

*How many documents did they review?*
The appeals coordinator reviewed scanned archive appeals and the inmate appeal tracking system in the identified grievance categories.

*What did they flag as responsive?*
The appeals coordinator searched for all grievances in the requested categories with the terms "pipe," "Guard One," or "check."

*Why were documents missing?*
Not applicable.


It remains my sincere hope that we can resolve this discovery dispute without court intervention. Please let me know if you would like additional information related to the methodology of the search conducted by each institution.

Lucas L. Hennes
Deputy Attorney General
Office of the Attorney General, Correctional Law Section
1300 I Street, Sacramento, CA 95814
Phone: (916) 210-7323
Fax: (916) 324-5205
lucas.hennes@doj.ca.gov

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.