# Exhibit R

| | |
|---|---|
| **From:** | Kate Falkenstien |
| **To:** | Lucas Hennes; Elise Thorn |
| **Cc:** | Adriano Hrvatin; Tyler Heath; Kyle Lewis |
| **Subject:** | Today"s meet and confer |
| **Date:** | Wednesday, June 10, 2020 2:39:00 PM |

Hi Lucas and Elise,

Thank you for meeting with me today.  I am writing to summarize our discussion.

We discussed the format of the motion to compel.  You want to make sure your objections are reproduced in full, and you'd like it to be in the same place as the full quotation of the RFP itself.  That is fine with me.  We agreed that you would add the full text of your response below the full text of the RFP, at the top of page 2.

We also discussed the relief I am seeking.  As you accurately summarized, I am seeking production of all responsive documents, answers to my questions about search methodology, and any sanctions the court finds appropriate (including attorney's fees).  You asked if I knew of any other missing responsive documents that I have not mentioned to you; I do not.  My concern is that there are likely other responsive documents that were missed because of some mistake in the search methodology, which I do not have copies of from other related cases.  You explained to me that no search will be 100% perfect, and I do understand that.  But I believe that when such a large percentage of known responsive documents were missed, there is likely a deeper error in the search methodology that warrants questions to investigate what went wrong.  In my reading, the case law cited in the briefing I sent you Friday supports that.

We talked about whether we could come to some agreement about the search methodology issue.  Elise asked what questions, specifically, I want answers to, and I referred you to my May 12 letter.  I would like to know:
- How many reviewers worked on the search?
- How many hours did they work?
- How many documents did they review?
- What were they told to flag as responsive?
- Why were the documents I've flagged as missing missed?

You indicated that you may be able to answer some of those questions, bearing in mind that you may need to estimate some of the answers (e.g., telling me the number of boxes of documents reviewed rather than the number of documents).

I am open to hearing your responses to my questions, of course.  But you asked me to agree to withdraw my motion/hearing in response for you promising to answer the questions, and that I cannot do.  I understand that your client may not want to spend the time answering my questions without knowing if doing so will fully resolve the dispute.  But I cannot be sure in advance whether your answers will resolve the dispute without knowing what those answers will be.  If you do choose to provide any further information about the methodology, I am happy to talk again afterwards about whether that resolves our dispute and the motion can be withdrawn.  I understand that you are going to talk to your client and consider whether you can or will provide any further

information. In the meantime, the preparation of the joint statement will continue on the timeline we agreed to, with your responsive portion coming back to me on June 19.

Sincerely,

Kate