1 | XAVIER BECERRA
Attorney General of California
2 | MONICA N. ANDERSON
Senior Assistant Attorney General
3 | ADRIANO HRVATIN
Supervising Deputy Attorney General
4 | ELISE OWENS THORN, State Bar No. 145931
TYLER V. HEATH, State Bar No. 271478
5 | KYLE A. LEWIS, State Bar No. 201041
LUCAS HENNES, State Bar No. 278361
6 | Deputy Attorneys General
 1300 I Street, Suite 125
7 | P.O. Box 944255
Sacramento, CA 94244-2550
8 | Telephone: (916) 210-7323
Fax: (916) 324-5205
9 | E-mail: Lucas.Hennes@doj.ca.gov
*Attorneys for Defendants*

ROMAN M. SILBERFELD, State Bar No. 62783
GLENN A. DANAS, State Bar No. 270317
ROBINS KAPLAN LLP
 2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: (310) 552-0130
Fax: (310) 229-5800
E-mail: RSilberfeld@RobinsKaplan.com
*Special Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**DECLARATION OF LUCAS L. HENNES IN OPPOSITION TO PLAINTIFF-INTERVENOR LIPSEY'S MOTION TO COMPEL** |

I, Lucas L. Hennes, declare the following:

1.      I am employed as a Deputy Attorney General with the Office of the Attorney General for the State of California, attorneys of record for Defendants in this action, and I am admitted to practice before this Court. I have personal knowledge of the matters set forth in this declaration, and if called upon to testify as to these matters, I could and would do so. I set forth this declaration in opposition to Plaintiff-Intervenor Lipsey's Motion to Compel.

2.      On February 27, 2020, this Court issued an order granting Lipsey permissive intervention into this case and allowing limited discovery related to the current use of the Guard One system of recording welfare checks.  (ECF No. 6487.)  As part of the order, the parties were ordered to meet and confer regarding a variety of issues and submit a joint report within seven days.  (*Id.*)

3.      On February 28, 2020, Lipsey's counsel, Kate Falkenstein, served my office with written discovery under the Court's order.  (*See* Falkenstein Decl., Exs. B-C.)  The parties agreed to meet and confer on March 3, 2020.  A true copy of this email exchange is attached to this declaration as Exhibit A.

4.      On March 3, 2020, the parties met and conferred by telephone regarding, in part, Lipsey's discovery requests.  During the call, Defendants expressed concerns over the scope of the discovery and asked Ms. Falkenstein to narrow the timeframe and classification of documents requested.  While Ms. Falkenstein indicated a willingness to limit the latter, she refused to narrow the time frame of documents requested, stating that she believed documents dating as far back as the beginning of Guard One's use in any particular unit would be relevant to Lipsey's motion for injunctive relief.  Defendants also indicated that they would be unable to provide all responsive documents within the two weeks required by the Court's order.  Ms. Falkenstein was willing to stipulate to extending this time frame, but only for the document requests, meaning Defendants would be obligated to provide responses to the interrogatories within two weeks.  Defendants declined this offer, as responding to the interrogatories would have required Defendants to provide detailed information from the documents that they would not yet have located—a logical and practical impossibility.  (*See* Falkenstein Decl., Ex. D.)

5.      On March 13, 2020, Defendants moved for a protective order regarding Lipsey's discovery requests.  (ECF No. 6501.)  On March 16, 2020, notwithstanding the pending motion, Defendants responded to Lipsey's discovery requests as required under the Court's order, producing the limited responsive documents that could be located in such a short time.

6.      On March 18, 2020, in response to the onset of the coronavirus pandemic, Governor Newsom ordered all residents of the state to stay at home and not leave except for essential

2

1   activities.  As part of the COVID-19 response, CDCR's litigation and other non-custody staff

2   were instructed to remain out of the institution as much as possible while still performing their

3   duties.  This extended to all non-essential movement in and out of the prisons, including by

4   defense counsel.

5          7.     Also on March 18, 2020, the parties met and conferred regarding Defendants' motion

6   for protective order.  On that call and through a follow-up email conversation, we were able to

7   reach a compromise regarding the scope of Lipsey's discovery requests—Defendants would

8   produce all responsive documents that could be located from the four prisons with Security

9   Housing Units from 2012-2020, with certain conditions.  (*See* Falkenstein Decl., Ex. F.)  I was

10  informed by CDCR that this limited search would take approximately thirty days to complete,

11  although they were not sure how COVID-19 would impact this timeline.  I informed Ms.

12  Falkenstein of this estimated timeline and promised to immediately inform her if that estimate

13  changed.  (*See id.*)

14         8.     On April 10, 2020, I was informed by CDCR that they were limiting the staff

15  physically present at the institutions gathering responsive grievances, which would delay their

16  ability to complete the search by approximately a week.  I immediately informed Ms. Falkenstein

17  of this delay, and she agreed to extend the response deadline by a week.  (*See id.*)

18         9.     On April 27, 2020, Defendants provided Lipsey with the results of their search.

19  However, due to a miscommunication between CDCR headquarters and my office, no responsive

20  documents from Pelican Bay State Prison from the years 2014 or 2015 were included in this

21  production, although they had been located in the search.  On May 12, 2020, Ms. Falkenstein

22  informed me of this deficiency.  I immediately contacted CDCR, discovered the

23  miscommunication, and began working to remedy the omission.

