UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No.  2:90-cv-0520 KJM DB P |
| Plaintiffs, | |
| v. | ORDER |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

        This matter is set for the second regular quarterly status conference of this year on July 17, 2020 at 10:00 a.m.  For the reasons explained below, and good cause appearing, the parties will be directed to file, on or before July 15, 2020, briefing responsive to the following questions, identifying issues that will appear on the agenda for the status conference.  The issues may frame the court's consideration of how best to resume Program Guide enforcement, including but not limited to enforcement of its orders regarding compliance with defendants' 2009 staffing plan, under the circumstances the state's prisons are facing with the extremely troubling advance of the COVID-19 pandemic.

        1.    Whether increased clustering of members of the plaintiff class, particularly at the Enhanced Outpatient Program (EOP) and higher levels of care, is a feasible option for achieving full and durable compliance with the Program Guide and

      other remedial requirements of this action sooner rather than later, given that clustering could be expected to reduce the need for transfers within the prison system to achieve compliance. The briefing on this issue should include discussion of available clustering options and whether any of those options can be achieved during the COVID-19 pandemic through application of best practices defined by reputable public health authorities. In considering this issue, in addition to any other matter the parties may brief, they should address whether *Plata v. Brown*, 427 F.Supp.3d 1211 (N.D. Cal. 2013), serves as authority for the proposition that this court sitting as a single judge court may sua sponte enter an order directing defendants to submit a clustering plan and to order implementation of that plan at such time as best public health practices indicate it is safe to do so.

2. Whether defendants are or soon will be planning for additional voluntary releases or sentencing reforms that would reduce the size of the plaintiff class in sufficient numbers to achieve full and durable compliance with the Program Guide and other remedial requirements of this action sooner rather than later. If defendants are so planning, do they have a targeted occupancy rate for which they are aiming that will facilitate compliance concurrently with implementation of best practices in management of COVID-19.

3. If the answer to the second question above is no, and if Program Guide compliance cannot be achieved without a greater number of population reductions than currently planned, whether this court should sua sponte request the convening of a three-judge court to consider entry of a prisoner release order specifically directed to reduce the number of *Coleman* class members in the California Department of Corrections and Rehabilitation. *See* 18 U.S.C. § 3626(a)(3)(D) (" If the requirements under subparagraph (A) have been met, a Federal judge before whom a civil action with respect to prison conditions is pending who believes that a prison release order should be considered may sua

2

sponte request the convening of a three-judge court to determine whether a prisoner release order should be entered."); *see also* 18 U.S.C. § 3626(a)(3)(A) (setting out requirements that "(i) a court has previously entered an order for less intrusive relief that has failed to remedy the deprivation of the Federal right sought to be remedied through the prisoner release order; and (ii) the defendant has had a reasonable time to comply with the previous court orders"). Here, "the previous order requirement of § 3626(a)(3)(A)(i) was satisfied . . . by appointment of a Special Master in 1995 . . . [which was] intended to remedy the constitutional violations . . . [and which has] been given ample time to succeed." *Brown v. Plata*, 563 U.S. at 514. The parties may, as appropriate, include their discussion of the requirements of 18 U.S.C. § 3626(a)(3)(A) in the briefing required by this order.

IT IS SO ORDERED.

DATED: July 2, 2020.

CHIEF UNITED STATES DISTRICT JUDGE

3