UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiff,<br><br>v.<br><br>GAVIN NEWSOM, et al.,<br><br>Defendants. | No. 2:90-cv-0520 KJM DB P<br><br><br><br>ORDER |

Plaintiff/Intervenor Christopher Lipsey's motions to compel and for sanctions came on for hearing July 10, 2020 before the undersigned. Due to the courthouse closure required by the COVID-19 pandemic, the hearing was conducted by Zoom teleconference. See General Order 618. Attorney Kate Falkenstein appeared for Mr. Lipsey. Deputies Attorney General Lucas Hennes and Elise Thorn appeared for defendants. For the reasons set forth below, this court grants both motions.

**BACKGROUND**

On February 27, 2020, Chief Judge Mueller granted Mr. Lipsey's motion to intervene in this case "for the limited purpose of addressing his claim that Guard One causes sleep deprivation in violation of the Eighth Amendment to the United States Constitution." (ECF No. 6487 at 3.) Lipsey also moved for a temporary restraining order to limit the prison's use of Guard One. After a hearing on the motion, Chief Judge Mueller permitted Lipsey to conduct discovery:

> Having granted permissive intervention for Lipsey, and having considered defense counsel's representation that it would take significant time for the defendants to compile relevant information given their other pressing obligations in this case, the court hereby GRANTS Lipsey and his counsel the right to conduct limited discovery to obtain information from which to identify the administrative complaints filed by both *Coleman* class members and non-class member inmates related to the use of Guard One at all CDCR institutions where it is currently in use. This limited discovery shall proceed on an expedited schedule: plaintiff-intervenor may propound written discovery requests, and responses shall be due within fourteen days.

(ECF No. 6487 at 4.) Lipsey served discovery the following day. That discovery is the subject of Lipsey's motion to compel.

Lipsey originally sought in discovery all complaints about sleep deprivation at all CDCR institutions. (See Jt. Stmt. (ECF No. 6746 at 2).) On March 13, defendants filed a motion for a protective order in which they argued primarily that the discovery sought was overbroad and burdensome. (ECF No. 6501.) During their meet and confer on the motion, on March 18, the parties agreed to narrow the discovery to four categories[1] of complaints about Guard One in the security housing units ("SHUs") in four prisons[2] from 2012 to the present. Defendants then withdrew the motion for a protective order. (See Ex. F to Jt. Stmt. (ECF No. 6746-7).)

The parties agreed that defendants would provide Lipsey with the discovery by April 19. (ECF No. 6746-7 at 2-3.) In March, defendants provided 253 pages of grievances from CSP-Corcoran. On April 10, defendants' counsel requested a one-week extension of the April 19 deadline for the remaining responsive documents. He cited the limitations on prison staffing resulting from the COVID-19 pandemic. (Id. at 2.) Lipsey's counsel agreed to the one-week extension. (Id. at 1.) On April 27, defendants provided Lipsey with documents described as "all documents responsive to your discovery requests." (See Ex. G to Jt. Stmt. (ECF No. 6746-8 at

---

[1] Those categories are: "Issue/Other," Living Conditions," "Segregation," and "Staff Complaints." The parties agreed that the first three categories would encompass prisoners' initial grievances (the first level of review) and that staff complaints, which typically bypass the first level of review, would be searched at the second level of review. (See ECF No. 6746-7 at 4.)

[2] Those four prisons are Pelican Bay State Prison ("PBSP"), California Correctional Institution ("CCI"), California State Prison-Corcoran ("CSP-Corcoran"), and California State Prison-Sacramento ("CSP-Sac").

2

2).) Specifically, they provided:  (1) 30 grievances from CSP-Corcoran, some of which were duplicates of those submitted previously; (2) three grievances from CCI; (3) nine grievances from PBSP; and (4) eight grievances from CSP-Sac.  (See ECF No. 6746 at 4.)

Based on a filing in the present case, Lipsey's counsel knew that CDCR had identified more than nine grievances regarding the use of Guard One at PBSP.  (See Ex. H to Jt. Stmt. (ECF No. 6746-9).)  On May 12, Lipsey's counsel informed defendants that the production appeared to be missing documents from PBSP.  After looking into the matter, defendants' counsel explained that due to a miscommunication, complaints filed in 2014 and 2015 had not been included from PBSP.  On May 22, they provided 86 new complaints from PBSP signed by 325 more inmates. (See ECF No. 6746 at 5.)

