REICHMAN JORGENSEN LLP
SHAWNA BALLARD, State Bar No. 155188
KATE FALKENSTIEN, State Bar No. 313753
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Fax: (650) 623-1449
Email: sballard@reichmanjorgensen.com
        kfalkenstien@reichmanjorgensen.com

*Attorneys for Plaintiff-Intervenor Christopher Lipsey*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.** | Case No. 2:90-cv-00520 KJM DB P |
| Plaintiffs, | **PLAINTIFF-INTERVENOR CHRISTOPHER LIPSEY'S STATEMENT OF ATTORNEY'S FEES INCURRED TO BRING MOTION TO COMPEL** |
| v. | |
| **GAVIN NEWSOM, et al.,** | |
| Defendants. | |

1    Plaintiff-Intervenor Christopher Lipsey filed a motion to compel on May 29, 2020. *See* Dkt.
2  6691. After holding a hearing on July 10, *see* Dkt. 6755, the Court granted Lipsey's motion on May
3  14, *see* Dkt. 6756. The Court granted Lipsey's request for sanctions "in the amount of the reasonable
4  attorneys' fees incurred to bring" the motion to compel. Dkt. 6756 at 8. The Court ordered Lipsey to
5  file "a statement of the attorneys' fees incurred, including the bases for that calculation." *Id.* Lipsey
6  hereby files the requested information on his attorney's fees.

7    "Generally, the Ninth Circuit has adopted a two-part lodestar approach for assessing the
8  amount of reasonable attorney's fees." *I.R. v. City of Fresno*, No. 1:12-CV-558 AWI GSA, 2013 WL
9  2404775, at *6 (E.D. Cal. May 31, 2013). "Under the lodestar method, the district court multiplies
10 the number of hours the prevailing party reasonably expended on the litigation by a reasonable
11 hourly rate." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (quotation and
12 internal quotation marks omitted). "[O]nly in rare circumstances should a court adjust the lodestar
13 figure, as this figure is the presumptively accurate measure of reasonable fees." *Ballen v. City of*
14 *Redmond*, 466 F.3d 736, 746 (9th Cir. 2006).

15   Here, counsel's hourly rates and hours expended are both reasonable and supported by
16 evidence, including attorney time records and a declaration from counsel. Based on the lodestar
17 calculation and these records, Lipsey requests that the Court order Defendants to pay $12,203.10.

18   **I.    HOURS INCURRED TO BRING THE MOTION TO COMPEL**

19   "The prevailing party has the burden of submitting billing records to establish that the
20 number of hours it has requested are reasonable." *Gonzalez*, 729 F.3d at 1202. "The number of hours
21 to be compensated is calculated by considering whether, in light of the circumstances, the time could
22 reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111
23 (9th Cir. 2008). "By and large, the court should defer to the winning lawyer's professional judgment
24 as to how much time he was required to spend on the case; after all, he won, and might not have, had
25 he been more of a slacker." *Id.* at 1112.

26   Lipsey has submitted time records as Exhibit A to the Declaration of Kate Falkenstien, his
27 counsel. The specific tasks completed on each day, and the corresponding time entries, are available
28 in Exhibit A to Ms. Falkenstien's declaration. Her declaration also includes a summary chart,

indicating that she spent 13.1 hours reviewing Defendants' discovery responses and conferring with their counsel, 30.4 hours writing Lipsey's portion of the joint statement, 5.6 hours preparing for and attending the hearing, and 5.5 hours on this briefing regarding fees. *See* Falkenstien Decl., ¶ 6.

These hours were reasonable in light of the importance and complexity of the issues at stake in Lipsey's motion to compel. In terms of importance, Lipsey's motion compels discovery bearing on his pending motion for a temporary restraining order, which seeks to redress ongoing unconstitutional sleep deprivation. This motion was necessary to demonstrate to the court the scope of the sleep deprivation problem, which affects many hundreds of inmates' constitutional rights. In terms of complexity, this discovery dispute required counsel to review over 2,500 pages of produced grievances—in enough detail to recognize the abnormalities in Defendants' productions. Counsel also reviewed productions and filings in other related cases in order to prove that documents were missing from Defendants' productions. Additionally, counsel drafted several detailed letters to Defendants' counsel in an attempt to work out the dispute without necessitating a formal motion. *See* Dkt. 6746.10; Dkt. 6746.18.

