XAVIER BECERRA
Attorney General of California
MONICA N. ANDERSON
Senior Assistant Attorney General
ADRIANO HRVATIN
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
TYLER V. HEATH, State Bar No. 271478
KYLE A. LEWIS, State Bar No. 201041
LUCAS HENNES, State Bar No. 278361
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7323
 Fax: (916) 324-5205
 E-mail: Lucas.Hennes@doj.ca.gov
*Attorneys for Defendants*

ROMAN M. SILBERFELD, State Bar No. 62783
GLENN A. DANAS, State Bar No. 270317
ROBINS KAPLAN LLP
 2049 Century Park East, Suite 3400
 Los Angeles, CA 90067-3208
 Telephone: (310) 552-0130
 Fax: (310) 229-5800
 E-mail: RSilberfeld@RobinsKaplan.com
*Special Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GAVIN NEWSOM, et al., <br><br> Defendants. | 2:90-cv-00520 KJM-DB (PC) <br><br> **DECLARATION OF J. CEBALLOS RESPONDING TO JULY 14, 2020 ORDER** |

I, J. Ceballos, declare:

1. I am employed by the California Department of Corrections and Rehabilitation (CDCR) as a Correctional Counselor II at the California State Prison, Corcoran (CSPC) in Corcoran, California. Since November 19, 2018, I have acted as the Grievance Coordinator at CSPC. I have personal knowledge of the information set forth in this declaration, and if called upon to testify as to this information, I could and would do so.

1

Ceballos Decl. Resp. July 14 Order (2:90-cv-00520 KJM-DB (PC))

2. I am aware that the Court ordered CDCR to provide information regarding the search conducted for documents responsive to Plaintiff-Intervenor Lipsey's discovery requests. This declaration sets forth my answers to the Court's questions.

3. *What is your understanding of the discovery you were required to provide in response to Mr. Lipsey's request?* Per the instructions provided by the Deputy Director of Facility Support, Division of Adult Institutions, on March 6, 2020, to the CSPC Office of Grievances (OOG), the CSPC OOG was tasked with searching for all inmate grievances received for issues related to Guard One checks at CSPC. The OOG was instructed to provide a count of the total appeals found and copies of each appeal.

4. *How and where are the grievances responsive to Lipsey's request maintained? Please explain all possible locations of any responsive documents.* The OOG retains scanned copies of all appeals submitted that have been rejected, cancelled, or answered by CSPC staff. The appeals are retained in an electronic share folder accessible to the OOG staff. The answered appeals are also sent to the CSPC Records Department for scanning into the Electronic Records Management System (ERMS), which is an electronic data base utilized to retain pertinent documents concerning the inmates case factors. For inmate grievances asserting staff complaints regarding Guard One that are older than five years, we contacted CSPC's Litigation Office to conduct a check of that office's archived staff complaints in 2014.

Appeals processed as staff complaints as determined by the Hiring Authority are not scanned; we retain physical copies within the OOG for five years. After the five-year period, they are sent to the Litigation Office for archived retention. When we received instructions to address Lipsey's request, we manually reviewed each staff complaint within the OOG for any Guard One-related issues dating back to 2015. Since the OOG only retains physical copies of staff complaints for five years, the remainder were sent to the Litigation Office, and Litigation Coordinator D. Goree was tasked with conducting a check of their archived files for grievances in 2014.

5. *Have any grievances that might be responsive to this discovery been destroyed? If documents were destroyed, please explain how and why they were destroyed. If documents were*

2

*destroyed pursuant to prison policy, what is that policy?* To my knowledge, no appeals related to Lipsey's request have been destroyed. The Guard One checks were implemented at CSPC in April 2014. The OOG has scanned copies of the requested appeals for the date range at issue (i.e., from 2013 to present), while staff complaints are maintained by CSPC's Litigation Office for the same period.

      6.    *Explain specifically what was done to respond to Mr. Lipsey's discovery requests. Please include the method for locating all possibly relevant grievances and the method used to review grievances to determine if they involved the use of Guard One.* OOG staff generated appeal reports for the following housing units Facility 4A, 4B, ASU, 3A03, and 3A04. These units were identified as the segregated housing units where the Guards One checks were conducted as required by CDCR policy. The reports generated for these units focused on appeals involving issues with Staff Complaints, Living Conditions, and Program issues, as requested. After reviewing Program Issue related appeals from the years 2014 to 2015 and finding no Guard One appeals in that range, I discovered that CSPC did not classify Guard One issues under that category, and we subsequently narrowed our search to Living Conditions and Staff Complaints. Once we generated each report for the noted types of appeals, OOG staff members—including myself, P. Williams, K. Field, and E. Jarvis—were given designated years to review for grievances response to Lipsey's requests. We identified each appeal by log number on the list, located each appeal in the OOG share folder or inmates' ERMS files, and read each appeal to identify if it related to Guard One. The Litigation Office conducted their search within their archived files. Each appeal that my OOG team members found regarding Guard One was scanned into an electronic folder and sent to Headquarters to provide to Lipsey.

      7.    *State whether every responsive document was provided to Mr. Lipsey and explain the basis for that statement.* To my knowledge, all responsive documents from CSPC have been provided to Mr. Lipsey. After the original search was completed from March 9, 2020 to March 12, 2020, all appeals found in relation to the Guard 1 checks were scanned and provided to the staff requesting the information.

3

Ceballos Decl. Resp. July 14 Order (2:90-cv-00520 KJM-DB (PC))

1.     On June 12, 2020, following a June 11, 20202, teleconference with the Office of the Attorney General and CDCR staff assigned to this matter, I was instructed to conduct a subsequent review of the appeals falling under the "Program" category dated April 2014 to present date, and I used the same approach described above to identify any potentially responsive material. That is, I generated reports for all appeals categorized as Program issues for the years 2014 to present day and began a physical search of each appeal found for the housing units were Guard One checks were conducted (Facility 4A, 4B, ASU, 3A03, and 3A04). The content for each appeal found was reviewed to identify any Guard One issues. This review was conducted to ensure we had not missed any Guard One appeals that were erroneously categorized in the Program category. I performed this further search for responsive documents for the years 2014-2020 under the "Program" appeals category, and did not locate any appeals related to Guard One.

    I declare under penalty of perjury that the foregoing is true. Executed this 22-day of July, 2020 at Corcoran, California.

J. Ceballos

CF1997CS0003
34245416.docx

4

Ceballos Decl. Resp. July 14 Order (2:90-cv-00520 KJM-DB (PC))