UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, et al.,<br><br>Defendants. | No. 2:90-cv-0520 KJM DB P<br><br><br><br><br>ORDER |

In light of the parties' pending stipulations relating to operation of the Program Guide during the COVID-19 pandemic, and ongoing developments affecting overlapping classes of inmates in the California prisons, the court issues this order addressing the Program Guide stipulations and directing the parties to provide focused briefing to clarify certain time-sensitive matters related to the *Coleman* class given the impending creation of quarantine spaces in each California prison.

Program Guide Stipulations

In an order filed April 10, 2020, the court ordered defendants to file a strategic plan including "objectives and timelines for defendants' plans for housing of Coleman class members . . . , including those most at risk for COVID-19," directing that the plan "should also provide for continuity of mental health care, including access to clinically indicated levels of

1

1 mental health care and attendant programming as outlined in the Program Guide." ECF No. 6600
2 at 2.  On April 16, 2019, defendants filed what they styled as their Strategic COVID-19
3 Management Plan, ECF Nos. 6616 & 6616-1; on April 20, 2020, plaintiffs filed a response, ECF
4 No. 6626; on April 22, 2020, defendants filed a reply, ECF No. 6633.  Following the court's
5 receipt of the defendants' plan, at a status conference with the parties on April 17, 2020, the
6 court's Special Master reported the parties were working under his supervision on a stipulation
7 identifying with specificity temporary departures from certain Program Guide requirements; these
8 temporary departures appeared in defendants' plan as "sub-plans for management of the delivery
9 of mental health care and programming required by the Program Guide during the COVID-19
10 pandemic."  *See* ECF No. 6622 at 2-3.  The court ordered filing of the parties' stipulation by May
11 1, 2020.  *Id.* at 3.  The court approved two joint requests for extension of the May 1st date, ECF
12 Nos. 6650, 6671, with the parties then filing the first of three stipulations on May 20, 2020, ECF
13 No. 6679, and stipulated updates on June 15, 2020, ECF No. 6718, and July 15, 2020, ECF No.
14 6761.  Upon review of the parties' first two filings, on June 2, 2020, the court invited briefing
15 from the parties discussing, as relevant to this order, "the extent to which, if at all, the court can or
16 should approve any measure that falls below Eighth Amendment requirements as those are
17 memorialized in the Program Guide and whether there is any temporary period of time for such
18 measures to remain in place that survives scrutiny under applicable legal standards." ECF No.
19 6700 at 2.  The parties filed responsive briefs on June 16, 2020, ECF Nos. 6724, 6729, and the
20 stipulations and briefing have been submitted since.

21          Having carefully considered the parties' initial stipulation and the two updates
22 filed to date, the court finds many of the provisions of the stipulation and its updates to be vague
23 and in some instances incomplete, without clear implementation details.  *See, e.g.*, ECF No. 6761
24 at 8 (re MHSDS, "Decisions on admission and discharge subject to day-to-day analysis of
25 staffing, individual patient needs, space availability, social distancing, restrictions on movement,
26 quarantine and isolation status, and the degrees of risk when making these decisions."), 10 ("As
27 patients wait for inpatient referrals to process, they may not receive treatment commensurate with
28 their level of care."), 15 ("Increase patient access to loaner electronic appliances"), 27

