XAVIER BECERRA
Attorney General of California
MONICA N. ANDERSON
Senior Assistant Attorney General
ADRIANO HRVATIN
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
TYLER V. HEATH, State Bar No. 271478
KYLE A. LEWIS, State Bar No. 201041
LUCAS HENNES, State Bar No. 278361
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7323
  Fax: (916) 324-5205
  E-mail: Lucas.Hennes@doj.ca.gov
*Attorneys for Defendants*

ROMAN M. SILBERFELD, State Bar No. 62783
GLENN A. DANAS, State Bar No. 270317
ROBINS KAPLAN LLP
  2049 Century Park East, Suite 3400
  Los Angeles, CA 90067-3208
  Telephone: (310) 552-0130
  Fax: (310) 229-5800
  E-mail: RSilberfeld@RobinsKaplan.com
*Special Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,** | 2:90-cv-00520 KJM-DB (PC) |
| Plaintiffs, | **DEFENDANTS' OBJECTIONS TO PLAINTIFF-INTERVENOR LIPSEY'S STATEMENT OF ATTORNEYS' FEES** |
| v. | |
| **GAVIN NEWSOM, et al.,** | |
| Defendants. | |

**INTRODUCTION**

On July 14, 2020, this Court ordered Lipsey to file "a statement of attorneys' fees incurred, including the bases for that calculation." (ECF No. 6756 at 8.) Lipsey filed a statement of fees, but several of the claimed fees are not related to his motion to compel, and several other entries contain virtually no description of the billed work. The vagueness of Lipsey's counsel's billing makes it impossible for this Court, or Defendants, to evaluate whether the billing is reasonable. The Court cannot award Lipsey fees that his counsel has failed to appropriately justify and

1

describe.  For example, 15.1 of the hours Lipsey's counsel alleges she billed are not recoverable under Rule 37(a)(5) of the Federal Rules of Civil Procedure, and a further 41 hours of claimed bills are so vague that they cannot be deemed "reasonable" for a fee award.  At a minimum, Defendants ask the Court to reduce the claimed fees by $4,647.33 because Lipsey failed to submit sufficient information justifying those fees.  The Court is required to conduct its own review—but based on Defendants' analysis, Lipsey's counsel should be paid no more than $7,555.77.

## ARGUMENT

### I. LIPSEY FAILS TO ESTABLISH THE REASONABLENESS OF HIS FEES TO BRING THE MOTION TO COMPEL.

Lipsey "bears the burden of submitting detailed time records justifying the hours claimed to have been expended."  *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1305 (9th Cir. 1994) (citing *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986)).  Where the documentation of hours is inadequate, the district court may reduce the award accordingly.  *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  Courts must explain how they determined a fee award to be reasonable, including with respect to the hourly rate and work performed.  *See Padgett v. Loventhal*, 706 F.3d 1205, 1208-09 (9th Cir. 2013).  Fee orders that fail to include this detail cannot withstand appellate scrutiny.  *Id.*

Here, Lipsey failed to show that the fees he allegedly incurred to bring a motion to compel were reasonable, both because he claims fees which would have been undertaken regardless of the motion to compel and because the billing entries submitted are so vague as to preclude any evaluation of their merit.

#### A.     Lipsey Seeks Fees Unrelated to His Motion to Compel.

As part of Lipsey's fee request, he claims "13.1 hours reviewing Defendants' discovery responses and conferring with their counsel."  (ECF No. 6785 at 3.)  This is inappropriate, as Lipsey would have had to review the document production regardless of any motion to compel.  While *some* amount of additional review was undoubtedly related to the motion to compel, it is patently unreasonable for Lipsey to claim *all* of this time reviewing the responses as costs for the

2

Defs.' Objections to Pl.-Intervenor Lipsey's Statement of Attorneys' Fees (2:90-cv-00520 KJM-DB (PC))

motion. *See Creative Res. Grp. of New Jersey, Inc. v. Creative Res. Grp., Inc.*, 212 F.R.D. 94, 104 (E.D.N.Y. 2002) (fees incurred in the course of normal discovery are not recoverable under Rule 37(a)(5)). Similarly, the prevailing view in federal court is that time spent on meet-and-confer efforts are not compensable under Rule 37(a)(5). *Infanzon v. Allstate Ins. Co.*, No. 2:19-CV-06483-JAK-SKX, 2020 WL 2519737, at *7 (C.D. Cal. May 15, 2020); *see also Dish Network L.L.C. v. Jadoo TV, Inc.*, 2019 WL 7166067, at *4 (C.D. Cal. Nov. 8, 2019) ("Courts in this district have reasoned that this language does not include time spent by counsel in meet and confer efforts as compensable under Rule 37(a)(5)(A).") Lipsey claims at least two hours for these efforts—the Court should reduce Lipsey's fee request based on that activity that is not compensable. On a similar note, Lipsey's billing records indicate that he is seeking fees for work concerning Defendants' response to Lipsey's interrogatory, a subject that was expressly *not* raised in the joint briefing or ruled on by this Court. (ECF No. 6785-2 at 2; *see* ECF No. 6746; *see also* ECF No. 6756 at 8 [granting Lipsey's motion for sanctions "in the amount of reasonable attorneys' fees incurred to bring this motion].) While Lipsey seeks to justify these costs by blaming Defendants' "shifting positions," he cannot recover fees for work on a discovery issue that was not submitted to the Court.

