Vanessa Nelson-Sloane
Amicus Curiae, Pro Se
POB 277
Rancho Cordova, California 95741
Telephone: (916) 402-3750

Amicus Curiae Application in support of Defendant
GAVIN NEWSOM, et al.

**FILED**
APR 09 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**FILED**
APR 09, 2020
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURTS FOR THE

NORTHERN DISTRICT OF CALIFORNIA

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Petitioners,<br><br>v.<br><br>GAVIN NEWSON, Governor, et al.<br><br>Defendants. | No. **2:90-cv-0520 KJM DB P**<br><br>**APPLICATION FOR AMICUS CURIAE; REQUEST TO FILE AMICUS BRIEF IN SUPPORT OF DEFENDANTS** |
| MARCIANO PLATA, et al.,<br><br>    Petitioners,<br><br>v.<br><br>GAVIN NEWSON, Governor, et al.<br><br>Defendants. | No. **01-cv-01351-JST**<br><br>**APPLICATION FOR AMICUS CURIAE; REQUEST TO FILE AMICUS BRIEF IN SUPPORT OF DEFENDANTS** |

To THE HONORABLE United States District Court Judges:

Amicus Vanessa Nelson-Sloane, ("Amicus"), respectfully asks the Court's permission to file this Amicus Curiae brief in support of Defendant Gavin Newsom, et al. Amicus' interest in this case is based on (1) that she is

1

informed and believes that arbitrary release of medically vulnerable California Department of Corrections and Rehabilitation (CDCR) prisoners ("prisoners") outside the walls of CDCR facilities into the general public will *increase* (not *decrease*, as alleged by Plaintiffs) those prisoners' chances of contracting Covid19 infection; (2) that the vector for infection of prisoners comes from *outside* the prison walls via daily staff movement, and not from a generic internal source, and (3) that there is a newly FDA-approved Abbott Labs alternative for protecting all prisoners from the infection vector resulting from ever present staff movement by testing staff for Covid19 infection (with approximately 5 minute analysis time). Amicus requests this Court order CDCR to implement the newly available test as a screening tool prior to admission of *any* staff[1] onto prison grounds. This action would pretermit continued introduction of this vector into the prisons.

## AMICUS CURIAE BRIEF IN SUPPORT OF DEFENDANTS

Amicus writes to (1) respectfully update the Court on the new Abbott Labs technology, and (2) respectfully request the Court issue an Order directing such testing as an alternative to Petitioners' requested mass release of prisoners.

## OVERVIEW

Amicus supports actions that will minimize risks to prisoners of Covid19 infection. Amicus argues that the best way to do this is to keep prisoner infection rates below that of the general public by erecting testing barriers at the prison gates, rather than by opening those prison gates to release uninfected prisoners into the infected general public.

---

[1] This would include attorneys, medical personnel, food delivery truck drivers – even court monitors and the Governor himself.

## NEW ABBOTT LABS TECHNOLOGY

On April 2, 2020, Abbott Labs ("Abbott") began delivering production of Covid19 testing kits to be used with commonly available Abbott portable test machines.[2] These tests permit a positive/negative Covid19 infection analysis determination in as little at 5 minutes. (*Id.*) They have been deployed to Covid19-plagued Detroit, MI first responders[3] as well as to the White House.[4] It is this test that amicus believes the Court should order be made available to CDCR to stem Covid19 transmission from prison staff to inmates.

## COLEMAN/PLATA PLAINTIFFS' ATTORNEYS HAVE BEEN ADVISED OF THIS TECHNOLOGY AND WERE ASKED TO REQUEST THIS COURT CONSIDER ORDERING THE TESTING AS AN ALTERNATIVE TO MASS RELEASE, BUT THIS REQUEST HAS GONE UNANASWERED.

An informal email request to counsel for Coleman/Plata asking that this testing be requested as an alternative for this Court's consideration has not been answered. Accordingly, amicus requests leave of the Court to appear pro se to make this request for an alternative solution that will better protect prisoners' health.

Amicus respectfully thanks the Court for the opportunity to provide input, and would appreciate an opportunity to respond to any opposing brief filed by defendants.

Dated _____ April 7 _____, 2020

---

[2] https://www.abbott.com/corpnewsroom/product-and-innovation/detect-covid-19-in-as-little-as-5-minutes.html
[3] https://techcrunch.com/2020/04/01/detroit-to-be-first-to-deploy-abbott-labs-5-minute-covid-19-test-mayor-says/
[4] https://www.msn.com/en-us/news/politics/trump-shows-off-new-rapid-coronavirus-test-kit-in-rose-garden-as-hhs-says-1-million-americans-tested/ar-BB11VVeG

3

1
2
3       Respectfully submitted
4
5       *Vanessa Nelson-Sloane* (signature)
6       Vanessa Nelson-Sloane
7       Amicus Curiae in support of
8       Defendants Gavin Newsom, et al.
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DECLARATION OF SERVICE BY MAIL

Case: **Coleman v. Newsom**; No. **2:90-cv-0520 KJM DB P**
**Plata v. Newsom**; No. **01-cv-01351-JST**

I declare that I am a citizen of the United States. I am over the age of 18 and am not a party to the within titled cause.

On   4-7-2020   2020, I served the attached

## APPLICATION FOR AMICUS CURIAE; REQUEST TO FILE AMICUS BRIEF IN SUPPORT OF DEFENDANTS

on the parties listed below by enclosing same in an envelope to which adequate postage was affixed, and depositing same at the United States Post Office in Rancho Cordova, California for mailing.

California State Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102

Donald Specter, Attorney at Law
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916

Michael Bien, Attorney at Law
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738

I declare, under penalty of perjury, that the facts I have stated above are true and correct.

Dated   4-7-2020   2020, at Rancho Cordova, California

_____
Declarant