FILED
APR 09 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



FILED
APR 09, 2020
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURTS FOR THE

NORTHERN DISTRICT OF CALIFORNIA

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Petitioners, <br><br> v. <br><br> GAVIN NEWSON, Governor, et al. <br> Defendants. | No. **2:90-cv-0520 KJM DB P** <br><br> **AMICUS BRIEF IN SUPPORT OF DEFENDANTS** |
| MARCIANO PLATA, et al., <br><br> Petitioners, <br><br> v. <br><br> GAVIN NEWSON, Governor, et al. <br> Defendants. | No. **01-cv-01351-JST** <br><br> **AMICUS BRIEF IN SUPPORT OF DEFENDANTS** |

# BRIEF OF AMICUS CURIAE IN SUPPORT OF DEFENDANTS

Vanessa Nelson-Sloane
Amicus Curiae, Pro Se
POB 277
Rancho Cordova, California 95741
Telephone: (916) 402-3750

Amicus Curiae for Defendants
GAVIN NEWSOM, et al.

1

Vanessa Nelson-Sloane
Amicus Curiae, Pro Se
POB 277
Rancho Cordova, California 95741
Telephone: (916) 402-3750

Amicus Curiae Brief In Support of Defendant
GAVIN NEWSOM, et al.

IN THE UNITED STATES DISTRICT COURTS FOR THE

NORTHERN DISTRICT OF CALIFORNIA

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Petitioners,<br><br>v.<br><br>GAVIN NEWSON, Governor, et al.<br><br>Defendants. | No. **2:90-cv-0520 KJM DB P**<br><br>**AMICUS BRIEF IN SUPPORT OF DEFENDANTS** |
| MARCIANO PLATA, et al.,<br><br>　　　　Petitioners,<br><br>v.<br><br>GAVIN NEWSON, Governor, et al.<br><br>Defendants. | No. **01-cv-01351-JST**<br><br>**AMICUS BRIEF IN SUPPORT OF DEFENDANTS** |

To THE HONORABLE United States District Court Judges:

**AMICUS CURIAE BRIEF IN SUPPORT OF DEFENDANTS**

Amicus offers this brief to respectfully (1) update the Court on the new Abbott Labs Covid19 5-minute test technology, and (2) request the Court issue

2

an Order directing such testing as an alternative to Petitioners' requested mass release of prisoners.

## OVERVIEW

Amicus supports actions that will minimize risks to prisoners of Covid19 infection. Amicus argues that the best way to do this is to keep prisoner infection rates below that of the general public by erecting testing barriers at the prison gates, rather than by opening those prison gates to release uninfected prisoners into the infected general public.

## THE INFECTION RATE WITHIN CDCR PRISONS REMAINS AT ONE-FIFTH THAT OF THE GENERAL CALIFORNIA POPULATION

As of April 6, 2020, the total number of confirmed Covid19 infections in CDCR is 17 – amounting to a rate of 12[1] per 100.000. The current rate of infection in populous counties such as San Mateo, San Francisco, Santa Clara and Los Angeles is over 60 per 100,000.

The problem is that if CDCR were to release uninfected prisoners into the general California population, their statistical chances of contracting Covid19 would increase five-fold. More ominously, such suddenly released prisoners would be ill equipped to deal with the basic needs of housing, financial support, masks, medical aid and food. In such circumstances, their likelihood of being in infected surroundings would be higher.

///////////////////

///////////////

---

[1] These infections are in only four of CDCRs 37 prisons: SATF (1), Nork Kern (1), Lancaster (8) and CIM (7). Of these, no increase has been reported in the past 24 hours.

3

## PLAINTIFFS' REQUEST FOR RELIEF IS MISDIRECTED AT SOLVING THE WRONG PROBLEM

Plaintiffs request to solve the problem of Covid19 infection danger to current prisoners is to remove the prisoners from the prisons. However, the danger of infection in the prisons comes not from prisoners, but from infected staff coming into the prisons. Already, the large number of infected staff at CIM (16) and LAC (3) prisons have left their mark on disease transfer to prisoners (CIM – 7; LAC – 8).[2] Simply stated, if the vector of disease entry into the prisons were curtailed, the prisoners could continue to exist uninfected in their cocoon of anti-social distancing that offers them more safety than 6 foot social distancing in infected public areas.

