| | |
|---|---|
| DONALD SPECTER – 083925<br>STEVEN FAMA – 099641<br>MARGOT MENDELSON – 268583<br>PRISON LAW OFFICE<br>1917 Fifth Street<br>Berkeley, California  94710-1916<br>Telephone:   (510) 280-2621<br><br>CLAUDIA CENTER – 158255<br>DISABILITY RIGHTS EDUCATION<br>AND DEFENSE FUND, INC.<br>Ed Roberts Campus<br>3075 Adeline Street, Suite 210<br>Berkeley, California  94703-2578<br>Telephone:   (510) 644-2555 | MICHAEL W. BIEN – 096891<br>JEFFREY L. BORNSTEIN – 099358<br>ERNEST GALVAN – 196065<br>THOMAS NOLAN – 169692<br>LISA ELLS – 243657<br>JENNY S. YELIN – 273601<br>MICHAEL S. NUNEZ – 280535<br>JESSICA WINTER – 294237<br>MARC J. SHINN-KRANTZ – 312968<br>CARA E. TRAPANI – 313411<br>ALEXANDER GOURSE – 321631<br>AMY XU – 330707<br>ROSEN BIEN<br>GALVAN & GRUNFELD LLP<br>101 Mission Street, Sixth Floor<br>San Francisco, California  94105-1738<br>Telephone:   (415) 433-6830 |

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GAVIN NEWSOM, et al.,<br><br>　　　　Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**PLAINTIFFS' REQUEST TO CONTINUE DEPARTMENT OF STATE HOSPITALS EVIDENTIARY HEARING FOR 60 DAYS**<br><br>Judge:　Hon. Kimberly J. Mueller<br>Date:　August 7, 2020<br>Time:　10:00 a.m. |

1    Plaintiffs hereby request that this Court continue the currently scheduled evidentiary
2 hearing concerning class member access to Department of State Hospitals ("DSH")
3 programs by sixty days.
4    Based on the information provided in the ongoing Task Force meetings, Plaintiffs
5 believe Defendants are continuing to take steps to ensure class members are not
6 wrongfully denied access to treatment in DSH during the instant pandemic such that an
7 evidentiary hearing is not warranted next week.  Indeed, Plaintiffs have met and conferred
8 with Defendants about such a continuance, but could not reach agreement because
9 Defendants insist that the hearing must be taken off calendar rather than deferred.
10 Declaration of Lisa Ells in Support of Plaintiffs' Request to Continue DSH Evidentiary
11 Hearing ("Ells Decl."), filed hereto, ¶ 2.  But the progress made to date has been under the
12 watchful eye of the Special Master and with the threat of a looming evidentiary hearing,
13 and there is good reason to believe it will not last should this Court take the evidentiary
14 hearing off calendar or otherwise take its attention off the matter, as has historically
15 occurred in this case. *See* May 25, 2016 Special Master's Monitoring Report on the
16 Mental Health Inpatient Care Programs, ECF No. 5448, at 22–40 of 371 (detailing DSH
17 history of refusal to admit class members, and noting on pages 39-40 that the "barriers
18 which defendants claim prevent admission of *Coleman* class members into designated beds
19 at DSH-Atascadero are not new; they are merely recycled under a different terminology
20 every few years"); Special Master's Amended Report on the Current Status of *Coleman*
21 Class Members' Access to Inpatient Care in the Department of State Hospitals ("Amended
22 2020 DSH Report"), ECF No. 6579 at 31-32 (noting extensive history of DSH
23 intransigence).
24    Indeed, while progress has been made, it is tempered by the fact that the number of
25 class members currently at DSH remains low and is not increasing.  DSH's most recent
26 numbers show significant vacancies at DSH, including forty open Atascadero beds.  Ells
27 Decl. ¶ 3, Ex. A.  Although some recent weeks have shown improvement, in most weeks
28 the vacancies have climbed; last week, DSH admitted no *Coleman* patients, and CDCR

referred only two.  *Id.* ¶ 3-4 & Ex. B at 1 (July 27, 2020 *Coleman*-DSH Transfer Progress Report).  At the same time, the number of class members awaiting transfer to DSH is growing, and numerous class members have now waited over thirty days from referral despite Program Guide requirements.  *Id.* ¶ 3, Ex. A (showing 9 patients waiting over thirty days as of July 24, 2020).  Meanwhile, no one disputes that CDCR's PIPs by and large continue to provide the same sub-constitutional level of care that existed before the pandemic took hold.  *Id.* ¶ 5; *see also* Amended 2020 DSH Report, ECF No. 6579 at 19–30 (describing how "[p]roviding adequate treatment to *Coleman* class members housed in the PIPs has long posed serious challenges," including at CHCF-PIP, CMF-PIP, and SVSP-PIP).

Additionally, the parties are continuing to work through the effects of various COVID-19 related complications on the CDCR to DSH transfer process, rendering any assumption premature that the DSH access issues are resolved with enough permanence to take the evidentiary hearing off calendar.  For instance, all three DSH hospitals serving class members have now experienced outbreaks or suspected outbreaks, causing units or entire hospitals housing class members to go on quarantine and/or isolation status and limiting admissions.  *Id.* ¶ 3, Ex. B at 1-2 (describing quarantine status at ASH, CSH, and PSH as of July 24, 2020); *id.* ¶ 6, Ex. C (describing suspended admissions to PSH as of June 18, 2020); *id.* ¶ 7, Ex. D (describing quarantine status at ASH as of July 29, 2020).  Indeed, CDCR's ongoing difficulty in securing timely COVID-19 test results have caused planned transfers of patients accepted to DSH to be delayed and cancelled.  *Id.* ¶ 8.  The parties continue to negotiate the appropriate way to address transfers to DSH from CDCR institutions that are closed to movement due to the pandemic, as well as what circumstances constitute a sufficient enough clinical emergency that would require a patient to be transferred.  *Id.* ¶ 9. And DSH continues to insist it can close its hospitals to *Coleman* patients while continuing to admit other types of patients, such as offenders with mental health disorders ("OMD").  *Compare* Ells Decl. ¶ 6, Ex. C (stating DSH-Patton has been closed to *Coleman* admissions since June 18), *with* Ells Decl. ¶ 10, Ex. E (showing

admitted OMD patients to DSH-Patton during the week of June 21).  Finally, DSH recently unilaterally changed its reporting on the status of referred patients to the Task Force to include information going back only two weeks, rather than from the mid-April resumption of admissions.  Ells Decl. ¶ 11.  Since the format change, Plaintiffs have had difficulty reconciling DSH's various reports, and have not yet had the opportunity to seek clarity and address concerns in the Task Force process.  *Id.*

In sum, while a sixty-day continuance of the August 7, 2020 evidentiary hearing is appropriate to ensure that Defendants continue to take appropriate steps to ensure class member access to DSH, it is premature to take the hearing off calendar completely. Temporary policies are still in flux, implications of new COVID-19 related complications continue to be negotiated weekly, and most importantly, class members continue to wait long periods of time for inpatient care in unconstitutional settings while DSH hospital beds remain vacant.  The hearing must remain on calendar, and close Special Master oversight must continue for the foreseeable future.

DATED:  July 30, 2020         Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Lisa Ells*
      Lisa Ells

Attorneys for Plaintiffs