XAVIER BECERRA
Attorney General of California
MONICA N. ANDERSON
Senior Assistant Attorney General
ADRIANO HRVATIN
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
TYLER V. HEATH, State Bar No. 271478
KYLE A. LEWIS, State Bar No. 201041
LUCAS HENNES, State Bar No. 278361
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7323
 Fax: (916) 324-5205
 E-mail: Lucas.Hennes@doj.ca.gov
*Attorneys for Defendants*

ROMAN M. SILBERFELD, State Bar No. 62783
GLENN A. DANAS, State Bar No. 270317
ROBINS KAPLAN LLP
 2049 Century Park East, Suite 3400
 Los Angeles, CA 90067-3208
 Telephone: (310) 552-0130
 Fax: (310) 229-5800
 E-mail: RSilberfeld@RobinsKaplan.com
*Special Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                                    Plaintiffs,<br><br>     v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>                                    Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST TO CONTINUE AUGUST 7, 2020 EVIDENTIARY HEARING** |

**INTRODUCTION**

After nearly four months, Plaintiffs acknowledge that there are no factual issues for an evidentiary hearing to resolve. The Department of State Hospitals (DSH) has been and remains in compliance with the Court's orders. Nonetheless, Plaintiffs insist that it is necessary to keep such a hearing on calendar—to be rescheduled for a fifth time, 60 days from now—on the pretext that without such a hearing, DSH will fail to comply with this Court's orders.

///

1

Defs.' Resp. Pls.' Mot. Continue Evid. Hrg. (2:90-cv-00520 KJM-DB (PC))

The Court should end this counterproductive cycle and take the August 7, 2020 evidentiary hearing off calendar. Since March, Defendants have been working feverishly and round-the-clock to address the COVID-19 emergency, limit the spread of COVID-19, and mitigate its impact on the inmate population. This work has been in close collaboration with the Special Master, Plaintiffs, and the *Plata* Receiver. The recurring rescheduling of the hearing—and the start-and-stop trial preparations it requires—consumes the precious time of the very state officials who are working on the front lines to protect patients from COVID-19. It unnecessarily distracts all parties from the urgent work that needs to be done. In the event that DSH at some point in the future does not comply with the Court's orders, nothing prevents the Court from putting an evidentiary hearing back on calendar.

**ARGUMENT**

**I.   PLAINTIFFS' REPRESENTATIONS MAKE CLEAR THAT THERE ARE NO FACTUAL ISSUES FOR AN EVIDENTIARY HEARING TO RESOLVE.**

On March 16, 2020, DSH temporarily suspended almost all admissions of patients to its hospitals due to the coronavirus pandemic. At a telephonic status conference on April 3, Plaintiffs requested that the Court order Defendants to show cause why DSH should not reopen admissions. (Apr. 3, 2020 Tr. at 9-10.) Based on Plaintiffs' oral motion, the Court on April 10 ordered an evidentiary hearing regarding DSH's actions and the impact on class members' ability to receive necessary inpatient care. (ECF No. 6600 at 4.)

On April 15, Defendants filed a motion for reconsideration and clarification of the Court's order, noting that DSH would resume admission of class members effective April 16; Defendants also sought further direction regarding the hearing's purpose and scope. (ECF No. 6612.) At an April 17 status conference, when asked about this change in circumstances, Plaintiffs stated that the hearing should be delayed for "not more than thirty days" to monitor the situation. (Apr. 17, 2020 Tr. at 23-24.) Plaintiffs further stated that if CDCR and DSH began reviewing and transferring class members, "the situation is resolved and we don't need to waste your Court's valuable time with the hearing." (*Id.*) The Court accepted the parties' stipulation to continue the hearing to May 19. (*Id.* at 25.)

2

Defs.' Resp. Pls.' Mot. Continue Evid. Hrg. (2:90-cv-00520 KJM-DB (PC))

On April 24, the Court acknowledged Defendants' motion for reconsideration, clarifying that the evidentiary hearing would focus on "Defendants' compliance with all applicable requirements for transfer to DSH inpatient hospital beds." (ECF No. 6639 at 10.) The Court's May 7 order further clarified that the hearing would focus on three factual issues: (1) whether DSH and CDCR have been complying with Program Guide requirements, with the addition of COVID-19 screening, for transfer of class members to inpatient hospital beds; (2) if not, in what way are they deviating from those requirements; and (3) what is the rationale for any deviation. (ECF No. 6660 at 2.)

