XAVIER BECERRA, State Bar No. 118517
Attorney General of California
ADRIANO HRVATIN, State Bar No. 220909
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
TYLER V. HEATH, State Bar No. 271478
KYLE A. LEWIS, State Bar No. 201041
LUCAS HENNES, State Bar No. 278361
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7318
 Fax: (916) 324-5205
 E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

ROMAN M. SILBERFELD, State Bar No. 62783
GLENN A. DANAS, State Bar No. 270317
ROBINS KAPLAN LLP
 2049 Century Park East, Suite 3400
 Los Angeles, CA 90067-3208
 Telephone: (310) 552-0130
 Fax: (310) 229-5800
 E-mail: RSilberfeld@RobinsKaplan.com
*Special Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                                            Plaintiffs,<br><br>     v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>                                            Defendants. | Case No. 2:90-cv-00520 KJM-DB (PC)<br><br>**DECLARATION OF ELISE OWENS THORN SUPPORTING DEFENDANTS' POSITION IN THE JOINT REPORT TO THE COURT PURSUANT TO ECF NO. 6793 REGARDING CERTIFICATION BRIEFING**<br><br>Judge: The Hon. Kimberly J. Mueller |

I, Elise Owens Thorn, declare as follows:

1. I am employed as a Deputy Attorney General with the Office of the Attorney General for the State of California, attorneys of record for Defendants in this action, and I am admitted to practice before this Court. I have personal knowledge of the matters set forth in this declaration, and if called upon to testify as to these matters, I could and would do so. I set forth this declaration in support of Defendants' position set forth in the parties' Joint Report to the Court Pursuant to ECF No 6793 Regarding Certification Briefing.

[3419376.1]                                           1

Thorn Decl. Supp. Defs.' Position in Jnt. Rep. to the Court (2:90-cv-00520 KJM-DB (PC))

2. Attached as Exhibit A is a true and correct copy of my e-mail exchanges on August 6, 2020 with Plaintiffs' counsel regarding data certification proposals and the parties' meetings with the Special Master and Dr. Dan Potter.

3. As reflected in Exhibit A, in a teleconference on Monday, August 3, 2020, Plaintiffs represented that their November 5, 2019 data certification proposal does not require certification for each data point Defendants submit to the Special Master and Plaintiffs. Specifically, Michael Bien stated that Plaintiffs do not want certification for informal submissions of data, like that provided by attorneys for the Office of Legal Affairs. Defendants that requested that Plaintiffs agree to that clarification in writing, and offered a counter-proposal for certification that included the clarification. Plaintiffs rejected Defendants' proposal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in Sacramento, California on August 7, 2020.

/s/ *Elise Owens Thorn*
ELISE OWENS THORN
Deputy Attorney General

[3419376.1]   2

Thorn Decl. Supp. Defs.' Position in Jnt. Rep. to the Court (2:90-cv-00520 KJM-DB (PC))

# Exhibit A

| From: | Jessica Winter |
|---|---|
| To: | Elise Thorn; Michael W. Bien; Coleman Team - RBG Only; Steve Fama |
| Cc: | Nick Weber; Melissa Bentz; Stafford, Carrie C.@CDCR; Christine Ciccotti (Christine.Ciccotti@dsh.ca.gov); Nina Raddatz; Kris Kent; Adriano Hrvatin; Damon McClain; Kyle Lewis; Lucas Hennes; Tyler Heath |
| Subject: | RE: Coleman - Data Certification Proposal [IWOV-DMS.FID6429] |
| Date: | Thursday, August 6, 2020 8:33:26 PM |

Elise,

Please provide your short statement and request regarding further briefing immediately so that we may review it and respond. We do not agree there are any changed circumstances that merit further briefing.

We disagree with your characterization of our meet and confer and Dr. Potter's role. In particular, Dr. Potter stated that any good business rule would incorporate a description of any significant exclusions from the data. Your proposal does not include that element of a certification and in that respect matches exactly what you presented to the Court in your November briefing. As we already stated, the rest of your proposal also matches what you filed in November, with the exception of the desert reporting piece. Given that your proposal is the same as that provided in November, notwithstanding your reference to Dr. Potter, nothing now merits additional briefing.

