XAVIER BECERRA, State Bar No. 118517
Attorney General of California
ADRIANO HRVATIN, State Bar No. 220909
Supervising Deputy Attorney General
KYLE A. LEWIS, State Bar No. 201041
ELISE OWENS THORN, State Bar No. 145931
TYLER V. HEATH, State Bar No. 271478
ROBERT W. HENKELS, State Bar No. 255410
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone:  (916) 210-73258
 Facsimile:  (916) 324-5205
 E-mail:  Tyler.Heath@doj.ca.gov
Attorneys for Defendants

ROMAN M. SILBERFELD, State Bar No. 62783
GLENN A. DANAS, State Bar No. 270317
ROBINS KAPLAN LLP
 2049 Century Park East, Suite 3400
 Los Angeles, CA  90067-3208
 Telephone: (310) 552-0130
 Facsimile:  (310) 229-5800
 E-mail: RSilberfeld@RobinsKaplan.com
*Special Counsel for Defendants*

# IN THE UNITED STATES DISTRICT COURT

# FOR EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>Defendants. | Case No.  2:90-cv-00520 KJM-DB (PC)<br><br>**DECLARATION OF ROMAN M. SILBERFELD**<br><br>Judge: The Hon. Kimberly J. Mueller |

I, Roman M. Silberfeld, declare as follows:

1. I am special counsel to the defendants in this matter.  I am familiar with the Court's recent orders and, in particular, the Court's July 30, 2020 order setting a briefing and hearing schedule regarding staffing and compliance with prior court orders that pertain to staffing levels.  When I became aware of the Court's July 30, 2020 order, and specifically the reference in that order to a possible population reduction, I began to consider the extent to which the preparation of evidence for the September 10, 2020 hearing would involve the use of expert testimony.

2.       I conducted an immediate search of the relevant scientific, social and medical literature pertaining to the provision of mental health services to an inmate population.  I also considered the recent literature about the effects of the pandemic on the provision of both mental and medical care to an inmate population.  I also reviewed the relevant literature pertaining to the provision of mental health care through the use of telepsychiatry methods.   I conducted these reviews for the purpose of trying to identify individuals and firms with deep knowledge of these issues who might act as experts on behalf of the defendants in this matter.  Over the course of the last two weeks, I identified a number of qualified individuals who could act as experts.  Some of my contacts were logistically unavailable such as a group of researchers in the United Kingdom. Other experts that I contacted had conflict of interest issues involving prior work on this matter that could not be overcome.  Others had time restrictions and project commitments that prevented their participation on behalf of the defendants in a timely manner.

3.       Between August 14 and 18, I held a series of conference calls and emails with an expert group that, in my opinion, can adequately address all of the issue raised by the Court's July 30. 2020 order.  I have retained this group to act as expert consultants, and perhaps expert witnesses, on behalf of the defendants in this matter.  My conversations with this expert group about the scope of work and the tasks to be accomplished makes clear that neither this group, nor any group, can adequately prepare for the briefing due on August 31, 2020 or the hearing on September 10, 2020.  The inability to prepare is not merely a function of the fact that the Court provided only 32 days' notice of the briefing and 42 days' notice of the hearing.  While these compressed time frames alone are a sufficient reason to not require briefing or hold a hearing at this time, there are equally compelling reasons that are not date or time dependent which compel the conclusion that the briefing and hearing contemplated by the Court's July 30, 2020 order should not take place until such time as the pandemic effects are sufficiently ameliorated so that the defendants, and its experts, can conduct an adequate review of systems, programs, practices and policies to present the defense perspective respecting the Court's order.  More specifically, I'm informed that the preparation by our experts will necessarily involve three work streams that simply cannot be conducted within a 30-day time period.  The first is data gathering through

document requests; second is staff and all stakeholder interviews and third, are tours of facilities to observe programs, operations, processes, and evaluate the physical plant status of various state institutions. Given the physical access restrictions imposed by CDCR and DSH, it is simply impossible to conduct tours of certain locations. Similarly, because of individual health issues and concerns, our experts are unable to travel to visit locations, even if those locations were open and available to them. For these reasons, the Court should grant the relief sought in this motion and defer both the briefing and hearing until such time as the pandemic effects are sufficiently abated to allow normal operations to resume which, in turn, will allow the defendants to prepare a proper defense presentation through their own witnesses and experts to address the concerns expressed in the Court's July 30, 2020 order.

4. The scale and scope of the expert consultation contemplated by the Court's July 30, 2020 order also provides an ample reason to put the briefing and hearing off for a substantial period of time. While it is true that the parties have been aware of the Court's intention to conduct a staffing hearing [such as the hearing that had been set for April 23, 2020], the first mention of population reduction as a means of potentially addressing staffing concerns occurred in the July 30, 2020 order. That reference, especially in view of the three judge court proceedings conducted earlier this year, came as a complete surprise to the defendants and we have moved expeditiously to address the Court's concerns since receiving that order. In this regard, we believe that a fair and full presentation of evidence in both the briefing responsive to the Court's questions and a hearing thereon necessarily involves the consideration of at least the following topics:

- Current and historical staffing ratios
- Current and historical efforts, methods, incentives and programs to hire additional psychiatrists
- The effect of telepsychiatry
- The effects of the pandemic
- The 10% hiring vacancy figure
- The performance of CDCR compared to other state prison systems

- • The public safety impact of a population release
- • The community safety net impact of a population release
- • The efficiency and efficacy of CDCR operations with its current staffing levels
- • The application of national prison operations best practices
- • Whether CDCR clinicians are currently and historically meeting the needs of the Coleman class population

5. These topics are weighty matters and require time and processes to be completed appropriately, none of which currently can be conducted in the pandemic environment in which the country, state and CDCR find themselves. For each and all of these reasons, the briefing and hearing schedule set forth in the Court's July 30, 2020 order should be stayed or taken off calendar until such time as the pandemic effects abate sufficiently to allow a semblance of normal operations to resume.

6. We met and conferred with Plaintiffs' counsel regarding a 60-day continuance of the dates contemplated by the Court's order. Plaintiffs' counsel refused to agree to an extension. As we retained our expert group and further analyzed the motion, we determined that a longer continuance was necessary and that a further meet and confer would be futile. This motion follows the failure of that meet and confer process.

7. The facts set forth herein are personally known to me and I could and would testify thereto if called upon to do so.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in Los Angeles, California on August 21, 2020.

By: /s/ *Roman M. Silberfeld*
ROMAN M. SILBERFELD