XAVIER BECERRA
Attorney General of California
MONICA N. ANDERSON
Senior Assistant Attorney General
ADRIANO HRVATIN
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
TYLER V. HEATH, State Bar No. 271478
KYLE A. LEWIS, State Bar No. 201041
LUCAS HENNES, State Bar No. 278361
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7325
  Fax: (916) 324-5205
  E-mail: Tyler.Heath@doj.ca.gov
*Attorneys for Defendants*

ROMAN M. SILBERFELD, State Bar No. 62783
GLENN A. DANAS, State Bar No. 270317
ROBINS KAPLAN LLP
  2049 Century Park East, Suite 3400
  Los Angeles, CA 90067-3208
  Telephone: (310) 552-0130
  Fax: (310) 229-5800
  E-mail: RSilberfeld@RobinsKaplan.com
*Special Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,** | 2:90-cv-00520 KJM-DB (PC) |
| Plaintiffs, | **DECLARATION OF KYLE A. LEWIS IN SUPPORT OF DEFENDANTS' MOTION FOR EXTENSION OF TIME TO IMPLEMENT TELEPSYCHIATRY POLICY** |
| v. | |
| **GAVIN NEWSOM, et al.,** | |
| Defendants. | |

I, Kyle A. Lewis, declare:

1. I am a Deputy Attorney General in the California Office of the Attorney General, representing Defendants in this matter. I submit this declaration in support of Defendants' motion for an extension of time to implement certain components of the California Department of Corrections and Rehabilitation's (CDCR) provisional telepsychiatry policy. I have personal knowledge of the contents of this declaration and could testify to them if called to do so.

1

Decl. K. Lewis Supp. Defs.' Mot. Ext. Time  (2:90-cv-00520 KJM-DB (PC))

2. On July 23 and 24, 2020, Defendants informed Plaintiffs and the Special Master that they wanted to assess potential impacts from COVID-19 on the implementation of CDCR's provisional telepsychiatry policy and further discuss those impacts with the parties, if necessary.

3. At the COVID-19 Task Force meeting conducted on August 11, Defendants raised the issue of delayed implementation of parts of the telepsychiatry policy due to COVID-19. The Special Master convened an All Parties Meeting on August 13, where the parties further discussed COVID-19's impacts on the implementation of the telepsychiatry policy.

4. Defense counsel spoke with the Special Master on August 17 regarding the need for more time to implement parts of the telepsychiatry policy. Thereafter, the Special Master directed his experts to place this issue on the agenda for the COVID-19 small work group meeting among clinicians, scheduled for August 19.

5. On August 20, Defendants met with the Special Master and members of his team regarding the need to for additional time to implement parts of the telepsychiatry policy. Following that meeting, the Special Master arranged a further meet and confer among the parties regarding this issue.

6. On August 21, Defendants, Plaintiffs, and the Special Master met and conferred regarding Defendants' need for additional time to implement certain aspects of the provisional telepsychiatry policy due to COVID-19 considerations. The Special Master stated that he would not approve a stipulation for additional time to implement aspects of CDCR's telepsychiatry policy due to COVID-19. Nevertheless, so Plaintiffs and the Special Master could consider their positions with a document clearly setting forth the grounds for CDCR's proposal for extra time, Defendants circulated a draft stipulation and proposed order extending the deadline for CDCR to fully implement its telepsychiatry policy to Plaintiffs and the Special Master that afternoon. Defendants have not received a response to this proposed stipulation. Given the telepsychiatry policy's current August 24 implementation date, Defendants moved for relief from that deadline, but they remain willing to negotiate with Plaintiffs and the Special Master to reach an appropriate stipulation that will allow CDCR to extend implementation of certain narrow components of the provisional telepsychiatry policy to keep inmates safe during this ongoing worldwide pandemic.

2

Decl. K. Lewis Supp. Defs.' Mot. Ext. Time  (2:90-cv-00520 KJM-DB (PC))

1   I declare under penalty of perjury that the information in this declaration is true and correct
2   to the best of my knowledge.  Executed on August 21, 2020, at San Francisco, California.

**/s/ Kyle A. Lewis**
Kyle A. Lewis

CF1997CS0003

3