IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME TO IMPLEMENT TELEPSYCHIATRY POLICY**<br><br>Judge:  The Hon. Kimberly J. Mueller |

On August 21, 2020, Defendants filed a motion to extend the deadline to implement certain components of the California Department of Corrections and Rehabilitation's (CDCR) February 12, 2020 provisional telepsychiatry policy because those components of the policy, which were drafted in a pre-COVID-19 world, are now unworkable in light of risks and operational limitations posed by the pandemic.  Defendants asked the Court to permit CDCR to temporarily refrain from implementing six different components of the telepsychiatry policy until it is prudent and safe to do so.  The Court grants the motion.

The parties began negotiating the telepsychiatry policy in January 2020 and reached an agreement on February 12.  (ECF No. 6539 at 1, 2.)  The parties filed a stipulation and proposed order on March 25.  (ECF No. 6517.)  On March 27, the Court approved the proposed order.

1

[Prop.] Order Granting Defs.' Expedited Mot. Extend Time (2:90-cv-00520 KJM-DB (PC))

(ECF No. 6539.)  The order gave Defendants 120 days to implement the new telepsychiatry policy.  (*Id.* at 2.)  When the 120-day period was due to expire in July, the parties obtained a thirty-day extension of time to implement the new policy.  (ECF No. 6789.)  This order anticipated that another extension of time might be necessary, given the disruptions caused by COVID-19.  (*Id.* at 2 ("If Defendants believe that a further extension of the implementation period is needed, they will meet and confer with Plaintiffs' counsel and the Special Master concerning an extension. If no agreement is reached, Defendants may seek an order from the Court extending the implementation period.").)  After meeting and conferring with Plaintiffs and the Special Master regarding their concerns on different occasions but not reaching an agreement, and with the thirty-day extension set to expire on August 24, Defendants moved the Court for an extension of time to implement certain aspects of the telepsychiatry policy impacted by COVID-19.

      Once a case schedule has been set, that schedule can be modified "only for good cause and with the judge's consent."  *See* Federal Rule of Civil Procedure 16(b)(4).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification."  *Id.*  Defendants have met this standard here, particularly given Dr. A Mehta's declaration testimony that implementing the full policy now, during an ongoing worldwide pandemic, is impractical and would be unsafe.  Plus, this extension of time to implement certain aspects of the telepsychiatry policy will not be permanent.  There are conditions that, when achieved, will remove the implementation delay that Defendants are seeking and allow those aspects of the provisional policy to be implemented.

      Accordingly, the Court holds in abeyance the requirement that CDCR implement the following six provisions of the provisional telepsychiatry policy that cannot be currently safely implemented:

    1.    The requirement for periodic site visits by all telepsychiatry line staff working in telepsychiatry hubs;

    2.    The requirement that telepsychiatrists work from CDCR-operated California hubs supervised by local civil service psychiatry supervisors;

    3.    The requirement that tele-presenters consist of only approved employee classifications;

    4.    The requirement that cell-front contacts do not constitute a Program Guide-required clinical contact;

    5.    The requirement that CDCR may not use telepsychiatry to treat patients in the Psychiatric Inpatient Programs and the Mental Health Crisis Bed units; and

    6.    The recommendations for responding to and preventing recurrence of patient refusals.

The Court further orders that, within ninety days of the entry of this order and every ninety days thereafter for as long as at least one of these components is being held in abeyance, the parties shall provide a status on these six policy components and the need for any other alternative measures to the telepsychiatry policy given COVID-19.

**IT IS SO ORDERED.**

Dated: August ___, 2020

                                                The Hon. Kimberly J. Mueller
U.S. District Court Judge

CF1997CS0003

3

[Prop.] Order Granting Defs.' Expedited Mot. Extend Time (2:90-cv-00520 KJM-DB (PC))