1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RALPH COLEMAN, et al.,                    No.  2:90-cv-0520 KJM DB

12              Plaintiffs,

13        v.                                   ORDER

14   GAVIN NEWSOM, et al.,

15              Defendants.

16

17

18            Defendants have filed a motion to continue the briefing deadline and the hearing

19   date set in this court's July 30, 2020 order, ECF No. 6794, or in the alternative for reconsideration

20   of that order.  ECF No. 6830.  Plaintiffs oppose the motion.  ECF No. 6835.  As requested, the

21   court has considered defendants' motion on an expedited basis.  For the reasons explained below,

22   the motion is denied.  The court, however, will extend by fourteen days the briefing deadline and

23   the hearing date set in the July 30, 2020 order, to September 14, 2020 by 5:00 p.m. and

24   September 24, 2020 at 9:00 a.m., respectively.  In addition, the third quarterly status conference

25   will be set for September 24, 2020 immediately following the 9:00 a.m. hearing.

26   I.     BACKGROUND

27            The relevant history leading to the July 30, 2020 order is set out in numerous

28   orders of this court, including but not limited to the July 30, 2020 order, ECF No. 6794, and the

                                          1

1   October 10, 2017 order setting a deadline for defendants to comply with their 2009 Staffing Plan

2   and the court-ordered maximum ten percent mental health staffing vacancy rate, ECF No. 5711.

3   That history is incorporated by reference in this order.

4   II.   REQUIREMENTS OF THE JULY 30, 2020 ORDER

5   In the July 30, 2020 order, the court reset the long-delayed hearing to enforce its

6   October 10, 2017 order.  ECF No. 6794 at 7-8.  The court also required the parties to address the

7   following in briefs due two weeks before hearing:

8   a. With specificity, the size of the reduction in the population of
    seriously mentally ill inmates in California's prison system at each
9   level of care that would be required for defendants to come into
    compliance with the ratios in the 2009 Staffing Plan.
10

11  b. Whether defendants can, within thirty days of any court order
    directing them to do so or sooner if the task is promptly undertaken,
    develop a plan in consultation with the Special Master and, as
12  necessary, plaintiffs' counsel that they will implement voluntarily
    and that will, not later than the end of one year, permanently reduce
13  the number of seriously mentally ill inmates to the number that will
    bring defendants into compliance with the requirements of the
14  October 10, 2017 order.

15  c. If the answer to question 1.b. is yes, a description of the general
    contours of such a plan.
16

17  d. As an alternative to a voluntary plan from defendants, what
    remedies are available to the court to enforce its October 10, 2017
    order with respect to defendants' 2009 Staffing Plan.
18

19  e. What remedies are available for the shortfall in staffing required
    for the psychiatric inpatient programs operated by the California
    Department of Corrections and Rehabilitation.
20

21  *Id*. at 8.

22  III.   DEFENDANTS' MOTION

23  A.      Defendants' Motion

24  Defendants seek an order continuing the dates set in the July 30, 2020 order and

25  directing the parties instead to provide briefing in January 2021 addressing the scheduling of new

26  dates.  Defendants make several general arguments in support of their motion:  (1) they need time

27  to prepare a "proper defense" to the issues raised by the July 30, 2020 order, including but not

28  limited to hiring and consulting with "subject matter experts in the area of correctional mental

2

1  health services and staffing," ECF No. 6830 at 7; (2) the court should reconsider the July 30,

2  2020 order because the size of the mental health population has decreased, calling into question

3  whether defendants' mental health staffing levels are in fact "insufficient to meet constitutional

4  obligations," *id.* at 11; (3) defendants are preparing a new staffing plan as well as finalizing a

5  staffing plan for the psychiatric inpatient programs (PIP), the latter of which at least requires

6  input from the Special Master and his data expert before defendants can complete the plan, *id.* at

7  11-12; and (4) neither the court nor the Special Master have clarified the constitutional

8  benchmarks defendants must meet, *id.* at 13-14.

9          B.     Plaintiffs' Opposition

10          Plaintiffs contend defendants' motion is a thinly veiled attempt to relitigate settled

11  questions and further delay enforcement of the staffing remedy.  ECF No. 6835 at 2-4.  Plaintiffs

12  also contend defendants are not currently faced with defending against a potential order to reduce

13  the population of seriously mentally ill state prisoners and are, instead, required to inform the

14  court whether they are voluntarily considering measures to reduce that population.  *Id.* at 4-5.

