1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RALPH COLEMAN, et al.,                          No.  2:90-cv-0520 KJM DB

12                    Plaintiffs,

13           v.                                        ORDER

14    GAVIN NEWSOM, et al.,

15                    Defendants.

16

17

18              Defendants have filed a motion for an extension of time to implement six

19    components of the California Department of Corrections and Rehabilitation (CDCR)

20    telepsychiatry policy the court provisionally approved, based on the parties' stipulation, on March

21    27, 2020, ECF No. 6539.  ECF No. 6833.  Plaintiffs oppose the motion.  ECF No. 6836.  As

22    requested, the court has considered defendants' motion on an expedited basis.  For the reasons

23    explained below, the motion is denied.

24    I.      BACKGROUND

25              The court has set out the relevant history leading to the adoption and provisional

26    approval of defendants' telepsychiatry policy in its orders of October 10, 2017, July 3, 2018 and

27    March 27, 2020 orders, ECF Nos. 5711, 5850, and 6539, among others.  *See also* Special

28

                                               1

Master's August 2, 2018 Report on the Proposed Telepsychiatry Addendum, ECF No. 5872. That history is incorporated by reference in this order.

II.        RELEVANT PROVISIONS OF THE MARCH 27, 2020 STIPULATION AND ORDER

On March 27, 2020, the court approved the parties' stipulation agreeing to a provisional period of eighteen months following "full implementation" of CDCR's telepsychiatry policy (hereafter policy) before incorporation of the policy into the Program Guide.  ECF No. 6539 at 2.  The eighteenth month period is intended to permit monitoring of the efficacy of the policy prior to its formal adoption as part of the Program Guide.  *See id*. at 2-3.  The deadline for "full implementation" was initially set for 120 days after court approval of the stipulation and the policy, or July 25, 2020.  *Id*. at 2; *see also* ECF No. 6789 at 1. The purpose of the 120-day period was to allow defendants to "complete the internal monitoring process which will allow Defendants to provide notice to Plaintiffs and the Special Master, as required by the provisional policy."  *Id*.  The policy requires defendants to provide the Special Master and plaintiffs' counsel with notice "if an EOP program does not have the on-site psychiatry required by th[e] policy for 30 consecutive calendar days," "if a telepsychiatrist is required to serve in an MHCB [mental health crisis bed unit] for greater than 14 consecutive calendar days," and/or if a telepsychiatrist is required to serve in a psychiatric inpatient program (PIP) for more than thirty days.  *Id*. at 7-8.

The parties' stipulation provided for the possibility of an extension of the 120-day period: "If Defendants believe that the 120-day period may need to be extended due to the COVID-19 pandemic impacts on CDCR, they will meet and confer with Plaintiffs' counsel and the Special Master concerning an extension. If no agreement is reached Defendants may seek an order from the Court extending the 120-day period."  *Id*. at 2.  In July, the parties stipulated to a thirty day extension of the 120-day period, to allow CDCR to "complete and validate the Telepsychiatry Resource Management Tool, train statewide institution staff to ensure accurate data entry, train headquarters staff to use the system and provide program oversight, and implement to [sic] tool throughout CDCR's mental health program sites."  ECF No. 6789 at 2. The stipulated request did not mention any possible delay in implementation of any of the substantive components of the telepsychiatry policy, including the six cited in defendants' present

2

1   request.  The court approved the thirty day extension, *id*. at 3, thereby extending the deadline to

2   August 24, 2020.  Defendants filed the pending motion on August 21, 2020, before expiration of

3   the extended deadline.

4   III.   DEFENDANTS' MOTION

5           A.    Defendants' Motion

6                 Defendants' motion is focused on six substantive provisions of the telepsychiatry

7   policy they contend cannot be fully implemented during the novel coronavirus (COVID-19)

8   pandemic due to public health measures they say are necessitated by the pandemic.  The six

9   provisions cover: site visits by telepsychiatrists; work from telepsychiatry hubs; staff that may

10  work as tele-presenters; prohibition on counting cell front contacts toward Program Guide patient

11  contact requirements; programs in which telepsychiatrists may work; and patient refusals of

12  psychiatric care based on concerns about COVID-19.  *See* ECF No. 6833 at 5-7.  Defendants seek

13  a variety of delays in full implementation of the policy, conditioned on continued regular

14  discussions of the status of implementation of the policy in the weekly COVID-19 Task Force

15  meetings and formal reassessment every ninety days, accompanied by a report to the court, of the

16  need, if any, for ongoing COVID-19 "alternative measures."  ECF No. 6833 at 7-8.  As the court

17  understands it, defendants appear to envision an open-ended process, with no particular end date.

