XAVIER BECERRA, State Bar No. 118517
Attorney General of California
ADRIANO HRVATIN, State Bar No. 220909
Supervising Deputy Attorney General
KYLE A. LEWIS, State Bar No. 201041
ELISE OWENS THORN, State Bar No. 145931
TYLER V. HEATH, State Bar No. 271478
LUCAS HENNES, State Bar No. 278361
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7318
  Fax: (916) 324-5205
  E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

ROMAN M. SILBERFELD, State Bar No. 62783
GLENN A. DANAS, State Bar No. 270317
ROBINS KAPLAN LLP
  2049 Century Park East, Suite 3400
  Los Angeles, CA 90067-3208
  Telephone: (310) 552-0130
  Fax: (310) 229-5800
  E-mail: RSilberfeld@RobinsKaplan.com
*Special Counsel for Defendants*

HANSON BRIDGETT LLP
PAUL B. MELLO, SBN 179755
LISA M. POOLEY, SBN 168737
SAMANTHA D. WOLFF, SBN 240280
LAUREL E. O'CONNOR, SBN 305478
1676 N. California Blvd., Suite 620
Walnut Creek, California 94596
Telephone:    925-746-8460
Facsimile:    925-746-8490

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GAVIN NEWSOM, et al. <br><br> Defendants. | Case No. 2:90-CV-00520- KJM-DB <br><br> **DEFENDANTS' OBJECTIONS TO THE DECLARATION OF JESSICA WINTER IN SUPPORT OF PLAINTIFFS' BRIEF REGARDING STAFFING AND POPULATION IN RESPONSE TO THE JULY 30, 2020 ORDER** <br><br> Judge: Hon. Kimberly J. Mueller <br> Date: September 24, 2020 <br> Time: 10:00 <br> Crtrm.: Video Conference |

16882893.3

DEFENDANTS OBJECTION TO THE DECLARATION OF JESSICA WINTER IN SUPPORT OF PLAINTIFFS' BRIEF REGARDING STAFFING AND POPULATION IN RESPONSE TO THE JULY 30, 2020 ORDER

Defendants Gavin Newsom, et al., hereby object to the following evidence presented by Plaintiffs Ralph Coleman, et al., in connection with Plaintiffs' Brief Regarding Staffing and Population in response to this Court's July 30, 2020 order.

## I. OBJECTION TO THE DECLARATION OF JESSICA WINTER IN SUPPORT OF PLAINTIFFS' MOTION REGARDING STAFFING AND POPULATION

| No. | EVIDENCE | OBJECTIONS | RULING |
|---|---|---|---|
| 1 | Exhibit A to the Declaration of Jessica Winter ("Winter Decl.") ¶ 2: Department of State Hospitals' ("DSH") Staffing Report for March 2017. | Irrelevant. (Fed. R. Evid. 401) A March 2017 *DSH* Staffing report bears no relevance on the Court's questions here regarding <u>current</u> CDCR staffing nor do Plaintiffs provide any rationale for its relevance. | |
| 2 | Exhibit D to the Winter Decl. ¶ 5: DSH Staffing Report for June 2017 | Irrelevant. (Fed. R. Evid. 401) A June 2017 *DSH* Staffing report bears no relevance on the Court's questions here regarding <u>current</u> CDCR staffing nor do Plaintiffs provide any rationale for its relevance. | |
| 3 | "In July and August 2019, I assisted my colleague Marc Shinn-Krantz in gathering evidence that overly restrictive custody conditions at the CHCF PIP were harming class members and had contributed to suicides that occurred shortly after discharge from the CHCF PIP." (Winter Decl. ¶ 9, 3:16-19.) | Lacks Foundation. (Fed. R. Evid. 602) Ms. Winter's overbroad statement about the cause of suicides is unsupported by any evidence, including the proffered Exhibit H, a letter written by Plaintiffs' counsel, which fails to show any system-wide correlation between "overly restrictive custody conditions" and suicides that occurred shortly after discharge. Instead, Exhibit H relies on Plaintiffs' counsel's conclusory and speculative hearsay statements to draw a conclusion about correlation based on just two examples. For these same reasons, this testimony is misleading, false, deceptive and therefore confusing. (Fed. R. Evid. 403)<br><br>Inadmissible Opinion Testimony/Speculative. (Fed. R. | |

-2-
DEFENDANTS OBJECTION TO THE DECLARATION OF JESSICA WINTER IN SUPPORT OF PLAINTIFFS' BRIEF REGARDING STAFFING AND POPULATION IN RESPONSE TO THE JULY 30, 2020 ORDER

