UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No. 2:90-cv-0520 KJM DB P |
| Plaintiffs, | |
| v. | |
| GAVIN NEWSOM, et al., | ORDER |
| Defendants. | |

Defendants have filed a motion to modify three orders of this court: the March 8, 2017 order, ECF No. 5573, governing requirements for consultation with the Special Master; the December 15, 2017 order, ECF No. 5750, approving suspension of transfer timelines to inpatient care in "unusual circumstances; and this court's April 24, 2020 order, ECF No. 6639, relying on both the March 8, 2017 and December 15, 2017 orders, and holding the DSH Director is required to seek modification of court orders before acting unilaterally in violation thereof and temporarily modifying prior orders "to include COVID-19 screening in accordance with the protocols presented to this court and agreed upon by the parties. . . . ," *id.* at 11. On May 7, 2020, the court granted in part and denied defendants' motion for reconsideration of the April 24, 2020 order. May 7, 2020 Order, ECF No. 6660. On May 26, 2020, defendants filed a notice of appeal from

1

the April 24, 2020 and May 7, 2020 orders and "all earlier, non-final orders that produced the orders and are thereby merged with them."  ECF No. 6684.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.  *See*, *e.g.*, *United States v. Hitchmon*, 587 F.2d 1357 (CA5 1979).  *Cf. Ruby v. Secretary of United States Navy*, 365 F.2d 385, 389 (CA9 1966) (en banc) (notice of appeal from unappealable order does not divest district court of jurisdiction), *cert. denied*, 386 U.S. 1011 [ ] (1967)."  *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).  In *Ruby*, the United States Court of Appeals for the Ninth Circuit described the district court's discretion when faced with a notice of appeal from an arguably non-appealable order:

> Where the deficiency in a notice of appeal, by reason of untimeliness, lack of essential recitals, or reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction. If the district court is in doubt as to whether the notice of appeal is inoperative by reason of some such defect, it may decline to act further until the purported appellee obtains dismissal of the appeal in the court of appeals.

*Ruby*, 365 F.2d at 389.  The court does, however, retain jurisdiction to enforce orders that have not been stayed pending appeal or superseded.  *See Armstrong v.* Brown, 857 F.Supp.2d 919, 948-49 (N.D. Cal. 2012) (internal quotations and citations omitted), *order enforced* (Aug. 28, 2012), *order aff'd, appeal dismissed,* 732 F.3d 955 (9th Cir. 2013).

All three orders defendants seek to modify are covered by their pending appeal. After review of the record, and good cause appearing, the court declines to act on the pending motion unless and until the appeal is resolved by the court of appeals.

The court notes that at hearing on this motion, counsel for plaintiffs represented there are significant delays in transfers to inpatient care even for class members who are not subject to COVID-19 holds.  Defendants are reminded they must accurately report all delays in transfers to inpatient care on the monthly reports being filed with the court, including whether

those delays fall into any court-approved exception to timely compliance with the transfer timelines.

In accordance with the above, IT IS HEREBY ORDERED that defendants' August 31, 2020 motion to modify, ECF No. 6843, is denied without prejudice due to the pendency of defendants' appeal from the orders that are the subject of said motion.

DATED: September 25, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE