UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No. 2:90-cv-0520 KJM DB P |
| Plaintiffs, | |
| v. | |
| GAVIN NEWSOM, et al., | ORDER |
| Defendants. | |

    The court held a videoconference hearing on September 24, 2020 to hear from the parties regarding defendants' ongoing non-compliance with the court's October 10, 2017 order governing mental health care staffing, ECF No. 5711; to also hear defendants' August 31, 2020 motion to modify court orders, ECF No. 6843; and for purposes of conducting the third quarterly status conference for 2020.  This order addresses one item preliminary to further orders addressing the question of compliance with the October 10, 2017 order, resolves the parties' request to amend the schedule for filing joint updates on the work of the COVID-19 task force, and confirms the October 23, 2020 evidentiary hearing as previously set.  Defendants' motion to modify will be addressed in a separate order.

    At hearing, counsel for defendants represented that defendants could use the number of mental health positions actually filled, including telepsychiatrists, contractors,

psychiatric nurse practitioners (PNPs) and all providers who work under the supervision of a psychiatrist, to determine the size of the mental health population that can be served under the ratios required by the 2009 Staffing Plan.

      The 2009 Staffing Plan does not include a staffing ratio for PNPs and defendants have not yet formalized a policy in consultation with the Special Master outlining the role of PNPs in the provision of mental health care or their impact on the staffing ratios in the 2009 Staffing Plan. Recognizing this, and also that there is basic agreement among the parties that PNPs have a role to play, albeit one requiring careful clarification, in the provision of mental health care to class members, defendants will be directed to file a report within seven days, prepared under the Special Master's supervision, that describes with specificity and including charts as necessary the number of class members at each level of the Mental Health Care Delivery System (MHSDS) that can be served by the current filled mental health staffing positions using the positions and the ratios set out in the 2009 Staffing Plan, including telepsychiatrists as authorized under the provisionally approved telepsychiatry policy, as well as regular contractors, and allowing for a ten percent vacancy rate. Nothing in this order precludes defendants from also providing a second set of calculations that includes specific information about the number of class members at each level of the MHSDS that can be served if currently employed PNPs are included as providers. Should defendants choose to provide this second set of calculations they shall clearly identify the differences between the first set of calculations and the second set of calculations and describe with specificity the policy proposals for use of PNPs that underlie the second calculation. While the court remains open to an agreement of the parties approved by the Special Master concerning the use of PNPs, nothing in this order shall be construed as prior court approval of any such agreement or of the use of PNPs in achieving compliance with the October 10, 2017 order absent such approval.

      Additionally, at the status conference, the parties requested an adjustment to the time for filing joint updates on the work of the COVID-19 Task Force. The court approved a one week extension for filing the Sixth Joint Update. ECF No. 6883. The Sixth Joint Update is now

due Friday, October 2, 2020.  Thereafter, the updates shall be filed every four weeks until further order of the court.

With respect to the evidentiary hearing set for October 23, 2020, plaintiffs take the position the hearing should go forward; defendants disagree.  After consideration of the arguments of counsel, and good cause appearing, the October 23, 2020 hearing date is confirmed. Paragraph 3 of the court's August 3, 2020 order, ECF No. 6807, will be modified to require the parties to file a joint statement identifying witnesses and documentary evidence to be offered at hearing, with the joint statement filed on or before October 9, 2020.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants shall file the report on staffing capacity described above within seven days from the date of this order;
2. Following the filing of the Sixth Joint Updates on the Work of the COVID-19 Task Force on October 2, 2020, further Joint Updates shall be filed every four weeks;
3. The evidentiary hearing set for October 23, 2020 is confirmed; and
4. Paragraph 3 of the court's August 3, 2020 order, ECF No. 6807, is modified to require the parties to file, on or before October 9, 2020, a joint statement identifying witnesses and documentary evidence to be offered at hearing.

DATED:  September 25, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE