DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

CLAUDIA CENTER – 158255
DISABILITY RIGHTS EDUCATION
AND DEFENSE FUND, INC.
Ed Roberts Campus
3075 Adeline Street, Suite 210
Berkeley, California 94703-2578
Telephone: (510) 644-2555

MICHAEL W. BIEN – 096891
JEFFREY L. BORNSTEIN – 099358
ERNEST GALVAN – 196065
LISA ELLS – 243657
THOMAS NOLAN – 169692
JENNY S. YELIN – 273601
MICHAEL S. NUNEZ – 280535
JESSICA WINTER – 294237
MARC J. SHINN-KRANTZ – 312968
CARA E. TRAPANI – 313411
ALEXANDER GOURSE – 321631
AMY XU – 330707
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GAVIN NEWSOM, et al.,<br><br>    Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**[PROPOSED] ORDER REGARDING QUARANTINE AND ISOLATION**<br><br>Judge: Hon. Kimberly J. Mueller<br>Date: October 1, 2020<br>Time: 2:00 pm<br><br>Judge: Kimberly J. Mueller |

**PROPOSED ORDER**

The Court set this matter for expedited briefing on the question of whether the Defendants have addressed the needs of certain *Coleman* class members in the quarantine and isolation plans they have developed to address the COVID-19 pandemic. The Court directed Plaintiffs to file a motion on this question by close of business on September 25, 2020, and Defendants to file any opposition by close of business on September 29, 2020. The Court set the matter for a hearing on October 1, 2020.

Having considered the parties' briefs and arguments, as well as the orders on this issue in the *Plata v. Newsom* and *Armstrong v. Newsom* litigation, the Court finds that Defendants have not done enough to address the needs of *Coleman* class members in their quarantine and isolation plans. In order to approach a constitutionally adequate system of mental health care, Defendants must address the treatment and housing needs of patients who cannot function in a general population setting. The remedy in this case includes several specialized programs, including the Enhanced Outpatient Program (EOP) and several inpatient levels of care, delivered in CDCR's Psychiatric Inpatient Program (PIP) units, as well as Mental Health Crisis Beds (MHCBs). Each of these programs requires physical and programmatic separation from the general prison population in order to function properly. Defendants' quarantine and isolation plans, however, allow this physical separation to be erased in many instances, and in ways that are dangerous to the health and safety of *Coleman* class members. More work is needed in order to address these dangers. The Court orders several steps to accomplish this below. The Court finds that the relief ordered here is necessary to remedy the violation of federal rights, is narrowly tailored for that purpose, and is the least intrusive remedy available.

Defendants are ordered:

(1) to develop (within 14 days of this Order) a safe plan to set aside and maintain during the COVID-19 pandemic sufficient separate quarantine space for class members at the EOP and higher levels of care;

(2) to create (within 14 days of this Order) policies governing these higher-acuity

mental health patients in both quarantine and isolation settings, and

(3) to issue (within 7 days of this Order) an interim directive requiring all CDCR institutions to ensure separate programming and appropriate mental health care for these patients in existing quarantine and isolation spaces.

The Special Master is directed to consult with and assist Defendants as necessary to develop the above policies, plans and directives, and to monitor Defendants' compliance with these requirements.

DATED: _____, 2020

_____
Honorable Kimberly J. Mueller
Chief United States District Judge