| | |
|---|---|
| DONALD SPECTER – 083925<br>STEVEN FAMA – 099641<br>MARGOT MENDELSON – 268583<br>PRISON LAW OFFICE<br>1917 Fifth Street<br>Berkeley, California 94710-1916<br>Telephone: (510) 280-2621<br><br>CLAUDIA CENTER – 158255<br>DISABILITY RIGHTS EDUCATION<br>AND DEFENSE FUND, INC.<br>Ed Roberts Campus<br>3075 Adeline Street, Suite 210<br>Berkeley, California 94703-2578<br>Telephone: (510) 644-2555 | MICHAEL W. BIEN – 096891<br>JEFFREY L. BORNSTEIN – 099358<br>ERNEST GALVAN – 196065<br>LISA ELLS – 243657<br>THOMAS NOLAN – 169692<br>JENNY S. YELIN – 273601<br>MICHAEL S. NUNEZ – 280535<br>JESSICA WINTER – 294237<br>MARC J. SHINN-KRANTZ – 312968<br>CARA E. TRAPANI – 313411<br>ALEXANDER GOURSE – 321631<br>AMY XU – 330707<br>ROSEN BIEN<br>GALVAN & GRUNFELD LLP<br>101 Mission Street, Sixth Floor<br>San Francisco, California 94105-1738<br>Telephone: (415) 433-6830 |

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GAVIN NEWSOM, et al.,<br><br>    Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**JOINT LIST OF WITNESSES AND EXHIBITS FOR EVIDENTIARY HEARING CONCERNING CLASS MEMBER ACCESS TO DEPARTMENT OF STATE HOSPITALS PROGRAMS**<br><br>Date: October 23, 2020<br>Time: 10:00 a.m.<br>Crtrm.: Remote<br><br>Judge: Hon. Kimberly J. Mueller |

[3629211.7]

Pursuant to this Court's order dated August 3, 2020, ECF No. 6807, as confirmed and modified by the Court's September 25, 2020 Order, ECF No. 6886 at 3, the parties jointly submit the following list of witnesses and exhibits to be presented at the evidentiary hearing concerning class member access to Department of State Hospitals ("DSH") programs. The hearing is slated to commence on October 23, 2020 at 10:00 a.m. via videoconference. *See* September 25, 2020 Order, ECF No. 6886 at 3; Aug. 3, 2020 Order, ECF No. 6807 at 2. The Court provided the factual issues, burden of proof, and procedure for the evidentiary hearing in its May 7, 2020 Order. ECF No. 6660.

## I. PARTY STATEMENTS

### A. Defendants' Statement

**1. A Trial During a Pandemic on Patient Transfers That Are the Ongoing Subject of Special Master Task Force Meetings Is Inefficient and Unnecessary.**

On April 3, 2020, this Court issued an order to show cause why it should not order Defendants promptly to admit *Coleman* class members to *Coleman*-designated inpatient beds in DSH consistent with the protocols established for admission of Offenders with a Mental Health Disorder (OMHDs) to DSH facilities. (*see* ECF No. 4199). (ECF No. 6572.) The April 10 order set an evidentiary hearing for April 21 on emergency actions taken by Defendants to prevent the spread of COVID-19 at state hospitals and protect those treated there. On April 24, the Court continued the hearing to May 19 (ECF No. 6639), and on May 7 the Court confirmed the issues that would be the subject of the focused evidentiary hearing. (ECF No. 6660.) This hearing was subsequently continued to June 25, June 30, August 7, and finally October 23, 2020, based on the parties' joint representation that DSH is following Program Guide requirements for patient admissions, as modified by additional COVID-19 screening protocols. (ECF Nos. 6622, 6676, 6734, and 6807.) Plaintiffs have consistently taken that position in both the stipulations to continue the hearing on the order to show cause and in the weekly task force meetings with the Special Master.

