| | |
|---|---|
| XAVIER BECERRA, State Bar No. 118517<br>Attorney General of California<br>MONICA N. ANDERSON, State Bar No. 182970<br>Senior Assistant Attorney General<br>ADRIANO HRVATIN, State Bar No. 220909<br>Supervising Deputy Attorney General<br>ELISE OWENS THORN, State Bar No. 145931<br>TYLER V. HEATH, State Bar No. 271478<br>KYLE A. LEWIS, State Bar No. 201041<br>LUCAS HENNES, State Bar No. 278361<br>Deputy Attorneys General<br>  1300 I Street, Suite 125<br>  P.O. Box 944255<br>  Sacramento, CA 94244-2550<br>  Telephone: (916) 210-7318<br>  Fax: (916) 324-5205<br>  E-mail: Elise.Thorn@doj.ca.gov<br>*Attorneys for Defendants* | PAUL B. MELLO, State Bar No. 179755<br>LISA M. POOLEY, State Bar No. 168737<br>SAMANTHA D. WOLFF, State Bar No. 240280<br>LAUREL E. O'CONNOR, State Bar No. 305478<br>HANSON BRIDGETT LLP<br>  1676 N. California Boulevard, Suite 620<br>  Walnut Creek, CA 94596<br>  Telephone: (925) 746-8460<br>  Fax: (925) 746-8490<br>  E-mail: PMello@hansonbridgett.com<br>*Attorneys for Defendants*<br><br>ROMAN M. SILBERFELD, State Bar No. 62783<br>GLENN A. DANAS, State Bar No. 270317<br>ROBINS KAPLAN LLP<br>  2049 Century Park East, Suite 3400<br>  Los Angeles, CA 90067-3208<br>  Telephone: (310) 552-0130<br>  Fax: (310) 229-5800<br>  E-mail: RSilberfeld@RobinsKaplan.com<br>*Special Counsel for Defendants* |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                          Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>                          Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF PLAINTIFFS' EXPERTS ADAM SCOTT LAURING, M.D., Ph.D AND PABLO STEWART, M.D. AT THE OCTOBER 23, 2020 EVIDENTIARY HEARING ON TRANSFERS TO INPATIENT CARE** |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on October 23, 2013, at 9:00 a.m., Defendants will move the Court for an order excluding Plaintiffs from calling Drs. Adam Scott Lauring and Pablo Stewart as expert witnesses or submitting any evidence derived from Drs. Lauring or Stewart at

1

1  the October 23 evidentiary proceeding regarding the Department of State Hospitals' admissions
2  policy during the ongoing COVID-19 pandemic.
3      The Court should preclude the testimony of Drs. Lauring and Stewart because Plaintiffs
4  refused to disclose the opinions these experts will present or the basis for such opinions, in
5  violation of Federal Rule of Civil Procedure 26.  Plaintiffs' refusal to provide any specific
6  information regarding this purported expert testimony amounts to trial-by-ambush and prejudices
7  Defendants' ability to present a thorough defense consistent with due process.
8      Defendants base this motion on this Notice of Motion, the following Memorandum of
9  Points and Authorities, the declaration of counsel, the Court's file in this action, oral argument of
10 counsel, and any other matters that may come before the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION AND PROCEDURAL BACKGROUND.**

13     This motion in limine is necessary because as of October 22, 2020, on the eve of an
14 evidentiary hearing, Plaintiffs have not provided Defendants with the details related to the
15 opinions or the support for the opinions their experts will testify to at the October 23 hearing on
16 inpatient transfers.
17     The October 23 hearing was initially scheduled for April 21, 2020.  (ECF No. 6600.)  The
18 Court ordered that it would take "testimony from Dr. Warburton, Dr. Bick, and an expert to be
19 designated by plaintiffs not later than Wednesday, April 15, 2020 at 5:00 p.m."  (*Id.*)  Plaintiffs
20 identified Marc Stern, M.D. as their expert on April 15, and referred to his prior declarations filed
21 before the Three-Judge Court (ECF Nos. 6524, 6561) and his curriculum vitae. (ECF No. 6609.)
22 The evidentiary hearing was subsequently continued five times.  (ECF Nos. 6639, 6660, 6622,
23 6676, 6734, and 6807.)
24     On May 7, the Court clarified that "the factual issues that will be the subject of the hearing
25 are: (1) as required by the April 24, 2020 order, have DSH and CDCR been complying with the
26 Program Guide requirements, as modified by the temporary addition of COVID-19 screening, for
27 transfer of class members to inpatient hospital beds; (2) if they are not complying with those
28 requirements, in what way or ways are they deviating from those requirements; and (3) what is

2

Defs.' Mot. Exclude Pls.' Experts (2:90-cv-00520 KJM-DB (PC))

the rationale for any deviation." (*Id.* at 2.) The order also confirmed Dr. Stern as Plaintiffs' expert. (*Id.*) Following multiple continuances, on September 25, the Court confirmed the hearing for October 23 and directed the parties to file a joint witness and exhibit list by October 9. (ECF No. 6886.)

