XAVIER BECERRA, State Bar No. 118517
Attorney General of California
MONICA N. ANDERSON, State Bar No. 182970
Senior Assistant Attorney General
ADRIANO HRVATIN, State Bar No. 220909
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
TYLER V. HEATH, State Bar No. 271478
KYLE A. LEWIS, State Bar No. 201041
LUCAS HENNES, State Bar No. 278361
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7318
  Fax: (916) 324-5205
  E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

PAUL B. MELLO, State Bar No. 179755
LISA M. POOLEY, State Bar No. 168737
SAMANTHA D. WOLFF, State Bar No. 240280
LAUREL E. O'CONNOR, State Bar No. 305478
HANSON BRIDGETT LLP
  1676 N. California Boulevard, Suite 620
  Walnut Creek, CA 94596
  Telephone: (925) 746-8460
  Fax: (925) 746-8490
  E-mail: PMello@hansonbridgett.com
*Attorneys for Defendants*

ROMAN M. SILBERFELD, State Bar No. 62783
GLENN A. DANAS, State Bar No. 270317
ROBINS KAPLAN LLP
  2049 Century Park East, Suite 3400
  Los Angeles, CA 90067-3208
  Telephone: (310) 552-0130
  Fax: (310) 229-5800
  E-mail: RSilberfeld@RobinsKaplan.com
*Special Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' REQUESTS TO HAVE EXHIBITS ADMITTED INTO EVIDENCE AFTER THE CLOSE OF WITNESS TESTIMONY AT THE OCTOBER 23, 2020 EVIDENTIARY HEARING** |

**BACKGROUND TO THIS LATEST DISPUTE**

Defendants object to Plaintiffs' attempt to admit 69 exhibits as evidence at the October 23, 2020 evidentiary hearing regarding Defendants' transfer of class members to inpatient care during the ongoing COVID-19 pandemic. These exhibits were never introduced at the hearing, let alone shown to a witness establishing the exhibits' foundation or relevance.

1

On October 9, the parties identified their proposed witnesses and exhibits for the October 23 hearing. (ECF No. 6900.) Plaintiffs' list included 92 proposed exhibits. (*Id*. at 12-20.) As ordered, the parties exchanged exhibits on October 16 (ECF No. 6886), and on October 22, at Plaintiffs' request, Defendants stipulated to the authenticity of exhibits previously produced by Defendants during the course of this litigation. (ECF No. 6919.) Defendants did not stipulate to any exhibit's admissibility. On October 23 and during the evidentiary hearing, Plaintiffs for the first time identified an additional 16 exhibits.

At the October 23 hearing, the parties identified and witnesses testified concerning a number of exhibits, the following of which were admitted into evidence: P-22, P-56, P-95, P-97, P-99, P-100, P-101, P-103, P-107, D-9, D-10, D-12, D-15, D-22, D-32, and D-43. (ECF No. 6923.) With the witnesses excused and evidence closed, Plaintiffs requested that 81 exhibits not previously offered through any witness be admitted into evidence.[1] Defendants objected, and the Court ordered the parties to meet and confer and file final exhibit lists by October 30. (*Id.*)

On October 26, Plaintiffs provided Defendants with a proposed list seeking to have most of the 81 exhibits admitted into evidence. Defendants object to Plaintiffs' last-minute attempt after a full day of witness testimony to admit these exhibits without establishing at trial, through a sponsoring witness or otherwise, the necessary foundation and relevance.[2] Plaintiffs' strategy prejudices Defendants, who did not stipulate to any exhibit's admissibility, as the tactic avoids the threshold step of assessing the foundation, relevance, and admissibility of evidence (including objections on hearsay grounds) for the case that Plaintiffs want to make against Defendants. Having failed to meet these basic evidentiary obligations with respect to the 69 exhibits, the Court should decline to accept them into evidence. Although inefficient and dilatory, should Plaintiffs continue to argue for these exhibits' admission into evidence, the Court should order Plaintiffs to

---

[1] This count is based on counsel's notes and the unofficial transcript of the hearing.

[2] The number of exhibits Defendants object to is based on Plaintiffs' updated exhibit list that withdraws previously identified exhibits and includes several exhibits admitted as Defendants' exhibits. Plaintiffs also seek to admit five exhibits that are filings on this case's docket. Without waiving any objection to the filings' substance or weight, the documents do not need to be admitted into evidence for the parties to reference them in their closing arguments.

2

Defs.' Obj. Pls.' Oct. 23, 2020 Hrg. Exhs.  (2:90-cv-00520 KJM-DB (PC))

make an offer of proof as to each, to which Defendants should be given an opportunity to respond in writing.

