REICHMAN JORGENSEN LLP
SHAWNA BALLARD, State Bar No. 155188
KATE FALKENSTIEN, State Bar No. 313753
 100 Marine Parkway, Suite 300
 Redwood Shores, CA  94065
 Telephone:  (650) 623-1401
Fax:  (650) 623-1449
Email:  sballard@reichmanjorgensen.com
        kfalkenstien@reichmanjorgensen.com

*Attorneys for Plaintiff-Intervenor Christopher Lipsey*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.** | Case No. CIV S-90-0520 KJM DB P |
| Plaintiffs, | **CHRISTOPHER LIPSEY'S COMPLAINT IN INTERVENTION** |
| v. | |
| **GAVIN NEWSOM, et al.,** | Judge:        Hon. Kimberly Mueller |
| Defendants. | |

1.      Since 2013, Plaintiff Christopher Lipsey has been subject to a cacophonous system of "Guard One welfare checks" that require officers to strike a metal button with a metal rod every thirty minutes, 24 hours a day, on each cell in the Security Housing Units and Administrative Segregation Units.

2.      This system is intended to reduce inmate suicides, but instead subjects inmates to torturous and unconstitutional sleep deprivation in the process of checking whether they remain alive.

3.      This sleep deprivation has caused Lipsey to suffer physical, psychological, and emotional harm.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiff seeks declaratory and injunctive relief under 28 U.S.C. §§ 1343, 2201, and 2202 and 42 U.S.C. § 1983.

5.      Venue is proper under 28 U.S.C. § 1391(b)(1) because, upon information and belief, Kathleen Allison resides in the Eastern District of California.

6.      Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims are occurring in the Eastern District of California, where Kern Valley State Prison is located.

## PARTIES

7.      Plaintiff Christopher Lipsey is an inmate imprisoned by the California Department of Corrections and Rehabilitations, currently at Kern Valley State Prison.

8.      Defendant Kathleen Allison is currently the Secretary of the California Department of Corrections and Rehabilitation (CDCR) and is sued in her official capacity.

## FACTUAL ALLEGATIONS

### *The CDCR Requires the Use of the Guard One System, Which Awakens Inmates Throughout the Night, in All Its Restricted Housing Units.*

9.      The CDCR requires officers to conduct Guard One checks in the Security Housing Units (SHU), Administrative Segregation Units (ASU), Psychiatric Services Units (PSU), and Condemned Housing Units in all its prisons.  Every CDCR prison has an ASU.

1

10.     Under the Guard One system, floor correctional officers walk through each unit every thirty minutes, 24 hours a day, to conduct "welfare checks."

11.     To conduct the round of checks, the floor officer hits a metal button on each cell with a metal Guard One pipe.  This electronic pipe records when and where it has connected with the metal buttons, creating a log of which buttons the officer has pushed.

12.     The Corcoran SHU contains three sections.  Each section of the Corcoran SHU contains 22 cells.  The floor correctional officer hits the metal Guard One button on all 22 cells in each of the three sections during each round of checks.

13.     The metal-on-metal contact between the Guard One pipe and the metal buttons creates a loud noise.

14.     It is not uncommon for officers to attempt to strike the button repeatedly, making multiple loud noises by striking metal on metal repeatedly, because they miss the button or want to ensure that their checks are logged.  The officers often hit the button harder than necessary as they grow tired of the repetitive nature of the checks.

15.     During the day and sometimes also at night, the pipe also emits a loud, high-pitched beep to notify the officers that their checks have been logged.

16.     Even though the purported purpose of the Guard One system is to confirm that floor officers are conducting suicide checks, many officers often do not even look inside Lipsey's cell during the checks. The Guard One system does not even guarantee that a cell has been checked, because an officer can hit the button without looking inside the cell.

17.     The correctional officers carry large rings of keys which rattle loudly as the officers walk through the pods.

### *The Guard One Checks Subject Lipsey to Sleep Deprivation.*

18.     Lipsey has been subject to Guard One checks in various prisons over the past 6 years.  He was first subject to the checks in the Pelican Bay ASU in May 2013.

19.     Most recently, Lipsey was assigned to the Kern Valley ASU in or around May 2020, pending the adjudication of a criminal case against him in Kern County.  That case is currently scheduled for trial on December 21, 2020.

2

20.     Lipsey remains in the Kern Valley ASU, and he is subject to the Guard One checks every thirty minutes.

21.     The Guard One checks make enough noise to awaken Lipsey. The system generates noise from the metal-on-metal contact when the Guard One pipe strikes the metal buttons and from the associated beep, as well as the noise of the officer's keys clanging as he walks through the pod.

22.     Several officers have admitted, through written Request for Interview forms on CDCR Form 22, that the metal-on-metal contact is loud enough to be audible even over the beep.

23.     At the Kern Valley ASU, Lipsey can hear the noise not only from the Guard One check performed at his own cell, but also the checks on the other cells in his section and some of the cells in the neighboring section.

24.     The cell door is made of perforated metal and does not muffle the noise at all. The Guard One button is mounted on a metal plate throughout the CDCR system.

25.     At all other SHUs and ASUs where Lipsey has been incarcerated and subject to Guard One checks, he could hear the checks being conducted on nearby cells as well as at his own cell.

26.     This noise, from several dozen metal-on-metal strikes every thirty minutes, awakens Lipsey repeatedly during the night. Once he wakes up, it is difficult for him to fall asleep again, because he is roused by another round of Guard One checks within thirty minutes, just as he is beginning to fall asleep again after having been previously awakened by the prior rounds of checks.

