*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|---------|----------|-------|-----------|----------|
| P-1 | Department of State Hospitals Weekly Summary Coleman Progress Reports (narrative) to present | At Close. | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders.  Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-1, subparts 01- through 21 are DSH periodic memoranda that summarize the status of patients referred for DSH inpatient care from April 29, 2020 to Oct. 5, 2020.  They are non-hearsay party admissions.  They are relevant to all three issues as they contain explanations regarding the status of referred patients waiting for transfer to DSH.  These documents were received by email from counsel for DSH.  *See* Exhibits A-EE, Xu Declaration ISO Plaintiffs' Response to Objections to Plaintiffs' Exhibit List, ¶¶ 2-32. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|---------|----------|-------|-----------|----------|
| P-2 | Department of State Hospitals Weekly Summary Coleman Progress Reports (chart) to present | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders. Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-2, subparts 1 through 12 are tables produced by DSH showing the new referrals received and total waitlist for each time period, including the average, minimum and maximum waiting times, covering the period from July 17, 2020 to October 16, 2020. They are non-hearsay party admissions. They are relevant to the first issue regarding DSH/CDCR compliance with Program Guide requirements.  These documents were received by email from counsel for DSH. *See* Exhibits A-EE, Xu Declaration ¶¶ 2-32. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|---------|----------|-------|-----------|----------|
| P-3 | Weekly DSH Coleman Patient Census and Waitlist Reports to present | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders.  Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-3, subparts 1 through 22, are weekly DSH CDCR Patient Census and Waitlist Reports for the period from May 1, 2020 through October 16, 2020.  They are non-hearsay party admissions.  They are relevant to the first issue, DSH and CDCR compliance with Program Guide requirements because they show the bed capacities, census, and waitlist for each set of *Coleman* beds at each DSH hospital.<br><br>These documents were received by email from counsel for DSH.  *See* Exhibits A-EE, Xu Declaration ¶¶ 2-32. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---|---|---|---|---|---|---|
| P-4 | Weekly DSH Coleman Census by Unit Reports to present | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders.  Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-4, subparts 1 through 22, are weekly DSH Census by Unit Reports for the period from May 4, 2020 through October 16, 2020.  They are non-hearsay party admissions.  They are relevant to the first issue, DSH and CDCR compliance with Program Guide requirements because they show the bed capacities, *Coleman* census, and non-*Coleman* census for each unit at each DSH hospital.  These documents were received by email from counsel for DSH.  *See* Exhibits A-EE, Xu Declaration ¶¶ 2-32. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFER ED | ADMIT TED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|----------|-----------|-------|-----------|----------|
| P-5 | Weekly DSH Coleman Discharge Reports to present [REDACTED] | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders. Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | P5, subparts 1 through 24 [REDACTED] are weekly DSH reports of *Coleman* patient discharges for period from March 16, 2020 through October 16, 2020. They are non-hearsay party admissions. They are relevant to the first issue because they show that movement from DSH hospitals back to CDCR institutions continued during the pandemic.<br><br>These documents were received by email from counsel for DSH. *See* Exhibits A-EE, Xu Declaration ¶¶ 2-32. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|---------|----------|-------|-----------|----------|
| P-6 | DSH OMD Admissions Reports for May 2 to present [REDACTED] | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders.  Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | P6, subparts 1 through 25 [REDACTED] are weekly DSH reports of OMD (Offenders with Mental Disorders) Admissions from April 18, 2020 through October 16, 2020.  They are non-hearsay party admissions. They are relevant to the third issue, "the rationale for any deviation," because they show that DSH has accepted OMD transfers throughout the pandemic.<br><br>These documents were received by email from counsel for DSH.  *See* Exhibits A-EE, Xu Declaration ¶¶ 2-32. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|---------|----------|-------|-----------|----------|
| P-13 | Net Bed Capacity Reports for the Department of State Hospitals as of September 1, 2020 | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders.  Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibits P-13 through P-19 and P-108 are monthly DSH Reports titled "Bed Capacity Data," that show the numbers and types of beds at each hospital unit, with designations by commitment type, security level, room type, closure information, and Covid-19 information.  They are non-hearsay party admissions.  They are relevant to the third issue, "the rationale for any deviation," because they show the space available to care for *Coleman* class members on the waitlist, and the space available for quarantine and isolation during the pandemic. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---|---|---|---|---|---|---|
| | | | | | | This document is Bates No. 1820-1824 and was produced by counsel for Defendants in response to discovery taken for this hearing and transmitted by email on September 22, 2020. *See* Exhibit LL, Xu Declaration ¶ 39. |
| P-14 | Net Bed Capacity Reports for the Department of State Hospitals as of August 1, 2020 | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders.  Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | See P-13 as to relevance. This document is Bates No. 1815-1819 and was produced by counsel for Defendants in response to discovery taken for this hearing and transmitted by email on September 22, 2020. *See* Exhibit LL, Xu Declaration ¶ 39. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|---------|----------|-------|-----------|----------|
| P-15 | Net Bed Capacity Reports for the Department of State Hospitals as of July 1, 2020 | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders.  Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | See P-13 as to relevance.\n\nThis document is Bates No. 1709-1712 and was produced by counsel for Defendants in response to discovery taken for this hearing and transmitted by email on July 22, 2020.  *See* Exhibit JJ, Xu Declaration ¶ 37. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFER ED | ADMIT TED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|----------|-----------|-------|-----------|----------|
| P-16 | Net Bed Capacity Reports for the Department of State Hospitals as of June 1, 2020 | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders. Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | See P-13 as to relevance.<br><br>This document is Bates No. 1589-1593 and was produced by counsel for Defendants in response to discovery taken for this hearing and transmitted by email on July 22, 2020. *See* Exhibit JJ, Xu Declaration ¶ 37. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|---------|----------|-------|-----------|----------|
| P-17 | Net Bed Capacity Reports for the Department of State Hospitals as of May 1, 2020 | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders.  Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | See P-13 as to relevance.

