XAVIER BECERRA, State Bar No. 118517
Attorney General of California
MONICA N. ANDERSON, State Bar No. 182970
Senior Assistant Attorney General
ADRIANO HRVATIN, State Bar No. 220909
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
TYLER V. HEATH, State Bar No. 271478
KYLE A. LEWIS, State Bar No. 201041
LUCAS HENNES, State Bar No. 278361
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7318
 Fax: (916) 324-5205
 E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

PAUL B. MELLO, State Bar No. 179755
LISA M. POOLEY, State Bar No. 168737
SAMANTHA D. WOLFF, State Bar No. 240280
LAUREL E. O'CONNOR, State Bar No. 305478
HANSON BRIDGETT LLP
 1676 N. California Boulevard, Suite 620
 Walnut Creek, CA 94596
 Telephone: (925) 746-8460
 Fax: (925) 746-8490
 E-mail: PMello@hansonbridgett.com
*Attorneys for Defendants*

ROMAN M. SILBERFELD, State Bar No. 62783
GLENN A. DANAS, State Bar No. 270317
ROBINS KAPLAN LLP
 2049 Century Park East, Suite 3400
 Los Angeles, CA 90067-3208
 Telephone: (310) 552-0130
 Fax: (310) 229-5800
 E-mail: RSilberfeld@RobinsKaplan.com
*Special Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**DEFENDANTS' MOTION TO STRIKE THE NOVEMBER 5, 2020 DECLARATION OF AMY XU REGARDING EXHIBITS FOLLOWING OCTOBER 23, 2020 EVIDENTIARY HEARING** |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Defendants object to and request the Court exercise its inherent powers to strike the declaration of Plaintiffs' counsel, Amy Xu, filed on November 5, 2020 regarding evidence in connection with the October 23, 2020 evidentiary hearing. (ECF No. 6944.) Counsel's statements and exhibits should be stricken from the record and Plaintiffs should

1

not be allowed to rely on them because they contain improper opinion testimony, lack proper foundation, are unauthenticated, constitute inadmissible hearsay, and fail to meet fundamental and mandatory evidentiary standards for admissibility.

The evidentiary objections and this motion are based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the pleadings and papers on file, and such other matters as may be presented to the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

## ARGUMENT

On October 22, 2020, the parties filed a stipulation that "all documents produced to Plaintiffs by Defendants in the regular course of this litigation are deemed authentic for the purposes of Federal Rules of Evidence 901." (ECF No. 6919.) That stipulation also expressly reserved "any and all other objections afforded by the Federal Rules of Evidence and Federal Rules of Civil Procedure as to the ultimate admissibility of all documents exchanged by the parties during discovery." Now Plaintiffs are wielding that stipulation as a sword, claiming that the authenticity of evidence somehow establishes the relevance and admissibility of 69 exhibits not discussed or offered through any witness at the October 23 hearing. According to Plaintiffs' concept of due process and federal trial practice, because it would have taken too long to admit the exhibits properly through witness testimony at trial, the Federal Rules of Evidence do not apply to them. But Plaintiffs' convenience is not an exception to the Federal Rules of Evidence. Plaintiffs' disregard and misrepresentation of the express terms of the stipulation they entered into, not to mention the rules of evidence, rob Defendants of fundamental due process rights to confront documentary evidence being presented against them, with a full and fair opportunity to examine or explain the purported material through witness testimony.

Defendants objected to Plaintiffs' last-minute request to muddy the record with 69 exhibits that were not presented to a witness or discussed at the October 23 hearing. (*See* ECF No. 6932 at 3.) On November 4, Plaintiffs responded to Defendants' objections, followed the next day by declarations from counsel. One declaration attached an exhibit list containing counsel's argument purporting to explain the evidentiary value or purpose of Plaintiffs' inadmissible exhibits. (E.

