| | |
|---|---|
| DONALD SPECTER – 083925<br>STEVEN FAMA – 099641<br>MARGOT MENDELSON – 268583<br>PRISON LAW OFFICE<br>1917 Fifth Street<br>Berkeley, California 94710-1916<br>Telephone: (510) 280-2621<br><br>CLAUDIA CENTER – 158255<br>DISABILITY RIGHTS EDUCATION<br>AND DEFENSE FUND, INC.<br>Ed Roberts Campus<br>3075 Adeline Street, Suite 210<br>Berkeley, California 94703-2578<br>Telephone: (510) 644-2555 | MICHAEL W. BIEN – 096891<br>JEFFREY L. BORNSTEIN – 099358<br>ERNEST GALVAN – 196065<br>LISA ELLS – 243657<br>THOMAS NOLAN – 169692<br>JENNY S. YELIN – 273601<br>MICHAEL S. NUNEZ – 280535<br>JESSICA WINTER – 294237<br>MARC J. SHINN-KRANTZ – 312968<br>CARA E. TRAPANI – 313411<br>ALEXANDER GOURSE – 321631<br>AMY XU – 330707<br>ROSEN BIEN<br>GALVAN & GRUNFELD LLP<br>101 Mission Street, Sixth Floor<br>San Francisco, California 94105-1738<br>Telephone: (415) 433-6830 |

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GAVIN NEWSOM, et al.,<br><br>    Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE THE NOVEMBER 5, 2020 DECLARATION OF AMY XU REGARDING EXHIBITS FOLLOWING OCTOBER 23, 2020 EVIDENTIARY HEARING**<br><br>Judge: Hon. Kimberly J. Mueller |

[3648367.2]

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE THE NOVEMBER 5, 2020
DECLARATION OF AMY XU REGARDING EXHIBITS FOLLOWING OCTOBER 23, 2020 EVIDENTIARY
HEARING

Contrary to assertions in Defendants' motion to strike, ECF No. 6945, the Declaration of Amy Xu, ECF No. 6944, properly sponsors the transmittal emails and other documents necessary to show that the disputed trial exhibits from the October 23, 2020 are admissible. The Xu Declaration and the accompanying Declaration of Ernest Galvan, ECF No. 6943, properly establish the evidentiary foundation for each of the disputed exhibits, and thus should not be stricken. The Motion to Strike also complains that the correspondence between the Declarations and the trial exhibits is not clear enough. Plaintiffs provided an easy-to-follow key to the sponsoring documents at Exhibit 1 to the Galvan Declaration. This key, organized by trial exhibit, provides the pin cites to the Xu Declaration exhibits that establish the foundation for each exhibit. There should be no reason for confusion. The Court should deny the Motion to Strike, reject Defendants' ungrounded and vague objections, and admit Plaintiffs' trial exhibits based on Plaintiffs' showing of foundation, relevance, and admissibility.

## ARGUMENT

**I.   The Xu Declaration Establishes Foundation for Plaintiffs' Trial Exhibits and Directly Links the Trial Exhibits with the Foundational Information; and the Galvan Declaration Exhibit 1 Provides the Key Matching All Exhibits with Their Foundational Documents.**

As an initial matter, Defendants incorrectly accuse Plaintiffs of attempting to add more trial exhibits through the Xu Declaration. *See* Defs' Motion to Strike Nov. 5, 2020 Decl. of Amy Xu Regarding Exs. Following Oct. 23, 2020 Ev'ry Hrg., ECF No. 6945 at 3 (Nov. 8, 2020). Plaintiffs are not seeking to submit any additional trial exhibits, but instead provide the Xu Declaration exhibits to establish the sources and foundation of the trial exhibits.

