1   XAVIER BECERRA, State Bar No. 118517
    Attorney General of California
2   ADRIANO HRVATIN, State Bar No. 220909
    Supervising Deputy Attorney General
3   KYLE A. LEWIS, State Bar No. 201041
    ELISE OWENS THORN, State Bar No. 145931
4   LUCAS HENNES, State Bar No. 278361
    NAMRATA KOTWANI, State Bar No. 308741
5   Deputy Attorneys General
      1300 I Street, Suite 125
6     P.O. Box 944255
      Sacramento, CA 94244-2550
7     Telephone:  (916) 210-7318
      Fax:  (916) 324-5205
8     E-mail:  Elise.Thorn@doj.ca.gov
    Attorneys for Defendants

ROMAN M. SILBERFELD, State Bar No. 62783
GLENN A. DANAS, State Bar No. 270317
ROBINS KAPLAN LLP
  2049 Century Park East, Suite 3400
  Los Angeles, CA 90067-3208
  Telephone:  (310) 552-0130
  Fax:  (310) 229-5800
  E-mail:  RSilberfeld@RobinsKaplan.com
Special Counsel for Defendants

10  HANSON BRIDGETT LLP
    PAUL B. MELLO, SBN 179755
11  SAMANTHA D. WOLFF, SBN 240280
    DAVID CASARRUBIAS, SBN 321994
12  1676 N. California Blvd., Suite 620
    Walnut Creek, California 94596
13  Telephone:     925-746-8460
    Facsimile:     925-746-8490
14
    Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al., | Case No. 2:90-CV-00520- KJM-DB |
| Plaintiffs, | **DEFENDANTS' RESPONSE TO NOVEMBER 4, 2020 ORDER** |
| v. | |
| GAVIN NEWSOM, et al. | Judge:     Hon. Kimberly J. Mueller |
| Defendants. | |

1       On November 4, 2020, this Court entered an order instructing Defendants to "make such

2  minimal modifications to the Staffing Plan as are required to include a role for psychiatric nurse

3  practitioners (PNPs) and to reflect the proposals made in the September 8, 2020 letter authored by

4  Melissa Bentz, Esq." Nov. 11, 2020 Order, ECF 6938 at 5:5-8.  In making these modifications to

5  the Staffing Plan, Defendants were required to work with the Special Master and the Task Force to

6  "ensure that the[ ] proposed modifications are the product of consensus of all stakeholders to the

7  maximum extent possible." *Id.* at 5:9-10.  Consistent with this directive, Defendants file herewith

8  a document setting forth the agreed upon adjustments to the Staffing Plan in the four specific areas

9  outlined in the September 8, 2020 letter: (1) establishing a new psychiatrist staffing ratio for

10 CCCMS patients not on medications for six months or more; (2) redirecting psychiatry positions

11 allocated for crisis intervention on weekends and holidays to night shift telepsychiatry; (3)

12 adopting a formal policy for Psychiatric Nurse Practitioners (PNPs) to provide psychiatry services

13 and recognizing PNPs in the psychiatry position allocation fill rate; and (4) creating a

14 telepsychiatry from home policy.  The parties and the Special Master worked together to reach

15 agreement in these four areas and the attached document reflects that agreement.  The attached

16 documents are filed in lieu of a stipulation, in accordance with the Special Master's direction and

17 recommendation. *See* Attachments.

18       While this agreement reflects the best practices that could be negotiated with Plaintiffs and

19 the Special Master to gain the Special Master's approval at this time, it is important to clarify that

20 neither the 2009 Staffing Plan itself nor any of these four adjustments thereto are necessary to

21 remedy an Eighth Amendment violation, and do not reflect "relief … [that is] narrowly drawn,

22 extends no further than necessary to correct the violation of the Federal right, and is the least

23 intrusive means necessary to correct the violation of the Federal right."  18 U.S.C. §

24 3626(a)(1)(A).  In fact, the PNP policy, as negotiated, imposes even greater oversight than is

25 otherwise required of PNPs in the community. *See* A.B. 890, 2019-2020 Reg. Sess. (Cal. 2020).

