DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California  94710-1916
Telephone:   (510) 280-2621

CLAUDIA CENTER – 158255
DISABILITY RIGHTS EDUCATION
AND DEFENSE FUND, INC.
Ed Roberts Campus
3075 Adeline Street, Suite 210
Berkeley, California  94703-2578
Telephone:   (510) 644-2555

MICHAEL W. BIEN – 096891
JEFFREY L. BORNSTEIN – 099358
ERNEST GALVAN – 196065
LISA ELLS – 243657
THOMAS NOLAN – 169692
JENNY S. YELIN – 273601
MICHAEL S. NUNEZ – 280535
JESSICA WINTER – 294237
MARC J. SHINN-KRANTZ – 312968
CARA E. TRAPANI – 313411
ALEXANDER GOURSE – 321631
AMY XU – 330707
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:   (415) 433-6830

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GAVIN NEWSOM, et al.,<br><br>　　　　Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**MOTION TO STRIKE DEFENDANTS' DECLARATIONS SUBMITTED IN RESPONSE TO THE COURT'S REQUEST FOR SUPPLEMENTAL BRIEFING**<br><br>Judge:  Hon. Kimberly J. Mueller |

[3661545.5]

In response to the Court's minute order directing supplemental briefing, Defendants submitted five new declarations and hundreds of associated pages of evidence, which cover topics far outside of this Court's narrow question as to whether it "[c]an or should presume cognizable harm to class members whose transfer to necessary inpatient care is delayed beyond Program Guide timelines and for reasons outside the court-approved exceptions to those timelines." November 19, 2020 Minute Order, ECF No. 6961.  This tactic prejudices Plaintiffs, who limited themselves to briefing the sole issue identified by the Court and did not submit any extraneous evidence.  Defendants have already had two chances at post-hearing briefs, with their initial closing brief of November 13, 2020 (ECF No. 6949) and their November 18, 2020 rebuttal closing brief (ECF No. 6960).  The Court's supplemental briefing order did not invite a third closing brief, much less new evidence in the form of declarations from undisclosed expert witnesses, but simply an answer to the Court's question.  Defendants' new evidence exceeds the scope of the Court's request for briefing and could have been presented at the October 23, 2020 hearing, or at the very least with one of Defendants' two closing briefs.

If the Court intends to consider these five untimely declarations submitted after the close of trial, Plaintiffs reserve all objections and request an opportunity to cross-examine or depose these witnesses.  For these reasons, the Court should strike Defendants' five new declarations submitted in response to its November 19 minute order.  *See* ECF Nos. 6976-1 through 5.

## ARGUMENT

**I. DEFENDANTS' DECLARATIONS SHOULD BE STRICKEN BECAUSE THEY EXCEED THE SCOPE OF THE COURT'S NOVEMBER 19 QUESTION, COME FROM UNDISCLOSED EXPERT WITNESSES, AND COULD HAVE BEEN SUBMITTED AT AN EARLIER TIME.**

Defendants submitted five declarations with their response, all of which are nonresponsive to the Court's November 19 question and instead serve as a medium for Defendants to provide additional evidence that they should have presented at the October 23, 2020 hearing or with their Closing Argument or Rebuttal briefs.  New

evidence, in the form of declarations from undisclosed expert witnesses, should not be submitted after the conclusion of trial when Plaintiffs are unable to respond, and accordingly, the Court should strike the declarations. *See Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 998 (9th Cir. 2001) (district court properly declined to consider evidence presented after the conclusion of trial because the party "could have obtained that evidence sooner"); *Defs. of Wildlife v. Bernal*, 204 F.3d 920, 929 (9th Cir. 2000) (district court did not abuse its discretion in declining to grant partial new trial based on evidence that could have been discovered prior to trial with the exercise of due diligence).

