XAVIER BECERRA, State Bar No. 118517
Attorney General of California
MONICA N. ANDERSON, State Bar No. 182970
Senior Assistant Attorney General
ADRIANO HRVATIN, State Bar No. 220909
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
KYLE A. LEWIS, State Bar No. 201041
LUCAS HENNES, State Bar No. 278361
NAMRATA KOTWANI, State Bar No. 308741
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7323
  Fax: (916) 324-5205
  E-mail: Lucas.Hennes@doj.ca.gov
*Attorneys for Defendants*

PAUL B. MELLO, State Bar No. 179755
LISA M. POOLEY, State Bar No. 168737
SAMANTHA D. WOLFF, State Bar No. 240280
LAUREL E. O'CONNOR, State Bar No. 305478
HANSON BRIDGETT LLP
  1676 N. California Boulevard, Suite 620
  Walnut Creek, CA 94596
  Telephone: (925) 746-8460
  Fax: (925) 746-8490
  E-mail: PMello@hansonbridgett.com
*Attorneys for Defendants*

ROMAN M. SILBERFELD, State Bar No. 62783
GLENN A. DANAS, State Bar No. 270317
ROBINS KAPLAN LLP
  2049 Century Park East, Suite 3400
  Los Angeles, CA 90067-3208
  Telephone: (310) 552-0130
  Fax: (310) 229-5800
  E-mail: RSilberfeld@RobinsKaplan.com
*Special Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                              Plaintiffs,<br><br>        v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>                              Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE** |

## INTRODUCTION

With stunning hypocrisy, Plaintiffs have moved to strike the evidence Defendants presented in response to a direct order from this Court asking the parties to brief the issue of whether it can or should presume cognizable harm to class members whose transfer to necessary inpatient care is

1

Defs.' Opp. Pls.' Mot. to Strike  (2:90-cv-00520 KJM-DB (PC))

delayed beyond Program Guide timelines and for reasons outside the court-approved exceptions to those timelines. (ECF No. 6961.) Each of the declarations Defendants submitted in support of Defendants' brief responds to the Court's new question, which was not put to the parties until after all other briefing and the submission of evidence had closed. Further, these declarations directly dispute Plaintiffs' expert's overgeneralized and misleading statements of patient harm contained in a declaration filed *after* the close of evidence and without warning. Plaintiffs now appear to be complaining about actions that they themselves set in motion with their untimely filing.

Plaintiffs' motion to strike is based on several false premises. They improperly analogize the responsive declarations to Dr. Pablo Stewart's declaration submitted after the Court ruled that evidence inadmissible as part of Plaintiffs' evidence for the October 23 hearing, and they claim they are somehow entitled to discovery on the declarants, even though they refused to provide the same for Dr. Stewart before he testified at the October 23 hearing. Plaintiffs' argument that they were harmed as a result of Defendants' COVID-19 policies was central to their position at the October 23 hearing. But Plaintiffs failed to establish harm at the hearing, then attempted to slip in evidence alleging harm as part of their closing argument, and now, in response to the Court's new question, attempt again to offer the Stewart declaration. In contrast, the declarations that support Defendants' response to the Court's new questions were not part of Defendants' evidence for the October 23 hearing because Defendants had no burden with respect to harm. The Court did not ask the parties to address the harm issue at the October 23 hearing. The question of harm is new. Defendants' declarations are properly before the Court to address it.

**ARGUMENT**

**I.   DEFENDANTS' DECLARATIONS ARE DIRECTLY RESPONSIVE TO THE QUESTION OF WHETHER THE COURT SHOULD PRESUME HARM.**

In response to this Court's November 19 minute order, Defendants submitted five declarations of various medical professionals, including the declaration of California Department of Corrections and Rehabilitation's (CDCR) Deputy Director of Mental Health Programs, Dr. Amar Mehta, which discussed the implications of delayed transfers on *Coleman* patients;

2

Defs.' Opp. Pls.' Mot. to Strike  (2:90-cv-00520 KJM-DB (PC))

three declarations of psychiatric experts responding to Dr. Pablo Stewart's declaration, which was filed after the October 23 evidentiary hearing; and a declaration from a bioethicist discussing the ethical justifiability of the steps that the Department of State Hospitals (DSH) has taken to protect their patients from COVID-19 infection. (ECF Nos. 6976-1, 6976-2, 6976-3, 6976-4, and 6976-5.)

Plaintiffs have moved to strike these declarations, arguing that they are "nonresponsive to the Court's November 19 question and instead serve as a medium for Defendants to provide additional evidence that they should have presented at the October 23, 2020 hearing or with their Closing Argument or Rebuttal briefs." (ECF No. 6982 at 2.) Plaintiffs' argument fails to acknowledge a critical fact about the Court's November 19 order: it posed an entirely new question, unrelated to the focused questions posed and answered at the October 23 evidentiary hearing. Defendants, accordingly, supplemented their response to the November 19 order with information directly responsive to the Court's new question concerning whether harm to *Coleman* class members should be presumed.

