UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No.  2:90-cv-0520 KJM KJN P |
| Plaintiffs, | |
| v. | ORDER |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

The court convened the fourth and final quarterly status conference of 2020 by videoconference on December 18, 2020 at 10:00 a.m.  *See* ECF No. 6998.  At hearing, the court signaled its intention to strike from the record all suggestions for court action presented under the guise of status reports and other documents the court deems non-responsive to its orders.  The court also indicated it would provide further clarification following hearing, as it does here.

As the court reviewed on the record, examples of the type of filing the court is striking include, but are not limited to:

1. Plaintiffs' suggestion that Enhanced Outpatient Program (EOP) inmates should not be housed in administrative segregation units.  *See*, *e.g.*, ECF No. 6937 at 10-11.

2. Defendants' brief attached to their staffing proposal, ECF No. 6978.

1

3.  Defendants' statement on specific suicide prevention issues, ECF No. 6980, to the extent it refers to definitions of foreseeability and preventability as "the Special Master's" definitions and, more generally, to the extent they suggest "foreseeability" and "preventability" analyses have been separated from suicide reviews, particularly in the area of review of clinical inadequacies leading to suicides.

4.  Plaintiffs' suggestion that the court can interpret arguments in plaintiffs' July 15, 2020 brief, ECF No. 6766, as a motion for referral of this matter to a three-judge court for consideration of prison population reduction measures targeting the plaintiff class.

Defendants' brief attached to the staffing proposal, ECF No. 6978, is stricken in its entirely.  The staffing proposal, ECF No. 6978-1, however, remains of record.  The other content referenced above is stricken from the documents in which it is found, though the documents otherwise remain part of the record to the extent they contain material not stricken.  The court will not act on those items or any other such requests that may remain on the court's docket.  Nothing in this order precludes any party from seeking leave to file a motion on these matters consistent with the further requirements of this order set forth below.

Going forward, any party seeking relief from this court, including from any existing order of this court, must first file a request for leave to file a motion, describing with particularity the relief to be sought and the steps the party has taken to exhaust meet and confer efforts with all opposing counsel.  The request also should describe communications with the Special Master regarding the proposed motion as part of the requester's due diligence in determining whether the parties are at impasse.  Any such request must not exceed five (5) pages. The court will not entertain any motion unless a request for leave to file that complies with this order is first filed and then the court grants it.

IT IS SO ORDERED.

DATED:  December 23, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE

2