UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No. 2:90-cv-0520 KJM KJN P |
| Plaintiffs, | |
| v. | ORDER |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

The court convened the fourth and final quarterly status conference of 2020 by videoconference on December 18, 2020 at 10:00 a.m. *See* ECF No. 6998. Good cause appearing, the court now confirms certain bench orders made at hearing relative to suicide prevention efforts and issues an additional order in aid of those efforts. This matter is set for further videoconference on January 29, 2021 at 10:00 a.m. The videoconference will be focused on two issues, suicide prevention efforts and quarantine and isolation space.

I.    SUICIDE PREVENTION

At hearing, the court ordered defendants to provide the Special Master forthwith their proposed suicide prevention policy for the psychiatric inpatient programs (PIPs) operated by the California Department of Corrections and Rehabilitation (CDCR). As the court noted on the record, the Special Master's expert has been requesting this policy since August 2019 and it is

1

long overdue. *See* Reporter's Transcript of Proceedings (RT), ECF No. 7002, at 57-58. The court confirms the Special Master shall forward the proposed policy to the court on or before December 28, 2020 at 5:00 p.m. *Id*. at 58.

In accordance with this court's December 3, 2020 order, defendants are required to complete the implementation of the court-ordered suicide prevention recommendations 1, 3, 6, 7, 8, 9, 10, 12, 13, 17, 18, 20, 21, 26, 28, 29, 31 and the remaining parts of 32 as outlined in the Special Master's expert's report on his fourth re-audit of suicide prevention practices. A list of these recommendations is attached to this order for ease of reference. At hearing, the court informed the parties that the top priority for action are recommendations 12, 13, 17 and 21, while all are to be fully implemented by the time of Mr. Hayes' fifth re-audit. On or before January 15, 2021, defendants shall complete and file proposed activation schedules for the top four recommendations and, by January 25, 2021 to the extent feasible, proposed activation schedules for each additional outstanding recommendation. Each proposed activation schedule shall include, as defendants deem necessary, interim deadlines toward complete implementation of the recommendations and identification of all persons responsible for completing each step.

In addition to requesting CDCR Secretary Kathleen Allison take all steps within her authority to expedite full implementation of all of the court-ordered recommendations, the court invites any requests for waivers of state law the court can entertain to expedite full implementation.[1]

On or before January 22, 2021, coordinating with the Special Master, defendants shall identify all the persons most knowledgeable regarding the status of implementation of the CDCR PIP suicide prevention policy and of the steps required by the proposed activation schedules. The January 29, 2021 hearing shall be attended by Secretary Kathleen Allison and the persons identified by defendants in the January 22, 2021 filing. At hearing, the court will review

---

[1] To the extent the record reflects these measures as recommendations, they have been recommended by the Special Master and his expert; they have now been ordered by the court and therefore are requirements.

with Secretary Allison and the identified persons the status of the CDCR PIP suicide prevention policy and the activation schedules.

## II.     QUARANTINE AND ISOLATION SPACE

The court will hear an update from the Special Master on the status of quarantine and isolation space. Defendants shall take all steps necessary to keep the Special Master fully informed of the status of this matter and provide him with the most current information not later than January 25, 2020, so that he can be fully prepared to provide the required update at the time of hearing.

IT IS SO ORDERED.

DATED: December 23, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE

ATTACHMENT

Suicide Prevention Recommendations Remaining to Be Fully Implemented

Recommendation 1: Expand the length and content of the pre-service "Crisis Intervention and Suicide Prevention training workshop to include topics as described above [i.e., including (1) self-injurious v. suicidal behavior and dealing effectively with inmates perceived to be manipulative; (2) identifying inmates at risk for suicide despite their denials of risk; (3) updated research on CDCR suicides; (4) identified problem areas and corrective actions from previous CDCR Suicide Reports; and (5) results of any recent *Coleman* and/or SPRFIT audits of suicide prevention practices.

Recommendation 3: Ensure that all custody and health care staff receive both pre-service and annual suicide prevention training.

Recommendation 6: Intake screening should be conducted only in the nurse's office within an R&R unit.

Recommendation 7: The nurse's office should be of sufficient size to conduct adequate intake screening and the door to the office (which should contain a large viewing window) should remain closed during the screening process.

Recommendation 8: Nurse and officer safety should remain the top priority during the intake screening process. If an inmate's security classification or unknown security status creates a safety concern, the screening should be conducted in the least restrictive setting that ensures both staff safety and inmate confidentiality.

Recommendation 9: CDCR should revise its SRE Mentoring Program to eliminate its "graduation" component after completion of two adequate assessments, conduct ongoing mentoring throughout the year, and audit clinicians' SREs on a regularly scheduled basis.

Recommendation 10: Each facility's SPRFIT should audit the quality of completed SREs on a monthly basis.

Recommendation 12: CDCR should ensure that there are a sufficient number of suicide-resistant retrofitted cells to house newly admitted inmates (i.e., those within their first 72 hours of their housing in the unit) and the inmates of special concern or heightened risk of suicide (e.g., inmates recently released from suicide observation status).

Recommendation 13 – CDCR should enforce its existing policy of housing only newly admitted inmates in retrofitted cells, and immediately re-house inmates remaining in the retrofitted cells beyond their first 72 hours.

Recommendation 17 – CDCR should adopt the recommendations made in connection with SREs (Recommendations 9 and 10) set forth above, which will also improve treatment planning contained in the SREs section above.

Recommendation 18 – CDCR should develop a specific timetable for the training of all of its mental health clinicians on treatment planning for the suicidal inmate, using its PowerPoint presentation, "Safety/Treatment Planning for Suicide Risk Assessment."

Recommendation 20 – CDCR should develop a corrective action plan (CAP) to ensure that supervising nursing staff regularly audits psych tech practices during daily rounds of mental health caseload inmates in administrative segregation and during weekly and bi-weekly rounds in the SHUs.

Recommendation 21 – CDCR should enforce its Program Guide requirements authorizing only the two levels of observation which may be provided for suicidal inmates: (1) observation at staggered intervals not exceeding every 15 minutes on Suicide Precaution, and (2) continuous observation for inmates on Suicide Watch.

Recommendation 26 – Any inmate housed in an OHU for more than 24 hours should be provided with a suicide-resistant bed.

Recommendation 28 – All inmates discharged from an MHCB or alternative housing, where they had been housed due to suicidal behavior, should be observed at 30-minute intervals by custody staff, regardless of the housing units to which they are transferred.

Recommendation 29 – The length of time an inmate is observed at 30-minute intervals following MHCB or alternative housing discharge should be determined on a case-by-case basis by the mental health clinician and clinically justified in the inmate's treatment plan. No other frequency of observation should be authorized.

Recommendation 31 – CDCR under the guidance of the Special Master, should re-examine and revise its local SPRFIT model to make the local SPRFITs a more effective quality assurance/improvement tool.

Recommendation 32 – CDCR, under the guidance of the Special Master, should examine and consider taking reasonable corrective actions to address these additional miscellaneous issues: Privileges for Inmates in MHCBs, Continuous Quality Improvement, and Reception Centers. *See* ECF No. 6879 at 24-25 for specific discussion of remaining parts of this recommendation to be implemented.