XAVIER BECERRA, State Bar No. 118517
Attorney General of California
MONICA N. ANDERSON, State Bar No. 182970
Senior Assistant Attorney General
ADRIANO HRVATIN, State Bar No. 220909
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
KYLE A. LEWIS, State Bar No. 201041
LUCAS HENNES, State Bar No. 278361
NAMRATA KOTWANI, State Bar No. 308741
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7318
  Fax: (916) 324-5205
  E-mail: Lucas.Hennes@doj.ca.gov
*Attorneys for Defendants*

PAUL B. MELLO, State Bar No. 179755
LISA M. POOLEY, State Bar No. 168737
SAMANTHA D. WOLFF, State Bar No. 240280
LAUREL E. O'CONNOR, State Bar No. 305478
HANSON BRIDGETT LLP
  1676 N. California Boulevard, Suite 620
  Walnut Creek, CA 94596
  Telephone: (925) 746-8460
  Fax: (925) 746-8490
  E-mail: PMello@hansonbridgett.com
*Attorneys for Defendants*

ROMAN M. SILBERFELD, State Bar No. 62783
GLENN A. DANAS, State Bar No. 270317
ROBINS KAPLAN LLP
  2049 Century Park East, Suite 3400
  Los Angeles, CA 90067-3208
  Telephone: (310) 552-0130
  Fax: (310) 229-5800
  E-mail: RSilberfeld@RobinsKaplan.com
*Special Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                    Plaintiffs,<br><br>    v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>                    Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**DEFENDANT ALLISON'S ANSWER TO PLAINTIFF-INTERVENOR LIPSEY'S COMPLAINT IN INTERVENTION** |

Defendant Allison answers Plaintiff-Intervenor Christopher Lipsey's Complaint in

Intervention (ECF No. 6941), filed November 5, 2020, as follows:

///

///

1

1.   In response to paragraph 1 of the complaint in intervention, Defendant lacks sufficient knowledge or information to admit or deny the factual allegations in this paragraph, and on this basis denies those allegations.

2.   In response to paragraph 2 of the complaint in intervention, Defendant admits that the Guard 1 system is intended to reduce inmate suicides. Defendant denies all remaining allegations in this paragraph.

3.   In response to paragraph 3 of the complaint in intervention, Defendant lacks sufficient knowledge or information to admit or deny these allegations, and on that basis she denies them.

4.   In response to paragraphs 4-6, entitled "Jurisdiction and Venue," Defendant admits that jurisdiction and venue are appropriate.

5.   Defendant admits all allegations in paragraphs 7-8, entitled "Parties."

6.   In response to paragraphs 9-36, entitled "Factual Allegations," Defendant responds as follows:

   a.   Defendant admits all allegations in paragraph 9.

   b.   In response to paragraph 10, Defendant denies that Guard 1 welfare checks are conducted every thirty minutes, 24 hours a day, in all prisons.

   c.   Defendant admits all allegations in paragraph 11.

   d.   Because the allegations in paragraph 12 concern Corcoran State Prison, where Lipsey is not housed, they are not relevant to Lipsey's allegations or claim for relief. On that basis, Defendant denies these allegations.

   e.   In response to paragraph 13, Defendant admits that under certain circumstances the contact between the Guard 1 pipe and the sensor can create a sound, but that the sound and conditions under which it is created will vary according to location and other factors. Based on information available concerning the sound created, Defendant denies that the sound is loud.

   f.   Defendant denies all allegations in paragraph 14.

///

2

Def. Allison's Ans. Lipsey Compl. Intv'n. (2:90-cv-00520 KJM-DB (PC))

   g. In response to paragraph 15, Defendant admits that the Guard 1 pipe can be programmed to generate a beep to indicate a successful check. Defendant denies that these beeps occur at night.

   h. Defendant denies all allegations in paragraph 16.

   i. Defendant denies all allegations in paragraph 17. Moreover, Lipsey's suit does not concern alleged sounds created by key rings that correctional staff carry while on duty.

   j. Defendant admits all allegations in paragraph 18.

   k. Based on information and belief concerning Lipsey's housing history, Defendant admits that Lipsey was assigned to the Kern Valley Administrative Segregation Unit in May 2020. Defendant lacks sufficient information or knowledge to admit or deny the allegations concerning the status of Lipsey's criminal matters, and on this basis she denies those allegations.

   l. Based on information and belief concerning Lipsey's current housing status, Defendant admits all allegations in paragraph 20.

   m. In response to paragraph 21, Defendant lacks sufficient information or knowledge to admit or deny whether the described sounds are sufficient to awaken Lipsey, and on this basis deny those allegations.

   n. In response to paragraph 22, Defendant lacks sufficient knowledge or information to admit or deny the factual allegations in this paragraph, and on this basis denies those allegations.

   o. In response to paragraph 23, Defendant lacks sufficient knowledge or information to admit or deny the factual allegations in this paragraph, and on this basis denies those allegations.

   p. In response to paragraph 24, Defendant admits that cell doors in the Kern Valley ASU are made from perforated metal. Defendant further admits that the Guard 1 sensor must be mounted on a metal plate. Defendant lacks sufficient knowledge or information to admit or deny whether a cell door in the Kern Valley ASU muffles the sounds made by Guard 1 checks, and on this basis denies those allegations.

