XAVIER BECERRA, State Bar No. 118517
Attorney General of California
MONICA N. ANDERSON, State Bar No. 182970
Senior Assistant Attorney General
ADRIANO HRVATIN, State Bar No. 220909
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
KYLE A. LEWIS, State Bar No. 201041
LUCAS HENNES, State Bar No. 278361
NAMRATA KOTWANI, State Bar No. 308741
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7318
 Fax: (916) 324-5205
 E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

PAUL B. MELLO, State Bar No. 179755
LISA M. POOLEY, State Bar No. 168737
SAMANTHA D. WOLFF, State Bar No. 240280
LAUREL E. O'CONNOR, State Bar No. 305478
HANSON BRIDGETT LLP
 1676 N. California Boulevard, Suite 620
 Walnut Creek, CA 94596
 Telephone: (925) 746-8460
 Fax: (925) 746-8490
 E-mail: PMello@hansonbridgett.com
*Attorneys for Defendants*

ROMAN M. SILBERFELD, State Bar No. 62783
GLENN A. DANAS, State Bar No. 270317
ROBINS KAPLAN LLP
 2049 Century Park East, Suite 3400
 Los Angeles, CA 90067-3208
 Telephone: (310) 552-0130
 Fax: (310) 229-5800
 E-mail: RSilberfeld@RobinsKaplan.com
*Special Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**DEFENDANTS' OBJECTIONS TO DECEMBER 28, 2020 MINUTE ORDER [ECF NO. 7006]** |

Pursuant to a December 18, 2020 bench order and a December 24, 2020 order, Defendant California Department of Corrections and Rehabilitation (CDCR) provided its proposed Psychiatric Inpatient Program (PIP) Suicide Prevention policy to the Special Master, who in turn submitted the policy to the Court on December 28, 2020. (ECF No. 7004 at 2.) Upon receipt of the proposed PIP Suicide Prevention Policy, the Court issued a minute order acknowledging receipt of the policy and ordering CDCR to implement the proposed policy immediately.

1

Defs.' Objections to 12/28/20 Minute Order  (2:90-cv-00520 KJM-DB (PC))

1  (ECF No. 7006.)  The minute order also provides that the Court will entertain proposed revisions
2  or refinements of the policy at the status conference set for January 29, 2021, and that the Special
3  Master may facilitate task force discussions with the parties before the January status conference.
4  (*Id.*)  Finally, the order notifies the parties that the Court plans to file the proposed policy and the
5  parties' correspondence on the docket by the end of the business day on December 30, 2020, and
6  that if any party objects to this plan it may file written objections by noon on that date.  (*Id.*)

7      Recognizing the seriousness of suicide prevention, Defendants have developed the PIP
8  Suicide Prevention policy in consultation with the Special Master and his experts.  Defendants
9  incorporated all feedback received from the Special Master's team into the policy and CDCR is in
10 the process of providing it to the CDCR institutions that operate a PIP, as required under the
11 December 28 minute order.  The court's plan involves immediate implementation of the policy
12 *followed* by an extended period in which Plaintiffs can request revisions, after which revisions
13 may be incorporated.  That plan, in turn, will likely put CDCR in the position of having to retract
14 the newly implemented policy, revise and then issue a new policy to the field, wasting resources
15 and resulting in potential delays and unnecessary confusion among staff concerning the policy.
16 The plan therefore appears operationally problematic and Defendants object to it on that basis.
17 Significantly, Plaintiffs have not submitted any comments on the policy after six days.  Providing
18 an extended period, *after* implementation of the policy for Plaintiffs to seek revisions promises
19 unnecessary litigation of issues that could have been resolved collaboratively before full
20 implementation.

21     Defendants also object to the Court's plan to the extent it suggests that an order is necessary
22 to direct CDCR to implement the proposed policy, which is one that CDCR developed and
23 already intends to implement with the Special Master's approval.  To that end, CDCR is
24 preparing to send the policy to the PIPs, and Defendants will speedily implement it with or
25 without a Court order.  Additionally, tethering the policy to an order at this time is unnecessary
26 and could result in litigation when revisions to the policy are warranted and necessary.

27     Lastly, CDCR should be able to implement a policy that reflects best practices and that
28 exceeds constitutional requirements—as the proposed policy does—without raising the

2

Defs.' Objections to 12/28/20 Minute Order  (2:90-cv-00520 KJM-DB (PC))

constitutional bar in this case. The order is objectionable to the extent it casts specific provisions in this policy as setting the constitutional minima; instead, the policy reflects best practices in correctional settings and the community, and clearly exceeds the requirements of the Eighth Amendment. Moreover, the order for immediate implementation does not comport with the Prison Litigation Reform Act (PLRA). Before a Court can order prospective relief, the PLRA requires a finding that the ordered relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. 18 U.S.C. § 3626(a)(1). Defendants are not aware of any orders issuing findings that the specific provisions in this suicide prevention policy are required to address an ongoing Eighth Amendment violation, or that Defendants proposed policy is the least intrusive and narrowest means for correcting any violation, as required under the PLRA.

**CERTIFICATION**

Defendants' counsel certifies that she reviewed the following orders relevant to this filing: ECF Nos. 7002, 7004, and 7006.

Dated: December 30, 2020                    Respectfully submitted,

XAVIER BECERRA
Attorney General of California
ADRIANO HRVATIN
Supervising Deputy Attorney General

*/s/ Elise Owens Thorn*

Elise Owens Thorn
Deputy Attorney General
*Attorneys for Defendants*

3

Defs.' Objections to 12/28/20 Minute Order  (2:90-cv-00520 KJM-DB (PC))