1  XAVIER BECERRA, State Bar No. 118517           ROMAN M. SILBERFELD, State Bar No. 62783
   Attorney General of California                 GLENN A. DANAS, State Bar No. 270317
2  DAMON MCCLAIN, State Bar No. 209508            ROBINS KAPLAN LLP
   Supervising Deputy Attorney General              2049 Century Park East, Suite 3400
3  ELISE OWENS THORN, State Bar No. 145931          Los Angeles, CA 90067-3208
   LUCAS HENNES, State Bar No. 278361               Telephone: (310) 552-0130
4  NAMRATA KOTWANI, State Bar No. 308741            Fax: (310) 229-5800
   Deputy Attorneys General                         E-mail: RSilberfeld@RobinsKaplan.com
5    1300 I Street, Suite 125                     *Special Counsel for Defendants*
     P.O. Box 944255
6    Sacramento, CA 94244-2550
     Telephone: (916) 210-7318
7    Fax: (916) 324-5205
     E-mail: Elise.Thorn@doj.ca.gov
8  *Attorneys for Defendants*

9

10  HANSON BRIDGETT LLP
    PAUL B. MELLO, SBN 179755
11  SAMANTHA D. WOLFF, SBN 240280
    DAVID C. CASARRUBIAS, SBN 321994
12  1676 N. California Blvd., Suite 620
    Walnut Creek, California 94596
13  Telephone:    925-746-8460
    Facsimile:    925-746-8490

14  *Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al., | Case No. 2:90-CV-00520- KJM-DB |
| Plaintiffs, | **DEFENDANTS' OBJECTIONS TO THE SPECIAL MASTER'S REPORT ON HIS EXPERT'S ANALYSIS OF CDCR'S ANNUAL SUICIDE REPORT JANUARY 1, 2015-DECEMBER 31, 2015 AND HIS EXPERT'S REVIEW OF SUICIDES COMPLETED IN CDCR JANUARY 1, 2016-DECEMBER 31, 2016** |
| v. | |
| GAVIN NEWSOM, et al. | |
| Defendants. | |
| | Judge: Hon. Kimberly J. Mueller |


# INTRODUCTION

Defendants submit the following objections to the Special Master's Report on his Expert's Analysis of the California Department of Corrections and Rehabilitation's Annual Suicide Report January 1, 2015 – December 31, 2015 and his Expert's Review of Suicides Completed in the California Department of Corrections and Rehabilitation January 1, 2016 – December 31 2016, (ECF No. 7038) ("Special Master's Suicide Reports").[1] The Special Master's Suicide Reports represent an unnecessary redundancy of CDCR's own 2015 and 2016 Annual Suicide Reports ("CDCR's Suicide Reports"), as well as CDCR's comprehensive suicide prevention report to the Legislature pursuant to California Penal Code section 2064.1.

The Special Master has identified alleged issues with CDCR's Suicide Reports, and issued his own draft Suicide Reports. However, the Special Master's principal criticism of CDCR's 2015 Annual Suicide Report is that it fails to use the Special Master's precise definitions of "foreseeability" and "preventability." That is inaccurate, as another part of the Special Master's final report concedes. The Special Master also criticizes the report because Defendants refused to commit to using those outdated terms in future reports. Defendants evaluated the Special Master's draft Suicide Reports and, on January 11, 2021, provided a comprehensive response identifying various material omissions, mischaracterizations, and either misleading or conclusory determinations in those draft Suicide Reports. *See* Attachment. Thereafter, the Special Master revised and filed with this Court his final Suicide Reports, which largely ignored or avoided a majority of Defendants' concerns. CDCR has also since published its 2017-2019 Aggregate Suicide Report, on February 1, 2021.  (Available at https://cchcs.ca.gov/wp-content/uploads/sites/60/MH/2017-19_Aggregate-Suicide-Report.pdf.)

