XAVIER BECERRA, State Bar No. 118517
Attorney General of California
MONICA N. ANDERSON, State Bar No. 182970
Senior Assistant Attorney General
ADRIANO HRVATIN, State Bar No. 220909
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
KYLE A. LEWIS, State Bar No. 201041
LUCAS HENNES, State Bar No. 278361
NAMRATA KOTWANI, State Bar No. 308741
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7318
  Fax: (916) 324-5205
  E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

ROMAN M. SILBERFELD, State Bar No. 62783
GLENN A. DANAS, State Bar No. 270317
ROBINS KAPLAN LLP
  2049 Century Park East, Suite 3400
  Los Angeles, CA 90067-3208
  Telephone: (310) 552-0130
  Fax: (310) 229-5800
  E-mail: RSilberfeld@RobinsKaplan.com
*Special Counsel for Defendants*

HANSON BRIDGETT LLP
PAUL B. MELLO, SBN 179755
SAMANTHA D. WOLFF, SBN 240280
LAUREL E. O'CONNOR, SBN 305478
DAVID C. CASARRUBIAS, SBN 321994
1676 N. CALIFORNIA BLVD., SUITE 620
WALNUT CREEK, CALIFORNIA 94596
TELEPHONE: 925-746-8460
FACSIMILE: 925-746-8490

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>Defendants. | Case No. 2:90-cv-00520 KJM-DB (PC)<br><br>**STIPULATION AND ORDER IDENTIFYING QUARANTINE SPACE FOR EOP AND PIP PATIENTS**<br><br>Judge: Hon. Kimberly J. Mueller |

The parties, through their counsel, Stipulate as follows:

In order to allow each institution to follow public health guidance on isolating and quarantining patients in the event of a COVID-19 outbreak, on July 22, 2020, the Plata court ordered the California Department of Corrections and Rehabilitation (CDCR) to identify and set aside sufficient quarantine and isolation space at each institution. During the Coleman COVID-19 Taskforce meetings in August and September 2020, Plaintiffs raised concerns about whether CDCR has set aside sufficient quarantine space for class members in the Enhanced Outpatient Program level of care and higher. Plaintiffs filed an enforcement motion regarding quarantine space on September 25, 2020 (ECF No. 6887), which Defendants opposed on September 29, 2020 (ECF No. 6890).

In lieu of continuing to litigate the enforcement motion, the parties agreed to meet and confer about quarantine space for Coleman class members and met on October 5, October 15, October 27, and November 10, 2020. During those meetings, the parties discussed where Enhanced Outpatient Program (EOP) and Psychiatric Inpatient Program (PIP) class members would be housed at each of the fifteen EOP institutions. The parties also discussed the development of policies governing programming and treatment of EOP class members housed in set-aside quarantine units. As a result of those meetings, the parties make the following agreements:

1) Patients in the EOP level of care or higher housed under quarantine in an institution's set-aside quarantine space will either be clustered together within one area within the separate quarantine unit or placed in sections or pods of the quarantine unit that are separate from other non-EOP inmates. For each of the fifteen EOP institutions, the parties identified where EOP patients will be housed within the set-aside quarantine space. That agreement is reflected in Attachment A to this stipulation. In the event of an outbreak, non-EOP patients may be overflowed into EOP sections or pods of the set-aside space, however, EOP patients will be clustered together in the event of such a large outbreak. These locations and practices are also subject to change in the event of an emergency, large outbreaks, or if recommended by the

Receiver or public health experts.  Defendants agree to notify Plaintiffs, and meet and confer if necessary, in the event that the location or nature of the EOP set-aside space changes.

