1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RALPH COLEMAN, et al.,                    No.  2:90-cv-0520 KJM DB P

12                    Plaintiffs,

13         v.                                    ORDER

14    GAVIN NEWSOM, et al.,

15                    Defendants.

16

17         Plaintiff/Intervenor Christopher Lipsey is a state prisoner proceeding through counsel.  In

18    a July 14, 2020 order, this court granted plaintiff Lipsey's request for an award of attorneys' fees

19    for the attorney time necessary to bring Mr. Lipsey's successful motion to compel.  (ECF No.

20    6756.)  Mr. Lipsey's counsel, Kate Falkenstien, filed a statement of attorneys' fees (ECF No.

21    6785) and defendants filed objections (ECF No. 6795).  For the reasons set forth below, this court

22    finds an award of $11,577.30 in attorneys' fees reasonable and orders defendants to pay that

23    amount to Mr. Lipsey's counsel.

24                            **LEGAL STANDARDS**

25         Pursuant to Federal Rule of Civil Procedure 37(a)(5), the attorneys' fees due are those

26    reasonably incurred to make the motion to compel.  Plaintiff "bears the burden of submitting

27    detailed time records justifying the hours claimed to have been expended."  In re Wash. Pub.

28    Power Supply Sys. Sec. Litig., 19 F.3d 1291, 1305 (9th Cir. 1994) (citing Chalmers v. City of Los

1   <u>Angeles</u>, 796 F.2d 1205, 1210 (9th Cir. 1986)).  Where the documentation of hours is inadequate,

2   the district court may reduce the award accordingly.  <u>Id.</u> (citing <u>Hensley v. Eckerhart</u>, 461 U.S.

3   424, 433 (1983)).

4                                   **REASONABLE ATTORNEYS' FEES**

5          Ms. Falkenstien declares that she spent the following time preparing for, writing, and

6   arguing the motion to compel:  (1) 13.1 hours reviewing defendants' discovery responses and

7   conferring with their counsel; (2) 30.4 hours writing Lipsey's portion of the joint statement; (3)

8   5.6 hours preparing for and attending the hearing; and (4) 5.5 hours on this briefing regarding

9   fees.  She claims a total of 54.6 hours.

10         Included as exhibits to her statement are Ms. Falkenstien's declaration and time sheets.

11  (ECF Nos. 6785-1, 6785-2.)  In her declaration, Ms. Falkenstien states that "[t]he time records

12  have been excerpted to include only those time entries related to the motion to compel and

13  associated discovery disputes."  The only exception is that the time sheets include some time

14  spent preparing a motion for a temporary restraining order.  Ms. Falkenstien states that she

15  deducted a percentage of time from these entries to seek compensation for only the time spent on

16  the motion to compel.

17         Finally, Ms. Falkenstien seeks compensation at the rate of $223.50/hour.  This rate is

18  dictated by 42 U.S.C. § 1997e(d)(3).  Pursuant to that section, in cases brought by prison inmates

19  under § 1983, "the hourly rate used as a basis for the fee award is limited to 150 percent of the

20  hourly rate used to pay counsel appointed under the Criminal Justice Act."  <u>Heilman v. Cherniss</u>,

21  No. 2:11-cv-0042-JAM-EFB-P, 2019 WL 265108, at *2 (E.D. Cal. Jan. 18, 2019) (citing 42

22  U.S.C. § 19973(d)(3)); <u>see also</u> <u>Webb v. Ada Cty.</u>, 285 F.3d 829, 837 (9th Cir. 2002) (cap applies

23  to discovery sanctions).  The capped rate is currently $223.50 per hour.  (<u>See</u> ECF No. 6738

24  (awarding plaintiffs' class counsel $223.50 per hour).)  Thus, the total fee award sought by

25  plaintiff Lipsey is $12,203.10.

26         Defendants challenge several categories of fees sought by Mr. Lipsey.  They argue the

27  following items are not compensable:  (1) reviewing the documents produced in discovery; (2)

28  meeting and conferring regarding the subjects of the motion to compel; (3) working on matters

1  regarding interrogatory responses; (4) completing the statement of attorneys' fees;  and (5) time

2  that is not sufficiently specific.  Defendants do not challenge the rate of $233.50 per hour.  Each

3  objection is addressed below.

4  **I.  Reviewing Produced Documents**

5          Defendants argue that Ms. Falkenstien's time should be reduced by at least two hours

6  because review of the produced documents would have been necessary regardless of any

7  questions about the adequacy of the production.  This court agrees that counsel's time spent in her

8  initial, and standard, review of the produced documents is not related to the motion to compel.

9  See Heilman, 2019 WL 265108, at *3.  Defendants also note that while it is possible some of that

10  document review time was spent on the motion to compel, Ms. Falkenstien does not make that

11  distinction.  Because there is no precise way to determine what document review time should, and

12  should not, be compensable, this court will exercise its discretion to reduce the hours sought.  See

13  Welch v. Metro. Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007) (affirming district court's

14  authority to reduce block-billed hours by 10 to 30 percent); Heilman, 2019 WL 265108, at *3

15  (citing Welch, 480 F.3d at 948).

16          Ms. Falkenstien includes document review in three entries:  (1) 5/11/20 – 2.75 hours

17  sought to "Review produced documents; draft letter to opposing counsel regarding discovery

18  shortcomings; draft supplemental brief on TRO.[1]"  (2) 5/22/20 – 1.8 hours for "Review document

19  production; draft supplemental brief on TRO."  (3) 5/26/20 – 3.2 hours for "Review document

20  production; email correspondence with opposing counsel about Coleman class status; prepare list

21  of group complainants for opposing counsel."

22          This court finds defendants' suggestion of a two-hour reduction appropriate to account for

23  plaintiff's counsel's ordinary review of the produced documents unrelated to the motion to

24  compel.

25  _____

26  [1] As stated above, plaintiff's counsel explained that she deducted time spent on the TRO.
   However, plaintiff's counsel gave no indication that she deducted her initial review of the

27  documents provided.  In fact, in the statement of attorneys' fees, Ms. Falkenstien indicates that
   her time sought includes that initial review because she states that her hours involved reviewing

28  "the large document production in detail."  (ECF No. 6785 at 4.)

**II.  Meeting and Conferring**

Defendants argue that meeting and conferring in advance of a motion to compel is not compensable.  Defendants cite several cases in support of that proposition.  Courts have, however, taken different views on this issue.

Judges in several districts in this circuit have held that fees incurred for meeting and conferring prior to bringing a motion to compel may not be included in the successful party's attorneys' fee award.  See Infanzon v. Allstate Ins. Co., 335 F.R.D. 305, 314 (C.D. Cal. 2020); Dish Network L.L.C. v. Jadoo TV, Inc., No. 2:18-cv-9768-FMO (KSx), 2019 WL 7166067, at *4 (C.D. Cal. Nov. 8, 2019) (Courts in the Central District have reasoned the compensation for meeting and conferring does not fall within the language of Rule 37(a)(5)(A), which permits compensation for "reasonable expenses incurred in making the motion."); Rothrock v. Int'l Ass'n of Heat & Frost Insulators & Allied Workers, No. 15-cv-2412 DMS (JLB), 2016 WL 6395092, at *5 (S.D. Cal. Oct. 27, 2016) (declining to award fees for defense counsel's meet and confer regarding plaintiff's initial disclosures because they would have been incurred regardless of the motion to compel); Aevoe Corp. v. AE Tech Co., No. 2:12-cv-0053-GMN-NJK, 2013 WL 5324787, at *6 (D. Nev. Sept. 20, 2013) ("[A]ttorneys' fees are not generally awarded in this District for time spent meeting and conferring on motions to compel."  (internal citations omitted).)

A judge in the Southern District of California explained, "[t]he local rules ... require counsel to meet and confer before filing any discovery motion in an effort to resolve disputes.  As such, fees associated with the initial meet and confer process logically should not always be included in the fee award."  Matlink, Inc. v. Home Depot U.S.A., Inc., No. 07cv1994–DMS (BLM), 2008 WL 8504767, *5 (S.D. Cal. Oct. 27, 2008) (internal citations omitted).  Based on this analysis, the judge determined that the award of fees for meet and confer was not automatic.  The judge then went on to determine that some award of fees for activity prior to preparation of the motion to compel was appropriate because plaintiff "stonewalled" defendants by refusing to meet and confer.  Id. at *5.

////

1   Other judges, including at least one judge in this district, have held otherwise.  Heilman,

2   2019 WL 265108, at *3 ("Identification of deficiencies in the initial responses and the drafting of

3   a letter explaining those deficiencies would not have been necessary (or possible) if the responses

4   had not contained those deficiencies in the first instance."); W. Mortg. & Realty Co. v. KeyBank

5   Nat'l Ass'n, No. 1:13-cv-00216-EJL-REB, 2019 WL 5873455, at *4 (D. Idaho Jan. 2, 2019)

6   (time spent meeting and conferring prior to moving to compel is compensable); Woodland v.

7   Viacom Inc., 255 F.R.D. 278, 284 (D. D.C. 2008) (Meeting and conferring, as required by the

8   local rules, was compensable as a discovery sanction because it a was an activity "useful and of a

9   type ordinarily necessary" to properly file the motion to compel.); Procaps S.A. v. Patheon Inc.,

10   No. 12-24356-CIV, 2013 WL 6238647, at *15 (S.D. Fla. Dec. 3, 2013) (same (citing Woodland,

11   255 F.R.D. at 283-84)); Intagio Corp. v. Tiger Oak Publications, Inc., No. C-06-3592 PJH

12   (EMC), 2007 WL 420245, at *2 (N.D. Cal. Feb. 5, 2007) (court granted an award of "reasonable

13   fees for the motion to compel production of documents, including efforts to meet and confer").

14   As one magistrate judge held,

15       "To the extent that non-binding precedents suggest otherwise, the
16   court disagrees with their rationale.  Meeting and conferring (and
    preparing for it) is no less important and no less the result of
17   discovery misconduct than legal research, drafting a joint stipulation,
    or satisfying any other prerequisite to filing a motion to compel.  No
18   meet and confer or related work would have been necessary if
    defendant had complied with its discovery obligations . . . .

19   DCD Partners, LLC v. Transamerica Life Ins. Co., No. 2:15-cv-03238-CAS (GJSx), 2018 WL

20   6252450, at *3 (C.D. Cal. June 13, 2018) (opinion of the district court quoting magistrate judge

21   and denying reconsideration of magistrate judge's discovery order).

22       This court finds the latter approach most reasonable.  Under this court's local rules, a

23   party may not move to compel discovery responses without first attempting to resolve the dispute

24   informally through the meet and confer process.  E.D. Cal. R. 251.  Plaintiff had no choice but to

25   meet and confer to begin addressing defendants' inadequate discovery responses, which this court

26   previously determined were not substantially justified (see ECF No. 6756 at 5-8).  In this district,

27   meeting and conferring is inextricable from moving to compel.  This court finds compensating

28   ////

plaintiff's counsel for time spent meeting and conferring with defendants' counsel is appropriate under Rule 37(a)(5).

**III. Work re Interrogatories**

Ms. Falkenstien's time entry for June 9 states: "Review defendants' updated interrogatory response, revise motion to compel draft accordingly, and email with opposing counsel about interrogatory response and motion to.[2]" Ms. Falkenstien has not explained how the interrogatory responses relate to the motion to compel. Further, this court's order finding an award of attorneys' fees appropriate specified that plaintiff's counsel should be compensated for the time spent compelling defendants to fully respond to the request for production of documents. (See ECF No. 6756.) The order made no mention of interrogatories. The .8 hours for that entry will be deducted.

**IV. Preparing and Litigating Amount of Fees**

Defendants argue that plaintiff's counsel's time spent preparing her statement of attorneys' fees should not be compensated. They cite just one case: Addington v. Mid-Am. Lines, 77 F.R.D. 750, 751 (W.D. Mo. 1978). However, courts in this circuit have held the contrary. See Estate of Crawley v. Kings Cty., No. 1:13-cv-02042-LJO-SAB, 2015 WL 4508642, at *5 (E.D. Cal. July 24, 2015) (including attorney's time spent drafting declaration in support of fee request in award of attorneys' fees). In Matlink, the court addressed the losing party's similar claim as follows:

> Contrary to Plaintiffs' assertion, time spent litigating fee petitions is compensable. *See Anderson v. Dir., Office of Workers Comp. Programs*, 91 F.3d 1322, 1325 (9th Cir.1996) (compensation for time spent litigating a fee petition "must be included in calculating a reasonable fee because uncompensated time spent on petitioning for a fee automatically diminishes the value of the fee eventually received"); *U.S. v. City of San Diego*, 18 F.Supp.2d 1090, 1101–1102 (S.D.Cal.1998) (same); *Sure Safe Indus. Inc. v. C & R Pier Mfg.*, 152 F.R.D. 625, 627 (S.D.Cal.1993) ("Attorneys' fees in preparation of requests for attorneys' fees sanctions are recoverable under Rule 37").

////

---

[2] The court's copy of this entry is cut off at this point.

6

1  <u>Matlink</u>, 2008 WL 8504767, *6.  This court will permit plaintiff's counsel to recover fees spent

2  reviewing this court's order granting the motion for sanctions and preparing the statement of

3  attorneys' fees.

4  **V.  Specificity of Time Records**

5        This court finds the entries in the time sheets to be sufficiently detailed.  "[C]ounsel...is

6  not required to record in great detail how each minute of his time was expended. But at least

7  counsel should identify the general subject matter of his time expenditures."  <u>Hensley v.</u>

8  <u>Eckerhart</u>, 461 U.S. 424, 437 n.12 (1983).  The declaration meets that standard.  Further, as stated

9  above, billing time in blocks covering several categories is not inappropriate.  <u>Welch</u>, 480 F.3d at

10  948.  However, it may result in some percentage reductions based on the court's inability to

11  determine the reasonableness of the time spent.

12        Here, this court does not find Ms. Falkenstien's time excessive for addressing the

13  extensive problems with defendants' document production.  After Ms. Falkenstien realized

14  defendants' document production was not complete, she had to review "productions and filings in

15  other related cases in order to prove that documents were missing from Defendants' productions."

16  After she explained that the production was deficient, defendants shifted their position several

17  times.  Those shifts required Ms. Falkenstien to repeatedly meet and confer with defendants and

18  re-draft the joint statement.  First, defendants "initially refused to identify the Coleman class

19  membership of inmates who signed on to group complaints, claiming they did not track that

20  information."  However, after Ms. Falkenstien "drafted a portion of the joint discovery statement

21  on this issue, Defendants provided the information they had previously claimed was unavailable,

22  rendering the briefing on that issue moot and requiring counsel to revise the briefing."  Second,

23  defendants "initially refused to answer counsel's questions about their search methodology."

24  They changed course and answered some of the methodological questions, but not until after Ms.

25  Falkenstien had drafted the opening portion of the joint discovery statement.  This required

26  further re-drafting of the joint statement.  Finally, defendants produced some documents after the

27  motion was filed, but before the court ruled on it.  (<u>See</u> ECF No. 6785 at 3-4).  Defendants do not

28  ////

7

1   dispute Ms. Falkenstien's description of their changing positions or that she was required to spend

2   significant time reacting to them.

3        This court finds almost all of the hours Ms. Falkenstien spent on the motion to compel

4   were reasonable.  Where this court determined some time was not compensable, it has used its

5   discretion to make a deduction.  Further, the time records were sufficiently specific for defendants

6   to object to certain categories of time, as they have done.

7   **VI. Conclusion**

8        Plaintiff Lipsey seeks reimbursement for 54.6 hours of counsel's time at the rate of

9   $223.50/hour for a total of $12,203.10.  For the reasons set forth above, this court finds a

10  deduction of 2.8 hours appropriate.  That leaves 51.8 compensable hours for a total of $11,577.30.

11       For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED that

12  within sixty days of the filed date of this order, defendants shall provide Ms. Falkenstien with a

13  check in the amount of  $11,577.30 for her work reasonably necessary to litigate plaintiff's

14  motion to compel.

15  Dated:  February 19, 2021

16

17                                              _____

18                                              DEBORAH BARNES
                                                UNITED STATES MAGISTRATE JUDGE
19

20

21

22  DLB:9
    DB/orders.coleman/cole0520.lipsey atty fee award
23

24

25

26

27

28
                                              8