1  DONALD SPECTER – 083925
   STEVEN FAMA – 099641
2  MARGOT MENDELSON – 268583
   PRISON LAW OFFICE
3  1917 Fifth Street
   Berkeley, California  94710-1916
4  Telephone:    (510) 280-2621

5  CLAUDIA CENTER – 158255
   DISABILITY RIGHTS EDUCATION
6  AND DEFENSE FUND, INC.
   Ed Roberts Campus
7  3075 Adeline Street, Suite 210
   Berkeley, California  94703-2578
8  Telephone:    (510) 644-2555

   MICHAEL W. BIEN – 096891
   JEFFREY L. BORNSTEIN – 099358
   ERNEST GALVAN – 196065
   LISA ELLS – 243657
   THOMAS NOLAN – 169692
   JENNY S. YELIN – 273601
   MICHAEL S. NUNEZ – 280535
   JESSICA WINTER – 294237
   MARC J. SHINN-KRANTZ – 312968
   CARA E. TRAPANI – 313411
   ALEXANDER GOURSE – 321631
   AMY XU – 330707
   ROSEN BIEN
   GALVAN & GRUNFELD LLP
   101 Mission Street, Sixth Floor
   San Francisco, California  94105-1738
   Telephone:    (415) 433-6830

10  Attorneys for Plaintiffs

11

12                  UNITED STATES DISTRICT COURT

13                 EASTERN DISTRICT OF CALIFORNIA

14

15  RALPH COLEMAN, et al.,                | Case No. 2:90-CV-00520-KJM-DB

16          Plaintiffs,                   | **PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION TO CLARIFY ORDER OF JUNE 13, 2002**

17       v.

18  GAVIN NEWSOM, et al.,                 | Judge:   Hon. Kimberly J. Mueller

19          Defendants.

20

21

22

23

24

25

26

27

28

[3699650.2]

PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION TO CLARIFY ORDER OF JUNE 13, 2002

1    Pursuant to this Court's Order of December 24, 2020, ECF No. 7003 at 2, Plaintiffs

2  hereby request leave to file a motion for clarification of earlier orders relating to

3  Defendants' staffing obligations.  Specifically, Plaintiffs seek an order clarifying that this

4  Court's June 13, 2002 Order (hereafter "the 2002 Order"), which requires Defendants to

5  "maintain the vacancy rate among psychiatrists … at a maximum of ten percent, including

6  contracted services," ECF No. 1383 at 4, applies to *all* psychiatrist positions, including but

7  not limited to Staff Psychiatrists, Chief Psychiatrists, and Senior Psychiatrist Supervisors.

8  The parties have exchanged multiple oral and written communications explaining their

9  respective positions on the proper interpretation of the 2002 Order over the last few years

10  and most recently attempted to resolve their disagreements during a meet and confer call

11  attended by Special Master Lopes on February 24, 2021.  Plaintiffs and the Special Master

12  agree that negotiations over this issue have reached an impasse and that a decision from

13  this Court is necessary to resolve the dispute.

14  **I.    PLAINTIFFS HAVE EXHAUSTED THE MEET AND CONFER PROCESS
        AND HAVE COMMUNICATED TO THE SPECIAL MASTER THEIR**
15  **    INTENT TO SEEK JUDICIAL RELIEF**

16    The parties have outlined their respective interpretations of the 2002 Order in

17  numerous oral and written communications over a period of more than two years.

18  Defendants first suggested that the 2002 Order does not require them to fill 90-percent of

19  allocated Chief Psychiatrist and Senior Psychiatrist Supervisor positions during a

20  November 19, 2018 discussion of survey questions proposed by the Special Master's

21  Labor Economist.  *See* Special Master's Rpt. re Psychiatrist Employment Conditions, ECF

22  No. 6695 at 49.  Defendants reiterated their position in a November 21, 2018 email

23  objecting to the inclusion of "Supervising Psychiatrist" and "Chief Psychiatrist" as

24  possible answers to the question "what is your current job title" in the Labor Economist's

25  proposed survey.  *Id.*  Defendants erroneously stated in this email that "CDCR does not

26  have difficulty hiring for the Supervising and Chief Psychiatry classifications."  *Id.*

27  Plaintiffs responded on November 26, 2018, explaining that both the text and the purpose

28  of the 2002 Order show that "[t]he court-ordered fill rate applies to all CDCR

1 | psychiatrists" and not staff psychiatrists alone. *Id.* at 52. Plaintiffs also pointed out that

2 | the most recent available staffing data indicated that CDCR *does* have trouble filling chief

3 | and supervising psychiatrist positions, as 20 percent of Chief Psychiatrist positions and

4 | 12.8 percent of Senior Psychiatrist Supervisor positions were vacant at the time. *Id.* In

5 | their November 29, 2018 reply, Defendants again denied the applicability of the June 13,

6 | 2002 Order but did not dispute that the staffing evidence cited by Plaintiffs would

7 | demonstrate non-compliance with an order requiring a 90-percent fill-rate for Chief

8 | Psychiatrist and Senior Psychiatrist Supervisor positions. *Id.* at 56. Plaintiffs wrote two

9 | more letters to Defendants explaining that the 2002 Order applies with equal force to Chief

10 | Psychiatrists and Senior Psychiatrist Supervisors, and objecting to Defendants' under-

11 | allocation of these positions in violation of their court-ordered 2009 Staffing Plan. *See*

12 | Declaration of Alexander Gourse filed herewith (hereafter "Gourse Decl.") ¶¶ 3-4,

13 | Exs. A & B. Defendants did not respond to either letter.

14 | Consistent with their stated position, Plaintiffs included supervisory psychiatry staff

15 | in their response to the Court's July 30, 2020 Order regarding population levels and

16 | compliance with the October 10, 2017 Order. *See* Pls' Brief re Staffing and Population,

17 | ECF No. 6854 at 8, 10; Ells Decl. ISO Pls Brief re Staffing and Population, ECF No. 6856

18 | ¶¶ 2-71 & Ex. A. At the subsequent hearing on the matter, Defendants maintained their

19 | position that supervisory psychiatrists are not covered by the Order, nor the October 10,

20 | 2017 Order enforcing that Order. *See* Transcr. of Sept. 24, 2020 Status Conf., ECF

21 | No. 6889 at 22:1-2 ("We don't count supervisors.").

22 | In November and December 2020, as part of a series of discussions with Defendants

23 | and the Special Master about Defendants' proposed revisions to their 2009 Staffing Plan,

24 | which requires allocations of supervising psychiatrists in addition to staff psychiatrists,

25 | Plaintiffs again objected to Defendants' continuing noncompliance with the June 13, 2002

26 | Order as it relates to Chief Psychiatrist and Senior Psychiatrist Supervisor positions, and

27 | presented the dispute in their objections to Defendants' proposed revised plan. *See, e.g.,*

28 | Gourse Decl. ¶ 5 & Ex. C; Pls' Objections and Comments re Proposed Revisions, ECF

1   No. 6994 at 10-14.

2        After the Court approved Defendants' proposed revisions to the 2009 Staffing Plan

3   and declined to rule on Plaintiffs' objections, *see* Jan. 27, 2021 Order, ECF No. 7035,

4   Plaintiffs requested a meet and confer call with Defendants and the Special Master to

5   determine whether any agreement could be reached on the issues presented in their

6   objections.  During the February 24, 2021 call, the parties reiterated their positions

7   regarding the applicability of the June 13, 2002 Order to Chief Psychiatrist and Senior

8   Psychiatrist Supervisor positions and agreed that discussion of the issue had reached an

9   impasse.[1]  Gourse Decl. ¶ 6.  Special Master Lopes agreed and stated that the issue would

10  have to be decided by the Court.  *Id.*

11  **II.   PLAINTIFFS SEEK AN ORDER CLARIFYING THAT THE 90 PERCENT**
    **FILL REQUIREMENT IN THE COURT'S JUNE 13, 2002 ORDER APPLIES**
12  **TO ALL CDCR PSYCHIATRISTS**

13       "A court may clarify its order for any reason."  *In re Twitter, Inc. Sec. Litig.*, No.

14  16-cv-05314-JST, 2020 WL 2519890, at *1 (N.D. Cal. May 18, 2020) (quoting *Wahl v.*

15  *Am. Sec. Ins. Co.*, No. 08-cv-0555 RS, 2010 WL 2867130, at *3 (N.D. Cal. July 20,

16  2010)).  Clarification of prior orders is particularly appropriate as a precursor to

17  enforcement proceedings, such as those contemplated by the Court's October 10, 2017

18  Order.  *See Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 15 (1945) ("Questions of

19  construction had better be ironed out before enforcement orders issue than upon contempt

20  proceedings." (quoting *J.I. Case Co. v. NLRB*, 321 U.S. 332, 341 (1944))); Oct. 10, 2017

21  Order, ECF No. 5711.  In light of the ongoing dispute between the parties as to the

22  applicability of the 90-percent fill-rate requirement to Chief Psychiatrists and Senior

23  Psychiatrist Supervisors, Plaintiffs' efforts to exhaust the meet and confer process with

24  opposing counsel, and Plaintiffs' communication to the Special Master of their intent to

25  seek judicial resolution of the dispute, Plaintiffs hereby request leave from the Court to file

26  ─────────────────────

[1] The parties are continuing to meet and confer regarding other aspects of Plaintiffs'
27  objections, including whether Defendants have appropriately allocated supervisory
    psychiatrist positions consistent with the requirements outlined in their court-ordered 2009
28  Staffing Plan.  Gourse Decl. ¶ 7.

[3699650.2]

PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION TO CLARIFY ORDER OF JUNE 13, 2002

1  a motion to clarify the Court's June 13, 2002 Order, ECF No. 1383.  Plaintiffs intend to

2  seek an order clarifying that the 2002 Order's 90-percent fill requirement for

3  "psychiatrists," *see id.* at 4, applies to *all* CDCR psychiatrists, including but not limited to

4  Chief Psychiatrists and Senior Psychiatrist Supervisors.   Resolution of this dispute is

5  necessary to ensure that the scope of Defendants' staffing obligations are clear should

6  enforcement proceedings prove necessary pursuant to the Court's October 10, 2017 Order.

7                      **CERTIFICATION OF ORDERS REVIEWED**

8        Plaintiffs' counsel certifies that he reviewed the following orders relevant to this

9  filing: ECF and Dkt. Nos. 1383, 5711, 6794, 6938, 7003, 7035.

10

11  DATED:  March 5, 2021              Respectfully submitted,

12                                    ROSEN BIEN GALVAN & GRUNFELD LLP

13                                    By:  */s/ Alexander Gourse*

14                                         Alexander Gourse

15                                    Attorneys for Plaintiffs

16

17

18

19

20

21

22

23

24

25

26

27

28

[3699650.2]

4

PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION TO CLARIFY ORDER OF JUNE 13, 2002