| | |
|---|---|
| XAVIER BECERRA, State Bar No. 118517<br>Attorney General of California<br>DAMON MCCLAIN, State Bar No. 209508<br>Supervising Deputy Attorney General<br>ELISE OWENS THORN, State Bar No. 145931<br>LUCAS L. HENNES, State Bar No. 278361<br>NAMRATA KOTWANI, State Bar No. 308741<br>Deputy Attorneys General<br> 1300 I Street, Suite 125<br> P.O. Box 944255<br> Sacramento, CA 94244-2550<br> Telephone: (916) 210-7318<br> Fax: (916) 324-5205<br> E-mail: Namrata.Kotwani@doj.ca.gov<br>*Attorneys for Defendants* | PAUL B. MELLO, State Bar No. 179755<br>SAMANTHA D. WOLFF, State Bar No. 240280<br>LAUREL E. O'CONNOR, State Bar No. 305478<br>DAVID C. CASARRUBIAS, State Bar No. 321994<br>HANSON BRIDGETT LLP<br> 1676 N. California Boulevard, Suite 620<br> Walnut Creek, CA 94596<br> Telephone: (925) 746-8460<br> Fax: (925) 746-8490<br> E-mail: PMello@hansonbridgett.com<br>*Attorneys for Defendants*<br><br>ROMAN M. SILBERFELD, State Bar No. 62783<br>GLENN A. DANAS, State Bar No. 270317<br>ROBINS KAPLAN LLP<br> 2049 Century Park East, Suite 3400<br> Los Angeles, CA 90067-3208<br> Telephone: (310) 552-0130<br> Fax: (310) 229-5800<br> E-mail: RSilberfeld@RobinsKaplan.com<br>*Special Counsel for Defendants* |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>         Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>         Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**DEFENDANTS' OBJECTIONS TO THE SPECIAL MASTER'S TWENTY- EIGHTH ROUND MONITORING REPORT ON DEFENDANTS' COMPLIANCE WITH PROVISIONALLY APPROVED PLANS, POLICIES, AND PROTOCOLS**<br><br>Judge: The Hon. Kimberly J. Mueller |

## INTRODUCTION

On March 5, 2021, the Special Master filed his Twenty-Eighth Round Monitoring Report ("Report"). (ECF No. 7074.) The Special Master provided Defendants a draft of the Report on December 17, 2020 ("Draft Report"), and Defendants submitted objections to the Draft Report on February 2, 2021. (*See* Exhibit B to the March 5 Report, ECF No. 7074-2.) The Report addresses some of the issues and objections raised in Defendants' February 2 letter; Defendants

1

Defendants' Objections to the Special Master's Twenty-Eighth Round Monitoring Report  (2:90-cv-00520 KJM-DB (PC))
17352487.1

now object to those remaining issues that were not addressed in – or mischaracterized by – the Report.

## I. DEFENDANTS DISAGREE WITH THE CONCLUSION THAT MENTAL HEALTH CARE PROVIDED TO THE *COLEMAN* CLASS IS INADEQUATE.

The March 5 Report states that "defendants do not take issue with the findings of the Special Master that mental health care provided to the *Coleman* class is inadequate." (ECF No. 7074 at 10.) This statement mischaracterizes Defendants' general comments in their letter submitting objections to the Draft Report, attached as Exhibit B to the filed Report. (*See* ECF No. 7074-2.) Defendants did not concede that the overall mental health care provided to the *Coleman* class was inadequate during the review period. Rather, Defendants noted in their letter that "the breadth of initiatives and revisions to critical areas of the case, including staffing, custody and mental health partnership, data systems, population reduction, and policy updates" were significant and that the final Report should state that its findings might not reflect these important changes and that it should be read with that understanding. (ECF No. 7074-2 at 2.)

Defendants request that any order issued adopting the findings in the March 5 Report correct the characterization of Defendants' objection.

## II. THE MARCH 5 REPORT IMPROPERLY CALCULATES TELEPSYCHIATRY VACANCY RATES SEPARATELY FROM OVERALL PSYCHIATRY VACANCY RATES.

Defendants object to the March 5 Report's finding that telepsychiatry positions had a vacancy rate of 18 percent during the reporting period. (ECF No. 7074 at 73.) As an initial matter, Defendants object to this statistic because there are no fixed number of telepsychiatry positions and the Report does not indicate how the Special Master calculated the vacancy rate. Additionally, Defendants note the Report improperly calculated telepsychiatry vacancy rates separately from other psychiatry fill rates. (ECF No. 7074-2 at 3.) Psychiatry vacancy rates have long been calculated according to the *total* number of allocated psychiatrists under the 2002 staffing order. (ECF No. 1383.)

///

///

2

Defendants' Objections to the Special Master's Twenty-Eighth Round Monitoring Report (2:90-cv-00520 KJM-DB (PC))
17352487.1

**III. DEFENDANTS OBJECT TO CERTAIN INSTITUTIONAL SUMMARIES IN THE MARCH 5 REPORT.**

Defendants object to the following findings in the "Institutional Summaries" in the Report:

**A.  California State Prison – Corcoran (CSP-COR).**

Defendants object to the Report's finding that "[i]n-service training sign-in sheets for February and March 2019 . . . did not include all Watches; some sign-in sheets had only custody staff in attendance." (ECF No. 7074 at 465.) Separate sign-in sheets may be utilized for different watches, or provided to custody and mental health staff. Thus, in-service training sign-in sheets provided to custody and mental health partnership staff were completed pursuant to CDCR policy. (ECF No. 7074-2 at 12.)

Further, the Report states that "[r]equested documentation regarding custody and mental health staff training for the custody mental health partnership that would allow for verification of training was not provided." (ECF No. 7074 at 465.) In fact, all training sign-in sheets and relevant training documentation were provided to the Special Master's team. (ECF No. 7074-2 at 12.) The HPS I or designee uploaded the training sign-in sheets (CDCR 844 forms) into the COR Custody and Mental Health Partnership Plan SharePoint. (ECF No. 7074-2 at 12.) CDCR already provided these data to the Special Master's team, and they were also enclosed with Defendants' response letter to the Draft Report for the Special Master's review, but the Report fails to account for this response and information. (ECF No. 7074-2 at 12.)

In addition, the Report notes that the indecent exposure (IEX) pilot program at CSP-COR was "conceptualiz[ed] . . . as a housing unit for inmates with problematic sexual behaviors in contrast to a sex offender specific treatment program." (ECF No. 7074 at 471.) The discharge criterion of this program was for "an inmate to go 90 consecutive days without demonstrating any inappropriate sexual behavior." (ECF No. 7074 at 471.) The Report, however, concludes that this measure failed to "address the underlying condition nor was it indicative that the condition had been resolved or treated." (ECF No. 7074 at 471-72.) Defendants object to this mischaracterization of the IEX pilot program, which is not intended to treat the underlying condition of exhibitionism; rather, the IEX program is a housing and classification program that

3

diverts inmates from segregation terms. (ECF No. 7074-2 at 12.) In fact, only a handful of the program participants were even diagnosed with exhibitionism. (ECF No. 7074-2 at 12.)

### B.   California Correctional Institution.

Defendants objected to the Draft Report's criticism of California Correctional Institution for not making grievance forms available on the housing units ("Inmates and clinical staff reported and the monitor's expert observed that CDCR 602s were not available on the housing units."). (ECF No. 7074 at 722). Defendants requested that the Special Master provide a list of the specific housing units that allegedly failed to provide the CDCR 602 forms so that CDCR could verify the finding and correct the reported issue if it actually exists. (ECF No. 7074-2 at 18.) The Special Master did not respond to Defendants' request and the final Report fails to identify the specific housing units, making it impossible for Defendants to confirm and, if necessary, address this criticism.

### C.   California Institution for Women.

Defendants objected to the Draft Report's discussion of heat alerts at the California Institution for Women because it described an issue that was not a policy violation. The Report states that, "Inmates did not report problems with returning indoors during heat alerts. The inmates did report that the SCU was very warm and staff reported the swamp coolers had been malfunctioning." (ECF No. 7074 at 780.) But records from the institution show that the Supportive Care Unit (SCU) never reached a stage two heat alert during the review period. (ECF No. 7074-2 at 21.) A stage two heat alert occurs when the temperature in the housing unit rises to 90°F. The Report should include a finding that there was no policy violation. And as requested in their objections to the Draft Report, the Report should note that CDCR placed fans in each SCU hallway as an extra cool-down measure. (ECF No. 7074-2 at 20.)

### CONCLUSION

Defendants appreciate that the Special Master noted their objections to the Draft Report and corrected most of the issues Defendants raised in their February 2 objections. However, the final Report does not address all of Defendants' objections and, therefore, the record on the twenty-eighth round of monitoring is not entirely comprehensive and accurate. Defendants will work

4

Defendants' Objections to the Special Master's Twenty-Eighth Round Monitoring Report (2:90-cv-00520 KJM-DB (PC))
17352487.1

with the Special Master to address the outstanding issues noted herein in the next monitoring round, and request that any order adopting the findings set forth in the March 5 Report include and address Defendants' objections.

Dated: March 15, 2021                                  Respectfully submitted,

                                                                                 XAVIER BECERRA
                                                                                  Attorney General of California
                                                                                  DAMON MCCLAIN
                                                                                  Supervising Deputy Attorney General

                                                                                 /s/ *Namrata Kotwani*
                                                                                 NAMRATA KOTWANI
                                                                                 Deputy Attorney General
                                                                                 *Attorneys for Defendants*

DATED: March 15, 2021                                  HANSON BRIDGETT LLP


                                                                                 /s/ *Samantha Wolff*
                                                                                 PAUL B. MELLO
                                                                                 SAMANTHA D. WOLFF
                                                                                 LAUREL O'CONNOR
                                                                                 DAVID C. CASARRUBIAS
                                                                                 *Attorneys for Defendants*

5

Defendants' Objections to the Special Master's Twenty-Eighth Round Monitoring Report  (2:90-cv-00520 KJM-DB (PC))
17352487.1