MATTHEW RODRIQUEZ, State Bar No. 95976
Acting Attorney General of California
MONICA N. ANDERSON, State Bar No. 182970
Senior Assistant Attorney General
DAMON MCCLAIN, State Bar No. 209508
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
LUCAS HENNES, State Bar No. 278361
NAMRATA KOTWANI, State Bar No. 308741
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7318
 Fax: (916) 324-5205
 E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

HANSON BRIDGETT LLP
PAUL B. MELLO, SBN 179755
SAMANTHA D. WOLFF, SBN 240280
LAUREL E. O'CONNOR, SBN 305478
DAVID C. CASARRUBIAS, SBN 321994
 1676 N. California Boulevard, Suite 620
 Walnut Creek, CA 94596
 Telephone: (925) 746-8460
 Fax: (925) 746-8490
 E-mail: PMello@hansonbridgett.com
*Attorneys for Defendants*

ROMAN M. SILBERFELD, State Bar No. 62783
GLENN A. DANAS, State Bar No. 270317
ROBINS KAPLAN LLP
 2049 Century Park East, Suite 3400
 Los Angeles, CA 90067-3208
 Telephone: (310) 552-0130
 Fax: (310) 229-5800
 E-mail: RSilberfeld@RobinsKaplan.com
*Special Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>　　　　　　　　　　Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**DEFENDANTS' REQUEST FOR LEAVE TO REPLY TO PLAINTIFFS' OBJECTIONS TO DEFENDANTS' RESPONSE TO DECEMBER 17, 2020 ORDER RE CQIT INDICATORS [ECF NO. 7101]** |

On March 17, 2021, adhering to the directives in this Court's December 17, 2020 Order (ECF No. 6996) and February 18, 2021 Order (ECF No. 7064), Defendants filed CDCR's current list of "key indicators" for its Continuous Quality Improvement (CQI) process. (ECF No. 7089.) On March 23, 2021, Plaintiffs filed a request for leave to file objections to Defendants' list of key indicators, including not only objections and argument to Defendants' list, but their own list of 58 measures they either want added to CQI or labeled as a "key indicator." (ECF No. 7101.) The

1

1  Court granted Plaintiffs' request and accepted Plaintiffs' objections appended to the request for
2  filing in the record.  (ECF No. 7102.)
3        Defendants seek leave to file, not later than April 1, 2021, a reply to Plaintiffs' objections
4  on the basis that Plaintiffs' filing includes not just a list of additional measures, but also argument
5  with each measure that misrepresents the status of the parties' positions on which indicators
6  should be included to update CQI under the December 17 and February 18 orders.  Plaintiffs'
7  objections misrepresent Defendants' position on a number of issues.  For example, Plaintiffs'
8  request references the work the parties engaged in with the Special Master, but then omits the
9  reasoning behind Defendants' list, providing only Plaintiffs' argument for including redundant
10 indicators or expanding the scope and purpose of CQI to include, for example, compliance data
11 that was never intended to be part of the CQI process developed over the last decade.  And
12 although Defendants provided Plaintiffs with reasonable explanations for why certain indicators
13 are not on CDCR's list, such as including those measures elsewhere, Plaintiffs omitted those
14 explanations and misrepresented the purpose of certain indicators.   In addition, Plaintiffs argue
15 that CDCR's list fails to include certain indicators even though they know CDCR has agreed to
16 include (or expressed opening to including) additional indicators in the future.  Finally, Plaintiffs'
17 filing fails to notify the Court that Defendants have provided explanations regarding why certain
18 indicators are no longer necessary, including the fact that certain indicators are repetitive or are
19 no longer required due to changes in policy.
20       Because Defendants adhered to the Court's order requiring the filing of only a list, the
21 Court does not have the benefit of Defendants' explanations and the legal and factual bases for
22 why CDCR's list is the appropriate response to the December 17 and February 18 orders.
23 Defendants are entitled to complete the record on this important aspect of the remedy and the
24 Court should have the benefit of a complete record before ruling on Plaintiffs' objections and
25 their additional request that the Court reject Defendants' March 17 filing.  Accordingly, good
26 cause exists for granting this request.  The Court should grant Defendants leave to file, not later
27 than April 1, 2021, a reply to Plaintiffs' objections.
28

| | | |
|---|---|---|
| 1 | DATED: March 24, 2021 | HANSON BRIDGETT LLP |
| 2 | | |
| 3 | | By: _s/ Samantha Wolff_ |
| 4 | | PAUL B. MELLO |
| 5 | | SAMANTHA D. WOLFF |
| | | LAUREL E. O'CONNOR |
| 6 | | DAVID C. CASARRUBIAS |
| 7 | | Attorneys for Defendants |
| 8 | DATED: March 24, 2021 | Respectfully Submitted, |
| 9 | | Matthew Rodriquez |
| 10 | | Acting Attorney General of California |
| | | Damon McClain |
| 11 | | Supervising Deputy Attorney General |
| 12 | | |
| 13 | | By: _s/ Elise Owens Thorn_ |
| | | ELISE OWENS THORN |
| 14 | | Deputy Attorney General |
| | | Attorneys for Defendants |

3

Defs.' Request for Leave to Reply to Plaintiffs' March 23, 2021 Objections (2:90-cv-00520 KJM-DB (PC))