UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No.  2:90-cv-0520 KJM DB P |
| Plaintiffs, | |
| v. | ORDER TO SHOW CAUSE |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

     As set by court order, the court held a focused evidentiary hearing on October 23, 2020, to address class member access to Department of State Hospitals (DSH) inpatient mental health programs.  The parties filed final exhibit lists on October 30, 2020.  ECF Nos. 6931, 6933.  Defendants filed objections to plaintiffs' request to admit evidence after the close of witness testimony.  ECF No. 6932.  Plaintiffs filed a response to the objections accompanied by two declarations.  ECF Nos. 6939, 6943, 6944.  Defendants have moved to strike one of the declarations.  ECF No. 6945.  Plaintiffs oppose the motion.  ECF No. 6947.  In addition, the parties have filed closing briefs, ECF Nos. 6948, 6949, and defendants have filed a rebuttal brief.  ECF No. 6960.  In addition, as required by the court, ECF No. 6961, on December 7, 2020, the parties filed supplemental briefing focused on whether the court should presume harm to class members whose access to necessary inpatient care is delayed beyond the timelines required by the

1    Program Guide and the court-approved exceptions to those timelines.  ECF No. 6975 (Plaintiffs'
2    Supplemental Brief); ECF No. 6976 (Defendants' Supplemental Brief).  Plaintiffs have moved to
3    strike evidence filed by defendants with their supplemental brief, ECF No. 6982; defendants
4    oppose the motion, ECF No. 6997.  In addition, also as required by the court, ECF No. 7029, on
5    January 28, 2021 defendants filed an update on the status of admissions to DSH programs.  ECF
6    No. 7041.  The matter is submitted before the court.

     In its order filed May 7, 2020, the court identified three issues for consideration at the evidentiary hearing:

> (1) as required by the April 24, 2020 order, have DSH and CDCR been complying with the Program Guide requirements, as modified by the temporary addition of COVID-19 screening, for transfer of class members to inpatient hospital beds; (2) if they are not complying with those requirements, in what way or ways are they deviating from those requirements; and (3) what is the rationale for any deviation.

May 7, 2020 Order, ECF No. 6660, at 3.  During the week of March 8, 2021, the Special Master informed the court (1) there is currently no wait list for class member access to DSH inpatient beds; (2) DSH is following appropriate quarantine and isolation policies as required by the COVID-19 pandemic, which allows facilitation of class member transfer to DSH inpatient programs; (3) DSH and the California Department of Corrections and Rehabilitation (CDCR) have recently resumed working collaboratively with the Special Master to review all class members referrals to inpatient hospital beds; and (4) that collaboration is appropriately informed by public health considerations and has, since its resumption at least, resulted in compliance with the requirements of the April 24, 2020 order.  Then in the most recent joint update on the work of the COVID-19 Task Force, filed March 19, 2021, defendants report that 19 *Coleman* class members have been admitted to DSH hospitals since February 19, 2021, that DSH had received six new *Coleman* referrals since February 19, 2021, and that as of March 16, 2021, four patients are waiting to be admitted to DSH state hospitals, none of whom have been waiting more than thirty days, and two of whom are "housed at institutions CDCR has closed to movement" because of COVID-19.  ECF No. 7094 at 5.  The joint update also includes a representation that CDCR has identified 45 inmate-patients housed in intermediate care facilities (ICFs) in CDCR

psychiatric inpatient programs (PIPs)who are potentially eligible for transfer to DSH, that eleven of those patients have been reviewed, five are "clinically appropriate for referral to DSH" and that the review of the remaining thirty-four is ongoing. *Id*. at 7.

The Special Master's report to the court suggests that the issues addressed at the evidentiary hearing may be moot, as the court raised with the parties at the videoconference status on March 25, 2021.  At this stage, given the significant progress in management of the COVID-19 pandemic generally and the apparent impact of this progress on inpatient transfers to DSH of class members specifically, the court is of the tentative view that no useful purpose would be served by retrospective findings on the issues raised at hearing given that the remediation that might be ordered based on those findings has been mooted by recent events.  The court nonetheless would plan to resolve the four outstanding evidentiary disputes presented by the post-hearing briefing in order to complete the record.  The court understands plaintiffs disagree with the court's tentative conclusion.  Accordingly, good cause appearing, the parties will be granted until April 9, 2021 to show cause in writing, if any they have, why the court should not find moot the matters raised at evidentiary hearing.  To the extent defendants wish to present their position that the matter is indeed moot, they may do so as well, by the April 9, 2021 date.

In accordance with the above, IT IS HEREBY ORDERED that on or before April 9, 2021, the parties shall show cause in writing, if any they have, why the court should not find moot the matters raised at the October 23, 2020 evidentiary hearing.  Defendants may present their position that the matter is indeed moot by April 9, 2021 as well.

DATED:  March 26, 2021.

CHIEF UNITED STATES DISTRICT JUDGE