MATTHEW RODRIQUEZ, State Bar No. 95976
Acting Attorney General of California
MONICA N. ANDERSON, State Bar No. 182970
Senior Assistant Attorney General
DAMON MCCLAIN, State Bar No. 209508
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
LUCAS HENNES, State Bar No. 278361
NAMRATA KOTWANI, State Bar No. 308741
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7318
  Fax: (916) 324-5205
  E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

ROMAN M. SILBERFELD, State Bar No. 62783
GLENN A. DANAS, State Bar No. 270317
ROBINS KAPLAN LLP
  2049 Century Park East, Suite 3400
  Los Angeles, CA 90067-3208
  Telephone: (310) 552-0130
  Fax: (310) 229-5800
  E-mail: RSilberfeld@RobinsKaplan.com
*Special Counsel for Defendants*

HANSON BRIDGETT LLP
PAUL B. MELLO, SBN 179755
SAMANTHA D. WOLFF, SBN 240280
LAUREL E. O'CONNOR, SBN 305478
DAVID C. CASARRUBIAS, SBN 321994
1676 N. CALIFORNIA BLVD., SUITE 620
WALNUT CREEK, CALIFORNIA 94596
TELEPHONE: 925-746-8460
FACSIMILE: 925-746-8490
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

**RALPH COLEMAN, et al.,**

Plaintiffs,

v.

**GAVIN NEWSOM, et al.,**

Defendants.

Case No. 2:90-cv-00520 KJM-DB (PC)

**FOURTH STIPULATION AND [PROPOSED] ORDER TO EXTEND THE APRIL 14, 2017 ORDER WAIVING STATE LAW REGARDING L-WING AT CALIFORNIA MEDICAL FACILITY**

Judge: Hon. Kimberly J. Mueller

[3717394.8]

1

On April 14, 2017, the Court approved the parties' stipulation to waive state licensing requirements so that CDCR could convert 37 cells on the first floor of the L-Wing at the California Medical Facility (L-1) into 70 temporary unlicensed Intermediate Care Facility (ICF) level-of-care beds and two observation and restraint rooms for high-custody inmate-patients referred for ICF care. (ECF No. 5605.) In the stipulation, Defendants agreed, *inter alia*, "to staff and operate L-1 to offer a minimum 12 hours per day of out-of-cell time, including weekends (including but not limited to treatment hours, socialization yard, and other time out of cell)" and "to limit double-celling on L-1 to the extent possible." *Id.* at 3. The Court approved the parties' stipulation on two conditions: (1) "Defendants shall report to the Special Master monthly as to whether there are any inmate-patients in L-1 wing who have been custodially approved by CDCR and clinically cleared by the Department of State Hospitals (DSH) for placement in one of the DSH facilities and, if so, why any such inmate-patient is in the L-1 Wing rather than in a DSH facility consistent with the patient's Least Restrictive Housing designation or other appropriate DSH facility;" and (2) "the parties are directed to work with the Special Master to bring the plans for the L-1 Wing unit into compliance, as necessary and as expeditiously as possible, with the requirements of the October 18, 2007 order [ECF No. 2461]." (*Id.* at 5.)

The period covered under the April 14, 2017 order waiving state law has been extended three times, through April 15, 2021. (ECF Nos. 5950, 6606, and 6917.) Consistent with the Court's order, CDCR has provided monthly reports to the Special Master and Plaintiffs with patient-level data showing offered out-of-cell time, offered structured treatment hours, and program cancellations. The third extension continuing the waiver to April 15, 2021 recognized CDCR's continued need for the beds in L-1, Plaintiffs' need for additional assurances that CDCR consistently offers patients in L-1 twelve hours of daily out-of-cell time, and COVID-19's ongoing impact on Defendants' ability to provide a workable solution to ensure that CDCR consistently offers patients in L-1 twelve hours of daily out-of-cell time. (ECF No. 6917 at 2.)

The third extension required Defendants to submit, within one month of the order, a plan for additional structured treatment subject to monitoring by the Special Master. (ECF No. 6917 at 3). The third extension also provided that the parties would revisit the need for a further

extension of the waiver after five months. (*Id.*)  Defendants timely submitted the required plan.

The parties have conferred regarding the need for a fourth extension of the April 14, 2017 order waiving state licensing laws concerning L-1.  The beds in L-1 are presently needed to provide additional inpatient care pending planned construction and activation of new flexible beds.  CDCR's goal is to end its reliance on unlicensed units to house and treat *Coleman* class members needing inpatient mental health care.  In furtherance of that goal, Defendants plan to immediately begin developing a long-term plan to deactivate the 70 beds in L-1 and replace the unit with fully licensed inpatient beds at the number and custodial level required by patient need.  Defendants will work closely with the Special Master, with Plaintiffs' input as necessary, to develop the plan and will provide that plan to the Special Master and Plaintiffs no later than twelve months from the date of this order.  This timeframe is necessary for Defendants to develop a long-term plan in response to the Special Master's upcoming inpatient program monitoring and anticipated unmet bed needs assessment.

The Special Master and Plaintiffs agree with CDCR's goal to deactivate L-1 and replace it with an appropriate number of licensed inpatient beds, and with the timeline to develop a plan to achieve that goal.  Accordingly, the parties jointly request that the Court extend the April 14, 2017 order waiving state law from April 15, 2021 for an additional eighteen months.  Good cause presented to the Court and appearing, the parties stipulate that the Court should extend the waivers of the licensing requirements described below for an additional eighteen months.

**IT IS STIPULATED AND ORDERED AS FOLLOWS:**

1. The following state licensing requirements shall be waived with respect to the 70 temporary Intermediate Care Facility beds and two observation and restraint rooms in the L-Wing, L-1, at California Medical Facility:

   A. California Health and Safety Code section 1250(j); and

   B. California Code of Regulations, Title 22, sections 79501–79861.

2. The waiver is extended eighteen months to October 15, 2022;

3. Within one month from the date of this order, Defendants shall provide the Special Master and Plaintiffs with an update of the November 2020 plan for additional structured

treatment, taking into account the potential need to limit the L-1 census to reduce double-celling and/or augment staffing in order to achieve the full minimum requirement of twelve hours of out of cell time per day, including weekends, for patients not on quarantine status for whom Defendants shall also report on measures taken to mitigate the quarantine, subject to monitoring by the Special Master; and shall provide additional updates every month thereafter; Defendants' update shall include a report on how many patients are double-celled in the unit;

4. Defendants shall work closely with the Special Master, with input from Plaintiffs as appropriate, to develop a plan to deactivate the beds in L-1 and replace the unit with fully licensed inpatient beds at the number and custodial level required by patient need;

5. The plan shall be provided to the Special Master and Plaintiffs within twelve months from the date of this order;

6. Once the plan is provided to the Special Master and Plaintiffs, the parties shall discuss a timeline for implementation and determine whether a further waiver for full implementation of the plan beyond October 15, 2022, is required.

The Special Master has reviewed and approves this stipulation.

**IT IS STIPULATED.**

Dated: April 15, 2021

MATTHEW RODRIQUEZ
Acting Attorney General of California
DAMON MCCLAIN
Supervising Deputy Attorney General

*/s/ Elise Owens Thorn*
ELISE OWENS THORN
Deputy Attorney General
*Attorneys for Defendants*

Dated: April 15, 2021

ROSEN BIEN GALVAN & GRUNFELD LLP

*/s/ Marc Shinn-Krantz*
Marc J. Shinn-Krantz
*Attorneys for Plaintiffs*

**IT IS SO ORDERED.**

Dated: _____

_____
KIMBERLY J. MUELLER
UNITED STATES DISTRICT COURT