Shawna Ballard, State Bar No. 155188
Kate Falkenstien, State Bar No. 313753
Reichman Jorgensen Lehman & Feldberg LLP
  100 Marine Parkway, Suite 300
  Redwood Shores, CA 94065
  Telephone: (650) 623-1401
  Fax: (650) 623-1449
  Email: sballard@reichmanjorgensen.com
         kfalkenstien@reichmanjorgensen.com

Brian C. Baran, State Bar No. 325939
Reichman Jorgensen Lehman & Feldberg LLP
  1710 Rhode Island Ave NW, 12th Floor
  Washington, DC 20036
  Telephone: (202) 894-7310
  Fax: (650) 623-1449
  Email: bbaran@reichmanjorgensen.com

*Attorneys for Plaintiff-Intervenor Christopher Lipsey*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.**<br><br>                    Plaintiffs,<br><br>    v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>                    Defendants. | Case No. 2:90-cv-00520 KJM DB P<br><br>**PLAINTIFF-INTERVENOR CHRISTOPHER LIPSEY'S NOTICE OF MOTION AND MOTION FOR LEAVE TO CONDUCT DISCOVERY**<br><br>Date:         May 28, 2021<br>Time:        10:00 a.m.<br>Courtroom: 3, 15th floor (or via videoconference)<br>Judge:       Hon. Kimberly Mueller<br>Action Filed: April 23, 1990 |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

Please take notice that on May 28, 2021, at 10:00 a.m., or as soon as the matter may be heard before the Honorable Kimberly J. Mueller, at the United States District Court at 501 I Street, Sacramento, CA 95814 (or via videoconference), Plaintiff-Intervenor Christopher Lipsey will move this Court for leave to conduct discovery regarding his Eighth Amendment claim. Discovery is a longstanding and appropriate feature of this case's remedial proceedings, and it is necessary to resolve Lipsey's claim.

Counsel for Lipsey and counsel for Defendants conferred about the issues presented in this motion on April 6, 2021 and exchanged letters and emails following up on that discussion but were unable to resolve their dispute regarding the appropriateness of formal discovery. The Special Master has not been involved in this dispute. The Court granted leave to file this motion on April 22, 2021. Order, ECF No. 7134.

# TABLE OF CONTENTS

INTRODUCTION ..........................................................................................................................1

BACKGROUND ..........................................................................................................................1

        A.    Discovery in the *Coleman* Remedial Proceedings.............................................1

        B.    Lipsey's Claim in Intervention ...........................................................................3

ARGUMENT.................................................................................................................................5

    I.    Discovery Is Appropriate When Considering Whether to Adjust Remedial Orders.............5

    II.    Discovery Is Necessary to Resolve Factual Disputes Relevant to Lipsey's Claim. ...........8

CONCLUSION..............................................................................................................................9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alvarado v. J.C. Penney Co.*,
  997 F.2d 803 (10th Cir. 1993) ........................................................................................7

*Brown v. Plata*,
  563 U.S. 493 (2011) ......................................................................................................6

*Brumfield v. Dodd*,
  2013 WL 360572 (E.D. La. Jan. 30, 2013) ...................................................................6

*Cassirer v. Thyseen-Bornemisza Collection Found.*,
  862 F.3d 951 (9th Cir. 2017) .........................................................................................5

*Coleman v. Wilson*,
  101 F.3d 705, 1996 WL 665551 (9th Cir. 1996) (per curiam) (unpublished table
  decision) ........................................................................................................................5

*Coleman v. Wilson*,
  912 F. Supp. 1282 (E.D. Cal. 1995) ..............................................................................2

*Gilmore v. California*,
  220 F.3d 987 (9th Cir. 2000) .........................................................................................7

*Ginest v. Bd. of Cnty. Comm'rs of Carbon Cnty.*,
  295 F. Supp. 2d 1274 (D. Wyo. 2004) ..........................................................................7

*Grenning v. Miller-Stout*,
  739 F.3d 1235 (9th Cir. 2014) .......................................................................................8

*Grynberg v. BP P.L.C.*,
  2016 WL 11472270 (D.D.C. Mar. 1, 2016) ..................................................................6

*H.K. Porter Co. v. Goodyear Tire & Rubber Co.*,
  536 F.2d 1115 (6th Cir. 1976) .......................................................................................6

*Hickman v. Taylor*,
  329 U.S. 495 (1947) ...................................................................................................6, 9

*Horne v. Flores*,
  557 U.S. 433 (2009) ......................................................................................................6

*Keenan v. Hall*,
  83 F.3d 1083 (9th Cir. 1996) .........................................................................................8

*League of United Latin Am. Citizens v. Wilson*,
    131 F.3d 1297 (9th Cir. 1997) ..................................................................................7

*Loyd v. Ala. Dep't of Corr.*,
    176 F.3d 1336 (11th Cir. 1999) ................................................................................7

*Nat'l Law Ctr. on Homelessness & Poverty v. U.S. Dep't of Veterans Affs.*,
    842 F. Supp. 2d 127 (D.D.C. 2012) .........................................................................7

*Palmer v. Rice*,
    231 F.R.D. 21 (D.D.C. 2005)....................................................................................7

*Plata v. Brown*,
    754 F.3d 1070 (9th Cir. 2014) ..............................................................................5, 6

*Schneider v. Dumbarton Devs., Inc.*,
    767 F.2d 1007 (D.C. Cir. 1985).................................................................................7

**Statutes**

18 U.S.C. § 3626(b), (e)......................................................................................................6

**Rules**

Fed. R. Civ. P. 26........................................................................................................1, 9

# INTRODUCTION

For nearly seven years, Plaintiff Christopher Lipsey has been seeking redress for cruel and unusual punishment in the form of a sleep-depriving system of Guard One "welfare" checks first instituted by the California Department of Corrections and Rehabilitation (CDCR) and later ordered by this Court in this case. And for nearly seven years, the CDCR has thrown up one procedural hurdle after another to thwart Lipsey from conducting appropriate discovery and to prevent any court from reaching the merits of Lipsey's claim.

When Lipsey tried to litigate his claim in an independent case, the CDCR objected that Lipsey's claim was barred because of its connection to an order in this case. But now that Lipsey has presented his claim here, the CDCR objects that it is too late because discovery closed decades before Lipsey's claim arose—never mind that it has opened several times since then. Moreover, the CDCR disputes the facts underlying Lipsey's claim while insisting that the discovery needed to resolve those factual disputes is unwarranted. The sum of the CDCR's positions is that Lipsey's claim cannot be litigated in any forum.

Enough is enough. It is long past time to stop the procedural games and do what it takes to decide Lipsey's constitutional claim on the merits: allow appropriate discovery and adjudicate the claim through either a dispositive motion or an evidentiary hearing. Lipsey therefore respectfully requests leave to conduct discovery on his claim in intervention, with the scope as defined in Federal Rule of Civil Procedure 26(b).

# BACKGROUND

### A.  Discovery in the *Coleman* Remedial Proceedings

This case began more than three decades ago as a class action challenging the adequacy of the mental healthcare the CDCR provides to state prisoners. The parties conducted discovery, and the case went to trial starting in March 1993—when Lipsey was seven years old. Dkt. Nos. 363, 389. The

magistrate judge found that the CDCR was providing constitutionally inadequate mental healthcare to the class. *Coleman v. Wilson*, 912 F. Supp. 1282, 1299 (E.D. Cal. 1995), Dkt. No. 612, *appeal dismissed*, 101 F.3d 705 (9th Cir. 1996) (unpublished table decision). The Court agreed and, consistent with the magistrate judge's recommendation, appointed a special master to oversee the development and implementation of injunctive relief. *Id.* at 1324; Dkt. No. 639. This case has wound its way through remedial proceedings ever since.

This Court has repeatedly allowed discovery in these ongoing proceedings, generally in connection with upcoming evidentiary hearings. *See, e.g.*, Order, ECF No. 4306 at 2-3 (granting expedited discovery regarding Defendants' termination motion); Order, ECF No. 4632 at 1-2 (allowing discovery on Plaintiffs' enforcement motions); Order, ECF No. 4786 at 1 (opening discovery, including depositions, in preparation for an evidentiary hearing); Order, ECF No. 5034 at 2 (opening discovery regarding the death of a class member); Order, ECF No. 5794 at 9 (indicating that discovery will be appropriate if Defendants again seek to terminate prospective relief); Order, ECF No. 6600 at 3-4 (authorizing discovery regarding Covid-19-related issues). The three-judge district court convened in this case and in *Plata v. Newsom*, No. 4:01-cv-01351-JST (N.D. Cal.), likewise allowed discovery. *E.g.*, Order, ECF No. 2434 at 1.

Even when denying particular requests for discovery, the Court has made clear that the door remains open to conducting discovery when appropriate "in a specific factual and legal context." Order, ECF No. 1988 at 3-4 (magistrate judge's September 28, 2006 order denying without prejudice Plaintiffs' motion for leave to conduct discovery). Indeed, the Court said so despite Defendants' insistence at least as early as 2006 that "discovery during the remedial phase" was not appropriate given "the post-trial status of this case" and the "judgment finally rendered in 1995." ECF No. 1828 at 1, 5; *see also* ECF No. 1925 at 8-9 (Defendants arguing, without citing a single case, that discovery was not available except in preparation for a trial or "an evidentiary hearing on a termination motion").

Moreover, even then Defendants appeared to concede that discovery targeted toward an evidentiary hearing would be appropriate. *See* ECF No. 1925 at 8 ("To the extent Plaintiffs assert that an evidentiary hearing is in the offing . . . , then they must indicate to the Court and counsel those issues that will be litigated and the discovery needs of each issue.").

### B. Lipsey's Claim in Intervention

Lipsey first sought to litigate his constitutional challenge to the Guard One checks in a standalone case in the Northern District of California, which was transferred to this District because of its connection with this case. *See* Order of Transfer, Dkt. 161, *Lipsey v. Norum*, No. 3:14-cv-02767-VC (N.D. Cal. Feb. 9, 2018). The defendants in Lipsey's separate case moved to dismiss, arguing that Lipsey's claims were barred by the order in this case requiring Guard One checks. *See* Defs.' Mot. to Dismiss Due to the Preclusive Effect of the *Coleman v. Brown* Class Action, *Lipsey* Dkt. 154 (Jan. 3, 2018).[1] The magistrate judge recommended dismissing Lipsey's claims for injunctive relief "because [Lipsey] may not collaterally challenge the *Coleman* order" in his separate suit. Findings & Recs., *Lipsey* Dkt. 197 at 13 (E.D. Cal. Oct. 10. 2019). Lipsey objected to that recommendation, *Lipsey* Dkt. 200 (Oct. 24, 2019), but the Court had not yet ruled when it stayed the case pending resolution of a petition for rehearing en banc in a related case before the Ninth Circuit, *Rico v. Ducart*, No. 19-15541. *Lipsey* Dkt. 211.

Although Lipsey continues to object to the recommendation, he sought to intervene as a plaintiff in this case. ECF No. 6389. In February 2020, the Court allowed Lipsey to "intervene for the limited purpose of addressing his claim that Guard One causes sleep deprivation in violation of the Eighth Amendment to the United States Constitution." Order, ECF No. 6487 at 3. Lipsey's complaint in intervention alleges facts in support of that claim, ECF No. 6941, many of which Defendant

---

[1] Citations to "*Lipsey* Dkt." refer to a document's ECF number in *Lipsey v. Norum*, No. 2:18-cv-00340 KJM DB P (E.D. Cal.).

Case No. 2:90-cv-00520 KJM DB P          3          Lipsey's Mot. for Leave to Conduct Discovery

Kathleen Allison, the Secretary of the CDCR, disputes in her answer, ECF No. 7005 at ¶¶ 1-3, 6-10. Among other questions, the Secretary disputes whether the sounds created by the Guard One checks are loud, *compare* ECF No. 6941 at ¶¶ 13-14, 17, 21-25, *with* ECF No. 7005 at ¶ 6(e)-(f), (i), (m)-(p); whether the Guard One checks wake Lipsey up throughout the night, causing sleep deprivation, *compare* ECF No. 6941 at ¶¶ 26-32, *with* ECF No. 7005 at ¶ 6(q); and how prison officials responded to Lipsey's repeated complaints, *compare* ECF No. 6941 at ¶¶ 33-35, *with* ECF No. 7005 at ¶ 6(r)-(t).

Also in February 2020, Lipsey sought a temporary restraining order to prevent continued irreparable harm from unconstitutional sleep deprivation while his claim in intervention is litigated. ECF No. 6462-2 at 25. Like the answer, Defendants' opposition to the temporary restraining order raised factual disputes, including the level of noise caused by Guard One, its effect on inmates' ability to sleep, the availability of alternatives, and Guard One's efficacy. ECF No. 6475 at 2-3; ECF No. 6776 at 2-6. When the Court denied Lipsey's motion without prejudice, it ordered the parties to "meet and confer and propose a schedule for adjudication of Lipsey's claim on the merits, either by motion for summary judgment or evidentiary hearing." Order, ECF No. 7095 at 2.

Meanwhile, the Court's order granting Lipsey's intervention had provided for narrow discovery regarding administrative complaints filed by other inmates related to Guard One. ECF No. 6487 at 4. The Court ultimately granted Lipsey's motion to compel related to that discovery, ECF No. 6756, and the parties have since completed discovery on that one issue. Lipsey has not been able to take discovery on any other issues relevant to his Eighth Amendment claim in intervention, including the CDCR's investigations into the noise caused by Guard One or its impact on inmates' sleep, CDCR training regarding Guard One, the viability of alternatives to Guard One, or the possibility of modifications to existing policy to reduce the impact of the noise from Guard One. Nor has Lipsey had the opportunity to take any depositions.

Recognizing that his Eighth Amendment claim cannot be adjudicated without additional

discovery, Lipsey served a set of requests for production on April 5, 2021. The parties conferred about those requests and the proposed schedule on April 6, 2021 and continued to correspond afterward. Defendants took the position that no discovery is authorized or warranted regarding Lipsey's claim because discovery closed before the original trial in 1993. Given Defendants' opposition to *any* formal discovery regarding Lipsey's claim in intervention, Lipsey voluntarily withdrew his April 5 discovery requests (while reserving the right to re-serve them later) so that the parties can first obtain clarity from this Court about the propriety of discovery on Lipsey's claim. Lipsey thus sought, and the Court granted, leave to file this motion. ECF Nos. 7131, 7134.

## ARGUMENT

### I.  Discovery Is Appropriate When Considering Whether to Adjust Remedial Orders.

Throughout the ongoing remedial phase of this case, this Court has recognized that discovery and evidentiary hearings are appropriate and important mechanisms for continuing to evaluate and adjust remedial efforts. *See supra* p.2 (discussing ECF Nos. 2434, 4306, 4632, 4786, 5034, 5794, 6600). That approach is consistent with the governing law, and the Court should continue to apply it here.

District courts have "broad authority to manage complex litigation." *Plata v. Brown*, 754 F.3d 1070, 1077 (9th Cir. 2014). That authority includes "'broad discretion' to permit or deny discovery." *E.g.*, *Cassirer v. Thyseen-Bornemisza Collection Found.*, 862 F.3d 951, 958 n.6 (9th Cir. 2017) (attribution omitted). Courts' case management authority continues even in post-judgment proceedings, *see Plata*, 754 F.3d at 1077, and so necessarily extends to the remedial phase of this case regardless of whether the Court has entered judgment.[2]

---

[2] In any event, what Defendants called a "judgment" when opposing discovery on similar grounds earlier in the remedial phase, *e.g.*, ECF No. 1828 at 1, the Ninth Circuit has held was "not an appealable order," *Coleman v. Wilson*, 101 F.3d 705, 1996 WL 665551, at *2 (9th Cir. 1996) (per curiam) (unpublished table decision). *See also* ECF No. 1895 at 7-8 (Plaintiffs noting in 2006 that Defendants had not offered any support for the proposition "that this case is now post-judgment").

Continued discovery in remedial proceedings is a crucial tool in institutional reform cases like this one.  As the Supreme Court observed in an appeal from the three-judge district court convened in this case, "[w]hen a court attempts to remedy an entrenched constitutional violation through reform of a complex institution, such as this statewide prison system, it may be necessary in the ordinary course to issue multiple orders directing and adjusting ongoing remedial efforts." *Brown v. Plata*, 563 U.S. 493, 516 (2011) (discussing statutory requirements for convening a three-judge district court).  Even after judgment, the Court's role is not necessarily over.  *See Horne v. Flores*, 557 U.S. 433, 447-48 (2009) ("Rule 60(b)(5) serves a particularly important function in what we have termed 'institutional reform litigation.'  For one thing, injunctions issued in such cases often remain in force for many years, and the passage of time frequently brings about changed circumstances—changes in the nature of the underlying problem, changes in governing law or its interpretation by the courts, and new policy insights—that warrant reexamination of the original judgment." (cleaned up)); *see also* 18 U.S.C. § 3626(b), (e) (establishing procedures for termination or modification of prospective relief in prison conditions cases).  Because properly carrying out these responsibilities often requires factfinding, discovery is a key feature of the process.  After all, the Civil Rules commit courts to the principle that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947); *see Plata*, 754 F.3d at 1078 (holding that the district court's post-judgment order "coordinat[ing] the filing of a termination motion with the discovery each side wanted . . . embodie[d] th[is] fundamental principle").

It is no surprise, then, that courts routinely allow discovery and conduct evidentiary hearings in remedial proceedings.  *See, e.g.*, *Grynberg v. BP P.L.C.*, 2016 WL 11472270, at *1 n.1 (D.D.C. Mar. 1, 2016) ("[I]t is certainly within courts' discretion to order discovery for the purpose of seeking relief from a final judgment . . . ." (citing *H.K. Porter Co. v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115, 1119 (6th Cir. 1976))); *Brumfield v. Dodd*, 2013 WL 360572, at *3 (E.D. La. Jan. 30, 2013)

("The age of the orders and Consent Decree, dating back to the 1970s and 1984, is no impediment to this discovery in aid of enforcement of a permanent injunction."); *Nat'l Law Ctr. on Homelessness & Poverty v. U.S. Dep't of Veterans Affs.*, 842 F. Supp. 2d 127, 131-32 (D.D.C. 2012) (ordering discovery regarding Rule 60(b)(5) motion to vacate an order enforcing an injunction in a long-running class action); *Palmer v. Rice*, 231 F.R.D. 21, 26-27 (D.D.C. 2005) (allowing discovery in support of plaintiffs' efforts "to enforce the injunctions imposed by prior court orders in this case and by the" consent decree in the case); *Ginest v. Bd. of Cnty. Comm'rs of Carbon Cnty.*, 295 F. Supp. 2d 1274, 1275 (D. Wyo. 2004) (holding that the plaintiffs were "entitled to pursue discovery and that the Court must first hold an evidentiary hearing" on the defendants' motion for termination of a 1987 consent decree). Indeed, evidentiary hearings are sometimes required, such as when a party seeks to terminate relief under the Prison Litigation Reform Act. *See Gilmore v. California*, 220 F.3d 987, 1008-09 (9th Cir. 2000); *Loyd v. Ala. Dep't of Corr.*, 176 F.3d 1336, 1342 (11th Cir. 1999) (holding that the district court abused its discretion by denying an evidentiary hearing on a motion to terminate prospective relief); *Ginest*, 295 F. Supp. 2d at 1275.

Lipsey's claim and requested discovery fit this model. Although the CDCR initially adopted the Guard One system voluntarily, it is now compelled to maintain it by one of this Court's remedial orders. Order, ECF No. 5271. Accordingly, the injunction Lipsey seeks would ultimately require modifying that order. Discovery is therefore appropriate as part of the remedial process in this case.

Lipsey's status as an intervenor does not change the analysis. "[A]s a general rule, intervenors are permitted to litigate fully once admitted to a suit." *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1304 (9th Cir. 1997); *see also Alvarado v. J.C. Penney Co.*, 997 F.2d 803, 805 (10th Cir. 1993) ("[W]hen a party intervenes, it becomes a full participant in the lawsuit and is treated just as if it were an original party." (quoting *Schneider v. Dumbarton Devs., Inc.*, 767 F.2d 1007, 1017 (D.C. Cir. 1985))).

## II. Discovery Is Necessary to Resolve Factual Disputes Relevant to Lipsey's Claim.

Lipsey's claim cannot be fairly adjudicated without an opportunity for discovery. Lipsey alleges that the CDCR's implementation of the Guard One checks has subjected him to sleep deprivation in violation of the Eighth Amendment. Complaint in Intervention ¶¶ 38-40, ECF No. 6941. To prevail, Lipsey "must prove a denial of 'the minimal civilized measure of life's necessities' occurring through 'deliberate indifference.'" *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996) (citation omitted) (first quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); and then quoting *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991)), *amended on denial of reh'g*, 135 F.3d 1318 (9th Cir. 1998).

Additionally, the Secretary may argue that "legitimate penological interests" defeat Lipsey's claim. *See Grenning v. Miller-Stout*, 739 F.3d 1235, 1240 (9th Cir. 2014) ("The precise role of legitimate penological interests is not entirely clear in the context of an Eighth Amendment challenge to conditions of confinement."). Any such argument would make the efficacy of and potential alternatives to Guard One all the more relevant. Those issues may also be relevant to potential modifications of the Court's remedial orders in the broader litigation; if the Court enjoins the Secretary from using Guard One but continues to require welfare checks, it may wish to consider alternative compliance mechanisms.

The facts on all these issues are disputed. The Secretary's answer to Lipsey's complaint in intervention denies almost all of Lipsey's factual assertions. *See* ECF No. 7005 at ¶¶ 1-3, 6-10. And in opposing Lipsey's motion for a temporary restraining order, Defendants disputed the most important factual issues in resolving Lipsey's claim: the amount of noise Guard One causes, Guard One's effect on inmates' ability to sleep, the availability of alternatives, and Guard One's efficacy. ECF No. 6475 at 2-3; ECF No. 6776 at 2-6. These disputes cannot be fairly litigated without discovery. The Civil Rules' discovery provisions are designed to level the playing field; no party gets

to keep its opponents in the dark. *See, e.g.*, *Hickman*, 329 U.S. at 507.

To be clear, Lipsey does not ask the Court to wade into potential disputes over possible discovery requests at this stage. Instead, Lipsey withdrew his April 2021 discovery requests to first resolve the threshold question of whether discovery is permitted. At this stage, Lipsey simply requests that the Court permit discovery regarding his Eighth Amendment claim within the ordinary limits of Rule 26. Lipsey can then serve requests and the parties can meet and confer about them in due course, presenting any concrete disputes to the Court only if necessary.

## CONCLUSION

The Court has already decided that Lipsey should be allowed to litigate his Eighth Amendment claim in this proceeding. He cannot meaningfully do so without access to the discovery tools provided by the Civil Rules. Lipsey therefore respectfully requests that the court grant leave to conduct discovery regarding Lipsey's Eighth Amendment claim within the ordinary limits of Rule 26.

Dated: April 30, 2021                                    Respectfully submitted,

/s/ Kate Falkenstien

REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
Shawna L. Ballard (SBN 155188)
Kate Falkenstien (SBN 313753)
100 Marine Parkway, Suite 300
Redwood Shores, California 94065
Telephone: (650) 623-1401
Fax: (650) 623-1449
sballard@reichmanjorgensen.com
kfalkenstien@reichmanjorgensen.com

REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
Brian C. Baran (SBN 325939)
1710 Rhode Island Ave NW, 12th Floor
Washington, DC 20036
Telephone: (202) 894-7310
Fax: (650) 623-1449
bbaran@reichmanjorgensen.com

*Attorneys for Plaintiff-Intervenor Christopher Lipsey*

Case No. 2:90-cv-00520 KJM DB P            9         Lipsey's Mot. for Leave to Conduct Discovery

**CERTIFICATION**

Lipsey's counsel certify that they have reviewed the following orders relevant to this motion: Dkt. No. 612 (reported at 912 F. Supp. 1271) and ECF Nos. 1988, 2434, 4306, 4632, 4786, 5034, 5271, 5794, 6487, 6600, 6756, 7095, 7134.

Dated: April 30, 2021

Respectfully submitted,

/s/ Kate Falkenstien

REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
Shawna L. Ballard (SBN 155188)
Kate Falkenstien (SBN 313753)
100 Marine Parkway, Suite 300
Redwood Shores, California 94065
Telephone: (650) 623-1401
Fax: (650) 623-1449
sballard@reichmanjorgensen.com
kfalkenstien@reichmanjorgensen.com

REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
Brian C. Baran (SBN 325939)
1710 Rhode Island Ave NW, 12th Floor
Washington, DC 20036
Telephone: (202) 894-7310
Fax: (650) 623-1449
bbaran@reichmanjorgensen.com

*Attorneys for Plaintiff-Intervenor Christopher Lipsey*