UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

Plaintiffs,

v.

GAVIN NEWSOM, et al.,

Defendants.

No. 2:90-cv-0520 KJM KJN P

ORDER

As permitted by court order, ECF No. 7134, plaintiff-intervenor Christopher Lipsey (hereafter Lipsey) has filed a motion for leave to conduct discovery. ECF No. 7146. Defendants oppose the motion, ECF No. 7165, and Lipsey has filed a reply, ECF No. 7181. After review of the papers, and good cause appearing, the court finds as follows.

First, defendants do not dispute Lipsey's contention that discovery can be and has been authorized in these remedial proceedings. Instead, defendants argue that discovery should either be denied in light of information already available to Lipsey and in view of defendants' offer to provide informal responses to "specific questions," ECF No. 7165, or limited to discovery focused on the claim for which intervention has been authorized: that the Guard One suicide prevention monitoring system "causes sleep deprivation in violation of the Eighth Amendment to

the United States Constitution." ECF No. 6487 at 3.[1]  In reply, Lipsey agrees that discovery is limited to the foregoing claim in intervention and contends the purpose of the instant motion is only to seek permission to propound discovery; Lipsey also contends that disputes over specific requests should be resolved as necessary once the parties have met and conferred and, as necessary, sought the court's resolution.  ECF No. 7181 at 4.

        In granting Lipsey's motion to intervene, the court found his claim "presents a question of law and fact directly relevant to the implementation of the remedial plan in this case." ECF No. 6487 at 3.  To the extent resolution of the factual question requires additional discovery to ensure its fair presentation and resolution, such discovery should and will be permitted.  As the parties correctly agree, such discovery will be limited to the Eighth Amendment claim presented in Lipsey's Complaint in Intervention, ECF No. 6941.  The court will resolve disputes, if any, about specific discovery requests if and when they are presented to the court in accordance with the applicable Federal Rules of Civil Procedures and Local Rules of Court.

        The parties also have filed a joint statement regarding a proposed schedule to adjudicate Lipsey's claim, ECF No. 7130; the proposed schedule will be approved and adopted in this order, as set forth below.

        In accordance with the above and good cause appearing, IT IS HEREBY ORDERED that:

        1.    Plaintiff-intervenor Lipsey's motion for leave to conduct discovery, ECF No. 7146, is GRANTED;

        2.    All fact discovery shall be conducted so that it is completed by October 29, 2021.  *See* ECF No. 7130.

---

[1] Lipsey has already been granted leave to "conduct limited discovery to obtain information from which to identify the administrative complaints filed by both *Coleman* class members and non-class member inmates related to the use of Guard One at all CDCR institutions where it is currently in use."  ECF No. 6487 at 4.

2

3. The schedule proposed by the parties in the Joint Statement filed April 19, 2021 is approved and adopted in full. Accordingly, in addition to the fact discovery deadline set in paragraph 2 above:

    a. The parties shall disclose experts on or before November 19, 2021;

    b. The parties shall disclose rebuttal experts on or before December 3, 2021;

    c. All expert discovery shall be completed by December 17, 2021;

    d. Dispositive and *Daubert* motions shall be filed and served on or before January 7, 2022, and shall be noticed for hearing and briefing in accordance with the provisions of Local Rule 230.

    e. If necessary, an evidentiary hearing will be set for a date in May 2022 by subsequent order of court.

DATED: June 2, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE