ROB BONTA, State Bar No. 202668
Attorney General of California
MONICA N. ANDERSON, State Bar No. 182970
Senior Assistant Attorney General
DAMON MCCLAIN, State Bar No. 209508
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
NAMRATA KOTWANI, State Bar No. 308741
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7318
 Fax: (916) 324-5205
 E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

HANSON BRIDGETT LLP
PAUL B. MELLO, State Bar No. 179755
SAMANTHA D. WOLFF, State Bar No. 240280
LAUREL E. O'CONNOR, State Bar No. 305478
DAVID C. CASARRUBIAS, State Bar No. 321994
 1676 N. California Boulevard, Suite 620
 Walnut Creek, CA 94596
 Telephone: (925) 746-8460
 Fax: (925) 746-8490
 E-mail: PMello@hansonbridgett.com
*Attorneys for Defendants*

ROMAN M. SILBERFELD, State Bar No. 62783
GLENN A. DANAS, State Bar No. 270317
ROBINS KAPLAN LLP
 2049 Century Park East, Suite 3400
 Los Angeles, CA 90067-3208
 Telephone: (310) 552-0130
 Fax: (310) 229-5800
 E-mail: RSilberfeld@RobinsKaplan.com
*Special Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>Defendants. | Case No. 2:90-cv-00520 KJM-DB (PC)<br><br>**STIPULATION AND ORDER GRANTING JOINT REQUEST FOR LEAVE TO FILE DISCOVERY MOTIONS**<br><br>Judge: The Hon. Kimberly J. Mueller |

On June 3, 2021, Plaintiff-Intervenor Christopher Lipsey (Lipsey) was granted leave to conduct discovery on his claim that the use of Guard One causes sleep deprivation in violation of the Eighth Amendment to the United States Constitution. (ECF No. 7191.) On June 3, 2021, Lipsey served Defendant Kathleen Allison with his third set of requests for production of documents, numbered 31 through 59. On July 6, 2021, Defendants responded to Lipsey's discovery requests, stating objections along with their responses.

1    The parties have met and conferred regarding Lipsey's third set of requests for production
2 of documents and Defendants' objections to those requests.  Although they have reached an
3 agreement to limit some of the requests and to continue to work to resolve issues with other
4 requests, they are at an impasse with respect to issues related to Request Nos. 35, 36, 41, 42, 43,
5 47, 48, 49, 50, 51, and 56.  The Special Master attended the parties' conference on June 29, but he
6 has not taken a position on this dispute.

7    Defendants seek an order under Rule 26 limiting the scope of Lipsey's discovery requests
8 to documents that are relevant to his claim that the Guard One system makes noise that interrupts
9 his sleep.  Specifically, Defendants want an order that precludes discovery of the following
10 documents and issues:

11    1. Documents related to suicides or attempted suicides, and training related to suicide
12 prevention sought in Requests Nos. 35, 47, 48, 49, 50, 51, and 56;

13    2. Documents that seek internal communications concerning an analysis of the costs and
14 benefits of the Guard One system sought in Request No. 36;

15    3. Documents related to the costs associated with the purchase of the Guard One system and
16 the benefits of the Guard One system sought in Request No. 41;

17    4. Documents related to individual officers' compliance with the welfare check program
18 sought in Request No. 42; and

19    5. Documents related to individual officers' compliance with the Guard One Order sought
20 in Request No. 43.

21    Because none of these requests pertain to "the claim for which intervention has been
22 authorized:  that the Guard One suicide prevention monitoring system 'causes sleep deprivation in
23 violation of the Eighth Amendment to the United States Constitution,'" Defendants will seek to
24 limit the scope of Lipsey's above requests, which exceed this scope. (*See* ECF No. 7191 at 1:26-
25 2:1.) Defendants also dispute Lipsey's asserted connection between the requested documents and
26 his potential claim that Defendants lack of penological interest in monitoring their staff.  Suicides
27 and suicide attempts are not relevant to that question.  And the cost-benefit analysis Lipsey seeks

28

1   is likewise not the test applied to determine whether the regulation at issue satisfies a legitimate
2   penological goal.
3       Lipsey seeks an order compelling Defendants to respond to the requests identified above as
4   propounded because discovery regarding the alleged penological interest in using Guard One,
5   including its efficacy and the availability of any reasonable alternatives, is relevant to
6   Defendants' potential defense that any penological interests in using Guard One defeat Lipsey's
7   Eighth Amendment claim.  For example, Lipsey anticipates that the Secretary may argue that the
8   Guard One system is necessary to adequately ensure compliance with the welfare check program
9   and thus reduce the number of inmate suicides, and that the penological interest in reducing
10  suicides in turn affects the Eighth Amendment analysis.  Lipsey offered to withdraw his requests
11  related to this issue if Defendants agreed to stipulate that they will not make this type of
12  argument, but Defendants declined to do so.  Because Defendants have left open their option to
13  make this argument, Lipsey seeks to take discovery into its factual premises.
14      Accordingly, the parties stipulate and jointly request leave to file their respective discovery
15  motions under Fed.R.Civ.P 26 and Local Rule 251.

**IT IS SO STIPULATED.**

Dated: July 20, 2021

ROB BONTA
Attorney General of California
DAMON MCCLAIN
Supervising Deputy Attorney General

*/s/ Elise Owens Thorn*
ELISE OWENS THORN
Deputy Attorney General
*Attorneys for Defendants*

Dated: July 20, 2021

REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP

*/s/ Kate Falkenstien*
Kate Falkenstien
*Attorneys for Plaintiff-Intervenor*

1  Good cause appearing, the parties' joint request is GRANTED. All motions shall be filed
2 and noticed for hearing on this court's regular law and motion calendar in accordance with Local
3 Rule 230 (E.D.Cal.). The motions shall be noticed for hearing so that all fact discovery will be
4 completed by October 29, 2021. *See* ECF No. 7191 at 2.

**IT IS SO ORDERED.**

Dated:   July 20, 2021

_____
CHIEF UNITED STATES DISTRICT JUDGE