# Exhibit B

| | |
|---|---|
| **From:** | Kate Falkenstien |
| **To:** | Lucas Hennes |
| **Cc:** | Brian C. Baran; Elise Thorn; Damon McClain; Namrata Kotwani; Paul B. Mello; Samantha Wolff |
| **Subject:** | RE: Lipsey"s Third Set of Requests for Production |
| **Date:** | Tuesday, June 15, 2021 10:37:21 AM |

Hi Lucas,

Thank you for considering it. If you agreed to this sort of stipulation (and the court entered it), here is how we would propose to modify the requests:

- 35, 41-43, 47-51, 53: withdraw entirely
- 36: limit to any communications/documents relating to the adoption of the Guard One system *only if they discuss noise or sleep*
- 37: limit to any communications/documents relating to modifications of the Guard One system *only if they discuss noise or sleep*.
    - 38-39 could be withdrawn as subsumed within this modified scope of 37.
- 40: limit to documents concerning possible alternative methods *only if they discuss noise or sleep under Guard One.*
- 44: limit to communications with class counsel *only if they discuss noise or sleep under Guard One.*
- 56: remove "suicide" from the list of training categories
- 59: limit to photos/recordings of CDCR officers or employees conducting welfare checks after the introduction of Guard One (not before)

In terms of discovery going forward, we would not intend to seek discovery about the efficacy of Guard One in preventing suicides or its efficacy in comparison to other possible alternative recording mechanisms for welfare checks.

Happy to discuss further if that would be helpful.

Thanks,
Kate

Kate Falkenstien | 650-623-1425 | REICHMAN JORGENSEN LEHMAN & FELDBERG LLP

---

**From:** Lucas Hennes <Lucas.Hennes@doj.ca.gov>
**Sent:** Thursday, June 10, 2021 1:07 PM
**To:** Kate Falkenstien <kfalkenstien@reichmanjorgensen.com>
**Cc:** Brian C. Baran <bbaran@reichmanjorgensen.com>; Elise Thorn <Elise.Thorn@doj.ca.gov>; Damon McClain <Damon.McClain@doj.ca.gov>; Namrata Kotwani <Namrata.Kotwani@doj.ca.gov>; Paul B. Mello <Pmello@hansonbridgett.com>; Samantha Wolff <SWolff@hansonbridgett.com>
**Subject:** RE: Lipsey's Third Set of Requests for Production

**[EXTERNAL]**
Good afternoon Kate,

We are in the process of reviewing and assessing your discovery requests. With respect to the proposed stipulation, we need to know more specifics about which requests would be narrowed or withdrawn. Please provide a proposed modified third set of requests so that we know how you intend to limit the discovery requests. It would also be helpful to understand how you would limit the scope of discovery going forward if the parties were to reach an agreement on this.

Best,

--Lucas

**Lucas L. Hennes**
Deputy Attorney General
Office of the Attorney General, Correctional Law Section
1300 I Street, Sacramento, CA 95814
Phone: (916) 210-7323
Fax: (916) 324-5205
lucas.hennes@doj.ca.gov

---

**From:** Kate Falkenstien <kfalkenstien@reichmanjorgensen.com>
**Sent:** Thursday, June 3, 2021 9:40 AM
**To:** Lucas Hennes <Lucas.Hennes@doj.ca.gov>
**Cc:** Brian C. Baran <bbaran@reichmanjorgensen.com>; Adriano Hrvatin <Adriano.Hrvatin@doj.ca.gov>; Elise Thorn <Elise.Thorn@doj.ca.gov>; Kyle Lewis <Kyle.Lewis@doj.ca.gov>; Tyler Heath <Tyler.Heath@doj.ca.gov>
**Subject:** Lipsey's Third Set of Requests for Production

Hi Lucas and all,

In light of Judge Mueller's order granting Lipsey's motion for leave to take discovery this morning, please find attached Lipsey's third set of requests for production.

As we briefly discussed in conferring about Lipsey's (withdrawn) second set of RFPs in April, we would be willing to withdraw or modify many of our requests if you were willing to stipulate that you will not argue that the penological interest in conducting welfare checks using Guard One affects the Eighth Amendment analysis. In *Grenning v. Miller-Stout*, 739 F.3d 1235, 1240 (9th Cir. 2014), the Ninth Circuit noted that "[t]he precise role of legitimate penological interests is not entirely clear in the context of an Eighth Amendment challenge to conditions of confinement," and it did not resolve that issue. We have included requests for production related to the efficacy of Guard One and the availability of reasonable alternatives because we believe you may argue that the penological need to use Guard One (for example, because it is the most effective or most practical way of conducting welfare checks, or because it is necessary or effective in preventing suicides) bears on Lipsey's Eighth Amendment claim. If you do not intend to make such arguments, however, we would be happy to discuss a stipulation to that effect and narrow our discovery requests accordingly.

We are available to confer at your convenience.

Thanks,
Kate

Kate Falkenstien | 650-623-1425 | Reichman Jorgensen Lehman & Feldberg LLP

*NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.*

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.