# Exhibit C

**ROB BONTA**
*Attorney General*

State of California
**DEPARTMENT OF JUSTICE**

1300 I STREET, SUITE 125
P.O. BOX 944255
SACRAMENTO, CA 94244-2550

Public: (916) 445-9555
Telephone: (916) 210-7323
Facsimile: (916) 324-5205
E-Mail: Lucas.Hennes@doj.ca.gov

Kate Falkenstien
Attorney for Plaintiff-Intervenor Lipsey
Reichman Jorgensen Lehman & Feldberg LLP
kfalkenstien@reichmanjorgensen.com

June 18, 2021

RE: *Coleman v. Newsom, et al.,*
    USDC, Eastern District of California, Case No. 2:90-cv-00520 KJM-DB (PC)

Dear Ms. Falkenstien:

This letter is to confirm Defendants' receipt of Plaintiff-Intervenor Lipsey's Third Set of Requests for Production of Documents, as well as to outline several concerns we have with the requests as presently phrased.

First and foremost, we are conducting a preliminary search for documents based on your requests. This preliminary search is ongoing, but because of the breadth of these requests, it is evident that potentially responsive documents number in the hundreds of thousands. Producing such documents—especially in the highly specific form required by your requests—would necessitate months of review, redaction, and compilation, and the need for the vast majority of these documents is significantly outweighed by the burden and expense of producing them. It is our hope that we can significantly narrow the scope of these requests, both to allow Defendants to produce the documents your client requires and to avoid protracted litigation and unnecessary expenses related to this subject. To that end, Defendants note their concerns with the requests as presently phrased and propose a compromise, as follows:

*Limits on Timeframe*

Virtually all of the requests in Set Three lack any discernible timeframe for the requested documents, with the sole exception of Request No. 54. Without defined periods of time providing reasonable parameters for the documents you seek, the requests are unreasonably overbroad and most of the requests, especially those related to the welfare check system, are unworkable without some reasonable limitation as to time.

To address this concern, Defendants propose that the following requests be limited to responsive documents dated between May 1, 2020 and May 31, 2021: Request Nos. 31, 32, 36, 39, 45-49, 52, and 55-57.

17619910.1

June 18, 2021
Page 2

*Relevance to Claim in Intervention*

In addition to Defendants' concerns about the lack of timeframes for the requests, many—if not all—of the requests exceed the scope of his intervention into this case. As noted in previous correspondence, Lipsey's sole permitted claim in intervention is that the implementation of the Guard One system causes sufficient noise to unconstitutionally deprive administrative-segregation inmates of sleep on a systemic level in violation of the Eighth Amendment to the United States Constitution. (*See* ECF No. 6487 at 3 ["Lipsey may intervene for the limited purpose of addressing his claim that Guard One causes sleep deprivation in violation of the Eighth Amendment to the United States Constitution"].) It remains Defendants' position that issues outside this limited claim, including the efficacy of Guard One in preventing suicides or the expense in its implementation in comparison to other possible alternative recording mechanisms for welfare checks, fall outside the scope of permissible discovery. We therefore propose the following limitations on the scope of Lipsey's requests:

- Requests 35, 40-43, 47-51, and 53 be withdrawn;

- Requests 36-39 be limited to documents discussing noise or sleep;

- Request 44 limited to communications that concern sleep deprivation and noise caused by Guard One or welfare checks conducted that Guard One was used to monitor;

- Requests 45 and 46 be limited to the Guard One system and welfare checks conducted using the Guard One system;

- Request 56 be limited to remove "suicide" from the list of training categories; and

- Request 59 be limited to a reasonable time-period after the adoption of Guard One.

These limitations are reasonable given the narrow scope of Lipsey's intervention to include only sleep deprivation caused by the Guard One system.

*Overbreadth*

Finally, all of Lipsey's requests are vastly broader than what is needed for this limited claim in intervention, either due to a failure to adequately define narrow terms or simply because the requests seek documents in such a broad category as to render the requests meaningless. For example, Request No. 31 seeks *all* documents discussing complaints by inmates in any CDCR institution regarding night-time noise or sleep deprivation, regardless of whether Guard One was implicated. Not only does this duplicate Lipsey's previous discovery requests, it calls for the production of documents far outside the scope of Lipsey's claim that Guard One *causes* sleep deprivation. This scope problem is repeated throughout Set Three. For these requests, Defendants propose that they be limited in scope to Guard One—*e.g.*, Defendants would provide

17619910.1

June 18, 2021
Page 3

documents discussing inmate complaints *related to Guard One* (to the extent such documents have not already been produced). For example, Request 44 should be limited to communications that concern sleep deprivation and noise caused by Guard One or the welfare checks monitored using the Guard One system, while Requests 45 and 46 should be limited to training on the Guard One system and welfare checks conducted using the Guard One system.

As stated before, we hope to resolve this intervention amicably and efficiently. However, Defendants simply cannot respond to the current discovery requests without significant narrowing. If we are unable to reach an agreement to narrow these requests, we anticipate bringing a motion for protective order to preserve Defendants' rights in this litigation.

                                      Sincerely,

                                      LUCAS L. HENNES
                                      Deputy Attorney General

                  For    ROB BONTA
                          Attorney General

LLH:

CF1997CS0003
6.16.21 Draft Letter re Lipsey Discovery.DOCX