# Exhibit F

Rob Bonta, State Bar No. 202668
Attorney General of California
Monica N. Anderson, State Bar No. 182970
Senior Assistant Attorney General
Damon McClain, State Bar No. 209508
Supervising Deputy Attorney General
Elise Owens Thorn, State Bar No. 145931
Namrata Kotwani, State Bar No. 308741
Deputy Attorneys General
    1300 I Street, Suite 125
    P.O. Box 944255
    Sacramento, CA 94244-2550
    Telephone: (916) 210-7318
    Fax: (916) 324-5205
    E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

Hanson Bridgett LLP
Paul B. Mello, State Bar No. 179755
Samantha D. Wolff, State Bar No. 240280
Laurel E. O'Connor, State Bar No. 305478
David C. Casarrubias, State Bar No. 321994
    1676 N. California Boulevard, Suite 620
    Walnut Creek, CA 94596
    Telephone: (925) 746-8460
    Fax: (925) 746-8490
    E-mail: PMello@hansonbridgett.com
*Attorneys for Defendants*

Roman M. Silberfeld, State Bar No. 62783
Glenn A. Danas, State Bar No. 270317
Robins Kaplan LLP
    2049 Century Park East, Suite 3400
    Los Angeles, CA 90067-3208
    Telephone: (310) 552-0130
    Fax: (310) 229-5800
    E-mail: RSilberfeld@RobinsKaplan.com
*Special Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF-INTERVENOR'S THIRD SET OF REQUESTS FOR PRODUCTION** |

**PROPOUNDING PARTY:**   PLAINTIFF-INTERVENOR CHRISTOPHER LIPSEY

**RESPONDING PARTIES:**   DEFENDANT KATHLEEN ALLISON

**SET NO.:**   THREE

1

# PRELIMINARY STATEMENT

Plaintiff-Intervenor Christopher Lipsey was granted leave to intervene on his claim that the use of Guard One violates his Eighth Amendment right under the U.S. Constitution because it creates noise during the night that prevents Lipsey from sleeping. (ECF No. 6487.) Lipsey has also been granted leave to conduct discovery limited to that claim. (ECF No. 7191.) Almost all of Lipsey's discovery requests, as drafted, seek documents that are not relevant to his stated claim in intervention. Defendants present objections to the discovery requests on that basis, among others, below.

The information provided in these responses is true and correct, according to Defendants' best knowledge at this time, but it is subject to future correction for omissions, errors, or mistakes. Defendants reserve the right to produce evidence of any subsequently discovered documents or facts or interpretations of those facts, and to amend, modify, or otherwise change the responses under applicable discovery rules.

**REQUEST FOR PRODUCTION NO. 31:**

All documents or communications relating to or discussing complaints submitted by inmates (including but not limited to Lipsey) in any CDCR institution to Defendant or other current or former CDCR employees or officers regarding the Guard One system, the welfare check program, night-time noise, or sleep deprivation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Defendants object to this request on the grounds that it calls for the production of documents that exceed discovery permitted under Rule 26, Fed. R. Civ. Pro., it seeks documents that are not relevant to Lipsey's claim, it is overly broad and not proportional to the needs of the case. Defendants further object to this request on the grounds that it is unduly burdensome and harassing because it is duplicative of Request No. 1, to which Defendants have already responded with a production of all complaints related to Guard One and sleep deprivation from institutions with a Security Housing Unit. Defendants further object to this request on the grounds that it calls for the production of documents that are protected by attorney-client privilege. Defendants are working with Lipsey to further define and narrow the scope of the request.

**REQUEST FOR PRODUCTION NO. 32:**

All documents relating to any investigation, analysis, evaluation, or study of any noise caused or alleged to be caused by the Guard One system or welfare check program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Defendants object to this request on the grounds that it is overly broad, as it calls for the production of documents that exceed discovery permitted under Rule 26, Fed. R. Civ. Pro. The request seeks documents that are not relevant to Lipsey's claim, including investigations into noise caused by "the welfare check program" and noise that occurs during daytime hours, which are not relevant to Lipsey's limited claim in intervention. Defendants further object to this request on the grounds that it calls for the production of documents that are protected by attorney-client privilege.

Without waiving these objections, and after a reasonable search and diligent inquiry, Defendants will produce documents relating to an analysis of noise alleged to be caused by the Guard One system.

**REQUEST FOR PRODUCTION NO. 33:**

All documents relating to any investigation, analysis, evaluation, or study of any impact on inmate sleep caused or alleged to be caused by the Guard One system or welfare check program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Defendants object to this request on the grounds that it is overly broad, duplicates request No. 32, and calls for the production of documents that exceed discovery permitted under Rule 26, Fed. R. Civ. Pro., because it seeks documents that are not relevant to Lipsey's claim. Specifically, investigations into noise caused by "the welfare check program" are not relevant to Lipsey's limited claim in intervention. Defendants further object to this request to the extent that it calls for the production of documents that are protected by attorney-client privilege.

Without waiving these objections, and after a reasonable search and diligent inquiry, Defendants will produce documents relating to an analysis of noise alleged to be caused by the Guard One system.

**REQUEST FOR PRODUCTION NO. 34:**

All documents relating to any investigation, analysis, evaluation, or study of any impact on inmate health caused or alleged to be caused by the Guard One system or welfare check program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Defendants object to this request on the grounds that it is overly broad and calls for the production of documents that exceed discovery permitted under Rule 26, Fed. R. Civ. Pro., because it seeks documents that are not relevant to Lipsey's claim. Specifically, "any impact on inmate health caused or alleged to be caused by the Guard One system or welfare check program," exceed Lipsey's limited claim in intervention. Defendants further object to this request to the extent that it calls for the production of documents that are protected by attorney-client privilege.

Without waiving these objections, and after a reasonable search and diligent inquiry, Defendants will produce documents relating to an analysis of noise alleged to be caused by the Guard One system.

**REQUEST FOR PRODUCTION NO. 35:**

All documents relating to any investigation, analysis, evaluation, or study of any impact on inmate suicides or attempted suicides caused or alleged to be caused by the Guard One system or welfare check program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Defendants object to this request on the grounds that it is overly broad and calls for the production of documents that exceed discovery permitted under Rule 26, Fed. R. Civ. Pro., because it seeks documents that are not relevant to Lipsey's claim. Specifically, this request seeks documents concerning the efficacy of Guard One and CDCR's long-standing policies requiring welfare checks on inmates placed in segregated housing and security housing units. Lipsey's claim alleges that the Guard One system disturbs his sleep, not that it causes suicide. The efficacy of welfare checks is monitored by the Coleman Special Master and is not relevant to Lipsey's claim. Defendants further object to this request to the extent that it seeks the production

of documents that are protected by attorney-client privilege.

**REQUEST FOR PRODUCTION NO. 36:**

All documents relating to the CDCR's adoption of the Guard One system, including but not limited to communications with class counsel, communications with the supplier or manufacturer of the Guard One system, internal analyses of the costs and benefits of the Guard One system, or other internal communications regarding adoption of the Guard One system.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Defendants object to this request on the grounds that it is overly broad and calls for the production of documents that exceed discovery permitted under Rule 26, Fed. R. Civ. Pro., because it seeks documents that are not relevant to Lipsey's claim. Specifically, this request seeks documents concerning the adoption of the Guard One system, which is not relevant to whether, once implemented, it caused sleep deprivation. Defendants also object to this request on the grounds that documents related to a cost-benefit analysis of the Guard One monitoring system have no bearing on Lipsey's limited claim in intervention. Defendants further object to this request to the extent that it seeks the production of documents that are protected by attorney-client privilege.

Without waiving these objections, and after a reasonable search and diligent inquiry, Defendants will produce documents that discuss the adoption of Guard One.

**REQUEST FOR PRODUCTION NO. 37:**

All documents relating to any potential or actual modification of the Guard One system or welfare check program, including but not limited to changes in the frequency of welfare checks, changes to the settings of the Guard One batons (such as whether the batons make a beeping noise when they interact with the Guard One buttons), or changes to the doors in areas where the Guard One system is or was used to conduct welfare checks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Defendants object to this request on the grounds that it is overly broad and calls for the production of documents that exceed discovery permitted under Rule 26, Fed. R. Civ. Pro., because it seeks documents that are not relevant to Lipsey's claim. Specifically, the request seeks

5

documents that could address modifications that are not related to sound or noise generated by the Guard One system. Defendants further object to this request on the grounds that it is compound and conflates the Guard One monitoring system with the welfare check program, and to the extent that it seeks the production of documents that are protected by attorney-client privilege.

Without waiving these objections, and after a reasonable search and diligent inquiry, Defendants produce responsive documents including policies, memos, and operating procedures that identify changes to the welfare check and Guard One system.

**REQUEST FOR PRODUCTION NO. 38:**

All documents concerning the beeping of the Guard One batons, including but not limited to whether to turn off the beeping.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Defendants object to this request on the grounds that it is overly broad and calls for the production of documents that exceed discovery permitted under Rule 26, Fed. R. Civ. Pro., because it seeks documents from a potentially large number of custodians that CDCR cannot reasonably identify. Defendants further object to this request to the extent that it seeks the production of documents that are protected by attorney-client privilege.

Without waiving these objections, and after a reasonable search and diligent inquiry, Defendants produce responsive documents including policies, memos, and operating procedures that discuss the beeping sound emitted from the Guard One batons or pipes.

**REQUEST FOR PRODUCTION NO. 39:**

All documents concerning the frequency of welfare checks, including but not limited to the decision to conduct checks twice an hour and the decision to reduce the frequency of the checks in certain areas.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Defendants object to this request on the grounds that it is overly broad and calls for the production of documents that exceed discovery permitted under Rule 26, Fed. R. Civ. Pro., because it seeks documents that are related to CDCR's welfare check policies untethered to whether they concern the Guard One system. Welfare checks have been conducted by CDCR for

many years, and Lipsey's claim in intervention is limited to sleep deprivation caused by use of the Guard One monitoring system, not by welfare checks in general. Defendants also object to this request as overly broad because it lacks any parameters as to time or custodian, and to the extent that it seeks the production of documents that are protected by attorney-client privilege.

Without waiving these objections, and after a reasonable search and diligent inquiry, Defendants produce responsive documents concerning the frequency of welfare checks.

**REQUEST FOR PRODUCTION NO. 40:**

All documents concerning alternative methods (other than the Guard One system) that CDCR considered at any time to monitor correctional officers' compliance with the welfare check program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Defendants object to this request on the grounds that it is overly broad and calls for the production of documents that exceed discovery permitted under Rule 26, Fed. R. Civ. Pro., because it seeks documents that are not relevant to whether the Guard One system causes sleep deprivation. Welfare checks have been conducted by CDCR for many years and Lipsey's claim in intervention is limited to sleep deprivation caused by use of the Guard One monitoring system, not by welfare checks in general. Defendants also object to this request as overly broad because it lacks any parameters as to time or custodian, and to the extent that it seeks the production of documents that are protected by attorney-client privilege.

**REQUEST FOR PRODUCTION NO. 41:**

Documents sufficient to show the cost of CDCR's purchases of equipment used to carry out the Guard One system.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Defendants object to this request on the grounds that it is overly broad and calls for the production of documents that exceed discovery permitted under Rule 26, Fed. R. Civ. Pro., because it seeks documents that are not relevant to whether the Guard One system causes sleep deprivation. Defendants also object to this request to the extent that it seeks the production of documents that are protected by attorney-client privilege.

**REQUEST FOR PRODUCTION NO. 42:**

All documents concerning CDCR officers' compliance or lack of compliance with the welfare check program before the introduction of the Guard One system, including but not limited to any evidence of falsified records of welfare checks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Defendants object to this request on the grounds that it is overly broad and calls for the production of documents that exceed discovery permitted under Rule 26, Fed. R. Civ. Pro., because it seeks documents that are not relevant to whether the Guard One system causes sleep deprivation. Defendants also object to this request on the grounds that it is duplicative of other requests regarding implementation of Guard One, and to the extent that it seeks the production of documents that are protected by attorney-client privilege.

Without waiving these objections, and after a reasonable search and diligent inquiry, Defendants produce the reports by the *Coleman* Special Master and his suicide prevention expert that concern CDCR's officers' compliance with the Guard One policy.

**REQUEST FOR PRODUCTION NO. 43:**

All documents concerning compliance with the Guard One Order, including but not limited to communications with class counsel and internal communications regarding the requirements of the Guard One Order.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Defendants object to this request on the grounds that it is overly broad, vague, and ambiguous as to the term compliance, and calls for the production of documents that exceed discovery permitted under Rule 26, Fed. R. Civ. Pro. Defendants also object to this request on the grounds that it is duplicative of other requests regarding use of Guard One and to the extent that it seeks the production of documents that are protected by attorney-client privilege.

Without waiving these objections, and after a reasonable search and diligent inquiry, Defendants produce the reports by the *Coleman* Special Master and his suicide prevention expert that concern CDCR's officers' compliance with the Guard One policy.

**REQUEST FOR PRODUCTION NO. 44:**

All documents reflecting or relating to communications with class counsel related to the Guard One system, alternatives to the Guard One system, the welfare check program, sleep deprivation, noise, or the Guard One Order, whether before or after the entry of the Guard One Order.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Defendants object to this request on the grounds that it is overly broad, vague, ambiguous, compound, and calls for the production of documents that exceed discovery permitted under Rule 26, Fed. R. Civ. Pro. to the extent it seeks documents not related to Guard One. Defendants also object to this request on the grounds that it is duplicative of other requests regarding use of Guard One and to the extent that it seeks the production of documents that are protected by attorney-client privilege.

**REQUEST FOR PRODUCTION NO. 45:**

All documents concerning training of CDCR officers or employees related to the Guard One system or the welfare check program, including but not limited to policy manuals, internal memoranda, training presentations, or audio or video training programs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Defendants object to this request on the grounds that it is overly broad and calls for the production of documents that exceed discovery permitted under Rule 26, Fed. R. Civ. Pro., because it seeks documents that are not related to training of officers using the Guard One system. Defendants further object to this request to the extent that it seeks the production of documents that are protected by attorney-client privilege.

Without waiving these objections, and after a reasonable search and diligent inquiry, Defendants produce responsive documents related to Guard One training.

**REQUEST FOR PRODUCTION NO. 46:**

All documents concerning training of CDCR officers or employees relating to noise or inmate sleep, including but not limited to policy manuals, internal memoranda, training presentations, or audio or video training programs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Defendants object to this request on the grounds that it is overly broad, duplicative, and calls for the production of documents that exceed discovery permitted under Rule 26, Fed. R. Civ. Pro., because it seeks documents that are not related to training of officers using the Guard One system and not related to the issue of whether or not Guard One causes sleep deprivation. Defendants further object to this request to the extent that it seeks the production of documents that are protected by attorney-client privilege.

Without waiving these objections, and after a reasonable search and diligent inquiry, Defendants produce responsive documents related to Guard One training.

**REQUEST FOR PRODUCTION NO. 47:**

All documents concerning training of CDCR officers or employees relating to suicide, including but not limited to policy manuals, internal memoranda, training presentations, or audio or video training programs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Defendants object to this request on the grounds that it is overly broad and calls for the production of documents that exceed discovery permitted under Rule 26, Fed. R. Civ. Pro., because it seeks documents that are not relevant to whether the Guard One system causes sleep deprivation.

**REQUEST FOR PRODUCTION NO. 48:**

Documents sufficient to identify suicides or attempted suicides among mentally ill prisoners while subject to the Guard One system (in units including but not limited to Security Housing Units, Administrative Segregation Units, Condemned Housing Units, and Psychiatric Services Units).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Defendants object to this request on the grounds that it is overly broad and calls for the production of documents that exceed discovery permitted under Rule 26, Fed. R. Civ. Pro., because it seeks documents that are not relevant to whether the Guard One system causes sleep deprivation.

**REQUEST FOR PRODUCTION NO. 49:**

Documents sufficient to identify suicides or attempted suicides among non-mentally ill prisoners while subject to the Guard One system (in units including but not limited to Security Housing Units, Administrative Segregation Units, Condemned Housing Units, and Psychiatric Services Units).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Defendants object to this request on the grounds that it is overly broad and calls for the production of documents that exceed discovery permitted under Rule 26, Fed. R. Civ. Pro., because it seeks documents that are not relevant to whether the Guard One system causes sleep deprivation.

**REQUEST FOR PRODUCTION NO. 50:**

Documents sufficient to identify suicides or attempted suicides among mentally ill prisoners while subject to the welfare check program before the introduction of the Guard One system (in units including but not limited to Security Housing Units, Administrative Segregation Units, Condemned Housing Units, and Psychiatric Services Units).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Defendants object to this request on the grounds that it is overly broad and calls for the production of documents that exceed discovery permitted under Rule 26, Fed. R. Civ. Pro., because it seeks documents that are not relevant to whether the Guard One system causes sleep deprivation.

**REQUEST FOR PRODUCTION NO. 51:**

Documents sufficient to identify suicides or attempted suicides among non-mentally ill prisoners while subject to the welfare check program before the introduction of the Guard One system (in units including but not limited to Security Housing Units, Administrative Segregation Units, Condemned Housing Units, and Psychiatric Services Units).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Defendants object to this request on the grounds that it is overly broad and calls for the production of documents that exceed discovery permitted under Rule 26, Fed. R. Civ. Pro.,

because it seeks documents that are not relevant to whether the Guard One system causes sleep deprivation.

**REQUEST FOR PRODUCTION NO. 52:**

Documents sufficient to show the number of prisoners subject to the Guard One system (in units including but not limited to Security Housing Units, Administrative Segregation Units, Condemned Housing Units, and Psychiatric Services Units).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Defendants object to this request on the grounds that it is overly broad and calls for the production of documents that exceed discovery permitted under Rule 26, Fed. R. Civ. Pro., and on the grounds that it is unreasonably vague and ambiguous as to the time period for the data requested. The number of prisoners in segregated housing—and therefore subject to welfare checks and the Guard One system—is constantly changing, and it is not clear what information the request seeks. Defendant further objects to this request on the grounds that it is unduly burdensome, harassing, and oppressive because it seeks documents that are irrelevant to Lipsey's limited claim in intervention.

Without waiving these objections, and after a reasonable search and diligent inquiry, Defendants do not have any responsive documents in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 53:**

Documents sufficient to show the number of prisoners subject to the welfare check program before the introduction of the Guard One system (in units including but not limited to Security Housing Units, Administrative Segregation Units, Condemned Housing Units, and Psychiatric Services Units).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Defendants object to this request on the grounds that it is overly broad and calls for the production of documents that exceed discovery permitted under Rule 26, Fed. R. Civ. Pro., and on the grounds that it is unreasonably vague and ambiguous as to the time period for the data requested. The number of prisoners in segregated housing—and therefore subject to welfare checks—is constantly changing, and it is not clear what information the request seeks. Defendant

further objects to this request on the grounds that it is unduly burdensome, harassing, and oppressive because it seeks documents that are irrelevant to Lipsey's limited claim in intervention.

Without waiving these objections, and after a reasonable search and diligent inquiry, Defendants do not have any responsive documents in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 54:**

All documents created after December 6, 2018 and concerning Lipsey's health, including but not limited to records of requests for medical attention, records of visits with medical professionals, or mental healthcare records.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Defendants object to this request on the grounds that it is overly broad and calls for the production of documents that exceed discovery permitted under Rule 26, Fed. R. Civ. Pro. on the grounds that it is overly broad. Without waiving these objections, and after a reasonable search and diligent inquiry, Defendants will produce Lipsey's requested medical records.

**REQUEST FOR PRODUCTION NO. 55:**

Documents sufficient to identify the CDCR officers or employees who conducted welfare checks in units where Lipsey was or is housed, including but not limited to personnel assignment records.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Defendants object to this request on the grounds that it is overly broad and calls for the production of documents that exceed discovery permitted under Rule 26, Fed. R. Civ. Pro., because it seeks documents that are not relevant to whether the Guard One system causes sleep deprivation, the production of which would be unduly burdensome.

**REQUEST FOR PRODUCTION NO. 56:**

Documents sufficient to identify any persons who conducted any training related to the Guard One system, the welfare check program, inmate sleep, suicide, or excessive noise.

///

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Defendants object to this request on the grounds that it is overly broad and calls for the production of documents that exceed discovery permitted under Rule 26, Fed. R. Civ. Pro., because it seeks documents that are not relevant to whether the Guard One system causes sleep deprivation. Defendants further object to this request on the grounds that it is entirely duplicative of Request Nos. 45, 46, and 47. Without waiving these objections, and after a reasonable search and diligent inquiry, Defendants do not have any documents responsive to this request in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 57:**

Documents sufficient to show the layout of the units where Lipsey was or is housed and subject to welfare checks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Defendants object to this request on the grounds that it is overly broad and calls for the production of documents that exceed discovery permitted under Rule 26, Fed. R. Civ. Pro., because it seeks documents that are not relevant to whether the Guard One system causes sleep deprivation. Without waiving these objections, and after a reasonable search and diligent inquiry, Defendants are producing diagrams showing the floor plans for the units where Lipsey was housed and subject to welfare checks.

**REQUEST FOR PRODUCTION NO. 58:**

Any photographs or video recordings of the equipment used in the Guard One system.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Defendants object to this request on the grounds that it is overly broad and calls for the production of documents that exceed discovery permitted under Rule 26, Fed. R. Civ. Pro., because it seeks documents that are not relevant to whether the Guard One system causes sleep deprivation. Without waiving these objections, and after a reasonable search and diligent inquiry, Defendants are producing responsive documents.

**REQUEST FOR PRODUCTION NO. 59:**

Any photographs or audio or video recordings of CDCR officers or employees conducting

welfare checks before or after the introduction of the Guard One system.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Defendants object to this request on the grounds that it is overly broad and calls for the production of documents that exceed discovery permitted under Rule 26, Fed. R. Civ. Pro., because it seeks documents that are not relevant to whether the Guard One system causes sleep deprivation. Defendants also object to the request on the grounds that is unduly burdensome.

Dated: July 6, 2021

Respectfully submitted,

ROB BONTA
Attorney General of California
DAMON MCCLAIN
Supervising Deputy Attorney General

*/s/ Elise Owens Thorn*

ELISE OWENS THORN
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003
35165160.docs

15

## DECLARATION OF SERVICE BY E-MAIL

Case Name:   **Coleman v. Newsom, et al.,**
No.:         **2:90-cv-00520 KJM-DB (PC)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter.

On **July 6, 202**, I served the attached

### DEFENDANTS' RESPONSE TO PLAINTIFF-INTERVENOR'S THIRD SET OF REQUESTS FOR PRODUCTION
*(Bates documents AG-01708 – AG-02995)*

by transmitting a true copy via electronic mail as follows:

Lisa Ells
Ernest Galvin
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
**E-mail Address:**  *Lells@rbgg.com*
**E-mail Address**:  *Egalvin@rbgg.com*

Kate Falkenstein, Esq. (kfalkenstien@reichmanjorgensen.com)
Brian Baran, Esq. (bbaran@reichmanjorgensen.com)
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
100 Marine Parkway, Suite 350
Redwood Shores, CA 94065

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on **July 6, 2021**, at Sacramento, California.

| K. Jeffers | /s/ K. Jeffers |
|---|---|
| Declarant | Signature |

CF1997CS0003   /   35261596.docx