# Exhibit G

| | |
|---|---|
| **From:** | Elise Thorn |
| **To:** | Brian C. Baran |
| **Cc:** | Kate Falkenstien; Adriano Hrvatin; Namrata Kotwani; David Casarrubias; Laurel O"Connor; Damon McClain |
| **Subject:** | RE: Motion to Compel re Lipsey"s 3d RFPs in Coleman |
| **Date:** | Tuesday, July 13, 2021 6:39:34 PM |

**[EXTERNAL]**

Brian,

We agree, based on the discussions last week, that we are at an impasse with respect to the issues you have identified. For that reason, we also planned to move for a protective order. I believe that instead of filing cross motions, it would be most efficient for us to first file a stipulated request for leave to file cross discovery motions and then proceed to draft a joint statement that follows the format required under L.R. 251 (c), organized by each contested issue, or discovery request, with a section presenting each side's position, as opposed to an opening statement, opposition, and reply. I will be happy to circulate a proposed stipulation for your consideration.

With respect to your request for a further meet and confer on Request Numbers 46, 55, and 59, we are of course willing to discuss the requests and our objections with you. We are not available tomorrow, but I can try to set something for Thursday afternoon between 1:00 p.m. and 3:00 p.m. or on Friday before 10:00 a.m. or after 2:30 p.m., depending on my team's availability.

Also, please note that Lucas Hennes is no longer working on *Coleman*, and you have copied Adriano Hrvatin but have his e-mail address misspelled (his correct e-mail is listed above).

Thank you,

Elise

---

**From:** Brian C. Baran <bbaran@reichmanjorgensen.com>
**Sent:** Tuesday, July 13, 2021 12:09 PM
**To:** Elise Thorn <Elise.Thorn@doj.ca.gov>; Lucas Hennes <Lucas.Hennes@doj.ca.gov>
**Cc:** Kate Falkenstien <kfalkenstien@reichmanjorgensen.com>; adrian.hrvatin@doj.ca.gov
**Subject:** Motion to Compel re Lipsey's 3d RFPs in Coleman

Elise and Lucas,

As discussed in our meet-and-confer on June 29, we have reviewed your written responses to the RFPs and believe that we are at an impasse as to RFPs 35, 41-43, and 47-51, all of which implicate our disagreement as to the relevance of the penological interest in using Guard One, which is linked to its efficacy and the availability of reasonable alternatives.

To be clear, as we discussed on our call, RFP 35 is not meant to allege that Guard One causes suicide, as your objection reads it. Rather, the request seeks documents related to any investigation, analysis, evaluation, or study of Guard One's or the welfare check program's actual or alleged *impact* on suicides or suicide attempts. Because you have reserved the right to argue that the penological

interest in Guard One justifies the sleep deprivation it causes, and because we understand your position to be that welfare checks conducted using Guard One is necessary or helpful in preventing suicides, we have the right to investigate whether that is true. We understand that even with this clarification, we are still at an impasse as to RFP 35 given your position on the efficacy issue.

We understand that we need to request leave to file a motion to compel to resolve this dispute, and we plan to do that this week. To allow enough time for the court to act on the request and for the parties to prepare the joint discovery statement, we expect to propose September 10 as the hearing date on the motion to compel; the joint statement is due at least a week in advance.

We propose to prepare the joint statement using the same approach as we did last year, where the parties exchange portions of the statement like a normal motion briefing schedule and then compile it into one joint statement at the end. We believe that this dispute should be submitted to Magistrate Judge Barnes under Local Rule 302, and under Judge Barnes's standing order, we are supposed to confer again before filing the joint statement, and to do so in person if possible or on the phone otherwise. Given that I live in DC and Kate lives in Boise, Idaho, we propose that we do the final meet-and-confer by phone. We suggest the following schedule, assuming the court grants our request for leave:

> July 30: We send you our opening portion
> August 13: You send us your response
> August 20: We send you our reply
> Week of August 23: Confer again
> August 27: We file the joint statement
> September 10: Hearing date

We have 25 pages for the joint statement. We suggest dividing them as follows: 2 pages to reproduce the requests and objections as required by Local Rule 251(c), and the remaining 23 pages split equally, 11.5 pages per side (in our case, for the opening brief and reply; in your case, for your response brief).

This approach worked well for us in the past. Please let us know if you agree or have an alternative proposal.

Separately, we think it would be productive to further discuss RFPs 46 (training relating to noise or sleep independent of Guard One), 55 (documents sufficient to identify who conducted the checks in units where Lipsey was or is housed), and 59 (photos, audio, or video of the checks), as your objections there are not based on our disagreement about efficacy. We are available tomorrow morning PT or Thursday from 11 a.m. PT. Is there a time in those windows that works for you?

Best,
Brian

Brian C. Baran
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP

1710 Rhode Island Avenue NW | 12th Floor
Washington, DC 20036
(650) 623-5070


NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply email, and then destroy all instances of this communication. Thank you.


*NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.*

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.