ROB BONTA, State Bar No. 202668
Attorney General of California
MONICA N. ANDERSON, State Bar No. 182970
Senior Assistant Attorney General
DAMON MCCLAIN, State Bar No. 209508
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
NAMRATA KOTWANI, State Bar No. 308741
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7318
  Fax: (916) 324-5205
  E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

HANSON BRIDGETT LLP
PAUL B. MELLO, State Bar No. 179755
SAMANTHA D. WOLFF, State Bar No. 240280
LAUREL E. O'CONNOR, State Bar No. 305478
DAVID C. CASARRUBIAS, State Bar No. 321994
  1676 N. California Boulevard, Suite 620
  Walnut Creek, CA 94596
  Telephone: (925) 746-8460
  Fax: (925) 746-8490
  E-mail: PMello@hansonbridgett.com
*Attorneys for Defendants*

ROMAN M. SILBERFELD, State Bar No. 62783
GLENN A. DANAS, State Bar No. 270317
ROBINS KAPLAN LLP
  2049 Century Park East, Suite 3400
  Los Angeles, CA 90067-3208
  Telephone: (310) 552-0130
  Fax: (310) 229-5800
  E-mail: RSilberfeld@RobinsKaplan.com
*Special Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>Defendants. | Case No. 2:90-cv-00520 KJM-DB (PC)<br><br>**PARTIES' JOINT STATEMENT IN RESPONSE TO JULY 26 ORDER FOR SETTLEMENT CONFERENCES**<br><br>Judge: The Hon. Kimberly J. Mueller |

On July 26, 2021, the Court ordered the parties to begin a series of settlement negotiations with the assistance of a magistrate judge. (ECF No. 7246.) The July 26 order requires the parties to file a joint statement outlining the issues in dispute with respect to Defendants' use of Therapeutic Treatment Modules in inpatient settings, and identifying representatives of each party who are the key problem solvers with most knowledge of the substance of issues related to the use of Therapeutic Treatment Modules as well as those individuals with final authority to approve

any settlement. (*Id.*) The parties present below their respective statements on the issues and identification of representatives required by the July 26 order.

## I. DEFENDANTS' POSITION STATEMENT.

### A. Issues in Dispute.

The California Department of Corrections and Rehabilitation (CDCR) has used Special Master approved therapeutic treatment modules (TTMs) to provide treatment to *Coleman* class members in segregated housing units and in some inpatient programs since as early as 2007. TTMs are single-person holding cells that have seats, desks, and room to stand and move about, and that allow clinicians to provide mental health treatment to patients who pose certain security risks, including in group-therapy sessions, in a safe environment. Notwithstanding Plaintiffs' longstanding opposition to the use of TTMs, TTMs have continued to be used over the years with the Special Master's and the Court's tacit approval. In 2013, Plaintiffs unsuccessfully moved the court for relief barring the use of TTMs based on allegations that the use of TTMs is somehow harmful to the mental health patient. *See* ECF No. 4712, Defendants' Opposition to Plaintiffs' Motion Related to Housing and Treatment of Plaintiffs in Segregated Housing, 38 – 42, and ECF No. 5153, April 10 Order at 72 – 74.

In 2017, Defendants notified the Special Master and Plaintiffs of CDCR's plan to install TTMs at the California Health Care Facility Psychiatric Inpatient Program (PIP). Plaintiffs objected to CDCR's plan and Defendants have spent years developing multiple proposals to address Plaintiffs' concerns and allowing for the use of TTMs for the treatment of a limited number of *Coleman* class members on Max Custody status in all PIPs. Proposals include Special Master monitoring and safeguards to limit the use of TTMs to the small population of patients whose security risks require such safeguards to provide confidential mental health care.

Despite the lack of evidence of any harm resulting from the use of TTMs, Plaintiffs have categorically rejected all of Defendants' proposals, maintaining their objections to all uses of TTMs to provide mental health treatment while in an inpatient setting. Defendants continue to urge Plaintiffs to consider Defendants' proposals.

///

### B. Identification of Key Problem Solvers and Individuals with Settlement Authority.

Defendants identify the following individuals as the key problem solvers with most knowledge of the substance of issues related to the use of Therapeutic Treatment Modules: Diana Toche, CDCR Undersecretary for Health Care, Connie Gibson, CDCR Director of Division of Adult Institutions, and Amar Mehta, CDCR Deputy Director for the Statewide Mental Health Program. Defendants reserve the right to identify additional key problem solvers as necessitated by the parties' confidential settlement conference statements and preparation for the upcoming settlement conference. Any additional problem solvers will be disclosed to Plaintiffs and the Special Master in advance of the settlement conference.

Defendants identify the following individuals as the individuals with final authority to sign off on any settlement concerning the use of TTMs: CDCR Secretary Kathleen Allison. In the event any proposed settlement would require new legislation or budgetary authority, while Defendants could commit to recommending the same, they are unable to bind the Legislature.

/ / /

/ / /

/ / /

## II. PLAINTIFFS' POSITION STATEMENT.

### A. Issues in Dispute.

Plaintiffs' position is that Defendants are prohibited from using cages, or Therapeutic Treatment Modules (TTMs), to provide mental health treatment in licensed inpatient psychiatric hospitals under the Eighth Amendment, federal disability law, and restraint and seclusion requirements in the Program Guide and state law.

### B. Identification of Key Problem Solvers and Individuals with Settlement Authority.

The key problems solvers for Plaintiffs include Michael W. Bien, Ernest Galvan, Lisa Ells, Marc J. Shinn-Krantz, and Amy Xu. Mr. Bien, Mr. Galvan, and Ms. Ells also have final authority to sign off on any settlement.

Dated: August 9, 2021

ROB BONTA
Attorney General of California
DAMON MCCLAIN
Supervising Deputy Attorney General

*/s/ Elise Owens Thorn*
ELISE OWENS THORN
Deputy Attorney General
*Attorneys for Defendants*

Dated: August 9, 2021

ROSEN BIEN GALVAN & GRUNFELD LLP

*/s/ Marc J. Shinn-Krantz*
*Attorneys for Plaintiffs*