| | |
|---|---|
| DONALD SPECTER – 083925<br>STEVEN FAMA – 099641<br>MARGOT MENDELSON – 268583<br>PRISON LAW OFFICE<br>1917 Fifth Street<br>Berkeley, California  94710-1916<br>Telephone:   (510) 280-2621<br><br>CLAUDIA CENTER – 158255<br>DISABILITY RIGHTS EDUCATION<br>AND DEFENSE FUND, INC.<br>Ed Roberts Campus<br>3075 Adeline Street, Suite 210<br>Berkeley, California  94703-2578<br>Telephone:   (510) 644-2555 | MICHAEL W. BIEN – 096891<br>JEFFREY L. BORNSTEIN – 099358<br>ERNEST GALVAN – 196065<br>LISA ELLS – 243657<br>THOMAS NOLAN – 169692<br>JENNY S. YELIN – 273601<br>MICHAEL S. NUNEZ – 280535<br>JESSICA WINTER – 294237<br>MARC J. SHINN-KRANTZ – 312968<br>CARA E. TRAPANI – 313411<br>ALEXANDER GOURSE – 321631<br>AMY XU – 330707<br>ROSEN BIEN<br>GALVAN & GRUNFELD LLP<br>101 Mission Street, Sixth Floor<br>San Francisco, California  94105-1738<br>Telephone:   (415) 433-6830 |

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>GAVIN NEWSOM, et al.,<br><br>    Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**PLAINTIFFS' MOTION TO STRIKE**<br><br>Filed Concurrently with PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION TO STRIKE, OR IN THE ALTERNATIVE A SUR-REPLY<br><br>Judge:   Hon. Kimberly J. Mueller |

[3780311.2]

1    Plaintiffs object to and move to strike the Supplemental Declaration of Dr. Amar
2    Mehta, M.D., ECF No. 7277-1, the "On-Site Psychiatry Supervisory Model Timeline"
3    attached to Dr. Mehta's supplemental declaration, ECF No. 7277-2, and the portions of
4    Defendants' August 17, 2021 Reply in Support of Their Motion to Modify the 2009
5    Staffing Plan that are premised on this new evidence, *see, e.g.,* ECF No. 7277 at 5-6.
6    Plaintiffs further object to and move to strike pages 11-14 of Defendants' August 17, 2021
7    Reply in Support of Their Motion to Modify the 2009 Staffing Plan, *see* ECF No. 7277,
8    which do not comply with this Court's standing order limiting reply briefs to no more than
9    10 pages.

**ARGUMENT**

**I.  The Court Should Strike the New Material Defendants Improperly Raise for the First Time in Their Reply Brief.**

This Court need not and should not consider new arguments or new evidence raised for the first time in a reply brief. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007); *Tovar v. U.S. Postal Svc.*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993). Doing so encourages moving parties to engage in gamesmanship, such as reserving key arguments and evidence for their reply brief so as to minimize the non-moving party's opportunity to respond. It also wastes the Court's and the parties' time and resources by necessitating an additional response from the non-moving party. As a result, courts generally require that reply briefs be "limited in scope to matters either raised by the opposition or unforeseen at the time of the original motion." *Burnham v. City of Rohnert Park*, No. C 92-1439 SC, 1992 WL 672965, at *1 n.2 (N.D. Cal. May 18, 1992) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871 (1990)). Where the moving party improperly includes new matter in a reply brief, an appropriate remedy is to strike the new matter from the record. *See Tovar*, 3 F.3d at 1273 n.3 (striking new evidence submitted for the first time on reply, as well as portions of the moving-party's brief that relied on this new evidence).

Here, Defendants have attached to their Reply brief a supplemental declaration from Dr. Amar Mehta, ECF No. 7277-1, as well as a document titled "On-Site Psychiatry

[3780311.2]

1

PLAINTIFFS' MOTION TO STRIKE

1  Supervisor Model Timeline," ECF No. 7277-2, in support of their new claim that their
2  "plan" to increase Chief Psychiatrist allocations voluntarily "is already well into the
3  process of being implemented." Defs.' Reply, ECF No. 7277 at 5-6. This new evidence
4  suggests far less progress than Defendants claim, and even if it did suggest substantial
5  progress it would be contradicted by the staffing data that Defendants separately filed with
6  this Court less than 24 hours earlier. *See* Defs.' 8/16/21 Maps Filing, ECF No. 7272 at
7  90-99 (showing that Defendants *still* have not allocated a single one of the 10 additional
8  Chief Psychiatrist positions they are promising). Evidence of such tenuous progress (at
9  best) is plainly insufficient to meet Defendants' burden of showing that they have
10 implemented a durable alternative to the staffing remedy they seek to modify. *See*
11 *Coleman v. Brown*, 922 F. Supp. 2d 1004, 1037-38 (E.D. Cal. & N.D. Cal. 2013)
12 (concluding that Defendants' voluntary commitment to building additional treatment space
13 did not provide a durable alternative to the court-ordered population cap they sought to
14 modify, because construction of the additional space was "in its early stages and thus
15 continues to be at risk of non-completion").

16      Regardless, the Court need not decide whether Defendants' new evidence
17 demonstrates a sufficiently durable alternative because it should be stricken. Defendants
18 have offered no explanation whatsoever for why they did not include this evidence and
19 related argument in their initial moving papers, given that the assertions concerning their
20 plan to allocate Chief Psychiatrists were central to their papers. *See In re Air Crash Near*
21 *Athens, Greece on Aug. 14, 2005*, 479 F. Supp. 2d 792, 796 (N.D. Ill. 2007) (striking new
22 evidence submitted with reply brief "since there is no reason [the evidence] could not have
23 been offered with defendant's initial brief"). Their failure to do so has wasted the Court's
24 and Plaintiffs' time alike. Although Plaintiffs request that the Court grant them leave to
25 file a short sur-reply in the event the Court decides to consider Defendants' new evidence,
26 the better course of action here would be to strike the new evidence from the record
27 completely, along with the sections of Defendants' Reply brief that rely on it. *See Tovar*, 3
28 F.3d at 1273 n.3. Doing so would conserve the Court's limited resources and reduce the

1  costs of this litigation moving forward by disincentivizing similar gamesmanship and/or
2  carelessness in the future.

3  **II.     The Court Should Strike the Excess Pages in Defendants' Reply Brief.**

4        This Court should also strike pages 11 through 14 of Defendants' Reply because
5  this Court's standing order limits reply briefs to 10 pages.[1]  *See Estes v. Kaiser Found.*
6  *Health Plan, Inc.,* No. EDCV1000807VAPDTBX, 2010 WL 11595713, at *2 n.3 (C.D.
7  Cal. Aug. 6, 2010) (striking pages of reply brief that exceeded applicable page limits).
8  Defendants' failure to comply with this Court's well-established rules for motion practice
9  has prejudiced Plaintiffs, who complied with the Court's rules governing opposition briefs
10 based on their expectation that Defendants would do the same.  Striking the excess pages
11 from Defendants' Reply is entirely reasonable under the circumstances—particularly since
12 it would be well within this Court's authority to strike the *entire* brief, if it chose to do so.
13 *See Fahmy v. Hogge*, No. CV 08-1152 PSG SHX, 2008 WL 4614322, at *2 (C.D. Cal.
14 Oct. 14, 2008) ("[I]t is within the Court's discretion to strike oversized briefs in their
15 entirety."); *Broden v. Marin Humane Soc'y,* No. 97–0008, 1997 WL 818587, at *3 (N.D.
16 Cal. Nov. 14, 1997) (striking oversized briefs in their entirety).

17 **CONCLUSION**

18       Because Defendants' Reply brief raises new evidence and argument they could
19 have included in their initial moving papers. this Court should strike that new evidence—
20 including the Supplemental Declaration of Dr. Amar Mehta, ECF No. 7277-1, and the
21 "On-Site Psychiatry Supervisory Model Timeline" attached to Dr. Mehta's supplemental
22 declaration, ECF No. 7277-2—as well as the portions of Defendants' Reply that are
23 premised on this new evidence.  *See, e.g.,* ECF No. 7277 at 5-6.  Because Defendants'
24 Reply does not comply with this Court's page limits, the Court should also strike all excess
25 pages from the brief, including pages 11-14.  If the Court denies Plaintiffs' Motion to

---

27 [1] *See* Civil Standing Order, Chief Judge Kimberly J. Mueller,
   http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/5020/standing-orders/
28 (last accessed August 18, 2021).

[3780311.2]

3

PLAINTIFFS' MOTION TO STRIKE

1 | Strike, Plaintiffs request leave to file a 5-page sur-reply.

## CERTIFICATION

In preparing this filing, Plaintiffs' counsel certifies that he reviewed the following orders: ECF Nos. 5711, 7003.

DATED: August 18, 2021        Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: /s/ *Alexander Gourse*
    Alexander Gourse

Attorneys for Plaintiffs