Rob Bonta, State Bar No. 202668
Attorney General of California
Monica N. Anderson, State Bar No. 182970
Senior Assistant Attorney General
Damon McClain, State Bar No. 209508
Supervising Deputy Attorney General
Elise Owens Thorn, State Bar No. 145931
Lucas Hennes, State Bar No. 278361
Namrata Kotwani, State Bar No. 308741
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7318
  Fax: (916) 324-5205
  E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

HANSON BRIDGETT LLP
Paul B. Mello, SBN 179755
Samantha D. Wolff, SBN 240280
Laurel E. O'Connor, SBN 305478
David C. Casarrubias, SBN 321994
1676 N. California Blvd., Suite 620
Walnut Creek, California 94596
Telephone:  925-746-8460
Facsimile:  925-746-8490
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>       Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, et al.<br><br>       Defendants. | Case No. 2:90-CV-00520- KJM-DB<br><br>**DECLARATION OF TRAVIS WILLIAMS IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION REGARDING SPECIAL MASTER'S DETERMINATION THAT CHANGE TO PROGRAM GUIDE IS MATERIAL MODIFICATION**<br><br>Judge:   Hon. Kimberly J. Mueller |

I, Travis Williams, PsyD., declare as follows:

    1.    I am a Mental Health Administrator at the California Department of Corrections and Rehabilitation ("CDCR"). I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2. In my role at as a Mental Health Administrator for CDCR, I regularly work on the Coleman Class Action as part of CDCR's Mental Health leadership team. I am familiar with existing Program Guide policies and I regularly attend the small workgroup meetings held with experts on the Special Master's team.

3. I was involved in the drafting and review of the Revision of Mental Health Crisis Bed Discharge Custody Checks Form and Introduction of Audit Requirement memorandum ("Memo") which is at issue in this Motion for Reconsideration. This Memo has been developed over the course of the past year. The Special Master's team has been involved throughout the development of the Memo. The purpose of the Memo is to announce a revised Mental Health Crisis Bed Discharge Custody Checks form being implemented and to introduce an audit requirement to help ensure Program Guide compliance. The revised form has the practical impact of expanding custody checks to include all patients who have been discharged from any inpatient program or alternative housing after being admitted for suicidality. The existing policies only require such custody checks for discharges from Mental Health Crisis Beds ("MHCBs") and alternative housing (and as to alternative housing, only when clinically indicated). The revised form also expands the existing policy to require that decisions to discontinue custody checks, made on weekends and holidays, must be made by a mental health clinician after a face-to-face assessment. The existing policies do not require face-to-face assessments on weekends and holidays. These services being added by CDCR go above and beyond the current Program Guide requirements.

4. The original version of the Memo was discussed in the small workgroup during several meetings. During those meetings, the Special Master's experts agreed that the Memo was not a material modification of the Program Guide. Following these small workgroup meetings, we spent some time internally at CDCR reviewing the original version of the Memo and agreed that it would be prudent to remove certain language to prevent confusion of mental health providers in the field. Specifically, we struck language that stated that the Memo was superseding the Revision of Mental Health Crisis Bed Discharge Custody Checks Policy, dated January 27, 2016 and the Addendum Revision of Mental Health Crisis Bed Discharge Custody Checks Policy, dated

September 1, 2017. Additionally, the paragraphs regarding "Custody Responsibilities – Discharge to Restricted Housing Units" and "Clinical Responsibilities" were struck as they were merely repeating policy language from the 2016 and 2017 memos on Discharge Custody Checks. Those policies remain in place and we felt that repeating certain portions of them in this Memo would only confuse providers in the field. In other words, the purpose of the deletions was to avoid confusion in the field and ensure it is clear to providers that the policy in the 2018 Program Guide remains in place.

5. Experts on the Special Master's team subsequently objected to CDCR's removal of the duplicative policy language, despite my efforts to explain that the reasoning behind the deletions and that the substantive policy language remains part of the Program Guide.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 30th day of August, 2021, at Elk Grove, California.

/s/ *Travis Williams*
TRAVIS WILLIAMS