1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  MONICA N. ANDERSON, State Bar No. 182970
   Senior Assistant Attorney General
3  DAMON MCCLAIN, State Bar No. 209508
   Supervising Deputy Attorney General
4  ELISE OWENS THORN, State Bar No. 145931
   LUCAS HENNES, State Bar No. 278361
5  NAMRATA KOTWANI, State Bar No. 308741
   Deputy Attorneys General
6    1300 I Street, Suite 125
     P.O. Box 944255
7    Sacramento, CA 94244-2550
     Telephone: (916) 210-7318
8    Fax: (916) 324-5205
     E-mail: Elise.Thorn@doj.ca.gov
9  *Attorneys for Defendants*

HANSON BRIDGETT LLP
PAUL B. MELLO, SBN 179755
SAMANTHA D. WOLFF, SBN 240280
LAUREL E. O'CONNOR, SBN 305478
DAVID C. CASARRUBIAS, SBN 321994
1676 N. CALIFORNIA BLVD., SUITE 620
WALNUT CREEK, CALIFORNIA 94596
TELEPHONE:  925-746-8460
FACSIMILE:  925-746-8490
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al., | Case No. 2:90-CV-00520- KJM-DB |
| Plaintiffs, | **DECLARATION OF MELISSA BENTZ IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION REGARDING SPECIAL MASTER'S DETERMINATION THAT CHANGE TO PROGRAM GUIDE IS MATERIAL MODIFICATION** |
| v. | |
| GAVIN NEWSOM, et al. | |
| Defendants. | |
| | Judge:    Hon. Kimberly J. Mueller |

I, Melissa Bentz, declare as follows:

1.    I am an attorney with the Office of Legal Affairs at the California Department of Corrections and Rehabilitation ("CDCR"). I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

17819836.1

2.      In my role at the Office of Legal Affairs, I am on the Class Action Team and work regularly on the Coleman Class Action with the CDCR's mental health leadership team, Plaintiffs' counsel, and with the Special Master and his team. Some of my work includes correspondence and coordination regarding updates to the Program Guide.

3.      On August 9, 2021, I sent the Special Master CDCR's proposed "Revision of Mental Health Crisis Bed Discharge Custody Checks Form and Introduction of Audit Requirement" memorandum ("Memo"). Upon learning about objections from the Special Master's team, I withdrew the Memo the same day. After internal review and consideration regarding the objections, I resubmitted the same Memo to the Special Master on August 11, 2021, without modification.

4.      On August 17, 2021, I attended a data meeting which was also attended by members of the Special Master's team, Plaintiffs' counsel, counsel for Defendants, and members of CDCR's mental health leadership team. During that data call, we discussed the Memo. Members of the Special Master's team questioned CDCR's removal of certain language from the Memo following its review by the small workgroup. Despite their disapproval of the removal of certain language, I understood that at least one member of the Special Master's team agreed during the call that the Memo, as revised, was still not a material modification of the Program Guide.

5.      On information and belief, on August 25, 2021, Kerry Walsh, a member of the Special Master's team, emailed CDCR's litigation counsel the Special Master's material modification determination regarding the Memo. A true and correct copy of the Special Master's determination letter and attachments regarding the Memo is attached hereto as **Exhibit 1**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 30th day of August, 2021, at Rancho Cordova, California.


_/s/  *Melissa Bentz*_
MELISSA BENTZ

-2-
DECLARATION OF MELISSA BENTZ ISO DEFENDANTS' MOTION FOR RECONSIDERATION OF MATERIAL MODIFICATION DETERMINATION

17819836.1

# EXHIBIT 1

August 25, 2021

Michael Bien, Esq.                          Elise Thorn, Esq.
Lisa Ells, Esq                              Deputy Attorney General
Rosen Bien Galvan & Grunfeld, LLP           California Department of Justice
101 Mission Street, 6th Floor               1300 I Street
San Francisco, CA 94105                     Sacramento, CA 95814

Steve Fama, Esq.
Prison Law Office
General Delivery
San Quentin, CA 94964

> RE:    Program Guide Update
>        Revision of Mental Health Crisis Bed Discharge Custody Checks Form and
>        Introduction of Audit Requirement

Dear Mr. Bien, Ms. Ells, Mr. Fama and Ms. Thorn:

1.    On August 3, 2020, the court issued an order setting forth the procedure for updating the
      2018 Program Guide and the Compendium of Custody Related Remedial Measures. (ECF
      No. 6806).

2.    The order requires any party proposing a regulatory, rulemaking or policy change that would
      affect one or more provisions of either the Program Guide or the Compendium of Custodial
      Remedial Measures, to provide the Special Master with advance notice of such change. (*Id.*
      at 15-16).

3.    By order dated June 24, 2021, the court required that, "[w]ithin **fourteen (14)** days, the
      Special Master shall make a determination whether the proposal would make a material
      modification of the court-approved remedy in this action and shall notify **all parties** of his
      decision with a statement of reasons therefor." This correspondence is being sent to the
      parties to fulfill the Special Master's requirement in accordance with the court order.

Northwoods Office Park
1301 Atwood Avenue, Suite 215 N   Johnston, RI   02919
tel 401 824 5100    fax 401 824 5123

pldolaw.com

Michael Bien, Esq.
Elise Thorn, Esq.
Steve Fama, Esq.
August 25, 2021
Page 2


4.    On August 11, 2021, CDCR's Office of Legal Affairs sent the "Revision of Mental Health Crisis Bed Discharge Custody Checks Form and Introduction of Audit Requirement" memorandum to the Special Master and Plaintiffs. The email stated that the memo was not a material modification to the Program Guide or Compendium and only provided direction regarding how to use a revised form and a new audit process. (See Exhibit A)[1]

5.    On August 24, 2021, Plaintiffs sent an email to Defendants and the Coleman Special Master indicating their belief that the policy does materially modify the Program Guide or the Compendium. (See Exhibit B)

6.    The Plaintiffs' email was received by the Special Master and is included for reference but the Special Master made his own independent decision.

7.    On August 25, 2021, Defendants sent a reply to Plaintiffs' email of August 24, 2021 which has been reviewed by the Special Master. (See Exhibit C)

8.    I have reviewed the document and have determined that the policy does constitute a material modification of the remedy in this case and is therefore subject to the updating process required by the court order regarding material modifications to the court-ordered remedial process.

9.    The reasons for my determination are contained in Exhibit D attached hereto.


                    Sincerely,



                    /s/ Matthew A. Lopes, Jr., Esq.
                    Matthew A. Lopes, Jr., Esq.
                    Coleman Special Master


---

[1] This memorandum was discussed at multiple meetings with Defendants and the Special Master's experts in the small workgroup setting.



# Exhibit A

| From: | Bentz, Melissa@CDCR |
|---|---|
| To: | Medlin, Braxton H.; psydocmain@gmail.com; cradavsky@gmail.com; Irizarry, Cristina; dpotter@alumni.brown.edu; hdlugacz@blhny.com; upcjdegroot@gmail.com; Coleman Team - RBG Only; Metzner, Jeffrey; kjohnson@kahlijohnsonpsychiatry.com; Karen Rea; Kerry Hughes; Walsh Kerry F.; Hector Kristina; lhavesta@msn.com; McClendon-Hunt, LaTri-c-ea; Lopez, Lana L.; maria@drmariamasotta.com; Lopes Matthew; Ryan, Jr., Michael F.; Jones Mohamedu; Mary P; harconwil@gmail.com; Gribbin Rachel; Costa Regina; Sharen Barboza; Millham, Sofia A.; Raffa Steven; trougeux@hotmail.com; Trezvant, William J.; Tavares, Zelia M; Steve Fama |
| Cc: | Stafford, Carrie@CDCR; Weber, Nicholas@CDCR; Hockerson, Dillon@CDCR; Thind, Sundeep@CDCR; Elise Thorn; v_Namrata.Kotwani@doj.ca.gov; Damon McClain; Paul B. Mello; Samantha Wolff; Laurel E. O"Connor; David C. Casarrubias; Mehta, Amar@CDCR; Williams, Travis@CDCR |
| Subject: | Coleman: Discharge Custody Check Memo |
| Date: | Wednesday, August 11, 2021 7:20:24 PM |
| Attachments: | Revision of Mental Health Crisis Bed Discharge Custody Checks Form and Introduction of Audit Requirements Memo 08.11.21.pdf |

Special Master Lopes,

Attached is a memo regarding the revisions to the Mental Health Crisis Bed Discharge Custody Check form and introduction of audit requirements. This memo is not a material modification to the Program Guide or Compendium as it does not change any policy surrounding discharge custody checks. Instead, it provides direction regarding how to use the revised form and the lays out the new audit process. A prior version of the memo was discussed with the small workgroup and members of the Special Master's team agreed that it was not a material modification to the Program Guide. After further internal discussions, the decision was made to delete some language from the prior version of the memo. No information was added. Since there were only deletions, these changes do not affect the determination regarding whether the memo is a material modification of the Program Guide.

Pursuant to the Court's June 24, 2021 minute order, the Special Master has 14 days to provide his determination of whether the attached memo materially modifies the Program Guide. Also, please note that the Discharge Custody Check memo is listed on the Suicide Prevention Activation Schedule with a deadline of August 15, 2021. Given the requirements of the August 3, 2020 order, CDCR will revise this item on the activation schedule with a new deadline of August 25, 2021. If the Special Master determines that the memo is a material modification then further adjustments will be required.

Please let me know if you have any questions.

Respectfully,

*Melissa C. Bentz*
Attorney, Class Action Team
Office of Legal Affairs
California Department of Corrections and Rehabilitation
Email: Melissa.Bentz@cdcr.ca.gov
Phone: (916) 628-5385

ATTORNEY/CLIENT COMMUNICATION AND/OR ATTORNEY WORK PRODUCT – DO NOT FORWARD COMMUNICATION WITHOUT THE EXPRESS PERMISSION OF THE AUTHOR.

This message was sent from outside the company. Please do not click links or open attachments unless you recognize the source of this email and know the content is safe.

State of California                                    Department of Corrections and Rehabilitation

# Memorandum

Date:

To:     Associate Directors, Division of Adult Institutions
        Wardens
        Chief Executive Officers
        Chiefs of Mental Health
        Chief/Senior Psychiatrists
        Chief Nurse Executives
        Executive Directors, Psychiatric Inpatient Programs

Subject: **REVISION OF MENTAL HEALTH CRISIS BED DISCHARGE CUSTODY CHECKS FORM AND INTRODUCTION OF AUDIT REQUIREMENT**

This memorandum announces the revision to the California Department of Corrections and Rehabilitation (CDCR) MH-7497, *Mental Health Crisis Bed (MHCB) Discharge Custody Check Sheet*. Effective immediately, staff shall utilize the newly titled CDCR Form MH-7497 (06/21) *Inpatient and Alternative Housing Discharge Custody Check Sheet* (attached).

To improve the continuity of clinical care for inmate-patients (IPs) discharged from an inpatient or alternative housing setting, revisions to the form have been implemented. The following are staff responsibilities regarding IPs who have been discharged from an inpatient or alternative housing to a general population housing or restricted housing unit:

**Clinical and Custody Responsibilities - Discharge to General Population Housing Units**

Upon the discharge of an IP admitted to inpatient or alternative housing for suicidality, the discharging clinician shall initiate the CDCR Form MH-7497, *Inpatient and Alternative Housing Discharge Custody Check Sheet* before physical discharge. The discharging clinician shall ensure the form is provided to transporting/escorting custody staff, who shall deliver the form to the receiving institution's Central Control staff. Central Control staff at the receiving institution shall document the IP's new housing information on the form and ensure the form is delivered to the appropriate housing unit.

Once the IP has physically arrived at the receiving housing unit, custody staff shall conduct a personal observation within the housing unit on the IP every thirty (30) minutes during the initial twenty-four (24) hours of placement. Housing unit staff shall document all custody checks using the observations legend listed on the CDCR Form MH-7497. For example, when an IP is released out to the yard, staff shall utilize the Observation Code number eight (8) to reflect the IP being out to the yard until their return to the housing unit. Housing unit staff are not required to have the IP return to the housing unit to conduct the discharge custody checks. When an IP returns to the housing unit from program activities, housing unit staff shall note the arrival time on the CDCR MH-7497 and continue the discharge custody checks as directed above.

**Weekend and Holiday Procedures**

When discharge custody checks occur on a weekend or holiday, a designated mental health clinician shall conduct the evaluation, as available. If a mental health clinician is unavailable, the contact may be conducted by a psychiatric technician. If the custody discharge checks end on a weekend or holiday, the

Associate Directors, Division of Adult Institution
Wardens
Chief Executive Officers
Chiefs of Mental Health
Chief Nurse Executives
Executive Directors, Psychiatric Inpatient Programs
Page 2

psychiatric technician shall see the IP and contact the on-call mental health clinician for a decision regarding the continuation of checks. The the on-call clinician shall conduct a face-to-face evaluation and determine if the discharge custody checks may be discontinued and are responsible for documenting the basis of the decision on a progress note and notifying custody staff of the determination.

**Audit Requirements**

To ensure a durable and sustainable oversight mechanism for this process, the Statewide Mental Health Program, in collaboration with the Division of Adult Institutions, has developed an audit tool to measure compliance with each component of the discharge check process. Each institution's Suicide Prevention and Response Focused Improvement Team (SPRFIT) Coordinator shall conduct these audits as documented in the attached audit guidebook with the support and coordination of the institutional Healthcare Access management team. Results of these audits, and any relevant corrective action plans, shall be presented in the monthly SPRFIT Committee and forwarded to the Statewide SPRFIT Coordinators by the eighth (8th) calendar day of each month.

Wardens and CEOs shall ensure all impacted Post Orders and local operating procedures (LOP) are updated within sixty (60) days to reflect these changes. The revision may be a supplement to be included in the next scheduled revision of the LOP. Additionally, each institution shall provide verification of completion by submitting a proof of practice memorandum to their respective Mission Associate Director within sixty (60) days.

To ensure consistency, Wardens, Chief Executive Officers, and Chief Nurse Executives, or designees, shall provide On-the-Job (OJT) training to all custody managers, lieutenants, sergeants, correctional officers, psychiatric technicians, and clinical mental health staff. The **BET code XXX** shall be utilized to document the OJT. Each institution shall provide proof of practice to their respective Mission Associate Director and Regional Health Care Executive within sixty (60) days of the date of this memorandum.

If you have any questions, please contact Lourdes White, Captain, Mental Health Compliance Team at DAI-MHCompliance@cdcr.ca.gov, or you may contact the mental health policy unit by email: MHPolicyUnit@cdcr.ca.gov.

CONNIE GIPSON                                              AMAR MEHTA
Director                                                          Deputy Director
Division of Adult Institutions                          Statewide Mental Health Program

BARBARA BARNEY-KNOX
Deputy Director

Associate Directors, Division of Adult Institution
Wardens
Chief Executive Officers
Chiefs of Mental Health
Chief Nurse Executives
Executive Directors, Psychiatric Inpatient Programs
Page 3


Nursing Services

Attachments

cc: Kimberly Seibel
    Charles W. Callahan
    Adam Fouch
    Laura Eldridge
    Steven Cartwright
    Travis Williams
    Laura Ceballos
    Michael Golding
    Toni Martelllo
    Sophia Le
    Shama Chaiken
    Amber Carda
    Daisy Minter
    Marcie Flores
    Lourdes White
    Laurie Ball
    Jennifer Johnson
    Regional Health Care Executives
    Regional Mental Health Administrators
    Regional SPRFIT Coordinators

# Exhibit B

| From: | Lisa Ells |
|---|---|
| To: | Melissa Bentz; Medlin, Braxton H.; psydocmain@gmail.com; cradavsky@gmail.com; Irizarry, Cristina; dpotter@alumni.brown.edu; hdlugacz@blhny.com; upcjdegroot@gmail.com; Coleman Team - RBG Only; Metzner, Jeffrey; kjohnson@kahliljohnsonpsychiatry.com; Karen Rea; Kerry Hughes; Walsh Kerry F.; Hector Kristina; lhayesta@msn.com; McClendon-Hunt, LaTri-c-ea; Lopez, Lana L.; Maria Masotta; Lopes Matthew; Ryan, Jr., Michael F.; Jones Mohamedu; Mary P; Patricia Williams; Gribbin Rachel; Costa Regina; Sharen Barboza; Millham, Sofia A.; Raffa Steven; trougeux@hotmail.com; Trezvant, William J.; Tavares, Zelia M; Steve Fama |
| Cc: | Stafford, Carrie@CDCR; Nick Weber; Hockerson, Dillon@CDCR; Thind, Sundeep@CDCR; Elise Thorn; v_Namrata.Kotwani@doj.ca.gov; Damon McClain; Paul B. Mello; Samantha Wolff; Laurel E. O"Connor; David C. Casarrubias; Mehta, Amar@CDCR; Travis Williams |
| Subject: | RE: Coleman: Discharge Custody Check Memo [IWOV-DMS.FID6429] |
| Date: | Tuesday, August 24, 2021 8:36:57 PM |

Melissa,

We have reviewed the revised August 11, 2021 version of the MHCB Discharge Custody Checks Memo ("Memo") and Form 7497, along with the updated guidebook. We disagree with your claim that the Memo does not materially modify the Program Guide. Although your August 9 and 11, 2021 emails claim that the Memo does not change any policy surrounding custody discharge checks, that is not accurate. The Memo works at least two significant substantive changes to the existing January 27, 2016 and September 1, 2017 memos, found in the 2018 Program Guide Update, ECF No. 5864-1, at 377-84 ("Existing Policies"), even while the Memo's title and your email claim it only pertains to a revision of the MH-7497 form and the introduction of an audit process.

First, the Memo expands custody checks to all patients who have been discharged from any inpatient program or alternative housing setting after being admitted for suicidality. The Existing Policies only apply to discharges from MHCBs and alternative housing, and as to the latter, only "where clinically indicated." ECF No. 5864-1, at 377-84; *see also* Fourth Hayes Re-Audit, ECF No. 6879-1, at 29-30 (discussing existing policies and custody check requirements as applying to only MHCB and alternative housing settings "where clinically indicated"). We welcome this change and assume it is intended to remediate and address the distressing ongoing trend of high rates of suicide following discharges from inpatient settings, as well as following rescissions of MHCB referrals, discussed in Mr. Hayes's recent reports. *See* Fourth Hayes Re-Audit, ECF No. 6879-1, at 40-45. It is without question a material modification of the existing Program Guide requirements.

Second, the Memo modifies the Existing Policies to require all clinical decisions, including discontinuation of custody checks, be made only by a mental health clinician after a face-to-face assessment. The Existing Policies do not require this on weekends and holidays. *See* ECF No. 5864-1, at 379. The new Memo makes this requirement explicit at page 2. We welcome this change as well. We also note that it is directly responsive to a Court-ordered recommendations in Mr. Hayes's Fourth Re-Audit addressing a recent suicide following a telephonic clinical order discontinuing custody checks. *See* Fourth Hayes Re-Audit, ECF No. 6879-1, at 30, 48 (discussing deficiency in January 27, 2016 policy and recommending revision of that policy "to indicate that all clinical decisions, including discontinuation of custody checks, can only be made following a face-to-face assessment by a mental health clinician"); *see also* Dec. 3, 2020 Order, ECF No. 6973 (adopting Fourth Re-Audit). This too is a material modification of the existing remedy, and a Court-ordered requirement addressing a deficiency in Defendants' suicide prevention policies.

Finally, the Memo now includes two paragraphs introducing a new audit process. The addition of these requirements is a significant (and important, for quality improvement) aspect of the new Memo that did not exist in the former version of the

policy, and which we support. It also constitutes a material modification of the remedy in this matter, as it is designed to address the long-standing deficiencies identified by Mr. Hayes in Defendants' compliance with the custody discharge check requirements and is part of Defendants' Court-ordered suicide prevention measures. *See* Fourth Hayes Re-Audit, ECF No. 6879-1, at 29-30 (finding only 1 in 20 audited facilities properly completed MH-7497 form documenting custody wellness checks more than 90% of time, which was worse than prior audit); Dec. 3, 2020 Order, ECF No. 6973 (adopting Fourth Re-Audit); *see also* June 29, 2021 Order, ECF No. 7043 (bench order requiring implementation of suicide prevention activation schedule (ECF No. 7043) including custody discharge checks audit process).

In addition to the above statements regarding the ways in which the Memo materially modifies the remedy, all of which we support, we also have a number of questions about the intended effect of this Memo. You state in your August 20 email that this Memo is new, and does not supersede any prior policy or memo. However, in addition to introducing the audit process and a revision to the existing MH-7497 form (which is in fact in the Program Guide at ECF No. 5864-1 at 381-84, contrary to your assertion), the Memo on its face at page 1 outlines "staff responsibilities regarding [inmate-patients]" who have been discharged from an inpatient or alternative housing to a general population housing or restricting housing unit." The Memo then incorporates whole paragraphs of the January 27, 2016 policy outlining some aspects of the aforementioned staff duties, in addition to making the first two changes above and other minor edits to reflect slightly modified processes and form names. These changes are unobjectionable. But the Memo does not include significant portions of the Existing Policies outlining, for instance, key clinical and custodial duties for custody checks on week days and addressing aspects of the checks in segregation units. If this Memo does not supersede or modify the Existing Policies, will those Policies remain in effect in addition to this Memo? How are staff to understand their duties related to custody welfare checks, which are now apparently governed by contradictory policies, with some duties contained in the Existing Policies and others modified by the Memo (e.g., the requirements that all relevant clinical assessments be in person, and extension of the checks to all patients discharged from any inpatient or alternative housing settings after admission for suicidality)? Undoubtedly the more recent Memo would supersede the Existing Policies, at least in relevant part. The fact that key staff responsibilities, including the clinical procedures for extending or discontinuing welfare checks, are not contained in this Memo, and that it does not reference the fact that it modifies and updates the Existing Policies, is confusing and dangerous. We urge you to reconsider, and to add back in the paragraphs that Defendants included in the initial version of this Memo vetted by the Special Master team that you subsequently deleted without explanation.

Thank you.

Lisa

---

**From:** Bentz, Melissa@CDCR <Melissa.Bentz@cdcr.ca.gov>
**Sent:** Wednesday, August 11, 2021 4:20 PM
**To:** Braxton Medlin <bmedlin@pldolaw.com>; Brian Main <psydocmain@gmail.com>; Cindy Radavsky <cradavsky@gmail.com>; Cristina Irizarry <cirizarry@pldolaw.com>; Dan Potter <dpotter@alumni.brown.edu>; Henry D. Dlugacz <hdlugacz@blhny.com>; James DeGroot <upcjdegroot@gmail.com>; Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbg.com>; Jeffrey Metzner <jeffrey.metzner@cuanschutz.edu>; Kahlil Johnson

<kjohnson@kahliljohnsonpsychiatry.com>; Karen Rea <karenrea01@gmail.com>; Kerry Courtney
Hughes, MD <dockc99@aol.com>; Kerry F. Walsh <kwalsh@pldolaw.com>; Kristina Hector
<khector@pldolaw.com>; Lindsay Hayes <lhayesta@msn.com>; Latricea McClendon-Hunt
<lmcclendonhunt@pldolaw.com>; Lana Lopez <llopez@pldolaw.com>; Maria Masotta
<maria@drmariamasotta.com>; Matt Lopes <mlopes@pldolaw.com>; Michael Ryan
<mryan@pldolaw.com>; Mohamedu Jones <mjones@pldolaw.com>; Mary Perrien
<mperrien@aol.com>; Patricia M. Williams <harconwil@gmail.com>; Rachel Gribbin
<rgribbin@pldolaw.com>; Regina Costa <rcosta@pldolaw.com>; Sharen Barboza
<sharen@sharenbarboza.com>; Sofia Millham <smillham@pldolaw.com>; Steven Raffa
<sraffa@pldolaw.com>; Tim Rougeux <trougeux@hotmail.com>; William Trezvant
<wtrezvant@pldolaw.com>; Zelia M. Tavares <ztavares@pldolaw.com>; Steve Fama
<sfama@prisonlaw.com>
**Cc:** Stafford, Carrie@CDCR <Carrie.Stafford@cdcr.ca.gov>; Nick Weber
<Nicholas.Weber@cdcr.ca.gov>; Hockerson, Dillon@CDCR <Dillon.Hockerson@cdcr.ca.gov>; Thind,
Sundeep@CDCR <Sundeep.Thind@cdcr.ca.gov>; Elise Thorn <Elise.Thorn@doj.ca.gov>;
v_Namrata.Kotwani@doj.ca.gov <Namrata.Kotwani@doj.ca.gov>; Damon McClain
<Damon.McClain@doj.ca.gov>; Paul B. Mello <Pmello@hansonbridgett.com>; Samantha Wolff
<SWolff@hansonbridgett.com>; Laurel E. O'Connor <LOConnor@hansonbridgett.com>; David C.
Casarrubias <DCasarrubias@hansonbridgett.com>; Mehta, Amar@CDCR
<Amar.Mehta@cdcr.ca.gov>; Travis Williams <Travis.Williams@cdcr.ca.gov>
**Subject:** Coleman: Discharge Custody Check Memo

[EXTERNAL] Notice: This message comes from an external sender.

Special Master Lopes,

Attached is a memo regarding the revisions to the Mental Health Crisis Bed Discharge Custody Check form and introduction of audit requirements. This memo is not a material modification to the Program Guide or Compendium as it does not change any policy surrounding discharge custody checks. Instead, it provides direction regarding how to use the revised form and the lays out the new audit process. A prior version of the memo was discussed with the small workgroup and members of the Special Master's team agreed that it was not a material modification to the Program Guide. After further internal discussions, the decision was made to delete some language from the prior version of the memo. No information was added. Since there were only deletions, these changes do not affect the determination regarding whether the memo is a material modification of the Program Guide.

Pursuant to the Court's June 24, 2021 minute order, the Special Master has 14 days to provide his determination of whether the attached memo materially modifies the Program Guide. Also, please note that the Discharge Custody Check memo is listed on the Suicide Prevention Activation Schedule with a deadline of August 15, 2021. Given the requirements of the August 3, 2020 order, CDCR will revise this item on the activation schedule with a new deadline of August 25, 2021. If the Special Master determines that the memo is a material modification then further adjustments will be required.

Please let me know if you have any questions.

Respectfully,

*Melissa C. Bentz*

Attorney, Class Action Team
Office of Legal Affairs
California Department of Corrections and Rehabilitation
Email: Melissa.Bentz@cdcr.ca.gov
Phone: (916) 628-5385

ATTORNEY/CLIENT COMMUNICATION AND/OR ATTORNEY WORK PRODUCT – DO NOT FORWARD COMMUNICATION WITHOUT THE EXPRESS PERMISSION OF THE AUTHOR.

This message was sent from outside the company. Please do not click links or open attachments unless you recognize the source of this email and know the content is safe.

Exhibit C

| From: | Bentz, Melissa@CDCR |
|---|---|
| To: | Lisa Ells; Medlin, Braxton H.; psydocmain@gmail.com; cradavsky@gmail.com; Irizarry, Cristina; dpotter@alumni.brown.edu; hdlugacz@blhny.com; upcjdegroot@gmail.com; Coleman Team - RBG Only; Metzner, Jeffrey; kjohnson@kahliljohnsonpsychiatry.com; Karen Rea; Kerry Hughes; Walsh Kerry F.; Hector Kristina; lhayesta@msn.com; McClendon-Hunt, LaTri-c-ea; Lopez, Lana L.; Maria Masotta; Lopes Matthew; Ryan, Jr., Michael F.; Jones Mohamedu; Mary P; Patricia Williams; Gribbin Rachel; Costa Regina; Sharen Barboza; Millham, Sofia A.; Raffa Steven; trougeux@hotmail.com; Trezvant, William J.; Tavares, Zelia M; Steve Fama |
| Cc: | Stafford, Carrie@CDCR; Weber, Nicholas@CDCR; Hockerson, Dillon@CDCR; Thind, Sundeep@CDCR; Elise Thorn; v_Namrata.Kotwani@doj.ca.gov; Damon McClain; Paul B. Mello; Samantha Wolff; Laurel E. O'Connor; David C. Casarrubias; Mehta, Amar@CDCR; Williams, Travis@CDCR |
| Subject: | RE: Coleman: Discharge Custody Check Memo [IWOV-DMS.FID6429] |
| Date: | Wednesday, August 25, 2021 3:35:20 PM |

Lisa,

We appreciate Plaintiffs' perspective. CDCR has not had time to fully analyze Plaintiffs' position as we just received it last night, but wanted to provide an initial response given that the Special Master's determination as to whether the Discharge Custody Checks memo is a material modification of the Program Guide is due today.

Plaintiffs first argue that the memo expands custody checks to all patients who have been discharged from any inpatient program or alternative housing after being admitted for suicidality. Because the existing policies only apply to discharges from MHCBs and alternative housing (where clinically indicated), Plaintiffs argue that this is a material modification of the Program Guide. However, as Plaintiffs' email points out, to the extent there is a change, it is an expansion and is above and beyond what is currently required by the Program Guide. This voluntary expansion by Defendants does not adversely alter the base requirements in the Program Guide. Therefore, Defendants disagree that this change is a material modification to the Program Guide.

Plaintiffs also argue that the introduction of a new audit constitutes a material modification of the Program Guide. However, as Plaintiffs acknowledge, the audit did not exist in the prior policies. Defendants' voluntary introduction of a new audit tool that is not a current Program Guide requirement cannot be a material modification. Further, Defendants must be able to implement tools to increase compliance with current Program Guide or court ordered requirements without those audits themselves becoming a requirement for constitutional compliance.

As part of the discussion of the audit tool, Plaintiffs imply that the inclusion of the audit tool in the activation schedule for the Hayes recommendations renders the audit a material modification to the Program Guide. However, the activation schedule was created to inform the court of the steps CDCR believed were necessary to implement Mr. Hayes's recommendations and a timeline for implementation. It was not created with any bearing on whether the steps to come into compliance required a material modification to the Program Guide. In fact, there are numerous parts of the activation schedule, such as refining and completing reports, training staff, and drafting memos and LOPs, that are not a modification of the Program Guide. Thus, inclusion of the audit in the activation schedule alone, does not render it a material modification to the Program Guide.

We will continue to review Plaintiffs' email from last night and look forward to receiving the Special Master's determination regarding whether any part of the Discharge Custody Checks memo is a material modification of the Program Guide.

Respectfully,

*Melissa C. Bentz*
Attorney, Class Action Team
Office of Legal Affairs

California Department of Corrections and Rehabilitation
Email: Melissa.Bentz@cdcr.ca.gov
Phone: (916) 628-5385

ATTORNEY/CLIENT COMMUNICATION AND/OR ATTORNEY WORK PRODUCT – DO NOT FORWARD COMMUNICATION WITHOUT THE EXPRESS PERMISSION OF THE AUTHOR.

---

**From:** Lisa Ells <LElls@rbgg.com>
**Sent:** Tuesday, August 24, 2021 5:48 PM
**To:** Bentz, Melissa@CDCR <Melissa.Bentz@cdcr.ca.gov>; Braxton Medlin <bmedlin@pldolaw.com>; Brian Main <psydocmain@gmail.com>; Cindy Radavsky <cradavsky@gmail.com>; Cristina Irizarry <cirizarry@pldolaw.com>; Dan Potter <dpotter@alumni.brown.edu>; Henry D. Dlugacz <hdlugacz@blhny.com>; James DeGroot <upcjdegroot@gmail.com>; Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbgg.com>; Jeffrey Metzner <jeffrey.metzner@cuanschutz.edu>; Kahlil Johnson <kjohnson@kahliljohnsonpsychiatry.com>; Karen Rea <karenrea01@gmail.com>; Kerry Courtney Hughes, MD <dockc99@aol.com>; Kerry F. Walsh <kwalsh@pldolaw.com>; Kristina Hector <khector@pldolaw.com>; Lindsay Hayes <lhayesta@msn.com>; Latricea McClendon-Hunt <lmcclendonhunt@pldolaw.com>; Lana Lopez <llopez@pldolaw.com>; Maria Masotta <maria@drmariamasotta.com>; Matt Lopes <mlopes@pldolaw.com>; Michael Ryan <mryan@pldolaw.com>; Mohamedu Jones <mjones@pldolaw.com>; Mary Perrien <mperrien@aol.com>; Patricia M. Williams <harconwil@gmail.com>; Rachel Gribbin <rgribbin@pldolaw.com>; Regina Costa <rcosta@pldolaw.com>; Sharen Barboza <sharen@sharenbarboza.com>; Sofia Millham <smillham@pldolaw.com>; Steven Raffa <sraffa@pldolaw.com>; Tim Rougeux <trougeux@hotmail.com>; William Trezvant <wtrezvant@pldolaw.com>; Zelia M. Tavares <ztavares@pldolaw.com>; Steve Fama <sfama@prisonlaw.com>
**Cc:** Stafford, Carrie@CDCR <Carrie.Stafford@cdcr.ca.gov>; Weber, Nicholas@CDCR <Nicholas.Weber@cdcr.ca.gov>; Hockerson, Dillon@CDCR <Dillon.Hockerson@cdcr.ca.gov>; Thind, Sundeep@CDCR <Sundeep.Thind@cdcr.ca.gov>; Elise Thorn <Elise.Thorn@doj.ca.gov>; v_Namrata.Kotwani@doj.ca.gov <Namrata.Kotwani@doj.ca.gov>; Damon McClain <Damon.McClain@doj.ca.gov>; Paul B. Mello <Pmello@hansonbridgett.com>; Samantha Wolff <SWolff@hansonbridgett.com>; Laurel E. O'Connor <LOConnor@hansonbridgett.com>; David C. Casarrubias <DCasarrubias@hansonbridgett.com>; Mehta, Amar@CDCR <Amar.Mehta@cdcr.ca.gov>; Williams, Travis@CDCR <Travis.Williams@cdcr.ca.gov>
**Subject:** RE: Coleman: Discharge Custody Check Memo [IWOV-DMS.FID6429]

> **CAUTION:** This email originated from outside of CDCR/CCHCS. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Apologies, I failed to note in my earlier email that our comments below are offered notwithstanding our position that the Program Guide update process expired by court order on August 3, 2021 (*see* ECF Nos. 6806 & 7212).  Thank you.

---

**From:** Lisa Ells

**Sent:** Tuesday, August 24, 2021 5:37 PM
**To:** Bentz, Melissa@CDCR <Melissa.Bentz@cdcr.ca.gov>; Braxton Medlin <bmedlin@pldlaw.com>;
Brian Main <psydocmain@gmail.com>; Cindy Radavsky <cradavsky@gmail.com>; Christina Irizarry
<cirizarry@pldlaw.com>; Dan Potter <dpotter@alumni.brown.edu>; Henry D. Dlugacz
<hdlugacz@blhny.com>; James DeGroot <upcjdegroot@gmail.com>; Coleman Team - RBG Only
<ColemanTeam-RBGOnly@rbgg.com>; Jeffrey Metzner <jeffrey.metzner@cuanschutz.edu>; Kahlil
Johnson <kjohnson@kahliljohnsonpsychiatry.com>; Karen Rea <karenrea01@gmail.com>; Kerry
Courtney Hughes, MD <dockc99@aol.com>; Kerry F. Walsh <kwalsh@pldolaw.com>; Kristina Hector
<khector@pldolaw.com>; Lindsay Hayes <lhayesta@msn.com>; Latricea McClendon-Hunt
<lmcclendonhunt@pldolaw.com>; Lana Lopez <llopez@pldolaw.com>; Maria Masotta
<maria@drmariamasotta.com>; Matt Lopes <mlopes@pldolaw.com>; Michael Ryan
<mryan@pldolaw.com>; Mohamedu Jones <mjones@pldolaw.com>; Mary Perrien
<mperrien@aol.com>; Patricia M. Williams <harconwil@gmail.com>; Rachel Gribbin
<rgribbin@pldolaw.com>; Regina Costa <rcosta@pldolaw.com>; Sharen Barboza
<sharen@sharenbarboza.com>; Sofia Millham <smillham@pldolaw.com>; Steven Raffa
<sraffa@pldolaw.com>; Tim Rougeux <trougeux@hotmail.com>; William Trezvant
<wtrezvant@pldolaw.com>; Zelia M. Tavares <ztavares@pldolaw.com>; Steve Fama
<sfama@prisonlaw.com>
**Cc:** Stafford, Carrie@CDCR <Carrie.Stafford@cdcr.ca.gov>; Nick Weber
<Nicholas.Weber@cdcr.ca.gov>; Hockerson, Dillon@CDCR <Dillon.Hockerson@cdcr.ca.gov>; Thind,
Sundeep@CDCR <Sundeep.Thind@cdcr.ca.gov>; Elise Thorn <Elise.Thorn@doj.ca.gov>;
v_Namrata.Kotwani@doj.ca.gov <Namrata.Kotwani@doj.ca.gov>; Damon McClain
<Damon.McClain@doj.ca.gov>; Paul B. Mello <Pmello@hansonbridgett.com>; Samantha Wolff
<SWolff@hansonbridgett.com>; Laurel E. O'Connor <LOConnor@hansonbridgett.com>; David C.
Casarrubias <DCasarrubias@hansonbridgett.com>; Mehta, Amar@CDCR
<Amar.Mehta@cdcr.ca.gov>; Travis Williams <Travis.Williams@cdcr.ca.gov>
**Subject:** RE: Coleman: Discharge Custody Check Memo [IWOV-DMS.FID6429]


Melissa,
We have reviewed the revised August 11, 2021 version of the MHCB Discharge
Custody Checks Memo ("Memo") and Form 7497, along with the updated guidebook.
We disagree with your claim that the Memo does not materially modify the Program
Guide. Although your August 9 and 11, 2021 emails claim that the Memo does not
change any policy surrounding custody discharge checks, that is not accurate. The
Memo works at least two significant substantive changes to the existing January 27,
2016 and September 1, 2017 memos, found in the 2018 Program Guide Update, ECF
No. 5864-1, at 377-84 ("Existing Policies"), even while the Memo's title and your email
claim it only pertains to a revision of the MH-7497 form and the introduction of an
audit process.
First, the Memo expands custody checks to all patients who have been discharged from
any inpatient program or alternative housing setting after being admitted for
suicidality. The Existing Policies only apply to discharges from MHCBs and
alternative housing, and as to the latter, only "where clinically indicated." ECF No.
5864-1, at 377-84; *see also* Fourth Hayes Re-Audit, ECF No. 6879-1, at 29-30
(discussing existing policies and custody check requirements as applying to only MHCB
and alternative housing settings "where clinically indicated"). We welcome this change
and assume it is intended to remediate and address the distressing ongoing trend of

high rates of suicide following discharges from inpatient settings, as well as following rescissions of MHCB referrals, discussed in Mr. Hayes's recent reports. *See* Fourth Hayes Re-Audit, ECF No. 6879-1, at 40-45. It is without question a material modification of the existing Program Guide requirements.

Second, the Memo modifies the Existing Policies to require all clinical decisions, including discontinuation of custody checks, be made only by a mental health clinician after a face-to-face assessment. The Existing Policies do not require this on weekends and holidays. *See* ECF No. 5864-1, at 379. The new Memo makes this requirement explicit at page 2. We welcome this change as well. We also note that it is directly responsive to a Court-ordered recommendations in Mr. Hayes's Fourth Re-Audit addressing a recent suicide following a telephonic clinical order discontinuing custody checks. *See* Fourth Hayes Re-Audit, ECF No. 6879-1, at 30, 48 (discussing deficiency in January 27, 2016 policy and recommending revision of that policy "to indicate that all clinical decisions, including discontinuation of custody checks, can only be made following a face-to-face assessment by a mental health clinician"); *see also* Dec. 3, 2020 Order, ECF No. 6973 (adopting Fourth Re-Audit). This too is a material modification of the existing remedy, and a Court-ordered requirement addressing a deficiency in Defendants' suicide prevention policies.

Finally, the Memo now includes two paragraphs introducing a new audit process. The addition of these requirements is a significant (and important, for quality improvement) aspect of the new Memo that did not exist in the former version of the policy, and which we support. It also constitutes a material modification of the remedy in this matter, as it is designed to address the long-standing deficiencies identified by Mr. Hayes in Defendants' compliance with the custody discharge check requirements and is part of Defendants' Court-ordered suicide prevention measures. *See* Fourth Hayes Re-Audit, ECF No. 6879-1, at 29-30 (finding only 1 in 20 audited facilities properly completed MH-7497 form documenting custody wellness checks more than 90% of time, which was worse than prior audit); Dec. 3, 2020 Order, ECF No. 6973 (adopting Fourth Re-Audit); *see also* June 29, 2021 Order, ECF No. 7043 (bench order requiring implementation of suicide prevention activation schedule (ECF No. 7043) including custody discharge checks audit process).

In addition to the above statements regarding the ways in which the Memo materially modifies the remedy, all of which we support, we also have a number of questions about the intended effect of this Memo. You state in your August 20 email that this Memo is new, and does not supersede any prior policy or memo. However, in addition to introducing the audit process and a revision to the existing MH-7497 form (which is in fact in the Program Guide at ECF No. 5864-1 at 381-84, contrary to your assertion), the Memo on its face at page 1 outlines "staff responsibilities regarding [inmate-patients]" who have been discharged from an inpatient or alternative housing to an general population housing or restricting housing unit." The Memo then incorporates whole paragraphs of the January 27, 2016 policy outlining some aspects of the aforementioned staff duties, in addition to making the first two changes above and other minor edits to reflect slightly modified processes and form names. These changes are unobjectionable. But the Memo does not include significant portions of the Existing Policies outlining, for instance, key clinical and custodial duties for custody checks on week days and addressing aspects of the checks in segregation units. If this Memo does not supersede or modify the Existing Policies, will those Policies remain in effect in addition to this Memo? How are staff to understand their duties related to custody welfare checks, which are now apparently governed by contradictory policies, with some duties contained in the Existing Policies and others modified by the Memo (e.g.,

the requirements that all relevant clinical assessments be in person, and extension of the checks to all patients discharged from any inpatient or alternative housing settings after admission for suicidality)? Undoubtedly the more recent Memo would supersede the Existing Policies, at least in relevant part. The fact that key staff responsibilities, including the clinical procedures for extending or discontinuing welfare checks, are not contained in this Memo, and that it does not reference the fact that it modifies and updates the Existing Policies, is confusing and dangerous. We urge you to reconsider, and to add back in the paragraphs that Defendants included in the initial version of this Memo vetted by the Special Master team that you subsequently deleted without explanation.

Thank you.

Lisa

---

**From:** Bentz, Melissa@CDCR <Melissa.Bentz@cdcr.ca.gov>
**Sent:** Wednesday, August 11, 2021 4:20 PM
**To:** Braxton Medlin <bmedlin@pldolaw.com>; Brian Main <psydocmain@gmail.com>; Cindy Radavsky <cradavsky@gmail.com>; Cristina Irizarry <cirizarry@pldolaw.com>; Dan Potter <dpotter@alumni.brown.edu>; Henry D. Dlugacz <hdlugacz@blhny.com>; James DeGroot <upcjdegroot@gmail.com>; Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbgg.com>; Jeffrey Metzner <jeffrey.metzner@cuanschutz.edu>; Kahlil Johnson <kjohnson@kahliljohnsonpsychiatry.com>; Karen Rea <karenrea01@gmail.com>; Kerry Courtney Hughes, MD <dockc99@aol.com>; Kerry F. Walsh <kwalsh@pldolaw.com>; Kristina Hector <khector@pldolaw.com>; Lindsay Hayes <lhayesta@msn.com>; Latricea McClendon-Hunt <lmcclendonhunt@pldolaw.com>; Lana Lopez <llopez@pldolaw.com>; Maria Masotta <maria@drmariamasotta.com>; Matt Lopes <mlopes@pldolaw.com>; Michael Ryan <mryan@pldolaw.com>; Mohamedu Jones <mjones@pldolaw.com>; Mary Perrien <mperrien@aol.com>; Patricia M. Williams <harconwil@gmail.com>; Rachel Gribbin <rgribbin@pldolaw.com>; Regina Costa <rcosta@pldolaw.com>; Sharen Barboza <sharen@sharenbarboza.com>; Sofia Millham <smillham@pldolaw.com>; Steven Raffa <sraffa@pldolaw.com>; Tim Rougeux <trougeux@hotmail.com>; William Trezvant <wtrezvant@pldolaw.com>; Zelia M. Tavares <ztavares@pldolaw.com>; Steve Fama <sfama@prisonlaw.com>
**Cc:** Stafford, Carrie@CDCR <Carrie.Stafford@cdcr.ca.gov>; Nick Weber <Nicholas.Weber@cdcr.ca.gov>; Hockerson, Dillon@CDCR <Dillon.Hockerson@cdcr.ca.gov>; Thind, Sundeep@CDCR <Sundeep.Thind@cdcr.ca.gov>; Elise Thorn <Elise.Thorn@doj.ca.gov>; v_Namrata.Kotwani@doj.ca.gov <Namrata.Kotwani@doj.ca.gov>; Damon McClain <Damon.McClain@doj.ca.gov>; Paul B. Mello <Pmello@hansonbridgett.com>; Samantha Wolff <SWolff@hansonbridgett.com>; Laurel E. O'Connor <LOConnor@hansonbridgett.com>; David C. Casarrubias <DCasarrubias@hansonbridgett.com>; Mehta, Amar@CDCR <Amar.Mehta@cdcr.ca.gov>; Travis Williams <Travis.Williams@cdcr.ca.gov>
**Subject:** Coleman: Discharge Custody Check Memo

[EXTERNAL] Notice: This message comes from an external sender.

Special Master Lopes,

Attached is a memo regarding the revisions to the Mental Health Crisis Bed Discharge Custody

Check form and introduction of audit requirements. This memo is not a material modification to the Program Guide or Compendium as it does not change any policy surrounding discharge custody checks. Instead, it provides direction regarding how to use the revised form and the lays out the new audit process. A prior version of the memo was discussed with the small workgroup and members of the Special Master's team agreed that it was not a material modification to the Program Guide. After further internal discussions, the decision was made to delete some language from the prior version of the memo. No information was added. Since there were only deletions, these changes do not affect the determination regarding whether the memo is a material modification of the Program Guide.

Pursuant to the Court's June 24, 2021 minute order, the Special Master has 14 days to provide his determination of whether the attached memo materially modifies the Program Guide. Also, please note that the Discharge Custody Check memo is listed on the Suicide Prevention Activation Schedule with a deadline of August 15, 2021. Given the requirements of the August 3, 2020 order, CDCR will revise this item on the activation schedule with a new deadline of August 25, 2021. If the Special Master determines that the memo is a material modification then further adjustments will be required.

Please let me know if you have any questions.

Respectfully,

*Melissa C. Bentz*
Attorney, Class Action Team
Office of Legal Affairs
California Department of Corrections and Rehabilitation
Email: Melissa.Bentz@cdcr.ca.gov
Phone: (916) 628-5385

ATTORNEY/CLIENT COMMUNICATION AND/OR ATTORNEY WORK PRODUCT – DO NOT FORWARD COMMUNICATION WITHOUT THE EXPRESS PERMISSION OF THE AUTHOR.

This message was sent from outside the company. Please do not click links or open attachments unless you recognize the source of this email and know the content is safe.

# Exhibit D

Special Master's Determination of Material Modification

General Application of Memorandum

Defendants represent that this memorandum is not a material modification to the Program Guide or Compendium because it only provides direction regarding how to use the Mental Health Crisis Bed Discharge Custody Check form and explains the new audit process.

However, this memorandum incorporates language as well as clinical requirements and responsibilities already contained in the "Revision of Mental Health Crisis Bed Discharge Custody Checks Policy" included in the 2018 Program Guide (ECF No. 5864-1 at 378-384) and extends beyond the representations provided by defendants that this memorandum only provides directions and guidance on the use of forms and a new audit process. Two such sections contained in both documents are entitled:

2016    IP MHCB Discharge to General Population Housing Units
2018    Clinical and Custodial Responsibilities – Discharge to General Population Housing Units

2016    Weekends and Holidays
2018    Weekend and Holiday Procedures

Without any further explanation by defendants, this memorandum appears to supersede specific requirements and responsibilities contained in the current policy which are also included in the 2018 Program Guide. Simply changing the name of a document from a "policy" to a "memorandum" does not alter the underlying responsibilities and requirements contained in each of the documents. The 2016 policy is appended hereto as Attachment A.

Expanded Application of Memorandum

The "Revision of Mental Health Crisis Bed Discharge Custody Checks Policy" included in the 2018 Program Guide (ECF No. 5864-1 at 378-384) only applied to discharges of patients from MHCBs. (See Attachment 1).

The language of the revised memorandum does not contain that limitation and appears to apply to all discharges from inpatient levels of care in contradiction to the actual title of the memorandum. If the application of this memorandum includes all inpatient discharges, on its face it would expand the application of the memorandum and would constitute a material modification both to the original memorandum and to the Program Guide to include patients at the MHCB level of care and all inpatient levels of care.

Weekend and Holiday Procedures

The Revision of Mental Health Crisis Bed Discharge Custody Checks Policy included in the 2018 Program Guide stated that if custody checks ended on a weekend or a holiday, a psychiatric technician, due to the unavailability of a mental health clinician, could evaluate the patient to determine if custody checks needed to continue. The psychiatric technician was then required to contact the on-call provider who would determine if custody checks could be discontinued.

The revised memorandum would require the on-call provider to conduct a face-to-face evaluation to determine if discharge custody checks should be discontinued. This expanded requirement that the on-call provider come to the institution to conduct a face-to-face evaluation changes the clinician's responsibilities and constitutes a material modification to the current policy in the 2018 Program Guide.

<u>Clinical and Custody Responsibilities – Discharge to General Population Housing Units</u>

The revised memorandum deletes an entire paragraph contained in the 2016 policy. The deleted paragraph was a critical section of the 2016 policy which outlined the specific responsibilities of the outpatient clinician in the daily assessment of the patent up to 72 hours.

Deletion of this paragraph results in no procedure regarding the specific responsibilities of the outpatient clinician in their daily assessment of the patient up to 72 hours after returning to their housing unit and any determination by the clinician to refer the patient back to the MHCB.

Deletion of this paragraph also removes the requirements of record retention for the MHCB Discharge Custody Check Sheets which in the 2016 policy required that those records be retained at the institution for a minimum of three years and an additional four years in departmental records. It is therefore conceivable that those records would not be available for monitoring by the Special Master or auditing by CDCR's CQIT.

The deletion of this paragraph constitutes a material modification to the remedy in this case due to the potential negative consequences to the integrity of the monitoring and auditing processes.