ROB BONTA, State Bar No. 202668
Attorney General of California
MONICA N. ANDERSON, State Bar No. 182970
Senior Assistant Attorney General
DAMON MCCLAIN, State Bar No. 209508
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
NAMRATA KOTWANI, State Bar No. 308741
Deputy Attorneys General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-4431
  Fax:  (415) 703-5843
  E-mail:  Namrata.Kotwani@doj.ca.gov
*Attorneys for Defendants*

HANSON BRIDGETT LLP
PAUL B. MELLO, State Bar No. 179755
SAMANTHA D. WOLFF, State Bar No. 240280
LAUREL E. O'CONNOR, State Bar No. 305478
DAVID C. CASARRUBIAS, State Bar No. 321994
  1676 N. California Boulevard, Suite 620
  Walnut Creek, CA 94596
  Telephone:  (925) 746-8460
  Fax:  (925) 746-8490
  E-mail:  PMello@hansonbridgett.com
*Attorneys for Defendants*

ROMAN M. SILBERFELD, State Bar No. 62783
GLENN A. DANAS, State Bar No. 270317
ROBINS KAPLAN LLP
  2049 Century Park East, Suite 3400
  Los Angeles, CA 90067-3208
  Telephone:  (310) 552-0130
  Fax:  (310) 229-5800
  E-mail:  RSilberfeld@RobinsKaplan.com
*Special Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                    Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>                    Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' RESPONSE TO MARCH 26, 2021 ORDER GRANTING LEAVE TO FILE MOTION RE: DSH HOSPITAL-WIDE STAFFING DATA**<br><br>Date:      October 1, 2021<br>Time:     10:00 a.m.<br>Judge:    Hon. Kimberley Mueller |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants' motion to strike will be heard on October 1, 2021 at 10:00 a.m. in a courtroom or remote location to be determined by the Court. Defendants seek to strike Plaintiffs' filing entitled "Plaintiffs' Response to March 26, 2021 Order Granting Leave to File Motion Re: DSH Hospital-Wide Staffing Data" (ECF No. 7183).

1

Defs.' Mot. to Strike (2:90-cv-00520 KJM-DB (PC))

Defendants' motion is based on this notice, their supporting memorandum of points and authorities, the records on file in this action, and any argument the Court may entertain at the hearing on this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Without seeking the Court's permission and without any other legal basis for doing so, on May 25, 2021, Plaintiffs files a document titled "Plaintiffs' Response to March 26, 2021 Order Granting Leave to File Motion Re: DSH Hospital-Wide Staffing Data" (Response). (ECF Nos. 7183, 7183-1). Defendants now move to strike Plaintiffs' self-styled Response because it violates this Court's December Order, which expressly prohibits unsolicited filings "non-responsive to its orders" (ECF No. 7003). Moreover, the materials in Plaintiffs' Response are not properly part of the record in this case and should not remain on the docket. Because Plaintiffs' Response amounts to a disguised attempt to deposit data and argument into the record without the Court's permission, it should be stricken from the docket.

### FACTUAL BACKGROUND

On March 26, 2021, this Court granted Plaintiffs' request for leave to file a motion to compel the Department of State Hospitals (DSH) to respond to discovery seeking hospital-wide data showing clinical staffing allocations and vacancies for the three DSH programs treating *Coleman* class members, and required Plaintiffs' motion to be filed within sixty days. (ECF No. 7106.) Plaintiffs were supposed to notice their motion for hearing on the Court's regular law-and-motion calendar and briefed consistent with this District's Civil Local Rule 230. (*Id*.) The authorization granted by the Court's order expired after sixty days, on May 25, 2021. (*Id*.) On that date, rather than filing a motion as authorized, Plaintiffs filed a self-styled Response to the Court's order that contained argument and various unsupported allegations, and that attached sixty pages of unrequested miscellaneous data. (ECF Nos. 7183, 7183-1.) Plaintiffs' Response explained that since their request for leave to file a motion seeking the hospital-wide data was granted, DSH produced the materials they sought through an April 16, 2021 Public Records Act

2

Defs.' Mot. to Strike (2:90-cv-00520 KJM-DB (PC))

(PRA) request, and that the documents Plaintiffs filed with the Response were obtained from that PRA production. (ECF Nos. 7183 at 2, 7183-1 at 2.)

Defendants immediately requested that Plaintiffs withdraw the unauthorized Response to the Court's March 26 order. Plaintiffs, however, refused to withdraw any portion of their Response. (ECF No. 7217 at 2.) As a result, Defendants requested leave to file a motion to strike the data under the Court's December 24, 2020 order, which was granted. (ECF No. 7219.)

## ARGUMENT

### PLAINTIFFS' RESPONSE IS ARGUMENTATIVE AND VIOLATES THIS COURT'S DECEMBER 24, 2020 ORDER PROHIBITING NON-RESPONSIVE FILINGS (ECF NO. 7003).

This Court has previously stated that it intends to strike "all suggestions for court action presented under the guise of status reports and other documents the court deems non-responsive to its orders." (ECF No. 7003.) Plaintiffs' Response and its attachments qualify as such a non-responsive filing because this Response was not solicited or authorized by the Court; moreover, Plaintiffs did not seek permission prior to filing this "Response," as required by the Court's December 24 Order. (*See id.*; ECF No. 7183.) Here, the Court allowed Plaintiffs to file a motion seeking hospital-wide data from DSH by May 25, 2021. Before that authorization expired, Plaintiffs received some of the data they wanted from DSH through a PRA request. At most, Plaintiffs could have informed the Court that they had received the necessary documents from DSH and would therefore not be filing a motion to compel production. But instead, Plaintiffs filed a "Response" to the Court's order that included an unsolicited argument and allegations regarding DSH's hospital-wide staffing, and an attorney declaration that included the DSH documents they obtained through the PRA request. (ECF Nos. 7183, at 2, 7183-1.) Such argumentation was wholly improper because the Court's March 26 Order did not grant Plaintiffs leave to file briefing or argument on DSH's hospital-wide staffing data outside a motion to compel, nor did it direct Plaintiffs to put documents they obtained through a PRA request into the record. Plaintiffs' Response is a backdoor attempt to improperly insert argument and documents into the Court's docket in violation of the Court's December 24 Order prohibiting non-responsive filings. (ECF No. 7003.) In this instance, Plaintiffs' attempt is particularly egregious because

3

Defs.' Mot. to Strike (2:90-cv-00520 KJM-DB (PC))

Defendants did not have any opportunity to respond to their characterizations of documents and data that DSH produced in response to a point-in-time PRA request.

## CONCLUSION

The Court should strike Plaintiffs' Response as wholly unresponsive to the authorization granted by its March 26 order permitting Plaintiffs to file a motion for leave to file discovery seeking hospital-wide staffing data from DSH.

DATED: September 3, 2021
ROB BONTA
Attorney General
DAMON MCCLAIN
Supervising Deputy Attorney General

By: */s/ Namrata Kotwani*
Namrata Kotwani
Deputy Attorney General

*Attorneys for Defendants*

DATED: September 3, 2021
HANSON BRIDGETT LLP

By: */s/ Samantha Wolff*
PAUL B. MELLO
SAMANTHA D. WOLFF
LAUREL E. O'CONNOR
DAVID C. CASARRUBIAS

*Attorneys for Defendants*

4

Defs.' Mot. to Strike (2:90-cv-00520 KJM-DB (PC))