DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

CLAUDIA CENTER – 158255
DISABILITY RIGHTS EDUCATION
AND DEFENSE FUND, INC.
Ed Roberts Campus
3075 Adeline Street, Suite 210
Berkeley, California 94703-2578
Telephone: (510) 644-2555

MICHAEL W. BIEN – 096891
JEFFREY L. BORNSTEIN – 099358
ERNEST GALVAN – 196065
LISA ELLS – 243657
THOMAS NOLAN – 169692
JENNY S. YELIN – 273601
MICHAEL S. NUNEZ – 280535
JESSICA WINTER – 294237
MARC J. SHINN-KRANTZ – 312968
CARA E. TRAPANI – 313411
ALEXANDER GOURSE – 321631
AMY XU – 330707
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>GAVIN NEWSOM, et al.,<br><br>    Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE RESPONSE TO MARCH 26, 2021 ORDER**<br><br>Judge: Hon. Kimberly J. Mueller<br>Date: Oct. 1, 2021<br>Time: 10:00 a.m. |

[3794416.3]

Defendants ask the Court to strike a one-page filing in which Plaintiffs explained why a motion the Court had granted them leave to file would not be necessary for the time being, as well as the attached data intended to illustrate for the Court why that motion was not immediately necessary but might become necessary in the future. This Court should deny Defendants' motion because Plaintiffs' filing was entirely proper under this Court's December 24, 2020 Order, ECF No. 7003, and the law governing motions to strike.

**FACTUAL BACKGROUND**

In 2017, Defendants made a unilateral decision to stop providing Plaintiffs' counsel and the Special Master with important information about Department of State Hospital ("DSH") staffing as part of their monthly reporting obligations in this case. Instead of providing hospital-wide data showing the number of positions allocated and filled at the three DSH hospitals that treat *Coleman* class members, as they had done for over a decade previously, Defendants began reporting only on clinical staffing levels for the subset of units within those hospitals that DSH describes as its "*Coleman* units." Plaintiffs objected to this change in writing on multiple occasions because, as Defendants themselves have acknowledged, there is a regular and ongoing flow in staffing coverage between the "*Coleman*" and "non-*Coleman*" units. Clinical vacancies outside of *Coleman* units therefore remain highly relevant to this case.

On March 25, 2021, pursuant to this Court's Order of December 24, 2020, ECF No. 7003, Plaintiffs' counsel requested leave to file a motion to compel the production of hospital-wide staffing data for the three DSH hospitals that treat *Coleman* class members, after Defendants repeatedly refused to provide the information and the Special Master confirmed the impasse. *See* Pls.' Request for Leave, ECF No. 7105. The Court granted Plaintiffs' request the following day, with the caveat that the authorization would expire in sixty days. *See* 3/26/21 Order, ECF No. 7106 at 1. Three weeks later, on April 16, 2021, Defendants produced the records Plaintiffs sought in response to a separate request Plaintiffs had submitted under California's Public Records Act on March 25, 2021, requesting hospital-wide staffing data for the last two years.

1  In order to keep the Court informed of the status of the dispute (and to preempt a
2  claim that Plaintiffs had waived any rights for related future relief by failing to file their
3  motion), Plaintiffs notified the Court that the parties had resolved their dispute for the time
4  being, at least as it related to *past* DSH staffing records.  See May 25 Response, ECF
5  No. 7183 at 2.  Plaintiffs' counsel attached the information Defendants had provided to
6  Plaintiffs to illustrate for the Court what portion of the dispute had been resolved and to
7  explain why a motion might nevertheless be needed in the future.  See Ex. A to Decl. of
8  Lisa Ells ISO May 25 Response, ECF No. 7183-1 at 3.

9  **ARGUMENT**

10  Plaintiffs' May 25 Response is not the kind of argumentative and non-responsive
11  briefing this Court indicated it would strike during the December 18, 2020 hearing and in
12  its December 24, 2020 order.  It does not "lard[] the docket with legal positions," as the
13  Court warned the parties not to do during the December 18 hearing.  Tr. of 12/18/20
14  Hearing, ECF No. 7002 at 7.  Nor does it covertly suggest that the Court take further
15  action, without actually moving the Court for relief.  See 12/24/20 Order, ECF No. 7003 at
16  1.  Rather, Plaintiffs' May 25 Response notifies the Court that (a) the parties have resolved
17  their dispute over past DSH staffing records for the time being, and (b) a motion might
18  nevertheless be required in the future given Defendants' years-long refusal to provide the
19  disputed information prior to their apparent recent change in heart.

20  Everything in Plaintiffs' May 25 Response is responsive to the Court's March 26
21  Order granting them leave to file a motion to compel.  That Order granted Plaintiffs leave
22  to file the proposed motion, but stated that the authorization would expire in 60 days.  See
23  3/26/21 Order, ECF No. 7106 at 1.  Defendants' subsequent decision to provide Plaintiffs'
24  counsel with *past* hospital-wide staffing data pursuant to their Public Records Act request
25  partially resolved the dispute that Plaintiffs had told the Court it would need to address due
26  to the parties' clear impasse.  But Plaintiffs did not and could not know whether
27  Defendants would return to their practice of refusing to produce similar hospital-wide data
28  moving forward.  As a result, Plaintiffs' counsel explained in their May 25 Response that

they intended to preserve their right to renew their request for leave if, in the future, Defendants did not return to their pre-2017 practice of providing such hospital-wide data. May 25 Response, ECF No. 7183 at 2. To illustrate for the Court why a motion was no longer needed within the 60-day time frame but might nevertheless prove necessary in the future, Plaintiffs attached the specific data that Defendants had produced to them. *See* Ex. A to Decl. of Lisa Ells ISO May 25 Response, ECF No. 7183-1 at 3. This was not a "backdoor attempt to improperly insert argument and documents into the Court's docket," as Defendants now suggest. Defs.' Mot. to Strike, ECF No. 7298 at 3. It was a fully transparent attempt to make the Court aware of what issues may or may not require its time and attention, both in the short term and after the 60-day authorization expired.

Nor have Defendants met their burden under the traditional standard for a motion to strike. *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter."). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). As explained above, the information Defendants ask the Court to strike is both material and pertinent to this case, and is directly responsive to the Court's March 26 Order. The information is not redundant because it does not appear anywhere else in the record. Nor is the information "scandalous"—for more than a decade Defendants provided similar data to Plaintiffs' counsel without objection, and they have not identified any harm whatsoever that would result from Plaintiffs' May 25 Response remaining on the docket. If anything, that Response *reduces* the risk of spurious litigation in the future because it identifies for the Court exactly what portions of the parties' dispute have and have not been resolved.

Indeed, Plaintiffs' concern that Defendants may not continue voluntarily providing the hospital-wide data going forward appears prescient. On July 1, 2021, after Plaintiffs filed their May 25 Response in lieu of a motion compelling production, Plaintiffs submitted a second Public Records Act request seeking the same hospital-side data for the four months following its prior, successful request. Two and a half months later, DSH still

has not provided the requested records. *See* Decl. of Thomas Nolan In Support of Plaintiffs' Opposition to Motion to Strike, filed herewith, ¶¶ 2-5. By contrast, DSH responded to Plaintiffs' initial PRA request of March 25, 2021 just three weeks later on April 16, 2021 by providing the full two years of hospital-wide data Plaintiffs requested. DSH's ongoing foot-dragging, coupled with its unilateral decision to stop providing this data and repeated refusal to resume doing so until Plaintiffs received authorization from this Court to file a motion compelling production, has borne out Plaintiffs' concerns stated in their May 25 Response that a future motion may be necessary.

## CONCLUSION

Plaintiffs' May 25 Response is neither argumentative nor non-responsive to this Court's order granting them leave to file a motion to compel. Indeed, Defendants' subsequent failure to continue voluntarily providing the hospital-wide data at issue in the May 25 Response makes clear why Plaintiffs' reservation of rights was entirely necessary and warranted. Nor have Defendants satisfied the traditional standard for a motion to strike under Rule 12(f). Accordingly, the Court should deny Defendants' Motion to Strike in full.

## CERTIFICATION

In preparing this filing, Plaintiffs' counsel certifies that he reviewed the following orders: ECF Nos. 7003, 7106.

DATED:  September 17, 2021        Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Alexander Gourse*
    Alexander Gourse

Attorneys for Plaintiffs