ROB BONTA, State Bar No. 202668
Attorney General of California
MONICA N. ANDERSON, State Bar No. 182970
Senior Assistant Attorney General
DAMON MCCLAIN, State Bar No. 209508
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
NAMRATA KOTWANI, State Bar No. 308741
Deputy Attorneys General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 510-4431
 Fax: (415) 703-5843
 E-mail: Namrata.Kotwani@doj.ca.gov
*Attorneys for Defendants*

HANSON BRIDGETT LLP
PAUL B. MELLO, State Bar No. 179755
SAMANTHA D. WOLFF, State Bar No. 240280
LAUREL E. O'CONNOR, State Bar No. 305478
DAVID C. CASARRUBIAS, State Bar No. 321994
 1676 N. California Boulevard, Suite 620
 Walnut Creek, CA 94596
 Telephone: (925) 746-8460
 Fax: (925) 746-8490
 E-mail: PMello@hansonbridgett.com
*Attorneys for Defendants*

ROMAN M. SILBERFELD, State Bar No. 62783
GLENN A. DANAS, State Bar No. 270317
ROBINS KAPLAN LLP
 2049 Century Park East, Suite 3400
 Los Angeles, CA 90067-3208
 Telephone: (310) 552-0130
 Fax: (310) 229-5800
 E-mail: RSilberfeld@RobinsKaplan.com
*Special Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                                    Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>                                    Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFFS' RESPONSE TO MARCH 26, 2021 ORDER GRANTING LEAVE TO FILE MOTION RE: DSH HOSPITAL-WIDE STAFFING DATA**<br><br>Date:       October 1, 2021<br>Time:      10:00 a.m.<br>Judge:     Hon. Kimberley Mueller |

**INTRODUCTION**

Plaintiffs' Opposition effectively concedes that their May 26 filing contains extraneous data and argument that is not responsive to the Court's order granting them leave to file a motion to compel discovery. Plaintiffs' May 26 filing could have simply advised the Court of the status of their dispute with Defendants by stating "that the parties had resolved their dispute for the time

1

Defs.' Reply in Supp. of Mot. to Strike (2:90-cv-00520 KJM-DB (PC))

being, at least as it related to *past* DSH [Department of State Hospitals] staffing records," but that a motion to compel "might become necessary in the future" if DSH does not provide this information going forward. ECF No. 7318, at 2. Instead, Plaintiffs' filing included improper allegations and argument about hospital-wide staffing at DSH, and deposited on the docket, without leave of court and without proper foundation, a slew of documents Plaintiffs received from DSH in response to a Public Records Act ("PRA") request. Plaintiffs' Opposition does not address why or under what authority their May 26 filing included unfounded allegations, nor does it provide a meaningful explanation for why attaching DSH's response to a PRA request was *necessary* "to explain why a motion might nevertheless be needed in the future." *See id.* Plaintiffs' after-the-fact justifications regarding the improper inclusion of unsolicited argument and data—in violation of an express Court order—should be rejected.

## ARGUMENT

### I. PLAINTIFFS' OPPOSITION IS SILENT ABOUT THE UNAUTHORIZED INCLUSION OF ALLEGATIONS REGARDING DSH STAFFING IN THE MAY 26 FILING.

Plaintiffs state that they were not attempting to "lard[] the docket with legal positions," but that is exactly what they did. *See* December 18 hearing. Tr. of 12/18/20 Hearing, ECF No. 7002 at 7. This Court authorized Plaintiffs to file a motion to compel production of hospital-wide staffing data for the three DSH hospitals that treat *Coleman* class members. Instead of filing such a motion, Plaintiffs filed a self-styled "Response," which included allegations regarding staffing at DSH based on documents obtained through a PRA request. *See* ECF No. 7183, at 2:15-23. Plaintiffs did not address these extraneous allegations impugning staff vacancies at DSH in their Opposition. They also completely ignored Defendants' call to explain the relevance of such allegations in the context of what should have been a simple notice informing the Court that the authorized motion to compel "would not be necessary for the time being." *See* ECF No. 7318, at 2. Accordingly, the allegations pertaining to DSH staffing in lines 15 to 23 of Plaintiffs' May 26 filing should be stricken from the record. *See* ECF No. 7183, at 2.

2

Defs.' Reply in Supp. of Mot. to Strike (2:90-cv-00520 KJM-DB (PC))

## II. PLAINTIFFS' OPPOSITION SUPPORTS STRIKING THE ELLS DECLARATION.

This Court did not invite Plaintiffs to submit documents that DSH provided to Plaintiffs in response to a PRA request; rather, it permitted Plaintiffs to file a motion to compel production of hospital-wide staffing data. If this Court would have granted Plaintiffs' motion to compel following briefing on the merits, Plaintiffs' requests for information to DSH would be subject to the Federal Rules of Civil Procedure. DSH's response to a PRA request is not governed by those rules; indeed, it may not even be relevant to the ongoing litigation. Plaintiffs, however, claim that "counsel [Ells] attached the information Defendants had provided to Plaintiffs to illustrate for the Court what portion of the dispute had been resolved and to explain why a motion might nevertheless be needed in the future." *See* ECF No. 7318, at 2 (citing Ex. A to Decl. of Lisa Ells ISO May 25 Response, ECF No. 7183-1 at 3). But this spurious explanation is belied by the fact that the text of Plaintiffs' May 26 filing already achieved that purpose:

> Because Defendants are no longer refusing to provide the hospital-wide staffing information Plaintiffs sought, Plaintiffs' planned motion seeking an order requiring production of that data is no longer necessary. Should Defendants again refuse to provide the hospital-wide staffing data in the future, however, Plaintiffs will renew their request to file a motion consistent with this Court's December 24, 2020 order, ECF No. 7003. ECF No. 7183, at 2:24-28.

The Court did not authorize Plaintiffs to provide such an explanation, and none was needed. But, even assuming *arguendo* that Plaintiffs were authorized to provide it, Plaintiffs were clearly capable of making that point without improperly filing the Ells declaration and sixty-two pages of DSH records. Plaintiffs' backdoor insertion of argument and data onto the Court's docket violates the December 24 Order prohibiting non-responsive filings. *See* ECF No. 7003.

## CONCLUSION

The Court should strike Plaintiffs' May 26 filing as unresponsive to the authorization granted by the Court's March 26 order, which only permitted Plaintiffs to file a motion to compel.

## CERTIFICATION

In preparing this filing, Plaintiffs' counsel certifies that she reviewed the following orders: ECF Nos. 7003, 7106.

3

Defs.' Reply in Supp. of Mot. to Strike (2:90-cv-00520 KJM-DB (PC))

| | | |
|---|---|---|
| 1 | DATED: September 24, 2021 | ROB BONTA |
| 2 | | Attorney General |
| | | DAMON MCCLAIN |
| 3 | | Supervising Deputy Attorney General |

By:   */s/ Namrata Kotwani*
      Namrata Kotwani
      Deputy Attorney General

*Attorneys for Defendants*

DATED: September 24, 2021      HANSON BRIDGETT LLP

By:   */s/ Samantha Wolff*
      PAUL B. MELLO
      SAMANTHA D. WOLFF
      LAUREL E. O'CONNOR
      DAVID C. CASARRUBIAS

*Attorneys for Defendants*

CF1997CS0003
42885644.docx

4

Defs.' Reply in Supp. of Mot. to Strike (2:90-cv-00520 KJM-DB (PC))

# CERTIFICATE OF SERVICE

Case Name:   *Coleman v. Newsom, et al.,*    No.   **2:90-cv-00520 KJM-DB (PC)**

I hereby certify that on September 24, 2021, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFFS' RESPONSE TO MARCH 26, 2021 ORDER GRANTING LEAVE TO FILE MOTION RE: DSH HOSPITAL-WIDE STAFFING DATA**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on September 24, 2021, at San Francisco, California.

| N. Codling | /s/ N. Codling |
|---|---|
| Declarant | Signature |

CF1997CS0003
42885653.docx