Rob Bonta, State Bar No. 202668
Attorney General of California
Monica N. Anderson, State Bar No. 182970
Senior Assistant Attorney General
Damon McClain, State Bar No. 209508
Supervising Deputy Attorney General
Elise Owens Thorn, State Bar No. 145931
Namrata Kotwani, State Bar No. 308741
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7318
  Fax: (916) 324-5205
  E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

HANSON BRIDGETT LLP
Paul B. Mello, SBN 179755
Samantha D. Wolff, SBN 240280
Laurel E. O'Connor, SBN 305478
David C. Casarrubias, SBN 321994
1676 N. California Blvd., Suite 620
Walnut Creek, California 94596
Telephone:  925-746-8460
Facsimile:  925-746-8490
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GAVIN NEWSOM, et al. <br><br> Defendants. | Case No. 2:90-CV-00520- KJM-DB <br><br> **JOINT RESPONSE TO AUGUST 3, 2020 ORDER RE: EFFICACY OF THE UPDATING PROCESS AND PROPOSED AMENDMENTS** <br><br> Judge:  Hon. Kimberly J. Mueller |

      The Court's August 3, 2020 order ("Order") "provisionally approved" a process for Defendants to follow when updating policies and regulations. ECF No. 6806 (Aug. 3, 2020 Order) at 15:21. The Order also instructed the parties to "file a joint submission, with input from the Special Master, on the efficacy of the updating process the court provisionally approves in this order together with, as appropriate, any proposed amendments to the process." *Id.* at 18:1-4.

      In the ensuing year, as the parties have worked to implement the updating process set forth in the Order, the parties determined that additional efficiencies can be gained. The parties agree that they are amenable to an alternative process for providing notice of policies and regulations

that may affect the court-approved remedy and updating the Program Guide and Compendium of Custody Related Remedial Measures ("Compendium") as appropriate on an annual basis. The parties also agree that it is critical to have clarity about the definition of "material modification" for these purposes. The parties were ultimately able to reach agreement as to whether many of the policies at issue constituted a material modification to the Program Guide or Compendium, and in the process, refined their dispute about the definition of the term.

For these reasons, the parties have been working together, with the assistance of the Special Master, to discuss possible amendments to the process initially set forth in the Order. The parties have exchanged numerous written proposals and participated in several meet and confer discussions facilitated by the Special Master. The parties reached final agreement[1] as to the terms

---

[1] In the event that the District Court accepts the parties' proposed updating process without modification of the agreed upon terms, then Defendants also agree to move for voluntary dismissal of all or some part of their appeal of the August 3, 2020 order to the extent such appeal is mooted or replaced by the new agreement. Such agreement is contingent upon the Ninth Circuit granting such a request for dismissal. However, because the District Court lacks jurisdiction over the issues raised in Defendants' appeal, it cannot modify the August 3, 2020 order except in the form of accepting—as written and in its entirety—the compromise agreement submitted jointly by Plaintiffs and Defendants. Should the court do otherwise, *i.e.*, should it add or subtract from any agreement reached and submitted jointly by Plaintiffs and Defendants, then Defendants: a) withdraw their consent to compromise; b) will not move to dismiss their appeal; and c) contend any such order entered by the District Court is void for lack of jurisdiction and will take all necessary steps to have the order declared void including by bringing the jurisdictional issue to the Ninth Circuit. Notwithstanding Plaintiffs' contentions below, the Ninth Circuit will decide whether the August 3, 2020 order is an appealable order.

Plaintiffs dispute Defendants' assessment of the legal effect of the pending appeal on the Court's jurisdiction. This Court can proceed without awaiting the Ninth Circuit's disposition of Defendants' appeal of the August 3, 2020 order because that appeal is plainly invalid and thus cannot, as a matter of law, divest this Court of jurisdiction. *See Ruby v. Secretary of U.S. Navy*, 365 F.2d 385, 388-89 (9th Cir. 1966); *see also* June 17, 2020 Order, ECF No. 6730 (finding Defendants' appeal of two other 2020 orders did not divest Court of jurisdiction to proceed). The August 3, 2020 order neither granted nor modified an injunction within the meaning of 28 U.S.C. § 1292(a)(1) and this Court's precedents. Rather, the order pertains only to the "conduct or progress of litigation before th[e] court" and is thus not appealable under the narrowly construed exception to the final judgment rule laid out in Section 1292(a)(1). *See Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 279 (1988). As a result, the appeal lacks jurisdiction and cannot as a matter of law divest this Court of jurisdiction. The appeal also lacks jurisdiction because the August 3, 2020 order is non-final and expressly provisional in nature. *See Coleman v. Newsom*, 789 F. App'x 38, 40 (9th Cir. 2019) ("Our lack of jurisdiction over this appeal is reinforced because Appellants can obtain the relief they seek in a later appeal."); *Coleman v. Brown*, 743 F. App'x 875, 876 (9th Cir. 2018) (dismissing appeal for lack of jurisdiction where underlying order expressly contemplated further proceedings which would give rise to an appealable order). Nonetheless, Plaintiffs support the

of an updating process, set forth fully in **Exhibit A**. Further, the parties submit that they will be unable to fully implement the annual updating process contemplated in Exhibit A until the dispute as to the definition of "material modification" is resolved.[2] The parties jointly request that this Court adopt their proposed updating process in full and set the issue of "material modification" for briefing without delay.

    The Special Master certifies that the terms of the updating process, as set forth in Exhibit A, were developed with his input. The Special Master further certifies that he did not discuss the positions of the parties set forth in footnote one of this filing nor was he involved in the negotiations involving the same.

DATED: September 29, 2021                    ROSEN BIEN GALVAN & GRUNFELD LLP

By:     */s/ Lisa Ells*
       LISA ELLS
       *Attorneys for Plaintiffs*

DATED: September 29, 2021                    HANSON BRIDGETT LLP

By:     */s/ Samantha Wolff*
       PAUL B. MELLO
       SAMANTHA D. WOLFF
       Attorneys for Defendants

---

new, negotiated process for annual updating of the court-approved remedy, outlined in Exhibit A, and request that the Court issue an order implementing it.

[2] Concurrent with this filing, the parties jointly submit an updated Program Guide and an updated Compendium of Custody Related Remedial Measures. However, the parties disagree as to whether five updated policies should be included in the updated Program Guide due to their disagreement as to the definition of "material modification."

DATED: September 29, 2021

ROB BONTA
Attorney General of California
DAMON MCCLAIN
Supervising Deputy Attorney General

_/s/ Elise Thorn_
ELISE THORN
Deputy Attorney General
*Attorneys for Defendants*