# EXHIBIT A

The Parties' Joint Notice and Annual Updating Process Agreement

Notice:

***CDCR***

Defendants will provide all proposed new regulations or policies that may affect the court-ordered remedy in this case to Plaintiffs and the Special Master. Defendants will initially provide the proposed policy or regulation to the Special Master along with Defendants' position on materiality and whether the proposed policy or regulation (or changes to an existing policy or regulation) should be included within the Program Guide or Compendium Update. Defendants will also provide a redline of the proposed changes when the proposed regulation or policy modifies an existing regulation or policy. Upon receipt, the Special Master and his experts will review the proposed policy or regulation to determine whether they believe it is a material modification and should be included in the Program Guide or Compendium. If the Special Master's team believes the proposed policy or regulation is not a material modification, they will have 14 days to provide comments to the policy or regulation language. If the Special Master's team believes the proposed policy or regulation is a material modification, they will have 30 days to provide comments to the proposed policy or regulation language, including a description of whether each comment is a suggestion or is, in their view, necessary to the remedy. These timelines will start upon initial receipt of the proposed policy or regulation. During that time, members of the Special Master's team and Defendants may meet as necessary in a small workgroup setting to discuss the proposed policy or regulation.

After the initial review process outlined above, Defendants shall provide to Plaintiffs' counsel the proposed regulations or policies along with a statement as to which parts of the remedy are implicated, the rationale for the change, and their position regarding whether the regulation or policy is a material modification and should be included in the Program Guide or Compendium. Defendants will also provide a redline of the proposed changes when the proposed regulation or policy modifies an existing regulation or policy. The parties and the Special Master will have a standing meeting every 60 days to discuss those policies and regulations for which the initial review process has been completed, although the parties may agree that certain proposed policies or regulations may move forward without a meeting.

All proposed policies and regulations that have completed the initial review process and are ripe for discussion at the next standing 60-day meeting shall be provided to Plaintiffs' counsel, along with all accompanying statements, no later than 14 days prior to that meeting. Within 14 days after the meeting, Plaintiffs' counsel and the Special Master will provide final comments on the policy or regulation, a description of whether each comment is a suggestion or is, in their view, necessary to the remedy, and their position regarding whether the policy is a material modification and should be included in the Program Guide or Compendium. Defendants will review the comments and will provide a response and a revised version of the policy or regulation as Defendants deem appropriate. Along with the response, Defendants will provide a final position regarding whether the policy or regulation is a material modification and should be included in the Program Guide or Compendium. CDCR will then finalize and issue the policy or, in the case of a proposed regulation, proceed with the initiation of the Administrative Procedures

Act process. Defendants will provide a final copy of the regulation or policy to Plaintiffs and the Special Master upon implementation.

Defendants may present regulations subject to the emergency rulemaking process and emergent policies on an *ad hoc* basis outside of the process above. Defendants will provide as much advanced notice as possible under the circumstances, and an opportunity to meet and confer in advance of implementation. Defendants will provide at least 14 days of notice for emergency regulations. In the rare event of a proposed policy that implicates immediate safety, security, or treatment issues that must be addressed immediately, CDCR will provide as much notice as reasonably possible and generally not less than 7 days.

The parties maintain their existing rights to address areas of concern in the proposed rules and policies, including through court intervention as necessary. All deadlines may be extended by mutual agreement or by court order upon a showing of good cause.

*DSH*

DSH and the Plaintiffs agree that the current policies or regulations subject to this process are: the CDCR-DSH MOU (dated November 2017, and any subsequent versions) and the following 11 associated policies:

PD 3601 – Referral Admission and Movement

PD 3602 – Rules Violation Reporting

PD 3603 – Suicide Review

PD 3604 - Medical Cases

PD 3605 – DSH Referral and Penal Code Section 2602

PD 3606 – Utilization Management

PD 3607 – Treatment Planning

PD 3608 – Non-formulary Psychotropic Medications

PD 3609 – Discharge

PD 3610 – DSH Facility Pre-Release Planning

PD 3611 – Penal Code 1370 Commitments from CDCR

DSH and CDCR agree that any proposed changes to the MOU and these 11 related policies may affect the court-ordered remedy in this case.

As such, DSH and CDCR will provide to the Special Master any proposed changes to those documents, or any other policies or regulations implementing court orders[1] or specific to Coleman class members, and meet and confer with the Special Master's Experts, to consider incorporating their suggestions and revisions, as appropriate.

After meeting and conferring with the Special Master, CDCR and DSH will provide to Plaintiffs' counsel the aforementioned proposed documents, policies, and regulations according to the process outlined above.

Annual Updating:

The parties will work together, under the guidance of the Special Master, to complete the Annual Update to be filed annually by September 1. Given that the parties and the Special Master will set forth their initial positions regarding which policy or regulations are a material modification and should be included in the Program Guide or Compendium during the notice process, the policies and regulations in dispute are anticipated to be limited.

Defendants shall provide a list of all policies or regulations that they believe are a material modification and should be included in the annual update by July 15. The parties will meet and confer, under the guidance of the Special Master, to attempt to resolve any outstanding disputes. If the parties cannot agree on which policies or regulations must be included in the annual update, they shall submit their written positions to the Special Master by August 15 on an annual basis. The Special Master shall then file his final recommendation as to whether each of the disputed policies or regulations is a material modification and should be included in the Program Guide or Compendium on September 1. Concurrently, the parties will jointly file the annual update to the Program Guide and Compendium, which will include all of the policies and regulations as to which there is no dispute. The parties will have an opportunity to object to the Special Master's recommendation within 30 days as provided for in the Order of Reference. ECF Nos. 640, 6230.

---

[1] This includes the regulations and policies referenced in the parties' stipulation at ECF No. 6431.

[3798084.7]

17901255.3