ROB BONTA, State Bar No. 202668
Attorney General of California
MONICA N. ANDERSON, State Bar No. 182970
Senior Assistant Attorney General
DAMON MCCLAIN, State Bar No. 209508
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
NAMRATA KOTWANI, State Bar No. 308741
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7318
 Fax: (916) 324-5205
 E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

HANSON BRIDGETT LLP
PAUL B. MELLO, State Bar No. 179755
SAMANTHA D. WOLFF, State Bar No. 240280
LAUREL E. O'CONNOR, State Bar No. 305478
DAVID C. CASARRUBIAS, State Bar No. 321994
 1676 N. California Boulevard, Suite 620
 Walnut Creek, CA 94596
 Telephone: (925) 746-8460
 Fax: (925) 746-8490
 E-mail: PMello@hansonbridgett.com
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>　　　　　　　　　　　Defendants. | Case No. 2:90-cv-00520 KJM-DB (PC)<br><br>**STIPULATION AND [PROPOSED] ORDER APPROVING DEFENDANTS' PLAN TO TREAT MAXIMUM CUSTODY PATIENTS IN PSYCHIATRIC INPATIENT PROGRAMS**<br><br>Judge: The Hon. Kimberly J. Mueller |

On July 26, 2021, the Court ordered the parties to engage in settlement negotiations with the assistance of a magistrate judge to address disagreements concerning Defendants' use of Therapeutic Treatment Modules (TTMs) in inpatient settings. (ECF No. 7246.) The parties met and discussed the California Department of Corrections and Rehabilitation's (CDCR) use of TTMs in inpatient settings and the treatment of patients on Maximum custody ("Max custody") with Magistrate Judge Kendall Newman and the *Coleman* Special Master on September 15, October 5, and November 1, 2021. Based on the settlement negotiations, the parties agree to the

[3815262.3]

1

Stip. and [Prop.] Order Approv. Defs.' Plan to Treat Max. Cust. Patients in PIPs (2:90-cv-00520 KJM-DB (PC))

17977195.7

terms set forth below that provide for Defendants' use of TTMs[1] to deliver mental health care to *Coleman* class members in Psychiatric Inpatient Programs (PIPs).

I.  **DEFENDANTS' PLAN**

1. Defendants have developed and plan to implement a memorandum titled *Maximum Custody Reduction Reviews for Psychiatric Inpatient Program Participants* to provide direction regarding the preference for and ability to remove the designation of Max custody from *Coleman* class members in PIPs when appropriate. A copy of the memorandum is attached as Exhibit A to this stipulation. Defendants agree to implement the process set forth in the *Maximum Custody Reduction Reviews for Psychiatric Inpatient Program Participants* memorandum based on the preliminary activation schedule and plan provided to Plaintiffs and the terms of the stipulation.

2. Defendants will take steps to finalize the *Maximum Custody Reduction Reviews for Psychiatric Inpatient Program Participants* memorandum, which may include appropriate notice to any labor union effected, upon the Court's approval of this stipulation. Defendants will take all steps required to implement the memorandum as quickly as possible, and no later than 90 days following the Court's approval of this stipulation.

3. Defendants will develop training for custody and mental health staff on the Max custody review process that will be provided to Plaintiffs' counsel for review within 90 days of the Court's approval of this stipulation.

4. Defendants will install TTMs for use under this stipulation at the California Health Care Facility and other PIPs as necessary. TTMs will be limited to those areas where Max custody patients program. Defendants will provide Plaintiffs and the Special Master with advance notice of installation of TTMs at all PIPs moving forward, including the basis for the proposed installation as well as the proposed number and placement of the TTMs. Plaintiffs will have 30 days to respond regarding the proposed number and placement of the TTMs. The parties will meet and confer during that time period as necessary.

---

[1] The parties agree all TTMs envisioned by this agreement will conform to the specifications previously set forth at ECF Nos. 4714-12 (Jan. 12, 2007 Memorandum from Office of Special Master re Therapeutic Treatment Module Specifications), and 7333-2 at 4 (Compendium Reference to May 3, 2012, memo regarding Wheelchair Accessible Therapeutic Treatment Module Specifications).

[3135223]   2

Stip. and [Prop.] Order Approv. Defs.' Plan to Treat Max. Cust. Patients in PIPs (2:90-cv-00520 KJM-DB (PC))

17977195.7

5. Defendants will take steps necessary to revise the Electronic Health Record System to require that the IDTT assess each Max custody patient for recommendation to the ICC for a Max custody review, no later than November 30, 2021.

6. Defendants will take all steps necessary to ensure that treatment in the PIPs targets behaviors that result in patients being placed or continued on Max custody if mental health symptoms may have contributed to the behavior(s), and that such treatment is addressed toward the goal of helping patients get off of Max custody when appropriate. Such steps include, but are not limited to, continuing the already-established PBST program and implementing the STEP program.

7. Defendants will train staff to respond to behavior in the PIPs without using RVRs, and through alternative responses that do not result in patients being placed on Max custody while in the PIPs, when appropriate.

8. Defendants will submit a report to the Special Master and Plaintiffs on the status of implementation of the *Maximum Custody Reduction Reviews for Psychiatric Inpatient Program Participants* memorandum and on the designation of *Coleman* class members in PIPs on Max custody within nine months from the Court's approval of this stipulation.

9. For two years following the initial implementation report, Defendants will submit to the Special Master and Plaintiffs a quarterly report on the status of the implementation of the *Maximum Custody Reduction Reviews for Psychiatric Inpatient Program Participants* memorandum, including the status of *Coleman* class members in PIPs who are on Max custody. Defendants' quarterly production will include the following information:

    a. A roster of patients the MHCT recommended for removal from Max custody during the reporting period;

    b. A report with information regarding the bi-weekly MHCT and Deputy Director reviews and subsequent ICCs for the reporting period, including comments as to why a patient was retained or placed on Max custody. The parties will meet and confer regarding the contents and format of this report; and

      c. ICC determinations, including the classification chrono, rules violation report packet(s), and supporting documents, excluding confidential memoranda, for a random sample of the patients retained or placed on Max custody during the reporting period. The parties will work together to develop a random sampling methodology for this production.

10. Plaintiffs' counsel shall be permitted to observe a reasonable number of Max custody review ICCs for a two-year period.

11. At the end of the two-year period, the parties will meet and confer about the frequency and scope of the obligations outlined in paragraphs 9 and 10 above.

## II. ENFORCEMENT

12. Resolution of issues related to the enforcement or interpretation of the commitments set forth in this stipulation shall include a reasonable continued period of negotiations facilitated by Magistrate Judge Kendall Newman or a mutually agreed upon neutral. Issues that are not resolved after a reasonable period of negotiation may be presented by any party to the *Coleman* court for resolution.

## III. NATURE OF THIS STIPULATION

13. Defendants contend that the use of TTMs to deliver mental health care to Max custody patients does not violate the Eighth Amendment, and that nothing in this agreement should be construed as an admission of such. Defendants further contend that the plan set forth in Part II above, including the *Maximum Custody Reduction Reviews for Psychiatric Inpatient Program Participants* memorandum, is not necessary to remedy any Eighth Amendment violations, and accordingly, is not part of the Eighth Amendment remedy in this case.

14. Plaintiffs maintain their objection that the use of TTMs in any treatment setting, including Defendants' PIPs, is violative of the Eighth Amendment. To the extent that Defendants utilize TTMs in the PIPs, Plaintiffs further maintain that Defendants' plan set forth in Part II above, including the *Maximum Custody Reduction Reviews for Psychiatric Inpatient Program Participants* memorandum, is a necessary part of the Eighth Amendment remedy in this case.

[3815262.3]  4

Stip. and [Prop.] Order Approv. Defs.' Plan to Treat Max. Cust. Patients in PIPs (2:90-cv-00520 KJM-DB (PC))

17977195.7

15. The parties agree that Defendants' plan shall not be included in the MHSDS Program Guide or Compendium. This stipulation sets forth the entirety of the remedy related to the issues set forth above.

**IT IS SO STIPULATED.**

DATED: November 4, 2021

ROB BONTA
Attorney General of California
Damon McClain
Supervising Deputy Attorney General

By: ___*s/ Elise Owens Thorn*___
Elise Owens Thorn
Deputy Attorney General
Attorneys for Defendants

DATED: November 4, 2021

HANSON BRIDGETT LLP

By: ___/s/ Samantha Wolff___
PAUL B. MELLO
SAMANTHA D. WOLFF
*Attorneys for Defendants*

DATED: November 4, 2021

ROSEN BIEN GALVAN & GRUNFELD LLP

By: ___/s/ Lisa Ells___
LISA ELLS
*Attorneys for Plaintiffs*

**IT IS SO ORDERED.**

Dated: _____

_____
KIMBERLY J. MUELLER
UNITED STATES DISTRICT COURT

[3815262.3]

5

Stip. and [Prop.] Order Approv. Defs.' Plan to Treat Max. Cust. Patients in PIPs (2:90-cv-00520 KJM-DB (PC))

17977195.7