Rob Bonta, State Bar No. 202668
Attorney General of California
Monica N. Anderson, State Bar No. 182970
Senior Assistant Attorney General
Damon McClain, State Bar No. 209508
Supervising Deputy Attorney General
Elise Owens Thorn, State Bar No. 145931
Lucas Hennes, State Bar No. 278361
Namrata Kotwani, State Bar No. 308741
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7318
 Fax: (916) 324-5205
 E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

Hanson Bridgett LLP
Paul B. Mello, SBN 179755
Samantha D. Wolff, SBN 240280
Laurel E. O'Connor, SBN 305478
David C. Casarrubias, SBN 321994
1676 N. California Blvd., Suite 620
Walnut Creek, California 94596
Telephone: 925-746-8460
Facsimile: 925-746-8490
*Attorneys for Defendants*

Michael W. Bien – 096891
Jeffrey L. Bornstein – 099358
Ernest Galvan – 196065
Lisa Ells – 243657
Thomas Nolan – 169692
Jenny S. Yelin – 273601
Michael S. Nunez – 280535
Jessica Winter – 294237
Marc J. Shinn-Krantz – 312968
Cara E. Trapani – 313411
Alexander Gourse – 321631
Amy Xu – 330707
Rosen Bien
Galvan & Grunfeld LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830

Donald Specter – 083925
Steven Fama – 099641
Margot Mendelson – 268583
Prison Law Office
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

Claudia Center – 158255
Disability Rights Education
and Defense Fund, Inc.
Ed Roberts Campus
3075 Adeline Street, Suite 210
Berkeley, California 94703-2578
Telephone: (510) 644-2555

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al., | Case No. 2:90-CV-00520- KJM-DB |
| Plaintiffs, | **JOINT RESPONSE TO ORDER TO SHOW CAUSE** |
| v. | |
| GAVIN NEWSOM, et al. | Judge:    Hon. Kimberly J. Mueller |
| Defendants. | |

After negotiations that spanned over six weeks, including three days of mediation with Magistrate Judge Kendall Newman, during which the Special Master was also present, the parties entered into an agreement regarding the use of Therapeutic Treatment Modules (TTMs) to deliver mental health care to class members on Maximum custody ("Max custody") in Psychiatric Inpatient Programs (PIPs). The parties filed their stipulation and proposed order with the Court on November 4, 2021 ("Stipulation"). ECF No. 7366. On November 8, 2021, this Court issued an order to show cause why the Court should not enter an order: (1) approving Section I of the Stipulation; (2) modifying Section II of the Stipulation to set a deadline of one year from court approval of Defendants' plan[1] for resolution of any and all enforcement or interpretation issues; and (3) declining to approve Section III of the Stipulation. ECF No. 7368 at 1-2. With respect to Section III of the Stipulation, the Court indicated "one or more of the following reasons" as to why the Court should not adopt the section: (a) "Section III covers an ongoing dispute concerning whether the use of TTMs violates the Eighth Amendment"; and (b) "Section III contains an agreement that Defendants' Plan will not be included in either the Mental Health Services Delivery System (MHSDS) Program Guide or the Compendium and thus appears to implicate the question of what updating process the court will adopt for the Program Guide in the future, a matter not yet resolved." *Id.* at 2:5-10. The parties jointly respond to the November 8 order, as follows.

**I.    The Court Should Approve The Stipulation With Revisions to Section II.**

The parties do not agree with the Court's suggestion in its Order to Show Cause that a one-year deadline for resolution of all issues related to enforcement or interpretation of the commitments in the Stipulation is necessary or appropriate. ECF No. 7368 at 1-2. Section II of the parties' November 4 Stipulation was intended to set forth a process for

---

[1] The Stipulation explains that "Defendants have developed and plan to implement a memorandum tilted *Maximum Custody Reduction Reviews for Psychiatric Inpatient Program Participants* to provide direction regarding the preference for and ability to remove the designation of Max custody from *Coleman* class members in PIPs when appropriate." ECF No. 7366 at 2:4-7. The plan is attached as Exhibit A to the Stipulation.

1   resolution of any future disputes regarding the implementation and enforcement of the

2   agreement that might arise, and to reserve litigation as a last resort for any such disputes.

3   It was not intended to imply that the terms of the stipulation itself were still unresolved.

4   The parties have re-written the section to make that intent more clear.  Attached hereto as

5   **Exhibit A** is a redlined version of the Stipulation and [Proposed] Order with proposed

6   modifications to Section II.  All parties agree with the proposed changes, and will submit a

7   revised clean version of the Stipulation to the Court for approval.  Under the revised

8   Section II, if Plaintiffs believe that Defendants are violating the terms of the Stipulation,

9   they must promptly notify Defendants of the nature of the alleged violations, and the

10  parties must attempt first to resolve the allegations through facilitated negotiations before

11  presenting them to the Court for resolution.

12       The Court's proposed one-year deadline for enforcement would not be practicable

13  or appropriate given the timeframes currently projected for full implementation of the

14  agreement and the initiation of monitoring.  Defendants' current activation schedule

15  projects that the earliest that the TTMs contemplated by the Stipulation will be installed in

16  the CHCF PIP is 7 months from now, and that they may indeed not be installed for 13

17  months depending on certain contingencies.  Installation of TTMs in other PIPs is not

18  projected to occur for up to 19 months.  Additionally, although Defendants have com-

19  mitted in the Stipulation to implementing the *Maximum Custody Reduction Reviews for*

20  *Psychiatric Inpatient Program Participants* memorandum no later than 90 days after the

21  Court's approval of the Stipulation, the initial report on the memorandum's implementa-

22  tion and the results of its impact on the designation of class members in PIPs on Max

23  custody is not contemplated to be provided to the Special Master and Plaintiffs until nine

24  months after the Court's adoption of the Stipulation.  Subsequent reporting and document

25  productions necessary to understand the efficacy of the memorandum for monitoring

26  purposes will then proceed on a quarterly basis for a minimum of two years.  If the Court

27  imposes a one-year deadline on enforcement that was not agreed to by the parties, it would

28  necessarily deprive the parties and Special Master of adequate time to assess Defendants'

1   compliance given that only one monitoring report will have been provided by the time of

2   the one-year enforcement deadline – at which point it is likely that the full complement of

3   TTMs will not even have been installed.  Such a truncated timeline would also increase the

4   probability of future litigation.  It would deprive the parties and Special Master of time to

5   work out any kinks in implementation prior to the enforcement deadline, including through

6   appropriate utilization of the dispute resolution process the parties have contemplated with

7   Judge Newman, and thus may result in unnecessary litigation—an outcome both parties

8   wish to avoid unless absolutely necessary.

9       The parties respectfully request that the Court approve the Stipulation with the

10  revised Section II, as shown in **Exhibit A**.  To the extent that the language in Exhibit A is

11  approved without revision, the parties agree and anticipate that the Court will have

12  jurisdiction to enforce the terms set forth in the Stipulation (see **Exhibit A**).

13  **II.    Section III Of The Stipulation Is Critical And The Parties Will Not Reach**
**Agreement Absent Inclusion Of The Existing Language.**

14

15      Section III of the Stipulation sets forth each party's position with respect to the

16  constitutionality of the use of TTMs to deliver mental health care to Max custody patients.

17  Indeed, the parties explicitly do *not* agree whether the use of TTMs to deliver mental

18  health care to Max custody patients is permitted under the Eighth Amendment, but

19  nonetheless enter into the Stipulation to ensure that care is provided along the parameters

20  set forth in the parties' agreement.  *See* ECF No. 7366 at ¶¶ 13, 14.  Critically, Paragraph

21  15 of the Stipulation indicates that the parties agree that Defendants' Plan "shall not be

22  included in the MHSDS Program Guide or Compendium," and that the "stipulation sets

23  forth the entirety of the remedy related to the issues set forth above."  ECF No. 7366 at ¶

24  15.  While the court correctly notes in its Order to Show Cause that the "updating process"

25  remains unresolved (ECF No. 7368 at 2:7-10), and without betraying confidential

26  settlement communications, the parties note that the Stipulation expressly and intentionally

27  removes the Plan from the updating process.  *See* ECF No. 7366 at ¶ 15.  Thus, regardless

28  of how or when the updating process is resolved, it will not impact the agreement reached

by the parties on the issue of the use of TTMs in PIPs for Max custody patients and the exclusion of the Plan from the MHSDS Program Guide and Compendium.  This is by design, and Section III is critical in particular to Defendants' agreement to the Stipulation as a whole.  In the event any of this language is stricken from the Stipulation set forth in Exhibit A , Defendants withdraw their agreement from all parts of the Stipulation.

**III.    Defendants' Separate Statement Regarding Future Settlement Conferences.**

The parties have worked very hard over the course of three sessions, with the assistance of Magistrate Judge Newman, to reach agreement on the use of TTMs in the PIPs for Max custody patients.  Defendants were encouraged by their ability to reach agreement with Plaintiffs on this issue, and were hopeful regarding their ability to work together on additional, complex issues in future settlement conferences with Magistrate Judge Newman.  To ensure the continuing utility of the settlement process, the language agreed upon by the parties under the guidance of Magistrate Judge Newman should not be modified.

**IV.    Conclusion**

The parties respectfully request that the Court approve the modified Stipulation submitted herewith.

DATED:  November 19, 2021          ROSEN BIEN
                                    GALVAN & GRUNFELD LLP

                                    By:  */s/ Jenny S. Yelin*
                                    JENNY S. YELIN
                                    Attorneys for Plaintiffs

DATED:  November 19, 2021          HANSON BRIDGETT LLP

                                    By:*/s/ Samantha D. Wolff*
                                    PAUL B. MELLO
                                    SAMANTHA D. WOLFF
                                    Attorneys for Defendants

1  DATED:  November 19, 2021

ROB BONTA
Attorney General of California
Damon McClain
Supervising Deputy Attorney General

By:*/s/ Elise Owens Thorn*

ELISE OWENS THORN
Deputy Attorney General

Attorneys for Defendants

-6-

Case No. 2:90-CV-00520- KJM-DB

[3820360.3] 180116424

# Exhibit A

| | |
|---|---|
| Rob Bonta, State Bar No. 202668<br>Attorney General of California<br>Monica N. Anderson, State Bar No. 182970<br>Senior Assistant Attorney General<br>Damon McClain, State Bar No. 209508<br>Supervising Deputy Attorney General<br>Elise Owens Thorn, State Bar No. 145931<br>Namrata Kotwani, State Bar No. 308741<br>Deputy Attorneys General<br>1300 I Street, Suite 125<br>P.O. Box 944255<br>Sacramento, CA 94244-2550<br>Telephone: (916) 210-7318<br>Fax: (916) 324-5205<br>E-mail: Elise.Thorn@doj.ca.gov<br>*Attorneys for Defendants* | Hanson Bridgett LLP<br>Paul B. Mello, State Bar No. 179755<br>Samantha D. Wolff, State Bar No. 240280<br>Laurel E. O'Connor, State Bar No. 305478<br>David C. Casarrubias, State Bar No. 321994<br>1676 N. California Boulevard, Suite 620<br>Walnut Creek, CA 94596<br>Telephone: (925) 746-8460<br>Fax: (925) 746-8490<br>E-mail: PMello@hansonbridgett.com<br>*Attorneys for Defendants* |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                                    Plaintiffs,<br><br>      v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>                                    Defendants. | Case No. 2:90-cv-00520 KJM-DB (PC)<br><br>**STIPULATION AND [PROPOSED] ORDER APPROVING DEFENDANTS' PLAN TO TREAT MAXIMUM CUSTODY PATIENTS IN PSYCHIATRIC INPATIENT PROGRAMS**<br><br>Judge: The Hon. Kimberly J. Mueller |

On July 26, 2021, the Court ordered the parties to engage in settlement negotiations with the assistance of a magistrate judge to address disagreements concerning Defendants' use of Therapeutic Treatment Modules (TTMs) in inpatient settings. (ECF No. 7246.) The parties met and discussed the California Department of Corrections and Rehabilitation's (CDCR) use of TTMs in inpatient settings and the treatment of patients on Maximum custody ("Max custody") with Magistrate Judge Kendall Newman and the *Coleman* Special Master on September 15, October 5, and November 1, 2021. Based on the settlement negotiations, the parties agree to the

terms set forth below that provide for Defendants' use of TTMs[1] to deliver mental health care to *Coleman* class members in Psychiatric Inpatient Programs (PIPs).

## I. DEFENDANTS' PLAN

1.       Defendants have developed and plan to implement a memorandum titled *Maximum Custody Reduction Reviews for Psychiatric Inpatient Program Participants* to provide direction regarding the preference for and ability to remove the designation of Max custody from *Coleman* class members in PIPs when appropriate.  A copy of the memorandum is attached as Exhibit A to this stipulation.  Defendants agree to implement the process set forth in the *Maximum Custody Reduction Reviews for Psychiatric Inpatient Program Participants* memorandum based on the preliminary activation schedule and plan provided to Plaintiffs and the terms of the stipulation.

2.       Defendants will take steps to finalize the *Maximum Custody Reduction Reviews for Psychiatric Inpatient Program Participants* memorandum, which may include appropriate notice to any labor union effected, upon the Court's approval of this stipulation.  Defendants will take all steps required to implement the memorandum as quickly as possible, and no later than 90 days following the Court's approval of this stipulation.

3.       Defendants will develop training for custody and mental health staff on the Max custody review process that will be provided to Plaintiffs' counsel for review within 90 days of the Court's approval of this stipulation.

4.       Defendants will install TTMs for use under this stipulation at the California Health Care Facility and other PIPs as necessary.  TTMs will be limited to those areas where Max custody patients program.  Defendants will provide Plaintiffs and the Special Master with advance notice of installation of TTMs at all PIPs moving forward, including the basis for the proposed installation as well as the proposed number and placement of the TTMs.  Plaintiffs will have 30 days to respond regarding the proposed number and placement of the TTMs.  The parties will meet and confer during that time period as necessary.

---

[1]   The parties agree all TTMs envisioned by this agreement will conform to the specifications previously set forth at ECF Nos. 4714-12 (Jan. 12, 2007 Memorandum from Office of Special Master re Therapeutic Treatment Module Specifications), and 7333-2 at 4 (Compendium Reference to May 3, 2012, memo regarding Wheelchair Accessible Therapeutic Treatment Module Specifications).

2

Stip. and [Prop.] Order Approv. Defs.' Plan to Treat Max. Cust. Patients in PIPs (2:90-cv-00520 KJM-DB (PC))

18020449.1

5. Defendants will take steps necessary to revise the Electronic Health Record System to require that the IDTT assess each Max custody patient for recommendation to the ICC for a Max custody review, no later than November 30, 2021.

6. Defendants will take all steps necessary to ensure that treatment in the PIPs targets behaviors that result in patients being placed or continued on Max custody if mental health symptoms may have contributed to the behavior(s), and that such treatment is addressed toward the goal of helping patients get off of Max custody when appropriate. Such steps include, but are not limited to, continuing the already-established PBST program and implementing the STEP program.

7. Defendants will train staff to respond to behavior in the PIPs without using RVRs, and through alternative responses that do not result in patients being placed on Max custody while in the PIPs, when appropriate.

8. Defendants will submit a report to the Special Master and Plaintiffs on the status of implementation of the *Maximum Custody Reduction Reviews for Psychiatric Inpatient Program Participants* memorandum and on the designation of *Coleman* class members in PIPs on Max custody within nine months from the Court's approval of this stipulation.

9. For two years following the initial implementation report, Defendants will submit to the Special Master and Plaintiffs a quarterly report on the status of the implementation of the *Maximum Custody Reduction Reviews for Psychiatric Inpatient Program Participants* memorandum, including the status of *Coleman* class members in PIPs who are on Max custody. Defendants' quarterly production will include the following information:

    a. A roster of patients the MHCT recommended for removal from Max custody during the reporting period;

    b. A report with information regarding the bi-weekly MHCT and Deputy Director reviews and subsequent ICCs for the reporting period, including comments as to why a patient was retained or placed on Max custody. The parties will meet and confer regarding the contents and format of this report; and

c. ICC determinations, including the classification chrono, rules violation report packet(s), and supporting documents, excluding confidential memoranda, for a random sample of the patients retained or placed on Max custody during the reporting period. The parties will work together to develop a random sampling methodology for this production.

10. Plaintiffs' counsel shall be permitted to observe a reasonable number of Max custody review ICCs for a two-year period.

11. At the end of the two-year period, the parties will meet and confer about the frequency and scope of the obligations outlined in paragraphs 9 and 10 above.

**II.    ~~ENFORCEMENT~~**

**II.    ~~RESOLUTION OF ISSUES RELATED TO THE ENFORCEMENT OR INTERPRETATION OF THE COMMITMENTS SET FORTH IN THIS STIPULATION SHALL INCLUDE A REASONABLE CONTINUED~~ DISPUTE RESOLUTION PROCESS FOR ENFORCEMENT OF STIPULATION**

12. If Plaintiffs believe that Defendants are violating the terms of this Stipulation, Plaintiffs' counsel shall promptly notify Defendants setting forth the nature of the alleged violations.  The parties shall engage in a reasonable period of negotiations facilitated by Magistrate Judge Kendall Newman or a mutually agreed upon neutral. ~~Issues~~ to resolve the allegations.  Allegations that are not resolved after a reasonable period of negotiation may be presented ~~by any party~~ to the *Coleman* court for resolution.

**III.    NATURE OF THIS STIPULATION**

13. Defendants contend that the use of TTMs to deliver mental health care to Max custody patients does not violate the Eighth Amendment, and that nothing in this agreement should be construed as an admission of such.  Defendants further contend that the plan set forth in Part II above, including the *Maximum Custody Reduction Reviews for Psychiatric Inpatient Program Participants* memorandum, is not necessary to remedy any Eighth Amendment violations, and accordingly, is not part of the Eighth Amendment remedy in this case.

14. Plaintiffs maintain their objection that the use of TTMs in any treatment setting, including Defendants' PIPs, is violative of the Eighth Amendment.  To the extent that Defendants utilize TTMs in the PIPs, Plaintiffs further maintain that Defendants' plan set forth in Part II

above, including the *Maximum Custody Reduction Reviews for Psychiatric Inpatient Program Participants* memorandum, is a necessary part of the Eighth Amendment remedy in this case.

15.    The parties agree that Defendants' plan shall not be included in the MHSDS Program Guide or Compendium.  This stipulation sets forth the entirety of the remedy related to the issues set forth above.

**IT IS SO STIPULATED**.


DATED:  November 19 , 2021                    ROB BONTA
                                              Attorney General of California
                                              Damon McClain
                                              Supervising Deputy Attorney General

                                     By:    _s/ Elise Owens Thorn_
                                              Elise Owens Thorn
                                              Deputy Attorney General
                                              Attorneys for Defendants


DATED:  November 19 , 2021                    HANSON BRIDGETT LLP

                                     By:    _/s/ Samantha Wolff_
                                              PAUL B. MELLO
                                              SAMANTHA D. WOLFF
                                              *Attorneys for Defendants*


DATED:  November 19 , 2021                    ROSEN BIEN GALVAN & GRUNFELD LLP

                                     By:    _/s/ Lisa Ells_
                                              LISA ELLS
                                              *Attorneys for Plaintiffs*


        **IT IS SO ORDERED.**

    Dated: _____            _____
                                              KIMBERLY J. MUELLER
                                              UNITED STATES DISTRICT COURT

[3819895.2]                                5

Stip. and [Prop.] Order Approv. Defs.' Plan to Treat Max. Cust. Patients in PIPs (2:90-cv-00520 KJM-DB (PC))
                                                                                      18020449.1