ROB BONTA, State Bar No. 202668
Attorney General of California
MONICA N. ANDERSON, State Bar No. 182970
Senior Assistant Attorney General
DAMON MCCLAIN, State Bar No. 209508
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
NAMRATA KOTWANI, State Bar No. 308741
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7318
  Fax: (916) 324-5205
  E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

HANSON BRIDGETT LLP
PAUL B. MELLO, SBN 179755
SAMANTHA D. WOLFF, SBN 240280
LAUREL E. O'CONNOR, SBN 305478
DAVID C. CASARRUBIAS, SBN 321994
1676 N. CALIFORNIA BLVD., SUITE 620
WALNUT CREEK, CALIFORNIA 94596
TELEPHONE: 925-746-8460
FACSIMILE: 925-746-8490
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GAVIN NEWSOM, et al. <br><br> Defendants. | Case No. 2:90-CV-00520- KJM-DB <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION TO AMEND THE DECEMBER 9, 2021 ORDER APPROVING DEFENDANTS' PLAN TO TREAT MAXIMUM CUSTODY PATIENTS IN PSYCHIATRIC INPATIENT PROGRAMS (ECF No. 7392)** <br><br> Judge: Hon. Kimberly J. Mueller |

## NOTICE OF MOTION

**TO THE COURT, THE PARTIES, AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendants move this court to amend the December 9, 2021 Order Approving Defendants' Plan to Treat Maximum Custody Patients in Psychiatric Inpatient Programs ("December 9 order") (ECF No. 7392).[1] Defendants make this motion under

---

[1] Consistent with this Court's requirement, Defendants requested leave to file this instant motion on January 4, 2021. (*See* Req. for Leave, ECF No. 7411.) Although Defendants' request remains

-1-

Case No. 2:90-CV-00520- KJM-DB

Federal Rules of Civil Procedure 59(e), 60(b)(1) (mistake, inadvertence, surprise, or excusable neglect), and/or 60(b)(4) (void judgment), or under any other grounds for relief from the December 9 order. This motion is based upon this notice, the supporting memorandum of points and authorities, the pleadings, records and files in this action, and any other matters that may properly come before the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Following three mediation sessions conducted under the guidance of Magistrate Judge Newman (with the Special Master in attendance), and negotiations that spanned over six weeks, the parties reached an agreement on the use of Therapeutic Treatment Modules ("TTMs") to deliver mental health care to class members on Maximum custody in the Psychiatric Inpatient Programs. In close consultation with Magistrate Judge Newman, the parties then reduced their agreement to a carefully crafted stipulation and proposed order, and filed it with this court on November 4, 2021 ("Stipulation"). (Stip., ECF No. 7366.) Section I of the Stipulation sets forth Defendants' obligations, and in exchange, Section III, paragraph 15, indicates that "[t]he parties agree that Defendants' plan shall not be included in the MHSDS Program Guide or Compendium. This stipulation sets forth the entirety of the remedy related to the issues set forth above." (*Id.* at ¶ 15.) As the parties have noted, the language in paragraph 15 was "critical in particular to Defendants' agreement to the Stipulation," and without this language, Defendants would not have agreed to its terms. (*See* Jt. Resp. to Order to Show Cause ("Jt. Resp."), ECF No. 7380 at 4-5.)

After the parties finalized and filed the Stipulation with the Court, however, on November 8, 2021, this Court issued an order to show cause why the Court should not enter an order: (1) approving Section I of the Stipulation; (2) modifying Section II of the Stipulation; and (3) declining to approve Section III of the Stipulation. (Order, ECF No. 7368 at 1-2.) The parties jointly responded to the November 8 order show cause by requesting revisions to Section II of the

---

pending as of the time of this filing, Defendants were unable to further postpone the filing of this motion in light of the timeframe within which it must be filed under Federal Rule of Civil Procedure 59(e) and Federal Rule of Appellate Procedure 4(a)(4)(A)(iv).

Stipulation and advising the court that "[t]he [p]arties [w]ill [n]ot [r]each [a]greement [a]bsent [i]nclusion [of] [t]he [e]xisting [l]anguage [of Section III]." (Jt. Resp., ECF No. 7380 at 4:13.) The parties emphasized that "Section III is critical in particular to Defendants' agreement to the Stipulation as a whole. *In the event any of this language is stricken* from the Stipulation set forth in Exhibit A, *Defendants withdraw their agreement from all parts of the Stipulation*." (*Id.* at 5:3-5, emphasis added.)

The court subsequently issued an order approving paragraphs 1 through 14 of the parties' Stipulation, but only "conditionally" approving paragraph 15, "pending final resolution of what updating process the court will adopt for the Program Guide in the future." (Order, ECF No. 7392 at 6:5-7.) Defendants now seek relief from this order, which not only resulted in Defendants' surprise, but is based upon the mistaken view that Defendants would agree to paragraph 15 as modified. Defendants do not agree to this modification, which conditions a core term that was critical to Defendants' assent to the stipulation, thereby materially altering that term. As the parties noted, "the Stipulation expressly and *intentionally* removes the Plan from the [Program Guide] updating process," without conditions. (ECF No. 7380 at 4:26-27, emphasis added.) Absent Defendants' agreement, or "meeting of the minds" with Plaintiffs as to all terms, the Stipulation is invalid and the order is void. Defendants therefore request that this Court amend the December 9 order under Federal Rule of Civil Procedure 59(e), Rule 60(b)(1) (mistake, inadvertence, surprise, or excusable neglect), or Rule 60(b)(4) (void judgment), or under any other grounds, remove the conditional language applicable to paragraph 15, and approve the parties' Stipulation as revised by the parties in their submission to the Court in response to its order to show cause. (*See* Jt. Resp., ECF No. 7280 at Ex. A.) Alternatively, Defendants request that this Court void the December 9 order and set aside the Stipulation under the same authority cited above.

## ARGUMENT

The Court has three sources of power to modify the December 9 order. First, Federal Rule of Civil Procedure 59(e) permits a party to seek a "substantive change of mind by the court." *United States ex rel. Hoggett v. University of Phoenix*, 863 F.3d 1105, 1108 (9th Cir. 2017). "[A]

18157052.4

Defs.' Not. & Mot. Amend Dec. 9, 2021 Order

-3-

Case No. 2:90-CV-00520- KJM-DB

Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Second, Federal Rule of Civil Procedure 60(b) provides for reconsideration upon a showing of, among other things, mistake, surprise, or excusable neglect; a void judgment; or extraordinary circumstances which would justify relief. Fed. R. Civ. P. 60(b)(1), (b)(4), (b)(6); *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Finally, "[a] district court has the inherent power to reconsider or modify its interlocutory orders prior to the entry of judgment." *Smith v. Massachusetts*, 543 U.S. 462, 475 (2005). Defendants meet the standard for modification based on surprise, mistake of fact, void judgment, manifest injustice, and extraordinary circumstances.

Defendants were surprised by the December 9 order's conditional approval of a term that was critical to Defendants' assent to the Stipulation. *See* Fed. R. Civ. P. 60(b)(1). In the November 8 order to show cause, the Court asked about striking Section III (*i.e.*, paragraph 15). (Order, ECF No. 7368 at 2:3-10.) Thus, in the parties' response to the order to show cause, the parties explained that "[t]he [p]arties [w]ill [n]ot [r]each [a]greement [a]bsent [i]nclusion [of] [t]he *[e]xisting* [l]anguage [of Section III]" (Jt. Resp., ECF No. 7380 at 4:13, emphasis added), and that "Section III is critical in particular to Defendants' agreement to the Stipulation as a whole." (*Id.* at 5:3-4.) The parties further advised that "[i]n the event any of this language is stricken from the Stipulation set forth in Exhibit A, Defendants withdraw their agreement from all parts of the Stipulation." (*Id.* at 5:4-5.)

Although the Court approved the Stipulation, Defendants did not anticipate the Court would modify paragraph 15 because "'a court may not rewrite into a contract conditions the parties did not insert or, under the guise of construction, add or excise terms.'" *See In re Palmdale Hills Prop.*, No. 8:08-BK-17206-ES, 2011 WL 7478771, *4 (Bankr. C.D. Cal. Nov. 3, 2011) (citing *Marine Associates, Inc. v. New Suffolk Dev. Corp.*, 125 A.D.2d 649, 652 (1986); *Los Angeles City Sch. Dist. of Los Angeles Cty. v. Landier Mgmt. Co.*, 177 Cal. App. 2d 744, 750

18157052.4

Defs.' Not. & Mot. Amend Dec. 9, 2021 Order

-4-    Case No. 2:90-CV-00520- KJM-DB

(noting that a stipulation is a contract govern by contract rules). Original paragraph 15 assured Defendants that the various commitments they made with respect to the use of TTMs for maximum custody patients in the Psychiatric Inpatient Programs would "not be included in the MHSDS Program Guide or Compendium," and thus "expressly and *intentionally* remove[d] the Plan from the [Program Guide] updating process," without conditions. (Jt. Response, ECF No. 7380 at 4:26-27, emphasis added.) In addition, original paragraph 15 assured Defendants that no additional relief would be sought with respect to the issues in the Stipulation. (*See* ECF No. 7366 at ¶ 15 ("This stipulation sets forth the entirety of the remedy related to the issues set forth above.").) But by conditioning paragraph 15, the Court deprived Defendants of the benefit for which they bargained: certainty regarding the terms in paragraph 15. The Court's modification effectively nullified paragraph 15 by suggesting that the Court may later strike or modify paragraph 15; include the Stipulation's terms in the Program Guide or Compendium; or order further relief with respect to the issues in the Stipulation. Because Defendants did not anticipate the Court's unilateral modification of paragraph 15, and the Court apparently mistakenly believed Defendants would agree to the modification, they are entitled to relief from the December 9 order. *See Duarte v. Bardales*, 526 F.3d 563, 567 (9th Cir. 2008) (reconsideration under Rule 59(e) is warranted where the court's ruling is premised on an incorrect factual assumption). Otherwise, requiring Defendants to comply with a stipulation that lacks mutual assent would result in manifest injustice. Moreover, the unusual circumstances here constitute extraordinary circumstances justifying relief from the December 9 order.

The December 9 order is also void because it is based upon an invalid contract. "A stipulation is akin to a contract [citations omitted]; therefore, the interpretation and the enforceability of the stipulation here are governed by the basic principles of contract law." *Fred Hutchinson Cancer Rsch. Ctr. v. United of Omaha Life Ins. Co.*, 821 F. Supp. 644, 647 (D. Or. 1993). A cornerstone of contract formation requires a "meeting of the minds" between the parties to the contract. *Quackenbush v. Omnicor, Inc.*, 34 Cal. App. 4th 1283, 1288 (1995), *citing* 1 Corbin on Contracts (1963 ed.) § 107, p. 478. Although there was a meeting of the minds on the original Stipulation, the Court's subsequent modification of a critical contractual term shattered

the parties' agreement (*see* ECF No. 7380 at 4:13 ("[t]he [p]arties [w]ill [n]ot [r]each [a]greement [a]bsent [i]nclusion [of] [t]he [e]xisting [l]anguage [of Section III]")), leaving them with no agreement. *See In re Palmdale Hills Prop.*, No. 8:08-BK-17206-ES, 2011 WL 7478771, *4 (Bankr. C.D. Cal. Nov. 3, 2011); *see also Quackenbush*, 34 Cal. App. 4th at 1288. The order is therefore void. *See* Fed. R. Civ. P. 60(b)(4).

Due to these changed circumstances, which surprised Defendants and invalidated the contract, Defendants respectfully request that this Court modify the December 9 order to remove the "conditional" language from paragraph 15 and restore the language to which the parties agreed. In the alternative, Defendants request that the December 9 order be voided and the Stipulation be set aside.

## CONCLUSION

For the reasons set forth above, Defendants respectfully ask that this Court modify its December 9 order or, alternatively, void the order entirely and set aside the parties' Stipulation. Defendants note that the Stipulation came about through fruitful discussions between the Parties as facilitated by the Court. Defendants look forward to further discussions with the Court and counsel on this issue and, indeed, would prefer a resolution of the issues raised in this motion without the need for further litigation.

## **CERTIFICATION**

In preparing this filing, Defendants' counsel certify that they reviewed the following orders: ECF Nos. 7003, 7368, and 7392.

DATED: January 6, 2022                                HANSON BRIDGETT LLP

By: ____*/s/ Samantha Wolff*____
PAUL B. MELLO
SAMANTHA D. WOLFF
LAUREL E. O'CONNOR
DAVID C. CASARRUBIAS
Attorneys for Defendants

| | | |
|---|---|---|
| 1 | DATED: January 6, 2022 | Rob Bonta<br>Attorney General of California<br>Damon McClain<br>Supervising Deputy Attorney General |
| | | By: /s/ Elise Thorn<br>Elise Owens Thorn<br>Deputy Attorney General<br>Attorneys for Defendants |

18157052.4

Defs.' Not. & Mot. Amend Dec. 9, 2021 Order

-7-   Case No. 2:90-CV-00520- KJM-DB