UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No. 2:90-cv-0520 KJM DB P |
| Plaintiffs, | |
| v. | ORDER |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

On August 3, 2020, the court ordered the parties, on an annual basis, to jointly file an updated Program Guide and updated Compendium of Custody Related Remedial Measures (Compendium) (hereafter Annual Update). August 3, 2020 Order, ECF No. 6806, at 17. At the same time, the court provisionally approved an update process, directed that it be followed for one year, and directed the parties to file with the 2021 Annual Update a joint submission on the efficacy of the provisionally approved update process. *Id*. at 15, 17. After receiving two extensions of time, ECF Nos. 7292, 7322, the parties filed the joint submission and the 2021 Annual Update on September 29, 2021. ECF Nos. 7332, 7333.

As the court previously has expressed to the parties, it is not clear the provisionally approved updating process was ever followed and, in any event, it became apparent some time ago the process was unworkable. *See* Reporter's Transcript of Proceedings (RT of 10/7/21 Status

1

Conference and Hearing on Motion to Strike), ECF No. 7345, at 13:19-22.  Moreover, the one year test period for the provisional process for updates has expired by the express terms of the court's order providing for the provisional process in the first place, and that process is no longer in effect.  *Id.*; *see also* ECF No. 7342.

The Program Guide and the Compendium are of course "'[t]he primary court-approved remedial documents in this action.'"  *See* July 1, 2021 Order, ECF No. 7216, at 2.  The court has "approved several additional remedial plans in aid of the primary remedies, including 'a court-ordered mental health staffing plan, *see* ECF Nos. 3613 at 2 (court order) & 3693 (staffing plan), regular mental health bed projections, *see* ECF No. 3629, and concomitant planning for and building of necessary mental health beds and clinical treatment space, *see, e.g.* ECF No. 3556,'" *id.* at 3 (quoting July 9, 2019 Order, ECF No. 6214, at 2).  In so doing, the court repeatedly has stressed that "'defendants' development and implementation of an improved quality improvement process is fundamental to ending federal court oversight in this action.'"  ECF No. 7216 at 3 (quoting ECF No. 6846 at 10 (internal citation omitted)).  The quality improvement process is comprehensive, distilling elements of the Program Guide, the Compendium and the other remedial measures.  The court has written extensively about the years of effort to focus implementation of these remedies.  *See*, *e.g.*, ECF No. 6846, *passim*.  Those years of effort have, since late 2012, included work on development of a continuous quality improvement tool (CQIT), "a comprehensive tool that, once finalized, defendants will . . . use as part of a process to 'self-monitor' the key components of the remedy in this action."  *Id.* at 10 (citing ECF No. 5439 at 108).

In July 2019, "the court held that remedial planning in this action was complete, opening the door to updating and finalizing CQIT."  ECF No. 7216 at 2 (citing ECF No. 6214 at 17-18).  A year later, the court issued a detailed order to "provid[e] a compilation and synthesis [and] avoid the need for revisiting the contours of the established and comprehensive remedy in this case."  ECF No. 6846 at 29.  In that order, the court "identifie[d] CQIT's 'key indicators' as the functional equivalent of 'benchmarks' that . . . signify the material provisions of the Program Guide and the Compendium that must be durably implemented at a degree of compliance the

court will confirm in a subsequent order." *Id*. at 28; *see also* ECF No. 7216 at 4 ("The 'key indicators' in CQIT 'signify the material provisions of the Program Guide and the Compendium that must be durably implemented' in order to satisfy the Eighth Amendment."). Most recently, in July 2021, the court provisionally approved a list of CQIT key indicators and ordered the Special Master to "test and monitor the functionality and efficacy of" those indicators during his Twenty-Ninth Monitoring Round and to report his findings to the court in his Twenty-Ninth Round Monitoring Report. ECF No. 7216 at 14. The Twenty-Ninth Monitoring Round is underway now. The court anticipates the Special Master will file the Twenty-Ninth Round Monitoring Report this Fall and the court will shortly thereafter give final approval to the list of CQIT key indicators.

As the foregoing demonstrates, the impending completion of the list of key CQIT indicators will pave the way for full implementation of the material provisions of the court-ordered remedy in this case as necessary to meet the requirements of the Eighth Amendment. Maintaining the focus on these indicators also will achieve judicial and case management efficiencies.

For the foregoing reasons, after consideration of the September 2021 Annual Update, the parties' joint submission, *in camera* discussions as requested by the parties relating to Program Guide updating, review of the record and good cause appearing, the court HEREBY ORDERS as follows:

1. The 2021 Program Guide Update is APPROVED;
2. The parties' dispute over the five policies omitted from the 2021 Program Guide Update is referred to the Special Master for consideration as to whether the substantive provisions of those policies are, or should be, reflected in the list of Continuous Quality Improvement Tool (CQIT) indicators currently under review as part of the Twenty-Ninth Monitoring Round;
3. The 2021 Compendium Update is APPROVED;
4. The court gives FINAL APPROVAL to Paragraph 15 of the parties' stipulation regarding the use of Therapeutic Treatment Modules (TTMs) in

inpatient settings, *see* Stipulation and Order, ECF No. 7392, at 6, and the parties' agreement over the use of TTMs in inpatient settings, which the court otherwise previously approved on December 9, 2021, ECF No. 7392, with the provisions regarding TTMS referred to the Special Master for consideration as to whether they are, or should be, reflected in the list of CQIT indicators currently under review during the Twenty-Ninth Monitoring Round;

5. The court will give final approval to a list of CQIT indicators by the end of this year following submission of the Special Master's Twenty-Ninth Monitoring Round Report;

6. The court anticipates that final approval of a list of CQIT indicators will replace the need for annual updates to the Program Guide and the Compendium and, therefore, the parties' obligation to file further annual updates to the Program Guide and the Compendium is DISCONTINUED unless or until further order of the court; and

7. Defendants' January 4, 2022 motion, ECF No. 7411, and defendants' January 6, 2022 motion, ECF No. 7412, are mooted by this order and therefore are DENIED.

DATED: February 4, 2022.

CHIEF UNITED STATES DISTRICT JUDGE