ROB BONTA, State Bar No. 202668
Attorney General of California
MONICA N. ANDERSON, State Bar No. 182970
Senior Assistant Attorney General
DAMON MCCLAIN, State Bar No. 209508
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
NAMRATA KOTWANI, State Bar No. 308741
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7318
  Fax: (916) 324-5205
  E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

HANSON BRIDGETT LLP
PAUL B. MELLO, SBN 179755
SAMANTHA D. WOLFF, SBN 240280
LAUREL E. O'CONNOR, SBN 305478
DAVID C. CASARRUBIAS, SBN 321994
1676 N. CALIFORNIA BLVD., SUITE 620
WALNUT CREEK, CALIFORNIA 94596
TELEPHONE:  925-746-8460
FACSIMILE:  925-746-8490
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al., | Case No. 2:90-CV-00520- KJM-DB |
| Plaintiffs, | **DEFENDANTS' SUPPLEMENTAL BRIEFING IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO CLARIFY ORDER OF JUNE 13, 2002 (ECF NO. 7118)** |
| v. | |
| GAVIN NEWSOM, et al. | |
| Defendants. | Judge:   Hon. Kimberly J. Mueller |

# BACKGROUND

Plaintiffs' Motion to Clarify Order of June 13, 2002 (ECF No. 7118) ("Plaintiffs' Motion to Clarify") seeks an order from this Court finding that the maximum vacancy rate in the June 13, 2002 Order applies to chief psychiatrists and senior psychiatrist supervisors in addition to staff psychiatrists. ECF No. 7118 at 2:14-17. For the reasons explained in Defendants' opposition, Plaintiffs' Motion to Clarify lacks merit. The 2002 Order limited the maximum ten percent vacancy rate to staff psychiatrists only, as is evident from the purpose and history behind the 2002 Order and the plain text of the Order itself, which was designed to address vacancies among staff psychiatrists, not supervisors. Two decades after the Court's 2002 order, Plaintiffs cannot seek to effectively expand that order by allegedly "clarifying" that the maximum ten percent vacancy rate for staff psychiatrists applies to all psychiatrists, including chief psychiatrists and supervisors.

Since the parties completed their briefing on Plaintiffs' Motion to Clarify, the Seventh Circuit issued its decision in *Rasho v. Jeffreys,* addressing a similar attempt to seek relief outside of what the Prison Litigation Reform Act (PLRA) allows. There, the Seventh Circuit reviewed the district court's issuance of a permanent injunction requiring the Illinois Department of Corrections (IDOC) to "hire and maintain a specific number of staff in multiple areas of care and imposing other specific requirements for the delivery of mental-health services – all on a court-imposed, mandatory timetable." 22 F.4th 703, 706 (7th Cir. 2022). The Seventh Circuit reversed the district court's order because its finding of deliberate indifference could not "be squared" with the reasonable steps prison officials took to cure the deficiencies identified by the plaintiffs, including in particular, the issue of understaffing. As in *Rasho*, CDCR Defendants have taken similar reasonable steps to address staffing and therefore Plaintiffs' Motion to Clarify—which is simply an effort to expand injunctive relief under the guise of clarification—should be denied.[1]

## APPLICATION OF *RASHO* TO PLAINTIFFS' MOTION TO CLARIFY

Plaintiffs' request—in the form of a "clarifying" motion—seeks further injunctive relief

---

[1] To the extent the Court elects to construe Plaintiffs' motion for clarification as a motion for new relief, despite their failure to prosecute such a motion, Defendants reaffirm the request in their opposition, ECF No. 7137 at 10 n.6, that they be given the opportunity to brief that issue to mitigate the attendant prejudice that would result.

from this Court that would require Defendants to maintain a vacancy rate of no more than ten percent for chief psychiatry and senior psychiatrist supervisor positions. Whereas this ninety-percent fill rate was previously made applicable only to staff psychiatrists, Plaintiffs now argue that the language of the 2002 Order, which omits use of the words "chief," "senior," and "supervisor," applies the ninety-percent fill rate requirement to a new classification of CDCR employees. However, as the Seventh Circuit found in *Rasho*, district courts must not "go[] beyond the[ ] bounds [of the Prison Litigation Reform Act] by prescribing specific staffing levels and treatment timelines without evidence that such requirements go no further than necessary to correct an Eighth Amendment violation." *Rasho*, 22 F.4th at 706. Plaintiffs' pending motion requests that this Court do exactly that, all under the guise of "clarification" of a nearly 20 year-old order. *See also* ECF no. 5711 (stating that "requiring specific remedial measures would in a number of instances be redundant and, more importantly, would tip the balance unacceptably toward micromanagement and substitute this court's judgment for that of prison administrators.").

In *Rasho*, IDOC's deficiencies in the delivery of mental health care stemmed from systemic shortages in mental health staff. *Id.* at 707. Although there was evidence before the district court of "difficulties [ ] recruiting mental-health professionals in the corrections field," the district court found that IDOC's efforts at improving staffing were "generally ineffective," and amounted to deliberate indifference *Id.* at 708. The district court issued an extensive injunction requiring, among other things, specific staffing levels drawn from a remedial staffing plan that was voluntarily put forth by IDOC during settlement negotiations. *Id.* at 709.

The Seventh Circuit found that the district court abused its discretion and reiterated that defendants are not deliberately indifferent where they respond reasonably to the risk, even if they are ultimately unsuccessful in preventing harm. *Id.* at 710. Most critically, the Seventh Circuit observed that there was no evidence that "the terms of the settlement and IDOC's staffing plan matched the constitutional floor." *Id.* at 711. "In fact, the Staffing Plan explicitly stated that it set staffing at levels sufficient to *exceed* the constitutional minimum."[2] *Id.* at 713-14 (emphasis in

---

[2] Similarly, the 2009 *Coleman* Staffing Plan explicitly states that "Defendants do not concede that

original).  Indeed, the *Rasho* Court found it "egregious" that the district court ordered IDOC to "hire and maintain *precise numbers and types of personnel*" because "[t]his degree of specificity contravenes the PLRA's least-intrusive-means requirement." *Id.* at 712 (emphasis added).  The Seventh Circuit queried whether "IDOC [could] have provided constitutionally adequate care with 85 Psychiatric Providers instead of 85.5?  What about using 103 Behavioral Health Technicians but only 22 Staff Assistants?" *Id.* at 712.  The *Rasho* Court concluded that the district court's order "impermissibly strips IDOC officials of the flexibility necessary to adopt and implement policies that balance prison resources, safety concerns, and inmate health." *Id.* at 712-713.

Yet, this is precisely the type of specificity that Plaintiffs seek to have imposed, without any additional needs-narrowness-intrusiveness findings, by way of their Motion to Clarify.  Indeed, Plaintiffs seek an order from this Court requiring Defendants to maintain a fill rate of no less than ninety percent among all chief psychiatrist and senior psychiatrist supervisor positions statewide.  *See* ECF No. 7118 at 5:9-11.  But as in *Rasho*, there is no finding specific to Plaintiffs' request here, and Plaintiffs cannot bootstrap such a funding under the guise of a motion to "clarify."  Because such a request is expressly precluded under the PLRA, Defendants urge this Court to deny Plaintiffs' pending motion.

**CERTIFICATION OF ORDERS REVIEWED**

Defense counsel certifies that they reviewed the following orders relevant to this filing: ECF Nos. 1055, 1383, 5711, 6427, 6794, 6938, 7003, 7035, 7043, 7075, 7462, 7472.

DATED:  February 28, 2022

| | |
|---|---|
| ROB BONTA<br>Attorney General of California<br>DAMON MCCLAIN<br>Supervising Deputy Attorney General | HANSON BRIDGETT LLP |
| */s/ Elise Thorn*<br>ELISE THORN<br>Attorneys for Defendants | */s/ Samantha Wolff*<br>PAUL B. MELLO<br>SAMANTHA D. WOLFF<br>Attorneys for Defendants |

---

the proposed staffing and services are constitutionally required, nor do they believe that this Plan would satisfy the Prison Litigation Reform Act's requirements …"  ECF No. 3693 at 7, fn. 1.