DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California  94710-1916
Telephone:   (510) 280-2621

CLAUDIA CENTER – 158255
DISABILITY RIGHTS EDUCATION
AND DEFENSE FUND, INC.
Ed Roberts Campus
3075 Adeline Street, Suite 210
Berkeley, California  94703-2578
Telephone:   (510) 644-2555

MICHAEL W. BIEN – 096891
JEFFREY L. BORNSTEIN – 099358
ERNEST GALVAN – 196065
LISA ELLS – 243657
THOMAS NOLAN – 169692
JENNY S. YELIN – 273601
MICHAEL S. NUNEZ – 280535
JESSICA WINTER – 294237
MARC J. SHINN-KRANTZ – 312968
CARA E. TRAPANI – 313411
ALEXANDER GOURSE – 321631
AMY XU – 330707
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:   (415) 433-6830

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GAVIN NEWSOM, et al.,<br><br>　　　　Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEFING IN SUPPORT OF PLAINTIFFS' MOTION TO CLARIFY ORDER OF JUNE 13, 2002 (ECF NO. 7118)**<br><br>Judge:  Hon. Kimberly J. Mueller |

[3870837.6]

# BACKGROUND

On June 13, 2002, this Court ordered Defendants to "maintain the vacancy rate among psychiatrists and case managers at a maximum of ten percent[.]"  6/13/02 Order, ECF No. 1383 at 4 ("2002 Order").  For many years, the parties and Special Master agreed that the 2002 Order applied to staff and supervisory psychiatrists.  Defendants, in 2018, first set forth a novel interpretation that the 2002 Order applied only to staff psychiatrists.  This prompted Plaintiffs' Motion to Clarify Order of June 13, 2002 (ECF No. 7118) ("the Motion") seeking confirmation that the 2002 Order applies to supervisory psychiatrists.

After the parties completed briefing on the Motion, a divided panel of the Seventh Circuit issued *Rasho v. Jeffreys*, 22 F.4th 703 (7th Cir. 2022), which, as the dissent details, markedly deviates from Ninth Circuit law that binds this Court as well as the Supreme Court's ruling in this case directly linking Defendants' failure to comply with its staffing plan to the ongoing constitutional violations.  *See Brown v. Plata*, 563 U.S. 493, 517-18 & n.5.  Even if it did not conflict with governing law, including this Court's own prior orders, *Rasho* is not relevant to the Motion, and is clearly factually distinguishable.  The Court should confirm that its 2002 Order means what it says:  that the 10% vacancy rate applies to all psychiatrists, including supervisory psychiatrists.

## APPLICATION OF *RASHO* TO PLAINTIFFS' MOTION TO CLARIFY

*Rasho* is irrelevant to Plaintiffs' Motion.  *Rasho* analyzes the limits of a district court's power to dictate what specific steps a state must take to achieve constitutionally adequate prison staffing levels.  But, despite Defendants' attempts to conflate the issues, the Motion merely seeks clarification of the long-standing compliance standard set by the 2002 Order, and does not concern the adequacy of the actions Defendants must take to comply.  As such, Defendants' attempts to use *Rasho* to retroactively challenge this Court's power to order implementation of their 2009 Staffing Plan are misplaced – the 2002 Order's 10% maximum vacancy rate standard governs compliance regardless of what remedial staffing plan is operative.  The only question here is whether that Order requires a 90% fill rate for all psychiatrist positions required by their staffing plan, or just some of

them.  If anything, *Rasho* underscores the 2002 Order's lack of intrusiveness, as that Order necessarily permits less than full compliance, measured on a generous systemwide basis – in contrast to *Rasho*'s mandate that each and every statewide position be filled within ninety days and permanently kept full.  *See Rasho*, 22 F.4th at 706, 709.

To the extent *Rasho* has any relevance to the Motion, it is factually distinct in multiple critical ways.  The most obvious and fundamental difference is that the *Rasho* staffing plan was not developed in response to a remedial order establishing constitutional violations – it was created solely for settlement purposes.  *Rasho*, 22 F.4th at 709; *id.* at 712-13 (reversing order "to hire and maintain precise numbers and types of personnel" with no evidence "that these specific numbers correspond to the constitutional floor").  That stands in direct contrast to the facts of this case, a clear distinction Defendants ignore.

Here, Defendants created their 2009 Staffing Plan specifically to respond to multiple court orders – starting with the original injunction in 1995 – finding CDCR's staffing levels unconstitutional and directing Defendants to develop remedial plans.  ECF No. 5711 at 2-4, 14-16.  The plan Defendants submitted – seven years after the 2002 Order setting the 90% minimum fill rate for psychiatrists – included requirements for both line psychiatrists and supervisory psychiatrists.  Defendants have directly represented, and this Court has repeatedly found, that the 2009 Staffing Plan contains the staffing levels they determined were necessary to meet constitutional minima.  *See id.* at 16 (quoting Order Denying Termination, ECF No. 4539).  This procedure tracks exactly with what the Seventh Circuit required on remand in *Westefer*, the key case *Rasho* relies on, as well as the Supreme Court's dictates in this case.  *See Westefer v. Neal*, 682 F.3d 679, 686 (7th Cir. 2012) (ordering IDOC defendants to create their own plan and "verify that the plan they submit satisfies the relevant constitutional standards"); *see also Plata*, 563 U.S. at 510, 532 (affirming order requiring Defendants to formulate and submit compliance plan to district court for approval to allow Defendants "substantial flexibility").

Nor is *Rasho* comparable to the entrenched non-compliance of this case.  The *Rasho* plaintiffs moved for enforcement only a year after the settlement agreement, after a single

monitoring report, and despite reasonable efforts by IDOC to improve. *See Rasho*, 22 F.4th at 706-07. In fact, in the mere months between issuance of the preliminary injunction and the permanent order giving rise to the appeal, evidence showed IDOC increased its 33.53 full-time-equivalent psychiatric providers by 51%, to 50.55. *See id.* at 708. By contrast, *Coleman* Defendants have struggled to make or maintain progress for decades, despite numerous enforcement orders and findings of constitutional non-compliance, including by the Supreme Court. Indeed, in the year since Plaintiffs filed the Motion, Defendants' supervisory psychiatry staffing vacancies have soared: Senior psychiatrist supervisor vacancies almost tripled from 22% to 61% and vacancies for chief psychiatrists grew from 22% to 31%. *Compare* Gourse Decl. ISO Pls.' Mot., ECF No. 7118-1 at Exh. 1 (Jan. 2021), *with* Shinn-Krantz Decl. filed herewith at Exh. 1 (Dec. 2021). While *Rasho* declares IDOC's relatively short history of staffing deficiencies irrelevant based on a questionable review of Seventh Circuit precedent, there is no dispute that the precedent binding this Court holds otherwise, as do the other circuits to address this question. *See Rasho*, 22 F.4th at 722-27 (Ripple, J., dissenting) (reviewing precedent contravening majority holding, including *Plata*, 563 U.S. at 516, 539, 541, and *Armstrong v. Brown*, 768 F.3d 975 at 978-79, 985-86 (9th Cir. 2014)).

Defendants' supplementary brief is nothing more than a blatant attempt to recast history, asserted, once again, with no acknowledgement whatsoever of this Court's multiple prior orders directly addressing these issues. *See* ECF No. 5711 at 14-19 (recounting Defendants' failure to address 2013 order foreclosing 2009 staffing plan arguments and once again rejecting the arguments). More pertinently, *Rasho* has no relevance to Plaintiffs' Motion, which concerns the proper interpretation of the 2002 Order's compliance standard – an issue not addressed in *Rasho*. As such the Court should confirm that its 2002 Order plainly applies to all psychiatrists, not just staff psychiatrists.

## CERTIFICATION OF ORDERS REVIEWED

Counsel certifies that he has reviewed the following orders relevant to this filing: ECF Nos. 1055, 1383, 3613, 3665, 5711, 6427, 6794, 6938, 7003, 7043, 7075, 7462, 7472.

1  DATED: March 7, 2022         Respectfully submitted,

2                                ROSEN BIEN GALVAN & GRUNFELD LLP

4                                By: */s/ Marc J. Shinn-Krantz*
5                                     Marc J. Shinn-Krantz

6                                Attorneys for Plaintiffs