| | |
|---|---|
| ROB BONTA, State Bar No. 202668<br>Attorney General of California<br>DAMON MCCLAIN, State Bar No. 209508<br>Supervising Deputy Attorney General<br>ELISE OWENS THORN, State Bar No. 145931<br>NAMRATA KOTWANI, State Bar No. 308741<br>Deputy Attorneys General<br> 1300 I Street, Suite 125<br> P.O. Box 944255<br> Sacramento, CA 94244-2550<br> Telephone: (916) 210-7318<br> Fax: (916) 324-5205<br> E-mail: Elise.Thorn@doj.ca.gov<br>*Attorneys for Defendants* | HANSON BRIDGETT LLP<br>PAUL B. MELLO, SBN 179755<br>SAMANTHA D. WOLFF, SBN 240280<br>LAUREL E. O'CONNOR, SBN 305478<br>DAVID C. CASARRUBIAS, SBN 321994<br>1676 N. CALIFORNIA BLVD., SUITE 620<br>WALNUT CREEK, CALIFORNIA 94596<br>TELEPHONE:  925-746-8460<br>FACSIMILE:   925-746-8490<br>*Attorneys for Defendants* |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>GAVIN NEWSOM, et al.<br><br>  Defendants. | Case No. 2:90-CV-00520- KJM-DB<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE THE DECLARATION OF MARC J. SHINN-KRANTZ IN SUPPORT OF PLAINTIFFS' SUPPLEMENTAL BRIEFING RE PLAINTIFFS' MOTION TO CLARIFY ORDER OF JUNE 13, 2002**<br><br>**[ECF NO. 7488-1]**<br><br>Judge:   Hon. Kimberly J. Mueller |

-1-  Case No. 2:90-CV-00520- KJM-DB

DEFENDANTS' MOTION TO STRIKE THE MARC J. SHINN-KRANTZ DECLARATION

18347306.4

## NOTICE OF MOTION AND MOTION TO STRIKE

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that Defendants' Motion to Strike will be heard on _____ at ____ a.m./p.m. in a courtroom or remote location to be determined by the Court. Defendants seek to strike Plaintiffs' evidence entitled "Declaration of Marc J. Shinn-Krantz in Support of Plaintiffs' Supplemental Briefing in Support of Plaintiffs' Motion to Clarify Order of June 13, 2002 (ECF No. 7118)," ECF No. 7488-1, and references thereto in Plaintiffs' supplemental briefing, ECF No. 7488.

Defendants' motion is based on this Notice, their supporting Memorandum of Points and Authorities, the Declaration of David C. Casarrubias filed herewith, the records on file in this action, and any argument the Court may entertain on the hearing on this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The parties negotiated the contours of the supplemental briefing at issue, and agreed that it should be limited to no more than three pages focusing on the application of the *Rasho* decision to the dispute at hand. ECF No. 7470 at 2:3-7. This Court then granted the parties' joint request, and authorized the parties to submit "short focused supplemental briefs, limited to no more than three pages and addressing only the application of the holding in *Rasho v. Jeffreys*, 22 F.4th 703 (7th Cir. 2002) to the dispute presented by Plaintiffs' Motion." ECF No. 7472. Despite the parties' unambiguous agreement and the Court's narrow order, Plaintiffs filed additional evidence by way of an unauthorized supplemental declaration. Doing so was inconsistent with the parties' stipulation, inconsistent with the Court's directive, and inconsistent with the local rules limiting the introduction of evidence after the primary briefs have been filed. Because Plaintiffs have submitted evidence that is non-responsive to the Court's order, and in violation of the Court's local rules and this Court's December 24, 2020 order strictly forbidding extraneous filings, the offensive material should be stricken from the record.

/ / /

/ / /

## II. FACTUAL BACKGROUND

On April 9, 2021, Plaintiffs filed a motion to clarify this Court's order of June 13, 2002. ECF Nos. 7118 (motion), 7118-1 (Declaration of Alexander Gourse). As with any regularly noticed motion, Defendants filed an opposition, ECF No. 7137, and Plaintiffs filed a reply, ECF No. 7149. The motion was argued and taken under submission on May 14, 2021. *See* Reporter's Transcript, May 14, 2021 at 34:19-20.

Subsequently, the Seventh Circuit Court of Appeals issued its decision in *Rasho v. Jeffreys*, 22 F.4th 703 (7th Cir. 2022). The parties then jointly requested that the Court decide the issues raised in the motion following the parties' submission of short, focused, supplemental briefs limited to three pages each, and only addressing the holding in *Rasho* and its application to the pending dispute. ECF No. 7470 at 2:3-7.

On February 23, 2022, the Court entered the following Minute Order:

> [T]he parties' Request for Leave to File Supplemental Briefing on Plaintiffs' Motion to Clarify the 6/13/2002 Order, ECF No. [7118], is GRANTED . . . the parties shall file short focused supplemental briefs, limited to no more than three pages and addressing only the application of the holding in *Rasho v. Jeffreys*, 22 F.4th 703 (7th Cir. 2002) to the dispute presented by Plaintiffs' Motion . . . Defendants' supplemental brief shall be due on 2/28/2022 and Plaintiffs' supplemental brief shall be due on 3/7/2022.

ECF No. 7472.

Defendants timely filed their three-page supplemental brief on February 28, 2022. ECF No. 7482. Plaintiffs also timely filed their supplemental brief on March 7, 2022. ECF No. 7488. However, with their brief, Plaintiffs improperly submitted additional evidence to support their motion for clarification, namely the Declaration of Marc J. Shinn-Krantz, that included a five-page exhibit. ECF No. 7488-1.

Defendants reached out to Plaintiffs' counsel and requested that they immediately withdraw the Shinn-Krantz Declaration, and references to it in Plaintiffs' Supplemental Brief, because it went beyond the limited scope of the Court's order granting supplemental briefing, and because it violated the Court's local rule prohibiting the introduction of new evidence after a reply brief has been filed without prior Court approval. Casarrubias Dec. ¶ 2, Ex. A at p. 2. Plaintiffs refused to withdraw either the improper declaration, or references to it in their supplemental brief,

necessitating the instant motion. *Id.* ¶ 3, Ex. A at p. 1.

### III. ARGUMENT

**The Court should strike Plaintiffs' evidence that was improperly submitted in support of supplemental briefing because it violates this Court's orders and Local Rule 230.**

This Court has previously stated that it intended to strike all "documents the court deems non-responsive to its orders." ECF No. 7003. Plaintiffs' Declaration of Mr. Shinn-Krantz and its attendant exhibit are non-responsive to the Court's order to submit a "short focused supplemental brief[]" "addressing only the application of the holding in *Rasho* . . . to the dispute presented by Plaintiffs' Motion." ECF No. 7472. Rather than follow the Court's clear and narrow directive, Plaintiffs chose to file a supplemental declaration, with a supplemental exhibit, in an improper attempt to update their pending motion. *See* ECF No. 7488-1. On its face, submitting new evidence violates the scope of the narrow briefing that was ordered, and makes an end-run around the Court's order limiting briefing to three pages focused on *Rasho*'s holding to the motion filed in April of 2021—not to any evidence adduced in *2022*. *Cf.* ECF No. 7339; Reporter's Transcript, Oct. 7, 2021 at 39:9-41:13 (granting Defendants' motion to strike records improperly filed as part of a limited filing to the Court).

In refusing to withdraw their new evidence, Plaintiffs claimed that discussing the application of the holding in *Rasho* to the present dispute "necessarily required discussing the relevant facts," which in turn required the filing of additional evidence since the evidence was not already in the record. Casarrubias Dec. Ex. A at p. 1. Plaintiffs' assertion entirely ignores the narrow scope of the Court's directive (and the parties' agreement), and further ignores that the "present dispute" for purposes of the limited supplemental briefing is *Rasho*'s application to the purported clarification of an order issued in 2002—not *Rasho*'s application to recent monthly statistics. ECF No. 7472 (ordering that briefing be limited to only the application of the holding in *Rasho* to the dispute presented by Plaintiffs' Motion to Clarify the 2002 order). Plaintiffs' attempt to insert additional evidence into the record at this stage in the proceedings only further highlights that their underlying motion is not a motion to clarify at all, but rather, a motion for new relief that is apparently dependent on new evidence.

Plaintiffs' litigation tactic also runs afoul of Local Rule 230(m)(1), which prohibits the introduction of evidence after a reply brief has been filed without prior Court approval. Plaintiffs filed their reply brief in support of their underlying motion nearly a year ago on April 30, 2020. ECF No. 7149. If they desired to introduce additional evidence, they should have first sought leave of court to do so, rather than surreptitiously presenting new evidence under the guise of narrow supplemental briefing strictly limited to a legal issue. E.D. Cal. Local Rule 230(m)(1); ECF No. 7472. They failed to seek leave to introduce this new evidence properly. Consequently, the Shinn-Krantz Declaration, and references to it in Plaintiffs' Supplemental Brief, should be stricken from the record and not considered in adjudicating Plaintiffs' underlying motion for clarification.

## IV.   CONCLUSION

Plaintiffs' submission of an extraneous and improper declaration conflicts with this Court's clear and narrow order. Plaintiffs refused to withdraw the offending material from the record on their own accord after being notified of their overreach. The Court should now strike it.

## CERTIFICATION

In preparing this motion, Defendants' counsel reviewed the following Court orders relevant to the issues in this filing, ECF Nos.: 7003, 7283, 7339, 7472.

DATED: March 11, 2022               HANSON BRIDGETT LLP

By:   *s/ David C. Casarrubias*
PAUL B. MELLO
SAMANTHA D. WOLFF
LAUREL E. O'CONNOR
DAVID C. CASARRUBIAS
Attorneys for Defendants

| | |
|---|---|
| 1  DATED: March 11, 2022 | Respectfully Submitted, |
| 2 | |
| 3 | ROB BONTA<br>Attorney General of California<br>Damon McClain |
| 4 | Supervising Deputy Attorney General |
| 5 | By:      *s/ Elise Owens Thorn* |
| 6 | ELISE OWENS THORN<br>Deputy Attorney General |
| 7 | Attorneys for Defendants |