# EXHIBIT B

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION                              GAVIN NEWSOM, GOVERNOR

**OFFICE OF LEGAL AFFAIRS**
Jennifer Neill
General Counsel
P.O. Box 942883
Sacramento, CA 94283-0001



March 10, 2022

Paul Mello
Hanson Bridgett
1676 N. California Boulevard, Suite 620
Walnut Creek, CA 94596

Dear Mr. Mello:

Attached please find the California Department of Corrections and Rehabilitation's March 2022 Status Update for the Three-Judge Court proceeding.

Sincerely,

*Jennifer Neill*

JENNIFER NEILL
General Counsel
Office of Legal Affairs
California Department of Corrections and Rehabilitation

cc: Iram Hasan, Deputy Attorney General

STATE OF CALIFORNIA—DEPARTMENT OF CORRECTIONS AND REHABILITATION GAVIN NEWSOM, GOVERNOR



### March 15, 2022 Update to the Three-Judge Court

On February 10, 2014, the Three-Judge Court ordered CDCR to reduce the in-state adult prison population to 137.5 percent of design capacity by February 28, 2016. (ECF Nos. 2766/5060 & 2767/5061.) Defendants first informed the Court that its population was below 137.5 percent of design capacity on February 17, 2015 (ECF No. 2838/5278), and have submitted 82 reports since then. Defendants have complied with the population cap for over seven years.

As of March 9, 2022, the State's adult prison population is 91,260, or 111.3 percent of design capacity. Below are updates regarding Defendants' population reduction efforts and evidence of durable compliance with the 137.5 percent benchmark.

### A. Update on Proposition 57 Measures:

Proposition 57, passed in November 2016, is the State's durable remedy that enacts many Court-ordered reforms, expands credit-earning opportunities, and creates a parole consideration process for nonviolent, determinately-sentenced inmates who have served the full term of their primary offense in state prison. Information about these regulations can be found at https://www.cdcr.ca.gov/proposition57/. Details regarding measures CDCR implemented can be found in previously-filed monthly status reports. (*See, e.g.*, ECF No. 3769/7423 (Jan. 18, 2022).) Updated statistics showing the impact of these regulations are included below.

1. Increased credit-earning opportunities for all inmates except the condemned and those serving life without parole sentences:

   1,653 inmates released between February 1 and February 28, 2022 earned an estimated average of 251.3 days of additional credit towards their advanced release date. This does not include inmates released from fire camp**s**

2. Determinately-sentenced nonviolent offender parole process:

   CDCR began referring inmates to the Board for this process on July 1, 2017, pursuant to the emergency regulations promulgated on April 13, 2017. From July 1, 2017, through February 28, 2022, 30,430 referrals were made to the Board. The Board has reviewed 27,415 referrals on the merits as of February 28, 2022. Of these, the Board approved 4,419 inmates for release and denied 22,996. Additionally, 2,286 referrals have been closed because the Board's jurisdictional review of the inmates' criminal history and central file revealed they were not eligible for parole consideration. The remaining referrals are pending review, including those within the 30-day period for written input from inmates, victims, and prosecutors.

3. Indeterminately-sentenced nonviolent offender parole process:

   CDCR has been screening indeterminately-sentenced, nonviolent offenders for eligibility since January 2019. As of February 28, 2022, 2,976 inmates have been referred to the

Board for a parole consideration hearing. Sixty-nine of these referrals were closed because the Board's jurisdictional review of criminal histories and central files revealed those inmates were not eligible for parole consideration. The Board has conducted 1,855 hearings for indeterminately sentenced nonviolent offenders, resulting in 512 grants, 1,201 denials, and 142 stipulations to unsuitability. An additional 1,762 hearings were scheduled, but postponed, waived, continued, or canceled. The remaining referrals are pending parole suitability hearings.

**B. Updates on Other Population Reduction Measures:**

1. <u>Contracting for additional in-state capacity in county jails, community correctional facilities, private prison(s), and reduction of out-of-state beds:</u>

    a. The population of California City Correctional Facility, California's only private prison, is approximately 1,977 inmates as of March 9, 2022.

    b. The State currently has no contracted-for beds in community correctional facilities (CCFs), modified community correctional facilities (MCCFs), or Female Community Reentry Facilities (FCRFs).

    c. California no longer houses inmates out of state.[1] The last inmates in out-of-state contract beds returned to California in June 2019.

2. <u>Expanded medical parole process for medically incapacitated inmates:</u>

    The information reported in the State's February 2022 status report (ECF No. 3781/7464, Ex. B at 4-5) remains current.

3. <u>Parole process for elderly inmates:</u>

    Under Penal Code section 3055, inmates aged 50 and above who served at least 20 years of continuous incarceration qualify for elderly parole consideration. Certain inmates sentenced under strike-sentencing laws (Penal Code sections 667(b)-(i) or 1170.12) or convicted of first-degree murder of a peace officer are excluded from the statutory scheme, but are eligible for elderly parole consideration as set forth in the February 10, 2014 order, which covers inmates aged 60 and above who served at least 25 years of continuous incarceration. Previous status reports further detail these parole processes. (*See, e.g.*, ECF No. 3769/7423 (Jan. 18, 2022).)

    Between February 11, 2014, and February 28, 2022, the Board held 6,349 hearings for inmates eligible for elderly parole consideration, resulting in 1,870 grants, 3,942 denials, 536 stipulations to unsuitability, and one tie vote. During this period, the Board scheduled 3,809 additional hearings that were waived, postponed, continued, or canceled.

4. <u>Male community reentry programs:</u>

    The State continues to refer eligible inmates for possible placement in Male Community Reentry Programs (MCRPs). As of March 9, 2022, 608 inmates are housed in MRCP

---

[1] This statistic excludes inmates housed in other states under interstate compact agreements.

    facilities the State contracts with in San Diego, Los Angeles, Kern, and Butte counties.

5. <u>Expanded alternative custody program:</u>
   The Custody to Community Treatment Reentry Program (CCTRP), the State's expanded alternative custody program for female inmates, provides a range of rehabilitative services that assist with substance use recovery, employment, education, housing, family reunification, and social support. As of March 9, 2022, 307 female inmates are participating in the CCTRP, and are housed at facilities in San Diego, Santa Fe Springs, Bakersfield, Stockton, Sacramento, and Los Angeles.

6. <u>Reduction of inmate population in response to COVID-19 pandemic:</u>
   Starting in March 2020, in addition to myriad other safety measures, Defendants implemented several policies to further reduce CDCR's adult population in response to the COVID-19 pandemic, including policies the Secretary implemented under Government Code section 8658. As a result, Defendants reduced the prison population below 100,000 for the first time in three decades by the end of July 2020. (ECF No. 3417 at 5.) Previous status reports further detail CDCR's COVID-19 population reduction measures. (*See, e.g.*, ECF No. 3769/7423 (Jan. 18, 2022).)

7. <u>Credit-earning regulations effective May 1, 2021 and December 28, 2021:</u>
   CDCR passed new credit-earning regulations effective May 1, 2021, increasing credit-earning rates for inmates serving sentences for violent crimes and nonviolent crimes with second or third-strike enhancements, among others. A substantially similar version of these regulations were readopted on December 28, 2021 under Penal Code section 5058.3, further increasing certain credit-earning rates. Previous reports detail credit earning rates. (*See, e.g.*, ECF No. 3769/7423 (Jan. 18, 2022).) CDCR anticipates that, in addition to incentivizing positive behavior, these changes will allow more inmates to reduce the amount of time spent in prison.[2]

8. <u>Inmates Released Under Proposition 36</u>
   Proposition 36, passed in November 2012, revised the State's three-strikes law to permit resentencing for qualifying inmates whose third strike was not serious or violent. As of February 28, 2022, approximately 3,201[3] inmates have been released under this measure.

---

[2] A coalition of California district attorneys seeks to halt implementation of these regulations in *Schubert, et al. v. State of California, et al.,* Sacramento County Superior Court Case Nos. 34-2021-00301253 and 34-2021-00312867. The court partially sustained defendants' demurrer in the first case on March 8, 2022, dismissing the district attorneys from the case for lack of capacity to sue. That case will proceed with several victims' rights groups as plaintiffs. The court denied the district attorneys' motion for a preliminary injunction in the second case. The appeal of this denial is pending. Separately, a victim's advocacy group and two purported crime victims challenge the December 2021 readoption of the May 2021 regulations in *Crim. Just. Legal Found., et al. v. Cal. Dep't Corr. & Rehabilitation, et al.*, Sacramento County Superior Court Case No. 34-2022-80003807. This case is in its initial stages.

[3] This number excludes inmates who were eligible for Proposition 36 resentencing but released in other ways (e.g. Proposition 47 resentencing or nonviolent parole process).