UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>GAVIN NEWSOM, et al.,<br><br>　　　　　Defendants. | No. 2:90-cv-0520 KJM DB P<br><br><br>ORDER |

　　　　The parties have presented a stipulation and proposed order regarding their proposed resolution of defendants' July 27, 2021 Motion to Modify the 2009 Staffing Plan, ECF No. 7250. ECF No. 7486. For the reasons explained below, the court defers consideration of the stipulation as presented.

　　　　The parties' proposed modification incorporates a defense assertion that "neither the 2009 Staffing Plan itself nor any of the adjustments in this proposal are necessary to remedy an Eighth Amendment violation. Nor do they reflect "relief … [that is] narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A)." ECF No. 7486-1 at 2 n.1. The 2009 Staffing Plan includes a similar disclaimer. *See* ECF No. 3693 at 7

1

n.1.¹  In its October 10, 2017 order requiring defendants to come into full compliance with the 2009 Staffing Plan, the court specifically noted that, notwithstanding that disclaimer, "the Staffing Plan was developed in response to a court order to 'resolve all outstanding staffing allocation issues' to remedy an ongoing constitutional violation."  October 10, 2017 Order, ECF No. 5711, at 16 n.5 (citing ECF No. 3613 at 2).  Moreover, it is established through several long-standing orders of this court that full implementation of the 2009 Staffing Plan is necessary to remedy the Eighth Amendment violation in this case. *See*, *e.g.*, *Coleman v. Brown*, 938 F.Supp.2d 955, 969 (E.D. Cal. 2013); *see also* October 10, 2017 Order, ECF No. 5711 at 16-18.  The findings in those orders are sufficient to satisfy the need-narrowness-intrusiveness requirements of the Prison Litigation Reform Act (PLRA).

       Footnote 1 of Exhibit A signifies that defendants are asking the court to approve an agreement for staffing that, in their view, does not satisfy the need-narrowness-intrusiveness requirements of 18 U.S.C. § 3626(a)(1)(A).  The court can only approve the present agreement if it does not constitute "prospective relief" or if the court is satisfied such approval does satisfy the need-narrowness-intrusiveness requirements of 18 U.S.C. § 3626(a)(1)(A).

       While the court approves in principle the substance of the parties' agreement, 18 U.S.C. § 3626(a)(1)(A) precludes it from entering the requested order as presented until the record is clear either that an order on the proposed modification is not "prospective relief" within the meaning of the statute or, in the alternative, that such an order meets the need-narrowness-intrusiveness requirements of 18 U.S.C. § 3626(a)(1)(A).

       Accordingly, good cause appearing, the parties are GRANTED fourteen days from the date of this order in which to file either an amended stipulation and proposed order resolving the obstacle to court approval of their agreement or, in the alternative, a proposed schedule with page

/////

---

¹ In this order citations to page numbers in documents filed in the Court's Electronic Case Filing (ECF) system are to the page number assigned by the ECF system and located in the upper righthand corner of the page.

limits for supplemental briefing and submission of evidence relevant to resolution of the issue identified by this order.

IT IS SO ORDERED.

DATED: March 15, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE