Rob Bonta, State Bar No. 202668
Attorney General of California
Monica N. Anderson, State Bar No. 182970
Senior Assistant Attorney General
Damon McClain, State Bar No. 209508
Supervising Deputy Attorney General
Elise Owens Thorn, State Bar No. 145931
Namrata Kotwani, State Bar No. 308741
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7318
  Fax: (916) 324-5205
  E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

Paul B. Mello, State Bar No. 179755
Samantha D. Wolff, State Bar No. 240280
Laurel E. O'Connor, State Bar No. 305478
David C. Casarrubias, State Bar No. 321994
Hanson Bridgett LLP
  1676 N. California Boulevard, Suite 620
  Walnut Creek, CA 94596
  Telephone: (925) 746-8460
  Fax: (925) 746-8490
  E-mail: PMello@hansonbridgett.com
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>　　　　　　　　　　　Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**DEFENDANTS' UPDATED ACTIVATION SCHEDULES FOR COMPLETION OF COURT-ORDERED DATA REMEDIATION** |

　　　Defendants filed their preliminary activation schedules for completion of court-ordered data remediation on September 29, 2021. ECF No. 7334. Following a discussion of data remediation at an October 7, 2021 status conference, the Court ordered Defendants to file an updated data remediation schedule in three months and a further data remediation activation schedule in six months. ECF No. 7339. Defendants filed their Updated Preliminary Activation Schedules for Completion of Court-Ordered Data Remediation on January 7, 2022. ECF No. 7415. Following the discovery and resolution of certain coding errors, CDCR updated the preliminary activation schedules on February 7, 2022. ECF No. 7457.

1

On February 15, 2022, the Court issued a minute order setting a status conference for April 22, 2022 to focus on data remediation. ECF No. 7462. In that order, the Court also allowed Defendants to include with their April 7, 2022 Data Remediation Activation Schedule a succinct statement of issues related to data remediation that require clarification by the court. *Id.*

Attached as **Exhibit A** is a letter from the California Department of Corrections and Rehabilitation (CDCR) enclosing the further data remediation activation schedules for completion of data remediation as required under the October 7, 2021 order. The updated activation schedules identify the progress made to date that is the result of work by CDCR's staff in collaboration with the Special Master's team, including the Special Master's data expert, Daniel Potter, Ph.D. The activation schedules also describe challenges or contingencies Defendants face in both the development and implementation of the established Data Validation and Verification process. ECF No. 7334 at 24-36.

As explained in the attached Exhibit A, new and ongoing challenges both contributed to slower progress over the past three months. Those include: the delays created by the 36-step verification process; the Special Master's decision to discontinue incremental written feedback to the Continuous Quality Improvement (CQI) Guidebook; the Special Master's stated need for live data collection during CQI Tours before data remediation can be completed; and the addition of nine glossary items and data elements to the review process.

That data remediation has been lingering for years is not news—and certainly not news to the Special Master. Back in 2020, Defendants raised concerns with the nature of Dr. Potter's work, which appeared to be unbounded in scope and on track to persist for the foreseeable future with no end in sight. Attached as **Exhibit B** is a November 30, 2020 letter from Defendants to the Special Master expressing their concerns regarding the scope and pace of work being performed by Dr. Potter. Attached as **Exhibit C** is a December 18, 2020 letter from the Special Master responding to Defendants' November 30th letter. Unfortunately, and over 16 months after Defendants first urged the Special Master for insight as to the scope and nature of Dr. Potter's work, only a single indicator has been certified by the Data Expert. Even so, it remains unclear if the Special Master has also certified the indicator.

Given the ongoing number of delays and challenges, necessary revisions and plans to mitigate these delays, and significant risks of delay uncovered in the past six months, Defendants believe regular 90-day updates to the Court are essential and should continue to ensure the process remains transparent and focused on timely completion. Regular updates allow the parties to raise continuing or new contingencies, and areas in which the parties need guidance from the Court.

Consistent with the Court's February 15, 2022 minute order allowing for Defendants to present a statement of issues related to data remediation for the Court's consideration and clarification, to which Plaintiffs may respond, ECF No. 7462—and as explained in further detail in Defendants' attached Updated CDCR Data Activation Schedule—Defendants submit the following:

1. Defendants wish to confirm that the Data Remediation process is not meant to overhaul CDCR's data system, but instead is focused on the quality and accuracy of the data and ensuring that the data elements measure what they purport to measure.

2. Defendants wish to confirm that the Data Remediation process is not the appropriate forum to resolve disagreements regarding how a policy related to the delivery of mental health care should be interpreted. Discussions of new policies, policy revisions, or policy expansions are not appropriate unless there are significant gaps in existing policy.

3. Defendants wish to confirm that, at this stage in Data Remediation, the Special Master and his expert can no longer impose new conditions on certification—such as the addition of significant new steps to the Data Remediation process that was already agreed upon and on which Defendants are relying—without Defendants' approval to ensure that any changes do not result in unnecessary delay.

4. Defendants wish to confirm that the Special Master will provide certification decisions of individual indicators in writing and on at least a quarterly basis, and that the parties will have an opportunity to respond or object as appropriate.

5. Defendants wish to confirm that any decisions denying certification of an individual indicator will include a clear rationale explaining in writing why that indicator is not certified.

6. Upon initial certification of each indicator, Defendants wish to confirm that recertification of the indicator is not necessary absent that indicator undergoing a substantial change. Otherwise, Data Remediation will never be complete.

**CERTIFICATION**

Defendants' counsel certifies that they reviewed the following orders relevant to this filing: ECF Nos. 5092, 6846, 6996, 7216, 7283, 7339, and 7462.

Dated: April 7, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
DAMON MCCLAIN
Supervising Deputy Attorney General

s/ *Elise Owens Thorn*
ELISE OWENS THORN
Deputy Attorney General
*Attorneys for Defendants*

HANSON BRIDGETT LLP

s/ *Paul B. Mello*
PAUL B. MELLO
SAMANTHA D. WOLFF
LAUREL E. O'CONNOR
DAVID C. CASARRUBIAS
*Attorneys for Defendants*