1   ROB BONTA, SBN 202668
    Attorney General of California
2   MONICA N. ANDERSON, SBN 182970
    DAMON MCCLAIN, SBN 209508
3   Supervising Deputy Attorney General
    ELISE OWENS THORN, SBN 145931
4   NAMRATA KOTWANI, SBN 308741
    Deputy Attorneys General
5     1300 I Street, Suite 125
      P.O. Box 944255
6     Sacramento, CA 94244-2550
      Telephone: (916) 210-7318
7     Fax: (916) 324-5205
      E-mail: Elise.Thorn@doj.ca.gov
8   Attorneys for Defendants

    HANSON BRIDGETT LLP
    PAUL B. MELLO, SBN 179755
    SAMANTHA D. WOLFF, SBN 240280
    KAYLEN KADOTANI, SBN 294114
    DAVID C. CASARRUBIAS, SBN 321994
      1676 N. CALIFORNIA BLVD., SUITE 620
      WALNUT CREEK, CALIFORNIA 94596
      TELEPHONE: 925-746-8460
      FACSIMILE: 925-746-8490
    Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GAVIN NEWSOM, et al. <br><br> Defendants. | Case No. 2:90-CV-00520- KJM-DB <br><br> **DEFENDANTS' OBJECTIONS TO PART A OF THE SPECIAL MASTER'S TWENTY-NINTH ROUND MONITORING REPORT ON THE PSYCHIATRIC INPATIENT PROGRAMS FOR MENTAL HEALTH PATIENTS OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (ECF No. 7555)** <br><br> Judge: Hon. Kimberly J. Mueller |

18597589.3

I.    **INTRODUCTION**

On May 17, 2022, the Special Master filed his Twenty-Ninth Round Monitoring Report –
Part A: Special Master's Monitoring Report on the Psychiatric Inpatient Programs for Mental
Health Patients of the California Department of Corrections and Rehabilitation ("Report"). (ECF
No. 7555.) The Special Master provided the parties with a draft of the Report on March 10, 2022
("Draft Report"), and Defendants submitted objections to the Draft Report on April 11, 2022.
(*See* Exhibit B to the May 17, 2022 Report, ECF No. 7555-1.) Defendants continue to disagree
with and object to the Report for the reasons stated in their April 11, 2022 objections, and reassert
those objections to certain aspects of the Report, as set forth below. In addition, Defendants object
to many of the purported factual findings contained within the 496-page Report, but are unable to
assert itemized objections to the factual findings here, given the length of the Report and 10-day
objection timeframe.

II.    **DEFENDANTS' OBJECTIONS TO RECOMMENDATION NO. 1**

The Special Master's first recommendation states:

> That CDCR be ordered to develop a comprehensive plan within 30 days, under the
> guidance and supervision of the Special Master, and with input from the plaintiffs
> as appropriate, to remedy the seriously deficient staffing levels at the Lift and Shift
> PIPs identified in this report.

(ECF No. 7555 at p. 151.)

Defendants object to Recommendation No. 1 on the grounds that such an order is
unnecessary at this time and fails to take into account the substantial efforts of both CDCR and the
Receiver to increase the staffing levels at the Lift and Shift PIPs. Notably, to address staffing
challenges, CDCR unilaterally implemented a significant pay differential and retention bonus
structure for CDCR psychiatrists and psychologists who work in the PIPs. These considerable pay
incentives went into effect on May 1, 2022. In light of this recent, significant development, this
recommendation is premature at best since the pay incentives are just beginning to impact the
staffing levels at the Lift and Shift PIPs. Indeed, the Special Master prepared this Report without
the benefit of this significant development. The pay incentives are not the only example of
Defendants' efforts to improve staffing levels in the PIPs, indeed, Defendants have been taking a

18597589.3

Case 2:90-cv-00520-KJM-SCR    Document 7559    Filed 05/27/22    Page 3 of 5

1    variety of steps to address recruiting and retention issues. (*See*, e.g., Defendants' Submission of

2    the California Department of Corrections and Rehabilitation's Psychiatric Inpatient Program

3    Staffing Plan for Fiscal Year 2021/2022, ECF No. 7245.) Thus, such prospective relief would

4    violate the Prison Litigation Reform Act because CDCR's aggressive efforts demonstrate a lack of

5    deliberate indifference, and moreover, the prospective relief would extend further than necessary

6    and would not be the least intrusive means necessary to correct any purported violation of the

7    Federal right.

8        Relatedly, in light of this new development and the various other projects currently being

9    undertaken by CDCR, Defendants further object on the grounds that 30 days is insufficient time to

10   develop a draft "comprehensive plan," meet and confer with Plaintiffs' counsel, and finalize this

11   contemplated plan. In short, this recommendation is premature and likely unnecessary in light of

12   the continuing efforts by CDCR and the Receiver to address the staffing levels identified in the

13   Report.

14   **III.    DEFENDANTS' OBJECTION TO RECOMMENDATION NO. 2.**

15       The second recommendation proposed by the Special Master states:

16       Consistent with the recommendations contained in the Special Master's 2021
         Inpatient Care Report, to the extent necessary to remedy any deficiencies identified
17       in this report, within 90 days CDCR, under the guidance and supervision of the
         Special Master, and with input from the plaintiffs as appropriate, shall develop
18       minimum standards for the provision of structured therapeutic activities,
         unstructured out-of-cell activities, treatment planning, and individual treatment,
19       consistent with a psychiatric inpatient level of care, and shall develop plans to
         provide such structured therapeutic activities, unstructured out-of-cell activities,
20       treatment planning, and individual treatment consistent with the established
         minimum standards. CDCR shall also develop and implement a system for tracking
21       and reporting adherence to the standards developed.

22   (ECF No. 7555 at pp. 151-152.)

23       Defendants object to this recommendation on the grounds that it is too vague and not tied

24   to specific, identified issues in the Report. The recommendation requires the development of

25   minimum standards for the provision of (1) structured therapeutic activities, (2) unstructured out-

26   of-cell activities, (3) treatment planning, and (4) individual treatment. But the recommendation

27   does not identify the specific "deficiencies" that must be addressed by the four sets of standards.

28   Nor does the recommendation indicate whether it is calling for a specific plan to address every

DEFENDANTS' OBJECTIONS TO THE SPECIAL MASTER'S TWENTY-NINTH ROUND MONITORING
REPORT

18597589.3

1   criticism in the report and only with respect to those programs that fall short, or whether it is a

2   more general recommendation for systemic improvements at all of the inpatient programs. In sum,

3   the recommended action is not necessary to remedy an Eighth Amendment violation.  Nor does it

4   reflect "relief . . . [that is] narrowly drawn, extends no further than necessary to correct the

5   violation of [any] Federal right, and is the least intrusive means necessary to correct the violation

6   of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

7        Defendants further object to this recommendation to the extent it requires CDCR to

8   simultaneously develop a system for tracking and reporting adherence to these proposed standards.

9   It is not possible to develop a tracking program for policies that do not yet exist, nor is it possible

10  to develop such a system contemporaneous with the policy development. Policies must first be

11  developed before a program can be created to track adherence to those policy requirements.

12  Therefore the 90-day deadline proposed in the Report would be grossly insufficient and only set

13  Defendants up for failure.

14  **IV.    CONCLUSION**

15       Defendants respectfully request that their objections to the Special Master's Report be

16  considered by this Court, and that any order flowing from the Report address the issues noted

17  above and in Defendants' April 11, 2022 objections at Exhibit B to the Report. (*See* ECF No.

18  7555-1.)

19                              **CERTIFICATION**

20       Defendants' counsel certifies that they reviewed the following orders relevant to this filing:

21  ECF Nos. 547, 612, 640, 4688, 4925, 5188, 5274, 5573, 5852, 6211, 6214, 6315, 6460, and 6639.

22   DATED:  May 27, 2022                        Respectfully submitted,

23                                              HANSON BRIDGETT LLP

24

25                                     By:      /s/ *Samantha D. Wolff*
                                               PAUL B. MELLO
26                                             SAMANTHA D. WOLFF
                                               DAVID C. CASARRUBIAS
27                                             Attorneys for Defendants

28

                                               -4-              Case No. 2:90-CV-00520- KJM-DB

1    DATED:  May 27, 2022                                ROB BONTA
                                                         Attorney General of California
2                                                        Damon McClain
                                                         Supervising Deputy Attorney General
3

4                                              By:        *s/ Elise Owens Thorn*
                                                         ELISE OWENS THORN
5                                                        Deputy Attorney General
                                                         Attorneys for Defendants
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 2:90-CV-00520- KJM-DB

DEFENDANTS' OBJECTIONS TO THE SPECIAL MASTER'S TWENTY-NINTH ROUND MONITORING
REPORT

18597589.3