# EXHIBIT B

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION                             GAVIN NEWSOM, GOVERNOR

**OFFICE OF LEGAL AFFAIRS**
Jennifer Neill
General Counsel
P.O. Box 942883
Sacramento, CA 94283-0001



June 10, 2022

Paul Mello
Hanson Bridgett
1676 N. California Boulevard, Suite 620
Walnut Creek, CA 94596

Dear Mr. Mello:

Attached please find the California Department of Corrections and Rehabilitation's June 2022 quarterly Status Update for the Three-Judge Court proceeding.

Sincerely,

*Jennifer Neill*

JENNIFER NEILL
General Counsel
Office of Legal Affairs
California Department of Corrections and Rehabilitation

cc: Iram Hasan, Deputy Attorney General



# June 15, 2022 Quarterly Update to the Three-Judge Court

On February 10, 2014, the Three-Judge Court ordered CDCR to reduce the in-state adult prison population to 137.5 percent of design capacity by February 28, 2016. (ECF Nos. 2766/5060 & 2767/5061.) Defendants first informed the Court that its population was below 137.5 percent of design capacity on February 17, 2015 (ECF No. 2838/5278), and have submitted 82 reports since then. Defendants have complied with the population cap for over seven years. On March 25, 2022, the Court granted Defendants' unopposed motion to reduce the frequency of these reports from monthly to quarterly. (ECF No. 3795/7515.) As a result, reports will be filed in March, June, September, and December until further order of the Court.

As of June 8, 2022, the State's adult prison population is 92,709, occupying 113.1 percent of design capacity. Below are updates regarding Defendants' population reduction efforts and evidence of durable compliance with the 137.5 percent benchmark.

## A. Update on Proposition 57 Measures:

Proposition 57, passed in November 2016, is the State's durable remedy that enacts many Court-ordered reforms, expands credit-earning opportunities, and creates a parole consideration process for nonviolent, determinately-sentenced inmates who have served the full term of their primary offense in state prison. Information about these regulations can be found at https://www.cdcr.ca.gov/proposition57/. Details regarding measures CDCR implemented can be found in previously-filed monthly status reports. (*See, e.g.*, ECF No. 3769/7423 (Jan. 18, 2022).) Updated statistics showing the impact of these regulations are included below.

1. Increased credit-earning opportunities for all inmates except the condemned and those serving life without parole sentences:

    4,636 inmates released between March 1 and May 31, 2022 earned an estimated average of 213.6 days of additional credit towards their advanced release date. This does not include inmates released from fire camps.

2. Determinately-sentenced nonviolent offender parole process:

    Since July 1, 2017, CDCR has referred 31,520 inmates to the Board for this parole process. The Board has reviewed 28,469 referrals on the merits as of May 31, 2022, approved 4,486 of these inmates for release, and denied 23,983. 2,415 referrals have been closed because the Board's jurisdictional review of the inmates' criminal history and central file revealed they were not eligible for parole consideration. The remaining referrals are pending review, including those within the 30-day period for written input from inmates, victims, and prosecutors.

3. Indeterminately-sentenced nonviolent offender parole process:

    Since January 2019, when CDCR began screening indeterminately-sentenced, nonviolent

offenders for eligibility, CDCR has referred 2,983 inmates to the Board for a parole consideration hearing. Seventy of these referrals were closed because the Board's jurisdictional review of criminal histories and central files revealed those inmates were not eligible for parole consideration. The Board has conducted 2,075 hearings for indeterminately sentenced nonviolent offenders resulting in 550 grants, 1,340 denials, and 185 stipulations to unsuitability. An additional 1,948 hearings were scheduled, but postponed, waived, continued, or canceled. The remaining referrals are pending parole suitability hearings.

B. **Updates on Other Population Reduction Measures:**

1. Contracting for additional in-state capacity in county jails, community correctional facilities, private prison(s), and reduction of out-of-state beds:

    a. The population of California City Correctional Facility, California's only private prison, is approximately 2,016 inmates as of June 8, 2022.

    b. The State currently has no contracted-for beds in community correctional facilities (CCFs), modified community correctional facilities (MCCFs), or Female Community Reentry Facilities (FCRFs).

    c. California no longer houses inmates out of state.[1] The last inmates in out-of-state contract beds returned to California in June 2019.

2. Expanded medical parole process for medically incapacitated inmates:

    The Board conducts expanded medical parole hearings for inmates referred to the Board by the head physician at the inmates' institutions. The Board's medical parole hearing decision approving an inmate for placement in a skilled nursing facility is forwarded to the California Correctional Health Care Services (CCHCS) and Receiver's Office, which locate a community facility that will accept the inmate and enforce any restrictions imposed by the Board. If CCHCS is unable to place the inmate within 120 days of the decision, the decision expires and the inmate remains in CDCR custody. Between July 1, 2014, and February 9, 2022, the Board has held 321 medical parole hearings, resulting in 211 approvals and 110 denials. An additional 81 hearings were scheduled, but postponed, continued, or canceled.

    In 2021, the federal government adopted a new approach to enforcing the United States Department of Health and Human Services, Centers for Medicare & Medicaid Services' (CMS) licensing requirements for skilled nursing facilities that accept Medicare and Medicaid reimbursements. Defendants reported resulting changes to the State's medical parole process in previous filings. (See, e.g., ECF Nos. 3769/7423 (Jan. 18, 2022) and 3781/7464 (Feb. 15, 2022).) Because this new federal policy prohibits the Board from placing certain safety conditions on medical parolees (e.g., prohibiting parolees from leaving the medical facility), CDCR can no longer place persons who are on medical parole in those facilities. CDCR has identified a California licensed skilled nursing facility that no longer accepts Medicare and Medicaid reimbursements, which would

---

[1] This statistic excludes inmates housed in other states under interstate compact agreements.

enable CDCR to place persons who are on medical parole in the community with appropriate safety conditions. As a result, CDCR has begun referring persons eligible for medical parole to the Board.

3. Parole process for elderly inmates:

   Under Penal Code section 3055, inmates aged 50 and above who serve at least 20 years of continuous incarceration qualify for elderly parole consideration. Certain inmates sentenced under strike-sentencing laws (Penal Code sections 667(b)-(i) or 1170.12) or convicted of first-degree murder of a peace officer are excluded from the statutory scheme, but are eligible for elderly parole consideration as set forth in the February 10, 2014 order, which covers inmates aged 60 and above who serve at least 25 years of continuous incarceration. Previous status reports further detail these parole processes. (*See, e.g.*, ECF No. 3769/7423 (Jan. 18, 2022).)

   Since February 11, 2014, the Board has held 6,837 hearings for eligible inmates, resulting in 1,975 grants, 4,262 denials, and 600 stipulations to unsuitability. The Board scheduled 4,106 additional hearings that were waived, postponed, continued, or canceled.

4. Male community reentry programs:

   The State continues to refer eligible inmates for possible placement in Male Community Reentry Programs (MCRPs). As of June 8, 2022, 624 inmates are housed in MRCP facilities the State contracts with in San Diego, Los Angeles, Kern, and Butte counties.

5. Expanded alternative custody program:
   The Custody to Community Treatment Reentry Program (CCTRP), the State's expanded alternative custody program for female inmates, provides a range of rehabilitative services that assist with substance use recovery, employment, education, housing, family reunification, and social support. As of June 8, 2022, 335 female inmates are participating in the CCTRP, and are housed at facilities in San Diego, Santa Fe Springs, Bakersfield, Stockton, Sacramento, and Los Angeles.

6. Credit-earning regulations effective May 1, 2021 and December 28, 2021:
   CDCR passed new credit-earning regulations effective May 1, 2021, increasing credit-earning rates for inmates serving sentences for violent crimes and nonviolent crimes with second or third-strike enhancements, among others. A substantially similar version of these regulations was readopted on December 28, 2021 under Penal Code section 5058.3, further increasing certain credit-earning rates. Previous reports detail credit earning rates. (*See, e.g.*, ECF No. 3769/7423 (Jan. 18, 2022).)[2]

---

[2] A coalition of California district attorneys sought to halt implementation of these regulations in *Schubert, et al. v. State of California, et al.,* Sacramento County Superior Court Case Nos. 34-2021-00301253 and 34-2021-00312867. The court partially sustained defendants' demurrer in the first case on March 8, 2022, dismissing the district attorneys from the case for lack of capacity to sue. That case will proceed with several victims' rights groups as plaintiffs. The district attorneys recently dismissed the second case, and their appeal of the court's denial of their motion for a preliminary injunction in that case. Separately, a victim's advocacy group and

7. <u>Inmates Released Under Proposition 36</u>
Proposition 36, passed in November 2012, revised the State's three-strikes law to permit resentencing for qualifying inmates whose third strike was not serious or violent. As of May 31, 2022, approximately 3,337[3] inmates have been released under this measure.

---

two purported crime victims challenge the December 2021 readoption of the May 2021 regulations in *Crim. Just. Legal Found., et al. v. Cal. Dep't Corr. & Rehabilitation, et al.*, Sacramento County Superior Court Case No. 34-2022-80003807. Petitioners filed an amended petition for writ of mandate and complaint for declaratory relief. This case is in its initial stages.

[3] This number excludes inmates who were eligible for Proposition 36 resentencing but released in other ways (e.g. Proposition 47 resentencing or nonviolent parole process).