ROB BONTA, State Bar No. 202668
Attorney General of California
MONICA N. ANDERSON, State Bar No. 182970
Senior Assistant Attorney General
DAMON MCCLAIN, State Bar No. 209508
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
NAMRATA KOTWANI, State Bar No. 308741
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7318
  Fax: (916) 324-5205
  E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

PAUL B. MELLO, State Bar No. 179755
SAMANTHA D. WOLFF, State Bar No. 240280
DAVID C. CASARRUBIAS, State Bar No. 321994
HANSON BRIDGETT LLP
  1676 N. California Boulevard, Suite 620
  Walnut Creek, CA 94596
  Telephone: (925) 746-8460
  Fax: (925) 746-8490
  E-mail: PMello@hansonbridgett.com
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>                          Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, et al.,<br><br>                          Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**DEFENDANTS' RESPONSE TO JULY 25, 2022 ORDER TO SHOW CAUSE REGARDING THE RESOLUTION OF OBJECTIONS TO THE SPECIAL MASTER'S REPORTS ON COMPLETED SUICIDES [ECF NO. 7591]** |

On July 25, 2022, the Court entered an order directing the parties to show cause in writing why the Court should not adopt in full the Special Master's expert's reports on completed inmate suicides in the California Department of Corrections and Rehabilitation ("CDCR") for calendar years 2016 through 2020, and a separate report containing his expert's summary of findings on inmate suicides in CDCR from January 1, 2013, through December 31, 2020, without resolution of the parties' objections to those reports. (ECF No. 7591.) To the extent the Court is inclined to adopt the Special Master's pending reports, Defendants request that the Court first assess and resolve pending objections to those reports as outlined below.

1

Defs.' Response to July 25 Order to Show Cause Re Pending Suicide Reports (2:90-cv-00520 KJM-DB (PC))

18806396.1

Defendants filed objections to all six reports.[1] Defendants' objections identified issues that are related to CDCR's suicide reporting, the resolution of which may impact future suicide reporting. Defendants' objections also identified concerns that findings in the Special Master's pending reports are based on a lack of understanding of CDCR's suicide prevention and reporting policies. A ruling from the Court on Defendants' specific objections to the Special Master's reports will provide the parties and the Special Master with important guidance on suicide monitoring and reporting, correct mistakes in the record.

I. **THE COURT SHOULD NOT ADOPT THE SPECIAL MASTER'S REPORTS IN FULL WITHOUT RESOLVING PENDING OBJECTIONS THAT ADDRESS SUBSTANTIVE MATERIAL IN THE REPORTS.**

When Defendants filed objections to the six pending reports, they did so after weighing the merits of their objections to determine whether the issues raised were significant enough to warrant the Court's attention and action. Defendants have again weighed the merits of their pending objections and come to the same conclusion. Court action is required to resolve the objections to ensure a clear record and so that this Court's expectations are unambiguous as the Defendants implement the plan set forth in the court-approved proposal to assume suicide monitoring and reporting. Given the state of the suicide monitoring and reporting process under the Court's recent orders, resolution of some of the objections remain critical to the duties the Statewide Mental Health Program will assume.

    A. **Objections That Require Resolution to Guide Future Monitoring and Reporting**

Defendants have pending objections to the Special Master's reports on suicides for the years 2018, 2019, and 2020, that identify findings and criticisms directed at CDCR's suicide prevention policies and reporting. (ECF Nos. 7182, 7249, and 7409.) The issues raised in these objections are issues that could be raised in the future by the Special Master's team in their criticisms of CDCR's future suicide reports under the court-approved proposal to assume suicide

---

[1] ECF No. 7052 (objections to report on 2016 suicides); ECF No. 7098 (2017); ECF No. 7182 (objections to report on 2018 suicides; ECF No. 7248 (objections to report on 2019 suicides); ECF No. 7049 (objections to report on 2020 suicides); and ECF No. 7522 (objections to the summary of suicides 2013 – 2020).

2

Defs.' Response to July 25 Order to Show Cause Re Pending Suicide Reports (2:90-cv-00520 KJM-DB (PC))

18806396.1

Case 2:90-cv-00520-KJM-SCR   Document 7599   Filed 08/08/22   Page 3 of 7

reporting. CDCR anticipates that the Special Master and his experts will be even-handed and consistent in their assessment of CDCR's suicide monitoring and reporting. But because the Special Master did not revise the draft suicide reports to address CDCR's objections based on CDCR's policies and procedures for suicide case reviews, quality improvement plans, and standards for adequacy in reporting, Defendants are concerned that leaving the objections unresolved will cause future disagreements over established practices in suicide reporting.

### 1. Deficiencies in Suicide Reporting

By way of example, the Special Master's 2018 report included a finding that 76% of the individual suicide case reviews "deemed adequate by the expert," but the report did not identify which suicide reports were deemed deficient and why. (ECF No. 7182 at 10.) Defendants objected on this basis, as it is critical for CDCR to understand what areas are deemed inadequate in order to improve future suicide case review reports. Instead of providing a clear summary or identification of the inadequate suicide case review reports, the final report merely stated that CDCR could glean the information from the 162-page appendix to the report. (ECF No. 7161 at 6.) This type of vague guidance is not in anyone's best interest. Defendants request that the Court order the Special Master to provide a detailed list of the deficiencies identified by this objection. At a minimum, Defendants should not be deemed to have waived the right to object to such non-specified deficiencies.

### 2. Vague terms used as the standard applied to critique suicide case reviews should be corrected.

In response to the 2019 and 2020 reports, Defendants objected that the expert's criticisms of CDCR's suicide case reviews are inconsistent with the monitoring conducted by the Special Master's experts who attend the suicide case review conferences. (ECF No. 7248 at 8 and ECF No. 7409 at 12-13.) Defendants objected to the lack of input from the experts who actually attended the reviews.

Defendants also objected to the 2019 and 2020 reports' use of the subjective term "marginally" to criticize the suicide case reviews, and the failure to indicate whether a suicide case review was compliant with the Special Master's experts' standards. (ECF No. 7248 at 9;

3

Defs.' Response to July 25 Order to Show Cause Re Pending Suicide Reports (2:90-cv-00520 KJM-DB (PC))

18806396.1

ECF No. 7409 at 13.) Defendants requested that the Court order the Special Master to amend the suicide case review sections to reflect that they are "adequate," or alternatively, "adequate with opportunities for improvement," which would be consistent with the Special Master's own findings. (*Id.*)

### 3. The expert's conclusions regarding a history of trauma stricken because they lack foundation, are irrelevant, and because whatever probative value they have is significantly outweighed by their danger to mislead the Court.

Defendants objected to the 2020 report's findings on the presence of a history for trauma in inmates who die by suicide and the conclusion that there is a correlation between the presence of trauma and risk for suicide. (ECF No. 7409 at 11.) In the "Trauma History" section of the report, the Special Master's expert found that "23 individuals, or 74.2 percent of the 31 individuals who died by suicide in 2020, had histories positive for trauma." But the expert's finding that seventy-four percent of inmates who died by suicide in 2020 had a history of trauma is both misleading and irrelevant because it fails to acknowledge the ubiquitous nature of trauma in a male prison population, with rates between sixty-two and 100 percent. (ECF No. 7409 at 11.) This means that trauma is not necessarily an indicator of increased risk for suicide. Yet the expert concluded and recommended that CDCR increase staff awareness of the relationship between trauma and suicide risk as a means to reduce suicides. (ECF No. 7405-1 at 34.)

### 4. Criticisms in the reports signal a misunderstanding of CDCR's operations.

Defendants objected to several findings in the 2020 report that signaled a misunderstanding of CDCR's operations and practices with respect to the adequacy of CDCR's proof of practice following quality improvement plans (QIP) for training, and the QIP process as it relates to referrals to the Office of Internal Affairs (OIA).

The Special Master's expert found that it "was not possible to determine from the responses submitted [to QIPs] whether all required staff actually received the training." (ECF No. 7405-1 at 30.) Defendants explained in their informal objections how the proof of practice is demonstrated for the QIPs and that the QIP responses reviewed by the expert included such signed proofs of practice. (ECF No. 7409 at 18-19.) Defendants are concerned that the Special Master will have

4

Defs.' Response to July 25 Order to Show Cause Re Pending Suicide Reports (2:90-cv-00520 KJM-DB (PC))

18806396.1

problems with proof of practice following QIPs in future suicide case reviews given the apparent lack of understanding identified in the objections to the 2020 report. This is especially concerning because CDCR's proposal to assume suicide reporting leans heavily on an analysis of the QIP process. Defendants request that the Court resolve this objection by affirming CDCR's practice as described in the objections.

Defendants also objected to the finding in the 2020 report that QIPs could not be developed or implemented because they were secondary to investigation requests being submitted to the Office of Internal Affairs (OIA). (ECF No. 7409 at 20.) But that finding indicates a lack of understanding of the process followed to refer an issue to the OIA. When a referral to OIA is part of a QIP, the institution completes the QIP by referring the matter to OIA. As stated in Defendants' objections, the QIP requires a recommendation to the hiring authority that it pursue an OIA investigation. Once that referral is made, the QIP is complete. (*Id.*) The Special Master disregarded this objection without explanation or justification. It is important that the Court sustain Defendants' objection here so that CDCR will not be subject to similar criticisms in its future suicide reports. Defendants ask that the Special Master clarify the expert's finding and provide the additional steps the expert believes are needed to implement a QIP that requires a referral to OIA.

### B. Objections That Correct the Record.

Defendants identified errors in the Special Master's draft reports that were not corrected in the final reports. Defendants request that the Court resolve these objections that do not appear to be controversial.

Objections to the report on 2018 Suicides (ECF No. 7182), identified the following incorrect citations to the expert's report at footnote 8 that should be corrected for the sake of accuracy: (1) the Special Master's citation to ECF No. 7161-1 at 16 for the following parenthetical "(clarifying discussion of suicide by security level)" should be corrected to cite ECF No. 7161-1 at 15 where that information actually appears; and (2) the Special Master's citation to ECF No. 7161-1 at 26 for the following parenthetical "(clarifying discussion of deficiencies in

5

Defs.' Response to July 25 Order to Show Cause Re Pending Suicide Reports (2:90-cv-00520 KJM-DB (PC))

18806396.1

mental health treatment and evaluation)" should be correct to cite ECF No. 7161-1 at 25 where that information actually appears.

The objections to the 2019 report identified typographical errors that were not addressed in the final report and should be resolved. (ECF No. 7248 at 10.) The first error appears in a table (ECF No. 7239 at 14), that inadvertently shifted the decimal point to the left, reporting the 21-year average as less that one tenth instead of "0.95." The decimal point should be shifted to the right by one space for the sake of accuracy. The second error appeared where the report states that a table includes the total number of suicides experienced by each facility in 2019 as well as the average number of suicides each year inclusive of 2019 should read 21 years – not 20 years (the average for the period between 1/1/1999 through 12/31/2019 is 21 years, not 20 years). The parenthetical should be corrected for the sake of accuracy.

## II. THE COURT SHOULD NOT ADOPT THE SPECIAL MASTER'S SIX REPORTS BECAUSE THEY ARE REDUNDANT OF PAST-FILED REPORTS.

The Court should sustain Defendants' objections that each of the pending six reports are redundant because they report on annual suicides that are already reported by CDCR, or merely re-state data that is already in the record.

## III. THE JULY 25 AND AUGUST 3 ORDERS DO NOT OBVIATE THE NEED FOR THE COURT TO RESOLVE PENDING OBJECTIONS.

The July 25 order (ECF No. 7592) adopting the CDCR's proposal, and the August 3 order (ECF No. 7598) adopting the Special Master's June 28 report, provide the framework for future monitoring and reporting by CDCR on completed suicides, but they do not resolve Defendants' pending objections outlined above in Section I. The Order of Reference and orders adopting the Special Master's reports and resolving the parties' objections over the years provide the framework for creating the record in this case. (See ECF No. 640 at 8.) Defendants' pending objections are based on an assessment of the Special Master's reports and on the importance of having a clear and accurate record. Defendants complied with the requirements to assert timely objections and the Court should resolve all stated objections.

6

Defs.' Response to July 25 Order to Show Cause Re Pending Suicide Reports (2:90-cv-00520 KJM-DB (PC))

18806396.1

## CONCLUSION

The Court should not adopt the reports without resolving Defendants' objections. Doing so would be inconsistent with the recent approval of CDCR's proposal to assume responsibility for filing annual reports on completed inmate suicides as it will leave questions concerning the suicide review and reporting process unanswered. Resolution of the objections will provide guidance and clarity for CDCR's suicide reporting, including standards for suicide case reviews and quality improvement plans. Defendants request that the Court resolve all outstanding objections before adopting the pending suicide reports.

## CERTIFICATION

Defendants' counsel certify they have read the following orders that are relevant to this filing: ECF Nos. 640, 1536, 4394, 4539, 4693, 6980, 6996, 7592, and 7598.

Dated: August 8, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
DAMON MCCLAIN
Supervising Deputy Attorney General

/s/ *Elise Owens Thorn*
ELISE OWENS THORN
Deputy Attorney General
*Attorneys for Defendants*

HANSON BRIDGETT LLP

/s/ *Samantha D. Wolff*
PAUL B. MELLO
SAMANTHA D. WOLFF
DAVID C. CASARRUBIAS
*Attorneys for Defendants*

7

Defs.' Response to July 25 Order to Show Cause Re Pending Suicide Reports (2:90-cv-00520 KJM-DB (PC))

18806396.1