DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

CLAUDIA CENTER – 158255
DISABILITY RIGHTS EDUCATION
AND DEFENSE FUND, INC.
Ed Roberts Campus
3075 Adeline Street, Suite 210
Berkeley, California 94703-2578
Telephone: (510) 644-2555

MICHAEL W. BIEN – 096891
JEFFREY L. BORNSTEIN – 099358
ERNEST GALVAN – 196065
LISA ELLS – 243657
THOMAS NOLAN – 169692
JENNY S. YELIN – 273601
MICHAEL S. NUNEZ – 280535
JESSICA WINTER – 294237
MARC J. SHINN-KRANTZ – 312968
CARA E. TRAPANI – 313411
ALEXANDER GOURSE – 321631
BRENDA MUÑOZ – 328813
AMY XU – 330707
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GAVIN NEWSOM, et al.,<br><br>　　　　Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE REGARDING THE SPECIAL MASTER'S ANNUAL AND SUMMARY SUICIDE REPORTS**<br><br>Judge: Hon. Kimberly J. Mueller |

[4136006.1]

1      The Court's July 25, 2022 Order to Show Cause ("OSC") directed the parties to show cause why the Court should not adopt in full the Special Master's annual suicide reports for 2016-2020, and to show cause why the Court should not accept the Special Master's summary report for 2016-2020 without resolution of the objections thereto. ECF No. 7591 at 3. Plaintiffs urge the Court to adopt the five annual suicide reports in full, and to accept the summary report.

       The Special Master's suicide reports are necessary to complete the record regarding this critical aspect of Defendants' constitutional compliance. Defendants' primary objection to those reports is that they are redundant of CDCR-drafted suicide reports posted to its website, which notably were never presented to Plaintiffs for comment or objection prior to public release. Defendants' claim that the Special Master reports are duplicative of their own is fundamentally inaccurate. Only the Special Master's reports include analyses of the foreseeability and preventability of CDCR suicides, following the court-ordered methodology that has been in place for decades and on which the Supreme Court relied. *See* ECF Nos. 7404, 7404, 7440, 7404, 405, 7511; *see also Brown v. Plata*, 563 U.S. 493, 504 (2011). Defendants unilaterally omitted that analysis from their reports on the grounds that it was purportedly outdated and inappropriate (and concurrently objected to the Special Master's inclusion of the analysis in his reports for the same reason, *see* ECF Nos. 7052, 7098, 7182, 7249, 7409), but CDCR failed to substitute or even propose any other methodology aimed at identifying systemic opportunities for improvement or lessons learned from the dozens of suicide deaths of class members year after year. Defendants' failure to include in their reports any other analysis targeted at understanding and correcting the specific systemic failures that enabled the suicides to occur directly necessitated the parties' agreement that future annual suicide reports must include an in-depth examination of the implementation and effectiveness of Defendants' Quality Improvement Plans before delegation could even be seriously contemplated. *See* ECF No. 7574.

       Because CDCR's past suicide reports omit the foreseeability and preventability

analysis, or any analysis achieving the same ends, they are not redundant of, much less a substitute for, the Special Master's expert's reports. The Court should enter the Order anticipated by the July 25, 2022 OSC.

DATED: August 8, 2022                Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Jenny S. Yelin*
    Jenny S. Yelin

Attorneys for Plaintiffs

[4136006.1]

3

PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE REGARDING THE SPECIAL MASTER'S ANNUAL AND SUMMARY SUICIDE REPORTS