1   ROB BONTA, State Bar No. 202668
    Attorney General of California
2   MONICA N. ANDERSON, State Bar No. 182970
    Senior Assistant Attorney General
3   DAMON MCCLAIN, State Bar No. 209508
    Supervising Deputy Attorney General
4   ELISE OWENS THORN, State Bar No. 145931
    NAMRATA KOTWANI, State Bar No. 308741
5   Deputy Attorneys General
        455 Golden Gate Avenue, Suite 11000
6       San Francisco, CA  94102-7004
        Telephone:  (415) 510-4431
7       Fax:  (415) 703-5843
        E-mail:  Namrata.Kotwani@doj.ca.gov
8   Attorneys for Defendants

9   HANSON BRIDGETT LLP
    PAUL B. MELLO, State Bar No. 179755
10  SAMANTHA D. WOLFF, State Bar No. 240280
    DAVID C. CASARRUBIAS, State Bar No. 321994
11      1676 N. California Boulevard, Suite 620
        Walnut Creek, CA 94596
12      Telephone:  (925) 746-8460
        Fax:  (925) 746-8490
13      E-mail:  PMello@hansonbridgett.com
    Attorneys for Defendants

ERNEST GALVAN, State Bar No. 196065
Rosen Bien Galvan and Grunfeld LLP
   101 Mission Street, Sixth Floor
   San Francisco, CA  94105-1738
   Telephone:  (415) 433-6830
   Fax:  (415) 433-7104
   Email:  egalvan@rbgg.com
Attorneys for Plaintiff

SHAWNA L. BALLARD, State Bar No. 155188
KATE FALKENSTIEN, State Bar No. 313753
Reichman Jorgensen Lehman & Feldberg LLP
   100 Marine Parkway, Suite 300
   Redwood Shores, CA 94065
   Telephone:  (650) 623-1401
   Fax:  (650) 623-1449
   Email: sballard@reichmanjorgensen.com
          kfalkenstien@reichmanjorgensen.com

BRIAN C. BARAN, State Bar No. 325939
Reichman Jorgensen Lehman & Feldberg LLP
   1909 K St. NW, Suite 800
   Washington, DC 20006
   Telephone:  (202) 894-7310
   Fax:  (650) 623-1449
   Email:  bbaran@reichmanjorgensen.com

Attorneys for Plaintiff-Intervenor
Christopher Lipsey

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,** | Case No. 2:90-cv-00520 KJM-DB (PC) |
| Plaintiffs, | **STIPULATION AND ORDER APPROVING SETTLEMENT OF PLAINTIFF-INTERVENOR CHRISTOPHER LIPSEY'S CLAIM IN INTERVENTION** |
| v. | |
| **GAVIN NEWSOM, et al.,** | |
| Defendants. | Judge:  The Hon. Kimberly J. Mueller |

1

On February 25, 2022, at the parties' request, the Court referred the issues raised in Plaintiff-Intervenor Christopher Lipsey's ("Lipsey") claim-in-intervention to Chief Magistrate Judge Kendall Newman for mediation, which was conducted with input from the Special Master and his suicide prevention expert.   ECF No. 7478.   On March 23, 2022, Lipsey and the California Department of Corrections and Rehabilitation ("CDCR") reached a settlement as to Lipsey's claim-in-intervention "subject to submission of documents and approval by [this Court]."  Minutes, ECF No. 7512.  The Settlement and Release Agreement ("Agreement") is attached hereto as Exhibit 1. As directed by Chief Magistrate Judge Newman, *see* ECF No. 7512, the parties now request this Court's approval of the Agreement.

The parties therefore jointly request that the Court order as follows:

1.  The Settlement and Release Agreement, a true and correct copy of which is attached as Exhibit 1 to this Stipulation, is approved.

2.  Within fourteen days of the date that both (i) the Court has issued a final order approving the Agreement, and (ii) "the settlement amount due under the Agreement has been paid to Lipsey," *see* Ex. 1, ¶ 14, CDCR and Lipsey shall file the voluntary dismissal with prejudice of Lipsey's complaint-in-intervention described in Paragraph 14 of the Agreement.  This Court's jurisdiction over Lipsey's claim-in-intervention will terminate upon filing of that dismissal, except that the Court will retain jurisdiction only to enforce the monetary settlement due to Lipsey under the Agreement and to enforce his individual right to receive earplugs in segregated housing units in accord with Paragraph 13(a) of the Agreement, and to enforce the terms of Exhibit 1, Paragraph 13, as to the *Coleman* class.

1    **IT IS SO STIPULATED**.

2

3    Dated: July 29, 2022                                  Respectfully submitted,

4      /s/ *Brian C. Baran*                                /s/ *Namrata Kotwani* (as authorized 7/29/22)

5    REICHMAN JORGENSEN                                    ROB BONTA
     LEHMAN & FELDBERG LLP                                 Attorney General of California
6    Shawna L. Ballard (SBN 155188)                        DAMON MCCLAIN
     Kate Falkenstien (SBN 313753)                         Supervising Deputy Attorney General
7      100 Marine Parkway, Suite 300
       Redwood Shores, California 94065                    NAMRATA KOTWANI
8      Telephone: (650) 623-1401                           Deputy Attorney General
       Fax: (650) 623-1449
9      sballard@reichmanjorgensen.com

10   REICHMAN JORGENSEN                                    HANSON BRIDGETT LLP
     LEHMAN & FELDBERG LLP                                 PAUL B. MELLO
11   Brian C. Baran (SBN 325939)                           SAMANTHA D. WOLFF
       1909 K St. NW, Suite 800
12     Washington, DC 20006
       Telephone: (202) 894-7310
13     Fax: (650) 623-1449
       bbaran@reichmanjorgensen.com
14
     *Attorneys for Plaintiff-Intervenor*                  *Attorneys for Defendants*
15   *Christopher Lipsey*

16     /s/ *Ernest Galvan* (as authorized 7/27/22)

17   ROSEN BIEN GALVAN AND GRUNFELD LLP
     Ernest Galvan, State Bar No. 196065
18     101 Mission Street, Sixth Floor
       San Francisco, CA  94105-1738
19     Telephone:  (415) 433-6830
       Fax:  (415) 433-7104
20     Email:  egalvan@rbgg.com

21   *Attorneys for Plaintiffs*

22

23        **IT IS SO ORDERED.**

24   Dated: August 1, 2022.

25

26

27                                          CHIEF UNITED STATES DISTRICT JUDGE

28

Stip. and Order   (2:90-cv-00520 KJM-DB (PC))

# Exhibit 1

ROB BONTA, State Bar No. 202668
Attorney General of California
MONICA N. ANDERSON, State Bar No. 182970
Senior Assistant Attorney General
DAMON MCCLAIN, State Bar No. 209508
Supervising Deputy Attorney General
 ELISE OWENS THORN, State Bar No. 145931
 NAMRATA KOTWANI, State Bar No. 308741
 Deputy Attorneys General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-4431
  Fax:  (415) 703-5843
  E-mail:  Namrata.Kotwani@doj.ca.gov
*Attorneys for Defendants*

HANSON BRIDGETT LLP
PAUL B. MELLO, State Bar No. 179755
SAMANTHA D. WOLFF, State Bar No. 240280
LAUREL E. O'CONNOR, State Bar No. 305478
DAVID C. CASARRUBIAS, State Bar No. 321994
  1676 N. California Boulevard, Suite 620
  Walnut Creek, CA 94596
  Telephone:  (925) 746-8460
  Fax:  (925) 746-8490
  E-mail:  PMello@hansonbridgett.com
*Attorneys for Defendants*

ERNEST GALVAN, State Bar No. 196065
Rosen Bien Galvan and Grunfeld LLP
  101 Mission Street, Sixth Floor
  San Francisco, CA  94105-1738
  Telephone:  (415) 433-6830
  Fax:  (415) 433-7104
  Email:  egalvan@rbgg.com
*Attorneys for Plaintiffs*

SHAWNA BALLARD, State Bar No. 155188
KATE FALKENSTIEN, State Bar No. 313753
Reichman Jorgensen Lehman & Feldberg LLP
  100 Marine Parkway, Suite 300
  Redwood Shores, CA 94065
  Telephone:  (650) 623-1401
  Fax:  (650) 623-1449
  Email:  sballard@reichmanjorgensen.com

BRIAN C. BARAN, State Bar No. 325939
Reichman Jorgensen Lehman & Feldberg LLP
  1909 K St. NW, Suite 800
  Washington, DC 20006
  Telephone:  (202) 894-7310
  Fax:  (650) 623-1449
  Email:  bbaran@reichmanjorgensen.com
*Attorneys for Plaintiff-Intervenor
Christopher Lipsey*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,** | Case No. 2:90-cv-00520 KJM-DB (PC) |
| Plaintiffs, | **SETTLEMENT AND RELEASE AGREEMENT** |
| v. | |
| **GAVIN NEWSOM, et al.,** | |
| Defendants. | |

1

This Settlement Agreement and Release ("Agreement") concerns Plaintiff-Intervenor Christopher Lipsey, Jr. ("Lipsey") and the California Department of Corrections and Rehabilitation ("CDCR").  Lipsey and CDCR shall be referred to as "the parties."  The parties enter into this Agreement to address and settle Lipsey's claims for damages, declaratory, and injunctive relief regarding the Guard One electronic monitoring system.  Defendant California Department of Corrections and Rehabilitation ("CDCR") installed Guard One in all segregated housing units to monitor correctional officers' compliance with court-ordered twice-hourly security and welfare checks.  Lipsey alleged that the use of Guard One violates his Eighth Amendment rights under the U.S. Constitution because it creates noise during the night that prevents him from sleeping.  The Court allowed Lipsey to intervene in *Coleman v. Newsom,* 2:90-CV-00520 KJM-DB (PC) ("*Coleman*"), on that basis.

**I.    RECITALS**

1.    The purpose of this Agreement is to facilitate the settlement, dismissal with prejudice, and release of any and all claims that were asserted, or which could have been asserted, with respect to the facts giving rise to Lipsey's complaint-in-intervention in *Coleman*, a lawsuit now pending in the U.S. District Court for the Eastern District of California.

**BACKGROUND AND PROCEDURAL POSTURE**

2.    Since May 9, 2014, CDCR requires officers to conduct twice-hourly welfare and security checks for all inmates in Administrative Segregation Units ("ASUs"), Segregated Housing Units ("SHUs"), and Condemned Units; the interval between checks should not exceed 35 minutes.  (ECF No. 5259, at 14.)  These checks are recorded using the Guard One system.  (*Id.*)  In the Pelican Bay State Prison SHU, the frequency of the checks is reduced to hourly during first watch.  (ECF No. 5487.)

3.    The correctional officers using Guard One carry a small metal wand or pipe that, when touched to a metal button outside of each cell, electronically records that the officer has checked that cell to confirm the security and welfare of the individuals in the cell.  (ECF No. 5259, at 14.)  The data from the pipe is then downloaded into the Guard One software

2

program on a desktop computer in the housing unit by a supervisor, and is reviewed daily to ensure compliance.  (*Id.*)

4.      On February 27, 2020, the *Coleman* court allowed Lipsey to intervene for the purpose of resolving his claim that the "use of Guard One violates his Eighth Amendment right under the U.S. Constitution because it creates noise during the night that prevents [him] from sleeping." (ECF No. 6487 at 3.)

5.      The parties to this Agreement and their counsel recognize that, in the absence of an approved settlement, they face lengthy and substantial litigation, including an evidentiary hearing and potential appellate proceedings, all of which will consume time and resources and present the parties with ongoing litigation risks and uncertainties.  The parties wish to avoid these risks, uncertainties, and consumption of time and resources through a settlement under the terms and conditions of this Agreement.

6.      The parties have conducted extensive negotiations to resolve Lipsey's demands related to CDCR's use of Guard One, the court-ordered security and welfare checks, and noise mitigation associated with such security and welfare checks.  Those negotiations have been undertaken at arm's length and in good faith between Lipsey's counsel, *Coleman* class counsel, and high-ranking state officials and their counsel.  The *Coleman* Special Master and his suicide prevention expert also participated in the settlement negotiations.  The parties have reached agreement on statewide practices that CDCR will implement, as well as the payment of a monetary sum to Lipsey, to settle Lipsey's claim in intervention for declaratory and injunctive relief.  The parties freely, voluntarily, and knowingly, with the advice of counsel, enter into this Agreement for that purpose.

7.      In addition, Lipsey has agreed, upon receipt of the monetary amounts due under this Agreement, to voluntarily dismiss with prejudice all his pending actions in federal and state court and to withdraw administrative appeals that assert claims against CDCR and its employees, including but not limited to *Lipsey v. Kalil et al.*, 2:17-cv-01429-TLN-AC;  *Lipsey v. Reddy et al.*, 2:17-cv-01434-KJM-JDP; *Lipsey v. Depovic et al.*, No. 1:18-cv-00767-LJO-JDP; and *Lipsey v. Norum et al.*, 2:18-cv-00362 KJM-DBP.

8.     ACCORDINGLY, without any admission or concession by Defendants concerning any alleged current and ongoing violations of a federal right, all claims arising from Lipsey's complaint-in-intervention in *Coleman* shall be finally and fully compromised, settled, and released, subject to the terms and conditions of this Agreement, which the parties enter into freely, voluntarily, knowingly, and with the advice of counsel.

**II.    PARTIES**

9.     Plaintiff-Intervenor Lipsey is an inmate currently incarcerated at California State Prison, Corcoran.  He was allowed to intervene in *Coleman* for the purpose of litigating his claim that the use of Guard One violates his Eighth Amendment rights under the U.S. Constitution because it creates noise during the night that prevents him from sleeping.

10.    The Plaintiffs in *Coleman* are prisoners with serious mental disorders who are now or will be confined in a California state prison.  Plaintiff-Intervenor Lipsey is a *Coleman* class member.

11.    Defendants in *Coleman* are the Governor of the State of California, Gavin Newsom; CDCR Secretary, Kathleen Allison; CDCR Undersecretary, Dr. Diana Toche; CDCR Deputy Director of the Statewide Mental Health Program, Dr. Amar Mehta; Director of the Department of Finance for the State of California, Keeley Bosler; and the Director of the Department of State Hospitals, Stephanie Clendenin.  CDCR Secretary Allison was named as the defendant-in-intervention by Lipsey.  Each Defendant is a state official sued in their official capacity.

**III.   JURISDICTION AND VENUE**

12.    The Court has jurisdiction of this matter under 28 U.S.C. §§ 1331 and 1343.  Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiffs' claims occurred in the Eastern District of California.

**IV.   TERMS AND CONDITIONS**

13.    CDCR agrees to implement the following systemwide measures to address sleep deprivation issues associated with welfare checks in segregated housing units:

a.   Provide earplugs to all persons housed in a segregated housing unit where they are subject to welfare checks, without cost to these persons, as part of their weekly supplies.

b.   Issue a memorandum reiterating that, during security/welfare checks, Guard One pipes are used only in silent mode during first watch; that the Guard One pipe-button contact be performed without banging or unnecessary noise; and that officers take all steps necessary and appropriate to mitigate noise caused by officers' gear during their first watch rounds.

c.   Conduct and document systemwide training to appropriate custody officers and supervisors on the performance of welfare checks, including but not limited to compliance with the policies in Paragraph 13.b above.

d.   Ensure that housing unit custody supervisors are also trained on the expectations for security and welfare checks, including the expectation that they monitor their officers' conduct during security and welfare checks.  The Special Master will monitor first watch welfare checks as appropriate, including with regard to the requirements in Paragraph 13.b above.

e.   Investigate the remaining usable life of CDCR's Guard One equipment and software as well as current repair costs associated with the system in order to gauge when a replacement will be necessary, and report the results to Plaintiffs' Counsel and the Special Master.

f.   Investigate whether the Guard One report printouts can confirm whether a silent pipe was used for the checks, or whether a printout can be developed that so confirms.

g.   Review the location of the Guard One buttons to determine which buttons can be moved to minimize noise produced while still providing for accurate welfare check confirmation.

5

1   It is Defendants' intention that barring any reasonable delays in implementation, CDCR shall

2   complete its implementation of its obligations under this Paragraph within 90 days of the

3   execution of this Agreement.  Defendants agree to communicate any delays in implementation

4   including, but not limited to, union notification issues, as soon as they become aware of such

5   delays.  Lipsey assigns the right to enforce the systemwide measures described in this

6   Paragraph 13 to the *Coleman* Plaintiff class.  Only Class Counsel for *Coleman* Plaintiffs may seek

7   enforcement for the systemwide measures described in this Paragraph 13 of this Agreement from

8   the *Coleman* Court, and this Court retains jurisdiction with respect to such enforcement.

9   Notwithstanding the foregoing, Lipsey retains the ability and right to enforce his individual

10  entitlement to receive earplugs in segregated housing units in accord with Paragraph 13(a).

11          14.     Lipsey shall provide CDCR with a signed voluntary dismissal with prejudice of his

12  complaint-in-intervention in *Coleman* (Intervention Complaint) under Federal Rule of Civil

13  Procedure 41(a)(1)(A)(ii).  Lipsey shall also provide CDCR with signed voluntary dismissals with

14  prejudice of his other pending actions as discussed in Paragraphs 7 and 15.  These signed

15  dismissals (and the releases referenced in paragraph 15 relating thereto) shall be held by CDCR,

16  shall not be filed, and will have no force or effect until:  (a) the Court issues a final order

17  approving this Agreement, and (b) the settlement amount due under the Agreement has been paid

18  to Lipsey.  The *Coleman* Court's jurisdiction over Lipsey's claim-in-intervention will terminate

19  upon filing a dismissal, except that the Court shall retain jurisdiction only to enforce the monetary

20  settlement due to Lipsey under the Agreement and to enforce his individual right to receive

21  earplugs in segregated housing units in accord with Paragraph 13(a).

22          15.     Lipsey shall sign a voluntary dismissal with prejudice of all pending actions against

23  CDCR or its employees that he has brought in federal or state court in their entirety, and

24  withdraw all pending administrative appeals alleging constitutional claims against CDCR or its

25  employees.  Lipsey shall release and forever discharge CDCR and its employees from all pending

26  actions, causes of action, lawsuits, claims, administrative appeals alleging constitutional claims,

27  and demands of every kind and nature, including but not limited to *Lipsey v. Kalil et al.*, 2:17-cv-

28  01429-TLN-AC; *Lipsey v. Reddy et al.*, 2:17-cv-01434-KJM-JDP; *Lipsey v. Depovic et al.*, No.

6

1  1:18-cv-00767-LJO-JDP; and *Lipsey v. Norum et al.*, 2:18-cv-00362 KJM-DBP.  This includes

2  releasing CDCR and its employees from all claims for damages, costs, expenses, and

3  compensation.  CDCR and its employees are released from claims for any recovery for insurance

4  proceeds, personal injury, property damage, out-of-pocket expenses, loss of use, lost income, lost

5  profits, emotional distress, loss of enjoyment of life, loss of services, future damages, interest,

6  costs, attorney's fees, punitive damages, or any other damages or expenses of any kind or

7  character whatsoever, whether based on tort, contract, or other theory of recovery, whether known

8  or unknown, whether directly or indirectly, caused by, connected with, resulting from, or arising

9  in any way out of pending actions brought by Lipsey against CDCR and its employees.  The

10  dismissals and releases set forth in this paragraph shall be held by CDCR, shall not be filed, and

11  will have no force or effect until:  (a) the Court issues a final order approving this Agreement, and

12  (b) the settlement amount due under the Agreement has been paid to Lipsey.

13      16.   Lipsey shall cooperate fully in signing the stipulations for dismissal with prejudice for

14  the pending actions dismissed under and in accord with the terms of this Agreement, and any

15  other documents required to be signed to effectuate the dismissals of the pending actions.

16  Payment of the settlement proceeds to Lipsey under Paragraph 18 below shall be due only after

17  Lipsey delivers signed stipulations for dismissal to defense counsel, in accord with the terms of

18  this Agreement, of the actions against CDCR and its employees.

19      17.   Lipsey reserves the right to bring administrative appeals and actions for any alleged

20  violations of his constitutional or other rights that occur after the execution of this Agreement.

21      18.   CDCR shall pay Lipsey Fifty-Thousand Dollars ($50,000.00).  However, Lipsey

22  understands that CDCR is obligated by California Penal Code section 2085.8 to collect any

23  amounts owed by a prisoner under a restitution fine or order, including any administrative fees

24  related to such amounts.  Such amounts and fees will be deducted from the settlement amount and

25  paid on Lipsey's behalf as required by Penal Code section 2085.8.  As of the date of this

26  Agreement, the amounts that are required to be deducted under California Penal Code section

27  2085.8 is $6,580.31, and CDCR is not aware of any further restitution fines or orders or

28  administrative fees that are presently being sought from Lipsey.  If the settlement amount exceeds

the restitution amounts and fees, payment of the excess balance shall be made by check to Lipsey's inmate trust account.  Lipsey further understands that CDCR is obligated to pay all outstanding liens against Lipsey, known or unknown, if any, which amounts must be deducted from the settlement amount and paid on Lipsey's behalf to the lienholder(s); however, CDCR is not aware of any such outstanding liens.

19.    In consideration for the monetary and prospective relief provided for in this Agreement, effective upon Court approval of this Agreement and payment of the settlement amount described in this Agreement, Lipsey waives his right to seek attorneys' fees and costs for the matters settled and released in this Agreement, as identified in Paragraphs 7, 14, and 15. Accordingly, none of the settlement amount is to be paid to Lipsey's counsel.

20.    Lipsey shall complete a Payee Data Form to enable payment and credit toward his restitution obligations.  Lipsey shall return the completed Payee Data Form to Defendants' counsel as soon as reasonably possible.

21.    CDCR will make a good-faith and diligent effort to pay the settlement amount (minus any restitution amounts, liens and fees) within 180 days from the date Lipsey delivers to Defendants a signed copy of this Agreement, the notices of voluntary dismissals with prejudice required under Paragraphs 14 and 15, and all of the required Payee Data Forms.  Lipsey understands that payment may be delayed by the lack of a State budget, a funding shortfall despite a State budget, the processing efforts of the State Controller's Office, and other events not attributable to Defendants or CDCR but, in the event of any such delay, CDCR will continue to make a good-faith and diligent effort to thereafter promptly pay the amounts due.    Interest shall accrue on the settlement amount beginning on the day after the 180-day period and at the rate and terms specified in 28 U.S.C. section 1961.

22.    No other monetary sum will be paid to Lipsey, or to his counsel related to Lipsey's action in intervention or any of the actions referred to in Paragraphs 7 and 15.

23.    Each party to the actions brought by Lipsey and resolved herein shall bear its own costs and attorney's fees.

24.    There are no other actions required on the part of CDCR or Defendants.

**V.    GENERAL RELEASE**

25.    It is the intention of the parties in signing this Agreement that it shall be effective as a full and final accord and satisfaction and release from all claims asserted in Lipsey's complaint-in-intervention in *Coleman*.  By signing this Agreement, Lipsey (on his own behalf and on behalf of his agents, attorneys, successors, assigns, heirs, descendants, executors, and representatives) releases CDCR, Defendants, whether served or unserved, and any other past or current CDCR employees and each of their principals, agents, attorneys, successors, assigns, heirs, descendants, executors, representatives, partners, and associates from all claims, past, present and future, known or unknown, that arise or could arise from the facts alleged in his complaint in intervention.  In addition, Lipsey releases CDCR and its employees, and Defendants from all pending actions, causes of action, lawsuits, claims, administrative appeals alleging constitutional claims, and demands of every kind and nature that he has brought prior to the execution of this Agreement.

26.    In furtherance of this intention, the parties acknowledge that they are familiar with, and expressly waive, the provisions of California Civil Code section 1542, which states:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

27.    This Agreement is the compromise of various disputed claims and shall not be treated as an admission of liability by any of the parties for any purpose.  The signature of or on behalf of the respective parties does not indicate or acknowledge the validity or merits of any claim or demand of the other party.

**VI.    SUCCESSORS AND ASSIGNS**

28.    This Agreement shall be binding on the parties and their respective officers, agents, administrators, successors, assignees, heirs, executors, trustees, attorneys, consultants, and any committee or arrangement of creditors organized with respect to the affairs of any such party.

29.    Plaintiff-Intervenor Lipsey represents that he owns the interests, rights, and claims that are the subject matter of this Agreement.

**VII.   REPRESENTATIONS AND WARRANTIES**

30.    <u>Court approval</u>.  If this Agreement is not approved by the Court in the form executed by the parties, the parties shall be restored to their respective positions in the action as of the date on which the Agreement was entered, the terms and provisions of this Agreement shall have no force and effect, and this Agreement shall not be used in this action or in any proceeding for any purpose, and the litigation of this action would resume as if there had been no settlement.

31.    <u>No other consideration</u>.  The consideration recited in this Agreement is the only consideration for this Agreement, and no representations, promises, or inducements have been made to the parties, or any of their representatives, other than those set forth in this Agreement.

32.    <u>Execution in counterpart</u>.  This Agreement may be executed simultaneously in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

33.    <u>Execution of further documents</u>.  Each party to this Agreement shall complete, execute or cause to be executed such further and other documents as are needed to carry out the expressed intent and purpose of this Agreement.

34.    <u>Entire agreement</u>.  This Agreement constitutes a single, integrated agreement expressing the entire agreement of the parties, and there are no other agreements, written or oral, express or implied, between the parties, except as set forth in this Agreement.

35.    <u>No oral modifications or waiver</u>.  No supplement, modification, or amendment to this Agreement shall be binding unless executed in writing by all the parties.  No waiver of any provision of this Agreement shall be binding unless executed in writing by the party making the waiver.  No waiver of any provision of this Agreement shall be deemed, or shall constitute, a waiver of any other provision, whether or not similar, nor shall any waiver constitute a continuing waiver.

36.    <u>Governing law</u>.  Unless expressly stated otherwise in this Agreement, the terms, conditions, and provisions of this Agreement are governed by and interpreted under California state law.

1    37.  Severability.  Should any provision of this Agreement be held invalid or illegal, such

2    illegality shall not invalidate the whole of this Agreement, but the Agreement shall be construed

3    as if it did not contain the illegal part, and the rights and obligations of the parties shall be

4    construed and enforced accordingly.

5

6       The undersigned agree to the above:

7    Dated: __7 - 13 - 2022__          By:_____

8                                        Christopher Lipsey, Jr.

9

10   Dated: _____   By:_____

11                                        Jared Lozano
                                          Deputy Director, Facility Support
12                                        Division of Adult Institutions
                                          California Department of Corrections and
13                                        Rehabilitation

     Approved as to form:

14

15   _____          /s/ Namrata Kotwani

16   REICHMAN JORGENSEN                  ROB BONTA
     LEHMAN & FELDBERG LLP               Attorney General of California
17   Shawna L. Ballard (SBN 155188)      DAMON MCCLAIN
     Kate Falkenstien (SBN 313753)       Supervising Deputy Attorney General
18     100 Marine Parkway, Suite 300
       Redwood Shores, California 94065  NAMRATA KOTWANI
19   Telephone: (650) 623-1401           Deputy Attorney General
     Fax: (650) 623-1449
20   sballard@reichmanjorgensen.com      Attorneys for Defendants

21   REICHMAN JORGENSEN
     LEHMAN & FELDBERG LLP
22   Brian C. Baran (SBN 325939)
       1909 K St. NW, Suite 800          HANSON BRIDGETT LLP
23     Washington, DC 20006
     Telephone: (202) 894-7310           PAUL B. MELLO
24   Fax: (650) 623-1449                 SAMANTHA D. WOLFF
     bbaran@reichmanjorgensen.com        DAVID C. CASARRUBIAS
25
     Attorneys for Plaintiff-Intervenor  Attorneys for Defendants
26   Christopher Lipsey

27

28

                                      11

Settlement Agreement & Release (2:90-cv-00520 KJM-DB (PC))

37. <u>Severability</u>.  Should any provision of this Agreement be held invalid or illegal, such illegality shall not invalidate the whole of this Agreement, but the Agreement shall be construed as if it did not contain the illegal part, and the rights and obligations of the parties shall be construed and enforced accordingly.

The undersigned agree to the above:

Dated: _____         By: _____
                                        Christopher Lipsey, Jr.

Dated: _____7-15-22_____          By: _____
                                        Jared Lozano
                                        Deputy Director, Facility Support
                                        Division of Adult Institutions
                                        California Department of Corrections and
                                        Rehabilitation

Approved as to form:


_____                 /s/ Namrata Kotwani

REICHMAN JORGENSEN                       ROB BONTA
LEHMAN & FELDBERG LLP                    Attorney General of California
Shawna L. Ballard (SBN 155188)          DAMON MCCLAIN
Kate Falkenstien (SBN 313753)           Supervising Deputy Attorney General
  100 Marine Parkway, Suite 300
  Redwood Shores, California 94065       NAMRATA KOTWANI
  Telephone: (650) 623-1401             Deputy Attorney General
  Fax: (650) 623-1449
  sballard@reichmanjorgensen.com        *Attorneys for Defendants*

REICHMAN JORGENSEN
LEHMAN & FELDBERG LLP
Brian C. Baran (SBN 325939)
  1909 K St. NW, Suite 800              HANSON BRIDGETT LLP
  Washington, DC 20006
  Telephone: (202) 894-7310             PAUL B. MELLO
  Fax: (650) 623-1449                   SAMANTHA D. WOLFF
  bbaran@reichmanjorgensen.com          DAVID C. CASARRUBIAS

*Attorneys for Plaintiff-Intervenor*    *Attorneys for Defendants*
*Christopher Lipsey*

11

37.   <u>Severability</u>.  Should any provision of this Agreement be held invalid or illegal, such illegality shall not invalidate the whole of this Agreement, but the Agreement shall be construed as if it did not contain the illegal part, and the rights and obligations of the parties shall be construed and enforced accordingly.


The undersigned agree to the above:

Dated: _____     By:_____
                                                         Christopher Lipsey, Jr.


Dated: _____     By:_____
                                                         Jared Lozano
                                                         Deputy Director, Facility Support
                                                         Division of Adult Institutions
                                                         California Department of Corrections and
                                                         Rehabilitation

Approved as to form:

_____             /s/ Namrata Kotwani

REICHMAN JORGENSEN                   ROB BONTA
LEHMAN & FELDBERG LLP                Attorney General of California
Shawna L. Ballard (SBN 155188)      DAMON MCCLAIN
Kate Falkenstien (SBN 313753)       Supervising Deputy Attorney General
   100 Marine Parkway, Suite 300
   Redwood Shores, California 94065  NAMRATA KOTWANI
   Telephone: (650) 623-1401        Deputy Attorney General
   Fax: (650) 623-1449
   sballard@reichmanjorgensen.com   Attorneys for Defendants

REICHMAN JORGENSEN
LEHMAN & FELDBERG LLP
Brian C. Baran (SBN 325939)
   1909 K St. NW, Suite 800         HANSON BRIDGETT LLP
   Washington, DC 20006
   Telephone: (202) 894-7310        PAUL B. MELLO
   Fax: (650) 623-1449             SAMANTHA D. WOLFF
   bbaran@reichmanjorgensen.com    DAVID C. CASARRUBIAS

*Attorneys for Plaintiff-Intervenor*    *Attorneys for Defendants*
*Christopher Lipsey*

11

1

2   ROSEN BIEN GALVAN AND GRUNFELD LLP
    Ernest Galvan, State Bar No. 196065
3       101 Mission Street, Sixth Floor
        San Francisco, CA  94105-1738
4       Telephone:  (415) 433-6830
        Fax:  (415) 433-7104
5       Email:  egalvan@rbgg.com

6   *Attorneys for Plaintiffs*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12