UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No. 2:90-cv-0520 KJM DB |
| Plaintiffs, | ORDER |
| v. | |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

On May 17, 2022, as part of his comprehensive twenty-ninth round of monitoring in this action the Special Master filed a monitoring report on inpatient mental health care at the six psychiatric inpatient programs (PIPs) operated by the California Department of Corrections and Rehabilitation (CDCR) (hereafter Report). ECF No. 7555. The Report covers the period between May 24, 2021 and October 26, 2021. *Id*. at 14.[1] On May 27, 2022, defendants filed objections to the Report, ECF No. 7559, and on June 10, 2022, plaintiffs filed a response to defendants' objections, ECF No. 7567.

/////

/////

---

[1] In this order, citations to page numbers in documents filed in the Court's Electronic Case Filing (ECF) System are to the page number assigned by the ECF System and located in the upper right hand corner of the page.

1

The Special Master recommends the court enter an order containing the following three directives:

1. That CDCR be ordered to develop a comprehensive plan within 30 days, under the guidance and supervision of the Special Master, and with input from the plaintiffs as appropriate, to remedy the seriously deficient staffing levels at the Lift and Shift PIPs identified in this report.

2. Consistent with the recommendations contained in the Special Master's 2021 Inpatient Care Report, to the extent necessary to remedy any deficiencies identified in this report, within 90 days CDCR, under the guidance and supervision of the Special Master, and with input from the plaintiffs as appropriate, shall develop minimum standards for the provision of structured therapeutic activities, unstructured out-of-cell activities, treatment planning, and individual treatment, consistent with a psychiatric inpatient level of care, and shall also develop plans to provide such structured therapeutic activities, unstructured out-of-cell activities, treatment planning, and individual treatment consistent with the established minimum standards. CDCR shall further develop and implement a system for tracking and reporting adherence to the standards developed.

3. That the Special Master be directed to review the CIW [California Institution for Women]-PIP and SQ [San Quentin]-PIP via paper review in the next monitoring round.

ECF No. 7555 at 164-65. As explained below, while the court adopts the Special Master's factual findings it will refer the issues that are the subject of the Special Master's first two recommendations back to the Special Master for focused discussions with CDCR Secretary Kathleen Allison to allow them to resolve those issues as appears entirely possible.

In the absence of objections, the third recommendation will be adopted. By this order, the court clarifies that going forward, the Special Master shall have full authority to determine how he will accomplish his monitoring duties at each institution and he may proceed by institutional visits, paper review, or some combination of the two, without seeking leave of court.

I.   **LEGAL STANDARD**

Paragraph C of the Order of Reference provides in relevant part:

> [A]ny compliance report of the special master filed in accordance with paragraph A(5) above shall be adopted as the findings of fact and conclusions of law of the court unless, within ten days after being served with the filing of the report, either side moves to object or modify the report. . . . The objecting party shall note each

>    particular finding or recommendation to which objection is made, shall provide
>    proposed alternative findings or recommendations, and may request a hearing before
>    the court.  Pursuant to Fed. R. Civ. P. 53(e) (2), the court shall accept the special
>    master's findings of fact unless they are clearly erroneous.

ECF No. 640, at 8.  As required, the Special Master's findings of fact are adopted unless those findings are "clearly erroneous."  *Id*.  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (quoted in *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985)).

## II.   ANALYSIS

### A.   Defendants' General Objections

At the start of their objections, defendants assert that they "continue to disagree with and object to the Report for the reasons stated in their April 11, 2022 objections, and reassert those objections to certain aspects of the Report, as set forth below."  ECF No. 7559 at 2.  In the conclusion of the objections, defendants request that "any order flowing from the Report address the issues noted above and in Defendants' April 11, 2022 objections at Exhibit B to the Report."  *Id*. at 4.  Defendants' April 11, 2022 objections were interposed to the draft Report circulated to the parties by the Special Master in accordance with the Order of Reference.  ECF No. 640, at 4-5.  Defendants do not acknowledge the Report's discussion of those objections, *see* ECF No. 7555 at 22-36, nor do they tailor their general reassertion of the April 11, 2022 objections to the responses provided by the Special Master in the final Report.  In the absence of particularized reassertion of specific objections, the court will not consider defendants' generalized reassertion of their April 11, 2022 objections.

### B.   Defendants' Objections to Recommendations No. 1 and 2

Defendants do raise particularized objections to the Special Master's first and second recommendations.  Each objection is addressed in turn.

#### 1.   Defendants' Objections to Recommendation No. 1

As noted above, the Special Master first recommends "[t]hat CDCR be ordered to develop a comprehensive plan within 30 days, under the guidance and supervision of the Special Master,

3

and with input from the plaintiffs as appropriate, to remedy the seriously deficient staffing levels at the Lift and Shift PIPs identified in this report." ECF No. 7555 at 164. Defendants object that the recommendation is premature and likely unnecessary in light of CDCR's recent implementation of "a significant pay differential and retention bonus structure for CDCR psychiatrists and psychologists who work in the PIPs" and ongoing efforts to address staffing level deficiencies. ECF No. 7559 at 2. Defendants also contend thirty days "is insufficient time to develop a draft 'comprehensive plan,' meet and confer with Plaintiffs' counsel, and finalize this contemplated plan." *Id*. at 3.

For at least the past three years, the planning part of the remedial phase of this action has been largely complete and the focus now must continue to be on implementation and, if necessary, enforcement of the remedy that has been developed so painstakingly over the past twenty-five years. *See* September 3, 2020 Order, ECF No. 6846, at 3-4 (quoting July 9, 2019 Order, ECF No. 6214, at 4, 6-7) and, *e.g.*, 26. At this juncture, the court's primary focus is on setting and meeting clear deadlines by which each component of the remedy in this action will be durably implemented. It is evident defendants do not disagree with the fundamental objective of the Special Master's first recommendation – achievement of adequate clinical staffing levels in the PIPs – and, as the court found six years ago, "defendants have a wide range of options available to meet their constitutional obligations to hire sufficient" mental health staff. October 10, 2017 Order, ECF No. 5711, at 27. The court has been encouraged recently by the constructive resolution of seemingly intractable issues achieved in direct discussions between the Special Master and CDCR Secretary Kathleen Allison. Accordingly, the court will refer the issue of durable achievement of adequate mental health staffing levels in the PIPs to the Special Master and the Secretary for further discussions over a six-month period consistent with this and other remedial orders of this court concerning staff as well as ongoing efforts that may impact full implementation of the staffing remedy. If the Special Master and Secretary Allison are able to agree on resolution of this issue within that six-month period, the court will accept a declaration from Secretary Allison setting out that resolution, which shall include confirmation that the Special Master has advised the plaintiffs of the resolution and obtained their agreement to it.

### 2. Defendants' Objections to Recommendation No. 2

As noted above, the Special Master's second recommendation is as follows:

> Consistent with the recommendations contained in the Special Master's 2021 Inpatient Care Report, to the extent necessary to remedy any deficiencies identified in this report, within 90 days CDCR, under the guidance and supervision of the Special Master, and with input from the plaintiffs as appropriate, shall develop minimum standards for the provision of structured therapeutic activities, unstructured out-of-cell activities, treatment planning, and individual treatment, consistent with a psychiatric inpatient level of care, and shall develop plans to provide such structured therapeutic activities, unstructured out-of-cell activities, treatment planning, and individual treatment consistent with the established minimum standards. CDCR shall also develop and implement a system for tracking and reporting adherence to the standards developed.

ECF No. 7555 at 164-65.

Defendants object to this recommendation as too vague, not necessary to remedy an Eighth Amendment violation, and not in accordance with the standards imposed for injunctive relief by the Prison Litigation Reform Act of 1995 (PLRA), 18 U.S.C. § 3626(a)(1)(A). ECF No. 7559 at 3-4. Defendants also object to the recommendation to the extent it recommends simultaneous development of a system for tracking and reporting on policies that do not yet exist. *Id*. at 4. In reply, plaintiffs observe that this recommendation mirrors a recommendation contained in the Special Master's 2021 Report on inpatient mental health programs (2021 Inpatient Report), ECF No. 7039 at 118. The court accepted that report, declining to issue any additional orders at that time. August 17, 2022 Order, ECF No. 7605, at 12-13.

In response to the virtually identical recommendation in the Special Master's 2021 Inpatient Report, defendants had committed to development and submission of plans to the Special Master within ninety days and "to working with the Special Master to clarify the required components requested in this recommendation." ECF No. 7051 at 9. Defendants have not followed through on the commitment they made to the Special Master and to this court, and they provide no cogent explanation for this failure. In the interests of maintaining a proper focus on the work that remains to be done, while expressing its disappointment, the court will refer this issue as well to the Special Master and Secretary Allison for discussions aimed at remediating the deficiencies identified in the Report by a date certain. If the Special Master and Secretary Allison

5

are able to agree on resolution of this issue within four months from the date of this order, the court will accept a declaration from Secretary Allison setting out that resolution, which shall include confirmation that the Special Master has advised the plaintiffs of the resolution and obtained their agreement to it.

## III.    CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. The findings in the Special Master's May 17, 2022 29th Round Monitoring Report Part A, ECF No. 7555, are adopted in full;

2. The issues presented by the Special Master's first and second recommendations are referred to the Special Master and Secretary Allison for focused discussions and reporting as required by this order;

3. The Special Master's third recommendation is adopted in full.  The Special Master shall review the CIW-PIP and SQ-PIP via paper review in the next monitoring round; and

4. Going forward, the Special Master shall have full authority to determine how he will accomplish his monitoring duties at each institution and he may proceed by institutional visits, paper review, or some combination of the two, without seeking further leave of court.

DATED:  August 29, 2022.

CHIEF UNITED STATES DISTRICT JUDGE