1  Rob Bonta, State Bar No. 202668
   Attorney General of California
2  Monica N. Anderson, State Bar No. 182970
   Senior Assistant Attorney General
3  Damon McClain, State Bar No. 209508
   Supervising Deputy Attorney General
4  Elise Owens Thorn, State Bar No. 145931
   Namrata Kotwani, State Bar No. 308741
5  Deputy Attorneys General
    1300 I Street, Suite 125
6   P.O. Box 944255
    Sacramento, CA 94244-2550
7   Telephone: (916) 210-7318
    Fax: (916) 324-5205
8   E-mail: Elise.Thorn@doj.ca.gov
   Attorneys for Defendants

   HANSON BRIDGETT LLP
   PAUL B. MELLO, SBN 179755
   SAMANTHA D. WOLFF, SBN 240280
   KAYLEN KADOTANI, SBN 294114
   DAVID C. CASARRUBIAS, SBN 321994
   CARSON R. NIELLO, SBN 329970
   1676 N. California Blvd., Suite 620
   Walnut Creek, California 94596
   Telephone:   925-746-8460
   Facsimile:   925-746-8490
   Attorneys for Defendants

9

10                 UNITED STATES DISTRICT COURT

11                EASTERN DISTRICT OF CALIFORNIA

12                     SACRAMENTO DIVISION

13

14  RALPH COLEMAN, et al.,                Case No. 2:90-CV-00520- KJM-DB

15          Plaintiffs,                   **MOTION FOR ADMINISTRATIVE
                                          RELIEF TO FILE CORRESPONDENCE
16      v.                                TO THE SPECIAL MASTER UNDER
                                          SEAL**
17  GAVIN NEWSOM, et al.                  **(Local Rule 233)**

18          Defendants.

19                                        Judge:   Hon. Kimberly J. Mueller

20                           **ACTION REQUESTED**

21          Pursuant to Local Rule 233, Defendants respectfully request that the Court order that the

22  attached **Exhibit A** be filed in the official court record in this matter, under seal.

23                    **REASONS SUPPORTING REQUEST**

24          On Saturday, October 15, 2022, Defendant Kathleen Allison, Secretary of the California

25  Department of Corrections and Rehabilitation, wrote to Special Master Matthew A. Lopes, Jr.,

26  requesting his immediate intervention and action to address a serious incident involving one of his

27  Deputy Special Masters. A true and correct copy of that letter is conditionally lodged with the

28  Court under seal and is identified (but not filed) here as **Exhibit A**.

---

MOTION FOR ADMINISTRATIVE RELIEF TO FILE CORRESPONDENCE TO THE SPECIAL MASTER
UNDER SEAL

1    In light of the severity of this matter, Defendants believe it is both necessary and proper

2    that a copy of Secretary Allison's correspondence be made part of the official court record in this

3    matter. The Special Master "is an arm of the court." ECF No. 6018 at 6:12-13. Because of that

4    unique relationship, the Court has previously noted that it "unequivocally has full confidence in

5    the Special Master and his team, and must maintain and protect the Special Master's role and his

6    ability to communicate and work with the parties . . . ." *Id.* at 6:18-21. Here, Defendants believe

7    the matter in Secretary Allison's correspondence implicates the Special Master's role and his

8    ability to communicate and work with the parties. Accordingly, Defendants are compelled to bring

9    this matter to the Court's attention via this request for administrative relief to aid in the Court's

10   ongoing effort to maintain the Special Master's role and his ability to communicate and work with

11   the parties.

12   Separately, good cause exists to seal the attached correspondence. "Every court has

13   supervisory power over its own records and files, and access has been denied where court files

14   might have become a vehicle for improper purposes." *Nixon v. Warner Communications, Inc.*, 435

15   U.S. 589, 598 (1978). When a party moves to seal a record, the Court looks to the underlying

16   motion and determines whether it is "more than tangentially related to the merits of the case." *Ctr.*

17   *for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir.), *cert. denied sub nom. FCA*

18   *U.S. LLC v. Ctr. for Auto Safety,* 137 S. Ct. 38 (2016). When a motion is unrelated or only

19   tangentially related to the merits of the case, the good cause standard applies. *Id.* at 1097-98. To

20   establish good cause, a party must show "specific prejudice or harm will result" absent sealing,

21   *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003), which may include

22   the need "to protect a party or person from annoyance, embarrassment, oppression, or undue

23   burden or expense." *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting Fed. R. Civ. P. 26(c)). Here,

24   Secretary Allison's correspondence to the Special Master relates to an issue that is unrelated, or

25   only tangentially related, to the merits of this case – but nonetheless of critical importance. The

26   underlying matter relates to biased and offensive comments made by a Deputy Special Master to

27   an attorney employed by the California Department of Corrections and Rehabilitation and who is

28   assigned to this case. If publicly disclosed, that information would needlessly compound the harm

-2-

18994603.3

1   and embarrassment already inflicted on the particular attorney by the Deputy Special Master's

2   comments. Thus, the good cause standard is easily met.

3          Because Defendants have made the requisite good cause showing, the Court should order

4   that the attached **Exhibit A** be filed in the official court record in this matter, under seal.

5          Defendants attach a [proposed] order granting the motion for administrative relief.

6                  **POSITION OF ALL PARTIES AFFECTED BY THE MOTION**

7          Prior to bringing this motion, the Secretary asked the Special Master and Plaintiffs'

8   counsel to contact counsel for Defendants and note whether they opposed Defendants' request. As

9   of the time of the filing of this motion, neither the Special Master nor Plaintiffs' counsel noted any

10  opposition to the relief requested.

11  DATED: October 17, 2022                    ROB BONTA
                                               Attorney General of California
12                                             DAMON MCCLAIN
                                               Supervising Deputy Attorney General
13

14
                                        By:    _s/ Elise Owens Thorn_____
15                                             ELISE OWENS THORN
                                               Deputy Attorney General
16                                             *Attorneys for Defendants*

17

18  DATED:  October 17, 2022                   HANSON BRIDGETT LLP

19

20                                      By:    _s/ Paul B. Mello_____
                                               PAUL B. MELLO
21                                             SAMANTHA D. WOLFF
                                               KAYLEN KADOTANI
22                                             DAVID C. CASARRUBIAS
                                               CARSON R. NIELLO
23                                             Attorneys for Defendants

24

25

26

27

28

MOTION FOR ADMINISTRATIVE RELIEF TO FILE CORRESPONDENCE TO THE SPECIAL MASTER
UNDER SEAL

18994603.3

# EXHIBIT A

(Conditionally Lodged Under Seal)

# EXHIBIT A

1    ROB BONTA, State Bar No. 202668
     Attorney General of California
2    MONICA N. ANDERSON, State Bar No. 182970
     Senior Assistant Attorney General
3    DAMON MCCLAIN, State Bar No. 209508
     Supervising Deputy Attorney General
4    ELISE OWENS THORN, State Bar No. 145931
     NAMRATA KOTWANI, State Bar No. 308741
5    Deputy Attorneys General
       1300 I Street, Suite 125
6      P.O. Box 944255
       Sacramento, CA 94244-2550
7      Telephone: (916) 210-7318
       Fax: (916) 324-5205
8      E-mail: Elise.Thorn@doj.ca.gov
     Attorneys for Defendants

     HANSON BRIDGETT LLP
     PAUL B. MELLO, SBN 179755
     SAMANTHA D. WOLFF, SBN 240280
     KAYLEN KADOTANI, SBN 294114
     DAVID C. CASARRUBIAS, SBN 321994
     CARSON R. NIELLO, SBN 329970
     1676 N. CALIFORNIA BLVD., SUITE 620
     WALNUT CREEK, CALIFORNIA 94596
     TELEPHONE:   925-746-8460
     FACSIMILE:   925-746-8490
     Attorneys for Defendants

9

10                    **UNITED STATES DISTRICT COURT**

11                   **EASTERN DISTRICT OF CALIFORNIA**

12                        **SACRAMENTO DIVISION**

13

14    RALPH COLEMAN, et al.,                Case No. 2:90-CV-00520- KJM-DB

15              Plaintiffs,                 **[PROPOSED] ORDER**

16         v.

17    GAVIN NEWSOM, et al.                  Judge:    Hon. Kimberly J. Mueller

18              Defendants.

19

20         Good cause appearing, Defendants' motion for administrative relief to file certain

21    correspondence to the Special Master under seal is GRANTED.

22         "Every court has supervisory power over its own records and files, and access has been

23    denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner

24    Communications, Inc.*, 435 U.S. 589, 598 (1978). When a party moves to seal a record, the Court

25    looks to the underlying motion and determines whether it is "more than tangentially related to the

26    merits of the case. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir.), *cert.*

27    *denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety,* 137 S. Ct. 38 (2016). When a motion is

28    unrelated or only tangentially related to the merits of the case, the good cause standard applies. *Id.*

1  at 1097-98. To establish good cause, a party must show "specific prejudice or harm will result"

2  absent sealing, *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003),

3  which may include the need "to protect a party or person from annoyance, embarrassment,

4  oppression, or undue burden or expense," *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting Fed. R.

5  Civ. P. 26(c).) Here, Secretary Allison's correspondence to the Special Master relates to an issue

6  that is unrelated, or only tangentially related, to the merits of this case – but nonetheless of critical

7  importance. The underlying matter relates to offensive comments made by a Deputy Special

8  Master to an attorney employed by the California Department of Corrections and Rehabilitation

9  and who is assigned to this case. If publicly disclosed, that information would needlessly

10  compound the harm and embarrassment already inflicted on the particular attorney by the Deputy

11  Special Master's comments. Thus, the Court finds that the good cause standard is met.

12      The Court's clerk is directed to file the previously conditionally lodged copy of Secretary

13  Kathleen Allison's October 15, 2022 letter to Special Master Matthew A. Lopes, Jr. in the record,

14  under seal.

15      IT IS SO ORDERED.

16  DATED:  October ___, 2022

17

18  _____

19  Kimberly J. Mueller
    Chief United States District Judge

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER

18995858.1