UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RALPH COLEMAN; et al.,<br><br>   Plaintiffs - Appellees,<br><br> v.<br><br>GAVIN NEWSOM, Governor, State of California; et al.,<br><br>   Defendants - Appellants. | No. 20-16734<br><br>D.C. No. 2:90-cv-00520-KJM-DB<br>U.S. District Court for Eastern California, Sacramento<br><br>**MANDATE** |

The judgment of this Court, entered October 05, 2022, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

              FOR THE COURT:

              MOLLY C. DWYER
              CLERK OF COURT

              By: Howard Hom
              Deputy Clerk
              Ninth Circuit Rule 27-7

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 5 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RALPH COLEMAN; et al., | No. 20-16734 |
| Plaintiffs-Appellees, | D.C. No. 2:90-cv-00520-KJM-DB |
| v. | |
| GAVIN NEWSOM, Governor, State of California; et al., | MEMORANDUM* |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Argued and Submitted September 21, 2022
San Francisco, California

Before: GRABER, FRIEDLAND, and MILLER, Circuit Judges.

Gavin Newsom, Governor of the State of California, appeals from an order issued on August 3, 2020, which required the State to submit proposed changes to the administration of its remedial obligations in this case to a special master for preapproval. By its terms, that order expired after one year, so we dismiss this appeal as moot.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. "An actual controversy must exist at all stages of federal court proceedings." *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 834 (9th Cir. 2014). When an order has "'expired by [its] own terms[,]' the appeal no longer presents a 'live case or controversy.'" *Trump v. Hawaii*, 138 S. Ct. 377, 377 (2017) (quoting *Burke v. Barnes*, 479 U.S. 361, 363 (1987)).

The August 2020 order required "[a]ll proposed new regulations or policies, and all proposed regulatory or policy changes that may affect the court-approved remedy in this action [to] be presented to the Special Master." The order specified that it set forth a process that "shall be followed for one year," after which the court would "give final approval to a process for updating the remedial plans." On October 12, 2021, the district court issued a minute order noting that the "one year period has expired, and [the updating process described in] paragraph 2 of the court's 8/3/2020 order is no longer in effect." The court then invited the parties "to weigh in on what the updating process should look like going forward," and it "refer[red] the matter to the settlement judge."

The State points out that the October 2021 order came after the August 2020 order had been appealed, at which point the district court lacked jurisdiction to modify the August 2020 order. That is correct, but the October 2021 order did not modify any prior order. The October 2021 order merely acknowledged what was already apparent: The August 2020 order expired by its own terms after one year.

2

It follows that the State's obligations to comply with the updating process have ended, and we cannot provide any effective relief. This case is therefore moot.

No exception to mootness applies. Courts may exercise jurisdiction over controversies that are not live only in "exceptional situations," *Bowen*, 752 F.3d at 836–37 (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 481 (1990)), such as when "it is reasonable to expect that the same controversy will recur between [the] parties, yet evade meaningful judicial review," *Meyer v. Grant*, 486 U.S. 414, 417 n.2 (1988). There is little reason to expect this precise controversy to recur. Instead of another preapproval process, the district court has focused on implementing "a comprehensive tool that, once finalized, defendants will . . . use as part of a process to 'self-monitor' the key components of the remedy in this action." Nor is there any reason to expect the district court to issue provisional orders that will be of too short a duration to allow for appellate review. *Cf., e.g.*, *United States v. Oregon*, 718 F.2d 299, 302–03 (9th Cir. 1983) (holding that the expiration of a provisional order at the end of a fishing season did not moot a case because the district court issued similar provisional orders at the beginning of each fishing season). In February 2022, the district court explained that it would soon "give final approval" to a new order.

2. The August 2020 order also stated that the Compendium of Custody Related Remedial Measures, a document that defines some of the State's remedial

3

obligations, was "grounded in the requirements of the Eighth Amendment." The State objects to that remark, but we "review[] judgments, not statements in opinions." *Black v. Cutter Lab'ys*, 351 U.S. 292, 297 (1956). The August 2020 order has expired, and with it, so has our authority to review it—or any views the district court may have expressed in the course of issuing it.

The motions to take judicial notice at docket numbers 22 and 33 and to supplement the record on appeal (Dkt. No. 32) are denied. The motion to take judicial notice at docket number 54 is granted as to Exhibits B and C and otherwise denied. Appellees' motion to dismiss for lack of jurisdiction (Dkt. No. 53) is granted.

**APPEAL DISMISSED.**