DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

CLAUDIA CENTER – 158255
DISABILITY RIGHTS EDUCATION
AND DEFENSE FUND, INC.
Ed Roberts Campus
3075 Adeline Street, Suite 210
Berkeley, California 94703-2578
Telephone: (510) 644-2555

MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
LISA ELLS – 243657
THOMAS NOLAN – 169692
JENNY S. YELIN – 273601
MICHAEL S. NUNEZ – 280535
JESSICA WINTER – 294237
AMY XU – 330707
CARA E. TRAPANI – 313411
MARC J. SHINN-KRANTZ – 312968
ALEXANDER GOURSE – 321631
GINGER JACKSON-GLEICH – 324454
BRENDA MUÑOZ – 328813
ARIELLE W. TOLMAN – 342635
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>GAVIN NEWSOM, et al.,<br><br>        Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**NOTICE OF SECOND WHISTLEBLOWER REPORT FROM DR. GOLDING**<br><br>Judge: Hon. Kimberly J. Mueller |

[4199590.2]

On November 28, 2022, Deputy Special Master Kerry F. Walsh provided counsel for Plaintiffs and Defendants with a lengthy, detailed report with voluminous exhibits, which the Special Master had received from Defendant California Department of Corrections and Rehabilitation's Chief Psychiatrist, Michael Golding, M.D. The report (hereinafter "Second Golding Whistleblower Report") contains allegations relevant to the data remediation process and the Court's prior orders regarding Dr. Golding's 2018 whistleblower report. Declaration of Cara Trapani ¶ 2, filed herewith ("Trapani Decl."). On December 7, 2022, the Deputy Special Master provided the parties with a revised version of Dr. Golding's new whistleblower report. *Id.*, ¶ 3.

Per the Court's prior order requiring "[e]veryone involved [in this case] to err on the side of transparency," Plaintiffs file this Notice to alert the Court about the Second Golding Whistleblower Report. Jan. 7, 2020 Order, ECF No. 6441, at 2. On December 7, 2022, Plaintiffs' counsel inquired whether Defendants would oppose Plaintiffs filing a copy of Dr. Golding's whistleblower report under seal for the Court's review. Trapani Decl. ¶ 3. While Plaintiffs maintain that the report should be made public (with any patient identifying information redacted), due to the serious and sensitive nature of Dr. Golding's allegations, the Court should make that determination.

In a letter later on December 7, and in an email the following day (December 8), counsel for Defendants argued that portions of Dr. Golding's report contained information protected by the attorney-client privilege and the deliberative process privilege, and requested that Plaintiffs withhold their use and/or public disclosure of any information therein. Trapani Decl. ¶¶ 3-4.

Plaintiffs do not agree that the Second Golding Whistleblower Report and attachments or sections thereof are covered by the attorney-client or deliberative process privileges. Indeed, following the October 2019 evidentiary hearing, this Court emphasized that "[a]ll stakeholders are encouraged to think deeply and carefully before asserting claims of privilege in the context of the coordination process or otherwise as related to this case, given the public interests at stake." Jan. 7, 2020 Order, ECF No. 6441 at 3, and also

[4199590.2]

made clear that "[g]oing forward, the court will not hesitate to reach the merits and resolve any asserted claim of privilege that affects the Coleman class in any way." *Id.* Defendants' instant privilege claims meet this threshold.

Accordingly, on December 8, 2022, Plaintiffs' counsel informed counsel for Defendants that they would not file the Second Golding Whistleblower Report under seal and would instead inform the Court of the report's existence and Defendants' claims of privilege. Trapani Decl. ¶ 4. Plaintiffs will submit the report with its attachments to the Court for *in camera* review if so ordered. Plaintiffs are also prepared to provide the Court with briefing on the privilege issues, or assist in any other way the Court deems necessary to address Defendants' privilege claims.

Dr. Golding's claims are serious and call into question Defendants' adherence to certain of the Court's prior orders regarding Dr. Golding's 2018 whistleblower report and the ongoing data remediation process borne out of those proceedings. The Second Golding Whistleblower Report also indicates a further erosion in the trust between the parties and between and among Defendants and the Special Maser that this Court has identified "is essential to successful completion of the remedy in this case." Aug. 14, 2019, ECF No. 6242 at 3-4.

For all these reasons, Plaintiffs hereby provide notice to the Court about the Second Golding Whistleblower Report. Plaintiffs will assist the Court in whatever way the Court deems appropriate in order to address Defendants' claims of privilege regarding the report, but contend that the report should be filed so that it can be part of the record in this case. Plaintiffs request the Court's guidance as to whether Plaintiffs' counsel should submit the report for the Court's *in camera* review, and whether the parties should jointly propose a briefing schedule regarding the privilege claims.

/ / /
/ / /
/ / /
/ / /

**CERTIFICATION OF ORDERS REVIEWED**

Plaintiffs' counsel certifies that she reviewed the following orders relevant to this filing: ECF Nos. 6441, 6427, 6380, 6242.

DATED: December 9, 2022

Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: /s/ Cara E. Trapani
     Cara E. Trapani

Attorneys for Plaintiffs