DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

CLAUDIA CENTER – 158255
DISABILITY RIGHTS EDUCATION
AND DEFENSE FUND, INC.
Ed Roberts Campus
3075 Adeline Street, Suite 210
Berkeley, California 94703-2578
Telephone: (510) 644-2555

MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
LISA ELLS – 243657
THOMAS NOLAN – 169692
JENNY S. YELIN – 273601
MICHAEL S. NUNEZ – 280535
JESSICA WINTER – 294237
AMY XU – 330707
CARA E. TRAPANI – 313411
MARC J. SHINN-KRANTZ – 312968
ALEXANDER GOURSE – 321631
GINGER JACKSON-GLEICH – 324454
BRENDA MUÑOZ – 328813
ARIELLE W. TOLMAN – 342635
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | Case No. 2:90-CV-00520-KJM-DB |
| Plaintiffs, | **DECLARATION OF CARA E. TRAPANI IN SUPPORT OF PLAINTIFFS' NOTICE OF SECOND WHISTLEBLOWER REPORT FROM DR. GOLDING** |
| v. | |
| GAVIN NEWSOM, et al., | |
| Defendants. | Judge: Hon. Kimberly J. Mueller |

[4199589.1]

I, Cara E. Trapani, do hereby declare:

1. I am an attorney admitted to practice law in California, a member of the bar of this Court, and an associate at the law firm Rosen Bien Galvan & Grunfeld LLP, counsel of record for Plaintiffs. I have personal knowledge of the matters set forth herein and if called as a witness I could competently so testify. I make this Declaration in Support of Plaintiffs' Notice of Second Whistleblower Report From Dr. Golding.

2. On Monday November 28, 2022, I received an email forwarded by Michael Bien from Kerry F. Walsh, Deputy Special Master, attaching a lengthy report with voluminous exhibits from the California Department of Corrections and Rehabilitation's Chief Psychiatrist, Michael Golding, M.D. The report contains serious allegations that call into question Defendants' adherence to certain of the Court's prior orders regarding Dr. Golding's 2018 whistleblower report and the ongoing data remediation process borne out of those proceedings.

3. On December 7, 2022 at 11:23 a.m., I sent an email to Elise Thorn and other counsel for Defendants, copying the Special Master and certain members of his team, to inquire whether Defendants would oppose Plaintiffs filing a copy of Dr. Golding's whistleblower report under seal with this Court and requesting a status conference regarding his allegations. In the late afternoon on December 7, I received an email from Deputy Special Master Walsh, copying counsel for both parties, that attached a revised version of the whistleblower report from Dr. Golding, as well as a subsequent email attaching a copy that was not password-protected per a request from Defendants' counsel. At 9:55 p.m. that evening, I received a letter from Samantha Wolff, counsel for Defendants, claiming that portions of Dr. Golding's whistleblower report contained information protected by the attorney-client privilege and the deliberative process privilege, and requesting that Plaintiffs withhold their use and/or public disclosure of any information therein.

4. On the morning of December 8, 2022, I received an email from Ms. Wolff in response to my December 7, 2022 email to Ms. Thorn, stating that Defendants would

1  oppose Plaintiffs' request for a status conference to discuss Dr. Golding's whistleblower
2  report.  Later that day, I responded via email to Ms. Wolff, stating that in light of
3  Defendants' privilege claims, Plaintiffs would not file Dr. Golding's whistleblower report
4  under seal and would instead inform the Court of the report's existence and offer to
5  provide the Court with a copy of the report to review *in camera* and/or for the parties to
6  provide briefing on the privilege issues.  A true and correct copy of my email
7  correspondence with Ms. Wolff is attached hereto as **Exhibit A**.

8      5.    Plaintiffs have not heard anything further from Defendants in response to my
9  December 8, 2022 email.

10      I declare under penalty of perjury under the laws of the United States and the State
11  of California that the foregoing is true and correct, and that this declaration is executed at
12  Walnut Creek, California this 9th day of December, 2022.

                               */s/ Cara E. Trapani*
                               Cara E. Trapani

[4199589.1]

3

DECLARATION OF CARA E. TRAPANI IN SUPPORT OF PLAINTIFFS' NOTICE OF SECOND
WHISTLEBLOWER REPORT FROM DR. GOLDING

# Exhibit A

# Cara Trapani

| | |
|---|---|
| **From:** | Cara Trapani |
| **Sent:** | Thursday, December 8, 2022 4:26 PM |
| **To:** | Samantha Wolff; Elise Thorn |
| **Cc:** | v_Damon.McClain@doj.ca.gov; Nick Weber; Michael W. Bien; Lisa Ells; Steve Fama; v_Jennifer.Neill@cdcr.ca.gov; v_dillon.hockerson@cdcr.ca.gov; Paul B. Mello; Ernest Galvan; Donald Specter; Thomas Nolan; Kerry F. Walsh; v_Namrata.Kotwani@doj.ca.gov; Jeffrey Metzner; Matt Lopes; Henry D. Dlugacz; Coleman Team - RBG Only |
| **Subject:** | RE: Golding Correspondence [IMAN-DMS.FID12440] |

Sam,

We have no information as to whether the Court is aware of Dr. Golding's report. If you have already alerted the Court, please let us know as soon as possible. We have reviewed your letter from yesterday and we do not agree that Dr. Golding's report and attachments or sections thereof are covered by the attorney-client or deliberative process privileges. Any claim of privilege must nonetheless be adjudicated by the Court. As you know, following the October 2019 evidentiary hearing, the Court emphasized that "[a]ll stakeholders are encouraged to think deeply and carefully before asserting claims of privilege in the context of the coordination process or otherwise as related to this case, given the public interests at stake." Jan. 7, 2020 Order, ECF No. 6441 at 3. The Court has made clear that "[g]oing forward, the court will not hesitate to reach the merits and resolve any asserted claim of privilege that affects the Coleman class in any way." *Id.* Accordingly, we intend to inform the Court tomorrow in a pleading about the report's existence, and will offer to provide the Court with a copy of the report to review in camera and/or for the parties to provide briefing on the privilege issues. We will not attach the report to the pleading tomorrow, although as stated above we strongly disagree with Defendants' claims of privilege.

Separately, CDCR's characterization of the 2018/19 whistleblower proceedings as a "years' long fishing expedition" is precisely why the Court must be made aware of Dr. Golding's recent letter. Contrary to your assertions that Dr. Golding's original report lacked merit, the Court found "Dr. Golding credible" and that "[h]is observations and conclusions overall [were] well-founded." Dec. 17, 2019 Order, ECF No. 6427. More importantly, the Court held that "defendants have knowingly presented misleading information to the court in numerous areas critical to the remedy in this case and measuring compliance with that remedy." Dec. 17, 2019 Order, ECF No. 6427 at 41. This included "misleadingly with[olding] information in an effort to make compliance numbers look better" and a "focus on compiling data to show that care was adequate, with the court as the audience." *Id.* at 39-40, 45. Incredibly, your email fails to acknowledge these findings.

Dr. Golding's recent allegations go to the heart of the issues that arose during the 2019 evidentiary proceedings, which the Court summarized as follows:

> Data must be fixed, and it must be fixed so that it serves the policies set by this case, not the other way around. The policies must not be drained of meaning to fit a square peg in a round hole. And the data must be fixed with the key stakeholders at the table. It must be, as Dr. Toche recognizes, checked and double checked. The data must be pulled together, gathered and collected in a form that allows defendants ultimately, when they truly can, accurately to demonstrate to the Court that the Constitution is finally satisfied.

ECF No. 6380, Evid. Hearing Transcript for Oct. 23, 2019 at 472:11-20. Given the relevance of Dr. Golding's allegations to these issues, the Court must be made aware of his report.

Best,

Cara Trapani



101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
ctrapani@rbgg.com

**(Pronouns – she/her/hers)**

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at ctrapani@rbgg.com.

---

**From:** Samantha Wolff <SWolff@hansonbridgett.com>
**Sent:** Thursday, December 8, 2022 11:19 AM
**To:** Cara Trapani <CTrapani@rbgg.com>; Elise Thorn <Elise.Thorn@doj.ca.gov>
**Cc:** v_Damon.McClain@doj.ca.gov <Damon.McClain@doj.ca.gov>; Nick Weber <Nicholas.Weber@cdcr.ca.gov>; Michael W. Bien <MBien@rbgg.com>; Lisa Ells <LElls@rbgg.com>; Steve Fama <sfama@prisonlaw.com>; v_Jennifer.Neill@cdcr.ca.gov <Jennifer.Neill@cdcr.ca.gov>; v_dillon.hockerson@cdcr.ca.gov <dillon.hockerson@cdcr.ca.gov>; Paul B. Mello <Pmello@hansonbridgett.com>; Ernest Galvan <EGalvan@rbgg.com>; Donald Specter <dspecter@prisonlaw.com>; Thomas Nolan <TNolan@rbgg.com>; Kerry F. Walsh <kwalsh@pldolaw.com>; v_Namrata.Kotwani@doj.ca.gov <Namrata.Kotwani@doj.ca.gov>; Jeffrey Metzner <jeffrey.metzner@cuanschutz.edu>; Matt Lopes <mlopes@pldolaw.com>; Henry D. Dlugacz <hdlugacz@blhny.com>
**Subject:** RE: Golding Correspondence [IMAN-DMS.FID12440]

[EXTERNAL MESSAGE NOTICE]

Cara,

Defendants will oppose Plaintiffs' request for a status conference to discuss Dr. Golding's recent correspondence. It is perplexing that Plaintiffs believe they must submit his letter to the court in the interest of "transparency" for several reasons.

First, the Special Master provided the letter to the parties, and it is likely that the Special Master has already brought the matter of Dr. Golding's recent complaints to the Court's attention. Have you discussed this with him in your regular weekly meetings? If the Special Master's letter is already before the court, the stated purpose of Plaintiffs' filing unclear.

Second, as past experience has demonstrated (following a very lengthy and thorough investigation by an outside law firm which was independently appointed by the court), Dr. Golding's allegations were often not substantiated. *See*, *e.g.*, April 22, 2019 Neutral Expert Report (ECF No. 6147) at pp. 86 ("As to Dr. Golding's allegation that refused noncompliance appointments are counted as completed, we found no evidence contradicting CDCR's assertion that a software bug caused cancelled consultations to be erroneously included in the indicator," 87 ("We do not find that CDCR intentionally manipulated the medication noncompliance performance indicator to count refused appointments as completed and to double-count some appointments … [t]he evidence supports CDCR's position that this was a mistake that was corrected promptly upon being flagged," "We also do not find that CDCR intentionally violated the Program Guide … [t]he testimony of the CDCR witnesses, which we found credible, demonstrated that there was genuine confusion," "Because we find there is no evidence of an intent to mislead, we do not recommend an evidentiary hearing on this issue."). The December 17, 2019 order confirms that "the court does not find the kind of 'scheme … to hide a key

2

fact from the court and the opposing party.'" (ECF No. 6427 at 20:7-8.) Defendants therefore question the value of derailing the ongoing work in this case on the basis of an employee's complaints about the conditions of his employment. Dr. Golding raises some issues that were investigated in 2019 and which are already being addressed by the data remediation process. More importantly, Dr. Golding's past allegations have caused very serious and irreversible damage to CDCR's mental health leadership team. Since his last allegations became the focus of these proceedings, the entire mental health leadership team has left headquarters entirely, and most have left CDCR. His recent – possibly libelous – accusations are likely to have a similar detrimental effect on the current mental health leadership team. As Plaintiffs surely know, a well-functioning mental health system starts with leadership stability, including the ability to attract, recruit, and retain talented leadership. Maintaining that stable structure is crucial, and efforts by an employee with a history of asserting misleading accusations to again use unsubstantiated accusations to publicly attack dedicated public servants should not be countenanced.

Further, as Plaintiffs recently rebuffed Defendants' request for transparency in these proceedings – referring to it as running the risk of a "years' long fishing expedition" (Pls.' Resp. to Defs.' Mot. to Clarify Nov. 2, 2022 Order at 3:7-8), it is confusing why Plaintiffs suddenly feel the need for transparency now, and particularly given the previous "years' long fishing expedition" that was initiated by Dr. Golding.

Finally, as Defendants noted in correspondence dated December 7, 2022, Dr. Golding's recent letter includes references to privileged information. Thus, while we oppose this anticipated filing for the reasons stated above, it is critical that his letter be filed under seal.

Sincerely,
Sam

**Samantha Wolff**
**Partner**
Hanson Bridgett LLP
(415) 995-5020 Direct
(415) 995-3547 Fax
swolff@hansonbridgett.com

This communication, including any attachments, is confidential and may be protected by privilege. If you are not the intended recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or email, and permanently delete all copies, electronic or other, you may have.

The foregoing applies even if this notice is embedded in a message that is forwarded or attached.

**From:** Cara Trapani <CTrapani@rbgg.com>
**Sent:** Wednesday, December 7, 2022 11:23 AM
**To:** v_Elise.Thorn@doj.ca.gov <Elise.Thorn@doj.ca.gov>
**Cc:** v_Damon.McClain@doj.ca.gov <Damon.McClain@doj.ca.gov>; v_Nicholas.Weber@cdcr.ca.gov <Nicholas.Weber@cdcr.ca.gov>; Michael W. Bien <MBien@rbgg.com>; Lisa Ells <LElls@rbgg.com>; Steve Fama <sfama@prisonlaw.com>; v_Jennifer.Neill@cdcr.ca.gov <Jennifer.Neill@cdcr.ca.gov>; v_dillon.hockerson@cdcr.ca.gov <dillon.hockerson@cdcr.ca.gov>; Paul B. Mello <Pmello@hansonbridgett.com>; Samantha Wolff <SWolff@hansonbridgett.com>; Ernest Galvan <EGalvan@rbgg.com>; Donald Specter <dspecter@prisonlaw.com>; Thomas Nolan <TNolan@rbgg.com>; Kerry F. Walsh <kwalsh@pldolaw.com>; v_Namrata.Kotwani@doj.ca.gov <Namrata.Kotwani@doj.ca.gov>; Jeffrey Metzner <jeffrey.metzner@cuanschutz.edu>; Matt Lopes

<mlopes@pldolaw.com>; Henry D. Dlugacz <hdlugacz@blhny.com>
**Subject:** [EXTERNAL] RE: Golding Correspondence [IMAN-DMS.FID12440]

**EXTERNAL:** Use caution when opening attachments, links or responding to this e-mail.

Dear Elise,

On Friday, we intend to file Dr. Golding's November 23 report, which we received from the Special Master on November 28, and request a status conference regarding the allegations described therein.  Per the Court's January 7, 2020 Order requiring "[e]veryone involved [in this case] to err on the side of transparency," ECF No. 6441 at 2, we have a duty to inform the Court of Dr. Golding's allegations.  While we maintain that the report should be made public (with any patient identifying information redacted), we will file it under seal to allow the Court to make that determination.

Please let us know <u>no later than noon tomorrow (Thursday, December 8)</u> whether you will oppose our request.

Sincerely,

Cara Trapani



101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
ctrapani@rbgg.com

**(Pronouns – she/her/hers)**

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at ctrapani@rbgg.com.

**From:** Walsh Kerry F. <kwalsh@pldolaw.com>
**Sent:** Monday, November 28, 2022 11:25:40 AM (UTC-08:00) Pacific Time (US & Canada)
**To:** Elise Thorn <Elise.Thorn@doj.ca.gov>; Damon McClain <Damon.McClain@doj.ca.gov>; Nick Weber <Nicholas.Weber@cdcr.ca.gov>; Michael W. Bien <MBien@rbgg.com>; Lisa Ells <LElls@rbgg.com>; Steve Fama <sfama@prisonlaw.com>
**Cc:** Neill, Jennifer@CDCR <Jennifer.Neill@cdcr.ca.gov>; Hockerson, Dillon@CDCR <Dillon.Hockerson@cdcr.ca.gov>; Paul B. Mello <Pmello@hansonbridgett.com>; Samantha Wolff <swolff@hansonbridgett.com>; Donald Specter <dspecter@prisonlaw.com>; Ernest Galvan <EGalvan@rbgg.com>; Thomas Nolan <TNolan@rbgg.com>
**Subject:** Golding Correspondence

[EXTERNAL MESSAGE NOTICE]

Attached please find correspondence that Special Master Lopes received from Dr. Michael Golding on November 23, 2022.  Thank you.

**Kerry F. Walsh, Partner**
kwalsh@pldolaw.com
P 401.824.5118 •  F 401.824.5123

**Pannone Lopes Devereaux & O'Gara LLC**

Northwoods Office Park  Suite 215 N
1301 Atwood Avenue, Johnston, RI 02919
www.pldolaw.com  •  Legal Disclaimer

5