UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No. 2:90-cv-0520 KJM DB |
| Plaintiffs, | ORDER |
| v. | |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

On December 9, 2022, plaintiffs filed a notice of a second whistleblower report from defendant California Department of Corrections and Rehabilitation's [CDCR] Chief Psychiatrist, Dr. Michael Golding (hereafter second Golding Report). ECF No. 7678. The report was sent to the Special Master and provided by his office to counsel for plaintiffs and defendants on November 28, 2022. Decl. of Trapani, ECF No. 7678-1 at 2. On December 7, 2022, Deputy Special Master Kerry Walsh forwarded to counsel a revised report from Dr. Golding. *Id*. . While plaintiffs take the position the second Golding Report should be filed on the public docket with personal information redacted, in view of defendants' position as expressed in email exchanges between counsel, plaintiffs seek guidance from the court whether to submit the report for *in camera* review and whether the parties should jointly propose a briefing schedule on defendants' privilege claims. ECF No., 7678 at 3.

/////

1

On December 13, 2022, defendants filed a response to plaintiffs' notice. Defendants assert the second Golding Report "contains privileged and protected information – including discussions with counsel and deliberative information" and therefore should be filed under seal if at all. ECF No. 7679 at 2. To substantiate their position, defendants state the following:

> First, Defendants question the value of Plaintiffs' request to file the letter publicly or under seal, as well as their offer to brief issues of privilege. The harm that could be caused by filing Dr. Golding's current unsubstantiated allegations, many of which are related to his ongoing internal personnel matters, on the docket is very real and concerning. Dr. Golding's past allegations caused significant damage to CDCR's mental health leadership team. Wolff Decl., ¶ 5. Since his last allegations became the focus of these proceedings, the entire mental health leadership team has left CDCR headquarters, and most have left CDCR altogether. *Id*. His recent accusations are likely to have a similar detrimental effect on the current mental health leadership team. *Id*. Leadership stability is critical to a well-functioning mental health system, including the ability to attract, recruit, and retain talented leadership. *Id*. Efforts by one employee who is not getting his way to use unsubstantiated accusations to publicly attack dedicated public servants should not be countenanced.

*Id*.

These contentions, supported by a declaration of counsel but otherwise unproven, fail to acknowledge that Dr. Golding's first whistleblower report led to extensive findings by this court after a two day evidentiary hearing. *See* December 17, 2019 Order, ECF No. 6427.[1] The court's findings included: (1) defendants had knowingly presented misleading information to the court, and that information required defendants to correct the record, *id*. at 20-41; (2) the misleading information pertained to "numerous areas critical to the remedy in this case and measuring compliance with that remedy," *id*. at 41; (3) defendants' position throughout the proceedings on the first Golding Report – that no independent investigation of Dr. Golding's allegations was necessary – was demonstrably without merit, given the findings after hearing showing that Dr. Golding's "allegations in significant part justified the independent investigation and factfinding the court has undertaken", *id*. at 4; and (4) "[b]ased on the substance of his testimony

---

[1] As required by prior court order, defense counsel certify they reviewed the court's December 17, 2019 order in connection with preparation of their response to plaintiffs' notice. ECF No. 7679 at 3. Assuming this certification is correct, counsel are reminded of their ethical obligations under Rule 3.3 of the State Bar of California requiring candor toward the court.

1   and his demeanor on the witness stand, the court [found] Dr. Golding credible [and] [h]is
2   observations and conclusions overall . . . well-founded." *Id*. at 14.[2]

3         Defendants assert in a footnote that plaintiffs failed to seek leave of court before filing the December 9, 2022 notice.  Defendants contend this failure violates the court's December 24, 2020 order, ECF No. 7003, which requires that "any party seeking relief from this court, including from any existing order of this court, must first file a request for leave to file a motion, describing with particularity the relief to be sought and the steps the party has taken to exhaust meet and confer efforts with all opposing counsel."  Dec. 24, 2020 Order, ECF No. 7003, at 2.  Plaintiffs represent they filed the notice in accordance with the court's directive to "'[e]veryone involved [in this case] to err on the side of transparency.'"  ECF No. 7678 at 2 (quoting Jan. 7, 2020 Order, ECF No. 6441, at 2.  Although plaintiffs' notice includes some observations about the impact of the second Golding Report, plaintiffs do not request any specific relief from the court other than guidance as to whether the second Golding Report should be submitted for *in camera* review and whether the parties should propose a briefing schedule for claims of privilege defense counsel have asserted in response to the second Golding Report.

      After review, and good cause appearing,  plaintiffs will be granted a period of thirty days from the date of this order in which to file a motion, as appropriate, for such specific relief they believe is suggested by the second Golding Report.  If plaintiffs determine they will file a motion in accordance with this order, they shall notify defendants of that decision within fourteen days from the date of this order.  Thereafter, during the twenty-one day period before such motion is due, the parties shall meet and confer in an effort to resolve and/or limit claims of privilege and narrow the questions, if any, concerning sealing and redaction of the second Golding Report.  Defendants are granted leave to file, on the same day plaintiffs file any motion, a motion to seal some or all portions of the second Golding Report.  Defendants shall include with their motion, if filed, the results of the meet and confer process required by this order.  Both parties shall notice

---

[2] The court also recalls, without comment at this point, its orders issued on October 12, 2018 order, ECF No. 5949 (modified by Oct. 2018 Order, ECF No. 5973), November 7, 2018, ECF No. 5999, and June 14, 2019, ECF No. 6187, all of which prohibit defendants from retaliating against Dr. Golding.

the motions for hearing on this court's regular law and motion calendar as provided by Local Rule 230. If the parties do file motions, absent any agreement to the contrary that the court approves, the second Golding Report shall be submitted by defendants with their motion for *in camera* review pending resolution of their motion.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The parties are granted thirty days from the date of this order to file the motions authorized here and to complete the meet and confer required as described above;

2. All motions filed as authorized by this order shall be noticed for hearing on this court's regular law and motion calendar as provided by Local Rule 230; and

3. The Clerk of the Court is directed to serve a copy of this order on counsel who previously represented Dr. Golding, Wendy Musell, Stewart & Musell, LLP, 220 Powell Street, Suite 440, Emeryville, CA 94608.

DATED: December 29, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE