UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No.  2:90-cv-0520 KJM DB P |
| Plaintiffs, | |
| v. | ORDER |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

On December 30, 2022, the Special Master filed a request for an extension of time to report to the court the functionality and efficacy of the provisionally approved list of Continuous Quality Improvement Tool (CQIT) indicators.  ECF No. 7693.  Currently the Special Master is required to "test and monitor the functionality and efficacy" of the provisionally approved CQIT indicators "during his Twenty-Ninth Monitoring Round and [to] report his findings to the court in his Twenty-Ninth Monitoring Round Report."  July 1, 2021 Order, ECF No. 7216, at 14.  In his request for extension of time, the Special Master reports he has completed his Twenty-Ninth Monitoring Round using those indicators, "which were integrated into his monitoring process."  ECF No. 7693 at 2.  The Special Master also reports that finalization of the complete list of CQIT indicators "is progressing jointly" with the ongoing data remediation process, that "the efficacy and functionality

1

of the indicators is intertwined with data remediation," and that "[a] complete list [of CQIT indicators] will only emerge at the conclusion of the data remediation project." *Id*. He represents that an interim assessment of the functionality and efficacy of the CQIT indicators "would not provide the court with the information needed to decide whether to grant final approval." *Id*.

For the foregoing reasons, the Special Master requests that the court (1) vacate its order requiring a report on the functionality and efficacy of the CQIT indicators as part of the Special Master's Twenty-Ninth Monitoring Round reporting; and (2) that the deadline for submission of such a report be extended to the conclusion of the data remediation project. The Special Master reports that defendants' current data remediation activation schedules "indicate that all provisionally approved indicators should be remediated by the end of 2023" and that the parties are discussing steps that would enable completion of data remediation by that time. *Id*. at 3 n.5, 4 n.6. He also recommends "that he be directed to provide brief updates at intervals to be determined by the Court on the progress of the data remediation project." *Id*. at 5. After review, and good cause appearing, the Special Master's request will be granted and his recommendation adopted.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Special Master's December 30, 2022 request for extension of time, ECF No. 7693, is GRANTED;
2. That part of paragraph 4 of the court's July 1, 2021 order, ECF No. 7216, requiring the Special Master to report his findings on the functionality and efficacy of the provisionally approved list of CQIT indicators as part of his Twenty-Ninth Round Monitoring Report is VACATED; and
3. On or before June 30, 2023, the Special Master shall file a brief report on the status of data remediation generally and as it pertains to finalization of the list of CQIT indicators in particular.

DATED: January 3, 2023.

CHIEF UNITED STATES DISTRICT JUDGE