UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No. 2:90-cv-0520 KJM DB P |
| Plaintiffs, | ORDER |
| v. | |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

On May 17, 2022, as part of his comprehensive twenty-ninth round of monitoring in this action, the Special Master filed a monitoring report on inpatient mental health care at the six psychiatric inpatient programs (PIPs) operated by the California Department of Corrections and Rehabilitation (CDCR) (hereafter Report). ECF No. 7555. As relevant here, the Special Master recommended the court enter an order containing the following two directives, among others:

> 1. That CDCR be ordered to develop a comprehensive plan within 30 days, under the guidance and supervision of the Special Master, and with input from the plaintiffs as appropriate, to remedy the seriously deficient staffing levels at the Lift and Shift PIPs identified in [the] report.

> 2. Consistent with the recommendations contained in the Special Master's 2021 Inpatient Care Report, to the extent necessary to remedy any deficiencies identified in this report, within 90 days CDCR, under the guidance and supervision of the Special Master, and with input from the plaintiffs as appropriate, shall develop minimum standards for the provision of structured therapeutic activities, unstructured out-of-cell activities, treatment planning, and individual treatment,

1

       consistent with a psychiatric inpatient level of care, and shall also develop plans to provide such structured therapeutic activities, unstructured out-of-cell activities, treatment planning, and individual treatment consistent with the established minimum standards. CDCR shall further develop and implement a system for tracking and reporting adherence to the standards developed.

*See* Aug. 29, 2022 Order, ECF No. 7608, at 2 (quoting ECF No. 7555 at 164-65).

       In its August 29, 2022, the court adopted the findings in the Report in full. *Id*. at 6. The court noted it had "been encouraged recently by the constructive resolution of seemingly intractable issues achieved in direct discussions between the Special Master and [then] CDCR Secretary Kathleen Allison," the court referred the issues identified in the Special Master's first and second recommendations to them for "focused discussions and reporting." *Id*. at 4, 6. Specifically, the court directed a six-month period for discussions on a plan to remedy the serious staffing shortages in the CDCR PIPs and a four month-period for discussions concerning the issues covered by the Special Master's second recommendation. The court indicated it would entertain a declaration from Secretary Allison at the end of each period if the issues were resolved. While Secretary Allison retired at the end of 2022, the Governor appointed her successor, former CDCR Undersecretary of Operations Jeffrey Macomber, without any intervening vacancy in the office of Secretary. *See* Office of Governor Gavin Newsom, *Governor Newsom Names Jeffrey Macomber next CDCR Secretary as Secretary Allison Retires*, Press Release, December 12, 2022.[1]

       The four month period for discussions on a proposed resolution of the development of "minimum standards for the provision of structured therapeutic activities, unstructured out-of-cell activities, treatment planning, and individual treatment, consistent with a psychiatric inpatient level of care" and plans for providing such activities, ended on December 29, 2022, *see* ECF No. 7608 at 5, without the Secretary's submission of a declaration. The second period will expire at the end of February 2023. *Id*. at 4.

---

[1] *See* https://www.gov.ca.gov/2022/12/12/governor-newsom-names-jeffrey-macomber-next-cdcr-secretary-as-secretary-allison retires/#:~:text=SACRAMENTO%20%E2%80%93%20Governor%20Gavin%20Newsom%20today,of%20service%20at%20the%20Department (last viewed January 5, 2023).

With Secretary Allison's retirement, the Special Master's recent representation to the court that productive discussions with her had stalled, and in the absence of any communication from Secretary Macomber with respect to the first discussion period, the court will vacate paragraph 2 of the August 29, 2022 order. The court will direct defendants to forthwith serve on plaintiffs and the Special Master such plans, if any, as they have developed to address the issues covered by the first and second recommendations in the Special Master's May 2022 Report. The parties will be directed to meet and confer for a period of forty-five days under the supervision of the Special Master and to file within fourteen days thereafter a joint status report outlining the results of the meet and confer required by this order and, as appropriate, either a stipulated resolution or a schedule for motion practice if one or both issues remain unresolved.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Paragraph 2 of this court's August 29, 2022 order, ECF No. 7608, is VACATED.

2. Within seven days from the date of this order, defendants shall serve on plaintiffs and the Special Master such plans, if any, as they have developed to address the issues covered by the first and second recommendations in the Special Master's May 17, 2022 Twenty-Ninth Monitoring Round Report on the CDCR PIPs, ECF No. 7555.

3. Following service of plans as required by paragraph 1 of this order, the parties shall meet and confer for a period of forty-five days in an effort to resolve the issues covered by the first and second recommendations in the Special Master's May 17, 2022 Twenty-Ninth Monitoring Round Report on the CDCR PIPs, ECF No. 7555.

4. Within fourteen days after the end of the meet and confer period required by this order, the parties shall file a joint status report outlining the results of the meet and confer and, as appropriate, either a stipulated resolution or a schedule for motion practice if one or both issues remain unresolved. A status conference is set for **March 24, 2023 at 10:00 a.m.** in Courtroom # 3 to monitor the parties' progress in complying with this order and any hearings a party may

/////

/////

/////

1 | set for that date.  The status conference will be vacated if the issues covered by this order are fully
2 | resolved by the March 24 date.
3 |         IT IS SO ORDERED.
4 | DATED:  January 5, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE