DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

CLAUDIA CENTER – 158255
DISABILITY RIGHTS EDUCATION
AND DEFENSE FUND, INC.
Ed Roberts Campus
3075 Adeline Street, Suite 210
Berkeley, California 94703-2578
Telephone: (510) 644-2555

MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
LISA ELLS – 243657
THOMAS NOLAN – 169692
JENNY S. YELIN – 273601
MICHAEL S. NUNEZ – 280535
AMY XU – 330707
CARA E. TRAPANI – 313411
MARC J. SHINN-KRANTZ – 312968
ALEXANDER GOURSE – 321631
GINGER JACKSON-GLEICH – 324454
BRENDA MUÑOZ – 328813
ARIELLE W. TOLMAN – 342635
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　Plaintiffs,<br><br>　v.<br><br>GAVIN NEWSOM, et al.,<br><br>　　　Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**STIPULATION AND [PROPOSED] ORDER RE: PARTIES' AGREEMENTS IN LIGHT OF SECOND GOLDING REPORT**<br><br>Judge: Hon. Kimberly J. Mueller |

       The January 11, 2023 Stipulated Order extended the deadlines for Plaintiffs to file a motion regarding the second report submitted by Dr. Michael Golding ("Second Golding Report"), for Plaintiffs to notify Defendants of their intention to file any such motion, and for Defendants to file a motion to seal some or all portions of the report.  ECF 7700 at 3; *see also* Dec. 29, 2022 Order, ECF No. 7690 at 3-4.  On January 26, 2023, Plaintiffs notified Defendants of their intent to file a motion seeking clarification of certain prior orders in light of the allegations in the Second Golding Report.  On February 1, 2023, Defendants provided Plaintiffs their assertions of privileged material contained in the Second Golding Report.  The parties met and conferred by videoconference on February 3, 2023 and on multiple occasions via email and phone up to and including the date of this filing, and discussed the privilege issues Defendants raised, as well as the relief Plaintiffs intended to seek.  Based on these discussions, the parties stipulate as set forth below.[1]

      1.    In its October 12, 2018 Order, the Court ordered that "Defendants shall not retaliate against Dr. Golding or any person who assisted him in preparing his report."  ECF No. 5949 at 5; *see also* Oct. 18, 2018 Order, ECF No. 5973 at 3 (affirming Oct. 12, 2018 Order); Nov. 7, 2018 Order, ECF No. 5999 at 1 (extending anti-retaliation order to Dr. Melanie Gonzalez).  Defendants agree that these orders continue to apply today.  Defendants represent that they have not unlawfully retaliated against Dr. Golding or any person who assisted him in preparing the Second Golding Report and agree that they will not do so in the future.

      2.    On January 22, 2020, Dr. Toche filed a declaration in response to the Court's December 23, 2019 remedial order on the evidentiary hearings regarding Dr. Golding's original whistleblower report (ECF No. 6435), and attached a memorandum, dated January 13, 2020, that she circulated to all CDCR and California Correctional Health Care Services (CCHCS) staff.  *See* Def. Dr. D. Toche's Resp. to Dec. 23, 2019 Order, ECF No. 6451-1 ¶

---

[1] This stipulation narrows, but does not resolve, all of the parties' disputes related to the Second Golding Report.  The parties intend to file separate motions regarding the remaining disputes by the Court's February 9, 2023 deadline.

5 & Ex. A at 2-3[2] (Jan. 22, 2020). Among other things, that memorandum advised CDCR and CCHCS employees that they "may engage with any member of the *Coleman* Special Master's team at any time, whether it be at headquarters or in the field, regarding any mental health program issue or concern." *Id.* at 3. Defendants agree to issue a new memorandum to all CDCR and CCHCS employees no later than March 1, 2023, reiterating that staff is free to communicate with the Special Master's team at any time regarding any mental health program issue or concern, and providing information on how to do so.

3. In her January 22, 2020 declaration (ECF No. 6451-1 ¶ 8), Dr. Toche also stated:

> And, CDCR intends to develop, in consultation with the Special Master and Plaintiffs' counsel, a training module that explains the history of the *Coleman* case, its importance, CDCR's renewed commitment and focus on patient care, and expectations for all CDCR staff. (*Id.*) Once the training design is complete and activated, it will be mandatory and CDCR will monitor compliance. CDCR will make the compliance reports available to the Special Master.

4. Due to the onset of the COVID-19 pandemic in March 2020, Defendants never fully developed this training concept in consultation with Plaintiffs' counsel and the Special Master, though CDCR asserts it has and does conduct other related trainings consistent with its obligations. (Plaintiffs are not aware of any training in existence along the lines of what Dr. Toche described in her declaration.) Defendants agree to meet and confer with Plaintiffs' counsel, in consultation with the Special Master, regarding the content of this training and provide a draft of the training module described above, by March 30, 2023, and agree to file an update with the Court on the status of the training module by April 24, 2023. Defendants agree that Plaintiffs and the Special Master may observe the training once it is implemented.

5. As part of the Parties' meet and confer efforts, they also discussed Defendants' concerns with respect to privilege and privacy issues raised by Dr. Golding's

---

[2] References to Exhibit A to Dr. Toche's declaration are to the PDF pagination.

Second Report. Following extensive discussions, Plaintiffs agreed to Defendants' assertions of one instance of attorney-client privilege and two instances of deliberative process privilege, though the Parties were unable to reach agreement as to Defendants' privacy concerns. The agreed-upon assertions of privilege are described in greater detail in the Declaration of Samantha Wolff In Support of Defendants' Motion for Order Authorizing Redaction and Motion for *In Camera* Review.

**IT IS SO STIPULATED.**

DATED: February 9, 2023            Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Lisa Ells*
    Lisa Ells

Attorneys for Plaintiffs

DATED: February 9, 2023            HANSEN BRIDGETT LLP

By: */s/ Samantha D. Wolff*
    Samantha D. Wolff
    Deputy Attorney General

Attorneys for Defendants

## ORDER

Pursuant to the parties' stipulation and this Court's prior orders, Defendants shall not unlawfully retaliate against Dr. Golding or any person who assisted him in preparing the Second Golding Report. By March 1, 2023, Defendants shall issue a new memorandum to all CDCR and CCHCS employees reiterating that staff is free to communicate with the Special Master's team at any time regarding any mental health program issue or concern. Defendants shall develop, in consultation with the Special

Master and Plaintiffs' counsel, the training module described in paragraph three of the parties' above stipulation no later than March 30, 2023. By April 24, 2023, Defendants shall update the Court on the status of these tasks.

**IT IS SO ORDERED.**

DATED: _____, 2023

Honorable Kimberly J. Mueller
United States District Judge