Rob Bonta, State Bar No. 202668
Attorney General of California
Monica N. Anderson, State Bar No. 182970
Senior Assistant Attorney General
Damon McClain, State Bar No. 209508
Supervising Deputy Attorney General
Elise Owens Thorn, State Bar No. 145931
Namrata Kotwani, State Bar No. 308741
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7318
  Fax: (916) 324-5205
  E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

HANSON BRIDGETT LLP
Paul B. Mello, SBN 179755
Samantha D. Wolff, SBN 240280
Kaylen Kadotani, SBN 294114
David C. Casarrubias, SBN 321994
Carson R. Niello, SBN 329970
1676 N. California Blvd., Suite 620
Walnut Creek, California 94596
Telephone:  925-746-8460
Facsimile:  925-746-8490
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>GAVIN NEWSOM, et al.<br><br>  Defendants. | Case No. 2:90-CV-00520- KJM-DB<br><br>**DECLARATION OF SAMANTHA D. WOLFF IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER AUTHORIZING REDACTION OF SECOND GOLDING REPORT AND MOTION FOR IN CAMERA REVIEW**<br><br>Date:  April 28, 2023<br>Time:  10:00 a.m.<br>Courtroom:  3, 15th Floor<br><br>Judge:  Hon. Kimberly J. Mueller |

I, Samantha D. Wolff, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am a partner with Hanson Bridgett LLP, attorneys of record for Defendants Gavin Newsom *et al.* I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2. This declaration is submitted in support of Defendants' motion for an order

1  authorizing redaction of Dr. Michael Golding's second report to the Special Master and in support

2  of Defendants' motion for *in camera* review.

3    3.    On or about November 23, 2022, Dr. Golding sent his Report to the Special Master.

4  On November 28, 2022, the Special Master provided the parties with Dr. Golding's November 23,

5  2022 Report ("Second Golding Report").  On the evening of December 7, 2022, Deputy Special

6  Master Kerry F. Walsh forwarded the parties via e-mail a "revised letter" from Dr. Golding, also

7  dated November 23, 2022.  Plaintiffs brought the Report to the Court's attention by filing a notice

8  concerning the Second Golding Report on December 9, 2022.  ECF No. 7678.  On December 13,

9  2022, Defendants filed their response to Plaintiffs' notice of the Second Golding Report.  ECF No.

10  7679.

11    4.    On January 26, 2023, Plaintiffs notified Defendants of their intention to file a

12  motion for specific relief in connection with the Second Golding Report.  On February 1, 2023,

13  Defendants provided Plaintiffs their assertions of privileged material contained in the Second

14  Golding Report, in addition to their request to redact the names and other identifying information

15  of current and former CDCR and CCHCS employees.  The parties met and conferred on February

16  3, 2023, and further exchanged their positions in writing on the subjects of privilege and privacy

17  for nearly a week thereafter.  The parties were able to reach agreement as to Defendants'

18  assertions of privilege, which are described in greater detail below.  With respect to Defendants'

19  privacy concerns, Plaintiffs have notified Defendants that, while they do not object to redacting

20  employees' phone numbers and email addresses, they do not believe that certain employees' names

21  should be protected from public disclosure.

22    5.    The Second Golding Report, which consists of over 1015 pages, contains sensitive

23  information, including current and former CDCR employees' names and titles, as well as their

24  phone numbers and email addresses.  While Defendants have articulated their position to Plaintiffs

25  – including concerns that the public disclosure of such personally identifying information, in the

26  context of unsubstantiated claims against those employees, would cause real harm to individual

27  employees – Plaintiffs have not shared why the disclosure of this information is necessary to their

28  anticipated motion for clarification on data remediation in response to Defendants' direct question

1  regarding the same. And while Plaintiffs agreed to the redaction of names of employees below Dr.
2  Golding's level of authority within CDCR, Defendants explained this would be unworkable
3  because it's hard to know who would be at Dr. Golding's "level of authority" for employees who
4  work outside of the psychiatry classification chain, or how local chains of leadership fit into this.
5  Similarly, for former employees, would we use their last classification or their current
6  classification if they're within a new role in State service? We explained it would be challenging,
7  if not impossible, to implement Plaintiffs' proposal, but Plaintiffs simply stated in response that
8  they did not believe the standard for restricting public access had been met (notwithstanding their
9  refusal to identify an actual need for the disclosure).

10.        6.        With respect to privilege, Defendants asserted the following claims:

            1)        An email from Dr. Goulding describing advice and recommendations made
            by an Office of Legal Affairs attorney during an internal meeting with CDCR
            employees. This email appears at pages 243 and 251 (it is the same email). The
            parties agreed that one line of this email contains attorney-client privileged
            information and may be redacted. *See* ECF 7718 at ¶ 5. Attached as **Exhibit A** is a
            true and correct copy of Dr. Golding's Second Report (which was transmitted to
            the parties by Deputy Special Master Kerry Walsh on December 7, 2022), with the
            above-referenced privileged material highlighted in yellow at pages 243 and 251.

            2)        An email from Dr. Golding referencing the content of a Budget Concept
            Statement. This email appears at page 784 (Attachment 46). The parties agree that
            the first three paragraphs of this email contain deliberative process privileged
            information and may be redacted. *See* ECF 7718 at ¶ 5. Exhibit A contains the
            above-referenced privileged material highlighted in yellow at page 784.

            3)        A Budget Concept Statement that is included at pages 792-809 (Attachment
            49). The parties agree that this entire document contains deliberative process
            privileged information and may be redacted in its entirety. *See* ECF 7718 at ¶ 5.
            These pages are highlighted in Exhibit A.

1     I declare under penalty of perjury under the laws of the State of California and the United
2  States of America that the foregoing is true and correct.  Executed in Lafayette, California on
3  February 9, 2023.

4
5                                                          */s/ Samantha Wolff*
                                                          Samantha D. Wolff

-4-
DECLARATION OF SAMANTHA D. WOLFF IN SUPP. DEFS.' MOT. FOR ORDER AUTHORIZING
REDACTION OF SECOND GOLDING REPORT

19353227.2