ROB BONTA, State Bar No. 202668
Attorney General of California
MONICA N. ANDERSON, State Bar No. 182970
Senior Assistant Attorney General
DAMON MCCLAIN, State Bar No. 209508
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
NAMRATA KOTWANI, State Bar No. 308741
Deputy Attorneys General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 210-7318
Fax: (916) 324-5205
E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

HANSON BRIDGETT LLP
PAUL B. MELLO, SBN 179755
SAMANTHA D. WOLFF, SBN 240280
KAYLEN KADOTANI, SBN 294114
DAVID C. CASARRUBIAS, SBN 321994
CARSON R. NIELLO, SBN 329970
1676 N. CALIFORNIA BLVD., SUITE 620
WALNUT CREEK, CALIFORNIA 94596
TELEPHONE: 925-746-8460
FACSIMILE: 925-746-8490
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

RALPH COLEMAN, et al.,

Plaintiffs,

v.

GAVIN NEWSOM, et al.

Defendants.

Case No. 2:90-CV-00520- KJM-DB

**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING REDACTION OF SECOND GOLDING REPORT**

**L.R. 140(b)**

Date: April 28, 2023
Time: 10:00 a.m.
Crtrm.: 3, 15th Floor

Judge: Hon. Kimberly J. Mueller

**NOTICE OF MOTION AND MOTION**

**TO PLAINTIFFS AND PLAINTIFFS' COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on April 28, 2023, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 3 of the above-entitled court, located at 501 I Street, Fifteenth Floor, Sacramento, California 95814, Defendants will and hereby do move this Court for an order authorizing the redaction of limited portions of Dr. Michael Golding's second report pursuant to Rule 5.2 of the Federal Rules of Civil Procedure and Local Rule 140(b). For the reasons set forth in their motion, Defendants seek redactions of only the names of current and former CDCR employees and other identifying information (including their phone numbers, email addresses, and titles that would identify an individual given the nature of the position).

This motion is based on the declarations of Dr. Toche and Samantha D. Wolff (filed in support of Defendants' Motion for *In Camera* Review), all papers and pleadings on file in this action, and any other evidence, documents, or materials, or argument that the Court may allow before or at the time the matter is heard.

**INTRODUCTION**

Pursuant to Rule 5.2 of the Federal Rules of Civil Procedure and Local Rule 140(b), Defendants move for an order authorizing the redaction of limited portions of Dr. Michael Golding's second report (hereafter, "Second Golding Report" or "Report"). Defendants' request is consistent with the limited categories of personally identifying information that the Court previously ordered redacted in Dr. Golding's 2018 report (*see* ECF 5986), however, for reasons that Plaintiffs have not made clear, they refuse to agree that Defendants can redact that same information in this document. Consequently, Defendants must bring this motion.

The Second Golding Report, which, including attachments, consists of over 1,015 pages, and contains private and privileged information that should be withheld from public disclosure. Defendants do not seek an order requiring the entire document to be placed under seal, but rather, request minimal, targeted redactions of only the names of certain current and former CDCR employees and other identifying information (including their phone numbers, email addresses, and

titles that would identify an individual given the nature of the position). Defendants also request – and Plaintiffs have stipulated to – targeted redactions to three references to privileged information. ECF 7718 at ¶ 5; Decl. of Samantha Wolff In Support of Motion for Order Authorizing Redaction and Motion for In Camera Review ("Decl. Wolff") at ¶ 6.

In its December 29, 2022 Order (ECF No. 7690) and its January 11, 2023 Order (ECF No. 7700), this Court permitted Plaintiffs to file a motion for specific relief that they believe is suggested by the Second Golding Report by February 9, 2023. Notwithstanding that Plaintiffs have not explained why the Second Golding Report needs to be publicly filed in order for them to bring such a motion, Defendants do not oppose the filing of the Report on the docket, provided that their limited redactions are permitted. Specifically, Defendants only seek to redact information protected by the attorney-client and deliberative process privilege (which Plaintiffs have stipulated to), as well as private information of current and former CDCR employees consistent with this Court's prior orders. Defendants' narrow request for redaction is supported by case law and the declarations of Dr. Diana Toche and Samantha Wolff. Accordingly, Defendants' minimal request for redaction should be granted.

**BRIEF PROCEDURAL HISTORY**

On or about November 23, 2022, Dr. Golding sent his Report to the Special Master. Declaration of Samantha D. Wolff ¶ 3 ("Wolff Decl."). On November 28, 2022, the Special Master provided Dr. Golding's November 23, 2022 Report to counsel for Plaintiffs and Defendants. *Id.* On the evening of December 7, 2022, Deputy Special Master Kerry F. Walsh forwarded the parties via e-mail a "revised letter" from Dr. Golding, also dated November 23, 2022. *Id.* Plaintiffs brought the Report to the Court's attention by filing a notice concerning the Second Golding Report on December 9, 2022. ECF No. 7678. Defendants filed their response to Plaintiffs' notice of the Second Golding Report on December 13, 2022. ECF No. 7679.

On December 29, 2022, the Court issued an order permitting Plaintiffs to file a motion, if any, no later than January 30, 2023 for specific relief they believe is suggested by the Second Golding Report. ECF No. 7690. The order further required Plaintiffs to notify Defendants no later than January 12, 2023 whether they intended to file such a motion. *Id.* And, in the event that

Plaintiffs intended to file a motion for specific relief, the order permitted Defendants to file a motion to seal some or all portions of the Report by January 30, 2022. *Id.* On January 11, 2023, the Court approved the parties' stipulation to extend the above deadlines to February 9, 2023 and January 26, 2023, respectively. ECF No. 7700. On January 26, 2023, Plaintiffs notified Defendants of their intention to file a motion seeking clarification of certain prior orders in light of the allegations in the Second Golding Report. Wolff Decl. ¶ 5. On February 1, 2023, Defendants provided Plaintiffs their assertions of privileged material contained in the Report, as well as their request to redact the names and other identifying information of current and former CDCR and CCHCS employees. *Id.* at ¶ 4. The parties met and conferred on February 3, 2023, and further exchanged their positions in writing on the subjects of privilege and privacy. *Id.* The parties have agreed to stipulate to the redaction of certain information contained in the Second Golding Report. ECF 7718 at ¶ 5; Wolff Decl. ¶ 6. As a result, the scope of Defendants' motion has been narrowed to the redaction of current and former CDCR and CCHCS employee names and other identifying information.

## ARGUMENT

### I. Defendants Seek to Protect Private, Employee Identifying Information from Disclosure, Consistent with This Court's Prior Order.

The Second Golding Report includes current and former employees' names, as well as employees' phone numbers, email addresses, and references to their titles. Consistent with this Court's October 25, 2018 order, Defendants request that this information be redacted.

While Plaintiffs initially agreed that employees' phone numbers and email addresses could be redacted, Plaintiffs did not agree that certain employees' names should be protected from public disclosure. While there is a strong presumption in favor of access when deciding whether to seal records, such a presumption may be overcome where compelling reasons outweigh the public's right of access. *EEOC v. Erection Co., Inc.*, 900 F.2d 168,170 (9th Cir. 1990). Courts will consider "the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes...." *Hechavarria v. City & Cnty. of San Francisco*, 463 F.App'x 632, 634 (9th Cir. 2011) (quoting

*EEOC*, 900 F.2d at 170). In the context of a nondispostitive motion, the Ninth Circuit recognizes an exception to the presumption of access where the requesting party shows good cause to keep the records under seal. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1178, 1179 (9th Cir. 2006) (finding a particularized showing of good cause sufficient to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions); *Pintos v. Pacific Creditors Assoc.*, 565 F.3d 1106, 1115 (9th Cir. 2009) ("In light of the weaker public interest in nondispositive materials, we apply the 'good cause' standard when parties wish to keep them under seal.").

Here, there is good cause to protect current and former CDCR and CCHCS employees' personally identifying information from disclosure on the Court's public docket. *See Mortensen v. Bresnan Commc'ns, LLC*, 722 F.3d 1151, 1154 (9th Cir. 2013) ("personally identifying information" includes "first and last name, physical street address, [and] email address."). The Second Golding Report contains unsubstantiated allegations against these CDCR and CCHCS employees. Public disclosure of the employees' names – or titles that are linked to a specific person – would cause very real harm to those employees' reputations. Declaration of Dr. Toche ¶ 3 ("Toche Decl."). And that harm to employees is likely to have a detrimental effect on CDCR as a whole – and ultimately patients – by frustrating recruitment and retention efforts critical to the delivery of mental health care and the operations of CDCR. *Id.* at ¶ 4. Notably, since Dr. Golding's previous report in 2018, the entire metal health leadership team has left CDCR Mental Health headquarters, and some have left CDCR altogether. *Id.* at ¶ 4. It is already difficult to recruit and retain staff generally, but the public disclosure of the kinds of unsubstantiated, inflammatory allegations as contained within the Second Golding Report will only make recruitment and retention efforts all the more challenging. *Id.* at ¶¶ 3-4.

Moreover, Plaintiffs have failed to indicate any purpose or value that would be served by publicly disclosing employees' names or other identifying information. In fact, Plaintiffs' only stated need for the disclosure is that they intend to rely on the Second Golding Report in their request for clarification regarding the purpose of data remediation. Wolff Decl. ¶ 5. But Plaintiffs have not articulated how or why such a disclosure of employees' personal and private information

is necessary to achieve their stated goal of clarification. *Id.*

Finally, Defendants' request for limited redactions is consistent with this Court's prior order on this subject. In its October 25, 2018 Order, the Court approved Defendants' proposed redactions to the First Golding Report of the following information: "(1) current and former employees' names; (2) current and former employees' employment titles, but only where an employment title is expressly linked to a name or a specific prison so as to disclose a person's identity; and (3) any other information that serves to identify an individual other than Dr. Golding, including government telephone numbers and email addresses." ECF No. 5986 at 9:9-13. Defendants are not requesting any redactions beyond the earlier categories of redactions that the Court approved. And while the same privacy concerns are present here, Plaintiffs do not explain why CDCR and CCHCS's current and former employees are somehow less deserving of privacy protections now.

Defendants' request is narrow in scope and designed solely to protect the privacy rights of individuals who are named or otherwise identified in the Second Golding Report. The countervailing interest in public disclosure does not outweigh the serious risk of harm to employees, and is insufficient to overcome this Court's prior and related order on this same subject.

## CONCLUSION

In light of CDCR's current staffing efforts and challenges, the unsubstantiated nature of allegations in the Second Golding Report and the very real risk of harm to employees' privacy rights, and consistent with the Court's October 25, 2018 Order, Defendants' limited request for redactions of employees' names and other identifying information, where appropriate, should be granted.

## CERTIFICATION

In preparing this motion, Defendants' counsel reviewed the following Court orders relevant to the issues in this filing: ECF Nos. 5986, 7690, and 7700.

DATED: February 9, 2023

ROB BONTA
Attorney General of California
DAMON MCCLAIN
Supervising Deputy Attorney General

By: */s/ Elise Owens Thorn*
ELISE OWENS THORN
Deputy Attorney General
*Attorneys for Defendants*

DATED: February 9, 2023

HANSON BRIDGETT LLP

By: */s/ Samantha Wolff*
PAUL B. MELLO
SAMANTHA D. WOLFF
DAVID C. CASARRUBIAS
CARSON R. NIELLO
Attorneys for Defendants