| | |
|---|---|
| DONALD SPECTER – 083925<br>STEVEN FAMA – 099641<br>MARGOT MENDELSON – 268583<br>PRISON LAW OFFICE<br>1917 Fifth Street<br>Berkeley, California  94710-1916<br>Telephone:   (510) 280-2621<br><br>CLAUDIA CENTER – 158255<br>DISABILITY RIGHTS EDUCATION<br>AND DEFENSE FUND, INC.<br>Ed Roberts Campus<br>3075 Adeline Street, Suite 210<br>Berkeley, California  94703-2578<br>Telephone:   (510) 644-2555 | MICHAEL W. BIEN – 096891<br>ERNEST GALVAN – 196065<br>LISA ELLS – 243657<br>THOMAS NOLAN – 169692<br>JENNY S. YELIN – 273601<br>MICHAEL S. NUNEZ – 280535<br>AMY XU – 330707<br>CARA E. TRAPANI – 313411<br>MARC J. SHINN-KRANTZ – 312968<br>ALEXANDER GOURSE – 321631<br>GINGER JACKSON-GLEICH – 324454<br>BRENDA MUÑOZ – 328813<br>ARIELLE W. TOLMAN – 342635<br>ROSEN BIEN<br>GALVAN & GRUNFELD LLP<br>101 Mission Street, Sixth Floor<br>San Francisco, California  94105-1738<br>Telephone:   (415) 433-6830 |

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GAVIN NEWSOM, et al.,<br><br>　　　　Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**DECLARATION OF CARA E. TRAPANI IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND MOTION IN RESPONSE TO DECEMBER 29, 2022 ORDER REGARDING DR. GOLDING'S SECOND WHISTLEBLOWER REPORT (ECF NO. 7690)**<br><br>Judge:  Hon. Kimberly J. Mueller |

[4232449.1]

I, Cara E. Trapani, declare:

1. I am an attorney duly admitted to practice before this Court. I am an associate in the law firm of Rosen Bien Galvan & Grunfeld LLP, counsel of record for Plaintiffs. I have personal knowledge of the facts set forth herein, and if called as a witness, I could competently so testify. I make this declaration in support of Plaintiffs' Motion in Response to December 29, 2022 Order Regarding Dr. Golding's Second Whistleblower Report (ECF No. 7690).

2. On Thursday, December 8, 2022, I received an email forwarded by Lisa Ells from Michael F. Ryan Jr., a member of the Special Master's team, attaching a letter to the then-Secretary of the California Department of Corrections and Rehabilitation (CDCR), Kathleen Allison, copying counsel for Plaintiffs and Defendants. A true and correct copy of the Special Master's December 8, 2022 letter is attached hereto as **Exhibit A**. The Special Master's letter described comments that former Secretary Allison and the current Deputy Director of the Statewide Mental Health Program, Dr. Amar Mehta, made during CDCR's Mental Health Leadership Conference on November 16, 2022, where "an audience of hundreds of CDCR employees" and several members of the Special Master's team were in attendance. Ex. A. at 2. The letter stated that the Special Master was "disheartened and deeply troubled" by the comments, which included former Secretary Allison "prais[ing] Dr. Mehta's handling of the Special Master, including taking the Special Master's 'lunch money' during meetings." *Id.* at 2-3. The letter noted, "the cavalier approach to the remedy in this case and apparent disregard for the *Coleman* Court and its orders displayed during these presentations is of utmost concern." *Id.* at 3.

3. On December 12, 2022, Governor Gavin Newsom issued a press release announcing that Kathleen Allison would retire at the end of the year and that Jeffrey Macomber would serve as the next CDCR Secretary. A true and correct copy of the press release (available at https://www.gov.ca.gov/2022/12/12/governor-newsom-names-jeffrey-macomber-next-cdcr-secretary-as-secretary-allison-retires/), is attached hereto as **Exhibit B**.

4. On December 22, 2022, I received an email forwarded by Lisa Ells from Kerry F. Walsh, Deputy Special Master, attaching a letter from former Secretary Allison to Special Master Matthew Lopes dated December 21, 2022. A true and correct copy of former Secretary Allison's December 8, 2022 letter is attached hereto as **Exhibit C**. The letter states, "I take full responsibility for my comments" and later states, "comments that we made during the conference are consistent with comments that we have routinely made publicly and to you and your team (regarding the date remediation process, the UNA, and telepsychiatry expansion)."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed at Walnut Creek, California this 9th day of February, 2023.

/s/ Cara E. Trapani
Cara E. Trapani

[4232449.1]

2

DECL. OF CARA E. TRAPANI IN SUPPORT OF PLS.' NOTICE OF MOT. AND MOT. IN RESPONSE TO DEC. 29, 2022 ORDER REGARDING DR. GOLDING'S 2ND WHISTLEBLOWER REPORT (ECF NO. 7690)

# Exhibit A



December 8, 2022

***VIA EMAIL (kathleen.allison@cdcr.ca.gov)***

Kathleen Allison
OFFICE OF THE SECRETARY
P. O. Box 942883
Sacramento, CA 94283-0001

    RE:    Mental Health Leadership Conference

Dear Secretary Allison:

    The Court has ordered us to work together on a number of critically important issues in this case. Based on my experience working with you in your various leadership capacities in CDCR for approximately twenty years, I have long believed that whatever disagreements we may have, we shared the goal of improving the quality of mental health care provided to the *Coleman* class. Working collaboratively and with a focus on this shared goal, it was, and remains, my great hope to improve the mental health care provided to the plaintiff class, resolve or significantly narrow many disputed issues, and bring this case to an end.

    Thus, I was disheartened and deeply troubled when I was recently made aware of a series of disparaging comments that you and Dr. Mehta made at CDCR's Mental Health Leadership Conference to an audience of hundreds of CDCR employees. Assuming the briefing I received was accurate, these inappropriate remarks are not commensurate with the conduct one would expect of named defendants in the remedial phase of a class action suit addressing constitutional deficiencies in CDCR's provision of mental health treatment to the *Coleman* class. These comments will not help advance our shared goals and they call into serious question CDCR's leadership's understanding of defendants' obligations in this case. The tone and tenor of the discussion at the Mental Health Leadership Conference indicates that resistance to the Court's lawful orders is either encouraged within CDCR or is otherwise viewed upon favorably by CDCR officials at the highest ranks.

    Because I do not want there to be any misunderstanding about the depth of my concern, I am communicating in writing and have copied Ms. Neill, Ms. Thorn, Mr. Mello, Mr. Bien, Ms. Ells, and Mr. Fama to this letter to ensure they are aware of what transpired.

    Several of my clinical experts and one monitor attended day one of CDCR's Mental Health Leadership Conference on November 16, 2022. Some were physically present when these remarks were made, while others attended virtually pursuant to invitations forwarded by CDCR. Each member of my team in attendance corroborated the content of the briefing I received on Dr. Mehta's comments, your comments, and those of a regional administrator. That you and Dr. Mehta made these comments in the presence of my Court-appointed staff suggests to me that this was intentional and intended to send a message to me and my staff.

Northwoods Office Park
1301 Atwood Avenue, Suite 215 N  Johnston, RI  02919
tel 401 824 5100   fax 401 824 5123

pldolaw.com

Kathleen Allison
OFFICE OF THE SECRETARY
December 8, 2022
Page 2

During Dr. Mehta's presentation, he:

- Implied Mental Health Services were limited in helping CDCR institutions because of the Court and its orders.

- Minimized the significance of the Unidentified Needs Assessment study to the institutions and patients by saying he knew "no one care[d]" about the study and suggested that the Court ordered the UNA because the Special Master perceived CDCR psychiatrists to be inadequate.

- Spoke dismissively about (1) the Court's oversight of a resolution to long-standing unconstitutional conditions in CDCR's Lift-and-Shift PIPs, and (2) the Court's offer to explore creative solutions to expediting the data remediation process.

- Stated "we are here to treat patients not to focus on the court," which was said in a manner that implied that the Court was not concerned about patient care.

- Stated that it was "crazy" that the Special Master was not encouraging more widespread use of telepsychiatry at all levels of care and that disputes related to telepsychiatry were going to the Court.

- Disparaged at least one of the Special Master's expert's suicide reports and misrepresented the circumstances surrounding the provisional delegation of the Annual Suicide Report to CDCR.

Thereafter, in your opening remarks you praised Dr. Mehta's handling of the Special Master, including taking the Special Master's "lunch money" during meetings.

Later in the meeting, a regional administrator (Ms. Rainbow Brockenborough) reported on a prior conversation she had with Dr. Mehta regarding a patient triaging process that has not been disclosed to me or my team. Ms. Brockenborough indicated Dr. Mehta was supportive of the triaging initiative but was unwilling to put his support in writing because the process was not compliant with the Program Guide. Prompted by Ms. Brockenborough's discussion, Dr. Mehta spoke up and confirmed his support for this undisclosed triaging process. Apparently, this triaging process has taken root in twelve CDCR institutions.

It is clear that you, Dr. Mehta, and likely others within CDCR view me and my team as adversaries. We are not.

While some expression of frustration with the remedial process may be expected, the cavalier approach to the remedy in this case and apparent disregard for the *Coleman* Court and



Kathleen Allison
OFFICE OF THE SECRETARY
December 8, 2022
Page 3

its orders displayed during these presentations is of utmost concern.  To use a forum of hundreds of CDCR employees to foment ill will toward the *Coleman* Court, its orders, and the mastership in this case is profoundly unconstructive.  That you, as CDCR Secretary, and Dr. Mehta, a key MHSDS leader, coordinated and delivered these remarks is all the more troubling.

   We are only three years removed from the Court's pivotal December 17, 2019 Order following the Golding Report proceedings.  Despite the obstacles presented by the revelations contained in the Golding Report, in the intervening years, we have worked together and taken measurable steps to reduce the scope of the mastership.  In addition, in recent years, we have negotiated numerous of defendants' requested modifications to CDCR's staffing plan which defendants represented were necessary to complete a durable staffing remedy (including several revisions that were pending at the time of the Golding Report).  This year, we worked together to resolve a longstanding dispute regarding the annual suicide report resulting in the provisional delegation of that report to CDCR, a significant milestone.  We also negotiated a data remediation dispute resolution process to enable CDCR to move data remediation forward on schedule.  And yet, defendants continue to perpetuate the false narrative that the *Coleman* Court and Special Master are responsible for many of CDCR's problems and stand in the way of the delivery of care to *Coleman* class members.

   While I remain troubled by the commentary of November 16, 2022, whatever frustrations were allowed to taint the presentations at the Mental Health Leadership Conference should not stand in the way of working together to achieve further progress toward completion of a durable remedy.  Given the amount of important remedial work ahead of us in the coming months, it is critical that we remain focused on our shared goals of improving patient care and ending federal court oversight in this case.  Based on our approximately twenty-year professional relationship and recent success reducing the scope of the mastership, I am hopeful that we can work together on these shared objectives and make significant progress towards achieving them in the next year.

Sincerely,

*Matthew A. Lopes, Jr.*

Matthew A. Lopes, Jr. Esq.
Special Master

Ms. Jennifer Neill (via email: Jennifer.Neill@cdcr.ca.gov)
Ms. Elise Thorn (via email: Elise.Thorn@doj.ca.gov)
Mr. Paul Mello (via email: pmello@hansonbridgett.com)
Mr. Michael Bien (via email: MBien@rbgg.com)
Ms. Lisa Ells (via email: LElls@rbgg.com) and
Mr. Steven Fama (via email: sfama@prisonlaw.com)



# Exhibit B

# Governor Newsom Names Jeffrey Macomber Next CDCR Secretary as Secretary Allison Retires

Published: Dec 12, 2022

SACRAMENTO – Governor Gavin Newsom today announced that Jeffrey Macomber will serve as the next Secretary of the California Department of Corrections and Rehabilitation (CDCR) after Secretary Kathleen Allison retires at the end of the year following three decades of service at the Department.

Macomber was appointed Undersecretary of Operations at the Department by Governor Newsom in 2020 and he has served in several other leadership roles throughout his decades-long career at CDCR.

"With his extensive experience at the Department, deep knowledge of the wide-ranging issues at hand and commitment to public service, I am confident that Jeff will more than meet this moment," said Governor Newsom. "I look forward to his partnership in advancing restorative justice and our work to end the revolving door of the criminal justice system."

"I am grateful for this opportunity and look forward to continuing the important advancements we have made to lower recidivism and create safer prisons and communities," said Undersecretary Macomber. "I'm proud to serve the people of California alongside our devoted peace officers."

Appointed CDCR Secretary in 2020 by the Governor, Secretary Allison has spearheaded important efforts to implement various criminal justice reforms and led the development of policies and programs that focus on rehabilitation, restorative justice and more.

"Under Kathy's expert leadership, our state's prisons have expanded transformative opportunities for rehabilitation and job training, supporting successful outcomes for participants as well as public safety," said Governor Newsom. "I'm deeply grateful to Kathy for lending her more than three decades of distinguished leadership, knowledge and experience at a pivotal time for the Department and wish her the best in her next chapter."

She has served in a wide variety of roles at the Department since 1987, covering nearly all aspects of corrections including health care, fiscal administration, rehabilitative programs, mental health services and community relationships.

"It has been an honor to serve the people of California and to be part of the incredible strides our state prisons have made in rehabilitation and successful reentry," said Secretary Allison. "I am proud of the progress we have made and of all the dedicated men and women who have worked day in and day out to serve our great state."

Jeffrey Macomber, 53, of Sacramento, has served as Undersecretary of Operations at the California Department of Corrections and Rehabilitation since 2020. He was Undersecretary of Administration at the California Department of Corrections and Rehabilitation from 2019 to 2020. He was Director of Corrections Services at California Correctional Health Care Services in 2019. Macomber served as Deputy Director of Facility Support in the Division of Adult Institutions at the California Department of Corrections and Rehabilitation from 2016 to 2018. He was Warden at California State Prison, Sacramento from 2014 until 2016, Chief Deputy Warden from 2009 to 2014 and Associate Warden from 2008 to 2009. Macomber served in multiple positions at the California Department of Corrections and Rehabilitation from 1993 to 2008, including Correctional Administrator, Captain, Correctional Business Manager, Staff Services Manager and Associate Governmental Programs Analyst. He began his career with the Department as a Correctional Officer at Ironwood State Prison from 1993 to 1994. This position requires Senate confirmation and the compensation is $290,556. Macomber is registered without party preference.

###

# Exhibit C

DocuSign Envelope ID: C48CF526-00BB-4780-B1B9-3AAB11A98BFE

**OFFICE OF THE SECRETARY**
PO Box 942883
Sacramento, CA 94283-0001



December 21, 2022

**VIA EMAIL ONLY**

Matthew Lopes
*Coleman* Special Master
Pannone Lopes Devereaux & O'Gara LLC
Northwoods Office Park
1301 Atwood Avenue, Ste. 215 N.
Johnston, RI  02919
mlopes@pldolaw.com


Dear Special Master Lopes:

Thank you for the conversation we had yesterday at the end of the Level 2 Data Disputes meeting. I write to memorialize our conversation and to further respond to your December 8, 2022, letter to me regarding comments that Dr. Mehta and I made during an internal leadership conference. I am limiting my response to only those points that merit correction and further clarification.

As I stated yesterday, I take full responsibility for my comments, which were not meant to be offensive. My intent was to convey to mental health leadership statewide how strong and impressive Dr. Mehta is as the leader of CDCR's mental health program. CDCR's mental health program is a healthcare delivery system that is not defined by any one lawsuit. That is not to say that we countenance resistance to the Court's lawful orders; to the contrary, we strive to achieve compliance with all court orders and certainly understand that compliance is not optional. At the leadership meeting, Dr. Mehta and I were conveying to CDCR's clinician professionals – who have been extensively trained to deliver mental health care and who were the intended audience for our comments – that they should focus on the best delivery of mental health care, not legal issues beyond their purview or control. Criticisms with respect to your team's operations do not equate to "resistance to the Court's lawful orders," and it is inaccurate to suggest otherwise.

The comments that we made during the conference are consistent with comments that we have routinely made publicly and to you and your team (regarding the data remediation process, the UNA, and telepsychiatry expansion). That CDCR has voiced concerns with aspects to these projects and the Special Master's recommendations is not to suggest that we would ever encourage resistance to any court order.

Matthew Lopes, *Coleman* Special Master
Page 2

In addition, while many of the statements were taken out of context, we do have the right to discuss the status of the mental health program with our leadership, and that includes frank assessments of the impact external stakeholders have on our ability to provide care.

Finally, CDCR's actions to date are what matter most – and there can be no dispute about CDCR's significant efforts to improve the delivery of mental health services, including by dedicating inordinate amounts of time and resources to data remediation, the UNA, closing L1, and investing years into suicide prevention and annual reporting.

Regards,

DocuSigned by:

*Kathleen Allison*

066FFF332C694AB...

KATHLEEN ALLISON
Secretary