UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No. 2:90-cv-0520 KJM DB P |
| Plaintiff, | |
| v. | ORDER |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

To correct longstanding Eighth Amendment violations in this decades-old class action lawsuit, defendants must remedy ongoing deficiencies in the prevention of inmate suicides in California's prisons. *See, e.g.*, *Coleman v. Brown*, 938 F. Supp. 2d 955, 973-79 (E.D. Cal. 2013). That remedial effort requires full implementation of suicide prevention measures recommended by the Special Master's expert, Lindsay M. Hayes, and ordered by the court in February 2015. Nearly eight years after ordering those measures, the court issued two further orders. In the first order, the court once again reviewed the defendants' long history of failure to fully implement the required suicide prevention measures and set a status conference for February 10, 2023 to discuss next steps. *See generally* January 6, 2023 Order, ECF No. 7696. In the second order, the court outlined the need for enforcement in several areas in this action, including suicide prevention, and invited the United States Attorney General to attend the February 10, 2023 status conference and

1

to address the United States' position on the state's failure to comply with court orders. *See generally* January 6, 2023 Order, ECF No. 7699.

The United States Attorney General accepted the court's invitation, filed a Response to the Court's January 6, 2023 Order, ECF No. 7713, and attended the February 10 status conference through Deputy Chief Kerry K. Dean. At the status conference, the court elicited the view of the parties and the United States regarding the use of monetary sanctions to compel compliance with the court's orders on suicide prevention, among other topics. Defendants requested an opportunity to respond in writing before the court issues any order. After careful consideration, the court denies that request. The court will follow the same procedure it has used in the past in this action to compel compliance with its orders. *See* April 19, 2017 Order, ECF No. 5610, at 8-11, *appeal dismissed for lack of jurisdiction*, *Coleman v. Brown*, No. 17-16080 (9th Cir. Nov. 28, 2018).[1] Under that procedure, defendants will have ample opportunity to be heard and preclude the need for additional proceedings.

The relevant facts leading to this order are well known to the parties. The court set out those facts most recently in its January 6, 2023 orders, ECF Nos. 7696 and 7699. Those orders are incorporated herein by reference. In short, for eight years, defendants have been under court order to implement specific suicide prevention recommendations to which they did not object. ECF No. 7696 at 3. Over two years ago, the court set a specific deadline—the start of the Special Master's expert's fifth re-auditing round—for defendants to complete implementation of all outstanding recommendations so the expert, Lindsay Hayes, could report full compliance in his fifth re-audit report. *Id*. at 5. Defendants did not comply with that order. It is undisputed that defendants failed to implement fifteen of a total twenty-nine recommendations by the time Mr. Hayes filed his fifth round re-audit report with the court. *See id*. at 21.

At hearing, defendants noted the inmate suicide rate in California's prisons has fallen recently. Specifically, at hearing, counsel noted the inmate suicide rate in 2021 was 15.2 per

---

[1] The legal standards set out on page 9 of the court's April 19, 2017 order, ECF No. 5610, are incorporated in this order in full.

2

1  100,000 inmates, represented that the inmate suicide rate in 2022 was 17.2 per 100,000 inmates,
2  and asserted the 2021 and 2022 rates are "significant improvements and absolute evidence of
3  success." Reporter's Transcript of Proceedings (RT 2/10/23), ECF No. 7726, at 9.[2]  Defendants'
4  2021 report on completed inmate suicides shows the rate of suicides was the lowest rate in twenty
5  years. *See* ECF No. 7615 at 68.[3]  These lower rates are a hopeful sign, but they do not excuse
6  defendants' failure to comply with the court's orders to implement all required suicide prevention
7  measures.  The record shows clearly that the inmate suicide rate in California has risen and fallen
8  several times in the past two decades. *See id*.  The Special Master also has consistently provided
9  suicide rate trend analyses that support his position, accepted by the court, that "suicide rates are
10 most meaningful when viewed over a sustained period of time." ECF No. 7636-1 at 66.
11 Defendants must achieve a durable remedy in suicide prevention, and implementation of the
12 court-ordered suicide prevention measures is central to that remedy.  *See* ECF No. 7696 at 15
13 (quoting Dec. 3, 2020 Order, ECF No. 6973, at 9).
14      In its Response, the United States notes "[t]he substantial risk of serious harm to
15 incarcerated people is at its apex when unconstitutional conditions lead to death" and "[t]his is
16 particularly true of inadequate suicide prevention measures." ECF No. 7713 at 7 (citing *Lemire v.*
17 *Ca. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1076 (9th Cir. 2013)).  The United States also notes,
18 in litigation under the Civil Rights of Institutionalized Persons Act (CRIPA), it has sought "many
19 of the same types of remedies" required in this case. *Id*. at 8.  The United States observed at
20 hearing that it has "worked extensively with Mr. Hayes and have great faith in his
21 recommendations." Reporter's Transcript of Proceedings (2/10/23 RT), ECF No. 7726 at 8.
22      The court finds further delay in the defendants' full implementation of the required suicide
23 prevention measures is unacceptable.  The court therefore sets a final deadline for full

---

[2] Defendants' 2022 report on completed inmate suicides has not yet been filed, and the two statistics cited by counsel do not relieve defendants of their obligation to comply with this court's orders.

[3] Defendants' amended annual suicide report, ECF No. 7710, has been submitted to the court for review.

3

implementation of all suicide prevention recommendations and put defendants on notice that failure to come into full and permanent compliance will be enforceable by civil contempt and, if necessary, monetary sanctions.

Mr. Hayes' re-audit reports provide the factual foundation for the court's assessment of defendants' compliance with the court's orders to implement the required suicide prevention measures. For the last two re-audit rounds, defendants have not met deadlines for compliance. The court deferred ruling on the Special Master's request that he be ordered to provide a further re-audit report pending the February 10, 2023 status conference. The Special Master has now advised the court that, if ordered to do so, Mr. Hayes would start his sixth re-audit at the beginning of April 2023.

Accordingly, defendants shall complete implementation of all outstanding suicide prevention recommendations on or before April 1, 2023 so that implementation is complete before Mr. Hayes starts his sixth round re-audit. Fines in the amount of $1,000 per outstanding recommendation per institution per day will begin accumulating on April 1, 2023. Mr. Hayes will file his sixth round re-audit report, after circulating it in draft to the parties, in accordance with the standard practice in this action as set out in the Order of Reference, ECF No. 640. Because time will pass between the completion of Mr. Hayes's sixth round re-audit report and its filing, the Special Master may, in his discretion, allow defendants during the period up to and including the time for objections to the draft report to demonstrate to the Special Master and to Mr. Hayes that they have completed work on outstanding recommendations after the April 1, 2023 deadline set by this order.[4] In this event, in the final version of his sixth round re-audit report Mr. Hayes shall identify with specificity the date on which he finds any affected recommendations were fully implemented. The court will, as part of its review, consider what fines if any should be imposed for recommendations defendants fully implement after April 1, 2023 but before the final sixth re-audit report is filed.

---

[4] The Special Master shall not, however, extend the time for filing objections to the draft sixth round re-audit period.

The court will confirm the total amount of fines accumulated, if any, in its order on the sixth round re-audit report. If necessary, the court will also in that order set a date for a hearing on findings of contempt and a schedule for payment of any fines that accumulate on or after April 1, 2023.

In accordance with the above, IT IS HEREBY ORDERED that:

1. On or before April 1, 2023, defendants shall fully implement all outstanding court-ordered suicide prevention measures. This order will be enforceable by civil contempt proceedings and, if necessary, monetary sanctions.

2. The Special Master shall provide an updated report on the status of defendants' implementation of the outstanding suicide prevention recommendations in accordance with this order.

3. The Clerk of the Court is directed to serve a courtesy copy of this order on:

>   Kerry K. Dean, Deputy Chief
>   United States Department of Justice
>   Civil Rights Division
>   Special Litigation Section
>   950 Pennsylvania Avenue, N.W.
>   Washington, D.C. 20530

DATED: February 27, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE