DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California  94710-1916
Telephone:   (510) 280-2621

CLAUDIA CENTER – 158255
DISABILITY RIGHTS EDUCATION
AND DEFENSE FUND, INC.
Ed Roberts Campus
3075 Adeline Street, Suite 210
Berkeley, California  94703-2578
Telephone:   (510) 644-2555

MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
LISA ELLS – 243657
THOMAS NOLAN – 169692
JENNY S. YELIN – 273601
MICHAEL S. NUNEZ – 280535
AMY XU – 330707
CARA E. TRAPANI – 313411
MARC J. SHINN-KRANTZ – 312968
ALEXANDER GOURSE – 321631
GINGER JACKSON-GLEICH – 324454
ARIELLE W. TOLMAN – 342635
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:   (415) 433-6830

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>      Plaintiffs,<br><br>    v.<br><br>GAVIN NEWSOM, et al.,<br><br>      Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ORDER AUTHORIZING REDACTION OF SECOND GOLDING REPORT**<br><br>Judge:  Hon. Kimberly J. Mueller |

[4242200.3]

In October 2018, this Court issued a thorough, carefully reasoned justification for its decision to provisionally seal the identities of CDCR employees named in the first whistleblower report issued by CDCR's Statewide Chief of Psychiatry, Dr. Michael Golding.  Although Defendants had not met their burden to establish "specific compelling reasons" for sealing, the Court explained, it would nevertheless "exercise its discretion" and approve the redaction of employee names "for now" in light of, among other things, "the possibility individuals other than Dr. Golding identified in the report may claim whistleblower status or otherwise may face serious ramifications."  10/25/18 Order, ECF No. 5986 at 8-10.  The Court promised to "revisit whether the approved redactions remain appropriate at a later date after further proceedings."  *Id.* at 10.

Four years later, after this Court deemed Dr. Golding and his allegations of misconduct credible and issued sweeping injunctive relief to address Defendants' wrongdoing, Dr. Golding has issued a second whistleblower report ("Second Golding Report") in which he alleges that CDCR leadership still does not take the Court's remedial orders seriously and actively encourages resistance to the Court's and the Special Master's authority among agency staff.  *See* Pls. Mot. Re: Second Golding Report, ECF No. 7721.  Defendants now move the Court for an order sealing the names of all current and former CDCR employees that appear in the Second Golding Report, as well as any employment titles that are "expressly linked to a name or a specific person so as to disclose the person's identity" and "any other information that serves to identify an individual other than Dr. Golding, including government telephone numbers and email addresses."  Defs.' Proposed Order, ECF No. 7720-2 at 2.  But Defendants' Sealing Motion does not argue— let alone affirmatively demonstrate—that compelling reasons exist to support their request.  *See* ECF No. 7720.  The Court should follow through on its earlier vow to "revisit" the propriety of sealing employee names and titles, 10/25/18 Order, ECF No. 5986 at 10, and it should deny Defendants' Motion in full.

/ / /

/ / /

[4242200.3]                                                                 1

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ORDER AUTHORIZING REDACTION OF SECOND GOLDING REPORT

## I. THE "COMPELLING REASONS" STANDARD (STILL) APPLIES.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." 10/25/18 Order, ECF No. 5986 at 2 (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). So long as the record is "more than tangentially related to the merits of the case," "a party seeking to seal the record must satisfy the 'stringent' compelling reasons standard." *Id.* (quoting *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096, 1101 (9th Cir.), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016)).

Defendants suggest that the less-stringent "good cause" standard applies here because Plaintiffs' motion in response to the Second Golding Report is "nondispositive." Defs.' Sealing Mot., ECF No. 7720 at 5. But the Ninth Circuit has squarely held that "public access to filed motions and their attachments does not merely depend on whether the motion is technically 'dispositive.' Rather, public access will turn on whether the motion is more than tangentially related to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1101. Indeed, Defendants raised the same flawed argument in 2018 with regard to the First Golding Report; this Court rejected that argument because the parties had submitted the First Golding Report for *in camera* review and accompanied their submissions with requests that the Court hold a status conference and stay a pending evidentiary hearing in light of that report's allegations. *See* 10/25/18 Order, ECF No. 5986 at 3-4.

Defendants offer no explanation whatsoever for why they believe the Second Golding Report and/or Plaintiffs' current motion are not related to the "merits" of this case. They clearly are, as they directly relate to Defendants' compliance or lack thereof with multiple remedial orders. *See* Pls.' Mot. Re Second Golding Rpt., ECF No. 7721 at 4-5, 8-9, 10-11, 13-18; *see also* 02/27/23 Order, ECF No. 7740 (stipulated order requiring

further remedial action by Defendants in response to Second Golding Report).  Moreover, as this Court previously noted, "public employees' basic identifying information is generally not protected from disclosure" under California law.  10/25/18 Order, ECF No. 5986 at 8 (citing *Comm'n on Peace Officer Stds. & Training v. Superior Court*, 42 Cal. 4th 278, 302 (2007), and *Long Beach Peace Officers Ass'n v. City of Long Beach*, 59 Cal. 4th 59, 74 (2014)).  Defendants' Sealing Motion is governed by the "compelling reasons" standard, not the "good cause" standard.

II. **DEFENDANTS HAVE NOT ESTABLISHED COMPELLING REASONS TO SEAL THE NAMES AND JOB TITLES OF CURRENT AND FORMER CDCR EMPLOYEES MENTIONED IN DR. GOLDING'S REPORT.**

Defendants do not even try to argue that their request satisfies the compelling reasons standard—they simply assume that the "good cause" standard applies and proceed from there.  *See* Defs.' Sealing Mot., ECF No. 7720 at 5.  Defendants' failure to present any argument whatsoever under the compelling reasons standard should be fatal to their Motion.  *See Kamakana*, 447 F.3d at 1184 (affirming denial of sealing motion where the moving party "simply resubmitted its good cause showing without more" and "took no steps to explain how these asserted privileges also met the more demanding 'compelling reasons' standard").

Defendants' could not satisfy the stringent compelling reasons standard in any event.  "Compelling reasons" exist where, for example, the moving party affirmatively demonstrates with "specific" evidence that sealing is needed to prevent "the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."  *Id.* at 1179.  Defendants do not come close to making such a showing here.  Their only argument is premised on conclusory assertions in the declaration of Diana Toche, CDCR's Undersecretary of Health Care Services, who simply asserts that that the disclosure of employee names in the Second Golding Report "would cause very real harm to those employees' reputations," and that this harm "is likely to have a detrimental effect on CDCR as a whole…by frustrating recruitment and retention efforts."  ECF No. 7720 at 5; Decl. of Diana Toche ("Toche Decl."), ECF No. 7722 Ex. A at ¶¶ 3-4.  This is plainly

1  insufficient.  *See Kamakana*, 447 F.3d at 1179 ("The mere fact that the production of
2  records may lead to a litigant's embarrassment, incrimination, or exposure to further
3  litigation will not, without more, compel the court to seal its records."); *id.* at 1182
4  (conclusory declaration that disclosure would hinder agency's "operations" did not satisfy
5  compelling reasons standard); *EEOC v. Erection Co., Inc.*, 900 F.2d 168, 171 (9th Cir.
6  1990) (Reinhardt, J., concurring in part and dissenting in part) ("flat assertion" of harm
7  without reference to "factual matter" did not satisfy compelling reasons standard).

8      The unique circumstances justifying the Court's hesitant decision to provisionally
9  authorize sealing have changed.  At the time that order was issued in October 2018, neither
10 the Court nor the parties knew whether Dr. Golding or the allegations in his first
11 whistleblower report were credible.  Since then, the Court has found—after a thorough
12 investigation by the neutral expert and a multi-day evidentiary hearing, at which
13 Dr. Golding and top CDCR mental health leadership testified—that Dr. Golding *was*
14 credible, that multiple high-ranking CDCR officials were *not* credible, and that CDCR *did*
15 knowingly submit misleading data to the Court and the Special Master.  *See* 12/17/19
16 Order, ECF No. 6427 at 14-18, 22-23.  What's more, since the Court last considered the
17 issue of sealing employee names and titles, the neutral expert's report has been filed on the
18 docket without similar redactions—and without objection from Defendants.  *See* Neutral
19 Expert's Rpt., ECF No. 6147; Defs.' Response re Filing of Neutral Expert's Rpt., ECF
20 No. 6143.  Finally, the multiple remedial orders issued in the wake of Dr. Golding's first
21 whistleblower report have changed the direction of this case and raised the prospect of
22 ongoing misconduct and disdain for this Court by top state officials.  The public's interest
23 in transparency is even more substantial now, in the wake of these findings and orders,
24 than it was at the time the Court last considered the issue or sealing the identities of CDCR
25 officials.

26     The Court should deny CDCR's sealing motion because they have not satisfied their
27 burden under the compelling reasons standard, and because the public's interest in
28 transparency is stronger than ever.

### III. EVEN UNDER THE GOOD CAUSE STANDARD, THE NAMES AND JOB TITLES OF SUPERVISORY EMPLOYEES MUST BE AVAILABLE TO THE PUBLIC.

Even if the good cause standard applied here—and it does not—Defendants' request would still be overbroad because it seeks to withhold the names of high-ranking CDCR officials in addition to line staff. "Lower level officials … generally have a stronger interest in personal privacy than do senior officials." *Dobronski v. F.C.C.*, 17 F.3d 275, 280 n.4 (9th Cir. 1994). Indeed, Dr. Toche's declaration focuses on the harm specific to CDCR employees "working at lower levels within the Department [who] are simply trying to do their jobs as dedicated public employees." Toche Decl., ECF No. 7722 Ex. A ¶ 3. Yet Defendants rejected Plaintiffs' compromise offer to redact only the names of CDCR employees below Dr. Golding's level of authority. *See* Decl. of Samantha Wolff ("Wolff Decl."), ECF No. 7719-1 ¶ 5.[1]

In this case the public has a strong interest in knowing whether high-ranking CDCR officials are unreasonably prolonging this litigation—and indeed stoking outright disdain for the Special Master and this Court—by failing to comply with remedial orders in good faith. If the Court concludes that the good cause standard applies, for whatever reason, it still must reject, at a minimum, Defendants' attempts to shield high-ranking agency officials from public scrutiny.

### IV. CONCLUSION

The Court should deny Defendants' motion to seal the identities of current and former CDCR employees because Defendants have not demonstrated that there are compelling reasons to do so here.

---

[1] When Plaintiffs proposed this during the parties' meet and confer session on February 3, 2023, Defendants rejected it as "unworkable" because of uncertainties about who would or would not fall into the category of officials whose identities should be disclosed. *See* Wolff Decl., ECF No. 7719-1 ¶ 5. But there is no reason these uncertainties could not be resolved through further negotiations by the parties—just as they previously did with regard to disagreements about employee titles and identifying information in the First Golding Report. *See* 10/25/18 Order, ECF No. 5986 at 10.

## CERTIFICATION OF ORDERS REVIEWED

Plaintiffs' counsel certifies that he reviewed the following orders relevant to this filing: ECF Nos. 5986, 6427, 7740.

DATED: March 2, 2023

Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Alexander Gourse*
 Alexander Gourse

Attorneys for Plaintiffs

.