ROB BONTA, State Bar No. 202668
Attorney General of California
MONICA N. ANDERSON, State Bar No. 182970
Senior Assistant Attorney General
DAMON MCCLAIN, State Bar No. 209508
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
NAMRATA KOTWANI, State Bar No. 308741
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7318
  Fax: (916) 324-5205
  E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

PAUL B. MELLO, State Bar No. 179755
SAMANTHA D. WOLFF, State Bar No. 240280
KAYLEN KADOTANI, SBN 294114
DAVID C. CASARRUBIAS, SBN 321994
CARSON R. NIELLO, SBN 329970
HANSON BRIDGETT LLP
  1676 N. California Boulevard, Suite 620
  Walnut Creek, CA 94596
  Telephone: (925) 746-8460
  Fax: (925) 746-8490
  E-mail: PMello@hansonbridgett.com
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                  Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>                  Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**DECLARATION OF TONI MARTELLO, M.D., IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN RESPONSE TO DECEMBER 29, 2022 ORDER RE DR. GOLDING'S SECOND WHISTLEBLOWER REPORT (ECF No. 7721)** |

1

DECLARATION OF TONI MARTELLO, M.D. ISO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
IN RESPONSE TO DEC. 29, 2022 ORDER (2:90-cv-00520 KJM-DB (PC))

19387675.6

**DECLARATION OF TONI MARTELLO, M.D.**

I, Toni Martello, M.D., declare as follows:

1. I am currently employed as the Statewide Chief of Telepsychiatry at the California Department of Corrections and Rehabilitation's (CDCR). I have worked for CDCR since 2017, during which time I have also served as a staff telepsychiatrist, Senior Supervising Psychiatrist within the Telepsychiatry Program, and Chief Psychiatrist. I offer this declaration in support of Defendants' Opposition to Plaintiffs' Motion in Response to December 29, 2022 Order Regarding Dr. Golding's Second Whistleblower Report (ECF No. 7721). I have personal knowledge of the statements in this declaration and could testify to them if called to do so.

2. As Chief of Telepsychiatry, my duties include managing over 101 staff members at six telepsychiatry hubs and ensuring that all aspects of telepsychiatry are properly implemented. I also provide psychiatric input to committees and projects under the auspices of the larger mental health program. I regularly work on the *Coleman* Class Action as part of CDCR's Mental Health leadership team. I am familiar with the litigation and I regularly work with the experts on the Special Master's team.

3. I have reviewed Plaintiffs' motion in response to the Court's December 29, 2022 Order regarding Dr. Michael Golding's second report to the Special Master (Second Golding Report).

4. I do not agree that CDCR's mental health leadership has a culture of disdain towards the Court and the Special Master. We consistently have Special Master monitors in our meetings. I believe that if asked, those monitors would agree that our telepsychiatry meetings are usually cooperative and friendly. I believe they would also say that we work well together. I do not believe that any of those monitors would describe our relationship as "disdainful," and I certainly do not feel that way personally. There are, of course, inherent frustrations with having a third party overseeing and criticizing the work we do, but it is unfair to characterize those frustrations as "disdain."

5. Similarly, I do not agree with Plaintiffs' argument that CDCR is fighting the Court or its orders. However, at times, if feels as though Plaintiffs do not see us as doctors, and seem to

1

DECLARATION OF TONI MARTELLO, M.D. ISO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN RESPONSE TO DEC. 29, 2022 ORDER (2:90-cv-00520 KJM-DB (PC))

19387675.6

question whether we have our patients' best intentions at heart. It is frustrating to feel constantly disparaged in this way. I feel it, and I know our staff feels it too. Many of us in leadership positions, myself included, formerly held line staff positions in CDCR's various institutions. Even as line staff, I recall that in addition to providing appropriate care to our patients based on our clinical judgment, we always tried to meet the requirements established by the Court. From day one, we were taught and trained that compliance with *Coleman* requirements were an important part of our jobs, and were never told that they were optional. In my experience, nothing has changed in this regard.

6. On data remediation, I do not agree with Plaintiffs that mental health leadership treats the Court's orders as mandates to be fought. Data remediation has become an all-encompassing effort that drains an incredible amount of resources. We spend hours at a time painstakingly trying to define indicators, many times parsing the meaning of singular words. Nonetheless, we devote that time and attention to this project because we understand we are required to do so. We also have multiple processes in place to help protect the integrity of our data and related reporting. There is no effort that I have seen to "fight" this or any other court-ordered mandate.

7. Finally, based on my observations, I do not believe that psychiatry is sidelined from, or not allowed to participate in, the data remediation process. There may be occasional smaller meetings where our analysts gather and prepare information which are held without clinicians. However, these are a minority of meetings and I believe this is appropriate as psychiatrists are not data scientists nor database experts, and I do not feel sidelined by this. For similar reasons, I also do not attend every single data meeting, particularly if the topic being discussed is not directly relevant to psychiatry. Nonetheless, multiple representatives from clinical psychiatry leadership have a recurring calendar invite to participate in the numerous data remediation meetings that occur on a weekly basis. It is up to the individual whether to attend—but we are welcome. We always have the opportunity to weigh in on any indicator going through the remediation process and are not silenced from voicing disagreement to the larger group should we ultimately disagree with CDCR's consensus opinion after internal discussion.

Certainly, from my perspective, I believe that my input is valued by my non-psychiatry colleagues and I have never felt excluded from decision-making that may impact psychiatry. During my time in CDCR mental health leadership, I have also seen the number of psychiatrists in leadership increase, and feel we are more involved and our input more valued.

  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

  Executed on this 2nd day of March, 2023, at Sacramento, California.

*/s/ Toni Martello, M.D.*
Toni Martello, M.D.

3

DECLARATION OF TONI MARTELLO, M.D. ISO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN RESPONSE TO DEC. 29, 2022 ORDER (2:90-cv-00520 KJM-DB (PC))

19387675.6