| | |
|---|---|
| ROB BONTA, State Bar No. 202668<br>Attorney General of California<br>MONICA N. ANDERSON, State Bar No. 182970<br>Senior Assistant Attorney General<br>DAMON MCCLAIN, State Bar No. 209508<br>Supervising Deputy Attorney General<br>ELISE OWENS THORN, State Bar No. 145931<br>NAMRATA KOTWANI, State Bar No. 308741<br>Deputy Attorneys General<br>  1300 I Street, Suite 125<br>  P.O. Box 944255<br>  Sacramento, CA 94244-2550<br>  Telephone: (916) 210-7318<br>  Fax: (916) 324-5205<br>  E-mail: Elise.Thorn@doj.ca.gov<br>*Attorneys for Defendants* | PAUL B. MELLO, State Bar No. 179755<br>SAMANTHA D. WOLFF, State Bar No. 240280<br>KAYLEN KADOTANI, SBN 294114<br>DAVID C. CASARRUBIAS, SBN 321994<br>CARSON R. NIELLO, SBN 329970<br>HANSON BRIDGETT LLP<br>  1676 N. California Boulevard, Suite 620<br>  Walnut Creek, CA 94596<br>  Telephone: (925) 746-8460<br>  Fax: (925) 746-8490<br>  E-mail: PMello@hansonbridgett.com<br>*Attorneys for Defendants* |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>                      Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, et al.,<br><br>                      Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**DECLARATION OF LAURIE BALL IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN RESPONSE TO DECEMBER 29, 2022 ORDER RE DR. GOLDING'S SECOND WHISTLEBLOWER REPORT (ECF No. 7721)** |

1

DECLARATION OF LAURIE BALL ISO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN
RESPONSE TO DEC. 29, 2022 ORDER (2:90-cv-00520 KJM-DB (PC))

19391569.3

**DECLARATION OF LAURIE BALL.**

I, Laurie Ball, declare as follows:

1. I am currently employed as the Associate Director of the Statewide Mental Health Program (SMHP) at the California Department of Corrections and Rehabilitation's (CDCR). I have served in this position since December 2020, and I have been employed by CDCR since 2007. Prior to my current assignment, I served as a Staff Services Manager III in the Direct Care Contract Section of California Correctional Health Care Services. I offer this declaration in support of Defendants' Opposition to Plaintiffs' Motion in Response to December 29, 2022 Order Regarding Dr. Golding's Second Whistleblower Report (ECF No. 7721). I have personal knowledge of the statements in this declaration and could testify to them if called to do so.

2. I have reviewed Plaintiffs' motion in response to the Court's December 29, 2022 Order regarding Dr. Michael Golding's second report to the Special Master (Second Golding Report).

3. I do not agree with Plaintiffs' position that CDCR's mental health leadership supports a culture of disdain towards the Court and the Special Master. I have attended several meetings with the Special Master team and others in mental health leadership, including Dr. Cartwright. Based on my observations, CDCR staff have always participated in these meetings in a professional manner. I have never observed or been privy to mental health leadership expressing disdain towards the Court or the Special Master. At times, we may disagree or feel that the Special Master team and Plaintiffs do not appreciate our hard work and dedication to patient care. But I believe it is false to characterize those disagreements as "disdain."

4. It has always been clear to me that compliance with court-ordered mandates and the program guide is a requirement. I also believe that our mental health staff are aware that compliance with Court orders and the program guide is a requirement. From my perspective, mental health leadership and healthcare providers understand the importance of the Special Master team's monitoring.

5. For similar reasons, I disagree with Plaintiffs' argument that mental health leadership believe that the Court's constitutional mandates are to be fought at every step of the

1
DECLARATION OF LAURIE BALL ISO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN RESPONSE TO DEC. 29, 2022 ORDER (2:90-cv-00520 KJM-DB (PC))

19391569.3

way. Since starting my employment at CDCR, I have always been taught that patient care should be prioritized above everything else. When we disagree with the Special Master team, our position is always based on the patients' best interests.

6.      Finally, I fully disagree with Plaintiffs' assertion that any psychiatrist is sidelined from, or not allowed to participate in, data meetings. As an Associate Director of the Statewide Mental Health Program, I attend the majority of data remediation, Business Rules and Meeting Rules (BRMR), and Change Advisory Prioritization Committee (CAPC) meetings, all of which include stakeholder review. Since I began attending the meetings, it is my understanding that Dr. Golding and psychiatry leadership have been invited to every single one. Psychiatrists, including Dr. Golding, participate and are encouraged to provide their thoughts at the meetings. And even when providing input during meetings that do not concern psychiatry, mental health leadership notifies psychiatrists that they can still give their opinion. Psychiatrists also make up half of the voting members involved in the CAPC meetings, during which we vote on approving or denying everything that has proceeded through BRMR.

7.      More broadly, as Associate Director of the SMHP, I am responsible for overseeing policy development and implementation within our program. Since I have been with the SMHP, headquarters and regional psychiatrists play an integral role in the development of all policies that implicate psychiatry. Additionally, members of the headquarters and regional psychiatry team have an opportunity to review and provide feedback on all policies being developed in the SMHP through our internal review process, including those that might not have psychiatry implications.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 2nd day of March, 2023, at Elk Grove, California.

*/s/ Laurie Ball*
Laurie Ball