Rob Bonta, State Bar No. 202668
Attorney General of California
Damon McClain, State Bar No. 209508
Supervising Deputy Attorney General
Elise Owens Thorn, State Bar No. 145931
Namrata Kotwani, State Bar No. 308741
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7318
  Fax: (916) 324-5205
  E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

HANSON BRIDGETT LLP
Paul B. Mello, SBN 179755
Samantha D. Wolff, SBN 240280
David C. Casarrubias, SBN 321994
Carson R. Niello, SBN 329970
1676 N. California Blvd., Suite 620
Walnut Creek, California 94596
Telephone:   925-746-8460
Facsimile:   925-746-8490
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, et al.<br><br>Defendants. | Case No. 2:90-CV-00520- KJM-DB<br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ORDER AUTHORIZING REDACTION OF SECOND GOLDING REPORT [ECF NO. 7488-1]**<br><br>Judge:   Hon. Kimberly J. Mueller |

## INTRODUCTION

Plaintiffs tout the public's interest in transparency, but fail to distinguish that Defendants do not seek to file Dr. Michael Golding's second report ("Second Golding Report") under seal and conceal it from public access. Instead, they request minimal, targeted redactions of the Second Golding Report – consistent with the limited employee identifying information that the Court previously ordered redacted in Dr. Golding's 2018 report ("First Golding Report"). *See*, ECF 5986. Plaintiffs acknowledge that this Court "issued a thorough, carefully reasoned justification for its decision to provisionally seal the identities of CDCR employees named in the first whistleblower report," but nonetheless ask this Court to abandon that reasoning to reach a

-1-   Case No. 2:90-CV-00520- KJM-DB
DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ORDER AUTHORIZING REDACTION OF SECOND GOLDING REPORT

19447407.2

different determination under extraordinarily similar circumstances. ECF No. 7751 at 2:1-4.[1] Plaintiffs' argument lacks justification or distinction to support disclosing limited employee identifying information that the Court previously ordered redacted.

Plaintiffs' motion, and stated reason for their seeking to publicly disclose the employee identifying information, includes just a handful a references to the Second Golding Report – which consists of over 1,000 pages of written text and email attachments. *See* ECF No. 7721. The conduct of specific employees is not at issue in Plaintiffs' motion – instead, it is the data remediation process and broader concerns with respect to culture that are raised for adjudication. *Id.* In this context, it is unclear why Plaintiffs are so determined to expose the names of scores of CDCR employees who have little-to-no involvement in the motions at issue. Conversely, in its 2018 Order concerning the First Golding Report, this Court determined that limited redactions, which left the report and exhibits substantively intact, were appropriate. *See* ECF No. 5986.

Additionally, many of the employees whose names who are listed in the Second Golding Report are not parties to this litigation. Non-parties – as distinguished from litigants – are deserving of greater privacy protections. *See U.S. v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995) (recognizing the need to guard more carefully the privacy interests of individuals that are not parties to the litigation); *see also Burka v. New York City Transit Auth.*, 110 F.R.D. 660, 665 (S.D.N.Y. 1986) ("A litigant himself must reasonably anticipate that his personal matters will be disclosed, while a non-party having no stake in the litigation retains a greater expectation of privacy.") Plaintiffs fail to acknowledge this distinction, though they do appear to concede that non-supervisory employees' names may be redacted. Wolff Decl., ECF No. 7719-1 at ¶ 5; ECF 7751 at 6:1-2.

Finally, under either the good cause or compelling interest standard, Defendants have articulated a sufficient basis for the narrowly targeted redactions they request. This Court should therefore order current and former CDCR employees' names and other identifying information

---

[1] Citations to page numbers in documents filed in the Court's Electronic Case Filing (ECF) System are to the page number assigned by ECF and located in the upper right hand corner of the page.

-2-                                                      Case No. 2:90-CV-00520- KJM-DB
DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ORDER
AUTHORIZING REDACTION OF SECOND GOLDING REPORT

19447407.2

discussed herein redacted, consistent with its prior order.

**ARGUMENT**

**I.  Plaintiffs Fail to Distinguish the Court's Earlier Decision to Redact From Present Circumstances.**

In 2018, the Court ordered that employees' names and identifying information should be redacted because doing so would not affect the substance of the report and exhibits.  ECF No. 5986 at 9:19-24.  In their opposition, Plaintiffs describe the Court as "hesitant" in deciding to redact limited employee identifying information in the First Golding Report, and argue that circumstances surrounding that decision have changed.  ECF No. 7751 at 5:8-9.  In the same opposition brief, Plaintiffs acknowledge that the Court "issued a thorough, carefully reasoned justification for its decision to provisionally seal the identities of CDCR employees named in the [First Golding Report]."  *Id.* 2:1-4.  Despite this contradiction and any attempts by Plaintiffs to brush aside the Court's prior order (ECF No. 5986), that reasoning should still apply to Defendants' request for redaction of minimal employee identifying information.

Here, Defendants' proposed redactions, which are narrowly tailored to limited employee identifying information, are effectively no different than those contemplated by the Court in October 2018.  Defendants seek only minimal redactions of the same information that the Court ordered redacted in 2018: "(1) current and former employees' names; (2) current and former employees' employment titles, but only where an employment title is expressly linked to a name or a specific prison so as to disclose a person's identity; and (3) any other information that serves to identify an individual other than Dr. Golding, including government telephone numbers and email addresses."  *Id.* at 9:9-13.  These limited redactions – consisting primarily of names – to a report that exceeds 1,000 pages are appropriate.  *See Nursing Home Pension Fund v. Oracle Corp.*, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) ("The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest . . ."); *cf. Deluca v. Farmers Ins. Exch.*, 2019 WL 13202012, at *2 (N.D. Cal. May 15, 2019) (recognizing that redaction of names is a lesser method of redacting and insufficient to protect an undue invasion of plaintiffs' privacy).

Plaintiffs argue that circumstances have changed because the Court later found that Dr. Golding's initial allegations were credible, thus the reasoning in the October 25, 2018 Order should not apply. ECF Nos. 6427 at 14-18, 22-23; 7751 at 5:11-15. But Plaintiffs' argument is flawed. First, the Court's findings of credibility with respect to the First Golding Report from 2018 do not automatically render the allegations contained in the Second Golding Report credible. Indeed, Defendants adamantly dispute numerous allegations that are contained in the Second Golding Report and referenced throughout Plaintiffs' motion seeking clarification. ECF Nos. 7721; 7752. Defendants' opposition to Plaintiffs' motion is supported by eight declarants whose perceptions do not align with those of Dr. Golding. ECF No. 7752 at 7:12-21 ("CDCR's Mental Health leadership team, and those who work closely with them, 'strongly disagree' with Plaintiffs' characterization of CDCR's relationship with the Special Master team and the Court, and further describe Plaintiffs' characterization as 'unfair,' 'mistaken,' and 'not accurate.'") Faced with this evidence, it is unclear why employee names and identifying information must be publicly disclosed, nor is it clear how circumstances have changed since the Court's limited redactions to the First Golding Report such that the earlier reasoning should not apply.

## II. Defendants Assert Compelling Reasons to Redact Employee Names.

Much of Plaintiffs' opposition focuses on the applicable standard of review. *See generally* ECF No. 7751. Plaintiffs cite to *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) for the proposition that Defendants' motion should be denied for not explaining how Defendants met the compelling reasons standard. This argument is misplaced. In *Kamakana*, the court's order explicitly required the moving parties seeking protected status to meet the compelling reasons standard. *Id.* at 1177-78. The court was within its discretion to deny the party's redactions because that party simply resubmitted its good cause showing – despite the court's explicit requirement that the parties meet the compelling reasons standard to keep their documents protected. *Id.* at 1184. Here, there is no such order requiring the application of a specific standard of review.

In any case, the applicable standard of review is not determinative of the targeted, limited redactions that Defendants seek here. Prior to authorizing the redaction of the First Golding

-4-     Case No. 2:90-CV-00520- KJM-DB
DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ORDER
AUTHORIZING REDACTION OF SECOND GOLDING REPORT

19447407.2

Report in 2018, this Court found that the compelling reasons standard applied to Defendants' request to seal the Report. ECF No. 5986 at 5:1-8. This Court further determined that Defendants had not met their burden under the compelling reasons standard, yet still ordered limited redactions of the same employee identifying information Defendants request redaction of here. *Id.* at 8:24-9:13.

Further, Defendants maintain that they have provided specific compelling reasons justifying the minimal requests for redactions of employee identifying information contained in the Second Golding Report. Defendants provided the declaration of Dr. Diana Toche for an explanation of the serious ramifications that could occur if employee identifying information is not redacted. Toche Decl., ECF No. 7720-1 at ¶¶ 3-5. Plaintiffs' opposition fails to sufficiently address those concerns, and instead, relies on authority that contemplates litigants and parties to an action – not nonparties. ECF No. 7751 at 4:22-5:1-7.

But CDCR employees are largely not – as Plaintiffs appear to suggest – "litigants" in this action. *See* ECF 7751 at 5:1-3; *see also Amodeo*, 71 F.3d at 1048; *see also Burka*, 110 F.R.D. at 665. Thus, Defendants' requests for targeted, minimal redactions are adequately specific to warrant redaction, irrespective of the applicable standard of review. Protection of these non-parties' privacy rights is appropriate in this context. *See In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 2019 WL 13268668, at *3 (N.D. Cal. Sept. 13, 2019) (Finding good cause satisfied and authorizing redaction of nonparty employees' names and job titles on the basis of protecting nonparty privacy rights); *Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015) (Finding compelling reasons satisfied in connection with nonparties' privacy rights and redaction of their names).

Finally, Plaintiffs cite precedent in support of their opposition, arguing that the public should generally have access to legal filings, and "'[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.'" (ECF No. 7751 at 5:1-5, *quoting Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).) Again, many of the employees named in the Second Golding Report are not litigants; regardless, Defendants are not

requesting that the Second Golding Report be sealed, as was the issue before the court in *Kamakana*. Defendants are merely requesting targeted and minimal redactions to protect employee privacy. These minimal proposed redactions, as opposed to seeking to file entire documents under seal, "have the virtue of being limited and clear." *Kamakana*, 447 F.3d at 1183.

The Court should therefore order the limited employee identifying information redacted on this basis, consistent with its prior order regarding the First Golding Report.

### III. Plaintiffs Concede Non-Supervisory Employees' Names and Titles Should be Redacted.

In their opposition, Plaintiffs suggest that even under the good cause standard, the names and titles of "supervisory employees must be available to the public." ECF 7751 at 6:1-2. Thus, Plaintiffs have conceded that the names and titles of all non-supervisory employees may be redacted. *See* Wolff Decl., ECF No. 7719-1 at ¶ 5. Plaintiffs claim that Defendants "rejected Plaintiffs' compromise offer to redact only the names of CDCR employees below Dr. Golding's level of authority," and that "there is no reason these uncertainties could not be resolved through further negotiations by the parties." ECF No. 7751 at 6:10-12. This assertion – that the parties could have resolved "these uncertainties" through further negotiation – is misleading and disingenuous.

On February 3, 2023, and throughout the following days, the parties engaged in a meet and confer process during which Plaintiffs offered to redact the names of employees below Dr. Golding's level of authority within CDCR. Wolff Decl., ECF No. 7719-1 at ¶ 5. Defendants explained this would be unworkable because it is difficult to ascertain who would be at Dr. Golding's "level of authority" for employees who work outside of the psychiatry classification chain, including those in local chains of leadership. *Id.* Defendants further explained that, for former employees, it is unclear whether the parties would look to their previous classification or their current classification if they are in a new role in State service. *Id.* Defendants explained that in light of these issues, it would be challenging, if not impossible, to implement Plaintiffs' proposal. *Id.* Plaintiffs did not, as they now suggest, respond by offering to work to resolve these uncertainties through further negotiations. Instead, they implicitly ended negotiations by stating

that they did not believe the standard for restricting public access had been met. *Id.*

Plaintiffs' suggestion now, that "there is no reason these uncertainties could not be resolved through further negotiations by the parties," is entirely inconsistent with their position and communications during the meet and confer process. *Id.* Nonetheless, Plaintiffs' concession that only supervisory employees' names must be available to the public (*see* ECF 7751 at 6:1-3) – and by inference, non-supervisory employees' names need not – demonstrates that Plaintiffs do believe that some employees are deserving of the protections which Defendants seek.

## CONCLUSION

Defendants' request for minimal, targeted redactions of the Second Golding Report is consistent with this Court's previous order authorizing the redaction of certain employee identifying information contained in the First Golding Report. The circumstances here are strikingly similar, and Plaintiffs' request does not adequately provide a compelling reason to deviate from this standard. Accordingly, this Court should order CDCR employees' names and employee identifying information redacted, consistent with its prior order concerning the First Golding Report.

DATED: March 17, 2023                           HANSON BRIDGETT LLP

                                                By:  *s/ Carson R. Niello*
                                                PAUL B. MELLO
                                                SAMANTHA D. WOLFF
                                                CARSON R. NIELLO
                                                Attorneys for Defendants

DATED: March 17, 2023                           Respectfully Submitted,

                                                ROB BONTA
                                                Attorney General of California
                                                Damon McClain
                                                Supervising Deputy Attorney General

                                                By:  *s/ Elise Owens Thorn*
                                                ELISE OWENS THORN
                                                Deputy Attorney General
                                                Attorneys for Defendants