| | |
|---|---|
| DONALD SPECTER – 083925<br>STEVEN FAMA – 099641<br>MARGOT MENDELSON – 268583<br>PRISON LAW OFFICE<br>1917 Fifth Street<br>Berkeley, California  94710-1916<br>Telephone:   (510) 280-2621<br><br>CLAUDIA CENTER – 158255<br>DISABILITY RIGHTS EDUCATION<br>AND DEFENSE FUND, INC.<br>Ed Roberts Campus<br>3075 Adeline Street, Suite 210<br>Berkeley, California  94703-2578<br>Telephone:   (510) 644-2555 | MICHAEL W. BIEN – 096891<br>ERNEST GALVAN – 196065<br>LISA ELLS – 243657<br>THOMAS NOLAN – 169692<br>JENNY S. YELIN – 273601<br>MICHAEL S. NUNEZ – 280535<br>AMY XU – 330707<br>CARA E. TRAPANI – 313411<br>MARC J. SHINN-KRANTZ – 312968<br>ALEXANDER GOURSE – 321631<br>GINGER JACKSON-GLEICH – 324454<br>ARIELLE W. TOLMAN – 342635<br>ROSEN BIEN<br>GALVAN & GRUNFELD LLP<br>101 Mission Street, Sixth Floor<br>San Francisco, California  94105-1738<br>Telephone:   (415) 433-6830 |

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>GAVIN NEWSOM, et al.,<br><br>    Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**REPLY DECLARATION OF CARA E. TRAPANI IN SUPPORT OF PLAINTIFFS' MOTION IN RESPONSE TO DECEMBER 29, 2022 ORDER REGARDING DR. GOLDING'S SECOND WHISTLEBLOWER REPORT (ECF No. 7721)**<br><br>Judge:  Hon. Kimberly J. Mueller |

[4253004.1]

Case No. 2:90-CV-00520-KJM-DB

REPLY DECLARATION OF CARA E. TRAPANI ISO PLAINTIFFS' MOTION RE: SECOND GOLDING REPORT

I, Cara E. Trapani, declare:

1. I am an attorney duly admitted to practice before this Court. I am an associate in the law firm of Rosen Bien Galvan & Grunfeld LLP, counsel of record for Plaintiffs. I have personal knowledge of the facts set forth herein, and if called as a witness, I could competently so testify. I make this declaration in support of Plaintiffs' Reply to In Support of Plaintiffs' Motion in Response to December 29, 2022 Order Regarding Dr. Golding's Second Whistleblower Report (ECF No. 7721).

2. On September 9, 2022, I received an email from Melissa Bentz, counsel for CDCR, that contained hyperlinks to two indicators that Plaintiffs were required to review as part of the data remediation process: *Percentage of CCII and Captain Reviews for ASU EOP HUB patient with LOS Over 90 Days* and *Percentage of Warden Reviews for ASU EOP HUB Patient with LOS Over 90 Days*. CDCR later combined these two indicators into a single indicator titled *CCII, Captain and Warden Reviews of ASU EOP Hub Patients with LOS Over 90 Days* (RH18). Over the course of several BRMR meetings in November 2022, I learned that the RH18 indicator's methodology counted class members' segregation length of stay reviews as compliant so long as they took place within forty days of the prior review. However, the Program Guide explicitly requires these length of stay reviews to occur at least every thirty days. *See* 2021 Program Guide, ECF No. 7333-1 at 134 (Section 12-7-9).

3. Counsel for Defendants and members of CDCR's data team expressed during the meetings that they did not agree that the RH18 indicator needed to adhere to the Program Guide's explicit thirty-day timeline. The parties elevated this dispute to the first level of dispute resolution. The parties discussed the indicator's methodology at several dispute resolution meetings, including at the Fifteenth and Sixteenth Level 1 meetings on December 8 and 15, 2022, respectively. Defendants ultimately revised the indicator's methodology to operationalize the Program Guide's thirty-day timeframe.

4. On March 18, 2022, I received an email from Ms. Bentz containing a hyperlink to the *ASU Out of Cell Time Offered (RH12)* indicator. On April 22, 2022, I

received an email from Ms. Bentz containing a hyperlink to the *Weeks in which Shower Access in ASU was Offered as Required (RH14)* indicator. After reviewing the methodology for both indicators, I learned that although each included multiple segregation units, both inexplicably excluded patients in the Psychiatric Services Unit (PSU). The parties discussed these two indicators in several BRMR meetings in April 2022, and later in June 2022, but could not come to an agreement about whether PSU patients should be included.

5. The parties elevated the dispute to the first level of dispute resolution, and discussed the issue in the Second, Third, and Fourth Level 1 meetings on August 11 and 23, and September 1, 2023, respectively. After reaching an impasse, the parties elevated the dispute to the second level of review. On November 9, 2022, Kerry Walsh, the Deputy Special Master, informed counsel for Plaintiffs of the outcome of the Special Master and former Secretary Allison's Level 2 meeting; they agreed that the PSU should be included in these two indicators. Defendants subsequently revised the indicators' methodology and renamed them *ASU & PSU Out of Cell Time Offered (RH12)* and *ASU & PSU Shower Access (RH14)*.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed at Walnut Creek, California this 17th day of March, 2023.

/s/ Cara E. Trapani
Cara E. Trapani