ROB BONTA, State Bar No. 202668
Attorney General of California
MONICA N. ANDERSON, State Bar No. 182970
Senior Assistant Attorney General
DAMON MCCLAIN, State Bar No. 209508
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
NAMRATA KOTWANI, State Bar No. 308741
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 TelephMOone:  (916) 210-7318
 Fax:  (916) 324-5205
 E-mail:  Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

PAUL B. MELLO, State Bar No. 179755
SAMANTHA D. WOLFF, State Bar No. 240280
KAYLEN KADOTANI, STATE BAR NO. 294114
DAVID C. CASARRUBIAS, STATE BAR NO. 321994
CARSON R. NIELLO, STATE BAR NO. 329970
HANSON BRIDGETT LLP
 1676 N. California Boulevard, Suite 620
 Walnut Creek, CA 94596
 Telephone:  (925) 746-8460
 Fax:  (925) 746-8490
 E-mail:  PMello@hansonbridgett.com
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                                Plaintiffs,<br><br>        v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>                                Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**DEFENDANTS' LIMITED *EX PARTE* APPLICATION TO EXTEND TIME TO COMPLY WITH THE MARCH 13, 2023 ORDER (ECF NO. 7757); DECLARATIONS OF DAVID C. CASARRUBIAS AND OF DIANA TOCHE, D.D.S.; PROPOSED ORDER** |

Defendants apply *ex parte*, under Federal Rule of Civil Procedure 6(b)(1)(A) and Local Rule 144(c), for an order extending their time to comply with the Court's March 13, 2023 order requiring that all counsel and "all principals who participate in preparation of briefing, presentation of evidence, or oral argument on [Plaintiffs'] pending motion" for clarification review numerous orders and monitoring reports and file a certification they have done so by March 23, 2023. ECF No. 7757. Defendants request that their principals who submitted declarations in support of Defendants' opposition to Plaintiffs' motion (including Diana Toche, Amar Mehta, Steven Cartwright, Travis Williams, Toni Martello, Wendy Worrell, Michael

1

Defs.' Limited Ex Parte Request for an EOT to Comply with March 13, 2023 Order (2:90-cv-00520 KJM-DB (PC))

19445670.2

| | |
|---|---|
| 1 | Hewitt, and Laurie Ball) be granted a two week extension to comply with the March 13th order, |
| 2 | up to and including April 6, 2023, for the reasons set forth below. Defendants' counsel who |
| 3 | participated in the preparation of briefing and presentation of evidence on the pending motion |
| 4 | intend to comply with the order by March 23, 2023. |
| 5 |     Plaintiffs do not oppose this request and will not be prejudiced by this short extension of |
| 6 | time as the Court has already vacated the hearing on Plaintiffs' underlying clarification motion |
| 7 | and deferred its decision for a later date that will not be impacted by Defendants' two-week- |
| 8 | extension request. |
| 9 |     A Proposed Order granting the requested extension accompanies this motion. |

### MEMORANDUM OF POINTS AND AUTHORITIES

11. The Court should grant Defendants' request and give their principals two additional weeks
12. to complete the tasks required of them in the Court's March 13th order. Federal Rule of Civil
13. Procedure 6(b)(1) authorizes a court, for good cause, to enlarge the time within which a party
14. must act within a specified timeframe. If a request for an extension is made before the expiration
15. of the time originally prescribed, the request may be made without motion or notice. Fed. R. Civ.
16. P. 6(b)(1)(A). Moreover, Local Rule 144(c) allows the Court, in its discretion, to "grant an initial
17. extension ex parte upon the affidavit of counsel that a stipulation extending time cannot
18. reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained and the
19. reasons why the extension is necessary." And a court has the inherent power to "control the
20. disposition of the causes on its docket with economy of time and effort for itself, for counsel, and
21. for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). These specific powers serve to
22. advance the general goals of the Federal Rules to "secure the just, speedy, and inexpensive"
23. determination of every action.  Fed. R. Civ. P. 1.
24. Here, the Court's March 13th order requires Defendants' principals who participated in
25. preparation of briefing or presentation of evidence to certify to the Court they have read twenty-
26. five documents (or excerpts therefrom), amounting to 971 pages, within eight business days. As
27. reflected in the declarations of these individuals filed on March 3rd (ECF Nos. 7752-1, 7752-2
28. 7752-4, 7752-5, 7752-6, 7752-7, 76752-8, and 7752-9), the declarants all have significant daily

2

Defs.' Limited Ex Parte Request for an EOT to Comply with March 13, 2023 Order (2:90-cv-00520 KJM-DB (PC))

19445670.2

duties in ensuring the delivery of mental health care to the *Coleman* class that require their full attention. *See also* Declaration of Diana Toche, D.D.S ¶ 4. Declarants also have other obligations, for example to their children and family, that make compliance with Court's deadline very challenging outside of work hours. *See id.* ¶¶ 4-5. Accordingly, these individuals will have trouble completing the required reading by the Court's March 23rd deadline without taking time off from work to complete the task, or extending their work day by several hours per day.[1] *Id.* ¶¶ 3-5. An additional two weeks would enable Defendants' employees to focus on their work obligations during the day, and complete this task at a reasonable pace during evenings and weekends. *Id.* ¶ 6; *see also* Declaration of David C. Casarrubias ¶ 4. Further, to the extent any of the principals complete the task of reviewing these documents before April 6th, Defendants will file the corresponding certifications on a rolling basis.

Defendants sought Plaintiffs' stipulation giving Defendants' principals a two-week extension of time (up to and including April 6th) to complete the task and file their certifications. *Id.* ¶ 2. Plaintiffs did not stipulate to Defendants' request, but stated they do not oppose Defendants' ex parte request for an extension of time. *Id*.

For the reasons set forth above, Defendant's respectfully request that their principals be granted an additional two weeks, up to and including April 6, 2023, to comply with the March 13 order.

**CERTIFICATION**

Defendants' counsel certify they have read the following orders that are relevant to this filing: ECF Nos. 7696, 7757, and 7765.

---

[1] Notably, individuals affected by the courts' order may have either previously read some—if not all—of the documents listed in the order or, at minimum, been apprised of the substance of the documents by their attorneys. However, because the court's order requires each individual to certify that they have personally read the documents without qualification, the only way to be certain is for the declarants to read, or in some instances re-read, all of the documents before the court's deadline.

3

Defs.' Limited Ex Parte Request for an EOT to Comply with March 13, 2023 Order (2:90-cv-00520 KJM-DB (PC))

19445670.2

| | |
|---|---|
| Dated: March 20, 2023 | Respectfully submitted,<br><br>ROB BONTA<br>Attorney General of California<br>DAMON MCCLAIN<br>Supervising Deputy Attorney General<br><br>**s/ *Elise Owens Thorn*** <br>Elise Owens Thorn<br>Deputy Attorney General<br>*Attorneys for Defendants*<br><br>HANSON BRIDGETT LLP<br><br>**s/ *David C. Casarrubias*** <br>PAUL B. MELLO<br>SAMANTHA D. WOLFF<br>DAVID C. CASARRUBIAS<br>*Attorneys for Defendants* |

4

Defs.' Limited Ex Parte Request for an EOT to Comply with March 13, 2023 Order (2:90-cv-00520 KJM-DB (PC))

19445670.2