| | |
|---|---|
| DONALD SPECTER – 083925<br>STEVEN FAMA – 099641<br>MARGOT MENDELSON – 268583<br>PRISON LAW OFFICE<br>1917 Fifth Street<br>Berkeley, California  94710-1916<br>Telephone:   (510) 280-2621<br><br>CLAUDIA CENTER – 158255<br>DISABILITY RIGHTS EDUCATION<br>AND DEFENSE FUND, INC.<br>Ed Roberts Campus<br>3075 Adeline Street, Suite 210<br>Berkeley, California  94703-2578<br>Telephone:   (510) 644-2555 | MICHAEL W. BIEN – 096891<br>ERNEST GALVAN – 196065<br>LISA ELLS – 243657<br>JENNY S. YELIN – 273601<br>THOMAS NOLAN – 169692<br>MICHAEL S. NUNEZ – 280535<br>AMY XU – 330707<br>CARA E. TRAPANI – 313411<br>MARC J. SHINN-KRANTZ – 312968<br>ALEXANDER GOURSE – 321631<br>GINGER JACKSON-GLEICH – 324454<br>ADRIENNE PON HARROLD – 326640<br>ARIELLE W. TOLMAN – 342635<br>ROSEN BIEN<br>GALVAN & GRUNFELD LLP<br>101 Mission Street, Sixth Floor<br>San Francisco, California  94105-1738<br>Telephone:   (415) 433-6830 |

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>                        Plaintiffs,<br><br>       v.<br><br>GAVIN NEWSOM, et al.,<br><br>                        Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**DECLARATION OF CARA E. TRAPANI IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO THE SPECIAL MASTER'S REPORT AND RECOMMENDATIONS REGARDING THIRD-LEVEL DATA REMEDIATION DISPUTES**<br><br>Judge:  Hon. Kimberly J. Mueller |

[4281735.3]

I, Cara E. Trapani, declare:

1. I am an attorney duly admitted to practice before this Court. I am an associate in the law firm of Rosen Bien Galvan & Grunfeld LLP, counsel of record for Plaintiffs. I have personal knowledge of the facts set forth herein, and if called as a witness, I could competently so testify. I make this declaration in support of Plaintiffs' Response to Defendants' Objections to the Special Master's Report and Recommendations Regarding Third-Level Data Remediation Disputes ("Third-Level Data Report").

2. On April 17, 2023, the Court issued a Minute Order requiring Plaintiffs to update the Court on whether any of the compromises Defendants proposed in their Objections to the Third-Level Data Report "suggest a resolution of outstanding disputes acceptable to Plaintiffs and that meets with the approval of the Special Master." ECF No. 7810. In response to the Order, counsel for both parties, including myself, and members of CDCR's Mental Health Leadership and the Special Master's data team, met on April 27, 2023 to discuss whether any of the four disputes identified in the Third-Level Data Report could be narrowed based on Defendants' proposed compromises.

3. During the meeting, the parties agreed that rather than modifying the existing IDTT Staffing indicator to measure patient attendance, Defendants would create a new indicator measuring whether patients are attending their IDTTs.

4. Later that day on April 27, 2023, Nicholas Weber, counsel for Defendants, emailed me and other members of Plaintiffs' counsel and the Special Master's team memorializing this agreement. Mr. Weber stated that Defendants would commit to start creating the documentation for this new indicator as soon as the documentation stage is complete for the other provisionally approved indicators, and will work with the Plaintiffs and Special Master to complete the IDTT Patient Attendance indicator through the normal data remediation processes. I responded to Mr. Weber's email on April 28, 2023 confirming that this compromise resolved Plaintiffs' concerns assuming that the Special Master agreed. I also proposed that the parties draft a stipulation memorializing their agreement, and Mr. Weber responded that Defendants agreed to join a stipulation. A true

[4281735.3]

1

DECL. OF CARA E. TRAPANI ISO PLS' RESPONSE TO DEFS' OBJECTIONS TO THE SPECIAL MASTER'S REPORT AND RECOMMENDATIONS REGARDING THIRD-LEVEL DATA REMEDIATION DISPUTES

and correct copy of my correspondence with Mr. Weber is attached hereto as **Exhibit A**.

5. Also during the April 27, 2023 meeting, the parties agreed that Defendants will revise the IDTT Staffing indicator's methodology to count an IDTT as noncompliant if a psychiatric nurse practitioner (PNP) attends an IDTT for a patient at any level of care other than CCCMS. Counsel for Defendants explained during the meeting that CDCR still intends to add an unusual events flag to the IDTT Staffing indicator that will show whether a PNP attended the IDTT for patients at EOP or higher levels of care, and that this would allow stakeholders to more easily track the frequency of violations of CDCR's PNP Policy. Mr. Weber and I confirmed the parties' agreement on this issue in our subsequent email correspondence. *See* Ex. A.

6. Dr. Steven Cartwright, a member of CDCR's Mental Health Leadership team who oversees data remediation and who attended the April 27, 2023 meeting, further explained that the unusual events flag is a new concept that does not yet exist, but would in theory function like its own indicator, or like the data-entry flags that currently exist on CDCR's Performance Report. Dr. Cartwright stated that stakeholders would be able to use the unusual events flag to run a report and filter by institution and timeframe, and that the report would have the capability to drill down to the level of individual patients. He explained that Defendants are working on a way to link unusual events flags and individual indicators to make them easily accessible.

7. During the April 27, 2023 meeting and in Mr. Weber's follow-up email, Defendants proposed to set up automated alerts to clinicians whenever a CCCMS patient remains in a non-mental health segregation setting for more than 30 days due to a medical hold. *See* Ex. A. However, the parties could not reach agreement on the dispute pertaining to the Transfer to STRH/LTRH Within Timeframes indicator.

8. I and other members of Plaintiffs' counsel have repeatedly proposed, including during the Level 1 dispute meetings and the April 27, 2023 meeting, that the parties negotiate a more limited medical exception to the STRH and LTRH transfer timeframe policies, as the parties did with respect to the inpatient and MHCB transfer

timelines. Defendants have consistently rejected this proposal, including on April 27, when Dr. Cartwright stated again that CDCR did not wish to negotiate such a policy.

9. When the parties discussed the Transfer to STRH/LTRH Within Timeframes indicator during stakeholder meetings and the Level 1 dispute resolution meet and confers, Defendants never raised the argument presented in their Objections, that the STRH policy provides for a medical hold exception. They also did not present this argument in their dispute statement submitted to the Special Master and the Secretary as the basis for the Level 2 dispute resolution meeting. *See* ECF No. 7755-1 at 18 (Defs.' Dec. 8, 2022 position statement on this issue).

10. The parties could not reach agreement on the dispute pertaining to the MHCB Daily Provider Contacts indicator during the April 27, 2023 meeting.

11. On May 1, 2023, Henry Dlugacz, a member of the Special Master's data team who attended the April 27, 2023 meeting, emailed me and other members of Plaintiffs' and Defendants' counsel confirming that the Special Master approved of the parties' compromises of the two disputes pertaining to the IDTT Staffing indicator. *See* Ex. A.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this affidavit is executed at Walnut Creek, California this 1st day of May, 2023.

*/s/ Cara E. Trapani*
Cara E. Trapani

[4281735.3]

3

DECL. OF CARA E. TRAPANI ISO PLS' RESPONSE TO DEFS' OBJECTIONS TO THE SPECIAL MASTER'S REPORT AND RECOMMENDATIONS REGARDING THIRD-LEVEL DATA REMEDIATION DISPUTES

# Exhibit A

| | |
|---|---|
| **From:** | Henry D. Dlugacz |
| **To:** | Nick Weber; Cara Trapani; Lisa Ells; Kerry F. Walsh; Jeffrey Metzner |
| **Cc:** | Steven Cartwright; Mehta, Amar@CDCR; Toche, Diana@CDCR; Melissa Bentz; Thind, Sundeep@CDCR; Leung, Pak Yan@CDCR; Worrell, Wendy; Matt Lopes |
| **Subject:** | RE: Coleman - L3 Dispute Meet and Confer |
| **Date:** | Monday, May 1, 2023 12:52:11 PM |

**[EXTERNAL MESSAGE NOTICE]**

Good afternoon:

I write to confirm on behalf of Special Master Lopes that the resolution in principle of the Level 3 disputes involving PNP attendance at IDTTs outside of the 3CMS level of care and patient attendance at IDTTs as discussed at the meet and confer of April 27 and below meet with the Special Master's approval.

Thank you.

---

**From:** Weber, Nicholas@CDCR <Nicholas.Weber@cdcr.ca.gov>
**Sent:** Friday, April 28, 2023 8:54 PM
**To:** Cara Trapani <CTrapani@rbgg.com>; Lisa Ells <LElls@rbgg.com>; Kerry F. Walsh <kwalsh@pldolaw.com>; Henry A. Dlugacz <hdlugacz@blhny.com>; Jeffrey Metzner <jeffrey.metzner@cuanschutz.edu>
**Cc:** Cartwright, Steven@CDCR <Steven.Cartwright@cdcr.ca.gov>; Mehta, Amar@CDCR <Amar.Mehta@cdcr.ca.gov>; Toche, Diana@CDCR <Diana.Toche@cdcr.ca.gov>; Bentz, Melissa@CDCR <Melissa.Bentz@cdcr.ca.gov>; Thind, Sundeep@CDCR <Sundeep.Thind@cdcr.ca.gov>; Leung, Pak Yan@CDCR <PakYan.Leung@cdcr.ca.gov>; Worrell, Wendy <Wendy.Worrell@cdcr.ca.gov>
**Subject:** Re: Coleman - L3 Dispute Meet and Confer

Thanks Cara. We agree to stipulate on those two disputes. We look forward to seeing a draft.

Get Outlook for iOS

---

**From:** Cara Trapani <CTrapani@rbgg.com>
**Sent:** Friday, April 28, 2023 2:41:40 PM
**To:** Weber, Nicholas@CDCR <Nicholas.Weber@cdcr.ca.gov>; Lisa Ells <LElls@rbgg.com>; Kerry F. Walsh <kwalsh@pldolaw.com>; Henry D. Dlugacz <hdlugacz@blhny.com>; Jeffrey Metzner <jeffrey.metzner@cuanschutz.edu>
**Cc:** Cartwright, Steven@CDCR <Steven.Cartwright@cdcr.ca.gov>; Mehta, Amar@CDCR <Amar.Mehta@cdcr.ca.gov>; Toche, Diana@CDCR <Diana.Toche@cdcr.ca.gov>; Bentz, Melissa@CDCR <Melissa.Bentz@cdcr.ca.gov>; Thind, Sundeep@CDCR <Sundeep.Thind@cdcr.ca.gov>; Leung, Pak Yan@CDCR <PakYan.Leung@cdcr.ca.gov>; Worrell, Wendy <Wendy.Worrell@cdcr.ca.gov>
**Subject:** Re: Coleman - L3 Dispute Meet and Confer

> **CAUTION:** This email originated from outside of CDCR/CCHCS. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Nick,

Thank you for following up. The first two points resolve Plaintiffs' concerns and we will represent to the Court that the parties have reached an agreement in principle on those issues, assuming the Special Master is in agreement. We will plan to inform the Court that the parties can submit a stipulation along the lines you describe below within a few weeks unless you let me know otherwise.

In regards to the MHCB provider contact and the LTRH/STRH suspending events disputes, after speaking with my team we continue to think that factoring the information that would be included in Defendants' proposed unusual events flags into the compliance rates in some way is critical. We will let the Court know we still require its assistance resolving those two disputes.

Best,

Cara Trapani

ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
ctrapani@rbgg.com

**(Pronouns – she/her/hers)**

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at ctrapani@rbgg.com.

---

**From:** Weber, Nicholas@CDCR <Nicholas.Weber@cdcr.ca.gov>
**Sent:** Thursday, April 27, 2023 3:03 PM
**To:** Cara Trapani <CTrapani@rbgg.com>; Lisa Ells <LElls@rbgg.com>; Kerry F. Walsh <kwalsh@pldolaw.com>; Henry D. Dlugacz <hdlugacz@blhny.com>; Jeffrey Metzner <jeffrey.metzner@cuanschutz.edu>
**Cc:** Steven Cartwright <Steven.Cartwright@cdcr.ca.gov>; Mehta, Amar@CDCR <Amar.Mehta@cdcr.ca.gov>; Toche, Diana@CDCR <Diana.Toche@cdcr.ca.gov>; Melissa Bentz <Melissa.Bentz@cdcr.ca.gov>; Thind, Sundeep@CDCR <Sundeep.Thind@cdcr.ca.gov>; Leung, Pak Yan@CDCR <PakYan.Leung@cdcr.ca.gov>; Worrell, Wendy <Wendy.Worrell@cdcr.ca.gov>
**Subject:** Coleman - L3 Dispute Meet and Confer

[EXTERNAL MESSAGE NOTICE]

Cara,

Thank you for meeting with us this morning regarding CDCR's proposed compromises to the Level 3 data remediation disputes. You asked that we get back to you about three issues regarding the IDTT Staffing indicator and the STRH transfer indicator.

First, regarding CDCR's proposal to create a data flag for PNPs working outside of a CCCMS setting, CDCR agrees that if a PNP attends an IDTT outside of the CCCMS then that IDTT would not be counted as compliant in the IDTT Staffing indicator. If this proposal is agreeable, CDCR would revise its documentation to ensure that PNP attendance at EOP level of care or higher IDTTs would not satisfy the requirement to have a psychiatrist present at the IDTT.

Second, CDCR has agreed to create a new indicator measuring whether patients are attending their IDTTs. CDCR would create the indicator from scratch, starting with the documentation stage before presenting it to stakeholder review for Plaintiffs' and the Special Master's feedback. Whether this indicator is "new" or a "reasonable modification" of an existing indicator, it should go without saying that developing these changes involves work and time. While CDCR does not believe an IDTT Patient Attendance indicator falls within the current list of provisionally approved key indicators (ECF No. 7151) CDCR will commit to starting documentation on this new indicator as soon as the documentation stage is complete for the first 139 indicators. Per the April 26, 2023 BRMR meeting, CDCR had started 134 indicators and completed 124 indicators in the initial documentation preparations stage as of April 21, 2023. Once started, CDCR will work with the Plaintiffs' and Special Master to complete the IDTT Patient Attendance indicator through the normal data remediaton processes.

Third, regarding the STRH transfer indicator, mental health staff can set up automated alerts from the performance report for individual indicators. CDCR could train staff to subscribe to relevant alerts, such as patients pending transfer to an STRH or LTRH waiting beyond timeframes due to a medical hold, which would allow them to have real time awareness of patients on medical holds.

Please let me know if you have any questions or would like to discuss further. Additionally, should any of these compromises help resolve the disputes, CDCR requests that the Special Master inform the parties whether the resolutions meet the approval of him and his team. (See ECF No. 7810.)


Thank you.

Nick Weber
Attorney
Department of Corrections & Rehabilitation

(916) 217-1949
1515 S Street, Suite 314S
Sacramento, CA  95811-7243

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.