ROB BONTA, State Bar No. 202668
Attorney General of California
MONICA N. ANDERSON, State Bar No. 182970
Senior Assistant Attorney General
DAMON MCCLAIN, State Bar No. 209508
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
NAMRATA KOTWANI, State Bar No. 308741
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7318
  Fax: (916) 324-5205
  E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

HANSON BRIDGETT LLP
PAUL B. MELLO, SBN 179755
SAMANTHA D. WOLFF, SBN 240280
KAYLEN KADOTANI, SBN 294114
DAVID C. CASARRUBIAS, SBN 321994
CARSON R. NIELLO, SBN 329970
1676 N. CALIFORNIA BLVD., SUITE 620
WALNUT CREEK, CALIFORNIA 94596
TELEPHONE: 925-746-8460
FACSIMILE: 925-746-8490
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, et al.<br><br>    Defendants. | Case No. 2:90-CV-00520- KJM-DB<br><br>**STIPULATION AND ORDER APPROVING THE PARTIES' MODIFICATIONS TO CDCR'S TELEPSYCHIATRY POLICY**<br><br>Judge:   Hon. Kimberly J. Mueller |

1   On April 12, 2023, the Court adopted the Special Master's December 15, 2022 Recommendation to adopt the Provisionally Approved Telepsychiatry Policy ("Policy") (ECF No. 6539) as final, without any revisions.  ECF No. 7807.  The Policy, which defines the California Department of Corrections and Rehabilitation's (CDCR) use of telepsychiatry to provide psychiatric care to its patient population, requires telepsychiatrists to work in CDCR-operated hubs.  ECF No. 6539 at 5.[1]  While the Policy[2] was in effect, Defendants submitted a plan, which Plaintiffs did not oppose in substance,, to allow telepsychiatrists to work from home "[t]o facilitate the delivery of care to patients, while also protecting both patients and staff during the COVID-19 pandemic" for the duration of the provisional period.  ECF Nos. 6978 and 6978-1 at 4-5, and 22-27.  (filed Dec. 11, 2020), ECF 6994 at 11-15 (Plaintiffs did not object in substance but sought further incentives for onsite psychiatrists).  The provisional period expired on April 12, 2023, and telepsychiatrists have continued to work from home without objection.

Toward the end of the provisional period, the parties met and conferred and engaged in numerous discussions regarding the provision of telepsychiatry from home as an effective way to deliver care to patients.  There were no objections to CDCR's proposed policy revisions regarding telework, which would have permitted telepsychiatrists to continue to work from home, rather than a CDCR hub.

Following the Court's April 12, 2023 Order, Defendants reached out to Plaintiffs to request that they stipulate to modify the Court adopted Policy to permit telepsychiatrists to continue to work from home.  As Defendants explained, while the State continues to review the April 12 Order, work from home is a critical tool for retaining current telepsychiatrists, all of whom are civil servants, and therefore is the most urgent issue that requires immediate action.[3]  Defendants

---

[1] All pin citations to documents on the ECF system are to the ECF page numbers in the blue ECF headers, and not to internal document page numbers.

[2] On March 27, 2020, the Court approved an agreed-upon Provisional Telepsychiatry Policy that replaced all previous policies concerning CDCR's use of telepsychiatry.  ECF Nos. 6517, 6539.

[3] By stipulating to this Revised Telepsychiatry Policy allowing telepsychiatrists to work from home, CDCR does not intend to waive any appellate rights concerning the Court's April 12, 2023 order.  ECF No. 7807.

1  explained their concern that CDCR would be at a considerable disadvantage in recruiting and
2  retaining psychiatrists in this highly competitive market if CDCR telepsychiatrists were required
3  to work from an office setting, while other health care employers across the state, such as Kaiser,
4  allow mental health workers to work from home.  Accordingly, the parties met and conferred on
5  April 18, 2023, and further exchanged revisions to the Policy to permit telepsychiatrists to work
6  from home after demonstrating to their supervisor's satisfaction an ability to perform
7  telepsychiatry at a hub.  Attached as Exhibit A to this stipulation is the agreed-upon Revised
8  Telepsychiatry Policy, which includes the parties' revisions in redline.  A clean version of the
9  Revised Telepsychiatry Policy is attached as Exhibit B.

10       The Office of the Special Master also participated in the April 18, 2023 meet and confer
11 and does not take a position on the parties' stipulation.

12       The parties agree that the Revised Telepsychiatry Policy reflects a change from
13 Defendants' Telepsychiatry from Home Plan, which stated that telepsychiatrist positions in
14 CDCR-operated hubs would be backfilled.  *See* ECF No. 6978, Attachment B.  However, CDCR
15 retains the right to hire telepsychiatrists to use the open office space as necessary.  The parties
16 further agree that the Revised Telepsychiatry Policy requires CDCR telepsychiatrists who work
17 from home to reside in the state of California.

18       Accordingly, the parties request that the Court adopt as final the Revised Telepsychiatry
19 Policy, attached to this stipulation as Exhibit B.

20       **IT IS SO STIPULATED.**

21 DATED: May 5, 2023                                    ROB BONTA
                                                        Attorney General of California
22                                                      DAMON MCCLAIN
                                                        Supervising Deputy Attorney General
23

24                                                By:      */s/ Elise Owens Thorn*
                                                        ELISE OWENS THORN
25                                                      Deputy Attorney General
                                                        *Attorneys for Defendants*
26

27

28

| | | |
|---|---|---|
| DATED: May 5, 2023 | | HANSON BRIDGETT LLP |

By:     /s/ Samantha Wolff
       PAUL B. MELLO
       SAMANTHA D. WOLFF
       Attorneys for Defendants

DATED: May 5, 2023        Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By:     /s/ Ernes Galvan
       Ernest Galvan

Attorneys for Plaintiffs

**ORDER**

On April 12, 2023, the court adopted in full the findings in the Special Master's December 15, 2022 Report and Recommendation on a Final Proposed Telepsychiatry Policy, ECF No. 7682. April 12, 2023 Order, ECF No. 7807, at 11. The report includes three pages of findings on the status of defendants' use of telepsychiatry from home and their proposal to revise the telepsychiatry policy to allow more psychiatric telework. ECF No. 7682 at 60-62 (citing to page numbers provided by Court Electronic Case Filing (ECF) System). The Special Master's Report includes findings that "plaintiffs did not object to defendants' revised language regarding telepsychiatry from home"; defendants' proposal would "present practical challenges" for the Special Master's monitoring responsibilities; and that any expansion of psychiatric telework "should be monitored closely and addressed to minimize any disruptions in mental health service delivery." *Id*. at 62. Nothing in the stipulation of the parties or the proposed revision to the Telepsychiatry Policy conflicts with those findings or with the strictures of this court's orders

-4-
Stip. & Order Approving Parties' Revised Telepsychiatry Policy (2:90-CV-00520- KJM-DB)

regarding the use of telepsychiatry.  *See* ECF No. 7807, at, *e.g.*, 2-3, 9.  The next round of monitoring by the Special Master will be of great utility to the court and to all stakeholders in evaluating whether the safeguards on the use of telepsychiatry from home in the agreed-upon revisions to the California Department of Corrections and Rehabilitation' (CDCR) Telepsychiatry Policy are effective for the delivery of constitutionally adequate mental health care to members of the plaintiff class.

      According, as provided by the parties' stipulation and good cause appearing, IT IS HEREBY ORDERED that the parties' revisions to defendants' telepsychiatry policy, attached as Exhibit B to the parties' joint filing, are adopted in full.

      **IT IS SO ORDERED.**

DATED:  May 8, 2023.

                                      CHIEF UNITED STATES DISTRICT JUDGE