1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  MONICA N. ANDERSON, State Bar No. 182970
   Senior Assistant Attorney General
3  DAMON MCCLAIN, State Bar No. 209508
   Supervising Deputy Attorney General
4  ELISE OWENS THORN, State Bar No. 145931
   NAMRATA KOTWANI, State Bar No. 308741
5  Deputy Attorneys General
     1300 I Street, Suite 125
6    P.O. Box 944255
     Sacramento, CA 94244-2550
7    Telephone:  (916) 210-7318
     Fax: (916) 324-5205
8    E-mail: Elise.Thorn@doj.ca.gov
   *Attorneys for Defendants*

   HANSON BRIDGETT LLP
   PAUL B. MELLO, SBN 179755
   SAMANTHA D. WOLFF, SBN 240280
   KAYLEN KADOTANI, SBN 294114
   DAVID C. CASARRUBIAS, SBN 321994
   CARSON R. NIELLO, SBN 329970
   1676 N. CALIFORNIA BLVD., SUITE 620
   WALNUT CREEK, CALIFORNIA 94596
   TELEPHONE:   925-746-8460
   FACSIMILE:   925-746-8490
   *Attorneys for Defendants*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GAVIN NEWSOM, et al. <br><br> Defendants. | Case No. 2:90-CV-00520- KJM-DB <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF THE COURT'S APRIL 12, 2023 ORDER REGARDING THE SPECIAL MASTER'S REPORT AND RECOMMENDATION ON A FINAL PROPOSED TELEPSYCHIATRY POLICY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date: <br> Time: <br><br> Judge:   Hon. Kimberly J. Mueller |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that on _____ at _____ in a courtroom or remote location to be determined by the Court, Defendants will move for reconsideration of the Court's April 12, 2023 Order regarding the Special Master's report and recommendation on a final approved telepsychiatry policy, ECF No. 7807. Defendants utilized the stipulated process for

proposing their final telepsychiatry policy and objecting to the Special Master's report and recommendation, but the Court refused to entertain them in the April 12, 2023 Order based on its mistaken belief that they were outside the process. Because the Court's refusal to rule on Defendants' policy and objections was clear error, the Court should reconsider its April 12 Order under Local Rule 230(j), FRCP 59, and the Court's inherent authority to review prior orders.

This Motion is based on this Notice, the Memorandum of Points and Authorities, the Declaration of Samantha Wolff filed herewith, the records on file in this action, and any argument or other matter properly before the Court at the hearing on this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

On April 12, 2023, the Court adopted the Special Master's Report and Recommendation on a Final Proposed Telepsychiatry Policy ("April 12, 2023 Order"). ECF No. 7807. In so doing, the Court did not consider Defendants' objections to it and disregarded their proposed alterations to the final policy, believing any proposed modification to the provisional Telepsychiatry Policy must be made through a motion to modify previous orders. This was clear error. The Stipulation and Order dated March 27, 2020 expressly authorized Defendants to propose modifications to the provisional Telepsychiatry Policy and lodge objections to the Special Master's proposal, and Defendants followed that process just as designed. ECF No. 6539. Accordingly, Defendants respectfully request that the Court reconsider its April 12, 2023 Order and substantively rule on the merits of Defendants' objections and proposed final policy.[1]

### RELEVANT BACKGROUND

On March 27, 2020, the Court approved the Parties' stipulation regarding an agreed-upon provisional telepsychiatry policy ("Provisionally Approved Telepsychiatry Policy"). ECF No.

---

[1] On May 5, 2023, Defendants filed a Stipulation and [Proposed] Order Approving the Parties' Modifications to CDCR's Telepsychiatry Policy (ECF No. 7826), which memorialized the parties' agreement to modify the policy in order to permit telepsychiatrists to continue working from home. The Court approved the parties' stipulation on May 9, 2023. ECF No. 7830. Accordingly, Defendants do not seek reconsideration of the Court's April 12, 2023 Order with regard to the work from home policy modifications.

6539. In it, the Parties agreed that "**this policy replaces all previous policies concerning CDCR's use of telepsychiatry**, and that it will be CDCR's operative telepsychiatry policy during the provisional period, unless and until otherwise modified upon the agreement of the parties and the Special Master." ECF No. 6539 at 2:17-18; *see also*, April 12, 2023 Order, ECF No. 7807, at 4:24-26 (emphasis added).

Importantly, the Provisionally Approved Telepsychiatry Policy set forth the following procedure for altering and/or finalizing the policy upon completion of the initial 18-month provisional period:

> After completion of the eighteen-month provisional period, the parties will meet and confer with the assistance of the Special Master concerning a final telepsychiatry policy. The parties will have 30 days from the end of the provisional period to determine **whether any alterations to the provisional policy are necessary**. If no alterations are necessary, Defendants will submit the final telepsychiatry policy for the Court's approval. **If a party proposes to alter the provisional policy**, the parties, under the guidance of the Special Master, will have a total of 60 days from the end of the provisional period to agree on a modified final policy. If no resolution is reached, the parties have 90 days from the end of the provisional period to **submit their positions and proposed language for the final telepsychiatry policy** to the Special Master for review. The Special Master will, within 30 days of receiving the parties' positions, provide the parties with his guidance and recommendation. If the parties are unable to reach an agreement after receipt of the Special Master's input, the Special Master will file a recommendation with the Court within 45 days, after which the parties' will have 30 days to respond consistent with the Order of Reference (ECF No. 640).

ECF No. 6539 at 2:22-3:7 (emphasis added).

Pursuant to this stipulated procedural framework, Defendants met and conferred with Plaintiffs regarding alterations to the policy, submitted a proposed final policy for consideration by Plaintiffs and the Special Master, and, when agreement could not be reached, thereafter submitted objections to the Special Master's recommendation to the Court – all consistent with the framework set forth in the March 27, 2020 order. ECF No. 7682 at 25-26 (Special Master's report stating that "the Special Master and parties followed the process outlined in the March 27, 2020 Stipulation and Order, including the exhaustion of the meet and confer process outlined therein."). There is no dispute that Defendants followed the process outlined above. *See id.*

In its April 12, 2023 Order, the Court rejected Defendants' proposed final policy and their

-3-

objections to the Special Master's recommendation without reaching the merits or substantive issues raised therein. Instead, the Court ruled that Defendants' efforts were essentially procedurally improper and that Defendants should have filed a motion to modify the Court's prior orders of October 10, 2017 (ECF No. 5711) and July 3, 2018 (ECF No. 5850) before it could "entertain the proposal" submitted by Defendants. ECF No. 7807 at 8:5-28. But the October 2017 and July 2018 orders were effectively superseded by the March 27, 2020 stipulation and order setting forth the specific framework to follow with respect to proposed changes to the Provisionally Approved Telepsychiatry Policy. In light of the express procedural framework set forth above, which Defendants closely adhered to in seeking their proposed changes to the Provisionally Approved Telepsychiatry Policy, the Court erred by failing to consider the substantive merits of Defendants' submissions and objections regarding the proposed final telepsychiatry policy.

## LEGAL STANDARD

A district court has the discretion to reconsider its prior orders. *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013); *see also,* FRCP 54(b) (permitting the court to revise "any order or other decision, however designated, that adjudicates fewer than all of the claims or the rights and liabilities" at any time before final judgment).[2]

## ARGUMENT

The Court should reconsider its April 12, 2023 Order because the Court clearly erred in failing to consider the substantive merits of Defendants' proposed final policy as well as their

---

[2] Local Rule 203(j) relates to seeking reconsideration of an order following a motion. The Local Rules do not appear to have a companion rule for an order that follows the recommendation of a special master. It is presumed that the Court would nonetheless apply the same general principles. A declaration that complies with this Local Rule is filed herewith.

evidence and objections to the Special Master's recommendation, based on the erroneous conclusion that the proper procedure for Defendants to modify the policy is through a motion to modify two prior orders that have since been superseded.

The Parties' March 25, 2020 Stipulation and [Proposed] Order Approving the California Department of Corrections and Rehabilitation's Telepsychiatry Policy (March 25, 2020 Stipulation) was brokered with the assistance of Judge Drozd and with guidance from the Special Master and his experts. ECF 6517 at 1:20-2:4. In granting the Parties' March 25, 2020 Stipulation, the Court approved their agreement that the Provisionally Approved Telepsychiatry Policy would "replace[ ] all previous policies concerning CDCR's use of telepsychiatry." ECF 6539 at 2:17-18. As a result, the March 27, 2020 order superseded the Court's prior orders on this subject, dated October 10, 2017 and July 3, 2018. Thus, the procedural framework set forth in the March 25, 2020 Stipulation – as adopted by the Court's March 27, 2020 order – was the applicable process to propose modifications to the Policy.

As set forth above, the March 27, 2020 order clearly states that either party may propose alterations to the Policy and may also submit their positions and proposed language for consideration. ECF 6539 at 3:1-7. Defendants did just that. And it appears that both the Special Master team and Plaintiffs' counsel also believed this process governed efforts to modify the Provisionally Approved Telepsychiatry Policy as they participated in months' long meet and confer efforts with Defendants discussing proposed modifications to the policy and working towards presenting a final policy to the Court. ECF No. 7682 at 25-26. These efforts would be all for naught if, as the April 12, 2023 Order suggests, the only proper means of modifying the Provisionally Approved Telepsychiatry Policy was to move to modify the Court's October 2017 and July 2018 orders. That cannot be the case. The parties and the Special Master team followed the stipulated process to propose modifications and reach a final policy, as permitted by the March 27, 2020 Stipulation and Order.

Likewise, the fact that the Provisionally Approved Telepsychiatry Policy was in effect for an 18-month *provisional* period is further evidence of the parties' agreement and intent to follow the procedures set forth above. The whole point of the provisional period was so the parties could

fairly evaluate the Policy, and thus propose changes to it, based on actual experience and data points collected from the 18-month test run of the Policy. It would not make sense to utilize this process if the parties were then prohibited from recommending changes to the Policy through the procedure outlined above at the conclusion of the provisional period.

Further, notwithstanding this Court's assertion that "[t]he agreed-upon process for finalizing the Provisionally Approved Telepsychiatry Policy is not an appropriate process for seeking change of the scope defendants propose" (ECF 7807 at 8:11-13), there is nothing in the March 27, 2020 order that limits the scope of proposed modifications to the Policy. *See* ECF 6539 at 2:21-3:1 (setting forth the timeframe for the parties to "determine whether *any* alterations to the provisional policy are necessary" [emphasis added]). While the Special Master asserts that Defendants' efforts to negotiate modifications to the Policy are an "attempt to relitigate the law of this case" (ECF No. 7682 at 46), the March 27, 2020 order specifically envisions the process that Defendants followed. Moreover, the Court even acknowledged that the parties' negotiations with respect to the Provisionally Approved Telepsychiatry Policy involved "possible expansion of CDCR's use of telepsychiatry," and therefore granted the Special Master additonal time to engage in these discussions. ECF No. 7611. Proposing modifications to a provisional policy, particularly where such modifications were anticipated, is not an attempt to relitigate law of the case.

Because Defendants utilized the appropriate procedural mechanism to seek modifications to the Provisionally Approved Telepsychiatry Policy set forth in the March 27, 2020 order, it was clear error to reject Defendants' arguments and proposed modifications outright on procedural grounds.

## CONCLUSION

The Court should reconsider its April 12, 2023 Order and rule on the substantive merits of Defendants' proposed final telepsychiatry policy, as expressly set forth and stipulated by the Parties and ordered by this court. *See* ECF 6539.

## CERTIFICATION

In preparing this motion, Defendants' counsel reviewed the following Court orders relevant to the issues in this filing: ECF Nos. 5711, 5850, 6539, 6874, 7611, 7807.

Case 2:90-cv-00520-KJM-SCR   Document 7831-2   Filed 05/09/23   Page 7 of 7

|   |   |   |
|---|---|---|
| 1 | DATED: May 9, 2023 | HANSON BRIDGETT LLP |
| 2 | | |
| 3 | | By: _/s/ Samantha D. Wolff_ |
| 4 | | PAUL B. MELLO |
|   | | SAMANTHA D. WOLFF |
| 5 | | LAUREL E. O'CONNOR |
| 6 | | DAVID C. CASARRUBIAS |
|   | | Attorneys for Defendants |
| 7 | | |
| 8 | DATED: May 9, 2023 | Rob Bonta |
|   | | Attorney General of California |
| 9 | | |
| 10 | | |
| 11 | | _/s/ Damon McClain_ |
|   | | Damon McClain |
| 12 | | Supervising Deputy Attorney General |
|   | | Attorneys for Defendants |

-7-
DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S APRIL 12, 2023 ORDER