ROB BONTA, State Bar No. 202668
Attorney General of California
MONICA N. ANDERSON, State Bar No. 182970
Senior Assistant Attorney General
DAMON MCCLAIN, State Bar No. 209508
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
NAMRATA KOTWANI, State Bar No. 308741
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7318
  Fax: (916) 324-5205
  E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

HANSON BRIDGETT LLP
PAUL B. MELLO, SBN 179755
SAMANTHA D. WOLFF, SBN 240280
KAYLEN KADOTANI, SBN 294114
DAVID C. CASARRUBIAS, SBN 321994
CARSON R. NIELLO, SBN 329970
1676 N. CALIFORNIA BLVD., SUITE 620
WALNUT CREEK, CALIFORNIA 94596
TELEPHONE:  925-746-8460
FACSIMILE:  925-746-8490
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GAVIN NEWSOM, et al. <br><br> Defendants. | Case No. 2:90-CV-00520- KJM-DB <br><br> **[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S APRIL 12, 2023 ORDER REGARDING THE SPECIAL MASTER'S REPORT AND RECOMMENDATION ON A FINAL PROPOSED TELEPSYCHIATRY POLICY** <br><br> Judge:   Hon. Kimberly J. Mueller |

On May 9, 2023, Defendants filed a request for leave to file a Motion for Reconsideration of the Court's April 12, 2023 Order Regarding the Special Master's Report and Recommendation on a Final Proposed Telepsychiatry Policy (Motion for Reconsideration). This Court granted Defendants' request for leave and permitted Defendants to file their Motion for Reconsideration.

Defendants' Motion for Reconsideration came on regularly before this Court on _____. Counsel for Plaintiffs and Defendants appeared at the hearing. Having considered the papers in support of and in opposition to the motion, as well as having considered the parties' oral arguments, papers on file, the record, and applicable

authorities, and good cause appearing:

The Court grants Defendants' request for reconsideration of the April 12, 2023 order. The Court finds that the March 27, 2020 order set forth the process for both parties to follow in seeking revisions to the provisional telepsychiatry policy at the conclusion of the 18-month provisional period. That process – and not the Court's prior orders of July 3, 2018 (ECF 5850) and October 10, 2017 (ECF 5711) – was required to be followed by the parties in seeking revisions or modifications to the provisional telepsychiatry policy. Because Defendants followed the process set forth in the March 27, 2020 Order, it was error to find that Defendants should have filed a motion to modify the Court's prior orders before seeking modifications to the provisional telepsychiatry policy.

In reviewing the substance of Defendants' Response to the Special Master's Report on the Final Proposed Telepsychiatry Policy (ECF 7702), the Court hereby finds that the targeted modifications that Defendants proposed in their Revised Policy are supported by current standards of care, national psychiatric organizations, expert opinions, and CDCR's years of successfully using telepsychiatry to deliver mental health treatment and expand access to care for patients. They are designed to ensure the mental health services extend to all who need them within CDCR's MHSDS, notwithstanding staffing, geographical, or other challenges. The Court further finds that the Special Master and Plaintiffs have not offered persuasive reasons supported by empirical evidence to reject the proposed modifications. Judicial imposition of limitations on the use of telepsychiatry beyond what Defendants propose in their Revised Policy are not supported by the record. Accordingly, Defendants are hereby ordered to implement their Revised Policy.[1]

IT IS SO ORDERED.

DATED: May ____, 2023

_____
Kimberly J. Mueller
Chief United States District Judge

---

[1] The Parties previously stipulated, following this Court's April 12, 2023 order, to modify the Telepsychiatry Policy to permit work from home. ECF 7826. This Court approved that stipulation on May 9, 2023. ECF 7830. This order does not impact that order, and the Revised Policy shall include the modifications to the Telepsychiatry Policy that were approved in ECF 7830.