| | |
|---|---|
| DONALD SPECTER – 083925<br>STEVEN FAMA – 099641<br>MARGOT MENDELSON – 268583<br>PRISON LAW OFFICE<br>1917 Fifth Street<br>Berkeley, California 94710-1916<br>Telephone: (510) 280-2621<br><br>CLAUDIA CENTER – 158255<br>DISABILITY RIGHTS EDUCATION<br>AND DEFENSE FUND, INC.<br>Ed Roberts Campus<br>3075 Adeline Street, Suite 210<br>Berkeley, California 94703-2578<br>Telephone: (510) 644-2555 | MICHAEL W. BIEN – 096891<br>ERNEST GALVAN – 196065<br>LISA ELLS – 243657<br>JENNY S. YELIN – 273601<br>THOMAS NOLAN – 169692<br>MICHAEL S. NUNEZ – 280535<br>AMY XU – 330707<br>CARA E. TRAPANI – 313411<br>MARC J. SHINN-KRANTZ – 312968<br>ALEXANDER GOURSE – 321631<br>GINGER JACKSON-GLEICH – 324454<br>ADRIENNE PON HARROLD – 326640<br>ARIELLE W. TOLMAN – 342635<br>ROSEN BIEN<br>GALVAN & GRUNFELD LLP<br>101 Mission Street, Sixth Floor<br>San Francisco, California 94105-1738<br>Telephone: (415) 433-6830 |

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>      Plaintiffs,<br><br>  v.<br><br>GAVIN NEWSOM, et al.,<br><br>      Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**OPPOSITION TO DEFENDANTS' REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF APRIL 12, 2023 ORDER**<br><br>Judge: Hon. Kimberly J. Mueller |

[4292169.1]

OPPOSITION TO DEFENDANTS' REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF APRIL 12, 2023 ORDER

1    On December 15, 2022, the Special Master filed his Report and Recommendation on a Final Proposed Telepsychiatry Policy ("Telepsychiatry Report and Recommendations"). ECF No. 7682. The parties filed simultaneous responses to the Special Master's Telepsychiatry Report and Recommendations on January 17, 2023. *See* ECF Nos. 7703, 7703-1, 7702 – 7702-3.

On April 12, 2023, the Court adopted the Special Master's Telepsychiatry Report and Recommendations and approved as final the parties' negotiated telepsychiatry policy that it previously approved on a provisional basis. ECF No. 7807. The Court reaffirmed that the parameters for telepsychiatry are controlled by its October 10, 2017 and July 3, 2018 orders about telepsychiatry, and that the Court could not adopt Defendants' proposed Revised Telepsychiatry Policy without modifying those prior orders. *Id.* at 9-10. On May 9, 2023, Defendants filed a Request for Leave to a File a Motion for Reconsideration of the Court's April 12, 2023 Order. ECF No. 7831. The Court ordered Plaintiffs to file a response by May 17, 2023 as to whether the Court should grant Defendants leave to file the proposed Motion for Reconsideration. ECF No. 7832.

Local Rule 230(j) describes what must be included in a motion for reconsideration and requires that a party show, among other things, "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion . . ." and "why the facts or circumstances were not shown at the time of the prior motion." Civ. L.R. 230(j). A court may also grant reconsideration if it "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Defendants cannot meet the requirements in Local Rule 230(j) because they could have made—and indeed did make—the exact arguments they propose for a motion for reconsideration in their January 17, 2023 response to the Special Master's Telepsychiatry Report and Recommendations. The crux of Defendants' proposed reconsideration motion is that the Court's March 27, 2020 order adopting the parties' Provisionally Approved

1  Telepsychiatry Policy superseded the Court's prior telepsychiatry orders.  *See* ECF No.
2  7831 at 2.  But Defendants already made that argument in the simultaneous briefing about
3  the Special Master's Telepsychiatry Report and Recommendations when it stated that its
4  "proposed modifications to the Provional [sic] Policy are expressly contemplated under the
5  2017, 2018 and 2020 orders."  ECF No. 7702 at 14; *see also id.* at 6.  Indeed, the Special
6  Master observed that Defendants' proposed changes to the Provisionally Approved
7  Telepsychiatry Policy exceeded the scope contemplated by the parties' agreement and the
8  scope of the Special Master's monitoring, and were "an attempt to relitigate the law of this
9  case."  ECF No. 7682 at 46.  Plaintiffs also addressed this point in arguing that "prior
10  orders setting limitations on telepsychiatry are law of the case," ECF No. 7703 at 5-6, and
11  that "an order adopting a final telepsychiatry policy would simply enforce compliance with
12  preexisting orders."  *Id.* at 24.  Defendants provide no explanation for why the facts and
13  circumstances they now argue could not have been discussed in more detail in their
14  original briefing.

15  Nor have Defendants shown that the Court's decision was clearly erroneous and
16  warrants reconsideration.  Based on the Special Master's findings, the Court has found
17  throughout the course of the case that telepsychiatry should supplement, not replace onsite
18  psychiatry for patients with the most intensive or emergent needs.  *See* October 10, 2017
19  Order, ECF No. 5711 at 20-23, 31; July 3, 2018 Order, ECF No. 5850 at 4-7.  The Court's
20  March 27, 2020 order, which was meant to permit necessary alterations to the Provisional
21  Telepsychiatry policy supported by the Special Master's monitoring during the provisional
22  period, did not give Defendants free license to ignore its prior orders.  *See* March 27, 2020
23  Order, ECF No. 6539.  The Court was correct to conclude that Defendants should have
24  sought relief from its prior orders rather than propose extensive changes to the Provisional
25  Telepsychiatry policy that do not resemble the policy the Special Master monitored.
26  Defendants' request for leave to file a motion for reconsideration should be denied.
27  / / /
28  / / /

[4292169.1]

**CERTIFICATION**

Plaintiffs' counsel reviewed the following Court orders relevant to the issues in this filing: ECF Nos. 5711, 5850, 6539, 6874, 7003, 7611, 7807.

DATED: May 17, 2023

Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Amy Xu*
    Amy Xu

Attorneys for Plaintiffs