UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No. 2:90-0520 KJM DB P |
| Plaintiffs, | ORDER |
| v. | |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

On May 9, 2023, defendants filed a request for leave to file a motion for reconsideration of this court's April 12, 2023 order, ECF No. 7807, adopting a Report and Recommendation from the Special Master, ECF No. 7682, to give final approval to a policy governing use of telepsychiatry in California Department of Corrections and Rehabilitation (CDCR) institutions, together with a proposed motion for reconsideration. ECF No. 7831. On May 11, 2023, defendants filed a notice of appeal from that order. ECF No. 7834. On May 17, 2023, as required by court order, ECF No. 7832, plaintiffs filed a response to defendants' request for leave to file the motion for reconsideration. ECF No. 7842. For the reasons explained below, defendants' request for leave to file a motion for reconsideration will be denied.

**I. BACKGROUND**

The background leading to the April 12, 2023 order is laid out in full in that order and incorporated here by reference. *See* ECF No. 7807 at 1-5. In that order, the court declined to

1

consider a proposal by defendants for sweeping modifications to their telepsychiatry policy. *Id*. at 8. The court reiterated defendants' use of telepsychiatry is currently controlled by two prior orders, one issued October 10, 2017, ECF No. 5711, and one issued July 3, 2018, ECF No. 5850, which together "imposed 'mandatory' limitations on defendants' use of telepsychiatry." *Id*. (quoting *Coleman v. Newsom*, 789 F. App'x 38, 39 (9th Cir. 2019) (unpublished)). The court found defendants had neither filed motions to modify those controlling orders nor sought to reset a previously vacated hearing on the use of telepsychiatry. *Id*. The court also found that a process agreed to by the parties and approved by the court for finalizing the provisionally approved telepsychiatry policy "is not an appropriate process for seeking changes of the scope defendants propose" for the use of telepsychiatry. *Id*. The court largely relied on settled rules governing the burden a party must carry in seeking modification of court orders. *Id.* at 9–10. The court specifically left the door open for defendants to bring a Rule 60 motion seeking modification of those orders. *Id*.

## II. DISCUSSION

### A. Effect of Defendants' Notice of Appeal on Court Jurisdiction

As a general rule, the filing of a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). However, the district court retains jurisdiction to resolve a timely filed motion for reconsideration even after a notice of appeal is filed. *See* Fed. R. App. P. 4(a)(4)(iv) (motion for reconsideration filed within twenty-eight days of appealable order extends time for filing notice of appeal from underlying order until motion for reconsideration is resolved); *see also* Fed. R. App. P. 4(a)(B)(i) (notice of appeal filed before resolution of timely filed motion for reconsideration "becomes effective to appeal" underlying order when motion for reconsideration is resolved).

Here, the court has not yet granted defendants' request for leave to file their motion for reconsideration. The court's December 24, 2020 order is intended to ensure the parties have exhausted all meet and confer efforts, including communications with the Special Master, before bringing motions and at this late stage of these remedial proceedings. *See* ECF No. 7003 at 2. It

2

1    is also intended generally to encourage focus on remedial efforts more than litigation activity.
2    *See generally* Reporter's Transcript of Proceedings (RT 12/18/2020), ECF No. 7002, at 8-9.
3          Defendants' request for leave to file the motion for reconsideration satisfies at least the
4    first purpose of the December 24, 2020 order; defendants have made an adequate showing of the
5    steps taken to exhaust meet and confer efforts and to communicate with the Special Master.  *See*
6    Decl. of Wolff, ECF No. 7831-3.  Plaintiffs do not contend otherwise. *See generally* ECF
7    No. 7842.  In this instance, the second purpose is coextensive with the court's resolution of
8    defendants' motion; indeed, plaintiffs' response focuses on whether defendants have made the
9    showing necessary to obtain reconsideration of the court's order.  *See generally* ECF No. 7842.
10   Accordingly, defendants' request for leave to file their proposed motion for reconsideration will
11   be granted and the motion for reconsideration will be deemed filed May 9, 2023.  Because the
12   motion was timely and challenges the appealed order, this court has jurisdiction to consider that
13   motion.

      **B.**    **Motion for Reconsideration**

15         The court is satisfied the briefing filed by the parties on the motion for reconsideration is
16   sufficient to allow it to resolve the motion.

      **1.**    **Positions of the Parties**

18         Defendants contend the court made a "clear error" in concluding they were required to
19   bring a Rule 60 motion to modify the October 10, 2017 and July 3, 2018 orders rather than follow
20   the agreed-upon process for review of the provisionally approved telepsychiatry policy.
21   Defendants contend the language of the parties' stipulation, approved by the court, that the
22   provisionally approved telepsychiatry policy "replaces all previous policies concerning CDCR's
23   use of telepsychiatry" supersedes the court's October 10, 2017 and July 3, 2018 orders.  ECF
24   No. 7831-2 at 5.  Therefore, they argue, "the procedural framework set forth in" the parties'
25   stipulation and approved by the court in its March 27, 2020 order, "was the applicable process to
26   propose modifications to the Policy."  *Id*.
27         Plaintiffs disagree.  They argue defendants only rehash arguments made in their objections
28   to the Special Master's Report and Recommendation without any showing why they could not

have discussed those contentions "in more detail in their original briefing." ECF No. 7842 at 3. They also contend defendants have not shown the court's order was clearly erroneous. *Id*.

### 2.     Standards

In relevant part, Rule 60 of the Federal Rules of Civil Procedure authorizes the court to relieve a party from an order for "mistake, inadvertence, fraud, or excusable neglect" or for "any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1), (b)(6). Under this district's local rules, a party seeking reconsideration of a court order must show, among other things:

> (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and
>
> (4) why the facts or circumstances were not shown at the time of the prior motion.

E.D. Cal. L.R. 230(j). And more broadly, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

### 3.     Analysis

Defendants identify no new law or facts. They contend the court clearly erred. The Special Master's December 15, 2022 Report and Recommendation squarely presented two questions: (1) whether the court's October 10, 2017 and July 3, 2018 orders were the law of the case with respect to CDCR's use of telepsychiatry, *see* ECF No. 7682 at 18 n.9, 64, 68; and (2) whether the court-approved process for modifying the provisionally approved telepsychiatry policy should be used to consider defendants' expansive proposed modifications to the use of telepsychiatry, *see id*. at 46. The Special Master found the orders were the law of the case. *Id*. at 18 n.9. He also found defendants could not rely on the court-approved modification process. That process assumed modifications would arise from monitoring, and "defendants' substantially rewritten policy . . . has not been subject to any monitoring." *Id*. at 46. In their objections to that finding, defendants argued that both orders expressly contemplated modifications to CDCR's telepsychiatry policy and that "subsequent orders implicitly recognize that the issue of the limits

on telepsychiatry are not settled." ECF No. 7702 at 21 (citing ECF No. 5928 at 4). Defendants also argued their proposed revised policy was a "reasonable modification" of the provisionally approved policy and therefore properly within the ambit of the process for modifying that policy. *Id*.

In the April 12, 2023 order, the court rejected defendants' position. It held the October 10, 2017 and July 3, 2018 orders would have to be modified if defendants' revised telepsychiatry policy were to be adopted; as the Special Master had found, the process for modifying the provisionally approved policy assumed any modification would occur after monitoring, and defendants' expanded policy had not been subject to any monitoring. ECF No. 7807 at 8. Nor had all stakeholders agreed to it. *Id.*

Defendants now contend the October 10, 2017 and July 3, 2018 orders were superseded when the court approved the parties' agreement that the provisionally approved telepsychiatry policy replaced all prior CDCR policies governing use of telepsychiatry. ECF No. 7831-2 at 5. The March 27, 2020 stipulation and order does not expressly or implicitly provide that it supersedes any prior court orders. *See generally* ECF No. 6539. Defendants present no authority or evidence to show the court's provisional approval of this policy overruled its previous orders.

While defendants correctly observe the court's orders contemplated the possibility of modifications to the telepsychiatry policy, they have not shown the court clearly erred when it concluded the process approved in the March 27, 2020 order is inappropriate for consideration of their proposed modifications. As the court has made clear, the burden is on defendants to show the law and facts require modification of the parameters set in the court's October 10, 2017 and July 3, 2018 orders. The proper procedure for making that showing is through motion practice contemplated by the Federal Rules of Civil Procedure. *See* ECF No. 7807 at 9; *see also* September 20, 2018 Order, ECF No. 5928, at 11.

For all of the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendants' May 9, 2023 request for leave to file a motion for reconsideration of the court's April 12, 2023 order, ECF No.7831, is GRANTED;

/////

2. Defendants' proposed motion for reconsideration, ECF No. 7831-2, is deemed filed May 9, 2023; and

3. Defendants' May 9, 2023 motion for reconsideration, ECF No. 7831-2, is DENIED.

IT IS SO ORDERED.

DATED: May 22, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE