ROB BONTA, State Bar No. 202668
Attorney General of California
MONICA N. ANDERSON, State Bar No. 182970
Senior Assistant Attorney General
DAMON MCCLAIN, State Bar No. 209508
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
NAMRATA KOTWANI, State Bar No. 308741
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7318
  Fax: (916) 324-5205
  E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

HANSON BRIDGETT LLP
PAUL B. MELLO, SBN 179755
SAMANTHA D. WOLFF, SBN 240280
KAYLEN KADOTANI, SBN 294114
LAUREL O'CONNOR, SBN 305478
DAVID C. CASARRUBIAS, SBN 321994
CARSON R. NIELLO, SBN 329970
1676 N. CALIFORNIA BLVD., SUITE 620
WALNUT CREEK, CALIFORNIA 94596
TELEPHONE:  925-746-8460
FACSIMILE:  925-746-8490
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GAVIN NEWSOM, et al. <br><br> Defendants. | Case No. 2:90-CV-00520- KJM-DB <br><br> **DECLARATION OF SAMANTHA D. WOLFF IN SUPPORT OF DEFENDANTS' RESPONSE TO COURT'S JUNE 9 ORDER RE MINIMUM TREATMENT STANDARDS AND PIP STAFFING** <br><br> Judge: Hon. Kimberly J. Mueller |

I, Samantha D. Wolff, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am a partner with Hanson Bridgett LLP, attorneys of record for Defendants. I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2. Attached as **Exhibit A** is a true and correct copy of an email string that I was forwarded from my clients at CDCR with the subject line: "Coleman- Notice RE Temporary Modification to CMF PIPS Master Treatment Plan." The first email in the string was originally

1 | sent by Sundeep Thind, an attorney with CDCR's Office of Legal Affairs, to Plaintiffs' counsel
2 | and the Special Master team on June 8, 2023.
3 |     I declare under penalty of perjury under the laws of the State of California that the
4 | foregoing is true and correct.
5 |     Executed on this 30th day of June, 2023, at Walnut Creek, California.

                                             /s/ *Samantha D. Wolff*
                                             Samantha D. Wolff

DECL. OF SAMANTHA D. WOLFF ISO DEFS' RESPONSE TO COURT'S JUNE 9 ORDER RE
MINIMUM TREATMENT STANDARDS AND PIP STAFFING

# EXHIBIT A

| | |
|---|---|
| **From:** | Thind, Sundeep@CDCR <Sundeep.Thind@cdcr.ca.gov> |
| **Sent:** | Thursday, June 8, 2023 5:01 PM |
| **To:** | Michael Nunez; Coleman Team - RBG Only; Coleman Special Master; Steve Fama |
| **Cc:** | v_Amar.Mehta@cdcr.ca.gov; v_Steven.Cartwright@cdcr.ca.gov; v_Nicholas.Weber@cdcr.ca.gov; v_Melissa.Bentz@cdcr.ca.gov; v_dillon.hockerson@cdcr.ca.gov; Ceballos, Laura@CDCR; Bunn, Albert@CDCR; Worrell, Wendy; v_Elise.Thorn@doj.ca.gov; v_Namrata.Kotwani@doj.ca.gov |
| **Subject:** | RE: Coleman- Notice RE Temporary Modification to CMF PIPS Master Treatment Plan [IMAN-DMS.FID12440] |

Dear Michael,

I write in response to Plaintiffs' email below from June 1, 2023, responding to the California Department of Corrections and Rehabilitation's (CDCR) May 18, 2023 email notice regarding California Medical Facility's (CMF) Psychiatric Inpatient Program (PIP) request to temporarily modify its Master Treatment Plan (MTP). I also write to provide renewed notice that CMF's outpatient and Mental Health Crisis Bed (MHCB) will continue to use the modified MTP and Suicide Risk Evaluation (SRE) for the next 90 days from June 9, 2023, and further notice that CMF PIP will be using the same modified version of the SRE as CMF's outpatient and MHCB programs for 90 days from the date it is implemented.

While CDCR continues to work diligently on revising statewide MTP, CDCR seeks more emergent solutions for CMF. CMF is suffering from extreme staffing shortages, so allowing its clinicians to use the modified MTP and SRE is an effort from CDCR to improve staff retention, make documentation more meaningful, and increase clinical staff's ability to spend more time with their patients. CDCR is looking at all things that are within its ability to improve patient care at individual institutions while system-wide staffing shortages are addressed. The modified SRE for CMF's outpatient and MHCB programs that CDCR discussed with Plaintiffs and the Special Master on March 9, 2023 is the same modified SRE that CDCR proposes to use in CMF's PIP. At the same meeting, CDCR showed Plaintiff's the planned proposal for the PIP MTP and Plaintiff's asked to see the final mock up before it was implemented. Because of the complexity of the PIP MTP, the mock up build in EHRS took over a month to complete and was not ready to share until CDCR circulated it to Plaintiffs and the Special Master on May 18, 2023.

In the same vein, a mock-up of the revised statewide MTP proposal cannot be completed within the 30-day timeframe suggested by Plaintiffs because there are several internal steps that need to be completed before the mock-up can be built and shared with Plaintiffs and the Special Master: (1) a solution center ticket has to be created in order for the item to be placed on the Change Advisory Prioritization Committee (CAPC); (2) CAPC has to meet to vote on the statewide proposal; (3) CDCR then is authorized to share a word document with comments with Plaintiffs and the Special Master to show where the changes were made and give an opportunity to stakeholders to provide constructive feedback; (4) EHRS team builds the mock-up; and (5) CDCR shares the final mock-up with Plaintiffs and the Special Master before the statewide proposal is implemented.

CDCR hopes to complete all five steps within the next 90 days so that a mock-up of the revised statewide proposal can be shared with Plaintiff and the Special Master in early-September. Within the next 45 days, CDCR will share with Plaintiffs and the Special Master a word document containing screenshots and comments to show what changes CDCR proposes to make to statewide MTP.

Plaintiffs brought forth several concerns, which are addressed below with screenshots. First, Plaintiffs are concerned that the narrative section on safety interventions has been removed from the new streamlined treatment plan and believe this section should be maintained. CDCR is unclear which portion of the MTP Plaintiffs are referencing for safety interventions, so we included screenshots of the two portions we think are being referenced below. If Plaintiffs are referring to Screenshot 1, CDCR confirms that this has been removed from the modified MTP because it is the

1

expectation that every clinician must review all clinical documentation in advance of the treatment planning. CDCR is working with Special Master Expert Lindsay Hayes to actively revise the Suicide Risk Assessment and Self-Harm Evaluation (SRASHE). Some revisions have already been made and others are pending, so CDCR is comfortable with removing this portion of the MTP.

If Plaintiffs are commenting on Screenshot 2, this section was never intended for the "Safety Interventions" comment box for a rewrite of the patient's safety plan. Rather, this comment box was created to address a Joint Commission requirement to ensure what the patient's preferences are to keep them safe when the patient is in a mental health crisis..



Screenshot 1



Screenshot 2

Second, Plaintiffs are concerned that the revised Master Treatment Plan eliminates the section regarding a housing/Least Restrictive Housing (LRH) evaluation and no longer has a space to provide a narrative treatment plan other than patients' goals and specified treatment frequency. The housing review portion of the MTP is still a part of the modified MTP, as depicted below by Screenshot 3.

Regarding the text field for treatment goals, CDCR did not have a space in the old version of the MTP to write a narrative treatment plan. If Plaintiffs are instead referring to Screenshot 4 as a part of this comment, which relates to the Interdisciplinary Plans of Care (IPOCS), this form field does not allow staff to write a narrative treatment plan; instead, this brings forth IPOCS which are ordered outside of the treatment plan (a Cerner function). The new form models a more integrated way for staff to document the treatment goals and interventions within the treatment plan itself. The table pasted below, as Screenshot 5, is where the treatment plan can be documented. This allows the clinician to document the goals within the treatment plan itself. This format for documentation of treatment goals is superior to a text box which does not lend itself or encourage smart goals. CDCR believes that continuing to pull the IPOC rendering into the treatment plan will be helpful to staff so they can also see any IPOCs that have been ordered.

Third, Plaintiffs ask if the IDTTs for patients in the CMF PIP will still discuss clinical appropriateness for LRH and where will these evaluations will be documented. Yes, CMF PIP in using the modified MTP will still discuss clinical appropriateness for LRH and it will be documented in the "Treatment Planning" tab which is provided below in Screenshot 3.



Screenshot 3



Screenshot 4



Screenshot 5

We look forward to meeting with Plaintiffs and the Special Master tomorrow morning at 10:30 am PST to discuss this matter further and to answer any additional questions.

Thank you,

*Sundeep Thind*
Attorney
Office of Legal Affairs, CDCR
Work Cell: (916) 215-4043
Email:  Sundeep.Thind@cdcr.ca.gov

*Pronouns – She, her, hers*

**CONFIDENTIALITY NOTICE**: This communication with its contents may contain confidential and/or legally privileged information including, but not limited to, the attorney/client privilege and/or the attorney work product doctrine. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of this communication.

**From:** Michael Nunez <MNunez@rbgg.com>
**Sent:** Thursday, June 1, 2023 7:40 PM
**To:** Thind, Sundeep@CDCR <Sundeep.Thind@cdcr.ca.gov>; Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbgg.com>; Coleman Special Master <colemanspecialmaster@pldolaw.com>; Steve Fama <sfama@prisonlaw.com>
**Cc:** Mehta, Amar@CDCR <Amar.Mehta@cdcr.ca.gov>; Cartwright, Steven@CDCR <Steven.Cartwright@cdcr.ca.gov>; Weber, Nicholas@CDCR <Nicholas.Weber@cdcr.ca.gov>; Bentz, Melissa@CDCR <Melissa.Bentz@cdcr.ca.gov>; Hockerson, Dillon@CDCR <Dillon.Hockerson@cdcr.ca.gov>; Ceballos, Laura@CDCR <Laura.Ceballos@cdcr.ca.gov>; Bunn, Albert@CDCR <Albert.Bunn@cdcr.ca.gov>
**Subject:** RE: Coleman- Notice RE Temporary Modification to CMF PIPS Master Treatment Plan [IMAN-DMS.FID12440]

**CAUTION:** This email originated from outside of CDCR/CCHCS. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Dear Sundeep,

Thank you for providing us with screen shots of the modified Master Treatment Plan Defendants intend to use at the CMF PIP ("Plan" or "MTP"). We have several significant concerns about the use of the proposed abbreviated Plan. We understand your representation that it will only be used on a short term basis to mitigate harm from the extreme staffing crisis at CMF PIP, but this is only further evidence that Defendants must revamp their PIP staff Recruitment and Retention Plan. CMF PIP, like CDCR's other PIPs, treat the most vulnerable, complex, and challenging *Coleman* class

members in CDCR's custody.  The abbreviated Master Treatment Plan is only the latest example of Defendants triaging crucial mental healthcare for some of its neediest patients.  Defendants must dramatically strengthen their PIP staffing Recruitment and Retention Plan to have any hope of achieving the staffing necessary to provide constitutionally adequate care.

We also understood during our discussions of the revised MTP for outpatients at CMF in March that Defendants intended to circulate a proposed overhaul of their Master Treatment Plan forms for use systemwide.  We have not yet received this proposal.  We do not wish to agree to the use of this truncated MTP in the CMF PIP indefinitely on a triage basis without seeing and discussing Defendants' proposal for improving the MTP statewide, so we can assess whether we can agree to longer term modifications of the current form.  We will consent to the use of the proposed MTP form in the CMF PIP on a very short term basis, but only if Defendants can agree to circulate your proposed systemwide MTP revisions within the next thirty days and commit to meet and confer with us and the Special Master team regarding the proposal.  We also note that our agreement that Defendants could use the revised MTP form in outpatient settings in CMF expires in the next week, and we have not received a request to continue its use, so we assume Defendants will resume use of the standard MTP form for outpatients next week—please confirm.

Our specific questions and concerns regarding the content of the abbreviated Master Treatment Plan are below.

First, we are concerned that the narrative section on safety interventions has been removed from the new streamlined treatment plan.  We think this critical section should be maintained.  The revised treatment plan mock up does include a section entitled "Advance Preferences for Safety Interventions," but that only appears to record patients' preference for future safety interventions.  We think that a section for clinical safety planning interventions should be retained given the critical importance of such work.

Second, we are concerned that the revised Master Treatment Plan eliminates the section regarding a housing/LRH evaluation and no longer has a space to provide a narrative treatment plan other than patients' goals and specified treatment frequency.  Inclusion of a substantive master treatment plan beyond patient goals and treatment frequency is the core of treatment planning, and it should be maintained even in the shortened Master Treatment Plan.  The documentation of the IDTT's clinical LRH evaluation is also critical for ensuring that eligible patients can access more therapeutic lower-custody inpatient settings.  Will IDTTs for patients in the CMF PIP still discuss clinical appropriateness for LRH?  If so, will these evaluations be documented elsewhere, and if so, where will they be documented?

Thank you,

Mike

---

**From:** Thind, Sundeep@CDCR <Sundeep.Thind@cdcr.ca.gov>
**Sent:** Thursday, May 18, 2023 12:29 PM
**To:** Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbgg.com>; Coleman Special Master <colemanspecialmaster@pldolaw.com>; Steve Fama <sfama@prisonlaw.com>
**Cc:** Mehta, Amar@CDCR <Amar.Mehta@cdcr.ca.gov>; Steven Cartwright <Steven.Cartwright@cdcr.ca.gov>; Nick Weber <Nicholas.Weber@cdcr.ca.gov>; Melissa Bentz <Melissa.Bentz@cdcr.ca.gov>; Hockerson, Dillon@CDCR <Dillon.Hockerson@cdcr.ca.gov>; Laura Ceballos <laura.ceballos@cdcr.ca.gov>; Bunn, Albert@CDCR <Albert.Bunn@cdcr.ca.gov>
**Subject:** Coleman- Notice RE Temporary Modification to CMF PIPS Master Treatment Plan

[EXTERNAL MESSAGE NOTICE]

All,

CDCR would like to temporarily modify its master treatment plan at California Medical Facility's (CMF) Psychiatric Inpatient Program (PIP), as outlined by the "CMF PIP MTP Mockup 5.2.23" document attached above. This would be done in the same way the Master Treatment plan revision for CMF outpatient and MHCB was implemented.

CDCR has attached its Official PIP Master Treatment Plan above so you can compare our proposed modifications with it. Please provide us with any feedback no later than June 1, 2023. If you would like to discuss further, we are happy to set up a meet and confer, so please feel free to provide some dates and times that would work for your offices to meet with us.

Thank you,

*Sundeep Thind*
Attorney
Office of Legal Affairs, CDCR
Work Cell: (916) 215-4043
Email: Sundeep.Thind@cdcr.ca.gov

*Pronouns – She, her, hers*

**CONFIDENTIALITY NOTICE**: This communication with its contents may contain confidential and/or legally privileged information including, but not limited to, the attorney/client privilege and/or the attorney work product doctrine. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of this communication.