| | |
|---|---|
| DONALD SPECTER – 083925<br>STEVEN FAMA – 099641<br>MARGOT MENDELSON – 268583<br>PRISON LAW OFFICE<br>1917 Fifth Street<br>Berkeley, California  94710-1916<br>Telephone:   (510) 280-2621<br><br>CLAUDIA CENTER – 158255<br>DISABILITY RIGHTS EDUCATION<br>AND DEFENSE FUND, INC.<br>Ed Roberts Campus<br>3075 Adeline Street, Suite 210<br>Berkeley, California  94703-2578<br>Telephone:   (510) 644-2555 | MICHAEL W. BIEN – 096891<br>ERNEST GALVAN – 196065<br>LISA ELLS – 243657<br>JENNY S. YELIN – 273601<br>THOMAS NOLAN – 169692<br>MICHAEL S. NUNEZ – 280535<br>AMY XU – 330707<br>CARA E. TRAPANI – 313411<br>MARC J. SHINN-KRANTZ – 312968<br>ALEXANDER GOURSE – 321631<br>GINGER JACKSON-GLEICH – 324454<br>ADRIENNE PON HARROLD – 326640<br>ARIELLE W. TOLMAN – 342635<br>ROSEN BIEN<br>GALVAN & GRUNFELD LLP<br>101 Mission Street, Sixth Floor<br>San Francisco, California  94105-1738<br>Telephone:   (415) 433-6830 |

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>GAVIN NEWSOM, et al.,<br><br>　　　　　Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**STATEMENT OF PLAINTIFFS' POSITION REGARDING CONTEMPT FINDINGS AND FINES**<br><br>Judge:  Hon. Kimberly J. Mueller |

STATEMENT OF PLAINTIFFS' POSITION REGARDING CONTEMPT FINDINGS AND FINES

Pursuant to the Court's Orders of July 11, 2023, ECF Nos. 7872 and 7873, Plaintiffs hereby submit the following statement of their position regarding contempt findings and fines arising from Defendants' non-compliance with the Court's orders requiring (1) full and permanent compliance with Program Guide timelines for the transfer of *Coleman* class members to inpatient care; and (2) full compliance with Defendants' 2009 Staffing Plan, as amended, as well as with orders establishing a maximum vacancy rate of ten percent for certain job classifications.

"Civil contempt … consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Institute of Cetacean Research v. Sea Shepherd Conservation Society*, 774 F.3d 935, 945 (9th Cir. 2014) (quoting *In re Dual-Deck Video Cassette Recorder Antitrust Litigation*, 10 F.3d 693, 695 (9th Cir. 1993)). "A contemnor in violation of a court order may avoid a finding of civil contempt only by showing it took *all* reasonable steps to comply with the order." *Kelly v. Wengler*, 822 F.3d 1085, 1096 (9th Cir. 2016) (emphasis in original).

The Orders at issue in these proceedings are specific and definite. On April 19, 2017, this Court ordered that "On or before May 15, 2017, defendants shall come into full and permanent compliance with Program Guide timelines for transfer of inmate-patients to acute and intermediate care facility programs." ECF No. 5610 at 13. Those timelines require Defendants to transfer *Coleman* class members referred to the acute level of care "within ten days of referral," and to transfer class members referred for intermediate care "within 30 days of referral." MHSDS Program Guide, 2009 Revision at 12-1-16, ECF No. 7333-1 at 19; *see also* 03/24/17 Order to Show Cause, ECF No. 5583 at 3.

Subsequently, the Court ordered the CDCR Defendants to "come into complete compliance with the staffing ratios in their 2009 Staffing Plan and the maximum ten percent vacancy rate required by" the Court's orders of June 13, 2002, and April 11, 2023. *See* 10/10/17 Order, ECF No. 5711 at 30; 06/13/02 Order, ECF No. 1383 at 4; 04/11/23 Order, ECF No. 7608 at 8. None of the orders at issue in these proceedings leave any doubt as to what was required of Defendants.

1   It is indisputable that Defendants have been (and currently are) non-compliant with these orders, even though their deadlines for compliance have long since passed. According to Defendants' own monthly inpatient-transfer data, dozens of patients have collectively waited many hundreds of days beyond the applicable timeline for their transfer to clinically necessary inpatient care. *See, e.g.*, ECF No. 7859 at 23; ECF No. 7836 at 21; ECF No. 7811 at 21; ECF No. 7762 at 21; ECF No. 7730 at 21. Similarly, Defendants' monthly staffing data clearly shows vacancy rates of far greater than ten percent for nearly all of the job classifications at issue in these proceedings. *See, e.g.,* ECF No. 7866 at 23; ECF No. 7849 at 23.

In light of Defendants' widespread and ongoing non-compliance with the Court's orders relating to inpatient transfer timelines and staffing vacancies, they can only avoid the contempt fines by proving that they took <u>every</u> reasonable step to comply. If Defendants do not meet their burden, the Court must issue findings of contempt as to both issues. The Court should then order that all fines that have accumulated pursuant to the April 19, 2017, February 28, 2023, and April 11, 2023 orders be paid. In addition, the Court should order additional briefing from the parties on the precise use of the fines. Plaintiffs' position is that the fines must be used for the direct benefit of the *Coleman* class. *See Parsons v. Ryan,* 949 F.3d 443, 456 (9th Cir. 2020).

## CERTIFICATION

The undersigned counsel for Plaintiffs certifies that he reviewed the following relevant orders to prepare this filing: ECF Nos. 7873, 7872, 7804, 7786, 7766, 7742, 7741, 7608, 7504, 7035, 5711, 5610, 5583, 1383.

DATED: July 18, 2023                Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP


By: */s/ Alexander Gourse*
    Alexander Gourse

Attorneys for Plaintiffs