Rob Bonta, State Bar No. 202668
Attorney General of California
Monica N. Anderson, State Bar No. 182970
Senior Assistant Attorney General
Damon McClain, State Bar No. 209508
Supervising Deputy Attorney General
Elise Owens Thorn, State Bar No. 145931
Namrata Kotwani, State Bar No. 308741
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7318
 Fax: (916) 324-5205
 E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

HANSON BRIDGETT LLP
Paul B. Mello, SBN 179755
Samantha D. Wolff, SBN 240280
Kaylen Kadotani, SBN 294114
Laurel O'Connor, SBN 305478
David C. Casarrubias, SBN 321994
Carson R. Niello, SBN 329970
1676 N. California Blvd., Suite 620
Walnut Creek, California 94596
Telephone:   925-746-8460
Facsimile:   925-746-8490
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, et al.<br><br>Defendants. | Case No. 2:90-CV-00520- KJM-DB<br><br>**DEFENDANTS' POSITION STATEMENT RE CONTEMPT FINDINGS AND FINES**<br><br>Date: September 29, 2023<br>Time: 10:00 am<br>Crtrm.: 3<br><br>Judge: Hon. Kimberly J. Mueller |

Defendants submit the following position statement on contempt findings and fines pertaining to both the transfer timeline and 2009 Staffing Plan compliance issues, in response to this Court's July 11, 2023 order.[1]

---

[1] The July 11, 2023 order notes that in their joint March 21, 2023 filing, the parties represented they would file separate submissions on or before June 16, 2023, setting forth their respective positions on contempt findings and fines, but that neither party filed a submission as represented. (ECF 7872 at 2:4-15.) It was Defendants' understanding through their reading of the order and in consultation with Plaintiffs' counsel, that because the Court's March 27, 2023 order did not specifically adopt the parties' proposed June 16th deadline (though it did include seven other deadlines proposed by the parties) that the Court did not wish to hear from the parties as proposed.

1 *Transfer Timelines*. The Court is considering whether to issue a finding of civil contempt against Defendants for non-compliance with the Court's April 19, 2017 order requiring them to come into full and permanent compliance with Program Guide timelines for transfer of patients to acute and intermediate care facility inpatient programs going back to May 16, 2017. *See* ECF No. 7872 at 1. The fines contemplated by the Court's orders to date are $1,000 for each day that each patient is waiting to transfer beyond prescribed timeframes. *See* ECF No. 7741 at 1:19-21.

*The 2009 Staffing Plan*. The Court is also considering whether to issue a finding of civil contempt against Defendants as a result of non-compliance with the Court's October 10, 2017 order to fully implement their 2009 Staffing Plan and modifications thereto. *See* ECF No. 7872 at 1. The fines contemplated will be calculated based on the average of the maximum salary for each classification in the state's salary schedule multiplied by the number of vacancies. *See* ECF 7742.

Defendants are prepared to present documentary evidence, testimony by declarations, and live witness testimony in order to defend against findings of contempt and the issuance of sanctions.

## LEGAL STANDARD

Courts have the "inherent power to enforce compliance with their lawful orders through civil contempt" where a person "willfully disobeys a specific and definite order requiring him to do or to refrain from doing an act." *Shillitani v. U.S.*, 384 U.S. 364, 371 (1966); *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1146 (9th Cir. 1983). Civil contempt proceedings are generally designed to compensate or coerce a party to act when that party has failed to take "'all the reasonable steps within [its] power to insure compliance with the [court's] order.'" *Shuffler*, 720 F.2d at 1146-1147, *quoting Sekaquaptewa v. MacDonald*, 544 F.3d 396, 406 (9th Cir. 1976); *see also Int'l Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 827-829 (1994).

However, a court's remedial powers "are not unlimited." *Whitcomb v. Chavis*, 403 U.S. 124, 161 (1971). As the Supreme Court has recognized, "'in selecting contempt sanctions, a court is obliged to use the least possible power adequate to the end proposed.'" *Spallone v. U.S.*, 493 U.S. 265, 276 (1990), *quoting U.S. v. City of Yonkers*, 856 F.2d 444, 454 (2nd Cir. 1988) (internal quotations omitted). Indeed, "'the federal courts in devising a remedy must take into account the

interests of state and local authorities in managing their own affairs, consistent with the Constitution.'" *Spallone*, 493 U.S. at 276, *quoting Milliken v. Bradley,* 433 U.S. 267, 280-81 (1977).

In issuing a finding of civil contempt, courts must give the opportunity to purge, *i.e.*, the opportunity for the contemnor to avoid the fines by coming into compliance with the court's order. *Bagwell*, 512 U.S. at 829. Indeed, the opportunity to purge is essential, and has been described as a choice the contemnor has the liberty to make: "[T]he contemnor is able to purge the contempt and obtain his release by committing an affirmative act, and thus carries the keys of his prison in his own pocket." *Id.* at 828 (internal quotations omitted).

## STATEMENT ON CONTEMPT FINDINGS AND FINES

To date, the Court has not made any findings of contempt against Defendants related either to transfer timelines or the 2009 Staffing Plan. Previously, the Court set a hearing in November of 2017 for "consideration of findings of contempt and the requirement of payment of fines that may have accumulated on or after May 16, 2017." *See* ECF No. 5610 at 14:19-21. But that hearing date was later vacated by the Court and never reset. *See* ECF No. 7741. Thus, the upcoming contempt proceedings on September 29, 2023 will be the first time the Court will receive testimony and evidence and adjudicate the questions of contempt and imposition of fines.

Because there has not been a contempt finding to date, any fines that pre-date a future finding of contempt cannot be imposed. *See CBS Broadcasting Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 102 (2d Cir. 2016) (holding that a court can impose fines for prior violations only where the contempt order follows an earlier contempt order that outlined the anticipated *per diem* fee schedule for further violations). Here, Defendants must have an opportunity to purge any findings of civil contempt after those findings are made but before the imposition of fines.

Based on both the anticipated evidence that will be presented at the contempt proceedings and the defenses listed below, Defendants will show that neither a finding of contempt nor an imposition of fines is appropriate.

/ / /

/ / /

# STATEMENT OF ANTICIPATED DEFENSES

Defendants do not knowingly or intentionally waive any applicable defense and reserve the right to assert and rely on such other applicable defenses as may become available or apparent during the course of the proceedings. Defendants further reserve the right to amend this statement to assert additional defenses and/or abandon defenses. Without assuming any burdens that they would not otherwise bear, Defendants assert the following defenses:

### A. Transfer Timelines

Defendants intend to put forward evidence and testimony to establish the following defenses pertaining to the transfer timeline civil contempt proceedings:

**1. CDCR has demonstrated sustained periods of compliance with transfer timelines.**

Defendants will produce evidence showing that, while CDCR's compliance with transfer timelines has fluctuated over time, CDCR has demonstrated sustained periods of compliance.

**2. Defendants have substantially complied with transfer timelines.**

Defendants will produce evidence showing they have been in substantial compliance with Program Guide transfer timelines, notwithstanding previous minimal levels of periodic noncompliance. Defendants will also produce evidence showing that patients receive adequate care and are frequently evaluated and managed while awaiting transfer beyond Program Guide requirements.

**3. Defendants have been, and continue to presently engage in, extensive efforts to alleviate waitlists and comply with transfer timelines.**

Defendants will produce evidence showing that they have been engaged, and continue to presently engage, in extensive efforts to alleviate waitlists and comply with transfer timelines.

**4. The Court cannot impose civil contempt sanctions predating an adjudication of contempt.**

Because this Court has not made any findings of contempt against Defendants to date, any fines pre-dating a future finding of contempt cannot be imposed. *See CBS Broadcasting Inc.*, 814 F.3d at 102. Defendants must be afforded an opportunity to purge following any finding of civil

contempt related to transfer timelines. *Id.*

### 5. Compliance with transfer timelines, under certain circumstances, is impossible.

Defendants will produce evidence showing that, under certain circumstances, compliance with Program Guide transfer timelines is impossible despite all reasonable efforts being made.

## B. The 2009 Staffing Plan

Defendants intend to put forward evidence and testimony to establish the following defenses pertaining to the 2009 Staffing Plan civil contempt proceedings:

### 1. Defendants are in compliance with certain requirements of the 2009 Staffing Plan.

Defendants will produce evidence showing they are in compliance with certain requirements of the 2009 Staffing Plan, notwithstanding previous periodic noncompliance.

### 2. Defendants have been in substantial compliance with certain requirements of the 2009 Staffing Plan.

Defendants will produce evidence showing they have been in substantial compliance with certain requirements of the 2009 Staffing Plan, notwithstanding previous periodic noncompliance.

### 3. Compliance with all aspects of the 2009 Staffing Plan—even at 90% fill rates—is impossible in the current labor market.

Defendants will produce evidence showing that compliance with all aspects of the 2009 Staffing Plan is impossible in the current labor market for mental health professionals extending across all classifications including psychiatrists, psychologists, licensed clinical social workers, recreational therapists, and medical assistants.

### 4. CDCR has taken reasonable steps to alleviate staffing vacancies.

Defendants will produce evidence showing that, notwithstanding the challenges identified above, CDCR has taken reasonable steps to recruit and retain staff, including by implementing telepsychiatry and planning to expand the use of telemental health, increasing salaries, and loan forgiveness, among other initiatives. CDCR has also alleviated staffing vacancies through the use of registry.

### 5. The Court cannot impose civil contempt sanctions predating an adjudication of contempt.

Because this Court has not made any findings of contempt against Defendants to date, any fines pre-dating a future finding of contempt cannot be imposed. *See CBS Broadcasting Inc.*, 814 F.3d at 102. Defendants must be afforded an opportunity to purge following any finding of civil contempt related to compliance with the 2009 Staffing Plan. *Id.*

### CERTIFICATION

Counsel for Defendants certify that they have reviewed the following relevant orders in preparing this filing: ECF Nos. 5583, 5610, 5631, 7426, 7504, 7608, 7741, 7742, 7766, 7786, 7804, 7872, 7873.

DATED: July 18, 2023

ROB BONTA
Attorney General of California

By: */s/ Damon McClain*
DAMON MCCLAIN
Supervising Deputy Attorney General
ELISE OWENS THORN
Deputy Attorney General
*Attorneys for Defendants*

DATED: July 18, 2023

HANSON BRIDGETT LLP

By: */s/ Samantha Wolff*
PAUL B. MELLO
SAMANTHA D. WOLFF
DAVID C. CASARRUBIAS
Attorneys for Defendants