DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

CLAUDIA CENTER – 158255
DISABILITY RIGHTS EDUCATION
AND DEFENSE FUND, INC.
Ed Roberts Campus
3075 Adeline Street, Suite 210
Berkeley, California 94703-2578
Telephone: (510) 644-2555

MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
LISA ELLS – 243657
JENNY S. YELIN – 273601
THOMAS NOLAN – 169692
MICHAEL S. NUNEZ – 280535
AMY XU – 330707
CARA E. TRAPANI – 313411
MARC J. SHINN-KRANTZ – 312968
ALEXANDER GOURSE – 321631
GINGER JACKSON-GLEICH – 324454
ADRIENNE PON HARROLD – 326640
ARIELLE W. TOLMAN – 342635
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GAVIN NEWSOM, et al.,<br><br>　　　　Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**[PROPOSED] ORDER RE DEFENDANTS' EXPERT TOURS**<br><br>Judge: Hon. Kimberly J. Mueller |

[4328910.1]

     The parties have submitted a joint statement with their respective positions regarding their disputes about the tours Defendants intend their experts, VRJS/Falcon, to conduct of all prisons with MHSDS patients in the CDCR system.  *See* ECF No. 7883.  The Court, having reviewed the parties' positions, orders as follows:

     1.    Defendants' shall immediately pause all the Falcon expert tours and shall not resume the tours until October 1, 2024 and/or after the conclusion of the September 29, 2023 contempt proceedings regarding inpatient transfer timelines and staffing.

     2.    Defendants shall not conduct Falcon expert tours at two or more institutions simultaneously.

     3.    At least seven days before the first day of each Falcon expert tour, Defendants shall provide Plaintiffs and the Office of the Special Master with the start time and the end time for each day of the tour.

     4.    Defendants' experts shall not observe the provision of mental health treatment to *Coleman* class members or interactions between mental health staff and *Coleman* class members outside the presence of Plaintiffs' counsel.

     5.    Defendants shall negotiate with Plaintiffs in advance of any Falcon expert tour regarding the time, place, and manner of any and all portions of the tour that will involve contact with *Coleman* class members.

     6.    Defendants' experts shall not observe any form of one-on-one mental health treatment provided to *Coleman* class members.

     7.    Defendants' experts must first obtain informed consent from every *Coleman* class member before Defendants' experts may interview the class member or observe any mental health treatment events involving the class member, including group treatment, IDTTs, ICCs, UCCs, and R&R screenings.  The parties shall negotiate the content of the consent statement that shall be read to *Coleman* class members to inform them about the request to interview and/or observe their contacts with mental health staff.  At a minimum, the informed consent statement must explain to class members that the observation is part of a study, the purpose of the study is to evaluate the Program Guide and delivery of

mental health care, and the study may be used to modify or terminate some or all of the Court's remedial orders in this action.

8. Defendants must also obtain informed consent from each patient's mental health clinician before Defendants' experts may observe any mental health treatment events involving the mental health clinician. The informed consent statement for mental health clinicians must include the purpose of the expert study and the clinician's right to refuse to allow the experts to observe their treatment of patients.

IT IS SO ORDERED.

DATED: _____, 2023

_____
Honorable Kimberly J. Mueller

[4328910.1]

2
[PROPOSED] ORDER RE DEFENDANTS' EXPERT TOURS