1

2

3

4

5

6

7

8

9                UNITED STATES DISTRICT COURT

10           FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12   RALPH COLEMAN, et al.,                    No. 2:90-cv-0520 KJM DB P

13                   Plaintiffs,               ORDER

14        v.

15   GAVIN NEWSOM, et al.,

16                   Defendants.

17

18        With leave of court, ECF No. 7880, on July 25, 2023, the parties filed a joint statement

19   concerning disputes that have arisen over ongoing tours by a team of experts with Voorhis

20   Robertson Justice Services (VRJS) and Falcon, Inc. (together hereafter VRJS/Falcon).  For the

21   reasons explained in this order, defendants shall suspend the tours immediately pending further

22   discussion at the August 10, 2023 status conference.

23        In October 2020, defendants contracted with VRJS/Falcon to assess, among other things,

24   CDCR's mental health program, its staffing levels and staffing ratios, and its delivery of mental

25   health care.  *See* Decl. of Falcon, ECF No. 7884, ¶ 2.  In August 2022, VRJS/Falcon shared the

26   results of an 18-month study with defendants.  *Id.* ¶ 4 & Ex. B.  Thereafter, "CDCR retained

27   VRJS/Falcon to conduct a broader, systemwide study of CDCR's Mental Health Services

28   /////

                                          1

delivery system." *Id.* ¶ 5.  VRJS/Falcon has hired approximately 30 experts to complete this study.  *Id.*

In April 2023, defense counsel Paul Mello sent a letter to plaintiffs' counsel and the Special Master notifying them of the planned VRJS/Falcon study and that the study would include on-site visits in prisons, likely starting in July 2023.  Decl. of McClain, ECF No. 7885, ¶ 2.  On June 13, 2023, defense counsel Samantha Wolff sent an email to plaintiffs' counsel and the Special Master with specific tour dates for July and August.  *Id.* ¶ 3.  On June 20, 2023, Ms. Wolff sent another email to plaintiffs' counsel and the Special Master advising that the VRJS/Falcon team wanted to interview patients and asking if plaintiffs would object.  *Id.*  On June 22, 2023, plaintiffs' counsel Michael Bien responded that plaintiffs did not consent to any interviews by defense experts but that plaintiffs' counsel might "cooperate in defendants' efforts to obtain interviews" if plaintiffs were provided enough information "to understand who will be doing the interviews and for what purpose," or perhaps if plaintiffs' counsel were present and had received "an opportunity to meet privately beforehand with the patient."  *Id.* ¶ 4.  The parties have had further discussions over the scope, if any, of patient interviews that may be conducted by the VRJS/Falcon team.  *See*, *e.g.*, *id.* ¶¶ 7-8.  Their joint statement reflects substantial disagreement at this point over the permissible scope, if any, of patient interviews.  *See generally* ECF No. 7883.

Broadly, the joint statement reflects disagreement over the purpose of these tours.  *Id.* More specifically, the parties disagree whether defendants must seek leave of court to reopen discovery and conduct these tours and whether the court must set clear parameters for the tours. *Id.*  Defendants contend the tours are a "self-evaluation of their own system" consistent with their "responsibility to 'self-monitor, and as necessary, self-correct inadequacies in the delivery of mental health care,'" and believe there is no court order requiring defendants to get permission from the court for such tours.  *Id.* at 8.  The court is not persuaded.

Mr. Mello's April 21, 2023 letter includes the following:

> Please note that while Defendants have retained experts to evaluate the MHSDS, Defendants have not made any decision to move for termination and are therefore not providing notice pursuant to this Court's February 21, 2018 Order. ECF 5794. Defendants may, in the future, take action to terminate or modify all or parts of this

case — or none at all — pending the experts' determination and recommendation(s), at which time Defendants will provide six months' notice as required by this Court's February 21, 2018 Order.

Decl. of Bien, Ex. A, ECF No. 7886, at 14.

The court's February 21, 2018 order requires defendants to provide at least six months' notice before filing a motion for termination.  February 21, 2018 Order, ECF No. 5794, at 10. The court issued the order against the backdrop then of defendants' prior termination motion, following which the court found defendants had violated California Rules of Professional Conduct 2-100 by conducting *ex parte* interviews with class members represented by counsel and using those interviews to support the termination motion.  *Id*. at 1-2 (quoting ECF No. 4539 at 20-21).  Defendants also had arranged a second set of unilateral prison tours by defense consultants in late December 2017 and January 2018 to evaluate defendants' staffing plan.  *Id*. at 4-5.  The court set the six month notice period to "serve[ ] the purposes of Federal Rules of Civil Procedure 16 and 26 by permitting an orderly period of discovery and expert disclosures to inform any litigation."  *Id*. at 9.  The court expressly stated it would "not set a specific schedule for expert discovery" in advance of such notice; rather, in the event defendants did file such notice "the court will then set a discovery scheduling conference within one week after the filing of the notice."  *Id.*

Based on the current record, defendants' present tours are remarkably similar in nature to the prior tours that led the court to issue the February 21, 2018 order.  The evidence before the court now regarding defendants' current contracts with VRJS/Falcon does not square with the representations in Mr. Mello's April 21, 2023 letter that these tours are simply in aid of their "responsibility to 'self-monitor, and, as necessary, self-correct inadequacies in the discovery of mental health care.'"  ECF No. 7883 at 8.

/////

/////

/////

/////

/////

1        The issues raised by the parties' joint statement will be added to the agenda for the

2  August 10, 2023 status conference.  Defendants shall immediately halt all VRJS/Falcon tours of

3  CDCR prisons until further order of the court.

4        IT IS SO ORDERED.

5  DATED:  July 28, 2023.

6

CHIEF UNITED STATES DISTRICT JUDGE