DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California  94710-1916
Telephone:   (510) 280-2621

CLAUDIA CENTER – 158255
DISABILITY RIGHTS EDUCATION
AND DEFENSE FUND, INC.
Ed Roberts Campus
3075 Adeline Street, Suite 210
Berkeley, California  94703-2578
Telephone:   (510) 644-2555

MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
LISA ELLS – 243657
JENNY S. YELIN – 273601
THOMAS NOLAN – 169692
MICHAEL S. NUNEZ – 280535
AMY XU – 330707
CARA E. TRAPANI – 313411
MARC J. SHINN-KRANTZ – 312968
ALEXANDER GOURSE – 321631
GINGER JACKSON-GLEICH – 324454
ADRIENNE PON HARROLD – 326640
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:   (415) 433-6830

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | Case No. 2:90-CV-00520-KJM-DB |
| Plaintiffs, | **PLAINTIFFS' STATUS REPORT IN RESPONSE TO ORDERS OF JULY 11 AND 19, 2023** |
| v. | |
| GAVIN NEWSOM, et al., | Date:   August 10, 2023 |
| Defendants. | Time:   10:00 a.m. |
| | Crtrm.: 3 |
| | Judge:  Hon. Kimberly J. Mueller |

[4333390.6]

On July 11, 2023, the Court ordered the Parties to "file status reports identifying with specificity the time each party anticipates for presentation of direct evidence, cross-examination, and rebuttal evidence as to each issue [for which contempt proceedings are pending] and whether the hearing can be completed in one day or, instead, whether the court will need to plan to continue the hearing day by day." ECF No. 7872 at 3. On July 19, 2023, the Court further ordered both parties to "include in their Status Reports a proposed date for filing opening briefs prior to hearing." ECF No. 7879.[1]  Plaintiffs hereby submit the following Status Report in response to these orders.

## I. ANTICIPATED TIME NEEDED FOR PRESENTATION OF EVIDENCE AS TO EACH ISSUE AND WHETHER THE HEARING CAN BE COMPLETED IN ONE DAY.

The parties have agreed that the Court should bifurcate the September 29, 2023 hearing to separate inpatient transfer issues from staffing issues. *See* ECF No. 7875 at 2. For the inpatient transfer issue, Plaintiffs anticipate that three hours of testimony per side—allocated as each party chooses between direct evidence, cross examination, and rebuttal evidence—would be sufficient. For the staffing issue, Plaintiffs anticipate five hours of testimony per side. As a result, Plaintiffs suggest that the Court plan to continue the staffing portion of the hearing day by day as necessary.

Defendants have informed Plaintiffs that they intend to present testimony regarding care provided to individual patients who waited for inpatient care past Program Guide transfer timelines. Plaintiffs understand this evidence to be specifically precluded by the Court's November 6, 2017 Order, ECF No. 5726 at 9:

> [I]t is patently not the court's role to evaluate the adequacy of care provided to individual class members who have waited beyond Program Guide timelines to be transferred to necessary inpatient hospital care; the court's job is to assess and enforce compliance with the requirements of defendants' remedial plan. The focus of any contempt hearing will be on defendants' systemic efforts to comply with the transfer

---

[1] In its July 19, 2023 Minute Order the Court also ordered Defendants to "identify with specificity those requirements of the 2009 Staffing Plan they contend they are in compliance with and those requirements of the 2009 Staffing Plan they contend they have been in substantial compliance with." ECF No. 7879.

1    timelines and to remove obstacles to compliance.

2    Patient-level evidence would prolong the proceedings enormously, and to no good purpose,

3    as the Court has already identified the issue as Defendants' systemic compliance with the

4    timelines.  Plaintiffs request that the Court reaffirm at or before the August 10, 2023 status

5    conference that the November, 6, 2017 Order applies to the upcoming hearing.  If the Court

6    is inclined to change course and permit Defendants to present patient-level testimony and

7    evidence, Plaintiffs request the opportunity to expeditiously brief the subject and the right to

8    request additional time for the presentation of patient-level rebuttal evidence.

9    The parties also have a disagreement as to whether Plaintiffs' designated expert for

10    the inpatient transfer issue, Dr. Pablo Stewart, should be permitted to provide testimony

11    through a deposition due to his unavailability on September 29, 2023.  Plaintiffs have

12    approached Defendants about a stipulation to this effect, and Defendants have indicated

13    that they will not so stipulate.  Plaintiffs request that this issue be discussed at the

14    August 10 status conference as well.

15    **II.     DEADLINE FOR SUBMITTING OPENING TRIAL BRIEF**

16    The parties have agreed that the Court should set a deadline of September 19, 2023,

17    for the parties to file their opening briefs on both issues.  Plaintiffs propose that the parties

18    submit separate briefs on the inpatient-transfer and staffing issues.

19    / / /

20    / / /

21    / / /

22    / / /

23    / / /

24    / / /

25    / / /

26    / / /

27    / / /

28    / / /

[4333390.6]

PLAINTIFFS' STATUS REPORT IN RESPONSE TO ORDERS OF JULY 11 AND 19, 2023

1

**CERTIFICATION**

2          The undersigned counsel for Plaintiffs certifies that he reviewed the following

3   relevant orders to prepare this filing: ECF Nos. 5726, 7872, 7879.

4

5   DATED:  August 4, 2023                    Respectfully submitted,

6                                             ROSEN BIEN GALVAN & GRUNFELD LLP

7

8                                             By:  */s/ Alexander Gourse*

9                                                   Alexander Gourse

10                                            Attorneys for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[4333390.6]