Rob Bonta, State Bar No. 202668
Attorney General of California
Monica N. Anderson, State Bar No. 182970
Senior Assistant Attorney General
Damon McClain, State Bar No. 209508
Supervising Deputy Attorney General
Elise Owens Thorn, State Bar No. 145931
Namrata Kotwani, State Bar No. 308741
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7318
  Fax: (916) 324-5205
  E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

HANSON BRIDGETT LLP
Paul B. Mello, SBN 179755
Samantha D. Wolff, SBN 240280
Kaylen Kadotani, SBN 294114
Laurel O'Connor, SBN 305478
David C. Casarrubias, SBN 321994
Carson R. Niello, SBN 329970
1676 N. California Blvd., Suite 620
Walnut Creek, California 94596
Telephone:   925-746-8460
Facsimile:   925-746-8490
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, et al.<br><br>Defendants. | Case No. 2:90-CV-00520- KJM-DB<br><br>**DEFENDANTS' STATUS REPORT**<br><br>Date: September 29, 2023<br>Time: 10:00 am<br>Crtrm.: 3<br><br>Judge: Hon. Kimberly J. Mueller |
|---|---|

On July 11, 2023, this Court ordered the parties to submit status reports "identifying with specificity the time each party anticipates for presentation of direct evidence, cross-examination, and rebuttal evidence as to each issue and whether the hearing can be completed in one day or, instead, whether the court will need to plan to continue the hearing day by day." ECF No. 7872 at 2:31-3:4. Additionally, on July 19, 2023, this Court issued a minute order directing Defendants to "identify with specificity those requirements of the 2009 Staffing Plan they contend they are in compliance with and those requirements of the 2009 Staffing Plan they contend they have been in substantial compliance with," as well as a proposed date for filing opening briefs. ECF No. 7879. Defendants submit the following status report setting forth their position on the above-requested

topics.

## I. Time and Presentation of Evidence

In an effort to be mindful of the Court's and the parties' time, Defendants propose that direct testimony for experts and witnesses alike be presented via written declaration. Additional direct testimony may be presented via live testimony at the hearing, at the discretion of the presenting party, but all witnesses and experts shall be subject to live cross examination and redirect. Defendants propose the following time limits on live testimony at the hearing:

- Direct (optional at the presenting party's discretion): 15 minutes for percipient witnesses; 25 minutes for experts
- Cross-examination: 25 minutes for percipient witnesses; 45 minutes for experts
- Redirect: 15 minutes for percipient witnesses; 30 minutes for experts

Defendants propose that all direct testimony declarations be filed with the Court on or before September 19, 2023.

As it relates to the issue of transfer timelines and waitlists, Defendants identified 4 client witnesses to testify in the State's defense and Plaintiffs identified 11 witnesses and 1 expert to testify regarding this issue.[1] Only one witness (Dr. Amar Mehta) was identified by both sides. Based upon Defendants' proposed timeframes above, assuming both parties intend to exercise their option to elicit live direct testimony (and counting Dr. Mehta only once), Defendants calculate 870 minutes (or 14 hours and 30 minutes) of testimony total for both sides as it relates to the waitlist issue only. This would equate to approximately three hearing days based upon a six-hour day.

With respect to staffing, Defendants have identified 4 client witnesses and 1 expert witness to testify in the State's defense and Plaintiffs have identified 11 witnesses and 2 experts to testify

---

[1] It is Defendants' understanding that Plaintiffs do not intend to call at the hearing all witnesses identified in their witness disclosures. Defendants request that Plaintiffs clarify when they intend to notify Defendants of their testifying witnesses. Additionally, it is difficult for Defendants to estimate the total length of the hearing without knowing the total number of witnesses; for purposes of responding to the Court's request that the parties each estimate the length of the hearing, Defendants assume Plaintiffs will call all witnesses identified in their witness list.

regarding this issue. Based upon Defendants' proposed timeframes above, assuming both parties intend to exercise their option to elicit live direct testimony, Defendants calculate 1,125 minutes (or 18 hours and 45 minutes) of testimony total for both sides as it relates to the staffing issue only. This would equate to approximately four hearing days based upon a six-hour day.

Finally, because the Court's scheduling order anticipates that the parties will file post-hearing or closing briefing fourteen days after the hearing concludes (ECF No. 7856), Defendants' proposed schedule and calculations above do not include time for closing argument at the hearing.

## II. Defendants' Claims of Actual and Substantial Compliance with the 2009 Staffing Plan

Defendants informed this Court and Plaintiffs on July 18, 2023 of the defenses they anticipated asserting during the contempt proceedings. As it relates to compliance with the 2009 Staffing Plan, Defendants asserted they intend to put forward evidence and testimony in support of their defenses of actual or substantial compliance with certain requirements of the 2009 Staffing Plan, notwithstanding previous periodic noncompliance. ECF No. 7877 at 5:9-16. By minute order dated July 19, 2023, this Court directed Defendants to "identify with specificity those requirements of the 2009 Staffing Plan they contend they are in compliance with and those requirements of the 2009 Staffing Plan they contend they have been in substantial compliance with." ECF No. 7879. Accordingly, Defendants provide the following responsive information.

On the issue of actual compliance, Defendants intend to put forward evidence at the contempt proceeding that they believe will demonstrate that, since the Court issued its enforcement order on February 28, 2023, Defendants have been in full compliance with the 90% fill rate for the following classifications during the following time periods:

| Classification | Period of Full Compliance |
| --- | --- |
| Line Staff Psychiatry Positions | March 2023, April 2023, May 2023, June 2023 |
| Recreation Therapist Positions | March 2023, April 2023, May 2023, June 2023 |
| Supervisor Clinical Social Worker | June 2023 |

/ / /

On the issue of partial compliance, Defendants intend to put forward evidence at the contempt proceeding that they believe will demonstrate that, since the Court issued its enforcement order on February 28, 2023, Defendants have been in substantial compliance with the 90% fill rate for the following classifications (excluding those listed above as in full compliance) during the following time periods:

| Classification | Period of Substantial Compliance |
|---|---|
| Line Staff Psychiatry Positions | February 2023 |
| Senior Psychology Positions (Supervisor) | February 2023, March 2023, April 2023, May 2023, June 2023 |
| Senior Psychology Positions (Specialist) | February 2023, March 2023, April 2023, May 2023, June 2023 |
| Recreation Therapists | February 2023 |
| Chief Psychiatry | February 2023, March 2023, April 2023 |
| Chief Psychologist | February 2023, March 2023, April 2023 |
| Supervisor Clinical Social Worker | February 2023, March 2023, April 2023, May 2023 |
| Clinical Social Worker Positions | February 2023, March 2023, April 2023, May 2023, June 2023 |
| Medical Assistant Positions | February 2023, March 2023, April 2023, May 2023, June 2023 |

In addition, Defendants intend to present evidence that they believe will demonstrate they have been in compliance (substantial or actual) with the 90% fill rate at various other times before the Court's February 28, 2023 Order.[2]  For example, the evidence will show that psychologist staffing levels were compliant or substantially compliant for most of the period from 2015 through 2021, and social worker staffing levels were compliant or substantially compliant for most of the period from 2015 through April 2022.

/ / /

---

[2] Defendants are in the process of reviewing historical staffing data for each of the following classifications from 2015 to 2023: Psychiatrist, Psychologist, Clinical Social Worker, and Recreation Therapist.  This review is time-consuming and could not be completed in advance of this filing, however, Defendants intend to present evidence at the hearing demonstrating periods of historical compliance with the court-ordered staffing fill rates.

### III. Proposal Regarding Opening Briefs

After meeting and conferring with Plaintiffs, Defendants propose that the parties submit opening briefs on September 19, 2023, to streamline the proceedings and provide a short statement of facts and a summary of the law in advance of the hearing.

### CERTIFICATION

Defense counsel certify that they have reviewed the following orders: ECF Nos. 7741, 7742, 7743, 7786, 7856, 7872, 7873, 7880.

DATED: August 4, 2023

ROB BONTA
Attorney General of California
DAMON MCCLAIN
Supervising Deputy Attorney General

By: */s/ Elise Owens Thorn*
ELISE OWENS THORN
Deputy Attorney General
*Attorneys for Defendants*

DATED:  August 4, 2023

HANSON BRIDGETT LLP

By: */s/ Samantha Wolff*
PAUL B. MELLO
SAMANTHA D. WOLFF
Attorneys for Defendants