UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>               Plaintiffs,<br><br>      v.<br><br>GAVIN NEWSOM, et al.,<br><br>               Defendants. | No. 2:90-cv-0520 KJM DB P<br><br>ORDER |

    The court held a pre-hearing status conference on August 10, 2023, in advance of enforcement proceedings set for September 29, 2023 on two critical components of the remedy in this action: (1) timelines for transferring inmates to higher levels of care as needed, and (2) staffing of mental health care professional positions at levels sufficient to provide the required care. The parties had previously agreed hearing on the issues should be bifurcated and that the transfer timelines issue should proceed first. ECF No. 7875 at 2. On August 9, 2023, the parties filed a stipulation and proposed order to continue the enforcement proceedings as to the transfer timelines for a period of six months, to on or about March 22, 2024. ECF No. 7908. As the court indicated at the August 10, 2023 pre-hearing status conference, the September 29, 2023 enforcement hearing will proceed as to the staffing issue, and the hearing on transfer timelines will proceed as modified by this order.

## I. STAFFING

The court previously has established procedures and parameters that pertain to the September 29, 2023 hearing in several orders: the court filed those orders on November 6, 2017, ECF No. 5726; March 27, 2023, ECF No. 7786; June 12, 2023, ECF No. 7861; and July 11, 2023, ECF No. 7872. As the court discussed with the parties at the pre-hearing status conference, the following additional parameters and requirements will also apply:

- Each party will be allowed to give an opening statement not to exceed ten minutes in addition to the opening briefs that are due by noon on September 19, 2023.
- Opening briefs on staffing shall be limited to twenty pages.
- Live witness testimony will be the default, absent a stipulation of the parties providing for a different mode of testimony for a specific witness or witnesses.
- On or before September 8, 2023 at 12:00 p.m. the parties shall file a detailed witness list that includes the order of witnesses and the anticipated time for each witness's testimony, inclusive of direct, cross-examination, and rebuttal. In view of the changes to the scope of hearing confirmed here, the parties should include in their opening briefs a succinct statement of the extent to which, if at all, the court's November 6, 2017 order applies.

## II. TIMELINES FOR TRANSFER TO INPATIENT CARE

As noted above, on August 9, 2023, the parties filed a stipulation and proposed order to continue the enforcement proceedings as to the timelines for transfer to inpatient care for a period of six months, to on or about March 22, 2024. ECF No. 7908. The basis for the request is the decline in inpatient referrals out of compliance with required timelines between April 2023 and July 2023 and the parties' agreements that (1) defendants should be given more time "to demonstrate sustained compliance" and (2) the parties will meet and confer about defendants' Least Restrictive Housing Policy and practices. *Id*. at 2.

While the court makes no findings at this time about the length of time compliance must be demonstrated to show defendants have achieved a durable remedy, the court accepts the parties' agreement that the most recent data suggests contempt proceedings on this issue may be

premature if defendants can achieve compliance and sustain that compliance for a sufficient period of time. As the court discussed with the parties at the pre-hearing status conference, with the concurrence of the parties, the court will convert the currently scheduled enforcement proceedings on transfer timelines to a hearing covering essential updates on defendants' progress toward compliance with this important component of the remedy. Specifically, by noon on September 19, 2023, the parties shall file a joint report containing the following with respect to the transfer timeline issue:

- A bar graph showing the monthly levels of compliance/non-compliance from May 16, 2017 through September 15, 2023.
- Statements of their respective positions on the specific steps required for sustained compliance with the transfer timelines, as well as which steps have been accomplished by the time of the filing and which remain to be accomplished.
- As to each step, the reason or reasons for the parties' level of confidence each step will be achieved sufficiently to support durable compliance with the transfer timelines to inpatient care.
- A discussion of obstacles, if any, to sufficient achievement of particular steps.

In addition, the court modifies the monthly waitlist requirement going forward, as follows: In any month in which one or more inmate-patient waits past Program Guide timelines and is not subject to any court-approved exception, defendants shall include a statement of the reason(s) for each delay.

Finally, the court ordered the most recent Unmet Bed Needs Assessment to focus on issues that bear directly on the availability of inpatient and mental health crisis beds. September 13, 2021 Order, ECF No. 7305. Findings in the report on that study and the parties' briefing thereon are likely connected to issues related to sustainability of compliance with timely transfers to higher levels of care. Defendants have now filed the report on that assessment, ECF No. 7865-3, and briefing thereon will be complete by September 4, 2023. *See* ECF No. 7905. The parties shall be prepared at the time of the hearing beginning on September 29, 2023, following the close of evidence on staffing enforcement, to address issues raised in the joint report required by

Section II of this order, any delayed transfers reported between now and the time of hearing, and issues raised by the Unmet Bed Needs Assessment Report and the parties' briefing thereon.

**IT IS SO ORDERED.**

DATED: August 11, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE