

101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
T: (415) 433-6830 ▪ F: (415) 433-7104
www.rbgg.com

Ernest Galvan
Email:  egalvan@rbgg.com

August 31, 2023

VIA ECF

The Honorable Kimberly J. Mueller
Chief United States District Judge
United States District Court for the
  Eastern District of California
Robert T. Matsui Federal Courthouse
501 I Street, 15th Floor
Sacramento, CA  95814

>     Re:   Case 2:90-cv-00520-KJM-DB (PC) Coleman v. Newsom, et al., Response
>           to Minute Order, ECF No. 7925 (regarding recent communications to the
>           Court).
>           Our File No. 0489-3

Dear Judge Mueller:

This Letter Brief addresses the recent increase in correspondence to the Court exemplified by the letter from a licensed clinical social worker entered as ECF No. 7927 (sealed) and 7928 (public redacted).

Several interests are involved when employees of the defendants in *Coleman* reach out to the Court on subjects that are related to the merits of the case.  These include, (1) the public interest in access to material that is related to important questions before the Court regarding the remedy in this case, (2) the Court's interest in controlling the docket and the orderly development of the record, and (3) the letter writers' privacy interests.  Each interest is addressed below.

## 1.  Public Access to Material Related to Central Issues Before the Court.

This Court has addressed the first interest—public access--in the proceedings regarding Chief Psychiatrist Michael Golding, M.D.  *See* ECF No. 5986 (order regarding redaction of Dr. Golding's report).

[4346580.1]

The Court addressed the public's interest in access to the Golding report under the standard set forth in *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).  Because the Golding report was substantially related to issues being litigated in the case, the Court found that the report should be filed publicly, with limited redactions.  ECF No. 5986.

The Court found it significant that the Golding report had been submitted by the parties, both of whom contended that the report was related to a scheduled evidentiary hearing on a central aspect of the remedy in this case.  *Id.* at 3-4.

Judging by the exemplar, the recent set of letters received by the Court are related to the scheduled evidentiary hearing on staffing, which is also a central aspect of the remedy in the case.  The public interest in access to the material therefore applies to the recent letters, as it did to the Golding report.

## 2.  Docket Management

The second interest, that of the Court in controlling the docket and the orderly development of the record, was not addressed in the Golding report orders.  Here, the letters are coming directly to the Court without any submissions from the parties to clarify whether they are related to the issues before the Court.  Judging by exemplar, however, the letters are narrowly focused on a specific issue before the Court, and on which the parties will be presenting evidence and briefing in the coming weeks.

This narrow focus supports a decision to direct the Clerk to file each letter on the docket as it arrives.  Other district courts have taken this approach in cases where a contested proceeding elicits many written responses from members of the public.  For example, in the Alameda County Jail conditions and mental health case, Magistrate Judge Cousins posts such letters on the docket.  *See. e.g., Babu v. Ahern et al.,* Case No. 5:18-cv-07677 NC (N.D. Cal.), ECF Nos. 483-495, 497-514, 516, 518-520.[1]  Although this results in a somewhat crowded docket, it has several advantages.  First, it is simple to administer.  Second, it provides the litigants with immediate notice of and access to communications concerning the case.  The litigants can then address the significance of the letters in briefing the issues before the Court.  Third, it implements the intent of the writer to make a public statement regarding the issues before the Court.

Judging from the exemplar letter, the material now being received by the Court is focused on the particular issue of staffing.  There is little risk therefore of the docket becoming crowded with material that is irrelevant to the case.

---

[1] In the *Babu* litigation, Judge Cousins does not redact the identity of the writers.

[4346580.1]

### 3. Privacy

The third interest is the privacy of the letter writers, which the Court addressed in the exemplar by redacting the identity of the writer. In the Golding proceedings, the defendants had sought to redact the names of all employees named in Dr. Golding's report. The Court in 2018 approved such redactions. ECF No. 5986 at 7-9. The Court received briefing on redaction of Dr. Golding's second report earlier this year. ECF Nos. 7720 (defendants' redaction motion), 7751 (plaintiffs' opposition, arguing for no redaction of employee names on the basis of changed circumstances since 2018), 7767 (defendants' reply). No order has issued.

Here, the issue is not the privacy of persons named by a whistleblower without their consent. Rather, the letter writers have chosen to identify themselves. They have chosen to do so in writing to a Court in a case of wide public interest. They must be presumed to understand that by writing under their own names, they are making their identities public. Had they preferred to remain private, they could have written anonymously, or under pseudonyms.

### Conclusion

Based on the foregoing, the Plaintiffs submit that the best course of action for letters regarding the staffing issues is for the Court to direct to clerk to file them on the public docket without redaction. Filing them on the docket avoids any impairment of the public's interest in access to material regarding central case issues currently before the Court. Filing also makes them available for the parties to address their significance regarding the staffing issues pending before the Court. Redaction is unnecessary because the authors chose to identify themselves publicly by writing to the Court.

Respectfully submitted,

ROSEN BIEN
GALVAN & GRUNFELD LLP

*/s/ Ernest Galvan*
By:   Ernest Galvan

EG:EG

[4346580.1]