ROB A. BONTA, State Bar No. 202668
Attorney General of California
DAMON MCCLAIN, State Bar No. 209508
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
NAMRATA KOTWANI, State Bar No. 308741
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone:  (916) 210-7318
 Fax:  (916) 324-5205
 E-mail:  Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

PAUL B. MELLO, State Bar No. 179755
SAMANTHA D. WOLFF, State Bar No. 240280
KAYLEN KADOTANI, SBN 294114
DAVID C. CASARRUBIAS, SBN 321994
CARSON R. NIELLO, SBN 329970
HANSON BRIDGETT LLP
 1676 N. California Boulevard, Suite 620
 Walnut Creek, CA 94596
 Telephone:  (925) 746-8460
 Fax:  (925) 746-8490
 E-mail:  PMello@hansonbridgett.com
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>Defendants. | Case No. 2:90-cv-00520 KJM-DB (PC)<br><br>**PARTIES' JOINT REPORT IN RESPONSE TO AUGUST 3, 2023 ORDER ON DEFENDANTS' TELEMENTAL HEALTH SERVICES POLICY (ECF NO. 7901)**<br><br>Judge:  The Hon. Kimberly J. Mueller |

**INTRODUCTION**

On August 3, 2023, the Court issued an order requiring the parties to meet and confer under

the supervision of the Special Master and to file a joint statement regarding defendants' proposed

Telemental Health Policy (the "policy").  August 3, 2023 Order, ECF No. 7901 at 2.  The parties

submit the following joint statement in response.

On July 21, 2023, defendants circulated a copy of a Telemental Health Policy, which

would allow psychologists and social workers employed by CDCR to work remotely for CDCR

and provide services to Coleman patients using videoconferencing technology, and requested

1    comments from Plaintiffs and the Special Master.  A copy of the original circulated policy is

2    attached as Exhibit A.

3    On August 3, 2023, the Court issued its order that the parties meet and confer regarding the

4    policy and Defendants requested that the Special Master and Plaintiffs provide comments before

5    the meet and confer sessions commenced.  The Special Master's Office advised Defendants that it

6    would not provide comments in writing.  Plaintiffs provided Defendants and the Special Master

7    team with a marked up version of the proposed policy with redlines and comments reflecting their

8    concerns on August 23, 2023.  Plaintiffs also asked in the e-mail transmitting the marked up

9    policy that the parties discuss whatever incentives defendants were planning as part of their

10   implementation of the new policy to prevent on site psychologists and social workers from

11   migrating in significant numbers to offsite work as a result of the new policy.

12   The parties met and conferred twice—on August 29 and 31—under the supervision of and

13   with the participation of the Special Master team to discuss plaintiffs concerns about the proposed

14   policy and proposed modifications to the policy.  The parties agree about many aspects of the new

15   policy and Defendants made some modifications to the policy based on Plaintiffs' comments, but

16   a number of significant disagreements remain after the meet and confers.

17   The Court's order referenced the fact that the Court had issued an order adopting the

18   Provisionally Approved Telepsychiatry Policy as final, and that Defendants had appealed that

19   order.  (*Id.* at 1.)  To be clear, the telepsychiatry policy is separate and distinct from Defendants'

20   Telemental Health Policy.  Although the two policies are similar in some respects, they concern

21   different classifications.  The telepsychiatry policy only concerns care provided by

22   telepsychiatrists.  The Telemental Health Policy concerns care provided by telepsychologists and

23   telesocial workers.  The Telemental Health Policy in no way modifies the Court ordered

24   telepsychiatry policy.

25   **I.    AGREEMENTS**

26   Plaintiffs and defendants agree about a number of facets of the new policy, including that

27   telemental health is an important component of Defendants' efforts to address psychologist and

28

19899275.1 [4352155.1]                                2

1   social worker staffing vacancies and that the policy should be implemented without delay.

2   Additionally, the parties agree on the following points:

3   • Allowing social workers and psychologists who serve as case managers to work

4   remotely has the potential to be an important recruiting tool that helps defendants to

5   address the current staffing vacancies among psychologists and social workers in the

6   CDCR.

7   • In person mental health services under the policy shall remain the preferred method

8   of care in Mental Health Crisis Bed (MHCB) and Psychiatric Inpatient Program (PIP)

9   programs.

10   • The goal is to maintain onsite mental healthcare professionals to provide care to

11   Coleman patients.

12   • Defendants should continue to recruit and hire staff for onsite positions.

13   • Onsite providers should receive incentives for onsite work that are not available to

14   telemental health staff.

15   • Clinicians providing telemental health services should be assigned to particular

16   institutions and visit their assigned institutions at least annually.

17   • Telemental health workers should be permitted to work from home or from hubs.

18   • Telemental health service providers shall be licensed in California or working

19   towards a California license and shall be license-eligible, and shall work from within

20   the State of California.

21   • In individual therapy sessions, patients should have the option of requesting to meet

22   one-on-one with the telemental health clinician, without the presence of a third-party

23   telepresenter.  Telepresenters are not required to be in the room with the patient for

24   the entirety of an encounter, though may be requested to stay for part or all of an

25   encounter at the telemental health provider's discretion.

26   • The telemental health policy should include a process for ensuring continuity of care

27   in the event a patient refuses to be seen by the telehealth clinician.  The parties agree

28   that the procedure on page 3 of Exhibit B addresses this need.

19899275.1 [4352155.1]                                          3

II. **DEFENDANTS MADE MODIFICATIONS TO THEIR POLICY BASED ON PLAINTIFFS' COMMENTS.**

Defendants made modifications to their policy based on Plaintiffs comments and suggestions.  Attached as Exhibit B is a draft of the policy that shows those changes in redline.

III. **THE PARTIES' DISAGREEMENTS**

The parties have a number of disagreements regarding the policy, the details of which can be seen in Exhibit C—Plaintiffs' comments and revisions to the policy.  The following list includes the primary disagreements that the parties have regarding the policy:

- Whether restrictions should apply to the provision of telemental health services to CCCMS and EOP patients, including in the form of limits on the percentage of primary clinician positions that should be filled through telemental health, requirements to have a certain number of on-site primary clinicians per program, and the requirement to provide notice and a plan if the required conditions are not met.

- Whether there should be restrictions on the use of telemental health for certain clinical tasks, including suicide risk evaluations, provision of care in segregation units (restricted housing units), and evaluations under the Prison Rape Elimination Act (PREA).

- The process for obtaining informed consent for telemental health services.

- The use of telemental health for mental-health-crisis beds and psychiatric-inpatient programs when on-site care is not available.

- Whether telemental health services provided cell front to a patient that refused to attend an appointment should count as a Program Guide required clinical contact.

- The frequency and duration of telemental health visits to assigned institutions.

IV. **DEFENDANTS' STATEMENT**

Defendants' policy does not conflict with any Court order or the Program Guide, it comports with community standards of care, it will improve patient access to care, it will help CDCR to fill vacant positions by—among other things—attracting qualified candidates who would not otherwise consider working for CDCR, and it does not violate the Constitution.

19899275.1 [4352155.1]

4

Joint Report Re: Telemental Health Services Policy in Response to 8/3/23 Order  (2:90-cv-00520 KJM-DB (PC))

1  Consistent with the regular course of conduct in this case, Defendants proactively solicited

2  comments from Plaintiffs and the Special Master team regarding their new policy before the

3  Court issued the August 3 order, met to discuss those comments, and made revisions to the policy

4  as appropriate.  Because the revised policy does not conflict with the Program Guide, follows

5  community practices, enhances and increases psychologist and social worker treatment of class

6  members, and should enhance Defendants' ability to reduce staffing vacancies, CDCR now

7  intends to implement the revised policy (Exhibit B) as planned, and there is no basis for the Court

8  to delay Defendants' implementation of the policy.  As the policy is implemented and as the

9  program develops, Defendants may modify aspects of the policy, and will provide notice to the

10  Special Master and Plaintiffs regarding any such modifications.

11  **V.    PLAINTIFFS' STATEMENT**

12       Defendants' telemental health policy can help remedy the current staffing problems in the

13  CDCR.  Appropriate safeguards are needed to ensure that on site, in person mental health care

14  continues to be the primary method by which mental health care is provided by psychologists and

15  social workers to Coleman patients in the CDCR.  The Court and the Special Master's experts

16  have recently helped the parties to craft appropriate limitations on the use of telepsychiatry for

17  psychiatrists.  The telepsychiatry policies, however, cannot be imported verbatim for use by

18  psychologists and social workers.  Unlike psychiatrists, psychologists and social workers serving

19  as case managers (also known as primary clinicians) are the primary clinical care providers and

20  managers for *Coleman* class members.  These primary clinicians play a vital role on site in the

21  EOP treatment units to create a therapeutic environment.  They also play vital roles on site to

22  work with custody and nursing staff, and to help in crisis situations.  For the same reasons it is

23  appropriate to limit the use of this technology in higher level of care inpatient programs like

24  MHCBs and PIPs, it is appropriate to limit the use of this modality in high risk encounters like

25  de-escalation to prevent use of force, suicide risk assessments and the clinical work that follows

26  when someone reports having experienced sexual assault.  Plaintiffs have therefore sought

27  specific representations in the policy to ensure that primary clinician work is done primarily by

28  on-site clinicians, supplemented as necessary by remote clinicians.  Telemental health should be

19899275.1 [4352155.1]                                    5

1    used to fill vacancies, and not to replace presently filled onsite positions.  Plaintiffs agree that the

2    policy should be implemented now to fill vacancies.

3

4    Dated:  September 5, 2023                 ROB A. BONTA
                                       ATTORNEY GENERAL OF CALIFORNIA

5                                        DAMON MCCLAIN
                                       SUPERVISING DEPUTY ATTORNEY GENERAL

6

7                                        **/s/ _Damon McClain_**
                                       DAMON MCCLAIN
                                       SUPERVISING DEPUTY ATTORNEY GENERAL

8                                        *ATTORNEYS FOR DEFENDANTS*

9    Dated:  September 5, 2023                 HANSON BRIDGETT LLP

10                                        **/s/ _Samantha D. Wolff_**
                                       PAUL MELLO

11                                        SAMANTHA D. WOLFF
                                       *Attorneys for Defendants*

12

13    Dated:  September 5, 2023                 ROSEN BIEN GALVAN & GRUNFELD LLP

14                                        **/s/ _Ernest Galvan_**
                                       ERNAST GALVAN

15                                        *Attorneys for Plaintiffs*

16

17    CF1997CS0003
     43863466.docx

18

19

20

21

22

23

24

25

26

27

28

Joint Report Re: Telemental Health Services Policy in Response to 8/3/23 Order  (2:90-cv-00520 KJM-DB (PC))

# CERTIFICATE OF SERVICE

Case Name:   ___*Coleman v. Newsom, et al.,*___        No.    __**2:90-cv-00520 KJM-DB (PC)**__

I hereby certify that on September 5, 2023, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**PARTIES' JOINT REPORT IN RESPONSE TO AUGUST 3, 2023 ORDER ON DEFENDANTS' TELEMENTAL HEALTH SERVICES POLICY (ECF NO. 7901) (with Exhibits A-C)**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on September 5, 2023, at San Francisco, California.

_____
M. Paredes
Declarant

_____
Signature

CF1997CS0003
43863472.docx