| | |
|---|---|
| DONALD SPECTER – 083925<br>STEVEN FAMA – 099641<br>MARGOT MENDELSON – 268583<br>MARISSA HATTON – 348678<br>PRISON LAW OFFICE<br>1917 Fifth Street<br>Berkeley, California  94710-1916<br>Telephone:   (510) 280-2621<br><br>CLAUDIA CENTER – 158255<br>DISABILITY RIGHTS EDUCATION<br>AND DEFENSE FUND, INC.<br>Ed Roberts Campus<br>3075 Adeline Street, Suite 210<br>Berkeley, California  94703-2578<br>Telephone:   (510) 644-2555 | MICHAEL W. BIEN – 096891<br>ERNEST GALVAN – 196065<br>LISA ELLS – 243657<br>JENNY S. YELIN – 273601<br>THOMAS NOLAN – 169692<br>MICHAEL S. NUNEZ – 280535<br>AMY XU – 330707<br>CARA E. TRAPANI – 313411<br>MARC J. SHINN-KRANTZ – 312968<br>ALEXANDER GOURSE – 321631<br>GINGER JACKSON-GLEICH – 324454<br>ADRIENNE PON HARROLD – 326640<br>ROSEN BIEN<br>GALVAN & GRUNFELD LLP<br>101 Mission Street, Sixth Floor<br>San Francisco, California  94105-1738<br>Telephone:   (415) 433-6830 |

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GAVIN NEWSOM, et al.,<br><br>　　　　Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**PLAINTIFFS' MOTIONS *IN LIMINE***<br><br>Date:　September 29, 2023<br>Time:　10:00 a.m.<br>Crtrm.:　3<br><br>Judge:　Hon. Kimberly J. Mueller |

[4360384.1]

Pursuant to the Court's Order of June 12, 2023, ECF No. 7856 at 2, Plaintiffs hereby submit the two motions *in limine* below, which seek orders **(1)** confirming that Plaintiffs will be permitted to introduce into evidence the depositions of Dr. Kelley Franceschi, Dr. Shelly Minor, Dr. Paul Burton, and Dr. Alexandra David, which relate to matters within the scope of these individuals' employment with the California Department of Corrections and Rehabilitation, pursuant to Rule 801(d)(2)(D) of the Federal Rules of Evidence, subject to any other objections raised by Defendants; and **(2)** excluding as hearsay certain out-of-court statements of union representatives who have not been listed by either party as witnesses.

## I. PLAINTIFFS' MOTION *IN LIMINE* NO. 1

Plaintiffs seek an order confirming that they will be permitted to introduce into evidence, for any purpose, those portions of the depositions of Dr. Kelley Franceschi, Dr. Shelly Minor, Dr. Paul Burton, and Dr. Alexandra David, that relate to matters within the scope of these individuals' employment with the California Department of Corrections and Rehabilitation ("CDCR"), pursuant to Rule 801(d)(2)(D) of the Federal Rules of Evidence, subject to any other objections raised by Defendants.

### A. Factual Background

Plaintiffs' counsel took the deposition of Dr. Franceschi, Dr. Minor, Dr. Burton, and Dr. David—all of whom they had previously listed as potential witnesses in the September 29, 2023 contempt hearing—on August 18, 25, 28, and 29, respectively. *See* Declaration of Alexander Gourse ISO Pls.' Motions *In Limine* (hereafter "Gourse Decl."), ¶¶ 2-5 & Exs. A-D. During their depositions, all four of these individuals testified that they were currently employed by CDCR. *Id.*

Subsequently, after Plaintiffs notified Defendants that they no longer intended to call Dr. Burton as a witness but would still seek to admit into evidence certain excerpts from his deposition, Defendants notified Plaintiffs that they would not stipulate to the admissibility of Dr. Burton's deposition. The parties conferred about the matter by email on September 12, September 13, and September 14, 2023, but were unable to resolve their

dispute about whether any portion of Dr. Burton's deposition is admissible as the statement of an opposing party under Rule 801(d)(2)(D) of the Federal Rules of Evidence.

Plaintiffs intend to introduce excerpts from all four of these employees' depositions as opposing party admissions, pursuant to Rule 801(d)(2)(D), at the upcoming contempt hearing. Plaintiffs also hope to avoid the need to call Dr. Burton as a witness so as to streamline a contempt hearing that is already expected to last six court days. In light of Defendants' opposition, Plaintiffs seek an order confirming that any portions of these individuals' depositions relating to matters within the scope of their employment qualify as opposing party statements under Rule 801(d)(2)(D), and will be admitted into evidence on that basis subject to any other objections raised by Defendants.[1]

**B.     Argument**

This Court has already decided, earlier in this very case, the precise question raised by the parties' dispute. *See Coleman v. Wilson*, 912 F. Supp. 1282, 1295 (E.D. Cal. 1995) (denying Defendants' motion to strike deposition transcripts because "[s]tatements made by employees of the California Department of Corrections concerning matters within the scope of their employment are admissible under Fed. R. Evid. 801(d)(2)(D)"). There are no material differences between the present circumstances and those that led the Court to conclude in 1995 that CDCR employees' depositions relating to matters within the scope of their employment were admissible as statements of an opposing party under Rule 801(d)(2)(D). Like the employees whose depositions the Court determined were admissible in 1995, Dr. Franceschi, Dr. Minor, Dr. Burton, and Dr. David have all testified that they were employed by CDCR at the time of their depositions. And the matters to which each of these individuals testified at their depositions fall squarely within the scope of their employment, respectively, as Chief of Mental Health at California State Prison-Sacramento, Chief Psychologist at California Health Care Facility, Chief Psychiatrist at San Quentin State Prison, and Chief of Mental Health of California Medical Facility. *See*

---

[1] Pursuant to the Court's standing order, Plaintiffs will lodge a full, sealed, original copy of all four deposition transcripts on the first day of the contempt hearing.

1  Gourse Decl. ¶¶ 2-5 & Exs. A-D.

2  Defendants point to *Stevenson v. Holland*, 504 F. Supp. 3d 1107 (E.D. Cal. 2020), as authority for their position that "the conditions set forth in Rule 32(a) [of the Federal Rules of Civil Procedure] must be satisfied before we get to the question of admissibility under the [Federal Rules of Evidence]." But the plaintiff in *Stevenson* did not seek to introduce the deposition at issue as an opposing party admission—likely because the deponent was a "former" defendant who had already been dismissed from the case at the time of his deposition. *Stevenson*, 504 F. Supp. 3d at 1147. In any event, this Court has already rejected Defendants' position that the Federal Rules of Evidence are subordinate to Rule 32. *See Coleman*, 912 F. Supp. at 1295 (explaining that Rule 32 and the Federal Rules of Evidence provide "independent bases" for admitting deposition transcripts at trial); *accord D.S.X. v. Foxhoven*, No. 4:17-cv-00417-SMR-HCA, 2019 WL 13167146 at *1-6 (S.D. Iowa May 23, 2019); *Old Republic Insurance Co. v. Whitaker*, No. 10-cv-3236-DW, 2012 WL 13027952, at *1-2 (W.D. Mo. Jan. 10, 2012); *see also* Fed. R. Civ. P. 43(a) ("At trial, the witnesses' testimony must be taken in open court *unless … the Federal Rules of Evidence … provide otherwise*.") (emphasis added). Defendants have not identified any reason why this Court should reach a different conclusion now.

Because it is indisputable that Dr. Franceschi, Dr. Minor, Dr. Burton, and Dr. David were all employees of CDCR at the time of their depositions, and in the interest of streamlining a contempt hearing that is already expected to last more than a week, Plaintiffs request an order confirming that Plaintiffs may introduce into evidence for any purpose any portions of these individuals' depositions relating to matters within the scope of their employment, pursuant to Rule 801(d)(2)(D).

## II.    PLAINTIFFS' MOTION *IN LIMINE* NO. 2

On September 8, 2023, the parties exchanged lists of exhibits they anticipate introducing into evidence at the September 29, 2023 contempt hearing. Defendants' list included, *inter alia*, the following proposed exhibit: "Union statements pertaining to recent agreements reached between CalHR and applicable bargaining units." Neither party

has listed any union or union representative as a potential witness.  Plaintiffs request that the Court issue an order excluding, under Rule 802 of the Federal Rules of Evidence, any "union statements" that are introduced for the truth of the matter asserted.  Such statements clearly qualify as hearsay, *see* Fed. R. Evid. 801(a)-(d), because none of the enumerated exceptions in Rules 803 and 804 plausibly apply here, and because none of the prerequisites for the "residual exception" in Rule 807(a) and (b) are satisfied here.

DATED:  September 15, 2023   Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Alexander Gourse*
    Alexander Gourse

Attorneys for Plaintiffs

[4360384.1]