ROB BONTA, State Bar No. 202668
Attorney General of California
MONICA N. ANDERSON, State Bar No. 182970
Senior Assistant Attorney General
DAMON MCCLAIN, State Bar No. 209508
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
NAMRATA KOTWANI, State Bar No. 308741
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-4431
  Fax:  (415) 703-5843
  E-mail:  Namrata.Kotwani@doj.ca.gov
*Attorneys for Defendants*

PAUL B. MELLO, State Bar No. 179755
SAMANTHA D. WOLFF, State Bar No. 240280
KAYLEN KADOTANI, SBN 294114
DAVID C. CASARRUBIAS, SBN 321994
CARSON R. NIELLO, SBN 329970
HANSON BRIDGETT LLP
  1676 N. California Boulevard, Suite 620
  Walnut Creek, CA 94596
  Telephone:  (925) 746-8460
  Fax:  (925) 746-8490
  E-mail:  PMello@hansonbridgett.com
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                      Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>                      Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE DEPOSITION TESTIMONY OF WITNESSES UNDER RULE 32**<br><br>Date:      September 29, 2023<br>Time:     10:00 a.m.<br>Dept:      Courtroom 3, 15th Floor<br>Judge:    The Honorable Kimberly J. Mueller |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on September 29, 2023 at 10:00 a.m. or soon thereafter as the matter may be heard, in the above-referenced Court, in accordance with the Court's ruling, wherein it set dates for a hearing on the consideration of findings of contempt and payment of fines related to mental health staffing vacancies. Defendants submits this motion in limine for an order precluding Plaintiffs from reading from, referring to, or in any manner attempting to

19950035.1

1

Defs.' Mot. Exclude Dep. Excerpts (2:90-cv-00520 KJM-DB (PC))

introduce excerpts from the transcripts of the depositions of the California Department of Corrections and Rehabilitation's (CDCR) employees as party admissions attributable to Defendants, including during Plaintiffs' opening statement. This Court ruled that absent an agreement by the parties, the default for the hearing would be live testimony, and Plaintiffs offer no justification which would permit otherwise. Declaration of Namrata Kotwani (Kotwani Decl.), Ex. A (Aug. 10, 2023 Hr'g Tr. 22:15-19.))  Nor is the admission of these employees' testimony permissibly under the Federal Rules of Civil Procedure and Evidence.

At the time of the depositions, the employees were not directors, officers, managing agents, or designees, which might have allowed admission of the deposition testimony as substantive evidence under Federal Rule of Civil Procedure 32. These individual deponents are CDCR employees but are not legally able to bind CDCR by virtue of their positions, nor have they been designated to speak for the organization or any particular department within it. Plaintiffs have also not laid the appropriate foundation that would qualify otherwise inadmissible hearsay as exceptions to hearsay under Federal Rule of Evidence 801(d)(2)(C) or 801(d)(2)(D). As shown below, Plaintiffs have not met their burden of showing that the proffered deposition excerpts only contain statements on matters strictly within the scope of these deponents' employment.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities contained herein, the pleadings and papers on file in this action, and the argument of counsel presented at the hearing on the motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

On June 12, 2023, the Court issued an order setting a hearing for September 29, 2023 for consideration of findings of contempt and payment of fines related to mental health staffing vacancies. (ECF No. 7816). On August 8, 2023, Plaintiffs argued during a status conference that all direct testimony must occur live, and this court agreed (absent a stipulation by the parties otherwise). (Kotwani Decl., Ex. A (Aug. 10, 2023 Hr'g Tr. 21:23-25; 22:15-19.)) But on September 8, 2023, moments before the parties' joint filing was due advising the Court on the

parties' order of witnesses and estimates of time for testimony, Plaintiffs informed Defendants that they would present the direct testimony of Dr. Paul Burton via deposition transcript. And on September 14, on the eve of the deadline to submit motions in limine, Plaintiffs notified Defendants that they intend to submit excerpts of the transcripts of the depositions for one psychiatrist and three psychologists as substantive evidence during the hearing. In light of this, Defendants move for an order, in limine, precluding Plaintiffs from introducing deposition testimony taken by Plaintiffs as substantive evidence or party admissions during this hearing (Kotwani Decl., Ex B (September 14, 2023 Email of E. Galvan.))

Deposition testimony cannot be offered as substantive evidence unless the conditions in Federal Rule of Civil Procedure 32(a) are satisfied. Rule 32 allows for the admission of deposition testimony as substantive evidence when the deponent is unavailable for the hearing; or is a director, managing agent, officer, or a designee at the time of the deposition. Here, Plaintiffs have failed to designate any testimony that establishes the witnesses' qualifications to make admissions on behalf of the Defendants and none qualify as Defendants' director, managing agent, officer, or designee. These individuals cannot bind CDCR, nor have they been designated to speak for the organization or any particular department within it. Further, all four deponents are available for live testimony.

Plaintiffs have also not laid the appropriate foundation that would qualify otherwise inadmissible hearsay as exceptions to hearsay under Federal Rule of Evidence 801(d)(2)(C) or 801(d)(2)(D). As shown below Plaintiffs have not met their burden of showing that the proffered deposition excerpts only contained statements on matters strictly within the scope of the deponents' employment. In any event, Federal Rules of Evidence 801(d)(2)(C)-(D) allow for the admission of an out-of-court *statement* as an exception to hearsay, not to usher in entire chunks of deposition testimony into evidence and authorize a trial by deposition.

Finally, if the Court exercises its inherent power to rely on deposition testimony in lieu of in-court direct examination, it should allow Defendants to cross-examine these employee deponents—which is the procedure followed by several district courts in the Ninth Circuit. This Court expressed a preference for live testimony and Plaintiffs agreed that "all direct testimony

19950035.1                                3

Defs.' Mot. Exclude Dep. Excerpts (2:90-cv-00520 KJM-DB (PC))

1  should be live" and "is the best way to proceed." (Kotwani Decl., Ex. A (Aug. 10, 2023 Hr'g Tr.
2  21:23-25; 22:15-19.)) Plaintiffs' abrupt volte-face should be rejected.

### I. LEGAL STANDARD

A motion in limine is "any motion whether made before or during trial to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States* 469 U.S. 38, 40 (1984). Obtaining a discretionary advance ruling on the admission of specific evidence or resolving critical evidentiary issues at the outset enhances the efficiency of the trial process. Authority is also implied from the "district court's inherent authority to manage the course of trials." (*Id.*)

### II. RULE 32 BARS THE ADMISSION OF THE DESIGNATED DEPOSITION TESTIMONY AS SUBSTANTIVE EVIDENCE.

Plaintiffs deposed four CDCR employees in preparation for this hearing, including Drs. Burton, David, Minor, and Franceschi. Federal Rule of Civil Procedure 32 governs the use of depositions "at a hearing or trial." Fed. R. Civ. P. 32(a)(1).[1] But none of these deponents was authorized to speak on behalf of CDCR, nor do any of these deponents hold a position within CDCR that would otherwise qualify them to speak on behalf of CDCR. The use of their testimony must be strictly limited accordingly.

#### A. Rule 32(a)(1) Governs the Use of Depositions At A Hearing

In considering the use of depositions at a trial or hearing, "the conditions set forth in Rule 32(a) must be satisfied before the deposition can be used *at all*." 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2142 (3d ed. 1998) (emphasis added). Rule 32 (a)(1) permits the use of deposition testimony against a party if: (1) the party was present or represented at the taking of the deposition or had reasonable notice of it; (2) it is used to the extent it would be admissible in the hearing if the deponent were present and testifying; and (3) the use is allowed by Rule 32(a)(2) through (8).[2] After these conditions are met, the Court must

---

[1] Plaintiffs cite to the 1995 decision in this case as dispositive of the issues raised here. *Coleman v. Wilson,* 912 F. Supp. 1282, 1295 n.4 (E.D. Cal. 1995). Defendants are aware of the 1995 decision, which is distinguishable from the facts here, as discussed below.
[2] Defendants agree that they were represented during all four depositions. However, the

19950035.1                                    4

Defs.' Mot. Exclude Dep. Excerpts (2:90-cv-00520 KJM-DB (PC))

determine whether the deposition testimony or excerpts are admissible under the rules of evidence. 8A Wright & Moore § 2142. In other words, a party must first establish the witness's unavailability at trial or status as a party's officer, director, managing agent or designee *first*, before the issue of admissibility under the Federal Rules of Evidence may even be considered. *Id.*

Rule 32 is based on the long-established principle that testimony by deposition is less desirable than live testimony in open court and should generally be used as a substitute only if the witness is not available to testify in person. *See* Fed. R. Civ. P. 32(a)(4)(E) (emphasizing "due regard to the importance of live testimony in open court"); 43(a); *see also Napier v. Bossard*, 102 F.2d 467, 469 (2d Cir. 1939) ("The deposition has always been, and still is, treated as a substitute, a second–best, not to be used when the original is at hand.") (Learned Hand, J.); *Stevenson v. Holland*, 504 F. Supp. 3d 1107, 1147–48 (E.D. Cal. 2020) (denying motion in limine to introduce deposition in testimony in lieu of live testimony because witness was available to testify and noting the "preference for and importance of live testimony in open court" under Rule 32).

**B.  Rule 32(a)(2) Bars the Use of Deposition Testimony As Substantive Evidence Because the Deponents are Not An Officer, Director, Managing Agent, or Designee**

While normally deposition testimony constitutes inadmissible hearsay, Rule 32(a)(2) creates limited exceptions to this rule. Under this provision, depositions can only be used at a trial or a hearing:

(1) to impeach a deponent's testimony (*see* Fed. R. Civ. P. 32(a)(2));

(2) by an adverse party, if the deponent is a party, or a party's officer, director, managing agent, or designee at the time of the deposition (*see* Fed. R. Civ. P. 32(a)(3)); or

(3) if the deponent is unavailable. (*see* Fed. R. Civ. P. 32(a)(4)).

Plaintiffs submitted the deposition excerpts of Drs. David, Minor, Burton and Franceschi, and stated that they "expect to submit [the designated testimony] as evidence." (Kotwani Decl., Ex. B (September 14, 2023 Email of E. Galvan.)) But none of the above exceptions apply here to allow Plaintiffs to introduce excerpts of these deponents' testimony as *substantive evidence*.

---

deposition testimony cannot be used because it does not meet any exceptions provided in Rule 32(a)(2)-(8).

Plaintiffs do not contend that the deponents are unavailable, nor can Plaintiffs establish that any of these deponents are an officer, director, managing agent, or designee of CDCR—because they are not. Thus, these deposition excerpts may only be introduced as evidence for purposes of impeachment. Fed. R. Civ. P. 32(a)(2).

The term "managing agent" within the context of Rule 32(a)(3) "must be interpreted in light of the person's duties, and in comparison to the other people listed in Rule 32(a)(3)" such as officers, directors, and Rule 30(b)(6) or 31(a)(4) designees. *Vasquez v. Leprino Foods Co.*, No. 117CV00796AWIBAM, 2023 WL 1868973, at *10 (E.D. Cal. Feb. 9, 2023) (internal citations omitted). Managing agents have the capacity to "bind the corporation with their actions" and "indeed, a 30(b)(6) or 31(a)(4) designee literally speaks for the corporation." *Naff v. State Farm Gen. Ins. Co.,* No. 1:15-CV-00515-JLT, 2016 WL 4095948, at *10, n. 3 (E.D. Cal. Aug. 2, 2016) (internal quotations and citations omitted). As none of these deponents is an officer or director or a managing agent empowered to act on behalf of CDCR or answer for it, the admission of excerpts of their deposition testimony are prohibited under Rule 32(a)(3). (*Id.*)

Plaintiffs' designated transcript excerpts show that Dr. Alexandra David is the Chief of Mental Health at California Medical Facility (Kotwani Decl., Ex C (David Dep.Tr. 7:14-16)); Dr. Shelly Minor is the Chief Psychologist of the Intermediate Care Facility Level of Care, Psychiatric Inpatient Programs (PIP) at California Healthcare Facility (CHCF) and was previously designated as Chief of Mental Health at CHCF (Kotwani Decl., Ex D (Minor Dep.Tr. 7:5-14)); Dr. Burton is the Chief Psychiatrist at San Quentin State Prison (Kotwani Decl., Ex. E (Burton Dep. Tr. 9:3-4)); and Dr. Kelly Franceschi is the Chief of Mental Health at California State Prison, Sacramento (Kotwani Decl., Ex. F (Franceschi Dep. Tr. 7:24-25; 8:18-19)). These transcripts do not establish that the employee deponents are officers or directors at CDCR; or that their role as supervising psychiatrists or psychologists at one institution vests them with the duties or authority that encompasses administration or policymaking at the highest level. These deponents cannot bind CDCR, nor have they been designated to speak for the organization or any particular department within it. Nor does their testimony establish that they contend they possess this authority. Because there is no factual dispute as to these deponents' positions as staff—not

19950035.1    6

Defs.' Mot. Exclude Dep. Excerpts (2:90-cv-00520 KJM-DB (PC))

leadership at the highest levels within CDCR headquarters—they simply do not qualify to speak on behalf of CDCR and their deposition testimony may not be used at trial under Fed. R. Civ. P. 32(a)(3).[3] (*See also* Kotwani Decl., Ex G (Organization Chart for CDCR's Mental Health Program (showing various division heads).) In fact, Chiefs of Mental Health and Chief Psychiatrists report to the Chief Executive Officer for Health Care at each institution.

### III. THE EMPLOYEES' DEPOSITION TESTIMONY CANNOT BE INDEPENDENTLY ADMITTED THROUGH FRE 802(D)(2).

Plaintiffs seek to admit the deposition testimony as party admissions through Federal Rules of Evidence 801(d)(2)(C) or 801(d)(2)(D). Those rules provide exceptions to the rule that precludes the admission of hearsay evidence for statements "made by a person whom the party authorized to make a statement on the subject," (*see* Fed. R. Evid. 801(d)(2)(C)) or "made by a party's agent or employee on a matter within the scope of that relationship." *See* Fed. R. Evid. 801(d)(2)(D). But, as explained above, before Plaintiffs can even get to the question of admissibility under Fed. R. Evid. 802(d)(2)(D), they must first show that use of the deposition testimony is permissible under Rule 32. *See Kolb v. Suffolk Cnty.*, 109 F.R.D. 125, 127 (E.D.N.Y. 1985) ("If the depositions here were admitted pursuant to 801(d)(2)(D), as an independent basis for admissibility, a precedent would be set for trial by deposition"). Plaintiffs cannot meet this burden here.

Plaintiffs rely solely on the Court's 1995 order in support of their argument that the deposition transcripts can be introduced as evidence under Rule 801. (ECF No. 7948 at 3.) But a more recent district court decision indicates that courts should consider admissibility under Rule 32 even if Rule 801 can be satisfied. *See Apple v. Samsung*, No. 5:11-cv-01846-LHK, at 5-6 (Jul. 31, 2012 N.D. Cal.) ("Although Apple argues that the evidence is admissible under FRE 802(d)(2)(D), Apple does not address whether the deposition testimony may be used under Rule 32"), *available at* https://www.govinfo.gov/content/pkg/USCOURTS-cand-5_11-cv-01846/pdf/USCOURTS-cand-5_11-cv-01846-182.pdf ).

---

[3] CDCR's executive staff is listed on its website. CDCR, Executive Staff, https://www.cdcr.ca.gov/about-cdcr/executive-staff/ (last visited Sep. 15, 2023).

19950035.1                                     7

Defs.' Mot. Exclude Dep. Excerpts (2:90-cv-00520 KJM-DB (PC))

      Moreover, the 1995 order is distinguishable. First, the 1995 order was based on the Court's review of the specific deposition testimony at issue. *See Coleman v. Wilson*, 912 F. Supp. 1282, 1295 (E.D. Cal. 1995). This allowed the Court to determine whether the testimony fell squarely within the scope of the witnesses employment—a prerequisite to admissibility under Rule 801(d)(2)(D). *Carpenter v. Forest Meadows Owners Ass'n*, No. 1:09-CV-01918-JLT, 2011 WL 3207778, at *4 (E.D. Cal. July 27, 2011) ("Rule 801(d)(2) requires an individualized inquiry as to the admissibility of each statement.") Here, Plaintiffs' motion in limine does not provide the Court with the portions of the deposition transcripts that they seek to admit into evidence and instead seek an order preapproving their submission of deposition testimony into evidence and in lieu of live testimony. The Court should not accept "Plaintiff's attempt to use Rule 801(d)(2) to introduce wholesale deposition testimony into evidence." *Id.*

      Second, the 1995 order is distinguishable because there the Court had not ruled that the default for admission of testimonial evidence was live testimony during the trial—absent an agreement by the parties—as the Court has ruled here. (Kotwani Decl., Ex. A (Aug. 10, 2023 Hr'g Tr. 22:15-19.))

      Even if the Court were to bypass the predicate step under Rule 32 for the use of deposition testimony, the Rule 801(d)(2)(C) and 801(d)(2)(D) analysis demonstrates that the testimony is not admissible under any hearsay exception. Federal Rule of Evidence 801 provides that a *statement* is not hearsay and is admissible against a party, if (1) the party authorizes a person to make the statement, or (2) it was made by the party's agent or employee on a matter within the scope of that relationship. *See* Fed. R. Evid. 801(d)(2)(C)-(D). Rule 801 does not authorize Plaintiffs to introduce wholesale swaths of deposition testimony into evidence. *See Kolb* 109 F.R.D. at 128 ("Rule 801(d)(2)(D) was not intended to permit the introduction of eight of defendant's employees' entire depositions for substantive purposes where the employees are readily available to testify at trial"). Indeed, Rule 801(d)(2)(C) and 801(d)(2)(D) require an individualized inquiry as to the admissibility of *each statement*. *Carpenter*, 2011 WL 3207778, at *4.

      And in order for a statement to be admissible under Rule 801(d)(2)(D), the offering party must make a threefold showing, through evidence independent of the proffered statement, that:

19950035.1      8

Defs.' Mot. Exclude Dep. Excerpts (2:90-cv-00520 KJM-DB (PC))

(1) an employment relationship existed between the declarant and the party, (2) the statement was made during the employment relationship, and (3) the statement concerned a matter within the declarant's scope of employment. *Brewster v. United States*, 860 F. Supp. 1377, 1385 (S.D. Iowa 1994). Thus, Plaintiffs are "required to lay a foundation to show that an otherwise excludible statement relates to a matter within the scope of the agent's employment" for every deposition excerpt they proffer. *Breneman v. Kennecott Corp.*, 799 F.2d 470, 473 (9th Cir. 1986); *Los Angeles News Serv. v. CBS Broad.,* Inc., 305 F.3d 924, 934 (9th Cir.), *opinion amended on denial of reh'g*, 313 F.3d 1093 (9th Cir. 2002). Plaintiffs failed to do so in their motion in limine. Accordingly, live testimony of all witnesses at the hearing is required. Plaintiffs must properly lay the foundational elements of the offered deposition excerpts—and they have not done so. It would not be appropriate, at this stage, for the Court to allow blanket admissibility of undesignated excerpts.

While these deponents may testify to matters on which they have personal knowledge obtained while working at their respective institutions, the Court should not construe any of their personal opinions as a party admission. *Davis v. Mountaire Farms, Inc.,* 598 F. Supp. 2d 582 (D. Del. 2009), *as amended* (Mar. 6, 2009) (excluding employee's deposition testimony as hearsay rather than a party admission because testimony offered was not the employer's own admission or a statement in which employer or an agent of employer expressed any beliefs). It is not unusual for highly mission-oriented individuals to have differing viewpoints about policies and plans at a workplace among employees, and in a large organization such as CDCR, employees are bound to subscribe to diverse and often, divergent views. There is no evidence on record that indicates that the scope of the deponents' jobs entitled them to speak generally to any statewide policies and their impact on all CDCR institutions or employees. *See* Fed. R. Evid. 801(d)(2) (employee's statement "does not by itself establish the . . . the scope of the relationship"); *Selby v. Pepsico, Inc.*, 784 F. Supp. 750, 757 (N.D. Cal. 1991), *aff'd sub nom. Nesbit v. Pepsico, Inc.,* 994 F.2d 703 (9th Cir. 1993) (an article quoting a senior vice president for human resources on the company's preference was not admissible as admission of party's agent in age discrimination suit against employer because the plaintiff failed to establish vice president's capacity, that he was acting

19950035.1                                              9

Defs.' Mot. Exclude Dep. Excerpts (2:90-cv-00520 KJM-DB (PC))

within scope of his employment, or that his capacity in any way affected those who made decision to terminate plaintiff). Accordingly, any analysis of the proffered deposition excerpts must evaluate whether the statements fall strictly within the scope of the deponent's employment.

### IV. DEFENDANTS WILL BE PREJUDICED BY THE USE OF DR. BURTON'S DEPOSITION TESTIMONY AS SUBSTANTIVE EVIDENCE[4]

At the August 10, 2023 pre-hearing status conference, Plaintiffs' Counsel represented to the Court that "all testimony should be live" and that Defendants should not be allowed to present direct testimony by declaration. (Kotwani Decl. Ex. A (Aug. 10, 2023 Hr'g Tr. 21:23-25; 20:10-23).) Plaintiffs stated a clear preference for live testimony only. (*See id.*) The Court agreed that "live testimony is preferable" and held that it will be the "default" manner of presentation of evidence unless the parties agreed otherwise. (*Id.* at 22:15-19.) Plaintiffs later refused to consent to Defendants providing direct testimony via declaration, again reiterating their demand for live testimony.

Moreover, parties are permitted "great freedom" in conducting depositions during discovery, and the scope of relevance at that stage is very broad. Wright & Miller, 8A Federal Practice and Procedure § 2142. The wholesale admission of deposition excerpts would grant Plaintiffs the ability to admit evidence under the "same scope that is permitted in the taking of testimony by deposition," which would prejudice Defendants who would not have the opportunity to effectively object to improper or unnecessarily expansive questioning. (*Id.*)

Although the admission of Plaintiffs' proposed deposition excerpts here is prohibited by Rule 32 as substantive evidence, certain courts in the Ninth Circuit have permitted declarations and deposition testimony in lieu of in-court direct examination to shorten bench trials. *Flores v. Sessions*, 394 F. Supp. 3d 1041, 1051 (C.D. Cal. 2017); *see also Madrigal v. United States*, No. CV 19-5041-RSWL-PLAX, 2021 WL 1627485, at *5 (C.D. Cal. Apr. 27, 2021); *Kuntz v. Sea Eagle Diving Adventures Corp.*, 199 F.R.D. 665, 667 (D. Haw. 2001). The circumstances in those

---

[4] Defendants focus this argument on Dr. Burton, as it is their understanding from Plaintiffs' representations that the other three deponents – Drs. Franceschi, Minor, and David – will be providing live direct testimony at the hearing. Plaintiffs apparently only seek to introduce the deposition testimony of Dr. Burton in lieu of live testimony.

19950035.1                                10

Defs.' Mot. Exclude Dep. Excerpts (2:90-cv-00520 KJM-DB (PC))

cases do not apply here, where the hearing is limited in scope and is not expected to result in protracted courtroom time. Further, if conservation of time was truly Plaintiffs' motivation here, then they would have also sought to introduce deposition excerpts for all deponents in lieu of live testimony, not just Dr. Burton, and would have also agreed to Defendants' submission of declarations in lieu of live direct testimony.

To the extent this Court allows for presentation of direct testimony through excerpts of the employees' deposition transcripts, then Defendants must be afforded the opportunity to cross-examine each witness live. *See Kuntz*, 199 F.R.D at 667 (oral cross-examination allowed to test the accuracy of witness statements and provide the trier of fact a chance to observe the appearance and demeanor of the witness).

V.   **CONCLUSION**

Plaintiffs represented to both this Court and Defendants that testimony must occur live for percipient witnesses. Plaintiffs' statements indicating their preference for live testimony—and contention that written declarations would somehow prejudice them—were credited by this Court when it ruled that—absent an agreement by the parties—the default would be live testimony at the hearing. (*See* Kotwani Decl. (Aug. 10, 2023 Hr'g Tr. 22:15-19.)) Plaintiffs' witness disclosure did not signal that they had changed their position on presenting live direct testimony in open court. Nor did Plaintiffs indicate at any time either before or during the depositions of the four mental health staff that they intended to use the depositions in lieu of their live testimony at the hearing. Plaintiffs' abrupt change in position is inconsistent with their prior representations to the court, impermissible under the court's order requiring live testimony unless the parties' stipulated otherwise, and is unfair and prejudicial in light of their own insistence that all of Defendants' witnesses must provide live direct testimony. It is also prohibited under Rule 32 of the Federal Rules of Civil Procedure and Rules 401 and 801 of the Federal Rules of Evidence.

Defendants do not seek to preclude the witnesses' testimony before the Court on topics within their knowledge and commensurate with their employment status. Instead, Defendants request that evidence from these witness be presented via live examinations at the hearing, which will allow Defendants to preserve objections based on the nature of the questions and the

19950035.1                                11

Defs.' Mot. Exclude Dep. Excerpts (2:90-cv-00520 KJM-DB (PC))

testimony they elicit, and to cross examine all witnesses. The transcript excerpts provided to the Court do not contain the foundational evidence required to determine whether the deposition testimony is properly admissible as evidence—and in fact, demonstrates it is not.

## CERTIFICATION

The undersigned counsel for Defendants certifies that she reviewed the following relevant court orders: ECF Nos. 612; 7786; and 7856.

Dated: September 15 , 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
DAMON MCCLAIN
Supervising Deputy Attorney General

*/s/ Namrata Kotwani*
Namrata Kotwani
Deputy Attorney General
*Attorneys for Defendants*

HANSON BRIDGETT LLP

Dated:  September 15, 2023

*/s/ Samantha D. Wolff*
PAUL MELLO
SAMANTHA D. WOLFF
*Attorneys for Defendants*

19950035.1

12

Defs.' Mot. Exclude Dep. Excerpts (2:90-cv-00520 KJM-DB (PC))

# CERTIFICATE OF SERVICE

Case Name:   **Coleman v. Newsom, et al.,**      No.   **2:90-cv-00520 KJM-DB (PC)**

I hereby certify that on <u>September 15, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE DEPOSITION TESTIMONY OF WITNESSES UNDER RULE 32**

**DECLARATION OF NAMRATA KOTWANI IN SUPPORT OF DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE THE DEPOSITION TESTIMONY OF WITNESSES UNDER RULE 32**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>September 15, 2023</u>, at Los Angeles, California.

|  |  |
|---|---|
| J. Sissov | /s/ J. Sissov |
| Declarant | Signature |

CF1997CS0003
66235754.docx