Rob Bonta, State Bar No. 202668
Attorney General of California
Monica N. Anderson, State Bar No. 182970
Senior Assistant Attorney General
Damon McClain, State Bar No. 209508
Supervising Deputy Attorney General
Elise Owens Thorn, State Bar No. 145931
Namrata Kotwani, State Bar No. 308741
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-4431
  Fax:  (415) 703-5843
  E-mail:  Namrata.Kotwani@doj.ca.gov
*Attorneys for Defendants*

Paul B. Mello, State Bar No. 179755
Samantha D. Wolff, State Bar No. 240280
Kaylen Kadotani, SBN 294114
David C. Casarrubias, SBN 321994
Carson R. Niello, SBN 329970
Hanson Bridgett LLP
  1676 N. California Boulevard, Suite 620
  Walnut Creek, CA 94596
  Telephone:  (925) 746-8460
  Fax:  (925) 746-8490
  E-mail:  PMello@hansonbridgett.com
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**DECLARATION OF NAMRATA KOTWANI IN SUPPORT OF DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE THE DEPOSITION TESTIMONY OF WITNESSES UNDER RULE 32**<br><br>Date:          September 29, 2023<br>Time:          10:00 a.m.<br>Dept:          Courtroom 3, 15th Floor<br>Judge:         The Honorable Kimberly J. Mueller |

1

**DECLARATION OF NAMRATA KOTWANI**

I, Namrata Kotwani, declare as follows:

1.      I am a Deputy Attorney General in the California's Attorney General's Office, counsel of record for Defendants. I am licensed to practice before all of the courts of the State of California, and am admitted to practice before this Court. I submit this declaration in support of Defendants' Motion in Limine to Exclude Deposition Testimony of Witnesses Under Rule 32.

2.      Attached as **Exhibit A** is a true and correct copy of the transcript of the pre-hearing status conference held before the Hon. Kimberly J. Mueller on August 10, 2023.

3.      Attached as **Exhibit B** is a true and correct copy of the e-mail I received from Defense Counsel Mr. Ernest Galvan on September 14, 2023, which advised Defendants' Counsel of the excerpts of the depositions of Drs. David, Simon, Burton and Franceschi that Plaintiffs intended to submit as evidence at the September 29, 2023 proceeding. The complete deposition transcripts of Drs. David, Simon, Burton and Franceschi were attached to this e-mail.

4.      Attached as **Exhibit C** is a true and correct copy of an excerpt from Dr. Alexandra David's deposition transcript provided by Plaintiffs, which indicates her current title at CDCR.[1]

5.      Attached as **Exhibit D** is a true and correct copy of an excerpt from Dr. Shelly Minor's deposition transcript provided by Plaintiffs, which indicates her current title at CDCR.

6.      Attached as **Exhibit E** is a true and correct copy of an excerpt from Dr. Paul Burton's deposition transcript provided by Plaintiffs, which indicates his current title at CDCR.

7.      Attached as **Exhibit F** is a true and correct copy of an excerpt from Dr. Kelley Franceschi's deposition transcript provided by Plaintiffs, which indicates her current title at CDCR.

8.      Attached as **Exhibit G** is a true and correct copy of the Organization Chart for CDCR's Mental Health Program.

---

[1] The highlights and markings in the excerpts provided as exhibits to this Declaration were present in the transcripts provided by Plaintiffs to Defendants via Mr. Galvan's e-mail. *See* Exhibit B.

2

1    I declare under penalty of perjury under the laws of the United States of America that the

2    foregoing is true and correct.

3    Executed on this 15th day of September, 2023, at Berkeley, California.

4

5                                                */s/ Namrata Kotwani*
                                          _____
6                                                Namrata Kotwani

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA (SACRAMENTO)

| | | |
|---|---|---|
| RALPH COLEMAN, *et al.*, | ) | Case No. 2:90-CV-00520-KJM-DB |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GAVIN NEWSOM, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | Thursday, August 10, 2023 |
| _____ | ) | 10:01 A.M. |

TRANSCRIPT OF PRE-HEARING STATUS CONFERENCE
**BEFORE THE HONORABLE KIMBERLY J. MUELLER**
**UNITED STATES CHIEF DISTRICT COURT JUDGE**

Electronic Court Recorder:     Rachel Alvarez
                               United States District Court
                               Robert T. Matsui United States
                               Courthouse
                               501 I Street
                               Sacramento, California 95814

Transcription Service By:      Dipti Patel, CET-997
                               Liberty Transcripts
                               7306 Danwood Drive
                               Austin, Texas 78759
                               (847) 848-4907
                               www.libertytranscripts.com

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

2

APPEARANCES:

For the Plaintiffs:          Rosen Bien Galvan & Grunfeld LLP
                             BY:  MICHAEL BIEN, ESQ.
                                  JENNY SNAY YELIN, ESQ.
                                  LISA ADRIENNE ELLS, ESQ.
                             101 Mission Street, Sixth Floor
                             San Francisco, California 94105


For the Defendants:          Department of Justice
                             Office of the Attorney General
                             BY:  DAMON GRANT McCLAIN, ESQ.
                             455 Golden Gate Avenue
                             Suite 11000
                             San Francisco, California 94102

                             Department of Justice
                             Office of the Attorney General
                             BY:  ELISE OWENS THORN, ESQ.
                             1300 I Street, Suite 125
                             Sacramento, California 94244

                             Hanson Bridgett LLP
                             BY:  DAVID CASARRUBIAS, ESQ.
                             425 Market Street, 26th Floor
                             San Francisco, California 94105

1    **Sacramento, California, Thursday - August 10, 2023, 10:01 a.m.**

2                   **P R O C E E D I N G S**

3                        ---O0O---

4        (Call to order of the Court.)

5            THE CLERK:  Calling Civil Case 90-520, Coleman, *et*

6    *al.*, versus Newsom, *et al.*  This is on for a pre-hearing

7    status conference.

8            THE COURT:  All right.  Appearances, please, for the

9    plaintiffs.

10            MR. BIEN:  Good morning, Your Honor.

11            Michael Bien, Lisa Ells, and Jenny Yelin for

12    plaintiffs.

13            THE COURT:  Good morning to all of you.

14            And for the defendants?

15            MR. McCLAIN:  Good morning, Your Honor.

16            Damon McClain for defendants, and I have with me

17    Elise Thorn from the Attorney General's Office and David

18    Casarrubias from the Hanson Bridgett firm.

19            THE COURT:  All right.  Good morning to each of you.

20            This is on for a pre-hearing status regarding the

21    matter set for September 29th.  Originally, the matter was set

22    and it still is set in the Court's mind to cover two critical

23    matters.  I acknowledge the late-breaking stipulation filed

24    last night at 7:01 p.m.  I did see it last evening, and I have

25    reviewed it.  I do want to talk about it.

4

1    But the two matters we're covering this morning with

2    you, and I should also make clear the Court's staff on this

3    matter is listening in and the Special Master is listening in

4    with members of his team.

5    So the two matters in this long-running civil rights

6    case brought by and on behalf of mentally-ill population

7    incarcerated in California State Prisons are the timelines for

8    transferring inmates to higher levels of care as needed, and

9    the parties had indicated they thought that issue should go

10   first in the enforcement proceedings set and then secondly,

11   staffing of mental health care professional positions at

12   levels sufficient to provide the required care.

13   And the Court for some time now has been signaling

14   it's ready to focus on this.  While the COVID-19 pandemic had

15   occasioned some delay, the case has dragged on as defendants

16   have not been able to demonstrate compliance with the court-

17   ordered remedy to satisfy the Eighth Amendment's prohibition

18   against cruel and unusual punishment in the Prison's provision

19   of mental health care.

20   I want to talk first about staffing given your

21   stipulation because staffing is still on for September 29th in

22   full for the evidentiary hearing that the parties have begun

23   to prepare for.  So let's talk about that first and then come

24   back to the transfer timelines issue in light of your

25   stipulation.  And I'll share my initial thoughts on that

5

1    stipulation with you when we get there.

2            So for context regarding staffing, it was in October

3    2017 that the Court ordered defendants to fully comply with

4    their own 2009 staffing plan as modified within one year.

5    There's a percentage requirement for vacancy rates that's in

6    effect.  The Court had planned to hold in-person proceedings

7    following the issuance of that order, but a number of things

8    have gotten in the way and that's why we're just focusing now

9    before any more time goes by.

10           There were proceedings on the October 2018

11   whistleblower report, precipitated in large part by events

12   leading up to them leaving deadlines, the need to seriously

13   consider the whistleblower's reports of inaccurate reporting

14   took significant time.  As the parties know, the Court had

15   hearings.  It ultimately issued an order data remediation is

16   still in effect.

17           The Court did continue matters until the COVID

18   pandemic began to subside.  It's not completely subsided, of

19   course, and there appears to be some flare-up in certain

20   quarters.  But following the resumption of proceedings after

21   the pandemic, I set March 31st as the date on which fines

22   would start to accrue if defendants did not meet the

23   court-ordered staffing levels.  That client schedule, as the

24   parties know, is based on the average of the maximum salary

25   for each class of mental health professional in the state's

6

1   salary schedules.

2          Just for reference, the fines are not being imposed

3   yet.  The enforcement proceedings are a way for the Court to

4   make a final decision.  But by the Court's calculation based

5   on the information defendants have provided to the Court

6   regarding staffing as of today, more than $34 million in fines

7   have accrued.  So that's a measure of the failure to meet the

8   required staffing levels.

9          The enforcement proceedings will create the record

10  on which the Court will base its decision later this year

11  regarding whether and, if required, how to enforce its

12  staffing order in particular and including whether to direct

13  the payment of the accrued fines.  The parties have

14  telegraphed to the Court their positions.  I understand the

15  defendants' position.  A contempt finding would have to come

16  first.  We're not getting to the merits of those arguments

17  today.

18          So that's context on staffing.  And we'll get to

19  housekeeping matters.  On the transfer timelines, it was in

20  April 2017 that the Court ordered defendants to come into full

21  compliance with program guide timelines for transfers.  And

22  these transfers are of mentally ill inmate patients to acute

23  and intermediate care facility inpatient programs to ensure

24  they are receiving constitutionally adequate care.

25          I set a compliance deadline of May 15th, 2017 and,

1    in that component of the case, directed that fines in the

2    amount of $1,000 per inmate patient per day would begin

3    accumulating May 16th, 2017.

4            There, as well, I set the matter for hearing in

5    2017, November, for consideration of findings of contempt and

6    payment of accrued fines.  But I signaled I would have vacated

7    the hearing and not imposed fines if no fines had accrued by

8    then, of course.  By September of 2017, the accrued fines as a

9    measure of non-compliance had reached $572,000.  I continued

10   indefinitely the November 3rd hearing in light of defendants'

11   appeal.  The appeal was dismissed in November 2018, mandate

12   issued in December 2018.

13           I didn't reset those proceedings due in part to the

14   whistleblower report claiming material misrepresentation of

15   critical information.  And by the time I got through with

16   that, we had run into the COVID pandemic.

17           I have required ongoing reporting here, as well.  I

18   note the information in the stipulation the last several

19   months and what appears to be a downward trend.  And certainly

20   since 2017, there have been periods of time when no fines

21   accumulated, significant periods.  I acknowledge that.  But

22   there have also been spikes.  There's a spike 2021 to 2022,

23   and I don't think that can be pegged to the COVID-19 pandemic.

24   there were exceptions the parties agreed to in light of the

25   pandemic.

8

1          At this point in time, if we take the entire period

2     of time covered by the Court's accrued fine order, the amount

3     is over $4 million, $4,240,156.  So here are my thoughts on

4     transfer timelines because I think there are unanswered

5     questions.  It's one thing if the current data, you know,

6     maybe it's a hat trick three times in a row, but it's got to

7     be a hat trick times infinity.

8          And I recognize the parties are saying they see a

9     positive trend and would like to give it six more months to

10    see if the defense can demonstrate sustainability in terms of

11    transfer timelines.  Even if I were to continue the contempt

12    proceedings, I would want to have other proceedings to keep

13    the focus on transfer timelines so the Court can closely

14    monitor what's going on and gather more information.

15         So my tentative is, well, yes, I can kick out

16    contempt proceedings but I'm not willing to completely vacate

17    any hearing on transfer timelines.  For one, I think it's

18    interconnected with staffing issues.  And it also, I believe,

19    is interconnected with bed need, and that issue is coming to

20    the Court very soon now.  I believe the matter will be teed up

21    for the Court's consideration by the beginning of September.

22         So my plan subject to hearing from you this morning

23    on the transfer timelines is this, on September 29th, we would

24    now begin with staffing and, again, we'll cover the

25    housekeeping.  The staffing is critical, remains critical.

9

1    It's not just a labor economics problem in the Court's mind.

2    There may be a labor economics component, but that's not the

3    sum of it.  I would listen carefully to the evidence

4    developed.

5            Then following the presentation of evidence on

6    staffing, we would then move to a special hearing on transfer

7    timelines.  I would ask the parties to file a joint report

8    helping me understand fully what's behind your request for a

9    continuance and why you believe there is the possibility

10   defendants can demonstrate ongoing compliance.

11           I'd like to see in that report on Page 1 for, you

12   know, executive summary for your generalist judge a bar graph

13   going back to the date I first ordered full compliance because

14   that can demonstrate trends in an easy way that we can all

15   digest.  But explain to me in detail what's going on and why

16   there is hope for ongoing compliance or virtual compliance.

17   The most recent report still shows $7,000 in fines accrued, so

18   it's not down to zero yet.

19           In terms of the monthly reports you're providing me,

20   I think those also need to include more meaningful detail,

21   this is for the defendants, explaining if a transfer can't be

22   met timely, why exactly.  Is it staffing?  Is it bed space?

23   Is it something else?  And if the numbers are so low, that

24   should not be an excessive burden.

25           So joint report, additional detail and any monthly

1  report between now and September 29th, and then the September

2  29th proceeding -- you can propose to me how why hold that

3  proceeding on timelines and what else you'd like to cover.

4  I'm assuming you're saying you don't want to present evidence,

5  but I want to also get to the bottom of the unmet bed needs

6  issue at that hearing because I think it's connected.

7           In terms of providing me with more information prior

8  to that proceeding restyled, whatever other information will

9  help me understand specific data points, for example, the

10  Atascadero numbers are very low.  Is that reflecting a policy,

11  a practice, that is part of the parties' position that these

12  numbers are on a permanent downward trend to allow ongoing

13  compliance?

14           So that's my tentative, while continuing contempt

15  proceedings for six months, have a focused hearing on transfer

16  timelines and anything else related to it.  So thoughts on

17  that, Mr. Bien?  Or whoever is speaking for the plaintiffs.

18           MR. BIEN:  No, I do think that -- we do think there

19  are issues, and it's reflected in the stipulation, that do

20  need to be addressed including why more low custody patients

21  who need ICF care are not going to Atascadero and Coalinga

22  where there are empty beds.

23           We think that -- those 100 or so or more empty beds

24  every day would alleviate tremendous pressure and, plus, it's

25  a denial of appropriate mental health care to leave someone in

1    a high-security bed when they can be functioning in a

2    low-security place.  Really, they're in a segregation kind of

3    environment, in-patient interrogation kind of environment

4    rather than in a low-custody environment.

5         And, again, we think that the LRH process is not

6    working and needs to be rethought.  And, again, these are

7    patients who are approved by custody for transfer but, as we

8    understand, clinically they're not approved.  And we think

9    that's clinically unsupportable and that DSH takes people like

10   this every day from state courts or incompetent to stand

11   trial, they take it from CCR, for MDOs, and SVPs.  Same human

12   beings, and they have the means to handle this population.

13        So, you know, we think that that is rather than

14   constructing more beds, we need to use the existing resources

15   that are there in the state hospitals and, again, this has

16   been an ongoing saga of litigation.  So we think that would be

17   -- that plus opening the inpatient high-security beds that

18   have been closed due to staffing, those are the two major

19   issues that we think led to the non-compliance.  And that's

20   why while opening these beds did alleviate the shortage now,

21   and I think that's why we think the defendants would remain in

22   compliance for the next six months, ultimately, we need to get

23   more people into DSH.

24        THE COURT:  All right.  I understand that position.

25   And I did note that language about what you had covered during

1    the six-month period, but that's not inconsistent.  If I

2    continue contempt and otherwise approve with this additive,

3    nothing I've proposed is inconsistent with that, correct?

4              MR. BIEN:  That's correct, Your Honor.

5              We think the (indiscernible) study revealed another

6    issue that needs to be addressed, which is there are several

7    hundred patients who are not going to DSH because of

8    behavioral issues, other issues.  By the way, this is the same

9    several hundred that was found earlier in this case and in the

10   Gates case.  This problem has been ongoing and known.  It's

11   not a surprise.

12             And we think -- you know, I think there's an

13   argument that DSH can take care of them but someone has to

14   take care of them.  The State has to take care of them, have

15   to find a place to take care of them.  And I think that would

16   also help address this problem because I think when people

17   receive appropriate care, they might need less in-patient care

18   over time.

19             THE COURT:  All right.  And the Special Master has

20   alerted me to that issue.  So anything else from the

21   plaintiffs?

22             MR. BIEN:  (No audible response).

23             THE COURT:  All right.  Mr. McClain, are you taking

24   the lead on this?  Any reason not to proceed as the Court has

25   proposed approving the stipulation but with that additional

1    activity?

2                MR. McCLAIN:  Thank you, Your Honor.

3                I think I understand the Court's proposal.  I don't

4    see an issue in doing those things.  So defendants are fine

5    with the Court's proposal.

6                THE COURT:  All right.  Anything to say about the

7    low census at Atascadero State Hospital, DSH Department of

8    State Hospitals?

9                MR. McCLAIN:  Well, I understand that you're

10   interested in better understanding why that is.  I know that

11   for patients who are referred to the state hospitals, you

12   know, there's an analysis that takes place and the result of

13   that is either, yes, they can transfer or, no, they can't.

14               So I think defendants have that information as to

15   why it was decided that some patients shouldn't go.

16               THE COURT:  All right.  I'll look forward to

17   receiving more information on that front.

18               On the COVID exceptions, can you -- I even had a

19   chance to go back and comb the record, but I did temporarily

20   modify program guide and transfer requirements.  Have I lifted

21   those?  Do I need to now?  What's the status?

22               I have Docket Number 6639 and 6660 as ones I might

23   check, but do you here today know off the top of your heads

24   what I should do there, if anything, or should I direct you to

25   file a special joint status report on that question?

1          MS. ELLS:  Your Honor, is the question whether you

2     have already --

3          THE COURT:  Lifted.

4          MS. ELLS:  -- lifted the --

5          THE COURT:  Yes.

6          MS. ELLS:  -- prior orders?  I believe that you

7     have.

8          THE COURT:  Okay.

9          MS. ELLS:  However, I would like an opportunity to

10     check.  Defendants can clarify, but my understanding is that

11     they have revised their policies and they're back to the

12     normal pre-COVID transfer and referral policies.  So --

13          THE COURT:  And I have blessed that.  Is that your

14     understanding, Mr. McClain?

15          MR. McCLAIN:  I would say that the transfers are

16     much more back to normal.  But --

17          THE COURT:  But in terms of the policy exceptions,

18     have I lifted everything that was in place before COVID,

19     recognizing we're living with COVID, we will be probably for

20     the rest of our lives.  But in terms of the temporary

21     exceptions while people scramble to figure out what to do,

22     have those all been lifted?

23          MR. McCLAIN:  Your Honor, we're not sure.  We would

24     have to look.

25          THE COURT:  Okay.  Meet and confer, let me know in a

1    joint statement in 14 days if there's more to clean up there.

2           All right.  I'll issue an order laying out exactly

3    what I'm expecting on transfer timelines to follow evidentiary

4    hearing on staffing with all proceedings beginning on

5    September 29th.

6           In terms of September 29th, particularly is relevant

7    to the critical staffing vacancies, I want to clarify that I

8    have established procedures and parameters for the hearing,

9    including in the order I issued November 2017, the plaintiffs'

10   referenced it, I'll clarify that in a moment, but also in

11   March, June, and July of this year.  So the critical

12   information is in Docket Numbers 5726, 7786, 7856, 7861, and

13   7872.  I'll put that in writing.  And if there are any

14   questions about what that means, you can let me know.

15           I've already provided the expert depositions on

16   staffing, shall be completed by September 14th.  I haven't

17   heard any disputes related to that.  All other discovery

18   related is to be completed by August 29th.  Again, I've heard

19   no dispute that any court needs to resolve about those issues.

20           Am I right about that?

21           MS. ELLS:  Your Honor?

22           THE COURT:  Ms. Ells?

23           MS. ELLS:  There is an issue regarding discovery at

24   this point.  We have served discovery and asked for expedited

25   responses consistent with this Court's order that we need to

1    resolve discovery by August 29th, which we interpret to mean

2    including motions to compel.

3          Defendants have refused to expedite the discovery

4    responses and have stated that they intend to take 30 days to

5    respond.  We had requested 15 days, which would have required

6    responses on Monday but defendants have not agreed.  We have

7    identified this Court's prior orders expediting discovery

8    responses in the three-judge core proceedings; the termination

9    proceedings, which were 21 and 14 days' respectively, and the

10   DSH proceedings, which were 7 days.

11         I want to emphasize that the information that we've

12   requested in discovery is necessary for our expert to consider

13   and review.  So to the extent defendants are not intending to

14   provide the information we're requesting, we need to know that

15   and bring it to the Court immediately so we can properly

16   prepare our expert and his opinion.

17         In particular, we're requesting information on how

18   much total compensation savings the state is benefitting from

19   by failing to staff all -- you know, hire and staff all of the

20   clinical positions that remain open.  And that information,

21   again, is critical to our expert and to our ability to depose

22   their expert.

23         So we would like clarification from the Court on the

24   appropriate amount of time defendants have to respond.  We

25   think it should be 15 days.

17

1          THE COURT:  All right.  Are you referencing a

2     particular prior order or general course of conduct in

3     previous matters?

4          MS. ELLS:  I can provide you with the ECF numbers of

5     the termination and three judge court and DSH orders, but I

6     don't have them on hand right now.

7          THE COURT:  All right.  So who's responding to this

8     for the defendants?

9          MR. McCLAIN:  I will, Your Honor.

10          THE COURT:  Uh-huh.

11          MR. McCLAIN:  So defendants simply want to have the

12     time that they're allowed under the Federal Rules to respond

13     to the written discovery.

14          THE COURT:  And so when do you plan to provide the

15     responses on your current calendar?

16          MR. McCLAIN:  Responses would be due August 28th.

17          THE COURT:  And are you unable to provide responses

18     prior to that, is that your position, or you're just standing

19     on the Federal Rules?

20          MR. McCLAIN:  I'm standing on the Federal Rules,

21     Your Honor.  I mean I can say we have been very busy.

22          THE COURT:  All right.  Well, Ms. Ells, provide by

23     the end of the day the prior orders you're relying on for --

24          MS. ELLS:  I believe Ms. Yelin --

25          THE COURT:  -- your position that there's a --

18

1          MS. ELLS:  -- may.

2          THE COURT:  -- shorted response period?  Ms. Yelin

3    has that?

4          MS. ELLS:  Ms. Yelin I think has those and she's --

5          THE COURT:  All right.

6          MS. YELIN:  Sure.  So in the Coleman docket, it's

7    ECF 4306, that's the order from termination; and 6600 is from

8    the DSH trial; and then Plata ECF 1294 is the 2008 three-judge

9    court trial order.

10         MS. ELLS:  And I guess I would just like to

11   emphasize that these are exigent circumstances.  I understand

12   defendants are busy, but it prejudices our ability to prepare

13   our expert and present evidence in this trial.  And those are

14   similar circumstances to what we're presented during

15   termination where there's expedited time frames.  If we don't

16   even receive a response as to whether there will be objections

17   until the 29th, there is no way that we can meaningfully meet

18   and confer and resolve that issue before the close of

19   discovery the next day.

20         THE COURT:  I think I heard the 28th, but still.

21         MS. ELLS:  Right.  I think the close of discovery is

22   the 29th, though.

23         THE COURT:  Right.  It is.  When did you propound

24   the discovery requests?

25         MS. ELLS:  It was -- I believe it was July 28th.  I

1   can check the date on that.

2          THE COURT:  And your position is those prior orders

3   just don't apply here because the Court's never made it

4   expressed?  Is that what you're saying, Mr. McClain?

5          MR. McCLAIN:  Yes, Your Honor.  I mean those prior

6   orders concerned those particular proceedings that were

7   happening at the time.

8          THE COURT:  All right.

9          MR. McCLAIN:  I would just note that plaintiffs

10  could have propounded discovery earlier than they did.  And at

11  least for one of their requests, it is rather complicated.  I

12  think we're still trying to understand exactly what it is that

13  they want, and it may be complicated and time-consuming to

14  produce a response.

15         MS. ELLS:  I would just like to note that we've

16  offered to meet and confer about clarifying and narrowing our

17  requests but have received no -- that's the first I've heard

18  that there is any complication or confusion about what we're

19  requesting and the scope.

20         THE COURT:  All right.  Well, you're directed to

21  meet and confer about this issue to at least narrow any

22  dispute if you really can't work it out.  It would appear to

23  the Court that you could propose to the Court a modest

24  extension of the discovery cutoff, still giving plaintiffs

25  sufficient time to complete expert depositions by September

1   14th and resolving the matter fairly without the Court needing

2   to issue an order with which both sides might be unhappy.

3           So meet and confer and provide a summary joint

4   status report by the close of business tomorrow, which means

5   5:00 p.m. August 11th.

6           All right.  Anything else on discovery?

7           MS. ELLS:  Not for plaintiffs, Your Honor.

8           THE COURT:  Mr. McClain?

9           MR. McCLAIN:  No, Your Honor.

10          THE COURT:  All right.  In terms of the method of

11  presenting witnesses for the evidentiary hearing on staffing

12  now, I believe the parties have agreed direct testimony by

13  declaration with cross and redirect in person.  The parties

14  have not agreed?

15          MS. ELLS:  No, Your Honor.

16          THE COURT:  I thought there was a carveout with the

17  possibility of something else, the only exception being Dr.

18  Stewart.

19          MS. ELLS:  Your Honor, most of our witnesses are

20  clients of defendants, so we cannot provide declarations or

21  prepare them.  So that's simply not possible.  We did not

22  agree to that.  Our --

23          THE COURT:  So you're saying direct.

24          MS. ELLS:  Yeah.

25          THE COURT:  Calling adverse witnesses --

1              MS. ELLS:  Correct.

2              THE COURT:  -- on direct.

3              MS. ELLS:  Correct.  So we have proposed a set

4    amount of time for each party to use as they wish.  For

5    staffing, we've estimated that five hours of court time per

6    side --

7              THE COURT:  Okay.

8              MS. ELLS:  -- would be appropriate.  And we continue

9    to think that that is, you know a procedure that has worked

10   well in this case in the past.

11             THE COURT:  Are there any witnesses who could be by

12   declaration for the plaintiffs?

13             MS. ELLS:  In our view, we do think that

14   declarations by experts would be appropriate and could make

15   sense.

16             THE COURT:  All right.  So with the carveout for

17   adverse witnesses, that's what's agreed, Mr. McClain?

18             MR. McCLAIN:  Defendants would agree that, yeah, the

19   adverse witnesses that plaintiffs call that could do their

20   either direct or cross-examination, however you want to

21   characterize that, live and on the record.

22             MS. ELLS:  Your Honor, we continue to believe that

23   all direct testimony should be live except for the experts

24   including defendants' witnesses.  We think that is the best

25   way to proceed and it has worked well in the past in this

1    case.

2         It prejudices plaintiffs to not be able to, you

3    know, prepare declarations as we would like, and it benefits

4    defendants' ability to do so.  And it also provides them

5    additional -- essentially additional testimony time that we

6    will not be receiving.

7         THE COURT:  All right.  So no exception then?

8         All right.

9         MS. ELLS:  Experts only would be our proposal.

10        THE COURT:  I don't think I've seen an exact

11   schedule of who and when, right?  So I haven't seen the names

12   of the witnesses?

13        MS. ELLS:  That's correct.

14        THE COURT:  Right.  All right.

15        All right.  Well, live testimony is preferable, and

16   I'm fine with that as the default unless the parties stipulate

17   and agree in advance to a witness, an expert for example being

18   presented on direct by declaration but otherwise the default

19   will be in person.  Understood?

20        MR. McCLAIN:  Yes, understood, Your Honor.

21        May I speak a little more to that?

22        THE COURT:  You may.

23        MR. McCLAIN:  So one of the reasons that defendants

24   thought that it was a good idea to provide declarations for

25   direct testimony is that we believe it would really help to

23

1    streamline and save time during the actual proceedings.

2              THE COURT:  I understood that, and I'm well familiar

3    with the method.  But, frankly, if there's any case where

4    we're going to err on the side of making the time to create

5    the right record, this is the case.

6              MR. McCLAIN:  Sure, and fair enough, Your Honor.

7              But, you know, putting in the testimony via

8    declaration, I mean not only is there no prejudice to

9    plaintiffs with defendants doing that --

10             THE COURT:  Well, plaintiffs disagree with you.

11             MR. McCLAIN:  But it gives them -- you know, I think

12   we proposed that we would produce declarations by September

13   19th.  It gives them a ten-day window to prepare for a cross-

14   examination of that testimony.

15             THE COURT:  If you can work out stipulations with

16   the plaintiffs, I'll accept that.

17             MR. McCLAIN:  Okay.

18             THE COURT:  I'm hearing they would rather go the

19   other route.  I'll refine -- I'll address this issue in an

20   order confirming procedures leading up to September 29th.

21             In terms of Dr. Stewart, I understand he is not

22   available for in-person testimony on September 29th.  Is that

23   correct?

24             MS. ELLS:  Your Honor, Dr. Stewart was only going to

25   testify in the in-patient transfer timeline issue.

1              THE COURT:  Uh-huh.  All right.

2              MS. ELLS:  So I think that --

3              THE COURT:  All right.

4              MS. ELLS:  -- is obsolete.

5              THE COURT:  Got it.  Thank you for clarifying that.

6         In terms of opening and closing, my understanding is

7    the parties do agree on the papers.  Opening on the papers,

8    closing on the papers, right?

9              MR. McCLAIN:  Yes, Your Honor.

10             MS. ELLS:  I thought the original order provided for

11   a ten-minute opening statement per side.

12             THE COURT:  I think it did.  I thought -- and I'm

13   happy to accept ten-minute opening statements.

14             MS. ELLS:  Yes, in addition to the opening briefs

15   that the parties had proposed and the Court ordered --

16             THE COURT:  Okay.

17             MS. ELLS:  -- which we had agreed -- the parties

18   have agreed those would be due on the 19th of September.

19             THE COURT:  Correct.  By noon on the 19th.

20             MS. ELLS:  And the Court has set the closing

21   briefing in lieu of closing argument.

22             THE COURT:  So each party will have the option of up

23   to ten-minute statement, opening statement to focus the

24   Court's mind in addition to filing the opening brief.  Did you

25   agree on page limits for the briefs, the Court's standard 20

25

1    pages max?

2             MR. McCLAIN:  That's suitable for defendants.

3             MS. ELLS:  Certainly.  And we'll meet and confer as

4    to whether we can make it shorter than that for the opening

5    brief, at least.

6             THE COURT:  All right.  Yeah, no more than 20 pages.

7             At one point in a joint report filed in March, I

8    believe the parties had indicated -- well, that was transfer

9    timelines.  So at this point, just confirm for me how much

10   time you think you need now for staffing before we move to the

11   separate proceeding on transfer timelines.

12            MS. ELLS:  Your Honor, we had proposed five hours

13   per side, which is roughly two court days.

14            THE COURT:  Two days, defendants say four.

15            MR. McCLAIN:  Let's see.

16            THE COURT:  What I would ask you to do is to meet

17   and confer and provide the Court with the detailed schedule.

18   I'm not going to hold you to the minute.  I'm not inclined to

19   put a clock on you, but I do find that when everyone focuses

20   on exactly who's being called when, often the time shrinks.

21   But, again, I'm not going to -- I mean I am going to have a

22   civil trial trailing this matter, but I'm not going to cut

23   this matter short.

24            So we will take the time needed to develop the

25   record.  So if it's really four days, then it will be four

26

1    days.

2            MR. McCLAIN:  I appreciate that.

3            THE COURT:  But then we will adjourn to at least a

4    half day on the transfer timelines issue.

5            MR. McCLAIN:  I appreciate that, Your Honor.

6            And defendants will be happy to meet and confer with

7    plaintiffs about it.  I'll just note that our time estimation

8    was based on our proposal to submit testimony via declaration,

9    which would have meant less time was needed during the

10   proceeding.  So we'll need to go back and look at that again

11   before meeting and conferring with plaintiffs.

12           THE COURT:  All right.

13           MS. ELLS:  Your Honor, we'll meet and confer about

14   all these issues --

15           THE COURT:  All right.

16           MS. ELLS:  -- and come up with a joint proposal.

17           THE COURT:  And that can be due on the Friday,

18   September 8th; noon, Friday, September 8th.

19           MS. ELLS:  Thank you, Your Honor.

20           THE COURT:  So detailed schedule.  Take account of

21   the orders I mentioned, and I'll identify again in an order

22   following this hearing.  Also, I'm going to clarify --

23   actually, I don't believe -- I think the current plan on

24   transfer timelines moots the need for me to clarify whether or

25   not the Court's statement in the November 6th, 2017 order


27

1    applies to the evidentiary hearing we now plan.

2            Agreed, Ms. Ells?

3            MS. ELLS:  Yes, Your Honor.

4            THE COURT:  All right.  Agreed, Mr. McClain?

5            MR. McCLAIN:  Yes, Your Honor.

6            THE COURT:  All right.  You already can tell I think

7    that order is in effect to the extent it would have any

8    applicability to (indiscernible).

9            One question, again, I'm not putting pressure on you

10   to streamline, but if there is any possibility of agreement,

11   factual stipulations.  You know, the defendants say they have

12   been in compliance with staffing requirements for certain

13   periods, so plaintiffs agree, well, let me know.  That takes

14   some creative time off the table.

15           The only other housekeeping issue, I would just --

16   you should check with the courtroom deputy closer to the

17   hearing date to see what the Court is able to provide in terms

18   of court reporters.  And if we are not in a position to

19   provide a live court reporter, then the parties need to figure

20   that out on their own.

21           That's the Court's list of housekeeping matters.

22   Anything else we haven't covered for September 29th before we

23   talk briefly about the defendants' expert tours?

24           Mr. Bien?

25           MR. BIEN:  No, Your Honor.

**WWW.LIBERTYTRANSCRIPTS.COM**

1              THE COURT:  Mr. McClain?

2              MR. McCLAIN:  No, Your Honor.

3              THE COURT:  All right.  On the expert tours, I did

4    suspend them.  I haven't heard anything to suggest that

5    there's discovery related to September 29th.  And so my plan

6    is to order that they remain paused pending completion of the

7    enforcement proceedings and the special hearing on transfer

8    timelines.

9              Anything to say about that, Mr. Bien?

10             MR. BIEN:  We would agree with that.  And it's

11   certainly quite burdensome to staff, but we also think there

12   should be some -- perhaps if defendants want to continue with

13   the tours, they be required to take a motion or something so

14   that we can better understand what the tours are, what their

15   purpose is and set the ground rules so we don't have this kind

16   of dispute in the future.

17             THE COURT:  All right.  The defendants could bring

18   such a motion.  I think all attention should be on the

19   September 29th proceedings at this point.

20             Anything else to say, Mr. McClain?

21             MR. McCLAIN:  Well, Your Honor, an order pausing the

22   tours for a substantial period like that would be very

23   prejudicial to defendants and their experts.  As Dr. Falcon

24   stated in her declaration, any substantial pause or delay in

25   this project risks defendants losing this team of experts that

1   VRJS/Falcon worked very hard to put together.

2           It was this specific team of experts that defendants

3   wanted to work on this project.  But these are busy

4   professionals who carved out a certain amount of time to work

5   on this, and they can't just wait around.

6           THE COURT:  The Court is not ruling on a motion

7   explaining that until -- I have not heard that the tours are

8   generating any discovery relevant to September 29th.  And this

9   case is too old with too long a period of noncompliance in

10  critical areas for there to be this major distraction leading

11  up to September 29th based on what the Court sees.

12          So minds need to be focused on September 29th and

13  what will be a continued contempt hearing with transfer

14  timelines.  So if you come forward with a motion that explains

15  how the proper focus can be kept on where the Court has

16  identified the need for compliance, or if you can work out

17  some agreement with the plaintiffs, then I'll reconsider.  But

18  at this point in time, unless or until I order otherwise, the

19  tours remain suspended.

20          MR. McCLAIN:  Could I ask a clarification, Your

21  Honor?

22          THE COURT:  You can ask.

23          MR. McCLAIN:  Thank you.

24          So you're saying paused until after the September

25  29th proceeding?

1          THE COURT:  That in the Court's mind is key.  If

2    there's not a motion by which the Court has granted the

3    resumption of the tours or if the parties have not reached

4    agreement on the parameters of the tours, then we'll revisit

5    that at the end of the proceedings beginning on September

6    29th.

7          So I'll ask for an update on the defendants' plans

8    and whether or not there's any agreement after we conclude our

9    discussion about transfer timelines.  Because it appears the

10   dispute may continue if you simply resume once those

11   proceedings are done.

12          MR. McCLAIN:  Okay, Your Honor.

13          THE COURT:  All right.  Anything else we need to

14   discuss today, Mr. Bien?

15          MR. BIEN:  No, Your Honor.

16          THE COURT:  Mr. McClain?

17          MR. McCLAIN:  No, Your Honor.

18          THE COURT:  All right.  I'll issue an order, and

19   then I'll see you beginning on September 29th.

20          MR. McCLAIN:  Your Honor, will the order on the

21   tours, will that be a written order?

22          THE COURT:  Yes.

23          MR. McCLAIN:  And --

24          THE COURT:  It will be brief.  Well, my primary

25   question today was does this at all relate to enforcement

1  proceedings starting on September 29th.  It's they don't.

2            MR. McCLAIN:  Okay.

3            THE COURT:  So --

4            MR. McCLAIN:  And I think --

5            THE COURT:  -- it will be very brief.

6            MR. McCLAIN:  And I think I know the answer to this

7  question, but would the Court stay that order so that

8  defendants could seek review?

9            THE COURT:  No, I would not, but you can seek

10  review.  You know well how to do that.

11            All right.  We're in recess.

12        (Proceedings adjourned at 10:46 a.m.)

13                        ---oOo---

14

15             **C E R T I F I C A T E**

16       I, DIPTI PATEL, court-approved transcriber, certify that

17  the foregoing is a correct transcript from the official

18  electronic sound recording of the proceedings in the above-

19  entitled matter.

20

21  *Dipti Patel*

22  _____

23  DIPTI PATEL, CET-997

24  LIBERTY TRANSCRIPTS                    Date: August 11, 2023

25

**WWW.LIBERTYTRANSCRIPTS.COM**

# EXHIBIT B

| | |
|---|---|
| **From:** | Ernest Galvan |
| **To:** | Samantha Wolff; Alex Gourse; Jenny Yelin |
| **Cc:** | Lisa Ells; Paul B. Mello; Damon McClain; Elise Thorn; David C. Casarrubias; Carson R. Niello; Kaylen Kadotani; Laurel E. O'Connor; Adrienne Harrold; Michael W. Bien; Donald Specter; Marissa Hatton; Namrata Kotwani |
| **Subject:** | Coleman, Staffing Hearing 09/29/2023, Deposition Transcript Designations [IMAN-DMS.FID12440] |
| **Date:** | Thursday, September 14, 2023 1:42:09 PM |
| **Attachments:** | Deposition Excerpts Marked 2023-09-14.pdf |

> **EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Attached please find a copy of the depositions of Drs. David, Simon, Burton and Franceschi, with highlights indicating the portions of the depositions Plaintiffs expect to submit as evidence.

Ernest Galvan
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, 6th Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 296-2293 (direct)
(415) 694-3606 (mobile)
(415) 433-7104 (fax)
egalvan@rbgg.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbg@rbgg.com

---

**From:** Samantha Wolff <SWolff@hansonbridgett.com>
**Sent:** Thursday, September 14, 2023 4:40 AM
**To:** Alex Gourse <AGourse@rbgg.com>; Jenny Yelin <JYelin@rbgg.com>
**Cc:** Ernest Galvan <EGalvan@rbgg.com>; Lisa Ells <LElls@rbgg.com>; Paul B. Mello <Pmello@hansonbridgett.com>; v_Damon.McClain@doj.ca.gov <Damon.McClain@doj.ca.gov>; Elise Thorn <Elise.Thorn@doj.ca.gov>; David C. Casarrubias <DCasarrubias@hansonbridgett.com>; Carson R. Niello <CNiello@hansonbridgett.com>; Kaylen Kadotani <KKadotani@hansonbridgett.com>; Laurel E. O'Connor <LOConnor@hansonbridgett.com>; Adrienne Harrold <aharrold@rbgg.com>; Michael W. Bien <MBien@rbgg.com>; Donald Specter <dspecter@prisonlaw.com>; Marissa Hatton <mhatton@prisonlaw.com>; v_Namrata.Kotwani@doj.ca.gov <Namrata.Kotwani@doj.ca.gov>
**Subject:** RE: [EXTERNAL] Coleman - Witness filing 9/8 [IMAN-DMS.FID12440]

> [EXTERNAL MESSAGE NOTICE]

Alex- to the extent there's further discussion on this today, please reply all to this email so that others on our team can respond - I'm out of the office today.

Sam

---

**From:** Samantha Wolff <SWolff@hansonbridgett.com>
**Date:** Wednesday, Sep 13, 2023 at 8:53 PM

**To:** Alex Gourse <AGourse@rbgg.com>, Jenny Yelin <JYelin@rbgg.com>
**Cc:** Ernest Galvan <EGalvan@rbgg.com>, Lisa Ells <LElls@rbgg.com>, Paul B. Mello <Pmello@hansonbridgett.com>, v_Damon.McClain@doj.ca.gov <Damon.McClain@doj.ca.gov>, v_Elise.Thorn@doj.ca.gov <Elise.Thorn@doj.ca.gov>, David C. Casarrubias <DCasarrubias@hansonbridgett.com>, Carson R. Niello <CNiello@hansonbridgett.com>, Kaylen Kadotani <KKadotani@hansonbridgett.com>, Laurel E. O'Connor <LOConnor@hansonbridgett.com>, Adrienne Harrold <aharrold@rbgg.com>, Michael W. Bien <MBien@rbgg.com>, Donald Specter <dspecter@prisonlaw.com>, Marissa Hatton <mhatton@prisonlaw.com>
**Subject:** RE: [EXTERNAL] Coleman - Witness filing 9/8 [IMAN-DMS.FID12440]

Alex- can you please clarify if you're asking us to stipulate to the admissibility of the entire transcript or to permitting you to submit excerpts for his direct testimony?

Sam

---

**From:** Alex Gourse <AGourse@rbgg.com>
**Sent:** Wednesday, September 13, 2023 8:40 PM
**To:** Samantha Wolff <SWolff@hansonbridgett.com>; Jenny Yelin <JYelin@rbgg.com>
**Cc:** Ernest Galvan <EGalvan@rbgg.com>; Lisa Ells <LElls@rbgg.com>; Paul B. Mello <Pmello@hansonbridgett.com>; v_Damon.McClain@doj.ca.gov <Damon.McClain@doj.ca.gov>; v_Elise.Thorn@doj.ca.gov <Elise.Thorn@doj.ca.gov>; David C. Casarrubias <DCasarrubias@hansonbridgett.com>; Carson R. Niello <CNiello@hansonbridgett.com>; Kaylen Kadotani <KKadotani@hansonbridgett.com>; Laurel E. O'Connor <LOConnor@hansonbridgett.com>; Adrienne Harrold <aharrold@rbgg.com>; Michael W. Bien <MBien@rbgg.com>; Donald Specter <dspecter@prisonlaw.com>; Marissa Hatton <mhatton@prisonlaw.com>
**Subject:** Re: [EXTERNAL] Coleman - Witness filing 9/8 [IMAN-DMS.FID12440]

**EXTERNAL:** Use caution when opening attachments, links or responding to this e-mail.

---

Sam, we will not stipulate to this. It appears we may have reached an impasse, so we will plan to move forward with the motion.

Alex

Get Outlook for iOS

---

**From:** Samantha Wolff <SWolff@hansonbridgett.com>
**Sent:** Wednesday, September 13, 2023 8:23 PM
**To:** Alex Gourse <AGourse@rbgg.com>; Jenny Yelin <JYelin@rbgg.com>
**Cc:** Ernest Galvan <EGalvan@rbgg.com>; Lisa Ells <LElls@rbgg.com>; Paul B. Mello <Pmello@hansonbridgett.com>; v_Damon.McClain@doj.ca.gov <Damon.McClain@doj.ca.gov>; Elise Thorn <Elise.Thorn@doj.ca.gov>; David C. Casarrubias <DCasarrubias@hansonbridgett.com>; Carson R. Niello <CNiello@hansonbridgett.com>; Kaylen Kadotani <KKadotani@hansonbridgett.com>; Laurel E. O'Connor <LOConnor@hansonbridgett.com>; Adrienne Harrold <aharrold@rbgg.com>; Michael W. Bien

<MBien@rbgg.com>; Donald Specter <dspecter@prisonlaw.com>; Marissa Hatton
<mhatton@prisonlaw.com>
**Subject:** RE: [EXTERNAL] Coleman - Witness filing 9/8 [IMAN-DMS.FID12440]

[EXTERNAL MESSAGE NOTICE]

Alex,

As I stated in my email below: if Plaintiffs would stipulate that Drs. Burton, Franceschi, and Minor are not
Defendants' officers, directors, managing agents, or designees under FRCP 32(a)(3), then we can agree
to Plaintiffs using Dr. Burton's deposition excerpts for direct testimony, provided that he is available for
live cross-examination.

Please let me know.

Thanks,
Sam

---

**From:** Alex Gourse <AGourse@rbgg.com>
**Sent:** Wednesday, September 13, 2023 8:18 PM
**To:** Samantha Wolff <SWolff@hansonbridgett.com>; Jenny Yelin <JYelin@rbgg.com>
**Cc:** Ernest Galvan <EGalvan@rbgg.com>; Lisa Ells <LElls@rbgg.com>; Paul B. Mello
<Pmello@hansonbridgett.com>; v_Damon.McClain@doj.ca.gov <Damon.McClain@doj.ca.gov>;
v_Elise.Thorn@doj.ca.gov <Elise.Thorn@doj.ca.gov>; David C. Casarrubias
<DCasarrubias@hansonbridgett.com>; Carson R. Niello <CNiello@hansonbridgett.com>; Kaylen
Kadotani <KKadotani@hansonbridgett.com>; Laurel E. O'Connor <LOConnor@hansonbridgett.com>;
Adrienne Harrold <aharrold@rbgg.com>; Michael W. Bien <MBien@rbgg.com>; Donald Specter
<dspecter@prisonlaw.com>; Marissa Hatton <mhatton@prisonlaw.com>
**Subject:** Re: [EXTERNAL] Coleman - Witness filing 9/8 [IMAN-DMS.FID12440]

**EXTERNAL:** Use caution when opening attachments, links or responding to this e-mail.

---

Sam, the authority is in my original email:

if a written statement is admissible under the evidence rules, it is not excludable on the grounds that the statement could also have
been presented in the form of live oral testimony

Coleman v. Wilson, 912 F. Supp. 1282, 1295 n.4 (E.D. Cal. 1995)

Note that the court specifically rejected your position that "the conditions set forth in Rule 32(a) must be
satisfied before we get to the question of admissibility under the FRE."

Defendants proceed from the assumption that the admissibility of depositions is governed in the first instance by Fed.R.Civ.P. 32.
As has been observed, however, "the Federal Rules of Evidence ... provide the general rules regarding the use at trial of
depositions.... Rule 32 defines some circumstances in which a deposition is admissible, leaving most issues of admissibility to the
Federal Rules of Evidence." 8A Wright, Miller & Marcus, *Federal Practice and Procedure: Civil 2d* § 2141, at 157, § 2142, at 158
(1994); *see United States v. International Business Machines Corp.,* 90 F.R.D. 377, 384 (S.D.N.Y.1981) (Fed.R.Civ.P. 32 and
Fed.R.Evid. 804 "are independent bases for the admission of a deposition.").[4]

Coleman v. Wilson, 912 F. Supp. 1282, 1295 (E.D. Cal. 1995)

*Stevenson* is distinguishable because the plaintiff did not seek to introduce the deposition at issue as a party admission—presumably because the deponent was a "former" defendant who had already been dismissed from the case at the time of his deposition.  Stevenson v. Holland, 504 F. Supp. 3d 1107, 1147 (E.D. Cal. 2020).

Please let us know whether Decandants will stipulate to the admissibility of Dr. Burton's deposition.

Alex

Get Outlook for iOS

**From:** Samantha Wolff <SWolff@hansonbridgett.com>
**Sent:** Wednesday, September 13, 2023 7:21 PM
**To:** Alex Gourse <AGourse@rbgg.com>; Jenny Yelin <JYelin@rbgg.com>
**Cc:** Ernest Galvan <EGalvan@rbgg.com>; Lisa Ells <LElls@rbgg.com>; Paul B. Mello <Pmello@hansonbridgett.com>; v_Damon.McClain@doj.ca.gov <Damon.McClain@doj.ca.gov>; Elise Thorn <Elise.Thorn@doj.ca.gov>; David C. Casarrubias <DCasarrubias@hansonbridgett.com>; Carson R. Niello <CNiello@hansonbridgett.com>; Kaylen Kadotani <KKadotani@hansonbridgett.com>; Laurel E. O'Connor <LOConnor@hansonbridgett.com>; Adrienne Harrold <aharrold@rbgg.com>; Michael W. Bien <MBien@rbgg.com>; Donald Specter <dspecter@prisonlaw.com>; Marissa Hatton <mhatton@prisonlaw.com>
**Subject:** RE: [EXTERNAL] Coleman - Witness filing 9/8 [IMAN-DMS.FID12440]

[EXTERNAL MESSAGE NOTICE]

Alex-

Do you have any authority to support your position below, that unavailability is not a prerequisite for admitting an employee's statements?  FRCP 32(a)(3) applies only to a party's officer, director, managing agent, or designee – not employees.  Further, the conditions set forth in Rule 32(a) must be satisfied before we get to the question of admissibility under the FRE. *See, e.g.* § 2142 General Principles Relating to the Use of a Deposition, 8A Fed. Prac. & Proc. Civ. § 2142 (3d ed.); *Stevenson v. Holland*, 504 F. Supp. 3d 1107 (E.D. Cal. 2020).  However, if Plaintiffs would stipulate that Drs. Burton, Franceschi, and Minor are not Defendants' officers, directors, managing agents, or designees under FRCP 32(a)(3), then we can agree to Plaintiffs using Dr. Burton's deposition excerpts for direct testimony, provided that he is available for live cross-examination.

Sam

**From:** Alex Gourse <AGourse@rbgg.com>
**Sent:** Wednesday, September 13, 2023 10:33 AM
**To:** Samantha Wolff <SWolff@hansonbridgett.com>; Jenny Yelin <JYelin@rbgg.com>
**Cc:** Ernest Galvan <EGalvan@rbgg.com>; Lisa Ells <LElls@rbgg.com>; Paul B. Mello <Pmello@hansonbridgett.com>; v_Damon.McClain@doj.ca.gov <Damon.McClain@doj.ca.gov>; v_Elise.Thorn@doj.ca.gov <Elise.Thorn@doj.ca.gov>; David C. Casarrubias <DCasarrubias@hansonbridgett.com>; Carson R. Niello <CNiello@hansonbridgett.com>; Kaylen Kadotani <KKadotani@hansonbridgett.com>; Laurel E. O'Connor <LOConnor@hansonbridgett.com>;

Adrienne Harrold <aharrold@rbgg.com>; Michael W. Bien <MBien@rbgg.com>; Donald Specter <dspecter@prisonlaw.com>; Marissa Hatton <mhatton@prisonlaw.com>
**Subject:** RE: [EXTERNAL] Coleman - Witness filing 9/8 [IMAN-DMS.FID12440]

**EXTERNAL:** Use caution when opening attachments, links or responding to this e-mail.

Sam— Unavailability is not a prerequisite for admitting statements of an opposing party's employee on topics that are within the scope of his employment. We're simply trying to save everyone some time now that Defendants have indicated that they plan to spend multiple hours with every one of their witnesses.

As for declarations, an attorney-drafted declaration is not the same thing as a deposition in which a witness answers the questions in his own words.

As for your own examination of Dr. Burton, you can add him to your witness list if you wish.

Alex

**From:** Samantha Wolff <SWolff@hansonbridgett.com>
**Sent:** Wednesday, September 13, 2023 9:55 AM
**To:** Alex Gourse <AGourse@rbgg.com>; Jenny Yelin <JYelin@rbgg.com>
**Cc:** Ernest Galvan <EGalvan@rbgg.com>; Lisa Ells <LElls@rbgg.com>; Paul B. Mello <Pmello@hansonbridgett.com>; v_Damon.McClain@doj.ca.gov <Damon.McClain@doj.ca.gov>; Elise Thorn <Elise.Thorn@doj.ca.gov>; David C. Casarrubias <DCasarrubias@hansonbridgett.com>; Carson R. Niello <CNiello@hansonbridgett.com>; Kaylen Kadotani <KKadotani@hansonbridgett.com>; Laurel E. O'Connor <LOConnor@hansonbridgett.com>; Adrienne Harrold <aharrold@rbgg.com>; Michael W. Bien <MBien@rbgg.com>; Donald Specter <dspecter@prisonlaw.com>; Marissa Hatton <mhatton@prisonlaw.com>
**Subject:** RE: [EXTERNAL] Coleman - Witness filing 9/8 [IMAN-DMS.FID12440]

[EXTERNAL MESSAGE NOTICE]

Alex,

Before we can reconsider our position, it would help to know why Plaintiffs believe they need to submit Dr. Burton's testimony in this manner.  Is it your belief that he is unavailable to testify?  We're having a difficult time understanding Plaintiffs' change in position from the August 10 hearing when Lisa told Judge Mueller "we continue to believe that *all direct testimony should be live* except for the experts including defendants' witnesses.  We think that is the best way to proceed…"  Can you please explain? Additionally, if Plaintiffs were to designate portions of the deposition transcript rather than call Dr. Burton to testify live on direct, would Plaintiffs agree that Dr. Burton must appear for live cross-examination?

Thanks,
Sam

**From:** Alex Gourse <AGourse@rbgg.com>
**Sent:** Tuesday, September 12, 2023 4:24 PM
**To:** Samantha Wolff <SWolff@hansonbridgett.com>; Jenny Yelin <JYelin@rbgg.com>
**Cc:** Ernest Galvan <EGalvan@rbgg.com>; Lisa Ells <LElls@rbgg.com>; Paul B. Mello
<Pmello@hansonbridgett.com>; v_Damon.McClain@doj.ca.gov <Damon.McClain@doj.ca.gov>;
v_Elise.Thorn@doj.ca.gov <Elise.Thorn@doj.ca.gov>; David C. Casarrubias
<DCasarrubias@hansonbridgett.com>; Carson R. Niello <CNiello@hansonbridgett.com>; Kaylen
Kadotani <KKadotani@hansonbridgett.com>; Laurel E. O'Connor <LOConnor@hansonbridgett.com>;
Adrienne Harrold <aharrold@rbgg.com>; Michael W. Bien <MBien@rbgg.com>; Donald Specter
<dspecter@prisonlaw.com>; Marissa Hatton <mhatton@prisonlaw.com>
**Subject:** RE: [EXTERNAL] Coleman - Witness filing 9/8 [IMAN-DMS.FID12440]

**EXTERNAL:** Use caution when opening attachments, links or responding to this e-mail.

Sam –

On Friday you indicated that Defendants would not stipulate to the admissibility of Dr. Burton's
deposition transcript.  Plaintiffs intend to file a motion in limine on this issue, but before doing so I'd like
to remind Defendants that the Court decided this exact question in its September 13, 1995 Order.  *See
Coleman v. Wilson*, 912 F. Supp. 1282, 1295 (E.D. Cal. 1995) (denying Defendants' motion to strike
deposition transcripts because "[s]tatements made by employees of the California Department of
Corrections concerning matters within the scope of their employment are admissible under Fed.R.Evid.
801(d)(2)(D)").

Please let us know whether Defendants will reconsider their position and stipulate to the admissibility of
Dr. Burton's deposition transcript.

Alex

**From:** Samantha Wolff <SWolff@hansonbridgett.com>
**Sent:** Friday, September 8, 2023 11:19 AM
**To:** Jenny Yelin <JYelin@rbgg.com>
**Cc:** Ernest Galvan <EGalvan@rbgg.com>; Lisa Ells <LElls@rbgg.com>; Paul B. Mello
<Pmello@hansonbridgett.com>; v_Damon.McClain@doj.ca.gov <Damon.McClain@doj.ca.gov>; Elise
Thorn <Elise.Thorn@doj.ca.gov>; David C. Casarrubias <DCasarrubias@hansonbridgett.com>; Carson R.
Niello <CNiello@hansonbridgett.com>; Kaylen Kadotani <KKadotani@hansonbridgett.com>; Laurel E.
O'Connor <LOConnor@hansonbridgett.com>; Alex Gourse <AGourse@rbgg.com>; Adrienne Harrold
<aharrold@rbgg.com>; Michael W. Bien <MBien@rbgg.com>; Donald Specter
<dspecter@prisonlaw.com>; Marissa Hatton <mhatton@prisonlaw.com>
**Subject:** RE: [EXTERNAL] Coleman - Witness filing 9/8 [IMAN-DMS.FID12440]

[EXTERNAL MESSAGE NOTICE]

Got it.  Attached is the final version (which incorporates your updated estimates).  Let me know if I have
your permission to file (and if you can, I'd appreciate a second look at my math on the total length of

time).

Regarding Dr. Burton, I removed him from the list but please know that Defendants are not stipulating to the admissibility of Dr. Burton's deposition transcript. Does that change anything on your end?

Thanks,
Sam

---

**From:** Jenny Yelin <JYelin@rbgg.com>
**Sent:** Friday, September 8, 2023 11:11 AM
**To:** Samantha Wolff <SWolff@hansonbridgett.com>
**Cc:** Ernest Galvan <EGalvan@rbgg.com>; Lisa Ells <LElls@rbgg.com>; Paul B. Mello <Pmello@hansonbridgett.com>; v_Damon.McClain@doj.ca.gov <Damon.McClain@doj.ca.gov>; v_Elise.Thorn@doj.ca.gov <Elise.Thorn@doj.ca.gov>; David C. Casarrubias <DCasarrubias@hansonbridgett.com>; Carson R. Niello <CNiello@hansonbridgett.com>; Kaylen Kadotani <KKadotani@hansonbridgett.com>; Laurel E. O'Connor <LOConnor@hansonbridgett.com>; Alex Gourse <AGourse@rbgg.com>; Adrienne Harrold <aharrold@rbgg.com>; Michael W. Bien <MBien@rbgg.com>; Donald Specter <dspecter@prisonlaw.com>; Marissa Hatton <mhatton@prisonlaw.com>
**Subject:** RE: [EXTERNAL] Coleman - Witness filing 9/8 [IMAN-DMS.FID12440]

**EXTERNAL:** Use caution when opening attachments, links or responding to this e-mail.

---

Hi All,

Apologies, but we have made a few small additional edits to our estimates for our witnesses. Please see attached.

Jenny

---

**From:** Jenny Yelin
**Sent:** Friday, September 8, 2023 10:53 AM
**To:** Samantha Wolff <SWolff@hansonbridgett.com>
**Cc:** Ernest Galvan <EGalvan@rbgg.com>; Lisa Ells <LElls@rbgg.com>; Paul B. Mello <Pmello@hansonbridgett.com>; v_Damon.McClain@doj.ca.gov <Damon.McClain@doj.ca.gov>; Elise Thorn <Elise.Thorn@doj.ca.gov>; David C. Casarrubias <DCasarrubias@hansonbridgett.com>; Carson R. Niello <CNiello@hansonbridgett.com>; Kaylen Kadotani <KKadotani@hansonbridgett.com>; Laurel E. O'Connor <LOConnor@hansonbridgett.com>; Alex Gourse <agourse@rbgg.com>; Adrienne Harrold <aharrold@rbgg.com>; Michael W. Bien <MBien@rbgg.com>; Donald Specter <dspecter@prisonlaw.com>; Marissa Hatton <mhatton@prisonlaw.com>
**Subject:** RE: [EXTERNAL] Coleman - Witness filing 9/8 [IMAN-DMS.FID12440]

Thanks, Sam.

Here are our edits. I have left the total amount of time blank, as I could not estimate that without your estimate regarding the cross-examination of Dr.

Brown.


Please send the final version of the document back to me for sign-off before you file.

Thanks.
Jenny

---

**From:** Samantha Wolff <SWolff@hansonbridgett.com>
**Sent:** Friday, September 8, 2023 9:55 AM
**To:** Jenny Yelin <JYelin@rbgg.com>
**Cc:** Ernest Galvan <EGalvan@rbgg.com>; Lisa Ells <LElls@rbgg.com>; Paul B. Mello <Pmello@hansonbridgett.com>; v_Damon.McClain@doj.ca.gov <Damon.McClain@doj.ca.gov>; Elise Thorn <Elise.Thorn@doj.ca.gov>; David C. Casarrubias <DCasarrubias@hansonbridgett.com>; Carson R. Niello <CNiello@hansonbridgett.com>; Kaylen Kadotani <KKadotani@hansonbridgett.com>; Laurel E. O'Connor <LOConnor@hansonbridgett.com>; Alex Gourse <AGourse@rbgg.com>; Adrienne Harrold <aharrold@rbgg.com>; Michael W. Bien <MBien@rbgg.com>; Donald Specter <dspecter@prisonlaw.com>; Marissa Hatton <mhatton@prisonlaw.com>
**Subject:** RE: [EXTERNAL] RE: Coleman - Witness filing 9/8 [IMAN-DMS.FID12440]

[EXTERNAL MESSAGE NOTICE]

Jenny-

Here's the draft pleading with our timeframes and order indicated.  Please let us know your revised estimate for your direct/redirect of Dr. Brown.

Thanks,
Sam

---

**From:** Jenny Yelin <JYelin@rbgg.com>
**Sent:** Friday, September 8, 2023 7:43 AM
**To:** Samantha Wolff <SWolff@hansonbridgett.com>
**Cc:** Ernest Galvan <EGalvan@rbgg.com>; Lisa Ells <LElls@rbgg.com>; Paul B. Mello <Pmello@hansonbridgett.com>; v_Damon.McClain@doj.ca.gov <Damon.McClain@doj.ca.gov>; v_Elise.Thorn@doj.ca.gov <Elise.Thorn@doj.ca.gov>; David C. Casarrubias <DCasarrubias@hansonbridgett.com>; Carson R. Niello <CNiello@hansonbridgett.com>; Kaylen Kadotani <KKadotani@hansonbridgett.com>; Laurel E. O'Connor <LOConnor@hansonbridgett.com>; Alex Gourse <AGourse@rbgg.com>; Adrienne Harrold <aharrold@rbgg.com>; Michael W. Bien <MBien@rbgg.com>; Donald Specter <dspecter@prisonlaw.com>; Marissa Hatton <mhatton@prisonlaw.com>
**Subject:** Re: [EXTERNAL] RE: Coleman - Witness filing 9/8 [IMAN-DMS.FID12440]

Hi Sam,
When can we expect your witness testimony times? Do you still plan to prepare the draft of the filing?
Thanks,
Jenny

Jenny Yelin

ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
jyelin@rbgg.com

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at jyelin@rbgg.com.

On Sep 6, 2023, at 11:00 PM, Samantha Wolff <SWolff@hansonbridgett.com> wrote:

[EXTERNAL MESSAGE NOTICE]
Will do and sounds good.  Thanks Jenny.

**From:** Jenny Yelin <JYelin@rbgg.com>
**Date:** Wednesday, Sep 06, 2023 at 5:44 PM
**To:** Samantha Wolff <SWolff@hansonbridgett.com>, Ernest Galvan <EGalvan@rbgg.com>, Lisa Ells <LElls@rbgg.com>
**Cc:** Paul B. Mello <Pmello@hansonbridgett.com>, v_Damon.McClain@doj.ca.gov <Damon.McClain@doj.ca.gov>, v_Elise.Thorn@doj.ca.gov <Elise.Thorn@doj.ca.gov>, David C. Casarrubias <DCasarrubias@hansonbridgett.com>, Carson R. Niello <CNiello@hansonbridgett.com>, Kaylen Kadotani <KKadotani@hansonbridgett.com>, Laurel E. O'Connor <LOConnor@hansonbridgett.com>, Alex Gourse <AGourse@rbgg.com>, Adrienne Harrold <aharrold@rbgg.com>, Michael W. Bien <MBien@rbgg.com>, Donald Specter <dspecter@prisonlaw.com>, Marissa Hatton <mhatton@prisonlaw.com>
**Subject:** [EXTERNAL] RE: Coleman - Witness filing 9/8 [IMAN-DMS.FID12440]

**EXTERNAL:** Use caution when opening attachments, links or responding to this e-mail.

Hi Sam,

I know you're working on a draft pleading for the filing due Friday at 12 pm, which we appreciate.  In the meantime, here is a spreadsheet we can use to fill in our estimated testimony time for the witnesses, so that the process on Friday can be streamlined.  We've filled in our current estimated time for direct and re-direct for Plaintiffs' witnesses.  We

have also listed them in the order we plan to call them.  Please re-arrange the list of
Defendants' witnesses to be in the order you plan to call them in, and fill in your estimated
time for direct/re-direct. We can then each fill in the estimated time for cross and any re-
cross after we see the direct testimony time estimates, and make any other adjustments
necessary prior to Friday.


Jenny

---

**From:** Samantha Wolff <SWolff@hansonbridgett.com>
**Sent:** Friday, September 1, 2023 8:05 PM
**To:** Jenny Yelin <JYelin@rbgg.com>; Ernest Galvan <EGalvan@rbgg.com>; Lisa Ells
<LElls@rbgg.com>
**Cc:** Paul B. Mello <Pmello@hansonbridgett.com>; v_Damon.McClain@doj.ca.gov
<Damon.McClain@doj.ca.gov>; Elise Thorn <Elise.Thorn@doj.ca.gov>; David C. Casarrubias
<DCasarrubias@hansonbridgett.com>; Carson R. Niello <CNiello@hansonbridgett.com>;
Kaylen Kadotani <KKadotani@hansonbridgett.com>; Laurel E. O'Connor
<LOConnor@hansonbridgett.com>; Alex Gourse <AGourse@rbgg.com>; Adrienne Harrold
<aharrold@rbgg.com>; Michael W. Bien <MBien@rbgg.com>; Donald Specter
<dspecter@prisonlaw.com>; Marissa Hatton <mhatton@prisonlaw.com>
**Subject:** RE: Coleman - Witness filing 9/8 [IMAN-DMS.FID12440]

[EXTERNAL MESSAGE NOTICE]

Hi Jenny,

Thanks for providing your updated list below.  We are still open to the possibility of
entering into factual stipulations but we will not be ready to exchange lists on Tuesday.  We
could likely be ready to do so on Wednesday, or if you'd like to send yours on Tuesday, we
can review it and add to it.  Please let us know how you'd like to proceed.

Thanks,
Sam

---

**From:** Jenny Yelin <JYelin@rbgg.com>
**Sent:** Friday, September 1, 2023 4:13 PM
**To:** Samantha Wolff <SWolff@hansonbridgett.com>; Ernest Galvan <EGalvan@rbgg.com>;
Lisa Ells <LElls@rbgg.com>
**Cc:** Paul B. Mello <Pmello@hansonbridgett.com>; v_Damon.McClain@doj.ca.gov
<Damon.McClain@doj.ca.gov>; v_Elise.Thorn@doj.ca.gov <Elise.Thorn@doj.ca.gov>; David
C. Casarrubias <DCasarrubias@hansonbridgett.com>; Carson R. Niello
<CNiello@hansonbridgett.com>; Kaylen Kadotani <KKadotani@hansonbridgett.com>;
Laurel E. O'Connor <LOConnor@hansonbridgett.com>; Alex Gourse <AGourse@rbgg.com>;
Adrienne Harrold <aharrold@rbgg.com>; Michael W. Bien <MBien@rbgg.com>; Donald
Specter <dspecter@prisonlaw.com>; Marissa Hatton <mhatton@prisonlaw.com>
**Subject:** [EXTERNAL] RE: Coleman - Witness filing 9/8 [IMAN-DMS.FID12440]

**EXTERNAL:** Use caution when opening attachments, links or responding to this e-mail.

Sorry, re-sending to include other members of our team.

Jenny

**From:** Jenny Yelin
**Sent:** Friday, September 1, 2023 4:12 PM
**To:** Samantha Wolff <SWolff@hansonbridgett.com>; Ernest Galvan <EGalvan@rbgg.com>;
Lisa Ells <LElls@rbgg.com>
**Cc:** Paul B. Mello <Pmello@hansonbridgett.com>; v_Damon.McClain@doj.ca.gov
<Damon.McClain@doj.ca.gov>; Elise Thorn <Elise.Thorn@doj.ca.gov>; David C. Casarrubias
<DCasarrubias@hansonbridgett.com>; Carson R. Niello <CNiello@hansonbridgett.com>;
Kaylen Kadotani <KKadotani@hansonbridgett.com>; Laurel E. O'Connor
<LOConnor@hansonbridgett.com>
**Subject:** RE: Coleman - Witness filing 9/8 [IMAN-DMS.FID12440]

Dear Sam and all,

Here is an updated list of the witnesses Plaintiffs intend to call. We do not intend to call the
individuals on our July 31 list who are not listed below:

1. Timothy Brown
2. Joseph Bick
3. Alexandra David
4. Shelly Minor
5. Kelley Francheschi
6. Paul Burton

We will of course still cross-examine Dr. Mehta, who was originally on our list as well as
Defendants'.

Also, after the Aug. 10 status conference and during our meet and confer a few weeks ago,
we discussed the possibility of some factual stipulations to narrow the issues to be
presented.  Could we exchange lists of proposed stipulated facts on Tuesday 9/5?

Let us know.

Best,

Jenny

**From:** Samantha Wolff <SWolff@hansonbridgett.com>
**Sent:** Friday, September 1, 2023 10:53 AM
**To:** Ernest Galvan <EGalvan@rbgg.com>; Lisa Ells <LElls@rbgg.com>; Jenny Yelin
<JYelin@rbgg.com>

**Cc:** Paul B. Mello <Pmello@hansonbridgett.com>; v_Damon.McClain@doj.ca.gov
<Damon.McClain@doj.ca.gov>; Elise Thorn <Elise.Thorn@doj.ca.gov>; David C. Casarrubias
<DCasarrubias@hansonbridgett.com>; Carson R. Niello <CNiello@hansonbridgett.com>;
Kaylen Kadotani <KKadotani@hansonbridgett.com>; Laurel E. O'Connor
<LOConnor@hansonbridgett.com>
**Subject:** RE: Coleman - Witness filing 9/8 [IMAN-DMS.FID12440]

[EXTERNAL MESSAGE NOTICE]

Thanks for the quick response. Please let us know at your earliest convenience which
witnesses Plaintiffs intend to call.

---

**From:** Ernest Galvan <EGalvan@rbgg.com>
**Sent:** Friday, September 1, 2023 10:23 AM
**To:** Samantha Wolff <SWolff@hansonbridgett.com>; Lisa Ells <LElls@rbgg.com>; Jenny
Yelin <JYelin@rbgg.com>
**Cc:** Paul B. Mello <Pmello@hansonbridgett.com>; v_Damon.McClain@doj.ca.gov
<Damon.McClain@doj.ca.gov>; v_Elise.Thorn@doj.ca.gov <Elise.Thorn@doj.ca.gov>; David
C. Casarrubias <DCasarrubias@hansonbridgett.com>; Carson R. Niello
<CNiello@hansonbridgett.com>; Kaylen Kadotani <KKadotani@hansonbridgett.com>;
Laurel E. O'Connor <LOConnor@hansonbridgett.com>
**Subject:** [EXTERNAL] RE: Coleman - Witness filing 9/8 [IMAN-DMS.FID12440]

**EXTERNAL:** Use caution when opening attachments, links or responding to this e-mail.

---

Yes, we're agreeable to this approach.

Ernest Galvan
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, 6th Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 296-2293 (direct)
(415) 694-3606 (mobile)
(415) 433-7104 (fax)
egalvan@rbgg.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected
from disclosure. If you are not the intended recipient, any dissemination, distribution or copying
is strictly prohibited. If you think that you have received this e-mail message in error, please e-
mail the sender at rbg@rbgg.com

---

**From:** Samantha Wolff <SWolff@hansonbridgett.com>
**Sent:** Friday, September 1, 2023 8:31 AM
**To:** Lisa Ells <LElls@rbgg.com>; Ernest Galvan <EGalvan@rbgg.com>; Jenny Yelin
<JYelin@rbgg.com>
**Cc:** Paul B. Mello <Pmello@hansonbridgett.com>; v_Damon.McClain@doj.ca.gov

&lt;Damon.McClain@doj.ca.gov&gt;; Elise Thorn &lt;Elise.Thorn@doj.ca.gov&gt;; David C. Casarrubias &lt;DCasarrubias@hansonbridgett.com&gt;; Carson R. Niello &lt;CNiello@hansonbridgett.com&gt;; Kaylen Kadotani &lt;KKadotani@hansonbridgett.com&gt;; Laurel E. O'Connor &lt;LOConnor@hansonbridgett.com&gt;

**Subject:** Coleman - Witness filing 9/8

[EXTERNAL MESSAGE NOTICE]

All,

I'm reaching out in advance of next Friday's filing regarding the order of witnesses and time estimates.  While the order doesn't explicitly request a joint filing, logistically I don't see how separate filings would provide the information the court has requested.  Accordingly, we propose a joint filing and we can each take turns filling in our best estimates for testimony (i.e., we'd fill in the direct and redirect estimates for our witnesses and expert, you'd fill in the cross for our witnesses, etc.).  Please let us know if you're agreeable to this approach (and to a joint filing generally).  I'm in the process of creating a draft and can send it over next week.

Thanks,
Sam

**Samantha Wolff**
**Partner**
SWolff@hansonbridgett.com
Direct: (415) 995-5020

**Hanson Bridgett LLP**
1676 N. California Blvd., Suite 620
Walnut Creek, CA, 94596
Website | LinkedIn
Costa Mesa • Los Angeles • Sacramento • San Francisco • San Rafael • Walnut Creek

This communication, including any attachments, is confidential and may be protected by privilege. If you are not the intended recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or email, and permanently delete all copies, electronic or other, you may have. The foregoing applies even if this notice is embedded in a message that is forwarded or attached.

# EXHIBIT C

1

1                    UNITED STATES DISTRICT COURT

2                    EASTERN DISTRICT OF CALIFORNIA

3

4     RALPH COLEMAN, et al.,                )
                                            )
5                       Plaintiffs,         )
                                            ) Case No.:
6           v.                              ) 2:90-CV-
                                            ) 00520-KJM-DB
7     GAVIN NEWSOM, et al.,                  )
                                            )
8                       Defendants.         )
      ─────────────────────────────────────)

9

10

11                    REMOTE DEPOSITION OF

12                    ALEXANDRA DAVID, M.D.

13                         California

14               Tuesday, August 29, 2023

15

16

17

18

19    REPORTED BY:  ANNABELL ANDERSON
                    Certified Shorthand Reporter
20                  License No. 14143

21

22    Job No: 10126076

23

24

25

```
1    Q.      Great.

2            All right.  So for the record, can you please

3    state your full name including the spelling?

4    A.      Alexandra, A-l-e-x-a-n-d-r-a, last name is

5    David, D-a-v-i-d.

6    Q.      And what is your current employer, Dr. David?

7    A.      CDCR.

8    Q.      And for the record, that is the California

9    Department of Corrections and Rehabilitation, correct?

10   A.      Yes, it is.  I'll try not to speak in acronyms.

11   Q.      No.  It's fine.  I just want to make sure we get

12   it on the record.  Thank you.

13           And what is your current title and/or position?

14   A.      Chief of mental health.

15   Q.      And is that at a particular institution?

16   A.      CMF, California Medical Facility.

17   Q.      How many years have you been employed with CDCR?

18   A.      It will be nine years on September 1st.

19   Q.      How long have you been chief of mental health at

20   CMF?

21   A.      Well, I've been in the new CEA-CMH position

22   since 7/14, but I've been chief of mental health for a

23   little over two years.

24   Q.      That's July 14th of this year?

25   A.      Yes.
```

```
 1                    REPORTER'S CERTIFICATE

 2           I certify that the foregoing proceedings in the

 3    within-entitled cause were reported at the time and place

 4    therein named; that said proceedings were reported by me,

 5    a duly Certified Shorthand Reporter of the State of

 6    California, and all audible words for appearances via

 7    videoconference, and all objections made at the time of

 8    the examination were recorded stenographically by me to

 9    the best of my ability and thereafter transcribed into

10    typewriting.

11           I further certify that I am not of counsel or

12    attorney for either or any of the parties to said cause

13    of action, nor in any way interested in the outcome of

14    the cause named in said cause of action.

15           IN WITNESS WHEREOF, I have hereunto set my hand

16    this 5th day of September, 2023.

17

18

19                     _____
                       ANNABELL ANDERSON, CSR No. 14143
20                     Certified Shorthand Reporter

21

22

23

24

25
```

1              DECLARATION UNDER PENALTY OF PERJURY

2    Case Name: Coleman vs. Newsom

3    Date of Deposition: 08/29/2023

4    Job No.: 10126076

5

6              I, ALEXANDRA DAVID, M.D., hereby certify

7    under penalty of perjury under the laws of the State of

8    _____ that the foregoing is true and correct.

9              Executed this _____ day of

10   _____, 2023, at _____.

11

12

13             _____

14                ALEXANDRA DAVID, M.D.

15

16   NOTARIZATION (If Required)

17   State of _____

18   County of _____

19   Subscribed and sworn to (or affirmed) before me on

20   this _____ day of _____, 20__,

21   by_____,     proved to me on the

22   basis of satisfactory evidence to be the person

23   who appeared before me.

24   Signature: _____ (Seal)

25

118

```
1     DEPOSITION ERRATA SHEET

2     Case Name: Coleman vs. Newsom
      Name of Witness: Alexandra David, M.D.
3     Date of Deposition: 08/29/2023
      Job No.: 10126076
4     Reason Codes:  1. To clarify the record.
                     2. To conform to the facts.
5                    3. To correct transcription errors.

6     Page _____ Line _____ Reason _____

7     From _____ to _____

8     Page _____ Line _____ Reason _____

9     From _____ to _____

10    Page _____ Line _____ Reason _____

11    From _____ to _____

12    Page _____ Line _____ Reason _____

13    From _____ to _____

14    Page _____ Line _____ Reason _____

15    From _____ to _____

16    Page _____ Line _____ Reason _____

17    From _____ to _____

18    Page _____ Line _____ Reason _____

19    From _____ to _____

20    Page _____ Line _____ Reason _____

21    From _____ to _____

22    Page _____ Line _____ Reason _____

23    From _____ to _____

24    Page _____ Line _____ Reason _____

25    From _____ to _____
```

[8/29/2023] DAVID, M.D., ALEXANDRA 08-29-2023

119

```
1    DEPOSITION ERRATA SHEET

2    Page _____ Line _____ Reason _____

3    From _____ to _____

4    Page _____ Line _____ Reason _____

5    From _____ to _____

6    Page _____ Line _____ Reason _____

7    From _____ to _____

8    Page _____ Line _____ Reason _____

9    From _____ to _____

10   Page _____ Line _____ Reason _____

11   From _____ to _____

12   Page _____ Line _____ Reason _____

13   From _____ to _____

14   Page _____ Line _____ Reason _____

15   From _____ to _____

16   Page _____ Line _____ Reason _____

17   From _____ to _____

18   Page _____ Line _____ Reason _____

19   From _____ to _____

20   Page _____ Line _____ Reason _____

21   From _____ to _____

22   _____ Subject to the above changes, I certify that the
              transcript is true and correct
23   _____ No changes have been made. I certify that the
              transcript  is true and correct.

24

25            _____
                   ALEXANDRA DAVID, M.D.
```

# EXHIBIT D

1

1          UNITED STATES DISTRICT COURT

2          EASTERN DISTRICT OF CALIFORNIA

3

4    RALPH COLEMAN, et al.,

5            Plaintiffs,

6        vs.                    No. 2:90-cv-00520-KJM-DB

7    GAVIN NEWSOM, et al.,

8            Defendants.
     _____
9

10

11

12

13

14

15          REMOTE VIDEOCONFERENCE DEPOSITION OF

16               SHELLY MINOR, PH.D.

17            Friday, August 25, 2023

18            10:00 a.m. - 12:58 p.m.

19                 Volume 1

20

21

22

23

24        JODI L. BOSETTI, CSR No. 11316, RPR

25             JOB NO. 10126077

1        A    Yes.

2        Q    Thank you.

3             What is your current title and your current

4    position?

5        A    My current title is the chief psychologist

6    for the intermediate PIP program.

7        Q    And how long have you been in that position?

8        A    Two and a half years.

9        Q    Okay.  What was the position you held

10   immediately before the chief psychologist in the

11   intermediate care program?

12       A    I was the chief of mental health, in that

13   position as a designation, up until the end of last

14   year.

15       Q    What professional licenses do you hold?

16       A    I'm a licensed clinical psychologist.

17       Q    And when did you receive that license?

18       A    2004.

19       Q    Sorry, was that 2004?  I didn't catch all of

20   that.

21       A    2004.

22            (Interruption by the court reporter.)

23   BY MR. GOURSE:

24       Q    Do you have any noncurrent or expired

25   licenses?

```
 1                    REPORTER'S CERTIFICATION

 2

 3        I, JODI L. BOSETTI, a Certified Shorthand

 4   Reporter of the State of California, do hereby

 5   certify:

 6        That the foregoing proceedings were taken before

 7   me at the time and place herein set forth; that any

 8   witnesses in the foregoing proceedings, prior to

 9   testifying, were duly sworn; that a record of the

10   proceedings was made by me using machine shorthand and

11   later transcribed into typewriting under my direction;

12   that the foregoing is a true record of the testimony

13   and proceedings taken at that time.

14        I further certify that I am not of counsel or

15   attorney for either or any of the parties to said

16   proceedings, nor in any way interested in the outcome

17   of the cause named in said caption.

18        IN WITNESS WHEREOF, I have this date subscribed

19   my name.

20   DATED:  September 1, 2023

21

22

23   _____

24   JODI L. BOSETTI, CSR No. 11316, RPR

25
```

1          DECLARATION UNDER PENALTY OF PERJURY

2    Case Name: Coleman vs. Newsom

3    Date of Deposition: 08/25/2023

4    Job No.: 10126077

5

6              I, SHELLY MINOR, PH.D., hereby certify

7    under penalty of perjury under the laws of the State of

8    California_____ that the foregoing is true and correct.

9         Executed this 12th____ day of

10   September_____, 2023, at Stockton_____.

11

12

13              /s/Shelly Minor_____

14              SHELLY MINOR, PH.D.

15

16   NOTARIZATION (If Required)

17   State of _____

18   County of _____

19   Subscribed and sworn to (or affirmed) before me on

20   this _____ day of _____, 20__,

21   by_____,    proved to me on the

22   basis of satisfactory evidence to be the person

23   who appeared before me.

24   Signature: _____ (Seal)

25

```
1   DEPOSITION ERRATA SHEET

2   Case Name: Coleman vs. Newsom
    Name of Witness: Shelly Minor, Ph.D.
3   Date of Deposition: 08/25/2023
    Job No.: 10126077
4   Reason Codes:  1. To clarify the record.
                   2. To conform to the facts.
5                  3. To correct transcription errors.

6   Page  28    Line  22    Reason  3

7   From  triple CMS         to  CCCMS

8   Page  28    Line  24    Reason  3

9   From  triple C           to  CCCMS

10  Page  29    Line  4     Reason  3

11  From  triple CMS         to  CCCMS

12  Page  57    Line  25    Reason  3

13  From  triple CMS         to  CCCMS

14  Page  58    Line  9     Reason  3

15  From  triple CMS         to  CCCMS

16  Page  59    Line  25    Reason  2

17  From  outpatient         to  inpatient

18  Page  67    Line  11    Reason  3

19  From  HOM                to  HAM

20  Page  77    Line  23    Reason  3

21  From  SSRIs              to  SRASHEs

22  Page  78    Line  20    Reason  3

23  From  SSRIs              to  SRASHEs

24  Page  83    Line  10    Reason  3

25  From  triple             to  trickle
```

```
 1   DEPOSITION ERRATA SHEET

 2   Page _____  Line _____  Reason _____

 3   From _____ to _____

 4   Page _____  Line _____  Reason _____

 5   From _____ to _____

 6   Page _____  Line _____  Reason _____

 7   From _____ to _____

 8   Page _____  Line _____  Reason _____

 9   From _____ to _____

10   Page _____  Line _____  Reason _____

11   From _____ to _____

12   Page _____  Line _____  Reason _____

13   From _____ to _____

14   Page _____  Line _____  Reason _____

15   From _____ to _____

16   Page _____  Line _____  Reason _____

17   From _____ to _____

18   Page _____  Line _____  Reason _____

19   From _____ to _____

20   Page _____  Line _____  Reason _____

21   From _____ to _____
```

22   _SM_____  Subject to the above changes, I certify that the
              transcript is true and correct

23   _SM_____  No changes have been made. I certify that the
              transcript  is true and correct.

24            /s/ Shelly Minor
              _____
25                    SHELLY MINOR, PH.D.

# EXHIBIT E

1              UNITED STATES DISTRICT COURT

2              EASTERN DISTRICT OF CALIFORNIA

3

      RALPH COLEMAN, et al.,
4
                    Plaintiffs,
5                                      CASE NO.
         vs.                           2:90-CV-00520-KJM-
6                                      DB
      GAVIN NEWSOM, et al.,
7
                    Defendants.
8      _____

9

10

11

12

13

14          REMOTE DEPOSITION OF PAUL BURTON, M.D.

15               Monday, August 28, 2023

16

17

18

19

20

21

22

23    Reported by:
      Layli Phillips
24    RPR, CRR, CSR No. 14402

25    Job No. 10126078

1      Q. Great.  Thank you.

2          And what is your position?

3      A. My current position is chief psychiatrist at

4  San Quentin.

5      Q. Are you the chief psychiatrist for both the

6  outpatient and inpatient PIP side of the institution?

7      A. I was for many years.  Beginning in 2022, they

8  created a second chief psychiatrist position.  I believe

9  technically, I am the chief psychiatrist on the PIP pay

10  line, although at San Quentin we do things a little

11  differently, and both chiefs are involved in inpatient

12  and outpatient psychiatric services.

13          MS. HARROLD:  Okay.  And, Ms. Phillips, PIP is

14  an acronym, P-I-P.

15  BY MS. HARROLD:

16      Q. Can you explain a bit more about -- so to make

17  sure I understand, you do have some -- you don't

18  currently have a role in the outpatient side?

19      A. I'm involved in outpatient psychiatric services

20  on a daily basis.

21      Q. You are.

22          And is there a second chief psychiatrist right

23  now?

24      A. There is.  We have someone in an acting chief

25  psychiatrist position.

```
1              I, the undersigned, a Certified Shorthand

2    Reporter of the State of California, do hereby certify:

3              That the foregoing proceedings were taken

4    before me at the time and place herein set forth; that

5    any witnesses in the foregoing proceedings, prior to

6    testifying, were duly sworn; that a record of the

7    proceedings was made by me using machine shorthand,

8    which was thereafter transcribed by me; that the

9    foregoing is a true record of the testimony given.

10             Further, that if the foregoing pertains to

11   the original transcript of a deposition in a federal

12   case, before completion of the proceedings, review of

13   the transcript [ X ] was [ ] was not requested.

14             I further certify I am neither financially

15   interested in the action nor a relative or employee of

16   any attorney or party to this action.

17             IN WITNESS WHEREOF, I have this date

18   subscribed my name.

19

20

21   Dated:  August 28, 2023

22

23

24        _____
          Layli Phillips
25        RPR, CRR, CSR No. 14402
```

```
1              DECLARATION UNDER PENALTY OF PERJURY

2    Case Name: Coleman vs. Newsom

3    Date of Deposition: 08/28/2023

4    Job No.: 10126078

5

6              I, PAUL BURTON, M.D., hereby certify

7    under penalty of perjury under the laws of the State of

8    California          that the foregoing is true and correct.

9              Executed this  6th    day of

10   September            , 2023, at  San Quentin, CA            .

11

12

13

14                         PAUL BURTON, M.D.

15

16   NOTARIZATION (If Required)

17   State of _____

18   County of _____

19   Subscribed and sworn to (or affirmed) before me on

20   this _____ day of _____, 20__,

21   by_____,     proved to me on the

22   basis of satisfactory evidence to be the person

23   who appeared before me.

24   Signature: _____ (Seal)

25
```

```
 1   DEPOSITION ERRATA SHEET

 2   Case Name: Coleman vs. Newsom
     Name of Witness: Paul Burton, M.D.
 3   Date of Deposition: 08/28/2023
     Job No.: 10126078
 4   Reason Codes:  1. To clarify the record.
                    2. To conform to the facts.
 5                  3. To correct transcription errors.

 6   Page  39   Line  21   Reason  3

 7   From  CCCMS at EOP         to  CCCMS to EOP

 8   Page  44   Line  23   Reason  1

 9   From  physicians, but that  to  strike "but": physicians, that

10   Page  47   Line  21   Reason  1

11   From  physician            to  position

12   Page  51   Line  21   Reason  1

13   From  EKG, tests.          to  EKG test.

14   Page  95   Line  11   Reason  1

15   From  not like going forward,  to  not like, going forward

16   Page  99   Line  20   Reason  3

17   From  offices              to  Office of

18   Page  ____ Line  ____ Reason  ____

19   From  _____  to  _____

20   Page  ____ Line  ____ Reason  ____

21   From  _____  to  _____

22   Page  ____ Line  ____ Reason  ____

23   From  _____  to  _____

24   Page  ____ Line  ____ Reason  ____

25   From  _____  to  _____
```

```
1 │ DEPOSITION ERRATA SHEET
2 │ Page _____ Line _____ Reason _____
3 │ From _____ to _____
4 │ Page _____ Line _____ Reason _____
5 │ From _____ to _____
6 │ Page _____ Line _____ Reason _____
7 │ From _____ to _____
8 │ Page _____ Line _____ Reason _____
9 │ From _____ to _____
10 │ Page _____ Line _____ Reason _____
11 │ From _____ to _____
12 │ Page _____ Line _____ Reason _____
13 │ From _____ to _____
14 │ Page _____ Line _____ Reason _____
15 │ From _____ to _____
16 │ Page _____ Line _____ Reason _____
17 │ From _____ to _____
18 │ Page _____ Line _____ Reason _____
19 │ From _____ to _____
20 │ Page _____ Line _____ Reason _____
21 │ From _____ to _____
22 │ PB    Subject to the above changes, I certify that the
       │        transcript is true and correct
23 │ _____ No changes have been made. I certify that the
       │        transcript is true and correct.
24 │
25 │             PAUL BURTON, M.D.
```

# EXHIBIT F

1

1          UNITED STATES DISTRICT COURT

2          EASTERN DISTRICT OF CALIFORNIA

3

4    RALPH COLEMAN, et al.,

5          Plaintiffs,

6        vs.              CASE NO. 2:90-CV-00520-KJM-DB

7    GAVIN NEWSOM, et al.,

8          Defendants.

9    ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

10

11

12                DEPOSITION OF

13          KELLEY FRANCESCHI, Psy.D

14

15

16              August 18, 2023

17                8:58 a.m.

18

19

20            Folsom, California

21

22

23

24      JENNIFER SCHUMACHER, CSR No. 9763

25            Job No. 10125861

7

1    effect as if you were testifying in court.  Do you

2    understand that?

3        A.  Yes.

4        Q.  Is there any reason that you are not able to

5    give your best testimony today due to sleep,

6    medications, any other substances?

7        A.  No.

8        Q.  Okay.  We will definitely be taking breaks.

9    You should feel free to let us know if you need a break

10   at any point, or your attorneys, of course, will suggest

11   a break, and generally we will try and take breaks about

12   once an hour.  Just let us know if you need additional

13   breaks.  Okay?

14       A.  Yes.

15       Q.  So if there's a question pending, you'll have

16   to answer that question before we go on the break.  Do

17   you understand that part?

18       A.  Yes.

19       Q.  Great.  Okay.  So let's start.  What is your

20   current employer?

21       A.  My current employer is the California

22   Department of Corrections & Rehabilitation.

23       Q.  And what is your position?

24       A.  My position is chief psychologist.  I hold a

25   title of chief of mental health.

1      Q.  Great.  Thanks for clarifying that.  And how

2  many years have you worked with the Department of

3  Corrections?

4      A.  I've worked with the Department of Corrections

5  since 2005.  I don't know the math right now to know how

6  many years that is.

7      Q.  Almost 20 years, I guess.

8      A.  Okay.  Yeah, 18 years.

9      Q.  And for the purposes of the deposition today is

10  it okay with everyone if I refer to the California

11  Department of Corrections & Rehabilitation as CDCR?  We

12  all know what that means.  Okay.  Great.

13          How long have you been in the chief of mental

14  health position or have held that title?

15      A.  I've held the chief of mental health title

16  since April of 2021.  Yeah.

17      Q.  What was your title prior to April of 2021?

18      A.  Since 2013 I was the chief psychologist at the            2017

19  CSP-SAC.

20      Q.  Do you hold any professional licenses?

21      A.  I hold a license, I'm a licensed psychologist

22  in the state of California.

23      Q.  Okay.  And when was that license granted,

24  approximately?

25      A.  Oh, it was right before Gigi was born.  2007.

113

1                    REPORTER'S CERTIFICATION

2

3       I, JENNIFER SCHUMACHER, a Certified Shorthand

4   Reporter in and for the State of California, do hereby

5   certify:

6

7       That the foregoing witness was by me duly sworn;

8   that the deposition was then taken before me at the time

9   and place herein set forth; that the testimony and

10  proceedings were reported stenographically by me and

11  later transcribed into typewriting under my direction;

12  that the foregoing is a true record of the testimony and

13  proceedings taken at that time.

14

15      IN WITNESS WHEREOF, I have subscribed my name this

16  August 23, 2023.

17

18

19      _____

20              JENNIFER SCHUMACHER, CSR No. 9763

21

22

23

24

25

Kelley Franceschi, Psy.D

Coleman vs.
Newsom

```
1              DECLARATION UNDER PENALTY OF PERJURY

2    Case Name: Coleman vs. Newsom

3    Date of Deposition: 08/18/2023

4    Job No.: 10125861

5

6              I, KELLEY FRANCESCHI, PSY.D, hereby certify

7    under penalty of perjury under the laws of the State of

8    California            that the foregoing is true and correct.

9              Executed this  28    day of

10   August          , 2023, at  1530                .

11

12                    DocuSigned by:

                      K Franceschi                 8/28/2023

13                    1D3EB8FE04334AE...

14                          KELLEY FRANCESCHI, PSY.D

15

16   NOTARIZATION (If Required)

17   State of _____

18   County of _____

19   Subscribed and sworn to (or affirmed) before me on

20   this _____ day of _____, 20__,

21   by_____,   proved to me on the

22   basis of satisfactory evidence to be the person

23   who appeared before me.

24   Signature: _____ (Seal)

25
```

**Page 114**

```
1  DEPOSITION ERRATA SHEET

2  Case Name: Coleman vs. Newsom
   Name of Witness: Kelley Franceschi, Psy.D
3  Date of Deposition: 08/18/2023
   Job No.: 10125861
4  Reason Codes:  1. To clarify the record.
                  2. To conform to the facts.
5                 3. To correct transcription errors.

6  Page  8    Line  18    Reason  3

7  From  2013                to  2017

8  Page  51   Line  6     Reason  3

9  From  choosing to come    to  choosing not to come

10 Page _____ Line _____ Reason _____

11 From _____ to _____

12 Page _____ Line _____ Reason _____

13 From _____ to _____

14 Page _____ Line _____ Reason _____

15 From _____ to _____

16 Page _____ Line _____ Reason _____

17 From _____ to _____

18 Page _____ Line _____ Reason _____

19 From _____ to _____

20 Page _____ Line _____ Reason _____

21 From _____ to _____

22 Page _____ Line _____ Reason _____

23 From _____ to _____

24 Page _____ Line _____ Reason _____

25 From _____ to _____
```

Kelley Franceschi, Psy.D

```
1    DEPOSITION ERRATA SHEET

2    Page _____ Line _____ Reason _____

3    From _____ to _____

4    Page _____ Line _____ Reason _____

5    From _____ to _____

6    Page _____ Line _____ Reason _____

7    From _____ to _____

8    Page _____ Line _____ Reason _____

9    From _____ to _____

10   Page _____ Line _____ Reason _____

11   From _____ to _____

12   Page _____ Line _____ Reason _____

13   From _____ to _____

14   Page _____ Line _____ Reason _____

15   From _____ to _____

16   Page _____ Line _____ Reason _____

17   From _____ to _____

18   Page _____ Line _____ Reason _____

19   From _____ to _____

20   Page _____ Line _____ Reason _____

21   From _____ to _____

22   _____  Subject to the above changes, I certify that the
             transcript is true and correct

23   _____  No changes have been made. I certify that the
             transcript  is true and correct.

24           _____
25                     KELLEY FRANCESCHI, PSY.D
```

KF

Document by
K Franceschi
1D3EB8FE04334AE...

Page 116

# EXHIBIT G



Division of Health Care Services
**Mental Health Program**
**(Management Overview)**
(Page 1 of 6)

DocuSign Envelope ID: BD5C0BF2-34D0-4306-9306-F98442CE828E

Red = Vacant
Blue = Pending Hire
Orange = Temporary Help
Purple = Pending Establishment

** Position on hold to fund
Administrative Assistant II

---

St. Psychologist, CF (Spec)
David Leidner
065-923-9287-017
(Indirectly reports to 065-923-9249-002)

Undersecretary
Health Care Services
Diana Toche
065-400-7500-007

Receiver's Med Exec (Safety)
Director, Health Care Services
COVID-19 Response Lead
Joseph Bick
042-500-8239-001

Deputy Director, Statewide Mental Health Program
Division of Health Care Services
Amar Mehta
065-923-9803-001

CEA A
Special Assistant
Thy Vuong
065-600-7500-007

CEA A
Special Assistant
Suzanne Benavides
(On OOC from 076-214-8429-00
thru 6/22/2021)
065-923-7500-001

Staff Services Manager II (Specialist)
Candace Raney
(LT EXP 2/24/23)
065-935-4801-918

Receiver's Med Exec (Safety)
Administrative
Assistant Deputy Director, Psychiatric Services
Vacant
(Newly Established)

SSA/AGPA
Miranda Taylor
(LT, exp 6/20/23)
042-500-5157-813

AGPA
Vacant
(Tanya Starnes 2/24/22)
065-923-5393-842

MHA, CEA (Safety)
Administrative
Assistant Deputy Director
Steven Cartwright
065-923-9249-007

Chief Psychiatrist, C&RS (Safety)
Psychiatry Services
Michael Golding
065-923-9774-001

CEA A
Statewide Planning and Policy
Associate Director
Laura Ball
065-923-7500-002

SSA/AGPA
Anjetta Johnson
065-923-5393-823

HPS II
Trent Thomas
(LT EXP 3/1/23)
065-923-8336-002

MHA, CEA (Safety)
Clinical Support/Suicide
Prevention
Travis Williams
065-923-9249-01

(See page 4)

MHA, CEA (Safety)
In-Patient/Quality
Management
Wendy Worrell
065-923-9249-002

(See page 5)

SSM II
Policy Support
Jennifer Johnson
065-923-4801-001

(See page 3)

Chief Psychiatrist, C&RS (Safety)
Tele Psychiatry
Devin Stroman
(OOC eff. 9/28/22 thru 11/24/22)
(Toni Martello on NDI thru 2/14/2023)
065-935-9777-001
Sophia Le
091-323-9777-918

(See page 2)

Chief Psychiatrist, C&RS (Safety)
Offenders with Mental Health
Disorders Program (OMHD)
Nir Lorani
065-923-9774-002

(See page 2)

Region I
MHA, CEA (Safety)
Laura Ceballos
065-923-9249-003
(See page 6)

Region II
MHA, CEA (Safety)
Stephanie Neumann
065-923-9249-004
(See page 6)

Region III
MHA, CEA (Safety)
Christopher Cornell
065-923-9249-005
(See page 6)

Region IV
MHA, CEA (Safety)
Michael Hewitt
065-923-9249-006
(See page 6)

11/14/2022
DATE

APPROVED:
Amar Mehta
Amar Mehta, Deputy Director

Division of Health Care Services
**Mental Health Program**
(Psychiatry)
(Page 2 of 6)

Updated/Reviewed on 11/8/22

DocuSign Envelope ID: BDEC0BF2-34D0-4306-9306-F98442CE828E

Red = Vacant
Blue = Pending Hire
Purple = Pending Establishment
Orange = Temporary
Gray = Field Position, shown for reporting reasons

**Staff Services Manager II (Specialist)**
Candace Raney
(LT EXP, 2/24/23)
065-835-4801-918

**AGPA**
Vacant
(Tanya Stamos 2/24/22)
065-823-5393-842

**Deputy Director, Statewide Mental Health Program**
**Division of Health Care Services**
Amar Mehta
065-823-5603-001

**Receiver's Med Exec (Safety)**
**Administrative**
Assistant Deputy Director, Psychiatric Services
Vacant
(Newly Established)

**SSA/AGPA**
Arjetta Johnson
065-823-5393-823

**AGPA**
Alexandra Perts
065-823-5393-837

**Chief Psychiatrist, C&RS (Safety)**
**Telepsychiatry**
Devin Stroman
(OOC eff. 9/26/22 thru 11/24/22)
(Tom Mattalo on NDI thru 2/14/23)
065-835-9774-001

**Chief Psychiatrist, C&RS (Safety)**
**Telepsychiatry**
Sophia Le
091-323-9774-918

**Chief Psychiatrist, C&RS (Safety)**
**Mental Health Offenders with Mental Health Disorders Program (OMHD)**
Nir Lorant
065-823-9774-002

**Chief Psychiatrist, C&RS (Safety)**
**Psychiatry Services**
Michael Golding
065-823-9774-001

**AGPA**
**Psychiatry Services**
Tonelena Williams
065-835-5393-804

**Sr. Psychiatrist (Spec.), C&RS (Safety)**
Roy Andrew Schultz-Ross
065-823-9759-003

John Lindgren
065-823-9759-007

Navreet Mann
065-823-9759-009

Melanie Gonzalez
065-823-9759-010

**Staff Psychiatrist, C&RS (Safety)**
**Alienist**
0.25 Vacant
065-823-9759-918
0.25 Vacant
065-823-9759-918
0.25 Vacant
065-823-9759-918
0.25 Vacant
065-823-9759-918

**Regional Psychiatry**
**Sr. Psychiatrist (Spec.), C&RS (Safety)**
Region I
Albert Bunn
065-835-9759-001

Region II
Lisa Scott-Covello
065-835-9759-002

Region III
Julie Oldroyd
065-835-9759-003

Region IV
Lawrence Tucker
065-835-9759-004

**Sr. Psychiatrist Spec (RA)**
Cheryl Plazis (RA)
065-835-9759-916

**Sr. Psychiatrist Spec (Safety), C&CRS (Safety), UNA**
Vacant (Pending SAR)
065-835-9759-918
Vacant (Pending SAR)
065-835-9759-918

**Sr. Psychiatrist (Sup), C&RS (Safety)**
Peter Kim
091-323-4761-001

**Staff Psychiatrist, C&RS (Safety)**
(16.0)

**Sr. Psychiatrist (Sup), C&RS (Safety)**
Bhupinder Nakai
091-324-4761-002

**Staff Psychiatrist, C&RS (Safety)**
(16.0)

**Sr. Psychiatrist (Sup), C&RS (Safety)**
Nicole Morrison
091-324-4761-001

**Staff Psychiatrist, C&RS (Safety)**
(16.0)

**Sr. Psychiatrist (Sup), C&RS (Safety)**
Maher Saleeb
091-325-4761-001

**Staff Psychiatrist, C&RS (Safety)**
(16.0)

**Sr. Psychiatrist (Sup), C&RS (Safety)**
Navdeep Baath (OOC 10.25.22 thru 1/22/3.22) Devin Stroman (On OOC 9/26/22 thru 11/24/2022 to 065-835-9774-001)
064-323-4761-001

**Staff Psychiatrist, C&RS (Safety)**
(8.0)

**Sr. Psychiatrist (Sup), C&RS (Safety)**
Alex Kushner
LT exp 3/31/22
064-320-4761-xxx

**Staff Psychiatrist, C&RS (Safety)**
(8.0)

**Sr. Psychiatrist (Sup), C&RS (Safety)**
Rodger Flanigan
LT exp 3/31/22
064-320-4761-xxx

**Staff Psychiatrist, C&RS (Safety)**
(8.0)

**Sr. Psychiatrist (Sup), C&RS (Safety)**
Vacant
064-322-4761-001

**Staff Psychiatrist, C&RS (Safety)**
(6.0)

**HPS I**
Arianna Genetin
091-324-4538-001

Nancy Ramirez
065-822-8538-021

**AGPA**
Vacant
(L. Goggia 5/31/22)
065-835-5393-918

**Research Data Specialist II**
Vacant
(Pream 7/29/22)
065-822-5759-918

**Research Data Analyst II**
*Vacant*
Holding to fund 065-822-5759-918
(Newly Established)
065-822-5731-001

Division of Health Care Services
**Mental Health Program**
(Policy and Program Support)
(Page 3 of 6)

Updated/Reviewed on 11/4/22

DocuSign Envelope ID: BDEC0BF2-34D0-430C-9306-F98442CE828E

Red = Vacant
Blue = Pending Hire
Orange = Temporary Help
Purple = Pending Establishment



**AGPA**
Vacant
(Tanya Stamos 2/24/22)
065-923-5393-842

**Deputy Director: Statewide Mental Health Program**
**Division of Health Care Services**
Amar Mehta
065-923-6603-001

**Staff Services Manager II (Specialist)**
Candace Raney
(LT EXP. 2/24/23)
Vacant
065-935-4801-918

**CEA A**
**Statewide Planning and Policy**
Associate Director
Laurie Ball
065-923-7500-002

**Heath Program Specialist II**
Vacant
(Pending SAR approval)
065-935-8336-918
Vacant
(Pending SAR approval)
065-935-8336-918

**SSM II**
**Policy and Program Support**
Jennifer Johnson
065-923-4801-001

**SSM I**
**Training and Program Support**
Hong Tran
065-923-4800-007

**SSA/AGPA**
Erica Windiberg
065-923-5393-819

Vacant
(Rakthay 1/7/22)
065-923-5393-828

Vacant
(H. Tran 6/2/22)
065-923-5393-829
*on hold to fund HPSII

Vacant
065-923-6157-830

**Office Technician (T)**
Brianna White
065-923-1139-014

**HPS I**
Julia Rodden
065-923-8338-003

Susie Sim
065-923-8338-004

Vacant
(Lisa Holcomb 10/1/21
ROR)
065-923-8338-005
*on hold to possibly fund HPS II

Cassandra Albertson
065-923-8338-007

Kirby Rakthay
065-923-8338-009

Tori Foss
065-923-8338-010

Francesca Basa
065-923-8338-011

**SSM I**
**DDP/Recruiters/ Policy/**
**CCAT**
Sean Christophersen
065-923-4800-006

**SSA/AGPA**
Brian Six
065-923-5393-813

Jocelyn Sanders
065-923-5393-818

Kia Moua
065-923-5393-821

Ashna Singh
065-923-5393-825

Vacant
(Foss 1/7/22)
065-923-5393-834
*on hold to possibly fund HPS II

Katherine Togonon
065-923-5393-838

**MST**
Maria Jones
065-923-5278-A002

**SSM I**
**OMHD/Procurement/Suicide/**
**Forms**
Andrew Greene
065-923-4800-A005

**SSA/AGPA**
Vacant
(Albertson 1/14/22)
065-923-5393-801
*on hold to possibly fund HPS II

Viengray Keovanxai
065-923-5393-820

Cynthia Bowers
065-923-5393-822

Handyrun (Eric) Grigoryan
065-923-5393-824

Faye Mendizabal
065-923-5393-831

Phong Yang
065-923-5393-832

**Office Technician (T)**
Megan Parker
(LT EXP. 3/6/23)
065-923-1139-008

Division of Health Care Services
**Mental Health Program**
**(Clinical Support)**
(Page 4 of 6)

Updated/Reviewed on 11/7/22

DocuSign Envelope ID: BDEC0BF2-34D0-430D-9306-F98442CE828E

Red = Vacant
Blue = Pending Hire
Orange = Temporary Help
Purple = Pending Establishment

Staff Services Manager II (Specialist)
Candace Raney
(LT EXP. 2/24/23)
065-935-4801-918

AGPA
Vacant
(Tanya Stamos 2/24/22)
065-923-5393-842

Deputy Director, Statewide Mental Health Program
**Division of Health Care Services**
Amar Mehta
065-923-9603-001

Chief Psychologist
COHS
Heather Greenwald
065-935-9859-001

MHA, CEA (Safety)
**Administrative**
Assistant Deputy Director
Steven Cartwright
065-923-9249-007

HPS II
Trent Thomas
(LT EXP. 3/1/23)
065-923-8338-002

MHA, CEA (Safety)
**Clinical Support/Suicide Prevention**
Travis Williams
065-923-9249-001

OT (T)
Gloria Gin
065-923-1139-013

Chief Psychologist
COHS
Heather Greenwald
065-935-9859-001

Sr. Psychiatrist, CF (Spec)
SB132
Christine Osterhout
(LT exp. 11/14/23)
065-923-9759-918

Sr. Psychologist, CF (Spec)
SB132
Trisha Vlatils
(LT exp. 7/5/23)
065-923-9287-918

Chief Psychologist, CF
**Suicide Prevention**
Amber Garda
065-923-9859-012

Sr. Psychologist, CF (Spec)
**Suicide Prevention**
**Region I**
Joseph Obergi
065-935-9287-001
(indirectly reports to
065-923-9249-003)
Region II
Heather Stahl
065-935-9287-002
(indirectly reports to
065-923-9249-004)
Region III
Sean Mintz
065-935-9287-004
(indirectly reports to
065-923-9249-005)
Region IV
Nina Hudspeth
065-935-9287-005
(indirectly reports to
065-923-9249-006)

Sr. Psychologist, CF (Spec)
Natalie Coss
065-923-9287-010
Megan Borbon
065-923-9287-038
Nancy Beshara
065-923-9287-039
Rita Dhesi
065-923-9287-047

Sr. Psychologist, CF (Spec)
Robert Canning (RA)
065-923-9287-916

Chief Psychologist, CF
**Training**
Lee Lipsker
065-923-9859-010

Sr. Psychologist, CF (Spec)
Marilyn Immoos
065-923-9287-005
Carrie Brecker
065-923-9287-027
Paul Downs
065-923-9287-028
Alana Battle
065-923-9287-035

Clinical Social Worker (Health/CF)
Safety
Eric Hernandez
065-923-9872-003

Sr. Psychologist, CF (Spec)
**CLARK**
Corey Scheidegger
065-923-9287-001
Kimberly Wells
065-923-9287-040

Sr. Psychologist, CF (Spec)
**Clinical Support**
Kim Cornish
065-923-9287-002
Darcie Sharp
065-923-9287-011
Maria Giannuli
065-923-9287-014

Clinical Social Worker (Health/CF)
Safety
Marina Rangel
065-923-9872-004
Lisa Romero
(LT exp. 6/30/23)
065-923-9872-918
Kimber Redmon
(LT exp. 6/30/23)
065-923-9872-xxx



Division of Health Care Services
**Mental Health Program**
(Quality Management and
Inpatient Referral)
(Page 5 of 6)

Updated/Reviewed on 5/17/22

DocuSign Envelope ID: BDEC0BF2-34DD-430D-9306-F98442CE828E

Red = Vacant
Blue = Pending Hire
Orange = Temporary Help
Purple = Pending Establishment

Research Data Manager
Pak Yan Leung
(LT exp.5/31/23)
065-935-5740-918

(3.0) Research Data Specialist III
Vacant
065-923-5758-004

Natasha Lim
(LT exp. 10/02/2023)
065-935-5758-918

Ben Molin
065-923-5758-002

(2.0) Research Data Specialist I
Saif Li Loh
065-923-5742-002

Stephanie Calvario
(Pending Hire –11/21/22)
065-923-5742-001

(1.0) Research Data Analyst II
Donald Piring
065-923-5731-002

Chief Psychologist, CF
**Quality Management**
Daisy Minter
065-923-9859-003

Sr. Psychologist, CF
(Spec)
**EHRS**
Deana Rogers
065-923-9287-048

Sr. Psychologist, CF
(Spec)
**EOP Hub Certification**
Pamela Orellana
065-923-9287-033

Sr. Psychologist, CF
(Spec)
**CQIT**
Lisa Sabasco
065-923-9287-031

Jonathan Fishman
065-923-9287-032

Clinical Social Worker
(Health/CF) Safety
Tanya Knight
(LT Exp 10/31/23)
065-923-9872-001

AGPA
Vacant
(Tanya Stamos  2/24/22)
065-923-5393-842

Chief Psychologist, CF
(Spec)
Retired Annuitant
Shanna Chaiken
(HCHER approved)
065-923-9856-916

Office Technician (T)
Adam Sterling
(LT EXP. 12/14/22)
065-923-1139-006

Sr. Psychiatrist (Spec)
C&RS (Safety)
Jack Gills
065-923-9759-011

Jacob Adams
065-923-9759-012

HPS I
Vacant
(Cabigon 4/18/22)
065-923-8338-001

Ricardo Castillo
065-923-8338-019

Teresa Owens
065-923-8338-020

Deputy Director, Statewide Mental Health Program
**Division of Health Care Services**
Amar Mehta
065-923-4603-001

MHA, CEA (Safety)
**Administrative**
Assistant Deputy Director
Steven Cartwright
065-923-9249-007

MHA, CEA (Safety)
**In-Patient/Quality Management**
Wendy Worrell
065-923-9249-002

SSM II
BRMR
**EHRS**
Vacant
065-935-4800-918

SSA/AGPA
**EHRS**
Talma-Topeka (Briauna) Gorman
065-923-5393-815

Rebecca Ramirez
065-923-5393-839

Vacant
065-923-5393-840
(Lim on LT exp 8/31/22, ROR)
*ON HOLD TO FUND 065-935-4800-918

Gerry Weiss
065-923-5393-841

Staff Services Manager II (Specialist)
Candace Raney
(LT EXP. 2/24/23)
065-935-4801-918

HPS II
Trent Thomas
(LT EXP. 2/1/23)
065-923-8338-002

Sr. Psychologist, CF (Spec)
David Leidner
065-923-9287-017
(Directly reports to
065-001-6537-005)

SSM II
BRMR
**Latoya Garland**
065-923-4801-002

SSM I
BRMR
Vacant
065-923-4800-009

(2.0) HPS I
BRMR
Steven Carroll (Data)
(LT EXP 1/2/23)
065-935-4338-918

Vacant
065-923-4338-918

AGPA (Policy)
BRMR
Christine Lemonds
(LT EXP 1/31/23)
065-935-5393-918

(6.0) SSA/AGPA Data
BRMR
Nancy Duong
065-923-5393-843

Ashley Cobb
065-923-5157-844

Vacant
065-923-5393-845
Vacant
065-923-5393-846
Vacant
065-923-5393-847
Vacant
065-923-5393-848

HPS II
BRMR
Melissa Kirby
(LT EXP. 2/1/23)
065-935-8338-918

SSM I
**Inpatient Referral Unit Support**
Steven Carroll (OOC 10/3/22 thru 12/1/22)
Ashley Cabigon (on LOA thru 3/1/23)
065-923-4800-008

SSA/AGPA
IRU
Christopher Gallegos
065-935-5393-802

Tina Beard
065-935-5393-803

Alejandro Armenta
065-935-5393-801

Daniel Mendenhall
065-923-5393-826

Steven Reitz
065-923-5393-827

Chief Psychologist, CF
**Inpatient Referral Unit**
Gretchen Huntington
065-923-9859-011

Chief Psychologist, CF
(Spec.)

Manni Schneider
065-923-9287-041

Tani Shaffer
065-923-9287-042

Tristan Buzzini
065-923-9287-043

Latoya Winters
065-923-9287-044

Denae Peterson
065-923-9287-045

Joyce Cordosi
065-923-9287-036

Heather Bravo
(LT Exp 4/25/23)
065-935-9287-918



# Division of Health Care Services
## Mental Health Program
### (Chief Field Operations)
(Page 6 of 6)

Updated/Reviewed on 7/14/22

DocuSign Envelope ID: BDEC0BF2-34D0-4306-9306-F98442CE828E

Red = Vacant
Blue = Pending Hire
Orange = Temporary Help
Purple = Pending Establishment

**AGPA** — Vacant (Tanya Stamos 2/24/22) / 065-923-5393-842

**Staff Services Manager II (Specialist)** — Candace Raney (LT EXP. 2/24/23) / 065-935-4601-918

**Deputy Director, Statewide Mental Health Program / Division of Health Care Services** — Amar Mehta / 065-923-9603-001

**SSA/AGPA** — Anjetta Johnson / 065-923-5393-823

**MHA, CEA (Safety) Administrative / Assistant Deputy Director** — Steven Cartwright / 065-923-9249-007

**HPS II** — Trent Thomas (LT EXP 3/1/23) / 065-923-4336-002

---

**MHA, CEA (Safety) Region IV Rancho Cucamonga / Administrator** — Michael Hewitt / 065-923-9249-006

**AHPA** — Jeff Tackett / 065-923-4337-015

**Sr. Psychologist, CF (Spec)**
- Diana Couto Da Silva / 065-923-4287-012
- Dina Khoury / 065-923-4287-026
- Brian Gotterer
- Margo Parker / 065-923-4283-012
- Jamie (Allen) Nodine / 065-923-4283-018

**Sr. Psychologist, CF (Spec)** — Nina Habiputri / 065-935-4287-005 (Directly reports to 065-923-9249-001)

**Sr. Psychologist, CF (Sup) OMHD** — Rick Bjorklund / 065-923-9288-003

**Psychologist–Clinical, CF**
- Shanda Argueta / 065-923-9283-004
- Jessica Garofalo-Howes / 065-923-9283-008
- Timothy Tennyson / 065-923-9283-009
- Ermin Ghiribian / 065-923-4283-018
- Alison Stanley / 065-923-9283-019

**Psychologist – Clinical, CF OMHD**
- Vacant (CHU) / 065-935-9283-xxx
- Jeffrey Kropf / 065-923-9283-916
- Elaine Mura / 065-923-9283-916
- Vacant (CHU) / 065-935-9283-xxx

---

**MHA, CEA (Safety) Region III Bakersfield / Administrator** — Christopher Cornell / 065-923-9249-005

**AHPA** — Gloria Perez / 065-923-4337-010

**Sr. Psychologist, CF (Spec)**
- Ann Nicholas / 065-923-4287-021
- Kenneth Olsen / 065-923-4287-025
- Mandip Grewal / 065-923-4287-037

**Sr. Psychologist, CF (Spec)** — Sean Mintz / 065-935-4287-004 (Directly reports to 065-923-9249-001)

**Sr. Psychologist, CF (Sup) OMHD** — Stacy McClain / 065-923-9288-004

**Psychologist–Clinical CF**
- Sergio Castillo / 065-923-9283-010
- Dale White / 065-923-9283-011
- Eric Roth / 065-923-9283-013
- Alexis Vosburg / 065-923-9283-016
- Tamar Kenworthy / 065-923-9283-017
- Megan Holden / 065-923-9283-020
- Guillermo Franco / 065-923-9283-022
- Lance Portnoff / 065-923-9283-916

**Psychologist – Clinical, CF OMHD** — Vacant (CHU) / 065-935-9283-xxx

---

**MHA, CEA (Safety) Region II Fresno / Administrator** — Stephanie Neumann / 065-923-9249-004

**AHPA** — Daniel Stebbins / 065-923-4337-014

**Sr. Psychologist, CF (Spec)**
- Caitlin Chinn-Goshgarian / 065-923-4287-024
- Brittany Sawyer / 065-923-4287-030
- Shalita Douglas / 065-923-4283-015
- Melissa Griffith / 065-935-4287-008
- Emily Moresco (Youmans) / 065-935-4287-006

**Sr. Psychologist, CF (Spec)** — Heather Stahl / 065-935-4287-002 (Directly reports to 065-923-9249-001)

---

**MHA, CEA (Safety) Region I Elk Grove / Administrator** — Laura Ceballos / 065-923-9249-003

**AHPA** — Stacy Hart / 065-923-4337-008

**Sr. Psychologist, CF (Spec.)**
- Tara Tanaka / LT exp. 6/26/23 (Robin Farrell, 2/13/23, ROR) / 065-923-4287-009
- Dominique Bressi / 065-923-4287-023
- Andrea Ames / 065-923-4287-029
- Peter Madsen / 065-935-4287-009
- Fereshte Mirzad / LT exp. 5/31/23 (Trisha Wallis, 7/6/21, ROR) / 065-935-4287-007

**Sr. Psychologist, CF (Spec)** — Joseph Obegi / 065-935-4287-001 (Directly reports to 065-923-9249-001)

**Sr. Psychologist, CF (Sup.) OMHD** — Juliana Rohrer / 065-923-9288-005

**Psychologist–Clinical CF**
- Dina Nolte / 065-923-9283-001
- Angela Sherman / 065-923-9283-007
- Grant Stoll / 065-923-9283-014
- Robert Sargent / 065-923-9283-015
- Felicia Bloem / 065-923-9283-021
- Steve Temini (RA) / 065-935-9283-916
- Richard L. Lowenthal (RA) / 065-923-9283-916

**Psychologist – Clinical, CF OMHD**
- Jamie Green (CHU) / 065-935-9283-xxx
- Vacant (CHU) / 065-935-9283-xxx