Case 2:90-cv-00520-KJM-SCR   Document 7955   Filed 09/22/23   Page 1 of 6
ROB BONTA, State Bar No. 202668
Attorney General of California
MONICA N. ANDERSON, State Bar No. 182970
Senior Assistant Attorney General
DAMON MCCLAIN, State Bar No. 209508
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
NAMRATA KOTWANI, State Bar No. 308741
Deputy Attorneys General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 510-4431
  Fax: (415) 703-5843
  E-mail: Namrata.Kotwani@doj.ca.gov
*Attorneys for Defendants*

HANSON BRIDGETT LLP
PAUL B. MELLO, SBN 179755
SAMANTHA D. WOLFF, SBN 240280
KAYLEN KADOTANI, SBN 294114
LAUREL O'CONNOR, SBN 305478
DAVID C. CASARRUBIAS, SBN 321994
CARSON R. NIELLO, SBN 329970
  1676 N. CALIFORNIA BLVD., SUITE 620
  WALNUT CREEK, CALIFORNIA 94596
  TELEPHONE: 925-746-8460
  FACSIMILE: 925-746-8490
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GAVIN NEWSOM, et al. <br><br> Defendants. | Case No. 2:90-CV-00520- KJM-DB <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 1[1]** <br><br> Date: September 29, 2023 <br> Time: 10:00 a.m. <br> Location: Courtroom 3, 15th Floor <br> Judge: Hon. Kimberly J. Mueller |

## I. INTRODUCTION

Plaintiffs represented to both this Court and Defendants that testimony must occur live for percipient witnesses. Plaintiffs' statements indicating their preference for live testimony—and contention that written declarations would somehow prejudice them—were credited by this Court when it ruled that absent an agreement by the parties, the default would be live testimony at the hearing. (*See* ECF No. 7949-1 (Declaration of Namrata Kotwani, Ex. A (Aug. 10, 2023 Hr'g Tr. 21:23-25; 22:15-19.)).)

---

[1] Defendants do not oppose Plaintiffs' Motion in Limine No. 2 seeking the exclusion of certain out-of-court statements of union representatives. (*See* ECF No. 7948 at 2:7-8; 4:25-5:6.) The documents that recite the statements of those union representatives no longer appear on Defendants' Exhibit List.

1    Plaintiffs have reversed their position on live testimony and now, in their Motion In Limine
2 No.1, seek an order allowing them to "introduce into evidence the depositions of Dr. Kelley
3 Franceschi, Dr. Shelly Minor, Dr. Paul Burton, and Dr. Alexandra David, which relate to matters
4 within the scope of these individuals' employment with the California Department of Corrections
5 and Rehabilitation, pursuant to Rule 801(d)(2)(D) of the Federal Rules of Evidence."[2] (ECF No.
6 7949 at 2:3-7.) Plaintiffs' motion does not explain this abrupt change in position, which is
7 impermissible under the court's order requiring live testimony unless the parties stipulate
8 otherwise. And their request is puzzling as to Dr. Franceschi, Dr. Minor, and Dr. David because
9 Plaintiffs seek both to admit their live direct testimony at the hearing as well as their deposition
10 testimony.

11    Moreover, as explained below and in Defendants' motion in limine (ECF No. 7949), Federal
12 Rule of Civil Procedure 32 bars the admission of deposition testimony as *substantive evidence*,
13 unless the deponent is unavailable or is a party's officer, director, managing agent, or designee at
14 the time of the deposition. These individual deponents—Drs. Franchesci, Minor, and David—are
15 CDCR employees but are not legally able to bind CDCR by virtue of their positions, nor have they
16 been designated to speak for the organization or any particular department within it. Further, even
17 if the Court finds that these deposition excerpts may be evaluated for admissibility as evidence
18 under Rule 801(d)(2)(D), Plaintiffs must lay a proper foundation by showing that each proffered
19 statement was made on a matter within the deponent's scope of employment. Plaintiffs have not
20 made such a showing—in fact, they have not even provided the deposition excerpts to this Court
21 for evaluation. Plaintiffs' attempt to improperly secure a blanket ruling should be rejected.

22 ///
23 ///

---

[2] Plaintiffs' request misstates Rule 801(d)(2)(D) throughout their motion. Rule 801(d)(2)(D) provides an exception to the rule precluding the admission of hearsay statements where the statement is "made by the party's agent or employee on a matter *within* the scope of that relationship," (emphasis added) rather than statements "*which relate to* matters within the scope of these individuals' employment." See ECF No. 7948 at 2:4; 2:13; 3:8; 3:18; and 4:22 (emphasis added). Plaintiffs appear to improperly advocate for a broader standard that is not supported by the Federal Rules.

Finally, Defendants withdraw the portion of their motion in limine seeking to compel Dr. Burton's live testimony—either for direct or cross examination—and agree to Plaintiffs' proposal of presenting Dr. Burton's testimony via deposition solely for the purpose of streamlining the hearing. Defendants, however, maintain their objection that Dr. Burton's testimony is not automatically admissible as substantive evidence because he does not qualify as Defendants' officer, director, managing agent, or designee at the time of the deposition.[3]

### II. RULE 32 BARS THE ADMISSION OF EMPLOYEES' DEPOSITION TESTIMONY AS SUBSTANTIVE EVIDENCE, AND RULE 801(d)(2)(D) CANNOT BE USED TO OBTAIN A BLANKET ORDER ON THE ADMISSIBILITY OF THE WITNESSES' STATEMENTS.

Rule 32 allows the use of deposition testimony by an opponent for impeachment, or for any purpose, if the deponent is unavailable, or deponent is a party, or a party's officer, director, managing agent, or designee at the time of the deposition. *See* Fed. R. Civ. P. 32(a)(2)-(4). As explained in Defendants' motion in limine, Plaintiffs' request to introduce as evidence portions of depositions of Drs. Franceschi, Minor, and David other than for impeachment purposes is not permissible under Rule 32 because these witnesses are available to testify and do not qualify as officers, directors, managing agents, or designees of CDCR. (*See* ECF No. 7949 (Defs. Mot. Lim.) at 6:5-7:5.) These individuals cannot bind CDCR, nor have they been designated to speak for the organization or any particular department within it. *See id.* Nor have Plaintiffs established or asserted their unavailability.

Plaintiffs argue that employee-deponents' deposition excerpts should be admitted as substantive evidence under Rule 801(d)(2)(D) as statements of an opposing party. (ECF No. 7949 at 3:3-20.) Plaintiffs rely on the Court's 1995 order which denied Defendants' motion to strike certain deposition excerpts of CDCR employees as "opposing party statements." (*See Coleman v. Wilson*, 912 F. Supp. 1282, 1295 (E.D. Cal. 1995); ECF No. 7949 at 3:12-20.) But as set forth in Defendants' motion in limine, there is legal authority (including more recent cases) for the

---

[3] Further, Defendants maintain that the only parts of Dr. Burton's testimony that are admissible under Rule 801(d)(2)(D) are those portions that relate to matters within the scope of his employment. Plaintiffs must lay a proper foundation for each statement they seek to admit as evidence; Rule 801(d)(2)(D) is not a vehicle for securing blanket admissibility of deposition testimony. *See Kolb v. Suffolk Cnty.*, 109 F.R.D. 125, 127 (E.D.N.Y. 1985).

application of the rule and the reason why a party must establish the witness's unavailability at trial or status as a party's officer, director, managing agent or designee *first*, before the issue of admissibility under the Federal Rules of Evidence may even be considered. (*See* ECF No. 7949 (Defs. Mot. Lim.) at 4:18-5:13; 7:13-26.)

However, even if this Court accepts Plaintiffs' argument that Rule 801(d)(2)(D) independently allows for the admission of deposition excerpts in this hearing, Plaintiffs have not identified the excerpts they seek to designate as opposing party statements. For a statement to be admissible under Rule 801(d)(2)(D), its proponent is required to lay a foundation that the statement relates to matter within the scope of the agent's employment. *Breneman v. Kennecott Corp.*, 799 F.2d 470, 473 (9th Cir. 1986); *Los Angeles News Serv. v. CBS Broad.,* Inc., 305 F.3d 924, 934 (9th Cir.); *United States v. Chang*, 207 F.3d 1169, 1176 (9th Cir. 2000). In 1995, this Court evaluated the tendered deposition excerpts and was able to assess whether those excerpts were indeed related to matters within the scope of the deponents' employment. The Court has not yet performed this individualized analysis in this instance, nor have Plaintiffs tendered the deposition excerpts at issue here to the Court for consideration. Indeed, in 1995, the Court also "permitted defendants the option of augmenting the deposition excerpts[4] or calling each deponent as a live witness at trial" to prevent prejudice to Defendants. *See Coleman*, 912 F. Supp. at 1295.

Finally, Plaintiffs' position of requiring witnesses to provide testimony live and via deposition is disfavored and would effectuate a confusing presentation of testimony. *See Hillman v. U.S. Postal Serv.*, 171 F. Supp. 2d 1174, 1175 (D. Kan. 2001) ("Parties or witnesses who will be present at trial are generally not permitted to testify by way of deposition in lieu of live testimony"); *Young & Assocs. Pub. Rels., L.L.C. v. Delta Air Lines, Inc.,* 216 F.R.D. 521, 522 (D. Utah 2003).

///

---

[4] Defendants intend to provide Plaintiffs with deposition excerpts that they will introduce in response to response to Plaintiffs' proffered excerpts. *See* Fed. R. Civ. P. 32(a)(6) ("If a party offers in evidence only part of a deposition, an adverse party may require the offeror to introduce other parts that in fairness should be considered with the part introduced, and any party may itself introduce any other parts").

In sum, these employee deponents may testify to matters on which they have personal knowledge obtained while working at their respective institutions, but the Court should not construe any of their personal opinions on statewide policies or their general impact on all other institutions and employees as a party admission. (*See* ECF No. 7949 (Defs. Mot. Lim.) at 9:13-10:3.) Under Rule 801(d)(2)(D), the Court must evaluate whether Plaintiffs have shown that each of the statements in the deposition excerpts they will proffer fall strictly within the scope of the deponent's employment. Accordingly, a blanket order permitting Plaintiffs to enter into evidence any portion of the employee deposition excerpts would be premature at this stage.

### III. CONCLUSION

Although Defendants agree to the presentation of Dr. Burton's testimony via deposition and no longer seek to compel his live testimony—either on direct or cross examination, they maintain that deposition excerpts cannot automatically be admitted as substantive evidence. Even if this Court were to accept Plaintiffs' argument that deposition excerpts may be independently admitted as substantive evidence because they qualify as statements of an opposing party under Rule 801(d)(2)(D), it would be premature to do so now. Plaintiffs must lay a proper foundation for each statement they wish to enter into evidence and show that it was made by the deponent on matters strictly within the scope of her employment. Accordingly, Plaintiffs' Motion in Limine No. 1 should be denied. To the extent that the Court admits any deposition excerpts proffered by Plaintiffs at the hearing after a proper foundation is laid, it must allow Defendants to introduce any other portions of the employee depositions in fairness, as articulated in Rule 32(a)(6).

### CERTIFICATION

The undersigned counsel for Defendants certifies that she reviewed the following relevant court orders: ECF Nos. 612; 7786; and 7856.

| | | |
|---|---|---|
| 1 | DATED: September 22, 2023 | Respectfully submitted, |
| 2 | | ROB BONTA |
| | | Attorney General of California |
| 3 | | DAMON MCCLAIN |
| | | Supervising Deputy Attorney General |

By: _____/s/ Namrata Kotwani_____
Namrata Kotwani
Deputy Attorney General
*Attorneys for Defendants*

DATED:  September 22, 2023    HANSON BRIDGETT LLP

By: _____/s/ Samatha Wolff_____
PAUL B. MELLO
SAMANTHA D. WOLFF
LAUREL E. O'CONNOR
DAVID C. CASARRUBIAS
*Attorneys for Defendants*

**19977465.2**