| | |
|---|---|
| ROB BONTA, State Bar No. 202668<br>Attorney General of California<br>MONICA N. ANDERSON, State Bar No. 182970<br>Senior Assistant Attorney General<br>DAMON MCCLAIN, State Bar No. 209508<br>Supervising Deputy Attorney General<br>ELISE OWENS THORN, State Bar No. 145931<br>NAMRATA KOTWANI, State Bar No. 308741<br>Deputy Attorneys General<br>  1300 I Street, Suite 125<br>  P.O. Box 944255<br>  Sacramento, CA 94244-2550<br>  Telephone: (916) 210-7318<br>  Fax: (916) 324-5205<br>  E-mail: Elise.Thorn@doj.ca.gov<br>*Attorneys for Defendants* | HANSON BRIDGETT LLP<br>LAWRENCE M. CIRELLI, SBN 114710<br>PAUL B. MELLO, SBN 179755<br>SAMANTHA D. WOLFF, SBN 240280<br>KAYLEN KADOTANI, SBN 294114<br>LAUREL O'CONNOR, SBN 305478<br>DAVID C. CASARRUBIAS, SBN 321994<br>CARSON R. NIELLO, SBN 329970<br>1676 N. CALIFORNIA BLVD., SUITE 620<br>WALNUT CREEK, CALIFORNIA 94596<br>TELEPHONE:  925-746-8460<br>FACSIMILE:  925-746-8490<br>*Attorneys for Defendants* |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, et al.<br><br>Defendants. | Case No. 2:90-CV-00520- KJM-DB<br><br>**DEFENDANTS' MOTION IN LIMINE TO LIMIT PLAINTIFFS' EXPERT TESTIMONY TO OPINIONS PREVIOUSLY AND PROPERLY DISCLOSED**<br><br>Date: September 29, 2023<br>Time: 10:00 a.m.<br>Location: Courtroom 3, 15th Floor<br><br>Judge: Hon. Kimberly J. Mueller |

## INTRODUCTION

On August 31, 2023, Plaintiffs disclosed Timothy T. Brown, Ph.D., MA (Dr. Brown) as an expert witness expected to testify at the forthcoming enforcement proceedings. Dr. Brown disclosed a report in accordance with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure (FRCP). On September 14, 2023, Defendants took the deposition of Dr. Brown. Near the conclusion of this deposition, Dr. Brown confirmed that he has disclosed all opinions and their bases that he intends to offer at the enforcement proceedings. Deposition of Dr. Brown at 152:20-153:6, attached as **Exhibit 1** to the Declaration of Kaylen Kadotani, filed herewith. To date, Plaintiffs have not provided any notice, proper or otherwise, that Dr. Brown intends to testify at hearing on subjects or matters that were not previously disclosed.

Defendants hereby move this Court for an order *in limine* that precludes Plaintiffs' expert, Dr. Brown, from testifying at the forthcoming enforcement proceedings on matters not disclosed in his expert report or at his deposition.

## LEGAL STANDARD

A motion *in limine* can be made either before or during trial in order "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. U.S.*, 469 U.S. 38, 40 (1984). The court has inherent power to grant such motions to exclude evidence that could be objected to at trial. *Id.* at 43. Courts have recognized the utility and advisability of employing motions *in limine* to address appropriate evidentiary issues in advance of trial. *U.S. v. Layton*, 767 F.2d 549, 554 (9th Cir. 1985).

Rule 403 of the Federal Rules of Evidence (FRE) provides that, even if relevant, the court may exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Motions *in limine* are the preferred mechanism for raising FRE 403 objections. *See U.S. v. Allibhai*, 939 F.2d 244, 250 (5th Cir. 1991). The court has wide latitude to exercise its discretion when excluding evidence under FRE 403. *U.S. v. Spencer*, 1 F.3d 742, 744 (9th Cir. 1992.)

## ARGUMENT

Rule 26 of the FRCP requires the parties to disclose the identities of each expert, along with written reports for any retained experts. Rule 26(a)(2)(B)(i) further requires that the experts' written reports contain "a complete statement of all opinions the witness will express and the basis and reasons for them." *See also, Estate of Bojcic v. City of San Jose*, 358 F. App'x. 906, 907 (9th Cir. 2009). The "report must be complete such that opposing counsel is not forced to depose an expert in order to avoid an ambush at trial; and moreover the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources." *R.C. Olmstead, Inc., v. CU Interface, LLC*, 606 F.3d 262, 271 (6th Cir. 2010) (quoting *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 n. 6 (7th Cir.1998)). Under FRCP 37(c)(1), "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The law is clear that the discovery rules are "intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." *Gratton v. Great Am. Comms.*, 178 F.3d 1373, 1374 (11th Cir. 1999).

Consistent with the above, the court should preclude Plaintiffs' expert, Dr. Brown, from testifying at the forthcoming enforcement proceedings on matters that were not properly disclosed in his report or at his deposition. If Dr. Brown is permitted to testify on such undisclosed matters, it will cause obvious undue prejudice to Defendants. For example, testimony on previously undisclosed matters is an unfair surprise and Defendants and their expert will not have had an opportunity to cross-examine Dr. Brown at his deposition or prepare to rebut any new opinions at the upcoming proceedings. Moreover, if Plaintiffs are permitted to circumvent these longstanding rules concerning expert disclosure and discovery, then the purpose and integrity of this framework will be called into question.

For the reasons discussed above, Defendants request an order that precludes Dr. Brown from testifying or otherwise sponsoring any other expert evidence that was not previously disclosed in Dr. Brown's expert report or discussed during his deposition.

19963668.1                                             3                         Case No. 2:90-CV-00520- KJM-DB
DEFENDANTS' MOTION IN LIMINE TO LIMIT PLAINTIFFS' EXPERT TESTIMONY TO OPINIONS PREVIOUSLY AND PROPERLY DISCLOSED

| | | |
|---|---|---|
| DATED: September 22, 2023 | | ROB BONTA<br>Attorney General of California<br>DAMON MCCLAIN<br>Supervising Deputy Attorney General |
| | By: | /s/ Elise Owens Thorn<br>ELISE OWENS THORN<br>Deputy Attorney General<br>*Attorneys for Defendants* |
| DATED: September 22, 2023 | | HANSON BRIDGETT LLP |
| | By: | /s/ Kaylen Kadotani<br>LAWRENCE M. CIRELLI,<br>PAUL B. MELLO<br>SAMANTHA D. WOLFF<br>KAYLEN KADOTANI<br>LAUREL E. O'CONNOR<br>DAVID C. CASARRUBIAS<br>Attorneys for Defendants |