1  Rob Bonta, State Bar No. 202668
   Attorney General of California
2  Monica N. Anderson, State Bar No. 182970
   Senior Assistant Attorney General
3  Damon McClain, State Bar No. 209508
   Supervising Deputy Attorney General
4  Elise Owens Thorn, State Bar No. 145931
   Namrata Kotwani, State Bar No. 308741
5  Deputy Attorneys General
     1300 I Street, Suite 125
6    P.O. Box 944255
     Sacramento, CA 94244-2550
7    Telephone: (916) 210-7318
     Fax: (916) 324-5205
8    E-mail: Elise.Thorn@doj.ca.gov
   Attorneys for Defendants
9

   HANSON BRIDGETT LLP
   PAUL B. MELLO, SBN 179755
   SAMANTHA D. WOLFF, SBN 240280
   KAYLEN KADOTANI, SBN 294114
   LAUREL O'CONNOR, SBN 305478
   DAVID C. CASARRUBIAS, SBN 321994
   CARSON R. NIELLO, SBN 329970
   1676 N. California Blvd., Suite 620
   Walnut Creek, California 94596
   Telephone:   925-746-8460
   Facsimile:   925-746-8490
   Attorneys for Defendants

10             UNITED STATES DISTRICT COURT

11           EASTERN DISTRICT OF CALIFORNIA

12                 SACRAMENTO DIVISION

13

14  RALPH COLEMAN, et al.,

15              Plaintiffs,

16        v.

17  GAVIN NEWSOM, et al.

18              Defendants.

Case No. 2:90-CV-00520- KJM-DB

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE WITNESS ANGELA REINHOLD AND ANY OTHER WITNESSES NOT TIMELY DISCLOSED BY PLAINTIFFS**

Date:       September 29, 2023
Time:       10:00 a.m.
Location:  Courtroom 3, 15th Floor

Judge:    Hon. Kimberly J. Mueller

19

20

21

22

23

24

25

26

27

28

Case No. 2:90-CV-00520- KJM-DB
DEFENDANTS' MOTION IN LIMINE TO EXCLUDE WITNESS ANGELA REINHOLD AND ANY OTHER WITNESSES NOT TIMELY DISCLOSED BY PLAINTIFFS

**INTRODUCTION**

On June 12, 2023, the court issued an order which states: "[t]he parties shall disclose fact witnesses as well as the subject of the anticipated testimony, **sixty days** prior to the hearing date." ECF No. 7856, at 2:14-15 (emphasis added); see also, ECF No. 7861, at 2:12-13. Accordingly, on July 31, 2023, the parties exchanged their respective witness lists in advance of the September 29, 2023 hearing date. Declaration of Kaylen Kadotani filed herewith ("Kadotani Dec."), ¶ 2. Relatedly, on August 11, 2023, the court issued another order, which required the parties to file "a detailed witness list that includes the order of witnesses and the anticipated time for each witness's testimony, including of direct, cross-examination, and rebuttal" by no later than September 8, 2023 at 12:00 p.m. ECF No. 7916, at 2:12-14. In compliance with this order, the Parties filed their Joint Statement Regarding Presentation of Witnesses. ECF No. 7941.

On September 18, 2023, Plaintiffs issued witness subpoenas to four of the witnesses on their witness lists to appear to testify at the forthcoming enforcement proceedings on September 29, 2023. Kadotani Dec., ¶ 3. Also on September 18, 2023, Plaintiffs issued a witness subpoena to Angela Reinhold, who was not previously disclosed by Plaintiffs.[1] *Id*. at ¶ 4. Moreover, counsel for Defendants only received notice of Ms. Reinhold's subpoena from staff at the California Correctional Institution (CCI) after service was attempted on September 19, 2023. *Id*. at ¶ 5. Counsel for Plaintiffs made no attempt to notify Defendants about their plan to subpoena Ms. Reinhold, despite having sent Defense counsel subpoenas for four other CDCR staff members the same day the subpoena to Ms. Reinhold was issued. *Id*. at ¶ 6. When asked why this witness was not included on Plaintiffs' witness lists, counsel for Plaintiffs confirmed that Ms. Reinhold was a "late witness disclosure." *Id*. at ¶ 7. Later that evening, counsel for Plaintiffs circulated by email an *amended* witness list to reflect the inclusion of Ms. Reinhold, who is expected to testify about the "[i]mpact of recent changes in compensation." *Ibid*. Plaintiffs also have made no attempt to amend the parties' Joint Statement Regarding Presentation of Witnesses (ECF No. 7941), which

---

[1] The deadline to file motions in limine was September 15, 2023, four days before Defendants were made aware of Plaintiffs' untimely witness disclosure.

DEFENDANTS' MOTION IN LIMINE TO EXCLUDE WITNESS ANGELA REINHOLD AND ANY OTHER WITNESSES NOT TIMELY DISCLOSED BY PLAINTIFFS

1   informs the court of the order of witnesses and the anticipated time for each witness's testimony,

2   inclusive of direct, cross-examination, and rebuttal. *Ibid.*

3         Counsel for Defendants subsequently learned that Ms. Reinhold had written to Plaintiffs'

4   counsel previously, but that fact was also not disclosed by Plaintiffs. *Id*. at ¶ 8.

5         Because Ms. Reinhold was not timely disclosed pursuant to this court's orders, and

6   because her late disclosure would harm Defendants and is not substantially justified, Defendants

7   hereby move for an order *in limine* that excludes Ms. Reinhold from testifying at the forthcoming

8   enforcement proceedings.  Defendants also request an order the precludes Plaintiffs from

9   introducing any other undisclosed witnesses at these proceedings, absent agreement of the parties.

10  **LEGAL STANDARD**

11        A motion *in limine* can be made either before or during trial in order "to exclude

12  anticipated prejudicial evidence before the evidence is actually offered." *Luce v. U.S.*, 469 U.S. 38,

13  40 (1984). The court has inherent power to grant such motions to exclude evidence that could be

14  objected to at trial. *Id.* at 43. Courts have recognized the utility and advisability of employing

15  motions *in limine* to address appropriate evidentiary issues in advance of trial. *U.S. v. Layton*, 767

16  F.2d 549, 554 (9th Cir. 1985).

17        Rule 403 of the Federal Rules of Evidence (FRE) provides that, even if relevant, the court

18  may exclude evidence if its probative value is substantially outweighed by the danger of unfair

19  prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly

20  presenting cumulative evidence. Motions *in limine* are the preferred mechanism for raising FRE

21  403 objections. *See U.S. v. Allibhai*, 939 F.2d 244, 250 (5th Cir. 1991). The court has wide latitude

22  to exercise its discretion when excluding evidence under FRE 403. *U.S. v. Spencer*, 1 F.3d 742,

23  744 (9th Cir. 1992.)

24  **ARGUMENT**

25        Under Rule 37(c)(1) of the Federal Rules of Civil Procedure (FRCP), "[i]f a party fails to

26  provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed

27  to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless

28  the failure was substantially justified or harmless."  *See also, Yeti by Molly, Ltd. v. Deckers*

DEFENDANTS' MOTION IN LIMINE TO EXCLUDE WITNESS ANGELA REINHOLD AND ANY OTHER
WITNESSES NOT TIMELY DISCLOSED BY PLAINTIFFS

1   *Outdoor Corp.*, 259 F.3d 1101, 1105-07 (9th Cir. 2001) (excluding untimely expert witness from

2   trial pursuant to Rule 37). Critically, this is a mandatory and automatic rule that was adopted as

3   part of the 1993 amendments to the Federal Rules. *Yeti by Molly*, 259 F.3d at 1106.[2]  Moreover,

4   the party facing sanctions under Rule 37, *i.e.*, Plaintiffs, carries the burden of proof to overcome

5   the automatic exclusionary effect of the rule.  *Id.* at 1107.

6        Here, in violation of the court's prior orders, Plaintiffs did not disclose Ms. Reinhold as a

7   witness until September 19, 2023. Nor did Plaintiffs disclose or produce the written

8   communications that it had with Ms. Reinhold, a CDCR employee. The court ordered that the

9   parties disclose their respective witnesses *sixty days* before hearing, but Ms. Reinhold's disclosure

10  was made just 10 days prior. The sanction provided under Rule 37(c)(1) is automatic and self-

11  executing, unless Plaintiffs can demonstrate that their failure to timely disclose Ms. Reinhold was

12  substantially justified or harmless. Plaintiffs have not offered any justification for this late

13  disclosure. Indeed, the fact that she was disclosed so late would suggest that her testimony is not a

14  necessary component of Plaintiffs' presentation at the upcoming hearing. Furthermore, this belated

15  disclosure is not harmless since it has and will unduly prejudice Defendants as explained below.

16       In addition to the automatic sanction under Rule 37(c)(1), Plaintiffs' untimely disclosure of

17  Ms. Reinhold is unduly prejudicial to Defendants and therefore subject to exclusion under FRE

18  403. For example, this late disclosure is highly prejudicial to Defendants based on the near

19  proximity of the September 29, 2023 hearing date, and the fact that Defendants have not been

20  afforded sufficient time to depose her or otherwise prepare for her testimony. Nor does Plaintiffs'

21  vague disclosure provide much insight or detail into the subject of her anticipated testimony that

22  might otherwise enable Defendants to prepare an appropriate defense. Defendants will be deprived

23

24  ---
[2] "The Advisory Committee Notes describe it as a 'self-executing,' 'automatic' sanction to

25  'provide[ ] a strong inducement for disclosure of material....' Fed.R.Civ.P. 37 advisory
    committee's note (1993). Courts have upheld the use of the sanction even when a litigant's entire
26  cause of action or defense has been precluded. [*Ortiz–Lopez v. Sociedad Espanola de Auxilio
    Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 35 (1st Cir.2001)](although the exclusion of
27  an expert would prevent plaintiff from making out a case and was 'a harsh sanction to be sure,' it
    was "nevertheless within the wide latitude of' Rule 37(c)(1))."
28

DEFENDANTS' MOTION IN LIMINE TO EXCLUDE WITNESS ANGELA REINHOLD AND ANY OTHER
WITNESSES NOT TIMELY DISCLOSED BY PLAINTIFFS

1  of due process if Ms. Reinhold is permitted to testify, which is further underscored in the context

2  of these proceedings in which Defendants are facing tens of millions of dollars in potential fines.

3  Thus, exclusion of Ms. Reinhold's testimony is also warranted under FRE 403.

4          For the reasons discussed above, Defendants request an order excluding Ms. Reinhold

5  from testifying at the forthcoming enforcement proceedings.

6

7

8  DATED: September 22, 2023                ROB BONTA
                                            Attorney General of California
9                                           DAMON MCCLAIN
                                            Supervising Deputy Attorney General
10

11                                          By:_____/S/ Elise Owens Thorn_____
12                                          ELISE OWENS THORN
                                            Deputy Attorney General
13                                          *Attorneys for Defendants*

14  DATED:  September 22, 2023               HANSON BRIDGETT LLP

15

16                                          By:_____/s/ Kaylen Kadotani_____
17                                          LAWRENCE M. CIRELLI
                                            PAUL B. MELLO
18                                          SAMANTHA D. WOLFF
                                            KAYLEN KADOTANI
19                                          LAUREL E. O'CONNOR
                                            DAVID C. CASARRUBIAS
20                                          Attorneys for Defendants
21
22
23
24
25
26
27
28

DEFENDANTS' MOTION IN LIMINE TO EXCLUDE WITNESS ANGELA REINHOLD AND ANY OTHER
WITNESSES NOT TIMELY DISCLOSED BY PLAINTIFFS