DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
MARISSA HATTON – 348678
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

CLAUDIA CENTER – 158255
DISABILITY RIGHTS EDUCATION
AND DEFENSE FUND, INC.
Ed Roberts Campus
3075 Adeline Street, Suite 210
Berkeley, California 94703-2578
Telephone: (510) 644-2555

MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
LISA ELLS – 243657
JENNY S. YELIN – 273601
THOMAS NOLAN – 169692
MICHAEL S. NUNEZ – 280535
AMY XU – 330707
CARA E. TRAPANI – 313411
MARC J. SHINN-KRANTZ – 312968
ALEXANDER GOURSE – 321631
GINGER JACKSON-GLEICH – 324454
ADRIENNE PON HARROLD – 326640
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>GAVIN NEWSOM, et al.,<br><br>  Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE***<br><br>Date: September 29, 2023<br>Time: 10:00 a.m.<br>Crtrm.: 3<br><br>Judge: Hon. Kimberly J. Mueller |

[4365179.1]

1    At the upcoming contempt hearing, Plaintiffs intend to introduce as party admissions certain excerpts from the depositions of CSP-SAC's Chief of Mental Health, Dr. Kelley Franceschi; CHCF Chief Psychologist Dr. Shelly Minor; CSP-San Quentin Chief Psychiatrist Dr. Paul Burton; and CMF Chief of Mental Health Dr. Alexandra David. *See* Pls.' Mots. in Limine, ECF No. 7948 at 2-4.  In response, Defendants have filed a motion in limine that asks the Court to "preclud[e] Plaintiffs from introducing deposition testimony taken by Plaintiffs as substantive evidence or party admissions during this hearing."  Defs.' Mot. In Limine, ECF No. 7949 at 3.  Defendants' Motion argues, among other things, that there is no basis under Rule 32 of the Federal Rules of Civil Procedure or Rule 801 of the Federal Rules of Evidence for admitting any portion of any of the depositions for any purpose other than impeachment.[1]  For the reasons explain below, the Court should deny Defendants' Motion in full.

**I.   RULE 32 DOES NOT IMPOSE ANY ADDITIONAL LIMITATIONS ON THE ADMISSIBILITY OF DEPOSITIONS WHERE THE REQUIREMENTS OF RULE 801(d)(2)(D) ARE SATISFIED.**

Defendants' primary argument is that "[d]eposition testimony cannot be offered as substantive evidence unless the conditions in Federal Rule of Civil Procedure 32(a) are satisfied," and that those conditions are not satisfied here because "none of these deponents was authorized to speak on behalf of CDCR" and none "hold[s] a position within CDCR that would otherwise qualify them to speak on behalf of CDCR."  Defendants' Notice of Motion and Motion In Limine (hereafter "Defs.' Mot."), ECF No. 7949 at 3-4.  But the Court previously rejected the first prong of Defendants' argument in this very case.  And the second prong of Defendants' argument ignores the clear text of Rule 32(a)(2), which, in conjunction with Rule 801(d)(2)(D) of the Federal Rules of Evidence, provides a clear

---

[1] On September 21, 2023, counsel for Defendants sent an email to Plaintiffs' counsel stating that Defendants "have now reconsidered [their] position and will agree that Dr. Burton does not need to testify live—either on direct or cross," but that any statement from Dr. Burton "must meet the requirements of FRE 801."  Sept. 21, 2023 Email from Samantha Wolff to Plaintiffs' Counsel, Declaration of Alexander Gourse In Opposition to Defs.' Mot. In Limine (hereafter "Gourse Opp. Decl.," filed herewith), ¶ 6 & Ex. E.  This email also states that Defendants' "position remains unchanged with respect to the other witnesses."  *Id.*

basis for admitting the depositions at issue here as substantive evidence even if the first prong of Defendants' argument were correct.[2]

### A. Rule 32 and Rule 801(d)(2)(D) Provide "Independent Bases" For the Admission of Depositions at Trial.

The first prong of Defendants' argument—that the Federal Rules of Evidence are subordinate to Rule 32 of the Federal Rules of Civil Procedure—was squarely rejected by the Court in an earlier order in this very case. *See Coleman v. Wilson*, 912 F. Supp. 1282, 1294-95 (E.D. Cal. 1995). That order denied Defendants' motion to strike excerpts from the deposition transcripts of certain CDCR employees and consultants, which had been admitted at trial as admissions of party opponents under Rule 801(d)(2(D), "subject to other applicable evidentiary objections." *Coleman*, 912 F. Supp. at 1294-95. Defendants argued that "the admissibility of depositions is governed in the first instance by Fed. R. Civ. P. 32," but the Court rejected this position because Rule 32 and the Federal Rules of Evidence "are independent bases for the admission of a deposition" and, where the deposition excerpts at issue "fall within" Rule 801(d)(2)(D), "they are not hearsay and Fed.R.Civ.P. 32 has no application to their admissibility." *Coleman*, 912 F. Supp. at 1295.

This conclusion is consistent with Ninth Circuit authority, *see Hoptowit v. Ray*, 682 F.2d 1237, 1262 & n.10 (9th Cir. 1982), as well as at least one recent case that considered the relationship between Rule 32 and the Federal Rules of Evidence in circumstances very similar to those here. In that case, which involved claims of inadequate mental health treatment at a state institution for juveniles,[3] the court conducted a lengthy analysis of the relationship between Rule 32 and Rule 801(d)(2)(D) and concluded that the deposition testimony of two "psychologists" and one "teacher" at the institution could be admitted as substantive evidence at trial under Rule 801(d)(2)(D) "independent of whether it satisfies"

---

[2] Plaintiffs do not concede that the deponents at issue here are not "officer[s], director[s], or managing agent[s]" of CDCR for purposes of Rule 32(a)(3), but the Court need not decide this question because the depositions are clearly admissible under both Federal Rule of Evidence 801(d)(2)(D) and Rule 32(a)(2)—neither of which requires that the deponent be an "officer, director, or managing agent" of an opposing party.

[3] *See J.S.X. through D.S.X. v. Foxhoven*, 361 F. Supp. 3d 822, 826-27 (S.D. Iowa 2019).

[4365179.1]

3

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE*

Rule 32. *J.S.X. through D.S.X. v. Foxhoven,* No. 417CV00417SMRHCA, 2019 WL 13167146, at *3 (S.D. Iowa May 23, 2019); *see also Old Republic Insurance Co. v. Whitaker*, No. 10-cv-3236-DW, 2012 WL 13027952, at *1-2 (W.D. Mo. Jan. 10, 2012) (explaining that where the requirements of Rule 801(d) "are satisfied, there are no other conditions to admissibility under Rule 32" (quoting *Anchor Savings Bank, FSB v. United States*, No. 95-39 C, 2005 WL 6112617, at *4 (Fed. Cl. May 17, 2005)). So long as the depositions at issue in this case "fall within" Rule 801(d)(2)(D), they are admissible at the upcoming contempt hearing subject to any other evidentiary objections raised by Defendants.

### B. Rule 32 Is Satisfied Here In Any Event.

Even if Defendants are correct that Rule 32 must be satisfied as well, the Court should still deny their Motion because Rule 32 *is* satisfied here. Rule 32(a)(1) provides that "all or part of a deposition may be used against a party" at a hearing or trial so long as three conditions are satisfied: (A) the party was present or represented at the deposition (or had reasonable notice of it); (B) the Federal Rules of Evidence do not bar admission of the deposition; and (C) "the use is allowed by Rule 32(a)(2) through (8)." Fed. R. Civ. P. 32(a)(1). Defendants do not dispute that condition (A) is satisfied here. *See* ECF No. 7949 at 4 n.2. Defendants *do* dispute that conditions (B) and (C) are satisfied. But condition (B) is satisfied for the reasons explained in Section II below, and condition (C) is satisfied because the depositions are admissible for any purpose under Rule 32(a)(2).

Rule 32(a)(2) states that "Any party may use a deposition to contradict or impeach the testimony given by the deponent a witness, *or for any other purpose allowed by the Federal Rules of Evidence*." Fed. R. Civ. P. 32(a)(2) (emphasis added). Numerous courts have held that the "or for any other purpose" language in Rule 32(a)(2) is satisfied where, as here, the deposition would be admissible under Rule 801(d)(2)(D). *See, e.g.*, *Foxhoven*, 2019 WL 13167146 at *2 (collecting cases).

Defendants completely ignore the "or for any other purpose" clause in subdivision (a)(2) and assert, without explanation, that subdivision (a)(2) permits depositions to be

used only for impeachment. *See* ECF No. 7949 at 5:19 and 6:3-4. But this is simply wrong. The text of subdivision (a)(2) states that a deposition may be used for "any" purpose "other" than impeachment, so long that "other" purpose is "allowed" by the Federal Rules of Evidence. Fed. R. Civ. P. 32(a)(2). The title of subdivision (a)(2) ("Impeachment *and Other Uses*") further confirms that it permits depositions to be used for purposes "other" than impeachment. *Id.*

The Court should deny Defendants' Motion in Limine, and grant Plaintiffs Motion in Limine No. 1, because Rule 32 imposes no additional barriers to the admissibility of a deposition where Rule 801(d)(2)(D) is satisfied.

## II. ALL PORTIONS OF THE DEPOSITIONS THAT RELATE TO MATTERS WITHIN THE SCOPE OF THE DEPONENTS' EMPLOYMENT ARE ADMISSIBLE AS SUBSTANTIVE EVIDENCE UNDER RULE 801(d)(2)(D).

Rule 801 defines as "not hearsay" any "statement" that is "offered against an opposing party and…was made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Fed. R. Evid. 801(d)(2)(D). A deposition qualifies as a "statement" for purposes of Rule 801(d). *See United States v. Workinger*, 90 F.3d 1409. 1415 (9th Cir. 1996); *Coleman*, 912 F. Supp. at 1295. All four deponents at issue here were employees of CDCR at the time of their depositions, *see* Declaration of Alexander Gourse ISO Plaintiffs' Motions in Limine ("Gourse Decl."), ECF No. 7948 at ¶¶ 2-5 & Exs. A-D, and Defendants do not identify *any* portions of any of the depositions that they claim are unrelated to matters within the scope of the deponent's employment with CDCR—let alone any statements within the designated excerpts that Plaintiffs shared with Defendants on September 14, 2023. *See* Defs.' Motion, ECF No. 7949 at 5; Ex. B to Declaration of Namrata Kotwani, ECF No. 7949-1 at 37.

Defendants argue that Plaintiffs have not satisfied their burden for admitting evidence under Rule 801(d)(2)(D) because Plaintiffs did not attach the depositions to their own Motion in Limine. *See* ECF No. 7949 at 8. Excerpts from the depositions showing the deponents' employment with CDCR at the time of the depositions were filed with Plaintiffs' Motion, *see* ECF No. 7948-1 ¶¶ 2-5 & Exs. A-D, and additional excerpts

establishing the scope of the deponents' employment are attached to the Opposition Declaration of Alexander Gourse, filed herewith.[4] *See* Gourse Opp. Decl. ¶¶ 2-5 & Exs. A-D.  But neither the full depositions nor the excerpts designated by Plaintiffs on September 14 are necessary to decide Plaintiffs' Motion, which does not *itself* seek the admission of anything into evidence at the upcoming hearing.  Rather, as Plaintiffs' Motion clearly states, it seeks "an order confirming that [Plaintiffs] *will be* permitted to introduce into evidence, for any purpose, those portions of the depositions…that relate to matters within the scope of [the deponents'] employment with [CDCR], pursuant to Rule 801(d)(2)(D)…subject to any other objections raised by Defendants."  ECF No. 7948 at 2 (emphasis added); *see also id.* at 4.  In other words, Plaintiffs' Motion seeks *guidance* from this Court on a legal question—the admissibility at the upcoming hearing of depositions of a party's employee that *do* relate to matters within the scope of the deponent's employment, pursuant to Rule 801(d)(2)(D)—that will assist the parties in formulating their respective trial strategies.  *See id.* at 4; *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983) (decisions on motions in limine are "preliminary ruling[s]" for the parties to "consider" when "formulating their trial strategies," not final rulings admitting evidence into the record).

Defendants argue that "Rule 801 does not authorize Plaintiffs to introduce wholesale swaths of deposition testimony into evidence."  ECF No. 7949 at 8.  But the text of Rule 801 includes no such limitation, and Rule 32(a)(1)—which, according to Defendants, "governs the use of depositions at a hearing," ECF No. 7949 at 4—states that "*all or part* of a deposition may be used against a party" at a hearing or trial.  Fed. R. Civ. P. 32(a)(1) (emphasis added); *see also Anchor Savings Bank*, 2005 WL 6112617 at *5 ("[E]ven if plaintiff were to offer entire depositions as substantive evidence, that practice would seem to be permissible" under Rule 32.).

Defendants ask the Court to hold that the deponents' "personal opinions" cannot be

---

[4] Pursuant to Local Rule 133(j), Plaintiffs will lodge full electronic copies of all four depositions with the Court as well.

1  admitted into evidence under Rule 801(d)(2)(D) because such "personal opinions" are
2  purportedly outside the scope of their employment with CDCR. ECF No. 7949 at 9. But it
3  is not clear what Defendants mean by "personal opinions," as they have not identified any
4  examples of such "personal opinions" in any of the depositions at issue—despite Plaintiffs'
5  having provided Defendants with the excerpts they plan to introduce into evidence well
6  before Defendants' filed their Motion. *See* ECF No. 7949 at 5; Ex. B to Declaration of
7  Namrata Kotwani, ECF No. 7949-1 at 37.

8        Defendants suggest that any statements relating in any way to "statewide policies"
9  or the impact of those policies amount to "personal opinions" that are outside the scope of
10 the deponents' employment—respectively, as the Chiefs of Mental Health at CSP-SAC
11 and CMF, Chief Psychiatrist at San Quentin, and Chief Psychologist at CHCF. *Id.* But
12 this is preposterous. The deponents are all high-level managers for Defendants whose job
13 duties include, among other things, supervising clinical staff and overseeing the provision
14 of mental health care to class members, assigning and reassigning tasks when staff
15 members quit or go on leave, and developing "triage plans" that prioritize certain
16 (statewide) requirements over others when there are not enough staff to comply with all
17 such requirements. Each deponent also testified that their job duties include participation
18 in the recruitment and retention of mental health staff and regular contact with human
19 resources and other officials at the CDCR headquarters and regional levels on topics
20 relating to the recruitment and retention of mental health staff. *See* Gourse Opp. Decl. ¶¶
21 2-5 & Exs. A-D.

22       In the Ninth Circuit, to satisfy the subject-matter limitation in Rule 801(d)(2)(D) "it
23 need only be shown that the statement [is] *related to* a matter within the scope of the
24 [employment relationship]." *Hoptowit*, 682 F.2d at 1262 (emphasis added); *see also In re*
25 *Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation*, 906 F.2d
26 432, 458 (9th Cir. 1990); *Harris v. Itzhaki*, 183 F.3d 1043, 1055 (9th Cir. 1999).
27 "Statewide policies" and the effects of those policies on staffing and the provision of
28 mental health care at Defendants' institutions are *clearly* "related to" matters within the

[4365179.1]

7

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE*

scope of each deponent's employment.[5]  *See also Coleman*, 912 F. Supp. at 1294-95.

The Court should deny Defendants' Motion In Limine, and grant Plaintiffs' Motion In Limine No. 1, because (1) statements by a party's employee that are related to matters within the scope of the employment relationship are admissible under Rule 801(d)(2)(D), and (2) Defendants' proposed exclusion of all statements relating to "statewide policies" and the effects of those policies is directly at odds with the language of Rule 801 and controlling Ninth Circuit authority.

### III. DEFENDANTS WILL NOT BE PREJUDICED BY THE ADMISSION OF DR. BURTON'S DEPOSITION (OR ANY OTHER DEPOSITION AT ISSUE HERE).

Finally, Defendants argue that they will be "prejudiced" by the admission of Dr. Burton's deposition, but they do not identify any prejudice whatsoever to support this assertion.  *See* ECF No. 7949 at 10-11.  Nor could they, as counsel for Defendants was present at each of the depositions at issue here and was free to cross-examine any of the deponents—they simply chose not to do so.  *See* Gourse Decl. ¶¶ 2-5 & Exs. A-D.  Defendants suggest that they will be prejudiced by the admission of Plaintiffs' designated excerpts because "the scope of relevancy [at the discovery stage] is very broad."  ECF No. 7949 at 10.  But Defendants do not identify any portions of those excerpts that are not relevant to these proceedings (or anything at all in any of the depositions, for that matter, that is not relevant to these proceedings).  *Id.*  The fact that Plaintiffs opposed Defendants'

---

[5] Neither of Defendants' cases on this issue requires a different result.  *See* ECF No. 7949 at 9:13 – 10:3.  *Davis v. Mountaire Farms, Inc.*, is irrelevant, as it does not even consider whether the deponent's testimony was related to a matter within the scope of his employment relationship with the defendant for purposes of Rule 801(d)(2)(D).  *See* 598 F. Supp. 2d 582, 590-91 (D. Del. 2009),  And in *Selby v. Pepsico, Inc.*, an employment discrimination case, the court declined to admit a magazine article quoting one of the defendant's employees, because the plaintiff "ha[d] not established…that his capacity in any way affected those who made the decision to terminate plaintiff."  784 F. Supp. 750, 757 (N.D. Cal. 1991).  But outside of employment discrimination cases, there is no requirement that the employee-declarant have decisionmaking authority over the defendant's action or actions that are at issue in the underlying proceedings.  *See Aliotta v. Nat'l R.R. Passenger Corp.*, 315 F.3d 756, 762 (7th Cir. 2003) ("While the hiring/firing/promoting/demoting decisionmaking authority of the declarant may be critical in employment cases in which the admission deals with hiring/firing/promoting/demoting-type decisions, no similar requirement exists in other contexts.").

request to submit their own witnesses' direct testimony via declaration is irrelevant, as Defendants have not argued that such declarations would be admissible under Rule 801 or any other hearsay exception.

## IV. CONCLUSION

The Court should deny Defendants' Motion in Limine, and grant Plaintiffs' Motion in Limine No. 1, because Rule 32 does not impose any additional limitations here beyond what is required by Rule 801(d)(2)(D) and because all portions of the depositions relate to matters with the scope of the deponents' employment and thus are admissible as substantive evidence under Rule 801(d)(2)(D).

DATED: September 22, 2023    Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: /s/ Alexander Gourse
    Alexander Gourse

Attorneys for Plaintiffs