UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>GAVIN NEWSOM, et al.,<br><br>　　　　Defendants. | No. 2:90-cv-0520 KJM DB<br><br>ORDER |

　　　In advance of the hearing set to begin September 29, 2023, the parties filed motions in limine on September 15, 2023, some of which the court addresses here. ECF No. 7948 (plaintiffs' motion); ECF No. 7949 (defendants' motion). The motions are opposed. ECF No. 7955 (defendants' opposition); ECF No. 7959 (plaintiffs' opposition). After review, and good cause appearing, the motions are denied as explained below.

　　　With one limited exception,[1] the motions center on whether plaintiffs may introduce into evidence depositions of four individuals who, at the time of their depositions, were employed by

---

[1] Plaintiffs also moved to exclude certain out-of-court statements made by union representatives. ECF No. 7948 at 2,4. Defendants do not oppose this part of plaintiffs' motion and have removed the challenged documents from their exhibit list. ECF No. 7955 at 1 n.1.

1

1  the California Department of Corrections and Rehabilitation (CDCR).[2]  Defendants contend
2  Federal Rule of Civil Procedure 32 controls use of the deposition excerpts at hearing and that
3  plaintiffs have not established the necessary prerequisites under that rule to permit them to offer
4  the excerpts into evidence.  Plaintiffs contend admission of the excerpts is authorized under
5  Federal Rule of Evidence 801(d)(2)(D), Rule 801 is an independent basis for admitting
6  depositions at hearing and, in any event, they have met the relevant requirements of Rule 32.

7  The parties now agree Dr. Burton's testimony may be presented via deposition to
8  streamline the hearing, *see* ECF No. 7955 at 3, though defendants contend Dr. Burton's
9  deposition testimony is "not automatically admissible as substantive evidence" and "[p]laintiffs
10 must lay a proper foundation for each statement they seek to admit as evidence." *Id*. at 3 & n.3.
11 Given the general agreement to present Dr. Burton's testimony through deposition, the court will
12 follow the procedure it followed for admission of excerpts of the deposition of Dr. Kevin Kuich
13 into evidence at the evidentiary hearing in 2019 on issues arising from the Golding Report and the
14 Neutral Expert Report.  Specifically, on or before September 28, 2023, plaintiffs shall file their
15 designations from the deposition of Dr. Burton.  On or before October 2, 2023, defendants shall
16 file their counter-designations from the deposition of Dr. Burton together with any objections to
17 plaintiffs' designations.  On or before October 5, 2023, plaintiffs shall file any objections to
18 defendants' counter-designations and the parties shall file a copy of the deposition transcript
19 annotated to reflect the designations and counter-designations as well as objections, if any, to
20 specific excerpts.  *Cf.* ECF No. 6406 (Annotated Transcript of Deposition Testimony of Kevin
21 Kuich, M.D.).  The court will resolve objections, if any, by written order.  *Cf.* October 21, 2019
22 Order, ECF No. 6357 (resolving objections to admissibility of Kuich deposition excerpts).

23 The other three CDCR employees are all designated as plaintiffs' witnesses at hearing.
24 ECF No. 7941 at 3.  It is not clear from the record why plaintiffs would seek to offer excerpts

---

[2] The four employees are Alexandra David, M.D., Chief of Mental Health at California Medical Facility (CMF); Shelley Minor, Ph.D., Chief Psychologist for the intermediate Psychiatric Inpatient Program (PIP) at California Health Care Facility (CHCF); Paul Burton, M.D., Chief Psychiatrist at San Quentin State Prison; and Kelley Franceschi, Psy.D, Chief of Mental Health at California State Prison—Sacramento (CSP-Sacramento).  *See* Exs. A through D to Decl. of Gourse, ECF No. 7948-1.

from their depositions as evidence separately from live testimony of the witnesses. For that reason, the court will not resolve the parties' dispute over the admissibility of these excerpts and both motions will be denied without prejudice as to the admission of deposition excerpts from these three witnesses.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiffs' September 15, 2023 motion in limine, ECF No. 7948 is GRANTED as to the admissibility of excerpts from the deposition of Paul Burton, M.D., DENIED without prejudice as to the admissibility of excerpts from the depositions of Alexandra David, M.D., Shelley Minor, Ph.D., and Kelley Franceschi, Psy.D, and DENIED as moot as to out-of-court statements by union representatives.

2. Defendants' September 15, 2023 motion in limine, ECF No. 7949 is DENIED as moot as to the admissibility of excerpts from the deposition of Paul Burton, M.D., and DENIED without prejudice as to the admissibility of excerpts from the depositions of Alexandra David, M.D., Shelley Minor, Ph.D., and Kelley Franceschi, Psy.D.

3. On or before September 28, 2023, plaintiffs shall file their designations of excerpts from the deposition of Dr. Burton. On or before October 2, 2023, defendants shall file their counter-designations together with any objections to plaintiffs' designations. On or before October 5, 2023, plaintiffs shall file any objections to defendants' counter-designations and the parties shall file a copy of Dr. Burton's deposition transcript annotated to reflect the designations and counter-designations as well as objections, if any, to specific excerpts.

DATED: September 25, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE