1   DONALD SPECTER – 083925
    STEVEN FAMA – 099641
2   MARGOT MENDELSON – 268583
    MARISSA HATTON – 348678
3   PRISON LAW OFFICE
    1917 Fifth Street
4   Berkeley, California  94710-1916
    Telephone:   (510) 280-2621
5
    CLAUDIA CENTER – 158255
6   DISABILITY RIGHTS EDUCATION
    AND DEFENSE FUND, INC.
7   Ed Roberts Campus
    3075 Adeline Street, Suite 210
8   Berkeley, California  94703-2578
    Telephone:   (510) 644-2555
9

MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
LISA ELLS – 243657
JENNY S. YELIN – 273601
THOMAS NOLAN – 169692
MICHAEL S. NUNEZ – 280535
AMY XU – 330707
CARA E. TRAPANI – 313411
MARC J. SHINN-KRANTZ – 312968
ALEXANDER GOURSE – 321631
GINGER JACKSON-GLEICH – 324454
ADRIENNE PON HARROLD – 326640
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:   (415) 433-6830

10  Attorneys for Plaintiffs

11

12              UNITED STATES DISTRICT COURT

13              EASTERN DISTRICT OF CALIFORNIA

14

15  RALPH COLEMAN, et al.,

16              Plaintiffs,

17          v.

18  GAVIN NEWSOM, et al.,

19              Defendants.

Case No. 2:90-CV-00520-KJM-DB

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO LIMIT THE TESTIMONY OF PLAINTIFF'S EXPERT, TIMOTHY T. BROWN, PH.D, MA**

Judge:  Hon. Kimberly J. Mueller

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

Defendants ask this Court to unilaterally limit the scope of testimony of Plaintiffs' expert, Dr. Timothy Brown, without basis for their implication that Dr. Brown will offer undisclosed opinions, without identifying the content of any alleged undisclosed opinions, and without providing the Court with any information about the scope of Dr. Brown's expertise and opinions. Defendants have not substantiated their argument that Plaintiffs will seek to "circumvent" the "longstanding rules concerning expert disclosure and discovery"—nor could they. *See* Def's Motion in Limine, ECF No. 7957, at p. 3. Defendants' baseless concern about improper expert testimony is superfluous for the exact reason they state; well-established rules concerning expert witness testimony govern *both* expert witnesses in this case, and neither party has indicated an intention to proceed in violation of those rules.

Defendants' request to exclude hypothetical, unidentified portions of Dr. Brown's testimony is too vague and unspecific to substantiate the sweeping order they seek. While that alone is a basis for denial, Defendants' motion should also be denied because they fail to specify the testimony they seek to exclude or its potential prejudice, and their motion risks unfair prejudice to the Plaintiffs because it could be used to prevent Dr. Brown from offering relevant testimony at trial. This Court should either deny Defendants' motion or reserve it for when (or if) objectionable testimony is offered at trial, so that both parties and the Court may address the actual substance and context of such testimony.

**STANDARD OF REVIEW**

Defendants do not challenge the reliability of Plaintiffs' expert and do not bring their motion under Federal Rule of Evidence (FRE) 703. Nor do they contend that Plaintiffs' expert did not adequately disclose his opinions, and they do not bring their motion under Federal Rule of Civil Procedure (FRCP) 26. Instead, they bring their motion under FRE 403. The Ninth Circuit has cautioned that because FRE 403 "permits the trial court to exclude otherwise relevant evidence, it is 'an extraordinary remedy to be used

1  sparingly[.]'" *Thomsen v. NaphCare, Inc.*, 2022 WL 741035, at *2 (D. Or. Mar. 11, 2022)

2  *citing United States v. Patterson*, 819 F.2d 1495, 1505 (9th Cir. 1987).

3                                          **ARGUMENT**

4          This Court should either deny Defendants' motion or reserve it for trial if and when

5  it is needed—particularly where the substance and context of the hypothetical testimony

6  they seek to limit is currently unknown. *See Aidini v. Costco Wholesale Corp.*, 2017 WL

7  3140443, at *1 (D. Nev. Apr. 10, 2017) ("I have no evidence before me that [Plaintiff's

8  expert] plans to offer previously undisclosed opinions, and I have no information about the

9  specific content of those opinions.. . . [b]ecause I have insufficient information or evidence

10  to rule on these issues, I deny the motion."); *see also Borton & Sons, Inc. v. York Int'l, Inc.*,

11  No. CY-01-3006-RHW, 2002 WL 34380759, at *1 (E.D. Wash. June 3, 2002) ("Motion to

12  prohibit any witness from offering opinion or fact testimony if not previously disclosed is

13  RESERVED until each objected to witness is offered at trial.").

14          Defendants' motion in limine should be denied because (A) well-established

15  principles of notice and prejudice are the prevailing considerations for limiting an expert's

16  testimony, and Defendants have not identified any specific testimony that implicates

17  either; and (B) Defendants' broad motion runs the risk of unfairly prejudicing Plaintiffs by

18  prematurely excluding relevant testimony.

19          **A.  Defendants Identify No Issues Regarding Proper Notice of Dr. Brown's**
20          **Opinions or any Potential Prejudice Resulting from his Testimony**

21          The primary considerations for whether an expert's testimony should be limited are

22  reasonable notice and unfair prejudice; for that reason, FRCP 26 requires expert

23  disclosures "sufficiently in advance of trial [so] that opposing parties have a reasonable

24  opportunity to prepare for effective cross examination and perhaps arrange for expert

25  testimony from other witnesses." *Wolfe v. C.R. Bard, Inc.*, 2021 WL 2980222, at *2 (C.D.

26  Cal. Mar. 31, 2021). Defendants are on notice of the scope of Dr. Brown's testimony

27  through his opening report and his deposition, where he gave a summary of his critiques of

28  the defense expert's opening report. *See generally* Ex. 1, Brown Depo Excerpts.

1  "Defendants have sufficient notice as required by Rule 26" based on Dr. Brown's opening

2  report, a "summary of facts and opinions" in rebuttal, and Dr. Brown's deposition; "[t]hus,

3  there is no risk of surprise." *See id.* Because Dr. Brown will testify only on already-

4  disclosed topics as well as those put into issue at trial by the Defendants themselves—both

5  of which Defendants certainly have reasonable notice of— Defendants face no prejudice,

6  nor have they pointed to any.

7      Defendants fail to explain why they cannot simply object to testimony perceived as

8  objectionable during the trial. Limitations on expert testimony should not be made unless

9  and until the actual testimony is offered so that its probative value can be weighed against

10  any potential prejudicial effect. *See* FRE 403. Moreover, the risk of undue prejudice is

11  particularly low in a proceeding where Court serves at the finder of fact, weighing against

12  the extraordinary limitation on trial testimony that Defendants seek. In a bench proceeding

13  like this one, the district court's gatekeeping role has diminished importance because

14  "there is less danger that a trial court will be unduly impressed by the expert's testimony or

15  opinion in a bench trial," and "the district court is able to make its reliability determination

16  during, rather than in advance of, trial." *United States v. Flores*, 901 F.3d 1150, 1165 (9th

17  Cir. 2018) (internal quotations omitted); *see also F.T.C. v. BurnLounge, Inc.*, 753 F.3d

18  878, 888 (9th Cir. 2014) (same). This Court should deny the Defendants' motion and make

19  admissibility determinations during, rather than advance of, trial—particularly where, as

20  here, the content of the testimony in question is currently hypothetical.

**B. Defendants' Motion Risks Exclusion of Relevant Testimony, Potentially Prejudicing Plaintiffs**

21
22

23      The Defendants' motion, as written, would preclude Dr. Brown from responding to

24  issues raised by the defense expert during trial and therefore risks unfairly prejudicing

25  Plaintiffs. To the extent Defendants seek to unilaterally preclude Dr. Brown from

26
27
28

responding to their expert's report and/or her testimony offered at the contempt trial,[1] their position is inconsistent with already-existing rules on expert testimony as well as the pretrial orders in this case.

First, evidentiary rules allow expert testimony where the opposing side is on notice of its substance. *See, e.g.*, *Wolfe*, 2021 WL 2980222, at *2. Defendants are on notice of Dr. Brown's rebuttals to the defense expert's opening report—he was questioned about his criticisms of the report at deposition at length. *See* Ex. 1. Dr. Brown also produced written notes to Defendants during the deposition regarding the defense expert's opening report. *See* Ex. 2, Brown Depo. Exhibit 6. Defendants face no undue prejudice if Dr. Brown expresses these opinions, already known to them, at trial.

The United States District Court for the Northern District of California recently considered a similar argument regarding the fair scope of an expert's testimony, and held that "stringent limitations on admissibility" for the *disclosure* of rebuttal testimony are not applicable to testimony *at trial* where an expert witness "addresses an anticipated (or reasonably anticipatable) portion of the other party's case." *In re HIV Antitrust Litig.,* No. 19-CV-02573-EMC, 2023 WL 4226757, at *1 (N.D. Cal. June 26, 2023). There, the court noted that "[t]his standard comports more closely to the standard for evaluating rebuttal testimony (expert or percipient) *at trial*, where rebuttal witnesses typically need not be disclosed at all." *Id.* To the extent Defendants' motion can be read to preemptively exclude Dr. Brown's rebuttal opinions (already offered at deposition) or his ability to rebut testimony offered by the defense expert at trial, it should be denied.

Indeed, this Court expressly contemplated trial as the appropriate forum for rebuttal testimony by directing the parties to disclose anticipated time for each witness's testimony,

---

[1] As the party bearing the burden of proof—and therefore presenting their evidence and witnesses first—the practical effect of Defendants' motion is to preempt Plaintiffs' expert from responding to any inferences, hypotheses, or extrapolations offered by the defense expert at trial, unless those opinions coincidentally happen to already fall within the scope of Dr. Brown's opening report.

1  "*inclusive of* direct, cross-examination, and rebuttal." ECF No.7916 at 2:12-14 (emphasis

2  added). And because the Court's pretrial orders did not contemplate a deadline for

3  disclosure expert rebuttal reports, the ability of each expert to address the opinions of the

4  other at trial is paramount. *See* ECF No. 7861 at 2 (setting deadlines for disclosure of

5  opening reports, but not rebuttal reports). The contempt trial is the appropriate place for the

6  experts to fully address each other's contentions and to explain their conflicting

7  conclusions to the Court. The probative value of those explanations is high, and Plaintiffs

8  will be prejudiced by any order that allows Defendants' expert to testify on matters

9  undermining the opinion of Dr. Brown, while constraining Dr. Brown from doing the

10  same.

11      Plaintiffs intend only to offer expert testimony that the Defendants have notice of or

12  that responds to reasonably-anticipatable portions of the Defendants' case. Importantly,

13  Defendants must not be allowed to preemptively silence Dr. Brown on matters put into

14  issue by their *own* expert witness at trial. Because "Plaintiffs expressly designated" Dr.

15  Brown as a trial witness, he was subject to deposition, the defense expert "was able to

16  review Dr. [Brown's] report before" she herself was deposed, and "Defendants have long

17  known the sum and substance of Dr. [Brown's] testimony since they received his report,"

18  if Dr. Brown's testimony is prematurely and unilaterally limited, "the notice and prejudice

19  analysis weighs in favor of Plaintiffs, and not Defendants." *See In re HIV Antitrust Litig.*,

20  2023 WL 4226757, at *1.

21      Limiting testimony on the basis of Defendants' broad, undiscerning motion—rather

22  than general principles of adequate notice and prejudice—runs the risk of unreasonable

23  disruptions during Plaintiffs' presentation of relevant, probative evidence.

## CONCLUSION

25      Defendants' position that the parties should not conduct a trial by surprise expert

26  testimony is uncontroversial. Plaintiffs agree that expert witnesses should not be permitted

27  to offer potentially prejudicial opinions for which the opposing side has no notice. The

28

1  fundamental defect in Defendants' motion, however, is that it casts a vague and sweeping

2  prohibition on Dr. Brown's testimony without identifying any specific content to exclude

3  or any perceived prejudice the Defendants will experience. Taken to its logical conclusion,

4  the practical effect of Defendants' motion allows their own expert to testify first and to

5  rebut Dr. Brown's opinions, while preventing Plaintiffs' expert from doing the same.

6  Defendants' motion should be denied or reserved for trial, where objections can be made

7  on the basis of longstanding rules governing expert testimony.

8

9  Dated: September 25, 2023                    Respectfully Submitted,

10

11                                              PRISON LAW OFFICE

12                                              */s/ Marissa K. Hatton*

13                                              Marissa K. Hatton

14                                     Attorney for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **<u>PROOF OF SERVICE</u>**

2

3        I hereby certify that on September 25, 2023, I filed the foregoing document and

4    associated exhibits with the Clerk of the Court using the Electronic Court Filing (ECF)

5    system, which will provide electronic copies to all counsel of record.

6

7                                  *<u>s/ Marissa K. Hatton</u>*

8                                  Marissa K. Hatton

9                                  Attorney for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28