DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
MARISSA HATTON – 348678
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone:   (510) 280-2621

CLAUDIA CENTER – 158255
DISABILITY RIGHTS EDUCATION
AND DEFENSE FUND, INC.
Ed Roberts Campus
3075 Adeline Street, Suite 210
Berkeley, California 94703-2578
Telephone:   (510) 644-2555

MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
LISA ELLS – 243657
JENNY S. YELIN – 273601
THOMAS NOLAN – 169692
MICHAEL S. NUNEZ – 280535
AMY XU – 330707
CARA E. TRAPANI – 313411
MARC J. SHINN-KRANTZ – 312968
ALEXANDER GOURSE – 321631
GINGER JACKSON-GLEICH – 324454
ADRIENNE PON HARROLD – 326640
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone:   (415) 433-6830

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

      Plaintiffs,

    v.

GAVIN NEWSOM, et al.,

      Defendants.

Case No. 2:90-CV-00520-KJM-DB

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE WITNESS ANGELA REINHOLD**

Date:    September 29, 2023
Time:    10:00 a.m.
Crtrm.:  3

Judge:  Hon. Kimberly J. Mueller

[4366569.1]

Defendants' Motion in Limine to Exclude Witness Angela Reinhold, ECF No. 7958, should be denied in full because Plaintiffs' late disclosure of Ms. Reinhold was substantially justified and harmless.

## I.    BACKGROUND

On Friday, September 15, 2023, five of the attorneys representing Plaintiffs in this matter received an unsolicited email from Angela Reinhold, a clinical social worker employed by CDCR.  *See* Declaration of Ernest Galvan (hereafter "Galvan Decl.") ¶ 2 & Ex. A.  Ms. Reinhold stated in this email that she had had initially contacted the Court about the upcoming contempt proceedings in this matter and had been directed by Court staff to contact counsel for the parties instead.  *Id.* Ex. A.  Plaintiffs' counsel had had no prior contact with Ms. Reinhold, and Plaintiffs' counsel took no further action on September 15 in response to her email.  *Id.* ¶ 3.

The following Monday, September 18, 2023, Plaintiffs issued a subpoena to compel Ms. Reinhold's appearance and testimony at the contempt hearing.  *Id.* ¶ 4.  Using publicly available information, Plaintiffs identified the institution where Ms. Reinhold worked and arranged for service of the subpoena and a short cover letter explaining certain logistical matters relating to Ms. Reinhold's appearance and testimony.  *Id* ¶ 4 & Ex. B.  Plaintiffs' process server served the subpoena and cover letter at approximately 11:30 a.m. the following day, September 19, 2023.  *Id.* ¶ 5 & Ex. B.  Plaintiffs' counsel did not contact Ms. Reinhold again at any point.  *Id.* ¶ 5.

Less than one hour after service had been completed, Plaintiffs' counsel received an email from counsel for Defendants stating that she had not received a copy of the subpoena from Plaintiffs' counsel and asking whether Plaintiffs were "attempting a late witness disclosure."  *Id.* ¶ 6 & Ex. C.  Plaintiffs' counsel responded "Yes, this is a late witness disclosure.  I meant to copy you on the letter—I am sorry if I failed to do that."  *Id.*  Later on September 19, Plaintiffs' counsel received an unsolicited voicemail from Ms. Reinhold. *Id.* ¶ 7 & Ex. D.  Plaintiffs' counsel promptly notified Defendants' counsel that he had received a voicemail from Ms. Reinhold and explained that he would not be returning her

1  call unless Defendants' counsel consented. *Id.* Defendants' counsel responded with an

2  objection to Plaintiffs' "late disclosure of Ms. Reinhold as a witness." *Id.*

3  The following morning, Plaintiffs provided Defendants with an amended witness

4  list for the staffing contempt proceedings that included Ms. Reinhold. *Id.* ¶ 8. With the

5  exception of another unsolicited email from Ms. Reinhold that Plaintiffs' counsel received

6  on September 21, 2023—on which Defendants' counsel was cc'd and to which Plaintiffs'

7  counsel did not respond—Plaintiffs' counsel have had no other contact with Ms. Reinhold.

8  *Id.* ¶ 9 & Ex. E.

9  On September 22, 2023, Defendants filed a motion *in limine* seeking to exclude

10  Ms. Reinhold's testimony on the grounds that Plaintiffs did not timely disclose her as a

11  potential witness. *See* ECF No. 7958. For the reasons explained below, the Court should

12  deny Defendants' motion in full.

13  **II.    PLAINTIFFS' LATE WITNESS DISCLOSURE WAS BOTH
         SUBSTANTIALLY JUSTIFIED AND HARMLESS.**

14

15  Rule 37 allows a party to use late-disclosed witnesses as long as the late disclosure

16  is either "substantially justified" or "harmless." Fed. R. Civ. P. 37(c)(1). Before excluding

17  a witness under Rule 37, the court must consider at least the following factors relevant to

18  substantial justification and harmlessness: "(1) prejudice or surprise to the party against

19  whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the

20  likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the

21  evidence." *Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1191-92 (9th Cir. 2022) (district

22  court abused its discretion by excluding witness testimony under Rule 37 without

23  considering substantial justification and harmlessness).

24  Here, all four factors weigh in favor of allowing Ms. Reinhold to testify. Plaintiffs

25  have had no more time to prepare for Ms. Reinhold's testimony than Defendants have.

26  Plaintiffs have not deposed her, and cannot contact her under California Rules of

27  Professional Conduct, Rule 4.2 (represented party). Defendants, on the other hand, are

28  free to contact her. Plaintiffs could not have cured or avoided the late disclosure because

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE WITNESS ANGELA
REINHOLD

they first learned of the witness's existence on Friday, September 15, 2023—long after the deadline for initial witness disclosures had passed.  Allowing Ms. Reinhold to testify would not require significant extra time at the trial, as Plaintiffs estimate that they will require only 30 minutes for direct examination of Ms. Reinhold.  *See* Galvan Decl. ¶ 10. And there is no evidence whatsoever that Plaintiffs' late disclosure was the result of bad faith.  Plaintiffs served Ms. Reinhold with a subpoena two business days after learning about her.  Defendants' counsel learned of the subpoena within an hour of service and Plaintiffs have had no further contact with Ms. Reinhold except for the two unsolicited communications they received from Ms. Reinhard on September 19 and 21.  Defendants' counsel were cc'd on the latter communication from Ms. Reinhold, and Plaintiffs promptly disclosed Ms. Reinhold's September 19 voicemail to Defendants' counsel.

It would be an abuse of discretion to exclude Ms. Reinhold's testimony under these circumstances.  *See Liberty Ins. Corp.*, 41 F.4th at 1191-92.

## III.   CONCLUSION

The Court should deny Defendants' Motion in Limine to Exclude Witness Angela Reinhard because the late disclosure of Ms. Reinhold as a witness was both substantially justified and harmless.

DATED:  September 26, 2023          Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By:  */s/ Alexander Gourse*
_____
      Alexander Gourse

Attorneys for Plaintiffs