DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

CLAUDIA CENTER – 158255
DISABILITY RIGHTS EDUCATION
AND DEFENSE FUND, INC.
Ed Roberts Campus
3075 Adeline Street, Suite 210
Berkeley, California 94703-2578
Telephone: (510) 644-2555

MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
LISA ELLS – 243657
JENNY S. YELIN – 273601
THOMAS NOLAN – 169692
MICHAEL S. NUNEZ – 280535
AMY XU – 330707
CARA E. TRAPANI – 313411
MARC J. SHINN-KRANTZ – 312968
ALEXANDER GOURSE – 321631
GINGER JACKSON-GLEICH – 324454
ADRIENNE PON HARROLD – 326640
MAYA CAMPBELL – 345180
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GAVIN NEWSOM, et al., <br><br> Defendants. | Case No. 2:90-CV-00520-KJM-DB <br><br> **DECLARATION OF ADRIENNE HARROLD IN SUPPORT OF PLAINTIFFS' POSITION IN PARTIES' JOINT REPORT ON INPATIENT TRANSFER TIMELINES** <br><br> Judge: Hon. Kimberly J. Mueller |

[4365184.2]

1  I, Adrienne Harrold, declare:

2  1. I am an attorney duly admitted to practice before this Court. I am an associate in the law firm of Rosen Bien Galvan & Grunfeld LLP, counsel of record for Plaintiffs. I have personal knowledge of the facts set forth herein, and if called as a witness, I could competently so testify. I make this declaration in support of Plaintiffs' Position included in the Parties' Joint Report in Response to August 11, 2023 Order on Inpatient Transfer Timelines (ECF No. 7916).

2. Attached as **Exhibit 1** is a true and correct copy of Defendants' Policy 12.11.2111, Housing Review/Least Restrictive Housing (effective June 30, 2017), which Defendants' counsel provided to Plaintiffs' counsel via email on January 27, 2020.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed at San Francisco, California this 26th day of September, 2023.

*/s/ Adrienne Pon Harrold*
Adrienne Pon Harrold

[4365184.2]

1

DECLARATION OF ADRIENNE HARROLD IN SUPPORT OF PLAINTIFFS' POSITION IN PARTIES' JOINT REPORT ON INPATIENT TRANSFER TIMELINES

# Exhibit 1

| VOLUME 12:<br>MENTAL HEALTH SERVICES | Effective Date: | 6/30/2017 |
|---|---|---|
| CHAPTER 11:<br>CORRECTIONAL TREATMENT CENTER: PSYCHIATRIC INPATIENT PROGRAM | Revision Date(s): | 2014 |
| | Supersedes: | |
| 12.11.2111<br>HOUSING REVIEW/LEAST RESTRICTIVE HOUSING | Attachments: | Yes ☒ No ☐ |
| | Director Approval: | |

**Policy**

Patients shall receive treatment in the least restrictive setting based on their Least Restrictive Housing (LRH) designation. Patients shall only be treated in more restrictive housing when specific clinical factors, defined in this policy, prevent a patient from being safely treated within their LRH designation. The Interdisciplinary Treatment Team (IDTT) shall develop a treatment plan to address any risk factors that prevent a patient from being safely treated within their LRH designation.

**Definitions**

See Policy 12.11.2100 for all definitions related to this policy and procedure.

**Least Restrictive Housing Matrix, Male Intermediate Facilities**: Lists Psychiatric Inpatient Program (PIP) male housing/facilities from Less Restrictive to More Restrictive. (See Attachment A)

**Procedure**

**Referral Review**

1. If the referring IDTT determines that a multi-person cell or dorm housing may be clinically contraindicated, the primary clinician shall document the recommendation and clinical rationale on the referral.

2. When the referral notes clinical contraindications for dorm housing, the Inpatient Coordinator at the referring institution shall ensure that clinical rationale regarding the housing recommendation is present and meets guidelines (Attachment B).

3. Upon receipt of a referral with a housing recommendation, the Inpatient Referral Unit (IRU) shall review the referral to ensure criteria are consistent with policy and justified (Attachment B).

4. If it is determined that a multi-person cell or dorm placement may be contraindicated due to clinical reasons, the IRU clinician shall notify Health Care Placement Oversight Program (HCPOP) of the clinical housing recommendation. HCPOP will utilize the clinical recommendation for housing placement.

**Patients within the PIP placed out of their LRH due to clinical reasons**

When patients are placed out of their LRH due to clinical reasons, the IDTT shall re-evaluate clinical factors for housing consideration at least:

1. At initial and subsequent 30-day IDTT meetings.

2. Any time a mental health clinician assesses that the patient is ready for less restrictive housing, and schedules a special treatment team meeting for this purpose.

3. At any time Institutional Classification Committee (ICC) or Unit Classification Committee (UCC) action results in change of housing designation.

### IDTT Housing Review

1. When a patient is placed in a higher custodial setting than the LRH designation allows, due to clinical factors, the IDTT shall be alerted as part of the referral (See 12.11.2101(A) Referral and Admission). This information may also be accessed on daily bed utilization reports at each facility.

2. A Housing Review shall be conducted at the patient's initial IDTT meeting. The IDTT shall develop a treatment plan that includes goals and objectives to transition the patient to the least restrictive housing allowed by the LRH designation. The IDTT shall continue to conduct Housing Reviews at all subsequent 30-day IDTT meetings or sooner as indicated until the patient is housed within their LRH.

    a. A special IDTT meeting shall be held to conduct a housing review at any time a mental health clinician believes that a lower custody setting may be clinically indicated for the patient. A housing review shall be conducted whenever a patient, placed outside their LRH, has stabilized and progressed sufficiently to be moved to a less restrictive custody setting.

    b. All housing reviews for patients placed out of their LRH due to clinical factors shall be documented in the Master Treatment Plan and completion ordered in the "LRH Clinical Review Powerplan."

    c. Upon determination that movement to a different housing environment is indicated, the IDTT shall order the "ADU/ADT Communication Order" in the "LRH Clinical Review Powerplan," which sends communication to ADU/ADT.

3. The ADU/ADT (or designee) shall:

    a. Review the custodial LRH and contact the patient's correctional counselor who shall follow local operating procedure to schedule an ICC/UCC if required to review the custodial LRH for reduction.

    b. Order housing environment recommendation to HCPOP in the ADU/ADT Powerplan.

If an ICC/UCC is not required to change the housing environment, the counselor notifies the ADU/ADT. The ADU/ADT shall contact HCPOP for coordination of the location transfer in accordance with procedures delineated in the Referral, Admission, and Discharge Policy.

### IDTT Level of Care Review

Upon determination that a patient is suitable for a level of care (LOC) change from Acute to Intermediate, the IDTT shall:

    a. Conduct a Housing Review

    b. Notify the facility's ADU/ADT of LOC change per local operating procedure.

The ADU/ADT shall contact the IRU and HCPOP for coordination of the LOC transfer in accordance with procedures delineated in the Referral, Admission, and Movement Policy.

### ICC Review

1. If an ICC/UCC determines that a patient's current custody factors warrant a change to LRH designation, the mental health representative at the ICC/UCC shall:

    a. Obtain a copy of the CDCR Classification Committee Chrono

    b. Provide the chrono to the IRU and the IDTT within 3 business days.

2. Upon notification of a change in a patient's LRH designation, the IDTT or Special Treatment Team shall:

    a. Conduct a Housing Review as soon as possible, at the next available IDTT meeting time, and not to exceed 10 business days.

    b. Recommend transfer to the new LRH when applicable by initiating the ADT/ADU communication order in the "LRH Clinical Review Powerplan," which sends communication to ADU/ADT.

3. The ADU/ADT submits the recommendation via order in the "LRH Clinician Review Powerplan" to HCPOP as soon as possible and within two business days.

4. HCPOP shall review the referral as soon as possible and within three business days and:

    a. Provide a new LRH and transfer endorsement if appropriate.

    b. Inform the sending program if the LRH remains unchanged, and transfer is not appropriate.

For housing changes within a level of care and within the same LRH at a PIP, the facility shall follow its local operating procedures to facilitate the housing move.

**Oversight**

Completion of the LRH Clinical Review and justification shall be monitored through local and statewide quality management processes.

| | |
|---|---|
| **References** | - Mental Health Services Delivery System Program Guide, 2009 Revision.<br>- *Coleman* Defendants' Supplemental Plan to Reduce or Eliminate the Inpatient Waitlists, October 18, 2011, Section II.<br>- Memorandum of Understanding Between California Department of Corrections and Department of State Hospitals for Management and Oversight of Intermediate Care and Acute Inpatient Programs, dated November 20, 2015. |
| **Questions** | If you have any questions or need any additional information related to this policy, you may contact the policy unit via e-mail at: CDCR MHPolicyUnit@cdcr.ca.gov. |

**ATTACHMENT A– LEAST RESTRICTIVE HOUSING MATRIX**
**MALE INTERMEDIATE FACILITIES**

| | Least Restrictive Housing (LRH) Designation (CDCR custody) | Eligible DSH Program | Housing Environment Overview |
|---|---|---|---|
| <<< More Restrictive - - - - - - - Less Restrictive >>> | Unlocked Dorms (Intermediate) | DSH-Atascadero | All rooms are unlocked, units are locked<br>• Four-man dorms<br>• Two-man dorms |
| | | DSH-Coalinga | • Four-man dorms<br>• Single-man rooms |
| | Locked Dorms (Intermediate) | PIP-Vacaville | All dorms are locked;<br>Unit A2:<br>• Eight-man dorms<br>• Four-man dorms<br>Unit A3:<br>• Sixteen-man dorm<br>• Four-man dorms<br>• Eight-man dorms |
| | Celled Intermediate Program Multi person cell | PIP-Salinas Valley | All cells are locked<br>Unit TC1:<br>• Four-man cells<br>Unit TC2:<br>• Two-man cells |
| | Celled Intermediate Program, S-Suffix | PIP – Stockton<br><br>PIP - Salinas Valley<br>PIP – Vacaville | All cells are locked and single-man |
| | Celled Intermediate Program, Condemned | PIP - SQ | All cells are locked<br>Single cells may be used for Acute or Intermediate care. |

# ATTACHMENT B
# PSYCHIATRIC INPATIENT PROGRAM CLINICAL REVIEW CRITERIA

The following criteria shall be utilized to determine potential contraindications for certain housing within Psychiatric Inpatient Programs. All recommendations outside of the custodially identified Least Restrictive Housing designation shall be clinically justified and documented on the Acute or Intermediate Care Facility referral.

- ☐ Concerns regarding victimization.
- ☐ Command hallucinations/internal stimuli that severely impact functioning and result in behaviors that are violent and/or disruptive.
- ☐ Presence of delusions that result in behaviors that are violent and/or disruptive.
- ☐ Documented pattern of intimidation of lower-functioning patients.
- ☐ Documented pattern of agitation, disruptive, and difficult to re-direct behavior.
- ☐ Specialized treatment (e.g. Dialectical Behavior Therapy) in which the patient is participating is not available in the hospitals that offer a less restrictive housing.
- ☐ Requires completion of time-limited testing (e.g. neuropsychological testing) and/or specific time-limited treatment (2 months or less).
- ☐ Is unable to negotiate the complexities of a less restrictive housing due to functional capacity.
- ☐ Documented violent incidents within one year of referral, while taking into account how recent, the type, and severity of the violent incident(s).
- ☐ Significant history of aggression in a less restrictive housing environment.
- ☐ Other (must be an extraordinary or extenuating circumstance):