1  Rob Bonta, State Bar No. 202668
   Attorney General of California
2  Monica N. Anderson, State Bar No. 182970
   Senior Assistant Attorney General
3  Damon McClain, State Bar No. 209508
   Supervising Deputy Attorney General
4  Elise Owens Thorn, State Bar No. 145931
   Namrata Kotwani, State Bar No. 308741
5  Deputy Attorneys General
    1300 I Street, Suite 125
6   P.O. Box 944255
    Sacramento, CA 94244-2550
7   Telephone:  (916) 210-7318
    Fax:  (916) 324-5205
8   E-mail:  Elise.Thorn@doj.ca.gov
   *Attorneys for Defendants*

HANSON BRIDGETT LLP
LAWRENCE M. CIRELLI, SBN 114710
PAUL B. MELLO, SBN 179755
SAMANTHA D. WOLFF, SBN 240280
KAYLEN KADOTANI, SBN 294114
LAUREL O'CONNOR, SBN 305478
DAVID C. CASARRUBIAS, SBN 321994
CARSON R. NIELLO, SBN 329970
1676 N. California Blvd., Suite 620
Walnut Creek, California 94596
Telephone:   925-746-8460
Facsimile:   925-746-8490
*Attorneys for Defendants*

9

10                    UNITED STATES DISTRICT COURT

11                    EASTERN DISTRICT OF CALIFORNIA

12                       SACRAMENTO DIVISION

13

14  RALPH COLEMAN, et al.,

15            Plaintiffs,

16      v.

17  GAVIN NEWSOM, et al.

18            Defendants.

19

Case No. 2:90-CV-00520- KJM-DB

**DEFENDANTS' REQUEST FOR LEAVE TO REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO THE SPECIAL MASTER'S RESPONSE TO THE MAY 24, 2023 ORDER**

Judge:    Hon. Kimberly J. Mueller

20        On September 26, 2023, Plaintiffs filed a Request for Leave to File Response to

21  Defendants' Objections to the Special Master's Response to the May 24, 2023 Order ("Request for

22  Leave" or "Request").  ECF No. 7968.  The Court granted Plaintiffs' request on September 27,

23  2023, and ordered their response due by October 3, 2023.  ECF No. 7973.  Defendants request

24  leave to reply to Plaintiffs' response, as explained below.

25        First, Plaintiffs fail to explain why they could not raise the issue of a 2016 memorandum

26  during the course of the parties' previous discussions related to the indicator at issue.  Indeed,

27  Plaintiffs admit they stumbled upon this seven-year-old memorandum just five days ago.  ECF

28  No. 7968 at 2:13-18.  That they failed to timely unearth this memorandum is not grounds to

1  reopen a dispute that first arose over 18 months ago.  Indeed, Plaintiffs first raised their concerns

2  with the Timely Transfer to STRH/LTRH indicator via correspondence dated February 25, 2022.

3  ECF No. 7755 at 16.  Dispute resolution meetings were held beginning on August 11, 2022.  In

4  total, the parties met in Level 1 dispute resolution six times.  Three Level 2 dispute resolution

5  meetings were held as well.  *Id.* at 17.  The Special Master issued his first Level 3 report on the

6  matter on March 9, 2023 (*id.*), after which the matter was referred back to the data remediation

7  process for further discussion via the Court's May 24, 2023 order.  ECF No. 7847.  The parties

8  again met and conferred about this indicator during stakeholder review meetings on June 6 and

9  June 13, 2023, after which no resolution was reached and the Special Master filed his next Level 3

10  report on August 8, 2023.  ECF No. 7907.  Never in the 18 months since Plaintiffs raised their

11  objection or during the countless stakeholder review and dispute resolution meetings did Plaintiffs

12  raise the 2016 memorandum as relevant or controlling of the issue.

13      This fact is significant because, as Plaintiffs have previously argued, where a party has not

14  previously raised an argument in response to a Special Master report, "[t]he Court should not

15  allow [the party] to present it here in the first instance."  ECF No. 7825 at 9.  This Court has also

16  agreed, noting that "[t]he Order of Reference is clear:  the court does not consider any objection to

17  a report or recommendation by the Special Master 'unless an identical objection was previously

18  submitted to the [S]pecial [M]aster. …'"  ECF No.7847 at 10:17-19, quoting ECF No. 640 at 8.

19  Plaintiffs must abide equally by this maxim.

20      Additionally, and as Defendants explained to Plaintiffs' counsel when they first re-

21  discovered the 2016 memorandum, it is not applicable to the current dispute.  The memorandum

22  prohibits retaining inmates in segregation *solely* because of a medical hold and reiterates that

23  inmates may still be placed in segregated housing as detailed in Title 15.  In contrast, the dispute

24  here centers around whether a medical hold placed by a physician on a Correctional Clinical Case

25  Management System (CCCMS) patient housed in a non-mental health segregation unit in

26  accordance with policy serves as an exception to the transfer timeline.  In other words, the

27  memorandum provided guidance around *keeping* an inmate in segregation, and the dispute here

28  relates to the timing required to *transfer* an inmate between segregation units.  The 2016 policy

1  only resolves whether a patient can be held in segregation solely for a medical hold and does not

2  preclude retention of an inmate in segregation who has both a medical hold and a valid retention

3  reason in accordance with Title 15.  Nor does it pertain to transfer timelines or mandate that

4  transfers between segregation units are required notwithstanding a medical hold.

5        In sum, Defendants request the opportunity to reply to Plaintiffs' anticipated response

6  which will belatedly raise an issue that Defendants did not previously have the opportunity to

7  address.

8

9  DATED: September 27, 2023            ROB BONTA
                                       Attorney General of California
10

11
                                    By:_____/s/ Elise Thorn_____
12                                     DAMON MCCLAIN
                                       Supervising Deputy Attorney General
13                                     ELISE OWENS THORN
                                       Deputy Attorney General
14                                     *Attorneys for Defendants*

15  DATED: September 27, 2023            HANSON BRIDGETT LLP

16

17

18                                  By:_____/s/ Samantha Wolff_____
                                       LAWRENCE M. CIRELLI
19                                     PAUL B. MELLO
                                       SAMANTHA D. WOLFF
20                                     *Attorneys for Defendants*

21

22

23

24

25

26

27

28