UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No. 2:90-cv-0520 KJM DB |
| Plaintiffs, | ORDER |
| v. | |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

In advance of the hearing set to begin September 29, 2023, on September 22, 2023, defendants filed a motion in limine to exclude plaintiffs' late-disclosed witness, Angela Reinhold. ECF No. 7958.[1]  As directed by court order, ECF No. 7960, on September 26, 2023, plaintiffs filed a response to the motion.  ECF No. 7966.  After review, and good cause appearing, for the reasons explained in this order defendants' motion will be denied.

By order filed June 12, 2023, the court directed the parties to disclose fact witnesses sixty days prior to the September 29, 2023 hearing date.  June 12, 2023 Order, ECF No. 7856, at 2. The court also ordered the parties to jointly propose time limits for witness testimony twenty-one

/////

---

[1] Defendants filed an additional motion in limine on the same day, ECF No. 7957, which plaintiffs oppose.  ECF No. 7963.  The court will resolve that motion in open court at the start of hearing on September 29, 2023.

1

1 days before the hearing date. *Id*. at 3. That order therefore required disclosure of fact witnesses
2 by July 31, 2023 and proposal of time limits for witness testimony by September 8, 2023.
3       The joint witness list was timely filed on September 8, 2023. ECF No. 7941. On
4 September 18, 2023, plaintiffs issued a witness subpoena to Angela Reinhold, a clinical social
5 worker employed by the California Department of Corrections and Rehabilitation (CDCR). Decl.
6 of Kadotani, ECF No. 7958-1 at 2; Decl. of Galvan, ECF No. 7966-1 at 2. Plaintiffs had not
7 previously disclosed Ms. Reinhold as a witness. ECF No. 7958-1 at 2; ECF No. 7966-1 at 2.
8 Defendants received notice of this subpoena on September 19, 2023. ECF No. 7958-1 at 2; ECF
9 No. 7966-1 at 2. On the same day, plaintiffs' counsel affirmed to defense counsel that this was a
10 "late witness disclosure." ECF No. 7958-1 at 2; ECF No. 7966-1 at 2. Subsequently, plaintiffs'
11 counsel also sent an email with an amended witness list that included Ms. Reinhold and indicated
12 she was "expected to testify about the '[i]mpact of recent changes in compensation.'" ECF
13 No. 7958-1 at 2; *see also* ECF No. 7966-1 at 3.[2] Plaintiffs have not filed a request for leave to
14 amend the witness list.
15       Plaintiffs have presented evidence that Ms. Reinhold first came to their attention on
16 Friday, September 15, 2023, when five attorneys representing plaintiffs received an unsolicited
17 email from Ms. Reinhold. ECF No. 7966-1 at 2.[3] On September 19, 2023, plaintiff's process
18 server served a subpoena and cover letter on Ms. Reinhold. *Id*. On September 19, 2023,
19 plaintiffs' counsel received an unsolicited voicemail from Ms. Reinhold. *Id*. at 3. Plaintiffs'
20 counsel "promptly emailed [defense] counsel about the voicemail and explained [he] would not

---

[2] Defendants present evidence this email was sent on the evening of September 19, 2023, ECF No. 7958-1 at 2, while plaintiffs aver the information was provided on September 20, 2023. The difference is immaterial.

[3] In their brief, plaintiffs state that "Ms. Reinhold stated in this email that she had initially contacted the Court about the upcoming contempt proceedings in this matter and had been directed by Court staff to contact counsel for the parties instead." ECF No. 7966 at 2, citing Ex. A to Decl. of Galvan. To be clear, the court did not direct Ms. Reinhold to contact counsel for the parties. After receipt of an unsolicited email from Ms. Reinhold, court staff informed her that the court could "consider only what is presented by the parties in any given case" and if she wanted "the court to consider something in connection with an active case in this district, it will need to be filed on the docket for the specific case. The attorneys in a case are authorized filers. You can obtain the attorney's contact information from the docket." Ex. A to Decl. of Galvan.

be returning Ms. Reinhold's call unless Defendants' counsel consented." *Id*. Defendants' counsel responded with an objection to the late disclosure of Ms. Reinhold as a witness. *Id*. On September 21, 2023, plaintiffs received a second unsolicited email from Ms. Reinhold. *Id*. at 3. Except as set out in the Galvan Declaration, plaintiffs' counsel have had no contact with Ms. Reinhold. *Id*. Plaintiffs estimate that they will need thirty minutes to conduct direct examination of Ms. Reinhold. *Id*.

Rule 37(c)(1) of the Federal Rules of Civil Procedure precludes a party from offering a late-disclosed witness at a hearing "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The court looks at "'[s]everal factors to guide the determination of whether substantial justification and harmlessness exist, including (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence.'" *Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1192 (9th Cir. 2022) (quoting *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 242 (D. Nev. 2017)). Consideration of all of these factors here compels the conclusion there is substantial justification for plaintiffs' late disclosure, and that allowing Ms. Reinhold's testimony will be harmless to defendants.

Ms. Reinhold's testimony will neither prejudice nor surprise defendants. Her September 15, 2023 email to plaintiffs' counsel, which was apparently copied to an individual with a CDCR email address, centers on a labor agreement tentatively reached between AFSCME, a labor union that represents, among others, social workers working for CDCR. *See* ECF No. 7966-1 at 5. In addition to the suggestion that Ms. Reinhold sent her initial email to both plaintiffs' counsel and an individual with CDCR, defendants cannot plausibly claim they were unaware of these labor negotiations. Moreover, plaintiffs have not had any direct contact with Ms. Reinhold, who is an employee of defendants; both parties will hear Ms. Reinhold's testimony for the first time at the same time. Absent cognizable prejudice, there is no prejudice to cure. Nor will her testimony disrupt the hearing; at most it should add an additional hour to the

34 hours estimated by the parties in their Joint Statement.[4]  ECF No. 7941 at 3.  Finally, there is no evidence of bad faith or willfulness in the late disclosure, which was received by defense counsel two business days after Ms. Reinhold first came to the attention of plaintiffs' counsel. Finally, while plaintiffs have not separately sought leave of court to add Ms. Reinhold to the witness list, defendants' motion in limine and the response thereto suffice to deem the witness list amended to add Ms. Reinhold as a witness for plaintiffs.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' September 22, 2023 motion in limine to exclude witness Angela Reinhold, ECF. No. 7958, is DENIED; and

2. Plaintiffs may call Angela Reinhold as a witness in the proceedings set to commence on September 29, 2023.

DATED:  September 27, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] The parties' joint statement shows defendants anticipate twenty-three hours of examination of witnesses and plaintiffs anticipate eleven hours.  ECF No. 7941.

4