| | |
|---|---|
| Rob Bonta, State Bar No. 202668<br>Attorney General of California<br>Monica N. Anderson, State Bar No. 182970<br>Senior Assistant Attorney General<br>Damon McClain, State Bar No. 209508<br>Supervising Deputy Attorney General<br>Elise Owens Thorn, State Bar No. 145931<br>Namrata Kotwani, State Bar No. 308741<br>Deputy Attorneys General<br>  1300 I Street, Suite 125<br>  P.O. Box 944255<br>  Sacramento, CA 94244-2550<br>  Telephone: (916) 210-7318<br>  Fax: (916) 324-5205<br>  E-mail: Elise.Thorn@doj.ca.gov<br>*Attorneys for Defendants* | HANSON BRIDGETT LLP<br>Lawrence M. Cirelli, SBN 114710<br>Paul B. Mello, SBN 179755<br>Samantha D. Wolff, SBN 240280<br>Kaylen Kadotani, SBN 294114<br>Laurel O'Connor, SBN 305478<br>David C. Casarrubias, SBN 321994<br>Carson R. Niello, SBN 329970<br>1676 N. California Blvd., Suite 620<br>Walnut Creek, California 94596<br>Telephone:  925-746-8460<br>Facsimile:  925-746-8490<br>*Attorneys for Defendants* |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>       Plaintiffs,<br><br>    v.<br><br>GAVIN NEWSOM, et al.<br><br>       Defendants. | Case No. 2:90-CV-00520- KJM-DB<br><br>**DEFENDANTS' OBJECTION TO THE COURT'S APPOINTMENT OF DWIGHT STEWARD, PH.D., AS TECHNICAL ADVISOR**<br><br>Date:    September 29, 2023<br>Time:   10:00 a.m.<br>Location: Courtroom 3, 15th Floor<br><br>Judge:  Hon. Kimberly J. Mueller |

On September 26, 2023, the court issued an order to provide notice to the parties of the court's intention to appoint Dwight Steward, Ph.D., Principal Economist of EmployStats, as a technical advisor for the upcoming enforcement proceedings. ECF No. 7965. This order instructed that any objections to Dr. Steward's appointment shall be made to the court by noon on September 28, 2023. *Ibid.* Defendants hereby object to Dr. Steward's appointment as technical advisor for the reasons discussed below.

In *Federal Trade Commission v. Enforma Natural Products, Inc.*, 362 F.3d 1204, 1214-15 (9th Cir. 2004), the Ninth Circuit, citing Judge Tashima's dissenting opinion in *Association of*

*Mexican-American Educators v. State of California*, 231 F.3d 572 (9th Cir. 2000) ("AMAE"), endorsed the procedural safeguards that should govern the appointment of a technical advisor. Under Judge Tashima's procedural safeguards, the court should do the following when appointing a technical advisor:

(1) utilize a fair and open procedure for appointing a **neutral** technical advisor;

(2) address any allegations of **bias, partiality**, or lack of qualification;

(3) clearly define and limit the technical advisor's duties;

(4) make clear to the technical advisor that any advice he or she gives to the court cannot be based on any extra-record information; and

(5) make explicit, either through an expert's report or a record of *ex parte* communications, the nature and content of the technical advisor's advice.

*FTC v. Enforma*, 362 F.3d at 1215 (citing *AMAE*, 231 F.3d at 611-14) (emphasis added). In his dissent, Judge Tashima explained that district courts "must observe certain, minimal, procedural safeguards in order to insure that the advisor is unbiased and impartial, and that his participation is properly confined." *AMAE*, 231 F.3d at 609. For the reasons set forth below, these procedural safeguards have not been satisfied here.

First, Defendants have genuine concerns regarding Dr. Steward's impartiality and potential bias. In advance of these proceedings, Dr. Steward was disclosed as one of Plaintiffs' witnesses to testify about "[l]abor market factors affecting CDCR's ability to recruit and retain qualified mental health professionals." Decl. of Samantha Wolff at ¶ 2; Exhibit 1 (Plaintiffs' July 31, 2023 list of witnesses). Dr. Steward is not listed on Plaintiffs' final witness list, but the fact that he was, at one point, someone whom Plaintiffs felt would provide favorable testimony at the same hearing, raises serious questions about his role as a *neutral* advisor to the court.

Similarly, Plaintiffs' expert, Dr. Timothy T. Brown, analyzed Dr. Steward's May 20, 2020 report[1] in connection with preparing the opinions he is expected to express at this hearing and, in

---

[1] In his report, "An Analysis of Psychiatrist Employment Conditions and Compensation at the California Department of Corrections and Rehabilitation and the Department of State Hospitals," Dr. Steward discussed his findings and recommendations with respect to the competitiveness of

doing so, indicated support for the methodologies and recommendations made by Dr. Steward. Wolff Decl., ¶ 2. In other words, it appears that Plaintiffs' expert, Dr. Brown, and the court's neutral technical advisor, Dr. Steward, are already aligned on certain issues germane to Dr. Brown's anticipated opinions.

But Defendants and their expert, Dr. Erica Greulich, have already expressed strong disagreement with Dr. Steward's prior report. *See* ECF Nos. 6744, 6744-1. This further demonstrates the appearance of impropriety presented by the court's appointment of Dr. Steward, as well as another source of potential bias and partiality, whether intentional or not. Dr Greulich raised numerous concerns about Dr. Steward's report, including that it lacked sufficient evidence to support certain findings and recommendations about improving hiring and retention; is based on faulty methodology with respect to comparisons made between psychiatrists and fails to follow survey methodologies and principles from reputable sources; misreads data and other reports; and relies on unreliable data sources, such as Glassdoor ratings, among many other issues. *See* ECF No. 6744-1.

In response, Dr. Steward criticized Dr. Greulich, stating that she "failed to address potential compensating differentials and account for several key factors." ECF 6695 at 249. Dr. Steward's report also listed his disagreements with Dr. Greulich, including that her report did not account for many factors that influence the labor market for psychiatrists, that she failed to consider the variance in mental health issues that exist with those incarcerated, that her report findings were inconsistent with the increase in psychiatrist fill and retention rates that occurred after CDCR's recent pay increases, and did not explore whether other benefits, besides salary increases, could be motivating factors for hiring and retention of psychiatrists. *Id.* at 250-251. Dr. Steward's report also states, "in contrast to the defendants' experts' opinions it is not clear that expanding the use of telepsychiatry will help CDCR alleviate psychiatrist shortages." *Id.* at 251.

---

CDCR and DSH psychiatrist salaries, psychiatrist job satisfaction, vacancy rates, among others. ECF No. 6695, at 186 (Appendix A to the Special Master's Report).

The fact that Dr. Steward has criticized Dr. Greulich's methodologies and reporting, not only demonstrates that Defendants are already at odds with Dr. Steward on the same issues, but also raises questions about Dr. Steward's ability to objectively advise the court with regard to "issues raised by the reports and testimony of the parties' experts[.]" ECF No. 7965, 2:12. Indeed, some of the issues that were the source of the experts' disagreement in 2020 are presently before this court at the staffing contempt hearing. *See generally* ECF 6695 at 250-251. As a corollary, Plaintiffs have expressed their strong agreement with Dr. Steward's report in response to the objections previously asserted by Defendants and Dr. Greulich. *See, e.g.,* ECF No. 6808, at 14:9-20:28.

In light of these potential biases, Defendants are further concerned that, as a technical advisor, Dr. Steward will have influence with the court, but Defendants will not have the opportunity to ask questions about his thought process or examine the bases for the assistance he provides to the court.

In sum, while the court has indicated that Dr. Steward "will not offer expert testimony" or opine "on how the court should rule on the issues raised in the upcoming proceedings," ECF No.7965 at 2:8-10, there are significant concerns that Dr. Steward's assistance as a technical advisor will be biased by the factors described above, whether intentional or not.

Second, the court's Order appointing Dr. Steward does not "clearly define and limit the technical advisor's duties," as recommended by the procedural guidelines above. The court stated that Dr. Steward "will assist the court in a tutorial format by responding to the court's questions about terminology and methodologies used by labor economists as well as issues raised by the reports and testimony of the parties' experts, so that the court may better evaluate the evidence." ECF No. 7965 at 2:10-13. However, the phrase "issues raised by the reports and testimony of the parties' experts" is vague, ambiguous, and overbroad, and suggests that Dr. Steward could advise the court on any number of issues.

Third, it is not apparent that Dr. Steward's appointment as the court's technical advisor was done through a "fair and open procedure," as set forth in the procedural safeguards discussed above. Indeed, there was no prior indication that the court intended to appoint a technical advisor

for the enforcement proceedings, and it is not clear what procedure, if any, was used by the court to select Dr. Steward. Either way, the parties had no prior notice or involvement in the selection process.

Fourth, it is also unclear that the court's appointment of Dr. Steward is consistent with the fourth procedural safeguard because the court's order does not indicate that "any advice [Dr. Steward] gives to the court cannot be based on any extra-record information." *FTC v. Enforma*, 362 F.3d at 1215.

Finally, Defendants also object under the firth procedural safeguard because, while the court states that it "will report to the parties on its discussions with Dr. Steward," it is not clear when, how, and to what extent these communications will be reported to the parties.

For these reasons, Defendants object to the appointment of Dr. Steward as a technical advisor in connection with the upcoming enforcement proceedings.

DATED: September 28, 2023

ROB BONTA
Attorney General of California
DAMON MCCLAIN
Supervising Deputy Attorney General

By: _/s/ Elise Owens Thorn_
ELISE OWENS THORN
Deputy Attorney General
*Attorneys for Defendants*

DATED:  September 28, 2023

HANSON BRIDGETT LLP

By: _/s/ Samantha Wolff_
PAUL B. MELLO
SAMANTHA D. WOLFF
LAUREL E. O'CONNOR
DAVID C. CASARRUBIAS
Attorneys for Defendants

19988311.3

-5-

Case No. 2:90-CV-00520- KJM-DB

DEFENDANTS' OBJECTION TO THE COURT'S APPOINTMENT OF DWIGHT STEWARD, PH.D., AS TECHNICAL ADVISOR