DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
MARISSA HATTON – 348678
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

CLAUDIA CENTER – 158255
DISABILITY RIGHTS EDUCATION
AND DEFENSE FUND, INC.
Ed Roberts Campus
3075 Adeline Street, Suite 210
Berkeley, California 94703-2578
Telephone: (510) 644-2555

MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
LISA ELLS – 243657
JENNY S. YELIN – 273601
THOMAS NOLAN – 169692
MICHAEL S. NUNEZ – 280535
AMY XU – 330707
CARA E. TRAPANI – 313411
MARC J. SHINN-KRANTZ – 312968
ALEXANDER GOURSE – 321631
GINGER JACKSON-GLEICH – 324454
ADRIENNE PON HARROLD – 326640
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>GAVIN NEWSOM, et al.,<br><br>　　　　Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**PLAINTIFFS' MOTION IN LIMINE NO. 3 TO EXCLUDE DEMONSTRATIVE EXHIBIT NOT TIMELY DISCLOSED BY DEFENDANTS**<br><br>Date: September 29, 2023<br>Time: 10:00 a.m.<br>Crtrm.: 3<br><br>Judge: Hon. Kimberly J. Mueller |

[4368690.1]

1   At 4:30 p.m. on the day before trial, counsel for Defendants disclosed for the first time a 59-page set of demonstrative exhibits for use during the testimony of defense expert witness, Dr. Erica Greulich. The demonstrative exhibit includes a never-before-seen chart, and other different presentations of information, that were not included in Dr. Greulich's Rule 26(a)(B) report. Plaintiffs have not and will not have time to verify the accuracy of the data in Defendants' voluminous demonstrative exhibits before Dr. Greulich's testimony, which is scheduled to begin tomorrow morning.

There was no reason for Defendants to wait until the literal eve of trial to disclose these complex demonstratives to Plaintiffs' counsel. Defendants disclosed Dr. Greulich's expert report nearly a month ago, on August 31, 2023, and Plaintiffs took Dr. Greulich's deposition more than two weeks ago, on September 13, 2023. *See* Declaration of Ernest Galvan ("Galvan Decl.," filed herewith), ¶¶ 2-3. Defendants' decision to withhold the complex demonstrative until now is classic sandbagging—something Defendants themselves preemptively accused Plaintiffs' counsel of doing in the baseless motion in limine they filed on September 22, 2023, to preclude Plaintiffs' expert from testifying on matters not disclosed in his expert report. *See* ECF No. 7957.

Plaintiffs will suffer clear prejudice if Defendants are permitted to smuggle in, on the eve of trial, what amounts to a second expert report disguised as demonstrative exhibits. The Court should exclude these demonstratives under Rule 403 of the Federal Rules of Evidence.

**ARGUMENT**

Federal Rule of Civil Procedure 26(a)(2)(B) requires that a retained expert's written report contain "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; [and] (iii) *any exhibits that will be used to summarize or support them*." Fed. R. Civ. P. 26 (emphasis added). Expert testimony that exceeds the bounds of the expert report, shall not be permitted at trial, unless this "failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see Wausau Bus. Ins. Co. v. Hill-Rom Co., Inc.*, No. 10-CV-284-WMC,

2011 WL 13359356, at *2 (W.D. Wis. Oct. 24, 2011) (concluding that "[the expert] is barred from relying on . . . demonstrative exhibits at trial not previously produced as part of defendant's Rule 26(a)(2) disclosures").

The decision whether to permit the use of a demonstrative exhibit is within the sound discretion of the Court. Federal Rule of Evidence 611(a) provides that "[t]he court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611(a). It is permissible to use a "a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court," Fed. R. Evid. 1006, but such demonstratives (even if not sought to be admitted into evidence) are permissible only with appropriate procedural safeguards. *See United States v. Olano*, 62 F.3d 1180, 1203-04 (9th Cir. 1995).

Here, Plaintiffs are unduly prejudiced because they do not have time to thoroughly examine the 59-page slide presentation, to check it against Dr. Greulich's over-one-hundred-page report and data. It is unreasonable that Defendants failed to disclose the demonstrative exhibit until 4:30 pm the day before trial begins and Dr. Greulich is scheduled to testify.

## CONCLUSION

For the forgoing reasons, Plaintiffs respectfully request that the Court exclude Defendants' late-breaking demonstrative exhibit.

DATED: September 28, 2023        Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Adrienne Pon Harrold*
    Adrienne Pon Harrold

Attorneys for Plaintiffs