1    ROB BONTA, State Bar No. 202668
     Attorney General of California
2    MONICA N. ANDERSON, State Bar No. 182970
     Senior Assistant Attorney General
3    DAMON MCCLAIN, State Bar No. 209508
     Supervising Deputy Attorney General
4    ELISE OWENS THORN, State Bar No. 145931
     NAMRATA KOTWANI, State Bar No. 308741
5    Deputy Attorneys General
       1300 I Street, Suite 125
6      P.O. Box 944255
       Sacramento, CA 94244-2550
7      Telephone:  (916) 210-7318
       Fax:  (916) 324-5205
8      E-mail:  Elise.Thorn@doj.ca.gov
     Attorneys for Defendants

     HANSON BRIDGETT LLP
     LAWRENCE M. CIRELLI, SBN 114710
     PAUL B. MELLO, SBN 179755
     SAMANTHA D. WOLFF, SBN 240280
     KAYLEN KADOTANI, SBN 294114
     LAUREL O'CONNOR, SBN 305478
     DAVID C. CASARRUBIAS, SBN 321994
     CARSON R. NIELLO, SBN 329970
     1676 N. CALIFORNIA BLVD., SUITE 620
     WALNUT CREEK, CALIFORNIA 94596
     TELEPHONE:    925-746-8460
     FACSIMILE:    925-746-8490
     Attorneys for Defendants

9

10                       UNITED STATES DISTRICT COURT

11                       EASTERN DISTRICT OF CALIFORNIA

12                            SACRAMENTO DIVISION

13

14   RALPH COLEMAN, et al.,                  Case No. 2:90-CV-00520- KJM-DB

15              Plaintiffs,                  **DEFENDANTS' MOTION FOR
                                             ADMINISTRATIVE RELIEF FOR AN
16        v.                                 ORDER MODIFYING THE BRIEFING
                                             SCHEDULE AND WAIVING HEARING
17   GAVIN NEWSOM, et al.                    OR SHORTENING TIME TO HEAR
                                             DEFENDANTS' MOTION TO LIFT
18              Defendants.                  INJUNCTION HALTING VRJS/FALCON
                                             TOURS**
19

20                                           Judge:    Hon. Kimberly J. Mueller

21

22

23

24

25

26

27

28

TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendants hereby move[1] this court, the Honorable Kimberly J. Mueller presiding, for an order that expedites briefing on Defendants' concurrently-filed Motion to Lift Injunction Halting VRJS/Falcon Tours ("Tours Motion"), pursuant to Rule 6(c) of the Federal Rules of Civil Procedure ("FRCP"); Local Rules 144, 230, and 233; and section 7 of Judge Mueller's Civil Standing Order and on the ground that good cause exists to expedite the resolution of this motion, as described below.

Specifically, Defendants request an order that modifies the briefing schedule of the Tours Motion and waives oral argument on the motion such that the court issues a ruling as soon as possible following the completion of briefing. Below is a proposed schedule requested by Defendants and agreed to by Plaintiffs:

| | |
|---|---|
| Defendants file Tours Motion: | October 10, 2023 |
| Plaintiffs file Opposition: | October 24, 2023 |
| Defendants file Reply: | October 30, 2023 |
| Hearing Date: | None |

On October 9, 2023, Defendants requested that Plaintiffs stipulate to a modified briefing schedule and agreed to postpone the filing of their Tours Motion to afford Plaintiffs additional time to consider the proposed briefing schedule. Plaintiffs informed Defendants on October 10, 2023, that they require 14 days' time to oppose Defendants' Tours Motion and agree to waive argument.

This Administrative Motion is based on the attached Memorandum of Points and Authorities; Declaration of Samantha Wolff, filed herewith; Declaration of Elizabeth Falcon, filed with Defendants' Tours Motion, the documents and records on file in this matter, and any evidence or argument as counsel may present prior to or at the time this application is heard or decided by the Court.

---

[1] Motions for Administrative Relief are submitted without hearing. E.D. Cal. Local Rule 233(c).

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.    INTRODUCTION**

3        Concurrent with this Administrative Motion, Defendants have filed a Motion to Lift

4    Injunction Halting the VRJS/Falcon Tours ("Tours Motion"), which seeks to continue the

5    previously-noticed and planned tours and inspections of CDCR's prisons by Defendants' expert

6    team from VRJS/Falcon, that the Court halted in advance of the recent enforcement proceedings.

7    The Tours Motion sets forth the grounds why Defendants should be permitted to continue with

8    these tours. This Administrative Motion seeks appropriate procedural relief from the Court to

9    expedite the ruling on the Tours Motion, including a modification of the briefing schedule and

10    waiver of oral argument such that the court rules on the motion without a hearing as soon as

11    possible upon the completion of briefing. Defendants propose the following schedule that

12    corresponds with this requested relief:

13        **Defendants file Tours Motion**:        October 10, 2023

14        **Plaintiffs file Opposition**:        October 24, 2023

15        **Defendants file Reply**:        October 30, 2023

16        **Hearing Date**:        None

17        As set forth below, good cause exists to grant this Administrative Motion because

18    Defendants have been and will continue to be prejudiced by these delays for several reasons,

19    including: (1) the prejudice and hardship the delays have caused and will continue to cause to the

20    VRJS/Falcon expert team; (2) the anticipated challenges presented by having to replace members

21    of the VRJS/Falcon team; (3) the impact the delays have on the VRJS/Falcon expert team's

22    training and data; (4) the impact the delays have on the completeness of the VRJS/Falcon study;

23    and (5) the impact the delays have on Defendants' right to inspect and monitor their own prison

24    facilities. At the same time, as Plaintiffs have already received the benefit of delaying the

25    VRJS/Falcon tours in advance of the enforcement proceedings, as requested, they cannot now

26    claim to also be prejudiced by seeking to resolve the underlying issues on an expedited basis.

27        Accordingly, because good cause exists, Defendants request that the court grant this

28    motion, which seeks a resolution of the Tours Motion as soon as reasonably possible.

## II.     RELEVANT FACTS

### A.     Factual Background

In April 2023, Defendants' counsel notified Plaintiffs' counsel and the OSM that their previously-retained expert team from VRJS/Falcon was planning to "conduct a broader, systemwide study of the [MHSDS]," which "*will likely include on-site visits in the future – currently estimated to begin in July 2023.*" ECF No. 7885, ¶ 2; 7885-1, pg. 4 (emphasis added). In response, Plaintiffs' counsel and the OSM indicated they would attend these site visits without objection and requested only that they be notified of the tour dates. ECF Nos. 7885, ¶ 2; 7885-2. On June 13, 2023, Defendants' counsel provided Plaintiffs' counsel with the specific dates and locations for the initial VRJS/Falcon tours set to occur in July and August 2023. ECF No. 7885, ¶ 3. Thereafter, the parties met and conferred over Plaintiffs' objections about the timing and scope of the VRJS/Falcon tours, and although Plaintiffs' counsel and the Special Master's team attended four tours, Plaintiffs' counsel ultimately demanded that the tours be halted so that the issues could be raised with the court. *See generally* ECF No. 7885.

On July 28, 2023, in response to the parties' joint statement regarding this dispute (ECF Nos. 7883-7893), the Court issued an order immediately suspending the VRJS/Falcon tours pending further discussion at the August 10, 2023 status conference. ECF No. 7897. During the August 10 status conference, the Court stated its intention to continue its stay of the VRJS/Falcon tours in light of the forthcoming contempt proceedings set for hearing on September 29, 2023. Reporter's Transcript of Pre-Hearing Status Conference (Aug. 10, 2023) at 28:5-8. A few days later, the Court issued an Order confirming that "[t]he July 28, 2023 stay of the VRJS/Falcon expert tours is CONTINUED until further order of court" and instructed that unless the court approves a stipulation between the parties governing the resumption and conduct of the tours, the court would discuss resumption of the tours following the September 29, 2023 contempt proceedings, including the scheduling for motion practice as necessary. ECF No. 7918 at 2:18-25.

On September 1, 2023, Defendants' counsel attempted to continue meet and confer discussions with Plaintiffs' counsel about the VRJS/Falcon tours, but those efforts were rejected. Decl. of Samantha Wolff, filed herewith ("Wolff Decl."), at ¶ 4.

### B.       Procedural Background

On October 9, 2023, Defendants' counsel wrote to Plaintiffs' counsel to request a stipulation regarding the above modifications to the notice and briefing schedule. *Id*., ¶ 5. Plaintiffs' counsel responded the same day that they were not able to provide a response until the following day due to key team members being away from the office. *Id*. Plaintiffs' counsel responded in the afternoon on October 10, 2023, and stated their objection to resolving Defendants' Tours Motion at this time and also to condensing the briefing schedule. *Id*. Plaintiffs' counsel did, however, agree to waive oral argument on Defendants' Tours Motion and requested that their opposition be due October 24, 2023. *Id*.

### III.      GOOD CAUSE EXISTS TO GRANT THIS ADMINISTRATIVE MOTION

Local Rule 230(b) provides that law and motion matters "shall be set for hearing on the motion calendar of the Judge or Magistrate Judge to whom the action has been assigned or before whom the motion is to be heard not less than thirty-five (35) days after service and filing of the motion." FRCP 6(c)(1)(C) permits a court to order that the time be shortened for notice on a motion upon a showing of good cause. *See also*, Local Rule 144(e); *U.S. v. Fitch*, 472 F.2d 548, 549 fn. 5 (9th Cir. 1973). A motion may be submitted upon the record and briefs without a hearing if the parties so stipulate or based on the court's own inherent authority. Local Rule 230(g); FRCP 78(b).

Here, good cause exists for the requested relief because Defendants and the VRJS/Falcon expert team have been unduly prejudiced and will continue to be unduly prejudiced by further delays of these tours. Wolff Decl, ¶ 6. **First**, as explained by Elizabeth Falcon, Psy.D., one of the principals leading the VRJS/Falcon study, the VRJS/Falcon team is comprised of approximately 30, nationally-recognized industry professionals who are in extremely high demand and had set aside significant time in their schedules months ago in order to complete the work for this study. ECF No. 7884, ¶ 5; *see also*, Decl. of Elizabeth Falcon in support of Defendants' Motion to Lift Injunction Halting VRJS/Falcon Tours ("Falcon Decl. re Tours Motion"), at ¶¶ 2-3 ("Numerous reputable organizations and institutions are actively seeking out [our] experts for work on other projects. Our experts are frequently approached and recruited due to their proven track record and

1   expertise."). Unsurprisingly, "delays of several weeks or more will have detrimental effects on this

2   study, resulting in diminished availability of experts and compromising the integration and

3   completeness of the data collection." ECF No. 7884, ¶ 5. Indeed, Dr. Falcon reports now that

4   "several experts have already asked to be assigned to other [Falcon, Inc.] work." Falcon Decl. re

5   Tours Motion at ¶ 4. She also "believe[s] that any further delays in the future will likely result in

6   losing these experts to other industry projects." *Id.,* ¶ 5.

7          **Second**, the possibility of losing experts at this stage presents other significant problems

8   for the evaluation process. Specifically, new experts would require extensive training that was

9   already provided to the existing group; in addition to training, the existing group have also gained

10  experience and knowledge through extensive health record reviews already completed; and

11  replacing experts would result in a loss of specific expertise in CDCR behavioral health practices

12  and documentation. Falcon Decl. re Tours Motion at ¶ 6. In Dr. Falcon's words:

13         The insights and recommendations provided by the experts who have gone through
           the entire study without disruption are crucial for identifying opportunities to
14         enhance the effectiveness of the program. Losing these experts could result in a
           less comprehensive and thorough evaluation overall.

15  *Id*.

16         **Third**, further delays will impact the quality and thoroughness of VRJS/Falcon's work.

17  Specifically, VRJS/Falcon's inability to timely tour prisons "could create a disconnect with the

18  other non-tour data collected, leading to fragmented data sets that lack context, incomplete

19  information, an inability to capture evolving conditions, limited perspective, and missed

20  opportunities for follow-up investigations." *Id*., ¶ 8.

21         **Finally**, as more fully explained in the Tours Motion, Defendants have the right to

22  evaluate, inspect, and monitor their own prison system without the need for approval by Plaintiffs

23  or the court. Defendants are concerned that these ongoing delays and the restrictions imposed by

24  Plaintiffs will establish precedent that will have lasting impacts on how Defendants operate their

25  prison system, including the steps they would potentially need to follow in order to monitor or

26  conduct evaluations of their delivery of mental healthcare. Thus, Defendants have a compelling

27  interest in resolving this matter as soon as possible.

28         In short, Defendants are not asking for the Court to address the merits of their Tours

1 Motion at this time, but only that it acknowledge that Defendants have demonstrated good cause

2 to resolve this motion on an expedited basis, as set forth above.

3 **IV.    CONCLUSION**

4       For the reasons stated above, Defendants have demonstrated good cause to support the

5 relief it requests in this administrative motion. Therefore, Defendants respectfully request an order

6 that modifies the briefing schedule and rules on the motion upon the submission of all briefing

7 without a hearing.

8 DATED: October 10, 2023            ROB BONTA
                               Attorney General of California

9

10

                        By:      */s/ Elise Owens Thorn*

11                              DAMON MCCLAIN
                             Supervising Deputy Attorney General

12                              ELISE OWENS THORN
                             Deputy Attorney General

13                              *Attorneys for Defendants*

14

15 DATED: October 10, 2023            HANSON BRIDGETT LLP

16

17                      By:      */s/ Kaylen Kadotani*

18                              PAUL B. MELLO
                             SAMANTHA D. WOLFF

19                              KAYLEN KADOTANI
                             *Attorneys for Defendants*

20

21

22

23

24

25

26

27

28