| | |
|---|---|
| ROB BONTA, State Bar No. 202668<br>Attorney General of California<br>MONICA N. ANDERSON, State Bar No. 182970<br>Senior Assistant Attorney General<br>DAMON MCCLAIN, State Bar No. 209508<br>Supervising Deputy Attorney General<br>ELISE OWENS THORN, State Bar No. 145931<br>NAMRATA KOTWANI, State Bar No. 308741<br>Deputy Attorneys General<br>  1300 I Street, Suite 125<br>  P.O. Box 944255<br>  Sacramento, CA 94244-2550<br>  Telephone: (916) 210-7318<br>  Fax: (916) 324-5205<br>  E-mail: Elise.Thorn@doj.ca.gov<br>*Attorneys for Defendants* | HANSON BRIDGETT LLP<br>LAWRENCE M. CIRELLI, SBN 114710<br>PAUL B. MELLO, SBN 179755<br>SAMANTHA D. WOLFF, SBN 240280<br>KAYLEN KADOTANI, SBN 294114<br>LAUREL O'CONNOR, SBN 305478<br>DAVID C. CASARRUBIAS, SBN 321994<br>CARSON R. NIELLO, SBN 329970<br>1676 N. CALIFORNIA BLVD., SUITE 620<br>WALNUT CREEK, CALIFORNIA 94596<br>TELEPHONE: 925-746-8460<br>FACSIMILE: 925-746-8490<br>*Attorneys for Defendants* |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, et al.<br><br>    Defendants. | Case No. 2:90-CV-00520- KJM-DB<br><br>**DECLARATION OF SAMANTHA WOLFF IN SUPPORT OF: (1) DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF FOR AN ORDER MODIFYING THE BRIEFING SCHEDULE AND WAIVING OR SHORTENING TIME TO HEAR DEFENDANTS' MOTION TO LIFT INJUNCTION HALTING VRJS/FALCON TOURS, AND (2) DEFENDANTS' MOTION TO LIFT INJUNCTION HALTING VRJS/FALCON TOURS**<br><br>Judge: Hon. Kimberly J. Mueller |

I, Samantha D. Wolff, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am a partner with Hanson Bridgett LLP, attorneys of record for Defendants. I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2. In September 2020, Defendants notified the court, Plaintiffs, and the Special Master that Defendants retained experts from VRJS/Falcon to provide consultation and, if necessary, expert testimony for the court's July 30, 2020 Order concerning the 2009 Staffing Plan. Defendants noted in the Declaration of James Robertson that was filed with the Court at that time that the staffing experts anticipated conducting facility tours, and expected those tours to last four weeks. ECF No. 6855-1 at 1:23-2:2, 4:16-25. Thereafter, in July 2021, I informed the Special Master team and Plaintiffs' counsel that these expected tours would begin August 17, 2021. I provided the full anticipated schedule and invited one member each from Plaintiffs' counsel and the Special Master's team to attend each facility tour. From August 17, 2021 through September 2021, tours were conducted with Plaintiffs' counsel present. To my knowledge, at that time, neither Plaintiffs, the Special Master, nor the Court contended that these 2021 tours constituted impermissible discovery.

3. On June 13, 2023, I emailed Plaintiffs' counsel and the Special Master team and provided them with the specific dates and locations for the initial VRJS/Falcon tours set to occur in July and August 2023. The next week, I followed up to provide start times for the scheduled tours and asked if Plaintiffs had any objection to VRJS/Falcon interviewing patients as part of the tours. I continued to coordinate the timing and attendees of these tours with members of the Special Master's team and Plaintiffs' counsel. At no point during any of these discussions did the Special Master's team suggested that the tours were improper because Defendants had not obtained court approval. I also spent several weeks engaging in meet and confer discussions with Plaintiffs' counsel – both via email and videoconference – regarding the scope and content of the tours. After a lengthy weeks-long meet and confer about the scope and conduct of the tours

1. proved to be unsuccessful, Plaintiffs then raised for the first time their assertion that court permission was required for the tours to occur. In fact, Plaintiffs' counsel attended tours at four institutions before raising this concern and before the court entered the stay.

4. On September 1, 2023, I reached out to Plaintiffs' counsel via email and attempted to continue meet and confer discussions about the VRJS/Falcon tours. On September 5, 2023, Plaintiffs' counsel responded and declined to discuss these issues until after the upcoming contempt proceedings. At the conclusion of the contempt proceedings on October 7, 2023, the Court instructed that Defendants may file a motion and seek expedited hearing if the parties were unable to agree upon a schedule.

5. On October 9, 2023 at 1:09 p.m., I emailed Plaintiffs' counsel to advise that Defendants intended to file their motion to lift the stay regarding tours later that day, as well as an administrative motion to shorten the briefing schedule and to waive the hearing or shorten time for the hearing in the alternative. I proposed that Plaintiffs' opposition would be due October 19 and Defendants' reply would be due October 24. Jenny Yelin, counsel for Plaintiffs, responded that afternoon that "several key team members" were out of the office and so Plaintiffs would not be able to respond until the following day. I advised Ms. Yelin that we would hold off filing our motion to give Plaintiffs more time to respond. I ultimately heard back from Ms. Yelin on October 10, 2023 at 1:46 p.m.. Ms. Yelin advised that they disagree the contempt proceedings have concluded and stated that Plaintiffs would be willing to meet and confer in early November to discuss the schedule and parameter of the tours. Ms. Yelin stated that, "[i]f Defendants nonetheless plan to file their motion today, due to several pressing deadlines in other cases, we need until at least October 24 (14 days) to file our opposition. We will not object to submitting the motion on the papers without oral argument so that the matter can be decided sooner." I responded to Ms. Yelin on October 10, 2023 and stated that Defendants will agree to their proposed schedule and inform the Court that both sides have agreed to waive argument. A true and correct copy of my communications with Ms. Yelin beginning on October 9, 2023 are attached as **Exhibit A**.

6. I have reviewed the concurrently-filed Declaration of Elizabeth Falcon, Psy.D. in

1 | Support of Defendants' Motion to Lift Injunction Halting VRJS/Falcon Tours, as well as Dr.
2 | Falcon's prior declaration (ECF No. 7884) concerning the same issues. I believe that good cause
3 | exists to grant Defendants' motion for administrative relief for the reasons explained by Dr.
4 | Falcon in her declarations, as set forth in the motion.

5 |     I declare under penalty of perjury under the laws of the United States of America that the
6 | foregoing is true and correct.

7 |     Executed on this 10th day of October, 2023, at Lafayette, California.

                                */s/ Samantha Wolff*
                                Samantha D. Wolff

# EXHIBIT A

# EXHIBIT A

# Samantha Wolff

| | |
|---|---|
| **From:** | Samantha Wolff |
| **Sent:** | Tuesday, October 10, 2023 4:27 PM |
| **To:** | 'Jenny Yelin' |
| **Cc:** | Paul B. Mello; Ernest Galvan; Michael W. Bien; Kaylen Kadotani; v_Damon.McClain@doj.ca.gov; v_Elise.Thorn@doj.ca.gov; v_Namrata.Kotwani@doj.ca.gov; Donald Specter; David C. Casarrubias; Lisa Ells; Laurel E. O'Connor; Coleman Team - RBG Only; Steve Fama |
| **Subject:** | RE: Coleman - Motion to lift stay re tours [IMAN-DMS.FID63117] |

Hi Jenny,

Thanks for your response below. We're aware that Plaintiffs believe the staffing contempt proceedings are not "concluded" per se until after briefing and argument – Paul and I had discussed that with Lisa last Thursday. That said, Paul raised this issue with the Court on Thursday and Judge Mueller instructed that unless we work out a schedule with Plaintiffs, we are free to file a motion and seek expedited hearing, which is precisely what we are doing. In the interest of compromise, however, we will agree to propose in our administrative motion the schedule you request below with Plaintiffs' opposition due 10/24 and Defendants will file their reply on 10/30. We will inform the Court that both sides have agreed to waive argument.

Responding briefly to your points below, as we have indicated numerous times, including most recently in Court on Thursday, we do not have the luxury of time here. Further delays continue to prejudice Defendants, including for the reasons described in the Declaration of Elizabeth Falcon at ECF 7884. We requested to meet and confer with Plaintiffs over a month ago but that request was rejected. We cannot continue to wait yet another month to simply begin discussions. And while Plaintiffs continue with the refrain that "Defendants [have not] clearly explained the purpose of the tours," we have in fact responded to this inquiry numerous times, including on April 21, 2023, when Defendants notified Plaintiffs that VRJS/Falcon would conduct a broader, systemwide study of CDCR's MHSDS and attached a memorandum from VRJS/Falcon explaining the purpose of this further study; again on June 30, 2023 via email from myself to Mr. Bien, explaining the purpose of patient interviews during the tours in response to his question; and on July 25, 2023 in Defendants' portion of the joint statement (ECF 7883 at 7:28-8:5). Plaintiffs even referred to Defendants' explanations in their portion of the joint statement on Defendants' Consultants' Tours. *See* ECF 7883 at 2:4-7, 6:19-21. It is unclear what additional information Plaintiffs seek, if any, but Defendants have been open and transparent as to the purpose of these tours and it appears Plaintiffs do understand the purpose.

Finally, while Defendants understand that Plaintiffs are now in the process of retaining additional experts to conduct your own discovery and/or attend Defendants' experts' tours, Plaintiffs were first notified of these tours in April. Plaintiffs could have retained experts at that time but chose not to. Plaintiffs' counsel even attended tours at four institutions several months ago without their experts present. Defendants will not further delay their tours because Plaintiffs belatedly decided to retain their own experts.

Sincerely,
Sam

---

**From:** Jenny Yelin <JYelin@rbgg.com>
**Sent:** Tuesday, October 10, 2023 1:45 PM
**To:** Samantha Wolff <SWolff@hansonbridgett.com>
**Cc:** Paul B. Mello <Pmello@hansonbridgett.com>; Ernest Galvan <EGalvan@rbgg.com>; Michael W. Bien <MBien@rbgg.com>; Kaylen Kadotani <KKadotani@hansonbridgett.com>; v_Damon.McClain@doj.ca.gov <Damon.McClain@doj.ca.gov>; v_Elise.Thorn@doj.ca.gov <Elise.Thorn@doj.ca.gov>; v_Namrata.Kotwani@doj.ca.gov

<Namrata.Kotwani@doj.ca.gov>; Donald Specter <dspecter@prisonlaw.com>; David C. Casarrubias <DCasarrubias@hansonbridgett.com>; Lisa Ells <LElls@rbgg.com>; Laurel E. O'Connor <LOConnor@hansonbridgett.com>; Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbgg.com>; Steve Fama <sfama@prisonlaw.com>
**Subject:** [EXTERNAL] RE: Coleman - Motion to lift stay re tours [IMAN-DMS.FID63117]

**EXTERNAL:** Use caution when opening attachments, links or responding to this e-mail.

Dear Sam,

Thank you for waiting to file your motion so that we could confer internally about the schedule. Our position continues to be that the Court's Aug. 14 Order is clear that the tours remain paused until "the conclusion of proceedings beginning on September 29, 2023," which includes the closing briefing and oral argument on the staffing contempt issue and the non-evidentiary hearing regarding inpatient transfer timelines. ECF No. 7918 at 2. We are willing to set up a meet and confer in early November to discuss the schedule and parameters for the tours. If Defendants nonetheless plan to file their motion today, due to several pressing deadlines in other cases, we need until at least October 24 (14 days) to file our opposition. We will not object to submitting the motion on the papers without oral argument so that the matter can be decided sooner.

Importantly, we note that Defendants have not met and conferred with Plaintiffs regarding their motion to initiate the Falcon tours, as they are required to do pursuant to the Court's Dec. 24, 2020 Order, ECF No. 7003 ("Going forward, any party seeking relief from this court, including from any existing order of this court, must first file a request for leave to file a motion, describing with particularity the relief to be sought and the steps the party has taken to exhaust meet and confer efforts with all opposing counsel."). Nor have Defendants clearly explained the purpose of the tours and whether the information obtained through the experts' review will be used for a motion to terminate, a motion to modify court orders, or any other motion. As you likely recall, based on the information in the parties' joint statement regarding the Falcon tours, the Court was "not persuaded" that Defendants are permitted to pursue the tours without a court order and without clear parameters in place regarding the schedule and scope of the tours to ensure "an orderly period of discovery and expert disclosures to inform any litigation." ECF No. 7897 at 3 (citing ECF No. 5794 at 9); *see also* Aug. 14, 2023 Order, ECF No. 7918 at 2 ("It is not otherwise clear from the record which if any specific pending matters the VRJS/Falcon tours are related to or whether at this late stage of these remedial proceedings the tours are a form of discovery for which leave of court is required."). You have also not clearly articulated how or why Defendants are prejudiced by waiting to continue the tours while the parties meet and confer and discuss with the Court what an appropriate process should be for Defendants' expert discovery. *See* ECF No. 7897 at 3. Plaintiffs are in the process of retaining additional experts to conduct our own discovery and/or attend Defendants' expert tours, and we will be prejudiced if the tours commence before we are able to do that.

We therefore request that Defendants meet and confer with us after the November 2 argument regarding staffing contempt and that the parties jointly request a status conference with the Court to discuss the procedures for Defendants' expert discovery before any additional tours occur. We will oppose resumption of the tours until the parties and Court can have such a discussion. If Defendants proceed with filing your motion today, we will oppose any requested expedited schedule that would require Plaintiffs' opposition earlier than October 24.

Best,

Jenny

**From:** Samantha Wolff <SWolff@hansonbridgett.com>
**Sent:** Tuesday, October 10, 2023 12:24 PM
**To:** Jenny Yelin <JYelin@rbgg.com>
**Cc:** Paul B. Mello <Pmello@hansonbridgett.com>; Ernest Galvan <EGalvan@rbgg.com>; Michael W. Bien

2

<MBien@rbgg.com>; Kaylen Kadotani <KKadotani@hansonbridgett.com>; v_Damon.McClain@doj.ca.gov <Damon.McClain@doj.ca.gov>; Elise Thorn <Elise.Thorn@doj.ca.gov>; v_Namrata.Kotwani@doj.ca.gov <Namrata.Kotwani@doj.ca.gov>; Donald Specter <dspecter@prisonlaw.com>; David C. Casarrubias <DCasarrubias@hansonbridgett.com>; Lisa Ells <LElls@rbgg.com>; Laurel E. O'Connor <LOConnor@hansonbridgett.com>; Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbgg.com>; Steve Fama <sfama@prisonlaw.com>
**Subject:** RE: Coleman - Motion to lift stay re tours [IMAN-DMS.FID63117]

[EXTERNAL MESSAGE NOTICE]

Hi Jenny – just following up.  Please let us know your position on the schedule as soon as possible.

Thank you.

Sam

**From:** Jenny Yelin <JYelin@rbgg.com>
**Sent:** Monday, October 9, 2023 3:25 PM
**To:** Samantha Wolff <SWolff@hansonbridgett.com>
**Cc:** Paul B. Mello <Pmello@hansonbridgett.com>; Ernest Galvan <EGalvan@rbgg.com>; Michael W. Bien <MBien@rbgg.com>; Kaylen Kadotani <KKadotani@hansonbridgett.com>; v_Damon.McClain@doj.ca.gov <Damon.McClain@doj.ca.gov>; v_Elise.Thorn@doj.ca.gov <Elise.Thorn@doj.ca.gov>; v_Namrata.Kotwani@doj.ca.gov <Namrata.Kotwani@doj.ca.gov>; Donald Specter <dspecter@prisonlaw.com>; David C. Casarrubias <DCasarrubias@hansonbridgett.com>; Lisa Ells <LElls@rbgg.com>; Laurel E. O'Connor <LOConnor@hansonbridgett.com>; Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbgg.com>; Steve Fama <sfama@prisonlaw.com>
**Subject:** [EXTERNAL] RE: Coleman - Motion to lift stay re tours [IMAN-DMS.FID63117]

**EXTERNAL:** Use caution when opening attachments, links or responding to this e-mail.

Thank you, Sam. We will do our best.

**From:** Samantha Wolff <SWolff@hansonbridgett.com>
**Sent:** Monday, October 9, 2023 3:15 PM
**To:** Jenny Yelin <JYelin@rbgg.com>
**Cc:** Paul B. Mello <Pmello@hansonbridgett.com>; Ernest Galvan <EGalvan@rbgg.com>; Michael W. Bien <MBien@rbgg.com>; Kaylen Kadotani <KKadotani@hansonbridgett.com>; v_Damon.McClain@doj.ca.gov <Damon.McClain@doj.ca.gov>; Elise Thorn <Elise.Thorn@doj.ca.gov>; v_Namrata.Kotwani@doj.ca.gov <Namrata.Kotwani@doj.ca.gov>; Donald Specter <dspecter@prisonlaw.com>; David C. Casarrubias <DCasarrubias@hansonbridgett.com>; Lisa Ells <LElls@rbgg.com>; Laurel E. O'Connor <LOConnor@hansonbridgett.com>; Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbgg.com>; Steve Fama <sfama@prisonlaw.com>
**Subject:** RE: Coleman - Motion to lift stay re tours [IMAN-DMS.FID63117]

[EXTERNAL MESSAGE NOTICE]

Hi Jenny,

Understood.  We will hold off filing the motion until tomorrow to give your team more time to respond.  Please let us know by noon tomorrow.

Thanks,

**From:** Jenny Yelin <JYelin@rbgg.com>
**Sent:** Monday, October 9, 2023 1:59 PM
**To:** Samantha Wolff <SWolff@hansonbridgett.com>
**Cc:** Paul B. Mello <Pmello@hansonbridgett.com>; Ernest Galvan <EGalvan@rbgg.com>; Michael W. Bien <MBien@rbgg.com>; Kaylen Kadotani <KKadotani@hansonbridgett.com>; v_Damon.McClain@doj.ca.gov <Damon.McClain@doj.ca.gov>; v_Elise.Thorn@doj.ca.gov <Elise.Thorn@doj.ca.gov>; v_Namrata.Kotwani@doj.ca.gov <Namrata.Kotwani@doj.ca.gov>; Donald Specter <dspecter@prisonlaw.com>; David C. Casarrubias <DCasarrubias@hansonbridgett.com>; Lisa Ells <LElls@rbgg.com>; Laurel E. O'Connor <LOConnor@hansonbridgett.com>; Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbgg.com>; Steve Fama <sfama@prisonlaw.com>
**Subject:** [EXTERNAL] RE: Coleman - Motion to lift stay re tours [IMAN-DMS.FID63117]

**EXTERNAL:** Use caution when opening attachments, links or responding to this e-mail.

Dear Sam,

We have several key team members out of the office today and will not be able to respond regarding the schedule until tomorrow.

Jenny

**From:** Samantha Wolff <SWolff@hansonbridgett.com>
**Sent:** Monday, October 9, 2023 1:09 PM
**To:** Jenny Yelin <JYelin@rbgg.com>; Ernest Galvan <EGalvan@rbgg.com>; Lisa Ells <LElls@rbgg.com>; Adrienne Harrold <aharrold@rbgg.com>
**Cc:** Paul B. Mello <Pmello@hansonbridgett.com>; Kaylen Kadotani <KKadotani@hansonbridgett.com>; v_Damon.McClain@doj.ca.gov <Damon.McClain@doj.ca.gov>; Elise Thorn <Elise.Thorn@doj.ca.gov>; v_Namrata.Kotwani@doj.ca.gov <Namrata.Kotwani@doj.ca.gov>; David C. Casarrubias <DCasarrubias@hansonbridgett.com>; Laurel E. O'Connor <LOConnor@hansonbridgett.com>
**Subject:** Coleman - Motion to lift stay re tours

[EXTERNAL MESSAGE NOTICE]

All,

I'm following up on our discussion last Thursday in court relating to Defendants' intention to file a motion to lift the stay on the VRJS/Falcon tours. We plan to file our motion today, as well as an administrative motion to shorten the briefing schedule and to waive the hearing or shorten time for the hearing in the alternative. We propose that Plaintiffs' opposition be due 10/19 (10 days) and Defendants' reply be due 10/24 (5 days). We will ask to waive hearing but in the alternative, will propose the matter be heard 10/27.

Please let us know your position regarding the above-proposed schedule at your earliest convenience as we would like to get this motion on file later today.

Thanks,
Sam

**Samantha Wolff**
**Partner**
SWolff@hansonbridgett.com



Direct: (415) 995-5020

**Hanson Bridgett LLP**
1676 N. California Blvd., Suite 620
Walnut Creek, CA, 94596
Website | LinkedIn

Costa Mesa • Los Angeles • Sacramento • San Francisco • San Rafael • Walnut Creek

This communication, including any attachments, is confidential and may be protected by privilege. If you are not the intended recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or email, and permanently delete all copies, electronic or other, you may have. The foregoing applies even if this notice is embedded in a message that is forwarded or attached.