UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

          Plaintiffs,

   v.

GAVIN NEWSOM, et al.,

          Defendants.

No. 2:90-cv-0520 KJM DB P

ORDER

On August 23, 2023, the court ordered the parties to meet and confer under the supervision of the Special Master and file a joint statement discussing what maximum mental health staffing vacancy rate should be confirmed for the psychiatric inpatient programs (PIPS) operated by the California Department of Rehabilitation and Corrections (CDCR).  August 23, 2023 Order, ECF No. 7923, at 12-13, 15.  The court directed the parties to "focus on whether the court should confirm a maximum vacancy rate for the PIPs that is different from the ten percent rate established by the June 2002 order [ECF No. 1383] and used by [the Department of State Hospitals] DSH."  *Id*. at 13.  If the parties believe a different rate is appropriate, the court directed them to "discuss what that rate should be to enable defendants to meet their constitutional obligations to the plaintiff class."  *Id*. at 13.[1]

---

[1] Staffing vacancies in the CDCR PIPs are not part of the current enforcement proceedings related to CDCR's 2009 Staffing Plan, ECF No. 3963, modifications thereto, ECF No. 7742 at 1

1    On September 6, 2023, the parties filed their joint statement.  ECF No. 7937.  Defendants'

2   position is as follows:

3       It is the State's position that there is no quantifiable staffing threshold that is required
4       by the Constitution, and that any arbitrary maximum vacancy rate is not an
5       appropriate proxy for measuring Defendants' constitutional compliance. Rather, the
6       appropriate measure is the standard of care that is actually provided to patients.

7   *Id.* at 2.

8       This position does not respond to the court's August 23, 2023 order and disregards the law

9   and the facts of this case.  It is settled that employment of sufficient numbers of mental health

10  staff is one component of a constitutionally adequate prison mental health care system.  *See*

11  *Brown v. Plata*, 563 U.S. 493, 515-518 (2011) (discussing mental health staffing shortages as

12  component of ongoing constitutional violation in delivery of mental health care to California's

13  prisoners); *Coleman v. Wilson*, 912 F. Supp. 1282, 1298 n.10, 1306 (E.D. Cal. 1995).  It also is

14  settled that "[t]o correct longstanding Eighth Amendment violations in this decades-old class

15  action lawsuit, defendants must remedy ongoing inadequate mental health staffing levels in

16  California's prisons."  February 28, 2023 Order, ECF No. 7742, at 1 (citing, *e.g.*, *Coleman v.*

17  *Brown*, 938 F. Supp. 2d 955, 984-88 (E.D. Cal. 2013)).  This remediation "requires defendants'

18  full implementation of their staffing plans."  ECF No. 7742 at 1 (citing October 10, 2017 Order,

19  ECF No. 5711, at 1).

20      As the court found in its August 23, 2023 order, the parties are in general agreement "that

21  full implementation of a durable staffing remedy will be assessed by measuring the fill rate of

22  staff required by defendants' [staffing plans] over time and requiring consistency in that fill rate."

23  ECF No. 7923 at 10.  The court also found "that defendants are not providing adequate inpatient

24  care with the current high vacancy rate across all PIP staffing classifications."  *Id.* at 12.  It was

25  twenty-two years ago, recognizing "the central role that adequate staffing has in meeting

26  defendants' constitutional obligations to class members," that the court ordered defendants to

27  /////

n.1, and the maximum ten percent vacancy rate that applies to those staffing levels, June 13, 2002
Order, ECF No. 1383, at 2, 4.  *See, e.g.*, March 17, 2023 Order, ECF No. 7766, at 1.

1    maintain a maximum staffing vacancy rate of ten percent "among psychiatrists and case

2    managers."  ECF No. 1383, at 2, 4.

3         District courts "have the inherent power to control their dockets."  *Ferdik v. Bonzelet*, 963

4    F.2d 1258, 1260 (9th Cir. 1992).  This power includes the authority to impose lesser sanctions

5    than dismissal, for instance, such as "the power to strike items from the docket as a sanction for

6    litigation conduct," *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010).

7    Under this authority, and for the reasons explained above, the court strikes defendants' response.

8         Plaintiffs request the court confirm a ten percent maximum vacancy rate for the CDCR

9    PIPs, consistent with the other CDCR mental health programs, and they present adequate

10   justification to support their request.  *See* ECF No. 7937 at 2-6.  The court adopts their proposal.[2]

11        In accordance with the above and the other provisions of the court's August 23, 2023

12   order, and good cause appearing, IT IS HEREBY ORDERED that:

13        1.   Defendants shall maintain a maximum mental health staffing vacancy rate of ten

14             percent in the CDCR PIPs; and

15        2.   Within six months from the date of this order, defendants shall take all steps necessary

16             to come into complete compliance with the staffing ratios in their 2021 CDCR PIP

17             Staffing Plan and the maximum ten percent vacancy rate required by this order.

18   DATED:  October 10, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The court also notes that in his January 28, 2021 Monitoring Report on the CDCR PIPs, the Special Master took the position that since July 2017, when CDCR took over management of the PIPs, he had monitored PIP staffing using a ten percent maximum vacancy rate, and defendants had not previously objected to that monitoring standard.  ECF No. 7039 at 15.  He also expressed the view that the June 13, 2002 Order, ECF No. 1383, covers the CDCR PIPs.  *Id.* at 16.