Rob Bonta, State Bar No. 202668
Attorney General of California
Monica N. Anderson, State Bar No. 182970
Senior Assistant Attorney General
Damon McClain, State Bar No. 209508
Supervising Deputy Attorney General
Elise Owens Thorn, State Bar No. 145931
Namrata Kotwani, State Bar No. 308741
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7318
  Fax: (916) 324-5205
  E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

HANSON BRIDGETT LLP
Lawrence M. Cirelli, SBN 114710
Paul B. Mello, SBN 179755
Samantha D. Wolff, SBN 240280
Kaylen Kadotani, SBN 294114
Laurel O'Connor, SBN 305478
David C. Casarrubias, SBN 321994
Carson R. Niello, SBN 329970
1676 N. California Blvd., Suite 620
Walnut Creek, California 94596
Telephone:   925-746-8460
Facsimile:   925-746-8490
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al., | Case No. 2:90-CV-00520- KJM-DB |
| Plaintiffs, | **DEFENDANTS' MOTION TO STRIKE HEARSAY TESTIMONY** |
| v. | |
| GAVIN NEWSOM, et al. | Judge:   Hon. Kimberly J. Mueller |
| Defendants. | |

20052329.1

DEFENDANTS' MOTION TO STRIKE HEARSAY

## I. INTRODUCTION

During the direct examination of Plaintiffs' witnesses[1] at the recent evidentiary hearing, Plaintiffs elicited testimony – over Defendants' objections – concerning statements by CDCR staff, and declarants without any affiliation with CDCR, that involved the following matters: (1) mental health provider salaries outside of CDCR, (2) the impact of salary and compensation on morale, and (3) declarant's dissatisfaction with their jobs.  *See* October 5, 2023 Hearing Tr. at pp. 21:4-14; 22:9-19; 23:11-15; 26:21-27:7; 46:10-12; 65:2-24; 67:10-68:2; 68:19-69:8; 82:15-83:16; 109:16-25; 114:10-115:8; 116:9-14; 140:10-141:4; 146:25-147:19; 151:14-152:10; 154:8-155:23.

In light of the Court's October 11, 2023 Order permitting the parties to move to strike certain portions of testimony (ECF No. 8006), Defendants hereby request that the Court strike all such testimony on the basis that it is inadmissible hearsay.  The declarants' statements do not qualify as an exception to the rule against hearsay because the declarants were not authorized to make a statement on the subject, nor were the statements on matters within the scope of the agency or employment with CDCR.  Fed. R. Evid. 801(d)(2)(C)-(D).  Despite Plaintiffs' contention that the testimony identified in this motion is admissible as an opposing party's statement, it remains inadmissible hearsay to which no exception applies, for the reasons discussed herein.  Accordingly, Defendants request that this testimony be stricken.

## II. RELEVANT FACTS

At the evidentiary hearing regarding staffing levels among certain categories of mental health providers at CDCR, Defendants objected to testimony elicited during Plaintiffs' direct examination of Dr. Alexandra David, Dr. Kelley Franceschi, Dr. Shelly Minor, and Angela Reinhold.  *See* October 5, 2023 Hearing Tr. at pp. 21:4-14; 22:9-19; 23:11-15; 26:21-27:7; 46:10-12; 65:2-24; 67:10-68:2; 68:19-69:8; 82:15-83:16; 109:16-25; 114:10-115:8; 116:9-14; 140:10-141:4; 146:25-147:19; 151:14-152:10; 154:8-155:23.  In its October 11, 2023 Order, the Court acknowledged that the parties reserved the right to file motions to strike portions of the testimony

---

[1] On October 5, 2023, Plaintiffs elicited the inadmissible hearsay testimony that is the subject of this motion to strike during the direct examination of Angela Reinhold and Drs. Alexandra David, Kelley Franceschi, and Shelly Minor.

elicited during the hearing, after the Court overruled certain objections without prejudice. ECF No. 8006. Also in accordance with the Court's Order, the parties met and conferred, initiated by e-mail on October 16, 2023, prior to filing this motion. Declaration of Carson Niello In Support of Defendants' Motion to Strike, ¶¶ 2-3 & Ex. A. The parties were unable to resolve Defendants' objections to this testimony. *Id.*

## III. LEGAL ARGUMENT

In an effort to overcome the hearsay contained in the testimony of Plaintiffs' witnesses, Plaintiffs pointed to the declarants' present employment with CDCR in order to assert that the statements were made by Defendants' employees on a matter within the scope of their employment. *See* October 5, 2023 Hearing Tr. at pp. 16:19-17:2; 17:22-18:3; 64:18-23. But Plaintiffs' assertion is factually and legally flawed as no exception applies that would render the various statements admissible.

### A. The Declarants Were Not Authorized to Make a Statement on Behalf of CDCR

Under Federal Rule of Evidence 801(d)(2)(C), a statement is not admissible as an opposing party's statement unless the party authorizes a person to make the statement. *See* Fed. R. Evid. 801(d)(2)(C)-(D). To the extent that Plaintiffs contend that this exception applies, the statements are not admissible under Federal Rule of Evidence 801(d)(2)(C) because the evidence shows that the declarants were, in fact, not authorized to make statements on behalf of CDCR regarding salaries outside of CDCR, the impact of salary and compensation on morale of mental health providers, or declarants' dissatisfaction with their jobs. *See* October 5, 2023 Hearing Tr. at p. 48:1-3 (Dr. David admitting she is not authorized to speak on behalf of CDCR); *see also id.* at p. 89:23-25 (Dr. Franceschi admitting she is not authorized to speak on behalf of CDCR); 131:6-8 (Dr. Minor admitting she is not authorized to speak on behalf of CDCR on any subject); 163:23-164:6 (Angela Reinhold admitting she is not authorized to speak on behalf of CDCR, the State of California, or any of its agencies or departments). Nor are the declarants' statements admissible under any other exception set forth in Federal Rule of Evidence 801.

///

### B. The Declarants' Statements Were Not Matters Within the Scope of Their Employment With CDCR

Rule 801(d)(2)(C) and 801(d)(2)(D) require an individualized inquiry as to the admissibility of an opposing party's statement. Under Federal Rule of Evidence 801(d)(2)(C), a statement is not admissible as an opposing party's statement unless the statement was made by the party's agent or employee on a matter within the scope of that relationship. In order for a statement to be admissible under Rule 801(d)(2)(D), the offering party must make a threefold showing, through evidence independent of the proffered statement, that: (1) an employment relationship existed between the declarant and the party, (2) the statement was made during the employment relationship, and (3) the statement concerned a matter within the declarant's scope of employment. *Brewster v. United States*, 860 F. Supp. 1377, 1385 (S.D. Iowa 1994). A party seeking admission bears the burden of establishing the proper foundation to show that "an otherwise excludible statement relates to a matter within the scope of the agent's employment." *Breneman v. Kennecott Corp.*, 799 F.2d 470, 473 (9th Cir. 1986); *Los Angeles News Serv. v. CBS Broad.,* Inc., 305 F.3d 924, 934 (9th Cir.), *opinion amended on denial of reh'g*, 313 F.3d 1093 (9th Cir. 2002).

As an initial matter, Plaintiffs elicited testimony that included statements of declarants who were not employees of CDCR. According to Dr. David, social workers who were previously employed by CDCR informed Dr. David about their salaries at Kaiser. *See* October 5, 2023 Hearing Tr. at pp. 22:9-19; 23:11-15 (testifying that social workers who left CDCR reported what their salaries were at UC Davis, Sutter, and Kaiser). Dr. David also testified as to statements of a Kaiser employee who shared information with her about the starting salary for a line staff position at Kaiser. *See* October 5, 2023 Hearing Tr. at p. 21:4-14. Further, Angela Reinhold testified about statements of former CDCR mental health providers concerning how they felt about leaving CDCR to pursue employment elsewhere. *Id.* at p. 155:14-23. Because these declarants were not employed by CDCR at the time they made the statements – or were never employed by CDCR at any point – their statements could not possibly be admissible under Federal Rule of Evidence 801(d)(2)(D). *See Brewster*, 860 F. Supp. at 1385 (observing requirement that the statement be

made during the employment relationship).

Moreover, the record does not indicate that the declarants made the statements – which were then recited by Plaintiffs' witnesses during the hearing – "on a matter within the scope of [their employment with CDCR] and while it existed." Fed. R. Evid. 801(d)(2)(D).  Statements by employees are outside the scope of the employment relationship, and are therefore inadmissible, where they "concern decision making processes into which the employee has no input, or decisions to which they are not a party." *Liadis v. Sears, Roebuck & Co.*, 47 Fed. Appx. 295, 303 (6th Cir. 2002).

Here, the declarants are mental health providers at CDCR.  Plaintiffs did not establish that matters bearing on employee retention and morale, job satisfaction, and salaries paid by other employers were within the scope of the declarants' employment.  Indeed, two of Plaintiffs' witnesses, both of whom supervised the declarants at the time of the statements at issue, indicated that they lacked personal knowledge of topics of which the declarants spoke: the analysis of the salaries of other mental health providers and the hiring process at one of CDCR's institutions.  *See* October 5, 2023 Hearing Tr. at p. 91:13-22 (Dr. Franceschi admitting she does not know the details about the salaries she was informed of by Kaiser employees, and that she has not done any analysis of the salaries that other mental health staff receive in California); *see id.* at p. 142:25 (Angela Reinhold testifying during direct examination that she is not very familiar with the hiring process).  These statements do not constitute an opposing party statement under Federal Rule of Evidence 801(d)(2)(D).  Accordingly, the statements are not vicarious admissions by CDCR because the content of the declarant's statement must concern a matter within the scope of the employment.  *See Wilkinson v. Carnival Cruise Lines, Inc.*, 920 F.2d 1560, 1565-66 (11th Cir. 1991) (room steward's statements, who was not a mechanic, repairman, or engineer, regarding malfunctioning doors was inadmissible since maintenance of doors was not within steward's scope therefore not a vicarious admission); *Mill v. Spiegel*, 708 F.2d 233, 237 (6th Cir. 1983) (statements by a manager regarding basis for employee's termination were not admissions because matters bearing on discharge of employee were not within the scope of the manager's employment).  Accordingly, the declarants' statements should be stricken as no exception to Federal Rule of

Evidence 801 applies.

## IV. CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court strike the testimony of Plaintiffs' witnesses identified in this motion. *See* October 5, 2023 Hearing Tr. at pp. 21:4-14; 22:9-19; 23:11-15; 26:21-27:7; 46:10-12; 65:2-24; 67:10-68:2; 68:19-69:8; 82:15-83:16; 109:16-25; 114:10-115:8; 116:9-14; 140:10-141:4; 146:25-147:19; 151:14-152:10; 154:8-155:23.

## V. CERTIFICATION

The undersigned certify that they have reviewed the following orders in the preparation of this motion: ECF No. 8006.

DATED: October 19, 2023

ROB BONTA
Attorney General of California
DAMON MCCLAIN
Supervising Deputy Attorney General

By: */s/ Elise Owens Thorn*
ELISE OWENS THORN
Deputy Attorney General
*Attorneys for Defendants*

DATED: October 19, 2023

HANSON BRIDGETT LLP

By: */s/ Samantha D. Wolff*
LAWRENCE M. CIRELLI
PAUL B. MELLO
SAMANTHA D. WOLFF
KAYLEN KADOTANI
DAVID C. CASARRUBIAS
CARSON R. NIELLO
Attorneys for Defendants