DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
MARISSA HATTON – 348678
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone:   (510) 280-2621

CLAUDIA CENTER – 158255
DISABILITY RIGHTS EDUCATION
AND DEFENSE FUND, INC.
Ed Roberts Campus
3075 Adeline Street, Suite 210
Berkeley, California 94703-2578
Telephone:   (510) 644-2555

MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
LISA ELLS – 243657
JENNY S. YELIN – 273601
THOMAS NOLAN – 169692
MICHAEL S. NUNEZ – 280535
MARC J. SHINN-KRANTZ – 312968
ALEXANDER GOURSE – 321631
GINGER JACKSON-GLEICH – 324454
ADRIENNE PON HARROLD – 326640
AMY XU – 330707
MAYA E. CAMPBELL – 345180
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone:   (415) 433-6830

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>         Plaintiffs,<br><br>    v.<br><br>GAVIN NEWSOM, et al.,<br><br>         Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS' CLOSING BRIEF REGARDING STAFFING CONTEMPT**<br><br>Judge:   Hon. Kimberly J. Mueller |

[4378257.3]

Pursuant to Federal Rule of Evidence 201, Plaintiffs request that the Court take judicial notice of the following items, all of which are either (1) publicly-filed documents in this case or in *Plata v. Newsom*, 01-CV-01351-JST (N.D. Cal.), or (2) publicly available facts provided by government agencies whose accuracy cannot reasonably be questioned. All of these items are directly relevant to the defenses Defendants raised in the staffing contempt proceedings.

1.     Plaintiffs' Exhibit 1 (PL-001):  Receiver's Motion for Waiver of State Law, filed at ECF No. 543 in *Plata v. Newsom*, 01-CV-01351-JST (N.D. Cal.) (hereinafter "*Plata*"), a true and correct copy of which is attached hereto as **Exhibit A**.

2.     Plaintiffs' Exhibit 2 (PL-002):  Appendix of Exhibits Supporting Receiver's Motion for Waiver of State Law, filed at ECF No. 544 in *Plata*, a true and correct copy of which is attached hereto as **Exhibit B**.

3.     Plaintiffs' Exhibit 3 (PL-003):  Order Re: Receiver's Motion for A Waiver of State Law, filed October 17, 2006, at ECF No. 554 in *Plata*, a true and correct copy of which is attached hereto as **Exhibit C**.

4.     Plaintiffs' Exhibit 5 (PL-005):  Order Granting Receiver's Application for Order Waiving State Statutes, Regulations and Procedures Regarding Salary Grids for Receiver Executive Assignments, filed November 3, 2008, at ECF No. 1754 in *Plata*, a true and correct copy of which is attached hereto as **Exhibit D**.

5.     Plaintiffs' Exhibit 13 (PL-013):  California Correctional Health Care Services (CCHCS) Primary Care Provider Vacancy/Coverage Report, dated May 1, 2023, filed June 1, 2023, at ECF No. 3865 in *Plata*, a true and correct copy of which is attached hereto as **Exhibit E**.

6.     Plaintiffs' Exhibit 100 (PL-100):  Order re Coordinated Agreements in *Coleman*, *Plata*, and *Perez*, filed May 29, 2007, at ECF No. 2247 in this case, a true and correct copy of which is attached hereto as **Exhibit F**.

7.     **California CPT Calculator Fact: From February 2020 to August 2023, inflation rose 17% in California**.  This is calculated using the California Consumer Price

Index (CPI) inflation calculator, available on the State of California Department of

Industrial Relations' website.  *See* State of California Department of Industrial Relations,

Consumer Price Index Calculator,

https://www.dir.ca.gov/oprl/CPI/CPICalculator/CpiCalculator.aspx (last accessed October

19, 2023).  This calculator computes 17.2% by selecting (1) the California index; (2) the

All Urban Consumers index type; (3) February 2020 as the beginning month and year (the

earliest month available for 2020 because California CPI values are available for even-

numbered months only); and (4) August 2023 as the ending month and year (the even-

numbered month closest to September 2023, when proceedings began).

8.      **Federal CPT Calculator Fact: : From February 2020 to August 2023,**
**inflation rose 19% nationally**.  This is calculated using the federal CPI inflation

calculator, available on the U.S. Bureau of Labor Statistics' website.  *See* U.S. Bureau of

Labor Statistics, CPI Inflation Calculator,

https://www.bls.gov/data/inflation_calculator.htm (last accessed October 19, 2023).  This

calculator computes 19% by selecting (1) $1.00; (2) January 2020 as the start date; and

(3) September 2023 as the end date.  That is, using the same months as the California CPI

calculation above, the federal CPI calculator shows that that $1.00 in January 2020 has the

same buying power as $1.19 in September 2023, or 19% inflation.

Rule 201 of the Federal Rules of Evidence allows a federal court to take judicial

notice of facts that are "not subject to reasonable dispute because" they "can be accurately

and readily determined from sources whose accuracy cannot reasonably be questioned."

Fed. R. Evid. 201(b)(2).  Judicial notice is an appropriate mechanism for supplementing

the record, and may be taken at any stage in the proceeding.  Fed. R. Evid. 201(d).

Courts routinely "take judicial notice of undisputed matters of public record,

including documents on file in federal or state courts."  *Harris v. County of Orange*, 682

F.3d 1126, 1132 (9th Cir. 2012) (internal citation omitted).  This includes taking judicial

notice of filings in other court cases.  *See, e.g.*, *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,

442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of "court filings"); *Burbank-*

1  *Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998)

2  (taking judicial notice of "pleadings filed in a related state court action").

3      Here, **Exhibits A** though **E** are publicly-filed court records on the *Plata v. Newsom*

4  docket in the Northern District of California, and **Exhibit F** is a publicly-filed court record

5  in this case pertaining to a coordinated agreements in this case and *Plata*. These

6  documents are directly relevant to Defendants' defense that they have taken all reasonable

7  steps to try to come into compliance with the Court's staffing orders. As explained in

8  more detail in Plaintiffs' concurrently-filed closing trial brief, Defendants have not taken

9  the step of seeking waivers of state law to address their staffing crisis since at least 2017,

10  despite their knowledge that the *Plata* Receiver has sought and received such waivers to

11  address shortages of medical staff on multiple occasions, including for the specific purpose

12  of raising salaries, with no opposition from Defendants.

13      In addition, courts routinely deem online calculators provided by official

14  government agencies judicially noticeable because their accuracy can be readily

15  determined from sources that cannot reasonably be questioned. *See, e.g.*, *Bourban v. AXA*

16  *Equitable Life Ins. Co.*, No. CV 20-3376-MWF-PJW, 2020 WL 3171466, at *3 (C.D. Cal.

17  June 15, 2020) (recognizing that courts may take judicial notice of the Social Security

18  Administration's standard life expectancy calculator "taken from an official governmental

19  agency"); *In re Pomeroy*, No. 15-26465-D-7, 2016 WL 3564378, at *4 (Bankr. E.D. Cal.

20  June 21, 2016), *aff'd*, No. BAP EC-16-1196-TABJU, 2017 WL 1457941 (B.A.P. 9th Cir.

21  Apr. 24, 2017) (similar).; *Smith v. Homecoming Fin.*, No. 110CV52, 2010 WL 3943839, at

22  *3 n.4 (W.D.N.C. Oct. 7, 2010), *aff'd sub nom. Smith v. Homecomings Fin.*, No.

23  1:10CV52, 2010 WL 4817999 (W.D.N.C. Nov. 22, 2010) (taking judicial notice of the

24  same BLS calculator Plaintiffs present here, explaining, this calculator "maintained by the

25  Federal Bureau of Labor Statistics" is "inherently reliable.").

26      Here, the facts in paragraphs 7 and 8 above from California and the federal

27  government provide that, from February 2020 to August 2023, inflation rose 17% in

28  California and 19% nationally. These facts are directly relevant to Defendants' defenses

1  that compliance with the Court's order is impossible and that Defendants have taken all

2  reasonable steps.  Defendants insist that they have been committed to raising salaries.  *See,*

3  *e.g.*, Defendants' Opening Trial Brief,  ECF No. 7951 at 5-6, 8-9, 18-19.  However, as

4  Plaintiffs' economic expert explained at trial, and as Plaintiffs explain again in their

5  concurrently-filed closing brief, Defendants' salary raises have not kept up with inflation.

6  *See* ECF No. 8013 at 163:9-13 (Dr. Brown testifying, "The latest union agreement doesn't

7  even keep up with the inflation that occurred between 2020 and 2023, which was 17

8  percent. So in terms of the actual purchasing power of the wages at the time pre-COVID,

9  now they're actually -- the purchasing power is less than it was pre-COVID.").

10         The Court should take judicial notice of these calculations based on governmental

11  agency calculators because the accuracy and sources of the calculations cannot be

12  reasonably be quested.  As the federal CPI inflation calculator explains:  "The CPI

13  inflation calculator uses the Consumer Price Index for All Urban Consumers (CPI-U) U.S.

14  city average series for all items, not seasonally adjusted. This data represents changes in

15  the prices of all goods and services purchased for consumption by urban households."

16  U.S. Bureau of Labor Statistics, CPI Inflation Calculator,

17  https://www.bls.gov/data/inflation_calculator.htm (last accessed October 19, 2023); *see*

18  *Trundle v. Astrue*, No. 09-CV-02058-JLT, 2010 WL 5421418, at *11 n.10 (E.D. Cal. Dec.

19  20, 2010), *aff'd sub nom. Trundle v. Comm'r of Soc. Sec. Admin.*, 484 F. App'x 94 (9th

20  Cir. 2012) ("The United States Department of Labor, Bureau of Labor Statistics, is a

21  source whose accuracy cannot reasonably be questioned, and judicial notice may be taken

22  [of the] website of the government agency.").  The same applies to the California CPI

23  calculator.  The California CPI is maintained on the state government website, is computed

24  by the Office of the Director – Research Unit of the State of California Department of

25  Industrial Relations; and is computed based on the data issued by the U.S. Bureau of Labor

26  Statistics.  *See* State of California Department of Industrial Relations, Consumer Price

27  Index-California, https://www.dir.ca.gov/oprl/CPI/PresentCCPI.PDF (last updated

28  10/13/2023).

**CONCLUSION**

For the foregoing reasons, Plaintiffs' request for judicial notice should be granted.

DATED:  October 19, 2023          Respectfully submitted,

                                  ROSEN BIEN GALVAN & GRUNFELD LLP


                                  By:  */s/ Adrienne Pon Harrold*
                                       Adrienne Pon Harrold

                                  Attorneys for Plaintiffs