R0B BONTA, State Bar No. 202668
Attorney General of California
MONICA N. ANDERSON, State Bar No. 182970
Senior Assistant Attorney General
DAMON MCCLAIN, State Bar No. 209508
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
NAMRATA KOTWANI, State Bar No. 308741
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 TelephMOone:  (916) 210-7318
 Fax:  (916) 324-5205
 E-mail:  Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

HANSON BRIDGETT LLP
PAUL B. MELLO, SBN 179755
SAMANTHA D. WOLFF, SBN 240280
KAYLEN KADOTANI, SBN 294114
LAUREL O'CONNOR, SBN 305478
DAVID C. CASARRUBIAS, SBN 321994
CARSON R. NIELLO, SBN 329970
 1676 N. California Boulevard, Suite 620
 Walnut Creek, CA 94596
 Telephone:  (925) 746-8460
 Fax:  (925) 746-8490
 E-mail:  PMello@hansonbridgett.com
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**DEFENDANTS'** *EX PARTE* **APPLICATION TO EXTEND THE DEADLINE TO FILE OBJECTIONS TO THE SPECIAL MASTER'S OCTOBER 18, 2023 DATA REMEDIATION REPORTS REQUIRED UNDER THE OCTOBER 11, 2023 ORDER [ECF NO. 8008]; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ELISE OWENS THORN; PROPOSED ORDER** |

Defendants apply, *ex parte*, under Federal Rule of Civil Procedure 6(b)(1)(A) and Local Rule 144(c), for an order extending their time to respond to the Special Master's October 18, 2023 Data Remediation Reports as required by the Court's October 11, 2023 order modifying the data remediation dispute resolution process. (ECF No. 8008.) Defendants request that the Court

///

///

1

extend the response time mandated under the October 11 order so that objections to the reports may be filed on a staggered basis with the first due October 25 and the last due November 13.

A Proposed Order granting the requested extension accompanies this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

On September 21, 2023, the Special Master reported to the Court that "the [dispute resolution] process is no longer efficiently resolving disputes at the lower levels. . . and that it may be time for the Court to consider a more efficient process for resolving any remaining data remediation disputes." (ECF No. 7954 at 32.)

On October 11, 2023, the Court modified the data remediation dispute resolution process to ensure more timely dispute resolution. (ECF No. 8008.) The Order provides that the modification was needed because the dispute resolution process has become "too cumbersome and unwieldy, to allow for timely and effective presentation of disputes to the court." (*Id.* at 2.)

The modified dispute resolution process was modified to: (1) limit the discussion of all disputes identified at Step One of the Dispute Resolution Process, ECF No. 7556-2 at 2, so they are completed within two weeks of the time the dispute is initially raised; (2) remove Step Two of the Dispute Resolution Process, ECF No. 7556-2 at 2-3; and (3) limit the time and ability to meet and confer to resolve disputes following the two-week discussion period. (ECF No. 8008 at 2.)

This application focuses on the modified process in Step Three that requires the Special Master to provide the parties with a proposed written resolution of the dispute within seven days of the end of the two-week discussion period from Step One. (*Id.*) The parties then have seven days from receipt of the Special Master's proposed written resolution to file an objection with the court seeking an alternative resolution. (*Id.*) Any response by another party to an objection shall be filed within seven days thereafter. (*Id.*)

The October 11 order also provides that the modified process applies to all future disputes and all disputes that are currently moving through the dispute process. (*Id.*) The Special Master apparently understood the Court's October 11 to mean that the Special Master had to submit the proposed written resolution for any pending dispute to the parties within seven days from the entry of the October 11 order, and, to Defendants' great surprise, on October 18 submitted

2

proposed written resolution reports to the parties for five separate indicators. Under the modified proposal the parties' objections to all five reports are due on October 25, providing the parties barely five business days to prepare and file objections to five proposed written resolutions.

Defendants met and conferred with the Special Master and Plaintiffs concerning the requested extension of the deadline to file objections. (*See* Declaration of Elise Owens Thorn (Thorn Decl.) ¶¶ 2-7.) Defendants presented Plaintiffs with a stipulation, including the staggered response time for objections to the October 18 reports. (Thorn Decl.) ¶¶6-7.) Plaintiffs agreed to extend the deadlines to file objections and responses to October 30 but would not agree to Defendants' proposed schedule for staggered filings. (*Id.*)

Defendants have multiple team members who must weigh in and approve the objections before they may be filed. Dr. Steven Cartwright, Defendants' lead on data remediation issues, is on vacation through Monday, October 23. (Thorn Decl.) ¶ 8.) Also, Defendants have numerous other filings and matters to prepare for over the next month, including the response to the Special Master's report on the timely compliance methodology (ECF No. 7954), due 10/23/23; the objections to the Special Master's draft 30th round report, Part C, due 11/1/23; the response to the Specials Master's report on data remediation (ECF No. 8001), due 11/13/23; preparation for the 11/2/23 hearing on the contempt proceeding; and preparation for the focused hearing on the inpatient referral transfers and the Unmet Needs Assessment report on 11/7/23, in addition to the other work that continues weekly for data remediation and other Coleman requirements. Even working diligently to prepare response to all five of the October 18 reports, Defendants will be constrained to complete this task for all five reports within the five working days afforded under the October 11 order. (*Id.*)

Federal Rule of Civil Procedure 6(b)(1) authorizes a court, for good cause, to enlarge the time within which a party may or must do an act within a specified time. If a request for an extension is made before the expiration of the time originally prescribed, the request may be made without motion or notice. Fed. R. Civ. P. 6(b)(1)(A). Moreover, Local Rule 144(c) allows the Court, in its discretion, to "grant an initial extension ex parte upon the affidavit of counsel that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a

3

Defs.' Ex Parte Request for an EOT to Respond to the March 17, 2023 Order (2:90-cv-00520 KJM-DB (PC))

stipulation cannot be obtained and the reasons why the extension is necessary." And a court has the inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). These specific powers serve to advance the general goals of the Federal Rules to "secure the just, speedy, and inexpensive" determination of every action. Fed. R. Civ. P. 1.

The October 11 order provided Defendants with five business days to prepare responses to the five October 18 reports. Defendants require only a short extension of the deadlines under the new dispute resolution process to respond to the October 18 reports. Under Defendants' proposed schedule, five disputed indicators could still be fully briefed by November 20, assuming Plaintiffs respond the final objection with a proposed deadline of November 13.

The requested extension is not made to delay these proceedings. No party will be prejudiced by the short extension of time requested. For the reasons set forth above and in the interest of fairness, Defendants request that the Court grant the *ex parte* application to extend the deadlines to file objections to the October 18 reports under the following schedule:

1. Objections to the October 18 proposed written resolution for AC5 - Confidential Groups are due on or before October 25, 2023;

2. Objections to the October 18 proposed written resolution for AC7.1 and 7.4 (medical hold exceptions for transfers to CCCMS or EOP) are due on or before October 30, 2023;

3. Objections to the October 18 proposed written resolution for AC5 - Core Groups are due on or before November 3, 2023;

4. Objections to the October 18 proposed written resolution for the PIP Max Custody Placeholder dispute are due on or before November 8, 2023; and

5. Objections to the October 18 proposed written resolution for AC2.1 EOP Contacts Weekly vs. Seven day dispute are due on or before November 13, 2023.

Consistent with the October 11 order and the modified process, any response by another party to an objection shall be filed within seven days of the above deadlines.

/ / /

/ / /

/ / /

4

Defs.' Ex Parte Request for an EOT to Respond to the March 17, 2023 Order (2:90-cv-00520 KJM-DB (PC))

**CERTIFICATION**

Defendants' counsel certify they have read the following orders that are relevant to this filing: ECF No. 7003, 8008.

Dated: October 20, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
DAMON MCCLAIN
Supervising Deputy Attorney General

/s/ *Elise Owens Thorn*
Elise Owens Thorn
Deputy Attorney General
*Attorneys for Defendants*

HANSON BRIDGETT LLP

/s/ *Samantha D. Wolff*
PAUL B. MELLO
SAMANTHA D. WOLFF
DAVID C. CASARRUBIAS
*Attorneys for Defendants*

5

Defs.' Ex Parte Request for an EOT to Respond to the March 17, 2023 Order (2:90-cv-00520 KJM-DB (PC))