1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RALPH COLEMAN, et al.,                    No. 2:90-cv-0520 KJM DB P

12                   Plaintiffs,               ORDER

13         v.

14   GAVIN NEWSOM, et al.,

15                   Defendants.

16

17         On October 20, 2023, defendants filed a request for leave to file an *ex parte* application to

18   extend the deadline to file objections to five proposed data remediation dispute resolutions

19   provided by the Special Master to the parties on October 18, 2023, together with the proposed

20   request for extension of time.  ECF No. 8024.  Good cause appearing, defendants' request for

21   leave to file the *ex parte* application to extend the deadline will be granted.  For the reasons

22   explained in this order, defendants will be granted an additional period of two days to file their

23   objections.  Going forward, no extensions of time to file objections to the Special Master's

24   proposed data remediation dispute resolutions will be granted except on a showing of substantial

25   cause.

26         By way of background, on October 11, 2023, this court modified the data remediation

27   dispute resolution process that had been in effect for the ongoing data remediation project since

28   May 2022, ECF No. 7556-2.  October 11, 2023 Order, ECF No. 8008.  The court determined it

1

1    necessary to modify the original data remediation dispute resolution process to ensure timely

2    dispute resolution and substantial completion of the data remediation project by the end of this

3    year.  *Id*. at 2.  In relevant part, under the modified dispute resolution process, which "applies to

4    all future disputes and all disputes that are currently moving through the dispute resolution

5    process," the Special Master is required to, within seven days, present a proposed written

6    resolution of any dispute that remains unresolved after a two-week discussion period in the

7    Business Rules and Methodology Review (BRMR) meetings.  *Id*.  Thereafter, his resolution

8    becomes final unless within seven days of delivery of his proposed resolution a party files "an

9    objection with the court seeking an alternative resolution."  *Id*. at 2-3.

10        On October 18, 2023, the Special Master provided the parties with written reports

11   proposing resolution of five pending data remediation disputes.  ECF No. 8024-2 at 2-3.

12   Defendants' objections, if any, to those reports are due October 25, 2023.  ECF No. 8008 at 2.

13   Defendants seek an extension of that deadline that would allow them to file objections one at a

14   time on October 25, 2023, October 30, 2023, November 3, 2023, November 8, 2023, and

15   November 13, 2023.  ECF No. 8024-2 at 4.  Defendants contend they have "multiple team

16   members who must weigh in and approve the objections before they may be filed" and that their

17   lead staff member on data remediation issues is on vacation through October 23, 2023.  *Id*. at 3.

18   They also point to several other upcoming deadlines in this action.  *Id*.

19        The original data remediation process had three steps:  (1) discussion at the BRMR

20   meetings; (2)(a) first level review by a team including the California Department of Corrections

21   and Rehabilitation (CDCR) Mental Health Program Deputy Director and Undersecretary of

22   Health Care Services, the Special Master and/or his designated experts, plaintiffs' counsel, and

23   "the minimal number of subject matter experts necessary," ECF No. 7556-2 at 2; (2)(b) second

24   level review by the CDCR Secretary, the Special Master, and "whomever else either deems

25   necessary," *id*. at 3; and (3) report and recommendation by the Special Master to the court.  *Id*.

26        The Special Master has informed the court that four of the disputes that are the subject of

27   defendants' pending request had proceeded all the way through second level review by himself

28   and CDCR Secretary Macomber (step (2)(b) above) at the time the Special Master issued the

1  proposed resolutions.  The Special Master also has informed the court he has required and

2  received statements from the parties setting out their positions on each dispute that reaches

3  second level review, including the four that are the subject of defendants' motion.  In other words,

4  defendants' position with respect to four of the disputes has been presented to the Special Master

5  first by Deputy Director Mehta and Undersecretary Toche and then by CDCR Secretary

6  Macomber.  Defendants present no explanation why "multiple team members . . . must weigh in

7  and approve the objections before they may be filed" under these circumstances, where

8  defendants' position with respect to each of these disputes has been well-known to, and

9  presumably approved by, all relevant team members for as long as it has taken the disputes to

10  proceed through the prior dispute resolution process.[1]

11       The Special Master also has informed the court that the other dispute, medical hold

12  exceptions for transfer to the Correctional Clinical Case Management System (CCCMS) or

13  Enhanced Outpatient Programs (EOP), is similar to the dispute over medical hold exceptions to

14  the STRH/LTRH transfer timeline indicator that was the subject of a report and recommendation

15  he made, and that all stakeholders had agreed to defer further consideration of the CCCMS/EOP

16  transfer timeline dispute until the court resolved the dispute over medical hold exceptions to the

17  STRH/LTRH transfer timeline indicator.  The court resolved the latter dispute in its October 11,

18  2023 order, ECF No. 8010.  Under these circumstances, too, the defendants have not shown why

19  defendants require input from multiple team members before determining whether to object to a

20  proposed resolution on an issue all agree is similar to one that has been thoroughly briefed before

21  and now resolved by this court.

22       The court will grant a short two-day extension of time to file objections to take into

23  account the time for resolution of the pending request brought under the now operative procedure.

24  Going forward, the court will not grant any extension of time to object absent a showing of

25  exceptional cause.  The court takes this opportunity to remind the parties they must send persons

26  /////

---

[1] The court notes the Special Master and his team were able to meet the new deadline set
by the October 11, 2023 order for all five disputes.

1   with full decision-making authority and required subject matter expertise to all BRMR meetings.

2   ECF No. 8008 at 2.

3          In accordance with the above, IT IS HEREBY ORDERED that:

4          1.  Defendants' October 20, 2023 request for leave to file an *ex parte* application to extend

5   the deadline to file objections, ECF No. 8024, is GRANTED;

6          2.  Defendants' October 20, 2023 *ex parte* application to extend the deadline to file

7   objections, ECF No. 8024-2, GRANTED IN LIMITED PART;

8          3.  Defendants are granted an extension of time to and including October 27, 2023 to file

9   objections, if any, to the five written proposed data remediation dispute resolutions provided by

10  the Special Master on October 18, 2023;

11         4.  Plaintiffs' response to objections, if any, shall be filed on or before November 3, 2023;

12  and

13         5.  No further extensions of time to file objections to proposed written data remediation

14  dispute resolutions provided by the Special Master will be granted except on a showing of

15  exceptional cause.

16  DATED:  October 23, 2023.

CHIEF UNITED STATES DISTRICT JUDGE