UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>GAVIN NEWSOM, et al.,<br><br>　　　　　Defendants. | No. 2:90-cv-0520 KJM DB P<br><br>ORDER |

　　　　On October 10, 2023, defendants filed a motion styled as a motion for administrative relief. ECF No. 8004 (hereafter first motion). In this motion, defendants seek an order modifying the briefing schedule and either waiving or shortening time for hearing on a second motion they describe as a "motion to lift injunction halting VRJS/Falcon tours." *Id*. On the same day, defendants filed the latter motion. ECF No. 8005 (hereafter second motion). By minute order filed October 11, 2023, the court provided that plaintiffs could, but were not required to, file a response to the first motion and that in the event plaintiffs did not file a response the court would "take account of their positions as reflected in the attachments to Defendants' Motion and supporting documents." ECF No. 8007. Plaintiffs have not filed a response. For the reasons explained below, both of defendants' motions are **denied without prejudice**.

　　　　In support of their first motion, defendants attach a declaration of counsel and an email thread between counsel that began at 1:09 p.m. on October 9, 2023 and ended on October 10, 2023 at 4:27 p.m., an hour before defendants filed the first motion. Decl. of Wolff and Ex. A

1

1   thereto, ECF No. 8004-1; *see also* ECF No. 8004 (HTML receipt).  This supporting

2   documentation also shows defendants proceeded to file the second motion within twenty minutes

3   of filing the first motion, *see* ECF No. 8005 (HTML receipt), without satisfying the meet-and-

4   confer requirement of this court's December 24, 2020 order, ECF No. 7003.  *See also* Chief

5   Judge Kimberly J. Mueller, Civil Standing Order ¶ 4.A(a) (website visited October 17, 2023)

6   ("Prior to filing a motion in a case in which the parties are represented by counsel, counsel shall

7   engage in a pre-filing meet and confer to discuss thoroughly the substance of the contemplated

8   motion and any potential resolution.").[1]

9       By way of background, in a series of orders issued in the first half of this year, the court

10  set a hearing for September 29, 2023 on contempt and fines for compliance with remedial orders

11  on two topics: transfer to inpatient care and mental health staffing levels.  *See* February 28, 2023

12  Orders, ECF Nos. 7741, 7742; March 27, 2023 Order, ECF No. 7786; June 12, 2023 Order, ECF

13  No. 7856.  In July or August 2023, defendants began the tours that are the focus of their October

14  10, 2023 motions.  ECF No. 8004-1 at 2.  These tours include defendants' retained experts and

15  visits to prisons housing Mental Health Services Delivery System (MHSDS) patients.  ECF No.

16  7883.  On July 25, 2023, the parties filed a joint statement regarding those tours.  *Id.*  Plaintiffs

17  requested the tours be postponed until after the enforcement proceedings.  *Id.* at 2.  Alternatively,

18  plaintiffs asked the court to place conditions on the tours.  *Id.* at 2-6.  Defendants objected to

19  plaintiffs' requests and asserted their right to continue the tours.  *Id.* at 7-11.  After reviewing the

20  parties' joint status report, the court exercised its case management authority and on July 28,

21  2023, issued a short order staying the tours and adding the matter to the agenda for discussion at

22  the then-upcoming pre-hearing status conference on August 10, 2023.  *See* ECF No. 7897.[2]

---

[1] *See* https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/5020/civil-standing-order/.  The parties are directed to the provisions of these standing orders, which in relevant substance remain the same as those which have governed this case to date.

[2] Defendants characterize the court's issuance of a temporary stay as effecting injunctive relief, but the court has not imposed an injunction.  The tours could serve as discovery in support of a future motion.  Courts have authority to place limits on discovery: "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort itself, for counsel, and for litigants." *Landis*

2

1       At the pre-hearing status conference, the court confirmed enforcement proceedings would
2  be bifurcated, with evidentiary proceedings on staffing enforcement going first, followed by a
3  modified non-evidentiary hearing on transfer timelines. *Id*.  In addressing the dispute related to
4  tours, the court made clear the upcoming enforcement proceedings were critically important in
5  this very old case; the court also directed all to remain focused on those proceedings and found
6  defendants had not shown the tours were connected to the enforcement proceedings.  Reporter's
7  Transcript of Pre-Hearing Status Conference (RT 8/10/23), ECF No. 7942, at 29.  In response to
8  defendants' assertion that "pausing the tours for a substantial period" would be prejudicial to
9  defendants because doing so would "risk[] defendants['] losing this team of experts," the court
10 left room for defendants either to file a motion for reconsideration "that explains how the proper
11 focus can be kept on the" enforcement proceedings or to present an agreement with plaintiffs. *Id*.
12 The court subsequently issued a written order memorializing its determination.  August 14, 2023
13 Order, ECF No. 7918.
14      By September 1, 2023, defendants sought to discuss the possible resumption of tours with
15 the plaintiffs in advance of the second, substantive motion pending before the court; plaintiffs
16 declined to discuss the matter "until after the upcoming contempt proceedings." ECF 8004-1 at 3.
17 /////

---

*v. North American Co.*, 299 U.S. 248, 254 (1936).  In considering a temporary stay of proceedings, the court weighs "'the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" *Fitrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (in turn citing *Landis*, 299 U.S. at 244-255)).  In contrast, injunctive relief requires a moving party to "'establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.'" *California Chamber of Commerce v. Council for Education and Research on Toxics*, 29 F.4th 468, 477 (9th Cir. 2022) (quoting *Winters v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)).  Here, the court's July 28, 2023 and August 14, 2023 orders were to ensure "all the parties' and the court's resources remain focused on preparing to address the issues presented by the upcoming enforcement proceedings." ECF No. 7918 at 2.  Because the court issued a temporary order under its inherent case management authority, defendants' second motion is properly construed as a motion to lift the temporary stay.  Contrary to defendants' assertions in the parties' joint report, this court has not prohibited CDCR from monitoring its own facilities.  *See* ECF No. 7883. at 6-7.

3

1  Nothing in the record indicates the parties had any further discussions regarding defendants'
2  request, and defendants did not seek reconsideration.

3        Beginning on September 29, 2023, the court presided over the evidentiary hearing related
4  to staffing enforcement; the presentation of evidence concluded on October 5, 2023.  ECF Nos.
5  7986, 7996, 7998, 8000.  At the close of evidence, the court confirmed its prior order, ECF
6  No. 7856, requiring the parties to file their closing briefing on staffing enforcement within
7  fourteen days, and set oral argument for November 2, 2023.  ECF No. 8000.  The court also
8  directed the parties to meet and confer to propose a schedule for hearing on the other issue
9  related to enforcement, inpatient transfer timeline requirements.  Reporter's Transcript of
10 Hearing (RT 10/05/23), ECF No. 8013-3 at 166.[3]  Before the staffing evidentiary hearing
11 recessed on October 5, 2023, defense counsel again brought up the issue of the tours, requesting
12 they be allowed to start again or, in the alternative, that defendants have an opportunity to brief a
13 motion to resume the tours on an expedited basis.  ECF No. 8013-3 at 167.  The court suggested
14 the parties work out a briefing schedule so the motion could be heard on November 2.  *Id*. at 167.
15 Defense counsel pressed the matter without accepting the court's suggestion, and after further
16 discussion, the court observed defense counsel were "free to file a motion . . . and seek expedited
17 hearing."  *Id*. at 168.

18       Within four days of the close of evidence, on October 9, 2023, defendants again reached
19 out to plaintiffs regarding the tours they wished to resume.  Defendants' attorney explains that on
20 that day she "emailed Plaintiffs' counsel to advise that Defendants intended to file their motion to
21 stay regarding tours later that day," along with the motion for administrative relief.  ECF No.
22 8004-1 at 3.  Counsel did not attach the brief defendants planned to file but proposed a briefing
23 schedule.  *Id*.  Plaintiffs' counsel indicated by reply email they would not be able to respond until
24 the next day; defense counsel indicated "we would hold off filing our motion to give Plaintiffs
25 more time to respond."  *Id*.  When plaintiffs' counsel responded on October 10, still by email,

---

[3] That hearing is now set for November 7, 2023 at 10:00 a.m.  ECF No. 8015.

4

they conveyed their disagreement that the enforcement proceedings had concluded, offered to meet in early November once they had, but also noted the minimum time plaintiffs would need to file responsive briefing if defendants proceeded to file their motion nevertheless. *Id.* Defendants responded by email later that day, time stamped 4:27 p.m., setting out more fully their position on a number of points, without inviting any further discussion. *Id.* at 9. As noted, defendants did file their first motion on October 10, at 5:27 p.m. *See* ECF No. 8004 (HTML receipt). They then filed the second motion on the same day, at 5:44 p.m. *See* ECF No. 8005 (HTML receipt).

The court's August 14, 2023 order was clear: to ensure the resources of all parties and the court remained focused on the enforcement proceedings that began on September 29, 2023, the court would consider a motion regarding possible resumption of those tours, "including the schedule for motion practice as necessary," upon conclusion of the enforcement proceedings unless or until the court approved an earlier stipulation of the parties. August 14, 2023 Order, ECF No. 7918 at 2. At present, the enforcement proceedings will not conclude before November 7, 2023, following hearing on the issues related to inpatient transfer timelines.

Defendants did not accept the court's suggested modification of the August 14, 2023 order that might have allowed hearing on November 2, 2023 on a fully briefed motion to resume the tours. The record related to defendants' administrative motion, which they decided to file on an expedited basis, as was their right, demonstrates they have not satisfied the court's pre-motion meet-and-confer requirements as to the second motion at least. For these reasons, the court will deny both motions without prejudice.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' October 10, 2023 motion styled as a motion for administrative relief, ECF No. 8004, is DENIED without prejudice; and

2. Defendants' October 10, 2023 motion construed as a motion to lift temporary stay halting VRJS/Falcon tours, ECF No. 8005, is DENIED without prejudice.

DATED: October 23, 2023.

CHIEF UNITED STATES DISTRICT JUDGE