DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
MARISSA HATTON – 348678
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

CLAUDIA CENTER – 158255
DISABILITY RIGHTS EDUCATION
AND DEFENSE FUND, INC.
Ed Roberts Campus
3075 Adeline Street, Suite 210
Berkeley, California 94703-2578
Telephone: (510) 644-2555

MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
LISA ELLS – 243657
JENNY S. YELIN – 273601
THOMAS NOLAN – 169692
MICHAEL S. NUNEZ – 280535
MARC J. SHINN-KRANTZ – 312968
ALEXANDER GOURSE – 321631
GINGER JACKSON-GLEICH – 324454
ADRIENNE PON HARROLD – 326640
AMY XU – 330707
MAYA E. CAMPBELL – 345180
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>      Plaintiffs,<br><br>  v.<br><br>GAVIN NEWSOM, et al.,<br><br>      Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**<br><br>Judge: Hon. Kimberly J. Mueller |

# INTRODUCTION

Defendants' motion to strike misstates and misapplies the relevant Federal Rules of Evidence in arguing that various concerns raised by Plaintiffs' witnesses are inadmissible hearsay.  *See* ECF No. 8018 (hereinafter, "Motion").  But as Plaintiffs explained during the hearing, with the exception of two statements made by non-CDCR employees detailed below, each of the disputed statements are textbook non-hearsay party admissions under Federal Rule of Evidence 801(d)(2)(D).

# ARGUMENT

Federal Rule of Evidence 801(d)(2)(D) provides that a statement is a non-hearsay party admission if it "is offered against an opposing party and … was made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Fed. R. Evid. 801(d)(2)(D).  Rule 801(d)(2)(D) "sets forth three elements necessary for admitting a statement that would otherwise be excluded as hearsay:  (1) the statement must be made by an agent or employee of the party against whom the statement is being offered; (2) the statement must concern a matter within the scope of that employment relationship; and (3) the statement must be made while the declarant is yet employed by the party." *Weil v. Citizens Telecom Servs. Co., LLC*, 922 F.3d 993, 999 (9th Cir. 2019).

Much of Defendants' motion argues that some statements made by Plaintiffs' witnesses were inadmissible hearsay because "the declarants were not authorized to make a statement on the subject." Motion at 2; *see also id.* at 3.  But authorization is not required for the "agent or employee" party admission category under Rule 801(d)(2)(D); Defendants are conflating this with the authorized person category under a separate subsection, Rule 801(d)(2)(C).  *See* Fed. R. Evid. 801(d)(2) (reflecting an "or" structure of different types of party admissions, not an "and" structure); Rutter Group Prac. Guide Fed. Civ. Trials & Ev. Ch. 8G-D, Opposing Party's Statements and Judicial Admissions Not Hearsay ("Unlike authorized statements (Rule 801(d)(2)(C) …), there is no requirement [under Rule 801(d)(2)(D)] that the declarant has been authorized to make statements on behalf of the party.").  Plaintiffs have consistently only invoked Rule 801(d)(2)(D).  *See*

1  ECF No. 8013 (10/5 Hearing Transcript, hereinafter "Tr.") at 17:1-2, 17:25-18:12, 64:20-
2  23.

3  Only two of the numerous statements Defendants object to do not meet all three
4  elements of Rule 801(d)(2)(D).  In both instances, Plaintiffs' question did not call for
5  hearsay, but the witness's answer included a statement by a non-CDCR employee.
6  Accordingly, Plaintiffs do not object to striking the following testimony: Tr. 21:4-14
7  (declarant worked for Vacaville Emergency Department); 155:14-23 (declarants made the
8  statements after they were no longer employed by CDCR and worked elsewhere).

9  Defendants are wrong to suggest that the declarants for two other statements were
10 not CDCR employees.  *See* Motion at 4.  Viewed in context, these statements were clearly
11 pertaining to information Plaintiffs' witnesses learned in exit interviews while the
12 declarants still worked for CDCR.  *See* Tr. 22:9-19 (statement by social workers in the
13 context of exit interviews, including about salaries, *see* 17:19-23, 19:1-4); 23:11-15
14 (statement by psychologists in the context of exit interviews, including about salaries, *see*
15 17:13-18, 19:1-4).

16 Further, Defendants rely on inapposite out-of-circuit case law to broadly assert that
17 all of the remaining disputed testimony was on matters outside the scope of the declarants'
18 employment.  *See* Motion at 5-6.  These statements, however, all fall within the scope of
19 the employment relationship, especially as the Ninth Circuit defines this requirement under
20 Rule 801(d)(2)(D).  "[S]tatements need only *concern* matters within the scope of the
21 agency; they need not be made within the scope of the agency."  *In re Sunset Bay Assocs.*,
22 944 F.2d 1503, 1519 (9th Cir. 1991) (emphasis in original) (statement by loan officer
23 employee of corporate defendant is non-hearsay).  In addition, "a matter may fall within
24 the scope of a declarant's employment even though the declarant did not have final
25 decision-making authority on that matter."  *Weil*, 922 F.3d at 999 (statement by employee
26 about a hiring decision was non-hearsay even though employee was not final
27 decisionmaker); *see also Cross v. Marshalls of MA, Inc.*, No. 18-CV-04230-SVK, 2019
28 WL 4082677, at *7 (N.D. Cal. Aug. 29, 2019) (similar).

[4379749.5]                                          3                    Case No. 2:90-CV-00520-KJM-DB
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE

1   This means that the fact that the employer would not have necessarily sanctioned
2  the declarant's statements does not make them a matter outside the scope of their
3  employment.  *See Harris v. Itzhaki*, 183 F.3d 1043, 1048, 1054 (9th Cir. 1999) (statement
4  by assistant who shows building to prospective renters that "The owners don't want to rent
5  to Blacks" clearly "relates to a matter within the scope of the agency, i.e. showing empty
6  apartments"); *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 498 (9th Cir. 2015) (statement
7  by employee about plaintiff, "I'm done with that guy," was within scope of employment).

8   Here, all of the remaining disputed testimony involved current CDCR clinicians
9  reporting on issues that clearly concern a matter within the scope of their employment
10 relationship—specifically, their working conditions, compensation, and ability to care for
11 patients.  *See* Tr. 22:9-19; 23:11-15; 26:21-27:7; 46:10-12; 65:2-24; 67:10-68:2; 68:19-
12 69:8; 82:15-83:16; 109:16-25; 114:10-115:8; 116:9-14; 140:10-141:4; 146:25-147:19;
13 151:14-152:10; 154:8-155:13.  If Defendants did not agree with the concerns Plaintiffs'
14 witnesses reported, they had ample opportunity to challenge such statements through
15 cross-examination or the presentation of contrary evidence.

16  Defendants only provide two specific complaints about this testimony, and neither
17 make sense.  Defendants first assert that Dr. Franceschi did not know the "details" of the
18 salaries her employees could get at Kaiser or has personally "done any analysis" of salaries
19 clinicians are provided by other California employers.  Motion at 5.  The lack of a detailed
20 study on salaries not only has no relevance to the portions of the disputed testimony about
21 her staff's complaints about working conditions (*see* Tr. 65:2-20, 82:15-83:16), but also
22 does not negate the declarants' (her staff's) knowledge that they will make more at their
23 new jobs at Kaiser (*see* Tr. 65:21-24, 67:10-68:2, 68:19-69:8).  Second, that Ms. Reinhold
24 possibly is not "very familiar" with the hiring process (Motion at 5) is irrelevant because
25 the disputed statements from her testimony have nothing to do with hiring—they all
26 pertain to concerns raised by staff already employed by CDCR that led them to resign or
27 consider resigning, including issues with compensation, lack of upward mobility, and
28 working conditions.  *See* Tr. 140:10-141:4; 146:25-147:19; 151:14-152:10; 154:8-155:13.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion to Strike except as to the testimony at Tr. 21:4-14 and 155:14-23, thus overruling Defendants' objections to the testimony at Tr. 22:9-19; 23:11-15; 26:21-27:7; 46:10-12; 65:2-24; 67:10-68:2; 68:19-69:8; 82:15-83:16; 109:16-25; 114:10-115:8; 116:9-14; 140:10-141:4; 146:25-147:19; 151:14-152:10; 154:8-155:13.

## CERTIFICATION

Plaintiffs' counsel certifies that she reviewed the following orders in preparing this filing: ECF Nos. 5711, 7742, 8006.

DATED:  October 26, 2023         Respectfully submitted,

                                 ROSEN BIEN GALVAN & GRUNFELD LLP

                                 By: */s/ Adrienne Pon Harrold*
                                     Adrienne Pon Harrold

                                 Attorneys for Plaintiffs