ROB BONTA, State Bar No. 202668
Attorney General of California
MONICA N. ANDERSON, State Bar No. 182970
Senior Assistant Attorney General
DAMON MCCLAIN, State Bar No. 209508
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
NAMRATA KOTWANI, State Bar No. 308741
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7318
  Fax: (916) 324-5205
  E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

HANSON BRIDGETT LLP
LAWRENCE M. CIRELLI, SBN 114710
PAUL B. MELLO, SBN 179755
SAMANTHA D. WOLFF, SBN 240280
KAYLEN KADOTANI, SBN 294114
LAUREL O'CONNOR, SBN 305478
DAVID C. CASARRUBIAS, SBN 321994
CARSON R. NIELLO, SBN 329970
1676 N. CALIFORNIA BLVD., SUITE 620
WALNUT CREEK, CALIFORNIA 94596
TELEPHONE:   925-746-8460
FACSIMILE:   925-746-8490
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GAVIN NEWSOM, et al.<br><br>    Defendants. | Case No. 2:90-CV-00520- KJM-DB<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF CLOSING BRIEF REGARDING STAFFING CONTEMPT (ECF Nos. 8020, 8022)**<br><br>Judge:   Hon. Kimberly J. Mueller |

20088887.1

DEFENDANTS' OBJECTIONS TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF CLOSING BRIEF REGARDING STAFFING CONTEMPT (ECF Nos. 8020, 8022)

Defendants hereby object to Plaintiffs' Request for Judicial Notice (RJN) filed in support of their Closing Brief Regarding Staffing Contempt (ECF Nos. 8020, 8022[1]), on the grounds set forth below.

I.   **LEGAL STANDARD**

"Judicial notice is a powerful tool that must be used with caution." *Daniel v. Cook County*, 833 F.3d 728, 742 (7th Cir. 2016). Although courts have broad discretion to take judicial notice, doing so is "a highly limited process." *Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC*, 369 F.3d 1197, 1204-1205 (11th Cir. 2004).

Judicial notice of adjudicative facts is governed by Federal Rule of Evidence (FRE) 201. FRE 201(b) provides that "[t]he court *may* judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." (Emphasis added.) Plaintiffs concede that their RJN is based only on the latter category. ECF No. 8022-1, at 3:2-4, 4:20-22.

Critically, just because a matter may not be reasonably disputable (and thus subject to judicial notice) does not make it admissible under the rules of evidence. As with evidence generally, the matter to be judicially noticed must satisfy the other rules of admissibility, such as relevance,[2] foundation,[3] and hearsay.[4]

---

[1] Plaintiffs filed their RJN on October 19, 2023 (ECF No. 8020), followed by a corrected version on October 20, 2023 (ECF No. 8022). All citations herein to Plaintiffs' RJN will be made to the version filed under ECF No. 8022 and to the page numbers on the top of the page.

[2] FRE 402; *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *KXTV, LLC v. U.S. Citizenship and Immig. Servs.*, 2:19-cv-00415-JAM-CKD, 2020 WL 1082779, at *3 (E.D. Cal. Mar. 6, 2020)("a court should not take judicial notice of adjudicative facts that are irrelevant to the case at issue"); *Johnson v. Morgin*, 18-cv-07253-SVK, 2020 WL 13836377, at *3 (N.D. Cal. Oct. 29, 2020); *Vallot v. Central Gulf Lines, Inc.*, 641 F.2d 347, 350 (5th Cir. 1981).

[3] *1-800-411 Pain Referral Serv., LLC v. Otto*, 744 F.3d 1045, 1063, fn. 13 (8th Cir. 2014).

[4] FRE 801, *et seq*.; *1-800-411 Pain Referral*, 744 F.3d at 1063, fn. 13; *Peace and Freedom Party v. Bowen*, 912 F.Supp.2d 905, 907 (E.D. Cal. 2012) ("A court may take judicial notice of *non-hearsay* evidence that 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'") (emphasis added); *Hunt v. Rodriguez*, CIV S-06-0141-MCE-

20088887.1

2

DEFENDANTS' OBJECTIONS TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF CLOSING BRIEF REGARDING STAFFING CONTEMPT (ECF Nos. 8020, 8022)

## II. DEFENDANTS' OBJECTIONS

Plaintiffs RJN can be broken down into three categories: (1) publicly-filed documents in a separate lawsuit from the Northern District of California, *Plata v. Newsom* (Exhibits A-E); (2) a publicly-filed document from three lawsuits, including this one (Exhibit F); and (3) purported inflation calculations from government websites. ECF No. 8022-1, at 3:1-4:18.

### A. Publicly-filed documents from *Plata v. Newsom* (Exhibits A-E)

Exhibits A-E of Plaintiffs' RJN are court records from *Plata v. Newsom*, 01-CV-01351-JST, a separate action currently pending in the Northern District of California ("*Plata*"). These exhibits include a motion and appendix of exhibits filed by the Receiver; two court orders; and a report prepared by California Correctional Health Care Services (CCHCS).

Defendants object to Plaintiffs' request for judicial notice of Exhibits A-E on grounds of relevance. *See*, *supra,* footnote 2. These court filings from a separate lawsuit involving different parties, facts, and legal issues, have no direct relevance to the matters at issue in the present action. What the Court-appointed Receiver in the *Plata* action sought to do with respect to waivers of state law to address *medical* provider staffing numerous years ago, and the Northern District's response thereto, have no bearing on the specific facts and issues in the present case. Further, there is no evidence before this Court that relates to the current medical provider staffing market or that shows a correlation between the medical provider and mental healthcare provider staffing markets that supports the relevance of these exhibits.

Defendants further object to the admissibility of Exhibits A-E because Plaintiffs have not set forth the specific facts that they contend are subject to judicial notice. FRE 201; *Abu-Joudeh v. Schneider*, 954 F.3d 842, 848 (6th Cir. 2020) ("courts do not take judicial notice of documents, they take judicial notice of facts . . . . The existence of a document could be such a fact, but only if the other requirements of Rule 201 are met"); *AGA & Titan Inc. v. United Specialty Ins. Co.*, 2:20-cv-02698-MCS-AS, 2022 WL 3573918, at *2 (C.D. Cal. Apr. 6, 2022). In their RJN, Plaintiffs do

---

GGH-P, 2009 WL 173070, at *3-4 (E.D. Cal. Jan. 26, 2009) ("[moving party] must demonstrate how the substance and content of the records for which defendant seeks judicial notice do not run afoul of the rules governing hearsay and exceptions thereto.").

not identify any specific facts from these documents that are subject to judicial notice. At most, other than listing these documents, Plaintiffs suggest that they support an inference with respect to Defendants' staffing efforts (which is ultimately irrelevant, as they draw no correlation or similarities between medical and mental health provider staffing markets). But that alone is not sufficient for purposes of requesting judicial notice.

Furthermore, while it is true that district courts *may* take judicial notice of documents filed in other federal or state court cases, the extent and scope of such notice is limited to establish the existence of the litigation and the subject filings, but the court may ***not*** take judicial notice of the truth of the matters asserted in the other litigation. *Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003) (overruled on other grounds in *Albino v. Baca*, 747 F.3d 1162, 1168-69 (9th Cir. 2014)); *Sidorov v. Transamerica Life Ins. Co.*, 2:17-cv-00002-KJM-DB, 2018 WL 4214913, at *2, fn. 2 (E.D. Cal. Sep. 5, 2018)("The court may judicially notice that [other court records] exist. . . . But the court cannot judicially notice the facts or opinions recited within them."); *Marsh v. San Diego County*, 432 F.Supp.2d 1035, 1043 (S.D. Cal. 2006)(same).

The same general framework applies here. To the extent the Court is inclined to grant Plaintiffs' request to take judicial notice of Exhibits A-E, the scope and application of these documents must be limited consistent with the above. In other words, at most, the Court may take judicial notice that Exhibits A-E exist in the court file for the *Plata* action, but the truth of the matters asserted in Exhibits A-E are not subject to judicial notice. As a result, if judicial notice is granted, the Court should ultimately reject Plaintiffs' reference to and reliance on these documents to support the argument in their Closing Brief that Defendants' attempts to address staffing are insufficient based on any purported statements or findings in the *Plata* action. Applying these records from the *Plata* action to this case is an improper use of the judicial notice mechanism.

It also bears noting that Plaintiffs could have, but chose not to, call employees from CCHCS to testify during the proceeding as to these matters in *Plata* so as to lay a foundation and establish relevance of these documents. They did not, and cannot do so now through this limited judicial mechanism. Indeed, these documents (Exhibits A-E) previously appeared on Plaintiffs' Exhibit List as exhibits PL-001, PL-002, PL-003, PL-005, PL-013, and PL-100 (*see* ECF No.

1  8022-1 at ¶¶1-6; *see also* ECF No. 8002), but as this Court noted in its recent October 18, 2023
2  order, neither party moved to admit these exhibits into evidence. ECF No. 8016 at 2:1-3.
3  Accordingly, "[t]hese exhibits thus are NOT part of the record." ECF No. 8016 at 2:3.
4     Defendants further object to Exhibits A-E on the grounds of hearsay. *See*, *supra*, footnote
5  4. Indeed, these court filings are, on their face, hearsay documents, and Plaintiffs have not
6  established any applicable hearsay exceptions that would permit these records to be admissible in
7  this action.
8     For these reasons, the Court should deny Plaintiffs' request to take judicial notice of
9  Exhibits A-E.

10     **B.     A publicly-filed Order filed in *Plata*, *Coleman*, and *Perez* (Exhibit F)**
11     Exhibit F is an Order filed on May 29, 2007 in three cases, including the instant action,
12  *Plata*, *supra*, and *Perez v. Tilton* (No. C 05-05241 JSW (N.D. Cal.)), which references certain
13  proposed agreements presented by the Receiver in *Plata*, Special Master in *Coleman*, and Court
14  Representatives in *Perez* and grants the parties until June 15, 2007 to file a response to the request
15  for court approval of these agreements. Plaintiffs rely on this Exhibit to reference a purported
16  statement by the *Plata* Receiver with respect to the possibility of assuming responsibility for
17  hiring mental health personnel if certain conditions were met in the future. ECF Nos. 8021, 13:16-
18  23; 8022-1, 125:13-16.
19     Defendants object to Exhibit F on grounds of relevance. *See*, *supra,* footnote 2.  Just like
20  Exhibits A-E, above, this Exhibit – and specifically the reference to what was said by the *Plata*
21  Receiver – has no direct connection to the relevant matters currently at issue before the Court.
22  Indeed, the *Plata* action involves different parties, facts, and legal issues, and what the *Plata*
23  Receiver may have considered *back in 2007* is in no way germane to issues currently being
24  litigated here in 2023. And, as noted in Defendants' objections to Exhibits A-E, Exhibit F
25  previously appeared on Plaintiffs' Exhibit List but was never moved into evidence. ECF No. 8016
26  at 2:2. Plaintiffs could have called a witness during the hearing to establish the relevance and
27  foundation of this document but chose not to.
28     Defendants further object to Exhibit F on the grounds that Plaintiffs have failed to establish

a sufficient basis for the Court to grant the request to take judicial notice  Judicial notice is only proper for a "fact that is not subject to reasonable dispute." FRE 201(b); see also, *Abu-Joudeh*, *supra,* 954 F.3d at 848; *AGA & Titan Inc.*, *supra*, 2022 WL 3573918, at *2. Here, Plaintiffs rely on this Order to reference a 2007 proposal by the *Plata* Receiver about the possibility of assuming responsibility for mental health hiring if and when certain conditions are met in the future. The Order does not adopt or otherwise make any findings with respect to this proposal, and instead simply sets a deadline for the parties to file a response. ECF 8022-1, 121:9-15. What the *Plata* Receiver may have considered back in 2007 is not the type of indisputable fact that warrants judicial notice.  In short, Plaintiffs have not demonstrated a sufficient basis for the Court to take judicial notice of this Exhibit.  If, however, the Court is inclined to take judicial notice of Exhibit F, then the scope of such notice must be limited to the existence of the document in the court file, and not for the truth of any matter set forth therein. This is particularly true since the portion of Exhibit F that Plaintiffs rely on is based on an alleged statement by the *Plata* Receiver.

Finally, Defendants object to Exhibit F on the grounds of hearsay. *See*, *supra,* footnote 4. On its face, this document contains hearsay and Plaintiffs seek judicial notice of this document to establish the truth of the matters set forth in this document. Plaintiffs have not established any applicable exceptions to the rule against hearsay, and therefore the request is improper.

For the reasons above, the Court should deny Plaintiffs' request for judicial notice of Exhibit F.

### C. California and Federal CPT Calculator "Facts"

Plaintiffs also seek judicial notice of certain "facts" about state and national inflation rates that were purportedly calculated using online calculation tools. ECF No. 8022-1, 3:27-4:18.

Defendants object to these "facts" on grounds that Plaintiffs have not established that these matters should be subject to judicial notice. Plaintiffs claim that these websites calculate the state and nationwide inflation rates, but Plaintiffs have failed to lay an adequate foundation that demonstrates that these "facts" are not subject to reasonable dispute. FRE 201(b). First, the California Dept. of Industrial Relations website provided by Plaintiffs makes no reference to "inflation," but is instead a "consumer price index calculator." Plaintiffs have not explained how

20088887.1

6

DEFENDANTS' OBJECTIONS TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF CLOSING BRIEF REGARDING STAFFING CONTEMPT (ECF Nos. 8020, 8022)

this tool relates to inflation, how the tool works, or whether the data from this tool produces indisputable results. The Court should thus deny Plaintiffs' request because Plaintiffs have not sufficiently demonstrated that the accuracy of this tool "cannot reasonably be questioned." FRE 201(b).

Second, the U.S. Bureau of Labor Statistics website provided by Plaintiffs also fails to satisfy the foundational requirements for FRE 201 for the same reasons as above. In addition, the purported data produced by this calculation tool is reflected as the "buying power" of $1.00. In their RJN, Plaintiffs claim that this outcome is representative of a 19% inflation rate. ECF No. 8022-1, 4:10-18. However, Plaintiffs have not explained how they reached this conclusion. In effect, Plaintiffs are asking the Court to make an improper inference in order to fill the gap between the data produced by the calculator and the claimed inflation rate argued by Plaintiffs. As a result, Plaintiffs have failed to establish the foundational requirements of FRE 201 and have not demonstrated that that the purported fact is not subject to reasonable dispute.

Defendants further object to these "facts" on the grounds of relevance. Plaintiffs suggest that Defendants have not been committed to raising salaries of mental healthcare workers because the "latest union agreement doesn't even keep up with inflation that occurred between 2020 and 2023…" *Id.*, 6:6-7 (citing Dr. Brown's testimony). But this argument is both misleading and irrelevant. Whether salaries have kept up with state-wide or nationwide inflation rates is not a fair or relevant framework in this case because Defendants are already paying their mental healthcare providers more than the state and national averages for similar positions. ECF No. 8019, 21:13-22:10. So even if, assuming *arguendo*, salaries have not kept up with inflation rates, Defendants' salary rates are nonetheless very competitive when compared to what similarly-qualified mental healthcare providers receive throughout the state and across the nation. In other words, the relevant comparison is not what salaries are in relation to inflation rates, but rather what salaries are in comparison to other employers.

For these reasons, the Court should not take judicial notice of the purported inflation rates and "calculator facts" described in Plaintiffs' RJN.

///

20088887.1

7

DEFENDANTS' OBJECTIONS TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF CLOSING BRIEF REGARDING STAFFING CONTEMPT (ECF Nos. 8020, 8022)

III.  **CERTIFICATION**

The undersigned certify that they have reviewed the following orders in the preparation of this document: ECF No. 2247, 8016.

DATED: October 31, 2023

ROB BONTA
Attorney General of California
DAMON MCCLAIN
Supervising Deputy Attorney General

By: */s/ Elise Owens Thorn*
ELISE OWENS THORN
Deputy Attorney General
*Attorneys for Defendants*

DATED:  October 31, 2023

HANSON BRIDGETT LLP

By: */s/ Kaylen Kadotani*
LAWRENCE M. CIRELLI
PAUL B. MELLO
SAMANTHA D. WOLFF
KAYLEN KADOTANI
DAVID C. CASARRUBIAS
CARSON R. NIELLO
Attorneys for Defendants

20088887.1

8

DEFENDANTS' OBJECTIONS TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF CLOSING BRIEF REGARDING STAFFING CONTEMPT (ECF Nos. 8020, 8022)