Rob Bonta, State Bar No. 202668
Attorney General of California
Monica N. Anderson, State Bar No. 182970
Senior Assistant Attorney General
Damon McClain, State Bar No. 209508
Supervising Deputy Attorney General
Elise Owens Thorn, State Bar No. 145931
Namrata Kotwani, State Bar No. 308741
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7318
  Fax: (916) 324-5205
  E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

HANSON BRIDGETT LLP
Lawrence M. Cirelli, SBN 114710
Paul B. Mello, SBN 179755
Samantha D. Wolff, SBN 240280
Kaylen Kadotani, SBN 294114
Laurel O'Connor, SBN 305478
David C. Casarrubias, SBN 321994
Carson R. Niello, SBN 329970
1676 N. California Blvd., Suite 620
Walnut Creek, California 94596
Telephone:   925-746-8460
Facsimile:   925-746-8490
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, et al.<br><br>    Defendants. | Case No. 2:90-CV-00520- KJM-DB<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE HEARSAY**<br><br>Judge:   Hon. Kimberly J. Mueller |

## I.   INTRODUCTION

As an initial matter, and as stated in their opposition, Plaintiffs are willing to acquiesce to Defendants' request to strike portions of hearsay testimony that includes statements by non-CDCR employees. ECF No. 8035 ("Opposition") at 3; *see* October 5, 2023 Hearing Tr. at pp. 21:4-14; 155:14-23. The remainder of Plaintiffs' opposition to Defendants' motion to strike, however, relies on mistaken assumptions about what constitutes matters within the scope of employment under Federal Rule of Evidence 801(d)(2)(D). In an effort to overcome the hearsay contained in the disputed testimony, Plaintiffs assert that statements made by mental health providers concerning

compensation and salaries constitute vicarious admissions by a party opponent. *See* Opposition at 4. But the case law on which Plaintiffs rely illustrates why the disputed out-of-court statements do not fit within the exception to hearsay for admission by party opponents. Because Plaintiffs' analysis is factually and legally flawed, the Court should grant Defendants' motion to strike the disputed testimony. *See* October 5, 2023 Hearing Tr. at pp. 22:9-19; 23:11-15; 26:21-27:7; 46:10-12; 65:2-24; 67:10-68:2; 68:19-69:8; 82:15-83:16; 109:16-25; 114:10-115:8; 116:9-14; 140:10-141:4; 146:25-147:19; 151:14-152:10; 154:8-155:23.

## II.     ARGUMENT

### A.     The Statements by CDCR Mental Health Providers Regarding the Impact of CDCR Salaries and Compensation Outside of CDCR Do Not Concern Matters Within the Scope of their Employment

There is no dispute that an out-of-court statement is a non-hearsay party admission if it: (1) was made by an employee of the party against whom the statement is offered, (2) was made while the declarant was employed by the party, and (3) concerns a matter within the declarant's scope of employment. *See* Federal Rule of Evidence 801(d)(2)(D); *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1004 (9th Cir. 2002); *Weil v. Citizens Telecom Servs. Co., LLC*, 922 F.3d 993, 999 (9th Cir. 2019). With respect to two of the statements in dispute, Plaintiffs argue that the declarant's employment status with CDCR, at the time the statements were made, renders the statements admissible under the party-opponent exception to the hearsay rule. *See* Opposition at 3; *see also* October 5, 2023 Hearing Tr. at pp. 17:19-23; 19:1-4; 22:9-19; 23:11-15. But this argument presupposes that the declarants were CDCR employees at the time the statements were made. And Plaintiffs failed to establish that the exit interviews occurred while the declarants were still employed by CDCR. *See generally* October 5, 2023 Hearing Tr. Thus, the record does not support Plaintiffs' assumption, and these statements should be stricken for this independent reason. *See* Fed. R. Evid. 801(d)(2)(D) (requirement that opposing party's statement must be made by employee during the existence of the employment relationship).

Even to the extent that these statements were made by CDCR employees, however, they do not concern matters that are within the scope of mental health providers' employment such that the statements would constitute vicarious admissions by CDCR. *See* Fed. R. Evid. 801(d)(2)(D); *see*

*also Pfingston*, 284 F.3d at 1004 (employee's statement regarding employer's request for federal funding inadmissible because plaintiff failed to provide any description showing employee's job duties had anything to do with employer's request for federal funding).  Further, when analyzing the admissibility of employer's out-of-court statements under Rule 801(d)(2)(D), the Ninth Circuit has based its determination on whether a declarant's statements "clearly indicate an ability to communicate information on behalf of [his/her employer]." *In re Coordinated Pretrial Proc. in Petroleum Prod. Antitrust Litig.*, 906 F.2d 432, 458 (9th Cir. 1990).

Here, all of the declarants whose statements are in dispute were lower level employees compared to Dr. Alexandra David, Dr. Kelley Franceschi, and Dr. Shelly Minor.  *See* October 5, 2023 Hearing Tr. at pp. 21:4-14; 22:9-19; 23:11-15; 26:21-27:7; 46:10-12; 65:2-24; 67:10-68:2; 68:19-69:8; 82:15-83:16; 109:16-25; 114:10-115:8; 116:9-14; 140:10-141:4; 146:25-147:19; 151:14-152:10; 154:8-155:23.  Further, Plaintiffs have not established that any of the declarants' job duties entailed discussion or assessment of compensation at CDCR – and outside of CDCR – or the impact of compensation on employment at CDCR.  Further, there is no indication that any of the declarants had the ability to communicate on behalf of CDCR about matters concerning salaries or compensation.  *Cf. In re Coordinated Pretrial Proc.*, 906 F.2d at 458 (statements concerned a matter within the scope of declarant's employment "[s]ince the statements clearly indicate[d] an ability to communicate information on behalf of [employer].").  Plaintiffs have, therefore, not established the necessary foundation to show that statements regarding compensation concern matters within the scope of the mental health providers' employment.

Indeed, even two of Plaintiffs' witnesses – both of whom were superiors to the declarants – lacked personal knowledge of issues relating to salaries and the impact of compensation at CDCR, which are the subjects of the declarants' out-of-court statements.  *See* October 5, 2023 Hearing Tr. at p. 91:13-22 (Dr. Franceschi admitting she does not know the details about the salaries she was informed of by Kaiser employees, and that she has not done any analysis of the salaries that other mental health staff receive in California); *see id.* at p. 142:25 (Angela Reinhold testifying during direct examination that she is not very familiar with the hiring process).  And there is no indication that statements regarding salaries or the impact of compensation related measures on employee

morale are within the scope of mental health providers' employment with CDCR.

B. **Plaintiffs' Case Law Demonstrates That the Declarants' Statements Do Not Concern Matters Within the Scope of Their Employment With CDCR**

Plaintiffs argue that all of the disputed testimony – including mental health providers' statements regarding salaries and compensation – concerns matters that are within the scope of the declarant's employment. *See generally* Opposition. But this argument relies on case law that illustrates why such statements do *not* concern matters within the scope of the declarants' employment. *See id.* at 2-4. For example, Plaintiffs cite to *Weil v. Citizens Telecom Servs. Co., LLC*, 922 F.3d 993, 999 (9th Cir. 2019) for the proposition that "a matter may fall within the scope of a declarant's employment even though the declarant did not have final decision-making authority on that matter." *See* Opposition at 3; *see also Weil*, 922 F.3d at 999. This argument is misplaced. In *Weil*, the court found that a statement by an employee's manager was admissible as a party-admission exception to hearsay because it concerned the reasons why the employee was not promoted. *Weil*, 922 F.3d at 1001. And critically, the statement concerned a matter within the scope of the manager's employment because the manager "was significantly involved in the process leading to the decision," which included considering the employee for the job by interviewing and conducting the employee's performance review. *Id.*

Here, the declarants are all mental health providers who are subordinates to Plaintiffs' witnesses—Dr. Alexandra David, Dr. Kelley Franceschi, Dr. Shelly Minor, and Angela Reinhold. Plaintiffs did not establish that any of the declarants had the ability to communicate about salaries and compensation on behalf of CDCR, much less that any of the declarants were "significantly involved" in any processes or decision related to compensation. *Weil*, 922 F.3d at 1001. The other cases to which Plaintiffs cite are similarly unhelpful. *See In re Sunset Bay Assocs.*, 944 F.2d 1503, 1519 (9th Cir. 1991) (statement involved instruction from declarant's superior to act in furtherance of a fraudulent scheme); *Cross v. Marshalls of MA, Inc.*, No. 18-CV-04230-SVK, 2019 WL 4082677, at *7 (N.D. Cal. Aug. 29, 2019) (statement concerned hiring and it was undisputed that declarants' job duties involved interviewing and hiring). Here, Plaintiffs did not establish that the lower level mental health providers' job duties involved discussing, or making

decisions concerning, salaries and compensation.

Finally, Plaintiffs argue that the fact that an employer would not have necessarily sanctioned a statement does not make it a matter outside the scope of the declarant's employment. *See* Opposition at 4; *see also Harris v. Itzhaki*, 183 F.3d 1043, 1048, 1054 (9th Cir. 1999). But this argument merely confuses the issues and has no bearing on the relevant analysis. The Court should evaluate whether the statement indicates an "ability to communicate information on behalf of [the declarant's employer]." *Cf. In re Coordinated Pretrial Proc.*, 906 F.2d at 458. Here, unlike the cases cited in Plaintiffs' Opposition, the statements in dispute do not indicate the declarants' ability to communicate on behalf of CDCR.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court strike the declarants' statements in the disputed testimony. *See* October 5, 2023 Hearing Tr. at pp. 22:9-19; 23:11-15; 26:21-27:7; 46:10-12; 65:2-24; 67:10-68:2; 68:19-69:8; 82:15-83:16; 109:16-25; 114:10-115:8; 116:9-14; 140:10-141:4; 146:25-147:19; 151:14-152:10; 154:8-155:23.

## IV. CERTIFICATION

Defendants' counsel certify that they reviewed the following orders in preparing this filing: ECF No. 8006.

/ / /

/ / /

/ / /

DATED: November 1, 2023

ROB BONTA
Attorney General of California

By: */s/ Elise Owens Thorn*
DAMON MCCLAIN
Supervising Deputy Attorney General
ELISE OWENS THORN
Deputy Attorney General
*Attorneys for Defendants*
20087026.1

5

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE HEARSAY

DATED: November 1, 2023

HANSON BRIDGETT LLP

By: /s/ Carson R. Niello
LAWRENCE M. CIRELLI
PAUL B. MELLO
SAMANTHA D. WOLFF
KAYLEN KADOTANI
DAVID C. CASARRUBIAS
CARSON R. NIELLO
Attorneys for Defendants