DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California  94710-1916
Telephone:   (510) 280-2621

CLAUDIA CENTER – 158255
DISABILITY RIGHTS EDUCATION
AND DEFENSE FUND, INC.
Ed Roberts Campus
3075 Adeline Street, Suite 210
Berkeley, California  94703-2578
Telephone:   (510) 644-2555

MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
LISA ELLS – 243657
JENNY S. YELIN – 273601
THOMAS NOLAN – 169692
MICHAEL S. NUNEZ – 280535
MARC J. SHINN-KRANTZ – 312968
ALEXANDER GOURSE – 321631
GINGER JACKSON-GLEICH – 324454
ADRIENNE PON HARROLD – 326640
AMY XU – 330707
MAYA E. CAMPBELL – 345180
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:   (415) 433-6830

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, et al.,<br><br>Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO THE SPECIAL MASTER'S PROPOSED RESOLUTION OF DATA REMEDIATION DISPUTES (PIP MAX CUSTODY) (ECF NO. 8039)**<br><br>Judge:  Hon. Kimberly J. Mueller |

[4383368.2]

Case No. 2:90-CV-00520-KJM-DB

PLS' RESP. TO DEFS' OBJECTIONS TO THE SPECIAL MASTER'S PROPOSED RESOLUTION OF DATA
REMEDIATION DISPUTES (PIP MAX CUSTODY) (ECF NO. 8039)

**INTRODUCTION**

The Special Master has recommended that Defendants create a new indicator to measure compliance with several components of CDCR's policy regarding Max custody patients housed in Psychiatric Inpatient Programs (PIPs). Defendants object to creation of the indicator. The Special Master's recommendation is appropriate and directly responsive to the Court's order directing him to evaluate whether the remedial provisions of the policy should be incorporated into the list of CQIT indicators. The Court should overrule Defendants' objections and adopt the Special Master's recommendation.

**ARGUMENT**

Defendants' Objections to the Special Master's Proposed Resolution of Data Remediation Dispute: Placeholder-PIP-Max Custody Review ("Defs' Objections") pretend that language in a stipulation of the parties can override a clear directive in a Court order. Defs' Objections, Oct. 27, 2023, ECF No. 8039. That is not so. The Court unequivocally directed the Special Master to consider whether "the provisions regarding TTMs" in the parties' November 19, 2021 stipulation regarding Max custody patients in Psychiatric Inpatient Programs "are, or should be, reflected in the list of CQIT indicators currently under review during the Twenty-Ninth Monitoring Round." Order, Feb. 7, 2022, ECF No. 7456 ¶ 4. In the same paragraph of that order, the Court referred to the parties' stipulation regarding Defendants' Plan to Treat Maximum Custody Patients in Psychiatric Inpatient Programs (*see* ECF No. 7392) as "the parties' stipulation regarding the use of Therapeutic Treatment Modules (TTMs) in inpatient settings." *Id.* The Court clearly intended to grant authority to the Special Master to determine whether all of the substantive provisions of Defendants' plan to treat MAX patients in PIPs should be included in the list of CQIT indicators, even though the Court did not reference the Max Custody Review memo by name.

Defendants' attempt to circumvent this unambiguous Court order by claiming that it cannot "invalidate, override, or modify any terms of the Court-approved stipulation" is unpersuasive. Defs' Objections at 7. Regardless of the parties' agreement in paragraph 15

1. of the stipulation that Defendants' Plan would not be included in the Program Guide or
2. Compendium, the Court was well within its authority to direct the Special Master to
3. examine whether the substantive provisions of the Plan should become part of CQIT.  The
4. Special Master has now made the reasoned decision that provisions of the Plan should be
5. measured in a new indicator, a decision that is independent of and does not conflict with
6. the Court-approved stipulation.  As he noted in his Recommendation, the Special Master
7. had a "historic practice of monitoring the quantity and quality of mental health care
8. treatment provided to class members on max custody status" even before the parties'
9. stipulation.  Defs' Objections at 13; *see also id.* at 12 n. 5 (Special Master's
10. Recommendation).  Defendants have known that the Special Master considers the
11. treatment of Max patients in inpatient programs a key remedial issue in the case.  And
12. when the Special Master reported on Defendants' compliance with their Max custody plan
13. in his most recent 30th Round Inpatient Report, Defendants did not object.  June 9, 2023
14. Order, ECF No. 7854 at 1-2 (adopting 30th Round Report and noting that neither party
15. filed objections).
16.       Defendants' current objections must be overruled in order to ensure compliance
17. with the Court's requirement that "each key indicator [] be designed and operationalized to
18. accurately capture the corresponding information gathered and reported on by the Special
19. Master."  May 24, 2023 Order, ECF No. 7847 at 7.  It is immaterial that the parties agreed
20. that Defendants' Plan would not be part of the Program Guide or Compendium; it is a
21. remedial plan addressing serious deficiencies long-identified through the Special Master's
22. monitoring, and the Special Master's recommendation that its key provisions now be
23. incorporated into a CQIT indicator is appropriate given the Court's instruction that CQIT
24. become the durable remedy in this case.  *See generally* Sept. 3, 2020 Order, ECF
25. No. 6846.
26.       There is no other reliable source of information regarding Max custody usage for
27. *Coleman* class members.  Defendants assert that they have voluntarily shared data
28. regarding trends in the Max custody census prior the parties' November 2021 stipulation,

*see* Defs' Objections at 6, but they have also acknowledged that the report that Plaintiffs previously relied on to see information and trends regarding the Max custody issues—the "Current Inpatient Census" report—is "an older report and not one that has or will be reviewed in data remediation."  Declaration of Jenny S. Yelin in Support of Plaintiffs' Response to Defendants' Objections to the Special Master's Proposed Resolution of Data Remediation Disputes (PIP Max Custody) ("Yelin Decl."), filed herewith ¶ 2 & Ex. A. And while Defendants claim Plaintiffs bargained away the right to transparent, accurate data, Defs' Objections at 6, Plaintiffs could not have been aware in 2021 that the information provided by Defendants upon which they had historically relied was unreliable and would not be remediated.  Nor in any event could Plaintiffs bargain away the Special Master's entitlement under the Order of Reference to receive the validated data necessary to monitor these important issues.  Defendants do not dispute that when their information-sharing obligations under the parties' stipulation expire in December 2023, *see* ECF No. 7392 at 3, there will be no transparent, accurate source of information about this population available to the Special Master, Court, or Plaintiffs without the proposed new indicator.

      The Court has already made clear that the final list of indicators must "accurately measure remedial requirements" and "[e]ach key indicator must substantively track the areas the Special Master has monitored so the court can assess defendants' compliance with the Eighth Amendment," with the goal of achieving a "transparent and accurate" data system.  May 24, 2023 Order at 1, 7.  Without the proposed new indicator, there will be a significant gap in what that system measures.  Defendants have a long track record of failing to provide adequate treatment to Max patients in the PIPs, and it is crucial that their obligations under their Plan continue to be monitored appropriately.  *See, e.g.*, Special Master's 29th Round Monitoring Report Part A – PIP Compliance, ECF No. 7555 at 43-44 ("[M]any Coleman patients on maximum custody status received virtually no structured treatment and limited out-of-cell time during the monitoring round and have not for years. Remedying this deficiency is essential for these class members to receive treatment

consistent with their rights under the Eighth Amendment."); Special Master's 30th Round Monitoring Report Part A – PIP Compliance, ECF No. 7833 at 56 (Max custody patients "continued to experience significant access to care issues in nearly all PIP institutions.").

## CONCLUSION

The Court should overrule Defendants' Objections and adopt the Special Master's recommendation to create a new indicator measuring adherence to Defendants' policy regarding Max custody patients in the PIPs.

## CERTIFICATION

Plaintiffs' counsel certifies that she reviewed the following Orders relevant to this filing: 8008, 7854, 7847, 7456, and 6846.

DATED: November 3, 2023               Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: /s/ Jenny S. Yelin
    Jenny S. Yelin

Attorneys for Plaintiffs