| | |
|---|---|
| DONALD SPECTER – 083925<br>STEVEN FAMA – 099641<br>MARGOT MENDELSON – 268583<br>PRISON LAW OFFICE<br>1917 Fifth Street<br>Berkeley, California  94710-1916<br>Telephone:   (510) 280-2621<br><br>CLAUDIA CENTER – 158255<br>DISABILITY RIGHTS EDUCATION<br>AND DEFENSE FUND, INC.<br>Ed Roberts Campus<br>3075 Adeline Street, Suite 210<br>Berkeley, California  94703-2578<br>Telephone:   (510) 644-2555 | MICHAEL W. BIEN – 096891<br>ERNEST GALVAN – 196065<br>LISA ELLS – 243657<br>JENNY S. YELIN – 273601<br>THOMAS NOLAN – 169692<br>MICHAEL S. NUNEZ – 280535<br>MARC J. SHINN-KRANTZ – 312968<br>ALEXANDER GOURSE – 321631<br>GINGER JACKSON-GLEICH – 324454<br>ADRIENNE PON HARROLD – 326640<br>AMY XU – 330707<br>ADRIENNE SPIEGEL – 330482<br>MAYA E. CAMPBELL – 345180<br>LUMA KHABBAZ – 351492<br>ROSEN BIEN<br>GALVAN & GRUNFELD LLP<br>101 Mission Street, Sixth Floor<br>San Francisco, California  94105-1738<br>Telephone:   (415) 433-6830 |

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>GAVIN NEWSOM, et al.,<br><br>          Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO SPECIAL MASTER'S OCTOBER 13, 2023 DATA REMEDIATION STATUS REPORT**<br><br>Judge:  Hon. Kimberly J. Mueller |

[4409651.3]

1    On October 13, 2023, the Special Master filed a status update on data remediation ("Report").  ECF No. 8011.  On November 13, 2023, Defendants filed objections ("Objections").  ECF No. 8065.  On December 13, 2023, the Court ordered Plaintiffs to respond to Defendants' objections.  ECF No. 8081.

The Special Master's Report outlines progress on the data remediation process through September 2023.  Report at 3 (summarizing status of provisionally approved key indicators as of September 19), 6 (summarizing status of placeholder indicators as of September 30).  Based on the progress to date and the ongoing work, the Special Master recommends no extension of the existing deadline of December 31, 2023 "to substantially complete remediation of the 153 indicators derived from the original list of provisionally approved indicators," and suggests the parties "continue working toward" the "goal" set by that existing deadline.  Report at 8-9; *see also* Oct. 11, 2023 Order, ECF No. 8008 at 2.  The Report further recommends that the Court grant a three-month extension of time for the parties "to complete remediation of all indicators, including placeholders and any other new indicators."  Report at 9.  Finally, the Special Master seeks provisional court approval of certain "new" and "extended" placeholder indicators agreed to by the parties in order to permit remediation of those measures.  *Id.*

Defendants object to only the first two recommendations, regarding remediation deadlines, on the grounds that they are "unrealistic."  *See* Objections at 6-7.  Defendants request instead that the Court impose no deadlines at all on the data remediation process, and, in lieu of a fixed end date, simply order Defendants to provide quarterly progress updates.  *Id.* at 7.

Since the time of Defendants' objections, the parties have continued working diligently toward the December 31, 2023 target.  At the December 19, 2023 BRMR stakeholder meeting, Defendants reported that, as of December 15, 86 of the original key indicators had been successfully remediated; another 23 were in the final review stages.  For the 94 new placeholder indicators, Defendants reported that CDCR had completed, and the Special Master and Plaintiffs had commented on, 80% of the new indicators, and 54%

of them had already been discussed in BRMR.  The remediation process is continuing unabated through the upcoming holiday season, and further headway can be expected before the end of year deadline.  While work certainly remains to be done, the parties have, as the Special Master reported, worked hard and made major headway on "this complex and taxing project."  Report at 8.

Despite the parties' efforts, however, it is apparent that the original indicators will not be fully remediated by the December 31, 2023 deadline, and significant work remains ahead both as to the placeholder and other planned new indicators, as well as potential additional indicators identified by Plaintiffs as necessary to measure unaddressed key remedial requirements, which remain unresolved.  *See* Report at 2.  Based on the current status to date, full completion of all remediation steps by March 31, 2024 is, in Plaintiffs' view, not realistically achievable, although two or three months of additional time beyond that should suffice.

At a fundamental level, however, Plaintiffs disagree with Defendants' alternative proposal for next steps in data remediation.  It is critical that the parties have a clear and specific deadline for this project to focus their efforts and ensure the process does not indefinitely drag on or get put on the backburner as other case priorities necessarily crop up.  And periodic reporting on the status of the project should remain the responsibility of the Special Master, not Defendants.  In contrast to the Special Master's concise, even-handed status reports, Defendants' prior updates on data remediation spawned needless litigation and divisiveness that distracted from the process.  *See* Tr. Apr. 22, 2022 Status Conference at 8:19-10:1 (discussing prior data remediation activation schedule filings by Defendants that resulted in "unnecessary legal argument and hyperbole"); *see also* ECF No. 7523 (Defs' Apr. 7, 2022 data remediation activation schedule and statement of issues); ECF No. 7528 (Pls' court-ordered response).

Plaintiffs request that the Court order the Special Master, rather than Defendants, to file quarterly updates on the parties' progress toward completing the data remediation process, with the next one to be submitted by approximately mid-January 2024 (three

months after the Special Master's late update). In addition to reporting on progress to date, the Court should request that the Special Master provide an updated recommendation regarding the final deadline for completion of all data activation work, as well as any workflow or process changes he recommends in furtherance of promptly completing this critical project.

## CERTIFICATION

Plaintiffs' counsel certifies that she reviewed the following orders in preparing this filing: ECF Nos. 8081, 8008, 7847, 7695, 7541, 7462, 7285, 7216.

DATED:  December 22, 2023         Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By:  */s/ Lisa Ells*
        Lisa Ells

Attorneys for Plaintiffs