Rob Bonta, State Bar No. 202668
Attorney General of California
Monica N. Anderson, State Bar No. 182970
Senior Assistant Attorney General
Damon McClain, State Bar No. 209508
Supervising Deputy Attorney General
Elise Owens Thorn, State Bar No. 145931
Namrata Kotwani, State Bar No. 308741
Deputy Attorneys General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 510-4431
  Fax: (415) 703-5843
  E-mail: Namrata.Kotwani@doj.ca.gov
*Attorneys for Defendants*

Paul B. Mello, State Bar No. 179755
Samantha D. Wolff, State Bar No. 240280
David C. Casarrubias, State Bar No. 321994
Hanson Bridgett LLP
  1676 N. California Boulevard, Suite 620
  Walnut Creek, CA 94596
  Telephone: (925) 746-8460
  Fax: (925) 746-8490
  E-mail: PMello@hansonbridgett.com
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                              Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>                              Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**REPLY BRIEF RE MOTION TO EXCLUDE PIP MAX CUSTODY PLACEHOLDER INDICATOR FROM CQIT AND ENFORCE SETTLEMENT** |

## INTRODUCTION

Notwithstanding Plaintiffs' efforts to read new meaning into the parties' TTM Stipulation, this Court must not rewrite its prior order excluding CDCR's PIP Max Custody Review Policy from the remedy in this case. The Special Master's recommendation to create a new CQIT indicator to measure compliance with this policy—which was deliberately and clearly excluded from the remedy—violates the material terms of the TTM Stipulation. This policy must therefore be excluded from CQIT.

20256537.2            1

Reply re Motion to Exclude PIP Max Custody Placeholder Indicator from CQIT & Enforce Settlement
(2:90-cv-00520 KJM-DB (PC))

I. **PLAINTIFFS MISCONSTRUE THE TERM "REMEDY" IN THE TTM STIPULATION.**

Plaintiffs argue that the TTM Stipulation is undeniably a remedial Court order and part of the remedy in this case. (ECF No. 8084 at 7.) But if that were true, then it would be a remedy in search of a harm because there are no findings in this case that Defendants use of TTMs violates the Constitution or that restrictions on the use of TTMs are necessary to avoid a constitutional violation. The parties chose to settle this issue without presenting their competing views about the constitutionality of TTMs to the Court for resolution, and agreed to terms excluding the settlement from the remedy in the case. Absent any findings of unconstitutionality, this Court should not order implementation of a new remedy, particularly where the parties agreed otherwise.

Furthermore, it is clear that the use of the phrase "entire remedy" in the TTM Stipulation was to indicate that the provisions of the settlement *fully* resolved the TTM dispute. (ECF No. 7381 at ¶15.) In any event, Plaintiffs' extensive briefing does not identify any court order or remedial document in which the Court found that the use of TTMs to treat patients was unconstitutional or that restrictions on the use of TTMs are constitutionally required. (*See also* Defs. Mot., ECF No. 8076, at 6:21-7:8 (enumerating specific orders describing the *Coleman* remedial framework).) While the TTM Stipulation fully resolved the parties' dispute, by its own terms, it was excluded from the *Coleman* remedy. (ECF No. 7381 at ¶ 15; *see also* ECF Nos. 7380 at 4-5 (the language in paragraph 15 was "critical in particular to Defendants' agreement to the Stipulation")).  So too, then, must the PIP Max Custody Review Policy be excluded from CQIT.

II. **PLAINTIFFS ARE INCORRECT ABOUT THE SCOPE OF THE SPECIAL MASTER'S POWERS AND MISCONSTRUE CQIT.**

Plaintiffs argue that "the Special Master correctly determined that the court-ordered Max custody review process contained in the TTM Stipulation is specifically designed to address the ongoing, severe impediments to care faced by high-custody patients in the PIPs, and the Special Master has monitored it for that very reason as stated in his Report." (ECF No. 8084 at 11.) But it is not the Special Master's role to determine what is a constitutional violation in need of a remedy

20256537.2                                2

Reply re Motion to Exclude PIP Max Custody Placeholder Indicator from CQIT & Enforce Settlement
(2:90-cv-00520 KJM-DB (PC))

and what is not—this is exclusively the domain of the Court. And this Court has never found that the use of TTMs is a constitutional harm that must be remedied.

Defendants agree that they are obligated to comply with the substantive terms of the TTM Stipulation, and Plaintiffs present no evidence of a violation of those terms. But compliance with the TTM Stipulation is not properly a subject of CQIT, which is meant to be a distillation of the core remedial requirements in this case, not a catch-all system for monitoring anything remotely related to the *Coleman* remedy. (*See* ECF Nos. 6846 at 28; 6996 at 8; 7216 at 4.) The TTM Stipulation is not a core requirement or a part of the *Coleman* remedy. It should therefore not be included in CQIT.

### III. PLAINTIFFS MISCONSTRUE *PARSONS V. RYAN*.

Plaintiffs cite *Parsons v. Ryan* to argue that creating the proposed placeholder indicator "would simply be an implementation of an existing remedy, which does not require new PLRA findings." *See Parsons v. Ryan*, 912 F.3d 486, 501 (9th Cir. 2018). However, the facts in that case are clearly distinguishable. In *Parsons*, the Ninth Circuit found that "in approving the Stipulation, the district court held "[b]ased upon the entire record in this case and the parties' Stipulation" that the Stipulation was "necessary to correct the violations of the Federal right of the Plaintiffs." Here, there is no such finding regarding the TTM Stipulation. Plaintiffs do not identify any Court order or remedial document that states the use of TTMs violates the Eighth Amendment or that limitations on the use of TTMs to treat Max Custody patients are necessary to remedy a constitutional violation. Instead, Plaintiffs contend that if the Special Master elects to monitor an aspect of care, that component is automatically designated as part of the *Coleman* remedy. But this ignores the parties' stipulation—and this Court's subsequent order—explicitly excluding this particular policy from the remedy in this case.

### CONCLUSION

The TTM Stipulation, by its own terms, is excluded from the remedy in this case and should not be included in CQIT.

/ / /

/ / /

20256537.2

3

Reply re Motion to Exclude PIP Max Custody Placeholder Indicator from CQIT & Enforce Settlement
(2:90-cv-00520 KJM-DB (PC))

**CERTIFICATION**

The undersigned certify that they have read the following orders in preparing this motion: ECF Nos. 640; 6846; 6996; 7216; 7246; 7456; 7695; 7847; and 8069.

Dated: December 26, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
DAMON MCCLAIN
Supervising Deputy Attorney General

*/s/ Namrata Kotwani*
Namrata Kotwani
Deputy Attorney General
*Attorneys for Defendants*

Dated:  December 26, 2023

HANSON BRIDGETT LLP

*/s/ Samantha D. Wolff*
PAUL MELLO
SAMANTHA D. WOLFF
*Attorneys for Defendants*

20256537.2

4

Reply re Motion to Exclude PIP Max Custody Placeholder Indicator from CQIT & Enforce Settlement
(2:90-cv-00520 KJM-DB (PC))