UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>   v.<br><br>GAVIN NEWSOM, et al.,<br><br>    Defendants. | No. 2:90-cv-0520 KJM DB P<br><br>ORDER |

Defendants have filed a motion to exclude the California Department of Corrections and Rehabilitation (CDCR) policy, which provides for review of maximum custody inmate-patients placed in CDCR's Psychiatric Inpatient Programs (PIPs) (hereafter PIP Max Custody Review Policy), from the continuous quality improvement tool (CQIT). ECF No. 8076; *see also* November 16, 2023 Order, ECF No. 8069, at 13. Plaintiffs oppose the motion. ECF No. 8084. For the reasons explained in this order, this matter is set for a videoconference hearing before the undersigned on February 7, 2024, at 10:00 a.m.

CQIT "'is a comprehensive tool that, once finalized, defendants will ultimately use as part of a process to "self-monitor" the key components of the remedy in this action.'" July 1, 2021 Order, ECF No. 7216, at 2 (quoting September 3, 2020 Order, ECF No. 6846, at 10 (internal citation omitted)). The PIP Max Custody Review policy was developed and implemented as part of a settlement agreement between the parties allowing defendants to use Therapeutic

1

1    Treatment Modules (TTMS) as part of providing treatment to maximum custody inmate-patients
2    in CDCR's PIPS (TTM Stipulation).  *See generally* ECF No. 7392.
3           Section I of the TTM Stipulation describes "Defendants' Plan" for development and
4    implementation of the PIP Max Custody Review Policy "to provide direction regarding the
5    preference for and ability to remove the designation of Max custody from *Coleman* class
6    members in PIPs when appropriate" and for placement of TTMs in areas of CDCR PIPs only in
7    "areas where Max custody patients program." *Id*.at 2.  The plan includes a two-year period
8    during which defendants would "submit to the Special Master and Plaintiffs a quarterly report on
9    the status of implementation" of the Max Custody Review Policy, and for a further meet and
10   confer at the end of the two-year period "about the frequency and scope of" defendants' reporting
11   obligations.  *Id*. at 3-4.
12          Section III of the TTM Stipulation sets out expressly a disagreement between the parties
13   over whether the use of TTMs violates the Eighth Amendment and whether the Max Custody
14   Review Policy "is a necessary part of the Eighth Amendment remedy in this case." *Id*. at 4.
15   Paragraph 15 of the TTM Stipulation provides:  "The parties agree that Defendants' plan shall not
16   be included in the MHSDS Program Guide or Compendium.  This stipulation sets forth the
17   entirety of the remedy related to the issues set forth above." *Id*. at 5.
18          On December 9, 2021, the court approved the first fourteen paragraphs of the TTM
19   Stipulation and conditionally approved paragraph 15 "pending final resolution of what updating
20   process the court will adopt for the Program Guide in the future." *Id*. at 6.  On February 7, 2022,
21   the court gave final approval of paragraph 15 of the TTM Stipulation and referred the provisions
22   regarding the use of TTMS to the Special Master "for consideration as to whether they are, or
23   should be, reflected on the list of CQIT indicators currently under review during the Twenty-
24   Ninth Monitoring Round." February 7, 2022 Order, ECF No. 7456, at 3-4.  The motion before
25   the court arises from the Special Master's recommendation that a CQIT indicator should be
26   created to measure defendants' compliance with the Max Custody Review Policy.  *See* ECF No.
27   8039 at 10.  The Special Master makes this recommendation in large part because he "has
28   consistently monitored and reported his findings regarding treatment inadequacies for PIP

1  patients on max custody status . . . [and] has consistently identified the lack of mental health
2  treatment provided to max custody patients – particularly those housed in the PIPS – to be a
3  highly concerning deficiency." *Id*. at 13.  In his view, the Max Custody Review Policy
4  memorandum issue included in the TTM stipulation "appears intended to remedy this
5  longstanding deficiency." *Id*.

6  Defendants objected to the Special Master's recommendation in large part based on their
7  contention that the TTM Stipulation is by its terms excluded from the Program Guide, and the
8  court directed defendants to bring a motion to focus on this threshold question.  ECF No. 8069 at
9  13.  In their motion, defendants contend the TTM Stipulation is expressly excluded from the
10 Program Guide and the Compendium, which are the two primary remedial plans in this action;
11 they say the exclusion is provided by the terms of the settlement agreement and therefore the
12 Stipulation cannot be included in CQIT.  *See generally* ECF No. 8076.  Plaintiffs disagree,
13 contending that the parties' intent was to exclude the PIP Max Custody Review policy from the
14 annual Program Guide update process, which the court has now discontinued, and not from the
15 remedy in this action.  *See generally* ECF No. 8084.

16 The court has reviewed the following: the Special Master's recommendation to create a
17 CQIT key indicator to measure compliance with the PIP Max Custody Review policy, ECF No.
18 8039 at 10-14; the parties' briefing on defendants' motion,[1] as well as the November 4, 2021
19 Stipulation of the parties, ECF No. 7366; the court's November 8, 2021 Order to Show Cause,
20 ECF No. 7368; the parties' Joint Response to the Order to Show Cause, ECF No. 7380; the
21 court's order approving paragraphs 1 through 14 of the parties' stipulation and conditionally
22 approving paragraph 15 thereof, December 9, 2021 Order, ECF No. 7382; and the court's
23 February 7, 2022 order giving final approval to paragraph 15 of the parties' stipulation and
24 referring to the Special Master the question of whether the provisions of the parties' stipulation
25 "are, or should be, reflected in the list of CQIT indicators," February 7, 2022 Order, ECF No.

---

[1] On December 26, 2023, defendants filed a reply in support of the motion.  ECF No. 8100.  On December 27, 2023, plaintiff filed objections to the reply as unauthorized; they ask that the court strike or disregard the reply.  ECF No. 8102.  Ruling on plaintiffs' objections is deferred pending further order of the court.

7456, at 4.  Having completed this review, the court has identified some issues that require further discussion with the parties.

First, the better reading of paragraph 15 specifically and the record more generally suggests the purpose of paragraph 15 was to exclude the Max Custody Review Policy and the plan for use of TTMs from the Program Guide and the Compendium to avoid their inclusion in an updating process then under consideration by the court, rather than to exclude the parties' agreement from the remedy in this case entirely.  While the Program Guide and the Compendium are primary remedial documents in this action, they do not constitute the entire remedy.  *See* September 3, 2020 Order, ECF No. 6846, at 4-6 (discussing Program Guide, Compendium, and "several additional remedial measures" ordered by the court).  The second sentence of paragraph 15 suggests the TTM Stipulation, after the court approved it, would be its own remedial document in this action for the issues it covers.  Defendants, however, disagree this was what they intended when they insisted on the inclusion of paragraph 15 in the TTM Stipulation.

Beyond this dispute over the meaning of paragraph 15, defendants have gone one step further and now request the TTM Stipulation be set aside and the court's order thereon vacated if the court determines that a CQIT indicator is required for the PIP Max Custody Review policy.  ECF No. 8076.  Before making any conclusive findings or taking steps that could set aside the settlement agreement, the court will set this matter for hearing via videoconference.

The parties shall be prepared to address the following issues at hearing:

1. Whether defendants' interpretation of paragraph 15 of the TTM Stipulation effectively excludes from the plaintiff class Max custody inmates in the CDCR PIPs;

2. Whether such an exclusion, not made express in the TTM Stipulation, is valid; and

3. If these class members remain part of the class, how defendants intend to demonstrate to the court they are meeting their Eighth Amendment obligations to them.

In addition, the parties shall be fully prepared to address whether and if so how the issues presented by defendants' motion and the Special Master's recommendation can be resolved without setting aside the TTM Stipulation and precipitating further litigation.

/////

1 In accordance with the above, IT IS HEREBY ORDERED that this matter is set for
2 videoconference before Chief Judge Kimberly J. Mueller on February 7, 2024, at 10:00 a.m.
3 DATED: February 1, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE