ROB BONTA, SBN 202668
Attorney General of California
MONICA N. ANDERSON, SBN 182970
DAMON MCCLAIN, SBN 209508
Supervising Deputy Attorney General
ELISE OWENS THORN, SBN 145931
NAMRATA KOTWANI, SBN 308741
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7318
 Fax: (916) 324-5205
 E-mail: Elise.Thorn@doj.ca.gov
Attorneys for Defendants

HANSON BRIDGETT LLP
PAUL B. MELLO, SBN 179755
SAMANTHA D. WOLFF, SBN 240280
KAYLEN KADOTANI, SBN 294114
DAVID C. CASARRUBIAS, SBN 321994
CARSON R. NIELLO, SBN 329970
 1676 N. CALIFORNIA BLVD., SUITE 620
 WALNUT CREEK, CALIFORNIA 94596
 TELEPHONE: 925-746-8460
 FACSIMILE:  925-746-8490
Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>GAVIN NEWSOM, et al.<br><br>　　　　Defendants. | Case No. 2:90-CV-00520- KJM-DB<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR LEAVE TO FILE A RESPONSE TO DEFENDANTS' OBJECTIONS [ECF No. 8185]**<br><br>Judge:　Hon. Kimberly J. Mueller |

　　　Defendants oppose Plaintiffs' request for leave to respond to Defendants' Objections to the Special Master's Sixth Re-Audit Report and for an order requesting that the Special Master respond to Defendants' objections. (ECF No. 8185.) Plaintiffs request more time to respond to Defendants' timely response to the Special Master's report than Defendants were provided in the first instance under the Court's revised process. Plaintiffs declined to file any response to the Special Master's report and their improper request to comment after the fact seeks special treatment and should be denied.

1      The parties must be held to the same standards in this case.  On December 23, 2020 the

2  Court issued the following, unambiguous, order:

> Going forward, any party seeking relief from this court, including from any existing order of this court, must first file a request for leave to file a motion, describing with particularity the relief to be sought and the steps the party has taken to exhaust meet and confer efforts with all opposing counsel. The request also should describe communications with the Special Master regarding the proposed motion as part of the requester's due diligence in determining whether the parties are at impasse. Any such request must not exceed five (5) pages. The court will not entertain any motion unless a request for leave to file that complies with this order is first filed and then the court grants it.

(ECF No. 7003 at 2:15-22.) Here, Plaintiffs filed their request for leave and request for an order without: (1) describing with particularity the steps they took to exhaust meet and confer efforts with opposing counsel; or, (2) describing communications with the Special Master regarding the proposed motion as part of the requester's due diligence in determining whether the parties are at impasse. On this ground alone, the Court should deny Plaintiffs' request.

What's more offensive to the Court's prior order is that Plaintiffs' purported request for leave includes a separate affirmative request that the Court order "the Special Master respond to Defendants' objections regarding Mr. Hayes' Sixth Re-Audit in the first instance, including revising his report if he determines any revisions are warranted." (ECF No. 8185 at 2:13-15.) Not only is that a violation of ECF No. 7003, but it also violates basic procedural due process rights guaranteed to all litigants before the Court can grant another party's affirmative request for relief—namely, an adequate notice of motion. *See* E.D. Cal. Local Rule 230(b) ("Except as otherwise provided in these Rules or as ordered or allowed by the Court, all motions shall be noticed on the motion calendar of the assigned Judge or Magistrate Judge. The moving party shall file a notice of motion, motion, accompanying briefs, affidavits, if appropriate, and copies of all documentary evidence that the moving party intends to submit in support of the motion); *see, also, De Long v. Hennessey* (9th Cir. 1990) 912 F.2d 1144, 1147 ("Due process requires notice and an opportunity to be heard.") (quotations omitted).

Separately, Defendants oppose Plaintiffs' request for an undefined "substantial period of time" to respond to Defendants objections (ECF No. 8137 at 1:17), and their alternative request for forty-five days to respond if their improperly noticed motion is denied (*id.* at 2:26-31).

1  Defendants were not given a "substantial period of time" or even forty-five days to object to the
2  Special Master's Sixth Re-Audit report. Indeed, the Court's February 26, 2024 Order
3  unambiguously stated that: "The *parties* will have thirty days from the date Mr. Hayes' Sixth
4  Round Re-Audit Report is filed in which to file responses to the report. *No extension of time will*
5  *be granted absent a showing of exceptional cause.*" (ECF No. 8137, emphasis added.) Plaintiffs,
6  just like Defendants, had thirty days to review the Sixth Re-Audit Report with a critical eye
7  towards Mr. Lindsay Hayes's findings, conclusions, and methodologies. They fail to show that
8  they took any steps to respond to the Sixth Re-Audit report during the 30-day period allowed by
9  the Court's order. (*Id.*) Accordingly, they have failed to make a showing of "exceptional cause" to
10 respond to the report now, or to get an additional "substantial period of time" up to forty-five days
11 to do so.

12      Plaintiffs' motion disregards the Court's previous admonishment about larding the docket:
13 "The Court does not anticipate continuing to churn any issues that the parties may want to talk
14 about. This is not a *Coleman* salon. . . . [I]n the future, unless I have invited a brief, I'm not calling
15 for briefing unless it appears in support of a motion. . . . To the extent there is other larding of the
16 docket with legal positions, those are not allowed, and they will be stricken if they still appear."
17 (ECF No. 7002 at 6:21-7:15.) Plaintiffs had their opportunity to respond to the Sixth Re-Audit
18 report. The Court gave them thirty days to do so. (ECF No. 8137.) They failed to timely respond,
19 and instead filed an improper request for leave with superfluous legal posturing on suicide
20 prevention. (ECF No. 8185 at 2:3-9 ("While Plaintiffs agree that Defendants' sustained non-
21 compliance with the court-ordered suicide prevention orders is a serious, urgent issue that should
22 be addressed as soon as possible through the Court's anticipated contempt proceedings, *see* Feb.
23 28, 2023 Order, ECF No. 7743, the factual record for those proceedings could be more fully
24 developed with additional feedback from Mr. Hayes and the Special Master regarding Defendants'
25 specific concerns and methodological arguments.").) As a result, Plaintiffs' uninvited and
26 procedurally improper request for leave to file a response to Defendants' objections and veiled
27 motion for additional affirmative relief should be stricken from the docket.
28 / / /

# CERTIFICATION

Defendants' counsel certify that they reviewed the following orders in preparing this filing: ECF Nos. 640, 7003, 7743, 8137.

DATED: April 4, 2024

Respectfully submitted,

HANSON BRIDGETT LLP

By:    */s/ David C. Casarrubias*
PAUL B. MELLO
SAMANTHA D. WOLFF
KAYLEN KADOTANI
DAVID C. CASARRUBIAS
CARSON R. NIELLO
Attorneys for Defendants

DATED: April 4, 2024

ROB BONTA
Attorney General of California
Damon McClain
Supervising Deputy Attorney General

By:    */s/ Elise Owens Thorn*
ELISE OWENS THORN
Deputy Attorney General
Attorneys for Defendants