DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

CLAUDIA CENTER – 158255
DISABILITY RIGHTS EDUCATION
AND DEFENSE FUND, INC.
Ed Roberts Campus
3075 Adeline Street, Suite 210
Berkeley, California 94703-2578
Telephone: (510) 644-2555

MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
LISA ELLS – 243657
JENNY S. YELIN – 273601
THOMAS NOLAN – 169692
MICHAEL S. NUNEZ – 280535
MARC J. SHINN-KRANTZ – 312968
ALEXANDER GOURSE – 321631
ADRIENNE PON HARROLD – 326640
AMY XU – 330707
ADRIENNE SPIEGEL – 330482
BENJAMIN W. HOLSTON – 341439
MAYA E. CAMPBELL – 345180
LUMA KHABBAZ – 351492
JARED MILLER – 353641
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, et al.,<br><br>Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**PLAINTIFFS' BRIEF REGARDING PROPRIETY OF DEFENDANTS' GENERAL OBJECTIONS TO SPECIAL MASTER'S SIXTH RE-AUDIT REPORT**<br><br>Judge: Hon. Kimberly J. Mueller |

[4467635.7]

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................ 1

I.    SEVERAL OF DEFENDANTS' OBJECTIONS VIOLATE THE COURT-
      ORDERED PROCESS FOR REQUESTING RELIEF FROM THE COURT.......... 2

      A.    Defendants' Objections to Mr. Hayes' Compliance Thresholds and
            Method of Evaluating Compliance Improperly Seek Relief from Prior
            Court Orders Adopting Mr. Hayes' Compliance Standards ......................... 3

      B.    Defendants' Complaint that Mr. Hayes Failed to Tie Full Compliance
            to Harm Reduction Amounts to a Challenge to Court-Ordered
            Requirements Regarding SREs .................................................................... 4

      C.    Defendants' Objection to Mr. Hayes' Court-Ordered
            Recommendations and Method of Computing and Reporting
            Compliance Is an Improper Request for Court Action ................................. 4

      D.    Defendants' Objection that Mr. Hayes Monitors the Wrong Practices
            Implicitly and Improperly Asks the Court for Relief from Orders that
            Have Fleshed Out Mr. Hayes' Original Recommendations............................ 5

II.   SEVERAL OF DEFENDANTS' OBJECTIONS ARE BARRED BY THE
      LAW OF THE CASE DOCTRINE BECAUSE THE COURT HAS
      ALREADY REJECTED THEM ................................................................................. 7

III.  THE COURT CAN SANCTION DEFENDANTS FOR THEIR IMPROPER
      OBJECTIONS ............................................................................................................ 8

CONCLUSION.................................................................................................................. 9

CERTIFICATION ........................................................................................................ 10

# TABLE OF AUTHORITIES

**Page**

## CASES

*Armstrong v. Brown*,
        768 F.3d 975 (9th Cir. 2014) ......................................................................... 8

*Chambers v. NASCO, Inc.*,
        501 U.S. 32 (1991) ......................................................................................... 9

*Coleman v. Brown*,
        756 F. App'x 677 (9th Cir. 2018) ................................................................... 8

*NLRB v. Ironworkers Local 433*,
        169 F.3d 1217  (9th Cir. 1999) ....................................................................... 1

*Peabody v. Maud Van Cortland Hill Schroll Trust*,
        892 F.2d 772 (9th Cir. 1989) .......................................................................... 9

*Ready Transp., Inc. v. AAR Mfg., Inc.*,
        627 F.3d 402 (9th Cir. 2010) .......................................................................... 8

*Weissman v. Quail Lodge, Inc.*,
        179 F.3d 1194 (9th Cir. 1999) ........................................................................ 9

## RULES

Fed R. Civ. P. 11 ................................................................................................... 8

Fed R. Civ. P. 12 ................................................................................................... 8

**INTRODUCTION**

In the context of an ever-rising suicide rate and close to a decade of failing to fully implement court-ordered suicide prevention requirements recommended by the Special Master's expert, Lindsay Hayes, Defendants filed their objections to the Special Master's Report on his Expert's Sixth Re-Audit of Defendants' Suicide Prevention Practices, ECF No. 8179[1] ("Defendants' Objections"), on April 1, 2024. On April 8, 2024, the Court ordered briefing regarding whether any of Defendants' "general objections" violated the Court's prior orders. April 8, 2024 Order, ECF No. 8192.[2] As discussed below, several of Defendants' general objections, Objections III(B), III(C), III(D), III(F), and III(G), amount to collateral attacks on prior court orders—and therefore implicitly ask the Court to revisit those orders—in direct violation of the Court's prescribed procedure regarding requests for court action. *See* Dec. 24, 2020 Order, ECF No. 7003. Some of those same objections, Objections III(B) and III(C), are also arguments that this Court has already considered and rejected, in some cases repeatedly, over the past decade.

Furthermore, over a year ago, this Court issued an enforcement order notifying Defendants that it will enforce its prior orders directing Defendants to implement Mr. Hayes' recommendations through civil contempt and monetary sanctions if necessary. *See* Feb. 28, 2023 Order, ECF No. 7743 at 3-5. The time to challenge Mr. Hayes' court-ordered recommendations and standards and methods for measuring compliance with those recommendations has long passed in light of the anticipated contempt proceedings. *See NLRB v. Ironworkers Local 433*, 169 F.3d 1217, 1222 (9th Cir. 1999) (declining to

---

[1] Page citations to documents in the docket are based on ECF pagination.

[2] Plaintiffs maintain their request that the Court allow the Special Master to respond to Defendants' specific objections in the first instance and grant Plaintiffs leave to respond in full to Defendants' objections after the Special Master's response. *See* ECF No. 8185. Defendants' General Objection III(A) regarding the opportunity to demonstrate compliance after April 1, 2023, *see* Defendants' Objections at 12-13, is not a violation of this Court's orders, and granting Plaintiffs' requested process to allow the Special Master to respond to Defendants' objections would also address Defendants' concerns in Objection III(A).

[4467635.7]

PLAINTIFFS' BRIEF REGARDING PROPRIETY OF DEFENDANTS' OBJECTIONS TO SPECIAL MASTER'S SIXTH RE-AUDIT REPORT

1   consider a contemnor-defendant's claim that the consent decree it was charged with

2   violating was no longer "justified" and should therefore be "set aside").  Given the

3   impropriety of Defendants' objections, if the Court wishes to sanction Defendants for

4   making these improper objections by striking the offending objections and admonishing

5   Defendants from making these arguments in the future, it is certainly within the Court's

6   discretion to do so.

7   **I.      SEVERAL OF DEFENDANTS' OBJECTIONS VIOLATE THE COURT-**
        **ORDERED PROCESS FOR REQUESTING RELIEF FROM THE COURT**
8

9        Objections III(B), III(C), III(D), III(F), and III(G) are improper because they ask the

10  Court to reconsider the propriety of the court-ordered suicide prevention recommendations

11  and/or the requirements of the Program Guide "under the guise" of objections to a Special

12  Master report.  ECF No. 7003 at 1.  Nearly a decade ago, the Court ordered Defendants to

13  implement Mr. Hayes' suicide prevention recommendations.  Jan. 6, 2023 Order, ECF

14  No. 7696 at 3-4; Feb. 3, 2015 Order, ECF No. 5271 at 3.  Defendants did not object at that

15  time to Mr. Hayes' recommended suicide prevention measures or to the Special Master's

16  recommendation that the Court order Defendants to implement those recommendations,

17  nor did they appeal the Court's order.  ECF No. 7696 at 3-4.  Since the adoption of those

18  original recommendations, the Special Master and Mr. Hayes have made several other

19  recommendations to help Defendants achieve compliance that have also been adopted by

20  this Court.  *See, e.g.,* Dec. 3, 2020 Order, ECF No. 6973 at 7-10, 12.

21      If Defendants wish to modify any of these suicide prevention recommendations or

22  the Program Guide—the primary Court-ordered remedy in this action—they could have

23  sought to do so via a noticed motion.  To move for such an order, defendants needed to

24  meet and confer with opposing counsel and request leave to file a motion, including a

25  description of relevant communications with the Special Master.  ECF No. 7003 at 2.

26  Defendants took none of these steps, *see generally* Defendants' Objections, and instead

27  seek reconsideration of the long-ordered recommendations through their objections, a clear

28  violation of the Court's required procedure.

[4467635.7]                                    2

1

2

A. **Defendants' Objections to Mr. Hayes' Compliance Thresholds and Method of Evaluating Compliance Improperly Seek Relief from Prior Court Orders Adopting Mr. Hayes' Compliance Standards**

3    In Sections III(B) and III(C) of their filing, Defendants once again levy their oft-

4    repeated complaint regarding the Special Master's and Mr. Hayes's conception and

5    measurement of Defendants' compliance.  In Section III(B), Defendants argue that

6    Mr. Hayes' monitoring is "improper" because he focuses on institutional staff's

7    compliance with various policies, rather than focusing on whether CDCR has implemented

8    the policies themselves.  *See* Defendants' Objections at 13.  Likewise, in Section III(C),

9    Defendants argue that the 90- and 100-percent thresholds used by Mr. Hayes as

10    compliance metrics are too stringent and not constitutionally required.  *Id.* at 14.  While

11    Defendants admit that the Court overruled these arguments previously, they still reassert

12    both objections, claiming a fear of waiving those arguments.  *Id.* at 13 n. 2 (citing Jan. 6,

13    2023 Order, ECF No. 7696); *id.* at 14 n. 3 (same).

14    At their core, Defendants' compliance arguments request that the Court grant them

15    relief from its prior orders overruling their prior, nearly-identical objections.  The Court

16    ordered the compliance standards in question over three years ago, when the Court adopted

17    Mr. Hayes' Fourth Re-Audit Reports and the recommendations contained therein.  *See*

18    Dec. 3, 2020 Order, ECF No. 6973 at 9.  Defendants appealed the Court's adoption of

19    those standards, *see* ECF No. 7012, but then voluntarily dismissed the appeal.  *See*

20    May 17, 2021 Order, ECF No. 7179.  Yet, Defendants continue to urge this Court to

21    abandon these standards, just as they did in objecting to Mr. Hayes's Fifth Re-Audit

22    Report.  *See* ECF No. 7654 at 3-4.  Nothing in the Sixth Re-Audit Report changes how the

23    Special Master's expert monitors Defendants' compliance with his recommendations, nor

24    do Defendants identify any reason why these objections should be considered new.  Their

25    attempt to relitigate the metrics Mr. Hayes uses for compliance is improper and a clear

26    attempt to circumvent the court-ordered process for the parties to seek affirmative relief in

27    this case.  ECF No. 7003.

28

1

2

**B.      Defendants' Complaint that Mr. Hayes Failed to Tie Full Compliance to Harm Reduction Amounts to a Challenge to Court-Ordered Requirements Regarding SREs**

3        In their Objection III(D), Defendants complain that Mr. Hayes did not show that

4 full compliance with the recommendations reduces suicide-related harm to incarcerated

5 people.  Defendants' Objections at 16-17.  Defendants point to only one example of this

6 purported problem—Defendants object that Mr. Hayes' finding of non-compliance with

7 the Program Guide requirement that suicide risk evaluations (SREs) be completed by

8 licensed psychologists or psychiatrists did not result in patient harm because licensed

9 social workers performed the other SREs in their place.  *Id.*  They argue that Mr. Hayes

10 has elsewhere asserted that social workers are qualified to make determinations regarding

11 suicidality, so this non-compliance does not cause harm.  *Id.*  If the Court were to sustain

12 this objection, it would require a modification of the court-ordered Program Guide

13 requirements regarding SREs, Mr. Hayes' Recommendations regarding SREs,[3] and

14 Mr. Hayes' method of analyzing compliance with his recommendations generally—all

15 without following the procedures in the Court's December 24, 2020 Order.  *See* ECF

16 No. 7003.  This objection is therefore improper.

17

18

**C.      Defendants' Objection to Mr. Hayes' Court-Ordered Recommendations and Method of Computing and Reporting Compliance Is an Improper Request for Court Action**

19        In Defendants' sixth general objection, Objection III(F), Defendants object that

20 "Mr. Hayes's recommendations are both vague and overbroad."  Defendants' Objections at

21 20.  Defendants provide four examples of these purported problems.  First, Defendants

22 object to Mr. Hayes' methodology of computing compliance "based on dividing the

23 number of non-compliant facilities by the number of compliant facilities."  *Id.* at 20-21.

24 Second, Defendants complain that Mr. Hayes' "process of review does not allow for" a

25

26

---

27 [3] Defendants did not tie this objection to a specific court-ordered recommendation, but it

appears related to Recommendation 10.  *Compare Id. with* Hayes' Sixth Re-Audit, ECF

28 No. 8143-1 at 7, 313.

1  "rapid and specific corrective action response" to timely remedy non-compliance with the

2  portion of Recommendation 32 regarding provision of property and privileges to patients

3  in MHCBs.  *Id.* at 21-22.  Third, Defendants argue that Mr. Hayes's report does not clearly

4  communicate the areas of compliance and non-compliance for each institution, and they

5  call for Mr. Hayes to engage in a "more streamlined process."  *Id.* at 22-23.  Fourth,

6  Defendants contend that "the structure" of Recommendation 32 and other unspecified

7  recommendations are overbroad, "resulting in a significant impediment to compliance."

8  Defendants' Objections at 23-24.  Defendants cannot reasonably argue now that these

9  recommendations, with which they have been ordered to comply fully for many years, are

10  too vague or broad for their staff to understand and implement completely.  And to the

11  extent they pretend not to understand Mr. Hayes' methodology or the scope of his

12  recommendations in the past or presently, Defendants could have sought modification or

13  reversal of the recommendations.  They cannot do so through their objections.  This

14  objection too is thus an improper attempt at an end-run around the procedures in the

15  December 24, 2020 Order.  *See* ECF No. 7003.

16       **D.    Defendants' Objection that Mr. Hayes Monitors the Wrong Practices**
            **Implicitly and Improperly Asks the Court for Relief from Orders that**
17       **Have Fleshed Out Mr. Hayes' Original Recommendations**

18       Lastly, Section III(G) is also a collateral attack on this Court's orders under the

19  guise of objections.  In that section, Defendants argue that Mr. Hayes' "findings must be

20  rejected because they are unrelated to the plain language of the Court-ordered

21  recommendations at issue."  Defendants' Objections at 24.  They cite to several

22  recommendations where they claim Mr. Hayes audited compliance of practices that do not

23  track the recommendation at issue.  But Defendants' arguments are disingenuous, and belie

24  an effort to change what the Court has required of them without filing a properly-noticed

25  motion.

26       For example, Defendants argue that it was improper for Mr. Hayes to find eight

27  institutions noncompliant with Recommendations 7 and 8 because he had audited staff on

28  the adequacy of their administration of the intake screening questions, when the text of

1 those recommendations do not explicitly focus on the intake screening process. [4] *Id.*  But

2 Defendants' claim that adequate intake screening is an "additional requirement[]" of these

3 recommendations flies in the face of the long history of this case, and Defendants' own

4 participation in the audit process.  Since Mr. Hayes' first audit in 2015, and in <u>every</u> audit

5 thereafter, he has explicitly reviewed "the adequacy of the intake screening form and the

6 completeness of nursing staff's conduct of the intake process" as part of his assessment of

7 compliance with these recommendations.  ECF No. 5259 at 9-12 (1st Audit); *see also* ECF

8 No. 5396 at 6-8 (1st Re-Audit); ECF No. 5672 at 3-4 (2nd Re-Audit); ECF No. 5993-1 at

9 4-5 (3rd Re-Audit); ECF No. 6879-1 at 7-9 (4th Re-Audit); ECF No. 7636-1 at 12-14 (5th

10 Re-Audit).  Defendants themselves also developed activation schedules for implementing

11 Recommendations 6-8 that explicitly include training and audits regarding appropriate

12 intake screening procedures.  ECF No. 7024 at 5. [5]  Defendants may disagree that

13 Mr. Hayes should be monitoring the adequacy of their staff's intake process, but they must

14 follow the proper procedure if they wish to challenge it.

15      Similarly, Defendants' objection that the practices that Mr. Hayes audits do not

16 track the text of Recommendations 9, 10, 17, 20, and 31 ignores Court orders that have

17 fleshed out and expanded upon the original recommendations ordered in 2015.  In fact, all

---

19 [4] The text of Recommendation 7 reads: "The nurse's office should be of sufficient size to

20 conduct **adequate intake screening** and the door to the office (which should contain a large viewing window) should remain closed during the screening."  ECF No. 8143-1 at 6

21 (emphasis in original).  The text of Recommendation 8 reads: "Nurse and officer safety should remain the top priority during the intake screening process.  If an IP's security

22 classification or unknown security status creates a safety concern, the screening should be conducted in the least restrictive setting that ensures both staff safety and IP

23 **confidentiality**."  *Id.* at 6-7 (emphasis in original).

24 [5] The disingenuousness of Defendants' argument regarding the text of Recommendation 7 is further exemplified by their response to Mr. Hayes' Fifth Re-Audit.  In their objections

25 to that report, Defendants argued that it was improper for Mr. Hayes to conclude that California Correctional Institute was noncompliant as a whole with respect to

26 Recommendation 7, based on his observation that one nurse failed to address all of the suicide risk questions during an initial intake.  ECF No. 7654 at 7.  But Defendants never

27 objected, as they do here for the first time, to Mr. Hayes' monitoring of the adequacy of the staff's administration of the intake questions in general.  Their argument that they have

28 never understood Recommendation 7 to cover the adequacy of the screening process is contradicted by the record.

of the practices that Defendants contend are not part of the original recommendations have since been recommended by Mr. Hayes and have been adopted by this Court. *See, e.g.,* ECF No. 6879 at 22 (recommending compliance with training requirements for recommendation 9 and compliance for completion of suicide risk evaluations for recommendation 10); *id.* at 28 (recommending compliance for adequate safety planning for recommendation 17); *id.* at 9 (recommending compliance with adequate psych tech practices for recommendation 20); *id.* at 33 (recommending compliance with adequate SPRFIT practices for recommendation 31); ECF No. 6973 at 12 (adopting these recommendations). Defendants are well aware that the Special Master and Mr. Hayes have made several additional recommendations over the past five re-audits, which have been adopted by the Court in full. Most notably, in 2020, the Court requested that the Special Master and Mr. Hayes provide "specific recommendations for each step defendants must take to implement any item that remains incomplete," ECF No. 6441 at 8, and the Special Master and Mr. Hayes responded by making several additional recommendations that were adopted by the Court. ECF No. 6973 at 7-9, 12. The Court has charged Mr. Hayes with auditing Defendants' compliance with more than the bare text of the recommendations that it first ordered Defendants to implement in 2015, and Mr. Hayes' in-depth auditing reflects that evolving practice.

Defendants' complaint that Mr. Hayes audits the wrong practices can only be read to be an attempt to change what this Court has ordered them to do. Those objections should therefore be disregarded as a violation of the Court's procedures.

## II. SEVERAL OF DEFENDANTS' OBJECTIONS ARE BARRED BY THE LAW OF THE CASE DOCTRINE BECAUSE THE COURT HAS ALREADY REJECTED THEM

There is a second reason the Court should disregard or summarily deny several of Defendants' objections: The Court has already considered and rejected many of these arguments in its past orders, so Defendants' arguments are barred by the law-of-the-case doctrine. First, Defendants' arguments in III(B) and III(C) that the Special Master's compliance thresholds do not track with constitutionality go back at least a decade, and

have been rejected each time they have been raised.  *See, e.g.,* Feb. 28, 2013 Order, ECF No. 4361 at 2-3, 8-9 (rejecting these arguments regarding Special Master's Twenty-Fifth Round Monitoring Report).  Defendants objected to the Special Master's development of these compliance thresholds with respect to Defendants' suicide prevention practices in Mr. Hayes' Fourth Re-Audit, *see* ECF No. 6898 at 4-6, and again to the use of those thresholds in Mr. Hayes' Fifth Re-Audit, making virtually the same argument they make today.  *See* ECF No. 7654 at 3-6.  In both instances, this Court overruled those objections, noting that Defendants' focus on the connection between compliance standards and the Eighth Amendment "betrays a fundamental misunderstanding of the nature of these recommendations."  Dec. 3, 2020 Order, ECF No. 6973 at 7-10; *see also* Jan. 6, 2023 Order, ECF No. 7696 at 14-17.  The 9th Circuit has also affirmed that this Court can require Defendants to follow its prior orders, citing the law-of-the-case doctrine.  *Coleman v. Brown*, 756 F. App'x 677, 678-79 (9th Cir. 2018) (affirming this Court's orders requiring full compliance with Program Guide MHCB transfer timelines because the Court "was entitled to rely on its previous rulings"); *see also Armstrong v. Brown*, 768 F.3d 975, 985-87 (9th Cir. 2014) (upholding broad, more-detailed remedial order under PLRA requiring CDCR to track all allegations of non-compliance where CDCR had repeatedly failed to comply with prior, narrower remedial orders).  Given that Defendants offer no change in circumstances to support these arguments, their renewed attack on the compliance thresholds as untethered to constitutional requirements should be rejected.

## III.    THE COURT CAN SANCTION DEFENDANTS FOR THEIR IMPROPER OBJECTIONS

The Court may sanction Defendants for their improper objections discussed above. Under both the Federal Rules of Civil Procedure and the Court's "inherent power to control their docket," this Court can, if it chooses, strike pleadings or arguments that are frivolous or inappropriate.  *Ready Transp., Inc. v. AAR Mfg., Inc.,* 627 F.3d 402, 404 (9th Cir. 2010); Fed R. Civ. P. 11 (describing standard and process for imposing sanctions); Fed R. Civ. P. 12(f) (authorizing Court to strike from a pleading "any redundant,

1   immaterial, impertinent or scandalous matter"); *see also Chambers v. NASCO, Inc.*, 501

2   U.S. 32, 50-51 (1991) (holding that district courts possess inherent power to impose

3   sanctions independent from Federal Rules of Civil Procedure).  The Court can also

4   admonish Defendants to refrain from repeating these attacks in the future.  *Weissman v.*

5   *Quail Lodge, Inc.*, 179 F.3d 1194, 1199 (9th Cir. 1999) (describing admonishment or

6   reprimand as less severe alternative to monetary sanctions).

7           Imposing such sanctions would be justified.  All of the objections discussed above

8   are attempts by Defendants to evade court-ordered requirements that have been the settled

9   law of this case for years.  Defendants' arguments in III(B) and III(C) are particularly

10  inappropriate, given the way in which Defendants have attempted to re-argue, over and

11  over again, that the compliance standards used by the Special Master team is not tethered

12  to the Eighth Amendment.  *Cf. Peabody v. Maud Van Cortland Hill Schroll Trust*, 892

13  F.2d 772, 776 (9th Cir. 1989) (finding that repeated arguments were frivolous and thus

14  sanctionable).  Given the specter of the upcoming contempt proceedings regarding

15  Defendants' long-standing failure to implement required suicide prevention practices,

16  Defendants should not be permitted to wage these collateral attacks against orders that they

17  are obliged to follow.  Pursuant to its inherent power, the Court would be within its

18  discretion to strike objections III(B), III(C), III(D), III(F) and III(G) and admonish

19  Defendants to refrain from making these arguments in the future.

20                                    **CONCLUSION**

21          For the reasons discussed above, Defendants' objections violate the Court's

22  December 2020 order, are barred by the law of this case, and are untimely in light of the

23  impending contempt proceedings.  The Court has the authority to strike, disregard, or

24  overrule summarily Objections III(B), III(C), III(D), III(F), and III(G), if it chooses to do

25  so.  The Court may also admonish Defendants from relitigating these issues going forward.

26  To the extent the Court considers any of these objections, Plaintiffs maintain their request

27  to respond to them in full in a further response.

28

[4467635.7]

PLAINTIFFS' BRIEF REGARDING PROPRIETY OF DEFENDANTS' OBJECTIONS TO SPECIAL MASTER'S
SIXTH RE-AUDIT REPORT

1

**CERTIFICATION**

2

Plaintiffs' counsel certifies that he reviewed the following orders in preparing this

3

filing:  ECF Nos. 8192, 7743, 7696, 7179, 7003, 6973, 6441, 5271, 4361.

4

5

DATED:  April 12, 2024                    Respectfully submitted,

6

ROSEN BIEN GALVAN & GRUNFELD LLP

7

By:  */s/ Michael S. Nunez*

8

Michael S. Nunez

9

Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10