ROB BONTA, SBN, 202668
Attorney General of California
MONICA N. ANDERSON, SBN, 182970
Senior Assistant Attorney General
DAMON MCCLAIN, SBN, 209508
Supervising Deputy Attorney General
ELISE OWENS THORN, SBN, 145931
NAMRATA KOTWANI, SBN, 08741
Deputy Attorneys General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone:  (916) 210-7318
Fax:  (916) 324-5205

*Attorneys for Defendants*

HANSON BRIDGETT LLP
LAWRENCE M. CIRELLI, SBN 114710
PAUL B. MELLO, SBN 179755
SAMANTHA D. WOLFF, SBN 240280
KAYLEN KADOTANI, SBN 294114
DAVID C. CASARRUBIAS, SBN 321994
CARSON R. NIELLO, SBN 329970
1676 N. California Blvd., Suite 620
Walnut Creek, CA 94596
Telephone:  (925)746-8460
Fax::  (925) 746-8490

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>GAVIN NEWSOM, et al.<br><br>  Defendants. | Case No. 2:90-CV-00520- KJM-DB<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' BRIEF REGARDING DEFENDANTS' GENERAL OBJECTIONS TO SPECIAL MASTER'S SIXTH RE-AUDIT REPORT**<br>[ECF No. 8198]<br><br>Judge: Hon. Kimberly J. Mueller |

20754148.1

## I. INTRODUCTION[1]

The Court called for focused briefing on whether any or all of Defendants' General Objections, Section III(A)-(H), violate the Court's prior orders or the law of the case, or are otherwise sanctionable. ECF No. 8192 at 2:6-11. Plaintiffs' brief fails to show that Defendants' objections violate any prior Court order, including ECF No. 7003, such that sanctions are warranted. Given that Defendants must make objections to protect the record and preserve their appellate rights, they should not be sanctioned or deterred from exercising such rights. If the Court finds that Defendants' objections are foreclosed by prior orders or law of the case, then it could summarily overrule them.

## II. RESPONSE TO PLAINTIFFS' BRIEF

### A. Plaintiffs double down on their improper request for affirmative relief in violation of ECF No. 7003.

As a threshold matter, the Court's order does not ask for briefing on whether Plaintiffs' request for leave to file a response to Defendants' objections—that expressly sought "an order requesting that the Special Master respond to defendants' objections" (ECF No. 8192 at 1:18-19), *i.e.* affirmative relief—violated ECF No. 7003. Indeed, Plaintiffs double down in their latest brief and yet again, without following the Court's ECF No. 7003 order, remake their request for affirmative relief. ECF No. 8198 at 4 n.2. The Court should deny and strike this request pursuant to ECF No. 7003. Alternatively, if the Court grants the request, it should give Defendants 45 days to respond to any additional report from the Special Master. *See*, *e.g.*, ECF No. 8185 at 3:28 (Plaintiffs requesting 45 days to respond to Defendants' objections, thereby conceding that it is a reasonable time request).

### B. Plaintiffs agree that Defendants' objection III(A) was proper, and forfeit any argument related to objections III(H) and III(E).

Plaintiffs admit that Defendants' III(A) objection, related to the informal process that would have ordinarily governed the objection process, was proper. ECF No. 8198 at 4 n.2

---

[1] Page citations to documents in the docket are based on ECF pagination.

20754148.1

2

("Defendants' General Objection III(A) regarding the opportunity to demonstrate compliance after April 1, 2023, *see* Defendants' Objections at 12-13, is not a violation of this Court's orders"). They further make no argument related to Defendants' objections III(H) or III(E) and therefore forfeit any arguments related to those objections.[2]

## C. Defendants' remaining general objections do not violate the Court's ECF No. 7003 order, or any other order for that matter.

Plaintiffs argue that objections III(B), III(C), III(D), III(F), and III(G) are improper because they ask the Court to reconsider the suicide prevention recommendations and the requirements of the Program Guide without seeking leave to file a motion under ECF No. 7003. *See* ECF No. 8198 at 5:9-12. Plaintiffs' argument is misplaced. While some of the objections may relate to prior recommendations in this case, they are all specific to new findings and recommendations made in the Sixth Re-Audit report.

### 1. Objections III(B) and III(C)

Objections III(B) and III(C) relate to Mr. Hayes's method for evaluating compliance and the thresholds used to measure compliance. ECF No. 8179 at 13:3-16:16. Plaintiffs claim Defendants are asking that the Court "grant them relief" from orders overruling similar objections to prior re-audit reports. ECF No. 8198 at 6:14-15. Plaintiffs are mistaken.

As Defendants explicitly noted in their objections, they objected to Mr. Hayes's methodology and his Sixth Re-Audit report to preserve the issues for appellate review. ECF No. 8179 at 13 n.2 & 14 n.3. Unless the Court finds that Defendants need not object to future reports on futility grounds, Defendants must continue to object because it is axiomatic that parties must contemporaneously object to findings or issues to preserve them for appellate review.

### 2. Objection III(D)

Objection III(D) relates to Mr. Hayes's failure to show a correlation between failure to

---

[2] The Court's order calling for focused briefing limits Defendants' response to Plaintiffs' arguments made in their brief. ECF No. 8192 at 2:12-13 ("defendants will be directed *to respond to plaintiffs' brief*") (emphasis added). Thus, the Court should not consider sanctions related to objections III(H) or III(E) without giving Defendants an opportunity to be heard.

implement his recommendations and self-harm events, completed suicides, or an increase in suicide risk. ECF No. 8179 at 16:17-17:21. Plaintiffs respond that if the Court were to sustain Defendants' objection, it would require a modification of the Program Guide, previous recommendations, and Mr. Hayes's method of analyzing compliance. ECF No. 8198 at 7:11-15. Not so. If the Court were to sustain Defendants' objection, all it would mean is that the Court agrees with Defendants' critique that the Special Master's expert's report does not, in fact, show a correlation between the implementation of his recommendations and self-harm events, completed suicides, or an increase in suicide risk. While it may encourage Mr. Hayes to provide that information in the future—information that Defendants believe both Plaintiffs and the Court would have an interest in seeing—it would not, *ipso facto*, require the Court to modify any prior orders or grant Defendants any affirmative relief. Accordingly, Defendants have not violated ECF No. 7003 by making this objection.

### 3. **Objection III(F)**

Objection III(F) relates to the vagueness and overbreadth of Mr. Hayes's recommendations. ECF No. 8179 at 20:18-24:5. Critically, this objection does not ask for any order modifying any prior recommendations. *See* ECF No. 8198 at 8:13-15. It simply highlights the problematic issues with the presentation of the recommendations in the Sixth Re-Audit report and shows that greater clarity and targeted guidance would be helpful to CDCR's implementation efforts. Accordingly, the objection does not violate any prior orders or law of the case.

### 4. **Objection III(G)**

Objection III(G) relates to Mr. Hayes auditing more than the plain text of the original Court-ordered recommendations. ECF No. 8179 at 24:6-26:26. Plaintiffs admit that Mr. Hayes engages in an "evolving practice" when it comes to monitoring Defendants' compliance with the Court ordered recommendations—incrementally adding new requirements with each new report. *See* ECF No. 8198 at 10:15-18. At bottom, CDCR's objection is that the Court should not find CDCR out of compliance with the recommendations at issue because the audits are out of synch with what is actually required of CDCR and its staff. Accordingly, the objection does not violate

any prior orders or law of the case.[3]

### 5. **Alternatively, Defendants will move to modify the Court's prior orders.**

If the Court finds that Defendants' objections violate ECF No. 7003 and strikes the objections as a result, Defendants will take the necessary steps to seek modification of the Court's orders pursuant to ECF No. 7003 regarding suicide prevention to conform to the original Court-ordered recommendations. Those initial recommendations were influenced by the Suicide Prevention Management Workgroup established by the Court. ECF No. 5258 at 2. Indeed, back in 2014 when the original suicide prevention recommendations were circulated to the parties, "Defendants' response offered commentary on nearly all of Mr. Hayes' recommendations, generally indicating willingness to work with the Special Master on resolving the identified problem(s) underlying Mr. Hayes' recommendations, and in some cases indicating that remedial measures were already being developed and/or implemented." ECF No. 5258 at 4.[4]

After the Court adopted the original recommendations, the Special Master's expert has incrementally expanded on those recommendations, adding additional requirements or using different metrics to measure compliance, and Defendants have filed corresponding objections. *See* ECF No. 7654 (objections to Fifth Re-Audit report), 6898 (objections to Fourth Re-Audit), 6007 (objections to Third Re-Audit). If Defendants cannot make a record related to the incremental expansion of the suicide prevention recommendations in this case, then Defendants will take the necessary steps to seek modification of the Court's orders to conform to the original recommendations in accordance with ECF No. 7003.

---

[3] Plaintiffs' footnote 4 is concerning and demonstrates the slippery slope that Defendants face when trying to understand what is required of them under the Court-ordered recommendations. ECF No. 8198 at 9 n.4. The text of recommendations 7 and 8 clearly shows that they relate to the size of the office where intake screenings take place to ensure confidentiality and safety. *Id.* Yet, Plaintiffs selectively pluck out the phrases "adequate intake screening" and "confidentiality" to transform what the recommendation actually requires into an evaluation of the screening questions thereby demanding more than safety and confidentiality. At some point in this case, the goalposts have to be anchored to the ground.

[4] For this reason—and contrary to Plaintiffs' revisionist history of the adoption of the original suicide prevention recommendations—Defendants had no reason to file objections to the proposed recommendations or to appeal the order adopting the recommendations. ECF No. 8198 at 5:12-17.

**D.    Defendants' objections in section III(B) and III(C) are not barred by the Law of the Case doctrine because Defendants presented substantially new evidence.**

Plaintiffs misconstrue the applicability of the law of the case doctrine to Defendants' section III(B) and III(C) objections. "Under the law of the case doctrine, a court will generally refuse to reconsider an issue that has already been decided by the same court or a higher court in the same case." *See Jeffries v. Wood*, 114 F.3d 1484, 1488–89 (9th Cir. 1997) (en banc), *overruled on other grounds by Gonzalez v. Arizona*, 677 F.3d 383 (9th Cir. 2012), *aff'd sub nom. Arizona v. Inter Tribal Council of Arizona, Inc.*, 570 U.S. 1 (2013). "The Ninth Circuit recognized an exception to the law-of-the-case doctrine where 'substantially different evidence was adduced at a subsequent trial.' *Gonzalez*, 677 F.3d at 390 (citing *Jeffries*, 114 F.3d at 1489)." ECF No. 7303 at 6. Here, Defendants presented substantially different evidence in support of their section III(B) and III(C) objections to the Sixth Re-Audit report via the Declaration of Joel T. Andrade, PhD, LICSW, CCHP-MH. ECF No. 8180-3. That evidence was not before the Court when it ruled on Defendants' objections to the Fifth Re-Audit report. Therefore, Defendants' objections fall within the exception to the general law of the case doctrine.

But even if the law of the case doctrine were applicable, that does not prevent the Court from reconsidering it prior decision. And, at worst, the result should only be that the Court summarily overrules Defendants' section III(B) and III(C) objections without re-considering its prior reasoning.

Defendants were within their rights as litigants to preserve potentially important issues for appeal. *See* Ninth Cir. R. 28-2.5 (requiring as to each issue raised on appeal that the appellant state where in the record on appeal the issue was raised, preserved, and ruled on). This preservation is particularly acute here, where Plaintiffs routinely rely on waiver or forfeiture arguments where Defendants choose to forego an objection. *See*, *e.g.*, ECF No. 8198 at 5:14-17 ("Defendants did not object at that time to Mr. Hayes' recommended suicide prevention measures or to the Special Master's recommendation that the Court order Defendants to implement those recommendations."). Accordingly, the law of the case doctrine does not bar Defendants from raising similar objections based on new facts to new Re-Audit reports.

**E.  The Court should not sanction Defendants for raising formal objections that they otherwise could have made informally had the ordinary process for objecting to Special Master reports been followed.**

The Court should not sanction Defendants. Sanctions are evaluated under the Court's inherent authority. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017). A court may impose sanctions under its inherent authority "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, delaying or disrupting litigation, or has taken actions in the litigation for an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-47 & n.10 (1991)).

Many of the issues Plaintiffs take with Defendants' objections could have been resolved had the ordinary process for raising objections been followed. Defendants would have presented the Special Master with a letter brief that included informal objections that could have encouraged Mr. Hayes to: reconsider his methodology and compliance thresholds (objections III(B) and III(C)); include information on the correlation between his recommendations and harm reduction (objection III(D)); provide objectively verifiable evidence to support his conclusions (objection III(E)); provide greater clarity and targeted guidance on his recommendations (objection III(F)); explain how current monitoring practices relate to the plain language of the originally Court-ordered recommendations (objection III(G)); and, revise table 3 (objection III(H)).[5] At a minimum, it would have given CDCR and its front line staff tasked with implementing Defendants' comprehensive suicide prevention program the opportunity to be heard regarding their concerns with the Sixth Re-Audit report and its characterization of their purported shortcomings. That informal process could have even yielded changes to the report that would have obviated the need for any formal objections and the instant proceedings. Or it could have resulted in no changes at all. But we will never know because Defendants did not have the opportunity to raise those issues directly with the Special Master informally, and instead, were required to file their most comprehensive objections to a Re-Audit report to date directly with the Court.

---

[5] As noted in § II. A. *supra*, Plaintiffs' have forfeited any challenged to objections III(H) and III(E).

1       Further, there is no reason to sanction Defendants for making an appellate record as it
2  relates to the Sixth Re-Audit report, particularly where Plaintiffs have not shown any resulting
3  prejudice. To that end, objections III(B) and III(C) were presented with corresponding footnotes
4  acknowledging the Court's prior order overruling similar objections, but respectfully restating the
5  objections to avoid waiver/forfeiture concerns as to the Sixth Re-Audit report. ECF No. 8179 at 5
6  n.2 & 6 n.3. This shows that Defendants' intentions were not to make frivolous, inappropriate,
7  redundant, immaterial, impertinent, or scandalous objections (*see* ECF No. 8198 at 11:26-12:1),
8  but rather, to make a record as is their right.

### III.    CONCLUSION

Upon conducting its *de novo* review of Defendants' general objections, the Court can and should sustain Defendants' objections. However, if the Court finds that any objection is meritless as an issue of first impression or based on the law of the case doctrine, it can overrule Defendants' objections. But there is no need to issue sanctions, particularly where Defendants are merely exercising their due process rights to vigorously defend against any report, recommendation, argument, or order that exceeds what is required of them under the Eighth Amendment, or that diminishes the monumental effort and hard work that CDCR's mental health staff put into implementing CDCR's robust suicide prevention program day after day. Accordingly, Defendants request that this Court give their objections full consideration and not sanction them by striking any of their objections.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**IV.    CERTIFICATION**

Defendants' counsel certify that they reviewed the following orders in preparing this filing: ECF Nos. 640, 4361, 5271, 5429, 5762, 6212, 6230, 6441, 6973, 7003, 7004, 7006, 7179, 7696, 7699, 7743, 8137, 8192.

DATED: April 19, 2024  ROB BONTA
Attorney General of California

By: */s/ Elise Owens Thorn*
DAMON MCCLAIN
Supervising Deputy Attorney General
ELISE OWENS THORN
Deputy Attorney General
*Attorneys for Defendants*

DATED: April 19, 2024  HANSON BRIDGETT LLP

By: */s/ David C. Casarrubias*
LAWRENCE M. CIRELLI
PAUL B. MELLO
SAMANTHA D. WOLFF
DAVID C. CASARRUBIAS
*Attorneys for Defendants*