# EXHIBIT A

| From: | Bentz, Melissa@CDCR |
|---|---|
| To: | Coleman Special Master; Coleman Team - RBG Only; Steven Fama (sfama@prisonlaw.com) |
| Cc: | Weber, Nicholas@CDCR; Thind, Sundeep@CDCR; Elise Thorn; Damon McClain; Namrata Kotwani; Paul B. Mello; Sam Wolff (swolff@hansonbridgett.com); Lozano, Jared@CDCR; Richardson, Lisa@CDCR; Baker, Eric@CDCR; Mehta, Amar@CDCR; Cartwright, Steven@CDCR; Worrell, Wendy |
| Subject: | Coleman: Medical Hold Exception for CCCMS/EOP Transfers |
| Date: | Tuesday, December 5, 2023 10:46:47 AM |
| Attachments: | CCCMS-EOP Med Hold Exception Language.pdf |

> **EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

All,

In preparation for our meet and confer tomorrow, CDCR has drafted some proposed medical hold exception language for your consideration. We look forward to discussing this proposal tomorrow.

Respectfully,

*Melissa C. Bentz*
Attorney IV, Class Action Team
Office of Legal Affairs
California Department of Corrections and Rehabilitation
Email: Melissa.Bentz@cdcr.ca.gov
Phone: (916) 628-5385

ATTORNEY/CLIENT COMMUNICATION AND/OR ATTORNEY WORK PRODUCT – DO NOT FORWARD COMMUNICATION WITHOUT THE EXPRESS PERMISSION OF THE AUTHOR.

If a patient is out to hospital or on a medical hold, the transfer time frame shall be suspended. As soon as possible, but not to exceed 24-hours after a CCCMS or EOP patient is placed on medical hold or a patient on a medical hold is placed in the CCCMS or EOP level of care, a joint team of medical and mental health clinicians shall discuss which clinical needs, mental health treatment, or medical care take precedence. If the medical condition is deemed more urgent than the mental health treatment need, a medical hold shall be ordered in accordance with current policy if one is not already in place. Mental health staff shall document the discussion in the electronic healthcare record, including the names and positions of those who participated in the discussion, the date and time the discussion occurred, the determination reached, and the specific rationale for the determination. The relative urgency of the medical and mental health needs, as dictated by the patient's condition, shall be continually monitored by the joint team, and mental health staff shall document in the electronic healthcare record the reasons that the medical need continues to outweigh the mental health need.  Upon resolution of the medical issue, the transfer timeline shall resume from when it was suspended. The patient shall be transferred as expeditiously as possible. If a medical hold is removed, the provider removing the hold shall contact the referring mental health clinician and document the communication of removal of the medical hold in a progress note. The responsible provider for lifting the medical hold will notify the C&PR to ensure expedited transfer and the patient shall be transferred as expeditiously as possible.

# EXHIBIT B

| | |
|---|---|
| **From:** | Ryan, Jr., Michael F. |
| **To:** | Bentz, Melissa@CDCR; Coleman Special Master; Coleman Team - RBG Only; Steven Fama (sfama@prisonlaw.com) |
| **Cc:** | Weber, Nicholas@CDCR; Thind, Sundeep@CDCR; Elise Thorn; Damon McClain; Namrata Kotwani; Paul B. Mello; Sam Wolff (swolff@hansonbridgett.com); Lozano, Jared@CDCR; Richardson, Lisa@CDCR; Baker, Eric@CDCR; Mehta, Amar@CDCR; Cartwright, Steven@CDCR; Worrell, Wendy; Lopes Matthew |
| **Subject:** | RE: Coleman: Medical Hold Exception for CCCMS/EOP Transfers |
| **Date:** | Friday, December 8, 2023 1:05:30 PM |

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Good afternoon:

Thank you again for the productive discussion during the December 6, 2023 meet and confer.

As discussed during the meeting, the Special Master's team provides the following feedback regarding defendants' medical hold exception proposal, noting that our comments are not exhaustive because we wanted to avoid overlap with plaintiffs' comments to the extent possible:

1. We recommend defendants include language requiring the joint medical-mental health team to determine when their next meeting to discuss "the relative urgency of the medical and mental health needs" will occur. We propose the following redline; the language highlighted in yellow is taken directly from the MHCB transfer timeframe exception (*see* ECF No. 6261-1 at 2-3).

   > *"The relative urgency of the medical and mental health needs, as dictated by the patient's condition, shall be continually monitored by the joint team, and mental health staff shall document in the electronic healthcare record the reasons that the medical need continues to outweigh the mental health need.* <mark>*At each discussion of the continuing appropriateness of the medical hold, the joint team shall determine when the next discussion should take place*</mark>*.*

2. We recommend defendants add a timeframe to transfer the patient to 3CMS/EOP once the medical hold is lifted. We acknowledge the differences between transfers to inpatient settings and transfers to 3CMS programs / EOPs that defendants noted during the meeting but think it is important to add a reasonable timeframe for transfer considering the patient may have been housed out of their level of care for a significant period of time. Finally, we note that a reasonable timeframe to transfer after a medical hold is lifted would be more fair to defendants in circumstances where a medical hold was placed late in the applicable transfer timeframe (e.g., medical hold placed on day 58 of the 60 day EOP transfer timeframe; defendants would have only 2 calendar days when the medical hold/rule suspension lifts to find a bus seat/transfer the patient to an appropriate EOP setting).

3. Finally, we agree that information regarding medical holds and joint team discussions thereof should be documented in the medical record. We recommend defendants consider documenting in a manner susceptible to feeding relevant data into the related transfer timeframe indicators, such as through use of a power form to facilitate automated tracking.

Thank you.

**Michael F. Ryan, Jr., Senior Counsel**
mryan@pldolaw.com
P 401.824.5100 • F 401.824.5123

**Pannone Lopes Devereaux & O'Gara LLC**
Northwoods Office Park Suite 215 N
1301 Atwood Avenue, Johnston, RI 02919
www.pldolaw.com • Legal Disclaimer

---

**From:** Bentz, Melissa@CDCR <Melissa.Bentz@cdcr.ca.gov>
**Sent:** Tuesday, December 5, 2023 1:47 PM
**To:** Coleman Special Master <colemanspecialmaster@pldolaw.com>; Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbgg.com>; Steven Fama (sfama@prisonlaw.com) <sfama@prisonlaw.com>
**Cc:** Weber, Nicholas@CDCR <Nicholas.Weber@cdcr.ca.gov>; Thind, Sundeep@CDCR <Sundeep.Thind@cdcr.ca.gov>; Elise Thorn <elise.thorn@doj.ca.gov>; Damon McClain <Damon.McClain@doj.ca.gov>; Namrata Kotwani <Namrata.Kotwani@doj.ca.gov>; Paul B. Mello <Pmello@hansonbridgett.com>; Sam Wolff (swolff@hansonbridgett.com) <swolff@hansonbridgett.com>; Lozano, Jared@CDCR <Jared.Lozano@cdcr.ca.gov>; Richardson, Lisa@CDCR <Lisa.Richardson2@cdcr.ca.gov>; Baker, Eric@CDCR <Eric.Baker@cdcr.ca.gov>; Mehta, Amar@CDCR <Amar.Mehta@cdcr.ca.gov>; Cartwright, Steven@CDCR <Steven.Cartwright@cdcr.ca.gov>; Worrell, Wendy <Wendy.Worrell@cdcr.ca.gov>
**Subject:** Coleman: Medical Hold Exception for CCCMS/EOP Transfers

All,

In preparation for our meet and confer tomorrow, CDCR has drafted some proposed medical hold exception language for your consideration. We look forward to discussing this proposal tomorrow.

Respectfully,

*Melissa C. Bentz*
Attorney IV, Class Action Team
Office of Legal Affairs
California Department of Corrections and Rehabilitation
Email: Melissa.Bentz@cdcr.ca.gov
Phone: (916) 628-5385

ATTORNEY/CLIENT COMMUNICATION AND/OR ATTORNEY WORK PRODUCT – DO NOT FORWARD COMMUNICATION WITHOUT THE EXPRESS PERMISSION OF THE AUTHOR.

# EXHIBIT C

| From: | Jenny Yelin |
|---|---|
| To: | Michael Ryan; Melissa Bentz; Coleman Special Master; Coleman Team - RBG Only; Steve Fama |
| Cc: | Nick Weber; Thind, Sundeep@CDCR; Elise Thorn; Damon McClain; Namrata Kotwani; Paul B. Mello; Sam Wolff (swolff@hansonbridgett.com); Lozano, Jared@CDCR; Richardson, Lisa@CDCR; Baker, Eric@CDCR; Mehta, Amar@CDCR; Steven Cartwright; Worrell, Wendy; Matt Lopes |
| Subject: | RE: Coleman: Medical Hold Exception for CCCMS/EOP Transfers [IMAN-DMS.FID12440] |
| Date: | Friday, December 8, 2023 3:21:34 PM |
| Attachments: | PLS edits to Defs" proposed medical hold exceptions for AC7.1 and AC7.4, 12-8-23(4401112.4).docx |

---

> **EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Hi All,

Yes, thank you for a productive discussion at Wednesday's meet and confer session. Here are Plaintiffs' proposed edits and comments. We look forward to discussing this further at next week's meeting.

Jenny

---

**From:** Ryan, Jr., Michael F. <mryan@pldolaw.com>
**Sent:** Friday, December 8, 2023 1:05 PM
**To:** Melissa Bentz <Melissa.Bentz@cdcr.ca.gov>; Coleman Special Master <colemanspecialmaster@pldlaw.com>; Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbgg.com>; Steve Fama <sfama@prisonlaw.com>
**Cc:** Nick Weber <Nicholas.Weber@cdcr.ca.gov>; Thind, Sundeep@CDCR <Sundeep.Thind@cdcr.ca.gov>; Elise Thorn <Elise.Thorn@doj.ca.gov>; Damon McClain <Damon.McClain@doj.ca.gov>; Namrata Kotwani <Namrata.Kotwani@doj.ca.gov>; Paul B. Mello <Pmello@hansonbridgett.com>; Sam Wolff (swolff@hansonbridgett.com) <swolff@hansonbridgett.com>; Lozano, Jared@CDCR <Jared.Lozano@cdcr.ca.gov>; Richardson, Lisa@CDCR <Lisa.Richardson2@cdcr.ca.gov>; Baker, Eric@CDCR <Eric.Baker@cdcr.ca.gov>; Mehta, Amar@CDCR <Amar.Mehta@cdcr.ca.gov>; Steven Cartwright <Steven.Cartwright@cdcr.ca.gov>; Worrell, Wendy <Wendy.Worrell@cdcr.ca.gov>; Matt Lopes <mlopes@pldolaw.com>
**Subject:** RE: Coleman: Medical Hold Exception for CCCMS/EOP Transfers

---

> [EXTERNAL MESSAGE NOTICE]

Good afternoon:

Thank you again for the productive discussion during the December 6, 2023 meet and confer.

As discussed during the meeting, the Special Master's team provides the following feedback regarding defendants' medical hold exception proposal, noting that our comments are not exhaustive because we wanted to avoid overlap with plaintiffs' comments to the extent possible:

1. We recommend defendants include language requiring the joint medical-mental health team to determine when their next meeting to discuss "the relative urgency of the medical and mental health needs" will occur. We propose the following redline; the language highlighted in yellow is taken directly from the MHCB transfer timeframe exception (*see* ECF No. 6261-1

If a patient is out to hospital or on a medical hold, the transfer time frame shall be suspended, only for the period of time in which the patient is in an outside hospital or the medical hold is operative, as detailed below. As soon as possible, but not to exceed 24-hours after a CCCMS or EOP patient is placed on medical hold or a patient on a medical hold is placed in the CCCMS or EOP level of care, a joint team of medical and mental health clinicians shall discuss which clinical needs, mental health treatment, or medical care, take precedence. If the medical condition is deemed more urgent than the mental health treatment need, and the joint team determines that the medical condition cannot be appropriately treated at a CCCMS or EOP institution where the patient would otherwise be transferred, a medical hold shall be ordered in accordance with current policy if one is not already in place, or an existing medical hold may be maintained. If the medical condition is deemed more urgent than the mental health treatment need, but the joint team determines that the condition may be treated appropriately at a CCCMS or EOP institution, the medical hold shall be lifted. Mental health staff shall document the discussion in the electronic healthcare record, including the names and positions of those who participated in the discussion, the date and time the discussion occurred, the determination reached, and the specific rationale for the determination. The relative urgency of the medical and mental health needs, as dictated by the patient's condition, and the ability to treat the medical need at a CCCMS or EOP institution, shall be continually monitored by the joint team, and mental Mental health staff shall document in the electronic healthcare record the reasons that the medical need continues to outweigh the mental health need. Upon resolution of the medical issue and the reasons the patient must remain at the sending institution in order to receive the appropriate medical treatment. If upon resolution of the medical issue, the original transfer timeline (including the days of the medical hold) has not run, the transfer timeline shall resume from when it was suspended. The patient shall be transferred as expeditiously as possible. IfIf upon resolution of the medical issue, the original transfer timeline (including the days of the medical hold) has expired, the patient will be transferred within 15 days (for EOP patients) or 30 days (for CCCMS patients). When a medical hold is removed, the provider removing the hold shall contact the referring mental health clinician and document the communication of removal of the medical hold in a progress note. The provider responsible provider for lifting the medical hold will notify the C&PR to ensure expedited transfer and the patient shall be transferred as expeditiously as possible.

> **Commented [JY1]:** We also want incorporated somewhere a provision for oversight by HQ or Regionals to ensure that the joint team discussions/documentation are happening as expected, and that the teams' weighing of priorities are appropriate. Are you willing to incorporate something like this, and can you suggest language?

# EXHIBIT D

| | |
|---|---|
| **From:** | Weber, Nicholas@CDCR |
| **To:** | Jenny Yelin; Michael Ryan; Bentz, Melissa@CDCR; Coleman Special Master; Coleman Team - RBG Only; Steve Fama |
| **Cc:** | Thind, Sundeep@CDCR; Elise Thorn; Damon McClain; Namrata Kotwani; Paul B. Mello; Sam Wolff (swolff@hansonbridgett.com); Lozano, Jared@CDCR; Richardson, Lisa@CDCR; Baker, Eric@CDCR; Mehta, Amar@CDCR; Cartwright, Steven@CDCR; Worrell, Wendy; Matt Lopes |
| **Subject:** | RE: Coleman: Medical Hold Exception for CCCMS/EOP Transfers [IMAN-DMS.FID12440] |
| **Date:** | Monday, December 11, 2023 6:52:30 PM |
| **Attachments:** | image001.jpg |

---

> **EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Jenny and Michael,

Thank you for your emails regarding a potential policy for medical hold exceptions to CCCMS and EOP transfers.  Addressed below are your edits to the medical exception policy, headquarters oversight, and transfer timeframes upon resolution.

I.        Edits to the Medical Exception Policy

The parties have negotiated three medical exception policies during this action.  The first, involving transfers to inpatient beds, was filed on December 13, 2017.  (ECF No. 5744 at 5.)  The second, involving transfers to a crisis bed, was filed on August 30, 2019.  (ECF No. 6261-1 at 2.)  The third, involving transfers out of the desert institutions, was filed on September 12, 2019.  (ECF No. 6279 at 4.)

As noted in our meet and confer, the language CDCR provided Plaintiffs and the Special Master was largely copied from the agreed upon language for desert transfers.  (Id. at 5-6.)  With that in mind, it is confusing why Plaintiffs and the Special Master team have submitted such significant edits to an already agreed upon, and court ordered, policy.  CDCR selected the desert policy as it too involved the transfer of CCCMS and EOP patients from one program to another.  Nonetheless, during the meet and confer, and as conveyed in your emails, Plaintiffs and the Special Master are seeking significant edits and are even looking to integrate concepts found in the PIP and MHCB versions of the medical exceptions policy.  The result is a confusing, repetitive document that tries to build upon prior settled versions for negligible benefit.

The three settled medical exception policies have similar core components – a direction to local medical and mental health staff to work together to weigh the relative urgency between the medical issue and the need to transfer to a different mental health program and to document those discussions in the medical record.  These are not foreign concepts to CDCR and CCHCS medical staff.  HCDOM section 3.1.9(c)(3)(G)(3), regarding Health Care Transfers, already requires medical and mental health staff to collaborate about patients on medical holds to "determine the patient's most appropriate location" to facilitate transfer.

The three settled medical exception policies more than adequately capture this requirement and further examples, caveats, and directions are unnecessary for CDCR and CCHCS staff to execute their duties effectively and ethically.  Indeed, for the past six years, the PIP version has covered this policy concisely in just two sentences:

> If a patient has a medical condition that cannot be treated at a PIP and that is deemed more urgent than the mental health treatment need at or after the time of the referral, as determined by a joint team of medical and mental health clinicians, a medical hold shall be ordered. The relative urgency of the medical and mental health needs shall be continually monitored by the joint team, and mental health staff shall document the reasons that the medical need continues to outweigh the mental health need as dictated by the patient's condition.

CDCR cannot accept your proposed edits absent a compelling reason to depart from agreed upon policy language. CDCR urges the Special Master and Plaintiffs to adhere to agreed upon formats for this proposed policy.

## II.    Headquarters Oversight

CDCR will not integrate into the policy a concept of real-time headquarters oversight of the local processes. Plaintiffs request a provision that "ensures…the joint team discussions/documentation are happening as expected, and that the teams' weighing of priorities are appropriate." No such provisions exist in the desert or MHCB version of the medical exceptions policy. The PIP version only requires CDCR's headquarters Inpatient Referral Unit – which is tasked with oversight of CDCR's PIP beds – to "track[] each exception to ensure transfer as soon as the exception is resolved." (ECF No. 5744 at 6.) Creating a unit specifically tasked with oversight of medical holds for CCCMS and EOP patients is not necessary. Nor is it appropriate to create a joint team of mental health and medical staff to continually review and second guess local healthcare teams' decision making processes. CDCR and CCHCS clinicians most familiar with the patient must be trusted to adequately weigh competing healthcare issues and determine, jointly, the best course of action for the patient's needs.

## III.    Transfer Timeframes Upon Resolution of a Medical Issue

CDCR proposes the following resolution timeline language for CCCMS and EOP patients subject to a medical hold:

> If, upon resolution of the medical issue, there are fewer than 30 days remaining on the original transfer timeline or if the transfer timeline has already expired, the patient shall be placed on the expedited transfer list and transferred within 30 days.

The Program Guide requires that, when clinically indicated, CCCMS and EOP patients will transfer on expedited timelines – 60 and 30 days respectively. Under this proposal, CDCR clinicians will flag patients whose medical hold has resolved but are almost due or overdue for transfer by using the Electronic Health Record System request for expedited transfer within 30 days.

CDCR also proposes to create transfer timeframes for patients housed in a Restricted Housing Unit (RHU) in need of a level of care change following the resolution of a medical issue. RHU transfers must occur normally within 30 calendar days. For patients where a medical hold delays transfer, CDCR proposes that CCCMS or EOP patients in RHU in need of transfer to the appropriate level of care transfer within 15 days of the resolution of the medical issue.

Nick Weber
Attorney
Department of Corrections & Rehabilitation
(916) 217-1949
1515 S Street, Suite 314S
Sacramento, CA  95811-7243

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**From:** Jenny Yelin <JYelin@rbgg.com>
**Sent:** Friday, December 8, 2023 3:17 PM
**To:** Michael Ryan <mryan@pldolaw.com>; Bentz, Melissa@CDCR <Melissa.Bentz@cdcr.ca.gov>; Coleman Special Master <colemanspecialmaster@pldolaw.com>; Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbgg.com>; Steve Fama <sfama@prisonlaw.com>
**Cc:** Weber, Nicholas@CDCR <Nicholas.Weber@cdcr.ca.gov>; Thind, Sundeep@CDCR <Sundeep.Thind@cdcr.ca.gov>; Elise Thorn <elise.thorn@doj.ca.gov>; Damon McClain <Damon.McClain@doj.ca.gov>; Namrata Kotwani <Namrata.Kotwani@doj.ca.gov>; Paul B. Mello <Pmello@hansonbridgett.com>; Sam Wolff (swolff@hansonbridgett.com) <swolff@hansonbridgett.com>; Lozano, Jared@CDCR <Jared.Lozano@cdcr.ca.gov>; Richardson, Lisa@CDCR <Lisa.Richardson2@cdcr.ca.gov>; Baker, Eric@CDCR <Eric.Baker@cdcr.ca.gov>; Mehta, Amar@CDCR <Amar.Mehta@cdcr.ca.gov>; Cartwright, Steven@CDCR <Steven.Cartwright@cdcr.ca.gov>; Worrell, Wendy <Wendy.Worrell@cdcr.ca.gov>; Matt Lopes <mlopes@pldolaw.com>
**Subject:** RE: Coleman: Medical Hold Exception for CCCMS/EOP Transfers [IMAN-DMS.FID12440]

**CAUTION:** This email originated from outside of CDCR/CCHCS. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi All,

Yes, thank you for a productive discussion at Wednesday's meet and confer session.  Here are Plaintiffs' proposed edits and comments. We look forward to discussing this further at next week's meeting.

# EXHIBIT E

| From: | Jenny Yelin |
|---|---|
| To: | Nick Weber; Michael Ryan; Melissa Bentz; Coleman Special Master; Coleman Team - RBG Only; Steve Fama Thind, Sundeep@CDCR; Elise Thorn; Damon McClain; Namrata Kotwani; Paul B. Mello; Sam Wolff (swolff@hansonbridgett.com); Lozano, Jared@CDCR; Richardson, Lisa@CDCR; Baker, Eric@CDCR; Mehta, Amar@CDCR; Steven Cartwright; Worrell, Wendy; Matt Lopes |
| Cc: | |
| Subject: | RE: Coleman: Medical Hold Exception for CCCMS/EOP Transfers [IMAN-DMS.FID12440] |
| Date: | Wednesday, December 13, 2023 9:44:01 AM |

---

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Dear Nick,

Thank you for your email. Our responses to each of your points follow. We look forward to continuing our discussion later today.

### I.      Our Requested Edits

We do not agree that the desert transfers exceptions language is the appropriate model for this medical hold exception. That language is applicable to a very narrow set of patients. Those who are made CCCMS or EOP within the 14-day desert transfer window and also have a medical hold necessitating that they stay at the desert institutions -- which have the lowest level of medical care -- imposed in that short time. Our understanding from discussions at BRMR is that such circumstances are vanishingly rare, in contrast to this context where medical holds for patients waiting to transfer to EOP institutions or patients in a RC waiting to transfer to an institution with a CCCMS are fairly common, and there are hundreds of such transfers every month. We continue to have serious concerns about your original language because it entirely omitted the requirement that the joint team consider whether the medical need—even if it is more urgent—can be appropriately addressed at an institution that has an EOP or CCCMS program, so that both needs can be met simultaneously. It should be a rare occurrence that a patient with an urgent medical need that can be treated appropriately at an institution with the appropriate level of MH care available should nonetheless be held from transferring. We note that even the desert transfers medical hold language incorporates this concept. *See, e.g.*, ECF No. 6279 at 5 (defining medical hold as requiring a determination that "it is medically prudent to provide these services at the institutions where the patient is currently housed"); *see id.* at 6 ("The goal is to have the patient be expeditiously housed at an institution that can meet both the medical needs as well as the mental health needs of the patient.").

Most of our redline edits were to incorporate a requirement that the joint team consider not just whether the medical need is more urgent, but also whether there is some compelling reason that the medical need cannot be treated at the CCCMS or EOP institution upon transfer (especially given that nearly all of the CDCR prisons can house CCCMS patients and there are many EOP institutions spread geographically across the state). We understand that you are concerned about the quantity of our edits. We are not tied to those redlines, but in some way this concept must be incorporated. We are open to alternative language that incorporates a requirement along these lines, such as language similar to what you quoted from the PIP transfer exceptions ("If a patient has a medical condition that **cannot be treated at a PIP**…"), but your original proposal did not include anything. To move this conversation along, we request that you suggest an alternative way of incorporating

this requirement if Defendants are amenable.  If not, please tell us you are unwilling.

## II.    Oversight Mechanism

Regarding our request that there be some oversight or monitoring of the requirements that the joint team weigh the medical and mental health needs and document their discussions, we are not asking you to create a new HQ unit, nor are we asking you to conduct "real-time" oversight.  But without any review of the documentation by someone outside of the joint team, there is no way to ensure that the teams are complying with this policy and engaging in the appropriate discussion and documenting it.  We can imagine a number of ways this monitoring or oversight could happen—you could incorporate it into CQIT, you could require that the Regional MH teams periodically look at the documentation, or you could require institutional MH leadership to review a reasonable sample of the notes at some defined frequency.  We note that the desert transfer policy also includes provisions for involvement of Regional MH and medical administrators to be involved in the process.  *See* ECF No. 6279 at 6.  And as previously noted, IRU plays this role in the inpatient exception agreement.  It is very important to Plaintiffs that there be some review of the process, but we are open to discussion about what that could look like.

## III.    Transfer Timelines Upon Release of Medical Hold

We do not agree with your proposed language, which would in many cases give CDCR extra time to transfer patients once the hold was lifted (e.g. a patient whose transfer timeline had 10 days left when the hold was implemented and CDCR now has 30 days to transfer that patient rather than the 10 remaining from their original clock).  We would consider a compromise similar to what the Special Master team suggested below and similar to what is used in the inpatient context—instead of freezing the original timeframe, as you originally proposed, all patients would have to be transferred within 30 days of the medical hold being lifted, regardless of whether there are 59 days or 1 day "left" on the original clock or even if the original timeframe has already expired.  Here is proposed language, based on yours:

> Upon resolution of the medical issue, the patient shall be placed on the expedited transfer list and transferred within 30 days.

We think this is a reasonable compromise.  We are also still open to our original proposal—resumption of the original clock if the time has not already run, or if the original transfer period has elapsed, 15 days to transfer EOP patients and 30 days to transfer CCCMS patients.

## IV.    RHU transfers/medical holds

We cannot respond to this proposal without additional information and context.  We are happy to discuss this at a future meet and confer, if we are able to come to agreement on the exceptions required by the Court order.

Best,

Jenny

# EXHIBIT F

| From: | Weber, Nicholas@CDCR |
|---|---|
| To: | Jenny Yelin; Michael Ryan; Bentz, Melissa@CDCR; Coleman Special Master; Coleman Team - RBG Only; Steve Fama |
| Cc: | Thind, Sundeep@CDCR; Elise Thorn; Damon McClain; Namrata Kotwani; Paul B. Mello; Sam Wolff (swolff@hansonbridgett.com); Lozano, Jared@CDCR; Richardson, Lisa@CDCR; Baker, Eric@CDCR; Mehta, Amar@CDCR; Cartwright, Steven@CDCR; Worrell, Wendy; Matt Lopes |
| Subject: | RE: Coleman: Medical Hold Exception for CCCMS/EOP Transfers [IMAN-DMS.FID12440] |
| Date: | Thursday, December 14, 2023 1:37:13 PM |
| Attachments: | image001.jpg |
| | Medical Exception (EOP CCCMS) 12.14.23.pdf |

---

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Jenny,

Thank you for your email. Our responses are below.

1. Medical Exception Language

Attached please find a clean draft incorporating your concerns. The draft uses language from both the PIP and Desert versions of the medical exception policy and integrates the edit suggested by the Special Master.

2. Oversight

Plaintiffs requested some oversight or monitoring mechanism to "ensure[] that the joint team discussions/documentation are happening as expected, and that the teams' weighing of priorities are appropriate." As mentioned in my December 11, 2023 email, this type of monitoring is not present in prior medical exception policies. Because no such process exists for the agreed upon PIP, MHCB, or Desert policies, and because creation of such a process is not required to comport with the court order, CDCR will not commit to creating a new oversight process for the CCCMS or EOP. (See ECF No. 8069 at 17, emphasis added, "the parties shall…meet and confer…to develop proposed exceptions to the Program Guide timelines for transfer to CCCMS and EOP levels of care that *comport with other court-approve exceptions.*")

The PIP policy requires that IRU "track[] each exception to ensure transfer as soon as the exception is resolved." The PIP version does not require oversight of documentation or whether the teams are appropriately weighing priorities. Similarly, although the Desert version references the need to involve the Regional Depute Medical Executive and the Regional Mental Health Administrator, there is not requirement in the Desert policy for the Regionals to provide oversight of documentation or to ensure that weighing is being done appropriately. (ECF No. 6279 at 6.) The reference to the two Regionals is related to provisions of the policy that may require dispute resolution or elevation to managers when the local teams need help to rehouse the patient.

Next, even if CDCR were inclined to expand beyond the agreed upon parameters of medical exceptions, it would not be appropriate for Mental Health to create an audit or CQI indicator to monitor this process. The exception requires a joint team of mental health and medical providers to collaborate on patient care and weigh the relative needs of the patient. Any oversight of that process, including whether documentation is being done appropriately and whether the teams are weighing relative need, would require buy in from both mental health and medical. It is not mental

health's place to second guess the joint decisions by those local teams.

3. Resumption Timeframe

CDCR requires more time to consider Plaintiffs' proposed resumption timeframes and will provide a response tomorrow.

Nick Weber
Attorney
Department of Corrections & Rehabilitation
(916) 217-1949
1515 S Street, Suite 314S
Sacramento, CA  95811-7243

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

---

**From:** Jenny Yelin <JYelin@rbgg.com>
**Sent:** Wednesday, December 13, 2023 9:44 AM
**To:** Weber, Nicholas@CDCR <Nicholas.Weber@cdcr.ca.gov>; Michael Ryan <mryan@pldolaw.com>; Bentz, Melissa@CDCR <Melissa.Bentz@cdcr.ca.gov>; Coleman Special Master <colemanspecialmaster@pldolaw.com>; Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbgg.com>; Steve Fama <sfama@prisonlaw.com>
**Cc:** Thind, Sundeep@CDCR <Sundeep.Thind@cdcr.ca.gov>; Elise Thorn <elise.thorn@doj.ca.gov>; Damon McClain <Damon.McClain@doj.ca.gov>; Namrata Kotwani <Namrata.Kotwani@doj.ca.gov>; Paul B. Mello <Pmello@hansonbridgett.com>; Sam Wolff (swolff@hansonbridgett.com) <swolff@hansonbridgett.com>; Lozano, Jared@CDCR <Jared.Lozano@cdcr.ca.gov>; Richardson, Lisa@CDCR <Lisa.Richardson2@cdcr.ca.gov>; Baker, Eric@CDCR <Eric.Baker@cdcr.ca.gov>; Mehta, Amar@CDCR <Amar.Mehta@cdcr.ca.gov>; Cartwright, Steven@CDCR <Steven.Cartwright@cdcr.ca.gov>; Worrell, Wendy <Wendy.Worrell@cdcr.ca.gov>; Matt Lopes <mlopes@pldolaw.com>
**Subject:** RE: Coleman: Medical Hold Exception for CCCMS/EOP Transfers [IMAN-DMS.FID12440]

**CAUTION:** This email originated from outside of CDCR/CCHCS. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Dear Nick,

Thank you for your email.  Our responses to each of your points follow. We look forward to

If a patient has a medical condition that cannot be treated at the endorsed institution and the medical condition is deemed more urgent than the mental health treatment need at or after the time of endorsement, as determined by a joint team of medical and mental health clinicians, a medical hold shall be ordered.  The relative urgency of the medical and mental health needs, as dictated by the patient's condition, shall be continually monitored by the joint team, and mental health staff shall document in the electronic healthcare record the reasons that the medical need continues to outweigh the mental health need. At each discussion of the continuing appropriateness of the medical hold, the joint team shall determine when the next discussion should take place. Mental health staff shall document the discussion in the electronic healthcare record, including the names and positions of those who participated in the discussion, the date and time the discussion occurred, the determination reached, and the specific rationale for the determination.

**[Reserved for resumption timeline]**  When a medical hold is removed, the provider removing the hold shall contact the referring mental health clinician and document the communication of removal of the medical hold in a progress note. The responsible provider for lifting the medical hold will notify the C&PR to ensure expedited transfer and the patient shall be transferred as expeditiously as possible.

# EXHIBIT G

| | |
|---|---|
| **From:** | Weber, Nicholas@CDCR |
| **To:** | Jenny Yelin; Michael Ryan; Bentz, Melissa@CDCR; Coleman Special Master; Coleman Team - RBG Only; Steve Fama |
| **Cc:** | Thind, Sundeep@CDCR; Elise Thorn; Damon McClain; Namrata Kotwani; Paul B. Mello; Sam Wolff (swolff@hansonbridgett.com); Lozano, Jared@CDCR; Richardson, Lisa@CDCR; Baker, Eric@CDCR; Mehta, Amar@CDCR; Cartwright, Steven@CDCR; Worrell, Wendy; Matt Lopes |
| **Subject:** | RE: Coleman: Medical Hold Exception for CCCMS/EOP Transfers [IMAN-DMS.FID12440] |
| **Date:** | Friday, December 15, 2023 2:00:23 PM |

---

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Jenny,

I write regarding the resumption timeframe issue.

CDCR cannot agree to Plaintiffs' proposed resumption timeframes.  Plaintiffs' most recent proposal would require CDCR to cede time allotted under existing transfer timeframes.  For instance, an EOP patient in need of transfer within sixty days (see Program Guide at 12-1-16) could have a medical hold resolved on the second day of the timeframe.  Instead of having fifty-eight more days to complete the transfer, under Plaintiffs' proposal CDCR would have only thirty.  Likewise, allowing fifteen days to transfer EOP patients following the resolution of the medical issue is also unacceptable.

Unlike urgent or emergent transfers carried out for PIP or MHCB patients, CDCR general population transfer are conducted by bus seat requests. Patients endorsed for new institutions must be assigned a bus which under normal circumstances can take an average of twenty-one days.

Accordingly, CDCR has proposed a straightforward timeframe for transferring both CCCMS and EOP patients after the end of a medical exception - if, upon resolution of the medical issue, there are fewer than 30 days remaining on the original transfer timeline or if the transfer timeline has already expired, the patient shall be placed on the expedited transfer list and transferred within 30 days.  This timeline allows institutions the time to review a patient's case factors after expiration of a medical hold, request a bus seat, get a bus assigned by statewide transportation, and ultimately transfer the patient.


Nick Weber
Attorney
Department of Corrections & Rehabilitation
(916) 217-1949
1515 S Street, Suite 314S
Sacramento, CA  95811-7243


CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the

intended recipient, please contact the sender and destroy all copies of the communication.

---

**From:** Weber, Nicholas@CDCR
**Sent:** Thursday, December 14, 2023 1:37 PM
**To:** Jenny Yelin <JYelin@rbg.com>; Michael Ryan <mryan@pldolaw.com>; Bentz, Melissa@CDCR
<Melissa.Bentz@cdcr.ca.gov>; Coleman Special Master <colemanspecialmaster@pldolaw.com>;
Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbg.com>; Steve Fama
<sfama@prisonlaw.com>
**Cc:** Thind, Sundeep@CDCR <SUNDEEP.THIND@cdcr.ca.gov>; Elise Thorn <elise.thorn@doj.ca.gov>;
Damon McClain <Damon.McClain@doj.ca.gov>; Namrata Kotwani <Namrata.Kotwani@doj.ca.gov>;
Paul B. Mello <Pmello@hansonbridgett.com>; Sam Wolff (swolff@hansonbridgett.com)
<swolff@hansonbridgett.com>; Lozano, Jared@CDCR <Jared.Lozano@cdcr.ca.gov>; Richardson,
Lisa@CDCR <Lisa.Richardson2@cdcr.ca.gov>; Baker, Eric@CDCR <Eric.Baker@cdcr.ca.gov>; Mehta,
Amar@CDCR <Amar.Mehta@cdcr.ca.gov>; Cartwright, Steven@CDCR
<Steven.Cartwright@cdcr.ca.gov>; Worrell, Wendy <Wendy.Worrell@cdcr.ca.gov>; Matt Lopes
<mlopes@pldolaw.com>
**Subject:** RE: Coleman: Medical Hold Exception for CCCMS/EOP Transfers [IMAN-DMS.FID12440]

Jenny,

Thank you for your email.  Our responses are below.

    1.  Medical Exception Language

Attached please find a clean draft incorporating your concerns.  The draft uses language from both
the PIP and Desert versions of the medical exception policy and integrates the edit suggested by the
Special Master.

    2.  Oversight

Plaintiffs requested some oversight or monitoring mechanism to "ensure[] that the joint team
discussions/documentation are happening as expected, and that the teams' weighing of priorities
are appropriate."  As mentioned in my December 11, 2023 email, this type of monitoring is not
present in prior medical exception policies.  Because no such process exists for the agreed upon PIP,
MHCB, or Desert policies, and because creation of such a process is not required to comport with the
court order, CDCR will not commit to creating a new oversight process for the CCCMS or EOP.
(See ECF No. 8069 at 17, emphasis added, "the parties shall…meet and confer…to develop proposed
exceptions to the Program Guide timelines for transfer to CCCMS and EOP levels of care that
*comport with other court-approve exceptions.*")

The PIP policy requires that IRU "track[] each exception to ensure transfer as soon as the exception
is resolved."  The PIP version does not require oversight of documentation or whether the teams are
appropriately weighing priorities.  Similarly, although the Desert version references the need to
involve the Regional Depute Medical Executive and the Regional Mental Health Administrator, there
is not requirement in the Desert policy for the Regionals to provide oversight of documentation or to
ensure that weighing is being done appropriately.  (ECF No. 6279 at 6.)  The reference to the two

# EXHIBIT H

| From: | Jenny Yelin |
|---|---|
| To: | Nick Weber; Michael Ryan; Melissa Bentz; Coleman Special Master; Coleman Team - RBG Only; Steve Fama |
| | Thind, Sundeep@CDCR; Elise Thorn; Damon McClain; Namrata Kotwani; Paul B. Mello; Sam Wolff |
| | (swolff@hansonbridgett.com); Lozano, Jared@CDCR; Richardson, Lisa@CDCR; Baker, Eric@CDCR; Mehta, |
| | Amar@CDCR; Steven Cartwright; Worrell, Wendy; Matt Lopes |
| Subject: | RE: Coleman: Medical Hold Exception for CCCMS/EOP Transfers [IMAN-DMS.FID12440] |
| Date: | Friday, December 15, 2023 4:36:09 PM |

---

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Hi Nick,

Thank you for this email and the one yesterday. Unfortunately, we are not in agreement about any of the three issues we have been discussing.

Your new draft does not sufficiently address our concerns regarding ensuring that the joint teams are considering not just whether the medical issue is more urgent, but also whether it can be appropriately treated at an institution where the patient can also receive the appropriate level of mental health care. Your new proposal assumes a medical hold is appropriate if the medical need is more urgent and it "cannot be treated at the **_endorsed_** institution." That is narrower than what we think is appropriate. As we have discussed repeatedly, Defendants currently operate EOP programs at more than half of the prisons and indeed are in the process of activating additional EOP programs in the next few months; CCCMS patients can be treated at any non-desert institution. A medical hold should only be deemed appropriate if the medical need is more urgent and there is a reasonable justification for needing to treat it at the institution where the patient is currently housed. We think the teams should be considering not just whether the patient's medical need could be treated at the endorsed institution, but also whether there is another institution somewhere in the system that could appropriately treat the person's medical and mental health needs simultaneously.

We also disagree about the oversight issue. We have previously made clear that we are open to any proposal CDCR wants to make about how to ensure that someone, on some reasonable basis, is reviewing the joint team documentation to ensure that the required conversations are taking place and are documented properly. We do not think that a CQIT indicator that reviews this documentation—which per the draft policy would be completed by the MH clinician—would cause any conflicts with Plata/medical.

Finally, we do not agree to your proposal today regarding the timeframe after lifting the medical hold, for the reasons I expressed in my email on Wednesday. We continue to be open to either of the two proposals we have made on this issue in the last week.

Since it appears we are not likely to reach agreement on medical hold exceptions language by the Monday deadline, please let us know how you would like to proceed. We suggest that our joint filing either ask the Court to send our dispute about the precise language of an exception back through the dispute resolution process so that the SM can make a recommendation about appropriate language, or that we simply inform the Court that despite significant meet and confer efforts, the parties were unable to resolve this issue, and ask the Court to resolve the original dispute based on

the briefing we did in November.

Best,

Jenny

---

**From:** Weber, Nicholas@CDCR <Nicholas.Weber@cdcr.ca.gov>
**Sent:** Friday, December 15, 2023 2:00 PM
**To:** Jenny Yelin <JYelin@rbgg.com>; Michael Ryan <mryan@pldolaw.com>; Melissa Bentz <Melissa.Bentz@cdcr.ca.gov>; Coleman Special Master <colemanspecialmaster@pldolaw.com>; Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbgg.com>; Steve Fama <sfama@prisonlaw.com>
**Cc:** Thind, Sundeep@CDCR <Sundeep.Thind@cdcr.ca.gov>; Elise Thorn <Elise.Thorn@doj.ca.gov>; Damon McClain <Damon.McClain@doj.ca.gov>; Namrata Kotwani <Namrata.Kotwani@doj.ca.gov>; Paul B. Mello <Pmello@hansonbridgett.com>; Sam Wolff (swolff@hansonbridgett.com) <swolff@hansonbridgett.com>; Lozano, Jared@CDCR <Jared.Lozano@cdcr.ca.gov>; Richardson, Lisa@CDCR <Lisa.Richardson2@cdcr.ca.gov>; Baker, Eric@CDCR <Eric.Baker@cdcr.ca.gov>; Mehta, Amar@CDCR <Amar.Mehta@cdcr.ca.gov>; Steven Cartwright <Steven.Cartwright@cdcr.ca.gov>; Worrell, Wendy <Wendy.Worrell@cdcr.ca.gov>; Matt Lopes <mlopes@pldolaw.com>
**Subject:** RE: Coleman: Medical Hold Exception for CCCMS/EOP Transfers [IMAN-DMS.FID12440]

[EXTERNAL MESSAGE NOTICE]

Jenny,

I write regarding the resumption timeframe issue.

CDCR cannot agree to Plaintiffs' proposed resumption timeframes. Plaintiffs' most recent proposal would require CDCR to cede time allotted under existing transfer timeframes. For instance, an EOP patient in need of transfer within sixty days (see Program Guide at 12-1-16) could have a medical hold resolved on the second day of the timeframe. Instead of having fifty-eight more days to complete the transfer, under Plaintiffs' proposal CDCR would have only thirty. Likewise, allowing fifteen days to transfer EOP patients following the resolution of the medical issue is also unacceptable.

Unlike urgent or emergent transfers carried out for PIP or MHCB patients, CDCR general population transfer are conducted by bus seat requests. Patients endorsed for new institutions must be assigned a bus which under normal circumstances can take an average of twenty-one days.

Accordingly, CDCR has proposed a straightforward timeframe for transferring both CCCMS and EOP patients after the end of a medical exception - if, upon resolution of the medical issue, there are fewer than 30 days remaining on the original transfer timeline or if the transfer timeline has already expired, the patient shall be placed on the expedited transfer list and transferred within 30 days. This timeline allows institutions the time to review a patient's case factors after expiration of a medical hold, request a bus seat, get a bus assigned by statewide transportation, and ultimately transfer the patient.

# EXHIBIT I

| | |
|---|---|
| **From:** | Jenny Yelin |
| **To:** | Nick Weber; Elise Thorn; Thomas Nolan |
| **Cc:** | Melissa Bentz; Coleman Team - RBG Only; Steve Fama; Coleman Special Master; Damon McClain; Paul B. Mello; Samantha Wolff (SWolff@hansonbridgett.com) |
| **Subject:** | RE: Joint Statement re Medical Holds [IMAN-DMS.FID12440] |
| **Date:** | Thursday, April 25, 2024 9:35:16 AM |

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Thank you so much for confirming, Nick.  We are in agreement with that resumption language.

Elise, can we modify the initial joint section of the filing to note that the parties have an agreement on that element, and do you agree that the parties' separate sections will now only address the other two issues (determining whether a medical hold is appropriate and oversight)?

Jenny

**From:** Weber, Nicholas@CDCR <Nicholas.Weber@cdcr.ca.gov>
**Sent:** Thursday, April 25, 2024 9:29 AM
**To:** Jenny Yelin <JYelin@rbgg.com>; Elise Thorn <Elise.Thorn@doj.ca.gov>; Thomas Nolan <TNolan@rbgg.com>
**Cc:** Melissa Bentz <Melissa.Bentz@cdcr.ca.gov>; Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbgg.com>; Steve Fama <sfama@prisonlaw.com>; Coleman Special Master <colemanspecialmaster@pldolaw.com>; Damon McClain <Damon.McClain@doj.ca.gov>; Paul B. Mello <Pmello@hansonbridgett.com>; Samantha Wolff (SWolff@hansonbridgett.com) <SWolff@hansonbridgett.com>
**Subject:** RE: Joint Statement re Medical Holds [IMAN-DMS.FID12440]

[EXTERNAL MESSAGE NOTICE]

Good morning Jenny,

Your first interpretation aligns with our intent.  The clock keeps running during the medical hold and the resumption timeline kicks in only if the medical hold is resolved when there are less than 30 days left on the clock or if the time had already expired.

Nick Weber
Attorney
Office of Legal Affairs
Department of Corrections & Rehabilitation
(916) 217-1949

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable

laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

---

**From:** Jenny Yelin <JYelin@rbgg.com>
**Sent:** Wednesday, April 24, 2024 6:38 PM
**To:** Elise Thorn <elise.thorn@doj.ca.gov>; Thomas Nolan <TNolan@rbgg.com>
**Cc:** Bentz, Melissa@CDCR <Melissa.Bentz@cdcr.ca.gov>; Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbgg.com>; Coleman Special Master <colemanspecialmaster@pldolaw.com>; Damon McClain <Damon.McClain@doj.ca.gov>; Paul B. Mello <Pmello@hansonbridgett.com>; Samantha Wolff (SWolff@hansonbridgett.com) <SWolff@hansonbridgett.com>; Weber, Nicholas@CDCR <Nicholas.Weber@cdcr.ca.gov>
**Subject:** RE: Joint Statement re Medical Holds [IMAN-DMS.FID12440]

> **CAUTION:** This email originated from outside of CDCR/CCHCS. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Dear all,

We write to clarify our understanding of Nick's last proposal regarding the resumption of the timeframe issue (in his 12/15 email, Ex. G from Elise's email).  Here was the language of his proposal:

> "if, upon resolution of the medical issue, there are fewer than 30 days remaining on the original transfer timeline or if the transfer timeline has already expired, the patient shall be placed on the expedited transfer list and transferred within 30 days."

We need clarification about how the transfer timeline would operate for the group of people not covered by that text—for example those EOP patients for whom the medical hold resolved within the first 30 days of their original 60 day timeframe.  For that group of people, is your proposal that the original transfer "clock" is not affected at all by the medical hold, such that EOP patients who have more than 30 days remaining on their original transfer timeline would still need to be transferred in the original 60 day transfer timeline (e.g., a hold is placed on an EOP patient on day 10, then lifted on day 29, and CDCR now has 31 days to transfer the patient)?  Or is your proposal that the medical hold suspends the original clock, so for the same exemplar patient above, CDCR would get 50 days from the hold being lifted to transfer them, in other words a total of 79 days from the date of referral (10 days before the hold was placed + 19 days of the medical hold + 50 days remaining on the original clock)?

Please clarify which of these accurately reflects your proposal, or if neither does, please explain what your proposal is as to this subset of medical hold patients.

If your proposal is consistent with our first articulation presented above, Plaintiffs are prepared to accept your proposed resumption language, and we can resolve that portion of our dispute and only

brief the other two issues – (1) the responsibilities of the joint team to weigh medical and mental health needs and specifically to make a determination that the medical need is BOTH more urgent and cannot be treated at any institution to which the patient is eligible to be transferred that has the appropriate level of MH care; and (2) oversight mechanism.

Let us know your position as soon as possible.

Jenny

---

**From:** Elise Thorn <Elise.Thorn@doj.ca.gov>
**Sent:** Wednesday, April 24, 2024 12:56 PM
**To:** Jenny Yelin <JYelin@rbgg.com>; Thomas Nolan <TNolan@rbgg.com>
**Cc:** Melissa Bentz <Melissa.Bentz@cdcr.ca.gov>; Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbgg.com>; Steve Fama <sfama@prisonlaw.com>; Damon McClain <Damon.McClain@doj.ca.gov>; Paul B. Mello <Pmello@hansonbridgett.com>; Samantha Wolff (SWolff@hansonbridgett.com) <SWolff@hansonbridgett.com>; Nick Weber <Nicholas.Weber@cdcr.ca.gov>
**Subject:** RE: Joint Statement re Medical Holds [IMAN-DMS.FID12440]

[EXTERNAL MESSAGE NOTICE]

Thanks Jenny.

I am waiting on feedback from others regarding your revisions to the template, but will get those to you today.  With respect to your edits re the attachment to the 12/14 Weber email (Exhibit F), I left off the revised exception language that was sent with the e-mail.  Attached is a revised Exhibit F that includes the attachment to the Weber email.

As to your question regarding Defendants' positions, I believe those are reflected in the Weber emails of December 14 and 15.  Defendants' position will address the three issues discussed as outlined in the template and request that the Court approve CDCR's proposed exception language.  As to the Court's question re updating the Program Guide, Defendants do not believe there needs to be an addendum to the Program Guide to reflect an appropriate medical exception.  Please confirm your positions as well.

Elise

> **From:** Jenny Yelin <JYelin@rbgg.com>
> **Sent:** Tuesday, April 23, 2024 3:00 PM
> **To:** Elise Thorn <Elise.Thorn@doj.ca.gov>; Thomas Nolan <TNolan@rbgg.com>
> **Cc:** Melissa Bentz <Melissa.Bentz@cdcr.ca.gov>; Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbgg.com>; Steve Fama <sfama@prisonlaw.com>; Damon McClain <Damon.McClain@doj.ca.gov>; Paul B. Mello <Pmello@hansonbridgett.com>; Samantha Wolff (SWolff@hansonbridgett.com) <SWolff@hansonbridgett.com>; Nick Weber <Nicholas.Weber@cdcr.ca.gov>
> **Subject:** RE: Joint Statement re Medical Holds [IMAN-DMS.FID12440]