# APPENDIX 15

**Silvia Abrignani**

| | |
|---|---|
| From: | Thomas Nolan <TNolan@rbgg.com> |
| Sent: | Tuesday, April 23, 2024 4:17 PM |
| To: | v_Elise.Thorn@doj.ca.gov; v_Nicholas.Weber@cdcr.ca.gov; v_Melissa.Bentz@cdcr.ca.gov; Thind, Sundeep@CDCR; v_Damon.McClain@doj.ca.gov; Ambra S. Jackson; Carson R. Niello; David C. Casarrubias; Paul B. Mello; Samantha Wolff |
| Cc: | Coleman Team - RBG Only; Steve Fama; Coleman Special Master Team |
| Subject: | [EXTERNAL] Coleman -- Plaintiffs Position on the Scope of the Filing Re RHU Disputes for Thursday's Joint Motion and Stipulation [IMAN-DMS.FID12440] |

**EXTERNAL:** Use caution when opening attachments, links or responding to this e-mail.

Dear Elise and Nick –

Thank you for several productive meet and confers regarding the parties' disputes about Defendants' new RHU mental health policy, the RHU out of cell time policy, and the RHU Regulations. As we have expressed previously, we are generally supportive of the extensive modifications Defendants are making to shorten lengths of stay in restricted housing units, despite our numerous reservations discussed over the last few months about different aspects of the new policies.

We are writing to inform Defendants that we believe only three of the parties' disputes regarding the RHU changes remain to be briefed to the Court on Thursday, given the present context and Defendants' reassurances that a variety of ancillary policies remain in place and are not being replaced by the new RHU policies and regulations.

The three disputes are:

(1) Defendants' duty to inform the Court of the changes being made to the Program Guide remedy by implementing their new RHU Policies.
(2) the absence of requirements in the new RHU mental health policy (which Defendants have said will replace key sections of the Program Guide relating to segregation), for certain clinical encounters and IDTTs to be attended by the patient's "assigned" primary clinician, and "assigned" correctional counselor, and
(3) the validity of the proposed exceptions to the 30-day mandated timeline for transfers to specialized RHU units for medical holds and for a patient's refusal to transfer.

Please confirm Defendants' position regarding the scope of this joint filing, and identify whether you believe any further issues should be briefed. Thank you for agreeing to take the first draft of the joint sections. Please let us know when you plan to send us the joint sections for review, including sending a joint statement of the Special Master's position for his review, your proposal for timing to exchange our separate sections, and your proposal for page limits for the separate sections.

1

We continue to have concerns and objections regarding many of the other issues we have raised in the correspondence between the parties and the meet and confers on this issue, but believe that the parties do not need to brief those issues to the Court as remaining disputes about the current RHU policies and regulations.  First, several of the issues we raised were recommendations for improvements to existing segregation policies in place before the creation of RHU units.  For example, we continue to think Defendants should place strict restrictions on the use of ad hoc "overflow" segregation units, which generally either struggle to meet or are totally unable to meet key elements of the required policies and privileges designed to protect class members in ASU units and that are part of the *Coleman* remedy.  Lindsay Hayes recently found that overflow segregation units at two prisons were not following the mandated intake cell policy, because the overflow units in question had no intake cells and the prison did not properly direct new arrivals to other units that do.  *See* 3/1/24 SM Experts' 6th Re-Audit re Suicide Prevention Practices in CDCR + PIP, ECF No. 8143-1 at 20-21 (noting the placement of new RHU arrivals at SVSP and LAC into overflow units that lack intake cells).  We also heard recently and wrote Defendants about the improper use of C-5 at LAC as an overflow RHU unit, where Defendants had no ability at all to provide yard to residents.  Similarly, we often hear from class members who are struggling with a new placement in segregation that is exacerbated by delays in providing their personal property.  We also asked Defendants to increase out of cell time for class members in EOP RHU units, whose out of cell time has remained the same under the new policy.  We remain disappointed by the failure to address these issues in the new RHU policy, but we acknowledge that these changes are not mandated by the existing program guide sections Defendants are replacing with the new mental health RHU policies and the new regulations.

Likewise, there are a number of other important policies/issues we raised in the meet and confers that we continue to think should be covered or at least referenced in the RHU mental health policies – including the intake cell policy, the unclothed body search policy, the non-disciplinary segregation policies, DSH discharge conferences when patients are being discharged to RHU units, and long-term case conferences.  However, in light of Defendants' assurances in Nick Weber's April 8, 2024 letter that the separate policies on these issues are not being replaced by the new RHU policies and regulations and remain in full force and effect, we are comfortable that these important parts of the *Coleman* remedy are not being waived or changed by the new RHU policies and regulations.   We do however recommend that Defendants reference these policies in the new policies themselves, or at least in any e-mails transmitting the new RHU mental health policies to the field, in order to make sure mental health and custody staff remain aware of their obligations with respect to these other policies and issues (and other similar policies impacting RHU units not being modified by the new policies).

Finally, based on the exchanges this week with Nick Weber about the staffing ratios that will be used for the new RHU units, we are comfortable in concluding that Defendants have indeed at least agreed in principle to staff the new combined RHU units with the more intensive staffing ratios mandated for either of the two types of segregation units being combined in the new policies.

Thanks.  Please let me know if you have any questions.

Tom


Thomas Nolan
*Of Counsel*



2

101 Mission Street, 6th Floor
San Francisco, CA 94105
(415) 310-2097 (cell)
(415) 433-6830 (telephone)
(415) 433-7104 (fax)

tnolan@rbgg.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at tnolan@rbgg.com.