| | |
|---|---|
| DONALD SPECTER – 083925<br>STEVEN FAMA – 099641<br>MARGOT MENDELSON – 268583<br>PRISON LAW OFFICE<br>1917 Fifth Street<br>Berkeley, California  94710-1916<br>Telephone:   (510) 280-2621<br><br>CLAUDIA CENTER – 158255<br>DISABILITY RIGHTS EDUCATION<br>AND DEFENSE FUND, INC.<br>Ed Roberts Campus<br>3075 Adeline Street, Suite 210<br>Berkeley, California  94703-2578<br>Telephone:   (510) 644-2555 | MICHAEL W. BIEN – 096891<br>ERNEST GALVAN – 196065<br>LISA ELLS – 243657<br>JENNY S. YELIN – 273601<br>THOMAS NOLAN – 169692<br>MICHAEL S. NUNEZ – 280535<br>MARC J. SHINN-KRANTZ – 312968<br>ALEXANDER GOURSE – 321631<br>ADRIENNE PON HARROLD – 326640<br>AMY XU – 330707<br>ADRIENNE SPIEGEL – 330482<br>BENJAMIN W. HOLSTON – 341439<br>MAYA E. CAMPBELL – 345180<br>LUMA KHABBAZ – 351492<br>JARED MILLER – 353641<br>ROSEN BIEN<br>GALVAN & GRUNFELD LLP<br>101 Mission Street, Sixth Floor<br>San Francisco, California  94105-1738<br>Telephone:   (415) 433-6830 |

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>GAVIN NEWSOM, et al.,<br><br>   Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**DECLARATION OF JENNY S. YELIN IN SUPPORT OF STIPULATION SETTING FORTH THE PARTIES' POSITIONS REGARDING THE PENDING RESTRICTED HOUSING UNIT REGULATIONS**<br><br>Judge:  Hon. Kimberly J. Mueller |

[4477530.1]

YELIN DECL. ISO STIPULATION SETTING FORTH POSITIONS ON RHU ISSUES

I, Jenny Yelin, do hereby declare:

1. I am an attorney duly admitted to practice before this Court. I am a partner in the law firm of Rosen Bien Galvan & Grunfeld LLP, counsel of record for Plaintiffs. I have personal knowledge of the facts set forth herein, and if called as a witness, I could competently so testify. I make this declaration in support of the parties' Joint Stipulation Setting Forth The Parties' Positions Regarding the Pending Restricted Housing Unit Regulations.

2. I am heavily involved in the data remediation process, including the BRMR meetings where we discuss Defendants' draft documentation for indicators. Defendants have repeatedly taken the position during the data remediation process that if a Program Guide provision does not include the word "assigned," even if it is clear from the context of the section that a task must be performed by the assigned staff member, then Defendants are not required to measure whether the staff member was the assigned one in the compliance statistic for the indicator. As examples, Defendants have taken this position as to the indicators measuring daily provider contacts for EOP patients in segregation and timely Primary Clinician contacts.

3. Defendants have agreed in the data remediation process that an IDTT will only be counted as compliant for "QC1 – IDTT staffing" if the "assigned" primary clinician and the "assigned" Correctional Counselor are present for patients in ASU and SHU settings and if the "assigned" primary clinician is present for IDTTs for patients in the PSU.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

[4477530.1]

1

YELIN DECL. ISO STIPULATION SETTING FOR POSITIONS ON RHU ISSUES

4. The indicator that measures placement of EOP patients in EOP RHU settings, called "RH1 – Placement of ASU EOPs in Appropriate Housing Within Timeframes" had not yet been remediated, and we have objected to CDCR's attempt to insert a medical hold exception to suspend the transfer timeline in that indicator.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at San Francisco, California, this 25th day of April, 2024.

*/s/ Jenny S. Yelin*
Jenny S. Yelin