Rob Bonta, State Bar No. 202668
Attorney General of California
Monica N. Anderson, State Bar No. 182970
Senior Assistant Attorney General
Damon McClain, State Bar No. 209508
Supervising Deputy Attorney General
Elise Owens Thorn, State Bar No. 145931
Namrata Kotwani, State Bar No. 308741
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone:  (916) 210-7318
 Fax:  (916) 324-5205
 E-mail:  Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

Paul B. Mello, State Bar No. 179755
Samantha D. Wolff, State Bar No. 240280
Kaylen Kadotani, State Bar No. 294114
David C. Casarrubias, State Bar No. 321994
Carson R. Niello, State Bar No. 329970
Hanson Bridgett LLP
 1676 N. California Boulevard, Suite 620
 Walnut Creek, CA 94596
 Telephone:  (925) 746-8460
 Fax:  (925) 746-8490
 E-mail:  PMello@hansonbridgett.com
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>　　　　　　　　　　　Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO CLARIFY AUGUST 23, 2023 ORDER [ECF NO. 7924]** |

**INTRODUCTION**

Plaintiffs have moved to clarify the Court's August 23, 2023 order granting Plaintiffs' motion to reject the California Department of Corrections and Rehabilitation's (CDCR) March 2023 plan to provide minimum treatment standards for the psychiatric inpatient programs (PIPs). (ECF No. 7924.)  Although Plaintiffs received the relief they initially requested, Plaintiffs now move for clarification of that order in an attempt to obtain a different, more expansive order. Plaintiffs' new position and their motion must be denied because it is procedurally improper, the order is a sufficiently clear pronouncement on the relief Plaintiffs requested, and Plaintiffs'

1

position is inconsistent with the August 2023 order's determination that the minimum standards for treatment adopted by Department of State Hospitals (DSH) are adequate.

Defendants timely presented the March 2023 Plan setting forth the minimum treatment standard for the PIPs. Plaintiffs objected to the plan and asked the Court to reject it in its entirety and to order CDCR to create a plan that would provide more than double the number of hours of weekly treatment that are outlined in the DSH Continuous Quality Improvement (CQI) reports. (ECF No. 7812 at 2.) The Court granted Plaintiffs' motion to reject the March 2023 Plan, not in-part, but the full plan. (ECF No. 7924 at 7-8, 10.[1]) The Court further ordered Defendants to "immediately adopt and implement in the CDCR PIPs the minimum treatment standards set out in the DSH CQI process approved by the court." (*Id*. at 10.) The August 23 order does not affirm the March 2023 Plan in any way or direct CDCR to add portions of the March 2023 Plan to the treatment hours set out in the DSH CQI process. Instead, the order simply directed CDCR to implement the treatment hours set out in DSH's CQI process. (*Id.*) This cannot be disputed and the August 2023 order cannot be read to impose more.

Nonetheless, Plaintiffs have taken the untenable position that Defendants must proceed to implement the very plan that Plaintiffs convinced the Court to reject *in addition to* the DSH CQI audit criteria. The Court should reject Plaintiffs' clarification motion as inconsistent with the August 2023 order, Plaintiffs' prior filings, and the minimum treatment standards set out in the DSH CQI audit criteria.

## PROCEDURAL BACKGROUND

Plaintiffs provide a skewed history of the genesis of the order requiring the development of minimum treatment standards. Plaintiffs' brief restates the various generalized findings from the Special Master's reports that the Court and the Special Master rely on to justify the imposition of the PIP minimum treatment standards. (ECF No. 8207 at 2:16-24.) Plaintiffs then jump ahead to the Special Master's 2021 and 2022 monitoring reports that recommend Defendants be ordered to develop PIP minimum treatment standards and accuse Defendants of failing to follow through on a commitment to provide the Special Master with plans for the standards within a ninety day

---

[1] All citations are to the ECF-assigned page numbers.

timeframe. (*Id.* at 3, citing (ECF No. 7605.) What Plaintiffs omit from their history is that Defendants' timely responded to the Special Master's draft reports and his final reports, asking four times for clarifying information regarding the Special Master's recommendation. (ECF Nos. 7051 at 8-10, 7051-1 at 11-12, 7559 at 3-4, and 7555-1 at 12-13.) That clarifying information was never provided.

On January 6, 2023, the Court ordered Defendants to serve Plaintiffs and the Special Master with CDCR's plans, if any, to address minimum treatment standards and staffing issues for the PIPs. (ECF No. 7697 at 4.) The Court also ordered the parties to meet and confer concerning issues with the plans and to file a joint status report outlining the results of the meet and confer and either a stipulated resolution or a schedule for motion practice if one or both issues remain unresolved. (*Id.*) The parties met and conferred, and on March 13, 2023, filed their joint statement with a briefing schedule for motion practice. (ECF No. 7758.)

On March 28, 2023, Defendants filed the PIP minimum treatment plan (March 2023 Plan). (ECF No. 7787.) That submission provides what CDCR deemed to be minimum treatment standards. (*Id.* at 6-7.) On April 17, 2023, Plaintiffs filed a motion asking the court to reject the March 2023 Plan. (ECF No. 7812.) On August 23, 2023, the Court granted Plaintiffs' motion to reject the March 2023 Plan and ordered Defendants to instead "immediately adopt and implement in the CDCR PIPs the minimum treatment standards set out in the Department of State Hospitals (DSH) Continuous Quality Improvement (CQI) process." (ECF No. 7924 at 10.)

As detailed below, Defendants responded timely and fully to the Court's orders on this matter, including by presenting the March 2023 Plan in response to the January 6, 2023 order and the draft policies that complied with the August 2023 order.[2] Plaintiffs' motion does not seek to clarify—it seeks to modify and expand the Court's orders.

## ARGUMENT

The August 23 order rejected the March 2023 Plan as "inadequate," and directed Defendants instead to adopt and implement in the CDCR PIPs the minimum treatment standards

---

[2] To be clear, the policy that sets forth the minimum treatment hours is a policy that the Court ordered CDCR to draft and implement. It is not CDCR's policy for providing treatment in the PIPs.

set out in the DSH CQI process. (ECF No. 7924 at 7-8, 10.) It did not accept the March 2023 Plan in whole or in part, nor did Plaintiffs ask the Court to do so. The order, read in conjunction with Plaintiffs' April 2023 motion, is clear and concise—reject the plan. But Plaintiffs now assert that the order also requires Defendants to include some of the elements of the March 2023 Plan that they liked—but which the Court rejected at Plaintiffs' urging—in addition to the DSH minimum treatment hours. (ECF No. 8207 at 6.) There is no language in the August 2023 order that could possibly be interpreted to support Plaintiffs' position. To the contrary, the order explicitly states: "Defendants shall immediately adopt and implement in the CDCR PIPs the minimum treatment standards set out in the DSH CQI process approved by the court." (ECF No. 7924 at 10.) Nothing more.

### I. PLAINTIFFS DID NOT MOVE TO REJECT DISCREET ELEMENTS OF THE MARCH 2023 PLAN.

Plaintiffs' clarification motion misrepresents the facts concerning their April 2023 motion and the August 2023 order granting that request. Plaintiffs asked this Court to "reject Defendants' Plan" and order the creation of a new one. (Pls.' Mot. To Reject Defs.' Plan, ECF No. 7812 at 8:20-22; *see also id.* at 25:7-9.) The actual text of the documents bears this out and Plaintiffs' attempts to re-write their motion and the Court's order under the guise of a motion to clarify should be rejected.

#### A. Plaintiffs Moved to Reject the Entire March 2023 Plan.

Plaintiffs attempt to re-write their April 2023 motion to reject the March 2023 Plan by imagining that the "context" of the August 2023 order (which issued after their filing) is part of their motion. Plaintiffs state that the "context" of the August 2023 order makes it clear that their motion, filed over four months earlier, did not seek (and the Court did not "reject") the standards in the March 2023 Plan relating to individual clinical contacts, treatment planning, and unstructured out-of-cell time. (ECF No. 8207 at 7.) But that is not what Plaintiffs' requested by the plain language of their motion when they moved the Court to "Reject Defendants' Plan to Provide Minimum Treatment Standards for Psychiatric Inpatient Programs." (Pls.' Mot. To Reject Defs.' Plan, ECF No. 7812 at 1.) Plaintiffs offer no actual quotes from their motion to

demonstrate otherwise because they cannot. Their motion sought to reject the full plan and Plaintiffs did not ask the Court to approve any discreet part of the Plan.

Plaintiffs now argue, after the fact, that only those parts of the plan described in their motion as inadequate were the subject of the motion, not the entire plan. Plaintiffs state that they "did not even challenge or seek relief regarding the Plan's standards related to individual clinical contacts and treatment planning." (Pls.' Mot. For Clarification, ECF No. 8207 at 8:19-21.) But again, they cannot cite to any specific language in their motion that supports their position. Instead, they reference their motion in general terms without any page or line citations. (*Id.* at 8:21.) Plaintiffs' lack of specifics here is telling as they cannot point to a single statement in their moving papers that asks the Court to approve only certain aspects of the March 2023 Plan.

Plaintiffs also argue that the Court and Defendants should have inferred from their silence that they approved parts of the plan and wanted the Court to adopt those parts. But to announce this now, over a year later, strains credulity and deprives Defendants of the opportunity to address those imagined requests that were not a part of Plaintiffs' motion.

### B. Plaintiffs Misrepresent the Record and Speculate About the Policy Developed in Response to the August 2023 Order.

Plaintiffs speculate in their moving papers that "Defendants assume the August 2023 order *implicitly* repealed their obligation to address the serious deficiencies the Special Master repeatedly identified in monitoring round after monitoring round relating to insufficient clinical contacts, delayed IDTTs, and inadequate treatment planning – findings the Court adopted each and every time." (ECF No. 8207 at 8:6-10.) They cite the August 2023 order as support, but the statements Plaintiffs attribute to the order do not exists. Defendants have not stated anything close to Plaintiffs' representations. Plaintiffs' speculation goes too far, misrepresents the record, and does not demonstrate that they asked the Court to reject only parts of the March 2023 Plan or that the order in fact did that.

Plaintiffs also interpret specific language in the Court's August 2023 order—"GRANTED to that extent consistent with this order"— to mean that the order only rejected part of the March 2023 Plan. (*See* ECF No. 8207 at 8:1-9:6; ECF No. 7924 at 10.) But such a tortured reading of

5

that language is unnecessary because its actual meaning is quite clear, *i.e.*, that the Court granted Plaintiffs' motion to reject the March 2023 Plan, but did not grant Plaintiffs' request for an order adopting Plaintiffs' plan, which would have been inconsistent with the Court's actual order that CDCR "immediately adopt and implement in the CDCR PIPs the minimum treatment standards set out in the DSH CQI process approved by the court." (ECF No. 7924 at 10.)  The August 23 order cannot be read any other way, especially given Plaintiffs' own moving papers.

**II.   THE COURT ORDERED DEFENDANTS TO DEVELOP PIP MINIMUM TREATMENT STANDARDS BASED ON THE 20 HOURS SET FORTH IN THE DSH CQI PROCESS.**

The Court's August 23 order rejected the March 2023 Plan as "inadequate," and directed Defendants instead to adopt and implement in the CDCR PIPs the minimum treatment standards set out in the DSH CQI process. (ECF No. 7924 at 10.)  The Court further found that all "stakeholders agree, and this court has found, those minimum treatment standards are adequate." (*Id.* at 9.)  Despite the fact that the order is clear and concise, Plaintiffs now assert that it requires Defendants to include certain elements of the March 2023 Plan in addition to the DSH minimum treatment hours.  (ECF No. 8207 at 6.)  There is no language in the order that could possibly be interpreted to support Plaintiffs' position and Plaintiffs' proposed relief would result in a minimum treatment standard that is at odds with the August 2023 order.

   **A.   Plaintiffs' Reading of the August 23 Order Requires Treatment Standards that Are at Odds with the DSH Standards and the August 2023 Order.**

Plaintiffs' reading of the August 23 order requiring a policy that incorporates all elements of the March 2023 Plan plus the DSH CQI auditing standard of twenty hours is untenable and would result in an excessive number of treatment hours that go far beyond what the Court has already deemed adequate.  Taking Plaintiffs' position to its logical conclusion, CDCR would have to offer PIP patients an unprecedented thirty hours of treatment, including the twenty hours of treatment based on the DSH CQI audit standard and the ten hours of unstructured out-of-cell time provided under the  March 2023 Plan.  Plaintiffs' interpretation of the order also contradicts their own motion to reject the March 2023 Plan and is not factually supported by the record, as explained *supra*.

In addition to contradicting the Court's orders, Plaintiffs' new position is at odds with community standards, the DSH CQI auditing standard, and the standard referenced by the U.S. Department of Justice at this Court's invitation.  (ECF No. 7846 at 2-4.)

### B. Plaintiffs Improperly Argue that Defendants are Defying the August 2023 Order.

Although Defendants appealed the August 2023 order, CDCR began work on a policy to provide mental health treatment in the PIPs based on the minimum treatment standards set out in the DSH CQI process.  CDCR began work on the policy shortly after the order and this dispute arose near the end of that process.  Despite the current dispute, CDCR provided draft policies to the Special Master and Plaintiffs for their review on February 27, 2024.  CDCR is reviewing that feedback and preparing a final policy.

Plaintiffs attribute statements to Defendants that were never made.  They argue that Defendants must implement and develop compliance tracking mechanisms for the three categories of treatment identified in the Special Master's recommendation and the Court's prior orders.  (ECF No. 8207 at 10.)  But Defendants have never taken the opposite position or refused to develop compliance tacking mechanisms or new indicators for court ordered policies.  The references to these statements in Plaintiffs' motion mischaracterize Defendants' position and Plaintiffs' motion does not prove anything to the contrary.

Plaintiffs play around with Defendants' statements when they contend that

> Defendants offer no basis for their assertions that the Court "reject[ed]" their proposed standards relating to individual clinical contacts, treatment planning, and unstructured out-of-cell activities, and that compliance with those standards need not be tracked because they "are not part of the *Coleman* remedy."

(ECF No. 8207 at 9:25-28.)  But what Plaintiffs have presented to the Court are not Defendants' words but a collage of statements reconfigured by Plaintiffs.  The actual e-mails show that Defendants agreed to create an indicator to track whether the PIP patients are offered twenty hours of treatment.  (*Id.* 8207-1 at 5, 10, and 13.)  This is consistent with the August 2023 order.

///

Before Plaintiffs filed their clarification motion, they were well aware of the planned scope of CDCR's proposed policies that were developed to respond to the August 2023 order. In an abundance of caution and to confirm that the parties shared like expectations for the policy on the PIP minimum treatment standards, on February 1, 2024, CDCR provided Plaintiffs with a list of the required elements in the proposed policy implementing the minimum treatment standards in line with the August 2023 order. (ECF No. 8207-1 at 14-15.) Those elements included: (1) offering 20 hours of treatment each week to patients in the PIPs, unless clinically contraindicated; (2) at least 10 of the offered treatment hours will be "core" treatment, consisting of group therapy, individual therapy, or clinical encounters; (3) the remaining treatment hours may be "supplemental" treatment, including leisure activities that may increase prosocial activities and positive leisure engagement; and (4) a method for documenting clinical justification for patients who are clinically contraindicated for 20 hours of treatment per week. (*Id.*)

## CONCLUSION

The Court should deny Plaintiffs' motion to clarify—which attempts to rewrite history in this case and contradicts the actual filings presented in connection with their motion to reject the March 2023 Plan. The March 2023 Plan was a stand-alone plan based on all of its elements, and Plaintiffs unambiguously asked this Court to reject it. The August 2023 order granted their request, rejecting the March 2023 Plan and directing Defendants to instead implement the DSH twenty-hour auditing standard. Defendants did as the Court directed. If granted, Plaintiffs' request for clarification would result in an order that is inconsistent with the August 2023 order and impermissibly grant Plaintiffs new affirmative relief that was not properly sought. CDCR has prepared a policy that complies with the August 2023 order, and Plaintiffs have not demonstrated any basis to support a requirement that CDCR's proposed policy include elements in addition to the DSH standard.

/ / /

/ / /

/ / /

**CERTIFICATION OF ORDERS**

In preparing this request, Defendants' counsel reviewed the following Court orders relevant to the issues in this filing, ECF Nos.: 5894, 7605, 7608, and 7924.

Dated: May 2, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
DAMON MCCLAIN
Supervising Deputy Attorney General

/s/ *Elise Owens Thorn*
Elise Owens Thorn
Deputy Attorney General
*Attorneys for Defendants*

HANSON BRIDGETT LLP

/s/ *Samantha D. Wolff*
PAUL B. MELLO
SAMANTHA D. WOLFF
DAVID C. CASARRUBIAS
*Attorneys for Defendants*