UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No. 2:90-cv-0520 KJM DB |
| Plaintiffs, | ORDER |
| v. | |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

      On March 1, 2024, as required by court order, Feb. 26, 2024 Minute Order, ECF No. 8137, the Special Master filed his Report on his Expert's Sixth Re-Audit Report of Suicide Prevention Practices in the Prisons of the California Department of Corrections and Rehabilitation and Re-Audit of Suicide Prevention Practices in the Psychiatric Inpatient Programs, together with the Expert's Sixth Re-Audit Report, ECF Nos. 8143, 8143-1, "directly and without circulation of a draft report to the parties," ECF No. 8137. As authorized by the court, ECF No. 8137, on April 1, 2024, defendants filed objections to the Sixth Re-Audit Report. ECF No. 8179.

      On April 3, 2024, plaintiffs filed a Request for Leave to Respond to Defendants' Objections to Special Master's Sixth Re-Audit Report and for Order Requesting Special Master to Respond to Objections." ECF No. 8185. On April 4, 2024, defendants filed an opposition to plaintiffs' request, contending plaintiffs improperly seek relief from the court's February 26, 2024

minute order without complying with the requirements of the court's December 24, 2020 order, ECF No. 7003, specifically the requirement that

> any party seeking relief from this court, including from any existing order of this court, must first file a request for leave to file a motion, describing with particularity the relief to be sought and the steps the party has taken to exhaust meet and confer efforts with all opposing counsel. The request also should describe communications with the Special Master regarding the proposed motion as part of the requester's due diligence in determining whether the parties are at impasse. Any such request must not exceed five (5) pages. The court will not entertain any motion unless a request for leave to file that complies with this order is first filed and then the court grants it.

Dec. 24, 2020 Order at 2, ECF No. 7003.

On April 8, 2024, the court granted plaintiffs' request in part and directed the parties to file, sequentially, focused briefing on Section III of defendants' General Objections. *See generally* Apr. 8, 2024 Order, ECF No. 8192. In their responsive brief, ECF No. 8198, and at a status conference on April 26, 2024, plaintiffs requested an opportunity to provide a more comprehensive response to all of defendants objections, including those raised in Section III. The court now makes express what was implicit in the April 8, 2024 order. Plaintiffs' April 3, 2024 request does not fall within the category of requests for relief from this court for which compliance with the December 24, 2020 order is required. In accordance with longstanding practice in this action, any party who seeks to file a response to briefing filed by an opposing party where such a response is not explicitly authorized by court order must seek leave of court to file the response, but is not required to comply with the December 24, 2020 order before filing that request.

Good cause appearing, plaintiffs will be granted fourteen days from the date of this order in which to file a full response to Section III of defendants' objections to the Sixth Re-Audit Report. Defendants will be granted seven days thereafter to file a reply to plaintiffs' response.

IT IS SO ORDERED.

DATED: May 2, 2024.

CHIEF UNITED STATES DISTRICT JUDGE