| | |
|---|---|
| DONALD SPECTER – 083925<br>STEVEN FAMA – 099641<br>MARGOT MENDELSON – 268583<br>PRISON LAW OFFICE<br>1917 Fifth Street<br>Berkeley, California  94710-1916<br>Telephone:   (510) 280-2621<br><br>CLAUDIA CENTER – 158255<br>DISABILITY RIGHTS EDUCATION<br>AND DEFENSE FUND, INC.<br>Ed Roberts Campus<br>3075 Adeline Street, Suite 210<br>Berkeley, California  94703-2578<br>Telephone:   (510) 644-2555 | MICHAEL W. BIEN – 096891<br>ERNEST GALVAN – 196065<br>LISA ELLS – 243657<br>JENNY S. YELIN – 273601<br>THOMAS NOLAN – 169692<br>MICHAEL S. NUNEZ – 280535<br>MARC J. SHINN-KRANTZ – 312968<br>ALEXANDER GOURSE – 321631<br>ADRIENNE PON HARROLD – 326640<br>AMY XU – 330707<br>ADRIENNE SPIEGEL – 330482<br>BENJAMIN W. HOLSTON – 341439<br>MAYA E. CAMPBELL – 345180<br>LUMA KHABBAZ – 351492<br>JARED MILLER – 353641<br>ROSEN BIEN<br>GALVAN & GRUNFELD LLP<br>101 Mission Street, Sixth Floor<br>San Francisco, California  94105-1738<br>Telephone:   (415) 433-6830 |

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>GAVIN NEWSOM, et al.,<br><br>          Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**REPLY DECLARATION OF ALEXANDER GOURSE IN SUPPORT OF PLAINTIFFS' MOTION TO CLARIFY ORDER RE: PIP MINIMUM TREATMENT STANDARDS**<br><br>Judge:   Hon. Kimberly J. Mueller |

[4490175.1]

I, Alexander Gourse, declare:

1. I am an attorney duly admitted to practice before this Court. I am an associate in the law firm of Rosen Bien Galvan & Grunfeld LLP, counsel of record for Plaintiffs. I have personal knowledge of the facts set forth herein, and if called as a witness, I could competently so testify. I make this declaration in support of Plaintiffs' Reply in Support of Motion to Clarify Order Re: PIP Minimum Treatment Standards.

2. On February 27, 2024, counsel for Defendants provided Plaintiffs' counsel and the Special Master with two draft policies relating to minimum-treatment standards in CDCR's Psychiatric Inpatient Programs. Attached as **Exhibit A** are true and correct copies of Defendants' February 27 email to Plaintiffs' counsel and the Special Master and the draft policies attached thereto.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed at Berkeley, California this 9th day of May, 2024.

                                                */s/ Alexander Gourse*
                                                Alexander Gourse

[4490175.1]

1

REPLY DECLARATION OF ALEXANDER GOURSE IN SUPPORT OF PLAINTIFFS' MOTION TO CLARIFY ORDER RE: PIP MINIMUM TREATMENT STANDARDS

# Exhibit A

| | |
|---|---|
| **From:** | Nick Weber |
| **To:** | Elise Thorn; Lisa Ells; Damon McClain; Ernest Galvan; Coleman Special Master; Coleman Team - RBG Only; Steve Fama; Namrata Kotwani; Paul B. Mello (Pmello@hansonbridgett.com); Samantha Wolff; Thind, Sundeep@CDCR |
| **Cc:** | Melissa Bentz; Mehta, Amar@CDCR |
| **Subject:** | RE: Coleman - PIP Minimum Treatment Policy [IMAN-DMS.FID12440] |
| **Date:** | Tuesday, February 27, 2024 3:47:05 PM |
| **Attachments:** | PSYCHIATRIC INPATIENT PROGRAM MINIMUM OFFERING OF UNSTRUCTURED ACTIVITY .doc<br>Treatment Minimums in the PIP 02.27.2023.docx |

**[EXTERNAL MESSAGE NOTICE]**

All,

Attached are CDCR's draft policies to provide minimum treatment in the PIPs. The first policy is a mental health policy outlining required structured treatment and contact frequencies. The second policy is a custody policy setting the requirement for ten hours of unstructured programming each week. CDCR requests any comments or questions no later than March 30, 2024.


Nick Weber

Attorney

Department of Corrections & Rehabilitation

Office of Legal Affairs

(916) 217-1949


CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.


**From:** Elise Thorn <Elise.Thorn@doj.ca.gov>
**Sent:** Friday, February 23, 2024 4:43 PM
**To:** Lisa Ells <LElls@rbgg.com>; Damon McClain <Damon.McClain@doj.ca.gov>; Ernest Galvan <EGalvan@rbgg.com>; Weber, Nicholas@CDCR <Nicholas.Weber@cdcr.ca.gov>; Coleman Special Master <colemanspecialmaster@pldolaw.com>; Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbgg.com>; Steve Fama <sfama@prisonlaw.com>; Namrata Kotwani <Namrata.Kotwani@doj.ca.gov>; Paul B. Mello (Pmello@hansonbridgett.com) <Pmello@hansonbridgett.com>; Samantha Wolff <SWolff@hansonbridgett.com>
**Cc:** Bentz, Melissa@CDCR <Melissa.Bentz@cdcr.ca.gov>; Mehta, Amar@CDCR <Amar.Mehta@cdcr.ca.gov>
**Subject:** RE: Coleman - PIP Minimum Treatment Policy [IMAN-DMS.FID12440]

**CAUTION:** This email originated from outside of CDCR/CCHCS. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Lisa,

The August 23 order granted Plaintiffs' motion to reject CDCR's March 2023 plan, which had offered treatment based on individualized assessment of the patient's clinical needs, and 10 hours of unstructured out-of-cell time. The court also rejected Plaintiffs' proposal of 40 hours of treatment. In the end, the court looked to DSH's 20-hour treatment plan and ordered Defendants to adopt it. Thus, the order did not mandate that Defendants adopt both DSH's plan and Defendants' March plan, and that makes sense because Plaintiffs moved the court to reject the March plan in full, not separate components of it.

While Defendants do not agree that the order requires CDCR to implement the rejected plan or discreet parts of the rejected plan, CDCR has developed a policy that includes, in addition to the court-ordered minimum treatment based on the DSH treatment model, treatment frequencies for IDTT, psychiatry, and PC contacts. CDCR will also present a draft policy that requires CDCR to offer PIP patients with ten hours of out-of-cell, unstructured programming each week. These additional elements are not required by court order and, thus, are not part of the Coleman remedy.

Sincerely,

Elise

**Elise Owens Thorn | Deputy Attorney General | California Department of Justice**
Correctional Law Section | 1300 I Street | Sacramento, CA 95814
*t* (916) 210-6648 | *e* elise.thorn@doj.ca.gov

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

---

**From:** Lisa Ells <LElls@rbgg.com>
**Sent:** Thursday, February 22, 2024 12:01 PM
**To:** Elise Thorn <Elise.Thorn@doj.ca.gov>; Damon McClain <Damon.McClain@doj.ca.gov>; Ernest Galvan <EGalvan@rbgg.com>; Nick Weber <Nicholas.Weber@cdcr.ca.gov>; Coleman Special Master <colemanspecialmaster@pldolaw.com>; Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbgg.com>; Steve Fama <sfama@prisonlaw.com>; Namrata Kotwani <Namrata.Kotwani@doj.ca.gov>; Paul B. Mello (Pmello@hansonbridgett.com) <Pmello@hansonbridgett.com>; Samantha Wolff <SWolff@hansonbridgett.com>
**Cc:** Melissa Bentz <Melissa.Bentz@cdcr.ca.gov>; Mehta, Amar@CDCR <Amar.Mehta@cdcr.ca.gov>
**Subject:** RE: Coleman - PIP Minimum Treatment Policy [IMAN-DMS.FID12440]

EXTERNAL EMAIL: This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

We disagree that that approach makes sense or is efficient here given Defendants' earlier statement that they do not agree with Ernie's Feb. 7 articulation of what we believe are the fundamental requirements of Defendants' policy based on the litigation and the Court's orders. Has your position changed? If we are not in agreement on the scope of the order's requirements we should seek immediate clarification from the Court, particularly given that merits briefing is about to commence in Defendants' pending appeal of this order.

Please let us know your position by the end of this week so we can move forward with a motion if necessary. We would also appreciate any insight from the Special Master on his interpretation of the order, if appropriate.

Thanks.

Lisa

---

**From:** Elise Thorn <Elise.Thorn@doj.ca.gov>
**Sent:** Thursday, February 22, 2024 11:44 AM
**To:** Lisa Ells <LElls@rbgg.com>; Damon McClain <Damon.McClain@doj.ca.gov>; Ernest Galvan <EGalvan@rbgg.com>; Nick Weber <Nicholas.Weber@cdcr.ca.gov>; Coleman Special Master <colemanspecialmaster@pldolaw.com>; Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbgg.com>; Steve Fama <sfama@prisonlaw.com>; Namrata Kotwani <Namrata.Kotwani@doj.ca.gov>; Paul B. Mello (Pmello@hansonbridgett.com) <Pmello@hansonbridgett.com>; Samantha Wolff <SWolff@hansonbridgett.com>
**Cc:** Melissa Bentz <Melissa.Bentz@cdcr.ca.gov>; Mehta, Amar@CDCR <Amar.Mehta@cdcr.ca.gov>
**Subject:** RE: Coleman - PIP Minimum Treatment Policy [IMAN-DMS.FID12440]

[EXTERNAL MESSAGE NOTICE]

Lisa,

We would prefer to present the plan to you first and then address any questions or concerns you may have as is our normal process. I can confirm in the meantime that the plan will include the 20 hours of core/supplemental treatment modeled after the DSH approach.

Sincerely,

Elise

**Elise Owens Thorn | Deputy Attorney General | California Department of Justice**
Correctional Law Section | 1300 I Street | Sacramento, CA 95814
*t* (916) 210-6648 | *e* elise.thorn@doj.ca.gov

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**From:** Lisa Ells <LElls@rbgg.com>
**Sent:** Wednesday, February 21, 2024 5:29 PM
**To:** Damon McClain <Damon.McClain@doj.ca.gov>; Elise Thorn <Elise.Thorn@doj.ca.gov>; Ernest Galvan <EGalvan@rbgg.com>; Nick Weber <Nicholas.Weber@cdcr.ca.gov>; Coleman Special Master <colemanspecialmaster@pldolaw.com>; Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbgg.com>; Steve Fama <sfama@prisonlaw.com>; Namrata Kotwani <Namrata.Kotwani@doj.ca.gov>; Paul B. Mello (Pmello@hansonbridgett.com) <Pmello@hansonbridgett.com>; Samantha Wolff <SWolff@hansonbridgett.com>
**Cc:** Melissa Bentz <Melissa.Bentz@cdcr.ca.gov>; Mehta, Amar@CDCR <Amar.Mehta@cdcr.ca.gov>
**Subject:** Re: Coleman - PIP Minimum Treatment Policy [IMAN-DMS.FID12440]

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Elise and Sam,

I see that Damon is out through next week. We would appreciate it if you could provide us with Defendants' position in the meantime so we can proceed with approaching the court promptly if necessary.

Thanks
Lisa

Lisa Ells
Rosen Bien Galvan & Grunfeld LLP
101 Mission Street, 6th Floor
San Francisco, CA 94105
Telephone: 415/433-6830
Fax: 415/433-7104
lells@rbgg.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.

IRS CIRCULAR 230 NOTICE: As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

On Feb 20, 2024, at 9:19 AM, Lisa Ells <LElls@rbgg.com> wrote:

Damon,

Please clarify whether this means Defendants agree with our interpretation of the court's order regarding the PIP minimum treatment standards. If not, we will file a motion seeking clarification. Thanks.

Lisa

**From:** Damon McClain <Damon.McClain@doj.ca.gov>
**Sent:** Thursday, February 15, 2024 10:46 AM
**To:** Elise Thorn <Elise.Thorn@doj.ca.gov>; Ernest Galvan <EGalvan@rbgg.com>; Nick Weber <Nicholas.Weber@cdcr.ca.gov>; Coleman Special Master <colemanspecialmaster@pldolaw.com>; Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbgg.com>; Steve Fama <sfama@prisonlaw.com>; Namrata Kotwani <Namrata.Kotwani@doj.ca.gov>; Paul B. Mello (Pmello@hansonbridgett.com) <Pmello@hansonbridgett.com>; 'Samantha Wolff' <SWolff@hansonbridgett.com>
**Cc:** Melissa Bentz <Melissa.Bentz@cdcr.ca.gov>; Mehta, Amar@CDCR <Amar.Mehta@cdcr.ca.gov>
**Subject:** RE: Coleman - PIP Minimum Treatment Policy [IMAN-DMS.FID12440]

[EXTERNAL MESSAGE NOTICE]

Hi Ernie,

Defendants have decided not to move forward with a motion to clarify. Defendants will continue to work on a PIP minimum treatment policy that complies with the Court's order.

-Damon

**From:** Elise Thorn <Elise.Thorn@doj.ca.gov>
**Sent:** Wednesday, February 7, 2024 4:32 PM

**To:** Ernest Galvan <EGalvan@rbgg.com>; Nick Weber <Nicholas.Weber@cdcr.ca.gov>; Coleman Special Master <colemanspecialmaster@pldolaw.com>; Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbgg.com>; Steve Fama <sfama@prisonlaw.com>; Namrata Kotwani <Namrata.Kotwani@doj.ca.gov>; Damon McClain <Damon.McClain@doj.ca.gov>; Paul B. Mello (Pmello@hansonbridgett.com) <Pmello@hansonbridgett.com>; 'Samantha Wolff' <SWolff@hansonbridgett.com>
**Cc:** Melissa Bentz <Melissa.Bentz@cdcr.ca.gov>; Mehta, Amar@CDCR <Amar.Mehta@cdcr.ca.gov>
**Subject:** RE: Coleman - PIP Minimum Treatment Policy [IMAN-DMS.FID12440]

Dear Ernie,

Defendants do not agree with Plaintiffs' reading of the August 23, 2023 order. Specifically, the order did not approve the March 2023 plan and order its implementation along with the DSH CQI auditing standards. Before proceeding further, Defendants plan to file a request for leave to file a motion for clarification of the order.

Sincerely,

Elise Thorn

**Elise Owens Thorn | Deputy Attorney General | California Department of Justice**
Correctional Law Section | 1300 I Street | Sacramento, CA 95814
*t* (916) 210-6648 | *e* elise.thorn@doj.ca.gov

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**From:** Ernest Galvan <EGalvan@rbgg.com>
**Sent:** Wednesday, February 7, 2024 3:07 PM
**To:** Nick Weber <Nicholas.Weber@cdcr.ca.gov>; Coleman Special Master <colemanspecialmaster@pldolaw.com>; Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbgg.com>; Steve Fama <sfama@prisonlaw.com>;

Elise Thorn <Elise.Thorn@doj.ca.gov>; Namrata Kotwani <Namrata.Kotwani@doj.ca.gov>; Damon McClain <Damon.McClain@doj.ca.gov>; Paul B. Mello (Pmello@hansonbridgett.com) <Pmello@hansonbridgett.com>; 'Samantha Wolff' <SWolff@hansonbridgett.com>
**Cc:** Melissa Bentz <Melissa.Bentz@cdcr.ca.gov>; Mehta, Amar@CDCR <Amar.Mehta@cdcr.ca.gov>
**Subject:** RE: Coleman - PIP Minimum Treatment Policy [IMAN-DMS.FID12440]

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Yes.

Ernest Galvan
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, 6th Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 296-2293 (direct)
(415) 694-3606 (mobile)
(415) 433-7104 (fax)
egalvan@rbgg.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbg@rbgg.com

---

**From:** Weber, Nicholas@CDCR <Nicholas.Weber@cdcr.ca.gov>
**Sent:** Wednesday, February 7, 2024 1:53 PM
**To:** Ernest Galvan <EGalvan@rbgg.com>; Coleman Special Master <colemanspecialmaster@pldolaw.com>; Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbgg.com>; Steve Fama <sfama@prisonlaw.com>; Elise Thorn <Elise.Thorn@doj.ca.gov>; Namrata Kotwani <Namrata.Kotwani@doj.ca.gov>; Damon McClain <Damon.McClain@doj.ca.gov>; Paul B. Mello (Pmello@hansonbridgett.com) <Pmello@hansonbridgett.com>; 'Samantha Wolff' <SWolff@hansonbridgett.com>
**Cc:** Melissa Bentz <Melissa.Bentz@cdcr.ca.gov>; Mehta, Amar@CDCR <Amar.Mehta@cdcr.ca.gov>
**Subject:** RE: Coleman - PIP Minimum Treatment Policy [IMAN-

DMS.FID12440]

[EXTERNAL MESSAGE NOTICE]

Thank you for your comments and feedback. Does your position that the policy must include IDTT, psychiatry, and PC contacts also extend to Defendants' March 2023 plan to offer ten hours of unstructured programming as well? (ECF No. 7787 at 6, 7.)

Nick Weber
Attorney
Department of Corrections & Rehabilitation
(916) 217-1949
1515 S Street, Suite 314S
Sacramento, CA  95811-7243

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**From:** Ernest Galvan <EGalvan@rbgg.com>
**Sent:** Wednesday, February 7, 2024 1:41 PM
**To:** Weber, Nicholas@CDCR <Nicholas.Weber@cdcr.ca.gov>; Coleman Special Master <colemanspecialmaster@pldolaw.com>; Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbgg.com>; Steve Fama <sfama@prisonlaw.com>; Elise Thorn <elise.thorn@doj.ca.gov>; Namrata Kotwani <Namrata.Kotwani@doj.ca.gov>; Damon McClain <Damon.McClain@doj.ca.gov>; Paul B. Mello (Pmello@hansonbridgett.com) <Pmello@hansonbridgett.com>; 'Samantha Wolff' <SWolff@hansonbridgett.com>
**Cc:** Bentz, Melissa@CDCR <Melissa.Bentz@cdcr.ca.gov>; Mehta, Amar@CDCR <Amar.Mehta@cdcr.ca.gov>
**Subject:** RE: Coleman - PIP Minimum Treatment Policy [IMAN-DMS.FID12440]

> **CAUTION:** This email originated from outside of CDCR/CCHCS. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Dear Nick—

We agree that your list covers the 20 hours of treatment in the Court's order and the DSH CQI process. However, it omits the IDTT and clinical contacts standards. I think that the Court rejected the absence of any minimum hours of treatment, but did not reject the three specific items in your plan regarding IDTTs (72 hours to 1st IDTT, routine IDTTs at least every 7 days thereafter), psychiatrist contacts (initial evaluation within 24 hours of arrival, every 3 days for first 30 days, 1x per calendar week thereafter), and MH Clinical contacts (MH assessment within 10 days of arrival, and then at least 2x per calendar week). (Dkt. 7787 at 6.) The Court's order didn't say anything about those three items. So, they should remain in your standards.

Also, if you are using the DSH CQI then you will need to build in the other indicators laid out in the exemplar report, filed at 7812-1 at 17-32.

Let me know if you would like to discuss further.

Ernest Galvan
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, 6th Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 296-2293 (direct)
(415) 694-3606 (mobile)
(415) 433-7104 (fax)
egalvan@rbgg.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbg@rbgg.com.

**From:** Weber, Nicholas@CDCR <Nicholas.Weber@cdcr.ca.gov>

**Sent:** Thursday, February 1, 2024 5:37 PM
**To:** Coleman Special Master <colemanspecialmaster@pldolaw.com>; Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbgg.com>; Steve Fama <sfama@prisonlaw.com>; Elise Thorn <Elise.Thorn@doj.ca.gov>; Namrata Kotwani <Namrata.Kotwani@doj.ca.gov>; Damon McClain <Damon.McClain@doj.ca.gov>; Paul B. Mello (Pmello@hansonbridgett.com) <Pmello@hansonbridgett.com>; 'Samantha Wolff' <SWolff@hansonbridgett.com>
**Cc:** Melissa Bentz <Melissa.Bentz@cdcr.ca.gov>; Mehta, Amar@CDCR <Amar.Mehta@cdcr.ca.gov>
**Subject:** Coleman - PIP Minimum Treatment Policy

[EXTERNAL MESSAGE NOTICE]

All,

I write with an update regarding CDCR's policy on PIP Minimum Treatment standards. On August 23, 2023, the court rejected CDCR's proposed plan that, included standards for frequency of services, structured programming, and unstructured programming. Instead, the court ordered CDCR to adopt and implement the Department of State Hospital's continuous quality improvement process, which offers patients 20 hours of treatment per week, unless clinically contraindicated. (ECF No. 7924, referencing ECF No. 7812-1 at 15.)

CDCR is in the process of developing a new policy implementing minimum treatment standards in line with the court's August 2023 order and anticipates providing a draft in the coming weeks. To move this process forward and streamline any potential disputes regarding the policy, below are a list of the requirements that will be detailed in the policy:

1. CDCR PIPs will offer 20 total hours of treatment to APP and ICF patients in the PIPs, unless clinically contraindicated.
2. At least 10 of the offered treatment hours will be "core" treatment, consisting of group therapy, individual therapy, or clinical encounters.
3. The remaining treatment hours may be "supplemental" treatment, including leisure activities that may increase prosocial activities and positive leisure engagement.

4. A method for documenting clinical justification for patients who are clinically contraindicated for 20 hours of treatment per week.

Please let us know by February 8th if there are any concerns with these overarching requirements or if you believe anything is missing. CDCR can then account for those concerns while completing the draft policy. Assuming there are no concerns with this framework, CDCR hopes to have its policy finalized for your review by the end of February.

Nick Weber
Attorney
Department of Corrections & Rehabilitation
(916) 217-1949
1515 S Street, Suite 314S
Sacramento, CA  95811-7243

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized

interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

State of California     Department of Corrections and Rehabilitation

# Memorandum

Date:

To:  Associate Directors, Division of Adult Institutions
     Wardens

Subject:  **PSYCHIATRIC INPATIENT PROGRAM MINIMUM OFFERING OF UNSTRUCTURED ACTIVITY**

The purpose of this memorandum is to announce California Department of Corrections and Rehabilitation (CDCR), Division of Adult Institutions, will offer incarcerated persons admitted in the Psychiatric Inpatient Program (PIP) a minimum of 10 hours of unstructured activity on a weekly basis.

All incarcerated persons admitted within the CDCR PIP programs and iFLEX locations providing Acute Psychiatric Program (APP) and Intermediate Care Facility (ICF) levels of care shall be offered a minimum of 10 hours of unstructured activity on a weekly basis.

The minimum 10 hours of unstructured activity offered will include a combination of yard and dayroom. Additionally, all offered unstructured hours shall be entered in the Non-Clinical Activity Tracking for tracking and compliance.

If you have any questions, please contact Eric Baker, Captain, Mental Health Compliance Team, Division of Adult Institutions via MHCompliance@cdcr.ca.gov.


RON BROOMFIELD
Director
Division of Adult Institutions

cc:   Jared D. Lozano
      Dawn Lorey
      Lisa Richardson
      Eric Baker

| | | | |
|---|---|---|---|
| **VOLUME 12:** <br> MENTAL HEALTH SERVICES | | Effective Date: | |
| **CHAPTER X:** <br> CHAPTER NAME | | Revision Date(s): | NA |
| | | Supersedes: | |
| **12.XX.XXX** <br> TREATMENT MINIMUMS FOR PATIENTS RECEIVING TREATMENT WITHIN CDCR PSYCHIATRIC INPATIENT PROGRAMS AND IFLEX LOCATIONS | | Attachments: | Yes ☐ No ☒ |
| | | Director Approval: | |

**Policy**   Patients admitted to the California Department of Corrections and Rehabilitation (CDCR) Psychiatric Inpatient Programs (PIPs) (including Acute Psychiatric Program [APP] and Intermediate Care Facility [ICF] levels of care) and patients admitted for APP or ICF at an APP/ICF iFlex locations will be offered a minimum of 20 programming hours per week. This will include a minimum of 20 hours of treatment, at least ten (10) hours of which are to be core treatment hours with the remainder being supplemental treatment (see below for definitions of core and supplemental treatment). Treatment teams are expected to offer patients treatment hours based on their individual goals for treatment. For patients who, due to clinical reasons, are unable to participate in 20 hours of programming a week, the reasons for scheduling fewer hours shall be clearly documented in the Master Treatment Plan.

**Responsibilities**   Responsibility for review:
Deputy Director, Statewide Mental Health Program, or designee

Responsibility for compliance with this policy:
Chief Executive Officer of the PIP/iFlex Institution
Warden of the PIP/iFlex Institution

**Purpose**   To ensure minimum standards for treatment offered to patients admitted to the CDCR PIP and iFlex locations providing APP and ICF levels of care with routine review for adherence through continuous quality improvement methods.

**Compliance Indicators**   To comply with this policy, the following requirements must be met:

- Each patient will have a minimum of 20 hours of programming offered each week. This will include at least ten (10) hours which must be core treatment hours, with the remainder being supplemental treatment, unless clinically indicated and appropriate rationale is documented in the Master Treatment Plan. A review of the Master Treatment Plan is required to ensure a rationale is documented for any patients offered less than 20 hours of treatment. The treatment plan shall include plans for improving patient participation.
- Data about treatment services will be used to evaluate the core and supplemental treatment hours offered.

**Procedure**   Newly admitted patients to the PIP will have their treatment needs discussed during Interdisciplinary Treatment Team (IDTT) meetings. Based on the initial assessment and IDTT discussion, the treatment team shall enroll the patient in programming. During the first 30 days of admission to the PIP, the treatment team will determine a group schedule based on the patient's ability to attend treatment and group topics that will assist in meeting their treatment goals. Compliance with the minimum treatment hours will be measured after the patient has been in the PIP/iFlex location for 30 days. If at any point, 20 hours of treatment programming is contraindicated for a patient due to their current presentation, a clinical justification along with objectives and interventions to assist the patient in improving the ability to attend/tolerate programming shall be documented in the treatment plan.

All Core and Supplemental treatment offered must be entered into EHRS to ensure patient treatment hours can be accounted for.

*Core Treatment Hours*—consists of group therapy, individual contacts, and IDTTs. Therapeutic groups focus on meeting treatment expectations and educating patients regarding psychiatric and psychological disorders and/or specific skills for managing those disorders. This may include groups focused on mental health education, symptom management, coping skills, social skills, relaxation, stress management, anger management, substance recovery, life skills, and problem-solving. Nursing Led Therapeutic Groups (NLTG) are also considered core treatment. All core treatment groups must follow a specific lesson plan or group protocol with specific objectives for each session. Individual contacts include both scheduled and unscheduled encounters with a patient, in which one or more treatment team members meets with a patient to provide treatment, address the patient's clinical concerns, or provide patient education. Staff must document all clinical contacts in the electronic healthcare record.

The minimum frequencies for Psychiatry (MHMD) contacts, Primary Clinician (MHPC) contacts, and IDTT meetings are as follows:

|  | MHMD |  | MHPC | IDTT |
|---|---|---|---|---|
| **APP/ICF** | Initial evaluation within 24 hours of physical arrival Routine contacts at least every three calendar days for the first 30 calendar days<br><br>Routine contacts at least every seven calendar days thereafter [*] | **APP** | Initial assessment within ten calendar days of physical arrival<br><br>Routine contacts at least twice per calendar week (i.e., Monday to Sunday) | Initial IDTT within 72 hours of physical arrival<br><br>Routine IDTTs at least every seven calendar days |
|  |  | **ICF** | Initial assessment within ten calendar days of physical arrival<br><br>Routine contacts at least once per calendar week | Initial IDTT within 72 hours of physical arrival<br><br>Routine IDTTs at least every 30 calendar days |

---

[*]In accordance with approved Title 22 program flexibilities.

*Supplemental Treatment Hours*—consists of leisure activities that may increase or promote prosocial activities and positive leisure engagement. These activities do not have a lesson plan or specific objectives for each session. During these groups (e.g., bingo, movie groups, courtyard activities, exercise groups), staff will provide informal structure.

Yard and dayroom activities facilitated by custody staff do not count towards the Core or Supplemental Treatment hours.

**PIP Modified Treatment Plan**
During IDTT, the treatment team will discuss the patient's current level of clinical functioning, ability to tolerate out-of-cell time alone and with other patients, and the types of programming that might assist in the patient meeting their goals of treatment. Patients requiring solo programming may also require a Modified Treatment Plan due to their inability to program with others. If a treatment team determines that offering a patient full programming, i.e., 20 hours of programming per week, is clinically contraindicated due to their current presentation, the treatment team will place the patient on a Modified Treatment Plan. Treatment teams will indicate in the Acute/ICF Treatment Plan that the patient is on a modified treatment plan and document the clinical reason the patient is scheduled for fewer than 20 hours of treatment. Treatment teams will update the information at every IDTT with the patient's progress, including any new or enduring reasons the patient is scheduled for fewer than 20 hours of treatment per week.

**Action Required**   The following action is required for your institution to comply with the new policy.

| If your institution… | then… |
|---|---|
| has a local operating procedure (LOP) | amend the current LOP to meet the new policy via an addendum and submit it to CDCR MHPolicyUnit@CDCR within 30 calendar days of the effective date valid until the next LOP revision date. |
| does not have an LOP | ensure that one is created to meet the new policy requirements and submitted to CDCR MHPolicyUnit@CDCR within 30 calendar days of the effective date. Ensure the LOP is reviewed annually. |

**References**   Mental Health Services Delivery System Program Guide, Chapter 6 Department of Mental Health Inpatient Program

**Questions**   If you have any questions or need any additional information related to this policy, you may contact the policy unit via e-mail at: CDCR MHPolicyUnit@CDCR