1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RALPH COLEMAN, et al.,                        No. 2:90-cv-0520 KJM DB P

12                   Plaintiffs,                    ORDER

13          v.

14   GAVIN NEWSOM, et al.,

15                   Defendants.

16

17          For over nine years, defendants have been under court orders to implement twenty-nine

18   recommendations made by the Special Master's expert on suicide prevention, Lindsay Hayes, as

19   part of the remediation necessary to the ongoing Eighth Amendment violations in this class

20   action.  *See generally* Jan. 6, 2023 Order at 3-9, ECF No. 7696.  In December 2020, the court set

21   out clear standards for Mr. Hayes to use in further reporting to the court on defendants'

22   compliance or noncompliance.  *Id*. at 6-8 (quoting Dec. 3, 2020 Order at 7-10, ECF No. 6973).

23   By the beginning of 2023, the court observed defendants still had not adequately implemented

24   fifteen of the twenty-nine recommendations "sufficiently for Mr. Hayes to report full

25   implementation."  *Id*. at 21.

26          On February 28, 2023, the court ordered defendants to "complete implementation of all

27   outstanding suicide prevention recommendations on or before April 1, 2023 so that

28   implementation is complete before Mr. Hayes starts his sixth round re-audit" and also ordered

1

that "[f]ines in the amount of $1,000 per outstanding recommendation per date [would] begin

accumulating on April 1, 2023." Feb. 28, 2023 Order at 4, ECF No. 7743. The court observed

that "Mr. Hayes [would] file his sixth round re-audit report, after circulating it in draft to the

parties, in accordance with the standard practice in this action as set out in the Order of

Reference, ECF No. 640." *Id*. Anticipating the time that would "pass between completion of

Mr. Hayes's sixth round re-audit report and its filing," the court authorized the Special Master to

"in his discretion, allow defendants during the period *up to and including* the time for objections

to the draft report to demonstrate to the Special Master and to Mr. Hayes that they have

completed work on outstanding recommendations after the April 1, 2023 deadline set by this

order" without extending the time for filing such objections. *Id*. at 4 & n.4 (emphasis added).

On February 26, 2024, the court issued a minute order that provided in full:

> The Special Master has advised the court that his suicide prevention expert, Lindsay Hayes, has substantially completed his Sixth Round Re-Audit Report which includes findings that Defendants have failed to complete implementation of all outstanding suicide prevention recommendations, as required by the court's February 28, 2023 Order, ECF No. 7743. Given the significance of Mr. Hayes' findings on his sixth round re-audit, the court will direct the Special Master to file Mr. Hayes' Sixth Round Re-Audit Report directly with the court and without circulation of a draft report to the parties. *Cf*. Feb. 28, 2023 Order at 4, ECF No. 7743. The parties will have thirty days from the date Mr. Hayes' Sixth Round Re-Audit Report is filed in which to file responses to the report. No extensions of time will be granted absent a showing of exceptional cause. IT IS SO ORDERED.

Feb. 26, 2024 Minute Order, ECF No. 8137. Neither party filed objections to that minute order.

On March 1, the Special Master filed Mr. Hayes' Sixth Re-Audit Report. ECF Nos. 8143,

8143-1. The Special Master and Mr. Hayes report defendants have "fully implemented only one

(Recommendation 20) of the fifteen remaining suicide prevention recommendations" for CDCR's

outpatient mental health programs. The Sixth Re-Audit Report also includes a first re-audit of

defendants' compliance with the court's January 6, 2023 order to implement sixteen

recommended suicide prevention measures in the California Department of Corrections and

Rehabilitation (CDCR) Psychiatric Inpatient Programs (PIPs). On April 1, 2024, defendants filed

objections to the Sixth Re-Audit Report that are 106 pages in length and accompanied by a

request for judicial notice of several declarations. ECF No. 8179, 8180. Section IV of those

1    objections, approximately 75 pages in length, comprises specific objections to Mr. Hayes'

2    findings concerning the status of defendants' implementation of each of the recommendations at

3    the audited prison institutions, as well as his findings and recommendations related to the PIPs.

4    ECF No. 8179 at 28-103.[1]

5           On April 3, 2024, plaintiffs filed a request for leave to respond to defendants' objections.

6    ECF No. 8185.  Defendants opposed the request.  ECF No. 8186.  On April 8, 2024, the court

7    granted plaintiffs' request in part and ordered focused briefing by the parties.  *See generally*

8    Apr. 8, 2024 Order, ECF No. 8192.  On May 3, 2024, the court granted plaintiffs' request in

9    additional part and authorized a response from plaintiffs and a reply from defendants to the

10   objections raised in Section III of defendants' objections.  *See generally* May 3, 2024 Order,

11   ECF No. 8227.

12          In their April 3, 2024 request, plaintiffs also seek an order requiring the Special Master to

13   respond to defendants' objections and to revise Mr. Hayes' report "if he determines any revisions

14   are warranted."  ECF No. 8185 at 3.  In the briefing, defendants also oppose this part of plaintiffs'

15   request, *see generally*, ECF No. 8186, though at a status conference on April 26, 2024 defendants

16   suggested that Mr. Hayes' informal review of defendants' objections to a draft report might have

17   led to changes in the final report.

18          The court has conducted a preliminary review of the Sixth Re-Audit Report and Section

19   IV of defendants' objections.  As discussed with the parties at the April 26, 2024 status

20   conference, the court intends to treat those objections separately from the objections raised in

21   Section III.  The court also intends to rule on the findings and recommendations with respect to

22   the PIPs by separate order, as these are separate from the recommendations defendants were

23   required to implement by April 1, 2023.

24          At the outset, the court rejects defendants' contention at the status conference that they

25   were unable to present Mr. Hayes with any of the voluminous information presented in their

---

[1] In this order, citations to page numbers in documents filed in the Court's Electronic Case Filing (ECF) system are to pages assigned by ECF and located in the upper right hand corner of the pages.

1    objections at any point before Mr. Hayes completed his draft report.  As both the Special Master

2    and Mr. Hayes confirmed at the status conference, Mr. Hayes is accompanied by CDCR's

3    headquarters/regional staff on each of his site visits, and he has a longstanding practice, well-

4    known to defendants, of conducting an exit meeting for each prison institution and PIP shortly

5    after completion of each site visit.  He has regularly scheduled monthly meetings with defendants

6    where they are able to present him with any updates on their progress toward compliance.  He

7    also observes weekly Suicide Prevention Response Unit staff meetings, which provide yet another

8    opportunity for defendants to report any new updates on compliance.  In short, defendants have

9    always known at least the general contours of Mr. Hayes' audit findings at the conclusion of his

10   site visits and they have had ample opportunity to report new information to him both weekly and

11   monthly.  Moreover, defendants did not object to the February 26, 2024 minute order directing

12   the Special Master to file the Sixth Re-Audit Report directly with the court, although the Sixth

13   Re-Audit Report was not filed until March 1, 2024 and notwithstanding their current belated

14   objection that they were prejudiced by this direct filing.  *See* ECF No. 8179 at 12-13.

15          The clear purpose of the court's February 28, 2023 order was two-fold:  to order

16   defendants to comply with the outstanding suicide prevention recommendations by April 1, 2023,

17   and, if such compliance was not timely achieved, to demonstrate compliance to the Special

18   Master and Mr. Hayes as soon as it was achieved to minimize the accumulation of coercive fines.

19   That is the only reasonable reading of the order under the present circumstances.  It is clear from

20   the order that the Special Master had the discretion to accept evidence of compliance from

21   defendants at any time between Mr. Hayes' completion of a site visit and the time defendants

22   allege they achieved compliance.  It also is clear from the record that defendants had ample

23   opportunity over the past year to present such evidence if it existed.  Defendants' argument that

24   they could not present this evidence to Mr. Hayes until he had reduced all his findings to one draft

25   report is simply incorrect, and smacks of gamesmanship.

26          Defendants' approach, which the court can only conclude remains more focused on

27   litigation strategy than on their Eighth Amendment responsibilities, requires that the court act to

28   compel compliance, having exhausted all other reasonable approaches.  The action the court will

4

take, at this juncture, is two-pronged, requiring steps to protect the Eighth Amendment rights of the plaintiff class and steps to end ongoing non-compliance with this court's longstanding orders regarding suicide prevention.  To that end, the court orders plaintiffs to respond to the following questions presented by Section IV of defendants' objections within thirty days:

1.  The court's initial review of defendants' objections suggests that even if the court were to sustain all of defendants' objections to specific findings in the Sixth Re-Audit Report, defendants would remain out of compliance with Recommendations 3, 9, 18, 21, 28, 29, 31, and 32, and that defendants have offered no facts to rebut the specific findings of non-compliance in the Report with respect to Recommendations 17 and 31. Defendants argue principally that Recommendation 17 is "redundant" of other recommendations and should be stricken, and they object that Mr. Hayes' findings with respect to Recommendation 31 are in some way or another "improper" but do not make a factual showing of compliance with this Recommendation.  Do some or all of Mr. Hayes' findings of non-compliance with these recommendations or any other of the fourteen outstanding suicide prevention recommendations support contempt proceedings because defendants would remain out of compliance even if the court were to sustain all of their specific objections to Mr. Hayes' findings as to particular suicide prevention recommendations?  If so, which ones?

2.  Do any of defendants' specific objections suggest the need for a further re-audit by Mr. Hayes as to one or more of the outstanding recommendations.  If so, which ones, and what is the most expeditious and fully effective method for completing any necessary re-audit?

3.  Is defendants' non-compliance with one or more of the specific recommendation(s) attributable to the ongoing mental health understaffing the court is addressing in separate orders so as to suggest the non-compliance with a recommendation is solely a consequence of defendants' contempt of the court's orders to remedy mental health understaffing in California's prisons?

/////

1       Plaintiffs may include such additional response to Section IV of defendants' objections as

2   they deem necessary, and should include their response, if any, to Section IV(N) of defendants'

3   objections.   Defendants are granted a period of fourteen days to file a response to plaintiffs'

4   response, at which point the court will submit this matter for decision.

5    DATED:  May 15, 2024.

6                                                     _____

                                                      CHIEF UNITED STATES DISTRICT JUDGE
7