1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RALPH COLEMAN, et al.,                    No. 2:90-cv-0520 KJM DB P

12                      Plaintiffs,             ORDER

13         v.

14    GAVIN NEWSOM, et al.,

15                      Defendants.

16

17        As required by court order, the parties have filed a joint motion to clarify paragraph 6 of

18  this court's February 7, 2022 Order.  *See* ECF No. 8217 (joint request); ECF No. 7456 (order).  In

19  that paragraph, the court discontinued "the parties' obligation to file further annual updates to"

20  the Program Guide[1] and Compendium.[2]  Feb. 7, 2022 Order at 4, ECF No. 7456.  The parties'

21  request for clarification springs from defendants' plan now to promulgate new regulations and

22  policy changes governing Restricted Housing Units (RHUs).  Defendants intend some parts of

---

[1] The Program Guide, or more formally the California Department of Corrections and Rehabilitation (CDCR) Mental Health Services Delivery System (MHSDS) Program Guide, is defendants' plan to remedy Eighth Amendment violations in the delivery of mental health care to California's seriously mentally ill prison inmates, identified by the court in 1995.  July 9, 2019 Order at 2, ECF No. 6214.

[2] The Compendium is an additional list of remedial measures, more formally the "Compendium of Custody Related Remedial Measures."  *See* Aug. 3, 2020 Order at 2, ECF No. 6806.

1

1    these regulations to essentially replace three chapters of the Program Guide.  *See*, *e.g.*, ECF No.

2    8217-7 at 2.[3]  Plaintiffs contend defendants must notify the court of the proposed regulatory

3    changes.  ECF No. 8217 at 11–12.  Defendants disagree, citing the disputed paragraph in this

4    court's February 2022 Order.  *Id*. at 16.

5         A short review of the history behind the Program Guide and the now-discontinued update

6    process will explain the court's decision below.  The court gave final approval to most provisions

7    of the Program Guide in 2006.  Mar. 3, 2006 Order at 2, ECF No. 1773.  It ordered defendants "to

8    immediately implement" those provisions, including the three chapters defendants now propose

9    to replace.  *Compare* ECF Nos. 1753-7, 1753-8, 1753-9 *with* ECF No. 7333-1 at 126-167.

10   Several years later, in late 2017, the court directed the parties to file "a current consolidated

11   Program Guide incorporating all modifications required by court orders" since March 2006 "for

12   ease of reference and to ensure the parties and the court all agree on the contents of the Program

13   Guide."  Dec. 15, 2017 Order at 2, ECF No. 5750.  The court described the task as

14   "administrative," one that "should not invoke relitigation of any question previously decided."

15   *Id*.  In the years that followed, the court emphasized similarly that the time to "materially alter"

16   the Program Guide had long passed.  July 9, 2019 Order at 14, ECF No. 6214 (quoting

17   Oct. 10, 2017 Order at 17–18, ECF No. 5710).  Periodic modifications and updates, though

18   "essential," would not "work substantive changes to the approved remedy in this case."  *Id.* at 15.

19   Any change effecting "a material or substantive alteration to the approved remedy" would require

20   the court's approval.  *Id.*  As the Supreme Court has said, "persons subject to an injunctive order

21   issued by a court with jurisdiction are expected to obey that decree until it is modified or

22   reversed, even if they have proper grounds to object to the order."  *Id.* (quoting *Celotex Corp. v.*

23   *Edwards*, 514 U.S. 300, 306 (1995)).

24        This court's decision to discontinue the requirement that annual updates be filed with the

25   court came about following an attempt to formalize that process.  *See* Aug. 3, 2020 Order at

---

[3] In this order citations to page numbers in documents filed in the Court's Electronic Case Filing (ECF) system are to the page numbers assigned by ECF and located in the upper right hand corner of each page.

15-18, ECF No. 6806.  In August 2020, the court provisionally approved a detailed updating

process, which included a method for resolving disputes about whether a proposed change

"would if adopted, be a material modification of the court-approved remedy in this action."  *Id.* at

16.  The court directed the parties to follow the updating process for one year and later file "a

joint submission . . . on the efficacy of [that] process."  *Id.* at 18.  Separately, the court reiterated

its previous instruction that defendants should not "rely solely on state law to take unilateral

action that undermines" the remedies in this action.  *Id.* at 10 (quoting Apr. 24, 2020 Order at 7,

ECF No. 6639).

        The parties eventually filed a joint submission and annual update.  ECF Nos. 7332, 7333.

The court approved the update in the order the parties now ask the court to clarify.  *See*

Feb. 7, 2022 Order at 3, ECF No. 7456.  By late 2021,  it was unclear to the court whether the

parties had ever followed the provisionally approved update process, but in any event, the court

noted it had become "apparent some time ago the process was unworkable."  *Id*. at 1 (citing

Reporter's Transcript of Proceedings at 13:19-22, ECF No. 7345).  The court also had

provisionally approved "a list of CQIT key indicators," i.e., the "continuous quality improvement

tool," which, "once finalized, defendants will use as part of a process to self-monitor the key

components of the remedy in this action."  *Id.* at 2 (alterations omitted) (quoting ECF No. 6846 at

10).  The court found that "[m]aintaining the focus on these indicators" would be most efficient,

*id*. at 3, and it anticipated the approved "CQIT indicators will replace the need for annual updates

to the Program Guide and the Compendium," *id*. at 4.  The court therefore confirmed the limited

test period for the updating process had ended and therefore also any requirement that the parties

file annual updates to the Program Guide and the Compendium.  *Id*.

        About six months later, in the summer of 2023, defendants' counsel notified the Special

Master and plaintiffs' counsel that CDCR had undertaken a project to change state regulations

and policy for RHUs.  ECF No. 8217-1 at 2.  Defense counsel wrote that CDCR had begun this

project "in response to the Governor's veto of AB2632," *id*., a state legislative bill that, among

other things, would have imposed limits on "segregated confinement" in prisons, jails, and other

facilities within California, *see* Legislative Counsel's Digest, 2021–2022 Cal. Assem. Bill No.

1   2632 (Feb. 18, 2022).  The legislation defined "segregated confinement" as "the confinement of

2   an individual, in a cell or similarly confined holding or living space, alone or with other

3   individuals, with severely restricted activity, movement, or minimal or no contact with persons

4   other than correctional staff for more than 17 hours per day."  *Id*.  According to the governor's

5   veto message, he was returning the bill without his signature because it "would categorically

6   prohibit the placement of large portions of the incarcerated population in segregated housing—

7   even if such a placement is to protect the safety of all incarcerated individuals in the institution."

8   Statement of Gov. Gavin Newsom on AB 2632 (Sept. 29, 2022).[4]  The governor nevertheless

9   wrote that he was directing CDCR "to develop regulations that would restrict the use of

10  segregated confinement except in limited situations, such as where the individual has been found

11  to have engaged in violence in the prison."  *Id.*

12       Defense counsel informed the Special Master and plaintiffs' counsel that new regulations

13  would "result in changes to several components of the Coleman Compendium," and counsel

14  summarized those changes, including some related to Enhanced Outpatient Program (EOP)

15  patients.  *Id*. at 4–5.  The parties and the Special Master then discussed the proposed RHU

16  regulations and policy.  *See* Appendices 2 through 14 to Joint Response to April 2, 2024 Order,

17  ECF Nos. 8217 to 8217-14.  As part of that discussion, defendants made clear their intention is

18  for the RHU regulations and policies to essentially replace three chapters of the Program Guide

19  and several parts of the Compendium.  ECF No. 8217-7 at 2.

20       The court and parties discussed the proposed RHU regulations and policy and defendants'

21  reporting obligations at a status conference on March 28, 2024.  *See* Reporter's Transcript of

22  Proceedings at 18:8-20:4, ECF No. 8193.  The court directed the parties to "take all steps

23  necessary to file a joint motion for clarification of the February 7, 2022 order setting forth their

24  respective positions, accompanied by a stipulation of counsel setting forth their agreements with

25  respect to the substantive provisions of the RHU regulations."  ECF No. 8181 at 7.  The parties

26  filed a timely response.  ECF No. 8217.  They report they "are in general agreement with the

[4] https://www.gov.ca.gov/wp-content/uploads/2022/09/AB-2632-VETO.pdf?emrc=ccbc61 (visited May 13, 2024)

4

1    overwhelming majority of substantive provisions of the RHU regulations and policies." *Id.* at 3.

2    They describe three remaining disputes.  The first and the only dispute the court resolves in this

3    order is whether defendants must "inform the Court of the changes being made to the Program

4    Guide remedy by implementing their new RHU Policies and Regulations." *Id.* at 5.  With the

5    relevant case history and this court's previous orders in mind, the answer is straightforward and

6    has two parts.

7         First, the court has discontinued the parties' obligations to file annual updates to the

8    Program Guide and Compendium.  The court also relieved defendants of their obligation to notify

9    the court of administrative updates to these two remedial plans.  And so, to the extent defendants

10   would previously have been required to include administrative changes related to the RHU

11   regulations and policy in an annual update to the Program Guide or Compendium, the court

12   clarifies defendants have been and continue to be relieved of that obligation.

13        But second, nothing in this court's February 2022 order relieves defendants of their

14   longstanding obligation to "immediately implement" the Program Guide, Mar. 3, 2006 Order at 2,

15   ECF No. 1773, and to comply with the Program Guide "until it is modified or reversed," *Celotex*,

16   514 U.S. at 306.  The parties' joint request for clarification reveals they dispute whether the new

17   RHU regulations conflict with defendants' court-ordered obligations.  *See* ECF No. 8217 at

18   10-16, 18-21.  If the new RHU regulations would substantively or materially conflict with

19   defendants' obligations under Chapters 7, 8, and 9 of the Program Guide, defendants could move

20   to modify the Program Guide and this court's previous orders to eliminate the conflict.  By the

21   same token, if the new state regulations will conflict with this court's remedial orders, plaintiffs

22   could move to compel compliance with this court's previous orders notwithstanding the new state

23   laws or regulations.  If a new regulation does not conflict, materially or substantively, with

24   defendants' obligations under the Program Guide and Compendium, then presumably no party

25   would need to seek modification or compelled compliance with this court's remedial orders,

26   which remain fully enforceable.  In other words, if the parties have an actual dispute, it must be

27   resolved in the context of either a motion to modify or enforce this court's previous orders.

28   /////

1    For these reasons, IT IS HEREBY ORDERED that any motion to modify or enforce the

2    court's previous orders in connection with the disputed RHU regulations and policies must be

3    filed within fourteen days from the date of this order.  Any motion filed in accordance with this

4    order will be briefed under the provisions of Local Rule 230 and submitted for decision upon the

5    completion of that briefing without oral argument.  Alternatively or in addition to any such

6    motion, the parties may file a stipulated request to modify this court's previous orders to the

7    extent a modification is necessary to conform those orders to specific RHU regulations and

8    policies.  Unless or until the court grants such a motion or approves a stipulation, the court's

9    previous orders and the Program Guide and the Compendium remain in full force and effect.

10   DATED:  May 16, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE