DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

CLAUDIA CENTER – 158255
DISABILITY RIGHTS EDUCATION
AND DEFENSE FUND, INC.
Ed Roberts Campus
3075 Adeline Street, Suite 210
Berkeley, California 94703-2578
Telephone: (510) 644-2555

MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
LISA ELLS – 243657
JENNY S. YELIN – 273601
THOMAS NOLAN – 169692
JARED MILLER – 353641
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>GAVIN NEWSOM, et al.,<br><br>   Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**PLAINTIFFS' REQUEST FOR LEAVE TO FILE RESPONSE TO DEFENDANTS' OBJECTIONS TO SPECIAL MASTER'S TELEMENTAL HEALTH POLICY (ECF NO. 8253);**<br><br>**GALVAN DECLARATION IN SUPPORT**<br><br>Judge: Hon. Kimberly J. Mueller |

[4509361.4]

On May 28, 2024, Defendants filed their Response to the Special Master's Report and Proposed Telemental Health Policy. *See* ECF No. 8253. This 39-page pleading is accompanied by two declarations, one from the Dr. Amar Mehta, the Deputy Director of the Statewide Mental Health Program for the California Department of Corrections and Rehabilitation (CDCR), and a second from Dr. Joseph Penn, a Texas-based psychiatrist hired by Defendants to respond to the Special Master's Report. *See* ECF No. 8253-1; ECF No. 8253-2. Dr. Mehta's declaration contains new expert opinions from Dr. Mehta. ECF No. 8253-2. The declaration, including the attached exhibits, is 741 pages long and, according to the declaration, includes 37 academic articles upon which Defendants have not previously relied in this proceeding. *See id.* ¶ 15 ("The [medical literature] review included both the 56 articles we referenced in support of CDCR's telepsychiatry policy plus an additional 37 articles, attached here as Exhibit B."); ECF No. 8253-3 (Part 2 of Dr. Mehta's declaration); ECF No. 8253-4 (Part 3 of Dr. Mehta's declaration). Dr. Penn's declaration also contains new expert opinions from Dr. Penn. ECF No. 8253-1. That declaration, including the attached exhibits, is 214 pages long and includes a list of 50 academic articles that comprised Dr. Penn's own literature review, many of which have also never been previously shared with Plaintiffs. *Id.* ¶ 40, Exh. E.

Plaintiffs request leave from this Court to respond to Defendants' filing, which includes both new argument and new expert evidence. Defendants make several arguments regarding the applicability of the Eighth Amendment to Defendants' Telemental Health Policy, the power of the Special Master to propose revision to that policy, and the credentials of the Special Master team—to which Plaintiffs will respond. They also object to every single one of the Special Master's proposed revisions with new evidence that Plaintiffs have a right to contest. *See* Order of Reference, ECF No. 640 at 2-3 (emphasizing adversarial nature of proceedings and Plaintiffs' role in providing input to the *Coleman* remedial process). Plaintiffs ask for the opportunity to put that evidence before the Court regarding an issue that may fundamentally change the provision of mental health care within CDCR.

1    Plaintiffs' counsel contacted defense counsel on May 30, 2024 to seek a stipulation
2 for both sides to file responsive briefs.  Defendants' counsel would not so stipulate, and
3 stated their intention to object to Plaintiffs submitting any evidence or expert declaration in
4 response to Defendants' brief.  *See* Declaration of Ernest Galvan ("Galvan Decl.") Exh. 1.
5 Defendants' May 28, 2024 filing contains new evidence to which Plaintiffs could not have
6 previously responded.  Specifically, as noted above, Defendants included two declarations,
7 one from Dr. Mehta and one from Dr. Penn, with extensive new analysis of the telemental
8 health issue.  Plaintiffs' May 28 response to the Special Master's proposed policy focused
9 on Plaintiffs' own objections to the Special Master's proposed policy, *see* ECF No. 8252,
10 but did not—and could not—respond to objections and expert opinion that had not been
11 presented by Defendants until they filed their simultaneous brief with declarations.

12    Plaintiffs request 45 days from the May 28, 2024 filing date to respond to
13 Defendants' objections.  This time frame is necessary due to the voluminous nature of
14 Defendants' pleading (totaling nearly 1,000 pages).  Good cause exists for a 45-day time
15 period for several reasons.  The first is the extensive expert testimony presented in
16 Defendants' filing, which will require a reasonable time for response.  The second is an
17 already full schedule of filings due in this matter.  Upcoming deadlines include:

18    (1) June 3, 2024:  Filings regarding Restrictive Housing Unit regulations, *see*
19 May 20, 2024 Order, ECF No. 8243;

20    (2) June 6, 2024:  Response to Defendants' request for leave to file stay motion
21 regarding Defendants' Falcon tours, *see* May 23, 2024 Minute Order, ECF No. 8247;

22    (3) June 11, 2024:  Reply brief on staffing contempt, *see* May 14, 2024 Minute
23 Order, ECF No. 8235;

24    (4) June 17, 2024:  Plaintiffs' brief responding to the Court's questions regarding
25 Defendants' objections to the Special Master's suicide prevention practices Sixth
26 Re-Audit, *see* May 16, 2024 Order, ECF No. 8238;

27    (5) June 17, 2024:  Plaintiffs/Appellees' Answering Brief in PIP minimum
28 treatment standards appeal, *see* Ninth Cir. Appeal No. 23-2485, Dkt. Entry 30.1; and

(6) June 19, 2024: Plaintiffs' deadline to respond to the Special Master's data remediation recommendations, *see* Oct. 11, 2023 Order, ECF No. 8008; Galvan Decl. ¶ 3.

The third good cause reason consists of ongoing tasks in the *Coleman* case, including data remediation reviews and meetings, responses to new policies and initiatives from Defendants, and Plaintiffs' review and presentation of information in advance of Special Master tours occurring in June at Coalinga State Hospital (CSH) and Atascadero State Hospital (ASH). Galvan Dec. ¶ 4. The fourth good cause reason consists of several scheduled vacations for Plaintiffs' counsel. Galvan Decl. ¶ 5.

Plaintiffs' request for 45 days to respond also does not prejudice Defendants in any way, as Defendants' current, preferred policy was put into effect in September 2023 and will remain in effect unless the Court orders otherwise. *See* ECF No. 8253 at 7; ECF No. 8087.

Accordingly, Plaintiffs request leave to file a response to Defendants' objections to the Special Master's proposed telemental health policy, and request a deadline of July 12, 2024 to do so.

## CERTIFICATION

Plaintiffs' counsel certifies that he reviewed the following orders in preparing this filing: ECF Nos. 640, 7901, 8008, 8087, 8235, 8238, 8243, 8247.

DATED: June 3, 2024    Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Jared Miller*
    Jared Miller

Attorneys for Plaintiffs

[4509361.4]

3
PLAINTIFFS' REQUEST FOR LEAVE TO FILE RESPONSE; GALVAN DECL.

## DECLARATION OF ERNEST GALVAN

I, Ernest Galvan, declare:

1. I am an attorney duly admitted to practice before this Court. I am a partner in the law firm of Rosen Bien Galvan & Grunfeld LLP, counsel of record for Plaintiffs. I have personal knowledge of the facts set forth herein and, if called as a witness, I could competently so testify. I make this declaration based in support of Plaintiffs' Request for Leave to File Response to Defendants' Objections to Special Master's Telemental Health Policy (ECF No. 8253).

2. On or about May 30, 2024, my colleague Jared Miller emailed Defendants' counsel to seek a stipulated briefing schedule for responses to the May 28, 2024 simultaneous filings regarding telemental health. A true and correct copy of Mr. Miller's email and the response thereto is attached as Exhibit 1.

3. There are numerous deadlines pending in June in the *Coleman* litigation. These include: (1) June 3, 2024, for filings regarding Restrictive Housing Unit regulations (ECF No. 8243); (2) June 6, 2024, for a response to Defendants' request for leave to file stay motion regarding Defendants' Falcon tours (May 23, 2024 Minute Order, ECF No. 8247); (3) June 11, 2024, for a reply brief on staffing contempt (May 14, 2024 Minute Order, ECF No. 8235); (4) June 17, 2024, for a brief responding to the Court's questions regarding Defendants' objections to the Special Master's suicide prevention practices Sixth Re-Audit, (May 16, 2024 Order, ECF No. 8238); (5) June 17, 2024, for an answering brief in Defendants' appeal of the PIP minimum treatment standards (Ninth Cir. Appeal No. 23-2485, Dkt. Entry 30.1); and (6) June 19, 2024, for a response to the Special Master's data remediation recommendations (Oct. 11, 2023 Order, ECF No. 8008). The last deadline (June 19, 2024) arises from disputes that entered step three of the deposition resolution process on May 29, 2024, triggering a seven-day deadline for a proposed resolution by the Special Master, and a deadline seven and fourteen days thereafter for responses from Defendants and Plaintiffs, respectively.

4. In addition, this is a busy time for non-litigation *Coleman* projects, such as

data remediation, which requires frequent indicator reviews and meetings, responses to new policies and initiatives from Defendants, and Plaintiffs' review and presentation of information in advance of Special Master tours occurring in June at Coalinga State Hospital (CSH) and Atascadero State Hospital (ASH).

5. Lead counsel in this case have pre-scheduled vacations in June, including for Lisa Ells from June 5 through June 9, Jenny Yelin from June 6 through June 18, Michael Bien from June 20 through June 30, and myself from June 28 through July 5.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed at San Francisco, California this 3rd day of June, 2024.

*/s/ Ernest Galvan*
Ernest Galvan

# Exhibit 1

| | |
|---|---|
| **From:** | Damon McClain |
| **To:** | Jared Miller; Samantha Wolff; Paul B. Mello; Elise Thorn; David C. Casarrubias; Carson R. Niello; Namrata Kotwani |
| **Cc:** | Coleman Team - RBG Only; Steve Fama |
| **Subject:** | RE: Telemental Health Policy Briefing--Proposed Joint Request to Respond |
| **Date:** | Thursday, May 30, 2024 4:37:26 PM |

[EXTERNAL MESSAGE NOTICE]

Hi Jared,

Defendants are willing to stipulate that the parties can respond to the objections filed on Tuesday. But two weeks from today should be more than sufficient time for the parties to do that. We will not stipulate to a deadline 45 days from Tuesday. Additionally, any stipulation should prohibit the introduction of new evidence in the responses. It has been more than ten months since Defendants shared their policy with Plaintiffs, and both parties already had an opportunity to present evidence in their objections to the Special Master's report. If the stipulation sets the filing deadline on June 13 and makes clear that no new evidence will be submitted in the responses, then we have an agreement.

If Plaintiffs refuse these terms and file a motion with the Court, Defendants will oppose it.

-Damon

---

**From:** Jared Miller <JMiller@rbgg.com>
**Sent:** Thursday, May 30, 2024 10:39 AM
**To:** Samantha Wolff <SWolff@hansonbridgett.com>; Paul B. Mello <Pmello@hansonbridgett.com>; Elise Thorn <Elise.Thorn@doj.ca.gov>; Damon McClain <Damon.McClain@doj.ca.gov>; David C. Casarrubias <DCasarrubias@hansonbridgett.com>; Carson R. Niello <CNiello@hansonbridgett.com>; Namrata Kotwani <Namrata.Kotwani@doj.ca.gov>
**Cc:** Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbgg.com>; Steve Fama <sfama@prisonlaw.com>
**Subject:** Telemental Health Policy Briefing--Proposed Joint Request to Respond

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Dear Counsel:

I am writing on behalf of the *Coleman* Plaintiffs regarding the Telemental Health Policy responses/objections that both parties filed on Tuesday. We would like to respond to your pleading, and we assume that you may want to respond to ours. We were hoping to propose a joint request for leave of court to respond to each other's pleadings, with a deadline of 45 days from this past Tuesday. Would that be acceptable to Defendants? If so, I can write up a draft for your approval.

Thank you,

Jared Miller

**Jared Miller [he/him]**
**Associate**



101 Mission Street 6th Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
jmiller@rbgg.com

CONFIDENTIALITY NOTICE: The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at jmiller@rbgg.com.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.