Rob Bonta, State Bar No. 202668
Attorney General of California
Monica N. Anderson, State Bar No. 182970
Senior Assistant Attorney General
Damon McClain, State Bar No. 209508
Supervising Deputy Attorney General
Elise Owens Thorn, State Bar No. 145931
Namrata Kotwani, State Bar No. 308741
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7318
 Fax: (916) 324-5205
 E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

Hanson Bridgett LLP
Paul B. Mello, State Bar No. 179755
Samantha D. Wolff, State Bar No. 240280
Kaylen Kadotani, State Bar No. 294114
David C. Casarrubias, State Bar No. 321994
Carson R. Niello, State Bar No. 329970
 1676 N. California Boulevard, Suite 620
 Walnut Creek, CA 94596
 Telephone: (925) 746-8460
 Fax: (925) 746-8490
 E-mail: PMello@hansonbridgett.com
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                                    Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>                                    Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR LEAVE TO RESPOND TO DEFENDANTS' OBJECTIONS TO THE SPECIAL MASTER'S TELEMENTAL HEALTH REPORT AND REVISED POLICY**<br><br>**(ECF No. 8256)**<br><br>Judge:         The Honorable Kimberly J. Mueller |

**INTRODUCTION**

On May 28, 2024, the parties each filed objections to the Special Master's Telemental Health Report and revised telemental health policy. (ECF Nos. 8252 (Plaintiffs' Response) & 8253 (Defendants' Response).) On May 30, Plaintiffs requested that Defendants stipulate that the parties may file responses to each other's objections. (ECF 8256 at 8.) Plaintiffs proposed that the parties agree to file the objections by July 12—forty-five days from May 28. (*Id.*)

1

Defs.' Opp'n Pls.' Request Leave Respond Defs.' Objections (2:90-cv-00520 KJM-DB (PC))
20886526.1

1  Defendants responded that they *would* stipulate to filing responses to the objections, but
2  that the stipulation should require responses to be filed by June 13. (*Id.*) Defendants further
3  requested that any stipulation prohibit the filing of new evidence given the late stage of this
4  process. (*Id.*) Plaintiffs were apparently not amenable to these proposals and filed their request
5  for leave on June 3—without ever responding to Defendants' email proposal. (*Id.*)

## DISCUSSION

7  As an initial matter, Plaintiffs falsely claim that Defendants' counsel would not stipulate to
8  allow the parties to file responses to objections. (ECF No. 8256 at 3.) To the contrary, as is
9  plainly stated in the very first sentence of Defendants' email response to Plaintiffs' proposal,
10 Defendants agreed with the proposal to allow the parties to file responses to objections. (*Id.* at 8.)
11 In fact, if the Court allows responses to the objections, Defendants intend to file a response to
12 Plaintiffs' objections.[1]

13 Defendants, however, rejected Plaintiffs' request for 45 days to draft responses to
14 objections, and so should the Court. (*Id.*) Instead, if this Court permits the parties to file
15 responses, they should be due no later than June 13, which is more than two weeks from the date
16 the objections were filed.

17 It has been more than ten months since Defendants first shared their Telemental Health
18 Policy with Plaintiffs, and the parties have had the Special Master's report since March 21, 2024.
19 (*See* ECF No. 8165 at 12.) A further delay of 45 days prejudices Defendants, particularly as they
20 face impending contempt fines due to staffing vacancies. Any uncertainty as to the limits that
21 will be placed on Defendants' implementation of telemental health should be resolved as quickly
22 as possible.

23 Additionally, any order granting the parties permission to respond to each other's
24 objections should prohibit the introduction of new evidence or the raising of new issues at this
25 late stage in the process. Plaintiffs had over ten months to determine their position regarding
26 CDCR's telemental health policy, and the parties had over sixty days to draft their positions and

---

[1] Plaintiffs also exaggerate their June workload, as the first item on their to-do list—the stipulation concerning the RHU regulations—was completed and filed on June 3. (ECF No. 8257.)

2

Defs.' Opp'n Pls.' Request Leave Respond Defs.' Objections (2:90-cv-00520 KJM-DB (PC)

20886526.1

submit supporting evidence for their objections to the Special Master's report. The time for presenting evidence on these issues has passed. The Court should prohibit the parties from presenting new evidence or expert testimony in the responses to objections.

While it is true that Defendants submitted substantial evidence and expert testimony in support of their positions and objections, Plaintiffs had the same opportunity, but chose not to do so, waiving that opportunity. If the Court now allows them to submit evidence and expert declarations with their response to Defendants' objections—akin to submitting new evidence on reply—Defendants will be at a disadvantage and—unfairly—without an opportunity to address their evidence. Such a result would not be equitable.

Accordingly, if the Court does not prohibit the introduction of new evidence in the responses to objections, then Defendants should be permitted to further respond—within two weeks—to any new evidence Plaintiffs include in their response to Defendants' objections.

## CONCLUSION

The Court should permit the parties to file responses to the objections by June 13, 2024. The Court should prohibit the introduction of new evidence and expert declarations in those responses. If the Court does not prohibit the introduction of new evidence and expert declarations, and if Plaintiffs submit new evidence or expert declarations in their response, then Defendants should be granted permission to file a further response to that new evidence.

## CERTIFICATION

In preparing this filing, Defendants' counsel certify that they have reviewed the following relevant orders: ECF Nos. 640, 7901, 8008, 8087, 8235, 8238, 8243, 8247. Counsel make this filing under their obligation to represent their clients zealously under their right to relief under Fed. R. Civ. P. 62(c), *Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988), and to satisfy Federal Rule of Appellate Procedure 8(a)(1)(A)'s requirement. Counsel certify that they have conducted a reasonable inquiry and have determined that this filing is well grounded in fact, legally tenable, and not presented for an improper purpose, to harass, cause unnecessary delay, or needlessly increase the cost of litigation. Fed. R. Civ. P. 11(b)(1); and *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 393 (1990) (internal quotation marks omitted).

3

Defs.' Opp'n Pls.' Request Leave Respond Defs.' Objections (2:90-cv-00520 KJM-DB (PC)

20886526.1

Dated: June 3, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California

*/s/ **Damon McClain***
Damon McClain
Supervising Deputy Attorney General
*Attorneys for Defendants*

*HANSON BRIDGETT LLP*

*/s/ **Samantha D. Wolff***
PAUL B. MELLO
SAMANTHA D. WOLFF
DAVID C. CASARRUBIAS
*Attorneys for Defendants*

4

Defs.' Opp'n Pls.' Request Leave Respond Defs.' Objections (2:90-cv-00520 KJM-DB (PC)
20886526.1

# CERTIFICATE OF SERVICE

Case Name:   **Coleman v. Newsom, et al.,**       No.   **2:90-cv-00520 KJM-DB (PC)**

I hereby certify that on June 3, 2024, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR LEAVE TO RESPOND TO DEFENDANTS' OBJECTIONS TO THE SPECIAL MASTER'S TELEMENTAL HEALTH REPORT AND REVISED POLICY**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on June 3, 2024, at Los Angeles, California.

| J. Sissov | /s/ J. Sissov |
|---|---|
| Declarant | Signature |

CF1997CS0003
66834103.docx