DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California  94710-1916
Telephone:   (510) 280-2621

CLAUDIA CENTER – 158255
DISABILITY RIGHTS EDUCATION
AND DEFENSE FUND, INC.
Ed Roberts Campus
3075 Adeline Street, Suite 210
Berkeley, California  94703-2578
Telephone:   (510) 644-2555

MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
LISA ELLS – 243657
JENNY S. YELIN – 273601
THOMAS NOLAN – 169692
MARC J. SHINN-KRANTZ – 312968
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:   (415) 433-6830

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>      Plaintiffs,<br><br>   v.<br><br>GAVIN NEWSOM, et al.,<br><br>      Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**JOINT STIPULATION AND ORDER IN RESPONSE TO MAY 20, 2024 ORDER (ECF NO. 8243)**<br><br>Judge:  Hon. Kimberly J. Mueller |

On May 20, 2024, the Court ordered the parties to file within fourteen days any motions to modify or enforce the Court's previous orders in connection with disputed Restrictive Housing Unit ("RHU") regulations and policies, and/or to file a stipulated request to modify this Court's previous orders to the extent necessary to conform those orders to specific RHU regulations and policies.  *See* Order ECF No. 8243 at 6.

The parties have met and conferred and agreed to further modifications to Defendants' draft RHU Mental Health Policy.  The agreed-upon revision of the RHU Mental Health Policy is attached hereto as **Attachment A**.

The parties have two remaining potential disputes regarding the regulations, related to two current exceptions to the transfer timelines for EOP and CCCMS patients—the exception for medical holds, *see* Cal Code Regs. Tit. 15 §§ 3335.2(d)(1)(A) [EOP]; 3335.3(d)(1)(A) [CCCMS], and the exception for patient refusals to transfer, *see* Cal Code Regs. Tit. 15 §§ 3335.2(d)(1)(B) [EOP]; 3335.3(d)(1)(B) [CCCMS]; 3335.4(c)(1)(B) [GP-RHU in Desert Institutions].

The parties are optimistic that they can resolve both potential disputes by negotiating language regarding medical holds based on the Court's resolution of the related medical hold issue in the context of transfers to CCCMS and EOP, *see* ECF No. 8216 (Joint Response), ECF No. 8206 (April 18, 2024 Order), and negotiating language regarding patient refusals to transfer.  Assuming the parties reach agreement, Defendants would issue a policy consistent with their agreement.

The parties agree that the previously stipulated and ordered medical hold transfer timeframe exception and reporting obligations for desert institutions remains controlling in circumstances where patients are either in a desert institution RHU when they are referred to the MHSDS or are erroneously transferred to a desert institution RHU when they are already EOP or CCCMS.  *See* September 26, 2019 Order, ECF No. 6296 at 6-7 (desert transfer medical hold exception); May 18, 2020 Order, ECF No. 6678 (reporting obligations).  The parties shall interpret Cal. Code Regs. Tit. §§ 3335.4(c)(1)(A) [GP-RHU] consistent with this Court's prior orders.  The parties intend to negotiate language

for a patient transfer refusal exception in this context.

I.     **STIPULATION**

1. The parties shall meet and confer regarding the RHU medical hold exception for a period of 30 days from the date the Court resolves the related pending dispute regarding medical holds for CCCMS and EOP transfers with an intention to submit a stipulation and proposed order.  *See* ECF No. 8216 (Joint Response); ECF No. 8206 (April 18, 2024 Order).  If the parties cannot reach an agreement, they will inform the Court, and propose to file a joint report regarding their respective positions for resolution by the Court.

2. The parties shall meet and confer regarding the patient refusal to transfer timeline exception.  The parties shall file a joint stipulation and proposed order regarding any agreement by July 3, 2024.  In the absence of an agreement, the parties shall brief this issue in the joint report discussed in paragraph 1.

3. Upon resolution of the potential disputes discussed in paragraphs 1 and 2, the parties will request that the Court order that the RHU Mental Health Policy replace the following sections of the 2021 Program Guide Update:  Chapters 7-9 (ASU, SHU, PSU) and the memoranda and policies on the Short Term Restrictive Housing (STRH) and Long Term Restrictive Housing (LTRH).  ECF No. 7333-1 at 126-167, 443-459, 469-471.

4. Subject to resolution of the potential disputes discussed in paragraphs 1 and 2, the parties also agree that the RHU regulations update certain aspects of the 2021 Compendium of Custody Related Remedial Measures and request that the Court approve the updated Compendium.  *See* ECF No. 7333-2.  A copy of the updated Compendium that

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

reflects changes made by the RHU regulations, but not other changes since the filing of the 2021 Compendium Update, is attached hereto as **Attachment B**.

**IT IS SO STIPULATED.**

DATED:  June 3, 2024                    Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Marc J. Shinn-Krantz*
       Marc J. Shinn-Krantz

Attorneys for Plaintiffs

DATED:  June 3, 2024                    HANSON BRIDGETT LLP

By: */s/ Paul B. Mello*
       Paul B. Mello

Attorneys for Defendants

DATED:  June 3, 2024                    ROB BONTA, ATTORNEY GENERAL OF CALIFORNIA

By: */s/ Elise Owens Thorn*
       Elise Owens Thorn

Attorneys for Defendants

**ORDER**

The court has reviewed the parties' stipulation.  Consistent with the court's May 20, 2024 order, ECF No. 8243, if the parties do not reach agreement on the dispute set out in paragraph 1 of the stipulation the dispute shall be presented to the court in the form of either a motion to modify or a motion to enforce an existing court order.  If the parties do not reach agreement on the dispute set out in paragraph 2 of the stipulation that dispute

shall also be presented to the court by an appropriate motion brought in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.  Such motion(s) shall be filed in lieu of the joint statement proposed by the parties' stipulation.  This order constitutes authorization to file such motions as necessary.  In all other respects, the parties' stipulation is approved.

      IT IS SO ORDERED.

DATED:  June 11, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE