MICHAEL A. TERHORST, SBN 164679
Attorney at Law
BEESON TERHORST
510 Bercut Drive, Suite V
Sacramento, California 95811-0111
Telephone: (916) 444-3400
Facsimile:  (916) 444-3421

Attorney for Defendants KEVIN KUICH, M.D.,
and JOE A. LIZARRAGA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA,

SACRAMENTO DIVISION

| | |
|---|---|
| **THOMAS SCHMITZ, ET AL,** | CASE NO. 2:20-cv-00195-JAM-CKD |
| Plaintiffs, | **DEFENDANTS KEVIN KUICH M.D. AND JOE A. LIZARRAGA OPPOSITION TO PLAINTIFF DIANNE MALLIA'S MOTION FOR JUDGMENT ON THE PLEADINGS** |
| vs. | |
| **A. ASMAN, ET AL.** | **Judge: The Honorable Carolyn K. Delaney** |
| Defendants. | **Trial Date:**   None Set |
| | **Action Filed:** 1/27/2020 |

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendants Kevin Kuich, M.D., and Joe A. Lizarraga, through their Attorney Michael A. Terhorst, Beeson Terhorst, hereby make the following Response to Plaintiff's Motion for Judgment on the Pleadings.

Plaintiff has brought the instant Motion, styled a "Motion for Judgment on the Pleadings," seeking a judgment as to the Plaintiffs'[1] claim that Defendants "were deliberately indifferent to [Decedent's] serious medical needs by failing to provide an adequate mental health staff to treat his

---

[1] Although the named Plaintiffs in this action are Thomas Schmitz and Dianne Mallia, the instant Motion is brought solely in the name of Plaintiff Dianne Mallia.

-1-

**DEFENDANTS DR. K. KUICH AND J. LIZAGARRA'S OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

serious medical needs." Motion, p. 25. Plaintiff's Motion is deficient, and therefore, the Motion should be denied. In addition, because the legal contentions contained in the Motion are not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," Defendants Kuich and Lizarraga respectfully request that this Court award them their reasonable attorney's fees and other expenses incurred in defending this Motion, pursuant to its inherent power to sanction.

## INTRODUCTION

The instant Motion relates to Plaintiffs' Fourth Amended Complaint. That Complaint alleges that the Plaintiffs' son William, described by the Plaintiff as "mentally ill," died while an inmate at the Mule Creek State Prison, and that his death was "due to the inability of the Defendants to provide him with mental health care that met minimum constitutional requirements." Motion, p. 2. Plaintiff further alleges that "there are enough indisputable facts from the pleadings that meet the burden of proof that Defendants . . . were deliberately indifferent to [Decedent's] serious medical needs . . ." Plaintiff also contends that "the addition of matters subject to judicial notice leaves no doubt." *Id.* The "matters subject to judicial notice" referred to by the Plaintiff consist of numerous citations to the records in *Coleman v. Brown,* No. CIV. S-90-520 (E.D. Cal.).

## LEGAL STANDARD

Plaintiff brings her Motion pursuant to F.R.Civ.P. 12(c). The standard for granting a Rule 12(c) motion is well established.

Judgment on the pleadings may be granted when, the moving party clearly establishes that construing all allegations in the *non-moving* party's pleadings as true, there is no remaining disputed issue of material fact, and the moving party is entitled to judgment as a matter of law. *Fajardo v. City of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999). The court must assume the truthfulness of all material facts alleged and construe all inferences reasonably to be drawn from the facts in favor of the non-moving party. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). To succeed on a Rule 12(c) motion, the moving party has the burden of demonstrating that (1) "no material issue of fact remains to be resolved" and (2) that the moving party "is entitled to judgment as a matter of

-2-

**DEFENDANTS DR. K. KUICH AND J. LIZAGARRA'S OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

law." *Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984).  A court may not grant a Rule 12(c) motion to dismiss based upon a disbelief of a pleading's factual allegations, as the court may neither weigh evidence nor evaluate the credibility of witnesses. *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995).  **As a result, a "plaintiff is not entitled to judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery. Similarly, if the defendant raises an affirmative defense in his answer, it will usually bar judgment on the pleadings."** *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church,* 887 F.2d 228, 230 (9th Cir. 1989)

Plaintiff in the instant case, is, in essence, asking the Court to enter a judgment based solely on her assertions, and based on the Court's acceptance of all of plaintiff, the *moving* party's, assertions as correct and beyond reasonable dispute. This in inapposite to the proper assessment of a motion for judgment on the pleadings. Plaintiff's Motion assumes that all of the allegations contained in the 840 pages of the Fourth Amended Complaint are correct, that the authenticity of the documents attached or referenced in the Complaint "cannot in good faith be contested," and (implicitly) that no consideration or discussion of the Defendants' Answers (also included in the definition of "pleadings." F.R.Civ.P. 7(a)(2)) is necessary. These assumptions are incorrect. Defendants are entitled to have all inferences construed in their favor. They are not to be construed only as favoring Plaintiff's position.  "Judgment on the pleadings is proper when there are no issues of material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 12(c). All allegations of fact by the party opposing the motion are accepted as true, and are construed in the light most favorable to that party. *McGlinchy*, 845 F.2d at 810.

## LEGAL ARGUMENT

### I.     Judicial Notice May be Taken Only of Relevant Facts

Plaintiff urges the Court to take judicial notice of the Special Master's Reports in *Coleman v. Brown, supra. See* Motion, pp. 8-13 (reproducing paragraphs from the Fourth Amended Complaint). While it is true that the Ninth Circuit has found it "appropriate" to take judicial notice of the Special

-3-

1  Master's Reports, *see Rico v. Ducart,* 980 F.3d 1292, 1295 n. 2 (9th Cir. 2020), judicial notice is
2  appropriately taken only of facts relevant to the issues before the court. *Ruiz v. City of Santa Maria*,
3  160 F.3d 543, 548 n. 13 (9th Cir. 1998). For example, in *Rico, supra,* judicial notice of the Report
4  was taken to explain why officers at the Pelican Bay State Prison were conducting welfare checks in
5  a manner that allegedly deprived inmates of sleep. No further conclusions or inferences were made
6  based on the judicially noticed Report.

7  The evidence of the *Coleman* Special Master's Report is not relevant to the matter before this
8  Court. Specifically, the cited evidence does not say anything about the treatment of Decedent while
9  he was in custody. Insofar as the Report contains factual information, it is not factual information
10 that has any bearing on Decedent's time in custody. At most, that Report could be read as setting out
11 a standard of care for correctional personnel. That is not the same as evidence of what happened to
12 Decedent.

13 Plaintiff's arguments regarding the Report are irrelevant, and should not be considered by the
14 Court.

15 **II.     Plaintiff Has Not Established Causation as a Matter of Law**

16 Whatever Plaintiff thinks may have been established by the *Coleman* Special Master,
17 causation in the instant case has not been proven as a matter of law. Specifically, Plaintiff has not
18 established as a matter of law that the claimed violations of the various *Coleman* decrees caused the
19 Decedent's death.

20 Plaintiff notes, correctly, that a plaintiff who seeks to establish that a defendant is liable for
21 acting with "deliberate indifference" must establish that the actions taken or not taken "were both an
22 actual and proximate cause of their injuries." *Lemire v. California Dep't of Corrections &*
23 *Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013). Causation is generally a matter of fact to be
24 determined by the jury or other finder of fact. *Hoyem v. Manhattan Beach School District*, 22 Cal.3d
25 508, 520, 150 Cal. Rptr. 1, 8, 585 P.2d 851, 858 (1978). As the oft-stated truism says, correlation,
26 even temporal correlation, is not the same as causation, however. While Plaintiff has alleged, in a
27 conclusory fashion, that the conditions at Mule Creek Prison violated the terms of the *Coleman*
28

-4-

**DEFENDANTS DR. K. KUICH AND J. LIZAGARRA'S OPPOSITION TO PLAINTIFF'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

decrees, she has not shown how those purported violations caused Decedent's death. Plaintiff alleges, or implies, that Decedent would not have died if he had received different or additional mental health care, but she presents nothing to establish that link as a matter of law.

### A. Plaintiff has not Established, as a Matter of Law, that Defendants Kuich and Lizarraga Acted with Deliberate Indifference

Plaintiff's failure to show causation is amplified by a more fundamental issue regarding Defendants Kuich and Lizarraga. Specifically, Plaintiff has not established, as a matter of law, that these two Defendants acted with deliberate indifference.

In order to succeed on her claim, the Plaintiff must make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety. "Deliberate indifference" has both subjective and objective components. A prison official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and must actually draw the inference. Liability may follow only if a prison official knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Labatad v. Correction Corp. of America*, 714 F.3d 1155, 1160 (9th Cir. 2013), *citing Farmer v. Brennan*, 511 U.S. 825 (1994). In other words, deliberate indifference is shown when a health care provider purposefully ignores a need or purposefully fails to act. *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992). (Emphasis added).

This subjective component of deliberate indifference is satisfied by a showing that prison officials knew of and disregarded the substantial risk of harm. *Lemire v. Cal. Dep't of Corrections & Rehabilitation, supra*, 726 F.3d at 1074, *quoting Farmer v. Brennan*, 511 U.S. 825, 837, 842 (1994). An inadvertent or negligent failure to provide adequate medical care alone does not state a claim under 1983. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

The specific allegations being made by the Plaintiff against Defendants Lizarraga and Kuich do not show this level of deliberate indifference as a matter of law. In Plaintiff's Complaint, it is alleged that Defendant Lizarraga was Warden of Mule Creek State Prison, an allegation Defendant does not deny. There is also an allegation that Plaintiff's family attempted communication with

-5-

Defendant Lizarraga via social media regarding the Decedent's medical condition (ECF 173 at 58), but the only specific medical condition referenced as a concern in that message was "medicine induced hepatitis." The symptoms of medication induced hepatitis include fever, joint and muscle pain, flu-like symptoms, nausea, vomiting, jaundice, hives, and a loss of appetite. Stanford Healthcare, *Symptoms of Drug-Induced Hepatitis,* https://stanfordhealthcare.org/medical-conditions/liver-kidneys-and-urinary-system/drug-induced-hepatitis/symptoms.html (accessed Mar. 28, 2024). There was nothing there saying that Decedent's mental health was in danger, or that illegal drugs were suspected. The most that can be inferred from this message is that Decedent's family raised concerns about a possible hepatological condition that does not pose a risk of imminent death. In short, Plaintiff has not shown that Defendant Lizagarra, as a matter of law, knew of Decedent's mental health issues.

There are also allegations in the Complaint that a suicide risk evaluation was done that showed the Decedent to be at a high chronic risk for suicide, but Plaintiff has not alleged that this evaluation was presented to Defendant Lizagarra, or that he was aware of the contents of that evaluation. Plaintiff has alleged deliberate indifference but has not shown the knowledge required for a finding of deliberate indifference. *See Gibson v. County of Washoe*, 290 F.3d 1175, 1197 (9th Cir. 2002) *overruled on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1076 (9th Cir. 2016) (holding that officers cannot be held liable for deliberate indifference unless an inmate "was so obviously mentally ill that the deputies, who had received no training regarding the diagnosis and treatment of mental illness, *must* have known that [the inmate] was exhibiting symptoms of mental illness" (emphasis added)).

Plaintiff has also made numerous allegations regarding claimed financial misconduct on the part of Defendant Lizagarra. Defendant will not waste the Court's time responding in any kind of detail to these obvious red herrings, except to note that they are irrelevant to the issues raised in this Motion.

Regarding Defendant Dr. Kuich, Plaintiff has similarly failed to show that she is entitled to judgment as a matter of law. As set out in Plaintiff's Motion, Dr. Kuich is alleged to have been

-6-

**DEFENDANTS DR. K. KUICH AND J. LIZAGARRA'S OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

"involved in deploying both telepsychiatrists and non-telepsychiatrists to CDCR institutions." Motion, p. 19. There are also factual allegations regarding his duties as an employee of the Department of Corrections and Rehabilitation. Essentially, Dr. Kuich was involved in administrative tasks. Plaintiff has alleged that he was aware of the staffing problems regarding mental health professionals in California correctional facilities.

Missing from Plaintiff's Complaint is any allegation that Dr. Kuich knew of Decedent's mental health condition. There is no allegation that Dr. Kuich treated or even examined the Decedent, or that he was apprised of the Decedent's mental health status. In fact, there is no allegation that Dr. Kuich ever examined or treated patients at Bear Creek or at any other correctional facility in California. Whatever Dr. Kuich may or may not have known about the mental health care available at California correctional facilities generally, the allegations in the Complaint do not compel a finding that, as a matter of law, Dr. Kuich acted with deliberate indifference towards the Decedent, or that his actions caused Decedent's injury.

Plaintiff's Motion does nothing more than restate the allegations against Defendants Lizarraga and Kuich that were made in her Complaint. These allegations are just that: allegations. They are not entitled to a presumption of truth in 12(c) proceedings. They prove nothing more than that the Plaintiff has made these allegations. This is a long way from proving that these Defendants acted with deliberate indifference, or that the Defendants' conduct caused the Decedent's injury.

### III. Plaintiff has not Shown, as a Matter of Law, Supervisory Liability on the Part of Either Defendant

Plaintiff has not established, as a matter of law, that either Defendant Lizarraga or Defendant Kuich has supervisory liability for Decedent's death.

There is little point in reiterating the arguments already made. As with all of Plaintiff's Motion, her claim of supervisory liability depends on taking all of the allegations in Plaintiff's Complaint at face value and ignoring Defendants' responsive pleadings. Crucially, this claim also depends on ignoring the rubric that all inferences reasonably to be drawn from the facts are to be

-7-

**DEFENDANTS DR. K. KUICH AND J. LIZAGARRA'S OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

construed in favor of the non-moving party. *McGlinchy v. Shell Chem. Co.*, *supra*. The burden on Plaintiff to establish that she is entitled to judgment is also ignored. There is no support for the implicit argument that Plaintiff's Complaint is sufficient evidence for judgment to be entered.

### IV. Plaintiff's Motion was Brought in Bad Faith, and Defendants are Entitled to their Costs and Attorney's Fees Incurred in Defending this Motion

Federal courts have the inherent power to sanction conduct that abuses the judicial process when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991). When imposing sanctions under its inherent authority, a court must make an explicit finding of bad faith or willful misconduct. *In re Dyer*, 322 F.3d 1178, 1196 (9th Cir. 2003); *see also, Fink*, 239 F.3d at 993-94.

Plaintiff's Motion is essentially a request that this Court ignore the long-standing and clearly-established rules regarding judgment on the pleadings. Plaintiff's argument assumes that her allegations are necessarily true, that Defendants have no basis for defending against them, and that Plaintiff is therefore entitled to judgment. This is not the law. It has never been the law, and Plaintiff presents no rationale for such a rule.

While some leeway is traditionally allowed to *pro se* litigants, this leeway is for errors such as minor procedural defaults. It does not extend to allowing them to disregard the clear rules and bring motions before the court premised on that disregard. Plaintiff has acted in bad faith, and Defendants are entitled to their costs and attorneys' fees.

### CONCLUSION

Plaintiff has not shown that she is entitled to judgment as a matter of law based on the allegations in her Complaint. Her Motion should be denied. In addition, Plaintiff's Motion was brought in bad faith, and Defendants Lizarraga and Kuich are entitled to their attorneys' fees incurred in defending this Motion. For the foregoing reasons, Plaintiff respectfully requests that this Court deny the motion, aware attorneys' fees and costs in Plaintiff's favor, and grant such other relief as is just and proper.

Dated: April 4, 2024

BEESON TERHORST

                                                By: /s/ Michael A. Terhorst
                                                    MICHAEL A. TERHORST
                                                    Attorney for Defendants

BEESON TERHORST LLP
510 BERCUT DRIVE, SUITE V
SACRAMENTO, CALIFORNIA 95811-0111
(916) 444-3400 TELEPHONE
(916) 444-3421 FACSIMILE

**DEFENDANTS DR. K. KUICH AND J. LIZAGARRA'S OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

| | |
|---|---|
| **CASE NAME:** | **Schmitz, et. al. v. Asman et. al** |
| **ACTION NO.:** | **U.S.D.C. Eastern District CASE NO. 2:20-cv-00195-JAM-CKD** |

# PROOF OF SERVICE

I work in the United States. My business address is 510 Bercut Drive, Suite V, Sacramento, CA 95811-0111. I work in the county of Sacramento where this service occurs. I am over the age of 18 years and not a party to the within cause.

On the date set forth below, I served the following documents(s) described as:

**DEFENDANTS DR. K. KUICH AND J. LIZAGARRA'S RESPONSES TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

☒ **BY MAIL:** I am readily familiar with my employer's normal business practice of collection and processing of correspondence for mailing. Under that practice, correspondence is deposited with the U.S. Postal Service that same day in a sealed envelope(s) with postage thereon fully prepaid at Sacramento, California, in the ordinary course of business on the interested parties in this action addressed as follows:

**Thomas J. Schmitz, Plaintiff, Pro Se**
**Dianne Mallia, Plaintiff, Pro Se**
**404 Atkinson Street, Roseville, CA 95678**
*(Individually and Successor in Interest to Estate of William Schmitz, deceased)*

☐ **BY EMAIL/FAX:** I served said document(s) by transmitting via facsimile from facsimile number (916) 444-3421 to the facsimile number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m. A statement that this document was successfully transmitted without error is hereby attached to the Proof of Service.

☒ **FEDERAL ECF:** I declare that I work in the office of a member of the bar of this Court at whose direction service was made

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on April 4, 2024 at Sacramento, California

/s/ Mercedes Campos

MERCEDES CAMPOS

-10-

**DEFENDANTS DR. K. KUICH AND J. LIZAGARRA'S OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**