DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

CLAUDIA CENTER – 158255
DISABILITY RIGHTS EDUCATION
AND DEFENSE FUND, INC.
Ed Roberts Campus
3075 Adeline Street, Suite 210
Berkeley, California 94703-2578
Telephone: (510) 644-2555

MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
LISA ELLS – 243657
JENNY S. YELIN – 273601
THOMAS NOLAN – 169692
MICHAEL S. NUNEZ – 280535
MARC J. SHINN-KRANTZ – 312968
ALEXANDER GOURSE – 321631
ADRIENNE PON HARROLD – 326640
AMY XU – 330707
ADRIENNE SPIEGEL – 330482
BENJAMIN W. HOLSTON – 341439
MAYA E. CAMPBELL – 345180
LUMA KHABBAZ – 351492
JARED MILLER – 353641
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>GAVIN NEWSOM, et al.,<br><br>　　　　Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DEFENDANTS' OBJECTIONS AND RESPONSES TO SPECIAL MASTER'S SIXTH RE-AUDIT REPORT (ECF NOS. 8179-8180-6, 8249-1)**<br><br>Judge: Hon. Kimberly J. Mueller |

[4513621.3]

Defendants have filed six declarations in support of their "Objections to Special Master's Report on his Expert's Sixth Re-Audit and Updated of Suicide Prevention Practices in CDCR Prisons and Re-Audit of Suicide Prevention Practices in the Psychiatric Inpatient Programs." ECF No. 8179 (hereinafter "Defs.' Objections"). Plaintiffs hereby make evidentiary objections to two of those declarations—the declarations of Dr. Joel Andrade, ECF No. 8180-3 ("Andrade Decl."), and Dr. Travis Williams, ECF No. 8180-6 ("Williams Decl.").

Defendants also filed a Declaration of Travis Williams, ECF No. 8249-1 ("Williams 8249-1 Decl.") in support of "Defendants' Response to Plaintiffs' Second Brief Regarding Defendants' General Objections to Special Master's Sixth Re-Audit Report." ECF No. 8249. Plaintiffs also make objections to that second Williams Declaration (ECF No. 8249-1) below.

## I.   EVIDENTIARY OBJECTIONS TO THE DECLARATION OF DR. JOEL ANDRADE, ECF NO. 8180-3

Dr. Andrade's declaration exclusively consists of expert conclusions that would be inadmissible as lay witness testimony. *See* Fed. R. Evid. 602, 701. While his declaration and his attached *curriculum vitae* lay out his qualifications as a correctional social worker, it is unclear from Defendants' filings in what field they offer Dr. Andrade as an expert under Federal Rule of Evidence 702. To the extent that Dr. Andrade is being offered as an expert, Plaintiffs first object to the fact that Defendants have not laid the proper foundation to establish Dr. Andrade's ability to opine on the suicide prevention recommendations put forth by Lindsay Hayes.

In addition, if Defendants do intend to offer Dr. Andrade as an expert, the Court should strike all of the statements made by Dr. Andrade in his declaration, apart from the stating of his qualifications, as violative of Federal Rules of Evidence 401 and 702. Under Rule 702, an expert's opinion shall only be admitted if it "will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). The expert must also provide a sufficient foundation for offering that opinion, including evidence that

"the testimony is based on sufficient facts or data", it is "the product of reliable principles and methods", and it "reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702(b-d).  Dr. Andrade offers several opinions (in paragraphs 12-14 and 20-24) criticizing Mr. Lindsay Hayes's methodology and/or the structure of his recommendations and reports, or attacking certain Program Guide requirements.  Not only do these opinions lack a proper evidentiary foundation, they are also made in support of Defendants' collateral attacks against recommendations with which the Court has previously ordered Defendants to comply and which are no longer a "fact in issue."  Mr. Hayes made recommendations in the report he authored following his first audit of Defendants' suicide prevention practices in 2015, which were adopted by the Court without Defendants' objection.  *See* Lindsay Hayes's Audit of CDCR Suicide Prevention Practices, ECF No. 5259; Feb. 3, 2015 Order, ECF No. 5271 at 3 (adopting First Audit).  He has been auditing these institutions and determining compliance in the same manner ever since, and each of his re-audit reports have been adopted in whole by the Court.  *See* Hayes's First Re-Audit Report, ECF No. 5396; Apr. 5, 2016 Order, ECF No. 5429 at 1 (adopting First Re-Audit); Hayes's Second Re-Audit Report, ECF No. 5672; Jan. 25, 2018 Order, ECF No. 5762 at 3-4 (adopting Second Re-Audit)); Hayes's Third Re-Audit Report, ECF No. 5991-1; July 3, 2019 Order, ECF No. 6212 at 14-15 (adopting Third Re-Audit); Hayes's Fourth Re-Audit Report, ECF No. 6879-1; Dec. 3, 2020 Order, ECF No. 6973 at 12 (adopting Fourth Re-Audit); Hayes's Fifth Re-Audit Report, ECF No. 7636-1; Jan. 6, 2023 Order, ECF No. 7696 at 21 (adopting Fifth Re-Audit).  The time for Defendants to challenge Mr. Hayes's auditing methodology has passed, and the Court should reject Defendants' attempts to use Dr. Andrade's opinions to bolster their collateral attacks against Mr. Hayes's recommendations.

The Court should also strike many of these same opinions under Federal Rule of Evidence 401, as they do not make any fact more or less probable that "is of consequence in determining the action."  For the same reasons as above, many of Dr. Andrade's opinions are not relevant to the findings and recommendations put forth in Mr. Hayes's

[4513621.3]

2

PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DEFENDANTS' OBJECTIONS AND RESPONSES TO SPECIAL MASTER'S SIXTH RE-AUDIT REPORT (ECF NOS. 8179-8180-6, 8249-1)

and the Special Master's Sixth Re-Audit reports and should be excluded on these grounds.

The Court should reject other opinions offered by Dr. Andrade in which he does not offer any "specialized knowledge," which is required to offer an expert opinion under Rule 702. Dr. Andrade makes claims about Mr. Hayes not auditing institutions in line with the text of certain recommendations, but in order to reach these conclusions, he merely reads the text of the recommendations and compares it with the text of Mr. Hayes's report. He also discusses CDCR's suicide rates in the context of national prison suicide rates but merely cites to various data regarding suicide rates and California's percentage of individuals incarcerated for violent offenses, and he offers no specialized knowledge to the Court that Defendants could not have presented themselves in their filing. These are not proper "expert" opinions and are of no value to the Court.

The Court should strike all of the opinions below, as they do not satisfy the requirements of Rules 401 and 702.

### A. Andrade Decl. ¶ 12 & 13

In these paragraphs, Dr. Andrade asserts that "the methodology of finding the entire CDCR system deficient for a specific recommendation based on dividing the number of non-compliant facilities by the number of compliant facilities is problematic" and that "the current process of review does not allow for the rapid and specific corrective action response necessary to remedy the problem timely." The Court should exclude these opinions as irrelevant under Rules 401 and 702(a), as they do not challenge specific findings made by Mr. Hayes in his Sixth Re-Audit Report and instead challenge the entire process by which Mr. Hayes conducts his audits of CDCR institutions. The Court should also exclude these opinions as lacking a proper foundation under Rule 702.

### B. Andrade Decl. ¶ 14

Here, Dr. Andrade claims that "some requirements outlined in the Program Guide and attached memos result in an institution's inability to pass a section of an audit even though clinical care is not negatively affected." The Court should also exclude this

opinion as irrelevant under Rules 401 and 702(a), because the fact that Dr. Andrade believes that some of the Program Guide's requirements are unhelpful or unnecessary is not relevant at this point.  Fed. R. Evid. 401, 702.  His opinion also does not include a proper foundation because he does not sufficiently explain the basis for his opinion.  Fed. R. Evid. 702.

### C. Andrade Decl. ¶ 15 & 16

Dr. Andrade's "third" opinion focuses on the claims that "Mr. Hayes is adding additional requirements into various recommendations" and that Mr. Hayes "appears to audit something different than what each recommendation actually requires."  The Court should strike these opinions under Rule 702 because they do not require any specialized knowledge and he does not offer an adequate foundation for his opinion.

### D. Andrade Decl. ¶ 17-19

In these paragraphs, Dr. Andrade discusses CDCR's suicide rate in the context of the national state and federal prison suicide rate.  The Court should strike these opinions because they are not relevant, they do not require specialized knowledge, and Dr. Andrade does not put forth a sufficient foundation that he is qualified to offer them.

### E. Andrade Decl. ¶ 20-24

Paragraphs 20, 21, and 22 include Dr. Andrade's criticisms of either the structure of Mr. Hayes's report (¶ 20), Mr. Hayes's compliance metrics (¶ 21), or the structure of Mr. Hayes's original recommendations (¶ 22).  Similar to the issues noted above, these paragraphs all contain opinions that violate Rules 702 and 401, as they are not relevant to the filing at issue, and Dr. Andrade does not establish a basis for offering them.  Paragraph 23 includes Dr. Andrade's opinion agreeing with Mr. Hayes that CDCR's Suicide Case Review is robust and a strength of their suicide prevention program; this opinion likewise does not aid the Court in any way in determining a fact in issue or understanding the evidence.  Finally, Paragraph 24 supports CDCR's use of the Columbia-Suicide Severity Rating Scale suicide screening tool.  Since the use of that tool is not permitted by the Program Guide, *see* Defs' Objections at 66, Dr. Andrade's opinion about the efficacy of

[4513621.3]

4

this tool is irrelevant for these purposes.

## II. EVIDENTIARY OBJECTIONS TO THE DECLARATION OF TRAVIS WILLIAMS, ECF NO. 8180-6

Testimony in the lay witness declaration of Travis Williams does not meet the Federal Rule of Evidence 602 requirement that a witness may testify "only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Dr. Williams also offers expert testimony without establishing his qualifications to do so. Dr. Williams's declaration contains factual claims, tables, and statistics that are offered with no explanation of how Dr. Williams has personal knowledge of the information alleged, the source of the statistics, and the methodology by which the statistics were compiled or the various charts were prepared. This evidence lacks sufficient authentication that it is true and accurate, as required by Federal Rule of Evidence 901. Furthermore, Dr. Williams's claims regarding the practices of Regional SPRFIT Coordinators are inadmissible hearsay. *See* Fed R. Evid. 801.

Finally, Federal Rule of Evidence 1006 allows the use of summaries of complex records only when the underlying data has been provided to both parties. In one case, as detailed below, Defendants have not provided the data purportedly summarized in Dr. Williams's declaration to Plaintiffs.

### A. Williams Decl. ¶ 6-8

Paragraphs 6 through 8 include a broad claim of compliance and claims about trends in referrals and rescissions. Paragraph 6 of the Williams Declaration states "[f]or several recommendations where Mr. Hayes found noncompliance, CDCR can demonstrate compliance." In paragraph 7, Dr. Williams states that the increase in the number of urgent and emergent referrals from April 2022 to November 2023 "is attributable to just five institutions whereas ten institutions had fewer referrals in November 2023 than they did in April 2022." In Paragraph 8, Dr. Williams asserts that 56% of the increase in crisis bed rescissions from April 2022 to November 2023 occurred at CSP-LAC and that eight other institutions saw a decrease in rescissions over that time period.

Dr. Williams provides no basis to conclude that he has personal knowledge of these alleged facts. There is no explanation of what information was reviewed to establish knowledge of these claims and statistical trends. Dr. Williams's unsupported assertions are without foundation and unhelpful to the Court. Fed. R. Evid. 401, 602, 701. These statements should be excluded.

### B.   Williams Decl. ¶ 9

Paragraph 9 of the Williams Declaration purports to be a table that sets forth the audit criteria that Defendants' Continuous Quality Improvement Guidebook addresses. Williams Decl. at 3-6. The table is not identified or authenticated. The declaration does not state that Dr. Williams prepared the table or verified its accuracy. In fact, no information is given in the declaration as to how it was prepared or by whom. *See* Fed. R. Evid. 901. The declaration does not provide evidence sufficient to support a finding that the table accurately conveys the information that it purports to convey or the basis for Dr. Williams's personal knowledge of its contents. *See* Fed. R. Evid. 602, 901. The unauthenticated table in paragraph 9 should be excluded as lacking adequate evidence that it is true and accurate. *See* Fed. R. Evid. 901.

### C.   Williams Decl. ¶ 18

In paragraph 18, Dr. Williams claims that CDCR has demonstrated compliance with Recommendations 12 and 13 "outside of Mr. Hayes's two or three day visits" to the seven institutions where he found non-compliance: CIM, CMC, LAC, KVSP, RJD, SVSP, and WSP. Dr. Williams provides no basis to conclude that he has personal knowledge of this alleged fact. He states only that CDCR Regional SPRFIT Coordinators conducted audits during Dr. Hayes's Sixth Round. To the extent that Dr. Williams's relied on the unidentified statements of others to make his claim of compliance with Recommendations 12 and 13, those statements are hearsay. *See* Fed. R. Evid. 801. Dr. Williams unsupported claim is without foundation and should be excluded as inadmissible hearsay.

### D.   Williams Decl. ¶ 21

In paragraph 21, Dr. Williams states that "over ten million Suicide Precaution or

[4513621.3]

6

PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DEFENDANTS' OBJECTIONS AND RESPONSES TO SPECIAL MASTER'S SIXTH RE-AUDIT REPORT (ECF NOS. 8179-8180-6, 8249-1)

Suicide Watch observations were required in 2023 alone" and that "CDCR completed these observations at over ninety-two percent compliance." Dr. Williams provides no basis to conclude that he has personal knowledge of these alleged facts. Dr. Williams does not explain how he knows how many observations were required in 2023 or the percentage of compliant observations that were completed in 2023. He does not state what data and information he reviewed to determine the number of observations that were required in 2023 or what calculations, if any, he performed to determine the number of required observations in 2023 and the percentage of observations that were compliant. These unauthenticated numbers in paragraph 21 should be excluded as lacking adequate evidence that they are true and accurate. *See* Fed. R. Evid. 901.

The same is true for the table in paragraph 21 titled "2023 Timely MHCB SP and SW Observations by Month (Statewide)." The table purports to show the number of timely suicide watch and precaution observations, the total number of required observations, and the compliance rate each month in 2023. The table is not authenticated, and aside from stating that the data comes from the Mental Health Observation Reporting Tool, no explanation is given in the declaration as to how it was prepared or by whom. The declaration does not provide evidence sufficient to support a finding that the table accurately conveys the information that it purports to convey. *See* Fed. R. Evid. 602, 901. The unauthenticated table in paragraph 21 should be excluded as lacking adequate evidence that it is true and accurate. *See* Fed. R. Evid. 901.

Finally, Federal Rule of Evidence 1006 allows the use of summaries of complex records only when the underlying data has been provided to both parties. Aside from stating that the data comes from the Mental Health Observation Reporting Tool, Defendants have not explained how they compiled the data used to prepare the table in paragraph 21 and have not provided it to Plaintiffs.

### E.     Williams Decl. ¶ 26

Paragraph 26 contains purported training compliance rates for several CDCR institutions. No explanation is given as to the sources of any of these data points, and no

[4513621.3]

7

PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DEFENDANTS' OBJECTIONS AND RESPONSES TO
SPECIAL MASTER'S SIXTH RE-AUDIT REPORT (ECF NOS. 8179-8180-6, 8249-1)

evidence is submitted in support of any of these numbers. As such, the statistics provided in Paragraph 26 should be excluded for lack of authentication and indicia of reliability. *See* Fed. R. Evid. 901. Further, the declaration contains no statements that Dr. Williams personally reviewed any relevant reports in preparing this declaration, such that these numbers would be within his "personal knowledge" as required for a declaration submitted under Rule 602.

### F. Williams Decl. ¶ 43

In paragraph 43, Dr. Williams claims that CDCR is compliant with Recommendation 32 despite Mr. Hayes's finding to the contrary. The declaration discusses updates to data indicators and Defendants' CQI guidebook, but it does not explain how any of these actions amount to compliance with Recommendation 32. It also fails to demonstrate that Dr. Williams has personal knowledge of his claim regarding compliance with Recommendation 32. *See* Fed. R. Evid. 602. It does not assert, for example, that Dr. Williams reviewed any reports that showed compliance with Recommendation 32. The Court should therefore exclude this testimony due to a lack of indicia of personal knowledge.

### G. Williams Decl. ¶ 45, 50

Paragraphs 45 and 50 contain claims regarding the activities of Regional SPRFIT Coordinators. In paragraph 45, Dr. Williams asserts that "Regional SPRFIT Coordinators regularly consult and interact with their custody and nursing counterparts as part of their role of providing oversight and consultation to their institutions." In paragraph 50, Dr. Williams claims that "Regional SPRFIT Coordinators also audit an institution's SRMP independently of the SPRFIT review." Dr. Williams does not demonstrate or even attempt to demonstrate that he has personal knowledge of these alleged events taking place throughout the state. To the extent that Dr. Williams relies on the unidentified statements of others in making these claims, these statements are hearsay. The Court should exclude these statements for lack of personal knowledge and hearsay. *See* Fed. R. Evid 602, 801.

[4513621.3]

8

PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DEFENDANTS' OBJECTIONS AND RESPONSES TO SPECIAL MASTER'S SIXTH RE-AUDIT REPORT (ECF NOS. 8179-8180-6, 8249-1)

### H. Williams Decl. ¶ 58

In paragraph 58, Dr. Williams claims that the fifteen recommendations for the PIPs that Mr. Hayes includes in his Sixth Re-Audit Report are unnecessary. Dr Williams states:

> Mr. Hayes findings' regarding CDCR's Psychiatric Inpatient Programs include a request for fifteen additional orders is unnecessary because the issues have already been corrected or CDCR's Regional SPRFIT Coordinators have already established corrective action plans to address the issues. CDCR's Regional SPRFIT Coordinators add all corrective action plans generated from Mr. Hayes's site visits to their own roster and regularly check the status of those plans when they conduct site visits.

Dr. Williams fails to demonstrate that he has personal knowledge supporting these claims. He does not explain how he knows that the issues raised in Mr. Hayes's recommendations have all already been corrected or that CDCR's Regional SPRFIT Coordinators have established corrective action plans to address the issues. Dr. Williams's statements above are hearsay to the extent that they are based on the unidentified statements of others. These statements are therefore inadmissible under Rules 602 and 801.

### I. Williams Decl. ¶ 60

In paragraph 60, Dr. Williams claims that "Regional SPRFIT Coordinators also review clinical justification on orders quarterly." Dr. Williams provides no basis for concluding that he has personal knowledge of this alleged fact. He does not, for example, claim that he has reviewed or audited the Regional SPRFIT Coordinators' reports or otherwise audited the Coordinators work to determine that they review clinical justification on orders quarterly. This claim is therefore inadmissible under Federal Rules of Evidence 602 and 801.

## III. EVIDENTIARY OBJECTIONS TO THE DECLARATION OF TRAVIS WILLIAMS (ECF NO. 8249-1)

Testimony in the additional lay witness declaration of Travis Williams (ECF No. 8249-1) does not meet the Federal Rule of Evidence 602 requirement that a witness may testify "only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." The statement in paragraph 5 of the declaration regarding how other CDCR employees interpreted an email from Lindsay Hayes is

[4513621.3]

9

PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DEFENDANTS' OBJECTIONS AND RESPONSES TO SPECIAL MASTER'S SIXTH RE-AUDIT REPORT (ECF NOS. 8179-8180-6, 8249-1)

inadmissible hearsay.  *See* Fed. R. Evid. 801.  The broad claim in paragraph 7 regarding the import of policy violations in individual Suicide Reports and Quality Improvement Plan Reports is an improper attempt to submit expert testimony despite the fact that Defendants have not established Dr. Williams's qualifications to do so.  *See* Fed. R. Evid. 702.  Both of these statements are also inadmissible because the declaration fails to demonstrate that they are within Dr. Williams's personal knowledge.  *See* Fed. R. Evid. 602.

### A. Williams 8249-1 Decl. ¶ 5

In paragraph 5, Dr. Williams states that, based on an email from Mr. Hayes, "my colleagues were under the impression that questions and comments regarding Mr. Hayes's preliminary findings that were shared during exit calls were no longer permitted." Dr. Williams provides no basis in his declaration to conclude that he has personal knowledge supporting this statement.  *See* Fed. R. Evid. 602.  Furthermore, to the extent this statement is based on the unidentified statements of others, it is inadmissible hearsay.  *See* Fed. R. Evid 801.  The Court should exclude this statement.  *See* Fed. R. Evid. 602, 801.

### B. Williams 8249-1 Decl. ¶ 7

In paragraph 7, Dr. Williams states that "even if a suicide case review makes note of staffing issues as an ordinary policy violation, it does not mean that staffing was causally related to a given suicide."  This broad claim amounts to an effort to provide an expert conclusion testimony without Dr. Williams establishing his qualifications to do so.  *See* Fed. R. Evid. 702.  Dr. Williams also fails to provide in his declaration a basis to conclude that he has personal knowledge to support this broad claim.  *See* Fed. R. Evid. 602.  The Court should exclude this statement due to a lack of indicia of personal knowledge.

/ / /

/ / /

/ / /

/ / /

/ / /

[4513621.3]

10

PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DEFENDANTS' OBJECTIONS AND RESPONSES TO SPECIAL MASTER'S SIXTH RE-AUDIT REPORT (ECF NOS. 8179-8180-6, 8249-1)

DATED: June 17, 2024              Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Michael S. Nunez*
      Michael S. Nunez

Attorneys for Plaintiffs

# CERTIFICATION

Plaintiffs' counsel certifies that he reviewed the following orders in preparing this filing: ECF Nos. 5271, 5429, 5762, 6212, 6973, 7696.

DATED: June 17, 2024              Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Michael S. Nunez*
      Michael S. Nunez

Attorneys for Plaintiffs

[4513621.3]

11

PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DEFENDANTS' OBJECTIONS AND RESPONSES TO SPECIAL MASTER'S SIXTH RE-AUDIT REPORT (ECF NOS. 8179-8180-6, 8249-1)