UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No. 2:90-cv-0520 KJM DB P |
| Plaintiffs, | ORDER ON MOTION TO STRIKE HEARSAY STATEMENTS |
| v. | |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

The court issues this order concurrently with its order making final its finding defendants in civil contempt for failure to comply with court-ordered and constitutionally required mental health staffing levels.

This court held an evidentiary hearing over four court days between September 29, 2023 and October 5, 2023 concerning enforcement of staffing remedies in this action (hereafter "staffing enforcement proceedings"). *See* Mins. Enf't Hr'g, ECF Nos. 7986, 7996, 7998, 8000. On October 19, 2023, defendants filed a motion to strike as hearsay portions of testimony by four individuals employed by the California Department of Corrections and Rehabilitation (CDCR). ECF No. 8018. Except for two challenged statements, plaintiffs oppose the motion. ECF No. 8035. Defendants have filed a reply. ECF No. 8047.

/////

/////

1

1    Defendants move to strike sixteen portions of testimony from four witnesses called by
2    plaintiffs at the staffing enforcement proceedings.  ECF No. 8018 at 2.[1]  Defendants contend the
3    testimony is inadmissible hearsay not subject to the exclusions set out in Federal Rule of
4    Evidence 801(d)(2)(C) and (D).  *Id.* at 2.  Plaintiffs disagree, contending that all but two of the
5    challenged statements "are textbook non-hearsay party admissions under Federal Rule of
6    Evidence 801(d)(2)(D)."  ECF No. 8035 at 2.

7    As a general proposition and subject to exceptions, the Federal Rules of Evidence
8    preclude the admission of hearsay.  Fed. R. Evid. 802.  Federal Rule of Evidence 801(c) defines
9    hearsay as "a statement that: (1) the declarant does not make while testifying at the current trial or
10   hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the
11   statement."  Fed. R. Evid. 801(c).  However, statements "offered against an opposing party and
12   . . . made by a person whom the party authorized to make a statement on the subject" are not
13   hearsay.  Fed. R. Evid. 801(d)(2)(C).  Statements "offered against an opposing party" that were
14   "made by the party's agent or employee on a matter within the scope of that relationship and
15   while it existed" are also not hearsay.  Fed. R. Evid. 801(d)(2)(D).  Resolution of these
16   evidentiary disputes turns on the proper application of Federal Rule of Evidence 801(d)(2)(D),
17   which

> sets forth three elements necessary for admitting a statement that would otherwise be excluded as hearsay: (1) the statement must be made by an agent or employee of the party against whom the statement is being offered; (2) the statement must concern a matter within the scope of that employment relationship; and (3) the statement must be made while the declarant is yet employed by the party.

*Weil v. Citizens Telecom Servs. Co., LLC*, 922 F.3d 993, 999 (9th Cir. 2019).

Four of the disputes center on whether the declarants were agents or employees of CDCR. Plaintiffs do not dispute that two of the challenged statements include statements by non-CDCR employees and they do not object to striking testimony at 10/05 Tr. 21:4–14 and 10/05 Tr. 155:1–

---

[1] In this order, unless otherwise specified citations to page numbers in documents filed in the Court's Electronic Case Filing (ECF) system are to page numbers assigned by the ECF system and located in the upper right-hand corner of the page.

23 on that ground.[2]  ECF No. 8035 at 3.  The court will strike that testimony.  As to two other statements challenged on the same ground, 10/05 Tr. 22:9-19 and 23:11-15, plaintiffs assert the context of the testimony shows the statements were made by then-CDCR employees during exit interviews with the witness, Dr. Alexandra David.  ECF No. 8035 at 3 (citing  10/05 Tr. 17:19–23, 19:1–4 as context for challenged testimony at 10/05 Tr.  22:9–19; also citing 10/05 Tr. at 7:13-18, 19:1-4 as context for challenged testimony at 10/05 Tr. 23:11–15).  The court has reviewed relevant portions of the transcript from page 17 through page 23, and grants defendants' motion as to these two statements.  Contrary to plaintiffs' argument, it is not clear the out-of-court statements referenced in these parts of Dr. David's testimony were made to her during exit interviews with the declarants.

The same finding controls resolution of defendants' motion to strike the testimony of Angela Reinhold at 10/05 Tr. 140:23–141:4.  The testimony in this section includes statements by an out-of-court declarant who was not clearly a CDCR employee at the time of the conversation with Ms. Reinhold.  Defendants' motion to strike will be granted as to this portion of testimony.

The parties' dispute over the remaining statements challenged as hearsay centers on the second element: whether the challenged statements concerned a matter within the employment relationship between the declarant and CDCR.

> With respect to the second element, a statement may concern a matter within the scope of employment—even though the declarant is no longer involved with that particular matter when the statement is made—so long as the declarant was involved with that matter at some prior point in his or her employment.  *See In re Sunset Bay Assocs.*, 944 F.2d 1503, 1519 (9th Cir. 1991) ("Statements need only *concern* matters within the scope of the agency; they need not be made within the scope of the agency.") (emphasis in original). Additionally, a matter may fall within the scope of a declarant's employment even though the declarant did not have final decision-making authority on that matter.  *See Stiefel v. Bechtel Corp.*, 624 F.3d 1240, 1246 (9th Cir. 2010); *cf. Breneman v. Kennecott Corp.*, 799 F.2d 470, 473 (9th Cir. 1986) (finding statements inadmissible in absence of evidence showing declarants were involved in discharge).

*Weil*, 922 F.3d at 999.  Defendants contend plaintiffs failed to "establish that matters bearing on employee retention and morale, job satisfaction, and salaries paid by other employers were within

---

[2] All citations to the 10/05 transcript in this order are to the transcript of hearing before this court on October 5, 2023.  The transcript is filed at ECF No. 8013-3.

the scope of the declarants' employment." ECF No. 8018 at 5. Plaintiffs contend the challenged testimony covers matters clearly within the scope of the declarants' "employment relationship – "specifically, their working conditions, compensation, and ability to care for patients." ECF No. 8035 at 4.

In relevant part, *Weil* arose from the grant of summary judgment on a failure-to-promote claim brought by an employee of a telecom company identified as Frontier. *Weil*, 922 F.3d at 997. At summary judgment, the plaintiff offered a statement by a then-employee of Frontier telling plaintiff three things going against him in his pursuit of the promotion. *Id*. at 998. The district court held the statement was inadmissible for lack of foundation because the then-employee had not been in a supervisor position when she made the statement to the plaintiff. *Id*. The court of appeals reversed, as relevant in part here, because the challenged statement concerned why the plaintiff was not promoted and the declarant had been "significantly involved in the process leading to the decision," including being "responsible for filling that position . . . [and] during that time she specifically considered [the plaintiff] for the job, even conducting his performance review and interview." *Id*. at 1001. Given these factors, the court of appeals held "the statement concerned a matter within the scope of L.H.'s employment." *Id*.

Unlike in *Weil*, many of the challenged statements here concern conditions of the declarants' employment rather than matters within the scope of the declarants' job responsibilities during their employment with CDCR. To that extent, the challenged statements do not fall within the scope of Federal Rule of Civil Procedure 801(d)(2)(D). In particular, the testimony at 10/05 Tr. 27:2–7, 46:10–12, 67:22–68:2, 69:2–8, 83:5–83:16, 109:20–25, and 114:19–115:2 consists of statements by out-of-court declarants concerning working conditions and/or salaries. *See, e.g.*, *Wilkinson v. Carnival Cruise Lines, Inc.*, 920 F.2d 1560, 1565 (11th Cir. 1991) (same and collecting cases). The motion to strike will be granted as to those statements.

The transcript excerpts at 10/05 Tr. 26:21–27:1, 67:10–21, 68:19–69:1, 82:15–83:4, 109:16–19, 114:10–18, 115:3–8, 116:9–14, 140:10-22, and 155:1-8 do not include statements by out-of-court declarants. Rather, each sets out the witnesses' yes or no answers to questions about whether they had been told certain things by mental health staff, without describing the substance

4

of what staff said or did not say about the topics identified in the questions. The motion to strike will be denied as to those excerpts.

The court denies the motion to strike testimony by Dr. Kelley Franceschi at 10/05 Tr. 65:2–24. Dr. Franceschi currently is the Chief of Mental Health at the California Health Care Facility (CHCF) and before that was Chief of Mental Health at California State Prison-Sacramento (CSP-Sacramento). *See* 10/05 Tr. 52:3–53:8. In her current position, she "direct[s] patient care and anything related to personnel and staffing matters, to ensure compliance with the Coleman Court Program Guide." *Id*. at 53:22–25. Her previous role at CSP-Sacramento was "very similar." *Id*. at 54:15. She testified she had "stay conversations" with employees to try to problem-solve in an effort to get them to remain at CDCR. *Id*. at 64:6–13. Her testimony at 10/05 Tr. 65:2–24 is her identification of "big, broad categories" she developed based on information provided by departing employees during these "stay conversations." The court admits this testimony not for the truth of the departing employees' statements but for their effect on Dr. Franceschi in her role as a Chief of Mental Health. *See L.A. News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 934–35 (9th Cir. 2002) (citing *United States v. Payne*, 944 F.2d 1458, 1472 (9th Cir. 1991)).

Defendants also seek to strike certain testimony offered by Angela Reinhold concerning a letter she wrote to the court and forwarded to plaintiffs' counsel. *See* 10/05 Tr. 146:25–147:19, 151:14–152:10. The court denies the motion to strike these parts of Ms. Reinhold's testimony, admitting the testimony not for the truth of the matters covered regarding concerns about pay disparity, lack of upward mobility, and differences in retention bonuses but for their effect on Ms. Reinhold; to this extent the statements are not hearsay. *See L.A. News Serv.*, 305 F.3d at 934–35.

Finally, defendants seek to strike testimony offered by Ms. Reinhold about statements made to her by a "very good friend" who left CDCR to go to Kaiser and a "handful" of employees who have left CDCR in the past year. 10/05 Tr. 154:8-25, 155:9-23. The motion will be denied as to the testimony at 154:8-25 and 155:9-21; this testimony falls within the hearsay exception set out in Federal Rule of Evidence 803(3). The testimony at 155:22-23 will be stricken.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' October 19, 2023 motion to strike is GRANTED in part and the following excerpts are stricken from the record: 10/05 Tr. 21:4–14, 22:9–19, 23:11–15, 27:2–7, 46:10–12, 67:22–68:2, 69:2–8, 83:5–16, 109:20–25, 114:19–115:2, 140:23–141:4, and 155:22-23.

2. Defendants' October 19, 2023 motion to strike is DENIED as to the following excerpts: 10/05 Tr. 26:21–27:1, 65:2–24, 67:10–21, 68:19–69:1, 82:15–83:4, 109:16–19, 114:10–18, 115:3–8, 116:9–14, 140:10-22, 146:25–147:19, 151:14–152:10, and 154:8-155:21.

This order resolves ECF No. 8018.

DATED: June 25, 2024.

CHIEF UNITED STATES DISTRICT JUDGE