| | |
|---|---|
| Rob Bonta, State Bar No. 202668<br>Attorney General of California<br>Monica N. Anderson, State Bar No. 182970<br>Senior Assistant Attorney General<br>Damon McClain, State Bar No. 209508<br>Supervising Deputy Attorney General<br>Elise Owens Thorn, State Bar No. 145931<br>Namrata Kotwani, State Bar No. 308741<br>Deputy Attorneys General<br>  1300 I Street, Suite 125<br>  P.O. Box 944255<br>  Sacramento, CA 94244-2550<br>  Telephone: (916) 210-7318<br>  Fax: (916) 324-5205<br>  E-mail: Elise.Thorn@doj.ca.gov<br>*Attorneys for Defendants* | Hanson Bridgett LLP<br>Lawrence M. Cirelli, SBN 114710<br>Paul B. Mello, SBN 179755<br>Samantha D. Wolff, SBN 240280<br>Kaylen Kadotani, SBN 294114<br>David C. Casarrubias-Gonzalez, SBN 321994<br>Samantha M. Bacon, SBN 351561<br>  1676 N. California Boulevard, Suite 620<br>  Walnut Creek, CA 94596<br>  Telephone: (925) 746-8460<br>  Fax: (925) 746-8490<br>  E-mail: PMello@hansonbridgett.com<br>*Attorneys for Defendants* |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                      Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>                      Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**DEFENDANTS'** ***EX PARTE*** **REQUEST FOR CLARIFICATION AND APPLICATION TO EXTEND TIME TO RESPOND TO THE JUNE 25, 2024 ORDER (ECF NO. 8291); DECLARATION OF ELISE OWENS THORN; PROPOSED ORDER** |

**REQUEST FOR CLARIFICATION AND APPLICATION TO EXTEND TIME TO RESPOND TO THE JUNE 25, 2024 ORDER (ECF NO. 8291)**

On June 25, 2024, the Court filed an order finding Defendants Jeff Macomber, Diana Toche, and Amar Mehta in contempt for failing to comply with certain staffing orders. In addition, the order also requires that "[b]eginning with the monthly staff vacancy report due June 30, 2024 . . . defendants shall deposit additional accumulated monthly fines as reported in each monthly staff vacancy report into the Court's Registry concurrently with the filing of the monthly vacancy report." (ECF No. 8291 at 72.) The order also requires that "[b]eginning with the

1

1    monthly vacancy report to be filed on or about June 30, 2024 . . . defendants Newsom, Clendenin,
2    and Stephenshaw shall certify they have reviewed the data in the report and include a summary of
3    the steps they have taken in the preceding month to address mental health understaffing in CDCR
4    prisons." (*Id.*)  Due to the limited amount of time between the entry of the June 25 order and the
5    deadline to file the monthly staffing reports, the requirements for depositing the fines and the
6    requirement to submit the certifications after review of the monthly reports are unreasonable.
7    Accordingly, for the reasons set forth below, Defendants ask the Court to clarify (1) the deadline
8    to submit the certifications and deposit the fines accrued for the month of May 2024, (2) the
9    deadline for future monthly certifications and deposits of fines, and (3) whether a named
10   Defendant's designee may submit the required certification if the particular named Defendant is
11   not available.  Defendants also apply *ex parte* for an extension of the deadline to deposit the funds
12   and file the certifications based on the staffing reports to be filed by June 28, 2024.[1]

## REQUEST FOR CLARIFICATION

        Defendants seek to clarify several portions of the June 25 order:  (1) whether June 28 or
June 30 is the deadline to file the staffing vacancy reports for May 2024; (2) whether the Court
meant to give Defendants such a short period to arrange the payment of fines for the May 2024
fines and future monthly fines, (3) whether the Court intended to require certain named
Defendants to review and submit certifications on the same day that the reports are finalized and
filed; and (4) whether designees of certain named Defendants may file the required monthly
certifications if the named Defendants are unavailable.

        Defendants are required to file, on or before the last court day of each month, a monthly
staffing vacancy report identifying vacancy rates at each CDCR institution and in the aggregate
systemwide for the preceding month for all psychiatrist, psychologist, clinical social worker,
recreational therapist, and medical assistant classifications, including a separate chart of the fines
accumulated for that month and a total of fines accumulated to date.  (ECF Nos. 5786 at 4, 5886
at 3, 7504 at 6, 7704 at 2, 7742 at 5-7, 7766 at 1-2, 7742 at 6 and 8116 at 2.)  The monthly filing

---

[1] Defendants appealed the June 25 order and plan to file a motion to stay the order pending appeal.

1    is comprised of sixteen individual reports containing detailed data on staffing allocations, staffing
2    fill rates, and the fines calculated based on staffing vacancies.  (ECF No. 8254.)
3        The June 25 order provides that the monthly staffing report is due on June 30, 2024.  (ECF
4    No. 8291 at 72:9-12.)  The report is actually due on or before June 28, the last court day of the
5    month.  (ECF No. 5886 at 3.)  Defendants ask the Court to clarify whether it intended to move the
6    previously ordered deadline to file the report to June 30, in which case the filing deadline would
7    be July 1, 2024, because June 30 is a Sunday.
8        The June 25 order also requires that Defendants "deposit additional accumulated monthly
9    fines as reported in each monthly staff vacancy report into the Court's Registry concurrently with
10   the filing of the monthly vacancy report."  (ECF No. 8291 at 72.)  As the Court is aware, the
11   preparation of the monthly staffing vacancy reports requires a significant amount of time, such
12   that Defendants requested, and the Court approved extending the deadline for reporting each
13   month from the fifteenth of the month to the last court day of the month.  (ECF No. 5886.)  The
14   work to prepare the reports means that Defendants will often likely not have final numbers for
15   calculating the fines until the last court day of the month, the deadline to deposit funds with the
16   Court.  Based on the past several monthly filings, Defendants estimate that the fines for May
17   2024 will exceed $9,000,000.  (ECF Nos. 8177, 8223, and 8254.)  Regardless of the amount of
18   the fines, the schedule imposed for the deposit of the fines does not provide Defendants with a
19   reasonable amount of time to process the payment and deliver it to the Court.  Defendants ask the
20   Court to clarify whether it meant to require Defendants to arrange to pay large monetary fines on
21   or around the same day that those fines are first calculated and specifically whether it meant that
22   such deposit must be made by the last court day this month.  If the Court meant to require the
23   immediate deposit of the fines for May 2024, Defendants ask that the Court extend Defendants'
24   time to complete this monthly requirement by allowing the funds to be deposited within ten days
25   of the filing of the May 2024 staffing reports and within ten days of future monthly staffing
26   reports.
27       The June 25 order requires that "[b]eginning with the monthly vacancy report to be filed on
28   or about June 30, 2024 . . . defendants Newsom, Clendenin, and Stephenshaw shall certify they

1  have reviewed the data in the report and include a summary of the steps they have taken in the
2  preceding month to address mental health understaffing in CDCR prisons." (ECF No. 8291 at
3  72.)  As with the requirement to deposit funds based on the monthly reports, the certification
4  requirement leaves the certifying parties with little time to review the monthly reports and prepare
5  and file a certification.  It also does not provide time for contingencies that would make the
6  immediate review and certifications of the monthly reports possible, such as illnesses, vacations,
7  or other commitments.  Defendants ask the Court to clarify whether it meant to require
8  Defendants to review and certify that they have reviewed the data in the reports and file the
9  certifications on the same day that the reports are typically finalized and filed, and whether
10 designees of certain named Defendants may file the required monthly certifications if the named
11 Defendants are unavailable.  Defendants further ask that the Court extend the deadline for this
12 monthly requirement to allow the certifications to be filed within ten days of the filing of the
13 monthly staffing reports.

## APPLICATION FOR EXTENSION OF TIME

15    If the Court clarifies that it meant to require Defendants to file certifications that they have
16 reviewed the May 2024 staffing reports and to arrange to pay the monetary fines based on the
17 May 2024 staffing reports deposited with the Court on June 28, 2024, then Defendants request *ex*
18 *parte*, under Federal Rule of Civil Procedure 6(b)(1)(A) and Local Rule 144(c), an order
19 extending their time to respond to the June 25 order to July 8, 2024.  Defendants request a ten-day
20 extension to file the certifications and deposit funds with the Court.  Plaintiffs will not be
21 prejudiced by this short extension of time.
22    Federal Rule of Civil Procedure 6(b)(1) authorizes a court, for good cause, to enlarge the
23 time within which a party may or must do an act within a specified time.  If a request for an
24 extension is made before the expiration of the time originally prescribed, the request may be
25 made without motion or notice.  Fed. R. Civ. P. 6(b)(1)(A).  Moreover, Local Rule 144(c) allows
26 the Court, in its discretion, to "grant an initial extension ex parte upon the affidavit of counsel that
27 a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a
28 stipulation cannot be obtained and the reasons why the extension is necessary."  And a court has

1  the inherent power to "control the disposition of the causes on its docket with economy of time
2  and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254
3  (1936). These specific powers serve to advance the general goals of the Federal Rules to "secure
4  the just, speedy, and inexpensive" determination of every action. Fed. R. Civ. P. 1.

The Court's June 25 order that Defendants arrange for and deposit millions of dollars on short notice—either by June 28 or June 30—does not provide Defendants with a reasonable amount of time to process the payment and deliver it to the Court. To allow adequate time for this payment to be made following the calculation of the monthly fines, additional time for Defendants to respond is warranted. Likewise, an extension of time to file the required certifications is warranted. Defendants cannot review the staffing reports until they are finalized. The reports are frequently not finalized until the last court day of the month. A schedule requiring the named Defendants to review the sixteen reports and prepare and file a certification on the same day the reports are finalized does not give them adequate time to comply.

For the reasons set forth above, Defendants *ex parte* application for an extension of time should be granted.

## CERTIFICATION

Defendants' counsel certify they have read the following orders that are relevant to this filing: ECF Nos. 5786, 5886, 7504, 7704, 7742, 7766, 7742, 8116, and 8291.

5

Defs.' Ex Parte Request for Clarification and an EOT to Respond to June 25, 204 Order (2:90-cv-00520 KJM-DB (PC))

Dated: June 26, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
DAMON MCCLAIN
Supervising Deputy Attorney General

*/s/ Elise Owens Thorn*
Elise Owens Thorn
Deputy Attorney General
*Attorneys for Defendants*

HANSON BRIDGETT LLP

*/s/ Paul B. Mello*
PAUL B. MELLO
SAMANTHA D. WOLFF
DAVID C. CASARRUBIAS
*Attorneys for Defendants*

6

Defs.' Ex Parte Request for Clarification and an EOT to Respond to June 25, 204 Order (2:90-cv-00520 KJM-DB (PC))

| | |
|---|---|
| Rob Bonta, State Bar No. 202668<br>Attorney General of California<br>Monica N. Anderson, State Bar No. 182970<br>Senior Assistant Attorney General<br>Damon McClain, State Bar No. 209508<br>Supervising Deputy Attorney General<br>Elise Owens Thorn, State Bar No. 145931<br>Namrata Kotwani, State Bar No. 308741<br>Deputy Attorneys General<br>  455 Golden Gate Avenue, Suite 11000<br>  San Francisco, CA 94102-7004<br>  Telephone: (415) 510-4431<br>  Fax: (415) 703-5843<br>  E-mail: Namrata.Kotwani@doj.ca.gov<br>*Attorneys for Defendants* | Hanson Bridgett LLP<br>Lawrence M. Cirelli, SBN 114710<br>Paul B. Mello, SBN 179755<br>Samantha D. Wolff, SBN 240280<br>Kaylen Kadotani, SBN 294114<br>David C. Casarrubias-Gonzalez, SBN 321994<br>Samantha M. Bacon, SBN 351561<br>  1676 N. California Boulevard, Suite 620<br>  Walnut Creek, CA 94596<br>  Telephone: (925) 746-8460<br>  Fax: (925) 746-8490<br>  E-mail: PMello@hansonbridgett.com<br>*Attorneys for Defendants* |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                  Plaintiffs,<br><br>**v.**<br><br>**GAVIN NEWSOM, et al.,**<br><br>                  Defendants. | 2:90-cv-00520 KJM-DB (PC)<br><br>**DECLARATION OF ELISE OWENS THORN IN SUPPORT DEFENDANTS'** ***EX PARTE*** **REQUEST FOR CLARIFICATION AND APPLICATION TO EXTEND TIME TO RESPOND TO THE JUNE 25, 2024 ORDER (ECF NO. 8291)** |

1

**DECLARATION OF ELISE OWENS THORN**

I, Elise Owens Thorn, declare as follows:

1. I am a Deputy Attorney General in the California's Attorney General's Office, counsel of record for Defendants. I am licensed to practice before all of the courts of the State of California, and am admitted to practice before this Court. I submit this declaration in support of Defendants' *Ex Parte* Request For Clarification and Application To Extend Time To Respond To the June 25, 2024 Order. I have personal knowledge of the statements in this declaration and could testify to them if called to do so.

2. Defendants seek immediate relief from the court concerning requirements set forth in its June 25 order on staffing contempt. Due to the need to obtain immediate relief from the June 25 order, a stipulation extending time cannot reasonably be obtained. See L.R. 144(c).

3. Defendants require additional time following the filing of the monthly staffing reports to prepare and file the certifications and to process and obtain funds to deposit with the Court. Defendants request the June 28 deadline be extended to July 8, 2024.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 26th day of June, 2024, at Sacramento, California.

*/s/ Elise Owens Thorn*
Elise Owens Thorn

| | |
|---|---|
| Rob Bonta, State Bar No. 202668<br>Attorney General of California<br>Monica N. Anderson, State Bar No. 182970<br>Senior Assistant Attorney General<br>Damon McClain, State Bar No. 209508<br>Supervising Deputy Attorney General<br>Elise Owens Thorn, State Bar No. 145931<br>Namrata Kotwani, State Bar No. 308741<br>Deputy Attorneys General<br>  1300 I Street, Suite 125<br>  P.O. Box 944255<br>  Sacramento, CA 94244-2550<br>  Telephone: (916) 210-7318<br>  Fax: (916) 324-5205<br>  E-mail: Elise.Thorn@doj.ca.gov<br>*Attorneys for Defendants* | Hanson Bridgett LLP<br>Paul B. Mello, SBN 179755<br>Samantha D. Wolff, SBN 240280<br>Kaylen Kadotani, SBN 294114<br>David C. Casarrubias, SBN 321994<br>Carson R. Niello, SBN 329970<br>1676 N. California Blvd., Suite 620<br>Walnut Creek, California 94596<br>Telephone:  925-746-8460<br>Facsimile:  925-746-8490<br>*Attorneys for Defendants* |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>GAVIN NEWSOM, et al.<br><br>            Defendants. | Case No. 2:90-CV-00520- KJM-DB<br><br>**[PROPOSED] ORDER**<br><br>Judge:   Hon. Kimberly J. Mueller |

On June 26, 2024, Defendants filed an *ex parte* request for clarification and application for an order extending the deadline to deposit funds with the Court and to file certifications as required by the Court's June 25, 2024 order on staffing contempt. (ECF No. 8291.)

Good cause appearing, Defendants' request for a ten-day extension to file the certifications and deposit funds with the Court beginning with the May 2024 staffing reports and for all future reports is granted, and the deadline to deposit funds with the Court and to file certifications for the May 2024 staffing reports as required by the Court's June 25, 2024 is extended to July 8, 2024. In addition, the Court clarifies the June 25, 2024 order as follows:

1. Defendants' deadline to file staffing vacancy reports for May 2024 is June 28, 2024;

1     2.     Defendants shall have ten days from the filing of each monthly staffing report to deposit any accrued fines set forth in the report;

    3.     Defendants Gavin Newsom, Joe Stephenshaw, and Stephanie Clendenin shall have ten days from the filing of each monthly staffing report to review and submit certifications regarding data in the monthly staffing reports; and

    4.     Designees of Defendants Gavin Newsom, Joe Stephenshaw, and Stephanie Clendenin may submit the certifications if they are not available.

IT IS SO ORDERED.

DATED: June\_\_, 2024

    Kimberly J. Mueller
    Chief United States District Judge