Rob Bonta, State Bar No. 202668
Attorney General of California
Monica N. Anderson, State Bar No. 182970
Senior Assistant Attorney General
Damon McClain, State Bar No. 209508
Supervising Deputy Attorney General
Elise Owens Thorn, State Bar No. 145931
Namrata Kotwani, State Bar No. 308741
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7318
 Fax: (916) 324-5205
 E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

HANSON BRIDGETT LLP
LAWRENCE M. CIRELLI, SBN 114710
PAUL B. MELLO, SBN 179755
SAMANTHA D. WOLFF, SBN 240280
KAYLEN KADOTANI, SBN 294114
DAVID C. CASARRUBIAS-GONZÁLEZ, SBN 321994
1676 N. California Blvd., Suite 620
Walnut Creek, California 94596
Telephone:  925-746-8460
Facsimile:   925-746-8490
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br>Plaintiffs, <br><br>v. <br><br>GAVIN NEWSOM, et al. <br><br>Defendants. | Case No. 2:90-CV-00520- KJM-DB <br><br>**DECLARATION OF NICHOLAS WEBER IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFFS' RESPONSE TO MAY 16, 2024 ORDER (ECF No. 8282)** <br><br>Judge:   Hon. Kimberly J. Mueller |

I, Nicholas Weber, declare as follows:

1. I am an attorney with the California Department of Corrections & Rehabilitation, Office of Legal Affairs, attorneys of record for Defendant California Department of Corrections and Rehabilitation. I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2. On February 26, 2017, the Special Master's expert, Lindsay Hayes, sent an email to Amy Eargle, myself, and other members of the Special Master's team in which he made the

following statement: "Under Attendance Requirements, the narrative of "A quorum consists of the above listed mandatory members" has historically been confusing to local SPR-FITs who interpret a quorum differently, ranging from "all" mandatory members to a "majority" of mandatory members. To eliminate the confusion, I would suggest adding the word "all" to the definition."

3. Attached hereto as **Exhibit A** is a true and correct copy of Mr. Hayes's February 26, 2017 email.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 1st day of July, 2024, at Carmichael, California.

                                                     *s/ Nicholas Weber*
                                                   Nicholas Weber

# EXHIBIT A

# EXHIBIT A

**Weber, Nicholas@CDCR**

| | |
|---|---|
| **From:** | Lindsay M. Hayes <lhayesta@msn.com> |
| **Sent:** | Sunday, February 26, 2017 7:42 AM |
| **To:** | Eargle, Amy@CDCR; Weber, Nicholas@CDCR; Jones, Mohamedu; Walsh Kerry F.; 'JNavarro@pldw.com' |
| **Subject:** | Revision of SPRFIT Responsibilities Policy |

Amy:

Overall, the revised draft to the local SPRFIT policy is very good, particularly the additional inclusion of the responsibility to review "quality" in documentation related to suicide prevention. My comments regarding a few additional revisions are as follows:

1) Under Attendance Requirements, the narrative of "A quorum consists of the above listed mandatory members" has historically been confusing to local SPR-FITs who interpret a quorum differently, ranging from "all" mandatory members to a "majority" of mandatory members. To eliminate the confusion, I would suggest adding the word "all" to the definition.

2) The Chief of Mental Health is often represented at the monthly meetings. Should they be listed under "additional membership"?

3) Under Responsibilities, probably after No. 7, add "review and track all mental health referrals for suicidal ideation and/or self-injurious behavior to ensure completion of suicide risk evaluations."

4) Under Responsibilities, revise No. 13 to "conduct internal reviews of <u>serious</u> suicide attempts and deaths by suicide. (Conducting internal reviews of all suicide attempts will be too cumbersome.)

5) Under Responsibilities, although it might appear obvious, revise No. 13 to specify that the internal review will include a comprehensive review of the patient's EUHR or EHR.

6) Under Responsibilities, revise No. 15 to ensure that custody supervisors and housing unit custody staff are on the distribution list for high risk inmates.

7) I have a concern that having local SPRFITS responsible for setting the criteria and procedures for high risk lists (No. 15) and inmates returning from court (No. 16) will result in very disparate practices across the 34 facilities. I would recommend that DHCS set the criteria and procedures for these two items.

Thanks.

Lindsay M. Hayes, Project Director
National Center on Institutions & Alternatives
40 Lantern Lane
Mansfield, MA 02048
(508) 337-8806
http://www.ncianet.org/criminal-justice-services/suicide-prevention-in-custody