1                 UNITED STATES DISTRICT COURT

2                EASTERN DISTRICT OF CALIFORNIA

3   RALPH COLEMAN, et al.,      ) Case No. 2:90-CV-00520-KJM-DB
                                )
4            v.                 ) Sacramento, California
                                ) June 27, 2024, 10:04 a.m.
5   GAVIN NEWSOM, et al.,       )
                                ) Re: Status Conference
6            Defendants.        )

7                   TRANSCRIPT OF PROCEEDINGS
             BEFORE THE HONORABLE KIMBERLY J. MUELLER
8              CHIEF UNITED STATES DISTRICT JUDGE

9   APPEARANCES:

10  For the Plaintiffs:      ROSEN BIEN GALVAN & GRUNFELD, LLP by
                             MS. LISA ELLS
11                           MS. JENNY SNAY YELIN
                             MS. LUMA KHABBAZ
12                           101 Mission Street, Sixth Floor
                             San Francisco, California  94105
13
    For the Defendants:      HANSON BRIDGETT, LLP by
14                           MR. PAUL B. MELLO
                             1676 N. California Boulevard, Suite 620
15                           Walnut Creek, California  94596

16                           OFFICE OF THE ATTORNEY GENERAL
                             DEPARTMENT OF JUSTICE by
17                           MS. ELISE OWENS THORN
                             1300 I Street, Suite 125
18                           Sacramento, California  95814

19                   MARYANN VALENOTI, RMR, CRR
                         Official Court Reporter
20                       501 I Street, Suite 4-200
                         Sacramento, CA 95814
21                       mvalenotiRMRCRR@gmail.com
                            (916)930-4275
22
    Proceedings reported via mechanical steno - transcript produced
23  via computer-aided transcription

24

25

        MARYANN VALENOTI - U.S. DISTRICT COURT -  (916)930-4275

1    APPEARANCES CONTINUED:

2    For the Defendants:        OFFICE OF THE ATTORNEY GENERAL
                                DEPARTMENT OF JUSTICE by
3                               MR. DAMON GRANT MC CLAIN
                                455 Golden Gate Avenue, Suite 11000
4                               San Francisco, California  94102

5    Also Present:              Matthew Lopes, Special Master
                                David Sapp
6                               Jeff MacComber
                                Diana Toche
7                               Amar Mehta
                                Stephanie Clendenin
8                               Kari Krogseng

9                                   --oOo--

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          SACRAMENTO, CALIFORNIA, THURSDAY, JUNE 27, 2024

2                            --oOo--

3          (In open court.)

4          THE CLERK:  All rise.  Court is now in session.  Chief

5    Judge Kimberly J. Mueller now presiding.

6          Thank you.  You may be seated.

7          Calling civil case 90-520, Coleman, et al. v. Newsom,

8    et al.

9          This is on calendar for a status conference.

10         THE COURT:  All right.  Good morning.  Appearances,

11   please, for plaintiffs.

12         MS. ELLS:  Good morning, Your Honor.  Lisa Ells.  With

13   me are Jenny Yelin and Luma Khabbaz.

14         THE COURT:  All right.  Good morning to all of you.

15   And for the defense.

16         MR. MELLO:  Good morning, Your Honor.  Paul Mello,

17   Damon McClain, and Elise Thorn for defendants, and I also have

18   client principals here today.

19         THE COURT:  All right.  Good morning to all of you.

20         This is on for two matters, least restrictive housing

21   and also PIP staffing enforcement.

22         Are the parties expecting to discuss anything else

23   today, Ms. Ells?

24         MS. ELLS:  Not plaintiffs.

25         THE COURT:  All right.  Mr. Mello?

1          MR. MELLO:  No, Your Honor.

2          THE COURT:  All right.  So, on least restrictive

3    housing, I have reviewed the materials before the Court.  I

4    also acknowledge being informed of a letter dated June 18 that

5    Mr. McClain sent to the Special Master and plaintiffs' counsel.

6    The Special Master is present.

7          SPECIAL MASTER LOPES:  Yes, Your Honor.

8          THE COURT:  We'll talk briefly about that, but on

9    least restrictive housing, in light of the fact that no

10   additional fines have been accumulated, and defendants are

11   working diligently to increase access to DSH programs, I'm not

12   seeing that there's more for the Court to do at this time.  I

13   would expect defendants to continue to file monthly waitlist

14   reports.

15          So that's my understanding of where we are with least

16   restrictive housing before discussing briefly the June 18

17   letter.

18          Do the parties agree that the Court need to know more

19   on least restrictive housing at this time, Ms. Ells?

20          MS. ELLS:  Yes, Your Honor.

21          THE COURT:  All right.  Can I ask Mr. McClain to

22   respond to this question?

23          MR. MELLO:  I'm lead counsel, but of course you can

24   ask.

25          THE COURT:  All right.  It seems that Mr. McClain is

1    the one that has the lead on this issue; am I right about that?

2         MR. MELLO:  Your Honor, Mr. McClain could you say that

3    he sent the letter, correct.

4         THE COURT:  I'm just interested in hearing from

5    someone who knows the substance the most, so it appears that

6    that's Mr. McClain on this issue.

7         So, do you agree with the Court's sizing up of where

8    we are on least restrictive housing?

9         MR. MC CLAIN:  I do, Your Honor.

10        THE COURT:  Thank you.  So, then, looking at

11   Mr. McClain's letter, is there anything more you want me to

12   know?

13        My thought would be just to clarify my expectation

14   that defendants will meet with the Special Master and meet with

15   the plaintiffs as well, or at least provide plaintiffs a chance

16   to respond to what's being proposed, which appears

17   constructive, and the Special Master would let me know if I

18   need to set the matter for a special hearing or set any dates

19   to move things along.

20        Does that sound right, Mr. McClain?

21        MR. MC CLAIN:  It does sound right, that's what

22   defendants --

23        THE COURT:  Could you pull the mic closer to you.

24        MR. MC CLAIN:  That's what defendants were

25   anticipating, and we've already heard from plaintiffs on that

1 letter and attempted to respond with some questions that

2 plaintiffs had about the letter, but we anticipate that there

3 will be further discussions between the parties.

4          (Microphone technical difficulties.)

5          THE COURT:  I guess the microphones acknowledge only

6 one lead counsel, but you did hear what Mr. McClain said; you

7 got that, Madam Reporter?

8          MS. REPORTER:  Yes, in between the feedback.

9          THE COURT:  All right.  Ms. Ells, anything to say on

10 the letter?

11          Is it sufficient for the Court to wait from the

12 Special Master as to whether or not I need to set any focused

13 hearing?

14          MS. ELLS:  Yes, Your Honor.  We find these proposals

15 constructive, and we look forward to working through some

16 details with the defendants and the Special Master.

17          THE COURT:  All right.  Special Master Lopes, is there

18 anything you would like to say about the letter or your plans

19 based on the letter?

20          SPECIAL MASTER LOPES:  The letter and the proposal

21 seem to be promising, and we look forward to working with the

22 parties on this matter.

23          THE COURT:  All right.  So that's it on least

24 restrictive housing.

25          Then moving to PIP staffing enforcement, here I'm

1    referencing my October 2023 order, ordering defendants to

2    maintain a maximum mental health staffing vacancy rate of

3    10 percent, and within sixth months to take all steps necessary

4    to come into complete compliance.

5         At this point, by the Court's counter, defendants are

6    out of compliance for 77 days.  This is really following up on

7    the prior enforcement hearing.

8         So, the question is what do I do next?

9         The Court's tentative plan, subject to hearing from

10   you this morning, is to proceed with enforcement of the

11   October 11, 2023 order, put in place a fine structure.  I would

12   anticipate that would be the same fine structure as I used with

13   respect to staffing, otherwise see whether or not fines

14   accumulate for three months.  If they do, then set this for

15   enforcement.  So, I think the same pattern would apply here.

16        Any reason not to proceed in that fashion at this

17   point, Ms. Yelin, you are going to handle this?

18        MS. YELIN:  Yes, Your Honor.  That plan generally

19   makes sense to plaintiffs, and we agree.

20        The only slight modification we would suggest to the

21   Court is to possibly do a slightly longer period than three

22   months of the fines accruing simply because with the Court's

23   order of Tuesday and the forthcoming order that we expect Your

24   Honor to issue regarding the use of the contempt fines for the

25   non-PIP positions, we expect that whatever remedies come out of

1  that will similarly effect the PIP staffing, and we think it

2  would be helpful to see a little bit of time, maybe more than

3  three months, to see if that's effective in addressing the PIP

4  staffing as well before we move to an enforcement proceeding.

5          THE COURT:  Without seeing that follow-on order yet,

6  how much time would you suggest?

7          MS. YELIN:  We don't have a particular time period in

8  mind, but, you know, something like six months seems

9  appropriate to plaintiffs, six to nine months.

10         THE COURT:  All right.  I have only the April numbers

11 right in front of me, but there are some pretty significant

12 vacancies.  Agreed, Ms. Yelin?

13         MS. YELIN:  Yes, absolutely.  And we do think that

14 it's appropriate for the Court to issue the initiating order

15 similar to the February 2023 order that you issued regarding

16 non-PIP staffing immediately so that the fines start accruing.

17         There has not been significant progress in filling the

18 PIP vacancies in the past six months, so we certainly think

19 that it's appropriate to move forward with that part

20 immediately.

21         THE COURT:  There's no category in which the

22 requirement is met.  Clinical social workers, 54 percent filled

23 as of April.  Psychologists, 63 percent filled as of April.

24         So, I heard what you said, Ms. Yelin.  I'll take that

25 into account.

1          Mr. Mello, on this?

2          MR. MELLO:  I think that the approach that the Court

3     set forth is consistent with what it's done in the past, and

4     additional time would make sense so that additional focus can

5     be placed on this, but we will defer to the Court on the

6     scheduling issues.

7          THE COURT:  All right.  Is there anything more on PIP

8     staffing enforcement, Ms. Yelin?

9          MS. YELIN:  The only other thing I would add, Your

10    Honor, is that of course if there is a stay imposed on payment

11    of the contempt fines from Tuesday's order, we would certainly

12    want to revisit our suggestion that there be a delay before we

13    move forward with enforcement proceedings for the non-PIP

14    positions because there wouldn't be any effect from those fines

15    in that instance.  So, we would like the opportunity to revisit

16    our suggestion at that time.

17         THE COURT:  All right.  Understood.  I do acknowledge

18    the filing, I believe it was late yesterday, requesting leave

19    to file, a request for clarification.  Any reason not to allow

20    that, Ms. Ells?

21         MS. ELLS:  No, Your Honor.

22         THE COURT:  So, I'll allow the filing, and I'll

23    address that on the docket today yet.

24         MR. MELLO:  Did you say today, Your Honor?

25         THE COURT:  Yes.  All right.  Well, this may be one of

1    the briefest and least contentious proceedings in this matter.

2            Is there anything else anyone wants to discuss today,

3    Ms. Ells?

4            MS. ELLS:  No, Your Honor.

5            THE COURT:  Mr. Mello?

6            MR. MELLO:  No, Your Honor.

7            THE COURT:  All right.  Thank you very much.

8            THE CLERK:  Court is in recess.

9        (Proceedings adjourned at 10:15 a.m.)

10

11                    C E R T I F I C A T E

12

13      I certify that the foregoing is a true and correct

14    transcript of the proceedings in the above-entitled matter.

15

16

17    MARYANN VALENOTI, RMR, CRR            July 3, 2024
      Official Court Reporter                   DATE
18    CA CSR #11266

19

20

21

22

23

24

25

                MARYANN VALENOTI - U.S. DISTRICT COURT -  (916)930-4275