DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California  94710-1916
Telephone:   (510) 280-2621

CLAUDIA CENTER – 158255
DISABILITY RIGHTS EDUCATION
AND DEFENSE FUND, INC.
Ed Roberts Campus
3075 Adeline Street, Suite 210
Berkeley, California  94703-2578
Telephone:   (510) 644-2555

MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
LISA ELLS – 243657
JENNY S. YELIN – 273601
THOMAS NOLAN – 169692
MICHAEL S. NUNEZ – 280535
MARC J. SHINN-KRANTZ – 312968
ALEXANDER GOURSE – 321631
ADRIENNE PON HARROLD – 326640
AMY XU – 330707
ADRIENNE SPIEGEL – 330482
BENJAMIN W. HOLSTON – 341439
MAYA E. CAMPBELL – 345180
LUMA KHABBAZ – 351492
JARED MILLER – 353641
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:   (415) 433-6830

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GAVIN NEWSOM, et al.,<br><br>　　　　Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**PLAINTIFFS' PARTIAL OPPOSITION TO DEFENDANTS' MOTION TO STAY ORDERS FINDING DEFENDANTS IN CIVIL CONTEMPT AND ORDERING PAYMENT OF FINES**<br><br>Judge:  Hon. Kimberly J. Mueller |

[4524540.1]

**TABLE OF CONTENTS**

Page

INTRODUCTION ........................................................................................................................ 1

I.   DEFENDANTS HAVE NOT IDENTIFIED ANY IRREPARABLE HARMS, LET ALONE PROVED SUCH HARMS ARE "PROBABLE." .............. 2

II.  DEFENDANTS HAVE NOT MADE THE REQUISITE "STRONG SHOWING" THAT THEY ARE "LIKELY" TO PREVAIL ON APPEAL. ............ 4

III. PLAINTIFFS WILL SUFFER IRREPARABLE HARM IF A STAY IS GRANTED, AND SUCH A STAY WOULD NOT BE IN THE PUBLIC INTEREST. ....................................................................................................................... 6

IV.  DEFENDANTS HAVE NOT MET THEIR BURDEN TO SHOW WHY THE COURT SHOULD STAY THE CONTEMPT FINES PENDING APPEAL ............................................................................................................................. 7

CERTIFICATION ....................................................................................................................... 8

[4524540.1]

i

PLAINTIFFS' PARTIAL OPPOSITION TO DEFENDANTS' MOTION TO STAY ORDERS FINDING DEFENDANTS IN CIVIL CONTEMPT AND ORDERING PAYMENT OF FINES

# INTRODUCTION

Defendants have moved to stay the Court's June 25 and June 27 orders ("Orders") finding them in contempt, ordering them to pay more than $110 million in fines, and requiring certain Defendants to submit monthly summaries of the steps they have taken to fill staffing vacancies. *See* ECF Nos. 8311-1, 8299, 8291. Plaintiffs will strongly oppose a full stay of the contempt orders, including a stay of Defendants' fine obligations, after the Court issues its forthcoming order regarding use of the fines. Plaintiffs do not oppose a temporary stay of the fines until then so that the Ninth Circuit can consider both orders— and Defendants' arguments to stay both orders—at the same time. *See* June 25, 2024 Order, ECF No. 8291 at 70, 72; July 5, 2024 Stipulation and [Proposed] Order, ECF No. 8319.[1]

Plaintiffs have joined Defendants in requesting that the Court modify the requirement for monthly certifications from Defendants Newsom, Clendenin, and Stephenshaw to instead require that the monthly certifications be filed by Defendant Stephenshaw as a well as a senior official in the Governor's office designated by Defendants. ECF No. 8319 at ¶¶ 2-3. Plaintiffs oppose a stay of the certification requirements, whether modified by the Court or not, before the issuance of the Court's subsequent order regarding use of the contempt fine fund, even if the payment obligations are stayed.[2] The Court should deny Defendants' motion as to the certification requirements because they have not met their burden under any of the four factors that govern stays pending appeal, and most importantly have failed to show any likelihood that they will suffer irreparable injury.

---

[1] Plaintiffs have not fully briefed their arguments here regarding Defendants' request for a stay of their contempt fine payment obligations, in light of their stipulation for a temporary stay until the Court issues its subsequent order regarding use of the fines. *See* ECF No. 8319. However, to avoid any potential argument that they have waived their right to oppose such a stay, Plaintiffs briefly explain in Section IV, *infra*, why Defendants have not come close to meeting their burden to show their entitlement to a stay of the fines pending appeal.

[2] Plaintiffs stipulated to a short stay of the certification requirements until 10 days after the adjudication of Defendants' pending stay motion (and any follow-on stay motion they make in the Ninth Circuit) and the Court's ruling on the parties' July 5 stipulation. *See* ECF No. 8319 at ¶ 4.

[4524540.1]

1

## I. DEFENDANTS HAVE NOT IDENTIFIED ANY IRREPARABLE HARMS, LET ALONE PROVED SUCH HARMS ARE "PROBABLE."

The first and most important factor the Court must consider is "whether the [stay] applicant will be irreparably injured absent a stay." *Nken v. Holder*, 556 U.S. 418, 434 (2009); *Doe #1 v. Trump*, 957 F.3d 1050, 1058-62 (9th Cir. 2020). "[S]imply showing 'some possibility of irreparable injury'" is not enough. *Nken*, 556 U.S. at 434-35. It is Defendants' burden to establish that "irreparable harm is probable, not merely possible," and they "cannot meet this burden by submitting conclusory factual assertions and speculative arguments that are unsupported in the record." *Doe #1*, 957 F.3d at 1059-60. None of the harms Defendants claim they will suffer because of the certification requirements are irreparable, and the potential harms they identify are either unsupported by evidence or too speculative to warrant a stay.[3]

Defendants first argue they will be irreparably harmed by the Orders' certification requirement because it "intrudes on state sovereignty and the separation of powers" and "requires the Governor [and other executives] to waive executive and deliberative process privileges by disclosing the steps taken to address staffing." ECF No. 8311-1 at 11.[4] But neither of these harms justifies a stay. The asserted harm to "state sovereignty and the separation of powers" is not irreparable as a matter of law. *See, e.g.*, *Washington v. Trump*, 847 F.3d 1151, 1168 (9th Cir. 2017) (holding abstract injuries to the separation of powers do not alone amount to an injury that is irreparable"); *Texas v. United States*, 787 F.3d 733, 767-68 (5th Cir. 2015) (executive-branch defendant's "claims that the injunction offends separation of powers and federalism" did not establish irreparable injury because "it is the resolution of the case on the merits, not whether the injunction is stayed pending appeal, that will affect those principles").

---

[3] Defendants will also not be able to show any irreparable injury as to the contempt fines, as Plaintiffs will demonstrate in their opposition to Defendants' motion to stay the fines after the Court issues its subsequent order regarding how the fines will be used.

[4] Pagination references are to the PDF pages.

[4524540.1]

2

The asserted harm from the certification requirement is in fact entirely speculative. Defendants provide nothing more than bare assertions to support their claim that the certifications will require privileged information—none of the affected officials has submitted a declaration, and Defendants have not explained what type of privileged information they would be required to disclose in order to the comply with the certification requirements. And nothing in the Contempt Orders expressly or implicitly requires Defendants "to waive executive and deliberative process privileges," as they claim. ECF No. 8311-1 at 11. Rather, the Orders simply require the officials to acknowledge, once a month, that they have reviewed the CDCR staffing vacancy data and describe whatever steps they have already taken in the preceding month to address the ongoing constitutional violation that is harming the health and safety of more than 34,000 class members each day. *See* ECF No. 8291 at 4, 72 (requiring certification that the officials reviewed the monthly staffing reports Defendants file on the public docket each month, and that they provide the Court with "a summary of the steps they *have taken* in the preceding month to address mental health understaffing in CDCR prisons." (emphasis added)).

Defendants do not explain why they believe such a "summary" of the official's *past* acts will necessarily include privileged information. The deliberative process privilege, for example, protects only information that is both "predecisional" and "deliberative." *Carter v. U.S. Dep't of Commerce*, 307 F.3d 1084, 1089-91 (9th Cir. 2002). It does not shield from disclosure a post-decisional document that merely identifies certain actions an executive branch official took during the preceding month. *See* ECF No. 8291 at 72. It is entirely speculative whether the Court would, after briefing and a hearing, order one or more Defendants to produce assertedly privileged information; the disclosure of deliberative, predecisional information *could* become necessary, as Defendants' dysfunctional administrative processes are themselves core issues in the staffing enforcement proceeding. *See* ECF No. 8291 at 55-58; *New York v. Salazar*, 701 F. Supp. 2d 224, 237-38 (N.D.N.Y. 2010) (privilege does not apply where the party's deliberative process is at issue in the litigation). Unless and until the Court issues such an order, Defendants will

not suffer any actual harm, so Defendants have not met their burden of showing that the asserted harm is "probable" or "likely."

## II. DEFENDANTS HAVE NOT MADE THE REQUISITE "STRONG SHOWING" THAT THEY ARE "LIKELY" TO PREVAIL ON APPEAL.

The "second most important" factor is "whether the stay applicant has made a **strong showing** that he is **likely** to succeed on the merits", *Doe #1*, 957 F.3d at 1062; *Nken*, 556 U.S. at 434 (emphasis added)—not whether there is "a substantial case for relief on the merits," as Defendants assert, *see* ECF No. 8311-1 at 8-9.  The more lenient "substantial case" standard is not appropriate "[w]here, as here, the showing of irreparable harm is weak at best."  *Al Otro Lado v. Wolf*, 952 F.3d 999, 1010 (9th Cir. 2020); *see* Section I, *supra*.  In such cases, "the government must make a commensurately strong showing of a likelihood of success on the merits to prevail under the sliding scale approach."  *Al Otro Lado*, 952 F.3d at 1010.  Regardless of which standard applies, however, Defendants do not come close to meeting their burden of showing they will be likely to succeed on the merits in their arguments regarding the Court's requirement of the monthly certifications.[5]

Defendants claim the Orders' certification requirement is likely to be reversed because it is "unprecedented" and "arguably requires the Governor and other high-ranking executive branch members … to disclose information that is protected by the deliberative process, executive, attorney-client, and work product privileges."  ECF No. 8311-1 at 10.  These arguments are highly unlikely to succeed.  For one thing, the certification requirement is *not* unprecedented—this Court has repeatedly required similar certifications and reporting from Defendants.  *See, e.g.*, Order, Apr. 28, 2009, ECF Nos. 3573 at 2 (requiring Defendants to certify "that the remaining painting and change order work at the

---

[5] While Plaintiffs agree with Defendants that a certification from Defendant Clendenin, who has a limited role with regard to staffing in CDCR, is not necessary, and that the Governor's certification should be replaced by one from a high ranking official in his office, they strongly oppose a stay of the court-ordered certifications, regardless of whether the Court agrees to modify them as the parties have requested.

[4524540.1]

4

[Salinas Valley Intermediate Care Facility] Project is complete or to explain any delays in completing this work"); Order, Apr. 10, 2014, ECF No. 5131 at 73 (requiring Defendants to provide the Court and Special Master with "monthly reports on whether each EOP ASU hub meets Program Guide requirements for an EOP ASU level of care"); Dec. 3, 2020 Order, ECF No. 6973 at 12; Dec. 24, 2020 Order, ECF No. 7004 at 2; May 4, 2021 Order, ECF No. 7150; May 27, 2021 Order, ECF No. 7187; Oct. 7, 2021 Order at 7339 (together requiring Defendants to file monthly activation schedules regarding their progress implementing the outstanding Hayes suicide prevention measures, including interim deadlines, identification of all persons responsible for completing each step, and any delays and updated projected completion dates); March 13, 2023 Order, ECF No. 7757 at 1-3 (requiring "all counsel and all principals who participate in preparation of briefing, presentation of evidence, or oral argument on the pending motion" to file an affidavit attesting they have read certain Court orders); *see also* Order, Nov. 6, 2017, ECF No. 5726 at 10 (requiring certifications from counsel regarding the orders they have read "relevant to any issue addressed in such brief").

Even if the Orders' certification requirements were "unprecedented," that would not make them an abuse of discretion.  Defendant Amar Mehta, MD, CDCR's Deputy Director for Mental Health Services, testified "he could not think of anything else he could do '*at [his] level*' *and 'pursuant to the rules that apply' to him*, to fill staffing vacancies to court-ordered levels." ECF No. 8291 at 58 (emphasis added).  None of the other Defendants in this case, all of whom have "more authority than Dr. Mehta and without question more options available to them," offered testimony; nor did anyone more senior to Dr. Mehta in the entire State administration testify.  *Id.*  Defendants have offered no explanation whatsoever for their failure take additional steps within their authority.  As the Contempt Orders explain, this "leaves a gaping hole in the record regarding what all available reasonable steps actually are." *Id.*  Requiring senior officials with direct authority over Defendants' compliance—including the State's finances and hiring practices—to review monthly staffing data and inform the Court of the actions they took during the preceding

1  month to comply with its staffing orders is entirely reasonable under the circumstances.

2  Indeed, given Defendants' ongoing failures to act, the certification requirement is clearly

3  "necessary to sharpen the focus and magnify defendants' sense of urgency to finally

4  achieve a lasting remedy for chronic mental health understaffing in the state's prison

5  system." *Id.* at 65.

6        Defendants do not elaborate on their other argument about certification—i.e., that it

7  would require them to disclose privileged information. *See* ECF No. 8311-1 at 10. That

8  argument is clearly wrong with regard to the deliberative process and executive privileges,

9  as explained in Section I, *supra*. And Defendants do not explain why they think

10 certification implicates the attorney-client and work-product privileges as well. These

11 types of conclusory assertions do not come close to justifying a stay. *See Doe #1*, 957 F.3d

12 at 1059-60.

13 **III.  PLAINTIFFS WILL SUFFER IRREPARABLE HARM IF A STAY IS GRANTED, AND SUCH A STAY WOULD NOT BE IN THE PUBLIC**
14 **INTEREST.**

15       The Court can give minimal weight to the final two factors of the *Nken* standard

16 because Defendants do not come close to meeting their burden on either the irreparable

17 harm or likelihood-of-success factors. *See Doe #1*, 957 F.3d at 1061-62. Regardless,

18 Defendants' arguments on the final two factors are clearly insufficient.

19       Defendants do not address the third *Nken* factor—"whether issuance of the stay will

20 substantially injure the other parties interested in the proceeding"—at all. *Nken*, 556 U.S.

21 at 434. They simply assert that "the unprecedented certification requirement will burden

22 the State's high-ranking officials on a monthly basis" so the equities favor a stay. ECF No.

23 8311-1 at 11-12. For the reasons explained in Section I, *supra*, Defendants are not likely

24 to suffer any irreparable injury as a result of the Orders. And regardless, any harm to

25 Defendants would be far outweighed by the irreparable harm Plaintiffs will suffer if the

26 Orders' certification requirements are stayed for the full duration of Defendants' appeal.

27 With a stay in place, Defendants' highest-ranking officials will be able to continue

28 ignoring their obligation to take *all* reasonable steps—whether precedented or completely

novel—to come into compliance with the Court's staffing orders.  They will be able to continue dodging their obligation to staff to a level needed to provide constitutional care to the Plaintiff class, an obligation they have been violating for years, despite many prior efforts by the Court to compel compliance.  *See, e.g.*, *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) ("It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)); *see also Washington*, 847 F.3d at 1169.

Similarly, as to the fourth *Nken* factor—"where the public interest lies"—Defendants make no argument at all as to why a stay of the certification requirements would benefit the public interest  *Id.* at 12.  The public indisputably has a strong interest in judicial enforcement of constitutional rights, including the Eighth Amendment rights of the *Coleman* class.  *See Brown v. Plata*, 563 U.S. 493, 511 (2011) (holding "courts [] must not shrink from their obligation 'to enforce the constitutional rights of all persons, including prisoners'"); *Melendres*, 695 F.3d at 1002 ("[I]t is always in the public interest to prevent the violation of a party's constitutional rights.").  And the public also has a strong interest in transparency concerning the State's efforts to comply with the long-standing court-ordered staffing requirements.  No matter what, given Defendants' failure to meet their burden on any of the other three *Nken* factors, the "competing public interests" at stake here "do not justify a stay." *Washington*, 847 F.3d at 1169.

### IV. DEFENDANTS HAVE NOT MET THEIR BURDEN TO SHOW WHY THE COURT SHOULD STAY THE CONTEMPT FINES PENDING APPEAL

As noted above, Plaintiffs will fully brief why the Court's orders requiring payment of the contempt fines should not be stayed during Defendants' appeal when Defendants seek a stay of the Court's forthcoming order regarding use of the fines.  In brief, Defendants have not and cannot meet their burden as to any of the four *Nken* factors.  *Nken*, 556 U.S. at 426.  Most importantly, Defendants ignore that monetary injury can almost never constitute irreparable harm, *see Doe #1*, 957 F.3d at 1060, and they concede the money for the fines has already been approved in the State's 2024 Budget Act.  ECF

[4524540.1]

7

No. 8311-1 at 13.  Defendants are also extremely unlikely to prevail on the merits of their appeal, given the highly deferential standard the Ninth Circuit will apply in reviewing the district court's findings regarding Defendants' alleged defenses to contempt.  *See Stone v. City and County of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992).  And the final two factors weigh heavily against a stay, given that the *Coleman* class continues to suffer every day with unconstitutionally low staffing levels, and that prevention of constitutional violations is always in the public interest.  *Melendres*, 695 F.3d at 1002; *see also Brown*, 563 U.S. at 483.  Plaintiffs will strongly oppose a stay of the contempt fines beyond the short stay to which they have stipulated.

## CONCLUSION

The Court should deny Defendants' Motion as to the certification requirements because they have not met their burden under the standard for a stay pending appeal.  Plaintiffs' do not oppose Defendants' request to waive the bond requirement.

## CERTIFICATION

Plaintiffs' counsel certifies that he reviewed the following orders in preparing this filing: ECF Nos. 8299, 8291, 3573, 5131, 5726, 7757.

DATED:  July 8, 2024                    Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By:  */s/ Alexander Gourse*
      Alexander Gourse

Attorneys for Plaintiffs

[4524540.1]

8