Rob Bonta, State Bar No. 202668
Attorney General of California
Monica N. Anderson, State Bar No. 182970
Senior Assistant Attorney General
Damon McClain, State Bar No. 209508
Supervising Deputy Attorney General
Elise Owens Thorn, State Bar No. 145931
Namrata Kotwani, State Bar No. 308741
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7318
  Fax: (916) 324-5205
  E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

HANSON BRIDGETT LLP
Lawrence M. Cirelli, SBN 114710
Paul B. Mello, SBN 179755
Samantha D. Wolff, SBN 240280
Kaylen Kadotani, SBN 294114
David C. Casarrubias-González, SBN 321994
Mollie H. Levy, SBN 333744
Samantha M. Bacon, SBN 351561
1676 N. California Blvd., Suite 620
Walnut Creek, California 94596
Telephone:   925-746-8460
Facsimile:   925-746-8490
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GAVIN NEWSOM, et al.<br><br>　　　　Defendants. | Case No. 2:90-CV-00520- KJM-DB<br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY THE JUNE 25 AND 27, 2024 ORDERS FINDING DEFENDANTS IN CIVIL CONTEMPT AND ORDERING PAYMENT OF FINES (ECF NOs. 8291, 8299)**<br><br>Judge:   Hon. Kimberly J. Mueller |

Plaintiffs oppose a stay of the Court's June 25 and 27, 2024 Orders, contending Defendants will suffer no irreparable harm, are unlikely to succeed on appeal, and cannot satisfy the remaining factors for a stay. As explained below, these contentions fail.

**A.　Defendants' Motion to Stay Identified Two Irreparable Harms Absent Stay**

Defendants' harms are not speculative. (*See* ECF No. 8310 at 7.) This Court's June 25 and June 27, 2024 orders require the Governor, Director of Department of State Hospitals, and Director of the California Department of Finance "certify they have reviewed the data in the [monthly staffing] report[s] and provide a summary of the steps within their respective authority

they have taken in the preceding month to address mental health understaffing." (ECF No. 8291 at 71.)[1] There are myriad circumstances that could arise wherein the Defendants' monthly compliance with the orders requires a waiver of the executive and deliberative process privileges, among others to demonstrate to the court what steps are being taken to reduce vacancy rates. For example, the last round of collective bargaining resulted in significant wage increases and retention bonuses for some classifications. (*See*, e.g., ECF No. 8260 at 4:25-5:1.) When the Governor is involved in collective bargaining negotiations relating to classifications providing care within the California Department of Corrections and Rehabilitation's Mental Health Services Delivery System, that process is privileged and must remain confidential until it concludes, which could take months. Similarly, developing potential initiatives is arguably a "step[] . . . taken," even if a final decision about whether to pursue the initiative has not been made. Forced disclosure of such pre-decisional steps is inherently intrusive of executive and deliberative process privileges. Plaintiffs ignore this reality. (ECF No. 8320 at 2-3.)

Moreover, the fact that the Court's June 25 and 27, 2024 orders only require summarizing steps taken in the month prior (and therefore would not require the disclosure of currently privileged information, as Plaintiffs argue) is nonsensical. The mere fact that Defendants are required to disclose what steps it took in the last 30 days is irrelevant to the question of privilege. The deliberative process privilege "was developed to promote frank and independent discussion among those responsible for making governmental decisions, and also to protect against premature disclosure of proposed agency policies or decisions." *Plata v. Newsom*, No. 01-1351 JST, ECF No. 3155 at *2 (N.D. Cal. Sept. 12, 2019) quoting *FTC v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984). Thus, under the deliberative process privilege, "factual material is protected 'to the extent that [it] reveal[s] the mental process of decisionmakers.'" *Id.* at *3 quoting *Nat'l Wildfire Fed'n v. U.S. Forest Serv.*, 861 F.2d 1114, 1119 (9th Cir. 1988). Even a draft document

---

[1] The parties have submitted a stipulation requesting that the Governor's monthly certification requirement be completed by a senior official rather than the Governor himself and that the Director of Department of State Hospitals, Defendant Stephanie Clendenin, be relieved from this obligation altogether. (ECF No. 8319 at 2-3.)  This stipulation is currently pending with the Court.

that has been superseded by a final version may be subject to protection from disclosure where a party is "'attempting to probe the editorial and policy judgment of the decisionmakers'" by comparing draft and final versions. *Id.* at *3 quoting *Nat'l Wildfire Fed'n*, 861 F.2d at 1122. This is because "[m]aterials that allow the public to reconstruct the predecisional judgments of the administrator are no less inimical to [the] goal of encouraging uninhibited decision making than materials explicitly revealing his or her mental process.'" *Id.* at *3 quoting *Nat'l Wildfire Fed'n*, 861 F.2d at 1122. Therefore, the deliberate process privilege is not lost just because the covered action happened 30 days ago, nor is it apparent that "steps . . . taken" exclude actions or decisions antecedent to a final decision related to an action.

Yet, the certification requirement appears to mandate the disclosure of such privileged information. Under the Court's June 25 and 27, 2024 orders, the state officials may be forced to choose between waiving applicable privileges or being held in contempt for failing to comply with the certification requirement. This precarious position, in which the Governor and other officials would be repetitively placed month over month, underscores the irreparable harm Defendants will suffer absent a stay.

### B. Defendants' Motion to Stay Showed They Have a Substantial Case for Relief on the Merits

Plaintiffs are also wrong that Defendants are unlikely to prevail on appeal, particularly given the federalism and comity concerns raised in Defendants' moving papers which will not be repeated here. Indeed, rather than engaging with Defendants' numerous bases showing the substantial case for relief, Plaintiffs merely argue that the certification requirement is not unprecedented because the court has previously interfered with the executive branch. (*See* ECF No. 8320 at 7). That does not rebut Defendants' showing and does not justify further and greater interference. Plaintiffs also entirely ignore the public's strong interest in ensuring taxpayer funds are used appropriately and according to the intentions of their elected officials. (*See* ECF No. 8310 at 8.)

## II. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court stay its June 25

and 27, 2024 orders requiring certifications and payment of fines related to staffing contempt and exercise its discretion to waive the supersedeas bond requirement. Defendants also request that the Court grant the parties' request to modify the June 25 and June 27, 2024 orders subject to the stipulation filed on July 5, 2024. (ECF No. 8319.)

### III.     CERTIFICATION

In preparing this filing, Defendants' counsel certify that they have reviewed the following relevant orders:  547, 612, 640, 659, 694, 1010, 1055, 1262, 1383, 1773, 1929, 2204, 3613, 3666, 4539, 5171, 5307, 5564, 5592, 5711, 5786, 5850, 5852, 5886, 5928, 6050, 6214, 6296, 6312, 6427, 6794, 6846, 6863, 6886, 6938, 7035, 7456, 7504, 7699, 7704, 7742, 7766, 7804, 7806, 7807, 7856, 8087, 8116, 8147, 8182, 8291, and 8299. This motion sets forth arguments that have not been resolved by prior court orders as they are specifically tailored to address the merits of Defendants' motion to stay the appealed June 25 and 27, 2024 order. Counsel acknowledges this Court's prior orders concerning staffing requirements, but those orders do not foreclose this motion. Counsel make this filing under their obligation to represent their clients zealously under their right to relief under Fed. R. Civ. P. 62(c), *Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988), and to satisfy Federal Rule of Appellate Procedure 8(a)(1)(A)'s requirement. Counsel certify that they have conducted a reasonable inquiry and have determined that this filing is well grounded in fact, legally tenable, and not presented for an improper purpose, to harass, cause unnecessary delay, or needlessly increase the cost of litigation. Fed. R. Civ. P. 11(b)(1); *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 393 (1990). Each factual contention made in this filing is supported by a reference to evidence in the record and the legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. Fed. R. Civ. P. 11(b)(2).

DATED: July 9, 2024                                                      ROB BONTA
                                                                                         Attorney General of California


                                                                               By:         */s/  Damon McClain*

20978539.5

4

|  |  |
|---|---|
|  | DAMON MCCLAIN<br>Supervising Deputy Attorney General<br>ELISE OWENS THORN<br>Deputy Attorney General<br>*Attorneys for Defendants* |
| DATED: July 9, 2024 | HANSON BRIDGETT LLP |
|  | By:    */s/ Paul B. Mello*<br>PAUL B. MELLO<br>SAMANTHA D. WOLFF<br>DAVID V. CASARRUBIAS-GONZALEZ<br>*Attorneys for Defendants* |