UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GAVIN NEWSOM, et al.,<br><br>　　　　Defendants. | No. 90-0520 KJM DB<br><br>ORDER |

　　　　On July 2, 2024, the court granted defendants' request for leave to file a motion to stay the court's June 25, 2024 and June 27, 2024 Orders, ECF Nos. 8291, 8299, ECF No. 8311-1. July 2, 2024 Minute Order, ECF No. 8313.  The court denied defendants' request for a ruling by July 3, 2024, on the motion to stay, and has set a briefing schedule that requires the parties to have completed briefing on the motion to stay by 5:00 p.m. on July 9, 2024.  *Id*.  The court deferred ruling on defendants' alternate request for an extension of the deadlines set in the June  5, 2024 and June 27, 2024 orders for deposits of civil contempt fines (July 8, 2024 and July 25, 2024) and certification by principals due July 8, 2024 and resolution of the motion to stay by July 12, 2024, ECF No. 8311-1 at 14.  ECF No. 8313.

　　　　On July 5, 2024, the parties filed a stipulation and proposed order that would, if approved, resolve defendants' alternative request and modify in part the court's June 25, 2024 orders

1

requiring monthly certifications by three defendants in this action. On July 8, 2024, the court set a status conference for July 10, 2024 and stayed the initial deposit of fines until July 10, 2024. July 8, 2024 Minute Order, ECF No. 8321. On the same day, defendants filed the required certifications. ECF No. 8322. Also on July 8, 2024, after defendants filed the required certifications, the United States Court of Appeals granted defendants request to temporarily stay the certification requirements until July 12, 2024. July 8, 2024 USCA Order, ECF No. 8323. On July 10, 2024, the court proceeded with the status conference. It discussed with the parties questions raised by their stipulation. Because a portion of the stipulation linked filing dates to a prospective court order directing a process for disbursement of the civil contempt fund, the court described its tentative plan in the short term for disbursement based on the parties' joint proposals with the Special Master serving as administrator of the fund. The court also signaled its intention to appoint its own receiver in this action after considering input from the parties.

As explained below, the stipulation of the parties is APPROVED-IN-PART and REJECTED-IN-PART. The foundational principle underlying this order is that constitutionally impermissible mental health understaffing crisis in California's prisons is serious and a complete remedy is urgently needed after far too many delays.

The parties' proposal to stay defendants' obligation to pay fines owed under the June 25, 2024 and June 27, 2024 orders for a period of twenty-five days after the court issues an order outlining the procedures for disbursement and use of funds is NOT APPROVED. At hearing, the parties explained this agreement was reached as a practical aid to efficient appeal of all related court orders, which appeals defendants have signaled they will pursue. One consequence of this agreement is that plaintiffs have not filed with this court their full brief opposing defendants' motion to stay, which they represent they "will strongly oppose." ECF No. 8320 at 3.[1] As the court indicated at hearing, it intends to issue a series of orders that will impact procedures for the disbursement of funds, setting the initial procedure it described while moving

---

[1] Citations to page numbers in documents filed in the Court's Electronic Case Filing (ECF) system are to the page numbers assigned by ECF and located in the upper right hand corner of each page.

2

forward with plans to appoint a receiver, subject to hearing from the parties first. At this time, it is unclear how long the latter process will take and when the twenty-five day period the parties have agreed to would start. Therefore, plaintiffs shall file their full opposition to defendants' pending motion to stay, ECF No. 8311-1, by July 15, 2024. Defendants' reply shall be filed by July 17, 2024 at noon. The STAY of the requirement of an initial deposit of funds is EXTENDED until noon on July 26, 2024. The court intends to rule on the pending motion to stay before that revised deadline.

The parties present two stipulations with respect to the certification requirement the court imposed on three defendants. Governor Gavin Newsom, Department of State Hospitals Director Stephanie Clendenin, and Director of the California Department of Finance Joe Stephenshaw in the June 25, 2024 Order. *See* June 25, 2024 Order at 72, ECF No. 8291. The court imposed the certification requirement on these three defendants in conjunction with its express clarification that the requirements of the court's October 10, 2017 order apply to all defendants in this action and its direction to all defendants to "forthwith and continuing until further order of the court take all steps within their respective authorities to enable CDCR to come into complete compliance" with court-ordered staffing remedies. *Id*. The certification requirements are intended to ensure all defendants in this action -- especially the defendant with ultimate responsibility -- are focused on the urgent and long overdue staffing remedy and that the record includes evidence of concrete steps they are taking toward that end. The requirements take account of the dearth of evidence offered at evidentiary hearing of efforts by any defendants other than defendant Mehta. *See* ECF No. 8291 at 58. Nothing in the court's order invades any cognizable privilege and defendants have shown no substantive reason why the information required by the court's order should not be provided.

That said, the court APPROVES the stipulation to modify the certification requirement to remove the obligation of Defendant Stephanie Clendenin to submit a monthly certification. The court concurs with the observation of plaintiffs' counsel at hearing that final resolution of the constitutional staffing violation at issue in this case is likely to require broader steps than are currently under consideration and that all defendants should be working together on all solutions

3

that might be available. The court views the position taken with respect to defendant Clendenin as a symptom of the larger problem, that defendants are still not approaching solutions to this ongoing Eighth Amendment violation from a sufficiently broad perspective. Nonetheless, the court accepts the parties' agreement for now, without prejudice to reimposing the requirement on Director Clendenin at a later stage of these proceedings.

The parties' agreement to replace defendant Governor Gavin Newsom's monthly certification with that of a senior official in his office designated by Defendants is APPROVED with the express understanding of all parties that Governor Newsom is and will be bound by the senior official's certifications.

The parties' agreement regarding the July 8, 2024 certification is MOOT. The parties' agreement that defendants' certification requirements, as modified by this order, shall remain in place unless or until stayed by this court, is APPROVED.

IT IS SO ORDERED.

DATED: July 12, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE