1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RALPH COLEMAN, et al.,                    No. 90-0520 KJM DB

12              Plaintiffs,                     ORDER

13       v.

14   GAVIN NEWSOM, et al.,

15              Defendants.

16

17          Defendants have moved to stay this court's June 25, 2024 and June 27, 2024 orders, ECF

18   Nos. 8291, 8299, requiring defendants to deposit fines into the Court's Registry and certain

19   defendants to certify monthly that they have reviewed defendants' monthly mental health staffing

20   vacancy report and "include a summary of the steps they have taken in the preceding month to

21   address mental health understaffing in the CDCR prisons." June 25, 2024 Order at 72, ECF No.

22   8291. Plaintiffs oppose the motion, ECF Nos. 8320, 8334, and defendants have replied, ECF

23   Nos. 8324, 8336. The court denies the motion, as explained below.

24   I.      BACKGROUND

25          On June 25, 2024, this court found three defendants in contempt of court for

26   noncompliance with this court's October 10, 2017 order requiring remediation of ongoing mental

27   health understaffing in the prisons of the California Department of Corrections and Rehabilitation

28   (CDCR). The three defendants are CDCR Secretary Jeff Macomber, Undersecretary for Health

1

1    Care Services for CDCR Diana Toche, D.D.S., and Deputy Director of the Statewide Mental

2    Health Program for CDCR Amar Mehta, M.D.  *See generally* June 25, 2024 Order, ECF No.

3    8291.  The court also ordered defendants to deposit into the Court's Registry one hundred eleven

4    million nine hundred thirty-nine thousand two hundred forty-four dollars ($111,939,244.00)

5    within thirty days from the date the order was filed and thereafter to deposit additional

6    accumulated fines on a monthly basis.  *Id*. at 72.  The court clarified that the requirements of the

7    October 10, 2017 order apply to all defendants in this action, including the other three named

8    defendants, California Governor Gavin Newsom, Director of California Department of State

9    Hospitals (DSH) Stephanie Clendenin, and Director of the California Department of Finance Joe

10   Stephenshaw.  The court required these defendants to "forthwith and continuing until further

11   order of the court take all steps within their respective authority to enable CDCR to come into

12   complete compliance with the staffing ratios in [CDCR]'s 2009 Staffing Plan and the maximum

13   ten percent vacancy rate required by the court's June 13, 2002 order."  *Id*.  The court required

14   defendants Newsom, Clendenin, and Stephenshaw to certify monthly that they have reviewed

15   defendants' monthly mental health staffing vacancy report and "include a summary of the steps

16   they have taken in the preceding month to address mental health understaffing in the CDCR

17   prisons."  *Id*.[1]  Within hours on the same day the court issued its order, June 25, 2024, defendants

18   filed a notice of appeal from the order.  ECF No. 8293.

19          On June 27, 2024, the court granted defendants' request for clarification of aspects of the

20   June 25, 2024 order and to extend the time for filing of monthly deposits and the required

21   certifications to "ten days from the filing of each monthly staffing report."  June 27, 2024 Order,

22   ECF No. 8299.  On June 28, 2024, defendants filed an amended notice of appeal, adding the

23   June 27, 2024 order to their appeal.  ECF No. 8302.

24   /////

---

[1] The six named defendants in this action are all successor defendants under Federal Rule of Civil Procedure 25.  As the court has explained, "the contempt findings reflect the failure of CDCR defendants in these roles to comply with the court's orders over many years."  July 12, 2024 Order at 1 n.1, ECF No. 8330.  Similarly, defendants Newsom, Clendenin, and Stephenshaw also carry the obligations imposed on their predecessors by this court's orders.

Defendants filed the pending motion to stay, ECF No. 8311-1, on July 2, 2024.  *See* July 2, 2024 Minute Order, ECF No. 8313.  That same day, the court set a briefing schedule on the motion to stay and deferred ruling on certain alternative requests in the motion.  *Id*.  On July 5, 2024, the parties filed a stipulation and proposed order for modification and stay of the June 25, 2024 and June 27, 2024 orders.  ECF No. 8319.  On July 8, 2024, the court set a status conference for July 10, 2024 to discuss the July 5, 2024 stipulation and extended the deadline for defendants to deposit fines that accumulated by May 2024 to July 12, 2024.  July 8, 2024 Minute Order, ECF No. 8321.  On the same day, defendants filed the first set of required monthly certifications following the June 2024 monthly vacancy report.  ECF No. 8322.  The United States Court of Appeals for the Ninth Circuit temporarily stayed the latter monthly certification requirement until July 12, 2024, shortly after this court already had extended the deadline.  ECF No. 8323.

The court held the status conference to review the parties' stipulation on July 10, 2024.  ECF No. 8326.  On July 12, 2024, taking account of its discussion with the parties, the court further extended the deadline for deposit of the fines accumulated by May 2024 to July 26, 2024 and also signaled that going forward defendant Clendenin would be relieved of her obligation to file the certifications and summaries required by the June 25, 2024 order.  July 12, 2024 Minute Order, ECF No. 8328.  Also on July 12, 2024, the court issued an order approving the parties' stipulation in part and otherwise disapproving the stipulation.  Specifically, the court set a further briefing schedule on defendants' motion to stay, confirmed the extended deadline for deposit of the fines that accumulated by May 2024, exempted Director Clendenin from the certification requirement, approved the parties' agreement to replace defendant Newsom's monthly certification requirement with that of a senior official in his office, and approved the parties' agreement that the certification requirement would remain in place unless or until stayed by this court.  July 12, 2024 Order, ECF No. 8329.

On July 15, 2024 and July 17, 2024, the parties filed the briefing required by the July 12, 2024 order.  ECF No. 8334 (Plaintiffs' Opposition), ECF No. 8336 (Defendants' Reply).

**II.     BRIEFING OF THE PARTIES**

     **A.     Defendants' Motion**

In support of their motion to stay, defendants contend they have a "substantial case for relief on the merits" of their challenge to the court's contempt findings.  They contend:

- The record shows "that both before and after the evidentiary hearing, Defendants have taken all reasonable steps to ameliorate the staffing issues CDCR faces";

- The court "did not address unrebutted evidence in the record that documentation and other requirements imposed by this case have contributed to the staffing challenges," which is relevant to "assessing the reasonableness of Defendants' actions";

- "[C]hanging worker expectations and nationwide staffing shortages … currently make staffing to the required . . . fill rate impossible within Defendants' legal authority" and therefore fines are "unnecessary" to coerce compliance;

- Because the fines will not have the desired coercive effect, the court is punishing defendants;

- Defendants' decision to conform their conduct to state law, rather than requesting waivers of state law to allow compliance with the Eighth Amendment, is neither unreasonable nor "a suitable basis for contempt";

- Defendants have "pursued all avenues within their legal authority, and the scope and pace of developing and implementing those efforts are reasonable within the context of this litigation and the complex system that is CDCR's mental health system";

- The certification should be stayed because defendants are unaware of any federal court that has ordered a Governor to provide this type of certification; and

/////
/////
/////
/////

4

- The certification order "arguably requires" the Governor and other state officials to disclose privileged information.

ECF No. 8311-1 at 8-10.[2]

Defendants also contend they will suffer "irreparable harm" in the absence of a stay. They contend:

- The certification requirement "intrudes on state sovereignty and the separation of powers between the executive and judicial branches," particularly as it applies to the Governor and "directs how he should use his time and requires [him] to waive executive and deliberative process privileges"; and
- Requiring the deposit and expenditure of fines "may negatively impact the State's ability to provide necessary services to its citizens."

*Id.* at 11. Defendants rely on the foregoing to contend the balance of equities and the public interest weigh in their favor. *Id.* Defendants also contend the court is "circumvent[ing] the [state's] legislative process" by "commandeering State tax dollars" and "unilaterally deciding" how the fines should be spent. *Id.* at 11-12. Defendants contend that "[b]ecause the contempt proceedings were held without a jury, and because the Court – with Article III life tenure – is insulated from the political process, the public interest cuts in favor of having the Court's orders affecting hundreds of millions of dollars in tax revenue stayed pending review." *Id.*[3] Defendants also ask the court to stay the supersedeas bond requirement of Federal Rule of Civil Procedure 62(b). *Id.* at 12-14.

---

[2] Citations to page numbers in documents filed in the Court's Electronic Case Filing (ECF) system are to the page numbers assigned by ECF and located in the upper right hand corner of each page.

[3] Defendants did not request a jury for the contempt proceedings, though they stated they did not "waive their right to criminal procedural protections including that any contempt be tried to a jury and proved beyond a reasonable doubt." ECF No. 7961 at 12 n.2. Defendants' bald assertion that the fines will not coerce their compliance does not convert the fines to punitive fines requiring criminal procedural protections; defendants' argument here is grounded in their continued assertion that compliance with the staffing orders cannot be achieved given the current national shortages among mental health professionals hiring. The court has rejected this impossibility defense. *See* ECF No. 8291 at 63-64.

**B.      Plaintiffs' Opposition**

Plaintiffs oppose defendants' stay request as to the certification requirements, contending:

- The "asserted harm" to state sovereignty and separation of powers asserted by defendants "is not irreparable as a matter of law";

- Defendants' assertion that the court's certification requirement requires disclosure of privileged information is speculative and not supported by the record; and

- Unless and until the court were to require disclosure of privileged information, "Defendants will not suffer any actual harm."

ECF No. 8334 at 3-6.  Plaintiffs also dispute defendants' contention that the certification requirement is "unprecedented," pointing to several court orders requiring defendants to certify other relevant matters in this action.  *Id.* at 9-10.  Plaintiffs contend the court's order is "entirely reasonable" because it fills "gaping holes in the record regarding what all available reasonable steps actually are" and that the order is, as the court explained, "necessary to sharpen the focus and magnify defendants' sense of urgency to finally achieve a lasting remedy for chronic mental health understaffing in the state's prison system." *Id.* at 10 (quoting ECF No. 8291 at 65).

Similarly, plaintiffs oppose the request to stay payment of fines, relying on the "bedrock principle that 'monetary injury is not normally considered irreparable.'"  *Id.* at 6 (quoting *Doe #1 v. Trump*, 957 F.3d 1050, 1060 (9th Cir. 2020)).  Plaintiffs also contend defendants have provided no evidence to support their assertion that payment of the fines "may negatively impact the State's ability to provide necessary services," *id.* at 6 (quoting ECF No. 8311-1 at 11).  Plaintiffs argue the fines "are calculated based on the amounts already appropriated for mental health staffing but not spent due to Defendants' non-compliance with the required staffing levels" and they point to information provided by defendants that the California Legislature provided for payment of the fines in the 2024 Budget Act.  *Id.*

Plaintiffs argue defendants are "extraordinarily unlikely" to prevail on the merits of their appeal because it is undisputed that defendants have not complied with sufficiently definite and specific orders of this court.  *Id.* at 7.  Plaintiffs contend defendants will not be able to show the

/////

6

1    court abused its discretion in concluding that compliance with the staffing order is possible and

2    that defendants have not taken all reasonable steps to comply.  *Id*. at 7-8.

3         Plaintiffs contend the harm asserted by defendants is "far outweighed" by the harm to the

4    plaintiff class caused by ongoing mental health understaffing.  *Id*. at 11.  Plaintiffs also contend

5    defendants' assertion that the public interest lies with avoiding payment of the fines is without

6    merit particularly where, as here, the state Legislature has already allocated the funds to pay the

7    fines.  *Id*. at 12.  Plaintiffs further contend defendants have not even addressed the public interest

8    that lies with fulfillment of their constitutional obligations to the plaintiff class and that "[t]he

9    public indisputably has a strong interest in judicial enforcement of Constitutional rights."  *Id*.

10   Plaintiffs "do not oppose Defendants' request to waive the bond requirement."  *Id*.

11        **C.    Defendants' Reply**

12        Defendants reiterate in summary fashion the main arguments in their motion.  ECF No.

13   8336 at 2-6.  Defendants also contend plaintiffs "do not face any immediate harm" because

14   defendants will keep working on filling staffing vacancies and that "[t]he public interest is best

15   advanced by ensuring public funds are spent in a way that has been approved by the State

16   democratically elected legislature rather than by the court."  *Id*. at 5-6.

17   **III.    LEGAL STANDARDS**

18        "A request for a stay pending appeal is committed to the exercise of judicial discretion."

19   *Doe # 1 v. Trump*, 957 F.3d 1050, 1058 (9th Cir. 2020) (citing *Virginian Ry. Co. v. United States*,

20   272 U.S. 658, 672 (1926)).  The court considers four factors in weighing whether to stay its

21   orders pending appeal:  "(1) whether the stay applicant has made a strong showing that he is

22   likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay;

23   (3) whether issuance of the stay will substantially injure the other parties interested in the

24   proceeding; and (4) where the public interest lies."  *Nken v. Holder*, 556 U.S. 418, 426 (2009)

25   (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).  "The first two factors . . . are the most

26   critical."  *Id*. at 434.  The court reaches the third and fourth factors "only '[o]nce an applicant

27   satisfies the first two factors.'"  *Al Otro Lado v. Wolf*, 952 F.3d 999, 1007 (9th Cir.

28   2020) (quoting *Nken*, 556 U.S. at 434-35).  Moreover, if the moving party does not make "a

7

1    certain threshold showing regarding irreparable harm . . . then a stay may not issue, regardless of

2    the [moving party]'s proof regarding the other stay factors." *Doe #1*, 957 F.3d at 1058 (quoting

3    *Leiva-Perez v. Holder*, 640 F.3d 962, 965 (9th Cir. 2011) (per curiam)).  The threshold showing

4    required is that "irreparable injury is likely to occur during the period before the appeal is

5    decided." *Id.* at 1059.

6    **IV.    DISCUSSION**

7        **A.    Irreparable Harm**

8        Defendants assert the following as allegedly irreparable harms they will suffer if the court

9    does not stay its orders:  (1) intrusion "on state sovereignty and the separation of powers between

10   the executive and judicial branches" including by requiring waiver of available privileges; and

11   (2) court-ordered spending to increase mental health staffing "is necessarily money that the State

12   cannot spend on other priorities" that it may not be able to recoup if defendants are successful in

13   their appeal.  ECF No. 8311-1 at 11.  Neither constitutes cognizable irreparable harm.

14           **1.    Intrusion on State Sovereignty and Separation of Powers Between**
15               **Executive and Judicial Branches**

16       Defendants contend the certification requirement "intrudes on state sovereignty and the

17   separation of powers between the executive and judicial branches . . . especially . . . as this

18   portion of the order is applied to the Governor insofar as it directs how [the Governor] should use

19   his time and requires [him] to waive executive and deliberative process privileges by disclosing

20   the steps taken to address staffing."  ECF No. 8311-1 at 11.[4]  Defendants provide no authority to

21   support their sweeping and conclusory assertion that the court's certification requirement intrudes

22   on state sovereignty and the separation of powers between the executive and judicial branches of

23   government, and the court has located none.

24       The court's order decidedly does not require defendants to waive privileges to which they

25   are otherwise lawfully entitled.  It requires only that defendants certify they are staying informed

26   of fundamental data points relevant to achievement of the required staffing remedy – steps they

---

[4] It is unclear from defendants' motion whether they also seek a stay of the certification requirement as it applies to defendant Stephenshaw.  Defendants did not previously request that he be relieved of the certification obligation.

1   are obligated to take as defendants in this action – and to summarize steps they have taken to

2   advance the remedy.  Defendants have already filed one set of certifications without invoking any

3   privilege, demonstrating compliance with the court's order does not require them to waive

4   available privileges.

5          To the extent the required summary of steps taken during the preceding month would give

6   rise to one or more claims of privilege, the court's orders do not prevent defendants from

7   asserting those privileges.  Defendants' assertion that "[u]nder the Court's June 25 and 27, 2024

8   orders, the state officials may be forced to choose between waiving applicable privileges or being

9   held in contempt for failing to comply with the certification requirement" is hyperbolic and

10  speculative at best.  The standards applicable to assertion of the deliberative process privilege

11  were thoroughly discussed by Magistrate Judge Moulds in several orders he issued during the

12  three-judge court proceedings in this action and in the *Plata* class action in the Northern District

13  of California.[5]  *See generally* Sept. 10, 2008 Order; *see also* Sept. 12, 2008 Order, ECF No. 3028

14  (three judge court order denying motion for reconsideration of September 10, 2008 order).  Now,

15  as then, the deliberative process privilege is not properly invoked by the kind of blanket and

16  sweeping assertions defendants make in their motion to stay.

17         Defendants have not shown that the court's June 25, 2024 and June 27, 2024 orders

18  require waiver of privileges otherwise available to them.  Absent this showing, defendants have

19  not and cannot demonstrate they face irreparable harm from the certification requirement.

20                      **2.      Deposit of Fines**

21         Defendants also argue they are threatened with irreparable harm by the court's orders

22  requiring them to deposit accumulated fines in light of the "foreshadow[ed] additional orders that

23  will direct how the fines collected shall be spent," because these additional orders "may

24  negatively impact the State's ability to provide necessary services to its citizens."  ECF No. 8311-

25  1 at 11.  Defendants' assertion does not meet the "threshold showing" of irreparable harm

26  /////

---

[5] Now known as *Plata v. Newsom*, Case No. C01-1351 JST (N.D. Cal.).

9

1  required to support issuance of a stay, namely, that "irreparable injury is likely to occur during the

2  period before the appeal is decided." *Doe # 1*, 957 F.3d at 1059.

3          First, defendants assert only that the court's orders "may" have a negative impact on the

4  provision of State services, not that the orders are "likely" to have that impact or that such

5  speculative impacts would occur before their appeal is resolved.

6          Second, defendants concede the California Legislature has "accounted for the fines in the

7  recently-enacted 2024 Budget Act" through the following provision in the legislation signed by

8  the Governor:

9
10          Upon order of the Department of Finance, the Controller shall issue payment to the
11          United States District Court for the Eastern District of California for any fines
12          related to staffing vacancies ordered in *Coleman v. Newsom*. Payment shall be made
13          from the General Fund. The Department of Corrections and Rehabilitation shall
14          provide quarterly reports to the Joint Legislative Budget Committee on any fines
15          paid to the court pursuant to this provision. Senate Bill No. 108, sec. 201 (2024)

16  ECF No. 8311-1 at 13 (quoting Provision 13 of Item 5225-002-0001 of Section 2.00 of the

17  Budget Act of 2024).

18          Finally, the court has made clear that, pending its separate consideration of appointment of

19  a temporary receiver, the accumulated fines will be spent "to remedy the ongoing mental health

20  understaffing in the CDCR units covered by the 2009 Staffing Plan" and that proposals for

21  expenditures of fines will come from the parties, supervised by the Special Master. July 12, 2004

22  Order at 15, ECF No. 8330.  Defendants' suggestion that the court intends to arrogate to itself

23  sole decision-making regarding expenditure of the funds generated through accumulated fines,

24  ruling by fiat, is a gross mischaracterization.  And fundamentally, defendants cannot dispute they

25  are required to remedy the ongoing constitutional violation or that they must expend state funds to

26  do so.

27              **3.      Conclusion—Irreparable Harm**

28          For the reasons discussed above, defendants have not made an adequate showing of

29  irreparable harm to support their motion to stay.

30  /////

**B.    Likelihood of Success on Merits of Appeal**

Because defendants have not made the requisite threshold showing of irreparable harm, the court "may not issue" the requested stay.  *Doe #1*, 957 F.3d at 1058 (quoting *Leiva-Perez,* 640 F.3d at 965).  In an abundance of caution, the court exercises its discretion to review the second "most critical" factor, *Nken*, 556 U.S. at 434, and finds defendants have failed to make the required "strong" showing they are likely to succeed on the merits of their appeal.

There is no dispute the court's October 10, 2017 order "is sufficiently specific and definite as to its terms to support enforcement."  ECF No. 8291 at 5.  There is no dispute defendants have not "actually complied in full with the October 10, 2017 order."  *Id*.  Defendants simply have not made any showing that the court abused its discretion in finding them in civil contempt or that there are "clear errors" in the court's factual findings, let alone the "strong" showing that is required.  *Cf. F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999).  Defendants' attempt to recast their impossibility defense in arguing that the fines imposed will have no coercive effect, *see* ECF No. 8335 at 5, does not show the court's rejection of that impossibility defense was erroneous  Defendants' reliance on the Special Master's finding twenty-five years ago that "there are no clear . . . solutions to the defendants' vacancies problem," ECF No. 8336 at 5 (quoting ECF No. 1032), certainly does not show compliance with the court's order is impossible today and continues to ignore several options available to them.  *See, e.g.*, ECF No. 5711 at 25-26 (clustering of class members), 27 (higher salaries, population reduction).

Defendants have not made a sufficient showing they are likely to succeed on the merits of their appeal to support their motion to stay.

**C.    Substantial Injury/Public Interest**

Defendants have not made a sufficient showing of irreparable harm or likelihood of success on the merits to support their motion to stay.  Accordingly, the court does not reach the remaining factors.  *See  Al Otro Lado*, 952 F.3d at 1007 (quoting *Nken* at 434-35).

**D.    Conclusion—Stay Pending Appeal**

For all the foregoing reasons, defendants' July 2, 2024 motion to stay is DENIED.

11

1    **V.    SUPERSEDEAS BOND**

2    Defendants ask the court to waive the supersedeas bond requirement of Federal Rule of

3    Civil Procedure 62(b).  ECF No. 8311-1 at 12.  Plaintiffs do not oppose this request in the event

4    the court stays its order.  ECF No. 8320 at 10.

5    "Under Fed. R. Civ. P. 62([b]), an appellant may obtain a stay as a matter of right by

6    posting a bond acceptable to the court."  *Matter of Combined Metals Reduction Co.*, 557 F.2d

7    179, 193 (9th Cir. 1977).  Where, as here, the party seeking a stay does not post a supersedeas

8    bond and instead requests waiver of the bond requirement, the decision whether to grant or deny a

9    stay is "a matter strictly within the judge's discretion."  *Id.*; *see also Am. Civ. Liberties Union of*

10   *Nev. v. Masto*, 670 F.3d 1046, 1066 (9th Cir. 2012) (same).

11   "A party seeking a departure from the normal requirement of a full security supersedeas

12   bond bears the burden of showing reasons for such a departure."  *Lewis v. Cty. of San Diego*, No.

13   13-CV-02818-H-JMA, 2018 WL 1071704, at *2 (S.D. Cal. Feb. 27, 2018) (citations omitted).

14   Courts consider several factors, including "(1) the complexity of the collection process; (2) the

15   amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of

16   confidence that the district court has in the availability of funds to pay the judgment; (4) whether

17   the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of

18   money; and (5) whether the defendant is in such a precarious financial situation that the

19   requirement to post a bond would place other creditors of the defendant in an insecure position."

20   *Hardesty v. Sacramento Metro. Air Quality Mgmt. Dist.*, No. 10-02414, 2019 WL 2715616, at *4

21   (E.D. Cal. June 28, 2019) (quoting *Lewis*, 2018 WL 1071704, at *2).

22   Defendants contend they "can promptly pay the full amount of the contempt fine once the

23   appeal is resolved," pointing to language in the recently signed Budget Act of 2024, which

24   requires the Controller of the State of California to issue payment of "any fines related to staffing

25   vacancies ordered" in this case "[u]pon order of the Department of Finance."  ECF No. 8311-1 at

26   13 (quoting Provision 13 of Item 5225-002-0001 of Section 2.00 of the Budget Act of 2024).

27   Defendants also contend federal law precludes the state from filing bankruptcy, so "[a] bond

28   pending appeal is therefore unnecessary because there is no risk the State could declare

1    bankruptcy to evade or reduce its obligation, and the cost of obtaining a bond would further

2    deplete already scarce State resources." *Id*. at 13-14.

3           It is unclear whether these factors and arguments are relevant, as the court has already

4    determined defendants are not entitled to a stay under the traditional four-factor test described in

5    *Nken*, 556 U.S. at 426.  Because defendants have requested a waiver of the supersedeas bond

6    instead of posting one, as noted, the question of the propriety of a stay is "strictly within [this

7    court]'s discretion."  *Matter of Combined Metals Reduction Co.*, 557 F.2d at 193.  Where, as here,

8    defendants have not made the showing required by *Nken*, it is not at all clear the court can

9    exercise its discretion to waive the supersedeas bond requirement, because in that circumstance

10   defendants would in effect have obtained an unsecured stay without showing any likelihood of

11   irreparable harm or success on the merits, contrary to *Nken*.  The court need not dwell on this

12   issue, however, as defendants have not presented sufficient evidence that the fines will be paid

13   notwithstanding "scarce State resources" to give this court the required "degree of confidence"

14   necessary to support waiver of the bond requirement, nor have they presented any evidence of

15   their costs associated with obtaining a bond.  Plaintiffs' non-opposition to the waiver is

16   conditioned on the court otherwise deciding to grant a stay; for the reasons explained in this

17   order, under a straightforward traditional analysis the motion for stay is without merit.

18          For all these reasons, the court declines to waive the supersedeas bond requirement.  This

19   part of defendants' motion is DENIED without prejudice to its renewal for approval of a

20   supersedeas bond in a particular amount with full justification, but without any further delays.

21   Any renewal of the motion is of course subject to full compliance with Federal Rule of Civil

22   Procedure 11.

23   **VI.    CONCLUSION**

24          In accordance with the above, IT IS HEREBY ORDERED that defendants' July 2, 2024

25   motion to stay and for waiver of supersedeas bond, ECF No. 8311-1, is DENIED.

26   DATED:  July 24, 2024.

CHIEF UNITED STATES DISTRICT JUDGE