```
                    IN THE UNITED STATES DISTRICT COURT
                       EASTERN DISTRICT OF CALIFORNIA


   Ralph Coleman, et al.,
           Plaintiffs,               Sacramento, California
                                     No. 2:90-cv-00520
   vs.                               Wed., July 10, 2024
                                     11:05 a.m.
   Gavin Newsom, et al.,
           Defendants.
   _____/

                          TRANSCRIPT OF HEARING
         BEFORE THE HONORABLE KIMBERLY J. MUELLER, CHIEF JUDGE
                               ---oOo---

   APPEARANCES:

     For the Plaintiffs:             Rosen, Bien, Galvan and
                                     Grunfeld, LLP
                                     101 Mission Street
                                     Sixth Floor
                                     San Francisco, CA  94105
                                     By:  Ernest Galvan
                                          Michael Bien
                                     Attorneys at Law


     For the Defendants:             Hanson Bridgett, LLP
                                     1676 N. California Blvd.,
                                     Suite 620
                                     Walnut Creek, CA  94596
                                     By:  Paul B. Mello
                                     Attorney at Law


   (Appearances continued on following page)



     Official Court Reporter:        Kimberly M. Bennett,
                                     CSR, RPR, RMR, CRR
                                     501 I Street
                                     Sacramento, CA 95814



   Proceedings recorded by mechanical stenography, transcript
   produced by computer-aided transcription
```

```
 1                       APPEARANCES CONTINUED
 2
     For the Defendants:            Office of the Attorney
 3                                  General
                                    1300 I Street, Suite 125
 4                                  Sacramento, CA  94244
                                    By:  Elise Owens Thorn
 5                                  Deputy Attorney General

 6
     For the Defendants:            Office of the Attorney
 7                                  General
                                    455 Golden Gate Ave.
 8                                  Suite 11000
                                    San Francisco, CA  94102
 9                                  By:  Damon Grant McClain
                                    Deputy Attorney General
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1             (Call to order of the court, 11:05 a.m.)
2             THE CLERK:  Calling civil case 90-520, Coleman, et
3    al. versus Newsom, et al.
4        This is on calendar for a status conference.
5             THE COURT:  All right.  Good morning.
6        Appearances, please, for plaintiffs.
7             MR. BIEN:  Good morning, Your Honor.  Michael Bien
8    and Ernest Galvan for plaintiffs.
9             THE COURT:  Good morning to each of you.
10       And for the defense.
11            MR. MELLO:  Good morning, Your Honor.  Paul Mello,
12   Damon McClain, and Elise Thorn for defendants.
13       We are joined by Legal Affairs Secretary David Sapp.
14            THE COURT:  All right.  Good morning to you all.
15       On the phone, the special master is monitoring the hearing.
16       Just checking, Special Master Lopes, you are able to hear?
17            MR. LOPES:  Yes, Your Honor.
18            THE COURT:  All right.  All right.
19       All right.  I wanted to get some clarification on the
20   parties' stipulated request filed on July 5th, Docket No. 8319,
21   because certain things were not clear to me.
22       And I just want to clarify the ground rules here.  I think
23   I've tried to say this before, but maybe not as clearly as
24   possible.
25       So for the defense team, if an answer -- if a question that

1  the Court asks calls for substantive information about the
2  case, I want to hear from the attorney most familiar with the
3  substance.  I understand that everything is potentially
4  appealable here.  I don't think a semicolon has yet been
5  appealed but I'm waiting for that day.  I will always let the
6  person who is the lead appellate attorney make an appellate
7  record, but I want to hear first about substance if the
8  question calls for that.
9      So I sua sponte identified those I thought should be here
10 today.  Anyone else was welcome, of course.  So please keep
11 that in mind when I ask a question.
12     So I understand the parties' stipulation is tied to the
13 Court's plan to issue an order clarifying disbursement of funds
14 and, you know, whatever may follow that.  I'm going to get to
15 that order.  That order is being finalized and will be issued
16 soon.  But it's -- as the Court had seen what's happening on
17 the docket, there has been a shifting landscape there.  But in
18 the Court's mind, the order to disburse funds -- the order
19 clarifying the way funds will be disbursed isn't necessarily
20 linked to the obligation to deposit the funds, and so I just
21 wanted to understand.
22     I realize in the parties' minds practically speaking those
23 may be bundled up, but unless or until the contempt is
24 resolved, I'm not seeing why I would hold off on, at my level,
25 confirming the funds should be disbursed.  I think the state

1    has anticipated that.  I can take notice of budget language

2    that seems to acknowledge that obligation.  Even lack of funds

3    would not be a reason not to deposit the funds.  So in the

4    Court's mind, those two things are separable and I'm issuing

5    two separate orders.

6        Anything to say about that?  Mr. Bien?

7            MR. BIEN:  Your Honor, first we -- we do feel that we

8    will be successful in defending the Court's order in the Ninth

9    Circuit both in terms of a stay and on the merits.

10       We do feel that -- as was evident in defendants' briefing

11   to the Ninth Circuit that the -- as an argument that the order

12   is -- should be -- the two orders should be reviewed together,

13   and that what the Court intends to do with the fines and how

14   they will be used when it's an open question confuses the issue

15   and we felt it would be better to have it done all at once and

16   have a more complete record.

17       I agree that it's -- I understand the Court's position that

18   money should be deposited first and it is a separate issue, but

19   we do feel that it would be a more fulsome record in the Ninth

20   Circuit to have it all together.  That's why we agreed to this.

21           THE COURT:  All right.  Who is going to respond to

22   this for the defense?

23           MR. MELLO:  I will, Your Honor.

24           THE COURT:  All right.

25           MR. MELLO:  Thank you.

1      So I guess there are two moving parts here.  First is
2  defendants filed a motion to stay and request for waiver of the
3  bond requirement.  Then the parties met and conferred and
4  proposed a stipulation.  So they are related, of course.  But
5  if the Court chooses not to grant a stay or waive the bond
6  requirement, as defendants have made clear, they will go to the
7  Ninth Circuit and seek a stay.
8      And so I think they -- that is the reason why the parties
9  -- or a fulsome record, as Mr. Bien suggested, and also so that
10 the issue could be teed up for the Ninth Circuit if the Court
11 either denies the motion to stay or does not adopt the parties'
12 stipulation.  I think it -- you know, it necessitates a review,
13 and that's what we've tried to be transparent about, all along,
14 that we're going to seek a stay.
15     So of course the Court can rule on the stipulation and can
16 rule on the motion, we would just like the opportunity to have
17 enough time, then, to seek relief from the Ninth Circuit as we
18 have made clear.
19     And I won't argue the merits of whether we think we're
20 going to succeed at the Ninth Circuit or not because it's in
21 our briefing.
22         THE COURT:  I'm not making any assumptions on that
23 point.  I'm just doing my job here as a trial judge.  And
24 that's why I want to hear from people who can talk to the trial
25 judge when it's necessary.

1     So the 25 days, is that adding up time periods in the FRAP?

2              MR. MELLO:  That was the -- that was a day that was
3     negotiated between the parties.  It happened very quickly.
4     Last week was a strange week with the holiday in the middle.
5     And that was the date that we mutually arrived at to allow
6     sufficient time for this Court to rule on a motion to stay and
7     for it to be briefed in the Ninth Circuit if necessary.  That's
8     why we chose 90 -- 25 days, to provide sufficient time for
9     review and briefing.

10             THE COURT:  So as of today does -- the 25 days from
11    the Court's issuance of its forthcoming order, does that still
12    make sense, the 25 days?  I just want to make certain I
13    understand where that number came from.

14             MR. MELLO:  It came from 25 days after the Court
15    issues the subsequent order.  Correct.

16             THE COURT:  All right.  So you would still say that's
17    the right amount of time?

18             MR. MELLO:  Yes.

19             THE COURT:  All right.

20        So on the stipulation regarding substitutes for
21    certification.  So if the Court approves a senior official
22    substituting in -- I see Mr. Sapp has substituted in on the --
23    under the current provisions -- it's agreed the governor is
24    still bound by whatever that senior official certifies to the
25    Court?

1            MR. MELLO:  I believe that's what the Court's order
2   said, and that's what is implied in the stipulation.
3            THE COURT:  But that -- but defense -- that is the
4   defense position --
5            MR. MELLO:  Yes.
6            THE COURT:  -- that the governor is bound by a senior
7   official to whom he delegates?
8            MR. MELLO:  Correct.
9            THE COURT:  All right.  I see Mr. Sapp nodding his
10  head.  All right.
11     Regarding relieving Director Clendenin, do the plaintiffs
12  agree there is no potential role here for Director Clendenin in
13  ultimately solving the staffing problem if the purpose of
14  having her certify is to focus a mind on a regular basis?
15           MR. BIEN:  We've been thinking about that.  And I
16  could see an argument -- obviously, every defendant is
17  responsible for complying with all the Court's orders --
18           THE COURT:  Correct.
19           MR. BIEN:  -- and one of the problems that's evident
20  here is that everyone is doing their job but the job is not
21  getting done, so something different needs to happen.
22     Certainly, defendant Clendenin controls the agency that
23  hires the largest number of mental health clinicians in the
24  state and may know something about it and have experience and
25  be directly involved, but it does seem that removing the

1  certification requirement didn't seem to us to remove the
2  obligation of defendant Clendenin to comply with the orders and
3  she's certainly on notice.  It's not our intent that she is
4  excused.
5       And I think in -- if nothing happens, if the state
6  continues business as usual, then we will suggest additional
7  proceedings that would involve all defendants in terms of what
8  they're doing.  But I do think -- we didn't see that it was
9  make or break to have her do a certification at this point.
10             THE COURT:  All right. Understood.  That's helpful.
11       Anything to add for the defense?
12             MR. MELLO:  Just that the parties stipulated that she
13  had no role with respect to CDCR staffing, and this contempt
14  order is with respect to CDCR staffing, and so the parties
15  thought in the stipulation that it was unnecessary for her to
16  sign a stipulation with respect to something that is not under
17  her control.
18       So other than that, nothing further.
19             THE COURT:  All right.
20       And then on certification, which I did consciously not
21  include in the temporary stay affected through the minute
22  order, I understand the circuit acted after the certifications
23  were provided to the Court earlier this week.
24       So here is my question on certifications.  Let's just
25  assume -- I think I'm persuaded.  Let's assume I relieve

|     |     |
| --- | --- |
| 1   | Dr. Clendenin of the obligation to certify.  Certification is |
| 2   | foundational to confirming the record with respect to the basis |
| 3   | for fines confirming noncompliance, or maybe one of these days |
| 4   | compliance.  It seems to me the certified information, which |
| 5   | I'm not receiving in the identical form any place else -- |
| 6   | right?  That's one of my assumptions -- why would I relieve the |
| 7   | parties of the obligation to file the certifications? |
| 8   |    Let's just assume there's a possibility defendants don't |
| 9   | succeed in their appeals.  The record would provide at that |
| 10  | point for prompt implementation.  Help me understand what |
| 11  | the -- how burdensome can it be, unless the defense is just |
| 12  | assuming they're going to win on appeal, blow up the case, this |
| 13  | is critical data at this point. |
| 14  |    Plaintiffs' views on that? |
| 15  |      MR. BIEN:  The -- you don't have a certification |
| 16  | requirement from -- in the order from the secretary of the |
| 17  | Department of Corrections or Dr. Meta, for example.  So it |
| 18  | wasn't clear to us exactly -- we were proceeding with |
| 19  | certification as -- as making sure that the other defendants |
| 20  | were also taking their responsibility seriously to assist CDCR |
| 21  | in achieving this compliance with this goal. |
| 22  |      THE COURT:  So is that a request that I amend the |
| 23  | order and require different persons to certify? |
| 24  |      MR. BIEN:  I mean, I think that -- that the -- |
| 25  |      THE COURT:  Or your earlier position that everyone is |

1  on the hook already and they shouldn't --
2          MR. BIEN:  Well, I think they -- I think everyone is
3  on the hook already.
4          THE COURT:  They're on the hook, but who -- I'm not
5  receiving any document right now that contains the same
6  information compiled in the same way that I've asked for with
7  the certifications.  Do I have that right?
8          MR. BIEN:  By "the certifications" you mean what
9  steps are they taking to come into compliance with the order?
10          THE COURT:  Correct.
11          MR. BIEN:  Yeah.  I don't think that there is a
12  document like that.  You're -- you're correct.  But you also
13  have not asked -- you have not ordered at this point that CDCR
14  provide such a document.  You got it from the governor's office
15  now.
16          THE COURT:  I was trying to go to where the buck
17  stops.
18          MR. BIEN:  Yes.
19          THE COURT:  I mean, for me it might be sufficient to
20  have only the governor or his delegate provide the
21  certification.
22          MR. BIEN:  Right.
23          THE COURT:  Director Stephenshaw hasn't asked to be
24  relieved, right?
25          MR. BIEN:  He has not asked, no.

1           THE COURT:  But on the -- the point -- the plaintiffs
2    are agreeable to lifting the certification requirements pending
3    resolution on appeal, do I have that right?
4           MR. BIEN:  No.
5           THE COURT:  I'm just trying to understand --
6           MR. BIEN:  No.  We did not agree to that.
7           THE COURT:  All right.  I thought you ultimately had.
8           MR. BIEN:  We said -- I think at the end of paragraph
9    4 --
10          THE COURT:  A temporary stay.
11          MR. BIEN:  Just temporary, until -- but the
12   certification requirements as modified shall remain in place
13   unless the Court grants defendants' currently pending stay
14   motion --
15          THE COURT:  Got it.  Okay.
16      And then the parties' request to modify the monthly
17   certification requirements, is that simply relieving Director
18   Clendenin?
19          MR. BIEN:  And the governor -- and Governor Newsom.
20          THE COURT:  And allowing for the substitution?
21          MR. BIEN:  Yes.
22          THE COURT:  All right.
23          MR. BIEN:  I'm sorry that wasn't clear.
24          THE COURT:  All right.  Maybe my question wasn't
25   clear.

1      So you agree with the extent of the parties' stipulation on
2  this?  This is for Mr. Mello.
3            MR. MELLO:  The parties' stipulation provided that
4  the time to file the certifications would be due ten days after
5  it was fully adjudicated, motions for stay.  Right?  That's
6  what it says --
7            THE COURT:  In this court.
8            MR. MELLO:  In both courts, actually.  If you read
9  their opposition to our -- their partial opposition to our
10  motion to stay, they say that.
11      If the --
12            THE COURT:  I'm just looking at the stipulation right
13  now.
14            MR. MELLO:  Okay.  Well, the stipulation says ten
15  days after it's fully adjudicated, I believe.  Whether it's
16  adjudicated in -- again, I think the intent was in both this
17  court and the Ninth Circuit on the stay would --
18            THE COURT:  So where is that language?  What page and
19  line?
20            MR. MELLO:  So I am looking at --
21            THE COURT:  Page 2, line 18?
22            MR. MELLO:  Yeah.  And I'm also looking at ECF 8320,
23  Plaintiffs' Opposition -- Partial Opposition to the Motion To
24  Stay, Footnote 2.  It reads, "Plaintiffs stipulated to a short
25  stay of the certification requirements until --" pardon me --

1   "until 10 days after the adjudication of Defendants' pending
2   stay motion (and any follow-on stay motion they may make in the
3   Ninth Circuit) and the Court's ruling on the parties' July 5th
4   stipulation.  See ECF 8319 at paragraph 4."
5              THE COURT:  All right.  Again, I'm just thinking
6   about the stipulation, which is why I granted the additional
7   stay through Friday.
8       So it's fair to read "fully adjudicated" as adjudicated on
9   appeal as well, Mr. Bien?
10             MR. BIEN:  No.  I think the certification -- we
11  separated the fines from the certification.  So then in
12  paragraph 4 -- well, I guess -- I guess --
13             THE COURT:  I mean paragraph 4 doesn't include "fully
14  adjudicated," the language Mr. Mello points to does.
15      I was just -- again, I'm just trying to clarify the extent
16  of the stipulation and whether or not a carveout makes sense
17  for certifications.
18             MR. BIEN:  Yeah.  Well, first of all, you know,
19  that's kind of moot since defendants filed their July
20  certifications.  We're talking about the ones for August now.
21             THE COURT:  Right.
22             MR. BIEN:  Right.  And so my understanding of the
23  stipulation is that we -- we -- we agreed to postpone the
24  payment of the fines but did not agree to postpone the
25  certifications as modified.

1          THE COURT:  All right.  Those are all my questions on
2   this stip.
3      I did have a question based on the -- my initial cursory
4   review of the certifications filed this week.
5      Is there anything else you want me to know about the
6   stipulation filed at 8319 on July 5th?  Mr. Bien?
7          MR. BIEN:  No, Your Honor.
8          THE COURT:  Mr. Mello?
9          MR. MELLO:  No more questions about the stipulation
10   or information for you.
11          THE COURT:  All right.
12      So in terms of the order clarifying disbursement.  Here --
13   this is not a bench order, but I am giving you the courtesy of
14   a headline as to where I am going.  Unless or until you see the
15   order, it's not final, but this is my tentative.
16      I am going to direct deposit of the funds.  That's my
17   tentative.  I am then going to order a process whereby the
18   parties, within a relatively short period of time, provide a
19   joint report to the Court on how funds initially should be
20   disbursed to achieve the staffing remedy, including the
21   parties' own views on waivers.  You know, I wondered whether or
22   not I should just go ahead and direct waivers now but I'm going
23   to let you weigh in on that.
24      So the parties, within a short period of time, will propose
25   expenditure of funds.  Unless or until a further court order,

1   the special master will be identified as the administrator for
2   the purpose of disbursing the funds, but at the same time that
3   I'm issuing this order to put in place a process so that there
4   is no delay, at least occasioned by this Court, in achieving
5   the staffing remedy.
6       I'm also going to issue an order to show cause.  And I have
7   thought long and hard about this, as I have every step of the
8   way in this case.  This Court has a very long fuse; perhaps too
9   long a fuse.  But when I look at the totality of the record
10  here, and when I look at some of the information in the
11  certifications to this Court, I cannot conclude but that the
12  defendants do not properly respect the authority of this Court
13  and this Court's orders -- this Court and prior Court's orders
14  preceding me.  I cannot conclude defendants respect the law of
15  the case.
16      The suggestion that this Court has said no to
17  telepsychiatry is misguided and misleading.  It does not
18  recognize the way to get that issue before this Court.  This
19  Court is completely open to expansion of telepsychiatry, and to
20  say anything other than that is pure poppycock, to be polite.
21      So because I can't conclude that the defendants respect
22  their obligation to bring this case home, at least the way the
23  case is being presented to this Court, this Court has an
24  obligation to bring this case home.
25      And I've looked at it.  I see the policy bells and whistles

1   about Connect and Prop. 1, but I'm not seeing any direct line
2   between those and prison mental health.  And I understand that
3   that prison mental health class, the Coleman class, is
4   politically unpopular, but that class has constitutional rights
5   which have been vindicated through this case.  And it is a
6   measure of a civilized society to recognize that the least
7   among us deserve minimally adequate care as provided by the
8   Constitution and actual provision of that care.
9       So my conclusion at this point is the way that the Court
10  can accomplish that is to appoint its own receiver.  My order
11  to show cause will give the parties a chance to tell me why I
12  should not do that for the mental health case that is before
13  this Court.
14      So that's your courtesy notice.  I'm hoping you see the
15  order and order to show cause by the end of this week.  And in
16  the meantime I will address whether or not the stay in effect
17  in this court continues past the 12th.  And I will move as
18  quickly as possible to resolve the urgently pending motions
19  before me.
20      So with that, we are in adjournment.
21              (Proceedings adjourned, 11:31 a.m.)
22                          ---oOo---
23
24
25

1   I certify that the foregoing is a correct transcript from the

2   record of proceedings in the above-entitled matter.

3

4                       <u>/s/ Kimberly M. Bennett</u>
                        KIMBERLY M. BENNETT
5                       CSR No. 8953, RPR, CRR, RMR