Rob Bonta, State Bar No. 202668
Attorney General of California
Monica N. Anderson, State Bar No. 182970
Senior Assistant Attorney General
Damon McClain, State Bar No. 209508
Supervising Deputy Attorney General
Elise Owens Thorn, State Bar No. 145931
Namrata Kotwani, State Bar No. 308741
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7318
  Fax: (916) 324-5205
  E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

HANSON BRIDGETT LLP
LAWRENCE M. CIRELLI, SBN 114710
PAUL B. MELLO, SBN 179755
SAMANTHA D. WOLFF, SBN 240280
KAYLEN KADOTANI, SBN 294114
DAVID CASARRUBIAS-GONZÁLEZ, SBN 321994
MOLLIE H. LEVY, SBN 333744
SAMANTHA M. BACON, SBN 351561
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:   415-777-3200
Pmello@hansonbridgett.com
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, et al.<br><br>Defendants. | Case No. 2:90-CV-00520- KJM-DB<br><br>**DECLARATION OF DIANA TOCHE, D.D.S., IN SUPPORT OF PARTIES' JOINT STATEMENT RE RESPONSE TO ORDER TO SHOW CAUSE RE APPOINTMENT OF RECEIVER**<br><br>Judge:   Hon. Kimberly J. Mueller |

I, Diana Toche, declare as follows:

1. I am the Undersecretary of Health Care Services for the California Department of Corrections and Rehabilitation (CDCR), a position I have held since May 2014. Immediately before this appointment, I served as CDCR's Undersecretary of Administration and Offender Services, a position I held from February 2013 to July 2015. I am a doctor of dental surgery by education, training, and previously worked in private practice for two years and for seventeen years for a P.L. 93-638 Program that contracted with the Indian Health Service to provide services in the state's Central Valley. I have been employed by and have served CDCR for approximately fifteen years. I submit this declaration in support of the parties' Joint Statement re Response to

1  Order to Show Cause re Appointment of Receiver.

2      2.    I have personal knowledge of the facts set forth herein, except as to those stated on
3  information and belief and, as to those, I am informed and believe them to be true. If called as a
4  witness, I could and would competently testify to the matters stated herein.

5      3.    As Undersecretary of Health Care Services, I oversee the work of more than 1,700
6  clinicians in CDCR's Mental Health Services Delivery System (MHSDS), as well as dozens of
7  clinical staff who serve in headquarters or regional roles. I share oversight of CDCR's healthcare
8  delivery system with J. Clark Kelso, who oversees a number of statewide medical care functions
9  as well as the medical care systems at eight CDCR institutions. Since his appointment as Receiver
10 in *Plata*, Mr. Kelso has delegated control over the medical care at twenty-six CDCR institutions
11 back to CDCR, which I now oversee.

12     4.    Because of the nature of the position of Undersecretary of Health Care Services,
13 with related but different areas of oversight over the services and care that is delivered to over
14 90,000 patients across CDCR's 33 institutions, it is critical that Mr. Kelso and I work in close
15 coordination. Our decisions must be consistent, thoughtful, aligned, and effective. After all, there
16 are not distinct medical and mental health patients; rather, there is just one system and one set of
17 patients and their care must be well-coordinated. To that end, Mr. Kelso and I are in close and
18 constant communication. We both work out of CDCR's/CCHCS's Elk Grove headquarters and
19 conduct a weekly, in-person leadership meeting with our shared direct reports to ensure our
20 decisions are aligned. We have developed a strong working relationship where we are supportive
21 of one another, responsive, and collaborative. As the Undersecretary, it is my opinion that it is
22 very helpful for a receiver to be based at CDCR's/CCHCS's Elk Grove headquarters to be
23 successful. Leading an executive team, providing direction and guidance to a staff of nearly 2,500
24 employees and overseeing the care of almost 35,000 patients cannot be done as effectively
25 remotely.

26     5.    Having worked together for approximately 15 years, I have observed Mr. Kelso
27 transform the care that is provided to CDCR's patients. He has created an entire infrastructure and
28 medical care delivery system from the ground up. He works closely with internal and external

stakeholders and has developed solid relationships across and within State agencies that have enabled him to build consensus and implement effective and lasting reforms. I have found him to be a thoughtful, collaborative, and effective leader who is eager to identify and address any systemic shortcomings. He is also flexible and willing to adopt or adapt, as appropriate, policies and programs based on feedback from stakeholders. He has a proven track record of success and knows how to work within State rules to effect important and lasting institutional reform – which is no easy task.

6. Mr. Kelso has also spent years building a critical infrastructure within the California Correctional Health Care Services agency, which now boasts robust administrative, legal, and quality management departments, among other critical roles. If he were to be appointed as Receiver in *Coleman*, I have no doubt that he would be able to quickly hit the ground running without losing critical time creating a new department and system from scratch. He would draw on his vast experience, expertise, and knowledge to complete the work of building and operating a mental health care system that satisfies constitutional obligations.

7. I am concerned, however, that if someone other than Mr. Kelso were appointed as Receiver in this case, it would result in confusion, inconsistencies and inefficiencies. It would certainly delay the ultimate resolution of this case as a new receiver, unfamiliar with the current system and division of labor, would necessarily undergo a steep learning curve. And having two receivers in charge of a system that serves the same patient population, each trying to address a number of areas that are likely to overlap (including with respect to staffing and hiring, medication management and distribution, and nursing, among others), would create delays, inconsistent and conflicting policies, and ultimately lead to the creation of a more complicated bureaucracy that would be more difficult for CDCR to ultimately resume control over.

8. For these reasons, I strongly support the appointment of Mr. Kelso as Receiver, should he accept that role. I look forward to continuing our work together to improve the care delivered to all persons incarcerated within CDCR.

/ / /

/ / /

1  I declare under penalty of perjury under the laws of the United States of America that the
2  foregoing is true and correct.
3  Executed on this 2nd day of August, 2024, at Folsom, California.

/s/ Diana Toche
Diana Toche