DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

CLAUDIA CENTER – 158255
DISABILITY RIGHTS EDUCATION
AND DEFENSE FUND, INC.
Ed Roberts Campus
3075 Adeline Street, Suite 210
Berkeley, California 94703-2578
Telephone: (510) 644-2555

MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
LISA ELLS – 243657
JENNY S. YELIN – 273601
THOMAS NOLAN – 169692
MICHAEL S. NUNEZ – 280535
MARC J. SHINN-KRANTZ – 312968
ALEXANDER GOURSE – 321631
BENJAMIN W. HOLSTON – 341439
MAYA E. CAMPBELL – 345180
LUMA KHABBAZ – 351492
JARED MILLER – 353641
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>GAVIN NEWSOM, et al.,<br><br>  Defendants. | Case No. 2:90-CV-00520-KJM-DB<br><br>**DECLARATION OF MICHAEL W. BIEN IN RESPONSE TO ORDER TO SHOW CAUSE RE: RECEIVERSHIP**<br><br>Judge: Hon. Kimberly J. Mueller |

I, Michael W. Bien, declare:

1. I am a member of the Bar of this Court and lead counsel for the plaintiff class in the above-entitled action. I make this Declaration in response to the Court's July 12, 2024 Order, ECF No. 8330, ordering the parties to show cause why a receiver should not be appointed "for completion of all tasks necessary for the implementation of the remedy in this action." I have personal knowledge of the matters testified to herein and if called as a witness I could competently so testify.

2. I have been personally involved in the remedial and enforcement process in this litigation from the inception. I share the Court's frustration with Defendants' slow progress in remediating the ongoing Constitutional violations and implementing the remedial plans. I also agree that the continued delays in achieving compliance have caused and continue to cause serious and substantial harm to the plaintiff class, including unnecessary and avoidable pain, suffering and death. On one hand, we have come so far—we have agreed on almost all policies, procedures and staffing necessary to remediate the Constitutional violations. On the other hand, progress has stalled—we are spending too much time in fierce litigation, which has itself become an obstacle to working together towards completing implementation of the Program Guide so that a durable and sustainable remedy can be achieved. The current structure of the case is not working, for many reasons. I agree with the Court that at this point, there is "no option" other than appointment of a receiver who can provide "professional, neutral leadership, external to the named defendants and their institutions." ECF No. 8330 at 10, 14. I strongly believe that the structure of a receivership—with the Court's guidance and oversight—will finally turn the tide in this case and bring long-needed relief to our more than 30,000 clients in CDCR.

3. While we disagree with Defendants and believe the Court should appoint a Receiver regardless of who is selected, I strongly recommend J. Clark Kelso, the current *Plata* Receiver, as the best choice.

4. As lead counsel in this case and in the related disability rights class action

before Northern District of California Judge Claudia Wilken, *Armstrong v. Newsom,* N.D. Cal. Case No. 4:94-cv-02307-CW, I have closely followed developments in the related *Plata* litigation and regularly review pleadings, orders, and progress reports. *Plata* and *Coleman* were, of course, addressed together by the three-judge Court addressing population. Many remedial issues in *Coleman* over the years were coordinated with *Plata* or delegated to the *Plata* Receiver, such as Pharmacy and Medication Distribution, Medical Records, certain health care construction, and the hiring and supervision of nursing staff. During the Covid pandemic, the interaction between the three Courts and their remedial processes was critical and effective in saving lives and assuring that the needs of class members in all three cases were addressed. I regularly attended *Plata* Case Management Conferences and meetings chaired by the *Plata* Receiver or his staff and was permitted to raise issues on behalf of the *Coleman* and *Armstrong* classes.

5.   All members of the *Armstrong* and *Coleman* classes also regularly receive medical services through the *Plata* Receivership. Our firm has had online access to class members medical records for a number of years, allowing us to closely monitor our clients' medical and mental health care. The advent of the electronic medical records system—implemented under the *Plata* Receivership—has been a tremendous value to our clients and us, ensuring better continuity and consistency in their care.

6.   I have regularly personally observed and interacted with the Mr. Kelso, in various meetings and hearings, since his appointment and have formed an opinion about his skills, abilities and judgment.

7.   Based on my experience in this litigation, as well as my personal knowledge of and experience with the *Plata* Receivership, I fully support this Court's decision to appoint a receiver to complete all tasks necessary to implement the remedy in this case. We need a different remedial process where decisions can be made promptly with a focus on implementing the remedy rather than on "winning" or "losing" each battle. Defendants have also been unable to prioritize the *Coleman* remedy in the state governmental political process, as evidenced by the ongoing inability to address the mental health staffing crisis.

8. In my opinion, the Court should appoint Mr. Kelso (assuming that the *Plata* Court and Mr. Kelso agree) as the Receiver in *Coleman*. Mr. Kelso has demonstrated the skills, knowledge and abilities to develop and implement a complex remedy. He has the confidence and positive working relationships not only with the parties and their attorneys, but also with other parts of state government that are necessary to complete the *Coleman* remedial process. He is an effective leader, but also respects the authority and direction of the *Plata* court, and I have no doubt he would do the same for this Court.

9. The advantages of asking Mr. Kelso to take on this role are many: First, the remedy in *Coleman* has been long delayed and a different person serving as the Receiver would be required to spend a significant amount of extra time "getting up to speed" on CDCR, the mental health services delivery system, the players, and the history of the case. Mr. Kelso, aided by the Special Master and his experts, will be able to hit the ground running. As a result, Mr. Kelso has the ability to finally achieve implementation of several key areas that remain to be remediated in this case, including filling mental health provider vacancies, finalizing remediation of the data system and Defendants' self-monitoring tool (CQIT), and ensuring that Lindsay Hayes's remaining suicide prevention measures are completed. Second, appointing Mr. Kelso would further the important goal of establishing a functional, durable, and sustainable unified health care system for CDCR. Mr. Kelso is already familiar with the coordination process between the three courts and can present issues that raise potential conflicts or concerns between the cases to the judges to be resolved.

10. Third, and perhaps most importantly, through my numerous interactions with Defendants over many years, I have come to understand and believe that Defendants prefer a receivership model, that Defendants believe that the *Coleman* remedial process would benefit from the appointment of Mr. Kelso as the receiver, and that they have a positive working relationship with Mr. Kelso. Defendants' trust of Mr. Kelso and his abilities and judgment based on his existing relationships, including the highest officials in the Department, will drastically change the dynamic of this case. My opinion is that if the

Court appoints Mr. Kelso as *Coleman* Receiver, Defendants' trust in him will allow the parties and the Court finally to shift their focus to fixing the problems and ending this case rather than engaging in constant litigation.

11. We would of course cooperate with and respect the authority of any receiver appointed by the Court.  But I doubt that any other individual would be able to achieve remediation as swiftly and on the timetable we and the Court agree is necessary.  Our clients have suffered with an unconstitutional mental health care system for too long, and we are ready for that to change.

12. Nonetheless, I strongly support the appointment of a receiver by the *Coleman* Court whether or not the receiver appointed is Mr. Kelso.  It is time to try a different remedial process and for the reasons stated above, a receivership is, in my opinion, the right tool to utilize at this time to most rapidly implement the *Coleman* remedy and achieve the long-delayed goal of a mental health delivery system that meets constitutional standards.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed at San Francisco, California this 1st day of August, 2024.

　　　　　　　　　　　　　　　　　　　　*/s/ Michael W. Bien*
　　　　　　　　　　　　　　　　　　　　Michael W. Bien