UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No. 2:90-cv-0520 KJM SCR P |
| Plaintiffs, | ORDER |
| v. | |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

This matter is before the court on plaintiffs' motion for clarification of the court's August 23, 2023 order, ECF No. 7924, requiring defendants to adopt and implement in the California Department of Corrections and Rehabilitation (CDCR) psychiatric inpatient programs (PIPs) the minimum treatment standards in the Department of State Hospitals (DSH) continuous quality improvement (CQI) process previously approved by the court, ECF No. 8207.  This dispute arose during the data remediation process; the court must resolve it for key indicators related to PIP treatment standards to be completed.  Defendants oppose plaintiffs' motion, ECF No. 8226, and plaintiffs have filed a reply, ECF No. 8230.  This order resolves plaintiffs' motion and signals future actions the court is contemplating to expedite data remediation.

I.    **PLAINTIFFS' MOTION TO CLARIFY**

Plaintiffs seek clarification of the court's order to resolve a dispute between the parties over whether the court, "by establishing a clear, measurable minimum treatment standard for

1

structured group therapy[,] rejected all other aspects of Defendants' March 2023 plan for setting and tracking of minimum treatment standards relating to individual clinical contacts, treatment planning, and unstructured out-of-cell time in the PIPs." ECF No. 8207 at 2.[1] Defendants contend the court rejected their March 2023 plan in its entirety, arguing plaintiffs sought rejection of the entire plan in a motion the court granted in the August 23, 2023 order. *See generally* ECF No. 8226. Defendants' position is without merit.[2]

On March 28, 2023, as the court required, Mar. 17, 2023 Order, ECF No. 7765, defendants filed one document containing two parts, "CDCR's Plans for Minimum Treatment Standards in its PIPs" and CDCR's "PIP Staffing Recruitment and Retention" Plan. ECF No. 7787 at 5-10. On April 17, 2023, plaintiffs filed a "Motion to Reject Defendants' Plan to Provide Minimum Treatment Standards for Psychiatric Inpatient Programs . . . As Inadequate to Remedy Defendants' Eighth Amendment Violations." ECF No. 7812. Defendants opposed the motion. ECF No. 7828. The court resolved the motion in the August 23, 2023 order implicated by the present motion to clarify.

The answer to plaintiffs' question in the instant motion is clear: the court did not reject defendants' March 2023 plan except that discreet part of the plan that failed to include any "minimum hour requirement for structured therapeutic treatment to patients at either the APP [Acute Psychiatric Program] or ICF [Intermediate Care Facility] level of inpatient care." ECF

---

[1] Citations to page numbers in documents filed in the Court's Electronic Case Filing (ECF) system are to the page numbers assigned by ECF and located in the upper right hand corner of each page.

[2] The court, as always, has considered whether it has jurisdiction over the pending motion given defendants' pending appeal from the August 23, 2023 order. The court does not doubt that it does have jurisdiction. Defendants' appeal from the August 23, 2023 order focuses on the court's order requiring defendants adopt for the CDCR PIPs the twenty hours per week minimum treatment standards used by DSH for inpatient treatment of *Coleman* class members, instead of the individualized treatment standard defendants included in a court-ordered plan filed in March 2023. *See, e.g.*, Appellant's Opening Br., *Coleman v. Newsom*, No. 23-2485 (9th Cir. Mar. 16, 2024), Dkt. No. 18.1. The issue before the court here, on plaintiffs' pending motion to clarify, is whether the court rejected all other parts of the March 2023 order when it ordered defendants to adopt the DSH minimum treatment standards for use in the CDCR PIPs. That question is not covered by the pending appeal. *See, e.g., id.*; *see also* ECF No. 8331 at 48 (plaintiffs' summary of issues raised in appellate case No. 23-2485).

2

No. 7924 at 8. As noted, defendants used the plural noun in describing their "plans" for PIP minimum treatment standards. *Id*. at 5. These plans consist of proposed "minimum treatment frequencies for Interdisciplinary Treatment Team (IDTT) meetings, psychiatry contacts, primary clinician contacts, and unstructured out of cell activities" as well as "structured treatment activities commensurate with the individual patient's clinical needs" for both acute and intermediate levels of inpatient care. *Id*. The plans include specific frequencies for IDTT meetings, psychiatry and primary clinician contacts, and unstructured programming. *Id*. at 6-7. Only the structured treatment part of the plan omits specific frequencies. *Id*. at 6-7. The plans also provide for clinical training on the new policies and "develop[ment of] audits and automated indicators to track and report on compliance with these policies, including indicators to track timely contacts with psychiatrists and primary clinicians and timely IDTTS." *Id*. at 7.

Defendants are correct that plaintiffs' April 17, 2023 motion included a request to "reject Defendants' plan to provide minimum treatment standards for psychiatric inpatient programs," ECF No. 8226 at 4-5 (quoting ECF No. 7812 at 1), but they are not correct that plaintiffs thereby placed defendants' entire plan at issue. Throughout their 2023 motion, plaintiffs expressly challenged only the parts of defendants' proposed plans that covered structured therapeutic activities and unstructured out of cell activities, contending defendants improperly relied solely on an "individualized treatment standard" for structured therapeutic activities without specifying any minimum frequency for those activities, as well as the absence of "even a conceptual model to measure compliance with [the] purely individualized treatment standard" proposed for structured therapeutic activities. ECF No. 7812 at 8, 15. Plaintiffs contended defendants should be required to offer "at least 20 hours of structured therapeutic activities" and that the proposal to offer ten hours of unstructured activities should be increased to twenty hours. *Id*. at 8, 15. In contrast, plaintiffs specifically referenced the proposals for minimum frequencies of IDTT meetings, psychiatry contacts, and primary clinician contacts, without raising any challenge to these parts of defendants' proposals. *Id*. at 15. In addition to asking the court to reject the discreet portion of defendants' plan, plaintiffs asked the court to direct defendants to "file a

/////

3

revised plan that provides, at a minimum, 20 hours per week of structured therapeutic treatment and 20 hours per week of unstructured out-of-cell activities for patients in the PIPs." *Id*. at 2.

Moreover, the court did not reject defendants' entire plan. On its face and read in its entirety, the court's order makes clear the court granted plaintiffs' motion in part. *See* ECF No. 7924 at 10 ("Plaintiffs' April 17, 2023 motion, ECF No. 7812, is GRANTED to [the] extent consistent with this order."). The court found defendants' plan inadequate because it did not contain any "minimum hour requirements for structured therapeutic treatment to patients" at either level of inpatient care, *id*. at 8, but it did not order a new plan. *Id*. at 9-10. Instead, the court specifically determined that "[t]he time has passed for additional planning," that expeditious action was required, and it ordered defendants to "immediately adopt and implement" the DSH "minimum treatment standard measurements requiring patients be offered 20 hours of *treatment* per week" as previously approved by the court. *Id*. at 9-10 (emphasis in original).

In sum, the court's August 23, 2023 order left intact most parts of defendants' March 2023 plan for minimum treatment standards in the CDCR PIPs, directing only the incorporation of the DSH minimum treatment frequencies approved by the court to fill the gap left by the omission of treatment frequencies from structured treatment.

Consistent with the foregoing, the court GRANTS plaintiffs' April 18, 2024 motion for clarification. The parties shall proceed with remediation of associated indicators accordingly.

## II.     EXPEDITING DATA REMEDIATION

As the court has made clear to the parties, the data remediation process is taking too long to complete. The court recognizes multiple factors are contributing to the delay, but there is no good reason the data remediation process cannot be completed in the relatively near term. The court does not accept defendants' suggestion at a recent status conference, that the process needs to take another two years. *See*, *e.g.* Apr. 2, 2024 Order at 6, ECF No. 8181. To ensure this essential aspect of the case, as foundational to full deployment of the continuous quality improvement tool (CQIT) defendants will use to demonstrate compliance with the remedy, is not unnecessarily drawn out the court has directed the Special Master to propose directly to the court

/////

4

1 a solution to expedite completion of the process without sacrificing any measure of quality in the
2 final product.
3 **III.   CONCLUSION**
4     In accordance with the above, IT IS HEREBY ORDERED that Plaintiffs' April 18, 2024
5 Motion to Clarify, ECF No. 8207, is GRANTED consistent with this order.
6 DATED:  August 16, 2024.

                                      CHIEF UNITED STATES DISTRICT JUDGE