1    UNITED STATES DISTRICT COURT

2    EASTERN DISTRICT OF CALIFORNIA

3    RALPH COLEMAN, et al.,      ) Case No. 2:90-CV-00520-KJM-DB
                                 )
4                 v.             ) Sacramento, California
                                 ) August 9, 2024, 10:04 a.m.
5    GAVIN NEWSOM, et al.,       )
                                 ) Re: Status Teleconference
6                 Defendants.    )

7              TRANSCRIPT OF PROCEEDINGS
        BEFORE THE HONORABLE KIMBERLY J. MUELLER
8         CHIEF UNITED STATES DISTRICT JUDGE

9    TELEPHONIC APPEARANCES:

10   For the Plaintiffs:    ROSEN BIEN GALVAN & GRUNFELD, LLP by
                            MR. MICHAEL BIEN
11                          MS. JENNY YELIN
                            101 Mission Street, Sixth Floor
12                          San Francisco, California  94105

13   For the Defendants:   OFFICE OF THE ATTORNEY GENERAL
                           DEPARTMENT OF JUSTICE by
14                         MR. DAMON GRANT MC CLAIN
                           455 Golden Gate Avenue, Suite 11000
15                         San Francisco, California  94102

16                         OFFICE OF THE ATTORNEY GENERAL.
                           DEPARTMENT OF JUSTICE by
17                         MS. ELISE OWENS THORN
                           1300 I Street, Suite 125
18                         Sacramento, California  95814

19   Also Present:  Special Master Matthew Lopes, Jr.

20              MARYANN VALENOTI, RMR, CRR
                   Official Court Reporter
21              501 I Street, Suite 4-200
                   Sacramento, CA 95814
22              mvalenotiRMRCRR@gmail.com
                     (916)930-4275
23

24   Proceedings reported via mechanical steno - transcript produced
     via computer-aided transcription

25

1       SACRAMENTO, CALIFORNIA, TUESDAY, AUGUST 20, 2024

2          (In open court.)

3          THE CLERK:  Calling civil case 90-520, Coleman, et al.

4    versus Newsom, et al.  This is on calendar for a telephonic

5    status conference.

6          THE COURT:  All right.  This is Judge Mueller, I'm

7    going to ask counsel to identify themselves for Coleman.  Who

8    is lead counsel?

9          MR. BIEN:  Good morning, Your Honor.  This is Michael

10   Bien and Jenny Yelin appearing for plaintiffs' class.

11         THE COURT:  All right.  Good morning to each of you,

12   Mr. Bien, Ms. Yelin.

13         And for the defense.

14         MR. MC CLAIN:  Good morning, Your Honor.  This is

15   Damon McClain and Elise Thorn for defendants.

16         THE COURT:  All right.  Good morning to you.  And I

17   believe the Special Master is listening in.  Special Master

18   Lopes, are you there?

19         SPECIAL MASTER LOPES:  I'm here, Your Honor.

20         THE COURT:  Can you identify any of the members of the

21   team who is listening?

22         SPECIAL MASTER LOPES:  Deputy Special Master Kerry

23   Walsh and our expert Jeff Metzner, Dr. Jeff Metzner.

24         THE COURT:  All right.  And for the courtroom deputy,

25   I understand there may be other people, but as far as you know,

1    no one else is appearing, others are simply listening in,

2    Ms. Schultz?

3            THE CLERK:  That's my understanding, Your Honor.

4            THE COURT:  All right.  I received the parties'

5    stipulation dated the 7th.  I had two questions.

6            So I had issued my order on July 12 ordering the

7    parties to meet and confer and submit a plan within 30 days,

8    and based on the stipulation it appears the first meeting with

9    the Special Master was on August 7, and I just needed to

10   understand why that was when the first meeting occurred.  It

11   seems quite tardy given the 30-day time period I had

12   prescribed.

13           So, Mr. Bien, what can you tell the Court about that?

14           MR. BIEN:  Plaintiffs made themselves available within

15   a few days of being contacted by the Special Master about

16   setting a date for a meeting.  It was a very busy period, but

17   we were available an earlier time than August 7.

18           THE COURT:  All right.  Mr. McClain?

19           MR. MC CLAIN:  Well, I agree with Mr. Bien, it's been

20   a very busy past month or so.

21           I think in some initial discussions about setting a

22   date for a meet and confer, I think some slightly earlier dates

23   were proposed, but we had some scheduling conflicts, so that's

24   why we ended up settling on the seventh.

25           THE COURT:  All right.  There are quite a few

1　attorneys on this case, on each side, right?

2　　　　　I mean, how many attorneys are working on this, Mr.

3　Bien, for the plaintiffs?

4　　　　　MR. BIEN:  At various points we have a good number of

5　five, six, seven.

6　　　　　Again, this is not trying to make an excuse, but we

7　had merely in Coleman only, the state proceedings, the response

8　to the order to show cause, the Court ordered several appellate

9　briefs going on.  So it's not like people are sitting around,

10　but obviously this is a very important order, and I wish we had

11　started the process earlier.  I understand the Court's

12　frustration.

13　　　　　THE COURT:  All right.  Mr. McClain, there are lots of

14　attorneys available to help make these meetings happen in a

15　timely way, right?

16　　　　　MR. MC CLAIN:  Well, it's true we do have probably

17　about the same number of attorneys --

18　　　　　THE COURT:  That's speaking of government attorneys?

19　　　　　MR. MC CLAIN:  Well, there are currently two

20　attorneys, myself and Ms. Thorn on this case for the Attorney

21　General's office, and there are I think about four or possibly

22　five attorneys with Hansen Bridgett that also work on the case.

23　So yes, it's true that we do have a fair number of attorneys

24　and, you know, we regret that we didn't get it started sooner

25　as well, but again, the staff working on the Coleman case had

1    all been very busy.

2         THE COURT:  I understand there's a lot going on when

3    the Court is engaged as well, but at this point it's all front

4    burner -- front-burner business.

5         Here's my question:  The stipulation also says, "The

6    meeting was productive once it occurred.  The parties require

7    additional time to discuss the proposals presented."

8         So my other question is if I approve the stipulation,

9    why should I not direct that the proposals presented be filed

10    on the docket as a sign of a good faith efforts that are going

11    on subject to being superceded by ultimately whatever proposed

12    plan the parties might come to in the additional two weeks?

13         So, any reason for me not to direct that the proposals

14    that were presented be filed with the Court now, Mr. Bien?

15         MR. BIEN:  They are rather raw.  I mean, again, the

16    only filed proposals were plaintiffs', and we filed a list of

17    possible things that we wanted to discuss with the Special

18    Master team and the defendants.

19         I think we had a productive discussion, and we're

20    looking forward to additional information.

21         I don't -- you know, I don't have -- I would prefer to

22    refine it a little bit more before it was out in public and the

23    media and everywhere only because I think there's things that

24    we want to refine.  Of course we have no objection to doing

25    that if that's the Court's wishes.  I just think it's still a

1    little raw, we're hoping to get it further refined.

2         THE COURT: All right. Mr. McClain, agree with Mr.

3    Bien's characterization that it's only plaintiffs who submitted

4    proposals, that the multiple -- I guess when I saw "proposals,"

5    I assumed that might be proposals from each party, but agreed

6    only plaintiffs came forward with proposals?

7         MR. MC CLAIN: Well, so plaintiffs submitted I believe

8    it was on the evening of August 6 a list of proposals.

9    Defendants didn't produce a list of proposals, but there was

10   some overlap with plaintiffs' proposals and ideas that

11   defendants had been considering.

12        In addition, some of the proposals that defendant

13   hadn't previously considered that were on plaintiffs' list are

14   things that are of particular interest to defendants in terms

15   of looking forward to further discussing them with plaintiffs.

16        THE COURT: Had the defendants always understood it

17   would only be plaintiffs coming forward with proposals

18   initially?

19        MR. BIEN: I don't know if I would say that, but when

20   we received plaintiffs' list of proposals on the 6th, it's a

21   lengthy list, and it provides a lot of ideas for consideration

22   for coming up with a plan. I don't know if that answers your

23   question.

24        THE COURT: All right. I have no other questions.

25        Is there anything else you want me to know about this

1    process given the meeting on the 14th?

2          I guess one follow-up:

3          So is the meeting now on the 14th, so is it possible

4    you could have something to submit before August 26 at this

5    point?  Mr. Bien, your views on that?

6          MR. BIEN:  Yes, and I think, just to be frank, we were

7    not clear whether or not defendants would be able to

8    participate fully in this process.

9          It looks like they are going to contribute, and even

10   though they're appealing, are going to work and then dictate on

11   this process, which we appreciate.

12         I think if we could get it done earlier, there's no

13   reason we can't submit it earlier.  I think that was just a

14   date that we thought was more realistic, but I will work to get

15   it done as early as possible.

16         If the Court wants to, you know, see a plan in

17   progress, we could maybe focus on getting that done earlier.

18   But I do think if there's going to be some back and forth, that

19   would be valuable.

20         We could come up with something that, you know, based

21   on our experience and the evidence coming forth at trial, we

22   think is important based on some of the logistics and

23   practicalities that the defendants raise from their experience;

24   we could then come up with something that's more appropriate

25   for the Court to consider.

1        I'm just glad that the defendants are participating,

2   and I look forward to getting more from this process, which is

3   why we asked the Court for more time.

4        We could have filed something on Monday, at the

5   original date, but I think this will be more useful to the

6   Court if we go through this extra process in another couple of

7   weeks.

8        THE COURT:  All right.  Mr. McClain, agreed that

9   something could be ready before the 26th?

10       MR. MC CLAIN:  It's certainly possible, Your Honor.

11  If we were able to complete it before then, I don't see any

12  reason why we wouldn't go ahead and submit it.

13       I was just going to say -- I just wanted to note that

14  at the meeting on Wednesday, you know, one of the things that

15  plaintiffs asked was whether defendants could figure out the

16  cost of some of the proposals and so that's something that

17  defendants are working on currently, so I just wanted to add

18  that.

19       I think I interrupted you.

20       THE COURT:  That's all right.

21       I was just going to ask, do you accept Mr. Bien's

22  characterization of the process overall, good faith process,

23  defendants are participating in good faith and planning to

24  contribute to a proposed plan, final proposed plan?

25       MR. MC CLAIN:  Yes, I agree.

1          THE COURT:  All right.  Thank you very much.

2          I think Mr. Bien's word is the right one.  The Court

3     was frustrated upon receiving this, seeing the meeting date of

4     August 7.

5          Here's my plan:  I will grant an extension I'm going

6     to say until the 23rd, the Friday, that means you won't have to

7     work all weekend.

8          I'll sign the proposed order until the 23rd based on

9     the record created here this morning, the additional

10    information you've provided.

11         And then just on other fronts, I know I'll see you on

12    the 20th.  I received your filing there.  So we'll discuss that

13    on the 20th.

14         I also wanted to let you know to look for a date.  I'm

15    going to address the objections to the suicide prevention

16    matter.  I'm going to address those in a bench order.  They're

17    voluminous, so I'm going to calendar time and work through

18    those carefully, ask questions as I need to clarify and then

19    rule from the bench on those objections, general and special

20    objections.  So just look for that date to be set sometime

21    soon.

22         Is there anything else you wanted to bring to the

23    Court's attention at this point, Mr. Bien?

24         MR. BIEN:  Your Honor, I think that the parties wanted

25    to directly inform you that we are not going to be filing

1    replies on the order to show cause.  We are awaiting reply.

2           THE COURT:  I assumed as much, but thank you for

3    clarifying.

4           MR. BIEN:  Okay.

5           THE COURT:  I will have questions about that, but I

6    will be fully prepared to review the parties' joint filing on

7    the 20th.

8           Mr. McClain, anything else you'd like the Court to

9    know on any aspect of the case?

10          MR. MC CLAIN:  No, Your Honor.

11          THE COURT:  All right.  Thank you very much.  We are

12    adjourned.

13          THE CLERK:  Court is in recess.

14      (Proceedings adjourned at 10:19 a.m.)

15

16              C E R T I F I C A T E

17

18    I certify that the foregoing is a true and correct

19    transcript of the proceedings in the above-entitled matter.

20

21

22    MARYANN VALENOTI, RMR, CRR        August 21, 2024
       Official Court Reporter            DATE

23    CA CSR #11266

24

25