UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No. 2:90-cv-0520 KJM SCR P |
| Plaintiffs, | ORDER |
| v. | |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

This matter came on for a further hearing by videoconference on the court's July 12, 2024 order to show cause why it should not initiate proceedings to appoint a temporary receiver in this action, ECF No. 8330.  Aug. 21, 2024 Minute Order, ECF No. 8362.  At hearing, the court informed the parties of its intention to appoint an outside technical advisor to advise and help the court with specific questions arising from the parties' joint proposal to the court to appoint the current receiver in *Plata v. Newsom*, Case No. 01-1351 JST (N.D. Cal.), J. Clark Kelso, as temporary receiver in this action, ECF No. 8347.  The court's plan assumes the *Plata* Receiver would entertain appointment in this case.  The court has communicated with the presiding judge in *Plata*, Judge Tigar, who at this point has expressed no objection to this court's considering the possibility.  The court has tasked the Special Master with communicating with the *Plata* Receiver to determine whether he would entertain appointment and is awaiting a report back from the Special Master.

1         This court has inherent authority to appoint an outside technical advisor in "rare cases"
2    requiring specialized assistance. *Ass'n of Mexican-Am. Educators v. State of California*,
3    231 F.3d 572, 590 (9th Cir. 2000) (en banc) (*AMAE*); *see also A&M Records, Inc. v. Napster, Inc.*,
4    284 F.3d 1091, 1096-1097 (9th Cir. 2002) (district court did not abuse discretion in appointing
5    technical advisor to "assist in evaluating Napster's compliance" with preliminary injunction);
6    *Reilly v. United States*, 863 F.2d 149, 156 (1st Cir. 1988) ("appointment of technical advisor must
7    arise out of some cognizable judicial need for specialized skills").
8         In considering this appointment, the court follows the safeguards set out in Judge
9    Tashima's dissent in *AMAE*, which have set the standard for guiding courts in designating
10   technical advisors. *See Federal Trade Com'n v. Enforma Natural Products, Inc.*, 362 F.3d 1204,
11   1215 (9th Cir. 2004). To that end, if the *Plata* Receiver is prepared to entertain serving as a
12   temporary receiver in this case, the court has informed the parties of its intention to appoint Eric
13   Douglas, founder and senior partner of Leading Resources, Inc., as a neutral outside technical
14   advisor. A copy of Mr. Douglas's resume is attached to this order. As explained at hearing, the
15   parties are granted until close of business on August 23, 2004 to file objections to the
16   appointment of Mr. Douglas. Any party may, if necessary, seek an extension of time to file those
17   objections on a showing of substantial cause. At hearing, the parties expressed no concerns about
18   the proposed appointment, but if necessary the court will address any "allegations of bias,
19   partiality, or lack of qualification" concerning Mr. Douglas if raised by any party. *Enforma*,
20   362 F.3d at 1215.
21        As the court explained at hearing, the court intends to appoint Mr. Douglas to assist in
22   applying relevant organizational principles to the designation of a receiver in this case and,
23   particularly, in assessing objectively whether the *Plata* Receiver can serve as a separate and
24   independent receiver in this action. The court intends to seek Mr. Douglas's assistance in
25   understanding the present organizational structures of the *Plata* Receivership, also known as
26   California Correctional Health Care Services, the California Department of Corrections and
27   Rehabilitation [CDCR] Statewide Mental Health Program, and the *Coleman* Special Mastership;
28   /////

2

1  whether and how those organizational structures would need to be adapted if Mr. Kelso were
2  appointed as Receiver to effect the *Coleman* remedy as ordered by the court.
3       The court will inform Mr. Douglas that his advice must be based only on information
4  provided by the court, court staff and as needed the Special Master, as well as from the record in
5  *Plata* and *Coleman* and his professional expertise.  The court will, at the end of his appointment,
6  provide the parties with a summary of the nature of the communications between the court and
7  Mr. Douglas and the nature of his advice, while the details of the communications will be
8  maintained as confidential as between the court and a trusted advisor.
9       The court anticipates the appointment will be for a limited period of up to ten hours.  Mr.
10 Douglas' hourly rate is $375.00 per hour and the cost of his time will be borne by defendants.
11      In aid of this appointment, as directed at hearing, defendants shall file current
12 organizational charts for CCHCS and for CDCR's Statewide Mental Health Program, as well as
13 any other organizational chart for the *Plata* Receivership, on or before noon on August 22, 2024.
14      Finally, also as discussed at hearing, on or before August 28, 2024 at 4:00 p.m. the parties
15 shall file declarations signed under penalty of perjury setting forth their respective positions
16 regarding adherence to the law of the case in this action, specifically with respect to the remedial
17 plans for this action and the requirements for implementation of those plans that have been
18 established by court order.
19      In accordance with the above, IT IS HEREBY ORDERED that:
20   1. The parties are granted until 4:00 p.m. on August 23, 2004 to file objections to the
21      appointment of Mr. Douglas;
22   2. On or before 12:00 noon on August 22, 2024, defendants shall file the current
23      organizational charts for California Correctional Health Care Services and the
24      California Department of Corrections and Rehabilitation Statewide Mental Health
25      Program; and
26   3.  On or before 4:00 p.m. on August 28, 2024, the parties shall file declarations signed
27      under penalty of perjury setting forth their respective positions regarding adherence to
28      the law of the case in this action, specifically with respect to the remedial plans for this

3

1  action and the requirements for implementation of those plans that have been
2  established by court order.
3  IT IS SO ORDERED.
4  DATED: August 22, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE