Rob Bonta, State Bar No. 202668
Attorney General of California
Monica N. Anderson, State Bar No. 182970
Senior Assistant Attorney General
Damon McClain, State Bar No. 209508
Supervising Deputy Attorney General
Elise Owens Thorn, State Bar No. 145931
Namrata Kotwani, State Bar No. 308741
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7318
  Fax: (916) 324-5205
  E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

HANSON BRIDGETT LLP
LAWRENCE M. CIRELLI, SBN 114710
PAUL B. MELLO, SBN 179755
SAMANTHA D. WOLFF, SBN 240280
KAYLEN KADOTANI, SBN 294114
DAVID CASARRUBIAS-GONZÁLEZ, SBN 321994
MOLLIE H. LEVY, SBN 333744
SAMANTHA M. BACON, SBN 351561
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:   415-777-3200
Pmello@hansonbridgett.com
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GAVIN NEWSOM, et al. <br><br> Defendants. | Case No. 2:90-CV-00520- KJM-SCR <br><br> **DECLARATION OF DAVID SAPP IN RESPONSE TO AUGUST 22, 2024 ORDER (ECF NO. 8368)** <br><br> Judge:   Hon. Kimberly J. Mueller |

I, David Sapp, declare as follows:

1.  I am the Legal Affairs Secretary for the Office of Governor Gavin Newsom. I have held this position since April 2023, and before that, I served as Acting Legal Affairs Secretary from December 2022 to April 2023. I have previously served as Chief Deputy Legal Affairs Secretary and Deputy Legal Affairs Secretary. I have also held roles with the California State Board of Education (as Deputy Policy Director and Assistant Legal Counsel) and the American Civil Liberties Union Foundation of Southern California (as Director of Education Advocacy / Legal Counsel, and as a staff attorney).

2.  In my current role, I serve as principal legal advisor to the Governor and as a

member of the Governor's Senior Executive Team. I manage a team of approximately 23 attorneys, analysts, and support staff in the Office of Legal Affairs, including overseeing civil litigation, internal legal advice, Tribal compact negotiations, parole and clemency, and other in-house counsel responsibilities.

3. This Court held a hearing on August 21, 2024, and advised the parties that the Court was granting leave for the parties to supplement their answers at the August 20, 2024 hearing on the Order to Show Cause re Receiver. Specifically, the Court ordered the parties to "file declarations signed under penalty of perjury setting forth their respective positions regarding adherence to the law of the case in this action, specifically with respect to the remedial plans for this action and the requirements for implementation of those plans that have been established by court order." ECF No. 8368 at 3:26-4:2. I submit this declaration in response.[1]

4. Defendants do not dispute that the remedial plan is the standard against which the Court is measuring Defendants' constitutional compliance or that Defendants are subject to and must comply with the remedial orders. Defendants accept that the Program Guide and Compendium reflect the remedial plan that Defendants must implement and substantially comply with to cure the constitutional violations in this case. Defendants further accept that they are bound by this Court's remedial orders and must durably come into substantial compliance with those orders.

5. Defendants note, however, that that the remedial plan, including the Program Guide and Compendium, is not set in stone. The remedy, including each discrete element of the Program Guide, is aimed at creating a constitutionally adequate mental health care system that is durable. Over the course of this case, numerous changes have been made to remedial plan documents, such as changes to staffing ratios, adding classifications, and creating new programs. *See, e.g.*, ECF Nos. 5750 (approving a PIP policy and ordering the parties to file a consolidated Program Guide

---

[1] The entirety of Defendants' position with respect to the appointment of a receiver in this case, including but not limited to Defendants' objection to the appointment of anyone other than Clark Kelso as receiver under specific terms, is set forth in the parties' August 2, 2024 Joint Response to OSC re Appointment of Receiver. ECF No. 8347.

incorporating all modifications required by court orders), 6214 (order approving revision to the Program Guide), 6295 (ordering MHCB referral, rescission and discharge policy be incorporated into the 2018 Program Guide), 6639 (order temporarily modifying Program Guide requirements for transfer of class members to DSH inpatient beds to include COVID-19 screening), 6938 (ordering Defendants to make minimal modifications to the Staffing Plan to include Psychiatric Nurse Practitioners), 7456 (approving the 2021 Program Guide update).

6.  As this court has noted, Defendants have the ability to request changes to the remedial plan and may move to modify this Court's orders. And as the Court is aware, Defendants have appealed several recent orders of the Court that Defendants believe expand the scope of the remedy. Likewise, disputes have arisen around the proper interpretation of aspects of the Program Guide and Compendium. Because the remedial plan has been and continues to be subject to changes and differing interpretations of existing language, Defendants are uncomfortable with the Court's framing that the remedial plan and Court orders are law of the case. But this does not in any way suggest that Defendants dispute that they are subject to and must comply with the remedial orders.

7.  Defendants agree with counsel for the Plaintiff class, Michael Bien, who stated at the August 20, 2024 hearing that "the framework you begin with is the program guide and this Court's orders," acknowledging that "the Special Master and plaintiff's [sic] counsel and this Court have allowed amendments to the program guide or amendments where appropriate." Tr. of Proceedings Re: Order to Show Cause Hearing at 20:8-12, Aug. 20, 2024 (ECF No. 8366).

8.  Accordingly, Defendants also believe that, as part of an initial evaluation of the system, Mr. Kelso should review the entirety of the remedy and determine whether further updates or amendments should be recommended to the Court, as occurred in *Plata*. *Plata v. Schwarzenegger*, No. C01-1351 TEH, Order Appointing Receiver at *2:20-27 (directing the Receiver to develop a detailed Plan of Action which shall "include recommendations to the Court of which provisions of the (1) June 13, 2002 Stipulation for Injunctive Relief, and (2) September 17, 2004 Stipulated Order re Quality of Patient Care and Staffing Order and Injunction (and/or policies or procedures required thereby) should be carried forward and which, if any, should be

modified or discontinued due to changed circumstances"), ECF No. 473 (N.D. Cal. Feb. 14, 2006).

9. While Defendants have appealed several recent orders that Defendants believe expanded the scope of the remedial plan (*see*, *e.g.*, ECF Nos. 8262 (appealing order to implement personality disorder treatment program), 7953 (appealing order to adopt and implement minimum PIP treatment standards), 8222 (appealing order overruling Defendants' objections to the Special Master's recommendation to create a new PIP placeholder indicator to measure timely review of maximum custody patients in accordance with CDCR's TTM policy)), Defendants' appeal of these orders in no way reflects an effort to shun or undermine the remedial framework in this case. Rather, it reflects Defendants' good-faith belief that the orders represented a further expansion of the remedy and that the PLRA's requirements for imposing new prospective relief were not met. Defendants fully intend to comply with those orders as part of the remedial framework, to the extent they are not stayed pending appeal, and agree that they will remain part of the remedial framework that Defendants are bound to implement to the extent the Ninth Circuit affirms those orders on appeal.

10. Accordingly, there is no dispute or disagreement that the remedy is the remedy. Rather, Defendants' continuing discomfort with the Court's framing of the law of the case question stems instead from the implication that the remedy, once established, is static and need not be revisited—regardless of changes in the accepted standard of care or other important considerations.

11. Finally, Defendants do not in any way view the appointment of a receiver as an opportunity to cast away the remedy in this case. Rather, Defendants view the potential appointment of Mr. Kelso as a unique opportunity to more expeditiously bring this case into compliance and, ultimately, to conclusion. See ECF Nos. 8347-1 (Decl. Macomber Supp. Joint Response to OSC Re: Appointment of Receiver) at ¶ 2; 8347-2 (Decl. Sapp Supp. Joint Response to OSC Re: Appointment of Receiver) at ¶ 5; 8347-3 (Decl. Toche Supp. Joint Response to OSC Re: Appointment of Receiver) at ¶ 6. Indeed, in proposing the appointment of Mr. Kelso as receiver, Defendants are affirmatively proposing to cede authority over critical decisions about

1 | implementation of the remedy to a Court-appointed receiver.

2 | I declare under penalty of perjury under the laws of the United States of America that the
3 | foregoing is true and correct.

4 | Executed on August 28, 2024, at Sacramento, California.

*/s/ David Sapp*
David Sapp