
| | |
|---|---|
| DONALD SPECTER – 083925<br>STEVEN FAMA – 099641<br>MARGOT MENDELSON – 268583<br>PRISON LAW OFFICE<br>1917 Fifth Street<br>Berkeley, California  94710-1916<br>Telephone:   (510) 280-2621<br><br>CLAUDIA CENTER – 158255<br>DISABILITY RIGHTS EDUCATION<br>AND DEFENSE FUND, INC.<br>Ed Roberts Campus<br>3075 Adeline Street, Suite 210<br>Berkeley, California  94703-2578<br>Telephone:   (510) 644-2555 | MICHAEL W. BIEN – 096891<br>ERNEST GALVAN – 196065<br>LISA ELLS – 243657<br>JENNY S. YELIN – 273601<br>THOMAS NOLAN – 169692<br>MICHAEL S. NUNEZ – 280535<br>MARC J. SHINN-KRANTZ – 312968<br>ALEXANDER GOURSE – 321631<br>BENJAMIN W. HOLSTON – 341439<br>MAYA E. CAMPBELL – 345180<br>LUMA KHABBAZ – 351492<br>JARED MILLER – 353641<br>ROSEN BIEN<br>GALVAN & GRUNFELD LLP<br>101 Mission Street, Sixth Floor<br>San Francisco, California  94105-1738<br>Telephone:   (415) 433-6830 |

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GAVIN NEWSOM, et al.,<br><br>　　　　Defendants. | Case No. 2:90−CV−00520−KJM−SCR<br><br>**DECLARATION OF MICHAEL W. BIEN IN RESPONSE TO AUGUST 22, 2024 ORDER (ECF NO. 8368)**<br><br>Judge:  Hon. Kimberly J. Mueller |

[4549604.2]

DECLARATION OF MICHAEL W. BIEN IN RESPONSE TO AUGUST 22, 2024 ORDER (ECF NO. 8368)

I, Michael W. Bien, declare:

1. I am an attorney duly admitted to practice before this Court. I am a partner in the law firm of Rosen Bien Galvan & Grunfeld LLP, counsel of record for Plaintiffs. I have personal knowledge of the facts set forth herein, and if called as a witness, I could competently so testify. I make this declaration in response to the Court's August 22, 2024 Order (ECF No. 8368), as one of the lead counsel for Plaintiffs in this case.

2. I remain fully in support of the Court appointing the current *Plata* Receiver, Clark Kelso, as a receiver in *Coleman*. See Bien Decl., Aug. 2, 2024, ECF No. 8347-4.

3. From our perspective, upon the appointment of a receiver, whether Mr. Kelso or another individual, all of the Court's prior orders and the existing remedial plans in this case would remain in effect. Our expectation would be that the receiver would be tasked with full implementation of the existing remedial plans and court orders, and would therefore have to adhere to the law of the case.

4. We could foresee situations where the receiver might recommend a modification of a court-ordered remedy to the Court, or one or both parties might seek court approval to modify part of the existing remedy. But our expectation is that the Court would need to approve any such changes, and that the receiver and/or the parties would have to provide ample justification to the Court to support the change. We would also expect that the receiver will consult with the Special Master and his experts as necessary before recommending any such changes.

5. We would not support the appointment if we had concerns that Mr. Kelso—or another receiver—would dismantle the existing remedial requirements, or that Defendants were attempting to use the receivership model as a way to evade the Court's prior orders. Our understanding from our many communications with Defendants in the lead up to the August 2 joint filing and the August 20 hearing is that Defendants, like us, see the receivership model as a more efficient way to achieve implementation of the Court's orders. They may seek to have the receiver implement the existing requirements in a different way, but I am confident that there are sufficient safeguards to prevent the

invisible erosion of the Program Guide and other remedies—Defendants would need to move the Court to approve any such change, or the receiver or we would need to do so.

6. Our sole objective is achieving a mental health care delivery system that ensures timely and effective care for our clients. This is long overdue. But we will be willing to work with the receiver and Defendants to bring reasonable modifications to the Program Guide or other remedies to the Court for consideration, if Defendants or the receiver provide compelling evidence that the change is to the benefit of patients.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed at San Francisco, California this 28th day of August, 2024.

/s/ Michael W. Bien  
Michael W. Bien