**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 30 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RALPH COLEMAN; et al., | No. 23-2485 |
| Plaintiffs - Appellees, | D.C. No. 2:90-cv-00520-KJM-DB |
| v. | |
| GAVIN NEWSOM, Governor, State of California, et al., | MEMORANDUM* |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted August 12, 2024
San Francisco, California

Before: GRABER, CALLAHAN, and KOH, Circuit Judges.

Defendants[1] appeal from the district court's August 23, 2023, Order, which directs them to immediately adopt and implement certain minimum treatment

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1]     Defendants are California officials: the Governor and various officials responsible for the treatment of individuals under the CDCR's jurisdiction.

standards for the Psychiatric Inpatient Programs (PIPs) which are operated by the California Department of Corrections and Rehabilitation (CDCR) for inmates needing the most mental health care. On appeal, Defendants argue that, "in ordering CDCR to offer a minimum of 20 treatment hours a week to every covered inmate," the district court failed to comply with the Prison Litigation Reform Act of 1995 (PLRA), 18 U.S.C. § 3626, because the court did not make specific findings that the "relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1), and we affirm.

Defendants have the burden of showing that the District Court's findings of fact are clearly erroneous or that the scope of the injunction is an abuse of discretion. *Armstrong v. Brown*, 768 F.3d 975, 979 (9th Cir. 2014).

Defendants first contend that the district court failed to make the "need-narrowness-intrusiveness findings" required by the PLRA to impose a minimum of 20 hours of treatment per week as the remedy for a constitutional violation. They next argue that the district court imposed the 20 hours requirement without any factual findings or evidentiary support. Third, Defendants contend that the district court abused its discretion by rejecting their PIPs treatment plan.

None of Defendants' contentions is persuasive. The district court cited the

2

PLRA in its order and recognized that the Act requires that prospective relief be narrowly drawn based on "need-narrowness-intrusiveness" findings. The August 2023 Order proceeds to explain why Defendants' proposed plan "does not satisfy the requirements that have long been in place in this case." The district court properly relied on the Special Master's prior reports and its prior orders in determining that Defendants were not providing the constitutionally required minimum of mental health care to the inmates who were most in need of mental health care. It noted that "[s]ince July 2013, the Special Master has filed five stand-alone monitoring reports on the adequacy of inpatient mental health care," "[e]ach report identifies inadequate levels of group and individual therapy offered at inpatient programs that have now become the CDCR PIPs," and "[n]either party objected to any of the Special Master's findings in these reports, and the court adopted all of the findings in all five reports in full." The district court noted that the Special Master's May 11, 2023, report was "adopted by the court in full and without objection" and showed "ongoing constitutional violations in access to adequate mental health care in the CDCR PIPs."

The district court adopted the 20 hours requirement from Defendants' own programs. The court explained that in a March 8, 2017, order, it had directed the California Department of State Hospitals (DSH) to create a continuous quality improvement process (CQI) for the inpatient programs DSH operates. It

3

commented that DSH developed a fully adequate CQI process, "which it still uses," which "provides that patients will be offered 20 hours of treatment per week, at least ten hours of which are to be 'core' treatment." DSH's CQI process "requires justification for each patient for whom 20 hours of group [treatment] per week is not clinically indicated, as well as 'objectives and interventions to assist the patient in attending groups.'"

The district court noted that, in contrast, Defendants' March 28, 2023, proposed plan contained "no requirement for a minimum number of structured treatment hours for inmate-patients" and left "structured programming to 'individualized clinical assessment and treatment planning by the Interdisciplinary Treatment Teams, updated based on clinical progress as per the standard of care.'" The district court rejected the proposed plan as containing no minimum time requirement for structured therapeutic treatment and disregarding the requirements for delivering adequate inpatient care to class members.[2]

---

[2] The court explained that the Program Guide requires that (1) "defendants must provide '[i]ntensive-treatment' in the [Acute Psychiatric Program]," (2) "they must provide individualized treatment in [Intermediate Care Facility] programs, and that treatment must be drawn 'from a wide variety of treatment modalities including group and individual psychotherapy, medication management, depression and crisis management, training in daily living skills and interpersonal skills, substance abuse, management of assaultive behavior, supportive counseling, modification of maladaptive behaviors, and educational and vocational programs,'" and (3) "[Enhanced Outpatient Program] inmate-patients must be offered at least ten hours of structured therapeutic activity per week absent clinical justification on a case-by-case basis." The details of "these core requirements have

The district court first faulted Defendants' proposed plan for equating the offering and receiving of therapeutic activity, noting that "[i]ndividual patients may receive less treatment than offered, and an adequate plan will include guidance about when patients may accept or receive less treatment." Next, the district court found that the proposed plan did not "offer enough structured therapeutic activities in the PIPs to give clinicians the 'wide variety' of options to use in developing individualized treatment plans" for patients. It noted that the 20 hours of treatment per week standard was derived from the DSH CQI and, notably, that "[a]ll stakeholders agree, and this court has found, those minimum treatment standards are adequate." It concluded that "[t]here is no reason to conclude different standards should govern the inpatient programs administered by CDCR."

Defendants argue that DSH patients and other CDCR inmates are different but fail to provide any meaningful specifics to support their conclusory assertion. Rather, Defendants rely on their expert's declaration that inpatient care should be based on personalized assessments and individual treatment plans. At oral argument, counsel essentially admitted that the district court was basically presented with the options of either requiring 20 hours a week or requiring no

---

developed contextually over the last decade of implementation" and "require[] DSH to offer patients 20 hours' treatment per week unless clinically contraindicated."

hours at all.

Because the court's order was supported by numerous prior orders and Special Master's reports finding that Defendants have continued to deny inmates with the minimal mental health care required by the Constitution; that the 20 hours requirement was borrowed from the program adopted by DSH, that Defendants proffered no specific reasons for why DSH's program would not work for CDCR; and that Defendants offered the district court no alternative program requiring fewer hours, Defendants have failed to show that the August 2023 Order is clearly erroneous or an abuse of discretion.[3]  *See Armstrong*, 768 F.3d at 983–86. Accordingly, the August 2023 Order is **AFFIRMED**.

---

[3]  This is not to say that Defendants could not, or cannot, marshal sufficient facts and arguments to show that the 20 hours requirement exceeds the minimum required by the Constitution and that they have an alternate program that will meet the standards required by the Constitution and the PLRA.  We only hold that they have not done so on this record.