Rob Bonta, State Bar No. 202668
Attorney General of California
Monica N. Anderson, State Bar No. 182970
Senior Assistant Attorney General
Damon McClain, State Bar No. 209508
Supervising Deputy Attorney General
Elise Owens Thorn, State Bar No. 145931
Namrata Kotwani, State Bar No. 308741
Deputy Attorneys General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 510-4431
  Fax: (415) 703-5843
  E-mail: Namrata.Kotwani@doj.ca.gov
*Attorneys for Defendants*

Hanson Bridgett LLP
Paul B. Mello, State Bar No. 179755
Samantha D. Wolff, State Bar No. 240280
Kaylen Kadotani, SBN 294114
David C. Casarrubias, SBN 321994
  1676 N. California Boulevard, Suite 620
  Walnut Creek, CA 94596
  Telephone: (925) 746-8460
  Fax: (925) 746-8490
  E-mail: PMello@hansonbridgett.com
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>                Defendants. | 2:90-cv-00520 KJM-SCR (PC)<br><br>**JOINT PROPOSAL FOR DEPOSIT OF CONTEMPT FINES IN MENTAL HEALTH STAFFING SPECIAL DEPOSIT FUND AND [PROPOSED] ORDER** |

**JOINT PROPOSAL FOR DEPOSIT OF FINES**

The Court ordered that by "September 6, 2024 at 12 noon, defendants shall deposit into the Court's Registry all fines that have accumulated since April 1, 2023 as the court previously has ordered, *see* June 25, 2024 Order, ECF No. 8291, unless before September 6, 2024 at 12 noon the parties propose and the court approves specific orders putting in place an alternative method of administering the Plan with the full amount of the allocated funding that does not require first depositing the funds with the Court." (ECF No. 8381 at 8.) The parties now jointly propose such an alternative plan for administering the funds that would require that the contempt fines be

[4555700.1]

1

Joint Proposal Deposit Contempt Fines Mental Health Staffing Special Deposit Fund [Proposed Order] (2:90-cv-00520 KJM-SCR (PC))

1 deposited into a Mental Health Staffing Special Deposit Fund that has been established within the
2 State Treasury.
3   The parties believe it will be onerous and time consuming for the Special Master to directly
4 implement the expenditure plan ordered by the Court on August 29, 2024 because doing so would
5 require duplication of systems already in place at the California Department of Corrections and
6 Rehabilitation (CDCR) and elsewhere in state government.  Consequently, the parties believe the
7 best course would be for CDCR to directly expend the fines as ordered by the Court under the
8 Special Master's oversight.
9   In order for CDCR to implement the court-approved plan under the Special Master's
10 oversight, CDCR will need direct and ready access to the funds so that it will be able to timely
11 expend them through existing state budgetary systems as required by the Court's orders.  (Decl.
12 Krogseng ¶ 3.)  Because the state will ultimately need to possess the funds in order to spend them,
13 it would be inefficient and time consuming for CDCR to deposit checks into the Court's Registry
14 and then receive checks or electronic transfers back from the Registry in a piecemeal manner to
15 make the ordered expenditures.  (*Id.*)  In addition to the time it would take for the Court to
16 transfer funds from the Registry to the state, upon receiving the funds from the Registry, CDCR
17 would be required to deposit the funds into the State Treasury, and then the funds would need to
18 be approved for transfer and transferred by the State Controller's Office to an appropriate account
19 before they could be used by CDCR.  (*Id.*)  The Department of Finance estimates that this entire
20 process could take roughly ten business days, which would be on top of the time needed for
21 CDCR to implement various parts of the plan to expend fines.  (*Id.*)  Going forward, this process
22 would need to be performed repeatedly, and possibly many times, as various parts of the
23 expenditure plan were implemented.  (*Id.*)
24   Instead of requiring the intermediary step of depositing the fines into the Court's Registry
25 before the money is transferred back to CDCR, the parties propose an alternative method of
26 administering the expenditure plan in which the fines will be transferred to a newly created

Mental Health Staffing Special Deposit Fund within the State Treasury.[1] (*Id.* ¶ 4.) CDCR would then be able to implement the expenditure plan out of this Special Deposit Fund. (*Id.*)

The expenditure of funds on staff bonuses presents a good example for why this proposal makes sense. (*Id.* ¶ 5.) The expenditure plan requires that bonuses be paid to existing CDCR staff. (*Id.*) The state already has a payroll system and personal contact information for CDCR's employees, and the state is already authorized to process direct deposits of compensation into these employees' personal bank accounts. (*Id.*) Additionally, the state already has processes in place to account for any taxes or other deductions that may be necessary for this form of employee compensation. (*Id.*) Defendants' proposal would allow CDCR to effectuate bonus payments with funds from the Mental Health Staffing Special Deposit Fund. (*Id.*) Consequently, it would be far more efficient for the state to administer these payments directly, under the Special Master's oversight, than for the Special Master to administer the bonuses himself. (*Id.*) The Mental Health Staffing Special Deposit Fund would allow CDCR to do this and to efficiently make other expenditures required by the Court's orders without the burdensome process of multiple time-consuming transfers to and from the Court's Registry. (*Id.*)

Special Deposit Funds are regularly used in state budgeting to segregate funds that must be used for a specified purpose (*see*, e.g., Government Code sections 16370, 16372), and are often used for the expenditure of funds received by the state for court judgments or settlements pursuant to the terms of those judgments or settlements. (*Id.* ¶ 6.) Moneys in these special deposit funds may only be used for the purposes for which the fund was created and may be created in statute or may be created by the Department of Finance and the State Controller's Office. (*Id.*)

To reduce the risk of delays if the Court approves this Special Deposit Fund proposal, the Department of Finance and the State Controller's Office created the Mental Health Staffing Special Deposit Fund on September 4, 2024, to receive staffing contempt fines for the purpose of administering the "expenditure of staffing contempt fines to address mental health staffing

---

[1] By joining in this proposal, Defendants do not waive their right to appeal the Court's order requiring the implementation of the plan for expenditure of fines.

[4555700.1]    3

Joint Proposal Deposit Contempt Fines Mental Health Staffing Special Deposit Fund [Proposed Order] (2:90-cv-00520 KJM-SCR (PC))

vacancies pursuant to court orders in *Coleman vs. Newsom*, U.S. District Court, Eastern District of California, Case No. 2:90-CV-00520-KJM-SCR." (*Id.* ¶ 7, Ex. A)  The use of the funds would accordingly be limited to the stated uses for which the Mental Health Staffing Special Deposit Fund was created.  (*Id.* ¶ 7.)  If the Court approves this alternative proposal, the Department of Finance estimates the completion of the initial transfer to the Special Deposit Fund could take roughly three to five business days from the date of the Court's order.  (*Id.*)   The initial transfer of funds to the Special Deposit Fund will be the full amount of the fines that have accrued and been reported since April 1, 2023, through the staffing report filed on August 30, 2024, consistent with the Court's August 29, 2024 order.  (*See* ECF No. 8381 at 8.)  And consistent with the Court's previous order concerning the timing of deposits of future fines, the parties propose that Defendants have ten days from the filing of each monthly staffing report to deposit any accrued fines set forth in the report into the Mental Health Staffing Special Deposit Fund.  (*See* ECF No. 8299 at 2.)

      The Mental Health Staffing Special Deposit Fund would segregate the fines from the rest of CDCR's budget and could be readily tracked.  (*Id.* ¶ 8.)  CDCR would be able to run reports regarding activity in the fund to demonstrate to the Special Master and the Court the amounts that have been transferred to the fund, and the amounts that have been transferred from the fund to make the Court-ordered expenditures.  (*Id.*)  No payments would be made from the fund without advance notice to Plaintiffs and approval by the Special Master of the amounts and purposes of the expenditures.  CDCR also would provide Plaintiffs and the Special Master with a monthly accounting of all monies transferred into and out of the fund.  The parties and the Special Master will jointly develop an appropriate report that accounts for all deposits to and expenditures from the Special Deposit Fund on a monthly basis within ten days of the end of each month, as well as a form and procedure to give advance notice and obtain Special Master approval of each expenditure from the Fund.

      The Special Master and members of his team have discussed the joint proposal with the parties during the meet-and-confer process and the Special Master has no objections to the proposal.

[4555700.1]   4

Joint Proposal Deposit Contempt Fines Mental Health Staffing Special Deposit Fund [Proposed Order] (2:90-cv-00520 KJM-SCR (PC))

|   |   |   |
|---|---|---|
| | | Respectfully submitted, |
| DATED: September 5, 2024 | | ROB BONTA<br>Attorney General of California<br>Monica Anderson<br>Senior Assistant Attorney General |
| | | By: /s/ *Damon McClain*<br>Damon McClain<br>Supervising Deputy Attorney General |
| DATED: September 5, 2024 | | HANSON BRIDGETT LLP |
| | | By: /s/ *Paul B. Mello*<br>Paul B. Mello<br>Lawrence M. Cirelli<br>Samantha D. Wolff |
| | | Attorneys for Defendants |
| DATED: September 5, 2024 | | ROSEN BIEN GALVAN & GRUNFELD LLP |
| | | By: /s/ *Michael W. Bien*<br>Michael W. Bien |
| | | Attorneys for Plaintiffs |

# [PROPOSED] ORDER

The parties' alternative proposal for the administration of the plan for expenditure of staffing contempt fines is approved.

1. Defendants are ordered to deposit all fines that have accumulated since April 1, 2023, through the staffing vacancy report filed on August 30, 2024, into the Mental Health Staffing Special Deposit Fund within five business days of the date of this order. Defendants shall file a notice with the Court confirming the deposit of the funds by _____, 2024.

2. Consistent with the Court's previous order (ECF No. 8299 at 2) Defendants shall have ten days from the filing of each monthly staffing report, which must be filed on the last court

[4555700.1]　　　5

Joint Proposal Deposit Contempt Fines Mental Health Staffing Special Deposit Fund [Proposed Order] (2:90-cv-00520 KJM-SCR (PC))

day of each month, to deposit any newly accrued fines set forth in that report into the Mental Health Staffing Special Deposit Fund.

3. The parties shall meet with the Special Master to develop agreed-upon monthly reporting of the balance and activity in the Mental Health Staffing Special Deposit Fund to be provided to Plaintiffs and the Special Master within ten days after the end of each month, and shall provide the proposed form of reporting to the Court for approval by October 8.

4. Defendants shall provide advance notice to Plaintiffs and the Special Master of payments from the Mental Health Staffing Special Deposit Fund and obtain approval from the Special Master before making payments from the Mental Health Staffing Special Deposit Fund.

**IT IS SO ORDERED.**

DATED: _____, 2024

Honorable Kimberly J. Mueller