| | |
|---|---|
| Rob Bonta, State Bar No. 202668<br>Attorney General of California<br>Monica N. Anderson, State Bar No. 182970<br>Senior Assistant Attorney General<br>Damon McClain, State Bar No. 209508<br>Supervising Deputy Attorney General<br>Elise Owens Thorn, State Bar No. 145931<br>Namrata Kotwani, State Bar No. 308741<br>Deputy Attorneys General<br>  455 Golden Gate Avenue, Suite 11000<br>  San Francisco, CA 94102-7004<br>  Telephone: (415) 510-4431<br>  Fax: (415) 703-5843<br>  E-mail: Namrata.Kotwani@doj.ca.gov<br>*Attorneys for Defendants* | Hanson Bridgett LLP<br>Paul B. Mello, State Bar No. 179755<br>Samantha D. Wolff, State Bar No. 240280<br>Kaylen Kadotani, SBN 294114<br>David C. Casarrubias, SBN 321994<br>  1676 N. California Boulevard, Suite 620<br>  Walnut Creek, CA 94596<br>  Telephone: (925) 746-8460<br>  Fax: (925) 746-8490<br>  E-mail: PMello@hansonbridgett.com<br>*Attorneys for Defendants* |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                   Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>                   Defendants. | 2:90-cv-00520 KJM-SCR (PC)<br><br>**DECLARATION OF KARI KROGSENG IN SUPPORT OF JOINT PROPOSAL FOR DEPOSIT OF CONTEMPT FINES IN MENTAL HEALTH STAFFING SPECIAL DEPOSIT FUND** |

1

Decl. Krogseng Supp. Joint Proposal Deposit Contempt Fines Mental Health Staffing Special Deposit Fund (2:90-cv-00520 KJM-SCR (PC))

**DECLARATION OF KARI KROGSENG**

I, Kari Krogseng, declare:

1.   I am the Chief Counsel for the California Department of Finance and have served in this position for ten years.

2.   The Legislature has provided the Department of Finance and the State Controller's Office authority to pay fines ordered by this court related to staffing vacancies in the 2024 Budget Act (Stats. 2024, Ch. 22, Sec. 201, Item 5225-002-001, Provision 13 (Senate Bill No. 108)). Defendants are prepared to make such payments pursuant to that legislative appropriation authority by depositing the required amounts into the Court's Registry.  But for the reasons discussed below, it would be more efficient to implement the plan for the expenditure of fines by depositing the fines into a special fund within the State Treasury to which the California Department of Corrections and Rehabilitation (CDCR) would have access.

3.   I am aware that the Court has ordered the Special Master to oversee Court-approved expenditures under the plan adopted by the Court.  In order for CDCR to implement the expenditure plan under the Special Master's oversight, CDCR will need direct and ready access to the funds so that it will be able to expend them through existing state budgetary systems as required by the Court's orders.  Because the state will ultimately need to possess the funds in order to spend them, it would be inefficient and time consuming for CDCR to deposit checks into the Court's Registry and then receive checks or electronic transfers back from the Registry to make the ordered expenditures.  In addition to the time it would take for the Court to transfer funds from the Registry to the state, upon receiving the funds from the Registry, CDCR would be required to deposit the funds into the State Treasury, and then the funds would need to be approved for transfer and transferred by the State Controller's Office to an appropriate account before they could be used by CDCR.  The Department of Finance estimates that this entire process could take roughly ten business days, which would be on top of the time needed for CDCR to implement various parts of the plan to expend fines.  Going forward, this process would need to be performed repeatedly, and possibly many times, as various parts of the expenditure plan were implemented.

4.      Instead of requiring the intermediary step of depositing the fines into the Court's Registry before the money is transferred back to CDCR, Defendants propose an alternative method of administering the expenditure plan in which the fines will be transferred to a newly-created Mental Health Staffing Special Deposit Fund within the State Treasury. CDCR would then be able to implement the expenditure plan out of this Special Deposit Fund.

5.      The expenditure of funds on staff bonuses presents a good example for why this proposal makes sense. The expenditure plan requires that bonuses be paid to existing CDCR staff. The state already has a payroll system and personal contact information for CDCR's employees, and the state is already authorized to process direct deposits of compensation into these employees' personal bank accounts. Additionally, the state already has processes in place to account for any taxes or other deductions that may be necessary for this form of employee compensation. Defendants' proposal would allow CDCR to effectuate bonus payments with funds from the Mental Health Staffing Special Deposit Fund. Consequently, it would be far more efficient for the state to administer these payments directly under the Special Master's oversight, than for the Special Master to administer the bonuses himself. The Mental Health Staffing Special Deposit Fund would allow CDCR to do this and to efficiently make other expenditures required by the Court's orders without the burdensome process of multiple time-consuming transfers from the Court's Registry.

6.      Special Deposit Funds are regularly used in state budgeting to segregate funds that must be used for a specified purpose (see, e.g., Government Code sections 16370, 16372), and are often used for the expenditure of funds received by the state for court judgments or settlements pursuant to the terms of those judgments or settlements. Moneys in these special deposit funds may only be used for the purposes for which the fund was created and may be created in statute or may be created by the Department of Finance and the State Controller's Office.

7.      To help reduce the risk of delays if the Court approves this Special Deposit Fund proposal, the Department of Finance and the State Controller's Office created the Mental Health Staffing Special Deposit Fund on September 4, 2024, to receive staffing contempt fines for the purpose of administering the "expenditure of staffing contempt fines to address mental health

3

Decl. Krogseng Supp. Joint Proposal Deposit Contempt Fines Mental Health Staffing Special Deposit Fund (2:90-cv-00520 KJM-SCR (PC))

staffing vacancies pursuant to court orders in *Coleman vs. Newsom*, U.S. District Court, Eastern District of California, Case No. 2:90-CV-00520-KJM-SCR." (*See* Exhibit A.) The use of the funds would accordingly be limited to the stated uses for which the Mental Health Staffing Special Deposit Fund was created. If the Court approves this alternative proposal, the Department of Finance estimates the completion of the initial transfer to the Special Deposit Fund could take roughly three to five business days from the date of the Court's order.

8. The Mental Health Staffing Special Deposit Fund would segregate the fines from the rest of CDCR's budget and could be readily tracked. CDCR would be able to run reports regarding activity in the fund to demonstrate to the Special Master and the Court the amounts that have been transferred to the fund, and the amounts that have been transferred from the fund to make the Court-ordered expenditures.

9. The Department of Finance has consulted with the State Controller's Office and it is my understanding and belief that the proposed order that accompanies this declaration, in conjunction with the 2024 Budget Act and the Court's prior orders, will be sufficient authority for the Department of Finance, State Controller's Office, and CDCR to transfer and expend the funds as required by the Court's orders.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 5, 2024, at Sacramento, California.

                                   */s/ Kari Krogseng*
                                   Kari Krogseng