Rob Bonta, State Bar No. 202668
Attorney General of California
Monica N. Anderson, State Bar No. 182970
Senior Assistant Attorney General
Damon McClain, State Bar No. 209508
Supervising Deputy Attorney General
Elise Owens Thorn, State Bar No. 145931
Namrata Kotwani, State Bar No. 308741
Deputy Attorneys General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-4431
  Fax:  (415) 703-5843
  E-mail:  Namrata.Kotwani@doj.ca.gov
*Attorneys for Defendants*

Hanson Bridgett LLP
Paul B. Mello, State Bar No. 179755
Samantha D. Wolff, State Bar No. 240280
Kaylen Kadotani, SBN 294114
David C. Casarrubias, SBN 321994
  1676 N. California Boulevard, Suite 620
  Walnut Creek, CA 94596
  Telephone:  (925) 746-8460
  Fax:  (925) 746-8490
  E-mail:  PMello@hansonbridgett.com
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                      Plaintiffs,<br><br>**v.**<br><br>**GAVIN NEWSOM, et al.,**<br><br>                      Defendants. | 2:90-cv-00520 KJM-SCR (PC)<br><br>**JOINT PROPOSAL FOR DEPOSIT OF CONTEMPT FINES IN MENTAL HEALTH STAFFING SPECIAL DEPOSIT FUND AND ORDER** |

**JOINT PROPOSAL FOR DEPOSIT OF FINES**

The Court ordered that by "September 6, 2024 at 12 noon, defendants shall deposit into the Court's Registry all fines that have accumulated since April 1, 2023 as the court previously has ordered, *see* June 25, 2024 Order, ECF No. 8291, unless before September 6, 2024 at 12 noon the parties propose and the court approves specific orders putting in place an alternative method of administering the Plan with the full amount of the allocated funding that does not require first depositing the funds with the Court." (ECF No. 8381 at 8.)  The parties now jointly propose such an alternative plan for administering the funds that would require that the contempt fines be

[4555700.1]

1

Joint Proposal Deposit Contempt Fines Mental Health Staffing Special Deposit Fund and Order (2:90-cv-00520 KJM-SCR (PC))

deposited into a Mental Health Staffing Special Deposit Fund that has been established within the State Treasury.

The parties believe it will be onerous and time consuming for the Special Master to directly implement the expenditure plan ordered by the Court on August 29, 2024 because doing so would require duplication of systems already in place at the California Department of Corrections and Rehabilitation (CDCR) and elsewhere in state government. Consequently, the parties believe the best course would be for CDCR to directly expend the fines as ordered by the Court under the Special Master's oversight.

In order for CDCR to implement the court-approved plan under the Special Master's oversight, CDCR will need direct and ready access to the funds so that it will be able to timely expend them through existing state budgetary systems as required by the Court's orders. (Decl. Krogseng ¶ 3.) Because the state will ultimately need to possess the funds in order to spend them, it would be inefficient and time consuming for CDCR to deposit checks into the Court's Registry and then receive checks or electronic transfers back from the Registry in a piecemeal manner to make the ordered expenditures. (*Id.*) In addition to the time it would take for the Court to transfer funds from the Registry to the state, upon receiving the funds from the Registry, CDCR would be required to deposit the funds into the State Treasury, and then the funds would need to be approved for transfer and transferred by the State Controller's Office to an appropriate account before they could be used by CDCR. (*Id.*) The Department of Finance estimates that this entire process could take roughly ten business days, which would be on top of the time needed for CDCR to implement various parts of the plan to expend fines. (*Id.*) Going forward, this process would need to be performed repeatedly, and possibly many times, as various parts of the expenditure plan were implemented. (*Id.*)

Instead of requiring the intermediary step of depositing the fines into the Court's Registry before the money is transferred back to CDCR, the parties propose an alternative method of administering the expenditure plan in which the fines will be transferred to a newly created

Mental Health Staffing Special Deposit Fund within the State Treasury.[1] (*Id.* ¶ 4.) CDCR would then be able to implement the expenditure plan out of this Special Deposit Fund. (*Id.*)

The expenditure of funds on staff bonuses presents a good example for why this proposal makes sense. (*Id.* ¶ 5.) The expenditure plan requires that bonuses be paid to existing CDCR staff. (*Id.*) The state already has a payroll system and personal contact information for CDCR's employees, and the state is already authorized to process direct deposits of compensation into these employees' personal bank accounts. (*Id.*) Additionally, the state already has processes in place to account for any taxes or other deductions that may be necessary for this form of employee compensation. (*Id.*) Defendants' proposal would allow CDCR to effectuate bonus payments with funds from the Mental Health Staffing Special Deposit Fund. (*Id.*) Consequently, it would be far more efficient for the state to administer these payments directly, under the Special Master's oversight, than for the Special Master to administer the bonuses himself. (*Id.*) The Mental Health Staffing Special Deposit Fund would allow CDCR to do this and to efficiently make other expenditures required by the Court's orders without the burdensome process of multiple time-consuming transfers to and from the Court's Registry. (*Id.*)

Special Deposit Funds are regularly used in state budgeting to segregate funds that must be used for a specified purpose (*see*, e.g., Government Code sections 16370, 16372), and are often used for the expenditure of funds received by the state for court judgments or settlements pursuant to the terms of those judgments or settlements. (*Id.* ¶ 6.) Moneys in these special deposit funds may only be used for the purposes for which the fund was created and may be created in statute or may be created by the Department of Finance and the State Controller's Office. (*Id.*)

To reduce the risk of delays if the Court approves this Special Deposit Fund proposal, the Department of Finance and the State Controller's Office created the Mental Health Staffing Special Deposit Fund on September 4, 2024, to receive staffing contempt fines for the purpose of administering the "expenditure of staffing contempt fines to address mental health staffing

---

[1] By joining in this proposal, Defendants do not waive their right to appeal the Court's order requiring the implementation of the plan for expenditure of fines.

vacancies pursuant to court orders in *Coleman vs. Newsom*, U.S. District Court, Eastern District of California, Case No. 2:90-CV-00520-KJM-SCR." (*Id.* ¶ 7, Ex. A)  The use of the funds would accordingly be limited to the stated uses for which the Mental Health Staffing Special Deposit Fund was created. (*Id.* ¶ 7.)  If the Court approves this alternative proposal, the Department of Finance estimates the completion of the initial transfer to the Special Deposit Fund could take roughly three to five business days from the date of the Court's order. (*Id.*)  The initial transfer of funds to the Special Deposit Fund will be the full amount of the fines that have accrued and been reported since April 1, 2023, through the staffing report filed on August 30, 2024, consistent with the Court's August 29, 2024 order. (*See* ECF No. 8381 at 8.)  And consistent with the Court's previous order concerning the timing of deposits of future fines, the parties propose that Defendants have ten days from the filing of each monthly staffing report to deposit any accrued fines set forth in the report into the Mental Health Staffing Special Deposit Fund. (*See* ECF No. 8299 at 2.)

The Mental Health Staffing Special Deposit Fund would segregate the fines from the rest of CDCR's budget and could be readily tracked. (*Id.* ¶ 8.)  CDCR would be able to run reports regarding activity in the fund to demonstrate to the Special Master and the Court the amounts that have been transferred to the fund, and the amounts that have been transferred from the fund to make the Court-ordered expenditures. (*Id.*)  No payments would be made from the fund without advance notice to Plaintiffs and approval by the Special Master of the amounts and purposes of the expenditures.  CDCR also would provide Plaintiffs and the Special Master with a monthly accounting of all monies transferred into and out of the fund.  The parties and the Special Master will jointly develop an appropriate report that accounts for all deposits to and expenditures from the Special Deposit Fund on a monthly basis within ten days of the end of each month, as well as a form and procedure to give advance notice and obtain Special Master approval of each expenditure from the Fund.

The Special Master and members of his team have discussed the joint proposal with the parties during the meet-and-confer process and the Special Master has no objections to the proposal.

|   |   |   |
|---|---|---|
| | | Respectfully submitted, |
| DATED:  September 5, 2024 | | ROB BONTA |
| | | Attorney General of California |
| | | Monica Anderson |
| | | Senior Assistant Attorney General |
| | | |
| | | By:  /s/ Damon McClain |
| | | Damon McClain |
| | | Supervising Deputy Attorney General |
| | | |
| DATED:  September 5, 2024 | | HANSON BRIDGETT LLP |
| | | |
| | | By:  /s/ Paul B. Mello |
| | | Paul B. Mello |
| | | Lawrence M. Cirelli |
| | | Samantha D. Wolff |
| | | |
| | | Attorneys for Defendants |
| DATED:  September 5, 2024 | | ROSEN BIEN GALVAN & GRUNFELD LLP |
| | | |
| | | By:  /s/ Michael W. Bien |
| | | Michael W. Bien |
| | | |
| | | Attorneys for Plaintiffs |

# ORDER

The parties' alternative proposal for the administration of the plan for expenditure of staffing contempt fines is **approved**, as modified below.

1.    Defendants are ordered to deposit all fines that have accumulated since April 1, 2023, through the staffing vacancy report filed on August 30, 2024, into the Mental Health Staffing Special Deposit Fund within five business days of the date of this order.  Defendants shall file a notice with the Court confirming the deposit of the funds by September 16, 2024.

2.    Consistent with the Court's previous order (ECF No. 8299 at 2) Defendants shall have ten days from the filing of each monthly staffing report, which must be filed on the last court

5

day of each month, to deposit any newly accrued fines set forth in that report into the Mental Health Staffing Special Deposit Fund.

3. The parties shall meet with the Special Master to develop agreed-upon monthly reporting of the balance and activity in the Mental Health Staffing Special Deposit Fund to be filed with the court and provided to Plaintiffs and the Special Master within ten days after the end of each month, and shall provide the proposed form of reporting to the Court for approval by October 8, 2024.

4. Defendants shall provide advance notice to Plaintiffs and the Special Master of payments from the Mental Health Staffing Special Deposit Fund and obtain approval from the Special Master before making payments from the Mental Health Staffing Special Deposit Fund.

**IT IS SO ORDERED.**

DATED: 9/6/2024

CHIEF UNITED STATES DISTRICT JUDGE

6

Joint Proposal Deposit Contempt Fines Mental Health Staffing Special Deposit Fund and Order (2:90-cv-00520 KJM-SCR (PC))

Rob Bonta, State Bar No. 202668
Attorney General of California
Monica N. Anderson, State Bar No. 182970
Senior Assistant Attorney General
Damon McClain, State Bar No. 209508
Supervising Deputy Attorney General
Elise Owens Thorn, State Bar No. 145931
Namrata Kotwani, State Bar No. 308741
Deputy Attorneys General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-4431
  Fax:  (415) 703-5843
  E-mail:  Namrata.Kotwani@doj.ca.gov
*Attorneys for Defendants*

Hanson Bridgett LLP
Paul B. Mello, State Bar No. 179755
Samantha D. Wolff, State Bar No. 240280
Kaylen Kadotani, SBN 294114
David C. Casarrubias, SBN 321994
  1676 N. California Boulevard, Suite 620
  Walnut Creek, CA 94596
  Telephone:  (925) 746-8460
  Fax:  (925) 746-8490
  E-mail:  PMello@hansonbridgett.com
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                    Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>                    Defendants. | 2:90-cv-00520 KJM-SCR (PC)<br><br>**DECLARATION OF KARI KROGSENG IN SUPPORT OF JOINT PROPOSAL FOR DEPOSIT OF CONTEMPT FINES IN MENTAL HEALTH STAFFING SPECIAL DEPOSIT FUND** |

**DECLARATION OF KARI KROGSENG**

I, Kari Krogseng, declare:

1. I am the Chief Counsel for the California Department of Finance and have served in this position for ten years.

2. The Legislature has provided the Department of Finance and the State Controller's Office authority to pay fines ordered by this court related to staffing vacancies in the 2024 Budget Act (Stats. 2024, Ch. 22, Sec. 201, Item 5225-002-001, Provision 13 (Senate Bill No. 108)). Defendants are prepared to make such payments pursuant to that legislative appropriation authority by depositing the required amounts into the Court's Registry. But for the reasons discussed below, it would be more efficient to implement the plan for the expenditure of fines by depositing the fines into a special fund within the State Treasury to which the California Department of Corrections and Rehabilitation (CDCR) would have access.

3. I am aware that the Court has ordered the Special Master to oversee Court-approved expenditures under the plan adopted by the Court. In order for CDCR to implement the expenditure plan under the Special Master's oversight, CDCR will need direct and ready access to the funds so that it will be able to expend them through existing state budgetary systems as required by the Court's orders. Because the state will ultimately need to possess the funds in order to spend them, it would be inefficient and time consuming for CDCR to deposit checks into the Court's Registry and then receive checks or electronic transfers back from the Registry to make the ordered expenditures. In addition to the time it would take for the Court to transfer funds from the Registry to the state, upon receiving the funds from the Registry, CDCR would be required to deposit the funds into the State Treasury, and then the funds would need to be approved for transfer and transferred by the State Controller's Office to an appropriate account before they could be used by CDCR. The Department of Finance estimates that this entire process could take roughly ten business days, which would be on top of the time needed for CDCR to implement various parts of the plan to expend fines. Going forward, this process would need to be performed repeatedly, and possibly many times, as various parts of the expenditure plan were implemented.

2

Decl. Krogseng Supp. Joint Proposal Deposit Contempt Fines Mental Health Staffing Special Deposit Fund (2:90-cv-00520 KJM-SCR (PC))

4.	Instead of requiring the intermediary step of depositing the fines into the Court's Registry before the money is transferred back to CDCR, Defendants propose an alternative method of administering the expenditure plan in which the fines will be transferred to a newly-created Mental Health Staffing Special Deposit Fund within the State Treasury. CDCR would then be able to implement the expenditure plan out of this Special Deposit Fund.

5.	The expenditure of funds on staff bonuses presents a good example for why this proposal makes sense. The expenditure plan requires that bonuses be paid to existing CDCR staff. The state already has a payroll system and personal contact information for CDCR's employees, and the state is already authorized to process direct deposits of compensation into these employees' personal bank accounts. Additionally, the state already has processes in place to account for any taxes or other deductions that may be necessary for this form of employee compensation. Defendants' proposal would allow CDCR to effectuate bonus payments with funds from the Mental Health Staffing Special Deposit Fund. Consequently, it would be far more efficient for the state to administer these payments directly under the Special Master's oversight, than for the Special Master to administer the bonuses himself. The Mental Health Staffing Special Deposit Fund would allow CDCR to do this and to efficiently make other expenditures required by the Court's orders without the burdensome process of multiple time-consuming transfers from the Court's Registry.

6.	Special Deposit Funds are regularly used in state budgeting to segregate funds that must be used for a specified purpose (see, e.g., Government Code sections 16370, 16372), and are often used for the expenditure of funds received by the state for court judgments or settlements pursuant to the terms of those judgments or settlements. Moneys in these special deposit funds may only be used for the purposes for which the fund was created and may be created in statute or may be created by the Department of Finance and the State Controller's Office.

7.	To help reduce the risk of delays if the Court approves this Special Deposit Fund proposal, the Department of Finance and the State Controller's Office created the Mental Health Staffing Special Deposit Fund on September 4, 2024, to receive staffing contempt fines for the purpose of administering the "expenditure of staffing contempt fines to address mental health

staffing vacancies pursuant to court orders in *Coleman vs. Newsom*, U.S. District Court, Eastern District of California, Case No. 2:90-CV-00520-KJM-SCR." (*See* Exhibit A.) The use of the funds would accordingly be limited to the stated uses for which the Mental Health Staffing Special Deposit Fund was created. If the Court approves this alternative proposal, the Department of Finance estimates the completion of the initial transfer to the Special Deposit Fund could take roughly three to five business days from the date of the Court's order.

8. The Mental Health Staffing Special Deposit Fund would segregate the fines from the rest of CDCR's budget and could be readily tracked. CDCR would be able to run reports regarding activity in the fund to demonstrate to the Special Master and the Court the amounts that have been transferred to the fund, and the amounts that have been transferred from the fund to make the Court-ordered expenditures.

9. The Department of Finance has consulted with the State Controller's Office and it is my understanding and belief that the proposed order that accompanies this declaration, in conjunction with the 2024 Budget Act and the Court's prior orders, will be sufficient authority for the Department of Finance, State Controller's Office, and CDCR to transfer and expend the funds as required by the Court's orders.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 5, 2024, at Sacramento, California.

*/s/ Kari Krogseng*
Kari Krogseng

# Exhibit A

State of California                                              Malia M. Cohen, California State Controller

# Memorandum

**To:**     Sharon Love-Cole                                    September 4, 2024
           Associate Director, Fiscal Operations Branch
           CA Department of Corrections and Rehabilitation
           1515 S Street, Room 510-S
           Sacramento, CA 95811-7243

**From:**   **State Controller's Office**
           Prince Greene, Manager    *CA*    for Prince Greene
           Bureau of Fiscal Systems and Transactions
           State Accounting and Reporting Division

**Subject:  ESTABLISH SPECIAL DEPOSIT FUND**

The following Special Deposit Fund (SDF) has been established in the State Controller's Office Accounting and Reporting Management System. Enclosed is the copy of the approved AUD 10 form.

Account Title:     Mental Health Staffing

Account Number:    0942407-5225-1945-501

Period of Availability:    August 30, 2024 to August 31, 2029

If you have any questions, please contact Oksana Seremet at (916) 898-5925 or by email oseremet@sco.ca.gov.

PG: os

Enclosure (1)

**REQUEST TO STATE CONTROLLER TO ESTABLISH OR AMEND SPECIAL DEPOSIT FUND ACCOUNT FORM**

SUBMIT ORIGINAL TO DEPARTMENT OF FINANCE. UPON APPROVAL, DEPARTMENT OF FINANCE WILL FORWARD ORIGINAL TO STATE CONTROLLER'S OFFICE FOR PROCESSING. WHEN ACCOUNT HAS BEEN ESTABLISHED, AN ACKNOWLEDGED COPY WILL BE RETURNED TO THE AGENCY, AFTER WHICH CLAIMS MAY BE SUBMITTED.

UNLESS EXCEPTED BY LAW, OBLIGATIONS FROM THIS ACCOUNT ARE SUBJECT TO GENERAL STATE LAWS GOVERNING THE OBLIGATION OF STATE FUNDS (SEE 1 OPS, CAL. ATTY. GEN. 90). THIS INCLUDES CONTRACT, PURCHASE AND CIVIL SERVICE REQUIREMENTS, BOARD OF CONTROL RULES, APPROVALS BY DEPARTMENT OF GENERAL SERVICES AND ATTORNEY GENERAL, ETC.

CLAIM SCHEDULE WILL SHOW APPROPRIATION AS GOVERNMENT CODE (GC) SECTION 16370 AND THE ACCOUNT TITLE.

**UNDER THE PROVISIONS OF GC SECTION 16370 AND STATE ADMINISTRATIVE MANUAL SECTION 18420 PLEASE ESTABLISH OR AMEND THE FOLLOWING SPECIAL DEPOSIT FUND ACCOUNT.**

1. Proposed Account Title:
Mental Health Staffing

2. Source of Monies:
Staffing contempt fines pursuant to orders in Coleman vs. Newsom, Case No. 2:90-CV-00520-KJM-SCR

3. Purpose of Account:
Administration of court orders in Coleman vs. Newsom, Case No. 2:90-CV-00520-KJM-SCR

4. Date of Trust Instrument:
August 29, 2024

5. Department of Finance Approval:
By: Jennifer Koga (Digitally signed by Jennifer Koga, Date: 2024.08.30 11:32:09 -07'00')  Date: 8/30/2024

6. Disposition of Residue:
General Fund

7. Statute Reference, If Any:

8. Account Investing In SMIF:
Yes ☐   No ✔

9. Expenditures Authorized:
Expenditure of staffing contempt fines to address mental health staffing vacancies pursuant to court orders in Coleman vs. Newsom, U.S. District Court, Eastern District of California, Case No. 2:90-CV-00520-KJM-SCR

10. Period of Availability:
August 30, 2024 through August 31, 2029

**11. DEPARTMENT INFORMATION**

Department: California Department of Corrections and Rehabilitation

Organization Code: 5225

Contact Person: Sharon Love-Cole

Title: Associate Director

Signed: Sharon Love-Cole (DocuSigned by, E6CBD40EDE364FB...)

Date: 8/30/2024

**12. STATE CONTROLLER USE ONLY**

Remarks:

Account Established:
Date: 9/4/2024

Christine Atalig on behalf of acting BC G. Singh
BUREAU CHIEF
STATE ACCOUNTING AND REPORTING DIVISION

| FUND | AGENCY | FY | REF/ITEM |
|---|---|---|---|
| 0942407 | 5225 | 1945 | 501 (D) |

AUD 10 (REV 07/21)



Gavin Newsom ■ Governor
915 L Street ■ Sacramento CA ■ 95814-3706 ■ www.dof.ca.gov

August 30, 2024

Jay Singh, Assistant Division Chief, Operations
State Accounting & Reporting Division
State Controller's Office
3301 C Street
Sacramento, CA 95816

Dear Jay Singh:

**Request to Establish Special Deposit Fund Account- Mental Health Staffing**

Attached is a request to establish a Special Deposit Fund (SDF) account titled Mental Health Staffing on behalf of the California Department of Corrections and Rehabilitation (CDCR). The purpose of this SDF account is to deposit funds from the Coleman vs. Newsom, Case No. 2:90-CV-00520-KJM-SCR. The funds deposited in this account will be used for expenditures of staffing contempt fines to address mental health staffing vacancies pursuant to court orders in Coleman vs. Newsom, U.S. District Court, Eastern District of California, Case No. 2:90-CV-00520-KJM-SCR.

It is anticipated that the funds will be received and/or transferred into the fund in September 2024. As such, we request the immediate processing and establishment of the SDF account. The SDF account will need to have the following transaction accounts set up for the receipt and disbursement of funds: Transfer (T) Account for incoming funds transferred from external appropriations, Receipt (R) Account for deposit of external funds, and Disbursement (D) Account for the payment of expenditures as directed by the settlement agreement.

If the account can be closed earlier than August 31, 2029, CDCR will need to submit a letter to the SCO with a copy to our office. If the account is needed beyond the expiration date, CDCR will need to submit an amended AUD 10 form, Request to State Controller to Establish or Amend Special Deposit Fund Account, to our office at least 45 days prior to the expiration date. If you have any questions, please contact Margie Daniels at (916) 445-3434, extension 2179, or by e-mail Margie.Daniels@dof.ca.gov.

Sincerely,

*Jennifer Koga*

Jennifer Koga
Supervising Administrative Analyst
Fiscal Systems and Consulting Unit

cc:  Vanessa Trapnell, Bureau Chief, Bureau of Accounting and Consulting, State Accounting and Reporting Division, State Controller's Office
Amy Jarvis, Program Budget Manager, Department of Finance
Sharon Love-Cole, Associate Director, California Department of Corrections and Rehabilitation