**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| RALPH COLEMAN; et al., | No.   23-15755 |
| Plaintiffs-Appellees, | D.C. No.<br>2:90-cv-00520-KJM-DB |
| v. | |
| GAVIN NEWSOM, Governor, State of<br>California; et al., | MEMORANDUM[*] |
| Defendants-Appellants, | |
| and | |
| MATTHEW A. LOPES, Jr., Special Master, | |
| Real-party-in-interest-<br>Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Argued and Submitted August 12, 2024
San Francisco, California

Before:  GRABER, CALLAHAN, and KOH, Circuit Judges.
Dissent by: Judge CALLAHAN.

<hr>

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

FILED

SEP 26 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

California state prisoners who suffer from serious mental disorders filed the underlying action, alleging that the California Department of Corrections and Rehabilitation ("CDCR") provides mental health care that "is so inadequate that their rights under the Eighth and Fourteenth Amendments to the United States Constitution are violated." Coleman v. Wilson, 912 F. Supp. 1282, 1293 (E.D. Cal. 1995). In 1995, the district court agreed that the mental health care provided was constitutionally inadequate and that Defendants[1] were deliberately indifferent to CDCR's shortcomings. Id. at 1315–19. For almost 30 years, the district court has monitored Defendants' efforts to remedy those failures.

In the present case, Defendants appeal from the district court's order dated April 11, 2023 ("2023 Order"). Specifically, they challenge the district court's ruling that, for Defendants to seek relief from, or changes concerning, the court's orders dated October 17, 2017 ("2017 Order"), and July 3, 2018 ("2018 Order"), Defendants had to file a motion under Federal Rule of Civil Procedure 60(b). Defendants argue that, "because the 2017 and 2018 Orders are non-final and interlocutory, they do not fall under the purview of Rule 60(b), which applies to 'a final judgment, order, or proceeding.'" We agree.

---

[1]  Defendants are California officials: the Governor and various individuals who are responsible for providing mental health treatment to state prisoners through the CDCR.

The 2017 Order granted Plaintiffs only <u>preliminary</u> injunctive relief, establishing limits on Defendants' use of telepsychiatry.  Rule 60(b), therefore does not apply to the 2017 Order.  <u>See</u> <u>Prudential Real Est. Affiliates, Inc. v. PPR Realty, Inc.</u>, 204 F.3d 867, 880 (9th Cir. 2000) ("[A] preliminary injunction is not a final judgment, order, or proceeding that may be addressed by a motion under Rule 60(b)." (citations and internal quotation marks omitted)).

Our disposition concerning the 2018 Order, <u>Coleman v. Newsom</u>, 789 F. App'x 38 (9th Cir. 2019), is not to the contrary.  There, we held that the 2018 Order "merely reiterate[d]" the limitations already contained in the 2017 Order, "which [Defendants] chose not to appeal."  <u>Id.</u> at 39.  We did not characterize the 2017 Order as a <u>final</u> order or as a <u>permanent</u> injunction.  Our reference to Defendants' decision not to appeal implies nothing of the sort, because a party can appeal from the entry of a <u>preliminary</u> injunction.  28 U.S.C. § 1292(a)(1).  And an appeal from a preliminary injunction does not preclude an appeal from the later permanent injunction; a court remains free to reconsider its views before entering a permanent injunction.  <u>See, e.g.</u>, <u>Sierra Club v. Trump</u>, 963 F.3d 874, 882–83 (9th Cir. 2020) (considering appeal of a permanent injunction following appeal of a preliminary injunction), <u>vacated on other grounds by</u> <u>Biden v. Sierra Club</u>, 142 S. Ct. 46 (2021); <u>see also</u> <u>Sole v. Wyner</u>, 551 U.S. 74, 79–81 (2007) (reviewing case that granted preliminary injunction and denied permanent injunction).

Similarly, the 2018 Order lacks finality because it contemplated and permitted ongoing and future modifications to the telepsychiatry policy.  See Flores v. Garland, 3 F.4th 1145, 1153 (9th Cir. 2021) ("Orders contemplating further proceedings on the same issue, such as case management orders and contempt orders that do not impose sanctions, are unlikely to be final.  A final order should not anticipate any further proceedings on the same issue and should have some real-world significance."); see also Coleman, 789 F. App'x at 39 (noting that the 2018 Order merely continued the terms of the 2017 Order, which we have explained was non-final).

To summarize, the 2017 Order and the 2018 Order were only preliminary injunctions.  We pause to note that the fact that the parties agreed to relief granted in the 2017 and 2018 Orders does not change the analysis.  Under the Prison Litigation Reform Act ("PLRA"), orders incorporating agreed-upon forms of relief are not necessarily final judgments.  See Gilmore v. California, 220 F.3d 987, 1000–01 (9th Cir. 2000) (explaining that, although a consent decree ordinarily is a final judgment, under the PLRA a consent decree has a different meaning; the statute defines "consent decree" to include any relief ordered by the court that incorporates, even in part, the parties' agreement).

The order presently before us is the first and only final order on the subject it

covers, and it is the only order labeled as such.[2]  Because it was legal error for the district court to require Defendants to file a motion pursuant to Rule 60(b) to seek modification of the terms contained in <u>non</u>-final orders, we vacate and remand for further proceedings.  We emphasize that we require the district court only to consider, and not necessarily to adopt, Defendants' suggested revisions.

**VACATED AND REMANDED.**

---

[2]  We have jurisdiction over Defendants' appeal of the 2023 Order.  The order compels Defendants to implement the Provisionally Approved Telepsychiatry Policy.  We need not decide at this time whether the 2023 Order is a final order, appealable pursuant to 28 U.S.C. § 1291, or an injunction, appealable pursuant to 28 U.S.C. § 1292(a)(1).  Either way, we have appellate jurisdiction.

FILED

SEP 26 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

***Coleman v. Newsom***, No. 23-15755

CALLAHAN, Circuit Judge, dissenting:

Accepting, as a three-judge panel, that a preliminary injunction is not a "final judgment, order or proceeding" for purposes of Federal Rule of Civil Procedure 60(b), see Prudential Real Est. Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 880 (9th Cir. 2000), I still would not fault the district court for asking the Defendants to file a Rule 60(b) motion.

In the context of this particular litigation, it is by no means clear that the 2017 Order did not have some characteristics of a permanent injunction, which may be challenged by a Rule 60(b) motion, see Agostini v. Felton, 521 U.S. 203, 215 (1997), or that Defendants were not seeking modification of the 2020 Stipulation, which is similar to a consent decree. See Gilmore v. People of the State of California, 220 F.3d 987, 1007 (9th Cir. 2000) (stating that modification of a consent decree "is warranted if there is a 'significant change either in factual conditions or in law.'") (quoting Rufo v. Inmates of the Suffolk County Jail, 502 U.S. 367, 384 (1993).

A preliminary injunction should only be set aside if the district court abused its discretion, based its decision on an erroneous legal standard, or made clearly erroneous findings of fact. Puente Arizona v. Arpaio, 821 F.3d 1098, 1103 (9th Cir. 2016). The cases cited by Defendants, City of Los Angeles Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882 (9th Cir. 2001), and United States v.

<u>Smith</u>, 389 F.3d 944 (9th Cir. 2004), indicate that the district court had the inherent authority to consider Defendants' proposed revisions but do not suggest that it was compelled to do so.  Moreover, the district court's preference that Defendants file a motion pursuant to Rule 60 appears reasonable as Defendants' proposed revisions to their telepsychiatry policy are based on evidence that did not exist at the time of the district court's prior orders.  Accordingly, because I question whether it was legal error for the district court to request that Defendants file a Rule 60(b) motion, I would not vacate its order.