PETER J. HIRSIG (State Bar No. 197993)
peter.hirsig@mcnamaralaw.com
MARIA ZHURNALOVA-JUPPUNOV (State Bar No. 319004)
maria.zhurnalova-juppunov@mcnamaralaw.com
DANIEL R. MAYER (State Bar No. 300077)
daniel.mayer@mcnamaralaw.com
MCNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
639 Kentucky Street
Fairfield, CA 94533
Telephone: (707) 427-3998
Facsimile: (707) 427-0268

Attorneys for Defendants
Adams, Andaluz, Ashe, Asman, Branman, Brizendine, Brockenborogh, Ceballos, Diaz, Heatley, J. Johnson, R. Johnson, Kernan, Ponciano, Ramkumar, Rekart, Robinson, Rudas, M. Smith, C. Smith, Tiebrock, Toche, And Wanie

ROB BONTA (State Bar No. 202668)
Attorney General of California
JAY M. GOLDMAN (State Bar No. 168141)
Supervising Deputy Attorney General
JENNIFER J. NYGAARD (State Bar No. 229494)
Deputy Attorney General
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA 94612-0550
Telephone: (510) 879-0802
Fax: (510) 622-2270
E-mail: Jennifer.Nygaard@doj.ca.gov
Attorneys for Defendant Bradley

MICHAEL TERHORST (State Bar No. 164679)
Beeson Terhorst, LLP
510 Bercut Drive, Suite V
Sacramento, CA 95811
Telephone: (916) 444-3400
E-mail: michael@beesonterhorst.com
*Attorneys for Defs. Kuich and Lizarraga*

DEFS OBJECTION TO PL'S NOTICE OF
RELATED CASES - 2:20-CV-00195-KJM-CKD

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Estate of WILLIAM SCHMITZ, deceased, by and through THOMAS J. SCHMITZ and DIANNE MALLIA, as Successors in Interest; THOMAS SCHMITZ, Individually; and DIANNE MALLIA, Individually,<br><br>Plaintiffs,<br><br>vs.<br><br>ADAM ASMAN et al.,<br><br>Defendants. | Case No. 2:20-CV-00195-KJM-CKD<br>(Related Case:  2:90-cv-00520-KJM-SCR (PC) *Coleman v. Newsom*)<br><br>**DEFENDANTS ADAMS, ANDALUZ, ASHE, ASMAN, BRADLEY, BRANMAN, BRIZENDINE, BROCKENBOROGH, CEBALLOS, DIAZ, HEATLEY, J. JOHNSON, R. JOHNSON, KERNAN, KUICH, LIZARRAGA, PONCIANO, RAMKUMAR, REKART, ROBINSON, RUDAS, M. SMITH, C. SMITH, TIEBROCK, TOCHE, AND WANIE'S OBJECTION TO PLAINTIFF'S NOTICE OF RELATED CASES**<br><br>Dept.:      24, 8th Floor<br>Judge:     Hon. Carolyn K. Delaney<br>Action Filed:  7/16/2020 |

Defendants Andaluz, Ashe, Asman, Bradley, Branman, Brizendine, Brockenborogh, Ceballos, Diaz, Heatley, J. Johnson, R. Johnson, Kernan, Kuich, Lizzaraga, Ponciano, Ramkumar, Rekart, Robinson, Rudas, M. Smith, C. Smith, Tiebrock, Toche, and Wanie hereby object to Plaintiff Mallia's ("Plaintiff") Notice of Related Cases ECF 402 seeking to relate the case of *Schmitz et al v. Asman et al*., case: 2:20-cv-00195-DJC-CKD, with *Coleman v. Newsom, et al*., case: 2:90-cv-00520-KJM-SCR.

Plaintiff's request fails both procedurally and on the merits and should be denied.  The *Schmitz* and *Coleman* cases do not involve the same parties, similar claims or subject matter, similar events, or similar questions of law or fact—thus, they do not meet the criteria for relating cases. Furthermore, Plaintiff improperly filed her notice of related case while the *Schmitz* case is stayed for all purposes but written discovery and related motions on Plaintiff's claims. Plaintiff failed to file such a notice of related cases and serve the parties in the *Coleman* litigation. Furthermore, Plaintiff's notice of related cases is a blatant attempt at forum shopping: Plaintiff waited for more than 4 years and seeks relation and judicial reassignment of *Schmitz* only after the Court in *Schmitz*

DEFS OBJECTION TO PL'S NOTICE OF
RELATED CASES - 2:20-CV-00195-KJM-CKD                              1

1 denied Plaintiff's Motion for Partial Judgment on the Pleadings and denied Plaintiff's request for
2 judicial notice of the contents and conclusions set forth bench orders and Special Master reports in
3 *Coleman* (ECF No. 392 and 399). For all of these reasons, and as further discussed below,
4 Plaintiff's request to relate the cases should be denied.

## I. BACKGROUND

*Coleman v. Newsom, et al.*

*Coleman*, a long-running class action, started in 1990, concerning mental-health care for California inmates statewide, is in the compliance stage. All defendants named in the *Coleman* class action are sued in their official capacities and the class action plaintiffs seek declaratory and prospective injunctive relief. *See Coleman v. Wilson*, 912 F. Supp. 1282, 1293 (E.D. Cal. 1995). In 1995, the *Coleman* Court granted injunctive relief and appointed a special master to monitor compliance with the court's injunction and work with defendants and experts "to develop an effective remedial plan to address the constitutional violations identified by the court's 1995 order and to monitor defendants' implementation of and compliance with any court-ordered remedial plans." *Coleman v. Newsom*, No. 2:90-cv-00520-KJM-DB, 2024 U.S. Dist. LEXIS 56676, at *6-7 (E.D. Cal. Mar. 27, 2024)

*Schmitz v. Asman,* **et al.**

The case of *Schmitz v. Asman et al.*, involves the January 2019 death of William Schmitz ("Decedent") during his incarceration at Mule Creek State Prison ("MCSP") under the authority of the California Department of Corrections and Rehabilitation ("CDCR"). Decedent died in his prison cell of an accidental methamphetamine overdose after ingesting large quantities of the substance.

In 2020, Plaintiffs Dianne Mallia and Thomas Schmitz filed suit in pro se individually and as successor of interest to the estate of William Schmitz. (ECF No. 1.) Plaintiffs' operative complaint alleges that Decedent's death was the result of the deliberate indifference and/or negligence of a multitude of CDCR employees. (ECF No. 173.) Plaintiffs have named as defendants: (1) correctional officers Adam Asman and Erik Bradley in relation to their duties as floor correctional officers; (2) psychiatrists Alex Andaluz D.O, Jevon Johnson M.D., Robert

Johnson, M.D, Sujatha Ramkumar, M.D, and Michael Smith, M.D, in relation to the medical care and treatment they provided to Decedent regarding his mental health; (3) Eric Branman, LCSW, Violka Wanie, LCSW, and Rebecca Robinson, PsyD in relation to mental health care and treatment they provided to Decedent; (4) Marianna Ashe, M.D, Robert Rudas, M.D., and Christopher Smith, M.D. in relation to Decedent's alleged diagnosis and diagnostic imaging for end stage liver disease, (4) John Rekart, M.D., Scott Heatley, M.D., Jacob Adams, M.D., Rainbow Brockenborough, Laura Ceballos, Katherine Tebrock, Connie Gibson, Dianna Toche, Brittany Brizendine, Angela Ponciano, Raph Diaz, Scott Kernan, Kevin Kuich and Joe Lizarraga in relation to their leadership and/or supervisory role in CDCR and Plaintiffs' claims about customs, practices, policies and/or procedures of propagation of a custom of psychologists and social workers making decisions above their scope of practice, failure to ensure the Program Guide policies were adhered to and others. All Defendants are named in their individual capacity and Plaintiffs seek to recover monetary damages.

Plaintiffs allege Decedent was "removed" from critical antipsychotic medications and removed from the Enhanced Outpatient Program, which allegedly led to deterioration of his mental health and that he was misdiagnosed with end-stage liver disease and subjected to an unnecessary endoscopy, which Plaintiffs claim contributed to his suffering and death. (ECF No. 173 at ¶¶ 13, 14.). Plaintiffs allege that on the day he died, Decedent was housed alone "with access to illegal drugs and insufficient monitoring by CDCR guards" and was "forcibly given or ingested two bindles of methamphetamine" and died from the overdose. (ECF No. 173 at ¶ 15.)  The final Autopsy Report concludes Decedent's death was directly related to an accidental overdose of methamphetamine, due to leakage or rupture of bindles of ingested methamphetamine. The Death Certificate indicates Decedent suffered from a "massive overdose of methamphetamine" after a "leakage or rupture of bindle(s) of methamphetamine ingested for purposes of drug smuggling." (ECF No. 314-4, pp. 482-502)

On October 15, 2024, due to the finding of inability to proceed to litigate pro se, Plaintiff Thomas Schmitz was appointed a guardian ad litem and the case was stayed for five months except for Plaintiff Mallia's written discovery and related motions. (ECF Nos. 388, 399.)

///

## II. ARGUMENT

### A. PLAINTIFF FAILED TO PROMPTLY FILE A NOTICE OF RELATED CASES AND THIS CASE IS CURRENTLY STAYED

Pursuant to Local Rule 123 (b), "counsel who has reason to believe that an action on file or about to be filed may be related to another action on file (whether or not dismissed or otherwise terminated) shall **promptly file in each action and serve on all parties in each action a Notice of Related Cases**." (Local Rule 123(b).) Plaintiffs filed their original complaint In January 2020. After four years of rigorous motion practice and extensive written discovery, resulting in production of thousands of documents, Plaintiff Mallia decided she has reason to believe that the *Schmitz* case is related to *Coleman.* Thus, Plaintiff's filing in untimely.

In fact, the timing of this notice demonstrates an improper attempt at forum or judge shopping. "Forum shopping occurs when a party attempts to manipulate an action to have it heard before a forum it deems more favorable, charitable, or sympathetic toward its point of view." *Cachet Fin. Servs. v. Everest Nat'l Ins. Co. (In re Cachet Fin. Servs.)*, 652 B.R. 341, 348 (C.D. Cal. 2023.) Plaintiff's belief that the *Schmitz* case and *Coleman* case are related and that the former should be reassigned came only after the Court in *Schmitz* denied Plaintiff's Motion for Partial Judgment on the Pleadings and denied Plaintiff's request for judicial notice of the contents and conclusions set forth in bench orders and Special Master reports in *Coleman.* (ECF No. 392 and 399.) The attempt at judge shopping is also evident from Plaintiff Mallia's ad hominem attacks in the notice of related cases, claiming that "[a]llowing the same Judge, with preexisting knowledge of Defendants and their tactics, can only help to prevent similar time-consuming deception from occurring in Schmitz."  (ECF No. 402 at 3.)

Furthermore, Plaintiff's request is procedurally improper because currently the entire *Schmitz* case is stayed except for her written discovery and related motions.  Plaintiff's request for relation and reassignment is neither a discovery request nor a related motion.

Finally, as of the submission of this objection, Plaintiff has not shown that she has filed and served her notice of related case in the *Coleman* action as requited by Local rule 123.

DEFS OBJECTION TO PL'S NOTICE OF
RELATED CASES - 2:20-CV-00195-KJM-CKD       4

///

## B. THE CASES DO NOT INVOLVE THE SAME PARTIES, CLAIMS, PROPERTIES, TRANSACTIONS OR EVENTS

*Schmitz* and *Coleman* do not involve the same parties. The *Schmitz* case currently has 27 named defendants. Plaintiff refers to Ralph Diaz, Scott Kernan, Katherine Tebrock, and Diana Toche as defendants common to both action. This is not the case. All defendants in *Schmitz* are sued in their individual capacity for damages for claims arising from the death one William Schmitz. All the defendants in *Coleman* are sued in their official capacity for injective relief. Thus, while Mr. Diaz and Ms. Tebrock were at some point defendants in *Coleman*, they were terminated as such because they no longer occupy office at CDCR. Currently, out of the 27 named defendants in *Schmitz*, only Dr. Toche is also named as a defendant in *Coleman*, and that is in her official capacity as Undersecretary for Health Care Services of the CDCR.

While the *Coleman* plaintiffs sought prospective injunctive relief for claims of deliberate indifference in the provision of mental-health care at CDCR, the S*chmitz* Plaintiffs seek monetary damages for not only on Eighth Amendment deliberate indifference claim, but also on state law claims for wrongful death based on different factual allegations against various Defendants and professional negligence claims that have nothing to do with provision of mental health care.

The cases do not involve the same property, transaction, or event. *Coleman* involves the provision of mental health services to a class of mentally ill inmates and monitoring of prospective remedial measures. While decedent William Schmitz was an inmate diagnosed with mental illness, and thus a class member of *Coleman*, the circumstances of this case, have little if anything to do with the issues in *Coleman*. Plaintiff's contentions against Decedent's treating psychiatrists are that they misdiagnosed him and/or allowed Decedent to stop taking antipsychotic medications, when he had the right to do so, there was no indication for involuntary medication, and he was functioning well without these medications. Plaintiffs' claim against Decedent's primary care physician is that she should have not allowed him to undergo an endoscopy, as was the protocol for inmate patients on the End Stage Liver Disease registry, because Decedent allegedly had been misdiagnosed with end stage liver disease. Plaintiffs' claims against the two correctional officers is based on their

1  contention that Decedent and been left without monitoring for an extended period of time. In their
2  400 page pleading, Plaintiffs also cite various orders, reports, or testimony in *Coleman*. Thus, while
3  Plaintiffs argue that the particular details related to the passing of Decedent developed against the
4  backdrop of the *Coleman* litigation, the specific facts and issues upon which Plaintiffs seek relief
5  and which are before the Court in *Schmitz* are not common to the systemic remedial measures in
6  *Coleman*.

   **C.  RELATING THE CASES WOULD NOT PREVENT AN UNDULY BURDENSOME DUPLICATION OF LABOR AND EXPENSE NOR SUBSTANTIALLY IMPROVE JUDICIAL ECONOMY**

9   Relating *Schmitz* to *Coleman* will not conserve judicial resources or effort because none of
10  the harm alleged by the individual defendants in *Schmitz* has been or will be or adjudicated in
11  *Coleman.* Furthermore, there is a reason why if a party believes a case is related, the notice of
12  related cases should be filed *promptly,* not when the later filed case has been rigorously litigated
13  for more than four years.  The Hon. Magistrate Judge Delaney has ruled on multiple discovery
14  motions, and has issued multiple finings and recommendation on pleading motions and dispositive
15  motions by both Plaintiffs and Defendants in the span of four and a half years.  The Hon. Chief
16  Judge Mueller over a year ago reassigned *Schmitz* to the Hon. District Judge Calabretta who has
17  also entered multiple orders on motions brought by Plaintiffs and by Defendants in this case.
18  Relating the actions and reassigning the *Schmitz* case at this stage would result in inefficient use of
19  judicial resources and further delays in this case, given the complex procedural history of *Schmitz*
20  and the lack of overlap of issues pending in the two cases.

21  Plaintiff Mallia's ad hominem attacks against "defendants" does little to advance her
22  argument that *Schmitz* and *Coleman* are related. She fails to cite to, and counsel for Defendants has
23  not found any other similar instance during the long history of *Coleman* where it has been found to
24  be related to similar suits for damages on behalf of a class member.

25  ///
26  ///
27  ///
28  ///

DEFS OBJECTION TO PL'S NOTICE OF
RELATED CASES - 2:20-CV-00195-KJM-CKD                6

1  ///

## III. CONCLUSION

Based on the foregoing, Plaintiff Mallia's request for relation of cases and reassignment should be denied. Relating the cases would lead to the absurd result where any lawsuit for damages on behalf of an inmate class member of *Coleman* who claims to have suffered an injury at least in part due to inadequate mental care will be related to *Coleman*, no matter what the underlying facts are, what the other asserted theories of liability are, and who the defendants are.

Dated: November 6, 2024     MCNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP

By:  /s/ Maria Zhurnalova-Juppunov
   Peter J. Hirsig
   Maria Zhurnalova-Juppunov
   Daniel R. Mayer
   Attorneys for Defendants ADAMS, ANDALUZ, ASHE, ASMAN, BRANMAN, BRIZENDINE, BROCKENBOROGH, CEBALLOS, DIAZ, HEATLEY, J. JOHNSON, R. JOHNSON, KERNAN, PONCIANO, RAMKUMAR, REKART, ROBINSON, RUDAS, M. SMITH, C. SMITH, TIEBROCK, TOCHE & WANIE

Dated: November 6, 2024     OFFICE OF THE CALIFORNIA ATTORNEY GENERAL

By:  /s/ Jennifer J. Nygaard
   Jennifer J. Nygaard
   Attorneys for Defendant Bradley

Dated: November 6, 2024     BEESON TERHORST

By:  /s/ Michael A. Terhorst
   Michael A. Terhorst
   Attorneys for Defendants
   Lizarraga and Dr. Kuich

PROOF OF SERVICE BY MAIL (C.C.P. §§ 1013a, 2015.5)

I hereby declare that I am a citizen of the United States, am over the age of eighteen years, and not a party to the within action; my business address is 3480 Buskirk Avenue, Suite 250, Pleasant Hill, CA 94523.

On this date I served the foregoing **DEFENDANTS ADAMS, ANDALUZ, ASHE, ASMAN, BRADLEY, BRANMAN, BRIZENDINE, BROCKENBOROGH, CEBALLOS, DIAZ, HEATLEY, J. JOHNSON, R. JOHNSON, KERNAN, KUICH, LIZARRAGA, PONCIANO, RAMKUMAR, REKART, ROBINSON, RUDAS, M. SMITH, C. SMITH, TIEBROCK, TOCHE, AND WANIE'S OPPOSITION TO PLAINTIFF'S NOTICE OF RELATED CASES** on the parties in said action, by placing a true copy thereof enclosed in a sealed envelope addressed as listed below for mailing. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid, in the United States Post Office mail box at Pleasant Hill, California, addressed as follows:

**Plaintiff in Pro Per:**

Ms. Dianne Mallia
404 Atkinson Street
Roseville, CA 95678

E-Mail: deedamallia@gmail.com

Joseph Schmitz
1856 Plaza Palo Alto
Chula Vista, CA 91914

Thomas Schmitz
404 Atkinson St.
Roseville, CA 95678

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on November 6, 2024 at Pleasant Hill, California.

_____

Tami Martin

DEFS OBJECTION TO PL'S NOTICE OF
RELATED CASES - 2:20-CV-00195-KJM-CKD

8