UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>GAVIN NEWSOM, et al.,<br><br>    Defendants. | No. 2:90-cv-0520 KJM SCR P<br><br>ORDER |

    The court convened a special status conference in this matter on November 21, 2024. *See* October 31, 2024 Minute Order, ECF No. 8449. Lisa Ells and Jenny Yelin participated by telephone conference as counsel for plaintiffs. Damon McClain and Elise Thorn appeared as counsel for defendants. California Department of Corrections and Rehabilitation (CDCR) General Counsel Jennifer Neill and Melissa Bentz, Attorney IV with CDCR's Office of Legal Affairs, also were present at the hearing. *Id.*; November 19, 2024 Minute Order, ECF No. 8465. The court confirms by this order the bench orders made at hearing.

    The court set the status conference based on its review of a letter dated May 1, 2024 from Melissa Bentz to Special Master Matthew A. Lopes, Jr., which Special Master Lopes appended to Part D of his Thirtieth Round Monitoring Report, ECF No. 8359. *See* ECF No. 8359-1 at 80-91. Ms. Bentz sent the letter in response to the Special Master's request for documents received by defendants on or about April 25, 2024. *Id*. at 80. The court confirms that the Special Master's

1

powers are governed by the December 13, 1995 Order of Reference, ECF No. 640. As particularly relevant here, paragraphs B2 and B5 of that order provide, respectively, that the Special Master has the power to "engage in informal conferences with CDC[R] staff employees and appointees and such persons shall cooperate with the special master and respond to inquiries and requests related to the performance of his duties, including requests for the compilation or communication or oral or written information" and "[t]o have unlimited access to the records, files and papers maintained by defendants to the extent that such access is related to the performance of the special master's duties under this Order of Reference. Such access shall include all departmental, institutional, and inmate records, including but not limited to, central files, medical records, and mental health records. The special master may obtain copies of all such relevant records, files, and papers." ECF No. 640 at 5-6.

Defendants shall forthwith ensure that all institution staff who interact with the Special Master or any member of his team understand the relevant provisions of the Order of Reference and that those provisions guide the Special Master's authority to receive information from all CDCR staff and employees.

Going forward, defendants shall lodge on the docket any response to the Special Master's request for documents that questions or expresses reservations concerning the Special Master's request. Defendants shall err on the side of caution and alert the court to any communication that will result in a delay in complying with the Special Master's requests. The Special Master shall inform the court promptly if he believes there is unnecessary delay or resistance from defendants without notice to the court. The court may determine itself or in its discretion refer such matters to the assigned magistrate judge to determine whether the defendants' response is consistent with the order of reference.

IT IS SO ORDERED.

DATED: November 25, 2024.

SENIOR UNITED STATES DISTRICT JUDGE