UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GAVIN NEWSOM, et al.,<br><br>    Defendants. | No. 2:90-cv-0520 KJM SCR P<br><br>ORDER |

As the court required in its order of August 16, 2024, ECF No. 8358, on September 30, 2024 the Special Master filed a report on the status of the ongoing data remediation process (hereafter Report), ECF No. 8410. The Special Master's report includes a review of "unresolved issues slowing progress toward completion of data remediation." *Id*. at 9-18, 19-29.[1] The Special Master signals he intends to work through the existing court coordination process with the *Plata*[2] Receiver" to the extent possible "to accelerate and complete remediation of" outstanding indicators, and to "continue ongoing discussions" with an "identified outside vendor" to provide

/////

---

[1] Citations to page numbers in documents filed in the Court's Electronic Case Filing (ECF) system are to page numbers assigned by ECF and located in the upper right hand corner of the page.

[2] *Plata v. Newsom*, Case No. C01-1351 JST (N.D. Cal.)

1

additional support to accelerate the process as needed. *Id*. at 30-31. On October 30, 2024, defendants filed a response to the Special Master's Report. ECF No. 8448.

Defendants agree with the Special Master's plan to work with the *Plata* Receiver. *Id*. at 3-4. They represent they do not have "sufficient detail" to respond fully to the proposal regarding the Special Master's possible engagement of an outside vendor. *Id*. at 4. And they take issue with Section IV(F) of the Report, in which the Special Master reiterates and expands on concerns he raised in his 30th Round Monitoring Report – Part D about defendants' failure to timely produce documents he has requested. *Id*. at 27-29.

After review, and good cause appearing, the court approves the Special Master's proposal and plan to work with the *Plata* Receiver to accelerate and complete remediation of identified data remediation indicators and to expand that coordination incrementally as appropriate. The court also approves the Special Master's plan to continue ongoing discussions with the identified outside vendor, subject to seeking court approval of any request to engage this vendor as an additional resource for the Special Master's team. The court adopts in full the findings in all sections of the Report with the exception of Section IV(F).

The issues presented by Section IV(F) of the report are related to issues the court addressed in a special status conference on November 21, 2024. *See* Minutes, ECF No. 8468, *see also* November 25, 2024 Order, ECF No. 8474.

Finally, on Friday, November 15, 2024, the court received an informal memorandum from the Special Master summarizing the status of indicators undergoing remediation. The Special Master reports there are currently a total of 326 indicators, more than half of which are fully remediated. Almost five years ago, the court gave provisional approval to a list of 148 indicators, which had grown over time to 267 indicators. ECF No. 8410 at 1. The court now caps the total number of indicators at 326. Any increase in this number must be approved by the court in advance, and the court will require a showing of extraordinarily good cause prior to granting any approval.

The Special Master has informally reported to the court that data remediation coordination with the *Plata* Receiver is ongoing and productive. He and the *Plata* Receiver expect the data

remediation will be completed not later than May 1, 2025. The *Plata* Receiver's e-mail message to the Special Master confirming this time frame is attached. The court confirms this completion date in this order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Except for Section IV(F), the court ADOPTS the Special Master's September 30, 2024 Data Remediation Status Report in full and APPROVES the Special Master's proposals and plans as explained in this order.

2. The court's findings with respect to the issues raised by Section IV(F) of the September 30, 2024 Report and its resolution of those issues in the court's November 25, 2024 order, ECF No. 8474, are incorporated in this order by reference.

3. The number of indicators in the data remediation process is capped at 326 and that number shall not be increased except with court approval on a showing of extraordinary cause.

4. Data remediation shall be completed not later than May 1, 2025.

DATED: December 5, 2024.

_____
UNITED STATES DISTRICT JUDGE

# Lopes Matthew

| | |
|---|---|
| **From:** | Clark Kelso <ckelso@PACIFIC.EDU> |
| **Sent:** | Tuesday, December 3, 2024 6:37 PM |
| **To:** | Lopes Matthew |
| **Subject:** | Data Remediation Progress |

Good evening, Matty.

I wanted to share with you a progress report on data remediation. Based on the progress made over the last 7 weeks, the good working relationship we have established through coordination, and after consulting both with your team and the executives and programmers at CDCR and reviewing the indicators outstanding for remediation, I have a high degree of confidence that we will be able to conclude the data remediation project no later than May 1, 2025. With a little luck, it may happen sooner. As you know, the process of information system development, programming and verification will continue non-stop even after the data remediation project has concluded as part of normal operations. That is to be expected since those continuing efforts lie at the very heart of process improvement, which I know both you and I have committed ourselves to achieving.

Best wishes,
Clark Kelso

> This message was sent from outside the company. Please do not click links or open attachments unless you recognize the source of this email and know the content is safe.