UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No. 2:90-cv-0520 KJM SCR P |
| Plaintiffs, | ORDER |
| v. | |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

On July 12, 2024, the court ordered the parties to show cause in writing why it "should not initiate formal proceedings to appoint a temporary receiver to assume responsibility, with this court's oversight, for completion of all tasks necessary to implementation of the remedy in this action" and set the order to show cause for hearing on August 20, 2024.  July 12, 2024 Order at 15, ECF No. 8330.  In that order, the court discussed several areas of defendants' on-going non-compliance with the remedies required in this action and set out reasons for its tentative conclusion that appointment of a temporary receiver to provide "professional, neutral leadership, external to the named defendants and their institutions, will be necessary to complete remediation on a reasonable timetable, as an alternative to the serial contempt proceedings the court is otherwise prepared to convene." *Id*. at 14.

On August 2, 2024, the parties filed a joint response to the order to show cause.  ECF No. 8347.  The parties jointly nominated the receiver in *Plata v. Newsom*, Case No. C01-1351 JST

1

(N.D. Cal.), Clark Kelso, to serve as temporary receiver in this action. *Id*. at 3-5. Separately, defendants represented they did "not concede that appointment of a receiver other than Mr. Kelso" was "appropriate." *Id*. at 6. They contended they "have made great strides in establishing a robust mental health care system" and that the court would not "be able to make the requisite findings to support the appointment of a receiver." *Id*. at 8, 11. They also contended that the court should take evidence and "cross-examine the court experts (to the extent the court intends to rely on their findings in support of a receiver's appointment)." *Id*. at 12. Plaintiffs contended (1) the court would be required to make factual findings to justify appointment of a receiver regardless of the parties' agreement; (2) "[t]here is a grave and immediate threat of harm to the plaintiff class . . . 'as a result of defendants' ongoing non-compliance' with various orders"; (3) the court's continued reliance on "less-extreme measures" would be futile because the court has exhausted all such measures; (4) defendants' "intransigence" over time weighs in favor of a receivership; and (5) no further hearing would be required because the record amply supports appointment of a receiver. *Id*. at 11-16.

Since receiving the parties' response to the order to show cause, the court has taken the following steps:

- Conducted the August 20, 2024 hearing on the Order to Show Cause, *see* ECF Nos. 8360, 8366, and a further show cause hearing on August 21, 2024, *see* ECF Nos. 8364, 8394.
- Signaled its intention to appoint a technical advisor to assist the court in "applying relevant organizational principles to the designation of a receiver in this case and, particularly, in assessing objectively whether the *Plata* receiver can serve as a separate and independent receiver in this action," August 22, 2024 Order at 2, ECF No. 8368; *see also* Reporter's Transcript of August 21, 2024 Videoconference Proceedings, at 4, ECF No. 8394, and thereafter, without objection from either party, appointed Eric Douglas to serve as technical advisor with the costs of his time to be borne by defendants, Aug. 27, 2024 Order, ECF No. 8377. Without any objection from the parties, the court has continued to

2

- consult the technical advisor as it considers other candidates for temporary receiver, after the *Plata* Receiver withdrew his name from consideration. *See, e.g.*, November 6, 2024 Order, ECF No. 8457 (directing payment of technical advisor's fees for services rendered in September and October 2024).
- Authorized discussions between the Special Master and the *Plata* Receiver concerning the possibility of the latter's appointment as Receiver in this action. As noted, Receiver Kelso subsequently withdrew his name from consideration for such appointment. *See* Sept. 24, 2024 Order at 1, ECF No. 8406;
- Accepted the parties' nomination of a second candidate for temporary receiver, ECF No. 8442, subsequently identified as Martin Hoshino, and met *in camera* with Mr. Hoshino, who then advised the court he was not available to serve as temporary receiver but agreed voluntarily to meet with the parties to identify other possible candidates. ECF No. 8463.
- Conducted a special status conference on December 5, 2024 with the parties to review its communications with Mr. Hoshino, ECF No. 8482, and signaled one option it was considering was to meet *in camera* with Michael Wilkening, the temporary receiver candidate identified following Mr. Hoshino's meetings with the parties, ECF No. 8483. At the December 5, 2024 status conference, plaintiffs expressed support for the court's meeting with Mr. Wilkening while defendants represented they would not agree to Mr. Wilkening's appointment and renewed their request for an evidentiary hearing and an opportunity for further briefing in the event the court continues to move forward with appointment of a temporary receiver.
- Met with Mr. Wilkening on December 9, who has indicated he will report back to the court to advise whether he wishes to be considered as the receiver in this case.

In its July 12, 2024 order, cited above, the court reviewed several areas in which defendants have not achieved constitutionally required remediation and in which required remediation has been delayed and "stalled in a seemingly endless cycle of conflict and delay."

3

1   ECF No. 8330 at 3-7.  The court also reviewed the several factors it considers in deciding whether
2   to appoint a receiver.  *Id*. at 8-16.  That order is incorporated in this order in full.
3         With respect to the remedial areas discussed in the July 12, 2024 order, the record has
4   since been updated with the following relevant facts:

- The staffing vacancy report defendants filed on November 27, 2024, shows institutional fill rates for psychiatrists and clinical social workers above the 90 percent rate required by the court's orders.  *See* ECF No. 8477 at 17-21.  That report also shows defendants have not yet achieved the required fill rate among the other three mental health classifications, nor have defendants achieved the required fill rates among psychiatrists, psychologists, or clinical social workers in the California Department of Corrections and Rehabilitation (CDCR) Psychiatric Inpatient Programs (PIPs).  *Id.*
- Defendants remain out of compliance with at least ten court-ordered suicide prevention measures.  *See* Reporter's Transcript of Proceedings at 39-40, ECF No. 8433; *see also* Nov. 27, 2024 Order, ECF No. 8478.
- Data remediation will not be completed by the end of 2024; the court has set a new deadline of May 1, 2025.  *See* Dec. 6, 2024 Order, ECF No. 8485.  Completion of data remediation is an essential threshold step to finalization of the continuous quality improvement tool (CQIT) and, ultimately, transition to defendants' self-monitoring and the end of federal court oversight.  *See, e.g.*, January 4, 2023 Order, ECF No. 7695*; see also, e.g.*, September 3, 2020 Order at 10, ECF No. 6846.

Viewed as whole, the record currently contains sufficient evidence of non-compliance for the court to move forward with appointment of a temporary receiver.[1]

---

[1] As noted, defendants requested an opportunity to cross-examine court experts, presumably the Special Master and members of his team, to the extent the court relies on the Special Master's reports to support appointment of a temporary receiver.  Defendants' request perpetuates their persistent unwillingness to accept that the Special Master is an arm of the court, not a party to this litigation.  He and his team do not come within the provisions of Federal Rule of Evidence 706.  The parties have ample opportunity to file objections, including evidence as

Moreover, defendants' position with respect to appointment of a temporary receiver continues to reflect their ongoing commitment to an endless cycle of litigation and delay: they agreed to appointment of the *Plata* Receiver on terms the parties had agreed to, and not to appeal any order appointing the *Plata* Receiver on the specific terms agreed to by the parties, but requested an evidentiary hearing if the court did not enter the precise order the parties jointly requested. ECF No. 8347. They signaled unqualified agreement to the second jointly proposed candidate. *See* ECF No. 8442. It cannot be true that the standards have been met for appointment of a temporary receiver in this action but only if defendants consent to the appointment of a particular person as temporary receiver on specific terms. This type of attempted "gotcha" litigation strategy has marked defendants' approach to compliance with their constitutional obligations for too long, causing incalculable and unnecessary delay and expenditure of resources. *See generally* ECF No. 8330 at 9-14. Without closer court management of the case, there would be no end in sight. Under these circumstances, the court remains convinced it has "no choice but to conclude that professional, neutral leadership, external to the named defendants and their institutions, will be necessary to complete remediation in this action on a reasonable timetable." *Id*. at 14.

In an abundance of caution, the court will allow the parties to file closing briefs on their respective positions concerning appointment of a temporary receiver, without regard to any particular person the court may appoint to serve as Receiver. In their briefs, the parties shall also address the question of durability of the remedy, including but not limited to (1) how long after full implementation of the remedy they believe the court should retain jurisdiction to ensure the remedy is durable; and (2) if there is any lawful reason not to provide that the temporary receiver's tenure include a period of durability.

/////

---

necessary, to each report from the Special Master prior to the court's consideration of such reports. *See* Dec. 13, 1995 Order of Reference, ECF No. 640; *see also* July 29, 2019 Order, ECF No. 6230. Defendants' unwarranted request to cross-examine the Special Master and his experts arguably provides further support for appointment of a temporary receiver with full authority to implement the remedy in this case, although the court does not rely on it in moving forward.

1    In accordance with the above, IT IS HEREBY ORDERED that the parties shall file the
2 briefs required by this order within thirty (30) days from the date of this order.
3 DATED: December 13, 2024.

_____
SENIOR UNITED STATES DISTRICT JUDGE