Rob Bonta, State Bar No. 202668
Attorney General of California
Monica N. Anderson, State Bar No. 182970
Senior Assistant Attorney General
Damon McClain, State Bar No. 209508
Supervising Deputy Attorney General
Elise Owens Thorn, State Bar No. 145931
Christian M. Georgely, State Bar No. 322952
Deputy Attorneys General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 210-7318
Fax: (916) 324-5205
E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

HANSON BRIDGETT LLP
LAWRENCE M. CIRELLI, SBN 114710
PAUL B. MELLO, SBN 179755
SAMANTHA D. WOLFF, SBN 240280
KAYLEN KADOTANI, SBN 294114
DAVID C. CASARRUBIAS-GONZÁLEZ, SBN 321994
SHANDYN H. PIERCE, SBN 336421
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: 415-777-3200
Pmello@hansonbridgett.com
*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GAVIN NEWSOM, et al. <br><br> Defendants. | Case No. 2:90-CV-00520- KJM-DB <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION TO MODIFY ORDER OF REFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT (ECF NO. 640)** <br><br> Judge: Hon. Kimberly J. Mueller |

## NOTICE OF MOTION

Please take notice that Defendants move this Court under Federal Rules of Civil Procedure, Rule 60(b) to modify the December 11, 1995 Order of Reference.[1] (ECF. No. 640.) Specifically, Defendants ask this Court to modify the Order of Reference at Section C (8:18-20) to update the standard applicable to the Court's review of the Special Master's findings of fact. The Order of Reference presently states that, "[p]ursuant to Fed. R. Civ. P. 53(e)(2), the court shall accept the special master's findings of fact unless they are *clearly erroneous*." (ECF No. 640 at

---

[1] Undesignated rule references are to the Federal Rules of Civil Procedure.

8:18-20, emphasis added.)  However, the standard set forth in Rule 53(e)(2) has since changed, and "[t]he court must decide de novo all objections to findings of fact made or recommended by a master," unless the parties stipulate otherwise.  Fed. R. Civ. P. 53(f)(3).  Here, the parties have not so stipulated.  Defendants therefore request that the current standard for the Court's review of objections to findings of fact made by a master, as set forth in Rule 53(f)(3), be applied to this Court's review of the Special Master's findings of fact prospectively.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

The Order of Reference, issued by this Court in December 1995, sets forth the specific duties and powers of the Special Master, and indicates that the Special Master's appointment is made "pursuant to Federal Rule of Civil Procedure 53 and the inherent powers of the court." (ECF No. 640 at 3:5-6.)  As is relevant to this motion, the Order of Reference cites a now-outdated standard for review of the parties' objections to the Special Master's findings of fact.  Because the Order of Reference is clear that the standards delineated in Rule 53 apply to the terms of the Special Master's appointment, including this Court's review of his findings and recommendations and the parties' objections thereto, Defendants respectfully request that the Order of Reference be modified to reflect current federal standard of *de novo* review.

## BACKGROUND

In 1995, the Court found Defendants in violation of the Eighth Amendment due to their failure to provide seriously mentally ill state prisoners with access to adequate mental health care. *See generally Coleman v. Wilson*, 912 F.Supp. 1282 (E.D. Cal.1995).  The Court then appointed a Special Master to work jointly with counsel for Plaintiffs and Defendants in development of a remedial plan.  *See* Declaration of Paul B. Mello ("Mello Decl.") at ¶ 2.  The same year, the Court issued an Order of Reference, which, among other things, laid out the duties and powers of the Special Master and the procedures to be followed under Federal Rules of Civil Procedure, Rule 53.  (ECF No. 60 at 8:18-20 [Order of Reference, Dec. 11, 1995].)  The Order of Reference states, as is relevant here, that "[p]ursuant to Fed. R. Civ. P. 53(e)(2), the court shall accept the special master's findings of fact unless they are clearly erroneous."  *Id*.

21374608.1

2

DEFENDANTS' NOTICE OF MOTION AND MOTION TO MODIFY

In 2003, Rule 53 was revised and the standard of review for findings of fact made or recommended by a master was updated from clear error to *de novo*. In 2009, this Court ruled that:

> The question of whether the provisions of Fed.R.Civ.P. 53(f)(3) should apply in these proceedings has not been briefed by the parties, and plaintiffs cite no authority mandating its application. Accordingly, the findings cited by defendants will be reviewed under the "clearly erroneous" standard set forth in the December 11, 1995 Order of Reference.

(ECF No. 3731 at 1 n.1.) In 2013, the Court again considered application of Rule 53, ruling that "[a]ll reports provided by the Special Master to the parties in accordance with the Order of Reference filed December 11, 1995 (Doc. No. 640) are reviewed under the standards set forth in that order." (ECF No. 4925 at 2 n.1.) Thus far, this Court has not embraced the update to Rule 53, most recently reiterating the clearly erroneous standard as the applicable legal standard in orders issued October 30, 2024 and November 4, 2024. (ECF Nos. 8447, 8456.) In the October 30th order, this Court resolved Defendants' objections concerning a monitoring report on the delivery of mental health care at several of Defendants' institutions with Correctional Clinical Case Management Programs. (ECF No. 8447 at 1.) In its analysis of the report and Defendants' objections, this Court stated that "[a]s required, the court adopts the Special Master's findings of fact unless they are 'clearly erroneous.'" *Id*. at 2. In its November 4th order, the Court resolved two of Defendants' objections concerning resolutions to data remediation disputes proposed by the Special Master. (ECF No. 8456 at 1.) In that order, the Court reasoned that it applied the same legal standard to resolution of the objections, stating that it "adopts the Special Master's findings of fact unless those findings are 'clearly erroneous.'" *Id*. (citing to 23 December 11, 1995 Order of Reference, ECF No. 640, at 8.)

Defendants now file this motion requesting that the Court exercise its discretion to modify the Order of Reference to ensure the application of the proper standard of review under Rule 53.

## ARGUMENT

Defendants seek modification of the Order of Reference issued by this Court on December 11, 1995. (ECF No. 640.) Defendants' proposed modification is intended to align the Order with current federal standards, consistent with the 2003 amendment to Federal Rules of Civil

Procedure, Rule 53. Fed. R. Civ. P. 53(f)(3). It is supported by just terms as required under Rule 60(b).

### A. Defendants' Proposed Change to the Order of Reference Would Ensure Equity and Accomplish Justice by Applying the Proper Standard of Review, Consistent with FRCP 53.

Federal Rules of Civil Procedure, Rule 60(b) provides that district courts have discretion to relieve parties from a judgment or order "on motion and just terms" under six circumstances. As is relevant here, modification is appropriate because prospective application of the Order's outdated terms "is no longer equitable," and for additional reasons justifying relief. Fed. R. Civ. P. 60(b)(5), (6). Defendants request a narrow modification to the Order so that it is consistent with the current law.

In 2003, Federal Rules of Civil Procedure, Rule 53, was "revised extensively" and, most important here, the standard of review applied to findings of fact made by a special master was heightened. *See* Fed. R. Civ. P. 53(f) advisory committee's note to 2003 amendment. Rule 53 now states that "[t]he court must decide de novo all objections and findings of fact made or recommended by a master, unless the parties, with the court's approval," stipulate otherwise. Fed. R. Civ. P. 53(f)(3).

Here, the parties have not entered into any such stipulation. Mello Decl. at ¶ 5. As such, consistent with the 2003 amendment, Rule 53 requires courts to review special masters' findings of fact *de novo*. Fed. R. Civ. P. 53(f)(3); *See Language Line Services, Inc., v. Language Services Associates, Inc.,* 500 Fed.App'x 678, 682 (9th Cir. 2012) (holding that district courts err where they apply clear error standard of review to special master's findings of fact absent stipulation by the parties); *see also Amado v. Gonzalez* 758 F.3d 1119, 1133 n.9 (9th Cir. 2014) (citing *Gardner v. Galetka*, 568 F.3d 862, 879 (10th Cir. 2009) and holding that courts are required to apply the correct standard of review even absent the issue being raised by parties). By contrast, the Order of Reference currently provides that this Court will review such findings of fact for "clear error." (ECF No. 640 at 8:18-20.) As discussed below, the amendment to Rule 53, a substantial change in applicable law, is a sufficient basis for this Court to grant Defendants' request for modification of the Order of Reference under Rule 60(b).

1. **Modification of the Court's Order of Reference is Appropriate Under Federal Rule of Civil Procedure 60(b)(5) and (6).**

Defendants seek modification of the Order of Reference because the change in law resulting from amendment to Rule 53 renders prospective application of the order's clear error standard of review inequitable and contrary to the interests of justice. Thus, relief from the Order of Reference as it currently stands is appropriate.

    a. **Continued Application of the Order of Reference without Modification is Inequitable.**

As discussed, *supra*, the most relevant change to Rule 53 was to the standard of review to be applied by district courts to a master's findings of fact. Such a change in applicable law has been deemed a sufficient basis for a court to grant relief from an order under Rule 60(b). *Fed. Trade Comm'n v. Hewitt*, 68 F.4th 461, 468 (9th Cir. 2023) ("Where a party seeks relief under Rule 60(b)(6) primarily based on an intervening change in the law, such an intervening change may be adequate."). Moreover, Ninth Circuit case law provides both that district courts are obligated to apply the correct standard of review and that courts err where they review a special master's findings and conclusions for clear error when the parties have not so stipulated. *See Amado,* 758 F.3d at 1133; *Language Line Services, Inc.,* 500 Fed.App'x at 682. This concern is particularly acute here, in a court-ordered institutional reform case, where "sensitive federalism concerns" are implicated and district courts are to take a "flexible approach" to requests to modify orders connected to a state's core responsibilities. *See Horne v. Flores*, 557 U.S. 433, 447-50 (2009).

The update to Rule 53 constitutes a significant change in the law applicable to this matter because it affects how this Court must review each of the Special Master's factual findings. Rule 53's amendment heightened this Court's standard of review from clear error to *de novo*. *See Language Line Services, Inc.*, 500 Fed.App'x 682. Put differently, the Rule 53 amendment results in a substantial change in the level of scrutiny this Court should apply to the Special Master's factual findings. As such, to deny Defendants' modification request and, thus, to prospectively apply the Order of Reference's clear error standard of review would be to afford the Special

Master a level of deference inconsistent with the law. This would not only be error, but it would specifically prejudice the parties. Such a result is inequitable and, thus, this Court should grant Defendants' requested modification under Rule 60(b)(5).

### b. Modification of the Order of Reference is Required to Accomplish the Interests of Justice.

Defendants' request for modification also falls squarely within the ambit of Rule 60(b)(6). Rule 60(b)(6) is a catch-all provision that authorizes a court to relieve a party from a final order for any reason not covered by the other provisions of the rule. *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007). Application of Rule 60(b)(6) is not subject to a categorical, factor-based test. *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 863 (1988). Instead, as the United States Supreme Court reasoned, "[i]n simple English, the language of the 'other reason' clause, for all reasons except the five particularly specified, vests power in courts adequate to enable them to vacate [orders] whenever such action is appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 614–15 (1949); *see also Lilijeberg,* 486 U.S. at 864.

This is such an instance. The circumstances presented here—a substantial amendment to Rule 53, which included a significant change to the applicable standard of review—strongly weigh in favor of this Court exercising its discretion to grant Defendants' requested relief under Rule 60(b)(6). Doing so would ensure that the Special Master's factual findings and the parties' objections to those findings are reviewed under the correct standard of review, ensuring justice is accomplished. Notably, this Court has previously acknowledged and applied the *de novo* standard of review to other submissions by the Special Master. (ECF No. 4925 at 2 n.1; ECF No. 8414; *see also* Defendant's Response to Plaintiffs' Second Brief Regarding General Objections, ECF No. 8249.)[2]

/ / /

/ / /

---

[2] This Court also acknowledged—albeit without deciding—application of the *de novo* standard during the recent hearing on September 30, 2024 concerning Defendants' objections to the Special Master's Expert's Sixth Re-Audit Report. (ECF No. 8433.)

### B. Defendants' Request is Timely Under the Circumstances

A party's request for relief pursuant to Rule 60(b)(6) must be brought "within a reasonable time." *U.S. v. Holtzman,* 762 F.2d 720, 725 (9th Cir. 1985); *see also In re Pacific Far East Lines, Inc.*, 889 F.2d 242, 249 (9th Cir. 1989). What constitutes a reasonable time "depends on the facts of each case." *Holtzman*, 762 F.2d at 725. And, "the facts are analyzed to determine whether the [other party] was prejudiced by the delay [citations] and whether [the requesting party] had a good reason for failing to take action sooner." *Id*. However, "[l]eniency also is appropriate when the challenged judgment is prospective." *Id*.

Defendants' request for modification of the Order is reasonably timely because the challenged Order of Reference is prospective, and Plaintiffs would not be harmed by the modification at this juncture in the case. Defendants' request seeks only to apply the current standard required under the Federal Rules going forward. Indeed, the *de novo* standard benefits both parties equally by interposing the impartial review by an Article III Judge over the findings of a non-Senate confirmed master. *See*, *e.g.* Fed. R. Civ. P. 53 advisory committee's note to 2003 amendment (observing that broad delegation of judicial functions and responsibilities can run afoul of Article III).

Additionally, Defendants' motion is timely because the Court directly addressed the issue of applying Rule 53's update in its October 30, 2024 order. (ECF No. 8447.) There, the Court acknowledged Rule 53's updated standard and Defendants' observation that the Parties had not stipulated to application of any standard other than *de novo* to factual findings covered by the Order of Reference. (ECF No. 8447 at 2.) Yet, the Court also expressed that it was unclear whether Defendants were contending that the updated *de novo* standard applied and that the issue had not yet been briefed by the Parties. (ECF No. 8447 at 3.) The Court ultimately concluded that it would apply the clearly erroneous standard in that instance. *Id*. Given the Court's recent discussion of the issue, its acknowledgment that the parties have not stipulated to a different standard of review, and its comments concerning briefing by the parties and the clarity of Defendants' contentions regarding Rule 53, this motion to modify the Order of Reference is timely under the circumstances.

**C.    Defendants Neither Waived Nor Forfeited the Applicable Standard of Review.**

Even if the Court finds that Defendants could have brought this motion sooner, the Court should still exercise its discretion to modify the Order of Reference because the issue of the correct standard of review is non-waivable and cannot be forfeited.  Generally, parties cannot waive or forfeit the issue of the applicable standard of review.  *Moody v. NetChoice, LLC*, 144 S. Ct. 2383, 2430 (2024) (Jackson, J., concurring) (reasoning that parties "cannot waive, concede, or abandon the applicable standard of review") (internal citations and quotations omitted); *see also Gardner*, 568 F.3d at 879 (holding that "[i]t is one thing to allow parties to forfeit claims, defenses, or lines of argument; it would be quite another to allow parties to stipulate or bind us to application of an incorrect legal standard …."); *Worth v. Tyer* (7th Cir. 2001) 276 F.3d 249, 262 n. 4 (reasoning that "[T]he court, not the parties, must determine the standard of review, and therefore, it cannot be waived"); s*ee also Amado,* 758 F.3d at 1133 (holding that courts are required to apply the correct standard of review even absent the issue being raised by parties).  Thus, Defendants have not waived or forfeited the issue of whether this Court has or will apply the correct, *de novo* standard under Rule 53 because the issue of which standard of review applies is non-waivable.

The only exception to this general rule arises from Rule 53(f)(3) itself, which contemplates that parties may stipulate to something other than *de novo* review for masters' reports.  *See* Fed. R. Civ. P. 53 advisory committee's note to 2003 amendment ("The provision in subdivision (b)(2)(D) that the order [of reference] must state the standards for reviewing the master's orders, findings, or recommendations is a reminder of the provisions of subdivision ([f])(3) that recognize stipulations for review less searching than the presumptive requirement of de novo decision by the court. Subdivision (b)(2)(D) does not authorize the court to supersede the limits of subdivision ([f])(3).")  The Rule 53(f)(3) exception does not apply here because the parties have not entered into any stipulation modifying the *de novo* standard of review.  *See* Mello Decl. at ¶ 5.  Accordingly, even if the Parties failed to raise the issue in the past—such as by not briefing it—the Court is still required to apply the correct standard of review.  Accordingly, Defendants' request for modification should be granted.

# CONCLUSION

Defendants' proposed modification to the Order of Reference is supported by the plain text of Rule 53 and would ensure that the Special Master's findings of fact and conclusions of law are properly reviewed by this Court under the current legal standard. This modification will ensure equity and accomplish the interests of justice. Rule 53 mandates that this Court apply the *de novo* standard and the Order should be modified so that it is consistent with current law. In short, the interests of justice require it. Accordingly, Defendants respectfully request that the Court grant their Motion to Modify the Order of Reference. (ECF Nos. 640).

# CERTIFICATION

In preparing this filing, Defendants' counsel certify that they have reviewed the following orders in preparing this filing: ECF Nos. 640, 3731, 4925, 8414, 8447, 8456, 8489, 8502. This motion sets forth arguments that have not been resolved by prior court orders as they are specifically tailored to address the unresolved issue of application of the updated Federal Rules of Civil Procedure, Rule 53. Counsel make this filing under their obligation to represent their clients zealously. Counsel certify that they have conducted a reasonable inquiry and have determined that this filing is well grounded, legally tenable, and not presented for an improper purpose, to harass, cause unnecessary delay, or needlessly increase the cost of litigation. Fed. R. Civ. P. 11(b)(1); *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 393 (1990). Each factual contention made in this filing is supported by a reference to evidence in the record and the legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. Fed. R. Civ. P. 11(b)(2).

DATED: December 23, 2024

ROB BONTA
Attorney General of California

By: */s/ Elise Owens Thorn*
DAMON MCCLAIN
Supervising Deputy Attorney General
ELISE OWENS THORN
Deputy Attorney General
*Attorneys for Defendants*

21374608.1

9

DEFENDANTS' NOTICE OF MOTION AND MOTION TO MODIFY

| | | |
|---|---|---|
| 1 | DATED: December 23, 2024 | HANSON BRIDGETT LLP |

By: _____*/s/ Samantha D. Wolff*_____
    LAWRENCE M. CIRELLI
    PAUL B. MELLO
    SAMANTHA D. WOLFF
    KAYLEN KADOTANI
    DAVID C. CASARRUBIAS-GONZÁLEZ
    SHANDYN H. PIERCE
    *Attorneys for Defendants*