Rob Bonta, State Bar No. 202668
Attorney General of California
Monica N. Anderson, State Bar No. 182970
Senior Assistant Attorney General
Damon McClain, State Bar No. 209508
Supervising Deputy Attorney General
Elise Owens Thorn, State Bar No. 145931
Namrata Kotwani, State Bar No. 308741
Christian M. Georgely, State Bar No. 322952
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7318
 Fax: (916) 324-5205
 E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

Hanson Bridgett LLP
Lawrence M. Cirelli, SBN 114710
Paul B. Mello, SBN 179755
Samantha D. Wolff, SBN 240280
Kaylen Kadotani, SBN 294114
David C. Casarrubias-González, SBN 321994
Mollie Levy, SBN 333744
Samantha Bacon, SBN 351561
425 Market Street, 26th Floor
 San Francisco, California 94105
 Telephone: 415-777-3200
 E-mail: PMello@hansonbridgett.com
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>Defendants. | Case No. 2:90-CV-00520- KJM-SCR<br><br>**DECLARATION OF TRAVIS WILLIAMS, PsyD, IN SUPPORT OF DEFENDANTS' RESPONSE TO THE SPECIAL MASTER'S REPORT ON HIS SUICIDE PREVENTION EXPERT'S SUPPLEMENTAL REPORT REGARDING MEASURES 31 AND 32 [ECF NO. 8475]**<br><br>Judge:     Hon. Kimberly J. Mueller |

I, Travis Williams, PsyD., declare as follows:

1. I am a Mental Health Administrator at the California Department of Corrections and Rehabilitation ("CDCR"). I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2. In my role at as a Mental Health Administrator for CDCR, I regularly work on the Coleman Class Action as part of CDCR's Mental Health leadership team. I am also actively

1

Williams Decl. ISO Response to Suppl. Report on Suicide Prevention (2:90-cv-00520 KJM-SCR)

involved in CDCR's efforts to develop and maintain a durable suicide prevention program in connection with court-ordered remediation in this matter.

3. I have been involved in extensive measures taken by CDCR to improve its suicide prevention practices to save inmate lives and to comply with the Court's Special Master's expert's recommendations.

4. I have reviewed the Special Master's report on his suicide expert's supplemental report regarding Measures 31 and 32 in response to the Court's September 30, 2024 bench order (Supplement Report) (ECF No. 8479) and make this declaration in response to the Supplemental Report.

5. The Supplemental Report states that San Quentin Rehabilitation Center (SQRC) was non-compliant because it did not meet the quorum and the Root Cause Analysis (RCA) requirements. (ECF No. 8479 at 9.) My review of the meeting minutes suggests the quorum issue was from the March 2024 meeting. Attached as Exhibit A is a true and correct copy of the SQRC meeting minutes for March 2024, with all provider and staff information redacted to maintain confidentiality. The records show that SQSP should not have been marked non-compliant for this meeting because the Director of Nursing was present at the meeting as the designee of the Psychiatric Technician. Additionally, SQRC completed a clinical case review per guidelines. A true and correct copy of the document, redacted to preserve confidentiality, is attached as Exhibit B.

6. Attached as Exhibit C are true and correct copies of the minutes from the California Medical Facility (CMF) SPRFIT meetings for January through June, 2024, with all provider and staff information redacted to maintain confidentiality. All minutes from January through June, 2024 reference the Suicide Risk Management Program (SRMP) and include a discussion about patients enrolled in the SRMP. The January 2024 minutes discuss a medically severe suicide attempt, which occurred in late December 2023 and the SPRFIT meeting reviewed the actual clinical case review.

///

///

1       7.      The Supplemental Report criticizes the CMF SPRFIT for missing the LOPs for the Crisis Intervention Team (CIT) and SRMP.  (ECF No. 8479 at 13.)  The LOPs were available and a true and correct copy of the LOPs are attached as Exhibit D.

        8.      Attached as Exhibit E are true and correct copies of meeting minutes for the California State Prison-Solano (SOL) SPRFIT with all provider and staff information redacted to maintain confidentiality.  The minutes show that the SOL SPRFIT achieved a quorum from January 2024 through June 2024.  The quorum deficiency was reported as a missing Associate Warden (AW) or captain in May. However, at that time, the healthcare captain position was vacant and SOL used an appropriate substitute as a designee: the healthcare lieutenant.  The SOL SPRFIT was also marked as non-compliant because "only three meetings included any reference to the SRMP." (ECF 8479 at 13.)  Although technically correct, the SRMP was omitted because SOL had no patients eligible for SRMP during those months.

        9.      On September 30, 2024, over 50 new reports regional SPRFIT coordinator reports were available for Mr. Hayes' review.  As with the 2023 reports, those reports are uploaded on a SharePoint once completed.  Mr. Hayes has access to this SharePoint site.

        10.     The SPRFIT meeting minutes for the Substance Abuse Treatment Facility (SATF) reference whether the regional SPRFIT coordinator observes Interdisciplinary Treatment Team (IDTT) meetings.  Attached as Exhibit F are true and correct copies of the April 16, 2024 SATF Report, the June 26, 2024 SATF Report, and the October 17, 2024 SATF Report with all provider and staff information redacted to maintain confidentiality.

        11.     The Supplemental Report includes as an example of a deficient process, remote monitoring by the SPRFIT.  (ECF No. 8475 at 24.)  The Supplemental Report leaves out important information regarding remote reviews.  When remote reviews are conducted, regional coordinators exercise due diligence by relying on available and analogous data as a proxy.  Every institution is required to complete an in-person audit of intake screenings in Receiving & Release (R&R), and those findings are presented in SPRFIT minutes.  SPRFIT Coordinators have access to those audits and can rely on them.

///

3

Williams Decl. ISO Response to Suppl. Report on Suicide Prevention  (2:90-cv-00520 KJM-SCR)

|   |   |
|---|---|
| 1 | 12. CDCR is required to check and follow patients discharged from a MHCB stay for suicidality using CDCR form Mental Health Crisis Bed (MHCB) Discharge Custody Check. In 2023, the CQI Guidebook mandated audits of the Form 7497s, but did not require a page by page separate audit. After the indicator that measures this compliance, SP12, was remediated, Mr. Hayes complained that the indicator did not break apart compliance by page and he announced that it is not enough that a form be completed adequately, each page must also be graded separately as its own compliance metric. Despite the indicator having already been remediated, CDCR agreed to revise SP12 to measure each page individually. In fact, the revised SP12 was not remediated until October 11, 2024 making it impossible for SPRFIT reports from 2023 to have adhered to the new SP12 methodology approved in 2024. |

13. Attached as Exhibit G is a true and correct of the CQI Guidebook that was issued on October 31, 2024.

14. Mr. Hayes cites as a deficieny, one Regional coordinator's finding that a facility was compliant even though it used the Columbia-Suicide Severity Rating Scale (CSSRS) screening form as an example of a deficiency. (ECF No. 8475 at 24.) That institution, the Richard J. Donovan Correctional Facility has stopped using the CSSRS.

15. The Supplemental Report reports as an example of a deficiency, one or more Regional SPRFIT Coordinators incorrectly stating the max custody crisis bed phone call privilege policy in one or more reports. The erroneous reports reflect a minor error in reciting an evolving policy decision by CDCR. This misunderstanding of policy was corrected and is no longer reflected in 2024 reports.

16. CDCR's SPRFIT Coordinator reports for 2024 demonstrate compliance with the required reporting on the housing of patients in Restricted Housing Unit (RHU) intake cells. The 2024 reports follow roughly the same format as the 2023 reports but with more detail. The reports for CMC issued in February, May, and July 2024, true and correct copies of which are attached hereto as Exhibit H, include the required data.

///

///

4

Williams Decl. ISO Response to Suppl. Report on Suicide Prevention  (2:90-cv-00520 KJM-SCR)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 26th day of December, 2024, at Carmichael, California.

*s/ Travis Williams*
Travis Williams, PsyD.

5

Williams Decl. ISO Response to Suppl. Report on Suicide Prevention  (2:90-cv-00520 KJM-SCR)