Rob Bonta, State Bar No. 202668
Attorney General of California
Monica N. Anderson, State Bar No. 182970
Senior Assistant Attorney General
Damon McClain, State Bar No. 209508
Supervising Deputy Attorney General
Elise Owens Thorn, State Bar No. 145931
Christian M. Georgely, State Bar No. 322952
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7318
  Fax: (916) 324-5205
  E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

HANSON BRIDGETT LLP
LAWRENCE M. CIRELLI, SBN 114710
PAUL B. MELLO, SBN 179755
SAMANTHA D. WOLFF, SBN 240280
DAVID C. CASARRUBIAS-GONZÁLEZ, SBN 321994
SAMANTHA M. BACON, SBN 351561
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:    415-777-3200
Pmello@hansonbridgett.com
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, et al.<br><br>Defendants. | Case No. 2:90-CV-00520- KJM-DB<br><br>**DEFENDANTS' OBJECTIONS TO EVIDENCE FILED IN SUPPORT OF PLAINTIFFS' CLOSING BRIEF RE APPOINTMENT OF RECEIVER**<br><br>[ECF Nos. 8518, 8518-1]<br><br>Judge:    Hon. Kimberly J. Mueller |

Defendants hereby submit the following objections to the evidence filed in support of Plaintiffs' Closing Brief Re Appointment of Receiver. ECF Nos. 8518, 8518-1.[1] By submitting these objections, Defendants do not waive or forfeit their repeated requests for an evidentiary hearing to provide a complete record on the question of the appointment of a receiver, and to test the veracity and persuasiveness of the evidence presented.

---

[1] Citations to page numbers in documents filed in the Court's Electronic Case Filing (ECF) system are to pages assigned by ECF and located in the upper right hand corner of the pages.

| No. | Material Objected to | Grounds for Objection | Ruling |
|---|---|---|---|
| 1. | **Declaration of Lisa Ells, Exhibit B,** Bureau of Justice Statistics. ECF No. 8518-1 at 9-44. | FED. R. EVID. 401, Relevance.<br><br>Plaintiffs rely on this document to say that CDCR's suicide rate is nearly double the average suicide rate in the Federal prison system between 2015 and 2019. ECF No. 8518 at 8:18. But they do not explain why the 2015-2019 period is relevant to CDCR's current suicide rate and only explain that those years are the most recent years for which data is available. Indeed, a comparison of statistics from the period 2015-2019 is irrelevant to the issue of whether a receiver should be appointed in 2025. | ☐ Sustained<br><br>☐ Overruled<br><br>Judge's Initials:_____ |
| 2. | **Declaration of Lisa Ells, Exhibit B,** Bureau of Justice Statistics. ECF No. 8518-1 at 9-44. | FED. R. EVID. 403.<br><br>Plaintiffs rely on this document to say that CDCR's suicide rate is nearly double the average suicide rate in the Federal prison system between 2015 and 2019. ECF No. 8518 at 8:18. This is more prejudicial than probative because there is no showing that the prison systems or their incarcerated populations are comparable. And, as explained above, there is no explanation for why the 2015-2019 period is the relevant to the issue currently before the Court. Indeed, individuals who are incarcerated for violent offenses are at increased risk for completed suicide, and California has the highest rate of individuals incarcerated for a violent offense across all other states. ECF No. 8180-3 at ¶ 19. | ☐ Sustained<br><br>☐ Overruled<br><br>Judge's Initials:_____ |

| No. | Material Objected to | Grounds for Objection | Ruling |
|---|---|---|---|
| 3. | **Declaration of Lisa Ells, Exhibit C,** Copy of Legislative Analyst's Office Report. ECF No. 8518-1 at 46-49. | FED. R. EVID. 401, Relevance.<br><br>Plaintiffs do not cite to Exhibit C anywhere in their Closing Brief (ECF No. 8518, *passim*) making this document irrelevant. It is also irrelevant because it only refers to a population increase generally and not an increase in the population of *Coleman* class members. | ☐ Sustained<br><br>☐ Overruled<br><br>Judge's Initials:_____ |
| 4. | **Declaration of Lisa Ells, Exhibit C,** Copy of Legislative Analyst's Office Report. ECF No. 8518-1 at 46-49. | FED. R. EVID. 403.<br><br>The report says that if California Proposition 36 passes, the prison population could increase "by around a few thousand people." ECF No. 8518-1 at 47. But there is no explanation of what a "few thousand people" means, rendering the statement ambiguous and more prejudicial than probative. There is also no showing that individuals sent to prison for committing a Proposition 36 covered crime, such as petty theft, property damage, or selling drugs, would necessarily become *Coleman* class members if sent to CDCR. | ☐ Sustained<br><br>☐ Overruled<br><br>Judge's Initials:_____ |

| No. | Material Objected to | Grounds for Objection | Ruling |
|---|---|---|---|
| 5. | **Declaration of Lisa Ells, Exhibit C,** Copy of Legislative Analyst's Office Report. ECF No. 8518-1 at 46-49. | FED. R. EVID. 602, Lacks foundation and calls for speculation.<br><br>The report says that if California Proposition 36 passes, the prison population could increase "by around a few thousand people." ECF No. 8518-1 at 47. But there is no explanation of what a "few thousand people" means or where that figure came from. There is also no showing that individuals sent to prison for committing a Proposition 36 covered crime, such as petty theft, property damage, or selling drugs, would necessarily become *Coleman* class members if sent to CDCR. | ☐ Sustained<br><br>☐ Overruled<br><br>Judge's Initials:_____ |
| 6. | **Declaration of Lisa Ells, Exhibit D,** Prison Policy Initiative Article. ECF No. 8518-1 at 51-54. | FED. R. EVID. 802, Hearsay.<br><br>Plaintiffs rely on a hearsay article for the truth of the matter asserted, namely that "the recent passage of Proposition 36 will almost certainly exacerbate the problem: Proposition 36's increase in criminal sentences is projected to increase California's prison population by 35 percent in the next five years." ECF No. 8518 at 12:24-26.<br><br>The article also relies on an cost estimation tool derived from Californians for Safety and Justice, thereby constituting a further level of hearsay—*i.e.* hearsay within hearsay. | ☐ Sustained<br><br>☐ Overruled<br><br>Judge's Initials:_____ |

| No. | Material Objected to | Grounds for Objection | Ruling |
|---|---|---|---|
| 7. | **Declaration of Lisa Ells, Exhibit D,** Prison Policy Initiative Article. ECF No. 8518-1 at 51-54. | FED. R. EVID. 403.<br><br>Plaintiffs rely on the article to argue that "Proposition 36's increase in criminal sentences is projected to increase California's prison population by 35 percent in the next five years." ECF No. 8518 at 12:24-26. However, the article's assertion is more prejudicial than probative because there is no showing that the speculative prison population increase would include any *Coleman* class members. | ☐ Sustained<br><br>☐ Overruled<br><br>Judge's Initials:_____ |
| 8. | **Declaration of Lisa Ells, Exhibit D,** Prison Policy Initiative Article. ECF No. 8518-1 at 51-54. | FED. R. EVID. 602, Lacks foundation and calls for speculation.<br><br>Plaintiffs rely on the article to argue that "Proposition 36's increase in criminal sentences is projected to increase California's prison population by 35 percent in the next five years." ECF No. 8518 at 12:24-26. Although the article reaches that same conclusion the article lacks foundation or personal knowledge sufficient to reach this conclusion by providing only general citations to a third party's "cost tool." Additionally, there is no showing that the alleged prison population increase would include any *Coleman* class members. | ☐ Sustained<br><br>☐ Overruled<br><br>Judge's Initials:_____ |

| No. | Material Objected to | Grounds for Objection | Ruling |
|---|---|---|---|
| 9. | **Declaration of Lisa Ells, Exhibit E,** Cal Matters Article. ECF No. 8518-1 at 56-65. | FED. R. EVID. 802, Hearsay.<br><br>Plaintiffs rely on a hearsay article for the truth of the matter asserted, namely that "With the passage of Proposition 36 and the election of tough-on-crime District Attorneys in various parts of California, population pressures will only get worse over the next few years, exacerbating the already existing overcrowding and understaffing plaguing CDCR institutions." ECF No. 8518 at 19:5-8. | ☐ Sustained<br><br>☐ Overruled<br><br>Judge's Initials:_____ |
| 10. | **Declaration of Lisa Ells, Exhibit E,** Cal Matters Article. ECF No. 8518-1 at 56-65. | FED. R. EVID. 403.<br><br>Plaintiffs rely on the article to argue that "With the passage of Proposition 36 and the election of tough-on-crime District Attorneys in various parts of California, population pressures will only get worse over the next few years, exacerbating the already existing overcrowding and understaffing plaguing CDCR institutions." ECF No. 8518 at 19:5-8. However, the article's assertion is more prejudicial than probative because there is no showing that the speculative prison population increase would include any *Coleman* class members. | ☐ Sustained<br><br>☐ Overruled<br><br>Judge's Initials:_____ |

| No. | Material Objected to | Grounds for Objection | Ruling |
|---|---|---|---|
| 11. | **Declaration of Lisa Ells, Exhibit E,** Cal Matters Article. ECF No. 8518-1 at 56-65. | FED. R. EVID. 602, Lacks foundation and calls for speculation.<br><br>Plaintiffs rely on the article to argue that "With the passage of Proposition 36 and the election of tough-on-crime District Attorneys in various parts of California, population pressures will only get worse over the next few years, exacerbating the already existing overcrowding and understaffing plaguing CDCR institutions." ECF No. 8518 at 19:5-8. However, the article does not lay a foundation for that assertion, having only discussed the election of two supposedly tough-on-crime district attorneys. Additionally, there is no showing that the alleged prison population increase would have a significant impact on the *Coleman* class. | ☐ Sustained<br><br>☐ Overruled<br><br>Judge's Initials:_____ |
| 12. | **Declaration of Lisa Ells, Exhibit E,** Cal Matters Article. ECF No. 8518-1 at 56-65. | Fact not in evidence.<br><br>Plaintiffs use the article to support the overbroad statement that due to the election of "tough-on-crime District Attorneys in various parts of California . . . population pressures will only get worse." ECF No. 8518 at 19:5-8. But the article does not talk about "various parts of California," it only talks about two district attorney races affecting Alameda and Los Angeles Counties. | ☐ Sustained<br><br>☐ Overruled<br><br>Judge's Initials:_____ |

| No. | Material Objected to | Grounds for Objection | Ruling |
|---|---|---|---|
| 13. | **Declaration of Lisa Ells, Exhibit F,** Email correspondence between attorneys. ECF No. 8518-1 at 67-72. | Fact not in evidence.<br><br>Plaintiffs rely on the email exchange to argue that "Defendants chose to halt some of the most critical initiatives, such as recruitment and retention bonuses and increased compensation, in the wake of their successful motion to stay the contempt fines order pending appeal." ECF No. 8518 at 19:26-28. But all the evidence shows is that Defendants sought a stay from the Ninth Circuit, which was their right to do, it was granted, and they acted in accordance with the stay and state law, which does not permit Defendants to spend state funds absent a valid and enforceable Court order. | ☐ Sustained<br><br>☐ Overruled<br><br>Judge's Initials:_____ |
| 14. | **Plaintiffs' Closing Brief**, Citation to Second Golding Report. ECF No. 8518 at 17:7-11. | FED. R. EVID. 802, Hearsay.<br><br>Plaintiffs rely on Dr. Golding's hearsay statement for the truth of the matter asserted, namely that "CDCR's then-Secretary and current Deputy Director for Mental Health were expressly encouraging agency staff to resist cooperation with the Special Master and prioritizing an 'information war' with the Court rather than complying with its remedial orders." ECF No. 8518 at 17:7-11. | ☐ Sustained<br><br>☐ Overruled<br><br>Judge's Initials:_____ |

/ / /

/ / /

/ / /

/ / /

/ / /

DATED: January 17, 2025

ROB BONTA
Attorney General of California

By:     */s/ Damon McClain*
DAMON MCCLAIN
Supervising Deputy Attorney General
ELISE OWENS THORN
Deputy Attorney General
*Attorneys for Defendants*

DATED: January 17, 2025

HANSON BRIDGETT LLP

By:     */s/ David C. Casarrubias-Gonzalez*
LAWRENCE M. CIRELLI
PAUL B. MELLO
SAMANTHA D. WOLFF
DAVID C. CASARRUBIAS-GONZÁLEZ
SAMANTHA M. BACON
*Attorneys for Defendants*