| | |
|---|---|
| DONALD SPECTER – 083925 | MICHAEL W. BIEN – 096891 |
| STEVEN FAMA – 099641 | ERNEST GALVAN – 196065 |
| MARGOT MENDELSON – 268583 | LISA ELLS – 243657 |
| PRISON LAW OFFICE | JENNY S. YELIN – 273601 |
| 1917 Fifth Street | THOMAS NOLAN – 169692 |
| Berkeley, California 94710-1916 | MICHAEL S. NUNEZ – 280535 |
| Telephone: (510) 280-2621 | MARC J. SHINN-KRANTZ – 312968 |
| | ALEXANDER GOURSE – 321631 |
| CLAUDIA CENTER – 158255 | ADRIENNE PON HARROLD – 326640 |
| DISABILITY RIGHTS EDUCATION | BENJAMIN W. HOLSTON – 341439 |
| AND DEFENSE FUND, INC. | MAYA E. CAMPBELL – 345180 |
| Ed Roberts Campus | LUMA KHABBAZ – 351492 |
| 3075 Adeline Street, Suite 210 | JARED MILLER – 353641 |
| Berkeley, California 94703-2578 | ROSEN BIEN |
| Telephone: (510) 644-2555 | GALVAN & GRUNFELD LLP |
| | 101 Mission Street, Sixth Floor |
| | San Francisco, California 94105-1738 |
| | Telephone: (415) 433-6830 |

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | Case No. 2:90−CV−00520−KJM−SCR |
| Plaintiffs, | **PLAINTIFFS' RESPONSES TO DEFENDANTS' OBJECTIONS TO EVIDENCE FILED IN SUPPORT OF PLAINTIFFS' CLOSING BRIEF RE APPOINTMENT OF RECEIVER** |
| v. | |
| GAVIN NEWSOM, et al., | |
| Defendants. | Judge: Hon. Kimberly J. Mueller |

[4634773.3]

Plaintiffs hereby submit the following responses to Defendants' Objections to Evidence Filed in Support of Plaintiffs' Closing Brief Re Appointment of Receiver, ECF No. 8520.

| No. | Material Objected to | Grounds for Objection | Plaintiffs' Response |
|---|---|---|---|
| 1. | **Declaration of Lisa Ells, Exhibit B,** Bureau of Justice Statistics. ECF No. 8518-1 at 9-44. | FED. R. EVID. 401, Relevance.<br><br>Plaintiffs rely on this document to say that CDCR's suicide rate is nearly double the average suicide rate in the Federal prison system between 2015 and 2019. ECF No. 8518 at 8:18. But they do not explain why the 2015-2019 period is relevant to CDCR's current suicide rate and only explain that those years are the most recent years for which data is available. Indeed, a comparison of statistics from the period 2015-2019 is irrelevant to the issue of whether a receiver should be appointed in 2025. | As Plaintiffs' explained in their closing brief, the 2015-2019 period is the most recent for which data about the suicide rate in the federal prison system is available. *See* ECF No. 8518 at 8. A comparison of CDCR's current suicide rate with the most recent available data for the federal prison system is relevant to whether Defendants' ongoing non-compliance with various orders in this case risks grave and immediate harm to the Plaintiff class and thus whether the appointment of a Receiver is warranted. *See Plata v. Schwarzenegger*, No. C01-1351 TEH, 2005 WL 2932253, at *23 (N.D. Cal. Oct. 3, 2005); *United States v. Hinds Cnty. Bd. of Supervisors*, 120 F.4th 1246, 1267-68 (5th Cir. 2024). |
| 2. | **Declaration of Lisa Ells, Exhibit B,** Bureau of Justice Statistics. ECF No. 8518-1 at 9-44. | FED. R. EVID. 403.<br><br>Plaintiffs rely on this document to say that CDCR's suicide rate is nearly double the average suicide rate in the Federal prison system between 2015 and 2019. ECF No. 8518 at 8:18. This is more prejudicial than probative because there is no showing that the prison systems or their incarcerated populations are comparable. And, as explained above, there is no explanation for why the 2015-2019 period is the relevant | Plaintiffs hereby incorporate by reference their response to Objection No. 1, *supra*. There is no unfair prejudice to Defendants that outweighs the relevance of these statistics; the Court can decide what weight to afford this relevant evidence. |

| No. | Material Objected to | Grounds for Objection | Plaintiffs' Response |
|---|---|---|---|
| | | [*sic*] to the issue currently before the Court. Indeed, individuals who are incarcerated for violent offenses are at increased risk for completed suicide, and California has the highest rate of individuals incarcerated for a violent offense across all other states. ECF No. 8180-3 at ¶ 19. | |
| 3. | **Declaration of Lisa Ells, Exhibit C**, Copy of Legislative Analyst's Office Report. ECF No. 8518-1 at 46-49. | FED. R. EVID. 401, Relevance. Plaintiffs do not cite to Exhibit C anywhere in their Closing Brief (ECF No. 8518, *passim*) making this document irrelevant. It is also irrelevant because it only refers to a population increase generally and not an increase in the population of *Coleman* class members. | Exhibit C consists of a report published by the State's own Legislative Analyst's Office, which states that Proposition 36 could increase California's state prison population by "around a few thousand people," and as a result could increase state criminal justice costs by amounts "ranging from several tens of millions of dollars to the low hundreds of millions of dollars each year." ECF No. 8518-1 at 47-48. This evidence, along with the undisputed fact that the State has no plans whatsoever for how it will provide constitutionally adequate care to the growing number of patients they must treat, is relevant to the question of whether a receivership is justified under the circumstances of this case. Plaintiffs' inadvertent failure to cite the LAO report in the relevant sections of their brief, *see, e.g.*, ECF No. 8518 at 12, 19, does not render the evidence in the LAO report irrelevant. |

| No. | Material Objected to | Grounds for Objection | Plaintiffs' Response |
|---|---|---|---|
| 4. | **Declaration of Lisa Ells, Exhibit C**, Copy of Legislative Analyst's Office Report. ECF No. 8518-1 at 46-49. | FED. R. EVID. 403.<br><br>The report says that if California Proposition 36 passes, the prison population could increase "by around a few thousand people." ECF No. 8518-1 at 47. But there is no explanation of what a "few thousand people" means, rendering the statement ambiguous and more prejudicial than probative. There is also no showing that individuals sent to prison for committing a Proposition 36 covered crime, such as petty theft, property damage, or selling drugs, would necessarily become *Coleman* class members if sent to CDCR. | The fact that the State's own Legislative Analyst's Office predicts an increase in the state prison population, and the undisputed fact that the State has no plan for how it will provide constitutionally adequate care while caseloads are increasing, is indisputably relevant to the question of whether a receivership is justified under the circumstances here. The State's own failure to plan for rising caseloads is not unduly prejudicial—it evidences precisely the kind of learned helplessness that justifies the appointment of a receiver. |
| 5. | **Declaration of Lisa Ells, Exhibit C**, Copy of Legislative Analyst's Office Report. ECF No. 8518-1 at 46-49. | FED. R. EVID. 602, Lacks foundation and calls for speculation.<br><br>The report says that if California Proposition 36 passes, the prison population could increase "by around a few thousand people." ECF No. 8518-1 at 47. But there is no explanation of what a "few thousand people" means or where that figure came from. There is also no showing that individuals sent to prison for committing a Proposition 36 covered crime, such as petty theft, property damage, or selling drugs, would necessarily become *Coleman* class members if sent to CDCR. | The LAO's report is self-authenticating pursuant to Rule 902(4) as an official publication issued by a public authority. The Declaration of Lisa Ells also provides adequate foundation for this state governmental publication, including the URL where the publication can be downloaded, and Defendants do not explain what additional foundation is purportedly necessary to authenticate the report. |

| No. | Material Objected to | Grounds for Objection | Plaintiffs' Response |
|---|---|---|---|
| 6. | **Declaration of Lisa Ells, Exhibit D**, Prison Policy Initiative Article. ECF No. 8518-1 at 51-54. | FED. R. EVID. 802, Hearsay.<br><br>Plaintiffs rely on a hearsay article for the truth of the matter asserted, namely that "the recent passage of Proposition 36 will almost certainly exacerbate the problem: Proposition 36's increase in criminal sentences is projected to increase California's prison population by 35 percent in the next five years." ECF No. 8518 at 12:24-26.<br><br>The article also relies on an cost estimation tool derived from Californians for Safety and Justice, thereby constituting a further level of hearsay—*i.e.* hearsay within hearsay. | Plaintiffs' closing brief cites the Article attached as Exhibit D to the Ells Declaration for the proposition that Proposition 36 "is projected" to increase California's prison population by 35 percent, not for the truth of that estimate. The fact that Defendants have no plan for how they will absorb *any* increase in the size of the *Coleman* class is damning in and of itself, and particularly so under the circumstances here, where a substantial increase is within the range of informed projections.<br><br>The hearsay rules do not apply to this briefing in any event. *See* Fed. R. Evid. 1101(d)(3); *Handschu v. Police Deo't of the City of New York*, 219 F.Supp.3d 388, 404 (S.D.N.Y. 2016) ("miscellaneous proceedings" exception applied in context of post-judgment enforcement proceeding arising from violations of longstanding consent decree). |
| 7. | **Declaration of Lisa Ells, Exhibit D,** Prison Policy Initiative Article. ECF No. 8518-1 at 51-54. | FED. R. EVID. 403.<br><br>Plaintiffs rely on the article to argue that "Proposition 36's increase in criminal sentences is projected to increase California's prison population by 35 percent in the next five years." ECF No. 8518 at 12:24-26.<br><br>However, the article's assertion is more prejudicial than probative because there is no showing that the speculative prison population increase | Over 36 percent of the current prison population are current *Coleman* class members. *See* ECF No. 8427 at 11. It is a reasonable inference for this Court to make that a similar proportion of the predicted population increase will be class members. There is certainly no "unfair prejudice" to Defendants for the Court to consider this data, and the Court can decide what |

| No. | Material Objected to | Grounds for Objection | Plaintiffs' Response |
|---|---|---|---|
|  |  | would include any *Coleman* class members. | weight to afford this evidence. |
| 8. | **Declaration of Lisa Ells, Exhibit D,** Prison Policy Initiative Article. ECF No. 8518-1 at 51-54. | FED. R. EVID. 602, Lacks foundation and calls for speculation.<br><br>Plaintiffs rely on the article to argue that "Proposition 36's increase in criminal sentences is projected to increase California's prison population by 35 percent in the next five years." ECF No. 8518 at 12:24-26.<br><br>Although the article reaches that same conclusion the article lacks foundation or personal knowledge sufficient to reach this conclusion by providing only general citations to a third party's "cost tool." Additionally, there is no showing that the alleged prison population increase would include any *Coleman* class members. | The Article attached as Exhibit D to the Ells Declaration is self-authenticating pursuant to Rule 902(6). The Declaration of Lisa Ells also provides adequate foundation, including the URL where the Article can be downloaded. Defendants do not explain what additional foundation is purportedly necessary to authenticate the Article. |
| 9. | **Declaration of Lisa Ells, Exhibit E,** Cal Matters Article. ECF No. 8518-1 at 56-65. | FED. R. EVID. 802, Hearsay.<br><br>Plaintiffs rely on a hearsay article for the truth of the matter asserted, namely that "With the passage of Proposition 36 and the election of tough-on-crime District Attorneys in various parts of California, population pressures will only get worse over the next few years, exacerbating the already existing overcrowding and understaffing plaguing CDCR institutions." ECF No. 8518 at 19:5-8. | Plaintiffs cite information about projected increases in the size of California's prison population for the existence of the projections, not for the truth of the projections. *See* Response to Obj. No. 6, *supra*. The fact that Defendants have no plan for how they will absorb *any* increase in the size of the *Coleman* class is damning in and of itself, and particularly so under the circumstances here, where a substantial increase is within the range of informed projections.<br><br>The hearsay rules do not apply to this briefing in any event. *See* Fed. R. Evid. 1101(d)(3); *Handschu v.* |

| No. | Material Objected to | Grounds for Objection | Plaintiffs' Response |
|---|---|---|---|
| | | | *Police Deo't of the City of New York*, 219 F.Supp.3d 388, 404 (S.D.N.Y. 2016) ("miscellaneous proceedings" exception applied in context of post-judgment enforcement proceeding arising from violations of longstanding consent decree). |
| 10. | **Declaration of Lisa Ells, Exhibit E,** Cal Matters Article. ECF No. 8518-1 at 56-65. | FED. R. EVID. 403.<br><br>Plaintiffs rely on the article to argue that "With the passage of Proposition 36 and the election of tough-on- crime District Attorneys in various parts of California, population pressures will only get worse over the next few years, exacerbating the already existing overcrowding and understaffing plaguing CDCR institutions." ECF No. 8518 at 19:5-8.<br><br>However, the article's assertion is more prejudicial than probative because there is no showing that the speculative prison population increase would include any *Coleman* class members. | Over 36 percent of the current prison population are current *Coleman* class members. *See* ECF No. 8427 at 11. It is a reasonable inference for this Court to make that a similar proportion of the predicted population increase will be class members. There is certainly no "unfair prejudice" to Defendants for the Court to consider this data, and the Court can decide what weight to afford this evidence. |
| 11. | **Declaration of Lisa Ells, Exhibit E,** Cal Matters Article. ECF No. 8518-1 at 56-65. | FED. R. EVID. 602, Lacks foundation and calls for speculation.<br><br>Plaintiffs rely on the article to argue that "With the passage of Proposition 36 and the election of tough-on- crime District Attorneys in various parts of California, population pressures will only get worse over the next few years, exacerbating the already existing overcrowding and understaffing plaguing CDCR institutions." ECF No. 8518 at 19:5-8. | The Article attached as Exhibit E to the Ells Declaration is self-authenticating pursuant to Rule 902(6). The Declaration of Lisa Ells also provides adequate foundation, including the URL where the Article can be downloaded. Defendants do not explain what additional foundation is purportedly necessary to authenticate the Article. |

| No. | Material Objected to | Grounds for Objection | Plaintiffs' Response |
|---|---|---|---|
| | | However, the article does not lay a foundation for that assertion, having only discussed the election of two supposedly tough-on-crime district attorneys.<br><br>Additionally, there is no showing that the alleged prison population increase would have a significant impact on the *Coleman* class. | |
| 12. | **Declaration of Lisa Ells, Exhibit E,** Cal Matters Article. ECF No. 8518-1 at 56-65. | Fact not in evidence.<br><br>Plaintiffs use the article to support the overbroad statement that due to the election of "tough-on-crime District Attorneys in various parts of California … population pressures will only get worse." ECF No.<br><br>8518 at 19:5-8. But the article does not talk about "various parts of California," it only talks about two district attorney races affecting Alameda and Los Angeles Counties. | Defendants are wrong that this is a fact not in evidence. Alameda and Los Angeles Counties constitute "various parts of California"; in fact, they are two of the most populous counties in the state and comprise over 11 million people. |
| 13. | **Declaration of Lisa Ells, Exhibit F,** Email correspondence between attorneys. ECF No. 8518-1 at 67-72. | Fact not in evidence.<br><br>Plaintiffs rely on the email exchange to argue that "Defendants chose to halt some of the most critical initiatives, such as recruitment and retention bonuses and increased compensation, in the wake of their successful motion to stay the contempt fines order pending appeal." ECF No. 8518 at 19:26-28. But all the evidence shows is that Defendants sought a stay from the Ninth Circuit, which was their right to do, it was granted, and they acted in accordance with the stay and state law. | Defendants are wrong that this is a fact not in evidence. While the grant of the stay held in abeyance a court order *mandating* that Defendants introduce these initiatives, Defendants certainly could have instituted these same initiatives through the legislative and regulatory process. While Defendants certainly had a right to seek a stay, they also could have chosen not to pursue this path of litigation, thus allowing these initiatives to come into effect. |

| No. | Material Objected to | Grounds for Objection | Plaintiffs' Response |
|---|---|---|---|
| | | which does not permit Defendants to spend state funds absent a valid and enforceable Court order. | |
| 14. | **Plaintiffs' Closing Brief**, Citation to Second Golding Report. ECF No. 8518 at 17:7-11. | Fed. R. Evid. 802, Hearsay.<br><br>Plaintiffs rely on Dr. Golding's hearsay statement for the truth of the matter asserted, namely that "CDCR's then-Secretary and current Deputy Director for Mental Health were expressly encouraging agency staff to resist cooperation with the Special Master and prioritizing an 'information war' with the Court rather than complying with its remedial orders." ECF No. 8518 at 17:7-11. | Dr. Golding is CDCR's Statewide Chief of Psychiatry. His whistleblower report filed at ECF No. 8446 is not hearsay because it is the statement of an opposing party's agent or employee about a matter within the scope of his employment or agency. *See* Fed. R. Evid. 801(d)(2)(D) (defining hearsay to exclude such statements). Even if it is hearsay, Dr. Golding's report is admissible pursuant to the Residual Exception in Rule 807. It is particularly trustworthy given that it was corroborated by Special Master Matthew Lopes in a letter to then-Secretary Kathleen Allison, which was also cited in Plaintiffs' Brief. *See* ECF No. 7721-1 ¶ 2 & Ex. A; ECF No. 8518 at 17. This Court also previously found Dr. Golding credible and his conclusions and observations in a prior whistleblower report "well-founded." *Coleman v. Newsom,* 424 F. Supp. 3d 925, 935 (E.D. Cal. 2019).<br><br>The hearsay rules do not apply to this briefing in any event. *See* Fed. R. Evid. 1101(d)(3); *Handschu v. Police Deo't of the City of New York*, 219 F.Supp.3d 388, 404 (S.D.N.Y. 2016) ("miscellaneous proceedings" exception applied in context of post-judgment enforcement proceeding arising from violations of |

| No. | Material Objected to | Grounds for Objection | Plaintiffs' Response |
|---|---|---|---|
|  |  |  | longstanding consent decree). |

## CERTIFICATION

Plaintiffs' counsel certifies that he reviewed the following orders in preparing this filing: ECF Nos. 8494, 8330, 7003.

DATED: January 22, 2025        Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Alexander Gourse*
    Alexander Gourse

Attorneys for Plaintiffs