Rob Bonta, State Bar No. 202668
Attorney General of California
Monica N. Anderson, State Bar No. 182970
Senior Assistant Attorney General
Damon McClain, State Bar No. 209508
Supervising Deputy Attorney General
Elise Owens Thorn, State Bar No. 145931
Namrata Kotwani, State Bar No. 308741
Christian M. Georgely, State Bar No. 322952
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7318
  Fax: (916) 324-5205
  E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

Hanson Bridgett LLP
Lawrence M. Cirelli, SBN 114710
Paul B. Mello, SBN 179755
Samantha D. Wolff, SBN 240280
Kaylen Kadotani, SBN 294114
David C. Casarrubias-González,
SBN 321994
Mollie Levy, SBN 333744
Samantha Bacon, SBN 351561
425 Market Street, 26th Floor
  San Francisco, California 94105
  Telephone: 415-777-3200
  E-mail: PMello@hansonbridgett.com
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

**RALPH COLEMAN, et al.,**

Plaintiffs,

v.

**GAVIN NEWSOM, et al.,**

Defendants.

Case No. 2:90-CV-00520- KJM-SCR

**JOINT STATUS REPORT ON THE PARTIES' AGREEMENT REGARDING TELEPSYCHIATRY AND TELEMENTAL HEALTH**

Judge: Hon. Kimberly J. Mueller
Magistrate Judge: Hon. Sean C. Riordan

On December 12, 2024, the parties appeared before Magistrate Judge Riordan to discuss the status of the disputes concerning the California Department of Corrections and Rehabilitation's (CDCR) telemental health and telepsychiatry policies. (ECF Nos. 8398, 8409, and 8490.) Based on the parties' December 6, 2024 joint notice regarding the status of the negotiations and the parties' representations at the December 12, 2024 status conference, Judge Riordan scheduled a further status conference for January 23, 2025. (ECF No. 8484 and 8490.) The Court directed the parties to file any proposed settlement agreement in advance of the January 23 status conference. (ECF No. 8490.)

1    Consistent with the parties' December 6 joint notice and their representations at the
2    December 12 status conference, the parties met and conferred in December and January, with
3    input from the Special Master, and have agreed to the provisions of a unified telepsychiatry and
4    telemental health policy. The Special Master provided his input on the draft policy in a January
5    6, 2024 letter, attached as Exhibit A. Although the Special Master's letter expressed some
6    concerns about the policy, he indicated that he does not seek to stand in the way of the parties'
7    agreement. (Exhibit A at 1.) After reviewing the Special Master's letter, the parties further met
8    and conferred and made revisions to the policy that addressed some of the Special Master's
9    concerns. Defendants sent the parties' revised agreed-upon policy to the Special Master on
10   January 16, 2025, and it is attached here as Exhibit B.

11   The Special Master provided an additional response addressing the revised agreed-upon
12   policy on January 21, 2025. That response and Defendants' reply to it are attached as Exhibit C.
13   In his response, the Special Master indicated he was encouraged to see some changes in the
14   agreed-upon policy that were responsive to his January 6 letter, stated that the policy was
15   minimally acceptable, reiterated concerns about the policy, and stated that his team "is prepared
16   to closely monitor the delivery of mental health services to the plaintiff class under this negotiated
17   policy and will keep the Court and parties abreast of our findings and any concerns related to the
18   provision of adequate mental health treatment and the overall treatment milieu going forward."
19   (Exhibit C.)

20   The parties have also met and conferred regarding a draft hybrid work policy. The hybrid
21   work policy was developed as part of Defendants' efforts to improve recruitment and retention of
22   mental health staff. The draft hybrid work policy was presented to the Special Master on January
23   16, 2025. Defendants intend to finalize the agreed-upon hybrid policy after the parties consider
24   the Special Master's input.

25
26
27
28

[4608495.1]                                              2

Dated: January 22, 2025

Respectfully submitted,

R<small>OB</small> B<small>ONTA</small>
Attorney General of California

/s/ *Damon McClain*

D<small>AMON</small> M<small>C</small>C<small>LAIN</small>
Supervising Deputy Attorney General
*Attorneys for Defendants*

Dated: January 22, 2025

*HANSON BRIDGETT LLP*

/s/ *Paul B. Mello*

P<small>AUL</small> B. M<small>ELLO</small>
S<small>AMANTHA</small> D. W<small>OLFF</small>
D<small>AVID</small> C. C<small>ASARRUBIAS</small>-G<small>ONZALEZ</small>
*Attorneys for Defendants*

Dated: January 22, 2025

*ROSEN BIEN GALVAN & GRUNFELD LLP*

/s/ *Ernest Galvan*

E<small>RNEST</small> G<small>ALVAN</small>
*Attorneys for Plaintiffs*

CF1997CS0003

# CERTIFICATE OF SERVICE

Case Name:   *Coleman v. Newsom, et al.,*     No.   **2:90-cv-00520 KJM-SCR**

I hereby certify that on January 22, 2025, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**JOINT STATUS REPORT ON THE PARTIES' AGREEMENT REGARDING TELEPSYCHIATRY AND TELEMENTAL HEALTH (with Exhibits A-C)**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on January 22, 2025, at San Francisco, California.

|  |  |
|---|---|
| M. Paredes | *[signature]* |
| Declarant | Signature |

CF1997CS0003
44480454.docx