# EXHIBIT C

| | |
|---|---|
| **From:** | Damon McClain |
| **To:** | Lopes Matthew; Elise Thorn; Walsh Kerry F.; harconwil@gmail.com; McClendon-Hunt, LaTri-c-ea; Ryan, Jr., Michael F. |
| **Cc:** | Paul B. Mello; Samantha Wolff (swolff@hansonbridgett.com); Weber, Nicholas@CDCR (Nicholas.Weber@cdcr.ca.gov); Thind, Sundeep (Sundeep.Thind@cdcr.ca.gov); Coleman Plaintiffs Counsel-RBGG; Christian Georgely; Namrata Kotwani |
| **Subject:** | RE: Coleman - Parties" Agreements on Telemental Health and Telework Policies |
| **Date:** | Wednesday, January 22, 2025 12:10:47 PM |

Dear Special Master Lopes,

Defendants are pleased that you are encouraged by the revisions to the agreed-upon policy and with your team's willingness to monitor the delivery of mental healthcare under the policy. Defendants fully intend to ensure that the guardrails built into the policy are strictly adhered to and further believe that the policy will improve the level of mental services provided to class members.

CDCR shares your concern about the findings made during last week's tour of Salinas Valley State Prison. Although CDCR continues to investigate the circumstances surrounding these findings, CDCR has taken swift action to ensure incarcerated persons are not housed in non-traditional housing locations both at SVSP and systemwide. CDCR will follow up with additional details shortly.

-Damon

---

**From:** Lopes Matthew <mlopes@pldlaw.com>
**Sent:** Tuesday, January 21, 2025 2:17 PM
**To:** Elise Thorn <Elise.Thorn@doj.ca.gov>; Walsh Kerry F. <kwalsh@pldlaw.com>; harconwil@gmail.com; McClendon-Hunt, LaTri-c-ea <lmcclendonhunt@pldlaw.com>; Ryan, Jr., Michael F. <mryan@pldlaw.com>
**Cc:** Paul B. Mello <Pmello@hansonbridgett.com>; Samantha Wolff (swolff@hansonbridgett.com) <swolff@hansonbridgett.com>; Weber, Nicholas@CDCR (Nicholas.Weber@cdcr.ca.gov) <Nicholas.Weber@cdcr.ca.gov>; Thind, Sundeep (Sundeep.Thind@cdcr.ca.gov) <Sundeep.Thind@cdcr.ca.gov>; Coleman Plaintiffs Counsel-RBGG <ColemanTeam-RBGOnly@rbgg.com>; Christian Georgely <Christian.Georgely@doj.ca.gov>; Damon McClain <Damon.McClain@doj.ca.gov>; Namrata Kotwani <Namrata.Kotwani@doj.ca.gov>
**Subject:** RE: Coleman - Parties' Agreements on Telemental Health and Telework Policies

> **EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Elise:

Thank you for sharing the most recent version of the Unified Telemental Health-Telepsychiatry Policy ("Unified Policy"), reflecting the parties' most recent agreement. We were encouraged to see changes to the Unified Policy which were responsive to our January 6, 2025 letter. While the discussion below is limited to the Unified Policy, I am also in receipt of the parties' negotiated Hybrid Work Policy, which my team is in the process of reviewing.

Overall, the Unified Policy is minimally acceptable. As alluded to in our January 6, 2025

letter and discussed throughout the meet and confer process and in our prior reports, our overarching concern is focused on the potentially negative impact of operating complex correctional mental health programs without a minimum requirement for on-site mental health staff presence at the institutional level, particularly with respect to the EOP treatment environment. However, our team is prepared to closely monitor the delivery of mental health services to the plaintiff class under this negotiated policy and will keep the Court and parties abreast of our findings and any concerns related to the provision of adequate mental health treatment and the overall treatment milieu going forward.

To that end, I would be remiss if I failed to note my team's preliminary findings from our recently concluded monitoring tour at Salinas Valley State Prison (SVSP). What the monitoring team found at SVSP was nothing short of shocking, with as many as eight class members (three patients at the 3CMS level of care and five EOP patients) inappropriately housed, including being housed for days in "dry cells," **meaning the cells did not have running water or toilets**. More alarming still, some of these cells were not monitored by custody staff and **none of the patients were being monitored by medical or mental health staff**. In fact, **medical and mental health staff reported being unaware that *Coleman* class members were housed in these locations**. One of the inappropriately housed class members was discovered in a dry cell, suffering from severe diarrhea and appeared to be dehydrated; another, whose last contact with a mental health professional occurred prior to his arrival as SVSP, appeared to be severely decompensating and required immediate referral to the Mental Health Crisis Bed (MHCB). One of my monitors with more than 40 years of experience working in or monitoring CDCR institutions noted he had never witnessed such inhumane and disturbing conditions within CDCR.

These troubling, preliminary findings from SVSP serve as a sad reminder of the very real harm that mental health patients suffer when they are allowed to slip through the cracks in large, complex institutions. Our team's collective experience monitoring correctional institutions for decades indicates mental health staff are best positioned to uncover and take steps to address serious lapses in care when they are regularly on-site, interacting with correctional and health care staff, talking to their patients, and cognizant of their patients' conditions of confinement. With the prospect of increasing the relative number of mental health staff working remotely, Defendants should work to ensure that the guardrails built into this policy are strictly adhered to in order to protect against these harms, particularly at institutions with complex mental health missions like SVSP.

Thank you for the opportunity to provide additional feedback on the parties' agreed-upon Unified Telemental Health-Telepsychiatry Policy.

Sincerely,

Matthew A. Lopes, Jr.
Special Master
mlopes@pldolaw.com
P 401.824.5156 • F 401.824.5123

---

**From:** Elise Thorn <Elise.Thorn@doj.ca.gov>
**Sent:** Thursday, January 16, 2025 11:30 PM
**To:** Lopes Matthew <mlopes@pldolaw.com>; Walsh Kerry F. <kwalsh@pldolaw.com>;

harconwil@gmail.com; McClendon-Hunt, LaTri-c-ea <lmcclendonhunt@pldolaw.com>; Ryan, Jr.,
Michael F. <mryan@pldolaw.com>
**Cc:** Paul B. Mello <Pmello@hansonbridgett.com>; Samantha Wolff (swolff@hansonbridgett.com)
<swolff@hansonbridgett.com>; Weber, Nicholas@CDCR (Nicholas.Weber@cdcr.ca.gov)
<Nicholas.Weber@cdcr.ca.gov>; Thind, Sundeep (Sundeep.Thind@cdcr.ca.gov)
<Sundeep.Thind@cdcr.ca.gov>; Coleman Plaintiffs Counsel-RBGG <ColemanTeam-
RBGGOnly@rbgg.com>; Christian Georgely <Christian.Georgely@doj.ca.gov>; Damon McClain
<Damon.McClain@doj.ca.gov>; Elise Thorn <Elise.Thorn@doj.ca.gov>; Namrata Kotwani
<Namrata.Kotwani@doj.ca.gov>
**Subject:** Coleman - Parties' Agreements on Telemental Health and Telework Policies

Dear Special Master Lopes,

The parties have completed their negotiations on both the Telemental Health and the hybrid work
policies.  Attached are the final drafts that reflect the agreement on both policies.  We believe that
the draft telemental health policy is consistent with your January 6 letter setting forth your concerns
and requested revisions.  We understand that you have not had prior input on the language in the
draft hybrid work policy.  However, the language was drafted to be consistent with the telework
policy and is only three pages in length.  We request your review and approval of both draft
policies.  The parties plan to present the draft policies to Magistrate Judge Riordan as directed by the
Court by no later than January 22, in advance of the status conference set for January 23.  We would
appreciate receiving your input at your earliest convenience and no later than Tuesday, January 22,
so that we may include your position as part of our submission.

Thank you,

Elise Thorn

**Elise Owens Thorn** | **Deputy Attorney General** | **California Department of Justice**
Correctional Law Section | 1300 I Street | Sacramento, CA 95814
*t* (916) 210-6648 | *e* elise.thorn@doj.ca.gov

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or
legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized
interception, review, use or disclosure is prohibited and may violate applicable laws including the
Electronic Communications Privacy Act. If you are not the intended recipient, please contact the
sender and destroy all copies of the communication.


CONFIDENTIALITY NOTICE: This communication with its contents may contain
confidential and/or legally privileged information. It is solely for the use of the intended
recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may
violate applicable laws including the Electronic Communications Privacy Act. If you are
not the intended recipient, please contact the sender and destroy all copies of the
communication.

This message was sent from outside the company. Please do not click links or open attachments unless you

recognize the source of this email and know the content is safe.