| | |
|---|---|
| DONALD SPECTER – 083925<br>STEVEN FAMA – 099641<br>MARGOT MENDELSON – 268583<br>PRISON LAW OFFICE<br>1917 Fifth Street<br>Berkeley, California 94710-1916<br>Telephone: (510) 280-2621<br><br>CLAUDIA CENTER – 158255<br>DISABILITY RIGHTS EDUCATION<br>AND DEFENSE FUND, INC.<br>Ed Roberts Campus<br>3075 Adeline Street, Suite 210<br>Berkeley, California 94703-2578<br>Telephone: (510) 644-2555 | MICHAEL W. BIEN – 096891<br>ERNEST GALVAN – 196065<br>LISA ELLS – 243657<br>JENNY S. YELIN – 273601<br>THOMAS NOLAN – 169692<br>MICHAEL S. NUNEZ – 280535<br>MARC J. SHINN-KRANTZ – 312968<br>ALEXANDER GOURSE – 321631<br>ADRIENNE PON HARROLD – 326640<br>BENJAMIN W. HOLSTON – 341439<br>MAYA E. CAMPBELL – 345180<br>LUMA KHABBAZ – 351492<br>JARED MILLER – 353641<br>ROSEN BIEN<br>GALVAN & GRUNFELD LLP<br>101 Mission Street, Sixth Floor<br>San Francisco, California 94105-1738<br>Telephone: (415) 433-6830 |

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, et al.,<br><br>      Defendants. | Case No. 2:90−CV−00520−KJM−SCR<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO MODIFY ORDER OF REFERENCE (ECF NO. 8503).**<br><br>Judge: Hon. Kimberly J. Mueller |

[4631684.6]

# INTRODUCTION

Defendants seek to fix something that is not broken—the agreed-upon clear error standard of review for factual findings by the Special Master in this case. Defendants make no explanation as to why this issue suddenly needs attention, 22 years after the Federal Rules change to Rule 53.

The Court should deny Defendants' motion. The parties have met the requirements of Rule 53 by stipulating to leave intact nearly all of the Order of Reference six years ago, including the clear error standard, as allowed by Rule 53(f)(3)(A). Defendants present no reason to depart from that stipulation now. Defendants' motion fails to satisfy the threshold requirement that it be brought within a reasonable time. Defendants' argument regarding waiver fails to demonstrate that there is anything improper about continuing to use the clearly erroneous standard of review in this case.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(5) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." A Rule 60(b)(5) motion requires the moving party to first show "a significant change either in factual conditions or in the law warranting modification." *United States v. Asarco Inc.*, 430 F. 3d 972, 979 (9th Cir. 2005) (citing *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 384 (1992)). If the moving party first meets that initial burden, then "the district court should determine whether the proposed modification is suitably tailored to the changed circumstance." *Rufo*, 502 U.S. at 391.

Rule 60(b)(6) ("any other reason that justifies relief") is a catch-all provision that should be applied only in "extraordinary circumstances." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988) (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)). It is "used sparingly." *United States v. Alpine Land & Reservoir Co.*, 984 F. 2d 1047, 1049 (9th Cir. 1993).

## II. THE PARTIES AGREED TO CONTINUE TO USE THE "CLEARLY ERRONEOUS" STANDARD THROUGH THEIR 2019 STIPULATION MODIFYING THE ORDER OF REFERENCE

### A. The Court Approved the 2019 Stipulation Leaving the Standard of Review Unchanged

The 2003 Rules change did not impose de novo review on all Special Master appointments. Instead, the Rules change allowed the parties to stipulate to clear error review. The Rule states in pertinent part:

> (f)(3) *Reviewing Factual Findings*. The court must decide de novo all objections to findings of fact made or recommended by a master, unless the parties, with the court's approval, stipulate that:
>
> (a) the findings will be reviewed for clear error….

Fed. R. Civ. P. 53.

Defendants incorrectly claim that they have not stipulated to the application of the clear error standard of review. Defendants' Motion, ECF No. 8503 ("Mot.") at 2, 4; Declaration of Paul Mello, ECF No. 8503-1 ("Mello Decl.") at ¶ 3.[1] If their acquiescence to the continued use of the clear error standard for more than twenty years were not enough, *see* Section II(B), *infra*, their explicit agreement in 2019 to leave the Order of Reference intact clearly satisfies Rule 53(f)(3)(A). In a 2019 stipulation adopted by the Court, the parties agreed to amend the Order of Reference in a narrow way—they agreed that they would have thirty days to respond to a Special Master report that has been filed directly with the Court, because the original Order did not specify a timeframe. July 29, 2019 Order, ECF No. 6230 at 2-3. Notably, the stipulation states that the parties agree that "[n]o other aspect of the Order of Reference is herein modified"— including any standard of review. *Id.* at 2. This is an agreement that all of the other provisions in the Order of Reference would remain the same, including the clearly erroneous standard of review for Special Master factual findings. *See* Cal. Civ. Code § 1656 (contract incorporates

---

[1] Page citations to documents on the docket are based on ECF pagination.

[4631684.6]

2

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO MODIFY ORDER OF REFERENCE (ECF NO. 8503).

1 provisions "necessary to carry it into effect").

2     "Stipulations are interpreted according to principles of contract interpretation." *Ray Fladeboe Lincoln-Mercury, Inc. v. Jaguar Cars, Inc.*, 867 F.2d 613 (9th Cir. 1989) (unpublished) (applying California contract law to interpret stipulation). They "must be interpreted in light of the circumstances under which the agreement was made." *Id.* (citing *Nat'l Audobon Soc'y, Inc. v. Watt*, 678 F.2d 299, 307 (D.C. Cir. 1982)). Courts interpret stipulations as containing implied provisions where necessary to give effect to their stated purposes. *See Watt*, 678 F.2d at 310-11 (in action challenging construction project, interpreting stipulation as containing implied provision providing that parties would no longer be bound by it if Congress failed to reauthorize or modify project after reasonable time period); *cf. Polycarpe v. E & S Landscaping Serv., Inc.*, 275 F.R.D. 700, 701 (S.D. Fla. 2011) (parties' cross-noticing second round of depositions qualified as stipulation to additional discovery).

    At the time that the parties entered into the 2019 stipulation, they were well aware that the standard of review for Special Masters' factual findings had changed in Rule 53 and that, absent a court-approved stipulation to de novo review, the Court would continue to apply the standard set forth in the Order of Reference. *See*, *e.g.*, Dec. 9, 2016 Order, ECF No. 5528 at 2-3 (outlining process in Order of Reference, including "clearly erroneous" standard, and explaining that "process set out in the Order of Reference … has functioned as intended. The court finds no reason to change it now."); Nov. 23, 2009, ECF No. 3731 at 2 n.1 (declining to apply de novo review and applying clear error review to Special Master report). Thus, by agreeing that no other provision in the Order of Reference was modified, the parties through this stipulation knowingly stipulated to, and the Court approved, ongoing use of the clear error standard of review set forth in the Order of Reference. Defendants cannot now simply ignore this stipulation to evade its terms.

    The decision to leave the clear error standard in place in 2019 makes sense in this case because the Special Master is not presiding over hearings but rather is managing a

[4631684.6]    3

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO MODIFY ORDER OF REFERENCE (ECF NO. 8503).

staff of experts in prison mental health. This expert staff is on-site in the prisons, observing the delivery of care, talking to patients and staff, and reviewing records. It makes little sense for this Court to review the results of such extensive factual inquiry de novo. The parties and the Court got it right in leaving the standard at clear error.

### B.  The Course of Dealing Confirms the Stipulation to Clear Error Review

Parties to a lawsuit can also stipulate to the law governing a dispute through acquiescence to application of that law. *See Cates v. Morgan Portable Bldg. Corp.*, 780 F.2d 683, 687-88 (7th Cir. 1985) (parties to lawsuit "impliedly stipulated" to law governing their dispute); *Casio, Inc. v. S.M. & R. Co.*, 755 F.2d 528, 530-31 (7th Cir. 1985) (parties impliedly stipulated to application of Illinois law to their dispute by failing to object to district court's application of that law); cf. *United States v. Gonzalez*, 669 F.3d 974, 981 (9th Cir. 2012) (joint defense agreement in litigation can be created through conduct).

In addition to the 2019 stipulation, the parties also stipulated to the clear error standard of review by acquiescing to the Court's application of that standard for over twenty years. The Court has repeatedly applied the clear error standard of review to the Special Master's factual findings since 2003. *See, e.g.*, Oct. 30, 2024 Order, ECF No. 8447 at 2-3 (applying "clearly erroneous" standard and adopting Special Master's Thirtieth Round Monitoring Report Part D); Feb. 1, 2024 Order, ECF No. 8121 at 3, 5 (Court adopting Special Master's Data Remediation Status Report and finding that Defendants failed to demonstrate that the Special Master was "clearly erroneous"); Apr. 13, 2023 Order, ECF No. 7808 at 3-4, 6, 8-10 (applying clear error standard of review to findings in Parts C and D of Special Master's 29th Round Monitoring Report and adopting report); Aug. 17, 2022 Order, ECF No. 7605 at 2-3, 5-6, 8-9 (adopting Special Master's 2021 Inpatient Report and overruling Defendants' objections for failing to show that Special Master's findings were "clearly erroneous"); July 1, 2021 Order, ECF 7216 at 6, 14 (Court adopting Special Master's CQIT Key Indicators Report and finding that Defendants did not meet burden to show that Special Master was "clearly erroneous"); Dec. 9, 2016 Order, ECF No. 5528 at 2-3 (expressing commitment to continue to follow

process in Order of Reference including "clearly erroneous" standard of review applicable to Special Master factual findings); Nov. 23, 2009 Order, ECF No. 3731 at 2 n.1, 5 (declining to apply the de novo standard and applying the clearly erroneous standard to Special Master reports).

The parties themselves have also continuously used the "clearly erroneous" standard in their responses to Special Master reports. *See, e.g.*, Defs.' Objs. to Special Master's Oct. 13, 2023 Data Remediation Status Report (Nov. 13, 2023), ECF No. 8065 at 2, 5-6 (arguing Special Master findings are "clearly erroneous"); Pls.' Resp. to Defs.' Resp. and Objs. to Special Master's Labor Economist Report (Aug. 7, 2020), ECF No. 6808 at 6, 8-9, 15, 25, 28, 36 (arguing Defendants failed to demonstrate report was "clearly erroneous"). This clear and consistent choice amounts to an agreement that the Court will continue to apply the clear error standard.

*Language Line Services, Inc. v. Language Services Association, Inc.*, 500 F. App'x 678 (9th Cir. 2012), an unpublished misappropriation of trade secrets case that Defendants cite in support of their argument that the Court must apply de novo review, Mot. at 4-5, is inapposite because the district court in that case applied the "clearly erroneous" standard to legal findings in addition to factual findings, which is not permitted under any circumstance, Fed. R. Civ. P. 53(f)(4); because there is no indication that the parties in that case had stipulated to the "clearly erroneous" standard; and there was no decades-long track record of acquiescence to the "clearly erroneous" standard. *See* 500 F. App'x at 682; *see generally Language Line Servs., Inc. v. Language Servs. Assocs., LLC*, No. C 10-02605 JW, 2010 WL 2764714 (N.D. Cal. July 13, 2010). Other cases that Defendants cite upheld denials of motions for relief under Rule 60(b) so are of no help to Defendants. *See Fed. Trade Comm'n v. Hewitt*, 68 F.4th 461, 465, 470 (9th Cir. 2023); *Delay v. Gordon*, 475 F.3d 1039, 1041 (9th Cir. 2007).

### III. THE COURT SHOULD DENY DEFENDANTS' MOTION AS UNTIMELY

Motions under Rules 60(b)(5) and (6) "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). "What constitutes a reasonable time 'depends on the facts of each

1   case.'" *United States v. Wyle (In re Pac. Far E. Lines, Inc.)*, 889 F.2d 242, 249 (9th Cir.
2   1989) (quoting *United States v. Holtzman*, 762 F.2d 720, 725 (9th Cir. 1985)).  Courts
3   consider whether the movant "had a good reason for failing to take the action sooner" and
4   whether the non-movant "was prejudiced by the delay." *Id.* at 249.

5       Courts routinely find delays of even a few years in filing motions under Rule
6   60(b)(5) and (6) without adequate justification to constitute unreasonable delay where
7   parties could have easily filed their motions sooner.  *See Ingram v. Merrill Lynch, Pierce,*
8   *Fenner & Smith, Inc.*, 371 F.3d 950, 952 (7th Cir. 2004) (per curiam) (Rule 60(b) motion
9   challenging settlement was untimely where filed 4.5 years after settlement approved
10  without persuasive justification for delay in bringing motion); *McKinney v. Boyle*, 447
11  F.2d 1091, 1093 (9th Cir. 1971) (unreasonable delay where plaintiff waited 4.5 years after
12  dismissal, including nine months after being informed of dismissal, to bring Rule 60(b)(6)
13  motion); *see also Tyler v. Anderson*, 749 F.3d 499, 510 (6th Cir. 2014) (approximately ten-
14  year delay in filing Rule 60(b)(6) motion rendered it untimely where movant had "multiple
15  opportunities" to raise the issue before he did).

16      Defendants' motion is anything but timely.  The amendment that Defendants point
17  to as grounds to modify the Order of Reference was issued in 2003, over twenty years ago.
18  This motion is the first time that Defendants have requested to change the standard of
19  review for the Special Master's findings of fact in that time.

20      Defendants offer no justification regarding why they waited over twenty years to
21  bring this motion, much less a good reason.  Nor could they.  Defendants are sophisticated
22  parties with significant resources.  Defendants have likely been aware of the change in
23  Rule 53 since 2003, and Defendants have known since no later than 2009 that the Court
24  would continue to apply the clear error standard in accordance with the Order of
25  Reference, at least in part because the parties had not briefed the question of whether Rule
26  53(f)(3) should apply in this case and had not presented any "authority mandating its
27  application."  Nov. 23, 2009 Order, ECF No. 3731 at 2, n.1.  Nothing prevented
28  Defendants from bringing this motion shortly after the rule change in 2003 or the Court's

November 23, 2009 Order.

Defendants failed to move to modify the standard of review in the Order of Reference in the fifteen years since then despite the fact that, during that time, the Court reiterated its commitment to applying the clear error standard and has consistently applied the clear error standard to Special Master findings of fact. *See*, *e.g.*, Feb. 1, 2024 Order, ECF No. 8121 at 3, 5; Apr. 13, 2023 Order, ECF No. 7808 at 3-4, 6, 8-10; Aug. 17, 2022 Order, ECF No. 7605 at 2-3, 5-6, 8-9; July 1, 2021 Order, ECF 7216 at 6, 14; Dec. 9, 2016 Order, ECF No. 5528 at 2-3; Nov. 23, 2009 Order, ECF No. 3731 at 2 n.1, 5.[2]

Granting the untimely motion would prejudice the Plaintiffs and the Court by disrupting monitoring and enforcement efforts at a time when the parties should be focused on achieving compliance.

Defendants' argument that their motion is timely because the Court referenced the standard of review in its October 30, 2024 order borders on the frivolous. Mot. at 7 (citing ECF No. 8447). The October 30, 2024 order did not change the standard of review that the Court applies and did not otherwise alter the relevant circumstances that had already been in place for over twenty years. *See* ECF No. 8447 at 2-3. Defendants were also well aware of the different standards of review in the Order of Reference and Rule 53(f)(3) since long before the October 30, 2024 Order. Defendants offer no authority showing that a court order like the October 30, 2024 Order that merely discusses circumstances about which Defendants have long been well aware resets the clock on timeliness, and Plaintiffs are aware of none.

---

[2] Plaintiffs identified only two instances since Rule 53 was amended in 2003 where the Court applied de novo review to the Special Master's factual findings. They both involved Special Master reports that were filed directly on the docket without first providing the parties an opportunity to comment on a draft version. *See* Minutes for In Court Hearing Re: Objs. to Special Master's Expert's Sixth Re-Audit Report and Status of Appointment of a Receiver (Sept. 30, 2024), ECF No. 8414 (applying de novo review to Hayes's Sixth Re-Audit Report); Nov. 12, 2013 Order, ECF No. 4925 at 2 n.1, 11 ("All reports provided by the Special Master to the parties in accordance with the Order of Reference filed December 11, 1995 (Doc. No. 640) are reviewed under the standards set forth in that order. The Report at bar was filed directly with the court.").

None of Defendants' cases demonstrate that Defendants' motion is timely because they involved vastly shorter delays, movants that provided specific reasons for the delays, and other very different circumstances. *Liljeberg*, 486 U.S. at 869, involved a delay of only ten months and included considerations unique to judicial qualification under 28 U.S.C.A. § 455(a). *Klapprott v. United States*, 335 U.S. 601, 602, 613-14 (1949), involved a delay of only four years and "extraordinary" circumstances that prevented the movant, an individual who had been incarcerated, from bringing his motion to set aside a denaturalization judgement sooner. *United States v. Holtzman*, 762 F.2d 720, 725 (9th Cir. 1985), is inapposite because the delay was only five years, the movant, an individual, proffered a specific reason for the delay, legal error, and the non-movant was not prejudiced.[3] *In re Pacific Far East Lines, Inc.*, 889 F.2d at 249-50, involved a delay of only eighteen months, the movant provided a reason for the delay, the non-movant received advanced notice of the movant's intentions regarding the Rule 60(b) motion, and the non-movant conceded to facing no prejudice.

### IV. DEFENDANTS' ARGUMENT THAT THE STANDARD OF REVIEW IN RULE 53(F)(3) IS UNWAIVABLE FAILS

Defendants argue that, even if their Rule 60(b) motion is untimely, the Court should still grant their motion because the standard of review is unwaivable. Mot. at 8. This argument is fundamentally flawed. First, it is incorrect because Rule 53(f)(3) permits the parties to change the standard of review and, as discussed in Section II above, the parties stipulated to continue to use the "clearly erroneous" standard of review for Special Master findings of fact. Second, Defendants failed to identify any authority showing that the timeliness requirement for Rule 60(b) motions is inapplicable to such motions based on the standard of review applied, much less the "clearly erroneous" standard of review in Rule

---

[3] Defendants also cite *Holtzman* in support of their argument that the delay here is permissible given that the relief is prospective. Mot. at 7. However, the delay in *Holtzman* was only a fraction of the delay here, and Defendants failed to identify any case that relied on this principle to find a Rule 60(b) motion as timely after a delay comparable to their twenty-one year delay in filing the instant motion.

53(f)(3).

Defendants' cases do not help Defendants because none of them demonstrate that denial of an untimely Rule 60(b) motion even constitutes waiver or address whether a party can waive the standard of review under Rule 53(f)(3).  The concurrence by Justice Alito in *Moody v. NetChoice, LLC*, 603 U.S. 707, 778-80 (2024), addresses the failure to apply controlling Supreme Court precedent governing facial challenges to state laws. *Amado v. Gonzalez*, 758 F.3d 1119, 1133 (9th Cir. 2014), and *Gardner v. Galetka*, 568 F.3d 862, 878-79 (10th Cir. 2009), held that the parties cannot waive the congressionally mandated standard of review for habeas petitions under the Anti-Terrorism and Effective Death Penalty Act.  *Amado* and *Gardner* are inapplicable here both because their relevant legal analysis focused on the Anti-Terrorism and Effective Death Penalty Act and because failing to apply the standard in those cases risked contravening "congressional purpose" and thus implicated separation of powers concerns not at issue here.  *Gardner*, 568 F.3d at 878-79; *see also Amado*, 758 F.3d at 1133.  Defendants rely on a general statement in *Worth v. Tyer*, 276 F.3d 249, 262 n.4 (7th Cir. 2001), regarding appellate standards of review, not district court review of Special Master findings.  None of these cases stand for the proposition that a party can wait more than twenty years to challenge the standard of review in an order of reference and then claim that the timeliness requirement of Rule 60 is inapplicable.  Such a result would be absurd and unfair, and could upend two decades' worth of court orders and Special Master monitoring reports that have long been embedded in the record of this case.

## CONCLUSION

Defendants have failed to demonstrate that the Court should or must modify the Order of Reference by adopting the "de novo" standard of review for Special Master factual findings.  The Court should decline Defendants' invitation to disregard the parties' stipulation to use the "clearly erroneous" standard of review.  Even if the court concludes that the parties have not stipulated to use the "clearly erroneous" standard, the Court should deny Defendants' motion—over twenty years late—as untimely.  Finally,

[4631684.6]

9

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO MODIFY ORDER OF REFERENCE (ECF NO. 8503).

Defendants' argument that the standard is unwaivable is fundamentally flawed because it fails to grapple with the text of the Rule and the facts of this case.

DATED: January 22, 2025                Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Michael S. Nunez*
     Michael S. Nunez

Attorneys for Plaintiffs

## CERTIFICATION

Plaintiffs' counsel certifies that he reviewed the following orders in preparing this filing: ECF Nos. 640, 3731, 4925, 5528, 6230, 7216, 7605, 7808, 8121, 8414, 8447.

DATED: January 22, 2025                ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Michael S. Nunez*
     Michael S. Nunez

Attorneys for Plaintiffs