Rob Bonta, State Bar No. 202668
Attorney General of California
Monica N. Anderson, State Bar No. 182970
Senior Assistant Attorney General
Damon McClain, State Bar No. 209508
Supervising Deputy Attorney General
Elise Owens Thorn, State Bar No. 145931
Namrata Kotwani, State Bar No. 308741
Christian M. Georgely, State Bar No. 322952
Deputy Attorneys General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 210-7318
Fax: (916) 324-5205
E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

HANSON BRIDGETT LLP
LAWRENCE M. CIRELLI, SBN 114710
PAUL B. MELLO, SBN 179755
SAMANTHA D. WOLFF, SBN 240280
KAYLEN KADOTANI, SBN 294114
DAVID C. CASARRUBIAS-GONZÁLEZ, SBN 321994
SHANDYN H. PIERCE, SBN 336421
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: 415-777-3200
Pmello@hansonbridgett.com
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GAVIN NEWSOM, et al. <br><br> Defendants. | Case No. 2:90-CV-00520- KJM-DB <br><br> **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO MODIFY ORDER OF REFERENCE (ECF NO. 640)** <br><br> Judge: Hon. Kimberly J. Mueller |

## INTRODUCTION

On more than one occasion, this court has deferred ruling on whether the Order of Reference should be updated to apply the correct standard of review set forth in Federal Rule of Civil Procedure 53 for objections to a master's factual findings because the "parties had not briefed" the issue. (ECF 3731, 2, n.1; ECF 8447, 2-3.) The issue is now briefed, and the court should no longer defer such a ruling. It is time to apply the correct standard of review—de novo—going forward.

Defendants' motion is simple, straight forward, and indisputable. In 2003, Congress, through the rulemaking process, changed the standard of review for findings of fact made or recommended by a master from clearly erroneous to de novo. Fed. Rule. Civ. Proc. 53(f)(3).[1] Defendants' motion simply requests that this court apply the correct standard of review to factual findings made by the Special Master. Thus, Defendants bring this motion to modify the governing document—the Order of Reference—so that *going forward*, the correct standard is applied.

Despite the indisputable fact that the de novo standard of review applies—Plaintiffs' opposition effectively asks this court to ignore the plain text of Rule 53(f)(3), ignore the court's ethical obligations under Canon 3(A)(1) to be faithful to the law, and transform the mere fact Defendants did not formally move to modify the Order of Reference before now, into a court-approved nullification of the Rule. This court should reject the invitation and adopt the correct standard of review by granting Defendants' motion to modify the Order of Reference.

## ARGUMENT

Federal Rule of Civil Procedure 53(f)(3) unambiguously applies the de novo standard of review to a master's factual findings. "The court *must* decide de novo all objections to findings of fact made or recommended by a master … ." Fed. Rule Civ. Proc. 53(f)(3), emphasis added. The command could not be more explicit.

While there are two exceptions to the Rule, neither one applies here. First, the parties can stipulate to objections to special master findings being reviewed for clear error. Fed. Rule Civ. Proc. 53(f)(3)(A). Second, the parties can stipulate that such findings will be final. Fed. Rule Civ. Proc. 53(f)(3)(B). As explained in the motion to modify points and authorities, no such stipulations exist. Nonetheless, Plaintiffs twist the facts and distort the law to avoid what is required—application of the *required* de novo standard of review.

**I.    NO STIPULATION TO HAVE THE SPECIAL MASTER'S FACTUAL FINDINGS REVIEWED FOR CLEAR ERROR EXISTS.**

In a misleading argument, Plaintiffs contend that Defendants stipulated to clear error

---

[1] The 2003 revision was originally enumerated in Rule 53(g). All further undesignated rule references are to the Federal Rules of Civil Procedure.

review in 2019.  Plaintiffs state, "[t]he parties have met the requirements of Rule 53 by stipulating to leave intact nearly all of the Order of Reference six years ago, including the clear error standard, as allowed by Rule 53(f)(3)(A)."  (ECF No. 8524 at 2.)  They also argue, as if this was a commercial contracts case, that the "stipulation" is implied by a "course of dealing."  (*Id.* at 5-6.)  However, Plaintiffs' assertions rest on falsehoods laid bare by both the events leading to the stipulation, and the narrow issue this court resolved by stipulation.

The issue actually resolved by stipulation was the *time for making* objections, and it arose during proceedings over the 2018 Program Guide Revision.  As the court explained then, Defendants had relied on the 21-day period of Rule 53(f)(2), rather than the 10-day period in the Order of Reference (*see* ECF 640).  (ECF 6211, 3-4, n.6.)  Plaintiffs argued the objections were untimely.  (*Id.*)

Rather than decide this timing dispute, the court considered Defendants' objections and Plaintiffs' response.  (*Id.*)  Then, "to avoid further confusion," the court instructed the parties "to meet and confer and present a proposed stipulation and order for modification of the ten-day objection period in the Order of Reference to add a provision governing the objection period for reports the Special Master does not circulate to the parties for review and comment prior to filing."  (*Id.*)  The court then memorialized this narrow, single-issue task as follows in its order:

> 4.    Within twenty-one days from the date of this order, the parties shall meet and confer and submit to the court a proposed stipulation and order for modification of the ten-day objection period in the Order of Reference to add a provision governing the objection period for reports from the Special Master that are not circulated to the parties for review and comment prior to filing … .

(*Id.* at 19.)

The parties resolved the single issue, agreeing to a 30-day period for making such objections.  (ECF 6230 at 2.)  In approving the stipulation, this court recited the single issue it tasked the parties with resolving, the silence in the Order of Reference "as to the deadline to respond to reports filed by the Special Master that are not circulated to the parties," noting once again the lack of clarity as to the time period for making objections.  (*Id.*)  The court then approved the stipulation, resolving the single issue.  (*Id.* at 3.)

As is readily apparent, the dispute and resulting stipulation was not about the correct standard of review for special master findings. It is not surprising then, given the narrow context of the stipulation, that this court noted, "[n]o other aspect of the Order of Reference is herein modified." (*Id.* at 2.) The court's prior order had *not* instructed the parties to resolve any other issue. (ECF 6211,) And no other "aspect of the Order of Reference" was subject to dispute resolution at the time. Rather, as is so plainly apparent, the purpose of the stipulation was to resolve the dispute *Plaintiffs created* when they sought to exclude Defendants' objections as untimely.

Given the actual factual context of these events, Plaintiffs' assertion that the parties "stipulat[ed] to leave intact nearly all of the Order of Reference" lacks a single shred of support. (ECF No. 8524 at 3.) No other aspect of the Order of Reference was before the court for resolution. And these were not omnibus proceedings to bring any and all disagreements about the Order of Reference to the court. There is no stipulation wherein the parties agreed to have this court review objections to special master findings for clear error review. And without one, the statutory exception has no application, and the de novo standard of review must be applied.

## II.    NO WAIVER OF DEFENDANTS' RIGHT TO HAVE THE LAW PROPERLY APPLIED HAS OCCURRED.

Plaintiffs next argue that Defendants waived—through a course of conduct (*id.* at 5-6), or through the passage of time (*id.* at 6-10) the Rule 53(f)(3) de novo standard of review. The flaws in these arguments are many.

First, there is no such thing as waiver of the correct standard of review. *Amado v. Gonzalez*, 758 F.3d 1119, 1133 (9th Cir. 2012). As the Court of Appeals recognized, courts "have the obligation to apply the correct standard, for the issue is non-waivable." *Id.* "'[A] party cannot 'waive' the proper standard of review by failing to argue for it.'" *Id.,* citing and quoting *Brown v. Smith,* 551 F.3d 424, 428 n.2 (6th Cir. 2008) (overruled on other grounds by *Cullen v. Pinholster,* 131 S.Ct. 1388, 1400 (2011). "[A] party cannot, by waiver or estoppel, change the applicable standard of review." *Vizcaino v. Microsoft Corp.,* 120 F.3d 1006, 1022 n. 4 (9th Cir.1997) (en banc) (O'Scannlain, J., concurring in part and dissenting in part). No waiver has occurred here

because, as the Ninth Circuit recognizes, no waiver is possible.

Second, even if waiver were possible in the standard of review context, it is black letter law that "waiver is the intentional relinquishment or abandonment of a known right." *United States v. Olano,* 507 U.S. 725, 733-34 (1993). It is also black letter law that statutory interpretation starts—and often ends—with the plain text. *Bottinelli v. Salazar,* 929 F.3d 1196, 1199 (9th Cir. 2019).

Here, by its plain terms, Rule 53(f)(3) imposes an obligation on district courts to review objections to a master's factual findings de novo. Parties do not consider and rule upon objections—courts do. And subdivision (f)(3) imposes a specific standard of review on the courts for such review. Thus, subdivision (f)(3) regulates the mechanics of litigation by dictating the standard of review to the *courts*. Nowhere do the plain terms of subdivision (f)(3) purport to provide the *parties* with any known right. And if there is no known right conveyed by the text, no waiver can occur because "waiver is the intentional relinquishment of a known *right*." *Olano,* 507 U.S. at 733-34, emphasis added.

So, no matter how many historical instances Plaintiffs recite of Defendants' *forfeiture* of the opportunity to insist on de novo review for rulings on objections, forfeiture is temporal—it comes and it goes. "Mere forfeiture, as opposed to waiver, does not extinguish an 'error'" a court makes under the rules of civil procedure. *See id.* And here, the "right" the parties possess to challenge any such errors is embedded in the Federal Rules of Appellate Procedure, not Rule 53: the right to appeal if a party chooses to appeal.

Nor does the passage of time change anything since the 2003 amendment replaced the clear error standard with the de novo standard of review. If at any time, including in ruling on this motion, this court applies the wrong Rule, no amount of historical forbearance by Defendants can defeat the right to appeal this court's application of an obsolete standard of review.[2] Waiver has

---

[2] Indeed, such forbearance and other laudable approaches to dispute resolution are invariably rewarded with fatuous proclamations and arguments from Plaintiffs such as their opposition statement that Defendants provide "no explanation as to why this issue [the correct standard of review] suddenly needs attention, 22 years after the Federal Rules change to Rule 53." (ECF No. 8524 at 2.) Erosion of Defendants' pragmatism is irrelevant here, as is the passage of

nothing to do with this. And there is no such thing as a *forfeiture*-in-perpetuity—despite Plaintiffs' argument to the contrary. Just as Defendants could choose to forego insisting upon application of the de novo standard of review in specific instances of special master reports, they are free to draw a line in the sand and say "no more" at any time. This motion is not untimely.

Third, there is another glaring violation of basic principles of statutory interpretation upon which Plaintiffs' "waiver" (by conduct or passage of time) arguments rest. Congress structured subdivision (f) with an indisputable *command* to the district courts—those courts "must" apply the de novo standard of review. It then listed two and only two exceptions *requiring* party stipulations. Rule 53(f)(3)(A) & (B). Both exceptions require express *action* by the parties. So Congress was not only blunt in its instructions to the courts under subdivision (f)(3), but just as blunt to the parties—directing them in subdivisions (f)(3)(A) & (B) to take action in the form of a stipulation in order to *opt out of* the de novo standard. By such express exceptions, Congress left no room for *implied* exceptions—unpersuasive waiver arguments like Plaintiffs raise here included. *Syed v. M-I, LLC*, 853 F.3d 492, 501 (9th Cir. 2017) (observing that when a statutory provision contains express exceptions, "the familiar judicial maxim *expressio unius est exclusio alterius* counsels against finding additional, implied exceptions.").

Fourth and finally, Plaintiffs' authorities cited for their argument that it is too late to bring a Rule 60(b) motion have no contextual relation to the issues here.[3] First, none of those cases involve a court's continuing remedial supervision and the continuing involvement of a special master. So unsurprisingly, not a single case Plaintiffs rely on involves Rule 53(f)(3) either. Not a single cited authority stands for the proposition that a party loses forever the opportunity to challenge ongoing and repeated application of an obsolete *standard of review*—by not moving to

---

time. Defendants have now placed the issue squarely before the court, the correct Rule 53(f)(3) standard is de novo review, the Order of Reference is contrary to law, and the motion awaits this court's ruling.

[3] ECF No. 8524 at 5-6: *United States v. Wyle (In re Pac. Far E. Lines, Inc.*, 889 F.2d 242, 244 (9th Cir. 1989) (involving one-time application for return of bankruptcy related fees); *Ingram v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 371 F.3d 950, 952 (7th Cir. 2004) (per curiam) (involving a one-time final settlement); *McKinney v. Boyle*, 447 F.2d 1091, 1093 (9th Cir. 1971) (involving dismissal of the case); and *Tyler v. Anderson*, 749 F.3d 499, 510 (6th Cir. 2014) (involving the one-time denial of a petition for a writ of habeas corpus).

challenge such inappropriate application when the law first changes or the first error is made. Cases are not authorities for propositions not considered. *Rollins v. Dignity Health,* 336 F.R.D. 456, 467 (N.D. Cal. 2020), quoting *Persson v. Smart Inventions, Inc.*, 125 Cal. App. 4th 1141, 1172 (Cal. Ct. App. 2005).

Given the continuing supervision of this court and the continuing involvement of the special master, legal error (including application of the correct standard of review) is not immunized by the passage of time. This is true regardless of the ongoing and regular submission of reports and recommendations containing factual findings. Each time the court applies the incorrect standard, Defendants have the opportunity to challenge the *legal error.* Each new violation creates a new Rule 60 "reasonable time" in which to seek to modify the Order of Reference. *Corn v. Guam Coral Co.,* 318 F.2d 622, 632 (9th Cir. 1963) (observing that there is *no outside limit* on reasonable time); *Washington v. Penwell,* 700 F.2d 570, 572-73 (9th Cir. 1983) (what constitutes a "reasonable time" depends on the unique facts of each case). Indeed, "[l]eniency also is appropriate when the challenged judgment *is prospective.*" *U.S. v. Holtzman,* 762 F.2d 720, 725 (9th Cir. 1985), emphasis added. It is black letter law that when it comes to conflicting statutes, the specific controls the general. *City and County of San Francisco v. Trump,* 897 F.3d 1225, 1239 (9th Cir. 2018). Thus, Rule 53(f)(3)'s explicit command to the courts to apply the de novo standard of review—cannot be trumped by general considerations of time under Rule 60(b). Put another way, Rule 60(b) timing considerations cannot shield the district courts from following Congress' statutory command. It is long past time for the Court to apply the correct standard of review, and it need only apply it going forward.

## CONCLUSION

Courts must endeavor—in compliance with the law—to be fair, unbiased arbiters of all disputes that come before them. Since 2003, the Order of Reference has contained an obsolete and impermissible standard of review for objections to a master's findings of fact. With the filing of this motion, the issue is formally before this court, and the time has come to take a simple, straight

/ / /

/ / /

forward, required and judicious action: modify the Order of Reference to apply the de novo standard of review to objections to the Special Master's factual findings—and apply it going forward.

DATED: February 5, 2025

ROB BONTA
Attorney General of California

By: */s/ Elise Owens Thorn*
DAMON MCCLAIN
Supervising Deputy Attorney General
ELISE OWENS THORN
Deputy Attorney General
*Attorneys for Defendants*

DATED: February 5, 2025

HANSON BRIDGETT LLP

By: */s/ Paul M. Mello*
LAWRENCE M. CIRELLI
PAUL B. MELLO
SAMANTHA D. WOLFF
KAYLEN KADOTANI
DAVID C. CASARRUBIAS-GONZÁLEZ
SHANDYN H. PIERCE
*Attorneys for Defendants*