Rob Bonta, State Bar No. 202668
Attorney General of California
Monica N. Anderson, State Bar No. 182970
Senior Assistant Attorney General
Damon McClain, State Bar No. 209508
Supervising Deputy Attorney General
Elise Owens Thorn, State Bar No. 145931
Namrata Kotwani, State Bar No. 308741
Christian M. Georgely, State Bar No. 322952
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7318
 Fax: (916) 324-5205
 E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

Hanson Bridgett LLP
Lawrence M. Cirelli, SBNY 114710
Paul B. Mello, SBN 179755
Samantha D. Wolff, SBN 240280
Kaylen Kadotani, SBN 294114
David C. Casarrubias-González,
SBN 321994
Mollie Levy, SBN 333744
Samantha Bacon, SBN 351561
425 Market Street, 26th Floor
 San Francisco, California 94105
 Telephone: 415-777-3200
 E-mail: PMello@hansonbridgett.com
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>Defendants. | Case No. 2:90-CV-00520- KJM-SCR<br><br>**JOINT STATUS REPORT ON THE UNIFIED TELEPSYCHIATRY AND TELEMENTAL HEALTH POLICY, AND THE HYBRID WORK POLICY**<br><br>Judge:            Hon. Kimberly J. Mueller<br>Magistrate Judge: Hon. Sean C. Riordan |

The Court referred two policy disputes to Magistrate Judge Riordan for findings and recommendations—the telepsychiatry policy dispute and the telemental health policy dispute. (ECF Nos. 8398, 8409). On November 21, 2024, the parties notified the Court that they were in the process of negotiating an agreement on the two disputes. (ECF No. 8469.) In response to the filing, Magistrate Judge Riordan held a status conference on December 12, 2024, and ordered a further status conference on January 23, 2025. On January 22, 2025, the parties filed a status report and attached their agreed-upon unified telepsychiatry and telemental health policy (Unified Policy), along with the Special Master's comments and concerns regarding the Unified Policy.

(ECF Nos. 8523, 8523-1, 8523-2, 8523-3.) The status report also advised that the parties were in the process of working on a separate hybrid-work policy for mental health staff (Hybrid Policy) and that Defendants intended to finalize that policy once the parties had considered input from the Special Master. (ECF No. 8523 at 2.)

On January 23, 2025, the parties appeared before Magistrate Judge Riordan to discuss the Unified Policy, and the Court asked the parties questions about the timeline for finalization of the Hybrid Policy. The Court issued an order on January 24, 2025, in which it directed the parties to file an additional status report by February 12 on the status of the Unified Policy and the Hybrid Policy. (ECF No. 8526 at 2.) The Court's order also directed the parties to clarify language in the Unified Policy related to the cap on allocations of telemental health providers, and to file the revised Unified Policy and the Hybrid Policy with the status report. (*Id.*)

The parties have agreed on revised clarifying language in the Unified Policy and, as ordered, discussed the revised language during a January 30 conference with the Special Master. The revised Unified Policy is attached as Exhibit A, with the revised language highlighted. The Special Master expressed no concerns about the revised language at the conference.[1]

As directed by the Court, the parties also conferred with the Special Master regarding the Hybrid Policy on January 30. The Special Master directed the parties to inform the Court that he takes no position regarding the Hybrid Policy, which is attached as Exhibit B.

The parties respectfully request that Judge Riordan issue findings and recommendations approving the attached Unified Policy, which fully addresses the two policy disputes that were referred to him.

**Defendants' Separate Statement Regarding the Hybrid Policy:**

Defendants voluntarily and proactively developed the Hybrid Policy in consultation with Plaintiffs to enhance their efforts to improve mental health staffing. The Hybrid Policy was not referred to Magistrate Judge Riordan for findings and recommendations, no party has filed a motion with the Court concerning the Hybrid Policy, and there is no pending dispute between the

---

[1] The Special Master's written comments on the Unified Policy were previously provided to the Court as attachments to the parties' joint status report filed on January 22, 2025. (ECF Nos. 8523-1, 8523-3.)

[4646929.3]

2

parties concerning the Hybrid Policy that the Court must resolve. The Hybrid Policy does not conflict with—or require modification of—the Program Guide or the Court ordered remedy in this case. Additionally, under the Order of Reference, the Special Master is already entitled to monitor the delivery of mental healthcare under the remedial plan, regardless of the modality used to provide it. (ECF No. 640 at 4.) No additional order is necessary for the Special Master to monitor the delivery of mental healthcare by staff working under the Hybrid policy. Accordingly, it is Defendants' position that the Court need not approve or otherwise issue orders concerning the Hybrid Policy.

**Plaintiffs' Separate Statement Regarding the Hybrid Policy:**

The Court should approve and order implementation of the Hybrid Policy, which dovetails with the Unified Policy on telehealth to address staffing shortfalls in this case. The Hybrid Policy was developed in court-ordered negotiations for a plan to allocate the fines paid by Defendants in contempt of court orders requiring basic levels of mental health clinical staffing as part of the remedy to benefit the class. *See* Joint Submission of Plan for Expenditure of Staffing Contempt Fines, ECF No. 8372 at 3, 15-16. The Plan was approved by the district court. *See* Aug. 29, 2024 Order, ECF No. 8381. Both the Hybrid Policy and the Unified Policy were drafted with care to ensure that remote work by mental health clinicians does not compromise class member's access to care, and their safety. For example, both policies contain detailed statements regarding mental health encounters for which institutions shall ensure sufficient on-site staffing. *See* Exhibit A hereto at 4-5; Exhibit B hereto at 1-3. These lists include use of force incidents, PREA evaluations, and Crisis Intervention Teams, all of which implicate patient safety. Proper implementation of the Hybrid Policy and the Unified Policy will have a critical impact on Program Guide compliance.

The Special Master should monitor implementation of both policies, which will require access to information from Defendants. If the Hybrid Policy is left out of court orders entirely, the Special Master will face an uncertain landscape regarding what information Defendants should provide as part of monitoring the overall staffing remedy. Such disputes arose recently regarding information requests for the 30th Round of Monitoring. *See* ECF No. 8359 at ECF

[4646929.3]

3

Pages 22-24 (Special Master discussion of document production issues) ECF No. 8359-1 at ECF Pages 9-13 (Defendants' response); Order of Nov. 25, 2024, ECF No. 8474 (requiring notice of future disputes). Including both the Hybrid Policy and the Unified Policy in an approving order would go far toward avoiding such uncertainly about the Special Master's access.

Dated: February 11, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
MONICA N. ANDERSON
Senior Assistant Attorney General

/s/ Damon McClain

DAMON MCCLAIN
Supervising Deputy Attorney General
*Attorneys for Defendants*

Dated: February 11, 2025

*HANSON BRIDGETT LLP*

/s/ Paul B. Mello

PAUL B. MELLO
SAMANTHA D. WOLFF
DAVID C. CASARRUBIAS-GONZALEZ
*Attorneys for Defendants*

Dated: February 11, 2025

*ROSEN BIEN GALVAN & GRUNFELD LLP*

/s/ Ernest Galvan

ERNEST GALVAN
*Attorneys for Plaintiffs*

CF1997CS0003

# CERTIFICATE OF SERVICE

Case Name:   *Coleman v. Newsom, et al.,*           No.   **2:90-cv-00520 KJM-SCR**

I hereby certify that on February 11, 2025, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**JOINT STATUS REPORT ON THE UNIFIED TELEPSYCHIATRY AND TELEMENTAL HEALTH POLICY, AND THE HYBRID WORK POLICY (with Exhibits A & B)**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on February 11, 2025, at San Francisco, California.

|  |  |
|---|---|
| M. Paredes<br>Declarant | *[signature]*<br>Signature |

CF1997CS0003
44508192.docx