UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No. 2:90-cv-0520 KJM SCR P |
| Plaintiffs, | ORDER AND |
| v. | ORDER TO SHOW CAUSE |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

On July 12, 2024, the court ordered the parties to show cause in writing why it should not initiate formal proceedings to appoint a temporary receiver[1] in this action "to assume responsibility, with this court's oversight, for completion of all tasks necessary to implementation of the remedy in this action." July 12, 2024 Order and Order to Show Cause at 15, ECF No. 8330. Since then, the court has entertained the parties' suggestions and undertaken its own thorough search to identify a qualified candidate. In this effort the court has been assisted by its own technical advisor, Eric F. Douglas, and a person the parties previously agreed could serve as receiver, former California Department of Corrections and Rehabilitation (CDCR)

---

[1] Throughout this order, the court uses the word "receiver." The court expects the appointment to be temporary in that it expects the receiver will oversee full implementation of the remedy in this action as promptly as possible, sooner rather than later.

1

1    Undersecretary of Operations Martin Hoshino.[2]  The court has identified the person it intends to
2    appoint to serve as receiver, Colette S. Peters, and it disclosed her name to the parties *in camera*
3    on February 25, 2025.  ECF No. 8551.  At that *in camera* session the court made provisions for a
4    period of time during which Ms. Peters could meet with the court's Special Master and the
5    parties.  At a further *in camera* session with the parties on March 18, 2025, the court allowed the
6    parties to indicate if they believe Ms. Peters is not qualified to serve as receiver.  The parties
7    agreed Ms. Peters is qualified and did not identify any other reason counseling against her
8    appointment, while the defendants preserved their objection to appointment of a receiver in the
9    first instance.  In a public hearing immediately following the March 18th *in camera* session, the
10   court identified Ms. Peters for the public record and confirmed its intent to move forward toward
11   appointment of a receiver by providing for a next phase during which Ms. Peters will serve as
12   Receiver-nominee and work collaboratively with the parties, while also coordinating with the
13   Special Master, to develop a detailed Receivership Action Plan.  The court also indicated it will
14   provide Ms. Peters up to four months to present the Action Plan to the court.

15       The court now orders the parties to meet and confer and file a joint statement concerning
16   the order the court plans to issue formally appointing Ms. Peters as Receiver-nominee.  The court
17   also orders the parties to show cause if any they have why the court should not appoint Ms. Peters
18   to serve as the Receiver-nominee in this case for an initial period of four months with the powers
19   and duties set forth below, to be paid at the rate provided below, and with defendants bearing the
20   costs of this initial phase of developing the Receivership Action Plan.  A copy of Ms. Peters'
21   curriculum vitae is attached to this order, in the form previously provided to the parties under
22   seal.
23   /////

---

[2] While Mr. Hoshino is not available to serve full-time as receiver, he has remained available to the court as a resource and the court understands he will be available to support Ms. Peters.

I.  **PROPOSED DUTIES AND POWERS OF RECEIVER-NOMINEE**

A.  **Duties of the Receiver-nominee**

The primary duty of the Receiver-nominee during the four month period beginning with issuance of this order is to develop a comprehensive Receivership Action Plan to effectuate full and durable compliance with the court-approved and court-ordered remedies in this action.

1.  **Receivership Action Plan**

Within not more than four months of the effective date of appointment, in consultation with the parties and coordinating with the Special Master and his team, the Receiver-nominee shall develop a detailed Receivership Action Plan designed to effectuate full compliance with the court-approved remedy in this case, including the Program Guide, the Compendium of Custody-Related Remedial Measures, all Staffing Plans, all court-ordered suicide prevention measures, as well as all other outstanding tasks required for complete and durable remediation in this action. The Receivership Action Plan shall include a proposed timeline for all actions and a set of metrics to evaluate the Receiver's progress and success.

Pending finalization of the Receivership Action Plan, the Receiver-nominee, after consultation with the parties, may alert the court to any measures she believes the court could address by order or stipulation to further the implementation of outstanding remedial measures and narrow the scope of work ultimately to be performed by the Receiver in implementing the Receivership Action Plan.

2.  **Reporting**

The Receiver-nominee shall provide updates to the court on a regular basis and no less than monthly, and shall remain in contact with the court informally, as needed, during the time allowed for development of the Receivership Action Plan.

B.  **Powers and Authority of the Receiver-Nominee**

The Receiver-nominee shall have all powers necessary to fulfill the above duties under this order, including, but not limited to:

         **1.**    **Personnel**

The Receiver-nominee is authorized to appoint up to two deputy Receivers-nominee and, in communications with the Receiver in *Plata v. Newsom*,[3] to identify administrative and clerical support staff. The Receiver-nominee also is authorized to engage up to two Special Advisors for purposes of developing the Receivership Action Plan. Upon appointment by the court, the Receiver-nominee shall set reasonable compensation and terms of service for each member of her team she identifies to assist her in fulfilling the terms of this order. She will promptly provide information on the members of her team and their compensation to the court.

While all court orders regarding the Special Mastership remain in effect, the Special Master shall communicate with the Receiver-nominee as needed to ensure she is aware of his court-ordered functions and ongoing activities and shall report to her any and all issues he identifies as needing resolution during the four-month period provided by this order.

         **2.**    **Governing State Laws, Regulations, and Contracts**

The Receiver-nominee shall make all reasonable efforts to exercise her powers, as described in this order, in a manner consistent with California state laws, regulations, and contracts, including labor contracts. In the event, however, that the Receiver-nominee finds a state law, regulation, contract, or other state action or inaction would prevent her from implementing a material provision of the court-ordered remedy in this action, or otherwise clearly prevent her from carrying out her duties as set forth in this order, and that alternatives are inadequate, the Receiver-nominee in the Receivership Action Plan may propose the court waive the state or contractual requirement that is causing the impediment.

         **3.**    **Access to Records and Facilities**

The Receiver-nominee shall have unlimited access to all records and files (paper or electronic) maintained by the CDCR and other defendants, including but not limited to all institutional, personnel, financial, and prisoner records, as deemed necessary by the Receiver-nominee to carry out her duties under this order.

---

[3] Case No. C01-1351 JST (N.D. Cal.).

The Receiver-nominee shall have unlimited access to all CDCR facilities, as she deems necessary, to carry out her duties under this order. The Receiver-nominee shall provide reasonable notice when scheduling any visits to facilities. The Receiver-nominee shall have unlimited access to members of the *Coleman* class and to line and managerial staff, including the authority to conduct confidential interviews with staff and class members, if she deems it necessary to fulfill her duties under this order.

### 4.  Immunity and Indemnification

The Receiver-nominee and her staff shall have the status of officers and agents of this court, and as such shall be vested with the same immunities as vested with the court.

Additionally, defendants shall indemnify the Receiver-nominee and members of her staff to the same extent defendants are obligated to indemnify the Secretary of the CDCR.

### C.  Office of the Receiver-nominee

#### 1.  Compensation and Method of Payment

The Receiver-nominee shall be paid a reasonable compensation for her services in an amount to be approved by this court, taking account of the compensation paid to the Secretary of the CDCR and that paid to the *Plata* Receiver. The amount the court deems reasonable at this time, based on the information it has gathered regarding that compensation as of the date of this order, is $400,000 salary on an annualized basis, plus benefits as provided to the *Plata* Receiver, which amount will be prorated for the four-month period covered by this order. CDCR also will arrange to cover the reasonable expenses of Ms. Peters and her staff to be approved by the court.

In order to allow Ms. Peters to begin the duties authorized by this order immediately, defendants shall take all steps necessary to have CDCR employ Ms. Peters, two deputies, and two Special Advisors so that such employment will be effective on the date the court's order appointing Ms. Peters as Receiver-nominee is effective.[4] The court currently anticipates the appointment take effect on or about April 1, 2025.

---

[4] Since the court's status with the parties on March 18, it has obtained additional information supporting the language providing that CDCR will employ Ms. Peters and her staff, while recognizing that she and her staff will operate as an independent arm of the court.

**2.     Office Space**

The Receiver-nominee may arrange for use of office space as needed for the four month period provided by this order, in a location to be determined in consultation with the court.

**3.     All Other Costs**

All other costs incurred by the Receiver-nominee relating to the fulfillment of her duties under this order shall be borne by defendants.

**D.     LENGTH OF TIME FOR PREPARATION OF RECEIVERSHIP PLAN**

The time allowed for preparation of a Receivership Action Plan will be for a period of not more than four months beginning on the date this order is filed.

**E.     COOPERATION**

All defendants, and all agents, or persons within the employ of any defendant in this action (including contract employees), and all persons in concert and participation with them, and all counsel in this action, shall fully cooperate with the Receiver-nominee in the discharge of her duties under this order, and shall promptly respond to all inquiries and requests related to her performance of those duties. Any such person who interferes with the Receiver-nominee's work, or otherwise thwarts or delays the Receiver-nominee's performance of her duties under this order, shall be subject to contempt proceedings before this court.

The Secretary of the CDCR shall ensure that all of the CDCR's employees and agents (including contract employees) are given prompt notice of the substance of the cooperation required by this order. The Governor of California, the Director of the Department of State Hospitals, and the Director of the Department of Finance shall each ensure that employees of their respective offices are given prompt notice of the cooperation required by this order.

**F.     CONTINUATION OF MONITORING BY SPECIAL MASTER**

While reporting to the Receiver-nominee as needed, as provided above, the Special Master and his team shall continue during the period of time covered by this order with the monitoring currently underway as provided by the Order of Reference, ECF No. 640, and plan to provide the semi-annual monitoring reports as also provided by the Order of Reference. In her

Receivership Action Plan, the Receiver-nominee shall propose the manner in which the receiver will interface with the Special Master and consider the Special Master's monitoring reports in determining the status of defendants' compliance with the remedial plans in this action.

## II. LITIGATION STAY

Pending the Receiver-nominee's presentation of the Receivership Action Plan, the court STAYS all litigation pending in this court with the exception of the following:

- The February 7, 2025 Stipulation and Proposed Order Modifying the 2009 Staffing Plan, ECF No. 8537. As soon as practicable and not later than the filing of the joint statement required by this order, the parties shall inform the court whether the proposed modifications to the 2009 Staffing Plan modify in any way ratios in the 2009 Staffing Plan and, if so, how.
- The outstanding issues regarding telepsychiatry and telemental health currently referred to the assigned magistrate judge. *See* Sept. 16, 2024 Minute Order, ECF No. 8398; Sept. 30, 2024 Minute Order, ECF No. 8409; Oct. 22, 2024 Minute Order, ECF No. 8438, Feb. 26, 2025 Minute Order, ECF No. 8553.

The stay effected by this order applies to any other request, motion, or other outstanding matter the court has not yet resolved.

## III. NEXT STEPS

As noted above, the court issued an initial order to show cause concerning appointment of a receiver on July 12, 2024. This new order to show cause follows from the discussions the court has had with stakeholders, advisers, and Ms. Peters during the time since it issued the original order to show cause. The court has directed the parties to meet and confer over the next ten days and file a joint statement concerning the court's plan to appoint Ms. Peters as Receiver-nominee for development of the Receivership Action Plan. Plaintiffs have signaled they have no objection to appointment of Ms. Peters, and defendants have signaled they have no objection to Ms. Peters' qualifications but continue to reserve the prior objections they have raised to appointment of a receiver. Should defendants choose to withdraw some or all of those objections, they may advise the court of as much in the joint statement to be filed in accordance with this order or at any time

7

during the four month period covered by the court's order formally appointing Ms. Peters as the Receiver-nominee. The court will consider the parties' joint statement to be filed in response to this order to show cause prior to issuing the order appointing the Receiver-nominee. The court will resolve any remaining defense objections in any order making final the appointment of the receiver based on Receivership Action Plan required by this order.

### IV. CONCLUSION

The parties shall meet and confer over the next ten days as directed by the court and shall, on or before **12 noon** on March 28, 2025, file the joint statement required by this order.

IT IS SO ORDERED.

DATED: March 19, 2025.

SENIOR UNITED STATES DISTRICT JUDGE