UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>GAVIN NEWSOM, et al.,<br><br>        Defendants. | No. 2:90-cv-0520 KJM SCR P<br><br>ORDER AND ORDER APPOINTING RECEIVER-NOMINEE |

On March 19, 2025, the court issued an order informing the parties it intended to appoint Colette S. Peters as Receiver-nominee for a period of four months, to develop a plan to implement the court-ordered remedy in this case. The court ordered the parties to "meet and confer and file a joint statement concerning" the court's intent to appoint Ms. Peters as Receiver-nominee and to "show cause if any they have" why the court should not appoint Ms. Peters as contemplated. March 19, 2025 Order and Order to Show Cause at 2, 3-7[1], ECF No. 8574. On March 28, 2025, the parties filed the required Joint Statement, ECF No. 8583, and on April 1, 2025 the court held a further status conference, ECF No. 8588. After consideration of the Joint

/////

---

[1] All citations to page numbers in documents filed in the Court's Electronic Case Filing (ECF) system are to the page number assigned by ECF and located in the upper right hand corner of the page.

1

Statement and the positions of the parties and good cause appearing, the court now ORDERS AS FOLLOWS:

**I.    APPOINTMENT OF RECEIVER-NOMINEE**

Colette S. Peters is appointed to serve as Receiver-nominee in this case for an initial period of four months with the powers and duties set forth below, and with defendants bearing the costs of this initial phase of developing a Receivership Action Plan.

**II.    DUTIES AND POWERS OF RECEIVER-NOMINEE**

**A.    Duties of the Receiver-nominee**

The primary duty of the Receiver-nominee during the four month period beginning with issuance of this order is to develop a comprehensive Receivership Action Plan to effectuate full and durable compliance with the court-approved and court-ordered remedies in this action.

**1.    Receivership Action Plan**

Within not more than four months of the effective date of appointment, in consultation with the parties and coordinating with the Special Master and his team, the Receiver-nominee shall develop and present to the court a detailed Receivership Action Plan designed to effectuate full compliance with the court-approved remedy in this case, including the Program Guide, the Compendium of Custody-Related Remedial Measures, all Staffing Plans, all court-ordered suicide prevention measures, as well as all other outstanding tasks required for complete and durable remediation in this action. The Receivership Action Plan shall include a proposed timeline for all actions and a set of metrics to evaluate the Receiver's progress and success.

Pending finalization of the Receivership Action Plan, the Receiver-nominee, after consultation with the parties, may alert the court to any measures she believes the court could address by order or stipulation to further the implementation of outstanding remedial measures and narrow the scope of work ultimately to be performed by the Receiver in implementing the Receivership Action Plan.

/////

### 2. Reporting

The Receiver-nominee shall provide updates to the court on a regular basis and no less than monthly, and shall remain in contact with the court informally, as needed, during the time allowed for development of the Receivership Action Plan.

### B. Powers and Authority of the Receiver-Nominee

The Receiver-nominee shall have all powers necessary to fulfill the above duties under this order, including, but not limited to:

### 1. Personnel

The Receiver-nominee is authorized to appoint the following individuals to her team:

- Martin Hoshino as Senior Advisor for purposes of developing the Receivership Action Plan; and
- William Lothrop as Deputy Receiver-nominee.

Curriculum vitae for Mr. Hoshino and Mr. Lothrop are attached to this order as Exhibit A.

The Receiver-nominee is also authorized to appoint within one month from the date of this order one additional Deputy Receiver-nominee, subject to providing the name, qualifications and proposed rate of pay of the additional deputy to the court and obtaining the court's advance approval.

The Receiver-nominee shall, in communication with the Secretary of the California Department of Corrections and Rehabilitation (CDCR) and the Receiver in *Plata v. Newsom*,[2] identify administrative and clerical support staff to assist with ministerial duties only.

While all court orders regarding the Special Mastership remain in effect, the Special Master shall communicate with the Receiver-nominee as needed to ensure she is aware of his court-ordered functions and ongoing activities and shall report to her any and all issues he identifies as needing resolution during the four-month period provided by this order.

/////

---

[2] Case No. 01-1351 JST (N.D. Cal.).

## 2. Governing State Laws, Regulations, and Contracts

The Receiver-nominee shall make all reasonable efforts to exercise her powers, as described in this order, in a manner consistent with California state laws, regulations, and contracts, including labor contracts. In the event, however, that the Receiver-nominee finds a state law, regulation, contract, or other state action or inaction would prevent her from implementing a material provision of the court-ordered remedy in this action, or otherwise clearly prevent her from carrying out her duties as set forth in this order, and that alternatives are inadequate, the Receiver-nominee in the Receivership Action Plan may propose the court waive the state or contractual requirement that is causing the impediment.

## 3. Access to Records and Facilities

The Receiver-nominee shall have unlimited access to all records and files (paper or electronic) maintained by CDCR and the other defendants, including but not limited to all institutional, personnel, financial, and prisoner records, as deemed necessary by the Receiver-nominee to carry out her duties under this order.

The Receiver-nominee shall have unlimited access to all CDCR facilities, as she deems necessary, to carry out her duties under this order. The Receiver-nominee shall provide reasonable notice when scheduling any visits to facilities. The Receiver-nominee shall have unlimited access to members of the *Coleman* class and to line and managerial staff, including the authority to conduct confidential interviews with staff and class members, if she deems it necessary to fulfill her duties under this order.

## 4. Immunity and Indemnification

The Receiver-nominee and her staff shall have the status of officers and agents of this court, and as such shall be vested with the same immunities as vested with the court.

Defendants must pay all costs of this next phase, including salaries and benefits of the Receiver-nominee and the members of her team as set out in this order. For purposes of payment of those salaries and benefits only, CDCR shall hire the Receiver-nominee and Deputy Receiver-nominees as employees consistent with CDCR's hiring practice for senior CDCR officials

4

including the Secretary of the CDCR and shall retain the Special Advisor as a Special Consultant.[3]

Additionally, defendants shall indemnify the Receiver-nominee and members of her staff to the same extent defendants are obligated to indemnify the Secretary of the CDCR.

### C. Office of the Receiver-nominee

#### 1. Compensation and Method of Payment

The Receiver-nominee shall be paid a reasonable compensation for her services at an annualized rate of $400,000.00, for the four-month period covered by this order, plus benefits including police officer/firefighter (POFF) status for purposes of retirement.

Special Advisor Martin Hoshino shall be compensated for his services at an hourly rate based on an annualized salary of $390,000 for the four-month period covered by this order.

Deputy Receiver-nominee William Lothrop shall be compensated for his services at an annualized rate of $340,000.00 plus benefits including POFF status for purposes of retirement for the four-month period provided by this order.

The Receiver-nominee, Special Advisor, and Deputy Receiver-nominee shall be eligible for bonuses and cost of living adjustments (COLAs) to the same extent as the Secretary of CDCR and CDCR shall determine their eligibility for and pay to them such bonuses and COLAs in the same manner as provided for the Secretary of CDCR.

CDCR also will arrange to cover the reasonable expenses of the Receiver-nominee and her staff, including travel expenses and per diem.

#### 2. Office Space

The Receiver-nominee may arrange for use of office space as needed for the four month period provided by this order, in a location to be determined in consultation with the court. As

---

[3] Not later than April 4, 2025 at 12:00 noon, counsel for defendants shall file with the court a brief explanation of how any state law, rule or regulation affects CDCR's authority to employ the Receiver-nominee as required by this order, clearly identifying all such laws, rules, or regulations, and identifying the basis of this court's authority to waive such provisions. If any waivers are required, counsel shall provide proposed language to effect such waivers. Upon review of this filing, the court will issue any supplemental order as needed to ensure this order takes full effect, retroactive to April 2, 2025.

the court explained to the parties at the status conference on April 1, the court will arrange for the Receiver-nominee to use court space in the Robert T. Matsui U.S. Courthouse in Sacramento as office and meeting space on an as-needed basis, which the court anticipates may address the need for office space during the four-month period covered by this order.

### 3. All Other Costs

All other costs incurred by the Receiver-nominee relating to the fulfillment of her duties under this order shall be borne by defendants.

### D. LENGTH OF TIME FOR PREPARATION OF RECEIVERSHIP PLAN

The time allowed for preparation and presentation to the court of a Receivership Action Plan will be for a period of not more than four months beginning on the date this order is filed.

### E. COOPERATION

All defendants, and all agents, or persons within the employ of any defendant in this action (including contract employees), and all persons in concert and participation with them, and all counsel in this action, shall fully cooperate with the Receiver-nominee in the discharge of her duties under this order, and shall promptly respond to all inquiries and requests related to her performance of those duties. Any such person who interferes with the Receiver-nominee's work, or otherwise thwarts or delays the Receiver-nominee's performance of her duties under this order, shall be subject to contempt proceedings before this court.

The Secretary of the CDCR shall ensure that all of the CDCR's employees and agents (including contract employees) are given prompt notice of the substance of the cooperation required by this order. The Governor of California, the Director of the Department of State Hospitals, and the Director of the Department of Finance shall each ensure that employees of their respective offices are given prompt notice of the cooperation required by this order.

### F. CONTINUATION OF MONITORING BY SPECIAL MASTER

While reporting to the Receiver-nominee as needed, as provided above, the Special Master and his team shall continue during the period of time covered by this order with the monitoring currently underway as provided by the Order of Reference, ECF No. 640, and plan to

provide the semi-annual monitoring reports as also provided by the Order of Reference. In her Receivership Action Plan, the Receiver-nominee shall propose the manner in which the Receiver will interface with the Special Master and consider the Special Master's monitoring reports in determining the status of defendants' compliance with the remedial plans in this action.

### III.  LITIGATION STAY

Pending the Receiver-nominee's presentation of the Receivership Action Plan, the court STAYS all litigation pending in this court with the exception of the following:

- Review of the Magistrate Judge's March 25, 2025 Findings and Recommendations, ECF No. 8580.
- Implementation of the Plan for Expenditure of Staffing Fines, which the court approved and ordered implemented by order filed August 29, 2024, ECF No. 8381, and which will proceed in accordance with the terms of the Plan promptly upon issuance of the mandate following the Opinion of the U.S. Court of Appeals for the Ninth Circuit filed March 19, 2025, ECF No. 8576.

Regarding the Plan for Expenditure of Staffing Fines, the parties are ordered to meet and confer and file a joint statement within seven (7) days showing cause, if any they have, why the court should not issue an order providing for and memorializing the following:

- As required by prior orders, implementation of the Plan for Expenditure of Staffing Fines shall be funded by drawing on funds in the Mental Health Staffing Deposit Fund;
- On March 28, 2025, as reported by defendants accumulated fines total $205,043.060.00;
- As of April 2, 2025, defendants have deposited a total of $139,106,888.00 in the Mental Health Staffing Special Deposit Fund;
- Consistent with the March 19, 2025 opinion of the Court of Appeals, $102,521,530.00 in fines to date are currently available to fund the Plan for Expenditure of Staffing Fines without further litigation;

/////

- Defendants shall continue to report monthly fines consistent with this court's prior orders but shall only be required to deposit half of the reported fines into the Mental Health Staffing Deposit Fund until further order of the court. Further, defendants will not be required to deposit any additional funds unless and until the partial future deposits required by this order exceed $36,585,358.00, which represents the difference between the amount currently in the Fund and the undisputed amount currently available to fund the Plan for Expenditure of Staffing Fines.
- Any other provision the parties jointly propose, or any one party proposes, to clarify implementation of the Plan for Expenditure of Staffing Fines.

IT IS SO ORDERED.

DATED: April 2, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE