UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No. 2:90-cv-0520 KJM SCR P |
| Plaintiffs, | ORDER |
| v. | |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

On April 2, 2025, the court issued an order appointing Colette S. Peters as Receiver-nominee for a period of four months to "develop a comprehensive Receivership Action Plan to effectuate full and durable compliance with the court-approved and court-ordered remedies in this action." Apr. 2, 2025 Order at 2, ECF No. 8589. As relevant here, the court stayed all litigation pending the Receiver-nominee's presentation of the Receivership Action Plan, with the exception of two matters. One of these matters is "[i]mplementation of the Plan for Expenditure of Staffing Fines, which the court approved and ordered implemented by order filed August 29, 2024, ECF No. 8381. . . ." *Id*. at 7.[1] The court ordered the parties to "meet and confer and file a joint

---

[1] On June 25, 2024, the court held certain defendants in contempt of court for failure to comply with court orders to remedy inadequate mental health staffing levels and required defendants to make an initial deposit of accumulated fines and monthly deposits thereafter of additional fines defendants reported in their monthly vacancy reports. June 25, 2024 Order, ECF No. 8291, deadlines amended by June 27, 2024 Order, ECF No. 8299. The court subsequently ordered the parties to meet and confer to develop a plan for expenditure of those fines. July 12,

1

statement . . . why the court should not issue an order providing for and memorializing" certain matters relevant to implementation of the Plan for Expenditure of Staffing Fines (Staffing Spending Plan). *Id*. On April 9, 2025, the parties timely filed the required joint statement. ECF No. 8599. On April 10, 2025, the United States Court of Appeals issued the mandate directing that as of that date the judgment entered on the Court of Appeals' March 19, 2025 order took effect. The judgment affirmed this court's June 25 and 27, 2024 orders in all respects, with the exception that it required the court clarify its decision to double the baseline amount of fines imposed. ECF No. 8602. The Court of Appeals' stay of the June 25 and 27, 2024 orders lifted automatically with the mandate's issuance. *See Sgaraglino v. State Farm Fire and Cas. Co.*, 896 F.2d 420, 421 (9th Cir. 1990) (issuance of mandate from Court of Appeals returns jurisdiction to the district court).

After review of the parties' joint statement, and good cause appearing, the court now makes the following findings and ORDERS as follows:

1. As required by prior orders, implementation of the Staffing Spending Plan shall be funded by drawing on funds in the Mental Health Staffing Deposit Fund (Fund).
2. On March 28, 2025, as reported by defendants, accumulated fines since February 2023 based on this court's February 28, 2023 Order, ECF No. 7742, total $205,043,060.00.
3. When initially imposing sanctions, the court calculated sanctions in the amount of $111,939,244.00, which was the amount of fines that had accumulated since April 1, 2023 and excluded fines accumulated in February and March 2023. June 25, 2024 Order at 70, ECF No. 8291; *see also* ECF No. 7742 at 7 (signaling hearing on "findings of contempt and payment of fines that have accumulated on or after March 31, 2023"). The fines that accumulated in February and March 2023 total $13,659,919.00. *See* ECF Nos. 7789 at 23, 7824 at 23.

/////

---

2024 Order, ECF No. 8381. Defendants appealed the June 25 and 27 orders, and on November 12, 2024, the United States Court of Appeals for the Ninth Circuit stayed both orders pending appeal. ECF No. 41, Court of Appeals Dkt. # 24-4023.

4. As of April 10, 2025, defendants had deposited a total of $155,177,434 in accumulated fines into the Fund, representing the total amount required by the court's June 25 and 27, 2024 orders up to the date of the stay imposed by the Court of Appeals. ECF No. 8600 at 4.

5. Consistent with the March 19, 2025 opinion of the Court of Appeals, $95,691,570.50 in fines to date are currently available to fund the Staffing Spending Plan without further litigation.[2] The parties agree with this finding. ECF No. 8599 at 5-6.

6. The parties agree that the difference between (a) total deposits to the fund and (b) the amount of funds currently available to fund the Staffing Spending Plan equals $59,485,863.50. This amount, if characterized as based on a doubling of fines, is not available to fund the Staffing Plan unless and until this court issues a clarifying order on remand to support the doubling. *Id.* at 5-6.

7. Defendants propose that they be allowed to withdraw the excess funds identified in paragraph 6 above from the Fund. *Id.* at 5-6. Plaintiffs propose that the excess fines remain in the Fund pending issuance of any clarifying order by the court. *Id.* at 6.

8. Defendants also request that the court stay future deposits into the Fund pending the court's evaluation of the forthcoming Receivership Action Plan and its decision whether to appoint Colette S. Peters as Receiver to implement the Plan. Defendants also request that the court require defendants to report monthly sanctions in a manner consistent with the Court of Appeals' order, namely, without doubling the amount of sanctions accrued monthly. *Id.* at 7. Plaintiffs contend that "until the court issues a clarifying order, [d]efendants should only deposit half the reported fines [based on this court's original order], and they should not need to make future deposits until the amount in the Fund that exceeds the undisputed amount is depleted." *Id*. Plaintiffs ask the court to "swiftly issue an order clarifying the justification for the fines

---

[2] This calculation is as follows: Total of accumulated fines reported minus fines reported for February and March 2023 divided by two: $205,043,060.00 - $13,659,919.00 = $191,383,141.00. $191,383,141 divided by 2 = $95,691,570.50.

1 formula" and thereafter to require deposit of the full amount of monthly accrued fines.
2 *Id*. at 8.
3 9. Pending the court's clarification of the bases for that part of its initial order requiring
4 defendants to double the amount of sanctions accumulated monthly, defendants shall
5 report monthly sanctions consistent with the Court of Appeals' opinion and also
6 provide the additional information required by this court's June 25, 2024 order, for
7 purposes of maintaining a clear record until this court issues its clarifying order to
8 support payment of the additional amount of sanctions. At this point the court
9 anticipates issuing its clarifying order after the Receiver-nominee presents the
10 Receivership Action Plan.
11 10. In the meantime, defendants' request to withdraw the excess amount of
12 $59,485,683.50 from the Fund is DENIED for the following reasons: (1) based on
13 reporting this year, *see* ECF Nos. 8559 at 23, 8585 at 23, it is reasonable to project that
14 required monthly deposits will remain at or near $3,500,000.00 per month unless and
15 until staffing levels change dramatically, and retaining the excess amount in the Fund
16 will ensure the sanctions due are available without delay for purposes of carrying out
17 the Plan; and (2) the court anticipates no impediment to issuing a clarifying order to
18 fully satisfy the Ninth Circuit's direction on remand as indicated above but, consistent
19 with the parties' commitment to cease litigation during the time allowed for
20 development of the Receivership Action Plan, the court defers issuing the order in the
21 event the parties in collaboration with the Receiver-nominee identify an alternative
22 approach to ensuring defendants' compliance with constitutionally-required staffing
23 that the court may be asked to approve.
24 11. Until further order of court, monthly deposits consistent with the Court of Appeals'
25 opinion, namely half the reported monthly total of accumulated fines, will be due in
26 accordance with prior orders of this court. In lieu of actual deposits, the amount of the
27 required deposits will be deducted from the excess amount of $59,485,683.50 until
28 that amount is depleted. Defendants shall adjust the monthly report on deposits to the

4

Fund due on the tenth of each month to reflect these deductions, the total amount of available funds, and the remaining balance of the excess amount in the Fund.

12. Defendants' request to stay any further deposits that become due based on defendants' monthly reports if excess funds are depleted is DENIED, pending evaluation of the Receivership Action Plan.

13. The court APPROVES the parties' agreement for defendants to provide an updated estimate of the costs of the programs detailed in the Staffing Spending Plan. Defendants shall provide that updated estimate to the Receiver-nominee, the Special Master, and plaintiffs no later than April 30, 2025. The parties shall meet and confer concerning periodic reporting on the ways defendants have used funds from the Fund within prison institutions of the California Department of Corrections and Rehabilitation (CDCR) for supplies and to improve working conditions and shall present the results of their meet and confer to the Receiver-nominee with a courtesy copy to the Special Master no later than April 30, 2025.

14. The parties' request to extend the seven-month period required by the Staffing Spending Plan, *see* ECF No. 8381 at 7, is DEFERRED pending the court's review of the Receivership Action Plan. The court anticipates the Receivership Action Plan will include necessary steps and a timeline for full remediation of mental health understaffing in the prison institutions of the CDCR.

IT IS SO ORDERED.

DATED: April 16, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE