Rob Bonta, State Bar No. 202668
Attorney General of California
Monica N. Anderson, State Bar No. 182970
Senior Assistant Attorney General
Damon McClain, State Bar No. 209508
Supervising Deputy Attorney General
Elise Owens Thorn, State Bar No. 145931
Namrata Kotwani, State Bar No. 308741
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7318
  Fax: (916) 324-5205
  E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*

HANSON BRIDGETT LLP
LAWRENCE M. CIRELLI, SBN 114710
PAUL B. MELLO, SBN 179755
SAMANTHA D. WOLFF, SBN 240280
KAYLEN KADOTANI, SBN 294114
DAVID C. CASARRUBIAS-GONZÁLEZ, SBN 321994
MOLLIE LEVY, SBN 333744
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: 415-777-3200
Pmello@hansonbridgett.com
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, et al.<br><br>    Defendants. | Case No. 2:90-CV-00520- KJM-DB<br><br>**DEFENDANTS' AMENDED REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF THE APRIL 22 AND MAY 1 (ECF NOS. 8608, 8625)**<br><br>Judge:   Hon. Kimberly J. Mueller |

Per this Court's requirement,[1] Defendants make this amended request for leave of court to file a motion for reconsideration of the Court's April 22 and May 1, 2025 orders concerning

---

[1] *See* ECF No. 7003 (requiring "any party seeking relief from this court, including from any existing order of this court, [to] . . . first file a request for leave to file a motion, describing with particularity the relief to be sought and the steps the party has taken to exhaust meet and confer efforts with all opposing counsel" and describing communications with the Special Master regarding the proposed motion as part of the requester's due diligence in determining whether the parties are at impasse.).

compensation and benefits for the Receiver-Nominee, her Deputies, and her Advisor.[2] (ECF Nos. 8608, 8625.)

The April 22 order states that it "resolves" Defendants' objections to the salary and benefits the court approved for the Receiver-Nominee, her deputy Receiver-Nominee, and her senior advisor in its order filed on April 2, 2025[3]. (ECF No. 8608.) Defendants never had an opportunity to object to some of the benefits and processes included in the April 22 order, and that order did not waive all state laws necessary to permit the state to provide all the benefits the Court ordered Defendants to provide to the Receiver-nominee and her staff.

On May 1—shortly after Defendants filed their first request for leave to file a motion for reconsideration ("Request for Leave")—the Court issued an order appointing the second Deputy Receiver-nominee. (ECF No. 8625.) The May 1 order requires state employment of the Receiver-nominee's second deputy with specified compensation and benefits. (*Id.*) Defendants never had an opportunity to object to the requirements of the May 1 order or to identify for the Court necessary waivers of state law for its implementation.

Additionally, since the April 22 order issued, Defendants—in consultation with the California Department of Human Resources (CalHR) and the California Public Employees Retirement System (CalPERS)—have learned of additional legal impediments to implementing the Court's orders concerning the April 22 and May 1 orders that must be addressed.[4]

As a result, and without waiving the objections to all of the court-ordered compensation and benefits set forth in Defendants' April 4 response, Defendants amend their Request for Leave to move for reconsideration of the following portions of the Court's April 22 and May 1 orders: (1) the Court's order to provide peace officer/firefighter (POFF) and Safety classifications for

---

[2] Defendants' first request for leave only concerned the April 22, 2025 order.

[3] Defendants have appealed the Court's April 2, 2025 "order and order appointing receiver-nominee." If the Court grants Defendants leave to file the motion for reconsideration, Defendants intend to file a motion with the Ninth Circuit to hold that appeal in abeyance pending the Court's ruling on Defendants' motion for reconsideration.

[4] Neither CalHR nor CalPERS are parties to this action.

purposes of retirement, and the Court's decision not to waive state laws to enable the provision of POFF and Safety retirement benefits; (2) the requirement that Defendants provide the Receiver-Nominee and her Deputies with twenty hours of leave per month, a benefit that the Court did not previously indicate it would order; (3) the Court's "clarification" that the Receiver-Nominee and her staff will submit monthly invoices of reasonable expenses to the Court, including per diem and travel expenses, for payment; and (4) other possible grounds.

Defendants file this amended request for leave in advance of filing their motion for reconsideration to inform the Court that they cannot comply with certain parts of the April 22 and May 1 orders as written, but that the Defendants will continue to pay Receiver-nominee and her staff their Court-ordered salaries until these issues are resolved. Specifically, Defendants cannot provide the Receiver-Nominee and her Deputies with POFF and Safety status, twenty hours of leave per month, and reimbursement for travel at rates that exceed those reimbursable under the state's travel policy absent waiver of state law by the Court.

Defendants informed Plaintiffs' counsel on April 25 of their intention to seek leave to file the motion for reconsideration of the April 22 order and asked whether Plaintiffs would oppose their request for leave and whether Plaintiffs would like to meet to discuss the proposed requested relief. On April 28, Plaintiffs notified Defendants that they do not oppose the request for leave and would assess their position on the motion for reconsideration after the request for leave is filed. On May 8, Defendants informed Plaintiffs of their intention to file an amended request for leave that would include the May 1 order, and asked whether Plaintiffs would oppose their request for leave and whether Plaintiffs would like to meet to discuss the proposed requested relief. On May 9, Plaintiffs notified Defendants that they do not oppose the amended request for leave and would assess their position on the motion for reconsideration after the amended request for leave is filed. The Special Master was copied on the parties' communications concerning this request for leave and has not provided a position on Defendants' request.

Accordingly, Defendants request leave to file the above-described motion for reconsideration by no later than May 20, 2025.

**CERTIFICATION**

Defendants' counsel certify that they have reviewed the following orders in preparing this filing: ECF Nos. 7003, 8330, 8574, 8589, 8608 and 8625.

DATED: May 9, 2025

ROB BONTA
Attorney General of California

By: _/s/ Elise Owens Thorn_
DAMON MCCLAIN
Supervising Deputy Attorney General
ELISE OWENS THORN
Deputy Attorney General
*Attorneys for Defendants*

DATED: May 9, 2025

HANSON BRIDGETT LLP

By: _/s/Paul B. Mello_
LAWRENCE M. CIRELLI
PAUL B. MELLO
SAMANTHA D. WOLFF
DAVID C. CASARRUBIAS-GONZÁLEZ
*Attorneys for Defendants*