**FILED**

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 27 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> GAVIN NEWSOM, et al., <br><br> Defendants - Appellants. | No. 24-2938 <br><br> D.C. No. <br> 2:90-cv-00520-KJM-DB <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted May 15, 2025
San Francisco, California

Before: S.R. THOMAS, M. SMITH, and BRESS, Circuit Judges.

State officials ("the State") appeal from the district court's March 2024 order denying the State's motion to exclude an indicator from the continuous quality improvement tool ("CQIT") that tracks a California Department of Corrections and Rehabilitation ("CDCR") policy to review patients in psychiatric inpatient programs on maximum custody. Because the parties are familiar with the factual

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and procedural history of this case, we need not recount it here. "We have jurisdiction to determine whether we have jurisdiction to hear the case." *Aguilar v. Walgreen Co.*, 47 F.4th 1115, 1120 (9th Cir. 2022) (quoting *Childs v. San Diego Housing LLC*, 22 F.4th 1092, 1095 (9th Cir. 2022)). We dismiss the appeal because we lack jurisdiction to review the district court's order.

The district court's order is an interim step in an ongoing process to finalize CQIT. The order directs that an indicator measuring the CDCR's policy for reviewing maximum custody patient-inmates in psychiatric inpatient programs be added to a preliminary list of indicators. The district court has directed the parties and the Special Master to validate data for each preliminary key indicator before the list is finalized. Indicators may be added or removed during this process. The district court will later approve the final list of key indicators and determine an appropriate compliance threshold for each indicator.

I

The district court's order is not a final decision pursuant to 28 U.S.C. § 1291. In this "context of postjudgment proceedings in which the district court has retained jurisdiction to enforce a permanent injunction," an order deemed final "should not anticipate any further proceedings on the same issue and should have some real-world significance." *Flores v. Garland*, 3 F.4th 1145, 1151, 1153 (9th

Cir. 2021). The order on appeal here is not final because it contemplates further proceedings. The district court plans to issue future orders finalizing the list of key indicators and setting compliance thresholds. The State can appeal from those later orders. The order also lacks "real-world significance." *Id.* at 1153. The order does not "govern future interactions" between the State and the plaintiffs, as the order only requires the State "to put effort into developing constructive solutions to [its] violations of federal law, which is a step that courts can reasonably require defendants to take in order to aid them in structuring relief." *Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1065 (9th Cir. 2010).

II

The district court's order does not grant or modify an injunction pursuant to 28 U.S.C. § 1292(a)(1). The order's language does not explicitly grant an injunction, so to determine jurisdiction we assess whether the order "(1) has 'the practical effect of the grant or denial of an injunction'; (2) has 'serious, perhaps irreparable consequences'; and (3) can be 'effectively challenged only by immediate appeal.'" *United States v. El Dorado Cnty.*, 704 F.3d 1261, 1263 (9th Cir. 2013) (quoting *Thompson v. Enomoto*, 815 F.2d 1323, 1326–27 (9th Cir. 1987)). An order "granting 'some or all of the substantive relief sought by a complaint' . . . could qualify as an injunction" while an order that "'concern[s] the

3

conduct of the parties or their counsel' in litigation" does not. *Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 886 F.3d 803, 825 (9th Cir. 2018) (brackets in original) (quoting *In re Lorillard Tobacco Co.*, 370 F.3d 982, 986–87 (9th Cir. 2004)).

    First, the order does not have the "practical effect" of an injunction. *El Dorado Cnty.*, 704 F.3d at 1263 (quoting *Thompson*, 815 F.2d at 1326). It does not grant substantive relief that the plaintiffs sought in their underlying complaint. Instead, the order regulates "'the conduct of the parties or their counsel' in litigation" by requiring the State to help validate data to assist in finalizing CQIT. *Nat'l Wildlife Fed'n*, 886 F.3d at 825 (quoting *In re Lorillard*, 370 F.3d at 986–87). Second, the State has not described any serious or irreparable consequences it will suffer if the court delays review until the list of indicators is finalized and compliance thresholds are set. Third, this is not a situation where the order "can be 'effectively challenged only by immediate appeal'" as the State can appeal a later final order. *El Dorado Cnty.*, 704 F.3d at 1263 (quoting *Thompson*, 815 F.2d at 1327). We thus lack jurisdiction pursuant to 28 U.S.C. § 1292(a)(1).

III

There is no other basis for jurisdiction. The order is not appealable as a collateral order because it is not "effectively unreviewable on appeal from a final judgment." *Plata v. Brown*, 754 F.3d 1070, 1075 (9th Cir. 2014) (quoting *Will v. Hallock*, 546 U.S. 345, 349 (2006)). We also decline to construe the appeal as a petition for writ of mandamus. *Id.* at 1076. "Mandamus is an extraordinary remedy" that is not warranted here. *Id.* (quoting *Miller v. Gammie*, 335 F.3d 889, 895 (9th Cir. 2003) (en banc)). There is no indication that the district court has "usurped its power or clearly abused its discretion." *Id.* The fact that the State can appeal from a later final order and has not demonstrated that it will be irreparably damaged or prejudiced by waiting also weighs against granting a writ of mandamus. *See id.* (citing *Perry v. Schwarzenegger*, 591 F.3d 1147, 1156 (9th Cir. 2009), *as amended* (Jan. 4, 2010)) (listing the factors considered in determining whether to grant a writ of mandamus). Nor has the State demonstrated that the errors it claims are "oft-repeated" or "raise[] new and important problems." *Id.* (quoting *Perry*, 591 F.3d at 1156). Accordingly, we decline to construe the appeal as a petition for writ of mandamus.

**DISMISSED.**[1]

---

[1] The motion to strike portions of Appellants' reply brief, Dkt. 32, is denied
(continued...)

---

[1](...continued)
as moot.