UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 6 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RALPH COLEMAN; et al.,<br><br>      Plaintiffs - Appellees,<br><br>  v.<br><br>GAVIN NEWSOM; et al.,<br><br>      Defendants - Appellants. | No. 24-3707<br><br>D.C. No.<br>2:90-cv-00520-KJM-DB<br><br>Eastern District of California,<br>Sacramento<br><br>MANDATE |

The judgment of this Court, entered April 15, 2025, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

|  |  |
|---|---|
| **NOT FOR PUBLICATION** | **FILED** |
| UNITED STATES COURT OF APPEALS | APR 15 2025 |
| FOR THE NINTH CIRCUIT | MOLLY C. DWYER, CLERK<br>U.S. COURT OF APPEALS |

| | |
|---|---|
| RALPH COLEMAN; JORGE ANDRADE RICO; PETER COCKCROFT; ERNESTO VENEGAS; JULIO GARZA,<br><br>        Plaintiffs - Appellees,<br><br> v.<br><br>GAVIN NEWSOM; JEFF MACOMBER; JOE STEPHENSHAW; STEPHANIE CLENDENIN; AMAR MEHTA; DIANA TOCHE,<br><br>        Defendants - Appellants. | No. 24-3707<br><br>D.C. No.<br>2:90-cv-00520-KJM-DB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted December 6, 2024
San Francisco, California

Before: TASHIMA, RAWLINSON, and M. SMITH, Circuit Judges.

     Gavin Newsom and the other State Defendants (collectively, the State)

appeal the district court's order holding that treatment for class members'

---

     *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

personality disorders is required by the Eighth Amendment.  Because the district court's order was final, we have jurisdiction under 28 U.S.C. § 1291.  *See Flores v. Garland*, 3 F.4th 1145, 1153 (9th Cir. 2021) (holding that a post-judgment order is final if it does not "anticipate any further proceedings on the same issue" and has "some real-world significance").  Reviewing for abuse of discretion, we affirm. *See Armstrong v. Newsom,* 58 F.4th 1283, 1292 (9th Cir. 2023).

In 1995, the district court for the Eastern District of California found that the State had unconstitutionally delayed access to adequate mental health care for inmates.  *See Coleman v. Wilson*, 912 F. Supp. 1282, 1307-08 (E.D. Cal. 1995) (*Coleman I)*.  The district court ordered the State to work with a special master to develop a remedial plan to address this constitutional deficiency.  *Id.* at 1323-24; *see also Coleman v. Brown*, 938 F. Supp. 2d 955, 972 (E.D. Cal. 2013) (*Coleman II)*.  This remedial plan is referred to by the parties as the Revised Program Guide. *See Coleman II*, 938 F. Supp. 2d at 972.  The Revised Program Guide "represents [the State's] considered assessment . . . of what is required to remedy the Eighth Amendment violations . . . and to meet their constitutional obligation to deliver adequate mental health care to seriously mentally ill inmates." *Id.*

In September of 2021, the court ordered the State "to assess whether there is an unmet need for inpatient care" among the class members identified in *Coleman I*.  On June 30, 2023, the State filed the Unmet Needs Assessment report.  The

report identified "470 patients that did not need inpatient care but had personality disorders that may benefit from a special treatment program for patients that is not available within the existing . . . [s]ystem." On November 15, 2023, the court issued an order directing the parties to meet and discuss "more prompt" development of a pilot program for the identified subgroup of class members. Dr. Amar Mehta, Deputy Director of the California Department of Corrections and Rehabilitation (CDCR) Statewide Mental Health Program, informed the court that the State intended to roll out a pilot treatment program.

    The State challenges the district court's order requiring the State to roll out the pilot program for class members with personality disorders at San Quentin State Prison and Valley State Prison. The State argues that "the Program Guide explicitly excludes personality disorders from treatment services provided by the CDCR's mental health treatment programs," and that personality disorders were not considered within the scope of the 1995 judgment.

    Although personality disorders were not mentioned explicitly in the Revised Program Guide, the guide encompassed any mental health treatment required to address the mental health needs of the class. The Revised Program Guide expressly provided that if the inmate's mental health needs included "mental health issues" like "sexual and substance abuse disorders and personality disorders" that "are also accompanied by an Axis I serious mental disorder or meet the

requirements of medical necessity, treatment is provided." Thus, treatment of personality disorders among the previously identified class members is encompassed within the Revised Program Guide goal of providing "constitutionally appropriate levels of mental health treatment to the incarcerated serious mentally ill inmate." Mental illness under the Revised Program Guide includes a personality disorder, if that personality disorder must be treated to provide "constitutionally appropriate levels of mental health treatment."

The State additionally argues that the district court's order failed to explain why the pilot program was narrowly drawn or the least intrusive remedy, as required by the Prison Litigation Reform Act (PLRA). The order meets the narrowness requirements of the PLRA, *see Brown v. Plata*, 563 U.S. 493, 531 (2011), by limiting access to the treatment programs for personality disorders to class members whose personality disorders are accompanied by an Axis I serious mental illness. Thus, the scope of the district court's order does not extend "further than necessary to remedy the [constitutional] violation." *Id.*

Neither does the order violate the intrusiveness principles of the PLRA. *See Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1071(9th Cir. 2010). Rather than intruding upon the State's administration of its prison system, the district court relied upon the treatment and rollout plan developed by the state. This process is

"appropriate for devising a suitable remedial plan in a prison litigation case." *Id*. (citations omitted).

**AFFIRMED.**[1]

---

[1] Appellees' Motion for Judicial Notice (Docket #26) is granted.