UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No. 2:90-cv-0520 KJM SCR P |
| Plaintiffs, | ORDER |
| v. | |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

On June 6, 2025, the court withdrew its prior directive to the California Department of Corrections and Rehabilitation (CDCR) to hire the Receiver-nominee and Deputy Receiver-nominees as employees and ordered instead that effective June 1, 2025, "the Receiver-nominee and Deputy Receiver-nominees will be paid monthly an amount equivalent to the pro-rated share of the same annualized salary and benefits" the court set in its April 2, 2025, April 22, 2025, and May 1, 2025 orders, respectively. June 6, 2025 Order at 2, ECF No. 8668.

As noted, the court previously set compensation for the Receiver-nominee and her two Deputies for the four-month period covered by the April 2, 2025 order appointing the Receiver-nominee. April 2, 2025 Order at 5, ECF No. 8589; May 1, 2025 Order at 2, ECF No. 8625. As the court explained and again confirms, that compensation meets all the criteria the court must consider in setting "reasonable" compensation for a receiver. April 22, 2025 Order at 5, ECF No.

/////

1

1   8608 (applying factors from *Walton N. Moore Dry Goods Co. v. Lieurance*, 38 F.2d 186, 192 (9th
2   Cir. 1930).

3       In particular, the Receiver-nominee, her two Deputy-nominees, and her Senior Advisor,
4   are tasked with generating in a very compressed four-month period of time "a comprehensive,
5   detailed plan to finally achieve 'full and durable compliance with the court-approved and court-
6   ordered remedies in this'" class action, which "has been in its remedial phase for almost thirty
7   years." ECF No. 8608 at 5. As the court has found, "[a]fter thirty years of ongoing court
8   supervision, the benefits derived from development of that plan alone are great, if not
9   incalculable." *Id*. All four members of the Receiver-nominee's team, including the Receiver-
10  nominee herself, "have extensive, high level experience in prison administration" and, to date,
11  they have shown "a clear understanding of the task at hand and a high level of energy and focus
12  as they [work] on the myriad issues to be addressed, resolved, and assembled into the
13  comprehensive plan the court requires." *Id*. at 5-6. Moreover, the Receiver-nominee is tasked
14  with preparing a plan to overcome the inability of defendants to attain compliance with the
15  remedy in this case. The nature of the task warrants a rate of pay reflecting a premium, as does
16  the fact that, nationwide, there is a very small pool of highly qualified Receiver-nominee
17  candidates available and willing to accept the assignment. Additionally, the Receiver-nominee
18  the court has identified, and the members of her team, unquestionably could have obtained other
19  highly compensated employment, which they have not pursued at this point given their
20  willingness to prepare the plan the court has requested, and to do so professionally with great
21  focus, commitment and depth of understanding.

22      Taking account of the above, the court in its discretion approved a salary for the Receiver-
23  nominee at an annualized rate of $400,000.00, and for each of her Deputies a salary at an
24  annualized rate of $340,000.00. ECF No. 8589 at 5; May 1, 2025 Order at 2, ECF No. 8625. All
25  of these salary levels are reasonable because the Receiver-nominee and her team are
26  exceptionally well-qualified and serve "now an arm of the court, developing a plan to bring
27  defendants into compliance with their constitutional responsibilities." ECF No. 8608 at 6. The

salary levels also happen to be lower than the original starting salary for the *Plata*[1] Receiver, adjusted for inflation.  *Id*.  Moreover, the *Plata* Receiver's annual salary in 2024 was $372,105, and likely is higher this year given his annual "pay increases consistent with Administrative Office of the Courts policy and Cost of Living Adjustments."  ECF No. 8597-1 at 3.  The *Plata* Receiver also receives separate compensation "for his work as a professor of law at the University of the Pacific McGeorge School of Law," *id*., whereas the Receiver-nominee and her team are working exclusively on the current task the court has ordered in this action.  Fundamentally, the annualized salary rate for the Receiver-nominee is only marginally higher, if at all, than the *Plata* Receiver's current salary paid through the California Administrative Office of the Courts  The court thus now confirms the annualized salary rates for the Receiver-nominee and her team and the rationale for them.

The court also ordered defendants to provide the Receiver-nominee and Deputy Receiver-nominees benefits comparable to those afforded to the Secretary of CDCR.  *Id*. at 7; *see also* ECF No. 8625 at 2.[2]  The court found this comparison met the requirements for the reasonableness standard for the same reasons summarized above.  Specifically, those reasons include:

- The Receiver-nominee and her Deputies and Senior Advisor are required to prepare a comprehensive plan in four months "to finally achieve constitutional compliance in this action . . . , a task neither Governor Newsom, who has been in office for [over six] years, nor Secretary Macomber, who has been in his present role for almost two and a half years, have been able to perform, nor have any of their predecessors."  ECF No. 8608 at 7.

---

[1] *Plata v. Newsom*, Case No. 01-1351 JST (N.D. Cal.).

[2] In the May 1, 2025 order, the court expressly found that payment of salary and benefits at the same level for both Deputy Receiver-nominees was "both fair and reasonable."  ECF No. 8625 at 2.  At that time, the Receiver-nominee requested a separate level of retirement benefits for the Deputy Receiver-nominee appointed on May 1, 2025 based on the Receiver-nominee's determination she could not afford to have Ms. Toomey devote the extensive time required to enroll in court-ordered retirement benefits given the short period remaining before the Receivership Action Plan is due. The court granted the request to provide a different level of retirement benefits.  *Id*.  This order establishing a new method of payment incorporates the fundamental principle, which the court previously applied, that both Deputy Receiver-nominees should be compensated at the same level.

- The Receiver-nominee and Deputy Receiver-nominee Lothrop both have worked in public safety and corrections for over thirty years and are in this respect CDCR Secretary Macomber's peers at least, ECF No. 8608 at 7;
- Deputy Receiver-nominee Toomey, an attorney, has more than twenty-two years of federal government experience including both enforcement and high level corrections management experience, brings legal training and expertise, and "[h]er responsibilities will be substantially equivalent to Mr. Lothrop's during her three-month tenure," ECF No. 8625 at 2.

The court confirms these findings.

To assist the court in establishing the equivalence in payments, the Receiver-nominee has proposed using a calculation based on the average of Secretary Macomber's benefits as a percentage of his salary, and applying the same calculation to the salary rates the court has approved for the Receiver-nominee and her Deputies. The court accepts this methodology, which can be applied to information that is publicly available. Secretary Macomber was appointed to his current position on December 12, 2022.[3] In 2024, his base salary was $320,556.00 and the state paid benefits on his behalf in the amount of $154,672.12. ECF No. 8597-1 at 3. The year before, in 2023, Secretary Macomber's base salary was $291,396.39 and his benefits were $169,998.19.[4] Taking benefits in each year as a percentage of the salary for the respective year shows Secretary Macomber's benefits were 48 percent of his salary in 2024 and 58 percent of his salary in 2023. The average of these two numbers equals 53%. Applying this percentage to the previously approved salary levels yields the following numbers for benefits:

- Receiver-nominee:  $400,000.00 x .53 = $212,000.00
- Deputy Receiver-nominees:  $340,000.00 x .53 = $180,200.00

In addition, the court adjusts the benefits equivalence for taxes because unlike the benefits previously ordered the equivalent benefits amounts now required will be taxable income for the

---

[3] https://www.cdcr.ca.gov/about-cdcr/secretary/ (last checked June 11, 2025).
[4] *See* https://transparentcalifornia.com/salaries/search/?q=Secretary%2C%20Department%20Of%20Corrections%20And%20Rehabilitation (last checked June 11, 2025).

4

Receiver-nominee and her Deputies. In response to the court's request, the Receiver-nominee has provided relevant information about the income tax rates that will apply to her and to her Deputies for the relevant time period. Applying those rates yields the following numbers after accounting for those taxes[5]:

- Receiver-nominee: $212,000.00 x (1 - 45.9%) = $391,866.91
- Deputy Receiver-nominee Lothrop: $180,200.00 x (1 - 47.3%) = $341,555.97
- Deputy Receiver-nominee Toomey: $180,200.00 x (1 - 45.3%) = $329,067.64

Finally, because the Receiver-nominee and Deputy Receiver-nominees will be self-employed, they will be required to pay Social Security and Medicare taxes in full; the Receiver-nominee informs the court that half of these taxes would have been paid by CDCR had they remained in CDCR's employment. Thus, these additional amounts for payment of half of Social Security and Medicare taxes will be added to the total compensation[6]:

- Receiver-nominee: $18,228.00 (SS) + $22,964.00 (Medicare)/2 = $20,596.00
- Deputy Receiver-nominee Lothrop: $18,228.00 (SS) + $19,765 (Medicare)/2 = $18,996.50
- Deputy Receiver-nominee Toomey: $18,228.00 (SS) + $19,183.00 (Medicare)/2 = $18,705.50

Taken together, total compensation equivalent to what the court ordered on April 2, 2025 is as follows:

- Receiver-nominee: $400,000.00 + $391,866.91 + $20,917.50 = $812,784.41
- Deputy Receiver-nominee Lothrop: $340,000.00 + 341,555.97 + 18,996.50 = $700,552.47
- Deputy Receiver-nominee Toomey: $340,000.00 + $329,067.64 + $18,815.50 = $687,883.14

/////

---

[5] These amounts are calculated using the Tax-Exempt Yield formula. *See, e.g.,* Tax Equivalent Yield Calculator (last checked June 9, 2025).

[6] These amounts are calculated using the self-employment tax calculator found at www.taxact.com (last visited June 11, 2025).

1     These annualized amounts translate to the following amounts per month:

2     • Receiver-nominee: $67,732.03

3     • Deputy Receiver-nominee Lothrop: $58,379.37

4     • Deputy Receiver-nominee Toomey: $57,323.60

5     To cover this compensation for the months of June and July 2025, on or before July 5, 2025, and rounding up slightly, defendants shall deposit with the Clerk of the Court a total amount of $370,000.00, which amount shall be deposited in an interest-bearing account previously opened for this action. Thereafter, the court will make monthly orders for June and July 2025 at the end of each month, directing the Clerk of the Court to pay the Receiver-nominee and Deputy Receiver-nominees compensation in accordance with this order. Any funds remaining after all court-ordered payments are made will be returned to defendants.

    Except as modified by this order, all other provisions of the April 2, 2025, April 22, 2025, and May 1, 2025 orders remain in full force and effect.

    IT IS SO ORDERED.

DATED: June 11, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE

6