1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RALPH COLEMAN, et al.,                    No. 2:90-cv-0520 KJM SCR P

12                    Plaintiffs,               ORDER

13         v.

14    GAVIN NEWSOM, et al.,

15                    Defendants.

16

17         At a hearing on September 30, 2024, the court issued several orders requiring production

18    of additional evidence and information related to defendants' implementation of court-ordered

19    suicide prevention measures.  *See* September 30, 2024 Minute Order, ECF No. 8414.  As relevant

20    to this order, the court referred issues related to defendants' compliance with Measures 31 and 32

21    back to the Special Master and his suicide prevention expert, Lindsay Hayes, for a supplemental

22    report and directed defendants to provide Mr. Hayes with "local SPRFIT [Suicide Prevention

23    Response Focus Improvement Team] policies and six months of local SPRFIT meeting minutes"

24    for the 21 prison institutions Mr. Hayes audited during his sixth re-audit.  *Id*.  On November 25,

25    2024, the Special Master filed Mr. Hayes' supplemental report,  ECF No. 8475.  On December

26    26, 2024 defendants filed a response to the supplemental report, ECF No. 8505, and, with leave of

27    court, ECF No. 8514, on February 7, 2025 plaintiffs filed a response to defendants' response,

28    ECF No. 8536.  Following review of the supplemental report, the parties' responses, and other

1

1    relevant parts of the record, and in the interests of clarifying the record for purposes of the

2    Receiver-nominee's preparation of the Receivership Action Plan, the court now resolves the

3    status of defendants' compliance with suicide prevention measures 31 and 32.

4    **I.        Measure 31**

5         The Program Guide, the primary remedial plan for the delivery of mental health care to

6    class members, *see*, *e.g.*, September 3, 2020 Order at 4, ECF No. 6846, includes specific

7    requirements for local SPRFITs, *see* ECF No. 7333-1 at 168-173.  Those provisions have been in

8    the Program Guide since the court approved the Guide and ordered its immediate implementation,

9    in March 2006.  March 3, 2006 Order at 2, ECF No. 1773; *see also* ECF No. 1753-10 at 2-6.  The

10   provisions include a list of "mandatory members"[1] who make up the quorum necessary for local

11   SPRFIT meetings, which must be held monthly.  ECF No. 7333-1 at 172-73. The Program Guide

12   also sets out a list of responsibilities for local SPRFITS.  *See id*. at 171.

13        Measure 31 initially required the California Department of Corrections and Rehabilitation

14   (CDCR) to "re-examine and revise its local SPRFIT model to make the local SPRFITs a more

---

[1]   The Program Guide originally provided for the following mandatory membership in local SPRFITs:

- SPR FIT Coordinator (Chairperson)
- Chief Psychiatrist*
- Chief Psychologist*
- Supervising RN [Registered Nurse]
- Sr. Licensed Psychiatric Technician (LPT) or LPT (preferably from Administrative Segregation Unit (ASU))
- Health Program Coordinator
- Correctional Health Services Administrator
- DMH [Department of Mental Health] Coordinator

*Senior Psychiatrist/Senior Psychologist attendance shall meet quorum requirement in institutions without Chief Psychiatrist/Chief Psychologist positions.

ECF No. 7333-1 at 172.  This list was amended by the February 2, 2018 memorandum discussed below.

1    effective quality assurance/improvement tool." ECF No. 5259 at 32.[2]  On February 2, 2018, the

2    Deputy Director of CDCR's Statewide Mental Health Program, the Deputy Director for Facility

3    Operations for CDCR's Division of Adult Institutions, and the Statewide Chief Nurse Executive

4    for California Correctional Health Care Services (CCHCS) issued a memorandum entitled

5    "Enhancements to the Suicide Prevention and Response Focused Improvement Teams"; this

6    memorandum took effect on March 1, 2018 and is included in the Program Guide.  ECF No.

7    7333-1 at 611; ECF No. 8475 at 6.[3]  The court has now identified "the material provisions of the

8    Program Guide" that defendants must durably implement to achieve complete remediation in this

9    action; those "material provisions" correspond to "key indicators" in the Continuous Quality

10   Improvement Tool (CQIT), which the parties, under the supervision of the Special Master, are

11   working to finalize.  *See* July 1, 2021 Order, ECF No. 7216 (approving list of key indicators at

12   pages 21 through 26 of the Special Master's May 6, 2021 Report on the Continuous Quality

13   Improvement Tool Key Indicators, ECF No. 7151); *see also* ECF No. 6846 at 28.  The list of

14   provisionally approved indicators includes a key indicator for "Satisfactory SPR FIT Meeting."

15   ECF No. 7151 at 23.

16        It is undisputed that in monitoring defendants' compliance with Measure 31, Mr. Hayes

17   focuses on five requirements:

18        the degree to which SPRFITs achieved six consecutive months of meeting
19        quorums for all mandatory members or their designees; 2) the degree to which
20        each SPRFIT conducted either semi-annual RCAs [(root cause analyses)] or
21        clinical case summaries of serious suicide attempts when appropriate; 3) the
22        degree to which each SPRFIT tracked patients in the Suicide Risk
23        Management Program (SRMP) and reviewed them during monthly meetings
24        as required by policy; 4) the degree to which facilities had suicide prevention
25        local operating procedures (LOPs) for SPRFIT, Inmate-Patients Receiving
26        Bad News, SRMP, and CIT [(Crisis Intervention Team)]; and 5) the degree to

---

[2] Except as otherwise cited by the parties in their briefs, citations to page numbers in documents filed in the Court's Electronic Case Filing (ECF) system are to page numbers assigned by ECF and located in the upper right hand corner of the page.

[3] The February 2, 2018 memorandum was issued in response to the court's January 25, 2018 order requiring defendants to provide a revised local SPRFIT policy.  January 25, 2018 Order at 4, ECF No. 5762; *see, e.g.*, ECF No. 5993-1 at 24.

1    which each SPRFIT tracked prior corrective actions recommended by
2    regional SPRFIT coordinators and/or [Mr. Hayes].

3    ECF No. 8475 at 3 (footnote omitted); *see, e.g.*, ECF No. 8179 at 22-23 (in objecting to Sixth Re-

4    Audit Report, defendants acknowledge five areas used to audit compliance with Measure 31;

5    objection focuses on alleged difficulty in understanding "which facilities were found deficient

6    with each of these five areas").

7         In his Sixth Re-Audit Report, Mr. Hayes found seven of 21 institutions, or 33 percent,

8    compliant with Measure 31 under the assessment rubric he uses.  ECF No. 8143-1 at, *e.g.*, 8.  In

9    his supplemental report, he finds 14 of 21 institutions, or 67 percent, in compliance with Measure

10   31.  ECF No. 8475 at 3.  Defendants do not dispute they have not reached the 90 percent threshold

11   Mr. Hayes uses to report systemic compliance with this measure, *see* December 3, 2020 Order at

12   8, ECF No. 6973.  ECF No. 8505 at 4-5.  Defendants object to the standard used by

13   Mr. Hayes to assess compliance with the meeting quorum requirement, which they characterize as

14   an "unreasonable" "standard of perfection."  *Id*. at 6.  Defendants also request that the court

15   amend certain findings in the supplemental report on measure 31, consistent with evidence they

16   have filed with their objections.

17         A.   Standard for Assessing Compliance with Meeting Quorum Requirement

18         Mr. Hayes assesses compliance with the quorum requirement for local SPRFIT meetings

19   by looking at "the degree to which SPRFITs achieved six consecutive months of meeting

20   quorums for all mandatory members or their designees."  ECF No. 8475 at 3; *see also*, *e.g.*, ECF

21   No. 8143-1 at 52, ECF No. 7636-1 at 48.[4]  Defendants have not previously objected to this

---

[4]  The February 2, 2018 memorandum now requires institutional (local) SPRFITs to include:

- SPRFIT Coordinator (Chairperson) or designee
- Chief Psychiatrist or designee
- Chief Psychologist or designee
- Supervising Registered Nurse
- Senior Psychiatric Technician or Psychiatric Technician (preferably from the Administrative Segregation Unit, [ASU], Short-Term Restricted Housing Unit or the ASU Enhanced Outpatient Program Hub, if the institution has one)

1    criterion, which Mr. Hayes has used since the February 2018 memorandum went into effect.  *See*

2    *generally* ECF Nos. 6898, 7654,[5] and 8179.  Assuming without deciding that defendants have not

3    waived this objection, the court finds it without merit.

4         As noted above, the Program Guide requires each local SPRFIT to meet at least once a

5    month with a quorum consisting of "mandatory members" as identified in the Guide.  ECF No.

6    7333-1 at 172-73.   In other words, the remedial plan requires defendants to ensure local SPRFITs

7    meet with a full quorum every month, taking account of attendees' official positions, at a

8    minimum.  Given this requirement, assessment of whether local SPRFITs have met with a full

9    quorum once a month for six consecutive months is neither applying a "standard of perfection"

10   nor "unreasonable."

11        The court OVERRULES this objection.

12        B.  Request for Amended Findings

13        Defendants request amended findings for three of the seven institutions Mr. Hayes has

14   reported as non-compliant with Measure 31.  *See* ECF No. 8505 at 7-9.  The court addresses each

15   request in turn.

16             1.   San Quentin Rehabilitation Center (SQRC)

17        Mr. Hayes reviewed SPRFIT meeting minutes from January 2024 through June 2024.

18   ECF No. 8475 at 9.  He found SQRC non-compliant with two of five areas he assessed for

19   Measure 31 because (1) "one meeting failed to have a quorum of all required mandatory members

---

- Correctional Health Services Administrator or designee
- Inpatient Coordinator or designee
- Associate Warden Health Care Access or designee

ECF No. 7333-1 at 618 (footnotes omitted); *cf.* note 1 *supra*. The list of mandatory attendees mirrors the list included in the Program Guide, ECF No. 7333-1 at 172, with the title of DMH Coordinator updated to Inpatient Coordinator or designee, to reflect the transition of responsibility for most inpatient programs from the former Department of Mental Health to CDCR in 2017, *see, e.g.*, August 23, 2023 Order at 3-4, ECF No. 7924, and the title of Health Program Coordinator updated to Associate Warden Health Care Access.

[5] In their objections to Mr. Hayes' Fifth Re-Audit Report, ECF No. 7636-1, defendants stated in relevant part they "seek to achieve full implementation of" measure 31 "and look forward to working with Mr. Hayes to improve CDCR's suicide prevention program."  ECF No. 7654 at 3.

5

1    or designees caused by lack of psychiatric technician attendance," and (2) "[m]ost meeting

2    minutes did not include a severity determination of serious suicide attempts, and at least one

3    serious suicide attempt with a medical severity rating of '3' identified by the regional SPRFIT

4    coordinator did not result in either a clinical case review or RCA [(root cause analysis)]

5    documented in minutes or appendices." *Id*.

6        In their objections, defendants suggest the March 2024 meeting minutes were the basis for

7    Mr. Hayes' finding that one meeting lacked a quorum, and say the failure to mention a clinical

8    case review for a serious suicide attempt was an "oversight" and that "the completed review

9    shows that the RCA was conducted during the SPRFIT meeting."  ECF No. 8505 at 7-8.

10   Defendants append the March 2024 meeting minutes and a clinical case review in support of this

11   objection.  Declaration of Travis Williams, PsyD in Support of Defendants' Response to the

12   Special Master's Report on His Suicide Prevention Expert's Supplemental Report Regarding

13   Measures 31 and 32 (Williams Decl.) ¶ 5 & Exs. A and B, ECF Nos. 8505-1 at 3, 8505-2, 8505-3.

14       The March 2024 meeting minutes do not support defendants' request for an amended

15   finding.  The minutes reflect the quorum requirement was not met, and that neither a senior

16   psychiatric technician nor an approved designee, in this case an SRN II, attended the meeting:

17   the box for memorializing whether a quorum was met has an "x" in the "No" option, and the

18   boxes to be checked if a voting committee member or designee is present are not checked for the

19   psychiatric technician or approved designee.  *See* ECF No. 8505-2 at 2.

20       As noted above, Mr. Hayes' second finding of deficiency at SQRC is that "[m]ost meeting

21   minutes did not include a severity determination of serious suicide attempts, and at least one

22   serious suicide attempt with a medical severity rating of '3' that was identified by the regional

23   SPRFIT coordinator did not result in either a clinical case review or RCA documented in minutes

24   or appendices."  Defendants acknowledge that the supplemental report "correctly state[s] that the

25   clinical case review was not mentioned" in the meeting minutes.  ECF No. 8505 at 7-8.  They

26   contend, however, that the omission from the minutes "was an oversight and the completed

27   review shows that the RCA was conducted during the SPRFIT meeting."  *Id*. at 8.  Defendants

28   support this contention by appending a document entitled "SPRFIT Self-Harm Review."

1    Williams Decl. ¶ 5 & Ex. B, ECF No. 8503. The document reviews one incident of self-harm

2    that occurred on January 13, 2024 at 1:11 a.m. ECF No. 8505-3 at 2. It is not possible to tell

3    from this document whether it is the "serious suicide attempt" Mr. Hayes refers to in his report,

4    nor do defendants demonstrate where this review is documented in the March 2024 meeting

5    minutes. *Cf.* Williams Decl. ¶ 5. Moreover, Mr. Hayes' finding was that "most" meeting minutes

6    do not include the required assessment of serious suicide attempts and defendants have presented

7    no evidence challenging this finding. Again, defendants' evidence does not support their request

8    to amend Mr. Hayes' finding.

9        Defendants' request to amend these findings and find SQRC in compliance with Measure

10    31 is DENIED.

11                2.    California Medical Facility (CMF)

12        Mr. Hayes reviewed SPRFIT meeting minutes from January 2024 through June 2024.

13    ECF No. 8475 at 13. He found CMF non-compliant with four of five areas he assessed for

14    Measure 31 because (1) "one meeting failed to have a quorum of all required mandatory members

15    or designees caused by lack of psychiatric technician attendance"; (2) "meeting minutes did not

16    include any tracking and/or review of patients in the SRMP [(Suicide Risk Management

17    Program)]"; (3) meeting minutes identified two suicide attempts with a severity rating of "3" but

18    did not include clinical case reviews and/or RCAs; and (4) two required local operating

19    procedures (LOP) were "not provided." *Id.*

20        In their objections defendants request amended findings, that (1) an approved designee for

21    the psychiatric technician was present at the meeting for which Mr. Hayes made his finding and

22    the meeting did have a quorum; (2) all minutes from January 2024 to June 2024 show SRMP

23    tracking; (3) slides accompanying the January 2024 meeting show one medically severe suicide

24    attempt was discussed at the meeting; and (4) the two LOPs not provided to Mr. Hayes were in

25    fact "in place during the review period." ECF No. 8505 at 8. Defendants present evidence in

26    support of this objection they represent includes "true and correct copies of the minutes from" all

27    CMF SPRFIT meetings between January and June 2024, and the two LOPs, which Dr. Williams

28    /////

7

1    avers "were available."  Williams Decl. ¶¶ 6-7 & Exs. C and DD, ECF No. 8505-1 at 2-3, 8505-4,

2    8505-5.

3          In their objections, defendants suggest the May 2024 meeting was the basis for

4    Mr. Hayes' finding that one meeting did not have a quorum of all required members due to the

5    absence of a psychiatric technician or approved designee, ECF No. 8505 at 8:9-12, although they

6    cite to the minutes from the April 18, 2024 meeting to support this contention.  *Id*. (citing

7    Williams Decl. ¶ 6, Ex. C at C-032, ECF No. 8505-4 at 32).  The meeting minutes presented by

8    defendants, Williams Decl., Ex. C, show that in April 2024 no senior psychiatric technician

9    attended the meeting but the approved designee, a unit supervisor, attended, and that a quorum

10   was met.  ECF No. 8504-4 at 32.  The minutes of the May 2024 meeting show that neither a

11   senior psychiatric technician nor a unit supervisor, the approved designee for a senior psychiatric

12   technician, attended that meeting.  ECF No. 8505-4 at 42.  A senior supervising psychiatric

13   technician or approved designee is a mandatory member of a local SPRFIT, *see* note 4 *supra*, and

14   the absence of either at this meeting supports Mr. Hayes' finding that the meeting did not have a

15   quorum of "all required mandatory members" of the local SPRFIT.[6]  ECF No. 8475 at 13.

16   Defendants' evidence does not support their requested amendment.

17         Defendants next contend the minutes from all monthly meetings between January and

18   June 2024 "reference the SRMP" and that the minutes from the May 2024 meeting "reference a

19   discussion about patients enrolled in the SRMP."  ECF No. 8505 at 8.  "References" to the SRMP

20   are not the same thing as tracking and reviewing patients included in an institution's SRMP.  The

21   court has reviewed the minutes included in defendants' Exhibit C.  The court finds references in

22   various places in the minutes to SRMP as follows: in connection with the percentage of SRMP

23   training that has been completed, *see* ECF Nos. 8505-4 at 20, 40, 50, 61; note of a "change with

24   IDTTs [(interdisciplinary treatment team meetings)] statewide due to low staffing," *id*. at 6; the

25   percentage of inmates eligible for SMRP and enrolled in the program, as well as reasons for low

---

[6] The May 2024 minutes indicate a quorum was met, and there were more than eight
voting members or designees in attendance.  ECF No. 8505-4 at 42.  The relevant distinction is
that not all mandatory members of the committee were present.

1   enrollment in the program, *id*. at 6, 37, 47, 57; and a notation in the June meeting minutes that the

2   number of inmates enrolled in SRMP was unavailable because "On Demand reporting was

3   down," *id*. at 61.  However, the court finds no evidence the meetings included an actual review of

4   the patients in CMF's SRMP program, however limited that number appears to have been.

5           With respect to Mr. Hayes' finding that no clinical case reviews or RCAs for two suicide

6   attempts with a medical severity rating of "3" are reflected in meeting minutes, defendants

7   contend "accompanying slides from the January 2024 meeting show that one suicide attempt was

8   discussed at the meeting." ECF No. 8505 at 8 (citing Williams Decl. ¶ 6, Ex. C-007-8 [ECF No.

9   8505-4 at 7-8]).  The Williams Declaration makes no reference to slides accompanying CMF

10  SPRFIT meeting minutes, *see* ECF No. 8505-1 at 2, and it is not clear what defendants refer to.

11  At the cited pages, the minutes include one paragraph entitled "Discussion" under the heading

12  "Suicide Attempt Case Review."  Although it is not entirely clear, this appears to be a discussion

13  of one suicide attempt and six self-harm incidents involving the same inmate/patient.  *See* ECF

14  No. 8505-4 at 7-8.  Defendants have not directed the court's attention to a discussion of a second

15  suicide attempt, nor have they presented evidence that calls into question Mr. Hayes' finding that

16  there were two suicide attempts with a medical severity rating of "3."  In short, defendants have

17  failed to present sufficient evidence to call this finding into question.  The court OVERRULES

18  this objection.

19          Finally, Mr. Hayes finds defendants did not provide two LOPs that were required to be in

20  place.  ECF No. 8475.  The court accepts defendants' representation that the two LOPs were in

21  fact in effect, but this does not contradict Mr. Hayes' finding that defendants failed to provide the

22  LOPs to him, as the court has required, *see* September 30, 2024 Minute Order, ECF No. 8414, nor

23  does it affect Mr. Hayes' overall findings concerning CMF's compliance with Measure 31.

24  Defendants are yet again cautioned that the court expects full compliance with its orders.  *See*,

25  *e.g.*, June 6, 2025 Order at 3, ECF No. 8668.

26              3. California State Prison-Solano (CSP/Solano)

27          Mr. Hayes reviewed SPRFIT meeting minutes from January 2024 through June 2024.

28  ECF No. 8475 at 13.  He found CSP/Solano non-compliant with two of four areas he assessed for

9

1   Measure 31 because (1) "one meeting failed to have a quorum of all required mandatory members

2   or designees caused by lack of custody (associate warden or captain) attendance"; and (2) only

3   three sets of minutes included "any reference to the SRMP and it is unclear how many patients, if

4   any, were currently in the program." *Id.*

5       Defendants contest Mr. Hayes' finding that there was one month in which the quorum

6   requirement was not met, and they contend the findings with respect to the SRMP are

7   "technically correct" but that SRMP was omitted from the minutes in the other three months

8   because there were no inmates eligible for the program during those months.  ECF No. 8505 at 8.

9   Defendants append six months of meeting minutes, from January 2024 through June 2024, as

10  evidence to support their objections.  Williams Decl. ¶ 8 & Ex. E, ECF Nos. 8505-1, 8505-6.

11      Defendants point to the May 2024 minutes as the basis for Mr. Hayes' finding of their

12  failure to maintain a quorum at one of the meetings.  Williams Decl. ¶ 8.  These minutes show a

13  lieutenant for health care access was present at the May 2024 meeting in place of an associate

14  warden.  ECF No. 8505-6 at 18.  The February 2, 2018 memorandum provides that a designee for

15  an associate warden "must be a classification no lower than a Captain."  ECF No. 7333-1 at 618.

16  Defendants have not presented evidence that lieutenants are classified above captains in CDCR's

17  system.  Thus, the court is unable to conclude that Mr. Hayes' finding is incorrect.[7]

18      The discussion of SRMP as reflected in the minutes confirms Mr. Hayes' finding that it is

19  difficult to determine from the minutes how many inmates were in SRMP at CSP/Solano: the

20  January and February 2024 minutes each discuss one inmate mistakenly identified for the SRMP,

21  ECF No. 8505-6 at 3, 7; the June 2024 set discusses one patient in SRMP, *id*. at 23, and the other

22  three sets do not discuss SRMP at all, *id*. at 10-20.  Defendants' objection in this respect presents

23  a particular conundrum.  Mr. Hayes is correct that the minutes from CSP/Solano's meetings are

24  not sufficiently clear with respect to the number of patients, if any, in SRMP programs, and that

25  lack of clarity in turn hampers his assessment of compliance with the requirements of Measure

---

[7] Captains of health care access were present in place of an associate warden at the January 25, 2024 meeting, *id*. at 2, the March 28, 2024 meeting, *id*. at 10, and the April 25, 2024 meeting, *id*. at 14.

1    31. Defendants are correct they do not have to review cases that do not exist; of course, if there

2    are no inmates in SRMP in a given month there are no cases to review. Nonetheless, defendants

3    are required to track the number of inmates in SRMP and, as plaintiffs contend, ECF No. 8536 at

4    8-9, the minutes of the SPRFIT monthly meetings should reflect that tracking, even if the number

5    is zero. The court anticipates defendants can easily remedy this conundrum without the need for

6    further expenditure of the court's time or that of the Special Master or Mr. Hayes. The court

7    accepts defendants' evidence that there were no inmates in SRMP at CSP/Solano in the three

8    months for which the SPRFIT meeting minutes contain no discussion of SRMP. Thus, the court

9    finds CSP/Solano complied with three of the four measures assessed by Mr. Hayes in his

10   supplemental report and in compliance with Measure 31.

11         The court corrects Mr. Hayes' supplemental report to this extent, and so SUSTAINS IN

12   PART defendants' objection to this extent as well.

13   **II.    Measure 32**

14         Measure 32 requires CDCR to take "reasonable corrective actions" to address issues

15   related to "possessions and privileges for IPs [Inmate-Patients] in MHCBs [Mental Health Crisis

16   Beds], Continuous Quality Improvement, and Reception Centers." ECF No. 8143-1 at 8-9. As

17   discussed at the September 30, 2024 hearing, the court referred the continuous quality

18   improvement (CQI) component of Measure 32 back to the Special Master for a supplemental

19   report. Reporter's Transcript of Proceedings (RT) at 35, ECF No. 8433.

20         In the supplemental report, Mr. Hayes as the Special Master's expert confirms his finding

21   from the Sixth Re-Audit Report that all nineteen suicide prevention audit measures that must be

22   addressed in the CQI process are "adequately addressed" in CDCR's CQI Guidebook. ECF No.

23   8475 at 23.[8] His focus remains on the adequacy of defendants' implementation of Measure 32.

24   *See* ECF No. 8143 at 11-12; ECF No. 8475 at 23. Mr. Hayes reports the nineteen measures "have

---

[8] This guidebook is intended to be used "by local SPRFITs in auditing of suicide prevention practices in their respective facilities." ECF No. 6879-1 at 35. At least five years ago, defendants agreed to include in the CDCR guidebook nineteen measures audited by Mr. Hayes. *Id*. As noted above, the court in 2021 provisionally approved a list of CQIT key indicators, including twenty-five suicide prevention indicators, which are being addressed in the data remediation process that is nearing completion.

1    not been fully implemented because the Guidebook continues to be periodically revised."  ECF

2    No. 8475 at 23.

3         Defendants interpose several objections to Mr. Hayes' findings.  ECF No. 8505 at 9-21.

4    Plaintiffs request the court overrule the objections or, in the alternative, defer ruling on Measure

5    32 and order a re-audit during Mr. Hayes' seventh re-audit round.  ECF No. 8536 at 9-11.

6    Mr. Hayes' seventh re-audit round is now underway.

7         The CQI component of Measure 32 is a subset of the larger ongoing process to develop

8    and implement the continuous quality improvement tool (CQIT), "a comprehensive tool that,

9    once finalized, defendants will ultimately use as part of a process to 'self-monitor' the key

10   components of the remedy in this action."  ECF No. 6846 at 10.  Mr. Hayes began including

11   findings regarding CQI in his audit of Measure 32 included in his second re-audit report, *see* ECF

12   No. 6879 at 24, which was filed in September 2017, ECF No. 5671.  Subsequently, the court has

13   issued a number of orders: requiring defendants to undertake comprehensive remediation of their

14   mental health data reporting system, *see Coleman v. Newsom*, 424 F.Supp.3d 925, 958 (E. D. Cal.

15   2019); giving provisional approval to a preliminary list of key indicators, including twenty-five

16   indicators focused on suicide prevention, *see* ECF No. 7151 at 22-23, to be included in the

17   continuous quality improvement tool (CQIT), July 1, 2021 Order at 14, ECF No. 7216 (citing

18   ECF No. 7151 at 21-26); ordering the Special Master to "test and monitor the functionality and

19   efficacy" of those indicators, *id*.; and approving the Special Master's request to merge finalization

20   of CQIT with completion of data remediation given "that 'the efficacy and functionality of the

21   indicators is intertwined with data remediation,'" *see* January 4, 2023 Order, ECF No. 7695.

22        Having considered the totality of the record as relevant here, the court will direct  that the

23   CQI component be removed from further auditing of Measure 32.  The court finds this approach

24   furthers the interests of judicial economy and efficiency, will help ensure consistency in finalizing

25   development and implementation of the continuous quality improvement (CQI) system as critical

26   to CDCR's mental health care delivery system, and also accounts for fact that the Receiver-

27   nominee currently is preparing the Receivership Action Plan and will present to the court on or

28   before August 1, 2025.  The court anticipates the Receivership Action Plan will address

1  implementation of an adequate and comprehensive CQI system, including suicide prevention as a

2  very high priority.  The court will make such additional orders as may be appropriate following

3  its review of the Receivership Action Plan and determination whether to adopt it.

4       The court notes it already has found defendants are not in compliance with the remaining

5  two components of Measure 32.  Reporter's Transcript of Proceedings at 36, ECF No. 8433.

6  Nothing in this order changes that finding.

7       In accordance with the above, IT IS HEREBY ORDERED that:

8       1.  The court accepts defendants' evidence that there were no inmates in SRMP at

9           CSP/Solano in the three months for which the SPRFIT meeting minutes contain no

10          discussion of SRMP and finds CSP/Solano was in compliance with three of the four

11          measures assessed by Mr. Hayes in his supplemental report and therefore in

12          compliance with Measure 31.  Mr. Hayes' supplemental report is corrected to this

13          extent, and defendants' objection is SUSTAINED IN PART to this extent as well.

14      2.  Defendants' objections to Mr. Hayes' November 25, 2024 supplemental findings with

15          respect to Measure 31 are otherwise OVERRULED;

16      3.  Defendants are not in compliance with Measure 31;

17      4.  The CQI component is removed from the requirements of Measure 32 and the court's

18          prior finding that defendants are not in compliance with the remaining components of

19          Measure 32 is CONFIRMED; and

20      5.  Once the court receives the Receivership Action Plan, the court will take account of

21          whether that Plan adequately provides for prompt and complete compliance with

22          required suicide prevention measures.

23  DATED:  June 23, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE