| | | |
|---|---|---|
| UNITED STATES COURT OF APPEALS | | **FILED** |
| FOR THE NINTH CIRCUIT | | JUN 23 2025 |
| | | MOLLY C. DWYER, CLERK<br>U.S. COURT OF APPEALS |

RALPH COLEMAN; et al.,

      Plaintiffs - Appellees,

 v.

GAVIN NEWSOM; et al.,

      Defendants - Appellants.

No. 24-2263

D.C. No.
2:90-cv-00520-KJM-DB

Eastern District of California,
Sacramento

MANDATE

The judgment of this Court, entered May 30, 2025, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 30 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RALPH COLEMAN; et al., <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> GAVIN NEWSOM; et al., <br><br> Defendants - Appellants. | No. 24-2263 <br><br> D.C. No. 2:90-cv-00520-KJM-DB <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted May 15, 2025
San Francisco, California

Before: S.R. THOMAS, M. SMITH, and BRESS, Circuit Judges.
Dissent by Judge BRESS.

Gavin Newsom and other California state officials (collectively, the State) appeal the district court's order staying the State's proposed program of tours of California Department of Corrections and Rehabilitation (CDCR) prisons. "We have jurisdiction to determine whether we have jurisdiction to hear the case."

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*Aguilar v. Walgreen Co.*, 47 F.4th 1115, 1120 (9th Cir. 2022) (quoting *Childs v. San Diego Fam. Hous. LLC*, 22 F.4th 1092, 1095 (9th Cir. 2022)).  We conclude that we lack jurisdiction to review the district court's order, and we accordingly dismiss.  Because the parties are familiar with the facts of this case, we do not recount them here except as necessary to provide context to our ruling.

      1.      The district court's order is not a final decision pursuant to 28 U.S.C. § 1291.  "In the context of postjudgment proceedings in which the district court has retained jurisdiction to enforce a permanent injunction," a final order "should not anticipate any further proceedings on the same issue and should have some real-world significance."  *Flores v. Garland*, 3 F.4th 1145, 1151, 1153 (9th Cir. 2021).  The district court's order does not satisfy these criteria.  Because it does not clearly foreclose the State's ability to conduct tours, and suggests that the State could renew its request for tours upon a "threshold showing" of their relevance, the order implicitly "contemplat[es] further proceedings on the same issue."  *Id.* at 1153.  Further, the order lacks "real-world significance," *id.*, because it does not affect class members and "each case management order implementing a consent decree cannot readily be considered a final post judgment order," *Plata v. Brown*, 754 F.3d 1070, 1075 (9th Cir. 2014).  As a result, we lack jurisdiction pursuant to 28 U.S.C. § 1291.

      2.      The district court's order is also not an injunction pursuant to 28

U.S.C. § 1292(a)(1). "The three fundamental characteristics of an injunction are that it is (1) 'directed to a party,' (2) 'enforceable by contempt,' and (3) 'designed to accord or protect "some or all of the substantive relief sought by a complaint" in more than preliminary fashion.'" *Orange Cnty. v. Hongkong & Shanghai Banking Corp.*, 52 F.3d 821, 825 (9th Cir. 1995) (quoting 16 Charles A. Wright et al., *Federal Practice and Procedure* § 3922 at 29 (1977)). Here, as in *National Wildlife Federation v. National Marine Fisheries Service*, the district court's order is directed to the State, and could be enforced through contempt, but it does not affect or vindicate any of the substantive rights Plaintiffs assert in this action. 886 F.3d 803, 825 (9th Cir. 2018) (holding an order is not an injunction where it purely "'concern[s] the conduct of the parties or their counsel' in litigation" (alteration in original) (quoting *In re Lorillard Tobacco Co.*, 370 F.3d 982, 986–87 (9th Cir. 2004))). Similarly, the order does not grant or deny the relief that the State might seek from a motion to terminate this action pursuant to the Prison Litigation Reform Act. As a result, the district court's order, which falls more clearly into the category of case management, "is not considered an injunction and therefore is not appealable under § 1292(a)(1)." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 279 (1988).

    3.    There is no other basis for jurisdiction. The order is not appealable as a collateral order because it is not "effectively unreviewable on appeal from a final

judgment." *Plata*, 754 F.3d at 1075 (quoting *Will v. Hallock*, 546 U.S. 345, 349 (2006)). We also decline to construe the appeal as a petition for writ of mandamus because there is no indication that the district court has "usurped its power or clearly abused its discretion." *Id.* at 1076 (citing *Miller v. Gammie*, 335 F.3d 889, 895 (9th Cir. 2003) (en banc)).

**DISMISSED.**

FILED

MAY 30 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Coleman v. Newsom*, 24-2263

BRESS, Circuit Judge, dissenting:

My disagreement here is narrow. Unlike the majority, I believe we have jurisdiction over this appeal. But I would affirm the district court's order on the merits.

We have jurisdiction over this appeal of a post-judgment order under 28 U.S.C. § 1291 because the district court's order does "not anticipate any further proceedings on the same issue" and "ha[s] some real-world significance." *Flores v. Garland*, 3 F.4th 1145, 1153 (9th Cir. 2021). As to the former, the order disallows the State's requested tours. And although the State may renew the request for tours, that would necessarily be at a different time and on a different record. I do not regard the district court's order as anticipating any further proceedings on the State's present request for tours. Given the State's position that one of the purposes of the tours is to collect evidence for the State to decide whether to file a termination motion, "if the government complies with the [appealed order], as apparently it has done, it is unlikely to have any opportunity to appeal it unless we exercise jurisdiction under section 1291." *Id.* I also think the order has sufficient "real-world significance" because it prevents the tours from happening now, and therefore "govern[s] future interactions" between the parties. *Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1065 (9th Cir. 2010).

That said, I would affirm the district court's case-management order because the district court did not abuse its discretion. The order barring the tours was a "reasonable response to the problems" arising from the parties' dispute over the tours amidst the sprawling remedial phase of this long-running litigation. *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (quotations omitted); *see Coleman v. Newsom*, 131 F.4th 948, 955–56 (9th Cir. 2025).