UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No. 2:90-cv-0520 KJM SCR P |
| Plaintiffs, | ORDER |
| v. | |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

On August 27, 2024, without objection from the parties, the court appointed Eric Douglas of Leading Resources, Inc. as a technical advisor in this matter to "assist the court in applying relevant organizational principles to the designation of a receiver in this case and, particularly, in assessing objectively whether the *Plata*[1] Receiver can serve as a separate and independent receiver in this action." August 27, 2024 Order at 2, ECF No. 8377 (footnote added). The court required defendants to bear the cost of Mr. Douglas's time which, at the time of appointment the court "anticipated . . . [would] be for a limited period of approximately ten hours." *Id*. In September 2024, the court informed the parties the *Plata* Receiver had "withdrawn his name from consideration as receiver in this action" and that the court would "move forward with identifying and hiring a receiver for this action. . . ." September 24, 2024 Order at 2, ECF No. 8406.

---

[1] *Plata v. Newsom*, Case No. 01-1351 JST (N. D. Cal.)

1

1       On May 15, 2025, defendants filed a document styled "Notice of Payment in Response to May 8, 2025 Order." ECF No. 8639. In that document, defendants contend that services provided by Mr. Douglas reflected in an invoice appended to the court's May 8, 2025 order requiring payment, ECF No. 8631, "appear to exceed the scope of the technical advisor's appointment" and the ten hour "limit" set in the appointment order. *Id*. at 2 n.1. Good cause appearing, the court clarifies and updates the original order appointing Mr. Douglas.

As the court explained in both its August 22, 2024 Order granting the parties a period to file objections to the proposed appointment of Mr. Douglas, ECF No. 8368, and the August 27, 2024 appointment order, ECF No. 8377, the court has inherent authority to appoint an outside technical advisor in "rare cases" requiring specialized assistance. *Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 590 (9th Cir. 2000) (en banc) (*AMAE*); *see also A&M Records, Inc. v. Napster, Inc.*, 284 F.3d 1091, 1096-1097 (9th Cir. 2002) (district court did not abuse discretion in appointing technical advisor to "assist in evaluating Napster's compliance" with preliminary injunction); *Reilly v. United States*, 863 F.2d 149, 156 (1st Cir. 1988) ("appointment of technical advisor must arise out of some cognizable judicial need for specialized skills."). In considering and making the appointment here, the court followed and continues to follow the safeguards set out in the dissent in *AMAE*. *See Federal Trade Com'n v. Enforma Natural Products, Inc.*, 362 F.3d 1204, 1215 (9th Cir. 2004)[2]; *see also* ECF No. 8368 at 2-3; ECF No. 8377 at 1-2 (applying safeguards).

As set out above, the court appointed Mr. Douglas generally to "assist the court in applying relevant organizational principles to the designation of a receiver in this case" and, at the time of appointment, "particularly" to assess whether the *Plata* Receiver could serve as receiver in this action. ECF No. 8377 at 2. The *Plata* Receiver's decision to withdraw his name from

---

[2] These include "(1) utilize a fair and open procedure for appointing a neutral technical advisor; (2) address any allegations of bias, partiality, or lack of qualification; (3) clearly define and limit the technical advisor's duties; (4) make clear to the technical advisor that any advice he or she gives to the court cannot be based on any extra-record information; and (5) make explicit, either through an expert's report or a record of *ex parte* communications, the nature and content of the technical advisor's advice." *Federal Trade Com'n*, 362 F.3d at 1215 (citing *AMAE*, 231 F.3d at 611-14 (Tashima, J., dissenting)).

1  consideration completed that component of Mr. Douglas' appointment, but it did not eliminate the
2  court's need for assistance in understanding best practices in applying relevant organizational
3  principles to the question of identifying a receiver in this case.  The court's initial ten hour
4  estimate was predicated in part on the possibility the court would be able to move forward with
5  considering the *Plata* Receiver's candidacy and tailoring of that receivership to covering this case
6  as well.  As noted, the court informed the parties in September 2024 it would move forward – as
7  it has -- with plans to appoint a receiver after the *Plata* Receiver withdrew his name.

8      The court now confirms that Mr. Douglas's intermittent advice to the court has continued
9  to fall into the general category of application of organizational principles to the complex
10 organizational dynamics implicated by the court's contemplation of appointment of a receiver in
11 this case.  Consistent with this purpose, the court has authorized the Receiver-nominee to speak in
12 a limited fashion with Mr. Douglas before completing the pending Receivership Action Plan to
13 identify guiding principles to inform best practices in the Receiver-nominee's thinking through
14 the creation of a new organizational structure that takes account of all the complex organizational
15 dynamics at play in finalizing a proposal to create a Receivership, considering the Special
16 Mastership in this case, the correct calibration of a Receiver's relationship with the California
17 Department of Corrections and Rehabilitation, the Governor's Office and, as necessary, the
18 Department of State Hospitals and the Department of Finance.  The court has clarified that in
19 communicating with the Receiver-nominee, Mr. Douglas is not advising her, but rather providing
20 information for her to consider in finalizing her proposal.  The court will consult Mr. Douglas,
21 and seek his advice and feedback, in the court's independent review of the organizational
22 proposal(s) contained in the final proposed Receivership Action Plan.  In connection with any
23 order regarding the proposed Receivership Action Plan, the court will advise the parties of the
24 general nature of the court's communications with Mr. Douglas and its understanding of his
25 communications with the Receiver-nominee.

26     The court anticipates Mr. Douglas will continue to provide advice with the same
27 efficiency he has brought to the table to date and anticipates the court will no longer call on his
28 /////

3

1 services following its complete evaluation of the proposed Receivership Action Plan and a final
2 decision concerning the plan and appointment of a receiver.
3     IT IS SO ORDERED.
4 DATED: July 11, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE