UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No. 2:90-cv-0520 KJM SCR P |
| Plaintiffs, | |
| v. | ORDER |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

On August 1, the Receiver-nominee presented a proposed Receivership Action Plan (Plan) to the court. The court is filing the Plan on the docket of this case concurrently with issuance of this order. Good cause appearing, the court grants the parties a period of fourteen (14) days to file comments of up to twenty (20) pages on the Plan. The parties also shall file within this same time frame, as appropriate, a separate short statement up to five (5) pages of whether their positions on appointment of a Receiver have changed since briefing on that question was completed and, if so, how their positions have changed. Instead of filing the short separate statements, the parties may file a joint statement of up to ten (10) pages.

In the proposed Plan, the Receiver-nominee recommends that the court approve the Hybrid Work Policy pending before the court. On April 7, 2025, the court informed the parties it would evaluate whether to approve the Hybrid Work Policy the parties agreed to after the United States Court of Appeals for the Ninth Circuit lifted the stay it imposed on November 12,

1

2024.  Apr. 7, 2025 Order, ECF No. 8593.  That stay was lifted with issuance of the appellate court's mandate on April 10, 2025.  ECF No. 8602.  Good cause appearing, the parties shall address in their comments on the proposed Plan whether they continue to agree to the Hybrid Work Policy as they previously submitted it to the court and therefore support the Receiver-nominee's proposal that the court adopt it now.[1]

Additionally, the court notes that on July 28, 2025, plaintiffs filed a request for leave to file a motion regarding plans they say the defendants have to "close" 305 licensed inpatient beds.  ECF No. 8710.  Defendants oppose the request and represent, among other matters, that they have agreed not to deactivate thirty-six of the beds originally included in their planning, and that they intend to "deactivate" the other beds by "suspending their licenses" while leaving them available to "'be reactivated – likely within 30-60 days – if the need were to arise."  ECF No. 8719 at 3-4.  In their responses to the Receiver-nominee's proposed Plan, the parties shall provide their respective positions regarding whether the court should stay any planned closures for the relatively brief period of time during which it decides whether to appoint a Receiver and approve the proposed Plan.  In addition, the parties shall provide their respective positions on whether the court should refer the matter of any planned closures to the Receiver, if appointed.[2]  The parties shall, in addressing the issue of the planned closures, provide information comparing the current fill rates in the California Department of Corrections and Rehabilitation (CDCR) Psychiatric

---

[1] The court understands that the landscape with respect to the State of California's telework policies may be in flux, with delays in implementation of telework for certain categories or units of workers.  The parties may request the court take judicial notice of any public records that may clarify the current landscape as relevant to the Hybrid Work Policy.

[2] The court requires the parties address the recent filings in this way because if the court decides to appoint a Receiver and neither party contests that appointment, the court anticipates the Receivership will be the exclusive implementation and enforcement mechanism to address ongoing constitutional violations, on the assumption the parties continue to work in good faith with the Receiver.  The alternate path forward, as the court previously has signaled, is serial contempt proceedings addressing each area in which defendants are not in compliance with the court-ordered remedy.  In other words, if the court decides to appoint a Receiver, refers the matter of planned closures to the Receiver, and neither party contests the Receiver's appointment, at that point contempt proceedings on understaffing in the CDCR PIPs, among other areas, would be at least held in abeyance and hopefully ultimately mooted.

2

1  Inpatient Programs with the fill rates that would exist upon defendants' proposed closure of
2  inpatient beds as set forth in their opposition to plaintiffs' request. *See, e.g., id.* at 3-4.
3  Thereafter, until further order of court, defendants shall include in their monthly staffing vacancy
4  reports fill rates and accrued fines for PIP staffing vacancies using both sets of vacancy rates. *See*
5  ECF No. 8715 at 7-25 (monthly reports, styled as staffing vacancy reports, include fill rates for
6  each mental health classification).

       IT IS SO ORDERED.

DATED: August 4, 2025.

                               SENIOR UNITED STATES DISTRICT JUDGE