UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No. 2:90-cv-0520 KJM SCR P |
| Plaintiffs, | ORDER |
| v. | |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

On July 11, 2025, the Special Master filed a report on the status of data remediation (hereafter Report). ECF No. 8697. The Special Master reports that each of the key indicators in the Continuous Quality Improvement Tool (CQIT) provisionally approved by the court, Feb. 1, 2024 Order, ECF No. 8121, "has been marked off as remediated." ECF No. 8697 at 3. He recommends the court adopt the Report and his finding that the provisionally approved key indicators have been remediated, and, in a third recommendation, that the court direct him "to field test the remediated indicators during his next regular monitoring round." *Id*. at 10.

On July 14, 2025, the court signaled it was prepared to accept the Report "and adopt and approve the Special Master's first two recommendations in full while deferring further consideration of the Special Master's third recommendation pending submission of the proposed Receivership Action Plan due August 1, 2025." July 14, 2025 Minute Order, ECF No. 8700. The
/////

1

1  court informed the parties it would consider "objections, if any," filed on or before noon on July

2  21, 2025. *Id*.  On July 21, 2025, plaintiffs filed a response to the Report, ECF No. 8707, and

3  defendants filed objections, ECF No.8709.[1]  The court has considered the positions of the parties

4  in making this order.

I.  **LEGAL STANDARD**

Paragraph C of the Order of Reference provides in relevant part:

> [A]ny compliance report of the special master filed in accordance with paragraph A(5) above shall be adopted as the findings of fact and conclusions of law of the court unless, . . ., either side moves to object or modify the report. . . .  The objecting party shall note each particular finding or recommendation to which objection is made, shall provide proposed alternative findings or recommendations, and may request a hearing before the court.  Pursuant to Fed. R. Civ. P. 53(e) (2), the court shall accept the special master's findings of fact unless they are clearly erroneous.

Dec. 11, 1995 Order at 8, ECF No. 640.  In other words, the court adopts the Special Master's findings of fact unless those findings are "clearly erroneous." *Id*.  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (quoted in *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985)).

II.  **DISCUSSION**

A.  **Plaintiffs' Response**

Plaintiffs request that the court defer adopting the Special Master's second recommendation and finding that the provisionally approved indicators have been remediated until they "have an opportunity to review and raise any objections to the final documentation for the indicators that were developed and/or modified in the months since Plaintiffs' involvement in the data remediation process ceased." ECF No. 8707 at 2.  Plaintiffs report the Special Master will provide them "with a demonstration of the user guide to the data system currently housing all

/////

---

[1] Defendants first filed objections, ECF No. 8708, and then amended objections, ECF No. 8709.  The court has considered only defendants' amended objections, ECF No. 8709, which supersede the prior filing.

1    of indicator documentation" on July 30 and they request a period of thirty days thereafter to
2    "provide any concerns or objections to the Special Master and Defendants informally" and, as
3    necessary, an opportunity to propose, jointly with the Special Master and defendants, "a
4    streamlined methodology for resolving disputes." *Id*. at 3.

5    By way of background, on June 10, 2025, without objection from either party, the court
6    adopted the Special Master's recommendations and ordered the Special Master "and his clinical
7    experts, working exclusively with the *Plata* Receiver and his staff, [to] complete final review of
8    the thirty-eight (38) remaining indicators" within thirty days, with the Special Master, "at his
9    discretion," bringing "his data expert and California Department of Corrections and
10   Rehabilitation (CDCR) mental health personnel into the final review process only as he deems
11   necessary to bring [data remediation] to successful conclusion." ECF No. 8674. Plaintiffs did
12   not object to that order. The court accepts plaintiffs' representation that they do not believe they
13   can respond fully to the Special Master's representation that all indicators have been remediated,
14   but their request for an extension of time to respond after they review final documentation of the
15   indicators remediated by the Special Master working with the *Plata* Receiver runs counter to the
16   process the court established in its June 10, 2025 order for completion of the data remediation
17   process. Plaintiffs' request for an extension of time to respond is DENIED.

18        **B.**    **Defendants' Objections**

19   Defendants' objections also are misplaced, but for a different reason: instead of focusing
20   on what the Special Master reports, defendants "reserve their right" to raise objections
21   prospectively depending on events in the future, including whether the remediated indicators
22   "will be deemed final or if any additional indicators are proposed to be added," what compliance
23   thresholds the court may establish for each indicator, and whether the remediated data system will
24   be certified. ECF No. 8709 at 3. While acknowledging the court's signaling it will defer
25   consideration of the Special Master's third recommendation, defendants nonetheless "note their
26   strong objection" to that recommendation and "reserve the right to file objections once the Court
27   deems this recommendation ripe for consideration." *Id.* None of defendants' objections
28   challenges the accuracy of the Special Master's Report that he has, working in conjunction with

1 the *Plata* Receiver, timely completed as the court required of him in the June 10, 2025 order.
2 These objections are OVERRULED.

### C. Conclusion

The Special Master reports that a major milestone has been reached in data remediation, an arduous and time-consuming process that has consumed five years. This is an accomplishment to be acknowledged, commended and celebrated as a significant step forward in repairing the consequences of a whistleblower report and the resulting court proceedings. *See Coleman v. Newsom*, 424 F.Supp.3d 925 (E.D. Cal. 2019). Most importantly, it is a milestone that materially advances progress toward completion of the remedy in this action and the delivery of constitutionally adequate mental health care to the plaintiff class, and ultimately the end of federal court oversight. No party challenges any aspect of the Special Master's findings as erroneous. Further litigation would unnecessarily delay adoption of the Special Master's report, at least in part, and the court declines to facilitate any such delay.

After consideration of the Report and the parties' responses thereto, for the foregoing reasons the court confirms that it accepts the Special Master's Report and adopts the Special Master's first two recommendations "while deferring further consideration of the Special Master's third recommendation." ECF No. 8700. Since its prior order addressing this matter, the court has received the proposed Receivership Action Plan that was due August 1, 2025. The proposed plan appears to assume completion of the data remediation process, consistent with the court's observations above. The court will address next steps, including deployment and potential field testing of the indicators, in its order addressing whether to adopt the Receivership Action Plan as proposed.

/////
/////
/////
/////
/////
/////

4

Good cause appearing, IT IS HEREBY ORDERED that:

1. The Special Master's July 11, 2025 Data Remediation Status Report is ADOPTED;

2. The provisionally approved key indicators included in Appendix A to the Report have been remediated; and

3. The court defers further consideration of the Special Master's third recommendation until after it has had a chance to review in full the Receiver-nominee's proposed Receivership Action Plan and consider the parties' responses to that plan.

DATED: August 4, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE