UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No. 2:90-cv-0520 KJM SCR P |
| Plaintiffs, | ORDER |
| v. | |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

On July 28, 2025, plaintiffs filed a request for leave to file a motion for a court order requiring defendants to maintain the present number of licensed psychiatric inpatient beds "pending appointment of a Receiver or further order of the Court." ECF No. 8710 at 2. Defendants have filed an opposition and two amended oppositions to plaintiffs' request, most recently on August 11, 2025. ECF Nos. 8711, 8719, 8728. Plaintiffs' request arises from defendants' plan to deactivate a number of inpatient mental health beds on August 22, 2025. When plaintiffs filed their request, defendants planned to deactivate 305 inpatient and mental health crisis beds (MHCBs). Second Amended Decl. of Mehta, ECF No. 8728-1 at 2. Currently, defendants plan to "indefinitely deactivate" 249 male inpatient beds and 20 MHCBs. Also on August 22, 2025, the court has a hearing scheduled to discuss issues related to the proposed Receivership Action Plan. Aug. 19, 2025 Minute Order, ECF No. 8743.

/////

1

On August 20, 2025, the court directed defendants to inform the court by 5:00 p.m. on the same day whether they would "voluntarily pause the bed deactivation for fourteen days to allow the court to fully consider all of the information now before it related to" the planned deactivation and plaintiffs' request. Aug. 19, 2025 Minute Order, ECF No. 8743. At 3:46 p.m. defendants filed a response stating they will not voluntarily pause the bed deactivation. ECF No. 8746.[1]

"A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *see also Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) (courts have "inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"). The exercise of that inherent power "must be a reasonable response to a specific problem and the power cannot contradict any express rule or statute." *Dietz*, *id*.

The court finds an order maintaining the status quo for a short time would be a reasonable response to a specific problem and would not contradict any express rule or statute; as the court understands it, such an order is within the authority Congress has given all federal courts. *Cf.* 28 U.S.C. § 1651(a) ("[A]ll courts established by an Act of Congress may issue all writs

---

[1] The court takes notice of the California Legislative Analyst's Office analysis of CDCR's proposed budget for FY 2025-26, and its recommendation acknowledging this court may have some role to play before beds are deactivated:

***Inpatient Mental Health Beds.*** The Governor proposes $3 million General Fund in 2025-26 (growing to $4.4 million in 2026-27 and ongoing) to activate a newly constructed licensed 50-bed mental health crisis facility. With the addition of this capacity, the budget reflects operation of 686 inpatient beds in excess of the amount projected to be necessary. We recommend approving the activation to address regional bed needs, **but directing CDCR to seek approval from the *Coleman* federal court** to align statewide inpatient bed capacity with updated population projections and to account for transportation savings. These changes could save more than $100 million annually if all the excess beds are deactivated.

*See* Legislative Analyst's Office, The 2025-26 Budget: California Department of Corrections and Rehabilitation (https://lao.ca.gov/Publications/Report/4986#Inpatient_Mental_Health_Beds_(last checked 08/21/2025) (emphasis added); Fed. R. Evid. 201.

2

necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."). The record before the court demonstrates defendants' plans raise substantial questions that this court cannot answer within the time defendants say they will proceed unless restrained with deactivating inpatient beds and MHCBs. Even though the court has not previously granted plaintiffs' request to file their proposed motion, defendants have taken the opportunity to present their position on the substance of the proposed motion in their original and two amended oppositions to the request, as well as in their response to the August 20, 2025 minute order. The court has carefully reviewed the parties' filings and notes the parties have not identified and the court is not aware of any irreparable harms or serious inequities that are likely to arise if beds are not deactivated on the timeline defendants currently plan. To the contrary, economy of time and effort for everyone involved—the court, a possible Receiver, the parties, and counsel—are best served by the court's exercise of its inherent authority to maintain the status quo for a period of fourteen days while it considers the totality of the record now before the court on this important issue

Accordingly, good cause appearing, IT IS HEREBY ORDERED that defendants shall maintain the current active licensure of all inpatient and mental health crisis beds and not proceed with their planned deactivation of those beds for a period of fourteen days or until further order of the court.

DATED: August 21, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE