UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No. 2:90-cv-0520 KJM SCR P |
| Plaintiffs, | ORDER SETTING OUT POWERS |
| v. | AND DUTIES OF RECEIVER |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

Concurrently with this order, the court has issued an order explaining its decision to appoint a Receiver in this action, effective September 1, 2025, to take control of the delivery of mental health services to the plaintiff class, which "consists of all inmates with serious mental disorders who are now, or who will in the future, be confined within the California Department of Corrections [and Rehabilitation]" (CDCR), July 23, 1999 Stip. & Order at 3, ECF No. 1054. The court also has appointed Colette S. Peters to serve as Receiver, and issued an order approving the Receiver's Action Plan (hereafter Action Plan), ECF No. 8722. In furtherance of the Receivership, the court sets forth the Receiver's duties and powers as follows:

**I.    DUTIES OF THE RECEIVER**

   **A.    Executive Management**

   The Receiver shall provide leadership and executive management of mental health care with the goal of fully implementing the court-approved and court-ordered remedies in this case to

1

provide constitutionally adequate mental health services to all class members as soon as practicable.  To this end, the Receiver shall have the authority and, as necessary, the duty to control, oversee, supervise, and direct all administrative, personnel, financial, accounting, contractual, legal, and other operational functions necessary to the delivery of mental health care to class members.

### B. Implementation of Action Plan

The Receiver will implement the Action Plan approved by the court concurrently with this order.  Consistent with the approved Action Plan, the Receiver shall:

- As soon as possible, implement the Action Plan in a manner that supports the provision of durable, constitutionally adequate mental health care to the *Coleman* class;
- Continue to develop metrics to demonstrate progress in implementing the Action Plan, including developing any new data that is needed to measure progress;
- Continue to work collaboratively with the court-appointed Receiver in *Plata v. Newsom*[1] and the Court Expert in *Armstrong v. Newsom*[2] to promote efficient coordination on issues of mutual interest and concern.

### C. Budgeting and Accounting

The Receiver shall develop a system for periodically reporting to the court on the status of the CDCR's mental health care budget and take all steps necessary to otherwise ensure the transparency and accountability of budget information.

### D. Reporting

In the initial three month period following appointment, the court will initiate check-ins with the Receiver informally on a weekly basis.  Thereafter, beginning January 1, 2026, and until further order of the court the Receiver shall file quarterly reports on the status of implementation of the Action Plan and progress toward remediation.  This reporting shall include information on progress toward the milestones and timelines identified in the Action Plan as well as tracking of

---

[1] Case No. 01-1351 JST (N.D. Cal.)
[2] Case No. C 94-2307 CW (N.D. Cal.)

key metrics once they are identified and data is available. In addition, the Receiver shall timely alert the court to any impediments to progress promptly upon identifying any such impediments.

These quarterly reports shall address: (a) all milestones as they are developed and refined with degree of completion and date of anticipated completion for each milestone, (b) particular problems being faced by the Receiver, including any specific obstacles presented by institutions or individuals, (c) particular successes achieved by the Receiver, (d) an explanation of expenditures for the relevant period, and (e) all other matters deemed appropriate for judicial review. The Receiver shall meet with the court on a quarterly basis shortly following the issuance of each report and shall remain in contact with the court throughout the Receivership on an informal, as-needed, basis.

## II.  POWERS AND AUTHORITIES OF THE RECEIVER

The Receiver shall have all powers necessary to fulfill the above duties under this order, including, but not limited to:

### A.  General Powers

The Receiver shall exercise all powers vested by law in the Secretary of the CDCR as they relate to the administration, control, management, operation, and financing of the CDCR Mental Health Services Delivery System (MHSDS) and provision of mental health services to class members. The Secretary's exercise of the above powers is suspended for the duration of the Receivership; it is expected, however, that the Secretary shall work closely with the Receiver to facilitate the accomplishment of her duties under this order and to ensure that CDCR leadership is well-positioned to retake control of the MHSDS and all functions related to the delivery of mental health services to seriously mentally ill individuals housed in California's prisons at the end of the Receivership.

### B.  Personnel

The Receiver shall have the power to hire, fire, suspend, supervise, promote, transfer, discipline, and take all other personnel actions regarding CDCR and Department of State Hospital (DSH) employees or contract employees who perform services related to the delivery of mental health care services to class members. The Receiver shall have the power to establish personnel

policies and to create, abolish, or transfer positions related to the delivery of mental health care to class members. The Receiver also shall be empowered to negotiate new contracts and to renegotiate existing contracts, including contracts with labor unions, if such action is necessary for the Receiver to fulfill her duties under this order. In the case of CDCR and DSH employees whose job, wholly or in part, is directly involved with the delivery of mental health care to class members but who do not hold positions with an MHSDS classification, the Receiver shall make personnel decisions in consultation and coordination with the *Plata* Receiver, the Secretary of CDCR, or the Director of DSH, as appropriate. All defendants or their agents shall work directly with the Receiver or her designee to resolve such matters promptly.

Notwithstanding this section II.B., the Receiver shall have the power to issue instructions to all CDCR and DSH employees who perform services related to the delivery of mental health care services to class members.

**C.    Property**

The Receiver shall have the power to acquire, dispose of, modernize, repair, and lease property, equipment, and other tangible goods as necessary to carry out her duties under this order.

**D.    Governing State Laws, Regulations, and Contracts**

The Receiver shall make all reasonable efforts to exercise her powers, as described in this order, in a manner consistent with California state laws, regulations, and contracts, including labor contracts. In the event, however, that the Receiver finds that a state law, regulation, contract, or other state action or inaction is clearly preventing the Receiver from developing or implementing a constitutionally adequate mental health care system, or otherwise clearly preventing the Receiver from carrying out her duties as set forth in this order, and that other alternatives are inadequate, the Receiver shall request the court waive the state or contractual requirement that is causing the impediment. Upon receipt of any such request, the court shall determine the appropriate procedures for addressing such requests on a case-by-case basis.

/////

/////

**E.     Access**

The Receiver shall have unlimited access to all records and files (paper or electronic) maintained by the CDCR, including but not limited to all institutional, personnel, financial, and inmate records, as deemed necessary by the Receiver to carry out her duties under this order.

The Receiver shall have unlimited access to all CDCR facilities, as deemed necessary by the Receiver, to carry out her duties under this order. Ordinarily, the Receiver shall attempt to provide reasonable notice when scheduling such visits, but this shall not preclude the Receiver from making unannounced visits to facilities or offices as the Receiver deems necessary to carry out her duties under this order.

The Receiver shall have unlimited access to all adults in custody and to line and managerial staff including the authority to conduct confidential interviews with staff and all adults in custody.

**F.     Immunity and Indemnification**

The Receiver and her staff shall have the status of officers and agents of this court, and as such shall be vested with the same immunities as vest with this court. Additionally, defendants shall indemnify the Receiver and members of her staff to the same extent as defendants are obligated to indemnify the Secretary of the CDCR.

**III.    OFFICE OF THE RECEIVER**

A.    The Receiver shall be paid a reasonable compensation for her services in an amount to be approved by this court in a separate order issued concurrently.

B.    The Receiver shall establish an Office of the Receiver in a location to be determined in consultation with the court, with staffing necessary to fully carry out her duties as set forth in this order. Upon approval from the court, the Receiver shall set reasonable compensation and terms of service for each member of her staff, including employees and/or consultants, and shall be authorized to enter into contracts with the employees or consultants of the Office.

C.    Because time is of the essence, and in order to begin operations immediately, the Receiver, within thirty days of the effective date of her appointment, shall submit a proposed

order to the court authorizing the payment of $1,000,000.00 from the Mental Health Staffing Special Deposit Fund to the Receiver to establish an initial operating fund for the Office of the Receiver.[3] These initial funds shall be deposited in the interest-bearing account as required by section III.E. below.  Authority to direct expenditures from the Special Deposit Fund is transferred generally to the Receiver.  Further funds for the Office of the Receiver shall be deposited into the Receiver's Office Fund Account required by section III.E. below.

    D.  Throughout the Receivership, the Receiver shall include in the reports required by this order an accounting of all receipts and expenditures of the Office of the Receiver and shall arrange for an independent financial audit of the Receiver's Office Fund Account on an annual basis.

    E.  Within thirty days from the effective date of her appointment, the Receiver shall establish an interest-bearing account, with respect to which she shall be the signatory and fiduciary.  This account shall be designated as the Receiver's Office Fund Account and shall be maintained solely for the reasonable and necessary expenses associated with the operation of the Office of the Receiver, including but not limited to salaries, consulting fees, and the costs of supplies, equipment, office space, transportation and travel,[4] and the like.  The Receiver shall arrange with defendants a system for regularly replenishing the Receiver's Office Fund Account.

    F.  Within sixty calendar days of the effective date of her appointment, the Receiver shall establish a budget for the Office of the Receiver's first year of operation.  The Receiver also shall establish a budget for the Office of Receiver for each subsequent year of operation, with

---

[3] The Mental Health Staffing Special Deposit Fund was established for the deposit and expenditure of fines imposed by the court's June 25, 2024 contempt order, ECF No. 8291.  *See* Sept. 6, 2024 Stip. & Order, ECF No. 8388.  As explained in the Order Appointing Receiver, filed at the same time as this order, there is currently an excess of approximately $40,000,000.00 in that fund; this excess allows for the efficient transfer of start-up costs to the Receiver's Office Fund Account without reducing the amount that has accrued in the Mental Health Staffing Special Deposit Fund for ongoing staffing remediation work.

[4] When engaged in travel, the Receiver and her staff shall use their best efforts to contain direct expenses in a cost-effective fashion.  For example, when engaged in necessary travel, the Receiver and her staff shall, when possible, utilize advanced-purchase economy airfares and reasonably priced accommodations.

each such budget due ninety days in advance of each budget year and included in the quarterly report that corresponds to the ninety day advance period required by this section III.F.

**IV.    COSTS**

All costs incurred in the implementation of the policies, plans, and decisions of the Receiver relating to the fulfillment of her duties under this order shall be borne by defendants. Defendants also shall bear all costs of establishing and maintaining the Office of Receiver, including the compensation of the Receiver and her staff.

**V.    LENGTH OF RECEIVERSHIP**

The Receivership shall remain in place no longer than the conditions which justify it make necessary, and shall cease as soon as the court is satisfied and so finds, in consultation with the Receiver, that defendants have the will, capacity, and leadership to maintain a system of providing constitutionally-adequate mental health care services to plaintiff class members.

The Receiver will work closely with defendants in implementing the Action Plan in a manner that supports a seamless transition back to CDCR when the Receivership ends.  As appropriate, throughout the course of the Receivership and in order to facilitate a gradual transfer of power back to the State, the Receiver may recommend that responsibility for portions of the mental health care services system be transferred back to the State.  The Receiver will make such recommendations when she determines the defendants have demonstrated the requisite ability to resume responsibility for those portions of the system and that transfer of that responsibility will not impede implementation of outstanding remedial measures.  Any of the Receiver's recommendations to the court will be supported by facts and data that support her recommendations.

Prior to the cessation of the Receivership, the Receiver shall make a final recommendation to the court, supported by facts and data, to end the Receivership and, as appropriate, terminate this action.

**VI.    COOPERATION**

A. All defendants, and all agents, or persons within the employ, of any defendant in this action (including contract employees), and all persons in concert and participation with them,

1 and all counsel in this action, shall fully cooperate with the Receiver in the discharge of her duties
2 under this order, and shall promptly respond to all inquiries and requests related to compliance
3 with the court's orders in this case. Any such person who interferes with the Receiver's access,
4 as set forth in section II.E. above, or otherwise thwarts or delays the Receiver's performance of
5 her duties under this order, shall be subject to contempt proceedings before this court.

6       B. Counsel for defendants shall ensure that the following state agencies are given prompt
7 notice of the substance of section VI.A.: the Department of Personnel Administration, the
8 Department of General Services, the State Personnel Board, and any other state agencies that
9 defendants deem should be notified. Defendants shall notify the court in writing of their
10 compliance with this section VI.B. within thirty days of the date of this order.

11       C. All defendants shall ensure that all employees and agents (including contract
12 employees) in their respective offices or departments are given prompt notice of the substance of
13 section VI.A. Defendants shall notify the court in writing of their compliance with section VI.B.
14 within thirty days of the date of this order.

15       **VII.   MODIFICATION**
16       This court finds that flexibility will be an important element in ensuring the effectiveness
17 of the Receivership and the prompt resolution of this case. Accordingly, while this order takes
18 effect at the same time the Receivership is established on September 1, 2025, it may be modified
19 as necessary from time to time to assure the success of this Receivership and the eventual return
20 of the operation of the CDCR's mental health care delivery system to the State of California.

21       The parties are granted a period of seven days from the date of this order to file joint or
22 separate requests to amend provisions of this order supported as necessary by citation to relevant
23 facts, portions of the record and legal principles. Each party is limited to five pages to set forth
24 such requests, if any.

25       IT IS SO ORDERED.
26 DATED: August 27, 2025.

                              _____
                              SENIOR UNITED STATES DISTRICT JUDGE