DONALD SPECTER – 083925
STEVEN FAMA – 099641
MARGOT MENDELSON – 268583
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

CLAUDIA CENTER – 158255
DISABILITY RIGHTS EDUCATION
AND DEFENSE FUND, INC.
Ed Roberts Campus
3075 Adeline Street, Suite 210
Berkeley, California 94703-2578
Telephone: (510) 644-2555

MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
LISA ELLS – 243657
JENNY S. YELIN – 273601
THOMAS NOLAN – 169692
MARC J. SHINN-KRANTZ – 312968
ALEXANDER GOURSE – 321631
ADRIENNE PON HARROLD – 326640
BENJAMIN W. HOLSTON – 341439
MAYA E. CAMPBELL – 345180
LUMA KHABBAZ – 351492
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GAVIN NEWSOM, et al., <br><br> Defendants. | Case No. 2:90−CV−00520−KJM−SCR <br><br> **PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS' RESPONSE TO SEPTEMBER 29, 2025 MINUTE ORDER** <br><br> Judge: Hon. Kimberly J. Mueller |

[4765494.1]

Plaintiffs submit this Request for Judicial Notice in support of their portion of the parties' Joint Response to the Court's September 29, 2025 Minute Order (ECF No. 8790). Rule 201 of the Federal Rules of Evidence allows a federal court to take judicial notice of facts that are "not subject to reasonable dispute because" they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Judicial notice is an appropriate mechanism for supplementing the record, and may be taken at any stage in the proceeding. Fed. R. Evid. 201(d).

Consistent with Rule 201, Plaintiffs seek judicial notice of a press release entitled "NEW STUDY: California's Mental Health Care for Incarcerated Individuals Exceeds Key National Standards," which was issued by CDCR less than an hour after the Joint Report was filed today. The press release, a true and correct copy of which is attached hereto as Exhibit A. is posted on CDCR's official website at https://www.cdcr.ca.gov/news/2025/10/06/new-study-californias-mental-health-care-for-incarcerated-individuals-exceeds-key-national-standards/.

Judicial notice is an appropriate mechanism for supplementing the record. The press release was issued after the Joint Report was filed, and the accuracy of the document "cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Courts routinely take judicial notice of documents posted on governmental agencies' official public websites. *See, e.g., See, e.g.*, *Modesto Irrigation Dist. v. Pac. Gas & Elec. Co.*, 61 F. Supp. 2d 1058, 1066 (N.D. Cal. 1999) (taking judicial notice of document posted on agency's website and "readily accessible through the Internet"); *see United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004) (recognizing that the court make take judicial notice of public documents).

The instant press release bears directly on the arguments made in Plaintiffs' portion of the joint filing. The document, which quotes Secretary Macomber, asserts that this Court "appointed a receiver to provide further leadership and executive management of the MHSDS" and touts the Falcon Report's conclusion, inter alia, that CDCR is in "strong compliance with its own policies for providing mental health care – meeting or exceeding

national standards." The document also asserts in bold print in the first line of the release that readers "**need to know**" that "[a]ccording to a multi-year rigorous study, California's delivery of mental health care to the incarcerated population meets or exceeds national standards." These assertions in an official, affirmative public press release underscore Plaintiffs' warning that Defendants plan to use the Falcon Report to undermine the Receivership by attempting to call into question the basic tenets of the remedy she is tasked by this Court to implement expeditiously. It also starkly demonstrates Defendants' willingness to openly and aggressively test the limits of this Court's warning that any efforts on their part to "thwart or delay the Receiver's performance of her duties under this order" will be punishable by civil contempt. *See* Sept. 5, 2025 Amended Order, ECF No. 8765 at 8.

## CERTIFICATION

Plaintiffs' counsel certifies that she reviewed the following orders in preparing this filing: ECF Nos. 8765, 8781.

DATED: October 6, 2025    Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Lisa Ells*
    Lisa Ells

Attorneys for Plaintiffs

[4765494.1]

# EXHIBIT A



[ Back to News Releases      In this section ⌄

News Releases

# NEW STUDY: California's Mental Health Care for Incarcerated

# Individuals Exceeds Key National Standards

---

**OCTOBER 6, 2025**

**WHAT YOU NEED TO KNOW***:* According to a multi-year rigorous study, California's delivery of mental health care to the incarcerated population meets or exceeds national standards.

SACRAMENTO – Continuing to prioritize the delivery and quality of mental health care of the state's incarcerated

population, the California Department of Corrections and Rehabilitation (CDCR) announced the results of a multi-year study that highlights the state's comprehensive policies and clinical performance which meet or exceed national and community standards as well as those of other correctional systems.

"The primary function of CDCR's mental health programs is to ensure incarcerated patients have ready access to mental health services based on their needs – whether long- or short-term," said **CDCR Secretary Jeff Macomber**. "We are focused on their successful reintegration into society when possible, and the safety of our communities."

The report PDF conducted a systemwide study of the Department's Mental Health Services Delivery System (MHSDS) and provided several recommendations, including improving staffing efficiencies, developing a comprehensive operations manual and expanding the use of tele-mental health services.

**Key findings**

A specialized team of 30 experts applied rigorous, multifaceted methodology that scrutinized every essential aspect of mental health care services at 28 CDCR institutions for three years, which determined the following:

- A strong compliance with its own

policies for providing mental healthcare, meeting or exceeding national standards.

- A high quality of care delivery across most facilities, indicating patients receive reasonable care aligned with high clinical standards.
- A community-aligned approach to correctional mental health care that is frequently more rigorous than minimum community and regulatory expectations, meeting and exceeding California's regulatory standards.
- Mental health policies align with or exceed the requirements of most comparison states.
- A suicide prevention program that is more comprehensive than all

comparison states.

- Significantly lower staffing ratios for qualified mental health professionals and psychiatric providers that exceed industry standards and other states, meaning that California provides more staff per incarcerated patient.

**Decades-long improvements in mental health care**

CDCR's statewide mental health program operates under a court order originally issued in 1995 as Coleman v. Wilson. In 1997, the parties reached agreement on a plan to establish the [Mental Health Services Delivery System Program Guide](). The court recently appointed a receiver to provide further leadership and executive

management of the MHSDS.

Contact: CDCR Press Office
OPEC@cdcr.ca.gov

For Immediate Release: Oct. 6, 2025

**‹ PREVIOUS POST**



# Gavin Newsom

California Governor

**Visit Governor's website**



# Jeff Macomber

CDCR Secretary

**Visit Secretary's page**

**CONTACT US**

Accessibility

Conditions of Use

Privacy Policy

Employee Resources

© Copyright 2025 California Department