1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RALPH COLEMAN, et al.,                    No. 2:90-cv-0520 KJM SCR P

12                    Plaintiffs,                ORDER

13         v.

14    GAVIN NEWSOM, et al.,

15                    Defendants.

16

17         By this order the court clarifies the outstanding tasks remaining to complete the transfer of

18    annual suicide reporting to defendants and to bring annual suicide reporting up to date in the

19    record and refers these tasks to the Receiver to be accomplished as part of her Action Plan, in

20    accordance with this order.[1]

21    **I.      BACKGROUND**

22         On July 25, 2022, the court provisionally approved a proposal for the California

23    Department of Corrections and Rehabilitation (CDCR) (hereafter Proposal) to "'assume

24    responsibility for drafting and filing the annual suicide report' that, through calendar year 2020,

---

[1] The Receiver's Action Plan includes suicide prevention and assumption of annual suicide reporting by the California Department of Corrections and Rehabilitation (CDCR) as one of its top three priorities. *See* ECF No. 8722 at 14. Goal 4 of the Action Plan is full implementation of the CDCR's s Suicide Prevention Program, *id.* at 17, 25, and completion of the transition of annual suicide reporting to CDCR is identified as Action 4.1.2, *id.* at 25.

1

1    was prepared and filed by the Special Master and his experts." Dec. 15, 2022 Order at 2, ECF

2    No. 7681.  The Proposal is attached as Appendix A to ECF No. 7574, and a copy is attached to

3    this order.  The court has now twice deferred final approval of the Proposal following defendants'

4    submission of the reports for calendar year  2021 and 2022, respectively.  *See generally* Oct. 25,

5    2024 Order, ECF No. 8441.  The court has also required defendants to file an amended report for

6    calendar years 2021 and 2022.  *Id*.  Defendants filed the amended report for calendar year 2021

7    on January 30, 2023, ECF No. 7710, and the court adopted it on March 7, 2023.  Mar. 7, 2023

8    Order, ECF No. 7754.

9         On June 7, 2024, defendants filed a revised report on annual suicides for calendar year

10    2022.  ECF No. 8264.  Plaintiffs objected to the revised report.  ECF No. 8297.  On October 25,

11    2024, the court ordered the parties to meet and confer under the supervision of the Special Master

12    to resolve ambiguities in the Proposal identified by the court and to "file either an Amended

13    Proposal that clarifies these ambiguities or a joint statement of their respective positions on how

14    the ambiguities should be clarified." ECF No. 8441 at 12.  The court signaled defendants would

15    be required to file a further revised report for calendar year 2022 after the court approved an

16    Amended Proposal resolving those ambiguities and deferred approval of the annual suicide report

17    for calendar year 2022.  *Id*.  The parties filed the joint report on December 23, 2024.  ECF No.

18    8504.  The court has deferred addressing these ambiguities in light of its efforts to identify a

19    receiver.

20         On April 2, 2025, the court appointed a Receiver-nominee for an initial period of four

21    months and directed the Receiver-nominee to develop a proposed Receivership Action Plan.

22    Apr. 2, 2025 Order, ECF No. 8589.  On May 15, 2025, the court referred the issues presented by

23    the parties' December 23, 2024 Joint Statement "to the Receiver-nominee to be addressed in

24    consultation with the Special Master and as appropriate, in the Receivership Action Plan."

25    May 15, 2025 Minute Order, ECF No. 8637.  The Receiver-nominee submitted the Receivership

26    Action Plan on August 1, 2025.  *See* ECF No. 8722.  On August 27, 2025, the court appointed the

27    Receiver effective September 1, 2025, Aug. 27, 2025 Order, ECF No. 8752, and approved the

28    Action Plan with clarifications and instructions, Aug. 27, 2025 Order, ECF No. 8753.

1    **II.    DISCUSSION**

2        **A.    Ambiguities Remaining in Proposal**

3        CDCR's assumption of responsibility for annual suicide reporting is governed in the first

4    instance by the Proposal.  In addition, defendants have committed to including in the annual

5    suicide reports "'a table showing the total number of open and completed QIPs (Quality

6    Improvement Plans) per region. . . .'"  ECF No. 8441 at 7 (internal citation omitted).  In its

7    October 25, 2024 order, the court identified the following ambiguities to be resolved before

8    annual suicide reporting could be finally transitioned to defendants:

9        •        "[W]hether in the annual suicide report defendants must discuss the efficacy of all

10                QIPs issued in response to deaths by suicide during the calendar year reported on

11                or, instead, whether they must discuss the efficacy of QIPs for 'the most common

12                QIP issues' during the calendar year; in the latter case, there is also an ambiguity

13                about how many QIPs must reflect the same issue for the issue to be considered

14                'common.'"

15        •        "[T]he criteria defendants have used to report key determinations regarding the

16                efficacy of the QIP process and implementation status of QIPs, including what

17                constitutes a 'sustainable resolution' of issue(s) presented in QIPs or an adequate

18                description of the methodology defendants use to monitor the efficacy of QIPs .".

19    *Id*. at 8.  The parties' respective positions with respect to these ambiguities are set out in the joint

20    statement filed December 23, 2024, ECF No. 8504.  In Action 4.1.2, the Receiver acknowledges

21    disagreements between the parties over suicide reporting and proposes to recommend a resolution

22    of those disagreements to the court in the context of evaluation of the draft 2025 suicide report.[2]

23    By this order, the Receiver is directed to take all steps required to resolve those disagreements,

24    including seeking any necessary court order, so that the addendum to the 2022 annual suicide

25    report, the 2023 annual suicide report, and any necessary addendum thereto may be filed within

_____

        [2] Annual suicide reports are denominated by the calendar year of completed inmate
suicides covered by the report; *e.g.*, the 2022 Annual Suicide Report covers inmate suicides
completed in calendar year 2022.  Each annual suicide report is, or should be, finished in the year
following the calendar year covered by the report.

the next three months.  Action 4.1.2 of the Receiver's Action Plan is deemed modified in

accordance with this order.

### B.    Outstanding Reports

#### 1.    Calendar Year 2022

Once the above ambiguities are clarified, defendants are required to file a further revised

annual suicide report for calendar year 2022 and, thereafter, an annual suicide report for 2023.  In

addition to the amendments required by resolution of the identified ambiguities, defendants are

required to include the following in the further revised 2022 Report:

- A discussion of the use of restraints before or during emergency responses, *see*
  ECF No. 8441 at 9; and

- A discussion of the role of failure to refer patients to a higher level of care that
  includes specific numbers or percentages of inmate suicides "that reflected
  evidence of failure to refer the inmate to a higher level of care" as well as "the
  number or percentage of inmate suicides in 2022 that included evidence of other
  level of care issues. . . . ," *id*. at 11.

In the joint statement, the parties agree that defendants may provide the required revisions as an

addendum to the Revised 2022 Report.  *See* ECF No. 8504 at 3.

#### 2.    Calendar Year 2023

In the joint statement, the parties represent defendants have already prepared a 2023

annual suicide report and they agree defendants will file that report together with any addendum

required to revise the QIP section in that report.  *See id*.  The Receiver's Action Plan also cites to

the 2023 Annual Suicide Report.  ECF No. 8722 at 12.  Moreover, the Mental Health Reports

page on the California Correctional Health Care Services Website includes Annual Suicide

Reports for 2022, 2023, and 2024.[3]

/////

---

[3] *See* https://cchcs.ca.gov/reports/ (last checked 10/17/2025).

1    **III.    CONCLUSION**

2         The court refers resolution of the ambiguities identified in this order to the Receiver who

3    may, as necessary, seek such additional court orders as may be required to implement such

4    resolution.  The court also refers the matter of filing the required addenda to the Revised 2022

5    Report as well as the 2023 Report and required addenda to the Receiver.  Specifically, the

6    Receiver shall obtain complete resolution of the ambiguities identified in this order, assess the

7    adequacy of the required addenda and the 2023 Annual Suicide Report in light of this order and

8    ensure they are filed within three months from the date of this order.  The Receiver shall take all

9    steps necessary to ensure that the 2024 Annual Suicide Report is amended as necessary to comply

10   with the resolution of the ambiguities identified in this order and filed not later than March 31,

11   2026.  Finally, not later than March 31, 2026, the Receiver shall propose a deadline for the filing

12   of annual suicide reports going forward.  The Action Plan approved by the court, ECF No. 8722,

13   is deemed modified at pages 12-13 by this order.

14        IT IS SO ORDERED.

15   DATED:  October 23, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE