UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No. 2:90-cv-0520 KJM SCR P |
| Plaintiffs, | |
| v. | ORDER |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

On September 8, 2025, the Special Master filed a Report on the Second Re-Audit and Update of Suicide Prevention Practices in the Psychiatric Inpatient Programs (PIPs)[1] prepared by the Special Master's suicide prevention expert Lindsay M. Hayes, M.S., ECF No. 8766 (Report),[2]

---

[1] This series of suicide prevention auditing covers California Medical Facility (CMF-PIP), California Health Care Facility (CHCF-PIP), California Institution for Women (CIW-PIP), San Quentin State Prison (SQ-PIP), and Salinas Valley State Prison (SVSP-PIP).

[2] As the court noted in an earlier order, Mr. Hayes joined the Special Master's team in 2013. *See* Oct. 2, 2013 Order, ECF No. 4857. Prior to that, in 2010, defendants entered into a three-year contract with Mr. Hayes "as a consultant for the express purpose of addressing numerous deficiencies in CDCR's suicide prevention efforts . . . CDCR contracted with Lindsay Hayes so that his experience (more than 25 years) with correctional suicide prevention programs will allow the CDCR to make immediate, short-term, and long-term changes in its suicide prevention program to begin to decrease the overall rate of suicide over the long term . . . and to implement a more effective suicide prevention policy." *Coleman v. Brown*, 938 F. Supp. 2d 955, 978 n.39 (E.D. Cal. 2013) (other alterations omitted). In August 2011, Mr. Hayes delivered one

1

together with Mr. Hayes' Second Re-Audit, ECF No. 8766-1 (hereafter Second Re-Audit). Defendants filed objections to the Report, ECF No. 8775, and plaintiffs filed a response to defendants' objections, ECF No. 8789.

This is the third report on Mr. Hayes' auditing of suicide prevention practices in the CDCR PIPs. The first report was filed October 24, 2022. ECF No. 7636 at 19–21; *see also* ECF No. 7636-1 at 58–72 & App'x B, 296–324.[3] On January 6, 2023, without objection from the parties, the court adopted the first report and ordered defendants to "implement the sixteen recommendations for the development of corrective action plans in CDCR's PIPs" set out in the report and the parties to file "a proposed joint schedule for compliance" with the implementation order. Jan. 6, 2023 Order at 21–22, ECF No. 7696. The parties timely filed the proposed joint schedule. ECF No. 7714. On March 7, 2023, the court approved the joint schedule, ordered defendants "to meet all deadlines in the schedule," and signaled the court would not extend the deadlines "except on a showing of extraordinary cause." Mar. 7, 2023 Order at 2, ECF No. 7754. The schedule required defendants to complete all measures no later than December 31, 2023, with the exception of three implementation steps for construction of retrofitted suicide-resistant cells at Salinas Valley State Prison (SVSP). *See* Ex. A, ECF No. 7714.

On March 1, 2024, the Special Master filed his Report on Mr. Hayes' Re-Audit of Suicide Prevention Practices in the CDCR PIPs, together with Mr. Hayes' Re-Audit. ECF Nos. 8143, 8143-1. That re-audit covered the period from January 9, 2023 through May 25, 2023, ECF No. 8143-1 at 1, and proposed fifteen steps defendants should take to "provide verification" that the original sixteen measures[4] had been implemented, *id.* at 90–91. On November 14, 2024, the court issued an order finding it was nearly a year beyond the December 31, 2023 deadline and that

---

report under that contract; thereafter, CDCR did not contact him again "except to redact his report in order for certain parts to be provided to the Special Master and plaintiffs' counsel." *Id*.

[3] Citations to page numbers in documents filed in the Court's Electronic Case Filing (ECF) system are to the number assigned by ECF located in the upper right hand corner of the page.

[4] The court now refers to these as measures rather than recommendations.

2

"judicial economy is best served by an updated Re-Audit Report by Mr. Hayes to assess whether defendants have now completed the required PIP measures." Nov. 14, 2024 Order at 2, ECF No. 8460. Rather than rule on objections, the court ordered Mr. Hayes to "re-audit the CDCR-PIPs and file a report on the status of defendants' implementation of the sixteen corrective action plans" required by the court's prior orders. *Id*. at 3. The Special Master has now submitted this Report to the court based on that re-audit.

Mr. Hayes conducted the most recent re-audit from January 15, 2025 through March 5, 2025. ECF No. 8766 at 12. While reviewing the Report and the parties' responses, the court raised with the Special Master a question concerning an apparent discrepancy between Mr. Hayes' concluding assessment covering fifteen measures, *see* ECF No. 8766-1 at 40–41, and the original sixteen measures. The Special Master has provided the court with Mr. Hayes' amendment of his report to clarify the discrepancy. That amendment is attached to this order, along with a redlined version to show the edits Mr. Hayes has made. The Special Master also has informed the court that the amendment does not alter Mr. Hayes' finding that defendants are out of compliance with eight required measures. *See* ECF No. 8766-1 at 41-42. The court has independently reviewed the amendment and finds it does not materially alter the substance of Mr. Hayes' Report. Defendants' objections to the Report do not challenge Mr. Hayes' fundamental determination that defendants had not achieved compliance with eight suicide prevention measures required for the PIPs by the first quarter of 2025, when Mr. Hayes conducted his reaudit, and that defendants have presented no evidence they have come into compliance with any of those measures since Mr. Hayes completed his re-audit. The court overrules defendants' objections and finds defendants have not achieved compliance with PIP suicide prevention measures 1, 6, 8, 9, 11, 12, 15, and 16.[5] *See* ECF No. 8766 at 7–8; ECF No. 8766-1 at 41–42.

---

[5] Defendants object that to Mr. Hayes' recommendation that they develop certain corrective action plans (CAPs) for measures they have not yet fully implemented, contending the proposed CAPs go beyond the scope of the original recommendation(s). *See* ECF No. 8775 at 3 (discussing proposed caps for Measures 1 and 9). Defendants do not, however, contest the fundamental finding that they are not in compliance with these measures.

Since Mr. Hayes concluded his most recent re-audit the court has appointed the Receiver in this action, and approved the Receiver Action Plan. *See* ECF Nos. 8765, 8753. The Receiver Action Plan prioritizes full implementation of the suicide prevention measures that are essential to delivery of the remedy in this case. ECF No. 8722 at 12–13, 14, 17, 25. As plaintiffs' counsel noted at the recent special status the court convened on December 11, 2025, ECF No. 8835 (transcript), the occurrence of suicides within CDCR and the *Coleman* class has not abated, reflecting the need for urgent attention and response. Given the Receiver's authority to proceed apace to implement the eight remaining suicide prevention measures and audit implementation of all of the measures Mr. Hayes has recommended over time and the court has approved, the court REFERS the Report to the Receiver with the direction to take all steps necessary to ensure the complete court-ordered suicide prevention remedy is effected promptly.

IT IS SO ORDERED.

DATED: December 18, 2025.

UNITED STATES DISTRICT JUDGE