UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>GAVIN NEWSOM, et al.,<br><br>    Defendants. | No. 2:90-cv-0520 TLN SCR P<br><br>ORDER FOR FURTHER BRIEFING |

On December 19, 2025, the District Judge referred objections to the Special Master's Thirtieth Round Monitoring Report—Part B: Special Master's Monitoring Report on the Inpatient Health Care Programs at the California Department of State Hospitals ("30B Report"), ECF No. 8085, to the undersigned for issuance of findings and recommendations. ECF No. 8839. The undersigned now orders the parties to further meet and confer and file a supplemental joint status report to better specify the disputed issues.

As background, the Special Master filed the 30B Report on December 15, 2023. ECF No. 8085. Defendants filed objections to the 30B Report on January 4, 2024, ECF No. 8106, and plaintiffs filed a response to defendants' objections on January 23, 2024, ECF No. 8117. At a status conference on December 11, 2025, plaintiffs noted the court had not resolved the objections to the report. ECF No. 8839. Thereafter, the District Judge directed the parties to meet and confer and file "a joint statement explaining their current positions regarding the

1

objections they previously submitted to the 30B Report, including whether any party withdraws any objections" and referring any "previously asserted objections" maintained by any party to the undersigned for recommendations regarding their resolution. *Id*. at 2.

Following the referral, after receiving an extension of time, ECF No. 8845, on January 16, 2026, the parties filed the required joint statement (the "Joint Statement"). ECF No. 8851. In the Joint Statement, the parties agree that the issues that were the subject of the court order recommended by the Special Master should be evaluated and reported on by the Receiver "as part of her first audit" of the Department of State Hospitals (DSH) inpatient programs. *Id*. at 2. The parties maintain their previous positions with respect to the Special Master's factual findings as well as their dispute over the standard of review that applies to the court's assessment of those findings. *Id*.

In accordance with the District Judge's December 19, 2025 order, the undersigned is required to address objections to the 30B Report maintained by either party following their court-ordered meet and confer. As noted, in the Joint Statement, the parties agree that "the Receiver should evaluate and report on" the "issues about admissions, staffing vacancies, and group and individual therapy" that are the subject of the court order recommended by the Special Master. ECF No. 8851 at 2. The parties "maintain their positions" with respect to factual findings in the 30B Report. *Id.* In short, it appears that the parties believe the Court should not enter the order recommended by the Special Master, but should adjudicate the disputes over the Special Master's factual findings.

In the 30B Report, the Special Master recommends that the court enter an order directing the following:

> 1. In keeping with patients' needs, and the findings of the UNA study, all defendants shall take all necessary steps to prioritize the identification and referral of all appropriate *Coleman* patients to DSH, eliminate any barriers to their admission to DSH hospitals, and end any underutilization of *Coleman*-designated beds.

> 2. That DSH-Atascadero undertake all necessary steps to comply with the DSH Staffing Plan to reduce its staffing vacancies to no more than ten percent for the disciplines of psychiatry, psychology, social work, and rehabilitation therapy.

      3. That all DSH hospitals take the necessary steps to provide patients with sufficient group and individual therapy.

ECF No. 8085 at 78.[1]  Defendants object to all three components of the recommended order, *see* ECF No. 8106 at, *e.g.*, 4, 8, 13, while plaintiffs request that the court enter the recommended order in its entirety, *see* ECF No. 8117 at, *e.g.*, 4, 9, 15.  After its initial review, the undersigned finds that defendants' objections to the recommended order and plaintiffs' response to those objections largely raised mixed questions of law and fact.  Except for the parties' ongoing dispute over the proper standard of review and defendants' objections to the findings in the 30B Report on suicide risk assessment and prevention, the court cannot readily determine which objections the parties agree are focused exclusively on factual findings and are therefore to be addressed by the undersigned in accordance with the District Judge's December 19, 2025 referral order.

      Accordingly, IT IS HEREBY ORDERED that within fourteen days the parties shall conduct a further meet and confer and file a supplemental joint statement that identifies the specific factual findings that in their view remain subject to dispute, notwithstanding their agreement that the Receiver should evaluate and report on the issues about admissions, staffing vacancies, and group and individual therapy that are the subject of the recommended court order. To do this, as part of the supplemental joint statement, the parties shall submit a chart specifying each disputed fact, citing the page number of the 30B Report in which that fact appears, and briefly setting forth each party's position on such fact.

DATED: February 9, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Citations to page numbers in documents filed in the Court's Electronic Case Filing (ECF) system are to the page numbers assigned by ECF and located in the upper right hand corner of the page.