| | |
|---|---|
| ROB BONTA, State Bar No. 202668<br>Attorney General of California<br>MARISA KIRSCHENBAUER<br>Acting Senior Assistant Attorney General<br>DAMON MCCLAIN, State Bar No. 209508<br>Supervising Deputy Attorney General<br>ELISE OWENS THORN, State Bar No. 145931<br>NAMRATA KOTWANI, State Bar No. 308741<br>Deputy Attorneys General<br>  1300 I Street, Suite 125<br>  P.O. Box 944255<br>  Sacramento, CA 94244-2550<br>  Telephone: (916) 210-7318<br>  Fax: (916) 324-5205<br>  E-mail: Elise.Thorn@doj.ca.gov<br>*Attorneys for Defendants* | HANSON BRIDGETT LLP<br>LAWRENCE M. CIRELLI, SBN 114710<br>PAUL B. MELLO, SBN 179755<br>SAMANTHA D. WOLFF, SBN 240280<br>KAYLEN KADOTANI, SBN 294114<br>DAVID CASARRUBIAS-GONZÁLEZ, SBN 321994<br>MOLLIE H. LEVY, SBN 333744<br>425 Market Street, 26th Floor<br>San Francisco, California 94105<br>Telephone:    415-777-3200<br>Pmello@hansonbridgett.com<br>*Attorneys for Defendants* |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>     Plaintiffs,<br><br>     v.<br><br>GAVIN NEWSOM, et al.<br><br>     Defendants. | Case No. 2:90-cv-0520 TLN SCR<br><br>**PARTIES' SUPPLEMENTAL JOINT STATEMENT IN RESPONSE TO FEBRUARY 9, 2026 ORDER (ECF NO. 8857)**<br><br>Judge:    Hon. Troy L. Nunley |

On February 9, 2026, Magistrate Judge Riordan issued an order requiring the parties to further meet and confer and file a supplemental joint statement identifying the specific factual findings contained in the Special Master's Thirtieth Round Monitoring Report, Part B: Special Master's Monitoring Report on the Inpatient Health Care Programs at the California Department of State Hospitals (30B Report) that remain subject to dispute. ECF No. 8857. The parties have met and conferred and jointly submit the attached chart, which identifies each remaining disputed fact raised in Defendants' objections to the 30B Report (Defendants' Objections), the page number(s) of the 30B Report in which the fact appears, and briefly includes each party's position as to that fact. Defendants note that the basis for their objections to the Report are more fully set

forth in Defendants' Objections (at ECF No. 8106), which also include additional legal objections to the Report. The parties do not waive any of their objections or arguments set forth in ECF Nos. 8106 and 8117, and incorporate those by reference in the accompanying chart. Plaintiffs respectfully request that the Court overrule all of Defendants' remaining objections, as outlined in the chart, and adopt the 30B Report's factual findings in full. Defendants respectfully request that the Court sustain all of their remaining objections, which underpin the Special Master's recommendations. The parties remind the Court that it need not reach the Special Master's three recommendations, pursuant to their agreement that the Court does not need to enter the recommended order given the appointment of the Receiver. ECF No. 8851 at 2.

DATED: February 23, 2026

ROB BONTA
Attorney General of California

By: */s/ Damon McClain*
DAMON MCCLAIN
Supervising Deputy Attorney General
ELISE OWENS THORN
Deputy Attorney General
*Attorneys for Defendants*

DATED: February 23, 2026

HANSON BRIDGETT LLP

By: */s/ Samantha Wolff*
LAWRENCE M. CIRELLI
PAUL B. MELLO
SAMANTHA D. WOLFF
*Attorneys for Defendants*

DATED: February 23, 2026

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Adrienne Harrold*
ADRIENNE HARROLD
*Attorneys for Plaintiffs*

# ATTACHMENT A

| No. | 30th Round Report, Part B (ECF No. 8085) Page No. | Defendants' Disputed Factual Finding | Defendants' Position | Plaintiffs' Position |
|---|---|---|---|---|
| 1. | 13, 78[1] | The DSH Staffing Plan establishes that DSH must maintain no greater than a ten-percent staff vacancy rate. | Defendants dispute this as a factual premise. The DSH Staffing Plan does not establish or require a ten-percent vacancy threshold; references to "90%" are monitoring descriptors, not mandatory standards, and no court order imposes a vacancy cap on DSH comparable to CDCR. ECF No. 8106 at 4-5. | This objection is improper and moot. The Special Master's interpretation of the court-ordered DSH Staffing Plan and related orders involve questions of law, not fact. Further, the Special Master's legal analysis is specific to his recommendation for a court order requiring DSH-ASH to comply with its Staffing Plan, which the parties agreed need not issue at this time due to the Receiver's appointment. *See* ECF No. 8851 at 2; *see also* ECF No. 8085 at 78. Alternately, the Court should overrule the objection because a ten percent vacancy rate is clearly the appropriate threshold under the Plan and other court orders. *See* ECF No. 8117 at 4-9. |
| 2. | 13, 75, 76 | DSH is failing to take appropriate steps to maintain adequate staffing. | Defendants dispute this characterization. DSH is following its Staffing Plan and has taken significant, documented recruitment and retention measures; the Report's conclusion rests on disagreement over standards, not a failure to | Defendants fail to identify any "specific factual finding" to which they object and instead rely on their own characterization of the Report. *See* Feb. 9, 2026 Order, ECF No. 8857 at 3. Regardless, this objection is improper and moot. Defendants' objection is not to a specific factual finding, |

---

[1] Citations to page numbers are to the page numbers assigned by ECF and located in the upper right hand corner of the page.

| No. | 30th Round Report, Part B (ECF No. 8085) Page No. | Defendants' Disputed Factual Finding | Defendants' Position | Plaintiffs' Position |
|---|---|---|---|---|
| | | | take appropriate steps. ECF No. 8106 at 5-8. | but to the Special Master's recommendation for a court order requiring DSH-ASH to comply with its Staffing Plan. *See* ECF No. 8106 at 4, 5-8 (Defendants asserting DSH is "tak[ing] appropriate steps to maintain adequate staffing" and "[c]onsequently, there is no basis for the recommended order"). But the parties already agreed such an order is not necessary at this time due to the Receiver's appointment, rendering their "objection" moot. *See also* ECF No. 8851 at 2. Alternatively, the Court should overrule the objection because Defendants' claimed steps are patently insufficient to meet their staffing obligations given they do not dispute plummeting clinical vacancy rates ranging from 22 to 44 percent. *See* ECF No. 8117 at 8; *see also* ECF No. 8085 at 30. |
| 3. | 15-16, 133-227 | Care for the reviewed patients was inadequate. | Defendants dispute this factual finding. (*See, e.g.*, 30B Report at 15 ("the Special Master's clinical reviews revealed that 22 of 63 or 35 percent of reviewed patients received inadequate treatment"); | The Special Master's finding that 22 of the 63 patients reviewed in the monitoring period (or 35 percent) received inadequate treatment is amply supported by his nationally recognized experts' |

| No. | 30th Round Report, Part B (ECF No. 8085) Page No. | Defendants' Disputed Factual Finding | Defendants' Position | Plaintiffs' Position |
|---|---|---|---|---|
| | | | *see also* Decl. Zollweg Supp. Defs.' Objections (Decl. Zollweg) (ECF No. 8106-3 at ¶¶ 3-6).) The cited case reviews reflect differing clinical opinions rather than demonstrable inadequacy; the Report does not identify objective harm, decompensation, or adverse outcomes attributable to the care provided. ECF No. 8106 at 8-16. | almost 100 pages of detailed analyses for these patients. Defendants failed to raise any specific objections to these case reviews in their comments on the draft Report, in contravention of the Order of Reference's requirements. Their objections to the final Report consist of a cursory discussion of only three patients and fail to establish error even as to those. The Special Master is also correct (at ECF No. 8085 at 15-16) that the absence of decompensation and suffering for the reviewed patients does not indicate that treatment was adequate, especially where patients did not improve or make progress toward treatment goals. *See* ECF No. 8117 at 9-14. |
| 4. | 40 | DSH must provide more individual therapy and the failure to do so means patients are not receiving adequate treatment. | Defendants dispute the Special Master's factual finding that the "lack of individual therapy resulted in some patients not receiving adequate treatment" because it is factually and clinically unsupported. No statute, regulation, Program Guide, or generally accepted standard requires an arbitrary amount of | Defendants grossly misstate the 30B Report. Defendants do not dispute that "DSH-Atascadero and DSH-Coalinga did not routinely utilize individual treatment with *Coleman* patients." ECF No. 8085 at 40. Defendants dispute only the finding that "[t]his lack of individual therapy resulted in |

| No. | 30th Round Report, Part B (ECF No. 8085) Page No. | Defendants' Disputed Factual Finding | Defendants' Position | Plaintiffs' Position |
|---|---|---|---|---|
| | | | individual therapy for patients; individual therapy is provided when clinically indicated, and its absence does not, by itself, establish inadequate care. ECF No. 8106 at 8-16. | some patients not receiving adequate treatment." *Id.* Contrary to Defendants' assertion, the Report does not say that the absence of individual treatment "by itself" establishes inadequate care. The Special Master clarified "that the lack of individual therapy resulted in *some* patients not receiving adequate treatment," based on his experts' highly-individualized case reviews. ECF No. 8085 at 16. The Program Guide and DSH's standards provide that DSH is required to provide individual therapy based on clinical need, and Defendants failed to support their cursory opinions that the patients in question did not require individual therapy. *See* ECF No. 8117 at 11-14. |
| 5. | 39 | DSH-Atascadero and DSH-Patton provided inadequate treatment based on data reported by DSH. | Defendants dispute the Special Master's factual finding that the "the number of offered hours of group treatment [at DSH-Atascadero and DSH-Patton] was inadequate for an inpatient care program." ECF No. 8085 at 39; *see also* Decl. Janine Wallace at ECF No. 8106-4. The Report | It is undisputed that DSH-Atascadero and DSH-Patton provide less group treatment than what is required under DSH's standards and court orders. The Special Master already considered and incorporated into his final Report supplemental data provided by |

| No. | 30th Round Report, Part B (ECF No. 8085) Page No. | Defendants' Disputed Factual Finding | Defendants' Position | Plaintiffs' Position |
|---|---|---|---|---|
|  |  |  | fails to account for the full scope of treatment offered (including supplemental groups and unit-based services) and relies on incomplete or misinterpreted data; when all reported services are considered, treatment levels were adequate. ECF No. 8106 at 9-16. | Defendants, which did not alter his finding that levels of offered structured group therapy are inadequate. See ECF No. 8085 at 14-15. Defendants' vague list of supplemental groups and other offerings are also unpersuasive. See ECF No. 8117 at 9-11. |
| 6. | 50 | The lack of DSH behavioral treatment plans for *Coleman* class members means the treatment is inadequate. | Defendants dispute the Report's criticism that all *Coleman* class members do not have behavioral treatment plans. ECF No. 8085 at 50. While Plaintiffs argue that the Special Master never expressly stated that every patient must have a treatment plan, the Report contains the heading "Other Treatment Issues" and states, immediately below that heading, that "[o]nly one hospital patient had a behavioral plan during the review period." *Id.* There is no requirement that every patient have a behavioral treatment plan; such plans are used when clinically indicated, and their absence does not equate to inadequate treatment. ECF No. 8106 at 16. | Defendants grossly misstate the 30B Report. Defendants cite the page of the Report finding only one patient had a behavioral plan during the review period. ECF No. 8085 at 50. Defendants do not dispute this finding. Rather, Defendants object to any inference that the lack of a behavioral plan alone "equate[s] to inadequate treatment." But the Special Master never said this – the 30B Report even expressly states "the Special Master does not seek for *every* patient to have a behavior plan." ECF No. 8085 at 16. Rather, the Special Master has historically monitored the use of behavioral plans, and Defendants agree such plans should be available for patients for whom they are clinically |

| No. | 30th Round Report, Part B (ECF No. 8085) Page No. | Defendants' Disputed Factual Finding | Defendants' Position | Plaintiffs' Position |
|---|---|---|---|---|
| | | | | indicated. See ECF No. 8117 at 17. |
| 7. | 59-63, 16-17 | Three cases summarized in the Report involved an inadequate assessment of suicide risk. | Defendants dispute the Special Master's factual finding that three cases (Patients B, D, & Y) involved an inadequate suicide risk assessment. ECF No. 8085 at 16-17, 59-60. Defendants simply requested that the Special Master provide additional factual information to support this finding, but the Special Master declined to do so. *Id*. at 16-17; *see also* ECF No. 8106 at 16. | Defendants' comments on the draft Report and filed objections never clarified *which* three cases they were referencing. See ECF No. 8085-1 at 14 (comments); ECF No. 8106 at 16 (objections); *see also* ECF No. 8117 at 17 n.4 (Plaintiffs explaining Defendants have not identified the three cases). Defendants' belated attempt, for the first time in this chart, to clarify the exact cases is improper. Such unspecific, shifting objections violate the Order of Reference and should be dismissed out of hand. The Report (at ECF No. 8085 at 16-17) also correctly explains that the adequacy of a suicide risk assessment is not determined solely by whether the patient later attempts to kill themselves. See ECF No. 8117 at 17-18. |
| 8. | 17-18, 78 | The reduction in the number of referrals to DSH, and the fact that many patients referred to inpatient care require a higher LRH than unlocked dorms, demonstrate that DSH has not taken necessary steps to | Defendants dispute the Special Master's factual finding that "DSH is [not] taking all necessary and required steps under current policies to prioritize the identification and referral of all appropriate *Coleman* patients to | This objection is improper and moot. Defendants' objection is not to a "specific factual finding," ECF No. 8857 at 3, but to the Special Master's recommendation for a court order requiring Defendants to |

| No. | 30th Round Report, Part B (ECF No. 8085) Page No. | Defendants' Disputed Factual Finding | Defendants' Position | Plaintiffs' Position |
|---|---|---|---|---|
| | | prioritize the identification and referral of all appropriate *Coleman* patients to DSH, to eliminate any barriers to their admission to DSH hospitals, and to end any underutilization of Coleman-designated beds. | DSH," that there is an underutilization of DSH beds, and that "all necessary steps have not previously been taken to increase admissions to DSH." ECF No. 8085 at 17-18. DSH and CDCR follow established referral and admission policies; low census and LRH mismatches do not establish a failure by DSH to take necessary steps or the existence of improper barriers to admission. ECF No. 8106 at 16-18; ECF No. 8016-3 (Decl. Zollweg) at 3-4. | prioritize the identification and referral of *Coleman* patients to DSH, among other steps. *See* ECF No. 8085 at 78; ECF No. 8106 at 16-18 ("Defendants objected to this recommendation because DSH is already taking all necessary and required steps under current policies…."). In light of the parties' agreement that the Court need not enter such an order, the Court does not need to determine whether Defendants are already taking all necessary steps. *See* ECF No. 8851 at 2. Alternatively, the Court should overrule the objection because the record demonstrates CDCR and DSH refused to take appropriate steps to reduce barriers to admission, especially during the Report's review period in which the *Coleman* census at DSH-ASH was at an all-time low. *See* ECF No. 8117 at 15-17. |