UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No. 2:90-cv-0520 TLN SCR P |
| Plaintiffs, | ORDER |
| v. | |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

As required by court order, (ECF No. 8874 (March 26, 20206 Order)), on May 1, 2026, the Receiver filed her Proposed Resolution of Annual Suicide Report Issues and Proposed Reporting Schedule.  (ECF No. 8890.)  The Receiver also requests clarification of her role in filing annual suicide reports going forward.  (*Id*. at 3.)  For the reasons explained below, the Receiver's proposals are approved and the Court provides the requested clarification.

I.      BACKGROUND

On July 25, 2022, the Court adopted in full the California Department of Corrections and Rehabilitation's (CDCR) proposal (hereafter "CDCR Proposal") (ECF No. 7574 at 13-15), for transitioning responsibility for preparation and filing of annual suicide reports from the Office of the Special Master (OSM) to the CDCR Defendants, subject to the provisional approval process set out in the proposal.  (ECF No. 7592 at 2 (July 25, 2022 Order)).  The CDCR proposal provided the Special Master would recommend whether it should become final within thirty days

1

after the Court adopted the 2021 Annual Suicide Report. (ECF No. 7574 at 15.) The Court deferred giving final approval to the CDCR proposal following Defendants' filing of the 2021 and 2022 annual reports, and instead required Defendants to file amended reports for those years. (*See* ECF No. 8801 at 2 (October 24, 2025 Order)). The Court approved the amended 2021 annual suicide report. (*See id*.) Following Defendants' filing of the 2022 annual suicide report, the Court determined CDCR's Proposal would need to be amended to clarify identified ambiguities, and it deferred adoption of the amended 2022 annual suicide report pending the parties' filing of a joint report concerning resolution of the identified ambiguities. (*See id*.) Thereafter, the Court deferred further action on the report filed by the parties pending its appointment of a receiver. (*See id*.)

Following appointment of the Receiver, on October 24, 2025, the Court directed the Receiver to take all steps necessary to resolve outstanding disagreements between the parties over ambiguities identified in the order and to enable timely filing of an addendum to the amended 2022 annual suicide report as well as the 2023 annual suicide report and any required addendum to that report. (*Id*. at 3-4.) On December 29, 2025, the Court referred to the Receiver all outstanding tasks previously referred to the Special Master and dissolved the Office of the Special Master effective January 30, 2026. (*See generally* ECF No. 8846 (December 29, 2025 Order)). On March 26, 2026, the Court granted the Receiver an extension of time to May 1, 2026 to fulfill the requirements of the October 24, 2025 order. (ECF No. 8874 (March 26, 2026 Order)).

II.      DISCUSSION

A.  Receiver's Revised Proposal for Annual Suicide Reporting

The Receiver's Revised Proposal for Annual Suicide Reporting (Revised Proposal) is Attachment A to her  May 1, 2026 filing. (ECF No. 8890-1 at 2-5.) As the Receiver explains, she

> facilitated substantive agreement between the parties regarding the contours of the revised proposal, including the resolution of the two outstanding issues. Those two issues are addressed by a new proposal to conduct a multi-year analysis of all QIP issues, rather than only "common issues," and to initiate a statewide performance improvement program that uses a standardized method of analyzing and prioritizing QIP issues for improvement projects based on their scope and risk of harm. See

2

Appendix A at 3, n.5. The revised proposal provides the Parties with continued opportunities to comment on annual report drafts, which the Receiver will work with Statewide Mental Health Program (SMHP) to draft and finalize.

(ECF No. 8890 at 2.)

The Revised Proposal resolves the outstanding issues identified in the Court's October 24, 2025 order and the parties agree with its substance.  It supersedes the CDCR Proposal (ECF No. 7574 at 13-15) in full.  The Court therefore APPROVES the Revised Proposal (ECF No. 8890-1 at 2-5).

> B.   Amendment to Court Orders

The Receiver requests amendment of the October 24, 2025 order to eliminate any requirement that the addenda for the 2022 and 2023 reports include analyses of the efficacy of QIPs issued in each calendar year, given that the new proposal calls for "a multi-year look-back as part of the QIP analysis" and this multi-year analysis for 2022 and 2023 "will be included in the 2024 annual suicide report, which is currently being drafted and refined."  (ECF No. 8890 at 2-3.)  That will be the order of the Court.

The Receiver also requests clarification of the Court's expectation as to her role in filing annual suicide reports going forward.  As noted above, the CDCR Proposal was intended to effect transition of the filing of annual suicide reports from the OSM to Defendants.  As the Receiver explains,

> [g]iven that [she] now supervises the Statewide Mental Health Program staff responsible for drafting the annual suicide report, the revised proposal describes the Receiver's role as working with those staff on future draft reports, facilitating the stakeholder commenting process, and determining how to implement those comments.

(ECF No. 8890 at 3.)  In view of the Receiver's role in the Revised Proposal, the court clarifies that the Receiver shall file the required addendum to the 2022 annual suicide report, the 2023 annual suicide report and any required addendum thereto, and, until further order of the Court, all future annual suicide reports in accordance with the schedule she proposes and which the Court adopts below.  This order supersedes all prior orders directing Defendants to file annual suicide reports.

C.   Schedule for Filing Outstanding and Future Annual Suicide Reports

The Receiver proposes the required addendum to the 2022 annual suicide report and the 2023 annual suicide report and any necessary addendum thereto be filed within one month from the date of this order.  The Receiver proposes the 2024 annual suicide report be sent to the parties on June 1, 2026 and filed in final form on September 1, 2026; the 2025 annual suicide report be sent to the parties on August 15, 2026 and filed in final form on October 15, 2026, and that thereafter each annual suicide report be sent to the parties by July 1 of the year following the reporting year and filed in final form by September 1.  That will be the order of the Court.

In accordance with the above, IT IS HEREBY ORDERED that:

1.   The Receiver's Revised Proposal for Annual Suicide Reporting (ECF No. 8890-1 at 2-5) is APPROVED and supersedes in full the CDCR Proposal, (ECF No. 7574 at 13-15).

2.   Neither the addendum for the 2022 annual suicide report nor the 2023 annual suicide report and any addendum thereto need include analyses of the efficacy of QIPs issued in the respective individual calendar years reported on.  The October 24, 2025 Order (ECF No. 8801) is deemed amended accordingly.

3.   The Receiver shall file the required addendum to the 2022 annual suicide report, the 2023 annual suicide report and any required addendum thereto, and, until further order of the Court, all future annual suicide reports in accordance with the schedule set out below.  This order supersedes all prior orders directing Defendants to file annual suicide reports.

4.   The Receiver shall file the required addendum to the 2022 annual suicide report and the 2023 annual suicide report and any necessary addendum within one month from the date of this order.

5.   The Receiver shall send the 2024 annual suicide report to the parties on June 1, 2026 and file that report in final form on September 1, 2026.

6.   The Receiver shall send the 2025 annual suicide report to the parties on August 15, 2026 and file that report in final form on October 15, 2026;

4

7. Beginning with the 2026 annual suicide report and continuing thereafter until further order of the Court, each annual suicide report be sent to the parties by July 1 of the year following the reporting year and filed in final form by September 1.

Dated: June 3, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

5