24         10.    On May 20, 2020, the parties met and conferred regarding, in part, the discovery

25  issues identified in Ms. Falkenstein's May 12, 2020 letter.  Defendants agreed to provide the

26  inadvertently-omitted documents and provide Ms. Falkenstein with information regarding the

27  manner of their search.  Ms. Falkenstein indicated that if she located any further missing

28  documents, she would file a motion to compel.  (*See* Falkenstein Decl., Ex. J.)  On May 22, 2020,

1    I sent a full, Bates-stamped copy of all the responsive grievances located to date to Ms.

2    Falkenstein, as well as a brief description of Defendants' search methodology.  A true copy of the

3    email sent to Ms. Falkenstein is attached as Exhibit B.

4           11.    On May 26, 2020, Ms. Falkenstein contacted my office and requested additional

5    information regarding the *Coleman* class membership of inmates who had joined group appeals,

6    rather than just the identity of the inmates who submitted the appeal.  I informed Ms. Falkenstein

7    that CDCR did not track the identities of inmates who had merely joined an appeal, rather than

8    submitting those appeals, but if she would provide a list of inmates to be checked, I would confer

9    with CDCR and provide that information.  Ms. Falkenstein provided a list that day.  On June 8,

10   2020, after receiving the requested information from CDCR, I provided it to Ms. Falkenstein.  A

11   true copy of this email exchange is attached as Exhibit C.

12          12.    On May 28, 2020, Ms. Falkenstein again emailed my office, stating that she believed

13   there were still significant gaps in Defendants' production and indicating that she would be filing

14   a motion to compel the next day.  Apart from the grievances inadvertently omitted from Pelican

15   Bay due to a miscommunication, which were identified in her May 12, 2020 letter, Ms.

16   Falkenstein had not informed me of any specific grievances she knew to be missing.  A true copy

17   of this email exchange is attached as Exhibit D.

18          13.    On June 5, 2020, as previously agreed, Ms. Falkenstein sent me a draft of Lipsey's

19   portion of the joint brief to be submitted to the Court regarding Lipsey's Motion to Compel,

20   including her own declaration and fifteen exhibits.  Within this draft of the brief was Lipsey's

21   allegation that additional grievances from 2014 from CCI had not been produced, as well as an

22   accusation that Defendants were deliberately withholding responsive documents.  Ms. Falkenstein

23   had never raised these concerns with me or my office.  As a result of these new allegations, on

24   June 9, 2020, I emailed Ms. Falkenstein to arrange a meet-and-confer discussion to resolve the

25   issue without Court intervention.  A true copy of this email exchange is attached as Exhibit E.

26          14.    On June 10, 2020, the parties met and conferred via conference call to discuss the

27   relief Lipsey was seeking in his motion to compel.  I informed Ms. Falkenstein that Defendants

28   were willing to provide any information she needed to resolve her concerns, and I reiterated that

Declaration of Lucas L. Hennes in Opposition to Lipsey's Motion to Compel (2:90-cv-00520 KJM-DB (PC))

the motion to compel was not necessary to accomplish that goal, as Defendants have a duty to supplement their previous discovery responses if additional documents were located.  As part of Defendants' effort to resolve the motion without Court intervention, Defendants agreed to provide Ms. Falkenstein with as much information as possible about how the initial search for responsive documents was conducted, including estimates for any information that could not be provided outright.  Ms. Falkenstein stated that she would welcome this additional information, but she did not commit to withdrawing the motion to compel after receiving the answers.  A true copy of Ms. Falkenstein's email summarizing this meet-and-confer conversation is attached as Exhibit F.

15.    On June 11, 2020, I participated in a conference call with officials from CDCR headquarters and the four institutions responsible for providing responsive grievances to Lipsey. Each of the four institutions provided me with as much information as possible about their search methodology, including the number of staff involved in the search, the approximate length of time spent searching, and what documents were searched and how.  Immediately after the call, I sent a detailed email to Ms. Falkenstein with the information from this call and reiterating my desire to resolve the dispute without court intervention.  (*See* Falkenstein Decl., Ex. P.)

/ / /

/ / /

/ / /

Declaration of Lucas L. Hennes in Opposition to Lipsey's Motion to Compel (2:90-cv-00520 KJM-DB (PC))

16.     On June 16, 2020, Ms. Falkenstein responded to my email with a letter indicating that she was unwilling to withdraw the pending motion to compel on the basis of Defendants' answers.  (*See* Falkenstein Decl., Ex. Q.)  The June 16 letter asked several additional questions and made no mention of withdrawing, or even delaying, Lipsey's motion to compel to allow Defendants to respond to these questions.  Ms. Falkenstein also implied that I had misled her throughout the discovery process and suggested that Defendants were being untruthful in their discovery responses.  In response to the letter, I informed Ms. Falkenstein that Defendants would not provide additional information without a continuance of the pending motion to compel.  Ms. Falkenstein responded, indicating that she would not withdraw the motion to compel and that she believed court intervention was "required."  A true copy of this email exchange is attached to this declaration as Exhibit G.

I declare under penalty of perjury that the foregoing is true.  Executed this 1st day of July, 2020 at Sacramento, California.


*/s/ Lucas L. Hennes*
_____
LUCAS L. HENNES
Deputy Attorney General

CF1997CS0003
34170985.docx

6

# EXHIBIT A

**Lucas Hennes**

| | |
|---|---|
| **From:** | Lucas Hennes |
| **Sent:** | Friday, February 28, 2020 1:07 PM |
| **To:** | 'kfalkenstien@reichmanjorgensen.com' |
| **Cc:** | Kyle Lewis; Tyler Heath; Adriano Hrvatin; 'EGalvan@rbgg.com'; 'AGourse@rbgg.com' |
| **Subject:** | RE: Meet and confer call regarding Guard One noise |

Good afternoon Ms. Falkenstein:

Counsel for Defendants is available Monday or Tuesday morning for the meet-and-confer call. I'm proposing that we have the call on Tuesday at 11:00, if that works for you. Also, while we are all eager to resolve this issue as quickly and amicably as possible, please keep in mind that if we are discussing any major changes to the Guard One policy or other *Coleman* orders, the Special Master will need to be involved in those discussions as well.

On a separate note, Mr. Henkels is no longer involved in *Coleman*, so he can be left off future emails. Similarly, please include me on any future correspondence regarding this matter.

Please let me know if Tuesday at 11:00 is a good time for the call. If so, I look forward to discussing possible solutions with you at that time.

Lucas L. Hennes
Deputy Attorney General
Office of the Attorney General, Correctional Law Section
1300 I Street, Sacramento, CA 95814
Phone: (916) 210-7323
Fax: (916) 324-5205
lucas.hennes@doj.ca.gov

---

**From:** Kate Falkenstien [mailto:kfalkenstien@reichmanjorgensen.com]
**Sent:** Friday, February 28, 2020 11:03 AM
**To:** Kyle Lewis <Kyle.Lewis@doj.ca.gov>; Robert Henkels <Robert.Henkels@doj.ca.gov>; Tyler Heath <Tyler.Heath@doj.ca.gov>; Elise Thorn <Elise.Thorn@doj.ca.gov>; Adriano Hrvatin <Adriano.Hrvatin@doj.ca.gov>
**Cc:** Ernest Galvan <EGalvan@rbgg.com>; Alex Gourse <AGourse@rbgg.com>
**Subject:** RE: Meet and confer call regarding Guard One noise

Counsel,

I am writing to follow up on my email in light of the court's order yesterday afternoon, since I haven't heard back about scheduling our meet-and-confer call. The court ordered us to submit a report on this discussion by next Thursday, so the call would need to be sometime Monday-Wednesday. I remain available any time that works for you. Please let me know today when would be good for your team, so that we can all reserve time on our calendars.

I also wanted to raise two related issues.
1. I am mailing you the attached discovery requests today, per yesterday's order. Since the court ordered an expedited discovery response, I wanted to send you the PDFs as a courtesy to give you a little more time to respond. I am happy to discuss these requests in our call next week as well.
2. The court ordered me to submit a letter by Thursday regarding Mr. Lipsey's pending rules violation reports and the possibility his LTRH term is extended. Mr. Lipsey does not ordinarily get to use the phone, so we communicate by letter. I cannot reach him by letter and get a response within 7 days, so I have requested a

legal phone call with the litigation coordination office at Corcoran.  I am attaching the letter I sent to that office so that you are aware if they ask you about the situation.

Thank you,

Kate

Kate Falkenstien
**Reichman Jorgensen LLP**
(650) 623-1425

---

**From:** Kate Falkenstien
**Sent:** Thursday, February 27, 2020 10:09 AM
**To:** 'kyle.lewis@doj.ca.gov' <kyle.lewis@doj.ca.gov>; 'robert.henkels@doj.ca.gov' <robert.henkels@doj.ca.gov>; 'tyler.heath@doj.ca.gov' <tyler.heath@doj.ca.gov>; 'elise.thorn@doj.ca.gov' <elise.thorn@doj.ca.gov>; 'adriano.hrvatin@doj.ca.gov' <adriano.hrvatin@doj.ca.gov>
**Cc:** 'Ernest Galvan' <EGalvan@rbgg.com>; Alex Gourse <AGourse@rbgg.com>
**Subject:** Meet and confer call regarding Guard One noise

Counsel,

It was nice to meet some of you in person yesterday at the status conference.  I am following up on your suggestion of some informal discussions about how to resolve the noise concerns.  As Judge Mueller suggested, could we schedule a time to talk about possible modifications to address the noise from the Guard One checks?  I could make myself available any time next week that works for you.

Thanks,

Kate
NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

# EXHIBIT B

**Lucas Hennes**

| | |
|---|---|
| **From:** | Lucas Hennes |
| **Sent:** | Friday, May 22, 2020 1:42 PM |
| **To:** | 'Kate Falkenstien' |
| **Cc:** | Adriano Hrvatin; Kyle Lewis; Elise Thorn; Tyler Heath |
| **Subject:** | Lipsey supplemental discovery responses |
| **Attachments:** | Lipsey Rogs Exhibit A (updated).xlsx; Smith AN-9812.pdf; Henley  BC-9550  20-01007 - Guard One.pdf |

Good afternoon, Kate.

Per our conversation on Wednesday, please see the attached updated Exhibit A to Defendants' interrogatory responses.  Also attached is a copy of the Henley and Smith grievances.  I will be sending a full, Bates-stamped copy of all the grievances located via a separate email with a download link.

With respect to your questions regarding the methodology of the search, CDCR informed me that each institution filtered through thousands of documents using multiple staff members (at least two at each, but possibly more) who were instructed to flag any appeals which involved Guard One or Welfare Checks under the categories of *Living Conditions*, *Segregation, Staff Complaints, or Other*.  Staff were not asked to track exactly how many hours they logged for this request.  As I mentioned on the call, any further specificity is impossible without reproducing the search or physically counting the documents searched.  Given that your questions about methodology were not included in the original requests nor in our stipulated limitations, I am extremely hesitant to divert CDCR's staff further to obtain those answers, nor do I believe that a motion to compel on that basis would have any merit.

If you have any further questions regarding this discovery, please don't hesitate to ask.

Lucas L. Hennes
Deputy Attorney General
Office of the Attorney General, Correctional Law Section
1300 I Street, Sacramento, CA 95814
Phone: (916) 210-7323
Fax: (916) 324-5205
lucas.hennes@doj.ca.gov

# EXHIBIT C

**Lucas Hennes**

| | |
|---|---|
| **From:** | Lucas Hennes |
| **Sent:** | Monday, June 8, 2020 2:58 PM |
| **To:** | 'Kate Falkenstien' |
| **Cc:** | Adriano Hrvatin; Kyle Lewis; Elise Thorn; Tyler Heath |
| **Subject:** | RE: Lipsey supplemental discovery responses |
| **Attachments:** | 2020 Lipsey info.xlsx |

Kate,

Per your email of May 26, 2020, please find the attached spreadsheet indicating the *Coleman* class status of each of the inmates signing onto the group appeals, as you requested. A small number of the inmates could not be identified, and those are indicated on the spreadsheet as well.

Also, in response to your question regarding "inactive" versus "inactive + no," CDCR informs me that the one inmate listed as "inactive" was in fact a *Coleman* class member at the time of his complaint. I apologize for the confusion.

Are there additional concerns you have regarding Defendants' production at this time?

Lucas L. Hennes
Deputy Attorney General
Office of the Attorney General, Correctional Law Section
1300 I Street, Sacramento, CA 95814
Phone: (916) 210-7323
Fax: (916) 324-5205
lucas.hennes@doj.ca.gov

---

**From:** Kate Falkenstien <kfalkenstien@reichmanjorgensen.com>
**Sent:** Tuesday, May 26, 2020 2:59 PM
**To:** Lucas Hennes <Lucas.Hennes@doj.ca.gov>
**Cc:** Adriano Hrvatin <Adriano.Hrvatin@doj.ca.gov>; Kyle Lewis <Kyle.Lewis@doj.ca.gov>; Elise Thorn <Elise.Thorn@doj.ca.gov>; Tyler Heath <Tyler.Heath@doj.ca.gov>
**Subject:** RE: Lipsey supplemental discovery responses

It seems my attachment was too big to go through. You can download it here:
https://reichmanjorgensen.exavault.com/share/view/20m5q-47gvw48i.

Thanks,
Kate

---

**From:** Kate Falkenstien
**Sent:** Tuesday, May 26, 2020 3:49 PM
**To:** Lucas Hennes <Lucas.Hennes@doj.ca.gov>
**Cc:** Adriano Hrvatin <Adriano.Hrvatin@doj.ca.gov>; Kyle Lewis <Kyle.Lewis@doj.ca.gov>; Elise Thorn <Elise.Thorn@doj.ca.gov>; Tyler Heath <Tyler.Heath@doj.ca.gov>
**Subject:** RE: Lipsey supplemental discovery responses

Hi Lucas,

I am asking for the *Coleman* class status of the inmates who signed on to each group appeal in the set of grievances you produced. The list of inmates participating in each grievance is in fact readily available: the grievances themselves contain such lists. For your convenience, I am attaching the lists of inmates participating in group appeals, which I have extracted from your production. Those are the inmates whose *Coleman* class status I would like you to add to Exhibit A.

I believe two inmates who are the named complainants (i.e., not group appeals) are also missing from your chart: Alejo (AK2983) and Ewing (G06579).

I also have one additional question about the updated chart: what does "inactive" mean in Exhibit A? Why do some listings say "inactive + no" while others merely say "inactive"? For example, Mr. Ruse's listing merely says "inactive" while the others all say "inactive + no."

Thank you,
Kate

**From:** Lucas Hennes <Lucas.Hennes@doj.ca.gov>
**Sent:** Tuesday, May 26, 2020 12:58 PM
**To:** Kate Falkenstien <kfalkenstien@reichmanjorgensen.com>
**Cc:** Adriano Hrvatin <Adriano.Hrvatin@doj.ca.gov>; Kyle Lewis <Kyle.Lewis@doj.ca.gov>; Elise Thorn <Elise.Thorn@doj.ca.gov>; Tyler Heath <Tyler.Heath@doj.ca.gov>
**Subject:** Re: Lipsey supplemental discovery responses

[EXTERNAL]

Good morning, Kate. To my knowledge, CDCR tracks group appeals based on the inmate submitting the appeal, so the identity of the other inmates on each of those appeals (and their class status at the time of submission) is not readily available. If you have a list of inmates who signed onto group appeals whose class status you would like to know, I am happy to communicate that to CDCR and get back to you.


--Lucas

**From:** Kate Falkenstien <kfalkenstien@reichmanjorgensen.com>
**Sent:** Tuesday, May 26, 2020 11:14:13 AM
**To:** Lucas Hennes
**Cc:** Adriano Hrvatin; Kyle Lewis; Elise Thorn; Tyler Heath
**Subject:** RE: Lipsey supplemental discovery responses

Hi Lucas,

Thank you for these materials. This Exhibit A still does not contain the *Coleman* class membership status of inmates who joined group appeals, as I requested in my letter and I understood you would be providing. When will you be updating it to include that information?

Thank you,
Kate

**From:** Lucas Hennes <Lucas.Hennes@doj.ca.gov>
**Sent:** Friday, May 22, 2020 2:42 PM
**To:** Kate Falkenstien <kfalkenstien@reichmanjorgensen.com>
**Cc:** Adriano Hrvatin <Adriano.Hrvatin@doj.ca.gov>; Kyle Lewis <Kyle.Lewis@doj.ca.gov>; Elise Thorn <Elise.Thorn@doj.ca.gov>; Tyler Heath <Tyler.Heath@doj.ca.gov>
**Subject:** Lipsey supplemental discovery responses

[EXTERNAL]
Good afternoon, Kate.

Per our conversation on Wednesday, please see the attached updated Exhibit A to Defendants' interrogatory responses.  Also attached is a copy of the Henley and Smith grievances.  I will be sending a full, Bates-stamped copy of all the grievances located via a separate email with a download link.

With respect to your questions regarding the methodology of the search, CDCR informed me that each institution filtered through thousands of documents using multiple staff members (at least two at each, but possibly more) who were instructed to flag any appeals which involved Guard One or Welfare Checks under the categories of *Living Conditions*, *Segregation, Staff Complaints, or Other*.  Staff were not asked to track exactly how many hours they logged for this request.  As I mentioned on the call, any further specificity is impossible without reproducing the search or physically counting the documents searched.  Given that your questions about methodology were not included in the original requests nor in our stipulated limitations, I am extremely hesitant to divert CDCR's staff further to obtain those answers, nor do I believe that a motion to compel on that basis would have any merit.

If you have any further questions regarding this discovery, please don't hesitate to ask.

Lucas L. Hennes
Deputy Attorney General
Office of the Attorney General, Correctional Law Section
1300 I Street, Sacramento, CA 95814
Phone: (916) 210-7323
Fax: (916) 324-5205
lucas.hennes@doj.ca.gov

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.
NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.
NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have

received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

# EXHIBIT D

**Lucas Hennes**

| | |
|---|---|
| **From:** | Lucas Hennes |
| **Sent:** | Thursday, May 28, 2020 1:56 PM |
| **To:** | 'Kate Falkenstien' |
| **Cc:** | Elise Thorn; Kyle Lewis; Adriano Hrvatin; Tyler Heath |
| **Subject:** | RE: Motion to Compel re Lipsey's discovery requests in Coleman |

Good afternoon, Kate. Defendants have no objection to your proposed schedule.

Lucas L. Hennes
Deputy Attorney General
Office of the Attorney General, Correctional Law Section
1300 I Street, Sacramento, CA 95814
Phone: (916) 210-7323
Fax: (916) 324-5205
lucas.hennes@doj.ca.gov

---

**From:** Kate Falkenstien <kfalkenstien@reichmanjorgensen.com>
**Sent:** Thursday, May 28, 2020 12:22 PM
**To:** Lucas Hennes <Lucas.Hennes@doj.ca.gov>
**Cc:** Elise Thorn <Elise.Thorn@doj.ca.gov>; Kyle Lewis <Kyle.Lewis@doj.ca.gov>; Adriano Hrvatin <Adriano.Hrvatin@doj.ca.gov>; Tyler Heath <Tyler.Heath@doj.ca.gov>
**Subject:** Motion to Compel re Lipsey's discovery requests in Coleman

Hi Lucas,

When we spoke last week, I said that I would wait until May 27 for any additional document production and then make a decision about whether to file a motion to compel.  I believe there are still significant numbers of responsive grievances that your search missed.  Because I believe your search has been inadequate and you have refused to answer my questions about the search methodology, I am preparing a motion to compel.  We have already met and conferred about this several times, and I of course understand that you disagree.  Right now, I am just writing to work out the logistics.

The local rules allow me to schedule a hearing on a motion to compel as soon as 21 days after filing.  I intend to file the motion to compel tomorrow, setting July 10 as the proposed hearing date to give us enough time to prepare the joint discovery statement and avoid the 4th of July holiday.  The joint discovery statement must be filed at least a week before the hearing, on July 3.

As we discussed, I propose that we exchange portions of the joint discovery statement like a normal motion briefing schedule, and then compile it into one joint discovery dispute statement.  I will send you the opening portion of the joint discovery statement by next Friday, June 5.  I propose that you send me your response two weeks later, on June 19.  I would then send you my reply a week after that, on June 26.  I believe this dispute is to be submitted to Magistrate Judge Barnes under Local Rule 302, and under Judge Barnes' standing order, before the joint statement is filed, we are also supposed to again confer, in person if possible or on the phone otherwise.  Given the coronavirus and the fact that I live in Boise, Idaho, I propose we do that final meet-and-confer on the phone.  We could do it sometime the week of June 29 (after you receive my reply on June 26), and I could file on July 2 before the holiday weekend.  To summarize, here is my proposal:

June 5: I send you my opening portion
June 19: you send me your response
June 26: I send you my reply
Week of June 29: we confer again
July 2: I file the joint statement
July 10: hearing date

We have 25 pages for the joint statement, so I propose that we each get 12.5 pages total (in my case, for the opening brief and reply; in your case, for your response brief).

This is the way I have done joint discovery statements with your office in the past.  Please let me know if you agree or have an alternative proposal.

Thank you,

Kate

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

# EXHIBIT E

**Lucas Hennes**

| | |
|---|---|
| **From:** | Kate Falkenstien <kfalkenstien@reichmanjorgensen.com> |
| **Sent:** | Tuesday, June 9, 2020 8:32 AM |
| **To:** | Lucas Hennes |
| **Cc:** | Elise Thorn; Kyle Lewis; Adriano Hrvatin; Tyler Heath |
| **Subject:** | RE: Opening portion of Joint Discovery Dispute Statement re Lipsey's Motion to Compel |

Hi Lucas,

I am happy to discuss (although I do not agree with your points below). How about tomorrow at 1 pm PT?

Best,
Kate

---

**From:** Lucas Hennes <Lucas.Hennes@doj.ca.gov>
**Sent:** Tuesday, June 9, 2020 9:28 AM
**To:** Kate Falkenstien <kfalkenstien@reichmanjorgensen.com>
**Cc:** Elise Thorn <Elise.Thorn@doj.ca.gov>; Kyle Lewis <Kyle.Lewis@doj.ca.gov>; Adriano Hrvatin <Adriano.Hrvatin@doj.ca.gov>; Tyler Heath <Tyler.Heath@doj.ca.gov>
**Subject:** RE: Opening portion of Joint Discovery Dispute Statement re Lipsey's Motion to Compel

[EXTERNAL]

Good morning, Kate.

Thank you for the updated brief. Unfortunately, it still does not mention our objections to your discovery requests, nor does it expressly identify the issues to be determined at the hearing on the motion to compel (not the TRO, which is a separate issue). While I can put that in a separate part of the brief, it is my strong belief that this would not comply with Rule 251, as your briefing does not address any of Defendants' objections. Moreover, while we have met and conferred on a number of occasions to discuss your discovery requests, we have never discussed several of the issues raised in your brief, including any missing grievances from CCI or your direct accusation that Defendants have knowingly withheld grievances (and that you are now seeking sanctions). It remains my belief that if you communicate to me your concerns regarding Defendants' production, we can remedy any deficiencies you identify. Rule 251(b) expressly mandates a good faith conference to resolve these issues, and I cannot sign off on a briefing that agrees that such a conference has taken place given that you are raising these issues for the first time now. Nor do I believe that a conference in July -- less than a week before a hearing on the motion to compel – would satisfy the requirement of a "good faith effort" to resolve the issues.

 As far as times to meet and confer, my team and I can make ourselves available at any point in the next two weeks to discuss all of your concerns, pending other meetings happening in *Coleman*.

 Sincerely,

Lucas L. Hennes
Deputy Attorney General
Office of the Attorney General, Correctional Law Section
1300 I Street, Sacramento, CA 95814
Phone: (916) 210-7323

Fax: (916) 324-5205
lucas.hennes@doj.ca.gov

---

**From:** Kate Falkenstien <kfalkenstien@reichmanjorgensen.com>
**Sent:** Tuesday, June 9, 2020 7:46 AM
**To:** Lucas Hennes <Lucas.Hennes@doj.ca.gov>
**Cc:** Elise Thorn <Elise.Thorn@doj.ca.gov>; Kyle Lewis <Kyle.Lewis@doj.ca.gov>; Adriano Hrvatin <Adriano.Hrvatin@doj.ca.gov>; Tyler Heath <Tyler.Heath@doj.ca.gov>
**Subject:** RE: Opening portion of Joint Discovery Dispute Statement re Lipsey's Motion to Compel

Hi Lucas,

I believe my brief is in compliance with these requirements. I include the full text of the RFP and interrogatory at issue on pages 1-2. After that, I include the supporting arguments. The details of our conferences are set out in the brief; I describe each time we spoke and our email/letter exchanges at pages 2-4. I also explain the nature of the action (Lipsey is seeking a TRO based on sleep deprivation from Guard One) and the factual question the discovery bears upon (whether other inmates agree that Guard One causes sleep deprivation). I do not see the need to revise to meet the local rules. If you wish to provide further details about any of these issues, you are free to do so in your portion.

If you would like to confer further about the nature of the action and the factual disputes, I believe we have tentatively agreed to a phone call the first week of July, before the brief is filed. If you think we need to confer sooner, please suggest some times and I am happy to speak with you.

In light of your updated interrogatory response, I am no longer seeking relief from the court as to the interrogatory (I separately responded to that email a few minutes ago). I have removed that portion of my brief and added a footnote to reflect your updated response. I am attaching both a clean and redlined version here.

Thank you,
Kate

---

**From:** Lucas Hennes <Lucas.Hennes@doj.ca.gov>
**Sent:** Monday, June 8, 2020 2:10 PM
**To:** Kate Falkenstien <kfalkenstien@reichmanjorgensen.com>
**Cc:** Elise Thorn <Elise.Thorn@doj.ca.gov>; Kyle Lewis <Kyle.Lewis@doj.ca.gov>; Adriano Hrvatin <Adriano.Hrvatin@doj.ca.gov>; Tyler Heath <Tyler.Heath@doj.ca.gov>
**Subject:** RE: Opening portion of Joint Discovery Dispute Statement re Lipsey's Motion to Compel

[EXTERNAL]

Good afternoon Kate,


Thank you for providing your portion of the joint statement. After reviewing, it appears that your proposed statement does not meet the requirements of Local Rule 251(c). Specifically, "Each specific interrogatory, deposition question or other item objected to, or concerning which a protective order is sought, and the objection thereto, shall be reproduced in full. The respective arguments and supporting authorities of the parties shall be set forth immediately following each such objection."

I would also point out that the statement is meant to set forth the following, "with particularity":

(1)  The details of the conference or conferences;

(2)  A statement of the nature of the action and its factual disputes insofar as they are pertinent to the matters to be decided and the issues to be determined at the hearing; and

(3)  The contentions of each party as to each contested issue, including a memorandum of each party's respective arguments concerning the issues in dispute and the legal authorities in support thereof.

While there is certainly no doubt that your briefing thoroughly covers (3), I do not see anything about (1), and I believe the parties are meant to confer regarding (2). Given that this is a mandatory part of the brief per the local rule, I wanted to bring this to your attention immediately so you can revise as necessary.  I will begin preparing my response to your arguments in the meantime.

Please feel free to call me if you have any questions regarding this email.

Lucas L. Hennes
Deputy Attorney General
Office of the Attorney General, Correctional Law Section
1300 I Street, Sacramento, CA 95814
Phone: (916) 210-7323
Fax: (916) 324-5205
lucas.hennes@doj.ca.gov

**From:** Kate Falkenstien <kfalkenstien@reichmanjorgensen.com>
**Sent:** Friday, June 5, 2020 4:45 PM
**To:** Lucas Hennes <Lucas.Hennes@doj.ca.gov>
**Cc:** Elise Thorn <Elise.Thorn@doj.ca.gov>; Kyle Lewis <Kyle.Lewis@doj.ca.gov>; Adriano Hrvatin <Adriano.Hrvatin@doj.ca.gov>; Tyler Heath <Tyler.Heath@doj.ca.gov>
**Subject:** Opening portion of Joint Discovery Dispute Statement re Lipsey's Motion to Compel

Hi Lucas,

As agreed last week, I am sending you the opening portion of the Joint Discovery Dispute Statement for Lipsey's Motion to Compel.  I have used 8 pages + 17 lines, so I am reserving 3 pages + 25 lines for my reply (for a total of 12 pages + 14 lines, or 12.5 pages).

Here is a link to download the supporting declaration and exhibits (which are too big for email):
https://reichmanjorgensen.exavault.com/share/view/212k0-1948ed8b

I look forward to receiving your responsive portion on June 19.

Thanks,

3

Kate

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

# EXHIBIT F

**Lucas Hennes**

| | |
|---|---|
| **From:** | Kate Falkenstien <kfalkenstien@reichmanjorgensen.com> |
| **Sent:** | Wednesday, June 10, 2020 1:40 PM |
| **To:** | Lucas Hennes; Elise Thorn |
| **Cc:** | Adriano Hrvatin; Tyler Heath; Kyle Lewis |
| **Subject:** | Today's meet and confer |

Hi Lucas and Elise,

Thank you for meeting with me today. I am writing to summarize our discussion.

We discussed the format of the motion to compel. You want to make sure your objections are reproduced in full, and you'd like it to be in the same place as the full quotation of the RFP itself. That is fine with me. We agreed that you would add the full text of your response below the full text of the RFP, at the top of page 2.

We also discussed the relief I am seeking. As you accurately summarized, I am seeking production of all responsive documents, answers to my questions about search methodology, and any sanctions the court finds appropriate (including attorney's fees). You asked if I knew of any other missing responsive documents that I have not mentioned to you; I do not. My concern is that there are likely other responsive documents that were missed because of some mistake in the search methodology, which I do not have copies of from other related cases. You explained to me that no search will be 100% perfect, and I do understand that. But I believe that when such a large percentage of known responsive documents were missed, there is likely a deeper error in the search methodology that warrants questions to investigate what went wrong. In my reading, the case law cited in the briefing I sent you Friday supports that.

We talked about whether we could come to some agreement about the search methodology issue. Elise asked what questions, specifically, I want answers to, and I referred you to my May 12 letter. I would like to know:
- How many reviewers worked on the search?
- How many hours did they work?
- How many documents did they review?
- What were they told to flag as responsive?
- Why were the documents I've flagged as missing missed?

You indicated that you may be able to answer some of those questions, bearing in mind that you may need to estimate some of the answers (e.g., telling me the number of boxes of documents reviewed rather than the number of documents).

I am open to hearing your responses to my questions, of course. But you asked me to agree to withdraw my motion/hearing in response for you promising to answer the questions, and that I cannot do. I understand that your client may not want to spend the time answering my questions without knowing if doing so will fully resolve the dispute. But I cannot be sure in advance whether your answers will resolve the dispute without knowing what those answers will be. If you do choose to provide any further information about the methodology, I am happy to talk again afterwards about whether that resolves our dispute and the motion can be withdrawn. I understand that you are going to talk to your client and consider whether you can or will provide any further information. In the meantime, the preparation of the joint statement will continue on the timeline we agreed to, with your responsive portion coming back to me on June 19.

Sincerely,

Kate

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

# EXHIBIT G

**Lucas Hennes**

| | |
|---|---|
| **From:** | Kate Falkenstien <kfalkenstien@reichmanjorgensen.com> |
| **Sent:** | Wednesday, June 17, 2020 9:10 AM |
| **To:** | Lucas Hennes |
| **Cc:** | Tyler Heath; Adriano Hrvatin; Kyle Lewis; Elise Thorn |
| **Subject:** | RE: Lipsey discovery - search methodology |

Hi Lucas,

I of course do not agree that my client and I do have not tried to resolve this dispute without court intervention; I have engaged in months of discussions with you to try to resolve this.  But I do agree that, at this point, court intervention is required, and I do not intend to withdraw the motion to compel.

Per your request, I will revise Lipsey's opening portion today to reflect the new information you provided me after I sent you my portion on June 5.  I expect that I can get this back to you later today.

Best,
Kate

**From:** Lucas Hennes <Lucas.Hennes@doj.ca.gov>
**Sent:** Tuesday, June 16, 2020 9:56 PM
**To:** Kate Falkenstien <kfalkenstien@reichmanjorgensen.com>
**Cc:** Tyler Heath <Tyler.Heath@doj.ca.gov>; Adriano Hrvatin <Adriano.Hrvatin@doj.ca.gov>; Kyle Lewis <Kyle.Lewis@doj.ca.gov>; Elise Thorn <Elise.Thorn@doj.ca.gov>
**Subject:** RE: Lipsey discovery - search methodology

[EXTERNAL]
Kate,

Thank you for your letter. Defendants repeat their objection that this discovery process has gone far afield of the court's original order, which was to obtain information necessary to determine if sleep deprivation caused by use of the Guard One system is a widespread problem throughout CDCR.  As Judge Mueller mentioned in her order, it was the court's hope that Lipsey and Defendants "meet and confer to reach agreement on an efficient way to provide [Lipsey] with the raw information from which to glean information on the administrative complaints covered by the court's grant of limited discovery."  (ECF No. 6487.)  Defendants have, at every turn, sought to provide Lipsey with the information necessary to resolve his motion for injunctive relief.  Despite this good-faith effort in the midst of a global pandemic, it does not appear that Lipsey shares Defendants' interest in resolving this without court intervention.  I cannot commit my clients to performing any additional searches without some commitment on Lipsey's part to delaying this needless and wasteful motion to compel.

Assuming that Lipsey is unwilling to delay his motion to compel, I believe the draft you provided Defendants on June 15 requires revision.  Specifically, Defendants have provided you with information regarding the methodology of their search.  Defendants therefore request that you revise the draft portion of the brief to accurately reflect meet and confer efforts to date, as well as the information that Defendants have provided.

Sincerely,

Lucas L. Hennes
Deputy Attorney General

Office of the Attorney General, Correctional Law Section
1300 I Street, Sacramento, CA 95814
Phone: (916) 210-7323
Fax: (916) 324-5205
lucas.hennes@doj.ca.gov

---

**From:** Kate Falkenstien <kfalkenstien@reichmanjorgensen.com>
**Sent:** Tuesday, June 16, 2020 6:47 PM
**To:** Lucas Hennes <Lucas.Hennes@doj.ca.gov>
**Cc:** Tyler Heath <Tyler.Heath@doj.ca.gov>; Adriano Hrvatin <Adriano.Hrvatin@doj.ca.gov>; Kyle Lewis <Kyle.Lewis@doj.ca.gov>; Elise Thorn <Elise.Thorn@doj.ca.gov>
**Subject:** RE: Lipsey discovery - search methodology

Hi Lucas,

Please see the attached letter in response to your email.

Best,
Kate

---

**From:** Lucas Hennes <Lucas.Hennes@doj.ca.gov>
**Sent:** Thursday, June 11, 2020 3:19 PM
**To:** Kate Falkenstien <kfalkenstien@reichmanjorgensen.com>
**Cc:** Tyler Heath <Tyler.Heath@doj.ca.gov>; Adriano Hrvatin <Adriano.Hrvatin@doj.ca.gov>; Kyle Lewis <Kyle.Lewis@doj.ca.gov>; Elise Thorn <Elise.Thorn@doj.ca.gov>
**Subject:** Lipsey discovery - search methodology

[EXTERNAL]
Good afternoon Kate,

As we discussed on yesterday's call, I reached out to my clients for additional information on their search. I have summarized this information below, according to each institution.  Based on my conversation, it was not possible to estimate the number of documents searched; as Elise and I indicated on our call yesterday, grievances—especially those submitted more than three years ago—are not maintained like that.  The "scanned archives" referenced by each institution are essentially one large file compiled by scanning archived paper files.  The vast majority of the paper files that needed to be searched were staff complaints, which are not maintained in electronic form.

<u>CCI</u>
*How many people were involved in the search?*
Three members of the appeals office conducted this search.

*How many hours did they work?*
The search took approximately 24-25 hours.

*How many documents did they review?*
CCI staff reviewed all scanned archives, the electronic Inmate Appeals Tracking System, and paper archives of the categories identified in our agreement, as well as a search of grievances by the facilities with Guard One.

*What did they flag as responsive?*

The reviewers reviewed each document visually for all grievances that involved noise made by Guard One checks or welfare checks.

*Why were documents missing?*
I have confirmed that CCI's retention schedule for non-staff complaint grievances is five years, absent a litigation hold on those files. I have asked CCI to confirm that the grievances you identified from previous litigation would not have been kept under a litigation hold and are not otherwise in their archives.

## COR
*How many people were involved in the search?*
Four members of the appeals office and the litigation coordinator conducted this search.

*How many hours did they work?*
The search took three full days with all staff searching.

*How many documents did they review?*
COR staff reviewed all scanned grievances, all paper grievances (staff complaints are not scanned), the electronic Inmate Appeals Tracking System, and archived grievances that were accepted or rejected for each lockup unit, starting in April 2014 (when Guard One was implemented at COR).

*What did they flag as responsive?*
The reviewers reviewed each individual grievance visually for any grievance that involved welfare checks.

*Why were documents missing?*
Not applicable.

## PBSP
*How many people were involved in the search?*
Two members of the appeals office conducted this search.

*How many hours did they work?*
The search took approximately 24 hours total.

*How many documents did they review?*
The reviewers searched the appeal tracking system and physical archives going back to 2014, finding the majority of the complaints under living conditions with some in staff complaints.

*What did they flag as responsive?*
After narrowing down the documents by category and year, the reviewers checked each grievance visually for any that involved noise made by Guard One checks or welfare checks.

*Why were documents missing?*
The documents you identified were found in the original search, but due to a miscommunication with coordinating staff at CDCR headquarters, they were not provided to defense counsel for Defendants' original production.

## SAC
*How many people were involved in the search?*
The appeals coordinator conducted this search.

*How many hours did they work?*
The search took approximately 8 hours.

3

*How many documents did they review?*
The appeals coordinator reviewed scanned archive appeals and the inmate appeal tracking system in the identified grievance categories.

*What did they flag as responsive?*
The appeals coordinator searched for all grievances in the requested categories with the terms "pipe," "Guard One," or "check."

*Why were documents missing?*
Not applicable.


It remains my sincere hope that we can resolve this discovery dispute without court intervention.  Please let me know if you would like additional information related to the methodology of the search conducted by each institution.

Lucas L. Hennes
Deputy Attorney General
Office of the Attorney General, Correctional Law Section
1300 I Street, Sacramento, CA 95814
Phone: (916) 210-7323
Fax: (916) 324-5205
lucas.hennes@doj.ca.gov


CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.
NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.
NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.