Lipsey's counsel detected a similar problem later regarding the production of complaints from CCI.  Based on filings in a separate case in this court challenging Guard One's use at CCI, Lipsey's counsel again advised defendants' counsel about apparent missing documents.  After defendants' counsel looked into the problem, he provided Lipsey with an additional 289 complaints.  The reason this time was that the newly-found complaints had been stored separately.  (Ex. S to Jt. Stmt. (ECF No. 646-20).)

On May 29, Lipsey filed the present motion to compel.  (ECF No. 6691.)  In addition, Lipsey seeks sanctions.

## MOTION TO COMPEL

Lipsey seeks descriptions of the methods for storing grievances at each prison and the steps taken to assure that all documents responsive to his discovery request, as modified by the parties' agreement, were provided.  In addition to the two, very significant, sets of documents from PBSP and CCI that were only provided after Lipsey's counsel pointed out problems, Lipsey notes other indications that responsive documents have not been turned over.

- First, by CDCR's own calculations, 87 complaints were filed at PBSP prior to September 22, 2015.  (See Ex. H to Jt. Stmt. (ECF No. 6746-9).)  However, defendants have provided Lipsey with only 76 complaints for that time period.

////

3

- Second, every grievance produced from 2014-15 at PBSP had been appealed to the second level. As Lipsey points out, it is unlikely that every first-level grievance was appealed.
- Third, all but one of the grievances produced from 2016-present at PBSP bypassed the first level of review. However, only grievances in one of the four categories to be searched—staff complaints—bypass the first level of review. Lipsey argues that it is unlikely every responsive complaint was a staff complaint. It is reasonable to think that the other three categories of grievances may not have been searched.

Defendants' counsel argues that the two sets of missing documents from PBSP and CCI were simply not provided due to the explained errors. He stated at the hearing that it was his "understanding" that Lipsey now has all documents responsive to his discovery request. However, defendants make no attempt to address the other issues Lipsey raised demonstrating the likelihood that there are other complaints that were not provided.

Defendants also complain that Lipsey's request is overbroad. Defendants had every right to make that objection initially. And, they did so in their motion for a protective order. However, when the parties negotiated a resolution to defendants' motion, and it was then withdrawn, defendants waived any right to raise the overbreadth issue a second time. In fact, when defendants requested additional time to provide Lipsey with discovery responses based on difficulties due to COVID-19 shutdowns, they did not seek any limitation on the discovery. Defendants made an agreement to provide certain documents to Lipsey and represented that they had done so. That representation turned out to be made in error. Lipsey has shown reason to believe that error has not been fully remediated.

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule

of Civil Procedure 16.'" Hunt v. Cnty. of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

Chief Judge Mueller found that Lipsey was entitled to discovery regarding the effect of Guard One on other inmates. Lipsey propounded discovery; the parties agreed to limit that discovery; and defendants failed to fully respond to the agreed-upon discovery. While defendants have provided Lipsey with documents that Lipsey determined were missing, defendants, not Mr. Lipsey, are responsible for providing complete discovery responses. Given the errors that have been remedied and the unanswered questions about other missing documents, it is reasonable to find there are responsive documents that have not been provided to Lipsey.

At this juncture, the court finds it necessary to require defendants to provide a declaration from the official at each of the four prisons with the most knowledge about both the method for maintaining grievances and the search that was conducted. See Rawcar Group v. Grace Medical, Inc., No. 13cv1105-H (BLM), 2013 WL 12076572, at *3 (S.D. Cal. Dec. 16, 2013) (Court required defendants' corporate officers to provide declarations regarding the search for responsive documents where the defendants failed to provide full responses and failed to provide any "good cause or substantial justification for their failure to properly respond to the document requests.").

Defendants did provide limited information about the searches conducted. However, that information was not sufficient to determine whether a thorough search for responsive documents was, in fact, conducted and why many so documents were not collected. This court notes that the result of gathering this information may be a requirement that the searches for responsive documents be conducted again.

**MOTION FOR SANCTIONS**

A party succeeding on a motion to compel may be awarded fees unless the moving party failed to make a good faith effort to resolve the issue informally or the opposing party's nondisclosure was "substantially justified." See Fed. R. Civ. P. 37(a)(5). Lipsey argues that defendants' refusal to provide detailed information about the searches conducted demonstrates their bad faith in responding to discovery. Defendants argue sanctions should not be awarded because Lipsey failed to make a good faith effort to resolve the issues raised by his motion.

However, defendants make no attempt to address the issues raised by Lipsey which demonstrate that there are responsive documents that were not provided. Nor have defendants made any assurance that every possible, and reasonable, avenue was taken to locate responsive documents. In fact, defendants describe Lipsey's descriptions of problems with the searches as "perceived deficiencies." (ECF No. 6746 at 18.) Lipsey has shown that defendants did not and have not provided all responsive documents. Lipsey has shown actual deficiencies in the searches conducted, not simply perceived ones.

This court recognizes that restrictions on staffing and access due to the COVID-19 pandemic made defendants' search for responsive documents more difficult. However, defendants were provided far more time than the two weeks originally ordered by Chief Judge Mueller to respond to the discovery. Moreover, they represented on April 27 that they had provided Lipsey with "all" responsive documents. They did not then cite any concern that pandemic-related restrictions may have made their searches less thorough. The facts that Lipsey then determined that two of the four prisons failed to provide a very significant number of responsive documents, and has further determined that PBSP has still failed to turn over all responsive documents, reasonably lead to the conclusion that thorough searches were not conducted.

Mr. Lipsey filed a motion for a temporary restraining order on February 14, 2020. (ECF No. 6462.) In late February, Chief Judge Mueller ordered discovery to be provided on an expedited schedule. She issued that order over four months ago. Defendants have consistently expressed no concern about the less-than-adequate searches conducted. Further, this court finds it surprising that prison officials and defendants' counsel were not aware that the submission of additional grievances for PBSP was incomplete and that CCI had far more than the few complaints originally identified. Counsel should also have been aware that the original disclosure from PBSP could not be correct since it did not include any grievances from 2014 or 2015. That information was available in this case. Lipsey's motion to intervene mentioned the other cases challenging Guard One that are pending in this court (ECF No. 6389 at 7) and that in 2015 concerns were raised about the use of Guard One at PBSP based on inmate complaints about

6

1  noise (id. at 11; see also ECF No. 5487). This court has reason to believe defendants'
2  representation on April 27 that all responsive documents had been provided to Lipsey was not
3  made in good faith. See Blumenthal Distrib., Inc. v. Herman Miller, Inc., No. ED CV 14-1926-
4  JAK (SPx), 2016 WL 6609208, at *14 (C.D. Cal. July 12, 2016) (where facts showed search
5  conducted was clearly inadequate, court found "strong reason to believe [plaintiff] was also not
6  acting in good faith when it certified that . . . its production was complete"), rep. and rec. adopted,
7  2016 WL 6901696 (C.D. Cal. Sept. 2, 2016).

8  It is not Lipsey's obligation to determine what defendants have missed. It was
9  defendants' obligation to conduct a thorough search. They represented that they had done so and
10 have refused to conduct further searches. This court finds an award of sanctions, in the amount of
11 plaintiff's counsel's attorneys' fees to bring this motion, reasonable and justified.

12 For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as
13 follows:

14 1. Lipsey's motion to compel (ECF No. 6691) is granted. Within ten days of the date of
15 this order, defendants shall file a declaration from the official (or officials) at each of the four
16 prisons at issue – PBSP, CCI, CSP-Sac, and CSP-Corcoran – who has the most knowledge about
17 the maintenance and storage of prisoner grievances and the search that was conducted to provide
18 documents responsive to Lipsey's discovery. Each declaration must address the following:

19 a. What is your understanding of the discovery you were required to provide in
20 response to Mr. Lipsey's request?

21 b. How and where are the grievances responsive to Lipsey's request maintained?
22 Please explain all possible locations of any responsive documents.

23 c. Have any grievances that might be responsive to this discovery been destroyed?
24 If documents were destroyed, please explain how and why they were destroyed. If
25 documents were destroyed pursuant to prison policy, what is that policy?

26 d. Explain specifically what was done to respond to Mr. Lipsey's discovery
27 requests. Please include the method for locating all possibly relevant grievances and the
28 method used to review grievances to determine if they involved the use of Guard One.

1       e. State whether every responsive document was provided to Mr. Lipsey and
2    explain the basis for that statement.
3    2.  Mr. Lipsey's motion for sanctions (ECF No. 6691) is granted in the amount of the
4    reasonable attorneys' fees incurred to bring this motion.  Within ten days of the date of this order,
5    Lipsey shall file a statement of the attorneys' fees incurred, including the bases for that
6    calculation.  Within ten days thereafter, defendants may file a response.
7    Dated:  July 13, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/cole0520.lipsey mtc or