Moreover, much of this complexity—and thus, many of the hours spent on this motion to compel—is attributable to Defendants' own shifting positions, which repeatedly required further meet-and-confer conferences and revisions to already-drafted briefs. For example, Defendants initially refused to identify the *Coleman* class membership of inmates who signed on to group complaints, claiming they did not track that information. *See* Falkenstien Decl., Ex. B. After counsel drafted a portion of the joint discovery statement on this issue, Defendants provided the information they had previously claimed was unavailable, rendering the briefing on that issue moot and requiring counsel to revise the briefing. *Id.*; *see also* Falkenstien Decl., Ex. C. Similarly, Defendants initially refused to answer counsel's questions about their search methodology, requiring counsel to file a motion to compel and draft the opening portion of the joint discovery statement. *See* Dkt. 6747, Ex. B. After counsel drafted Lipsey's opening portion of the joint discovery statement, Defendants decided to answer some of Lipsey's methodological questions after all. *See* Dkt. 6746.17. They then demanded that Lipsey again revise the opening portion of the brief to address the newly disclosed information. *Id.* Defendants also produced additional documents after briefing had been written. *See* Dkt. 6746.20.

Defendants' changing positions required counsel to spend significant additional time conferring with Defendants' counsel and revising the joint discovery statement. When the requested fees "include[] tasks that would not have been necessary had [the opposing party's] attorneys acted reasonably," that party is "responsible for the hours being higher than one might expect to see in a routine motion to compel." *Estate of Crawley v. Kings Cty.*, No. 1:13-CV-02042-LJO, 2015 WL 4508642, at *2 (E.D. Cal. July 24, 2015).

Finally, counsel's work on the motion to compel was leanly staffed. Ms. Falkenstien alone completed all of the work. The project was not staffed with any unnecessarily senior attorneys who command higher hourly billing rates, and counsel has not requested any fees for time spent conferring internally with a larger legal team. Moreover, Lipsey prevailed in full on his motion; none of the hours spent on this project were wasted on losing issues.

Courts regularly find it reasonable to spend similar or greater numbers of hours bringing motions to compel. *See, e.g.*, *Morgan Hill Concerned Parents Ass'n v. California Dep't of Educ.*, No. 2:11-CV-03471-KJM-AC, 2017 WL 2492850, at *3 (E.D. Cal. June 9, 2017) (awarding more than 250 hours of time for bringing a motion to compel); *Tandel v. Kings Arco Arena Ltd. P'ship*, No. 2:10-CV-03027-LKK, 2012 WL 244151, at *2 (E.D. Cal. Jan. 25, 2012) (finding 44 hours reasonable for bringing a motion to compel); *Prasad v. Cty. of Sutter*, No. 2:12-CV-00592-TLN, 2013 WL 3773894, at *4 (E.D. Cal. July 17, 2013) (awarding $18,000 in fees at a rate of $445/hour, for a total of just over 40 hours of work on a motion to compel); *Heilman v. Cherniss*, No. 2:11-CV-0042-JAM-EFB-P, 2019 WL 265108, at *3 (E.D. Cal. Jan. 18, 2019) (finding it reasonable to spend 38 hours drafting joint discovery statement, and 5 hours preparing for the related hearing); *Pakootas v. Teck Cominco Metals, Ltd.*, No. CV-04-256-LRS, 2011 WL 13113455, at *1 (E.D. Wash. Feb. 11, 2011) (finding 50 hours reasonable for bringing a motion to compel). Here, counsel had to review a large document production in detail, cross-reference the production with filings and produced documents in related cases to identify Defendants' mistakes, write briefs on these issues, and represent Mr. Lipsey at a hearing. The time counsel spent for those tasks was reasonable.

## II. COUNSEL'S HOURLY RATE

The reasonable hourly rate is normally "calculated according to the prevailing market rates in the relevant community, taking into consideration the experience, skill, and reputation of the attorney." *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005) (internal citation and quotation marks omitted). "The prevailing market rate in the community is indicative of a reasonable hourly rate." *Jordan v. Multnomah Cty.*, 815 F.2d 1258, 1262 (9th Cir. 1987). However, in cases brought by prison inmates under Section 1983, "the hourly rate used as a basis for the fee award is limited to 150 percent of the hourly rate used to pay counsel appointed under the Criminal Justice Act." *Heilman v. Cherniss*, No. 2:11-CV-0042-JAM-EFB-P, 2019 WL 265108, at *2 (E.D. Cal. Jan. 18, 2019) (citing 42 U.S.C. § 1997e(d)(3)); *see also Webb v. Ada Cty.*, 285 F.3d 829, 837 (9th Cir. 2002) (holding that the cap applies to discovery sanctions). The capped rate is currently $223.50 per hour. *See* Dkt. 6738 (awarding plaintiffs' class counsel $223.50 per hour); *Graves v. Penzone*, No. CV-77-00479-PHX-NVW, 2020 WL 1984022, at *6 (D. Ariz. Apr. 27, 2020) (explaining calculation of $223.50 per hour rate).

Lipsey requests the maximum rate of $223.50 per hour for Ms. Falkenstien's work. Ms. Falkenstien ordinarily charges $550 per hour. Thus, the maximum rate permitted by statute is approximately half of counsel's standard rate, and is reasonable given her experience and education, the complexity of this case and motion, and prevailing market rates for attorneys with similar qualifications and for similar complex litigation. Counsel's qualifications are set forth in her declaration. *See* Falkenstien Decl., ¶ 7.

Counsel's requested rates are well below those approved by this Court in other recent cases not subject to the statutory cap. Other Eastern District courts have awarded fees at a rate of $350 per hour or more. *See, e.g.*, *Tandel*, 2012 WL 244151, at *2 (E.D. Cal. Jan. 25, 2012) (awarding up to $375 per hour); *Estate of Crawley*, 2015 WL 4508642, at *7 (awarding $330 per hour); *Miller v. Schmitz*, No. 1:12-CV-00137-LJO, 2014 WL 642729, at *3 (E.D. Cal. Feb. 18, 2014), vacated on other grounds, 654 F. App'x 261 (9th Cir. 2016) (finding that "an hourly rate in the range of $350 to $400 is reasonable for experienced attorneys"); *Willis v. City of Fresno*, No. 1:09-CV-01766-BAM, 2014 WL 3563310, at *11 (E.D. Cal. July 17, 2014), adhered to on reconsideration, No. 1:09-CV-

01766-BAM, 2014 WL 4211087 (E.D. Cal. Aug. 26, 2014), and aff'd, 680 F. App'x 589 (9th Cir. 2017) (collecting cases awarding fees at rates up to $380 per hour); *Silvester v. Harris*, No. 1:11-CV-2137 AWI SAB, 2014 WL 7239371, at *1 (E.D. Cal. Dec. 17, 2014) ("Case law and related declarations in other cases indicates that a rate of $350 per hour for the lead attorneys is appropriate."); *Frank v. Wilbur-Ellis Co. Salaried Employees Ltd Plan*, No. CV-F-08-284-LJO-GSA, 2009 WL 2579100, at *5 (E.D. Cal. Aug. 19, 2009) (awarding $350 per hour). For attorneys with fewer than ten years of experience, courts in this district have awarded up to $300 per hour, especially when the junior attorney served as lead counsel. *See Willis*, 2014 WL 3563310, at *11 (collecting Eastern District cases). Plaintiffs' class counsel, regardless of seniority, have all been compensated at a rate of $223.50 per hour. *See* Dkt. 6708 (requesting fees for all counsel at that rate); Dkt. 6738 (order awarding requested fees).

Further bolstering the reasonableness of a $223.50 per hour rate, other courts have awarded Ms. Falkenstien fees at a significantly higher rate. *See, e.g.*, *Arconic Inc. v. Universal Alloy Corp.*, No. 1:15-cv-01466-ELR (N.D. Ga.), Dkt. 540.1, ¶ 22 (requesting $445 per hour for Ms. Falkenstien's work in 2018); Dkt. 690.2, ¶ 30 (declaration reflecting Ms. Falkenstien's current hourly rate is $550 per hour); Dkt. 747 (order adopting special master's report and awarding requested fees). And Ms. Falkenstien's other clients routinely pay $550 per hour for her work. The time spent on this discovery dispute directly traded off with counsel's ability to work on other cases at her ordinary billing rate.

**CONCLUSION**

In sum, Lipsey's requested attorney's fees are reasonable both as to the hourly rate and the hours expended. Lipsey respectfully requests that the Court order that Defendants pay $12,203.10 for attorneys' fees incurred in bringing the motion to compel.

Dated: July 23, 2020

Respectfully submitted,
/s/ *Kate M. Falkenstien*

REICHMAN JORGENSEN LLP
Shawna L. Ballard (SBN 155188)
Kate Falkenstien (SBN 313753)
100 Marine Parkway, Suite 300
Redwood Shores, California 94065
Telephone: (650) 623-1401
Fax: (650) 623-1449
sballard@reichmanjorgensen.com

kfalkenstien@reichmanjorgensen.com

*Attorneys for Plaintiff-Intervenor Christopher Lipsey*