("Educational programs shall be provided in such a manner as to allow for social distancing, once group activities resume. Until such time, education materials will be provided to housing unit/dorm/cells."). Even if the court were inclined – as it is not -- to recognize the stipulated provisions as a floor below which delivery of mental health care may not fall during the exigencies of the COVID-19 pandemic, the vagueness of the provisions renders monitoring or enforcement of any floor difficult if not impossible. Therefore, rather than approve the stipulations, the court emphasizes that the Program Guide is based in Eighth Amendment requirements for the delivery of mental health care to California's seriously mentally ill prisoners. *See* ECF No. 6700 at 1 and cases cited therein. The Special Master continues to monitor defendants' compliance with the Program Guide, without taking account of any departures, during the ongoing Twenty-Eighth Monitoring Round, which has been extended and adapted to the circumstances created by the COVID-19 pandemic. *See* ECF No. 6512 (Special Master's Report on the Status of The Twenty-Eighth Round of Monitoring and Mental Health Headquarters Monitoring In View of the Coronavirus Pandemic). Departures below the requirements of the Program Guide that provide less access to mental health care than required by the Program Guide likely fall below constitutional minima. Recognizing that plaintiffs have decided not to challenge the departures from the Program Guide laid out in ECF Nos. 6679, 6718 and 6761 for a period of ninety days from the first stipulation's filing, the court continues to expect defendants will comply with the requirements of the Program Guide to the full extent possible while also complying with the best public health practices applicable to those persons in the *Coleman* class under the circumstances of the COVID-19 pandemic. While recognizing the parties have their own plans to meet and confer before the ninety days run, ECF No. 6679 at 6, the court directs the parties to include in their meet and confer and their joint report to be filed by August 18, 2020 their positions on the path to full resumption of Program Guide level mental health care assuming the COVID-19 pandemic has not abated and will not abate for some time.

<u>Impact of Quarantine Space Creation on *Coleman* Class</u>

On July 22, 2020, the presiding district judge in *Plata v. Newsom*, Case No. 4:01-cv-1351-JST (N.D. Cal.), issued an order adopting a modified version of a proposal by defendants

in that case to set aside isolation and quarantine space at California's prison institutions. *Plata*, ECF No. 3401. Among other matters, the order provides:

> [i]n planning for effective isolation and quarantine space, each institution must take into account unique factors that may impact where an incarcerated person can be housed. Examples of these factors include disability, mental health, and restricted housing needs.

*Id*. at 4. The *Plata* court's order requires the identified space to "be vacated or reserved as soon as practicable" and, in any event, not later than twenty-one days for thirty of the prisons and not later than twenty-eight days for the remaining prisons. *Id*. at 3-4. The *Plata* defendants are required to disclose to the plaintiffs in that case and the Receiver "which housing unit of at least 100 beds will be vacated at 30 . . . institutions" within seven days from the date of that order, *id*. at 3, *i.e.* by Wednesday, July 29, 2020, and to make similar disclosures for the remaining prisons within fourteen days of the order, *id*. at 3-4, *i.e.* by Wednesday, August 5, 2020.

Good cause appearing, defendants will be directed to work with the Special Master throughout their process of identification and implementation of the new quarantine bed space to ensure no further harm results to the delivery of mental health care to members of the *Coleman* class. By the deadlines set forth in this order, defendants shall file the following information with this court: (1) Using the most recent monthly maps filed under seal, ECF No. 6777, specific identification of the location of any unit or units at each prison proposed to be vacated to comply with the *Plata* court quarantine space order; (2) Whether any *Coleman* class members reside in any units proposed to be vacated and, if so, how many reside in each unit and what is their mental health classification level; (3) If there are *Coleman* class members who defendants propose to move, where do defendants propose to move them and what level of mental health care will they receive in their proposed new location.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants shall continue to comply with the requirements of the Program Guide to the full extent possible consistent with public health best practices for

members of the *Coleman* class in the circumstances of the COVID-19 pandemic.[1]

2. Defendants shall work with the Special Master throughout the process of the quarantine bed identification and implementation required by the July 22, 2020 order of the *Plata* court.

3. Not later than Friday, July 31, 2020 at noon, defendants shall file the following information: (1) Using the most recent monthly maps filed under seal, ECF No. 6777, specific identification of the location of any unit or units at each prison proposed to be vacated to comply with the *Plata* court quarantine space order; (2) Whether any *Coleman* class members reside in any units proposed to be vacated and, if so, how many reside in each unit and what is their mental health classification level; (3) If there are *Coleman* class members who defendants propose to move, where do defendants propose to move them and what level of mental health care will they receive in their proposed new location.

4. Not later than August 7, 2020 at noon, defendants shall file the information required by paragraph 3 of this order for any additional designations they have made.

DATED: July 28, 2020.

CHIEF UNITED STATES DISTRICT JUDGE

---

[1] This provision of this order resolves ECF No. 6679 to the extent the parties' proposed order is pending before the court.

5