Finally, Lipsey claims 0.3 hours for "review[ing] order granting motion to compel," and 5.5 hours for "research[ing] and draft[ing] statement regarding claimed attorneys' fees." (ECF No. 6785-2 at 2.) Under Rule 37, these fees are not recoverable as costs of bringing the motion to compel. *See Addington v. Mid-Am. Lines,* 77 F.R.D. 750, 751 (W.D. Mo. 1978) (time spent by counsel preparing affidavit setting out fees in obtaining discovery order was not recoverable; "it was prepared after and in response to the Order Compelling Discovery.").

All told, Lipsey claims 15.1 hours of fees which were not incurred to bring Lipsey's motion to compel, totaling $3,374.50. These fees are not recoverable under Rule 37(a)(5), and this Court should strike them entirely.

**B.  Lipsey's Billing Records are Impermissibly Vague.**

Aside from seeking fees for work that Lipsey did not incur in connection with his motion to compel, Lipsey's invoices have a second significant flaw—they are so vague as to make

3

Defs.' Objections to Pl.-Intervenor Lipsey's Statement of Attorneys' Fees (2:90-cv-00520 KJM-DB (PC))

evaluation of their reasonableness impossible. Bare and unhelpful descriptions of attorney time do not meet a fee-seeker's burden of showing how the fee request is reasonable. *Cognizant Tech. Solutions U.S. Corp. v. McAfee*, No. 14-1146, 2014 WL 3885868, at *2-3 (N.D. Cal. Aug. 7, 2014) (fifty-percent reduction for vague entries, such as "attention was given to some subject without further description"); *Davis v. Prison Health Servs.*, No. 09-2629, 2012 WL 4462520, at *11-12 (N.D. Cal. Sept. 25, 2012) (ten-percent reduction for time entries such as "review e-mail chain" or "legal research") (citing *Norris v. Sysco Corp.*, 191 F.3d 1043, 1052 (9th Cir. 1999)); *Navarro v. Gen. Nutrition Corp.*, No. 03-0603, 2005 WL 2333803, at *15-16 (N.D. Cal. Sept. 22, 2005) (ten-percent reduction of all bills for vague entries including, for example, "legal research").

Here, Lipsey's time entries include such descriptions as "draft joint statement" (in several entries), "edit joint statement," and "write email," none of which provide any information about the work that was completed or whether it was reasonable. (*See* ECF No. 6785-2 at 2.) For example, Lipsey includes a bill that states "edit joint statement" for 2.8 hours. (*Id.*) Such an entry could mean Lipsey's attorney edited a single paragraph or the entire statement; one would be clearly reasonable, while the other would be patently unreasonable. Similarly, Lipsey claims 0.75 hours in part for the single entry "write email," without any description of its subject matter or recipient. Because Lipsey's bills are so vague, the Court and Defendants have no way to evaluate their reasonableness. Such entries amount to 16.95 hours of claimed bills. These bills should be reduced by ten percent, in conformance with existing case law for unreasonably vague billing entries, reducing the fees by $378.83. *See Davis,* 2012 WL 4462520, at *11-12; *see also Navarro*, 2005 WL 2333803, at *15-16.

In addition to these vague entries, Lipsey's counsel's time records consist of at least 25 hours of "block-billed" time from which Defendants and the Court cannot determine the reasonableness of the claimed time. (*See id.*) Block billing, or the practice of billing more than one task in a single entry, makes it impossible for a court to evaluate their reasonableness. *Role Models America, Inc. v. Brownlee,* 353 F.3d 962, 971 (D.C. Cir. 2004). Courts routinely reduce fee applications for block-billed entries. *See*, *e.g., Banas v. Volcano Corp.*, 47 F. Supp. 3d 957,

4

Defs.' Objections to Pl.-Intervenor Lipsey's Statement of Attorneys' Fees (2:90-cv-00520 KJM-DB (PC))

966-68 (N.D. Cal. 2014) (reducing a fee application by 20 percent for block billing); *see also Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007).  Here, Lipsey's proffered bills include several block-billed entries, billing 5.5 hours for "Review produced documents; draft letter to opposing counsel regarding discovery shortcomings; draft supplemental brief on TRO," 3.6 hours for "Review document production; draft supplemental brief on TRO," and 5.6 hours for "Finalize and file supplemental brief on motion for TRO; draft joint statement," just to name a few. (ECF No. 6785-2 at 2.)  Although Lipsey's counsel assigns a percentage of time dedicated to the motion to compel as a part of each of these entries, "the lumping prevents [the Court] from verifying that [Lipsey] deducted the proper amount of time." *Role Models America, Inc.*, 353 F.3d at 971.  The Court should reduce Lipsey's counsel's claimed hours that contravene standard billing and timekeeping protocol in the legal community by imposing a 20% reduction in the 25 hours that are block-billed, amounting to a further reduction of $894.00.

## CONCLUSION

In awarding Lipsey's reasonable attorneys' fees, this Court must "show [its] work." *Padgett*, 706 F.3d at 1208-09.  Lipsey's billing records make that impossible to do, both because he has submitted time entries which are unrelated to his motion and because his counsel's records are impermissibly vague.  At a minimum, the Court should reduce the claimed fees by $4,647.33, to provide Lipsey's counsel a fee award of $7,555.77, subject to the Court's independent analysis that could result in a further reduction.

Dated: July 27, 2020                                   Respectfully submitted,

XAVIER BECERRA
Attorney General of California
ADRIANO HRVATIN
Supervising Deputy Attorney General

*/s/ Lucas L. Hennes*

LUCAS L. HENNES
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003
34278364.docx

5

Defs.' Objections to Pl.-Intervenor Lipsey's Statement of Attorneys' Fees (2:90-cv-00520 KJM-DB (PC))