Accordingly, plaintiffs' request to release prisoners does not solve a humanitarian concern for their eventual infection; rather, it increases their risk of infection.

## THE BEST SOLUTION IS TO KEEP PRISONERS SAFELY PROTECTED INSIDE THE WALLS

There is no disagreement by Amicus that crowded prison housing conditions are conducive to spread of infectious illnesses, including the common cold (a corona virus) and influenza. But if Covid19 is only transmitted into the prisons by staff (i.e., it is not carried by mosquitos, bird droppings, etc.), then effectively screening staff is the straightforward remedy for mitigating the risk of Covid19 infection of prisoners.

Until very recently, there was no screening of incoming staff into the prisons. Then, a process was started asking everyone if they felt sick; if the

---

[2] CDCR website, https://www.cdcr.ca.gov/covid19/cdcr-cchcs-covid-19-status/

4

response was negative, they were admitted. Next, CDCR starting taking forehead temperatures of incoming staff. *In the first three days of this testing – amazingly, in today's pandemic – no fewer than 170 staff members coming to work with fevers were turned around at the gate.*

The problem is far worse, however, than just those with fevers. Covid19 is widely known to be asymptomatic in a large fraction of the infected population.

Accordingly, the best protection against the staff vector of Covid19 coming into the prisons is to vet all staff members with Covid19 infection tests. Until recently, this was a time-consuming process (ranging from 24 hours to days). However, in the past week, a new 5-minute test that can be performed in the field was made available (and approved by the FDA on an emergency basis) by Abbott Labs.

## NEW ABBOTT LABS TECHNOLOGY

On April 2, 2020, Abbott Labs ("Abbott") began delivering production of Covid19 testing kits to be used with commonly available Abbott portable test machines.[3] These tests permit a positive/negative Covid19 infection analysis determination in as little at 5 minutes. (*Id.*) They have been deployed to Covid19-plagued Detroit, MI first responders[4] as well as to the White House.[5] While these test kits will be highly sought after, the power of this Court can provide just the needed direction that has benefitted Detroit first responders already.

---

[3] https://www.abbott.com/corpnewsroom/product-and-innovation/detect-covid-19-in-as-little-as-5-minutes.html
[4] https://techcrunch.com/2020/04/01/detroit-to-be-first-to-deploy-abbott-labs-5-minute-covid-19-test-mayor-says/
[5] https://www.msn.com/en-us/news/politics/trump-shows-off-new-rapid-coronavirus-test-kit-in-rose-garden-as-hhs-says-1-million-americans-tested/ar-BB11VVeG

5

## CONCLUSION AND REQUEST FOR RELIEF

It is this test that amicus believes the Court should order be made available to CDCR to stem Covid19 transmission from prison staff to inmates. Amicus believes that the relief requested by Plaintiffs of mass prisoner release (of admittedly 'vulnerable' inmates) will unwittingly have the perverse effect of *increasing* the likelihood that those individuals will suffer Covid19 infection.

## VERIFICATION

I declare under penalty of perjury that the foregoing, on information and belief, is true and correct.

Dated _____April 7_____, 2020

Respectfully submitted

Vanessa Nelson-Sloane
Amicus Curiae in support of
Defendants Gavin Newsom, et al.

6

## DECLARATION OF SERVICE BY MAIL

Case: *Coleman v. Newsom*; No. **2:90-cv-0520 KJM DB P**
*Plata v. Newsom*; No. **01-cv-01351-JST**

I declare that I am a citizen of the United States. I am over the age of 18 and am not a party to the within titled cause.

On  4-7-2020  2020, I served the attached

**BRIEF OF AMICUS CURIAE IN SUPPORT OF DEFENDANTS**

on the parties listed below by enclosing same in an envelope to which adequate postage was affixed, and depositing same at the United States Post Office in Ranch Cordova, California for mailing.

California State Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102

Donald Specter, Attorney at Law
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916

Michael Bien, Attorney at Law
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738

I declare, under penalty of perjury, that the facts I have stated above are true and correct.

Dated  4-7-2020  2020, at Rancho Cordova, California

_John D. Gilmore_
Declarant

7