On May 13, as permitted by the May 7 order, the parties stipulated to continue the hearing a further thirty days, agreeing that "Defendants' current processes for transferring class members to DSH hospital beds are consistent with Program Guide requirements, subject to temporary modifications to permit COVID-19 screening[.]" (ECF No. 6662.) The Court then continued the hearing a second time to June 25. (ECF No. 6676.) On June 17, to allow the parties to complete discovery, the Court continued the hearing a third time to June 30. (ECF No. 6730 at 7-8.) On June 22, the parties again stipulated to continue the hearing, assuring the Court that Defendants continued to follow the requirements of the April 24 order. (ECF No. 6734.) The Court accepted the stipulation and continued the hearing for a fourth time to August 7. (*Id.*)

Despite a mutual understanding that a hearing was not immediately necessary, during recent meet-and-confer efforts, Plaintiffs refused to consider Defendants' proposed stipulation to take the hearing off calendar. (ECF No. 6797-1 at 2.) Instead, on July 30, Plaintiffs moved to continue the hearing a fifth time—this time for 60 days—acknowledging that there is still no factual issue for an evidentiary hearing because "Defendants are continuing to take steps to ensure class members are not wrongfully denied access to treatment in DSH during the instant pandemic such that an evidentiary hearing is not warranted next week." (ECF No. 6797 at 2.)

II. **THE AUGUST 7 EVIDENTIARY HEARING SHOULD BE TAKEN OFF CALENDAR.**

The parties do not dispute that Defendants are complying with the terms of this Court's April 24 order. Indeed, the parties have so stipulated on three separate occasions, and have reported as much during multiple status conferences and task force calls. At the most recent

3

status conference, Plaintiffs acknowledged that the parties were managing the issue of transfers to DSH in good faith with the guidance of the Special Master. (July 17, 2020 Tr. at 34.) Plaintiffs agree that the Court need not hold a hearing on August 7 because DSH is doing what it's required to do. (ECF No. 6797 at 2.)

Plaintiffs' concerns that DSH will ignore its Program Guide obligations absent the threat of a looming trial are baseless and not an appropriate justification for keeping a hearing on calendar. Additionally, multiple oversight mechanisms are currently in place that render the evidentiary hearing unnecessary at this time. DSH officials meet weekly with the Special Master and his team to discuss their transfer protocols, and DSH actively participates in the weekly COVID-19 task force calls with Plaintiffs and the Special Master. (*See* ECF Nos. 6765, 6792.) In preparation for each of these weekly calls, DSH produces six different monitoring reports to the parties and Special Master. (*See, e.g.,* ECF No. 6797-1 at 6.) And the Special Master holds weekly workgroups with DSH, during which DSH is available to discuss and answer any questions regarding the transfer process. If, at any point, the Special Master or Plaintiffs believe that Defendants are no longer complying with the terms of the April 24 order, they have various avenues to resolve the issue short of litigation, and would retain the opportunity to reassert the need for an evidentiary hearing, if the Court determined that one were actually required.

Further, hearing preparation continues to divert time and attention of DSH executive staff from focusing on its COVID-19 response to ensure the safety of all 6,000-plus Californians who experience serious mental illness and are committed to its care. The highest level of DSH leadership devotes extensive time to collaborating with the Special Master and Plaintiffs on the care provided to *Coleman* patients and the process by which transfers to DSH are occurring during this pandemic. However, the very same staff must continually tax their time with voluminous monthly discovery and trial preparation for a hearing that Plaintiffs seem not to want. Every month, DSH must re-engage in witness preparation and determining what updated documents would demonstrate what everyone already agrees is happening—DSH is successfully providing *Coleman* patients access to inpatient care in its hospitals under the constraints of COVID-19. The same executive staff also must carefully cull, review, and validate dozens of

4

Defs.' Resp. Pls.' Mot. Continue Evid. Hrg. (2:90-cv-00520 KJM-DB (PC))

documents and reports to respond to Plaintiffs' discovery demands. This drain on DSH's executive staff is not warranted under the circumstances as the task force can navigate these issues with all parties and the Special Master during these unprecedented times.

## CONCLUSION

For all of the reasons above, the Court should vacate the August 7 hearing.

Dated: July 31, 2020

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
ADRIANO HRVATIN
Supervising Deputy Attorney General

*/s/ Lucas L. Hennes*

LUCAS L. HENNES
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003
34276537

5