Nevertheless, if and when Dr. Potter certifies any data, his certification will suffice for Plaintiffs so long as Defendants agree to disclose and recertify when there are any changes to what he has certified. His certification, of course, does not satisfy the attorney certification aspect of our certification proposal. And as we discussed, we do not anticipate his having any role in certification any time soon—as he described it, he is still examining the patient and is not at all ready to begin treating the patient.

Sincerely,

Jessica

**From:** Elise Thorn <Elise.Thorn@doj.ca.gov>
**Sent:** Thursday, August 6, 2020 4:56 PM
**To:** Jessica Winter <JWinter@rbgg.com>; Michael W. Bien <MBien@rbgg.com>; Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbgg.com>; Steve Fama <sfama@prisonlaw.com>
**Cc:** Nick Weber <Nicholas.Weber@cdcr.ca.gov>; Melissa Bentz <Melissa.Bentz@cdcr.ca.gov>; Stafford, Carrie C.@CDCR <Carrie.Stafford@cdcr.ca.gov>; Christine Ciccotti (Christine.Ciccotti@dsh.ca.gov) <Christine.Ciccotti@dsh.ca.gov>; Nina Raddatz <Antonina.Raddatz@dsh.ca.gov>; Kris Kent <Kristopher.Kent@dsh.ca.gov>; Adriano Hrvatin <Adriano.Hrvatin@doj.ca.gov>; Damon McClain <Damon.McClain@doj.ca.gov>; Kyle Lewis <Kyle.Lewis@doj.ca.gov>; Lucas Hennes <Lucas.Hennes@doj.ca.gov>; Tyler Heath <Tyler.Heath@doj.ca.gov>
**Subject:** RE: Coleman - Data Certification Proposal [IWOV-DMS.FID6429]

Jessica,

Defendants' proposal took into account Dr. Potter's statements regarding the parts of Plaintiffs' proposal that are an accepted part of data certification. It's unfortunate we could not work through at least that part of your proposal. Plaintiffs now seem to be backing away from the statements made during the meet and confer on Monday. Frankly, Defendants were left with the impression that Plaintiffs did not believe that certification for all data was necessary. If the statements you made on Monday are true, you should share that information with the Court. It does seem that Plaintiffs are now reverting back to the original certification request, which is significantly more expansive. Also, as with yesterday's e-mail, you again overstate what was said at Monday's meet and confer. Let me be clear -- Defendants do not agree with your statement that "Dr. Potter's work will have virtually no role in the certification process." To the contrary, Dr. Potter explained that he is working to correct underlying data issues for CDCR's reporting processes, as well as working on CQIT and ASU EOP Hub certification issues. Any work he is doing will, at a minimum, necessarily impact certification of those reports, and your certification proposal touches all data, including those reports and the performance reports. We also have a short statement advising the Court of the parties' meet and confer and a request regarding further briefing. I can add that to your statement tomorrow.

Elise

**From:** Jessica Winter <JWinter@rbgg.com>
**Sent:** Thursday, August 6, 2020 4:16 PM
**To:** Elise Thorn <Elise.Thorn@doj.ca.gov>; Michael W. Bien <MBien@rbgg.com>; Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbgg.com>; Steve Fama <sfama@prisonlaw.com>
**Cc:** Nick Weber <Nicholas.Weber@cdcr.ca.gov>; Melissa Bentz <Melissa.Bentz@cdcr.ca.gov>; Stafford, Carrie C.@CDCR <Carrie.Stafford@cdcr.ca.gov>; Christine Ciccotti (Christine.Ciccotti@dsh.ca.gov) <Christine.Ciccotti@dsh.ca.gov>; Nina Raddatz <Antonina.Raddatz@dsh.ca.gov>; Kris Kent <Kristopher.Kent@dsh.ca.gov>; Adriano Hrvatin <Adriano.Hrvatin@doj.ca.gov>; Damon McClain <Damon.McClain@doj.ca.gov>; Kyle Lewis <Kyle.Lewis@doj.ca.gov>; Lucas Hennes <Lucas.Hennes@doj.ca.gov>; Tyler Heath <Tyler.Heath@doj.ca.gov>
**Subject:** RE: Coleman - Data Certification Proposal [IWOV-DMS.FID6429]

Dear Elise,

We have reviewed your proposal. Unfortunately, with one minor exception, it does not appear to include any substantive change from Defendants' proposal in the November briefing. The one substantive exception we see is Defendants' proposal to add the desert transfer reporting to the list of reports to be certified. We do not see any substantive difference otherwise, although from what we can tell some reports are described slightly differently below than in Defendants' briefing, including some of the DSH reports. Please let us know promptly if we are misreading your proposal or if Defendants intend the proposal below to differ in any other substantive way from what was already presented to the Court in the prior briefing.

The Court's July 30 stipulated order (ECF 6793) was for the purpose of exploring the potential effect of Dr. Potter's work on the parties' pending certification proposals. As we all agreed on Monday, Dr. Potter's work will have virtually no role in the certification process. Given that fact, and the parties' failure to reach some other

mutually agreeable resolution, all that remains is for us to file a short statement or stipulation informing the Court that the parties intend to submit this issue for resolution on the existing briefing.

We will circulate a draft of such a pleading by tomorrow morning.

Sincerely,

Jessica Winter

---

**From:** Jessica Winter <JWinter@rbgg.com>
**Sent:** Thursday, August 6, 2020 10:10 AM
**To:** Elise Thorn <Elise.Thorn@doj.ca.gov>; Michael W. Bien <MBien@rbgg.com>; Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbgg.com>; Steve Fama <sfama@prisonlaw.com>
**Cc:** Nick Weber <Nicholas.Weber@cdcr.ca.gov>; Melissa Bentz <Melissa.Bentz@cdcr.ca.gov>; Stafford, Carrie C.@CDCR <Carrie.Stafford@cdcr.ca.gov>; Christine Ciccotti (Christine.Ciccotti@dsh.ca.gov) <Christine.Ciccotti@dsh.ca.gov>; Nina Raddatz <Antonina.Raddatz@dsh.ca.gov>; Kris Kent <Kristopher.Kent@dsh.ca.gov>; Adriano Hrvatin <Adriano.Hrvatin@doj.ca.gov>; Damon McClain <Damon.McClain@doj.ca.gov>; Kyle Lewis <Kyle.Lewis@doj.ca.gov>; Lucas Hennes <Lucas.Hennes@doj.ca.gov>; Tyler Heath <Tyler.Heath@doj.ca.gov>
**Subject:** RE: Coleman - Data Certification Proposal [IWOV-DMS.FID6429]

Thanks for this proposal, Elise. We will review and get back to you as soon as possible.

---

**From:** Elise Thorn <Elise.Thorn@doj.ca.gov>
**Sent:** Thursday, August 6, 2020 9:56 AM
**To:** Jessica Winter <JWinter@rbgg.com>; Michael W. Bien <MBien@rbgg.com>; Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbgg.com>; Steve Fama <sfama@prisonlaw.com>
**Cc:** Nick Weber <Nicholas.Weber@cdcr.ca.gov>; Melissa Bentz <Melissa.Bentz@cdcr.ca.gov>; Stafford, Carrie C.@CDCR <Carrie.Stafford@cdcr.ca.gov>; Christine Ciccotti (Christine.Ciccotti@dsh.ca.gov) <Christine.Ciccotti@dsh.ca.gov>; Nina Raddatz <Antonina.Raddatz@dsh.ca.gov>; Kris Kent <Kristopher.Kent@dsh.ca.gov>; Adriano Hrvatin <Adriano.Hrvatin@doj.ca.gov>; Damon McClain <Damon.McClain@doj.ca.gov>; Kyle Lewis <Kyle.Lewis@doj.ca.gov>; Lucas Hennes <Lucas.Hennes@doj.ca.gov>; Tyler Heath <Tyler.Heath@doj.ca.gov>
**Subject:** RE: Coleman - Data Certification Proposal [IWOV-DMS.FID6429]

Jessica,

Thank you for your response and for providing Plaintiffs' understanding of where we left the data certification discussion after Monday's call. Defendants understood from Mike Bien's statements that the parties would discuss the issues raised during the call internally and then regroup to discuss the plans for Friday's briefing. Defendants did not agree to provide a substantive proposal to Plaintiffs regarding data points they would agree to certify. Also, we do not read your reference to "context" at page 11 of Plaintiffs' brief as limiting Plaintiffs' proposal that all data needs to be certified – including the informal data shared during

monitoring tours. That section of your brief, which states, "[a]t the very least, if the parties disagree as to the particulars required for certification in a specific context, they can meet and confer to work out that disagreement, subject to Special Master's determination of what is appropriate," is essentially what Defendants proposed for the data certification process.

Defendants are amenable to a stipulation that sets parameters for the certification requirements and process. To that end, we offer below a proposal for data certification that includes the data points Defendants agree to certify without further review, negotiation, and input from Dr. Potter and the Special Master, as well as a proposal to develop the process for data certification on other data points.

The certification process for the regular reports filed with the Court does not appear to depend on issues under review by Dr. Potter. Accordingly, that certification process could proceed provided the parties can agree on the required contents and language for the certification. Defendants maintain their positions with respect to defense counsel's obligations under Rule 11 and the limits on the application of data submitted outside of litigation.

**Defendants' Proposal for Data Certification.**

Defendants will agree, in principle, to the following data certification processes:

A. CDCR Data provided as part of a court filing.

For data provided as part of a court filing, including Defendants' regular monthly reports, Defendants agree to provide a certification from a person with the personal knowledge required to authenticate the data, including the following information: (1) what the presented data purports to show; (2) the methodology, in detail, used to prepare and calculate the presented data, including the applicable business rules where appropriate; (3) the source(s) of the data; and (4) any changes made to the metric since the last time the data was used or presented in the case, where appropriate. The regular monthly reports currently required to be filed are:

1. CDCR Psychiatric Inpatient Programs Coleman Patient Census and Waitlist Report;
2. CDCR Mental Health Crisis Bed Patient Census and Waitlist Report;
3. Defendants' Psychiatric Inpatient Programs Census Report;
4. CDCR's Psychiatric Inpatient Timelines Compliance Report;
6. DSH's Psychiatric Inpatient Timelines Compliance Report;
7. CDCR Monthly Bed Utilization Report;
8. DSH Monthly Bed Utilization Report;
9. CDCR's desert transfer reports; and
10. Psychiatry allocation and vacancy reports.

Defendants agree to meet and confer with Plaintiffs with input from the Special Master, as to the precise language required for the certification.

B. DSH data that is not part of court filings.

The data produced by DSH was not at issue in the Coleman proceedings resulting from Dr. Golding's whistleblower report. Nonetheless, in an effort to ensure continued fidelity in its data, for one year from the date of this stipulation, DSH will provide the certification

identified above in Part A for the data underlying the following monthly reports:

1. DSH Coleman Patient Census and Waitlist Report;
2. DSH Psychiatric Inpatient Timelines Compliance Report;
3. DSH Monthly Bed Utilization Report; and
4. DSH Psychiatry allocation and vacancy reports.

C. Data submitted as part of regular monthly reports that are not filed with the Court.

For data submitted to the Special Master and Plaintiffs as part of regular reports not filed with the Court, Defendants agree to meet and confer with Plaintiffs and the Special Master to discuss which reports, if any, require certification, and what elements must be included in a certification. Given the volume of reports, Defendants believe that any reports requiring certification should be certified once or any time the reports are updated. At the conclusion of the meet and confer process, the parties will prepare and submit a stipulation to the Court on the certification process for 33 reports identified at pages 6 and 7 of Defendants' response to Plaintiffs' November 2019 proposal. (ECF No. 6384.)

D. Data submitted on an ad hoc basis.

Defendants will not be required to provide data certification for data submitted to the Special Master and Plaintiffs on an ad hoc basis, whether in connection with formal policy or workgroup meetings, or on an informal basis (essentially any data not covered in parts A through C above).

Let me know if you would like to meet to discuss the proposal. If Plaintiffs are in agreement we can submit it to the Court as a stipulation and proposed order.

Thank you,

Elise

---

**From:** Elise Thorn
**Sent:** Thursday, August 6, 2020 7:49 AM
**To:** 'Jessica Winter' <JWinter@rbgg.com>; Michael W. Bien <MBien@rbgg.com>; Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbgg.com>; Steve Fama <sfama@prisonlaw.com>
**Cc:** Nick Weber <Nicholas.Weber@cdcr.ca.gov>; Melissa Bentz <Melissa.Bentz@cdcr.ca.gov>; Stafford, Carrie C.@CDCR <Carrie.Stafford@cdcr.ca.gov>; Christine Ciccotti (Christine.Ciccotti@dsh.ca.gov) <Christine.Ciccotti@dsh.ca.gov>; Nina Raddatz <Antonina.Raddatz@dsh.ca.gov>; Kris Kent <Kristopher.Kent@dsh.ca.gov>; Adriano Hrvatin <Adriano.Hrvatin@doj.ca.gov>; Damon McClain <Damon.McClain@doj.ca.gov>; Kyle Lewis <Kyle.Lewis@doj.ca.gov>; Lucas Hennes <Lucas.Hennes@doj.ca.gov>; Tyler Heath <Tyler.Heath@doj.ca.gov>
**Subject:** RE: Coleman - Data Certification Proposal [IWOV-DMS.FID6429]

Jessica,

We are planning to get you a response with a proposal today.

Elise

**From:** Jessica Winter <JWinter@rbgg.com>
**Sent:** Wednesday, August 5, 2020 6:16 PM
**To:** Elise Thorn <Elise.Thorn@doj.ca.gov>; Michael W. Bien <MBien@rbgg.com>; Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbgg.com>; Steve Fama <sfama@prisonlaw.com>
**Cc:** Nick Weber <Nicholas.Weber@cdcr.ca.gov>; Melissa Bentz <Melissa.Bentz@cdcr.ca.gov>; Stafford, Carrie C.@CDCR <Carrie.Stafford@cdcr.ca.gov>; Christine Ciccotti (Christine.Ciccotti@dsh.ca.gov) <Christine.Ciccotti@dsh.ca.gov>; Nina Raddatz <Antonina.Raddatz@dsh.ca.gov>; Kris Kent <Kristopher.Kent@dsh.ca.gov>; Adriano Hrvatin <Adriano.Hrvatin@doj.ca.gov>; Damon McClain <Damon.McClain@doj.ca.gov>; Elise Thorn <Elise.Thorn@doj.ca.gov>; Kyle Lewis <Kyle.Lewis@doj.ca.gov>; Lucas Hennes <Lucas.Hennes@doj.ca.gov>; Tyler Heath <Tyler.Heath@doj.ca.gov>
**Subject:** RE: Coleman - Data Certification Proposal [IWOV-DMS.FID6429]

Dear Elise,

Do Defendants plan to offer a substantive proposal regarding certification briefing? If so, please provide one immediately so that we have time to review and respond prior to Friday's filing. If not, can we agree to file a short stipulation, agreeing to stand on the existing certification briefs?

Please let me know as soon as you are able.

Best,

Jessica

**From:** Jessica Winter <JWinter@rbgg.com>
**Sent:** Tuesday, August 4, 2020 10:31 AM
**To:** Elise Thorn <Elise.Thorn@doj.ca.gov>; Michael W. Bien <MBien@rbgg.com>; Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbgg.com>; Steve Fama <sfama@prisonlaw.com>
**Cc:** Nick Weber <Nicholas.Weber@cdcr.ca.gov>; Melissa Bentz <Melissa.Bentz@cdcr.ca.gov>; Stafford, Carrie C.@CDCR <Carrie.Stafford@cdcr.ca.gov>; Christine Ciccotti (Christine.Ciccotti@dsh.ca.gov) <Christine.Ciccotti@dsh.ca.gov>; Nina Raddatz <Antonina.Raddatz@dsh.ca.gov>; Kris Kent <Kristopher.Kent@dsh.ca.gov>; Adriano Hrvatin <Adriano.Hrvatin@doj.ca.gov>; Damon McClain <Damon.McClain@doj.ca.gov>; Elise Thorn <Elise.Thorn@doj.ca.gov>; Kyle Lewis <Kyle.Lewis@doj.ca.gov>; Lucas Hennes <Lucas.Hennes@doj.ca.gov>; Tyler Heath <Tyler.Heath@doj.ca.gov>
**Subject:** RE: Coleman - Data Certification Proposal [IWOV-DMS.FID6429]

Dear Elise,

Our briefing on data certification makes clear that, depending on context, Defendants' certifications can be subject to different levels of formality. We also made clear that we are open to negotiate with Defendants as to what individual data certifications would look like for less formal data representations. (See our briefing proposal at 11.) For

example, and as we explained on yesterday's call, when Nick Weber provides data in real-time during a workgroup in response to an ad hoc query, we do not expect him to provide a certification of that data in the moment.

We understood from yesterday's call that Defendants would be providing a substantive proposal regarding data points they would agree to certify. Without a substantive proposal from Defendants (and given the scope of Dr. Potter's role), there is no reason for us to change the proposal in our briefing. Please let us know if Defendants have a substantive proposal that would have an impact on the certification question.

Sincerely,

Jessica Winter

---

**From:** Elise Thorn <Elise.Thorn@doj.ca.gov>
**Sent:** Monday, August 3, 2020 4:57 PM
**To:** Michael W. Bien <MBien@rbgg.com>; Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbgg.com>; Steve Fama <sfama@prisonlaw.com>; Jessica Winter <JWinter@rbgg.com>
**Cc:** Nick Weber <Nicholas.Weber@cdcr.ca.gov>; Melissa Bentz <Melissa.Bentz@cdcr.ca.gov>; Stafford, Carrie C.@CDCR <Carrie.Stafford@cdcr.ca.gov>; Christine Ciccotti (Christine.Ciccotti@dsh.ca.gov) <Christine.Ciccotti@dsh.ca.gov>; Nina Raddatz <Antonina.Raddatz@dsh.ca.gov>; Kris Kent <Kristopher.Kent@dsh.ca.gov>; Adriano Hrvatin <Adriano.Hrvatin@doj.ca.gov>; Damon McClain <Damon.McClain@doj.ca.gov>; Elise Thorn <Elise.Thorn@doj.ca.gov>; Kyle Lewis <Kyle.Lewis@doj.ca.gov>; Lucas Hennes <Lucas.Hennes@doj.ca.gov>; Tyler Heath <Tyler.Heath@doj.ca.gov>
**Subject:** Coleman - Data Certification Proposal

Following up on this morning's teleconference with the Special Master and Dr. Potter, Defendants request that Plaintiffs provide, as a starting point to further discussions, an amended data certification proposal that clarifies the data points and reports that require certification. I believe you stated that Plaintiffs are not seeking a certification every time Defendants provide data to the Special Master or to Plaintiffs.

Thank you,

Elise

**Elise Owens Thorn | Deputy Attorney General | California Department of Justice**
Correctional Law Section | 1300 I Street | Sacramento, CA 95814
*t* (916) 210-7318 | *e* elise.thorn@doj.ca.gov

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.