15  They argue neither the current population reductions nor defendants' ongoing work on a new

16  staffing plan are "new facts" that would support the motion:  the population reduction measures

17  were announced six weeks before the July 30, 2020 order, are not focused on the *Coleman* class

18  and, in any event defendants have relevant class size data readily available; and defendants have

19  been "working on a new staffing plan" since at least 2014 and have had ample time to develop

20  such a plan.  *Id.* at 5.  Finally, plaintiffs contend the staffing requirements are "crystal clear" and

21  that defendants' contention regarding lack of clear benchmarks is unavailing.  *Id.* at 6.

22  IV.    ANALYSIS

23          The court made several key findings in its October 10, 2017 order, which it

24  reiterated in the July 30, 2020 order, that guide the court's disposition of defendants' instant

25  motion:

26            The October 10, 2017 order explains the need for enforcement of
defendants' Staffing Plan and the June 13, 2002 order requiring a
27            maximum ten percent vacancy rate in mental health staffing. *See*
ECF No. 5711, *passim.* The court found the 2009 Staffing Plan was
28            developed by defendants to meet their constitutional obligations to

1

2

3

4

> the plaintiff class and the staffing ratios in that plan are properly viewed as the minima necessary to meet those constitutional obligations. *Id*. at 16-17. The court discussed defendants' heavy burden particularly where, as here, defendants have not come forward with any evidence that would justify further increases in those ratios, i.e., in the number of inmates per mental health staff person. *Id*. at 16-20.

5   ECF No. 6794 at 3-4.  As plaintiffs correctly observe, answering the first question raised by the

6   July 30, 2020 order requires "just arithmetic—applying the 2009 Staffing Plan ratios to determine

7   how many patients the existing workforce can serve."  ECF No. 6835 at 4.  Defendants' assertion,

8   that the population reductions to date are significant enough to "call into question the Court's

9   underlying assumption in the October 2017 order that CDCR's current mental health staffing

10  levels are insufficient to meet constitutional obligations," may be either proved or refuted by

11  applying the results of the calculation plaintiffs describe to the existing population of seriously

12  mentally ill inmates.

13        If application of the 2009 Staffing Plan ratios to the existing population of

14  seriously mentally ill inmates shows that the existing workforce can serve that population, the

15  issue posed by the court's second question then becomes the durability of those population

16  reductions, i.e., forecasting whether the population of  seriously mentally ill inmates will continue

17  to decline, will stabilize or will rise again if and when the current population measures defendants

18  have implemented in light of the COVID-19 pandemic are lifted.

19        If on the other hand application of the 2009 Staffing Plan ratios to the existing

20  population of seriously mentally ill inmates shows the existing workforce is insufficient to serve

21  that population, the court's second question requires defendants to focus on whether they will

22  voluntarily undertake reducing the population of seriously mentally ill inmates to the size that can

23  be served by the existing workforce.

24        All of the foregoing information can be gathered and analyzed within the original

25  time frame set by the July 30, 2020 order, which the court modifies only slightly in light of the

26  pending motion and plaintiffs' response.  To the extent defendants implicitly seek reconsideration

27  of the court's prior rulings, *see*, *e.g.*, *Coleman v. Newsom*, 424 F. Supp. 3d 925, 927-28 (E.D. Cal.

28  2019), the court declines to revisit those rulings or countenance a delay for that purpose.

4

1         In accordance with the above, IT IS HEREBY ORDERED that:

2         1.     Defendants' August 21, 2020 motion, ECF No. 6830, is DENIED.

3         2.     The date for filing briefs required by the court's July 30, 2020 order, ECF

4 No. 6794, is CONTINUED to September 14, 2020 at 5:00 p.m.

5         3.     The videoconference hearing set for September 10, 2020 is CONTINUED

6 to September 24, 2020 at 9:00 a.m.

7         4.     The third quarterly status conference is set for September 24, 2020

8 immediately following the hearing continued by this order.

9 DATED:  August 25, 2020.

10

11                               CHIEF UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28