18  The court assumes the weekly meetings defendants reference are those convened by the Special

19  Master.

20          B.    Plaintiffs' Opposition

21                Plaintiffs raise a number of arguments in opposition to the motion.  In essence,

22  plaintiffs contend "the express purpose of the original 120-day deferred implementation

23  period" and the thirty day extension of that period "was solely to provide Defendants time

24  to develop tracking and reporting tools."  ECF No. 6836 at 2.  Plaintiffs represent defendants

25  have reported that the tracking and reporting tools "are in fact now complete." *Id*. at 2.  Plaintiffs

26  argue that defendants' substantive departures from the telepsychiatry policy "are wholly

27  unsurprising and indeed had already been expressly highlighted for months in the parties'

28  Program Guide departures filings." *Id*. at 4.  Observing that the court has already declined to

3

1   approve indefinite departures from the required Program Guide level of care, *id.* at 6 (citing July

2   28, 2020 Order, ECF No. 6791, at 1-3), plaintiffs contend defendants' motion should be denied

3   and the eighteen month period for monitoring the telepsychiatry policy should "proceed as

4   scheduled." *Id*. at 8.

5   IV.   <u>ANALYSIS</u>

6          The court's resolution of defendants' motion requires determining whether "full

7   implementation" of the telepsychiatry policy is a necessary prerequisite to the start of the eighteen

8   month provisional period for monitoring the effectiveness and adequacy of the telepsychiatry

9   policy?  For the reasons explained below, the court concludes the answer is no.

10          Defendants' request proceeds from an ambiguity in the original stipulation

11   approved by the court.  In relevant part, the original stipulation provides:

12          The parties agree that this is a provisional policy that will not be
            part of the MHSDS Program Guide, and that the provisional period
13          will last eighteen months from the date of the policy's full
            implementation throughout CDCR, which will occur within 120
14          days of the date of the Court's approval of this stipulation. During
            this 120-day period, Defendants will complete the internal
15          monitoring process which will allow Defendants to provide notice
            to Plaintiffs and the Special Master, as required by the provisional
16          policy. If Defendants believe that the 120-day period may need to
            be extended due to the COVID-19 pandemic impacts on CDCR,
17          they will meet and confer with Plaintiffs' counsel and the Special
            Master concerning an extension. If no agreement is reached,
18          Defendants may seek an order from the Court extending the 120-
            day period. Defendants will provide regular updates to Plaintiffs'
19          counsel and the Special Master regarding the progress of
            developing and implementing the internal monitoring process.
20

21   ECF No. 6539 at 2.  Defendants' present request proceeds from a reading of the stipulation that

22   would require "full implementation" of the policy as a condition precedent to the start of the

23   eighteen month provisional period.  However, read in the broader context of the entire stipulation

24   and the subsequent stipulation for a thirty day extension, the purpose of the 120-day delay was to

25   allow completion of "the internal monitoring process," which would allow defendants to comply

26   with the notice requirements of the provisional policy, and not to require completion of the other

27   implementation related tasks.  Put another way, the parties agreed in February 2020 that the

28   telepsychiatry policy could be fully implemented and that the only reason to delay the start of the

1  eighteen month monitoring period was to allow defendants to implement necessary internal

2  monitoring mechanisms. The stipulation presented to the court suggested that COVID-19 might

3  delay defendants' ability to implement those internal monitoring mechanisms, but there is nothing

4  in the stipulation suggesting COVID-19 would delay "full implementation" of the policy.

5          Most importantly, defendants' motion arises from the impact of COVID-19 on

6  their ability to fully implement the policy, not COVID-19's impact on development and

7  implementation of the internal monitoring mechanisms necessary to provision of the notice the

8  policy requires.  Plaintiffs represent defendants have said they have developed and implemented

9  the internal monitoring mechanisms, and defendants make no showing to the contrary.  Thus, the

10  material condition for deferral of the eighteenth month period agreed to by the parties and

11  approved by the court has been satisfied and monitoring of the telepsychiatry should therefore

12  begin.

13          To the extent defendants seek the court's approval of delays in "full

14  implementation" of the policy, that request is denied.  As the court has previously recognized, the

15  COVID-19 pandemic is occasioning a number of temporary departures from remedial

16  requirements in this action.  *See* August 3, 2020 Order, ECF No. 6806, at 14.  The court also

17  acknowledges the departures in full implementation of the telepsychiatry policy described in

18  defendants' motion, as well as defendants' plans to proceed toward full implementation and their

19  commitment to continued regular discussions of the status of telepsychiatry implementation in the

20  Special Master's weekly COVID-19 Task Force meetings and the related clinicians' small work

21  group.  At the same time, the COVID-19 pandemic adds an increased level of urgency to the need

22  for assessing the extent to which telepsychiatry may or may not be effective for the delivery of

23  necessary psychiatric care to members of the *Coleman* class.  With the understanding that the

24  eighteen month monitoring period will start promptly now and that defendants will follow

25  through on the commitments made in their motion, the court looks forward to the next eighteen

26  months as a fruitful and enlightening period for assessing the proper role telepsychiatry may play

27  in the delivery of mental health care to the plaintiff class.

28  /////

5

1              In accordance with the above, IT IS HEREBY ORDERED that:

2              1.     Defendants' August 21, 2020 motion, ECF No. 6833, is DENIED.

3              2.     The eighteen-month period for monitoring the provisionally approved

4                   telepsychiatry policy shall start on October  1, 2020.

5  DATED:  September 21, 2020.

CHIEF UNITED STATES DISTRICT JUDGE