16882893.3

| | | |
|---|---|---|
| | | Evid 701.)  Ms. Winter is not an expert, however the testimony in her declaration is based on technical knowledge within the scope of Federal Rules of Evidence, Rule 702. |
| 4 | "During the Special Master's tours we were informed and observed that the policy for movement of MAX custody patients was that they had to be cuffed and escorted individually to and from treatment settings."  (Winter Decl. ¶ 10, 3:25-27.) | Inadmissible hearsay. (Fed. R. Evid. 801(c), 802)  This testimony is based, at least in part, on information provided to Ms. Winter by unidentified third parties and is inadmissible as to the truth of those statements. Moreover, this testimony lacks foundation to the extent that the information cannot be verified through the Special Master's report for this tour, which has not yet been published.  (Fed. R. Evid. 602) |
| 5 | "At the CHCF PIP, staff also reported that if a single MAX custody patient was out of his cell for movement, no other class member could be out of their cell at the same time. This led to serious challenges in managing MAX custody patients and necessary treatment for all PIP patients when MAX patients were housed on the same units as non-MAX patients." (Winter Decl. ¶ 10, 3:27-4:3.) | Inadmissible hearsay. (Fed. R. Evid. 801(c), 802)  This testimony is based on information provided to Ms. Winter by unidentified third parties ("staff") and is inadmissible as to the truth of those statements.<br><br>Lacks foundation. (Fed. R. Evid. 602)  Ms. Winter's statement about the movement of MAX custody patients leading to "serious challenges" in managing MAX custody patients and treatment for PIP patients is unsupported by admissible evidence.  Moreover, this testimony further lacks foundation to the extent that the information cannot be verified through the Special Master's report for this tour, which has not yet been published.<br><br>Inadmissible Opinion Testimony/Speculative. (Fed. R. |

| | | | |
|---|---|---|---|
| | | Evid 701.) Ms. Winter is not an expert, however the testimony in her declaration is based on technical knowledge within the scope of Federal Rules of Evidence, Rule 702. | |
| 6 | "But he was still on MAX status at the CMF PIP, and this status was preventing his transfer from acute to intermediate care due to a shortage of MAX beds, and also was interfering with the amount and types of treatment he could receive." (Winter Decl. ¶ 11, 4:13-16.) | Lacks foundation. (Fed. R. Evid. 602) Ms. Winter fails to explain, with admissible evidence, how the patient's MAX status prevented his transfer from acute to intermediate care. Moreover, this testimony further lacks foundation to the extent that the information cannot be verified through the Special Master's report for this tour, which has not yet been published. Indeed, this statement is demonstrably false, as the evidence shows that CDCR was 100% compliant with transfer timelines for December 2019 and January 2020, the period during which Ms. Winters alleges the patient's transfer from acute to intermediate care was prevented. (ECF Nos. 6446 at 2 and 15; 6470 at 2, 15, 18-19.) For that reason, the testimony is also misleading, false, deceptive, and therefore confusing. (Fed. R. Evid. 403)<br><br>Inadmissible Opinion Testimony/Speculative. (Fed. R. Evid 701.) Ms. Winter is not an expert, however the testimony in her declaration is based on technical knowledge within the scope of Federal Rules of Evidence, Rule 702. | |
| 7 | "This example also demonstrates how the reflexive use of MAX status makes little sense, as the behavior in this case, indecent exposure, can occur just as easily in a case as it can | Lacks foundation. (Fed. R. Evid. 602) Ms. Winter's singular example is not demonstrative of anything because it is not based upon or | |

-4-
DEFENDANTS OBJECTION TO THE DECLARATION OF JESSICA WINTER IN SUPPORT OF PLAINTIFFS'
BRIEF REGARDING STAFFING AND POPULATION IN RESPONSE TO THE JULY 30, 2020 ORDER

16882893.3

| | |
|---|---|
| out of a cage." (Winter Decl. ¶ 11, 5:1-3.) | supported by admissible evidence.  Moreover, the statement relies on an unsupported assumption about the "reflexive use of MAX status."  This testimony further lacks foundation to the extent that the information cannot be verified through the Special Master's report for this tour which has not yet been published.<br><br>Inadmissible Opinion Testimony/Speculative. (Fed. R. Evid 701.)  Ms. Winter is not an expert, however the testimony in her declaration is based on technical knowledge within the scope of Federal Rules of Evidence, Rule 702. |

DATED:  September 22, 2020                         HANSON BRIDGETT LLP


By:       /s/ Paul B. Mello
          PAUL B. MELLO
          LISA M. POOLEY
          SAMANTHA D. WOLFF
          Attorneys for Defendants


DATED:  September 22, 2020                         Respectfully Submitted,

                                                   Xavier Becerra
                                                   Attorney General of California
                                                   Adriano Hrvatin
                                                   Supervising Deputy Attorney General



By:       /s/ Kyle A. Lewis
          KYLE A. LEWIS
          Deputy Attorney General
          Attorneys for Defendants

-5-
DEFENDANTS OBJECTION TO THE DECLARATION OF JESSICA WINTER IN SUPPORT OF PLAINTIFFS' BRIEF REGARDING STAFFING AND POPULATION IN RESPONSE TO THE JULY 30, 2020 ORDER

16882893.3

Case 2:90-cv-00520-KJM-SCR     Document 6878     Filed 09/22/20     Page 6 of 6

| | | |
|---|---|---|
| 1 | DATED: September 22, 2020 | ROBINS KAPLAN LLP |

By: ___*/s/ Roman Silberfeld*___
ROMAN SILBERFELD
GLENN A. DANAS
Special Counsel for Defendants

DEFENDANTS OBJECTION TO THE DECLARATION OF JESSICA WINTER IN SUPPORT OF PLAINTIFFS'
BRIEF REGARDING STAFFING AND POPULATION IN RESPONSE TO THE JULY 30, 2020 ORDER

16882893.3