On October 8, 2020, Defendants learned that Plaintiffs are altering the position they

[3629211.7]

1

JOINT LIST OF WITNESSES AND EXHIBITS FOR EVIDENTIARY HEARING CONCERNING CLASS MEMBER ACCESS TO DEPARTMENT OF STATE HOSPITALS PROGRAMS

have consistently presented to the Court over the past six months. That is, they now contend that Defendants have not been in compliance with the Program Guide requirements for transfer of patients to inpatient beds, as modified by the temporary addition of COVID-19 screening. Plaintiffs base this position on the fact that all patients currently accepted for transfer to DSH are at institutions CDCR has closed for movement due to outbreaks of COVID-19 at those institutions. However, three weeks ago, Defendants already reported to Plaintiffs they were working in the small workgroup, with the Special Master's experts, to find ways to identify patients who would not have significant COVID-19 exposure risk, such that they could safely transfer to DSH, despite the closure of their institution for movement. Those efforts are working, and as reported by Defendants last week, 2 of the 55 patients currently at institutions on hold, are scheduled for transfer, and more are planned in the coming weeks.

      As Defendants have stated repeatedly, this evidentiary hearing is not necessary given the weekly work in both the task force meetings with Plaintiffs and the Special Master and the small workgroup meetings with the Special Master's experts. The Special Master's experts were directly involved in the drafting of the criteria used to determine transfers to DSH. Further, the Special Master's experts continue to be directly involved in reviewing the inpatient referrals pending transfer to DSH, a process that should be allowed to proceed. Indeed, as Plaintiffs know, Defendants and members of the Special Master's team are actively discussing modifications to the inpatient transfer process in the forum created by this Court that would seemingly address whatever concerns that Plaintiffs may have about patients accepted for transfer but currently housed at institutions closed for movements. The evidentiary hearing now on calendar will disrupt the parties' collaborative discussion. Plaintiffs' witness list and proposed exhibits all point to an effort to second-guess the clinical reviews taking place under the guidance of the Special Master's experts. The hearing would only serve to litigate the problem, while in the middle of Defendants' efforts to fix it.

      Defendants intend to prove that they are in full compliance with the April 24 order,

[3629211.7]

2

JOINT LIST OF WITNESSES AND EXHIBITS FOR EVIDENTIARY HEARING CONCERNING CLASS MEMBER ACCESS TO DEPARTMENT OF STATE HOSPITALS PROGRAMS

that no deviations from the Program Guide are presently occurring in the transfer process, and that any deviations that may occur would be a permissible result of the COVID-19 screening allowed by the April 24 order or of emergency actions necessary to prevent the spread of COVID-19 among patients. To the extent that Plaintiffs now seek to expand the scope of this hearing beyond the questions posed by the Court's April 24 and May 7 orders and are ambushing Defendants with previously-unknown testimony regarding this expanded scope, Defendants object to this expansion. If the hearing is held, which Defendants do not believe is necessary, the scope of the hearing should be confined to the Court's narrow questions contained in its May 7 order. (ECF No. 6660.)

### B. Plaintiffs' Statement

After stating to Plaintiffs during a meet and confer call on October 8, 2020 that they would not incorporate in this joint filing anything other than the witness and exhibit lists required by this Court's order, Defendants included two pages of argument in their section, first shared with Plaintiffs at 11am on October 9, 2020, that fundamentally mischaracterize the task force proceedings and ignore the class member rights at issue. As Plaintiffs noted during the meet and confer on October 8, 2020, and Defendants agreed, Defendants are well within their rights to seek relief from the Court as they deem necessary. This joint filing is not the vehicle for doing so.

Regardless, Defendants' arguments that Plaintiffs somehow expanded the scope of the October 23 evidentiary hearing are wholly without merit. Plaintiffs certainly have not somehow waived the rights of class members to timely access to inpatient psychiatric hospitalization at the DSH beds reserved for their use by attempting to work with Defendants to find a mutually agreeable way to ensure clinically necessary transfers occur during the pandemic. But seven months after the onset of COVID-19, class member transfers to DSH have essentially ceased altogether (while continuing unabated for OMHDs) rather than increasing as Plaintiffs expected, even as the means to appropriately mitigate transmission risk have become both evident and available. The tempered but hopeful progress Plaintiffs previously referenced in agreeing to delay this necessary

evidentiary hearing has evaporated. And despite Defendants' claims that Plaintiffs blindsided them, Plaintiffs refused two months ago to take this hearing off calendar, as Defendants requested, precisely because early warning signs were surfacing. *See* Plfs' Request to Continue DSH Evidentiary Hrg. for 60 Days, ECF No. 6797 at 2-4 (July 30, 2020).

By the time of the September 24 status conference, it was manifestly evident any progress had been temporary. For example, in response to Defendants' representations that they had complied with the constitutional requirements for providing class members' timely access to psychiatric hospitalization at DSH, Plaintiffs responded,

> We strongly disagree with that. In the six weeks since we've filed our request to continue the hearing by 60 days, there has not been a single transfer [of a *Coleman* class member from CDCR to DSH]. In the last six weeks since we filed our request to continue the hearing by 60 days, the number of open ASH beds has doubled, from 40 to 80. The number of patients waiting past program guide time lines was nine at the time we filed. It's now 35.

*See* Reporter's Tr. of Proceedings, ECF No. 6889 at 59-60 (Sept. 28, 2020). Plaintiffs also pointed out that the few patients who had managed to transfer to DSH were "waiting weeks, if not a month," *after* their "COVID holds have been lifted" to do so. *Id.* at 60. Defendants did not contest a single one of these facts, and still do not.

In addition, in response to Defendants' request for clarification, the Court made clear the hearing would include consideration of appropriate public health measures:

> Consequently, the factual issues that will be the subject of this hearing are: (1) as required by the April 24, 2020 order, have DSH and CDCR been complying with Program Guide requirements, as modified by the temporary addition of COVID-19 screening, for transfer of class members to inpatient hospital beds; (2) if they are not complying with those requirements, in what way or ways are they deviating from those requirements; and (3) what is the rationale for any deviation.

Order, ECF No. 6660 at 2 (May 7, 2020). Defendants have always made clear their rationale for not transferring class members to DSH during the pandemic is a claimed public health rationale. *See* Reporter's Tr. of Proceedings, ECF No. 6889 at 61 (Sept. 28, 2020) (statement by Deputy Attorney General Kyle Lewis that, "on the DSH issue, many of these things are driven by conditions related to COVID, obviously the movement matrix

1  …which is something that is out there to protect the health and safety of all patients to
2  include *Coleman* class members"); Defendants' Statement, *infra* Section I.A.1. ("[A]ny
3  deviations [from Program Guide requirements] that may occur would be a permissible
4  result of the COVID-19 screening allowed by the April 24 order or of emergency actions
5  necessary to prevent the spread of COVID-19 among patients.").  And Plaintiffs made
6  clear in May, in preparing for this same hearing, that they intended to provide evidence to
7  rebut Defendants' claimed public health rationale.  Any surprise by Defendants is
8  feigned—at the expense, yet again, of severely mentally ill class members not receiving
9  constitutionally adequate or timely inpatient psychiatric hospitalization.

10         Defendants' June statement of the issues for this hearing, ECF No. 6733 at 3
11  (June 22, 2020), maintains they have complied with Program Guide requirements for
12  transfers to inpatient care, but as noted above Plaintiffs have never conceded that they have
13  done so.  The stipulations to delay the DSH hearing Defendants cite include the
14  expectation that the Special Master will continue to monitor referrals and transfers of class
15  members from CDCR to DSH closely and the parties will continue to negotiate related
16  issues.  *See, e.g.*, ECF Nos. 6622 at 3, 6676 at 4-5, 6734 at 2.  That Plaintiffs have been
17  willing to continue to work with Defendants in taskforce and other collaborative settings,
18  under the supervision of the Special Master, does not equal acquiescence to the denial of
19  constitutional rights to class members for the duration of the pandemic.  Furthermore,
20  Plaintiffs explicitly reserved their right to object to Defendants' claimed exceptions to
21  Program Guide requirements for inpatient transfers.  *See* Stip. & Prop. Order in Resp. to
22  April 17, 2020 Order, ECF No. 6679 at 5 (May 20, 2020) ("Plaintiffs reserve the right to
23  contest whether any failure to meet an inpatient and MHCB transfer timeline was due to
24  COVID-19.").  And Defendants' non-compliance with the Program Guide has only
25  increased in the fifteen days since the status conference, as the number of class members
26  languishing on a waitlist while awaiting transfer to DSH has ballooned from 35 to 55.
27  That Defendants have been granted reprieve after reprieve, after showing short-lived
28  superficial progress toward court-ordered requirements to transfer class members to

DSH—subject to ongoing negotiations, reserved objections by Plaintiffs, and close monitoring and careful review by the Special Master and Plaintiffs—does not amount to a concession that Defendants have satisfied their constitutional obligations. The October 23 evidentiary hearing is necessary and appropriate, and should commence as scheduled.

## II.   WITNESSES

### A.   Defendants' Witnesses:

Defendants intend to call the following witnesses at the October 23 evidentiary hearing in support of their response to the Court's May 7 order asking "have DSH and CDCR been complying with the Program Guide requirements, as modified by the temporary addition of COVID-19 screening, for transfer of class members to inpatient hospital beds[.]"

1. Dr. Joseph Bick, Director of Health Care Services for the California Department of Corrections and Rehabilitation and the California Correctional Health Care Services.
2. Dr. Katherine Warburton, Medical Director and Deputy Director of Clinical Operations for the California Department of State Hospitals.

Defendants object to any effort by Plaintiffs to expand the scope of the evidentiary hearing beyond the limited focus identified by the Court's May 7 order. To the extent that questions outside this scope are permitted, Defendants reserve the right to call rebuttal witnesses to address these questions.

### B.   Plaintiffs' Witnesses:

1. Dr. Adam Lauring, M.D., Ph.D.
2. Dr. Pablo Stewart, M.D.
3. Dr. Katherine Warburton, Ph.D.
4. Dr. Joseph Bick, M.D.
5. Dr. Amar Mehta, M.D.
6. Dr. Laura Ceballos, Ph.D.

Plaintiffs reserve the right to call rebuttal witnesses as necessary and appropriate.

## III. EXHIBITS

### A. Defendants' Exhibit List

To show that DSH and CDCR have been complying and continue to comply with the Court's April 24 order, Defendants intend to offer the following documentary evidence into the record during the October 23 evidentiary hearing:

1. Program Guide Chapters 1 and 6
2. 2017 DSH and CDCR Memorandum of Understanding Re Inpatient Treatment
3. Joint Policy and Procedure 3601 re: Referral, Admissions, and Movement
4. Program Guide Addendum Exceptions to ICF Transfers
5. DSH Directive lifting the suspension
6. Email to Special Master re: Suspension
7. Email to Plaintiffs re: Suspension
8. All DSH Transfer Guidelines issued since the suspension, including the protocol for transfers from closed institutions
9. CDCR Movement Matrix
10. CDCR's COVID-19 Inpatient Transfer policies including discussing treatment in place and restrictions on transfer
11. Policies reflecting DSH quarantine requirements at the three hospitals if there is a confirmed case
12. Appendix A updates and joint statements discussing policies regarding inpatient transfers
13. Number of Available Isolation Rooms at the three hospitals for cases
14. Amount of quarantine space available at the three hospitals
15. Documents Showing the Number of Cases and Deaths in Other State Hospitals
16. Number of transfers that have occurred since the suspension was lifted
17. Number of rejected referrals based on COVID-19 factors and documents formalizing the rejection/rescission
18. Number of rejected referrals due to improper clinical or custodial factors since COVID-19

[3629211.7]
7
JOINT LIST OF WITNESSES AND EXHIBITS FOR EVIDENTIARY HEARING CONCERNING CLASS MEMBER ACCESS TO DEPARTMENT OF STATE HOSPITALS PROGRAMS

19. Number of inmates on pending referral list at closed institutions

20. DSH waitlist as of March 16, 2020

21. CDCR pending referrals to DSH as of March 16, 2020

22. Weekly summary tables of inpatient transfers produced by DSH for COVID-19 Task Force meetings

23. Stephanie Clendenin, Director of the California Department of State Hospitals, by declaration[1]

### B. Plaintiffs' Exhibit List

Plaintiffs object to Defendants' vague list of undated documents, categories of documents, and descriptions of information rather than the exhibit list ordered by this Court. Plaintiffs request that the Court order the parties to exchange trial exhibits no later than October 14, 2020 to ensure adequate preparation time, with the understanding that the parties may supplement their exhibits in good faith.

Plaintiffs' exhibit list is attached hereto as **Attachment A**.

## IV. PROPOSED TIME LIMITATIONS ON WITNESS TESTIMONY

### A. Defendants' Proposal

To promote efficiency at the evidentiary hearing, Defendants propose the following hearing structure and time limits concerning witness testimony:

- Opening Statements:  5 minutes for each party.
- Direct examination:  30 minutes per witness.
- Cross-examination:  30 minutes per witness.
- Re-direct examination:  As permitted by the Court.
- Closing Statements:  10 minutes for each party.

### B. Plaintiffs' Proposal

Plaintiffs propose that each party be allotted three hours of total testimony to use at their discretion, including direct and cross-examination, plus re-direct examination as the

---

[1] This declaration will be limited to Director Clendenin's response to the Court's specific question concerning her knowledge of *Coleman* orders. (ECF No. 6639.)

1  Court permits.  Plaintiffs further propose that each party be allotted twenty minutes for
2  closing statements, and agree with Defendants that opening statements should be brief if
3  permitted at all.

4  DATED:  October 9, 2020           Respectfully submitted,

                                     ROSEN BIEN GALVAN & GRUNFELD LLP

                                     By: /s/ Jessica Winter
                                         Jessica Winter

                                     Attorneys for Plaintiffs

10 DATED:  October 9, 2020           XAVIER BECERRA
                                     Attorney General of California

                                     By: /s/ Lucas Hennes
                                         Lucas Hennes
                                         Deputy Attorney General

                                     Attorneys for Defendants

[3629211.7]

9

JOINT LIST OF WITNESSES AND EXHIBITS FOR EVIDENTIARY HEARING CONCERNING CLASS MEMBER ACCESS TO DEPARTMENT OF STATE HOSPITALS PROGRAMS

# Attachment A

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXHIBIT ID | DESCRIPTION | BATES NO. | OFFERED | ADMITTED |
|---|---|---|---|---|
| P-1 | Department of State Hospitals Weekly Summary Coleman Progress Reports (narrative) to present | | | |
| P-2 | Department of State Hospitals Weekly Summary Coleman Progress Reports (chart) to present | | | |
| P-3 | Weekly DSH Coleman Patient Census and Waitlist Reports to present | | | |
| P-4 | Weekly DSH Coleman Census by Unit Reports to present | | | |
| P-5 | Weekly DSH Coleman Discharge Reports to present | | | |
| P-6 | DSH OMD Admissions Reports for May 2 to present | | | |
| P-7 | Defendants' Supplemental Responses to Plaintiffs' First Set of Interrogatories, dated April 17, 2020 | | | |
| P-8 | Defendants' First Supplemental Responses to Plaintiffs' First Set of Interrogatories, dated April 30, 2020 | | | |
| P-9 | Defendants' Second Supplemental Responses to Plaintiffs' First Set of Interrogatories, dated June 22, 2020 | | | |
| P-10 | Defendants' Third Supplemental Responses to Plaintiffs' First Set of Interrogatories, dated July 22, 2020 | | | |
| P-11 | Defendants' Fourth Supplemental Responses to Plaintiffs' First Set of Interrogatories, dated August 24, 2020 | | | |
| P-12 | Defendants' Fifth Supplemental Responses to Plaintiffs' First Set of Interrogatories, dated September 22, 2020 | | | |

[3629544.2]

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXHIBIT ID | DESCRIPTION | BATES NO. | OFFERED | ADMITTED |
|---|---|---|---|---|
| P-13 | Net Bed Capacity Reports for the Department of State Hospitals as of September 1, 2020 | Bates Numbers 1820-1824 | | |
| P-14 | Net Bed Capacity Reports for the Department of State Hospitals as of August 1, 2020 | Bates Numbers 1815-1819 | | |
| P-15 | Net Bed Capacity Reports for the Department of State Hospitals as of July 1, 2020 | Bates Numbers 1709-1712 | | |
| P-16 | Net Bed Capacity Reports for the Department of State Hospitals as of June 1, 2020 | Bates Numbers 1709-1712 | | |
| P-17 | Net Bed Capacity Reports for the Department of State Hospitals as of May 1, 2020 | Bates Numbers 1589-1593 | | |
| P-18 | Net Bed Capacity Reports for the Department of State Hospitals as of April 1, 2020 | Bates Numbers 784-786 | | |
| P-19 | Net Bed Capacity Reports for the Department of State Hospitals as of March 1, 2020 | Bates Numbers 781-783 | | |
| P-20 | All System Wide Weekly Pending Placement Reports | | | |
| P-21 | DSH 2019 Novel Coronavirus (COVID-19) Patient Testing, approved on March 20, 2020 | Bates Numbers 098-100 | | |
| P-22 | Management of Patients Exposed or Confirmed to Have COVID-19, approved on March 20, 2020 | Bates Numbers 101-104 | | |

[3629544.2]

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXHIBIT ID | DESCRIPTION | BATES NO. | OFFERED | ADMITTED |
|---|---|---|---|---|
| P-23 | Addendum to DSH-ASH 2019-2020 Pandemic Plan Isolation Unit, last revised 3/13/2020 | Bates Numbers 105-106 | | |
| P-24 | Department of State Hospitals – Atascadero Business Continuity Plan for Response to Pandemic Emergency, July 15, 2019-July 15, 2020 | Bates Numbers 107-120 | | |
| P-25 | Department of State Hospitals-Coalinga, Business Continuity Plan for Response to Pandemic Emergency, approved on March 12, 2020 | Bates Numbers 672-684 | | |
| P-26 | Census by Unit Report as of April 13, 2020 | Bates Numbers 787-796 | | |
| P-27 | Blueprints for DSH-Metropolitan | Bates Numbers 797-804 | | |
| P-28 | Blueprints for DSH-Napa, Bates Number | Bates Numbers 804-812 | | |
| P-29 | DSH Management of COVID-19 Patients and Patients Under Investigation ("PUI"), updated May 29, 2020 | Bates Numbers 01507-1514 | | |
| P-30 | DSH Guidelines for the Screening of Healthcare Personnel ("HCP") for Coronavirus Disease (COVID-19), updated on May 22, 2020 | Bates Numbers 1515-1530 | | |
| P-31 | DSH Evaluation and Management of Patients with Symptoms Consistent with COVID-19 Disease, approved on April 9, 2020 | Bates Numbers 1531-1535 | | |
| P-32 | DSH COVID-19 Nursing Protocol, Isolation for Patients Being Tested or Under Investigation for COVID-19 | Bates Numbers 1607-1608 | | |

[3629544.2]

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| Exhibit ID | Description | Bates No. | Offered | Admitted |
|---|---|---|---|---|
| P-33 | DSH COVID-19 Nursing Protocol: Guidelines for Screening For COVID-19 and Transporting Patients Infected With Or Under Investigation Of COVID-19 | Bates Numbers 1611-1612 | | |
| P-34 | DSH Nursing Protocol for Admission, and Isolation of Patients, updated June 10, 2020 | Bates Numbers 1613-1629 | | |
| P-35 | COVID-19 Surveillance Testing for DSH Staff flowchart, approved on June 10, 2020 | Bates Number 1634 | | |
| P-36 | COVID-19 Patient Testing and Refusal, approved on June 10, 2020 | Bates Numbers 1635 | | |
| P-37 | COVID-19 Admission and Serial Testing flowchart, approved on June 8, 2020 | Bates Numbers 1638 | | |
| P-38 | COVID-19 Planning: Resuming Admission and Discharges, revised May 10, 2020 | Bates Numbers 1652-1660 | | |
| P-39 | DSH COVID-19 Hospital Admission-Discharge Plan, DSH-ASH | Bates Numbers 1661-1673 | | |
| P-40 | DSH COVID-19 Hospital Admission-Discharge Plan, DSH-CSH | Bates Numbers 1674-1678 | | |
| P-41 | DSH COVID-19 Hospital Admission-Discharge Plan, DSH-Metropolitan | Bates Numbers 1679-1684 | | |
| P-42 | DSH COVID-19 Hospital Admission-Discharge Plan, DSH-Napa | Bates Numbers 1685-1692 | | |

[3629544.2]

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXHIBIT ID | DESCRIPTION | BATES NO. | OFFERED | ADMITTED |
|---|---|---|---|---|
| P-43 | DSH COVID-19 Hospital Admission-Discharge Plan, DSH-Patton | Bates Numbers 1693-1705 | | |
| P-44 | DSH COVID-19 Admission Clearance Memo | Bates Numbers 1706-1707 | | |
| P-45 | COVID-19 Admission & Serial Testing flowchart, | Bates Number 1725 | | |
| P-46 | DSH Management of COVID-19 Patients and Patients Under Investigation ("PUI"), update approved 7/3/2020 | Bates Numbers 1726-1733 | | |
| P-47 | Photos of DSH Tents at Patton State Hospital | Bates Numbers 1776-1777 | | |
| P-48 | Program Flexibility Documents re: PSH Tents, dated July 21, 2020 | Bates Numbers 1778-1779 | | |
| P-49 | DSH Isolation Space Planning for COVID-19 Positive Patients and Patients Under Investigation; June 30, 2020, updated on July 21, 2020 | Bates Numbers 1783-1803 | | |
| P-50 | List of DSH Discharges from August 1-31, 2020 | Bates Numbers 1826-1835 | | |
| P-51 | DSH Management of COVID-19 Patients and Patients Under Investigation, update approved August 18, 2020 | Bates Numbers 1836-1844 | | |
| P-52 | DSH Guidelines for the Screening of Healthcare Personnel (HCP) for Coronavirus Disease (COVID-19), updated and approved on August 31, 2020. | Bates Numbers 1845-1856 | | |

[3629544.2]

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXHIBIT ID | DESCRIPTION | BATES NO. | OFFERED | ADMITTED |
|---|---|---|---|---|
| P-53 | The California Department of State Hospitals COVID-19 Transmission-Based Precautions and Testing, August 2020, update approved on September 18, 2020. | Bates Numbers 1857-1875 | | |
| P-54 | CCHCS Memo – 20-0410 MH HQ Memorandum – COVID Emergency MH Treatment Guidance | | | |
| P-55 | CCHCS Memo – 20-0417 COVID Emergency Mental Health Treatment Guidance for MAX Custody Patients & EOP COVID Temporary Transfer Guidelines | | | |
| P-56 | August 19, 2020 COVID Movement Matrix (Covid-19 Screening and Testing Matrix for Patient Movement) | | | |
| P-57 | September 18, 2020 CDPH Memo re Guidance for State Employees on COVID-19 | | | |
| P-58 | July 16, 2020 Updated Draft COVID Temporary Guidelines for Transfer to DSH Inpatient Care & DSH Admission and Testing Flowchart | | | |
| P-59 | June 19, 2020; June 12, 2020; May 15, 2020; April 15, 2020 revisions of COVID Temporary Guidelines for Transfer to DSH Inpatient Care | | | |
| P-60 | June 26, 2020 Email from Joe Moss re MH Movement Adjustments | | | |
| P-61 | June 19, 2020 Email from Joe Moss re Update: Immediate Cancellation of All Non-Essential Inmate Movement | | | |
| P-62 | May 22, 2020 Movement Matrix (Roadmap to Reopening & COVID Screening and Testing Matrix for Patient Movement, superseded) | | | |

[3629544.2]

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| Exhibit ID | Description | Bates No. | Offered | Admitted |
|---|---|---|---|---|
| P-63 | May 11, 2020 CCHCS Memo – COVID-19 Patient Movement for Mental Health Treatment | | | |
| P-64 | April 5, 2020 CCHCS Memo – COVID-19 Screening Prior to Mental Health Transfer | | | |
| P-65 | April 15, 2020 DSH Director Stephanie Clendenin Letter re Resuming Coleman Transfers | | | |
| P-66 | April 12, 2020 CCHCS COVID-19 Supplemental Memo | | | |
| P-67 | March 17, 2020 DSH Director Stephanie Clendenin Letter re Suspending Coleman Transfers | | | |
| P-68 | Special Master's Amended Report on Current Status of Coleman Class Members' Access to DSH, ECF No. 6579 (Apr. 6, 2020) | | | |
| P-69 | Special Master's Report on Mental Health Inpatient Care Programs, ECF No. 5894 (Aug. 30, 2018) | | | |
| P-70 | Inpatient Bed Utilization Reports, March to August 2020, ECF Nos. 6613, 6672, 6723, 6771, 6817, 6869 | | | |
| P-71 | CDCR Transfer Lists, weeks of 9/14 to 20 and 9/21 to 27 | | | |
| P-72 | August Program Compliance Supplemental Report | | | |
| P-73 | June 2020 California Department of Public Health Guidance, California SARS-CoV-2 Pandemic Crisis Care Guidelines: Concept of Operations Health Care Facility Surge Operations and Crisis Care | | | |
| P-74 | 2017 CDCR/DSH MOU – Intermediate + Acute Inpatient Programs | | | |
| P-75 | Policy 12.11.2101(A) re Referral and Admission Procedures & Addendum | | | |

[3629544.2]

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXHIBIT ID | DESCRIPTION | BATES NO. | OFFERED | ADMITTED |
|---|---|---|---|---|
| P-76 | July 28, 2020 email from Elise Thorn to Plaintiffs and Special Master team re Requirements for Transfers of Coleman Class Members to their Least Restrictive Housing | | | |
| P-77 | September 30, 2020 email from Laura Ceballos to Chiefs of Mental Health, re Referrals to Inpatient Levels of Care | | | |
| P-78 | April 24, 2020 email from Nicholas Weber to Plaintiffs and Special Master team re ULD LRH and Clinically Eligible [Patients] & attached ULD LRH Report | | | |
| P-79 | May 12, 2020 email from Nicholas Weber to Plaintiffs and Special Master team re May 12 2020 ULD LRH & attached ULD LRH Report | | | |
| P-80 | June 18, 2020 email from Kristopher Kent to Plaintiffs re Closure of DSH Patton | | | |
| P-81 | June 26, 2020 email from Kyle Lewis to Plaintiffs re New Restrictions on Transfers to DSH | | | |
| P-82 | July 24, 2020 email from Antonina Raddatz to Special Master team re CSH quarantine | | | |
| P-83 | July 29, 2020 email from Antonina Raddatz to Plaintiffs re ASH quarantine and PSH closure date | | | |
| P-84 | August 1, 2020 email from Christine Ciccotti to Plaintiffs re COVID-19 Deaths at DSH Coalinga and Patton | | | |
| P-85 | September 15, 2020 email from Nicholas Weber to Plaintiffs and Special Master team re MHSDS Population and COVID Data & Reports re APP, ICF, and MHCB transfers from closed institutions | | | |

[3629544.2]

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| Exhibit ID | Description | Bates No. | Offered | Admitted |
|---|---|---|---|---|
| P-86 | October 1, 2020 email from Melissa Bentz to Plaintiffs re Inpatient Referral Information | | | |
| P-87 | October 7, 2020 email from Lara Saich to Plaintiffs et al. re CDCR/CCHCS COVID Updates & Closed Movement Report | | | |
| P-88 | Spreadsheet of OMHDs admitted from CDCR since March 17, 2020 | | | |
| P-89 | Program Flexibility for ASH, dated 3/12/20 | Bates Numbers 15-16 | | |
| P-90 | Program Flexibility for CSH, dated 3/27/20 | Bates Numbers 17-18 | | |
| P-91 | Program Flexibility for PSH, dated 3/27/20 | Bates Numbers 19-20 | | |
| P-92 | Various floor plans | Bates Numbers 21-92 | | |

[3629544.2]