The parties met and conferred regarding their witness and exhibit lists on October 8. (ECF No. 6900.) At that meeting, Defendants learned for the first time that Plaintiffs would not be calling Dr. Stern, but instead had retained two other experts, Drs. Adam Lauring and Pablo Stewart. (Thorn Decl. ¶ 2.) Defendants asked Plaintiffs to identify the scope and extent of Drs. Lauring and Stewart's testimony, but Plaintiffs provided no substantive response, stating instead that they would send a list of the issues to be covered. (*Id.*) On October 9, the parties filed their joint statement identifying exhibits and witnesses. (ECF No. 6900.) Plaintiffs still provided no details regarding the proposed testimony of Stewart and Lauring. (*Id.*)

On October 9, Defendants asked Plaintiffs to submit offers of proof regarding Drs. Stewart and Lauring's testimony, including the relevancy of their testimony to the three specific questions raised by the Court and the issues upon which each expert will opine at the hearing. (Thorn Decl. Ex. A.) Defendants requested the information by October 12. (*Id.*) Plaintiffs responded on October 13, stating that Dr. Lauring "will speak to the appropriateness of Defendants' COVID-Related restrictions on transfers to DSH from a public health perspective." (*Id.*) Plaintiffs stated that Dr. Stewart "will speak to the harm to patients denied timely access to inpatient care at DSH due to Defendants' COVID-related restriction on transfers." (*Id.*) On October 20, Defendants again raised the issue of "the last-minute inclusion of Stewart and Lauring as witnesses" and Plaintiffs' failure to provide specifics as to the scope of their testimony and the records relied upon for their opinions. (Thorn Decl. Ex. B.) Plaintiffs' responded by referring Defendants to declarations the experts provided in other matters on different topics, none of which concerned the issues presented by the October 23 hearing. (*Id.*) Plaintiffs, again, failed to provide any specific information about the opinions the experts would provide, nor did they provide a list of the documents the experts used to support their opinions. (*Id.*) Defendants did what they could to get whatever information possible about Plaintiffs' late-disclosed experts to prepare for trial. On

3

the afternoon of October 22, the day before the hearing, Plaintiffs notified Defendants of additional exhibits they intend to use at the hearing, but provided no information on their experts' proposed testimony. (Thorn Decl. Ex. C.)

## II. PLAINTIFFS' FAILURE TO SUBMIT EXPERT DECLARATIONS OR REPORTS UNDER RULE 26 IN ADVANCE OF TRIAL VIOLATES THE FEDERAL RULES.

Federal Rules of Civil Procedure 26 requires parties to designate expert witnesses and disclose expert reports which "contain . . . a complete statement of all opinions the witness will express and the basis and reasons for them [and] the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B). Rule 37 further provides: "[i]f a party fails to provide information . . . as required by Rule 26 . . . the party is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Rule 37(c)(1) gives teeth to the requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). A court may limit expert witness testimony to matters disclosed in the expert report. *See Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782-84 (6th Cir. 2003). The party facing preclusion of evidence under Rule 37 "bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *R & R Sails, Inc. v. Ins. Co. of the State of Pennsylvania,* 673 F.3d 1240, 1246 (9th Cir. 2012). Plaintiffs here failed to meet these basic rules governing the use of experts, which apply in this case.

Plaintiffs failed to make any disclosures concerning Drs. Lauring and Stewart beyond advising that Dr. Lauring "will speak to the appropriateness of Defendants' COVID-Related restrictions on transfers to DSH from a public health perspective" and Dr. Stewart "will speak to the harm to patients denied timely access to inpatient care at DSH due to Defendants' COVID-related restriction on transfers." Those topics do not constitute "opinions" or provide any information regarding what they reviewed or their methodologies. The failure to provide the most basic information related to expert opinions will hamper Defendants' ability to conduct a comprehensive cross-examination of the witnesses. *See Yeti by Molly*, 259 F.3d at 1107

4

(affirming removal of expert testimony because expert report was disclosed to opposing party one month before trial); *NutraSweet Co. v. X–L Eng'g Co.*, 227 F.3d 776, 786 (7th Cir. 2000) (holding that non-disclosure of the expert's work "greatly hampered . . . [opponent's] ability to examine him"). Plaintiffs' conduct, particularly given Defendants' repeated efforts to obtain the information they are entitled to under Rule 26, was not harmless. The Court should exclude the testimony of Drs. Lauring and Stewart to ensure a fair hearing. *Anhing Corp. v. Thuan Phong Co. Ltd.*, 215 F. Supp. 3d 919, 931 (C.D. Cal. 2015).

### III. WITHOUT SUFFICIENT NOTICE OF THE EXPERTS' OPINIONS, DEFENDANTS CANNOT ASSESS WHETHER THE OPINIONS COMPLY WITH FEDERAL RULE OF EVIDENCE 702.

Under Rule 702 of the Federal Rules of Evidence, an expert may testify only if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. Expert testimony is inadmissible if it does not meet these requirements. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589-93 (1993). The proponent of the expert testimony must prove that the elements of Rule 702 have been met. *Id.*

Because Plaintiffs have not provided their experts' opinions or any details regarding their proposed testimony, including the basis for each opinion and the documents relied upon in reaching the opinion, Defendants cannot assess (or challenge) whether the experts' opinions meet the Rule 702 standards. Defendants object to Plaintiffs' attempt to circumvent rules designed to give all litigants (including Defendants in this long-standing class action) a fair opportunity to present their case.

### IV. CONCLUSION.

The Federal Rules of Civil Procedure were modified years ago to prevent litigation tactics leading to trial by surprise. Plaintiffs' conduct here flouts those rules, which speak to fundamental fairness and due process. After repeated requests, Plaintiffs still have only offered Defendants the slightest hint at the opinions they intend to elicit at the October 23 hearing, which

5

Defs.' Mot. Exclude Pls.' Experts (2:90-cv-00520 KJM-DB (PC))

1  inures exclusively to Defendants' prejudice.  The Court should reject Plaintiffs' gamesmanship
2  and preclude both Drs. Lauring and Stewart from testifying at the October 23 hearing.

Dated:  October 23, 2020                    Respectfully submitted,

XAVIER BECERRA
Attorney General of California
ADRIANO HRVATIN
Supervising Deputy Attorney General

/s/ DRAFT

ELISE OWENS THORN
Deputy Attorney General
*Attorneys for Defendants*

6