## DEFENDANTS' OBJECTIONS AND ARGUMENT

The October 23 hearing was set to examine three narrow questions the Court posed with respect to Defendants' transfer of class members to the Department of State Hospitals (DSH) for inpatient care. (ECF No. 6660 at 2.) The Court permitted Plaintiffs to conduct limited discovery, but, like in any federal case, if Plaintiffs wanted to use that discovery to make an evidentiary record at trial, they needed to meet several requirements to establish the discovery's foundation and relevance on Defendants' compliance with transfer timelines and if required, the justification for non-compliance with transfer timelines. (*Id.*) Plaintiffs did no such thing with almost seventy exhibits—instead, they waited until after a full day of testimony and the witnesses had been excused to request a wholesale admission of voluminous exhibits that were not once mentioned at trial. At this stage of what was supposed to be a focused hearing, and without a sponsoring witness, Plaintiff cannot establish grounds to admit the exhibits, given threshold foundational requirements, relevance considerations under Federal Rules of Evidence 401, 402, and 403, and potential hearsay objections under Federal Rules of Evidence 801, 802, and 803.

**I.    THE COURT MUST EXCLUDE EXHIBITS THAT LACK FOUNDATION AND WERE NOT INTRODUCED THROUGH A WITNESS TO ESTABLISH RELEVANCE.**

Fundamental principles of fairness require that exhibits purportedly authored and sponsored by Defendants are presented to their witnesses. Plaintiffs avoided this step in connection with the exhibits they now seek to admit into evidence, depriving Defendants of the opportunity to elicit testimony explaining the substance and information provided by any particular exhibit and prevent Plaintiffs from mischaracterizing the evidence or omitting relevant context for a given exhibit without any countervailing context or explanation.

The October 23 hearing focused on three narrow questions posed by the Court concerning compliance with the requirements for transfer of class members to inpatient care during an ongoing COVID-19 health crisis. And because Plaintiffs did not offer 69 exhibits through a sponsoring witness, Plaintiffs failed to show how any of the exhibits are relevant to the Court's

3

resolution of those issues.  Because Plaintiffs have not made any showing of the exhibits' relevance, the significant unfairness in introducing and admitting them into evidence without an opportunity for questioning prejudice Defendants and outweighs any potential relevance.  *See* Fed. R. Evid. 403.  As a result, the Court should exclude the following 69 Plaintiffs' exhibits from evidence:

- Exhibits P-1 through P-6, Department of State Hospitals Weekly Summary Coleman Progress Reports (narrative), Weekly Summary Coleman Progress Reports (charts), Weekly DSH Coleman Patient Census and Waitlist Reports, Weekly DSH Coleman Census by Unit Reports, and Weekly DSH Coleman Discharge Reports;
- Exhibit P-13, DSH OMD Admissions Reports;
- Exhibits P-14 through P-19, DSH Net Bed Capacity Reports;
- Exhibit P-20, DSH All System Wide Weekly Pending Placement Reports;
- Exhibit P-21, DSH 2019 Novel Coronavirus (COVID-19) Patient Testing, approved on March 20, 2020;
- Exhibit P-22, Management of Patients Exposed or Confirmed to Have COVID-19, approved on March 20, 2020;
- Exhibit P-23, Addendum to DSH-ASH 2019-2020 Pandemic Plan Isolation Unit, last revised 3/13/2020;
- Exhibit P-24, Department of State Hospitals – Atascadero Business Continuity Plan for Response to Pandemic Emergency, July 15, 2019-July 15, 2020;
- Exhibit P-25, Department of State Hospitals-Coalinga, Business Continuity Plan for Response to Pandemic Emergency, approved on March 12, 2020;
- Exhibit P-29, DSH Management of COVID-19 Patients and Patients Under Investigation ("PUI"), updated May 29, 2020;
- Exhibit P-30, DSH Guidelines for the Screening of Healthcare Personnel ("HCP") for Coronavirus Disease (COVID-19), updated on May 22, 2020;
- Exhibit P-31, DSH Evaluation and Management of Patients with Symptoms Consistent with COVID-19 Disease, approved on April 9, 2020;
- Exhibit P-32, DSH COVID-19 Nursing Protocol, Isolation for Patients Being Tested or Under Investigation for COVID-19;
- Exhibit P-33 DSH COVID-19 Nursing Protocol: Guidelines for Screening For COVID-19 and Transporting Patients Infected With Or Under Investigation Of COVID-19;
- Exhibit P-34, DSH Nursing Protocol for Admission, and Isolation of Patients, updated June 10, 2020;
- Exhibit P-35, COVID-19 Surveillance Testing for DSH Staff flowchart, approved on June 10, 2020;
- Exhibit P-36, COVID-19 Patient Testing and Refusal, approved on June 10, 2020;
- Exhibit P-38, COVID-19 Planning: Resuming Admission and Discharges, revised May 10, 2020;
- Exhibit P-39, DSH COVID-19 Hospital Admission-Discharge Plan, DSH-ASP;
- Exhibit P-40, DSH COVID-19 Hospital Admission-Discharge Plan, DSH-CSH;

4

Defs.' Obj. Pls.' Oct. 23, 2020 Hrg. Exhs.  (2:90-cv-00520 KJM-DB (PC))

- Exhibit P-41, DSH COVID-19 Hospital Admission-Discharge Plan, DSH-Metropolitan;
- Exhibit P-42, DSH COVID-19 Hospital Admission-Discharge Plan, DSH-Napa;
- Exhibit P-43, DSH COVID-19 Hospital Admission-Discharge Plan, DSH-Patton;
- Exhibit P-44, DSH COVID-19 Admission Clearance Memo;
- Exhibit P-45, COVID-19 Admission & Serial Testing flowchart;
- Exhibit P-46, DSH Management of COVID-19 Patients and Patients Under Investigation ("PUI"), update approved 7/3/2020;
- Exhibit P-49, DSH Isolation Space Planning for COVID-19 Positive Patients and Patients Under Investigation; June 30, 2020, updated on July 21, 2020;
- Exhibit P-51, DSH Management of COVID-19 Patients and Patients Under Investigation, update approved August 18, 2020;
- Exhibit P-52, DSH Guidelines for the Screening of Healthcare Personnel (HCP) for Coronavirus Disease (COVID-19), updated and approved on August 31, 2020;
- Exhibit P-53, The California Department of State Hospitals COVID-19 Transmission-Based Precautions and Testing, August 2020, update approved on September 18, 2020;
- Exhibit P-57, September 18, 2020 CDPH Memo re Guidance for State Employees on COVID-19;
- Exhibit P-59, June 19, 2020; June 12, 2020; May 15, 2020; April 15, 2020 revisions of COVID Temporary Guidelines for Transfer to DSH Inpatient Care;
- Exhibit P-60, June 26, 2020 Email from Joe Moss re MH Movement Adjustments;
- Exhibit P-61, June 19, 2020 Email from Joe Moss re Update: Immediate Cancellation of All Non-Essential Inmate Movement;
- Exhibit P-71, CDCR Transfer Lists, weeks of 9/14 to 09/20, 9/21 to 09/27; 09/28 to 10/04, 10/05 to 10/11, and 10/12 to 10/18 [REDACTED];
- Exhibit P-72, August Program Compliance Supplemental Report [REDACTED];
- Exhibit P-73, June 2020 California Department of Public Health Guidance, California SAR CoV-2 Pandemic Crisis Care Guidelines: Concept of Operations Health Care Facility Surge Operations and Crisis Care;
- Exhibit P-74 2017 CDCR/DSH MOU Intermediate + Acute Inpatient Programs;
- Exhibit P-75 Policy 12.11.2101(A) re Referral and Admission Procedures & Addenndum;
- Exhibit P-76, July 28, 2020 email from Elise Thorn to Plaintiffs and Special Master team re Requirements for Transfers of Coleman Class Members to their Least Restrictive Housing;
- Exhibit P-78, April 24, 2020 email from Nicholas Weber to Plaintiffs and Special Master team re ULD LRH and Clinically Eligible [Patients] & attached ULD LRH Report [REDACTED];
- Exhibit P-79, May 12, 2020 email from Nicholas Weber to Plaintiffs and Special Master team re May 12 2020 ULD LRH & attached ULD LRH Report [REDACTED];
- Exhibit P-80, June 18, 2020 email from Kristopher Kent to Plaintiffs re Closure of DSH Patton;
- Exhibit P-82, July 24, 2020 email from Antonina Raddatz to Special Master team re CSH quarantine;

5

Defs.' Obj. Pls.' Oct. 23, 2020 Hrg. Exhs. (2:90-cv-00520 KJM-DB (PC))

- Exhibit P-83, July 29, 2020 email from Antonina Raddatz to Plaintiffs re ASH quarantine and PSH closure date;
- Exhibit P-84, August 1, 2020 email from Christine Ciccotti to Plaintiffs re COVID-19 Deaths at DSH Coalinga and Patton;
- Exhibit P-85, September 15, 2020 email from Nicholas Weber to Plaintiffs and Special Master team re MHSDS Population and COVID Data & Reports re APP, ICF, and MHCB transfers from closed institutions [REDACTED];
- Exhibit P-86, October 1, 2020 email from Melissa Bentz to Plaintiffs re Inpatient Referral Information;
- Exhibit P-87, October 13, 2020 Email from DeAnna Gouldy to Plaintiffs et al. re Daily Department Operations Center Updates & Closed Movement Report;
- Exhibits P-89 though P-91, Program Flexibility for ASH, CSH and PSH;
- Exhibit P-93, October 12, 2020 email from Melissa Bentz to Plaintiffs and Special Master's team re the List of Patients Pending Transfer to DSH who are at Closed Institutions [REDACTED];
- Exhibit P-94, October 6, 2020 CDCR Memo – COVID Transfer Registry Now Available;
- Exhibit P-97, Personal Protective Equipment Statewide Inventory + Usage Report, March 31, 2020 to October 15, 2020;
- P-104 COVID-19 Guidance for Behavioral Health Residential Facilities (NCBH), March 25, 2020;
- Exhibit P-105, Patient 24 – MH Master Treatment Plan, September 29, 2020 [REDACTED];
- Exhibit P-106, Patient 39 – SRASHE, August 26, 2020 [REDACTED]; and
- Exhibit P-108, Department of State Hospitals, Bed Capacity Data As of October 1, 2020.

## II. PLAINTIFFS' EXHIBITS ARE OBJECTIONABLE ON OTHER GROUNDS, INCLUDING AS INADMISSIBLE HEARSAY.

In the normal course of a trial, Defendants would have the opportunity to raise any number of objections to Plaintiffs' proffered exhibits, including as hearsay under Federal Rule of Evidence 801. On the current record, Defendants' hands are tied, because Plaintiffs made no offer of proof during trial with respect to the objectionable exhibits to allow the parties to litigate and the Court to resolve any hearsay objections. For example, many of Plaintiffs' 69 exhibits were produced by Defendants either informally through the COVID-19 task force meetings or in response to Plaintiffs' discovery requests. But that Defendants are the source of the documents does not render them admissible. Indeed, the parties' stipulation as to authenticity expressly reserved to the parties "all other objections afforded by the Federal Rules of Evidence and Federal Rules of Civil Procedure as to the ultimate admissibility of all documents exchanged by the

6

Defs.' Obj. Pls.' Oct. 23, 2020 Hrg. Exhs.  (2:90-cv-00520 KJM-DB (PC))

1  parties during discovery." (ECF No. 6919 at 2.)  Plaintiffs cannot simply assert that the

2  documents were produced by Defendants in discovery to establish their admissibility.

3       On the other hand, some of Plaintiffs' exhibits—namely, P-60, P-61, P-65, P-67, P-76, P-

4  78, P-79, P-80, P-82, P-83, P-84, P-85, and P-86— are letters and e-mails from various authors

5  that are clearly hearsay and do not appear to fall within any recognized exception.  Plaintiffs'

6  exhibits P-104, P-105, and P-106 likewise have no sponsoring witness and are not documents

7  produced by Defendants.  Exhibit P-104, for instance, is listed on Plaintiffs' exhibit list as the

8  COVID-19 Guidance for Behavioral Health Residential Facilities (NCBH)—Plaintiffs made no

9  showing at trial to overcome a hearsay objection to this out-of-court statement.  Exhibits P-105

10  and P-106 are patient records and apparently hearsay, but because Plaintiffs did not seek to have

11  the records admitted at trial through a witness, Plaintiffs failed to create an adequate record to

12  evaluate the exhibits' admissibility.  Notwithstanding a full and fair opportunity to do so,

13  Plaintiffs' last-minute effort to have 69 exhibits admitted into evidence prejudices Defendants.

## CONCLUSION

15       To ensure that the rules of fair play and trial practice apply to all parties, the Court should

16  exclude the 69 exhibits Plaintiffs seek to admit into evidence without a sponsoring witness.  The

17  current record provides no foundational or evidentiary support to admit the exhibits into evidence.

18  But if the Court allows Plaintiffs to make offers of proof after the fact, Defendants request that

19  the Court pause any evidentiary rulings so that Defendants can have an opportunity to address

20  those offers in writing.

Respectfully submitted,

Dated:  October 30, 2020

XAVIER BECERRA
Attorney General of California
ADRIANO HRVATIN
Supervising Deputy Attorney General

/s/ *Elise Owens Thorn*

ELISE OWENS THORN
Deputy Attorney General
*Attorneys for Defendants*

7

Defs.' Obj. Pls.' Oct. 23, 2020 Hrg. Exhs.  (2:90-cv-00520 KJM-DB (PC))