27.     Lipsey typically alternates between nights with very limited sleep (approximately 2 to 3 hours, broken into smaller chunks interrupted by Guard One checks) and nights with more sleep (6 to 7 hours). After a night with very limited sleep, Lipsey is so tired that he is sometimes able to sleep through the checks the next night. But the following night, after sleeping more, he again suffers a night of only 2 to 3 hours of sleep.

28.     Before the Guard One checks were implemented, Lipsey slept 7 to 8 hours per night in the Pelican Bay ASU, typically without waking up during the night.

29.     Lipsey has suffered medical problems from sleep deprivation, including headaches, dizziness and sudden fainting, an increased heart rate, blurred vision, excessive hunger, changes in

3

1    weight, body cramps, irritability, anxiety, mood swings, memory loss, and inability to concentrate.

2    Before his incarceration in the SHU and ASU with Guard One checks, Lipsey had never

3    experienced these symptoms.

4         30.    Lipsey's irritability from sleep deprivation has led to conflict in his relationship with

5    his mother. She has cut off contact with Lipsey, causing him severe emotional distress.

6         31.    Lipsey has been diagnosed with schizoaffective disorder, which involves symptoms

7    of both schizophrenia and depression. The sleep deprivation caused by Guard One exacerbates both

8    sets of symptoms. Lipsey has experienced more hallucinations, begun hearing voices, and suffered

9    greater depression and thoughts of self-harm and suicide since the Guard One checks began.

10        32.    The Guard One system also prevents Lipsey from concentrating during the day. He

11   cannot effectively work on his legal appeals or think clearly. The constant noise exacerbates his

12   symptoms during the day as well.

13   ***Prison Officials Have Ignored Lipsey's Repeated Complaints About His Sleep Deprivation.***

14        33.    On July 28, 2013, Lipsey filed a CDCR Form 22 (a form for a "request for interview,

15   item, or service") asking officers to stop conducting Guard One checks because of the resulting

16   sleep deprivation.  On July 29, 2013, a staff member responded that the device was "part of the new

17   security check policy." Lipsey requested supervisor review, and on July 30, 2015, the supervisor

18   wrote that "this is now a standard in all CDCR ad-segs."

19        34.    On July 30, 2013, Lipsey initiated a formal grievance (on CDCR Form 602)

20   complaining about the excessive noise caused by the Guard One checks. The appeal bypassed the

21   first level of review and was denied at the second level of review by Warden Ducart on September

22   4, 2013.  An appeal was accepted and the request denied at the third level of review on October 16,

23   2013.

24        35.    Nothing changed in response to the grievances Lipsey filed.  The checks continued

25   to be too loud to allow him to sleep.

26        36.    Defendant Secretary Allison is currently the Secretary of the CDCR.  She is

27   responsible for establishing, monitoring, and enforcing overall operations, policies, and practices

28

of the California state prison system. She is responsible for ensuring the provision of constitutional conditions of confinement for all inmates. She continues to order the use of Guard One statewide.

## CLAIM FOR RELIEF

## VIOLATION OF 42 U.S.C § 1983

37.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this complaint.

38.     Plaintiff seeks relief under 42 U.S.C. § 1983 for conditions of confinement in violation of the Eighth Amendment of the United States Constitution. By the policies and practices described herein, Allison subjects Plaintiff to serious harm and injury from sleep deprivation. These policies and practices have been and continue to be implemented by Allison under color of state law, in his official capacity, and the policies and practices are the proximate causes of Plaintiff's ongoing deprivation of rights secured by the United States Constitution under the Eighth Amendment.

39.     Allison has been and is aware of the deprivations complained of herein, and has condoned or been deliberately indifferent to such conduct.

40.     The sleep deprivation caused by the use of the Guard One system and Allison's conduct alleged herein is a direct and proximate cause of Plaintiff's injuries and continues to cause irreparable harm to Plaintiff, and Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant him the following relief:

    a.  Adjudge and declare that the acts, omissions, policies, and practices described herein are in violation of the rights of Plaintiff under the Cruel and Unusual Punishments Clause of the Eighth Amendment, which grants constitutional protection to Plaintiff;

    b.  Preliminarily and permanently enjoin Allison, her agents, employees, and all persons acting in concert with them under color of state law from subjecting Plaintiff to the illegal and unconstitutional acts, omissions, policies, and practices set forth above;

1    c.  Award Plaintiff the costs of this suit, and reasonable attorneys' fees and litigation

2        expenses pursuant to 42 U.S.C. § 1988, and other applicable law; and

3    d.  Award such other and further relief as the Court deems just and proper.

5                                    **JURY TRIAL DEMANDED**

6        Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury

7    of all issues so triable.

Lipsey Compl. in Intervention (CIV S-90-0520 KJM DB P)

Dated: November 5, 2020                Respectfully submitted,

                                       /s/ *Kate M. Falkenstien*

                                       REICHMAN JORGENSEN LLP
                                       Shawna L. Ballard (SBN 155188)
                                       Kate Falkenstien (SBN 313753)
                                       100 Marine Parkway, Suite 300
                                       Redwood Shores, California 94065
                                       Telephone: (650) 623-1401
                                       Fax: (650) 623-1449
                                       sballard@reichmanjorgensen.com
                                       kfalkenstien@reichmanjorgensen.com

                                       *Attorneys for Plaintiff-Intervenor Christopher
                                       Lipsey*

7