This document is Bates No. 1492-1495 and was produced by counsel for Defendants in response to discovery taken for this hearing and transmitted by email on June 11, 2020.  *See* Exhibit HH, Xu Declaration ¶ 35. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFER ED | ADMIT TED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|----------|-----------|-------|-----------|----------|
| P-18 | Net Bed Capacity Reports for the Department of State Hospitals as of April 1, 2020 | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders. Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | See P-13 as to relevance. This document is Bates No. 784-786 and was produced by counsel for Defendants on April 30, 2020 in response to discovery taken for this hearing and transmitted by email on April 30, 2020. *See* Exhibit ZZ, Xu Declaration ¶ 57. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|---------|----------|-------|-----------|----------|
| P-19 | Net Bed Capacity Reports for the Department of State Hospitals as of March 1, 2020 | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders. Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | See P-13 as to relevance.<br><br>This document is Bates No. 781-783 and was produced by counsel for Defendants in response to discovery taken for this hearing and transmitted by email on April 30, 2020. *See* Exhibit ZZ, Xu Declaration ¶ 57. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFER ED | ADMIT TED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|----------|-----------|-------|-----------|----------|
| P-20 | All System Wide Weekly Pending Placement Reports | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders. Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-20, subparts 1 through 6, are DSH documented titled "System Wide Weekly Pending Placement Reports," for the period from September 14, 2020 to October 12, 2020. They are non-hearsay party admissions. They are relevant to the first and third issues, compliance and rational for deviations, because they show the weekly flow of patients of each commitment type into each DSH hospital.<br><br>These documents were produced by counsel for Defendants as responsive to Plaintiffs' April 13, 2020 discovery requests. *See* Exhibits FF-MM, ZZ, Xu Declaration ¶¶ 33-40, 57. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|---------|----------|-------|-----------|----------|
| P-21 | DSH 2019 Novel Coronavirus (COVID-19) Patient Testing, approved on March 20, 2020 | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders.  Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-21 is a DSH Memorandum on patient testing for Covid-19.  It is a non-hearsay party admission. It is relevant to the third issue, rationale for deviations, because it tends to show that DSH has the capacity to address pandemic-related testing and care needs of patients arriving from CDCR.<br><br>This document is labeled Bates Nos. 98-100 and was produced by counsel for Defendants as responsive to Plaintiffs' April 13, 2020 discovery requests.  *See* Exhibit FF, Xu Declaration ¶ 33. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|---------|----------|-------|-----------|----------|
| P-22 | Management of Patients Exposed or Confirmed to Have COVID-19, approved on March 20, 2020 | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders.  Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-22 is a DSH Memorandum on management of patients exposed to or confirmed to have Covid-19.  It is a non-hearsay party admission.  It is relevant to the third issue, rationale for deviations, because it tends to show that DSH has the capacity to address pandemic-related testing and care needs of patients arriving from CDCR.<br><br>This document is labeled Bates Nos. 101-104 and was produced by counsel for Defendants as responsive to Plaintiffs' April 13, 2020 discovery requests.  *See* Exhibit FF, Xu Declaration ¶ 33. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|---------|----------|-------|-----------|----------|
| P-23 | Addendum to DSH-ASH 2019-2020 Pandemic Plan Isolation Unit, last revised 3/13/2020 | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders. Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-23 is a DSH document regarding activation of an isolation unit at Atascadero State Hospital (ASH). It is a non-hearsay party admission. It is relevant to the third issue, rationale for deviations, because it tends to show that DSH has the capacity to address pandemic-related testing and care needs of patients arriving from CDCR.<br><br>This document is labeled Bates Nos. 105-106 and was produced by counsel for Defendants as responsive to Plaintiffs' April 13, 2020 discovery requests. *See* Exhibit FF, Xu Declaration ¶ 33. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|---------|----------|-------|-----------|----------|
| P-24 | Department of State Hospitals – Atascadero Business Continuity Plan for Response to Pandemic Emergency, July 15, 2019-July 15, 2020 | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders.  Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-24 is a DSH document regarding the plans for continued operation of Atascadero State Hospital (ASH) during a pandemic.  It is a non-hearsay party admission.  It is relevant to the third issue, rationale for deviations, because it tends to show that DSH has the capacity to address pandemic-related testing and care needs of patients arriving from CDCR.<br><br>This document is labeled Bates Nos. 107-120 and was produced by counsel for Defendants as responsive to Plaintiffs' April 13, 2020 discovery requests.  *See* Exhibit FF, Xu Declaration ¶ 33. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|---------|----------|-------|-----------|----------|
| P-25 | Department of State Hospitals-Coalinga, Business Continuity Plan for Response to Pandemic Emergency, approved on March 12, 2020 | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders.  Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-25 is a DSH document regarding the plans for continued operation of Coalinga State Hospital (CSH) during a pandemic.  It is a non-hearsay party admission.  It is relevant to the third issue, rationale for deviations, because it tends to show that DSH has the capacity to address pandemic-related testing and care needs of patients arriving from CDCR.<br><br>This document is labeled Bates Nos. 672-684 and was produced by counsel for Defendants as responsive to Plaintiffs' April 13, 2020 discovery requests.  *See* Exhibit FF, Xu Declaration ¶ 33. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFER ED | ADMIT TED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|----------|-----------|-------|-----------|----------|
| P-29 | DSH Management of COVID-19 Patients and Patients Under Investigation ("PUI"), updated May 29, 2020 | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders.  Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-29 is a DSH document regarding management of patients who may have been exposed to Covid-19.   It is a non-hearsay party admission.  It is relevant to the third issue, rationale for deviations, because it tends to show that DSH has the capacity to address pandemic-related testing and care needs of patients arriving from CDCR. <br><br> This document is labeled Bates Nos. 1507-1514 and was produced by counsel for Defendants as responsive to Plaintiffs' April 13, 2020 discovery requests.  *See* Exhibit HH, Xu Declaration ¶ 35. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---|---|---|---|---|---|---|
| P-30 | DSH Guidelines for the Screening of Healthcare Personnel ("HCP") for Coronavirus Disease (COVID-19), updated on May 22, 2020 | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders. Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-30 is a DSH document regarding screening of health care personnel for Covid-19. It is a non-hearsay party admission. It is relevant to the third issue, rationale for deviations, because it tends to show that DSH has policies and procedures in place to prevent the spread of Covid-19 while still accepting patients from CDCR.<br><br>This document is labeled Bates Nos. 1515-1530 and was produced by counsel for Defendants as responsive to Plaintiffs' April 13, 2020 discovery requests. *See* Exhibit HH, Xu Declaration ¶ 35. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFER ED | ADMIT TED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|----------|-----------|-------|-----------|----------|
| P-31 | DSH Evaluation and Management of Patients with Symptoms Consistent with COVID-19 Disease, approved on April 9, 2020 | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders.  Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-31 is a DSH document regarding care of patients with Covid-19 symptoms.   It is a non-hearsay party admission.  It is relevant to the third issue, rationale for deviations, because it tends to show that DSH has policies and procedures in place to prevent the spread of Covid-19 while still accepting patients from CDCR.<br><br>This document is labeled Bates Nos. 1531-1535 and was produced by counsel for Defendants as responsive to Plaintiffs' April 13, 2020 discovery requests.  *See* Exhibit 35, Xu Declaration ¶ HH. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|---------|----------|-------|-----------|----------|
| P-32 | DSH COVID-19 Nursing Protocol, Isolation for Patients Being Tested or Under Investigation for COVID-19 | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders. Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-32 is a DSH document regarding care of patients being tested for Covid-19.  It is a non-hearsay party admission.  It is relevant to the third issue, rationale for deviations, because it tends to show that DSH has policies and procedures in place to prevent the spread of Covid-19 while still accepting patients from CDCR.<br><br>This document is labeled Bates Nos. 1607-1608 and was produced by counsel for Defendants as responsive to Plaintiffs' April 13, 2020 discovery requests. *See* Exhibit II, Xu Declaration ¶ 36. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---|---|---|---|---|---|---|
| P-33 | DSH COVID-19 Nursing Protocol: Guidelines for Screening For COVID-19 and Transporting Patients Infected With Or Under Investigation Of COVID-19 | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders.  Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-33 is a DSH document regarding screening and transport of patients being tested for Covid-19.   It is a non-hearsay party admission.  It is relevant to the third issue, rationale for deviations, because it tends to show that DSH has policies and procedures in place to prevent the spread of Covid-19 while still accepting patients from CDCR.<br><br>This document is labeled Bates Nos. 1611-1612 and was produced by counsel for Defendants as responsive to Plaintiffs' April 13, 2020 discovery requests.  *See* Exhibit II, Xu Declaration ¶ 36. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFER ED | ADMIT TED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|----------|-----------|-------|-----------|----------|
| P-34 | DSH Nursing Protocol for Admission, and Isolation of Patients, updated June 10, 2020 | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders. Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-34 is a DSH document regarding admission and isolation of arriving patients during the Covid-19 pandemic. It is a non-hearsay party admission. It is relevant to the third issue, rationale for deviations, because it tends to show that DSH has policies and procedures in place to prevent the spread of Covid-19 while still accepting patients from CDCR.<br><br>This document is labeled Bates Nos. 1613-1629 and was produced by counsel for Defendants as responsive to Plaintiffs' April 13, 2020 discovery requests. *See* Exhibit II, Xu Declaration ¶ 36. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|---------|----------|-------|-----------|----------|
| P-35 | COVID-19 Surveillance Testing for DSH Staff flowchart, approved on June 10, 2020 | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders. Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-35 is a DSH document regarding testing of health care personnel for Covid-19. It is a non-hearsay party admission. It is relevant to the third issue, rationale for deviations, because it tends to show that DSH has policies and procedures in place to prevent the spread of Covid-19 while still accepting patients from CDCR.<br><br>This document is labeled Bates No. 1634 and was produced by counsel for Defendants as responsive to Plaintiffs' April 13, 2020 discovery requests. *See* Exhibit II, Xu Declaration ¶ 36. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|---------|----------|-------|-----------|----------|
| P-36 | COVID-19 Patient Testing and Refusal, approved on June 10, 2020 | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders. Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-36 is a DSH document regarding testing of patients for Covid-19. It is a non-hearsay party admission. It is relevant to the third issue, rationale for deviations, because it tends to show that DSH has policies and procedures in place to prevent the spread of Covid-19 while still accepting patients from CDCR.<br><br>This document is labeled Bates Nos. 1635 and was produced by counsel for Defendants as responsive to Plaintiffs' April 13, 2020 discovery requests. *See* Exhibit II, Xu Declaration ¶ 36. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFER ED | ADMIT TED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|----------|-----------|-------|-----------|----------|
| P-38 | COVID-19 Planning: Resuming Admission and Discharges, revised May 10, 2020 | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders. Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-38 is a DSH document containing guidelines for resuming admissions and discharges during the pandemic. It is a non-hearsay party admission. It is relevant to the third issue, rationale for deviations, because it tends to show that DSH has policies and procedures in place to prevent the spread of Covid-19 while still accepting patients from CDCR. This document is labeled Bates Nos. 1652-1660 and was produced by counsel for Defendants as responsive to Plaintiffs' April 13, 2020 discovery requests. *See* Exhibit II, Xu Declaration ¶ 36. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|---------|----------|-------|-----------|----------|
| P-39 | DSH COVID-19 Hospital Admission-Discharge Plan, DSH-ASH | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders.  Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-39 is a DSH document containing guidelines for resuming admissions and discharges during the pandemic.  It is a non-hearsay party admission. It is relevant to the third issue, rationale for deviations, because it tends to show that DSH has policies and procedures in place to prevent the spread of Covid-19 while still accepting patients from CDCR.<br><br>This document is labeled Bates Nos. 1661-1673 and was produced by counsel for Defendants as responsive to Plaintiffs' April 13, 2020 discovery requests.  *See* Exhibit II, Xu Declaration ¶ 36. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFER ED | ADMIT TED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|----------|-----------|-------|-----------|----------|
| P-40 | DSH COVID-19 Hospital Admission-Discharge Plan, DSH-CSH | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders. Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-40 is a DSH document containing guidelines for resuming admissions and discharges during the pandemic. It is a non-hearsay party admission. It is relevant to the third issue, rationale for deviations, because it tends to show that DSH has policies and procedures in place to prevent the spread of Covid-19 while still accepting patients from CDCR.<br><br>This document is labeled Bates Nos. 1674-1678 and was produced by counsel for Defendants as responsive to Plaintiffs' April 13, 2020 discovery requests. *See* Exhibit II, Xu Declaration ¶ 36. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFER ED | ADMIT TED | STIP? | OBJECTION | RESPONSE |
|---|---|---|---|---|---|---|
| P-41 | DSH COVID-19 Hospital Admission-Discharge Plan, DSH-Metropolitan | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders. Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-41 is a DSH document containing guidelines for resuming admissions and discharges during the pandemic. It is a non-hearsay party admission. It is relevant to the third issue, rationale for deviations, because it tends to show that DSH has policies and procedures in place to prevent the spread of Covid-19 while still accepting patients from CDCR.<br><br>This document is labeled Bates Nos. 1679-1684 and was produced by counsel for Defendants as responsive to Plaintiffs' April 13, 2020 discovery requests. *See* Exhibit II, Xu Declaration ¶ 36. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---|---|---|---|---|---|---|
| P-42 | DSH COVID-19 Hospital Admission-Discharge Plan, DSH-Napa | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders.  Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-42 is a DSH document containing guidelines for resuming admissions and discharges during the pandemic.  It is a non-hearsay party admission. It is relevant to the third issue, rationale for deviations, because it tends to show that DSH has policies and procedures in place to prevent the spread of Covid-19 while still accepting patients from CDCR.  This document is labeled Bates Nos. 1658-1692 and was produced by counsel for Defendants as responsive to Plaintiffs' April 13, 2020 discovery requests.  *See* Exhibit II, Xu Declaration ¶ 36. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFER ED | ADMIT TED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|----------|-----------|-------|-----------|----------|
| P-43 | DSH COVID-19 Hospital Admission-Discharge Plan, DSH-Patton | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders.  Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-43 is a DSH document containing guidelines for resuming admissions and discharges during the pandemic.  It is a non-hearsay party admission. It is relevant to the third issue, rationale for deviations, because it tends to show that DSH has policies and procedures in place to prevent the spread of Covid-19 while still accepting patients from CDCR.<br><br>This document is labeled Bates Nos. 1693-1705 and was produced by counsel for Defendants as responsive to Plaintiffs' April 13, 2020 discovery requests.  *See* Exhibit II, Xu Declaration ¶ 36. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|---------|----------|-------|-----------|----------|
| P-44 | DSH COVID-19 Admission Clearance Memo | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders.  Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-44 is a DSH form containing screening factors for admissions during the pandemic.  It is a non-hearsay party admission.  It is relevant to the third issue, rationale for deviations, because it tends to show that DSH has policies and procedures in place to prevent the spread of Covid-19 while still accepting patients from CDCR.

This document is labeled Bates Nos. 1706-1707 and was produced by counsel for Defendants as responsive to Plaintiffs' April 13, 2020 discovery requests.  *See* Exhibit II, Xu Declaration ¶ 36. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|---------|----------|-------|-----------|----------|
| P-45 | COVID-19 Admission & Serial Testing flowchart, | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders. Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-45 is a DSH form flow chart for admissions during the pandemic. It is a non-hearsay party admission. It is relevant to the third issue, rationale for deviations, because it tends to show that DSH has policies and procedures in place to prevent the spread of Covid-19 while still accepting patients from CDCR.<br><br>This document is labeled Bates No. 1725 and was produced by counsel for Defendants as responsive to Plaintiffs' April 13, 2020 discovery requests. *See* Exhibit JJ, Xu Declaration ¶ 37. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFER ED | ADMIT TED | STIP? | OBJECTION | RESPONSE |
|---|---|---|---|---|---|---|
| P-46 | DSH Management of COVID-19 Patients and Patients Under Investigation ("PUI"), update approved 7/3/2020 | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders.  Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-46 is an updated version of P-29, which is a DSH document regarding management of patients who may have been exposed to Covid-19.  It is a non-hearsay party admission.  It is relevant to the third issue, rationale for deviations, because it tends to show that DSH has the capacity to address pandemic-related testing and care needs of patients arriving from CDCR.<br><br>This document is labeled Bates Nos. 1726-1733 and was produced by counsel for Defendants as responsive to Plaintiffs' April 13, 2020 discovery requests.  *See* Exhibit JJ, Xu Declaration ¶ 37. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFER ED | ADMIT TED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|----------|-----------|-------|-----------|----------|
| P-49 | DSH Isolation Space Planning for COVID-19 Positive Patients and Patients Under Investigation; June 30, 2020, updated on July 21, 2020 | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders. Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-49 is a DSH document regarding management of patients who may have been exposed to Covid-19. It is a non-hearsay party admission. It is relevant to the third issue, rationale for deviations, because it tends to show that DSH has the capacity to address pandemic-related testing and care needs of patients arriving from CDCR.<br><br>This document is labeled Bates Nos. 1783-1803 and was produced by counsel for Defendants as responsive to Plaintiffs' April 13, 2020 discovery requests. *See* Exhibit KK, Xu Declaration ¶ 38. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFER ED | ADMIT TED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|----------|-----------|-------|-----------|----------|
| P-51 | DSH Management of COVID-19 Patients and Patients Under Investigation, update approved August 18, 2020 | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders. Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-51 is an updated version of P-46 and P-29, which are DSH documents regarding management of patients who may have been exposed to Covid-19. It is a non-hearsay party admission. It is relevant to the third issue, rationale for deviations, because it tends to show that DSH has the capacity to address pandemic-related testing and care needs of patients arriving from CDCR.<br><br>This document is labeled Bates Nos. 1826-1835 and was produced by counsel for Defendants as responsive to Plaintiffs' April 13, 2020 discovery requests. *See* Exhibit LL, Xu Declaration ¶ 39. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFER ED | ADMIT TED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|----------|-----------|-------|-----------|----------|
| P-52 | DSH Guidelines for the Screening of Healthcare Personnel (HCP) for Coronavirus Disease (COVID-19), updated and approved on August 31, 2020. | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders.  Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-52 is an updated version of P-30, which is a DSH document regarding screening of health care personnel for Covid-19.  It is a non-hearsay party admission.  It is relevant to the third issue, rationale for deviations, because it tends to show that DSH has policies and procedures in place to prevent the spread of Covid-19 while still accepting patients from CDCR.  This document is labeled Bates Nos. 1845-1856 and was produced by counsel for Defendants as responsive to Plaintiffs' April 13, 2020 discovery requests.  *See* Exhibit LL, Xu Declaration ¶ 39. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|---------|----------|-------|-----------|----------|
| P-53 | The California Department of State Hospitals COVID-19 Transmission-Based Precautions and Testing, August 2020, update approved on September 18, 2020. | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders.  Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-53 is a set of DSH guidelines and protocols for testing arriving patients, and taking precautions to prevent transmission of Covid-19.  It is a non-hearsay party admission.  It is relevant to the third issue, rationale for deviations, because it tends to show that DSH has policies and procedures in place to prevent the spread of Covid-19 while still accepting patients from CDCR. This document is labeled Bates Nos. 1857-1875 and was produced by counsel for Defendants as responsive to Plaintiffs' April 13, 2020 discovery requests.  *See* Exhibit LL, Xu Declaration ¶ 39. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|---------|----------|-------|-----------|----------|
| P-56 | August 19, 2020 COVID Movement Matrix (Covid-19 Screening and Testing Matrix for Patient Movement) | RT[1] 181 | RT 181 | N/A | N/A | N/A |
| P-57 | September 18, 2020 CDPH Memo re Guidance for State Employees on COVID-19 | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders. Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-57 is a California Department of Public Health document providing guidelines for state employees during the pandemic. It is a state agency document in a case where the Governor is a Defendant, and therefore contains non-hearsay party admissions. It is relevant to the third issue, rationale for deviations, because it tends to show that the state has measures in place to mitigate the risk of patient transfers to DSH. Additionally, it is relevant because documents that Defendants produced in discovery indicated that they rely on CDPH guidance. *See* P-52 at Bates 1845. |

---

[1] Relevant excerpts of the Reporter's Transcript (RT) are attached to the Declaration of Amy Xu as Exhibit QQ.

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFER ED | ADMIT TED | STIP? | OBJECTION | RESPONSE |
|---|---|---|---|---|---|---|
| | | | | | | Plaintiffs obtained this document from the CDPH website. *See* Xu Declaration ¶ 41. |
| P-58 | July 16, 2020 Updated Draft COVID Temporary Guidelines for Transfer to DSH Inpatient Care & DSH Admission and Testing Flowchart | At Close | As Defense 22. RT 48. | N/A | N/A | Accepted into evidence as D-22. RT 48. |
| P-59 | June 19, 2020; June 12, 2020; May 15, 2020; April 15, 2020 revisions of COVID Temporary Guidelines for Transfer to DSH Inpatient Care | At Close | N/A | N/A | N/A | (Note, 059-04 is same as Defense 12, Admitted RT 12.) |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|---------|----------|-------|-----------|----------|
| P-60 | June 26, 2020 Email from Joe Moss re MH Movement Adjustments | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders. Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-60 is a CDCR email memorandum on the status of patient movement, including transfers from CDCR institutions to DSH hospitals. The email contains non-hearsay party admissions. The content of the email is relevant to all three questions, compliance, deviations, and rationale. *See* Xu Declaration ¶ 58. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|---------|----------|-------|-----------|----------|
| P-61 | June 19, 2020 Email from Joe Moss re Update: Immediate Cancellation of All Non-Essential Inmate Movement | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders.  Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-61 is a CDCR email memorandum on the status of patient movement, including transfers from CDCR institutions to DSH hospitals. The email contains non-hearsay party admissions. The content of the email is relevant to all three questions, compliance, deviations, and rationale.<br><br>*See* Xu Declaration ¶ 59. |
| P-63 | May 11, 2020 CCHCS Memo – COVID-19 Patient Movement for Mental Health Treatment | RT 183 as D-15 | RT 183 | N/A | N/A | N/A |
| P-64 | April 5, 2020 CCHCS Memo – COVID-19 Screening Prior to Mental Health Transfer | At Close | (Admitted as Defs Ex. 09, RT 123) | N/A | N/A | N/A |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFER ED | ADMIT TED | STIP? | OBJECTION | RESPONSE |
|---|---|---|---|---|---|---|
| P-65 | April 15, 2020 DSH Director Stephanie Clendenin Letter re Resuming Coleman Transfers | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders. Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-65 is a memorandum from the DSH Director announcing the resumption of CDCR patient transfers. It contains non-hearsay party admissions. It is relevant to all three issues, compliance, deviations and rationale.<br><br>Plaintiffs received this document in an email from counsel for DSH on April 15, 2020. *See* Exhibit NN, Xu Declaration ¶ 42. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFER ED | ADMIT TED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|----------|-----------|-------|-----------|----------|
| P-66 | April 12, 2020 CCHCS COVID-19 Supplemental Memo | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders.  Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-66 is a memorandum from the Secretary of Corrections clarifying a prior announcement regarding inter-institution transfers.  It contains non-hearsay party admissions.  It is relevant to all three issues, compliance, deviations and rationale.  Plaintiffs received this document when Defendants filed it as Exhibit B to Defendants' Opposition to Plaintiffs' Emergency Motion re: COVID-19 on April 13, 2020 in *Plata v. Newsom*, Case 4:01-cv-01351-JST, ECF No. 3273. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFER ED | ADMIT TED | STIP? | OBJECTION | RESPONSE |
|---|---|---|---|---|---|---|
| P-67 | March 16, 2020 DSH Director Stephanie Clendenin Letter re Suspending Coleman Transfers | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders. Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-67 is a memorandum from the DSH Director announcing the suspension of CDCR patient transfers. It contains non-hearsay party admissions. It is relevant to all three issues, compliance, deviations and rationale. <br><br> Plaintiffs received this letter in an email sent by counsel for DSH on March 17, 2020. *See* Exhibit OO, Xu Declaration ¶ 43. |
| P-68 | Special Master's Amended Report on Current Status of Coleman Class Members' Access to DSH, ECF No. 6579 (Apr. 6, 2020) | At close. | N/A | N/A | Exhibit is already part of the record in this case and need not be admitted as evidence. | Plaintiffs accept Defendants' statement that the exhibit is already part of the record in this case. |
| P-69 | Special Master's Report on Mental Health Inpatient Care Programs, ECF No. 5894 (Aug. 30, 2018) | At close | N/A | N/A | Exhibit is already part of the record in this case and need not be admitted as evidence. | Plaintiffs accept Defendants' statement that the exhibit is already part of the record in this case. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFER ED | ADMIT TED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|----------|-----------|-------|-----------|----------|
| P-70 | Inpatient Bed Utilization Reports, March to September 2020, ECF Nos. 6613, 6672, 6723, 6771, 6817, 6869, 6907 [CONFIDENTIAL – UNREDACTED] | N/A | N/A | N/A | Exhibit is already part of the record in this case and need not be admitted as evidence. | Plaintiffs accept Defendants' statement that the exhibit is already part of the record in this case. |
| P-71 | CDCR Transfer Lists, weeks of 9/14 to 09/20, 9/21 to 09/27; 09/28 to 10/04, 10/05 to 10/11, and 10/12 to 10/18 [REDACTED] | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders.  Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-71, subparts 1 through 5 [REDACTED] are CDCR reports titled "List of Offenders with an Institution to Institution Movement" for the period from September 14, 2020 through October 18, 2020.  They contain non-hearsay party admissions. They are relevant to the third issue, rational for deviations, because they show that CDCR continued moving incarcerated persons to and from institutions designated as closed. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFER ED | ADMIT TED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|----------|-----------|-------|-----------|----------|
| | | | | | | These exhibits include transmittal emails that reflect that Plaintiffs received these documents from CDCR representatives.  *See* Xu Declaration ¶¶ 60-64 |
| P-72 | August Program Compliance Supplemental Report [REDACTED] | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders.  Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | This is a September 17, 2020 email that Plaintiffs received from counsel for Defendants. Exhibit P-72 [REDACTED] consists of DSH documents listing patients who waited beyond Program Guide timelines for admission.  The documents contain non-hearsay party admissions. They are relevant to the first issue, Program Guide compliance.<br><br>*See* Xu Declaration ¶ 65. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---|---|---|---|---|---|---|
| P-73 | June 2020 California Department of Public Health Guidance, California SARS-CoV-2 Pandemic Crisis Care Guidelines: Concept of Operations Health Care Facility Surge Operations and Crisis Care | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders. Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-73 is a California Department of Public Health document providing guidance for health care facilities during the pandemic. It is a state agency document in a case where the Governor is a Defendant, and therefore contains non-hearsay party admissions. It is relevant to the third issue, rationale for deviations, because it tends to show that the state has measures in place to mitigate the risk of patient transfers to DSH.<br><br>Plaintiffs obtained this document from the CDPH website. *See* Xu Declaration ¶ 44. |
| P-74 | 2017 CDCR/DSH MOU – Intermediate + Acute Inpatient Programs | At Close | | Yes | N/A | N/A |
| P-75 | Policy 12.11.2101(A) re Referral and Admission Procedures & Addendum | At Close | | Yes | N/A | N/A |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|---------|----------|-------|-----------|----------|
| P-76 | July 28, 2020 email from Elise Thorn to Plaintiffs and Special Master team re Requirements for Transfers of Coleman Class Members to their Least Restrictive Housing | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders. Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-76 is a July 28, 2020 email from a Deputy Attorney General representing CDCR and sent to the Special Master's team and Plaintiffs. The email contains information regarding timelines for transfer from Intermediate Care Facilities at CDCR to DSH hospitals. The email contains non-hearsay party admissions. The transfer timelines are relevant to the first issue, Program Guide compliance.<br><br>*See* Xu Declaration ¶ 66. |

*Coleman v. Brown, et al.*, USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---|---|---|---|---|---|---|
| P-78 | April 24, 2020 email from Nicholas Weber to Plaintiffs and Special Master team re ULD LRH and Clinically Eligible [Patients] & attached ULD LRH Report [REDACTED] | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders. Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-78 is an email sent on April 24, 2020 from a CDCR attorney to Plaintiffs and the Special Master's team, containing information regarding transfers from Intermediate Care Facilities at CDCR to DSH hospitals. The email contains non-hearsay party admissions. The transfers discussed are relevant to the first issue, Program Guide compliance.<br><br>*See* Xu Declaration ¶ 67. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|---------|----------|-------|-----------|----------|
| P-79 | May 12, 2020 email from Nicholas Weber to Plaintiffs and Special Master team re May 12 2020 ULD LRH & attached ULD LRH Report [REDACTED] | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders.  Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-79 [REDACTED] is an email from a CDCR attorney to Plaintiffs and the Special Master's team containing information regarding patients awaiting transfer from Intermediate Care Facilities at CDCR to DSH hospitals.  The email contains non-hearsay party admissions.  The transfers discussed are relevant to the first issue, Program Guide compliance.<br><br>*See* Xu Declaration ¶ 68. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---|---|---|---|---|---|---|
| P-80 | June 18, 2020 email from Kristopher Kent to Plaintiffs re Closure of DSH Patton | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders. Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-80 is an email sent on June 18, 2020 from a DSH counsel to Plaintiffs and the Special Master's team announcing the suspension of admissions to Patton State Hospital. The email contains non-hearsay party admissions. The suspension of transfers is relevant to the first issue, Program Guide compliance.<br><br>*See* Xu Declaration ¶ 69. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|---------|----------|-------|-----------|----------|
| P-82 | July 24, 2020 email from Antonina Raddatz to Special Master team re CSH quarantine | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders. Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-82 is an email sent on July 24, 2020 from a DSH attorney announcing the quarantine of a unit at Coalinga State Hospital. The email contains non-hearsay party admissions. The email is relevant to the third issue, rationale for deviations, because it shows that DSH has surveillance and quarantine practices in place to prevent the spread of Covid-19 while accepting CDCR patients.<br><br>*See* Xu Declaration ¶ 70. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---|---|---|---|---|---|---|
| P-83 | July 29, 2020 email from Antonina Raddatz to Plaintiffs re ASH quarantine and PSH closure date | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders.  Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-83 is an email sent on July 29, 2020 from a DSH attorney to Plaintiffs and the Special Master's team announcing the quarantine of a unit at Atascadero State Hospital.  The email contains non-hearsay party admissions. The email is relevant to the third issue, rationale for deviations, because it shows that DSH has surveillance and quarantine practices in place to prevent the spread of Covid-19 while accepting CDCR patients.<br><br>*See* Xu Declaration ¶ 71. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|---------|----------|-------|-----------|----------|
| P-84 | August 1, 2020 email from Christine Ciccotti to Plaintiffs re COVID-19 Deaths at DSH Coalinga and Patton | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders. Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-84 is an email sent on August 1, 2020 from a DSH attorney to Plaintiffs and the Special Master's team regarding the deaths of non-*Coleman* patients from Covid-19. The email contains non-hearsay party admissions. The email is relevant to the third issue, rationale for deviations, because it shows that DSH has experienced Covid-19 cases from sources other than *Coleman* patients. *See* Xu Declaration ¶ 72. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---|---|---|---|---|---|---|
| P-85 | September 15, 2020 email from Nicholas Weber to Plaintiffs and Special Master team re MHSDS Population and COVID Data & Reports re APP, ICF, and MHCB transfers from closed institutions [REDACTED] | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders. Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-85 is an email sent on September 15, 2020 from a CDCR attorney to Plaintiffs and the Special Master's team containing information regarding transfers from PIP and MHCB facilities. The email contains non-hearsay party admissions. The transfers discussed are relevant to the third issue, rationale for deviations, because it shows that movement of incarcerated persons has continued during the pandemic. *See* Xu Declaration ¶ 73. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFER ED | ADMIT TED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|----------|-----------|-------|-----------|----------|
| P-86 | October 1, 2020 email from Melissa Bentz to Plaintiffs re Inpatient Referral Information | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders. Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-86 is an email thread between Plaintiffs' counsel and a CDCR attorney containing information regarding patients awaiting transfers between inpatient placements, including transfers to DSH. The email contains non-hearsay party admissions. The transfers discussed are relevant to the first issue, Program Guide compliance.<br><br>*See* Xu Declaration ¶ 74. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFER ED | ADMIT TED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|----------|-----------|-------|-----------|----------|
| P-87 | October 13, 2020 Email from DeAnna Gouldy to Plaintiffs et al. re Daily Department Operations Center Updates & Closed Movement Report | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders. Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | Exhibit P-87 contains a transmittal email from CDCR and a set of tables showing the numbers of staff and incarcerated persons who have tested positive for Covid-19 at each CDCR institution, as well as the "CCHCS/CDCR Open & Closed Movement Report" dated October 13, 2020. The exhibit contains non-hearsay party admissions. The data is relevant to the third issue, rationale for deviations. The "Open & Closed Movement Report," is relevant to establish the dates on which particular institutions were designated closed, while CDCR continued to move incarcerated persons for various reasons. *See* Exhibit AAA, Xu Declaration ¶ 75 |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---|---|---|---|---|---|---|
| P-89 | Program Flexibility for ASH, dated 3/12/20 | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders.  Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | This document shows the California Health and Human Services Agency's approval of a waiver from state licensing requirements in Title 22 for Atascadero State Hospital (ASH) to create a quarantine unit and allow "overbedding" in other units to absorb the population moved from the quarantine unit.  This document is not offered for the truth of the matter asserted.  It is relevant to question three, the rationale for deviation from Program Guide requirements, because it shows Defendants have the ability to seek deviations from state licensing requirements to accommodate the needs of its patients and to manage the risk of COVID-19 infection. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFER ED | ADMIT TED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|----------|-----------|-------|-----------|----------|
|         |             |          |           |       |           | This document is labeled Bates Nos. 15-16 and was produced by counsel for Defendants as responsive to Plaintiffs' April 13, 2020 discovery requests. *See* Exhibit FF, Xu Declaration ¶ 33. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---|---|---|---|---|---|---|
| P-90 | Program Flexibility for CSH, dated 3/27/20 | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders.  Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | This document shows the California Health and Human Services Agency's approval of a waiver from state licensing requirements in Title 22 for Coalinga State Hospital (CSH) to set aside and designate space for COVID-positive patients and others under investigation, along with protocols to manage COVID-19 risk.  It is not offered for the truth of the matter asserted.  It is relevant to question three, the rationale for deviating from Program Guide requirements, because it shows Defendants have the ability to seek deviations from state licensing requirements to accommodate the spatial and other needs of its patients and to manage the risk of COVID-19 infection. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|---------|----------|-------|-----------|----------|
|         |             |         |          |       |           | This document is labeled Bates Nos. 17-18 and was produced by counsel for Defendants as responsive to Plaintiffs' April 13, 2020 discovery requests. *See* Exhibit FF, Xu Declaration ¶ 33. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---|---|---|---|---|---|---|
| P-91 | Program Flexibility for PSH, dated 3/27/20 | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders.  Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | This document shows the California Health and Human Services Agency's approval of a waiver from state licensing requirements in Title 22 for Patton State Hospital (PSH) to set aside and designate quarantine space and to shift other spaces to make that quarantine space available, along with protocols to manage COVID-19 risk.  This document is not offered for the truth of the matter asserted.  It is relevant to question three regarding the rationale for deviations from Program Guide requirements, because it shows Defendants have the ability to seek deviations from state licensing requirements to accommodate the spatial and other needs of its patients and to manage the risk of COVID-19 infection. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|---------|----------|-------|-----------|----------|
|         |             |         |          |       |           | This document is labeled Bates Nos. 19-20 and was produced by counsel for Defendants as responsive to Plaintiffs' April 13, 2020 discovery requests. *See* Exhibit FF, Xu Declaration ¶ 33. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---|---|---|---|---|---|---|
| P-93 | October 12, 2020 email from Melissa Bentz to Plaintiffs and Special Master's team re the List of Patients Pending Transfer to DSH who are at Closed Institutions [REDACTED] | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders. Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | This is an email from CDCR Office of Legal Affairs attorney Melissa Bentz, providing the names and CDCR numbers of 55 class members awaiting transfer to DSH from closed CDCR institutions as of October 8, 2020. It is a non-hearsay party admission. This document is relevant to questions one, two, and three, as it shows the number and identity of individuals awaiting transfer to DSH due to the closure of CDCR institutions to movement. Plaintiffs used this list to review and assess the adequacy of mental health treatment being provided to class members pending transfer to DSH.<br><br>*See* Xu Declaration ¶ 77. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---|---|---|---|---|---|---|
| P-94 | October 6, 2020 CDCR Memo – COVID Transfer Registry Now Available | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders. Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | This document is a memorandum issued by CDCR's Department Operations Center, announcing the implementation of CDCR's transfer registry and the features of that tool. It is a non-hearsay party admission. This document is relevant to question three, the rationale for deviating from Program Guide requirements, because it shows that CDCR has in place an automated tool to track compliance with COVID safety protocols prior to any transfer from a CDCR institution. It indicates another tool CDCR has developed to manage the risk of COVID-19 infection and transmission, including by ensuring that testing, screening, and similar steps occur prior to any transfers. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|---------|----------|-------|-----------|----------|
| | | | | | | Plaintiffs received this document in an October 7, 2020 email from a representative for Defendants. *See* Exhibit PP, Xu Declaration ¶ 45. |
| P-95 | October 13, 2020 letter from Melissa Bentz to Plaintiffs and Special Master's team re Delayed Transfers from CDCR to DSH [REDACTED] | RT 95 | RT 95 | N/A | N/A | N/A |
| P-96 | Defendants' Census, Waitlists, & Transfer Timelines Compliance Reports for Inpatient Mental Health Care for September, 2020 (ECF 6912) | At Close | N/A | N/A | Exhibit is already part of the record in this case and need not be admitted as evidence. | Plaintiffs accept Defendants' statement that the exhibit is already part of the record in this case. |
| P-97 | Personal Protective Equipment Statewide Inventory + Usage Report, March 31, 2020 to October 15, 2020 | RT 199-201 | RT 199-201 | N/A | N/A | N/A |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFER ED | ADMIT TED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|----------|-----------|-------|-----------|----------|
| P-98 | ECF 6892 Defendants' Monthly Psychiatry Vacancy Report, 09/30/20 | At Close | N/A | N/A | Exhibit is already part of the record in this case and need not be admitted as evidence. | Plaintiffs accept Defendants' statement that the exhibit is already part of the record in this case. |
| P-99 | CV of Adam Scott Lauring, MD, PhD | RT 215 | RT 215 | N/A | N/A | N/A |
| P-100 | CV of Pablo Stewart, MD | RT 273 | RT 273 | N/A | N/A | N/A |
| P-101 | October 20, 2020 Updated Draft COVID Temporary Guidelines for Transfer to DSH Inpatient Care and DSH Admission & Testing Flowchart | RT 123 | RT 123 | N/A | N/A | N/A |
| P-103 | California Behavioral Health Programs – COVID-19 Mitigation Strategies (CDPH & DHCS), October 1, 2020 | RT 228 | RT 228 | N/A | N/A | N/A |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFER ED | ADMIT TED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|----------|-----------|-------|-----------|----------|
| P-104 | COVID-19 Guidance for Behavioral Health Residential Facilities (NCBH), March 25, 2020 | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders. Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | This document contains recommendations from the National Council on Behavioral Health (NCBH) regarding means to protect residents of behavioral health facilities from COVID-19 infection and transmission within those facilities. It is not offered for the truth of the matter asserted. This document is relevant to question three, the rationale for deviating from Program Guide requirements, because the California Department of Public Health posted this guidance on its website, adopting the NCBH recommendations to manage COVID-19 risk to residents of behavioral health facilities, like DSH's inpatient programs. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFER ED | ADMIT TED | STIP? | OBJECTION | RESPONSE |
|---------|-------------|----------|-----------|-------|-----------|----------|
|  |  |  |  |  |  | This document is publicly available on the website for the National Council for Behavioral Health. *See* Xu Declaration ¶ 46. |
| P-105 | Patient 24 – MH Master Treatment Plan, September 29, 2020 [REDACTED] | At Close |  |  | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders.  Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | This document shows mental health treatment records for a class member waiting at CDCR for transfer to DSH.  It is a non-hearsay party-opponent admission.  It is relevant to question three, the rationale for deviations from Program Guide requirements, because it shows the mental health side of the balance of COVID-19 versus mental health treatment risk set forth in the CDCR/DSH guidelines for transfers from CDCR to DSH during the pandemic.  It also informed Dr. Pablo Stewart's analysis of the same risk balancing. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---|---|---|---|---|---|---|
| | | | | | | This document was obtained through accessing the class member's electronic medical records. *See* Xu Declaration ¶ 47. |
| P-106 | Patient 39 – SRASHE, August 26, 2020 [REDACTED] | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders.  Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | This document shows mental health treatment records for a class member waiting at CDCR for transfer to DSH.  It is a non-hearsay party-opponent admission.  It is relevant to question three, the rationale for deviations from Program Guide requirements, because it shows the mental health side of the balance of COVID-19 versus mental health treatment risk set forth in the CDCR/DSH guidelines for transfers from CDCR to DSH during the pandemic.  It also informed Dr. Pablo Stewart's analysis of the same risk balancing. |

*Coleman v. Brown, et al.,* USDC, E.D. Cal., Case No. 2:90-cv-00520 KJM-DB

Plaintiffs' Exhibit List

| EXH. ID | DESCRIPTION | OFFERED | ADMITTED | STIP? | OBJECTION | RESPONSE |
|---|---|---|---|---|---|---|
| | | | | | | This document was obtained through accessing the class member's electronic medical records. *See* Xu Declaration ¶ 47. |
| P-107 | CDPH Infection Mitigation in Behavioral Health Facilities – COVID-19 FAQs, June 27, 2020 | RT 228 | RT 228 | N/A | N/A | N/A |
| P-108 | Net Bed Capacity Reports for the Department of State Hospitals as of October 1, 2020 | At Close | | | Defendants object because Plaintiffs failed during the October 23, 2020 hearing to elicit witness testimony to establish a foundation for this exhibit and establish its relevance to the three factual issues presented by the Court's April 24 and May 7, 2020 orders.  Defendants reserve their right to assert any other objection, including hearsay, but are prejudiced given Plaintiffs' failure to seek to have the exhibit properly admitted into evidence at the hearing. | See P-13 as to relevance.  This document is Bates No. 1876-1880 and was produced by counsel for Defendants and transmitted by email on October 22, 2020.  *See* Exhibit MM, Xu Declaration ¶ 40. |