2

1  Galvan Decl., ECF Nos. 6943, 6943-1.)  The other declaration attempts to put into the record,
2  without proper foundation, many of the 69 exhibits Plaintiffs failed to properly offer at the
3  October 23 hearing.  (A. Xu Decl., ECF No. 6944.)  Defendants object to the Xu declaration.
4       The Xu declaration attaches 54 exhibits, some of which appear to be copies of the exhibits
5  Plaintiffs seek belatedly to admit into evidence, but Defendants cannot be sure because the
6  exhibits are not marked by exhibit stamps.  Absent a page-by-page comparison against the
7  exhibits Plaintiffs uploaded to the Court's website, Defendants and the Court do not really know
8  what exhibits Plaintiffs are trying to admit through the Xu declaration, which should not be
9  happening at this stage following the October 23 evidentiary proceeding.  Many of the exhibits
10 attached to the Xu declaration are not complete exhibits but confusingly refer to parts or sections
11 of multiple hearing exhibits.[1]  The Xu declaration separately purports to establish the foundation
12 for other exhibits, but Plaintiffs fail to attach those exhibits—as a result, Defendants and the
13 Court are left to hunt through the record to make a comparison and match up the late foundational
14 effort presented by the Xu declaration with a particular exhibit, which may or may not have been
15 on Plaintiffs' trial exhibit list.  Finally, the Xu declaration confounds the record even further with
16 general statements regarding the source of documents Plaintiffs offered as exhibits without a
17 testifying witness, but without attaching the purported exhibit to the declaration.  It is hard to
18 keep up with Plaintiffs' non-adherence with basic rules of evidence and procedure.
19      The evidentiary morass presented by the Xu declaration should be stricken as it amounts to
20 nothing more than counsel's assertion that the exhibits are admissible without any legally
21 sufficient basis under Rules 401, 601, 701, and 801 of the Federal Rules of Evidence.  The Court
22 should not allow Plaintiffs' counsel to use after-the-fact declarations to admit exhibits that

---

[1] For example, the Xu declaration's paragraph 26 provides that : "**Exhibit Y** is a true and correct copy of an email dated October 12, 2020 from counsel for DSH, transmitting the following DSH reports to the COVID-19 Task Force: Hearing Exhibits 001-21, Weekly DSH *Coleman* Referral Progress Report (narrative); 002-11, DSH Weekly Summary *Coleman* Progress Reports (chart); 003-21, Weekly DSH *Coleman* Patient Census and Waitlist Report; 004-21, Weekly DSH *Coleman* Census by Unit Report; 005-23, Weekly DSH *Coleman* Discharge Report; & 006-24, DSH OMD Admission Report." (ECF No. 6944 at 7.)  Exhibit Y is not an exhibit Plaintiffs listed on their exhibit list.  Instead, Exhibit Y appears for the first time to admit into evidence not just one exhibit, but parts of several purported exhibits.

3

Plaintiffs did not mention during the hearing—Plaintiffs waited until the Court was about to close the proceedings to suddenly interject and spout dozens of exhibit numbers for admission into evidence, with nothing more. (*See* 10/23/20 Hrg. Tr. at pp. 283-284.)

## I. THE XU DECLARATION AND ITS EXHIBITS ARE INADMISSIBLE AND SHOULD BE STRICKEN.

There is no basis, and Plaintiffs have offered none through the Xu Declaration or otherwise, to admit documentary evidence, without a stipulation or foundational testimony that would overcome relevance and hearsay objections to the evidence. Plaintiffs' counsel cannot establish exceptions to hearsay challenges to the documents they seek to admit as part of the record of the evidentiary hearing because there is no exception based merely on counsel's desire to rely on exhibits in a closing argument. Plaintiffs had every opportunity to propound requests for admissions under Rule 36 of the Federal Rules of Civil Procedures to establish the basis for admission of documents without a testifying witness. Or, as is standard federal trial practice, lawyers use witnesses to establish a foundation for documents they seek admitted into evidence. Instead, Plaintiffs seek to undercut the procedural and evidentiary safeguards inherent in federal civil litigation by having counsel provide the foundation required to admit almost 70 exhibits into evidence. But all *Coleman* litigants—Plaintiffs included—are subject to basic rules of evidence and procedure upon which this Court must rely to render sound legal decisions.

Plaintiffs' response to Defendants' evidentiary objections and their after-the-fact proffer of statements through counsel ignore or simply fail to address the actual point of Defendants' objections—i.e., the right and opportunity to have witnesses with personal knowledge lay foundation and overcome any hearsay issues with exhibits presented as evidence to the Court. Without this opportunity, there can be no meaningful examination of the evidence's relevance and admissibility. Indeed, Plaintiffs' strategy deprives Defendants of the opportunity to elicit testimony explaining the substance and information provided by any particular exhibit and allows Plaintiffs to mischaracterize the evidence or omit relevant context without any countervailing context or explanation.

4

Defs.' Motion to Strike Xu Decl.  (2:90-cv-00520 KJM-DB (PC))

Moreover, Federal Rule of Evidence 602 permits a lay witness to testify "only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.  Counsel's representation that she received a document from opposing counsel or that a document was produced in discovery only establishes the source of the document (i.e., its authenticity), it does not lay the foundation for establishing admissibility of the documents as relevant under Rule 401, as non-hearsay, or as an exception to hearsay under Rules 801 and 802. The Xu declaration fails to lay any of the required foundation by establishing that she has personal knowledge required under Rule 701 to make assertions concerning Defendants' records. Nor could she.  And contrary to that declaration, Defendants never stipulated to the admissibility of any documents.

II.    **THE XU DECLARATION AND EXHIBITS SHOULD BE EXCLUDED AS PREJUDICIAL UNDER FEDERAL RULE OF EVIDENCE 403.**

Aside from a lack of foundation to admit the exhibits through the statements of counsel, the Xu declaration and its exhibits should be excluded under Federal Rule of Evidence 403 because their probative value is substantially outweighed by a danger of confusing issues and misleading the trier of fact.  The Court has the inherent power to strike and disregard inadmissible evidence. This includes the power to disregard attorney declarations that do more than authenticate exhibits. *See Nextep Inc. v. CMD Corp.,* No. 3:12-CV-00002-LRH, 2012 WL 2923277, at *1 (D. Nev. July 18, 2012) (court disregarded attorney declaration to the extent it went beyond merely authenticating documents).  Plaintiffs argue that offering the exhibits through a witness at the October 23 hearing would have taken too much time—they assert that "[i]t would have been a colossal waste of time to present each of these documents one-by-one during a six-hour evidentiary hearing."  (ECF No. 6939 at 2.)  This contention undermines Plaintiffs' position, as it suggests that almost seventy exhibits have no bearing on the issues litigated at the October 23 hearing and will not inform the Court's decision.  Moreover, Plaintiffs never mentioned this concern in the days leading up to the hearing, during their opening statement, or during course of the hearing, when the Court on several occasions took up housekeeping matters.  If the probative value of the exhibits is so great, Plaintiffs surely would have taken steps to enter them into

5

Defs.' Motion to Strike Xu Decl.  (2:90-cv-00520 KJM-DB (PC))

1   evidence during the hearing.  Their failure to do so and their efforts now to improperly dump
2   almost seventy exhibits into the evidentiary record should be rejected.

**CONCLUSION**

Plaintiffs have taken what was supposed to be a focused evidentiary hearing and attempted to throw the proverbial kitchen sink into evidence.  The Court has repeatedly called for "transparency."  Plaintiffs' approach to evidence related to the October 23 evidentiary hearing flouts that directive.  After the Court excused the witnesses, Plaintiffs improperly look to attorney declarations to after-the-fact establish a foundation for almost seventy exhibits not even referenced during the hearing.  This gamesmanship violates the notions of fair play and due process and is not permitted under the Federal Rules of Civil Procedure or Evidence.  The Court should strike the Xu declaration and its exhibits from the record, and should sustain Defendants' objections to the exhibits identified in their October 30, 2020 filing.  (ECF No. 6932.)

Respectfully submitted,

Dated:  November 8, 2020

XAVIER BECERRA
Attorney General of California
ADRIANO HRVATIN
Supervising Deputy Attorney General

/s/ *Elise Owens Thorn*

ELISE OWENS THORN
Deputy Attorney General
*Attorneys for Defendants*

6

Defs.' Motion to Strike Xu Decl.  (2:90-cv-00520 KJM-DB (PC))