The exhibits to the Xu Declaration mostly are transmission emails showing how Plaintiffs obtained the trial exhibits, to respond to Defendants' foundation objections. *See* Xu Decl., ¶¶ 2-40, 43, 45, 52 & Exs. A-MM, OO, PP. Many of the trial exhibits are emails on their own, so the Xu Declaration does not include separate transmission emails (there

[3648367.2]

1

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE THE NOVEMBER 5, 2020 DECLARATION OF AMY XU REGARDING EXHIBITS FOLLOWING OCTOBER 23, 2020 EVIDENTIARY HEARING

are none) to establish foundation. *See id.*, 58, 59, 65-74, 77. Certain exhibits already included transmission emails, so transmission emails were not provided separately in the Xu Declaration. *See id.*, ¶¶ 60-64.

  To make the relationship between the Xu Declaration exhibits and trial exhibits clear, Plaintiffs provided a table as Exhibit 1 to the Galvan Declaration. The table has a row for each exhibit that includes the Exhibit ID, a description, the point in the hearing at which it was offered and/or admitted, whether Defendants stipulated to its admission during the post-hearing meet and confer, a statement of Defendants' objection, and a final column for Plaintiffs' response to the objection. At the end of each response entry Plaintiffs identify the exhibit to the Xu declaration that establishes the foundation for the exhibit.

  The foregoing should dispel any confusion on Defendants' part.

## II.   Defendants' Remaining Arguments Are Not Well Taken.

  Defendants also suggest it was improper for Plaintiffs to provide responsive argument regarding foundation, relevance, and admissibility (even to the vague objections Defendants submitted in their October 30 filing). Defendants provide no support for this proposition. While Defendants have chosen to rely on generalized arguments, Plaintiffs have reasonably chosen to address each exhibit's admissibility. Defendants have identified no rule or prior order of this case that prohibits an exhibit by exhibit showing.

  Defendants also still have not acknowledged that it is regular practice in this case to seek to admit exhibits at the close of evidence, even if not admitted through a witness. *See, e.g.*, Minutes, ECF No. 6350 at 3 (Oct. 16, 2019) (Court allowing proffer of evidentiary documents from counsel for Dr. Michael Golding without a sponsoring witness); Minute Order, ECF No. 6351 (Oct. 17, 2019) (same); Ex. List, ECF No. 6364-1 (Oct. 22, 2019) (final exhibit list for Golding proceedings showing dozens of documents admitted at close of evidence); Tr. for Oct. 15, 2019 Ev'ry Hrg., ECF No. 6377 at 131-32 (Oct. 29, 2019) (admitting four exhibits without witness sponsor and without objection);

[3648367.2]

2

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE THE NOVEMBER 5, 2020 DECLARATION OF AMY XU REGARDING EXHIBITS FOLLOWING OCTOBER 23, 2020 EVIDENTIARY HEARING

*id.* at 238-39 (same, for additional four exhibits); Defs' Add'l Exs. & Information for Jan. 23, 2017 Status Conference, ECF No. 5558 (Jan. 27, 2017) (Defendants' submission of additional exhibits following evidentiary hearing regarding access to inpatient care). And they have not identified a Rule of Evidence, or otherwise, that prohibits Plaintiffs from doing so. Instead, Defendants continue to object to their own documents, produced directly in response to the DSH proceedings, citing relevance or lack of foundation.[1]

## CONCLUSION

Defendants appear to seek simply to block the admission of all of Plaintiffs' trial exhibits based on vague and ungrounded assertions of unfairness or confusion. The Court should not countenance this most recent attempt on Defendants' part to assert baseless and vague objections, without addressing the actual admissibility of Plaintiffs' trial exhibits.

## CERTIFICATION

In preparing this filing, Plaintiffs' counsel did not review any additional court orders or docket entries.

DATED: November 13, 2020         Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By:  */s/ Jessica Winter*
      Jessica Winter

Attorneys for Plaintiffs

---

[1] Defendants also do not refute that they have already stipulated to the admissibility of trial exhibits P-74 and P-75, and that the Court has already admitted trial exhibits P-59-4 and P-97 into evidence. *See* Plfs' Resp. to Obj'ns to Plfs' Ex. List, ECF No. 6939 at 4-5 (Nov. 4, 2020).

[3648367.2]