26 However, these modifications, and in particular the formalized policies for use of PNPs and

27 telepsychiatry from home, are critical to eliminating barriers to Defendants' ability to deliver

28 constitutionally adequate care, and will improve access to care.  For instance, and as it specifically

-2-
Case No. 2:90-CV-00520- KJM-DB
DEFENDANTS' RESPONSE TO NOVEMBER 4, 2020 ORDER

1    relates to Defendants' telepsychiatry from home policy, "it has been consistently demonstrated

2    using standardized clinical measures that telepsychiatry is associated with a plethora of treatment

3    outcomes that are comparable to in-person treatment, with the added benefit of increased access to

4    mental health care."  Mahmoud, H., Naal, H. & Cerda, S. Planning and Implementing

5    Telepsychiatry in a Community Mental Health Setting: A Case Study Report. *Community Ment.*

6    *Health J.* (2020). https://link.springer.com/article/10.1007/s10597-020-00709-1

7         Although not part of the attached plan, the parties also discussed how Defendants report on

8    compliance with the psychiatry fill rate. On February 14, 2018, the court ordered Defendants to

9    file monthly "reports identifying the psychiatrist vacancy rates at each CDCR institution and in the

10   aggregate systemwide."  (ECF No. 5786 at 4.)  Defendants began filing that report on March 31,

11   2018.  CDCR will continue filing that report unchanged but will provide in that monthly filing

12   additional data, as a separate report, that measures the psychiatry fill rate based on crisis bed and

13   inpatient census as opposed to the number of beds in that program.

14        In addition to the "minimal modifications" envisioned by this Court's November 4, 2020

15   Order, Defendants continue to evaluate their Staffing Plan in conjunction with their correctional

16   mental health services and staffing experts at VRJS/FALCON to assist in determining whether

17   changes in circumstances since development of the 2009 Staffing Plan, including but not limited

18   to changes in population levels at various levels of care, technology, the use of telepsychiatry, the

19   use of PNPs, etc., warrant modifications to the 2009 Staffing Plan or alternatives to come into

20   compliance with the 2009 Staffing Plan.  *See* ECF Nos. 6853, 6855-1.  Defendants look forward to

21   working with the Special Master and Plaintiffs' counsel to further update and modernize the

22   Staffing Plan as appropriate.[1]

23   / / /

24   / / /

25   / / /

26   / / /

27   _____

28   [1] Defendants also incorporate by reference their response to this Court's July 30, 2020 Order.  *See* ECF No. 6853.

-3-

Case No. 2:90-CV-00520- KJM-DB

DEFENDANTS' RESPONSE TO NOVEMBER 4, 2020 ORDER

1  DATED:  December 11, 2020              HANSON BRIDGETT LLP

2

3                                        By:  _____/s/ Samantha Wolff_____
                                             PAUL B. MELLO
4                                            SAMANTHA D. WOLFF
                                             DAVID CASARRUBIAS
5                                            Attorneys for Defendants

6

7

8   Dated:  December 11, 2020             Respectfully Submitted,

9                                         Xavier Becerra
                                          Attorney General of California
10                                        Adriano Hrvatin
                                          Supervising Deputy Attorney General
11
                                          /s/ Kyle Lewis
12
                                          Kyle Lewis
13                                        Deputy Attorney General
                                          Attorneys for Defendants
14

15  DATED:  December 11, 2020             ROBINS KAPLAN LLP

16

17                                        By:  _/s/ Roman Silberfeld_____
                                             ROMAN SILBERFELD
18                                           GLENN A. DANAS
                                             Special Counsel for Defendants
19

20

21

22

23

24

25

26

27

28

Case No. 2:90-CV-00520- KJM-DB
17119511.5    DEFENDANTS' RESPONSE TO NOVEMBER 4, 2020 ORDER