Dr. Aaron Kheriaty's declaration does not opine on cognizable harm experienced by *Coleman* class members and should be stricken. The Kheriaty declaration spends pages describing principles of biomedical ethics and concludes by arguing that DSH is making an intentional and appropriate decision to delay transferring *Coleman* class members to inpatient care because "[t]he harms, both individual and collective, of immediate transfer clearly outweigh the harms of a temporary delay of transfer." Kheriaty Declaration ISO Defendants' Response to November 19, 2020 Order ("Kheriaty declaration"), ECF No. 6976-1 at ¶ 12. The Kheriaty declaration specifically focuses on the need to apply population-based care rather than individual care, in which "ethical judgments take into account the needs of entire populations and not just the desires or preferences of individual patients." *Id.* at ¶ 10. This information is nonresponsive to the Court's November 19 question, which specifically asks Defendants to brief whether *Coleman* class members face cognizable harm. *See* ECF No. 6961. Instead, Defendants use the Kheriaty declaration to present a new paradigm under which the Court should weigh the undeniable harm that *Coleman* class members experience, one that was not argued at the evidentiary hearing or discussed in Defendants' prior briefing. To the extent that the Kheriaty declaration does not opine on the cognizable harm that *Coleman* class members face as they continue to wait for inpatient care, it should be stricken. *See Brown v. Plata*, 563 U.S. 493, 523 (2011) (affirming three-judge court's ruling that it would consider evidence "[t]o the extent that it illuminates questions that are properly before the court.").

Dr. Amar Mehta's declaration, as well as the Meyer, Scott, and Stahl declarations, also exceed the scope of the Court's narrow question and instead serve as an opportunity for Defendants to make a presentation that should have been made at the October 23, 2020 hearing. The declarations are nonresponsive to the Court's November 19 minute order and are instead a belated attempt to refute Dr. Stewart's hearing testimony and subsequent declaration.[1] Even though Defendants reviewed the medical records of the eleven *Coleman* patients waiting to be transfer to DSH prior to the hearing, *see* RT 302:17-24 (Mehta testimony), they chose not to engage with those medical records in their trial testimony, Closing Brief, nor the Rebuttal Brief. *See generally* Defs' Closing Brief, ECF No. 6949; Defs' Rebuttal Brief, ECF No. 6960. Defendants should not be permitted to resume briefing this topic at their convenience by belatedly introducing the declarations of three new witnesses, who were not on their witness list, did not testify at trial, and were not subject to cross-examination, without permitting Plaintiff an opportunity to respond.

## II. PLAINTIFFS RESERVE ALL RIGHTS TO OBJECT TO DEFENDANTS' UNTIMELY EVIDENCE AND REQUEST AN OPPORTUNITY TO CROSS-EXAMINE OR DEPOSE THE DECLARANTS.

If the Court decides to consider Defendants' untimely submitted declarations of experts who were not on the approved witness list, Plaintiffs reserve all rights to raise objections to their testimony. Further, Plaintiffs also request an opportunity to cross-examine or depose Defendants' expert witnesses regarding the substance of their declarations. *See Green v. Baca*, 219 F.R.D. 485, 487 n. 1 (C.D. Cal.2003) (permitting plaintiff an opportunity to depose a key declarant in response to new evidence submitted on reply).

/ / /

---

[1] The Mehta declaration includes an analysis of medical records for Patients 3, 7, 10, 11, 15, 16, 24, 28, 38, 39, and 52. *See* ECF No. 6976-2. The Meyer declaration includes an analysis of medical records for Patient 10. *See* ECF No. 6976-3. The Scott declaration includes an analysis of medical records for Patient 3. *See* ECF No. 6976-4. The Stahl declaration includes an analysis of medical records for Patient 38. *See* ECF No. 6976-5.

**CONCLUSION**

Plaintiffs respectfully request that the Court enter an Order to strike the five declarations that Defendants submitted in response to the November 19, 2020 request for supplemental briefing. In the event that the Court considers Defendants' declarations, Plaintiffs request an opportunity to cross-examine or depose these witnesses, and reserve their right to raise further objections.

DATED: December 11, 2020         Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP


By: /s/ Amy Xu
    Amy Xu

Attorneys for Plaintiffs