Indeed, Plaintiffs concede that the Kheriaty declaration directly addresses how the Court should weigh any harm that *Coleman* class members experience as a result of their COVID-19 screening policies. (ECF No. 6982 at 2:10-19.) And the Kheriaty declaration responds directly to the Court's question of whether it should "presume cognizable harm to class members whose transfer to necessary inpatient care is delayed beyond Program Guide timelines and for reasons outside the court-approved exceptions to those timelines." (ECF No. 6961.) Dr. Kheriaty's declaration provided the medical and public health reasons that require the rejection of any presumption of harm in the context of the ongoing pandemic. This independent expert's declaration explained the different interests that must be weighed when determining the correct course of action to preserve patient health and safety, and further explained why some of those interests must give way to larger public interests in times of a pandemic:

> In a pandemic situation, these principles may sometimes be in tension. For instance, the obligation to provide a needed resource to the extremely ill may conflict with the need to promote the common good by giving those same resources to people who are more likely

> to survive. In such situations it is widely accepted that medical institutions must shift from their traditional focus on individual patients to a focus on populations, the common good, and the protection of civil society—that is, a shift to crisis standards of care.

(ECF No. 6976-1 ¶¶ 7 and 8.) Efforts to prevent the spread of coronavirus throughout DSH's intermediate care facilities unquestionably benefit all the *Coleman* class members who waited or are waiting for admission into those facilities. Thus, it would be improper to presume harm to those class members in this context.

The declarations of Drs. Scott, Meyer, and Stahl also address the question of whether the Court should presume harm, pointing out that the Court should not countenance it because patients are not being harmed. Each of these highly qualified and experienced psychiatrists evaluated the clinical records of various patients identified by Plaintiffs and found that these patients have not suffered harm due to any delays in transfer to DSH. (*See* ECF No. 6976-3 at ¶ 15; ECF No. 6976-4 at ¶ 34; ECF No. 6976-5 at ¶ 29.) These evaluations, conducted by well-respected experts in psychiatry, demonstrate why the Court should not presume harm based solely on delays in transfer to DSH inpatient care, and they are therefore clearly relevant to the Court's inquiry.

**II.   CONVERSELY, IF DEFENDANTS' DECLARATIONS ARE STRICKEN, THIS COURT MUST STRIKE PLAINTIFFS' NEW EVIDENCE FOR THE SAME REASONS.**

It is disingenuous of Plaintiffs to argue that Defendants should not be allowed to introduce new evidence when, in their closing brief, they submitted testimony—and thousands of pages of additional evidence—that the Court previously excluded during the October 23 evidentiary hearing. Based on Defendants' objection, this Court excluded Dr. Stewart's testimony regarding specific *Coleman* patients whose transfers to DSH were delayed due to COVID-19 screening protocols. (10/23/20 Hrg. Tr. at 270:9 – 271:11.) The Court has never reversed that ruling, nor did it invite Plaintiffs to submit additional evidence with their closing argument. Notwithstanding Defendants' sustained objection to Dr. Stewart's testimony, Plaintiffs have repeatedly ignored the Court's ruling, including an entirely new Dr. Stewart declaration with their closing brief, and citing again to that declaration in their response to the Court's November 17 order. (ECF No.

4

6948-1 and ECF No. 6975 at 2 and 4.)  Defendants' declarations—submitted in direct response to a specific request from the Court to address a question that was not posed at the evidentiary hearing—are wholly different from Plaintiffs' repeated attempts to introduce excluded testimony, even before the Court requested additional briefing about presumed harm.  However, if the Court were to conclude that Defendants' declarations are improper, then the Court must also strike the declaration of Dr. Stewart.  To rule otherwise would be manifestly unjust and inconsistent.

## CONCLUSION

Along with the written response to the Court's new question seeking supplemental briefing after the conclusion of the October 23 evidentiary hearing, Defendants provided succinct declarations demonstrating that patient harm cannot be presumed from delayed transfer to DSH inpatient hospital care.  Plaintiffs' objections to this evidence are unfounded and hypocritical, and the declarations should not be stricken.  If the Court elects to disregard Defendants' supporting declarations, however, it should also disregard Dr. Stewart's testimony, which the Court properly excluded during the hearing.

Dated:  December 17, 2020               Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
ADRIANO HRVATIN
Supervising Deputy Attorney General

*/s/ Lucas L. Hennes*

LUCAS L. HENNES
Deputy Attorney General
*Attorneys for Defendants*

5

Defs.' Opp. Pls.' Mot. to Strike  (2:90-cv-00520 KJM-DB (PC))