///

3

Def. Allison's Ans. Lipsey Compl. Intv'n. (2:90-cv-00520 KJM-DB (PC))

1   q. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraphs 25-32 concerning Lipsey's individualized actions and reactions, and on that basis denies those allegations.

   r. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 33 concerning Lipsey's CDCR Form 22 activity, and on that basis denies those allegations.

   s. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 34 concerning Lipsey's CDCR Form 602 activity, and on that basis denies those allegations. [check on 602 from July 30, 2013, filed by Lipsey?]

   t. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 35 concerning Lipsey's CDCR Form 602 activity and his individualized reactions, and on that basis denies those allegations.

   u. Defendant admits that she is currently the Secretary of the California Department of Corrections and Rehabilitations, and the allegations concerning her duties and responsibilities. Defendant denies Lipsey's allegations that she continues to order the use of Guard One statewide.

7. In response to paragraph 37, Defendant reasserts her admissions and denials from above.

8. Defendant denies all factual allegations in paragraph 38, and specifically denies that Lipsey is being deprived of his rights secured by the United States Constitution.

9. Defendant denies all factual allegations in paragraph 39, and specifically denies that Secretary Allison has been aware of or condoned Lipsey's alleged deprivations, or has been deliberately indifferent to such conduct.

10. Defendant denies all factual allegations in paragraph 40, and specifically denies that Secretary Allison's conduct has caused any injury to Lipsey.

11. In response to Lipsey's Prayer For Relief (ECF No. 6941 at 5-6), Defendant denies that Lipsey is entitled to the relief requested, or to any relief, as a result of his allegations.

///

4

Def. Allison's Ans. Lipsey Compl. Intv'n. (2:90-cv-00520 KJM-DB (PC))

12. Except as expressly admitted above, Defendant denies every allegation in Lipsey's Complaint in Intervention.

**AFFIRMATIVE DEFENSES**

1. Lipsey, as a longstanding class member in this case, has been represented throughout the court-ordered implementation of the Guard 1 system without raising concerns of sleep deprivation through class counsel. He is therefore barred from seeking injunctive relief on this issue under the doctrine of laches.

2. Lipsey, through class counsel, similarly failed to object to the implementation of the Guard 1 system through the Special Master's recommendations and this Court's order adopting those recommendations. He is therefore barred from seeking injunctive relief on this issue under the doctrine of equitable estoppel.

3. Defendants continue to use the Guard 1 monitoring system as required by this Court's order. Because Lipsey's claims for declaratory and injunctive relief would necessarily overturn this order, they represent an improper motion to modify a court order under Federal Rule of Civil Procedure 60(b).

4. Defendants use the Guard 1 monitoring system as required by this Court's order. Because this Court has necessarily decided that the use of Guard 1 is constitutional, Lipsey's claims for declaratory and injunctive relief are barred under the doctrine of res judicata.

5. To the extent that Lipsey has failed to exhaust available administrative remedies by pursuing an appeal through all levels of review as to his claims, his claims are barred by 42 U.S.C. 1997e.

Defendants reserve the right to amend this answer to include additional affirmative defenses as they become applicable.

**DEMAND FOR JURY TRIAL**

Defendant notes that "[i]t is settled law that the Seventh Amendment does not apply" to suits seeking only equitable relief, such as an injunction. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 719 (1999). Notwithstanding this, and to the extent that Lipsey

later pleads claims appropriate for a trial by jury, Defendant demands a jury trial on all appropriate issues.

### PRAYER FOR RELIEF

Defendant prays for judgment as follows:

1. That judgment is entered in favor of Defendant and against Lipsey;
2. That Lipsey take nothing by this action;
3. That Defendant be awarded costs of suit and attorney's fees; and
4. That Defendant be awarded such other relief as this Court deems proper.

Dated:  December 28, 2020                             Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
ADRIANO HRVATIN
Supervising Deputy Attorney General

*/s/ Lucas L. Hennes*

LUCAS L. HENNES
Deputy Attorney General
*Attorneys for Defendants*

6

Def. Allison's Ans. Lipsey Compl. Intv'n. (2:90-cv-00520 KJM-DB (PC))