Within the last sixteen months alone, Defendants have produced five comprehensive reports on prison suicide during the period 2015-2019, including two directed to the Legislature.

---

[1] The Court's current schedule, which provides only 10 calendar days to respond to the Special Master's reports that are often hundreds of pages long, is insufficient to afford Defendants and their attorneys adequate time to fully vet what, if any, changes were made to final reports from draft reports, and whether any of those changes fully, partially, or adequately address Defendants' concerns.

1  Defendants are unaware of any prison system that produces *any* reports on prison suicides of
2  comparative depth and rigor. In addition, Defendants either have implemented or are in the
3  process of implementing the recommendations of the Special Master's suicide expert. Defendants
4  also remain committed to working with the Special Master's suicide expert to enhance CDCR's
5  suicide prevention and response. The goal in this thirty-year-old case should be helping CDCR
6  reassume full control of its Mental Health Services Delivery System ("MSHDS") and promote
7  self-monitoring that ultimately ends judicial oversight. Duplicative and costly reports by the
8  Special Master do nothing to further that goal. Accordingly, Defendants are hopeful that the Court
9  will give due consideration to the following objections.

## **OBJECTIONS TO THE SPECIAL MASTER'S REPORT**

11  Defendants object to the Special Master's Suicide Reports in their entirety on the ground
12  that they are redundant of CDCR's Suicide Reports. *See* Attachment at 1-2 (CDCR's response to
13  Special Master's draft Suicide Reports reflecting that CDCR's 2015 and 2016 Annual Suicide
14  Reports already demonstrate that CDCR honestly and critically assessed every suicide that
15  occurred in 2015 and 2016 and reflecting Defendants' disappointment in the Special Master's
16  efforts to "block CDCR from assuming the role of reporting on suicides to the *Coleman* court").
17  Defendants further object to the Special Master's Suicide Reports in their entirety on the ground
18  that they provide no better or additional information than CDCR's own Suicide Reports. *See*
19  Attachment at 1 (CDCR's response to Special Master's draft report reflecting that "CDCR's 2015
20  and 2016 Annual Suicide Reports go beyond the analysis done by the Special Master's experts in
21  their own annual suicide reports by providing comprehensive trend and statistical analysis").
22  CDCR has published its 2015 and 2016 Annual Suicide Reports on its public website to
23  advance its robust self-monitoring efforts and to allow mental health clinicians, nurses, and
24  custody staff who work directly with the inmate population to have access to this valuable
25  information. *See* 2015 CDCR Report available at https://cchcs.ca.gov/wp-
26  content/uploads/sites/60/SR/2015-Annual-Suicide-Report.pdf; *see also* 2016 CDCR Report
27  available at https://cchcs.ca.gov/wp-content/uploads/sites/60/SR/2016-Annual-Suicide-Report.pdf.
28  Defendants' Suicide Reports demonstrate that CDCR honestly and critically assessed every

suicide that occurred in 2015 and 2016 and show that CDCR is able to assess policy violations and implement corrective action. Defendants are unaware of any other prison system in this country that reviews each suicide as thoroughly and rigorously, and then tries to incorporate lessons from each suicide into its practices.

Defendants' Suicide Reports are materially similar to those prepared by the Special Master's team. While the Special Master contends that CDCR has neglected to include specific definitions of "foreseeability" and "preventability," and to conduct its analyses based upon those definitions, as Defendants explained in their January 11, 2021 response to the draft reports, many experts question the utility of foreseeability and preventability determinations in a mortality review context.[2] Among other things, foreseeability[3] and preventability determinations in the manner requested by the Special Master do not adequately acknowledge that deaths occur in a complex system and that causative factors beyond proximate cause of death are potentially important for identifying opportunities for improvement.[4] Ultimately, such determinations frequently divert attention away from opportunities for improvement that will lead to system-wide quality improvement and patient safety. That is why the field of mortality reviews itself has largely shifted away from narrow foreseeability and preventability determinations to a more holistic approach that focuses on opportunities for improvement.[5] Defendants' approach, which is holistic in nature, is consistent with the modern and favored approach to mortality reviews.

Here, the only way for Defendants to achieve a durable remedy that can finally lead to the termination of this litigation is to demonstrate autonomy over their prison system "that gives the

---

[2] Williams, B., Ahalt, S., Witt, L. (Final Report, Sept. 27, 2018). Assessing Medical Systems for the California Prison Health Care Receivership Corporation: Mortality Review Policy and Practice. The Criminal Justice & Health Program at UCSF, 3-4. https://cchcs.ca.gov/wp-content/uploads/sites/60/UCSF/Mortality-Review-Report.pdf

[3] The specific term "foreseeability" is not addressed in Dr. Brie Williams's Final Report. However, the term is as problematic as the term "preventability" because it focuses on identifying past proximate causation rather than future opportunities for improvement.

[4] *Id.* at 4.

[5] *Id.* at 14-15 (recommending that performance be tracked without relying on subjective and often variable assessments of "preventability" to emphasize quality improvement via identification of opportunities for improvement).

-4-   Case No. 2:90-CV-00520- KJM-DB
DEFENDANTS' OBJECTIONS TO SPECIAL MASTER'S REPORT ON 2015/2016 SUICIDES

1   Court confidence that defendants will not resume their violations of plaintiffs' constitutional rights
2   once judicial oversight ends." *Evans v. Fenty*, 701 F.Supp.2d 126, 171 (D.D.C. 2010). Retaking
3   the responsibility of reporting suicides to the Court is one step in the right direction toward
4   achieving that durable remedy especially where, as here, CDCR's Suicide Reports go beyond the
5   analysis done by the Special Masters' expert in the Special Master's Suicide Reports.  CDCR's
6   Suicide Reports provide comprehensive trend and statistical analysis conducted by CDCR's
7   experts in correctional suicides prevention and analysis, and are objective, impartial, and provide
8   all available data for comparison to other populations. *Compare* 2015 CDCR Report available at
9   https://cchcs.ca.gov/wp-content/uploads/sites/60/SR/2015-Annual-Suicide-Report.pdf, *and* 2016
10  CDCR Report available at https://cchcs.ca.gov/wp-content/uploads/sites/60/SR/2016-Annual-
11  Suicide-Report.pdf, *with* ECF No. 7038. Accordingly, Defendants request that the Court sustain
12  Defendants' objections and put an end to this costly, duplicative, and unnecessary exercise.

## CONCLUSION

14  Instead of narrowing judicial intervention based on Defendants' demonstrated progress
15  towards a durable remedy, the Special Master's Suicide Reports take the Court down yet another
16  unnecessary path leading away from a durable remedy and ultimately termination of this litigation.
17  CDCR's Suicide Reports demonstrate that CDCR honestly and critically assessed every suicide
18  that occurred in 2015 and 2016 and show that CDCR is able to assess policy violation and
19  implement corrective action. As such, the Court should sustain Defendants' objections and entrust
20  Defendants with the role of reporting suicides to the Court until this litigation is finally terminated.

21  DATED:  February 8, 2021                    HANSON BRIDGETT LLP

                                                By:    */s/ Paul B. Mello*
                                                       PAUL B. MELLO
                                                       SAMANTHA D. WOLFF
                                                       DAVID C. CASARRUBIAS
                                                       Attorneys for Defendants

| | | |
|---|---|---|
| 1 | Dated: February 8, 2021 | Respectfully Submitted, |
| 2 | | Xavier Becerra |
| | | Attorney General of California |
| 3 | | Damon McClain |
| | | Supervising Deputy Attorney General |
| 4 | | |
| | | */s/ Elise Owens Thorn* |
| 5 | | |
| | | Elise Owens Thorn |
| 6 | | Deputy Attorney General |
| | | *Attorneys for Defendants* |