2) For most EOP institutions, the parties agreed that EOP patients who are single celled will be quarantined in their single cells in their current EOP housing unit.  Similarly single celled PIP patients will generally be quarantined in their single cells.  Defendants also agreed to move double celled EOP individuals into empty single cells in the EOP housing units for quarantine whenever possible.  For example, at the California Men's Colony ("CMC"), all EOP patients are housed in single cells with solid doors, and since this is the safest place to quarantine, they will remain in their cells for purposes of quarantine and isolation.  Similarly, at the California Institute for Women ("CIW"), 90 percent of the EOP patients are already single celled.  Defendants have agreed to keep 10 percent of the cells on the EOP unit empty so that double celled individuals in the unit can be moved to single cells if they need to be quarantined.  Similarly, at the Correctional Heath Care Facility ("CHCF") in Stockton, in the event double celled individuals in the EOP unit need to be quarantined, one of each double celled EOP individual will be moved to the single celled negative pressure isolation and quarantine units at CHCF, space permitting.  Single celled EOP patients at CHCF, CMC, CIW, California State Prison Corcoran ("COR), the California Medical Facility ("CMF"), California State Prison, Sacramento ("SAC"), California State Prison, Los Angeles County ("LAC") and Salinas Valley State Prison ("SVSP") will be quarantined in place, while one member of each quarantined double celled EOP cell will be moved to the separate quarantine space and housed accordingly.

3) Defendants agree to issue a policy directive to the EOP institutions that will describe where EOP or Psychiatric Inpatient Program patients are to be quarantined within the set-aside quarantine space.  In addition, Defendants will provide direction to those institutions to provide programming to EOP or PIP patients separately from non-EOP or PIP inmates.  Programming includes out of cell time, shower, yard, day-room, canteen (if running) and medication pass.  Defendants will also direct institutions to provide EOP and PIP patients housed in a set-aside quarantine space with as much cell-based mental health treatment as they would receive if they were quarantined within their regular housing unit.

4) The parties agree that in the event of a prolonged quarantine of EOP or PIP patients (i.e. greater than fourteen days) that the parties will meet and confer to discuss the particulars of the prolonged quarantine and discuss whether any additional treatment or programming can be offered to the patients in that quarantine.

5) Defendants agree to update the Plaintiffs, and meet and confer if necessary, on the following issues:

    a. The Plata Receiver has asked CDCR to identify additional set-aside quarantine space at R.J. Donovan Correctional Facility (RDJ) and Mule Creek State Prison (MCSP). Defendants have tentatively identified quarantine plans for EOP patients at those institutions. Defendants have not yet shared these plans with Plaintiffs. Defendants will endeavor to finalize these plans and provide Plaintiffs an update on what additional set-aside space has been identified and whether and how that impacts the quarantining of EOP patients at RJD or MCSP within 30 days. The parties will attempt to reach agreement on plans for quarantine housing of EOP patients at both of those institutions as well.

    b. Due to the unique physical plant of San Quentin State Prison, specific quarantine practices for inmates, including those in the EOP level of care, could not be agreed to. Defendants will keep Plaintiffs apprised of any outbreak or need for quarantine at San Quentin and will further provide Plaintiffs information on what treatment and programming is being provided to quarantined EOP patients at San Quentin. Plaintiffs reserve all of their rights and options with respect to the need for a safe quarantine housing plan for EOPs in the large 100 person EOP dorms at San Quentin.

    c. California Medical Facility's (CMF) Psychiatric Inpatient Program (PIP) has two dorm units. At their November 10, 2020, meeting, the parties discussed tentative plans about where to quarantine patients in those units if necessary. The parties had not reached an agreement on where CMF would quarantine dorm PIP patients. Defendants will endeavor to provide Plaintiffs with a plan to quarantine dorm PIP patients within 30 days. The parties also need to address the issue of where PIP patients who must be moved out of their housing units for quarantine and isolation purposes will be housed.

6) This stipulation will remain in effect only so long as CDCR is required to maintain separate COVID-19 related quarantine space pursuant to Plata v. Newsom, United States District Court, Northern District of California, ECF No. 3401, Order to Set Aside Isolation and Quarantine Space.

The Special Master has reviewed and approves this stipulation.

DATED:  January 22, 2021

XAVIER BECERRA
Attorney General of California
ADRIANO HRVATIN
Supervising Deputy Attorney General

By: */s/ Elise Owens Thorn*

Elise Owens Thorn
Deputy Attorney General
*Attorneys for Defendants*

DATED:  January 22, 2021

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Ernest Galvan*
Ernest Galvan
*Attorneys for Plaintiffs*

**IT IS SO ORDERED.**

DATED:  February 17, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE